# LAST WILL AND TESTAMENT

OF

## ROBERT R. MCCORMICK

DATED DECEMBER 18, 1954

AND

## CODICIL

DATED JANUARY 4, 1955

TWENTIETH CENTURY PRESS, INC., CHICAGO 6

FOUN0017058

I, ROBERT R. McCORMICK, of Du Page County, Illinois, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all testamentary dispositions heretofore made by me:

ARTICLE FIRST—*Claims and Expenses.*

I direct my Executors to pay promptly all of my just debts and funeral expenses and the costs of administration of my estate, and to carry out or settle all my obligations honorably, liberally and without undue regard to technicalities.

ARTICLE SECOND—*Inheritance and Estate Taxes.*

I direct my Executors to pay out of my residuary estate as a part of the expense of administration all inheritance, estate, transfer and succession taxes, including, in the discretion of my Executors, interest and penalties thereon, assessed by reason of my death on any property or interest included in my gross estate for tax purposes. I hereby waive, on behalf of my estate, any right to recover from any person any part of such inheritance or estate taxes so paid.

ARTICLE THIRD—*Acquittance.*

I give to all natural persons full quittance of all debts owed to me, except those incurred in connection with purchase from me of real property or of shares or of beneficial interests in shares of stock of the Tribune Company. I direct that all written evidences of the debts so released be delivered up and cancelled.

— Page one
Robert R. McCormick

ARTICLE FOURTH—*Goods and Chattels.*

I give and bequeath:

I. To my wife, MARYLAND McCORMICK, such of my jewelry, clothing and other personal effects, not hereinafter specifically bequeathed, as she shall wish to retain or dispose of.

II. To my Executors, for distribution among my friends, any and all jewelry, clothing and other personal effects not retained or disposed of by my wife and not herein specifically bequeathed.

Ⓩ

III. To my cousin, BROOKS McCORMICK, the cuff-links bought by my father in Paris on September 4, 1870. These cuff-links are to be delivered by BROOKS McCORMICK to his eldest son at such time as he believes his son old enough to appreciate and preserve them.

IV. To the ART INSTITUTE OF CHICAGO the portrait of my mother by Helleu.

V. To the UNITED STATES OF AMERICA the portrait of my father, ROBERT S. McCORMICK, to be hung in the United States Embassy in Paris, France. I direct my Executors to defray the expenses of transporting said portrait to the Embassy.

VI. To my Trustees hereinafter named all other family portraits, including the portrait of my grandfather, JOSEPH MEDILL, of my great-uncle, WILLIAM MEDILL, the other portrait of my mother and all portraits of myself.

VII. To my Trustees hereinafter named, but subject to the use and occupancy by my wife provided for in ARTICLE EIGHTH, all household furniture and furnishings, books, pictures, manuscripts, guns, library on freedom of speech and of the press and on military matters, paintings, statues, medals, family photographs, army commissions, military decorations, silverware, heirlooms, family effects and any and all other property of like character not hereinabove disposed of.

## ARTICLE FIFTH—*Money Bequests.*

I. If my wife, MARYLAND McCORMICK, survives me, I give and bequeath the sum of One Million Dollars ($1,000,000) to my Executors hereinafter named and their successors, as Trustees, to be held and disposed of by said Trustees as a separate trust in the manner following:

My Trustees shall disburse said sum of One Million Dollars ($1,000,000) to my wife in ten (10) annual installments of One Hundred Thousand Dollars ($100,000) each, the first installment to be paid as of the date of my death and the succeeding installments of One Hundred Thousand Dollars ($100,000) each to be paid on each anniversary thereafter. In case my wife shall survive me but shall die before having received all ten (10) of the annual

— Page two
Robert R. McCormic

installments, my Trustees shall pay or cause to be paid to her personal representatives the balance of said sum of One Million Dollars ($1,000,000).

My Trustees shall hold said sum of One Million Dollars ($1,000,000) uninvested unless my wife desires it to be invested and shall so direct my Trustees in writing. If said sum is invested, my Trustees shall pay to my wife, in addition to the said installment of corpus each year, any income received during that year less any costs, fees and expenses incurred during that year. Any loss incurred by reason of such investment of said sum shall be borne by my wife and any installments payable to her as herein provided shall be reduced accordingly.

In making investments of the undistributed balance from time to time in the hands of my Trustees, my Trustees shall have the powers of investment and management hereinafter set forth in my Will with respect to the residue of my estate.

II. I give and bequeath the sum of One Thousand Dollars ($1,000.00) for each full year of employment to each of the persons who shall be in my employ at the time of my death and who shall, in the course of their employment, have worked at my Wheaton or Chicago residences, less any advances to him or her as the same may be reflected in my books of account. My Executors shall have final determination of the persons entitled thereto and the amount for each person; provided, however, that none of such persons shall receive an amount in excess of Five Thousand Dollars ($5,000.00).

III. I give and bequeath the sum of One Thousand Dollars ($1,000.00) for each full year of employment by the Tribune Company to each of the persons (other than Genevieve L. Burke for whom I have provided by advances and other means) who at the time of my death or retirement shall be acting as my secretaries, provided, however, that neither Dorothy Murray nor Bess Vydra shall receive less than the sum of Ten Thousand Dollars ($10,000.00). Except as otherwise ex-

— Page three
Robert R. McCormick

⟨3⟩

installments, my Trustees shall pay or cause to be paid to her personal representatives the balance of said sum of One Million Dollars ($1,000,000).

My Trustees shall hold said sum of One Million Dollars ($1,000,000) uninvested unless my wife desires it to be invested and shall so direct my Trustees in writing. If said sum is invested, my Trustees shall pay to my wife, in addition to the said installment of corpus each year, any income received during that year less any costs, fees and expenses incurred during that year. Any loss incurred by reason of such investment of said sum shall be borne by my wife and any installments payable to her as herein provided shall be reduced accordingly.

In making investments of the undistributed balance from time to time in the hands of my Trustees, my Trustees shall have the powers of investment and management hereinafter set forth in my Will with respect to the residue of my estate.

II.  I give and bequeath the sum of One Thousand Dollars ($1,000.00) for each full year of employment to each of the persons who shall be in my employ at the time of my death and who shall, in the course of their employment, have worked at my Wheaton or Chicago residences, less any advances to him or her as the same may be reflected in my books of account. My Executors shall have final determination of the persons entitled thereto and the amount for each person; provided, however, that none of such persons shall receive an amount in excess of Five Thousand Dollars ($5,000.00).

III.  I give and bequeath the sum of One Thousand Dollars ($1,000.00) for each full year of employment by the Tribune Company to each of the persons (other than Genevieve L. Burke for whom I have provided by advances and other means) who at the time of my death or retirement shall be acting as my secretaries, provided, however, that neither DOROTHY MURRAY nor BESS VYDRA shall receive less than the sum of Ten Thousand Dollars ($10,000.00). Except as otherwise ex-

—Page three
Robert R. McCormick

FOUN0017061

4

pressly provided, my Executors shall have final determination of the persons entitled thereto and the amount each is to receive.

