Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), the following representation is being made with respect to the Identified Contingent Liabilities (defined below) of **Tribune Company**, on a consolidated basis with all of its direct and indirect subsidiaries and equity interests, ("Tribune"). This representation is being made by a responsible officer of Tribune who can attest to the correctness of the following:

Identified Contingent Liabilities are defined as the reasonably estimated contingent liabilities that may result from, without limitation, threatened or pending litigation, asserted claims and assessments, environmental conditions, guaranties, indemnities, uninsured risks, purchase obligations, taxes and other contingent liabilities as identified and explained to VRC in terms of their nature, expected timing and estimated dollar amount by a responsible officer of Tribune. Identified Contingent Liabilities have been identified by the responsible officer of Tribune, and the responsible officer has provided estimates for each of the Identified Contingent Liabilities. VRC expresses no opinion as to the completeness or propriety of such Identified Contingent Liabilities or their estimated amounts. Except for the Identified Contingent Liabilities, VRC assumes, without verification, that there are no hidden, unapparent, or unexpected conditions or circumstances (contingent or otherwise) that could affect the operating or financial conditions of Tribune and accepts no responsibility for discovering any such conditions or circumstances. Identified Contingent Liabilities may not meet the criteria for accrual under Statement of Financial Accounting Standards No. 5 and, therefore, may not be recorded as liabilities under Generally Accepted Accounting Principles in the United States.

The undersigned, in his capacity as a responsible officer of Tribune, represents to VRC that all of the material Identified Contingent Liabilities of Tribune have been adequately provided for on Tribune's balance sheet as of September 30, 2007 (the most recent balance sheet furnished to VRC), with the exception of the following list, which represents all other material Identified Contingent Liabilities, and that there are no other material Identified Contingent Liabilities of Tribune expected to have a material adverse effect on Tribune. If no other material Identified Contingent Liabilities are present please state "none." Please provide an additional attachment if required.

Valuation Research Corporation
December 20, 2007
Page 2


| Description of Identified Contingent Liabilities Amount ($) | Expected Timing | Estimated |
| --- | --- | --- |
| [See Annex A Attached] | | |

---

Respectfully Submitted,

*/s/ Donald C. Grenesko*

Donald C. Grenesko
Senior Vice President/Finance & Administration

## Annex A: Identified Contingent Liabilities

1. The payment of a portion of the earn-out for ForSaleByOwner.com of approximately $0.2 million.

2. The obligations of the Company and its Subsidiaries, as applicable, under certain lease agreements are guaranteed by the Company or one of its Subsidiaries. (These obligations are not material in number or financial impact to the Company and, to the best of the Company's knowledge, are not expected to have a significant impact on the Company's financial condition on a going forward basis.)

3. As of November 26, 2007, the Company and its Subsidiaries had outstanding standby letters of credit in an aggregate amount of $64.7 million.

4. The Company and its Subsidiaries, as applicable, have ongoing indemnification obligations in recent sale transactions, including, but not limited to, the sale of WATL-TV (Atlanta), the sale of WCWN-TV (Albany), the sale of WLVI-TV (Boston), the sale of an equity interest in BrassRing, LLC, the sale of *Hoy*, New York, the sale of the Interactive Program Guide patent portfolio, the sale of the San Fernando Valley printing facility, the sale of NewsCom LLC, the sale of EZ Buy and EZ Sell Recycler Corporation and subsidiaries and the sale of Southern Connecticut Newspapers, Inc. (These obligations are generally capped at negotiated maximums expressed as a percentage of the respective sales prices (typically less than 25% of the sales price absent fraud) and, to the best of the Company's knowledge, are not expected to result in any payouts by the Company.)

5. In connection with the March 2005 acquisition of Topix LLC, beginning in March 2010, the Company may become obligated for its pro rata share (currently 42.5%) of the purchase price for the 20.69% minority interest owned by Topix management upon the exercise of the management put right (becoming exercisable anytime after March 2010 and until March 2015) or the TKG Internet Holdings II, LLC call right (becoming exercisable anytime after March 2011 and until March 2016). The purchase price for the 20.69% minority interest will be the fair market value of the interest at the time of the exercise of the put or call option, respectively. Based on the valuation from the last financing round in October 2006, this liability would be approximately $6.3 million.

