## TRIBUNE COMPANY
## BOARD OF DIRECTORS MEETING
### DECEMBER 1, 2008

A meeting of the Board of Directors (the "Board") of Tribune Company (the "Company") was held at Tribune Tower, Chicago, Illinois beginning at approximately 10:00 a.m. (Chicago time) on December 1, 2008. The meeting was called pursuant to valid notice. Written materials were sent to the Board in advance of the meeting.

The following Directors were present: Samuel Zell, Jeffrey S. Berg, Betsy D. Holden, William A. Osborn, William C. Pate, Mark Shapiro and Maggie Wilderotter. Brian L. Greenspun participated by telephone.

Also attending, by invitation of the Board, were the following officers, employees and guests of the Company: Randy Michaels, Gerald A. Spector, Donald J. Liebentritt, Chandler Bigelow, David P. Eldersveld, Daniel G. Kazan, Brian F. Litman, Robin Mariella, Nils E. Larsen and Randolph Read. Also in attendance were Larry A. Barden, James F. Conlan and Bryan Krakauer from Sidley Austin LLP, Christopher Lee, Blake O'Dowd and Thomas Whayne from Morgan Stanley. Further, John Chachas and James Millstein from Lazard Frères & Co. LLC and Thomas Hill from Alvarez & Marsal each participated by telephone.

Mr. Zell served as chairman of the meeting and Mr. Eldersveld acted as secretary of the meeting. After determination that a quorum was present, the meeting was called to order.

Mr. Zell provided some introductory remarks and reported on certain considerations with respect to the Company's operating performance, capital structure, liquidity and near-term debt maturities. Mr. Zell explained that management had been in an active dialogue with certain of its lenders, including JPMorgan, the agent on the Company's senior credit facility. A discussion then ensued.

Mr. Liebentritt then introduced the representatives from Morgan Stanley and Sidley Austin who were present in person at the meeting and the representatives from Lazard and Alvarez & Marsal who were participating by telephone.

### REDACTED

Following that discussion, Mr. Barden

### REDACTED

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

indemnification and directors' and officers' insurance provided by the Company. Mr. Barden then addressed questions raised by members of the Board.

Mr. Liebentritt then reported on recent discussions among management and certain of its lenders, including JPMorgan, other senior lenders and their legal and financial advisors. Mr. Liebentritt discussed the input received from and on behalf of those institutions in light of the various considerations facing the Company. In addition, Mr. Liebentritt described the recent formation of a steering committee of senior lenders and management's plans to meet with that committee later in the week. Thereafter, management and the representatives from Morgan Stanley and Sidley Austin addressed questions from the Board.

## REDACTED

Mr. Bigelow also provided a detailed review of the near-term financial considerations facing the Company, including pending debt maturities. Mr. Bigelow noted that during December 2008, the Company was scheduled to make approximately $131 million in principal, interest and fee payments to junior creditors, which total included a $70 million medium-term note that was scheduled to mature on December 8, 2008.

Mr. Bigelow then discussed the fact that certain holders of the Company's PHONES securities had begun to submit PHONES to the Company for exchange, as permitted by the terms and conditions of the PHONES. Mr. Bigelow stated that the PHONES were held by a limited number of investors and that, although the exchange submissions had been limited to date, the principal holders had expressed their intent to submit all or a significant portion of their holdings. Mr. Bigelow noted for the Board that the current exchange value of the PHONES on an aggregate basis was approximately $130 million. Mr. Bigelow also discussed the fact that the Company continued to hold approximately 16 million shares of Time Warner, Inc. stock which served to hedge its exposure with respect to the exchange right included in the terms of the PHONES. Mr. Bigelow noted that the Company would need to consider selling such shares.

Mr. Bigelow stated that the failure to make the approximately $131 million of payments to junior creditors described above or the failure to honor an exchange of PHONES securities pursuant to the terms of the relevant indenture would cross-default the Company's debt capital structure. Mr. Bigelow then discussed the Company's current liquidity position and the fact that satisfying the payment obligations described above would necessitate that the Company borrow further amounts under its senior delayed draw term loan and revolving credit facility.

Mr. Bigelow then reviewed the Company's recent operating performance and its financial covenants in its senior credit facility. Mr. Bigelow discussed the impact of recent operating performance on the Company's ability to maintain compliance with its financial covenants and the effect that certain of its pending transactions would have on its ability to maintain such

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0415730

**REDACTED**

In addition, Mr. O'Dowd noted other relevant considerations with respect to pursuing a consensual solution, which included the approximately $131 million of payments due in December 2008 to junior creditors and the approximately $130 million in payments that would be due if all PHONES holders submitted their PHONES for exchange. Mr. O'Dowd stated that the Company would need to access its senior delayed draw term loan and revolving credit facility in order to maintain its ability to make such payments and maintain sufficient liquidity to finance its business operations.

**REDACTED**

3

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0415731

**REDACTED**

The Board then entered executive session at 12:45 p.m. and members of management and other guests were excused.

There being no further business to come before the Board, the meeting was adjourned at approximately 1:15 p.m.

David P. Eldersveld
Secretary

4

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**