TRIBUNE COMPANY
BOARD OF DIRECTORS MEETING
DECEMBER 8, 2008

A telephonic meeting of the Board of Directors (the "Board") of Tribune Company (the "Company") was originated at 2 North Riverside Plaza in Chicago, Illinois beginning at approximately 12:00 p.m. (Chicago time) on December 8, 2008. The meeting was called pursuant to valid notice.

The following Directors participated in the meeting: Samuel Zell, Jeffrey S. Berg, Brian L. Greenspun, Betsy D. Holden, William A. Osborn, William C. Pate, Mark Shapiro, Maggie Wilderotter and Frank E. Wood.

Also attending, by invitation of the Board, were the following officers, employees and guests of the Company: Randy Michaels, Gerald A. Spector, Nils E. Larsen, Donald J. Liebentritt, Chandler Bigelow, David P. Eldersveld, Daniel G. Kazan, Brian F. Litman, Gary Weitman, Terry Holt and Randolph Read. Also in attendance were Larry A. Barden, James F. Conlan and Bryan Krakauer from Sidley Austin LLP and James Millstein, John Chachas and Suneel Mandava from Lazard Frères & Co. LLC.

Mr. Zell served as chairman of the meeting and Mr. Eldersveld acted as secretary of the meeting. After determination that a quorum was present, the meeting was called to order.

Mr. Bigelow reported that the shares of Time Warner, Inc. stock had been sold and that the Company had completed its negotiations with Barclays on extending its current asset-backed securitization facility on terms consistent with those discussed at the prior Board meeting.

The Board, together with management and its legal and financial advisors discussed the alternatives that had been the subject of detailed discussions at is prior meetings. Following that discussion and upon recommendation of management and a supporting statement from Lazard, a motion was then made, seconded and approved to adopt the following resolutions:

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that any individual duly appointed by the Board of Directors as the Chief Executive Officer, Interim Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, President, Executive Vice President, Senior Vice President, Vice President, General Counsel, Secretary, Assistant Secretary, Treasurer or Assistant Treasurer (each, an "Authorized Officer" and together, the "Authorized Officers") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0415736

same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve;

RESOLVED, that the law firm of Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, be, and hereby is, retained and employed as attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., 1000 N. West Street, Suite 1200, Wilmington, Delaware, 19801, be, and hereby is, retained and employed as Delaware attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the financial advisory and asset management firm of Lazard Ltd., 190 LaSalle Street, 31st Floor, Chicago, Illinois 60603 and 30 Rockefeller Plaza, New York, New York 10020, be and hereby is, retained and employed as financial and asset management consultants for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the financial advisory firm of Alvarez & Marsal North America LLC, 55 West Monroe Street, Suite 4000, Chicago, IL 60603, be and hereby is, retained and employed as financial consultants for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the firm of Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017, be and hereby is, retained and employed as claims, noticing, and balloting agents for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the public relations firm of Edelman, 200 East Randolph Drive, Chicago, Illinois 60601, be and hereby is, retained and employed as public relations agents for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions which the Authorized Officers or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code, and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case including, without limitation, seeking authority to guarantee or borrow, and borrowing, amounts under any post-petition financing facility for itself or its affiliates, and granting liens, guarantees, pledges, mortgages and/or other security therefor and filing financing statements, mortgages, intellectual property security agreements and other documents related thereto;

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0415737

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to employ and retain legal counsel, financial advisors, accountants and other professionals, to advise the Company in connection with its case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk, if necessary) any and all such agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may reasonably be required to give effect to these Resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof;

RESOLVED, that the Authorized Officers, be, and each of them hereby is, authorized on behalf of, and in the name of, the Company to execute any and all plans of reorganization under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Officer executing the same shall determine;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these Resolutions and any chapter 11 plan of reorganization, and to execute and deliver such documents, agreements and certificates, and to fully perform the terms and provisions thereof; and

RESOLVED, that to the extent that any of the actions authorized by any of these Resolutions have been taken by the Authorized Officers of the Company on its behalf, such actions are hereby ratified and confirmed in their entirety.

The Board and management then discussed the various communications plans developed by management and its advisors.

There being no further business to come before the Board, the meeting was adjourned at approximately 12:20 p.m.

_____
David P. Eldersveld
Secretary

3

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0415738