# TRUST INDENTURE ACT OF 1939

[As Amended through P.L. 111-72, approved Oct. 13, 2009]

SHORT TITLE

SEC. 301. This title, divided into sections as follows, may be cited as the "Trust Indenture Act of 1939":

TABLE OF CONTENTS

TITLE III

Sec. 301. Short title.
Sec. 302. Necessity for regulation.
Sec. 303. Definitions.
Sec. 304. Exempted securities and transactions.
Sec. 305. Securities required to be registered under Securities Act.
Sec. 306. Securities not registered under Securities Act.
Sec. 307. Qualification of indentures covering securities not required to be registered.
Sec. 308. Integration of procedure with Securities Act and other Acts.
Sec. 309. When qualification becomes effective; effect of qualification.
Sec. 310. Eligibility and disqualification of trustee.
      (a) Persons eligible for appointment as trustee.
      (b) Disqualification of trustee.
      (c) Applicability of section.
Sec. 311. Preferential collection of claims against obligor.
Sec. 312. Bondholders' lists.
Sec. 313. Reports by indenture trustee.
Sec. 314. Reports by obligor; evidence of compliance with indenture provisions.
      (a) Periodic reports.
      (b) Evidence of recording of indenture.
      (c) Evidence of compliance with conditions precedent.
      (d) Certificates of fair value.
      (e) Recitals as to basis of certificate or opinion.
      (f) Parties may provide for additional evidence.
Sec. 315. Duties and responsibility of the trustee.
      (a) Duties prior to default.
      (b) Notice of defaults.
      (c) Duties of the trustee in case of default.
      (d) Responsibility of the trustee.
      (e) Undertaking for costs.
Sec. 316. Directions and waivers by bondholders; prohibition of impairment of holder's right to payment.
Sec. 317. Special powers of trustee; duties of paying agents.
Sec. 318. Effect of prescribed indenture provisions.
Sec. 319. Rules, regulations, and orders.
Sec. 320. Hearings by Commission.
Sec. 321. Special powers of the Commission.
Sec. 322. Court review of orders; jurisdiction of offenses and suits.
Sec. 323. Liability for misleading statements.
Sec. 324. Unlawful representations.
Sec. 325. Penalties.
Sec. 326. Effect on existing law.
Sec. 327. Contrary stipulations void.
Sec. 328. Separability of provisions.

1

(May 27, 1933, ch. 38, title III, Sec. 301, as added Aug. 3, 1939, ch. 411, 53 Stat. 1149.)

NECESSITY FOR REGULATION

SEC. 302. (a) Upon the basis of facts disclosed by the reports of the Securities and Exchange Commission made to the Congress pursuant to section 211 of the Securities Exchange Act of 1934 and otherwise disclosed and ascertained, it is hereby declared that the national public interest and the interest of investors in notes, bonds, debentures, evidences of indebtedness, and certificates of interest or participation therein, which are offered to the public, are adversely affected—

(1) when the obligor fails to provide a trustee to protect and enforce the rights and to represent the interests of such investors, notwithstanding the fact that (A) individual action by such investors for the purpose of protecting and enforcing their rights is rendered impracticable by reason of the disproportionate expense of taking such action, and (B) concerted action by such investors in their common interest through representatives of their own selection is impeded by reason of the wide dispersion of such investors through many States, and by reason of the fact that information as to the names and addresses of such investors generally is not available to such investors;

(2) when the trustee does not have adequate rights and powers, or adequate duties and responsibilities, in connection with matters relating to the protection and enforcement of the rights of such investors; when, notwithstanding the obstacles to concerted action by such investors, and the general and reasonable assumption by such investors that the trustee is under an affirmative duty to take action for the protection and enforcement of their rights, trust indentures (A) generally provide that the trustee shall be under no duty to take any such action, even in the event of default, unless it receives notice of default, demand for action, and indemnity, from the holders of substantial percentages of the securities outstanding thereunder, and (B) generally relieve the trustee from liability even for its own negligent action or failure to act;

(3) when the trustee does not have resources commensurate with its responsibilities, or has any relationship to or connection with the obligor or any underwriter of any securities of the obligor, or holds, beneficially or otherwise, any interest in the obligor, or any such underwriter, which relationship, connection, or interest involves a material conflict with the interests of such investors;

(4) when the obligor is not obligated to furnish to the trustee under the indenture and to such investors adequate current information as to its financial condition, and as to the performance of its obligations with respect to the securities outstanding under such indenture; or when the communication of such information to such investors is impeded by the fact that information as to the names and addresses of such inves-

tors generally is not available to the trustee and to such investors;

(5) when the indenture contains provisions which are misleading or deceptive, or when full and fair disclosure is not made to prospective investors of the effect of important indenture provisions; or

(6) when, by reason of the fact that trust indentures are commonly prepared by the obligor or underwriter in advance of the public offering of the securities to be issued thereunder, such investors are unable to participate in the preparation thereof, and, by reason of their lack of understanding of the situation, such investors would in any event be unable to procure the correction of the defects enumerated in this subsection.

(b) Practices of the character above enumerated have existed to such an extent that, unless regulated, the public offering of notes, bonds, debentures, evidences of indebtedness, and certificates of interest or participation therein, by the use of means that instruments of transportation and communication in interstate commerce and of the mails, is injurious to the capital markets, to investors, and to the general public; and it is hereby declared to be the policy of this title, in accordance with which policy all the provisions of this title shall be interpreted, to meet the problems and eliminate the practices, enumerated in this section, connected with such public offerings.

(May 27, 1933, ch. 38, title III, Sec. 302, as added Aug. 3, 1939, ch. 411, 53 Stat. 1150.)

### DEFINITIONS

Sec. 303. When used in this title, unless the context otherwise requires—

(1) Any term defined in section 2 of the Securities Act of 1933, and not otherwise defined in this section, shall have the meaning assigned to such term in such section 2.

(2) The terms "sale", "sell", "offer to sell", "offer for sale", and "offer" shall include all transactions included in such terms as provided in paragraph (3) of section 2(a) of the Securities Act of 1933, except that an offer or sale of a certificate of interest or participation shall be deemed an offer or sale of the security or securities in which such certificate evidences an interest or participation if and only if such certificate gives the holder thereof the right to convert the same into such security or securities.

(3) The term "prospectus" shall have the meaning assigned to such term in paragraph (10) of section 2(a) of the Securities Act of 1933, except that in the case of securities which are not registered under the Securities Act of 1933, such term shall not include any communication (A) if it is proved that prior to or at the same time with such communication a written statement if any required by section 306 was sent or given to the persons to whom the communication was made, or (B) if such communication states from whom such statement may be ob-

tained (if such statement is required by rules or regulations under paragraphs (1) or (2) of subsection (b) of section 306) and, in addition, does no more than identify the security, state the price thereof, state by whom orders will be executed and contain such other information as the Commission, by rules or regulations deemed necessary or appropriate in the public interest or for the protection of investors, and subject to such terms and conditions as may be prescribed therein, may permit.

(4) The term "underwriter" means any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking; but such term shall not include a person whose interest is limited to a commission from an underwriter or dealer not in excess of the usual and customary distributors' or sellers' commission.

(5) The term "director" means any director of a corporation, or any individual performing similar functions with respect to any organization whether incorporated or unincorporated.

(6) The term "executive officer" means the president, every vice president, every trust officer, the cashier, the secretary, and the treasurer of a corporation, and any individual customarily performing similar functions with respect to any organization whether incorporated or unincorporated, but shall not include the chairman of the board of directors.

(7) The term "indenture" means any mortgage, deed of trust, trust or other indenture, or similar instrument or agreement (including any supplement or amendment to any of the foregoing), under which securities are outstanding or are to be issued, whether or not any property, real or personal, is, or is to be, pledged, mortgaged, assigned, or conveyed thereunder.

(8) The term "application" or "application for qualification" means the application provided for in section 305 or section 307, and includes any amendment thereto and any report, document, or memorandum accompanying such application or incorporated therein by reference.

(9) The term "indenture to be qualified" means (A) the indenture under which there has been or is to be issued a security in respect of which a particular registration statement has been filed, or (B) the indenture in respect of which a particular application has been filed.

(10) The term "indenture trustee" means each trustee under the indenture to be qualified, and each successor trustee.

(11) The term "indenture security" means any security issued or issuable under the indenture to be qualified.

(12) The term "obligor", when used with respect to any such indenture security, means every person (including a guarantor) who is liable thereon, and, if such security is a certificate of interest or participation, such term means also every person (including a guarantor) who is liable upon the security

or securities in which such certificate evidences an interest or participation; but such term shall not include the trustee under an indenture under which certificates of interest or participation, equipment trust certificates, or like securities are outstanding.

(13) The term "paying agent", when used with respect to any such indenture security, means any person authorized by an obligor thereon (A) to pay the principal of or interest on such security on behalf of such obligor, or (B) if such security is a certificate of interest or participation, equipment trust certificate, or like security, to make such payment on behalf of the trustee.

(14) The term "State" means any State of the United States.

(15) The term "Commission" means the Securities and Exchange Commission.

(16) The term "voting security" means any security presently entitling the owner or holder thereof to vote in the direction or management of the affairs of a person, or any security issued under or pursuant to any trust, agreement, or arrangement whereby a trustee or trustees or agent or agents for the owner or holder of such security are presently entitled to vote in the direction or management of the affairs of a person; and a specified percentage of the voting securities of a person means such amount of the outstanding voting securities of such person as entitles the holder or holders thereof to cast such specified percentage of the aggregate votes which the holders of all the outstanding voting securities of such person are entitled to cast in the direction or management of the affairs of such person.

(17) The terms "Securities Act of 1933", "Securities Exchange Act of 1934", and "Public Utility Holding Company Act of 1935" shall be deemed to refer, respectively, to such Acts, as amended, whether amended prior to or after the enactment of this title.

(18) The term "Bankruptcy Act" means the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States", approved July 1, 1898, as amended, whether amended prior to or after the enactment of this title.

(May 27, 1933, ch. 38, title III, Sec. 303, as added Aug. 3, 1939, ch. 411, 53 Stat. 1151; amended Aug. 10, 1954, ch. 667, title III, Sec. 301, 68 Stat. 686; Pub. L. 95-598, title III, Sec. 307, Nov. 6, 1978, 92 Stat. 2674; Pub. L. 100-181, title V, Sec. 501, 502, Dec. 4, 1987, 101 Stat. 1260; Pub. L. 101-550, title IV, Sec. 402, Nov. 15, 1990, 104 Stat. 2722; Pub. L. 105-353, title III, Sec. 301(e)(1), Nov. 3, 1998, 112 Stat. 3237.)

