Federal Communications Commission FCC 07-211

## DISSENTING STATEMENT OF
## COMMISSIONER MICHAEL J. COPPS

*Re: In the Matter of the Applications of Shareholders of Tribune Company, Transferors and Sam Zell, et al., Transferees, for Consent to the Transfer of Control of the Tribune Company and Applications for the Renewal of License of KTLA(TV), Los Angeles, California, et al. – MB Docket No. 07-119.*

If this Order were a newspaper, the banner headline would read "FCC Majority Uses Legal Subterfuge to Push for Total Elimination of Cross-Ownership Ban."

I have to admit, part of me admires the clever legal maneuvering. If the majority simply granted a two-year waiver to Tribune – which would have been the straightforward thing to do – Tribune would have been unable to go to court because a party cannot file an appeal if their waiver request is granted. So what does this Order do? It *denies* the waiver request but offers an automatic (and unprecedented) waiver extension as soon as Tribune runs to the courthouse door, lasting for two years or until the litigation concludes – whichever is *longer*. Presto! Tribune gets at least a two-year waiver plus the ability to go to court immediately and see if they can get the entire rule thrown out. And most important, Tribune is *not* required to seek a hearing before the very court which expressly retained jurisdiction when it remanded the general newspaper-broadcast cross-ownership ban. Instead, Tribune can end run the Third Circuit and petition for review before what it may hope is a more sympathetic court.

The more I think about this approach, however, the more troubled I become. Publicly, the Chairman claims to want only a "modest" relaxation of the cross-ownership ban. Privately, he enlists Tribune as an accomplice to try and get the ban overturned in court. If the Chairman wants to eliminate the ban, he should stand up and say so. It's time to end the charade.

Although I object to the entire Order, I note that the permanent cross-ownership waiver in Chicago has absolutely no basis in the record or Commission precedent. None of these properties are in distress, and the fact that Chicago is a large market does not distinguish this case from scores of other combinations that exist now or could be formed in the future. Nor is a permanent waiver justified by the "long-term symbiotic relationship" among the properties. When these and other combinations were grandfathered, the Commission made clear that when they were voluntarily sold, it had to be to separate buyers. Thus, the Commission's policy, upheld by the Supreme Court, was to increase competition and diversity over time without disrupting existing service. *See FCC v. National Citizens Comm. for Broadcasting*, 436 U.S. 775 (1978); *Capital Cities/ABC Inc.*, 11 FCC Rcd 5841 (1995). To argue now that the passage of time argues for a permanent waiver is a brazen reversal of thirty years of settled precedent.

I dissent.

Highly Confidential - Attorneys' Eyes Only JPM_00338376

| Federal Communications Commission | FCC 07-211 |
|---|---|

## DISSENTING STATEMENT OF
## COMMISSIONER JONATHAN S. ADELSTEIN

Re:  *Applications of Shareholders of Tribune Company, Transferors and Sam Zell, et al., Transferees For Consent to the Transfer of Control of The Tribune Company and Applications for the Renewal of License of KTLA(TV), Los Angeles, California, et al.*

Pursuant to Sections 214(a) and 310(d) of the Act, the fundamental standard of review of a transfer of control by the Commission is whether the proposed transfer will serve the public interest, convenience, and necessity. Faced with any merger, it is our obligation to analyze the record evidence and determine whether the public will be served better by the transaction being approved or being denied, and what conditions, if any, may be necessary to mitigate harms to consumers. The box being checked off by the majority for Today's order reads "None of the above." Instead, today's order is a regulatory hostage taking -- a desperate maneuver to use the Tribune transaction as a human shield, while the Commission marches down the treacherous path toward greater media consolidation. Notwithstanding congressional rebuke and widespread public opposition, this Commission is determined to use any conceivable ploy to achieve its misguided goals.

The ploy in today's order involves "denying" the requested waivers of the cross ownership rules, with the exception of one market - Chicago - where a permanent waiver is granted. In a feat of rare regulatory contortionism, the majority grants the applicants a two-year waiver of any revised cross ownership rules for the New York, Los Angeles, Miami and Hartford markets *if " the Commission adopts a revised NBCO [newspaper broadcast cross ownership] rule before January 1, 2008."* For safe measure, the item also ties any appeal of this order by Tribune to the media ownership proceeding under review by granting a waiver of our media ownership rules until the longer of six months post any litigation or two years.

While I disagree with the final decision in this case, I am more disappointed with the majority's disregard for Commission precedent and legacy. A simple two-year waiver would have accomplished the goals of the majority and the applicants. But instead, the Order employs certain novel, ill-advised and back-breaking legal gymnastics that will surely leave observers with their heads spinning.

Highly Confidential - Attorneys' Eyes Only                                                                                           JPM_00338377