

MURRAY DEVINE
company
*Valuation and Financial Advisors*

October 1, 2007

Jonathan Schaffzin, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005

Jonathan:

Murray, Devine & Co., Inc. ("Murray, Devine") is pleased to submit our engagement letter to provide valuation advisory services to Cahill Gordon & Reindel LLP (the "Firm") with respect to the Firm's representation of J.P. Morgan Securities, Inc., JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Citigroup Global Markets Inc., Bank of America, N.A., Banc of America Bridge LLC and Banc of America Securities LLC (collectively, the "Agent Banks") in connection with their review of the second step transaction involving the merger of Tribune Company (the "Company") with an entity controlled by the Tribune Company Employee Stock Ownership Plan (the "Transaction"). More specifically, it is our understanding that we will be advising the Firm and the Agent Banks as to the methodologies and analyses which may be used by another firm in preparing a solvency opinion (the "Solvency Opinion") in connection with the Transaction. In addition to the foregoing, we may provide additional advisory services relating to the Company as may be requested by you and the Agent Banks.

## PROCEDURES

Based on the information that has been provided to us, we anticipate that our services in this engagement will include the following:

1. A review of all relevant documents relating to the Transaction.

2. A review of existing and new Company financing documents and related schedules and exhibits.

3. A review of the Company's multi-year projections including its pro forma balance sheet after giving effect to the Transaction.

October 1, 2007
Page 2

4. An analysis of the results of the Company's financial and operational ratios and compliance with debt covenants.

5. A review of the Solvency Opinion.

6. A review of the analysis performed in the preparation of the Solvency Opinion including, without limitation, valuation approaches, comparable company selection, discounted cash flow analyses and projection sensitivity analyses.

7 Such other procedures as agreed upon with you and the Agent Banks.

Based on the foregoing procedures, we will prepare a presentation for you and the Agent Banks relating to the Transaction and the Solvency Opinion that will include an outline of items to be discussed with the Company's independent solvency firm.

In rendering our services in this matter, we will be using and relying on data, material, and other information furnished to us orally or in writing by the Firm, the Agent Banks, the Company and others, as well as upon information contained in publicly available reports and statements. We do not assume responsibility for the accuracy of such data, material and information and we may rely upon it without independent verification to the extent such reliance is reasonable under the circumstances.

**FEES**

Our fees in this engagement will be based on our prevailing hourly rates which are currently as follows:

**Redacted**

In addition to such fees, we will be reimbursed for all reasonable out-of-pocket expenses. We will present invoices for our fees and costs on a periodic basis during the course of our engagement and will expect payment promptly upon presentation of each such invoice. The obligation to pay our fees and reimburse our expenses shall in no way be contingent on any advice given by us or upon any closing of the Transaction or any other factor. We agree that the Agent Banks and not the Firm will be financially responsible for our fees and for expense reimbursement. The payments provided for herein shall constitute full consideration for all services rendered by Murray, Devine hereunder, any deliverables and the results of all services rendered by Murray, Devine. No other payment(s) will be due Murray, Devine for any reason except as expressly provided herein.

October 1, 2007
Page 3

## TERMINATION

The Firm may, for its convenience and without incurring any penalty or cancellation fee, terminate this Agreement at any time in whole or in part, at any time by giving Murray, Devine prior written notice of such termination. Time and expenses incurred up to the termination date shall be paid to Murray, Devine.

## CONFIDENTIALITY

Murray, Devine acknowledges that, as an advisor to the Firm and the Agent Banks, it is bound by the section captioned "Confidentiality" of that certain Amended and Restated Second Step Commitment Letter dated as of April 5, 2007.

**THE INFORMATION PROVIDED TO MURRAY, DEVINE MAY CONTAIN MATERIAL NON-PUBLIC INFORMATION CONCERNING, THE COMPANY, THE AGENT BANKS, THE TRANSACTION OR PARTIES RELATED TO THE COMPANY OR THEIR RESPECTIVE SECURITIES. MURRAY, DEVINE AGREES TO USE AND MAINTAIN ANY SUCH INFORMATION IN ACCORDANCE WITH ITS COMPLIANCE POLICIES, CONTRACTUAL OBLIGATIONS AND APPLICABLE LAW, INCLUDING FEDERAL AND STATE SECURITIES LAWS.**

Murray, Devine acknowledges that it and its employees, agents, officers, directors, successors and assigns (its "Representatives") are aware that the United States securities laws and other laws prohibit any person who has material, non-public information concerning an organization or entity from purchasing or selling any securities of such organization or entity, or from communicating such information to any other person or entity under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities.

Murray, Devine agrees that money damages would not be a sufficient remedy for any breach of this Agreement by it or its Representatives and that in addition to all other remedies, The Firm and the Agent Banks shall be entitled to equitable relief, including injunction and specific performance, for any breach of the provisions of this Agreement. Further, Murray, Devine agrees to save, defend, keep harmless and indemnify the Firm, the Agent Banks and their respective employees, agents, officers, directors, successors and assigns against all claims, liabilities, demands, actions, proceedings, judgments, executions, losses, damages, reasonable attorney's fees, payments, costs and expenses of any nature that the Firm or the Agent Banks may sustain as a result of a breach of this Agreement by Murray, Devine or any of its Representatives.

## REPRESENTATIONS AND WARRANTIES

Murray, Devine represents and warrants to the Firm and the Agent Banks that Murray, Devine is not subject to any restrictive covenants arising from any prior consulting agreement or any other agreement which would materially affect the services to be rendered pursuant to this Agreement.

