# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING
## AMENDED FOURTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Amended Fourth Quarterly Application of Jenner & Block LLP*. [Docket No. 3153] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $188,859.03 and reimbursement of expenses that total $2,498.60 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

September 1, 2009 through November 30, 2009.  Jenner & Block LLP ("**Jenner**") serves as Special

Counsel to the Debtors for litigation matters.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court

entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing*

*Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special Counsel for Certain*

*Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date*

[Docket No. 142] (the "**Retention Application**").  By order dated February 20, 2009, this Court

approved the Retention Application (the "**Initial Retention Order**").

3.      On April 28, 2009, the Court entered an Order (the "**Supplemental Retention Order**")

(Docket No. 1097) approving the *Debtors' Supplemental Application for an Order Expanding the Scope*

*of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to*

*11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009* (the "**Supplemental Retention**

**Application**").  The Supplemental Retention Application sought clarification of the scope of Jenner's

representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the

Department of Labor on March 2, 2009.  Jenner continues to advise and assist the Debtors in

connection with the DOL inquiry.

4.      Jenner submitted the Fee Application on January 20, 2010, pursuant to the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*,

(January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

5.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has

demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Jenner for review and comment. Jenner in turn provided a written response to the Fee Examiner. After evaluation of the additional information provided by Paul Hastings, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.     **Reconciliation of Fees and Expenses.** The Fee Application stated that Equity Group Investments, LLC ("**EGI**") is responsible for paying one-fourteenth (1/14) of the legal fees and expenses due to Jenner on account of its representation of the Debtors in the *Neil* Litigation (but not any

other matters).  Thus, Jenner reduced the firm's fee request by $1,207.96 and the expense request by $16.02, representing one-fourteenth of the fees and expenses invoiced to the *Neil* Litigation.

After factoring in the EGI adjustment, the Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $193.49.  The discrepancy is partially due to task hours within certain entries that do not equal the time billed for the entries as a whole, amounting to a discrepancy of $137.50, as displayed in **Exhibit A**.[2]  Additionally, the Fee Examiner discovered that the November 2009 Monthly Application contained a computation error -- the monthly Fees Requested should total $161,305.86 ($162,345.50 minus the EGI portion of $1,039.64), rather than the stated requested amount of $161,361.85 (resulting in a difference of $55.99).  The Fee Examiner found no discrepancy between the Expenses Requested and the Expenses Computed.

Jenner did not address the mathematical discrepancies in the firm's response to the Preliminary Report.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed, as will the Fee Examiner's recommendations for reimbursement.

11.    **Block Billing.**    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] With minimal exceptions, Jenner did not block bill any time entries.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.   Jenner complied with the applicable rules regarding time increments.

**Review of Fees**

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 25 professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 8 associates, 4 paralegals and project assistants, and 6 technical support personnel.[4] A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm invoiced a total of 457.70 hours with associated fees of $189,873.50.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] The Retention Application identified 4 technology support staff, but 6 technology support personnel billed time to this case during the interim period and they are included in staff and rate calculations in this report.

[5] This is the amount computed by the Fee Examiner prior to the adjustment for EGI's share.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 83.70 | 18% | $ 66,462.50 | 35% |
| Associate | 287.30 | 63% | 101,825.00 | 53% |
| Paralegal | 54.10 | 12% | 12,621.00 | 7% |
| Technical Support | 32.60 | 7% | 8,965.00 | 5% |
| TOTAL | 457.70 | 100% | $189,873.50 | 100% |

The blended hourly rate for the Jenner professionals is $453.61 and the blended hourly rate for professionals and paraprofessionals is $414.84.

14.    **Hourly Rate Increases.**  Jenner did not increase the hourly rate of any timekeeper during the fourth interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  The Fee Examiner requested from Jenner additional information regarding the necessity and scope of the roles performed by partner David M. Greenwald and partner John F. Kinney.  **Exhibit C** to the Preliminary Report listed the billing entries invoiced by the two timekeepers during the interim period and the total of 1.40 hours and $840.00 in fees.

In response to the Preliminary Report, Jenner agreed to write off the fees resulting from time entries invoiced by the two attorneys.  The voluntary fee reduction amounts to $840.00 as displayed in the attached Exhibit C.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a

-7-

hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines* *¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified seven occasions where two or more Jenner timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 10.58 hours with $7,160.63 in associated fees, are displayed in **Exhibit D**. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 5.80 hours with $3,067.50 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary report, Jenner provided a complete and detailed account of each of the conferences in the exhibit, including the role and purpose of each firm timekeeper in attendance. The additional information satisfies the requirements of the Local Rules and the UST Guidelines, and after consideration of Jenner's response the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

17.   **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences totaling 17.25 hours with $9,047.00 in associated fees, or approximately 5% of the Fees Computed. The time entries were

displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 10.10 hours with $4,800.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the Preliminary Report, Jenner stated that each of the attorneys identified in the various conferences had a different area of expertise and played a different role in Jenner's representation of the Debtors. Jenner provided examples of the need for intrafirm communication in order to ensure the firm's efforts were focused, efficient, and responsive to the Debtors' needs. After consideration of the additional information provided, and given the relatively minimal hours and fees, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

18.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 7.65 hours with $6,365.00 in associated fees in which a conference or other communication was not described with sufficient detail. The entries include descriptions such as "various emails," "email re same" and "follow up communications." This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity. The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested from Jenner additional detail for the entries in question.

In response, Jenner provided the subject matter for the communications in question, bringing the entries into accord with the Local Rules and UST Guidelines. Given the additional detail provided, the Fee Examiner makes no recommendation for a fee reduction and Exhibit F is omitted from this report.

19.     **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any billing entries describing administrative activities.

20.     **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[6] The Fee Examiner reviewed each timekeeper's billing activities and identified numerous entries describing clerical activities, including but not limited to organizing materials, converting PDFs to TIFFs, and uploading documents. The questioned entries were displayed in **Exhibit G** to the Preliminary Report and totaled 71.60 hours with $17,729.00 in associated fees.

In response to the Preliminary Report, Jenner stated the activities identified in the exhibit were not clerical work but instead primarily consisted of the organization of documents and

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

complying with court filing requirements.  The statements offered by the firm do not explain how the activities described rise to the level of professional legal work rather than overhead/clerical work which is already factored in to the hourly rates of the firm professionals.  Examples of the clerical work identified include converting .pdf documents to tiff format, loading and copying data, gathering documents to be reviewed by others, and "provided disks to Pitney Bowes for duplicating."  The Fee Examiner recommends reducing the hourly rate for the time entries identified in Exhibit G to $80.00, resulting in a fee reduction of $12,001.00.

