**From**: CN=Rajesh Kapadia/O=JPMCHASE
**Date**: 12/19/2007 09:10:26 AM
**To**: "Tim (Citigroup) Dilworth" <timothy.p.dilworth@citigroup.com>
**Subject**: Fw: Response to your questions of the Board
**Number of attachments**: 1

---------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
**From:** "Kaplan, Todd \(GMI Leveraged Finance\)" [todd_kaplan@ml.com]
**Sent:** 12/18/2007 07:34 PM CST
**To:** Rajesh Kapadia; <bill.a.bowen@bankofamerica.com>; <julie.persily@citi.com>; <timothy.p.dilworth@citigroup.com>; <daniel.kelly@bofasecurities.com>; "Tuvlin, David \(IBK-NY\)" <david_tuvlin@ml.com>; <jschaffzin@cahill.com>; <dhorowitz@cahill.com>; <cgilman@cahill.com>; <wmiller@cahill.com>
**Subject:** FW: Response to your questions of the Board

| Redacted |
| --- |

-----Original Message-----
**From:** Kenney, Crane H [mailto:CKenney@tribune.com]
**Sent:** Tue 12/18/07 7:09 PM
**To:** Kaplan, Todd (GMI Leveraged Finance)
**Cc:**
**Subject:** Response to your questions of the Board
Todd:

See the attached. The Board and its special counsel, Skadden, did not react well to your questions but at our urging were willing to provide an excerpt from the draft minutes of today's meeting. I believe this will address your concerns regarding their diligence and VRC's independence. We are still at work on the other three questions and hope to have some resolution tomorrow. We know time is of the essence.

Crane H. Kenney
Senior Vice President, General Counsel
 & Secretary
Tribune Company
435 N. Michigan Ave.
Chicago, IL 60611
Tel # 312-222-2491
Fax # 312-222-4206
E-mail: ckenney@tribune.com

--This e-mail is sent by a lawyer and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify me immediately. --


This message w/attachments (message) may be privileged, confidential or proprietary, and if you are not an intended recipient, please notify the sender, do not use or share it and delete it. Unless specifically indicated, this message is not an offer to sell or a

Highly Confidential - Attorneys' Eyes Only                                                JPM_00500500

<p/>

## Excerpt from 12/18/07 minutes

Representatives of VRC reviewed its solvency analysis with the board. Management confirmed its belief that VRC's analysis and the underlying assumptions and projections are reasonable, if not conservative. Diligence questions that had been posed by the banks to VRC and to management were previously made available to the board. The board (directly and through its counsel and financial advisors) posed its own questions to VRC and to management and received answers thereto. Without limitation, (i) VRC confirmed that its opinion was the result of its independent, professional advice without improper influence of management, (ii) VRC confirmed that it engaged in a significant testing of both management's base case and downside cases, (iii) VRC confirmed that it had received all the information it had requested from the Company; (iv) VRC described its internal opinion review process as rigorous and confirmed that its fee would be the same whether it opined favorably or unfavorably as to solvency, (v) VRC explained the changes in its approach to the PHONES valuation and that such change was not, in any event, outcome determinative and (vi) VRC confirmed it received and considered written questions submitted by the four lead banks to management related to the second step transaction and its solvency analysis reflects VRC's consideration of those questions.

The board then met with VRC in executive session, without management and continued its review of VRC's solvency analysis. Management then rejoined the meeting and after completion of VRC's review and presentation and all questions and answers, VRC rendered its opinion, and said that it would provide a written opinion brought down to closing. Management then advised the board that management stands ready to deliver the closing certificate contemplated by the Credit Agreement as to solvency and that such certificate will be based upon its own analysis, as further supported by the VRC opinion and analysis. Thereupon, the board recessed and the Special Committee met with its counsel and financial advisors. When the board reconvened, it was advised that the Special Committee recommended acceptance of the VRC opinion in satisfaction of the condition to closing set forth in the Merger Agreement.

Based upon the presentations and discussions at the meeting (as well as presentations and discussions at prior meetings of the board, including on May 9, 2007 and December 4, 2007 ) and the recommendation of the Special Committee, the board determined (i) that it could rely in good faith on the VRC opinion and (ii) that the opinion is in form and substance satisfactory to the Company for purposes of Section 6.2(e) of the Merger Agreement.

## Excerpt from 12/18/07 minutes

Representatives of VRC reviewed its solvency analysis with the board. Management confirmed its belief that VRC's analysis and the underlying assumptions and projections are reasonable, if not conservative. Diligence questions that had been posed by the banks to VRC and to management were previously made available to the board. The board (directly and through its counsel and financial advisors) posed its own questions to VRC and to management and received answers thereto. Without limitation, (i) VRC confirmed that its opinion was the result of its independent, professional advice without improper influence of management, (ii) VRC confirmed that it engaged in a significant testing of both management's base case and downside cases, (iii) VRC confirmed that it had received all the information it had requested from the Company; (iv) VRC described its internal opinion review process as rigorous and confirmed that its fee would be the same whether it opined favorably or unfavorably as to solvency, (v) VRC explained the changes in its approach to the PHONES valuation and that such change was not, in any event, outcome determinative and (vi) VRC confirmed it received and considered written questions submitted by the four lead banks to management related to the second step transaction and its solvency analysis reflects VRC's consideration of those questions.

The board then met with VRC in executive session, without management and continued its review of VRC's solvency analysis. Management then rejoined the meeting and after completion of VRC's review and presentation and all questions and answers, VRC rendered its opinion, and said that it would provide a written opinion brought down to closing. Management then advised the board that management stands ready to deliver the closing certificate contemplated by the Credit Agreement as to solvency and that such certificate will be based upon its own analysis, as further supported by the VRC opinion and analysis. Thereupon, the board recessed and the Special Committee met with its counsel and financial advisors. When the board reconvened, it was advised that the Special Committee recommended acceptance of the VRC opinion in satisfaction of the condition to closing set forth in the Merger Agreement.

Based upon the presentations and discussions at the meeting (as well as presentations and discussions at prior meetings of the board, including on May 9, 2007 and December 4, 2007 ) and the recommendation of the Special Committee, the board determined (i) that it could rely in good faith on the VRC opinion and (ii) that the opinion is in form and substance satisfactory to the Company for purposes of Section 6.2(e) of the Merger Agreement.

Highly Confidential - Attorneys' Eyes Only

JPM 00500502