**PRIVILEGED AND CONFIDENTIAL – ATTORNEY-CLIENT COMMUNICATION**

### UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS OF
### THE ROBERT R. MCCORMICK TRIBUNE FOUNDATION

The undersigned, being all of the directors of the Robert R. McCormick Tribune Foundation, an Illinois not-for-profit corporation (the "Foundation"), hereby take the following actions and adopt the following resolutions by unanimous written consent ("Consent") pursuant to Section 108.45 of the Illinois General Not for Profit Corporation Act of 1986, as amended (the "Act"):

WHEREAS, in September, 2006, Tribune Company (the "Company") formed an independent special committee (the "Special Committee") of its board of directors (the "Tribune Board") to oversee exploration of strategic alternatives for preserving, and creating additional, shareholder value, and to thereafter make a recommendation to the Tribune Board with respect to one or more such strategic alternatives;

WHEREAS, in view of the Company's strategic assessment and because of the Foundation's sizable investment in the Company, the Board of Directors of the Foundation (the "Board") on December 14, 2006, established an advisory committee (the "Advisory Committee") consisting of John W. Madigan and James C. Dowdle, both of whom were members of the Board but were not currently employed by the Company, to analyze and evaluate the course of action that the Foundation should take with respect to its shares of common stock of the Company (the "Tribune Stock"), with the members of the Board who were also executives of the Company recusing themselves from the evaluation process;

WHEREAS, the Board authorized the retention of Katten Muchin Rosenman LLP ("Special Counsel") to serve as special legal counsel to the Foundation and to assist the Advisory Committee and the Board with respect to their review of potential actions that the Foundation should take with respect to the Tribune Stock;

WHEREAS, the Board authorized the Advisory Committee to engage a financial advisor for the Foundation, and the Advisory Committee thereafter retained The Blackstone Group L.P. ("Blackstone") as such independent financial advisor;

WHEREAS, the Foundation also requested Quarles & Brady LLP, general counsel to the Foundation, and Brien O'Brien of Advisory Research ("Advisory Research"), the Foundation's long-time financial advisor, to assist in evaluating alternatives available to the Foundation with respect to any financial restructuring considered by the Special Committee and the Company and to provide advice to the Advisory Committee and the Board regarding related tax, legal, financial and investment issues;

WHEREAS, the Advisory Committee consulted extensively with its Special Counsel, Blackstone, Quarles & Brady LLP and Advisory Research (hereinafter collectively referred to as the "Advisors") to assist in evaluating the possible actions available to the Foundation with respect to any financial restructuring alternatives considered by the Special Committee and

QBCHI\459754.13

related financial, investment, tax, and legal issues; the Advisory Committee had numerous in-person meetings, as well as generally daily telephonic meetings, with the Advisors; it received numerous legal, informational and due diligence memoranda prepared by Special Counsel and General Counsel, as well as detailed financial analyses provided by Blackstone and Advisory Research regarding the Company, its business prospects and existing and proposed capital structure, and a number of restructuring alternatives; and the Advisory Committee considered, analyzed, and discussed these memoranda with the Advisors;

WHEREAS, the Advisory Committee reviewed with the Advisors multiple alternative restructuring proposals and related information;

WHEREAS, the Advisory Committee and the Advisors participated in an all-day due diligence meeting with Company management, and the Advisors, on behalf of the Advisory Committee, participated in additional due diligence conferences with Company management, engaged in numerous discussions with counsel to the Company and its investment bankers, special counsel and investment bankers for the Special Committee, representatives of the Chandler Trusts, and representatives of multiple third parties;

WHEREAS, the Company subsequently approved a series of transactions (collectively known as "Leveraged ESOP Transaction") (i) with a newly-formed Tribune Employee Stock Ownership Plan (the "ESOP"), (ii) a limited liability company ("Zell LLC") wholly owned by Sam Investment Trust, established for the benefit of Samuel Zell and his family, and (iii) Samuel Zell ("Mr. Zell");

WHEREAS, the Leveraged ESOP Transaction includes a series of transactions which are more fully described in the Report of the Advisory Committee (the "Report"), including but not limited to the Company's offer to repurchase approximately 126 million shares of Company stock that are currently outstanding at a price of $34.00 per share (the "Tender"). The Tender would not be contingent on any minimum number of shares of Company stock being tendered;

WHEREAS, the Foundation owns approximately 28.0 million shares of Company stock representing approximately 11.5% of the total shares of Company stock outstanding;

