

# GRIPPO & ELDEN

**GRIPPO & ELDEN LLC**
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
FAX:    (312) 558-1195
        (312) 263-7356

To Call Writer Direct
(312) 704-7735
gdougherty@grippoelden.com

July 14, 2010

**VIA FEDERAL EXPRESS**

Lee R. Bogdanoff
**KLEE, TUCHIN, BOGDANOFF & STERN, LLP**
1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, California 90067

Nicholas J. Nastasi
**SAUL EWING LLP**
Centre Square West
1500 Market Street, *38th Floor*
Philadelphia, Pennsylvania 19102-2186

Re:    *Tribune Bankruptcy*:
       **Examinations of Dennis FitzSimons and Don Grenesko**

Dear Messrs. Bogdanoff and Nastasi:

      We ask that the Examiner consider this submission and provide us with the opportunity to speak with him.

      Questions asked at the depositions of Mr. Grenesko and Mr. FitzSimons implied that Morgan Stanley is currently taking the position that it was unaware of the refinancing representation provided by Tribune as part of the second step of the transaction or somehow disapproved of that representation. In light of those questions, we looked for relevant, contemporaneous documents in the depository that were produced by Morgan Stanley, Tribune and other parties. We located numerous documents on the issue, and they show that any such position now taken by Morgan Stanley is flatly untenable.

      Regardless of any current recollections or failures of recollection by Morgan Stanley or others, the contemporaneous documents conclusively show that Morgan Stanley was fully aware of Tribune's representation and had numerous opportunities to object to it. These documents also show that Tribune was relying on "discussions" with Morgan Stanley in providing the representation and that Tribune's reliance on those discussions with Morgan Stanley was disclosed to that entity. Indeed, we note that the final VRC solvency opinion specifically references "recent discussions with Morgan Stanley" in connection with the refinancing representation, a document that Morgan Stanley must have reviewed before its representatives (Taubman and Whayne) expressed Morgan Stanley's views (memorialized in the December 18, 2007 Special Committee meeting minutes) on VRC's "solvency opinion and the analysis behind it." Morgan Stanley's stated opinions that VRC's analysis was "conservative," "thorough," and

969199



**GRIPPO
&ELDEN**

Lee R. Bogdanoff
Nicholas J. Nastasi
July 14, 2010
Page 2

"appropriate" and that the "VRC opinion" was something upon which a director could reasonably rely had to be based on, at a minimum, a review of the solvency opinion letter.

For the convenience of the Examiner, we have prepared a chronology of documents showing Morgan Stanley's involvement in the refinancing representation. We have also included each of the referenced emails or documents so that he can review the documents himself, using the chronology as a guide.

We are available to discuss this matter further, in person or by phone. Thank you for your consideration.

Sincerely,

George R. Dougherty

GRD/db
Enclosure

969199

# CHRONOLOGY REGARDING MORGAN STANLEY AND THE 2014 REFINANCING REPRESENTATION

| | |
|---|---|
| Tab 1 — Email dated 12/1/07, 8:52 p.m. (CST) | Chandler Bigelow ("Bigelow") writes to Crane Kenney ("Kenney"), Dennis FitzSimons ("FitzSimons") and Don Grenesko ("Grenesko") stating that he had "just" spoken to Chad Rucker ("Rucker") of VRC and that VRC identified "three issues/concerns" that need to be resolved before an internal VRC committee meeting scheduled for the next day at 11:30 a.m. (CST): (1) the "refinancing risk" with Tribune's "new debt in 2014"; (2) that "Sam will exercise his warrant and then somehow force [ ] the Company to pay his taxes;" and (3) VRC's request for a "rep letter" that the present value of projected tax savings is "reasonable." |
| | With respect to the first issue, VRC wants the representation to say that it would be reasonable to assume that Tribune would be "able to refinance in 2014 even in the downside case" and that Tribune had conferred with "one of our financial advisors and that our advisor concurs with this assumption." |
| | Bigelow states that Morgan Stanley is needed on the "first point" but "to be clear, it is reasonable to assume we can refi in 2014." |
| | Bigelow suggests a call at 7:30 a.m. on Sunday with Kenney, FitzSimons and Grenesko. |
| Tab 2 — Email dated 12/1/07, 8:57 p.m. (CST) | Bigelow writes to Morgan Stanley (Thomas Whayne ("Whayne") and Charles Stewart ("Stewart")) stating that they may need to "catch up" tomorrow morning. Whayne replies, copying Stewart, that he will be in the office by 10:00 a.m. (New York time). *See* 12/1/10, 9:00 p.m. (CST) email. |
| | Bigelow then sets a call with Morgan Stanley (Whayne and Stewart) for 9:15 a.m. (CST) for them to get caught up with the "VRC process" and to discuss "one question that [VRC] asked about [Tribune's] ability to refinance in 2014." *See* Email dated 12/2/07, 7:56 a.m. (CST). FitzSimons, Grenesko, Bigelow, Stewart and Whayne are to be on the call. *See* Whayne's email, dated 12/2/10, at 8:24 a.m. (CST). |
| Tab 3 — Email dated 12/2/07, 10:11 a.m. (CST) | Whayne reports to Paul Taubman ("Taubman") and others at Morgan Stanley that Stewart and he had just "finished a call with Dennis, Don and Chandler." Whayne reports that VRC is scheduled to present to the Tribune Board on Tuesday with regard to their solvency analysis and is having a "final interim |

