IN THE UNITED BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 08-13141 (KJC)** |
| | ) | |
| **TRIBUNE COMPANY, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| | ) | Hearing Date: September 15, 2010 at 11:00 a.m. |
| **Debtors.** | ) | Obj. Deadline: September 8, 2010 by 4:00 p.m. |

## MOTION OF IVAN J. BATES FOR AN ORDER TO EXTEND THE BAR DATE TO FILE CLAIMS AGAINST THE DEBTORS' ESTATES

Ivan J. Bates ("Mr. Bates" or the "Movant"), by and through his undersigned counsel, hereby files the Motion of Ivan J. Bates for an Order to Extend the Bar Date to File Claims Against the Debtors' Estates (the "Motion"). In support of the Motion, the Movant respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On December 8, 2008, the above-captioned debtors ("Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On June 8, 2010, Mr. Bates filed his Motion for Relief from the Automatic Stay (the "Motion for Relief")[D.I. 4725]. As stated in his Motion for Relief, Mr. Bates seeks relief

1

from the automatic stay so that he may proceed in Maryland state court against the Debtors and certain employees of the Debtors (the "Maryland Action"). Through the Maryland Action, Mr. Bates seeks damages arising from the publication of false, misleading and defamatory statements that resulted in significant harm to Mr. Bates' personal and professional reputation.

4. In response to the Motion for Relief, Debtors filed their Objection to the Motion of Ivan J. Bates for Relief From the Automatic Stay ("Debtors' Objection")[D.I. 4951] on July 7, 2010. According to Debtors' Objection, this Court should deny Mr. Bates' Motion for Relief, in part, because "Bates has failed to file a proof of claim against the [Debtors] despite the Debtors' provision to Bates of actual notice of the bar date established by this Court." Debtors' Objection at ¶ 8.

## RELIEF REQUESTED

5. By this Motion, Mr. Bates requests the entry of an order, pursuant to Fed. R. Bankr. P. 9006(b), extending the claims bar date. Mr. Bates seeks an order providing that the bar date established in the Amended Schedules Bar Date Notice [Docket No. 3653] be extended until August 31, 2010.

6. Fed. R. Bankr. P. 9006(b) governs enlargement of time and confers on the Court discretion generally to authorize extensions of time. Pursuant to Fed. R. Bankr. P. 9006(b)(1), a party may seek the enlargement of time to file a proof of claim "after the expiration of the specified period permit[s] the act to be done where the failure to act was the result of excusable neglect."

7. Pursuant to Fed. R. Bankr. 9006(b), cause exists for the extension of Debtors' April 5, 2010 bar date because Mr. Bates believed that the ongoing litigation of the underlying action provided the Debtors and its counsel with proper notice of his claims.

2

8. As stated in Debtors' Objection to Bates' Motion for Relief, Debtors were not aware of Bates claims until after July of 2009 (after receiving correspondence from Mr. Bates' attorney). Debtors' Objection, ¶ 8. On March 2, 2010, eight months after learning of Mr. Bates' claims, Debtors filed their Third Amended Schedules of Assets and Liabilities for the Baltimore Sun Company (the "Third Amended Schedules")[D.I. 3576 at 215];  see also, Debtors' Objection, ¶ 8. Debtors listed Mr. Bates' claim, classifying it as contingent, disputed and unliquidated, within the Third Amended Schedules. Id.

9. As stated in Debtors' Objection, after receiving Notice of Debtors' Third Amended Schedules, Mr. Bates was "required to file a proof of claim on account of whatever claims he believed he possesses against the Debtors." Debtors' Objection, ¶ 9.

10. As early as August 4, 2009, Debtors were corresponding directly with Mr. Bates' attorney, Brian K. Telfair. Debtors sent correspondence to Mr. Telfair at his normal business address: The Telfair Law Firm, LLC, 3007 Brook Road, Suite 1000, Richmond, Virginia 23227. A copy of Debtors' August 4, 2009 correspondence addressed to Mr. Telfair is attached hereto as Exhibit "A".

11. In the August 4, 2009 correspondence, Debtors advised Mr. Bates' attorney that "the proof of claim deadline was June 12, 2009." Debtors made no mention in their August correspondence, and Mr. Telfair was not aware, that Mr. Bates could timely file his proof of claim within 30 days after service of the Notice of Debtors' Third Amended Schedules.

