IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               )
In re:                                                         )   Chapter 11
                                                               )
TRIBUNE COMPANY, et al.,                                       )   Case No. 08-13141 (KJC)
                                                               )   Jointly Administered
       Debtors.                                                )
                                                               )   **Ref Docket No. 2858**
                                                               )
                                                               )   **Hearing Date and Time:** *(Expedited*
                                                               )   *Consideration Requested)*
                                                               )
                                                               )   **Response Deadline:** *(Expedited*
                                                               )   *Consideration Requested)*
                                                               )
                                                               )
---------------------------------------------------------------x

**MOTION OF DEPOSITORY DESIGNEE AURELIUS CAPITAL MANAGEMENT, LP
FOR ACCESS TO DEPOSITORY DOCUMENTS OF
<u>JPMORGAN CHASE BANK, N.A. AND JPMORGAN SECURITIES, INC.</u>**

Aurelius Capital Management, LP ("Aurelius"), manager of funds that are beneficial owners of certain bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors"), hereby moves this Court for entry of an order directing JPMorgan Chase Bank, N.A. and JPMorgan Securities, Inc. (together, "JPMorgan") to permit Aurelius to access the documents in the document depository (the "Depository") established under this Court's December 15, 2009 Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (the "Depository Order") [Docket No. 2858]. In support of this motion (the "Motion"), Aurelius respectfully states as follows:

909909.10

## FACTUAL BACKGROUND

1. Aurelius, as manager of certain funds that are beneficial owners of bonds issued by Tribune, is a party-in-interest in the Debtors' chapter 11 cases. As such, Aurelius plans to exercise its right to actively participate in negotiations and court proceedings concerning confirmation of a plan of reorganization for the Debtors.

2. As the Court is aware, in connection with the investigation into causes of action related to the Debtors' 2007 leveraged buyout (the "LBO"), the Court entered the Depository Order that arranged for a Depository in which the Debtors would maintain and store certain discovery materials produced by various parties relating to the LBO ("Depository Documents"). The Depository Order set forth procedures for access to the Depository Documents.

3. In order to participate in these cases on equal footing with other creditors and parties-in-interest, Aurelius seeks unfettered access to the same Depository Documents that have been made available to others pursuant to this Court's Depository Order.

4. Accordingly, pursuant to the Depository Order, Aurelius has signed an Acknowledgment and Agreement with the Debtors (the "Acknowledgment") under which, among other things, Aurelius and its "Designated Representatives" agreed to be bound by procedures approved by the Court in the Depository Order to maintain the confidentiality of certain Depository Documents.

5. The Acknowledgement states in paragraph 2 that

> the Debtors shall within one business day after execution of this Acknowledgment, provide written notice together with a copy of this Acknowledgment by e-mail to the Committee and to each of the Producing Parties (a) advising each Producing Party that the undersigned has executed this Acknowledgment, (b) requesting each Producing Party to provide affirmative written consent (which

2

909909.10

> may be provided by e-mail) within three (3) business days of its receipt of the notice to provide the undersigned and its Designated Representatives full and unfettered access to the Discovery Documents in the Depository produced by such Producing Party. . . . The Debtors agree that the Court may resolve whether or not [Aurelius] shall be able to review the Discovery Documents of Producing Parties who either object or fail to respond on expedited motion of any of the Debtors, the Committee, the undersigned, or such Producing Party. The undersigned shall not have access to the Discovery Documents of objecting Producing Parties and Producing Parties who fail to timely respond unless such Producing Parties consent or a court order allows such access.

6. Pursuant to the foregoing procedures, on August 12, 2010, counsel to Aurelius sent a letter to counsel to the Debtors requesting that the Debtors solicit affirmative consents to Aurelius accessing Depository Documents produced by parties that had not previously affirmatively consented to Aurelius accessing their Depository Documents. A copy of the August 12, 2010 letter is attached as <u>Exhibit A</u>. On August 13, 2010, counsel to the Debtors informed counsel by email to Aurelius that

> Pursuant to your request, we have distributed your August 12 letter and the Aurelius Acknowledgment with a notice to the objecting and non-consenting Producing Parties. The notice requests such Producing Parties to provide an indication of their affirmative consent to allow Aurelius and its Designated Representatives access to their Discovery Documents in the Document Depository. Consistent with the Acknowledgment, we have requested responses within three business days of their receipt of the notice and will provide updates on the responses received.

7. At 6:12 p.m. (prevailing Eastern time) on August 17, 2010, counsel to the Debtors informed Aurelius by email that JPMorgan had objected to Aurelius accessing their Depository Documents. JPMorgan was the only Producing Party to object to providing Aurelius with such access. Indeed, *every other Producing Party* has affirmatively consented to providing Aurelius with access to the Depository Documents -- without caveat or condition. Aurelius has signed the Acknowledgment and is bound to confidentiality to the same extent as every other party to

3

909909.10

whom JPMorgan has granted access. JPMorgan's documents and information would be fully protected. Aurelius respectfully submits that there is no basis for JPMorgan's refusal to consent to Aurelius accessing their Depository Documents.

