**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref Docket No. 2858** |
| | **Hearing Date and Time:** ***(Expedited Consideration Requested)*** |
| | **Response Deadline:** ***(Expedited Consideration Requested)*** |

**EMERGENCY MOTION TO SHORTEN NOTICE AND FOR EXPEDITED CONSIDERATION OF MOTION OF DEPOSITORY DESIGNEE AURELIUS CAPITAL MANAGEMENT, LP FOR ACCESS TO DEPOSITORY DOCUMENTS OF JPMORGAN CHASE BANK, N.A. AND JPMORGAN SECURITIES, INC.**

Aurelius Capital Management, LP ("Aurelius"), manager of funds that are beneficial owners of certain bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors"), respectfully submits this motion (the "Motion to Shorten") for the entry of an Order, pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Del. Bankr. L.R. 9006-1(e), shortening notice with respect to the *Motion of Depository Designee Aurelius Capital Management, LP for Access to Depository Documents of JPMorgan Chase Bank, N.A. and JPMorgan Securities, Inc.* (the "Access Motion"), filed contemporaneously herewith. The Access Motion seeks entry of an order directing JPMorgan Chase Bank, N.A. and JPMorgan Securities, Inc. (together, "JPMorgan") to permit Aurelius to access the documents in the document depository (the "Depository") established under this Court's December 15, 2009 *Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the*

*Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a)* (the "Depository Order") [Docket No. 2858]. The grounds for the relief requested are more fully set forth in the Access Motion which is incorporated herein by reference. As grounds for this Motion to Shorten, Aurelius respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 102(1) and 105(a), Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e).

**FACTUAL BACKGROUND**

3. Aurelius, as manager of certain funds that are beneficial owners of bonds issued by Tribune, is a party-in-interest in the Debtors' chapter 11 cases. As such, Aurelius plans to exercise its right to actively participate in negotiations and court proceedings concerning confirmation of a plan of reorganization for the Debtors.

4. As the Court is aware, in connection with the investigation into causes of action related to the Debtors' 2007 leveraged buyout (the "LBO"), the Court entered the Depository Order that arranged for a Depository in which the Debtors would maintain and store certain discovery materials produced by various parties relating to the LBO ("Depository Documents"). The Depository Order set forth procedures for access to the Depository Documents.

5. In order to participate in these cases on equal footing with other creditors and parties-in-interest, Aurelius seeks unfettered access to the same Depository Documents that have

been made available to others pursuant to this Court's Depository Order. Accordingly, pursuant to the Depository Order, Aurelius has signed an Acknowledgment and Agreement with the Debtors (the "Acknowledgment") under which, among other things, Aurelius and its "Designated Representatives" agreed to be bound by procedures approved by the Court in the Depository Order to maintain the confidentiality of certain Depository Documents.

6. Pursuant to the procedures approved by the Court in the Depository Order, on August 12, 2010, counsel to Aurelius sent a letter to counsel to the Debtors requesting that the Debtors solicit affirmative consents to Aurelius accessing Depository Documents produced by parties that had not previously affirmatively consented to Aurelius accessing their Depository Documents. A copy of the August 12, 2010 letter is attached to the Access Motion as Exhibit A.

7. On August 13, 2010, counsel to the Debtors informed counsel by email to Aurelius that such consents had been solicited. Thereafter, at 6:12 p.m. (prevailing Eastern time) on August 17, 2010, counsel to the Debtors informed Aurelius by email that JPMorgan had objected to Aurelius accessing their Depository Documents. JPMorgan was the only producing party to object to providing Aurelius with such access. Indeed, ***every other producing party*** has affirmatively consented to providing Aurelius with access to the Depository Documents -- without caveat or condition. Aurelius has signed the Acknowledgement and is bound to confidentiality to the same extent as every other party to whom JPMorgan has granted access. JPMorgan's documents and information would be fully protected.

8. On August 18, 2010 -- prior to filing this Motion -- counsel to Aurelius conferred telephonically with counsel to JPMorgan with respect to the relief sought by Aurelius in the Access Motion and advised such counsel of Aurelius's intention to seek expedited relief (as permitted in the Depository Order) in the absence of JPMorgan's agreement to provide access to

Aurelius. On August 24, 2010, counsel for Aurelius notified counsel for JPMorgan via email that because the dispute has not yet been resolved, Aurelius would be proceeding with the Access Motion. As of the filing of this Motion, the parties have not reached an agreement concerning this dispute. Accordingly, Aurelius had no choice but to file this Motion and seek the expedited relief from the Court.

