# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: September 14, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

## COVER SHEET FOR FOURTH MONTHLY FEE APPLICATION OF KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Kenneth N. Klee, Esq., as the Examiner appointed in the above-captioned cases |
| Date of Appointment: | April 30, 2010 (Order entered May 11, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2010 through July 31, 2010 (the "Monthly Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $151,125.00 (80% of $188,906.25) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $8,522.44 |

This is a(n):   ☒ Monthly   ☐ Interim   ☐ Final Application.

124484_1.DOC

## PRIOR APPLICATIONS FILED

| Date Filed | Application Period | Fees Requested | Expenses Requested | CNO Docket No. | Fees Approved | Expenses Approved | 20% Holdback |
|---|---|---|---|---|---|---|---|
| 8/10/2010 | 4/30/2010 | $6,922.50 | $-0- | Pending | Pending | Pending | Pending |
| 8/10/2010 | 5/1/2010 – 5/31/2010 | $176,426.25 | $3,791.40 | Pending | Pending | Pending | Pending |
| 8/10/2010 | 6/1/2010 – 6/30/2010 | $267,637.50 | $12,866.82 | Pending | Pending | Pending | Pending |

## FEE SUMMARY FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth N. Klee, Esq. | Partner 1999; Member of CA Bar Since 1974 | Bankruptcy | $975.00 | 201.00 | $188,906.25 |

Grand Total: $188,906.25[2]
Total Hours: 201.00

---

[2] In the exercise of his billing discretion, the Examiner voluntarily wrote off $97.50 in fees for the Monthly Period, representing .10 hours of service, which write-offs are reflected in the foregoing chart and in this calculation.

2

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 11.90 | $11,602.50 |
| 020 – Meetings and Communications | 10.00 | $9,750.00 |
| 080 – Asset Analysis and Recovery | 120.00 | $117,000.00 |
| 096 – Questions Two & Three | 5.10 | $4,972.50 |
| 097 – Witness Interviews/ Discovery | 39.50 | $38,512.50 |
| 900 – Non-Working Travel | 14.50 | $7,068.75 |
| **Total:** | **201.00** | **$188,906.25** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Telephone (Long Distance and Conference Calls) | $30.00 |
| Travel - Meals | $191.27 |
| Travel | $8,301.17 |
| **Total:** | **$8,522.44** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: September 14, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

FOURTH MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF KENNETH N. KLEE, THE EXAMINER,
FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

124484.1

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order"), and that certain *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Considerations of Fee Applications* [Docket No. 546] (the "Fee Examiner Order"), Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits his *Fourth Monthly Application for Compensation and for Reimbursement of Expenses of Kenneth N. Klee, the Examiner, for the Period July 1, 2010 through July 31, 2010* (the "Application").

By this Application, the Examiner seeks approval and payment of interim monthly compensation in the amount of $159,647.44 for the period July 1, 2010 through July 31, 2010 (the "Monthly Period"), comprised of $151,125.00 for professional services rendered (an amount equal to 80% of $188,906.25, the total amount of fees for services rendered for the Monthly Period) and $8,522.44 for reimbursement of 100% of the expenses incurred by the Examiner during the Monthly Period. In support of this Application, the Examiner respectfully represents as follows:

## I.

## BACKGROUND

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner Entered April 20, 2010* [Docket No. 4120] (the "Examiner Order"), which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3. Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007 ("Question One"), (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732 ("Question Two"), and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information ("Question Three").

4. On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5. On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6. On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] (the "Examiner Order"), a copy of which is attached hereto as Exhibit A, and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7. On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4356]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498].

8. On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4358]. On May 19, 2010, the Court entered that certain *Order*

*Pursuant to Section 327 of the Bankruptcy Code Authorizing the Employment of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4499].

9. On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4360]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4500].

10. On June 16, 2010, the Examiner filed that certain *Supplement re: Examiner's Work Plan of Court-Appointed Examiner, Kenneth N. Klee, Esq.* [Docket No. 4797].

