James D. Newbold
Assistant Attorney General
Office of the Illinois Attorney General
Revenue Litigation Bureau
100 W. Randolph Street
Chicago, Il 60601
(312) 814-4557
James.Newbold@illinois.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-13141(KJC) |
| **Tribune Company**, *et al*., | ) | Chapter 11 |
| | ) | Jointly administered |
| Debtors. | ) | |

**Objection of Illinois Departments of Revenue and Employment Security to Amended Joint Plan of Reorganization for Tribune Company and its subsidiaries**

The Illinois Department of Revenue ("IDR") and the Illinois Department of Employment security ("IDES")(IDR and IDES are jointly referred to as "Illinois"), by their attorney, Lisa Madigan, Illinois Attorney General, object to the Amended Joint Plan of Reorganization ("Plan") and in support of this objection states as follows:

1.    The IDR and IDES are taxing agencies of the State of Illinois. They have both filed numerous claims in substantial amounts. The IDES has filed pre-petition priority tax claims in an amount in excess of $50 thousand. The IDR has filed pre-petition priority tax claims in an amount in excess of $70 million.

2.    The Plan is objectionable for a number of reasons. First, the discharge provided by the Plan, and the injunction provisions designed to enforce that discharge, exceed the proper scope of a corporate Chapter 11 discharge.

3.    Article 11.1.1(a) of the Plan proposes to discharge all claims that arose before the

effective date and subsection (b) purports to create an injunction to enforce the discharge.

4. While 11 U.S.C. § 1141(d) (1) (A) provides that confirmation of a plan discharges the debtor from any debt that arose before the date of confirmation, subsection (d)(6) creates an exception for corporate discharges. It excepts from discharge any debt of a kind specified in § 523(a)(2)(A) and (B), any debt arising under the federal False Claims Act or similar state statute (the Illinois' Whistleblower Act), and any debt for a tax for which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat the tax.

5. Second, Article 11.1.2 of the Plan proposes to enjoin creditors from exercising any rights of setoff or recoupment of any kind against any liability or obligation due the debtors. With respect to setoff, this provision violates § 553 which provides in pertinent part that "this title does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case…" Case law in this district recognizes that a plan objection is sufficient to preserve setoff rights and plan provisions purporting to eliminate such rights are improper. *See In re Alta+Cast*, 2004 WL 484881, *6 (Bankr. D. Del.).

6. Recoupment is the setting up of a demand arising from the same transaction as the plaintiff's claim, to abate or reduce that claim. Recoupment, a creditor's right long recognized in bankruptcy proceedings, is merely the means used to determine the proper liability on the amounts owed. *See, e.g.*, *Reiter v. Cooper*, 507 U.S. 258, 265 n.2, 113 S.Ct. 1213, 1218 n.2 (1993); *Bull v. United States*, 295 U.S. 247, 262 (1935) ("recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded"); *United Structures of Amer. v. G.R.G. Eng'g*, 9 F.3d 996, 999 (1st Cir. 1993)

(recoupment is "'in the nature of a defense' and is intended to permit ... judgment to be rendered that does justice in view of the one transaction as a whole;" "allowing the creditor to recoup damages simply allows the debtor precisely what is due when viewing the transaction as a whole."). It is in the nature of a compulsory counterclaim to a claim asserted by the opposing claimant. *Coplay Cement Co. v. Willis & Paul Group*, 983 F.2d 1435, 1440 (7th Cir. 1993) (recoupment is the "ancestor" of the compulsory counterclaim presently set forth in Fed. R. Civ. P. 13(a)). By attempting to preclude creditors from raising recoupment, the debtors are illegally attempting to bar creditors from raising valid defenses to claims that the Debtors may assert against them. There is no provision in the Bankruptcy Code that allows such a result.

8. While Illinois does not know at this time if it the Debtors have or will assert claims against it for which Illinois would want to assert setoff or recoupment, it is improper for this Court to confirm a plan that bars Illinois from raising either setoff or recoupment.

9. Illinois further notes that Article 11.2.2 provides that creditors entitled to vote that do not reject the Plan are deemed to grant releases to the Released Parties. Some of the tax claims filed by Illinois include general unsecured components (tax penalties) for which it would be entitled to vote. Illinois generally does not vote on plans and it therefore hereby provides notice that it objects to granting third party releases and opts out the mutual releases as provided in the Plan.

10. Article 11.5 of the Plan includes a provision that all claims for penalties, punitive damages or other non-compensatory damages are disallowed or subordinated to all other claims. The tax claims filed by Illinois include amounts for penalties as authorized under the Illinois revenue statutes. The validity of tax claims is determined as a matter of Illinois law, *see Raleigh v. Illinois Department of Revenue*, 530 U.S. 15 (2000), and nothing in the Bankruptcy Code

provides for the disallowance of penalties. Likewise, the Supreme Court has ruled that the categorical subordination of tax penalty claims is not allowed. *See United States v. Noland,* 517 U.S. 535 (1996); *United States v. Reorganized CF & I Fabricators if Utah, Inc.*, 518 U.S. 213 (1996). To the extent this Plan provision attempts to disallow and/or subordinate penalty claims, it is illegal.

11. Article 2.3 lists various options for repayment of pre-petition priority tax claims. Option 1 allows the Debtors to satisfy priority tax claims by paying the full amount when the claims are allowed. This option violates the provisions of § 1129(a)(9)(C) which require that priority tax claims be paid in full on the <u>effective date</u> or, if payment is deferred which it will be if the claim is objected to, that "present value" interest be paid at the rate specified in § 511. Option 1 must be amended to provide for payment of interest to the extent payment is made, after the effective date.

WHEREFORE, Illinois requests that the court deny confirmation of the Plan unless and until the Debtors amend the Plan to remedy the matters raised in this objection.

> By:   Lisa Madigan
>        Illinois Attorney General
>
> By:   /s/ James D. Newbold
>        James D. Newbold
>        Assistant Attorney General
>        Revenue Litigation bureau
>        100 W. Randolph Street
>        Chicago, IL 60601
>        (312) 814-4557

4

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he served a copy of this objection on the parties listed below by faxing a copy from Chicago, Illinois on August 27, 2010:

<u>Co-Counsel for the Debtors and Debtors in Possession</u>

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Fax (312) 853-7036
Attn: Jessica C.K. Boelter

Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Fax (302) 652-3177
Attn: Norman L. Pernick

-and-

<u>The Office of the United States Trustee</u>

J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Fax (302) 573-6497
Attn: Joseph McMahon

-and-

<u>Co-Counsel to the Official Committee of Unsecured Creditors</u>

Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112
Fax (212) 408-5100
Attn: Douglas A. Deutsch

Landis, Rath & Cobb, LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
Fax (302) 467-4400
Attn: Adam G. Landis

In addition, copies of this objection were emailed to;

Patrick Mullarkey
Tax Division
Department of Justice
Washington, D.C.
D.Patrick.Mullarkey@usdoj.gov

Todd Bailey
California Franchise Tax board
Sacramento, CA
Todd.Bailey@ftb.ca.gov

/s/ James D. Newbold

5