UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.

Debtors.

) Chapter 11
)
) Case No.: 08-13141 (KJC)
)
)
) TRANSFER OF CLAIM
) BANKRUPTCY RULE 3001(E)(2)
)
) Jointly Administered
)
)

PLEASE TAKE NOTICE that the claim(s) of VNA HEALTH CARE INC (underlying creditor or "Transferor"), against the above captioned Debtor in the amount of $2,405.00, as filed by the creditor and all general unsecured claims of Transferor associated with such claim have been sold, transferred and assigned (absolutely and not for security) to United States Debt Recovery V LP., ("USDR"). The signature of the Transferor on this document is evidence of the transfer of the claims and all rights associated with the claim. Transferor hereby waives notice as described by Bankruptcy Rule 3001(e)(2).

I (the Seller) the undersigned Transferor of the above described claims hereby assign and transfer my claims and all rights there under to USDR upon terms as set forth in the offer letter received. I represent and warrant that the claim is not less than $2,405.00. I represent, warrant and covenant that (a) I own and have sole title to the claim free and clear of any and all liens, security interest or encumbrances of any kind or nature whatsoever; (b) My claim has not been previously sold, assigned, or transferred; (c)the basis of the Claim are amounts validly due from and owing by the Debtor; (d) The claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and is free from any objections filed or threatened; (e) I have not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, proportionately less payments of distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim of right of setoff, impairment, disallowance, reduction, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) I am "insolvent" within the meaning of the applicable versions of the Uniform Commercial Code or within the meaning of the bankruptcy Code; (h) I am not an "insider" of the Debtor, as set forth in the Bankruptcy Code, or a member of any official or unofficial committee in connection with the above captioned Case

Seller represents and warrants (please check appropriate)

__✓__ a proof of claim, claim number: __1652__ in the amount of $2,405.00 has been duly and timely filed in the above captioned Case

_____ no proof of claim has been filed

If all or any part of the Claim or Claim amount is (a) avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever including without limitation a breach of any of the terms or conditions of this agreement; or (b) the Claim is subsequently scheduled by debtor or is amended such that all or any portion of the Claim is listed on the Debtor's amended schedule of liabilities as unliquidated, contingent or disputed or in a lesser amount than the Claim amount then a Disallowance shall be deemed to have occurred. Upon the occurrence of a Disallowance, then Seller shall make immediate Restitution and repayment of the proportional Purchase Price equal to the ratio of amount of the Disallowance divided by the Claim Amount multiplied by the purchase price (Restitution Payment), no later than 30 days after receiving notice of such Disallowance. (For example, if a claim in the amount of $1,000, purchased for $100 was disallowed $100 (allowed at $900), then the seller would reimburse USDR $10 representing $100/$1000 times $100).

This agreement shall be governed by and construed in accordance with the laws of the State of Delaware withstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action arising under or relating to this Agreement must be brought in a Federal court (including the US Bankruptcy Court) located in the state of Delaware. Seller consents to and confers personal jurisdiction over Seller by any such court and agrees that Purchaser may validly effect service of process upon Seller by mailing a copy of said process to Seller's address set forth hereof in this Agreement. In any action hereunder Seller Waves the right to demand a trial by jury.

This Agreement (i)may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter here of, whether oral or written. Seller herby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior

8.11.10 008 H V GU Mailing 8.11.10 EPIQ

written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially of all Seller's assets (Transfer). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement.

TRANSFEROR: VNA HEALTH CARE INC

Print Name: ELLEN D ROTHBERG    Title: President + CEO

Signature: [signature]    Date: 8/18/10

Corrected Address (if req.) _____

Phone: 860 493 7165    E-Mail: erothberg@vnahealthcare.org

TRANSFEREE:
United States Debt Recovery V LP
940 Southwood Bl, Suite 101,
Incline Village NV 89451

Signature: [signature]
Nathan E. Jones, Managing Director

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.: 08-13141 (KJC)<br><br>Jointly Administered<br><br>**TRANSFER OF CLAIM**<br>**BANKRUPTCY RULE 3001(E) (2)** |

**NOTICE OF TRANSFER OF CLAIM PURSUANT TO B.R.B.P RULE 3001(E) (2)**

**Name of Proposed Transferor:**
VNA HEALTH CARE INC
103 WOODLAND STREET
HARTFORD, CT 06105

**Name of Transferee:**
United States Debt Recovery V, LP
940 Southwood Bl, Suite 101
Incline Village NV 89451

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, YOU MUST OBJECT WITHIN 20 DAYS OF THE DATE OF THIS NOTICE BY:

**FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

824 North Market Street
3rd Floor
Wilmington, Delaware 19801
302-252-2900

**SEND A COPY OF YOUR OBJECTION TO THE PROPOSED TRANSFEREE:**

If your objection is not timely filed, the transferee will be substituted on the Court records as the claimant.

---

FOR CLERK'S OFFICE ONLY:
This notice was filed to the first party, by first class mail, postage prepaid on
_____
INTERNAL CONTROL NO._____
Copy (check)    Claims Agent_____    Transferee_____
Debtor's Attorney_____

_____
Deputy Clerk