**James D. Newbold**
**Assistant Attorney General**
**Office of the Illinois Attorney General**
**Revenue Litigation Bureau**
**100 W. Randolph Street**
**Chicago, Il 60601**
**(312) 814-4557**
**James.Newbold@illinois.gov**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-13141(KJC) |
| Tribune Company, *et al*., ) | Chapter 11 |
| ) | Jointly administered |
| Debtors. ) | |

**Objection of Illinois Secretary of State to Amended Joint Plan of Reorganization for Tribune Company and its subsidiaries**

Jesse White, Illinois Secretary of State, by his attorney, Lisa Madigan, Illinois Attorney General, objects to the Amended Joint Plan of Reorganization ("Plan") and in support of this objection states as follows:

1.  The Illinois Secretary of State administers the Business Corporation Act of 1983, as amended (hereinafter referred to as the "BCA"). 805 ILCS 5 (2010). In accordance with its statutory duties, the Illinois Secretary of State collects the Illinois franchise tax from corporations registered to do business in the State of Illinois. A number of the Debtors are so registered.

2.  The Plan is objectionable for several reasons. As detailed below, the proposed reduction in paid-in capital in Section XIII of the Plan is unclear and is not properly limited in scope.

3.  Article 13.6 of the Plan seeks to reduce the paid-in capital of the Debtors for purposes of the BCA. The proposed language, however, creates an ambiguity as to the timing of

1

said reduction. Article 13.6 in its current form provides that the reduction shall occur "on the Effective Date, after all other transactions necessary to effect this Plan have been consummated." However, the transactions necessary to effect the Plan may not have been consummated by the Effective Date. For instance, the full number of shares to be issued pursuant to the Plan may not have been issued by the Effective Date. Under those circumstances, it would be unclear as to the scope of the reduction the Illinois Secretary of State should recognize on the Effective Date: the full reduction, a partial reduction proportionate to the number of shares already issued, or no reduction until all the shares to be issued pursuant to the Plan have been issued. To remove this ambiguity, the Plan should specify that the reduction occurs on the Effective Date of the Plan.

    4.    Section 13.6 of the Plan improperly limits the capital stock to be included in the calculation of Debtors' reduced paid-in capital to issued and outstanding shares of capital stock. Such language would exclude the value of treasury shares which should be included for purposes of the BCA in the calculation of paid-in capital unless and until cancelled in accordance with Sections 9.05 and 9.20 of the BCA. The limitation to "outstanding" shares should be stricken.

    5.    Lastly, Section 13.6 ambiguously states, "Any capital of each corporate Reorganized Debtor remaining in excess of its Article XIII Paid-in Capital Amount shall not be treated as Paid-in Capital for purposes of the BCA." This clause is overly broad and should be stricken in its entirety. In its place, the Plan should include the following clarification:

> This Section 13.6 shall only apply to capital stock of Reorganized Tribune and Reorganized Debtors that is contemplated to be issued pursuant to the Plan.

The proposed reduction should only affect transactions contemplated by a confirmed plan of reorganization. It cannot and should not apply to every conceivable future transaction of the Reorganized Debtors. If Reorganized Debtors should decide to issue a public offering of stock at

some future date, Section 13.6 must make clear that said reduction would not apply.

WHEREFORE, Illinois Secretary of State, Jesse White, requests that the Court deny confirmation of the Plan unless and until the Debtors amend the Plan to remedy the matters raised in this objection.

                        By:    Lisa Madigan
                                Illinois Attorney General

                        By:    /s/ James D. Newbold
                                James D. Newbold
                                Assistant Attorney General
                                Revenue Litigation bureau
                                100 W. Randolph Street
                                Chicago, IL 60601
                                (312) 814-4557

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of this objection on the parties listed below by faxing a copy from Chicago, Illinois on August 27, 2010:

### Co-Counsel for the Debtors and Debtors in Possession

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Fax (312) 853-7036
Attn: Jessica C.K. Boelter

Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Fax (302) 652-3177
Attn: Norman L. Pernick

-and-

### The Office of the United States Trustee

J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Fax (302) 573-6497
Attn: Joseph McMahon

-and-

### Co-Counsel to the Official Committee of Unsecured Creditors

Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112
Fax (212) 408-5100
Attn: Douglas A. Deutsch

Landis, Rath & Cobb, LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
Fax (302) 467-4400
Attn: Adam G. Landis

In addition, copies of this objection were emailed to;

Patrick Mullarkey
Tax Division
Department of Justice
Washington, D.C.
D.Patrick.Mullarkey@usdoj.gov

Todd Bailey
California Franchise Tax board
Sacramento, CA
Todd.Bailey@ftb.ca.gov

/s/ James D. Newbold

4