## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:  September 8, 2010 at 4:00 p.m. (ET)** |
| | **Hearing Date:  September 15, 2010 at 11:00 a.m. (ET)** |

## APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF JONES DAY AS SPECIAL COUNSEL FOR THE SPECIAL COMMITTEE OF TRIBUNE COMPANY'S BOARD OF DIRECTORS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO AUGUST 22, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the

"Application"), pursuant to sections 327(e) and 1107 of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Bankruptcy Code"), for entry of an order authorizing the retention of Jones Day, nunc pro tunc to August 22, 2010, as special counsel to the committee (the "Special Committee") of the Board of Directors (the "Board") of Debtor Tribune Company ("Tribune"), which recently was formed in respect of the reorganization of the Debtors, including the appropriate resolution of causes of action relating to the LBO (as defined below) in the Debtors' chapter 11 cases.  In support of the Application, the Debtors submit the Declaration of David G. Heiman (the "Heiman Declaration"), which is filed concurrently herewith and incorporated herein by reference.  In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  On December 10, 2008 and October 14, 2009, the Bankruptcy Court entered orders consolidating the Debtors' chapter 11 cases for procedural purposes only.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

CHI-1768081v8

## BACKGROUND

3.       At the outset of these chapter 11 cases, the Debtors retained as primary restructuring co-counsel in these matters, Sidley Austin LLP ("Sidley") and Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz"). The Debtors have also retained in these cases several other law firms as section 327(e) counsel and/or ordinary course professionals to represent them in matters unrelated to these chapter 11 cases, including Jones Day in connection with certain anti-trust related matters. The nature of Jones Day's engagement as special counsel on anti-trust matters is discussed in greater detail in the Heiman Declaration.

4.       On June 4, 2010, the Debtors filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement"). On June 7, 2010, the Court entered an order approving the Disclosure Statement, establishing certain dates related to the solicitation of and voting on the Plan, and scheduling a confirmation hearing on the Plan. The confirmation hearing was originally scheduled for August 16, 2010. By orders of the Court, these dates have been subsequently extended on several occasions, most recently on August 20, 2010, when the Court adjourned the confirmation hearing to November 8, 2010.

5.       On April 20, 2010, upon the motion of Wilmington Trust Company, the Court ordered the appointment of an examiner in these chapter 11 cases to investigate the facts surrounding the leveraged buy-out of Tribune Company, and which has been a central focus of these chapter 11 cases (the "LBO"). On April 30, 2010, the United States Trustee appointed Kenneth N. Klee as examiner (the "Examiner"), which appointment was approved by the Court on May 11, 2010.

6.      On July 26, 2010, the Examiner issued a report summarizing his findings and conclusions with respect to the LBO (the "Examiner's Report"), including conclusions regarding potential causes of action arising therefrom.  Following the release of the Examiner's Report, some of the parties to the plan support agreement relating to the Plan as filed terminated the plan support agreement.  In response, the Board recently determined that a special committee of independent directors should be formed to oversee the Plan process.  The Special Committee consists of four independent directors of the Board, including Mark Shapiro (Chairman), Jeffrey S. Berg, Maggie Wilderotter and Frank Wood.  Each one of these directors became members of the Board upon or after the consummation of the transactions that are the subject of the Examiner's Report.

7.      The Special Committee has been specifically charged with the following matters (collectively, the "Special Committee Matters"):

- reviewing, evaluating and approving, from time to time as appropriate or advisable, the structure, terms or conditions of, and authorizing the execution and filing of, any plan of reorganization and any and all amendments, modifications, supplements and exhibits thereto;

- taking such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries ("Claims"), including, without limitation, any Claims arising from any transaction related to the leveraged buy-out of the Company, including, without limitation, the purchase by the Company of its common stock on or about June 4, 2007, the merger and related transactions involving the Company on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such Claims may be asserted pursuant to the Bankruptcy Code or any other applicable law, including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any such Claims;

- taking such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any plan of reorganization;

- reviewing, evaluating and approving, and authorizing the execution and filing of, any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to taking any and all further actions the Special Committee deems appropriate or advisable in connection with the chapter 11 cases; and

- taking such other actions to assist the Board in carrying out its responsibilities as the Board may delegate to or request of the Special Committee from time to time.

8.    In its capacity as Special Committee to the full Board, the Special Committee is authorized to employ and retain, at the Debtors' expense, legal counsel and other professionals, as necessary, to carry out the duties of the Special Committee.  In that regard, the Special Committee has retained Jones Day as its counsel to assist the Special Committee in the conduct of the Special Committee Matters.

## **RELIEF REQUESTED**

9.    By this Application, the Debtors seek authorization for the retention of Jones Day as special counsel for the Special Committee pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to August 22, 2010.

