# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: September 21, 2010 @ 4:00 p.m.**<br>**Hearing Date: October 22, 2010 at 2:00 p.m.** |

## FOURTH MONTHLY AND FINAL FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO KENNETH N. KLEE, ESQ., THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2010 THROUGH AUGUST 30, 2010 AND MAY 1, 2010 THROUGH AUGUST 30, 2010, RESPECTIVELY

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIIM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Kenneth N. Klee, Esq., the Examiner |
| Date of Retention: | May 19, 2010 *nunc pro tunc* to April 30, 2010 |
| Period for which compensation and reimbursement is sought: | August 1, 2010 through August 30, 2010 (Monthly) May 1, 2010 through August 30, 2010 (Final) |
| Total Amount of Compensation sought as actual, reasonable and necessary for applicable period: | $39,324.50 (Monthly) $3,273,373.50 (Final)[2] |
| Total Amount of Expense Reimbursement sought as actual, reasonable and necessary for applicable period: | $68,291.13 (Monthly) $185,412.76 (Final)[2] |

This is an: ___ interim **X** monthly and final application.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees / Expenses | Approved Fees / Expenses | Holdback (20%) | CNO Date and Docket No. |
|---|---|---|---|---|---|
| 8/17/10 D.I. 5402/5403 | 5/1/10 through 5/31/10 | $636,503.75/ $1,842.11 | N/A | N/A | N/A |
| 8/19/10 D.I. 5428/5429 | 6/1/10 through 6/30/10 | $1,927,109.00 $68,771.95 | N/A | N/A | N/A |
| 8/30/10 D.I. 5559/5560 | 7/1/10 through 7/31/10 | $670,436.25/ $1,645.11 | N/A | N/A | N/A |

---

[2]   The referenced amounts are calculated through August 30, 2010. Applicant intends to file one or more supplements to this Final Application to add (a) additional time and expenses incurred in connection with filing this Final Application and the final applications of the Examiner and his other professionals; and (b) additional expenses for which the Applicant does not yet have complete or final information, including, but not limited to, telephone expenses, Federal Express charges, transcript charges and Pacer services.

597186.1 8/31/10

## FOURTH MONTHLY SUMMARY OF BILLING BY TIMEKEEPER

### For the Period from August 1, 2010 through August 30, 2010

| Name of Professional Person | Date of Bar Admission | Position with the applicant and number of years in that position | Hourly billing rate (including changes)[3] | Total billed hours | Total compensation |
|---|---|---|---|---|---|
| Charles O. Monk II | 1974 | Partner (since 1998) | $700 | 4.60 | $3,220.00 |
| Mark Minuti | 1988 | Partner (since 1997) | $600 | 32.70 | $19,620.00 |
| Nicholas J. Nastasi | 2010 | Partner (since 2010) | $425 | 9.10 | $3,867.50 |
| Michael J. Farnan | 2008 | Associate (since 2009) | $255 | 3.30 | $0.00 |
| Anthony J. Iannini | N/A | Paralegal | $190 | 39.50 | $7,505.00 |
| Robyn E. Warren | N/A | Clerical | $180 | 28.40 | $5,112.00 |
| TOTAL | | | | 117.6 | $39,324.50 |

Blended Hourly Rate: $334.39

---

[3] This rate is Saul Ewing LLP's regular hourly rate for legal services. All hourly rates are adjusted by Saul Ewing LLP on a periodic basis (the last such adjustment occurred on July 1, 2010 for the Bankruptcy and Restructuring Department).

