UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING MEDIATOR

The Court having determined that the appointment of a mediator (the "Mediator") to assist the parties in resolving disputes in connection with the formulation and proposal of a confirmable plan of reorganization (the "Plan"), including the appropriate resolution of the LBO-Related Causes of Action[2], is in the best interests of the debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] "LBO-Related Causes of Action" shall have the meaning set forth in the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (as Modified) filed on July 29, 2010.

in the above-captioned cases (the "Debtors"), their estates, creditors and stakeholders; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1. Effective immediately upon entry of this Order, the Honorable Kevin Gross is hereby appointed as Mediator in these cases to conduct a non-binding mediation concerning the terms of a Plan, including the appropriate resolution of the LBO-Related Causes of Action (the "Mediation").

2. Unless otherwise ordered by the Court after notice to the Mediation Parties (as defined below) or agreed by the Mediation Parties (as defined below), the parties to the Mediation are: (a) the Debtors, (b) the Official Committee of Unsecured Creditors (the "Committee"), (c) JPMorgan Chase Bank, N.A., as administrative agent and lender under the senior loan credit agreement, (d) Angelo Gordon & Co LP, (e) the "Credit Agreement Lenders"[3], (f) the "Step One Credit Agreement Lenders"[4], (g) Wells Fargo Bank, N.A., as administrative agent under the bridge loan credit agreement (the "Bridge Agent"), (h) Law Debenture Trust Company of New York, as successor indenture trustee under a senior notes indenture, (i) Deutsche Bank Trust Company Americas, as successor indenture trustee under certain senior notes indentures, (j) Centerbridge Credit Advisors LLC, (k) Aurelius Capital Management LP, (l) EGI-TRB LLC and (m) Wilmington Trust Company, as successor indenture trustee under the PHONES notes indenture (collectively, the "Mediation Parties").

---

[3] "Credit Agreement Lenders" refers to certain holders of senior loan claims and senior loan guaranty claims as disclosed in the Sixth Amended Joint Verified Statement of Representation of More Than One Creditor by Hennigan Bennett & Dorman LLP and Young Conaway Stargatt & Taylor LLP [D.I. 4374] as may be amended, modified or supplemented from time to time

[4] "Step One Credit Agreement Lenders" refers to certain holders of step one senior loan claims and senior loan guaranty claims represented by Olshan Grundman Frome Rosenzweig & Wolosky LLP and Arkin Kaplan Rice LLP as disclosed in the Amended Notice of Appearance and Request for Service of Documents [D.I. 5545].

3. The Mediator is appointed to mediate disputes between and among the Mediation Parties concerning the appropriate terms of a Plan, including the appropriate resolution of the LBO-Related Causes of Action.

4. As soon as practicable after entry of this Order, the Debtors shall provide to the Mediator copies of (a) the Examiner's Report, including the exhibits attached thereto; and (b) the briefs submitted by the parties to the Examiner, including any exhibits attached thereto. Notwithstanding Local Bankruptcy Rule 9019-5, not later than ten (10) business days after the entry of this Order (provided that the two days of the Jewish holiday of Rosh Hashanah, September 9 and September 10, shall not count as business days for purposes of this Order) each Mediation Party shall separately or in combination with any other Mediation Party submit directly to the Mediator a statement (the "Mediation Statement"), which shall be no more than five (5) pages and shall set forth in term sheet form a summary of the structure and economic substance of a plan of reorganization that such Mediation Party would find acceptable. In addition, each Mediation Party shall submit with its Mediation Statement a separate statement setting forth with specificity such Mediation Party's claims against or interests in the Debtors (the "Ownership Statement"). Any Mediation Party or its counsel that represents more than one claim or interest holder, or represents a party that in an agency capacity has received direction from one or more claim or interest holder(s) with respect to these cases, shall complete a separate Ownership Statement for each claim or interest holder that such Mediation Party represents or from whom it takes direction. The Ownership Statement shall include, without limitation, the amount of each holding as of the date of the Ownership Statement based upon trade date (including direct ownership, indirect ownership, claims for which it has the ability to control the vote of (either contractually or otherwise), long positions, short positions, swap positions,

