IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: September 23, 2010<br>Hearing Date: *Only if Objections are filed* |

### SIXTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2010 THROUGH MAY 31, 2010

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2010 to May 31, 2010 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $439,490.50 (80% of which is $351,592.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $1,892.73 |

This is an: __ monthly    _X_ interim    ___ final application

NYK 1334775-1 020336.0515

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[2] | $6,808.20 | $416,077.00 | $1,489.70 |
| 10/9/09 | 2313 | 3/1/09 – 5/31/09 | $839,465.00 | $3,883.93 | $838,826.50 | $3,631.33 |
| 12/11/09 | 2820 | 6/1/09 – 8/31/09 | $365,485.00 | $1,312.70 | $[____] | $[____] |
| 6/11/09 | 4761 | 9/1/09 – 11/30/09 | $362,715.50 | $2,425.85[3] | $[____] | $[____] |
| 6/30/10 | 4907 | 12/1/09 – 2/28/10 | $819,588.00 | $1,776.95[4] | $[____] | $[____] |

## COMPENSATION FOR PROFESSIONALS
## MARCH 1, 2010 THROUGH MAY 31, 2010

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, | $915 | 129.20 | $118,218.00 |

---

[1] The Combined Monthly and First Quarterly Application combined McDermott Will & Emery LLP's ("McDermott") monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such reduction was to respond to the United States Trustee's (the "U.S. Trustee") comments regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") agreed that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought in its December fee application by $250. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,175.85 ($2,425.85-250.00).

[4] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought in its December fee application by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $1,718.55 ($1,776.95-$58.40).

NYK 1334775-1 020336 0515

| | | | | |
|---|---|---|---|---|
| | Member of District of Columbia Bar since 1987 | | | |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $750 | 162.80 | $122,100.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $580 | 18.80 | $10,904.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $715 | 60.30 | $43,114.50 |
| Alan D. Nesburg | Partner, Employee Benefits, Member of Illinois Bar since 1972 | $715 | .20 | $143.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | $795 | .30 | $238.50 |
| Robin L. Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $730 | .30 | $219.00 |
| John P. Tamisiea | Partner, Corporate, Member of Illinois Bar since 1990 | $695 | 1.50 | $1,042.50 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | $690 | 19.80 | $13,662.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $690 | 17.60 | $12,144.00 |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | $690 | 3.50 | $2,415.00 |
| Derek J. Meyer | Partner, Litigation, Member of Illinois Bar since 1991 | $680 | .30 | $204.00 |
| Jeffrey A. Jung | Partner, Corporate, Member of Illinois Bar since 1990 | $680 | .40 | $272.00 |
| Christopher M. Zochowski | Partner, Corporate, Member of District of Columbia Bar since 1999, Member of New York Bar since 2005 | $605 | 2.70 | $1,633.50 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $610 | 9.00 | $5,490.00 |
| Mark A. Bilut | Partner, Employee Benefits, Member of Illinois Bar since 1995 | $595 | 6.00 | $3,570.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | $585 | 2.30 | $1,345.50 |

| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $570 | 4.00 | $2,280.00 |
|---|---|---|---|---|
| Jason R. Eig | Partner, Corporate, Member of Maryland Bar since 1999, Member of District of Columbia Bar since 2000 | $570 | 1.50 | $855.00 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $565 | 6.90 | $3,898.50 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $570 | 2.80 | $1,596.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $715 | 20.40 | $14,586.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $715 | 24.90 | $17,803.50 |
| Ryan D. Harris | Partner, Corporate, Member of Illinois Bar since 2002 | $515 | 27.20 | $14,008.00 |
| Jennifer M. Mikulina | Partner, Intellectual Property Media & Technology, Member of Illinois Bar since 2001, Member of Wisconsin Bar since 2001 | $500 | 1.90 | $950.00 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | $630 | 3.10 | $1,953.00 |
| Brendan D. Delany | Associate, Corporate, Member of Maryland Bar since 2005, Member of District of Columbia Bar since 2007 | $345 | 2.50 | $862.50 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $320 | 54.20 | $17,344.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | $315 | 22.00 | $6,930.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $325 | 43.60 | $14,170.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $305 | .40 | $122.00 |
| Kathleen I. Edwards | Associate, Corporate, Member of Illinois Bar since 2008 | $300 | 2.00 | $600 |
| Brian J. Tiemann | Associate, Employee Benefits, Member of Illinois Bar since 2009 | $280 | 1.80 | $504.00 |

NYK 1334775-1 020336.0515

| Jeffrey M. Holdvogt | Associate, Employee Benefits, Member of Illinois Bar since 2003 | $420 | 4.90 | $2,058.00 |
|---|---|---|---|---|
| Kay Kemp | Professional, Associate Director – Compensation and Benefits Advisory Services | $410 | 2.50 | $1,025.00 |
| Marlyss Bloom | Paralegal, Corporate | $255 | .90 | $229.50 |
| Kelly Walsh | Legal Assistant | $250 | 4.00 | $1,000.00 |
| Grand Total: | | | 666.50 | $439,490.50 |
| Blended Rate: | | $659.40 | | |

- 5 -

NYK 1334775-1.020336.0515

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Cubs Benefits | 6.40 | $4,286.00 |
| Drews Litigation | 3.00 | $1,445.00 |
| Cubs Post Closing Matters | 77.60 | $44,894.50 |
| Welfare Plans | 20.00 | $11,445.00 |
| ESOP | 113.20 | $78,379.00 |
| General Tax | 43.50 | $34,632.00 |
| Newsday | 131.00 | $103,599.50 |
| Newsday/Benefits | 4.70 | $3,904.50 |
| Chapter 11 Restructuring | 257.30 | $153,705.50 |
| BuzzDash | 9.80 | $3,199.50 |
| **TOTAL:** | 666.50 | $439,490.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Telecommunications | Conference Plus | $328.54 |
| Photocopies | In-House | $40.10 |
| Courier & Messenger | US Messenger & Logistics, Inc. | $25.12 |
| Express Mail | Federal Express | $201.96 |
| Document Retrieval | PACER | $27.44 |
| Travel | Boston Coach | $238.96 |
| Business Meals | | $53.73 |
| Postage | | $0.88 |
| Filing/Registration Fee - Copyright | | $775.00 |
| Facsimile | In-House | $201.00 |
| **TOTAL** | | $1,892.73 |

NYK 1334775-1 020336 0515

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: September 23, 2010<br>Hearing Date: *Only if Objections are filed* |

### SIXTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2010 THROUGH MAY 31, 2010

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this sixth quarterly application (the "Sixth Quarterly Application") for approval and allowance of compensation for services rendered in the amount of $439,490.50 (80% of which equals $351,592.40) and reimbursement for expenses incurred in the amount of $1,892.73 during the period commencing March 1, 2010 through May 31, 2010 (the "Sixth Quarterly Application Period"). This Sixth Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the

NYK 1334775-1 020336.0515

"Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Sixth Quarterly Application, McDermott respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Sixth Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only.

5. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

7.      Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.      On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

9.      On October 14, 2009, the Court entered an Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "CNLBC Order") [Docket no. 2333]. Pursuant to the CNLBC Order, McDermott's retention was extended to include the Cubs.

## PROCEDURAL BACKGROUND

10.     The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide the fee examiner their monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial

objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11. Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the months of March 2010, April 2010, and May 2010,[5] which Monthly Fee Applications are incorporated herein by reference and addressed in this Sixth Quarterly Application.

12. In addition, beginning with the three-month period ending on February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (each a "Quarterly Fee Application Request"). Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. As noted, this Sixth Quarterly Application represents the sixth Quarterly Fee Application Request that McDermott has filed with the Court in connection with these chapter 11 cases, and it covers the period from March 1, 2010 through May 31, 2010.

---

[5] The docket numbers of McDermott's Monthly Fee Applications for March 2010, April 2010 and May 2010 are 5338, 5339, and 5340, respectively.

**RELIEF REQUESTED**

13. By this Sixth Quarterly Application, McDermott requests that the Court allow the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as special legal counsel to the Debtors during the Sixth Quarterly Application Period. Further, McDermott seeks this Court's allowance for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Sixth Quarterly Application Period.

14. During the Sixth Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 666.50 hours in connection with these chapter 11 cases. The reasonable value of services rendered by McDermott to the Debtors during the Sixth Quarterly Application Period is $439,490.50. Such amount is a result of McDermott's normal hourly rates for work of this nature. To the best of McDermott's knowledge, this Sixth Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

**COMPENSATION PAID AND ITS SOURCES**

15. All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

16. In compliance with Rule 2016, McDermott confirms that during the Sixth Quarterly Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Sixth Quarterly Application. There is no agreement or understanding

between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

17.  As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application. Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## SUMMARY OF SERVICES

18.  The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Sixth Quarterly Application Period, organized by project category.

### Matter 0500 – General Tax

19.  McDermott provided general tax advice regarding the Debtors' audit, including a review and analysis of the legal theories raised by the audit.

### Matter 0507 – Newsday

20.  McDermott completed general post-closing work related to the Newsday transaction, including a review and analysis of the possible modification of the structure of the transaction. McDermott also provided general tax advice regarding the Newsday transaction, including advice on issues in connection with a potential tax audit. McDermott also analyzed issues in connection with a possible restructuring of the partnership.

### Matter 0509 – Newsday/Benefits

21.  McDermott provided the Debtors with general legal advice regarding the Newsday benefit plans.

- 6 -

NYK 1334775-1.020336.0515

**Matter 0515 – Chapter 11 Restructuring/Tax Planning**

22. McDermott provided general tax advice to the Debtors, including a review of the Debtors' financial statements. McDermott also researched and advised the Debtors on certain liabilities in connection with their emergence from bankruptcy. McDermott also reviewed and analyzed the Debtors' proposed disclosure statement and plan of reorganization. McDermott also assisted the Debtors' other professionals in developing and reviewing various alternative structures for reorganizing the Debtors, including researching and analyzing numerous novel tax issues arising in connection with the various alternatives. Additionally, McDermott researched and advised the Debtors on tax issues related to the Debtors' ESOP.

**Matter 0515 – Chapter 11 Retention/Fee Application**

23. McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines. McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order.

**Matter 0517 - BuzzDash**

24. McDermott provided general corporate advice to the Debtors, including reviewing, revising and finalizing certain purchase agreements.

**Matter 0016 – Cubs Benefits**

25. McDermott provided general corporate advice to the Cubs, including reviewing certain benefit plans and analyzing issues in connection thereto. McDermott also advised the Cubs on certain payroll liability issues.

**Matter 0020 – Drews Litigation**

26. McDermott provided general legal advice regarding the lawsuit of the estate of Alex Drews against the Cubs.

**Matter 0021 – Cubs Post Closing Matters**

27. McDermott completed general post-closing work related to the partnership transaction involving the Chicago Cubs baseball team, including reviewing certain formation documents and financial statements. McDermott also assisted the Cubs in responding to various notices with regards to the partnership transaction. McDermott also registered certain intellectual property owned by the Cubs. McDermott also assisted the Cubs in preparing documents in connection with a potential arbitration.

**Matter 0041 – Welfare Plans**

28. McDermott provided general legal advice regarding programs offered by the Debtors to their employees, including drafting amendments to certain plans.

**Matter 0047 – ESOP**

29. McDermott provided general legal advice on issues concerning the Debtors' ESOP. McDermott reviewed and analyzed the Debtors' proposed plan of reorganization and disclosure statement regarding the treatment of the Debtors' ESOP. McDermott further researched and analyzed the consequences of various alternative treatments of the Debtors' ESOP under the proposed plan of reorganization and disclosure statement. McDermott also reviewed and analyzed various strategic issues related to ongoing litigation and the Debtors' bankruptcy involving the Debtors' ESOP.

## ACTUAL AND NECESSARY EXPENSES

30. McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $1,892.73. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique

issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Sixth Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

31. With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

32. In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of this type are separately charged for such services.

33. Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

34. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

35. To the extent that time or disbursement charges for services rendered or disbursements incurred during the Sixth Quarterly Application Period, but were not processed prior to the preparation of this Sixth Quarterly Application, McDermott reserves its rights to

request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

36. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Sixth Quarterly Application complies with that rule.

WHEREFORE, McDermott respectfully seeks allowance of the amount set forth in the Sixth Quarterly Application for the period of March 1, 2009 through May 31, 2010 in the amount of $439,490.50 (80% of which equals $351,592.40) for professional services rendered, and reimbursement of expenses incurred in connection wherewith in the amount of $1,892.73, for a total of $441,383.23.

Dated: Washington, District of Columbia
August 31, 2010

McDERMOTT WILL & EMERY LLP

/s/ *Blake D. Rubin*

Blake D. Rubin (admitted *pro hac vice*)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8424
Facsimile: (202) 756-8087

and

Jared D. Zajac (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173-1922
Telephone: (212) 547-5598
Facsimile: (212) 547-5444

*Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

-10-