**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ) | |
| ) | |
| TRIBUNE COMPANY, ET.AL., ) | Case No. 08-13141-KJC |
| ) | Chapter 11 |
| Debtor(s) ) | |

**MISSOURI DEPARTMENT OF REVENUE OBJECTION
TO CONFIRMATION OF DEBTORS' AMENDED PLAN OF REORGANIZATION**

The Missouri Department of Revenue (MDOR), pursuant to 11 U.S.C. §1128(b) of the Bankruptcy Code, hereby objects to the confirmation of Debtors' Plan of Reorganization for the following stated reasons:

1. MDOR has filed Priority Tax Claims totaling $4,175.93 for 2006 and 2007 corporate income tax liability.

2. One of Debtors' options for payment of the Allowed Priority Tax Claims provides for regular installments in Cash equal to the Allowed amount of the Claim over a period ending not later than the fifth (5th) anniversary of the petition date with interest as provided under 11 U.S.C. §511.

3. The terms of Debtors' plan lack specificity regarding payment of the Priority Tax Claims and, as such, would be extremely difficult to enforce in the event of a default in plan payments.

4. Debtors' Plan states that installment payments shall commence after the Priority Tax Claim becomes an Allowed Claim.

5. It appears that based upon the definition of an Allowed Claim it will not be possible to determine whether MDOR's Priority Tax Claim is an Allowed Claim and thus trigger installment payments until the deadline to object to claims expires. The Plan states that claim objections must be filed no later than 210 days after the Effective Date but also states that this date may be extended by Debtor by filing a motion with the Bankruptcy Court that may be made without further notice or hearing.

6. In addition, the Effective Date cannot be determined with certainty because it is contingent upon various conditions being satisfied or waived.

7. It is possible that there will be a considerable delay in the commencement of payment, that it will be extremely difficult to determine when payments should commence, and the Plan does not state what the frequency of payments will be, thus making it difficult to enforce the provisions of the Plan

### Default Provision

8. The Department requests that Debtors incorporate the following language in the Plan or Confirmation Order should the Court confirm the Plan:

"In the event that the Missouri Department of Revenue's Allowed Administrative Expenses, Allowed Priority Tax Claims, and Allowed General Unsecured Claims are not paid in accordance with the terms of the Plan of Reorganization or Confirmation Order, Debtor will be in default. The Department will provide Debtor with written notice of the default by mail.  If default is not made good within fifteen (15) days after notification, the entire principal and accrued interest shall at once become due and payable without further notice.  The Department may thereafter proceed with either or all of the following remedies: (a) enforce the entire amount of its claim under Missouri law; (b) exercise any and all its rights and remedies under Missouri law; (c) seek such relief as may be appropriate in this Court."

MDOR requests that the court deny confirmation of Debtors' Plan of Reorganization and for such other and further relief as this Court deems just and proper.

                        Respectfully submitted,

                        Chris Koster, Attorney General
                        State of Missouri

                        <u>By: /s/ Sheryl L. Moreau</u>
                        Sheryl L. Moreau, Mo. Bar #34690
                        Special Assistant Attorney General
                        Missouri Department of Revenue
                        General Counsel's Office

>301 W. High Street, Room 670
>PO Box 475
>Jefferson City, MO  65105-0475
>(573) 751-5531  FAX (573) 751-7232
>Attorney for Department of Revenue

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically and served upon all those who receive electronic notification on September 8, 2010.

/s/ Sheryl L. Moreau