IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Re: Docket Nos. 5485 and 5641 |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' OBJECTION TO THE MOTION OF IVAN J. BATES FOR AN ORDER TO EXTEND THE BAR DATE TO FILE CLAIMS AGAINST THE DEBTORS' ESTATES**

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company

and its various debtor-subsidiaries (collectively, the "Debtors") hereby submits this joinder (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Joinder") to the Debtors' Objection (the "Objection") to the Motion of Ivan J. Bates for an Order to Extend the Bar Date to File Claims Against the Debtors' Estates (the "Motion"). The Committee joins the Debtors' request that the Motion be denied and respectfully represents as follows:

1. On June 8, 2010, Ivan J. Bates filed a motion for relief from the automatic stay [Docket No. 4725, amended notice at Docket No. 4726]. Mr. Bates requested that the automatic stay be lifted so that he may proceed with a lawsuit filed on August 7, 2009 in the Circuit Court for Baltimore City, Maryland seeking damages against the Baltimore Sun Company (a subsidiary Debtor) and two writers for the Baltimore Sun for allegedly writing and publishing defamatory articles (the "Maryland Action").

2. The Debtors filed an objection to Bates's motion to lift the stay [Docket No. 4951], and the Committee joined the Debtors' objection [Docket No. 4952] because, *inter alia*, Bates disregarded a bar date established by the Bankruptcy Court despite having actual notice thereof.

3. On August 24, 2010, Bates filed the instant Motion in which he asserts that his neglect to timely file a proof of claim should be excused because when the Debtors amended their schedules to account for the Maryland Action, they erred by sending notice thereof to Bates's local counsel rather than his primary counsel.

4. The Debtors assert in their Objection [Docket No. 5641] that the Motion should not be granted because of (a) the danger of prejudice to the Debtors, (b) unreasonable delay (one year from when Bates first became aware of the general bar date and/or four and a half months from the bar date established at the time the Debtors amended their schedules to account for the

Maryland Action, (c) the lack of a legitimate reason for the neglect to file a claim, and (d) the ostensible lack of Bates's good faith.

5. The Committee hereby joins in the Debtors' Objection and requests that the Court deny the relief sought in the Motion.

6. The Committee reserves all rights to amend or supplement this Joinder.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Motion.

Dated: September 8, 2010
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*