UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Hearing Date: September 15, 2010 @ 11:00 a.m.** |
| | : | **Objection Deadline: September 8, 2010 @ 4:00 p.m.** |
| | : | **(extended for the UST until September 10, 2010)** |
| | : | |
| | : | **Re: Docket No. 5562** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR
AN ORDER AUTHORIZING THE RETENTION OF JONES DAY AS SPECIAL
COUNSEL FOR THE SPECIAL COMMITTEE OF TRIBUNE COMPANY'S
BOARD OF DIRECTORS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107,
<u>*NUNC PRO TUNC* TO AUGUST 22, 2010</u>**

In support of her Objection to the Debtors' Application for an order authorizing the retention

of Jones Day, *nunc pro tunc* to August 22, 2010, as special counsel to the committee of the Board of

---

[1]/ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Directors of Debtor Tribune Company pursuant to Bankruptcy Code sections 327(e) and 1107 (the "Application"), Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

### Introduction

1. This Court has jurisdiction to hear and determine this Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

### Background

4. On December 8, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2008, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

6. On June 4, 2010, the Debtors filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan"). On June 7, 2010, this Court approved the Disclosure Statement related to the Plan, and initially scheduled the confirmation hearing on the Plan

to commence on August 16, 2010. The confirmation hearing has been continued on a number of occasions, with the most recent continuance to November 8, 2010.

7. On April 20, 2010, the Court entered the *Agreed Order Directing the Appointment of Examiner*, directing the U.S. Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1). On April 30, 2010, the U.S. Trustee filed the *Notice of Appointment of Examiner*, appointing Kenneth N. Klee, Esq. as the Examiner (the "Examiner").

8. On July 26, 2010, the Examiner filed his report (the "Examiner's Report"), which contained his findings and conclusions with respect to the 2007 leveraged buy-out of Tribune Company (the "LBO"). As a result of the Examiner's Report, certain parties have withdrawn their support for the Plan and it appears that the Debtors will no longer proceed to confirmation with the Plan that is currently on file.

9. On September 1, 2010, the Court appointed the Honorable Kevin Gross to serve as mediator for the various parties in an attempt to come to consensus on a plan of reorganization.

10. Subsequent to the filing of the Examiner's Report, the Board of Directors of Debtor Tribune Company (the "Board"), upon information and belief, determined that a special committee of independent directors (the "Special Committee") should be formed to oversee the Plan process. Upon information and belief, under its ordinary corporate governance procedures, the Board formed the Special Committee, which consists of four independent directors of the Board as identified in the Application.

11. The Special Committee apparently will perform a number of functions with its primary focus related to the review, evaluation and approval of the structure, terms and conditions of a plan of reorganization. In effect, the Special Committee will be the decision-making authority for the Board as it relates to confirmation of a plan of reorganization.

12. The Special Committee seeks to retain Jones Day as its legal counsel, with all costs to be paid by the Debtors. The Debtors' primary restructuring co-counsel, Sidley Austin LLP ("Sidley") and Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz"), will remain in place with their role in these cases unchanged.

### Objection

13. The U.S. Trustee objects to the Application because the Debtors fail to demonstrate why it is necessary to retain Jones Day on behalf of the Special Committee when there has been no indication that Sidley and Cole Schotz are unable to perform these legal services. As the Court and other parties in interest have noted on multiple occasions, this bankruptcy case has generated significant legal fees and expenses for the Debtors' estates. Accordingly, the U.S. Trustee is very concerned about the costs associated with the retention of yet another estate professional. This is particularly true here as it is not clear from the Application why this professional must be retained at this juncture.

14. The Application contains statements as to the reasons for the creation of the Special Committee and the matters that will be tasked to the Special Committee. However, the Application fails to explain why it is necessary for Jones Day to be retained to represent the Special Committee when two very reputable firms have been representing the Debtors since the Petition Date and will continue to represent the Debtors through the plan process. Because the Special Committee will be tasked with supervising and ultimately deciding on the plan process for the Debtors (the central focus of this case), it would seem logical that Sidley and Cole Schotz can perform any and all legal services needed for the Special Committee.[2]

---

[2] The Application contains no statements that Sidley and Cole Schotz are conflicted from representing the Special Committee. If the Debtors subsequently indicate that some potential conflict may exist with Sidley and Cole Schotz representing the Special Committee, then the U.S. Trustee posits that the continued representation of the Debtors by those firms may be at issue because of their continued, uninterrupted role

15. While the Debtors explain in the Application that Jones Day's retention is limited and will not duplicate the efforts of Sidley or Cole Schotz, there is no assurance that this will occur. By the very nature of this retention, it appears that significant duplication among the three primary restructuring counsel for the Debtors and the Special Committee will exist. The Application fails to adequately address this issue and contains no clear delineation of duties among the Debtors' law firms. The estate should not have to bear the significant cost that will come with the retention of Jones Day when it is entirely questionable that the retention of Jones Day is necessary here.

WHEREFORE, the United States Trustee respectfully requests this Court to issue a ruling commensurate with this Objection, and award such other relief as this Court deems appropriate under the circumstances.

                                          Respectfully submitted,

                                          ROBERTA A. DEANGELIS
                                          United States Trustee

                      BY:    */s/ David M. Klauder*
                                David M. Klauder
                                Trial Attorney
                                Office of the United States Trustee
                                J. Caleb Boggs Federal Building
                                844 King Street, Suite 2207
                                Wilmington, DE 19801
                                (302) 573-6491
                                (302) 573-6497 fax

Dated: <u>September 10, 2010</u>

---

as primary restructuring counsel. At the very least, the U.S. Trustee will need to explore those issues.