# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL DECLARATION
## OF DAVID G. HEIMAN IN CONNECTION
## WITH THE APPLICATION FOR AN ORDER AUTHORIZING
## THE RETENTION OF JONES DAY AS SPECIAL COUNSEL FOR THE
## SPECIAL COMMITTEE OF TRIBUNE COMPANY'S BOARD OF DIRECTORS
## PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, *NUNC PRO TUNC* TO AUGUST 22, 2010

David G. Heiman declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney at law admitted and in good standing to practice law in the State of Ohio.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      I am a partner in the law firm of Jones Day ("Jones Day"), and I am duly authorized to make this supplemental declaration (the "Supplemental Declaration") on behalf of Jones Day.

3.      On August 30, 2010, the Debtors filed an application to retain Jones Day as counsel to the Special Committee of Tribune Company's board of directors, pursuant to §§ 327(e) and 1107 of the Bankruptcy Code [Docket No. 5562] (the "Application").[2] The nature of Jones Day's engagement is described specifically in the Application.

4.      The Application was accompanied by my initial declaration setting forth certain disclosures and representations as required under § 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 [Docket No. 5563] (the "Initial Declaration").

5.      I submit this Supplemental Declaration in connection with Jones Day's continuing duty to disclose connections with parties in interest in these chapter 11 cases. Subsequent to the filing of the Initial Declaration, the following additional matters have come to my attention: (1) Jones Day's limited representation of CCI Europe A/S ("CCI"); (2) Jones Day's representation of Mr. Nils Larsen in his personal capacity in a matter unrelated to these chapter 11 cases; and (3) certain other matters described below.

*Jones Day's Relationship with CCI*

6.      CCI is a trade vendor to certain of the Debtors, supplying those Debtors with software maintenance services pursuant to certain software agreements. Jones Day was contacted by CCI to assist CCI in connection with these chapter 11 cases. In that regard, on or about June 5, 2009, Jones Day assisted CCI with the preparation of proofs of claim, numbered 3541, 3542, 3543, 3544, 3545, 3546, 3547, 3548, 3549 and 5973. CCI's asserts that it holds

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

unsecured claims in an aggregate amount of $359,396.24 against the certain of the Debtors.

From June 5, 2009 to the present, Jones Day has only monitored these chapter 11 cases on behalf

of CCI and has not provided CCI with any additional substantive advice regarding its rights as an

unsecured creditor.

7.    As of the date hereof, Jones Day is in the process of terminating its representation

of CCI in these chapter 11 cases.  On or before September 15, 2010, Jones Day will have

terminated such representation and will not continue to represent CCI in connection with these

chapter 11 cases in the future.

8.    As of the date hereof, Jones Day has received approximately $17,547.17 from

CCI on account of services rendered in connection with CCI's claims against the Debtors in these

chapter 11 cases.  Jones Day lawyers have billed approximately 45 hours for work related to

CCI.

***Jones Day's Representation of Nils Larsen***

9.    Mr. Nils Larsen is currently an Executive Vice President and Chief Investment

Officer for Tribune Company and has held that position since December 2009.  Mr. Larsen first

joined Tribune Company as an Executive Vice President in December 2008.  Mr. Larsen was an

employee of Equity Group Investments, L.L.C. between February 1995 and December 2008.

The Debtors previously contacted Jones Day regarding the potential representation of Mr. Larsen

in connection with an investigation related to the former Illinois Governor Rod Blagojevich.  It is

customary policy of the Debtors for individual officers to have their own lawyers in matters of

this type, which are paid for by Tribune Company.  Any involvement of the Debtors in

connection with that investigation was separately handled by Sidley Austin LLP, the Debtors'

general bankruptcy counsel and not by Jones Day.  Mr. Larsen was not a subject of the

investigation, nor were any of the Debtors.  Jones Day's services primarily involve responding to

a subpoena issued to Mr. Larsen, representing Mr. Larsen in an interview with government representatives and preparing Mr. Larsen as a witness, should that become necessary.

10.    Given the very limited representation of Mr. Larsen in his personal capacity on matters wholly unrelated to these chapter 11 cases, I believe that this representation does not cause Jones Day to either hold or represent any interest adverse to the Special Committee or the Debtors and their estates.

***Other Matters Related to the Debtors***

11.    Jones Day represents Bridgestone Americas Holding, Inc. ("Bridgestone") and Mason Corporation ("Mason") as potentially responsible parties ("PRPs") in connection with certain CERCLA/Superfund sites (the "Sites"). Certain Debtors, including Tribune Company and the Baltimore Sun Company, are also identified as PRPs for the Sites by the United States Environmental Protection Agency. I believe that the representations of Bridgestone and Mason as PRPs for the Sites does not cause Jones Day to either hold or represent any interest adverse to the Special Committee or to the Debtors and their estates.

12.    In the fall of 2009, Jones Day was retained by Dovebid in connection with an existing joint venture with Los Angeles Times Communications LLC, one of the Debtors in these chapter 11 cases.[3] Jones Day assisted with the buyout of Dovebid's interest in the joint venture, which took place as of December 31, 2009. As of the date hereof, Dovebid retains no interest in the joint venture with Los Angeles Times Communications LLC and Jones Day no longer represents Dovebid in connection with the joint venture or any other matter related to the Debtors.

---

[3]    Dovebid had been represented by a present Jones Day partner in connection with the establishment of the joint venture in the summer of 2008 and prior to that partner joining Jones Day. Jones Day did not represent Dovebid prior to the fall of 2009.

- 5 -

13.     Jones Day was retained by 6400-6500 Park of Commerce Boulevard, LLC ("Park of Commerce"), a subsidiary of Prime Property Fund (a Morgan Stanley Realty Inc. fund), in connection with a lease of nonresidential real property, pursuant to which Park of Commerce, as landlord, leased certain real property to Sub-Sentinel Company, one of the Debtors in these chapter 11 cases.  As of August 2, 2010, Jones Day has terminated its representation of Park of Commerce in connection with these chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2010

/s/ David G. Heiman
David G. Heiman, Esq.