# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STATEMENT OF SPECIAL COMMITTEE OF TRIBUNE COMPANY'S BOARD OF DIRECTORS IN SUPPORT OF THE DEBTORS' APPLICATION TO RETAIN JONES DAY AS COUNSEL FOR THE SPECIAL COMMITTEE

The special committee of Tribune Company's board of directors (the "Special Committee") hereby submits this statement in support of the Debtors' Application for an Order Authorizing the Retention of Jones Day, nunc pro tunc to August 22, 2010 [Docket No. 5562]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Application")[2] and in response to the United States Trustee's Objection to the Application

[Docket No. 5651] (the "Objection").

1.      In its Objection, the United State's Trustee (the "UST") states that the

"Debtors fail to demonstrate why it is necessary to retain Jones Day on behalf of the Special

Committee when there has been no indication that" Sidley Austin ("Sidley") and Cole, Schotz,

Meisel, Forman & Leonard, P.A. ("Cole Schotz"), the Debtors' primary restructuring counsel, are

unable to perform the proposed legal services.

2.      As set forth in greater detail in the Application, Tribune Company's board

of directors (the "Board of Directors") determined that creating the Special Committee was

necessary and appropriate in order to oversee the plan of reorganization process in these chapter

11 cases in light of the recently released examiner's report on the issues surrounding the

leveraged-buyout of Tribune Company in 2007.  The Special Committee is ultimately tasked

with determining the appropriate restructuring plan for the company, taking into consideration,

among other things, the conclusions reached by the examiner in his report.

3.      In that regard, the Special Committee, as an independent division of the

Board of Directors, was specifically authorized by the full board to retain its own independent

counsel in order to carry out its fiduciary duties.  The Special Committee's retention of its own

independent counsel is supported by well established Delaware law, as well as existing

bankruptcy precedent.

4.      Under Delaware law, an independent special committee of a board of

directors must be well and independently informed in order to carry out its fiduciary duties.

Consequently, special committees are encouraged to retain independent legal counsel to best

---

[2] Capitalized terms not defined herein have the meanings given to them in the Application.

perform their functions.  See Gesoff v. IIC Indus., 902 A.2d 1130, 1147 (Del. Ch. 2006)

("Special committee members should have access to knowledgeable and independent advisors,

including legal and financial advisors"); Kahn v. Dairy Mart Convenience Stores, Inc., 1996 Del.

Ch. LEXIS 38, at *22 n.6 (a "critical factor in assessing the reliability and independence of the

process employed by a special committee, is the committee's financial and legal advisors and

how they were selected").  In fact, it would be highly unusual for a special committee to act

without its own, independent advisors.  And, in this case, to require the Special Committee to use

counsel who reports to the company and directors who others could assert are not disinterested in

these matters would undermine the entire purpose of the Special Committee.

     5.     Moreover, retaining independent legal counsel to represent a special

committee or independent committee of a board of directors in chapter 11 is relatively common.

For instance, in each of In re Accuride Corp., et al., No. 09-13449 (Shannon) (Bankr. D. Del.

March 4, 2010) [Docket No. 909], In re Station Casinos, Inc., No. 09-52477 (Zive) (Bankr. D.

Nev. Sept. 18, 2009) [Docket No. 327] and In re Interep National Radio Sales, Inc., No. 08-

11079 (Drain) (Bankr. S.D.N.Y. April 28, 2008) [Docket No. 126], the debtors formed a special

committee of the board of directors to oversee specific matters.  The courts in each of these cases

approved the retention of independent counsel for the special committees without restriction.

     6.     In this case, it is without question that the issues surrounding any

restructuring of the Debtors are complex and involve a myriad of parties with divergent interests

and motivations.  The complicated nature of these cases, and the Board of Directors' belief that

an independent body of directors was needed to ultimately approve a restructuring plan, is what

led to the creation of the Special Committee.  The Special Committee consists of four

independent directors of the Tribune Company, each of which is a Chief Executive Officer of an

independent company.  Thus, while the Special Committee members are committed to their obligation to oversee the plan process, they are not capable of devoting their full attention to these matters, which are undoubtedly complicated and fluid.  In order to best inform themselves regarding these chapter 11 cases and to carefully and diligently discharge their fiduciary duties, the members of the Special Committee need independent legal advice.

7.    With respect to the UST's stated concerns regarding the fees of Jones Day, and any potential duplication of efforts between Jones Day, Sidley and Cole Schotz, the Special Committee submits that the demarcation of responsibilities among the various firms is clear. Sidley and Cole Schotz are retaining their roles as the Debtors' primary general restructuring counsel, including the day-to-day administration of these cases, addressing any matters outside of the plan process and taking primary responsibility with respect to the plan process on the Debtors' behalf, including document drafting and engaging in direct creditor discussions.

8.    Jones Day's primary function will be to analyze and communicate to the Special Committee the merits of the various restructuring proposals that have been set forth, and to assist the Special Committee in making its recommendation to the Board of Directors.  In that regard, Jones Day will be involved in the plan process and will be reviewing the various plan proposals.  However, Jones Day's day-to-day responsibilities will be significantly narrower than, and distinguished from, the services provided by Sidley and Cole Schotz.

9.    Jones Day's fees will be subject to the interim compensation and fee examiner orders entered in these cases.  The procedures set forth in these orders provide for a thorough review of all fees submitted by professionals retained in these chapter 11 cases before payment of such fees.  Thus, the Court, the UST, the fee examiner, and any other party in interest

will have the opportunity to review any fees of Jones Day and object to such fees if they so choose.

10.     Finally, no other party in interest has objected to the Application, including the Debtors' prepetition secured lenders or the Official Committee of Unsecured Creditors.  Thus, the Special Committee submits that the retention of Jones Day is appropriate given that the parties who will be most directly impacted by any additional expenses to the estate — i.e., the Debtors' creditors — do not oppose the Application.


WHEREFORE, for the foregoing reasons, the Special Committee respectfully requests that the Court approve the Application.

Dated: September 13, 2010

SPECIAL COMMITTEE OF BOARD OF
DIRECTORS OF TRIBUNE COMPANY


By:  /s/ Brad B. Erens
     Brad B. Erens
     David A. Hall
     77 West Wacker
     Chicago IL  60601-1692
     (312) 782-3939 (Telephone)
     (312) 782-8585 (Facsimile)

     – and –

     David G. Heiman
     North Point
     901 Lakeside Avenue
     Cleveland, Ohio  44114-1190

     PROPOSED ATTORNEYS FOR THE
     SPECIAL COMMITTEE