IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## REPLY OF THE DEBTORS AND DEBTORS IN POSSESSION IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF JONES DAY AS SPECIAL COUNSEL FOR THE SPECIAL COMMITTEE OF TRIBUNE COMPANY'S BOARD OF DIRECTORS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO AUGUST 22, 2010

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby file this reply (the "Reply") in support of the Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 22, 2010 (the "Application") and in response to the objection to the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5452954v.7
46429/0001-6999463v1

filed by the United States Trustee for Region 3 (the "U.S. Trustee"). In support of this Reply, the Debtors respectfully state as follows:

1. The U.S. Trustee bases her objection on the belief that Jones Day's retention by the Special Committee[2] of Tribune's Board of Directors is unnecessary and duplicative since the Debtors are already represented by two law firms—Sidley Austin LLP ("Sidley") and Cole, Schotz, Meisel, Forman & Leonard, PA. ("Cole Schotz").

2. These concerns are unwarranted and, indeed, the retention of Jones Day is advisable in light of the role of the Special Committee. As set forth in the Application, the Special Committee is comprised of Tribune's four independent directors and is a subcommittee of Tribune's Board. Tribune's Board, which had primary decision-making authority for matters related to the chapter 11 cases prior to the formation of the Special Committee[3], is comprised of (i) the four independent directors, (ii) directors designated by EGI-TRB LLC, (iii) directors that held their positions prior to and during the leveraged ESOP transactions, and (iv) a member of Tribune's management. Following the issuance of the Examiner's report, the Board decided that it would be prudent to appoint the Special Committee, comprised solely of the independent directors, to oversee the reorganization process. The Board decided this corporate governance structure was necessary to insulate the Debtors from any accusation that restructuring decisions were made by Board members who were not fully disinterested.

3. The Special Committee has exercised its own discretion to retain counsel that communicates solely with the Special Committee and not with other members of the Board

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.
[3] Prior to the formation of the Special Committee, only the independent directors voted on matters related to Tribune's restructuring.

or management. This is consistent with Delaware corporate law and bankruptcy precedent,[4] and is understandable given that the Special Committee may address issues pertaining to members of the Board not on the Special Committee. Jones Day, therefore, has been retained to independently advise the Special Committee solely with respect to its duties.

4. Sidley and Cole Schotz, as plenary counsel to the Debtors' estates, will continue as lead counsel in these cases to, among other things, communicate with and advise the full Board and management, communicate with the multitude of creditor constituencies, and otherwise deal with all aspects of these chapter 11 cases including, without limitation, matters related to the plan of reorganization and the Debtors' emergence from chapter 11.

5. In light of the role of the Special Committee, it is prudent for the Special Committee to retain its own separate counsel -- counsel who will not duplicate the role or work of Sidley or Cole Schotz. For these reasons and for the reasons set forth in the Application, the Debtors respectfully request that the Court grant the Application.

---

[4] See paragraphs 4-5 of Statement of Special Committee of Tribune Company's Board of Directors in Support of the Debtors' Application to Retain Jones Day as Counsel for the Special Committee [Docket No. 5664].

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in the Application and such other and further relief as is just and proper under the circumstances.

Dated: Wilmington, Delaware  
       September 13, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Kevin T. Lantry  
Jessica C.K. Boelter  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS  
AND DEBTORS IN POSSESSION