## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING
## ON SEPTEMBER 15, 2010 AT 11:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall, LLC by telephone (866-582-6878) or facsimile (866-533-2946)
no later than 12:00 p.m. (Prevailing Eastern Time) one business day prior to the hearing,
in accordance with the Instructions for Telephonic Appearances.

## ADJOURNED MATTERS

1.    Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed November 13, 2009) (Docket No. 2560)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

    (b)    Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims (Filed December 8, 2009) (Docket No. 2765)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection.  The hearing on the Objection is adjourned to the October 22, 2010 hearing as to the claim of Claudia Sanzeri only.  This matter will not be going forward.

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

Response Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

    (b)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (c)    Informal Response received from GE Capital Fleet Services

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the October 22, 2010 hearing as to the claims of GE Capital Fleet Services, Karolyn M. Walker and Robby S. Wells. This matter will not be going forward.

3.    Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 (Filed March 19, 2010) (Docket No. 3796)

Response Deadline: April 12, 2010 at 4:00 p.m.

Responses Received:

    (a)    Claimant's Response to Debtors' Objection to Claim No. 3697 of Claimant Robert Henke (Filed April 9, 2010) (Docket No. 3989)

Status:    On consent of the parties, this matter is adjourned to the October 22, 2010 hearing. This matter will not be going forward.

4.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

    (b)    Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

3

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

Response Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

    (a)    Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

    (b)    Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

    (c)    Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Los Angeles Times Companies](Claims ## 4748, 4749, 4750, & 4751) (Filed May 11, 2010) (Docket No. 4326)

    (d)    Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Chicago Tribune Companies](Claims ## 4634, 4635, 4636, & 4640) (Filed May 11, 2010) (Docket No. 4327)

    (e)    Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

    (f)    Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

    (g)    Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

    (h)    Response by William Virgil Cotton (Filed May 27, 2010) (Docket No. 4628)[2]

    (i)    Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

    (j)    Informal Response received from CNN Newsource Sales, Inc. (Received May 6, 2010)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. The Debtors continue to work with certain claimants to resolve the Objection. The hearing on the Objection is adjourned to the October 22, 210 hearing as to the claims of Maureen Dombeck, Terry Godbey, Oracle, Marbury von Briesen, Herbert Eye, and CNN Newsource. This matter will not be going forward.

---

[2] The Response of William Virgil Cotton was filed after (i) the Objection Deadline and (ii) the entry of the Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

5.    Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to
      Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
      Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

      Related Document(s):

            (a)    Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive)
                   Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                   Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
                   June 14, 2010) (Docket No. 4774)

            (b)    Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection
                   (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley
                   Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

      Response Deadline:  June 9, 2010 at 4:00 p.m.

      Responses Received:

            (a)    Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

      Status:    The Court entered an Order sustaining the Objection with respect to all
                 claimants who did not contest or otherwise respond to the Objection and with
                 respect to the claim of Cawley Chicago Portfolio, LLC.  The Objection was
                 withdrawn as to the claims of the United States Environmental Protection
                 Agency and Annapolis West Limited Partnership and continued as to the
                 Marcia Willette.  The Debtors and Ms. Willette are exchanging information
                 with respect to the claim.  The hearing on the Objection is adjourned to the
                 October 22, 2010 hearing as to the claim of Marcia Willette only.  This matter
                 will not be going forward.

6.    Wilmington Trust Company's Motion for Estimation and Temporary Allowance of
      Claims Pursuant to Bankruptcy Rule 3018 (Filed June 25, 2010) (Docket No. 4886)
      Related Document(s):

            (a)    Notice of Adjourned Hearing (Filed July 2, 2010) (Docket No. 4932)

            (b)    Notice of Adjourned Hearing (Filed August 12, 2010) (Docket No. 5367)

            (c)    Notice of Adjourned Hearing (Filed September 2, 2010) (Docket No.
                   5610)

      Objection Deadline:  Pursuant to the Notice of Adjourned Hearing, the Objection
      Deadline has been extended to a date to be determined.

      Responses Received: None at this time.

46429/0001-6882394v2

Status:    This matter is adjourned to a date to be determined.  This matter will not be going forward.

7.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Related Document(s):

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Objection Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010);

(b)    Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010); and

(c)    Informal response received from the City of West Hollywood (Received August 12, 2010)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood.  The hearing on the Objection is adjourned to the October 22, 2010 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No. 728 of the City of Chicago.  This matter will not be going forward.

46429/0001-6882394v2

8.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Related Document(s):

(a)    Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

(b)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

(c)    Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

Objection Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Informal response of Google Inc. (Received August 10, 2010)

(b)    Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The hearing on the Objection as to Claim No. 2236 of EMC Corporation and Claim No. 810 of Google, Inc. is adjourned to the October 22, 2010 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

9.    Debtors' Thirty-Fifth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 27, 2010) (Docket No. 5148)

Related Document(s):

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fifth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed September 1, 2010) (Docket No. 5592)

7

      (b)    Certification of Counsel Regarding Debtors' Thirty-Fifth Omnibus
Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the
Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local
Rule 3007-1 (Filed September 10, 2010) (Docket No. 5662)

Response Deadline: September 8, 2010 at 4:00 p.m.

Responses Received:

      (a)    United States' Response to Debtors' Thirty-Fifth Omnibus Objection to
Claims (Filed September 2, 2010) (Docket No. 5611)

      (b)    Response by New York State Department of Taxation and Finance to
Debtors' Thirty-Fifth Omnibus Objection (Non-Substantive) to Claims
Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules
3001, 3003 and 3007, and Local Rule 3007-1 (Filed September 3, 2010)
(Docket No. 5620)

Status:    The Debtors filed a Certification of Counsel, together with a revised proposed
order that addresses New York Department of Taxation and Finance's
response to the Objection. The United States did not object to the relief
sought in the Objection. This matter will not be going forward unless
otherwise directed by the Court.

10.    First and Final Fee Application of Day Pitney LLP for Compensation and
Reimbursements of Expenses for the Period from October 13, 2009 to January 28, 2010
(Filed August 5, 2010) (Docket No. 5278)

Related Document(s):

      (a)    Supplement to First and Final Fee Application of Day Pitney LLP for
Compensation and Reimbursement of Expenses and Application for an
Order Waiving the Requirements of Fee Examiner Procedures Order and
Interim Compensation Procedures Order for the period of October 13,
2009 to January 28, 2010 (Filed September 2, 2010) (Docket No. 5608)

      (b)    Certificate of No Objection to First and Final Application of Day Pitney
LLP for Compensation and Reimbursement of Expenses for the Period
from October 13, 2009 to January 28, 2010 (Filed September 7, 2010)
(Docket No. 5635)

      (c)    Certification of Counsel in Further Support of First and Final Application
of Day Pitney LLP for Compensation and Reimbursement of Expenses for
the Period from October 13, 2009 through January 29, 2010 (Filed
September 10, 2010) (Docket No. 5659)

Response Deadline: September 1, 2010 at 4:00 p.m.

46429/0001-6882394v2

Responses Received: None.

Status:      A Certification of Counsel, together with a revised proposed form of Order, was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

11.  Motion of Ivan J. Bates for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (Filed June 8, 2010) (Docket No. 4725)

Related Document(s):

(a)      Amended Notice of Motion (Filed June 8, 2010) (Docket No. 4726)

Objection Deadline:  July 7, 2010 at 4:00 p.m.

Responses Received:

(a)      Debtors' Objection to the Motion of Ivan J. Bates for Relief from the Automatic Stay (Filed July 7, 2010) (Docket No. 4951)

(b)      Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to the Motion of Ivan J. Bates for Relief from the Automatic Stay (Filed July 7, 2010) (Docket No. 4952)

Status:      This matter will be going forward.

12.  Motion of Ivan J. Bates for an Order to Extend the Bar Date to File Claims Against the Debtors' Estates (Filed August 24, 2010) (Docket No. 5485)

Objection Deadline:  September 8, 2010 at 4:00 p.m.

Responses Received:

(a)      Debtors' Objection to the Motion of Ivan J. Bates for an Order to Extend the Bar Date to File Claims Against the Debtors Estates (Filed September 8, 2010) (Docket No. 5641)

(b)      Joinder of the Official Committee of Unsecured Creditors to the Debtors Objection to the Motion of Ivan J. Bates for an Order to Extend the Bar Date to File Claims Against the Debtors Estates (Filed September 8, 2010) (Docket No. 5642)

Status:      This matter will be going forward.

13.     Reinstated Motion of Law Debenture Trust Company of New York to Terminate Debtor
        Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an
        Accounting, and for Disgorgement of Past Payments (Filed August 25, 2010) (Docket
        No. 5507)

        Related Document(s):

        (a)     Motion of Law Debenture Trust Company of New York to Terminate
                Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and
                Expenses, for an Accounting, and for Disgorgement of Past Payments
                (Filed October 23, 2009) (Docket No. 2407)

        (b)     Joinder and Response of Deutsche Bank Trust Company of Americas,
                Indenture Trustee Under the 1992 Indenture, the 1996 Indenture and the
                1997 Indenture in the Relief Sought by Law Debenture Trust Company of
                New York in its Motion to Terminate Debtor Affiliates' Undisclosed
                Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for
                Disgorgement of Past Payments (Filed November 24, 2009) (Docket No.
                2620)

        (c)     Joinder of Centerbridge Credit Advisors LLC to Law Debenture Trust
                Company of New York's (I) Motion to Terminate Debtor Affiliates'
                Undisclosed Payment of LBO Lenders' Fees and Expenses, for an
                Accounting, and for Disgorgement of Past Payments, and (II) Response to
                the Debtors' Motion to Extend Their Exclusivity Periods (Filed
                November 24, 2009) (Docket No. 2630)

        (d)     Reply of Law Debenture Trust Company of New York in Support of its
                Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO
                Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of
                Past Payments (Filed November 24, 2009) (Docket No. 2631)

        (e)     Exhibit to Reply of Law Debenture Trust Company of New York in
                Support of its Motion to Terminate Debtor Affiliates' Undisclosed
                Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for
                Disgorgement of Past Payments (Filed November 25, 2009) (Docket No.
                2648)

        (f)     Scheduling Order Regarding Law Debenture Trust Company of New
                York's Motion to Terminate Debtor Affiliates' Undisclosed Payment of
                LBO Lenders' Fees and Expenses, for an Accounting, and for
                Disgorgement of Past Payments (Entered February 18, 2010) (Docket No.
                3478)

(g)     Law Debenture Trust Company of New York's Supplemental Brief in Further Support of Its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 2, 2010) (Docket No. 3669) [Redacted]

(h)     Joinder of Centerbridge Credit Advisors LLC to Law Debenture Trust Company of New York's Supplemental Brief in Further Support of Its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 2, 2010) (Docket No. 3671)

(i)     Law Debenture Trust Company of New York's Brief (A) in Response to Debtors' and JPMorgan's Supplemental Briefs and (B) in Further Support of Its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 15, 2010) (Docket No. 3732)

(j)     Certification of Counsel (Filed March 17, 2010) (Docket No. 3749)

Objection Deadline:  Not Applicable.

Responses Received:

(a)     Response of the Official Committee of Unsecured Creditors to the Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2596)

(b)     JPMorgan Chase Bank, N.A.'s Objection to "Motion of Law Debenture Trust Company of New York to Terminate Debtors Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments" [Dkt. No. 2407] (Filed November 20, 2009) (Docket No. 2597)

(c)     Credit Agreement Lenders' Statement and Joinder in JPMorgan Chase Bank N.A.'s Opposition to Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2602)

(d)     Debtors' Response to Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2603)

11

(e)    Notice of Filing of Lender Fee Payment Summary (Filed December 12, 2009) (Docket No. 2826)

(f)    Stipulated Facts in Connection with March 26, 2010 Hearing on Law Debenture Trust Company of New York to Terminate Debtor Affiliates Undisclosed Payment of LBO Lenders Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 2, 2010) (Docket No. 3657)

(g)    Joint Exhibit in Connection with March 26, 2010 Hearing on Law Debenture Trust Company of New York's Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 2, 2010) (Docket No. 3660)

(h)    Debtors' Memorandum in Opposition to the Motion by Law Debenture to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 2, 2010) (Docket No. 3665)

(i)    JP Morgan Chase Bank, N.A.'s Brief on Reimbursement of the Senior Lenders' Fees and Expenses (Filed March 2, 2010) (Docket No. 3668)

(j)    Notice of Correction to the Stipulated Facts in Connection With March 26, 2010 Hearing on Law Debenture Trust Company of New York's Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 15, 2010) (Docket No. 3730)

(k)    Debtors' Memorandum in Response to Law Debenture Trust Company of New York's Supplemental Brief in Further Support of Its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed March 15, 2010) (Docket No. 3731)

(l)    JPMorgan Chase Bank, N.A.'s Reply Brief on Reimbursement of the Senior Lenders' Fees and Expenses (Filed March 15, 2010) (Docket No. 3733)

(m)    Order Approving Withdrawal, Without Prejudice, of (A) Law Debenture Trust Company of New York's Motion to Terminate Debtor Affiliates Undisclosed Payment of LBO Lenders Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments, and (B) Centerbridge Credit Advisors LLC's Related Joinder (Entered April 15, 2010) (Docket No. 4057)

(n)    Notice of Second Filing of Lender Fee Payment Summary (Filed April 29, 2010) (Docket No. 4206)

46429/0001-6882394v2

       (o)      Notice of Third Filing of Lender Fee Payment Summary (Filed July 30, 2010) (Docket No. 5211)

Status:        This matter will be going forward as a status conference only.

14.     Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010 (Filed August 30, 2010) (Docket No. 5562)

Related Document(s):

       (a)      Declaration of David G. Heiman (Filed August 30, 2010) (Docket No. 5563)

       (b)      Supplemental Declaration of David G. Heiman in Connection with the Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010 (Filed September 10, 2010) (Docket No. 5657)

       (c)      Statement of Special Committee of Tribune Company's Board of Directors in Support of the Debtors' Application to Retain Jones Day as Counsel for the Special Committee (Filed September 13, 2010) (Docket No. 5664)

Objection Deadline:  September 8, 2010 at 4:00 p.m.

Responses Received:

       (a)      United States Trustee's Objection to Debtors' Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010 (Filed September 10, 2010) (Docket No. 5651)

       (b)      Reply of the Debtors and Debtors in Possession in Support of Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010 (Filed September 13, 2010) (Docket No. 5665)

Status:    This matter will be going forward.

Dated:  September 13, 2010

                                          SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

             -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6882394v2