# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objections Due: October 1, 2010 @ 4:00 p.m. (ET)<br>Hearing Date: October 22, 2010 @ 2:00 p.m. (ET) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors") hereby moves for entry of an order authorizing the Committee to file under seal Exhibit A to the Motion of the Official

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCWBroadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0009534.}

Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Certain Claims of the Debtors' Estates (the "Standing Motion"), filed contemporaneously herewith. In support of this Motion, the Committee respectfully submits as follows:

## BACKGROUND

1. On December 8, 2008, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Standing Motion seeks leave and standing for the Committee to commence, prosecute and settle claims on behalf of the Debtors arising from the 2007 LBO transaction (the "LBO Transaction"). Exhibit A to the Standing Motion is a draft Complaint (the "Draft Complaint").

3. Prior to filing the Standing Motion, the Committee had obtained information on a confidential basis from the Debtors and other parties that had a connection with the LBO Transaction or its financing. The Draft Complaint contains confidential information provided to the Committee.

4. On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests (the "Depository Order"). Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as

"Financial Institution Highly Confidential Documents", "Highly Confidential – Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order, at p. 4, ¶ f. Accordingly, the Depository Order obligates the Committee to file under seal any document that contains confidential information, including the Draft Complaint. The Depository Order does not itself authorize the filing of the Draft Complaint under seal.

## JURISDICTION

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## RELIEF REQUESTED

6. By this Motion, the Committee respectfully requests that the Court enter an order authorizing the Committee to file the Draft Complaint under seal.

## BASIS FOR RELIEF

7. Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 then sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018. For information covered under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

8.     The Draft Complaint contains quotations and paraphrases information from materials that one or more of the parties producing information subject to the Depository Order have characterized under one of the descriptions set forth in paragraph f of the Depository Order. Based on the Committee's obligation under the Depository Order to file the Draft Complaint under seal, the Committee requests that the Court enter the accompanying proposed order authorizing the Committee to file the Draft Complaint under seal.[2] While certain information contained in the Complaint has been disclosed by the publication of the Examiner's Report, there is additional information in the Complaint that has been designated as confidential by a producing party and is not currently in the public domain. The request to seal remains a requirement of the Depository Order despite the Examiner's public filing of numerous formerly confidential facts. To the extent the Court deems sealing unnecessary, the Committee will file the unredacted Complaint as an exhibit to the Standing Motion.

## NOTICE AND NO PRIOR REQUEST

9.     Notice of this Motion has been given to (a) the Debtors; (b) counsel to the Debtors; (c) the Office of the United States Trustee for the District of Delaware; and (d) all other parties that have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Committee submits that no further notice need be given.

10.    No previous application for the request herein has been made to this or any other Court.

---

[2] The Committee will send by electronic mail a copy of the Draft Complaint to each "Depository Designee" (as such term is defined in the Depository Order) that submits a request to undersigned counsel in writing (including electronic mail).

**WHEREFORE,** the Committee respectfully requests that the Court: (i) enter an order authorizing the Committee to file under seal its Draft Complaint; and (ii) grant to the Committee such other and further relief as is just and proper.

Dated: September 13, 2010
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
Thomas J. McCormack
David M. LeMay
Marc D. Ashley
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
Thomas G. Macauley
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*