# Exhibit C

**Letter dated September 13, 2010 from
Howard Seife and Graeme Bush to Edward Friedman**



Graeme W. Bush
(202) 778-1801
gbush@zuckerman.com

September 13, 2010

**VIA FACSIMILE: (212) 833-1250**

Edward A. Friedman, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708

      Re: Tribune Company, et al.
          (U.S. Bankruptcy Court, D. Del., Case No. 08-13141 - KJC)

Dear Ed:

    We have received your letter of September 2, 2010, raising issues regarding Chadbourne's conflicts.

    Over the last year, other parties in interest have on more than one occasion raised, and the Committee and its counsel have addressed, issues relating to Chadbourne's conflicts. The Committee has nonetheless carefully considered the assertions in your letter that the Committee must exclude Chadbourne from any participation in the mediation and in settlement discussions generally of the LBO claims. After discussion and deliberation, the Committee has concluded that your assertions regarding the supposed ethical limitations on Chadbourne's participation are simply incorrect. The steps the Committee has taken from an early stage of this case to address Chadbourne's conflicts were and remain appropriate.[*]

    Chadbourne was retained by order of the Court after fully and publicly disclosing its connections with parties in interest. As you know from your own firm's unsuccessful efforts to be retained by the Committee last summer, the Committee retained Zuckerman Spaeder to investigate, litigate and advise the Committee with respect to claims Chadbourne could not pursue. The Committee did so after due deliberation, full consideration of the circumstances in the case, and with approval of the Court after notice and an opportunity for parties to be heard.

---

[*] You should not infer from this letter and our decision not to respond to the many factual errors in your letter that we agree with the factual assertions you have made.


**ZUCKERMAN SPAEDER** LLP

Edward A. Friedman, Esq.
September 13, 2010
Page 2

      Since its retention, and consistent with the terms of its engagement, Zuckerman Spaeder has worked extensively on behalf of the Committee actively and independently to develop and pursue fraudulent conveyance and related claims against certain banks and financial institutions. It filed a standing motion to pursue those claims and has represented the Committee's interests with respect to those claims. Zuckerman Spaeder has also been directly involved in the evaluation and development of claims against other parties arising out of the failed LBO, including claims against shareholders and against former and current officers and directors of the Company. Zuckerman will be a full participant in the mediation and any related discussions of settlement of the LBO claims and related claims and Zuckerman will continue to provide its independent advice and counsel to the Committee regarding those subjects. If the mediation does not lead to a settlement of the claims and a proposed confirmable plan of reorganization, Zuckerman Spaeder will proceed with the standing motion it has already filed and, if granted by the Court, with the litigation of the claims against the LBO Lenders and certain financial institutions. Likewise, Zuckerman Spaeder will assist and advise the Committee in connection with the pursuit of claims against other parties arising out of the failed LBO.

      It bears noting that the particular interests, goals and tactics of your client are not necessarily the same as those of the Committee. The Committee's duties run to all unsecured creditors in this case, and the Committee must, accordingly, carefully consider the interests of all constituencies, and not simply the interest of any single creditor. One cannot fairly or reasonably conclude from this fact of life that the Committee violates its duties by deciding not to follow your client's preferences, or by declining to honor your request that Chadbourne have no role in the upcoming mediation and in settlement discussions intended to resolve LBO claims and lead to a consensual, confirmable plan of reorganization. The Committee is entitled to be represented by counsel of its choosing, and to have that representation be conducted in a manner that it (and not Aurelius) considers appropriate. Chadbourne has complied fully with governing ethical and bankruptcy disclosure rules as is demonstrated anew each time that these issues are re-raised in this case. The Committee and its retained professionals will continue their efforts to bring this case to an appropriate conclusion, whether via settlement or litigation. On behalf of the Committee, we look forward to seeing you at the upcoming mediation.

                                                                 Very truly yours,

| | |
|---|---|
| *(signature)* /GWB | *(signature)* |
| Howard Seife | Graeme W. Bush |
| CHADBOURNE & PARKE LLP | ZUCKERMAN SPAEDER LLP |
| 30 Rockefeller Plaza | 1800 M Street, N.W., Suite 1000 |
| New York, NY 10112 | Washington, D.C. 20036-5807 |

09/13/2010 11:30 FAX 004/004


**ZUCKERMAN SPAEDER** LLP

Edward A. Friedman, Esq.
September 13, 2010
Page 3

cc: Members of and Counsel to the Official
    Committee of Unsecured Creditors
    (excluding JPMorgan Chase)