IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                               )

In re:                                  )    Chapter 11

TRIBUNE COMPANY, et al.,         )    Case No. 08-13141 (KJC)
                                             )    Jointly Administered
          Debtors.               )
                                             )    **Ref Docket No. \_\_\_\_\_**
                                             )

------------------------------------------------------------x

**ORDER GRANTING MOTION OF AURELIUS CAPITAL MANAGEMENT, LP TO DISQUALIFY CHADBOURNE & PARKE LLP FROM ACTING ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Aurelius Capital Management, LP ("Aurelius") having filed on September 13, 2010, the Motion of Aurelius Capital Management, LP To Disqualify Chadbourne & Parke LLP From Acting On Behalf Of The Official Committee Of Unsecured Creditors In Matters In Which It Has Conflicts Of Interest (the "Motion"); and the Court having considered the relief sought by Aurelius at a hearing held on September \_\_, 2010; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that Chadbourne & Parke LLP ("Chadbourne") is disqualified from taking any action on behalf of the Official Committee of Unsecured Creditors (the "Committee") in matters in which it has conflicts of interest. For the avoidance of doubt, Chadbourne is prohibited from directly or indirectly (a) participating in or taking any action on behalf of the Committee in connection with the upcoming mediation pursuant to this Court's Order Appointing Mediator, entered September 1, 2010 [Docket No.5591] (the "Mediation") and (b) participating in or taking any action in connection with any investigation, discussion, litigation

915047.2

and/or settlement negotiations concerning the LBO-Related Causes of Action (as defined in the Motion) including with respect to any aspects of any proposed plan or plans of reorganization that settle or address the LBO-Related Causes of Action; and it is further

ORDERED that Zuckerman Spaeder LLP shall, without any influence from Chadbourne, solely represent the Committee in the Mediation, any matters implicating the LBO-Related Causes of Action, and in any other matters for which Chadbourne has conflicts of interest; and it is further

ORDERED that the Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this order.

Dated: Wilmington, Delaware
September ___, 2010

                                          **The Honorable Kevin J. Carey**
                                          **Chief United States Bankruptcy Judge**

915047.2