IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al., | ) |
| | ) Case No. 08-13141 (KJC) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Hearing Date and Time:** *(Expedited Consideration Requested)* |
| | ) |
| | ) **Response Deadline:** *(Expedited Consideration Requested)* |

------------------------------------------------------------x

**EMERGENCY MOTION TO SHORTEN NOTICE AND
FOR EXPEDITED CONSIDERATION OF MOTION OF
AURELIUS CAPITAL MANAGEMENT, LP TO DISQUALIFY
CHADBOURNE & PARKE LLP FROM ACTING ON BEHALF OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed funds, is one of the largest holders of pre-LBO bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors") and one of the largest unsecured creditors in these chapter 11 cases. Aurelius respectfully submits this motion (the "Motion to Shorten") for the entry of an Order, pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Del. Bankr. L.R. 9006-1(e), shortening notice with respect to the *Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP From Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which it Has a Conflict of Interest* (the "Disqualification Motion"), filed contemporaneously herewith. The Disqualification Motion seeks entry of an order (i) disqualifying Chadbourne & Parke LLP ("Chadbourne") from advising, representing or otherwise acting as legal counsel for the Official Committee of Unsecured Creditors (the "Committee") in all matters in which it has conflicts of interest, including, but not limited to,

{00439486.v1}

(a) the upcoming mediation pursuant to this Court's *Order Appointing Mediator* entered September 1, 2010 [Docket No. 5591] (the "Mediation"), and (b) any potential or actual LBO-Related Cause of Action (as defined below) or settlement thereof and any chapter 11 plan to the extent it deals with the foregoing, and (ii) directing that special conflicts counsel to the Committee, Zuckerman Spaeder LLP ("Zuckerman Spaeder"), solely represent the Committee in such matters without any influence from or participation by Chadbourne. The grounds for the relief requested are more fully set forth in the Disqualification Motion, which is incorporated herein by reference. As grounds for this Motion to Shorten, Aurelius respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 102(1) and 105(a), Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e).

## FACTUAL BACKGROUND

### A.   The Upcoming Mediation

3. On July 26, 2010, the Court-appointed examiner, Kenneth Klee (the "Examiner"), issued an extensive report (the "Examiner's Report") detailing his analysis of many of the very credible fraudulent transfer claims, breach of fiduciary duty claims, aiding and abetting claims, and other claims, causes of action, avoidance powers, or rights, and legal or equitable remedies against all parties, including without limitation, those parties that participated in, structured, benefitted from, and/or funded the transactions related to the failed leveraged

buyout (the "LBO Transactions") that precipitated the Debtors' chapter 11 cases (the "LBO-Related Causes of Action").

4. Following issuance of the Examiner's Report, the Debtors have abandoned their efforts to confirm the Amended Joint Plan of Reorganization. Instead, various parties-in-interest have been ordered to mediate their disputes in an effort to settle those LBO-Related Causes of Action that lie against parties to the Mediation. The Mediation is progressing on an accelerated basis and the parties' confidential mediation statements are to be submitted by September 20, 2010, with the Mediation scheduled to commence shortly thereafter.

**B.     Committee Counsel's Conflict of Interest**

5. On December 18, 2008, the United States Trustee appointed the Committee to serve in the Debtors' chapter 11 cases pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code"). The Committee presently consists of (i) JPMorgan Chase Bank, N.A. (collectively with its affiliates, "JPMorgan"), (ii) Deutsche Bank Trust Company Americas, as Indenture Trustee, (iii) Wilmington Trust Company, as Successor Indenture Trustee, (iv) the Pension Benefit Guaranty Corporation, (v) Mr. William Niese, (vi) Warner Bros. Television, (vii) Buena Vista Television, and (viii) the Washington-Baltimore Newspaper Guild.

6. On January 16, 2009, the Committee filed an application to employ Chadbourne as primary counsel to the Committee pursuant to sections 327 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Chadbourne Retention Application") [Docket No. 243]. As set forth in detail in the Disqualification Motion, affidavits filed in support of the Chadbourne Retention Application disclosed that Chadbourne currently represents in other matters numerous lenders, advisors and other entities that played key roles in the LBO Transactions that preceded these chapter 11 cases.

7. On August 12, 2009, seven (7) months after it filed the Chadbourne Retention Application, the Committee filed an application to employ Zuckerman Spaeder as special conflict counsel [Docket No. 1953] (the "Zuckerman Spaeder Retention Application"). The Court entered an order approving the Zuckerman Spaeder Retention Application on September 3, 2009 [Docket No. 2088].

8. Although the Committee retained Zuckerman Spaeder just over one year ago to serve as special conflicts counsel to handle, *inter alia*, settlement negotiations concerning the LBO-Related Causes of Action, and despite Chadbourne's disabling conflicts, Chadbourne has continued to be heavily involved in the plan negotiation process, including the discussions regarding settlement of the LBO-Related Causes of Action.

9. As set forth in the Disqualification Motion, Chadbourne **currently represents** numerous key lenders, agents, and advisors who participated in the LBO Transactions and who, according to the Examiner's Report, have significant exposure in LBO-Related Causes of Action. Chadbourne's conflicts of interest are obvious and acknowledged as shown both in the disclosures Chadbourne made in connection with its retention as counsel to the Committee and later in the Committee's retention of Zuckerman Spaeder as conflicts counsel to represent the Committee's interests with respect to the LBO-Related Causes of Action. Indeed, Chadbourne's conflicts involving JPMorgan, Merrill Lynch, Citigroup and other key participants in the LBO Transactions required the Committee to retain Zuckerman Spaeder.

10. Unfortunately, and to the detriment of unsecured creditors, Chadbourne has been acting in wholesale disregard of ethical limitations, as set forth in detail in the Disqualification Motion. Nor does it appear that Zuckerman Spaeder has fulfilled its parallel responsibility to insist that it act exclusively in all matters as to which Chadbourne has conflicts

of interest. Chadbourne's improper behavior (and Zuckerman Spaeder's passivity) must be stopped before Chadbourne irreparably taints the Mediation by presenting materials and arguments to Judge Gross, the Court-appointed mediator, that are not in the best interest of unsecured creditors but instead reflect Chadbourne's conflicted position with respect to its other clients.

11. The central question in the Mediation (which is really the central question in connection with any effort in these cases to formulate a plan) is the appropriate evaluation and resolution of the claims and causes of action that are described in the Examiner's Report. The resolution of the claims against and concerning the participants in the LBO Transactions will be critical to the Debtors' reorganization prospects and their ability to confirm a plan.

12. As one of the largest unsecured creditors in these chapter 11 cases, Aurelius is greatly concerned that, during this critical stage in these cases, the Committee is being steered and advised by conflicted counsel with respect to the strategy for pursuing or settling the LBO-Related Causes of Action.

13. Over the past month, counsel to Aurelius has written to attorneys at Chadbourne and Zuckerman Spaeder more than once to express its concerns that Chadbourne continues to advise the Committee and negotiate with key constituencies on the Committee's behalf with respect to potential settlements of the LBO-Related Causes of Action. Each of these communications has demanded that Chadbourne immediately cease to have any involvement in negotiating or advising the Committee with respect to matters that affect JPMorgan, Merrill Lynch, or any of the other Chadbourne clients that are potential defendants in the LBO-Related

Causes of Action, which negotiations and advice should be the sole purview of conflicts counsel.[1]

14. As of the date hereof, Chadbourne and Zuckerman Spaeder have failed to adequately respond to such communications and have indicated in a letter received today that Chadbourne does not intend to stop advising and negotiating on behalf of the Committee with respect to the LBO-Related Causes of Action.

15. In light of the imminent commencement of the Mediation Aurelius had no choice but to file the Disqualification Motion and seek expedited consideration thereof.

## RELIEF REQUESTED

16. By this Motion to Shorten, Aurelius respectfully requests that the Court enter an order shortening notice of, and scheduling an emergency hearing on, the Disqualification Motion at the Court's earliest convenience, and granting such other and further relief as the Court deems appropriate.

## BASIS FOR RELIEF

17. The next regularly scheduled omnibus hearing in these cases is currently scheduled for October 22, 2010. Even if the Court were to hear the Disqualification Motion at a special setting, pursuant to the Local Rules, Aurelius would be required to give no less than seventeen (17) days' notice. However, as noted above, the parties' confidential mediation statements are scheduled to be submitted no later than September 20, 2010 – only 7 days from today—and the mediation will commence shortly thereafter. Aurelius respectfully submits this

---

[1] Given the alignment of interests of the various lenders, and the commonality of facts and legal issues among all potential defendants, Chadbourne cannot feasibly negotiate with one lender who is not one of its clients and not with another lender who is one of its clients. Furthermore, to the extent that claims are assertable against parties other than the LBO lenders, such as officers, directors, shareholders, and advisors, those claims are closely related, both factually and legally, to claims that should be asserted against the LBO lenders.

justifies expedited consideration of the Disqualification Motion pursuant to Local Rule 9006. Local Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

18. As the Court is aware, these chapter 11 cases are at a critical juncture. The Mediation is aimed at, *inter alia*, formulating a confirmable plan of reorganization, which necessarily entails addressing and possibly settling the LBO-Related Causes of Action. At this critical point in these cases it is more important than ever that the Committee – which was appointed to represent the interests of unsecured creditors, such as Aurelius and other senior noteholders – at all times be represented and advised by **unconflicted** counsel. Chadbourne, however, is undoubtedly conflicted and must not be permitted to represent or advise the Committee in the Mediation or in any matter implicating the LBO-Causes of Action, which are indisputably the central, driving issues in these chapter 11 cases. Thus, expedited consideration of the Disqualification Motion is justified.

19. Moreover, Chadbourne has made it clear to Aurelius and the other Mediation participants that it plans to attend and participate in the Mediation on the Committee's behalf. Because it is critical that the Committee be adequately represented by **unconflicted** counsel in connection with the Mediation, Aurelius was compelled to file the Disqualification Motion. Aurelius submits that expedited consideration of the Disqualification Motion pursuant to Local Rule 9006-1(e) is justified by the need to ensure that the Mediation is not tainted by Chadbourne's conflicted position.

{00439486.v1}

20.     Accordingly, Aurelius respectfully requests that the Court shorten notice with respect to the Disqualification Motion so that it may be considered on an expedited basis and scheduled for hearing at the earliest possible convenience of the Court.

## NOTICE

21.     Notice of this Motion to Shorten has been given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; and (c) counsel to the Committee, including Chadbourne and Zuckerman Spaeder; and (iv) all those parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by Aurelius to this Court or any other court.

## CONCLUSION

For the reasons set forth above, Aurelius respectfully requests that the Court (i) enter an Order, substantially in the form attached hereto as Exhibit A, granting the Motion to Shorten and setting a hearing on the Disqualification Motion at the Court's earliest possible convenience (the "Hearing"), with responses and objections due at the time of the Hearing, and (ii) grant such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
September 13, 2010

          **ASHBY & GEDDES, P.A.**

          */s/ Amanda Winfree*

          William P. Bowden (I.D. No. 2553)
          Amanda M. Winfree (I.D. No. 4615)
          500 Delaware Avenue, 8th Floor
          P.O. Box 1150
          Wilmington, DE 19899
          (302) 654-1888

          - and -

          Edward A. Friedman
          William P. Weintraub
          Hal Neier
          **FRIEDMAN KAPLAN SEILER &**
            **ADELMAN LLP**
          1633 Broadway
          New York, NY 10019-6708
          (212) 833-1100

          *Attorneys for Aurelius Capital Management, LP*

{00439486.v1}