IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            )
In re:                                                      )  Chapter 11
                                                            )
TRIBUNE COMPANY, et al.,                                    )  Case No. 08-13141 (KJC)
                                                            )
         Debtors.                                           )  Jointly Administered
                                                            )
------------------------------------------------------------x

**MOTION REGARDING FILING UNDER SEAL OF REDACTED PORTION
OF MOTION OF AURELIUS CAPITAL MANAGEMENT, LP TO
DISQUALIFY CHADBOURNE & PARKE LLP FROM ACTING ON BEHALF
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed funds, is one of the largest holders of pre-LBO bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors") and one of the largest unsecured creditors in these chapter 11 cases. Aurelius respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order determining whether certain Redacted Information (as defined below) contained in the *Motion of Aurelius Capital Management, LP to Disqualify Chardbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which it Has Conflicts of Interest* (the "Disqualification Motion") is confidential and/or commercially sensitive information of the type which is contemplated by section 107(b) of the Bankruptcy Code and which must be filed under seal. To be clear, concurrently herewith Aurelius is filing a

redacted version of the Disqualification Motion and, if the Court determines that the redacted language should not be filed under seal and denies this Motion to Seal, Aurelius will promptly file the Disqualification Motion in unredacted form. In support of the Motion to Seal, Aurelius respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## FACTUAL BACKGROUND

### A.    The Upcoming Mediation

3. On July 26, 2010, Kenneth Klee, the examiner appointed by the Court in the above-captioned chapter 11 cases (the "Examiner"), issued an extensive report (the "Examiner's Report") detailing his analysis of many of the very credible fraudulent transfer claims, breach of fiduciary duty claims, aiding and abetting claims, and other claims, causes of action, avoidance powers, or rights, and legal or equitable remedies against all parties, including without limitation, those parties that participated in, structured, benefitted from, and/or funded the transactions related to the failed leveraged buyout (the "LBO Transactions") that precipitated the Debtors' chapter 11 cases (the "LBO-Related Causes of Action").

4. Following issuance of the Examiner's Report, the Debtors have abandoned their efforts to confirm the Amended Joint Plan of Reorganization. Instead, various parties-in-interest have been ordered by the Court to mediate their disputes (the "Mediation") in an effort to settle those LBO-Related Causes of Action that lie against parties to the Mediation. The Mediation is

915381.1

2

progressing on an accelerated basis, and the parties' confidential mediation statements are to be submitted by September 20, 2010, with the Mediation scheduled to commence shortly thereafter.

B. **Committee Counsel's Conflict of Interest**

5. On December 18, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to serve in the Debtors' chapter 11 cases pursuant to section 1102 the Bankruptcy Code. On January 16, 2009, the Committee filed an application to employ Chadbourne & Parke LLP ("Chadbourne") as primary counsel to the Committee pursuant to sections 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 (the "Chadbourne Retention Application") [Docket No. 243]. As set forth in detail in the Disqualification Motion, affidavits filed in support of the Chadbourne Retention Application disclosed that Chadbourne currently represents in other matters numerous lenders, advisors and other entities that played key roles in the LBO Transactions that preceded these chapter 11 cases.

6. On August 12, 2009, seven (7) months after it filed the Chadbourne Retention Application, the Committee filed an application to employ Zuckerman Spaeder LLP ("Zuckerman Spaeder") as special conflict counsel [Docket No. 1953] (the "Zuckerman Spaeder Retention Application"). The Court entered an order approving the Zuckerman Spaeder Retention Application on September 3, 2009 [Docket No. 2088]. Although the Committee retained Zuckerman Spaeder just over one year ago to serve as special conflicts counsel to handle, *inter alia*, settlement negotiations concerning the LBO-Related Causes of Action, and despite Chadbourne's disabling conflicts, Chadbourne has continued to be heavily involved in the plan negotiation process, including the discussions regarding settlement of the LBO-Related Causes of Action.

915381.1

3

7. As set forth in the Disqualification Motion, Chadbourne *currently represents* numerous key lenders, agents, and advisors who participated in the LBO Transactions and who, according to the Examiner's Report, have significant exposure in LBO-Related Causes of Action. Chadbourne's conflicts of interest are obvious and acknowledged as shown both in the disclosures Chadbourne made in connection with its retention as counsel to the Committee and later in the Committee's retention of Zuckerman Spaeder as conflicts counsel to represent the Committee's interests with respect to the LBO-Related Causes of Action. Indeed, Chadbourne's conflicts involving JPMorgan, Merrill Lynch, Citigroup and other key participants in the LBO Transactions required the Committee to retain Zuckerman Spaeder. Unfortunately, and to the detriment of unsecured creditors, Chadbourne has been acting in wholesale disregard of ethical limitations, as set forth in detail in the Disqualification Motion.

8. The central question in the Mediation (which is really the central question in connection with any effort in these cases to formulate a plan) is the appropriate evaluation and resolution of the claims and causes of action that are described in the Examiner's Report. The resolution of the claims against and concerning the participants in the LBO Transactions will be critical to the Debtors' reorganization prospects and their ability to confirm a plan. As one of the largest unsecured creditors in these chapter 11 cases, Aurelius is greatly concerned that, during this critical stage in these cases, the Committee is being steered and advised by conflicted counsel with respect to the strategy for pursuing or settling the LBO-Related Causes of Action.

9. Over the past month, counsel to Aurelius has written to attorneys at Chadbourne and Zuckerman Spaeder more than once to express its concerns that Chadbourne continues to advise the Committee and negotiate with key constituencies on the Committee's behalf with respect to potential settlements of the LBO-Related Causes of Action. Each of these

915381.1

4

communications has demanded that Chadbourne immediately cease to have any involvement in negotiating or advising the Committee with respect to matters that affect JPMorgan, Merrill Lynch, or any of the other Chadbourne clients that are potential defendants in the LBO-Related Causes of Action, which negotiations and advice should be the sole purview of conflicts counsel.[1]

10. As of the date hereof, Chadbourne and Zuckerman Spaeder have failed to adequately respond to such communications and have indicated in a letter received today that Chadbourne does not intend to stop advising and negotiating on behalf of the Committee with respect to the LBO-Related Causes of Action.

## C. Filing of the Redacted Disqualification Motion

11. In light of the imminent commencement of the Mediation, Aurelius had no choice but to file the Disqualification Motion and seek expedited consideration thereof. Specifically, the Disqualification Motion seeks entry of an order (i) disqualifying Chadbourne from advising, representing or otherwise acting as legal counsel for the Committee in all matters in which it has conflicts of interest, including, but not limited to, (a) the upcoming Mediation, and (b) any potential or actual LBO-Related Cause of Action or settlement thereof and any chapter 11 plan to the extent it deals with the foregoing, and (ii) directing that Zuckerman Spaeder solely represent the Committee in such matters without any influence from or participation by Chadbourne.

12. Although Aurelius has filed the Disqualification Motion in redacted form, it has done so merely out of an abundance of caution. While Aurelius does **not** take the position that the redacted portions of the Disqualification Motion (the "Redacted Information") constitute

---

[1] Given the alignment of interests of the various lenders, and the commonality of facts and legal issues among all potential defendants, Chadbourne cannot feasibly negotiate with one lender who is not one of its clients and not with another lender who is one of its clients. Furthermore, to the extent that claims are assertable against parties other

915381.1

confidential and/or commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code, Aurelius is also fully cognizant that these chapter 11 cases are at an extremely critical juncture. Therefore, in an effort to avoid any unnecessary and additional controversy or litigation in these chapter 11 cases, Aurelius has filed the instant Motion to Seal in order to provide an opportunity for response by those parties who are the subject of the Disqualification Motion and who may take a different view of the Redacted Information.

### RELIEF REQUESTED

13. Pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, Aurelius hereby seeks an Order from the Court determining whether the Redacted Information contained in the Disqualification Motion is confidential and/or commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code, and if so, granting Aurelius permission to file the Disqualification Motion under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b).

14. Needless to state, should the Court determine that the Redacted Information does not fall within the ambit of section 107(b), and therefore deny this Motion to Seal, Aurelius shall promptly file and serve its Disqualification Motion in full, unredacted form.

### BASIS FOR RELIEF REQUESTED

15. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

---

than the LBO lenders, such as officers, directors, shareholders, and advisors, those claims are closely related, both factually and legally, to claims that should be asserted against the LBO lenders.

915381.1

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

11 U.S.C. § 107(b). Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …" Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

16. As noted above, Aurelius has filed this Motion to Seal merely out of an abundance of caution, in an effort to satisfy the requirements of the Local Rules, and to provide parties subject to the Disqualification Motion the opportunity to respond if they so desire. Aurelius does not take the position that the Redacted Information must be sealed. Aurelius seeks a determination by the Court of whether the Redacted Information is confidential and/or commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code which must be filed under seal.

17. Accordingly, Aurelius respectfully requests that the Court enter an Order (i) determining whether the Redacted Information contained in the Disqualification Motion is confidential and/or commercially sensitive information which must be filed under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b); and (ii) granting such other and further relief as the Court deems appropriate.

## NOTICE

18. Notice of this Motion to Seal has been given to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee; and (iii) counsel to the Committee, including Chadbourne and Zuckerman Spaeder; and (iv) all those parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

19. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, Aurelius respectfully requests the Court enter an Order: (i) substantially in the form attached hereto as Exhibit A, determining that the Redacted Information is confidential and/or commercially sensitive information contemplated by section 107(b) of the Bankruptcy Code, and granting Aurelius permission to file its Disqualification Motion under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b); or (ii) substantially in the form attached hereto as Exhibit B, determining that the Redacted Information is not confidential and/or commercially sensitive information contemplated by section 107(b) of the Bankruptcy Code, and directing Aurelius to file its Disqualification Motion in unredacted form.

915381.1

Dated: Wilmington, Delaware
September 13, 2010

ASHBY & GEDDES, P.A.

*/s/ Amanda M. Winfree*
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Edward A. Friedman
William P. Weintraub
Hal Neier
**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
1633 Broadway
New York, NY 10019-6708
(212) 833-1100

*Attorneys for Aurelius Capital Management, LP*

915381.1