IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                          )
In re:                                    )   Chapter 11
                                          )
TRIBUNE COMPANY, et al.,                  )   Case No. 08-13141 (KJC)
                                          )
         Debtors.                         )   Jointly Administered
                                          )
                                          )   **Response Deadline: TBD**
                                          )   **Hearing Date: TBD**
                                          )
---------------------------------------------------------------x

## MOTION REGARDING FILING UNDER SEAL OF REDACTED PORTION OF THE MOTION OF AURELIUS CAPITAL MANAGEMENT, LP FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed funds, is one of the largest holders of pre-LBO bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors") and one of the largest unsecured creditors in these chapter 11 cases. Aurelius respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order determining whether certain Redacted Information (as defined below) contained in the *Motion of Aurelius Capital Management, LP for the Appointment of a Chapter 11 Trustee* (the "Trustee Motion") is confidential and/or commercially sensitive information of the type which is contemplated by section 107(b) of the Bankruptcy Code and which must be filed under seal. To be clear, concurrently herewith Aurelius is filing a redacted version of the Trustee Motion and, if the Court determines that the redacted language should not be filed under seal and

{00282946;v1}
915381.1

denies this Motion to Seal, Aurelius will promptly file the Trustee Motion in unredacted form. In support of the Motion to Seal, Aurelius respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## FACTUAL BACKGROUND

### A. Events Leading to Aurelius' Filing of the Trustee Motion

3. On December 8, 2008, the Debtors filed voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code. On December 18, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to serve in the Debtors' chapter 11 cases pursuant to section 1102 the Bankruptcy Code.

4. On July 26, 2010, court-appointed examiner Kenneth Klee (the "Examiner"), issued an extensive report (the "Examiner's Report") detailing his analysis of many of the very credible fraudulent transfer claims, breach of fiduciary duty claims, aiding and abetting claims, and other claims, causes of action, avoidance powers, or rights, and legal or equitable remedies against all parties, including without limitation, those parties that participated in, structured, benefitted from, and/or funded the transactions related to the failed leveraged buyout (the "LBO Transactions") that precipitated the Debtors' chapter 11 cases (the "LBO-Related Causes of Action").

5. Following issuance of the Examiner's Report, the Debtors have abandoned their efforts to confirm the Amended Joint Plan of Reorganization. Instead, various parties-in-interest

have been ordered by the Court to mediate their disputes (the "Mediation") in an effort to settle those LBO-Related Causes of Action that lie against parties to the Mediation. The Mediation is progressing on an accelerated basis, and the parties' confidential mediation statements are to be submitted by September 20, 2010, with the Mediation scheduled to commence shortly thereafter.

**B.   The Trustee Motion**

6.   The Trustee Motion seeks an order appointing a trustee to administer the affairs of the Debtors. As set forth in detail in the Trustee Motion, which is incorporated herein, Aurelius is compelled to seek the expeditious appointment of a trustee for many reasons, including the rapidly approaching statutes of limitation. The deadline to commence avoidance actions relating to the LBO Transactions will occur on December 8, 2010. *See* 11 U.S.C. § 546(a). Moreover, the operative deadline for bringing many non-avoidance actions – such as breach of fiduciary duty and aiding and abetting breach of fiduciary duty – will occur on December 8, 2010, as a result of the extension provided by Bankruptcy Code section 108. *See* 11 U.S.C. § 108(a). While the timely appointment of a trustee would extend by one year the deadline for avoidance actions (*see* 11 U.S.C. § 546(a)(1)(B)), it would not extend the deadline for non-avoidance actions.

7.   As set forth in detail in the Trustee Motion, even if (as Aurelius hopes) the impending Mediation results in a fully consensual settlement, many of these actions (not yet fully investigated), against myriad defendants (not yet fully identified), will need to be instituted (or tolling agreements obtained) before December 8, 2010. Many of these actions would be against defendants (such as shareholders, officers, directors and advisors) that are not even parties to the Mediation. Any consensual plan would presumably contemplate the prosecution of those actions to generate additional recoveries after Tribune emerges from Chapter 11. Even as

to actions that would be settled under a plan, it would be extremely aggressive to assume that between September 20 (when Mediation submissions are due) and December 8, a consensual settlement will be negotiated and fully documented; a disclosure statement will be revised, approved and distributed; and the new plan will be voted upon, will be confirmed, and will take effect. It will thus be necessary before December 8 for a truly disinterested fiduciary to identify and institute (or obtain tolling agreements for) those actions, even if, by then, they are expected to be released under a plan that has not yet taken effect. If a trustee is to attend to such important matters, there is precious little time remaining to do so.

8.  While an official creditors committee can serve as a representative to pursue estate causes of action, it cannot otherwise perform the duties of a trustee, and it cannot compensate for the risk of having corrupt and conflicted individuals managing the debtors' affairs. Moreover, in this instance, the Committee itself and its principal counsel are riddled with conflicts and have an impressive track record of trying to protect the interests of LBO Lenders and management at the expense of other unsecured creditors. For the reasons set forth in the *Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which it Has Conflicts of Interest* [Docket No. 5669], Aurelius is utterly lacking in confidence that the Committee will serve its fiduciary duties to unsecured creditors in connection with estate causes of action.

9.  Even if there were not an urgent need for a trustee to preserve and pursue the LBO-Related Causes of Action – which clearly there is – section 1104 of the Bankruptcy Code would nevertheless mandate the appointment of a trustee for "cause" under the circumstances of this case. As set forth in detail in the Trustee Motion, the following circumstances are present in

these cases: (i) the Debtors' management has engaged in dishonesty and/or fraud before and after the Petition Date, (ii) there is an ongoing conflict of interest between the Debtors' management and the best interests of creditors, (iii) there is unrelenting acrimony among the parties, and (iv) creditors have justifiably lost confidence in the Debtors' ability to confirm a plan of reorganization. 11 U.S.C § 1104.

**C.     Redaction of the Trustee Motion**

10.     Although Aurelius has filed the Trustee Motion in redacted form, it has done so merely out of an abundance of caution. While Aurelius does **not** take the position that the redacted portions of the Trustee Motion (the "Redacted Information") constitute confidential and/or commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code, Aurelius is also fully cognizant that these chapter 11 cases are at an extremely critical juncture. Therefore, in an effort to avoid any unnecessary and additional controversy or litigation in these chapter 11 cases, Aurelius has filed the instant Motion to Seal in order to provide an opportunity for response by those parties who are the subject of the Trustee Motion and who may take a different view of the Redacted Information.

**RELIEF REQUESTED**

11.     Pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, Aurelius hereby seeks an Order from the Court determining whether the Redacted Information contained in the Trustee Motion is confidential and/or commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code, and if so, granting Aurelius permission to file the Trustee Motion under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b).

12. Needless to state, should the Court determine that the Redacted Information does not fall within the ambit of section 107(b), and therefore deny this Motion to Seal, Aurelius shall promptly file and serve its Trustee Motion in full, unredacted form.

## BASIS FOR RELIEF REQUESTED

13. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

11 U.S.C. § 107(b). Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …" Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

14. As noted above, Aurelius has filed this Motion to Seal merely out of an abundance of caution, in an effort to satisfy the requirements of the Local Rules, and to provide parties subject to the Trustee Motion the opportunity to respond if they so desire. Aurelius does not take the position that the Redacted Information must be sealed. Aurelius seeks a determination by the Court of whether the Redacted Information is confidential and/or

commercially sensitive information of the type contemplated by section 107(b) of the Bankruptcy Code which must be filed under seal.

15.     Accordingly, Aurelius respectfully requests that the Court enter an Order (i) determining whether the Redacted Information contained in the Trustee Motion is confidential and/or commercially sensitive information which must be filed under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b); and (ii) granting such other and further relief as the Court deems appropriate.

## NOTICE

16.     Notice of this Motion to Seal has been given to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee; and (iii) counsel to the Committee; and (iv) all those parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

17.     No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, Aurelius respectfully requests the Court enter an Order: (i) substantially in the form attached hereto as Exhibit A, determining that the Redacted Information is confidential and/or commercially sensitive information contemplated by section 107(b) of the Bankruptcy Code, and granting Aurelius permission to file its Trustee Motion under seal pursuant to Federal Rule 9018 and Local Rule 9018-1(b); or (ii) substantially in the form attached hereto as Exhibit B, determining that the Redacted Information is not confidential and/or commercially sensitive information contemplated by section 107(b) of the Bankruptcy Code, and directing Aurelius to file its Trustee Motion in unredacted form.

Dated: Wilmington, Delaware
September 13, 2010

          **ASHBY & GEDDES, P.A.**

          /s/ Amanda Winfree
          William P. Bowden (I.D. No. 2553)
          Amanda M. Winfree (I.D. No. 4615)
          500 Delaware Avenue, 8th Floor
          P.O. Box 1150
          Wilmington, DE 19899
          (302) 654-1888

          - and -

          Edward A. Friedman
          William P. Weintraub
          Hal Neier
          **FRIEDMAN KAPLAN SEILER &**
             **ADELMAN LLP**
          1633 Broadway
          New York, NY 10019-6708
          (212) 833-1100

          *Attorneys for Aurelius Capital Management, LP*