IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                              )
In re:                                        )  Chapter 11
                                              )
TRIBUNE COMPANY, et al.,                      )  Case No. 08-13141 (KJC)
                                              )
        Debtors.                              )  Jointly Administered
                                              )
                                              )  **Hearing Date and Time:** *To be*
                                              )  *Scheduled by the Court*
                                              )
                                              )  **Response Deadline:** *To be Scheduled*
                                              )  *by the Court*
                                              )
------------------------------------------------------------x

## EXPEDITED MOTION TO SCHEDULE HEARING TO CONSIDER (I) MOTION OF AURELIUS CAPITAL MANAGEMENT, LP, FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE AND (II) MOTION REGARDING FILING UNDER SEAL OF REDACTED PORTION OF THE MOTION OF AURELIUS CAPITAL MANAGEMENT, LP FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed funds, is one of the largest holders of pre-LBO bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors") and one of the largest unsecured creditors in these chapter 11 cases. Aurelius respectfully submits this expedited motion (the "Motion to Schedule") for the entry of an Order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9006-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), scheduling a hearing on (a) the Motion of Aurelius Capital Management, LP, for the Appointment of a Chapter 11 Trustee (the "Trustee Motion") and (b) the Motion Regarding Filing Under Seal of Redacted Portion of the Motion of Aurelius Capital Management, LP for the Appointment of a Chapter 11 Trustee (the "Motion to Seal"), each filed contemporaneously herewith.

915650.4

1.      In the Trustee Motion, Aurelius seeks entry of an order, pursuant to section 1104 of the Bankruptcy Code, appointing a trustee to administer the affairs of the Debtors. For the reasons set forth in detail in the Trustee Motion, section 1104 of the Bankruptcy Code mandates the appointment of a trustee for "cause" under the circumstances of these cases and there is a need for the expeditious appointment of a trustee because of rapidly approaching statutes of limitation.[1] The deadline to commence avoidance actions relating to the LBO Transactions will occur on December 8, 2010. *See* 11 U.S.C. § 546(a). Moreover, the operative deadline for bringing many non-avoidance actions – such as breach of fiduciary duty and aiding and abetting breach of fiduciary duty – will occur on December 8, 2010, as a result of the extension provided by Bankruptcy Code section 108. *See* 11 U.S.C. § 108(a). While the timely appointment of a trustee would extend by one year the deadline for avoidance actions (*see* 11 U.S.C. § 546(a)(1)(B)), it would not extend the deadline for non-avoidance actions.

2.      ***Even if (as Aurelius hopes) the impending mediation results in a fully consensual settlement,*** many of these actions (not yet fully investigated), against myriad defendants (not yet fully identified), will need to be instituted (or tolling agreements obtained) before December 8, 2010. Many of these actions would be against defendants (such as shareholders, officers, directors and advisors) that are not even parties to the mediation. Any consensual plan would presumably contemplate the prosecution of those actions to generate additional recoveries after Tribune emerges from Chapter 11. Even as to actions that would be settled under a plan, it would be extremely aggressive to assume that between September 20

---

[1] In the Motion to Seal, which relates to the Trustee Motion, Aurelius seeks entry of an order determining whether certain redacted information contained in the Trustee Motion is confidential and/or commercially sensitive information of the type which is contemplated by section 107(b) of the Bankruptcy Code and which must be filed under seal.

2

915650.4

(when mediation submissions are due) and December 8, a consensual settlement will be negotiated and fully documented; a disclosure statement will be revised, approved and distributed; and the new plan will be voted upon, will be confirmed, and will take effect. It will thus be necessary before December 8 for a truly disinterested fiduciary to identify and institute (or obtain tolling agreements for) those actions, even if, by then, they are expected to be released under a plan that has not yet taken effect. If a trustee is to attend to such important matters, there is precious little time remaining to do so.

3.     Because it is critically important that a trustee be appointed as soon as possible, Aurelius requests that Trustee Motion be heard prior to the next scheduled omnibus hearing date in these cases -- October 22, 2010. The sooner a trustee is appointed, the more effective the trustee can be -- and the sooner the Debtors' estates will have the benefit of an independent fiduciary to institute actions or obtain tolling agreements with respect to the LBO-Related Causes of Action against myriad defendants *before December 8, 2010*. Accordingly, by this Motion to Schedule, Aurelius seeks an order of this Court scheduling a hearing to consider the Trustee Motion (and the related Motion to Seal) on the first available hearing date on or after October 1, 2010 and to set an appropriate schedule for the filing of objections and a reply.

4.     The Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Certain Claims of the Debtors' Estates (the "Standing Motion") [Docket No. 5668], also filed today, has no bearing on the relief sought in the Trustee Motion and in this Motion to Schedule. While an official creditors committee can serve as a representative to pursue estate causes of action, it cannot otherwise perform the duties of a trustee, and it cannot compensate for the risk of having

3

915650.4

corrupt and conflicted individuals managing the debtors' affairs. For the reasons set forth in Aurelius' Motion to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which it Has Conflicts of Interest [Docket No. 5669], which has been filed concurrently herewith, as well as in the Trustee Motion, the history of conflict-ridden counsel advising the Committee has tainted the process and demonstrated that an *independent fiduciary* is needed to pursue and, if appropriate, settle the LBO-Related Causes of Action. Accordingly, the relief sought in the Committee's Standing Motion is too little too late and should not be a basis for denying appointment of a chapter 11 trustee.

## NOTICE

Notice of this Motion to Schedule has been given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; and (c) counsel to the Committee, including Chadbourne and Zuckerman Spaeder; and (iv) all those parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

No previous request for the relief sought herein has been made by Aurelius to this Court or any other court.

## CONCLUSION

For the reasons set forth above, Aurelius respectfully requests that the Court (i) enter an Order, substantially in the form attached hereto as Exhibit A, granting the Motion to Schedule and setting a hearing on the Trustee Motion and the related Motion to Seal for the first available hearing date after October 1, 2010 with a corresponding schedule for responsive pleadings and (ii) grant such other and further relief as the Court deems appropriate.

4
915650.4

Dated: Wilmington, Delaware
September 13, 2010

**ASHBY & GEDDES, P.A.**

*/s/ William P. Bowden*
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Edward A. Friedman
William P. Weintraub
Hal Neier
**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
1633 Broadway
New York, NY 10019-6708
(212) 833-1100

*Attorneys for Aurelius Capital Management, LP*

915650.4

5