**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: October 6, 2010 at 4:00p.m.ET**<br>**Hearing Date: October 22, 2010 at 2:00p.m. ET** |

# FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF LECG, LLC, AS FINANCIAL ADVISORS TO THE EXAMINER FOR THE PERIOD OF APRIL 30, 2010 THROUGH AUGUST 20, 2010

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | LECG, LLC |
| Authorized to Provide Professional Services to: | Kenneth N. Klee, Esq., the Examiner |
| Date of Retention: | May 19, 2010 *Nunc Pro Tunc* to April 30, 2010 |
| Period for which compensation and reimbursement is sought: | April 30, 2010 through August 20, 2010 (Final) |
| Total Amount of Compensation sought as actual, reasonable and necessary: | $ 3,382,527.25[2] |
| Total Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 82,267.38 |

This is a : _monthly _ interim X final application.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Not Applicable | | | | | |

No prior fee applications have been filed.

2 The referenced amounts are calculated through August 20, 2010. Applicant intends to file one or more supplements to this Final Application to add (a) additional time and expenses incurred in connection with filing this Final Application; (b) additional expenses for which the Applicant does not yet have complete or final information, including but not limited to, telephone expenses, express messenger, and Pacer services.

**CUMMULATIVE TIMEKEEPER SUMMARY**
**For the Period April 30, 2010 through August 20, 2010**

| Name of Professional | Position of the Applicant Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| F. Wayne Elggren | Director | $ 745.00 | 385.20 | $ 286,974.00 |
| (Travel rate) | | 372.50 | 28.50 | 10,616.25 |
| Craig T. Elson | Director | 695.00 | 735.10 | 510,894.50 |
| (Travel rate) | | 347.50 | 5.80 | 2,015.50 |
| Vernon Calder | Director | 615.00 | 2.30 | 1,414.50 |
| David Wensel | Director | 525.00 | 875.60 | 459,690.00 |
| Renee McMahon | Principal | 490.00 | 591.50 | 289,835.00 |
| (Travel rate) | | 245.00 | 12.00 | 2,940.00 |
| Sabera Choudhury | Principal | 500.00 | 161.20 | 80,600.00 |
| Gordon Green | Principal | 430.00 | 339.40 | 145,942.00 |
| Anand Ganhi | Principal | 400.00 | 40.40 | 16,160.00 |
| Donald Hulke | Principal | 400.00 | 675.00 | 270,000.00 |
| (Travel rate) | | 200.00 | 15.00 | 3,000.00 |
| Arthur Pech | Sr. Managing Consultant | 395.00 | 562.80 | 222,306.00 |
| Adam Carroll | Managing Consultant | 400.00 | 158.90 | 63,560.00 |
| Daniel Noble | Consultant | 350.00 | 646.20 | 226,170.00 |
| Robert Johnson | Consultant | 290.00 | 144.00 | 41,760.00 |
| Clint Cherco | Sr. Associate | 245.00 | 31.40 | 7,693.00 |
| Kristen Weissenofer | Sr. Associate | 245.00 | 39.00 | 9,555.00 |
| Ivan Petrov | Sr. Associate | 235.00 | 1,038.10 | 243,953.50 |
| Joseph Campuzano | Associate | 230.00 | 53.00 | 12,190.00 |
| Nathan Anderson | Associate | 225.00 | 12.00 | 2,700.00 |
| Jeannine Bullion | Associate | 225.00 | 9.40 | 2,115.00 |
| Meredith Roman | Associate | 220.00 | 726.80 | 159,896.00 |
| Steven Johnson | Associate | 205.00 | 782.70 | 160,453.50 |
| Ana San Luis | Tech Associate | 200.00 | 10.60 | 2,120.00 |
| David Gallow | Research Analyst | 195.00 | 70.90 | 13,825.50 |
| Masha Lapina | Research Analyst | 195.00 | 663.00 | 129,285.00 |
| Jacqueline Jackson | Sr. Researcher | 180.00 | 6.30 | 1,134.00 |
| Susan Press | Sr. Researcher | 170.00 | 16.20 | 2,754.00 |
| Evelyn Perry | Case Assistant | 130.00 | 7.50 | 975.00 |
| | Total | | 8,845.80 | $ 3,382,527.25 |
| | Total Blended Rate | | | $ 382.39 |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 8,198.10 | $ 3,109,794.00 |
| Meetings and Communications | 302.70 | 170,768.50 |
| Non-Work Travel | 61.30 | 18,571.75 |
| Electronic Discovery | 264.50 | 76,680.00 |
| Fee/Employment Application | 14.80 | 3,530.00 |
| Hearings/Court Attendence | 4.40 | 3,183.00 |
| Total | 8,845.80 | $ 3,382,527.25 |

## CUMMULATIVE EXPENSE SUMMARY
## For the Period from April 30, 2010 through August 20, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Express Messenger Service | | $ 571.20 |
| Travel - Meals | Wayne Elggren, Donald Hulke, Renee McMahon | 695.38 |
| Research | Various | 11,854.99 |
| Photocopies @ $.10 per page | | 1,167.60 |
| Postage | | 13.90 |
| Airfare | Wayne Elggren, Donald Hulke, David Wensel, Craig Elson, Renee McMahon | 11,854.10 |
| Lodging | Wayne Elggren, Donald Hulke, Renee McMahon | 5,524.68 |
| Parking | Wayne Elggren, Donald Hulke, David Wensel | 366.00 |
| Taxi, Train | Wayne Elggren, David Wensel, Donald Hulke, Renee McMahon | 1,446.05 |
| Concordance Data Base | Used by Examiner, Examiner's counsel, local counsel and financial advisors | 48,773.48 |
| Total | | $ 82,267.38 |
| Note: See detailed listing in Exhibit D to Application. | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al.,[3] | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtor. | ) Jointly Administered |
| | ) |
| | ) **Objection Deadline: October 6, 2010 at 4:00 p.m. ET** |
| | **Hearing Date: October 22, 2010 at 2:00 p.m. ET** |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF LECG, LLC, AS FINANCIAL ADVISORS TO THE EXAMINER FOR THE PERIOD OF APRIL 30, 2010 THROUGH AUGUST 20, 2010**

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LECG, LLC ("LECG") financial advisor to Kenneth N. Klee, the Examiner (the "Examiner") approved in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits this application (the "Application") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred pursuant to sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996, and for final allowance of compensation for the period April 30, 2010 through August 20, 2010, and reimbursement of expenses for the same period of time with respect to its retention as financial advisor to the Examiner. In support of this Application, LECG represents as follows:

**BACKGROUND**

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner entered April 20, 2010* [Docket No. 4120] (the "Examiner Order"), which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3. Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4. On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5. On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6. On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7. On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4360]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4477].

8. Pursuant to the Examiner Order, as modified by the Supplemental Order, the Examiner was directed to conduct the Investigation, responding to each of the following Questions:

> Question One: evaluate the potential claims and causes of action held by the Debtors' estates that are asserted by the Parties, in connection with the leveraged buy-out of Tribune that occurred in 2007 (the "LBO") which may be asserted against any entity which may bear liability, including, without limitation, the Debtors, the Debtors' former and/or present management, including former/present members of Tribune's Board, the Debtors' lenders and the Debtors' advisors, said potential claims and causes of action including, but not limited to, claims for fraudulent conveyance (including both avoidance of liability and disgorgement of payments), breach of fiduciary duty, aiding and abetting the same, and equitable subordination and the potential defenses asserted by the Parties to such potential claims and causes of action.
>
> Question Two: evaluate whether Wilmington Trust Company violated the automatic stay under 11 U.S.C. § 362 by its filing, on March 3, 2010, of its Complaint for Equitable Subordination and Disallowance of Claims, Damages and Constructive Trust.
>
> Question Three: evaluate the assertions and defenses made by certain of the Parties in connection with the Motion of JPMorgan Chase Bank, N.A., for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Docket No. 3714).

9. On July 26, 2010, the Examiner publicly filed a version of the Report that redacted certain findings and conclusions from the Investigation that some parties had identified as potentially containing confidential information. *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5130]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5131]; *Report of Kenneth N. Klee, as*

*Examiner (Volume Three)* [Docket No. 5132]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5133].

10. On August 3, 2010, after issues pertaining to potentially confidential information had been resolved, the Examiner publicly filed the Report setting forth in full the findings and conclusions from the Investigation. *See Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5247]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5248]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5249]; *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5250].

11. On July 23, 2010, the Examiner filed his motion seeking a discharge of his duties, relief from third-party discovery, relief relating to the disposition of certain documents and information gathering during the course of the Investigation, and related relief ("Discharge Motion"). *See* Docket No. 5115. The Debtors filed a response to the Discharge Motion urging the Court to delay ruling on that Motion, *see* Docket No. 5382, to which the Examiner filed a reply arguing otherwise. *See* Docket No. 5405. Informally, the Debtors also made certain other requests regarding the relief to be granted under the Discharge Motion, to which the Examiner did not agree. On August 20, 2010, the Court held a hearing on the Discharge Motion, adopted the Examiner's views on the scope of the relief and granted the Motion.

12. On August 27, 2010, the Court entered its *Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* [Docket No. 5541], which discharged the Examiner of his duties effective as of August 20, 2010, and authorized the other related relief requested by the Examiner.

## OVERVIEW OF THE ENGAGEMENT

13. The Final Application of Klee, Tuchin, Bogdanoff & Stern LLP for Compensation and Reimbursement of Expenses as Counsel to Kenneth N. Klee, the Examiner, for the Period April 30, 2010 through August 20, 2010 [Docket No. 5582] contains a detailed description (the "Detailed Description") of the Investigation and the preparation of the Report, including the role of the Applicant in this process. Applicant hereby incorporates by reference the Detailed Description in this Application.

14. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## LECG's COMPENSATION TO BE PAID AND ITS SOURCE

15. All services for which LECG requests compensation were performed for or on behalf of the Examiner.

16. LECG has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between LECG and any other person, other than the directors/employees of LECG for the sharing of compensation to be received for services rendered in these cases.

17. Following the scheduled hearing on this Application, and subject to the Court's ruling thereon, LECG anticipates being paid from the Debtor's estates in respect of the amounts requested herein.

## PROFESSIONAL SERVICES RENDERED

18. Applicant has provided professional services that addressed for the Examiner financial criteria underlying the questions addressed in the Report, gathered information necessary for the Examiner to conduct his inquires with witnesses, develop the factual record, and draft sections of the Report. Professional services included appraised total enterprise values, analysis and solvency, and capital adequacy determination as of Step One and Step Two for the consolidated Tribune group, Tribune Company as a stand-alone entity, all Tribune subsidiaries as a consolidated group, and ten individual large subsidiaries; analyzed intercompany transactions and account balances at Step One and Step Two to determine impact on solvency of the one hundred plus debtors (guarantor and non-guarantor subsidiaries); assessed solvency and value opinions as of Step One or Step Two of Valuation Research Corporation ("VRC"), Duff & Phelps, Blackstone, Morgan Stanley, Merrill Lynch, and JPMorgan; assessment of projections of Tribune management, industry analysts and VRC; reviewed and evaluated Tribune publicly filed documents with the Securities and Exchange Commission, and news releases; evaluated of Tribune financial performance before Step One and between Step One and Step Two; evaluated market indicators of value and solvency including trading share, bond, and interest rate pricing; determined information available to the Special Committee and the Tribune Board of Directors, management, Sam Zell, or large shareholders; developed model assessing recovery impact to various classes of creditors

under multiple sets of assumptions; determined potential disgorgement of payments, fees, etc. under multiple scenarios of fraudulent transfer findings; interviewed and had continuing interaction with financial advisors to various Parties to the Examiner Order including Alvarez & Marsal, Lazard, Alix Partners, FTI, Michel-Shaked, Hennigan Bennett & Dorman, Blackstone, and others; verified the flow of funds from the Credit Agreement lenders through Tribune accounts to shareholders, lenders, advisors, etc.; evaluated and quantified various defenses to potential fraudulent transfers including reasonably equivalent value; reviewed briefs and submissions by the Parties to assess impact on financial issues being considered and to provide the Examiner with necessary financial information to reach his conclusions; coordinated efforts with the Examiner and his counsel; drafted sections of report as directed by Examiner and his counsel; and attended required hearings.

19. Attached hereto as **Exhibit "A"** is an Affidavit of Applicant with respect to the compensation requested.

20. Attached as **Exhibit "B"** is a detailed, chronological itemization covering all the services performed by Applicant with respect to these matters from April 30, 2010 through August 20, 2010. This detailed itemization complies with Del.Bankr.LR 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically, and all meetings or hearings are individually identified. Non-working travel time is billed at 50% of normal rates as applicable. Attached hereto as **Exhibit "C"** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from April 30, 2010 through August 20, 2010.

21. Attached hereto as **Exhibit "D"** is a detailed description of the costs actually expended by the Applicant in the performance of services rendered as financial advisor to the Examiner for the period April 30, 2010 through August 20, 2010. These costs for which reimbursement is requested total $82,267.38. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile ($1.00/page – outgoing transmission only), telephone, postage, messenger service, computer assisted research, airfare, lodging, parking, transportation, and the Concordance Data Base charges.

22. Attached hereto as **Exhibit "E"** are summaries containing the names of the directors and associates of LECG who have rendered professional services in this case during the period April 30, 2010 through August 20, 2010, presenting for each professional, their hourly rate, hours worked, and fees by month and in total. Resumes of each individual that describe the education and qualifications of the professionals for LECG whose time constitutes a basis for this Application are attached as **Exhibit "F"**.

23. By this Application, the Applicant seeks final approval and allowance of compensation for the period April 30, 2010 through August 20, 2010 in the amount of $3,382,527.25 and reimbursement of expenses for the same period in the amount of $82,267.38, as detailed herein.

24. As set forth on the cover of this Application, Applicant reserves the right to supplement this Application to include (a) additional time and expenses incurred in filing this Application; and (b) additional expenses for which the Applicant

does not yet have complete or final information, including, but not limited to, telephone expenses, express mail charges, Pacer services, research, and Concordance charges.

WHEREFORE, LECG respectfully requests the Court enter an Order: (i) granting the Application and authorizing allowance of compensation for the period April 30, 2010 through August 20, 2010 in the amount of $3,382,527.25 for professional services rendered and $82,267.38 for reimbursement for actual and necessary costs; and (ii) authorizing allowance of additional compensation and reimbursement of additional expenses as may be indentified in one or more supplements to this Applicant; (iii) directing payment by the Debtors of the foregoing amounts; and (iv) granting such other and further relief as this Court deems necessary and just.

Dated: September 14, 2010

Respectfully Submitted,

F. Wayne Elggren, CPA
Director, LECG
201 South Main, Suite 450
Salt Lake City, UT 84111
Telephone: 801-321-0052
Facsimile: 801-364-6230
Email: welggren@lecg.com

*Financial Advisor to the Examiner*