# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING
## FOURTH INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC

Stuart Maue (the "**Fee Examiner**") submits this Preliminary Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourth Interim Fee Application of Alvarez & Marsal North America, LLC* [Docket No. 3110] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $1,629,030.50 and reimbursement of expenses that total $5,315.73 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

September 1, 2009 through November 30, 2009.  Alvarez & Marsal North America, LLC ("**A&M**") serves as Restructuring Advisors to the Debtors and Debtors-in-Possession.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing the Employment and Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors, Nunc Pro Tunc to the Petition Date* [Docket No. 140] (the "**Retention Application**").  By order dated February 11, 2009, this Court approved the Retention Application (see Docket No. 362) (the "**Retention Order**").

3.      A&M submitted the Fee Application on January 14, 2010, pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to A&M for review and comment.  A&M provided a written response to the Preliminary Report that included exhibits of fee and expense entries.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.     **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that there are no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.     **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[2] A&M's previous fee applications contained hundreds of hours resulting from block billed time entries.

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

The present Fee Application contains 168.20 hours of block billed time which corresponds to $63,730.00 in fees as displayed in **Exhibit A**[3] to the Preliminary Report. The Fee Examiner noted the significant reduction in block billing; however, the practice is prohibited and any block billed entries are in violation of the Local Rules and UST Guidelines. The Preliminary Report stated that the Fee Examiner will continue to monitor the block billing issue and may make a recommendation in the future, and invited A&M to comment.

In response to the Preliminary Report, A&M noted that approximately 80% of the block billed time entries were invoiced by a single timekeeper whose role – supporting Tribune Company's Finance Service Center in researching and responding to numerous vendor issues – combined with the public nature of bankruptcy fee applications, necessitates that his task descriptions do not include certain specifics and instead contain a recurring time description for the vendor and AP issues related to the case. The firm acknowledged the decrease in blocked time entries by other firm timekeepers and asserted the intention to continue the improvement noted by the Fee Examiner. After consideration of A&M's response, the Fee Examiner makes no recommendation for a fee reduction at this time but will continue to monitor the issue. Exhibit A is omitted from this report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  A&M complied with the applicable rules regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an]

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 24 professionals and paraprofessionals who billed to this matter, consisting of 3 managing directors, 1 senior director, 2 directors, 2 managers, 3 senior associates, 1 associate, 7 consultants, 4 analysts, and 1 paraprofessional.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm invoiced a total of 4,197.10 hours with associated fees of $1,629,030.50.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 657.50 | 16% | $   420,617.50 | 26% |
| Senior Director | 1.00 | * | 525.00 | * |
| Director | 641.70 | 15% | 238,637.50 | 15% |
| Manager | 225.30 | 5% | 73,830.00 | 4% |
| Senior Associate | 1,000.10 | 24% | 399,125.00 | 25% |
| Associate | 462.20 | 11% | 161,770.00 | 10% |
| Consultant | 191.30 | 5% | 50,112.50 | 3% |
| Analyst | 975.70 | 23% | 276,587.50 | 17% |
| Paraprofessional | 42.30 | 1% | 7,825.50 | * |
| **TOTAL** | 4,197.10 | 100% | $1,629,030.50 | 100% |

* Less than 1%

The blended hourly rate for the A&M professionals is $390.20 and the blended hourly rate for the professionals and the paraprofessional is $388.13.

13.    **Hourly Rate Increases.**  A&M did not increase the hourly rate of any timekeeper during the fourth interim period.

14.    **Wrong Period Billing.**  A&M submitted several billing entries for Managing Director Steve Kotarba and one billing entry each for Consultants Richard Niemerg and Jeff Sielinski for activities performed the third interim period.  The entries were displayed in **Exhibit C** to the Preliminary Report and totaled 31.30 hours with $14,472.50 in associated fees.  The Fee Examiner

requested that the firm review the entries and provide an explanation as to why the entries were billed in the wrong period.

In response to the Preliminary Report, A&M acknowledged the entries were inadvertently excluded from the prior interim application. The firm stated A&M's intention to ensure that future hours and fees are billed in the same period during which the work was performed. As the inadvertent error did not result in non-compliant, unnecessary, or excessive fees, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

15.    **Potential Double Billing.** The Fee Examiner identified two billing entries that appear to be duplicative (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). The questioned task, totaling 1.00 hour with $300.00 in associated fees, was highlighted in bold and marked with an ampersand [&] in **Exhibit D** to the Preliminary Report. The Fee Examiner requested that the firm review the entries and provide an explanation for the duplication.

In response to the Preliminary Report, A&M stated that the entries represented two distinct tasks billed on the same day and provided an exhibit containing additional detail regarding the work performed. In light of the firm's assertion, the Fee Examiner makes no recommendation for a fee reduction and Exhibit D is omitted from this report.

16.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. With limited exceptions, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. The Fee Examiner requested additional information regarding the necessity and scope of the roles

performed by certain timekeepers identified in **Exhibit E** to the Preliminary Report who invoiced a combined total of 8.70 hours with associated fees of $2,485.00.

In response, A&M provided additional detail regarding the activities performed by the individuals in question and asserted the necessity and appropriateness of each timekeeper. After consideration of the information provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

17. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified numerous occasions where two or more (and as many as six) A&M timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 130.20 hours with $67,700.00 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 77.30 hours with $35,005.00 in associated fees, and were highlighted in bold and marked

with an ampersand [&] in the exhibit.[4]   The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event, with attention to any meeting or event where more than two firm timekeepers were present.

In response to the Preliminary Report, A&M first provided a general statement explaining the types of meetings and events that require multiple firm timekeepers.   The firm then provided additional information regarding the conferences and other events at issue and the contribution of various individuals.   The additional information brings the Fee Application into accord with the Local Rules and UST Guidelines.   After analysis of same, the Fee Examiner makes no recommendation for a fee reduction.   Exhibit F is omitted from this report.

18.   **Intraoffice Conferences.**   Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.   The Fee Examiner identified billing activities by A&M timekeepers describing intraoffice conferences totaling 232.05 hours with $91,782.50 in associated fees, or approximately 6% of the Fees Computed, as displayed in **Exhibit G** to the Preliminary Report.   The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.   The entries describing intraoffice conferences invoiced by two or more firm personnel total 105.15 hours with $43,925.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.   The Fee Examiner requested that A&M strive to eliminate unnecessary intraoffice conferencing, and further requests that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the Preliminary Report, A&M again explained the complexity of the Tribune media conglomerate and the five separate financial advisory firms making requests of A&M as explanation for the need for intrafirm communication.   A&M also described the large projects

---

[4] The exhibit included five billing entries for Managing Director Steve Kotarba relating to attendance at events which occurred in the third interim period.

undertaken during the interim period.  In light of the additional information provided, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit G is omitted from this report.

19.  **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  With limited exceptions, A&M sufficiently described the activities performed.

20.  **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  A&M invoiced 10.60 hours with $2,550.00 in associated fees for entries that appeared related to editing invoices, researching contact information, and preparing database "system environment."  The entries were displayed in **Exhibit H** to the Preliminary Report, and the Fee Examiner invited comment from A&M.

In response, A&M stated that the firm does not invoice fees resulting from the review or revision of firm invoices or time records.  After review of the time entries questioned by the Fee Examiner, A&M asserted that all but one entry related either to the specific issues of the Debtors cases or to the preparation of the actual monthly or interim fee applications.  The firm did acknowledge that

one entry for the review of time detail was inadvertently included in the Fee Application, and agreed to a voluntary fee reduction in the amount of $111.00. Exhibit H is omitted from this report.

21.     **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[5]  The Fee Application did not contain any activities that appeared clerical in nature.

22.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. A&M complied with the Local Rules regarding nonworking travel.

23.     **A&M Retention/Compensation.**  A&M billed 54.90 hours with associated fees of $14,505.50 to prepare the firm's retention documents and applications for compensation, which computes to less than 1% of the Fees Computed.   The fee entries describing A&M's retention/compensation activities are displayed in **Exhibit I**, which is included with this Final Report for the Court's reference.

**Review of Expenses**

24.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant,

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).   These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  A&M provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.     **Potential Double Billing.**  A&M requested reimbursement for two postage charges that appear to be duplicative.  The two charges both total $15.34, were dated September 30, 2009, and were requested by Brian Whittman.  However, one charge was included in the tenth monthly fee statement and the other was included in the eleventh monthly statement.  The Fee Examiner requested that A&M explain the apparent duplicative charge.  In response, A&M stated that firm was unable to confirm two separate charges and therefore, in order to be certain of no duplication, agreed to a voluntary expense reduction in the amount of $15.34.

26.     **Working Meals.**  A&M requested reimbursement of $2,911.96 for working meals. The descriptions for the charges did not indicate the location of the meal or whether the meal related to a meeting with people outside the firm or a meal solely for A&M employees.  The Fee Examiner requested that A&M provide an explanation for the purpose of the meal charges displayed in **Exhibit J** to the Preliminary Report.  In response, the firm stated that the meals in question were purchased at the client site rather than A&M offices.  In light of the firm's assertion, the Fee Examiner makes no recommendation for an expense reduction and Exhibit J is omitted from this report.

Additionally, A&M agreed in the past that miscellaneous charges for soft drinks, coffee, or snacks that should not have been charged to the Debtors.  The Fee Examiner identified similar charges in the fourth interim period totaling $22.36 (displayed in **Exhibit K** to the Preliminary Report), and asked that A&M again agree to remove such items from the expenses sought.  In response, the firm agreed to the voluntary expense reduction of $22.36.

27.    **Vaguely Described Transportation.**    The Fee Examiner identified $326.00 in transportation charges that were not sufficiently detailed.    The Fee Examiner requested that A&M provide specific information regarding the transportation expenses displayed in **Exhibit L** to the Preliminary Report, including both the origination and destination of the trip and the purpose of the charge.    In response, the firm provided an exhibit justifying $124.00 of the costs questioned by the Fee Examiner.    A&M agreed to a voluntary expense reduction in the amount of $202.00.    Exhibit L is omitted from this report.

28.    **Travel – Lodging.**    In this Court there is a ceiling of $350.00 per night for domestic lodging.    A&M requested reimbursement for lodging costs in the amount of $425.57.    The expense item described one night of lodging in New York, New York for managing director Brian Whittman.    The Preliminary Report informed A&M that, pending additional information from the firm, the Fee Examiner intended to recommend an expense reduction equal to the amount in excess of the ceiling, $75.57.    In response, the firm stated that Mr. Whittman stayed at the same hotel as certain members of the Debtors' management in order to prepare for a meeting, but nonetheless A&M agreed to a voluntary expense reduction in the amount of $75.57.

## CONCLUSION

The Fee Examiner submits this Final Report regarding the Fee Application and the fees and expenses discussed above.    The Fee Examiner recommends the approval of fees in the amount of $1,628,919.50 ($1,629,030.50 minus $111.00) and reimbursement of expenses in the amount of $5,000.46 ($5,315.73 minus $315.27) for the period from September 1, 2009 through November 30, 2009.    A summary of recommendations is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**


By: _____

John L. Decker
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

## ALVAREZ & MARSAL NORTH AMERICA, LLC

### SUMMARY OF FINDINGS

#### Fourth Interim Fee Application (September 1, 2009 through November 30, 2009)

**A.  Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $1,629,030.50 | |
| Expenses Requested | 5,315.73 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,634,346.23 |
| | | |
| Fees Computed | $1,629,030.50 | |
| Expenses Computed | 5,315.73 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,634,346.23 |

**B.  Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $1,629,030.50 | | |
| *Agreed Reduction for Administrative Activities* | | *($111.00)* | |
| Subtotal | | *($111.00)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $1,628,919.50 |
| | | | |
| Expenses Requested | $5,315.73 | | |
| *Agreed Reduction for Potential Double Billing* | | *($ 15.34)* | |
| *Agreed Reduction for Soft Drinks and Snacks* | | *(22.36)* | |
| *Agreed Reduction for Vaguely Described Transportation* | | *(202.00)* | |
| *Agreed Reduction for Lodging* | | *(75.57)* | |
| Subtotal | | *($315.27)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 5,000.46 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $1,633,919.96 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 17th day of September, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas E. Hill, Esq.
Alvarez & Marsal North America, LLC
55 West Monroe Street, Suite 4000
Chicago, IL  60603

John L. Decker, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal North America, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| BWHI | Whittman, Brian | MANAG DIRECTOR | $650.00 | $650.00 | 376.40 | $244,660.00 |
| THIL | Hill, Tom | MANAG DIRECTOR | $700.00 | $700.00 | 188.60 | $132,020.00 |
| SKOT | Kotarba, Steve | MANAG DIRECTOR | $475.00 | $475.00 | 92.50 | $43,937.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $639.72 | | 657.50 | $420,617.50 |
| | | | | % of Total: | 15.67% | % of Total: 25.82% |
| AALV | Alvizu, Anthony | SENIOR DIRECTOR | $525.00 | $525.00 | 1.00 | $525.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $525.00 | | 1.00 | $525.00 |
| | | | | % of Total: | 0.02% | % of Total: 0.03% |
| JEHR | Ehrenhofer, Jodi | DIRECTOR | $375.00 | $375.00 | 561.70 | $210,637.50 |
| MZEI | Zeiss, Mark | DIRECTOR | $350.00 | $350.00 | 80.00 | $28,000.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $371.88 | | 641.70 | $238,637.50 |
| | | | | % of Total: | 15.29% | % of Total: 14.65% |
| RSPI | Spigner, Robert | MANAGER | $325.00 | $325.00 | 217.20 | $70,590.00 |
| JSCH | Scheffrahn, Jonathan | MANAGER | $400.00 | $400.00 | 8.10 | $3,240.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $327.70 | | 225.30 | $73,830.00 |
| | | | | % of Total: | 5.37% | % of Total: 4.53% |
| RSTO | Stone, Richard | SR. ASSOCIATE | $400.00 | $400.00 | 555.60 | $222,240.00 |
| SKAU | Kaufman, Stuart | SR. ASSOCIATE | $400.00 | $400.00 | 426.20 | $170,480.00 |
| NROT | Rothrock, Nicholas | SR. ASSOCIATE | $350.00 | $350.00 | 18.30 | $6,405.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $399.09 | | 1,000.10 | $399,125.00 |
| | | | | % of Total: | 23.83% | % of Total: 24.50% |
| MFRA | Frank, Matt | ASSOCIATE | $350.00 | $350.00 | 462.20 | $161,770.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Alvarez & Marsal North America, LLC

| INITIALS | NAME | POSITION | MINIMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $350.00 | | 462.20 | $161,770.00 |
| | | | | | % of Total: 11.01% | % of Total: 9.93% |
| JGIL | Gilleland, Jeff | CONSULTANT | $250.00 | $250.00 | 61.50 | $15,375.00 |
| JSIE | Sielinski, Jeff | CONSULTANT | $275.00 | $275.00 | 50.30 | $13,832.50 |
| LHOE | Hoeflich, Lauren | CONSULTANT | $275.00 | $275.00 | 36.40 | $10,010.00 |
| AWHI | Whitney, Andrew | CONSULTANT | $250.00 | $250.00 | 33.70 | $8,425.00 |
| ABER | Bergman, Angela | CONSULTANT | $250.00 | $250.00 | 7.00 | $1,750.00 |
| RNIE | Niemerg, Richard | CONSULTANT | $300.00 | $300.00 | 1.70 | $510.00 |
| RESP | Esposito, Robert | CONSULTANT | $300.00 | $300.00 | 0.70 | $210.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $261.96 | | 191.30 | $50,112.50 |
| | | | | | % of Total: 4.56% | % of Total: 3.08% |
| MBER | Berger, Mark | ANALYST | $300.00 | $300.00 | 376.90 | $113,070.00 |
| SHOU | Hough, Sean | ANALYST | $300.00 | $300.00 | 267.50 | $80,250.00 |
| EJOH | Johnston, Elizabeth | ANALYST | $250.00 | $250.00 | 313.60 | $78,400.00 |
| DTOR | Torres, Diego | ANALYST | $275.00 | $275.00 | 17.70 | $4,867.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $283.48 | | 975.70 | $276,587.50 |
| | | | | | % of Total: 23.25% | % of Total: 16.98% |
| MNAP | Napoliello, Mary | PARAPROFESSIONA | $185.00 | $185.00 | 42.30 | $7,825.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $185.00 | | 42.30 | $7,825.50 |
| | | | | | % of Total: 1.01% | % of Total: 0.48% |
| | Total No. of Billers: 24 | Blended Rate for Report: | $388.13 | | 4,197.10 | $1,629,030.50 |

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Ehrenhofer, J | 4.00 | 1,500.00 |
| Hill, T | 1.40 | 980.00 |
| Hough, S | 0.80 | 240.00 |
| Kaufman, S | 0.80 | 320.00 |
| Napoliello, M | 42.30 | 7,825.50 |
| Whittman, B | 5.60 | 3,640.00 |
| | 54.90 | $14,505.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 54.90 | 14,505.50 |
| | 54.90 | $14,505.50 |

EXHIBIT I  PAGE 1 of 6

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 09/03/09 Thu | Napoliello, M 093009-130/827 | 1.40 | 1.40 | 259.00 | | | MATTER NAME: Fee Application<br>1 PREPARE B. WHITTMAN'S (A&M) EDITS TO JULY FEE APPLICATION EXHIBITS;<br>2 UPDATE NARRATIVE, COVER. |
| 09/04/09 Fri | Napoliello, M 093009-130/828 | 0.50 | 0.50 | 92.50 | | | MATTER NAME: Fee Application<br>1 FINALIZE EDITS OF B. WHITTMAN (A&M) TO JULY FEE COVER, APPLICATION AND FEE EXHIBITS AND FORWARD TO T. HILL (A&M). |
| 09/04/09 Fri | Napoliello, M 093009-130/829 | 0.90 | 0.90 | 166.50 | | | MATTER NAME: Fee Application<br>1 PREPARE FEE DATA FOR APRIL AND MAY IN EXAMINER REQUIRED FORMAT AND FORWARD TO L. COOPER. |
| 09/07/09 Mon | Napoliello, M 093009-130/830 | 0.60 | 0.60 | 111.00 | | | MATTER NAME: Fee Application<br>1 WORK ON ADDITIONAL EDITS TO JULY FEE STATEMENT AND RESEND TO M. FRANK (A&M). |
| 09/10/09 Thu | Napoliello, M 093009-130/831 | 1.10 | 1.10 | 203.50 | | | MATTER NAME: Fee Application<br>1 RESEARCH PREFILING EXPENSE DATA. |
| 09/10/09 Thu | Napoliello, M 093009-130/832 | 0.60 | 0.60 | 111.00 | | | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT AUGUST TIME DETAIL. |
| 09/19/09 Sat | Napoliello, M 093009-130/833 | 0.70 | 0.70 | 129.50 | | | MATTER NAME: Fee Application<br>1 CORRESPOND WITH STAFF REGARDING QUESTIONS ON TIME DATA. |
| 09/20/09 Sun | Napoliello, M 093009-130/834 | 3.50 | 3.50 | 647.50 | | | MATTER NAME: Fee Application<br>1 WORK ON EXHIBITS FOR AUGUST STATEMENT. |
| 09/21/09 Mon | Napoliello, M 093009-130/835 | 2.80 | 2.80 | 518.00 | | | MATTER NAME: Fee Application<br>1 WORK ON DRAFT OF EXHIBITS AND APPLICATION FOR AUGUST FEE STATEMENT. |
| 09/21/09 Mon | Napoliello, M 093009-130/836 | 3.20 | 3.20 | 592.00 | | | MATTER NAME: Fee Application<br>1 FINALIZE FIRST DRAFT OF EXHIBITS, APPLICATION AND COVER SHEET FOR AUGUST STATEMENT;<br>2 FORWARD TO B. WHITTMAN (A&M) FOR REVIEW. |
| 09/22/09 Tue | Whittman, B 093009-130/1301 | 1.10 | 1.10 | 715.00 | 0.80  F<br>0.30  F | | MATTER NAME: Fee Application<br>1 REVIEW AUGUST FEE APPLICATION (.8)<br>2 AND PROVIDE COMMENTS TO M. NAPOLIELLO (.3). |
| 09/23/09 Wed | Napoliello, M 093009-130/837 | 1.20 | 1.20 | 222.00 | | | MATTER NAME: Fee Application<br>1 INCORPORATE EDITS OF B. WHITTMAN (A&M) TO EXHIBITS, APPLICATION, COVERSHEET AND RESEND |
| 09/24/09 Thu | Hough, S 093009-130/677 | 0.80 | 0.80 | 240.00 | | | MATTER NAME: Fee Application<br>1 REVIEW AND QUALITY CONTROL OF AUGUST FEE APPLICATION AND SUBMISSION OF PROPOSED CHANGES TO B. WHITTMAN (A&M) FOR REVIEW. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of 6

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 09/24/09 Thu | Whittman, B 093009-130/1302 | 0.30 | 0.30 | 195.00 | | 1 | *MATTER NAME: Fee Application* <br> FINAL REVIEW OF AUGUST FEE APPLICATION. |
| 10/12/09 Mon | Napoliello, M 103109-130/951 | 4.30 | 4.30 | 795.50 | | 1 | *MATTER NAME: Fee Application* <br> PREPARE EXHIBITS AND DRAFT SECOND INTERIM APPLICATION. |
| 10/12/09 Mon | Whittman, B 103109-130/1523 | 0.30 | 0.30 | 195.00 | | 1 | *MATTER NAME: Fee Application* <br> REVIEW 3RD QUARTERLY FEE APPLICATION. |
| 10/13/09 Tue | Napoliello, M 103109-130/952 | 0.60 | 0.60 | 111.00 | | 1 | *MATTER NAME: Fee Application* <br> INCORPORATE EDITS TO INTERIM APPLICATION AND FORWARD TO M. FRANK (A&M). |
| 10/20/09 Tue | Napoliello, M 103109-130/953 | 0.90 | 0.90 | 166.50 | | 1 | *MATTER NAME: Fee Application* <br> CORRESPOND WITH STAFF REGARDING TIME DETAIL. |
| 10/27/09 Tue | Napoliello, M 103109-130/954 | 2.50 | 2.50 | 462.50 | | 1 | *MATTER NAME: Fee Application* <br> BEGIN REVIEW OF TIME DETAIL AND DRAFTING EXHIBITS FOR SEPTEMBER STATEMENT. |
| 10/28/09 Wed | Napoliello, M 103109-130/955 | 3.10 | 3.10 | 573.50 | | 1 | *MATTER NAME: Fee Application* <br> WORK ON EXHIBITS FOR SEPTEMBER STATEMENT. |
| 10/29/09 Thu | Napoliello, M 103109-130/956 | 2.90 | 2.90 | 536.50 | | 1 | *MATTER NAME: Fee Application* <br> REVIEW AND UPLOAD SEPTEMBER DATA FOR EXHIBITS. |
| 10/29/09 Thu | Napoliello, M 103109-130/957 | 2.60 | 2.60 | 481.00 | | 1 <br> 2 | *MATTER NAME: Fee Application* <br> CORRESPOND WITH STAFF REGARDING QUESTIONS ON TIME DETAIL. <br> UPDATE EXHIBITS. |
| 10/30/09 Fri | Napoliello, M 103109-130/958 | 3.20 | 3.20 | 592.00 | | 1 | *MATTER NAME: Fee Application* <br> FINALIZE FIRST DRAFT OF APPLICATION AND EXHIBITS FOR SEPTEMBER STATEMENT. |
| 10/30/09 Fri | Napoliello, M 103109-130/959 | 3.10 | 3.10 | 573.50 | | 1 | *MATTER NAME: Fee Application* <br> WORK ON DRAFT OF EXHIBITS AND APPLICATION FOR SEPTEMBER FEE STATEMENT. |
| 10/30/09 Fri | Napoliello, M 103109-130/960 | 0.30 | 0.30 | 55.50 | | 1 | *MATTER NAME: Fee Application* <br> REVIEW CASE DOCKET AND DOWNLOAD CNO INFORMATION FOR INCLUSION IN APPLICATION. |
| 10/30/09 Fri | Whittman, B 103109-130/1524 | 0.20 | 0.20 | 130.00 | | 1 | *MATTER NAME: Fee Application* <br> REVIEW FINAL DRAFT OF THIRD SUPPLEMENTAL DECLARATION OF A&M RE: ADDITIONAL PARTIES IN INTEREST. |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 3 of 6

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 11/02/09 Mon | Whittman, B 113009-130/1081 | 0.50 | 0.50 | 325.00 | | 1 | MATTER NAME: *Fee Application* REVIEW DRAFT SEPTEMBER FEE STATEMENT. |
| 11/05/09 Thu | Napoliello, M 113009-130/663 | 1.90 | 1.90 | 351.50 | | 1 | MATTER NAME: *Fee Application* INCORPORATE EDITS OF B. WHITTMAN (A&M) TO APPLICATION, COVER SHEET AND EXHIBITS FOR SEPTEMBER STATEMENT. |
| 11/06/09 Fri | Napoliello, M 113009-130/664 | 0.40 | 0.40 | 74.00 | | 1 | MATTER NAME: *Fee Application* PREPARE EDITS TO SEPTEMBER FEE APPLICATION EXHIBITS. |
| 11/06/09 Fri | Whittman, B 113009-130/1074 | 0.30 | 0.30 | 195.00 | | 1 | MATTER NAME: *Fee Application* REVIEW FINAL SEPTEMBER FEE APPLICATION. |
| 11/11/09 Wed | Whittman, B 113009-130/1075 | 0.40 | 0.40 | 260.00 | 0.10  F 0.30  F | 1 2 | MATTER NAME: *Fee Application* CALL WITH J. DECKER (STUART MAUE) (.1) AND REVIEW PRELIMINARY FEE EXAMINER REPORT FOR THE SECOND QUARTER (.3). |
| 11/16/09 Mon | Ehrenhofer, J 113009-130/295 | 1.30 | 1.30 | 487.50 | | 1 | MATTER NAME: *Fee Application* REVIEW DISPUTED TIME ENTRIES FROM FEE EXAMINER CATEGORIZED AS ADMINISTRATIVE RELATED TO CLAIMS AND SCHEDULES ACTIVITIES AND DRAFT A FIRST RESPONSE. |
| 11/16/09 Mon | Kaufman, S 113009-130/636 | 0.80 | 0.80 | 320.00 | | 1 | MATTER NAME: *Fee Application* REVIEW OF FEE EXAMINER REPORT, DRAFTING OF RESPONSES TO QUESTION RAISED. |
| 11/16/09 Mon | Whittman, B 113009-130/1076 | 0.20 | 0.20 | 130.00 | | 1 | MATTER NAME: *Fee Application* CALL WITH J. DECKER (STUART MAUE) RE: FEE EXAMINER REPORT FOR 2ND QUARTER. |
| 11/16/09 Mon | Whittman, B 113009-130/1077 | 0.70 | 0.70 | 455.00 | 0.50  F 0.20  F | 1 2 | MATTER NAME: *Fee Application* DRAFT INITIAL RESPONSES TO FEE EXAMINER REPORT FOR 2ND QUARTER (.5) AND CORRESPONDENCE WITH A&M TEAM RE: REQUIRED ADDITIONAL RESPONSES (.2). |
| 11/17/09 Tue | Ehrenhofer, J 113009-130/296 | 0.40 | 0.40 | 150.00 | | 1 | MATTER NAME: *Fee Application* REVIEW ADDITIONAL DISPUTED TIME ENTRIES FROM FEE EXAMINER CATEGORIZED AS VAGUE TO CLAIMS STAFF AND DRAFT A FIRST RESPONSE. |
| 11/17/09 Tue | Whittman, B 113009-130/1078 | 0.40 | 0.40 | 260.00 | | 1 | MATTER NAME: *Fee Application* CONTINUE DRAFTING RESPONSES TO FEE EXAMINER REPORT. |
| 11/18/09 Wed | Ehrenhofer, J 113009-130/297 | 2.30 | 2.30 | 862.50 | | 1 | MATTER NAME: *Fee Application* PREPARE UPDATED RESPONSES FOR ENTRIES FLAGGED AS DISPUTED BY FEE EXAMINER FOR VAGUE ENTRIES. |
| 11/23/09 Mon | Whittman, B 113009-130/1079 | 0.40 | 0.40 | 260.00 | | 1 | MATTER NAME: *Fee Application* UPDATE DRAFT LETTER RESPONDING TO 2ND QUARTER FEE EXAMINER REPORT. |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 4 of 6

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|----------------|-------------|-------|------|-----------|---|-------------|
| 11/24/09 Tue | Hill, T 113009-130/415 | 1.40 | 1.40 | 980.00 | | 1 | MATTER NAME: *Fee Application*<br>REVIEW OF FEE EXAMINERS DRAFT OF SECOND FEE APPLICATION AND CORRESPONDING DRAFT RESPONSE. |
| 11/29/09 Sun | Whittman, B 113009-130/1080 | 0.80 | 0.80 | 520.00 | | 1 | MATTER NAME: *Fee Application*<br>FINALIZE LETTER RESPONDING TO PRELIMINARY REPORT OF FEE EXAMINER FOR 2ND QUARTER. |
| Total | | | 54.90 | $14,505.50 | | | |
| Number of Entries: | 41 | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 5 of 6

EXHIBIT I

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Ehrenhofer, J | 4.00 | 1,500.00 |
| Hill, T | 1.40 | 980.00 |
| Hough, S | 0.80 | 240.00 |
| Kaufman, S | 0.80 | 320.00 |
| Napoliello, M | 42.30 | 7,825.50 |
| Whittman, B | 5.60 | 3,640.00 |
| | 54.90 | $14,505.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 54.90 | 14,505.50 |
| | 54.90 | $14,505.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 6 of 6

EXHIBIT

Soft Drinks and Snacks

Alvarez & Marsal North America, LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 08/27/09 | 093009/33 | 5.35 | | 5.35 | DRINKS FOR WORKING LUNCH FOR 6 STAFF.-BERGER-MEALS |
| 09/23/09 | 093009/6 | 17.01 | | 17.01 | SOFT DRINKS FOR TEAM WORKING LUNCH.-BERGER-MEALS |
| | | $22.36 | | $22.36 | |