```
                    IN THE UNITED STATES BANKRUPTCY COURT
                        FOR THE DISTRICT OF DELAWARE



                                    )
IN RE:                              ) Chapter 11
                                    )
TRIBUNE COMPANY, et al.,            ) Case No. 08-13141 (KJC)
                                    )
                                    ) Courtroom 5
                                    ) 824 Market Street
_____Debtors._____ ) Wilmington, Delaware

                                      September 15, 2010
                                      11:04a a.m.


                        TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For Debtors:                        Sidley Austin LLP
                                    BY: KEVIN LANTRY, ESQ.
                                    BY: JAMES BENDERNAGEL, JR., ESQ.
                                    BY: JESSICA C.K. BOELTER, ESQ.
                                    One South Dearborn
                                    Chicago, IL 60603
                                    (213) 896-6022

                                    Cole, Schotz, Meisel, Forman &
                                    Leonard, PA
                                    BY:  NORMAN PERNICK, ESQ.
                                    1000 North West Street
                                    Suite 1200
                                    Wilmington, DE 19801
                                    (302) 652-3131


ECRO:                               AL LUGANO

Transcription Service:              DIAZ DATA SERVICES
                                    331 Schuylkill Street
                                    Harrisburg, Pennsylvania 17110
                                    (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For The Creditors Committee:   Landis Rath & Cobb
                                BY:   ADAM LANDIS, ESQ.
                                919 Market Street Suite 1800
                                P.O. Box 2087
                                Wilmington, DE 19899
                                (302) 467-4400

                                Chadbourne & Park LLP
                                BY:   DAVID LEMAY, ESQ.
                                30 Rockefeller Plaza
                                New York, NY 10112
                                (212) 408-5100

                                Zuckerman Spaeder LLP
                                BY:   THOMAS G. MACAULEY, ESQ.
                                919 Market Street Suite 990
                                P.O. Box 1028
                                Wilmington, DE 19801
                                (302) 427-0400


For U.S. Trustee:               Office of the U.S. Trustee
                                BY:   DAVID KLAUDER, ESQ.
                                844 King Street, Suite 2207
                                Lockbox 35
                                Wilmington, DE 19801
                                (302) 573-6491


For JP Morgan Chase:            Richards Layton & Finger
                                BY:   DREW SLOAN, ESQ.
                                One Rodney King Square
                                920 North King Street
                                Wilmington, DE 19801
                                (302) 651-7612

                                Davis Polk & Wardwell
                                BY:   ELLIOT MOSKOWITZ, ESQ.
                                450 Lexington Avenue
                                New York, NY 10017
                                (212) 450-4000

For Morgan Stanley:             Barnes & Thornburg LLP
                                BY:   DAVID POWLEN, ESQ.
                                Suite 1200
                                1000 N. West Street
                                Wilmington, DE 19801-1058
                                (302) 888-4536

```
APPEARANCES:
(Continued)

For Law Debenture Trust        Bifferato Gentilotti
Company of New York:           BY:   GARVAN F. MCDANIEL, ESQ.
                               800 North King Street
                               Plaza Level
                               Wilmington, DE 19801
                               (302) 429-1900

                               Kasowitz Benson Torres &
                               Friedman LLP
                               BY:   SHERON KORPUS, ESQ.
                               1633 Broadway
                               New York, NY 10019
                               (212) 506-1700

For Merrill Lynch:             Potter Anderson & Corroon LLP
                               BY: LAURIE SELBER SILVERSTEIN
                               Hercules Plaza
                               1313 North Market Street
                               6th Floor
                               Wilmington, DE 19801
                               (302) 984-6000

For Wilmington Trust:          Benesch
                               BY:   JENNIFER R. HOOVER, ESQ.
                               222 Delaware Avenue Suite 801
                               Wilmington, DE 19801
                               (302) 442-7010

For Wells Fargo                Fox Rothschild LLP
As Bridge Agent:               BY:   JEFFREY M. SCHLERF, ESQ.
                               Citizens Bank Center
                               919 North Market Street
                               Suite 1300
                               P.O. Box 2323
                               Wilmington, DE 19899-2323
                               (302) 654-7444

For Great Banc:                Womble Carlyle
                               BY:   THOMAS M. HORAN, ESQ.
                               222 Delaware Avenue
                               Wilmington, DE 19801
                               (302) 252-4320

For Special Committee of       Jones Day
The Tribune Board:             BY:   BRAD B. ERENS, ESQ.
                               77 West Wacker
                               Chicago, IL 60601-1692
                               (312) 782-3939
```

```
APPEARANCES:
(Continued)

For Aurelius Capital          Ashby & Geddes, P.A.
Management LP:                BY:   WILLIAM P. BOWDEN, ESQ.
                             500 Delaware Avenue
                             P.O. Box 1150
                             Wilmington, DE 19899-1150
                             (302) 654-1888

                             Friedman Kaplan Seiler & Adelman
                             BY: EDWARD A. FRIEDMAN, ESQ.
                             BY: WILLIAM P. WEINTRAUB, ESQ.
                             1633 Broadway
                             New York, NY 10019-6708
                             (212) 833-1109

For Credit Agreement         Hennigan Bennett & Dorman LLP
Lenders:                     BY:   JAMES O. JOHNSTON, ESQ.
                             865 South Figueroa Street
                             Suite 2900
                             Los Angeles, CA 90017
                             (213) 694-1200

                             Young Conaway Stargatt & Taylor
                             BY:   ROBERT BRADY, ESQ.
                             The Brandywine Building
                             1000 West Street 17th Floor
                             P.O. Box 391
                             Wilmington, DE 19801
                             (302) 571-6600

For Ivan J. Bates:           Fox Rothschild LLP
                             BY:   L. JASON CORNELL, ESQ.
                             Citizens Bank Center
                             919 N. Market Street Suite 1300
                             P.O. Box 2323
                             Wilmington, DE 19899-2323
                             (302) 654-7444

                             The Telfair Law Firm, LLC
                             BY:   BRIAN K. TELFAIR, ESQ.
                             (804) 339-0556


TELEPHONIC APPEARANCES:


For Deutsche Bank National    McCarter & English
Trust Company:                BY:  DAVID J. ADLER, ESQ.
                             (212) 609-6800
```

TELEPHONIC APPEARANCES:
(Continued)

For Debtor:                    Tribune Company
                               BY:  CHANDLER BIGELOW
                               BY:  DAVID ELDERSVEID
                               BY:  DON LIEBENTRITT
                               BY:  MICHAEL D. O'NEAL
                               (312) 853-7778

                               Sidley Austin
                               BY:  JILLIAN LUDWIG, ESQ.
                               BY:  GARY WEITMAN, ESQ.
                               BY:  KEN KANSA, ESQ.
                               BY:  BRIAN KRAKAUER, ESQ.
                               (312) 853-7030

For Bank of America:           O'Melveny & Myers
                               BY:  DANIEL CANTOR, ESQ.
                               BY:  EVAN JONES, ESQ.
                               (212) 326-2000

                               Bank of America
                               BY:  ESTHER CHUNG
                               (646) 855-6705

For Wilmington Trust           Brown Rudnick LLP
Company:                       BY:  JARED ELLIAS, ESQ.
                               BY:  GORDON NOVOD, ESQ.
                               BY:  MARTIN SIEGEL, ESQ.
                               (212) 209-4811

For The Creditors Committee:   Chadbourne & Park LLP
                               BY:  DOUGLAS DEUTSCH, ESQ.
                               BY:  MARC ROITMAN, ESQ.
                               BY:  HOWARD SEIFE, ESQ.
                               (212) 408-5169

For Perry Capital:             BY:  JAMES FREEMAN, ESQ.
                               (212) 583-4000

For U.S. Department of         BY:  LEONARD GERSON
Labor:                         (202) 693-5615

For Angelo Gordon & Company:   Wilmer Cutler Pickering Hale &
                               Dorr
                               BY:  ANDREW N. GOLDMAN, ESQ.
                               (212) 230-8836

For Anna Kalenchits:           BY:  ANNA KALENCHITS
                               (212) 723-1808

```
TELEPHONIC APPEARANCES:
(Continued)

For Citigroup:                  Paul Weiss Rifkind Wharton &
                                Garrison LLP
                                BY:  ANDREW GORDON, ESQ.
                                BY:  ANDREW LEVY, ESQ.
                                BY:  OKSANA LASHKO, ESQ.
                                (212) 373-3543


For JPMorgan Chase Bank:        BY:  KEVIN C. KELLEY
                                (212) 648-0427


For Morgan Stanley:             Weil Gotshal & Manges LLP
                                BY:  EVAN LEDERMAN, ESQ.
                                (212) 310-8948


For Merrill Lynch:              Kaye Scholer LLP
                                BY:  MADLYN G. PRIMOFF, ESQ.
                                (212) 836-7042

For EOS Partners:               BY:  MIKE J. SCHOTT
                                (212) 593-4046

For Barclays:                   Mayer Brown LLP
                                BY:  MICHAEL L. SIMES, ESQ.
                                BY:  AMIT K. TREHAN, ESQ.
                                BY:  JEAN-MARIE ATAMIAN, ESQ.
                                (212) 506-2607

For Matthew A. Zloto:           BY:  MATTHEW A. ZLOTO, PRO SE
                                (646) 445-6518

For Centerbridge:               BY:  SAMIRE ARORA
                                BY:  VIVEK MELWANI
                                (212) 672-4622

For Seneca Capital:             BY:  USMAN TAHIR
                                (212) 527-8137

For Kramer Levin:               BY:  DAVID E. BLABEY, JR., ESQ.
                                (212) 715-9100

For Goldman Sachs & Company:    BY:  LEXI FALLON
                                (212) 902-0791
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture Trust       Kasowitz Benson Torres &
Company of New York:          Friedman
                              BY:  ANDREW GLENN, ESQ.
                              BY:  MATTHEW STEIN, ESQ.
                              BY:  DAVID ROSNER, ESQ.
                              (212) 506-1717


For Wells Fargo:              White & Case LLP
                              BY:  SCOTT GREISSMAN, ESQ.
                              (212) 819-8357


For Crain's Chicago:          BY:  LYNNE MAREK
                              (312) 649-5328


For Laura I. Rotter:          BY:  LAURA I. ROTTER
                              (203) 930-7277


For EGI-TRB:                  Jenner & Block LLP
                              BY: ANDREW VAIL, ESQ.
                              (312) 222-9350


For Maureen A. Dombeck:       BY:  MAUREEN A. DOMBECK, PRO SE
                              (773) 989-1855


For Centerbridge:             Akin Gump Strauss Hauer & Feld
                              BY:  PHILLIP DUBLIN, ESQ.
                              BY:  DANIEL H. GOLDEN, ESQ.
                              (212) 872-8083


For Joseph Lamport:           Sandelman Partners
                              Multi-Strategy
                              BY:  JOSEPH LAMPORT
                              (212) 299-7673


For Citi Group:               Paul Weiss Rifkind Wharton &
                              Garrison LLP
                              BY:  ELIZABETH MCCOLM, ESQ.
                              (212) 373-3000
```

 1  WILMINGTON, DELAWARE, WEDNESDAY, SEPTEMBER 15, 2010, 11:04 A.M.

 2              THE COURT:  Good morning, everyone.

 3              MR. PERNICK:  Good morning, Your Honor.  Norman

 4  Pernick from Cole Schotz on behalf of the Debtor, Tribune

 5  Company, Your Honor.

 6              If the Court pleases, I'll just run through the

 7  agenda very quick, just so we have everything straight.  I have

 8  as continued to October 22nd, Number 1, which is the ninth

 9  omnibus objection with respect to specific claims mention

10  Claudia Sanzeri.

11              Number 2, which is a tenth omnibus objection with

12  respect to GE Capital Fleet Services, Karolyn Walker and Robby

13  Wells.

14              Number 3, which is the objection to the claim of

15  Robert Henke.

16              Number 4, which is the twenty-fourth omnibus

17  objection to claims with respect to Maureen Dombeck, Terry

18  Godbey, Oracle, Marbury von Briesen, Herbert Eye and CNN

19  Newsource.

20              Number 5 on the agenda, which is the twenty-seventh

21  omnibus objection to claims with respect to the claim of Marcia

22  Willette.

23              Number 7, which is the thirty-third omnibus object

24  with respect to the claims of Albert Togut as the Chapter 7

25  Trustee of PLVTZ and the City of Chicago.

1           And Number 8, which is the thirty-fourth omnibus

2    objection to claims with respect to EMC Corp. and Google.

3           Also continued to an open date is Item Number 6, the

4    Wilmington Trust Company motion for estimation and temporary

5    allowance.

6           And then the Court was kind enough to enter orders

7    on Number 9, the thirty-fifth omnibus objection, with respect

8    to the New York Department of Taxation and also with respect to

9    the United States.  And then Number 10, the Day Pitney final

10   fee app.

11          So that leaves us with -- on my records with Number

12   11, which is the Ivan Bates motion for relief, Number 12, which

13   is the Ivan Bates motion to extend the bar date, Number 13,

14   which is Law Debenture's reinstated motion to terminate the

15   payment of fees, Number 14, which is the Jones Day retention

16   application.  And I believe that the Court, although they're

17   off agenda, also wants to hear or talk to everyone about the

18   two Aurelius motions to expedite.  That will be on the

19   Chadbourne and Park disqualification motion and on the Chapter

20   11 Trustee motion.

21          THE COURT:  And a related motion to seal in

22   connection with the Trustee motion.

23          MR. PERNICK:  Correct.

24          THE COURT:  Yes, what we'll -- I intended to use

25   today's opportunity as a scheduling conference.

1          MR. PERNICK:  Okay.  Unless the Court prefers

2   otherwise, I'd propose just we go in the order of the agenda,

3   so the two motions by Mr. Bates would be on first.

4          THE COURT:  All right.

5          MR. CORNELL:  Good morning, Your Honor.  For the

6   record, Jason Cornell on behalf of Ivan Bates.  Your Honor,

7   with me in the courtroom are two gentlemen.  I'd like to

8   introduce to the Court my client, Mr. Bates.

9          MR. BATES:  Good morning, Your Honor.

10          THE COURT:  Good morning.

11          MR. CORNELL:  And also in the courtroom, Your Honor,

12   is my co-counsel, Brian Telfair.  Your Honor, you were kind

13   enough to enter the order granting Mr. Telfair's motion pro hac

14   vice early August this year and I ask that he be heard.

15          There are two motions that are going to be presented

16   this morning.  The first is a motion of Mr. Bates to lift the

17   automatic stay.  And then the second motion is the motion of

18   Mr. Bates to extend the claims bar date.  And so if we could

19   proceed in that order, Your Honor, I'd like to yield the podium

20   to Mr. Telfair.

21          THE COURT:  All right.

22          MR. CORNELL:  Thank you.

23          MR. TELFAIR:  Good morning, Your Honor.

24          THE COURT:  Good morning.  Mr. Telfair, let me ask

25   you this initially.  Is it your intention to present any

1  witness testimony today?

2         MR. TELFAIR:  No, Your Honor.  I'm more than

3  capable, if the Court needs, to proffer facts.  I'm well aware

4  of the facts of this case.  I've been living with this case

5  pretty much for over a year now, so I pretty much know

6  intimately what's going on.

7         THE COURT:  Okay.  Well, if you want to proffer your

8  factual testimony understand that you'll be subject to cross-

9  examination.

10        MR. TELFAIR:  I -- well, if there's anything that's

11 needed in terms of Mr. Bates -- and that's fine, I -- that's

12 perfectly acceptable.  Mr. Bates is here, he's more than

13 willing to testify also.

14        THE COURT:  Okay.  Well, look you're the moving

15 party in both motions, I leave the conduct of your case to you.

16 I do think however we should have a combined record on both

17 motions, so I'll hear them together is there -- does that cause

18 any heartburn for you?

19        MR. TELFAIR:  No, it actually makes it easier for

20 me, Your Honor.

21        THE COURT:  Okay.  And okay with the debtor?

22        MR. PERNICK:  Yes, Your Honor.

23        THE COURT:  All right.  Let's proceed in that

24 fashion then.

25        MR. TELFAIR:  Your Honor, this matter arises from

1  two newspaper articles that were written in the Baltimore Sun

2  newspaper.  The first article was actually captioned, "Street

3  Justice Seeps into Court Strategy; Accusations Link Defendant

4  Lawyers to Defendants' Culture."

5          With respect to both articles, the articles are

6  still being published by the Baltimore Sun newspaper on the

7  internet as I stand here today.  The reason that we initiated

8  this particular lawsuit, at the time we did so, was really was

9  to protect Mr. Bates' rights under Maryland law.  We're very

10 concerned about Mr. Bates losing jurisdiction under Maryland

11 and the State Court of Maryland.  The first article was

12 published August 8th of 2008.  We initiated these actions, I

13 believe, August 8th of 2009 to protect Mr. Bates' rights and to

14 make sure that his rates -- rights were protected in Maryland

15 law.

16          With respect to this particular case, it is a very

17 fact intensive case that's been driven by a lot of facts and a

18 lot of witnesses.

19          THE COURT:  Well, let's start with what I'm sure you

20 anticipated would be one obvious concern of the Court, and that

21 is I've read the papers --

22          MR. TELFAIR:  Yes, Your Honor.

23          THE COURT:  -- and it seems that what happened here,

24 at least initially, is after having been advised of the

25 inception of the bankruptcy, within days Mr. Bates initiated a

1    lawsuit against the debtor, among others, in what is -- it

2    seems to me, at least based on the papers, an absolute

3    violation of the automatic stay.  So why don't you address that

4    first.

5              MR. TELFAIR:  With respect to the stay, and my

6    understanding in terms of reading the papers of the Tribune

7    Companies, I didn't know until I got a phone call from a

8    gentleman that there was a stay in place.  With respect to --

9              THE COURT:  Did you know there was a bankruptcy?

10             MR. TELFAIR:  I did not know.  And when I found out,

11   I was informed by that gentleman that if a lawsuit was filed

12   that I would be summoned here in front of this Court, that I

13   would be held in contempt of court and I'd be subject to

14   monetary sanctions.  That has been a theme that has been held

15   throughout up until the time of the State Court's motion to

16   dismiss hearing.

17             THE COURT:  Well, actually --

18             MR. TELFAIR:  I filed --

19             THE COURT:  -- the automatic stay, as I'm sure you

20   know, is one of the basic protections given debtors in

21   bankruptcy court.  And the possible consequences you were

22   cited, and apparently have been relayed to you, are things

23   which do occur --

24             MR. TELFAIR:  I understand.

25             THE COURT:  -- under appropriate circumstances.

1          MR. TELFAIR:  I understand, but with respect to Mr.

2     Bates' case and his reputation, his case and his reputation are

3     in Baltimore.  This is a case about a lawyer's word and that

4     word being trampled upon.  So we filed in Baltimore to protect

5     his rights under the statute of limitations and to --

6          THE COURT:  Well, let me ask this.  Without in any

7     way making a determination of whether he's right or wrong in

8     his claim, for the moment anyway, the bankruptcy law is clear

9     in this Circuit anyway, as the debtor has indicated in its

10    papers that the filing of such a suit in the face of the

11    automatic stay, which occurs upon the filing with or without

12    notice to anybody, is null and void from its inception.  The

13    law of the Circuit also provides -- and I understand from the

14    papers that the suit is not, at least at this moment,

15    proceeding against a debtor entity, is that when somebody has

16    taken an act in violation of the stay they're under an

17    obligation to correct it.  So tell me what, if anything, you

18    did, sir, when you learned there was a stay to correct -- I'll

19    call it the situation --

20          MR. TELFAIR:  Well, the situation --

21          THE COURT:  -- with respect to the debtor entity?

22          MR. TELFAIR:  With respect to the debtor entity,

23    what I was informed by the debtors' attorneys was that Mr.

24    Bates' claim was forever barred and that again, I'd be subject

25    to criminal sanctions and prosecution.

1          THE COURT:  Okay.  Now will you answer my question?

2          MR. TELFAIR:  And it's forever time barred.  And

3     that has been a theme that sort of came out constantly.  I

4     spoke to attorney from Miami, I spoke to an attorney in

5     Washington, D.C., and they both said they exact same thing; his

6     claim is forever time barred --

7          THE COURT:  Now, will you --

8          MR. TELFAIR:  -- because you missed the deadline.

9          THE COURT:  Okay.  Now, will you answer my question?

10         MR. TELFAIR:  I'm sorry, Your Honor, could you

11    remind what that question is?

12         THE COURT:  Well, you need to answer -- you need to

13    listen more closely, okay?  My question is, what did you do

14    once you learned an automatic stay was in place and that you

15    had, at least as the debtor indicated, violated the stay?  What

16    did you do to correct that circumstance with respect to the

17    debtor defendant?

18         MR. TELFAIR:  With respect to the debtor, we hired

19    Mr. Cornell's firm this year.

20         THE COURT:  Okay.  But you took no action in the

21    court in which you filed the action, did you?

22         MR. TELFAIR:  No, Your Honor.  There were pleadings

23    filed in that particular court.  There was a motion to stay

24    that was filed on behalf of the debtors.  The Court granted

25    that particular motion as to the Baltimore Sun.

1          THE COURT:  Yeah, I read that.

2          MR. TELFAIR:  The case is proceeding now as to the

3   two reporters.

4          THE COURT:  Yeah, I can tell from our colloquy what

5   you don't get is that what you did was wrong.

6          MR. TELFAIR:  I understand that now.

7          THE COURT:  And you're failure on your own, without

8   requiring the debtor to go to the Court, in not going to the

9   Court yourself and saying oops, I since learned that I

10  shouldn't have done that, you know, makes it even worse.

11         Now you've now filed motions that you should file.

12  I'm not sure -- well, let me ask.  In your motion for relief

13  from stay, do you request annulment of the stay?

14         MR. TELFAIR:  As to the Baltimore Sun, yes, Your

15  Honor.

16         THE COURT:  Okay.  All right.  You may proceed with

17  your presentation.

18         MR. TELFAIR:  With respect to this particular case,

19  we submit to the Court that the case should be allowed -- that

20  the stay should be lifted and the case should be allowed to

21  proceed in Maryland because all of the witnesses are in

22  Maryland.  As I previously stated, this case involves a lot of

23  facts and a lot of different fact witnesses.  It isn't the

24  typical type of case where you would have sort of a linear

25  progression of facts.  What you sort of have is a bunch of

1  different people being involved in a contract.  A very simple

2  contract where a young lady wanted her car back.  That somehow

3  is mushroomed into Attorney Bates orchestrating an attempt to

4  obstruct justice and tamper with witnesses.

5          Now with respect to all these facts and all these

6  people, what comes out of is that Attorney Bates really had

7  nothing to do with any of the things that the article says he

8  did.  For example, the article says that the contract was

9  written on Attorney Bates' letterhead; that's not true.  That

10 Attorney Bates sent this contract, that would attempt to

11 obstruct justice, he sent it.  Again, not true.  In fact, at

12 the time that Attorney Bates allegedly said -- allegedly sent

13 this contract, he was on a cruise ship with his wife and his

14 wife's family, so there's simply no way for him to have sent

15 it.

16         So what we have literally is roughly 35 to 50 people

17 who are going to be testifying in Maryland about these

18 particular articles and the statements and everything that sort

19 of transpired in court proceedings related to those statements.

20 We've identified roughly 25 witnesses, the reporters have

21 identified an additional 20 to 25 witnesses, and that's just

22 fact witnesses.  It does not include the anticipated expert

23 testimony.

24         In terms of what Mr. Bates, the case right now is in

25 discovery.  Mr. Bates will be deposed tomorrow.  The reporters

1  will be deposed next week.  The parties have exchanged written

2  discovery, we have an expert designation coming up, so

3  discovery is proceeding in the cases as fine.

4          In terms of the injuries that Mr. Bates suffered,

5  Mr. Bates has been diagnosed with depression.  It's a clinical

6  diagnosis, it was made by a counselor that he sought out by

7  himself without litigation.  I didn't send him.  No attorney

8  sent Attorney Bates.  In fact, the person who recommended to

9  Attorney Bates that he go see a psychologist is the DC

10 Commissioner of Health, Dr. Pierre Vigilance.  Ivan is good

11 friends with Dr. Vigilance, Ivan is starting to talk more and

12 more with Dr. Vigilance about what's going on with him and Dr.

13 Vigilance says you need help, you need counseling, Ivan then

14 goes to see Dr. Bane (phonetic), who is a psychologist, she

15 diagnoses him with depression.

16         In terms of the case and the facts that support the

17 underlying case, as I've previously stated, the case itself is

18 kind of a convoluted, confusing type of thing.  What's going on

19 with respect to discovery in our case right now is that we've

20 got a very limited amount of discovery that is coming from the

21 reporters.  What we're not getting is the necessary information

22 or the information related to, for example, when we asked the

23 question, who's the editor that edited the article, the

24 response back has been I don't know, I don't remember.  I know

25 it was somebody, but I don't know who it is.  When pressed they

1  say, I think it was this person, but I'm not exactly quite

2  sure.

3           In addition to that, we've not received any emails,

4  any type of information about fact checking, who helped fact

5  check the article, who did the research and if the Court read

6  the articles, the Court would note that in terms of the quotes,

7  where each quoted statement is within the article that we claim

8  to be defamatory, there is no attribution whatsoever.  We asked

9  the question, who edited this, who fact checked it, who

10 researched it.  What we get back is, I don't know.  I have no

11 recollection.

12          So in terms of the discovery in this case, there is

13 an immense amount of discovery that is needed that is not

14 there, that is not being produced because on the one hand the

15 reporters would turn over, say for example, typed notes, but

16 they won't turn over handwritten notes.  There's a current

17 dispute going on right now because Ivan was interviewed by one

18 of the reporters, Ivan said she took handwritten notes because

19 they were standing in the courtroom, they don't have them.  I

20 don't have them.  And that's been the response that we get in

21 terms of discovery with respect to the case.

22          In addition, with respect to the case itself, the

23 headline itself, in terms of saying that a criminal defense

24 lawyer has now adopted the psyche and the culture of his

25 clients is extremely damaging to Attorney Bates' reputation.

1  And with respect to some of the fact witnesses who were in

2  Maryland who would be permit -- who would testify, they would

3  testify to the fact that one of the things that you look at in

4  terms of a criminal defense attorney is their reputation.  You

5  know, do you want to really have a criminal defense attorney

6  who the judges, the court, other attorneys view as a criminal

7  or do you want to have that high stellar reputation?

8            I would proffer to the Court that with respect to

9  Attorney Bates' reputation, before this incident happened and

10 before the publication of these articles, he had a very good

11 reputation, a stellar reputation, knowledgeable, knowing,

12 judge's respected him.  Immediately after the publication of

13 this article -- these articles that didn't occur.  That didn't

14 happen.  Judges that once respected Ivan no longer respected

15 him.  Judges that once thought highly of him no longer thought

16 highly of them.  They actually told him, Mr. Bates, you don't

17 know what you're talking about.

18            Ivan would have to go back, send a letter to the

19 Court with actual specific court cites saying this is what the

20 Maryland Court of Appeals said, this is what's going on with

21 this particular case.  In addition to that, Ivan lost clients.

22 People fired him because of these articles.  More importantly,

23 not only did people fire him, but other criminal defense

24 lawyers used the articles against Ivan when people are shopping

25 their cases.  You've got some criminals who go around -- or

1    alleged criminals who go around and say, for example, I'd like

2    to hire you.  Well, have you talked to any other attorneys?

3    Well yes, I've talked to Attorney Ivan Bates; maybe you should

4    read this.

5              So there's been -- with respect to Ivan, there's

6    been an injury to his reputation.  That injury to his

7    reputation has caused him injury to himself.  Again, Your

8    Honor, he's been diagnosed with depression.  He can't sleep.

9    He's on sleep medication, he's on anti-depressant medication.

10   His weight goes up and then it comes back down.  He sometimes

11   has feelings of lethargy where he just stands there and he

12   feels like he can't do anything.  And if you look at his

13   psychological records they all attribute it to one thing; these

14   particular articles.

15             With respect to the claim and the claims themselves,

16   I acknowledge that this is the first time in my legal career

17   I've ever stepped into a bankruptcy court.  I acknowledge that

18   I've done some things that I wish I could have done

19   differently.  I also acknowledge that maybe I shouldn't have

20   been so trusting as to have a bunch of people tell me that I

21   was going to be held in criminal contempt and have to pay a

22   bunch of money for filing a case, and that was something that

23   was held throughout this litigation.  Throughout the litigation

24   in Maryland, up until the time of the motion to dismiss

25   hearing, that is something that I heard constantly.  You're

1  going to go have to pay a bunch of money.  You're going to be

2  held in criminal contempt.  It was not until Judge Nance at the

3  motion to dismiss hearing says afterwards, after he ruled on

4  everything, he starts questioning the attorneys as to explain

5  to me the criminal conduct.  You tell me the criminal conduct.

6  It's in your papers, you tell me what it is, and they explained

7  it.

8            Judge Nance then says, they can still file the

9  lawsuit.  There's nothing criminal about them filing a lawsuit.

10  And that's when I realized that I should talk to somebody about

11  this case and within days that's when I brought in Mr. Cornell

12  and his firm.

13            Now with respect to any perceived prejudice -- and

14  again, on the one hand we have the Tribune Company saying we've

15  put this on our schedules, but they should have told us about

16  it.  Now I --

17            THE COURT:  They say they did?

18            MR. TELFAIR:  I'm sorry, Your Honor?

19            THE COURT:  They say they did.

20            MR. TELFAIR:  They did.  I am not someone who takes

21  a threat of sanctions lightly.  It is something that, as -- I'm

22  admitted pro hac here, sanctions motions and having sanctions

23  motions filed against you as a Virginia attorney is a big deal

24  down in Virginia.

25            THE COURT:  Well, I think it's a big deal pretty

1  much everywhere.

2          MR. TELFAIR:  I -- Your Honor, with all due respect,

3  Virginia law is set up in such a way that if John Marshall,

4  George With (phonetic), if they rose from the grave, they could

5  still practice in State Court.  It hasn't changed.  State Court

6  in Virginia has no codified rules of evidence, no codified

7  rules of civil procedure, accident reconstruction testimony is

8  not recognized in any way, shape or form because, quite

9  frankly, it was not recognized in colonial times.

10          Virginia law is a gentlemanly practice.  We believe

11  in being honest to each other and honest to the Court.  We

12  don't hide facts and we don't shade the facts.

13          THE COURT:  That's the same here.

14          MR. TELFAIR:  Huh?

15          THE COURT:  That's the same here in Delaware.

16          MR. TELFAIR:  And I feel duped and that's my fault

17  and that's my burden.  In terms of this case, I wrote a letter

18  about a year ago saying that Mr. Bates' claim was not $13

19  million as indicated in Tribune's papers, but was $567,000.  At

20  that particular time, Mr. Bates had just started treatment for

21  his psychological injury.  Did not know at that particular time

22  where those injuries would take us, in terms of a clinical

23  diagnosis.  That particular clinical diagnosis is now there.

24          With respect to being allowed to proceed against

25  just the Baltimore Sun, submit to the Court we should be

1   allowed to do so, mainly because of the fact that Mr. Bates has

2   been injured.  Not just a reputational injury, but it's

3   something that he deals with in terms of everyday lethargy,

4   loss of appetite, having to take medication, it can all be

5   pointed back to these two particular articles.

6           And again, Your Honor, in terms of the expert in

7   this case, the psychologist is not someone hired by counsel.

8   It is somebody that will testify -- will sit in a witness stand

9   and in her notes will indicate that these articles had a very

10  severe, traumatic, injurious affect on Mr. Bates.

11          In addition to that, there are other players that we

12  should be allowed to know who they are.  Again, we should be

13  allowed to know who the editor is or editors.  Clearly a

14  reporter does not have the ability to post a headline.  To

15  conclude, Your Honor, we request that the Court grant the

16  relief sought in our papers.

17          THE COURT:  Well, before you leave the podium let me

18  ask you two questions.  One which relates to the lift stay

19  motion -- by the way, your motion does not call for annulment,

20  it calls for lifting of the stay.

21          MR. TELFAIR:  I'm sorry, Your Honor, I thought they

22  were one in the same.  I'm sorry.

23          THE COURT:  See, that's the problem.  You know,

24  after you learned there was a bankruptcy, you didn't do what

25  you needed to do to fully inform yourself about the law was.

1  It's one of the problems.

2          With respect to the lift stay motion, the debtor

3  correctly points out that under these circumstances, typically

4  a movant must satisfy the Rexene standards.  With respect to

5  the motion to extend the bar date to file a claim, typically

6  under these circumstances you must satisfy the Pioneer factors.

7  So if you would briefly, tell me how under the circumstances

8  you satisfy one or both of those standards with respect to the

9  two motions.

10          MR. TELFAIR:  Your Honor, I'd like to defer to Mr.

11  Cornell.

12          THE COURT:  Okay.  We'll save that to the end then.

13  Thank you.  I'll hear from the debtor.

14          MR. LANTRY:  Good morning, Your Honor.  Kevin Lantry

15  on behalf of the debtors.

16          Your Honor, I think the central issue is whether

17  they should have leave to file a late claim.  Obviously if

18  there is no claim against the debtor there is no need for

19  relief from stay to go forward against the debtor.

20          THE COURT:  Well, I guess technically I could grant

21  relief from the stay to take -- for the plaintiff here to seek

22  third-party discovery assuming for the moment without deciding

23  that that activity might be barred by the stay, but --

24          MR. LANTRY:  I do think, Your Honor, that as a

25  percipient witness, the debtor doesn't have the protection of

1  the automatic stay if it needs to produce evidence.  So I don't

2  think that is necessary if that's the relief that the Court in

3  Maryland needs.

4           But with respect to filing the late claim, it is, I

5  think, uncontrovertable that they were aware of the automatic

6  stay 13 months ago.  We made them very aware of that.  We also

7  told them about the bar date, they did nothing.  We, in the

8  process of sizing all of the threatened and pending litigation

9  for bankruptcy case, have amended the schedules a number of

10 times to add claims such as this one where we learned that here

11 was a claim that we didn't -- weren't aware of when we filed

12 the original schedules, we wanted to make all the creditor

13 constituency aware of that.

14          And so we did bend over backwards in amending these

15 schedules in March and sent them the notice of the bar date

16 procedure that you authorized, which was whenever we amend the

17 schedules it gives anyone who had their claim scheduled in that

18 amended form to have 30 days to file a claim.  And we sent them

19 not only that notice, but we sent them a preprinted proof of

20 claim with their name on it that they simply had to fill out in

21 the next 30 days and send in.  So again, that passed.

22          They have been fully aware of the ability and the

23 necessity of responding to the filing of the proof of claim.

24 We have made that clear to them and they have not done it until

25 now.

1          What is the harm of the debtors resulting in that?

2    Your Honor, there are about 200 threatened and pending

3    litigation claims in this case.  And approximately 100 of them

4    have not filed proofs of claims, well 100 have.  What we find

5    in the running of a company like this is there's a lot of

6    threatened litigation and non-meritorious litigation that's

7    commenced and dies on the vine.  And it wasn't surprising for

8    us that a lot of the threatened and pending litigation, once we

9    noticed them, sent them the bar date information, that they

10   didn't file a proof of claim.

11          But if we now allow that door to be opened and

12   another 100 come in because Mr. Bates is allowed to file a late

13   claim, irrespective of the fact of all the noticing and

14   scheduling, we do create a problem for the management of the

15   debtors' cases.  The sizing of the general unsecured claims of

16   the operating companies is significant.  In the first plan

17   there was a whole lot of attention to the fact that these

18   claims, though would be paid in full, they would be capped at

19   $150 million.  A lot of time was spent by the various creditor

20   constituencies sizing that, estimating it, thinking about it,

21   and if there's claims like this, whether it was for 13 million

22   as they put in their complaint or it's less than that, we need

23   to know what it is, we need to know if that's one of the

24   debtors' liabilities.  As we negotiate going down the road, we

25   still need to focus on this issue.  It's a very critical factor

1 | to how we shape and negotiate the plan.  So opening the

2 | floodgates is a real harm to the debtors.

3 | There is, in addition, the fact that, as you know,

4 | we and counsel, Jason Cornell for Mr. Bates, have been here

5 | before with you and we have put on the witness of David Bralow,

6 | one of the many in-house lawyers who specialize in First

7 | Amendment and defamation things.  This is part of the daily

8 | bread and butter of this company and we have settled, as you

9 | know, in the Gutman (phonetic) case, claims asserting

10 | defamation.

11 | This is not one that we think has sufficient merit

12 | to be settled.  I don't want to go into the details of that.

13 | We don't need to in terms of whether there is to be allowed a

14 | late filed claim or relief from stay, but I do think it's

15 | important for you to know, based on the expert analysis and the

16 | amount of discovery that's gone on in this case, that our

17 | counsel specializing this does not believe that this claim has

18 | merit.  That's only relevant to should we allow the procedure

19 | of a late filed claim to somehow do injustice.

20 | There is still not a grave harm that would come to

21 | Mr. Bates.  He is proceeding against the two reporters.  We are

22 | defending those two reporters because they are current

23 | employees of us.  So in the scheme of justice what we're trying

24 | to do here is two things for the benefit of the debtors'

25 | estate.  One, not to open the flood gates, and number two, not

1    to allow effectively what we often find in these types of

2    cases, two bites at the apple.  One involving actions against

3    reporters and the other involving actions against the

4    publisher.  Often there is an attempt to get paid twice in that

5    vehicle, as we watch the litigation commence, and if they have

6    missed the bar date, we would just as soon cut off their rights

7    by virtue of their failure to do that.

8            So those are the two fundamental reasons why we

9    believe the debtors' estate would be harmed by permitting Bates

10   to file a late claim.

11           THE COURT:  All right.  Thank you.

12           MR. LANTRY:  Thank you, Your Honor.

13           THE COURT:  The committee filed a joinder.  Does the

14   committee wish to weigh in at all?

15           MR. LEMAY:  Your Honor, David LeMay from Chadbourne

16   and Park, the Official Committee of Unsecured Creditors.  I

17   don't see the need to occupy a lot of courtroom time.  The

18   committee did join in the debtors' position on both motions and

19   stands by the papers that it submitted.  I have nothing further

20   to add.

21           THE COURT:  All right.  Thank you.  Give the debtor

22   the last word -- I mean the movant the last word.

23           MR. CORNELL:  Your Honor, again Jason Cornell on

24   behalf of Mr. Bates.  If the Court would permit, I would like

25   to briefly address the Rexene factors.

1        THE COURT:  Well, let me ask you this.  I think the

2   debtor is right that the way to approach this analytical is

3   first to determine whether a claim should be filed, and if not,

4   doesn't that make the relief requested in the lift stay motion

5   moot basically?

6        MR. CORNELL:  Your Honor, I shared that very point

7   with my co-counsel and client before we came here.  The Court,

8   I said, very well may want to hear the motion to extend the

9   claims bar date before we even get to relief from stay.  So

10  could I then discuss Pioneer first, to see if we could move on

11  to Rexene?

12       THE COURT:  I think you should.

13       MR. CORNELL:  Okay.  Thank you, Your Honor.

14       The factors in Pioneer are the danger of the

15  prejudice to the debtor, as the Court knows well, the length of

16  delay, the reason for the delay and whether the party seeking

17  relief acted in good faith.  Starting with the danger of the

18  prejudice, Your Honor, I think that is a non-issue here because

19  as there is not a dispute.  The debtor knew of this claim in

20  their schedules.  This has been listed as a contingent, un-

21  liquidated claim.  After the debtors filed their response to

22  the motion for relief from stay raising this issue, I

23  immediately advised co-counsel and my client we need to seek

24  permission from the Court to have this bar date extended.

25  We're talking about an April date and we filed a proof of claim

1    in August -- early August of this year.  So the danger of the

2    prejudice, Your Honor, all we did was file a piece of paper

3    that says my client has an un-liquidated contingent proof of

4    claim, something the debtors already knew and we attached a

5    copy of the complaint.  So there I think what -- and this is

6    the overlie -- arching theme of both of our motions, Your

7    Honor, is this is being used as a sword and not a shield by the

8    debtor.

9             THE COURT:  You know, and I will tell you, that's --

10   it just sticks in my craw that there's so little acknowledgment

11   here was that your client approached this all the wrong way and

12   backwards.  And even assuming, without deciding and it doesn't

13   require a response from the debtors' side, that the debtor said

14   all kinds of horrible things would befall counsel and Mr. Bates

15   for doing what they did, even assuming they said all those

16   terrible things, it does not excuse what happened here.

17            And I've -- first of all, the movant here has

18   presented no evidence in support of either motion.  I've heard

19   argument of counsel only.  I don't know, however, that the

20   material facts are disputed.

21            MR. CORNELL:  That's correct..

22            THE COURT:  But I just -- you've -- and maybe this

23   is the only strategy you can choose to take, I don't -- that's

24   up to the movant to take, but you have to stop blaming somebody

25   else for the shortcomings of your client.

1          MR. CORNELL:  And, Your Honor, as I stand here

2    today, we are not blaming.  What I did do intentionally, was I

3    shared with co-counsel all right, an action has been filed

4    that's in clear violation of the stay.  We're going to come to

5    court -- we, both counsel -- and we're going to explain why.

6    And counsel, not a bankruptcy practitioner, a litigation

7    attorney, tried to convey to the Court his concerns that if he

8    did anything further, other than protect the jurisdiction of

9    the underlying State Court, he would be sanctioned.  That was

10   his concern, rightly or wrongly.

11          Your Honor, debtors have not even mentioned the

12   point that under the bankruptcy code the stay was continued --

13   or it did not -- or I'm sorry, the statute of limitations would

14   not apply arguably to the underlying action once the case

15   filed.

16          THE COURT:  Well, you know what, I'll give you

17   something there.  I sometimes find people debating that point,

18   so let's assume that wouldn't have acted to extend the time for

19   the moment.  The thing to do, if counsel was under incredible

20   pressure to beat a statute of limitations, and I'm not

21   condoning -- I'm not sanctioning this process, would have been

22   to file the lawsuit and then come immediately to bankruptcy

23   court and say here's what we did, here's why we did it, you

24   know, annul the stay, but that didn't happen.

25          MR. CORNELL:  Instead, Your Honor, that happened --

1  the filing happened in the summer, here we are now 13 months

2  post.  And what we're saying to the Court is this, if these

3  debtors' objections are sustained and the law that they cite is

4  proper, but we disagree with the factual basis in support of

5  the objections, then what they have done -- and now I'm going

6  to get into Rexene, what they have done is, instead of allowing

7  the stay to preserve the status quo, which is what it's

8  intended for, they're using it as a sword.

9            And, Your Honor, I would argue debtors would

10 disagree that they do not want this case to proceed in

11 Baltimore County.  You have a defendant -- I'm sorry, you have

12 a plaintiff in Baltimore County who all he does is defend

13 criminal defendants -- inner city defendants.  You have a jury

14 in Baltimore County that may be prejudicial and that may be of

15 a concern to the client -- or I'm sorry, to the debtors if this

16 matter proceeds.  So they have the opportunity here, rightfully

17 so, you cannot disagree with what the debtors are doing, to say

18 wait a minute, he's violated the stay.  Now don't lift it after

19 the fact, it's null -- it's ab initio, it's null and void, but

20 to do that you have a large claim -- I think the proffer, if

21 you may call of it, of my co-counsel was pretty clear, this has

22 affected my client substantially, as it did Dr. Gutman and his

23 family, and we seek relief so that he can have his day in

24 court.

25            The Court can't put aside what should have been done

1    and I did not expect this hearing to be pretty under any

2    circumstances today, but at the end of the day we have a client

3    who would like to proceed on the merits and if we don't get the

4    relief that we request, I don't believe that will happen.  And

5    so the automatic stay and the Court's ability to extend the

6    claims bar date will have become a sword and is not a shield.

7           I could go through the factors as far as the reason

8    for the delay, the length of the delay was four months, Your

9    Honor, going under the Pioneer factors.  Acting in good faith,

10   this Court does not like to hear it, but when practitioners,

11   you know, are faced with bankruptcy issues, they ultimately

12   need to find bankruptcy practitioners, and when they do we come

13   before the Court and try to correct what should have been done

14   months ago.  I think that is good faith here.

15          Switching to Rexene, the burden to the debtors, Your

16   Honor, for a -- defending a defamation action where they're

17   already defending in Maryland, the reporters, weigh that

18   against the burden to my client, we can't even find out who the

19   editor was, Your Honor, in the current situation --

20          THE COURT:  Well, why is that?

21          MR. CORNELL:  Why is that?  Because when we deposed

22   the reporters, this information as I understand it, and Mr.

23   Telfair would -- I think would tell the Court as well -- the

24   interviewers will -- or I'm sorry, the reporters will say that

25   information is in the debtors' possession.

1        THE COURT:  Well, debtors' counsel has acknowledged

2    to me that third-party discovery could be issued against

3    Tribune.

4        MR. CORNELL:  It could, Your Honor, but --

5        THE COURT:  So, you know, why do you need relief

6    from the stay?  He says you don't need relief from the stay to

7    do that.

8        MR. CORNELL:  Just for that one point, Your Honor.

9    That's just a fraction of the prejudice to my client.  The

10   other alternative is --

11       THE COURT:  Well, it's not prejudice because you're

12   free to do it.  So in terms of this proceeding, based on the

13   debtors' acknowledgement and I think the debtors' position is

14   probably correct, that you don't need relief from the stay to

15   do it.  So there is no prejudice in failing to grant relief

16   from the stay for the purpose of pursuing third-party

17   discovery.  I call it third-party, even though they're

18   technically still a party, against the debtors.

19       MR. CORNELL:  But that's only the tip of the

20   prejudice.  The other part, Your Honor, is the debtor is out.

21   We have the two reporters.  The debtor is out and you have

22   editors or editors who know why they wrote the lawyer engaged

23   in street justice and what they had.  So if we just only allow

24   third-party discovery we never bring in the party, the

25   institution, that allowed this conduct to go forward in the

1  first place.  It's only -- it's -- the trial would proceed in

2  halves, because I asked my co-counsel, I said well, can you

3  proceed to trial with just the two reporter defendants, and he

4  could articulate for you why that would not be successful for

5  the client.

6          I won't get into likelihood of the success of merits

7  because I think Mr. Telfair --

8          THE COURT:  When you say successful, you mean

9  there'd be no monetary recovery available or there'd be no

10 vindication of his reputation because the paper would not have

11 been held liable for anything?

12         MR. CORNELL:  Both, Your Honor.  And here is why, it

13 is possible, because the reporters are currently limited in the

14 information that they can testify to, that there would be no

15 recovery against the reporters at all because our client cannot

16 prove its case without the debtor being a part of this action.

17 So the reporters --

18         THE COURT:  Explain that to me.

19         MR. CORNELL:  The reporters, as I understand it,

20 Your Honor, only have limited knowledge as to how this article

21 made it to the paper.  There is an allegation, Your Honor, that

22 we are prepared to support, that these articles are still up on

23 the web page of the debtor in a category next to, I believe

24 it's -- I'm going to get the name wrong, Zarqawi an alleged

25 terrorist as far as there's the category of Mr. Telfair's

1    article, there's the article of Mr. Zarqawi, if I'm pronouncing

2    the name properly.  This is still alive and well and for

3    whatever reason, this is on the web.  It's harmful to my

4    clients -- or to my client.

5        THE COURT:  Well, I don't know.  When the press

6    reports on the proceedings of this court we don't get to choose

7    where it goes either, you know.

8        MR. CORNELL:  We don't, Your Honor, but as Your

9    Honor will recall with the Gutman case, as debtors' counsel

10   recalled, they have serious consequences.  And that's why,

11   despite all the things that should have been done, we're asking

12   that Your Honor grant the motions in their original form.

13       THE COURT:  All right.  Thank you.

14       MR. CORNELL:  Thank you, Your Honor.

15       MR. LANTRY:  Your Honor, I don't think I need to say

16   anything more, but our counsel has sent me a number of emails

17   and there's one issue that I think we need to correct the

18   record on.  There have been any number of emails in terms of

19   misrepresentations that have occurred here, but in terms of the

20   discovery, Bates has not yet even deposed either of the two

21   reporters, so some of the representations that have made --

22   have been made here about how they're not forthcoming are just

23   not accurate.  Thank you, Your Honor.

24       MR. CORNELL:  Your Honor, I do not want to misinform

25   this Court, and I did misspeak.  The reporters I was referring

1  to, that information was coming in response to interrogatories

2  that they did not have the information.  Thank you.

3       (Pause in proceedings)

4            THE COURT:  I do agree with the debtor, as I said

5  earlier, that I think the Court needs to address first the

6  motion to determine whether there should be a filing of a late

7  claim or not.  And while as I said, I'm not sure that the

8  material facts are in dispute, nobody has submitted to me a

9  stipulation which confirms that, nor have the parties addressed

10 specific facts.

11           I frankly -- I don't think I've yet -- now it's

12 possible, though it's going on almost 10 years I've been on the

13 bench now, it's possible that I've granted a motion to file a

14 late claim, but I rarely do it, if I've ever done it, in the

15 absence of testimony and a factual record because I think so

16 much of it relies on veracity of witnesses about who received

17 what when.

18           So in the absence of such a record here, what I'm

19 going to do is deny the motion to file a late claim, but I'm

20 going to do so without prejudice.  If the movant here wishes to

21 re-file it and make a factual presentation, I will consider it.

22 I will give a preliminary view that I guess the parties have

23 really kind of already heard, and that is with respect to the

24 Pioneer factors, I don't think the movant here has a very good

25 good faith argument, but I will say I might be convinced on the

1    other factors.  No one factor in the <u>Pioneer</u> test is

2    determinative and I don't meant to invite future litigation or

3    a replay of this hearing, but under the circumstances and

4    without making any determination about whether the claim has

5    merit or not, I'm going to deny the motion without prejudice.

6            So I'd like to ask the parties to confer and submit

7    a form of order that provides that for my consideration.  The

8    form of order should also dispose of the motion for relief from

9    stay as moot, as a result of the determination of the motion to

10   file a late claim.  Are there any questions?

11           MR. CORNELL:  Briefly, Your Honor.  Again, Jason

12   Cornell for the movant.  I know, Your Honor, we've presented

13   you with an unusual situation and the Court has tailored a

14   response appropriately.  The Court is not -- would not allow

15   then the parties to schedule now an evidentiary hearing where

16   we could indeed proceed with the motion to extend the claims

17   bar date and put that factual record on before the Court?

18           THE COURT:  No, I want you to go back and talk to

19   your client about what you must know I need to hear in order to

20   grant the relief on the motion for a late claim.  And when that

21   comes, we'll schedule a hearing.

22           MR. CORNELL:  Thank you, Your Honor.  Understood and

23   I will work with debtors' counsel to draft an appropriate order

24   from today's hearing.

25           THE COURT:  Thank you.

1          MR. CORNELL:  Thank you.  Your Honor, if there's

2     more in this matter, may we be excused?

3          THE COURT:  You may be excused.

4          MR. CORNELL:  Thank you.

5          THE COURT:  Okay.

6          MR. LANTRY:  Your Honor, I believe the next item is

7     Number 13, which is a motion to reinstate by Law Debenture, so

8     I'll leave it to them to address.

9          THE COURT:  A status hearing, yes.

10         MR. KORPUS:  Good morning, Your Honor.  Sheron

11    Korpus of Kasowitz, Benson Torres and Friedman, for Law

12    Debenture, the Indentured Trustee.

13         Your Honor, this motion is on for a status

14    conference.  You will recall that the motion was fully briefed

15    and argued in March of this year and was taken under advisement

16    by the Court.  Subsequently, Your Honor, as part of the

17    settlement that was entered into, a stipulation was filed that

18    Law Debenture would withdraw the fee motion without prejudice

19    to reinstating it for decision by the Court if the agreement is

20    terminated.  That was -- stipulation was presented to the Court

21    under certification of counsel at Docket Entry 3995.

22         Your Honor, also knows that the stipulation provided

23    for no additional briefing or argument on the motion if it is

24    to be reinstated, but simply to be presented to the Court for

25    decision on the record to date.  As the settlement agreement

1   indeed has been terminated, Your Honor, we simply request that

2   the Court rule on the motion as submitted.

3           THE COURT:  All right.  Does anyone else wish to be

4   heard in connection with this matter?  I hear no response.

5           Frankly, for reasons I'm sure you understand, this

6   is not a matter that I'm inclined to undertake at least until

7   conclusion of the mediation, which is scheduled, I know for --

8           MR. KORPUS:  I understand the Court will deal with

9   the motion according to its schedule.

10          THE COURT:  -- for your weekend activity next week.

11          MR. KORPUS:  Understand, Your Honor.

12          THE COURT:  All right.

13          MR. KORPUS:  Thank you.

14          THE COURT:  Thank you.  Okay.  Number 14?

15          MR. LANTRY:  Your Honor, this is the debtors'

16  application to employ Jones Day as special counsel for the

17  special committee.

18          THE COURT:  All right.  Has this been resolved?

19          MR. LANTRY:  No, Your Honor.

20          THE COURT:  All right.  Let me speak to the U.S.

21  Trustee first, if I may?

22          MR. LANTRY:  Thank you, Your Honor.

23          MR. KLAUDER:  Good morning, Your Honor.  David

24  Klauder for the United States Trustee.

25          THE COURT:  Mr. Klauder, I have to tell you, based

1  on the submissions and given the present posture of the case,

2  despite the legitimate concern that the U.S. Trustee has

3  pointed out and which the Court shares, it seems to me that

4  this is absolutely the right thing to do, in connection with

5  the forming this special committee, you know, pulling away from

6  the full board, which is justly or not, viewed as being too

7  connected or controlled by management or -- and ownership, in

8  light of the fact we're on the eve of a mediation, this mini

9  fresh start seems to me to be really a good idea.  Tell me why

10 I'm so off base in that view?

11           MR. KLAUDER:  Your Honor, I'm -- I think you

12 probably took from me -- or I hope you took from the objection

13 that we weren't challenging the corporate governance issue of

14 creating the special committee, nor do I think it would be

15 appropriate, at least in this vein, to do that.  Our questions

16 really went to the necessity of bringing in the extra law firm,

17 Jones Day, which we think will be at a significant cost to the

18 state.

19           THE COURT:  Yeah, they're not known as a discount

20 shop, if I understand correctly.

21           MR. KLAUDER:  And by the way, Your Honor, I've had a

22 number of conversations with debtors' counsel and Jones Day, so

23 we've kind of talked through these issues and we ultimately

24 determined that we thought it would be appropriate to at least

25 discuss them with the Court.

1          You know, one of the issues here is we thought the

2     application was sufficiently vague as to -- primarily as to the

3     delineation of duties among the various firms.  And the -- what

4     we think will be, by the nature of the retention here,

5     duplicative work among all three of the firms.  As the debtors'

6     reply sets out, the role of -- or excuse me, the role of Sidley

7     Austin and Cole Schotz remains unchanged.  So they are primary

8     restructuring co-counsel here.  You're bringing in another law

9     firm that will advise the special committee, who in effect is

10    the debtor, as it were, for the plan process.  They are the

11    decision making authority for the plan process.  So --

12          THE COURT:  And I recognize that normally stated

13    that way, that's not a role that special counsel would normally

14    fill.

15          MR. KLAUDER:  Right.

16          THE COURT:  When you look at the nature of

17    employment, somebody with broad authority would typically not

18    be a special counsel, but these are, at least in my experience,

19    somewhat unusual circumstances.

20          MR. KLAUDER:  Your Honor, we understand that.  This

21    is an extraordinary case and maybe this remedy is appropriate

22    here, but again we felt it was necessary to address our

23    concerns with the Court.  We have a statutory role to monitor,

24    not only retention applications for professionals, but their

25    fees as it were.  And I see this as I think we may be back here

1  at a later time addressing fee issues.

2          THE COURT:  Which is a perfectly legitimate

3  exercise.

4          MR. KLAUDER:  Correct.

5          THE COURT:  So those were the reasons for the

6  objection.  Again, we're not challenging the creation of the

7  special committee.  We thought the application was vague, as it

8  related to not only the delineation --

9          THE COURT:  Well, are there things that you think

10  could be done to better tailor an order approving the

11  engagement of the firm?

12          MR. KLAUDER:  Well, I'm not so -- well, I don't

13  know.  I mean, without any -- there are numerous sort of

14  circumstances that could happen that we could think of and

15  probably numerous more that we won't think of that may be

16  concerning to us.  So I'm not sure that the retention order

17  would be the best way to do that.  Perhaps we put in the order

18  what specifically Jones Day is being retained, not only they're

19  being retained for the special committee, but they're purported

20  what they will be doing, as far as the plan process.

21          I mean, as it's been related to me, Jones Day isn't

22  doing the heavy lifting in the case.  Sidley will still create

23  the pleadings and present in front of the Court and Jones Day

24  will advise the special committee as part of this sort of

25  finite issue, what really is the global issue in the case, but

1    -- so perhaps maybe we can set that out in the retention order.

2    That might provide at least a little comfort for our office,

3    but again I think there are a number of circumstances that may

4    arise in the case where we may be back here addressing

5    duplication and fee issues.  So we felt it appropriate that we

6    should at least address it now.

7                THE COURT:  All right.  Thank you.

8                MR. KLAUDER:  Thank you, Your Honor.

9                THE COURT:  I'll hear from the debtor.

10               MR. LANTRY:  Your Honor, as you say, given the

11   importance at this juncture in the case of a special committee,

12   we felt that it was appropriate when the special committee

13   asked for its own special counsel that they be permitted that.

14   It is customary practice, particularly post Sarbanes-Oxley, for

15   special committees to have their own special counsel and that's

16   understandable in terms of preserving the insulation, the

17   confidentiality, the very integrity of the special committee

18   and its purpose and role.

19               As a result of that, although I think both counsel

20   for Jones Day who may want to speak momentarily and I spoke

21   separately with David Klauder trying to think of how could we

22   put some guideposts, some fences, some something to preserve or

23   to set guidelines for keeping the cost down so that we were

24   sharing rather than stepping over each other.  It was hard

25   because each time we tried to delineate something we weren't

1  sure if that was combining -- confining, dictating what the

2  special committee might need to do with its special counsel.

3         So I think the best route is for you to advise us to

4  be very careful and to let the U.S. Trustee watch the fees and

5  I'm afraid that that's about as good as we can conceive of in

6  terms of the circumstances of the case.

7         THE COURT:  All right.  Thank you.  Does anyone else

8  wish to be heard in connection with this application?

9         MR. ERENS:  Good morning, Your Honor.  Brad Erens,

10  E-R-E-N-S, of the firm Jones Day.  I suppose I come up here for

11  two reasons.  One is just to introduce ourselves, assuming Your

12  Honor approves our retention application subject to whatever

13  terms will now be in this case.

14         I think it's clear that the issue here is fees and

15  we would reiterate what we said in our response, which is we,

16  as well as all the other professionals in the case, are subject

17  to continual fee review and we've heard the concern of the U.S.

18  Trustee so we are mindful of that as we go forward and I think

19  that's the whole issue.  In terms of being more specific in our

20  retention order or otherwise, I guess I'd say the following.

21         One is, the language we put in our retention

22  application as to what the charge of the special committee is,

23  that's not just sort of made up.  That is verbatim from the

24  board resolution that was passed by the Tribune board.  So we

25  want to be clear on that.  That is exactly what the special

1  committee has been charged to do.  And as a result we are being

2  asked to represent them in capacity -- in connection with all

3  those activities.

4          But the reality is what Mr. Lantry said, which is we

5  are not doing the heavy lifting.  We are advising the special

6  committee with respect to strategic issues in connection with

7  the plan and the LBO causes of action.  Cole Schotz and Sidley

8  and Austin will day-to-day do everything they've been doing,

9  drafting motions, drafting plans, calling any number of

10  creditors or parties of interest.  We spend most of our time

11  considering the issues, talking with key parties, and to the

12  extent we wind up drafting, so to speak, it will probably be at

13  the "term sheet stage" and not anything beyond that.

14          And I can't per se promise all that, but that's

15  really the expectation.  And I just want to make sure everybody

16  was clear on that, because with that we really don't think

17  there will be duplication.  We have a special or separate

18  client, so to speak, even though they are part of the debtor,

19  and so you could call that duplication, but I suppose the point

20  is once you agree the special committee is necessary there is

21  duplication in that sense, but we don't think that's the

22  duplication that really the U.S. Trustee is talking about.

23  There is more fees because there is a special committee.  We

24  don't believe at all we're doing the same thing that Sidley and

25  Austin is doing or Cole Schotz.

1          THE COURT:  All right.  Thank you.  Anyone else wish

2    to be heard?

3          Okay.  I am going to approve the application under

4    the terms that have been suggested.  I do, as I said to Mr.

5    Klauder, share the concern about increase in costs, which I

6    think at least for now are justified under the circumstances.

7    Counsel are obviously from their statements well aware that

8    they must be mindful of avoiding duplication of services.

9    There is a fee examiner in this case who drills down very hard

10   on that stuff and the U.S. Trustee's Office, and the Court will

11   be looking at that as well.

12          I'll say only that at such time as the U.S. Trustee

13   or any other party thinks this representation ought to be

14   revisited, they're free to file the appropriate motion with the

15   Court and we'll take a look see.  Is there a form of order?

16          Okay.  While you're looking for that, let me take a

17   five minute recess and we'll pick up the scheduling portion of

18   today's proceedings.

19        (Recess taken from 12:05 p.m. to 12:12 p.m.)

20          THE CLERK:  All rise.

21          MR. LANTRY:  May I approach, Your Honor, with the

22   form of order?

23          THE COURT:  Yes.  Thank you.

24          MR. LANTRY:  And, Your Honor, this is the form of

25   order that was submitted with the application.  We've shown it

1  to U.S. Trustee's counsel.

2          THE COURT:  Very well.  That order has been signed.

3          Okay.  Now, I received yesterday the following

4  motions:  expedited motion to schedule hearing to consider

5  Aurelius motion for the appointment of a Chapter 11 Trustee and

6  for filing under seal of a redacted portion of the motion of

7  Aurelius Capital for appointment of a Chapter 11 Trustee.  I

8  received also an emergency motion to shorten notice and for

9  expedited consideration of Aurelius' motion to disqualify

10  Chadbourne and Park from acting on behalf of the committee, in

11  which it has conflicts of interest.  And a companion motion --

12  companion emergency motion by Aurelius regarding filing under

13  seal of redacted portions of the motion to disqualify

14  Chadbourne and Park.

15          So I take it with respect to -- well, let me not say

16  anything.  Let me just turn to the movant here and ask what it

17  wants in the way of scheduling.

18          MR. FRIEDMAN:  May it please the Court, Your Honor,

19  this is Edward Friedman with the firm of Friedman, Kaplan,

20  Seiler and Adelman.  Our firm, along with Ashby and Geddes, is

21  counsel for the movant here, Aurelius Capital Management.

22  There are -- as Your Honor states, there are two motions.  Both

23  have urgent aspects as to scheduling.  The urgency, we believe,

24  is somewhat different with respect to the two motions.

25          First, with respect to the motion regarding

1  disqualification of Chadbourne and Park as to matters with

2  respect to which that firm has conflicts, that motion is most

3  time sensitive because we believe that it implicates the

4  integrity of the mediation process.  What that motion explains

5  is that we have tried without success to obtain a delineation

6  from Chadbourne and Park and from Zuckerman Spaeder as to the

7  lines of authority and scope of responsibility as between the

8  two firms.

9         We have set forth in the motion the factual basis

10  for the very serious concerns we have that, notwithstanding the

11  acknowledged conflicts on the part of Chadbourne and Park and

12  notwithstanding the bringing of the Zuckerman Spaeder firm to

13  handle matters where Chadbourne and Park has a conflict, what

14  we've seen as set forth in our papers is extensive activity by

15  the Chadbourne and Park firm in matters where the Zuckerman

16  Spaeder firm should be involved.

17         And with respect to the mediation coming up for next

18  week, Your Honor, the concern we have is that we all are

19  working very hard to make that mediation as successful as

20  possible.  In order to make the process work, we believe it's

21  critically important that all the parties in the mediation be

22  properly represented.  The committee is obviously a very

23  important party in the mediation.  What is central to mediation

24  will be the LBO related causes of action, the proper resolution

25  and evaluation of those causes of action, all as addressed in

1    the examiner's report and other filings of the parties.  This

2    is precisely the area in which Chadbourne and Park has

3    conflicts.  As we set out in our papers, this is precisely the

4    area in which the committee should be advised and represented

5    by counsel that does not have conflicts.

6              When it comes to formulating a settle -- a proposed

7    settlement, advising a client on how these LBO related causes

8    of action should be settled, we think it's very important to

9    the process that the committee be represented by conflict free

10   counsel.  And as we explained in our papers, conflict free

11   counsel means conflict free counsel not two law firms, one of

12   which is heavily conflicted and the other one of which is not.

13             So the time sensitivity, Your Honor, with respect to

14   that motion is we are requesting a hearing in advance of the

15   mediation so that Your Honor will have an opportunity to hear

16   from the parties, consider the issues and decide whether, in

17   advance of the mediation, the committee should be represented

18   as we say it should be solely by Zuckerman -- by the Zuckerman

19   Spaeder firm for purposes of the mediation.

20             THE COURT:  All right.

21             MR. FRIEDMAN:  So I don't know if you'd like me to

22   address timing with respect to the other motion, Your Honor, or

23   --

24             THE COURT:  No, let's address them one at a time, if

25   that's okay.  Let me hear from others.

1          MR. LEMAY:  Good morning again, Your Honor -- good

2    afternoon now.  David LeMay from Chadbourne and Park for the

3    Official Committee of Unsecured Creditors.  Your Honor,

4    normally I guess just it being human nature when a paper comes

5    in that kicks a great deal of dirt upon oneself and one's

6    partners and one's firm and one's co-counsel and one's client,

7    there's a normal, I suppose, tendency to want to write the

8    mother of all briefs to, you know, scotch every innuendo, to

9    set straight every wrong statement of fact, but here however we

10   do agree -- the committee agrees, that is -- and I'm speaking

11   now for the committee, not for Chadbourne, that it's important

12   that this issue be dealt with before the mediation.

13          There's been an attempt to create a cloud over the

14   mediation.  We'd like to see that cloud resolved.  Mr. Friedman

15   has made our briefing task quite a bit easier, in that he

16   accuses of -- with heated rhetoric, but he accuses us of

17   basically doing that which we have said from the outset of the

18   case in our retention papers that we would be doing and accuses

19   Zuckerman Spaeder of doing that which from the inception of its

20   retention it has said publicly and after disclosure that it

21   would be doing and pretty much accuses the committee of doing

22   what it has said that it would be doing.  So in many ways --

23          THE COURT:  So you're pleading guilty in other

24   words?

25          MR. LEMAY:  I am not pleading guilty to all of Mr.

1  Friedman's assertions or any of them.  I basically am pleading

2  guilty, if that's the word, to the fact that Chadbourne and

3  Park is representing its client and obviously in our justice

4  system generally it's clients, not third parties, who get to

5  decide who they want to hire lawyers and under what

6  circumstances.

7          We're happy to talk about all that, Your Honor, but

8  we, I guess, feel that if the Court wants to accelerate the

9  consideration of this Chadbourne related motion and get it done

10  before the hearing, that would be a good idea.  There is an

11  awful lot said in the paper that Mr. Friedman put in and we do

12  need to respond.  We've been working on a brief since the

13  moment that these papers came in, but I think the committee

14  would be prepared to have a hearing next week.

15          I should mention Mr. Macauley from the Zuckerman

16  Spaeder firm is here today.  I think it would be important that

17  if there is a hearing that it be a date on which both

18  Chadbourne and Zuckerman Spaeder could be present.  The

19  colloquy at the hearing might require both firms to speak, but

20  essentially I don't think we really quarrel with Mr. Friedman's

21  suggestion that this ought to be dealt with before the

22  mediation if the Court can find time for us.  And if the Court

23  can't find time for us, I don't blame you, you're a very busy

24  judge.

25          THE COURT:  Well, I pretty much have a single window

1  and it is Wednesday, September 22nd at 1:30.  I hope everyone

2  is available.

3              MR. LEMAY:  I know from speaking with our co-counsel

4  that that is a -- I believe Wednesday is a very tough time for

5  the Zuckerman Spaeder firm, not for Chadbourne, but of course

6  you're the judge and you get to set the hearings and we should

7  comply with the settings that you give us.

8              THE COURT:  Well, I mean I wish I could accommodate

9  everybody's schedule.  I just -- I have all day evidentiary --

10 I have a two day evidentiary hearing scheduled to begin on

11 Monday, so that consumes those two days.

12             MR. LEMAY:  May I have a moment just to confer with

13 Mr. Macauley, just to see, you know --

14             THE COURT:  Certainly.

15      (Counsel confer)

16             MR. LEMAY:  My colleague has advised me that

17 although Mr. Bush personally has to be in a deposition and

18 can't be available, the Zuckerman firm can cover a Wednesday

19 hearing.  So although it's not our favorite date, we'd -- we

20 would do that.  I guess we would want to talk a little bit

21 about deadlines for submissions of briefs.  We are now briefing

22 under a gun and that's probably a gun of our own creation, I

23 understand, by having exceeded to the request for acceleration.

24             I should also say before I get off the podium that

25 we're going to have a somewhat different view on the trustee

1  motion and I'd like to address that in due course.

2          THE COURT:  And I understand that.  We will take

3  that next.

4          Okay.  September 22nd at 1:30 for a hearing.  Let me

5  ask, do you have a request with respect to a response day and

6  time?

7          MR. LEMAY:  Your Honor, because our adversaries in

8  this had plenty of time to get themselves organized and this

9  came kind of as a load of bricks on us, I would think that we

10  should have until Monday and if they want to put something else

11  in that's fine maybe right before the hearing, but I would like

12  us to have the weekend to put something together.  So that

13  would be my request.

14          I'd also say on the sealing motion, which is I think

15  a pretty huge red herring, I --

16          THE COURT:  I'd schedule that for --

17          MR. LEMAY:  You want -- okay.  Fair --

18          THE COURT:  -- the same day and time.

19          MR. LEMAY:  Yeah, thank you.  That's exactly what I

20  was going to say.

21          THE COURT:  Yeah.

22          MR. LEMAY:  Yeah.

23          THE COURT:  So Monday, say 4:00 o'clock eastern?

24          MR. LEMAY:  Sure.

25          THE COURT:  Okay.  Any issue with that?

1          MR. FRIEDMAN:  Your Honor, we'd like to get it

2    sooner.  I understand they're under time pressure.  I'm not

3    going to fight with them about the timing of their papers.

4          THE COURT:  Okay.  I think that's wise.

5          MR. FRIEDMAN:  Okay.  I do have -- just, Your Honor?

6          THE COURT:  Yes?

7          MR. FRIEDMAN:  If I may have one comment on the

8    schedule, which is that the mediation statements are due on

9    September 20.  I recognize there's a disagreement on the part

10   of committee counsel with respect to what we have explained in

11   our motion, but part of our concern is that the mediation

12   statement submitted by the committee should be untainted by the

13   conflicts we have set forth in our papers.

14          So our request and proposal would be either that the

15   committee's submission is delayed under September 22 when Your

16   Honor will have a chance to consider the matter or that the

17   committee's statement be prepared in advance of September 20

18   solely by the Zuckerman Spaeder firm.

19          THE COURT:  Well, how are the submissions -- are the

20   submissions to the mediator simultaneous submissions?

21          MR. FRIEDMAN:  Yes, all submissions are scheduled to

22   go in on September 20, Your Honor.

23          THE COURT:  Any thoughts about that?

24          MR. LEMAY:  I do.  Your Honor, David LeMay again.

25   Counsel has requested certain relief before the Court.  Counsel

1    has got the burden on that, he's got to prove his motion, and

2    to give him in effect provisional or TRO type remedy that says

3    that we can't do what we've been doing pending a hearing is, in

4    my view, preposterous.

5             Now, if the Court wants to say, and if Judge Gross

6    as the mediating judge doesn't mind, that the committee gets a

7    couple extra days to put its statement in, I guess who could

8    quarrel with that.  But I certainly would quarrel, and quarrel

9    very vigorously, with any notion that he -- that counsel gets

10   to deem himself the winner on a provisional basis before Your

11   Honor has even heard a word.

12            THE COURT:  Well, let's put it this way, in terms of

13   whether the submission schedule should change, I leave to the

14   mediator.  And I'm not inclined to order anything otherwise

15   today.

16            Okay.  Let's deal with the Trustee motion.

17            MR. FRIEDMAN:  Your Honor, with respect to the

18   timing of the Trustee motion, our request and proposal is that

19   it be scheduled as soon as is convenient for the Court after

20   the mediation.  And I believe the date we set forth in our

21   papers was October 1 or as soon thereafter as would be

22   convenient for the Court.

23            As we explain in our motion, we believe that the

24   appointment of a trustee is necessary regardless of the success

25   or failure of the mediation.  The parties, including Aurelius,

1    are working hard to make the mediation as successful as

2    possible.  If it is successful and results in a resolution,

3    there still will be a very brief window of time between the

4    conclusion of the mediation and December 8, 2010 when statutes

5    of limitation are expiring and when important decisions and

6    actions will have to be taken with respect to causes of action,

7    including seeking tolling agreement, formulating tolling

8    agreements, determining what the appropriate course of action

9    is with respect to such matters.

10           We think it is critically important that in this

11   very important period of time there be a totally disinterested

12   fiduciary who is involved in and in charge of these decisions.

13   And that also, for the reasons set forth in our papers,

14   separate and apart from just the LBO related causes of actions,

15   the factors under Section 1104 do mandate the appointment of a

16   trustee.

17           So for those reasons, Your Honor, our request is

18   that the Court hear this motion as soon as the Court is able to

19   do so after the conclusion of the mediation.

20           THE COURT:  Okay.  Well, let's just suppose

21   hypothetically that this motion will be opposed.  How much time

22   do you think such a hearing would consume?

23           MR. FRIEDMAN:  I don't know, Your Honor, how much

24   time the hearing would consume.  And I appreciate that this

25   week the parties are focused on the mediation and that is why,

1   in terms of scheduling, I would anticipate that Your Honor

2   would take into account the time needed for the parties who

3   oppose the motion to submit papers and the time needed by the

4   Court to hear the parties at a hearing.

5           THE COURT:  Thank you.  I'll hear from others.

6           MR. BANDERNAGEL:  Your Honor, Jim Bandernagel,

7   Sidley and Austin for the debtors.  So that the issue isn't

8   hypothetical, we intend to oppose the motion.  I don't think

9   that comes as a surprise to anybody.  I won't get into the

10  merits today because this isn't the appropriate time to do

11  that.

12          There is a basic procedural question, though, that

13  should focus -- the Court ought to focus on.  We spent, two

14  weeks ago, a lot of time putting together the procedural order

15  for the mediation.  And Paragraph 10 basically said except for

16  motions with respect to standing to file and prosecute LBO

17  related causes of action or to facilitate the mediation without

18  leave of Court for good cause shown, mediation parties shall

19  not bring any motion or proceeding, blah, blah, blah, blah,

20  blah.

21          It's our basic position that this is not a standing

22  motion.  The UCC has filed the standing motion and they haven't

23  asked for -- they haven't shown good cause for bringing the

24  motion at this juncture -- at least that's not how the motion

25  is characterized.  So I think there's a basic procedural issue

1  as to whether this is in violation of the mediation order.

2  That's point number one.

3          The second point is to the --

4          THE COURT:  So you're saying the standing motion

5  hasn't been re-calendared?

6          MR. BANDERNAGEL:  No, there -- just so that it's

7  clear, there are two standing motions now in front of the

8  Court.  One that was filed back in the February -- very

9  beginning of February that basically was brought by the

10  Zuckerman firm and was aimed at the lenders.  More recently,

11  this Monday, both the Zuckerman firm and Chadbourne filed a

12  second standing motion that essentially had attached to it

13  something that was filed under seal that is a 90 page or so

14  complaint that essentially brings claims against all of the

15  other parties that conceivably could be attacked in this case,

16  including 1,000 John Doe's.

17          THE COURT:  Okay.  And has a notice of hearing on

18  that gone out?

19          MR. BANDERNAGEL:  Yes.  And the notice of hearing on

20  that is -- we queued it up for October 22nd with s response

21  date of October 1st.  And to the extent that this is

22  essentially the flip side of that motion, in the sense that

23  they're saying those guys really aren't the guys to bring this

24  -- these cases, we need a trustee to do that, it seems to me

25  that these things ought to be heard at the same point in time,

1    and certainly no earlier than October 22nd.

2         We have had discussions in the past, Chadbourne has

3    been religious in making it clear that we shouldn't be taking

4    any chances that we'd miss the December 8th statute of

5    limitations date and Your Honor has made clear to the parties

6    that isn't going to happen and I don't think there's any risk

7    of that.  I mean, you now have both standing motion -- you have

8    standing motions with respect to all parties that people have

9    been able to identify, you know, on file.  They're going to be

10   heard on October 22nd, I'm quite sure, and to the extent that

11   they're granted or adjustments are made, there are complaints

12   that are ready to go that would certainly preclude any

13   possibility that the statute of limitations wouldn't be met.

14        The argument that's made, that somehow we need a --

15   yet another person to examine these claims is bogus.  I mean,

16   the reality is everybody knows what the claims are and

17   everybody knows what the defendants are and there's no

18   prejudice.  It wasn't Chadbourne that -- you know, Chadbourne

19   certainly did its investigation, debtors did their

20   investigation, but everybody else has done an investigation.

21   The thing that's remarkable here is the only person that didn't

22   participate in the examiner's thing is Aurelius.

23        Now maybe they haven't done their examination, but

24   everybody else has and there's no question of what the claims

25   are, who the potential defendants are, and at this juncture

1    there are complaints that are essentially targeted at everybody

2    and then 1,000 more.  So I don't think that this claim, that

3    there's some risk that December 8th is going to pass and claims

4    aren't going to be filed is a real one.  I just think it's

5    bogus.

6            But in any event, I think the appropriate date for

7    scheduling this motion, to the extent you want to schedule it

8    all -- you know, it may be as a result of the hearing with

9    respect to Chadbourne, if Chadbourne stays in place of

10   Zuckerman takes over, there may be no need to do this because

11   there's a fiduciary out there that can handle this issue.  A

12   special committee has been formed at the board, it does seem to

13   me that there's an awful lot of protection here, but if you

14   want to hear it, our recommendation would be to do it on the

15   22nd.  I think we could be prepared to respond by the 1st.

16           I'm a little concerned that we not get distracted in

17   the next week or two from the mediation process because that's

18   really important to us and obviously we're going to have to do

19   a lot of work to respond to this motion, simply because it's 56

20   pages long, but you know, if -- I don't think it ought to be

21   any sooner than October 22nd.  You know, I don't know that we

22   need to respond as early as October 1st, but if we -- if that

23   is what you ordered because that's what's been set for the

24   standing motion, we'd be glad to do that.

25           THE COURT:  All right.

1          MR. BANDERNAGEL:  I don't have anything further,

2    Your Honor.

3          THE COURT:  I'll hear from others.

4          MR. LEMAY:  Your Honor, David LeMay again from

5    Chadbourne and Park for the committee.  As I had hinted

6    earlier, the committee's position with respect to the timing of

7    this motion is different from our position with respect to the

8    disqualification motion.  Here, Your Honor, we had thought when

9    we were all negotiating the mediator appointment order in

10   Paragraph 10 thereof to which Mr. Bandernagel alluded, that we

11   were doing was creating a litigation free window for people to

12   attempt in good faith to see if there could be a mediation and

13   that seemed to be what Paragraph 10 said.

14         In part of that paragraph that Mr. Bandernagel

15   didn't quote it even goes on to say that all such motions,

16   namely motions relating to the LBO causes of action, that were

17   then on the calendar shall be stayed *sine die*, and we perhaps

18   naively took that to mean there would be a window in which

19   people were not shooting artillery and we'd actually try to get

20   a mediation done.  I think Aurelius clearly has a very

21   different agenda and that's not what they would want to do.

22   They would clearly like to see the litigation carnival continue

23   during the mediation, they'll disagree with that, so be it.

24         There's no emergency here, Mr. Bandernagel has

25   correctly pointed out.  One of the big points in Aurelius'

1  papers seeking expedition is that valuable causes of action

2  will be lost.  The second anniversary will come and go and

3  fiduciaries will fuddle and fumble and nothing will happen.

4  Mr. Bandernagel is right, we have been religious about that;

5  it's never going to happen.  We calendared -- we have now

6  calendared both standing motions, and there are two, one

7  brought by Chadbourne and Zuckerman and the Landis Rath firm

8  jointly, one brought simply by Zuckerman as to the areas where

9  we can't proceed.  Both of those are calendared for the October

10 omnibus.

11      Those were calendared in accordance with the normal

12 procedures for getting things on the calendar for an omnibus

13 hearing, setting the ordinary date prescribed the local rules

14 and procedures.  And so we did all that in a way that we

15 thought was the least controversial way and clearly we probably

16 wouldn't have even done that but for the looming statutes to

17 limitations.  Clearly we need to make sure that we get

18 resolution and that those lawsuits are not lost.

19      But both of those had already happened, or at least

20 both motions were on file, and certainly one of them was back

21 on the calendar prior to the filing of the trustee motion.  So

22 the statements in the trustee motion that, you know, nothing is

23 being done aren't true and weren't true when that document was

24 filed.

25      I don't see any rush here.  The only real rush, of

1  course, is that Mr. Friedman and his clients would like to get

2  a trustee in here and they'd like to do it sooner rather than

3  later.  There's already been an examiner, but you know, so be

4  it.  A trustee motion is one of the most radical forms of

5  relief that the bankruptcy code envisioned -- envisions.  It's

6  quite a momentous motion.  It really is -- perhaps in some

7  ways, maybe the biggest single motion that's been filed in this

8  case so far to date.

9            THE COURT:  That says a lot.

10           MR. LEMAY:  I'm sorry, Your Honor?

11           THE COURT:  That says a lot.

12           MR. LEMAY:  It does.  It does.  And so, that's a

13  momentous motion and people really ought to have a chance to

14  dig in and brief that one all the way down.  It is conceivable

15  that there will be a need for some discovery.  Given that the

16  main stated reason for a trustee has been exploded, namely this

17  idea that statutes of limitations are about to be blown, all

18  we're left with is the fact that Aurelius wants a trustee now

19  not later.

20           How that fits into any sort of good faith consensual

21  mediation process and program, I'm at a loss to say.  I spent

22  about a day of my life negotiating that mediator order in

23  Paragraph 10, others did the same, the Court had some

24  involvement.  I'm just not sure what we were all doing when we

25  agreed to that, and Aurelius did agree to it, if we're now

1  going to be back in litigation carnival mode.

2           So we would suggest, Your Honor, that that hearing

3  ought to take place no sooner than the October omnibus.  And I

4  think it's actually a good argument that it ought to simply be

5  put into suspense pending the mediation and then calendared

6  then.  And certainly that for a motion this momentous the

7  October 1 deadline is too soon and people ought to have a

8  chance to really respond.  This is significant relief that

9  they're asking for.  So that would be the committee's position,

10 Your Honor.

11          THE COURT:  Thank you.  Does anyone else wish to be

12 heard?  Briefly.

13          MR. FRIEDMAN:  Thank you, Your Honor.  First, with

14 respect to Paragraph 10 of the mediation order, our

15 interpretation was that the order prohibited motions or

16 proceedings seeking relief in connection with the LBO related

17 causes of action.  We did not interpret that order as closing

18 the courthouse door with respect to the motion that we just

19 filed regarding a trustee, which we think is a matter of

20 considerable urgency in light of the current status of the

21 cases, the need for -- the compelling need for an independent

22 fiduciary, as well as the impending deadline for statute of

23 limitations.

24          Mr. LeMay says, and Mr. Bandernagel both say that we

25 have fiduciaries here who are addressing the causes of action.

1  I would submit, Your Honor, that as we have set out in our

2  papers, and as is also reflected in the recent motions filed by

3  the committee, we do have a situation in this case where there

4  is a desperate need for an independent fiduciary and time is

5  short.

6            And the reason why time is short is that for the

7  first 21 months of this case until the examiner report was

8  issued there was very little productive activity and it took

9  the examiner report to expose the causes of action that needed

10 to be addressed and the strength of those causes of action.

11 And the conduct of various fiduciaries, as we have set forth in

12 our papers and as -- is also confirmed in papers filed by the

13 committee, lays out a compelling basis for the appointment of a

14 fiduciary.  And we're not talking about simply a fiduciary to

15 examine causes of action.  We're talking about an independent

16 fiduciary who will be in charge of the affairs of the debtor,

17 as well as the causes of action.

18            And the reasons for that again are set forth in all

19 of the papers that have been filed.  This is not about another

20 examiner.  It's certainly not about a special committee that's

21 been appointed so late in the process with such a limited and

22 amorphous role to play.  And the urgency, Your Honor, is that

23 time is short in this case.

24            As to the exact timing, our concern is that waiting

25 until October 22 creates a risk that there will not be

1   sufficient time to proceed with the appointment of a trustee.

2   We understand --

3          THE COURT:  How so?

4          MR. FRIEDMAN:  Well, we're concerned that a trustee

5   should be appointed and functioning in a way that will enable

6   that independent fiduciary to be on top of what is a pretty

7   complex case and make appropriate decisions with respect to the

8   affairs of the debtor and the appropriate handling of the

9   causes of action and be the appropriate person to whom

10  independent counsel can report, whether that's Zuckerman

11  Spaeder, which is obviously up to speed, we're talking about

12  who the client will be.

13          So our concern would be that if this is first heard

14  on October 22 and we're looking at a trustee who will be

15  functioning in a way that's effective before December 8, our

16  concern is simply time is short.  We don't want parties arguing

17  on October 22.  Your Honor, one of the reasons why there

18  shouldn't be a trustee is that now there's not time for a

19  trustee to do its work.  So again, Your Honor, we're --

20          THE COURT:  You know, that could be worked around

21  because I could always authorize standing pending appointment

22  of a trustee.  I mean, that's easy.  I mean, I -- look, one of

23  the struggles I have -- I don't know whether other judges share

24  it or not -- is how much I say or don't say.  I will confess

25  that while usually what makes the Chapter 11 process work here

1  is doing what Aurelius is doing, and that is despite the wishes

2  of the rest of the world, pressing a position that's adverse to

3  many.  More often than not good comes out of that, but I

4  haven't figured out whether that's the case here with what

5  Aurelius continues to do in objecting to everything, but time

6  will tell.

7          I certainly see no benefit whatsoever at a time,

8  albeit late in the process as Aurelius correctly points out,

9  but at a point in time at which we now found ourselves in which

10  an independent board committee has been created, special

11  counsel has been engaged, mediation has been scheduled.  A hard

12  fought so-called agreed mediation order has been entered.  You

13  know, the parties are at a point, it may not be the first

14  point, it may not be the last point, but they're positioned at

15  a point if there is a settlement to be reached where one might

16  be reached.  And it seems to me, expediting consideration of

17  the appointment of a trustee is antithetical to that process at

18  this time.

19          So I am inclined to agree with the debtor and the

20  committee that the hearing on this ought to be scheduled for

21  October 22nd.  I'm also not going to require responses until

22  the week before the hearing, which would be consistent with the

23  local rule and I don't want replies.  This issue has been

24  talked about to death.  It's not that I can't always learn

25  something from the pleadings.  I do, because I read them, but

1  on this issue I think that schedule adequately allows the

2  parties sufficient time to address what I think really ought to

3  be for every party a more pressing exercise, and that is

4  positioning themselves for a successful mediation, yet at the

5  same time puts your motion on a track where it can be timely

6  decided, depending upon how things go.

7          So I will schedule the hearing on this motion and

8  the related seal motion for October 22nd -- I'm sorry, for

9  October -- hold on.  Two o'clock eastern time and objections to

10 be filed no later than October 15th at 4:00 p.m. prevailing

11 Eastern Time, and I do not wish replies.  And with those mark

12 ups, I'm signing the form of order that was presented with the

13 motion.  Are there any questions?

14         MR. BANDERNAGEL:  Your Honor, if I may?  Jim

15 Bandernagel and I think that this is more by way of

16 clarification and simplification.  With respect to the motion

17 to seal as it relates to the second -- the trustee motion, my

18 sense from looking at the papers is the documents that are

19 being withheld and the sections that are redacted are identical

20 to what's in the motion that's involving Chadbourne.  Quite

21 frankly, the debtor has no idea what those documents are

22 because they get the impression it's sort of an inside baseball

23 kind of thing between Aurelius and Chadbourne, but my sense is

24 that issue is going to get resolved next week.

25         So, you know -- and if it isn't, I'd like to know

1  how I get hold of those papers before, because we don't have

2  those documents and I don't think they're part of the

3  depository and I don't think there's any protective order

4  governing them.  I think the easy answer to this is it's going

5  to be resolved next week unless I'm missing something, because

6  I sense the documents are exactly the same.

7           THE COURT:  If it's not we'll discuss it then.

8           MR. LEMAY:  Your Honor, David LeMay again, two

9  things.  One, I think we can put Mr. Bandernagel's problems to

10 rest, that this whole sealing motion is a red herring that I

11 don't think will end up occupying one second of the Court's

12 time.

13          I did want to ask for some clarification, though, on

14 what Your Honor had said with respect to the mediation

15 submissions after Mr. Friedman had made his pitch that that

16 either be extended or be done solely by Zuckerman.  Your Honor

17 noted that that should be decided by the mediating judge --

18          THE COURT:  I said the timing of submissions should

19 be decided by the mediating judge.

20          MR. LEMAY:  That -- sorry, correct, Your Honor.  And

21 I guess the question that Mr. Landis and I were attempting to

22 sort out is, is it Your Honor's wish that we contact Judge

23 Gross and ask him that question or simply proceed with the

24 mediation order in effect as it states, which is what we'd

25 otherwise be inclined to do.

1          THE COURT:  Well, let me just answer it this way, if

2    you want Judge Gross to change something he's -- if somebody

3    wants Judge Gross to change something that he's directed, they

4    must direct their request to Judge Gross.

5          MR. LEMAY:  Heard and understood, Your Honor.

6          THE COURT:  Okay.

7          MR. FRIEDMAN:  May I be heard briefly, Your Honor,

8    with respect to the sealing motion?

9          THE COURT:  Yes.

10          MR. FRIEDMAN:  We -- on behalf of Aurelius, we have

11    no desire to seal anything.  We filed certain matters under

12    seal because we had a concern that other parties may take the

13    position that things should not be disclosed publicly.

14          Second, I thought we had provided the debtor with

15    unredacted copies of everything.  If somehow that did not

16    happen, we'll certainly rectify that.  And if there's no party

17    that requests the sealing of any of the matters contained in

18    our papers, it is certainly the position of Aurelius that

19    everything in our papers may be on file publicly.  And that's

20    with respect to both the Chadbourne motion and the trustee

21    motion, Your Honor.

22          MR. BOWDEN:  Your Honor, if I might very briefly,

23    Bill Bowden, Ashby and Geddes for Aurelius.  Your Honor, with

24    respect to scheduling on the committee motion, I don't know --

25    I know that Your Honor marked up the order with respect to

1   scheduling of the trustee motion.  I have a copy of the

2   scheduling motion with respect to the Chadbourne pleading in

3   which I have inserted the dates that Your Honor mentioned.  I

4   didn't know if I should hand -- if Your Honor would like me to

5   hand that up or if Your Honor would prefer for me to circulate

6   it via certification of counsel?

7          THE COURT:  Well, I wouldn't normally enter an order

8   on that, would I?  This is the motion that was filed Monday?

9          MR. BOWDEN:  Your Honor, this is with respect to

10  scheduling the motion with respect to --

11         THE COURT:  The conflict?

12         MR. BOWDEN:  Yes.

13         THE COURT:  It's done already.

14         MR. BOWDEN:  Thank you, Your Honor.

15         THE COURT:  No extra charge.

16         MR. BOWDEN:  Wanted to make sure.  Thank you, Your

17  Honor.

18         THE COURT:  Thank you.  Is there anything further

19  today?

20         All right.  Thank you all very much.  That concludes

21  this hearing.  Court will stand in recess.

22      (Whereupon at 12:50 p.m., the hearing was adjourned)

23

24

25

1                          CERTIFICATION

2          I   certify   that   the   foregoing   is   a   correct

3  transcript   from   the   electronic   sound   recording   of   the

4  proceedings in the above-entitled matter.

5

6

7  _____          September 16, 2010

8  Stephanie McMeel

9  AAERT Cert. No. 452

10  Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | __debtors.__    1:13 | **again**(18) 14:24 17:11 21:7 22:14 24:6 24:12 26:21 29:23 39:11 43:22 44:6 45:3 52:1 56:24 63:4 67:18 68:19 71:8 | **and**(301) 8:12 8:18 8:25 9:1 9:2 9:4 9:6 9:8 9:9 9:16 9:19 9:19 9:21 10:11 10:14 10:17 10:18 11:11 11:21 12:11 12:13 | **anyway**(2) 14:8 14:9 |
| **a.m**(2) 1:16 8:1 | | | 12:17 12:20 12:23 13:5 13:10 13:13 13:2 | **apart**(1) 58:10 |
| **ability**(3) 24:14 26:22 34:5 | | 13:22 14:2 14:2 14:3 14:5 14:12 14:13 | **app**(1) 9:10 |
| **able**(2) 58:18 61:9 | **against**(15) 13:1 14:15 20:24 22:23 23:24 | 14:24 14:25 15:2 15:2 15:5 15:14 16:7 | **apparently**(1) 13:22 |
| **about**(36) 9:17 12:10 14:3 17:17 18:12 | 25:18 25:19 28:21 29:2 29:3 34:18 35:2 | 16:9 16:20 16:23 17:4 17:5 17:13 17:18 | **appeals**(1) 20:20 |
| 19:4 20:17 22:9 22:10 22:15 23:18 24:25 | 35:18 36:15 60:14 | 17:18 17:21 18:11 18:12 18:16 19:5 19:20 | **appearances**(4) 4:47 5:1 6:1 7:1 |
| 26:7 27:2 27:20 30:25 37:22 38:16 39:4 | | 19:24 20:1 20:9 21:1 21:10 21:11 21:12 | **appetite**(1) 24:4 |
| 39:19 46:5 47:22 48:5 53:7 54:21 56:3 | **agenda**(5) 8:7 8:20 9:17 10:2 63:21 | 21:15 21:21 21:22 22:6 22:10 22:11 22:13 | **apple**(1) 29:2 |
| 56:23 64:4 65:17 65:22 67:14 67:15 67:19 | **agent**(1) 3:33 | 22:13 22:22 23:11 23:12 23:16 23:16 | **application**(9) 9:16 41:16 43:2 44:7 46:8 |
| 67:20 68:11 69:24 | **ago**(4) 23:18 26:6 34:14 59:14 | 23:17 24:6 24:9 26:8 26:14 26:15 26:18 | 46:12 46:22 48:3 48:25 |
| | **agree**(5) 38:4 47:20 52:10 65:25 69:19 | 26:21 26:22 26:24 27:2 27:3 27:6 27:7 | |
| **above-entitled**(1) 74:4 | **agreed**(2) 65:25 69:12 | 27:7 27:8 27:11 27:13 27:21 28:1 28:4 | **applications**(1) 43:24 |
| **absence**(2) 38:15 38:18 | **agreement**(4) 4:18 40:19 40:25 58:7 | 28:5 28:7 28:8 28:8 28:15 28:25 29:3 | **apply**(1) 32:14 |
| **absolute**(1) 13:2 | **agreements**(1) 58:8 | 29:5 29:16 29:18 30:3 30:7 30:16 30:23 | **appointed**(2) 67:21 68:5 |
| **absolutely**(1) 42:4 | **agrees**(1) 52:10 | 30:25 31:4 31:5 31:7 31:9 31:11 31:12 | **appointment**(9) 49:5 49:7 57:24 58:15 |
| **accelerate**(1) 53:8 | **aimed**(1) 60:10 | 31:12 31:14 31:17 31:22 32:1 32:5 32:6 | 63:9 67:13 68:1 68:21 69:17 |
| **acceleration**(1) 54:23 | **akin**(1) 7:28 | 32:20 32:22 32:23 33:2 33:3 33:5 33:9 | |
| **acceptable**(1) 11:12 | **albeit**(1) 69:8 | 33:14 33:19 33:22 33:23 34:1 34:3 34:4 | **appreciate**(1) 58:24 |
| **accident**(1) 23:7 | **albert**(1) 8:24 | 34:5 34:6 34:12 34:13 34:22 35:13 35:21 | **approach**(2) 30:2 48:21 |
| **accommodate**(1) 54:8 | **alive**(1) 37:2 | 35:23 36:3 36:12 37:2 37:2 37:10 37:17 | **approached**(1) 31:11 |
| **accordance**(1) 64:11 | **all**(61) 10:4 10:21 11:23 16:16 16:21 17:5 | 37:25 38:7 38:15 38:21 38:23 39:2 39:3 | **appropriate**(14) 13:25 39:23 42:15 42:24 |
| **according**(1) 41:9 | 17:5 21:13 23:2 24:4 26:8 26:12 27:13 | 39:6 39:13 39:17 39:18 39:20 39:22 40:15 | 43:21 45:5 45:12 48:14 58:8 59:10 62:6 |
| **account**(1) 59:2 | 29:11 29:14 29:21 31:2 31:11 31:14 31:15 | 40:15 40:15 42:1 42:3 42:7 42:21 42:22 | 68:7 68:8 68:9 |
| **accurate**(1) 37:23 | 31:17 32:3 33:12 36:15 37:11 37:13 41:3 | 42:23 43:3 43:7 43:12 43:21 43:25 44:14 | |
| **accusations**(1) 12:3 | 41:12 41:18 41:20 43:5 45:7 46:7 46:16 | 44:23 44:23 45:5 45:15 45:18 45:18 45:20 | **appropriately**(1) 39:14 |
| **accuses**(4) 52:16 52:16 52:18 52:21 | 47:2 47:14 47:24 48:1 48:20 50:18 50:21 | 46:4 46:4 46:14 46:17 46:18 47:1 47:7 | **approve**(1) 48:3 |
| **acknowledge**(3) 21:16 21:17 21:19 | 50:25 51:20 52:8 52:25 53:7 54:9 56:21 | 47:7 47:8 47:11 47:13 47:14 47:15 47:19 | **approves**(1) 44:10 |
| **acknowledged**(2) 35:1 50:11 | 60:14 61:8 62:8 62:25 63:9 63:15 64:14 | 47:24 48:10 48:10 48:15 48:17 48:24 49:9 | **approving**(1) 44:10 |
| **acknowledgemen**(1) 35:13 | 65:14 65:17 65:24 67:18 73:20 73:20 | 49:8 49:10 49:11 49:14 49:16 49:20 49:22 | **approximately**(1) 27:3 |
| **acknowledgmen**(1) 31:10 | | 50:1 50:6 50:6 50:7 50:11 50:11 50:13 | **april**(1) 30:25 |
| **act**(1) 14:16 | **allegation**(1) 36:21 | 50:15 50:17 50:25 51:1 51:2 51:4 51:10 | **arching**(1) 31:6 |
| **acted**(2) 30:17 32:18 | **alleged**(2) 21:1 36:24 | 51:12 51:16 52:2 52:5 52:6 52:6 52:6 | **are**(77) 10:7 10:15 10:15 12:5 13:22 14:2 |
| **acting**(2) 34:9 49:10 | **allegedly**(2) 17:12 17:12 | 52:10 52:18 52:20 52:21 53:2 53:3 53:5 | 16:21 17:17 20:24 24:11 24:12 27:2 28:21 |
| **action**(22) 15:20 15:21 32:3 32:14 34:16 | **allow**(5) 27:11 28:18 29:1 35:23 39:14 | 53:9 53:11 53:18 53:22 54:1 54:6 54:6 | 28:22 29:8 30:14 31:20 32:2 33:1 33:3 |
| 36:16 47:7 50:24 50:25 51:8 58:6 58:8 | **allowance**(1) 9:5 | 54:17 54:22 55:1 55:2 55:5 55:8 55:10 | 33:17 34:11 36:13 36:22 36:22 37:22 38:8 |
| 59:17 63:16 64:1 66:17 66:25 67:9 67:10 | **allowed**(9) 16:19 16:20 23:24 24:1 24:12 | 55:18 56:14 57:1 57:5 57:8 57:14 57:18 | 39:10 43:7 43:10 43:18 44:9 44:13 45:3 |
| 67:15 67:17 68:9 | 24:13 27:12 28:13 35:25 | 57:20 58:2 58:4 58:5 58:5 58:12 58:13 | 46:16 46:18 47:1 47:5 47:5 47:18 48:6 |
| | | 58:14 58:24 58:25 59:3 59:7 59:15 59:16 | 48:7 49:22 49:22 50:18 51:14 54:21 56:8 |
| **actions**(5) 12:12 29:2 29:3 58:6 58:14 | **allowing**(1) 33:6 | 59:22 60:10 60:11 60:17 60:19 60:21 61:1 | 56:19 56:19 56:21 58:1 58:5 58:25 60:7 |
| **activities**(1) 47:3 | **allows**(1) 70:1 | 61:5 61:6 61:10 61:16 61:17 61:21 61:24 | 61:11 61:11 61:12 61:16 61:17 61:25 |
| **activity**(4) 25:23 41:10 50:14 67:8 | **alluded**(1) 63:10 | 62:2 62:3 62:18 63:5 63:12 63:17 63:19 | 61:25 62:1 62:1 64:6 64:9 64:18 65:17 |
| **actual**(1) 20:19 | **almost**(1) 38:12 | 63:21 | 66:25 67:18 69:13 70:13 70:18 70:19 |
| **actually**(6) 11:19 12:2 13:17 20:16 63:19 | **along**(1) 49:20 | | 70:19 70:21 71:6 |
| 66:4 | **already**(6) 31:4 34:17 38:23 64:19 65:3 | **and**(65) 64:2 64:2 64:3 64:3 64:6 64:7 | |
| | 73:13 | 64:7 64:14 64:14 64:15 64:18 64:20 64:2 | **area**(2) 51:2 51:4 |
| **adam**(1) 2:5 | | 65:1 65:2 65:12 65:13 65:14 65:21 65:25 | **areas**(1) 64:8 |
| **add**(2) 26:10 29:20 | **also**(17) 9:3 9:8 9:17 10:11 11:13 14:13 | 66:3 66:5 66:6 66:7 66:24 67:2 67:4 67:2 | **aren't**(3) 60:23 62:4 64:23 |
| **addition**(5) 19:3 19:22 20:21 24:11 28:3 | 21:19 26:6 39:8 40:22 49:8 54:24 55:14 | 67:8 67:10 67:11 67:12 67:14 67:18 67:2 | **arguably**(1) 32:14 |
| **additional**(2) 17:21 40:23 | 58:13 67:2 67:12 69:21 | 67:22 68:5 68:7 68:8 68:9 68:14 69:1 | **argue**(1) 33:9 |
| **address**(10) 13:3 29:25 38:5 40:8 43:22 | | 69:16 69:19 69:23 70:3 70:7 70:9 70:11 | **argued**(2) 40:15 |
| 45:6 51:22 51:24 55:1 70:2 | **alternative**(1) 35:10 | 70:11 70:15 70:16 70:19 70:23 70:25 71:1 | **arguing**(1) 68:16 |
| | **although**(4) 9:16 45:19 54:17 54:19 | 71:3 71:20 71:21 71:23 72:5 72:16 72:19 | **argument**(5) 31:19 38:25 40:23 61:14 61:4 |
| **addressed**(3) 38:9 50:25 67:10 | **always**(2) 68:21 69:24 | 72:20 72:23 | **arise**(1) 45:4 |
| **addressing**(3) 44:1 45:4 66:25 | **amend**(1) 26:16 | | **arises**(1) 11:25 |
| **adelman**(2) 4:11 49:20 | **amended**(2) 26:9 26:18 | **anderson**(1) 3:18 | **arora**(1) 6:37 |
| **adequately**(1) 70:1 | **amending**(1) 26:14 | **andrew**(5) 5:47 6:6 6:7 7:6 7:22 | **around**(3) 20:25 21:1 68:20 |
| **adjourned**(1) 73:22 | **amendment**(1) 28:7 | **angeles**(1) 4:22 | **article**(11) 12:2 12:11 17:7 17:8 18:23 |
| **adjustments**(1) 61:11 | **america**(2) 5:18 5:23 | **angelo**(1) 5:45 | 19:5 19:7 20:13 36:20 37:1 37:1 |
| **adler**(1) 4:51 | **amit**(1) 6:30 | **anna**(2) 5:50 5:50 | |
| **admitted**(1) 22:22 | **among**(3) 13:1 43:3 43:5 | **anniversary**(1) 64:2 | **articles**(13) 12:1 12:5 12:11 18:19 19:6 |
| **adopted**(1) 19:24 | **amorphous**(1) 67:22 | **annul**(1) 32:24 | 20:10 20:13 20:22 20:24 21:14 24:5 24:9 |
| **advance**(5) 51:14 51:17 56:17 | **amount**(3) 18:20 19:13 28:16 | **annulment**(2) 16:13 24:19 | 36:22 |
| **adversaries**(1) 55:7 | **analysis**(1) 28:15 | **another**(4) 27:12 43:8 61:15 67:19 | **articulate**(1) 36:4 |
| **adverse**(1) 69:2 | **analytical**(1) 30:2 | **answer**(5) 15:1 15:9 15:12 71:4 72:1 | **artillery**(1) 63:19 |
| **advise**(3) 43:9 44:24 46:3 | | **anti-depressant**(1) 21:9 | **ashby**(3) 4:4 49:20 72:23 |
| **advised**(4) 12:24 30:23 51:4 54:16 | | **anticipate**(1) 59:1 | **aside**(1) 33:25 |
| **advisement**(1) 40:15 | | **anticipated**(2) 12:20 17:22 | **ask**(11) 10:14 10:24 14:6 16:12 24:18 |
| **advising**(2) 47:5 51:7 | | **antithetical**(1) 69:17 | 30:1 39:6 49:16 55:5 71:13 71:23 |
| **aert**(1) 74:9 | | **any**(31) 10:25 11:18 14:6 17:7 19:3 19:4 | |
| **affairs**(2) 67:16 68:8 | | 21:2 22:13 23:8 34:1 37:18 39:4 39:10 | **asked**(6) 18:22 19:8 36:2 45:13 47:2 59:2 |
| **affect**(1) 24:10 | | 44:13 47:9 48:13 53:1 55:25 56:23 57:9 | **asking**(2) 37:11 66:9 |
| **affected**(1) 33:22 | | 59:19 61:4 61:6 61:12 62:6 64:25 | **aspects**(1) 49:23 |
| **afraid**(1) 46:5 | | 65:20 70:13 71:3 72:17 | **asserting**(1) 28:9 |
| **after**(10) 12:24 20:12 22:3 24:24 30:21 | | | **assertions**(1) 53:1 |
| 33:18 52:20 57:19 58:19 71:15 | | **anybody**(2) 14:12 59:9 | **assume**(1) 32:18 |
| | | **anyone**(5) 26:17 41:3 46:7 48:1 66:11 | **assuming**(4) 25:22 31:12 31:15 46:11 |
| **afternoon**(1) 52:2 | | **anything**(12) 11:10 14:17 21:12 32:8 | **atamian**(1) 6:31 |
| **afterwards**(1) 22:3 | | 36:11 37:16 41:13 49:16 57:1 63:1 72:1 | **attached**(2) 31:4 60:12 |
| | | 73:18 | **attacked**(1) 60:15 |

| Word | Page:Line |
| --- | --- |
| attempt(5) 17:3 17:10 29:4 52:13 63:12 | |
| attempting(1) 71:21 | |
| attention(1) 27:17 | |
| attorney(17) 15:4 15:4 17:3 17:6 17:9 17:10 17:12 18:7 18:8 18:9 19:25 20:4 20:5 20:9 21:3 22:23 32:7 | |
| attorneys(4) 14:23 20:6 21:2 22:4 | |
| attribute(1) 21:13 | |
| attribution(1) 19:8 | |
| august(5) 10:14 12:12 12:13 31:1 31:1 | |
| aurelius(20) 4:4 9:18 49:5 49:7 49:9 49:12 49:21 57:25 61:22 63:20 63:25 65:18 65:25 69:1 69:5 69:8 70:23 72:10 72:18 72:23 | |
| austin(6) 1:26 5:11 43:7 47:8 47:25 59:7 | |
| authority(3) 43:11 43:17 50:7 | |
| authorize(1) 68:21 | |
| authorized(1) 26:16 | |
| automatic(8) 10:17 13:3 13:19 14:11 15:14 26:1 26:5 34:5 | |
| available(3) 36:9 54:2 54:18 | |
| avenue(4) 2:42 3:28 3:43 4:6 | |
| avoiding(1) 48:8 | |
| aware(7) 11:3 26:5 26:6 26:11 26:13 26:22 48:7 | |
| away(1) 42:5 | |
| awful(2) 53:11 62:13 | |
| back(12) 17:12 18:24 19:10 20:18 21:10 24:5 39:18 43:25 45:4 60:8 64:20 66:1 | |
| backwards(2) 26:14 31:12 | |
| baltimore(10) 12:1 12:6 14:3 14:4 15:25 16:14 23:25 33:11 33:12 33:14 | |
| banc(1) 3:41 | |
| bandernagel(12) 59:6 59:6 60:6 60:19 63:1 63:10 63:14 63:24 64:4 66:24 70:14 70:15 | |
| bandernagel's(1) 71:9 | |
| banc(1) 18:14 | |
| bank(6) 3:34 4:35 4:50 5:18 5:23 6:12 | |
| bankruptcy(15) 1:1 1:21 12:25 13:9 13:21 14:8 21:17 24:24 26:9 32:6 32:12 32:22 34:11 34:12 65:5 | |
| bar(11) 9:13 10:18 25:5 26:7 26:15 27:9 29:6 30:9 30:24 34:6 39:17 | |
| barclays(1) 6:28 | |
| barnes(1) 2:46 | |
| barred(4) 14:24 15:2 15:6 25:23 | |
| base(1) 42:10 | |
| baseball(1) 70:22 | |
| based(4) 13:2 28:15 35:12 41:25 | |
| basic(4) 13:20 59:12 59:21 59:25 | |
| basically(5) 30:5 52:17 53:1 59:15 60:9 | |
| basis(4) 33:4 50:9 57:10 67:13 | |
| bates(43) 4:33 9:12 9:13 10:3 10:6 10:8 10:9 10:16 10:18 11:11 11:11 11:12 12:10 12:13 12:25 14:2 14:24 17:3 17:6 17:9 17:10 17:12 17:24 17:25 18:4 18:5 18:8 18:9 19:25 20:9 20:16 21:3 23:18 23:20 24:1 24:10 27:12 28:4 28:21 29:9 29:24 31:14 37:20 | |
| beat(1) 32:20 | |
| because(35) 15:8 16:21 19:14 19:17 19:18 20:22 23:8 24:1 27:12 28:22 30:18 34:21 35:11 36:2 36:7 36:10 36:13 36:15 38:5 45:25 47:16 47:23 50:3 55:7 59:10 62:10 62:17 62:19 62:23 68:21 69:25 70:22 71: 71:5 72:12 | |
| become(1) 34:6 | |

| Word | Page:Line |
| --- | --- |
| been(53) 11:4 12:17 12:24 13:14 13:14 13:22 15:3 18:5 18:24 19:20 21:5 21:6 21:8 21:20 24:2 26:22 28:4 30:20 32:3 32:21 33:25 34:13 36:11 37:11 37:18 37:22 38:12 41:1 41:18 44:21 47:1 47:8 48:4 49:2 52:13 53:12 57:3 60:5 61:3 61:9 62:12 62:23 64:4 65:3 65:7 65:16 67:19 67:21 69:10 69:11 69:11 69:12 69:23 | |
| befall(1) 31:14 | |
| before(19) 1:20 20:9 20:10 24:17 28:5 30:7 30:9 34:13 39:17 52:12 53:10 53:21 54:24 55:11 56:25 57:10 68:15 69:22 71: | |
| begin(1) 54:10 | |
| beginning(1) 60:9 | |
| behalf(7) 8:4 10:16 15:24 25:15 29:24 49:10 72:10 | |
| being(16) 12:6 14:4 17:1 19:14 23:11 23:24 31:7 36:16 42:6 44:18 44:19 46:19 47:1 52:4 64:23 70:19 | |
| believe(15) 9:16 12:13 23:10 28:17 29:9 34:4 36:23 40:6 47:24 49:23 50:3 50:20 54:4 57:20 57:23 | |
| bench(1) 38:13 | |
| bend(1) 26:14 | |
| bendernagel(1) 1:28 | |
| benefit(2) 28:24 69:7 | |
| benesch(1) 3:26 | |
| bennett(1) 4:18 | |
| benson(3) 3:11 7:4 40:11 | |
| best(2) 44:17 46:3 | |
| better(1) 44:10 | |
| between(3) 50:7 58:3 70:23 | |
| beyond(1) 47:13 | |
| bifferato(1) 3:4 | |
| big(3) 22:21 22:25 63:25 | |
| bigelow(1) 5:5 | |
| biggest(1) 65:7 | |
| bill(1) 72:23 | |
| bit(2) 52:15 54:20 | |
| bites(1) 29:2 | |
| blabey(1) 6:44 | |
| blah(5) 59:19 59:19 59:19 59:19 59:20 | |
| blame(1) 53:23 | |
| blaming(2) 31:24 32:2 | |
| block(1) 7:21 | |
| blown(1) 65:17 | |
| board(6) 3:48 42:6 46:24 46:24 62:12 | |
| boelter(1) 1:29 | |
| bogus(2) 61:25 62:5 | |
| both(21) 11:15 11:16 12:5 15:5 25:8 29:18 31:6 32:5 36:12 45:19 49:22 53:17 53:19 60:11 61:7 64:6 64:9 64:19 64:20 66:24 72:20 | |
| bowden(7) 4:5 72:22 72:23 73:9 73:12 73:14 73:16 | |
| box(6) 2:7 2:20 3:37 4:7 4:29 4:37 | |
| brad(3) 3:48 46:9 | |
| brady(1) 4:26 | |
| bralow(1) 28:5 | |
| brandywine(1) 4:27 | |
| bread(1) 28:8 | |
| brian(3) 4:42 5:15 10:12 | |
| bricks(1) 55:9 | |
| bridge(1) 3:33 | |
| brief(3) 53:12 58:3 65:14 | |
| briefed(1) 40:14 | |
| briefing(3) 40:23 52:15 54:21 | |
| briefly(6) 25:7 29:25 39:11 66:12 72:7 72:22 | |
| briefs(2) 52:8 54:21 | |
| briesen(1) 8:18 | |
| bring(3) 35:24 59:19 60:23 | |

| Word | Page:Line |
| --- | --- |
| bringing(4) 42:16 43:8 50:12 59:23 | |
| brings(1) 60:14 | |
| broad(1) 43:17 | |
| broadway(2) 3:14 4:14 | |
| brought(4) 22:11 60:9 64:7 64:8 | |
| brown(2) 5:27 6:28 | |
| building(1) 4:27 | |
| bunch(4) 21:16 21:20 21:22 22:1 | |
| burden(4) 23:17 34:15 34:18 57:1 | |
| bush(1) 54:17 | |
| busy(1) 53:23 | |
| but(65) 14:1 15:20 18:25 19:1 19:15 20:23 22:15 23:19 24:23 25:3 26:4 26:19 27:11 28:14 31:22 31:24 32:24 33:4 33:19 34:2 34:10 35:4 35:19 37:8 37:16 37:19 38:14 38:19 38:25 39:3 40:24 43:18 43:22 43:24 44:19 44:25 45:3 47:4 47:14 47:19 47:21 52:9 52:16 53:7 53:13 53:19 54:5 55:11 56:11 57:8 61:20 61:23 62:6 62:13 62:20 62:22 64:16 64:19 65:3 69:5 69:5 69:6 69:14 69:25 70:23 | |
| butter(1) 28:8 | |
| c.k(1) 1:29 | |
| calendar(3) 63:17 64:12 64:21 | |
| calendared(5) 64:5 64:6 64:9 64:11 66:5 | |
| call(6) 13:7 14:19 24:19 33:21 35:17 47:1 | |
| calling(1) 47:9 | |
| calls(1) 24:20 | |
| came(4) 15:3 30:7 53:13 55:9 | |
| can(15) 16:4 22:8 24:4 31:23 33:23 36:2 36:14 45:1 46:5 53:22 54:18 62:11 68:10 70:5 71:9 | |
| can't(10) 21:8 21:12 33:25 34:18 47:14 53:23 54:18 57:3 64:9 69:24 | |
| cannot(2) 33:17 36:15 | |
| cantor(1) 5:19 | |
| capable(1) 11:3 | |
| capacity(1) 47:2 | |
| capital(6) 4:4 5:39 6:41 8:12 49:7 49:21 | |
| capped(1) 27:18 | |
| captioned(1) 12:2 | |
| car(1) 17:2 | |
| career(1) 21:16 | |
| careful(1) 46:4 | |
| carey(1) 1:20 | |
| carlyle(1) 3:41 | |
| carnival(2) 63:22 66:1 | |
| case(55) 1:9 7:11 11:4 11:4 11:15 12:16 12:17 14:2 14:2 14:3 16:2 16:18 16:19 16:20 16:22 16:24 17:24 18:16 18:17 18:17 18:19 19:12 19:21 19:22 20:21 21:22 22:11 23:17 24:7 26:9 27:3 28:9 28:16 32:14 33:16 36:19 42:1 43:25 44:22 44:25 45:4 45:11 46:6 46:13 46:16 48:9 52:18 60:15 65:8 67:3 67:7 67:23 68:7 69:4 | |
| cases(6) 18:3 20:25 27:15 29:2 60:24 | |
| category(2) 36:23 36:25 | |
| cause(3) 11:17 59:18 59:23 | |
| caused(1) 21:7 | |
| causes(16) 47:7 50:24 50:25 51:7 58:6 58:14 59:17 63:16 64:1 66:17 66:25 67:9 67:10 67:15 67:17 68:9 | |
| center(2) 3:34 4:35 | |
| centerbridge(2) 6:37 7:28 | |
| central(2) 25:16 50:23 | |
| cert(1) 74:9 | |
| certain(2) 56:25 72:11 | |
| certainly(11) 54:14 57:8 61:1 61:12 61:19 64:20 66:6 69:20 69:7 72:16 72:18 | |
| certification(3) 40:21 73:6 74:1 | |
| certify(1) 74:2 | |

| Word | Page:Line |
| --- | --- |
| chadbourn(30) 2:11 5:33 9:19 29:15 49:10 49:14 50:1 50:6 50:11 50:13 50:15 51:2 52:2 52:11 53:2 53:9 53:18 54:5 60:11 61:2 61:6 61:18 62:9 62:9 63:5 64:7 70:20 70:23 72:20 73:2 | |
| challenging(2) 42:13 44:6 | |
| chance(3) 56:16 65:13 66:8 | |
| chances(1) 61:4 | |
| chandler(1) 5:5 | |
| change(3) 57:13 72:2 72:3 | |
| changed(1) 23:5 | |
| chapter(6) 1:7 8:24 9:19 49:5 49:7 68:25 | |
| characterized(1) 59:25 | |
| charge(4) 46:22 58:12 67:16 73:15 | |
| charged(1) 47:1 | |
| chase(2) 2:33 6:12 | |
| check(1) 19:5 | |
| checked(1) 19:9 | |
| checking(1) 19:4 | |
| chicago(4) 1:31 3:50 7:15 8:25 | |
| choose(2) 31:23 37:6 | |
| chung(1) 5:24 | |
| circuit(2) 14:9 14:13 | |
| circulate(1) 73:5 | |
| circumstance(1) 15:16 | |
| circumstances(12) 13:25 25:3 25:6 25:7 34:2 39:3 43:19 44:14 45:3 46:6 46:7 53:6 | |
| cite(1) 33:3 | |
| cited(1) 13:22 | |
| cites(1) 20:19 | |
| citi(1) 7:38 | |
| citigroup(1) 6:4 | |
| citizens(2) 3:34 4:35 | |
| city(2) 8:25 33:13 | |
| civil(1) 2:17 | |
| claim(36) 8:14 8:21 14:8 14:24 15:6 19:7 21:15 23:18 25:5 25:17 25:18 26:4 26:11 26:17 26:18 26:20 26:23 27:10 27:13 28:14 28:17 28:19 29:10 30:3 30:19 30:21 30:25 31:4 33:20 38:7 38:14 38:19 39:4 39:10 39:20 62:2 | |
| claims(22) 8:9 8:17 8:21 8:24 9:2 10:18 21:15 26:10 27:3 27:4 27:15 27:18 27:21 28:9 30:9 34:6 39:16 60:14 61:15 61:16 61:24 62:3 | |
| clarification(2) 70:16 71:13 | |
| claudia(1) 8:10 | |
| clear(10) 14:8 26:24 32:4 33:21 46:14 46:25 47:16 60:7 61:3 61:5 | |
| clearly(5) 24:13 63:20 63:22 64:15 64:17 | |
| clerk(1) 48:20 | |
| client(20) 10:8 30:7 30:23 31:3 31:11 31:25 33:15 33:22 34:2 34:18 35:9 36:5 36:15 37:4 39:19 47:18 51:7 52:6 53:3 68:12 | |
| clients(5) 19:25 20:21 37:4 53:4 65:1 | |
| clinical(3) 18:5 23:22 23:23 | |
| closely(1) 15:13 | |
| closing(1) 66:17 | |
| cloud(2) 52:13 52:14 | |
| cnn(1) 8:18 | |
| co-counsel(9) 10:12 30:7 30:23 32:3 33:21 36:2 43:8 52:6 54:3 | |
| cobb(1) 2:4 | |
| code(2) 32:12 65:5 | |
| codified(2) 23:6 23:6 | |
| cole(5) 1:34 8:4 43:7 47:7 47:25 | |
| colleague(1) 54:16 | |
| colloquy(2) 16:4 53:19 | |
| colonial(1) 23:9 | |
| combined(1) 11:16 | |
| combining(1) 46:1 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| come(7) 27:12 28:20 32:4 32:22 34:12 46:10 64:2 | | contingent(2) 30:20 31:3 | | court's(3) 13:15 34:5 71:11 | | deem(1) 57:10 | |
| | | continual(1) 46:17 | | courthouse(1) 66:18 | | defamation(3) 28:7 28:10 34:16 | |
| comes(7) 17:6 21:10 39:21 51:6 52:4 59:9 69:3 | | continue(1) 63:22 | | courtroom(5) 1:11 10:7 10:11 19:19 29:17 | | defamatory(1) 19:8 | |
| | | continued(9) 2:2 3:2 4:2 5:2 6:2 7:2 8:8 9:3 32:12 | | cover(1) 54:18 | | defend(1) 33:12 | |
| comfort(1) 45:2 | | | | crain's(1) 7:15 | | defendant(3) 12:3 15:17 33:11 | |
| coming(4) 18:2 18:20 38:1 50:17 | | continues(1) 69:5 | | craw(1) 31:10 | | defendants(6) 12:4 33:13 33:13 36:3 61:17 61:25 | |
| commence(1) 29:5 | | contract(5) 17:1 17:2 17:8 17:10 17:13 | | create(3) 27:14 44:22 52:13 | | | |
| commenced(1) 27:7 | | controlled(1) 42:7 | | created(1) 69:10 | | defending(3) 28:22 34:16 34:17 | |
| comment(1) 56:7 | | controversial(1) 64:15 | | creates(1) 67:25 | | defense(4) 19:23 20:4 20:5 20:23 | |
| commissioner(1) 18:10 | | convenient(2) 57:19 57:22 | | creating(2) 42:14 63:11 | | defer(1) 25:10 | |
| committee(44) 2:4 3:4 47 5:37 5:33 29:13 29:14 29:16 29:18 41:17 42:5 42:14 43:9 44:7 44:19 44:24 45:11 45:12 45:17 46:2 46:22 47:1 47:6 47:20 47:23 49:10 50:22 51:4 51:9 51:17 52:3 52:10 52:11 52:23 53:1 56:10 56:12 57:6 62:12 63:5 67:3 67:13 67:20 69:10 69:20 72:24 | | conversations(1) 42:22 | | creation(2) 44:6 54:22 | | delaware(7) 1:2 1:13 3:28 3:43 4:6 8:1 23:15 | |
| | | convey(1) 32:7 | | credit(1) 4:18 | | | |
| | | convinced(1) 38:25 | | creditor(2) 26:12 27:19 | | delay(4) 30:16 30:16 34:8 34:8 | |
| | | convoluted(1) 18:18 | | creditors(5) 2:4 5:33 29:16 47:10 52:3 | | delayed(1) 56:15 | |
| | | copies(1) 72:15 | | criminal(12) 14:25 19:23 20:4 20:5 20:6 20:23 21:21 21:22 22:2 22:5 22:5 22:9 33:13 | | delineate(1) 45:25 | |
| | | copy(2) 31:5 73:1 | | | | delineation(3) 43:3 44:8 50:5 | |
| | | cornell(29) 4:34 10:5 10:6 10:11 10:22 22:11 25:11 28:4 29:23 29:23 30:6 30:13 31:21 32:1 32:25 34:21 35:4 35:8 35:19 36:12 36:19 37:8 37:14 37:24 39:11 39:12 39:22 40:1 40:4 | | | | deny(2) 38:19 39:5 | |
| committee's(4) 56:15 56:17 63:6 66:9 | | | | criminals(2) 20:25 21:1 | | department(5) 5:42 9:8 | |
| committees(1) 45:15 | | | | critical(1) 27:25 | | depending(1) 70:6 | |
| companies(2) 13:7 27:16 | | | | critically(2) 50:21 58:10 | | deposed(4) 17:25 18:1 34:21 37:20 | |
| companion(2) 49:11 49:12 | | | | cross(1) 11:8 | | deposition(1) 54:17 | |
| company(13) 1:9 3:5 4:51 5:4 5:28 5:45 6:47 7:5 8:5 9:4 22:14 27:5 28:8 | | cornell's(1) 15:19 | | cruise(1) 17:13 | | depository(1) 73:3 | |
| | | corp(1) 9:2 | | culture(2) 14:19 19:24 | | depression(3) 18:5 18:15 21:8 | |
| compelling(2) 66:21 67:13 | | corporate(1) 42:13 | | current(3) 19:16 28:22 34:19 66:20 | | designation(1) 18:2 | |
| complaint(3) 27:22 31:5 60:14 | | correct(11) 9:23 14:17 14:18 15:16 31:21 34:13 35:14 37:17 44:4 71:20 74:2 | | currently(1) 36:13 | | desire(1) 72:11 | |
| complaints(2) 61:11 62:1 | | | | customary(1) 45:14 | | desperate(1) 67:4 | |
| complex(1) 68:7 | | | | cut(1) 29:6 | | despite(3) 37:11 42:2 69:1 | |
| comply(1) 54:7 | | correctly(4) 25:3 42:20 63:25 69:8 | | cutler(1) 5:45 | | details(1) 28:12 | |
| conaway(1) 4:25 | | corroon(1) 3:18 | | d.c(1) 15:5 | | determination(3) 14:7 39:4 39:9 | |
| conceivable(1) 65:14 | | cost(2) 42:17 45:23 | | daily(1) 28:7 | | determinative(1) 39:2 | |
| conceivably(1) 60:15 | | costs(1) 48:5 | | damaging(1) 19:25 | | determine(2) 30:3 38:6 | |
| conceive(1) 46:5 | | could(25) 10:18 15:10 21:18 23:4 25:20 30:10 30:10 34:7 35:2 35:4 36:4 39:16 44:10 44:14 44:14 45:21 47:19 53:18 54:57:7 60:15 62:15 63:12 68:20 68:21 | | danger(3) 30:14 30:17 31:1 | | determined(1) 42:24 | |
| concern(12) 12:20 32:10 33:15 42:2 46:17 48:5 50:18 56:11 67:24 68:13 68:16 72:12 | | | | daniel(2) 5:19 7:30 | | determining(1) 58:8 | |
| | | | | data(1) 1:45 | | deutsch(1) 5:34 | |
| | | | | date(22) 9:3 9:13 10:18 25:5 26:7 26:15 27:9 29:6 30:9 30:24 30:25 34:6 39:17 40:25 53:17 54:19 57:20 60:21 61:5 62:6 64:13 65:18 | | deutsche(1) 4:50 | |
| concerned(3) 12:10 62:16 68:4 | | | | | | diagnosed(2) 18:5 21:8 | |
| concerning(1) 44:16 | | | | | | diagnoses(1) 18:15 | |
| concerns(3) 32:7 43:23 50:10 | | counsel(36) 24:7 28:4 28:17 31:14 31:19 32:5 32:6 32:19 35:1 37:9 37:16 39:23 40:21 41:16 42:22 43:13 43:18 45:13 45:15 45:19 46:2 48:7 49:1 49:21 51:5 51:10 51:11 51:11 54:5 56:10 56:25 56:25 57:9 68:10 69:11 73:6 | | dates(1) 73:3 | | diagnosis(3) 18:6 23:23 23:23 | |
| conclude(1) 24:15 | | | | | | diaz(1) 1:45 | |
| concludes(1) 73:20 | | | | david(15) 2:12 2:26 2:47 4:51 5:6 6:44 7:8 28:5 29:15 41:23 45:21 52:2 56:24 63:4 71:8 | | dictating(1) 46:1 | |
| conclusion(3) 41:7 58:4 58:19 | | | | | | did(37) 12:8 13:9 13:10 14:18 15:13 15:16 15:21 16:5 17:8 19:2 20:17 20:22 20:22 22:19 22:20 23:21 26:7 26:14 29:18 31:2 31:15 32:2 32:8 32:13 32:23 33:2 33:22 34:1 37:25 38:2 61:19 61:19 64:14 65:23 65:25 66:17 71:13 72:15 | |
| condoning(1) 32:21 | | | | davis(1) 2:40 | | | |
| conduct(5) 11:15 22:5 25:25 35:25 67:11 | | | | day(18) 3:47 9:9 9:15 33:23 34:2 41:16 42:17 42:22 44:18 44:25 45:3 45:20 46:10 54:9 54:10 55:5 55:18 65:22 | | | |
| confer(3) 39:6 54:12 54:15 | | counseling(1) 18:13 | | | | | |
| conference(2) 9:25 40:14 | | counselor(1) 18:6 | | day-to-day(1) 47:8 | | | |
| confess(1) 68:24 | | county(3) 33:11 33:12 33:14 | | days(6) 12:25 22:11 26:18 26:21 54:11 | | didn't(11) 13:7 18:7 20:13 20:13 24:24 26:11 27:10 32:24 61:21 63:15 73:4 | |
| confidentiality(1) 45:17 | | couple(1) 57:7 | | deadline(3) 15:8 66:7 66:22 | | | |
| confining(1) 46:1 | | course(4) 54:5 55:1 58:8 65:1 | | deadlines(1) 54:21 | | die(1) 63:17 | |
| confirmed(1) 67:12 | | court(198) 1:1 8:2 8:6 9:6 9:16 9:21 9:24 10:1 10:4 10:8 10:10 10:21 10:24 11:3 11:7 11:14 11:21 11:23 12:3 12:11 12:19 12:20 12:23 13:9 13:12 13:13 13:17 13:19 13:21 13:25 14:6 14:21 15:1 15:7 15:9 15:12 15:20 15:21 15:23 15:24 16:1 16:4 16:7 16:8 16:9 16:16 16:19 17:19 19:5 19:6 20:6 20:8 20:19 20:19 20:20 21:17 22:17 22:19 22:25 23:5 23:5 23:11 23:13 23:15 23:20 24:15 24:17 24:23 25:12 25:20 26:2 29:11 29:13 29:21 29:24 30:1 30:7 30:11 30:15 30:24 31:9 31:22 32:5 32:7 32:9 32:16 32:23 33:2 33:24 33:25 34:10 34:13 34:20 34:23 35:1 35:5 35:11 36:8 36:18 37:5 37:6 37:13 37:25 38:4 38:5 39:13 39:14 39:17 39:25 40:3 40:5 40:9 40:16 40:19 40:20 40:24 41:2 41:3 41:8 41:10 41:12 41:14 41:18 41:20 41:25 42:3 42:19 42:25 43:12 43:16 43:2 44:2 44:5 44:9 44:23 45:7 45:9 46:7 48:1 48:10 48:15 48:23 49:2 49:18 51:20 51:24 52:23 53:8 53:22 53:22 53:25 54:8 54:14 55:2 55:16 55:18 55:21 55:23 55:25 56:4 56:6 56:19 56:23 56:25 57:5 57:12 57:19 57:22 58:18 58:18 58:20 59:4 59:13 59:18 60:4 60:8 60:17 62:25 63:3 65:9 65:11 65:23 66:11 68:3 68:20 71:7 71:18 72:1 72:6 72:9 73:7 73:11 73:13 73:15 73:18 73:21 | | deal(5) 22:23 22:25 41:8 52:5 57:16 | | | |
| confirms(1) 38:9 | | | | deals(1) 24:3 | | die(1) 63:17 | |
| conflict(5) 50:13 51:9 51:10 51:11 73:11 | | | | dealt(2) 52:12 53:21 | | dies(1) 27:7 | |
| conflicted(1) 51:12 | | | | dearborn(1) 1:30 | | different(6) 16:23 17:1 49:24 54:25 63:7 63:21 | |
| conflicts(6) 49:11 50:2 50:11 51:3 51:5 56:13 | | | | death(1) 69:24 | | | |
| | | | | debating(1) 32:17 | | differently(1) 21:19 | |
| confusing(1) 18:18 | | | | debenture(5) 3:4 7:4 40:7 40:12 40:18 | | dig(1) 65:14 | |
| connected(1) 42:7 | | | | debenture's(1) 9:14 | | direct(1) 72:4 | |
| connection(7) 9:22 41:4 42:4 46:8 47:2 47:6 66:16 | | | | debtor(36) 5:4 8:4 11:21 13:1 14:9 14:15 14:21 14:22 15:15 15:18 16:8 25:2 25:13 25:18 25:19 25:25 29:21 30:2 30:19 31:8 31:13 35:20 33:16 36:23 30:21 31:4 31:13 32:11 33:3 33:9 33:15 33:17 34:15 34:25 35:1 35:13 35:13 35:18 37:9 39:23 41:15 42:22 43:5 59:7 61:19 70:21 72:14 | | directed(1) 72:3 | |
| | | | | | | dirt(1) 52:5 | |
| consensual(1) 65:20 | | | | | | disagree(4) 33:4 33:10 33:17 63:23 | |
| consequences(2) 13:21 37:10 | | | | | | disagreement(1) 56:9 | |
| consider(4) 38:21 49:4 51:16 56:16 | | | | | | disclosed(1) 72:13 | |
| considerable(1) 66:20 | | | | | | disclosure(1) 52:20 | |
| consideration(4) 39:7 49:9 53:9 69:16 | | | | debtors(33) 1:26 13:20 14:23 15:24 25:15 27:1 27:15 27:24 28:2 28:24 29:9 29:18 30:21 31:4 31:13 32:11 33:3 33:9 33:15 33:17 34:15 34:25 35:1 35:13 35:13 35:18 37:9 39:23 41:15 42:22 43:5 59:7 61:19 | | discount(1) 42:19 | |
| considering(1) 47:11 | | | | | | discovery(15) 17:25 18:2 18:3 18:19 18:20 19:12 19:13 19:21 25:22 28:16 35:2 35:17 35:24 37:20 65:15 | |
| consistent(1) 69:22 | | | | | | | |
| constantly(2) 15:3 21:25 | | | | december(4) 58:4 61:4 62:3 68:15 | | discuss(3) 30:10 42:25 71:7 | |
| constituencies(1) 27:20 | | | | decide(2) 51:16 53:5 | | discussions(1) 61:2 | |
| constituency(1) 26:13 | | | | decided(3) 70:6 71:17 71:19 | | disinterested(1) 58:11 | |
| consume(2) 58:22 58:24 | | | | deciding(2) 25:22 31:12 | | dismiss(3) 13:16 21:24 22:3 | |
| consumes(1) 54:11 | | | | decision(3) 40:19 40:25 43:11 | | dispose(1) 39:8 | |
| contact(1) 71:22 | | | | decisions(3) 58:5 58:12 68:7 | | dispute(3) 19:17 30:19 38:8 | |
| contained(1) 72:17 | | | | | | disputed(1) 31:20 | |
| contain(3) 13:13 21:21 22:2 | | | | | | disqualification(3) 9:19 50:1 63:8 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| disqualify(2) 49:9 49:13 | | emergency(3) 49:8 49:12 63:24 | | extend(7) 9:13 10:18 25:5 30:8 32:18 34:9 39:16 | | firm(22) 4:41 15:19 22:12 42:16 43:9 44:11 46:10 49:19 49:20 50:2 50:12 50:15 50:16 51:19 52:6 53:16 54:5 54:18 56:18 60:10 60:11 64:7 | |
| distracted(2) 62:16 | | employ(1) 41:16 | | | | | |
| district(1) 1:2 | | employees(1) 28:23 | | | | | |
| docket(1) 40:21 | | employment(1) 43:17 | | extended(2) 30:24 71:16 | | | |
| document(1) 64:23 | | enable(1) 68:5 | | extensive(1) 50:14 | | | |
| documents(4) 70:18 70:21 71:2 71:6 | | end(3) 25:12 34:2 71:11 | | extent(4) 47:12 60:21 61:10 62:7 | | firms(5) 43:3 43:5 50:8 51:11 53:19 | |
| doe's(1) 60:16 | | engaged(2) 35:22 69:11 | | extra(3) 42:16 57:7 73:15 | | first(19) 10:3 10:16 12:2 12:11 13:4 21:16 27:16 28:6 30:3 30:10 31:17 36:1 38:5 41:21 49:25 66:13 67:7 68:13 69:13 | |
| does(16) 11:17 17:22 24:14 24:19 28:17 29:13 31:16 33:12 34:10 41:3 46:7 51:5 62:12 65:12 65:12 66:11 | | engagement(1) 44:11 | | extraordinary(1) 43:21 | | | |
| | | english(1) 4:50 | | extremely(1) 19:25 | | | |
| | | enough(2) 9:6 10:13 | | eye(1) 8:18 | | | |
| | | enter(3) 9:6 10:13 73:7 | | face(1) 14:10 | | fits(1) 65:20 | |
| doesn't(4) 25:25 30:4 31:12 57:6 | | entered(2) 40:17 69:12 | | faced(1) 34:11 | | five(1) 48:17 | |
| doing(19) 31:15 33:17 44:20 44:22 47:5 47:8 47:24 47:25 52:17 52:18 52:19 52:21 52:21 52:22 57:3 63:11 65:24 69:1 69:1 | | entity(3) 14:15 14:21 14:22 | | facilitate(1) 59:17 | | fleet(1) 8:12 | |
| | | entry(1) 40:21 | | fact(19) 12:17 16:23 17:11 17:22 18:8 19:4 19:4 19:20 20:1 20:3 24:1 27:13 27:17 28:3 33:19 42:8 52:9 53:2 65:18 | | flip(1) 60:22 | |
| | | envisioned(1) 65:5 | | | | flood(1) 28:25 | |
| | | envisions(1) 65:5 | | | | floodgates(1) 28:2 | |
| dombeck(3) 7:25 7:25 8:17 | | eos(1) 6:25 | | | | floor(2) 3:22 4:28 | |
| don(1) 5:7 | | erens(3) 3:48 46:9 46:9 | | factor(2) 27:25 39:1 | | focus(3) 27:25 59:13 59:13 | |
| don't(53) 13:3 16:5 18:24 18:24 18:25 19:10 19:19 19:20 20:16 23:12 23:12 26:1 28:12 28:13 29:17 31:19 31:23 33:18 34:33 34:4 35:6 35:14 37:5 37:6 37:8 37:15 38:11 38:24 39:2 44:12 47:16 47:21 47:24 51:21 53:20 53:23 58:23 59:8 61:6 62:2 62:20 62:21 63:1 64:25 68:16 68:23 68:23 69:23 71:1 71:2 71:3 71:11 72:24 | | essentially(5) 53:20 60:12 60:14 60:22 62:2 | | factors(8) 25:6 29:25 30:14 34:7 34:9 38:24 39:1 58:15 | | focused(1) 58:25 | |
| | | estate(2) 28:25 29:9 | | | | following(2) 46:20 49:3 | |
| | | esther(1) 5:24 | | | | for(172) 1:2 1:26 2:4 2:25 2:33 2:46 3:4 3:12 3:26 3:32 3:41 3:47 4:4 4:18 4:33 4:50 5:4 5:18 5:27 5:33 5:39 5:42 5:45 5:50 6:4 6:12 6:16 6:21 6:25 6:28 6:34 6:37 6:41 6:44 6:47 7:4 7:11 7:15 7:18 7:21 7:25 7:28 7:33 7:38 9:4 9:12 10:5 11:5 11:18 11:19 14:8 16:12 17:8 17:14 18:22 19:15 21:1 21:22 23:20 24:19 24:20 25:18 25:21 25:22 26:9 27:7 27:14 27:21 28:4 28:15 28:24 30:16 30:22 31:15 31:25 32:18 33:8 34:8 34:16 35:8 35:16 36:4 36:4 36:11 37:2 39:7 39:8 39:12 39:20 40:11 40:13 40:19 40:23 40:24 41:5 41:7 41:10 41:16 41:24 43:10 43:11 43:24 44:5 44:19 45:2 45:13 45:14 45:20 45:23 46:3 46:10 48:6 48:16 49:5 49:6 49:7 49:8 49:21 50:10 50:17 51:19 52:2 52:11 52:11 53:22 53:23 54:4 54:5 54:21 54:23 55:4 55:16 57:19 57:22 58:13 58:17 59:2 59:7 59:15 59:18 59:23 59:23 60:20 62:6 62:23 63:5 63:11 64:9 64:12 64:12 64:16 65:15 65:16 66:6 66:9 66:21 66:21 66:22 67:4 67:6 67:13 67:18 68:18 69:20 70:3 70:4 70:8 70:8 71:13 72:23 73:5 | |
| | | estimating(1) 57:20 | | | | | |
| | | estimation(1) 9:4 | | facts(12) 11:3 11:4 12:17 16:23 16:25 17:5 18:16 23:12 23:12 31:20 38:8 38:10 | | | |
| | | evaluation(1) 50:25 | | | | | |
| | | evan(2) 5:20 6:17 | | | | | |
| | | eve(1) 42:8 | | factual(6) 11:8 33:4 38:15 38:21 39:17 | | | |
| | | even(12) 16:10 30:9 31:12 31:15 32:11 34:18 35:17 37:20 47:18 57:11 63:15 64:16 | | failing(1) 35:15 | | | |
| done(19) 16:10 21:18 21:18 26:24 33:5 33:6 33:25 34:13 37:11 38:14 44:10 53:9 61:20 61:23 63:20 64:16 64:23 71:16 73:13 | | | | failure(3) 16:7 29:7 57:25 | | | |
| | | event(1) 62:6 | | fair(1) 55:17 | | | |
| | | ever(2) 21:17 38:14 | | faith(6) 30:17 34:9 34:14 38:25 63:12 | | | |
| | | every(3) 52:8 52:9 70:3 | | fallon(1) 6:47 | | | |
| door(2) 27:11 66:18 | | everybody(6) 47:15 61:16 61:17 61:20 61:24 62:1 | | family(2) 17:14 33:23 | | | |
| dorman(1) 4:18 | | | | far(4) 34:7 36:25 44:20 65:8 | | | |
| dorr(1) 5:46 | | | | fargo(2) 3:32 7:11 | | | |
| douglas(1) 5:34 | | | | fashion(1) 11:24 | | | |
| down(6) 21:10 22:24 27:24 45:23 48:9 65:14 | | everybody's(1) 54:9 | | fault(1) 23:16 | | | |
| | | everyday(1) 24:3 | | favorite(1) 54:19 | | | |
| | | everyone(3) 8:2 9:17 54:1 | | february(2) 60:8 60:9 | | | |
| | | everything(7) 8:7 17:18 22:4 47:8 69:5 72:15 72:19 | | fee(6) 9:10 40:18 44:1 45:5 46:17 48:9 | | | |
| draft(1) 39:23 | | | | feel(2) 23:16 53:8 | | foregoing(1) 74:2 | |
| drafting(3) 47:9 47:9 47:12 | | | | feelings(1) 21:11 | | forever(3) 14:24 15:2 15:6 | |
| drew(1) 2:34 | | everywhere(1) 23:1 | | feels(1) 21:12 | | form(9) 23:8 26:18 37:12 39:7 39:8 48:15 48:22 48:24 70:12 | |
| drills(1) 48:9 | | evidence(3) 23:6 26:1 31:18 | | fees(5) 9:15 43:25 46:4 46:14 47:23 | | | |
| driven(1) 12:17 | | evidentiary(3) 39:15 54:9 54:10 | | feld(1) 7:28 | | | |
| dublin(1) 7:29 | | exact(2) 15:5 67:24 | | felt(3) 43:22 45:5 45:12 | | | |
| due(3) 23:2 55:1 56:8 | | exactly(4) 19:1 46:25 55:19 71:6 | | fences(1) 45:22 | | forman(1) 1:34 | |
| duped(1) 23:16 | | examination(1) 11:9 61:23 | | fiduciaries(3) 64:3 66:25 67:11 | | formed(1) 62:12 | |
| duplication(6) 45:5 47:17 47:19 47:21 47:22 48:8 | | examine(2) 61:15 67:15 | | fiduciary(8) 58:12 62:11 66:22 67:4 67:14 67:14 67:16 68:6 68:6 | | forming(1) 42:5 | |
| | | examiner(5) 48:9 65:3 67:7 67:9 67:20 | | | | forms(1) 65:4 | |
| | | examiner's(2) 51:1 61:22 | | | | formulating(2) 51:6 58:7 | |
| duplicative(1) 43:5 | | example(4) 17:8 18:22 19:15 21:1 | | fight(1) 56:3 | | forth(7) 50:9 50:14 56:13 57:20 58:13 67:11 67:18 | |
| during(1) 63:23 | | exceeded(1) 54:23 | | figueroa(1) 4:20 | | | |
| duties(1) 43:3 | | except(1) 59:15 | | figured(1) 69:4 | | | |
| e-r-e-n-s(1) 46:10 | | exchanged(1) 18:1 | | file(18) 16:11 22:18 25:5 25:17 26:18 27:10 27:12 29:10 31:2 32:22 38:13 38:19 39:1 48:14 59:16 61:9 64:20 72:19 | | forthcoming(1) 37:22 | |
| each(4) 19:7 23:11 45:24 45:25 | | excuse(2) 31:16 43:6 | | | | forward(3) 25:19 35:25 46:18 | |
| earlier(3) 38:5 61:1 63:6 | | excused(2) 40:2 40:3 | | | | fought(1) 69:12 | |
| early(3) 10:14 31:1 62:22 | | exercise(2) 44:3 70:3 | | | | found(2) 13:10 69:9 | |
| easier(2) 11:19 52:15 | | expect(1) 34:1 | | filed(33) 13:11 13:18 14:4 15:21 15:23 15:24 16:11 22:23 26:17 28:1 29:18 29:13 30:3 30:21 30:25 32:3 32:15 40:17 59:22 60:8 60:11 60:13 62:4 64:24 65:7 66:19 67:2 67:12 67:19 70:10 72:11 73:8 | | four(1) 34:8 | |
| eastern(3) 55:23 70:9 70:11 | | expectation(1) 47:15 | | | | fox(2) 3:32 4:33 | |
| easy(2) 68:22 71:4 | | expedite(1) 9:18 | | | | fraction(1) 59:5 | |
| ecro(1) 1:43 | | expedited(2) 49:4 49:9 | | | | frankly(4) 23:9 38:11 41:5 70:21 | |
| edited(2) 18:23 19:9 | | expediting(1) 69:16 | | | | free(6) 35:12 48:14 51:9 51:10 51:11 | |
| editor(3) 18:23 24:13 34:19 | | expedition(1) 64:1 | | filing(11) 14:10 14:11 21:22 22:9 26:4 26:23 33:1 38:6 49:6 49:12 64:21 | | freeman(1) 5:39 | |
| editors(3) 24:13 35:22 35:22 | | experience(1) 43:18 | | | | fresh(1) 42:9 | |
| edward(2) 4:12 49:19 | | expert(4) 17:22 18:2 24:6 28:15 | | | | friedman(23) 3:12 4:11 4:12 7:5 40:11 49:18 49:19 49:19 51:21 52:14 53:11 56:1 56:5 56:7 56:21 57:17 58:23 65:1 66:13 68:4 71:15 72:7 72:10 | |
| effect(3) 43:9 57:2 71:24 | | expiring(1) 58:5 | | filings(1) 51:1 | | | |
| effective(1) 64:8 | | explain(4) 22:4 32:5 36:18 57:23 | | fill(2) 26:20 43:14 | | | |
| effectively(1) 29:1 | | explained(2) 22:6 51:10 56:10 | | final(1) 9:9 | | | |
| egi-trb(1) 7:21 | | explains(1) 50:4 | | find(7) 27:4 29:1 32:17 34:12 34:18 53:22 53:23 | | | |
| either(5) 31:18 37:7 37:20 56:14 71:16 | | exploded(1) 65:16 | | | | | |
| eldersveid(1) 5:6 | | expose(1) 67:9 | | | | | |
| electronic(2) 1:51 74:3 | | | | fine(3) 13:11 18:3 55:11 | | friedman's(2) 53:1 53:20 | |
| elizabeth(1) 7:40 | | | | finger(1) 2:33 | | friends(1) 18:11 | |
| ellias(1) 5:28 | | | | finite(1) 44:25 | | | |
| elliot(1) 2:41 | | | | fire(1) 20:23 | | | |
| else(8) 31:25 41:3 46:7 48:1 55:10 61:20 61:24 66:11 | | | | fired(1) 20:22 | | | |
| emails(3) 19:3 37:16 37:18 | | | | | | | |
| emc(1) 9:2 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**from**(51) 8:4  11:25  13:7  14:12  14:13  15:4  16:4  16:13  18:20  23:4  25:13  25:19  25:21  28:14  29:15  30:9  30:22  30:24  31:13  35:6  35:6  35:14  35:16  39:8  39:24  42:5  42:12  42:12  45:9  46:23  48:7  48:19  49:10  50:6  50:6  51:16  51:25  52:2  52:17  52:19  53:15  54:3  58:14  59:5  62:17  63:3  63:4  63:7  69:25  70:18  74:3

**front**(3) 13:12  44:23  60:7
**fuddle**(1) 64:3
**full**(2) 27:18  42:6
**fully**(3) 24:25  26:22  40:14
**fumble**(1) 64:3
**functioning**(2) 68:5  68:15
**fundamental**(1) 29:8
**further**(4) 29:19  32:8  63:1  73:18
**future**(1) 39:2

**garrison**(2) 6:5  7:39
**garvan**(1) 3:5
**gary**(1) 5:13
**gates**(1) 28:25
**geddes**(3) 4:4  49:20  72:23
**general**(1) 27:15
**generally**(1) 53:4
**gentilotti**(1) 3:4
**gentleman**(2) 13:8  13:11
**gentlemanly**(1) 23:10
**gentlemen**(1) 10:7
**george**(1) 23:4
**gerson**(1) 5:42
**get**(24) 16:5  19:10  19:20  29:4  30:9  33:6  34:3  36:6  36:24  37:6  53:4  53:9  54:6  54:24  55:6  56:1  59:9  62:16  63:19  64:17  65:1  70:22  70:24  71:1

**gets**(2) 57:6  57:9
**getting**(3) 18:21  64:12
**give**(5) 29:21  32:16  38:22  54:7  57:2
**given**(4) 13:20  42:1  45:10  65:15
**gives**(1) 26:17
**glad**(1) 62:24
**glenn**(1) 7:6
**global**(1) 44:25
**godbey**(1) 8:18
**goes**(4) 18:14  21:10  37:7  63:15
**going**(35) 10:15  11:6  16:8  17:17  18:12  18:18  19:17  20:20  21:21  22:1  27:24  32:4  32:5  33:5  34:9  36:24  38:12  38:19  38:20  39:5  48:3  54:25  56:20  56:3  61:6  61:9  62:3  62:4  62:18  64:5  66:1  69:21  70:24  71:4
**golden**(1) 7:30
**goldman**(2) 5:47  6:47
**gone**(2) 28:16  60:18
**good**(29) 8:3  10:5  10:9  10:10  10:23  10:24  18:10  20:10  25:14  30:17  34:9  34:14  38:24  38:25  40:10  41:23  42:9  46:5  46:9  52:1  52:1  53:10  59:18  59:23  63:12  65:20  66:4  69:3

**google**(1) 9:2
**gordon**(3) 5:29  5:45  6:6
**got**(5) 13:7  18:20  29:25  57:1  57:1
**gotshal**(1) 6:16
**governance**(1) 42:13
**governing**(1) 71:4
**grant**(5) 24:15  25:20  35:15  37:12  39:20
**granted**(3) 15:24  38:13  61:11
**granting**(1) 10:13
**grave**(2) 23:4  28:20
**great**(2) 3:41  52:5
**greissman**(1) 7:12
**gross**(5) 57:5  71:23  72:2  72:3  72:4
**group**(1) 7:38
**guess**(8) 25:20  38:22  46:20  52:4  53:8  54:20  57:7  71:21
**guidelines**(1) 45:23

**guideposts**(1) 45:22
**guilty**(3) 52:23  52:25  53:2
**gump**(1) 7:28
**gun**(2) 54:22  54:22
**gutman**(3) 28:9  33:22  37:9
**guys**(2) 60:23  60:23
**hac**(2) 10:13  22:22
**had**(20) 10:15  17:6  20:10  23:20  24:9  26:17  26:20  35:23  42:21  55:8  60:12  61:2  63:5  63:8  64:19  65:23  71:14  71:15  72:12  72:14
**hale**(1) 5:45
**halves**(1) 36:2
**hand**(4) 19:14  22:14  73:4  73:5
**handle**(2) 50:13  62:11
**handling**(1) 68:8
**handwritten**(2) 19:16  19:18
**happen**(8) 20:14  32:24  34:4  44:14  61:6  64:3  64:5  72:16

**happened**(6) 12:23  20:9  31:16  32:25  33:1  64:19

**happy**(1) 53:7
**hard**(5) 45:24  48:9  50:19  58:1  69:11
**harm**(3) 27:1  28:2  28:20
**harmed**(1) 29:9
**harmful**(1) 37:3
**harrisburg**(1) 1:47
**has**(59) 13:14  13:14  14:9  14:15  15:3  18:5  18:24  19:24  21:7  21:11  23:6  24:1  28:1  28:17  30:20  31:3  31:17  32:3  33:21  35:1  37:16  37:20  38:8  38:24  39:4  39:13  41:1  41:18  42:2  47:1  49:2  49:11  50:2  50:13  51:2  52:15  52:20  52:22  54:16  54:17  56:24  57:1  57:11  59:22  60:17  61:2  61:5  61:20  61:24  62:12  63:20  63:24  65:6  69:10  69:11  69:11  69:12  69:23  70:21

**hasn't**(2) 23:5  60:5
**hauer**(1) 7:28
**have**(120) 8:7  8:7  11:16  13:22  16:10  16:24  16:25  17:14  17:16  17:20  18:1  18:2  19:10  19:19  19:20  20:5  20:7  20:18  21:2  21:18  21:19  21:20  21:21  22:1  22:14  22:25  24:14  25:17  25:25  26:9  26:24  26:26:1  26:24  27:4  27:4  28:4  28:5  28:8  29:5  29:19  30:24  31:24  32:11  32:11  33:10  33:21  33:33  33:11  33:11  33:13  33:16  33:20  33:23  33:25  34:2  34:6  34:13  35:21  35:21  36:10  36:20  37:10  37:11  37:18  37:19  37:21  37:22  38:2  38:9  38:22  41:25  43:23  45:15  47:17  48:4  49:23  50:5  50:9  50:10  50:18  51:5  51:15  52:17  53:14  53:25  54:9  54:10  54:12  54:25  55:5  55:10  55:12  56:5  56:7  56:10  56:13  56:16  58:6  61:2  61:7  61:7  61:21  62:18  63:1  64:4  64:5  64:16  65:13  66:7  66:25  67:1  67:17  67:19  68:23  71:1  72:10  73:1  73:3

**haven't**(4) 59:22  59:23  61:23  69:4
**having**(6) 12:24  22:22  24:4  54:23
**he's**(9) 11:12  14:7  21:8  21:9  21:9  33:18  57:1  72:2  72:7

**headline**(2) 19:23  24:14
**health**(1) 18:10
**hear**(15) 9:17  11:17  25:13  30:8  34:10  39:19  41:14  45:9  51:15  51:25  58:18  59:4  59:5  62:14  63:3

**heard**(15) 10:14  21:25  31:18  38:23  41:4  46:8  46:17  48:2  57:11  60:25  61:10  66:12  68:13  72:5  72:7

**hearing**(33) 13:16  21:25  22:3  34:1  39:3  39:15  39:21  39:24  40:9  44:4  51:14  53:10  53:14  53:17  53:19  54:10  54:19  55:4  55:1  57:3  58:22  58:24  59:4  60:17  60:19  62:8  64:13  66:2  69:20  69:22  70:7  73:21  73:22

**hearings**(1) 54:6
**heartburn**(1) 11:18
**heated**(1) 52:16
**heavily**(1) 51:12
**heavy**(2) 44:22  47:5
**held**(6) 13:13  13:14  21:21  21:23  22:2
**help**(1) 18:13
**helped**(1) 19:4
**henke**(1) 8:15
**hennigan**(1) 4:18
**her**(2) 17:2  24:9
**herbert**(1) 8:18
**hercules**(1) 3:12
**here**(47) 11:12  12:7  12:23  13:12  22:22  23:13  23:15  25:21  26:10  28:4  28:24  30:7  30:18  31:11  31:16  31:17  32:1  33:1  34:14  36:12  37:19  37:22  38:18  38:20  38:24  43:1  43:4  43:8  43:22  43:25  45:4  46:10  46:14  49:16  49:21  52:9  53:16  61:2  62:13  63:8  63:24  64:25  65:22  66:25  68:25  69:4

**here's**(2) 32:23  32:23
**herring**(2) 55:15  71:10
**hide**(1) 23:12
**high**(1) 20:7
**highly**(2) 20:15  20:16
**him**(13) 17:14  18:7  18:12  18:15  20:12  20:15  20:15  20:16  20:22  20:23  21:7  57:2  71:23
**himself**(3) 18:7  21:7  57:10
**hinted**(1) 63:5
**hire**(2) 21:2  53:5
**hired**(2) 15:18  24:7
**his**(24) 12:14  14:2  14:2  14:5  14:8  15:5  17:13  17:13  19:24  21:6  21:6  21:10  21:12  22:12  23:21  32:7  32:10  33:22  33:2  36:10  57:1  61:5  71:15

**hold**(2) 70:9  71:1
**honest**(2) 23:11  23:11
**honor**(130) 8:3  8:5  10:5  10:6  10:9  10:11  10:12  10:19  10:23  11:2  11:20  11:22  11:2  12:22  15:10  15:22  16:15  21:8  22:18  23:2  24:6  24:15  24:21  25:10  25:14  25:16  25:24  27:2  29:12  29:15  29:23  30:6  30:13  30:18  31:2  31:7  32:1  32:11  32:25  33:9  34:9  34:16  34:19  35:4  35:8  35:20  36:12  36:20  36:21  37:8  37:9  37:12  37:14  37:15  37:23  37:24  39:11  39:12  39:22  40:1  40:6  40:10  40:13  40:16  40:22  41:1  41:11  41:15  41:19  41:22  41:23  42:11  42:21  43:8  45:10  45:10  46:9  46:12  48:21  48:24  49:18  49:22  50:18  51:13  51:15  51:22  52:1  52:3  53:7  55:7  56:1  56:5  56:16  56:22  56:24  57:1  57:17  58:17  58:23  59:1  59:6  61:5  62:3  63:8  65:10  66:2  66:6  66:13  67:1  67:22  68:17  68:19  70:14  71:8  71:14  71:16  71:20  72:5  72:7  72:12  72:22  72:22  72:25  73:3  73:4  73:5  73:9  73:14  73:17

**honor's**(1) 71:22
**honorable**(1) 1:20
**hoover**(1) 3:27
**hope**(2) 42:12  54:1
**horan**(1) 3:42
**horrible**(1) 31:14
**how**(15) 25:7  28:1  36:20  37:22  45:21  51:7  56:19  58:21  58:23  59:24  65:20  68:3  68:2  70:6  71:1

**howard**(1) 5:36
**however**(3) 11:16  31:19  52:9
**huge**(1) 55:15
**huh**(1) 23:14

**human**(1) 52:4
**hypothetical**(1) 59:8
**hypothetically**(1) 58:21
**i'd**(13) 10:7  10:19  13:13  14:24  21:1  25:10  39:6  46:20  55:1  55:14  55:16  70:25
**i'll**(10) 8:6  11:17  14:18  25:13  32:16  40:8  45:9  48:12  59:5  63:3
**i'm**(43) 11:2  11:3  12:19  13:19  15:10  16:12  19:1  22:18  22:21  24:21  24:22  32:13  32:20  32:21  33:5  33:11  33:15  34:24  36:24  37:1  38:7  38:18  38:19  39:5  41:5  41:6  42:10  42:11  44:12  44:16  46:5  52:10  56:2  57:14  61:10  62:16  65:10  65:21  65:24  69:21  70:8  70:12  71:5

**i've**(13) 11:4  12:21  18:17  21:3  21:17  21:18  31:17  31:18  38:11  38:12  38:13  38:14  42:21
**idea**(4) 42:9  53:10  65:17  70:21
**identical**(1) 70:19
**identified**(2) 17:20  17:21
**identify**(1) 61:9
**immediately**(3) 20:12  30:23  32:22
**immense**(1) 19:13
**impending**(1) 66:22
**implicates**(1) 50:3
**importance**(1) 45:11
**important**(10) 28:15  50:21  50:23  51:8  52:11  53:16  58:5  58:10  58:11  62:18

**importantly**(1) 20:22
**impression**(1) 70:22
**in-house**(1) 28:6
**inception**(3) 12:25  14:12  52:19
**incident**(1) 20:9
**inclined**(4) 41:6  57:14  69:19  71:25
**include**(1) 17:22
**including**(3) 57:25  58:7  60:16
**increase**(1) 48:5
**incredible**(1) 32:19
**indeed**(2) 39:16  41:1
**indentured**(1) 40:12
**independent**(6) 66:21  67:4  67:15  68:6  68:10  69:10

**indicate**(1) 24:9
**indicated**(3) 14:9  15:15  23:19
**inform**(1) 24:25
**information**(9) 18:21  18:22  19:4  27:9  34:22  34:25  36:14  38:1  38:2

**informed**(2) 13:11  14:23
**initially**(2) 10:25  12:24
**initiated**(3) 12:7  12:12  12:25
**initio**(1) 33:19
**injured**(1) 24:2
**injuries**(2) 18:4  23:22
**injurious**(1) 24:10
**injury**(5) 21:6  21:6  21:7  23:21  24:2
**injustice**(1) 28:19
**inner**(1) 33:13
**innuendo**(1) 52:8
**inserted**(1) 73:3
**inside**(1) 70:22
**instead**(2) 32:25  33:6
**institution**(1) 35:25
**insulation**(1) 45:16
**integrity**(2) 45:17  50:4
**intend**(1) 59:8
**intended**(2) 9:24  33:8
**intensive**(1) 12:17
**intention**(1) 10:25
**intentionally**(1) 32:2
**interest**(2) 47:10  49:11
**internet**(1) 12:7
**interpret**(1) 66:17
**interpretation**(1) 66:15

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

interrogatories(1) 38:1
interviewed(1) 19:17
interviewers(1) 34:24
intimately(1) 11:6
into(11) 12:3 17:3 21:17 28:12 33:6 36:6 40:17 59:2 59:9 65:20 66:5
introduce(2) 10:8 46:11
investigation(3) 61:19 61:20 61:20
invite(1) 39:2
involved(3) 17:1 50:16 58:12
involvement(1) 65:24
involves(1) 16:22
involving(3) 29:2 29:3 70:20
irrespective(1) 27:13
isn't(6) 16:23 44:21 59:7 59:10 61:6 70:25
issue(17) 25:16 27:25 30:22 37:17 42:13 44:25 44:25 46:14 46:19 52:12 55:25 59:7 59:25 62:11 69:23 70:1 70:24
issued(2) 35:2 67:8
issues(8) 34:11 42:23 43:1 44:1 45:5 47:6 47:11 51:16
it's(41) 15:2 18:5 22:6 22:25 24:2 25:1 27:22 27:25 28:14 33:7 33:19 33:19 33:19 35:11 36:1 36:1 36:24 37:3 38:1 38:12 38:13 44:21 46:14 50:20 51:8 52:11 53:4 54:19 59:21 60:6 62:4 62:19 64:5 65:5 66:4 67:20 69:24 70:22 71:4 71:7 73:13
item(2) 9:3 40:6
its(12) 14:9 14:12 36:16 41:9 45:13 45:18 46:2 52:19 53:3 57:7 61:19 68:19
itself(3) 18:17 19:22 19:23
ivan(14) 4:33 9:12 9:13 10:6 18:10 18:11 18:13 19:17 19:18 20:14 20:18 20:21 20:24 21:3 21:5
james(3) 1:28 4:19 5:39
jared(1) 5:28
jason(5) 4:34 10:6 28:4 29:23 39:11
jean-marie(1) 6:31
jeffrey(1) 3:33
jenner(1) 7:21
jennifer(1) 3:27
jessica(1) 1:29
jillian(1) 5:12
jim(2) 59:6 70:14
john(2) 23:3 60:16
johnston(1) 4:19
join(1) 29:18
joinder(1) 29:13
jointly(1) 64:8
jones(11) 3:47 5:20 9:15 41:16 42:17 42:22 44:18 44:21 44:23 45:20 46:10
joseph(2) 7:33 7:35
jpmorgan(1) 6:12
judge(13) 1:21 2:2 22:8 53:24 54:6 57:5 57:6 71:17 71:19 71:22 72:2 72:3 72:4
judge's(1) 20:12
judges(4) 20:6 20:14 20:15 68:23
juncture(3) 45:11 59:24 61:25
jurisdiction(2) 12:10 32:8
jury(1) 33:13
just(32) 8:6 8:7 10:2 17:21 21:11 23:20 23:25 24:2 29:6 31:10 31:22 35:8 35:9 35:23 36:3 37:22 46:11 46:23 47:15 49:16 52:4 54:9 54:12 54:6 55:3 58:14 58:20 60:6 62:4 65:24 66:18 72:1
justice(6) 12:3 17:4 17:11 28:23 35:23
justified(1) 48:6
justly(1) 42:6
kalenchits(2) 5:50 5:50
kansa(1) 5:14

kaplan(2) 4:11 49:19
karolyn(1) 8:12
kasowitz(3) 3:11 7:4 40:11
kaye(1) 6:21
keeping(1) 45:23
kelley(1) 6:12
ken(1) 5:14
kevin(4) 1:20 1:27 6:12 25:14
key(1) 47:11
kicks(1) 52:5
kind(7) 9:6 10:12 18:18 38:23 42:23 55:9 70:23
kinds(1) 31:14
king(2) 2:27 2:35 2:36 3:6
kjc(1) 1:9
klauder(13) 2:26 41:23 41:24 41:25 42:11 42:21 43:15 43:20 44:4 44:12 45:8 45:21 48:5
knew(2) 30:19 31:4
know(57) 11:5 13:7 13:9 13:10 13:20 16:10 18:24 18:24 18:25 19:10 20:5 20:17 23:21 24:12 24:13 24:23 27:23 27:23 28:3 28:9 28:15 31:9 31:19 32:16 32:24 34:11 35:5 35:22 37:5 37:7 39:12 39:19 41:7 42:5 43:1 44:13 51:21 52:8 54:3 54:13 58:23 61:9 61:18 62:8 62:20 62:23 64:22 65:3 68:20 68:23 69:13 70:25 70:25 72:24 72:25 73:4
knowing(1) 20:11
knowledge(1) 36:20
knowledgeable(1) 20:11
known(1) 42:19
knows(4) 30:15 40:22 61:16 61:17
korpus(6) 3:13 40:10 40:11 41:8 41:11 41:13
krakauer(1) 5:15
kramer(1) 6:44
labor(1) 5:43
lady(1) 17:2
lamport(2) 7:33 7:35
landis(4) 2:4 2:5 64:7 71:21
language(1) 46:21
lantry(14) 1:27 25:14 25:14 25:24 29:12 37:15 40:6 41:15 41:19 41:22 45:10 47:4 48:21 48:24
large(1) 33:20
lashko(1) 6:8
last(3) 29:22 29:22 69:14
late(13) 25:17 26:4 27:12 28:14 28:19 29:10 38:6 38:14 38:19 39:10 39:20 67:2 69:8
later(4) 44:1 65:3 65:19 70:10
laura(2) 7:18 7:18
laurie(1) 3:19
law(18) 3:41 4:4 4:41 7:4 9:14 12:9 12:15 14:8 14:13 23:3 23:10 24:25 33:3 40:7 40:11 40:18 42:16 43:8 51:11
lawsuit(1) 12:8 13:1 13:11 22:9 22:9 32:2
lawsuits(1) 64:18
lawyer(2) 19:24 35:22
lawyer's(1) 14:3
lawyers(1) 12:4 20:24 28:6 53:5
lays(1) 67:13
layton(1) 2:33
lbo(7) 47:7 50:24 51:7 58:14 59:16 63:16
learn(1) 69:24
learned(5) 14:18 15:14 16:9 24:24 26:10
least(14) 12:24 13:2 14:14 15:15 41:6 42:15 42:24 43:18 45:2 45:6 48:6 59:24 64:15 64:19

leave(6) 11:15 24:17 25:17 40:8 57:13 59:18
leaves(1) 9:11
lederman(1) 6:17
left(1) 65:18
legal(1) 21:16
legitimate(2) 42:2 44:2
lemay(25) 2:12 29:15 29:15 52:1 52:2 52:25 54:3 54:12 54:25 55:7 55:17 55:19 55:22 55:24 56:24 56:24 63:4 63:4 65:10 65:12 66:24 71:8 71:8 71:20 72:5
lenders(2) 4:19 60:10
length(2) 30:15 34:8
leonard(2) 1:35 5:42
less(1) 27:22
let(13) 10:24 14:6 16:12 24:17 30:1 41:20 46:4 48:16 49:15 49:16 51:25 55:4 72:1
let's(7) 11:23 12:19 32:18 51:24 57:12 57:16 58:20
lethargy(2) 21:11 24:3
letter(2) 20:18 23:17
letterhead(1) 17:9
level(1) 3:7
levin(1) 6:44
levy(1) 6:7
lexi(1) 6:47
lexington(1) 2:42
liabilities(1) 27:24
liable(1) 36:11
liebentritt(1) 5:7
life(1) 65:22
lift(5) 10:16 24:18 25:2 30:4 33:18
lifted(1) 16:20
lifting(3) 24:20 44:22 47:5
light(2) 42:8 66:20
lightly(1) 22:21
like(21) 10:7 10:19 21:1 21:12 25:10 27:5 27:21 29:24 34:3 34:10 39:6 51:21 52:14 55:1 55:11 56:1 63:22 65:1 65:2 70:25 73:4
likelihood(1) 36:6
limitation(1) 58:5
limitations(8) 14:5 32:13 32:20 61:5 61:13 64:17 65:17 66:23
limited(4) 18:20 36:13 36:20 67:21
linear(1) 16:24
lines(1) 50:7
link(1) 12:3
liquidated(1) 30:20
listed(1) 30:20
listen(1) 15:13
literally(1) 17:16
litigation(14) 18:7 21:23 21:23 26:8 27:3 27:6 27:6 27:8 29:5 32:6 39:2 63:11 63:22 66:1
little(5) 31:10 45:2 54:20 62:16 67:8
living(1) 11:4
llc(1) 4:41
llp(18) 1:26 2:11 2:17 2:46 3:12 3:18 3:33 4:18 4:33 5:27 5:33 6:5 6:16 6:21 6:28 7:11 7:21 7:39
load(1) 55:9
local(2) 64:13 69:23
lockbox(1) 2:28
long(1) 62:20
longer(2) 20:14 20:15
look(6) 11:14 20:3 21:12 43:16 48:15
looking(4) 48:11 48:16 68:14 70:18
looming(1) 64:16
los(1) 4:22
losing(1) 12:10
loss(2) 24:4 65:21

lost(3) 20:21 64:2 64:18
lot(15) 12:17 12:18 16:22 16:23 27:5 27:8 27:17 27:19 29:17 53:11 59:14 62:13 62:19 65:9 65:11
ludwig(1) 5:12
lugano(1) 1:43
lynch(2) 3:18 6:21
lynne(1) 7:15
macauley(2) 2:18 53:15 54:13
made(12) 18:6 26:6 26:24 36:21 37:21 37:22 46:23 52:15 61:5 61:11 61:14 71:15
madlyn(1) 6:22
main(1) 65:16
mainly(1) 24:1
make(11) 12:14 26:12 30:4 38:21 47:15 50:19 50:20 58:1 64:17 68:7 73:16
makes(3) 11:19 16:10 68:25
making(4) 14:7 39:4 43:11 61:3
management(4) 4:5 27:14 42:7 49:21
mandate(1) 58:15
manges(1) 6:16
many(3) 28:6 52:22 69:3
marbury(1) 8:18
marc(1) 5:23
march(2) 26:15 40:15
marcia(1) 8:21
marek(1) 7:15
mark(1) 70:11
marked(1) 72:25
market(6) 1:12 2:6 2:19 3:21 3:35 4:36
marshall(1) 23:3
martin(1) 5:30
maryland(12) 12:9 12:10 12:11 12:14 16:21 16:22 17:17 20:2 20:20 21:24 26:3 34:17
material(2) 31:20 38:8
matter(8) 11:25 33:16 40:2 41:4 41:6 56:16 66:19 74:4
matters(6) 50:1 50:13 50:15 58:9 72:11 72:17
matthew(3) 6:34 6:34 7:7
maureen(3) 7:25 7:25 8:17
may(25) 16:16 30:8 33:14 33:14 33:21 40:2 40:3 41:21 43:25 44:15 45:3 45:4 45:20 48:21 49:18 54:12 56:7 62:8 62:10 69:13 69:14 70:14 72:7 72:12 72:19
maybe(8) 21:3 21:19 31:22 43:21 45:1 55:11 61:23 65:7
mayer(1) 6:28
mccarter(1) 4:50
mccolm(1) 7:40
mcdaniel(1) 3:5
mcmeel(1) 74:8
mean(10) 29:22 36:8 44:13 44:21 54:8 61:7 61:15 63:18 68:22 68:22
meant(1) 51:11
meant(1) 39:2
mediating(3) 57:6 71:17 71:19
mediation(38) 41:7 42:8 50:4 50:17 50:19 50:21 50:23 50:23 51:15 51:17 51:19 52:12 52:14 53:22 56:8 56:11 57:20 57:25 58:1 58:4 58:19 58:25 59:15 59:17 59:18 60:1 62:17 63:12 63:20 63:23 65:21 66:5 66:14 69:11 69:12 70:4 71:14 71:24
mediator(4) 56:20 57:14 63:9 65:22
medication(3) 21:9 21:9 24:4
meisel(1) 1:34
melwani(1) 6:38
mention(3) 8:9 53:15
mentioned(2) 32:11 73:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**merit**(3) 28:11 28:18 39:5
**merits**(3) 34:3 36:6 59:10
**merrill**(2) 3:18 6:21
**met**(1) 61:13
**miami**(1) 15:4
**michael**(2) 5:8 6:29
**might**(7) 25:23 38:25 45:2 46:2 53:19 69:15 72:22
**mike**(1) 6:25
**million**(3) 23:19 27:19 27:21
**mind**(1) 57:6
**mindful**(2) 46:18 48:8
**mini**(1) 42:8
**minute**(2) 33:18 48:17
**misinform**(1) 37:24
**misrepresentation**(1) 37:19
**miss**(1) 61:4
**missed**(2) 15:8 29:6
**missing**(1) 71:5
**misspeak**(1) 37:25
**mode**(1) 66:1
**moment**(6) 14:8 14:14 25:22 32:19 53:13 54:12
**momentarily**(1) 45:20
**momentous**(3) 65:6 65:13 66:6
**monday**(5) 54:11 55:10 55:23 60:11 73:8
**monetary**(2) 13:14 36:9
**money**(2) 21:22 22:1
**monitor**(1) 43:23
**months**(5) 26:6 33:1 34:8 34:14 67:7
**moot**(2) 30:5 39:9
**more**(16) 11:2 11:12 15:13 18:11 18:12 20:22 37:16 40:2 44:15 46:19 47:23 60:10 62:2 69:3 70:3 70:15
**morgan**(3) 2:33 2:46 6:16
**morning**(13) 8:2 8:3 10:5 10:9 10:10 10:16 10:23 10:24 25:14 40:10 41:23 46:2 52:1
**moskowitz**(1) 2:41
**most**(3) 47:10 50:2 65:4
**mother**(1) 52:8
**motion**(106) 9:4 9:12 9:13 9:14 9:19 9:20 9:21 9:22 10:13 10:16 10:17 10:17 13:15 15:23 15:25 16:12 21:24 22:3 24:19 24:19 25:2 25:5 30:4 30:8 30:22 31:18 38:13 38:19 39:5 39:8 39:9 39:16 39:16 40:7 40:13 40:14 40:18 40:23 41:2 41:9 48:14 49:4 49:5 49:6 49:8 49:9 49:11 49:12 49:13 49:25 50:2 50:4 50:9 51:14 51:22 53:9 55:1 55:14 56:11 57:1 57:16 57:18 57:23 58:18 58:21 59:3 59:8 59:19 59:22 59:22 59:24 59:24 60:4 60:12 60:22 61:7 62:7 62:19 62:24 63:7 63:8 64:22 65:4 65:7 65:13 66:6 66:18 70:5 70:7 70:8 70:13 70:16 70:17 70:20 71:10 72:8 72:20 72:21 72:24 73:1 73:2 73:8 73:10
**motions**(25) 9:18 10:3 10:15 11:15 11:17 16:11 22:22 22:23 25:9 29:18 31:6 37:12 47:9 49:9 49:22 49:24 59:16 60:7 61:8 63:15 63:16 64:6 64:20 66:15 67:2
**movant**(9) 25:4 29:22 31:17 31:24 38:20 38:24 39:12 39:16 49:21
**move**(1) 30:10
**moving**(1) 11:14
**much**(10) 11:5 11:5 23:1 38:16 52:21 53:25 58:21 58:23 68:24 73:20
**multi-strategy**(1) 7:34
**mushroomed**(1) 17:3
**must**(5) 25:4 25:6 39:19 48:8 72:4
**myers**(1) 5:18
**naively**(1) 63:18
**name**(3) 26:20 36:24 37:2

**namely**(2) 63:16 65:16
**nance**(2) 22:2 22:8
**national**(1) 4:50
**nature**(3) 43:4 43:16 52:4
**necessary**(5) 18:21 26:2 43:22 47:20 57:24
**necessity**(2) 26:23 42:16
**need**(29) 11:2 15:12 15:12 18:13 18:13 25:18 27:22 27:23 27:25 28:13 29:17 30:23 34:12 35:5 35:6 35:14 37:15 37:17 37:19 46:2 53:12 60:24 61:14 62:10 62:22 64:17 65:15 66:21 66:21 67:4
**needed**(6) 11:11 19:13 24:25 59:2 59:3
**needs**(4) 11:3 26:1 26:3 38:5
**negotiate**(2) 27:24 28:1
**negotiating**(2) 63:9 65:22
**never**(2) 35:24 64:5
**new**(7) 2:14 2:43 3:5 3:15 4:15 7:5 9:8
**newsource**(1) 8:19
**newspaper**(3) 12:1 12:2 12:6
**next**(11) 18:1 26:21 36:23 40:6 41:10 50:17 53:14 54:22 62:17 70:24 71:5
**ninth**(1) 8:8
**nobody**(1) 38:8
**non-issue**(1) 30:18
**non-meritorious**(1) 27:6
**nor**(2) 38:9 42:14
**normal**(2) 52:7 64:11
**normally**(4) 43:12 43:13 52:4 73:7
**norman**(2) 1:36 8:8
**north**(5) 1:37 2:36 3:6 3:21 3:35
**not**(109) 13:10 14:14 16:8 16:12 17:9 17:11 17:22 18:21 19:1 19:3 19:13 19:14 20:23 22:22 22:20 23:8 23:9 23:18 23:21 24:2 24:7 24:14 24:19 26:19 26:24 27:4 28:11 28:17 28:20 28:25 28:25 30:3 30:15 31:7 31:16 32:2 32:6 32:11 32:13 32:14 32:20 32:21 33:10 34:1 34:6 34:10 35:11 36:4 36:10 37:20 37:22 37:23 37:24 38:2 38:7 38:7 39:5 39:14 39:14 41:6 42:6 42:19 43:13 43:17 43:24 44:6 44:8 44:12 44:16 44:18 46:23 47:5 47:13 49:15 51:5 51:11 51:12 52:11 52:25 53:4 54:5 54:19 54:24 54:25 55:9 59:21 59:24 62:16 63:15 63:21 64:18 65:19 65:24 66:17 67:14 67:20 67:25 68:18 68:24 69:3 69:11 69:14 69:21 69:24 70:11 71:7 72:13 72:15
**note**(1) 19:6
**noted**(1) 71:17
**notes**(4) 19:15 19:16 19:18 24:9
**nothing**(6) 17:7 22:9 26:7 29:19 64:3
**notice**(16) 12:16 26:15 26:19 49:8 60:17 60:19
**noticed**(1) 27:9
**noticing**(1) 27:13
**notion**(1) 57:9
**notwithstanding**(2) 50:10 50:12
**novod**(1) 5:29
**now**(40) 11:5 15:1 15:7 15:9 16:2 16:6 16:11 16:11 17:5 17:24 18:19 19:17 19:2 22:13 22:16 23:23 26:25 27:11 33:1 33:5 33:18 38:11 38:13 39:15 45:6 46:13 48:6 49:3 52:2 52:11 54:21 57:5 60:7 61:23 64:5 65:18 65:25 68:18 69:9
**null**(3) 14:12 33:19 33:19
**number**(24) 8:8 8:11 8:14 8:16 8:20 8:23 9:1 9:3 9:7 9:9 9:11 9:12 9:13 9:15 26:9 28:25 37:16 37:18 40:7 41:14 42:22 45:3 47:9 60:2
**numerous**(2) 44:13 44:15
**o'clock**(2) 55:23 70:9
**o'melveny**(1) 5:18
**o'neal**(1) 5:8
**object**(1) 8:23
**objecting**(1) 69:5

**objection**(9) 8:9 8:11 8:14 8:17 8:21 9:2 9:7 42:12 44:6
**objections**(3) 33:3 33:5 70:9
**obligation**(1) 14:17
**obstruct**(2) 17:4 17:11
**obtain**(1) 50:5
**obvious**(1) 12:20
**obviously**(6) 25:17 48:7 50:22 53:3 62:18 68:11
**occupy**(1) 29:17
**occupying**(1) 71:11
**occur**(2) 13:23 20:13
**occurred**(1) 37:19
**occurs**(1) 14:11
**october**(18) 8:8 57:21 60:20 60:21 61:1 61:10 62:21 62:22 64:9 66:3 66:7 67:25 68:14 68:17 69:2 70:1 70:8 70:9 70:10
**off**(4) 9:17 29:6 42:10 54:24
**office**(3) 2:25 45:2 48:10
**official**(2) 29:16 52:3
**often**(3) 29:1 29:6 69:3
**okay**(27) 10:1 11:7 11:14 11:21 11:21 15:1 15:9 15:13 15:20 16:16 25:12 30:13 40:5 41:14 48:3 48:16 49:3 51:25 55:4 55:17 55:25 56:4 56:5 57:16 58:20 60:17 72:6
**oksana**(1) 6:8
**omnibus**(10) 8:9 8:11 8:16 8:21 8:23 9:1 9:7 64:10 64:12 66:3
**once**(6) 15:14 20:14 20:15 27:8 32:14
**one**(43) 1:30 2:35 12:20 13:20 19:14 19:17 20:3 21:13 22:14 24:18 24:22 25:1 25:8 26:10 27:23 28:6 31:7 35:8 37:17 39:1 43:1 46:11 46:21 51:11 51:12 51:24 56:7 60:2 60:8 62:4 63:25 64:6 64:8 64:20 65:4 65:14 68:17 68:22 69:15 71:9 71:11
**one's**(4) 52:5 52:5 52:6 52:6
**oneself**(1) 52:5
**only**(15) 20:23 26:19 28:18 31:19 31:23 35:19 35:23 36:1 36:20 43:24 44:8 44:18 48:12 61:21 64:25
**oops**(1) 16:9
**open**(2) 9:3 28:25
**opened**(1) 27:11
**opening**(1) 28:1
**operating**(1) 17:24
**opportunity**(3) 9:25 33:16 51:15
**oppose**(2) 59:3 59:8
**opposed**(1) 58:21
**oracle**(1) 8:18
**orchestrating**(1) 17:3
**order**(31) 10:2 10:13 10:19 39:7 39:8 39:19 39:23 44:10 44:16 44:17 45:1 46:20 48:15 48:22 48:25 49:2 50:20 57:14 59:14 70:12 71:3 71:24 72:25 73:7
**ordered**(1) 62:23
**orders**(1) 9:6
**ordinary**(1) 64:13
**organized**(1) 55:8
**original**(2) 26:12 37:12
**other**(20) 20:6 20:23 21:2 23:11 24:11 29:3 32:25 35:10 35:20 39:1 45:24 46:16 48:13 51:1 51:12 51:22 52:23 60:15 68:23 72:12
**others**(5) 13:1 51:25 59:5 63:3 65:23
**otherwise**(4) 10:2 46:20 57:14 71:25
**ought**(11) 48:13 53:21 59:13 60:25 62:20 65:13 66:3 66:4 66:7 69:20 70:2

**our**(47) 16:4 18:19 22:15 24:16 28:16 31:6 36:15 37:16 42:15 43:22 45:2 46:2 46:15 46:19 46:21 47:10 49:20 50:14 51:3 51:10 52:15 52:18 53:3 54:3 54:19 54:22 55:7 56:1 56:11 56:13 56:14 57:18 57:20 57:23 58:13 58:17 59:21 62:14 63:7 66:14 67:1 67:12 67:24 68:13 68:15 72:18 72:19
**ourselves**(2) 46:11 69:9
**out**(22) 13:10 15:3 17:6 18:6 25:3 26:20 34:18 35:20 35:21 42:3 43:6 45:1 51:3 60:18 62:11 63:25 67:1 67:13 69:3 69:4 69:8 71:22
**outset**(1) 52:17
**over**(7) 11:5 19:15 19:16 26:14 45:24 52:13 62:10
**overlie**(1) 31:6
**own**(4) 16:7 45:13 45:15 54:22
**ownership**(1) 42:7
**p.a**(1) 4:4
**p.m**(4) 48:19 48:19 70:10 73:22
**p.o**(6) 2:7 2:20 3:37 4:7 4:29 4:37
**page**(2) 36:23 60:13
**pages**(1) 62:20
**paid**(2) 27:18 29:4
**paper**(5) 31:2 36:10 36:21 52:4 53:11
**papers**(28) 12:21 13:2 13:6 14:10 14:14 22:6 23:19 24:16 29:19 50:14 51:3 51:10 52:18 53:13 56:3 56:13 57:21 58:13 59:3 64:1 67:2 67:12 67:12 67:19 70:18 71:1 72:18 72:19
**paragraph**(6) 59:15 63:10 63:13 63:14 65:23 66:14
**park**(15) 2:11 5:33 9:19 29:16 49:10 49:14 50:1 50:6 50:11 50:13 50:15 51:2 52:2 53:3 63:5
**part**(11) 28:7 35:20 36:16 40:16 44:24 50:11 56:9 56:11 63:14 71:2
**participate**(1) 61:22
**particular**(12) 12:8 12:16 15:23 15:25 16:18 17:18 20:21 21:14 23:20 23:21 23:23 24:5
**particularly**(1) 45:14
**parties**(23) 18:1 38:9 38:22 39:6 39:15 47:10 47:11 50:21 51:1 51:16 53:4 57:25 58:25 59:2 59:24 59:18 60:15 61:5 61:8 68:16 69:13 70:2 72:12
**partners**(3) 6:25 7:33 52:6
**party**(8) 11:15 30:16 35:18 35:24 48:13 50:23 70:3 72:16
**pass**(1) 62:3
**passed**(2) 26:21 46:24
**past**(1) 61:2
**paul**(2) 6:4 7:38
**pause**(1) 38:3
**pay**(2) 21:21 22:1
**payment**(1) 9:15
**pending**(6) 26:8 27:2 27:8 57:3 66:5 68:21
**pennsylvania**(1) 1:47
**people**(13) 17:1 17:6 17:16 20:22 20:23 20:24 21:20 32:17 61:8 63:11 63:19 65:13 66:7
**per**(1) 47:14
**perceived**(1) 22:13
**percipient**(1) 25:25
**perfectly**(2) 11:12 44:2
**perhaps**(4) 44:17 45:1 63:17 65:6
**period**(1) 58:11
**permission**(1) 30:24
**permit**(2) 20:2 29:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| permitted(1) 45:13 | | press(1) 37:5 | | put(15) 22:15 27:22 28:5 33:25 39:17 44:17 45:22 46:21 53:11 55:10 55:12 57:57:12 66:5 71:9 | | relief(23) 9:12 16:12 24:16 25:19 25:21 26:2 28:14 30:4 30:9 30:17 30:22 33:23 34:4 35:5 35:6 35:14 35:15 39:8 39:20 56:25 65:5 66:8 66:16 | |
| permitting(1) 29:9 | | pressed(1) 18:25 | | | | | |
| pernick(6) 1:36 8:3 8:4 9:23 10:1 11:22 | | pressing(2) 69:2 70:3 | | | | | |
| perry(1) 5:39 | | pressure(2) 32:20 56:2 | | puts(1) 70:5 | | relies(1) 38:16 | |
| person(5) 18:8 19:1 61:15 61:21 68:9 | | pretty(9) 11:5 11:5 22:25 33:21 34:1 52:21 53:25 55:15 68:6 | | putting(1) 59:14 | | religious(2) 61:3 64:4 | |
| personally(1) 54:17 | | | | quarrel(4) 53:20 57:8 57:8 57:8 | | remains(1) 43:7 | |
| phillip(1) 7:29 | | | | question(10) 15:1 15:9 15:11 15:13 18:23 19:9 59:12 61:24 71:21 71:23 | | remarkable(1) 61:21 | |
| phone(1) 13:7 | | prevailing(1) 70:10 | | | | remedy(2) 43:21 57:2 | |
| phonetic(3) 18:14 23:4 28:9 | | previously(1) 16:22 18:17 | | | | remember(1) 18:24 | |
| pick(1) 48:17 | | primarily(1) 43:2 | | questioning(1) 22:4 | | remind(1) 15:11 | |
| pickering(1) 5:45 | | primary(1) 43:7 | | questions(4) 24:18 39:10 42:15 70:13 | | replay(1) 39:3 | |
| piece(1) 31:2 | | primofl(1) 6:22 | | queued(1) 60:20 | | replies(2) 69:23 70:11 | |
| pierre(1) 18:10 | | prior(1) 64:21 | | quick(1) 8:7 | | reply(1) 43:6 | |
| pioneer(6) 25:6 30:10 30:14 34:9 38:24 39:1 | | pro(4) 6:34 7:25 10:13 22:22 | | quite(6) 19:1 23:8 52:15 61:10 65:6 70:20 | | report(4) 51:1 67:7 67:9 68:10 | |
| pitch(1) 71:15 | | probably(6) 35:14 42:12 44:15 47:12 54:22 64:15 | | quo(1) 33:7 | | reporter(2) 24:14 36:3 | |
| pitney(1) 9:9 | | | | quote(1) 63:15 | | reporters(19) 16:3 17:20 17:25 18:21 19:15 19:18 28:21 28:22 29:3 34:17 34:22 34:24 35:21 36:13 36:15 36:17 36:19 37:21 37:25 | |
| place(5) 13:18 15:14 36:1 62:9 66:3 | | | | quoted(1) 19:7 | | | |
| plaintiff(2) 25:21 33:12 | | problem(2) 24:23 27:14 | | quotes(1) 19:6 | | | |
| plan(6) 27:16 28:1 43:10 43:11 44:20 47:47:6 | | problems(2) 25:1 71:9 | | radical(1) 65:4 | | reports(1) 37:6 | |
| plans(1) 47:9 | | procedural(3) 59:12 59:14 59:25 | | raising(1) 38:14 | | represent(1) 47:2 | |
| play(1) 67:22 | | procedure(3) 23:7 26:16 28:18 | | rarely(1) 38:14 | | representation(1) 48:13 | |
| players(1) 24:11 | | procedures(2) 64:12 64:14 | | rates(1) 12:14 | | representations(1) 37:21 | |
| plaza(3) 2:13 3:7 3:20 | | proceed(15) 10:19 11:23 16:16 16:21 23:24 33:10 34:3 36:1 36:3 39:16 64:9 68:1 71:23 | | rath(2) 2:4 64:7 | | represented(4) 50:22 51:4 51:9 51:17 | |
| please(1) 49:18 | | | | rather(2) 45:24 65:2 | | representing(1) 53:3 | |
| pleading(4) 52:23 52:25 53:1 73:2 | | | | re-calendaring(1) 60:5 | | reputation(11) 14:2 14:2 19:25 20:4 20:7 20:9 20:11 20:11 21:6 21:7 36:10 | |
| pleadings(3) 15:22 44:23 69:25 | | proceeding(6) 14:15 16:2 18:3 28:21 35:12 59:19 | | re-file(1) 38:21 | | | |
| pleases(1) 8:6 | | | | reached(2) 69:15 69:16 | | reputational(1) 24:2 | |
| plenty(1) 55:8 | | proceedings(8) 1:19 1:51 17:19 37:6 38:3 48:18 66:16 74:4 | | read(5) 12:21 16:1 19:5 21:4 69:25 | | request(11) 16:13 24:15 34:4 41:1 54:23 55:5 55:13 56:14 57:18 58:17 72:4 | |
| plvtz(1) 8:25 | | | | reading(1) 13:6 | | | |
| podium(3) 10:19 24:17 54:24 | | | | ready(1) 61:1 | | requested(2) 30:4 56:25 | |
| point(13) 30:6 32:12 32:17 35:8 47:19 60:2 60:3 60:25 69:9 69:13 69:14 69:14 69:15 | | proceeds(1) 33:16 | | real(3) 28:2 62:4 64:25 | | requesting(1) 51:14 | |
| | | process(14) 26:8 32:21 43:10 43:11 44:20 50:4 50:20 51:9 62:17 65:21 67:21 68:25 69:8 69:17 | | reality(1) 47:4 61:16 | | requests(1) 72:17 | |
| | | | | realized(1) 22:10 | | require(3) 31:13 53:19 69:21 | |
| pointed(3) 24:5 42:3 63:25 | | | | really(17) 12:8 17:6 20:5 38:23 42:9 42:16 44:25 47:15 47:16 47:22 53:20 60:23 62:18 65:6 65:13 66:8 70:2 | | requiring(1) 16:8 | |
| points(3) 25:3 63:25 69:8 | | produce(1) 26:1 | | | | research(1) 19:5 | |
| polk(1) 2:40 | | produced(2) 1:52 19:14 | | | | researched(1) 19:5 | |
| portion(2) 48:17 49:6 | | productive(1) 67:8 | | reason(6) 12:7 30:16 34:7 37:3 65:16 67:67:18 | | resolution(4) 46:24 50:24 58:2 64:18 | |
| portions(1) 49:13 | | professionals(2) 43:24 46:16 | | reasons(8) 29:8 41:5 44:5 44:5 46:11 58:13 58:17 67:18 68:17 | | resolved(4) 41:18 52:14 70:24 71:5 | |
| position(9) 29:18 35:13 59:21 63:6 63:7 66:9 69:2 72:13 72:18 | | proffer(4) 11:3 11:7 20:8 33:20 | | | | respect(64) 8:9 8:12 8:17 8:21 8:24 9:2 9:7 9:8 12:5 12:16 13:5 13:8 14:1 14:21 14:22 15:16 15:18 16:18 17:5 18:19 19:21 19:22 20:1 20:8 21:5 21:15 22:13 23:2 23:24 25:2 25:4 25:8 26:4 38:23 47:6 49:15 49:24 49:25 50:2 50:17 51:13 51:22 55:5 56:10 57:17 58:6 58:9 59:16 61:8 62:9 63:6 63:7 66:14 66:18 68:7 70:16 71:14 72:18 72:20 72:24 72:25 73:2 73:9 73:10 | |
| | | program(1) 65:21 | | recall(2) 37:9 40:14 | | | |
| | | progression(1) 16:25 | | recalled(1) 37:10 | | | |
| positioned(1) 69:14 | | prohibited(1) 66:15 | | received(4) 19:3 38:16 49:3 49:8 | | | |
| positioning(1) 70:4 | | promise(1) 47:14 | | recent(1) 67:2 | | | |
| possession(1) 34:25 | | pronouncing(1) 37:1 | | recently(1) 60:10 | | | |
| possibility(1) 61:13 | | proof(5) 26:19 26:23 27:10 30:25 31:3 | | recess(3) 48:17 48:19 73:21 | | | |
| possible(6) 13:21 36:13 38:12 38:13 50:20 58:2 | | proofs(1) 27:4 | | recognize(2) 43:12 56:9 | | | |
| | | proper(2) 33:4 50:24 | | recognized(2) 23:8 23:9 | | respected(3) 20:12 20:14 20:14 | |
| post(3) 24:14 33:2 45:14 | | properly(2) 37:2 50:22 | | recollection(1) 19:11 | | respond(5) 53:12 62:15 62:19 62:22 66:8 | |
| posture(1) 42:1 | | proposal(2) 56:14 57:18 | | recommendation(1) 62:14 | | responding(1) 26:23 | |
| potential(1) 61:25 | | propose(1) 10:2 | | recommended(1) 18:8 | | response(10) 18:24 19:20 30:21 31:13 38:1 39:14 41:14 46:15 55:5 60:20 | |
| potter(1) 3:18 | | proposed(1) 51:6 | | reconstruction(1) 23:7 | | | |
| powlen(1) 2:47 | | prosecute(1) 59:16 | | record(7) 10:6 11:16 37:18 38:15 38:18 39:17 40:25 | | | |
| ppearances(4) 1:23 2:1 3:1 4:1 | | prosecution(1) 14:25 | | | | responses(1) 69:21 | |
| practice(3) 23:5 23:10 45:14 | | protect(4) 12:9 12:13 14:4 32:8 | | | | responsibility(1) 50:7 | |
| practitioner(1) 32:6 | | protected(1) 12:14 | | recorded(1) 1:51 | | rest(2) 69:2 71:10 | |
| practitioners(2) 34:10 34:12 | | protection(2) 25:25 62:13 | | recording(2) 1:51 74:3 | | restructuring(1) 43:8 | |
| precisely(1) 51:2 51:3 | | protections(1) 13:20 | | records(2) 9:11 21:13 | | result(4) 39:9 45:19 47:1 62:8 | |
| preclude(1) 61:12 | | protective(1) 71:3 | | recovery(2) 36:9 36:15 | | resulting(1) 27:1 | |
| prefer(1) 73:5 | | prove(2) 36:16 57:1 | | rectify(1) 72:16 | | results(1) 58:2 | |
| prefers(1) 10:1 | | provide(1) 45:2 | | red(2) 55:15 71:10 | | | |
| prejudice(12) 22:13 30:15 30:18 31:2 35:9 35:11 35:15 35:20 38:20 39:5 40:18 41:9 | | provided(2) 40:22 72:14 | | redacted(3) 49:6 49:13 70:19 | | retained(2) 44:18 44:19 | |
| | | provides(2) 14:13 39:7 | | referring(1) 37:25 | | retention(10) 9:15 43:4 43:24 44:16 45:1 46:12 46:20 46:21 52:18 52:20 | |
| | | provisional(2) 57:2 57:10 | | reflected(1) 67:2 | | | |
| prejudicial(1) 33:14 | | psyche(1) 19:24 | | regarding(3) 49:12 49:25 66:19 | | | |
| preliminary(1) 38:22 | | psychological(2) 21:13 23:21 | | regardless(1) 57:24 | | review(1) 46:17 | |
| prepared(4) 36:22 53:14 56:17 62:15 | | psychologist(3) 18:9 18:14 24:7 | | reinstate(1) 40:7 | | revisited(1) 48:14 | |
| preposterous(1) 57:4 | | publication(2) 20:10 20:12 | | reinstated(2) 9:14 40:24 | | rexene(5) 25:4 29:25 30:11 33:6 34:15 | |
| preprinted(1) 26:19 | | publicly(3) 52:20 72:13 72:19 | | reinstating(1) 40:19 | | rhetoric(1) 52:16 | |
| prescribed(1) 64:13 | | published(2) 12:6 12:12 | | reiterate(1) 46:15 | | richards(1) 2:33 | |
| present(4) 10:25 42:1 44:23 53:18 | | publisher(1) 29:4 | | related(12) 9:21 17:19 18:22 44:8 44:21 50:24 51:7 53:9 58:14 59:17 66:16 70:8 | | rifkind(2) 6:4 7:38 | |
| presentation(2) 16:17 38:21 | | pulling(1) 42:5 | | | | | |
| preserve(2) 33:7 45:22 | | purported(1) 44:19 | | relates(2) 24:18 70:17 | | | |
| preserving(1) 45:16 | | purpose(2) 35:16 45:18 | | relating(1) 63:16 | | | |
| | | purposes(1) 51:19 | | relayed(1) 13:22 | | | |
| | | pursuing(1) 35:16 | | relevant(1) 28:18 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **right**(27) 10:4  10:21  11:23  14:7  16:16 17:24  18:19  19:17  29:11  29:21  30:2  32:3 37:13  41:3  41:12  41:18  41:20  42:4  43:15 45:7  46:7  48:1  51:20  55:11  62:25  64:4 73:20 | | **scott**(1) 7:12 | | **sidley**(7) 1:26  5:11  43:6  44:22  47:7  47:24 59:7 | | **stargatt**(1) 4:25 | |
| **rightfully**(1) 33:16 | | **seal**(8) 9:21  49:6  49:13  60:13  70:8  70:17 72:11  72:12 | | **siegel**(1) 5:30 | | **start**(2) 12:19  42:9 | |
| **rightly**(1) 32:10 | | | | **signed**(1) 49:2 | | **started**(1) 23:20 | |
| **rights**(5) 12:9  12:13  12:14  14:5  29:6 | | **sealing**(4) 55:14  71:10  72:8  72:17 | | **significant**(3) 27:16  42:17  66:8 | | **starting**(2) 18:11  30:17 | |
| **rise**(1) 48:20 | | **second**(5) 10:17  60:3  60:12  64:2  70:17 71:11  72:14 | | **signing**(1) 70:12 | | **starts**(1) 22:4 | |
| **risk**(3) 61:6  62:3  67:25 | | | | **silverstein**(1) 3:19 | | **state**(6) 12:11  13:15  23:5  23:5  32:9  42:18 | |
| **road**(1) 27:24 | | **section**(1) 58:15 | | **simes**(1) 6:29 | | **stated**(4) 16:22  18:17  43:12  65:16 | |
| **robby**(1) 8:12 | | **sections**(1) 70:19 | | **simple**(1) 17:1 | | **statement**(5) 19:7  52:9  56:12  56:17  57:7 | |
| **robert**(2) 4:26  8:15 | | **see**(13) 18:9  18:14  24:23  29:17  30:10 43:25  48:15  52:14  54:13  63:12  63:22 64:25  69:7 | | **simplification**(1) 70:16 | | **statements**(5) 17:18  17:19  48:7  56:8  64:22 | |
| **rockefeller**(1) 2:13 | | | | **simply**(10) 17:14  26:20  40:24  41:1  62:19 64:8  66:4  67:14  68:16  71:23 | | **states**(6) 1:1  1:21  9:9  41:24  49:22  71:24 | |
| **rodney**(1) 2:35 | | **seek**(3) 25:21  30:23  33:23 | | | | **status**(4) 33:7  40:9  40:13  66:20 | |
| **roitman**(1) 5:35 | | **seeking**(4) 30:16  58:7  64:1  66:16 | | **simultaneous**(1) 56:20 | | **statute**(6) 14:5  32:13  32:20  61:4  61:13 66:22 | |
| **role**(6) 43:6  43:6  43:13  43:23  45:18  67:22 | | **seem**(1) 62:12 | | **since**(2) 16:9  53:12 | | | |
| **rose**(1) 23:4 | | **seemed**(1) 63:13 | | **sine**(1) 13:17 | | **statutes**(3) 58:4  64:16  65:17 | |
| **rosner**(1) 7:8 | | **seems**(6) 12:23  13:2  42:3  42:9  60:24  69:1 | | **single**(2) 53:25  65:7 | | **statutory**(1) 43:23 | |
| **rothschild**(2) 3:32  4:33 | | **seen**(1) 50:14 | | **sir**(1) 14:18 | | **stay**(37) 10:17  13:3  13:5  13:8  13:19  14:11 14:16  14:18  15:14  15:15  15:23  16:13 16:13  16:20  24:18  24:20  25:2  25:19  25:21 25:23  26:1  26:6  28:14  30:4  30:9  30:22 32:4  32:12  32:24  33:7  33:18  34:5  35:6 35:6  35:14  35:16  39:9 | |
| **rotter**(2) 7:18  7:18 | | **seeps**(1) 12:3 | | **sit**(1) 24:8 | | | |
| **roughly**(2) 17:16  17:20 | | **seife**(1) 5:36 | | **situation**(5) 14:19  14:20  34:19  39:13  67:3 | | | |
| **route**(1) 46:3 | | **seiler**(2) 4:11  49:20 | | **sizing**(3) 26:8  27:15  27:20 | | | |
| **rudnick**(1) 5:27 | | **selber**(1) 3:19 | | **sleep**(2) 21:8  21:9 | | | |
| **rule**(2) 41:2  69:23 | | **send**(3) 18:7  20:18  26:21 | | **sloan**(1) 2:34 | | | |
| **ruled**(1) 22:3 | | **seneca**(1) 6:7 | | **so-called**(1) 69:12 | | **stayed**(1) 63:17 | |
| **rules**(3) 23:6  23:7  64:13 | | **sense**(5) 47:21  60:22  70:18  70:23  71:6 | | **solely**(3) 51:18  56:18  71:16 | | **stays**(1) 62:9 | |
| **run**(1) 8:6 | | **sensitive**(1) 50:3 | | **some**(12) 20:1  20:25  21:18  37:21  45:22 45:22  45:22  62:3  65:6  65:15  65:23  71:13 | | **stein**(1) 7:7 | |
| **running**(1) 27:5 | | **sensitivity**(1) 51:13 | | | | **stellar**(2) 20:7  20:11 | |
| **rush**(2) 64:25  64:25 | | **sent**(10) 17:10  17:11  17:12  17:14  18:8 26:15  26:18  26:19  27:9  37:16 | | **somebody**(7) 14:15  18:25  22:10  24:8 31:24  43:17  72:2 | | **stephanie**(1) 74:8 | |
| **sachs**(1) 6:47 | | | | | | **stepped**(1) 21:17 | |
| **said**(21) 15:5  17:12  19:18  20:20  30:8 31:13  31:15  36:2  38:4  38:7  46:15  47:4 48:4  52:17  52:20  52:22  53:11  59:15  63:1 71:14  71:18 | | **separate**(2) 47:17  58:14 | | **somehow**(4) 17:2  28:19  61:14  72:15 | | **stepping**(1) 45:24 | |
| | | **separately**(1) 45:21 | | **someone**(2) 24:7 | | **sticks**(1) 31:10 | |
| | | **september**(9) 1:15  8:1  54:1  55:4  56:9 56:15  56:17  56:22  74:7 | | **something**(15) 21:22  21:25  22:21  24:3 31:4  32:17  45:22  45:25  55:10  55:12  60:1 69:25  71:5  72:2  72:3 | | **still**(10) 12:6  22:8  23:5  27:25  28:20  35:18 36:22  37:2  44:22  58:3 | |
| **same**(10) 10:5  23:13  23:15  24:22  47:24 55:18  60:25  65:23  70:5  71:6 | | **serious**(2) 37:10  50:10 | | | | **stipulation**(4) 38:9  40:17  40:20  40:22 | |
| | | **service**(1) 1:45  1:52 | | **sometimes**(2) 21:10  32:17 | | **stop**(1) 31:24 | |
| **samire**(1) 6:37 | | **services**(3) 1:45  8:12  48:8 | | **somewhat**(3) 43:19  49:24  54:25 | | **straight**(2) 8:7  52:9 | |
| **sanctioned**(1) 32:9 | | **set**(15) 23:3  45:1  45:23  50:9  50:14  51:3 52:9  54:6  56:13  57:20  58:13  62:23  67:1 67:11  67:18 | | **soon**(5) 29:6  57:19  57:21  58:18  66:7 | | **strategic**(1) 47:6 | |
| **sanctioning**(1) 32:21 | | | | **sooner**(4) 56:2  62:21  65:2  66:3 | | **strategy**(2) 12:3  31:23 | |
| **sanctions**(5) 13:14  14:25  22:21  22:22 | | | | **sorry**(11) 15:10  22:18  24:21  24:22  32:13 33:11  33:15  34:24  65:10  70:8  71:20 | | **strauss**(1) 7:28 | |
| **sandelman**(1) 7:33 | | **sets**(1) 43:6 | | | | **street**(16) 1:12  1:37  1:46  2:6  2:19  2:27 2:36  2:49  3:6  3:21  3:35  4:20  4:28  4:36 12:2  35:23 | |
| **sanzeri**(1) 8:10 | | **setting**(1) 64:13 | | **sort**(10) 15:3  16:24  16:25  17:14  44:13 44:24  46:23  65:20  70:22  71:22 | | | |
| **sarbanes-oxley**(1) 45:14 | | **settings**(1) 54:7 | | | | | |
| **satisfy**(3) 25:4  25:6  25:8 | | **settle**(1) 51:6 | | | | **strength**(1) 67:10 | |
| **save**(1) 25:12 | | **settled**(3) 28:8  28:12  51:8 | | **sought**(2) 18:6  24:16 | | **struggles**(1) 68:23 | |
| **say**(26) 19:1  19:15  21:1  22:17  22:19  32:23 33:17  34:24  36:8  37:15  38:25  40:16  46:2 48:12  49:15  51:18  54:24  55:14  55:20 55:23  57:5  63:15  65:21  66:24  68:24  68:24 | | **settlement**(4) 40:17  40:25  51:7  69:15 | | **sound**(2) 1:51  74:3 | | **stuff**(1) 48:10 | |
| | | **severe**(1) 24:10 | | **south**(2) 1:30  4:20 | | **subject**(5) 11:8  13:13  14:24  46:12  46:16 | |
| | | | | | | **submission**(2) 56:15  57:13 | |
| | | **shade**(1) 23:12 | | **spaeder**(11) 2:17  50:6  50:12  50:16  51:19 52:19  53:16  53:18  54:5  56:18  68:11 | | **submissions**(8) 42:1  54:21  56:19  56:20 56:20  56:21  71:15  71:18 | |
| | | **shall**(2) 59:18  63:17 | | | | | |
| **saying**(8) 16:9  19:23  20:19  22:14  23:18 33:2  60:4  60:23 | | **shape**(2) 23:8  28:1 | | | | **submit**(5) 16:19  23:25  39:6  59:3  67:1 | |
| | | **share**(2) 48:5  68:23 | | **speak**(5) 41:20  45:20  47:12  47:18  53:19 | | **submitted**(5) 29:19  38:8  41:2  48:25  56:12 | |
| **says**(11) 17:7  17:8  18:13  22:3  22:8  31:3 35:6  57:2  65:9  65:11  66:24 | | **shared**(2) 30:6  32:3 | | **speaking**(2) 52:10  54:3 | | **subsequently**(1) 40:16 | |
| | | **shares**(1) 42:3 | | | | **substantially**(1) 33:22 | |
| | | **sharing**(1) 45:24 | | **special**(28) 3:47  41:16  41:17  42:5  42:14 43:9  43:13  43:18  44:7  44:19  44:24  45:11 45:12  45:13  45:15  45:15  45:17  46:2  46:2 46:22  46:25  47:5  47:17  47:20  47:23  62:1 67:20  69:10 | | **success**(3) 36:6  50:5  57:24 | |
| **schedule**(11) 39:15  39:21  41:9  49:4  54:9 55:16  56:8  57:13  62:7  70:1  70:7 | | **she**(2) 18:14  19:18 | | | | **successful**(6) 36:4  36:8  50:19  58:1  58:2 70:4 | |
| | | **sheet**(1) 47:13 | | | | | |
| | | **sheron**(2) 3:13  40:10 | | | | **such**(9) 14:10  23:3  26:10  38:18  48:12 58:9  58:22  63:15  67:21 | |
| **scheduled**(7) 26:17  41:7  54:10  56:21 57:19  69:11  69:20 | | **shield**(2) 31:7  34:6 | | | | | |
| | | **ship**(1) 17:13 | | **specialize**(1) 28:6 | | | |
| | | **shooting**(1) 63:19 | | **specializing**(1) 28:17 | | **suffered**(1) 18:4 | |
| **schedules**(6) 22:15  26:9  26:12  26:15  26:17 30:20 | | **shop**(1) 42:20 | | **specific**(4) 8:9  20:19  38:10  46:19 | | **sufficient**(3) 28:11  68:1  70:2 | |
| | | **shopping**(1) 20:24 | | **specifically**(1) 44:18 | | **sufficiently**(1) 43:2 | |
| | | **short**(4) 67:5  67:6  67:23  68:16 | | **speed**(1) 68:11 | | **suggest**(1) 66:2 | |
| **scheduling**(11) 9:25  27:14  48:17  49:17 49:23  59:1  62:7  72:24  73:1  73:2  73:10 | | **shortcomings**(1) 31:25 | | **spend**(1) 47:10 | | **suggested**(1) 48:4 | |
| | | **shorten**(1) 49:8 | | **spent**(3) 27:19  59:13  65:21 | | **suggestion**(1) 53:21 | |
| **scheme**(1) 28:23 | | | | **spoke**(3) 15:4  15:4  45:20 | | **suit**(2) 14:10  14:14 | |
| **schlerf**(1) 3:33 | | **should**(38) 11:16  16:11  16:19  16:20  16:20 21:3  22:10  22:15  23:25  24:12  24:18  25:1 28:18  30:3  30:12  33:25  34:13  37:11  38:6 39:8  45:6  50:16  51:4  51:8  51:17  51:18 53:15  54:6  54:24  55:16  56:12  57:13  59:1 68:5  71:17  71:18  72:13  73:4 | | **square**(1) 2:35 | | **suite**(9) 1:38  2:6  2:19  2:27  2:48  3:28  3:36 4:21  4:36 | |
| **scholer**(1) 6:21 | | | | **stage**(1) 47:1 | | | |
| **schott**(1) 6:25 | | | | **stand**(4) 12:7  24:8  32:1  73:21 | | | |
| **schotz**(5) 1:34  8:4  43:7  47:7  47:25 | | | | **standards**(2) 25:4  25:8 | | **summer**(1) 33:1 | |
| **schuylkill**(1) 1:46 | | | | **standing**(12) 19:19  59:16  59:21  59:22  60:4 60:7  60:12  61:7  61:8  62:24  64:6  68:21 | | **summoned**(1) 13:12 | |
| **scope**(1) 50:7 | | **shouldn't**(4) 16:10  21:19  61:3  68:18 | | | | **sun**(5) 12:1  12:6  15:25  16:14  23:25 | |
| **scotch**(1) 52:8 | | **shown**(3) 48:25  59:18  59:23 | | **stands**(2) 21:11  29:19 | | **support**(4) 18:16  31:18  33:4  36:22 | |
| | | **side**(2) 31:13  60:22 | | **stanley**(2) 2:46  6:16 | | **suppose**(4) 46:10  47:19  52:7  58:20 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **sure**(15) 12:14 12:19 13:19 16:12 19:2 38:7 41:5 44:16 46:1 47:15 55:24 61:10 64:17 65:24 73:16 | | **that**(301) 9:11 9:16 9:18 10:14 10:15 10:19 11:8 11:17 11:23 12:1 12:7 12:14 12:20 12:23 13:3 13:8 13:11 13:11 13:12 13:12 13:14 13:14 14:3 14:10 14:14 14:15 14:23 14:24 15:3 15:3 15:11 15:14 15:16 15:23 15:24 15:25 16:1 16:5 16:6 16:9 16:10 16:11 16:19 16:19 17:2 17:6 17:7 17:8 17:9 17:10 17:12 17:18 18:4 18:5 18:9 18:16 18:19 18:20 18:23 19:3 19:6 19:7 19:13 19:13 19:14 19:20 19:23 20:3 20:3 20:7 20:8 20:13 20:13 20:14 20:15 20:21 21:6 21:16 21:17 21:18 21:19 21:20 21:22 21:22 21:25 21:25 22:10 22:21 23:3 23:18 23:20 23:21 23:23 24:1 24:3 24:8 24:9 24:11 24:11 24:15 25:3 25:12 25:23 25:23 25:24 26:2 26:2 26:5 26:6 26:10 26:11 26:13 26:16 26:17 26:19 26:20 26:21 26:24 27:1 27:8 27:9 27:17 27:17 27:20 27:22 28:3 28:11 28:12 28:16 28:17 28:20 29:4 29:7 29:19 30:2 30:4 30:6 30:18 31:3 31:10 31:11 31:13 31:19 32:7 32:9 32:12 32:17 32:18 32:24 33:2 33:10 33:14 33:14 33:20 33:23 34:4 34:4 34:14 34:17 34:20 34:21 34:24 35:2 35:7 35:8 35:14 35:25 36:4 36:14 36:14 36:18 36:21 36:22 37:11 37:12 37:17 37:19 37:21 38:1 38:2 38:5 38:7 38:9 38:13 38:22 38:23 39:7 39:7 39:17 39:20 40:14 40:17 40:17 40:20 40:22 41:1 41:6 42:2 42:3 42:10 42:13 42:15 42:24 43:9 43:12 43:13 43:13 43:20 44:9 44:14 44:14 44:12 44:15 44:16 44:17 45:1 45:3 45:5 45:12 45:13 45:13 45:19 45:23 46:1 46:5 46:14 46:18 46:23 46:24 46:25 46:25 47:13 47:14 47:16 47:16 47:19 47:21 47:22 47:24 48:4 48:7 48:10 48:11 48:12 48:16 48:25 49:2 50:2 50:2 50:3 50:4 50:5 50:10 50:18 50:19 50:21 51:5 51:9 51:14 51:15 51:25 52:5 52:10 52:11 52:12 52:14 52:15 52:17 52:18 52:19 52:20 52:22 53:7 53:8 53:10 53:11 53:13 53:16 53:17 53:21 54:4 54:4 54:7 54:11 54:16 54:20 54:24 55:1 55:2 55:3 55:9 55:12 55:16 55:25 56:8 56:11 56:14 56:16 56:23 | | **the**(301) 1:1 1:2 1:20 2:4 2:25 3:48 4:27 4:41 5:33 8:2 8:4 8:6 8:6 8:8 8:14 8:14 8:16 8:20 8:20 8:21 8:23 8:24 8:24 8:25 9:1 9:3 9:6 9:7 9:8 9:9 9:9 9:12 9:13 9:13 9:14 10:1 10:2 10:2 10:3 10:4 10:5 10:7 10:8 10:10 10:11 10:13 10:16 10:16 10:17 10:17 10:18 10:19 10:21 10:24 11:3 11:4 11:7 11:14 11:14 11:15 11:21 11:21 11:23 12:1 12:2 12:5 12:6 12:6 12:7 12:8 12:11 12:11 12:19 12:20 12:21 12:23 12:24 12:25 13:1 13:2 13:3 13:5 13:6 13:6 13:9 13:11 13:15 13:15 13:17 13:19 13:19 13:20 13:21 13:25 14:5 14:6 14:8 14:8 14:9 14:10 14:10 14:10 14:11 14:12 14:13 14:13 14:14 14:16 14:19 14:20 14:21 14:21 14:22 14:23 15:1 15:7 15:8 15:9 15:12 15:15 15:15 15:16 15:18 15:20 15:21 15:24 15:24 15:25 16:1 16:2 16:2 16:4 16:7 16:8 16:8 16:8 16:13 16:14 16:16 16:19 16:19 16:20 16:20 16:21 16:23 17:7 17:8 17:8 17:12 17:18 17:20 17:22 17:24 17:25 18:1 18:3 18:4 18:8 18:9 18:16 18:16 18:16 18:17 18:20 18:21 18:22 18:22 18:23 18:23 18:25 19:5 19:5 19:5 19:6 19:6 19:7 19:9 19:12 19:14 19:14 19:18 19:19 19:19 19:23 20:3 20:6 20:6 20:8 20:10 20:12 20:18 20:19 20:24 21:5 21:15 21:16 21:23 21:24 22:2 22:4 22:5 22:5 22:8 22:14 22:14 22:17 22:19 22:25 23:4 23:11 23:12 23:13 23:13 23:15 23:15 23:25 23:25 24:1 24:6 24:7 24:13 24:14 24:15 24:15 24:17 24:17 24:18 24:19 24:20 24:22 24:23 24:24 24:25 25:1 25:2 25:2 24:25 25:5 25:5 25:6 25:7 25:8 25:12 25:12 25:13 25:15 25:16 25:18 25:19 25:20 25:21 25:21 25:22 25:23 25:25 25:25 26:1 26:2 26:2 26:4 26:5 26:6 26:8 26:9 26:10 26:12 26:15 26:15 26:16 26:21 26:22 26:22 26:23 26:23 27:1 27:1 27:5 27:7 27:8 27:9 27:13 27:13 27:14 | | **the**(301) 27:14 27:15 27:15 27:16 27:16 27:17 27:19 27:23 27:24 28:1 28:1 28:2 28:3 28:5 28:6 28:7 28:9 28:12 28:15 28:15 28:18 28:21 28:23 28:24 28:24 28:25 29:2 29:3 29:3 29:5 29:6 29:8 29:9 29:11 29:13 29:13 29:13 29:16 29:17 29:17 29:18 29:19 29:21 29:21 29:22 29:22 29:22 29:24 29:25 30:1 30:1 30:2 30:4 30:4 30:7 30:8 30:8 30:12 30:14 30:16 30:16 30:17 30:17 30:19 30:21 30:22 30:24 31:1 31:1 31:4 31:5 31:6 31:7 31:9 31:11 31:13 31:13 31:17 31:19 31:22 31:23 31:24 32:4 32:7 32:8 32:9 32:11 32:12 32:12 32:13 32:14 32:16 32:18 32:19 32:19 32:22 32:24 33:1 33:1 33:2 33:3 33:4 33:5 33:7 33:15 33:15 33:16 33:17 33:18 33:19 33:25 34:2 34:2 34:3 34:3 34:5 34:5 34:7 34:7 34:8 34:8 34:8 34:9 34:13 34:15 34:17 34:18 34:18 34:19 34:20 34:22 34:23 34:23 34:24 34:25 35:1 35:5 35:6 35:6 35:9 35:9 35:11 35:12 35:13 35:14 35:16 35:16 35:18 35:19 35:19 35:20 35:20 35:21 35:21 35:22 35:24 35:24 35:25 36:1 36:3 36:5 36:6 36:8 36:10 36:13 36:15 36:16 36:17 36:18 36:19 36:21 36:23 36:23 36:25 37:1 37:2 37:3 37:5 37:5 37:6 37:9 37:11 37:12 37:13 37:17 37:19 37:20 37:21 37:25 38:2 38:4 38:4 38:5 38:5 38:7 38:9 38:12 38:14 38:18 38:18 38:19 38:22 38:23 38:24 38:25 39:1 39:3 39:4 39:5 39:6 39:7 39:8 39:9 39:9 39:12 39:13 39:14 39:15 39:16 39:16 39:17 39:18 39:20 39:20 39:25 40:3 40:5 40:6 40:9 40:12 40:14 40:16 40:16 40:18 40:19 40:19 40:20 40:22 40:23 40:24 40:25 40:25 41:2 41:2 41:3 41:7 41:8 41:9 41:10 41:12 41:14 41:15 41:16 41:18 41:20 41:20 41:24 42:1 42:1 42:1 42:2 42:2 42:3 42:4 42:5 42:6 42:8 42:8 42:12 42:13 42:14 42:16 42:16 42:17 42:19 42:21 42:25 43:1 43:1 43:2 43:3 43:3 43:4 43:4 43:5 43:5 |
| **surprise**(1) 59:9 | | | | | | | |
| **surprising**(1) 27:7 | | | | | | | |
| **suspense**(1) 66:5 | | | | | | | |
| **sustained**(1) 33:3 | | | | | | | |
| **switching**(1) 34:15 | | | | | | | |
| **sword**(3) 31:7 33:8 34:6 | | | | | | | |
| **system**(1) 53:4 | | | | | | | |
| **tahir**(1) 6:41 | | | | | | | |
| **tailor**(1) 44:10 | | | | | | | |
| **tailored**(1) 39:13 | | | | | | | |
| **take**(12) 23:22 24:4 25:21 31:23 31:24 48:15 48:16 49:15 55:2 59:2 66:3 72:12 | | | | | | | |
| **taken**(4) 14:16 40:15 48:19 58:6 | | | | | | | |
| **takes**(2) 22:20 62:10 | | | | | | | |
| **taking**(1) 61:3 | | | | | | | |
| **talk**(6) 9:17 18:11 22:10 39:18 53:7 54:20 | | | | | | | |
| **talked**(4) 21:2 21:3 42:23 69:24 | | | | | | | |
| **talking**(7) 20:17 30:25 47:11 47:22 67:14 67:15 68:11 | | | | | | | |
| **tamper**(1) 17:4 | | | | | | | |
| **targeted**(1) 62:1 | | | | | | | |
| **task**(1) 52:15 | | | | | | | |
| **taxation**(1) 9:8 | | | | | | | |
| **taylor**(1) 4:25 | | | | | | | |
| **technically**(1) 25:20 35:18 | | | | | | | |
| **telephonic**(4) 4:47 5:1 6:1 7:1 | | | | | | | |
| **telfair**(36) 4:41 4:42 10:12 10:20 10:23 10:24 11:2 11:10 11:19 11:25 12:22 13:5 13:10 13:18 13:24 14:1 14:20 14:22 15:2 15:8 15:10 15:18 15:22 16:2 16:6 16:14 16:18 22:18 22:20 23:2 23:14 23:16 24:21 25:10 34:23 36:7 | | | | | | | |
| **telfair's**(2) 10:13 36:25 | | | | | | | |
| **tell**(11) 14:17 16:4 21:20 22:5 22:6 25:7 31:9 34:23 41:25 42:9 69:6 | | | | | | | |
| **temporary**(1) 9:4 | | | | | | | |
| **tendency**(1) 52:7 | | | | | | | |
| **tenth**(1) 8:11 | | | | | | | |
| **term**(1) 47:13 | | | | | | | |
| **terminate**(1) 9:14 | | | | | | | |
| **terminated**(2) 40:20 41:1 | | | | | | | |
| **terms**(25) 11:11 13:6 17:24 18:4 18:16 19:6 19:12 19:21 19:23 20:4 23:17 23:22 24:3 24:6 28:13 35:12 37:18 37:19 45:16 46:6 46:13 46:19 48:4 57:12 59:1 | | **that**(148) 57:1 57:2 57:3 57:6 57:8 57:9 57:9 57:18 57:23 58:10 58:13 58:18 58:21 58:24 58:25 59:1 59:7 59:9 59:11 59:12 59:21 60:6 60:8 60:9 60:12 60:13 60:13 60:14 60:15 60:18 60:20 60:21 60:22 60:22 60:24 60:25 61:3 61:4 61:6 61:7 61:8 61:10 61:12 61:12 61:13 61:14 61:18 61:21 62:1 62:2 62:2 62:3 62:11 62:13 62:16 62:21 62:22 62:24 63:10 63:13 63:14 63:14 63:15 63:16 63:18 63:23 64:1 64:4 64:14 64:14 64:16 64:17 64:18 64:22 64:23 65:1 65:5 65:9 65:11 65:14 65:15 65:15 65:17 65:18 65:20 65:22 65:25 66:2 66:2 66:4 66:6 66:8 66:9 66:15 66:17 66:18 66:24 67:1 67:6 67:9 67:18 67:19 67:22 67:24 67:25 68:4 68:5 68:6 68:13 68:18 68:20 68:25 69:1 69:3 69:17 69:20 69:24 70:1 70:3 70:12 70:15 70:18 70:19 70:24 71:10 71:10 71:15 71:17 71:17 71:20 71:21 71:22 71:23 72:3 72:12 72:13 72:21 72:24 72:25 72:18 72:25 73:3 73:5 73:8 73:8 73:20 74:2 | | | | | |
| **terrible**(1) 31:16 | | | | | | | |
| **terrorist**(1) 36:25 | | | | | | | |
| **terry**(1) 8:17 | | | | | | | |
| **test**(1) 39:1 | | | | | | | |
| **testify**(5) 11:13 20:2 20:3 24:8 36:14 | | | | | | | |
| **testifying**(1) 17:17 | | | | | | | |
| **testimony**(5) 11:1 11:8 17:23 23:7 38:15 61:1 62:21 65:2 66:3 69:3 70:10 | | | | | | | |
| **than**(11) 11:2 11:12 27:22 32:8 45:24 | | | | | | | |
| **thank**(30) 10:22 25:13 29:11 29:12 29:21 30:13 37:13 37:14 37:23 38:2 39:22 39:25 40:1 40:4 41:13 41:14 41:22 45:7 45:8 46:7 48:1 48:23 55:19 59:5 66:11 66:13 73:14 73:16 73:18 73:20 | | **that's**(56) 11:10 11:11 11:11 12:17 17:9 17:21 19:20 22:10 22:11 23:13 23:15 23:16 23:17 24:23 26:2 27:6 27:23 28:16 28:18 31:9 31:21 31:23 32:4 35:9 35:19 37:10 43:13 45:15 46:5 46:19 46:23 47:14 47:21 51:25 53:2 54:22 55:11 55:19 56:4 59:24 60:2 61:14 61:21 62:17 62:23 63:21 65:7 65:12 67:20 68:10 68:15 68:22 69:2 69:4 70:20 72:19 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| the(301) | 43:6 43:6 43:9 43:10 43:10 43:10 43:11 43:12 43:16 43:23 43:24 44:2 44:5 44:5 44:6 44:6 44:6 44:7 44:8 44:9 44:10 44:11 44:11 44:17 44:17 44:19 44:20 44:22 44:22 44:23 44:23 44:24 44:25 44:25 45:1 45:4 45:7 45:9 45:9 45:10 45:11 45:12 45:15 45:16 45:17 45:17 45:23 46:1 46:3 46:4 46:4 46:6 46:6 46:7 46:10 46:14 46:16 46:16 46:17 46:17 46:19 46:20 46:21 46:22 46:22 46:23 46:24 46:25 47:4 47:5 47:5 47:7 47:7 47:11 47:11 47:13 47:15 47:18 47:19 47:20 47:21 47:22 47:24 48:1 48:3 48:4 48:5 48:6 48:10 48:10 48:12 48:14 48:14 48:17 48:20 48:21 48:23 48:24 48:25 49:2 49:3 49:5 49:6 49:10 49:13 49:16 49:17 49:18 49:19 49:21 49:24 49:25 50:1 50:4 50:6 50:7 50:9 50:9 50:10 50:10 50:11 50:12 50:12 50:15 50:15 50:17 50:18 50:20 50:21 50:21 50:22 50:23 50:24 50:24 51:1 51:1 51:2 51:3 51:4 51:9 51:9 51:12 51:13 51:14 51:16 51:16 51:17 51:17 51:18 51:19 51:20 51:22 51:24 52:2 52:7 52:10 52:11 52:12 52:13 52:17 52:17 52:19 52:21 52:23 53:2 53:2 53:8 53:8 53:10 53:11 53:12 53:13 53:15 53:18 53:19 53:21 53:22 53:22 53:25 54:5 54:6 54:6 54:7 54:8 54:14 54:18 54:23 54:24 54:25 55:2 55:11 55:12 55:14 55:16 55:18 55:18 55:21 55:23 55:25 56:3 56:4 56:6 56:7 56:8 56:9 56:11 56:12 56:12 56:14 56:16 56:16 56:18 56:19 56:19 56:20 56:23 56:25 57:1 57:5 57:6 57:6 57:10 57:12 57:13 57:13 57:16 57:17 57:18 57:19 57:20 57:20 57:22 57:23 57:24 57:25 57:25 58:1 58:3 58:4 58:8 58:13 58:14 58:15 58:15 58:18 58:18 58:19 58:19 58:20 58:24 58:25 58:25 59:2 59:2 59:3 59:3 59:3 59:4 59:5 59:7 59:8 59:9 59:10 59:13 59:14 59:17 59:22 59:22 59:23 59:24 60:1 60:3 60:3 60:4 60:4 60:7 60:8 60:9 60:10 60:11 60:14 60:17 60:19 60:21 60:22 60:22 60:23 60:25 61:2 61:4 61:5 61:10 61:13 61:14 61:16 61:16 61:17 |
| the(173) | 61:21 61:21 61:22 61:24 61:25 62:6 62:7 62:8 62:12 62:14 62:15 62:17 62:17 62:23 62:25 63:3 63:5 63:6 63:6 63:7 63:9 63:16 63:17 63:22 63:23 63:25 64:2 64:7 64:8 64:9 64:11 64:12 64:13 64:13 64:15 64:16 64:21 64:21 64:22 64:22 64:25 65:4 65:5 65:7 65:9 65:11 65:14 65:15 65:18 65:23 65:23 66:5 66:5 66:6 66:9 66:11 66:14 66:15 66:16 66:18 66:18 66:20 66:20 66:21 66:21 66:22 66:25 67:2 67:3 67:6 67:6 67:7 67:9 67:9 67:10 67:11 67:12 67:13 67:16 67:16 67:17 67:18 67:19 67:21 67:22 67:24 68:1 68:3 68:7 68:8 68:8 68:9 68:12 68:17 68:20 68:23 68:25 69:1 69:2 69:2 69:4 69:8 69:13 69:13 69:14 69:17 69:19 69:19 69:20 69:22 69:22 70:3 70:16 70:17 70:17 70:18 70:18 70:19 70:20 70:21 70:22 71:2 71:4 71:6 71:6 71:7 71:11 71:14 71:17 71:18 71:18 71:19 71:21 71:23 72:1 72:6 72:8 72:9 72:12 72:14 72:17 72:17 72:18 72:20 72:22 72:24 72:25 73:1 73:1 73:2 73:3 73:7 73:8 73:10 73:11 73:11 73:13 73:15 73:18 73:22 74:2 74:3 74:3 74:4 |
| their(17) | 20:4 20:25 26:17 26:20 27:22 29:6 29:7 30:20 30:21 37:12 43:24 45:15 48:7 56:3 61:19 61:23 72:4 |
| them(23) | 11:17 19:19 19:20 20:16 22:9 26:6 26:7 26:15 26:18 26:19 26:24 27:3 27:9 27:9 40:8 42:25 47:2 51:24 53:1 56:3 64:20 69:25 71:4 |
| theme(3) | 13:14 15:3 31:6 |
| themselves(3) | 21:15 55:8 70:4 |
| then(17) | 9:6 9:9 10:17 11:24 18:13 21:10 63:17 66:5 66:6 71:7 |
| there(64) | 10:15 11:17 13:8 13:9 14:18 15:22 15:23 19:8 19:12 19:14 21:11 23:22 23:13 28:20 29:4 30:19 31:5 32:17 35:15 36:14 36:21 37:18 38:6 39:10 44:9 44:13 45:3 47:17 47:20 47:23 47:23 48:9 48:15 49:22 49:22 53:10 53:17 58:3 58:11 59:7 60:6 60:7 61:11 62:1 62:10 62:11 63:12 63:18 64:6 65:15 67:3 67:8 67:25 68:17 69:15 70:13 73:18 |
| there'd(2) | 36:9 36:9 |
| there's(28) | 11:10 17:14 19:16 21:5 21:5 22:9 27:5 27:21 31:10 36:25 37:1 37:17 40:1 52:7 52:13 56:9 59:25 61:6 61:17 61:24 62:3 62:11 62:24 65:3 68:18 71:3 72:16 |
| thereafter(1) | 57:21 |
| thereof(1) | 63:10 |
| these(25) | 12:12 17:5 17:17 17:20 10 20:13 20:22 21:13 24:5 24:9 25:3 25:6 26:14 27:17 29:1 33:2 36:22 42:23 43:18 51:7 53:13 58:12 60:24 60:25 61:15 |
| they(61) | 15:5 15:5 18:25 19:16 19:19 19:19 20:2 20:16 21:13 22:6 22:8 22:15 22:17 22:17 22:19 22:19 22:20 23:4 23:4 24:12 24:21 25:17 26:5 26:7 26:20 26:22 26:24 27:9 27:18 27:22 28:22 29:5 31:15 31:15 33:3 33:6 33:10 33:16 34:11 34:12 35:22 35:23 36:14 37:10 38:2 43:7 43:10 44:20 45:13 47:18 48:8 53:5 55:10 59:22 59:23 61:23 63:21 63:22 70:22 72:3 |
| they'd(1) | 65:2 |
| they'll(1) | 63:23 |
| they're(9) | 7:16 14:16 33:8 34:16 35:17 37:22 42:19 44:18 44:19 48:14 56:2 60:23 61:9 61:11 69:9 69:14 71:2 |
| they've(1) | 47:8 |
| thing(9) | 15:5 18:18 21:13 32:19 42:4 47:24 61:21 61:22 70:23 |
| things(15) | 13:22 17:7 20:3 21:18 28:7 28:24 31:14 31:16 37:11 44:9 60:25 64:12 70:6 71:9 72:13 |
| think(69) | 11:16 19:1 22:25 25:16 25:24 26:2 26:5 28:11 28:14 30:1 30:12 30:18 31:5 33:20 34:14 34:23 35:13 36:7 37:15 37:17 38:5 38:11 38:15 38:24 42:11 42:1 42:17 43:4 43:25 44:9 44:14 44:15 45:2 45:19 45:21 46:3 46:14 46:18 47:16 47:2 48:6 51:8 53:13 53:16 53:20 55:9 55:14 56:4 58:10 58:22 59:8 59:25 61:6 62:2 62:6 62:15 62:20 63:20 66:4 66:19 70:1 70:2 70:15 71:2 71:3 71:4 71:9 71:11 |
| thinking(1) | 27:20 |
| thinks(1) | 43:2 |
| third(1) | 53:4 |
| third-party(5) | 25:22 35:2 35:16 35:17 |
| thirty-fifth(1) | 9:7 |
| thirty-fourth(1) | 9:1 |
| thirty-third(1) | 8:23 |
| this(142) | 10:14 10:16 10:25 11:4 11:4 11:25 12:8 12:11 13:12 14:3 14:6 14:9 14:14 15:19 16:18 16:22 17:10 17:13 19:1 19:9 19:12 20:9 20:13 20:19 20:20 20:21 21:4 21:16 21:23 22:11 22:15 23:17 24:7 26:10 27:3 27:5 27:21 27:25 28:7 28:8 28:11 28:16 28:17 28:17 30:1 30:2 30:19 30:20 30:22 30:24 31:1 31:5 31:7 31:11 31:22 32:21 33:2 33:10 33:15 33:21 34:1 34:10 34:22 35:12 35:25 36:16 36:20 37:33 37:6 37:25 39:3 40:2 40:13 40:15 41:4 41:5 41:15 41:18 42:4 42:5 42:8 42:15 43:20 43:21 43:25 44:24 45:11 46:13 48:9 48:13 48:24 49:19 51:1 51:3 52:12 53:9 53:21 55:8 55:8 57:12 58:10 58:18 58:21 58:24 59:10 59:21 59:24 60:1 60:15 60:21 60:23 61:25 62:2 62:7 62:10 62:11 62:19 63:7 65:7 65:16 66:6 66:8 67:3 67:7 67:19 67:23 68:13 69:18 70:1 70:7 70:15 71:4 71:10 72:1 73:8 73:9 73:21 |
| thomas(2) | 2:18 3:42 |
| thornburg(1) | 2:46 |
| those(21) | 17:19 23:22 25:8 28:22 29:8 31:15 44:5 47:3 50:25 54:11 58:17 60:23 64:9 64:11 64:18 64:19 67:10 70:11 70:2 71:1 71:2 |
| though(6) | 27:18 35:17 38:12 47:18 59:12 71:13 |
| thought(9) | 20:15 20:15 24:21 42:24 43:1 44:7 63:8 64:15 72:14 |
| thoughts(1) | 56:23 |
| threat(1) | 22:21 |
| threatened(4) | 26:8 27:2 27:6 27:8 |
| three(1) | 43:5 |
| through(3) | 8:6 34:7 42:23 |
| throughout(3) | 13:15 21:23 21:23 |
| time(50) | 12:8 13:15 15:2 15:6 17:12 21:16 21:24 23:20 23:21 27:19 29:17 32:18 44:2 45:25 47:10 48:12 50:3 51:13 51:24 53:2 53:23 54:4 55:6 55:8 55:16 56:2 58:3 58:11 58:21 58:24 59:2 59:3 59:10 59:14 60:25 67:4 67:6 67:23 68:1 68:6 68:18 69:5 69:7 69:9 69:18 70:2 70:5 70:9 70:11 71:12 |
| timely(1) | 70:5 |
| times(2) | 23:9 26:10 |
| timing(6) | 51:22 56:3 57:18 63:6 67:24 71:18 |
| tip(1) | 35:19 |
| today(8) | 11:1 12:7 32:2 34:2 53:16 57:15 59:10 73:19 |
| today's(3) | 9:25 39:24 48:18 |
| together(3) | 13:3 55:12 59:14 |
| togut(1) | 8:24 |
| told(3) | 26:10 25:15 26:7 |
| tomorrow(1) | 17:25 |
| too(2) | 42:6 66:7 |
| took(5) | 15:20 19:18 42:12 42:12 63:18 |
| top(1) | 68:6 |
| torres(3) | 3:11 7:4 40:11 |
| totally(1) | 58:11 |
| tough(1) | 54:4 |
| track(1) | 70:5 |
| trampled(1) | 14:4 |
| transcript(3) | 1:19 1:51 74:3 |
| transcription(2) | 1:45 1:52 |
| transpired(1) | 17:19 |
| traumatic(1) | 24:10 |
| treatment(1) | 23:20 |
| trehan(1) | 6:30 |
| trial(2) | 36:1 36:3 |
| tribune(8) | 1:9 3:48 5:4 8:4 13:6 22:14 35:3 46:24 |
| tribune's(1) | 23:19 |
| tried(3) | 32:7 45:25 50:5 |
| tro(1) | 57:2 |
| true(4) | 17:9 17:11 64:23 64:23 |
| trust(6) | 3:4 3:26 4:51 5:27 7:4 9:4 |
| trustee(38) | 2:25 2:25 8:25 9:20 9:22 40:12 41:21 41:24 42:4 46:4 46:18 47:22 48:12 49:5 49:7 54:25 57:16 57:18 57:24 58:16 60:24 64:21 64:22 65:2 65:4 65:16 65:18 66:19 68:1 68:4 68:14 68:18 68:19 68:22 69:17 70:17 72:20 73:1 |
| trustee's(2) | 48:10 49:1 |
| trusting(1) | 21:20 |
| try(2) | 34:13 63:19 |
| trying(2) | 28:23 45:21 |
| turn(3) | 19:15 19:16 49:16 |
| twenty-fourth(1) | 8:16 |
| twenty-seventh(1) | 8:20 |
| twice(1) | 29:4 |
| two(31) | 9:18 10:3 10:7 10:15 12:1 16:3 24:5 24:18 25:9 28:21 28:22 28:24 28:25 29:2 29:8 35:21 36:3 37:20 46:11 49:22 49:24 50:8 51:1 54:10 54:11 59:13 60:7 62:17 64:6 70:9 71:8 |
| type(4) | 16:24 18:18 19:4 57:2 |
| typed(1) | 19:15 |
| types(1) | 29:1 |
| typical(1) | 16:24 |
| typically(3) | 25:3 25:5 43:17 |
| u.s.(11) | 2:25 2:25 5:42 41:20 42:2 46:4 46:17 47:22 48:10 48:12 49:1 |
| ucc(1) | 59:22 |
| ultimately(2) | 34:11 42:23 |
| un-liquidated(1) | 31:3 |
| unchanged(1) | 43:7 |
| uncontrovertable(1) | 26:5 |
| under(26) | 12:9 12:10 13:25 14:5 14:16 25:3 25:6 25:7 32:12 32:19 34:1 34:9 39:3 40:15 40:21 48:3 48:6 49:6 49:12 53:5 54:22 56:2 56:15 58:15 60:13 72:11 |
| underlying(3) | 18:17 32:9 32:14 |
| understand(16) | 11:8 13:24 14:1 14:13 16:6 34:22 36:19 41:5 41:8 41:11 42:20 43:20 54:23 55:2 56:2 68:2 |
| understandable(1) | 45:16 |
| understanding(1) | 13:6 |
| understood(2) | 39:22 72:5 |
| undertake(1) | 41:6 |
| united(4) | 1:1 1:21 9:9 41:24 |
| unless(2) | 10:1 71:5 |
| unredacted(1) | 72:15 |
| unsecured(3) | 27:15 29:16 52:3 |
| untainted(1) | 56:12 |
| until(10) | 13:7 13:15 21:24 22:2 26:24 41:6 55:10 65:7 67:25 69:21 |
| unusual(2) | 39:13 43:19 |
| upon(4) | 14:4 14:11 52:5 70:6 |
| ups(1) | 70:12 |
| urgency(3) | 49:23 66:20 67:22 |
| urgent(1) | 49:23 |
| use(1) | 9:24 |
| used(2) | 20:24 31:7 |
| using(1) | 33:8 |
| usman(1) | 6:41 |
| usually(1) | 68:25 |
| vague(2) | 43:2 44:7 |
| vail(1) | 7:22 |
| valuable(1) | 64:1 |
| various(3) | 27:19 43:3 67:11 |
| vehicle(1) | 29:5 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**vein**(1) 73:6
**veracity**(1) 38:16
**verbatim**(1) 46:23
**very**(30) 8:7 12:9 12:16 17:1 18:20 20:10 24:9 26:6 27:25 30:6 30:8 38:24 45:17 46:4 48:9 49:2 50:10 50:19 50:22 51:8 53:23 54:4 57:9 58:3 58:11 60:8 63:20 67:8 72:22 73:20

**via**(1) 73:6
**vice**(1) 10:14
**view**(5) 20:6 38:22 42:10 54:25 57:4
**viewed**(1) 42:6
**vigilance**(4) 18:10 18:11 18:12 18:13
**vigorously**(1) 57:9
**vindication**(1) 36:10
**vine**(1) 27:7
**violated**(2) 15:15 33:18
**violation**(4) 13:3 14:16 32:4 60:1
**virginia**(5) 22:23 22:24 23:3 23:6 23:10
**virtue**(1) 29:7
**vivek**(1) 6:38
**void**(2) 14:12 33:19
**von**(1) 8:18

**wacker**(1) 3:49
**wait**(1) 33:18
**waiting**(1) 67:24
**walker**(1) 8:12
**want**(23) 11:7 20:5 20:7 28:12 30:8 33:10 37:24 39:18 45:20 46:25 47:15 52:7 53:5 54:20 55:10 55:17 62:7 62:14 63:21 68:16 69:23 71:13 72:2

**wanted**(3) 17:2 26:12 73:16
**wants**(6) 9:17 49:17 53:8 57:5 65:18 72:3
**wardwell**(1) 2:40
**was**(79) 9:6 12:2 12:8 12:8 12:11 13:8 13:9 13:11 13:11 14:18 14:23 14:23 14:24 15:14 15:23 15:24 16:5 17:8 17:13 18:6 18:25 19:1 19:17 21:21 21:22 21:23 22:2 23:9 23:18 23:19 24:24 24:25 26:11 26:17 27:19 27:21 31:2 31:11 32:2 32:9 32:12 32:19 33:21 34:8 34:19 37:25 38:1 40:14 40:15 40:17 40:17 40:20 40:20 43:22 43:22 44:7 45:12 45:24 46:1 46:24 47:16 48:25 55:20 57:21 60:8 60:9 60:10 60:13 63:11 64:15 64:20 64:23 66:15 67:7 67:8 70:12 73:8 73:22

**washington**(1) 15:5
**wasn't**(2) 27:7 61:18
**watch**(2) 29:5 46:4
**way**(19) 14:7 17:14 23:3 23:8 24:19 30:2 31:11 42:21 43:13 44:17 49:17 57:12 64:14 64:15 65:14 68:5 68:15 70:15 72:1

**ways**(2) 52:22 65:7
**we'd**(7) 52:14 54:19 56:1 61:4 62:24 63:19 71:24

**we'll**(7) 9:24 25:12 39:21 48:15 48:17 71:7 72:16

**we're**(22) 12:9 18:21 28:23 30:25 32:4 32:5 33:2 37:11 42:8 44:6 47:24 53:7 54:25 62:18 65:18 65:25 67:14 67:15 68:11 68:14 68:19

**we've**(11) 17:20 18:19 19:3 22:14 39:12 42:23 46:17 48:3 50:14 53:12 57:3

**web**(2) 36:23 37:3
**wednesday**(4) 8:1 54:1 54:4 54:18
**week**(9) 18:1 41:10 50:18 53:14 58:25 62:17 69:22 70:24 71:5

**weekend**(2) 41:10 55:12
**weeks**(1) 59:14
**weigh**(2) 29:14 34:17
**weight**(1) 21:10

**weil**(1) 6:16
**weintraub**(1) 4:13
**weiss**(2) 6:4 7:38
**weitman**(1) 5:13
**well**(45) 11:3 11:7 11:10 11:14 12:19 13:17 14:6 14:20 15:12 16:12 21:2 21:3 22:25 24:17 25:20 27:4 30:1 30:8 30:15 32:16 34:20 34:23 35:1 35:11 36:2 37:2 37:5 44:9 44:12 44:12 46:16 48:7 48:11 49:2 49:15 53:25 54:8 56:19 57:12 58:20 66:22 67:17 68:4 72:1 73:7

**wells**(3) 3:32 7:11 8:13
**went**(1) 42:16
**were**(21) 10:12 12:1 12:14 13:21 15:22 19:19 20:1 24:22 26:5 43:10 43:25 44:5 45:23 63:9 63:11 63:16 63:19 64:11 64:24 65:24 71:21

**weren't**(4) 26:11 42:13 45:25 64:23
**west**(4) 1:37 2:49 3:49 4:28
**wharton**(2) 6:4 7:38
**what**(77) 9:24 12:19 12:23 13:1 14:17 14:23 15:11 15:13 15:15 16:4 16:5 16:25 17:6 17:16 17:24 18:21 19:10 20:17 20:19 22:6 24:24 27:1 27:4 27:23 28:23 29:1 31:5 31:15 31:16 32:2 32:16 32:23 33:2 33:5 33:6 33:7 33:17 33:25 34:13 35:23 38:17 38:18 39:19 43:3 44:18 44:20 46:1 46:15 46:22 46:25 47:4 49:16 50:4 50:13 50:23 52:22 53:5 55:19 56:10 57:3 58:8 61:16 61:17 61:24 62:23 63:13 63:23 65:24 68:6 68:25 69:1 69:4 70:2 70:21 71:14 71:24

**what's**(6) 11:6 18:12 18:18 20:20 62:23 70:20

**whatever**(2) 37:3 46:12
**whatsoever**(2) 19:8 69:7
**when**(26) 13:10 14:15 14:18 18:22 18:25 20:24 22:10 22:21 26:11 34:10 34:12 34:21 36:8 37:5 38:17 39:20 43:16 45:12 51:6 52:4 56:5 58:5 63:8 64:23 65:24

**whenever**(1) 26:16
**where**(16) 16:24 17:2 19:7 21:11 23:22 26:10 34:16 37:7 39:15 45:4 50:13 50:15 64:8 67:3 69:15 70:5

**whereupon**(1) 73:22
**whether**(14) 14:7 25:16 27:21 28:13 30:3 31:12 38:6 39:4 51:16 57:13 60:1 68:10 68:23 69:4

**which**(47) 8:8 8:11 8:14 8:16 8:20 8:23 9:1 9:12 9:12 9:14 9:15 13:23 14:11 15:21 24:18 26:16 33:7 38:9 40:7 41:7 42:3 42:6 42:17 44:2 46:15 47:4 48:5 49:11 50:2 51:2 51:4 51:12 51:12 52:17 52:19 53:17 55:14 56:8 63:10 63:18 66:15 68:11 69:9 69:9 69:22 71:24 73:3

**while**(3) 38:7 48:16 68:25
**white**(1) 7:11
**who**(38) 17:17 18:8 18:14 18:25 19:4 19:5 19:9 19:9 19:9 20:1 20:2 20:2 20:6 20:25 21:1 22:20 24:12 24:13 26:17 28:6 33:12 34:3 34:18 35:22 38:16 43:9 45:20 48:9 53:4 53:5 57:7 58:12 59:2 61:25 66:25 67:16 68:12 68:14

**who's**(1) 18:23
**whole**(3) 27:17 46:19 71:10
**whom**(1) 68:9
**why**(15) 13:3 29:8 32:5 32:23 34:20 34:21 35:5 35:22 36:4 36:12 37:10 42:9 58:25 67:6 68:17

**wife**(1) 17:13

**wife's**(1) 17:14
**will**(54) 9:18 15:1 15:7 15:9 17:25 18:1 24:8 24:8 24:9 31:9 34:4 34:6 34:24 34:24 37:9 38:21 38:22 38:25 39:23 40:1 41:8 42:17 43:4 43:9 44:20 44:22 44:24 46:13 47:8 47:12 47:17 48:10 50:24 51:15 55:2 56:16 58:3 58:6 58:21 64:2 64:2 64:3 64:3 65:15 67:16 67:25 68:5 68:12 68:14 68:24 69:6 70:7 71:11 73:21

**willette**(1) 8:22
**william**(2) 4:5 4:13
**willing**(1) 11:13
**wilmer**(1) 5:45
**wilmington**(19) 1:13 1:39 2:8 2:21 2:29 2:37 2:50 3:8 3:23 3:26 3:29 3:38 3:44 4:8 4:30 4:38 5:27 8:1 9:4

**wind**(1) 47:12
**window**(4) 53:25 58:3 63:11 63:18
**winner**(1) 57:10
**wise**(1) 56:4
**wish**(9) 21:18 29:14 41:3 46:8 48:1 54:8 66:11 70:11 71:22

**wishes**(2) 38:20 69:1
**with**(145) 8:9 8:11 8:17 8:21 8:24 9:2 9:7 9:8 9:11 9:11 9:22 10:7 11:4 11:21 12:5 12:16 12:19 13:5 13:8 14:1 14:11 14:21 14:22 15:16 15:18 16:16 16:18 17:4 17:5 17:7 17:13 18:5 18:11 18:12 18:12 18:15 18:19 19:21 19:22 20:1 20:8 20:19 20:20 21:5 21:8 21:15 22:13 23:2 23:4 23:24 24:3 25:2 25:4 25:8 26:4 26:20 28:5 30:7 30:17 32:3 33:4 33:17 34:1 35:6 37:9 38:4 38:23 39:13 39:16 39:23 41:4 41:8 42:4 42:22 42:25 43:17 43:23 45:21 46:2 46:8 47:2 47:6 47:6 47:11 47:16 48:14 48:21 48:25 49:15 49:19 49:20 49:24 49:25 50:1 50:17 51:13 51:22 52:12 52:13 52:20 53:21 54:3 54:7 54:12 55:15 56:3 56:10 57:8 57:9 57:16 57:17 58:6 58:9 59:16 60:20 61:8 62:8 63:6 63:7 63:23 64:11 65:18 66:13 66:16 66:18 67:21 68:1 68:7 69:4 69:19 69:22 70:11 70:12 70:16 71:14 71:23 72:8 72:14 72:24 72:23 72:25 73:2 73:9 73:10

**withdraw**(1) 40:18
**withheld**(1) 70:19
**within**(3) 12:25 19:7 22:11
**without**(14) 14:6 14:11 16:7 18:7 25:22 31:12 36:16 38:20 39:4 39:5 40:18 44:13 50:5 59:17

**witness**(4) 11:1 24:8 25:25 28:5
**witnesses**(9) 12:21 16:21 16:23 17:4 17:20 17:21 17:22 20:1 38:16

**womble**(1) 3:41
**won't**(4) 19:16 36:6 44:15 59:9
**word**(4) 14:3 14:4 29:22 29:22 53:2 57:11
**words**(1) 53:2
**work**(6) 39:23 43:5 50:20 62:19 68:19 68:25

**worked**(1) 68:20
**working**(3) 50:19 53:12 58:1
**world**(1) 69:2
**worse**(1) 16:10

**would**(75) 10:3 12:20 13:12 13:13 16:24 17:10 19:6 19:15 20:2 20:2 20:2 20:8 20:18 23:22 25:7 27:18 27:18 28:20 29:6 29:9 29:24 29:24 31:14 32:9 32:13 32:21 33:9 33:9 34:3 34:23 34:23 36:1 36:4 36:10 36:14 39:14 40:18 42:14 42:24 43:13 43:17 44:17 46:15 52:18 52:21 52:22 53:10 53:14 53:16 54:20 54:20 55:9 55:11 55:13 56:14 57:8 57:21 58:22 58:24 59:1 59:2 61:12 62:10 63:21 63:22 65:1 66:2 66:9 67:1 68:13 69:22 73:4 73:5 73:8

**wouldn't**(4) 32:18 61:13 64:16 73:7
**write**(1) 52:7
**written**(3) 12:1 17:9 18:1
**wrong**(5) 14:7 16:5 31:11 36:24 52:9
**wrongly**(1) 32:10
**wrote**(2) 23:17 35:22

**yeah**(6) 16:1 16:4 42:19 55:19 55:21 55:22
**year**(6) 10:14 11:5 15:19 23:18 31:1 40:15
**years**(1) 38:12
**yes**(12) 9:24 11:22 12:22 16:14 21:3 40:9 48:23 56:6 56:21 60:19 72:9 73:12

**yesterday**(1) 49:3
**yet**(4) 37:20 38:11 61:15 70:4
**yield**(1) 10:19
**york**(7) 2:14 2:43 3:5 3:15 4:15 7:5 9:8
**you**(160) 10:12 10:22 10:25 11:7 11:15 11:18 12:19 13:3 13:9 13:19 13:21 13:22 14:17 14:18 15:1 15:7 15:8 15:9 15:10 15:12 15:12 15:13 15:14 15:16 15:20 15:21 15:21 16:5 16:5 16:10 16:11 16:13 16:16 16:24 16:25 18:13 18:13 20:3 20:4 20:5 20:7 20:16 21:2 21:2 21:3 21:12 22:5 22:6 22:23 24:17 24:18 24:23 24:24 24:24 24:25 25:6 25:7 25:8 25:13 26:16 28:3 28:5 28:8 28:15 29:11 29:12 29:21 30:1 30:12 30:13 31:9 31:9 31:23 31:24 32:16 32:16 32:23 33:11 33:11 33:13 33:17 33:20 33:21 34:11 35:5 35:5 35:6 35:14 35:21 36:2 36:4 36:8 36:8 37:7 37:13 37:14 37:23 38:2 39:13 39:18 39:19 39:22 39:25 40:1 40:3 40:4 40:14 41:5 41:13 41:14 41:22 41:25 42:5 42:11 42:12 43:1 43:16 44:9 45:7 45:8 45:10 46:3 46:7 47:19 47:20 48:1 48:23 52:8 53:23 54:6 54:7 54:13 55:5 55:17 55:19 58:22 58:2 61:7 61:7 61:9 61:18 62:7 62:8 62:13 62:20 62:21 62:23 64:22 65:3 66:11 66:13 68:20 69:12 70:25 72:2 73:14 73:16 73:20 73:20

**you'd**(1) 51:21
**you'll**(1) 11:8
**you're**(12) 11:14 16:7 20:17 21:25 22:1 35:11 43:8 48:16 52:23 53:23 54:6 60:4

**you've**(3) 16:11 20:25 31:22
**young**(2) 4:25 17:2

| Word | Page:Line |
|------|-----------|
| **your**(144) | 8:3  8:5  10:5  10:6  10:9  10:11 |
| | 10:12  10:19  10:23  10:25  11:2  11:7  11:15 |
| | 11:20  11:22  11:25  12:22  15:10  15:22  16:7 |
| | 16:12  16:14  16:17  21:7  22:6  22:18  23:2 |
| | 24:6  24:15  24:19  24:21  25:10  25:14  25:16 |
| | 25:24  27:2  29:12  29:15  29:23  30:6  30:13 |
| | 30:18  31:2  31:6  31:11  31:25  32:1  32:11 |
| | 32:25  33:9  34:8  34:15  34:19  35:4  35:8 |
| | 35:20  36:12  36:20  36:21  37:8  37:8  37:12 |
| | 37:14  37:15  37:23  37:24  39:11  39:12 |
| | 39:19  39:22  40:1  40:6  40:10  40:13  40:16 |
| | 40:22  41:1  41:10  41:11  41:15  41:19  41:22 |
| | 41:23  42:11  42:21  43:20  45:8  45:10  46:9 |
| | 46:11  48:21  48:24  49:18  49:22  50:18 |
| | 51:13  51:15  51:22  52:1  52:3  53:7  55:7 |
| | 56:1  56:5  56:15  56:22  56:24  57:10  57:17 |
| | 58:17  58:23  59:1  59:6  61:5  63:2  63:4 |
| | 63:8  65:10  66:2  66:10  66:13  67:1  67:22 |
| | 68:17  68:19  70:5  70:14  71:8  71:14  71:16 |
| | 71:20  71:22  72:5  72:7  72:21  72:22  72:23 |
| | 72:25  73:3  73:4  73:5  73:9  73:14  73:16 |
| | |
| **yourself**(2) | 16:9  24:25 |
| **zarqawi**(2) | 36:24  37:1 |
| **zloto**(2) | 6:34  6:34 |
| **zuckerman**(19) | 2:17  50:6  50:12  50:15 |
| | 51:18  51:18  52:19  53:15  53:18  54:5  54:18 |
| | 56:18  60:10  60:11  62:10  64:7  64:8  68:10 |
| | 71:16 |