## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: Sept. 22, 2010, 1:30 P.M.**<br>**Objection Deadline: Sept. 20, 2010, 4:00 P.M.**<br><br>**Ref. No. 5671 and 5681** |

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AURELIUS'S SEALING MOTIONS (DOCKET NOS. 5671 AND 5681)

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession respectfully submits this objection to the (I) Motion Regarding Filing Under Seal of Redacted Portion of Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP From Acting On Behalf of the Official Committee of Unsecured Creditors In Matters In Which It Has Conflicts of Interest (Docket No. 5671) and the (II) Motion Regarding Filing Under Seal of Redacted Portion of the Motion of Aurelius Capital Management, LP for the Appointment of a Chapter 11 Trustee (Docket No. 5681) (together, the "Sealing Motions").

1. The Committee holds no brief for secrecy or sealing of the redacted materials, which consist of three or four lines of text. Rather, the redacted material should simply be stricken from both of Aurelius's underlying motions as an abuse of confidential settlement communications.

2. The redacted material consists of certain substantially identical statements criticizing the Committee and its co-counsel, Chadbourne & Parke LLP, for positions relating to

the Committee's painstaking efforts, through confidential settlement discussions with the Debtors and other constituencies, to achieve a consensual and confirmable plan of reorganization.    Those redacted statements do not contain any proprietary information implicating sealing procedures.  But the redacted statements should never have been filed in the first place.

        3.     Aurelius filed its own incorrect and misleading gloss on the Committee's settlement discussions and positions, violating the "well-established judicial policy protecting the confidentiality of the settlement process."[1] See Stanziale v. Pepper Hamilton LLP (In re Student Fin. Corp.), 2007 U.S. Dist. LEXIS 95882, at *4-5 (D. Del. May 25, 2007) (granting defendants' motion to strike plaintiffs' expert reports where "the experts received and considered confidential and privileged mediation statements of Defendants"); see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980 (6th Cir. 2003) (explaining that "[t]here exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations" and that "confidential settlement communications are a tradition in this country"); SEC v. Thrasher, 1995 U.S. Dist. LEXIS 13431, at *1-2 (S.D.N.Y. Sept. 18, 1995) ("Settlement discussions are typically treated as confidential, since their disclosure may impact on the parties' interests, either in business affairs or in ongoing litigation.  The threat of disclosure would put a serious crimp in such discussions, since candor would likely give way to extreme caution in making disclosures that are often vital to the success of such negotiations.").  The Stanziale court explained this policy as follows:

---

[1] The Committee will not duplicate Aurelius's inappropriate tactics by further delving into Aurelius's misleading and incorrect characterizations of protracted, highly nuanced and — most importantly — *confidential* settlement discussions.

"The judicial system encourages the resolution of disputes by mediation and settlement. It is axiomatic that the assurance of confidentiality for communications made during the course of settlement negotiations is a critical component of the process. Particularly, in the event that settlement discussions do not resolve the dispute, the parties must be able to litigate their claims in the courtroom without the pall-like presence of confidential negotiation statements influencing the arguments."

See 2007 U.S. Dist. LEXIS 95882, at *5.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court (a) deny the motion insofar as it seeks a sealing order, (b) strike the proposed redacted language identified in the Sealing Motions in its entirety, and (c) grant the Committee such other and further relief as the Court deems appropriate.

Dated: September 20, 2010
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
Thomas J. McCormack
David M. LeMay
Marc D. Ashley
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

- and -

3

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
Thomas G. Macauley
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC  20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*