IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
In re:                                              :      Chapter 11 Cases
                                                    :      Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                            :      (Jointly Administered)
                                                    :
       Debtors.                                     :      Hearing Date and Time:
                                                    :      September 22, 2010 at 1:30 PM (EDT)
                                                    :
------------------------------------------------------X    Related to Docket No.  5669


**JOINDER OF WILMINGTON TRUST COMPANY TO
THE MOTION OF AURELIUS CAPITAL MANAGEMENT, LP
TO DISQUALIFY CHADBOURNE & PARKE LLP FROM ACTING
ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of $1.2 billion (generally referred to as the "PHONES") issued in April 1999 by Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors" or the "Company"), by and through its undersigned counsel, hereby respectfully submits this Joinder to the *Motion of Aurelius Capital Management, LP* ("Aurelius") *to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which It Has Conflicts of Interest*, dated September 13, 2010 [Docket No. 5669] (the "Motion").  In support of its Joinder, Wilmington Trust respectfully states as follows:

1

**BASIS FOR JOINDER**

1.  Wilmington Trust is a member of the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases. Wilmington Trust was appointed to the Committee on December 30, 2008 [Docket No. 156], twelve days after other members of the Committee were appointed. Prior to Wilmington Trust's appointment, the Committee: (1) selected JPMorgan Chase Bank as co-Chair of the Committee; and (2) selected Chadbourne & Parke LLP ("Chadbourne") as the Committee's primary bankruptcy counsel.

2.  Wilmington Trust believes the upcoming mediation is a critical event in these cases. There is reason to suspect that, if the mediation fails, the cases will rapidly devolve into aggressive litigation over competing plans of reorganization, claims allowance, and the pursuit of significant LBO-related claims against management, creditors, and third-parties. Thus, at this particular juncture, any effort that might prompt a more successful mediation effort should be given careful consideration, including the Motion.

3.  The Chadbourne's conflicts issue has been raised numerous times by various parties in these cases, and continues to present a distraction at the bargaining table and a heavy cloud over Committee stances on anything related to the LBO. To be sure, Chadbourne is a well-regarded law firm, but it is mostly known in the community for their representation of large banking institutions in bankruptcy cases, especially certain of the institutions that Professor Klee concluded bear significant exposure to the estates ("Defendant Banks"). It is well established in this case that Chadbourne routinely represents some of the Defendant Banks in their most sensitive bankruptcy and litigation matters. For example, Chadbourne *defended* a fraudulent conveyance lawsuit on very similar facts and with similar legal issues to those here in the Southern District of Florida, which litigation continues today with Chadbourne advocating for

the interests of certain Defendant Banks on appeal.  See In re TOUSA, 422 B.R. 783 (Bankr. S.D.Fla. 2009).

4. Chadbourne's important client-relationships in the banking industry (including especially the Defendant Banks in bankruptcy matters), the firm's present defense of the Defendant Banks (including zealous advocacy *against* points of law that help form the basis of Mr. Klee's Examiner's Report) in the Tousa case, and the firm's purportedly large and sophisticated practice on behalf of the Defendant Banks in corporate transactions all create a penumbra giving rise to healthy skepticism that Chadbourne can or ever will zealously negotiate against the Defendant Banks.[1]  It bears repeating that JPMorgan Chase Bank is the Committee co-Chair and, therefore, must be presumed to have played at least some role in Chadbourne's selection as counsel to the Committee.

5. Given the importance of the upcoming mediation and the hope that it will provide

---

[1] The fact that Chadbourne may have historically disclosed its bank affiliations does not, as a matter of law, obviate conflicts analysis for purposes of the mediation. That is because the governing statute contains a clear engagement prohibition, which prohibition remains in place even if disclosure of the conflict is made. See 11 U.S.C. § 1103(b) ("An attorney employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case"); In re Leslie Fay Co., Inc., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994) (a professional is burdened by an "adverse interest" if that professional has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors – an incentive sufficient to place those parties at more than acceptable risk – or the reasonable perception of one.").

Similarly, Chadbourne cannot deflect conflicts analysis because a majority of the Committee members may have purportedly waived the conflict.  That is because  conflicts prohibitions specifically stated in the Bankruptcy Code cannot suspended by client waiver.  See e.g. In re Congoleum, Corp., 426 F. 3d 675, 692 (3d Cir. 2005) (recognizing that waivers for estate professionals are ordinarily not effective); In re Project Orange Assocs., LLC, 431 B.R. 363, 374, 377 (Bankr. S.D.N.Y. 2010) (conflicts waiver irrelevant); In re Granite Partners, 219 B.R 22, 34 (Bankr. S.D.N.Y. 1998) (same); In re Perry, 194 B.R. 875, 880 (E.D. Cal. 1996) (rejecting argument that disclosure and waivers overcame conflict); (In re American Printers & Lithographers, 148 B.R. 862, 867 (Bankr. N. D. Ill. 1992) (waiver cannot overcome conflict in firm's attempted representation of debtor); In re Tinley Plaza Assocs., 142 B.R. 272, 278 (Bankr. N. D. Ill. 1992) (same); In re EWC Inc., 138 B.R. 276, 279 (Bankr. W.D. Okl. 1992) (same).

a fruitful and meaningful dialogue towards settlement, Wilmington Trust urged Chadbourne to step aside and allow Zuckerman Spaeder, as Special Conflicts Counsel, to conduct the mediation on behalf of the Official Committee.  Chadbourne has not agreed to this request, and Wilmington Trust does not believe that Chadbourne's decision is well-founded in the law.  See In re Ira Haupt & Co., 361 F.2d 164, 168 (2d Cir. 1966) (Friendly, C.J.) ("The conduct of bankruptcy proceedings not only should be right but must seem right."); F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1314 (5th Cir. 1995) (among the factors considered in motions to disqualify counsel include "(1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case.") (internal citations omitted).  Accordingly, Wilmington Trust joins in the relief requested in the Motion.

**[REMAINDER OF PAGE DELIBERATELY LEFT BLANK]**

**CONCLUSION**

**WHEREFORE**, Wilmington Trust respectfully requests that this Court: (1) grant the relief requested in the Motion; and (2) grant Wilmington Trust any such further relief as is just and proper.

Dated: September 20, 2010

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:  /s/ Raymond H. Lemisch
Raymond H. Lemisch, Esq. (Del. Bar No. 4204)
Jennifer R. Hoover, Esq. (Del. Bar No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: rlemisch@beneschlaw.com
Email: jhoover@beneschlaw.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
William M. Dolan III, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: wdolan@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*