IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x : : | Chapter 11 |
| TRIBUNE COMPANY et al., | : : | Case No. 08-13141 (KJC) Jointly Administered |
| Debtors. | : : x | |
| WILMINGTON TRUST COMPANY, as Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029, | : : : : : : | |
| Plaintiff, | : : | Adv. No. 10-50732 (KJC) |
| v. | : : | |
| JP MORGAN CHASE BANK, N.A., individually and as Administrative Agent, J.P. MORGAN SECURITIES INC., MERRILL LYNCH CAPITAL CORPORATION, individually and as Administrative Agent, MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED, CITICORP NORTH AMERICA, INC., individually and as Administrative Agent, CITIBANK, N.A., CITIGROUP GLOBAL MARKETS, INC., BANK OF AMERICA, N.A., BANC OF AMERICA SECURITIES, LLC, BARCLAYS BANK PLC, and MORGAN STANLEY & CO. INC., | : : : : : : : : : : : : : : : : | |
| Defendants. | : : x | |

## STATUS REPORT

1.      This Adversary Proceeding is properly categorized as "Status B" because service by the Plaintiff is complete but answers remain due.

2.      On March 4, 2010, Plaintiff initiated this Adversary Proceeding by filing its *Complaint for Equitable Subordination and Disallowance of Claims, Damages and Constructive Trust* [Docket No. 1] (the "Complaint"). The Complaint and summons

1

were served on the Defendants on March 5, 2010, as reflected in the *Certificate of Service* [Docket No. 8].

3. The Complaint generated three contested matters. First, on March 11, 2010, Defendant JPMorgan Chase Bank ("JPMorgan") filed in the Chapter 11 cases the *Motion of JPMorgan Chase Bank, N.A. for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order* [Docket No. 3715] ("JPMorgan Sanctions Motion"). The JPMorgan Sanctions Motion contends that, in filing the Complaint, Plaintiff's counsel violated certain non-disclosure obligations, warranting sanctions including a dismissal of the Complaint. The JPMorgan Sanctions Motion was: (i) formally joined on March 12, 2010 [Docket No. 3724] by Defendants Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated (together, the "Merrill Lynch Entities"); and (ii) supported on April 7, 2010 in a *Statement* [Docket No. 3968] filed by the Official Committee of Unsecured Creditors (the "Official Committee"). As discussed below, a hearing date has not yet been scheduled by the Movants and, therefore, this contested matter today remains unresolved.

4. Second, on March 18, 2010, the Debtors filed in the Chapter 11 cases the *Motion of the Debtors for an Order (I) Determining that Wilmington Trust has Violated Automatic Stay, (II) Requiring Wilmington Trust Company to Show Cause Why It Should Not be Held in Contempt of Court, and (III) Halting all Proceedings With Respect to the Complaint* [Docket No. 3759] ("Stay Violation Motion"). The Stay Violation Motion contends that, in the Complaint, Plaintiff asserts estate causes of action in violation of Bankruptcy Code Section 362, warranting dismissal of the Complaint. The Stay

Violation Motion was supported by the Official Committee's April 7, 2010 *Statement* [Docket No. 3968]. As discussed below, a hearing date has not yet been scheduled by the Movants and, therefore, this contested matter also today remains unresolved.

5. Third, on March 18, 2010, Defendant Merrill Lynch Entities filed in the Chapter 11 cases their *Motion to Extend Time to Answer or Otherwise Respond to the Complaint of Wilmington Trust Company* [Docket No. 3777]. On that same date, Defendants JPMorgan, Bank of America, N.A., Banc of America Securities LLC, Barclays Bank PLC, and Morgan Stanley & Co., Inc. filed in the Adversary Proceeding a similar *Joint Motion* [Docket No. 12]. On March 22, 2010, Defendants Citicorp North America, Inc., Citibank, N.A. and Citigroup Global Markets Inc. filed in the Adversary Proceeding their *Joinder to the Joint Motion* [Docket No. 19]. On March 23, 2010, the Court entered in the Adversary Proceeding an *Order Extending Time to Answer or Otherwise Respond to Complaint of Wilmington Trust Company* [Docket No. 29] ("Order Regarding Answer"), extending the time for Defendants to answer the Complaint to April 30, 2010 and scheduling an April 13, 2010 status conference to consider further relief.

6. During the April 13, 2010 status conference, Defendants requested that their answer not be due until 30 days after a decision is rendered on the JPMorgan Sanctions Motion and the Stay Violation Motion. The Court agreed to grant that relief, and Plaintiff's counsel stated that Plaintiff would be filing an Amended Complaint at a later date. See 4/13/10 Hearing Transcript at 64-66.

7. On April 30, 2010, the United States Trustee appointed Kenneth N. Klee to serve as Examiner, which appointment was approved by the Court on May 11, 2010

[Docket No. 4320]. On May 11, 2010, the Court entered an *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321] ("Examiner Order"), which tasked the Examiner to investigate, among other things, the arguments asserted by Movants in the JPMorgan Sanctions Motion and the Stay Violation Motion.

8. On July 26, 2010, the Examiner issued Volume Three of his Report [Docket No. 5132], wherein he opined against the relief requested in both the JPMorgan Sanctions Motion and the Stay Violation Motion. Specifically, the Examiner found that it was "reasonably unlikely" that the First and Second Counts in the Complaint assert claims belonging to the bankruptcy estate (Examiner Report, Vol. III at 9, 26) and that it was "highly unlikely" that any of the other Counts assert claims belonging the estates. With respect to the JPMorgan Sanctions Motion, the Examiner found that any inappropriate disclosure was "reasonably likely inadvertent" (id. at 49), there was "no credible evidence" that JPMorgan suffered harm or prejudice as a result thereof (id. at 61), and that JPMorgan's requested sanctions are "disproportionate and unnecessary" (id. at 62). Moreover, in response to assertions advanced by the Official Committee, the Examiner concluded that it was "reasonably likely" that the Court would find Wilmington Trust Company did not violate any duty in filing the Complaint (id. at 68).

9. In sum, as of the date hereof: (1) both the JPMorgan Sanctions Motion and the Stay Violation Motion remain unresolved before this Court, notwithstanding the Examiner's conclusion that both Motions lack merit; and (2) the Defendants have not filed answers to the Complaint and have been relieved of their obligation to file answers pending a ruling by this Court on both Motions.

10. Plaintiff is prepared to proceed with this Adversary Proceeding and, to

the extent necessary, hereby requests that the Court: (i) schedule a hearing on the JPMorgan Sanctions Motion and the Stay Violation Motion; and (ii) advise Plaintiff if the Court requires any additional briefing in light of the Examiner's Report. Upon a ruling by the Court, Plaintiff is prepared to promptly file the Amended Complaint (promised during the April 13, 2010 hearing) and to litigate the matter to conclusion.

Dated: September 20, 2010

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esq. (Del. Bar No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: rlemisch@beneschlaw.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Plaintiff*