# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **TRIBUNE COMPANY, *et al.*,** | : | **Case No. 08-13141** |
| | : | |
| Debtors | : | **Jointly Administered** |

## ORDER[1]

AND NOW, this 21st day of September, 2010, the Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Park LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which it Has Conflicts of Interest (filed September 13, 2010) (Docket No. 5669) (the "Disqualification Motion") having been set for hearing on September 22, 2010 at 1:30 p.m. (the "Hearing") by Order entered September 15, 2010 (Docket No. 5701), the Court having received and reviewed the Disqualification Motion and various joinder(s), response(s) and objection(s) filed in response to the Disqualification Motion, it is hereby,

ORDERED that the parties, including the United States Trustee, shall meet and confer prior to the Hearing and attempt to develop and memorialize a delineation of responsibilities (the "Mediation Protocol") between Chadbourne & Park LLP ("Chadbourne) and Zuckerman Spaeder LLP ("Zuckerman") for use in connection with the upcoming mediation (the "Mediation") (*see* this Court's Order at Docket No. 5591); and

---

[1]     Debtors' counsel shall serve a copy of this Order upon the parties, as appropriate, and file a Certificate of Service with the Court.

IT IS FURTHER ORDERED that any such Mediation Protocol shall be employed only for, and limited to, participation in the Mediation process[2].

KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[2]    Any Mediation Protocol agreed by the parties and approved by this Court shall not constitute (1) an admission of any averment made in the Disqualification Motion; or (2) a waiver of any right of any party-in-interest to assert (or oppose) at a later time, issues raised in the Disqualification Motion.