IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Nos. 5669 and 5737 |

**JOINDER OF WARNER BROS. TELEVISION TO
THE OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO MOTION OF AURELIUS CAPITAL
MANAGEMENT, LP TO DISQUALIFY CHADBOURNE & PARKE LLP FROM
ACTING ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Warner Bros. Television ("Warner"), as co-chair of the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee"), by and through its undersigned counsel, hereby respectfully submits this Joinder to the *Objection of the Official Committee of Unsecured Creditors to Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which It Has Conflicts of Interest* [Docket No. 5737]. In support of its Joinder, Warner respectfully states as follows:

**Basis for Joinder**

1. On January 16, 2009, the Creditors' Committee filed an application seeking to employ and retain Chadbourne & Parke LLP ("Chadbourne") as their co-counsel in these chapter 11 cases [Docket No. 243]. This Court considered all pertinent facts in connection with the requested retention, including Chadbourne's disclosures regarding actual and potential conflicts, and determined that the retention of Chadbourne was appropriate under the circumstances. On

{698.001-W0009726.}

February 20, 2009, the Court entered an order authorizing Chadbourne's retention [Docket No. 429] (the "Retention Order").

2. On September 12, 2010, more than eighteen months after Chadbourne's retention was approved, Aurelius Capital Management, LP ("Aurelius") filed a motion to disqualify Chadbourne as co-counsel [Docket No. 5669] (the "Aurelius Motion"). Specifically, the Aurelius Motion asserts that Chadbourne should be disqualified from advising, representing or otherwise acting as legal counsel for the Creditors' Committee in all matters in which it has conflicts of interest, including the upcoming mediation and any potential "LBO-Related Cause of Action" (as defined in the Aurelius Motion).

3. Since the entry of the Retention Order, no new facts have come to light with respect to Chadbourne's retention which would render its role as co-counsel to the Creditors' Committee during the mediation and for an LBO-Related Cause of Action inappropriate. In fact, Aurelius does not allege that any new facts have come to light since the entry of the Retention Order.

4. Furthermore, the disqualification of Chadbourne at this stage would cause a serious disruption in these chapter 11 cases. As previously noted, Chadbourne has served as co-counsel for the Creditors' Committee for over a year and a half and has extensive knowledge of these chapter 11 cases. Disqualifying Chadbourne would deprive the Creditors' Committee of much needed experienced counsel at one of the most crucial moments in these chapter 11 cases.

5. Finally, it should be noted that just five months after the retention of Chadbourne was approved, the Creditors' Committee retained Zuckerman Spaeder LLP ("Zuckerman") as co-counsel to pursue any actions which Chadbourne could not pursue due to the previously disclosed conflicts of interest. Zuckerman has worked closely with Chadbourne and the

Creditors' Committee and will continue to do so throughout the remainder of these chapter 11 cases.

WHEREFORE, for the foregoing reasons, Warner requests that the Court deny the Aurelius Motion and grant such other and further relief as may be just and proper.

Dated:  September 21, 2010               **KIRKLAND & ELLIS LLP**

/s/Edward O. Sassower
James H.M. Sprayregen.
Edward O. Sassower
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800

*Counsel to Warner Bros. Television*