**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hearing Date: Sept. 22, 2010, 1:30 p.m. |
| | ) | Objection Deadline: Sept. 20, 2010 |
| | ) | |
| | ) | Ref. Nos. 5669, 5737 |

**PBGC'S JOINDER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE AURELIUS CAPITAL MANAGEMENT, LP MOTION TO DISQUALIFY CHADBOURNE & PARKE LLP FROM ACTING ON BEHALF OF THE OFFICIAL COMMITTEE IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST**

Pension Benefit Guaranty Corporation ("**PBGC**"), a U.S. government agency and creditor of Tribune Company and its debtor affiliates (collectively, the "**Debtors**"), hereby submits this Joinder to the *Objection of Official Committee of Unsecured Creditors to Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which It Has Conflicts of Interest*, dated September 20, 2010 [Docket #5737] (the "**Objection**").  In support of its Joinder, PBGC respectfully states as follows:

1.  PBGC is a member of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these cases.  PBGC was selected by the Office of the United States Trustee during the formation meeting on December 18, 2008.

2.  PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the defined-benefit pension plan termination insurance

program under Title IV of the Employee Retirement Income Security Act of 1974 ("**ERISA**").[1] PBGC generally becomes trustee of any terminated, underfunded plan, and subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds.

3.     PBGC is the ultimate guarantor of the Debtors' four underfunded defined benefit pension plans (the "**Plans**").  PBGC estimates the aggregate unfunded benefit liabilities of the Plans to be approximately $580 million.

4.     PBGC's claims for unfunded benefit liabilities are contingent upon the termination of one or more of the Plans.  Upon termination of one of the Plans, its contributing sponsor and each member of the contributing sponsor's controlled group become jointly and severally liable to PBGC for the total amount of the Plan's unfunded benefit liabilities.[2]

5.     Over the course of its 35 year history, PBGC has served on numerous Official Committees of Unsecured Creditors in this Court and others across the United States.  Moreover, PBGC participates in every bankruptcy case that involves a defined-benefit pension plan that is covered by Title IV of ERISA.

6.     Chadbourne & Parke LLP's ("**Chadbourne**") team has proven themselves to be highly effective attorneys and counselors from the onset of the case.  They have exhibited the highest level of professionalism and candor at all junctures.  PBGC has never doubted that Chadbourne is fully invested in the Committee's mission to maximize recoveries for all unsecured creditors.

7.     The *Aurelius Capital Management, LP Motion to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee in Matters Which It Has Conflict of Interest* (the "**Motion**") is without basis.  PBGC notes that the Motion was filed immediately

---

[1] 29 U.S.C. §§ 1301-1461 (2006).
[2] 29 U.S.C. § 1362(a), (b); *see* 29 U.S.C. § 1301(a)(18).

before the scheduled start of mediation, 21 months after Chadbourne was retained by the Committee.  PBGC is aware of no wrong-doing by Chadbourne, which fully disclosed its conflicts to the Committee at the onset of the engagement.  Any genuine concern about the Committee's choice of counsel should have been raised much earlier in the case.

8. If a majority of the Committee believes that it is in the best interests of the unsecured creditors to have both Chadbourne and Zuckerman Spaeder represent it in the mediation, then it is completely appropriate for the Committee to so direct its counsel. Individual Committee members have the right to oppose the course of action chosen by the Committee, but there is no basis here for depriving the Committee the assistance of its chosen counsel.

9. Granting the relief requested in the Motion precluding Chadbourne from fully representing the Committee during the upcoming mediation would be highly prejudicial to the Committee.

[This space intentionally left blank.]

10. PBGC hereby joins the Objection and incorporates the arguments and facts stated therein.

WHEREFORE, PBGC respectfully requests that the Court deny the Motion.

Dated:  September 21, 2010  /s/  Frank A. Anderson
Washington, D.C. Kartar S. Khalsa
Assistant Chief Counsel
Frank A. Anderson
Cassandra R. Burton
M. Katie Burgess
Attorneys

PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW
Washington, DC 20005-4026
Telephone:  (202) 326-4020, ext. 3759
Facsimile:   (202) 326-4112
Email: anderson.frank@pbgc.gov and
          efile@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*