# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> TRIBUNE COMPANY, *et al.*, ) <br> ) <br> ) <br> Debtors.[1] ) <br> ) | Chapter 11 <br> Case No. 08-13141 (KJC) <br><br> (Jointly Administered) <br><br> Hearing Date: September 22, 2010 at 1:30 p.m. <br> Related to Docket No. 5669 |

## STATEMENT OF COMMITTEE MEMBER WASHINGTON-BALTIMORE NEWSPAPER GUILD IN SUPPORT OF OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF AURELIUS CAPITAL MANAGEMENT, LP TO DISQUALIFY CHADBOURNE & PARKE LLP FROM ACTING ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN MATTERS IN WHICH IT HAS CONFLICTS OF INTEREST

Washington-Baltimore Newspaper Guild ("Guild"), by and through the undersigned counsel, and a member of the Official Committee of Unsecured Creditors, hereby submits this statement in support of the Objection of Official Committee of Unsecured Creditors to Motion of Aurelius Capital Management, LP to Disqualify Chadbourne & Parke LLP from Acting on Behalf of the Official Committee of Unsecured Creditors in Matters in Which It Has Conflicts of Interest.

1. When the Petition in this case was filed on December 8, 2008, it was already well-known that a central issue looming in the not-too-distant future was the resolution, one way or another, of claims arising out of the Leveraged ESOP transactions. After it was formed, the Committee interviewed a number of potential law firms to serve as its counsel, and selected Chadbourne & Parke to serve in that capacity. The Committee was fully aware at the time that Chadbourne's clientele included JPMorgan Chase & Co., and Merrill Lynch & Co., but these known and limited conflicts were of no moment to the Committee and were overshadowed by

---

[1] The Debtors in these Chapter 11 cases are identified at D.I. No. 1800, pg.1, footnote 1.

the expertise that Chadbourne would bring to this important proceeding. The Committee's choice was approved by the US Trustee and, after disclosing the conflicts, by this Court.

2. Now, almost two years later and long after the Committee retained Zuckerman Spaeder as special counsel, Aurelius has moved to disqualify Chadbourne. Two institutions, which also serve as members of the Committee, have, in their individual capacities, joined in that effort.

3. For its part, the Guild strongly urges this Honorable Court to deny the pending motion. Throughout this proceeding, the Committee and, for that matter, the process have been well-served by the invaluable guidance provided by Chadbourne. Given the lengthy history of this representation, this last-minute maneuver seems to be motivated by a hunch that the Committee, *without* Chadbourne's advice at the table, will take positions in the mediation more favorable to certain parties than it would otherwise. But the positions adopted by the Committee are just that, the *Committee's* positions, after, of course, input from Chadbourne and Zuckerman, plus the Committee's financial advisors, on the web of complex issues that need to be addressed if there is to be a consensual, confirmable plan. In our opinion, this transparent effort to exclude Chadbourne from this part of the proceedings is directly contrary to the will of the Committee of Unsecured Creditors as determined by that body, and should not be countenanced by this Court.

WHEREFORE, the Washington-Baltimore Newspaper Guild respectfully urges this Court to deny the Motion to Disqualify filed by Aurelius.

Dated: September 21, 2010
Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ CPS
Christopher P. Simon (No. 3697)
Michael J. Joyce (No. 4563)
Ryan M. Ernst (No. 4788)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)
mjoyce@crosslaw.com

-and-

Robert E. Paul, Esquire
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue NW, Suite 712
Washington, D.C. 20036-5420
(202) 857-5000 (Telephone)
(202) 223-8417 (Facsimile)
rpaul@zwerdling.com

*Counsel to Washington-Baltimore Newspaper Guild*