# EXHIBIT A

**(Tucker Proofs of Claim)**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| CHICAGO TRIBUNE COMPANY | 08-13152 (KJC) |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)        0000006447

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

### THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 152075040*****
TUCKER, EMERSON
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

Telephone number:            Email Address:

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 08-2156 (BNC)
_(If known)_

Filed on: 3/20/2009

Name and address where payment should be sent (if different from above):

Emerson Tucker #2008-0003014 (Div, 1, G1)
Cook County Jail
P.O. Box 089002
Chicago, Illinois 60608
Telephone number:            Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Your claim is scheduled by the Debtor as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

---

**1. Amount of Claim as of Date Case Filed:** $ 300,000 three hundred thousand

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if the claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

**2. Basis for Claim:** defamation, libel and slander
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** Do not apply
**3a. Debtor may have scheduled account as:** Do not apply
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $ 300,000

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 300,000

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

---

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: See documents in support of Claim

Date:

March 24, 2010

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Defamation Suit

Emerson Tucker   Emerson Tucker

**FOR COURT USE ONLY**

FILED / RECEIVED
MAR 29 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit A

United States District Court
For The District Of New Jersey
Vicinage of Newark

Emerson Tucke, Pro Se : Civil Action no. 08-2156 (DMC

Plaintiff : Hon. Dennis M. Cavanaugh,
: U.S.D.J.

V.

New York Police Department; : A Verified Amended
Detective Dexter Honora : Civil Rights Complaint
Badge #2196; John/Jane : Under Title 42 U.S.C.
Doe #7 and 8; John Doe : Sections 1983, 1985
#4 And 5, N.Y.P.D. : (2)(3) and 1981.
Detective/Supervisor; :
Ray Kelly, Commissioner : Plaintiff Demands
of the N.Y.P.D.; Mike : For A Jury Trial
Palladino, President : of Six (6) under
of the Detectives : Fed. R. Civ. P. 38(a)
Endowment Association :
of the N.Y.P.D.; City :
of New York; New :
York County; Michael :
Bloomberg, Mayor of :
New York City; N.Y.C. :
Department of Corrections; :
Office of District Attorney; :
Robert M. Morgenthan; :

—1—

## Continuation From Defendants.

Thomas J. Dart, Sheriff of Cook County; Cook County, Illinois, an Illinois Municipal Corporation; Rod R. Blagojevich, former Governor of the State of Illinois; Chicago Sun-Times Newspaper; Chicago Tribune Newspaper; The Star-Ledger Newspaper of Newark, N.J.; The New York Times Newspaper; The New York Daily Newspaper; CBS Television News Broadcast; ABC Television News Broadcast; NBC Television Broadcast; and CNN Cable News Network and New York Post Defendants.

## First Amended Complaint

Plaintiff, Emerson Tucker (" Hereinafter referred to as Plaintiff")

## Continuation From Defendants.

Martin Horn, Commissioner of N.Y.C. Dept. of Corr.; John/Jane Doe #1 to 2, officers of N.Y.C. Dept. of Corr.; Civilian Complaint Review Board ("C.C.R.B."); Eliot Spitzer, former Governor of the State of New York; Sherman Hotel; City of Brooklyn; Kings County, New York; City of Newark; Police Department of Newark, N.J.; Essex County; Margo Green, a License Day-care provider of the State of New Jersey; The Day-Care Center of Margo Green; Jon Corzine, Governor of the State of New Jersey; City of Chicago; Chicago Police Department; Jody P. Weiss, Superintendent of C.P.D.; Chicago Police Detectives John Climack Badge #20509 and Carlo; Erika Martinez, Journalist;

## Count IV

(Against Chicago Sun-Times Newspaper;
Chicago Tribune Newspaper; the Star-
Ledger newspaper of Newark, N.J.; the
New York Times newspaper; New York
Daily newspaper; New York Post
Newspaper and its Journalist Erika
Martinez; CBC Television news Broadcast;
ABC Television news Broadcast; NBC
Television Broadcast; CNN Cable news
Network; the New York Police Department;
the office of the District Attorney, New
York; and N.Y.P.D. Det. Dexter Honora in
their individual and Official capacities)

165. Plaintiff realleges and
incorporates paragraphs 1-7, 9, 43-51,
53-54, 55-58 above as stated fully herein.

166. Plaintiff States that he was
label ("Serial Killer") by the News papers and media
because of he are a member of the
black race on the date after his arrest
on May 15, 2007 and up until about May 19,
2007. Specifically, the Defendants' Chicago
Sun-Times newspaper; the Chicago Tribune
newspaper; the Star-Ledger newspaper of
Newark; the New York Times newspaper; the New

-122-

York Post newspaper, the Ne
news, CBS T.V. station, NBC
CNN Cable news Network hac
in their news papers arti
Stations that plaintiff is a
was blaming him of committi
State Crime(s). An example, c
the plaintiff had appeared a
N.Y.C. attorney Maher in the
in Manhattan, N.Y. and he S
the newspaper and media had de
Saying that he is a Serial kilr

167. While at that
hearing on May 18, 2007, ther
Stated in open Court to the
there that the arresting Detec
or the Office of the Distric
media Department had leak -
information to the media
alike, whereby they label
Killer. See exhibit # 67

168. As a result c
being label a serial Kille
the newspapers, the Distric
Office and Det. Honora, then
of 2007, he was thereafte
from 100 Center Street ("Tc

Island Jail/C.M.C./G.R.V.C., for which was for his own protection that he have received in May 2007. See exhibit #67. However, plaintiff was not Due Processed upon him being transferred there ("Riker Island Jail").

169. That as a result of the Defendants' Chicago Sun-Times News papers, Chicago Tribune News paper, the Star-Ledger News paper of Newark, N.J., the New York Times News paper, the New York Daily News paper, CBS Television News Broadcast, ABC Television News Broadcast, NBC Television Broadcast and CNN Cable News Network Publishing in their news paper articles and Television Stations that the plaintiff are a "Serial Killer in which was not "true" on or about the dates of May 14, 15, 16, 17, 18, 19, 2007 and on other dates thereafter, then he has "Sustained" actual injury in the form of defamation of character, damages to his good reputation, an immediate threat of danger to the life, liberty and the interference with his relationships with females, with his lifestyle, with

any jobs that he may get in the public/ Community and with his small business plans that he was about to set up as a "Black Man." This was did to plaintiff in violation of his rights under the privacy Act of New York State, When these Defendants as mention in this count have all trampled upon his Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. See exhibit # 67, 63.

170. By the Defendants' New York Police Department, N.Y.P.D. Detective Dexter Honora, District Attorney and its/their media Department have all acted in concert and in conspiracy to leak false information about his arrest on May 14, 2007, for the Crime of murder in 2003 and in Manhattan, New York. These Defendants had all acted with malice by leaking to the news papers and media people that the plaintiff are a "Serial killer" which in turn caused all or most of the news papers and Televison Stations, including the defendants mention in the above

paragraph #169 to say the
articles and on their Telev
too. Plaintiff further stat
words reported in their ar
Stations that he is a "Seri
murderer amount to a st
under the law punishable
Imprisonment or death, —
had no credible evidence
his Fourteenth Amendme
exhibit #67. See also c

171. In reporting —
of the plaintiff on May
those defendants as ment
paragraph #166 have f
any follow up reports, n
articles or T.V. reports
Jury" in New York City
"No True Bill" and no I.
May 18, 2007, for the cr
in which he was false
of after he was kid
Newark, New Jersey
here to New York City
will and without his co
he being black. See ex

-126-

172. Plaintiff also states that Defendants reported their false stories about him because of he are a member of the black race, but similarly situated White people and immigrants who get arrested for murder and yet they are never called a serial killer." For instance, on or about August 8, 2007 there were six illegal immigrants who were accused not label a "Serial Killer" of murdering three young promising black college kids in a Newark, N.J. Schoolyard, by the police, the news papers or the media because of they was not a "black man" like himself. See exhibit # 49. See also exhibit #110.

173. On information and belief, another individual name Terry Oleson Story was reported in an article in the New York Post, dated October 22, 2007 and who the plaintiff believe was non-black was accuse of murdering five (5) prostitutes, and that he was not called a serial killer by the News papers and media alike

See exhibit # 59.

174. Plaintiff States that are these John/Jane Does Reporters/ Journalist, as well as the news papers and media people above the law, and could they all be held libel, Slander and defamation of his good reputation? See exhibit # 63 and 67.

175. On information and belief, the source being a Story reported in a New York City news paper See the attach exhibit # 63, where it was mention there about a 2005 leak of the "NSA" terrorist Surveillance program and the 2003 exposure of Valerie Plame's "CIA" Status, by some reporters too. See exhibit # 63.

176. On information and belief, the source being another reported Story in that same paper that led to a journalist name Judith Miller of the New

128

York Times being put ir
Court for 85 days, until
the identity of her con-
Source: "Scooter Libby."

177. On informat
belief, the source bei
another Story reportec
same news paper a-
Steven Hatfill, who r
bioterrorism expert -
the media as a sus
anthrax attacks of
killed five people.
# 63

178. Mr. Hatfill
had filed a civil su
the goverment too fc
his rights under the
for it also trampl
constitutional right-
exhibit # 63

179. Plaintiff -
that like Mr. Stev-
that his good name
where false inforr
reported about his

-129-

that his pictures were put in all the news papers and on most of the Television Stations all throughout the United States of America because of this bad lead too by Defendants' N.Y.P.D., office of District Attorney's media Department and Detective Dexter Honora for which have damaged his good name and reputation too.

180. More importantly, in an clusive New York Post news paper article written by journalist Erika Martinez that is dated June 4, 2007, for which was wrote about three (3) weeks after plaintiff falsely arrest and imprisonment, then she had reported another story similar like his out of that same "Cold Case Squad" precinct number 84, where she too label still another person as an international Serial Killer. See exhibit #11. see also exhibit#67.

181. In that same reported case on June 4, 2007, then Mrs. Martin had failed to mention too about the plaintiff's false arrest on May 14, 2007, his no True bill on May 18, 2007 and thus from that same "Cold Case Squad" Precinct #84. Mrs. Martinez indeed did not mention to plaintiff's case

because after she further investigated it, then she found out that there was no indictment return against him on May 18, 2007, and that the six (6) year old case was fabricated with an affidavit for an arrest warrant of Detective Dexter Honora after he had illegally transported him across state lines, and by him along with other N.Y. Police Officials and the office of the District Attorney's office whom were all acting in conspiracy in order to cover-up Police misconduct and his kidnapping arrest. See exhibit #10 and 67.

182. There was still another case reported in the New York Past newspaper dated October 25, 2007, by journalist Ikimulisa Livingston who mention in his story that a man was acquitted after being charge with a 27 year old murder crime which the "Cold Case Squad" Detectives had also put on him like they did plaintiff. See exhibit #12, See also exhibit #11

183. Base upon information and belief, the source being the above

mention two (2) New York Post newspaper articles by journalists' Erika Martinez or Ikimulisa Livingston, then the plaintiff reasonably believe that either one of those reporters was the ones contacted by N.Y.P.D. Detectives Dexter Honora and John Doe #7, as well as by the Office of District Attorney's media Department to leak indeed false information to them about him and his arrest, whereby they conspired together to label him a "Serial Killer". See exhibit # 67.

184. Either the Defendants' Chicago Sun-Times newspaper; Chicago Tribune news paper, the Star-Ledger newspaper; the New York Post and their journalists' Erika Martinez and Ikimulisa Livingston; the New York Times; the New York Daily news; CBS Television Station; ABC Television Station; NBC Television Station and CNN Cable Station all knew or reasonably should have known that by them labeling plaintiff a Serial Killer in their reported newspaper articles and on their Television Station

-132-

reports, then they were facilitating a libel, slander and defamation of his good character and reputation in the public and the community too, thereby violating his rights to privacy under both state and federal law. Exhibit 123.

185. Plaintiff states too that all these Defendants as mention in the above paragraph #166 have acted in deliberate indifferenc to his safety when they label him as a killer ("serial") due to he being black, while at the same time they label similarly situated white people whom are suspects in murders as just "suspects" only, thereby violating his rights under the equal protection clause of the Fourteenth Amendment to the united States Constitution. See exhibit #11, 59 and 110. Aslo exhibit 49, 61

186. By Defendants' Chicago Sun-Times newspaper; Chicago Tribune newspaper; the Star-Ledger newspaper; New York Post newspaper; Journalists' Erika Martinez and Ikimulisa Livingston; the New York Times; the

New York Daily news; CBC T.V. Station;
ABC T.V. Station; NBC T.V. Station
and CNN Cable Network T.V. Station
executing a pattern, practice, custom
and/or policy concerning broadcasting/
publishing/printing articles in their
news papers and on their Television
Stations that labels members of the
black race a serial killer, when they
become suspects in murders or
multi-crimes (See the attach Drew Peterson
article, as exhibit #110), thereby violating
their rights to privacy under the Due
Process and Equal Protection clauses
of the Fourteenth Amendment to the
united states Constitution. Also exhibit # 59.

    187. That the aforesaid actions
on the part of these defendants' as
mention in this count IV, have amount
to a libel, slander and the defamation
of plaintiff's good character, and the
denial of him his rights to the invasion
of his privacy and the equal protection
under the Fourteenth Amemdment. See
also exhibit # 67, 101 and 102.

    Wherefore, Plaintiff prays for
an order granting him the following

relief:

(a) Nominal damages against each Defendant as mention herein in this count IV of the complaint, and in an amount to be determined at trial;

(b) Actual damages against each Defendant mention herein in this count IV of the complaint, and in an amount to be determined at trial;

(c) Special damages against each Defendant mention herein in this count IV of the complaint, and in the amount to be determined at trial;

(d) treble damages against each Defendant mention herein in this count IV of the complaint, and in an amount to be determined at trial;

(e) Compensatory damages

-135-

against all Defendants, as Plaintiff stated above in both their individual and officials, and in the amount of $50,000,000 Fifty (50) million dollars; and

(f) Punitive damages for pain and suffering against all Defendants, as Plaintiff above in both their individual and official capacities, and in the amount of $50,000,000 Fifty (50) million dollars; and

(g) Costs, an attorney Fees pursuant to the Civil Rights Attorney Fees Acts, 42 U.S.C. Section 1988, and any other relief this court deems appropriate.

# Exhibit B

| CORRECTION DEPARTMENT CITY OF NEW YORK | OFFICE OF THE CHIEF OF INTELLIGENCE | FORM OD/SM2 REV. 9/27/95 |
|---|---|---|

## REVIEW OF C.M.C. DESIGNATION   31/07

### SECTION A - INMATE INFORMATION

| LAST NAME **TUCKER** | FIRST NAME **EMERSON** | ALIAS |
|---|---|---|
| BOOK & CASE NUMBER **349-07-08916** | N.Y.S.I.D. NUMBER **5544439y** | PRESENT FACILITY **GRVC** |
| TYPE OF HOUSING **MAX** | DATE OF C.M.C. DESIGNATION **5/21/2007** | TELETYPE ORDERS NO. |

### SECTION B - REASON(S) FOR C.M.C.

## SUBJECT RECEIVED MEDIA ATTENTION AS THE SUSPECT SERIAL KILLER.

### SECTION C - NOTICE TO INMATE

THIS IS TO INFORM YOU THAT:

1. YOUR CASE WILL BE REVIEWED NOT LATER THAT FOUR (4) WEEKS FOR DETENTION INMATES OR EIGHT (8) WEEKS FOR SENTENCED INMATES FROM THE DATE OF THIS DETERMINATION, AT THAT TIME, YOU WILL RECEIVE A WRITTEN NOTIFICATION OF THAT DETERMINATION.

2. YOU MAY APPEAL THE DEPARTMENTS'S DECISION TO THE CHIEF OF INTELLIGENCE UNIT OR DIRECTLY TO THE COMMISSIONER.   YOUR APPEAL MUST BE SUBMITTED IN WRITING VIA THE UNITED STATES MAIL, ADDRESSED IN THE FOLLOWING MANNER:

N.Y.C. DEPARTMENT OF CORRECTION
INTELLIGENCE UNIT                                    OR
TRAILER 1, MANDANICI ROAD
E. ELMHURST, N.Y. 11370

N.Y.C. DEPARTMENT OF CORRECTION
COMMISSIONER OF CORRECTION
60 HUDSON STREET, 6th FLOOR
NEW YORK, N.Y. 10013

3. YOU WILL RECEIVE A RESPONSE TO YOUR APPEAL REQUEST WITHIN:

A. ASSISTANT CHIEF OF INTELLIGENCE UNIT - SEVEN (7) DAYS EXCLUDING WEEKENDS AND HOLIDAYS.

B. COMMISSIONER - FIFTEEN (15) DAYS EXCLUDING WEEKENDS AND HOLIDAYS.

I CERTIFY THAT I HAVE RECEIVED A COPY OF THIS NOTICE AT ____ HRS. ON ____
TIME                    DATE

| WITNESSED BY (SUPERVISORY EMPLOYEE'S SIGNATURE *Carr Othie #461* | INMATES'S SIGNATURE |
|---|---|

### SECTION D - O.S.U. RECOMMENDATION

| RECOMMENDED BY CAPTAIN O.S.U. | DATE OF RECOMMENDATION May 29, 2007 | RECOMMENDATION: X CONTINUE DESIGNATION __ DISCONTINUE |
|---|---|---|

### SECTION E - REVIEW

| REVIEW BY Patrick Walsh CHIEF OF SPECIAL OPERATIONS | DATE OF REVIEW May 29, 2007 | DISPOSITION: X CONTINUE DESIGNATION __ DISCONTINUE |
|---|---|---|

DISTRIBUTION

1. CHIEF OF DEPARTMENT
2. CHIEF OF SECURITY
3. O.S.U.

4. HOLDING FACILITY
5. INMATE'S C.M.C. RECORDS
6. SERVICE TO THE INMATE

# Exhibit C

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON TUCKER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **ORDER** |
| v. | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, *et. al* | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions to dismiss by Defendants; the New York City Department of Corrections; the Civilian Complaint Review Board; the Police Department of the City of New York; Essex County, New Jersey; the City of New York; Mike Bloomberg, the Mayor of the City of New York; Ray Kelly; Kings County, New York; Martin Horn; the Commissioner of New York City Department of Corrections; and the borough of Brooklyn (collectively the "Government Defendants")[1]; and the Court having reviewed the Government Defendants' submissions;

**WHEREFORE** Plaintiff's claims against Defendants were dismissed with prejudice pursuant 28 U.S.C. 1915(e)(2) in this Courts' October 18, 2008 Opinion and Order;

---

[1] The motions to dismiss at issue have been filed by the Government Defendants who were previously dismissed pursuant to this Court's October 18, 2008 Opinion and Order. Motions to dismiss have also been filed by Defendants, ABC Television News Broadcast, the New York Times, the New York Post, the New York Daily Newspaper, and the Star-Ledger (collectively the "Media Defendants"). The Media Defendants were not dismissed by this Court's October 18, 2008 Opinion and Order. Therefore, these motions to dismiss must be dealt with substantively and will be dealt with at a later time.

Anita Alverz, District Attorney, Cook County; Unidentified John/Jane Does of Chicago; and Thomas

Dart are **dismissed**.

Dennis M. Cavanaugh, U.S.D.J.

Orig.:      Clerk
cc:        All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File

## Orders on Motions

2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 8/31/2009 at 5:37 PM EDT and filed on 8/31/2009
**Case Name:**        TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**      2:08-cv-2156
**Filer:**
**Document Number:** 96

**Docket Text:**
**ORDER terminating [80] Motion to Dismiss; terminating [88] Motion to Dismiss; terminating [91] Motion to Dismiss; and dismissing various defts., etc., Signed by Judge Dennis M. Cavanaugh on 8/31/09. (dc, )**

**2:08-cv-2156 Notice has been electronically mailed to:**

ALAN R. RUDDY      aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE      bgvandeweghe@hhlaw.com

BRUCE S. ROSEN      brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN      edollin@law.nyc.gov

JOHN BOATNER NANCE      nancejo@ci.newark.nj.us

KEITH J. MILLER      kmiller@rwmlegal.com

MICHAEL LOUIS BERRY      mberry@lskslaw.com

ROBERT D BALIN      robbalin@dwt.com

**2:08-cv-2156 Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

CM/ECF LIVE - U.S. District Court for the District of New Jersey                    Page 2 of 2

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=8/31/2009] [FileNumber=3645402-0
] [63a4661032c2eff3f68b5cd5ca2bf4954b1909c8359735d2ce837739c8a244a540d
3ff3cfc517793c1cbd3652a60b9e519fc3ec0299b7921264bf441065e716f]]

```
MIME-Version:1.0
From:njdefiling@njd.uscourts.gov
To:ecfhelp@localhost.localdomain
Bcc:
--Case Participants: ROBERT D BALIN (robbalin@dwt.com), JAMES MARTIN BENNETT
(james.bennett@dol.lps.state.nj.us), MICHAEL LOUIS BERRY (mberry@lskslaw.com),
ELIZABETH WIZEMAN DOLLIN (edollin@law.nyc.gov), KEITH J. MILLER
(kmiller@rwmlegal.com), THEODORE J. MLYNAR (mferrara@hhlaw.com, tjmlynar@hhlaw.com,
ttnguyen@hhlaw.com), JOHN BOATNER NANCE (nancejo@ci.newark.nj.us), BRUCE S. ROSEN
(brosen@marc-law.com), ALAN R. RUDDY (aruddy@counsel.essexcountynj.org,
csweat@counsel.essexcountynj.org), RUTH V. SIMON (mmolina@clausen.com,
rsimon@clausen.com), BART G. VAN DE WEGHE (bgvandeweghe@hhlaw.com), Judge Dennis M.
Cavanaugh (njdnef_cavanaugh@njd.uscourts.gov), Magistrate Judge Mark Falk
(njdnef_falk@njd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<4008981@njd.uscourts.gov>
Subject:Activity in Case 2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT
et al Order on Motion for Preliminary Injunction
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 2/24/2010 at 3:53 PM EST and filed on 2/23/2010
**Case Name:**        TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**      2:08-cv-02156-DMC-MF
**Filer:**
**WARNING: CASE CLOSED on 02/23/2010**
**Document Number:** 133

**Docket Text:**
**ORDER denying [37] Motion for Preliminary Injunction; denying [37] Motion to Amend/Correct; denying [37] Motion for Extension of Time to Answer ; finding as moot [105] Motion for Default Judgment \*\*\*CIVIL CASE TERMINATED; granting [106] Motion to Dismiss \*\*\*CIVIL CASE TERMINATED; granting [110] Motion to Dismiss for Lack of Jurisdiction \*\*\*CIVIL CASE TERMINATED; that the Clerk of Court is directed to ADMINISTRATIVELY TERMINATE this action pending the conclusion of the criminal proceedings in Illinois; this matter may be reinstated upon motion of any pty. w/in 90**

Case 08-13141-BLS   Doc 5786-2   Filed 09/22/10   Page 30 of 106
CM/ECF LIVE - U.S. District Court for the District of New Jersey-Display Receipt

Page 2 of 2

days of the conclusion of the criminal matter.. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY     aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE     bgvandeweghe@hhlaw.com

BRUCE S. ROSEN     brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN     edollin@law.nyc.gov

JAMES MARTIN BENNETT     james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE     nancejo@ci.newark.nj.us

KEITH J. MILLER     kmiller@rwmlegal.com

MICHAEL LOUIS BERRY     mberry@lskslaw.com

ROBERT D BALIN     robbalin@dwt.com

RUTH V. SIMON     rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR     tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/24/2010] [FileNumber=4008979-0
] [6e5e90ac899c743e484178d27597021485f880b9f3f7b7d627a02fb75983ca8e97f
f6eed8f08a2a87f8699827c693b4b28eee0fd40701e66924766cde454b89a]]

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMERSON TUCKER, | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **ORDER** |
| NEW YORK POLICE DEPARTMENT, *et. al* | : | Civil Action No. 08-CV-2156 (DMC) |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motions by *pro se* Plaintiff Emerson Tucker ("Plaintiff"), and motions by Defendants Pat Quinn, the Chicago Police Department, Detective Honora; the Court having reviewed the parties' submissions; and for reasons set forth in its Opinion issued this day;

IT IS on this __23rd__ day of February, 2010;

**ORDERED** that Plaintiff's renewed motion for a preliminary injunction and/or temporary restraining order is **denied**; and it is further

**ORDERED** that Plaintiff's motion for leave to amend his complaint to add a claim for denial of medical treatment during his pre-trial detention in New York and Illinois is **denied**; and it is further

**ORDERED** that Plaintiff's motion for an extension of time to serve his Amended Complaint upon various defendants is **denied without prejudice**; and is it further

ORDERED that Plaintiff's motion to amend his Amended Complaint to substitute Detective Stephano Braccini for "Detective Stevens" and/or "John Doe #7" is **denied without prejudice**; and it is further

ORDERED that Defendant Pat Quinn's motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction is **granted**; and it is further

ORDERED that Defendant Chicago Police Department's motion to dismiss for failure to state a claim is **granted**; and it is further

ORDERED that Defendant Detective Honora's motion to stay this matter pending the outcome of Plaintiff's parallel criminal proceedings, which are ongoing in New York and Illinois, is **granted**; and it is further

ORDERED that the motions appearing at the following docket entry numbers are hereby terminated: 37, 105, 106, 110; and it is further

ORDERED that the Clerk of Court is directed to administratively terminate this action pending the conclusion of the criminal proceedings in Illinois; and it is further

ORDERED that this matter may be reinstated upon motion of any party within (90) days of the conclusion of the criminal matter.

S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:       Clerk's Office
cc:             All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File

## Other Orders/Judgments

2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 2/24/2010 at 3:27 PM EST and filed on 2/23/2010
**Case Name:**      TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**    2:08-cv-02156-DMC-MF
**Filer:**
**Document Number:** 131

**Docket Text:**
**OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY    aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/24/2010] [FileNumber=4008757-0
] [84dd612da09908e4e03d292106c06d5ca59d2be6a4a717b30e5a45f2f93a3e295cf
96555dce2387acc1aa51f804b4eeec3b952236e3793ec4dc5cb93ab41977b]]

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMERSON TUCKER, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, *et. al* | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon motions of Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"), NYP Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co., and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the "Media Defendants").[1] The Media Defendants move to dismiss *pro se* Plaintiff Emerson Tucker's claims for defamation, libel, slander and for violations of 1983 and a New York privacy statute.

  For the reasons stated below, the Media Defendants' motions are **granted.**

---

[1] For the same reasons, the Court will also dismiss Plaintiff's claims against CBS Television News Broadcast, CNN Television News Broadcast, Chicago Sun-Times Newspaper the Chicago Tribune Company and the Chicago Tribune Newspaper (the Tribune filed a notice of bankruptcy on September 6, 2009).

# I. BACKGROUND

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois. Plaintiff alleges that on or about May 14, 2007, while he was in Newark, New Jersey, he was illegally abducted by police officers of the New York Police Department.[2] Plaintiff asserts various claims against individuals, government entities and media companies for conduct related to his arrest in New Jersey by officers of the New York City Police Department.

Plaintiff alleges that the Media Defendant news organizations, acted in concert with one another and conspired with the New York Police Department to defame, libel, and slander him by calling him a "serial killer" following his arrest. He also asserts violations of 42 U.S.C. § 1983, and a New York privacy statute.

Previously, this Court dismissed Plaintiff's claims against the Media Defendants, finding that these claims were improperly joined with the other claims asserted, because "[a]ll other claims which will proceed here share common questions of law and fact regarding the lawfulness of Plaintiff's arrest and detention." The claims against the media Defendants, however, do not share common questions of law and fact, and in accordance with FED. R. CIV. P. 20(a)(2), were dismissed.

## II. APPLICABLE LAW

Rule 20(a)(2) covers the permissive joinder of defendants in civil actions. Persons may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

---

[2] The Court recited Plaintiff's allegations in more detail in <u>Tucker v. New York Police Dep't</u>, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008). Here, the Court only references the facts pertinent to this opinion.

Anita Alverz, District Attorney, Cook County; Unidentified John/Jane Does of Chicago; and Thomas

Dart are **dismissed**.

Dennis M. Cavanaugh, U.S.D.J.

Orig.:     Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File

3

Case 08-13141-BLS   Doc 5786-2   Filed 09/22/10   Page 38 of 106
CM/ECF LIVE - U.S. District Court for the District of New Jersey

Page 1 of 2

## Orders on Motions

2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 8/31/2009 at 5:37 PM EDT and filed on 8/31/2009

**Case Name:**     TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**   2:08-cv-2156
**Filer:**
**Document Number:** 96

**Docket Text:**
**ORDER terminating [80] Motion to Dismiss; terminating [88] Motion to Dismiss; terminating [91] Motion to Dismiss; and dismissing various defts., etc., Signed by Judge Dennis M. Cavanaugh on 8/31/09. (dc, )**

**2:08-cv-2156 Notice has been electronically mailed to:**

ALAN R. RUDDY     aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE   bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

**2:08-cv-2156 Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=8/31/2009] [FileNumber=3645402-0
] [63a4661032c2eff3f68b5cd5ca2bf4954b1909c8359735d2ce837739c8a244a540d
3ff3cfc517793c1cbd3652a60b9e519fc3ec0299b7921264bf441065e716f]]

```
MIME-Version:1.0
From:njdefiling@njd.uscourts.gov
To:ecfhelp@localhost.localdomain
Bcc:
--Case Participants: ROBERT D BALIN (robbalin@dwt.com), JAMES MARTIN BENNETT
(james.bennett@dol.lps.state.nj.us), MICHAEL LOUIS BERRY (mberry@lskslaw.com),
ELIZABETH WIZEMAN DOLLIN (edollin@law.nyc.gov), KEITH J. MILLER
(kmiller@rwmlegal.com), THEODORE J. MLYNAR (mferrara@hhlaw.com, tjmlynar@hhlaw.com,
ttnguyen@hhlaw.com), JOHN BOATNER NANCE (nancejo@ci.newark.nj.us), BRUCE S. ROSEN
(brosen@marc-law.com), ALAN R. RUDDY (aruddy@counsel.essexcountynj.org,
csweat@counsel.essexcountynj.org), RUTH V. SIMON (mmolina@clausen.com,
rsimon@clausen.com), BART G. VAN DE WEGHE (bgvandeweghe@hhlaw.com), Judge Dennis M.
Cavanaugh (njdnef_cavanaugh@njd.uscourts.gov), Magistrate Judge Mark Falk
(njdnef_falk@njd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<4008981@njd.uscourts.gov>
Subject:Activity in Case 2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT
et al Order on Motion for Preliminary Injunction
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.**

## U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 2/24/2010 at 3:53 PM EST and filed on 2/23/2010
**Case Name:**      TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**    2:08-cv-02156-DMC-MF
**Filer:**
**WARNING: CASE CLOSED on 02/23/2010**
**Document Number:** 133

## Docket Text:
**ORDER denying [37] Motion for Preliminary Injunction; denying [37] Motion to
Amend/Correct; denying [37] Motion for Extension of Time to Answer ; finding as moot
[105] Motion for Default Judgment \*\*\*CIVIL CASE TERMINATED; granting [106] Motion
to Dismiss \*\*\*CIVIL CASE TERMINATED; granting [110] Motion to Dismiss for Lack of
Jurisdiction \*\*\*CIVIL CASE TERMINATED; that the Clerk of Court is directed to
ADMINISTRATIVELY TERMINATE this action pending the conclusion of the criminal
proceedings in Illinois; this matter may be reinstated upon motion of any pty. w/in 90**

**days of the conclusion of the criminal matter.. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY    aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/24/2010] [FileNumber=4008979-0
] [6e5e90ac899c743e484178d27597021485f880b9f3f7b7d627a02fb75983ca8e97f
f6eed8f08a2a87f8699827c693b4b28eee0fd40701e66924766cde454b89a]]

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EMERSON TUCKER, | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **ORDER** |
| NEW YORK POLICE DEPARTMENT, *et. al* | : | Civil Action No. 08-CV-2156 (DMC) |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motions by *pro se* Plaintiff Emerson Tucker ("Plaintiff"), and motions by Defendants Pat Quinn, the Chicago Police Department, Detective Honora; the Court having reviewed the parties' submissions; and for reasons set forth in its Opinion issued this day;

IT IS on this __23rd__ day of February, 2010;

**ORDERED** that Plaintiff's renewed motion for a preliminary injunction and/or temporary restraining order is **denied**; and it is further

**ORDERED** that Plaintiff's motion for leave to amend his complaint to add a claim for denial of medical treatment during his pre-trial detention in New York and Illinois is **denied**; and it is further

**ORDERED** that Plaintiff's motion for an extension of time to serve his Amended Complaint upon various defendants is **denied without prejudice**; and is it further

**ORDERED** that Plaintiff's motion to amend his Amended Complaint to substitute Detective Stephano Braccini for "Detective Stevens" and/or "John Doe #7" is **denied without prejudice**; and it is further

**ORDERED** that Defendant Pat Quinn's motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction is **granted**; and it is further

**ORDERED** that Defendant Chicago Police Department's motion to dismiss for failure to state a claim is **granted**; and it is further

**ORDERED** that Defendant Detective Honora's motion to stay this matter pending the outcome of Plaintiff's parallel criminal proceedings, which are ongoing in New York and Illinois, is **granted**; and it is further

**ORDERED** that the motions appearing at the following docket entry numbers are hereby terminated: 37, 105, 106, 110; and it is further

**ORDERED** that the Clerk of Court is directed to administratively terminate this action pending the conclusion of the criminal proceedings in Illinois; and it is further

**ORDERED** that this matter may be reinstated upon motion of any party within (90) days of the conclusion of the criminal matter.

S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:        Clerk's Office
cc:              All Counsel of Record
                 The Honorable Mark Falk, U.S.M.J.
                 File

## Other Orders/Judgments

2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 2/24/2010 at 3:27 PM EST and filed on 2/23/2010
**Case Name:** TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:** 2:08-cv-02156-DMC-MF
**Filer:**
**Document Number:** 131

**Docket Text:**
**OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY    aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/24/2010] [FileNumber=4008757-0
] [84dd612da09908e4e03d292106c06d5ca59d2be6a4a717b30e5a45f2f93a3e295cf
96555dce2387acc1aa51f804b4eeec3b952236e3793ec4dc5cb93ab41977b]]

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMERSON TUCKER, | : |
| Plaintiff, | : |
| v. | : |
| NEW YORK POLICE DEPARTMENT, *et. al* | : |
| Defendants. | : |

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 08-CV-2156 (DMC)

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions of Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"), NYP Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co., and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the "Media Defendants").[1]  The Media Defendants move to dismiss *pro se* Plaintiff Emerson Tucker's claims for defamation, libel, slander and for violations of 1983 and a New York privacy statute.

For the reasons stated below, the Media Defendants' motions are **granted**.

---

[1] For the same reasons, the Court will also dismiss Plaintiff's claims against CBS Television News Broadcast, CNN Television News Broadcast, Chicago Sun-Times Newspaper the Chicago Tribune Company and the Chicago Tribune Newspaper (the Tribune filed a notice of bankruptcy on September 6, 2009).

# I. **BACKGROUND**

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois. Plaintiff alleges that on or about May 14, 2007, while he was in Newark, New Jersey, he was illegally abducted by police officers of the New York Police Department.[2] Plaintiff asserts various claims against individuals, government entities and media companies for conduct related to his arrest in New Jersey by officers of the New York City Police Department.

Plaintiff alleges that the Media Defendant news organizations, acted in concert with one another and conspired with the New York Police Department to defame, libel, and slander him by calling him a "serial killer" following his arrest. He also asserts violations of 42 U.S.C. § 1983, and a New York privacy statute.

Previously, this Court dismissed Plaintiff's claims against the Media Defendants, finding that these claims were improperly joined with the other claims asserted, because "[a]ll other claims which will proceed here share common questions of law and fact regarding the lawfulness of Plaintiff's arrest and detention." The claims against the media Defendants, however, do not share common questions of law and fact, and in accordance with FED.R.CIV.P. 20(a)(2), were dismissed.

## II. **APPLICABLE LAW**

Rule 20(a)(2) covers the permissive joinder of defendants in civil actions. Persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

---

[2] The Court recited Plaintiff's allegations in more detail in <u>Tucker v. New York Police Dep't</u>, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008). Here, the Court only references the facts pertinent to this opinion.

series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In the context of prisoner actions, a *pro se* plaintiff may not join in one case all defendants against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .

> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George, 507 F. 3d at 607; Garcia v. Union City Police Dep't, 2009 U.S. Dist. LEXIS 28455, at *9-10 (D.N.J. Apr. 1, 2009). A "buckshot" complaint is precisely what this Court is faced with, as Plaintiff asserted a litany of claims against upwards of fifty defendants.

## III. DISCUSSION

Th Court finds that Plaintiff's claims against the Media Defendants are not properly joined in this action. As the Court previously explained in its November 18, 2008 Opinion, the accuracy of news organizations' reporting regarding Plaintiff's criminal record, and status as a suspect in various criminal matters, present completely distinct factual and legal questions from Plaintiff's numerous underlying claims (e.g., false arrest, false imprisonment, violations of the Equal Protection clause). Accordingly, Plaintiff's claims against the Media Defendants are dismissed.

-3-

## IV. <u>CONCLUSION</u>

The Media Defendants' motions to dismiss the claims of Plaintiff Emerson Tucker are

**granted**.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:           February __23__, 2010
Original:       Clerk's Office
cc:             All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File

## Orders on Motions
2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 2/24/2010 at 3:42 PM EST and filed on 2/23/2010
**Case Name:**       TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**     2:08-cv-02156-DMC-MF
**Filer:**
**Document Number:** 132

**Docket Text:**
**ORDER granting [74] Motion to Dismiss ; granting [79] Motion to Dismiss ; granting [81] Motion to Dismiss ; granting [86] Motion to Dismiss ; granting [87] Motion to Dismiss ; granting [97] Motion to Dismiss. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY       aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN     brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN     edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014

COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/24/2010] [FileNumber=4008878-0
] [ab19638c388ffd50ee3af152ac52d2fbfd365e2dd2e44a1a9fa15bd058fd5b8c308
7cbdb3b1b4923b4930cbb93fab1afaa9061c93df1086e6dad56321ea85e2c]]

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EMERSON TUCKER,                       :

                                      :

                                      :          **Hon. Dennis M. Cavanaugh**

Plaintiff,                            :

                                      :                   **ORDER**

v.                                    :

                                      :          Civil Action No. 08-CV-2156 (DMC)

NEW YORK POLICE DEPARTMENT,           :
*et. al*                              :

                                      :

Defendants.                           :

                                      :

---

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter, having come before the Court upon motions to dismiss the claims of *pro se*

Plaintiff Emerson Tucker, by Daily News, L.P. (incorrectly sued as "The New York Daily

Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American

Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"),  NYP

Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co.,

and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the

"Media Defendants"); the Court having reviewed the parties' submissions; and for reasons set forth

in its Opinion issued this day;

IT IS on this __23rd__ day of February, 2010;

**ORDERED** that the Media Defendants' motions to dismiss Plaintiffs claims are granted, and

it is further,

**ORDERED** that the motions appearing at the following docket entry numbers are hereby terminated:  74, 79, 81, 86, 87, 97.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:        Clerk's Office
cc:              All Counsel of Record
                 The Honorable Mark Falk, U.S.M.J.
                 File

## Other Orders/Judgments
2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 2/23/2010 at 8:20 PM EST and filed on 2/23/2010
**Case Name:**        TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**      2:08-cv-02156-DMC-MF
**Filer:**
**Document Number:** 130

**Docket Text:**
**OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY    aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/23/2010] [FileNumber=4006319-0
] [3783c8eeed667ad6ac4fe99c111a7bdccbc9b2193d7f3d71f58b272a0a458054284
a39f045b0435eab15c06659159e5c0347aa710d9dc96b3307fb06bc001e66]]

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMERSON TUCKER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, *et. al* | |
| Defendants. | |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

This matter comes before the Court upon several motions by *pro se* Plaintiff Emerson Tucker ("Plaintiff"), and motions by Defendants Pat Quinn, the Chicago Police Department, Detective Dexter Honora. Plaintiff asks this Court to: **(A)** grant his renewed motion for a preliminary injunction and/or temporary restraining order, **(B)** grant him leave to amend his Complaint to add a claim for denial of medical treatment during his pre-trial detention in New York and Illinois, **(C)** grant him an extension of time to serve his Amended Complaint upon various defendants, **(D)** grant his motion to amend his Amended Complaint to substitute Detective Stephano Braccini for John Doe #7. As to Defendants' motions: **(E)** Defendant Pat Quinn moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction; **(F)** Defendant Chicago Police Department moves to dismiss for failure to state a claim; **(G)** Defendant Detective Honora moves to stay this matter pending the outcome of Plaintiff's parallel criminal proceedings which are ongoing in Illinois and New York.

For the reasons stated below, Plaintiff's motions are **denied**, and Defendants' motions are **granted**.

## BACKGROUND

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois. Plaintiff alleges that while he was in Newark, New Jersey on or about May 14, 2007, he was illegally abducted by members of the New York Police Department ("NYPD"), including Detective Dexter Honora.

Plaintiff alleges that he was forced to go with two NYPD detectives to New York in connection with a homicide investigation. Plaintiff alleges that the detectives detained him, without his consent, without a warrant and without probable cause. Plaintiff brings a wide variety of claims related to the police conduct, including, but not limited to, false arrest, excessive force, wrongful retention of property and interference with the administration of justice, pursuant to 42 U.S.C. §§ 1981, 1983, 1985. Plaintiff also brings claims against a number of news organizations for allegedly defaming him by calling him a "serial killer" following his arrest. Additionally, he now seeks to assert a claim for denial of medical treatment during the course of his pre-trial detention.

Plaintiff's allegations were recited in more detail in <u>Tucker v. New York Police Dep't</u>, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008).

## DISCUSSION

### A.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff asks this Court to issue injunctive relief ordering the return of personal property seized during his arrest. Specifically, Plaintiff asks the Court to order that $7,192 be returned to him.

A court should grant injunctive relief where (1) the plaintiff has a reasonable probability of success on the merits, (2) the plaintiff faces immediate and irreparable harm, (3) the harm to the plaintiff outweighs any potential harm to the defendants and (4) the public interest favors granting the plaintiff preliminary relief. <u>Saudi Basic Indus. Corp. v. Exxon Corp.</u>, 364 F.3d 106, 112 n.6 (3d

-2-

Cir. 2004). Accordingly, Plaintiff must establish each of these elements with respect to his wrongful retention of property claim.

This Court previously dismissed a similar application by Plaintiff seeking this same relief. See Tucker v. N.Y. Police Dep't, 2009 U.S. Dist. LEXIS 28458, at *2 (D.N.J. Apr. 6, 2009). Plaintiff, again, has failed to demonstrate that issuance of injunctive relief is proper.

First, Plaintiff must demonstrate that there is a likelihood of success on the merits of his claim. In Plaintiff's renewed application, he asserts that he will likely prevail on the merits of his "claims of false arrest, false imprisonment, unlawful arrest, [] illegal arrest and detention, malicious prosecution and for the failure of the Defendants to comply with the State and federal extradition Act." This assertion is inapposite–Plaintiff must demonstrate that there is a likelihood of success that he will prevail on his **wrongful retention of property claim**. That Plaintiff may prevail on his other claims is irrelevant in determining whether injunctive relief is appropriate here.

Second, Plaintiff has not demonstrated immediate and irreparable harm. Plaintiff asserts that he will suffer irreparable harm if the money is not returned to him, because he will be unable to pay the filing fees to initiate a law suit in the Federal District of Illinois. Without such a suit, he argues, he will continue to suffer denial of medical treatment. Plaintiff, however, is not without recourse, as he may file an action asserting such claims and apply for *in forma pauperis* status. He asserts that he cannot proceed, as such status was denied by that District Court in Illinois. These facts do not indicate to this Court that irreparable harm is imminent. Instead, it appears that Plaintiff is, again, conflating his various claims (in this Court and others) in an effort to satisfy the requirements for

injunctive relief.[1] This is inappropriate–Plaintiff must demonstrate (1) a reasonable probability of success on the merits, (2) immediate and irreparable harm, (3) harm to the plaintiff outweighing any potential harm to the defendants and (4) the public interest favors granting the plaintiff preliminary relief, all with respect to his wrongful retention of property claim. See Saudi Basic, 364 F.3d at 112 n.6. Plaintiff has failed to do so, as he cannot make the first two showings necessary to a successful application for injunctive relief.

Plaintiff's request for injunctive relief is denied.

### B.    PLAINTIFF'S MOTION TO AMEND

Plaintiff, alternatively, moves to amend his Complaint to assert claims for denial of medical treatment. This motion is denied.

Federal Rule of Civil Procedure 20 provides, in relevant part, that "all persons . . . may be joined in one action as defendants if . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's denial of medical treatment claims against new defendants are premised upon different questions of fact and law than his underlying claims for false arrest, excessive force, interference with the administration of justice, etc. See Green v. Werholtz, 2009 U.S. Dist. LEXIS 35247, at *25-26 n.18 (D. Kan. April 24, 2009); Browder v.

---

[1] Plaintiff also requests a preliminary injunction to address his concerns regarding library access. The Court has already denied this request, when Plaintiff requested this relief in an application for mandamus relief. The Court noted that "Prison regulations which reasonably limit times, places and the manner in which inmates may access the law library do not transgress constitutional protection of access to the courts so long as regulations do not frustrate access." See Johnson v. Avery, 393 U.S. 483 (1968); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Plaintiff's substantial filing in this matter indicates that his access to the courts is not being frustrated.

Ankrom, 2006 U.S. Dist. LEXIS 50785, at *9-10 (W.D. Ky. July 20, 2006). Accordingly, such claims may not be joined in this action.

Plaintiff's motion for leave to amend his complaint to assert claims for denial of medical treatment is denied.

## C.    PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SERVE HIS AMENDED COMPLAINT

Plaintiff requests an extension of time to serve his Amended Complaint on: the New York Police Department ("NYPD"), Detective Dexter Honora, Ray Kelly, Mayor Michael Bloomberg, New York City Department of Corrections ("DOC"), Martin Horn and the City of New York and its employees or officials. Plaintiff's request is denied.

First, Detective Honora has been served, and filed a timely answer. Next, service upon the NYPD, Ray Kelly, Mayor Michael Bloomberg, the DOC, and Martin Horn is now moot, as they have all been dismissed from this action. See Order of August 31, 2009;[2] Tucker v. New York Police

---

[2] On August 31, 2009 this Court terminated the following parties from this action: the New York City Department of Corrections, the Civilian Complaint Review Board, the New Police Department of the City of New York; Essex County, New Jersey; Mike Bloomberg; Ray Kelly; Kings County, New York; Martin Horn; the Borough of Brooklyn; Precinct 84 of the Police Department of the City of New York; the Office of the District Attorney, New York; Unidentified John/Jane Does of the City of New York; Unidentified John/Jane Does of the Borough of Brooklyn; the City of Newark, New Jersey; the Police Department of Newark, New Jersey; the Mayor of City of Newark, New Jersey; Jon Corzine; Unidentified John/Jane Does of the City of Newark, New Jersey; the City of Chicago; Jody P. Weis, Superintendent of the Chicago Police Department; the Office of the District Attorney, Cook County; Anita Alverz, District Attorney, Cook County; Unidentified John/Jane Does of Chicago; and Thomas Dart. Many of these parties were previously dismissed by this Court in Tucker, 2008 U.S. Dist. LEXIS 93691, at *14 n.5, 19, 22 (D.N.J. Nov. 17, 2008).

On February 23, 2010, the Court dismissed the following parties: Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"); Newark Morning Ledger Co.; American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"); NYP Holdings, Inc. (incorrectly sued herein as "The New York Post Newspaper"); The New York Times Co.; NBC Universal Inc. (incorrectly sued as NBC Television Broadcast); CBS Television News Broadcast; CNN Television News Broadcast; Chicago Sun-Times Newspaper; the Chicago Tribune Company; and, the Chicago Tribune Newspaper.

Dep't, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008). For these reasons, Plaintiff's request

for an enlargement of time to serve the above-mentioned Defendants is denied as moot.[3]

### D.    PLAINTIFF'S MOTION TO AMEND HIS AMENDED COMPLAINT TO SUBSTITUTE DETECTIVE STEPHANO BRACCINI FOR JOHN DOE #7

Plaintiff asks this Court to permit him to substitute NYPD Detective Stephano Braccini for

"John Doe #7" and/or "Detective Stevens," and have the U.S. Marshals effect service upon him.

Plaintiff refers throughout his complaint to Detective Stevens, however, it appears that he

was referring to Detective Stephano Braccini. Defendant Honora responds that an amendment would

be inappropriate, as the statute of limitations ran on May 14, 2009. Honora argues, then, that

Plaintiff can no longer assert a claim against Braccini.

To determine whether the statute of limitations prevents Plaintiff from substituting

"Detective Stephano Braccini" into the Complaint, the Court must assess whether Plaintiff's claim

would "relate back" to the date of filing of the initial complaint pursuant to FED. R. CIV. P. 15(c).

Federal Rule of Civil Procedure 15(c) "enumerates three distinct prerequisites for an

amendment to relate back to the original complaint: (1) the claims in the amended complaint must

arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in

by amendment must have received notice of the action within 120 days of its institution, and (3) the

party to be brought in by amendment must have known, or should have known, that the action would

have been brought against the party but for a mistake concerning its identity." Arthur v. Maersk,

---

[3] To the extent that Plaintiff requests that the Court extend his time for service **with respect to any other defendants who remain in this case**, Plaintiff must demonstrate that such an extension is proper pursuant to Federal Rule of Civil Procedure 4(m). Although this case will be stayed pending the resolution of Plaintiff's criminal proceedings (see Section G, infra), at such time as this case is reinstated, Plaintiff may move for an extension of time to effect service as to said parties.

Inc., 434 F.3d 196, 203 (3d Cir. 2006). The first requirement is satisfied, as the claims in Plaintiff's proposed Amended Complaint are the same as those in the initial complaint.

The second requirement, however, is not met, as Plaintiff has not shown that Detective Braccini received notice of the action within 120 days of its institution. Although Plaintiff does not make any arguments on this point, the Court will consider whether notice can be imputed to Detective Braccini. The Third Circuit has held that the fact that Detectives Honora and Braccini (if he had been properly named as a Defendant in this action) would be represented by the same counsel, i.e., the City of New York Law Department, is not alone sufficient to impute notice to Detective Braccini. See Garvin v. City of Philadelphia, 354 F.3d 215, 225-27 (3d Cir. Pa. 2003). Instead, Plaintiff must demonstrate that there was "some communication or relationship" between Detective Honora's counsel and Braccini (who was named as "John Doe #7" and/or "Detective Stevens") prior to the expiration of the 120-day period. Id. at 225-27 (noting that plaintiff had the "opportunity to take discovery on the communications between the City Solicitor's office and the four officers she sought to substitute for the John Doe named in the original complaint but did not do so.").

Plaintiff, through discovery, may be able to identify some indication that Detective Braccini had notice of the action. At such time as Plaintiff provides such evidence, the Court will reconsider whether "relation back" is appropriate here. See id. At this point, however, Defense counsel denies that any member of the NYPD except for Detective Honora had notice of this suit. Plaintiff has not provided any evidence to the contrary, and the Third Circuit has instructed against any presumption that such notice was received. See id. As such, Plaintiff has not demonstrated that he can satisfy the notice requirement of 15(c) at this time, and his amendment, therefore, cannot "relate back" to his original complaint for statute of limitations purposes. Plaintiff, then, has not shown that his

claim against Detective Bracinni would be properly filed within the statutory period.

Plaintiff's motion to amend his Amended Complaint is denied without prejudice. However, at such time as this case is reinstated (see Section G, infra), Plaintiff will be permitted to renew his motion for leave to amend the complaint to add Detective Braccini as a party, and provide additional evidence in support of the motion.[4]

### E.    DEFENDANT PAT QUINN'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR LACK OF JURISDICTION

Defendant Pat Quinn, Governor of the State of Illinois, moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

As discussed above, Plaintiff asserts claims against a variety of Defendants, many of whom are (or were) government officials. One such official was Governor Rod Blagojevich. Plaintiff contends that he was denied his due process rights by being extradited to Illinois without first receiving a hearing, and that the Governor of Illinois had the duty to ensure that Plaintiff received a pre-extradition hearing.

Plaintiff brought claims against the Governor in his official and individual capacities. Pursuant to FED. R. CIV. P. 25(d)(1), Pat Quinn, the current governor of Illinois, automatically substitutes for defendant Blagojevich with respect to the claims against the former Governor in his official capacity. Defendant Quinn now moves to dismiss such claims pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction—specifically he asserts that Defendant Quinn (1) is

---

[4] The Third Circuit in Garvin held that "the district court was correct when it declined to impute notice to the four officers under the shared attorney method," because the plaintiff "ha[d] not come forth with evidence that gives rise to the inference that Deputy City Solicitor Sitarski or anyone else in the City Solicitor's office had any communication or relationship whatsoever with the four officers within the 120-day period so as to justify imputing notice to the officers." Id. at *17-18.

-8-

not properly party to this action, and (2) is entitled to sovereign immunity.

### 1. *A Proper Party under § 1983*

Plaintiff's claim alleging constitutional violations must be dismissed as to Defendant Quinn (in his official capacity) because Governor Quinn does not constitute a "person amenable to suit" for the purposes of § 1983. See Reed v. Straniero, 2009 U.S. Dist. LEXIS 91921, at *18-19 (D.N.J. 2009). To be amenable to suit under § 1983, an official must be acting outside the scope of his or her role as a public official. Id. at 19. Plaintiff has alleged no facts indicating that Defendant Quinn was acting in his individual capacity.[5]

### 2. *Eleventh Amendment Immunity*

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Absent a state's consent, then, it is immune from suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Accordingly, state officials acting in their official capacities may generally not be sued for monetary relief under § 1983. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Although Courts recognize limited exceptions to sovereign immunity, none is applicable here.[6]

For the reasons stated, Plaintiff's claims against the Governor of the State of Illinois in

---

[5] With respect to Plaintiff's individual capacity claims regarding his allegedly improper extradition, they have been brought against former Governor Rod Blagojevich.

[6] There are limited exceptions to sovereign immunity, e.g., consent or an explicit Congressional grant of authority, see Tennessee v. Lane, 541 U.S. 509, 517 (2004) (internal citations omitted); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

his official capacity (Pat Quinn, and previously, Rod Blagojevich) are dismissed.

**F.    DEFENDANT CHICAGO POLICE DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff brings claims against the Chicago Police Department ("the CPD") in his Amended Complaint.    Defendant CPD moves to dismiss the claims for failure to state a claim upon which relief may be granted.    CPD contends that it is improperly named as a defendant in this suit because it an organizational division of the City of Chicago, and thus not subject to suit.

Operating departments of the City of Chicago, such as the Chicago Police Department, are not suable entities. <u>Chan v. City of Chicago</u>, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991).    Under Illinois law, "a party to a litigation must have legal existence, either natural or artificial, to sue or be sued." <u>Jackson v. Village of Rosemont</u>, 180 Ill. App.3d 932, 937 (1st Dist. 1988), <u>appeal denied</u>, 125 Ill. 2d 565 (1989) (stadium owned by village not subject to suit because it is not a legal entity); <u>see also</u> <u>Bonilla v. City Council of City of Chicago</u>, 809 F. Supp. 590, 600-01 (N.D. Ill. 1992) (absent specific statutory authority, city council is not a suable entity for purposes of challenging aldermanic remap of City of Chicago's wards); <u>Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago</u>, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977) (finding that City of Chicago Department of Streets and Sanitation not a suable entity because it is merely an organizational division of City and thus without independent legal status).    Accordingly, the CPD is not properly a party to this civil suit.

Defendant Chicago Police Department's motion to dismiss for failure to state a claim is granted.

### G.    DEFENDANT HONORA'S MOTION TO STAY THIS MATTER PENDING THE OUTCOME OF PLAINTIFF'S PARALLEL CRIMINAL PROCEEDINGS

Defendant Honora moves to stay this matter pending Plaintiff's parallel criminal proceedings.

As noted above, Plaintiff's civil suit includes claims for false arrest/imprisonment, excessive force and interference with the administration of justice. These claims largely pertain to the allegedly unlawful conduct of Defendants, as Plaintiff asserts that he was forced to go with two of the NYPD police officers to New York (from Newark, NJ) for questioning regarding a homicide. Subsequently, Plaintiff was extradited to Illinois where he was indicted for the murder of a young woman. Criminal proceedings (although not yet an indictment) are apparently pending in New York in relation to a separate murder investigation as well. Defendants ask this Court to stay this case pending the resolution of the criminal proceedings.

As Courts in this district have recognized, "[a] court has discretion to stay a case if the interests of justice require it." Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); see Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); see also Telfair v. Tandy, 2008 U.S. Dist. LEXIS 83462 (D.N.J. Oct. 20, 2008) (staying false arrest and Fourth Amendment claims). One such instance is where a plaintiff brings a civil case and there are parallel criminal proceedings. Walsh, 7 F. Supp. 2d at 526-27. The Walsh Court explained

> . . . The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a

delay; 4) the private interests of and burden on defendants; 5) the interests of the
court; and 6) the public interest.

Id. (internal citations omitted).   The Court will apply each of these factors to this case.

First, the criminal and civil proceedings, here, substantially overlap. Criminal proceedings
are ongoing in both New York and Illinois. In Illinois, an indictment has been returned. Evidence
that was obtained through the allegedly unlawful conduct of the police officers is directly relevant
to Plaintiff's criminal trial in Illinois–for instance, as indicated by Plaintiff's Amended Complaint,
the NYPD defendants are alleged to have taken pictures of Defendant for use in the Illinois homicide
case. Moreover, it is the allegedly unlawful arrest that lead to Plaintiff's extradition from New York
to Illinois. See Warner v. Kozub, 2007 U.S. Dist. LEXIS 3570, at *7 (D.N.J. Jan. 18, 2007) (finding
that "[the police officer's] allegedly wrongful conduct was done in connection with arresting [the
plaintiff] for the crime for which he is awaiting trial"); Gaskins v. Fines, 2009 U.S. Dist. LEXIS
106150, at *17 (D.N.J. Nov. 13, 2009) ("[B]ecause the allegations of the Complaint suggest that the
evidence obtained in the challenged searches may affect the disposition of those pending criminal
charges, this Court will stay the claim for unlawful search in violation of the Fourth Amendment,
pending resolution of the criminal charges.").

Another key factor in determining whether the civil claims and criminal claims overlap is
whether there exists a "danger of self-incrimination." See Trustees of Plumbers and Pipefitters Nat'l
Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (internal
citations omitted).   Here, such Fifth Amendment concerns exist, notwithstanding Plaintiff's
assertion that he does not intend to invoke his Fifth Amendment rights. Plaintiff asserts a claim for
false arrest. Accordingly, it is not only possible–it is fully anticipated–that Defendants would inquire
into the underlying murder charges when deposing Plaintiff. See Sterling Nat'l Bank v. A 1 Hotels

-12-

Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("[D]efendant has been indicted, his situation

is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of

safeguarding his constitutional rights, and even the strain on his resources and attention that makes

defending satellite civil litigation particularly difficult, all weigh in favor of his interest"). For these

reasons, there is significant overlap between the civil proceedings and the two criminal proceedings.

As to the second factor, as noted above, an indictment has been returned in the Illinois

criminal case. Plaintiff's criminal case (in Illinois), therefore, appears to be in a fairly advanced

stage. See id. (noting that plaintiff's case was advanced, as he "has been arrested, charged, and is

detained and awaiting trial[; t]hus, the status of [his] case is advanced and it appears that the state

criminal trial will not be unduly delayed."); Soroush v. Ali, 2009 U.S. Dist. LEXIS 100652, at *5

(E.D. Pa. Oct. 28, 2009) ("[T]he critical question is whether an indictment has been returned against

defendants, [because upon indictment the Speedy Trial Act becomes applicable and] reduces the

potential for a long delay and in turn the resulting prejudice to the civil plaintiff").

Third, the Court must consider Plaintiff's interest in proceeding expeditiously weighed

against the prejudice to plaintiff caused by a delay. The mere fact that additional time will pass,

however, does not alone establish prejudice to the Plaintiff; to show prejudice "the plaintiff should

demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair

advantage from the stay." In re Herley Indus. Secs. Litig., 2007 U.S. Dist. LEXIS 27201, at*7 (E.D.

Pa. Apr. 11, 2007); see State Farm Mut. Automobile Ins. Co. v. Beckham-Easley, 2002 U.S. Dist.

LEXIS 17896, at *3 (E.D. Pa. Sept. 18 2002); Walsh Sec., 7 F. Supp. 2d at 528. Plaintiff has not

done so and, accordingly, "[a] stay would preserve Plaintiff's rights in both fora and would not

prematurely terminate this civil action." Warner, 2007 U.S. Dist. LEXIS 3570, at *7. Moreover,

here, any delay would be minimized by the advanced stage of the criminal proceeding in Illinois. For these reasons, the Court finds that "plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay" weighs in favor of staying this action.

_____Fourth, a stay would clearly benefit Defendant Honora. The Fifth Amendment concerns discussed above apply to this factor as well, as Defendant Honora will be better positioned to depose Plaintiff with regard to the civil claims once the criminal proceedings have concluded.

_____As to the fifth and sixth factors, the Court finds that the interests of the Court and the public weigh in favor of staying Plaintiff's civil claims at this time. The Court and the public are both better served by concluding the criminal charges before addressing the related civil claims because it will permit "the criminal prosecution of [plaintiff] to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case." Maloney v. Gordon, 328 F. Supp.2d 508, 510 (D. Del. 2004) (internal citations omitted); Tobin v. Gordon, 2004 U.S. Dist. LEXIS 25812, at *5-6 (D. Del. Dec. 15, 2004) (same); Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."); see also United States SEC v. Ott, 2006 U.S. Dist. LEXIS 86541 (D.N.J. Nov. 29, 2006) ("The interest of judicial economy is served because there is a reasonable expectation that the criminal investigation could clarify and define some issues in the civil matter.").

_____Having considered each of the Walsh factors, this Court will stay Plaintiff's civil claims pending the outcome of his related criminal proceedings. This matter, and all applications and motions that are pending at the time of this Opinion and Order, may hereby be reopened upon

application of either party within (90) days of the conclusion of the criminal proceedings.[7]

_____

### **CONCLUSION**

_____For the reasons stated, Plaintiff's motion for a preliminary injunction and/or temporary restraining order is **denied**; Plaintiff's motion for leave to amend his complaint to add a claim for denial of medical treatment is **denied**; Plaintiff's motion for an extension of time to serve his amended complaint is **denied without prejudice**; Plaintiff's motion to substitute Detective Stephano Braccini for "Detective Stevens" and/or "John Doe #7" in his Amended Complaint is **denied without prejudice**; Defendant Pat Quinn's motion to dismiss Plaintiff's claim is **granted**; Defendant Chicago Police Department's motion to dismiss Plaintiff's claim is **granted**; Defendant Detective Honora's motion to stay this matter pending Plaintiff's parallel criminal matters is **granted**.

S/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        February __23__, 2010
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

_____

[7] Among the pending motions is a motion for default judgment by Plaintiff (Docket Entry No. 105). Therein, Plaintiff moves for default as to a number of Defendants, many of whom were dismissed from this action. For such Defendants, Plaintiff motion for default is now moot. Nonetheless, the Court will permit Plaintiff to renew his motion as to any parties remaining in action this within (90) days of the conclusion of the criminal proceedings.



UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

## PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| CHICAGO TRIBUNE COMPANY | 08-13152 (KJC) |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000006462

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

### THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 152075040*****
TUCKER, EMERSON
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

Telephone number:                Email Address:

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 08-2156 (DMC)
(If known)

Filed on: 3/20/2009

Name and address where payment should be sent (if different from above):

Emerson Tucker #2008-0003014 (Div. 1, G1)
Cook County Jail
P.O. Box 089002
Chicago, Illinois 60608

Telephone number:                Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Your claim is scheduled by the Debtor as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

1. **Amount of Claim as of Date Case Filed:** $ 300,000 three hundred thousand

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

2. **Basis for Claim:** defamation, libel and Slander
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** Do not apply
3a. **Debtor may have scheduled account as:** Do not apply
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $ 300,000

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 300,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: See documents in support of Claim

### FOR COURT USE ONLY

FILED / RECEIVED
APR 12 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: March 24 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Emerson Tucker *Emerson Tucker* Defamation Suit |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

May 29 2007    6:44    P. 22

| CORRECTION DEPARTMENT CITY OF NEW YORK | OFFICE OF THE CHIEF OF INTELLIGENCE | FORM OD/SM2 REV. 9/27/95 |
|---|---|---|

## REVIEW OF C.M.C. DESIGNATION    31/07

### SECTION A - INMATE INFORMATION

| LAST NAME **TUCKER** | FIRST NAME **EMERSON** | ALIAS |
|---|---|---|
| BOOK & CASE NUMBER 349-07-08916 | N.Y.S.I.D. NUMBER **5544439y** | PRESENT FACILITY **GRVC** |
| TYPE OF HOUSING **MAX** | DATE OF C.M.C. DESIGNATION 5/21/2007 | TELETYPE ORDERS NO. |

### SECTION B- REASON(S) FOR C.M.C.

## SUBJECT RECEIVED MEDIA ATTENTION AS THE SUSPECT SERIAL KILLER.

### SECTION C- NOTICE TO INMATE

THIS IS TO INFORM YOU THAT:

1. YOUR CASE WILL BE REVIEWED NOT LATER THAT FOUR (4) WEEKS FOR DETENTION INMATES OR EIGHT (8) WEEKS FOR SENTENCED    INMATES FROM THE DATE OF THIS DETERMINATION. AT THAT TIME, YOU WILL RECEIVE A WRITTEN NOTIFICATION OF THAT    DETERMINATION.

2. YOU MAY APPEAL THE DEPARTMENT'S'S DECISION TO THE CHIEF OF INTELLIGENCE UNIT OR DIRECTLY TO THE COMMISSIONER.    YOUR APPEAL MUST BE SUBMITTED IN WRITING VIA THE UNITED STATES MAIL ADDRESSED IN THE FOLLOWING MANNER:

N.Y.C. DEPARTMENT OF CORRECTION
INTELLIGENCE UNIT
TRAILER 1, MANDANICI ROAD                    OR
E. ELMHURST, N.Y. 11370

N.Y.C. DEPARTMENT OF CORRECTION
COMMISSIONER OF CORRECTION
60 HUDSON STREET  6TH FLOOR
NEW YORK, N.Y. 10013

3. YOU WILL RECEIVE A RESPONSE TO YOUR APPEAL REQUEST WITHIN:

A. ASSISTANT CHIEF OF INTELLIGENCE UNIT- SEVEN (7) DAYS EXCLUDING WEEKENDS AND HOLIDAYS.

B. COMMISSIONER-FIFTEEN (15) DAYS EXCLUDING WEEKENDS AND HOLIDAYS.

I CERTIFY THAT I HAVE RECEIVED A COPY OF THIS NOTICE AT  1:00  HRS.  ON  5 28 07
                                                          TIME            DATE

| WITNESSED BY (SUPERVISORY EMPLOYEE'S SIGNATURE *Carr* *Ofice #461* | INMATES'S SIGNATURE *refund to sin* |
|---|---|

### SECTION D - O.S.U. RECOMMENDATION

| RECOMMENDED BY CAPTAIN O.S.I.U. | DATE OF RECOMMENDATION May 29, 2007 | RECOMMENDATION: X CONTINUE DESIGNATION DISCONTINUE |
|---|---|---|

### SECTION E – REVIEW

| REVIEW BY Patrick Walsh CHIEF OF SPECIAL OPERATIONS | DATE OF REVIEW May 29, 2007 | DISPOSITION: X CONTINUE DESIGNATION DISCONTINUE |
|---|---|---|

DISTRIBUTION

1.    CHIEF OF DEPARTMENT
2.    CHIEF OF SECURITY
3.    O.S.U.

4.    HOLDING FACILITY
5.    INMATE'S C.M.C. RECORDS
6.    SERVICE TO THE INMATE

-------------------------------------------------x

Emerson Tucker,          Claimant,                    NOTICE OF CLAIM

              -against-

THE CITY OF NEW YORK,

                         Defendant.
-------------------------------------------------x

TO:  COMPTROLLER OF THE CITY OF NEW YORK:

          PLEASE TAKE NOTICE that the claimant herein hereby makes claim and demand against
the City of New York as follows:

1.    The name and post-office address of the claimant is as follows:

              Mr. Emerson Tucker,
              # 349-07-08916
              G.R.V.C.
              09-09 Hazen Street
              East Elmhurst, NY 11370

2.   The nature of the claim is as follows: (1) The Kidnapping of Claimant from the State of New Jersey by two New York Detectives; (2) False arrest and imprisonment of him; (3) Malicious ⟶

3.   The time when, the place where, and the manner in which the claim arose: While the Claimant was in the State of New Jersey on May 15, 2007, and buying some food at a store for him and his niece, he then was approached by two New York

1

## V E R I F I C A T I O N

STATE OF NEW YORK)
COUNTY OF BRONX  ) SS.:

*Emerson Tucker*_____, being duly sworn, deposes and says:

I am the claimant above named; I have read the foregoing Notice of claim against the City of New York and know its contents; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

*Emerson Tucker*

Sworn to before me this
5th day of June, 200 7
*Carlton B Watson*

N O T A R Y   P U B L I C

CARLTON B. WATSON
Commision of Deeds
City of New York No. 4-4586
Certificate filed in Queens County
Commission Expires Jan. 1, 200 9

3

<u>Continuation From section 2.</u>

prosecution; (4) arrest without a warrant or
probable cause; (5) defamation of his good
reputation; (6) Police corruption in that those
Detectives had taken over seven thousand
dollars from me and other of my properties,
however, they did not return it after the
"Grand Jury" did not Indict; (7) unlawful Seizure
of his body for the second time while he
was under a false arrest and then they had
taken pictures of it for to be used in a
criminal investigation in another jurisdiction
or state (Chicago); (8) Selective prosecution
of him because of he are a member of
the Black Race; and finally (9) the conspiracy
by the Defendants to deprive him of his rights
under the Fourth and Fourteenth Amendments
to the United States Constitution, when the
New York City Police Department engages in a
pattern or practice of misconduct and Police
Corruption towards Black men in particularly.

## Continuation From Section 3.

city Police Detectives Venora and his partner. When they approached him then they said For him to come with them because they want to talk to him for a couple of hours about a case of theirs. At that same time, I ask those cops are I am under arrest which they said no, so I refused to go with them. Yet those Detectives had forced me into their car anyway against my will and without my consent to go to N.Y.C.

upon my arrival here in New York City, then those Detectives had taken all my personal property away from me which included over seven thousand dollars in cash ($7191.00), along with an expensive sony Walkman that cost about $200.00, an expensive sony headphone that cost $150.00, about 20 CD's and some important papers and a cell phone. They then given me two vouchers for my stuff but the next day they came and took them back.

## Continuation From section 3.

Afterwards, I was put in lock-up where I stayed at for about 10 hours before I was officially charged with a crime. While I was sating on the bench in that lock up then Detective Venora and his partner approach me again and started to question me about one of their old cases even though I told them that I know nothing and that I want to see a lawyer.

Subsequently, I was given a criminal (Murder) complaint and then I was taken to another lock up or court house at 100 Centra Street, awaiting to be seen by a judge.

At about the time of 7:00 P.M. on the next day of May 16, 2007, Detectives Venora and Thomas had came to pick the Claimant up and as they was walking him through the court and the hallway, then that is when Detective Venora stop in an office next to the court, and it

<u>Continuation From section 3</u>

looked as if he had to get permission from a superior before he could take me out of the building. They then took me back to that "Gold Case Squad" building and place me in lock-up there. A few minutes later another Detective/John Doe had came and get me out of that lock-up and he made me go to the rest-room where he proceeded to take pictures of my body without my consent and without a search and seizure warrant. Those Detectives had made me stay there all night so that they can take pictures of my body. Those pictures were then forwarded to the Police in "Chicago" to be used in a criminal investigation. On the next day of May 17, 2007, I was taken back to the Court building to await to see a Judge again.

On Information and belief, someone from the "District Attorney's Office Media Dept."

<u>Continuation From Section 3.</u>

or Detective Venora had leaked to the "Media" my arrest and information about me. Never the less, my arrest and other false things were reported about me the day after I was arrested on all the News stations and News papers. Particularly, the CNN nightly news, ABC News, CBS news, the Star-Ledger News-paper, the Chicago Sun-Times Tribune News papers, as well as the "New York Post" and "New York Times" had all mentioned my story and they all labeled me a "Serial Killer," see attach document.

On May 18, 2007, the false arrest complaint for Murder which the New York Police Detective Venora had filed on me was return with the State "Grand Jury" not Indicting me or ~~it~~ it was "No Billed" in this matter.

On or about the dates of May 25, 2007, and June 5, 2007, the Claimant had Submitted

<u>Continuation from Section 3.</u>

a Police Corruption complaint to the Department of Investigation, P. O. Box 152, Canal Street Station, New York 10013-0152. My complaint was wrote pursuant to the Mayor's Executive Order #16 which give the people of New York the right to seek redress when they have been did wrong by the Police.

In the Matter of the Claim of,

**Emerson Tucker** Plaintiff,

-against-

Notice of Claim Against City

The City of New York **, etc.**

Respondent.

---------------------------------------------------------------x

To: Comptroller of the City of New York

　　PLEASE TAKE NOTICE, that the claimant herein hereby makes claim and demand against the City of New York as follows:

That claimant was falsely arrested and maliciously prosecuted.

1.　The name and post-office address of each claimant and of his attorney is: **Emerson Tucker,** **East Elmhurst** , No.**09-09** Street, **Haven**, N.Y. **11370**

2.　The nature of the claim:　Plaintiff was falsely arrested and illegally imprisoned for **18** days; maliciously prosecuted and forced to be present in court **2** times over a period of ___ years even though the City of New York knew that there was no merit to the continuance of the prosecution and that the prosecution was malicious and that the imprisonment was illegal.

3.　The time when, the place where, and the manner in which the claim arose: Claimant was arrested and imprisoned on or about **on May 15, 2007, and in the State of New Jersey, by New York City Detective Venora and another individual.**

4.　The items of damage or injuries are:　False arrest and illegal imprisonment; loss of earnings; cost of defending case; damage to plaintiff's reputation as a lawyer; the impairment of his earning power; expenses in defending case; plaintiff's health was impaired and his ability to continue working as a **Labor** threatened and his earning power impaired.

The claim and demand are hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York to pay  to the claimant his claim within the time limited for compliance with this

Continuation From Section 3

Those Police officers or Detectives are
working at the Cold case squad/Files, at
300 Gold street, Manhattan, New York.
The Claimant will used his attach
Notice of Claim facts and document
in support of this Claim against
city also.

demand by the City of New York by the applicable statutes, claimant intends to commence an

action against the City of New York to recover his damages with interest and costs.

Dated : *June 5*, 200*7*
East Elmhurst, New York 11370

Respectfully submitted,

*Emerson Tucker, Claimant*
*# 349-07-08916*
G.R.V.C.
09-09 Hazen Street
East Elmhurst NY 11370

2

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF BRONX   ) SS.:

Name of Document:   Notice of Claim Against City

I am the claimant above named and have read the foregoing Notice of Claim against the City of New York and know its contents; the same is true to my own knowledge, except as to those matters therein stated on information and belief, and as to those matter I believe them to be true.

Corporation Counsel
City of New York

Mr/Ms. _Emerson Tucker_, Defense Counsel  (Pro se)
09-09 Haven St,
East Elmhurst, N.Y. 11370

Respectfully submitted,

_Emerson Tucker_

Sworn to before me this

5th day of _June_, 200_7_

_Carlton B. Watson_

COMMISSIONER OF DEEDS

CARLTON B. WATSON
Commission of Deeds
City of New York No. 4-4586
Certificate filed in Queens County
Commission Expires Jan. 1, 200_

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| EMERSON TUCKER, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **ORDER** |
| v. | : | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, | : | |
| *et. al* | : | |
| | : | |
| Defendants. | : | |

---

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter, having come before the Court upon motions to dismiss the claims of *pro se*

Plaintiff Emerson Tucker, by Daily News, L.P. (incorrectly sued as "The New York Daily

Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American

Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"), NYP

Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co.,

and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the

"Media Defendants"); the Court having reviewed the parties' submissions; and for reasons set forth

in its Opinion issued this day;

IT IS on this __23rd__ day of February, 2010;

**ORDERED** that the Media Defendants' motions to dismiss Plaintiffs claims are granted, and

it is further,

**ORDERED** that the motions appearing at the following docket entry numbers are hereby

terminated:  74, 79, 81, 86, 87, 97.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

## Other Orders/Judgments
2:08-cv-02156-DMC-MF TUCKER v. NEW YORK POLICE DEPARTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 2/23/2010 at 8:20 PM EST and filed on 2/23/2010
**Case Name:**       TUCKER v. NEW YORK POLICE DEPARTMENT et al
**Case Number:**     2:08-cv-02156-DMC-MF
**Filer:**
**Document Number:** 130

**Docket Text:**
**OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, )**

**2:08-cv-02156-DMC-MF Notice has been electronically mailed to:**

ALAN R. RUDDY    aruddy@counsel.essexcountynj.org, csweat@counsel.essexcountynj.org

BART G. VAN DE WEGHE    bgvandeweghe@hhlaw.com

BRUCE S. ROSEN    brosen@marc-law.com

ELIZABETH WIZEMAN DOLLIN    edollin@law.nyc.gov

JAMES MARTIN BENNETT    james.bennett@dol.lps.state.nj.us

JOHN BOATNER NANCE    nancejo@ci.newark.nj.us

KEITH J. MILLER    kmiller@rwmlegal.com

MICHAEL LOUIS BERRY    mberry@lskslaw.com

ROBERT D BALIN    robbalin@dwt.com

RUTH V. SIMON    rsimon@clausen.com, mmolina@clausen.com

THEODORE J. MLYNAR    tjmlynar@hhlaw.com, mferrara@hhlaw.com, ttnguyen@hhlaw.com

**2:08-cv-02156-DMC-MF Notice will not be electronically mailed to::**

EMERSON TUCKER
#20080003014
COOK COUNTY JAIL
P.O. BOX 089002
CHICAGO, IL 60608

CM/ECF LIVE - U.S. District Court for the District of New Jersey          Page 2 of 2

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/23/2010] [FileNumber=4006319-0
] [3783c8eeed667ad6ac4fe99c111a7bdccbc9b2193d7f3d71f58b272a0a458054284
a39f045b0435eab15c06659159e5c0347aa710d9dc96b3307fb06bc001e66]]

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EMERSON TUCKER,

   Plaintiff,

     v.

NEW YORK POLICE DEPARTMENT,
*et. al*

   Defendants.

---

:
:
:
:
:
:
:
:
:
:
:
:

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 08-CV-2156 (DMC)

---

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon several motions by *pro se* Plaintiff Emerson Tucker

("Plaintiff"), and motions by Defendants Pat Quinn, the Chicago Police Department, Detective

Dexter Honora.  Plaintiff asks this Court to:  **(A)** grant his renewed motion for a preliminary

injunction and/or temporary restraining order, **(B)** grant him leave to amend his Complaint to add

a claim for denial of medical treatment during his pre-trial detention in New York and Illinois, **(C)**

grant him an extension of time to serve his Amended Complaint upon various defendants, **(D)** grant

his motion to amend his Amended Complaint to substitute Detective Stephano Braccini for John Doe

#7.  As to Defendants' motions:  **(E)** Defendant Pat Quinn moves to dismiss Plaintiff's claims for

lack of subject matter jurisdiction; **(F)** Defendant Chicago Police Department moves to dismiss for

failure to state a claim; **(G)** Defendant Detective Honora moves to stay this matter pending the

outcome of Plaintiff's parallel criminal proceedings which are ongoing in Illinois and New York.

  For the reasons stated below, Plaintiff's motions are **denied**, and Defendants' motions are

**granted**.

## BACKGROUND

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois. Plaintiff alleges that while he was in Newark, New Jersey on or about May 14, 2007, he was illegally abducted by members of the New York Police Department ("NYPD"), including Detective Dexter Honora.

Plaintiff alleges that he was forced to go with two NYPD detectives to New York in connection with a homicide investigation. Plaintiff alleges that the detectives detained him, without his consent, without a warrant and without probable cause. Plaintiff brings a wide variety of claims related to the police conduct, including, but not limited to, false arrest, excessive force, wrongful retention of property and interference with the administration of justice, pursuant to 42 U.S.C. §§ 1981, 1983, 1985. Plaintiff also brings claims against a number of news organizations for allegedly defaming him by calling him a "serial killer" following his arrest. Additionally, he now seeks to assert a claim for denial of medical treatment during the course of his pre-trial detention.

Plaintiff's allegations were recited in more detail in <u>Tucker v. New York Police Dep't</u>, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008).

## DISCUSSION

### A.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff asks this Court to issue injunctive relief ordering the return of personal property seized during his arrest. Specifically, Plaintiff asks the Court to order that $7,192 be returned to him.

A court should grant injunctive relief where (1) the plaintiff has a reasonable probability of success on the merits, (2) the plaintiff faces immediate and irreparable harm, (3) the harm to the plaintiff outweighs any potential harm to the defendants and (4) the public interest favors granting the plaintiff preliminary relief. <u>Saudi Basic Indus. Corp. v. Exxon Corp.</u>, 364 F.3d 106, 112 n.6 (3d

Cir. 2004). Accordingly, Plaintiff must establish each of these elements with respect to his wrongful retention of property claim.

This Court previously dismissed a similar application by Plaintiff seeking this same relief. See Tucker v. N.Y. Police Dep't, 2009 U.S. Dist. LEXIS 28458, at *2 (D.N.J. Apr. 6, 2009). Plaintiff, again, has failed to demonstrate that issuance of injunctive relief is proper.

First, Plaintiff must demonstrate that there is a likelihood of success on the merits of his claim. In Plaintiff's renewed application, he asserts that he will likely prevail on the merits of his "claims of false arrest, false imprisonment, unlawful arrest, [] illegal arrest and detention, malicious prosecution and for the failure of the Defendants to comply with the State and federal extradition Act." This assertion is inapposite–Plaintiff must demonstrate that there is a likelihood of success that he will prevail on his **wrongful retention of property claim**. That Plaintiff may prevail on his other claims is irrelevant in determining whether injunctive relief is appropriate here.

Second, Plaintiff has not demonstrated immediate and irreparable harm. Plaintiff asserts that he will suffer irreparable harm if the money is not returned to him, because he will be unable to pay the filing fees to initiate a law suit in the Federal District of Illinois. Without such a suit, he argues, he will continue to suffer denial of medical treatment. Plaintiff, however, is not without recourse, as he may file an action asserting such claims and apply for *in forma pauperis* status. He asserts that he cannot proceed, as such status was denied by that District Court in Illinois. These facts do not indicate to this Court that irreparable harm is imminent. Instead, it appears that Plaintiff is, again, conflating his various claims (in this Court and others) in an effort to satisfy the requirements for

injunctive relief.[1] This is inappropriate–Plaintiff must demonstrate (1) a reasonable probability of success on the merits, (2) immediate and irreparable harm, (3) harm to the plaintiff outweighing any potential harm to the defendants and (4) the public interest favors granting the plaintiff preliminary relief, all with respect to his wrongful retention of property claim. See Saudi Basic, 364 F.3d at 112 n.6. Plaintiff has failed to do so, as he cannot make the first two showings necessary to a successful application for injunctive relief.

Plaintiff's request for injunctive relief is denied.

### B.    PLAINTIFF'S MOTION TO AMEND

Plaintiff, alternatively, moves to amend his Complaint to assert claims for denial of medical treatment. This motion is denied.

Federal Rule of Civil Procedure 20 provides, in relevant part, that "all persons . . . may be joined in one action as defendants if . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's denial of medical treatment claims against new defendants are premised upon different questions of fact and law than his underlying claims for false arrest, excessive force, interference with the administration of justice, etc. See Green v. Werholtz, 2009 U.S. Dist. LEXIS 35247, at *25-26 n.18 (D. Kan. April 24, 2009); Browder v.

---

[1] Plaintiff also requests a preliminary injunction to address his concerns regarding library access. The Court has already denied this request, when Plaintiff requested this relief in an application for mandamus relief. The Court noted that "Prison regulations which reasonably limit times, places and the manner in which inmates may access the law library do not transgress constitutional protection of access to the courts so long as regulations do not frustrate access." See Johnson v. Avery, 393 U.S. 483 (1968); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Plaintiff's substantial filing in this matter indicates that his access to the courts is not being frustrated.

Ankrom, 2006 U.S. Dist. LEXIS 50785, at *9-10 (W.D. Ky. July 20, 2006). Accordingly, such claims may not be joined in this action.

Plaintiff's motion for leave to amend his complaint to assert claims for denial of medical treatment is denied.

### C.   PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SERVE HIS AMENDED COMPLAINT

Plaintiff requests an extension of time to serve his Amended Complaint on: the New York Police Department ("NYPD"), Detective Dexter Honora, Ray Kelly, Mayor Michael Bloomberg, New York City Department of Corrections ("DOC"), Martin Horn and the City of New York and its employees or officials. Plaintiff's request is denied.

First, Detective Honora has been served, and filed a timely answer. Next, service upon the NYPD, Ray Kelly, Mayor Michael Bloomberg, the DOC, and Martin Horn is now moot, as they have all been dismissed from this action. See Order of August 31, 2009;[2] Tucker v. New York Police

---

[2] On August 31, 2009 this Court terminated the following parties from this action: the New York City Department of Corrections, the Civilian Complaint Review Board, the New Police Department of the City of New York; Essex County, New Jersey; Mike Bloomberg; Ray Kelly; Kings County, New York; Martin Horn; the Borough of Brooklyn; Precinct 84 of the Police Department of the City of New York; the Office of the District Attorney, New York; Unidentified John/Jane Does of the City of New York; Unidentified John/Jane Does of the Borough of Brooklyn; the City of Newark, New Jersey; the Police Department of Newark, New Jersey; the Mayor of City of Newark, New Jersey; Jon Corzine; Unidentified John/Jane Does of the City of Newark, New Jersey; the City of Chicago; Jody P. Weis, Superintendent of the Chicago Police Department; the Office of the District Attorney, Cook County; Anita Alverz, District Attorney, Cook County; Unidentified John/Jane Does of Chicago; and Thomas Dart. Many of these parties were previously dismissed by this Court in Tucker, 2008 U.S. Dist. LEXIS 93691, at *14 n.5, 19, 22 (D.N.J. Nov. 17, 2008).

On February 23, 2010, the Court dismissed the following parties: Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"); Newark Morning Ledger Co.; American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"); NYP Holdings, Inc. (incorrectly sued herein as "The New York Post Newspaper"); The New York Times Co.; NBC Universal Inc. (incorrectly sued as NBC Television Broadcast); CBS Television News Broadcast; CNN Television News Broadcast; Chicago Sun-Times Newspaper; the Chicago Tribune Company; and, the Chicago Tribune Newspaper.

<u>Dep't</u>, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008). For these reasons, Plaintiff's request

for an enlargement of time to serve the above-mentioned Defendants is denied as moot.[3]

**D.    PLAINTIFF'S MOTION TO AMEND HIS AMENDED COMPLAINT TO SUBSTITUTE DETECTIVE STEPHANO BRACCINI FOR JOHN DOE #7**

Plaintiff asks this Court to permit him to substitute NYPD Detective Stephano Braccini for

"John Doe #7" and/or "Detective Stevens," and have the U.S. Marshals effect service upon him.

Plaintiff refers throughout his complaint to Detective Stevens, however, it appears that he

was referring to Detective Stephano Braccini. Defendant Honora responds that an amendment would

be inappropriate, as the statute of limitations ran on May 14, 2009. Honora argues, then, that

Plaintiff can no longer assert a claim against Braccini.

To determine whether the statute of limitations prevents Plaintiff from substituting

"Detective Stephano Braccini" into the Complaint, the Court must assess whether Plaintiff's claim

would "relate back" to the date of filing of the initial complaint pursuant to FED. R. CIV. P. 15(c).

Federal Rule of Civil Procedure 15(c) "enumerates three distinct prerequisites for an

amendment to relate back to the original complaint: (1) the claims in the amended complaint must

arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in

by amendment must have received notice of the action within 120 days of its institution, and (3) the

party to be brought in by amendment must have known, or should have known, that the action would

have been brought against the party but for a mistake concerning its identity." <u>Arthur v. Maersk</u>,

---

[3] To the extent that Plaintiff requests that the Court extend his time for service **with respect to any other defendants who remain in this case**, Plaintiff must demonstrate that such an extension is proper pursuant to Federal Rule of Civil Procedure 4(m). Although this case will be stayed pending the resolution of Plaintiff's criminal proceedings (<u>see</u> Section G, <u>infra</u>), at such time as this case is reinstated, Plaintiff may move for an extension of time to effect service as to said parties.

Inc., 434 F.3d 196, 203 (3d Cir. 2006). The first requirement is satisfied, as the claims in Plaintiff's

proposed Amended Complaint are the same as those in the initial complaint.

The second requirement, however, is not met, as Plaintiff has not shown that Detective

Braccini received notice of the action within 120 days of its institution. Although Plaintiff does not

make any arguments on this point, the Court will consider whether notice can be imputed to

Detective Braccini. The Third Circuit has held that the fact that Detectives Honora and Braccini (if

he had been properly named as a Defendant in this action) would be represented by the same counsel,

i.e., the City of New York Law Department, is not alone sufficient to impute notice to Detective

Braccini. See Garvin v. City of Philadelphia, 354 F.3d 215, 225-27 (3d Cir. Pa. 2003). Instead,

Plaintiff must demonstrate that there was "some communication or relationship" between Detective

Honora's counsel and Braccini (who was named as "John Doe #7" and/or "Detective Stevens") prior

to the expiration of the 120-day period. Id. at 225-27 (noting that plaintiff had the "opportunity to

take discovery on the communications between the City Solicitor's office and the four officers she

sought to substitute for the John Doe named in the original complaint but did not do so.").

Plaintiff, through discovery, may be able to identify some indication that Detective Braccini

had notice of the action. At such time as Plaintiff provides such evidence, the Court will reconsider

whether "relation back" is appropriate here. See id. At this point, however, Defense counsel denies

that any member of the NYPD except for Detective Honora had notice of this suit. Plaintiff has not

provided any evidence to the contrary, and the Third Circuit has instructed against any presumption

that such notice was received. See id. As such, Plaintiff has not demonstrated that he can satisfy

the notice requirement of 15(c) at this time, and his amendment, therefore, cannot "relate back" to

his original complaint for statute of limitations purposes. Plaintiff, then, has not shown that his

claim against Detective Bracinni would be properly filed within the statutory period.

Plaintiff's motion to amend his Amended Complaint is denied without prejudice. However, at such time as this case is reinstated (see Section G, infra), Plaintiff will be permitted to renew his motion for leave to amend the complaint to add Detective Braccini as a party, and provide additional evidence in support of the motion.[4]

###### E.    DEFENDANT PAT QUINN'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR LACK OF JURISDICTION

Defendant Pat Quinn, Governor of the State of Illinois, moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

As discussed above, Plaintiff asserts claims against a variety of Defendants, many of whom are (or were) government officials. One such official was Governor Rod Blagojevich. Plaintiff contends that he was denied his due process rights by being extradited to Illinois without first receiving a hearing, and that the Governor of Illinois had the duty to ensure that Plaintiff received a pre-extradition hearing.

Plaintiff brought claims against the Governor in his official and individual capacities. Pursuant to FED. R. CIV. P. 25(d)(1), Pat Quinn, the current governor of Illinois, automatically substitutes for defendant Blagojevich with respect to the claims against the former Governor in his official capacity. Defendant Quinn now moves to dismiss such claims pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction–specifically he asserts that Defendant Quinn (1) is

---

[4] The Third Circuit in Garvin held that "the district court was correct when it declined to impute notice to the four officers under the shared attorney method," because the plaintiff "ha[d] not come forth with evidence that gives rise to the inference that Deputy City Solicitor Sitarski or anyone else in the City Solicitor's office had any communication or relationship whatsoever with the four officers within the 120-day period so as to justify imputing notice to the officers." Id. at *17-18.

-8-

not properly party to this action, and (2) is entitled to sovereign immunity.

### 1. *A Proper Party under § 1983*

Plaintiff's claim alleging constitutional violations must be dismissed as to Defendant Quinn (in his official capacity) because Governor Quinn does not constitute a "person amenable to suit" for the purposes of § 1983. See Reed v. Straniero, 2009 U.S. Dist. LEXIS 91921, at *18-19 (D.N.J. 2009). To be amenable to suit under § 1983, an official must be acting outside the scope of his or her role as a public official. Id. at 19. Plaintiff has alleged no facts indicating that Defendant Quinn was acting in his individual capacity.[5]

### 2. *Eleventh Amendment Immunity*

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Absent a state's consent, then, it is immune from suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Accordingly, state officials acting in their official capacities may generally not be sued for monetary relief under § 1983. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Although Courts recognize limited exceptions to sovereign immunity, none is applicable here.[6]

For the reasons stated, Plaintiff's claims against the Governor of the State of Illinois in

---

[5] With respect to Plaintiff's individual capacity claims regarding his allegedly improper extradition, they have been brought against former Governor Rod Blagojevich.

[6] There are limited exceptions to sovereign immunity, e.g., consent or an explicit Congressional grant of authority, see Tennessee v. Lane, 541 U.S. 509, 517 (2004) (internal citations omitted); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

his official capacity (Pat Quinn, and previously, Rod Blagojevich) are dismissed.

### F.    DEFENDANT CHICAGO POLICE DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff brings claims against the Chicago Police Department ("the CPD") in his Amended Complaint.    Defendant CPD moves to dismiss the claims for failure to state a claim upon which relief may be granted.    CPD contends that it is improperly named as a defendant in this suit because it an organizational division of the City of Chicago, and thus not subject to suit.

Operating departments of the City of Chicago, such as the Chicago Police Department, are not suable entities. Chan v. City of Chicago, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991).    Under Illinois law, "a party to a litigation must have legal existence, either natural or artificial, to sue or be sued." Jackson v. Village of Rosemont, 180 Ill. App.3d 932, 937 (1st Dist. 1988), appeal denied, 125 Ill. 2d 565 (1989) (stadium owned by village not subject to suit because it is not a legal entity); see also Bonilla v. City Council of City of Chicago, 809 F. Supp. 590, 600-01 (N.D. Ill. 1992) (absent specific statutory authority, city council is not a suable entity for purposes of challenging aldermanic remap of City of Chicago's wards); Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977) (finding that City of Chicago Department of Streets and Sanitation not a suable entity because it is merely an organizational division of City and thus without independent legal status).    Accordingly, the CPD is not properly a party to this civil suit.

Defendant Chicago Police Department's motion to dismiss for failure to state a claim is granted.

G.   **DEFENDANT HONORA'S MOTION TO STAY THIS MATTER PENDING THE OUTCOME OF PLAINTIFF'S PARALLEL CRIMINAL PROCEEDINGS**

Defendant Honora moves to stay this matter pending Plaintiff's parallel criminal proceedings.

As noted above, Plaintiff's civil suit includes claims for false arrest/imprisonment, excessive force and interference with the administration of justice. These claims largely pertain to the allegedly unlawful conduct of Defendants, as Plaintiff asserts that he was forced to go with two of the NYPD police officers to New York (from Newark, NJ) for questioning regarding a homicide. Subsequently, Plaintiff was extradited to Illinois where he was indicted for the murder of a young woman. Criminal proceedings (although not yet an indictment) are apparently pending in New York in relation to a separate murder investigation as well. Defendants ask this Court to stay this case pending the resolution of the criminal proceedings.

As Courts in this district have recognized, "[a] court has discretion to stay a case if the interests of justice require it." Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); see Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); see also Telfair v. Tandy, 2008 U.S. Dist. LEXIS 83462 (D.N.J. Oct. 20, 2008) (staying false arrest and Fourth Amendment claims). One such instance is where a plaintiff brings a civil case and there are parallel criminal proceedings. Walsh, 7 F. Supp. 2d at 526-27. The Walsh Court explained

> . . . The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a

delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

Id. (internal citations omitted).    The Court will apply each of these factors to this case.

First, the criminal and civil proceedings, here, substantially overlap.    Criminal proceedings are ongoing in both New York and Illinois.    In Illinois, an indictment has been returned.    Evidence that was obtained through the allegedly unlawful conduct of the police officers is directly relevant to Plaintiff's criminal trial in Illinois–for instance, as indicated by Plaintiff's Amended Complaint, the NYPD defendants are alleged to have taken pictures of Defendant for use in the Illinois homicide case.    Moreover, it is the allegedly unlawful arrest that lead to Plaintiff's extradition from New York to Illinois.    See Warner v. Kozub, 2007 U.S. Dist. LEXIS 3570, at *7 (D.N.J. Jan. 18, 2007) (finding that "[the police officer's] allegedly wrongful conduct was done in connection with arresting [the plaintiff] for the crime for which he is awaiting trial"); Gaskins v. Fines, 2009 U.S. Dist. LEXIS 106150, at *17 (D.N.J. Nov. 13, 2009) ("[B]ecause the allegations of the Complaint suggest that the evidence obtained in the challenged searches may affect the disposition of those pending criminal charges, this Court will stay the claim for unlawful search in violation of the Fourth Amendment, pending resolution of the criminal charges.").

Another key factor in determining whether the civil claims and criminal claims overlap is whether there exists a "danger of self-incrimination."    See Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (internal citations omitted).    Here, such Fifth Amendment concerns exist, notwithstanding Plaintiff's assertion that he does not intend to invoke his Fifth Amendment rights.    Plaintiff asserts a claim for false arrest.    Accordingly, it is not only possible–it is fully anticipated–that Defendants would inquire into the underlying murder charges when deposing Plaintiff.    See Sterling Nat'l Bank v. A 1 Hotels

-12-

Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("[D]efendant has been indicted, his situation

is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of

safeguarding his constitutional rights, and even the strain on his resources and attention that makes

defending satellite civil litigation particularly difficult, all weigh in favor of his interest"). For these

reasons, there is significant overlap between the civil proceedings and the two criminal proceedings.

As to the second factor, as noted above, an indictment has been returned in the Illinois

criminal case. Plaintiff's criminal case (in Illinois), therefore, appears to be in a fairly advanced

stage. See id. (noting that plaintiff's case was advanced, as he "has been arrested, charged, and is

detained and awaiting trial[; t]hus, the status of [his] case is advanced and it appears that the state

criminal trial will not be unduly delayed."); Soroush v. Ali, 2009 U.S. Dist. LEXIS 100652, at *5

(E.D. Pa. Oct. 28, 2009) ("[T]he critical question is whether an indictment has been returned against

defendants, [because upon indictment the Speedy Trial Act becomes applicable and] reduces the

potential for a long delay and in turn the resulting prejudice to the civil plaintiff").

Third, the Court must consider Plaintiff's interest in proceeding expeditiously weighed

against the prejudice to plaintiff caused by a delay. The mere fact that additional time will pass,

however, does not alone establish prejudice to the Plaintiff; to show prejudice "the plaintiff should

demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair

advantage from the stay." In re Herley Indus. Secs. Litig., 2007 U.S. Dist. LEXIS 27201, at *7 (E.D.

Pa. Apr. 11, 2007); see State Farm Mut. Automobile Ins. Co. v. Beckham-Easley, 2002 U.S. Dist.

LEXIS 17896, at *3 (E.D. Pa. Sept. 18 2002); Walsh Sec., 7 F. Supp. 2d at 528. Plaintiff has not

done so and, accordingly, "[a] stay would preserve Plaintiffs' rights in both fora and would not

prematurely terminate this civil action." Warner, 2007 U.S. Dist. LEXIS 3570, at *7. Moreover,

-13-

here, any delay would be minimized by the advanced stage of the criminal proceeding in Illinois. For these reasons, the Court finds that "plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay" weighs in favor of staying this action.

_____Fourth, a stay would clearly benefit Defendant Honora. The Fifth Amendment concerns discussed above apply to this factor as well, as Defendant Honora will be better positioned to depose Plaintiff with regard to the civil claims once the criminal proceedings have concluded.

_____As to the fifth and sixth factors, the Court finds that the interests of the Court and the public weigh in favor of staying Plaintiff's civil claims at this time. The Court and the public are both better served by concluding the criminal charges before addressing the related civil claims because it will permit "the criminal prosecution of [plaintiff] to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case." Maloney v. Gordon, 328 F. Supp.2d 508, 510 (D. Del. 2004) (internal citations omitted); Tobin v. Gordon, 2004 U.S. Dist. LEXIS 25812, at *5-6 (D. Del. Dec. 15, 2004) (same); Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."); see also United States SEC v. Ott, 2006 U.S. Dist. LEXIS 86541 (D.N.J. Nov. 29, 2006) ("The interest of judicial economy is served because there is a reasonable expectation that the criminal investigation could clarify and define some issues in the civil matter.").

_____Having considered each of the Walsh factors, this Court will stay Plaintiff's civil claims pending the outcome of his related criminal proceedings. This matter, and all applications and motions that are pending at the time of this Opinion and Order, may hereby be reopened upon

-14-

application of either party within (90) days of the conclusion of the criminal proceedings.[7]

## **CONCLUSION**

_____For the reasons stated, Plaintiff's motion for a preliminary injunction and/or temporary restraining order is **denied**; Plaintiff's motion for leave to amend his complaint to add a claim for denial of medical treatment is **denied**; Plaintiff's motion for an extension of time to serve his amended complaint is **denied without prejudice**; Plaintiff's motion to substitute Detective Stephano Braccini for "Detective Stevens" and/or "John Doe #7" in his Amended Complaint is **denied without prejudice**; Defendant Pat Quinn's motion to dismiss Plaintiff's claim is **granted**; Defendant Chicago Police Department's motion to dismiss Plaintiff's claim is **granted**; Defendant Detective Honora's motion to stay this matter pending Plaintiff's parallel criminal matters is **granted**.

S/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          February  23  , 2010
Original:     Clerk's Office
cc:             All Counsel of Record
                 The Honorable Mark Falk, U.S.M.J.
                 File

---

[7] Among the pending motions is a motion for default judgment by Plaintiff (Docket Entry No. 105). Therein, Plaintiff moves for default as to a number of Defendants, many of whom were dismissed from this action. For such Defendants, Plaintiff motion for default is now moot. Nonetheless, the Court will permit Plaintiff to renew his motion as to any parties remaining in action this within (90) days of the conclusion of the criminal proceedings.

