# EXHIBIT B

**(Tucker v. N.Y. Police Dep't et al. Docoket Sheet)**

ADMCLOSED, APPEAL

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:08-cv-02156-DMC -MF

TUCKER v. NEW YORK POLICE DEPARTMENT et al

Assigned to: Judge Dennis M. Cavanaugh

Referred to: Magistrate Judge Mark Falk

Case in other court: Third Circuit, 08-04063

           USCA for the Third Circuit, 10-01892

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/02/2008

Date Terminated: 02/23/2010

Jury Demand: Plaintiff

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**EMERSON TUCKER**

           represented by  **EMERSON TUCKER**
                               #20080003014
                               COOK COUNTY JAIL
                               P.O. BOX 089002
                               CHICAGO, IL 60608
                               PRO SE

V.

**Defendant**

**NEW YORK POLICE DEPARTMENT**
*TERMINATED: 08/31/2009*

           represented by  **ELIZABETH WIZEMAN DOLLIN**
                               LAW DEPARTMENT OF THE CITY OF NEW YORK
                               100 CHURCH STREET
                               NEW YORK, NY 10007
                               (212) 788-0542
                               Email: edollin@law.nyc.gov
                               *LEAD ATTORNEY*
                               *ATTORNEY TO BE NOTICED*

**Defendant**

**DEXTER HONORA**
*New York Police Detective, Badge # 2196*

           represented by  **ELIZABETH WIZEMAN DOLLIN**
                               (See above for address)
                               *LEAD ATTORNEY*
                               *ATTORNEY TO BE NOTICED*

**Defendant**

**STEVEN**
*New York Police Detective*
*TERMINATED: 05/11/2009*

**Defendant**

**THOMAS**

*New York Police Det.*
*TERMINATED: 05/11/2009*

**Defendant**

**NEW YORK POLICE**
**DETECTIVES JOHN DOE # 1 TO 6**
*TERMINATED: 05/11/2009*

**Defendant**

**NEW YORK POLICE PRECINT**
**#84 AT 300 GOLD STREET IN**
**BROOKLYN, N.Y.**
*TERMINATED: 11/18/2008*

**Defendant**

**CITY OF BROOKLYN**                    represented by **ELIZABETH WIZEMAN DOLLIN**
*TERMINATED: 08/31/2009*                    (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**THE OFFICE OF THE DISTRICT**
**ATTORNEY, KINGS COUNTY**
*TERMINATED: 11/18/2008*

**Defendant**

**CITY OF NEW YORK**                    represented by **ELIZABETH WIZEMAN DOLLIN**
*TERMINATED: 08/31/2009*                    (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **JOHN BOATNER NANCE**
                                             CITY OF NEWARK
                                             DEPARTMENT OF LAW
                                             920 BROAD STREET
                                             ROOM 316
                                             NEWARK, NJ 07105
                                             973-733-8715
                                             Fax: 973-733-5394
                                             Email: nancejo@ci.newark.nj.us
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF THE DISTRICT**
**ATTORNEY, NEW YORK**
*TERMINATED: 11/18/2008*

**Defendant**

**DISTRICT ATTORNEY, NEW
YORK COUNTY**
*TERMINATED: 11/18/2008*

**Defendant**

**MIKE BLOOMBERG**                          represented by    **ELIZABETH WIZEMAN DOLLIN**
*Mayor of New York City*                                     (See above for address)
*TERMINATED: 08/31/2009*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**NEW YORK CITY DEPARTMENT**                represented by    **ELIZABETH WIZEMAN DOLLIN**
**OF CORRECTIONS, THE**                                      (See above for address)
*TERMINATED: 11/18/2008*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**NEW YORK CITY DEPARTMENT**                represented by    **ELIZABETH WIZEMAN DOLLIN**
**OF CORRECTIONS**                                           (See above for address)
*TERMINATED: 08/31/2009*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**MARTIN HORN**                             represented by    **ELIZABETH WIZEMAN DOLLIN**
*TERMINATED: 08/31/2009*                                     (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**COMMISSIONER OF NEW YORK**                represented by    **ELIZABETH WIZEMAN DOLLIN**
**CITY DEPT. OF CORR.**                                      (See above for address)
*TERMINATED: 08/31/2009*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**CIVILIAN COMPLAINT REVIEW**               represented by    **ELIZABETH WIZEMAN DOLLIN**
**BOARD(C.C.R.B.)**                                          (See above for address)
*TERMINATED: 08/31/2009*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**UNIDENTIFIED JOHN/JANE
DOES OF THE CITIES OF BOTH
NEW ORK AND BROOKLYN**
*TERMINATED: 11/18/2008*

**Defendant**

**CITY OF NEWARK, N.J.**
*TERMINATED: 08/31/2009*

**Defendant**

**POLICE DEPARTMENT OF
NEWARK, N.J.**
*TERMINATED: 08/31/2009*

represented by **JOHN BOATNER NANCE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MAYOR OF CITY OF NEWARK,
N.J.**
*TERMINATED: 11/18/2008*

**Defendant**

**PAULA DOW**
*Essex County Prosecutor*
*TERMINATED: 11/18/2008*

**Defendant**

**JON CORZINE**
*Governor of New Jersey*
*TERMINATED: 08/31/2009*

**Defendant**

**UNIDENTIFIED JOHN /JANE
DOES OF THE CITY OF
NEWARK, N.J.**
*TERMINATED: 11/18/2008*

**Defendant**

**CITY OF CHICAGO**
*TERMINATED: 08/31/2009*

**Defendant**

**JOHN CLIMACK**
*Detective*

**Defendant**

**CARLO**
*Detective*

**Defendant**

**JODY P. WEIS**
*Superintendent of Police of Chicago*
*TERMINATED: 08/31/2009*

**Defendant**

**OFFICE OF DISTRICT
ATTORNEY, COOK COUNTY**
*TERMINATED: 11/18/2008*

**Defendant**

**ANITA ALVERZ**
*District Attorney , Cook County*
*TERMINATED: 11/18/2008*

**Defendant**

**UNIDENTIFIED JOHN/JANE
DOES OF CHICAGO**
*TERMINATED: 11/18/2008*

**Defendant**

**THOMAS DART**
*Sheriff of Cook County*
*TERMINATED: 08/31/2009*

**Defendant**

**UNIDENTIFIED JOHN/JANE
DOES OF CHICAGO, ILLINOIS**
*TERMINATED: 11/18/2008*

**Defendant**

**MARGO GREEN**
*a License Day-Care Provider of the
State of New Jersey*

**Defendant**

**DAY-CARE CENTER OF MARGO
GREEN**

**Defendant**

**CHICAGO SUN-TIMES
NEWSPAPER**

**Defendant**

**CHICAGO TRIBUNE NEWS-
PAPER**                          represented by  **BRUCE S. ROSEN**
                                                 MCCUSKER, ANSELMI, ROSEN,
                                                 CARVELLI & WALSH, PC
                                                 210 PARK AVENUE, SUITE 301
                                                 PO BOX 240
                                                 FLORHAM PARK, NJ 07932
                                                 (973) 635-6300
                                                 Fax: (973) 635-6363
                                                 Email: brosen@marc-law.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**STAR-LEDGER NEWSPAPER OF
NEWARK, N.J.**                   represented by  **KEITH J. MILLER**
                                                 ROBINSON, WETTRE & MILLER

LLC
ONE NEWARK CENTER
19TH FLOOR
NEWARK, NJ 07102
(973) 690-5400
Fax: (973) 466-2760
Email: kmiller@rwmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEW YORK TIMES NEWSPAPER**          represented by **BRUCE S. ROSEN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEW YORK POST NEWSPAPER**          represented by **BART G. VAN DE WEGHE**
HOGAN & HARTSON LLP
875 THIRD AVENUE
NEW YORK, NY 10022
212-918-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**THEODORE J. MLYNAR**
HOGAN & HARTSON LLP
875 THIRD AVENUE
NEW YORK, NY 10022
212-918-3000
Email: tjmlynar@hhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEW YORK DAILY NEWSPAPER**          represented by **ROBERT D BALIN**
DAVIS WRIGHT TREMAINE LLP
1633 BROADWAY
NEW YORK, NY 10019
(212) 489-8230
Email: robbalin@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS TELEVISION NEWS
BROADCAST**

**Defendant**

**ABC TELEVISION NEWS**          represented by **MICHAEL LOUIS BERRY**

**BROASDCAST**

LEVINE SULLIVAN KOCH & SCHULZ
2112 WALNUT STREET
THIRD FLOOR
PHILADELPHIA, PA 19103
215-988-9778
Email: mberry@lskslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NBC TELEVISION BROADCAST**

**Defendant**

**CNN CABLE NEWS NETWORK**

**Defendant**

**JOHN/JANE DOE #7 AND 8**

**Defendant**

**JOHN DOE #4 AND 5**

**Defendant**

**N.Y.P.D.**
**DETECTIVE/SUPERVISOR**

**Defendant**

**RAY KELLY**
*COMMISSIONER OF THE N.Y.P.D.*
*TERMINATED: 08/31/2009*

represented by **ELIZABETH WIZEMAN DOLLIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MIKE PALLADINO**
*PRESIDENT OF THE DETECTIVES*
*ENDOWMENT ASSOCIATION OF*
*THE N.Y.P.D.*

**Defendant**

**NEW YORK COUNTY**

**Defendant**

**OFFICE OF DISTRICT**
**ATTORNEY**
*TERMINATED: 08/31/2009*

**Defendant**

**ROBERT M. MORGENTHAN**

**Defendant**

**JOHN/JANE DOE #1 AND 2**
*OFFICERS OF N.Y.C. DEPT. OF CORR.*

**Defendant**

**ELIOT SPITZER**
*FORMER GOVERNOR OF THE STATE OF NEW YORK*

**Defendant**

**SHERMAN HOTEL**

**Defendant**

**KINGS COUNTY, NEW YORK**                represented by    **ELIZABETH WIZEMAN DOLLIN**
*TERMINATED: 08/31/2009*                                                 (See above for address)
                                                                                        *LEAD ATTORNEY*
                                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**ESSEX COUNTY**                                    represented by    **ALAN R. RUDDY**
*TERMINATED: 08/31/2009*                                                 OFFICE OF THE ESSEX COUNTY
                                                                                        COUNSEL
                                                                                        HALL OF RECORDS
                                                                                        465 DR. MARTIN LUTHER KING
                                                                                        BOULEVARD
                                                                                        ROOM 535
                                                                                        NEWARK, NJ 07102
                                                                                        (973) 621-5021
                                                                                        Email:
                                                                                        aruddy@counsel.essexcountynj.org
                                                                                        *LEAD ATTORNEY*
                                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**CHICAGO POLICE**                                represented by    **RUTH V. SIMON**
**DEPARTMENT**                                                               CLAUSEN MILLER P.C.
                                                                                        ONE GATEHALL DRIVE
                                                                                        SUITE 203
                                                                                        PARSIPPANY, NJ 07054
                                                                                        (973) 401-0470
                                                                                        Email: rsimon@clausen.com
                                                                                        *LEAD ATTORNEY*
                                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**ERIKA MARTINEZ**
*JOURNALIST*

**Defendant**

**COOK COUNTY, ILLINOIS**
*AN ILLINOIS MUNICIPAL*
*CORPORATION*

**Defendant**

**ROD R. BLAGOJEVICH**
*FORMER GOVERNOR OF THE*
*STATE OF ILLINOIS*

represented by **JAMES MARTIN BENNETT**
OFFICE OF THE NJ ATTORNEY
GENERAL
PO BOX 119
TRENTON, NJ 08625-0119
(609) 984-2901
Email:
james.bennett@dol.lps.state.nj.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chicago Tribune Company**

represented by **BRUCE S. ROSEN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NBC TELEVISION BROADCAST**

represented by **BRUCE S. ROSEN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2008 | 1 | Complaint Received. (Attachments: # 1 IFP APPL AND FINANCIAL AFFV, # 2 COVER LETTER, # 3 COPY OF ENVELOPE)(dr, ) (Entered: 05/06/2008) |
| 05/30/2008 | 2 | Letter from Emerson Tucker re: status of case. (jd, ) (Entered: 06/02/2008) |
| 06/12/2008 | 3 | LETTER-ORDER directing litigant to subm. estimates of the time needed to complete disc. not later than 7/10/08 & whether or not parties will be added, amended pleadings or make dispositive motions.. Signed by Magistrate Judge Mark Falk on 6/10/08. (DD, ) (Entered: 06/12/2008) |
| 07/07/2008 | 4 | LETTER ORDER vacating the 6/12/08 Order inadvertently issued regarding proposed scheduling issues. Signed by Magistrate Judge Mark Falk on 7/7/08. (sr, ) (Entered: 07/07/2008) |
| 07/18/2008 | 5 | ORDERED that Petitioner's motion to proceed ifp is granted; ORDERED that the Clk of the Court file the Cmp and isssue summons. re 1 Complaint Received. Signed by Judge Dennis M. Cavanaugh on 7/18/08. (dr, ) (Entered: 07/22/2008) |

| 07/18/2008 | 6 | COMPLAINT re 1 against CITY OF NEW YORK, OFFICE OF THE DISTRICT ATTORNEY, NEW YORK, DISTRICT ATTORNEY, NEW YORK COUNTY, MIKE BLOOMBERG, NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE, NEW YORK CITY DEPARTMENT OF CORRECTIONS, MARTIN HORN, COMMISSIONER OF NEW YORK CITY DEPT. OF CORR., CIVILIAN COMPLAINT REVIEW BOARD(C.C.R.B.), UNIDENTIFIED JOHN/JANE DOES OF THE CITIES OF BOTH NEW ORK AND BROOKLYN, CITY OF NEWARK, N.J., POLICE DEPARTMENT OF NEWARK, N.J., MAYOR OF CITY OF NEWARK, N.J., PAULA DOW, JON CORZINE, UNIDENTIFIED JOHN /JANE DOES OF THE CITY OF NEWARK, N.J., CITY OF CHICAGO, JOHN CLIMACK, CARLO, JODY P. WEIS, NEW YORK POLICE DEPARTMENT, OFFICE OF DISTRICT ATTORNEY, COOK COUNTY, ANITA ALVERZ, UNIDENTIFIED JOHN/JANE DOES OF CHICAGO, THOMAS DART, UNIDENTIFIED JOHN/JANE DOES OF CHICAGO, ILLINOIS, MARGO GREEN, DAY-CARE CENTER OF MARGO GREEN, CHICAGO SUN-TIMES NEWSPAPER, CHICAGO TRIBUNE NEWS-PAPER, STAR-LEDGER NEWSPAPER OF NEWARK, N.J., DEXTER HONORA, NEW YORK TIMES NEWSPAPER, NEW YORK POST NEWSPAPER, NEW YORK DAILY NEWSPAPER, CSB TELEVISION NEWS BROADCAST, ABC TELEVISION NEWS BROASDCAST, NBC TELEVISION BROADCAST, CNN CABLE NEWS NETWORK, STEVEN, THOMAS, NEW YORK POLICE DETECTIVES JOHN DOE # 1 TO 6, NEW YORK POLICE PRECINT #84 AT 300 GOLD STREET IN BROOKLYN, N.Y., CITY OF BROOKLYN, THE OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY (Filing fee $ 0. - IFP GRANTED) jury demand, filed by EMERSON TUCKER.(dr, ) (Entered: 07/22/2008) |
| 07/22/2008 | 7 | Summons Issued as to CITY OF NEW YORK, OFFICE OF THE DISTRICT ATTORNEY, NEW YORK, DISTRICT ATTORNEY, NEW YORK COUNTY, MIKE BLOOMBERG, NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE, NEW YORK CITY DEPARTMENT OF CORRECTIONS, MARTIN HORN, COMMISSIONER OF NEW YORK CITY DEPT. OF CORR., CIVILIAN COMPLAINT REVIEW BOARD (C.C.R.B.), UNIDENTIFIED JOHN/JANE DOES OF THE CITIES OF BOTH NEW ORK AND BROOKLYN, CITY OF NEWARK, N.J., POLICE DEPARTMENT OF NEWARK, N.J., MAYOR OF CITY OF NEWARK, N.J., PAULA DOW, JON CORZINE, UNIDENTIFIED JOHN /JANE DOES OF THE CITY OF NEWARK, N.J., CITY OF CHICAGO, JOHN CLIMACK, CARLO, JODY P. WEIS, NEW YORK POLICE DEPARTMENT, OFFICE OF DISTRICT ATTORNEY, COOK COUNTY, ANITA ALVERZ, UNIDENTIFIED JOHN/JANE DOES OF CHICAGO, THOMAS DART, UNIDENTIFIED JOHN/JANE DOES OF CHICAGO, ILLINOIS, MARGO GREEN, DAY-CARE CENTER OF MARGO GREEN, CHICAGO SUN-TIMES NEWSPAPER, CHICAGO TRIBUNE NEWS-PAPER, STAR-LEDGER NEWSPAPER OF NEWARK, N.J., DEXTER HONORA, NEW YORK TIMES NEWSPAPER, NEW YORK POST NEWSPAPER, NEW YORK DAILY NEWSPAPER, CSB TELEVISION NEWS BROADCAST, ABC TELEVISION NEWS BROASDCAST, NBC |

| | | TELEVISION BROADCAST, CNN CABLE NEWS NETWORK, STEVEN, THOMAS, NEW YORK POLICE DETECTIVES JOHN DOE # 1 TO 6, NEW YORK POLICE PRECINT #84 AT 300 GOLD STREET IN BROOKLYN, N.Y., CITY OF BROOKLYN, THE OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY. Days Due - 20.SUMMONS MAILED TO PRO SE PRISONER (dr, ) (Entered: 07/22/2008) |
|---|---|---|
| 08/11/2008 | 8 | ORDER VACATING re 5 Order granting Pltf's motion to proceed in forma pauperis.. Signed by Judge Dennis M. Cavanaugh on 8/11/08. (DD, ) (Entered: 08/11/2008) |
| 09/08/2008 | 10 | NOTICE OF APPEAL as to 8 Order by EMERSON TUCKER. USCA and counsel of record notified of appeal. No filing fee received. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ji, ) (Entered: 09/29/2008) |
| 09/26/2008 | 9 | USCA LETTER TO DISTRICT COURT CLERK re: forwarding notice of appeal on behalf of Emerson Tucker to District Court. (Attachments: # 1 clerk letter)(Davis, Laura) (Entered: 09/26/2008) |
| 09/30/2008 | 11 | USCA Case Number 08-4063 for 10 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by EMERSON TUCKER. USCA Case Manager Marianne Bowers (Document Restricted - Court Only) (ca3mb, ) (Entered: 10/01/2008) |
| 10/06/2008 | 12 | Letter from Emerson Tucker Re: updated IFP Appl. (Attachments: # 1 IFP appl. & financial affidavit)(sr, ) (Entered: 10/08/2008) |
| 10/10/2008 | 13 | ORDER of USCA (Attachments: # 1 Motion)(ca3mb, ) (Entered: 10/10/2008) |
| 10/22/2008 | 14 | MOTION for Reconsideration re 8 Order by EMERSON TUCKER. (Filed on 9/26/2008 as notice of appeal and returned from USCA to USDC) (mn, ) (Entered: 10/22/2008) |
| 10/22/2008 | | Setting Deadlines as to 14 MOTION for Reconsideration re 8 Order. Motion Hearing set for 11/3/2008 before Judge Dennis M. Cavanaugh. Please be advised that this motion will be decided on the papers unless otherwise notified by the Court. (mn, ) (Entered: 10/22/2008) |
| 11/18/2008 | 15 | OPINION. Signed by Judge Dennis M. Cavanaugh on 11/17/08. (DD, ) (Entered: 11/18/2008) |
| 11/18/2008 | 16 | ORDER granting IFP and directing Clerk to file the Complaint; ORDER that Clerk issue summons to be served upon Defendants NEW YORK CITY, NEW YORK POLICE DEPARTMENT, HONORA, STEVEN, THOMAS, CLIMACK AND CARLO, and when sufficiently identified, upon JOHN/JANE DOES 1-5 by the U.S. Marshal; ORDER that Clerk advise Plaintiff of the opportunity to apply for pro bono counsel; ORDER Directing Monthly Payments be made from Prison Account of EMERSON TUCKER. Signed by Judge Dennis M. Cavanaugh on 11/17/08. (ji, ) (Entered: 11/18/2008) |
| 11/18/2008 | 17 | COMPLAINT see document 1 against CITY OF NEW YORK, JOHN |

| | | CLIMACK, CARLO, NEW YORK POLICE DEPARTMENT, DEXTER HONORA, STEVEN, THOMAS, NEW YORK POLICE DETECTIVES JOHN DOE # 1 TO 6 JURY DEMAND (Filing fee: IFP granted), filed by EMERSON TUCKER.(ji, ) (Entered: 11/18/2008) |
|---|---|---|
| 11/20/2008 | 18 | Summons Issued as to CITY OF NEW YORK, JOHN CLIMACK, CARLO, NEW YORK POLICE DEPARTMENT, DEXTER HONORA, STEVEN, THOMAS, NEW YORK POLICE DETECTIVES JOHN DOE # 1 TO 6. Days Due - 20 (Placed in U.S. Marshal's Box). (ji, ) (Entered: 11/20/2008) |
| 11/20/2008 | 19 | Letter to Plaintiff re completion of USM 285 forms. (ji, ) (Entered: 11/20/2008) |
| 01/15/2009 | 20 | LETTER-ORDER granting Pltf's request to file Amended Cmp. by 3/1/09. There will be no further extensions.. Signed by Magistrate Judge Mark Falk on 1/14/09. (DD, ) (Entered: 01/15/2009) |
| 01/26/2009 | 21 | RETURN RECEIPT as to EMERSON TUCKER (DD, ) (Entered: 01/27/2009) |
| 02/06/2009 | 22 | USM SUMMONS Returned Executed CITY OF NEW YORK served on 12/16/2008, answer due 1/5/2009; JOHN CLIMACK served on 12/16/2008, answer due 1/5/2009; NEW YORK POLICE DEPARTMENT served on 12/16/2008, answer due 1/5/2009; DEXTER HONORA served on 12/16/2008, answer due 1/5/2009; STEVEN served on 12/16/2008, answer due 1/5/2009; THOMAS served on 12/16/2008, answer due 1/5/2009. (DD, ) (Entered: 02/09/2009) |
| 03/11/2009 | 23 | NOTICE of Appearance by ELIZABETH WIZEMAN DOLLIN on behalf of CITY OF NEW YORK (DOLLIN, ELIZABETH) (Entered: 03/11/2009) |
| 03/19/2009 | 24 | ORDER of USCA as to 10 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by EMERSON TUCKER dismissing case as moot in light of the District Court's Opinion and Order entered November 18, 2008 in which the District Court granted appellant leave to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. Section 1915(e) and allowed certain of his claims to proceed.(ca3mb, ) (Entered: 03/19/2009) |
| 03/20/2009 | 25 | AMENDED COMPLAINT against all defendants., filed by EMERSON TUCKER. (Attachments: # 1 cont'd, # 2 cont'd, # 3 cont'd, # 4 cont'd, # 5 cont'd, # 6 cont'd, # 7 cont'd, # 8 cont'd, # 9 cont'd, # 10 cont'd, # 11 cont'd, # 12 cont'd, # 13 cont'd, # 14 cont'd, # 15 cont'd, # 16 cont'd, # 17 cont'd, # 18 cont'd, # 19 cont'd)(DD, ) (Entered: 03/20/2009) |
| 03/26/2009 | 26 | ORDER EXTENDING TIME FOR DEFTS. to answer Amended Cmp. until 5/26/09.. Signed by Magistrate Judge Mark Falk on 3/24/09. (DD, ) (Entered: 03/26/2009) |
| 03/26/2009 | | Update Answer Due Deadline as to defts. to answer Amended Cmp. until 5/26/09. (DD, ) (Entered: 03/26/2009) |
| 03/30/2009 | 27 | ORDER EXTENDING TIME for defts. to answer Amended Cmp. until 5/26/09.. Signed by Magistrate Judge Mark Falk on 3/24/09. (DD, ) (Entered: 03/30/2009) |

| 03/30/2009 | | Update Answer Due Deadline as to defts. until 5/26/09. (DD, ) (Entered: 03/30/2009) |
|---|---|---|
| 04/06/2009 | 28 | OPINION. Signed by Judge Dennis M. Cavanaugh on 4/6/09. (DD, ) (Entered: 04/06/2009) |
| 04/06/2009 | 29 | ORDER that Pltf's appl. for an extension of time to file an Amended Cmp. is denied as moot; that Pltf's request for pro bono counsel is denied w/out prejudice; that Pltf's request for access to the law library on the conditions sought is denied; that Pltf's request for issuance of a subpoena upon parties is denied w/out prejudice; that Pltf's request for issuance of subpoena upon Prosecutor Robert Robertson is denied; that Pltf's request for disc. from Chicago Police Dept. Detectives is denied w/out prejudice; that Pltf's appl. for Permanent or TRO is denied; that Pltf's motion for the attachment of certain Defts' property is denied; that Pltf's motion for the issuance of arrest warrants for certain Defts. is denied; that Pltf's motion seeking this Court to take judicial notice of articles & docs is denied as moot.. Signed by Judge Dennis M. Cavanaugh on 4/6/09. (DD, ) (Entered: 04/06/2009) |
| 04/14/2009 | 30 | Letter from EMERSON TUCKER requesting copy of docket entries [mailed to pro se] (DD, ) (Entered: 04/15/2009) |
| 05/07/2009 | 31 | ORDER that the Clerk of the Court is directed to serve Pltf's Amended Cmp. on the remaining Defts.. Signed by Judge Dennis M. Cavanaugh on 5/1/09. (DD, ) (Entered: 05/07/2009) |
| 05/15/2009 | 32 | SUMMONS ON AMENDED CMP. ISSUED as to CITY OF NEW YORK, MIKE BLOOMBERG, NEW YORK CITY DEPARTMENT OF CORRECTIONS, MARTIN HORN, COMMISSIONER OF NEW YORK CITY DEPT. OF CORR., CIVILIAN COMPLAINT REVIEW BOARD (C.C.R.B.), CITY OF NEWARK, N.J., POLICE DEPARTMENT OF NEWARK, N.J., CITY OF CHICAGO, JOHN CLIMACK, CARLO, JODY P. WEIS, NEW YORK POLICE DEPARTMENT, THOMAS DART, MARGO GREEN, DAY-CARE CENTER OF MARGO GREEN, CHICAGO SUN-TIMES NEWSPAPER, CHICAGO TRIBUNE NEWS-PAPER, STAR-LEDGER NEWSPAPER OF NEWARK, N.J., DEXTER HONORA, NEW YORK TIMES NEWSPAPER, NEW YORK POST NEWSPAPER, NEW YORK DAILY NEWSPAPER, CBS TELEVISION NEWS BROADCAST, ABC TELEVISION NEWS BROADCAST, NBC TELEVISION BROADCAST, CNN CABLE NEWS NETWORK, CITY OF BROOKLYN with answer to complaint due within *10* days. [placed in USM Box] (DD, ) (Entered: 05/15/2009) |
| 05/15/2009 | 33 | SUMMONS ON AMENDED CMP. ISSUED as to N.Y.P.D. DETECTIVE/SUPERVISOR, RAY KELLY, MIKE PALLADINO, NEW YORK COUNTY, OFFICE OF DISTRICT ATTORNEY, ROBERT M. MORGENTHAN, JOHN/JANE DOE #1 AND 2, ELIOT SPITZER, SHERMAN HOTEL, KINGS COUNTY, NEW YORK, ESSEX COUNTY, CHICAGO POLICE DEPARTMENT, ERIKA MARTINEZ, COOK COUNTY, ILLINOIS, ROD R. BLAGOJEVICH with answer to complaint due within *20* days. [placed in USM Box] (DD, ) (Entered: 05/15/2009) |

| 05/15/2009 | 34 | transmittal letter w/attached USM 285 forms mailed to pro se, Emerson Tucker to be completed for each named deft. to be served. (DD, ) (Entered: 05/15/2009) |
| 05/26/2009 | 35 | ANSWER to Amended Complaint by DEXTER HONORA.(DOLLIN, ELIZABETH) (Entered: 05/26/2009) |
| 05/29/2009 | 36 | Letter from Emerson Tucker requesting copy of amended complaint. (sr, ) (Entered: 06/03/2009) |
| 06/08/2009 | 37 | LETTER-MOTION for Renewed Preliminary Injunction, MOTION to Amend/Correct, MOTION for Extension of Time to file Amended Cmp. by EMERSON TUCKER. (Attachments: # 1 Certificate of Service)(DD, ) (Entered: 06/10/2009) |
| 06/10/2009 |  | Set Deadlines as to 37 MOTION for Preliminary Injunction MOTION to Amend/Correct MOTION for Extension of Time to File Answer. Motion set for 7/6/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 06/10/2009) |
| 06/11/2009 | 38 | LETTER ORDER pursuant to Rule 16.1. Signed by Magistrate Judge Mark Falk on 6/10/09. (LM, ) (Entered: 06/11/2009) |
| 06/16/2009 | 39 | Letter from NYC Law Department. (DOLLIN, ELIZABETH) (Entered: 06/16/2009) |
| 06/16/2009 | 40 | BRIEF in Opposition re 37 MOTION for Preliminary Injunction MOTION to Amend/Correct MOTION for Extension of Time to File Answer filed by DEXTER HONORA. (DOLLIN, ELIZABETH) (Entered: 06/16/2009) |
| 07/02/2009 | 41 | RESPONSE. (Attachments: # 1 Exhibit US Marshal Process Receipt, # 2 Exhibit US Marshal Process Receipt)(DOLLIN, ELIZABETH) (Entered: 07/02/2009) |
| 07/02/2009 | 42 | Letter from Elizabeth W. Dollin. (DOLLIN, ELIZABETH) (Entered: 07/02/2009) |
| 07/13/2009 | 43 | RESPONSE by EMERSON TUCKER re 38 Order. (DD, ) (Entered: 07/13/2009) |
| 07/13/2009 | 44 | AMENDED RESPONSE by EMERSON TUCKER re 38 Order. (DD, ) (Entered: 07/13/2009) |
| 07/13/2009 | 45 | APPLICATION/PETITION to amend by EMERSON TUCKER. (Attachments: # 1 Certificate of Service)(DD, ) (Entered: 07/13/2009) |
| 07/16/2009 | 46 | NOTICE of Appearance by MICHAEL LOUIS BERRY on behalf of ABC TELEVISION NEWS BROASDCAST (BERRY, MICHAEL) (Entered: 07/16/2009) |
| 07/16/2009 | 47 | Corporate Disclosure Statement by ABC TELEVISION NEWS BROASDCAST identifying The Walt Disney Company as Corporate Parent.. (BERRY, MICHAEL) (Entered: 07/16/2009) |

| 07/16/2009 | 48 | Application and Proposed Order for Clerk's Order to extend time to answer. (BERRY, MICHAEL) (Entered: 07/16/2009) |
|---|---|---|
| 07/16/2009 | 49 | Application and Proposed Order for Clerk's Order to extend time to answer as to defendant City of Newark (including the improperly pled Police Department of Newark). Attorney JOHN BOATNER NANCE and JOHN BOATNER NANCE for CITY OF NEW YORK and POLICE DEPARTMENT OF NEWARK, N.J. added. (NANCE, JOHN) (Entered: 07/16/2009) |
| 07/17/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #48 submitted by (M. BERRY) on (7/16/09) has been GRANTED. The answer due date has been set for (8/14/09). (DD, ) (Entered: 07/17/2009) |
| 07/17/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #49 submitted by (J. NANCE) on (7/16/09) has been GRANTED. The answer due date has been set for (8/13/09). (DD, ) (Entered: 07/17/2009) |
| 07/20/2009 | 50 | NOTICE of Appearance by ROBERT D BALIN on behalf of NEW YORK DAILY NEWSPAPER (BALIN, ROBERT) (Entered: 07/20/2009) |
| 07/20/2009 | 51 | Corporate Disclosure Statement by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: 07/20/2009) |
| 07/20/2009 | 52 | Application and Proposed Order for Clerk's Order to extend time to answer. (BALIN, ROBERT) (Entered: 07/20/2009) |
| 07/21/2009 | 53 | NOTICE of Appearance by ELIZABETH WIZEMAN DOLLIN on behalf of CIVILIAN COMPLAINT REVIEW BOARD(C.C.R.B.) (DOLLIN, ELIZABETH) (Entered: 07/21/2009) |
| 07/21/2009 | 54 | First MOTION for Extension of Time to File Answer by CIVILIAN COMPLAINT REVIEW BOARD(C.C.R.B.). (DOLLIN, ELIZABETH) (Entered: 07/21/2009) |
| 07/21/2009 | 55 | First MOTION for Extension of Time to File Answer by NEW YORK POLICE DEPARTMENT. (DOLLIN, ELIZABETH) (Entered: 07/21/2009) |
| 07/22/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #'s 54 & 55 submitted by (ELIZABETH DOLLIN) on (7/21/09) has been GRANTED. The answer due date has been set for (8/14/09). (DD, ) (Entered: 07/22/2009) |
| 07/22/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #52 submitted by (ROBERT BALIN) on (7/20/09) has been GRANTED. The answer due date has been set for (8/14/09). (DD, ) (Entered: 07/22/2009) |
| 07/23/2009 | 56 | Letter from Elizabeth W. Dollin. (DOLLIN, ELIZABETH) (Entered: 07/23/2009) |
| 07/24/2009 | 57 | Letter from Alan Ruddy. (RUDDY, ALAN) (Entered: 07/24/2009) |

| 07/24/2009 | 58 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by MIKE BLOOMBERG. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
|---|---|---|
| 07/24/2009 | 59 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by CITY OF BROOKLYN. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 60 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by MARTIN HORN. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 61 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by KINGS COUNTY, NEW YORK. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 62 | First MOTION for Extension of Time to File Answer *Frist Amended Complaint* by NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 63 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by CITY OF NEW YORK. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 64 | First MOTION for Extension of Time to File Answer *First Amended Complaint* by RAY KELLY. (DOLLIN, ELIZABETH) (Entered: 07/24/2009) |
| 07/24/2009 | 65 | NOTICE of Appearance by BRUCE S. ROSEN on behalf of NEW YORK TIMES NEWSPAPER (ROSEN, BRUCE) (Entered: 07/24/2009) |
| 07/24/2009 | 66 | Letter from Bruce S. Rosen confirming extension of time to Answer or Reply to Complaint until August 14, 2009. (ROSEN, BRUCE) (Entered: 07/24/2009) |
| 07/27/2009 | 67 | NOTICE of Appearance by BART G. VAN DE WEGHE on behalf of NEW YORK POST NEWSPAPER (VAN DE WEGHE, BART) (Entered: 07/27/2009) |
| 07/27/2009 | 68 | Corporate Disclosure Statement by NEW YORK POST NEWSPAPER identifying News Corporation as Corporate Parent.. (VAN DE WEGHE, BART) (Entered: 07/27/2009) |
| 07/27/2009 | 69 | Application and Proposed Order for Clerk's Order to extend time to answer. (VAN DE WEGHE, BART) (Entered: 07/27/2009) |
| 07/27/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #57 submitted by (ALAN RUDDY) on (7/24/09) has been GRANTED. The answer due date has been set for (8/18/09). (DD, ) (Entered: 08/10/2009) |
| 07/28/2009 | | CLERK'S TEXT ORDER granting clerk's extension RE: doc nos. 58-64 Update Answer Due Deadline as to defts Bloomberg, City of Brooklyn, Horn, Kings Cnty. NY, NYC Dept. Corr., City of NY, Kelly until 8/18/09 (sr, ) |

|  |  | (Entered: 07/28/2009) |
|---|---|---|
| 07/28/2009 |  | CLERK'S TEXT ORDER granting Clerk's extension (doc #69) Update Answer Due Deadline as to deft NY Post until 8/14/09 (sr, ) (Entered: 07/28/2009) |
| 07/28/2009 | 70 | USM Service SUMMONS Returned Executed by EMERSON TUCKER. ESSEX COUNTY served on 7/13/2009, answer due 8/3/2009; CITY OF NEWARK, N.J. served on 7/9/2009, answer due 7/29/2009; POLICE DEPARTMENT OF NEWARK, N.J. served on 7/9/2009, answer due 7/29/2009; STAR-LEDGER NEWSPAPER OF NEWARK, N.J. served on 7/9/2009, answer due 7/29/2009. (jd, ) (Entered: 07/29/2009) |
| 07/29/2009 | 71 | Application and Proposed Order for Clerk's Order to extend time to answer as to defendant Newark Morning Ledger Co., publisher of The Star-Ledger.. (MILLER, KEITH) (Entered: 07/29/2009) |
| 07/29/2009 | 72 | NOTICE of Appearance by KEITH J. MILLER on behalf of STAR-LEDGER NEWSPAPER OF NEWARK, N.J. (MILLER, KEITH) (Entered: 07/29/2009) |
| 07/31/2009 | 73 | Certification of OF ATTEMPTED SERVICE BY FIRST CLASS MAIL ON PRO SE PLAINTIFF on behalf of NEW YORK DAILY NEWSPAPER Re 52 Application for Clerk's Order to Ext Answer/Proposed Order, 50 Notice of Appearance, 51 Corporate Disclosure Statement. (BALIN, ROBERT) (Entered: 07/31/2009) |
| 07/31/2009 |  | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #71 submitted by K. MILLER on 7/29/2009 has been GRANTED. The answer due date has been set for 8/13/2009 (nr, ) (Entered: 07/31/2009) |
| 08/05/2009 | 76 | USM SUMMONS Returned Executed RAY KELLY served on 7/10/2009, answer due 7/30/2009; MIKE PALLADINO served on 7/10/2009, answer due 7/30/2009; OFFICE OF DISTRICT ATTORNEY served on 7/10/2009, answer due 7/30/2009; ROBERT M. MORGENTHAN served on 7/10/2009, answer due 7/30/2009; KINGS COUNTY, NEW YORK served on 7/13/2009, answer due 8/3/2009; COOK COUNTY, ILLINOIS served on 7/28/2009, answer due 8/17/2009; ROD R. BLAGOJEVICH served on 7/28/2009, answer due 8/17/2009. (DD, ) (DD, ). (Entered: 08/13/2009) |
| 08/05/2009 | 77 | USM SUMMONS Returned Executed CITY OF NEW YORK served on 7/10/2009, answer due 7/20/2009; MIKE BLOOMBERG served on 7/10/2009, answer due 7/20/2009; NEW YORK COUNTY served on 7/10/2009, answer due 7/20/2009; NEW YORK CITY DEPARTMENT OF CORRECTIONS served on 7/10/2009, answer due 7/20/2009; MARTIN HORN served on 7/10/2009, answer due 7/20/2009; CIVILIAN COMPLAINT REVIEW BOARD(C.C.R.B.) served on 7/10/2009, answer due 7/20/2009; CITY OF CHICAGO served on 7/28/2009, answer due 8/7/2009; NEW YORK POLICE DEPARTMENT served on 7/10/2009, answer due 7/20/2009; THOMAS DART served on 7/28/2009, answer due 8/7/2009; DEXTER HONORA served on 7/22/2009, answer due 8/1/2009; NEW YORK TIMES NEWSPAPER served on 7/10/2009, answer due |

| | | |
|---|---|---|
| | | 7/20/2009; NEW YORK POST NEWSPAPER served on 7/10/2009, answer due 7/20/2009; NEW YORK DAILY NEWSPAPER served on 7/10/2009, answer due 7/20/2009; ABC TELEVISION NEWS BROASDCAST served on 7/10/2009, answer due 7/20/2009; CITY OF BROOKLYN served on 7/13/2009, answer due 7/23/2009. (DD, ) (Entered: 08/13/2009) |
| 08/05/2009 | 78 | USM Summons Returned Unexecuted as to SHERMAN HOTEL, ERIKA MARTINEZ, CBS TELEVISION NEWS BROADCAST. (DD, ) (Entered: 08/13/2009) |
| 08/12/2009 | 74 | MOTION to Dismiss by STAR-LEDGER NEWSPAPER OF NEWARK, N.J.. Responses due by 8/24/2009 (Attachments: # 1 Brief, # 2 Certification of Thomas Curran, # 3 Text of Proposed Order)(MILLER, KEITH) (Entered: 08/12/2009) |
| 08/12/2009 | 75 | Letter. (NANCE, JOHN) (Entered: 08/12/2009) |
| 08/13/2009 | | Set Deadlines as to 74 MOTION to Dismiss. Motion set for 9/8/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/13/2009) |
| 08/13/2009 | 79 | MOTION to Dismiss by ABC TELEVISION NEWS BROASDCAST. Responses due by 8/24/2009 (Attachments: # 1 Motion to Dismiss, # 2 Brief in Support of Motion to Dismiss, # 3 Declaration of Michael Berry, # 4 Exhibit to Declaration of Michael Berry, # 5 Text of Proposed Order) (BERRY, MICHAEL) (Entered: 08/13/2009) |
| 08/13/2009 | 80 | First MOTION to Dismiss *Pursuant to Fed. R. 12(b)(6)* by NEW YORK CITY DEPARTMENT OF CORRECTIONS, CIVILIAN COMPLAINT REVIEW BOARD(C.C.R.B.), NEW YORK POLICE DEPARTMENT. Responses due by 8/26/2009 (Attachments: # 1 Brief, # 2 Certificate of Service, # 3 Text of Proposed Order)(DOLLIN, ELIZABETH) (Entered: 08/13/2009) |
| 08/14/2009 | | Set Deadlines as to 80 First MOTION to Dismiss *Pursuant to Fed. R. 12(b) (6)*First MOTION to Dismiss *Pursuant to Fed. R. 12(b)(6)*, 79 MOTION to Dismiss. Motion set for 9/8/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/14/2009) |
| 08/14/2009 | 81 | MOTION to Dismiss *the Amended Complaint* by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: 08/14/2009) |
| 08/14/2009 | 82 | MEMORANDUM in Support re 81 MOTION to Dismiss *the Amended Complaint* filed by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: 08/14/2009) |
| 08/14/2009 | 83 | AFFIDAVIT in Support re 81 MOTION to Dismiss *the Amended Complaint* filed by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: 08/14/2009) |
| 08/14/2009 | 84 | Proposed Pretrial Order *Granting Motion to Dismiss Amended Complaint* by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: |

| | | |
|---|---|---|
| | | 08/14/2009) |
| 08/14/2009 | 85 | CERTIFICATE OF SERVICE by NEW YORK DAILY NEWSPAPER re 84 Proposed Pretrial Order, 81 MOTION to Dismiss *the Amended Complaint*, 83 Affidavit in Support of Motion, 82 Memorandum in Support of Motion (BALIN, ROBERT) (Entered: 08/14/2009) |
| 08/14/2009 | | Set Deadlines as to 81 MOTION to Dismiss *the Amended Complaint*. Motion set for 9/8/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/14/2009) |
| 08/14/2009 | 86 | MOTION to Dismiss *the Verified Amended Complaint of Plaintiff Emerson Tucker* by NEW YORK POST NEWSPAPER. Responses due by 8/24/2009 (Attachments: # 1 Brief, # 2 Text of Proposed Order)(VAN DE WEGHE, BART) (Entered: 08/14/2009) |
| 08/14/2009 | 87 | MOTION to Dismiss *the Amended Complaint* by NEW YORK TIMES NEWSPAPER. (Attachments: # 1 Brief in Support of Motion to Dismiss by New York Times Company, # 2 Declaration of Itai Mytal in Support of Motion to Dismiss by New York Times Co., # 3 Text of Proposed Order, # 4 Certificate of Service)(ROSEN, BRUCE) (Entered: 08/14/2009) |
| 08/14/2009 | 88 | MOTION to Dismiss *In Lieu of Answer* by ESSEX COUNTY. Responses due by 10/5/2009 (RUDDY, ALAN) (Entered: 08/14/2009) |
| 08/14/2009 | 89 | BRIEF in Support re 88 MOTION to Dismiss *In Lieu of Answer* filed by ESSEX COUNTY. (Attachments: # 1 Brief, # 2 Brief, # 3 Certification, # 4 Certificate of Service, # 5 Text of Proposed Order)(RUDDY, ALAN) (Entered: 08/14/2009) |
| 08/17/2009 | | Set Deadlines as to 86 MOTION to Dismiss *the Verified Amended Complaint of Plaintiff Emerson Tucker*, 87 MOTION to Dismiss *the Amended Complaint*. Motion set for 9/8/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/17/2009) |
| 08/17/2009 | | Set Deadlines as to 88 MOTION to Dismiss *In Lieu of Answer*. Motion set for 10/5/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/17/2009) |
| 08/17/2009 | 90 | Letter from Counsel for New York Times Co. Requesting Stay of Discovery Pending Decision on Motion to Dismiss. (Attachments: # 1 Document Requests from Plaintiff to NYT Co., # 2 Certificate of Service)(ROSEN, BRUCE) (Entered: 08/17/2009) |
| 08/18/2009 | 91 | First MOTION to Dismiss *Pursuant to Fed. R. 12(b)(6)* by CITY OF NEW YORK, MIKE BLOOMBERG, RAY KELLY, KINGS COUNTY, NEW YORK, MARTIN HORN, COMMISSIONER OF NEW YORK CITY DEPT. OF CORR., CITY OF BROOKLYN. Responses due by 9/15/2009 (Attachments: # 1 Certificate of Service, # 2 Brief Memo of Law In Support of Motion to Dismiss, # 3 Text of Proposed Order)(DOLLIN, ELIZABETH) |

| | | |
|---|---|---|
| | | (Entered: 08/18/2009) |
| 08/19/2009 | | Set Deadlines as to 91 First MOTION to Dismiss *Pursuant to Fed. R. 12(b) (6)*First MOTION to Dismiss *Pursuant to Fed. R. 12(b)(6)*. Motion set for 9/21/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 08/19/2009) |
| 08/24/2009 | 92 | MOTION for Extension of Time to File Answer re 18 Summons Issued *and Amended Complaint* by Chicago Tribune Company. (ROSEN, BRUCE) (Entered: 08/24/2009) |
| 08/24/2009 | 93 | Amended MOTION for Extension of Time to File Answer by CHICAGO TRIBUNE NEWS-PAPER. (ROSEN, BRUCE) (Entered: 08/24/2009) |
| 08/25/2009 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document #93 submitted by (BRUCE ROSEN) on (8/24/09) has been GRANTED. The answer due date has been set for (9/22/09). (DD, ) (Entered: 08/25/2009) |
| 08/26/2009 | 94 | Letter from Counsel for American Broadcasting Companies, Inc. Regarding Service of Motion to Dismiss re 79 MOTION to Dismiss. (BERRY, MICHAEL) (Entered: 08/26/2009) |
| 08/27/2009 | 95 | SUGGESTION OF BANKRUPTCY Upon the Record *on behalf of parent corporation the Tribune Company and the Chicago Tribune Company, filed* by CHICAGO TRIBUNE NEWS-PAPER. (ROSEN, BRUCE) (Entered: 08/27/2009) |
| 08/31/2009 | 96 | ORDER terminating 80 Motion to Dismiss; terminating 88 Motion to Dismiss; terminating 91 Motion to Dismiss; and dismissing various defts., etc., Signed by Judge Dennis M. Cavanaugh on 8/31/09. (dc, ) (Entered: 08/31/2009) |
| 09/08/2009 | 97 | MOTION to Dismiss *by NBC Universal Inc., erroneously named as "NBC Televisison Broadcast"* by NBC TELEVISION BROADCAST. (Attachments: # 1 Brief in Support of Motion to Dismiss, # 2 Declaration of Julie Rikelman in Support of MTD, # 3 Text of Proposed Order, # 4 Certificate of Service)(ROSEN, BRUCE) (Entered: 09/08/2009) |
| 09/08/2009 | 98 | Corporate Disclosure Statement by NBC TELEVISION BROADCAST identifying General Electric Co. and Vivendi Universal S.A. as Corporate Parent.. (ROSEN, BRUCE) (Entered: 09/08/2009) |
| 09/09/2009 | 99 | USM Summons Returned Unexecuted as to ELIOT SPITZER. (DD, ) (Entered: 09/11/2009) |
| 09/09/2009 | 100 | USM SUMMONS ON AMENDED CMP. Returned Executed CHICAGO SUN-TIMES NEWSPAPER served on 8/17/2009, answer due 8/27/2009; CHICAGO TRIBUNE NEWS-PAPER served on 8/17/2009, answer due 8/27/2009; NBC TELEVISION BROADCAST served on 8/17/2009, answer due 8/27/2009; CNN CABLE NEWS NETWORK served on 8/17/2009, answer due 8/27/09. (DD, ) (Entered: 09/11/2009) |

| 09/10/2009 | | Set Deadlines as to 97 MOTION to Dismiss *by NBC Universal Inc., erroneously named as "NBC Televisison Broadcast"*. Motion set for 10/5/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 09/10/2009) |
| --- | --- | --- |
| 09/14/2009 | 101 | Letter from Elizabeth W. Dollin, ACC, on behalf of Defendant Honora. (DOLLIN, ELIZABETH) (Entered: 09/14/2009) |
| 09/14/2009 | 102 | ORDER EXTENDING TIME for deft., PAT QUINN (for former Gov. Rod Blagogevich) to answer Amended Cmp. until 9/21/09.. Signed by Judge Dennis M. Cavanaugh on 9/11/09. (DD, ) (Entered: 09/14/2009) |
| 09/14/2009 | | Update Answer Due Deadline as to deft., PAT QUINN (for former Gov. Rod Blagogevich to answer Amended Cmp. until 9/21/09. (DD, ) (Entered: 09/14/2009) |
| 09/14/2009 | 103 | APPLICATION/PETITION for extension of time to respond to Motions to Dismiss by EMERSON TUCKER. (DD, ) (Entered: 09/15/2009) |
| 09/14/2009 | 104 | APPLICATION/PETITION to compel defts. to make disclosures/disc. & objects to any & all Motions to Stay by EMERSON TUCKER. (DD, ) (Entered: 09/15/2009) |
| 09/14/2009 | 105 | MOTION for Default Judgment as to defts. by EMERSON TUCKER. (Attachments: # 1 Motion, # 2 Certification of Emerson Tucker, # 3 Exhibit, # 4 Affidavit of Military Serv., # 5 Text of Proposed Order, # 6 Certificate of Service)(DD, ) (Entered: 09/15/2009) |
| 09/15/2009 | | Set Deadlines as to 105 MOTION for Default Judgment as to. Motion set for 10/19/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 09/15/2009) |
| 09/15/2009 | 106 | MOTION to Dismiss *Plaintiff's Amended Complaint* by CHICAGO POLICE DEPARTMENT. Responses due by 10/5/2009 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(SIMON, RUTH) (Entered: 09/15/2009) |
| 09/16/2009 | 107 | SUGGESTION OF BANKRUPTCY Upon the Record as to Amendment of Docket # 95 *Including Official Notice of Bankruptcy Filing as Requested by Court* by CHICAGO TRIBUNE NEWS-PAPER. (Attachments: # 1 Exhibit Notice of Bankruptcy Filing from District of Delaware)(ROSEN, BRUCE) (Entered: 09/16/2009) |
| 09/16/2009 | | Set Deadlines as to 106 MOTION to Dismiss *Plaintiff's Amended Complaint*. Motion set for 10/19/2009 before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 09/16/2009) |
| 09/16/2009 | 108 | AMENDED DOCUMENT by CHICAGO TRIBUNE NEWS-PAPER. Amendment to 107 Suggestion of Bankruptcy, *Additional Notice of Bankruptcy from District of Delaware for Tribune Co. subsidiary Chicago Tribune Co. a/k/a Chicago Tribune.* (ROSEN, BRUCE) (Entered: |

| | | 09/16/2009) |
|---|---|---|
| 09/21/2009 | 109 | MOTION for Leave to Appear Pro Hac Vice *Shirley R. Calloway, Assistant Attorney General of Illinois* by ROD R. BLAGOJEVICH. (Attachments: # 1 Declaration of Shirley R. Calloway in support of motion to admit her pro hac vice, # 2 Exhibit to Calloway Certification - Certification of Good Standing from U.S. Dist. Court for the Northern District of Illinois, # 3 Exhibit to Calloway Certification - Illinois Certificate of Good Standing, # 4 Declaration of Local Counsel in support of motion to admit attorney pro hac vice, # 5 Text of Proposed Order, # 6 Certificate of Service)(BENNETT, JAMES) (Entered: 09/21/2009) |
| 09/21/2009 | 110 | MOTION to Dismiss for Lack of Jurisdiction by ROD R. BLAGOJEVICH. Responses due by 10/19/2009 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service, # 4 Letter to Court clarifying party represented and requesting motion be accepted on condition of admission of Shirley R. Calloway pro hac vice)(BENNETT, JAMES) (Entered: 09/21/2009) |
| 09/22/2009 | | Set Deadlines as to 109 MOTION for Leave to Appear Pro Hac Vice *Shirley R. Calloway, Assistant Attorney General of Illinois*. Motion set for before Judge Dennis M. Cavanaugh. The motion will be decided on the papers. No appearances required unless notified by the court. (DD, ) (Entered: 09/22/2009) |
| 09/22/2009 | | CLERKS QUALITY CONTROL MESSAGE - The (MOTION TO DISMISS - Doc. #110) submitted by (J. BENNETT) on (9/21/09) contains an improper signature. Only Registered Users are permitted to sign electronically filed documents with an s/. PLEASE RESUBMIT THE DOCUMENT WITH A PROPER ELECTRONIC OR SCANNED SIGNATURE. This submission will remain on the docket unless otherwise ordered by the court.. (DD, ) (Entered: 09/22/2009) |
| 09/22/2009 | 111 | RESPONSE re 104 Application/Petition. (VAN DE WEGHE, BART) (Entered: 09/22/2009) |
| 09/23/2009 | 112 | Letter from James M. Bennett to Court enclosing documents requiring facsimile signature re 110 MOTION to Dismiss for Lack of Jurisdiction, Docket Annotation,. (Attachments: # 1 Certificate of Service, # 2 Memorandum of Law, # 3 Notice of Motion to dismiss)(BENNETT, JAMES) (Entered: 09/23/2009) |
| 09/23/2009 | 113 | RESPONSE re 104 Application/Petition. (BERRY, MICHAEL) (Entered: 09/23/2009) |
| 09/25/2009 | | CLERKS SECOND QUALITY CONTROL MESSAGE - The (MOTION TO DISMISS - Doc. #110) submitted by (J. BENNETT) on (9/21/09) contains improper signatures. Only LOCAL COUNSEL [NOT PRO HAC VICE ATTYS] are permitted to file electronically filed documents PLEASE RESUBMIT THE DOCUMENTS WITH A PROPER ELECTRONIC OR SCANNED SIGNATURE. This submission will remain on the docket unless otherwise ordered by the court.. (DD, ) (Entered: 09/25/2009) |
| | | |

| 09/28/2009 | 114 | Letter from Elizabeth Dollin, counsel for defendant Honora. (DOLLIN, ELIZABETH) (Entered: 09/28/2009) |
| 09/30/2009 | 115 | MEMORANDUM in Opposition re 105 MOTION for Default Judgment as to filed by MIKE PALLADINO. (Attachments: # 1 Affidavit Michael Palladino, # 2 Affidavit DiGiacomo, # 3 Declaration Decl of Dollin Attaching Exhibits, # 4 Declaration Declaration of Service)(DOLLIN, ELIZABETH) (Entered: 09/30/2009) |
| 10/05/2009 | 116 | MEMORANDUM in Opposition re 105 MOTION for Default Judgment as to filed by CHICAGO POLICE DEPARTMENT, JOHN CLIMACK, CARLO. (Attachments: # 1 Certificate of Service)(SIMON, RUTH) (Entered: 10/05/2009) |
| 10/07/2009 | 117 | USM SUMMONS Returned Executed CHICAGO POLICE DEPARTMENT served on 9/16/2009, answer due 10/6/2009; JOHN CLIMACK served on 9/16/2009, answer due 10/6/2009; CARLO served on 9/16/2009, answer due 10/6/2009. (DD, ) (Entered: 10/09/2009) |
| 10/16/2009 | 118 | ORDER granting 109 Motion for Leave to Appear Pro Hac Vice as to SHIRLEY R. CALLOWAY, ESQ.. Signed by Magistrate Judge Mark Falk on 10/15/09. (DD, ) (Entered: 10/16/2009) |
| 10/20/2009 | 119 | Letter from Counsel for Defendants Chicago Police Dept. and Detectives Climack and Carlo re 116 Memorandum in Opposition of Motion. (Attachments: # 1 Certificate of Service)(SIMON, RUTH) (Entered: 10/20/2009) |
| 10/30/2009 | 120 | NOTICE of Appearance by THEODORE J. MLYNAR on behalf of NEW YORK POST NEWSPAPER (MLYNAR, THEODORE) (Entered: 10/30/2009) |
| 11/04/2009 |  | Pro Hac Vice fee as to SHIRLEY R. CALLOWAY, ESQ.: $ 150, receipt number 358890 (DD, ) (Entered: 11/05/2009) |
| 11/18/2009 | 121 | Letter from EMERSON TUCKER advising counsel to retrieve re 103 Application/Petition, 104 Application/Petition, 105 MOTION for Default Judgment as to. (DD, ) (Entered: 11/23/2009) |
| 11/23/2009 | 122 | Letter-Motion/RESPONSE in Opposition re 74 MOTION to Dismiss, 97 MOTION to Dismiss *by NBC Universal Inc., erroneously named as "NBC Televisison Broadcast"*, 110 MOTION to Dismiss for Lack of Jurisdiction, 87 MOTION to Dismiss *the Amended Complaint*, 106 MOTION to Dismiss *Plaintiff's Amended Complaint*, 81 MOTION to Dismiss *the Amended Complaint*, 86 MOTION to Dismiss *the Verified Amended Complaint of Plaintiff Emerson Tucker* filed by EMERSON TUCKER. (jd, ) (Entered: 12/07/2009) |
| 12/07/2009 | 123 | REPLY BRIEF to Opposition to Motion re 79 MOTION to Dismiss filed by ABC TELEVISION NEWS BROASDCAST. (BERRY, MICHAEL) (Entered: 12/07/2009) |
| 12/16/2009 | 124 | REPLY BRIEF to Opposition to Motion re 106 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by CHICAGO POLICE |

| | | |
|---|---|---|
| | | DEPARTMENT. (Attachments: # 1 Certificate of Service)(SIMON, RUTH) (Entered: 12/16/2009) |
| 12/16/2009 | 125 | REPLY BRIEF to Opposition to Motion re 74 MOTION to Dismiss filed by STAR-LEDGER NEWSPAPER OF NEWARK, N.J.. (MILLER, KEITH) (Entered: 12/16/2009) |
| 12/17/2009 | 126 | Letter from Elizabeth W. Dollin. (Attachments: # 1 Certificate of Service) (DOLLIN, ELIZABETH) (Entered: 12/17/2009) |
| 12/23/2009 | 127 | BRIEF *Reply in Further Support of Defendant Daily News, L.P.'s Motion to Dismiss the Amended Complaint* filed by NEW YORK DAILY NEWSPAPER. (BALIN, ROBERT) (Entered: 12/23/2009) |
| 01/07/2010 | 128 | REPLY BRIEF to Opposition to Motion re 86 MOTION to Dismiss *the Verified Amended Complaint of Plaintiff Emerson Tucker* filed by NEW YORK POST NEWSPAPER. (MLYNAR, THEODORE) (Entered: 01/07/2010) |
| 02/04/2010 | 129 | Letter from Elizabeth Dollin re 126 Letter. (Attachments: # 1 Certificate of Service)(DOLLIN, ELIZABETH) (Entered: 02/04/2010) |
| 02/23/2010 | 130 | OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, ) (Entered: 02/23/2010) |
| 02/23/2010 | 131 | OPINION. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, ) (Entered: 02/24/2010) |
| 02/23/2010 | 132 | ORDER granting 74 Motion to Dismiss ; granting 79 Motion to Dismiss ; granting 81 Motion to Dismiss ; granting 86 Motion to Dismiss ; granting 87 Motion to Dismiss ; granting 97 Motion to Dismiss. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, ) (Entered: 02/24/2010) |
| 02/23/2010 | 133 | ORDER denying 37 Motion for Preliminary Injunction; denying 37 Motion to Amend/Correct; denying 37 Motion for Extension of Time to Answer ; finding as moot 105 Motion for Default Judgment ***CIVIL CASE TERMINATED; granting 106 Motion to Dismiss ***CIVIL CASE TERMINATED; granting 110 Motion to Dismiss for Lack of Jurisdiction ***CIVIL CASE TERMINATED; that the Clerk of Court is directed to ADMINISTRATIVELY TERMINATE this action pending the conclusion of the criminal proceedings in Illinois; this matter may be reinstated upon motion of any pty. w/in 90 days of the conclusion of the criminal matter.. Signed by Judge Dennis M. Cavanaugh on 2/23/10. (DD, ) (Entered: 02/24/2010) |
| 03/10/2010 | 135 | NOTICE OF APPEAL as to 133 Order on Motion for Preliminary Injunction, Order on Motion to Amend/Correct, Order on Motion for Extension of Time to Answer, Order on Motion for Default Judgment, Order on Motion to Dismiss, Order on Motion to Dismiss/Lack of Jurisdiction, by EMERSON TUCKER. USCA and counsel of record notified of appeal. Filing fee: IFP previously granted. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ji, ) (Entered: 03/26/2010) |

| 03/24/2010 | 134 | USCA LETTER TO DISTRICT COURT CLERK re: forwarding Notice of Appeal on behalf of Emerson Tucker to District Court. (Attachments: # 1 Notice of Appeal)(Dyer, Chiquita) (Entered: 03/24/2010) |
|---|---|---|
| 03/31/2010 | 136 | NOTICE OF DOCKETING FROM USCA FOR THE THIRD CIRCUIT for 135 Notice of Appeal filed by EMERSON TUCKER. USCA Case Number: 10-1892. USCA Case Manager: Anthony Infante. (Document Restricted - Court Only)(ca3ai) (Entered: 03/31/2010) |
| 04/23/2010 | 137 | Letter from Emerson Tucker requesting documents related to appeal. (ji, ) (Entered: 04/29/2010) |
| 07/01/2010 | 138 | CERTIFIED ORDER of USCA granting Motion by Emerson Tucker to proceed In Forma Pauperis. The warden shall calculate, collect and forward payments accessed in this order to the US District Court for the District of New Jersey. (ca3ai) (Entered: 07/01/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/16/2010 15:27:50 | | |
| PACER Login: | sa0019 | Client Code: | 90795-30560-25070 |
| Description: | Docket Report | Search Criteria: | 2:08-cv-02156-DMC -MF Start date: 1/1/1970 End date: 7/16/2010 |
| Billable Pages: | 15 | Cost: | 1.20 |

# EXHIBIT C

**(Nov. 18th Order and Opinion Dismissing Complaint)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EMERSON TUCKER,                    :

               Plaintiff,    :    Civil Action No. 08-2156 (DMC)

               v.           :    **ORDER**

                            :

NEW YORK POLICE DEPARTMENT,        :
et al.,                            :

               Defendants.   :

     For the reasons expressed in the Opinion filed herewith,

IT IS on this ___17___ day of ___Nov_____, 2008,

     ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

     ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

     ORDERED that the Motion [14] for reconsideration is DENIED AS MOOT; and it is further

     ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of Illinois and the warden of Cook County Jail in Chicago, Illinios; and it is further

     ORDERED that the Fourth Amendment false arrest and false imprisonment claim may proceed as against Defendants Dexter Honora and Steven; and it is further

ORDERED that the Fourth Amendment unreasonable search claim arising out of the strip search and photographing of Plaintiff's body in May 2007, asserted against New York Police Detectives Dexter Honora, Thomas, John/Jane Does Nos. 1, 2, 4, and 5, and Chicago Police Detectives John Climack and Carlo, is STAYED until further order of this Court; and it is further

ORDERED that should Plaintiff wish to re-open this claim at the conclusion of the Illinois criminal case, he must so notify this Court within 90 days after the conclusion of the Illinois criminal case by dismissal of the charge, entry of a not guilty verdict, or conclusion of direct appeal of any conviction; and it is further

ORDERED that failure to so notify the Court shall result in dismissal of the claim with prejudice for failure to prosecute; and it is further

ORDERED that Plaintiff's equal protection claim, arising out of his alleged arrest without probable cause and without a warrant, MAY PROCEED as against the City of New York, the New York Police Department, and Detectives Honora and Steven; and it is further

ORDERED that Plaintiff's claim under 42 U.S.C. § 1981, arising out of his alleged false arrest and false imprisonment, MAY PROCEED as against the City of New York and Detectives Honora and Steven; and it is further

ORDERED that Plaintiff's claim under 42 U.S.C. § 1985(2) and (3), arising out of his alleged false arrest and false imprisonment, MAY PROCEED as against Detectives Honora and Steven; and it is further

ORDERED that Plaintiff's claim under 42 U.S.C. § 1986 is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's claims arising out of the alleged failure, during his interrogation, to give him warnings pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and to permit him to consult with counsel are DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's claim for allegedly unconstitutional deprivation of property is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's claim arising out of hypothetical perjury before the Grand Jury is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's "conspiracy" claims are DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's claims under 18 U.S.C. § 1201, 18 U.S.C. § 241, 18 U.S.C. 242, Article II and Article III of the U.S. Constitution, and 18 U.S.C. § 3182 are DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's claim for malicious prosecution is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that the claim alleging a violation of the Convention on the Elimination of all Forms of Racial Discrimination is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's state law claim for abuse of process is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's state law claim for false arrest and false imprisonment MAY PROCEED as against Defendants Honora and Steven; and it is further

ORDERED that Plaintiff's state law claims for defamation, libel, and slander are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that all other claims against all other defendants are DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff may file an Amended Complaint addressing the deficiencies of his Complaint any time within 30 days from the date this Order is entered; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint, this Order, and the Opinion accompanying this Order upon Defendants New York City, New York Police Department, officers Honora, Steven, Thomas, Climack and Carlo, and, when sufficiently identified, upon N.Y.P.D. John/Jane

4

Does No. 1, 2, 4, and 5, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants who are served shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12, except that no defendants need respond to the stayed Fourth Amendment unreasonable search claim until further order of this Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party

5

at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

Dennis M. Cavanaugh
United States District Judge

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

EMERSON TUCKER,           :
                               :    Civil Action No. 08-2156 (DMC)
           Plaintiff,    :
                               :
           v.               :    **OPINION**
                               :
NEW YORK POLICE DEPARTMENT,  :
et al.,                    :
                               :
           Defendants.    :

**APPEARANCES:**

Plaintiff pro se
Emerson Tucker
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

**CAVANAUGH**, District Judge

    Plaintiff Emerson Tucker, a prisoner confined at Cook County Jail in Chicago, Illinois, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on May 14, 2007, without his knowledge, his sister Margo Green contacted officers of the New York Police Department ("NYPD") and advised them that Plaintiff was wanted for questioning about a murder and further advised them where he could be found in Newark, New Jersey.

On that same day, in Newark, Plaintiff was approached and stopped by NYPD Detectives Dexter Honora and Steven.  Detective Honora told Plaintiff that he wanted Plaintiff to accompany the detectives to New York City for questioning.  In response to Plaintiff's question, the detectives told Plaintiff that he was not being arrested.  When Plaintiff attempted to walk away,

---

[1] This Court earlier entered Orders [5, 8] granting leave to proceed in forma pauperis, and then vacating that Order, as a clerical mistake.  The second Order did not amount to a denial of Plaintiff's application, but rather left it pending for later decision.  Plaintiff filed a notice of appeal [10] from the Order [8] vacating the first Order [5] granting leave to proceed in forma pauperis.  Thereafter, Plaintiff filed a Motion [14] for reconsideration of that Order [8].  As the Order [8] appealed from was neither a final nor otherwise appealable order, this Court retains jurisdiction to decide the application for leave to proceed in forma pauperis as well as to screen the Complaint for dismissal.  See Venen v. Sweet, 758 F.2d 117 (3d Cir. 1985).  The Motion [14] for reconsideration will be denied as moot.

2

however, the detectives told him to get into their car "or else."
Plaintiff alleges that, in fear, he got into the car.  Plaintiff
alleges that the detectives then drove him from New Jersey to New
York City, without his consent, without an arrest warrant or
fugitive warrant, and without probable cause to arrest him.
Plaintiff alleges that during the drive to New York City,
Detective Honora made two calls to an unknown person in which he
stated, in effect, "yes everything are O.K. and I am coming in
now."  Plaintiff alleges that his arrest in this matter is
pursuant to a pattern and practice of the New York Police
Department of coming into New Jersey and arresting African-
American suspects without an appropriate warrant.

The detectives drove Plaintiff to a police station in
Brooklyn, New York, where they took from him personal property
worth several thousand dollars.  Plaintiff alleges that he has
receipts for this property, but that the property has not been
returned to him.  Plaintiff alleges that he was placed in a jail
cell at this time.  Plaintiff alleges that he was never
"Mirandized" and that he requested counsel, but that Detectives
Honora and Steven denied him counsel and continued to question
him about two murders in New York.  Later that evening, Plaintiff
was transported to "Central Booking" to await arraignment.

The next evening, May 15, 2007, Detectives Honora and Thomas
took Plaintiff from Central Booking back to Precinct 84.

3

Plaintiff alleges that John/Jane Doe Nos. 1 and 2, officers of
the New York City Department of Corrections or New York Police
Department, allowed the detectives to remove Plaintiff from
Central Booking.  Plaintiff alleges that when he was returned to
Precinct 84, Detectives Honora and John Doe No. 4 took him into
the restroom where they made him remove his clothes and then took
photographs of him.  Plaintiff alleges that the detectives used
excessive force, placing him in handcuffs so tight that they
caused him to bleed.  A supervisor John Doe No. 5 watched and
provided another camera for this procedure.  Plaintiff alleges
that John Doe No. 5 stated that the photographs were being made
at the request of the Chicago Police Department for use in a
murder investigation there in which Plaintiff was a suspect.
Plaintiff alleges that Chicago detectives John Climack and Carlo
requested the photographs.[2]  The next day, Plaintiff was returned
to "Central Booking" to continue to await arraignment.  Plaintiff
was arraigned on May 18, 2007.

Plaintiff alleges that, at his arraignment, the government
was given until September 5, 2007, to resubmit the complaint
against Plaintiff to the grand jury for an indictment decision.
Plaintiff alleges that he was brought to court on September 5,

---

[2] Plaintiff alleges that the prosecuting attorney in Chicago
used these photographs to argue successfully that Plaintiff
should be denied bail and to obtain additional evidence in the
form of fingerprints and a DNA sample.

4

2007, too late for his hearing, and that the deadline for
indictment was extended to September 30, 2007.  Plaintiff alleges
that he was deliberately brought to court late in order to extend
the indictment deadline.  Plaintiff alleges that the complaint
was left open for indictment for six months.  Plaintiff does not
allege the outcome of the New York murder investigation.[3]
Plaintiff alleges that various news organizations reported that
he was being held as a "serial killer."

Plaintiff seeks compensatory and punitive damages.[4]

_____

[3] Plaintiff was extradited to Illinois on January 11, 2008,
to stand trial on murder charges pending there.

[4] Plaintiff names as defendants: the New York Police
Department; Detective Dexter Honora; Detective Steven; Detective
Thomas; Detectives John Doe Nos. 1 through 6; New York Police
Precinct # 84; the City of Brooklyn; the Office of the District
Attorney, Kings County; the City of New York, the Office of the
District Attorney, New York; the District Attorney, New York
County; Mayor Mike Bloomberg; the New York City Department of
Corrections; Martin Horn; the Commissioner of the New York City
Department of Corrections; the Civilian Complaint Review Board;
Unidentified John/Jane Does of the Cities of New York and
Brooklyn; the City of Newark, New Jersey; the Police Department
of Newark, New Jersey; the Mayor of the City of Newark, New
Jersey; Essex County Prosecutor Paula Dow; New Jersey Governor
Jon Corzine; Unidentified John/Jane Does of the City of Newark,
New Jersey; the City of Chicago; Detective John Climack;
Detective Carlo; Chicago Police Superintendent Jody P. Weis; the
Office of the District Attorney of Cook County, Illinois; Cook
County District Attorney Anita Alverz; Unidentified John/Jane
Does of Chicago; Thomas Dart; Margo Green; the Day-Care Center of
Margo Green; the Chicago Sun-Times Newspaper; the Chicago Tribune
Newspaper; the Star-Ledger Newspaper of Newark, New Jersey; the
New York Times Newspaper; the New York Post Newspaper; the New
York Daily Newspaper; CBS Television News Broadcast; ABC
Television News Broadcast; NBC Television Broadcast; and CNN
Cable News Network.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the

6

"grounds" of his "entitle[ment] to relief" requires
more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will
not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
dismiss, courts "are not bound to accept as true a
legal conclusion couched as a factual allegation").
Factual allegations must be enough to raise a right to
relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).  See also Morse v. Lower Merion School

Dist., 132 F.3d at 906 (a court need not credit a pro se

plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules

of Civil Procedure.  Rule 8(a)(2) requires that a complaint

contain "a short and plain statement of the claim showing that

the pleader is entitled to relief."  Rule 10(b) provides:

A party must state its claims ... in numbered
paragraphs, each limited as far as practicable to a
single set of circumstances. ...  If doing so would
promote clarity, each claim founded on a separate
transaction or occurrence ... must be stated in a
separate count or defense.

7

Rule 20(a)(2) controls the permissive joinder of defendants in

pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants
> if:
>     (A) any right to relief is asserted against them
> jointly, severally, or in the alternative with respect
> to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
>     (B) any question of law or fact common to all
> defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law. West v. Atkins, 487 U.S. 42, 48

8

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon,

9

915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v.
Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516
U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v.
Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must
demonstrate that, through its deliberate conduct, the
municipality was the moving force behind the plaintiff's injury.
Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing]
> final authority to establish municipal policy with
> respect to the action issues a final proclamation,
> policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212
> (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati,
> 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452
> (1986) (plurality opinion)).  A custom is an act "that
> has not been formally approved by an appropriate
> decisionmaker," but that is "so widespread as to have
> the force of law."  [Bd. of County Comm'rs of Bryan
> County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]

> There are three situations where acts of a
> government employee may be deemed to be the result of a
> policy or custom of the governmental entity for whom
> the employee works, thereby rendering the entity liable
> under § 1983.  The first is where "the appropriate
> officer or entity promulgates a generally applicable
> statement of policy and the subsequent act complained
> of is simply an implementation of that policy."  The
> second occurs where "no rule has been announced as
> policy but federal law has been violated by an act of
> the policymaker itself."  Finally, a policy or custom
> may also exist where "the policymaker has failed to act
> affirmatively at all, [though] the need to take some
> action to control the agents of the government 'is so
> obvious, and the inadequacy of existing practice so
> likely to result in the violation of constitutional
> rights, that the policymaker can reasonably be said to
> have been deliberately indifferent to the need.'"

10

Natale, 318 F.3d at 584 (footnote and citations omitted).[5]

## IV.   ANALYSIS

A.   False Arrest and False Imprisonment

Plaintiff alleges that Detectives Dexter Honora and Steven arrested him without probable cause and without a warrant.  He alleges that he was detained pursuant to that arrest for approximately 5 days, until his arraignment.[6]

------------

[5] Except as otherwise specifically noted herein, the claims against the following defendants will be dismissed with prejudice, as being based solely upon an untenable theory of vicarious liability or as being without any factual allegation of personal involvement: the New York Police Department; New York Police Precinct # 84; City of Brooklyn; the Office of the District Attorney, Kings County; City of New York; Office of the District Attorney, New York; District Attorney, New York; District Attorney, New York County; Mike Bloomberg; New York City Department of Corrections; Martin Horn; Commissioner of New York City Department of Corrections; Civilian Complaint Review Board; Unidentified John/Jane Does of the Cities of Both New York and Brooklyn; City of Newark, New Jersey; Police Department of Newark, New Jersey; Mayor of City of Newark, New Jersey; Essex County Prosecutor Paula Dow; Governor Jon Corzine; Unidentified John/Jane Does of the City of Newark, New Jersey; City of Chicago; Chicago Police Superintendent Jody P. Weis; Office of District Attorney, Cook County; Cook County District Attorney Anita Alverz; Unidentified John/Jane Does of Chicago; Thomas Dart.

[6] Although it is not clear from the Complaint, it appears that Plaintiff also may seek to assert a claim for false imprisonment after the time of his arraignment.  A false imprisonment ends as soon as the victim becomes held pursuant to legal process, here, pursuant to the arraignment.  "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."  Wallace v. Kato, 127 S.Ct. 1091, 1096 (2007) (citations and footnote omitted).  Plaintiff's claim for malicious prosecution is addressed separately, supra.

The Fourth Amendment to the federal Constitution provides:

The right of the people to be secure in their persons,
houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated, and no
Warrants shall issue, but upon probable cause,
supported by Oath or affirmation, and particularly
describing the place to be searched, and the persons or
things to be seized.

U.S. Const. amend IV.

It is well established in the Third Circuit that an arrest
without probable cause is a Fourth Amendment violation actionable
under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d
Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S.
266, 274 (1994)(a section 1983 claim for false arrest may be
based upon an individual's Fourth Amendment right to be free from
unreasonable seizures).  Under New Jersey law, false arrest has
been defined as "the constraint of the person without legal
justification." Ramirez v. United States, 998 F. Supp. 425, 434
(D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc.,
604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a
plaintiff must allege two elements:  (1) that there was an
arrest; and (2) that the arrest was made without probable cause.
Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir.
1988).  To establish the absence of probable cause, a plaintiff
must show "that at the time when the defendant put the
proceedings in motion the circumstances were such as not to

12

warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

The allegations of the Complaint are sufficient to permit the false arrest and false imprisonment claims to proceed as against Detectives Honora and Steven.

13

B.   Strip Search/Photographs

Plaintiff alleges that he was subjected to an unreasonable strip search of his person, through the use of excessive force and on the basis of racial animus, all in violation of the Fourth Amendment, to obtain photographs which have been used already as evidence in a murder case pending against him in Chicago, Illinois.   Plaintiff alleges that this search was conducted by New York Police Detectives Honora, Thomas, and John/Jane Does Nos. 1, 2, 4, and 5, at the request of Chicago Police Detectives John Climack and Carlo.   The allegations of the Complaint are sufficient to state a Fourth Amendment unreasonable search claim against these defendants.

In light of the use of these photographs in the pending criminal case in Chicago, however, this Court will stay this claim until the criminal case is concluded.   See Wallace v. Kato, 127 S.Ct. 1091, 1097-99 (2007).   Should Plaintiff wish to re-open this claim at the conclusion of the criminal case, he must so notify this Court within 90 days after the conclusion of the Illinois criminal case by dismissal of the charge, entry of a not guilty verdict, or conclusion of direct appeal of any conviction.[7]

_____

[7] Pursuant to Wallace v. Kato, 127 S.Ct. at 1097-99, if Plaintiff is ultimately convicted, and if the stayed claim would impugn that conviction, the claim will then be subject to dismissal without prejudice as premature, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

C.   Equal Protection Claims

Plaintiff alleges that his arrest without probable cause and
without a warrant, and the following detention, were the result
of a policy of racial animus on the part of the arresting
officers, the New York Police Department, and the City of New
York.  He alleges that this conduct violates the Equal Protection
Clause of the Fourteenth Amendment and various federal statutes.

1.   The Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment
commands that no State shall "deny to any person within its
jurisdiction the equal protection of the laws," which is
essentially a direction that all persons similarly situated
should be treated alike.  City of Cleburne, Texas v. Cleburne
Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe,
457 U.S. 202, 216 (1982)); Artway v. Attorney General of New
Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996).  Despite its sweeping
language, though, "[t]he Equal Protection Clause does not forbid
classifications.  It simply keeps governmental decisionmakers
from treating differently persons who are in all relevant
respects alike."  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Proof of disparate impact alone, however, is not sufficient
to succeed on an equal protection claim;  a plaintiff also must
prove that the defendant intended to discriminate.  Village of
Arlington Heights v. Metropolitan Housing Development Corp., 429

15

U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, but it need not be the sole motivating factor. Village of Arlington Heights, 429 U.S. at 265-66.

Once this intentional disparity in treatment is shown, a court will proceed to determine whether the disparity can be justified under the requisite level of scrutiny. See City of Cleburne, 473 U.S. at 439-40; Plyler v. Doe, 457 U.S. 202, 216-17 (1982); Price v. Cohen, 715 F.2d 87, 91-92 (3d Cir. 1983), cert. denied, 465 U.S. 1032 (1984). In testing the validity of state legislation or other official action that is alleged to deny equal protection, the "general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, 473 U.S. at 439-40. The general rule gives way, however, when a statute classifies by race, alienage, or national origin; these classifications "are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." Id. at 440.

Here, Plaintiff alleges differential treatment based upon race. Specifically, Plaintiff alleges that his arrest without probable cause and without a warrant, by detectives who caused him to get into their car by putting him in fear and who then

16

drove him to New York, was pursuant to a practice and policy of
the City of New York, the New York Police Department, and of the
arresting Detectives Honora and Steven, that is differentially
applied based upon race.  These allegations are sufficient to
avoid dismissal at this early stage of the litigation.

    2.   <u>42 U.S.C. § 1981</u>

Section 1981 provides, in relevant part:

> All persons within the jurisdiction of the United
> States shall have the same right in every State and
> Territory ... to the full and equal benefit of all laws
> and proceedings for the security of persons and
> property as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

An allegation that one has been subjected to false arrest
and imprisonment on the basis of race states a claim under
§ 1981.  <u>Cf.</u> <u>Mahone v. Waddle</u>, 564 F.2d 1018, 1028 (3d Cir.
1977), <u>cert. denied</u>, 438 U.S. 904 (1978).  Accordingly, this
claim may proceed as against Detectives Honora and Steven, as
well as against the City of New York.  <u>See</u> <u>Mahone v. Waddle</u>, 564
F.2d at 1030-31 (municipalities may be held vicariously liable
under § 1981 for violations by police officers).

    3.   <u>42 U.S.C. § 1985(2), (3)</u>

Section 1985 provides, in relevant part:

> (2) Obstructive justice; intimidating party, witness,
> or juror.

> ... [I]f two or more persons conspire for the purpose
> of impeding, hindering, obstructing, or defeating, in
> any manner, the due course of justice in any State or
> Territory, with intent to deny to any citizen the equal
> protection of the laws, ...
>
> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory
> conspire ... for the purpose of depriving, either
> directly or indirectly, any person or class of persons
> of the equal protection of the laws, or of equal
> privileges and immunities under the laws; ...  the
> person so injured or deprived may have an action for
> the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the
> conspirators.

42 U.S.C. § 1985(2), (3).

The second clause of § 1985(2) "aims at proscribing conspiracies that interfere with the administration of justice in state courts." Breslin v. Brainard, 2002 WL 31513425, *9 (E.D. Pa. 2002) (citing Kush v. Rutledge, 460 U.S. 719, 724-25 (1983) and Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976)). See also Herrmann v. Moore, 576 F.2d 453, 457-58 (2d Cir.) (second clause of § 1985(2) "applies only to conspiracies with respect to judicial proceedings in a State or Territory"), cert. denied, 439 U.S. 1003 (1978).

To state a claim under § 1985(3), one must allege:

> (1) a conspiracy; (2) for the purpose of depriving,
> either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of
> equal privileges and immunities under the laws; and (3)
> an act in furtherance of the conspiracy; (4) whereby a
> person is either injured in his person or property or
> deprived of any right or privilege of a citizen of the
> United States.

18

United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 829 (1983). With respect to the second element, the conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

At least one court has held that allegations of race-based arrest and prosecution on contrived charges states a claim for violation of the second clause of § 1985(2) and of § 1985(3). See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Accordingly, this claim will be permitted to proceed as against Detectives Honora and Steven.[8]

4.  42 U.S.C. § 1986

Section 1986 provides, in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented;

---

[8] To the extent Plaintiff seeks to assert a claim against any of the named prosecutors for initiation of prosecution against him, "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is entitled to absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Case 08-13141-BLS   Doc 5786-3   Filed 09/22/10   Page 54 of 86

and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action ... .

42 U.S.C. § 1986.

Plaintiff alleges generally that defendants Detectives Honora and Steven violated § 1986 by "conspiring" with various press organizations and others, after his arrest, to leak false information that Plaintiff was a "serial killer." These allegations fail to state a claim under § 1986.

D.    Interrogation Claims

Plaintiff alleges that he was deprived of his constitutional rights when he was interrogated without being given a warning about his constitutional rights and without being given an opportunity to consult with counsel, as he requested.

In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court set forth certain procedural safeguards that must be employed, to protect an individual's constitutional privilege against self-incrimination, whenever authorities take an individual into custody, or otherwise deprive him of his freedom in any significant way, and subject him to questioning.

To the extent Plaintiff seeks to assert a claim for damages based directly upon questioning or acquisition of a statement in violation of his Miranda rights, as opposed to the use of such a statement at trial, he fails to state a claim.  "[V]iolations of the prophylactic Miranda procedures do not amount to violations

20

of the Constitution itself.  ...  The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in [Miranda] is merely a procedural safeguard and not a substantive right." Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted).  Thus, Plaintiff also has no free-standing Fifth Amendment claim for denial of the right to counsel during questioning.  See James v. York County Police Dept., 160 Fed.Appx. 126, 133, 2005 WL 3313029, 5 (3d Cir. 2005) (citing Giuffre).

This Court expresses no opinion as to whether the use of any statement obtained from Plaintiff violated the Miranda rule or his constitutional right to counsel.

E.   Deprivation of Property

An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 530-36 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  In Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982), the Supreme Court explained, however, that post-

21

deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. But see Tillman v. Lebanon Co. Correctional Facility, 221 F.3d 410, 421 n.12 (3d. Cir. 2000) (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 53 (1993)) (in "extraordinary situations" such as routine deduction of fees from a prisoner's account even without authorization, post-deprivation remedies may be adequate).

New York provides constitutionally adequate post-deprivation judicial remedies with respect to property claims by prison inmates. See Jimenez v. Goord, 205 F.3d 1323 (2d Cir. 1999). Accordingly, Plaintiff's allegation that certain officers took his possessions from him at the time of his arrest, in return for which he received a receipt, fails to state a claim for unconstitutional deprivation of property. This claim will be dismissed with prejudice.

F.   Perjury before Grand Jury

Plaintiff alleges that "if the Defendant N.Y.P.D. and its agents Detectives Dexter Honora and Steven went before the 'Grand Jury' ... and testified there that the plaintiff had committed a crime of murder in the 'Sherman' Hotel in 2003, then they committed perjury ... ." This Court construes this as an attempt to state a claim for deprivation of liberty without due process.

22

This kind of hypothetical and conditional allegation fails to state a claim.  Moreover, witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony.  See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).  "The penalty for false testimony is ... a potential prosecution for perjury."  Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Accordingly, the claim based upon the possibility of perjury before the Grand Jury must be dismissed with prejudice.

G.   Conspiracy

Plaintiff's Complaint is peppered with allegations of a race-based "conspiracy" to deprive him of his civil rights.  Some of Plaintiff's claims rest explicitly upon proof of a conspiracy. None of the allegations of the Complaint, however, are sufficient to sustain a claim of "conspiracy," except with respect to certain claim against Detectives Honora and Steven, who allegedly acted in concert in arresting Plaintiff.

In 2007, the Supreme Court addressed the question of what a plaintiff must plead in order to state a conspiracy claim under § 1 of the Sherman Act.  See Bell Atlantic Corp. v. Twombly, 127

---

This immunity applies to alleged conspiracy claims to present false testimony brought under 42 U.S.C. §§ 1985 and 1986. Delaney v. Ashcraft, 2006 WL 2265228, *8 (W.D. Ark. 2006) (citing Snelling v. Westoff, 972 F.2d 199, 200 (8th Cir. 1992)).

S.Ct. 1955, 1964-66 (2007).  The Court first reviewed historical

pleading requirements.

> Federal Rule of Civil Procedure 8(a)(2) requires only
> "a short and plain statement of the claim showing that
> the pleader is entitled to relief," in order to "give
> the defendant fair notice of what the ... claim is and
> the grounds upon which it rests."  While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's
> obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements
> of a cause of action will not do, see Papasan v.
> Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d
> 209 (1986) (on a motion to dismiss, courts "are not
> bound to accept as true a legal conclusion couched as a
> factual allegation").  Factual allegations must be
> enough to raise a right to relief oabove the
> speculative level, on the assumption that all ethe
> allegations in the complaint are true (even if doubtful
> in fact).

Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).

The Court then applied these general standards to the Sherman Act

conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made.  Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement.  And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely."  In
> identifying facts that are suggestive enough to render
> a § 1 conspiracy claim plausible, we have the benefit
> of the prior rulings and considered views of leading
> commentators, already quoted, that lawful parallel
> conduct fails to bespeak unlawful agreement.  It makes
> sense to say, therefore, that an allegation of parallel

24

conduct and a bare assertion of conspiracy will not
suffice.  Without more, parallel conduct does not
suggest conspiracy, and a conclusory allegation of
agreement at some unidentified point does not supply
facts adequate to show illegality.  Hence, when
allegations of parallel conduct are set out in order to
make a § 1 claim, they must be placed in a context that
raises a suggestion of a preceding agreement, not
merely parallel conduct that could just as well be
independent action.

The need at the pleading stage for allegations
plausibly suggesting (not merely consistent with)
agreement reflects the threshold requirement of Rule
8(a)(2) that the "plain statement" possess enough heft
to "sho[w] that the pleader is entitled to relief."  A
statement of parallel conduct, even conduct consciously
undertaken, needs some setting suggesting the agreement
necessary to make out a § 1 claim; without that further
circumstance pointing toward a meeting of the minds, an
account of a defendant's commercial efforts stays in
neutral territory.  An allegation of parallel conduct
is thus much like a naked assertion of conspiracy in a
§ 1 complaint: it gets the complaint close to stating a
claim, but without some further factual enhancement it
stops short of the line between possibility and
plausibility of "entitle[ment] to relief."

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 2008

WL 305025, § II.C. (3d Cir. Feb. 5, 2008) ("we decline at this

point to read Twombly so narrowly as to limit its holding on

plausibility to the antitrust context").

Context matters in notice pleading.  Fair notice under
Rule 8(a)(2) depends on the type of case -- some
complaints will require at least some factual
allegations to make out a "showing that the pleader is

25

entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 2008 WL 305025 at § II.A (citations omitted).

Here, Plaintiff's conclusory allegations of "conspiracy" amount to nothing more than allegations of "parallel conduct," if that, without any allegations of facts suggesting a preceding meeting of the minds among the alleged conspirators. Accordingly, except as specified herein with respect to certain claims asserted against Detectives Honora and Stevens, all claims resting upon establishment of a "conspiracy" will be dismissed for failure to state a claim.

H.   Federal Statutory Claims

In shotgun fashion, Plaintiff alleges claims under 18 U.S.C. § 1201 (Kidnapping); 18 U.S.C. § 241 (Criminal Conspiracy against federal civil rights); 18 U.S.C. § 242 (Criminal Conspiracy for deprivation of rights under color of law); Article II, Section 2, Clause 2 of the United States Constitution (powers of the President); Article III, Section 2, Clause 2 of the United States

26

Constitution (jurisdiction of the Supreme Court); and 18 U.S.C.
§ 3182 (Extradition).

None of these provisions give rise to a private right of
action.  For example, Section 242 is a federal criminal statute.
Pursuant to § 242, in pertinent part:

> Whoever, under color of any law, statute,
> ordinance, regulation, or custom, willfully subjects
> any person in any State ... to the deprivation of any
> rights, privileges, or immunities secured or protected
> by the Constitution or laws of the United States, or to
> different punishments, pains, or penalties, on account
> of such person being an alien, or by reason of his
> color, or race, than are prescribed for the punishment
> of citizens, shall be fined under this title or
> imprisoned not more than one year, or both; ... .

18 U.S.C. § 242.

As detailed above, it is Plaintiff's contention that the
named defendants violated his civil rights.  Authorities are in
agreement, however, that the submission by a private party of a
complaint under § 242 is not the appropriate manner in which to
initiate criminal proceedings.

> A private person may not prosecute a federal
> criminal complaint.  Prosecution of a federal crime is
> the prerogative of the United States through the
> attorney general and his delegates, the United States
> attorneys.  28 U.S.C. § 516 ("Except as otherwise
> authorized by law, the conduct of litigation in which
> the United States, an agency, or officer thereof is a
> party, or is interested, and securing evidence
> therefor, is reserved to officers of the Department of
> Justice, under the direction of the Attorney
> General."); The Confiscation Cases, 74 U.S. 454, 457
> (1868) ("Public prosecutions, until they come before
> the court to which they are returnable, are within the
> exclusive direction of the district attorney, [...]");
> ...; United States ex rel. Savage v. Arnold, 403

27

F.Supp. 172, 174 (E.D. Pa. 1975); <u>United States v.
Panza</u>, 381 F.Supp. 1133, 1133-35 (W.D. Pa. 1974)
(reciting history of rule); ... .

<u>Peters v. Beard</u>, 2006 WL 2174707 (M.D. Pa. June 13, 2006) (Report
and Recommendation) (citations omitted), <u>adopted by</u>, 2006 WL
2175173 (M.D. Pa. Aug. 1, 2006).  <u>See also</u> <u>Higgins v. Neal</u>, 52
F.3d 337, 1995 WL 216920 (10th Cir. 1995) (unpubl.) (collecting
cases); <u>Caracter v. Avshalumov</u>, 2006 WL 3231465 (D.N.J. Nov. 8,
2006) (collecting cases); <u>Stoll v. Martin</u>, 2006 WL 2024387 (N.D.
Fla. July 17, 2006) (collecting cases).

Nevertheless, if a purported criminal complaint warrants
action, a court may refer it to the United States Attorney for
action.  <u>Savage</u>, 403 F.Supp. at 174.  The commencement of a
criminal action is governed in part by Federal Rules of Criminal
Procedure 3 and 4, which provide some guidance in determining
whether a purported criminal complaint merits reference to the
United States Attorney.  Rule 3 provides, "The complaint is a
written statement of the essential facts constituting the offense
charged.  It must be made under oath before a magistrate judge
or, if none is reasonably available, before a state or local
judicial officer."  Rule 4 provides, in pertinent part, "If the
complaint or one or more affidavits filed with the complaint
establish probable cause to believe that an offense has been
committed and that the defendant committed it, the judge must
issue an arrest warrant to an officer authorized to execute it."

28

Here, Plaintiff's allegations are not sufficient to establish probable cause to believe that the defendants violated § 242[10] or any other federal criminal statute. This Court perceives no reason, on the basis of the facts before it, to refer this matter to the United States Attorney.

Accordingly, all of these federal statutory claims will be dismissed with prejudice.

I.    Malicious Prosecution

Plaintiff alleges generally that he was subjected to a "malicious prosecution" in New York.

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal

---

[10] The elements of a violation under § 242 are set forth in United States v. Senak, 477 F.3d 304 (7th Cir.), cert. denied, 414 U.S. 856 (1973).

29

proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination of the New York criminal proceedings.  Accordingly, this claim must be dismissed without prejudice.

J.   International Convention

Plaintiff claims that the circumstances of his arrest and detention violated the International Convention on the Elimination of all Forms of Racial Discrimination ("CERD").  See International Convention on the Elimination of All Forms of Racial Discrimination, Dec. 21, 1965, 660 U.N.T.S. 195 (ratified by the United States on June 24, 1994).

The purpose of the CERD is "to adopt all necessary measures for speedily eliminating racial discrimination in all its forms and manifestations, and to prevent and combat racist doctrines and practices in order to promote understanding between races and

to build an international community free from all forms of racial segregation and racial discrimination ... ." Id. at 54.

As numerous courts have recognized, this treaty does not give rise to a private cause of action, as it is neither self-executing nor has Congress enacted enabling legislation. See, e.g., Akuma v. New Jersey Comm'r of Dept. of Labor and Workforce Development, 2008 WL 4308229, *1 n.1 (D.N.J. Sept. 17, 2008); Gamparo v. U.S., 2007 WL 2245907, *4 (D.R.I. 2007); Rotar v. Placer County Superior Court, 2007 WL 1140682, *1 (E.D. Cal. 2007), R&R Adopted by, 2008 WL 4463787 (E.D. Cal. Oct. 2, 2008); Johnson v. Quander, 370 F.Supp.2d 79, 100-01 (D.D.C. 2005), aff'd, 440 F.3d 489 (D.C. Cir.), cert. denied, 127 S.Ct. 103 (2006); Hayden v. Pataki, 2004 WL 1335921, *7 (S.D.N.Y. June 14, 2004); U.S. v. Perez, 2004 WL 935260, *17 (D. Conn. April 29, 2004). Accordingly, this claim will be dismissed with prejudice.

K.  Pendent State Law Claims

Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

1.   Malicious Absue of Process

Under New Jersey law, to sustain a cause of action for abuse

of process, one must show: (1) an improper, illegal, and

perverted use of the legal procedure, (2) an ulterior motive in

initiating the legal process, and (3) some further act after the

issuance of process representing the perversion of the legitimate

use of the process.  See generally Simone v. Golden Nugget Hotel

and Casino, 844 F.2d 1031, 1036-1039 (3d Cir. 1988) (collecting

New Jersey cases).  "Bad motives or malicious intent leading to

the institution of a civil [or criminal] action are insufficient

to support a cause of action for malicious abuse of process.  A

showing of some coercive or illegitimate use of the judicial

process is necessary to a claim that there has been an abuse of

the process."  Id. at 1037 (citations omitted).

> The improper purpose usually takes the form of coercion
> to obtain a collateral advantage, not properly involved
> in the proceeding itself, such as the surrender of
> property or the payment of money, by the use of the
> process as a threat or a club.  There is, in other
> words, a form of extortion, and it is what is done in
> the course of negotiation, rather than the issuance or
> any formal use of the process itself, which constitutes
> the tort.

Id. at 1037 (quoting W. Prosser & W. Keeton, The Law of Torts

§ 121 at 898 (5th ed. 1984) and citing Earl v. Winne, 34 N.J.

Super. 605, 615 (Law Div. 1955)).  "The legal pursuit of one's

right, no matter what may be the motive of the promoter of the

action, cannot be deemed either illegal or inequitable." Id. at
1039 (quoting Davis v. Flagg, 35 N.J.Eq. 491, 494 (1882)).

To state an abuse of process claim under New York law, a
plaintiff must establish that the defendant employed a regularly
issued legal process to compel performance or forbearance of some
act with the intent to do harm without excuse of justification,
and in order to obtain a collateral objective that is outside the
legitimate ends of the process. See generally V.S. ex rel. T.S.
v. Muhammad, 2008 WL 4446671 *20 (E.D.N.Y. 2008) (collecting
cases). Again, a malicious motive alone does not give rise to a
cause of action for abuse of process. Id.

Although Plaintiff asks this Court to exercise pendent
jurisdiction over his state law "abuse of process" claim, he
fails to indicate against whom this claim is asserted. This
Court cannot discern that Plaintiff has stated an abuse of
process claim against any of the fifty defendants named in the
Complaint. Accordingly, this claim will be dismissed without
prejudice.

2. Kidnapping

Plaintiff asserts a state-law claim against Defendants
Honora and Steven for "kidnapping." He also asserts that
Defendant Margo Green "conspired" with Defendants Honora and
Steven to kidnap Plaintiff, by contacting them and telling them

33

that he was wanted for questioning about a crime and telling them where he could be found.

Under New Jersey law, "'[f]alse arrest or false imprisonment is the constraint of the person without legal justification.'" Gibson v. Superintendent of NJ Dept. of Law and Public Safety - Division of State Police, 411 F.3d 427, 451 (3d Cir. 2005) (citations omitted), cert. denied sub nom, Verniero v. Gibson, 547 U.S. 1035 (2006). "The tort of false arrest consists of: (1) an arrest or detention of the person against his will; (2) which is done without proper legal authority or legal justification." Id.

Under New York law, the elements of a false arrest or false imprisonment claim are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

This claim will be permitted to proceed as against Defendants Honora and Steven. With respect to Defendant Margo Green, however, the allegations are not sufficient to state a claim for conspiracy to unlawfully confine Plaintiff under either New Jersey or New York law. Plaintiff does not allege that Defendant Margo Green intended by her statement to cause Plaintiff's false arrest or false imprisonment, as opposed to

34

police questioning.[11]  Moreover, the Court notes that Plaintiff

admits in the Complaint that he was wanted for murder in Chicago.

 3.  Libel/Slander Claims

 Plaintiff alleges in conclusory fashion that ten defendant

news organizations acted in concert with one another and

conspired with Defendant Honora and the New York Police

Department to defame, libel, and slander him by calling him a

"serial killer" following his arrest.

 The elements of a cause of action for slander under New York

law are (1) a defamatory statement of fact, (2) that is false,

(3) published to a third party, (4) of and concerning the

plaintiff, (5) made with the applicable level of fault on the

part of the speaker, (6) either causing special harm or

constituting slander per se, and (7) not protected by privilege.

See Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001).  To

recover in libel under New York law, a plaintiff must establish:

(1) a written defamatory statement of fact concerning the

plaintiff, (2) publication to a third party, (3) fault, (4)

falsity of the defamatory statement, and (5) special damages or

per se actionability (defamatory on its face).  See Celle v.

---

 [11] In the text of the Complaint, Plaintiff also asserts that
the Sherman Hotel conspired with the New York Police Department
to have him falsely arrested by reporting the murder and by
reporting that Plaintiff was a guest there.  Again, these
allegations are not sufficient to state a claim against the
Sherman Hotel for conspiracy to falsely arrest or falsely
imprison Plaintiff.

Filipino Reporter Enterprises Inc., 209 F.3d 163, 176 (2d Cir. 2000).

Under New Jersey law, to establish a prima facie case of defamation, whether denominated libel or slander, a plaintiff must show that the defendant communicated a false statement about plaintiff to a third person that harms plaintiff's reputation in the eyes of the community or deters third persons from associating with the plaintiff. Whether a statement is defamatory is a matter of law to be determined by the court. Dello Russo v. Nagel, 358 N.J.Super. 254, 262-264 (App. Div. 2003).

The Court finds that this claim is not a proper one for joinder with the other claims asserted here. See Fed.R.Civ.P. 20(a)(2). All other claims which will proceed here share common questions of law and fact regarding the lawfulness of Plaintiff's arrest and detention. The accuracy of news organizations' reporting regarding Plaintiff's criminal record and status as a suspect in various criminal matters, as well as the issue of the damages flowing from such reporting, present completely distinct factual and legal questions. The defamation/libel/slander claims will be dismissed without prejudice.

V. CONCLUSION

For the reasons set forth above, certain claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

36

1915A(b)(1), for failure to state a claim.   However, because it

is conceivable that Plaintiff may be able to supplement his

pleading with facts sufficient to overcome certain deficiencies

noted herein, the Court will grant Plaintiff leave to file an

amended complaint addressing those claims dismissed without

prejudice.[12]   An appropriate order follows.


_____
Dennis M. Cavanaugh
United States District Judge

Dated: 11/17/08

_____

[12] Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]." 6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes
omitted).   An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit.   Id.   To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.   Id.

37

# EXHIBIT D

**(February 23rd Order and Opinion Dismissing Complaint)**

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EMERSON TUCKER, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, *et. al* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter comes before the Court upon motions of Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"), NYP Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co., and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the "Media Defendants").[1] The Media Defendants move to dismiss *pro se* Plaintiff Emerson Tucker's claims for defamation, libel, slander and for violations of 1983 and a New York privacy statute.

For the reasons stated below, the Media Defendants' motions are **granted.**

---

[1] For the same reasons, the Court will also dismiss Plaintiff's claims against CBS Television News Broadcast, CNN Television News Broadcast, Chicago Sun-Times Newspaper the Chicago Tribune Company and the Chicago Tribune Newspaper (the Tribune filed a notice of bankruptcy on September 6, 2009).

# I. **BACKGROUND**

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois.  Plaintiff alleges that on or about May 14, 2007, while he was in Newark, New Jersey, he was illegally abducted by police officers of the New York Police Department.[2]  Plaintiff asserts various claims against individuals, government entities and media companies for conduct related to his arrest in New Jersey by officers of the New York City Police Department.

Plaintiff alleges that the Media Defendant news organizations, acted in concert with one another and conspired with the New York Police Department to defame, libel, and slander him by calling him a "serial killer" following his arrest.  He also asserts violations of 42 U.S.C. § 1983, and a New York privacy statute.

Previously, this Court dismissed Plaintiff's claims against the Media Defendants, finding that these claims were improperly joined with the other claims asserted, because "[a]ll other claims which will proceed here share common questions of law and fact regarding the lawfulness of Plaintiff's arrest and detention."  The claims against the media Defendants, however, do not share common questions of law and fact, and in accordance with FED.R.CIV.P. 20(a)(2), were dismissed.

## II. **APPLICABLE LAW**

Rule 20(a)(2) covers the permissive joinder of defendants in civil actions.  Persons may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

---

[2] The Court recited Plaintiff's allegations in more detail in Tucker v. New York Police Dep't, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008).  Here, the Court only references the facts pertinent to this opinion.

series of transactions or occurrences; and (B) any question of law or fact common to all defendants

will arise in the action. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007);

George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In the context of prisoner actions, a *pro se* plaintiff may not join in one case all defendants

against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant
> 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims
> against different defendants belong in different suits, not only to prevent the sort of
> morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that
> prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to
> 3 the number of frivolous suits or appeals that any prisoner may file without
> prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit
> complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed
> to pay a debt, and  infringed his copyright, all in different transactions - should be
> rejected if filed by a prisoner.

George, 507 F. 3d at 607; Garcia v. Union City Police Dep't, 2009 U.S. Dist. LEXIS 28455, at *9-10

(D.N.J. Apr. 1, 2009). A "buckshot" complaint is precisely what this Court is faced with, as Plaintiff

asserted a litany of claims against upwards of fifty defendants.

## III. DISCUSSION

Th Court finds that Plaintiff's claims against the Media Defendants are not properly joined

in this action.  As the Court previously explained in its November 18, 2008 Opinion, the accuracy

of news organizations' reporting regarding Plaintiff's criminal record, and status as a suspect in

various criminal matters, present completely distinct factual and legal questions from Plaintiff's

numerous underlying claims (e.g., false arrest, false imprisonment, violations of the Equal Protection

clause).  Accordingly, Plaintiff's claims against the Media Defendants are dismissed.

-3-

## IV.  CONCLUSION

The Media Defendants' motions to dismiss the claims of Plaintiff Emerson Tucker are

**granted**.

 S/ Dennis M. Cavanaugh 
Dennis M. Cavanaugh, U.S.D.J.

Date:        February __23_, 2010
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMERSON TUCKER, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **ORDER** |
| | : | |
| v. | : | Civil Action No. 08-CV-2156 (DMC) |
| | : | |
| NEW YORK POLICE DEPARTMENT, | : | |
| *et. al* | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter, having come before the Court upon motions to dismiss the claims of *pro se*

Plaintiff Emerson Tucker, by Daily News, L.P. (incorrectly sued as "The New York Daily

Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American

Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"),  NYP

Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co.,

and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the

"Media Defendants"); the Court having reviewed the parties' submissions; and for reasons set forth

in its Opinion issued this day;

IT IS on this   23rd   day of February, 2010;

**ORDERED** that the Media Defendants' motions to dismiss Plaintiffs claims are granted, and

it is further,

**ORDERED** that the motions appearing at the following docket entry numbers are hereby

terminated:  74, 79, 81, 86, 87, 97.

               S/ Dennis M. Cavanaugh
               Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Original: | Clerk's Office |
| cc: | All Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |

# EXHIBIT E

**(Chicago Tribune Articles Discussing Emerson Tucker)**



1 of 2 DOCUMENTS

Copyright 2007 Chicago Tribune Company
Chicago Tribune

May 18, 2007 Friday
Northwest Final Edition

**SECTION:** METRO ; ZONE NW; Pg. 1

**LENGTH:** 589 words

**HEADLINE:** Fatal-knifing suspect arrested in New York;
Drifter charged in another killing

**BYLINE:** By Angela Rozas, Tribune staff reporter

**BODY:**

The suspect's fingerprints came back with only one match, a municipal violation for selling cigarettes without a permit in 2006.

But the Chicago detectives investigating the recent death of a 22-year-old South Side student -- who had been stabbed 62 times -- thought there had to be more in James Turner's background.

The 51-year-old man, described as a drifter, had been living in the same building where Jessica Richardson's body was found on May 9, police said.

So Detectives John Climack and Carlos Virgilio enlarged the fingerprints and faxed each print to the FBI.

On Tuesday, the detectives learned their suspect wasn't James Turner at all. His real name was Emerson Tucker, and he had just been arrested in New York for the 2003 murder of a prostitute. She had been strangled and stuffed into a suitcase, then left in a Manhattan hotel, Climack said.

Climack grabbed a phone and called detectives in New York City.

"I realized this guy was on a roll, and we had to stop him," Climack said.

He said he told the New York City detectives about his case, and they told him they were about to release Tucker. They couldn't find some of their witnesses and couldn't hold him, Climack said.

"I told them, 'You can't release him,'\ " Climack said.

The detectives worked through the night, and at 6 a.m. Wednesday they named him in an arrest warrant in Richardson's death.

With the extra time, New York police were able to contact witnesses and charged Tucker, who they say is 50 years old, in the murder of Deshaute Hutchison.

Police believe Richardson didn't know Tucker.

Tucker was living with a roommate in the 3000 block of West Warren Boulevard, police said. He sold newspapers, perfume and purses near Madison and State Streets, close to where Richardson attended classes at the International Academy of Design and Technology, Climack said.

Police don't know why Richardson was in the apartment. But it was there that Tucker allegedly stabbed her to death, leaving her body on the floor. On May 9, his roommate, a man police describe as mentally disabled, discovered her, Climack said.

Police believe Tucker may have gone to New Jersey after leaving Chicago, and that a relative there may have contacted authorities. He was arrested Monday.

Tucker has a previous criminal history, having served time in a New Jersey prison for murder, Climack said. According to New Jersey public records, Tucker served 11 years and was released from prison in 2001.

Police in other states -- Ohio and Indiana -- suspect Tucker in other cold cases, and they have begun investigating possible connections, Climack said.

Richardson was the sixth of 12 children and grew up on the South Side, sister Latisha Richardson said. She was working at a downtown Dominick's grocery store while attending school, loved art and dancing, and wanted to be an interior designer.

"She was the sweetest person you could ever meet," her sister said. "If you were down, she'd go out of her way to make you feel better. She had that knack."

The family held a funeral for Richardson on Wednesday, and they learned of Tucker's arrest when detectives called them Thursday. It was the second family tragedy in a week's time, she said. Her cousin, 16-year-old Blair Holt, was shot to death last week on a CTA bus.

Latisha Richardson said she rejoiced when Holt's suspected killer was caught but was afraid her sister wouldn't get justice.

"Oh my God, we were so relieved," Richardson said. "We're just so happy they caught him. We want to make sure that he never gets out again."

arozas@tribune.com

**LOAD-DATE:** May 18, 2007

 **LexisNexis®**

Copyright 2007 Chicago Tribune Company
Chicago Tribune

May 18, 2007 Friday
RedEye Edition

**SECTION:** Pg. 14

**LENGTH:** 315 words

**HEADLINE:** Suspect named in woman's stabbing death

**BYLINE:** FROM NEWS SOURCES

**BODY:**

The suspect's fingerprints came back with only one match, a municipal violation for selling cigarettes without a permit in 2006.

But the Chicago detectives investigating the death of a 22-year-old South Side student -- who had been stabbed 62 times -- thought there had to be more in James Turner's background.

The 51-year-old man, described as a drifter, had been living in the same building where Jessica Richardson's body was found May 9, police said.

So Detectives John Climack and Carlos Virgilio enlarged the fingerprints and faxed each print to the FBI.

On Tuesday, the detectives learned their suspect wasn't James Turner at all. His real name was Emerson Tucker, and he had just been arrested in New York for the 2003 murder of a prostitute. She had been strangled and stuffed into a suitcase, then left in a Manhattan hotel, Climack said.

Climack grabbed a phone and called detectives in New York City.

"I realized this guy was on a roll, and we had to stop him," Climack said.

He said he told the New York City detectives about his case, and they told him they were about to release Tucker. They couldn't find some of their witnesses and couldn't hold him, Climack said.

"I told them, 'You can't release him,' " Climack said.

The detectives worked through the night, and at 6 a.m. Wednesday, they named him in an arrest warrant in Richardson's death.

Tucker was living with a roommate in the 3000 block of West Warren Boulevard, police said. He sold newspapers, perfume and purses near Madison and State Streets, close to where Richardson attended classes at the International Academy of Design and Technology, Climack said.

Police don't know why Richardson was in the apartment. But it was there that Tucker allegedly stabbed her to death, leaving her body on the floor. On May 9, his roommate, a man police describe as mentally disabled, discovered her, Climack said.

He was arrested Monday.

 **LexisNexis®**

1 of 1 DOCUMENT

Copyright 2008 Chicago Tribune Company
Chicago Tribune

January 15, 2008 Tuesday
Chicagoland Final Edition

**SECTION:** METRO ; ZONE C; Pg. 3

**LENGTH:** 146 words

**HEADLINE:** Suspect in slaying must get DNA tested

**DATELINE:** CHICAGO

**BODY:**

A man accused of stabbing a Chicago woman 62 times and leaving her body in his basement apartment must submit to DNA testing, Cook County Circuit Judge Raymond Myles ruled Monday.

Emerson Turner, 51, was arrested in May in New York six days after Jessica Richardson's body was discovered by his roommate on the floor of their apartment on Chicago's West Side. The woman, 22, was a student at the International Academy of Design and Technology.

Turner was being held for questioning in New York in connection with a 2003 killing of a prostitute. Law enforcement authorities there charge that he strangled the prostitute and stuffed her body in a suitcase before leaving a Manhattan hotel.

Turner was about to be released in New York when Chicago detectives called to have him held, authorities said.

Turner is being held without bail in Cook County Jail. His next court date is Feb. 1.

**LOAD-DATE:** January 15, 2008

# **EXHIBIT F**

**(Declaration of Debra Bade)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

---

## DECLARATION OF DEBRA BADE IN SUPPORT OF DEBTORS' THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007[2]

### ("CLAIMS ASSERTED BY EMERSON TUCKER")

I, Debra Bade, do hereby declare as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      Since January 2, 2002, I have been librarian of the <u>Chicago Tribune</u>. Prior to that, I was Director of Online Training and Development for CNN in Atlanta, Georgia. I submit this declaration in support of the Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (the "<u>Objection</u>"). I have personal knowledge of the matters set forth herein and would, if called, testify to such matters as set forth in this declaration.

2.      As part of my employment as librarian for the <u>Chicago Tribune</u>, I am familiar with and regularly conduct reviews of the <u>Chicago Tribune</u>'s electronic archives. The electronic archives, which date back to 1985, are the primary database in which the <u>Chicago Tribune</u> maintains a record of all the news articles it publishes, and, to the best of my knowledge, are a comprehensive record of the newspaper's articles.

3.      In connection with preparing the Objection, I conducted a review of the <u>Chicago Tribune</u>'s electronic archives to identify any article published by the <u>Chicago Tribune</u>, or its free daily publication, the <u>RedEye</u>, containing the name "Emerson Tucker" or regarding Emerson Tucker and his involvement in any criminal activity, including his suspicion of, or arrest and prosecution for murder.

4.      The three articles attached as <u>Exhibit E</u> to the Objection are the only three articles the electronic archives contain that meet this description.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September *17*, 2010

*Debra K. Bade*
Debra Bade