# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: Oct. 22, 2010 at 2:00 p.m. EDT<br>Obj. Deadline: Oct. 15, 2010 at 4:00 p.m. EDT |

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN NOVACK AND MACEY LLP AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO AUGUST 26, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order, in substantially the form attached hereto, authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors to employ and retain the law firm of Novack and Macey LLP ("Novack and Macey") as their special counsel for the limited purpose of representing and advising the Debtors in connection with certain claims related to Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc. and/or companies affiliated therewith (collectively, "Morgan Stanley") pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to August 26, 2010. In support of the Application, the Debtors submit the Declaration of Stephen Novack (the "Novack Declaration"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only. An additional Debtor, Chicago National League Ball Club, LLC, voluntarily commenced a chapter 11 case on October 12, 2009, and that case was procedurally consolidated with the other Debtors' chapter 11 cases by an order of the Bankruptcy Court entered October 14, 2009.

2.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## RELIEF REQUESTED

5.      By this Application, the Debtors seek authorization to employ and retain Novack and Macey as their special counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to August 26, 2010, for the limited purpose of representing and advising the Debtors in connection with certain potential claims relating to Morgan Stanley. Those claims are, in summary, claims or actions that any of the Debtors or their affiliates might have against any of the Morgan Stanley entities relating to certain matters (the "Morgan Stanley Claims").[2] Novack and Macey's representation, if necessary, will include the prosecution of any litigation relating to the Morgan Stanley Claims and/or recommending settlement of such claims.

6.      Founded in Chicago in 1984, Novack and Macey is a premier litigation boutique. Although Novack and Macey primarily focuses on trial and appellate litigation, it also

---

[2] The Morgan Stanley Claims are defined in the Amended Joint of Reorganization for Tribune Company and Its Subsidiaries (as modified) [Docket No. 5205) (as may be amended, supplemented, or modified, the "Plan"). The Plan defines the Morgan Stanley Claims as follows: "Morgan Stanley Claims means all claims, rights of actions, suits or proceedings, whether in law or in equity, whether known or unknown, and including any and all rights, claims and actions (including avoidance actions arising under chapter 5 of the Bankruptcy Code) that Tribune or any of its Affiliates may have against [Morgan Stanley], including but not limited to rights, claims, and actions arising from or related to (a) the acquisition, sale or disposition of any notes, bonds, or other indebtedness held by [Morgan Stanley], (b) the interest rate swap transaction executed pursuant to the ISDA Master Agreement dated as of August 5, 1994 (as subsequently amended and together with any schedules, exhibits, and confirmations) between the Times Mirror Company and [Morgan Stanley] and any set-offs of claims arising from such interest rate swap transactions, (c) any advisory engagement or potential advisory engagement of, and/or advice given by, [Morgan Stanley], including but not limited to (i) any transaction related to leveraged buy-out of Tribune [Company] that occurred in 2007, including, without limitation, the purchase by Tribune [Company] of its common stock on or about June 4, 2007, the merger and related transactions involving Tribune [Company] on or about December 20, 2007, the merger and related transactions involving Tribune [Company] on or about December 20, 2007, and any financing committed to, incurred, or repaid in connection with any such transaction, and (ii) the agreement between Tribune [Company] and [Morgan Stanley] dated as of November 30, 2008, regardless of whether such rights, claims and actions may be asserted pursuant to the Bankruptcy Code or any other applicable law." (Plan, § 1.1.115.)

has significant expertise in arbitration, mediation, negotiation, and other means of resolving conflict short of litigation. In addition, Novack and Macey has extensive experience in both the investigation and litigation of financial matters and has significant experience in matters related to the financial industry.

7. Given the development and present posture of their chapter 11 cases, the Debtors have determined that retention of special counsel to advise and represent them in connection with the investigation, prosecution, litigation, and/or settlement of the Morgan Stanley Claims is necessary and appropriate. As special litigation counsel to the Debtors, Novack and Macey will be able to focus the entirety of its efforts in representing the Debtors on providing services respecting the Morgan Stanley Claims while the Debtors continue to focus on the broader reorganization process. The discrete services to be performed by Novack and Macey will, moreover, not be duplicative of the Debtors' employment of any other professionals in these cases. Specifically, Sidley Austin LLP ("Sidley") will continue to act as the Debtors' general reorganization and bankruptcy counsel, and Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") will continue to act as reorganization and bankruptcy co-counsel, as each of those firms has done throughout the Debtors' chapter 11 cases, while Novack and Macey complements the services of those firms (and the Debtors' other existing counsel retained pursuant to section 327(e) of the Bankruptcy Code) with its services.

8. The Debtors have managed their counsel throughout the chapter 11 cases so as to minimize the amount of any duplication of effort or responsibilities and will continue to monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Sidley, Cole Schotz, and Novack and Macey, in turn, have advised the Debtors that they will make every effort to minimize duplication of their work,

with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Novack and Macey limited to advising on matters related to the Morgan Stanley Claims, each consistent with their experience and expertise. The Debtors will continue to manage the services of their counsel, including Novack and Macey, in an effective and cost-efficient manner throughout these chapter 11 cases.

        9.       The Debtors have retained Jenner & Block LLP ("Jenner") as special litigation counsel for various matters pursuant to two prior orders of the Bankruptcy Court. See Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP, Case No. 08-13141 (KJC) (Bankr. D. Del. Feb. 20, 2009); Order Authorizing Expanding the Scope of the Retention of Jenner & Block LLP, Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 28, 2009). On April 28, 2009, Jenner filed the Second Supplemental Declaration of David J. Bradford in support of its retention as special litigation counsel to the Debtors, which stated that the Debtors had requested that Jenner represent them in connection with investigating possible claims against Morgan Stanley Capital Services and/or affiliated companies relating to an ISDA Master Agreement dated August 5, 1994. See Second Supplemental Declaration of David J. Bradford in Support, Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 28, 2009). More recently, Jenner filed its Tenth Supplemental Declaration of David J. Bradford in support of its retention as special litigation counsel to the Debtors, which stated that Jenner's representation includes claims against Morgan Stanley & Company and/or affiliated companies based on conduct in their advisory capacities to Tribune, and taking appropriate actions with respect to any such claims. See Tenth Supplemental Declaration of David J. Bradford, Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 13, 2010). The Debtors have conferred with Jenner and Novack and

Macey respecting the scope of Jenner's retention and that of Novack and Macey, and have directed that Novack and Macey will represent the Debtors respecting the Morgan Stanley Claims and that Jenner will not do so, notwithstanding any statements to the contrary in the Second Supplemental Declaration and the Tenth Supplemental Declaration.[3] Accordingly, Tribune's proposed retention of Novack and Macey will not duplicate services being provided to the Debtors by other professionals, and should be approved.

10. Subject to the Court's approval, the Debtors have agreed that Novack and Macey will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Novack and Macey's billing rates currently range from $375 to $650 per hour for partners, $215 to $375 per hour for associates, and $165 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. (Novack Decl., ¶ 16.)

11. In addition to the hourly rates set forth above, Novack and Macey has advised the Debtors that it customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. (Novack Decl., ¶ 17.) Novack and Macey has advised the Debtors that it believes such reimbursement to be consistent with standard market practices and that it believes that it is appropriate to charge these expenses to

---

[3] Although Jenner has no present conflict of interest, out of an abundance of caution, the Debtors have concluded that retaining counsel that does not currently represent any other constituency in these cases is justified given the possibility that such counsel may be tasked with commencing litigation on behalf of the estate and the impossibility of predicting with certainty the course of such litigation. Jenner's knowledge and work product on these matters is being fully and effectively provided by Jenner to Novack and Macey so that no value is lost in the transition.

clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.  Id.

12. Novack and Macey has confirmed that it will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court. (Novack Decl., ¶ 18.) The Debtors have provided copies of the applicable orders of this Court to Novack and Macey as of the date of this Application. The Debtors' in-house personnel and outside professionals will also work with Novack and Macey as needed to ensure that Novack and Macey complies with all procedural requirements relating to their retention, employment, and compensation by the Debtors.

13. To check and clear potential conflicts of interest in these cases, Novack and Macey has advised the Debtors that it performed a conflicts search on the Debtors and other significant parties-in-interest (collectively, the "Interested Parties"). The identities of the Interested Parties were provided to Novack and Macey by the Debtors and are set forth on Schedule 1 to the Novack Declaration. Novack and Macey has advised the Debtors that it has no current representations adverse to the Debtors on any matters. (Novack Decl., ¶ 8.) The Novack Declaration identifies a former representation by Novack and Macey that was adverse to one of the Debtors and additionally identifies representations by Novack and Macey of Interested Parties during the last five years on matters unrelated to the Debtors or their estates.  Id.

14. Despite the efforts described above to identify and disclose Novack and Macey's connections with parties in interest in these cases, because the Debtors and their non-

debtor affiliates consist of over 115 entities with thousands of creditors and other relationships, Novack and Macey has advised the Debtors that it is unable to state with certainty that every client relationship or other connection has been disclosed. Novack and Macey has informed the Debtors that it will conduct an ongoing review of its files to ensure that it continues neither to hold nor represent in these proceedings any interests adverse to the Debtors or to their estates on the matters on which Novack and Macey is retained. If Novack and Macey discovers additional information that requires disclosure, Novack and Macey has advised the Debtors that it will file a supplemental disclosure with the Court as promptly as practicable. (Novack Decl., ¶ 14.)

15. To the best of the Debtors' knowledge, information and belief, and as described in the Novack Declaration, Novack and Macey neither holds nor represents any interest adverse to the Debtors or their respective estates in the matters for which it is proposed to be retained. (Novack Decl., ¶¶ 9, 12.) Accordingly, the Debtors believe that Novack and Macey satisfies the standards for retention under section 327(e) of the Bankruptcy Code. The Debtors further submit that their employment of Novack and Macey to address matters relating to the Morgan Stanley Claims would be in the best interests of the Debtors and their respective estates. The Debtors' knowledge, information and belief regarding the matters set forth herein are based, and made in reliance, upon the Novack Declaration.

## LEGAL AUTHORITY

16. Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

17. When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

18. In the instant case, the retention of Novack and Macey by the Debtors is in the best interests of the Debtors' estates and satisfies the standards for retention under sections 327(e) and 1107. Novack and Macey has substantial experience in the investigation and prosecution of complex and substantial financial claims matters, which it will bring to representing and advising the Debtors with respect to the Morgan Stanley Claims. Moreover,

because Novack and Macey is being retained solely in connection with the Morgan Stanley Claims, Novack and Macey will be able to devote all of its resources to advising the Debtors on such matters without distraction. Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain Novack and Macey as their special counsel in regard to the Morgan Stanley Claims.

19. The Debtors seek to retain Novack and Macey *nunc pro tunc* to August 26, 2010, the point at which Novack and Macey began providing services to the Debtors. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986) (in which the court authorized retroactive approval of the employment of a professional pursuant to section 327(a) of the Bankruptcy Code); In re Primary Health Sys. Inc., 2002 WL 500567 (D. Del. Mar. 28, 2002). In determining whether the court should exercise its discretion to grant retroactive approval the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and may consider additional factors such as (1) whether the applicant was under time pressure to begin service without approval; (2) the amount of delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. Arkansas Co., 798 F.2d at 650.

20. The factors cited by the Third Circuit in In re Arkansas Co. relating to nunc pro tunc retention are satisfied here. First, there was significant time pressure for Novack and Macey to begin rendering services. The negotiations concerning the resolution of the Debtors' chapter 11 cases have been proceeding at an exceptionally aggressive pace over the past couple months, with potential resolution or litigation of the Morgan Stanley Claims being a significant issue relating to those negotiations. The Debtors first approached Novack and Macey

with respect to a possible representation of the Debtors regarding the Morgan Stanley Claims on or about August 26, 2010. On such date, the Debtors requested that Novack and Macey immediately commence such representation to ensure that Novack and Macey was fully informed as to the Morgan Stanley Claims and able to participate in relevant negotiations and provide necessary advice, so that issues respecting the Morgan Stanley Claims might be addressed within a potential timeline for confirmation. Moreover, Novack and Macey required the additional time between August 26, 2010 and the date of this Application to complete the unusually lengthy conflicts check both of which were required prior to filing the Application. (Novack Decl., ¶ 13.)

21.   There is no apparent prejudice to any party in interest in these cases from the brief passage of time between Novack and Macey's commencement of services on August 26, 2010, and the date of the filing of this Application. Such delay is moreover minimal in light of the amount of time needed to prepare the Application and for Novack and Macey to complete its conflicts search. Indeed, the Debtors have submitted this Application for hearing at the October 22, 2010, omnibus hearing in their chapter 11 cases, which is the first omnibus hearing date after the commencement of Novack and Macey's services for which the Application could practicably have been noticed. The Debtors accordingly request that the Court approve Novack and Macey's retention on a *nunc pro tunc* basis in order to cover the period since August 26, 2010, in which those fees and expenses were incurred, as well as subsequent periods.

## NOTICE

22.   Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for

the Debtors' postpetition financing facility; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

23.   The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain Novack and Macey as special counsel to the Debtors regarding the Morgan Stanley Claims pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to August 26, 2010, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: September 24, 2010

                                    TRIBUNE COMPANY
                                    (for itself and on behalf of each Debtor)

                                    _____
                                    Don Liebentritt
                                    Chief Restructuring Officer