IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> Ref. Docket No. ____ |

## DECLARATION OF STEPHEN NOVACK IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN NOVACK AND MACEY LLP AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO AUGUST 26, 2010

Stephen Novack declares as follows:

1.      I am a partner in the firm of Novack and Macey LLP ("Novack and Macey"), which maintains offices for the practice of law at 100 North Riverside Plaza, Chicago, Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

60606. I am duly licensed in and am a member in good standing of the bar of the State of Illinois and am admitted to practice before the United States District Court for the Northern District of Illinois.

2.  I submit this Declaration in support of the application (the "Application") for entry of an order authorizing the retention of Novack and Macey as attorneys for the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Debtors"), pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to August 26, 2010.

## SERVICES TO BE RENDERED

3.  The Debtors have requested that Novack and Macey act as their counsel for the limited purpose of: (a) representing and advising the Debtors in connection with certain potential claims against or by Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc. and/or companies affiliated therewith (collectively, "Morgan Stanley") as those claims are defined in the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as Modified) dated as of July 30, 2010 [Docket No. 5205] (as may be amended, supplemented, or modified); and (b) prosecuting or defending (or settling) such claims on behalf of the Debtors if the same are filed.

4.  I understand that the Debtors have previously retained (i) Sidley Austin LLP as general reorganization and bankruptcy counsel in connection with their Chapter 11 cases, (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A. as Delaware co-counsel in connection with their Chapter 11 cases, and (iii) various other counsel for specified purposes pursuant to Section 327 of the Bankruptcy Code. Novack and Macey will work closely with these other firms and with Debtors' management so as to avoid duplication of services.

## STATEMENT OF CONNECTIONS

5. Neither Novack and Macey, any partner or associate thereof, nor I, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the Debtors or the Debtors' estates on the matters on which Novack and Macey is to be retained.

6. Neither the firm of Novack and Macey, any partner or associate thereof, nor I, insofar as I have been able to ascertain, has any connection with any Bankruptcy Judge of the District of Delaware, the United States Trustee (Region 3), or the Assistant Trustees or Trial Attorneys in the Office of the United States Trustee for Region 3.

7. Because of the nature of the Debtors' corporate structure, relationships between Novack and Macey (on the one hand) and the Debtors and/or their creditors or affiliates (on the other hand), may have existed in past years and may exist in the future. As of the date of this Declaration, the firm believes it has materially completed its investigation of its contacts with the Potential Parties in Interest (as defined below), based on the information provided to Novack and Macey by the Debtors, subject to its continuing duty to disclose any additional information that comes to light.

8. The Debtors provided to Novack and Macey the list of names attached hereto as Schedule 1 and incorporated herein by reference (collectively, the "Potential Parties in Interest") for the purposes of conducting its search for potential connections and conflicts pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure.

9. Novack and Macey performed a search for connections and conflicts with the Potential Parties in Interest over the past five years. Through the information generated from the above-mentioned search, it was determined that Novack and Macey does not presently represent or hold any interests adverse to any of the Debtors or the Debtors' estates on the

matters on which Novack and Macey is to be employed and has not represented any interests adverse to any of the Debtors or the Debtors' estates within the last five years with respect to the matters on which Novack and Macey is to be employed.

10. Novack and Macey has not represented any Potential Parties in Interest within the last five years in matters relating to Debtors or Debtors' estates. Novack and Macey previously represented Fox News Network, LLC in a matter adverse to Chicago Tribune Company, which was unrelated to Debtors' Chapter 11 cases.

11. Novack and Macey represents or has represented in the last five years the following Potential Parties in Interest or affiliates thereof in connection with one or more matters unrelated to Debtors or Debtors' estates:

> AIG
> Bank of America
> Credit Suisse Group AG
> Deutsche Bank National Trust Company
> GE
> Honda
> Mayer Brown LLP
> McDermott Will & Emery LLP
> McDonald's
> Moelis & Company LLC
> Prudential Insurance Company of America
> Seyfarth Shaw LLP
> Sony Entertainment

In addition, Novack and Macey represented WRS Infrastructure & Environmental, Inc., a company associated with EGI, LLC, in a matter unrelated to the Debtors or the Debtors' estates.

12. I do not believe that any of the foregoing current or former representations constitute a conflict with Novack and Macey's representation of the Debtors, nor do I believe that they are likely to create a conflict in the future.

13. Novack and Macey needed the time between August 26, 2010 and the filing of the Application to complete the lengthy search for connections and conflicts with the Potential Parties in Interest which was required prior to filing the Application.

14. While Novack and Macey has undertaken, and continues to undertake, extensive efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Novack and Macey, through its continuing efforts, learn of any new connections of the nature discussed herein, Novack and Macey will so advise the Court by filing a supplement to the Declaration.

### Statement Under Sections 329 And 504 Of The Bankruptcy Code And Under Federal Rule Of Bankruptcy Procedure 2016

15. In accordance with sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016, I hereby state that neither I nor Novack and Macey has entered into any agreements, express or implied, with any other party in interest, including the Debtors, any creditor, or any attorney for such party in interest in these cases: (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith; (b) for payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code; or (c) for payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code.

16. Novack and Macey's 2010 hourly rates currently range from $375 to $650 per hour for partners, $215 to $375 per hour for associates and $165 per hour for para-professionals. These hourly rates are subject to change on a periodic basis.

17. In addition to the hourly rates set forth above, Novack and Macey customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of

services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. Such reimbursement is consistent with standard market practices and it is appropriate to charge these expenses to clients incurring them rather than to increase our hourly rates and thereby spread the expenses among all clients.

18.  Novack and Macey intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases and for reimbursement of expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court.

19.  I have read the Application to which this Declaration is an exhibit and, to the best of my knowledge, information and belief, the contents of the Application and this Declaration are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 24th day of September, 2010, at Chicago, Illinois.

_____
Stephen Novack