# EXHIBIT B

**(Engagement Letter)**

## SITRICK AND COMPANY
### a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

August 26, 2010

Mr. Gary Weitman
Tribune Company
435 North Michigan Avenue
Chicago, IL 60611

Dear Gary:

This letter will confirm our agreement that:

1.    <u>Retention of Sitrick And Company</u>

This letter, when accepted on behalf of Tribune Company (the **"Company"**), effective as of August 26, 2010, will constitute the agreement with respect to the engagement of Sitrick And Company, a division of Sitrick Brincko Group, LLC (**"Sitrick"**) as corporate communications consultants in connection with the restructuring of the Company and its affiliates. The engagement provided for in this letter shall if subject to approval by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in which the Company and certain of its affiliates (collectively, the "Debtors") are currently parties to proceedings under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    <u>Retainer and Fees for Services Rendered.</u>

Upon Bankruptcy Court approval of this agreement, the Company shall pay Sitrick a minimum, non-refundable retainer of sixty thousand dollars ($60,000.00). Sitrick's fees will be applied against this retainer and will be determined in accordance with Sitrick's standard hourly billing rates which range from $185 to $895, depending on the professional performing the services. Travel time is charged on a portal-to-portal basis for any travel for meetings held outside of Sitrick's offices; provided, however, that non-working travel time will be charged by any Sitrick professional (or paraprofessional) at one-half of such professional's (or paraprofessional's) hourly rate. Hourly rates may be adjusted at the end of each calendar year. Time is billed by Sitrick in increments of one-tenth of an hour. When the retainer has been fully applied against time charges, additional time charges will be billed as incurred.

3.    <u>Reimbursement of Costs and Expenses.</u>

The Company shall reimburse Sitrick for all reasonable and necessary out-of-pocket expenses incurred by Sitrick in the course of Sitrick's providing services to the Company,

**1**

1840 Century Park East ▪ Suite 800 ▪ Los Angeles, CA 90067-2109
(310) 788-2850 ▪ Fax: (310) 788-2855

## SITRICK AND COMPANY
### a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

including, but not limited to, transportation, lodging, food, production costs, long distance telephone, copying, postage messengers and air courier. With respect to travel costs, Company will reimburse Sitrick for actual costs incurred at an amount not to exceed the prevailing rate for coach-class travel on the route in question, unless a private plane is used, in which case Company will reimburse Sitrick for the transportation costs (and time) that Sitrick would have incurred by using commercial transportation. When in New York, if an apartment available to Sitrick personnel is used in lieu of a hotel, the cost of a standard room at The Grand Hyatt or comparable hotel will be charged. Reimbursable costs are not applied against the retainer and will be billed monthly by Sitrick. Upon Bankruptcy Court approval of this agreement, the Company shall pay Sitrick a refundable expense advance of ten thousand dollars ($10,000.00). Reasonable and necessary out-of-pocket expenses incurred by Sitrick will be applied against this advance. When the expense advance has been fully applied against reasonable and necessary out-of-pocket expenses, additional costs and expenses will be billed as incurred.

Sitrick understands that it is required to submit applications for allowance of its fees and reimbursement of its expenses to the Bankruptcy Court, and that it will be compensated for its services and reimbursed for its expenses in accordance with the terms of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, and applicable orders of the Bankruptcy Court.

4.    Submission of Monthly Billing Statements.

Within thirty (30) days after the end of each calendar month, or as soon as practicable thereafter, Sitrick will provide the Company with a statement setting forth the fees and expenses incurred by Sitrick during the prior month. Fees and out-of-pocket expenses are due and payable within twenty (20) days after approval by the Bankruptcy Court of the fee application pertaining to such fees and expenses but only for the amounts so approved to be paid currently.

5.    Termination of Engagement.

Sitrick's engagement hereunder may be terminated by either party hereto only upon thirty (30) days prior written notice. All provisions of this letter relating to the payment of fees, time charges, costs and expenses and indemnification will survive conclusion of the engagement or any termination of the engagement by either party.

6.    Indemnification.

The Company will indemnify and hold harmless Sitrick and its shareholders, parent company, affiliates, officers, directors, employees and agents (collectively, the

2

## SITRICK AND COMPANY
### a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

"Indemnified Parties", and each, individually, an "Indemnified Party") from and against any and all losses, claims, damages, liabilities, costs and expenses (including, but not limited to, reasonable attorney's fees) which Sitrick or any Indemnified Party may be subject to or incur at any time (notwithstanding the termination or conclusion of this engagement) in connection with the services rendered by Sitrick to the Company, including, but not limited to, those arising from Sitrick's or any Indemnified Party's reliance on information, representations, reports or data furnished to Sitrick by the Company and those arising from any need to produce documents or give testimony at any time arising out of or in relation to the services rendered by Sitrick to the Company. This paragraph shall not apply to any such losses, claims, damages, liabilities, costs or expenses of Sitrick or any Indemnified Party that are judicially and finally determined to have resulted from Sitrick's or such other Indemnified Party's gross negligence or willful misconduct. This paragraph shall additionally not apply to any such losses, claims, damages, liabilities, costs or expenses of Sitrick or any Indemnified Party that relate to indemnification for a contractual dispute with Debtors in which the Debtors allege the breach of Sitrick's contractual obligations except to the extent that the Bankruptcy Court determines that indemnification would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); provided that such limitation shall apply only for so long as the Bankruptcy Court has jurisdiction over the payment of fees and expenses provided for in this Engagement Letter.

Any request by Sitrick for indemnification pursuant to this letter agreement shall be subject to prior approval of the Bankruptcy Court in accordance with the requirements under §§ 330 and 331 of the Bankruptcy Code.

All requests by Sitrick for payment of indemnity pursuant to this letter agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Bankruptcy Court to ensure that payment of such indemnity conforms to the terms of the letter agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Sitrick nor any Indemnified Party be entitled to be indemnified for losses, claims, damages, liabilities, costs or expenses that are judicially determined to have resulted from Sitrick's or such other Indemnified Party's bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct.

In no event shall Sitrick be indemnified if the Company, any of the Debtors, their estates, or the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases asserts a claim for, and a court determines by final order that such claim arose out of, Sitrick's own bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct arising from the foregoing.

In the event that Sitrick seeks reimbursement for attorneys' fees from the Company pursuant to this letter agreement, the invoices and supporting time records from such

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

attorneys shall be included in Sitrick's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code.

7.    Confidentiality.

In the performance of this Agreement, Sitrick may receive, or otherwise have access to, confidential, proprietary and/or other nonpublic information belonging to the Company, some or all of which may be specifically designated by the Company as confidential ("Confidential Information").

Sitrick agrees to maintain in strictest confidence all Confidential Information and to take reasonable measures to maintain the confidentiality of such information. Sitrick agrees, with respect to such Confidential Information, to use the same methods and degree of care to prevent disclosure of such Confidential Information as it uses to prevent disclosure of its own proprietary and Confidential Information. Sitrick further agrees not to use, or disclose to any third party, any Confidential Information for any purpose without the prior consent of the Company or unless compelled by court order or other legal or governmental process requiring such disclosure. Notwithstanding the foregoing, confidentiality obligations shall not apply to any information which (i) enters (or has entered) the public domain through no fault of Sitrick; (ii) which was known to Sitrick on a non-confidential basis prior to receipt from the Company; (iii) is or becomes available to Sitrick on a non-confidential basis from a source other than Company (unless Sitrick is aware of a duty of confidentiality on the part of the source owed to Company); (iv) which is independently developed or acquired by Sitrick without recourse to Confidential Information; or (v) which is permitted to be disseminated or otherwise disclosed pursuant to the next paragraph of this letter.

It is expressly understood between the parties that a key function Sitrick will be providing in connection with its public relations services will be the dissemination of information and materials as a public relations firm, including the disclosure and dissemination of certain information and materials received from the Company or its affiliated representatives, agents, and/or entities or as to which the Company has consented to its dissemination and disclosure or which prior to such disclosure and dissemination, has not been specifically identified and designated by the Company as Confidential Information not to be disclosed. Sitrick shall use reasonable good-faith efforts to coordinate with the Company to identify and withhold from disclosure Confidential Information. To the extent Sitrick is required to disclose to the media or others that Sitrick is acting in its capacity as a public relations firm for the benefit of the Company (including, without limitation, in any marketing materials prepared or distributed by Sitrick or at Sitrick's

4

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

direction), Sitrick shall only make such disclosures with the prior consent of the Company as set forth in this letter.

In the event that Sitrick is requested or required to produce (pursuant to any legal or governmental process or proceeding): (i) any Confidential Information or (ii) any documents generated by Sitrick in connection with this engagement by subpoena, request for information or documents, production of records consistent with its retention as the Company's expert, or other similar legal process ("Request"), Sitrick will provide the Company prompt written notice of the Request so that the Company may seek a protective order or otherwise seek to limit or protect such Confidential Information and/or documents from disclosure. Sitrick agrees that for purposes of this paragraph, "prompt written notice" shall mean written notice at least ten (10) days prior to any deadline or response date in respect of Confidential Information, unless such request or requirement to produce Confidential Information is made to Sitrick less than ten (10) days prior to such deadline or response date, in which case "prompt written notice" shall mean written notice provided by Sitrick to the Company as soon as practicable upon Sitrick's receipt of such request or requirement to produce.

8.    <u>Conflicts.</u>

The Company acknowledges that as a firm with a diversified practice Sitrick is often called upon to represent clients in many fields and with different interests. It is expressly understood between the parties that although Sitrick will not represent another client on the same subject matter of this particular engagement where such other client is adverse to Company on the particular subject matter of this engagement, nothing contained herein in any way prohibits or restricts Sitrick from representing a client now or in the future whose interests conflict with or are adverse to the Company on matters unrelated to the Debtors' chapter 11 cases. In such event, Sitrick would of course maintain the confidentiality of information provided by the Company. Notwithstanding the foregoing, it is understood that Sitrick will be required to satisfy the requirements of Section 327(a) of the Bankruptcy Code in connection with its engagement by the Company. In no event shall Sitrick utilize any Confidential Information in connection with its representation of any party other than the Company.

9.    <u>Hiring of Employee of Other Party.</u>

The Company agrees not to solicit for employment, or employ, any employee of Sitrick during the period of Sitrick's engagement and for a period of two years thereafter. If the Company hires an employee of Sitrick during the engagement or within the two year period following the conclusion or termination of the engagement, the Company agrees to pay Sitrick, as liquidated damages, a fee equal to one hundred percent of the annualized total gross billings generated by each such hired employee for the twelve-month period prior to such employee's departure, or the annual gross salary of the

SITRICK AND COMPANY
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

employee at the time of departure, whichever is higher in dollar amount. All terms contained in this paragraph will survive for a period of two years following the date of any termination or conclusion of this engagement.

10.    Jurisdiction.

The Bankruptcy Court shall have jurisdiction over this letter agreement and any controversies, claims or disputes hereunder to the extent that the Bankruptcy Court has retained jurisdiction over the Company's Chapter 11 proceedings.

11.    Applicable Law.

This letter agreement shall be interpreted and enforced in accordance with the substantive laws of the State of New York applicable to contracts made and to be performed therein.

12.    Interpretive Provisions.

The paragraph headings of this letter agreement are for convenience of reference only and shall not affect the interpretation of this Agreement.

If any provision of this letter agreement is held to be invalid or unenforceable, such invalidity or unenforceability shall not invalidate this Agreement as a whole, but this letter agreement shall be construed as though it did not contain the particular provision held to be invalid or unenforceable and the rights and obligations of the parties shall be construed and enforced only to such extent as shall be permitted by applicable law.

Please countersign and return the enclosed copy, whereupon this letter will constitute an agreement between the Company and Sitrick.

We are pleased to have the opportunity to work with you, and you have the assurance of our very best efforts.

Very truly yours,

Sitrick Brincko Group, LLC

By:    _____
Michael S. Sitrick
Chairman and Chief Executive Officer

(Signatures follow on next page.)

6
1840 Century Park East ▪ Suite 800 ▪ Los Angeles, CA 90067-2109
(310) 788-2850 ▪ Fax: (310) 788-2855

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

AGREED:  Tribune Company

By: _____
Gary Weitman