## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| -------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: October 20, 2010 |
| | : | @ 4:00 p.m.(ET) |
| -------------------------------------------------------- x | | Hearing Date:  N/A |

## TWENTIETH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2010 THROUGH AUGUST 31, 2010

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | August 1, 2010 through August 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,289,700.00    (80% of  $1,612,125.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 121,365.68 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

CPAM: 1812138.21

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

CPAM: 1812138.21

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
|---|---|---|---|---|---|---|
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |

3

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### August 1, 2010 through August 31, 2010

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 212.00 | $199,562.00 |
| Richard Leder (1988) | Tax | 1962 (NY) | 965 | 16.50 | 15,922.50 |
| George Zeitlin (1982) | Tax | 1954 (NY) | 965 | 1.40 | 1,351.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 182.60 | 156,123.00 |
| Claude Serfilippi (1996) | Corporate | 1989 (NY) | 855 | 0.80 | 684.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 13.10 | 10,807.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 122.90 | 101,392.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 140.70 | 111,856.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 6.60 | 5,181.00 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 765 | 7.40 | 5,661.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 161.60 | 112,312.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 650 | 1.90 | 1,235.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 212.90 | 136,611.00 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 155.20 | 97,000.00 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 34.30 | 16,978.50 |
| | | | | | |

CPAM: 1812138.21

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 95.30 | 59,562.50 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 595 | 127.30 | 75,743.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 8.00 | 4,760.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 225.00 | 133,875.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 475 | 23.70 | 11,257.50 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 101.60 | 48,260.00 |
| Blake Betheil | Tax | 2009 (NY) | 405 | 32.80 | 13,284.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 9.20 | 3,726.00 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 22.10 | 8,950.50 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 18.60 | 7,533.00 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 121.60 | 49,248.00 |
| Adrienne Sebring | Corporate | 2009 (NY) | 405 | 2.20 | 891.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 25.80 | 10,449.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 54.30 | 21,991.50 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 122.30 | 49,531.50 |
| Christopher Cusmano | Litigation | 2010 (NY) | 355 | 27.10 | 9,620.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 55.20 | 19,596.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 355 | 161.50 | 57,332.50 |
| Laura Rowntree | Litigation | 2009 (CT) 2010 (NY) | 355 | 1.00 | 355.00 |
| Andrea Voelker | Litigation | 2010 (NY) | 355 | 16.50 | 5,857.50 |

CPAM: 1812138.21

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori F. Moloney | Litigation | n/a | 305 | 1.40 | 427.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 46.90 | 12,663.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 26.00 | 7,020.00 |
| Patrick Dezil | Litigation | n/a | 250 | 4.60 | 1,150.00 |
| Ellen Weisman | Litigation | n/a | 250 | 2.50 | 625.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 84.60 | 20,304.00 |
| Lissette Mendoza | Litigation | n/a | 240 | 13.50 | 3,240.00 |
| Aram Hanessian | Bankruptcy & Financial Restructuring | n/a | 185 | 8.40 | 1,554.00 |
| | | | | | |
| **Librarians:** | | | | | |
| Amy Ratchford | n/a | n/a | 200 | 2.20 | 440.00 |
| Tania Danielson | n/a | n/a | 200 | 1.00 | 200.00 |
| | | | | | |
| TOTAL: | | | | 2,712.10 | $1,612,125.00 |

BLENDED RATE:    $596.55

---

\* Includes year elected Partner at firm or joined firm as Partner.

CPAM: 1812138.21

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------  x   Chapter 11
In re:                                                  :
                                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :   Jointly Administered
              Debtors.                                  :
                                                        :   Objections Due: October 20, 2010
                                                        :   @ 4:00 p.m.(ET)
------------------------------------------------------  x   Hearing Date:  N/A
```

**TWENTIETH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS**
**CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**AUGUST 1, 2010 THROUGH AUGUST 31, 2010**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,612,125.00 (80% of which equals

$1,289,700.00) and reimbursement of expenses incurred in the amount of $121,365,68 during the

period commencing August 1, 2010 through and including August 31, 2010 (the "Application

Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the

Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,612,125.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

## A.    Bankruptcy General (Matter 002)

Fees: $22,192.50        Total Hours:    52.50

13.    During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

B.    **Committee Meetings (Matter 003)**

Fees: $161,139.50          Total Hours:    240.20

15.    Regular meetings of the Committee (the "Committee Meetings") were held during

the Application Period and generally occurred weekly, either by telephone conference or in

person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions,

plan and confirmation issues, the LBO/ESOP investigation and related issues, options related to

the Debtors' assets, tax issues and numerous other issues regarding the administration of the

Debtors' cases.   In addition, special telephonic Committee meetings were frequently held

during the Application Period, sometimes twice a day, in order to keep the Committee apprised

and updated with respect to the renewed settlement negotiations among the parties.

16.    Committee Meetings continue to be the most effective and efficient way of

providing a forum for Committee members to express their views and to ensure that all

members of the Committee are kept informed of the events occurring in the Debtors' cases.

Further, minutes are recorded at each Committee Meeting to provide an official record of those

meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other

things, reviewing materials and drafting agendas, preparing presentation materials, conducting

the meetings, and drafting meeting minutes.

**Creditor Communications (Matter 004)**

Fees: $11,908.50          Total Hours:    14.30

17.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.

During the Application Period, Chadbourne attorneys reviewed and responded to

correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**C.      Business Operations (Matter 007)**

      Fees: $53,955.50        Total Hours:    103.90

18.      During the Application Period, Chadbourne attorneys continued to devote time with respect to corporate and transactional matters concerning the Debtors' businesses. Chadbourne continued to devote time to the potential Food Network transaction between a Tribune affiliate and Scripps Networks.  Attorneys from Chadbourne's corporate group continued to analyze and provide comments to the transaction documents and reviewed and considered various transaction scenarios.

19.      During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group and Bankruptcy Group expended time reviewing and analyzing further oppositions and responses filed with regard to the Tribune's FCC applications.  In connection therewith, Chadbourne continued to monitor and review recent Third Circuit developments in connection with an appeal of the FCC's 2008 NBCO rule, and to examine the potential impact of the appeal on the Tribune's FCC proceeding.

20.      During the Application Period, Chadbourne's CMT team continued to devote time to reviewing, commenting on, and drafting FCC-related aspects of the Committee's alternative plan and disclosure statement.  In particular, Chadbourne's team researched and

analyzed FCC requirements and recent precedent addressing the establishment of certain

corporate structures that would likely be required for a Committee alternative plan.

21.     Finally, Chadbourne attorneys continued to review and monitor issues involving

the Debtors' day-to-day business operations.  This included the review of weekly operations and

financial reports prepared by the Committee's financial advisors.

**D.**     **Claims Administration/Bar Date (Matter 009)**

Fees:  $4,129.50          Total Hours:    10.10

22.     During the Application Period, Chadbourne continued to expend efforts in

connection with the claims process.  Efforts included reviewing the Debtors' thirty-third and

thirty-fifth omnibus objections to claims.  Chadbourne reviewed and evaluated the relief

requested in the motions as well as the bases and processes followed by the Debtors in pursuing

the objections and summarized its review in a written report to the Committee.  During this

time, Chadbourne and the Committee's financial advisors expended time reviewing the various

notices of settlement of claims filed by the Debtors.  Chadbourne also communicated with

Debtors' counsel to address issues raised in the settlement proposals when appropriate.

**E.**     **Fee/Retention Applications (Matter 010)**

Fees:  $23,196.00          Total Hours:    63.50

23.     Chadbourne expended further time during the Application Period in compliance

with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing

its nineteenth monthly fee application as well as the Committee's twelfth request for

reimbursement of expenses.  Additionally, Chadbourne performed research on certain

additional entities that became involved in the case and prepared and filed a supplemental affidavit in connection therewith.

24.    During the Application Period, Chadbourne finalized and submitted its response to the Fee Examiner's report on Chadbourne's fourth interim fee application.  Further, Chadbourne began review and research on the Fee Examiner's initial report concerning Chadbourne's fifth interim fee application and began preparation of a response to address concerns raised in the report.

25.    In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

F.    **Plan and Disclosure Statement (Matter 011)**

Fees:  $420,911.0        Total Hours:  660.80

26.    During the Application Period, in light of the continued objections and disputes regarding the plan proposed by the Debtors, Chadbourne professionals continued to be engaged in alternative planning and preparation of a separate plan of reorganization for the Debtors.   In formulating alternative plan strategies, professionals from Chadbourne's bankruptcy, corporate, litigation and tax teams continued to conduct extensive legal research and analyses necessary in developing such plan structure.  Chadbourne also worked with the Committee's financial advisors in analyzing the possible recovery ranges available to the various creditor categories given the various LBO/ESOP transaction challenges.   Finally, Chadbourne professionals also continued to meet with certain key constituencies to review and discuss alternative plan

strategies. Chadbourne professionals expended a significant amount of time preparing for and participating in numerous telephonic meetings with the Committee to discuss these strategies as well as several proposals and counter-proposals made by key creditor groups in an attempt to resolve objection to the plan proposed by the Debtors.

27.     During this time, the Committee continued preparing for the hearing on confirmation of the Debtors' plan of reorganization, which, until late in the month, the Committee expected would move forward consistent with the schedule set forth in the Court Order dated August 3, 2010. As part of the process, Chadbourne's team of professionals met and conferred on a regular basis with certain key supporters of the Debtors' plan (the "Plan Supporters") to discuss various confirmation issues and address objections raised by plan objectors.

28.     Following the filing of the Examiner's Report, Chadbourne attorneys expended time reviewing and analyzing the Examiner's conclusions in connection with formulating and refining the proposed treatment of certain claims in the Committee's plan and in determining the implications for the Committee's estimated plan distributions.

**G.**    **Employee Issues (Matter 014)**

Fees: $4,400.00          Total Hours:    6.30

29.    During the Application Period, Chadbourne attorneys were engaged in preparing

for the August 9, 2010 hearing on the Management Incentive Plan (the "2010 MIP") and

worked with the Debtors in resolving issues on the 2010 MIP in light of the findings raised in

the Examiner's Report.    Further, Chadbourne participated in discussions with the Committee's

financial advisors and Debtors' counsel regarding the Transition Management Incentive Plan

("TMIP") and Key Operators Bonus ("KOB") to review and consider modifications to the plan

of reorganization in view of the Examiner's findings in connection therewith.

**H.**    **Tax Issues (Matter 016)**

Fees: $36,914.00          Total Hours:    59.00

30.    During the Application Period, Chadbourne tax professionals reviewed and

analyzed various tax issues arising from the administration of these Chapter 11 cases.

For instance, Chadbourne reviewed and considered tax implications of the proposed Cooking

Channel transaction and provided comment to the draft agreements.    In addition, Chadbourne's

tax team was engaged in the review and analysis of a recent Tax Court case decision on

leveraged partnership transactions that could implicate an analysis of recent Tribune

transactions.

31.    During the Application Period, Chadbourne's tax team also reviewed the terms

of the Committee's alternative draft plan of reorganization and disclosure statement to ascertain

the U.S. federal income tax consequences of adopting the proposed plan from various

perspectives, including the perspective of creditors.  In addition, Chadbourne researched the tax

treatment of various plan structures involving trusts and contingent claims and recent changes

in tax law regarding settlement funds and analyzed the tax treatment and effects of those plan

structures.  In connection therewith, Chadbourne drafted tax disclosure for the proposed

Committee plan incorporating its research.

## I.   General Litigation (Matter 017)

Fees:  $42,391.50        Total Hours:  68.50

32.     During the Application Period, Chadbourne professionals continued to be

engaged in reviewing the unredacted Examiner's Report (as made public on August 3, 2010).

In connection therewith, Chadbourne continued to prepare a detailed analysis of the Examiner's

conclusions of the major issues concerning the LBO-related causes of action, implications on

plan confirmation and theoretical recovery analysis for presentment to, and discussion with, the

Committee.

33.     On August 3, 2010, Chadbourne attorneys attended the hearing on the unsealing

of the Examiner's Report.  At the hearing, the Debtors requested a delay in the confirmation

timetable in order to allow sufficient time to properly review and assess the conclusions in the

Examiner's Report and to determine its effects on the plan of reorganization.  The parties

ultimately reached consensus on a revised confirmation schedule, which was memorialized in

Court Order dated August 3, 2010.

34.     During the Application Period, Chadbourne attorneys expended time reviewing

and analyzing the Examiner's motion for discharge as well as the Debtors' response to same.

The Bankruptcy Court granted the Examiner's motion on August 26, 2010.  Further, following

the release of the Examiner Report and subsequent termination the Settlement Support

Agreement, Chadbourne expended time reviewing the reinstated motion of Law Debenture

seeking disgorgement of senior lender professional fee payments.

**J.    Travel (Matter 018)**

Fees: $5,727.50          Total Hours:    12.60

35.     During the Application Period, Chadbourne attorneys travelled to Wilmington,

Delaware to attend omnibus hearings at the Bankruptcy Court.  The hours reflect non-working

travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**K.    Shareholder Claims (Matter 020)**

Fees: $175,451.50          Total Hours:    311.40

36.     During the Application Period, Chadbourne professionals expended time

reviewing and analyzing the Examiner's Report with respect to his findings regarding possible

claims against Tribune shareholders and other third parties in connection with the LBO/ESOP

transaction.  In connection therewith, Chadbourne attorneys also conducted considerable

research regarding the merits of certain claims against each defendant group.  Chadbourne's

paraprofessionals also expended time reviewing the various documents cited by the Examiner

in the Examiner Report in connection with documents referenced in the Committee's proposed

third party complaint.

37.    Chadbourne professionals expended time analyzing and researching claims against the directors and officers and evaluating related D&O insurance exclusion/coverage issues. Chadbourne professionals worked with Zuckerman Spaeder professionals in revising draft complaints against third parties and examining confidentiality issues relating to the information and documents referenced in such complaints.

38.    Finally, Chadbourne professionals expended time researching and evaluating a multitude of issues relating to the formation and use of a litigation trust and a separate creditors' trust to pursue different causes of action against third parties post-confirmation of a plan.

## L.    **Plan Litigation (Matter 21)**

Fees: $649,808.00        Total Hours:   1,109.00

39.    During the majority of the Application Period, professionals from Chadbourne's litigation and bankruptcy groups continued to be actively engaged in preparing for a contested hearing on confirmation of the plan. Efforts included monitoring and participating in the discovery activities being pursued by the parties in connection with the Discovery and Scheduling Order for Plan Confirmation. Chadbourne professionals continued to review the various discovery requests and pleadings filed in response to those requests and determined appropriate courses of action for the Committee. Chadbourne also prepared for, attended and summarized and analyzed several confirmation-related depositions that were scheduled during this period. Chadbourne's team of professionals spent a substantial amount of time and effort on its continued review of documents produced by parties in connection with confirmation-related document requests during this time. To date, as part of the plan discovery process, Chadbourne has reviewed approximately 23,000 documents (over 300,000 pages of materials).

40.    Chadbourne professionals continued to research and prepare an evidentiary record for the confirmation hearing and considered and discussed possible expert and fact witnesses for the Committee and certain plan proponents.  Subsequent review and preparation of expert and fact witness disclosures and discussion and preparation of hearing testimony ensued. Expert reports were prepared and refined during this time.

41.    Chadbourne's litigation professionals continued to expend time on the review and analysis of the Examiner Report and the documents cited therein in order to evaluate the impact of the Examiner's conclusions on plan confirmation.

42.    Throughout this process, Chadbourne and the Committee's professionals continued to participate in frequent meetings and discussions with plan proponents and the Debtors' professionals in a collaborative effort to address and resolve objections to the plan. Chadbourne professionals also expended time drafting and negotiating with plan proponents an alternative plan encompassing a revised, proposed global settlement.  Chadbourne attorneys continued to update the Committee on the progress of these efforts.

43.    Chadbourne professionals also attended a hearing on August 20th regarding plan settlement discussions.  Thereafter, Chadbourne professionals expended time reviewing and negotiating with the Debtors and other creditors groups a proposed order appointing a mediator and establishing the terms of mediation.

## ACTUAL AND NECESSARY EXPENSES

44.    A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $121,365,68 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

45.    Due to the national nature of the Debtors' business and the Committee's

participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-

party vendors.

46.    With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of

searches conducted on behalf of those clients.

47.    The airfare charges incurred during the Application Period also include flights

to/from New York and Martha's Vineyard.  Howard Seife twice interrupted his family vacation

to attend unexpected crucial settlement meetings with the Debtors in New York on August 16,

2010 and a hearing in Bankruptcy Court in Wilmington on August 20, 2010.

48.     In connection with the LBO/ESOP transaction investigation Chadbourne entered

into a contract for electronic data discovery services with Complete Document Source Inc.

("CDS").  Chadbourne continues to use the CDS services in connection with its document

review during the plan confirmation discovery process.  The CDS charges incurred during the

Application Period represent a monthly hosting fee as well as processing fees for loading data

and/or converting data to a searchable format.  In seeking reimbursement for these outside

professional services, Chadbourne requests reimbursement for the actual costs incurred.

49.     With respect to outside copy services, Chadbourne utilized the services of an

outside vendor (Perfect Imaging & Document Management) for copying of the full unredacted

Examiner's Report, the related transcripts and exhibits associated with the transcripts.  In

seeking reimbursement for these outside professional services, Chadbourne requests

reimbursement for the actual costs incurred.

50.     Because of the extraordinary number of documents that have been shared with the

Committee and analyzed by Chadbourne and other Committee professionals, the Intralinks

capacity limit was exceeded during this period.  As a result, additional data storage space was

required from Intralinks.  Again, Chadbourne believes that Intralinks is an invaluable tool that

allows the Committee members to easily access all background information in these Chapter 11

cases and allows Chadbourne to carefully control access to that data when conflict or other

issues arise.   In seeking reimbursement for these outside professional services, Chadbourne

requests reimbursement for the actual costs incurred.

51.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

52.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

53.    Attorneys and paraprofessionals of Chadbourne have expended a total of 2,712.10 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,612,125.00

54.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

55.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period August 1, 2010 through August 31, 2010:  (a) authorizing compensation in the amount of $1,612,125.00  (80% of which equals $1,289,700.00) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $121,365.68 for a total of $1,733,490.68; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    September 30, 2010
          New York, New York

                                        **CHADBOURNE & PARKE LLP**

                                        By: _____
                                             Douglas E. Deutsch
                                             (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

## **VERIFICATION**

STATE OF NEW YORK     :
                       : ss:

COUNTY OF NEW YORK   :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
30th day of September 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010