## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| **TRIBUNE COMPANY, <u>et</u> <u>al.</u>,**[1] | **Case No. 08-13141 (KJC)** |
| **Debtors.** | **Jointly Administered** |
| | **Ref. Docket Nos. 5784 & 5786** |

### AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                                         ) ss.:
COUNTY OF NEW YORK   )

PETE CARIS, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.  On September 22, 2010, I caused to be served the:

    a.  "Notice of Hearing on Monthly Fee Requests and Quarterly Fee Application Requests for the Third Interim Fee Period," dated September 22, 2010 [Docket No. 5784], (the "Monthly Fee Notice"),

    b.  "Notice of Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007," dated September 22, 2010, to which was attached the "Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007," dated September 22, 2010 [Docket No. 5786], (the "36th Omni Objection"), and

    c.  Notice of Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007," dated September 22, 2010, to which was attached the "Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007," dated September 22, 2010, related to Docket No. 5786, annexed hereto as <u>Exhibit A</u>, (the "36th Omni Objection without Exhibits"),

by causing true and correct copies of the:

    i.  Monthly Fee Notice and 36th Omni Objection without Exhibits, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the annexed <u>Exhibit B</u>,

    ii.  Monthly Fee Notice, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the annexed <u>Exhibit C</u>, and

    iii.  36th Omni Objection, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the annexed <u>Exhibit D</u>.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Pete Caris

Sworn to before me this
24th day of September, 2010

_____
Notary Public

T:\Clients\TRIBUNE\Affidavits\Fee Request Ntc & 36th Omni Obj_DI 5784 & 5786_AFF_9-22-10.doc

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Hearing Date: October 22, 2010 at 2:00 p.m. EDT**
**Objection Deadline: October 15, 2010 at 4:00 p.m. EDT**

### NOTICE OF DEBTORS' THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

TO:    (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) Emerson Tucker; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002

PLEASE TAKE NOTICE that, on September 22, 2010, the above-captioned debtors and debtors in possession filed the **Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**3003, and 3007** (the "Objection") with the United States Bankruptcy Court for the District of Delaware, seeking entry of an order disallowing and expunging in its entirety Claim Nos. 6447 and 6462 filed against Debtor Chicago Tribune Company by claimant Emerson Tucker.

PLEASE TAKE FURTHER NOTICE that, Responses, if any, to the Objection must be in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel on or before **October 15, 2010 at 4:00 p.m. (EDT)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection will be held before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware 19801 on **October 22, 2010 at 2:00 p.m. (EDT).**

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 22, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and –

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117

ATTORNEY FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-7021561v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: October 22, 2010 at 2:00 p.m. EDT**<br>**Objection Deadline: October 15, 2010 at 4:00 p.m. EDT** |

**DEBTORS' THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 3001, 3003, AND 3007[2]**

**("CLAIMS ASSERTED BY EMERSON TUCKER")**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Mr. Tucker's two proofs of claim are duplicates of each other, which were mailed to two different addresses and therefore separately docketed. To the extent that this Objection does not comply in all respects with Local Rule 3007-1 or with the Settlement Procedures Order [Docket No. 2657], the Debtors submit that such deviation is not material and respectfully request that the Court waive the limitation on the number of substantive objections the Court will hear at the omnibus hearing for which this Objection is scheduled.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim Nos. 6447 and 6462 filed against Debtor Chicago Tribune Company ("CTC") by claimant Emerson Tucker (collectively, the "Tucker Claim"), copies of which are attached to the Objection as Exhibit A.[3] The Debtors object to the Tucker Claim because the claim (i) is based upon a misstatement of fact concerning statements Mr. Tucker alleges the Chicago Tribune newspaper made about him (which neither the Chicago Tribune nor its sister publication, RedEye, ever made), and (ii) fails to set forth the necessary factual and legal predicates for a claim of defamation, as well as being subject to numerous well-recognized defenses applicable to the reporting of news stories. The Tucker Claim also asserts various causes of action that, as described in more detail below, Mr. Tucker cannot properly assert on any theory of fact or law against CTC.

This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Tucker Claim in its entirety, as indicated in further detail below. In support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.        On December 8, 2008 (the "Petition Date"), each of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008,

---

[3] Again, Mr. Tucker's two proofs of claim are duplicates of each other, which were mailed to two different addresses and therefore separately docketed. Because the claims are duplicates, the Debtors refer to the two proofs of claim as a single claim, *i.e.*, the Tucker Claim, to which the Debtors object. For the avoidance of doubt, the Debtors seek to have both of Mr. Tucker's claims disallowed and expunged from the Claims Register.

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only.  An additional Debtor, Chicago National League Ball Club, LLC,

voluntarily commenced a chapter 11 case on October 12, 2009, and that case was procedurally

consolidated with the other Debtors' chapter 11 cases by an order of the Bankruptcy Court

entered October 14, 2009.

       2.     The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee.

       3.     On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors in these cases (the "Committee").

       4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Rules 3001, 3001, and 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

       5.     On March 23, 2009 the Debtors filed their schedules of assets and liabilities

and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on

April 13, 2009 [Docket Nos. 894-957], June 12, 2009 [Docket Nos. 1343-1453], March 2, 2010

[Docket Nos. 3548-3599], and May 14, 2010 [Docket No. 4388] (collectively, the "Schedules").[4]

---

[4] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009.  [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

6.     On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[5]  Of relevance to this Objection, the Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules an additional 30 days from the applicable amendment or supplement to the Schedules to file a proof of claim or amend a previously filed proof of claim in connection therewith.

7.     Mr. Tucker's claim was not included on CTC's original Schedules; however, his claim was added as a contingent, unliquidated, disputed claim on CTC's Schedule F as a result of the March 2, 2010 amendments [*see* Docket No. 3552].  Mr. Tucker was accordingly mailed notice of the applicable Bar Date and a proof of claim form on March 5, 2010, and filed his proofs of claim, each in the amount of $300,000, with the Claims Agent (as defined below) on March 29, 2010.

8.     To date, approximately 6,330 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[5] The Court set July 26, 2010 at 4:00 p.m. as the deadline for filing of Proofs of Claim against Tribune CNLBC, LLC.  (*See* Order Pursuant to Sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Date For Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof [Docket No. 4709].)

## INFORMATION CONCERNING THE TUCKER CLAIM

9.    Mr. Tucker filed a *pro se* action upon which the Tucker Claim is based in the United States District Court for the District of New Jersey on May 2, 2008.[6] Mr. Tucker's original complaint filed at that time asserted a wide range of claims against numerous defendants. Of relevance to this Objection, paragraph I of Mr. Tucker's original complaint alleged defamation, slander, libel, and due process and equal protection violations against "Chicago Tribune newspaper" and nine other newspapers and television stations in the New York and Chicago metropolitan areas (the "Media Defendants").[7] The original complaint was dismissed without prejudice November 18, 2008 on multiple grounds, including, as to the claims against the Media Defendants, improper joinder to the claims Mr. Tucker asserted against various government authorities and officials relating to his arrest and detention. The District Court's November 18th dismissal opinion and order are attached collectively as Exhibit C. As a result, Mr. Tucker had no action pending against CTC, or any other Debtor, as of the Petition Date.

10.    Mr. Tucker filed an amended complaint in March 2009 (the "Complaint"). The Complaint again named "Chicago Tribune Newspaper", among other media outlets, as a defendant, and made the same allegations against the Media Defendants as the original complaint, despite the fact that CTC filed a chapter 11 petition in the interceding time between Mr. Tucker's original and amended complaints. Mr. Tucker neither sought nor obtained relief from the automatic stay pursuant to section 362(a) of the Bankruptcy Code prior to filing the Complaint.

---

[6] The case is styled *Tucker v. N.Y. Police Dep't et al.*, Case No. 2:08-cv-02156. A copy of the docket sheet is attached as Exhibit B.
[7] The Debtors assumed for purposes of scheduling Mr. Tucker's claim (as a contingent, unliquidated, disputed claim) that his intention in naming "Chicago Tribune newspaper" was to assert a claim against CTC, as the entity that publishes the Chicago Tribune. The Debtors have made the same assumption in preparing this Objection.

11.  On February 23, 2010, the District Court again granted a motion by certain of the Media Defendants to dismiss the Complaint without prejudice on grounds of improper joinder.  (Order 3.)  In so holding, the Court reasoned that "the accuracy of news organizations' reporting regarding Plaintiff's criminal record, and status as a suspect in various criminal matters, present completely distinct factual and legal questions from Plaintiff's numerous underlying claims (e.g., false arrest, false imprisonment, violations of the Equal Protection Clause)."  (*Id.*)  The Court thus agreed that the Defendants' claims were improperly joined in Mr. Tucker's action and accordingly dismissed Mr. Tucker's claims against the moving defendants.  (*Id.*)  In a footnote, the Court clarified: "For the same reasons, the Court will also dismiss Plaintiff's claims against CBS Television News Broadcast, CNN Television News Broadcast, Chicago Sun-Times Newspaper and Chicago Tribune Company and the Chicago Tribune Newspaper (the Tribune filed a notice of bankruptcy on September 6, 2009)."  (*Id.* at 1 n.1.)  The District Court's February 23rd opinion and order are collectively attached to the Objection as Exhibit D.  Mr. Tucker appealed the second dismissal, and his appeal is presently pending before the Third Circuit.[8]

12.  The Complaint names over 45 defendants, including the Media Defendants. Other named defendants include, among others, the New York Police Department, New York City Mayor Michael Bloomberg, and former Governor of Illinois Rod Blagojevich.  Count IV of the Complaint sets out Mr. Tucker's claims against the Media Defendants and other parties,

---

[8] By filing a proof of claim against CTC, Mr. Tucker unquestionably submitted to the jurisdiction of this Court for purposes of adjudicating his claim.  *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1380 (2010) (claimant's filing of proof of claim in bankruptcy case was an act that submitted claimant to the bankruptcy court's jurisdiction with respect to that claim).  Given that Mr. Tucker's filing of the Complaint in March 2009 was void as a violation of the automatic stay, the existence of that appeal does not divest this Court of jurisdiction over this Objection.  *See, e.g., In re W.R. Grace & Co.*, 384 B.R. 678, 685-86 (Bankr. D. Del. 2008) (dismissing civil action filed in violation of the automatic stay and deeming such action "null and void as to the Debtors").  In addition, as a practical matter, Mr. Tucker's exact grounds for appeal remain unclear; accordingly, to ensure that the Debtors' Claims Register reflects only valid and legitimate claims against the Debtors to the maximum extent possible, the Debtors have filed this Objection.

alleging the defendants labeled Mr. Tucker as a "serial killer" because "he [is] a member of the black race."[9] (Compl. ¶ 122.)

13.    Mr. Tucker further alleges that, as a result of the Media Defendants purportedly labeling him a "serial killer", he "'sustained' actual injury in the form of defamation of character, damages to his good reputation, an immediate threat of danger to the life, liberty, and the interference with his relationships with females, with his lifestyle, with any jobs that he may get in the public/community and with his small business plans that he was about to set up as a 'Black Man.'" (*Id.* at ¶ 169.) Mr. Tucker concludes that the Media Defendants, by reporting his arrest and investigations surrounding him, "have all trampled upon his Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution." (*Id.*) In addition, Mr. Tucker asserts that by "labeling plaintiff a serial killer in their reported newspaper articles and on their Television Station reports," the Media Defendants "facilitated" libel, slander and defamation "thereby violating his rights to privacy under both State and federal law." (*Id.* at ¶ 184 (citation omitted).)

14.    Mr. Tucker attempts to support his allegations over the course of several pages by describing news stories published in a variety of newspapers (some of which are unnamed) that Mr. Tucker apparently believes either exemplify similar unfair treatment of the subject of an arrest by the Media Defendants or, in contrast to Mr. Tucker's case, he believes demonstrate fair treatment of the accused. From these articles, Mr. Tucker concludes in the Complaint that the Media Defendants, including CTC, "have acted in deliberate indifference to his safety when they label him as a killer ('serial') due to he [sic] being black, while at the same time they label similarly situated white people whom [sic] are suspects in murders as just

---

[9] As discussed in detail at paragraphs 20-22, *infra*, and as demonstrated by the articles attached hereto as <u>Exhibit E</u>, this allegation is factually incorrect.

'suspects' only, thereby violating his rights under the equal protection clause of the Fourteenth Amendment." (*Id.* at ¶ 185.)

15.   As compensation for his alleged injuries, Mr. Tucker requests nominal, actual, special, and treble damages from the Media Defendants in an amount to be determined at trial. (*Id.* at 184 ¶ (a)-(d).)   In addition, he seeks compensatory damages against the Media Defendants in the amount of $50,000,000, punitive damages in the amount of $50,000,000, and costs, including attorneys' fees. (*Id.* at 136 ¶ (f)-(g).)[10]

16.   The Tucker Claim attaches no supporting documentation other than a portion of the Complaint, and provides no additional explanation for the basis or amount of the claim. Thus, upon review of the Tucker Claim, their own books and records, and the operative facts and law, the Debtors have determined that they have no liability whatsoever to Mr. Tucker, much less that Mr. Tucker is entitled to an allowed claim of $300,000.

## RELIEF REQUESTED

17.   By this Objection, the Debtors seek entry of an order, pursuant to Sections 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007, disallowing and expunging the Tucker Claim in its entirety because (i) the Tucker Claim is based upon Mr. Tucker's misstatement of fact (namely, that the <u>Chicago Tribune</u> stated or plausibly implied Mr. Tucker was a "serial killer"), which is the sole factual basis for his Complaint as it relates to CTC; (ii) the Tucker Claim fails to set forth the required factual and legal bases for a claim of defamation, libel and slander, and is subject to numerous well-recognized defenses applicable to the reporting of news stories; and (iii) various additional claims the Complaint asserted (or possibly asserted) as part of the Tucker Claim are otherwise improperly asserted against CTC. The Debtors also seek an order directing the Claims Agent to expunge the two proofs of claim

---

[10] The Debtors are unaware of how Mr. Tucker calculated the $300,000 amount set forth in the Tucker Claim.

comprising the Tucker Claim from the Claims Register so that the Claims Register accurately

reflects the claims outstanding against the Debtors' estates.

## BASIS FOR RELIEF

18.     When a debtor declares bankruptcy, each of its creditors is entitled to file a

proof of claim—*i.e.*, a document providing proof of a "right to payment"—against the debtor's

estate. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007);

11 U.S.C. § 101(5) (a "claim" for bankruptcy purposes means a "right to payment," whether or

not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured, or unsecured).  A party asserting a

claim against a debtor must initially allege sufficient facts to support its claim, and only if this

standard of sufficiency is met is the claim entitled to a presumption of validity. *In re Allegheny*

*Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992); *see also* Fed. R. Bankr. P. 3001(f).

19.     Section 502(b)(1) of the Bankruptcy Code governs claims objections and

provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall
> determine the amount of such claim in lawful currency of the United States as of
> the date of the filing of the petition, and shall allow such claim in such amount,
> except to the extent that—
> > (1)    such claim is unenforceable against the debtor and property of the
> > debtor, under any agreement or applicable law for a reason other than
> > because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

20.     The Tucker Claim is not an allowable claim for several reasons.  Most

fundamentally, the Tucker Claim fails because there is no factual basis for the claim.  Although

Mr. Tucker repeats throughout the portions of the Complaint attached to his proof of claim that

his claim is based on the <u>Chicago Tribune</u> and the other Media Defendants calling him a "serial

killer," the relevant articles neither contain such a statement nor provide any basis on which to

conclude plausibly that the Chicago Tribune made such a statement.  The only articles CTC has

published that mention Mr. Tucker are two versions of the same article—a more detailed version

published in the Chicago Tribune on May 18, 2007 and an abbreviated version published the

same day in CTC's free daily newspaper the RedEye—and a subsequent article published in the

Chicago Tribune January 15, 2008.[11]  The three articles are attached hereto as Exhibit E.[12]

   21.  The first two articles contain a straightforward report concerning Mr.

Tucker's arrest and investigations relating to him, and quote Chicago police detective John

Climack as saying that Mr. Tucker was a suspect in a homicide investigation in New York City

for a 2003 murder and a suspect in a Chicago investigation for a 2006 murder, and that both

authorities charged and arrested Mr. Tucker for those crimes.  In addition, the articles quote

Detective Climack as saying that police in two additional jurisdictions suspected Mr. Tucker's

involvement in "other cold cases."  See Exhibit E.  The articles also report that Mr. Tucker had

previously served 11 years in a New Jersey prison for murder and was released in 2001.  See Id.

The January 2008 article reiterates the same details regarding Mr. Tucker's arrest and the crimes

with which he was charged, and reports that Mr. Tucker was required to submit to DNA testing

in connection with the Chicago murder investigation.

   22.  The May 2007 Chicago Tribune articles simply quote police authorities as

saying Mr. Tucker had been arrested and charged with two separate murders, in two separate

jurisdictions, and that Mr. Tucker had previously been convicted of murder.  The January 2008

article is a seven-sentence report simply setting forth the fact that a judge ordered Mr. Tucker to

---

[11] The January 15, 2008 Chicago Tribune article refers to Mr. Tucker as "Emerson Turner."  The content of the article, however, makes evident that the report concerns the same Emerson Tucker as the May 18, 2007 articles. The article's reference to "Turner" rather than "Tucker" appears to be an inadvertent error that has no effect on Mr. Tucker's claim or the relief the Debtors are seeking herein.

[12] See Declaration of Debra Bade, attached hereto as Exhibit F, attesting that the declarant has conducted a review of the Chicago Tribune's electronic archives and the three articles in Exhibit E are the only three articles relevant to the Complaint.

submit to DNA testing.  The articles do not, however, contain the alleged statement Mr. Tucker

claims is defamatory.  Nor does Mr. Tucker anywhere allege that the statements the articles

actually contain are false.  Without making any claim as to the falsity of the published factual

statements, Mr. Tucker twists those statements to imply the <u>Chicago Tribune</u> painted him in a

false light by suggesting he is a "serial killer."  For a false light claim to proceed, however, a

plaintiff is required to demonstrate that the statements the defendant made were false.  *Romaine*

*v. Kallinger*, 109 N.J. 282, 294 (1988).  Mr. Tucker has not even made such an allegation, much

less provided any basis on which the Court could conclude that any statements in the articles are

false.

        23.      In any event, whether Mr. Tucker's claim is for defamation or false light,

CTC is insulated from liability because its articles contained a "fair report" of an official action.

This privilege, considered "one of the most powerful and frequently invoked common-law

defenses," attaches where the report is an accurate, complete or fair abridgment of the occurrence

that is recounted.  *Salzano v. N. Jersey Media Group Inc.*, 993 A.2d 778, 786, 798 (N.J. 2010)

(quoting Rodney A. Smolla, *Law of Defamation* § 8.67 (Thomson Reuters/West 2d ed. 2008));

*Solaia Technology, LLC v. Specialty Pub. Co.*, 852 N.E. 2d 825, 842 (Ill. 1997).  Nowhere in his

pleading does Mr. Tucker deny that he was arrested and charged with these two separate crimes,

or that he served 11 years in prison for a murder conviction.  Thus, his defamation and similar

claims must fail.

        24.      Even if a court found the fair report privilege did not apply, the Tucker

Claim is not allowable as a matter of law.  Mr. Tucker has the burden under the laws of any

jurisdiction that may be relevant (New Jersey or Illinois) to show that specific false statements

the <u>Chicago Tribune</u> made resulted in specific harms; but he has failed to do so.  *See, e.g.,*

*Naleway v. Agnich*, 897 N.E. 2d 902, 908 (Ill. App. Ct. 2008) ("To establish defamation, a plaintiff must present facts showing that the defendant made a defamatory statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and the publication caused damages.") (citation omitted); *Petersen v. Meggitt*, 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) ("In any defamation action, the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'") (citation omitted); *see also Doug Grant, Inc. v. Greate Bay Casino Corp.*, 3 F. Supp. 2d 518 (D.N.J. 1998) (without specific allegations as to what was defamatory, there can be no claim for defamation).

        25.    Mr. Tucker has not even attempted to make such a showing in either the Complaint or in his proof of claim.  Instead, Mr. Tucker only repeats several times that the Chicago Tribune's alleged description of him as a "serial killer" caused him various harms, most particularly "actual injury in the form of defamation of character, damages to his good reputation, an immediate threat of danger to the [sic] life, liberty, and the interference with his relationships with females, with his lifestyle, with any jobs that he may get in the public/community and with his small business plans that he was about to set up as a 'Black Man.'"  (Compl. ¶ 169.)  It is clear from a review of the relevant articles, however, that this claim is baseless because CTC never published the statements Mr. Tucker attributes to its newspapers.  As a result, the Tucker Claim cannot stand.[13]

---

[13] The Tucker Claim also provides no evidence or basis on which to conclude that (i) any of the harms asserted therein have in fact been visited on Mr. Tucker, or (ii) assuming for argument's sake that they have, that those harms are in any way tied to any statement made by or action of the Chicago Tribune, particularly given that the Tucker Claim is based upon a statement that the Chicago Tribune did not make.  These factors provide independent grounds on which to disallow the Tucker Claim beyond those articulated above and elsewhere in the Objection.

26.    Further, in Illinois, even a defamatory statement will not be *per se*
actionable if it is reasonably susceptible to an innocent construction.  *Green v. Rogers*, 917 N.E.
2d 450, 462-63 (Ill. 2009).  Under Illinois law, in evaluating whether a statement is susceptible to
an innocent construction, a court must consider the statement in context, the express language
contained in the statement, and any implications arising from those words.  *Id.*  Here, the
Chicago Tribune articles contained no statement that Mr. Tucker committed any murders in a
serial fashion.  Instead, the Chicago Tribune articles were simply a report of the investigations
relating to Mr. Tucker and his prior arrest and conviction, which Mr. Tucker has not even
claimed, let alone proved, to be factually inaccurate.[14]

27.    Further, as a limited purpose public figure, to support his defamation
claim, Mr. Tucker must prove not only that the statements Chicago Tribune published about him
were false, but also that they were published with actual malice.  Mr. Tucker, however, makes no
allegation, apart from assertions of unspecified racial animus, that the Chicago Tribune acted
from actual malice in purportedly labeling him a "serial killer."  Mr. Tucker must demonstrate
actual malice on the part of the Chicago Tribune in making any allegedly-defamatory statements
about him because applicable law provides that Mr. Tucker's arrest and criminal record rendered
him a limited-purpose public figure.  *See, e.g., Berkery v. Estate of Stuart*, 988 A.3d 1201, 1206
(N.J. Super. Ct. App. Div. 2010) ("an individual's involvement in publicized criminal activities
and associations with organized criminal groups qualifies as a public controversy or issue that
gives rise to limited-purpose public figure status") (citation and internal quotations omitted).  As

---

[14] Moreover, in light of the fact that the murders the Chicago Tribune articles reported took place over at least a 15-year period, the conduct the articles attributed to Mr. Tucker would not meet the definition of "serial killing," which requires the murder of "more than three victims one at a time in a relatively short interval."  *See* wordnetweb.princeton.edu/perl/webwn; *see also Salzano*, 993 A.2d 778 (New Jersey court consulted dictionary to determine whether statement was defamatory); *Romaine v. Kallinger*, 537 A.2d 284, 289 (N.J. 1988) (same); *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 45 (N.J. 1989) (same); *Lynch v. N.J. Educ. Ass'n*, 735 A.2d 1129, 1138 (N.J. 1999) (same).

a limited-purpose public figure, Mr. Tucker was required to prove the <u>Chicago Tribune</u> acted out of actual malice in allegedly publishing defamatory statements about him. *See, e.g., Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1020 (Ill. 2008) ("If the plaintiffs are public figures or officials, the first amendment precludes them from obtaining redress in a defamation action unless they can prove that the allegedly defamatory statements were made with actual malice.") (citation omitted); *Berkery*, 988 A.3d at 1206 ("recovery for defamation is limited by the First Amendment requirement that public officials or public figures prove actual malice to recover damages") (citation and internal quotations omitted). The Complaint, however, does not allege – much less demonstrate – actual malice on the part of the <u>Chicago Tribune</u>, and on that basis, Mr. Tucker's defamation claim also fails on its merits. *See Darakjian v. Hanna*, 366 N.J. Super. 238, 248-249 (App. Div. 2004) (affirming dismissal of complaint where plaintiff did not provide facts demonstrating defendant's malice).

28.    Finally, Mr. Tucker has improperly asserted due process and equal protection claims against non-state actors, including CTC. To establish a violation of due process and equal protection rights under the Constitution, a plaintiff must demonstrate the allegedly unconstitutional conduct (1) was committed by a person acting under the color of state law and (2) deprived him of rights, privileges, or immunities secured by the Constitution or federal laws. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). As the <u>Chicago Tribune</u> is neither a state actor nor a person acting under the color of state law, the <u>Chicago Tribune</u> is an improper defendant. Thus, Mr. Tucker's equal protection and due process claims are meritless. *See, e.g., Burke v. Ocean County Prosecutor's Office*, No. 07-3623, 2008 U.S. Dist. LEXIS 8646, at *5 (D. N.J. Feb. 4, 2008) (declining to recognize a newspaper as a state actor in a section 1983 claim).

29.    Accordingly, for the foregoing reasons, the Tucker Claim is not an allowable claim and is not entitled to any distribution in these chapter 11 cases.  The Debtors object to the Tucker Claim and request it be disallowed in its entirety and expunged.  The Debtors also request that the Court authorize the Claims Agent to expunge the Tucker Claim from the Claims Register so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

### NOTICE

30.    Notice of this Objection has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) Emerson Tucker; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### NO PRIOR REQUEST

31.    No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full and expunging the Tucker Claim; (ii) directing the Claims Agent to expunge the Tucker Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      September 22, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

Exhibits A through F may be (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune); (ii) inspected during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, DE 19801; or (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

# PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. _____** |

### ORDER SUSTAINING DEBTORS' THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

### ("CLAIMS ASSERTED BY EMERSON TUCKER")

Upon consideration of the Debtors' Objection to Claim Nos. 6477 and 6462 of

Emerson Tucker (the "Objection"), by which the Debtors request entry of an order pursuant to

Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, disallowing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7021471v1

and expunging the Tucker Claim[2] set forth on <u>Exhibit A</u> attached thereto; and upon consideration

of the Tucker Claim; and it appearing that the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Objection having been given

under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that the Tucker Claim, Claim Nos. 6477 and 6462, is hereby

disallowed and expunged in its entirety; and it is further

ORDERED that the Claims Agent is authorized to modify the Claims Register to

comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims or rights arising from or related to the implementation and

interpretation of this Order.

Dated: Wilmington, Delaware
      October __, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

---

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

**EXHIBIT B**

| Claim Name | Address Information |
|---|---|
| ABATO, RUBENSTEIN AND ABATO, P.A. | ATTN: COREY SMITH BOTT, BRIAN G. ESDERS (COUNSEL TO: TRUCK DRIVERS AND HELPERS LOCAL 355 HEALTH AND WELFARE AND PENSION FUNDS) 809 GLENEAGLES COURT, SUITE 320 BALTIMORE MD 21286 |
| ABATO, RUBENSTEIN AND ABATO, P.A. | ATTN: MEGHAN C. HORN, ESQ. (COUNSEL TO: TRUCK DRIVERS AND HELPERS LOCAL 355 HEALTH AND WELFARE FUND AND PENSION FUND) 809 GLENEAGLES COURT, SUITE 320 TOWSON MD 21286 |
| ACXIOM CORPORATION | ATTN. C.B. BLACKARD, III, CORPORATE COUNSEL 301 E. DAVE WARD DRIVE P.O. BOX 2000 CONWAY AR 72033-2000 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ATTN: DANIEL H. GOLDEN & PHILIP C. DUBLIN, ESQS. ONE BRYANT PARK (COUNSEL TO CENTERBRIDGE CREDIT ADVISORS LLC.) NEW YORK NY 10036 |
| ALLISON, SLUTSKY & KENNEDY, PC | ANGIE M. COWAN 230 W MONROE ST, STE 2600 (COUNSEL TO IAM LODGE NO. 126) CHICAGO IL 60606 |
| ANDREW S. CONWAY, ESQUIRE | (COUSNEL TO TAUBMAN LANDLORDS) 200 EAST LONG LAKE ROAD, SUITE 300 BLOOMFIELD HILLS MI 48304 |
| ARCHER & GREINER, PC | JOHN V. FIORELLA, ESQ. 300 DELAWARE AVE, STE 1370 (COUNSEL TO NAVISTAR FINANCIAL CORP. & NAVISTAR LEASING CO.) WILMINGTON DE 19801 |
| ARKIN KAPLAN RICE LLP | HOWARD J. KAPLAN, ESQ.; DEANNA DAVIDIAN, ESQ. 590 MADISON AVENUE (COUNSEL TO AD HOC COMMITTEE OF STEP ONE SENIOR LENDERS) NEW YORK NY 10022 |
| ASHBY & GEDDES, P.A. | ATTN: WILLIAM P. BOWDEN & KAREN SKOMORUCHA, ESQS. 500 DELAWARE AVENUE, 8TH FLOOR P.O. BOX 1150 (COUNSEL TO RICKETTS ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) WILMINGTON DE 19899 |
| ASHBY & GEDDES, PA | WILLIAM P. BOWDEN; AMANDA M. WINFREE 500 DELAWARE AVENUE, 8TH FLOOR PO BOX 1150 (COUNSEL TO AURELIUS CAPITAL MANAGEMENT, LP) WILMINGTON DE 19899 |
| ASKOUNIS & DARCY, PC | ATTN: THOMAS V. ASDOUNIS, ESQ. 401 NORTH MICHIGAN AVENUE, STE 550 (COUNSEL TO BANC OF AMERICA LEASING & CAPITAL LLC) CHICAGO IL 60611 |
| BARNES & THORNBURG LLP | ATTN: DAVID M. POWLEN 1000 NORTH WEST STREET, SUITE 1200 (COUNSEL TO MORGAN STANLEY & CO., INC.) WILMINGTON DE 19801 |
| BARTLETT HACKETT FEINBERG PC | FRANK F. MCGINN (MA BBO# 564729) 155 FEDERAL ST, 9TH FL (COUNSEL TO IRON MOUNTAIN INFORMATION MGMT INC.) BOSTON MA 02110 |
| BAYARD, P.A. | ATTN: JAMIE L. EDMONSON, ESQ. COUNSEL TO GBH INVESTMENTS, LLC 222 DELAWARE AVENUE, SUITE 900 WILMINGTON DE 19801 |
| BELKIN BURDEN WENIG & GOLDMAN, LLP | ATTN: JOSHUA G. LOSARDO, ESQ. (COUNSEL TO: ENTERPRISE GARAGE CORP.) 270 MADISON AVENUE NEW YORK NY 10016 |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP | ATTN: JENNIFER R. HOOVER, ESQ. 222 DELAWARE AVENUE, SUITE 801 (COUNSEL TO WILMINGTON TRUST COMPANY) WILMINGTON DE 19801 |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP | ATTN: DAVID M. NEUMANN, ESQUIRE (COUNSEL TO WILMINGTON TRUST COMPANY) 200 PUBLIC SQUARE SUITE 2300 CLEVELAND OH 44114-2378 |
| BIFFERATO LLC | ATTN: IAN CONNOR BIFFERATO, KEVIN COLLINS, ESQS. (COUNSEL TO: D. NEIL, C. BROWN, H. WEINSTEIN, W. ROCHE, JR., M. LEVIN, & J. MAKINEN) 800 N. KING STREET, PLAZA LEVEL WILMINGTON DE 19801 |
| BLAKELEY & BLAKELEY LLP | ATTN: JOHNN WHITE, ESQ. COUNSEL TO GOOGLE INC. 2 PARK PLAZA, SUITE 400 IRVINE CA 92614 |
| BLOOM HERGOTT DIEMER ROSENTHAL LAVIOLETTE FELDMAN | & GOOD MAN, LLP 150 S. RODEO DRIVE, 3RD FLOOR BEVERLY HILLS CA 90212 |
| BROWARD COUNTY | ATTN: JEFFREY J. NEWTON COUNTY ATTORNEY FOR BROWARD COUNTY GOVT CENTER 115 SOUTH ANDREWS AVENUE FORT LAUDERDALE FL 33301 |
| BROWN RUDNICK LLP | ATTN. ROBERT J. STARK & DANIEL J. SAVAL, ESQ. (COUNSEL TO WILMINGTON TRUST COMPANY) SEVEN TIMES SQUARE NEW YORK NY 10036 |
| BROWN STONE NIMEROFF LLC | ATTN: JAMI B. NIMEROFF, ESQ. (COUNSEL TO NBC UNIVERSAL INC. & CERTAIN OF ITS AFFILIATES INCLUDING UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP) 4 EAST 8TH STREET, SUITE 400 WILMINGTON DE 19801 |
| BRYAN CAVE LLP | ATTN: MICHELLE MCMAHON, ESQ. (COUNSEL TO: CWA/ITV NEGOTIATED PENSION PLAN) 1290 AVENUE OF THE AMERICAS NEW YORK NY 10104 |
| BUCHALTER NEMER | PAMELA KOHLMAN WEBSTER 1000 WILSHIRE BOULEVARD, SUITE 1500 (COUNSEL TO SONY |

| Claim Name | Address Information |
|---|---|
| BUCHALTER NEMER | PICTURES TELEVISION) LOS ANGELES CA 90017-2457 |
| BUCHALTER NEMER, A PROFESSIONAL CORPORATION | SHAWN M. CHRISTIANSON, ESQ. 333 MARKET STREET, 25TH FL (COUNSEL TO ORACLE USA, INC.) SAN FRANCISCO CA 94105-2126 |
| CANON USA, INC | ATTN RUTH WIENSTEIN 1 CANON PLAZA LAKE SUCCESS NY 11042 |
| CAPITALSOURCE FINANCE LLC | ATTN: JOANNE FUNGAROLI, ESQ. 4445 WILLARD AVENUE, 12TH FLOOR CHEVY CHASE MD 20815 |
| CATHOLIC CHARITIES | ATTN: JOSEPH AUGUSTYNIAK 1966 GREENSPRING DRIVE, SUITE 200 TIMONIUM MD 21093 |
| CHADBOURNE & PARKE LLP | COUNSEL TO THE UNSECURED CREDITORS' CO ATTN HOWARD SEIFE, DAVID M LEMAY, DOGULAS E DEUTSCH 30 ROCKEFELLER PLAZA NEW YORK NY 10112 |
| CHRISTINE Z. HERI | (COUNSEL TO HILDA L. SOLISI, SECRETARY OF LABOR OFFICE OF THE SOLICITOR UNITED STATES DEPARTMENT OF LABOR 230 SOUTH DEARBORN, ROOM 844 CHICAGO IL 60604 |
| CIARDI CIARDI & ASTIN | DANIEL K. ASTIN, ESQ.; CARL D. NEFF, ESQ. CITIZENS BANK CENTER 919 NORTH MARKET STREET, STE 700 (COUNSEL TO ROBERT R. MCCORMICK FOUNDATION & CANTIGNY FOUNDATION) WILMINGTON DE 19801 |
| COHEN WEISS & SIMON LLP | COUNSEL TO AMERICAN FEDERATION OF TELEVISION & RADIO ARTISTS ATTN BABETTE A CECCOTI 330 WEST 42ND STREET NEW YORK NY 10036 |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF | REVENUE, BUREAU OF ACCOUNTS SETTLEMENT THOMAS W. CORBETT, JR., ATTORNEY GENERAL CAROL E. MOMJIAN, SR. DEPUTY ATTORNEY GENERAL PA I.D. NO. 049219 OFFICE OF ATTORNEY GENERAL 21 S. 12TH STREET, 3RD FLOOR PHILADELPHIA PA 19107-3603 |
| COOCH & TAYLOR PA | ATTN: SUSAN E. KAUFMAN, ESQ. (COUNSEL TO: AMERICAN FEDERATION OF TELEVISION & RADIO ARTISTS) 1000 WEST STREET, 10TH FLOOR WILMINGTON DE 19801 |
| COTCHETT, PITRE & MCCARTHY | ATTN: PHILIP GREGORY, ESQ. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 840 MALCOLM ROAD, SUITE 200 BURLINGAME CA 94010 |
| COZEN O'CONNOR | ATTN: MARK E. FELGER, ESQ. 1201 N. MARKET STREET, SUITE 1400 (COUNSEL TO TWENTIETH TELEVISION, INC.) WILMINGTON DE 19801 |
| CROSS & SIMON LLC | ATTN: CHRISTOPHER P. SIMON, ESQ. 913 NORTH MARKET STREET, 11TH FLOOR (COUNSEL TO WASHINGTON-BALTIMORRRE NEWSPAPER GUILD, LOCAL 32035, TNG-CWA) WILMINGTON DE 19801 |
| CROUDACE & DIETRICH LLP | ATTN. MARK A NITIKMAN, ESQUIRE 4750 VON KARMAN AVENUE COUNSEL TO BKM 3128 REDHILL, LLC) NEWPORT BEACH CA 92660 |
| CROWELL & MORING LLP | ATTN. MICHAEL V. BLUMENTHAL, ESQ. (COUNSEL TO NBC UNIVERSAL INC. AND CERTAIN OF ITS AFFILIATES INCLUDING UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP 590 MADISON AVENUE, 19TH FLOOR NEW YORK NY 10022 |
| DANIEL SMIRLOCK, DEPUTY COMMISSIONER AND COUNSEL | ATTN: ELAINE Z. COLE, ESQ. 340 E. MAIN ST. (COUNSEL TO THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE) ROCHESTER NY 14604 |
| DAVIS POLK & WARDELL LLP | ATTN: DONALD S. BERNSTEIN, ESQ. JAMES A. FLORACK, ESQ. DAMIAN S. SCHAIBLE, ESQ. 450 LEXINGTON AVENUE (COUNSEL TO JPMORGAN CHASE BANK, N.A.) NEW YORK NY 10017 |
| DUANE MORRIS LLP | ATTN. MICHAEL R. LASTOWSKI, ESQ. & SOMMER L. ROSS (COUNSEL TO SONY PICTURES TELEVISION, INC.) 1100 NORTH MARKET STREET, SUITE 1200 WILMINGTON DE 19801 |
| ECKERT,SEAMANS, CHERIN & MELLOT, LLC | ATTN. MARGARET F. ENGLAND, ESQUIRE (COUNSEL TO THE NIELSEN COMPANY) 300 DELAWARE AVENUE, SUITE 1210 WILMINGTON DE 19801 |
| EDWARDS ANGELL PALMER & DODGE LLP | ATTN: STUART M. BROWN, ESQ. 919 N. MARKET ST, STE 1500 (COUNSEL TO BARCLAYS BANK PLC) WILMINGTON DE 19801 |
| ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP | ATTN: KEITH D. ELKINS, ESQ. 1800 CENTURY PARK EAST, 7TH FLOOR (COUNSEL TO LIT FINANCE, LP) LOS ANGELES CA 90067 |
| ELLIOTT GREENLEAF | COUNSEL TO CORESTAFF SERVICES ATTN WILLIAM M KELLEHER 1105 NORTH MARKET STREET, SUITE 1700 WILMINGTON DE 19801 |
| ERVIN COHEN & JESSUP LLP | KENNETH MILLER, ESQ. 9401 WILSHIRE BLVD, 9TH FLOOR (COUNSEL TO K ASSOC. & CRENSHAW 3840 PARTNERS,LLC) BEVERLY HILLS CA 90212 |
| FOLEY & LARDNER LLP | ATTN: MARY K. BRAZA, ESQ. 777 EAST WISCONSIN AVENUE (COUNSEL TO RICKETTS ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) MILWAUKEE WI 53202-5306 |
| FOLEY & LARDNER LLP | ATTN: MICHAEL J. SMALL, ESQ. 321 NORTH CLARK SUITE 2800 (COUNSEL TO RICKETTS |

| Claim Name | Address Information |
|---|---|
| FOLEY & LARDNER LLP | ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) CHICAGO IL 60610-4500 |
| FOX ROTHSCHILD LLP | ATTN: JEFFREY M. SCHLERF, JOHN H. STROCK, ESQS. (COUNSEL TO: WELLS FARGO BANK, N.A.) CITIZENS BANK CENTER 919 NORTH MARKET STREET, SUITE 1600 WILMINGTON DE 19801 |
| FRANK/GECKER LLP | ATTN. JOSEPH D. FRANK (COUNSEL TO JONES LANG LASALLE AMERICAS (ILLINOIS) L.P.) 325 NORTH LASALLE STREET, SUITE 625 CHICAGO IL 60654 |
| FRED FELLMETH, ESQ. GENERAL COUNSEL | BROADCAST SYSTEMS DIVISION THE VITEC GROUP PLC (COUNSEL TO ANTON BAUER, INC, CAMERA DYNAMICS, INC., NUCOMM, INC., AND RF CENTRAL, LLC) 101 BILBY ROAD HACKETTSTOWN NJ 07840 |
| FREEBORN & PETERS LLP | ATTN: AARON L. HAMMER, ESQ. & DEVON J. EGGERT, ESQ. (COUNSEL TO MERCER (US) INC.) 311 SOUTH WACKER DRIVE, SUITE 3000 CHICAGO IL 60606 |
| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | EDWARD A. FRIEDMAN; WILLIAM P.WEINTRAUB 1633 BROADWAY (COUNSEL TO AUERLIUS CAPITAL MANAGEMENT, LP) NEW YORK NY 10019-6708 |
| FRIEDMAN LAW GROUP | ATTN: J. BENNETT FRIEDMAN, ESQ. 1901 AVENUE OF THE STARS, SUITE 1700 (COUNSEL TO ISAKSEN INVESTMENTS, LLC) LOS ANGELES CA 90067-4409 |
| FURMAN GREGORY LLC | DONALD R. FURMAN JR. 75 FEDERAL ST, 9TH FL (COUNSEL TO COMCAST SPOTLIGHT & COMCAST) BOSTON MA 02110 |
| GATEWAY PACIFIC PROPERTIES, INC. | C/O RONALD K. BROWN, JR. LAW OFFICES OF RONALD K. BROWN, JR. 901 DOVE STREET, SUITE 120 NEWPORT BEACH CA 92660 |
| GE MONEY BANK | C/O RECOVERY MANAGEMENT SYSTEMS CORP. ATTN: RAMESH SINGH 25 SE 2ND AVENUE, SUITE 1120 (SAM'S CLUB BRC) MIAMI FL 33131-1605 |
| GOHN HANKEY & STICHEL LLP | COUNSEL TO CORESTAFF SERVICES ATTN JAN I BERLAGE 201 NORTH CHARLES STREET BALTIMORE MD 21201 |
| GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD. | ATTN. BRIAN M. DOUGHERTY (COUNSEL TO NORTHLAKE PROPERTY, LLC, MIDWEST WAREHOUSE & DISTRIBUTION SYSTEM, INC. AND BEDFORD MOTOR SERVICE, INC.) 835 MCCLINTOCK DRIVE, SECOND FLOOR WILLOWBROOK IL 60527 |
| GREENBERG TRAURIG, LLP | ATTN: DENNIA A. MELORO COUNSEL TO HAMDON ENTERTAINMENT THE NEMOURS BUILDING 1007 NORTH ORANGE STREET, SUITE 1200 WILMINGTON DE 19801 |
| GREENBERG TRAURIG, LLP | ATTN: KEVIN P. GARLAND, ESQ. COUNSEL TO HAMDON ENTERTAINMENT 2450 COLORADO AVENUE, SUITE 400 E SANTA MONICA CA 90404 |
| GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP | EDWARD J. TREDINNICK, ESQ. FOUR EMBARCARCADERO CENTER, STE 4000 (COUNSEL TO CATELLUS DEVELOPMENT CORP.) SAN FRANCISCO CA 94111 |
| HARRIS CORPORATION | ANTHONY DEGLOMINE, III 1025 W. NASA BLVD MAIL STOP A-11A MELBOURNE FL 32919 |
| HENNIGAN, BENNETT & DORMAN, LLP | ATTN: BRUCE BENNETT, JAMES O. JOHNSON AND JOSHUA D. MORSE, ESQS. 865 SOUTH FIGUEROA STREET, SUITE 2900 (COUNSEL TO VARIOUS PARTIES LISTED IN NOA) LOS ANGELES CA 90017 |
| HERRICK FEINSTEIN LLP | COUNSEL TO CANON USA INC, INTELSAT CORPORATION ATTN PAUL RUBIN; STEPHEN B. SELBST, ESQ. TWO PARK AVENUE NEW YORK NY 10016 |
| HEWLETT-PACKARD COMPANY | ATTN: MS. RAMONA NEAL, CORPORATE COUNSEL 11311 CHINDEN BLVD. MAILSTOP 314 BOISE ID 83714-0021 |
| HEWLETT-PACKARD COMPANY | ATTN: MR. KEN HIGMAN, SR. DEFAULT & RECOVERY ANALY 2125 E. KATELLA AVE. SUITE 400 ANAHEIM CA 92806 |
| HOGAN & HARTSON LLP | ATTN: SCOTT A. GOLDEN, IRA S. GREENE, ESQS. 875 THIRD AVENUE (COUNSEL TO ABITIBI BOWATER, INC., ABITBI CONSOLIDATED SALES CORPORATON AND BOWATER, INC.; DOW JONES & COMPANY) NEW YORK NY 10022 |
| HOWARD COUNTY OFFICE OF LAW | ATTN. MARGARET ANN NOLAN, COUNTY SOLICITOR & CAMELA J. SANDMANN, ASSISTANT COUNTY SOLICITOR GEORGE HOWARD BUILDING 3430 COURTHOUSE DRIVE ELLICOTT CITY MD 21043 |
| IBM CORPORATION | ATTN BEVERLY H SHIDELER TWO LINCOLN CENTRE OAKBROOK TERRACE IL 60181 |
| INTERNAL REVENUE SERVICE | 844 KING STREET WILMINGTON DE 19801 |
| INTERNAL REVENUE SERVICE | ATTN: ROOM 1150 31 HOPKINS PLAZA BALTIMORE MD 21201 |
| J. SCOTT DOUGLASS | 909 FANNIN, SUITE 1800 HOUSTON TX 77010 |
| JD THOMPSON LAW | ATTN: JUDY D. THOMPSON P.O. BOX 33127 (COUNSEL TO SODEXO, INC.) CHARLOTTE NC |

| Claim Name | Address Information |
|---|---|
| JD THOMPSON LAW | 28233 |
| K&L GATES LLP | ATTN: JEFFREY N. RICH, ESQ. 599 LEXINGTON AVE (COUNSEL TO GREATBANC TRUST COMPANY) NEW YORK NY 10022-6030 |
| K&L GATES LLP | CHARLES R. SMITH, ESQ. HENRY W. OLIVER BUILDING 535 SMITHFIELD ST (COUNSEL TO GREATBANC TRUST COMPANY) PITTSBURGH PA 15222-2312 |
| KAMAKAZEE KIWI COPORATION | 3835-R EAST THOUSDAN OAKS BLVD. #343 THOUSAND OAKS CA 91362 |
| KAYE SCHOLER LLP | 425 PARK AVE MADLYN GLEICH PRIMOFF, ESQ (COUNSEL TO MERRILL LYNCH CAPITAL CORP AS ADMIN AGENT) NEW YORK NY 10022 |
| KELLEY DRYE & WARREN LLP | ERICK R. WILSON, ESQ. HOWARD S.STEEL, ESQ. 101 PARK AVENUE (COUNSEL TO TELEREP, LLC) NEW YORK NY 10178 |
| KLEE, TUCHIN, BOGDANOFF & STERN, LLP | ATTN: LEE R. BOGDANOFF, MARTIN R. BARASH, ESQS. (COUNSEL TO: EXAMINER-DESIGNATE,KENNETH KLEE, ESQ) 1999 AVENUE OF THE STARS, 39TH FLOOR LOS ANGELES CA 90067-6049 |
| KLEE, TUCHIN, BOGDANOFF & STERN, LLP | ATTN:  KENNETH N. KLEE, ESQ. 1999 AVENUE OF THE STARS, 39TH FLOOR LOS ANGELES CA 90067-6049 |
| LANDIS RATH & COBB LLP | COUNSEL FOR THE UNSECURED CREDITORS' COMM ATTN ADAM G LANDIS & MATTHEW B MCGUIRE 919 MARKET STREET SUITE 1800 WILMINGTON DE 19801 |
| LESLIE A. COHEN, ESQUIRE | LESLIE COHEN LAW, PC 506 SANTA MONICA BLVD., SUITE 200 SANTA MONICA CA 90401 |
| LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C. | ATTN: DANIEL FEINBERG, ANGELICA K. JONGCO, NINA WASOW, ESQS. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 1330 BROADWAY, SUITE 1800 OAKLAND CA 94612 |
| LINDA BOYLE | TW TELECOM INC. 10475 PARK MEADOWS DRIVE, #400 LITTLETON CO 80124 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | COUNSEL TO HARRIS COUNTY ATTN JOHN P DILLMAN PO BOX 3064 HOUSTON TX 77253-3064 |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATTN: ELIZABETH WELLER 2323 BRYAN STREET STE 1600 (COUNSEL TO DALLAS COUNTY) DALLAS TX 75201 |
| MARGOLIS EDELSTEIN | ATTN: JAMES E. HUGGETT, ESQ. 750 SHIPYARD DRIVE, SUITE 102 (COUNSEL TO ORACLE AMERICA, INC.) WILMINGTON DE 19801 |
| MAUREEN A. MCGREEVEY, ESQUIRE | SENIOR LITIGATION COUNSEL SUNGARD 680 E. SWEDESFORD ROAD WAYNE PA 19087 |
| MAYER BROWN LLP | FREDERICK D. HYMAN, ESQ.; JEFFREY G. TOUGAS, ESQ., AMIT K. TREHAN, ESQ., JEAN-MARIE L. ATAMIAN, ESQ. (COUNSEL TO BARCLAYS) 1675 BROADWAY NEW YORK NY 10019 |
| MCCARTER & ENGLISH, LLP | ATTN: DAVID ADLER, ESQ. 245 PARK AVE, 27TH FL (COUNSEL TO DEUTSCHE BANK TRUST COMPANY AMERICAS) NEW YORK NY 10167 |
| MCCARTER & ENGLISH, LLP | ATTN: KATHARINE L. MAYER, ESQ. RENAISSANCE CENTRE 405 N. MARKET STREET, 8TH FL (COUNSEL TO DEUTSCHE BANK TRUST COMPANY AMERICAS) WILMINGTON DE 19801 |
| MCGUIRE WOODS LLP | ATTN: PAUL J. CATANESE & PATRICIA K. SMOOTS (COUNSEL TO THE NIELSEN COMPANY (US) LLC 77 W. WACKER DRIVE, SUITE 4100 CHICAGO IL 60601 |
| MCPHARLIN SPRINKLES & THOMAS, LLP | ATTN. ELAIN M. SEID (COUNSEL TO DIABLO INVESTMENT CO.) 10 ALMADEN BLVD., SUITE 1460 SAN JOSE CA 95113 |
| MEITES, MULDER, MOLLICA & GLINK | ATTN: THOMAS MEITES, MICHAEL MULDER, ESQS. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 20 S. CLARK STREET, SUITE 1500 CHICAGO IL 60603 |
| MESSANA ROSNER & STERN, LLP | FREDERICK B. ROSNER, ESQ. 1000 N. WEST STREET, SUITE 1200 (COUNSEL TO INTELSAT CORPORATION) WILMINGTON DE 19801 |
| MICHAEL A. COX, ATTORNEY GENERAL AND DEBORAH B. | WALDMEIR, ASSISTANT ATTORNEY GENERAL STATE OF MICHIGAN, DEPT. OF TREASURY CADILLAC PLACE, STE. 10-200 3030 W. GRAND BLVD. DETROIT MI 48202 |
| MICHAEL SCHLOSS | (COUNSEL TO HILDA L. SOLIS, SECRETARY OF LABOR) OFFICE OF THE SOLICITOR UNITED STATES DEPARTMENT OF LABOR PLAN BENEFITS SECURITY DIVISION P.O. BOX 1914 WASHINGTON DC 20013 |
| MISSOURI DEPARTMENT OF REVENUE | ATTN: SHERYL L. MOREAU SPECIAL ASSISTANT ATTORNEY GENERAL GENERAL COUNSEL'S OFFICE 301 W. HIGH STREET, ROOM 670 PO BOX 475 JEFFERSON CITY MO 65105-0475 |
| MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A. | ATTN. RACHEL B. MERSKY, ESQUIRE (COUNSEL TO BKM 3128 REDHILL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY) 1201 N. ORANGE STREET, SUITE 400 |

| Claim Name | Address Information |
|---|---|
| MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A. | WILMINGTON DE 19801 |
| MORGAN STANLEY FIXED INCOME | ATTN: CAROLYN ADLER 1585 BROADWAY, 2ND FLOOR NEW YORK NY 10036 |
| MUCH SHELIST DENENBERG AMENT AND RUBENSTEIN, PC | ATTN: COLLEEN E. MCMANUS 191 NORTH WACKER DRIVE, STE 1800 (COUNSEL TO CF 4242 BRYN MAWR LLC) CHICAGO IL 60606 |
| NAVISTAR LEASING COMPANY | 425 N. MARTINGALE ROAD, 18TH FLOOR SCHAUMBURG IL 60173 |
| NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE | ATTN: ROBERT L. COOK, DISTRICT TAX ATTORNEY 333 EAST WASHINGTON ST., 3RD FLOOR SYRACUSE NY 13202 |
| NOLAN, PLUMHOFF & WILLIAMS, CHARTERED | ATTN: ROBERT L. HANLEY, JR. ESQUIRE (COUNSEL TO ST. JOHN PROPERTIES, INC.) SUITE 700, NOTTINGHAM CENTRE 502 WASHINGTON AVENUE TOWSON MD 21204 |
| O'MELVENY & MYERS LLP | ATTN: BRADLEY J. BUTWIN, DANIEL L. CANTOR, TIMES SQUARE TOWER 7 TIMES SQUARE (COUNSEL TO BANK OF AMERICA, N.A. AND BANC OF AMERICA SECURITIES LLC) NEW YORK NY 10036 |
| O'MELVENY & MYERS LLP | ATTN: EVAN M. JONES, ESQ. 400 SOUTH HOPE STREET (COUNSEL TO BANK OF AMERICA, N.A. AND BANC OF AMERICA SECURITIES LLC) LOS ANGELES CA 90071 |
| OFFICE OF ATTORNEY GENERAL | ATTN: CAROL E. MOMJIAN, SENIOR DEPUTY ATTORNEY GENERAL 21 S. 12TH STREET, 3RD FLOOR PHILADELPHIA PA 19107-3603 |
| OFFICE OF THE UNITED STATES TRUSTEE | DAVID M. KLAUDER, ESQ. UNITED STATES DEPT OF JUSTICE 844 KING STREET, SUITE 2207 LOCKBOX #35 WILMINGTON DE 19899-0035 |
| OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP | ADAM H. FRIEDMAN, ESQ.; STEVE WOLOSKY, ESQ.; FREDRICK J. LEVY, ESQ. PARK AVENUE TOWER 65 EAST 55TH STREET (COUNSEL TO AD HOC COMMITTEE OF STEP ONE SENIOR LENDERS) NEW YORK NY 10022 |
| PACHULSKI STANG ZIEHL & JONES LLP | ATTN: LAURA DAVIS JONES, TIMOTHY P. CAIRNS AND MARK M. BILLION, ESQS. 919 N. MARKET STREET, 17TH FLOOR P.O. BOX 8705 (COUNSEL TO CENTERBRIDGE CREDIT ADVISORS LLC.) WILMINGTON DE 19899 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATTN: JOSEPH L. CHRISTENSEN 1000 N. WEST STREET, SUITE 1200 (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) WILMINGTON DE 19801 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | CHARLES E. DAVIDOW 2001 K. STREET, N.W. (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) WASHINGTON DC 20006-1047 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISSON LLP | ATTN: STEPHEN J. SHIMSHAK, ANDREW GORDON, DAVID W. BROWN, LAUREN SHUMEJDA 1285 AVENUE OF THE AMERICAS (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) NEW YORK NY 10019-6064 |
| PENSION BENEFIT GUARANTY CORPORATION | ATTN FRANK A ANDERSON, CASSANDRA R BURTON, & KARTAR S KHALSA, ESQ OFFICE OF THE CHIEF COUNSEL 1200 K STREET, NW WASHINGTON DC 20005-4026 |
| PEPPER HAMILTON LLP | ATTN. DAVID B. STRATTON, LEIGH-ANNE M. RAPORT, ESQ. (COUNSEL TO PPF OFF TWO PARK AVENUE OWNER) HERCULES PLAZA, SUITE 5100 1313 MARKET STREET, P.O. BOX 1709 WILMINGTON DE 19899-1709 |
| PEPPER HAMILTON LLP | ATTN: DAVID B. STRATTON & JOHN H. SCHANNE, II HERCULES PLAZA, SUITE 5100 1313 MARKET STREET, P.O. BOX 1709 (COUNSEL TO BANK OF AMERICA, N.A. & BANC OF AMERICA SECURITIES LLC) WILMINGTON DE 19899-1709 |
| PHILLIPS, GOLDMAN & SPENCE, P.A. | ATTN: JOHN C. PHILLIPS, ESQ. 1200 NORTH BROOM STREET (COUNSEL TO: VALUATION RESEARCH CORPORATION) WILMINGTON DE 19806 |
| PINCKNEY, HARRIS & WEIDINGER, LLC | ATTN: ADAM HILLER & DONNA HARRIS (COUNSEL TO THE PARTIES REFERENCED IN THE FIRST AMENDED VERIFIED STATEMENT OF TEITELBAUM & BASKIN LLP) 1220 NORTH MARKET STREET, SUITE 950 WILMINGTON DE 19801 |
| POTTER ANDERSON & CORROON LLP | ATTN: LAURIE SILVERSTEIN, ESQ (COUNSEL TO MERRILL LYNCH CAPITAL CORP AS ADMIN AGENT) HERCULES PLAZA 1313 N MARKET ST, PO BOX 951 WILMINGTON DE 19899-0951 |
| PROSKAUER ROSE LLP | ATTN: MARTIN S. ZOHN, ESQ. (COUNSEL TO: TWENTIETH TELEVISION, INC.) 2049 CENTURY PARK EAST, 32ND FLOOR LOS ANGELES CA 90067 |
| QUARLES & BRADY LLP | LEONARD S. SHIFFLETT, ESQ.; FAY B. FEINSTEIN, ESQ. 300 NORTH LASALLE STREET, STE 400 (COUNSEL TO ROBERT R. MCCORMICK FOUNDATION & CANTIGNY FOUNDATION) CHICAGO IL 60654-3422 |
| RICHARDS, LAYTON & FINGER, PA | ATTN: MARK D. COLLINS, ESQ. KATISHA D. FORTUNE, ESQ. 920 NORTH KING STREET (COUNSEL TO JPMORGAN CHASE BANK, N.A.) WILMINGTON DE 19801 |

| Claim Name | Address Information |
|---|---|
| RIDDELL WILLIAMS, P.S. | ATTN. JOSEPH E. SHICKICH, JR. & MARIA ANN MILANO (COUNSEL TO MICROSOFT CORPORATION & MIRCROSOFT LICENSING, GP) 1001- 4TH AVENUE, SUITE 4500 SEATTLE WA 98154-1192 |
| ROBINSON BROG LEINWAND GREEN GENOVESE & GLUCK PC | ATTN. FRED B. RINGEL, ESQ. (COUNSEL TO GALLERIA OPERATING COMPANY, LLC) 875 THIRD AVENUE, 9TH FL NEW YORK NY 10022 |
| ROMERO LAW FIRM | MARTHA E. ROMERO, ESQ. BMR PROFESSIONAL BLDG 6516 BRIGHT AVENUE (COUNSED TO SECURED CREDITOR COUNTY OF SAN BERNARDINO, CALIFORNIA, A CALIFORNIA TAXING AUTH.) WHITTIER CA 90601 |
| RUSKIN MASCOU FALTISCHEK, P.C. | ATTN: MICHAEL S. AMATO, ESQ. (COUNSEL TO ESTHER RHEIN) EAST TOWER, 15TH FLOOR 1425 RXR PLAZA UNIONDALE NY 11556-1425 |
| RUSKIN MOSCOU FALTISCHEK, P.C. | ATTN. MICHAEL S. AMATO, ESQ. (COUNSEL TO BARRY AND MARIE GOLDENBERG) EAST TOWER, 15TH FLOOR 1425 RXR PLAZA UNIONDALE NY 11556-1425 |
| SAUL EWING LLP | ATTN. MARK MINUTI, ESQUIRE (PROPOSED DELAWARE COUNSEL TO: KENNETH N. KLEE, THE EXAMINER-DESIGNATE (THE "EXAMINER") 222 DELAWARE AVENUE, SUITE 1200 P.O. BOX 1266 WILMINGTON DE 19899 |
| SECURITIES & EXCHANGE COMMISSION | 15TH & PENNSYLVANIA AVE, N.W. WASHINGTON DC 20020 |
| SEITZ, VAN OGTROP & GREEN, P.A. | ATTN. R.KARL HILL, ESQ. 222 DELAWARE AVENUE, STE 1500 PO BOX 68 (COUNSEL TO ABITIBI BOWATER, INC., ABITIBI CONSOLIDATED SALES CORPORATION, BOWATER, INC., DOW JONES & COMPANY) WILMINGTON DE 19899 |
| SHIPMAN & GOODWIN LLP | ATTN. JULIE A. MANNING, ESQ. (COUNSEL TO UNITED HEALTHCARE INSURANCE COMPANY) ONE CONSTITUTION PLAZA HARTFORD CT 06103-1919 |
| SILVERMAN MCDONALD & FRIEDMAN | ATTN: BRIAN E. LUTNESS, ESQ. COUNSEL TO MARCIA WILLETTE GUARDIAN TO ZACHARY MITZKOVITZ 1010 N. BANKCROFT PARKWAY, SUITE 22 WILMINGTON DE 19805 |
| SIMON PROPERTY GROUP, INC. | ATTN: RONALD M. TUCKER, ESQ. 225 WEST WASHINGTON STREET INDIANAPOLIS IN 46204 |
| SIRLIN GALLOGLY & LESSER, P.C. | DANA S. PLON ESQ. 1529 WALNUT STREET, SUITE 600 (COUNSEL TO UNISYS CORPORATIONI) PHILADELPHIA PA 19102 |
| SQUIRE, SANDERS & DEMPSEY LLP | ATTN: KELLY SINGER, ESQ. TWO RENAISSANCE SQUARE 40 NORTH CENTRAL AVE, STE 2700 (COUNSEL TO PERSONAL PLUS, INC.) PHOENIX AZ 85004-4498 |
| STEMPEL BENNETT CLAMAN & HOCHBERG PC | COUNSEL TO SLG 220 NEWS OWNER LLC AS LANDLORD ATTN EDMOND P O'BRIEN ESQ 675 THIRD AVENUE 31ST FLOOR NEW YORK NY 10017 |
| STUART MAUE | ATTN: JOHN L. DECKER FEE EXAMINER 3840 MCKELVEY RD ST. LOUIS MO 63044 |
| TEITELBAUM & BASKIN, LLP | ATTN: JAY TEITELBAUM 3 BARKER AVENUE, THIRD FLOOR (COUNSEL TO H.BERGMANN; R.ERBURU; K.HORN; R.JANSEN W.JOHNSON JR; W.NIESE; R.SCHLOSBERG, III; J.SIMPSON; M.WILLES; E.ZIMBALIST, III) WHITE PLAINS NY 10601 |
| THE DSF GROUP | ALLAN I. MUSCOVITZ, SR. ACCOUNTANT 950 WINTER STREET, STE 4300 WALTHAM MA 02451-1486 |
| THE REIMANN LAW GROUP | ATTN. DAVID W. REIMANN, ESQUIRE (ATTORNEYS FOR MAJESTIC REALTY CO. YORBA PARK I, LLC, AND YORBA PARK SUB, LLC) 1960 EAST GRAND AVENUE, SUITE 1165 EL SEGUNDO CA 90245 |
| THE SEAPORT GROUP LLC | ATTN SCOTT FRIEDBERG 360 MADISON AVENUE 22ND FLOOR NEW YORK NY 10017 |
| TOOD M. HOEPKER, ESQ. | (COUNSEL TO : COP-HANGING MOSS, LLC) POST OFFICE BOX 3311 ORLANDO FL 32802-3311 |
| TRAVELERS | NATIONAL ACCOUNTS 1 TOWER SQUARE-5MN HARTFORD CT 06183-4044 |
| TRESSLER SODERSTORM MALONEY & PRESS, LLP | ATTN. JACQUELINE A. CRISWELL (COUNSEL TO FISHER PRINTING, INC.) SEARS TOWER, 22ND FLOOR 233 SOUTH WACKER DRIVE CHICAGO IL 60606-6314 |
| TWENTIETH TELEVISION, INC. | ATTN: JODIE REA (COUNSEL TO: TWENTIETH TELEVISION, INC.) 2121 AVENUE OF THE STARS, SUITE 1754 LOS ANGELES CA 90067 |
| TYBOUT REDFEARN AND PELL | ATTN. SHERRY RUGGIERO FALLON (COUNSEL TO NORTHLAKE PROPERTY, LLC, MIDWEST WAREHOUSE & DISTRIBUTION SYSTEM, INC. AND BEFORD MOTOR SERVICE, INC.) 750 SHIPYARD DRIVE, SUITE 400 P.O. BOX 2092 WILMINGTON DE 19899-2092 |
| U.S. DEPARTMENT OF JUSTICE | ATTN. YONATAN GELBLUM, TRIAL ATTY., TAX DIVISION 555 4TH ST. NW ROOM 6110, P.O. BOX 227 WASHINGTON DC 20044 |
| UNGARETTI & HARRIS | ATTN. GEORGE R. MESIRES, ESQ. (COUNSEL TO KTR SOUTH FLORIDA LLC) 3500 THREE FIRST NATIONAL PLAZA 70 WEST MADISON CHICAGO IL 60602 |

| Claim Name | Address Information |
|---|---|
| UNISYS CORPORATION | ATTN. JANET FITZPATRICK, LEGAL ASSISTANT UNISYS WAY P.O. BOX 500, M/S E8-108 BLUE BELL PA 19424 |
| UNITED STATES DEPARTMENT OF JUSTICE | CIVIL DIVISION MATTHEW J. TROY, ESQ. PO BOX 875 WASHINGTON DC 20004-0875 |
| UNITED STATES DEPARTMENT OF LABOR | OFFICE OF THE SOLICITOR ELIZABETH S. GOLDBERG, ESQUIRE (COUNSEL TO HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR) PLAN BENEFITS SECURITY DIVISION P.O. BOX 1914 WASHINGTON DC 20013 |
| US ATTORNEY'S OFFICE | ELLEN W. SLIGHTS, ESQ 1201 MARKET ST, SUITE 1100 PO BOX 2046 WILMINGTON DE 19899-2046 |
| VORYS SATER SEYMOUR & PEASE LLP | ATTN: TIFFANY STRELOW COBB 52 EAST GAY STREET (COUNSEL TO AOL LLC & RELATED ENTITIES; TURNER BROADCASTING SYSTEM INC ET AL) COLUMBUS OH 43215 |
| VORYS, SATER, SEYMOUR AND PEASE LLP | ATTN: TIFFANY STRELOW COBB (COUNSEL TO: TURNER BROADCASTING SYSTEM INC ET AL) 52 EAST GAY STREET COLUMBUS OH 43215 |
| WARNER BROS. TELEVISION DISTRIBUTION, INC. | ATTN: WAYNE M. SMITH, ESQ. 4000 WARNER BLVD. BLDG. 156, ROOM 5158 BURBANK CA 91522 |
| WEISS SEROTA HELFMAN PASTORIZA COLE & BONISKE, P.L | ATTN: DOUGLAS R. GONZALES, ESQUIRE COUNSEL TO CITY OF MIRAMAR, FLORIDA & DANIA BEACH 200 EAST BROWARD BOULEVARD, ST. 1900 FORT LAUDERDALE FL 33301 |
| WHITE & CASE LLP | ATTN: THOMAS E. LAURIA, GERARD H. UZZI, SCOTT GREISSMAN, ESQS. (COUNSEL TO: WELLS FARGO BANK, N.A.) 1155 AVENUE OF THE AMERICAS NEW YORK NY 10036-2787 |
| WILLIAMS GAUTIER GWYNN DELOACH & SORENSON PA | COUNSEL FOR FLORIDA SELF-INSURERS GUARANTY ASSOCIATION INC ATTN JAMES E SORENSON, D TYLER LEUVEN, CHAD D HECKMAN, JARED S GARDNER, MARY LINZEE VAN LEUVEN POST OFFICE BOX 4128 TALLAHASSEE FL 32315-4128 |
| WILLKIE FARR & GALLAGHER LLP | ATTN. ALAN J. LIPKIN & JEREMY E. CRYSTAL, ESQ. (COUNSEL TO PPF OFF TWO PARK AVENUE OWNER, LLC) 787 SEVENTH AVENUE NEW YORK NY 10019 |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ATTN: ANDREW GOLDMAN, ESQ. (COUNSEL TO: ANGELO GORDON & CO.) 399 PARK AVENUE NEW YORK NY 10022 |
| WILMINGTON TRUST COMPANY | ATTN. PATRICK J. HEALY, VICE PRESIDENT RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON DE 19890 |
| WINSTON & STRAWN LLP | ATTN: DAVID NEIER, ESQ. 200 PARK AVENUE (COUNSEL TO: VALUATION RESEARCH CORPORATION) NEW YORK NY 10166 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ATTN: ROBERT S. BRADY AND M. BLAKE CLEARY, ESQS. THE BRADYWINE BUILDING – 17TH FLOOR 1000 WEST STREET, POST OFFICE BOX 391 (COUNSEL TO VARIOUS PARTIES LISTED ON NOA) WILMINGTON DE 19899-0391 |
| ZUCKERMAN SPAEDER LLP | THOMAS G. MACAULEY, ESQ. VIRGINIA WHITEHALL GULDI, ESQ. 919 MARKET STREET, STE 990 (SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS) WILMINGTON DE 19801 |
| ZUCKERMAN SPAEDER LLP | GRAEME W. BUSH, ESQ. JAMES SOTTILE, ESQ. 1800 M STREET, NW, STE 1000 (SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS) WASHINGTON DC 20036 |
| ZWERDLKING PAUL KAHN & WOLLY PC | COUNSEL TO WASHINGTON-BALTIMORE NEWSPAPER GUILD, LOCAL 32035, TNG-CWA ATTN ROBERT E PAUL ESQ 1025 CONNECTICUT AVENUE NW SUITE 712 WASHINGTON DC 20036-5420 |

**Total Creditor count  169**

**EXHIBIT C**

**TRB BILL PROF 9-22-10**
KENNETH P. KANSA, ESQUIRE
JILLIAN K. LUDWIG, ESQUIRE
SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL  60603

**TRB BILL PROF 9-22-10**
ADAM G. LANDIS, ESQUIRE
MATTHEW B. MCGUIRE, ESQUIRE
LANDIS RATH & COBB LLP
919 MARKET STREET, STE. 1800
WILMINGTON, DE 19801

**TRB BILL PROF 9-22-10**
DENNIS CHI, ESQUIRE
JONES DAY
77 WEST WACKER DRIVE
CHICAGO, IL

**TRB BILL PROF 9-22-10**
BRADLEY DUNN
DIRECTOR
LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA, 61ST FLOOR
NEW YORK, NY  10020

**TRB BILL PROF 9-22-10**
JARED ZAJAC, ESQUIRE
MCDERMOTT WILL & EMERY
340 MADISON AVENUE
NEW YORK, NY  10173-1922

**TRB BILL PROF 9-22-10**
AARON L. HAMMER, ESQUIRE
FREEBORN & PETERS, LLP
311 SOUTH WACKER DRIVE, SUITE 3000
CHICAGO, IL  60606

**TRB BILL PROF 9-22-10**
KIMBERLY NEWMARCH, ESQUIRE
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 NORTH WACKER DRIVE, THIRTIETH FLOOR
CHICAGO, IL 60606

**TRB BILL PROF 9-22-10**
HOWARD SEIFE, ESQUIRE
DAVID M. LEMAY, ESQUIRE
DOUGLAS E. DEUTSCH, ESQUIRE
CHADBOURNE & PARKE LLP
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112

**TRB BILL PROF 9-22-10**
J. CORY FALGOWSKI, ESQUIRE
REED SMITH LLP
1201 MARKET STREET, SUITE 1500
WILMINGTON, DE 19801

**TRB BILL PROF 9-22-10**
THANE CARLSTON
MANAGING DIRECTOR
MOELIS & COMPANY LLC
245 PARK AVENUE, 32ND FLOOR
NEW YORK, NY  10167

**TRB BILL PROF 9-22-10**
JOHN L. DECKER, ESQUIRE
STUART MAUE
3840 MCKELVEY RD.
ST. LOUIS, MO  63044

**TRB BILL PROF 9-22-10**
CHRISTOPHER L. MEAZELL, ESQUIRE
DOW LOHNES PLLC
THREE PARTNERS PLACE - SUITE 230
201 DAVID L. BOREN BLVD.
NORMAN, OK 73072

**TRB BILL PROF 9-22-10**
SEAN CONROY, PARTNER
ASSURANCE & ADVISORY
DELOITTE & TOUCHE LLP
111 S. WACKER DRIVE
CHICAGO, IL 60606-4301

**TRB BILL PROF 9-22-10**
LESLIE SALCEDO, PARALEGAL
ALSTON & BIRD LLP
90 PARK AVENUE
NEW YORK, NY 10016

**TRB BILL PROF 9-22-10**
BRIAN WHITTMAN, MANAGING DIRECTOR
MATTHEW FRANK
ALVAREZ & MARSAL NORTH AMERICA LLC
55 WEST MONROE STREET, SUITE 4000
CHICAGO IL 60603

**TRB BILL PROF 9-22-10**
PRICEWATERHOUSECOOPERS LLP
ATTN: WILLIAM T. ENGLAND
ONE NORTH WACKER
CHICAGO, IL 60606

**TRB BILL PROF 9-22-10**
ALIXPARTNERSLLP
ATTN: ALAN D. HOLTZ
9 WEST 57TH ST, STE 3420
NEW YORK, NY 10019

**TRB BILL PROF 9-22-10**
JUNE Y. KIM, ESQUIRE
BURKE, WARREN, MACKAY & SERRITELLA, PC
330 NORTH WABASH AVENUE, 22ND FLOOR
CHICAGO, IL  60611-3607

**TRB BILL PROF 9-22-10**
JEFFREY R. ZILKA, GENERAL MANAGER
DANIEL J. EDELMAN, INC.
200 E RANDOLPH DRIVE
CHICAGO, IL 60601

**TRB BILL PROF 9-22-10**
LANDON S. RAIFORD, ESQUIRE
JENNER & BLOCK LLP
330 N. WABASH AVENUE
CHICAGO, IL 60611-7603

**EXHIBIT D**

**TRB BILL PROF 9-22-10**
POTTER ANDERSON & CORROON LLP
ATTN: LAURIE SILVERSTEIN, ESQ
(COUNSEL TO MERRILL LYNCH CAPITAL CORP
AS ADMIN AGENT)
HERCULES PLAZA; 1313 N MARKET ST
PO BOX 951
WILMINGTON, DE  19899-0951

**TRB BILL PROF 9-22-10**
CHADBOURNE & PARKE LLP
COUNSEL TO THE UNSECURED CREDITORS' CO
ATTN HOWARD SEIFE, DAVID M LEMAY,
DOGULAS E DEUTSCH
30 ROCKEFELLER PLAZA
NEW YORK, NY  10112

**TRB BILL PROF 9-22-10**
KAYE SCHOLER LLP
425 PARK AVE
MADLYN GLEICH PRIMOFF, ESQ
(COUNSEL TO MERRILL LYNCH CAPITAL CORP
AS ADMIN AGENT)
NEW YORK, NY  10022

**TRB BILL PROF 9-22-10**
LANDIS RATH & COBB LLP
COUNSEL FOR THE UNSECURED
CREDITORS' COMM
ATTN ADAM G LANDIS &
MATTHEW B MCGUIRE
919 MARKET STREET SUITE 1800
WILMINGTON, DE  19801

**TRB BILL PROF 9-22-10**
OFFICE OF THE UNITED STATES TRUSTEE
DAVID M. KLAUDER, ESQ.
UNITED STATES DEPT OF JUSTICE
844 KING STREET, SUITE 2207
LOCKBOX #35
WILMINGTON, DE  19899-0035

**TRB BILL PROF 9-22-10**
ZUCKERMAN SPAEDER LLP
GRAEME W. BUSH, ESQ.
JAMES SOTTILE, ESQ.
1800 M STREET, NW, STE 1000
(SPECIAL COUNSEL TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS)
WASHINGTON, DC  20036

**TRB BILL PROF 9-22-10**
ZUCKERMAN SPAEDER LLP
THOMAS G. MACAULEY, ESQ.
VIRGINIA WHITEHALL GULDI, ESQ.
919 MARKET STREET, STE 990
(SPECIAL COUNSEL TO OFFICIAL COMMITTEE
OF UNSECURED CREDITORS)
WILMINGTON, DE  19801

**TRB BILL PROF 9-22-10**
DONALD S. BERNSTEIN, ESQUIRE
DAVIS POLK & WARDWELL LLP
450 LEXINGTON AVENUE
NEW YORK, NY 10017

**TRB BILL PROF 9-22-10**
MARK D. COLLINS, ESQUIRE
RICHARDS, LAYTON & FINGER, P.A.
920 NORTH KING STREET
WILMINGTON, DE 190801

**TRB BILL PROF 9-22-10**
TUCKER, EMERSON
#20080003014
COOK COUNTY JAIL
PO BOX 089002
CHICAGO, IL 60608