IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, *et al.,* | Case Nos. 08-13141 (KJC), *et seq.* (jointly administered) |
| Debtors. | **Objections Due By: October 15, 2010, 4:00 p.m.** **Hearing Date: October 22, 2010, 2:00 p.m.** |

## MOTION OF FEDERAL INSURANCE COMPANY FOR ORDER AUTHORIZING IT TO MAKE SETTLEMENT PAYMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

Federal Insurance Company ("Federal"), by and through its undersigned counsel, files this Motion for Order Authorizing it to Make Settlement Payment or, in the Alternative, for Relief from the Automatic Stay (the "Motion") to permit Federal to make a settlement payment in the amount of $150,000 (the "Settlement Payment") to Chris Neuman, the plaintiff in the Lawsuit referenced below, on behalf of its insureds, who are the above-captioned debtors (the "Debtors"). In support of this Motion, Federal states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This Motion concerns the administration of Debtor's bankruptcy estate, and accordingly is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is authorized by 11 U.S.C. § 362(d).

### BACKGROUND

2.     On or about December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101

through 1532 (the "Bankruptcy Code").    The Debtors are acting as debtors-in-possession

pursuant to the mandates of the Bankruptcy Code.

3.    Prior to the Petition Date, Federal issued to the Debtors an Executive Protection

Portfolio Liability Policy, number 8209-4590 (the "Policy").  The Policy provides coverage for

the period of December 20, 2007 to December 20, 2008.  Federal agreed to extend coverage to

the Debtors under the Policy with respect to a lawsuit styled *Neuman v. Goldstone, et al.*, Case

No. BC406704, filed in the Superior Court of Los Angeles, California (the "Lawsuit").  The

Lawsuit currently involves an action brought by Chris Neuman, who was previously an

employee of KTLA, Inc. ("KTLA"), one of the Debtors, against Ira Goldstone, who as an officer

of one of the Debtors, alleging that Mr. Goldstone defamed Mr. Neuman and interfered with his

prospective economic advantage in conjunction with actions taken by Mr. Goldstone when and

after Mr. Neuman's employment with KTLA was terminated prior to the applicable Debtor's

KTLA's petition date.  Mr. Goldstone is insured under the Policy.

4.    The Lawsuit had also involved claims against certain of the Debtors, specifically

the Tribune Company, Tribune Broadcasting Company, and KTLA, who were named defendants

in the Lawsuit.  Those claims against the Debtors had previously been fully resolved and settled

by granting Mr. Neuman an allowed general unsecured claim pursuant to the  procedure for

settling disputed claims that was approved by this Court through an order entered November 25,

2009.

5.    Mr. Neuman and Mr. Goldstein have agreed to settle the Lawsuit, pending

Bankruptcy Court approval of this Motion, for a payment by Federal on behalf of the Debtors

under the Policy to the plaintiff in the Lawsuit of $150,000, plus mutual releases.  The settlement

was an attempt by the parties to reach compromise without the substantial costs of trial, and

without admission of liability by any party.

## RELIEF REQUESTED

6.     Federal seeks an order authorizing it to make the Settlement Payment to resolve the above-referenced Lawsuit, and relief from the automatic stay, to the extent necessary to do the same.

## GROUNDS FOR RELIEF

7.     Section 362(d)(1) of the Bankruptcy Code provides that upon a request from a party in interest the Court shall grant relief from the automatic stay "for cause." The term "cause" is not defined in the Bankruptcy Code, but rather must be determined on a case-by-case basis. See, Pursifell v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987).

8.     "[T]he automatic stay is not meant to be absolute;" rather, it is subject to modification in appropriate cases. In re SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007). Bankruptcy Courts have "wide latitude in crafting relief from the automatic stay..." In re Myers, 491 F.3d 120, 129 (3d Cir. 2007). In the context of Section 362(d), cause justifying relief from the automatic stay may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal" or "lack of any connection with or interference with the pending bankruptcy case." In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

9.     In American Airlines, Inc. v. Continental Airlines, Inc., 152 B.R. 420 (D. Del. 1993), the court set forth the criteria to be considered in determining whether "cause" exists to lift the stay to allow parties to litigate their dispute in a non-bankruptcy forum:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider

3

the polices underlying the automatic stay in addition to the
competing interests of the debtor and the movant. In balancing the
competing interests of the debtor and the movant, Courts consider
three factors: (1) the prejudice that would be suffered should the
stay be lifted; (2) the balance of the hardships facing the parties;
and (3) the probable success on the merits if the stay is lifted.

Id. at 424 (citing Int'l Business Machines v. Fernstrom Storage and Van Co. [In re Fernstorm

Storage and Van Co.], 938 F 2d 731, 734-737 [7th Cir. 1991]). And see, Rexene, 141 B.R. at

576-578 (applying Fernstrom factors to determine that relief from automatic stay was

justified.)

10.    Here, the relief requested would not cause prejudice to the bankruptcy estates.

In fact, the relief requested would benefit the estate in that it would allow the Lawsuit to be

resolved without incurring any administrative costs to the estates.  The Policy is in place and

can sufficiently cover the Settlement Amount without detriment to other creditors.  In fact, few

claims have been made against the Policy, and any claims against directors and officers

regarding the LBO involve the time period prior to this Policy, and so are not related to

coverage under this Policy.  However, to the extent that any party asserts that the Policy is an

asset of the bankruptcy estates, Federal requests that stay relief be granted.

11.    On the other hand, absent the relief sought on this Motion, the Debtors and

Federal would face greater hardship in that they would have to use significant resources, both

time and money, to litigate a matter that all of the parties agree should be resolved.   In

particular, the Debtors would likely be involved in further discovery and as witnesses in the

litigation.  In addition, there is a risk that the estates may face additional claims if coverage is

later compromised.

4

**WHEREFORE,** Federal respectfully requests that this Court enter an Order, substantially in the form attached hereto, allowing Federal to make the Settlement Payment and modifying the Automatic Stay, if necessary, imposed by Section 362(a) of the Bankruptcy Code so that Federal may make the Settlement Payment on behalf of the Debtors, and granting such other relief as the Court deems just and appropriate.

Dated: Wilmington, Delaware
      October 1, 2010

PINCKNEY, HARRIS & WEIDINGER, LLC

By:    /s/ Donna L. Harris
    Donna L. Harris (No. 3740)
    1220 North Market Street, Suite 950
    Wilmington, DE 19801
    (302) 504-1497
    Fax (302) 655-5213
    dharris@phw-law.com
    *Counsel to Federal Insurance Company*