IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>    Debtors. | ) Chapter 11<br>) Case No. 08-13141 (KJC)<br>) Jointly Administered<br>) Re: Docket Nos. 3281, 5668, and 5698<br>) Hearing date: October 22, 2010, at 2:00 p.m. (Eastern)<br>) Objection deadline: October 1, 2010 |

## CREDIT AGREEMENT LENDERS' RESPONSE TO MOTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE AND SETTLE CLAIMS AND COUNTERCLAIMS OF THE DEBTORS' ESTATES

Without conceding that any of the subject actions are colorable or have merit, the Credit Agreement Lenders[1] do not object to the entry of an order granting the Official Committee of Unsecured Creditors standing to pursue the claims and causes of action set forth in the two draft complaints accompanying the Committee's pending motions.

The Committee, however, overreaches to the extent that it seeks to strip the Debtors of the ability to settle those claims and causes of action. The Committee's motions are ambiguous in this regard. The proposed order on the first motion seeks to vest the Committee with authority to "settle" claims "with the full rights and privileges and in the stead of the Debtors";[2] the proposed order on the second merely provides the Committee "leave, standing and authority" to settle the claims.[3] However, in the briefing on its first motion, the Committee made clear its desire to have sole control over the settlement process, arguing that, "[i]f the Committee is granted derivative standing to commence and prosecute the estate claims, the Committee must also be a necessary party to settlement of any such claims."[4]

---

[1] The Credit Agreement Lenders are the entities identified in the "Eighth Amended Joint Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett & Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP."

[2] See proposed order on first Committee motion [D.I. 3281].

[3] See proposed order on second Committee motion [D.I. 5668].

[4] Reply in support of first Committee motion [D.I. 3410] at 15.

1639805.1

That assertion is not accurate. This Court has held that, even where a committee or other representative is given standing to prosecute estate claims, the debtor in possession retains authority to seek a settlement of those claims in a plan of reorganization. *In re Exide Technologies*, 303 B.R. 48, 45-46 (Bankr. D. Del. 2003) ("§ 1123(b)(3)(A) authorizes the Debtor to propose a settlement of the Creditors Committee's Adversary Proceeding in its plan."). In fact, any grant of standing to the Committee is and must be conditional:

> [A] bankruptcy court may exercise its equitable power to withdraw derivative standing if the court concludes that maintenance of the litigation being pursued by a committee no longer meets the test outlined above (*i.e.*, that allowing the litigation to continue would be detrimental to either the estate's best interest, or to the fair and efficient resolution of the bankruptcy proceeding).

*In re Adelphia Communications Corporation*, 371 B.R. 660, 667 (S.D.N.Y. 2007). In other words, even if permitted to bring claims on behalf of the estate, ownership of the causes of action cannot and would not vest in the Committee. *Id.* at 671 ("ability to control the additional claims never vested the Equity Committee with ownership of them").[5]

At the core, a "reservation by the Debtors of the ability to settle [the] cases protects the estates." *In re Adelphia Communications Corp.*, 330 B.R. 364, 382 (Bankr. S.D.N.Y. 2005). This is particularly true now, as the court-ordered mediation process recently produced a settlement, endorsed by the mediator, of a number (but not all) of the claims that the Committee seeks authority to pursue and settle. *See* Mediator's Report [D.I. 5831]. Specifically, the Debtors and certain investment funds managed by Credit Agreement Lenders Oaktree Capital

---

[5] In addition to the authority provided by section 1123(b)(3)(A), the Debtors also retain the right seek to approval of a settlement pursuant to a noticed motion under Bankruptcy Rule 9019. As recognized by the Second Circuit, Rule 9019 "only authorizes the trustee, or debtor-in-possession, to bring a motion for settlement." *In re Smart World Technologies, LLC*, 423 F.3d 166, 174 (2d Cir. 2005) (footnote omitted). This authority conferred by Rule 9019 is "consistent with the debtor-in-possession's role as legal representative of the bankruptcy estate," regardless of whether a creditor or committee (with fiduciary duties only to its constituents and not to the entire estate) is authorized to pursue claims on behalf of the estate. *Id.* at 174-75 ("Rule 9019, which by its terms permits only the debtor-in-possession to move for settlement, is in complete harmony with the provisions of the Bankruptcy Code delineating the chapter 11 debtor's role.").

1639805.1

Management L.P. and Angelo, Gordon & Co., L.P., holders of several billions of dollars of claims under the Credit Agreement, have reached a settlement of claims relating to the so-called "Step One" transactions occurring in June 2007. That settlement, which will be embodied in a Joint Plan of Reorganization to be filed in the very near term and is supported by other holders of billions of dollars of Credit Agreement claims, provides for Credit Agreement lenders to contribute more than $300 million for settlement of the "Step One" claims (which the Examiner found to have little prospect of success), while providing for claims and causes of action arising from the so-called "Step Two" transactions occurring in December 2007 (which the Examiner found to have a greater prospect of success) to be preserved in a litigation trust for the benefit of Tribune creditors.

The settlement and forthcoming Joint Plan will enable the Debtors to exit bankruptcy in the near future and thereby maximize the value of the estates for all creditors, allowing the Debtors to avoid being trapped in chapter 11 limbo while also providing a mechanism to litigate or resolve over a longer time period those claims that the Examiner determined to be potentially viable. The Committee's pending motions for standing should not and cannot deprive the Debtors and settling parties of the ability to go forward with a value-maximizing settlement endorsed by the mediator.

The Committee's alleged concerns about conflicts of interest do not compel a contrary result. For one thing, the new settlement was negotiated with and approved by the newly-formed independent committee of the Tribune Board of Directors, itself represented by disinterested special counsel. For another, any settlement negotiated by the Debtors is subject to the approval of this Court (just as would any settlement negotiated by the Committee). No possible abuse or injustice can result from the Debtors retaining the right to seek approval of a settlement of the claims, including the compromise struck at the mediation.

For all of these reasons, the Committee's apparent request for sole and exclusive authority to settle the claims for which it seeks standing to pursue should be denied.

Dated: October 1, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

- and -

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

*Counsel to the Credit Agreement Lenders*


WILMER CUTLER PICKERING HALE & DORR LLP

        */s/ Andrew Goldman*
_____
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Telecopier: (212) 230-8888

*Co-Counsel to Angelo, Gordon & Co., L.P.*