# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: October 22, 2010 at 2:00 p.m. ET<br>Objection Deadline: October 15, 2010 at 4:00 p.m. ET<br>Related to Docket Nos. 145, 326, and 2487 |

## SUPPLEMENTAL APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER MODIFYING THE SCOPE OF THE RETENTION AND EMPLOYMENT OF REED SMITH LLP TO INCLUDE SERVICES RELATING TO CERTAIN EMPLOYEE-RELATED MATTERS, *NUNC PRO TUNC* TO AUGUST 27, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this Supplemental Application (the "Supplemental Application") for the entry of an order, in substantially the form attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

- 2 -

hereto, pursuant to sections 327(e) and 1107 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the scope of the Debtors' already-authorized employment of Reed Smith LLP ("Reed Smith"), nunc pro tunc to August 27, 2010. Reed Smith is currently retained by the Debtors as their special counsel for certain insurance coverage legal matters (collectively, and as previously discussed in the Application defined below, the "Insurance Coverage Legal Matters"). The terms of Reed Smith's existing retention by the Debtors are summarized in the Application for an Order Authorizing Debtors and Debtors In Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date (D.I. 145) (the "Application"), which was filed on December 26, 2008. The Application was approved by an Order dated February 3, 2009 (D.I. 326) (the "Original Retention Order"). The Application is hereby incorporated by reference.[2]

        The limited purpose of this Supplemental Application is to modify the authorized retention of Reed Smith to encompass, in addition to Reed Smith's existing services on behalf of the Debtors, legal services relating to certain discrete human resources and employee-related matters arising in the ordinary course of the Debtors' business at certain of the Debtors' business units (collectively, the "Employee-Related Matters"). Since the Employee-Related Matters on

---

[2] The Debtors also incorporate herein by reference the Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules in Support of Application for an Order Authorizing the Debtors and Debtors In Possession to Employ and Retain Reed Smith LLP as Special Counsel for Insurance Coverage Legal Matters Pursuant to 11 U.S.C. § 327(e) Nunc Pro Tunc to the Petition Date (D.I. 145) (the "Shugrue Declaration") and the Supplemental Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP, Special Counsel for Insurance Coverage Legal Matters, Submitted in Connection With Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al., Be Made Applicable to Chapter 11 Cases of Chicago National League Ball Club, LLC (D.I. 2487) (the "Supplemental Shugrue Declaration" and, together with the Shugrue Declaration, the "Shugrue Declarations").

which the Debtors now seek Reed Smith's counsel are not related to the Insurance Coverage Legal Matters and are beyond the scope of Reed Smith's retention currently approved by the Court, the Debtors file this Supplemental Application to retain Reed Smith to represent them in connection with the Employee-Related Matters.  In support of this Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

herein are sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

6. The Debtors originally selected Reed Smith as special counsel for the Insurance Coverage Legal Matters because of Reed Smith's longstanding representation of the Debtors with respect to their insurance coverage legal needs. That representation, which is described in more detail in the Application, began in 2000 and continued until the Debtors' bankruptcy filing in 2008.

7. Pursuant to the Original Retention Order, Reed Smith was approved to continue serving the Debtors in these bankruptcy cases as special counsel for the Insurance Coverage Legal Matters. Specifically, the scope of Reed Smith's approved retention included providing legal advice and assistance on the following matters:

    a.    the purchase, placement, renewal and/or modification of various insurance policies and coverages, including, without limitation, D&O, Fiduciary Liability, Property, General Liability, Workers' Compensation, and Fidelity insurance policies;

    b.    implementation and performance of terms and conditions of settlement agreement between Tribune Company ("Tribune") and Marsh USA, Inc., including advice and assistance concerning any disputes that may arise between the parties in connection with same;

    c.    pursuing various claims for payment by the estate of Reliance National Indemnity Company (in liquidation), including possible litigation or other dispute resolution proceedings with respect to such claims;

    d.    pursuing claims against insurers with respect to loss suffered by Tribune in connection with newspaper circulation issues related to Newsday and Hoy;

    e.    pursuing and providing counsel with respect to claims submitted to various D&O and Fiduciary Liability insurers of Tribune related to newspaper circulation issues and third-party claims related to Newsday and Hoy;

    f.    providing ongoing advice and assistance with respect to insurance claims coverage, reporting and notice of claims to insurers, and otherwise protecting Tribune's rights and interests in connection with insurance claims;

    g.    pursuing insurance claims related to a third-party bodily injury lawsuit entitled <u>Henderson v. Tribune Company</u>, pending in the Circuit Court of Cook County, Illinois; and

    h.    insurance-related terms and conditions of various contracts, transaction documents or other agreements.

(<u>See</u> Application ¶ 9; <u>see also</u> Original Retention Order (approving scope of retention described in the Application).)

    8.    The Debtors now seek to retain Reed Smith for representation and counsel with respect to the Employee-Related Matters, which would be in addition to the existing Insurance Coverage Legal Matters on which Reed Smith currently provides services to the Debtors. Tribune directly or indirectly owns all (or virtually all) of the equity in 127 subsidiaries, of which 110 subsidiaries are Debtors in these cases. The Debtors operate approximately 53 revenue-generating business units, including those in the subsidiary Debtors' publishing and broadcasting business segments. In all, the Debtors employ approximately 12,275 full-time equivalent employees. Given the size and complexity of the Debtors' organization, it is not uncommon for discrete human resources and employee-related matters to arise on which the Debtors require the assistance and expertise of qualified outside counsel. The Employee-Related Matters on which the Debtors seek to retain Reed Smith involve an area of the law in which Reed Smith's professionals have extensive experience and expertise. The Debtors believe that Reed Smith's intimate familiarity with the Debtors' business operations and commercial affairs, gained through its longstanding representation of the Debtors in the Insurance Coverage Legal Matters, uniquely positions Reed Smith to provide effective representation on additional matters in an especially efficient manner.

## RELIEF REQUESTED

9.      By this Supplemental Application, the Debtors request the entry of an order pursuant to section 327(e) of the Bankruptcy Code modifying the scope of Reed Smith's retention and employment as counsel to the Debtors to encompass the Employee-Related Matters nunc pro tunc to August 27, 2010.  The Debtors intend for the Original Retention Order to continue to govern the terms of Reed Smith's retention and employment by the Debtors, subject only to the limited modification of the scope of Reed Smith's services to encompass the Employee-Related Matters.  All provisions of the Original Retention Order shall remain in full force and effect and are unaffected by this Supplemental Application, except as necessary to effect that limited modification.

## BASIS FOR RELIEF REQUESTED

10.     The Debtors' existing retention of Reed Smith, and the proposed modification of that retention described herein, are pursuant to Section 327(e) of the Bankruptcy Code, which provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  See also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

11.     When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of

replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

12. In the instant case, the modifications to the retention and employment of Reed Smith by the Debtors are in the best interests of the Debtors' estates, while satisfying all other standards for retention under sections 327(e) and 1107 of the Bankruptcy Code. From time to time, in the ordinary course of business, the Debtors require the advise of qualified outside counsel with respect to discrete Employee-Related Matters. Reed Smith has represented the Debtors for more than ten years, and the firm's familiarity with the Debtors' various business units and operations will enable Reed Smith to provide services to the Debtors with respect to the Employee-Related Matters more efficiently and economically than a firm without such experience. The Debtors submit that Reed Smith is well-qualified to perform the legal work the Debtors now seek to employ it to perform. Reed Smith's diverse practice includes extensive representation of other commercial clients in matters similar to the Employee-Related Matters on which the Debtors currently seek Reed Smith's counsel, and Reed Smith has indicated its willingness to render these professional services, in addition to its service as special counsel for Insurance Coverage Legal Matters. Accordingly, the Debtors believe that it is in the best interests of their estates and creditors to employ and retain Reed Smith as their special counsel for the Employee-Related Matters.

13.     The additional services Reed Smith will provide will be complementary to, rather than duplicative of, the services to be performed by the Debtors' bankruptcy and reorganization counsel and other professionals retained in these chapter 11 cases. The Employee-Related Matters consist of discrete human resources and employee-related matters arising in the ordinary course of business and are unrelated to the Debtors' reorganization. The Debtors are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Reed Smith's role as special counsel to the Debtors for the Employee-Related Matters.

## No Adverse Interest

14.     To the best of the Debtors' knowledge, and based upon the Shugrue Declarations, Reed Smith does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Reed Smith is to be employed. Further, to the best of the Debtors' knowledge, Reed Smith does not have any connection with any creditors or other parties in interest or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Shugrue Declarations. (See Shugrue Declaration ¶¶ 5, 10; Supplemental Shugrue Declaration ¶¶ 5, 9.)

## Compensation

15.     In accordance with section 330(a) of the Bankruptcy Code, and consistent with the manner of compensation approved in the Application, the Debtors propose to compensate Reed Smith on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Reed Smith. The primary members of Reed Smith who will be handling the Employee-Related Matters and their current hourly rates are:

| Attorney | Hourly Rate |
|---|---|
| John D. Shugrue | $535/hr |
| Steven A. Miller | $660/hr |
| Robert O'Meara | $480/hr |

The Debtors believe that the hourly rates set forth above are reasonable and should be approved. As set forth in the Shugrue Declaration, Reed Smith's hourly rates are subject to periodic adjustments to reflect economic and other conditions. (See Shugrue Declaration ¶ 6.) Other of Reed Smith's attorneys or paralegals may from time to time serve the Debtors in the matters for which Reed Smith's retention is sought.

16.     As it has done throughout its representation of the Debtors in this bankruptcy case, Reed Smith will continue to submit monthly, interim and final applications for compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court.

### Nunc Pro Tunc Relief

17.     The Debtors seek to retain Reed Smith nunc pro tunc to August 27, 2010, the point at which Reed Smith first began representing the Debtors in connection with the Employee-Related Matters. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986) (in which the court authorized retroactive approval of the employment of a professional pursuant to section 327(a) of the Bankruptcy Code); In re Primary Health Sys. Inc., 2002 WL 500567 (D. Del. Mar. 28, 2002). In determining whether the court should exercise its discretion to grant retroactive approval the bankruptcy court

must find that it would have granted prior approval pursuant to the requirements of section 327, and may consider additional factors such as (1) whether the applicant was under time pressure to begin service without approval; (2) the amount of delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. Arkansas Co., Inc., 798 F.2d at 650.

18.   In the instant case, the Debtors have employed and retained Reed Smith pursuant to the Original Retention Order for more than a year and a half. The services performed by Reed Smith in August and early September 2010 involve the initial planning and preparatory steps related to Reed Smith's performance of services relating to the Employee-Related Matters. The substantive performance of the representation commenced in September at the request of the Debtors, which the Debtors determined was necessary and appropriate under the circumstances. As a result of the Debtors' request that Reed Smith commence providing services relating to the Employee-Related Matters prior to the filing of this Supplemental Application, Reed Smith has incurred approximately $15,000 in fees since August 27, 2010, and Reed Smith has agreed to waive all fees relating to the Employee-Related Matters incurred prior to August 27, 2010. The Debtors accordingly believe that these amounts and Reed Smith's future compensation do not prejudice innocent third parties. The Debtors therefore request that the Court approve Reed Smith's retention on a nunc pro tunc basis in order to cover the period since August 27, 2010 in which those fees were incurred, as well as subsequent periods.

## NOTICE

19.   Notice of this Supplemental Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors'

postpetition loan facility; (v) Reed Smith; and (vi) all parties having requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

20.     The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, approving the Supplemental Application and the retention of Reed Smith as special counsel to the Debtors for the Employee-Related Matters pursuant to sections 327(e) and 1107 of the Bankruptcy Code, nunc pro tunc to August 27, 2010, and granting to the Debtors such other and further relief as is just and proper.

Dated: October 1, 2010

                        TRIBUNE COMPANY
                        (for itself and on behalf of each Debtor)

                        _____
                        David P. Eldersveld
                        Senior Vice President, General Counsel & Secretary