**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                          )
In re:                                    )   Chapter 11
                                          )
TRIBUNE COMPANY, et al.,                  )   Case No. 08-13141 (KJC)
                                          )   Jointly Administered
          Debtors.                        )
                                          )
-------------------------------------------------------------x
```

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules

of Civil Procedure (made applicable to the above-captioned chapter 11 cases by Rules 7026 and

7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")) and Bankruptcy

Rule 9014, Aurelius Capital Management, LP by and through its undersigned attorneys, will take

the deposition upon oral examination of Maggie Wilderotter, a member of the special committee

of the board of directors of Tribune Company (the "Special Committee"), at the offices of Ashby

& Geddes P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, on October 8,

2010 at 2:00 p.m. (prevailing Eastern time), with respect to the matters described in Schedule A

hereto.  The deposition shall be taken before a notary public or other officer authorized by law to

administer oaths, shall continue from day to day until completed, shall be recorded by

{00445820;v1}

stenographic means, and may be videotaped.  You are invited to attend and cross-examine.

Dated:    Wilmington, Delaware
        October 1, 2010

                                    **ASHBY & GEDDES, P.A.**

                                    William P. Bowden, Esq. (I.D. No. 2553)
                                    Amanda M. Winfree, Esq. (I.D. No. 4615)
                                    Benjamin W. Keenan, Esq. (I.D. No. 4724)
                                    500 Delaware Avenue
                                    P.O. Box 1150
                                    Wilmington, DE 19899
                                    (302) 654-1888

                                            - and -

                                    Edward A. Friedman, Esq.
                                    William P. Weintraub, Esq.
                                    Hal Neier, Esq.
                                    **FRIEDMAN KAPLAN SEILER &**
                                      **ADELMAN LLP**
                                    1633 Broadway
                                    New York, NY 10019-6708
                                    (212) 833-1100

                                            - and -

                                    Daniel H. Golden
                                    Philip C. Dublin
                                    **AKIN GUMP STRAUSS HAUER &**
                                      **FELD LLP**
                                    One Bryant Park
                                    New York, NY  10036
                                    (212) 872-1000

                                    *Attorneys for Aurelius Capital*
                                    *Management, LP*

TO:

JONES DAY
77 West Wacker
Chicago, Illinois 60601
Brad B. Erens, Esq.
David A. Hall, Esq.

--and--

North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
David G. Heiman

*Attorneys for the Special Committee of the
Board of Directors of Tribune Company*

## Schedule A

## SUBJECTS FOR EXAMINATION

1.      The chapter 11 plan term sheet attached hereto as Exhibit 1 (the "Term Sheet"), including, without limitation, the facts and circumstances concerning the involvement of the Special Committee in any negotiation, decision-making, and public disclosures concerning such Term Sheet.

2.      The formation of the Special Committee, including, without limitation, any minutes, resolutions, or other documents concerning the responsibilities and authority of the Special Committee.

3.      The actions of the Special Committee since its formation relating to the chapter 11 cases of Tribune Company and its subsidiary chapter 11 debtors (collectively, the "Debtors"), including meetings and communications with (i) present or former officers, directors, counsel, or other representatives of the Debtors and (ii) representatives of other parties in interest in the Debtors' chapter 11 cases.

4.      Public disclosures concerning the Term Sheet or any settlement relating thereto.

{00445820;v1}

# **Exhibit 1**

**Term Sheet of Joint Plan of Debtors, Oaktree and Angelo Gordon Arising from Mediation**

| Plan Settlements | Settlement of Step One LBO-Related Causes of Action. |
| --- | --- |
| **Senior Loan Claims at Tribune** | Estimated Recovery Percentage on Effective Date: 1.44%<br>Dollar Value of Recovery on Effective Date: $124 million<br>Form of Recovery:<br>• New Common Stock, New Senior Secured Term Loan, Distributable Cash<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors<br>• Step Two Senior Loan Claims will not be Allowed under the Plan. Distributions on account of Senior Loans governed by the Senior Loan Credit Agreement will be distributed ratably in accordance with section 2.13 of the Senior Loan Credit Agreement. |
| **Senior Loan Guaranty Claims at Subsidiaries (Including Swap Claim at Subsidiaries)** | Estimated Recovery Percentage on Effective Date: 62.99%<br>Dollar Value of Recovery on Effective Date: $5.494 billion<br>Form of Recovery:<br>• New Common Stock, New Senior Secured Term Loan, Distributable Cash<br>• Step Two Senior Loan Claims will not be Allowed under the Plan and shall be subject to objection by the Litigation Trust.  Distributions on account of Senior Loans governed by the Senior Loan Credit Agreement will be distributed ratably in accordance with section 2.13 of the Senior Loan Credit Agreement. |
| **Bridge Loan Claims** | Estimated Recovery Percentage on Effective Date: 0%<br>Allowance; Disgorgement Claims:  Bridge Loan Claims shall not be Allowed as of the Effective Date and shall be subject to objection by the Litigation Trust. No distributions will be made on account of Bridge Loan Claims until such claims have been allowed.<br>Form of Recovery:<br>• Reserve of $77.7 million in cash held and distributed if Claims Allowed<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors (subject to Allowance) |
| **Senior Noteholder Claims** | Estimated Recovery Percentage on Effective Date: 23.38%<br>Dollar Value of Recovery on Effective Date: $300 million in cash<br>Additional Form of Recovery:<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors |
| **PHONES Notes Claims** | Estimated Recovery Percentage on Effective Date: 0%<br>Form of Recovery:<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors |
| **EGI-TRB LLC Notes** | Estimated Recovery Percentage on Effective Date: 0% |

| Claims | Form of Recovery:<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors (subject to Allowance) |
|---|---|
| **Other Parent General Unsecured Claims (Including Swap Claim at Parent)** | Estimated Recovery Percentage on Effective Date: 23.38%<br>Dollar Value of Recovery on Effective Date: $61.9 million in cash<br>Additional Form of Recovery:<br>• Interests in Litigation Trust that are co-extensive in amount and priority to that which such holders enjoyed with respect to the Debtors |
| **Subsidiary General Unsecured Claims** | Estimated Recovery Percentage on Effective Date: 50% if Class accepts Plan, and 10% if Class rejects Plan<br>Dollar Value of Recovery on Effective Date: $42.5 million in cash if Class accepts Plan, and $8.5 million if Class rejects Plan |
| **Parent Equity** | No recovery. |

2