# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: October 22, 2010 at 2:00 p.m. ET**<br>**Objection Deadline: October 15, 2010 at 4:00 p.m. ET**<br>**Related to Docket Nos. 227, 396, and 818** |

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, *NUNC PRO TUNC* TO SEPTEMBER 1, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the

"Application") for entry of an order, in substantially the form attached hereto, authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors to employ and retain the law firm of Levine Sullivan Koch & Schulz, L.L.P. ("Levine"),

as their special counsel for certain litigation matters, pursuant to sections 327(e) and 1107 of title

11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to September 1, 2010.

This Application is filed for the limited purpose of converting Levine's existing retention on

behalf of the Debtors under this Court's Order Authorizing the Debtors to Retain, Employ, and

Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business

(D.I. 227) (the "OCP Order") into a retention pursuant to sections 327(e) and 1107 of the

Bankruptcy Code, given that the Debtors expect that Levine is likely to exceed the monthly cap

on its services applicable under the OCP Order on a regular basis in the future.  In support of the

Application, the Debtors submit the Declaration of Seth D. Berlin (the "Berlin Declaration"),

which is filed concurrently herewith and incorporated herein by reference.  In further support of

this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain

of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111

entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43,

2333.)

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      On January 15, 2009, this Court entered the OCP Order, approving procedures for the employment, retention, and compensation of certain professionals utilized by the Debtors in their ordinary course of business.  (See D.I. 227.)  Exhibit A to the OCP Order contained a list of Ordinary Course Professionals, as defined in the OCP Order, authorized to be retained by the Debtors, which included Levine.[3]  The Debtors' Ordinary Course Professionals are authorized to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the OCP Order.  Compensation of the Ordinary Course Professionals is limited by a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling period.

---

[3] Exhibit A to the OCP Order has been subsequently supplemented by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, and 5846.)

7.        Levine represents a number of the Debtors, including The Baltimore Sun Company (the "Sun"), Homestead Publishing Company, Chicago Tribune Company, (the "Chicago Tribune"), and The Hartford Courant Company, and certain other Debtors from time to time, with respect to various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters (collectively, the "Litigation Matters"). (See Berlin Declaration ¶ 2.) Levine has represented those Debtors since well before the Petition Date. At the outset of the Debtors' chapter 11 cases, given that much of the Debtors' existing litigation was stayed by operation of the automatic stay contained in 362(a) of the Bankruptcy Code, the Debtors determined that it was appropriate to have Levine retained as an Ordinary Course Professional with respect to its services, rather than pursuant to a separate section 327(e) retention. Accordingly, Levine has been retained by the Debtors as counsel for the Litigation Matters in the ordinary course of the Debtors' business, with a Monthly Cap of $50,000. The OCP Order provides that the fees incurred by any Ordinary Course Professional with a Monthly Cap of $50,000 shall not exceed such Monthly Cap per month on average over any consecutive two-month period. (See OCP Order at 2.) Moreover, $50,000 represents the maximum Monthly Cap available to any Ordinary Course Professional in these chapter 11 cases.

8.        The Litigation Matters on which Levine represents the Debtors generally involve allegations of libel or other related causes of action that go to the heart of the Debtors' news businesses. In recent months, Levine has represented the Debtors with respect to various Litigation Matters that have arisen subsequent to the Petition Date as well as in pre-existing Litigation Matters involving employees of the Debtors in connection with acts undertaken within the scope of their employment that are not subject to the automatic stay. (See Berlin Declaration ¶ 4.) In addition, Levine appeared at the Debtors' August 3, 2010 hearing on behalf of the

Chicago Tribune to advocate on behalf of that newspaper for the public release of the Examiner's Report. (Id.) Levine also represents the Debtors on various prepetition matters that are the subject of significant claims filed against the Debtors' estates, including the claim of Robert Henke, asserted against the Sun in the amount of $100,000,000 for defamation; the claim of the estate of Parren Mitchell, asserted against the Sun in the amount of $20,000,000 for invasion of privacy, and the purported claim of Ivan Bates sought to be asserted against the Sun in the amount of $13,000,000. (Id.) Levine assisted the Debtors with preparing their objections to the related motions of Ivan J. Bates for relief from the automatic stay and to file a late proof of claim. (Id.) The Debtors will require Levine's advice with respect to adjudicating those prepetition claims on which Levine currently represents the Debtors and which are within Levine's area of expertise.

9.      The representations of the Debtors by Levine on matters arising postpetition, taken together with Levine's pre-existing representations of the Debtors in various disputed prepetition claims, caused Levine's fees to slightly exceed the average Monthly Cap of $50,000 for January-February 2010[4] and are expected to do so again in September 2010. Moreover, the Litigation Matters on which Levine now represents the Debtors, and/or may represent the Debtors in the future, are now at a level of activity that makes it likely that Levine will exceed the existing Monthly Cap on a regular basis going forward.

10.     The OCP Order provides that in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors

---

[4] See Application of Levine Sullivan Koch & Schulz, L.L.P. For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 (D.I. 4872) and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, L.L.P. for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 (D.I. 5313).

may seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provisions of the Bankruptcy Code and applicable orders of this Court.  (See OCP Order at 5.)  Based upon the scope of Litigation Matters in which Levine currently represents the Debtors, the Debtors and Levine have determined that there is a substantial likelihood that Levine will exceed its applicable Monthly Cap on an ongoing basis.

## RELIEF REQUESTED

11.     The Debtors seek authorization to employ and retain Levine as their special counsel for the Litigation Matters pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to September 1, 2010.  The Debtors' engagement of Levine with respect to the Litigation Matters is for the purpose of allowing Levine to continue to represent the Debtors in the matters in which Levine represented the Debtors prior to the Petition Date and during Levine's representation of the Debtors as an Ordinary Course Professional, as well as in any new Litigation Matters that may subsequently arise.

12.     The Debtors understand that the partners, counsel, and associates of Levine, through Levine's representation of the Debtors prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Litigation Matters, including but not limited to those Litigation Matters that relate to prepetition claims filed in the Debtors' chapter 11 cases.  (See Berlin Declaration ¶ 2.)  In light of that experience, Levine's continued representation of the Debtors will provide a substantial benefit to the Debtors and their estates.

13.     The Debtors have also employed and retained Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as

section 327(e) counsel and/or Ordinary Course Professionals. The Debtors' management and legal department will continually monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Sidley, Cole Schotz, and Levine, in turn, have advised the Debtors that they will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Levine advising the Debtors on the Litigation Matters, each consistent with its experience and expertise. (See Berlin Declaration ¶ 5.)

14.    The Debtors and Levine have agreed that, as was the case while Levine rendered services to the Debtors as an Ordinary Course Professional and subject to the Court's approval, Levine will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. (See Berlin Declaration ¶ 7.) Levine has advised the Debtors that the discounted billing rates generally charged to the Debtors (which rates reflect an approximate discount of twenty percent of Levine's standard hourly rates) currently range from $400.00 to $425.00 per hour for partners, $285.00 to $340.00 per hour for associates, and $190.00 per hour for para-professionals. (See Berlin Declaration ¶ 8.) Levine has further advised the Debtors that these hourly rates are subject to adjustment on a periodic basis. (Id.) In addition to its hourly rates, Levine has advised the Debtors that it customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including, without limitation, outside photocopying charges, travel expenses, transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. (Id.)

15.    As previously disclosed by Levine in connection with its retention by the Debtors as an Ordinary Course Professional in these cases, Levine held unallocated funds on account in the amount of $30,000 as of the Petition Date, which funds were applied to the fees and expenses incurred during the months of December 2008 through October 2009.  (See Berlin Declaration ¶ 9; Supplemental Affidavit of Gayle C. Sproul, filed March 26, 2009, D.I. 818) Levine received approximately $286,000 from the Debtors within one year prior to the Petition Date on account of services rendered with regard to the Litigation Matters.  (See Berlin Declaration ¶ 9.)

16.    In connection with Levine's retention being modified from retention as an Ordinary Course Professional to a retention not covered by the OCP Order, the Debtors have advised Levine that Levine will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order").  As noted above, Levine has applied to this Court for the fees and expenses it incurred in the month of February 2010 (D.I. 4872) and has been awarded such fees and expenses by the Court.  Levine has advised the Debtors that it will

comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses in the future. (See Berlin Declaration ¶ 6.)

17.      Consistent with the Affidavit of Gayle C. Sproul and Supplemental Affidavit of Gayle C. Sproul filed in support of Levine's existing retention as an Ordinary Course Professional in these cases (collectively, the "Sproul Affidavits") (D.I. 396 and 818), Levine has informed the Debtors that, as set forth in more detail in the concurrently filed Berlin Declaration and subject to any exceptions contained therein or in the exhibits thereto, Levine does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Levine continues to be engaged.  Levine has advised the Debtors that all information with respect to Levine's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth in the Sproul Affidavits and Berlin Declaration. (See Berlin Declaration ¶¶ 11-13.)

18.      Consistent with its current role as an Ordinary Course Professional, Levine has agreed to conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates.  In this regard, Levine has advised the Debtors that it will file an additional supplemental declaration in the event that Levine becomes aware of material information or relationships which it determines require further disclosure. (See Berlin Declaration ¶ 14.)

## LEGAL AUTHORITY

19.      Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney

does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

20.     When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

21.     In the instant case, converting Levine's existing retention on behalf of the Debtors as an Ordinary Course Professional to a non-ordinary course retention pursuant to sections 327(e) and 1107 is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. Levine has substantial experience in

representing the Debtors with respect to the Litigation Matters, which representations extend back prior to the Petition Date.  That experience would be lost if the Application were denied. Moreover, as postpetition, non-bankruptcy litigation matters involving the Debtors arise, Levine's experience with the Debtors will enable it to act as counsel for the Debtors with minimal need to incur background or other costs to learn necessary information about the Debtors' businesses.  The relief requested by this Application does not add an additional professional to those providing services on behalf of the Debtors, but seeks merely to change the form of Levine's retention, as expressly contemplated by the OCP Order, based on the increased volume of matters being handled by Levine on behalf of the Debtors.  Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain Levine as their special counsel in regard to the Litigation Matters.  Likewise, Levine represented many of the Debtors in connection with prepetition litigation that is now being addressed as part of the claims process before the Bankruptcy Court, and as the efforts to resolve that litigation increase, Levine's involvement and legal of services may be expected to increase as well.

22.    The Debtors seek to effect the conversion of Levine's retention from an Ordinary Course Professional to special counsel retained pursuant to sections 327(e) and 1107 as of September 1, 2010.  Although this Application is styled as requesting nunc pro tunc relief, the purpose of this Application is not to affect the substance of the Debtors' long standing retention of Levine.  Rather, the Application is submitted to ensure that Levine's retention complies with all applicable orders of the Bankruptcy Court, in light of the probability that Levine's representation of the Debtors may cause it to exceed the Monthly Cap on a regular basis in the future.

## NOTICE

23.      Notice of this Application has been provided to:  (i) the Office of the

United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agent

for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for

the Debtors' postpetition financing facility; (v) Levine; and (vi) all parties requesting notice

pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the

nature of the relief requested herein, the Debtors submit that no other or further notice is

necessary.

## NO PRIOR REQUEST

24.      With the exception of the Debtors' application to employ Levine as an

Ordinary Course Professional, the Debtors have not previously sought the relief requested herein

from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain Levine as special counsel to the Debtors concerning certain Litigation Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to September 1, 2010, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: October 4, 2010

TRIBUNE COMPANY
(for itself and on behalf of each of the Debtors)

David P. Eldersveld
Senior Vice President, General Counsel and Secretary

CHI 4569675 2

12