IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## DECLARATION OF SETH D. BERLIN IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, *NUNC PRO TUNC* TO SEPTEMBER 1, 2010

Seth D. Berlin declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the managing partner of the law firm of Levine Sullivan Koch & Schulz, L.L.P. ("Levine" or the "Firm"), and I am duly authorized to make this declaration (the "Declaration") on behalf of the Firm. I make this Declaration, pursuant to Rules 2014(a) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the Debtors' Application for an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to September 1, 2010 (the "Application").

### Levine's Retention as an Ordinary Course Professional

2.　Levine represents a number of the Debtors, including The Baltimore Sun Company (the "Sun"), Homestead Publishing Company, Chicago Tribune Company, (the "Chicago Tribune"), and The Hartford Courant Company, and certain other Debtors from time to time, with respect to various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters (collectively, the "Litigation Matters"). Levine has represented those Debtors since well before the Petition Date. The partners, counsel, and associates of Levine, through Levine's representation of the Debtors prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Litigation Matters.

3.　Levine has been retained by the Debtors as counsel with respect to the Litigation Matters in the ordinary course of the Debtors' business, with a Monthly Cap of $50,000, pursuant to this Court's Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business entered on January 15, 2009 (D.I. 227) (the "OCP Order").

### The Status of the Litigation Matters and the Basis for the Application

4.　The Litigation Matters on which Levine represents the Debtors generally involve allegations of libel or other related causes of action that go to the heart of the Debtors' news businesses. In recent months, Levine has represented the Debtors with respect to various

Litigation Matters that have arisen subsequent to the Petition Date as well as in pre-existing Litigation Matters involving employees of the Debtors in connection with acts undertaken within the scope of their employment that are not subject to the automatic stay. In addition, Levine appeared at the Debtors' August 3, 2010 hearing on behalf of the Chicago Tribune to advocate on behalf of that newspaper for the public release of the Examiner's Report. Levine also represents the Debtors on various prepetition matters that are the subject of significant claims filed against the Debtors' estates, including the claim of Robert Henke, asserted against the Sun in the amount of $100,000,000 for defamation; the claim of the estate of Perren Mitchell, asserted against the Sun in the amount of $20,000,000 for invasion of privacy, and the purported claim of Ivan Bates sought to be asserted against the Sun in the amount of $13,000,000. Levine assisted the Debtors with preparing their objections to the related motions of Ivan J. Bates for relief from the automatic stay and to file a late proof of claim. The Debtors have advised Levine that they will require the Firm's advice with respect to adjudicating those prepetition claims on which Levine currently represents the Debtors and which are within Levine's area of expertise.

5. The representations of the Debtors by Levine on matters arising postpetition, taken together with Levine's pre-existing representations of the Debtors in various disputed prepetition claims, caused Levine's fees to slightly exceed the average Monthly Cap of $50,000 for January-February 2010[2] and are expected to do so again in September 2010. Moreover, following consultation with the Debtors, Levine has determined that the Litigation Matters on which Levine now represents the Debtors are now at a level of activity that may cause Levine to

---

[2] See Application of Levine Sullivan Koch & Schulz, L.L.P. For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 [Docket No. 4872] and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, L.L.P. for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 [Docket No. 5313].

exceed the existing Monthly Cap on a regular basis going forward. Accordingly, Levine and the Debtors have determined that it is necessary to modify Levine's existing retention as an Ordinary Course Professional to special counsel pursuant to section 327(e) of the Bankruptcy Code. In its capacity as special counsel to the Debtors, Levine will make every effort to minimize duplication of its work with the Debtors' other professionals, including Sidley Austin LLP as general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. as their bankruptcy co-counsel, and the several other law firms retained by the Debtors as section 327(e) counsel and/or Ordinary Course Professionals.

### Payment of Levine's Fees and Expenses

6. In connection with Levine's retention being modified from retention as an Ordinary Course Professional to a retention not covered by the OCP Order, the Debtors have advised Levine that Levine will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order"). As noted above, Levine has applied to this Court for the fees and expenses it incurred in the month of February 2010 [Docket No. 4872] and has been

awarded such fees and expenses by the Court. Levine will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses in the future.

7.      The Debtors and Levine have agreed that, as was the case while Levine rendered services to the Debtors as an Ordinary Course Professional and subject to the Court's approval, Levine will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases.

8.      Levine's discounted billing rates generally charged to the Debtors (which rates reflect an approximate discount of twenty percent of Levine's standard hourly rates) currently range from $400.00 to $425.00 per hour for partners, $285.00 to $340.00 per hour for associates, and $190.00 per hour for para-professionals. The aforementioned rates are subject to adjustment on a periodic basis. In addition to its hourly rates, Levine customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including, without limitation, outside photocopying charges, travel expenses, transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses.

9.      As previously disclosed by Levine in connection with its retention by the Debtors as an Ordinary Course Professional in these cases, Levine held unallocated funds on account in the amount of $30,000 as of the Petition Date, which funds were applied to the fees and expenses incurred during the months of December 2008 through October 2009. (See, e.g., Supplemental Affidavit of Gayle C. Sproul, filed March 26, 2009, Docket No. 818.) Levine received approximately $286,000 from the Debtors within one year prior to the Petition Date on account of services rendered with regard to the Litigation Matters.

**Levine Does Not Represent or Hold any Adverse Interest
with Respect to the Matters on Which it is to be Employed**

10. In connection with the Debtors' retention of Levine as an Ordinary Course Professional in these cases, the Debtors provided Levine with a list of the entities identified in Rule 2014(a) (collectively, the "Interested Parties") for purposes of searching Levine's records to determine any connection(s) that Levine may have with the Interested Parties.

11. As disclosed in the previously-filed Affidavit of Gayle C. Sproul and Supplemental Affidavit of Gayle C. Sproul filed in support of Levine's existing retention as an Ordinary Course Professional in these cases (collectively, the "Sproul Affidavits") [Docket Nos. 396 and 818], Levine does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Levine continues to be engaged. All information with respect to Levine's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth in the previously-filed Sproul Affidavits and is incorporated herein by reference.

12. In connection with the preparation of the Application, the Debtors subsequently provided Levine with an additional list of entities to be searched in Levine's records (the "Additional Interested Parties"). A list of the Additional Interested Parties is attached hereto as Exhibit A. Levine performed a conflicts search to determine whether Levine or any of its attorneys has any connections with, or is currently representing potential parties in interest in these chapter 11 cases. To the best of my knowledge, Levine's search of the Additional Interested Parties identified no connections to current clients of Levine and former clients of Levine within the past year.

13. To the best of my knowledge, information and belief, Levine does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Levine is proposed to be retained. Accordingly, I believe that Levine satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

14. To the extent that I become aware of any additional connections and/or relations that may be relevant to Levine's representation of the Debtors, I will file an additional supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 4, 2010

_____
Seth D. Berlin, Esq.

# EXHIBIT A

## RULE 2014 LIST – TRIBUNE CNLBC, LLC

### DEBTOR

Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC)

### DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS

Harry A. Amsden[*]
Chandler Bigelow III[*]
David P. Eldersveld[*]
Oneri Fleita
James J. Hendry
Crane H. Kenney
Brian F. Litman[*]
Michael R. Lufrano
Mark E. McGuire
John F. Poelking[*]
Jodi L. Reischl
Jack Rodden[*]
Patrick M. Shanahan[*]
Gerald A. Spector[*]

### TWENTY LARGEST UNSECURED CREDITORS

BD&A
Boise Hawks Baseball Club LLC
Bunzl
Chicago Cubs Charities
Chicago Transit Authority
Complejo Latinoamericana Baseball
Cubs Care
Daytona Cubs
Ernie Banks International Inc.
Hampton Inn and Suites
JP Morgan Chase Bank, NA[*]
Jose Serra
Luis Vizcaino
Major League Baseball
Merrill Lynch Capital Corporation[*]
Northwestern Memorial Hospital
Profinancial Services Inc.
Structural Shop Ltd.
The Langham Huntington Pasadena
Westin Diplomat Resort & Spa

---

[*] This party was included in the Rule 2014 list of Tribune Company, et al.

## COUNTERPARTIES TO FORMATION AGREEMENT

Chicago Cubs Dominican Baseball Operations, LLC
Chicago National League Ball Club, LLC
Diana-Quentin, LLC
RAC Education Trust OSA, LLC
Ricketts Acquisition LLC
Tribune Company[*]
Tribune Sports Network Holdings, LLC
Wrigley Field Premium Ticket Services, LLC