## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: October 22, 2010 at 2:00 p.m.**<br>**Objection Deadline: October 15, 2010 at 4:00 p.m.**<br>**Related to Docket Nos. 1650, 1725 2331, 2334, and 2470** |

## SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE RETENTION OF DOW LOHNES PLLC TO INCLUDE SERVICES RELATING TO CERTAIN BROADCAST CONTRACT MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107 *NUNC PRO TUNC* TO SEPTEMBER 15, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Supplemental Application

(the "Supplemental Application") for entry of an order, in substantially the form attached hereto,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

modifying the scope of the Debtors' already-authorized employment of Dow Lohnes PLLC

("Dow Lohnes"), nunc pro tunc to September 15, 2010. Dow Lohnes is currently retained by the

Debtors as their special counsel for certain Federal Communications Commission ("FCC") and

broadcast regulatory legal matters (collectively, and as previously discussed in the Application

defined below, the "Broadcast Regulatory Matters") pursuant to sections 327(e) and 1107 of title

11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"). The terms of Dow Lohnes's existing retention

by the Debtors are summarized in the Debtors' Application for an Order Authorizing Debtors to

Retain and Employ Dow Lohnes PLLC, which was filed on June 26, 2009 [Docket No. 1650]

(the "Application"). Dow Lohnes's existing retention was approved by an Order dated July 14,

2009 [Docket No. 1725], and by an amended Order dated October 14, 2009 [Docket No. 2334]

(the "Original Retention Orders"). The Application is hereby incorporated by reference.[2]

      The limited purpose of this Supplemental Application is to modify the existing

retention of Dow Lohnes to encompass, in addition to Dow Lohnes's existing services on behalf

of the Debtors, legal services relating to advice concerning retransmission and distribution

agreements with cable and satellite companies that carry the Debtors' broadcast stations,

"superstation" WGN America, and Chicago cable news station CLTV to consumers (the

"Broadcast Contract Matters"). These services are related to the Debtors' ongoing broadcast

businesses, and hence complement the Broadcast Regulatory Matters for which Dow Lohnes was

originally retained by the Debtors. However, since these services were not specifically

enumerated within the scope of services to be provided by Dow Lohnes at the time the

---

[2] The Debtors also incorporate herein by reference the Declaration of John R. Feore in support of the Application, which was filed on June 26, 2009 (the "Feore Declaration") [Docket No. 1650 at Ex. 2] and the First Supplemental Declaration of John R. Feore, which was filed on November 2, 2009 (the "First Supplemental Feore Declaration") [Docket No. 2470].

Application was originally filed with the Court, the Debtors file this Supplemental Application to encompass the Broadcast Contract Matters in the interest of full disclosure and out of an abundance of caution.  In support of this Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

6.      Pursuant to the Original Retention Orders, Dow Lohnes was authorized to

serve as special counsel for the Broadcast Regulatory Matters in connection with these chapter

11 cases.  Specifically, Dow Lohnes's retention was approved to provide the following services,

among others (and as described more thoroughly in the Application), as necessary and requested:

> (i) ensuring full compliance of the Debtors with the rules, regulations and policies of the FCC and the provisions of the Communications Act;

> (ii) ensuring that the Debtors and their affiliates satisfy the foreign ownership limitations contained in Section 310 of the Communications Act;

> (iii) seeking from the FCC, as necessary, appropriate ownership rule waivers to cover the newspaper-broadcast properties owned by certain of the Debtors and servicing the New York, Los Angeles, Chicago, Hartford and Miami markets;

> (iv) obtaining all other approvals and rule waivers that may be necessary pursuant to FCC rules, regulation and policies;

> (v) defending against any challenges to the FCC transfer applications including proceedings before the FCC and, if necessary, the United States Courts of Appeals;

> (vi) working with bankruptcy and tax counsel for the Debtors to ensure that FCC requirements and procedures are fully coordinated with and complementary to the proceedings before the bankruptcy court;

> (vii) ensuring full compliance by the Debtors' broadcast stations with all the requirements of the FCC during and through the reorganization processes; and

> (viii) preparing and filing with the FCC, as directed by the Debtors, all necessary applications, reports and updates to accomplish the above.

Dow Lohnes is also authorized to perform such other legal services as are within the scope of the

matters on which Dow Lohnes has been retained that may be necessary and appropriate for the

efficient and economical administration of these chapter 11 cases.  See Application at ¶ 5.

7.      The Debtors now seek to retain Dow Lohnes as special counsel with

respect to the Broadcast Contract Matters, which would be in addition to the existing Broadcast

Regulatory Matters on which Dow Lohnes currently provides services to the Debtors.  The

4

Broadcast Contract Matters represent a highly specialized area of the law in which Dow Lohnes has extensive experience and expertise. The Debtors anticipate substantial economic benefits from retaining Dow Lohnes to perform these complex, critical negotiations on their behalf, based on the firm's experience and knowledge of the marketplace. Furthermore, given Dow Lohnes's current performance of services to the Debtors on broadcast-related matters (specifically, the Broadcast Regulatory Matters), the Debtors believe that it would be efficient and cost-effective to retain Dow Lohnes as special counsel for the Broadcast Contract Matters as well.

## RELIEF REQUESTED

8.      By this Supplemental Application, the Debtors seek authorization to employ and retain Dow Lohnes as their special counsel for the Broadcast Contract Matters, pursuant to sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, nunc pro tunc to September 15, 2010. The Debtors intend for the Original Retention Orders to continue to govern the terms of Dow Lohnes's retention and employment by the Debtors, subject only to the limited modification of the scope of Dow Lohnes's services to encompass the Broadcast Contract Matters. All provisions of the Original Retention Orders shall remain in full force and effect and are unaffected by this Supplemental Application, except as necessary to effect that limited modification.

9.      Subject to the Court's approval, Dow Lohnes will continue to charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Dow Lohnes's billing rates currently range from $550 to $795 per hour for members, $255 to $450 per hour for

associates and from $130 to $250 per hour for para-professionals.  These hourly rates are subject to adjustment on a periodic basis.  See Exhibit E to the Feore Declaration.

10.    Dow Lohnes has advised the Debtors that it intends to continue to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with these services, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court.  See Feore Declaration at ¶ 19.

## LEGAL AUTHORITY

11.    The Debtors' existing retention of Dow Lohnes, and the proposed modification of that retention described herein, are pursuant to Section 327(e) of the Bankruptcy Code, which provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  See also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

12.    When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel.  See

Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

13.    In the instant case, the modifications to the retention and employment of Dow Lohnes by the Debtors are in the best interests of the Debtors' estates, while satisfying all other standards for retention under sections 327(e) and 1107 of the Bankruptcy Code. The Debtors have already engaged the services of Dow Lohnes for the past year to render certain broadcast-related legal services in connection with the operation of the Debtors' businesses, and Dow Lohnes has substantial experience in representing clients with respect to broadcast contract matters in circumstances similar to those of the Debtors. Modifying the scope of Dow Lohnes's retention to encompass the Broadcast Contract Matters should enable the Debtors to complete more programming, retransmission, distribution, and related agreements in a more efficient manner than they presently have the capacity to complete. Accordingly, the Debtors believe that it is in the best interests of their estates and creditors to employ and retain Dow Lohnes as their special counsel for the Broadcast Contract Matters.

14.    The Debtors seek to retain Dow Lohnes nunc pro tunc to September 15, 2010, the point at which Dow Lohnes first began representing the Debtors in connection with the Broadcast Contract Matters. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986) (in which the court authorized retroactive

approval of the employment of a professional pursuant to section 327(a) of the Bankruptcy

Code); In re Primary Health Sys. Inc., 2002 WL 500567 (D. Del. Mar. 28, 2002).  In determining

whether the court should exercise its discretion to grant retroactive approval the bankruptcy court

must find that it would have granted prior approval pursuant to the requirements of section 327,

and may consider additional factors such as (1) whether the applicant was under time pressure to

begin service without approval; (2) the amount of delay; and (3) the extent to which

compensation to the applicant will prejudice innocent third parties.  In re Arkansas Co., Inc., 798

F.2d at 650.

      15.    In the instant case, the Debtors and Dow Lohnes have begun to undertake

the initial planning and preparatory steps related to Dow Lohnes's performance of services

relating to the Broadcast Contract Matters, and the services rendered by Dow Lohnes prior to the

date of this Supplemental Application are preliminary in nature and on a limited basis.  As a

result of the Debtors' request that Dow Lohnes commence providing services relating to the

Broadcast Contract Matters prior to the filing of this Supplemental Application, Dow Lohnes has

incurred approximately $6,500 in fees since September 15, 2010, and Dow Lohnes has agreed to

waive all fees relating to the Broadcast Contract Matters incurred prior to September 15, 2010.

The amounts are minimal, as is the roughly two week delay between Dow Lohnes's

commencement of services on the Broadcast Contract Matters and the filing of this Supplemental

Application.  The Debtors accordingly believe that these amounts and Dow Lohnes's future

compensation do not prejudice innocent third parties.  The Debtors therefore request that the

Court approve Dow Lohnes's retention on a nunc pro tunc basis in order to cover the period

since September 15, 2010 in which those fees were incurred, as well as subsequent periods.

## NOTICE

16.    Notice of this Supplemental Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) Dow Lohnes; and (vi) all parties having requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

17.    The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) approving the Supplemental Application and the retention of Dow Lohnes PLLC as special counsel to the Debtors in these chapter 11 cases for the Broadcast Contract Matters pursuant to sections 327(e) and 1107 of the Bankruptcy Code, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: October 4, 2010

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

_____

David P. Eldersveld
Senior Vice President, General Counsel & Secretary