IV.  I give and bequeath the sum of One Thousand Dollars ($1,000.00), as a token of the esteem and affection in which I hold them for faithful service to the Tribune Company and loyal co-operation with me, to each of the following persons who shall survive me:

E. M. ANTRIM
JOSEPH ATOR
ELSTON BRADFIELD
W. J. BYRNES
R. D. CAHN
C. M. CAMPBELL
KEITH B. CAPRON
JAMES A. COTEY
ALFRED COWLES
THOMAS BRYANT FRASER
H. F. GRUMHAUS
SAUL N. HERSHENHORN
JOE HOUGH
C. B. JAMES
A. M. KENNEDY
WALTER C. KURZ
G. J. LANE
WILLIAM A. LARSON
HENRY D. LLOYD, JR.
J. L. MALONEY
W. D. MAXWELL
EDWARD MCGRAW
CHESTER E. MCKITTRICK
GEORGE E. MORGENSTERN
CARY ORR
S. D. OWEN
J. W. PARK
JOSEPH PARRISH.

FOUN0017062

5

LOUIS ROSE

STANLEY BERNARD ROSE

ARTHUR SCHMON

FRANK SCHREIBER

H. A. SEWELL

C. S. SMUTNEY

LEON STOLZ

JAMES VALLILLEE

THEODORE R. VAN DELLEN

HENRY WEBER

CARL J. WIEGMAN

J. HOWARD WOOD

— Page four
Robert R. McCormick

V. I give and bequeath the sum of One Thousand Dollars ($1,000.00) to each of the following of my friends and former partners in the practice of law, who shall survive me: WEYMOUTH KIRKLAND, JOSEPH B. FLEMING, DWIGHT P. GREEN and WILLIS D. NANCE. HOWARD ELLIS is omitted because he has been my lawyer in drafting this Will.

VI. I give and bequeath the sum of One Thousand Dollars ($1,000.00) to my old friend, THOMAS R. GOWENLOCK, if he shall survive me.

VII. I give and bequeath the sum of One Thousand Dollars ($1,000.00) to my relative, ISABELLE MORRIS, of San Antonio, Texas, if she shall survive me.

VIII. I give and bequeath the sum of One Thousand Dollars ($1,000.00) to my former employee, EMIL HAWKINSON, if he shall survive me.

## ARTICLE SIXTH—*Cooperative Apartment.*

If I shall own the same at the time of my death, I give and bequeath to my wife, MARYLAND McCORMICK, if she survives me, all of my shares in the 209 Lake Shore Drive Building Corporation and the proprietary lease from said Corporation to me covering the apartment now occupied by me.



ARTICLE SEVENTH—*Burial Ground and Memorial.*

I. I give, devise and bequeath to my Trustees hereinafter named and to their successors an acre of my farm near Wheaton, Illinois, which shall include the grave of my deceased wife, Amy I. McCormick, already consecrated by the Bishop of the Protestant Episcopal Church as a burial ground and set apart from all common uses. I also give, devise and bequeath to my Trustees hereinafter named a perpetual right of access to said acre of land. My Trustees are hereby given full power and authority in their discretion to determine the boundaries of said acre of land and the perpetual easement for right of access thereto. My Trustees shall permit to be buried there my wife and my brother Medill. — Page five
Robert R. McC

II. If during my lifetime I shall not have erected upon said burial ground a memorial structure and shall not have established and improved the easement for ingress and egress, I give and bequeath to my Trustees hereinafter named the sum of One Hundred Sixty Thousand Dollars ($160,000.00) and I direct my Trustees to erect or cause to be erected on said burial ground a suitable memorial structure, preferably in accordance with the plans and specifications which I have already approved, the cost of which shall in no event exceed the sum of One Hundred Fifty Thousand Dollars ($150,000.00). I also direct my Trustees to establish and improve the easement for ingress and egress and convey said burial ground and easement to the Bishop of the Protestant Episcopal Church in the Diocese of Chicago and his successors in office, a corporation sole. Both the erection of the memorial and said conveyance shall be made by my Trustees within five (5) years from and after the date of my death.

Any portion of said sum of One Hundred Sixty Thousand Dollars ($160,000.00) hereinabove bequeathed to my Trustees for the erection of the memorial structure and the improvement of the said easement which is not used for the purposes specified shall be paid over by said Trustees to the Robert R. McCormick Charitable Trust hereinafter provided for.

III. If I shall not have paid over and established said fund in my lifetime, I give and bequeath the sum of One Hundred Thousand Dollars ($100,000.00) to the CHICAGO TITLE AND TRUST COMPANY, as Trustee, for the perpetual and permanent improvement, maintenance or repair, care and preservation of the burial lots, the memorial structure and the easement hereinabove pro-

FOUN0017064



vided for as said Trustee shall in its sole discretion determine. Said Trustee shall pay excess income at the end of each calendar year to my Trustees under the Robert R. McCormick Charitable Trust hereinafter provided for, for the uses and purposes provided for under said Trust. Said Trustee shall have all of the powers of sale, investment and management herein given and granted to the Trustees under the Robert R. McCormick Charitable Trust.

IV.  In the event of the resignation or refusal to act of the Chicago Title and Trust Company (or any other corporate successor Trustee) as Trustee of this memorial fund, my Trustees appointed in ARTICLE ELEVENTH hereof shall appoint a successor corporate Trustee in its place and stead by instrument in writing duly accepted by such successor Trustee.  No such successor Trustee so appointed shall be required to demand or enforce any accounting of the trust hereby created against the prior Trustee, and upon such succession the successor Trustee shall be accountable only for such assets as come into its possession, and such successor Trustee shall not be liable for any of the acts or doings of any prior Trustee or Trustees. Any corporate Trustee of this memorial fund shall receive reasonable compensation for its services.

— Page six
Robert R. McCormick

## ARTICLE EIGHTH—*Cantigny.*

I give, devise and bequeath to my Trustees the sum of One Million Dollars ($1,000,000) in cash or investments and my farm near Wheaton, Illinois, being all of the land standing in my name lying South of Roosevelt Road, East of Warrenville and Winfield Road and lying Northwesterly of the Warrenville and Wheaton Road, and all of the buildings and improvements located thereon, livestock, implements and all other property upon or pertaining to the farm and buildings, which together with the furniture and household goods and effects, and all of my guns, portraits, paintings, pictures, statues, medals, army commissions, manuscripts and books wherever located, and particularly my library on freedom of speech and of the press and on military matters, and such other of those articles bequeathed to them in ARTICLE FOURTH hereof as my Trustees may deem suitable, shall be held in trust in per-

— Page seven
Robert R. McCormick

(8)

petuity as a separate trust for the following uses and purposes, but subject to the right of personal occupancy of my residence upon said farm and the land itself by my wife, as provided in Section X of this ARTICLE EIGHTH.

I.   This trust shall continue perpetually and shall be known as "Cantigny" in commemoration of the first American major victory in the World War.  I direct my Trustees to preserve in the main hall the citation of my regiment and division at Cantigny and my address at the dedication of the Cantigny Monument.

II.   My Trustees, out of the income from the trust estate shall care for, maintain and keep in good repair and condition the land and buildings and all other property pertaining thereto as a public park and museum for the recreation, instruction and welfare of the people of the State of Illinois.

III.   My Trustees shall transport from my other residences to my residence upon this property the portraits herein bequeathed to them, all of my guns, all of my library on freedom of speech and of the press and on military affairs, and such of the paintings, statutes, pictures, medals, manuscripts, other books and items as they, in their sole discretion, may deem suitable, disposing of the remainder as they shall see fit by sale or by gift to public libraries or historical societies, or both.

IV.   My Trustees shall maintain in good condition and augment from time to time the library on freedom of speech and of the press and on military science.  They shall afford students, scholars, lawyers and members of the public access to the library, under suitable working conditions.  They may provide for books to be loaned upon terms assuring proper care and due return.

V.   It is my desire that the museum and landscaped grounds be at all times under the personal care of a gentlewoman with executive ability and social grace, but subject to the supervision of my Trustees.

— Page eight
Robert R. McCor...

My Trustees shall have full discretion in the matter of the selection of the person, preferably favorably known to me, to fill this position, with full power to remove any person selected by them and to appoint another in her stead.  I desire and so direct that whosoever is occupying this position shall, during the entire period of her occupancy, have the right and privilege to live rent free in a portion of the premises not open to the public and to receive as

FOUN0017066

⑨

compensation from this trust fund reasonable compensation which, at this time, I consider to be the sum of Ten Thousand Dollars ($10,000.00) per annum.

VI.  My Trustees shall have power to insure the buildings and other improvements; to construct new improvements and rebuild any buildings; to purchase furniture, household goods and effects, livestock, equipment, implements or other property which they may deem necessary; to use such portion of the corpus of the maintenance fund as they shall consider necessary or expedient if the income from all sources shall be insufficient for such purposes; and to employ such labor as they may deem necessary for the cultivation and maintenance of the land and buildings.  They shall not be required to operate the same as a farming enterprise if they deem it advisable not to do so.

VII.  If the expenditures made by my Trustees in the operation or maintenance of the land shall during any year be less than the net income, my Trustees, in their uncontrolled discretion, may retain the excess income to establish a reasonable reserve for succeeding years, or may apply such excess income or a part thereof to replace any portion of the corpus of the maintenance fund theretofore used by my Trustees in the maintenance of the land and buildings.  My Trustees shall not be required to use any such excess income to establish reserves or to replenish the maintenance fund, but my Trustees, in their uncontrolled discretion, may pay over any part or all of such excess income to the Robert R. McCormick Charitable Trust hereinafter provided for.

VIII.  My Trustees shall have full power to sell, mortgage, pledge, exchange or otherwise deal with the land and buildings, furniture, household goods and effects, livestock, implements, equipment and other property upon or pertaining thereto, or any portion of such property; provided, however, that none of the real estate itself shall be sold, exchanged or mortgaged except for the purpose of paying taxes, if any; to repair, construct or alter buildings or improvements; to demolish any old wooden buildings which no longer serve any —Page nine

Robert R. McCormic‹

useful purpose; subject to the restriction stated above, to deal with said property in any manner in which it would be lawful for a person owning the same to deal with it.  Without in any way restricting the powers or authorities of my Trustees, I express the hope that the buildings will be preserved because of their historical interest and that all landscape improvements will be maintained

FOUN0017067

⑨

compensation from this trust fund reasonable compensation which, at this time, I consider to be the sum of Ten Thousand Dollars ($10,000.00) per annum.

VI. My Trustees shall have power to insure the buildings and other improvements; to construct new improvements and rebuild any buildings; to purchase furniture, household goods and effects, livestock, equipment, implements or other property which they may deem necessary; to use such portion of the corpus of the maintenance fund as they shall consider necessary or expedient if the income from all sources shall be insufficient for such purposes; and to employ such labor as they may deem necessary for the cultivation and maintenance of the land and buildings. They shall not be required to operate the same as a farming enterprise if they deem it advisable not to do so.

VII. If the expenditures made by my Trustees in the operation or maintenance of the land shall during any year be less than the net income, my Trustees, in their uncontrolled discretion, may retain the excess income to establish a reasonable reserve for succeeding years, or may apply such excess income or a part thereof to replace any portion of the corpus of the maintenance fund theretofore used by my Trustees in the maintenance of the land and buildings. My Trustees shall not be required to use any such excess income to establish reserves or to replenish the maintenance fund, but my Trustees, in their uncontrolled discretion, may pay over any part or all of such excess income to the Robert R. McCormick Charitable Trust hereinafter provided for.

VIII. My Trustees shall have full power to sell, mortgage, pledge, exchange or otherwise deal with the land and buildings, furniture, household goods and effects, livestock, implements, equipment and other property upon or pertaining thereto, or any portion of such property; provided, however, that none of the real estate itself shall be sold, exchanged or mortgaged except for the purpose of paying taxes, if any; to repair, construct or alter buildings or improvements; to demolish any old wooden buildings which no longer serve any useful purpose; subject to the restriction stated above, to deal with said property in any manner in which it would be lawful for a person owning the same to deal with it. Without in any way restricting the powers or authorities of my Trustees, I express the hope that the buildings will be preserved because of their historical interest and that all landscape improvements will be maintained

— Page nine
Robert R. McCormick

in the state in which they exist at my death, but my Trustees may construct additional facilities for public enjoyment. My Trustees are directed to permit members of the public to visit and inspect said property under such conditions as my Trustees deem it advisable to impose for the purpose of preventing damage thereto.

IX.  My Trustees in the administration of this trust shall have all of the powers of sale, investment and management hereinafter granted to the Trustees under the Robert R. McCormick Charitable Trust.

X.  Provided my wife shall give my Trustees notice thereof within ninety (90) days from the date of my death, she shall have the right personally to occupy rent free my residence and all of the land described in this ARTICLE EIGHTH of my Will, or my residence and the grounds and gardens immediately adjacent thereto, for and during her lifetime. If she elects to occupy my residence and all of the land in this Article referred to, she shall have the right to operate the farm personally or through tenant farmers, keeping for her own and exclusive use the net income therefrom. If, however, she elects to occupy only my residence and the grounds and gardens immediately adjacent thereto, she shall not have any right to operate the farm either personally or through tenant farmers. All insurance premiums, general real estate taxes, special assessments and personal property taxes, together with the cost of upkeep, maintenance and repairs of the buildings and grounds and chattel property used in connection therewith shall be paid by my wife; provided, however, that if she elects to occupy only my residence and the grounds immediately adjacent thereto, my Trustees shall make appropriate arrangements with her respecting the portion of insurance premiums, general real estate taxes, special assessments and personal property taxes and the cost of upkeep, maintenance and repairs of the buildings and grounds to be paid by my wife. The decision of my Trustees respecting the proper proportion of said items to be paid by my wife shall be final and binding and subject to question by no one,

— Page ten
Robert R. McCormick

but my Trustees shall make every effort to arrive at a fair proration of said items. I hereby vest in my Trustees the broadest discretion to prorate taxes and expenses upon relinquishment of occupancy of said property by my wife, whether by reason of her death or her voluntary vacation or abandonment of said property. I am mindful that my wife will occupy said property for only a

(11)

part of each year and any temporary absence from said property shall not be construed as an abandonment. Nevertheless, I give to my Trustees absolute power and authority to determine whether or not a failure to occupy said property by my wife constitutes an abandonment by her. I also give to my Trustees full power and authority to declare a forfeiture of the occupancy of said property by my wife in the event she fails to keep the same properly insured or fails to pay any of the other items of taxes, costs and expenses hereinabove specified.

Upon thirty (30) days' prior written notice to the Trustees, my wife shall have the right to relinquish her occupancy of the premises occupied by her under this Section X whereupon all liabilities of my wife under this Section X shall cease and determine as of the expiration of said thirty (30) day period.

## ARTICLE NINTH—*Residuum.*

I give, devise, bequeath and appoint to my Trustees hereinafter named and to their successors, as Trustees, all of the rest, residue and remainder of my property and estate, real, personal and mixed, of every kind and description and wheresoever situated, of which I may die seized or possessed or in which I shall own any interest or over which I may have any power of appointment or other disposition at the time of my death, including lapsed legacies and devices and including, without limiting the generality of the foregoing, my entire beneficial interest in and to the trust sometimes known as the "McCormick-Patterson Trust," created by a certain Trust Agreement dated May 5, 1932, between Joseph Medill Patterson and me, as Parties of the First Part, and Eleanor Patterson, as Party of the Second Part, and the various agreements supple-      — Page eleven
mentary thereto and amendatory thereof, to have and to hold in trust      Robert R. McCormic
in perpetuity for the following uses and purposes:

I. *Annuities.* Subject to the provisions hereinafter in this Section I contained, my Trustees shall pay, or in their discretion cause to be paid through the purchase of suitable annuity contracts, the following annuities:

A. In case my wife, MARYLAND McCORMICK, shall be living at the expiration of the tenth year following the date of

my death, my Trustees shall pay (or cause to be paid in the manner aforesaid) to her for and during her lifetime the sum of One Hundred Thousand Dollars ($100,000.00) per annum and at that rate for any fraction of a year, commencing as of the expiration of said tenth year, said sum to be paid in such installments as may be requested by my wife, but not less often than quarter-annually.

B.  To my relative, Isabelle Morris, of San Antonio, Texas, the sum of Six Hundred Dollars ($600.00) per annum for and during her lifetime, in equal monthly installments commencing as of the date of my death.

Each of the foregoing annuities shall, upon the death of the annuitant, be prorated for that annuity year to the first day of the month next following the date of death of such annuitant.

I direct that the annuities hereinabove provided for be paid out of current income, and, accordingly, I direct that at the end of each calendar year all income not required to pay the expenses of administration of the trusts, fees and the annuities, shall become a part of the Robert R. McCormick Charitable Trust provided for in Section II following and thereafter shall be used by the Trustees only for the purposes therein provided for and shall not be used for the payment of annuities or any part thereof in any other year. In case, however, there shall be a deficiency in current income in any calendar year, such deficiency shall be paid from the corpus of the trust estate. It is my intent, and I so direct, that any and all capital gains which may be realized shall thereafter be held as a part of the Robert R. McCormick Charitable Trust.

I further direct that no reserve of net income be created for the purpose of paying the annuity to                              — Page twelve
my wife as provided in subparagraph A above; only income earned              Robert R. Mc
during the calendar year in which the annuity to my wife commences shall be used for the payment of the annuity for that year. A deficiency of income for that year, if any, shall be paid from corpus.

All payments on account of the annuities provided for above shall be made to the annuitants in person or upon their personal receipts or may, at the Trustees' discretion, be deposited in any bank to the credit of such annuitants in any account carried in the annuitants' names, and shall not be transferable or otherwise

(13)

assignable in anticipation of payment thereof in whole or in part by the voluntary or involuntary acts of such annuitants or by operation of law and shall not be subject to any obligation of such annuitants or to the claim of any creditor whatsoever.

In this Will I have made ample provision for my wife in fulfillment not only of our ante-nuptial agreement but also of her expressed wishes and desires. The provisions made for her in ARTICLES FIFTH and NINTH of this Will are hereby declared to be fulfillment of our ante-nuptial agreement and to be in lieu of widow's award, dower, homestead and any and all other statutory rights, claims and demands to which she might be entitled as my widow.

II.—*Robert R. McCormick Charitable Trust.* All income and corpus of this residuary trust estate not required for the payment of annuities provided for in Section I of this ARTICLE NINTH, shall be set apart by my Trustees as a separate trust fund to be known as the "Robert R. McCormick Charitable Trust" for religious, charitable, scientific, literary or educational purposes or for the prevention of cruelty to children or animals, (as defined in Section 642(c), (501(c)(3), 170 and 2055 of the Internal Revenue Code of 1954) within the State of Illinois or within any other State having similar inheritance tax exemptions for such purposes or having reciprocal laws with respect thereto.

I direct my Trustees to pay over, apply and distribute the net income from this Trust in such amounts as the Trustees shall from time to time in their sole discretion determine, but only for the purposes specified. Any amount of income not paid over and applied in any year shall permanently be set aside for such purposes by my Trustees. My Trustees may, if they deem it appropriate and advantageous, establish from time to time one or more not-for-profit corporate Foundations to carry out any of the foregoing purposes and they may pay over to such Foundation or Foundations when so established (and when qualified as tax exempt Foundations under Section 501(c)(3) of the Internal Revenue Code of 1954), or to any not-for-profit corporations established by me in my lifetime under the laws of the State of Illinois such sum or sums as they shall from time to time determine, including the right to pay over and distribute to any one or more of such Foundations the entire corpus of this charitable trust. Any Foundation so established by my Trustees or by me may be discontinued and liquidated in whatsoever manner my Trustees may

— Page thirteen
Robert R. McCormick



determine proper except that all corpus and income shall always be applied for the purposes herein specified.

Without restricting the power and authority of my Trustees, it is my hope that my Trustees will use a portion of the income for the purposes enumerated below; provided, however, that my Trustees shall not use any of the income or corpus for any purpose for which a deduction is not allowable for Federal income and estate tax purposes under the Sections 170, 642(c) and 2055 of the Internal Revenue Code of 1954 above referred to:

    A.   To aid my employees and retired employees, the employees and retired employees of the Tribune Company and its subsidiaries, and members of the families of such employees and retired employees who are residents of the State of Illinois and who by reason of sickness, disability or unemployment are needy or in distress;

    B.   To educate or aid in the education of worthy and deserving children of my former employees, of employees and retired employees of the Tribune Company and subsidiaries who are residents of the State of Illinois and who are not financially able to educate themselves without undue hardship upon themselves and their families;

    C.   To aid indigent widows and children of officers and ex-officers of the United States Army, who are residents of Illinois, by gifts or donations to the Army Relief Society or some similar charitable agency or by payments directly to individuals in need of such aid;

— Page fourteen
Robert R. McC

    D.   To encourage and promote the education of the people of the State of Illinois in the principles of the Constitution of the United States of America, and particularly in the principles of freedom of speech and of the press, and to assist in repelling any attacks upon the right of freedom of speech and freedom of the press by providing educational opportunities for the study of the growth and importance of these principles and by gifts or donations to particular non-profit educational organizations enjoying a tax exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954; provided, however, that no gift, donation or assistance shall be afforded any organization if any part of the activities of such organization is carrying on propaganda or otherwise attempting to influence legislation and that the Trustees, themselves, shall

FOUN0017072

(15)

not engage in carrying on propaganda or otherwise attempting to influence legislation;

E. To endow free beds in the Passavant Hospital, of Chicago, Illinois, and to provide said hospital with funds for the treatment of indigent sick or injured persons, for scientific research, and for the purchase of newly developed equipment to care for the sick and decrease their suffering;

F. To provide annually, not to exceed Two Thousand Dollars ($2,000.00), toward tuition and expenses at the Citadel, Charleston, South Carolina, for each of two deserving and needy boys who are residents of Illinois and preferably sons of army men. The selection of the boys shall be solely within the discretion of the Academy, but I request that the decision shall be based not alone on scholarship but also on character, needs, and promise. It is my hope that the officials of the Academy will consult with my Trustees in the matter of this selection, but such consultation is not required.

G. To aid by gifts, donations or otherwise the United Charities of Chicago and Northwestern University; and non-sectarian charitable institutions of Illinois engaged in giving aid to children or indigent adults; but before making any such gift or donation the Trustees shall investigate and be satisfied that such purpose will be honestly and economically carried on.

— Page fifteen
Robert R. McCormick

III.—*Definition of Tribune Company.* Whenever the term "Tribune Company" is used in this Will, such term shall, unless the context otherwise requires, mean the Tribune Company, an Illinois corporation, and any corporation into which said Tribune Company may merge or with which it may become consolidated or to which it may transfer its business of publishing the Chicago Daily Tribune, the Chicago Sunday Tribune or any successor of said newspapers; and the term "subsidiary" shall mean any corporation of which the Tribune Company, as hereinabove defined, at the time owns or controls, directly or indirectly, fifty-one per cent (51%) or more of the voting shares, and any corporation of which any subsidiary of the Tribune Company at the time owns or controls, directly or indirectly, fifty-one per cent (51%) or more of the voting shares.

IV.—*Sale of Tribune Stock and of Other Property.* Subject



to the use and occupancy thereof by my wife as hereinabove speci-
fied, my Trustees shall, within twenty (20) years after my death
or as soon thereafter as possible dispose of my real estate located
in the Town of Ocean Ridge, State of Florida. My Trustees may,
at any time after my death and they shall, prior to the expiration
of the twentieth year after the death of the survivor of my wife,
MARYLAND McCORMICK, my wife's daughters, ALICE ARNOLD HOOPER
and ANNE HOOPER WARNER, RUTH McCORMICK MILLER TANKERSLEY,
GENEVIEVE L. BURKE, ISABELLE MORRIS, JOSEPH MEDILL PATTERSON
REEVE, son of Josephine Patterson Reeve Albright, ADRIANNE
MARK, daughter of Elinor Patterson Mark Baker, MARK McCOR-
MICK MILLER and KRISTIE ELIZABETH MILLER, son and daughter of
Ruth McCormick Miller Tankersley, THOMAS R. GOWENLOCK, JR.,
son of Thomas R. Gowenlock, and ARTHUR A. SCHMON II and
ROBERT McCORMICK SCHMON, JR., grandchildren of Arthur Schmon,
hereinafter referred to as "named lives in being," sell all shares of
stock of the Tribune Company and all the beneficial interest in and
to said McCormick-Patterson Trust, and in and to any other trust·
the principal of which consists in whole or in part of stock of the
Tribune Company or of a direct or indirect interest in such stock,
which may be a part of the trust estate. Such stock, or any portion
thereof, and such beneficial interest, or any portion thereof, shall
be sold at such times, at such prices, upon such terms and to such
persons or corporations as my Trustees may deem suitable, fair,
just and proper. I express the hope that such stock
and such beneficial interest may be sold to purchasers who under-
stand and value the ideals and principles which have guided me
during the period of my management of the Tribune Company
and that the terms of sale shall be fair but liberal as to credit and
security; provided, however, that credit shall not be extended
beyond, and all payments therefor shall be made before, the ex-
piration of the twentieth year after the death of the survivor of
said named lives in being, and that my Trustees shall (not) be
guided solely by the best offered price in making a sale but also
by the other terms and by the qualifications of the purchaser or
purchasers. Any of my Trustees may purchase any portion or
all of such stock or such beneficial interest, or both, for his in-
dividual account in the same manner and to the same extent as
if he had never been a Trustee hereunder, provided his Co-Trustees
shall approve of the terms of such purchase and shall secure court
approval or ratification thereof. Without limiting the generality of
the foregoing, my Trustees may sell any stock of the Tribune Com-

— Page sixteen
Robert R. McCo·

(17)

pany, or any beneficial interest in the McCormick-Patterson Trust or any other trust, or both, to any employee or employees of the Tribune Company or of any subsidiary of which I have had direct supervision, and may accept in payment of the purchase price the promissory note of such employee purchaser, payable in installments over a period of as much as ten (10) years' time, secured by a pledge of that portion of the beneficial interest in the trust known as the "Tribune-News Employees Trust" (created by a certain Trust Agreement dated as of March 10, 1937, by and between Ivan Annenberg, Elbert M. Antrim, John W. Barnhart and others, as from time to time amended and supplemented), which may be acquired by such employee purchaser by the transfer to that trust of the stock or beneficial interest so purchased.

V.—*Trustees' Powers.* Subject to express directions in this Will pertaining to particular assets of my estate, my Trustees hereinafter named and their successors as Trustees, shall have the following powers and authorities, in addition to any powers and authorities hereinabove granted to them and in addition to, not in limitation of, the usual powers of trustees:

A. To sell at public or private sale for cash or credit and to exchange, lease for any period of time not exceeding ninety-nine (99) years (and such leases may contain options to purchase), mortgage or pledge any property, real or personal, at any time constituting a part of the trust estate upon such terms and conditions as my Trustees shall deem best; to borrow money and execute such notes as may be required; to improve, manage, protect, subdivide and partition any real property and to dedicate parks, streets, highways or alleys and to vacate any subdivision and resubdivide the real property or any part thereof. The purchasers of any of said property shall not be required to see to the application of the purchase moneys paid to said Trustees. Any persons dealing with my Trustees shall not be required to see that the terms of this trust are complied with.

B. To retain and continue to hold as a part of the trust estate any property or investment owned by me at the date of my death, including, without limiting the generality of the foregoing, any stock of the Tribune Company or any beneficial interest in the McCormick-Patterson Trust or in any other

— Page seventeen
Robert R. McCorn



trust, without liability for depreciation or loss occasioned by doing so.

C. To invest and reinvest any money at any time in the trust estate in such stocks, bonds, notes, real estate mortgages or other investments, or in any other property, real or personal, as my Trustees may deem wise, without being limited by any statute or rule of law regarding investments by trustees, and without regard to whether or not any investment may be disproportionate in amount. Until the sale of all stock of the Tribune Company and beneficial interests therein as provided in Section IV of ARTICLE NINTH, my Trustees are specifically empowered to invest and reinvest in stocks, bonds or other securities of the Tribune Company or its subsidiaries, but after such time my Trustees are specifically forbidden to invest or reinvest in stocks, bonds or other securities of the Tribune Company or of any subsidiary of the Tribune Company, or in beneficial interests therein, or to hold the same as assets in the trust estate.

D. To vote in person or by proxy at any meeting of the stockholders of any corporation the stock of which shall be a part of the trust estate on any question whatsoever coming before such meeting.

     — Page eighteen
        Robert R. McCom

E. To enter into any voting trust agreement or other trust agreement with other stockholders of the Tribune Company which has for its purpose the unified and stable control of the Tribune Company.

F. To cause any property which may at any time constitute a part of the trust estate to be issued, held or registered in their own names, without disclosing a fiduciary relationship, in their names as Trustees, in the name of their nominee, or in such other form that title will pass by delivery.

G. To consent to the reorganization, merger, consolidation, readjustment of the financial structure, or sale of the assets, of any corporation or other organization the investments in which constitute a part of the trust estate, and to take any action with reference to such investments which in the opinion of my Trustees is necessary to obtain the benefit of any such reorganization, merger, consolidation, readjustment or sale; to exercise any conversion privileges or subscription rights given to them as the owners of any invest-



ment constituting a part of the trust estate; to accept and hold as a part of the trust estate the investments resulting from any such reorganization, merger, consolidation, readjustment, sale, conversion or subscription.

H. To employ such agents and attorneys as may be necessary or desirable for the proper administration of the trust estate.

I. To secure the advice of legal counsel and the opinion of such counsel, in writing, shall be full protection to my Trustees for anything suffered or done or omitted to be done by them in good faith and in accordance with such opinion.

J. To pay all taxes, assessments, costs, expenses and charges arising in connection with the administration of the trust estate, including reasonable compensation to counsel and agents for my Trustees, and to determine whether such payments shall be charged against corpus or income.

K. To open such bank accounts as may be required with such bank or banks as they shall choose without liability for any loss which may be occasioned thereby; to authorize withdrawals from such accounts upon such signature or signatures as they shall in writing designate.

— Page nineteen
Robert R. McCormick

L. To determine what is income and what is corpus hereunder, and their decision thereon shall be final; provided, however, that: (1) in the case of securities purchased at a discount, the entire subsequent sale price or maturity value shall be credited to corpus; (2) in the case of bonds and notes purchased at a premium, my Trustees may or may not, as they shall determine, charge the premium immediately against income without amortizing the same; and (3) any stock dividend or subscription right which may be declared upon or issued in connection with any stock constituting a part of the trust estate shall be considered as corpus and not as income.

M. To do all other acts in their judgment necessary or desirable for the proper and advantageous management, investment and distribution of the trust estate.

VI.—*Majority Action:* The action of a majority of my Trustees, and any act or instrument executed by a majority of my Trustees at any time acting hereunder, shall be considered the action, act or instrument of all of my Trustees. My Trustees shall

20

not be liable for the acts and doings of any agent or representative selected with reasonable care, and no Trustee shall be responsible for the acts and doings of any other Trustee, but each Trustee shall be liable only for his own wilful default and neglect. Any Trustee may, by power of attorney signed by him, authorize any other Trustee or Trustees to execute any deed or other writing requiring execution by my Trustees, or to perform any act in his behalf as Trustee, which he himself might perform if personally present; but I expect each Trustee to form his own judgment in consultation with his Co-Trustees on every matter requiring the exercise of discretion.

VII.—*Situs of Trust.* The trusts created by this Will shall be administered in the State of Illinois, and the Circuit and Superior Courts of Cook County shall have jurisdiction over said trusts. The office of said trust shall be in Chicago, Illinois, and any and all meetings of my Trustees shall be held in said City.

— Page twenty
Robert R. McC

### ARTICLE TENTH—*Trustees and Successors.*

I.  I hereby appoint Arthur Schmon, Chesser M. Campbell, W. D. Maxwell, J. Howard Wood and Stewart D. Owen as Trustees of the trusts established under this Will (except the trusts established under Section I of Article Fifth and Section III of Article Seventh hereof), and H. F. Grumhaus and Walter C. Kurz as Successor Trustees, to act and succeed in the order named. I direct that there shall be five (5) Trustees acting until the sale (provided for in Section IV of Article Ninth) of the shares of the Tribune Company and all of the beneficial interests in and to said McCormick-Patterson Trust and in and to any other trust the corpus of which consists in whole or in part of shares of the Tribune Company or of a direct or indirect interest in such shares which may be a part of the trust estate. When any vacancy or vacancies in the office of Trustees shall occur, it or they shall be forthwith filled by one or more of said Successor Trustees. When a vacancy in the office of Trustee occurs after all Successor Trustees herein appointed by me shall have become Trustees or shall have refused or become unable to act as Trustees, the remaining Trustees or Trustee shall, within six (6) months after the vacancy shall have occurred, by instrument in writing, appoint as Successor Trustee or Trustees a suitable person or persons who shall reside in the State of Illinois.

II.  It is my wish that my grandnephew, Mark McCormick

FOUN0017078



MILLER, who I hope may carry on the great newspaper tradition of Joseph Medill, be given an opportunity to be employed on the staff of the Chicago Tribune if he so desires, and that my Trustees give such assistance to him in procuring such employment as they shall deem advisable. Having in mind my nephew's possible employment on the staff of the Chicago Tribune, it is my wish that my Trustees, in filling any vacancy occurring after my nephew attains the age of twenty-one (21) years, give consideration to his appointment as a Successor Trustee, provided, of course, he shall in their judgment be qualified to act as a Successor Trustee hereunder. I make no similar provision herein for JAMES PATTERSON, son of my late cousin, Joseph Medill Patterson, because his future in the newspaper tradition of our family has been provided for by his father.

— Page twenty-one
Robert R. McCormick

III. In case the remaining Trustees or Trustee shall fail to fill any vacancy within six (6) months after the vacancy shall have occurred, the Judge of the United States District Court for the Northern District of Illinois, Eastern Division, having the oldest commission, may at any time prior to the filling of such vacancy by said remaining Trustees or Trustee, appoint to the vacancy by an instrument in writing, a suitable person as successor, who shall be a resident of the State of Illinois. No Trustee shall continue to act after he shall have attained the age of seventy-five (75) years, except those who shall become Trustees by virtue of Section VI of this ARTICLE TENTH.

No Trustee shall be appointed under this Will, nor shall any acting Trustee continue to act, if he shall be employed in any manner by or be a director of any person, firm, corporation or association engaged in any activity competitive in any manner whatsoever with the business and activities of the Tribune Company or any of its subsidiaries.

IV. The persons named or appointed as Trustees in this Will, (except my Executors who are designated as Trustees in Section I of ARTICLE FIFTH hereof and the corporate Trustee under Sections III and IV of ARTICLE SEVENTH) shall, until the sale (provided for in Section IV of ARTICLE NINTH) of all the shares of the Tribune Company and all the beneficial interests in and to said McCormick-Patterson Trust and in and to any other trust the corpus of which shall consist in whole or in part of shares of the Tribune Company or a direct or indirect interest in such shares which may be a part of the trust estate, receive from this trust



estate reasonable compensation for their services for and while administering the affairs of the trusts established under this Will. Said compensation shall be shared equally by the Trustees unless they shall decide upon some other division of said compensation based upon the responsibilities assumed, duties performed and services rendered.

V. I have designated the persons named above as Trustees and Successor Trustees because their very long association with me has given them especial knowledge of the ideals and principles which have guided me in the management of the Tribune Company. I believe all of my named Trustees and Successors are especially well qualified to exercise control over any stock or beneficial interest in stock in the Tribune Company which may from time to time be part of the trust estate and

— Page twenty-two
Robert R. Mc(

I have like confidence that Successor Trustees to be appointed as provided herein will be persons of like ability and judgment with like understanding of my ideals and principles. In view of the personal supervision and responsibility required of each of the Trustees especially with respect to the management of my interests and the interests they may acquire in stock of the Tribune Company, and the fact that the value of the trust estate will in large part depend upon their farsighted participation in the affairs of the Tribune Company, it is my desire that my Trustees or any court which may review the matter be liberal in fixing the reasonable compensation herein referred to, and I urge my Trustees in all events to accept the compensation herein provided for them. In the event any one shall contend that the compensation fixed by my Trustees is unreasonably high, I authorize my Trustees or any person interested to apply at any time to a court to fix a reasonable compensation, which amount so fixed shall be accepted by them as and for their compensation unless subsequently altered by such court.

VI. Upon the sale (provided for in Section IV of ARTICLE NINTH) of the shares of the Tribune Company and all the beneficial interests in and to said McCormick-Patterson Trust and in and to any other trust the corpus of which consists in whole or in part of shares of the Tribune Company or of a direct or indirect interest in such shares which may be a part of the trust estate, the persons then acting as Trustees or Successor Trustees shall cease to be the Trustees (unless they shall qualify or be appointed as in this Section provided), and thereafter the persons from time to

(23)

time acting as directors of the Tribune Company shall be the Trustees of all the trusts created by this Will, except the trust created by Section III of ARTICLE SEVENTH. If any of said directors shall resign, refuse or be unable to act as a Trustee, the remaining directors shall, nevertheless, be entitled to act as Trustees hereunder. If at any time such remaining directors shall be less than three (3) in number, or if the Tribune Company as defined above shall not be in existence, the Judge of the United States District Court for the Northern District of Illinois, Eastern Division, having the oldest commission, shall appoint by instrument in writing such resident or residents of the State of Illinois as he may deem proper to act as Trustee or Trustees, with such remaining directors, if any.

While my Trustees serving under this Section may charge and pay to themselves reasonable compensation, it is my hope that they will waive compensation inasmuch as they, unlike my original Trustees, will not be burdened with the voting and disposition of my Tribune Company stock.

—Page twenty-three
Robert E. McCormick

VII.   Each Successor Trustee named herein or appointed as herein provided, shall be vested with all of the rights, titles, powers, privileges, discretions and immunities granted to the original Trustees. I direct that no bond shall be required of any Trustee serving under this Will.

VIII.   Any Trustee at any time acting hereunder may resign on thirty (30) days' notice by an instrument in writing, addressed and delivered to the remaining Trustees. A vacancy in the office of Trustees hereunder shall be deemed to have occurred upon the expiration of the thirty (30) days' notice of resignation or upon the death, refusal or inability to act of any Trustee. No Successor Trustee at any time herein or otherwise appointed shall be required to demand or enforce any accounting of the trusts hereby created against the prior Trustees, or their executors or administrators, and upon such succession, the Successor Trustee shall be accountable only for such assets as come into his possession, and such Successor Trustee shall not be liable for any of the acts or doings of any prior Trustee or Trustees hereunder.

IX.   No person dealing with the Trustees need inquire as to the authority of the Trustees or any of them to act. The Trustees may, however, file from time to time with the Recorder of Deeds for Cook County, Illinois, a certificate setting forth the names of



the Trustees at the time acting and any person dealing with the Trustees may wholly rely upon such certificates or photostatic copy thereof certified by the Trustees.

X.  I have not appointed as Trustee my friend and adviser, WEYMOUTH KIRKLAND, because he is older than I; nor my friend and business associate, LOUIS H. ROSE, because his age is near to mine.

### ARTICLE ELEVENTH—*Executors and Successors.*

I.  I hereby nominate and appoint CHESSER M. CAMPBELL, J. HOWARD WOOD and W. D. MAXWELL Executors of this, my Last Will and Testament. In the event of the death, resignation, refusal or inability to act of any Executor the remaining Executors or Executor shall act. In the event of the death, resignation, refusal or inability to act of all of said Executors, I hereby nominate and appoint as Successor Executor hereunder THE FIRST NATIONAL BANK OF CHICAGO. I direct that no surety be required upon the bond of said individual Executors.

— Page twenty-four
Robert R. McC

II.  I hereby give to said Executors full power and authority, without any order of court: to borrow money and give security therefor; to sell, mortgage, pledge, exchange or otherwise deal with or dispose of the property, real or personal, comprising my estate, upon such terms as they shall deem best; provided, however, that neither my Executors nor any administrator with this Will annexed shall have any power or authority to sell or otherwise dispose of my shares in the Tribune Company or of my beneficial interest in and to said McCormick-Patterson Trust and in and to any other trust the corpus of which consists in whole or in part of shares of the Tribune Company or of a direct or indirect interest in such shares unless such sale or other disposition is necessary for the payment of taxes, legacies and/or administration expenses; to file joint income or gift tax returns without any personal liability whatsoever, any and all personal liability being hereby waived; to settle and compound any and all claims in favor of or against my estate; to settle and to compromise any and all Federal estate taxes or deficiencies or Illinois inheritance taxes; and to compromise the valuations of any properties in connection with the adjustment of any so-called death taxes. The decision of my Executors respecting any such settlement of any claims in favor of or against my estate or respecting the compromise of any Federal estate or inheritance taxes or valuations of property in connection therewith shall be subject to question by no one. For any of the foregoing purposes,

FOUN0017082



I expressly authorize and empower my Executors to make, execute and deliver any and all deeds, contracts, mortgages, bills of sale or other instruments necessary and desirable therefor.

III.   Except as hereinabove restricted, during the period of administration of my estate, the Executors hereof or any administrator with this Will annexed duly appointed are given the same powers given to my Trustees and are expressly authorized and empowered as such to join with the Trustees in the exercise of all powers given the Trustees hereunder.

IV.   In the event of the merger, consolidation, reorganization or change of name of The First National Bank of Chicago, or the sale of its assets, the institution resulting from such action or so acquiring the assets of said bank shall act hereunder in the place and stead of The First National Bank of Chicago.

— Page twenty-five
Robert R. McCormick

## ARTICLE TWELFTH.

All income payable to and collected by my Executors during the period of administration of my estate, except that part of it used to pay (a) interest on tax deficiencies and money borrowed and personal property taxes, if any, and (b) the annuity provided for in paragraph B of Section I of ARTICLE NINTH hereof, shall be permanently set apart and distributed by my Executors to my Trustees of the Robert R. McCormick Charitable Trust created by Section II of ARTICLE NINTH hereof.

In Witness Whereof, I have hereunto set my hand and seal to this, my Last Will and Testament, consisting of twenty-six (26) type-written pages, on the margin of each of which (except this page) I have affixed my signature for better identification, this 18th day of December, 1954.

Robert R. McCormick        (Seal)

We, the undersigned, hereby certify that the foregoing instrument was on the day of the date thereof, signed, sealed, published and declared by the said Robert R. McCormick, the Testator, as and for his Last Will and Testament in the presence of us who, in his presence and in the presence of each other, have, at his request, hereunto subscribed our names as witnesses of the execution thereof this 18th day



of December, 1954, and we hereby certify that at the time of the execution hereof we believe said Testator to be of sound and disposing mind and memory.

Alfred W. Nieland residing at 401 S. Emerson st.
Mount Prospect, Ill.

William D. Murphy residing at 5743 Kimbark Ave. S.
Chicago 37, Illinois

Frank J. Pasterz residing at 2329 N. Latrobe Ave.
Chicago, Illinois          — Page twenty-six
Robert R. McC



I, ROBERT R. McCORMICK, of Du Page County, Illinois, being of sound mind and memory, do hereby make, publish and declare this First Codicil to my Last Will and Testament dated the 18th day of December, 1954.

E. S. H.
TDA
T. F. S.

FIRST: I hereby add the following new paragraph C to Section I of ARTICLE NINTH of my said Last Will and Testament:

"(C) (1) To my stepdaughter, ALICE ARNOLD HOOPER, if she survives me, the sum of Ten Thousand Dollars ($10,000.00) per annum for and during her lifetime, in equal quarterly installments commencing as of the date of my death.

(2) To my stepdaughter, ANNE HOOPER WARNER, if she survives me, the sum of Ten Thousand Dollars ($10,000.00) per annum for and during her lifetime, in equal quarterly installments commencing as of the date of my death.

(3) To my cousin, ELEANOR JEWETT LUNDBERG, if she survives me, the sum of Ten Thousand Dollars ($10,000.00) per annum for and during her lifetime, in equal quarterly installments commencing as of the date of my death."

SECOND: I hereby delete ARTICLE TWELFTH of my said Last Will and Testament and substitute in lieu thereof the following new ARTICLE TWELFTH:

"ARTICLE TWELFTH:

"All income payable to and collected by my Executors during the period of administration of my estate, except that part of it used to pay (a) interest on tax deficiencies and money borrowed and personal property taxes, if any, and (b) the annuities provided for in paragraphs B and C of Section I of ARTICLE NINTH hereof, shall be permanently set apart and distributed by my Executors to my Trustees of the Robert R. McCormick Charitable Trust created by Section II of ARTICLE NINTH hereof."

— Page one
Robert R. McCorm



THIRD: Except as hereby modified, I hereby ratify, confirm and republish my said Last Will and Testament.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this Codicil to my Last Will and Testament, consisting of two (2) typewritten pages, on the margin of the first of which I have affixed my signature for better identification, this 4th day of January, 1955.

ROBERT R. McCORMICK    (SEAL)

E.S.H.
TDA
T.F.S.

We, the undersigned hereby certify that the foregoing instrument was on the day of the date thereof signed, sealed, published and declared by the said ROBERT R. McCORMICK, the Testator, as and for a Codicil to his Last Will and Testament dated the 18th day of December, 1954, in the presence of us who, in his presence and in the presence of each other have, at his request, hereunto subscribed our names as witnesses of the execution thereof this 4th day of January, 1955, and we hereby certify that at the time of the execution hereof we believe the said Testator to be of sound and disposing mind and memory.

Eleanore S. Hathaway, residing at 8922 S. Racine
                                              Chicago, Ill.

Thomas F. Scully, residing at 633 Locust Ave.
                                              Wilmette, Ill.

Thomas D. Allen, residing at 5628 S. Washington St.
                                              Hinsdale, Ill.        — Page two

(29)

S<small>TATE OF</small> I<small>LLINOIS</small> ⎰
C<small>OUNTY OF</small> D<small>U</small> P<small>AGE</small> ⎱ ss.

IN THE DU PAGE COUNTY PROBATE COURT
IN PROBATE APRIL TERM, A. D. 1955.

On Monday the 25th day of April in the year of our Lord one
thousand, nine hundred and fifty five.

PRESENT:  HON. BERT E. RATHJE            Judge.

ROLLIN M. HALL            Clerk.

STANLEY A. LYNCH            Sheriff.

Attest: ROLLIN M. HALL, Clerk.

In the matter of the estate of    ⎱    PROBATE OF WILL AND
R<small>OBERT</small> R. M<small>C</small>C<small>ORMICK</small>, Deceased ⎰        CODICIL

Now, on this day, this cause coming on for further hearing by the
Court, thereupon comes Eleanor Jewett Lundberg and makes due
proof to the satisfaction of the Court of the death of the said R<small>OBERT</small>
R. M<small>C</small>C<small>ORMICK</small>, which proof is ordered by the Court to be entered of
record. And the Court finds from the allegations in said petition
contained, and from the evidence adduced in open court, that the fol-
lowing named persons are all of the heirs at law and legatees of the
said R<small>OBERT</small> R. M<small>C</small>C<small>ORMICK</small> deceased, to-wit:

Maryland McCormick, Ruth McCormick Miller Tankersley, Katrina
McCormick Barnes, Alice Arnold Hooper, Anne Hooper Warner,
Eleanor Jewett Lundberg, Brooks McCormick, Art Institute of
Chicago, United States of America, Elizabeth Johnson, Julia
Dvorak, Marie Sewell, George Silberg, Shinichi Noguchi, Hannah
L. Anderson, Svea Anderson, Bernard Dale, Anthony Tomassone,
Gene Corbin, Dorothy Murray Slater, Bess Vydra, E. M. Antrim,
Joseph Ator, Elston Bradfield, W. J. Byrnes, R. D. Cahn, Keith
B. Capron, James A. Cotey, Alfred Cowles, Thomas Bryant
Fraser, Saul N. Hershenhorn, Joe Hough, C. B. James, A. M.
Kennedy, G. J. Lane, William A. Larson, Henry D. Lloyd, Jr.,
J. L. Maloney, Edward McGraw, Chester E. McKittrick, George
E. Morgenstern, Cary Orr, J. W. Park, Joseph Parrish, Louis

FOUN0017087



Rose, Stanley Bernard Rose, Frank Schreiber, H. A. Sewell, C. S. Smutney, Leon Stolz, James Vallillee, Theodore R. Van Dellen, Henry Weber, Carl J. Wiegman, Weymouth Kirkland, Joseph B. Fleming, Dwight P. Green, Willis D. Nance, Thomas R. Gowenlock, Isabelle Morris, Emil Hawkinson, Chicago Title and Trust Company, Arthur Schmon, Chesser M. Campbell, W. D. Maxwell, J. Howard Wood, Stewart D. Owen, H. F. Grumhaus, Walter C. Kurz,

And it appearing to the Court that all of the above named heirs at law, devisees and legatees and parties in interest named in said petition have entered their appearances and others who have received notice in writing and consent to the immediate probate of said Will.

AND NOW COME Alfred W. Nieland and William D. Murphy subscribing witnesses to the aforesaid instrument of writing, and Eleanore S. Hathaway and Thomas D. Allen subscribing witnesses to the Codicil, and being first duly sworn, testify to the due execution of said instruments by the said ROBERT R. McCORMICK, deceased, and their attestations thereof according to law on the day of the date thereof, as and for the Last Will and Testament and Codicil of the said ROBERT R. McCORMICK, deceased, and that at the time of the execution of said instrument said witnesses believed said testator to be of sound mind and memory and under no constraint, which testimony is ordered by the Court to be entered of record in full. And the Court being now fully advised in the premises it is ordered that the said instrument be and the same is hereby declared to be duly and sufficiently proven and authenticated as the true Last Will and Testament and Codicil of the said ROBERT R. McCORMICK, deceased. And it is further ordered that the said Will and Codicil be entered of record.

BERT E. RATHJE,
*Judge.*