6. In connection with a 4% investment by Microsoft Corporation in CareerBuilder, LLC, Microsoft has the ability to put its interest in CareerBuilder back to CareerBuilder at the end of seven years (earliest possible date would be January 1, 2014). As part of the investment transaction, the Company has agreed to fund up to 50% of the purchase price for Microsoft's investment in CareerBuilder in the event CareerBuilder does not have sufficient funds to consummate the purchase of the interest pursuant to the put option. (Maximum potential liability for this guaranty is $55.3 million).

7. In connection with the inquiry of the United States Attorney for the Eastern District of New York (the "U.S. Attorney") into the circulation practices at

*Newsday* and *Hoy*, New York (as disclosed in the Company's most recent Annual Report on Form 10-K) (the "Newsday/Hoy Matter"), the Company has executed a non-prosecution agreement with the U.S. Attorney to settle the Newsday/Hoy Matter and this agreement requires the payment by the Company of $15 million. The Company anticipates making this payment on or before December 20, 2007.

8. In connection with the pending lawsuit filed against Newsday, Inc. and Tribune Company by several Long Island auto dealerships alleging discriminatory pricing and antitrust violations and circulation-based fraud claims stemming from the circulation fraud at *Newsday* and *Hoy*, plaintiffs' counsel has proposed a $10 million payment to resolve the suit. The Company reserves the right to continue to negotiate with plaintiffs' counsel regarding the terms of a possible settlement and ultimately enter into a settlement agreement or other arrangement on no less favorable terms than those proposed.

9. The Company's senior credit facilities are guaranteed by certain of the Company's direct and indirect U.S. subsidiaries and secured by a pledge of the capital stock of two Company subsidiaries. Certain outstanding senior notes and debentures of the Company are secured on an equal and ratable basis with the senior credit facilities. The Company's senior credit facilities are already reflected as a liability of the Company. For more information, please see pages 28 and 29 of the April 2007 bank book which was prepared in connection with the syndication of the senior credit facilities. Further, the second step bridge facility will be guaranteed by certain of the Company's direct and indirect U.S. subsidiaries on a subordinated basis.

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), the following representation is being made with respect to the assets and liabilities of **Tribune Company**, on a consolidated basis with all of its direct and indirect subsidiaries and equity interests (collectively "Tribune"). This representation is being made by a responsible officer of Tribune who can attest to the correctness of the following:

The undersigned, in his capacity as a responsible officer of Tribune, represents to VRC that there have not been any material adverse changes in the assets or liabilities of Tribune between September 30, 2007 (the most recent balance sheet furnished to VRC) and the date hereof, that may materially affect, without limitation, Tribune's business operations or condition (financial or otherwise), except as listed below. If no material adverse changes have occurred, please state "none." Please provide an additional attachment if required.

<u>Description of Material Adverse Changes</u>

None

Respectfully Submitted,

*[signature]*

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to **Tribune Company** ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> The provided financial forecasts of Tribune, on a consolidated and pro-forma basis, (as represented in the Excel file entitled "model_negotiated_proposal_november21_2007.xls" delivered to VRC via email on November 21, 2007) reflect Management's best estimates of Tribune Base and Tribune Downside case forecasts. This file includes projections based on Management's five-year financial outlook through 2012 (the "Five-Year Outlook") and the subsequent extrapolation by Management of these projections through 2017 applying the revenue and operating cash flow growth rates for the fifth year of the Five-Year Outlook and other underlying assumptions as used in developing the Five-Year Outlook. While such forecasts are subject to many factors outside Management's control, in Management's view they are reasonable and attainable based on Management's involvement and understanding of the business operations, its markets, the strategic vision, the competitive landscape, and regulatory and economic trends.

Respectfully Submitted,

*[signature]*

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to **Tribune Company** ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> Management understands that VRC's calculation of the net present value of the estimated income tax savings projected through year 2022 (set forth in Schedule A attached) (the "Projected S-Corp ESOP Tax Savings") expected to be obtained as a result of the Company's taxable status, following the consummation of the merger described in VRC's solvency opinion, as a corporation taxed under Subchapter S of the Internal Revenue Code of 1986, as amended, and owned entirely by an Employee Stock Ownership Plan (an "S-Corp. ESOP") utilizes information contained in the Excel file prepared by Management entitled "model_negotiated_proposal_november21_2007.xls" delivered to VRC via email on November 21, 2007. This file includes Management's five-year base case forecast through 2012 (the "Base Case Forecast") and the subsequent extrapolation by Management of these projections through 2017 applying the revenue and operating cash flow growth rates for the fifth year of the Base Case Forecast and other underlying assumptions as used in developing the Base Case Forecast (the "Management Five-Year Extrapolation"). Management understands that VRC then performed further extrapolation of these projections ("VRC Extrapolation") (also applying the same general growth rates and underlying assumptions, except VRC applied a lower growth rate in equity investment income beginning in 2018 than the Company forecast in 2017, as used by Management in developing the Base Case Forecast and the Management Five-Year Extrapolation) through 2022 in determining the Projected S-Corp. ESOP Tax Savings that will be used in calculating the pro forma equity value of Tribune immediately after and giving effect to the merger transaction described in VRC's solvency opinion.

Valuation Research Corporation
December 20, 2007
Page 2

    While the realization of the Base Case Forecast, the Management Five-Year Extrapolation, and VRC Extrapolation are subject to many factors outside Management's control, in Management's view the Company's annual tax savings as an S-Corp. ESOP as reflected in the Base Case Forecast, the Management Five-Year Extrapolation, and VRC Extrapolation are reasonable and attainable by the Company based on Management's understanding of the existing income tax laws governing S-Corp. ESOP's, the Company's current business operations, strategic vision and competitive and regulatory landscape, and the growth rates and underlying assumptions utilized (i) by Management in developing the Base Case Forecast and the Management Five-Year Extrapolation and (ii) by VRC in developing the VRC Extrapolation.

Respectfully Submitted,

*/s/ Donald C. Grenesko*

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

**TRIBUNE**

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to **Tribune Company** ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> Based upon Tribune's current understanding of the Delaware General Corporation Law, the Board of Directors fiduciary and corporate governance duties and responsibilities, and current income tax laws, Management believes that it is reasonable and appropriate for VRC to assume that Tribune will retain all of the forecasted income tax savings (set forth in Schedule A attached) even if the warrant under which the Zell Group may acquire approximately 40 percent of the economic interest of Tribune (the "Zell Group Warrant") is exercised before its expiration date in the year 2022.

> On the same basis, Management further believes that it is reasonable and appropriate for VRC to assume that if the Zell Group Warrant were exercised before the expiration date that Tribune would not pay any portion of the Zell Group's annual income taxes that result from its ownership of Tribune common stock.

Respectfully Submitted,

*[signature: Donald C. Grenesko]*

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to Tribune Company ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> Based upon (i) management's best understanding of the debt and loan capital markets and (ii) management's recent discussions with Morgan Stanley, management believes that it is reasonable and appropriate for VRC to assume that Tribune, in the downside forecast described in the Excel file entitled "model_negotiated_proposal_november21_2007.xls" delivered to VRC via email on November 21, 2007 ("Tribune Downside Forecast"), would be able to refinance (i) any outstanding balances of Term Loan B under the Credit Agreement dated May 17, 2007, as amended (the "Credit Agreement"), that mature in 2014 and (ii) any outstanding balances under the Senior Unsecured Interim Loan Agreement to be dated as of the closing date (or any notes issued to refinance such facility) that mature in 2015, in each case, without the need for any asset sales other than those incorporated into the Tribune Downside Forecast.

Respectfully Submitted,

*[signature]*

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

December 20, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to **Tribune Company** ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> The book value of the Participating Hybrid Option Note Exchangeable Securities ("PHONES") as reported in the Company's Form 10-Q for the quarter ended September 30, 2007 is a reasonable estimate of the Company's liability associated with the PHONES as of the date of this letter.

Respectfully Submitted,

*[signature]*

Donald C. Grenesko
Senior Vice President/Finance & Administration