EXEMPTED SECURITIES AND TRANSACTIONS

SEC. 304. (a) The provisions of this title shall not apply to any of the following securities:

(1) any security other than (A) a note, bond, debenture, or evidence of indebtedness, whether or not secured, or (B) a cer-

tificate of interest or participation in any such note, bond, debenture or evidence of indebtedness, or (C) a temporary certificate for, or guarantee of, any such note, bond, debenture, evidence of indebtedness, or certificate;

(2) any certificate of interest or participation in two or more securities having substantially different rights and privileges, or a temporary certificate for any such certificate;

(3) [Repealed.]

(4) (A) any security exempted from the provisions of the Securities Act of 1933 by paragraph (2), (3), (4), (5), (6), (7), (8), (11), or (13) of section 3(a) thereof;

(B) any security exempted from the provisions of the Securities Act of 1933, as amended, by paragraph (2) of subsection 3(a) thereof, as amended by section 401 of the Employment Security Amendments of 1970.

(5) any security issued under a mortgage indenture as to which a contract of insurance under the National Housing Act is in effect; and any such security shall be deemed to be exempt from the provisions of the Securities Act of 1933 to the same extent as though such security were specifically enumerated in section 3(a)(2) of such Act;

(6) any note, bond, debenture, or evidence of indebtedness issued or guaranteed by a foreign government or by a subdivision, department, municipality, agency, or instrumentality thereof;

(7) any guarantee of any security which is exempted by this subsection;

(8) any security which has been or is to be issued otherwise than under an indenture, but this exemption shall not be applied within a period of twelve consecutive months to an aggregate principal amount of securities of the same issuer greater than the figure stated in section 3(b) of the Securities Act of 1933 limiting exemptions thereunder, or such lesser amount as the Commission may establish by its rules and regulations;

(9) any security which has been or is to be issued under an indenture which limits the aggregate principal amount of securities at any time outstanding thereunder to $10,000,000, or such lesser amount as the Commission may establish by its rules and regulations, but this exemption shall not be applied within a period of thirty-six consecutive months to more than $10,000,000 aggregate principal amount of securities of the same issuer, or such lesser amount as the Commission may establish by its rules and regulations; or

(10) any security issued under a mortgage or trust deed indenture as to which a contract of insurance under title XI of the National Housing Act is in effect; and any such security shall be deemed to be exempt from the provisions of the Securities Act of 1933 to the same extent as though such security were specifically enumerated in section 3(a)(2), as amended, of the Securities Act of 1933 (15 U.S.C. 77c(a)(2)).

In computing the aggregate principal amount of securities to which the exemptions provided by paragraphs (8) and (9) may be applied, securities to which the provisions of sections 305 and 306 would

not have applied, irrespective of the provisions of those paragraphs, shall be disregarded.

(b) The provisions of sections 305 and 306 shall not apply (1) to any of the transactions exempted from the provisions of section 5 of the Securities Act of 1933 by section 4 thereof, or (2) to any transaction which would be so exempted but for the last sentence of paragraph (11) of section 2[1] of such Act.

(c) The Commission shall, on application by the issuer and after opportunity for hearing thereon, by order exempt from any one or more provisions of this title any security issued or proposed to be issued under any indenture under which, at the time such application is filed, securities referred to in paragraph (3) of subsection (a) of this section are outstanding or on January 1, 1959, such securities were outstanding, if and to the extent that the Commission finds that compliance with such provision or provisions, through the execution of a supplemental indenture or otherwise—

    (1) would require, by reason of the provisions of such indenture, or the provisions of any other indenture or agreement made prior to the enactment of this title, or the provisions of any applicable law, the consent of the holders of securities outstanding under any such indenture or agreement; or

    (2) would impose an undue burden on the issuer, having due regard to the public interest and the interests of investors.

(d) The Commission may, by rules or regulations upon its own motion, or by order on application by an interested person, exempt conditionally or unconditionally any person, registration statement, indenture, security or transaction, or any class or classes of persons, registration statements, indentures, securities, or transactions, from any one or more of the provisions of this title, if and to the extent that such exemption is necessary or appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by this title. The Commission shall by rules and regulations determine the procedures under which an exemption under this subsection shall be granted, and may, in its sole discretion, decline to entertain any application for an order of exemption under this subsection.

(e) The Commission may from time to time by its rules and regulations, and subject to such terms and conditions as may be prescribed herein, add to the securities exempted as provided in this section any class of securities issued by a small business investment company under the Small Business Investment Act of 1958 if it finds, having regard to the purposes of that Act, that the enforcement of this Act with respect to such securities is not necessary in the public interest and for the protection of investors.

(May 27, 1933, ch. 38, title III, Sec. 304, as added Aug. 3, 1939, ch. 411, 53 Stat. 1153; amended Aug. 10, 1954, ch. 667, title III, Sec. 302, 68 Stat. 687; Pub. L. 85-699, title III, Sec. 307(b), Aug. 21, 1958, 72 Stat. 694; Pub. L. 86-760, Sept. 13, 1960, 74 Stat. 902; Pub. L. 89-754, title V, Sec. 504(b), Nov. 3, 1966, 80 Stat. 1278; Pub. L. 91-567, Sec. 6(c), Dec. 22, 1970, 84 Stat. 1499; Pub. L. 96-

---

[1]Probably should refer to paragraph (11) of section 2(a) of such Act.

477, title III, Sec. 302, Oct. 21, 1980, 94 Stat. 2291; Pub. L. 101-550, title IV, Sec. 403, Nov. 15, 1990, 104 Stat. 2722; Pub. L. 104-290, title V, Sec. 508(e), Oct. 11, 1996, 110 Stat. 3448; Pub. L. 105-353, title III, Sec. 301(e)(2), Nov. 3, 1998, 112 Stat. 3237.)

SECURITIES REQUIRED TO BE REGISTERED UNDER SECURITIES ACT

SEC. 305. (a) Subject to the provisions of section 304, a registration statement relating to a security shall include the following information and documents, as though such inclusion were required by the provisions of section 7 of the Securities Act of 1933—

(1) such information and documents as the Commission may by rules and regulations prescribe in order to enable the Commission to determine whether any person designated to act as trustee under the indenture under which such security has been or is to be issued is eligible to act as such under subsection (a) of section 310; and

(2) an analysis of any provisions of such indenture with respect to (A) the definition of what shall constitute a default under such indenture, and the withholding of notice to the indenture security holders of any such default, (B) the authentication and delivery of the indenture securities and the application of the proceeds thereof, (C) the release or the release and substitution of any property subject to the lien of the indenture, (D) the satisfaction and discharge of the indenture, and (E) the evidence required to be furnished by the obligor upon the indenture securities to the trustee as to compliance with the conditions and convenants provided for in such indenture.

The information and documents required by paragraph (1) of this subsection with respect to the person designated to act as indenture trustee shall be contained in a separate part of such registration statement, which part shall be signed by such person. Such part of the registration statement shall be deemed to be a document filed pursuant to this title, and the provisions of sections 11, 12, 17, and 24 of the Securities Act of 1933 shall not apply to statements therein or omissions therefrom.

(b)(1) Except as may be permitted by paragraph (2) of this subsection, the Commission shall issue an order prior to the effective date of registration refusing to permit such a registration statement to become effective, if it finds that—

(A) the security to which such registration statement relates has not been or is not to be issued under an indenture; or

(B) any person designated as trustee under such indenture is not eligible to act as such under subsection (a) of section 310;

but no such order shall be issued except after notice and opportunity for hearing within the periods and in the manner required with respect to refusal orders pursuant to section 8(b) of the Securities Act of 1933. If and when the Commission deems that the objections on which such order was based have been met, the Commission shall enter an order rescinding such refusal order, and the registration shall become effective at the time provided in section

8(a) of the Securities Act of 1933, or upon the date of such rescission, whichever shall be the later.

(2) In the case of securities registered under the Securities Act of 1933, which securities are eligible to be issued, offered, or sold on a delayed basis by or on behalf of the registrant, the Commission shall not be required to issue an order pursuant to paragraph (1) of subsection (b) of section 305 for failure to designate a trustee eligible to act under subsection (a) of section 310 if, in accordance with such rules and regulations as may be prescribed by the Commission, the issuer of such securities files an application for the purpose of determining such trustee's eligibility under subsection (a) of section 310. The Commission shall issue an order prior to the effective date of such application refusing to permit the application to become effective, if it finds that any person designated as trustee under such indenture is not eligible to act as such under subsection (a) of section 310, but no order shall be issued except after notice and opportunity for hearing within the periods and in the manner required with respect to refusal orders pursuant to section 8(b) of the Securities Act of 1933. If after notice and opportunity for hearing the Commission issues an order under this provision, the obligor shall within 5 calendar days appoint a trustee meeting the requirements of subsection (a) of section 310. No such appointment shall be effective and such refusal order shall not be rescinded by the Commission until a person eligible to act as trustee under subsection (a) of section 310 has been appointed. If no order is issued, an application filed pursuant to this paragraph shall be effective the tenth day after filing thereof or such earlier date as the Commission may determine, having due regard to the adequacy of information provided therein, the public interest, and the protection of investors.

(c) A prospectus relating to any such security shall include to the extent the Commission may prescribe by rules and regulations as necessary and appropriate in the public interest or for the protection of investors, as though such inclusion were required by section 10 of the Securities Act of 1933, a written statement containing the analysis set forth in the registration statement, of any indenture provisions with respect to the matters specified in paragraph (2) of subsection (a) of this section, together with a supplementary analysis, prepared by the Commission, of such provisions and of the effect thereof, if, in the opinion of the Commission, the inclusion of such supplementary analysis is necessary or appropriate in the public interest or for the protection of investors, and the Commission so declares by order after notice and, if demanded by the issuer, opportunity for hearing thereon. Such order shall be entered prior to the effective date of registration, except that if opportunity for hearing thereon is demanded by the issuer such order shall be entered within a reasonable time after such opportunity for hearing.

(d) The provisions of sections 11, 12, 17, and 24 of the Securities Act of 1933, and the provisions of sections 323 and 325 of this title, shall not apply to statements in or omissions from any analysis required under the provisions of this section or section 306 or 307.

(May 27, 1933, ch. 38, title III, Sec. 305, as added Aug. 3, 1939, ch. 411, 53 Stat. 1154; amended Aug. 10, 1954, ch. 667, title III, Sec. 303, 68 Stat. 687; Pub. L. 101-550, title IV, Sec. 404, Nov. 15, 1990, 104 Stat. 2722.)

SECURITIES NOT REGISTERED UNDER SECURITIES ACT

SEC. 306. (a) In the case of any security which is not registered under the Securities Act of 1933 and to which this subsection is applicable notwithstanding the provisions of section 304, unless such security has been or is to be issued under an indenture and an application for qualification is effective as to such indenture, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

(b) In the case of any security which is not registered under the Securities Act of 1933, but which has been or is to be issued under an indenture as to which an application for qualification is effective, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to carry or transmit any prospectus relating to any such security, unless such prospectus, to the extent the Commission may prescribe by rules and regulations as necessary and appropriate in the public interest or for the protection of investors, includes or is accompanied by a written statement that contains the information specified in subsection (c) of section 305; or

(2) to carry or to cause to be carried through the mails or in interstate commerce any such security for the purpose of sale or for delivery after sale, unless, to the extent the Commission may prescribe by rules and regulations as necessary or appropriate in the public interest or for the protection of investors, accompanied or preceded by a written statement that contains the information specified in subsection (c) of section 305.

(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell through the use or medium of any prospectus or otherwise any security which is not registered under the Securities Act of 1933 and to which this subsection is applicable notwithstanding the provisions of section 304, unless such security has been or is to be issued under an indenture and an application for qualification has been filed as to such indenture, or while the application is the subject of a refusal order or stop order or (prior to qualification) any public proceeding or examination under section 307(c).

(May 27, 1933, ch. 38, title III, Sec. 306, as added Aug. 3, 1939, ch. 411, 53 Stat. 1155; amended Aug. 10, 1954, ch. 667, title III, Sec. 304, 68 Stat. 687.)

QUALIFICATION OF INDENTURES COVERING SECURITIES NOT REQUIRED
TO BE REGISTERED

SEC. 307. (a) In the case of any security which is not required to be registered under the Securities Act of 1933 and to which sub-section (a) of section 306 is applicable notwithstanding the provisions of section 304, an application for qualification of the indenture under which such security has been or is to be issued shall be filed with the Commission by the issuer of such security. Each such application shall be in such form, and shall be signed in such manner, as the Commission may by rules and regulations prescribe as necessary or appropriate in the public interest or for the protection of investors. Each such application shall include the information and documents required by subsection (a) of section 305. The information and documents required by paragraph (1) of such subsection with respect to the person designated to act as indenture trustee shall be contained in a separate part of such application, which part shall be signed by such person. Each such application shall also include such of the other information and documents which would be required to be filed in order to register such indenture security under the Securities Act of 1933 as the Commission may by rules and regulations prescribe as necessary or appropriate in the public interest or for the protection of investors. An application may be withdrawn by the applicant at any time prior to the effective date thereof. Subject to the provisions of section 321, the information and documents contained in or filed with any application shall be made available to the public under such regulations as the Commission may prescribe, and copies thereof, photostatic or otherwise, shall be furnished to every applicant therefor at such reasonable charge as the Commission may prescribe.

(b) The filing with the Commission of an application, or of an amendment to an application, shall be deemed to have taken place upon the receipt thereof by the Commission.

(c) The provisions of section 8 of the Securities Act of 1933 and the provisions of subsection (b) of section 305 of this title shall apply with respect to every such application, as though such application were a registration statement filed pursuant to the provisions of such Act.

(May 27, 1933, ch. 38, title III, Sec. 307, as added Aug. 3, 1939, ch. 411, 53 Stat. 1156; amended Pub. L. 107-123, Sec. 7, Jan. 16, 2002, 115 Stat. 2397.)

INTEGRATION OF PROCEDURE WITH SECURITIES ACT AND OTHER ACTS

SEC. 308. (a) The Commission, by such rules and regulations or orders as it deems necessary or appropriate in the public interest or for the protection of investors, shall authorize the filing of any information or documents required to be filed with the Com-

mission under this title, or under the Securities Act of 1933, the Securities Exchange Act of 1934, or the Public Utility Holding Company Act of 1935, by incorporating by reference any information or documents on file with the Commission under this title or under any such Act.

(b) The Commission, by such rules and regulations or orders as it deems necessary or appropriate in the public interest or for the protection of investors, shall provide for the consolidation of applications, reports, and proceedings under this title with registration statements, applications, reports, and proceedings under the Securities Act of 1933, the Securities Exchange Act of 1934, or the Public Utility Holding Company Act of 1935.

(May 27, 1933, ch. 38, title III, Sec. 308, as added Aug. 3, 1939, ch. 411, 53 Stat. 1156.)

WHEN QUALIFICATION BECOMES EFFECTIVE; EFFECT OF QUALIFICATION

SEC. 309. (a) The indenture under which a security has been or is to be issued shall be deemed to have been qualified under this title—

(1) when registration becomes effective as to such security;
(2) when an application for the qualification of such indenture becomes effective, pursuant to section 307.

(b) After qualification has become effective as to the indenture under which a security has been or is to be issued, no stop order shall be issued pursuant to section 8(d) of the Securities Act of or 1933, suspending the effectiveness of the registration statement relating to such security or of the application for qualification of such indenture, except on one or more of the grounds specified in section 8 of such Act, or the failure of the issuer to file an application as provided for by section 305(b)(2).

(c) The making, amendment, or rescission of a rule, regulation, or order under the provisions of this title (except to the extent authorized by subsection (a) of section 314 with respect to rules and regulations prescribed pursuant to such subsection) shall not affect the qualification, form, or interpretation of any indenture as to which qualification became effective prior to the making, amendment, or rescission of such rule, regulation, or order.

(d) No trustee under an indenture which has been qualified under this title shall be subject to any liability because of any failure of such indenture to comply with any of the provisions of this title, or any rule, regulation, or order thereunder.

(e) Nothing in this title shall be construed as empowering the Commission to conduct an investigation or other proceeding for the purpose of determining whether the provisions of an indenture which has been qualified under this title are being complied with, or to enforce such provisions.

(May 27, 1933, ch. 38, title III, Sec. 309, as added Aug. 3, 1939, ch. 411, 53 Stat. 1157; amended Pub. L. 101-550, title IV, Sec. 405, Nov. 15, 1990, 104 Stat. 2723.)

ELIGIBILITY AND DISQUALIFICATION OF TRUSTEE

PERSONS ELIGIBLE FOR APPOINTMENT AS TRUSTEE

SEC. 310. (a)(1) There shall at all times be one or more trustees under every indenture qualified or to be qualified pursuant to this title, at least one of whom shall at all times be a corporation organized and doing business under the laws of the United States or of any State or Territory or of the District of Columbia or a corporation or other person permitted to act as trustee by the Commission (referred to in this title as the institutional trustee), which (A) is authorized under such laws to exercise corporate trust powers, and (B) is subject to supervision or examination by Federal, State, Territorial, or District of Columbia authority. The Commission may, pursuant to such rules and regulations as it may prescribe, or by order on application, permit a corporation or other person organized and doing business under the laws of a foreign government to act as sole trustee under an indenture qualified or to be qualified pursuant to this title, if such corporation or other person (i) is authorized under such laws to exercise corporate trust powers, and (ii) is subject to supervision or examination by authority of such foreign government or a political subdivision thereof substantially equivalent to supervision or examination applicable to United States institutional trustees. In prescribing such rules and regulations or making such order, the Commission shall consider whether under such laws, a United States institutional trustee is eligible to act as sole trustee under an indenture relating to securities sold within the jurisdiction of such foreign government.

(2) Such institution [1] trustee shall have at all times a combined capital and surplus of a specified minimum amount, which shall not be less than $150,000. If such institutional trustee publishes reports of condition at least annually, pursuant to law or to the requirements of said supervising or examining authority, the indenture may provide that, for the purposes of this paragraph, the combined capital and surplus of such trustee shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published.

(3) If the indenture to be qualified requires or permits the appointment of one or more co-trustees in addition to such institutional trustee, the rights, powers, duties, and obligations conferred or imposed upon the trustees or any of them shall be conferred or imposed upon and exercised or performed by such institutional trustee, or such institutional trustee and such co- trustees jointly, except to the extent that under any law of any jurisdiction in which any particular act or acts are to be performed, such institutional trustee shall be incompetent or unqualified to perform such act or acts, in which event such rights, powers, duties, and obligations shall be exercised and performed by such co-trustees.

(4) In the case of certificates of interest or participation, the indenture trustee or trustees shall have the legal power to exercise all of the rights, powers, and privileges of a holder of the security or securities in which such certificates evidence an interest or participation.

---

[1] So in law. Probably should be "institutional".

(5) No obligor upon the indenture securities or person directly or indirectly controlling, controlled by, or under common control with such obligor shall serve as trustee upon such indenture securities.

(b) If any indenture trustee has or shall acquire any conflicting interest as hereinafter defined—

(i) then, within 90 days after ascertaining that it has such conflicting interest, and if the default (as defined in the next sentence) to which such conflicting interest relates has not been cured or duly waived or otherwise eliminated before the end of such 90-day period, such trustee shall either eliminate such conflicting interest or, except as otherwise provided below in this subsection, resign, and the obligor upon the indenture securities shall take prompt steps to have a successor appointed in the manner provided in the indenture;

(ii) in the event that such trustee shall fail to comply with the provisions of clause (i) of this subsection, such trustee shall, within 10 days after the expiration of such 90-day period, transmit notice of such failure to the indenture security holders in the manner and to the extent provided in subsection (c) of section 313; and

(iii) subject to the provisions of subsection (e) of section 315, unless such trustee's duty to resign is stayed as provided below in this subsection, any security holder who has been a bona fide holder of indenture securities for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the removal of such trustee, and the appointment of a successor, if such trustee fails, after written request thereof by such holder to comply with the provisions of clause (i) of this subsection.

For the purposes of this subsection, an indenture trustee shall be deemed to have a conflicting interest if the indenture securities are in default (as such term is defined in such indenture, but exclusive of any period of grace or requirement of notice) and—

(1) such trustee is trustee under another indenture under which any other securities, or certificates of interest or participation in any other securities, of an obligor upon the indenture securities are outstanding or is trustee for more than one outstanding series of securities, as hereafter defined, under a single indenture of an obligor, unless—

(A) the indenture securities are collateral trust notes under which the only collateral consists of securities issued under such other indenture,

(B) such other indenture is a collateral trust indenture under which the only collateral consists of indenture securities, or

(C) such obligor has no substantial unmortgaged assets and is engaged primarily in the business of owning, or of owning and developing and/or operating, real estate, and the indenture to be qualified and such other indenture are secured by wholly separate and distinct parcels of real estate:

Provided, That the indenture to be qualified shall automatically be deemed (unless it is expressly provided therein that

such provision is excluded) to contain a provision excluding from the operation of this paragraph other series under such indenture, and any other indenture or indentures under which other securities, or certificates of interest or participation in other securities, of such an obligor are outstanding, if—

(i) the indenture to be qualified and any such other indenture or indentures (and all series of securities issuable thereunder) are wholly unsecured and rank equally, and such other indenture or indentures (and such series) are specifically described in the indenture to be qualified or are thereafter qualified under this title, unless the Commission shall have found and declared by order pursuant to subsection (b) of section 305 or subsection (c) of section 307 that differences exist between the provisions of the indenture (or such series) to be qualified and the provisions of such other indenture or indentures (or such series) which are so likely to involve a material conflict of interest as to make it necessary in the public interest or for the protection of investors to disqualify such trustee from acting as such under one of such indentures, or

(ii) the issuer shall have sustained the burden of proving, on application to the Commission and after opportunity for hearing thereon, that trusteeship under the indenture to be qualified and such other indenture or under more than one outstanding series under a single indenture is not so likely to involve a material conflict of interest as to make it necessary in the public interest or for the protection of investors to disqualify such trustee from acting as such under one of such indentures or with respect to such series;

(2) such trustee or any of its directors or executive officers is an underwriter for an obligor upon the indenture securities;

(3) such trustee directly or indirectly controls or is directly or indirectly controlled by or is under direct or indirect common control with an underwriter for an obligor upon the indenture securities;

(4) such trustee or any of its directors or executive officers is a director, officer, partner, employee, appointee, or representative of an obligor upon the indenture securities, or of an underwriter (other than the trustee itself) for such an obligor who is currently engaged in the business of underwriting, except that—

(A) one individual may be a director and/or an executive officer of the trustee and a director and/or an executive officer of such obligor, but may not be at the same time an executive officer of both the trustee and of such obligor,

(B) if and so long as the number of directors of the trustee in office is more than nine, one additional individual may be a director and/or an executive officer of the trustee and a director of such obligor, and

(C) such trustee may be designated by any such obligor or by any underwriter for any such obligor, to act in the capacity of transfer agent, registrar, custodian, paying

agent, fiscal agent, escrow agent, or depositary, or in any other similar capacity, or, subject to the provisions of paragraph (1) of this subsection, to act as trustee, whether under an indenture or otherwise;

(5) 10 per centum or more of the voting securities of such trustee is beneficially owned either by an obligor upon the indenture securities or by any director, partner or executive officer thereof, or 20 per centum or more of such voting securities is beneficially owned, collectively by any two or more of such persons; or 10 per centum or more of the voting securities of such trustee is beneficially owned either by an underwriter for any such obligor or by any director, partner, or executive officer thereof, or is beneficially owned, collectively, by any two or more such persons;

(6) such trustee is the beneficial owner of, or holds as collateral security for an obligation which is in default as hereinafter defined—

(A) 5 per centum or more of the voting securities, or 10 per centum or more of any other class of security, of an obligor upon the indenture securities, not including indentures [2] securities and securities issued under any other indenture under which such trustee is also trustee, or

(B) 10 per centum or more of any class of security of an underwriter for any such obligor;

(7) such trustee is the beneficial owner of, or holds as collateral security for an obligation which is in default as hereinafter defined, 5 per centum or more of the voting securities of any person who, to the knowledge of the trustee, owns 10 per centum or more of the voting securities of, or controls directly or indirectly or is under direct or indirect common control with, an obligor upon the indenture securities;

(8) such trustee is the beneficial owner of, or holds as collateral security for an obligation which is in default as hereinafter defined, 10 per centum or more of any class of security of any person who, to the knowledge of the trustee, owns 50 per centum or more of the voting securities of an obligor upon the indenture securities;

(9) such trustee owns, on the date of default upon the indenture securities (as such term is defined in such indenture but exclusive of any period of grace or requirement of notice) or any anniversary of such default while such default upon the indenture securities remains outstanding, in the capacity of executor, administrator, testamentary or inter vivos trustee, guardian, committee or conservator, or in any other similar capacity, an aggregate of 25 per centum or more of the voting securities, or of any class of security, of any person, the beneficial ownership of a specified percentage of which would have constituted a conflicting interest under paragraph (6), (7), or (8) of this subsection. As to any such securities of which the indenture trustee acquired ownership through becoming executor, administrator or testamentary trustee of an estate which include them, the provisions of the preceding sentence shall not

---

[2] So in law. Probably should be "indenture".

apply for a period of not more than 2 years from the date of such acquisition, to the extent that such securities included in such estate do not exceed 25 per centum of such voting securities or 25 per centum of any such class of security. Promptly after the dates of any such default upon the indenture securities and annually in each succeeding year that the indenture securities remain in default the trustee shall make a check of its holding of such securities in any of the above- mentioned capacities as of such dates. If the obligor upon the indenture securities fails to make payment in full of principal or interest under such indenture when and as the same becomes due and payable, and such failure continues for 30 days thereafter, the trustee shall make a prompt check of its holdings of such securities in any of the above-mentioned capacities as of the date of the expiration of such 30-day period, and after such date, notwithstanding the foregoing provisions of this paragraph, all such securities so held by the trustee, with sole or joint control over such securities vested in it, shall be considered as though beneficially owned by such trustee, for the purposes of paragraphs (6), (7), and (8) of this subsection; or

(10) except under the circumstances described in paragraphs [3] (1), (3), (4), (5) or (6) of section 311(b) of this title, the trustee shall be or shall become a creditor of the obligor.

For purposes of paragraph (1) of this subsection, and of section 316(a) of this title, the term "series of securities" or "series" means a series, class or group of securities issuable under an indenture pursuant to whose terms holders of one such series may vote to direct the indenture trustee, or otherwise take action pursuant to a vote of such holders, separately from holders of another such series: Provided, That "series of securities" or "series" shall not include any series of securities issuable under an indenture if all such series rank equally and are wholly unsecured.

The specification of percentages in paragraphs (5) to (9), inclusive, of this subsection shall not be construed as indicating that the ownership of such percentages of the securities of a person is or is not necessary or sufficient to constitute direct or indirect control for the purposes of paragraph (3) or (7) of this subsection.

For the purposes of paragraphs (6), (7), (8), and (9) of this subsection—

(A) the terms "security" and "securities" shall include only such securities as are generally known as corporate securities, but shall not include any note or other evidence of indebtedness issued to evidence an obligation to repay moneys lent to a person by one or more banks, trust companies, or banking firms, or any certificate of interest or participation in any such note or evidence of indebtedness;

(B) an obligation shall be deemed to be in default when a default in payment of principal shall have continued for thirty days or more, and shall not have been cured; and

(C) the indenture trustee shall not be deemed the owner or holder of (i) any security which it holds as collateral security (as trustee or otherwise) for any obligation which is not in de-

---

[3] So in law. Probably should be "paragraph".

fault as above defined, or (ii) any security which it holds as collateral security under the indenture to be qualified, irrespective of any default thereunder, or (iii) any security which it holds as agent for collection, or as custodian, escrow agent or depositary, or in any similar representative capacity.

For the purposes of this subsection, the term "underwriter" when used with reference to an obligor upon the indenture securities means every person who, within one year prior to the time as of which the determination is made, was an underwriter of any security of such obligor outstanding at the time of the determination.

Except in the case of a default in the payment of the principal of or interest on any indenture security, or in the payment of any sinking or purchase fund installment, the indenture trustee shall not be required to resign as provided by this subsection if such trustee shall have sustained the burden of proving, on application to the Commission and after opportunity for hearing thereon, that—

    (i) the default under the indenture may be cured or waived during a reasonable period and under the procedures described in such application, and

    (ii) a stay of the trustee's duty to resign will not be inconsistent with the interests of holders of the indenture securities. The filing of such an application shall automatically stay the performance of the duty to resign until the Commission orders otherwise.

Any resignation of an indenture trustee shall become effective only upon the appointment of a successor trustee and such successor's acceptance of such an appointment.

APPLICABILITY OF SECTION

(c) The Public Utility Holding Company Act of 1935 shall not be held to establish or authorize the establishment of any standards regarding the eligibility and qualifications of any trustee or prospective trustee under an indenture to be qualified under this title, or regarding the provisions to be included in any such indenture with respect to the eligibility and qualifications of the trustee thereunder, other than those established by the provisions of this section.

(May 27, 1933, ch. 38, title III, Sec. 310, as added Aug. 3, 1939, ch. 411, 53 Stat. 1157; amended Pub. L. 101-550, title IV, Sec. 406-408, Nov. 15, 1990, 104 Stat. 2723, 2724.)

PREFERENTIAL COLLECTION OF CLAIMS AGAINST OBLIGOR

SEC. 311. (a) Subject to the provisions of subsection (b) of this section, if the indenture trustee shall be, or shall become, a creditor, directly or indirectly, secured or unsecured, of an obligor upon the indenture securities, within three months prior to a default as defined in the last paragraph of this subsection, or subsequent to such a default, then, unless and until such default shall be cured, such trustee shall set apart and hold in a special account for the

benefit of the trustee individually and the indenture security holders—

(1) an amount equal to any and all reductions in the amount due and owing upon any claim as such creditor in respect of principal or interest, effected after the beginning of such three months' period and valid as against such obligor and its other creditors, except any such reduction resulting from the receipt or disposition of any property described in paragraph (2) of this subsection, or from the exercise of any right of set-off which the trustee could have exercised if a petition in bankruptcy had been filed by or against such obligor upon the date of such default; and

(2) all property received in respect of any claim as such creditor, either as security therefor, or in satisfaction or composition thereof, or otherwise, after the beginning of such three months' period, or an amount equal to the proceeds of any such property, if disposed of, subject, however, to the rights, if any, of such obligor and its other creditors in such property or such proceeds.

Nothing herein contained shall affect the right of the indenture trustee—

(A) to retain for its own account (i) payments made on account of any such claim by any person (other than such obligor) who is liable thereon, and (ii) the proceeds of the bona fide sale of any such claim by the trustee to a third person, and (iii) distributions made in cash, securities, or other property in respect of claims filed against such obligor in bankruptcy or receivership or in proceedings for reorganization pursuant to the Bankruptcy Act or applicable State law;

(B) to realize, for its own account, upon any property held by it as security for any such claim, if such property was so held prior to the beginning of such three months' period;

(C) to realize, for its own account, but only to the extent of the claim hereinafter mentioned, upon any property held by it as security for any such claim, if such claim was created after the beginning of such three months' period and such property was received as security therefor simultaneously with the creation thereof, and if the trustee shall sustain the burden of proving that at the time such property was so received the trustee had no reasonable cause to believe that a default as defined in the last paragraph of this subsection would occur within three months; or

(D) to receive payment on any claim referred to in paragraph (B) or (C), against the release of any property held as security for such claim as provided in paragraph (B) or (C), as the case may be, to the extent of the fair value of such property.

For the purposes of paragraphs (B), (C), and (D), property substituted after the beginning of such three months' period for property held as security at the time of such substitution shall, to the extent of the fair value of the property released, have the same status as the property released, and, to the extent that any claim referred to in any of such paragraphs is created in renewal of or in substitution for or for the purpose of repaying or refunding any

preexisting claim of the indenture trustee as such creditor, such claim shall have the same status as such preexisting claim.

If the trustee shall be required to account, the funds and property held in such special account and the proceeds thereof shall be apportioned between the trustee and the indenture security holders in such manner that the trustee and indenture security holders realize, as a result of payments from such special account and payments of dividends on claims filed against such obligor in bankruptcy or receivership or in the proceedings for reorganization pursuant to the Bankruptcy Act or applicable State law, the same percentage of their respective claims, figured before crediting to the claim of the trustee anything on account of the receipt by it from such obligor of the funds and property in such special account and before crediting to the respective claims of the trustee and the indenture security holders dividends on claims filed against such obligor in bankruptcy or receivership or in proceedings for reorganization pursuant to the Bankruptcy Act or applicable State law, but after crediting thereon receipts on account of the indebtedness represented by their respective claims from all sources other than from such dividends and from the funds and property so held in such special account. As used in this paragraph, with respect to any claim, the term "dividends" shall include any distribution with respect to such claim, in bankruptcy or receivership or in proceedings for reorganization pursuant to the Bankruptcy Act or applicable State law, whether such distribution is made in cash, securities, or other property, but shall not include any such distribution with respect to the secured portion, if any, of such claim. The court in which such bankruptcy, receivership, or proceeding for reorganization is pending shall have jurisdiction (i) to apportion between the indenture trustee and the indenture security holders, in accordance with the provisions of this paragraph, the funds and property held in such special account and the proceeds thereof, or (ii) in lieu of such apportionment, in whole or in part, to give to the provisions of this paragraph due consideration in determining the fairness of the distributions to be made to the indenture trustee and the indenture security holders with respect to their respective claims, in which event it shall not be necessary to liquidate or to appraise the value of any securities or other property held in such special account or as security for any such claim, or to make a specific allocation of such distributions as between the secured and unsecured portions of such claims, or otherwise to apply the provisions of this paragraph as a mathematical formula.

Any indenture trustee who has resigned or been removed after the beginning of such three months' period shall be subject to the provisions of this subsection as though such resignation or removal had not occurred. Any indenture trustee who has resigned or been removed prior to the beginning of such three months' period shall be subject to the provisions of this subsection if and only if the following conditions exist—

(i) the receipt of property or reduction of claim which would have given rise to the obligation to account, if such indenture trustee had continued as trustee, occurred after the beginning of such three months' period; and

(ii) such receipt of property or reduction of claim occurred within three months after such resignation or removal.

As used in this subsection, the term "default" means any failure to make payment in full of principal or interest, when and as the same becomes due and payable, under any indenture which has been qualified under this title, and under which the indenture trustee is trustee and the person of whom the indenture trustee is directly or indirectly a creditor is an obligor; and the term "indenture security holder" means all holders of securities outstanding under any such indenture under which any such default exists. In any case commenced under the Bankruptcy Act of July 1, 1898, or any amendment thereto enacted prior to November 6, 1978, all references to periods of three months shall be deemed to be references to periods of four months.

(b) The indenture to be qualified shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain provisions excluding from the operation of subsection (a) of this section a creditor relationship arising from—

(1) the ownership or acquisition of securities issued under any indenture, or any security or securities having a maturity of one year or more at the time of acquisition by the indenture trustee;

(2) advances authorized by a receivership or bankruptcy court of competent jurisdiction, or by the indenture, for the purpose of preserving the property subject to the lien of the indenture or of discharging tax liens or other prior liens or encumbrances on the trust estate, if notice of such advance and of the circumstances surrounding the making thereof is given to the indenture security holders, at the time and in the manner provided in the indenture;

(3) disbursements made in the ordinary course of business in the capacity of trustee under an indenture, transfer agent, registrar, custodian, paying agent, fiscal agent or depositary, or other similar capacity;

(4) an indebtedness created as a result of services rendered or premises rented; or an indebtedness created as a result of goods or securities sold in a cash transaction as defined in the indenture;

(5) the ownership of stock or of other securities of a corporation organized under the provisions of section 25(a)[1] of the Federal Reserve Act, as amended, which is directly or indirectly a creditor of an obligor upon the indenture securities; or

(6) the acquisition, ownership, acceptance, or negotiation of any drafts, bills of exchange, acceptances, or obligations which fall within the classification of self-liquidating paper as defined in the indenture.

(c) In the exercise by the Commission of any jurisdiction under the Public Utility Holding Company Act of 1935 regarding the issue or sale, by any registered holding company or a subsidiary company thereof, of any security of such issuer or seller or of any other company to a person which is trustee under an indenture or

---

[1]Section 25(a) of the Federal Reserve Act was renumbered section 25A of that act by Pub. L. 102-242, title I, Sec. 142(e)(2), Dec. 19, 1991, 105 Stat. 2281.

indentures of such issuer or seller or other company, or of a subsidiary or associate company or affiliate of such issuer or seller or other company (whether or not such indenture or indentures are qualified or to be qualified under this title), the fact that such trustee will thereby become a creditor, directly or indirectly, of any of the foregoing shall not constitute a ground for the Commission taking adverse action with respect to any application or declaration, or limiting the scope of any rule or regulation which would otherwise permit such transaction to take effect; but in any case in which such trustee is trustee under an indenture of the company of which it will thereby become a creditor, or of any subsidiary company thereof, this subsection shall not prevent the Commission from requiring (if such requirement would be authorized under the provisions of the Public Utility Holding Company Act of 1935) that such trustee, as such, shall effectively and irrevocably agree in writing, for the benefit of the holders from time to time of the securities from time to time outstanding under such indenture, to be bound by the provisions of this section, subsection (c) of section 315, and, in case of default (as such term is defined in such indenture), subsection (d) of section 315, as fully as though such provisions were included in such indenture. For the purposes of this subsection the terms "registered holding company", "subsidiary company", "associate company", and "affiliate" shall have the respective meanings assigned to such terms in section 2(a) of the Public Utility Holding Company Act of 1935.

(May 27, 1933, ch. 38, title III, Sec. 311, as added Aug. 3, 1939, ch. 411, 53 Stat. 1161; amended Pub. L. 101-550, title IV, Sec. 409, Nov. 15, 1990, 104 Stat. 2728.)

BONDHOLDERS LISTS

SEC. 312. (a) Each obligor upon the indenture securities shall furnish or cause to be furnished to the institutional trustee thereunder at stated intervals of not more than six months, and at such other times as such trustee may request in writing, all information in the possession or control of such obligor, or of any of its paying agents, as to the names and addresses of the indenture security holders, and requiring such trustee to preserve, in as current a form as is reasonably practicable, all such information so furnished to it or received by it in the capacity of paying agent.

(b) Within five business days after the receipt by the institutional trustee of a written application by any three or more indenture security holders stating that the applicants desire to communicate with other indenture security holders with respect to their rights under such indenture or under the indenture securities, and accompanied by a copy of the form of proxy or other communication which such applicants propose to transmit, and by reasonable proof that each such applicant has owned an indenture security for a period of at least six months preceding the date of such application, such institutional trustee shall, at its election, either—

    (1) afford to such applicants access to all information so furnished to or received by such trustee; or

(2) inform such applicants as to the approximate number of indenture security holders according to the most recent information so furnished to or received by such trustee, and as to the approximate cost of mailing to such indenture security holders the form of proxy or other communication, if any, specified in such application.

If such trustee shall elect not to afford to such applicants access to such information, such trustee shall, upon the written request of such applicants, mail to all such indenture security holders copies of the form of proxy or other communication which is specified in such request, with reasonable promptness after a tender to such trustee of the material to be mailed and of payment, or provision for the payment, of the reasonable expenses of such mailing, unless within five days after such tender, such trustee shall mail to such applicants, and file with the Commission together with a copy of the material to be mailed, a written statement to the effect that, in the opinion of such trustee, such mailing would be contrary to the best interests of the indenture security holders or would be in violation of applicable law. Such written statement shall specify the basis of such opinion. After opportunity for hearing upon the objections specified in the written statement so filed, the Commission may, and if demanded by such trustee or by such applicants shall, enter an order either sustaining one or more of such objections or refusing to sustain any of them. If the Commission shall enter an order refusing to sustain any of such objections, or if, after the entry of an order sustaining one or more of such objections, the Commission shall find, after notice and opportunity for hearing, that all objections so sustained have been met, and shall enter an order so declaring, such trustee shall mail copies of such material to all such indenture security holders with reasonable promptness after the entry of such order and the renewal of such tender.

(c) The disclosure of any such information as to the names and addresses of the indenture security holders in accordance with the provisions of this section, regardless of the source from which such information was derived, shall not be deemed to be a violation of any existing law, or of any law hereafter enacted which does not specifically refer to this section, nor shall such trustee be held accountable by reason of mailing any material pursuant to a request made under subsection (b) of this section.

(May 27, 1933, ch. 38, title III, Sec. 312, as added Aug. 3, 1939, ch. 411, 53 Stat. 1164; amended Nov. 15, 1990, Pub. L. 101-550, title IV, Sec. 410, 104 Stat. 2728.)

REPORTS BY INDENTURE TRUSTEE

SEC. 313. (a) The indenture trustee shall transmit to the indenture security holders as hereinafter provided, at stated intervals of not more than 12 months, a brief report with respect to any of the following events which may have occurred within the previous 12 months (but if no such event has occurred within such period no report need be transmitted):—

(1) any change to its eligibility and its qualifications under section 310;

(2) the creation of or any material change to a relationship specified in paragraph (1)[1] through (10) of section 310(b);

(3) the character and amount of any advances made by it, as indenture trustee, which remain unpaid on the date of such report, and for the reimbursement of which it claims or may claim a lien or charge, prior to that of the indenture securities, on the trust estate or on property or funds held or collected by it as such trustee, if such advances so remaining unpaid aggregate more than one-half of 1 per centum of the principal amount of the indenture securities outstanding on such date;

(4) any change to the amount, interest rate, and maturity date of all other indebtedness owing to it in its individual capacity, on the date of such report, by the obligor upon the indenture securities, with a brief description of any property held as collateral security therefor, except an indebtedness based upon a creditor relationship arising in any manner described in paragraphs (2), (3), (4), or (6) of subsection 311[2];

(5) any change to the property and funds physically in its possession as indenture trustee on the date of such report;

(6) any release, or release and substitution, of property subject to the lien of the indenture (and the consideration therefor, if any) which it has not previously reported;

(7) any additional issue of indenture securities which it has not previously reported; and

(8) any action taken by it in the performance of its duties under the indenture which it has not previously reported and which in its opinion materially affects the indenture securities or the trust estate, except action in respect of a default, notice of which has been or is to be withheld by it in accordance with an indenture provision authorized by subsection (b) of section 315.

(b) The indenture trustee shall transmit to the indenture security holders as hereinafter provided, within the times hereinafter specified, a brief report with respect to—

(1) the release, or release and substitution, of property subject to the lien of the indenture (and the consideration therefor, if any) unless the fair value of such property, as set forth in the certificate or opinion required by paragraph (1) of subsection (d) of section 314, is less than 10 per centum of the principal amount of indenture securities outstanding at the time of such release, or such release and substitution, such report to be so transmitted within 90 days after such time; and

(2) the character and amount of any advances made by it as such since the date of the last report transmitted pursuant to the provisions of subsection (a) (or if no such report has yet been so transmitted, since the date of execution of the indenture), for the reimbursement of which it claims or may claim a lien or charge, prior to that of the indenture securities, on the trust estate or on property or funds held or collected by it as such trustee, and which it has not previously reported pursuant to this paragraph, if such advances remaining unpaid at

---

[1] So in law. Probably should be "paragraphs".
[2] So in law. Probably should read "subsection (b) of section 311".

any time aggregate more than 10 per centum of the principal amount of indenture securities outstanding at such time, such report to be so transmitted within 90 days after such time.

(c) Reports pursuant to this section shall be transmitted by mail—

    (1) to all registered holders of indenture securities, as the names and addresses of such holders appear upon the registration books of the obligor upon the indenture securities;

    (2) to such holders of indenture securities as have, within the two years preceding such transmission, filed their names and addresses with the indenture trustee for that purpose; and

    (3) except in the case of reports pursuant to subsection (b) of this section, to all holders of indenture securities whose names and addresses have been furnished to or received by the indenture trustee pursuant to section 312.

(d) A copy of each such report shall, at the time of such transmission to indenture security holders, be filed with each stock exchange upon which the indenture securities are listed, and also with the Commission.

(May 27, 1933, ch. 38, title III, Sec. 313, as added Aug. 3, 1939, ch. 411, 53 Stat. 1165; amended Pub. L. 101-550, title IV, Sec. 411, 412, Nov. 15, 1990, 104 Stat. 2729; Pub. L. 105-353, title III, Sec. 301(e)(3), Nov. 3, 1998, 112 Stat. 3237.)

REPORTS BY OBLIGOR; EVIDENCE OF COMPLIANCE WITH INDENTURE PROVISIONS

PERIODIC REPORTS

SEC. 314. (a) Each person who, as set forth in the registration statement or application, is or is to be an obligor upon the indenture securities covered thereby shall—

    (1) file with the indenture trustee copies of the annual reports and of the information, documents, and other reports (or copies of such portions of any of the foregoing as the Commission may by rules and regulations prescribe) which such obligor is required to file with the Commission pursuant to section 13 or section 15(d) of the Securities Exchange Act of 1934; or, if the obligor is not required to file information, documents, or reports pursuant to either of such sections, then to file with the indenture trustee and the Commission, in accordance with rules and regulations prescribed by the Commission, such of the supplementary and periodic information, documents, and reports which may be required pursuant to section 13 of the Securities Exchange Act of 1934, in respect of a security listed and registered on a national securities exchange as may be prescribed in such rules and regulations;

    (2) file with the indenture trustee and the Commission, in accordance with rules and regulations prescribed by the Commission, such additional information, documents, and reports with respect to compliance by such obligor with the conditions and covenants provided for in the indenture, as may be required by such rules and regulations, including, in the case of

annual reports, if required by such rules and regulations, certificates or opinions of independent public accountants, conforming to the requirements of subsection (e) of this section, as to compliance with conditions or covenants, compliance with which is subject to verification by accountants, but no such certificate or opinion shall be required as to any matter specified in clauses (A), (B), or (C) of paragraph (3) of subsection (c);

(3) transmit to the holders of the indenture securities upon which such person is an obligor, in the manner and to the extent provided in subsection (c) of section 313, such summaries of any information, documents, and reports required to be filed by such obligor pursuant to the provisions of paragraph (1) or (2) of this subsection as may be required by rules and regulations prescribed by the Commission; and

(4) furnish to the indenture trustee, not less often than annually, a brief certificate from the principal executive officer, principal financial officer or principal accounting officer as to his or her knowledge of such obligor's compliance with all conditions and covenants under the indenture. For purposes of this paragraph, such compliance shall be determined without regard to any period of grace or requirement of notice provided under the indenture.

The rules and regulations prescribed under this subsection shall be such as are necessary or appropriate in the public interest or for the protection of investors, having due regard to the types of indentures, and the nature of the business of the class of obligors affected thereby, and the amount of indenture securities outstanding under such indentures, and, in the case of any such rules and regulations prescribed after the indentures to which they apply have been qualified under this title, the additional expense, if any, of complying with such rules and regulations. Such rules and regulations may be prescribed either before or after qualification becomes effective as to any such indenture.

EVIDENCE OF RECORDING OF INDENTURE

(b) If the indenture to be qualified is or is to be secured by the mortgage or pledge of property, the obligor upon the indenture securities shall furnish to the indenture trustee—

(1) promptly after the execution and delivery of the indenture, an opinion of counsel (who may be of counsel for such obligor) either stating that in the opinion of such counsel the indenture has been properly recorded and filed so as to make effective the lien intended to be created thereby, and reciting the details of such action, or stating that in the opinion of such counsel no such action is necessary to make such lien effective; and

(2) at least annually after the execution and delivery of the indenture, an opinion of counsel (who may be of counsel for such obligor) either stating that in the opinion of such counsel such action has been taken with respect to the recording, filing, rerecording, and refiling of the indenture as is necessary to maintain the lien of such indenture, and reciting the details

of such action, or stating that in the opinion of such counsel no such action is necessary to maintain such lien.

EVIDENCE OF COMPLIANCE WITH CONDITIONS PRECEDENT

(c) The obligor upon the indenture securities shall furnish to the indenture trustee evidence of compliance with the conditions precedent, if any, provided for in the indenture (including any covenants compliance with which constitutes a condition precedent) which relate to the authentication and delivery of the indenture securities, to the release or the release and substitution of property subject to the lien of the indenture, to the satisfaction and discharge of the indenture, or to any other action to be taken by the indenture trustee at the request or upon the application of such obligor. Such evidence shall consist of the following:

(1) certificates or opinions made by officers of such obligor who are specified in the indenture, stating that such conditions precedent have been complied with;

(2) an opinion of counsel (who may be of counsel for such obligor) stating that in his opinion such conditions precedent have been complied with; and

(3) in the case of conditions precedent compliance with which is subject to verification by accountants (such as conditions with respect to the preservation of specified ratios, the amount of net quick assets, negative-pledge clauses, and other similar specific conditions), a certificate or opinion of an accountant, who, in the case of any such conditions precedent to the authentication and delivery of indenture securities, and not otherwise, shall be an independent public accountant selected or approved by the indenture trustee in the exercise of reasonable care, if the aggregate principal amount of such indenture securities and of other indenture securities authenticated and delivered since the commencement of the then current calendar year (other than those with respect to which a certificate or opinion of an accountant is not required, or with respect to which a certificate or opinion of an independent public accountant has previously been furnished) is 10 per centum or more of the aggregate amount of the indenture securities at the time outstanding; but no certificate or opinion need be made by any person other than an officer or employee of such obligor who is specified in the indenture, as to (A) dates or periods not covered by annual reports required to be filed by the obligor, in the case of conditions precedent which depend upon a state of facts as of a date or dates or for a period or periods different from that required to be covered by such annual reports, or (B) the amount and value of property additions, except as provided in paragraph (3) of subsection (d), or (C) the adequacy of depreciation, maintenance, or repairs.

CERTIFICATES OF FAIR VALUE

(d) If the indenture to be qualified is or is to be secured by the mortgage or pledge of property or securities, the obligor upon the indenture securities shall furnish to the indenture trustee a certifi-

cate or opinion of an engineer, appraiser, or other expert as to the fair value—

(1) of any property or securities to be released from the lien of the indenture, which certificate or opinion shall state that in the opinion of the person making the same the proposed release will not impair the security under such indenture in contravention of the provisions thereof, and requiring further that such certificate or opinion shall be made by an independent engineer, appraiser, or other expert, if the fair value of such property or securities and of all other property or securities released since the commencement of the then current calendar year, as set forth in the certificates or opinions required by this paragraph, is 10 per centum or more of the aggregate principal amount of the indenture securities at the time outstanding; but such a certificate or opinion of an independent engineer, appraiser, or other expert shall not be required in the case of any release of property or securities, if the fair value thereof as set forth in the certificate or opinion required by this paragraph is less than $25,000 or less than 1 per centum of the aggregate principal amount of the indenture securities at the time outstanding;

(2) to such obligor of any securities (other than indenture securities and securities secured by a lien prior to the lien of the indenture upon property subject to the lien of the indenture), the deposit of which with the trustee is to be made the basis for the authentication and delivery of indenture securities, the withdrawal of cash constituting a part of the trust estate or the release of property or securities subject to the lien of the indenture, and requiring further that if the fair value to such obligor of such securities and of all other such securities made the basis of any such authentication and delivery, withdrawal, or release since the commencement of the then current calendar year, as set forth in the certificates or opinions required by this paragraph, is 10 per centum or more of the aggregate principal amount of the indenture securities at the time outstanding, such certificate or opinion shall be made by an independent engineer, appraiser, or other expert and, in the case of the authentication and delivery of indenture securities, shall cover the fair value to such obligor of all other such securities so deposited since the commencement of the current calendar year as to which a certificate or opinion of an independent engineer, appraiser, or other expert has not previously been furnished; but such a certificate of an independent engineer, appraiser, or other expert shall not be required with respect to any securities so deposited, if the fair value thereof to such obligor as set forth in the certificate or opinion required by this paragraph is less than $25,000 or less than 1 per centum of the aggregate principal amount of the indenture securities at the time outstanding; and

(3) to such obligor of any property the subjection of which to the lien of the indenture is to be made the basis for the authentication and delivery of indenture securities, the withdrawal of cash constituting a part of the trust estate, or the

release of property or securities subject to the lien of the indenture, and requiring further that if—

>(A) within six months prior to the date of acquisition thereof by such obligor, such property has been used or operated, by a person or persons other than such obligor, in a business similar to that in which it has been or is to be used or operated by such obligor, and

>(B) the fair value to such obligor of such property as set forth in such certificate or opinion is not less than $25,000 and not less than 1 per centum of the aggregate principal amount of the indenture securities at the time outstanding,

such certificate or opinion shall be made by an independent engineer, appraiser, or other expert and, in the case of the authentication and delivery of indenture securities, shall cover the fair value to the obligor of any property so used or operated which has been so subjected to the lien of the indenture since the commencement of the then current calendar year, and as to which a certificate or opinion of an independent engineer, appraiser, or other expert has not previously been furnished. The indenture to be qualified shall automatically be deemed (unless it is expressly provided therein that such provision is excluded) to provide that any such certificate or opinion may be made by an officer or employee of the obligor upon the indenture securities who is duly authorized to make such certificate or opinion by the obligor from time to time, except in cases in which this subsection requires that such certificate or opinion be made by an independent person. In such cases, such certificate or opinion shall be made by an independent engineer, appraiser, or other expert selected or approved by the indenture trustee in the exercise of reasonable care.

RECITALS AS TO BASIS OF CERTIFICATE OR OPINION

(e) Each certificate or opinion with respect to compliance with a condition or covenant provided for in the indenture (other than certificates provided pursuant to subsection (a)(4) of this section) shall include (1) a statement that the person making such certificate or opinion has read such covenant or condition; (2) a brief statement as to the nature and scope of the examination or investigation upon which the statements or opinions contained in such certificate or opinion are based; (3) a statement that, in the opinion of such person, he has made such examination or investigation as is necessary to enable him to express an informed opinion as to whether or not such covenant or condition has been complied with; and (4) a statement as to whether or not, in the opinion of such person, such condition or covenant has been complied with.

PARTIES MAY PROVIDE FOR ADDITIONAL EVIDENCE

(f) Nothing in this section shall be construed either as requiring the inclusion in the indenture to be qualified of provisions that the obligor upon the indenture securities shall furnish to the indenture trustee any other evidence of compliance with the conditions and covenants provided for in the indenture than the evidence

specified in this section, or as preventing the inclusion of such provisions in such indenture, if the parties so agree.

(May 27, 1933, ch. 38, title III, Sec. 314, as added Aug. 3, 1939, ch. 411, 53 Stat. 1167; amended Pub. L. 101-550, title IV, Sec. 413, Nov. 15, 1990, 104 Stat. 2729.)

### DUTIES AND RESPONSIBILITY OF THE TRUSTEE

### DUTIES PRIOR TO DEFAULT

SEC. 315. (a) The indenture to be qualified shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to provide that, prior to default (as such term is defined in such indenture)—

(1) the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture; and

(2) the indenture trustee may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, in the absence of bad faith on the part of such trustee, upon certificates or opinions conforming to the requirements of the indenture;

but the indenture trustee shall examine the evidence furnished to it pursuant to section 314 to determine whether or not such evidence conforms to the requirements of the indenture.

### NOTICE OF DEFAULTS

(b) The indenture trustee shall give to the indenture security holders, in the manner and to the extent provided in subsection (c) of section 313, notice of all defaults known to the trustee, within ninety days after the occurrence thereof: Provided, That such indenture shall automatically be deemed (unless it is expressly provided therein that such provision is excluded) to provide that, except in the case of default in the payment of the principal of or interest on any indenture security, or in the payment of any sinking or purchase fund installment, the trustee shall be protected in withholding such notice if and so long as the board of directors, the executive committee, or a trust committee of directors and/or responsible officers, of the trustee in good faith determine that the withholding of such notice is in the interests of the indenture security holders.

### DUTIES OF THE TRUSTEE IN CASE OF DEFAULT

(c) The indenture trustee shall exercise in case of default (as such term is defined in such indenture) such of the rights and powers vested in it by such indenture, and to use the same degree of care and skill in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.

### RESPONSIBILITY OF THE TRUSTEE

(d) The indenture to be qualified shall not contain any provisions relieving the indenture trustee from liability for its own neg-

ligent action, its own negligent failure to act, or its own willful misconduct, except that—

(1) such indenture shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain the provisions authorized by paragraphs (1) and (2) of subsection (a) of this section;

(2) such indenture shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain provisions protecting the indenture trustee from liability for any error of judgment made in good faith by a responsible officer or officers of such trustee, unless it shall be proved that such trustee was negligent in ascertaining the pertinent facts; and

(3) such indenture shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain provisions protecting the indenture trustee with respect to any action taken or omitted to be taken by it in good faith in accordance with the direction of the holders of not less than a majority in principal amount of the indenture securities at the time outstanding (determined as provided in subsection (a) of section 316) relating to the time, method, and place of conducting any proceeding for any remedy available to such trustee, or exercising any trust or power conferred upon such trustee, under such indenture.

### UNDERTAKING FOR COSTS

(e) The indenture to be qualified shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain provisions to the effect that all parties thereto, including the indenture security holders, agree that the court may in its discretion require, in any suit for the enforcement of any right or remedy under such indenture, or in any suit against the trustee for any action taken or omitted by it as trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, and that such court may in its discretion assess reasonable costs, including reasonable attorneys' fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant: Provided, That the provisions of this subsection shall not apply to any suit instituted by such trustee, to any suit instituted by any indenture security holder, or group of indenture security holders, holding in the aggregate more than 10 per centum in principal amount of the indenture securities outstanding, or to any suit instituted by any indenture security holder for the enforcement of the payment of the principal of or interest on any indenture security, on or after the respective due dates expressed in such indenture security.

(May 27, 1933, ch. 38, title III, Sec. 315, as added Aug. 3, 1939, ch. 411, 53 Stat. 1171; amended Pub. L. 101-550, title IV, Sec. 414, Nov. 15, 1990, 104 Stat. 2730.)

DIRECTIONS AND WAIVERS BY BONDHOLDERS; PROHIBITION OF
IMPAIRMENT OF HOLDER'S RIGHT TO PAYMENT

SEC. 316. (a) The indenture to be qualified—

(1) shall automatically be deemed (unless it is expressly provided therein that any such provision is excluded) to contain provisions authorizing the holders of not less than a majority in principal amount of the indenture securities or if expressly specified in such indenture, of any series of securities at the time outstanding (A) to direct the time, method, and place of conducting any proceeding for any remedy available to such trustee, or exercising any trust or power conferred upon such trustee, under such indenture, or (B) on behalf of the holders of all such indenture securities, to consent to the waiver of any past default and its consequences; or

(2) may contain provisions authorizing the holders of not less than 75 per centum in principal amount of the indenture securities or if expressly specified in such indenture, of any series of securities at the time outstanding to consent on behalf of the holders of all such indenture securities to the postponement of any interest payment for a period not exceeding three years from its due date.

For the purposes of this subsection and paragraph (3) of subsection (d) of section 315, in determining whether the holders of the required principal amount of indenture securities have concurred in any such direction or consent, indenture securities owned by any obligor upon the indenture securities, or by any person directly or indirectly controlling or controlled by or under direct or indirect common control with any such obligor, shall be disregarded, except that for the purposes of determining whether the indenture trustee shall be protected in relying on any such direction or consent, only indenture securities which such trustee knows are so owned shall be so disregarded.

(b) Notwithstanding any other provision of the indenture to be qualified, the right of any holder of any indenture security to receive payment of the principal of and interest on such indenture security, on or after the respective due dates expressed in such indenture security, or to institute suit for the enforcement of any such payment on or after such respective dates, shall not be impaired or affected without the consent of such holder, except as to a postponement of an interest payment consented to as provided in paragraph (2) of subsection (a), and except that such indenture may contain provisions limiting or denying the right of any such holder to institute any such suit, if and to the extent that the institution or prosecution thereof or the entry of judgment therein would, under applicable law, result in the surrender, impairment, waiver, or loss of the lien of such indenture upon any property subject to such lien.

(c) The obligor upon any indenture qualified under this title may set a record date for purposes of determining the identity of indenture security holders entitled to vote or consent to any action by vote or consent authorized or permitted by subsection (a) of this section. Unless the indenture provides otherwise, such record date shall be the later of 30 days prior to the first solicitation of such

consent or the date of the most recent list of holders furnished to the trustee pursuant to section 312 of this title prior to such solicitation.

(May 27, 1933, ch. 38, title III, Sec. 316, as added Aug. 3, 1939, ch. 411, 53 Stat. 1172; amended Pub. L. 101-550, title IV, Sec. 415, Nov. 15, 1990, 104 Stat. 2731.)

SPECIAL POWERS OF TRUSTEE; DUTIES OF PAYING AGENTS

SEC. 317. (a) The indenture trustee shall be authorized—

(1),[1] in the case of a default in payment of the principal of any indenture security, when and as the same shall become due and payable, or in the case of a default in payment of the interest on any such security, when and as the same shall become due and payable and the continuance of such default for such period as may be prescribed in such indenture, to recover judgment, in its own name and as trustee of an express trust, against the obligor upon the indenture securities for the whole amount of such principal and interest remaining unpaid; and

(2) to file such proofs of claim and other papers or documents as may be necessary or advisable in order to have the claims of such trustee and of the indenture security holders allowed in any judicial proceedings relative to the obligor upon the indenture securities, its creditors, or its property.

(b) Each paying agent shall hold in trust for the benefit of the indenture security holders or the indenture trustee all sums held by such paying agent for the payment of the principal of or interest on the indenture securities, and shall give to such trustee notice of any default by any obligor upon the indenture securities in the making of any such payment.

(May 27, 1933, ch. 38, title III, Sec. 317, as added Aug. 3, 1939, ch. 411, 53 Stat. 1173; amended Pub. L. 101-550, title IV, Sec. 416, Nov. 15, 1990, 104 Stat. 2731.)

EFFECT OF PRESCRIBED INDENTURE PROVISIONS

SEC. 318. (a) If any provision of the indenture to be qualified limits, qualifies, or conflicts with the duties imposed by operation of subsection (c) of this section, the imposed duties shall control.

(b) The indenture to be qualified may contain, in addition to provisions specifically authorized under this title to be included therein, any other provisions the inclusion of which is not in contravention of any provision of this title.

(c) The provisions of sections 310 to and including 317 that impose duties on any person (including provisions automatically deemed included in an indenture unless the indenture provides that such provisions are excluded) are a part of and govern every qualified indenture, whether or not physically contained therein, shall be deemed retroactively to govern each indenture heretofore qualified, and prospectively to govern each indenture hereafter

---

[1] So in law. The comma probably should be striken.

qualified under this title and shall be deemed retroactively to amend and supersede inconsistent provisions in each such indenture heretofore qualified. The foregoing provisions of this subsection shall not be deemed (to effect the inclusion (by retroactive amendment or otherwise) in the text of any indenture heretofore qualified of any of the optional provisions contemplated by section 310(b)(1), 311(b), 314(d), 315(a), 315(b), 315(d), 315(e), or 316(a)(1).

(May 27, 1933, ch. 38, title III, Sec. 318, as added Aug. 3, 1939, ch. 411, 53 Stat. 1173; amended Pub. L. 101-550, title IV, Sec. 417, Nov. 15, 1990, 104 Stat. 2731.)

RULES, REGULATIONS, AND ORDERS

SEC. 319. (a) The Commission shall have authority from time to time to make, issue, amend, and rescind such rules and regulations and such orders as it may deem necessary or appropriate in the public interest or for the protection of investors to carry out the provisions of this title, including rules and regulations defining accounting, technical, and trade terms used in this title. Among other things, the Commission shall have authority, (1) by rules and regulations, to prescribe for the purposes of section 310(b) the method (to be fixed in indentures to be qualified under this title) of calculating percentages of voting securities and other securities; (2) by rules and regulations, to prescribe the definitions of the terms "cash transaction" and "self- liquidating paper" which shall be included in indentures to be qualified under this title, which definitions shall include such of the creditor relationships referred to in paragraphs (4) and (6) of subsection (b) of section 311 as to which the Commission determines that the application of subsection (a) of such section is not necessary in the public interest or for the protection of investors, having due regard for the purposes of such subsection; and (3) for the purposes of this title, to prescribe the form or forms in which information required in any statement, application, report, or other document filed with the Commission shall be set forth. For the purpose of its rules or regulations the Commission may classify persons, securities, indentures, and other matters within its jurisdiction and prescribe different requirements for different classes of persons, securities, indentures, or matters.

(b) Subject to the provisions of chapter 15 of title 44, United States Code, and regulations prescribed under the authority thereof, the rules and regulations of the Commission under this title shall be effective upon publication in the manner which the Commission shall prescribe, or upon such later date as may be provided in such rules and regulations.

(c) No provision of this title imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or order of the Commission, notwithstanding that such rule, regulation, or order may, after such act or omission, be amended or rescinded or be determined by judicial or other authority to be invalid for any reason.

(May 27, 1933, ch. 38, title III, Sec. 319, as added Aug. 3, 1939, ch. 411, 53 Stat. 1173; Pub. L. 105-353, title III, Sec. 301(e)(4), Nov. 3, 1998, 112 Stat. 3237.)

HEARINGS BY COMMISSION

SEC. 320. Hearings may be public and may be held before the Commission, any member or members thereof, or any officer or officers of the Commission designated by it, and appropriate records thereof shall be kept.

(May 27, 1933, ch. 38, title III, Sec. 320, as added Aug. 3, 1939, ch. 411, 53 Stat. 1174.)

SPECIAL POWERS OF THE COMMISSION

SEC. 321. (a) For the purpose of any investigation or any other proceeding which, in the opinion of the Commission, is necessary and proper for the enforcement of this title, any member of the Commission, or any officer thereof designated by it, is empowered to administer oaths and affirmations, subpena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, contracts, agreements, or other records which the Commission deems relevant or material to the inquiry. Such attendance of witnesses and the production of any such books, papers, correspondence, memoranda, contracts, agreements, or other records may be required from any place in the United States or in any Territory at any designated place of investigation or hearing. In addition, the Commission shall have the powers with respect to investigations and hearings, and with respect to the enforcement of, and offenses and violations under, this title and rules and regulations and orders prescribed under the authority thereof, provided in sections 20, 22(b), and 22(c) of the Securities Act of 1933.

(b) The Treasury Department, the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Reserve Banks, and the Federal Deposit Insurance Corporation are hereby authorized, under such conditions as they may prescribe, to make available to the Commission such reports, records, or other information as they may have available with respect to trustees or prospective trustees under indentures qualified or to be qualified under this title, and to make through their examiners or other employees for the use of the Commission, examinations of such trustees or prospective trustees. Every such trustee or prospective trustee shall, as a condition precedent to qualification of such indenture, consent that reports of examinations by Federal, State, Territorial, or District authorities may be furnished by such authorities to the Commission upon request therefor.

Notwithstanding any provision of this title, no report, record, or other information made available to the Commission under this subsection, no report of an examination made under this subsection for the use of the Commission, no report of an examination made of any trustee or prospective trustee by any Federal, State, Terri-

torial, or District authority having jurisdiction to examine or supervise such trustee, no report made by any such trustee or prospective trustee to any such authority, and no correspondence between any such authority and any such trustee or prospective trustee, shall be divulged or made known or available by the Commission or any member, officer, agent, or employee thereof, to any person other than a member, officer, agent, or employee of the Commission: Provided, That the Commission may make available to the Attorney General of the United States, in confidence, any information obtained from such records, reports of examination, other reports, or correspondence, and deemed necessary by the Commission, or requested by him, for the purpose of enabling him to perform his duties under this title.

(c) Any investigation of a prospective trustee, or any proceeding or requirement for the purpose of obtaining information regarding a prospective trustee, under any provision of this title, shall be limited—

(1) to determining whether such prospective trustee is qualified to act as trustee under the provisions of subsection (b) of section 310;

(2) to requiring the inclusion in the registration statement or application of information with respect to the eligibility of such prospective trustee under paragraph (1) of subsection (a) of such section 310; and

(3) to requiring the inclusion in the registration statement or application of the most recent published report of condition of such prospective trustee, as described in paragraph (2) of such subsection (a), or, if the indenture does not contain the provision with respect to combined capital and surplus authorized by the last sentence of paragraph (2) of subsection (a) of such section 310, to determining whether such prospective trustee is eligible to act as such under such paragraph (2).

(d) The provisions section 4(b)) of the Securities Exchange Act of 1934 shall be applicable with respect to the power of the Commission—

(1) to appoint and fix the compensation of such employees as may be necessary for carrying out its functions under this title, and

(2) to lease and allocate such real property as may be necessary for carrying out its functions under this title.

(May 27, 1933, ch. 38, title III, Sec. 321, as added Aug. 3, 1939, ch. 411, 53 Stat. 1174; amended Pub. L. 101-550, title I, Sec. 104(b), Nov. 15, 1990, 104 Stat. 2714.)

COURT REVIEW OF ORDERS; JURISDICTION OF OFFENSES AND SUITS

SEC. 322. (a) Orders of the Commission under this title (including orders pursuant to the provisions of sections 305(b) and 307(c)) shall be subject to review in the same manner, upon the same conditions, and to the same extent, as provided in section 9 of the Securities Act of 1933, with respect to orders of the Commission under such Act.

(b) Jurisdiction of offenses and violations under, and jurisdiction and venue of suits and actions brought to enforce any liability or duty created by, this title, or any rules or regulations or orders prescribed under the authority thereof, shall be as provided in section 22(a) of the Securities Act of 1933.

(May 27, 1933, ch. 38, title III, Sec. 322, as added Aug. 3, 1939, ch. 411, 53 Stat. 1175; amended Pub. L. 101-550, title IV, Sec. 418, Nov. 15, 1990, 104 Stat. 2732.)

LIABILITY FOR MISLEADING STATEMENTS

SEC. 323. (a) Any person who shall make or cause to be made any statement in any application, report, or document filed with the Commission pursuant to any provisions of this title, or any rule, regulation, or order thereunder, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, or who shall omit to state any material fact required to be stated therein or necessary to make the statements therein not misleading, shall be liable to any person (not knowing that such statement was false or misleading or of such omission) who, in reliance upon such statement or omission, shall have purchased or sold a security issued under the indenture to which such application, report, or document relates, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading or of such omission. A person seeking to enforce such liability may sue at law or in equity in any court of competent jurisdiction. In any such suit the court may, in its discretion, require an undertaking for the payment of the costs of such suit and assess reasonable costs, including reasonable attorneys' fees, against either party litigant, having due regard to the merits and good faith of the suit or defense. No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued.

(b) The rights and remedies provided by this title shall be in addition to any and all other rights and remedies that may exist under the Securities Act of 1933, or the Securities Exchange Act of 1934, or the Public Utility Holding Company Act of 1935, or otherwise at law or in equity; but no person permitted to maintain a suit for damages under the provisions of this title shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of.

(May 27, 1933, ch. 38, title III, Sec. 323, as added Aug. 3, 1939, ch. 411, 53 Stat. 1176.)

### UNLAWFUL REPRESENTATIONS

SEC. 324. It shall be unlawful for any person in offering, selling, or issuing any security to represent or imply in any manner whatsoever that any action or failure to act by the Commission in the administration of this title means that the Commission has in any way passed upon the merits of, or given approval to, any trustee, indenture or security, or any transaction or transactions therein, or that any such action or failure to act with regard to any statement or report filed with or examined by the Commission pursuant to this title or any rule, regulation, or order thereunder, has the effect of a finding by the Commission that such statement or report is true and accurate on its face or that it is not false or misleading.

(May 27, 1933, ch. 38, title III, Sec. 324, as added Aug. 3, 1939, ch. 411, 53 Stat. 1176; amended Aug. 10, 1954, ch. 667, title III, Sec. 305, 68 Stat. 688.)

### PENALTIES

SEC. 325. Any person who willfully violates any provision of this title or any rule, regulation, or order thereunder, or any person who willfully, in any application, report, or document filed or required to be filed under the provisions of this title or any rule, regulation, or order thereunder, makes any untrue statement of a material fact or omits to state any material fact required to be stated therein or necessary to make the statements therein not misleading, shall upon conviction be fined not more than $10,000 or imprisoned not more than five years, or both.

(May 27, 1933, ch. 38, title III, Sec. 325, as added Aug. 3, 1939, ch. 411, 53 Stat. 1177; amended Pub. L. 94-29, Sec. 27(d), June 4, 1975, 89 Stat. 163.)

### EFFECT ON EXISTING LAW

SEC. 326. Except as otherwise expressly provided, nothing in this title shall affect (1) the jurisdiction of the Commission under the Securities Act of 1933, or the Securities Exchange Act of 1934, or the Public Utility Holding Company Act of 1935, over any person, security, or contract, or (2) the rights, obligations, duties, or liabilities of any person under such Acts; nor shall anything in this title affect the jurisdiction of any other commission, board, agency, or officer of the United States or of any State or political subdivision of any State, over any person or security, insofar as such jurisdiction does not conflict with any provision of this title or any rule, regulation, or order thereunder.

(May 27, 1933, ch. 38, title III, Sec. 326, as added Aug. 3, 1939, ch. 411, 53 Stat. 1177.)

CONTRARY STIPULATIONS VOID

SEC. 327. Any condition, stipulation, or provision binding any person to waive compliance with any provision of this title or with any rule, regulation, or order thereunder shall be void.

(May 27, 1933, ch. 38, title III, Sec. 327, as added Aug. 3, 1939, ch. 411, 53 Stat. 1177.)

SEPARABILITY OF PROVISIONS

SEC. 328. If any provision of this title or the application of such provision to any person or circumstance shall be held invalid, the remainder of the title and the application of such provision to persons or circumstances other than those as to which it is held invalid shall not be affected thereby.

(May 27, 1933, ch. 38, title III, Sec. 328, as added Aug. 3, 1939, ch. 411, 53 Stat. 1177.)