October 1, 2007
Page 4

Murray, Devine represents and warrants that such services and the work product to be delivered shall not infringe upon the proprietary rights of any third party. Murray, Devine represents and warrants that it will perform all of its obligations to the Firm in compliance at all times with all foreign, federal, state and local statutes, orders and regulations, including those of any governmental agency that are applicable to Murray, Devine in performing its obligations to Firm or that would be applicable to the Firm or the Agent Banks if they were performing those obligations using its own employees and assets.

## ASSIGNMENT

This Agreement is for personal services of Murray, Devine and Murray, Devine shall not assign this Agreement and shall not assign its obligation to perform this engagement (whether in whole or in part) without the prior written consent of the Firm. Any assignment prohibited hereby shall be null and void.

## SUPERVISION

In the performance of the Services, Murray, Devine, its employees and any other individuals acting on Murray, Devine's behalf (collectively, "Murray, Devine Personnel"), if any, will remain under the supervision and control of Murray, Devine.

## STATUS AS INDEPENDENT CONTRACTOR

The Firm, the Agent Banks and Murray, Devine acknowledge and agree that Murray, Devine and any Murray, Devine Personnel will not be employees of the Firm or the Agent Banks. Nothing in this Agreement is intended to, or shall be deemed to, constitute a partnership or joint venture between such parties. None of the aforesaid has the authority to bind the other to any third person or otherwise to act in any way as the representative or agent of the other, unless otherwise expressly agreed to in writing signed by both parties hereto.

Murray, Devine and/or Murray, Devine Personnel will be responsible for all of his/her/their own taxes and insurance applicable under existing laws including, but not limited to, social security taxes and federal, state and local income taxes. Murray, Devine will make all necessary payments due appropriate governmental agencies to comply with the foregoing and indemnify the Firm and the Agent Banks against any claims or liabilities resulting from a breach of this Section. None of the Firm or the Agent Banks will provide any insurance coverage for Murray, Devine or Murray, Devine Personnel.

Murray, Devine and/or Murray, Devine Personnel will be solely responsible for the payment of his/her/their own benefits, workers' compensation or contributions to any such similar program, and any taxes and requirements associated with employment or self-employment (i.e., insurance, social security taxes, and federal, state and city income taxes, etc.). Neither Murray, Devine nor any Murray, Devine Personnel are eligible to, nor will they, participate in or earn service under any benefits plan or program now existing or hereafter created for employees of the Firm or any of the Agent Banks or their respective subsidiaries or affiliates. In the event that as a result of any actions

October 1, 2007
Page 5

or omissions by Murray, Devine or any Murray, Devine Personnel in the future Murray; Devine or any Murray, Devine Personnel are deemed to be common law employees of the Firm or any of the Agent Banks by any government entity or court of law, Murray, Devine hereby indemnifies the Firm and the Agent Banks for any and all costs associated therewith.

### ACCESS BY REGULATORY AGENCIES

Murray, Devine agrees that any regulatory agency with supervisory responsibility for any of the Agent Banks shall have the right to examine all records and materials and interview those employees of Murray, Devine to the extent that such officials deem necessary to protect the interest of depositors, creditors or stockholders of the Agent Banks or as otherwise permitted under applicable law, rule or regulation. Murray, Devine agrees to reasonably cooperate with any such regulatory agency in the furtherance of the purposes of this provision.

### GOVERNING LAW; WAIVER OF JURY TRIAL

This engagement letter shall be governed by, and construed in accordance with, the laws of the State of New York. Each of the parties hereto waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of any of the Transactions or the other transactions contemplated hereby, or the performance by the Agent Banks or any of their respective affiliates of the services contemplated hereby.

### AMENDMENTS, COUNTERPARTS; ETC.



No amendment or waiver of any provision hereof shall be effective unless in writing and signed by the parties hereto and then only in the specific instance and for the specific purpose for which given. This engagement letter and the indemnification agreement dated as of the date hereof are the only agreements between the parties hereto with respect to the matters contemplated hereby and thereby and set forth the entire understanding of the parties with respect thereto. This engagement letter may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart by telecopier or other electronic transmission shall be effective as delivery of a manually executed counterpart.

### NOTICES

Any notice given pursuant hereto shall be mailed or hand delivered in writing, if to (i) Murray, Devine, at its address set forth on page one hereof; (ii) J.P. Morgan Securities, Inc. and JPMorgan Chase Bank, N.A., at 270 Park Avenue, New York, NY 10017, Attention: Rajesh Kapadia; (iii) Merrill Lynch Capital Corporation, at 4 World Financial Center, New York, New York 10080, Attention: David Tuvlin; (iv) Citigroup Global Markets Inc., at 390 Greenwich Street, New York, NY 10013, Attention: Julie Persily; (v) Bank of America, N.A., Banc of America Bridge LLC and Banc of America Securities LLC, at 9 West 57th Street, New York, New York 10019, Attention:

October 1, 2007
Page 6

William Pegler; (vi) the Firm, at 80 Pine Street, New York, NY 10005, Attention: Jonathan A. Schaffzin.

## APPROVAL

Murray, Devine appreciates your confidence in discussing this important matter with us and assures you that this engagement will receive our careful and continued attention. If you are in agreement with the terms and conditions of this Agreement, please sign a copy of this letter in the space provided and return it to me.

Sincerely,

Dennis J. Murray
President

DJM/d

SIGNED AND AGREED TO:

CAHILL GORDON & REINDEL LLP

BY: _____    10/24/07
                                    DATE