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates."  *Local Rule 2016-2(d)(viii).*  The Fee Examiner identified three billing entries describing nonworking travel that was invoiced at the full hourly rate.  The entries were displayed in **Exhibit H** to the Preliminary Report and totaled 7.07 hours with associated fees of $4,416.67.  The Preliminary Report stated that, pending additional information from the firm, the Fee Examiner intends to recommend a fee reduction in the amount of $2,208.33.

In response, Jenner agreed that the time should have been billed at 50% of the regular hourly rates.  The resulting voluntary fee reduction amount to $2,208.33 and the fee entries are displayed in the attached Exhibit H.

22.    **Jenner Retention/Compensation.**  Jenner billed 18.40 hours with associated fees of $5,452.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 3% of the Fees Computed.  The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

23.    **Other Firms' Retention/Compensation.**  The Fee Examiner did not identify any billing entries for other firms' retention and/or compensation.

**Review of Expenses**

24.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Jenner provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Jenner's monthly application for September indicated that the firm's rate for duplication was $0.08 per page and the application's for October and November indicated a rate of $0.09 per page.  From the descriptions provided, however, it is unclear which copying charges related to internal photocopies billed at a rate of $0.08 or $0.09 per page and which charges were incurred through an outside vendor.  In addition, the Retention Application did not provide a per-page rate associated with the charges described as "Network Printing."  The Fee Examiner requested that Jenner provide additional information explaining the photocopy expenses displayed in **Exhibit J** to the Preliminary Report.

In response, Jenner explained that all photocopy charges (including "Network Printing") were the result of internal photocopying and billed at either $0.08 or $0.09 per page.

26.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii)*.  Jenner requested reimbursement for computer assisted legal research charges totaling $70.88, and the Retention Application indicated that there was no surcharge for computerized research.

27.    **Vaguely Described Travel Related Expense.**  Jenner requested reimbursement for the out-of-town travel expenses set forth below:

| Invoice Number | Date | Amount | Description |
|---|---|---|---|
| 9149292 | 09/03/09 | $746.77 | Out of Town Travel, D. Berman, 09/03-04/09, Belleville, IL (Attend Hearing) |
| 9152063 | 10/02/09 | $442.10 | Out of Town Travel, W. Thomson, 10/02/09, St. Louis (Attend Hearing on Various Motions) |

The Fee Examiner requested detail itemization for the charges including the types of charge (airfare, lodging, etc.) and the amount of each charge.  With regard to meals, the Fee Examiner requests that the firm provide the nature of the meal (breakfast, lunch, or dinner) and the number of attendees for each meal.

In response, Jenner provided a breakdown of the travel expenses.  The Fee Examiner identified no issues with the individual expenses incurred.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $173,616.21 ($188,859.03 minus $15,242.82) and reimbursement of expenses in the amount of $2,498.60 for the period from September 1, 2009 through November 30, 2009.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
    John L. Decker
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:   (314) 291-3030
    Facsimile:   (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

**APPENDIX A**

**JENNER & BLOCK LLP**

### SUMMARY OF FINDINGS

**Amended Fourth Quarterly Application (September 1, 2009 through November 30, 2009)**

**A.        Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $188,859.03 | |
| Expenses Requested | 2,498.60 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $191,357.63 |
| | | |
| Fees Computed | $189,873.50 | |
| Expenses Computed | 2,514.62 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $192,388.12 |
| | | |
| Fees to be Paid by EGI | ($  1,207.96) | |
| Fee Discrepancy - Task Hours Not Equal to Entry Hours | 137.50 | |
| Fee Discrepancy - Computation Error in November 2009 Monthly Application | 55.99 | |
| Expenses to be Paid by EGI | (16.02) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    1,030.49) |

**B.        Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $188,859.03 | |
| *Discrepancy in Fees* | *($      193.49)* | |
| *Agreed Reduction for Questioned Timekeepers* | *(840.00)* | |
| *Recommended Reduction for Clerical Activities* | *(12,001.00)* | |
| *Agreed Reduction for Travel* | *(2,208.33)* | |
| Subtotal | *($15,242.82)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $173,616.21 |
| | | |
| Expenses Requested | $2,498.60 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 2,498.60 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $176,114.81 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 23rd day of August, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

John L. Decker, Esq.

**EXHIBIT A**
**Discrepancy Schedule**
**Jenner & Block LLP**

| Invoice Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 9152111 | DOL Subpoena | Wirkiowski | 10/30/09 | $275.00 | 2.50 | 2.10 | 687.50 | 577.50 | 0.40 | $ 110.00 |
| 9154362 | DOL Subpoena | Wirkiowski | 11/25/09 | $275.00 | 0.50 | 0.40 | 137.50 | 110.00 | 0.10 | 27.50 |
| | | | | | | | **Total Overcharges** | | 0.50 | **$ 137.50** |
| | | | | | | | | | | |
| | | | | | | | **Total Discrepancy** | | 0.50 | **$ 137.50** |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Jenner & Block LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJB | Bradford, David J. | PARTNER | $875.00 | $875.00 | 45.50 | $39,812.50 |
| DLB | Berman, Debbie L. | PARTNER | $625.00 | $625.00 | 21.10 | $13,187.50 |
| JO | Oshinsky, Jerold | PARTNER | $850.00 | $850.00 | 9.50 | $8,075.00 |
| MZH | Hankin, Marc B. | PARTNER | $725.00 | $725.00 | 5.50 | $3,987.50 |
| LAF | Freeman Jr., Lee A. | PARTNER | $800.00 | $800.00 | 0.70 | $560.00 |
| JFK | Kinney, John F. | PARTNER | $600.00 | $600.00 | 0.70 | $420.00 |
| DMG | Greenwald, David M. | PARTNER | $600.00 | $600.00 | 0.70 | $420.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $794.06 | | 83.70 | $66,462.50 |
| | | | | | % of Total: 18.29% | % of Total: 35.00% |
| KAP | Palazzolo, Kyle A. | ASSOCIATE | $325.00 | $325.00 | 111.70 | $36,302.50 |
| BLD | Dougherty, Brian L. | ASSOCIATE | $325.00 | $325.00 | 106.50 | $34,612.50 |
| DAS | Sondgeroth, Douglas A. | ASSOCIATE | $525.00 | $525.00 | 35.20 | $18,480.00 |
| LSR | Raiford, Landon S. | ASSOCIATE | $325.00 | $325.00 | 12.60 | $4,095.00 |
| WAT | Thomson, Wade A. | ASSOCIATE | $475.00 | $475.00 | 6.00 | $2,850.00 |
| FMA | Alemi, Farnaz M. | ASSOCIATE | $370.00 | $370.00 | 6.50 | $2,405.00 |
| SEB | Biller, Sofia E. | ASSOCIATE | $325.00 | $325.00 | 6.80 | $2,210.00 |
| ADW | Wills, Amy D. | ASSOCIATE | $435.00 | $435.00 | 2.00 | $870.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $354.42 | | 287.30 | $101,825.00 |
| | | | | | % of Total: 62.77% | % of Total: 53.63% |
| EJR | Robertson, Eileen J. | PARALEGAL | $230.00 | $230.00 | 17.90 | $4,117.00 |
| SKM | McGee, Shawn | PARALEGAL | $270.00 | $270.00 | 13.90 | $3,753.00 |
| MHM | Matlock, Michael H. | PARALEGAL | $270.00 | $270.00 | 9.60 | $2,592.00 |
| PXR | Ramos, Panagiota | PARALEGAL | $170.00 | $170.00 | 12.70 | $2,159.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $233.29 | | 54.10 | $12,621.00 |
| | | | | | % of Total: 11.82% | % of Total: 6.65% |
| TH | Holloway-Wusu, Tunde | TECH SUPPORT | $275.00 | $275.00 | 18.50 | $5,087.50 |
| DXW | Wirkiowski, David | TECH SUPPORT | $275.00 | $275.00 | 9.30 | $2,557.50 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
#### Jenner & Block LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| DG | Gardner, Daryl | TECH SUPPORT | $275.00 | $275.00 | 2.70 | $742.50 |
| KZL | Laughran, Kelly A. | TECH SUPPORT | $275.00 | $275.00 | 0.80 | $220.00 |
| MS | Small, Margaret | TECH SUPPORT | $275.00 | $275.00 | 0.80 | $220.00 |
| ZM | Master, Zulaikha | TECH SUPPORT | $275.00 | $275.00 | 0.50 | $137.50 |

No. of Billers for Position: 6     Blended Rate for Position: $275.00     32.60     $8,965.00

% of Total: 7.12%     % of Total: 4.72%

Total No. of Billers: 25     Blended Rate for Report: $414.84     457.70     $189,873.50

EXHIBIT C

QUESTIONED TIMEKEEPERS

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Greenwald, D | 0.70 | 420.00 |
| Kinney, J | 0.70 | 420.00 |
| | 1.40 | $840.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 0.70 | 420.00 |
| L.A. Times / Insurance | 0.70 | 420.00 |
| | 1.40 | $840.00 |

EXHIBIT C  PAGE 1 of 3

EXHIBIT C
QUESTIONED TIMEKEEPERS
Jenner & Block LLP

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|---|
| Greenwald, D | 11/06/09<br>9154362/25 | Fri | 0.70 | 0.70 | 420.00 | *MATTER NAME: DOL Subpoena*<br>1  {L120} {A104} REVIEWED AND REVISED [REDACTED]:<br>2  OFFICE CONFERENCE WITH D. SONDGEROTH RE SAME. |
| | NUMBER OF ENTRIES: | | 1 | 0.70 | 420.00 | |
| Kinney, J | 10/28/09<br>9154366/2 | Wed | 0.70 | 0.70 | 420.00 | *MATTER NAME: L.A. Times / Insurance*<br>1  {L120} {A104} WORKED ON ANTITRUST ANALYSIS OF CHICAGO NEWS COOPERATIVE-RELATED ISSUES. |
| | NUMBER OF ENTRIES: | | 1 | 0.70 | 420.00 | |
| Total | | | | 1.40 | $840.00 | |
| Number of Entries: | | 2 | | | | |

EXHIBIT C  PAGE 2 of 3

EXHIBIT C

QUESTIONED TIMEKEEPERS

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Greenwald, D | 0.70 | 420.00 |
| Kinney, J | 0.70 | 420.00 |
| | 1.40 | $840.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 0.70 | 420.00 |
| L.A. Times / Insurance | 0.70 | 420.00 |
| | 1.40 | $840.00 |

EXHIBIT C  PAGE 3 of 3

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Gardner, D | 2.70 | 742.50 | 216.00 | 526.50 |
| Holloway-Wusu, T | 18.50 | 5,087.50 | 1,480.00 | 3,607.50 |
| Laughran, K | 0.80 | 220.00 | 64.00 | 156.00 |
| Master, Z | 0.50 | 137.50 | 40.00 | 97.50 |
| McGee, S | 13.90 | 3,753.00 | 1,112.00 | 2,641.00 |
| Ramos, P | 12.70 | 2,159.00 | 1,016.00 | 1,143.00 |
| Robertson, E | 12.40 | 2,852.00 | 992.00 | 1,860.00 |
| Small, M | 0.80 | 220.00 | 64.00 | 156.00 |
| Wirkiowski, D | 9.30 | 2,557.50 | 744.00 | 1,813.50 |
| | 71.60 | $17,729.00 | $5,728.00 | $12,001.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| DOL Subpoena | 67.90 | 16,830.00 | 5,432.00 | 11,398.00 |
| ESOP/Stay Issues | 3.70 | 899.00 | 296.00 | 603.00 |
| | 71.60 | $17,729.00 | $5,728.00 | $12,001.00 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Gardner, D | 11/03/09   Tue | 1.00 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 {L140} {A110} CONVERTED PDFS TO TIFFS (.3); |
| | 9154362/9 | | 0.30 | 82.50 | 24.00 | 58.50 | F | 2 GENERATED OCR TEXT, LOADED TIFFS AND OCR TEXT DATA INTO THE CLIENT DOCUMENT REVIEW DATABASE (.3); |
| | | | 0.40 | 110.00 | 32.00 | 78.00 | F | 3 PERFORMED QUALITY CHECKS AND RELEASED FOR SECOND LEVEL QUALITY CONTROL CHECK (.4). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 11/04/09   Wed | 1.70 | 1.00 | 275.00 | 80.00 | 195.00 | F | 1 {L140} {A110} ENDORSED COLOR PDFS BEGINNING WITH TRBDOL 05086 (1.0); |
| | 9154362/18 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 ENDORSED SAME DOCUMENTS WITH TWO DIFFERENT CONFIDENTIALITY BANNERS CONFIDENTIAL AND ATTORNEY EYES ONLY (.5); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 3 PERFORMED QUALITY CHECKS AND RELEASED FOR SECOND LEVEL QUALITY CONTROL CHECK (.2). |
| | TOTAL FOR TIMEKEEPER: | | 2.70 | $742.50 | $216.00 | $526.50 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Holloway-Wusu, T | 11/20/09   Fri | 2.00 | 2.00 | 550.00 | 160.00 | 390.00 | | 1 {L140} {A110} UPLOADED DOCUMENTS AND IMAGES TO CONCORDANCE DATABASE FOR ATTORNEY REVIEW. |
| | 9154362/113 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 11/21/09   Sat | 7.00 | 7.00 | 1,925.00 | 560.00 | 1,365.00 | | 1 {L140} {A110} UPLOADED DOCUMENTS AND IMAGES TO CONCORDANCE DATABASE FOR ATTORNEY REVIEW. |
| | 9154362/116 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 11/22/09   Sun | 6.00 | 6.00 | 1,650.00 | 480.00 | 1,170.00 | | 1 {L140} {A110} UPLOADED DOCUMENTS AND IMAGES TO CONCORDANCE DATABASE FOR ATTORNEY REVIEW. |
| | 9154362/120 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 11/23/09   Mon | 2.00 | 2.00 | 550.00 | 160.00 | 390.00 | | 1 {L140} {A110} UPLOADED DOCUMENTS AND IMAGES TO CONCORDANCE DATABASE FOR ATTORNEY REVIEW. |
| | 9154362/126 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 11/23/09   Mon | 1.50 | 1.50 | 412.50 | 120.00 | 292.50 | | 1 {L140} {A110} UPLOADED DOCUMENTS AND IMAGES TO CONCORDANCE DATABASE FOR ATTORNEY REVIEW. |
| | 9154362/127 | | | | | | | |
| | TOTAL FOR TIMEKEEPER: | | 18.50 | $5,087.50 | $1,480.00 | $3,607.50 | | |
| | NUMBER OF ENTRIES: | 5 | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Laughran, K | 10/21/09   Wed | 0.80 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 {L140} {A110} RAN PRODUCTION THROUGH OPTICON AND ENDORSED IMAGES WITH CONFIDENTIAL STAMP (.2); |
| | 9152111/6 | | 0.30 | 82.50 | 24.00 | 58.50 | F | 2 IMPORTED DOCUMENTS INTO LOCAL LAW DATABASE AND RAN OCR PROCESS (.3); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 3 EXPORTED DOCUMENTS FROM LAW DATABASE AND CONVERTED DOCUMENTS TO SEARCHABLE PDFS (.2); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 4 PERFORMED QUALITY CHECK ON ALL PDFS (.1). |

~  See the last page of exhibit for explanation

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Laughran, K | TOTAL FOR TIMEKEEPER: | 0.80 | | $220.00 | $64.00 | $156.00 | | |
| | NUMBER OF ENTRIES: | 1 | | | | | | |
| Master, Z | 10/21/09  Wed  9152111/7 | 0.50 | 0.40 | 110.00 | 32.00 | 78.00 | F | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} PERFORMED LEVEL TWO QUALITY CHECK ON DATA LOAD OF COPY BETWEEN DATABASES (.4); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 COORDINATED WITH W. WETTSTEIN (.1). |
| | TOTAL FOR TIMEKEEPER: | 0.50 | | $137.50 | $40.00 | $97.50 | | |
| | NUMBER OF ENTRIES: | 1 | | | | | | |
| McGee, S | 10/16/09  Fri  9152110/1 | 0.50 | 0.50 | 135.00 | 40.00 | 95.00 | | *MATTER NAME: ESOP/Stay Issues*<br>1 {L140} {A104} REVIEWED AND ORGANIZED MATERIALS FOR D. BRADFORD'S REVIEW. |
| | 10/20/09  Tue  9152110/2 | 2.20 | 2.20 | 594.00 | 176.00 | 418.00 | | *MATTER NAME: ESOP/Stay Issues*<br>1 {L140} {A110} GATHERED AND ORGANIZED DOCUMENT PRODUCTIONS. |
| | 11/02/09  Mon  9154362/5 | 1.50 | 1.50 | 405.00 | 120.00 | 285.00 | | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} REVIEWED AND ORGANIZED DUFF & PHELPS DOCUMENTS FOR FURTHER ATTORNEY REVIEW. |
| | 11/03/09  Tue  9154362/8 | 1.50 | 1.50 | 405.00 | 120.00 | 285.00 | | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} REVIEWED AND ORGANIZED DOCUMENTS DUFF & PHELPS DOCUMENTS. |
| | 11/04/09  Wed  9154362/15 | 4.00 | 2.00 | 540.00 | 160.00 | 380.00 | F | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} REVIEWED AND ORGANIZED REPLACEMENT DUFF & PHELPS DOCUMENTS FOR FURTHER ATTORNEY REVIEW (2.0); |
| | | | 2.00 | 540.00 | 160.00 | 380.00 | F | 2 PREPARED DOCUMENTS FOR PRODUCTION (2.0). |
| | 11/11/09  Wed  9154362/51 | 1.20 | 1.20 | 324.00 | 96.00 | 228.00 | | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} GATHERED AND ORGANIZED DUFF & PHELPS DOCUMENTS FOR ATTORNEY REVIEW. |
| | 11/12/09  Thu  9154362/61 | 1.50 | 1.50 | 405.00 | 120.00 | 285.00 | | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} GATHERED AND ORGANIZED DOCUMENTS FOR PRODUCTION. |
| | 11/13/09  Fri  9154362/66 | 1.50 | 1.50 | 405.00 | 120.00 | 285.00 | | *MATTER NAME: DOL Subpoena*<br>1 {L140} {A110} GATHERED AND ORGANIZED DOCUMENTS RECEIVED FROM SIDLEY & AUSTIN FOR D. BRADFORD'S REVIEW. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| McGee, S | TOTAL FOR TIMEKEEPER: | | 13.90 | $3,753.00 | $1,112.00 | $2,641.00 | | |
| | NUMBER OF ENTRIES: 8 | | | | | | | |
| Ramos, P | 11/05/09  Thu 9154361/7 | 1.00 | 1.00 | 170.00 | 80.00 | 90.00 | | *MATTER NAME: ESOP/Stay Issues* 1 [L140] [A110] SEARCHED AND RETRIEVED VARIOUS MOTION TO DISMISS PLEADINGS AND ORGANIZED AND ASSEMBLED SAME IN BINDER FOR ATTORNEY REVIEW. |
| | 11/12/09  Thu 9154362/60 | 0.50 | 0.50 | 85.00 | 40.00 | 45.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] GATHERED AND ORGANIZED DOCUMENT PRODUCTION. |
| | 11/18/09  Wed 9154362/92 | 1.90 | 1.90 | 323.00 | 152.00 | 171.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] GATHERED VARIOUS DUFF & PHELPS DOCUMENTS AND ORGANIZED AND ASSEMBLED INTO BINDERS FOR D. SONDGEROTH PER S. MCGEE'S REQUEST. |
| | 11/19/09  Thu 9154362/101 | 1.50 | 1.50 | 255.00 | 120.00 | 135.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] UPDATED CORRESPONDENCE FILE, EMAIL FILE, COURT FILE AND SHAREPOINT SITE. |
| | 11/24/09  Tue 9154362/136 | 4.50 | 4.50 | 765.00 | 360.00 | 405.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] SEARCHED AND RETRIEVED AND ORGANIZED AND ASSEMBLED VARIOUS [REDACTED] DOCUMENTS AND PLACED IN TO BINDER FOR ATTORNEY REVIEW PER S. MCGEE REQUEST. |
| | 11/25/09  Wed 9154362/147 | 3.30 | 3.30 | 561.00 | 264.00 | 297.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] SEARCHED AND RETRIEVED [REDACTED] DOCUMENTS AND ORGANIZED AND ASSEMBLED INTO BINDER FOR ATTORNEY REVIEW PER S. MCGEE REQUEST. |
| | TOTAL FOR TIMEKEEPER: | | 12.70 | $2,159.00 | $1,016.00 | $1,143.00 | | |
| | NUMBER OF ENTRIES: 6 | | | | | | | |
| Robertson, E | 11/04/09  Wed 9154362/16 | 1.30 | 0.30 | 69.00 | 24.00 | 45.00 | F | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] OBTAINED ADDITIONAL ELECTRONIC CASE MATERIALS IN PREPARATION TO ADD TO SHAREPOINT EXTRANET DATABASE TO EXPEDITE ATTORNEY REVIEW (.3): |
| | | | 0.40 | 92.00 | 32.00 | 60.00 | F | 2 ORGANIZED AND ADDED NEWLY ACQUIRED MATERIALS TO CORRESPONDENCE AND DOCUMENTS FOLDERS IN SHAREPOINT EXTRANET (.4): |
| | | | 0.60 | 138.00 | 48.00 | 90.00 | F | 3 POPULATED DESCRIPTIVE FIELDS OF NEWLY ADDED CORRESPONDENCE AND DOCUMENTS FOR REVIEW BY D. SONDGEROTH AND D. BRADFORD (.6). |
| | 11/16/09  Mon 9154362/79 | 1.00 | 1.00 | 230.00 | 80.00 | 150.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] POPULATED DESCRIPTIVE FIELDS FOR DOCUMENTS CONTAINED IN DUFF & PHELPS DOCUMENT PRODUCTION DATABASE. |
| | 11/17/09  Tue 9154362/84 | 2.60 | 2.60 | 598.00 | 208.00 | 390.00 | | *MATTER NAME: DOL Subpoena* 1 [L140] [A110] CONTINUED TO POPULATE DESCRIPTIVE FIELDS FOR DOCUMENTS CONTAINED IN DUFF & PHELPS DOCUMENT PRODUCTION DATABASE. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | MATTER NAME: DOL Subpoena |
| Robertson, E | 11/19/09  Thu 9154362/102 | 2.80 | 0.10 | 23.00 | 8.00 | 15.00 | F | 1 {L140} {A110} OBTAINED ELECTRONIC PRODUCTION OF GREATBANC DOCUMENTS RECEIVED FROM K & L GATES (.1): |
| | | | 0.20 | 46.00 | 16.00 | 30.00 | F | 2 COORDINATED WITH D. WIRKIOWSKI RE LOADING INTO CONCORDANCE AND TO OCR THE DATA CONTAINED IN PRODUCTION (.2); |
| | | | 0.30 | 69.00 | 24.00 | 45.00 | F | 3 ADDED ELECTRONIC COPIES OF CORRESPONDENCE AND SUBPOENA TO SHAREPOINT EXTRANET CORRESPONDENCE FOLDER (.3): |
| | | | 2.20 | 506.00 | 176.00 | 330.00 | F | 4 CONTINUED TO POPULATE DESCRIPTIVE FIELDS IN DUFF & PHELPS PRODUCTION DATABASE FOR REVIEW BY ATTORNEY TEAM (2.2). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/20/09  Fri 9154362/111 | 3.40 | 1.20 | 276.00 | 96.00 | 180.00 | F | 1 {L140} {A110} CONTINUED TO POPULATE DESCRIPTIVE FIELDS IN DUFF & PHELPS DOCUMENT PRODUCTION IN CONCORDANCE (1.2); |
| | | | | | | | F | 2 CONDUCTED ELECTRONIC SEARCHES IN DUFF & PHELPS DOCUMENT PRODUCTION IN CONCORDANCE AND CREATED TAGS OF SEARCH RESULTS TO NARROW REVIEW MATERIALS TO MOST RELEVANT DOCUMENTS TO EXPEDITE ATTORNEY REVIEW (2.2). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/23/09  Mon 9154362/124 | 2.50 | 0.10 | 23.00 | 8.00 | 15.00 | F | 1 {L140} {A110} OBTAINED ADDITIONAL ELECTRONIC PRODUCTION OF GREATBANC DOCUMENTS RECEIVED TODAY FROM K & L GATES (.1): |
| | | | 0.20 | 46.00 | 16.00 | 30.00 | F | 2 COORDINATED WITH D. WIRKIOWSKI RE LOADING INTO CONCORDANCE AND TO OCR THE DATA CONTAINED IN PRODUCTION (.2); |
| | | | 0.20 | 46.00 | 16.00 | 30.00 | F | 3 ADDED ELECTRONIC COPIES OF CORRESPONDENCE AND SUBPOENA TO SHAREPOINT EXTRANET CORRESPONDENCE FOLDER (.2): |
| | | | 2.00 | 460.00 | 160.00 | 300.00 | F | 4 CONTINUED TO POPULATE DESCRIPTIVE FIELDS IN DUFF & PHELPS PRODUCTION DATABASE FOR REVIEW BY ATTORNEY TEAM (2). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/24/09  Tue 9154362/137 | 4.30 | | | | | F | 1 {L140} {A110} CONDUCTED ELECTRONIC SEARCHES IN GREATBANC DOCUMENT PRODUCTION IN CONCORDANCE AND CREATED TAGS OF SEARCH RESULTS TO NARROW REVIEW MATERIALS TO MOST RELEVANT DOCUMENTS TO EXPEDITE ATTORNEY REVIEW (1.5): |
| | | | | | | | F | 2 REVIEWED TAGS CONTAINING EMAILS TO DETERMINE AND TAG ATTACHMENTS RELATING TO EMAIL DOCUMENTS RELEVANT TO REVIEW (1.8): |
| | | | 1.00 | 230.00 | 80.00 | 150.00 | F | 3 CONTINUED TO POPULATE DESCRIPTIVE FIELDS IN DUFF & PHELPS DOCUMENT PRODUCTION IN CONCORDANCE (1.). |
| | TOTAL FOR TIMEKEEPER: | 12.40 | | $2,852.00 | $992.00 | $1,860.00 | | |
| | NUMBER OF ENTRIES: | 7 | | | | | | |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| Small, M | 10/22/09  Thu 9152111/8 | 0.80 | 0.80 | 220.00 | 64.00 | 156.00 | | 1 {L140} {A110} BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON DOCUMENTS PREPARED FOR PRODUCTION. |
| | TOTAL FOR TIMEKEEPER: | 0.80 | | $220.00 | $64.00 | $156.00 | | |
| | NUMBER OF ENTRIES: | 1 | | | | | | |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| Wirkiowski, D | 10/29/09  Thu 9152111/9 | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | | 1 {L140} {A110} EMAILED AND CONFERRED WITH S. MCGEE RE DATA LOADING PROJECT. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | MATTER NAME: DOL Subpoena |
| Wirkiowski, D | 10/30/09   Fri | 2.50 | 1.90 | 522.50 | 152.00 | 370.50 | F | 1 [L140] [A110] COPIED DATA TO NETWORK FOR LOADING TO CONCORDANCE FOR ATTORNEY REVIEW (1.9). |
| | 9152111/10 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 EMAILED S. MCGEE RE ISSUES RELATED TO COPYING DATA FROM DVDS TO NETWORK (.2). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/02/09   Mon | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | F | 1 [L140] [A110] EMAILED S. MCGEE RE ISSUES WITH DVDS RECEIVED FROM SIDLEY AND ITERATED THE DESIRED FORMAT. |
| | 9154362/6 | | | | | | | |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/04/09   Wed | 1.20 | 1.10 | 302.50 | 88.00 | 214.50 | F | 1 [L140] [A110] COPIED DATA FROM REPLACEMENT DVDS TO NETWORK FOR PROCESSING AND LOADING FOR ATTORNEY REVIEW (1.1): |
| | 9154362/17 | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 EMAILED THE DATA MANAGEMENT TEAM RE DATA LOADING PROJECT SPECIFICATIONS (.1). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/05/09   Thu | 0.70 | 0.60 | 165.00 | 48.00 | 117.00 | F | 1 [L140] [A110] REVIEWED DATA LOADED TO THE DUFF & PHELPS DOCUMENT PRODUCTION CONCORDANCE DATABASE FOR INTEGRITY (.6): |
| | 9154362/24 | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 EMAILED S. MCGEE RE COMPLETION OF DATA LOADING PROJECT (.1). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/20/09   Fri | 1.50 | 1.30 | 357.50 | 104.00 | 253.50 | F | 1 [L140] [A110] COPIED SEVEN VOLUMES OF DATA TO THE SERVER FOR PROCESSING AND LOADING TO CONCORDANCE FOR ATTORNEY REVIEW (1.3): |
| | 9154362/112 | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 EMAILED E. ROBERTSON RE DATA LOADING PROJECT (.1): |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 3 EMAILED DATA MANAGEMENT TEAM RE DATA LOADING AND OCR PROJECT SPECIFICATIONS (.1). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/23/09   Mon | 1.30 | 0.40 | 110.00 | 32.00 | 78.00 | F | 1 [L140] [A110] REVIEWED DOCUMENTS LOADED TO THE GREATBANC DOCUMENTS CONCORDANCE DATABASE FOR INTEGRITY (.4): |
| | 9154362/125 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 COPIED DATA VOLUME TO NETWORK FOR PROCESSING AND LOADING TO CONCORDANCE FOR ATTORNEY REVIEW (.2): |
| | | | 0.40 | 110.00 | 32.00 | 78.00 | F | 3 CONFERRED WITH E. ROBERTSON RE STATUS OF LOADING PROJECT AND ADDITIONAL DATA TO LOAD (.4): |
| | | | 0.30 | 82.50 | 24.00 | 58.50 | F | 4 EMAILED DATA MANAGEMENT TEAM RE DATA LOADING PROJECT SPECIFICATIONS (.3). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/24/09   Tue | 1.10 | 0.40 | 110.00 | 32.00 | 78.00 | F | 1 [L140] [A110] REVIEWED NEW DATA LOADED INTO THE GREATBANC DOCUMENTS CONCORDANCE DATABASE FOR INTEGRITY (.4): |
| | 9154362/138 | | 0.30 | 82.50 | 24.00 | 58.50 | F | 2 EMAILED E. ROBERTSON RE COMPLETION OF DATA LOADING PROJECTS (.3): |
| | | | 0.40 | 110.00 | 32.00 | 78.00 | F | 3 GENERATED BATES GAP REPORT PER E. ROBERTSON (.4). |
| | | | | | | | | MATTER NAME: DOL Subpoena |
| | 11/25/09   Wed | 0.50 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L140] [A110] CONFERRED WITH S. MCGEE RE DUPLICATION OF MEDIA (.2): |
| | 9154362/148 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 PROVIDED DISKS TO PITNEY BOWES FOR DUPLICATING (.2). |
| | TOTAL FOR TIMEKEEPER: | | 9.30 | $2,557.50 | $744.00 | $1,813.50 | | |

NUMBER OF ENTRIES:      9

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | - | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| TOTAL: | | | 71.60 | $17,729.00 | | | | |
| NUMBER OF ENTRIES | 40 | | | | $5,728.00 | $12,001.00 | | |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G  PAGE 7 of 8

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Gardner, D | 2.70 | 742.50 | 216.00 | 526.50 |
| Holloway-Wusu, T | 18.50 | 5,087.50 | 1,480.00 | 3,607.50 |
| Laughran, K | 0.80 | 220.00 | 64.00 | 156.00 |
| Master, Z | 0.50 | 137.50 | 40.00 | 97.50 |
| McGee, S | 13.90 | 3,753.00 | 1,112.00 | 2,641.00 |
| Ramos, P | 12.70 | 2,159.00 | 1,016.00 | 1,143.00 |
| Robertson, E | 12.40 | 2,852.00 | 992.00 | 1,860.00 |
| Small, M | 0.80 | 220.00 | 64.00 | 156.00 |
| Wirkiowski, D | 9.30 | 2,557.50 | 744.00 | 1,813.50 |
| | 71.60 | $17,729.00 | $5,728.00 | $12,001.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| DOL Subpoena | 67.90 | 16,830.00 | 5,432.00 | 11,398.00 |
| ESOP/Stay Issues | 3.70 | 899.00 | 296.00 | 603.00 |
| | 71.60 | $17,729.00 | $5,728.00 | $12,001.00 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

TRAVEL BILLED AT MORE THAN HALF-RATE

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES AT FULL RATE | FEES AT HALF RATE |
|---|---|---|---|
| Berman, D | 7.07 | 4,416.67 | 2,208.33 |
| | 7.07 | $4,416.67 | $2,208.33 |

| MATTER NAME | HOURS | FEES AT FULL RATE | FEES AT HALF RATE |
|---|---|---|---|
| Cueto | 7.07 | 4,416.67 | 2,208.33 |
| | 7.07 | $4,416.67 | $2,208.33 |

TRAVEL BILLED AT MORE THAN HALF-RATE

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | | | | | *MATTER NAME: Cueto* |
| 09/03/09 | Berman, D | 3.00 | 2.00 | 1,250.00 | 1.00 | F | 1 {L120} {A109} PREPARED FOR HEARING (1.0); |
| Thu | 9149292/1 | | | | 2.00 | F | 2 <u>TRAVELED TO BELLEVILLE, ILLINOIS RE SAME (2.00)</u>. |
| | | | | | | | *MATTER NAME: Cueto* |
| 09/04/09 | Berman, D | 6.00 | 2.00 | 1,250.00 | 4.00 | F | 1 {L120} {A101} PREPARED FOR AND ATTENDED HEARING (4.0); |
| Fri | 9149292/2 | | | | 2.00 | F | 2 <u>TRAVELED BACK TO CHICAGO (2.0)</u>. |
| | | | | | | | *MATTER NAME: Cueto* |
| 11/30/09 | Berman, D | 9.20 | 3.07 | 1,916.67 | | | 1 {L120} {A101} PREPARED FOR HEARING ON CUETO'S MOTION TO DISQUALIFY JUDGES AND PULITZER'S MOTION TO DISMISS AS A RESULT OF PLAINTIFF'S FAILURE TO FILE AMENDED CONSPIRACY COUNT WHILE TRAVELING TO ST. LOUIS FOR SAME; |
| Mon | 9154305/4 | | | | | | 2 ATTENDED HEARING RE SAME; |
| | | | | | | | 3 <u>RETURN TRAVEL TO CHICAGO</u>. |
| | | | 7.07 | $4,416.67 | | | |
| Total | | | | | | | |
| Number of Entries: | 3 | | | | | | |

EXHIBIT H

TRAVEL BILLED AT MORE THAN HALF-RATE

Jenner & Block LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES AT FULL RATE | FEES AT HALF RATE |
|---|---|---|---|
| Berman, D | 7.07 | 4,416.67 | 2,208.33 |
| | 7.07 | $4,416.67 | $2,208.33 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES AT FULL RATE | FEES AT HALF RATE |
|---|---|---|---|
| Cueto | 7.07 | 4,416.67 | 2,208.33 |
| | 7.07 | $4,416.67 | $2,208.33 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Matlock, M | 9.60 | 2,592.00 |
| Raiford, L | 8.80 | 2,860.00 |
| | 18.40 | $5,452.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 18.40 | 5,452.00 |
| | 18.40 | $5,452.00 |

EXHIBIT I  PAGE 1 of 4

EXHIBIT I

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/24/09 Thu | Raiford, L 9149337/1 | 1.30 | 1.30 | 422.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) DRAFTED AUGUST FEE APPLICATION. |
| 09/25/09 Fri | Matlock, M 9149337/2 | 1.80 | 1.80 | 486.00 | | | | MATTER NAME: Fee Application<br>1  (L210) (A104) REVIEWED INVOICES AND PREPARED SUMMARY CHARTS FOR MONTHLY FEE STATEMENT. |
| 09/25/09 Fri | Raiford, L 9149337/3 | 0.50 | 0.50 | 162.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) EDITED AUGUST FEE APPLICATION. |
| 10/06/09 Tue | Raiford, L 9152113/1 | 0.30 | 0.30 | 97.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) EDITED AUGUST FEE APPLICATION. |
| 10/07/09 Wed | Raiford, L 9152113/2 | 1.50 | 1.50 | 487.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) DRAFTED THIRD QUARTERLY FEE APPLICATION. |
| 10/12/09 Mon | Matlock, M 9152113/3 | 2.10 | 2.10 | 567.00 | | | | MATTER NAME: Fee Application<br>1  (L210) (A104) REVIEWED INVOICES AND PREPARED MATTER SUMMARIES FOR QUARTERLY FEE APPLICATION. |
| 10/13/09 Tue | Matlock, M 9152113/4 | 3.80 | 3.80 | 1,026.00 | 1.20 F<br>0.90 F<br>1.10 F<br>0.60 F | | 1<br>2<br>3<br>4 | MATTER NAME: Fee Application<br>(L210) (A103) WORKED ON PREPARING ATTORNEY SUMMARIES FOR QUARTERLY FEE APPLICATION (1.2):<br>REVIEWED AND BALANCED INVOICES AGAINST DATA FOR SAME (.9):<br>REVISED AND PROOFREAD APPLICATION (1.1):<br>PREPARED EXHIBITS FOR QUARTERLY APPLICATION (.6). |
| 10/13/09 Tue | Raiford, L 9152113/5 | 0.70 | 0.70 | 227.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) EDITED THIRD QUARTERLY FEE APPLICATION. |
| 10/14/09 Wed | Raiford, L 9152113/6 | 1.30 | 1.30 | 422.50 | | | | MATTER NAME: Fee Application<br>1  (L210) (A103) CONTINUED EDITING THIRD QUARTERLY FEE APPLICATION. |
| 10/19/09 Mon | Raiford, L 9152113/7 | 1.00 | 1.00 | 325.00 | | | | MATTER NAME: Fee Application<br>1  (L190) (A103) PREPARED TIME ENTRY SPREADSHEET FOR FEE EXAMINER. |
| 10/26/09 Mon | Raiford, L 9152113/8 | 0.80 | 0.80 | 260.00 | | | | MATTER NAME: Fee Application<br>1  (L190) (A103) DRAFTED SEPTEMBER FEE APPLICATION. |
| 10/27/09 Tue | Raiford, L 9152113/9 | 0.40 | 0.40 | 130.00 | | | | MATTER NAME: Fee Application<br>1  (L190) (A103) CONTINUED DRAFTING SEPTEMBER FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of 4

EXHIBIT I

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 11/03/09 Tue | Matlock, M 9154364/1 | 1.90 | 1.90 | 513.00 | | 1 | *MATTER NAME: Fee Application*<br>(L210) (A103) PREPARED EXHIBIT CHARTS FOR MONTHLY FEE APPLICATION. |
| 11/09/09 Mon | Raiford, L 9154364/2 | 1.00 | 1.00 | 325.00 | | 1 | *MATTER NAME: Fee Application*<br>(L210) (A103) PREPARED SEPTEMBER FEE APPLICATION. |
| Total | | | 18.40 | $5,452.00 | | | |

Number of Entries:    14

EXHIBIT I

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Matlock, M | 9.60 | 2,592.00 |
| Ralford, L | 8.80 | 2,860.00 |
| | 18.40 | $5,452.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 18.40 | 5,452.00 |
| | 18.40 | $5,452.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 4 of 4

EXHIBIT J

Vaguely Described Photocopy Charges

Jenner & Block LLP

| DATE | INVOICE/ENTRY # | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|-----------------|---------------|---------------|----------------|-------------|
| Category: Network Printing | | | | | |
| 10/12/09 | 9152113/31 | 13.23 | | 13.23 | *MATTER NAME: FA - Fee Application* NETWORK PRINTING |
| 10/15/09 | 9152113/32 | 4.86 | | 4.86 | *MATTER NAME: FA - Fee Application* NETWORK PRINTING |
| Network Printing: | | $18.09 | | $18.09 | |
| Category: Photocopy Expense | | | | | |
| 09/28/09 | 9149292/2 | 20.52 | | 20.52 | *MATTER NAME: CUE - Cueto* PHOTOCOPY EXPENSE |
| 09/29/09 | 9149292/3 | 0.52 | | 0.52 | *MATTER NAME: CUE - Cueto* PHOTOCOPY EXPENSE |
| 09/30/09 | 9149292/4 | 10.53 | | 10.53 | *MATTER NAME: CUE - Cueto* PHOTOCOPY EXPENSE |
| 10/27/09 | 9152063/36 | 0.72 | | 0.72 | *MATTER NAME: CUE - Cueto* PHOTOCOPY EXPENSE |
| 10/28/09 | 9152063/37 | 1.08 | | 1.08 | *MATTER NAME: CUE - Cueto* PHOTOCOPY EXPENSE |
| 11/05/09 | 9154361/6 | 12.15 | | 12.15 | *MATTER NAME: ESI - ESOP/Stay Issues* PHOTOCOPY EXPENSE |
| 11/06/09 | 9154361/7 | 17.55 | | 17.55 | *MATTER NAME: ESI - ESOP/Stay Issues* PHOTOCOPY EXPENSE |
| 11/09/09 | 9154362/11 | 17.01 | | 17.01 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/09/09 | 9154364/25 | 2.25 | | 2.25 | *MATTER NAME: FA - Fee Application* PHOTOCOPY EXPENSE |
| 11/11/09 | 9154361/8 | 6.57 | | 6.57 | *MATTER NAME: ESI - ESOP/Stay Issues* PHOTOCOPY EXPENSE |
| 11/12/09 | 9154362/12 | 3.87 | | 3.87 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/14/09 | 9154362/13 | 274.68 | | 274.68 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/16/09 | 9154361/9 | 23.04 | | 23.04 | *MATTER NAME: ESI - ESOP/Stay Issues* PHOTOCOPY EXPENSE |

EXHIBIT J

Vaguely Described Photocopy Charges

Jenner & Block LLP

| DATE | INVOICE/ENTRY # | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|------|------|------|------|------|
| Category: Photocopy Expense | | | | | |
| 11/18/09 | 9154362/14 | 35.55 | | 35.55 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/18/09 | 9154362/15 | 34.83 | | 34.83 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/19/09 | 9154361/10 | 1.53 | | 1.53 | *MATTER NAME: ESI - ESOP/Stay Issues* PHOTOCOPY EXPENSE |
| 11/20/09 | 9154362/16 | 13.77 | | 13.77 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/20/09 | 9154362/17 | 73.26 | | 73.26 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/23/09 | 9154362/18 | 0.27 | | 0.27 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/24/09 | 9154362/19 | 41.40 | | 41.40 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/24/09 | 9154362/20 | 371.34 | | 371.34 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/25/09 | 9154362/21 | 29.79 | | 29.79 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/25/09 | 9154362/22 | 10.80 | | 10.80 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| 11/28/09 | 9154362/23 | 4.80 | | 4.80 | *MATTER NAME: DOL - DOL Subpoena* PHOTOCOPY EXPENSE |
| Photocopy Expense: | | $1,007.83 | | $1,007.83 | |
| | | $1,025.92 | | $1,025.92 | |