WHEREAS, as a result of the Tender the Foundation would receive approximately $556.3 million for 16.4 million shares of Company stock (assuming that the participation of shareholders in response to the Tender is 80% and that the Company accepts shares in the Tender on a proportionate basis). Following consummation of the Tender, the Foundation will have cash and investments of approximately $852 million and its Tribune equity with a value of $396 million (assuming a post tender market value of $33.88 per share), increasing the diversification of the Foundation's portfolio;

WHEREAS, the Advisory Committee presented the Report to a meeting of the Board held on May 23, 2007 and recommended to the Board for the reasons stated in the Report that all of the Company stock be tendered pursuant to the terms of the Tender;

WHEREAS, the Board considered the Tender at a special meeting on May 23, 2007, at which: (a) the Advisory Committee recommended to the Board the approval of the Tender for the reasons stated in the Report submitted to the Board; (b) Blackstone analyzed the Leveraged ESOP Transaction and made a presentation to the Board with respect to the Tender and presented the Board with a written report and its fairness opinion that the Tender would be fair to the Foundation from a financial point of view (the "Fairness Opinion"); and (c) Advisory Research provided its opinion that a decision by the Board to enter into the Tender would be a

2

FOUN0010020

prudent investment decision, in the context of the Foundation's overall investment portfolio (the "Advisory Research Opinion");

WHEREAS, the Board has relied on the Report, the Fairness Opinion, the Advisory Research Opinion (copies of which are attached to the Secretary's copy of this Consent) in its deliberations with respect to the Tender;

WHEREAS, the Board thereafter had the opportunity to ask questions of the Advisors with respect to the Tender, and engaged in related discussion;

WHEREAS, the Directors of the Foundation who are executives of the Company are acting solely in their capacity as Directors of the Foundation and in exercising their approval set forth herein are relying on the Report of and the recommendation of the Advisory Committee;

WHEREAS, at such meeting the Board, considering all of the foregoing, unanimously approved the Foundation's participation in the Tender at the $34.00 per share price and authorized tender of the maximum number of shares permitted under the term of the Tender; and

WHEREAS, the Board has determined that, although it has the authority pursuant to Article 8, Section 3 of its Articles of Incorporation to dispose of Company stock by approval of a majority of the directors in office, it desires that the transaction be approved by a unanimous consent and approval of the Board, including the affirmative votes of John W. Madigan and James C. Dowdle, members of the Board who were determined by the Board to be disinterested directors ("Disinterested Directors") for purposes of Section 108.60 of the Act.

NOW THEREFORE, BE IT RESOLVED, that the Board and the Disinterested Directors hereby approve that the Foundation's participation in the Tender at the $34.00 per share price is in the best interests of the Foundation and authorizes the Foundation to tender the maximum number of shares permitted under the terms of the Tender.

FURTHER RESOLVED, that the Board hereby delegates to the Advisory Committee the power and authority to negotiate any final terms of the Tender, consistent with the primary terms presented to the Board at its special meeting, and to negotiate the documents necessary to implement the Tender;

FURTHER RESOLVED, that the Board hereby delegates to the President and other officers of the Foundation the full power and authority:

(a) to execute and deliver the documents that are finalized by the Advisory Committee and such other documents and instruments as may be necessary or desirable in order to accomplish the Tender and to fulfill the foregoing resolutions of the Board and those adopted at the special meeting; and

(b) to execute and deliver such reports, filings and other documents as may be necessary or advisable, including, but not limited to, one or more amendments to the Foundation's Schedule 13D or one or more filings with the Internal Revenue Service, as deemed appropriate by the Foundation's legal advisors;

FURTHER RESOLVED, that the President and other officers of the Foundation are, and each of them hereby is, authorized to do or cause to be done in the name of and on behalf of the Foundation any and all acts and deeds and to execute and deliver any and all agreements, instruments or other documents as they deem necessary or desirable to effectuate the foregoing resolutions.

QBCHI\459754.13

FOUN0010021

IN WITNESS WHEREOF, the undersigned have executed this Consent as of this 23rd day of May, 2007.

**[SIGNATURES ATTACHED]**

Signature Page

ROBERT R. MCCORMICK TRIBUNE FOUNDATION

**BOARD OF DIRECTORS**

*[signature]*
James C. Dowdle

*[signature]*
Dennis J. FitzSimons

_____
David D. Hiller

*[signature]*
John W. Madigan

*[signature]*
Scott C. Smith

**DISINTERESTED DIRECTORS**

*[signature]*
James C. Dowdle

*[signature]*
John W. Madigan

5

QBCHI\459754.13

FOUN0010023