|  |  |
|---|---|
|  | committee meeting at noon today." VRC has asked Tribune management, in addition to other things, to rep that it would be "reasonable to assume that debt can be refinanced in 2014." VRC also asked, according to Whayne's email, that management "discuss this issue with advisors." <br><br> Whayne's conclusion is that "all issues appear manageable with VRC." |
| Tab 4 — Handwritten notes dated 12/2/07 | Notes of Brian Browning ("Browning") reflecting call between VRC (Browning, Rucker) and Tribune (Grenesko, Bigelow, Kenney). Notes reflect discussion about each point in Bigelow's 12/1/07, 8:52 email. This call presumably takes place before scheduled VRC committee meeting. |
| Tab 5 — Email dated 12/2/07, 1:28 p.m. (CST) | Bigelow reports to Morgan Stanley (Whayne and Stewart) that VRC has given Tribune the "green light." Bigelow's report to Morgan Stanley (Whayne and Stewart) is apparently based on a call with VRC following the committee meeting. Bigelow tells Morgan Stanley that VRC has asked Tribune to get "precedent debt issuance transactions" (comps) and also asked if "Morgan Stanley would rep to [Tribune's] ability to refi in 2014." There is no mention of these issues in previous documents (Browning's contemporaneous notes, Bigelow's 12/1/07 8:52 a.m. email or Whayne's 12/2/07 10:11 a.m. email). Bigelow tells Morgan Stanley that he told VRC that he doubted Morgan Stanley itself would give such a representation. Bigelow tells Morgan Stanley that he would like to get the "important deliverable" (comps) to VRC by tomorrow (Monday). <br><br> Whayne responds that Morgan Stanley will "look for precedence" and that Bigelow was correct regarding Morgan Stanley's own "inability to rep." *See* Email dated 12/2/07, 2:34 p.m. (CST). |
| Tab 6 — Handwritten notes dated 12/2/07 | VRC (Browning) notes dated 12/2/07 state that VRC asked Bigelow to see if Morgan Stanley could provide documentation ("leverage comps") to support the requested representation regarding ability to refinance. Notes also state that Tribune talked to Morgan Stanley, which believed that it would be reasonable to conclude that debt would be refinanceable at the levels outlined in the downside case and before any additional asset sales. "Management" is to provide a letter of representation that the refinancing is a "reasonable assumption." |

2

969121.1

| | |
|---|---|
| Tab 13 — Email dated 12/11/07, 10:05 p.m. (GMT) | Bigelow sends to various individuals, including Morgan Stanley (Whayne), two pages of lender follow-up questions relating to the closing of the second step. Question No. 2 relates directly to the refinancing representation. Lenders want to know if VRC met with "someone from Morgan Stanley" concerning the representation and does Morgan Stanley "understand that Tribune is relying on its view." (This email and attachment are specifically directed to Whayne of Morgan Stanley.) |
| Tab 14 — 12/18/07 Special Committee Meeting Minutes | Osborn requests that representatives of Morgan Stanley (Taubman and Whayne) comment on the "solvency opinion and the analysis behind it." Solvency opinion makes specific reference to "discussions with Morgan Stanley" in connection with the refinancing representation. In response, Morgan Stanley (Whayne) states that the VRC analysis seemed "thorough" and "appropriate" and that "VRC's opinion was something upon which a director could reasonably rely." Morgan Stanley (Taubman) reiterated the "conservative nature of VRC's analysis" and stated that "the Company has additional value not represented in the VRC presentation." |
| Tab 15 — 12/18/07 Board of Director Meeting Minutes | Board is advised that the Special Committee recommends acceptance of the VRC opinion in satisfaction of the condition of closing set forth in the merger agreement. Board concludes that it could rely in good faith on the VRC opinion and that the opinion was in form and substance satisfactory to the Company for purposes of merger agreement. |
| Tab 16 — Solvency Opinion dated 12/20/07 | VRC's solvency opinion letter specifically states that refinancing representation is based on, in addition to other things, management's "recent discussions with Morgan Stanley." |
| Tab 17 — Refinancing Representation dated 12/20/07 | Rep signed by Don Grenesko says that management, based on its "best understanding" of the debt and capital markets and its "recent discussions with Morgan Stanley," believes that it is reasonably appropriate for VRC to assume the Tribune "would be able to refinance" the outstanding balances of the Term Loan B that matures in 2014 and the senior unsecured interim loan agreement that matures in 2015 without the need of any asset sales other than those incorporated into the downside forecast. |

4

969121.1