12. Despite Debtors' knowledge in August of 2009 that Mr. Bates was represented by Mr. Telfair, Debtors sent the Notice of Third Amended Schedules on March 5, 2010 to Mr. Bates to the attention of David Ellin (Mr. Bates' local counsel in Maryland), The Law Offices of David

Ellin, P.C. 20 South Charles Street, Baltimore, Maryland 21201. A copy of Debtors' Affidavit of Mailing for the Notice of Third Amended Schedules is attached hereto as Exhibit "B".

13. Pursuant to the Notice of Amendment to Schedules of Assets and Liabilities, April 6, 2010 was the deadline for Mr. Bates to file his proof of claim. Debtors notice of the April 6, 2010 claims bar date contradicted Debtors' prior correspondence to Mr. Telfair that "the proof of claims deadline was June 12, 2009." Either way, Mr. Bates did not file a contingent, unliquidated proof of claim with Debtors' claims agent until August 2010, over four (4) months after the April 6th deadline specified in the Notice of Amendment to Schedules of Assets and Liabilities.

14. In their Objection to the Motion for Relief, Debtors cite the Supreme Court decision of Pioneer Inv. Servs., v. Brunswick Assoc. Ltd for the holding that excusable neglect is an equitable determination that takes into consideration "all relevant circumstances surrounding the party's omission, including the danger of prejudice to the debtor, the reason for the delay, and whether the party acted in good faith." 507 U.S. 380, 395 (1993); see also Debtors' Objection, fn. 8.

15. Under Pioneer, the circumstances warrant extending the claims bar date to August 31, 2010. Excusable neglect in the late filing of a proof of claim exists when the particular bar date is not ordinary and there was a "dramatic ambiguity" in the notice. Pioneer Inv. Servs., v. Brunswick Assoc. Ltd. at 397. Further, excusable neglect requires the existence of good faith and no prejudice to any party. Id. at 395.

16. In the present proceeding, Mr. Bates' attorney learned of the claims bar date in August of 2009. According to Debtors' correspondence to Bates' attorney, the deadline for

4

filing claims had already passed. Debtors later sent a notice indicating the claims bar date was April 6, 2010, however, this notice was sent to Mr. Bates' local counsel.

17.     Mr. Bates did not act in bad faith by filing the Maryland Action on August 7, 2009. The article that gives rise to Mr. Bates' claims against the Debtors was published on August 8, 2008. The applicable statute of limitations for Mr. Bates' claim is one year. Mr. Bates filed the Maryland Action to preserve the jurisdiction of the Maryland state court. The jurisdiction of the Maryland state court is significant because the Delaware Bankruptcy Court may lack jurisdiction for Mr. Bates' claims against the Debtors. As alleged in his Complaint, Mr. Bates sustained severe emotional distress as a result of the Debtors' actions and such claims will likely be outside the jurisdiction of this Court. See Complaint, attached hereto as Exhibit "C", at pgh. 66.

18.     The correct claims bar date is April 6, 2010, not June 12, 2009. On April 6, 2010, Debtors were well aware of Mr. Bates' claim. The fact that Debtors' listed Mr. Bates' claim on Debtors Third Amended Schedules as "contingent, unliquidated and disputed" shows the lack of prejudice to the Debtors in Mr. Bates' request to extend the claims bar date. Given the lack of prejudice to the Debtors in this instant case, Mr. Bates requests the Court extend the claims bar date and allow his claim to be resolved on the merits.

WHEREFORE, Ivan J. Bastes respectfully requests entry of an Order Extending the Claims Bar Date Pursuant to Federal Rule of Bankruptcy Procedure 9006 and such other relief as the Court deems just and appropriate.

5

                                  **FOX ROTHSCHILD LLP**

                                  /s/ L. Jason Cornell, Esquire
                                  L. Jason Cornell, Esquire (No. 3821)
                                  Danielle S. Blount, Esquire (No. 5135)
                                  919 North Market Street, Suite 810
                                  Wilmington, DE  19899-2323
                                  302/654-7444; 302/656-8920 (fax)

                                  *Attorneys for Ivan J. Bates*

Dated:  August 24, 2010