## BASIS FOR RELIEF

8. This Court's Depository Order states on pages 3-4 that "[i]f any Producing Party timely objects to a newly added Depository Designee reviewing such Producing Party's Discovery Documents, then the Court shall resolve whether or not such newly added Depository Designee shall be able to review the documents of such Producing Party on ***expedited motion*** of . . . such newly added Depository Designee" (emphasis added). At present, the objection by JPMorgan has necessitated that Aurelius seek relief from the Court pursuant to the Depository Order.

9. There is no basis to deny Aurelius access to its Depository Documents. Aurelius has signed the Acknowledgment, which is consistent with and indeed more restrictive than the terms of the form of acknowledgment approved by the Court and attached to the Depository Order. The Depository Documents and information of JPMorgan and all other parties will be fully protected by reason of Aurelius's undertaking to comply with the non-disclosure and confidentiality provisions contained in the Acknowledgment and the Depository Order.

10. These chapter 11 cases are at a critical juncture given the recent Examiner's Report, the pending plan of reorganization, the lapse of exclusivity, and the rapidly approaching Bankruptcy Code section 546(a) deadline. Denial of access to Depository Documents is highly prejudicial to Aurelius in that it prevents Aurelius from obtaining information possessed by other parties participating in the negotiations and court proceedings involved in these cases. As a party-in-interest entitled to discovery under Rule 2004 of the Federal Rules of Bankruptcy

Procedure, Aurelius requires full access to Depository Documents so that Aurelius may participate with other parties-in-interest in court hearings, depositions, negotiations, and any other proceedings involved in these cases.

11. The prejudice that JPMorgan's objection inflicts on Aurelius is illustrated by the fact that there was a deposition of a JPMorgan representative scheduled for August 23, 2010. Although this deposition has been postponed by notice given on August 18, 2010, it is clear that JPMorgan representatives will be key deponents and that JPMorgan Depository Documents will be integral to discovery in these cases. In addition, at hearings conducted on August 20, 2010, the Debtors announced their intention to file a revised plan of reorganization on August 27, 2010. Thus, Aurelius needs to be in a position to properly respond to the imminent filing. Accordingly, it is crucial that Aurelius be granted prompt access to JPMorgan's Depository Documents so that there can be no deposition, no court hearing, no negotiation session, or other proceeding from which parties could attempt to exclude Aurelius on the basis that it has not been granted access to JPMorgan's Depository Documents.

12. Based on the foregoing, Aurelius respectfully requests that the Court grant it access to all of Depository Documents. Aurelius also requests that this Motion be heard on an expedited basis on August 27, 2010 at 10:00 a.m. (prevailing Eastern time). To the extent that the Motion may not be heard on August 27, 2010, Aurelius requests that it be heard at the earliest possible convenience of the Court.

## NOTICE

13. Notice of this Motion has been given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the official committee of unsecured creditors; and (d) counsel to JPMorgan. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made by Aurelius to this Court or any other court.

## CERTIFICATION PURSUANT TO LOCAL RULE 2004-1

15. On August 18, 2010 -- prior to filing this Motion -- counsel to Aurelius conferred telephonically with counsel to JPMorgan with respect to the relief sought by Aurelius and advised such counsel of Aurelius's intention to seek expedited relief (as permitted in the Depository Order) in the absence of JPMorgan's agreement to provide access to Aurelius. On August 24, 2010, counsel for Aurelius notified counsel for JPMorgan via email that because the dispute has not yet been resolved, Aurelius would be proceeding with the instant Motion. As of the filing of this Motion, the parties have not reached an agreement concerning this dispute. Accordingly, Aurelius had no choice but to file this Motion and seek the expedited relief from the Court.

## CONCLUSION

16. For the reasons set forth above, Aurelius respectfully requests that the Court Grant it access to JPMorgan's Depository Documents, and grant further relief as the Court deems appropriate.

909909.10

Dated:   Wilmington, Delaware
        August 24, 2010

                              **ASHBY & GEDDES, P.A.**

                              */s/ Amanda M. Winfree*

                              William P. Bowden (I.D. No. 2553)
                              Amanda M. Winfree (I.D. No. 4615)
                              500 Delaware Avenue
                              P.O. Box 1150
                              Wilmington, DE 19899
                              (302) 654-1888

                                  - and -

                              Edward A. Friedman
                              William P. Weintraub
                              Hal Neier
                              **FRIEDMAN KAPLAN SEILER &**
                                **ADELMAN LLP**
                              1633 Broadway
                              New York, NY 10019-6708
                              (212) 833-1100

                              *Attorneys for Aurelius Capital Management, LP*

909909.10