## RELIEF REQUESTED

9. By this Motion to Shorten, Aurelius respectfully requests that the Court enter an order shortening notice of, and scheduling an emergency hearing or telephonic hearing on, the Access Motion at the Court's earliest convenience, and granting such other and further relief as the Court deems appropriate.

## BASIS FOR RELIEF

### A. Expedited Consideration Is the Mechanism for Resolution Provided Under the Depository Order

10. This Court's Depository Order states on pages 3-4 that "[i]f any Producing Party timely objects to a newly added Depository Designee reviewing such Producing Party's Discovery Documents, then the Court shall resolve whether or not such newly added Depository Designee shall be able to review the documents of such Producing Party ***on expedited motion of . . . such newly added Depository Designee***." (emphasis added). JPMorgan's objection to Aurelius's access to their Depository Documents has necessitated that Aurelius seek just such expedited relief from the Court.

### B. Exigencies Justify Expedited Consideration Under Delaware Local Rules

11. The next regularly scheduled hearing in these cases is currently scheduled for Sept. 15, 2010, a full 22 days from now, and certain exigencies presented by these Chapter 11 cases clearly justify expedited consideration pursuant to Local Rule 9006. In accordance with

Local Rule 7026-1 and Bankruptcy Rule 2002, Aurelius would generally be required to provide seven (7) days' notice of the Access Motion to the parties in interest specified in Local Rule 2002-1(b). However, Local Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

12. As set forth in greater detail in the Access Motion, JPMorgan has no basis to deny Aurelius access to its Depository Documents. Moreover, these chapter 11 cases are at a critical juncture given the recent examiner's report, the pending plan of reorganization, the lapse of exclusivity, and the rapidly approaching Bankruptcy Code section 546(a) deadline. It is obvious that denial of such access to key information is highly prejudicial to Aurelius in that it limits its access to information possessed by other parties participating in the negotiations and court proceedings involved in these cases. As a party-in-interest entitled to discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure, Aurelius requires access to JPMorgan's Depository Documents so that Aurelius may participate on equal footing as other parties-in-interest in court hearings, depositions, negotiations, and any other proceedings involved in these cases.

13. The prejudice that JPMorgan's objection inflicts on Aurelius is aptly demonstrated by the fact that there was a deposition of a JPMorgan representative scheduled Monday, August 23, 2010. Although, this deposition was later postponed by notice given on August 18, 2010, it is clear that JPMorgan representatives will be key deponents and that JPMorgan Depository Documents will be integral to discovery in these cases. In addition, at hearings conducted on August 20, 2010, the Debtors announced their intention to file a revised plan of reorganization on August 27, 2010. Thus, Aurelius needs to be in a position to properly

respond to the imminent filing. Accordingly, it is crucial that Aurelius be granted immediate access to JPMorgan's Depository Documents so that there can be no deposition, no court hearing, no negotiation session, or other proceeding from which parties could attempt to exclude Aurelius on the basis that it has not been granted access to JPMorgan's Depository Documents. Such an exigency warrants expedited consideration under Local Rule 9006-1(e).

14. Accordingly, Aurelius respectfully requests that the Court shorten notice with respect to the Access Motion so that it may be considered on an expedited basis and scheduled for hearing or telephonic hearing at the earliest possible convenience of the Court

**NOTICE**

15. Notice of this Motion to Shorten has been given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the official committee of unsecured creditors; and (d) counsel to JPMorgan. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

**NO PRIOR REQUEST**

16. No previous request for the relief sought herein has been made by Aurelius to this Court or any other court.

**CONCLUSION**

For the reasons set forth above, Aurelius respectfully requests that the Court (i) enter an Order, substantially in the form attached hereto as Exhibit A, granting the Motion to Shorten and setting a hearing or telephonic hearing on the Access Motion at the Court's earliest possible convenience (the "Hearing"), with responses and objections due at the time of the Hearing, and (ii) grant such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
August 24, 2010

**ASHBY & GEDDES, P.A.**

William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Edward A. Friedman
William P. Weintraub
Hal Neier
**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
1633 Broadway
New York, NY 10019-6708
(212) 833-1100

*Attorneys for Aurelius Capital Management, LP*