11. On June 23, 2010, the Examiner filed that certain *Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq. for Extension of Report Deadline* [Docket No. 4858], which requested that the Court extend the deadline to file the Report. On July 1, 2010, the Court entered that certain *Order (I) Amending Certain Deadlines in (A) Discovery and Scheduling Order and (B) Solicitation Order and (II) Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Extension of Report Deadline* [Docket No. 4928], which extended the deadline to file the Report through and including July 26, 2010.

12. On July 23, 2010, the Examiner filed that certain *Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* [Docket No. 5115], which, among other things, requested that the Examiner be discharged of his duties and granted related relief.

13. On July 26, 2010, the Examiner publicly filed a version of the Report that redacted certain findings and conclusions from the Investigation that some of the parties had identified as potentially implicating confidential information. *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5130]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5131]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5132]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5133].

14. On August 3, 2010, after issues pertaining to potentially confidential information had been resolved, the Examiner publicly filed the Report setting forth in full the findings and conclusions from the Investigation. *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5247]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5248]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5249]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5250].

15. At a hearing conducted on August 20, 2010, the Court granted the request of the Examiner to be discharged of his duties effective as of August 20, 2010, and authorized related relief requested by the Examiner.

16. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## II.

## COMPENSATION PAID AND ITS SOURCE

17. All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

18. The Examiner has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between the Examiner and any other person for sharing of compensation to be received for services rendered in these cases, other than the partners of Klee, Tuchin, Bogdanoff & Stern LLP, of which the Examiner is a partner and who serves as his counsel in these Chapter 11 Cases.

## III.

## SUMMARY OF SERVICES

19. To the best of the Examiner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and the Fee Examiner Order. Copies of the Examiner's detailed time entries for the Monthly Period, which are sorted by activity category during the Monthly Period, along with the number of hours and the total compensation sought for each category, are attached hereto as Exhibit B.

20. The Examiner's appointment was approved by the Court in connection with the Investigation. The services rendered by the Examiner during the Monthly Period are grouped into the categories set forth below. The Examiner placed the services provided in the category that best relates to such services. Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category. The services performed are generally described below and sorted by activity category, with a more detailed identification of the actual services rendered on Exhibit B.

A. **Case Administration -- 010.**

21. The Examiner devoted time in this category addressing various matters necessary to efficiently conduct the Investigation, prepare and finalize the Report, address treatment of information and documents related to the Report that was identified by the parties as confidential, address a requests to unseal the filed version of the Report, and prepare for the discharge from his duties as Examiner including, without limitation, consulting with his legal and financial advisors concerning preparation and finalization of the Report and treatment of confidential materials, preparation of a motion requesting an order discharging the Examiner from his duties, and other matters incidental to the Examiner's duties.

Fees: $11,602.50;   Hours: 11.90

B. **Meetings and Communications -- 020.**

22. The Examiner devoted time in this category communicating with parties involved in the Investigation and the United States Trustee regarding matters related to the Investigation, and regularly

communicating with his legal and financial advisors and attending weekly calls with such professionals regarding the status of the Investigation, the matters under examination and the work to be performed in connection therewith.

Fees: $9,750.00;    Hours: 10.00

C.   **Asset Analysis and Recovery -- 080.**

23.   The Examiner devoted significant time in this category reviewing and analyzing numerous materials related to the Tribune leveraged buy-out transactions and relevant to Question One of the Investigation, including witness interview transcripts and exhibits, communications among the parties, financial models and projections, solvency and recovery analyses, and other sources of information. The Examiner also devoted substantial time analyzing legal and factual issues to develop and support his findings and conclusions, reviewing, revising and finalizing multiple sections of the Report, and regularly communicating with his legal and financial advisors concerning such matters.

Fees: $117,000.00;   Hours: 120.00

D.   **Questions Two & Three -- 096.**

24.   The Examiner devoted time in this category reviewing and finalizing the sections of the Report addressing Question Two (the allegations that WTC violated the automatic stay) and Question Three (the allegations that WTC violated certain orders of the Court governing confidential documents and breached its fiduciary duties as a member of the creditors' committee), and communicating with his legal advisors concerning such matters.

Fees: $4,972.50;    Hours: 5.10

E.   **Witness Interviews / Discovery -- 097.**

25.   The Examiner devoted substantial time in this category preparing for and attending multiple witness interviews in which he served a primary role and actively examined and questioned witnesses, analyzing witness interview outlines and documents, and communicating with his legal advisors concerning matters related to witness interviews and discovery related to the Investigation.

Fees: $38,512.50;    Hours: 39.50

F.     **Non-Working Travel -- 900.**

26.    The Examiner traveled for multiple witness interviews, hearings and other meetings related to the Investigation. To the extent the Examiner did not or was unable to engage in other work during such travel, it has been charged to this category at a reduced hourly rate (50%) as non-working travel.

Fees: $7,068.75;    Hours: 14.50

IV.

**ACTUAL AND NECESSARY EXPENSES**

27.    The Examiner is seeking reimbursement of $8,522.44 in costs and expenses he incurred during the Monthly Period.

28.    The following is a description of the Examiner's accounting procedures for the general categories of costs and expense for which he is seeking reimbursement. These costs and expenses are being billed to the Debtors' estates at the same rates that are customarily billed to non-debtor clients. An itemized statement of such costs and expenses are set forth on <u>Exhibit C</u> attached hereto.

A.     **Telephone (Long Distance and Conference Calls).**

29.    KTB&S only seeks reimbursement for actual charges in this expense category. The total amount of telephone expenses incurred by KTB&S during the Monthly Period was $30.00.

B.     **Travel -- Meals.**

30.    The Examiner incurred incidental costs for out-of-the-area meals. The total amount of meals expenses incurred by the Examiner during the Monthly Period was $191.27.

C.     **Travel.**

31.    This category includes taxi and/or car service used to/from the airport and meetings, mileage reimbursement, and hotel and airfare (lowest refundable rate) expenses. The Examiner seeks only reimbursement for actual charges in this category. The total amount of travel expenses incurred by the Examiner during the Monthly Period was $8,301.17.

## V.

## CONCLUSION

32.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Examiner respectfully submits that his fees are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, the Examiner also has reviewed the requirements of Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order, and he believes that this Application complies with such rules and orders.

**WHEREFORE**, the Examiner respectfully requests that, for the period July 1, 2010 through July 31, 2010: the Court (1) approve interim monthly compensation in the amount of $159,647.44 for the Monthly Period, comprised of $151,125.00 for professional services rendered (an amount equal to 80% of $188,906.25, the total amount of fees for services rendered for the Monthly Period) and $8,522.44 for reimbursement of 100% of expenses incurred by the Examiner during the Monthly Period, (2) authorize and direct the Debtors to remit to the Examiner a payment in the amount of $159,647.44, and (3) grant such other and further relief as it deems just and proper.

Dated:  August 25, 2010        By: _/s/ Kenneth N. Klee_
       Los Angeles, California
                                 Kenneth N. Klee, Esq.
                                 KLEE, TUCHIN, BOGDANOFF & STERN LLP
                                 1999 Avenue of the Stars, 39th Floor
                                 Los Angeles, CA 90067
                                 Telephone: (310) 407-4000
                                 Facsimile: (310) 407-9090

*The Examiner*

## VERIFICATION

STATE OF CALIFORNIA         :
                            :
COUNTY OF LOS ANGELES       :

I, Kenneth N. Klee, Esq., after being duly sworn according to law, deposes and says:

a)  I am the Court-approved Examiner in the above-captioned cases.

b)  I am familiar with the work I performed as Examiner during the Monthly Period.

c)  I have reviewed the foregoing Application. The facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

*Kenneth N. Klee*
Kenneth N. Klee, Esq.

SWORN AND SUBSCRIBED
before me this 25th day of August 2010.

*Apryl C Bond*
Notary Public
My Commission Expires:

APRYL CAROL BOND
Commission # 1871893
Notary Public - California
Los Angeles County
My Comm. Expires Nov 22, 2013