*Scope of Services*

10.    The Debtors anticipate that Jones Day will provide legal services and advise the Special Committee with respect to the Special Committee Matters, and more specifically, advise the Special Committee with respect to:  (i) any plan of reorganization; (ii) any and all claims, causes of action, avoidance powers or rights and legal or equitable remedies arising out of the LBO; and (iii) other, similar matters as the Special Committee may request during the pendency of these chapter 11 cases related to the Special Committee Matters.

CHI-1768081v8

11.     The scope of Jones Day's retention is limited to advising the Special Committee only, and will not duplicate the efforts of Sidley or Cole Schotz, whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged.  The Debtors' management and legal department will continually monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner.  Sidley, Cole Schotz and Jones Day, in turn, will make every effort to minimize the duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Jones Day advising the Special Committee on the Special Committee Matters, each consistent with their specific engagements.

*Fees & Expenses of Jones Day*

12.     Subject to the Court's approval, Jones Day will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases.  The hourly rates for the attorneys Jones Day anticipates will be working on the Special Committee Matters are set forth in Schedule 3 attached to the Heiman Declaration.  The list of attorneys set forth on Schedule 3 to the Heiman Declaration is a non-exclusive list of professionals that may work on matters for the Special Committee, and the hourly rates are subject to adjustment on a periodic basis.

13.     In addition to the hourly rates set forth above, Jones Day customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs,

charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses.  Jones Day believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

14.    The fees and expenses incurred by Jones Day will be the sole obligation of the Debtors, and not the Special Committee.  Jones Day intends to apply to the Court for the allowance of compensation for professional services rendered and the reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any applicable orders of this Court.

*Jones Day Does Not Represent or Hold Interests Adverse to the Debtors*

15.    As set forth in more detail in the Heiman Declaration and subject to any exceptions contained therein or in the schedules thereto, Jones Day does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates, in matters upon which Jones Day is to be engaged.  Information with respect to Jones Day's connections with the Debtors, certain creditors, any other parties in interest, certain attorneys and accountants, the United States Trustee, or persons employed in the office of the United States Trustee is set forth in the Heiman Declaration.

16.    Jones Day will conduct an ongoing review to help ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Special Committee, to the Debtors or to their estates.  In this regard, Jones Day will amend the Heiman Declaration

CHI-1768081v8

to the extent that Jones Day becomes aware of material information or relationships which it

determines require further disclosure.

## LEGAL AUTHORITY

17.    Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special
> purpose, other than to represent the trustee in conducting the case, an attorney that
> has represented the debtor, if in the best interest of the estate, and if such attorney
> does not represent or hold any interest adverse to the debtor or to the estate with
> respect to the matter on which such attorney is to be employed. 11 U.S.C.
> § 327(e).

Under this section, special counsel may be appointed if: (i) the representation is in the best

interest of the estate; (ii) the attorney represented the debtor in the past; (iii) the attorney is for a

specific purpose approved by the court, other than to represent the debtor in conducting the case;

(iv) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate.

See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005);

Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

18.    When analyzing the retention of special counsel under section 327(e), the

court should consider all relevant facts surrounding the debtor's case, including but not limited

to, the nature of the debtor's business, all foreseeable employment of special counsel, the history

and relationship between the debtor and the proposed special counsel, the expense of

replacement counsel, potential conflicts of interest and the role of general counsel. See

Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia,

Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to

the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its

choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in

the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

8

19.    In the instant case, the retention of Jones Day by the Special Committee is in the best interests of the Debtors' estates and satisfies all other standards for retention under sections 327(e).  To ensure that the Special Committee fully discharges its duties, the Board authorized the Special Committee to retain legal counsel.  The Special Committee and the Debtors believe that, in light of Jones Day's extensive restructuring experience, Jones Day is uniquely qualified to represent the Special Committee in connection with these chapter 11 cases and that the expenses related to such representation will be both reasonable and prudent in light of the circumstances.  Since being retained by the Special Committee, Jones Day has familiarized itself with the Debtors, the Special Committee and the issues facing the Special Committee Matters, and has worked closely with Sidley and the Special Committee to assess the current status of these cases and to move them toward confirmation.  In that regard, the Debtors believe that it is necessary and in the best interests of their estates and creditors to retain Jones Day as special counsel to the Special Committee.

## NOTICE

20.  Notice of this Motion has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agent for Tribune Company's prepetition loan facilities; (vi) counsel to the administrative agent for the Debtors' postpetition loan facility; and (v) all parties who have requested to receive notices in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

CHI-1768081v8

## NO PRIOR REQUEST

21.    The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A,</u> (i) authorizing the retention of Jones Day as special counsel to the Special Committee in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, <u>nunc pro tunc</u> to August 22, 2010, and (ii) granting to the Debtors such other relief as may be just and proper.

10

Dated:  August 30, 2010

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

_____
Donald J. Liebentritt
Executive Vice President — Chief Legal Officer,
Tribune