597186.1 8/31/10

## CUMULATIVE TIMEKEEPER SUMMARY

### For the Period from May 1, 2010 through August 30, 2010

| Name of Professional Person | Date of Bar Admission | Position with the applicant and number of years in that position | Hourly billing rate (including changes and 10% discount)[4] | Total billed hours | Total compensation |
|---|---|---|---|---|---|
| Charles O. Monk II | 1974 | Partner (since 1998) | $700.00 | 348.80 | $244,160.00 |
| | | | | 1.30 | $0.00 |
| Constance B. Foster | 1975 | Partner (since 1992) | $650.00 | 0.80 | $0.00 |
| William M. Janssen | 1986 | Contract Attorney | $630.00 | 56.20 | $35,406.00 |
| Teresa K.D. Currier | 1992 | Partner (since 2009) | $600.00 | 27.40 | $16,440.00 |
| Raymond D. Agran | 1983 | Partner (since 2007) | $595.00 | 0.40 | $238.00 |
| | | | | 4.90 | $0.00 |
| Timothy W. Callahan II | 1980 | Partner (since 1989) | $580.00 | 296.20 | $171,796.00 |
| Stanley J. Kull | 1981 | Partner (since 1995) | $575.00 | 11.40 | $6,555.00 |
| Eric L. Brossman | 1978 | Partner (since 2004) | $570.00 | 57.80 | $32,946.00 |
| Mark Minuti | 1988 | Partner (since 1997) | $560.00 | 120.45 | $67,452.00 |
| | | | $600.00 | 159.80 | $95,880.00 |
| | | | | 0.30 | $0.00 |
| Michael S. Gugig | 1999 | Partner (since 2010) | $525.00 | 2.00 | $0.00 |
| Dan S. Brandenburg | 1975 | Partner (since 2009) | $525.00 | 2.50 | $1,312.50 |
| Adam H. Isenberg | 1988 | Partner (since 1999) | $490.00 | 0.80 | $0.00 |
| Christopher R. Hall | 1986 | Partner (since 2006) | $490.00 | 153.80 | $75,362.00 |
| | | | | 5.50 | $0.00 |
| Robert C. Gill | 1986 | Partner (since 2003) | $490.00 | 91.60 | $44,884.00 |
| | | | | 0.50 | $0.00 |
| Marshall B. Paul | 1973 | Partner (since 1987) | $450.00 | 1.10 | $0.00 |

---

[4]    This rate is Saul Ewing LLP's regular hourly rate for legal services.  All hourly rates are adjusted by Saul Ewing LLP on a periodic basis (the last such adjustment occurred on July 1, 2010 for the Bankruptcy and Restructuring Department).

| Kimberly A. Manuelides | 1995 | Partner (since 2009) | $445.00 | 98.85 | $43,988.25 |
|---|---|---|---|---|---|
| Cathleen M. Devlin | 1994 | Partner (since 2003) | $440.00 | 352.40 | $155,056.00 |
| | | | | 3.00 | $0.00 |
| Joseph C. Monahan | 1993 | Partner (since 2008) | $430.00 | 189.00 | $81,270.00 |
| Nicholas J. Nastasi | 2010 | Partner (since 2010) | $425.00 | 857.40 | $364,395.00 |
| | | | | 9.10 | $0.00 |
| Michael F. Considine | 1995 | Partner (since 2005) | $410.00 | 285.05 | $116,870.50 |
| Amy S. Kline | 1999 | Partner (since 2008) | $390.00 | 46.30 | $18,057.00 |
| | | | | 1.10 | $0.00 |
| Mark C. Cawley | 1999 | Special Counsel (since 2008) | $375.00 | 28.60 | $10,725.00 |
| Susan M. Zima | 1998 | Contract Attorney | $375.00 | 385.15 | $144,431.25 |
| | | | | 1.10 | $0.00 |
| James D. Taylor, Jr. | 2000 | Special Counsel (since 2009) | $345.00 | 124.50 | $42,952.50 |
| | | | | 0.70 | $0.00 |
| Gregory G. Schwab | 2004 | Associate (since 2006) | $300.00 | 519.45 | $155,835.00 |
| Jennifer Morgan Becnel-Guzzo | 2004 | Associate (since 2009) | $295.00 | 125.90 | $37,140.50 |
| | | | | 0.80 | $0.00 |
| Daniel D. Santos | 2002 | Associate (since 2005) | $295.00 | 0.80 | $0.00 |
| Jeffrey M. Lipschutz | 2006 | Associate (since 2006) | $290.00 | 16.60 | $4,814.00 |
| Jennifer B. Bonniwell | 2004 | Associate (since 2004) | $285.00 | 436.15 | $124,302.75 |
| Branden A. Borger | 2005 | Associate (since 2006) | $285.00 | 34.00 | $9,690.00 |
| | | | | 1.40 | $0.00 |
| Richard D. Leigh | 2002 | Associate (since 2008) | $285.00 | 135.70 | $38,674.50 |

597186.1 8/31/10

| Nailah I. Rogers | 2005 | Associate (since 2005) | $285.00 | 295.90 | $84,331.50 |
|---|---|---|---|---|---|
| Seth J. Groman | 2004 | Associate (since 2008) | $275.00 | 19.70 | $5,417.50 |
| | | | | 1.80 | $0.00 |
| Lucian Murley | 2005 | Associate (since 2008) | $275.00 | 27.70 | $7,617.50 |
| | | | | 10.10 | $0.00 |
| Caitlin M. Piccarello | 2006 | Associate (since 2006) | $275.00 | 514.30 | $141,432.50 |
| Jacqueline L. Allen | 2007 | Associate (since 2007) | $265.00 | 22.70 | $6,015.50 |
| | | | | 0.50 | $0.00 |
| Justin M. Sadowsky | 2006 | Associate (since 2010) | $260.00 | 104.10 | $27,066.00 |
| | | | | 0.90 | $0.00 |
| Whitney Deeney | 2008 | Associate (since 2008) | $255.00 | 168.40 | $42,942.00 |
| Michael J. Farnan | 2008 | Associate (since 2009) | $255.00 | 231.90 | $59,134.50 |
| | | | | 3.30 | $0.00 |
| Sarah F. Lacey | 2008 | Associate (since 2008) | $255.00 | 545.10 | $139,000.50 |
| | | | | 0.20 | $0.00 |
| Sean T. O'Neill | 2007 | Associate (since 2007) | $255.00 | 520.95 | $133,709.25 |
| | | | | 3.40 | $0.00 |
| Monique A. Bair | 2009 | Associate (since 2010) | $225.00 | 71.20 | $16,020.00 |
| Jared C. Bass | N/A | Summer Associate (2010) | $195.00 | 36.60 | $7,137.00 |
| | | | | 12.50 | $0.00 |
| Larry K. Miller | N/A | Litigation Support Specialist | $225.00 | 200.50 | $45,112.50 |
| Lucy H. Lane | N/A | Paralegal | $215.00 | 257.20 | $55,298.00 |

597186.1 8/31/10

| Betsy F. Liberato | N/A | Paralegal | $215.00 | 350.10 | $75,271.50 |
|---|---|---|---|---|---|
| | | | | 1.10 | $0.00 |
| Karen L. Sudol | N/A | Paralegal | $215.00 | 31.90 | $6,858.50 |
| | | | | 1.50 | $0.00 |
| Julie A. Himbert | N/A | Paralegal | $210.00 | 277.00 | $58,170.00 |
| J. Gregory Bale | N/A | Paralegal | $195.00 | 167.80 | $32,721.00 |
| Paul J. Stumpf | N/A | Paralegal | $195.00 | 254.20 | $49,569.00 |
| Melissa N. Flores | N/A | Paralegal | $195.00 | 3.00 | $585.00 |
| Kimberly S. Crampton | N/A | Paralegal | $190.00 | 118.60 | $22,534.00 |
| Anthony J. Iannini | N/A | Paralegal | $190.00 | 39.50 | $7,505.00 |
| | | | | 8.20 | $0.00 |
| Peter J. Coolbaugh | N/A | Paralegal | $185.00 | 111.20 | $20,572.00 |
| | | | $200.00 | 22.10 | $4,420.00 |
| Jennifer L. Pugh-Nolan | N/A | Paralegal | $185.00 | 44.10 | $8,158.50 |
| Robyn E. Warren | N/A | Clerical | $180.00 | 28.40 | $5,112.00 |
| Lisa M. Noel | N/A | Paralegal | $165.00 | 3.50 | $577.50 |
| Desirena Jean Farmer | N/A | Paralegal | $155.00 | 164.60 | $25,513.00 |
| | | | | 8.00 | $0.00 |
| Jill J. Woodlon | N/A | Litigation Support Specialist | $155.00 | 161.70 | $25,063.50 |
| Corey A. Mears | N/A | Litigation Support Specialist | $150.00 | 12.60 | $1,890.00 |
| Margarita Rasing | N/A | Clerical | $110.00 | 163.50 | $17,985.00 |
| Bonnie L. Davis | N/A | Clerical | $170.00 | 6.00 | $0.00 |
| **TOTAL** | | | | **10,024.15** | **$3,273,373.50** |

**Blended Rate: $326.54**

7

**EIGHTH MONTHLY COMPENSATION BY PROJECT CATEGORY**

**For the Period from August 1, 2010 through August 30, 2010**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Investigation | 62.1 | $20,685.00 |
| Fee Applications and Matters | 36.1 | $8,292.00 |
| Non-Working Travel (billed at 50%) | 0.6 | $255.00 |
| Preparation for and Attendance at Hearing | 18.8 | $10,092.50 |
| **TOTAL** | **117.6** | **$39,324.50** |

597186.1 8/31/10

## CUMULATIVE COMPENSATION BY PROJECT CATEGORY

### For the Period from May 1, 2010 through August 30, 2010

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Investigation | 6,678.90 | $2,163,478.50 |
| Case Administration | 389.70 | $78,744.00 |
| Fee Applications and Matters | 47.50 | $14,644.50 |
| Non-Working Travel (billed at 50%) | 179.05 | $73,414.50 |
| Preparation for and Attendance at Hearing | 57.40 | $30,939.00 |
| Retention Matters | 17.20 | $6,881.00 |
| Drafting Report | 2,654.40 | $905,272.00 |
| **TOTAL** | **10,024.15** | **$3,273,373.50** |

597186.1 8/31/10

# FOURTH MONTHLY EXPENSE SUMMARY

## For the Period from August 1, 2010 through August 30, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying (2,612 pages @ $0.10/page) | | $261.20 |
| Telephone | | $0.64 |
| Postage | | $54.10 |
| Supplies | *Tabs; Binders* | $1,057.29 |
| Messenger Service | *Parcels Inc.* | $251.00 |
| Teleconferencing | *CourtCall* | $341.00 |
| Outside Reproduction | *Pitney Bowes; Impact Copy; Parcels, Inc.; W Chicago City Center Hotel; Parcels* | $10,096.76 |
| Miscellaneous (hotel Internet computer use) | *W Hotel Chicago* | $6.95 |
| Federal Express | | $2,043.84 |
| Overtime | *Desirena Farmer; Robyn Warren* | $406.49 |
| Subpoena Fee | | $395.00 |
| Cab Fare / Boston Coach | *Joseph Monahan; Jennifer Bonniwell; Sarah F. Lacey; Sean T. O'Neill; Gregory Schwab; Sandy McMonagle; Corey Mears; Julie Himbert; Alex Fields; Robyln Merryfield; Mark Minuti* | $1,489.54 |
| Parking / Mileage | *J. Gregory Bale; Mark Minuti* | $474.00 |
| Train Fare (Amtrak) | *Gregory G. Schwab; Sarah F. Lacey; Braden Borger; Christopher Hall; Nicholas Nastasi; Jennifer Bonniwell; Caitlin Piccarello; Susan Zima* | $2,900.60 |
| Air Fare | *James D. Taylor; Nicholas Nastasi; Joseph C. Monahan; Jennifer Morgan Becnel-Guzzo; Timothy Callahan; Jared Bass; Caitlin Piccarello; Jennifer Bonniwell; Sean O'Neill; Susan Zima; Mark Minuti; Gregory Schwab* | $15,137.54 |
| Hotel | *Christopher Hall; Branden Borger; Mark Minuti* | $1,489.77 |
| Meals | *Giovanni Pizza; Smith & Wollensky; Wendy's; W Hotel; McDonald's* | $496.54 |

597186.1 8/31/10

| Transcripts | National Depo; Diaz Data Services; Magna Legal Services; Elaine M. Ryan; Veritext Pennsylvania | $31,388.85 |
|---|---|---|
| Legal Research | Lexis | $0.02 |
| **TOTAL** | | **$68,291.13** |

11

# CUMULATIVE EXPENSE SUMMARY

## For the Period from May 1, 2010 through August 30, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying (162,918 pages @ $0.10/page) | | $16,291.80 |
| Color Photocopying (20 pages @ $0.10/page) | | $2.00 |
| Telecopy | | $4.39 |
| Telephone | | $236.46 |
| Telephone (Traveling) | *Caitlin Piccarello; Gregory G. Schwab; Sean T. O'Neill; Christopher Hall; Braden Borger; Timothy Callahan* | $189.83 |
| Postage | | $54.10 |
| Supplies | *Tabs; Binders* | $1,144.54 |
| Messenger Service | *Parcels Inc.* | $590.90 |
| Filing Fee / Delivery Charge | *Parcels Inc. (Pro Hac Motion)* | $105.00 |
| Docket Entries | *Pacer Service Center* | $4.08 |
| Teleconferencing | *CourtCall; Verizon* | $433.99 |
| Outside Reproduction | *Pitney Bowes; Impact Copy; Parcels, Inc.; W Chicago City Center Hotel; Parcels; FedEx; Kinko's* | $21,063.17 |
| Miscellaneous (hotel Internet computer use; hotel handling charges; luggage fees; storage and delivery charge for documents) | *W Hotel Chicago; Jared Bass; Caitlin Piccarello; Sean O'Neill; Sarah F. Lacey; Charles O. Monk; Christopher Hall; Gregory G. Schwab* | $259.31 |
| Federal Express | | $3,229.07 |
| Overtime | *Peggy Hull, Julia Dikker; Mary McLaughlin; Vicky Wills; Alexandria Field; Roblyn Merryfield; Sandy McMonagle; Desirena Farmer; Carol Pane-Russell; Desirena Farmer; Robyn Warren; Keith Herbert; Kim Jones; Diane Smith* | $7,147.65 |
| Service / Subpoena Fee | *United Processing, Inc.* | $560.00 |
| Witness Fee | *Murray Devine & Company* | $40.00 |
| Car Service / Rental | *Delaware Express / Nicholas Nastasi* | $346.86 |

| | | |
|---|---|---|
| Cab Fare / Boston Coach | *Timothy W. Callahan; Susan M. Zima; James T. Taylor; Jared C. Bass; Caitlin Piccarello; Jennifer L. Pugh-Nolan; Nicholas Nastasi; Paul Stumpf; Michael Consedine; Joseph Monahan; Jennifer Bonniwell; Sarah F. Lacey; Charles O. Monk, II; Christopher Hall; Sean T. O'Neill; Paul Stumpf; Gregory G. Schwab; Braden Borger; Kimberly A. Manuelides; Sandy McMonagle; Corey Mears; Julie Himbert; Alex Fields; Robyln Merryfield; Minuti nuti* | $4,940.75 |
| Parking / Mileage / Toll | *Christopher Hall; Mark Minuti; Michael J. Farnan; Sarah Lacey; Gregory G. Schwab; Susan M. Zima; Lucy H. Lane; Sean T. O'Neill; Betsy Liberato; Charles O. Monk, II; Nicholas Nastasi; Kimberly A. Manuelides; J. Gregory Bale; Michael F. Consedine; Larry Miller; Timothy W. Callahan; Susan M. Zima; Gregory G. Schwab; Jennifer Bonniwell* | $3,217.40 |
| Train Fare (Amtrak) | *Gregory G. Schwab; Sarah F. Lacey; Braden Borger; Christopher Hall; Nicholas Nastasi; Jennifer Bonniwell; Caitlin Piccarello; Susan Zima; Sean T. O'Neill; Charles O. Monk, II; Kimberly A. Manuelides; Michael F. Consedine; Nailah Rogers* | $7,423.60 |
| Transportation (Subway) | *Timothy Callahan; Caitlin Piccarello; Christopher Hall; Jennifer Bonniwell; Sean O'Neill; Gregory Schwab; Charles O. Monk* | $73.00 |
| Air Fare | *James D. Taylor; Nicholas Nastasi; Joseph C. Monahan; Jennifer Morgan Becnel-Guzzo; Timothy Callahan; Jared Bass; Caitlin Piccarello; Jennifer Bonniwell; Sean O'Neill; Susan Zima; Mark Minuti; Gregory Schwab* | $3,861.09 |

| Hotel | *Timothy Callahan; James D. Taylor; Susan Zima; Nailah Rogers; Nicholas Nastasi; Michael Consedine; Joseph Monahan; Caitlin Piccarello; Jennifer Bonniwell; Sarah Lacey; Charles O. Monk; Sean O'Neill; Jennifer Morgan Becnel-Guzzo; Christopher Hall: Mark Minuti; Branden Borger; Gregory G. Schwab* | $36,788.75 |
| Tips | *W Chicago; The Beverly Hills Hilton* | $25.00 |
| Meals | *BNE; 500 Degrees; Panera Bread; The Beverly Hills Hilton; Circa 55; First Wok; Smoothie King; P.F. Chang's; Giovanni Pizza; Smith & Wollensky; Wendy's; W Hotel; McDonald's; Starbuck; I Dream of Falafel Restaurant; Au Bon Pain; Corner Bakery Café; Gold Coast Dogs; Gino's East; Elephant & Castle Restaurant. Hyatt; Giordano's; Zaro's; Misora Express; Renaissance Hotel; Gente Ristorante Italiano; Johnny Rockets; Weber Grill* | $7,412.39 |
| Transcripts | *National Depo; Diaz Data Services; Magna Legal Services; Elaine M. Ryan; Veritext Pennsylvania; Transcripts Plus* | $31,626.45 |
| Legal Research | *Lexis / Westlaw* | $38,341.18 |
| **TOTAL** | | **$185,412.76** |

597186.1 8/31/10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
|  | **Objection Deadline: September 21, 2010 @ 4:00 p.m.**<br>**Hearing Date:  October 22, 2010 at 2:00 p.m.** |

## FOURTH MONTHLY AND FINAL FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO KENNETH N. KLEE, ESQ., THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2010 THROUGH AUGUST 30, 2010 <u>AND MAY 1, 2010 THROUGH AUGUST 30, 2010, RESPECTIVELY</u>

Saul Ewing LLP ("<u>Saul Ewing</u>" or "<u>Applicant</u>"), counsel to Kenneth N. Klee, Esq., the

Examiner (the "<u>Examiner</u>") approved in the above-captioned chapter 11 cases of Tribune

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOILM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits this application (the "Application") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the United States Trustee's Guidelines for Reviewing Applications- for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996, and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Interim Compensation Procedures Order"), for the month period August 1, 2010 through August 30, 2010 and for final allowance of compensation for the period May 1, 2010 through August 30, 2010, and reimbursement of expenses for the same periods of time with respect to its retention as counsel to the Examiner. In support of this Application, Saul Ewing represents as follows:

## BACKGROUND

1.     On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2.     On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner entered April 20, 2010* [Docket No. 4120] (the "Examiner Order") which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

597186.1 8/31/10

3.        Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4.        On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5.        Pursuant to the Examiner Order, as modified by the Supplemental Order, the Examiner was directed to conduct an investigation ("Investigation"), responding to each of the following Questions:[2]

> Question One:  evaluate the potential claims and causes of action held by the Debtors' estates that are asserted by the Parties, in connection with the leveraged buy-out of Tribune that occurred in 2007 (the "LBO") which may be asserted against any entity which may bear liability, including, without limitation, the Debtors, the Debtors' former and/or present management, including former/present members of Tribune's Board, the Debtors' lenders and the Debtors' advisors, said potential claims and causes of action including, but not limited to, claims for fraudulent conveyance (including both avoidance of liability and disgorgement of payments), breach of fiduciary duty, aiding and abetting the same, and equitable subordination and the potential defenses asserted by the Parties to such potential claims and causes of action.

---

[2]    Ex. 1 at ¶ 2 (Examiner Order).

Question Two:   evaluate whether Wilmington Trust Company violated the automatic stay under 11 U.S.C. § 362 by its filing, on March 3, 2010, of its Complaint for Equitable Subordination and Disallowance of Claims, Damages and Constructive Trust.

Question Three:   evaluate the assertions and defenses made by certain of the Parties in connection with the Motion of JPMorgan Chase Bank, N.A., for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Docket No. 3714).

6.       On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] (the "Work Plan").   On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

7.       On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

8.       On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4358].   On May 19, 2010, the Court entered that certain *Order Pursuant to Section 327 of the Bankruptcy Code Authorizing Employment of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4499].

9.       On July 26, 2010, the Examiner publicly filed a version of the Report that redacted certain findings and conclusions from the Investigation that some parties had identified as potentially implicating confidential information.   *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5130]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket

No. 5131]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5132]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5133].

10.    On August 3, 2010, after issues pertaining to potentially confidential information had been resolved, the Examiner publicly filed the Report setting forth in full the findings and conclusions from the Investigation. *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5247]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5248]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5249]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5250].

11.    On July 23, 2010, the Examiner filed his motion seeking a discharge of his duties, relief from third-party discovery, relief relating to the disposition of certain documents and information gathering during the course of the Investigation, and related relief ("Discharge Motion"). *See* Docket No. 5115. The Debtors filed a response to the Discharge Motion urging the Court to delay ruling on that Motion, *see* Docket No. 5382, to which the Examiner filed a reply arguing otherwise. *See* Docket No. 5405. Informally, the Debtors also made certain other requests regarding the relief to be granted under the Discharge Motion, to which the Examiner did not agree. On August 20, 2010, the Court held a hearing on the Discharge Motion, adopted the Examiner's views on the scope of the relief and granted the Motion.

12.    On August 27, 2010, the Court entered its *Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* [Docket No. 5541], which discharged the Examiner of his duties effective as of August 20, 2010, and authorized the other related relief requested by the Examiner.

597186.1 8/31/10

## OVERVIEW OF THE ENGAGEMENT

13.     The Final Application of Klee, Tuchin, Bogdanoff & Stern LLP for Compensation and Reimbursement of Expenses as Counsel to Kenneth N. Klee, the Examiner, for the Period April 30, 2010 through August 20, 2010 contains a detailed description (the "Detailed Description") of the Investigation and the preparation of the Report, including the role of the Applicant in this process. Applicant hereby incorporates by reference this Detailed Description in this Application.

14.     This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## COMPENSATION TO BE PAID AND ITS SOURCE

15.     All services for which Saul Ewing requests compensation were performed for or on behalf of the Examiner, in the discharge of his duties in these cases.

16.     Saul Ewing has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Saul Ewing and any other person, other than the Saul Ewing's contracts attorneys who services were utilized in this case, for the sharing of compensation to be received for services rendered in these cases.

17.     Prior to the scheduled hearing on this Application, Saul Ewing anticipates being paid from the Debtors' estates in respect of its monthly applications listed the Summary Sheet that accompanies this Application, in accordance with the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order").

18.     Following the scheduled hearing on this Application, and subject to the Court's ruling thereon, Saul Ewing anticipates being paid from the Debtors' estates in respect of the "holdback" amounts under the monthly applications, and such additional amounts as are requested herein.

## PROFESSIONAL SERVICES RENDERED

19.     Attached hereto as **Exhibit "A"** is an Affidavit of Applicant with respect to the compensation requested.

20.     Attached as **Exhibit "B"** is a detailed, chronological itemization covering all the services performed by Applicant with respect to these matters from August 1, 2010 through August 30, 2010.  This detailed itemization complies with Del.Bankr.LR 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.  Attached hereto as **Exhibit "C"** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from August 1, 2010 through August 30, 2010.  Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

21.     Attached hereto as **Exhibit "D"** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Examiner for the interim period from August 1, 2010 through August 30, 2010.  These costs for which reimbursement is requested total $68,291.13.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($1.00/page – outgoing transmission

only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

22.   By this Application, the Applicant also seeks final approval and allowance of compensation for the period May 1, 2010 through August 30, 2010 in the amount of $3,273,373.50 and reimbursement of expenses for the same period in the amount of $185,412.76, as detailed herein and in the previously filed monthly applications identified in this Application.

23.   As set forth on the cover of this Application, Applicant reserves the right to supplement this Application to include (a) additional time and expenses incurred in filing this Application and the final applications of the Examiner and his other professionals; and (b) additional expenses for which the Applicant does not yet have complete or final information, including, but not limited to, telephone expenses, Federal Express charges, transcript charges and Pacer services.

WHEREFORE, Saul Ewing LLP respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of (a) compensation for the interim period from August 1, 2010 through August 30, 2010 in the amount of $39,324.50 for professional services rendered and $68,291.13 for reimbursement for actual and necessary costs; and (b) compensation for the final period from May 1, 2010 through August 30, 2010 in the amount of $3,273,373.50 for professional services rendered and $185,412.76 for reimbursement for actual and necessary costs; (ii) authorizing allowance of additional compensation and reimbursement of additional expenses as may be identified in one or more supplements to this Application; (iii) directing payment by the Debtors of the foregoing amounts; and (iv) granting such other and further relief as this Court deems necessary and just.

Dated:  August 31, 2010

Respectfully Submitted,

SAUL EWING LLP

Mark Minuti (Bar No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:    (302) 421-6840
Facsimile:    (302) 421-5873
Email: mminuti@saul.com

*Counsel to the Examiner*

597186.1 8/31/10