participations and any other derivative positions), by tranche or series, if applicable, including the date of the issuance of such tranche or series, and any short positions or derivative exposure. Other than the documents set forth in this paragraph 4, no Mediation Party shall submit any documents to the Mediator except upon the request of the Mediator; <u>provided, however,</u> that Wilmington Trust Company shall be obligated to submit such an Ownership Statement only to the extent that those holders of the PHONES in regular contact with Wilmington Trust Company provide it with holdings information, after due inquiry is made consistent with this Order; <u>provided further, however,</u> that the Bridge Agent is only required to provide an Ownership Statement on behalf of the bridge lender that has been most actively and regularly directing the Bridge Agent.

   5.  Notwithstanding Local Bankruptcy Rule 9019-5, the initial Mediation conference shall occur at a time and place designated by the Mediator. At least one principal of each separately-represented person or entity within a Mediation Party, or of a claim or interest holder for which a Mediation Party is an Agent, with authority to make a decision binding upon such person or entity shall be present at each session of the Mediation, unless the Mediator directs otherwise; <u>provided, however,</u> that if necessary to obtain authority for any decision binding a Mediation Party, additional representatives of that Mediation Party shall be reasonably available by phone, and provided further that for purposes of the Mediation, JPMorgan Chase Bank, N.A. and the Bridge Agent, each in their respective capacities as administrative agents, do not have the authority to bind individual lenders under their respective loan agreements, and JPMorgan Chase Bank, N.A. solely has the power to bind itself in its capacity as a lender; <u>provided further,</u> that members of the Committee may attend the Mediation, but the Committee shall not be required to have decision-making authority at Mediation sessions; provided further

that in the case of the Credit Agreement Lenders only a principal of Oaktree Capital Management, L.P. ("Oaktree") shall be present and such principal shall be authorized to make a decision binding on Oaktree but not on other Credit Agreement Lenders; provided further, that in the case of Wilmington Trust Company this paragraph only applies to Wilmington Trust Company and does not apply to individual holders of PHONES but Wilmington Trust Company shall use its good faith efforts to cause one or more of the largest holders of PHONES to be present at the Mediation; provided further, that the Bridge Agent shall use its good faith efforts to cause the bridge lender that has been most actively and regularly directing the Bridge Agent to be present at the Mediation.

6. Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the Mediation as he sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order. The Mediator may also consult with the Examiner that was appointed in these cases.

7. All: (a) discussions among the Mediation Parties relating to the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation Statements, Ownership Statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the Mediation, and (d) communications between the Mediator and the Examiner or the Examiner's Professionals are strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the Mediation, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including without limitation in

any pleading or other submission to any court, any such discussion, Mediation Statement, Ownership Statement, other document or information, correspondence, resolution, offer or counteroffer which may be made or provided in connection with the Mediation. Except with the express consent of the affected Mediation Party, the Mediator shall not share with any Mediation Party any other Mediation Party's Mediation Statement or Ownership Statement.

8. Except as may be permitted by Local Bankruptcy Rule 9019-5, the Mediator and any personnel who assist him, and all the Mediation Parties, shall not have any communication with the Court regarding or otherwise disclose any aspect of the Mediation other than to report whether a settlement has been reached between any of the Mediation Parties (and the terms of any such settlement); <u>provided</u>, <u>however</u>, that in the event that there is an impasse, the Mediator shall report that there is a lack of agreement, with no further comment or recommendation.

9. The expenses of the Mediator, if any, shall be paid from the Debtors' estates as administrative expenses under Bankruptcy Code Section 503(b)(2).

10. Except for motions with respect to standing to file and prosecute LBO-Related Causes of Action, in order to facilitate the Mediation, without leave of the Court for good cause shown, the Mediation Parties shall not bring any motion or proceeding during the pendency of the Mediation seeking relief in connection with the LBO-Related Causes of Action or any related causes of action, and any such motions or proceedings currently pending, including any discovery related thereto, shall be stayed *sine die*. For the avoidance of doubt, nothing in this paragraph 10 shall preclude any party from filing a plan of reorganization.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       September 1, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge