IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | ) |
| IN RE: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| | ) |
| | ) Courtroom 5 |
| | ) 824 Market Street |
| _____Debtors._____ | ) Wilmington, Delaware |

October 4, 2010
10:04 a.m.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For Debtors:                    Sidley Austin LLP
                                BY: JAMES CONLAN, ESQ.
                                BY: KEVIN LANTRY, ESQ.
                                BY: JAMES BENDERNAGEL, JR., ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (213) 896-6022

                                Cole, Schotz, Meisel, Forman &
                                Leonard, PA
                                BY:  NORMAN PERNICK, ESQ.
                                1000 North West Street
                                Suite 1200
                                Wilmington, DE 19801
                                (302) 652-3131


ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)

For The Creditors Committee:   Landis Rath & Cobb
                               BY:  ADAM LANDIS, ESQ.
                               919 Market Street Suite 1800
                               P.O. Box 2087
                               Wilmington, DE 19899
                               (302) 467-4400

                               Chadbourne & Parke LLP
                               BY:  HOWARD SEIFE, ESQ.
                               BY:  DAVID LEMAY, ESQ.
                               BY:  YOUNG YOO, ESQ.
                               30 Rockefeller Plaza
                               New York, NY 10112
                               (212) 408-5100

                               Zuckerman Spaeder LLP
                               BY:  JAMES SOTTILE, ESQ.
                               BY:  GRAEME W. BUSH, ESQ.
                               1800 M Street
                               Suite 1000
                               Washington, DC 20036-5807
                               (202) 778-1800

For JP Morgan Chase:           Richards Layton & Finger
                               BY:  ROBERT J. STEARN, JR., ESQ.
                               One Rodney King Square
                               920 North King Street
                               Wilmington, DE 19801
                               (302) 651-7612

                               Davis Polk & Wardwell
                               BY:  DONALD S. BERNSTEIN, ESQ.
                               BY:  DAMIEN S. SCHAIBLE, ESQ.
                               450 Lexington Avenue
                               New York, NY 10017
                               (212) 450-4000

For Morgan Stanley:            Barnes & Thornburg LLP
                               BY:  DAVID POWLEN, ESQ.
                               Suite 1200
                               1000 N. West Street
                               Wilmington, DE 19801-1058
                               (302) 888-4536

For Great Banc:                Womble Carlyle
                               BY:  THOMAS M. HORAN, ESQ.
                               222 Delaware Avenue
                               Wilmington, DE 19801
                               (302) 252-4320

```
APPEARANCES:
(Continued)

For Merrill Lynch:              Potter Anderson & Corroon LLP
                                BY: LAURIE SELBER SILVERSTEIN
                                BY:  R. STEVEN MCNEILL, ESQ.
                                Hercules Plaza
                                1313 North Market Street
                                6th Floor
                                Wilmington, DE 19801
                                (302) 984-6000

                                Kaye Scholer LLP
                                BY:  MADLYN PRIMOFF, ESQ.
                                BY:  JANE W. PARVER, ESQ.
                                425 Park Avenue
                                New York, NY 10022-3598
                                (212) 836-8000


For Wilmington Trust:           Benesch
                                BY:  JENNIFER R. HOOVER, ESQ.
                                222 Delaware Avenue Suite 801
                                Wilmington, DE 19801
                                (302) 442-7010

                                Brown Rudnick
                                BY:  ROBERT J. STARK, ESQ.
                                BY:  MARTIN SIEGEL, ESQ.
                                Seven Times Square
                                New York, NY 10036
                                (212) 209-4800


For Aurelius Capital            Ashby & Geddes, P.A.
Management LP:                  BY:  WILLIAM P. BOWDEN, ESQ.
                                500 Delaware Avenue
                                P.O. Box 1150
                                Wilmington, DE 19899-1150
                                (302) 654-1888

                                Friedman Kaplan Seiler & Adelman
                                BY: EDWARD A. FRIEDMAN, ESQ.
                                1633 Broadway
                                New York, NY 10019-6708
                                (212) 833-1109

                                Akin Gump Strauss Hauer & Feld
                                BY:  DANIEL H. GOLDEN, ESQ.
                                One Bryant Park
                                New York, NY 10036
                                (212) 872-1000
```

APPEARANCES:
(Continued)

For Credit Agreement                Young Conaway Stargatt & Taylor
Lenders:                            BY:  ROBERT BRADY, ESQ.
                                    The Brandywine Building
                                    1000 West Street 17th Floor
                                    P.O. Box 391
                                    Wilmington, DE 19801
                                    (302) 571-6600

                                    Hennigan Bennett & Dorman LLP
                                    BY:  BRUCE BENNETT, ESQ.
                                    865 South Figueroa
                                    Suite 2900
                                    Los Angeles, CA 90017
                                    (213) 694-1200

For DBTCA:                          McCarter & English LLP
                                    BY:  DAVID ADLER, ESQ.
                                    245 Park Avenue
                                    27th Floor
                                    New York, NY 10167
                                    (212) 609-6800

                                    BY:  KATHARINE L. MAYER, ESQ.
                                    Renaissance Center
                                    405 N. King Street 8th Floor
                                    Wilmington, DE 19801
                                    (302) 984-6300

For Certain Step One                Morris Nichols Arsht & Tunnell
Lenders:                            BY:  DEREK ABBOTT, ESQ.
                                    1201 North Market Street
                                    18th Floor
                                    P.O. Box 1347
                                    Wilmington, DE 19899-1347
                                    (302) 658-9200

                                    Olshan Grundman Frome Rosenzweig
                                    & Wolosky LLP
                                    BY:  ADAM H. FRIEDMAN, ESQ.
                                    Park Avenue Tower
                                    65 East 55th Street
                                    New York, NY 10022
                                    (212) 451-2300

                                    Arkin Kaplan Rice LLP
                                    BY:  HOWARD J. KAPLAN, ESQ.
                                    590 Madison Avenue
                                    35th Floor
                                    New York, NY 10022
                                    (212) 330-0200

APPEARANCES:
(Continued)

For Ad Hoc Trade Committee:    Andrews Kurth LLP
                               BY:  PAUL SILVERSTEIN, ESQ.
                               450 Lexington Avenue
                               New York, NY 10017
                               (212) 850-2800

TELEPHONIC APPEARANCES:

For Debtor:                    Tribune Company
                               BY:  CHANDLER BIGELOW
                               BY:  DAVID ELDERSVEID
                               BY:  DON LIEBENTRITT
                               BY:  MICHAEL D. O'NEAL
                               (312) 853-7778

                               Sidley Austin
                               BY:  JILLIAN LUDWIG, ESQ.
                               BY:  GARY WEITMAN, ESQ.
                               BY:  BRIAN KRAKAUER, ESQ.
                               BY:  CANDACE KLINE, ESQ.
                               (312) 853-7030

For Bank of America:           O'Melveny & Myers
                               BY:  DANIEL CANTOR, ESQ.
                               (212) 326-2000

                               Bank of America
                               BY:  ESTHER CHUNG
                               (646) 855-6705

For Wilmington Trust           Brown Rudnick LLP
Company:                       BY:  JARED ELLIAS, ESQ.
                               (212) 209-4811

For The Creditors Committee:   Chadbourne & Parke LLP
                               BY:  DOUGLAS DEUTSCH, ESQ.
                               BY:  MARC ROITMAN, ESQ.
                               (212) 408-5169

For Angelo Gordon & Company:   Wilmer Cutler Pickering Hale &
                               Dorr
                               BY:  ANDREW N. GOLDMAN, ESQ.
                               (212) 230-8836

For Anna Kalenchits:           BY:  ANNA KALENCHITS
                               (212) 723-1808

```
TELEPHONIC APPEARANCES:
(Continued)

For Citigroup:                  Paul Weiss Rifkind Wharton &
                                Garrison LLP
                                BY:  ANDREW LEVY, ESQ.
                                BY:  ANDREW GORDON, ESQ.
                                BY:  OKSANA LASHKO, ESQ.
                                (212) 373-3543


For JPMorgan Chase Bank:        BY:  KEVIN C. KELLEY
                                (212) 648-0427


For Morgan Stanley:             Weil Gotshal & Manges LLP
                                BY:  EVAN LEDERMAN, ESQ.
                                (212) 310-8948

For Barclays:                   Mayer Brown LLP
                                BY:  MICHAEL L. SIMES, ESQ.
                                BY:  AMIT K. TREHAN, ESQ.
                                BY:  JEAN-MARIE ATAMIAN, ESQ.
                                (212) 506-2607

For Kramer Levin:               BY:  DAVID E. BLABEY, JR., ESQ.
                                (212) 715-9100

For Goldman Sachs & Company:    BY:  SCOTT BYNUM
                                (212) 902-0791

For Wells Fargo:                White & Case LLP
                                BY:  SCOTT GREISSMAN, ESQ.
                                (212) 819-8357

For EGI-TRB:                    Jenner & Block LLP
                                BY:  ANDREW VAIL, ESQ.
                                BY:  DOUGLAS A. SONDGEROTH, ESQ.
                                (312) 222-9350

For SuttonBrook Capital         BY:  CAROL L. BALE
Management:                     (212) 588-6640


For David & Kempner:            DK Partners
                                BY:  EPHRAIM DIAMOND
                                (646) 282-5841

For UBS Investment Bank:        UBS Securities LLC
                                BY:  NEEL DOSHI
                                (203) 719-8723
```

```
TELEPHONIC APPEARANCES:
(Continued)

For RBS Greenwich Capital:     RBS Securities, Inc.
                               BY:  JEFFREY FARKAS
                               (614) 577-1120


For Aurelius Capital           Friedman Kaplan Seiler & Adelman
Management:                    BY:  GREGORY W. FOX, ESQ.
                               (212) 833-1115

For Angelo Gordon &            BY:  GAVIN BAIERA
Company:                       (212) 692-0217

For Jefferies & Company:       BY:  JUSTIN BRASS
                               (203) 708-5847

For Silver Point Capital:      BY:  MATTHEW DHMER
                               (203) 542-4219

For Perry Capital:             BY:  JAMES FREEMAN
                               (212) 583-4000

For Katten Muchin              BY:  JOSHUA A. GADHARF, ESQ.
Rosenman LLP:                  (312) 902-5208

For Citi Group:                Paul Weiss Rifkind Wharton &
                               Garrison LLP

                               (212) 373-3543

For Chicago Fundamental        BY:  PETER GRUSZKA
Investment Partners:           (312) 416-4215

For Thomson & Reuters          BY:  THOMAS HALS
                               (610) 544-2712

For Oaktree Capital            BY:  EDGAR LEE
Management:                    (213) 830-6415

For Crain's Chicago            BY:  LYNNE MAREK
Business:                      (312) 649-5328

For Schulte Roth & Zabel:      BY:  KAREN S. PARK
                               (212) 756-2036

For Dennis A. Prieto:          Aurelius Capital Management
                               (646) 445-6516

For EOS Partners:              BY:  MIKE J. SCHOTT
                               (212) 593-4046
```

TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture Trust          Kasowitz Benson Torres &
Company of New York:             Friedman
                                 BY:  DAVID ROSNER, ESQ.
                                 (212) 506-1726


For Seneca Capital:              BY:  USMAN TAHIR
                                 (212) 527-8137


For Miller Tabak Roberts         BY:  ANDREW M. THAU
Securities:                      (212) 692-5178


For David B. Thompson:           Gruss & Company LLC
                                 BY:  DAVID B. THOMPSON
                                 (212) 688-7526


For Alvarez & Marsal Inc.:       BY:  BRIAN WHITTMAN
                                 (312) 601-4227

1      WILMINGTON, DELAWARE, MONDAY, OCTOBER 4, 2010, 10:04 A.M.

2              THE CLERK:  All rise.  Be seated.

3              THE COURT:  Good morning, everyone.

4              MR. PERNICK:  Good morning, Your Honor.  Your Honor,

5      Norman Pernick from Cole Schotz for the debtors.  We have just

6      three items that were on the agenda today.

7              The first was the 2010 Management Incentive Plan.

8      That hearing has been continued to a date not to be

9      rescheduled.

10             Then the other two items are just status conference.

11     First is on the mediation and the second on is Aurelius' motion

12     to disqualify Chadbourne again, just a status conference.  I

13     think Mr. Conlan was going to just address the mediation status

14     conference right quickly, but I understand that Mr. Stark had

15     just one administrative matter for the Court.

16             THE COURT:  Very well.

17             MR. STARK:  Good morning, Your Honor.

18             THE COURT:  Good morning.

19             MR. STARK:  Robert Stark from Brown Rudnick on

20     behalf of Wilmington Trust.  We -- at the Court's directive we

21     filed a status conference report early last week concerning the

22     adversary proceeding that Wilmington Trust filed a variety of

23     banking institutions.  The way in which that --

24             THE COURT:  I don't remember receiving a chambers

25     copy of that.

1         MR. STARK:  You did not?  Then I apologize, Your

2    Honor, we will correct that today, but we did file it timely.

3    In sum and substance I'll tell Your Honor what it said.  The

4    adversary proceeding was commenced, there were two motions that

5    were filed; one in the bankruptcy case and the other in the

6    adversary proceeding itself.  One was the debtors' motion to

7    seek an order from Your Honor that we violated the automatic

8    stay by the assertion of claims that allegedly were estate

9    claims.  There's also a motion filed by JPMorgan that was

10   joined by a variety of defendants that we should be sanctioned

11   for alleged leaks of private information.  One of the sanctions

12   would be the dismissal of the lawsuit itself.

13        We all agreed in connection with Mr. Klee's

14   appointment as -- Professor Klee's appointment as Examiner that

15   he would examine the factual and legal underpinnings of those

16   two motions and we would stay the litigation pending the -- his

17   report.  His report concluded -- and this is my articulation,

18   I'm sure others may have a description -- but as we read it,

19   the Examiner found that the arguments that were raised in those

20   two motions without merit.

21        It stays stayed right now and pending, I guess the

22   contested matter continues in both the case itself and the

23   adversary proceeding and we haven't advanced the complaint

24   pending Your Honor's resolution of those two motions.  It just

25   didn't seem the appropriate thing to do.  We're prepared to

1   litigate, we're prepared to move forward, we're prepared to

2   defer for the mediation, but right now the lawsuit is stayed

3   pending resolution of those two contested matters.  We'd just

4   as soon move on -- move forward with the litigation, Your

5   Honor.

6          We can further brief it.  I think the Examiner

7   rendered a pretty complete recitation of the facts and the

8   applicable law, but we're happy to argue it.  We're happy to

9   provide additional briefing, whatever Your Honor's preference

10  would be.

11          THE COURT:  I prefer that it be settled.

12      (Laughter)

13          MR. STARK:  As do we, Your Honor.

14          THE COURT:  Well, I don't know, certainly -- I'm not

15  inclined, from the Court's standpoint, to move it forward until

16  I know the absolute resolution of mediation and I'm supposing

17  we'll get to that status in a minute.  Also have some thoughts

18  regarding the plan process, but thank you.

19          MR. STARK:  In the meantime we'll make sure Your

20  Honor gets a chambers copy of that status report as soon as

21  possible.

22          THE COURT:  Thanks very much.  Does anyone else wish

23  to be heard in connection with that matter?  Okay.

24          MR. CONLAN:  Your Honor, Jim Conlan on behalf of the

25  debtor.  Good morning.

1        THE COURT:  Good morning.

2        MR. CONLAN:  The mediation is continuing, Your

3  Honor.  In fact, directly after this hearing we will all be

4  meeting with the mediator.

5        THE COURT:  And when I learned that, I just thought

6  to myself, especially this morning, what better way to spend a

7  rainy Monday morning than getting together with the people you

8  know and working something out.  I think it's the perfect

9  opportunity.

10        MR. CONLAN:  It is, Your Honor.  It's like a big

11  dysfunctional family reunion.  It --

12        (Laughter)

13        THE COURT:  Well --

14        MR. CONLAN:  But hopefully we'll make progress.

15        THE COURT:  You can worry about the sitcom later.

16  Okay.  Yeah, Judge Gross has indicated to me that he was going

17  to meet with the parties again after today's hearing.  Does

18  anyone wish to be heard in connection with mediation status?

19  By that, understand I'm asking for no details whatever.

20        MR. SILVERSTEIN:  Good morning, Your Honor.  Paul

21  Silverstein, Andrews Kurth, for the Ad Hoc Operating Company

22  Trade Committee and Formation.

23        THE COURT:  Aren't you in the wrong case?

24        MR. SILVERSTEIN:  I don't think so -- well, Your

25  Honor, I wish I was in the wrong case, but initially the

1  debtors' plan had the operating company trade being paid in

2  full.   The most recent term sheet, I don't know from whom,

3  indicated a 45 cent recovery if the Class accepted, a 10 cent

4  recovery if the Class rejected.   I don't believe that the

5  operating company trade is a mediation party and I would ask

6  Your Honor to modify the order to include the Ad Hoc Trade

7  Committee as a mediation party.   Frankly, I'd much prefer not

8  being in this case at all, but that's not the circumstance

9  apparently.

10         THE COURT:   Well, let me ask this.   When you say the

11  ad hoc committee is in formation what precisely does that mean?

12         MR. SILVERSTEIN:   Well, it means I was hired on

13  Friday by two holders of operating company trade claims.   And

14  between Friday and today there wasn't a heck of a lot to do in

15  terms of 2019 statements and the like, so I assume that others

16  will be joining in with the trade -- operating company trade

17  creditors that have called me to represent them in these cases.

18         THE COURT:   Does anyone have a view about that

19  request?   Wow.

20         MR. SILVERSTEIN:   Don't all get up at once.

21         THE COURT:   Well, I'll tell you what, it's the first

22  time you've been here that you haven't drawn an objection.

23     (Laughter)

24         MR. SILVERSTEIN:   It's not the first time, but it's

25  --

1         THE COURT:  If I hear no opposition, then -- I mean,

2   I'll order from the bench today that your group in formation be

3   joined.

4         MR. SILVERSTEIN:  Thank you.

5         THE COURT:  If it -- the parties deem it necessary

6   for me to follow with a written order, I'll ask counsel to

7   confer and submit one.  I'm -- I have a feeling you'll be in

8   and out quickly, in terms of the mediation, however it goes.

9         MR. SILVERSTEIN:  I would hope so, Your Honor,

10  because you know, frankly from just -- not to speak for too

11  long, but the value here is in the operating subs and as a

12  consequence, it's our view that any recovery from a settlement

13  or litigation of a fraudulent conveyance action must deal with

14  the guarantees of the operating company.  So from my

15  perspective, the operating trade gets paid first, that's why I

16  think the debtors' plan was initially correct.

17        THE COURT:  That's not the first time I've heard

18  that view.  Okay.

19        MR. SILVERSTEIN:  No doubt.  Thank you, Your Honor.

20        THE COURT:  Thank you.  All right.  Anyone else wish

21  to be heard in connection with mediation status?

22        All right.  Here's where the Court is.  It is with

23  some difficulty that we actually got to mediation, but I'm

24  happy that the parties did.  I'm assuming that everyone worked

25  hard and in good faith.  Judge Gross is doing his usual thing,

1  which is keeping at it until he's convinced that the last

2  breath has gone out of a possible resolution, but from my

3  standpoint, things are going to have to move forward.  So what

4  I'm going to do, and I'll ask counsel to confer and embody this

5  in an order, is direct that -- and I don't know how many

6  parties are going to file plans and I don't want today an

7  indication of how many, but to the extent anyone is going to

8  file a plan in this case, I will direct that it be filed no

9  later than October 15th.

10        With respect to the plans that are filed by that

11  date, I will put them on the same track, at least for purposes

12  of disclosure, which I will hear on November 9th at 10:00

13  o'clock.  Now, should the parties make sufficient progress in

14  mediation, you may reach out to me and explore whether that

15  timeframe can or should be changed, but I'd like to lock it in

16  place so that we have a roadmap if mediation is not successful.

17        Another thing I would like to do is to avoid yet

18  another multi-day fight over disclosure.  I have some thoughts

19  about that and I'd be interested in having some feedback from

20  the parties today, here and now, if they're able to respond.

21  And my thought was this, and that is to have a single

22  disclosure statement for all of the plans that are filed,

23  obviously which would have to have different sections

24  describing different plan treatment or -- and I think that

25  would be my preferred vehicle.  Or a uniform portion of a

1  disclosure statement with separate addenda or further tailored

2  disclosure statements with respect to each plan.

3         Now if there are only two plans filed I might change

4  my mind about that, but my concern is if there are three or

5  four or five or more plans filed that the voters, however many

6  may be very sophisticated, not be completely overwhelmed by

7  what it is they get and that they receive it in such a fashion

8  that comparisons between and among plans can be, under these

9  circumstances, easily made.  I'll start with the debtor, any

10  reaction to that?

11         MR. CONLAN:  Your Honor, I think that the approach

12  of a uniform portion with tailored portions for each of the

13  competing plans, is likely the most workable.  I think we could

14  do that.

15         THE COURT:  Yeah.  I mean, I would assume we'd start

16  as a basis what's already been approved.  I understand there

17  have been developments since that time, but at least you have a

18  starting place.

19         MR. CONLAN:  Right.

20         THE COURT:  All right.  Anyone else have a comment?

21         MR. SEIFE:  Good morning, Your Honor.  Howard Seife,

22  Chadbourne and Parke, for the Official Committee of Unsecured

23  Creditors.  I would concur with the debtor that we should

24  certainly strive to get a uniform central body for the

25  disclosure statement.  However, clearly different plan

1   proponents are going to have different views on the merits of

2   the litigation, for example, and the claims and certainly plan

3   treatment is going to be dramatically different among different

4   plans.  So I think there may be a limit to -- unfortunately to

5   how much uniformity there can be, but we certainly should

6   strive that.  Certainly, certain aspects of the disclosure

7   statement can be uniform.

8           THE COURT:  Well, let's -- let me just say one thing

9   I'd like to avoid, and that is, understanding that the

10  Examiner's report has since come out and parties have had a

11  chance now to digest it, I have no desire to renegotiate,

12  because I feel sometimes that's what disclosure hearings are

13  about, and I mean I include the Court among those parties,

14  descriptions of causes of actions, these things really were

15  known before that.  And it seems to me the parties ought to be

16  able easily to come upon language solutions without recreating

17  the war of words in connection with disclosure.  That's my

18  concern.

19          MR. SEIFE:  The committee is certainly prepared to

20  work with the other parties to try to accomplish that, Your

21  Honor.  Given the time schedule and the fact we'll be busy with

22  many other things in mediation, how successful we'll be, I

23  don't know, but we'll certainly give it the best shot.

24          THE COURT:  Okay.

25          MR. GOLDEN:  Good morning, Your Honor.  Daniel Gold,

1  Akin Gump, counsel for -- co-counsel for Aurelius Capital

2  Management.  It's a unique day; everyone seems to be in

3  agreement.  We too agree that having a uniform portion, which

4  would be the lion size share or section of the disclosure

5  statement makes a lot of sense.  I don't think there will be a

6  lot of disagreement about the sections of the disclosure

7  statement about the debtors' operations, how they got into

8  Chapter 11, how they're doing, what they did in Chapter 11 and

9  so forth.

10          It may also be helpful, Your Honor, if the Court was

11  to impose page limitations or some type of spatial limitation

12  on the various plan proponents so that we won't be dealing with

13  the multi-day hearing that you're afraid.  I think each plan

14  proponent and --

15          THE COURT:  I don't fear it exactly.  I just simply

16  wish to avoid it.

17          MR. GOLDEN:  I think you're probably right about

18  that, Your Honor.  I think each of the respective plan

19  proponents can, within a confined space, describe their

20  particular plan, contrast their plan to the other plans.  I

21  think you're absolutely right that it would be senseless to

22  have hundreds of pages or any pages devoted to the causes of

23  action.  Everybody can reference the Examiner's report.  And I

24  think this will cut down on the amount of fighting we'll have

25  over the comparing and contrasting of the actual treatment of

1   the plans.  And more importantly I think -- and I think this is

2   what Your Honor was getting at -- make it easier for the

3   voters, the people who actually have to try to decipher these

4   materials, to try and get to a decision tree as to what plan

5   that they like or how to rank those plans, so to speak.

6          So we agree with the uniform portion approach.  And

7   if we could impose some kind of limitation, and maybe the

8   prospective plan proponents could get together and make -- try

9   to reach some kind of agreement and report that to Your Honor,

10  I think that would be helpful for all parties.

11         THE COURT:  Thank you.  Anyone else wish to be

12  heard?

13         MR. LAURIA:  Good morning, Your Honor.  Tom Lauria

14  with White and Case, represent Wells Fargo as the Bridge Agent.

15  It seems to me that there's consensus developing and it makes a

16  lot of sense to proceed as proposed.  The question I have is

17  what needs to be filed by October 15th if we're going to have a

18  hearing on disclosure on November 9th.  Did --

19         THE COURT:  Well, I thought about that, and I don't

20  know if there's a good answer to it.  You know, the requirement

21  is that a disclosure statement be filed with the plan and it

22  should be, but of course, you know, we've already been through

23  the process once.  It seems to me largely, the players know

24  what's going on, so I guess what I'd like to do is ask that the

25  parties, to the extent prior to that date, either because they

1  want to focus on settling the matter, which would be completely

2  understandable or for other reasons they can't agree on a

3  uniform -- at least uniform portion of the statement, they'll

4  have to file something with the plan, but you know, even if --

5  even that exercise shouldn't be wasted if eventually what

6  results, because they'll be some period of time between that

7  deadline and the disclosure statement hearing for the parties

8  to meet and confer and maybe they'll have their own menus,

9  which will make the process easier so that work won't be

10 duplicated.

11          It may be, to save a little time, the parties may

12 wish to adopt at least the background part from what's already

13 been approved, but at least as initial matter parties are

14 entitled to say it their way in connection with their plan, but

15 you've heard what my ultimate goal is.

16          MR. LAURIA:  So does it make sense to -- that people

17 should really be charged with providing some disclosure about

18 the terms of their plan, you know, this idea of an addendum,

19 and that we would either agree or reserve rights with respect

20 to what the core disclosure would be about the debtor and the

21 status of the case?

22          THE COURT:  I think that's fair enough because

23 that's what actually going to happen, I hope.

24          MR. LAURIA:  Right.

25          THE COURT:  And again, solicitation won't occur

1  until the Court approves a disclosure statement or statements

2  in whatever form.  It's not my desire to have people do

3  initially more work than is necessary, but I guess there ought

4  to be enough to at least highlight the provisions of the plan.

5          MR. LAURIA:  Right.  Your Honor, the other thing

6  that the Court mentioned, maybe there's a path to some

7  resolution as well that I wanted to inquire about.  As far as,

8  you know, the painful task of renegotiating descriptions of the

9  causes of action, you know, I just note that the committee's

10  motion for authority to take some action that I think we all

11  view as probably a necessary action, to preserve the estate's

12  claims and causes of actions pending further developments in

13  the case, we'll have that -- presumably something will have

14  been approved on or about the 22nd or at least be down the path

15  towards approval on October 22nd.

16          So it seems that the issue of negotiating what the

17  description of the causes of action are may hopefully by that

18  point be a moot point.  I really want to put that on the table

19  and see if that's consistent with the Court's thinking or if

20  there's some other approach we should be --

21          THE COURT:  Well, the parties previously expressed

22  to the Court the issue with respect to the running of the

23  statute, so one or way another it seems like I'll have to make

24  a decision in time that if there are claims to be pursued that

25  none of them be lost as a result of the passage of time.  And

1    that's not any ruling that I think that there are or there

2    aren't.  We'll have that hearing.

3              MR. LAURIA:  Right.

4              THE COURT:  Frankly -- well, as much as the parties

5    who will be on the defense side -- who might be on the defense

6    side of such a complaint might not like this, if indeed the

7    parties are at that point still talking, it may make sense to

8    let the matter go forward by agreement, just to take that off

9    the table, but you know, I leave that for the parties to

10   address.  And if it's not, I'll make the decision that needs to

11   be made.

12             MR. LAURIA:  It seems that no matter where we get,

13   we're not going to be done by the second anniversary of the

14   case, so as a protective matter the claims should be preserved.

15   I'm sure there are going to be concerns about as an alternative

16   to a lawsuit being filed, the tolling agreements and the

17   potential ineffectual nature of tolling on these types of

18   causes of action.

19             You know, we also have a latent issue that we're

20   going to have to deal with, which is preserving the causes of

21   action as far as inter-company claims are concerned.  You know,

22   the debtors can't very well be suing each other in a complaint,

23   so we're going to have to come up with some mechanism to

24   preserve the inter-company issues as well.

25             THE COURT:  Does the Court have the authority to

1   extend the time?

2            MR. LAURIA:  Well, there's certainly authority that

3   suggests that you can, Your Honor.  And on the other hand,

4   there are -- there is authority that could be construed as

5   saying that the statutory two year period can't be extended by

6   order of the Court.  That it's a hard deadline and once it's

7   passed, it's gone.  And in fact, even an affirmative tolling

8   arrangement or agreement by a party approved by the Court might

9   not preserve the cause of action.

10           THE COURT:  Anything in this jurisdiction or this

11  Circuit that addresses that issue --

12           MR. LAURIA:  I don't --

13           THE COURT:  -- that you know?

14           MR. LAURIA:  I don't think there's a clear answer I

15  the Third Circuit, unfortunately.  And so we're all a little

16  bit in a position of uncertainty.  I think it's hard to say

17  that if we don't have a complete, final executed resolution

18  that the causes of action should be permitted to lapse.  And so

19  there should be some consensus of view around that fundamental

20  principle, as far as at the end of the day, if the action

21  really goes forward, who's going to prosecute it and how that

22  would happen.

23           I think, you know, probably, you know, we should try

24  to reserve all of the final details.  The key is just to

25  preserve the estate's rights pending some further resolution.

1              THE COURT:  All right.  Thank you.  Anyone else wish

2    to be heard?

3              Okay.  Shall we move to status on the Aurelius

4    motion?

5              MR. FRIEDMAN:  Thank you, Your Honor.  Edward

6    Friedman with Friedman Kaplan Seiler and Adelman, co-counsel

7    for Aurelius.  In the Court's order of September 24, Chadbourne

8    was not disqualified from participating in the mediation.  Our

9    motion, of course, seeks relief separate and apart from the

10   mediation and we do wish to press forward with that relief.  As

11   to how that should happen, I'd like to say just a few things.

12             One, we think it's important that there be a

13   resolution as soon as possible.  Two, we believe that on the

14   basis of the record and the papers, it is clear that, in our

15   view, that the motion should be granted and Chadbourne should

16   be disqualified as to matters where it has conflicts.  And I --

17             THE COURT:  Well, let me just say this.  Had it been

18   that clear to me, I would have granted the relief.

19             MR. FRIEDMAN:  I totally appreciate that, Your

20   Honor.

21             THE COURT:  Okay.

22             MR. FRIEDMAN:  And I was just going to add as a

23   footnote to that point that we are not trying to disqualify

24   Chadbourne entirely.  We're trying to, on the contrary,

25   disqualify Chadbourne from being involved in matters where it's

1   conflicted.

2          THE COURT:  And see here's what that statement tells

3   me, okay?  It tells me -- well, let me step back.  The

4   Chadbourne response to that was we haven't done anything that

5   goes beyond the scope of our engagement and appropriate

6   involvement of special counsel.  So it seems to me in order for

7   you to be in -- successful on the relief that you request, I

8   have to have found that somewhere they've done something they

9   weren't supposed to do, because to enter an order saying don't

10  do what you're not supposed to do wouldn't really be very

11  helpful to anybody.

12         MR. FRIEDMAN:  I think, Your Honor, the order would

13  have to specify what it is that they're supposed to do and what

14  is they're not supposed to do.  I do believe that such an order

15  could be formulated without making a finding that Chadbourne

16  has behaved improperly in the past.  We're not here to talk

17  about that.

18         THE COURT:  Well, and I -- I was hopeful, as I'm

19  sure you gathered, that you'd be able to do that in connection

20  with the mediation.  The parties apparently were unable to do

21  that.  And while Chadbourne submitted something, while I

22  appreciate it, it really wasn't very helpful either because if

23  the relief is to be granted, it seems to me it would have to be

24  framed in that way, if it's possible.  And I wonder, given the

25  interconnections and multi-layers of disputes and claims and

1  how they're so inextricably wrapped into plan and plan process,

2  how you come up with something that's principled and effective

3  and is a clear enough roadmap that it solves whatever concerns

4  Aurelius may have.

5         MR. FRIEDMAN:  I'll make a suggestion in that

6  regard, Your Honor, because I do think that some of the lines

7  to be drawn are black and white.  The committee has engaged

8  conflict's counsel to pursue litigation against certain of the

9  LBO lenders who are all clients of the Chadbourne Firm.  So

10  there's already a recognition on the part of the committee that

11  these significant conflicts exist and that conflict-free

12  counsel is necessary to pursue litigation on behalf of the

13  committee against these Chadbourne clients who are, of course,

14  very significant targets of estate claims.

15         THE COURT:  Well, at that 30,000 foot view, I think

16  everyone would agree.

17         MR. FRIEDMAN:  But now I would like to come down to

18  just 20,000 feet.

19         THE COURT:  Okay.

20         MR. FRIEDMAN:  So what we have at 20,000 feet, Your

21  Honor, is the question of, what is the appropriate role for

22  Chadbourne with its conflicts in connection with advising the

23  committee and negotiating with the banks about these claims?

24  What Your Honor heard the last time we were here is that

25  Chadbourne has certain limited waivers from two of the bank

 1  defendants in this proposed lawsuit, that's JPMorgan and

 2  Merrill Lynch, but Chadbourne does not have waivers from the

 3  other Chadbourne clients who are proposed to be major

 4  defendants in these cases.

 5        So the view from 20,000 square feet is that, if it's

 6  necessary, and it is, if it's necessary on the part of the

 7  committee to negotiate a resolution of these billion dollar

 8  claims against the bank lenders, all of whom are Chadbourne

 9  clients, most of whom who have not provided any kind of waiver,

10  Chadbourne is not the law firm that should be representing the

11  committee at the negotiating table where the parties exposed on

12  the other side are Chadbourne clients.

13        And I would add to that that whatever one thinks

14  about the effectiveness of the limited waivers that have been

15  provided by a couple of the defendants in a situation where the

16  committee has engaged conflict-free counsel for this very

17  purpose, we would submit that ethically Chadbourne should be

18  barred from being involved in the negotiation with the LBO

19  lenders and the evaluation of those claims.  And there's no

20  prejudice to the committee because Zuckerman Spaeder is fully

21  up to speed, has been engaged precisely for this matter.

22        And I would just add to that, Your Honor, that the

23  suggestion by both the Chadbourne firm and certain of the

24  committee members that in this area of conflicts whenever

25  Chadbourne is involved in advising the committee or

1  negotiating, Zuckerman Spaeder is there also, side-by-side, and

2  I think one committee member said Chadbourne is the general and

3  Zuckerman is the major in this effort, but the point is if a

4  law firm has conflict than that defines the area that the law

5  firm has to stay out of.  It does not mean that the law firm

6  can be involved in representing clients where it has a conflict

7  as long as conflict counsel is there with it.

8          THE COURT:  Well, if it were just as simple as

9  saying that Chadbourne shouldn't participate in discussions

10  concerning the claim, that would be easy, but those -- the case

11  now has developed to the point where that's driving plan

12  discussion.  So how do you separate the two?

13          MR. FRIEDMAN:  Well, I think, Your Honor, it is

14  difficult.  They are inextricably intertwined to a large

15  extent, as Your Honor says, and we would like to be helpful in

16  trying to come up with a delineation.  I do think the starting

17  point has to be a recognition that the resolution of the LBO

18  related causes of action are central to the plan process.

19          THE COURT:  I don't think --

20          MR. FRIEDMAN:  Right.  And --

21          THE COURT:  -- at this point anyone would disagree

22  with that preposition.

23          MR. FRIEDMAN:  And if the challenge that Your Honor

24  is putting your finger on is that the Court would like to find

25  a way to enable the committee to continue to have the benefit

1  of Chadbourne's reputation -- sorry, Chadbourne's

2  representation, with respect to the plan process, that the

3  starting point for the delineation should be that when it comes

4  to evaluating, negotiating, advising with respect to the

5  resolution of the claims against the lenders, that should be

6  the exclusive province of Zuckerman Spaeder.  When it comes to

7  how do you bake that into a plan, the Court may want to decide

8  that Chadbourne and Zuckerman need to be involved.

9          But there is a very important distinction to be

10  drawn, which is that when the estates have these major claims

11  against lenders who are clients of Chadbourne, it should not be

12  Chadbourne that sits down with the committee and says, here's

13  how we think the claim should be settled; here's how we

14  evaluate those claims, because Chadbourne is talking about

15  claims against major clients of the Chadbourne Firm, like

16  Citigroup.

17          And even if Citigroup and all the others provided

18  waivers, which they have not, it would be inexplicable and we

19  would submit indefensible for the committee, as a fiduciary, to

20  turn to Chadbourne for advice in those matters where the

21  committee has counsel without conflicts that can and is

22  advising the committee on these matters.  And I think, Your

23  Honor, in light of what the Court has pointed out, and I agree

24  with it, that they're -- that the various claims to be pursued

25  on behalf of the estates are intertwined, and I do think that

1  the possible line of demarcation is between the plan process on

2  the one hand and estate claims against LBO lenders and others,

3  whether it's officers, directors or shareholders on the other

4  hand.

5          And I mention that because one of the other points I

6  wanted to make, Your Honor, in connection with how do we

7  proceed from this point forward on this motion is that on

8  September 13, which was the day we filed our original motion,

9  on that same day the committee filed its standing motion with

10  proposed complaints.  One proposed complaint against the LBO

11  lenders that lists Zuckerman as counsel, another complaint

12  against the officers, directors, shareholders and others that

13  has Chadbourne and Zuckerman as co-counsel, those two

14  complaints, Your Honor, illustrate the ethical impropriety of

15  Chadbourne being involved in any of those claims that need to

16  be litigated.

17          THE COURT:  Mr. Friedman, this was status.

18          MR. FRIEDMAN:  Sorry.  Okay.

19      (Laughter)

20          MR. FRIEDMAN:  I'll just say, if I may, Your Honor,

21  that with respect to status, the point I wish to make is that

22  in light of that filing, as the Court considers how best to

23  rule on this motion, one of the things we would like the

24  opportunity to do is file a brief supplement to our motion

25  addressing the standing motion filed by the committee on

1  September 13, because it does bear on the disqualification.

2          THE COURT:  Well, when is the standing motion

3  scheduled for hearing?

4          MR. FRIEDMAN:  Standing motion scheduled for October

5  22, I believe.

6          THE COURT:  Okay.

7          MR. FRIEDMAN:  And I guess, Your Honor, if I may on

8  procedure, I would say one other thing, which is that we do

9  think it's unfortunate that Chadbourne is not recognizing the

10  position of conflict that it is in.  And we're prepared to go

11  forward on an expedited basis with discovery from committee

12  members, which we believe will be confirmatory of the scope of

13  the conflict, the existence of the conflict, may well shed

14  light on how the delineation or non-delineation has been

15  handled in the past.

16          Again, we don't think it's necessary.  We think,

17  based on the facts that have been acknowledged, there's a basis

18  for the Court to issue an order governing conduct going

19  forward, but part of what we would do to make sure the record

20  is complete and there's no doubt about the sufficiency, we

21  would be prepared to move forward with that discovery.

22          And one of the reasons I say it's unfortunate that

23  we're at this juncture is that Aurelius has been working with

24  the committee and representatives of the Aurelius in the last

25  week have been talking to committee representatives about the

1  plan process and they will continue to do that.  And I would

2  add that counsel for Aurelius has also spoken to Chadbourne

3  about plan issues, not about the resolution of the LBO related

4  claims, and Aurelius is prepared to continue to do that as

5  well.

6           THE COURT:  Thank you.

7           MR. SEIFE:  Howard Seife, Chadbourne and Parke, for

8  the committee.  I think this is a status conference, Your

9  Honor, so while I would very much like to argue the merits yet

10 again that we argued last week before the mediation, I think

11 there are certain observations I'd like to make.

12          It seems clear Mr. Friedman was not able to

13 articulate and Your Honor expressly asked him where the lines

14 are to be drawn and how one differentiates between what has

15 been suggested as LBO claims and trying to negotiate a plan of

16 reorganization, participate in the mediation, which as everyone

17 knows who has been involved with this case for two years, those

18 are central to both.

19          From the first -- from day one, Chadbourne was

20 retained by the committee to work on these issues.  It was

21 fully disclosed the relationships, the committee wanted us to

22 take the lead, which we have, in the negotiations of the LBO

23 claims and to try to arrive at a plan of reorganization.  This

24 has been ongoing and Mr. Friedman, again for Aurelius, wants to

25 substitute his client's views of how the committee should

1 | retain counsel and how to use them for Aurelius' views, which

2 | as we demonstrated is not how the process works.

3 | THE COURT:  Look, let me tell you how I view this.


3 | And Mr. Friedman, I must say, misrepresents the

4 | facts of how Chadbourne has been proceeding.

5 | THE COURT:  Look, let me tell you how I view this.

6 | You know, on one level it could be the Casablanca effect, where

7 | you know, as the police chief is shutting down Rick's Café

8 | because he's shocked to learn that gambling is going, they're

9 | handing him his winnings, here Aurelius comes in at the end of

10 | the case and is shocked, shocked to find out what's going on.

11 | But, you know, here's the thing, we are at a place in the

12 | proceedings where it's clear the parties are either going to

13 | come together or there will be a parting of the ways, where the

14 | circumstances that Aurelius is concerned about, aside from its

15 | motivations, are, I think, worthy of consideration.

16 | And this is not a criticism of Chadbourne, it's

17 | simply a matter of what has developed.  You know, things as you

18 | know change during the course of a Chapter 11, and here they're

19 | on the brink of going, I think, in a very bad way, but in some

20 | cases that happens and I'll deal with, as will the parties.

21 | But it would be appropriate, okay, for the parties to try to,

22 | if they can, articulate in a framework what would be good and

23 | what would be bad, to put it in an oversimplified way.

24 | I do think it's important, and it's why I denied the

25 | relief as to mediation, that to the extent the committee wants

1    its general bankruptcy counsel to be available for certain

2    advice, I'd like to see that continue and I think it's

3    important.  And, you know, this was a relationship and

4    arrangement that was approved at the beginning of the case, if

5    I remember, without objection from anybody, but that doesn't

6    mean that circumstances don't change.  They do and they can and

7    here they have.  Although everyone knew the causes of action

8    were floating out there from the beginning, we're now coming to

9    crunch time and it has to be addressed.

10           So here's what I'm going to do.  I will set the

11   motion for further hearing on October 22nd at 10:00 o'clock.

12   To the extent the moving party wishes to make some evidentiary

13   record or Chadbourne does, I'll ask counsel to confer and try

14   to agree on some schedule for depositions, if that's all the

15   discovery there is to be.  To the extent counsel cannot agree,

16   reach out to me by conference telephone and I'll resolve

17   whatever differences remain.  We'll have to move forward,

18   however I decide.

19           Any questions about that?

20           MR. SEIFE:  I know Your Honor has ruled, but given

21   how much there is to do in this case and how we're trying to

22   move forward with plans, mediation, to have a distraction of

23   depositions while all this is going on with committee members

24   seems to me to be very counterproductive.  And at the same time

25   that Aurelius' counsel reaches out to Chadbourne's to say let's

1    talk about what a -- how we go forward consensually and

2    together and how -- what a plan might look like, they seem to

3    want to have their cake and eat it too --

4              THE COURT:  Of course they do.

5              MR. SEIFE:  -- it just seems highly inconsistent.

6              THE COURT:  Just like everybody else does, but --

7    and I've told people this -- I don't know if I've said it to

8    this group, but I say it periodically, you know, every time you

9    come into the courtroom and articulate your disparate

10   positions, I think despite the talents of the lawyers in the

11   house here, it makes it difficult then to sit down at the

12   bargaining table and to make a deal.  And the more frequent the

13   disputes here on the record where everyone feels compelled to

14   state their position, I don't want to say in the extreme, but

15   as advocates, it doesn't contribute well, I think, to the

16   process of trying to resolve things outside of the courtroom.

17             And I recognize that, but I only have -- I can only

18   -- I only have so much control over that.  I mean, I can enter

19   orders when people file motions, but I can bring them to the

20   water, but I can't make them drink.  I wish I could.

21             Are there any questions?  Is there anything further

22   for today?

23             MR. STARK:  I apologize, Your Honor, just to go full

24   circle on the procedural aspect.  As counsel to the Plaintiff

25   in my adversary proceeding, I listened very intently as I

1    always do, with respect to how we're going to deal with the

2    plan process, disclosure statement hearings, deadlines, things

3    along those lines.  What shall we put in the order, if

4    anything, or in a separate order, with respect to the adversary

5    proceeding, because Your Honor indicated you wanted to wrap

6    that -- you know, how we deal with that adversary proceeding

7    that process.

8              THE COURT:  Well, tell me what you need, if

9    anything, prior to October 22nd.

10             MR. STARK:  Your Honor, we don't necessarily need

11   anything.  We're, as Plaintiff, waiting to prosecute our case

12   per agreement.  It stays in abeyance, we can continue to stay

13   in abeyance, it's not our preferred means, but it's Your

14   Honor's docket and if that's the best thing for all --

15             THE COURT:  Mr. Stark, I've never doubted your

16   eagerness about anything.

17             MR. STARK:  Thank you.

18             THE COURT:  It's noted. Thank you.

19             MR. STARK:  Should I submit an order saying that

20   it's -- until further --

21             THE COURT:  It's, you know, probably helpful for

22   purposes of the docket and the record.  Confer with counsel and

23   if you can make an agreement, I will sign an order.  Otherwise,

24   we'll I guess talk about it on the 22nd.

25             MR. STARK:  Thank you, Your Honor.

1        THE COURT:  Okay.  Is there anything further for

2    today?

3        MR. CONLAN:  Nothing further, Your Honor.  We'll

4    work on an order and have one to you well before the end of the

5    day.

6        THE COURT:  All right.  Thank you all very much.

7    That concludes this hearing.  I wish you my best of luck in the

8    proceedings to follow.  Court will stand in recess.

9        (Whereupon at 10:48 a.m., the hearing was adjourned)

10

11                        CERTIFICATION

12        I  certify  that  the  foregoing  is  a  correct

13    transcript  from  the  electronic  sound  recording  of  the

14    proceedings in the above-entitled matter.

15

16


17    _____        October 5, 2010

18    Stephanie McMeel

19    AAERT Cert. No. 452

20    Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

_____debtors.___  1:13
a.m(3) 1:16 9:1 37:9
abbott(1) 4:33
abeyance(2) 36:12 36:13
able(5) 15:20 17:16 25:19 32:12
about(27) 12:15 13:18 15:16 16:4 17:13 18:6 18:7 18:17 19:19 20:17 20:20 21:7 21:14 22:15 25:17 26:23 27:14 29:14 31:20 31:25 32:3 33:14 34:19 35:1 36:16 36:24
above-entitled(1) 37:14
absolute(1) 11:16
absolutely(1) 18:21
accepted(1) 13:3
accomplish(1) 17:20
acknowledged(1) 31:17
action(13) 14:13 18:23 21:9 21:10 21:11 21:17 22:18 22:21 23:9 23:18 23:20 28:18 34:7
actions(2) 17:14 21:12
actual(1) 18:25
actually(3) 14:23 19:3 20:23
adam(2) 5:4 4:42
add(4) 24:22 27:13 27:22 32:2
addenda(1) 16:1
addendum(1) 20:18
additional(1) 11:9
address(2) 9:13 22:10
addressed(1) 34:9
addresses(1) 23:11
addressing(1) 30:25
adelman(3) 3:42 7:10 24:6
adjourned(1) 37:9
adler(1) 4:20
administrativo(1) 9:15
adopt(1) 20:12
advanced(1) 10:23
adversary(7) 9:22 10:4 10:6 10:23 35:25 36:4 36:6
advice(2) 29:20 34:2
advising(4) 26:22 27:25 29:4 29:22
advocates(1) 35:15
aert(1) 37:19
affirmative(1) 23:7
afraid(1) 18:13
after(2) 12:3 12:17
again(6) 9:12 12:17 20:25 31:16 32:10 32:24
against(9) 26:8 26:13 27:8 29:5 29:11 29:15 30:2 30:10 30:12
agenda(1) 9:6
agent(1) 19:14
agree(8) 18:3 19:6 20:22 20:19 26:16 29:23 34:14 34:15
agreed(1) 10:13
agreement(7) 4:4 18:3 19:9 22:8 23:8 36:12 36:23
agreements(1) 22:16
akin(2) 3:48 18:1
all(22) 9:2 10:13 12:3 13:8 13:20 14:20 14:22 15:22 16:20 19:10 21:10 23:15 23:24 24:1 26:9 27:8 34:14 34:23 36:14 37:6 37:6
alleged(1) 10:11
allegedly(1) 10:8
along(1) 36:3
already(4) 16:16 19:22 20:12 26:10
also(6) 10:9 11:17 18:10 22:19 28:1 32:2
alternative(1) 22:15
although(1) 34:7
alvarez(1) 8:19

always(1) 36:1
america(2) 5:27 5:31
amit(1) 6:23
among(3) 16:8 17:3 17:13
amount(1) 18:24
and(166) 9:11 10:3 10:5 10:15 10:16 10:17 10:21 10:22 10:23 11:7 11:16 12:5 12:8 12:22 13:5 13:13 13:14 14:7 14:8 14:11 14:25 15:4 15:4 15:5 15:6 15:14 15:19 15:20 15:21 15:21 15:24 16:1 16:8 16:22 17:2 17:2 17:9 17:10 17:13 17:15 17:21 18:8 18:14 18:23 18:25 19:1 19:1 19:4 19:6 19:7 19:8 19:9 19:14 19:15 19:19 19:21 20:7 20:8 20:8 20:19 20:20 20:25 21:12 21:19 21:25 22:10 22:16 23:3 23:6 23:7 23:15 23:18 23:21 24:6 24:9 24:10 24:14 24:15 24:16 24:22 25:2 25:5 25:13 25:18 25:21 25:24 25:25 25:25 25:25 26:1 26:2 26:3 26:7 26:11 26:23 27:1 27:6 27:13 27:19 27:19 27:22 27:23 28:1 28:2 28:15 28:20 28:23 29:8 29:12 29:17 29:17 29:18 29:21 29:22 29:23 29:25 30:2 30:2 30:5 30:12 30:13 31:7 31:10 31:20 31:22 31:24 32:1 32:1 32:4 32:7 32:13 32:14 32:15 32:23 32:24 33:1 33:3 33:10 33:16 33:18 33:20 33:22 33:24 34:2 34:3 34:3 34:6 34:6 34:9 34:13 34:16 34:21 34:24 35:1 35:2 35:3 35:7 35:9 35:12 35:12 35:17 36:14 36:22 36:22 37:4
anderson(1) 3:4
andrew(5) 5:46 6:7 6:8 6:38 8:12
andrews(2) 5:5 12:21
angeles(1) 4:16
angelo(2) 5:44 7:14
anna(2) 5:49 5:49
anniversary(1) 22:13
another(4) 15:17 15:18 21:23 30:11
answer(2) 19:20 23:14
any(8) 14:12 16:9 18:22 22:1 27:9 30:15 34:19 35:21
anybody(2) 25:11 34:5
anyone(9) 11:22 12:18 13:18 14:20 15:7 16:20 19:11 24:1 28:21
anything(8) 23:10 25:4 35:21 36:4 36:9 36:11 36:16 37:1
apart(1) 24:9
apologize(1) 10:1 35:23
apparently(2) 13:9 25:20
appearances(4) 5:11 6:2 7:2 8:1
applicable(1) 11:8
appointment(2) 10:14 10:14
appreciate(2) 24:19 25:22
approach(3) 16:11 19:6 21:20
approval(1) 21:15
approved(5) 16:16 20:13 21:14 23:8 34:4
approves(1) 21:1
are(35) 9:10 15:3 15:6 15:10 15:22 16:3 16:4 17:1 17:12 20:13 21:17 21:24 22:1 22:7 22:15 22:21 23:4 24:23 26:7 26:9 26:13 27:3 27:8 27:12 28:14 28:19 29:11 29:25 32:11 32:14 32:18 33:11 33:12 33:15 35:21
area(2) 27:24 28:4
aren't(2) 12:23 22:2
argue(1) 32:9
argued(1) 32:10
arguments(1) 10:19
arkin(1) 4:48
around(1) 23:19
arrangement(2) 23:8 34:4
arrive(1) 32:23
arsht(1) 4:32
articulate(3) 32:13 33:22 35:9

articulation(1) 10:17
ashby(1) 3:35
aside(1) 33:14
ask(6) 13:5 13:10 14:6 15:4 19:24 34:13
asked(1) 32:13
asking(1) 12:19
aspect(1) 35:24
aspects(1) 17:6
assertion(1) 10:8
assume(2) 13:15 16:15
assuming(1) 14:24
atamian(1) 6:24
aurelius(17) 3:35 7:10 7:49 9:11 18:1 24:3 24:7 26:4 31:23 31:24 32:2 32:4 32:24 33:1 33:9 33:14 34:25
austin(1) 1:26 5:20
authority(4) 21:10 22:25 23:2 23:4
automatic(1) 10:7
available(1) 34:1
avenue(9) 2:37 2:50 3:16 3:23 3:37 4:21 4:43 4:50 5:7
avoid(3) 15:17 17:9 18:16
back(1) 25:3
background(1) 20:12
bad(2) 33:19 33:20
baiera(1) 7:14
bake(1) 29:7
bale(1) 6:42
banc(1) 23:48
bank(6) 5:27 5:31 6:13 6:50 26:25 27:8
banking(1) 9:23
bankruptcy(4) 1:1 1:21 10:5 34:1
banks(1) 26:23
barclays(1) 6:21
bargaining(1) 35:12
barnes(1) 2:41
barred(1) 27:18
based(1) 31:17
basis(4) 16:16 24:14 31:11 31:17
bear(1) 31:1
because(14) 14:10 17:12 19:25 20:6 20:22 25:9 25:22 26:6 27:20 29:14 30:5 31:1 33:8 36:5
been(18) 9:8 13:22 16:16 16:17 19:22 20:13 21:14 24:17 27:14 27:21 31:14 31:17 31:23 31:25 32:15 32:17 32:24 33:4
before(4) 1:20 17:15 32:10 37:4
beginning(2) 34:4 34:8
behalf(4) 9:20 11:24 26:12 29:25
behaved(1) 25:16
being(6) 13:1 13:8 22:16 24:25 27:18
believe(5) 13:4 24:13 25:14 31:5 31:12
bench(1) 14:2
bendernagel(1) 1:29
benefit(1) 28:25
benesch(1) 3:21
bennett(2) 4:12 4:13
bennett(1) 8:4
bernstein(1) 2:35
best(4) 17:23 30:22 36:14 37:7
better(1) 12:6
between(5) 13:14 16:8 20:6 30:1 32:14
beyond(1) 25:5
big(1) 12:10
bigelow(1) 5:14
billion(1) 27:7
bit(1) 23:16
blabey(1) 6:27
black(1) 26:7
block(1) 6:37
body(1) 16:24
both(3) 10:22 27:23 32:18
bowden(1) 3:36
box(4) 2:7 3:38 4:8 4:36
brady(1) 4:5

brandywine(1) 4:6
brass(1) 7:17
breath(1) 15:2
brian(2) 5:23 8:19
bridge(1) 19:14
brief(2) 11:6 30:24
briefing(1) 11:9
bring(1) 35:19
brink(1) 33:19
broadway(1) 3:44
brown(4) 3:27 5:35 6:21 9:19
bruce(1) 4:13
bryant(1) 3:50
building(1) 4:6
bush(1) 2:21
business(1) 7:44
busy(1) 17:21
but(43) 9:14 10:2 10:18 11:2 11:8 12:14 12:25 13:8 13:24 14:11 14:23 15:2 15:7 15:15 16:4 16:17 17:5 17:23 19:22 20:4 20:13 20:14 21:3 22:9 26:17 27:2 28:3 28:10 29:9 31:9 33:11 33:19 33:21 34:5 34:20 35:6 35:8 35:14 35:17 35:19 35:20 36:13
bynum(1) 6:30
café(1) 33:7
cake(1) 35:3
called(1) 13:17
can(18) 11:6 12:15 15:15 16:8 17:5 17:7 18:19 18:23 23:3 28:6 29:21 33:22 34:6 35:17 35:18 35:19 36:14 36:23
can't(4) 20:2 22:22 23:5 35:20
candace(1) 5:24
cannot(1) 34:15
cantor(1) 5:28
capital(10) 3:35 6:42 7:5 7:10 7:20 7:23 7:40 7:49 8:9 18:1
carey(1) 1:22
carlyle(1) 2:48
carol(1) 6:42
casablanca(1) 33:6
case(18) 1:9 6:33 10:5 10:22 12:23 12:25 13:8 15:8 19:14 20:21 21:13 22:14 28:10 32:17 33:10 34:4 34:21 36:11
cases(3) 13:17 27:4 33:20
cause(1) 23:9
causes(10) 17:14 18:22 21:9 21:12 21:12 22:18 22:20 23:18 28:18 34:7
cent(2) 13:3 13:3
center(1) 4:27
central(3) 16:24 28:18 32:18
cert(1) 37:19
certain(7) 4:32 17:6 26:8 26:25 27:23 32:11 34:1
certainly(8) 11:14 16:24 17:2 17:5 17:6 17:19 17:23 23:2
certification(1) 37:11
certify(1) 37:12
chadbourn(40) 2:11 5:39 9:12 16:22 24:7 24:15 24:24 24:25 25:4 25:15 25:21 26:9 26:13 26:22 26:25 27:2 27:3 27:8 27:10 27:12 27:17 27:23 27:25 28:2 28:9 29:8 29:11 29:12 29:14 29:15 29:20 30:13 30:15 31:9 32:2 32:7 32:19 33:4 33:16 34:13
chadbourne's(3) 29:1 29:1 34:25
challenge(1) 28:23
chambers(2) 9:24 11:20
chance(1) 17:11
chandler(1) 5:14
change(3) 16:3 33:18 34:6
changed(1) 15:15

| Word                          Page:Line | Word                          Page:Line | Word                          Page:Line | Word                          Page:Line |
|---|---|---|---|
| **chapter**(4) 1:7 18:8 18:8 33:18 | **conflicts**(5) 24:16 26:11 26:22 27:24 29:21 | **debtor**(5) 5:13 11:25 16:9 16:23 20:20 | **don't**(22) 9:24 11:14 12:24 13:2 13:4 |
| **charged**(1) 20:17 | **conlan**(10) 1:27 9:13 11:24 11:24 12:2 | **debtors**(7) 1:26 9:5 10:6 13:1 14:16 18:7 | 13:20 15:5 15:6 17:23 18:5 18:15 19:19 |
| **chase**(2) 2:27 6:13 | 12:10 12:14 16:11 16:19 37:3 | 22:22 | 23:12 23:14 23:17 25:9 28:19 31:16 34:6 |
| **chicago**(3) 1:31 7:34 7:43 | | | 35:7 35:14 36:10 |
| **chief**(1) 33:7 | **connection**(9) 10:13 11:23 12:18 14:21 | **decide**(2) 29:7 34:18 | |
| **chung**(1) 5:32 | 17:17 20:14 25:19 26:22 30:6 | **decipher**(1) 19:3 | **donald**(1) 2:35 |
| **circle**(1) 35:24 | | **decision**(3) 19:4 21:24 22:10 | **done**(3) 22:13 25:4 25:8 |
| **circuit**(2) 23:11 23:15 | **consensually**(1) 35:1 | **deem**(1) 14:5 | **dorman**(1) 4:12 |
| **circumstance**(1) 13:8 | **consensus**(2) 19:15 23:19 | **defendants**(4) 10:10 27:1 27:4 27:15 | **dorr**(1) 5:45 |
| **circumstances**(3) 16:9 33:14 34:6 | **consequence**(1) 14:12 | **defense**(2) 22:5 22:5 | **doshi**(1) 6:51 |
| **citi**(1) 7:29 | **consideration**(1) 33:15 | **defer**(1) 11:2 | **doubt**(2) 14:19 31:20 |
| **citigroup**(3) 6:5 29:16 29:17 | **considers**(1) 30:22 | **defines**(1) 28:4 | **doubted**(1) 36:15 |
| **claim**(2) 28:10 29:13 | **consistent**(1) 21:19 | **delaware**(6) 1:2 1:13 2:50 3:23 3:37 9:1 | **douglas**(2) 5:40 6:39 |
| **claims**(23) 10:8 10:9 13:13 17:2 21:12 | **construed**(1) 23:4 | **delineation**(2) 28:16 29:3 31:14 | **down**(6) 18:24 21:14 26:17 29:12 33:7 |
| 21:24 22:14 22:21 25:25 26:23 27:17 | **contested**(2) 10:22 11:3 | **demarcation**(1) 30:1 | 35:11 |
| 27:19 29:5 29:10 29:14 29:15 26:24 30:2 | **continue**(5) 28:25 32:1 32:4 34:2 36:12 | **demonstrated**(1) 33:2 | |
| 30:15 32:4 32:15 32:23 | **continued**(8) 2:2 3:2 4:2 5:3 6:3 7:3 8:2 | **denied**(1) 33:24 | **dramatically**(1) 17:3 |
| **class**(2) 13:3 13:4 | 9:8 | **dennis**(1) 7:49 | **drawn**(4) 13:22 26:7 29:10 32:14 |
| **clear**(6) 23:14 24:14 24:18 26:3 32:12 | | **depositions**(2) 34:14 34:23 | **drink**(1) 35:20 |
| 33:12 | **continues**(1) 10:22 | **derek**(1) 4:33 | **driving**(1) 28:11 |
| | **continuing**(1) 12:2 | **describe**(1) 18:19 | **duplicated**(1) 20:10 |
| **clearly**(1) 16:25 | **contrary**(1) 24:24 | **describing**(1) 15:24 | **during**(1) 33:18 |
| **clerk**(1) 9:2 | **contrast**(1) 18:20 | **description**(2) 10:18 21:17 | **dysfunctional**(1) 12:11 |
| **client's**(1) 32:25 | **contrasting**(1) 18:25 | **descriptions**(2) 17:14 21:8 | |
| **clients**(8) 26:9 26:13 27:3 27:9 27:12 28:6 | **contribute**(1) 35:15 | **desire**(2) 17:11 21:2 | **each**(5) 16:2 16:12 18:13 18:18 22:22 |
| 29:11 29:15 | **control**(1) 35:18 | **despite**(1) 35:10 | **eagerness**(1) 36:16 |
| | **conveyance**(1) 14:13 | **details**(2) 12:19 23:24 | **early**(1) 9:21 |
| **co-counsel**(3) 18:1 24:6 30:13 | **convinced**(1) 15:1 | **deutsch**(1) 5:40 | **easier**(2) 19:2 20:9 |
| **cobb**(1) 2:4 | **copy**(2) 9:25 11:20 | **developed**(2) 28:11 33:17 | **easily**(2) 16:9 17:16 |
| **cole**(2) 1:34 9:5 | **core**(1) 20:20 | **developing**(1) 19:15 | **east**(1) 4:44 |
| **come**(8) 17:10 17:16 22:23 26:2 26:17 | **correct**(3) 10:2 14:16 37:12 | **developments**(2) 16:17 21:12 | **easy**(1) 28:10 |
| 28:16 33:13 35:9 | **corroon**(1) 3:4 | **devoted**(1) 18:22 | **eat**(1) 35:3 |
| | **could**(7) 16:13 19:7 19:8 23:4 25:15 33:6 | **dhmer**(1) 7:20 | **ecro**(1) 1:43 |
| **comes**(3) 29:3 29:6 33:9 | 35:20 | **diamond**(1) 6:47 | **edgar**(1) 7:40 |
| **coming**(1) 34:8 | | **diaz**(1) 1:45 | **edward**(2) 3:43 24:5 |
| **commenced**(1) 10:4 | **counsel**(18) 14:6 15:4 18:1 25:6 26:8 | **did**(5) 10:1 10:2 14:24 18:8 19:18 | **effect**(1) 33:6 |
| **comment**(1) 16:20 | 26:12 27:16 28:7 29:21 30:11 32:2 33:1 | **didn't**(1) 10:25 | **effective**(1) 26:2 |
| **committee**(35) 2:4 5:5 5:39 12:22 13:7 | 34:1 34:13 34:15 34:25 35:24 36:22 | | **effectiveness**(1) 27:14 |
| 13:11 16:22 17:19 26:7 26:10 26:13 26:23 | | **differences**(1) 34:17 | **effort**(1) 28:3 |
| 27:7 27:11 27:16 27:20 27:24 27:25 28:2 | **counterproductiv**(1) 34:24 | **different**(6) 15:23 15:24 16:25 17:1 17:3 | **egi-trb**(1) 6:37 |
| 28:25 29:12 29:19 29:21 29:22 30:9 30:25 | **couple**(1) 27:15 | 17:3 | **either**(4) 19:25 20:19 25:22 33:12 |
| 31:11 31:24 31:25 32:8 32:20 32:21 32:25 | **course**(9) 19:22 24:9 26:13 33:18 35:4 | | **eldersveid**(1) 5:15 |
| 33:25 34:23 | **court**(73) 1:1 9:3 9:15 9:16 9:18 9:24 | **differentiates**(1) 32:14 | **electronic**(1) 1:51 37:13 |
| | 11:11 11:14 11:22 12:1 12:5 12:13 12:15 | **difficult**(2) 28:14 35:11 | **ellias**(1) 5:36 |
| **committee's**(1) 21:9 | 12:23 13:10 13:18 13:21 14:1 14:5 14:17 | **difficulty**(1) 14:23 | **else**(6) 11:22 14:20 16:20 19:11 24:1 35:6 |
| **company**(15) 1:9 5:13 5:36 5:44 6:30 7:15 | 14:20 14:22 16:15 16:20 17:8 17:13 17:22 | **digest**(1) 17:11 | **embody**(1) 15:4 |
| 7:17 8:5 8:15 12:21 13:1 13:5 13:13 | 18:10 18:15 19:11 19:19 20:22 20:25 21:1 | **direct**(2) 15:5 15:8 | **enable**(1) 28:25 |
| 13:16 14:14 | 21:6 21:21 21:22 22:4 22:25 22:25 23:6 | **directive**(1) 9:20 | **end**(3) 23:20 33:9 37:4 |
| | 23:8 23:10 23:13 24:1 24:17 24:21 25:2 | **directly**(1) 12:3 | **engaged**(3) 26:7 27:16 27:21 |
| **comparing**(1) 18:25 | 25:18 26:15 26:19 28:8 28:19 28:21 28:2 | **directors**(2) 30:3 30:12 | **engagement**(1) 22:5 |
| **comparisons**(1) 16:8 | 29:7 29:23 30:17 30:22 31:2 31:6 31:18 | **disagree**(1) 28:21 | **english**(1) 4:19 |
| **compelled**(1) 35:13 | 32:6 33:5 35:4 35:6 36:8 36:15 36:18 | **disagreemen**(1) 18:6 | **enough**(3) 20:22 21:4 26:3 |
| **competing**(1) 19:21 | 36:21 37:1 37:6 37:8 | **disclosed**(1) 32:21 | **enter**(2) 25:9 35:18 |
| **complaint**(5) 10:23 22:6 22:22 30:10 30:1 | | **disclosure**(18) 15:12 15:18 15:22 16:1 | **entirely**(1) 24:24 |
| **complaints**(2) 30:10 30:14 | **court's**(4) 9:20 11:15 21:19 24:7 | 16:2 16:25 17:6 17:12 17:17 18:4 18:6 | **entitled**(1) 20:14 |
| **complete**(3) 11:7 23:17 31:20 | **courtroom**(3) 1:11 35:9 35:16 | 19:18 19:21 20:7 20:17 20:20 21:1 36:2 | **eos**(1) 7:52 |
| **completely**(2) 16:6 20:1 | **crain's**(1) 7:43 | | **ephraim**(1) 6:47 |
| **conaway**(1) 4:4 | **credit**(1) 4:4 | **discovery**(3) 31:11 31:21 34:15 | **especially**(1) 12:6 |
| **concern**(2) 16:4 17:18 | **creditors**(4) 2:4 5:39 13:17 16:23 | **discussion**(1) 28:12 | **esq**(55) 1:27 1:28 1:29 1:36 2:5 2:12 2:13 |
| **concerned**(2) 22:21 33:14 | **criticism**(1) 33:16 | **discussions**(1) 28:9 | 2:14 2:20 2:21 2:28 2:35 2:36 2:42 2:49 |
| **concerning**(2) 9:21 28:10 | **crunch**(1) 34:9 | **dismissal**(1) 10:12 | 3:6 3:14 3:15 3:22 3:28 3:29 3:36 3:43 |
| **concerns**(2) 22:15 26:3 | **cut**(1) 18:24 | **disparate**(1) 35:9 | 3:49 4:5 4:13 4:20 4:26 4:33 4:42 4:49 |
| **concluded**(1) 10:17 | **cutler**(1) 5:44 | **disputes**(2) 25:25 35:13 | 5:6 5:21 5:22 5:23 5:24 5:28 5:36 5:40 |
| **concludes**(1) 37:7 | **damien**(1) 2:36 | **disqualification**(1) 31:1 | 5:41 5:46 6:7 6:8 6:9 6:18 6:22 6:23 6:24 |
| **concur**(1) 16:23 | **daniel**(3) 3:49 5:28 17:25 | **disqualified**(2) 24:8 24:16 | 6:27 6:34 6:38 6:39 7:11 7:26 8:6 |
| **conduct**(1) 31:18 | **data**(1) 1:45 | **disqualify**(3) 9:12 24:23 24:25 | |
| **confer**(5) 14:7 15:4 20:8 34:13 36:22 | **date**(3) 9:8 15:11 19:25 | **distinction**(1) 29:9 | **estate**(3) 10:8 26:14 30:2 |
| **conference**(6) 9:10 9:12 9:14 9:21 32:8 | **david**(9) 2:13 2:42 4:20 5:15 6:27 6:46 | **distraction**(1) 34:22 | **estate's**(2) 21:11 23:25 |
| 34:16 | 8:6 8:15 8:16 | **district**(1) 1:2 | **estates**(2) 29:10 29:25 |
| | | **docket**(2) 36:14 36:22 | **esther**(1) 5:32 |
| **confined**(1) 18:19 | **davis**(1) 2:34 | **does**(11) 11:22 12:17 13:11 13:18 20:16 | **ethical**(1) 30:14 |
| **confirmatory**(1) 31:12 | **day**(6) 18:2 23:20 30:8 30:9 32:19 37:5 | 22:25 27:22 28:5 31:1 34:13 35:6 | **ethically**(1) 27:17 |
| **conflict**(6) 28:4 28:6 28:7 31:10 31:13 | **dbtca**(1) 4:19 | | **evaluate**(1) 29:14 |
| 31:13 | **deadline**(2) 20:7 23:6 | **doesn't**(2) 34:5 35:11 | **evaluating**(1) 29:4 |
| | **deadlines**(1) 36:2 | **doing**(2) 14:25 18:8 | **evaluation**(1) 27:19 |
| **conflict's**(1) 26:8 | **deal**(6) 14:13 22:20 33:20 35:12 36:1 36:2 | **dollar**(1) 27:7 | **evan**(1) 6:18 |
| **conflict-free**(2) 26:11 27:16 | **dealing**(1) 18:12 | **don**(1) 5:16 | **even**(4) 20:4 20:5 23:7 29:17 |
| **conflicted**(1) 25:1 | **dearborn**(1) 1:30 | | **eventually**(1) 20:5 |
| | **debenture**(1) 8:4 | | **every**(1) 35:8 |
| | | | **everybody**(2) 18:23 35:6 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**everyone**(7) 9:3 14:24 18:2 26:16 32:16 34:7 35:13

**evidentiary**(1) 34:12
**exactly**(1) 18:15
**examine**(1) 10:15
**examiner**(3) 10:14 10:19 11:6
**examiner's**(2) 17:10 18:23
**example**(1) 17:2
**exclusive**(1) 29:6
**executed**(1) 23:17
**exercise**(1) 20:5
**exist**(1) 26:11
**existence**(1) 31:13
**expedited**(1) 31:11
**explore**(1) 15:14
**exposed**(1) 27:11
**expressed**(1) 21:21
**expressly**(1) 32:13
**extend**(1) 23:1
**extended**(1) 23:5
**extent**(6) 15:7 19:25 28:15 33:25 34:12 34:15

**extreme**(1) 35:14
**fact**(3) 12:3 17:21 23:7
**facts**(3) 11:7 31:17 33:4
**factual**(1) 10:15
**fair**(1) 20:22
**faith**(1) 14:25
**family**(1) 12:11
**far**(3) 21:7 22:21 23:20
**fargo**(2) 6:33 19:14
**farkas**(1) 7:6
**fashion**(1) 16:7
**fear**(1) 18:15
**feedback**(1) 15:19
**feel**(1) 17:12
**feeling**(1) 14:7
**feels**(1) 35:13
**feet**(3) 26:18 26:20 27:5
**feld**(1) 3:48
**few**(1) 24:11
**fiduciary**(1) 29:19
**fight**(1) 15:18
**fighting**(1) 18:24
**figueroa**(1) 4:14
**file**(6) 10:12 15:6 15:8 20:4 30:24 35:19
**filed**(15) 9:21 9:22 10:5 10:9 15:8 15:10 15:22 16:3 16:5 19:17 19:21 22:16 30:8 30:9 30:25

**filing**(1) 30:22
**final**(2) 23:17 23:24
**find**(2) 28:24 33:10
**finding**(1) 25:15
**finger**(2) 2:27 28:24
**firm**(7) 26:9 27:10 27:23 28:4 28:5 28:5 29:15

**first**(7) 9:7 9:11 13:21 13:24 14:15 14:17 32:19

**five**(1) 16:5
**floating**(1) 34:8
**floor**(6) 3:9 4:7 4:22 4:28 4:35 4:51
**focus**(1) 20:1
**follow**(2) 14:6 37:8
**foot**(1) 26:15
**footnote**(1) 24:23

**for**(96) 1:2 1:26 2:4 2:27 2:41 2:48 3:4 3:21 3:35 4:4 4:19 4:32 5:5 5:13 5:27 5:35 5:39 5:44 5:49 6:5 6:13 6:17 6:21 6:27 6:30 6:33 6:37 6:42 6:46 6:50 7:5 7:10 7:14 7:17 7:20 7:23 7:26 7:29 7:34 7:37 7:40 7:43 7:46 7:49 7:52 8:4 8:9 8:12 8:15 8:19 9:5 9:15 10:11 11:2 12:19 12:21 14:6 14:10 15:11 15:22 16:12 16:24 17:2 18:1 18:1 19:2 19:10 20:2 20:7 21:10 22:9 24:7 25:6 26:21 27:16 27:21 29:3 29:19 29:20 31:3 31:4 31:18 32:2 32:7 32:17 32:24 33:1 33:21 34:1 34:11 34:14 35:22 36:14 36:21 37:1

**foregoing**(1) 37:12
**form**(1) 21:2
**forman**(1) 1:34
**formation**(3) 12:22 13:11 14:2
**formulated**(1) 25:15
**forth**(1) 18:9
**forward**(14) 11:1 11:4 11:15 15:3 22:8 23:21 24:10 30:7 31:11 31:19 31:21 34:1 34:22 35:1

**found**(2) 10:19 25:8
**four**(1) 16:5
**fox**(1) 7:11
**framed**(1) 25:24
**framework**(1) 33:22
**frankly**(3) 13:7 14:10 22:4
**fraudulent**(1) 14:13
**freeman**(1) 7:23
**frequent**(1) 35:12
**friday**(2) 13:13 13:14
**friedman**(25) 3:42 3:43 4:42 7:10 8:5 24:5 24:6 24:6 24:19 24:22 25:12 26:5 26:17 26:20 28:13 28:20 28:23 30:17 30:18 30:20 31:4 31:7 32:12 32:24 33:3

**from**(27) 9:5 9:19 10:7 11:15 13:2 14:2 14:10 14:12 14:14 15:2 15:19 20:12 24:8 24:9 24:25 26:25 27:2 27:5 27:18 30:7 31:11 32:19 32:19 33:14 34:5 34:8 37:13

**frome**(1) 4:40
**full**(2) 13:2 35:23
**fully**(2) 27:20 32:21
**fundamental**(1) 7:34 23:19
**further**(9) 11:6 16:1 21:12 23:25 34:11 35:21 36:20 37:1 37:3

**gadharl**(1) 7:26
**gambling**(1) 33:8
**garrison**(2) 6:6 7:30
**gary**(1) 5:22
**gathered**(1) 25:19
**gavin**(1) 7:14
**geddes**(1) 3:35
**general**(2) 28:2 34:1
**get**(7) 11:17 13:20 16:7 16:24 19:4 19:8 22:12

**gets**(2) 11:20 14:15
**getting**(2) 12:7 19:2
**give**(1) 17:23
**given**(3) 17:21 25:24 34:20
**goal**(1) 20:15
**goes**(3) 14:8 23:21 25:5
**going**(25) 9:13 12:16 15:3 15:4 15:6 15:7 17:1 17:3 19:17 19:24 20:23 22:13 22:15 22:20 22:23 23:21 24:22 31:18 33:8 33:11 33:12 33:19 34:10 34:23 36:1

**gold**(1) 17:25
**golden**(3) 3:49 17:25 18:17
**goldman**(2) 5:46 6:30
**gone**(2) 15:2 23:7
**good**(13) 9:3 9:4 9:17 9:18 11:25 12:1 12:20 14:21 16:21 17:25 19:13 19:20 33:22

**gordon**(3) 5:44 6:8 7:14
**got**(2) 14:23 18:7
**gotshal**(1) 6:17
**governing**(1) 31:18
**graeme**(1) 2:21
**granted**(3) 24:15 24:18 25:23
**great**(1) 2:48
**greenwich**(1) 7:5
**gregory**(1) 7:11
**greissman**(1) 6:34
**gross**(2) 12:16 14:25
**group**(3) 7:29 14:2 35:8
**grundman**(1) 4:40
**gruss**(1) 8:15
**gruszka**(1) 7:34
**guarantees**(1) 14:14
**guess**(5) 10:21 19:24 21:3 31:7 36:24
**gump**(2) 3:48 18:1
**had**(4) 9:14 13:1 17:10 24:17
**hale**(1) 5:44
**hals**(1) 7:37
**hand**(3) 23:3 30:2 30:4
**handing**(1) 33:9
**handled**(1) 31:15
**happen**(3) 20:23 23:22 24:11
**happens**(1) 33:20
**happy**(3) 11:18 11:8 14:24
**hard**(3) 14:25 23:6 23:16
**harrisburg**(1) 1:47

**has**(28) 9:8 12:16 15:2 17:10 24:16 25:16 26:7 26:25 27:16 27:21 28:2 28:4 28:5 28:6 28:11 28:17 29:21 29:23 30:13 31:14 31:23 32:2 32:14 32:17 32:24 33:4 33:17 34:9 34:20

**hauer**(1) 3:48
**have**(58) 9:5 10:18 11:17 13:17 13:18 14:7 15:3 15:16 15:18 15:21 15:23 15:23 16:17 16:17 16:20 17:1 17:10 17:11 18:22 18:24 19:3 19:16 19:17 20:8 20:8 21:2 21:13 21:13 21:23 22:2 22:19 22:20 22:22 22:25 23:17 24:18 25:8 25:8 25:13 25:23 26:4 26:20 27:2 27:9 27:14 28:25 29:10 29:18 31:17 31:25 32:22 34:7 34:17 34:22 35:3 35:17 35:18 37:4

**haven't**(3) 10:23 13:22 25:4
**having**(2) 15:19 18:3
**he's**(2) 15:1 33:8
**hear**(2) 14:1 15:12
**heard**(8) 11:23 12:18 14:17 14:21 19:12 20:15 24:2 26:24

**hearing**(11) 9:8 12:23 12:17 18:13 19:18 20:7 22:2 31:3 34:11 37:7 37:9
**hearings**(2) 17:12 36:2
**heck**(1) 13:14
**helpful**(6) 18:10 19:10 25:11 25:22 28:15 36:21
**hennigan**(1) 4:12
**hercules**(1) 3:7
**here**(10) 13:22 14:11 15:20 25:16 26:24 33:9 33:18 34:7 35:11 35:13
**here's**(6) 14:22 25:2 29:12 29:13 33:11 34:10
**highlight**(1) 21:4
**highly**(1) 35:5
**him**(2) 32:13 33:9
**hired**(1) 13:12
**his**(5) 10:16 10:17 14:25 32:25 33:9
**hoc**(4) 5:5 12:21 13:6 13:11
**holders**(1) 13:13

**honor**(51) 9:4 9:4 9:17 10:2 10:3 10:7 11:5 11:13 11:20 11:24 12:12 12:10 12:20 12:25 13:6 14:9 14:19 14:19 16:11 16:21 17:21 17:25 18:10 18:18 19:2 19:9 19:13 21:5 23:3 24:5 24:20 25:12 26:6 26:21 26:24 27:22 28:13 28:15 28:23 29:23 30:6 30:14 30:20 31:7 32:9 32:13 34:20 35:23 36:5 36:10 36:25 37:3

**honor's**(3) 10:24 11:9 36:14
**honorable**(1) 1:20
**hoover**(1) 3:22
**hope**(2) 14:9 20:23
**hopeful**(1) 25:18
**hopefully**(2) 12:14 21:17
**horan**(1) 2:7
**house**(1) 35:11
**how**(30) 15:5 15:7 17:5 17:22 18:7 18:8 19:5 23:21 24:11 26:1 26:2 28:12 29:7 29:13 29:13 30:6 30:22 31:14 32:14 32:25 33:1 33:2 33:4 33:5 34:21 34:21 35:1 35:2 36:1 36:6

**howard**(4) 2:12 4:49 16:21 32:7
**however**(4) 14:8 16:5 16:25 34:18
**hundreds**(1) 18:22
**i'd**(8) 13:7 15:15 15:19 17:9 19:24 24:11 32:11 34:2

**i'll**(13) 10:3 13:21 14:2 14:6 15:4 16:9 21:23 22:10 26:5 30:20 33:20 34:13 34:16

**i'm**(11) 10:18 11:14 11:16 12:19 14:7 14:23 14:24 15:4 22:15 25:18 34:10

**i've**(4) 14:17 35:7 35:7 36:15
**idea**(1) 20:18
**illustrate**(1) 30:14
**important**(4) 24:12 29:9 33:24 34:3
**importantly**(1) 19:1
**impose**(2) 18:11 19:7
**improperly**(1) 25:16
**impropriety**(1) 30:14
**inc**(2) 7:5 8:19
**incentive**(1) 9:7
**inclined**(1) 11:15
**include**(2) 13:6 17:13
**inconsistent**(1) 35:5
**indeed**(1) 22:6
**indefensible**(1) 29:19
**indicated**(3) 12:16 13:3 36:5
**indication**(1) 15:7
**ineffectual**(1) 22:17
**inexplicable**(1) 29:18
**inextricably**(2) 26:1 28:14
**information**(1) 10:11
**initial**(1) 20:13
**initially**(3) 12:25 14:16 21:3
**inquire**(1) 21:7
**institutions**(1) 9:23
**intently**(1) 35:25
**inter-company**(2) 22:21 22:24
**interconnections**(1) 25:25
**interested**(1) 15:19
**intertwined**(2) 28:14 29:25
**into**(4) 18:7 26:1 29:7 35:9
**investment**(2) 6:50 7:35
**involved**(7) 24:25 27:18 27:25 28:6 29:8 30:15 32:17

**involvement**(1) 25:6
**issue**(5) 21:16 21:22 22:19 23:11 31:18
**issues**(3) 22:24 32:3 32:20
**it's**(32) 12:8 12:10 13:21 13:24 13:24 14:12 18:2 21:2 22:10 23:6 23:6 23:7 23:16 24:12 24:25 25:24 27:5 27:6 30:3 31:9 31:16 31:22 33:12 33:16 33:24 34:2 36:13 36:13 36:18 36:20 36:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **items**(2) 9:6 9:10 | | **learn**(1) 33:8 | | **matter**(11) 9:15 10:22 11:23 20:1 20:13 | | **neel**(1) 6:51 | |
| **its**(4) 26:22 30:9 33:14 34:1 | | **learned**(1) 12:5 | | 22:8 22:12 22:14 27:21 33:17 37:14 | | **negotiate**(2) 27:7 32:15 | |
| **itself**(3) 10:6 10:12 10:22 | | **least**(7) 15:11 16:17 20:3 20:12 20:13 | | **matters**(5) 11:3 24:16 24:25 29:20 29:22 | | **negotiating**(5) 21:16 26:23 27:11 28:1 29:4 | |
| | | 21:4 21:14 | | **matthew**(1) 7:20 | | **negotiation**(1) 27:18 | |
| **james**(4) 1:27 1:29 2:20 7:23 | | | | **may**(14) 10:18 15:14 16:6 17:4 18:10 | | **negotiations**(1) 32:22 | |
| **jane**(1) 3:15 | | **leave**(1) 22:9 | | 20:11 20:11 21:17 22:7 26:4 29:7 30:20 | | **never**(1) 36:15 | |
| **jared**(1) 5:36 | | **lederman**(1) 6:18 | | 31:7 31:13 | | **new**(11) 2:16 2:38 3:17 3:31 3:45 3:51 | |
| **jean-marie**(1) 6:24 | | **lee**(1) 7:40 | | **maybe**(3) 19:7 20:8 21:6 | | 4:23 4:45 4:52 5:8 8:5 | |
| **jefferies**(1) 7:17 | | **legal**(1) 10:15 | | **mayer**(2) 4:26 6:21 | | | |
| **jeffrey**(1) 7:6 | | **lemay**(1) 2:13 | | **mccarter**(1) 4:19 | | **nichols**(1) 4:32 | |
| **jenner**(1) 6:37 | | **lenders**(9) 4:5 4:33 26:9 27:8 27:19 29:5 | | **mcmeel**(1) 37:18 | | **non-delineation**(1) 31:14 | |
| **jennifer**(1) 3:22 | | 29:11 30:2 30:11 | | **mcneill**(1) 3:6 | | **none**(1) 21:25 | |
| **jillian**(1) 5:21 | | | | **mean**(7) 13:11 14:1 16:15 17:13 28:5 34:6 | | **norman**(2) 1:36 9:5 | |
| **jim**(1) 11:24 | | **leonard**(1) 1:35 | | 35:18 | | **north**(4) 1:37 2:30 3:8 4:34 | |
| **joined**(2) 10:10 14:3 | | **let**(6) 13:10 17:8 22:8 24:17 25:3 33:5 | | | | **not**(33) 9:8 10:1 11:14 13:7 13:8 13:24 | |
| **joining**(1) 13:16 | | **let's**(2) 17:8 34:25 | | **means**(2) 13:12 36:13 | | 14:10 14:17 15:16 16:6 21:2 22:1 22:6 | |
| **joshua**(1) 7:26 | | **level**(1) 33:6 | | **meantime**(1) 11:19 | | 22:10 22:13 23:9 24:8 24:23 25:10 25:14 | |
| **jpmorgan**(3) 6:13 10:9 27:1 | | **levin**(1) 6:27 | | **mechanism**(1) 22:23 | | 25:16 27:2 27:9 27:10 28:5 29:11 29:18 | |
| **judge**(3) 1:21 12:16 14:25 | | **levy**(1) 6:7 | | **mediation**(21) 9:11 9:13 11:2 11:16 12:2 | | 31:9 32:3 32:12 33:2 33:16 36:13 | |
| **juncture**(1) 31:23 | | **lexington**(2) 2:37 5:7 | | 12:18 13:5 13:7 14:8 14:21 14:23 15:14 | | | |
| **jurisdiction**(1) 23:10 | | **liebentritt**(1) 5:16 | | 15:16 17:22 24:8 24:10 25:20 32:10 32:16 | | **note**(1) 21:9 | |
| **just**(24) 9:5 9:10 9:12 9:13 9:15 10:24 | | **light**(3) 29:23 30:22 31:14 | | 33:25 34:22 | | **noted**(1) 36:18 | |
| 11:3 12:5 14:10 17:8 18:15 21:9 22:8 | | **like**(20) 12:10 13:15 15:15 15:17 17:9 | | | | **nothing**(1) 37:3 | |
| 23:24 24:11 24:17 24:22 26:18 27:22 28:8 | | 19:5 19:24 21:23 22:6 24:11 26:17 28:15 | | **mediator**(1) 12:4 | | **november**(2) 9:15:12 19:18 | |
| 30:20 35:5 35:6 35:23 | | 28:24 29:15 30:23 32:9 32:11 34:2 35:2 | | **meet**(2) 12:17 20:8 | | **now**(9) 10:21 11:2 15:13 15:20 16:3 17:11 | |
| | | 35:6 | | **meeting**(1) 12:4 | | 26:17 28:11 34:8 | |
| **justin**(1) 7:17 | | | | **meisel**(1) 1:34 | | | |
| **kalenchits**(1) 5:49 5:49 | | **likely**(1) 16:13 | | **member**(1) 7:52 | | **o'clock**(2) 15:13 34:11 | |
| **kaplan**(5) 3:42 4:48 4:49 7:10 24:6 | | **limit**(1) 17:4 | | **members**(3) 27:24 31:12 34:23 | | **o'melveny**(1) 5:27 | |
| **karen**(1) 7:46 | | **limitation**(2) 18:11 19:7 | | **mention**(1) 30:5 | | **o'neal**(1) 5:17 | |
| **kasowitz**(1) 8:4 | | **limitations**(1) 18:11 | | **mentioned**(1) 21:6 | | **oaktree**(1) 7:40 | |
| **katharine**(1) 4:26 | | **limited**(2) 26:25 27:14 | | **menus**(1) 20:8 | | **objection**(3) 13:22 34:5 | |
| **katten**(1) 7:26 | | **line**(1) 30:1 | | **merit**(1) 10:20 | | **observations**(1) 32:11 | |
| **kaye**(1) 3:13 | | **lines**(3) 16:2 32:13 36:3 | | **merits**(2) 17:1 32:9 | | **obviously**(1) 15:23 | |
| **keeping**(1) 15:1 | | **lion**(1) 18:4 | | **merrill**(2) 3:4 27:2 | | **occur**(1) 20:25 | |
| **kelley**(1) 6:13 | | **listened**(1) 35:25 | | **michael**(2) 5:17 6:22 | | **october**(7) 1:15 9:1 15:9 19:17 21:15 31:4 | |
| **kempner**(1) 6:46 | | **lists**(1) 30:11 | | **might**(5) 16:3 22:5 22:6 23:8 35:2 | | 34:11 36:9 37:17 | |
| **kevin**(3) 1:20 1:28 6:13 | | **litigate**(1) 11:1 | | **mike**(1) 7:52 | | | |
| **key**(1) 23:24 | | **litigated**(1) 30:16 | | **miller**(1) 8:12 | | **off**(1) 22:8 | |
| **kind**(3) 19:7 19:9 27:9 | | **litigation**(6) 10:16 11:4 14:13 17:2 26:8 | | **mind**(1) 16:4 | | **officers**(2) 30:3 30:12 | |
| **king**(3) 2:29 2:30 4:28 | | 26:12 | | **minute**(1) 11:17 | | **official**(1) 16:22 | |
| **kjc**(1) 1:9 | | | | **misrepresents**(1) 33:3 | | **okay**(12) 11:23 12:16 14:18 17:24 24:3 | |
| **klee's**(2) 10:13 10:14 | | **little**(2) 20:11 23:15 | | **modify**(1) 13:6 | | 24:21 25:3 26:19 30:18 31:6 33:21 37:1 | |
| **kline**(1) 5:24 | | **llc**(2) 6:50 8:15 | | **monday**(2) 9:1 12:7 | | | |
| **knew**(1) 34:7 | | **llp**(20) 1:26 2:11 2:19 2:41 3:4 3:13 4:12 | | **moot**(1) 21:18 | | **oksana**(1) 6:9 | |
| **know**(32) 11:14 11:16 12:8 13:2 14:10 | | 4:19 4:41 4:48 5:5 5:35 5:39 6:6 6:17 | | **more**(4) 16:5 19:1 21:3 35:12 | | **olshan**(1) 4:40 | |
| 15:5 17:23 19:20 19:22 19:22 19:23 20:4 | | 6:21 6:33 6:37 7:27 7:30 | | **morgan**(3) 2:27 2:41 6:17 | | **once**(3) 13:20 19:23 23:6 | |
| 20:18 21:8 21:9 22:9 22:19 22:21 23:13 | | | | **morning**(12) 9:3 9:4 9:7 9:18 11:25 12:1 | | **one**(24) 1:30 2:29 3:50 4:32 9:15 10:5 | |
| 23:23 23:23 33:6 33:7 33:11 33:17 33:18 | | **lock**(1) 15:15 | | 12:6 12:7 12:20 16:21 17:25 19:13 | | 10:6 10:11 14:7 17:8 21:23 24:12 27:13 | |
| 34:3 34:20 35:7 35:8 36:6 36:21 | | **long**(2) 14:11 28:7 | | | | 28:2 30:2 30:5 30:10 30:23 31:8 31:22 | |
| | | **look**(2) 33:5 35:2 | | **morris**(1) 4:32 | | 32:14 32:19 33:6 37:4 | |
| **known**(1) 17:15 | | **los**(1) 4:16 | | **most**(3) 13:2 16:13 27:9 | | | |
| **knows**(1) 32:17 | | **lost**(1) 21:25 | | **motion**(16) 9:11 10:6 10:9 21:10 24:4 | | **ongoing**(1) 32:24 | |
| **krakauer**(1) 5:23 | | **lot**(4) 13:14 18:5 18:6 19:16 | | 24:9 24:15 30:7 30:8 30:9 30:23 30:24 | | **only**(4) 16:3 35:17 35:17 35:18 | |
| **kramer**(1) 6:27 | | **luck**(1) 37:7 | | 30:25 31:2 31:4 34:11 | | **operating**(8) 12:21 13:1 13:5 13:13 13:16 | |
| **kurth**(2) 5:5 12:21 | | **ludwig**(1) 5:21 | | | | 14:11 14:14 14:15 | |
| **landis**(2) 2:4 2:5 | | **lugano**(1) 1:43 | | **motions**(5) 10:4 10:16 10:20 10:24 35:19 | | | |
| **language**(1) 17:16 | | **lynch**(2) 3:4 27:2 | | **motivations**(1) 33:15 | | **operations**(1) 18:7 | |
| **lantry**(1) 1:28 | | **lynne**(1) 7:43 | | **move**(9) 11:1 11:4 11:15 15:3 24:3 | | **opportunity**(2) 12:9 30:24 | |
| **lapse**(1) 23:18 | | **made**(2) 16:9 22:11 | | 31:21 34:17 34:22 | | **opposition**(1) 14:1 | |
| **large**(1) 28:14 | | **madison**(1) 4:50 | | | | **order**(17) 10:7 13:6 14:2 14:6 15:5 23:6 | |
| **largely**(1) 19:23 | | **madlyn**(1) 3:14 | | **moving**(1) 34:12 | | 24:7 25:6 25:9 25:12 25:14 31:18 36:3 | |
| **lashko**(1) 6:9 | | **major**(4) 27:3 28:3 29:10 29:15 | | **much**(8) 11:22 13:7 17:5 22:4 32:9 34:21 | | 36:4 36:19 36:23 37:4 | |
| **last**(5) 9:21 15:1 26:24 31:24 32:10 | | **make**(19) 11:19 12:14 15:13 19:2 19:8 | | 35:18 37:6 | | | |
| **latent**(1) 22:19 | | 20:9 20:16 21:23 22:7 22:10 26:5 30:6 | | | | **orders**(1) 35:19 | |
| **later**(2) 12:15 15:9 | | 30:21 31:19 32:11 34:12 35:12 35:20 | | **muchin**(1) 7:26 | | **original**(1) 30:8 | |
| **laughter**(4) 11:12 12:12 13:23 30:19 | | 36:23 | | **multi-day**(2) 15:18 18:13 | | **other**(15) 9:10 10:5 17:20 17:22 18:20 | |
| **lauria**(10) 19:13 19:13 20:16 20:24 21:5 | | **makes**(3) 18:5 19:15 35:11 | | **multi-layers**(1) 25:25 | | 20:2 21:5 21:20 22:22 23:3 27:3 27:12 | |
| 22:3 22:12 23:2 23:12 23:14 | | **making**(1) 25:15 | | **must**(2) 14:13 33:3 | | 30:3 30:5 31:8 | |
| | | **management**(7) 3:36 6:43 7:11 7:41 7:49 | | **myers**(1) 5:27 | | | |
| **laurie**(1) 3:5 | | 9:7 18:2 | | **myself**(1) 12:6 | | **others**(5) 10:18 13:15 29:17 30:2 30:12 | |
| **law**(6) 8:4 11:8 27:10 28:4 28:4 28:5 | | | | **nature**(1) 22:17 | | **otherwise**(1) 36:23 | |
| **lawsuit**(4) 10:12 11:2 22:16 27:1 | | **manges**(1) 6:17 | | **necessarily**(1) 36:10 | | **ought**(2) 17:15 21:3 | |
| **lawyers**(1) 35:10 | | **many**(4) 15:5 15:7 16:5 17:22 | | **necessary**(7) 14:5 21:3 21:11 26:12 27:6 | | **our**(8) 14:12 24:8 24:14 25:5 30:8 30:24 | |
| **layton**(1) 2:27 | | **marc**(1) 5:41 | | 27:6 31:16 | | 36:11 36:13 | |
| **lbo**(8) 26:9 27:18 28:17 30:2 30:10 32:3 | | **marek**(1) 7:43 | | | | | |
| 32:15 32:22 | | **market**(4) 1:12 2:6 3:8 4:34 | | **need**(4) 29:8 30:15 36:8 36:10 | | **out**(11) 12:8 14:8 15:2 15:14 17:10 28:5 | |
| | | **marsal**(1) 8:19 | | **needs**(2) 19:17 22:10 | | 29:23 33:10 34:8 34:16 34:25 | |
| **lead**(1) 32:22 | | **martin**(1) 3:29 | | | | | |
| **leaks**(1) 10:11 | | **materials**(1) 19:4 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| outside(1) 35:16 | | preferred(2) 15:25 36:13 | | reference(1) 18:23 | | says(2) 28:15 29:12 | |
| over(3) 15:18 18:25 35:18 | | prejudice(1) 27:20 | | regard(1) 26:6 | | schaible(1) 2:36 | |
| oversimplified(1) 33:23 | | prepared(7) 10:25 11:1 11:1 17:19 31:10 | | regarding(1) 11:18 | | schedule(2) 17:21 34:14 | |
| overwhelmed(1) 16:6 | | 31:21 32:4 | | rejected(1) 13:4 | | scheduled(2) 31:3 31:4 | |
| own(1) 20:8 | | | | related(2) 28:18 32:3 | | scholer(1) 3:13 | |
| p.a(1) 3:35 | | preposition(1) 28:22 | | relationship(1) 34:3 | | schott(1) 7:52 | |
| p.o(4) 2:7 3:38 4:8 4:36 | | preserve(4) 21:11 22:24 23:9 23:25 | | relationships(1) 32:21 | | schotz(1) 1:34 9:5 | |
| page(1) 18:11 | | preserved(1) 22:14 | | relief(6) 24:9 24:10 24:18 25:7 25:23 | | schulte(1) 7:46 | |
| pages(2) 18:22 18:22 | | preserving(1) 22:20 | | remain(1) 34:17 | | schuylkill(1) 1:46 | |
| paid(2) 13:1 14:15 | | press(1) 24:10 | | remember(2) 9:24 34:5 | | scope(2) 25:5 31:12 | |
| painful(1) 21:8 | | presumably(1) 21:13 | | renaissance(1) 4:27 | | scott(2) 6:30 6:34 | |
| papers(1) 24:14 | | pretty(1) 11:7 | | rendered(1) 11:7 | | seated(1) 9:2 | |
| park(5) 3:16 3:50 4:21 4:43 7:46 | | previously(1) 21:21 | | renegotiate(1) 17:11 | | second(2) 9:11 22:13 | |
| parke(4) 2:11 5:39 16:22 32:7 | | prieto(1) 7:49 | | renegotiating(1) 21:8 | | section(1) 18:4 | |
| part(4) 20:12 26:10 27:6 31:19 | | primofi(1) 3:14 | | reorganization(2) 32:16 32:23 | | sections(2) 15:23 18:6 | |
| participate(2) 28:9 32:16 | | principle(1) 23:20 | | report(7) 9:21 10:17 10:17 11:20 17:10 | | securities(3) 6:50 7:5 8:13 | |
| participating(1) 24:8 | | principled(1) 26:2 | | 18:23 19:9 | | see(3) 21:19 25:2 34:2 | |
| particular(1) 18:20 | | prior(2) 19:25 36:9 | | | | | |
| parties(24) 12:17 14:5 14:24 15:6 15:13 | | private(1) 10:11 | | represent(2) 13:17 19:14 | | seek(1) 10:7 | |
| 15:20 17:10 17:13 17:15 17:20 19:10 | | probably(4) 18:17 21:11 23:23 36:21 | | representation(1) 29:2 | | seeks(1) 24:9 | |
| 19:25 20:7 20:11 20:13 21:21 22:4 22:7 | | procedural(1) 35:24 | | representatives(3) 31:24 31:25 | | seem(2) 10:25 35:2 | |
| 22:9 25:20 27:11 33:12 33:20 33:21 | | procedure(1) 31:8 | | representing(2) 27:10 28:6 | | seems(12) 17:15 18:2 19:15 19:23 21:16 | |
| | | proceed(2) 19:16 30:7 | | reputation(1) 29:1 | | 21:23 22:12 25:6 25:23 32:12 34:24 35:5 | |
| parting(1) 33:13 | | proceeding(8) 9:22 10:4 10:6 10:23 33:4 | | request(2) 13:19 25:7 | | seife(8) 2:12 16:21 16:21 17:19 32:7 32:7 | |
| partners(3) 6:46 7:35 7:52 | | 35:25 36:5 36:6 | | requirement(1) 19:20 | | 34:20 35:5 | |
| party(4) 13:5 13:7 23:8 34:12 | | | | rescheduled(1) 9:9 | | | |
| parver(1) 3:15 | | proceedings(5) 1:19 1:51 33:12 37:8 37:14 | | reserve(2) 20:19 23:24 | | seiler(3) 3:42 7:10 24:6 | |
| passage(1) 21:25 | | process(12) 11:18 19:23 20:9 26:1 28:18 | | resolution(12) 10:24 11:3 11:16 15:2 21:7 | | selber(1) 3:5 | |
| passed(1) 23:7 | | 29:2 30:1 32:1 33:2 35:16 36:2 36:7 | | 23:17 23:25 24:13 27:7 28:17 29:5 32:3 | | seneca(1) 8:9 | |
| past(2) 25:16 31:15 | | | | | | sense(4) 18:5 19:16 20:16 22:7 | |
| path(2) 21:6 21:14 | | produced(1) 1:52 | | resolve(2) 34:16 35:16 | | senseless(1) 18:21 | |
| paul(4) 5:6 6:5 7:29 12:20 | | professor(1) 10:14 | | respect(9) 15:10 16:2 20:19 21:22 29:2 | | separate(4) 16:1 24:9 28:12 36:4 | |
| pending(6) 10:16 10:21 10:24 11:3 21:12 | | progress(2) 12:14 15:13 | | 29:4 30:21 36:1 36:4 | | september(3) 24:7 30:8 31:1 | |
| 23:25 | | proponent(1) 18:14 | | | | service(1) 1:45 1:52 | |
| | | proponents(4) 17:1 18:12 18:19 19:8 | | respective(1) 18:18 | | services(1) 1:45 | |
| pennsylvania(1) 1:47 | | proposed(5) 19:16 27:1 27:3 30:10 30:10 | | respond(1) 15:20 | | set(1) 34:10 | |
| people(6) 12:7 19:3 20:16 21:2 35:7 35:19 | | prosecute(2) 23:21 36:11 | | response(1) 25:4 | | settled(2) 11:11 29:13 | |
| per(1) 36:12 | | prospective(1) 19:8 | | result(1) 21:25 | | settlement(1) 14:12 | |
| perfect(1) 12:8 | | protective(1) 22:14 | | results(1) 20:6 | | settling(1) 20:1 | |
| period(2) 20:6 23:5 | | provide(1) 11:9 | | retain(1) 33:1 | | seven(1) 3:30 | |
| periodically(1) 35:8 | | provided(3) 27:9 27:15 29:17 | | retained(1) 32:20 | | shall(2) 24:3 36:3 | |
| permitted(1) 23:18 | | providing(1) 20:17 | | reunion(1) 12:11 | | share(1) 18:4 | |
| pernick(3) 1:36 9:4 9:5 | | province(1) 29:6 | | reuters(1) 7:37 | | shareholders(2) 30:3 30:12 | |
| perry(1) 7:23 | | provisions(1) 21:4 | | rice(1) 4:48 | | shed(1) 31:13 | |
| perspective(1) 14:15 | | purpose(1) 27:17 | | richards(1) 2:27 | | sheet(1) 13:2 | |
| peter(1) 7:34 | | purposes(2) 15:11 36:22 | | rick's(1) 33:7 | | shocked(3) 33:8 33:10 33:10 | |
| pickering(1) 5:44 | | pursue(2) 26:8 26:12 | | rifkind(2) 6:5 7:29 | | shot(1) 17:23 | |
| place(3) 15:16 16:18 33:11 | | pursued(2) 21:24 29:24 | | right(15) 9:14 10:21 11:2 14:20 14:22 | | should(23) 10:10 15:13 15:15 16:23 17:5 | |
| plaintiff(2) 35:24 36:11 | | put(4) 15:11 21:18 33:23 36:3 | | 16:19 16:20 18:17 18:21 20:24 21:5 22:3 | | 19:22 20:17 21:20 22:14 23:18 23:19 | |
| plan(34) 9:7 11:18 13:1 14:16 15:8 15:24 | | putting(1) 28:24 | | 24:1 28:20 37:6 | | 23:23 24:11 24:15 24:15 27:10 27:17 29:3 | |
| 16:2 16:25 17:2 18:12 18:13 18:18 18:20 | | question(2) 19:16 26:21 | | | | 29:5 29:11 29:13 32:25 36:19 | |
| 18:20 19:4 19:8 19:21 20:4 20:14 20:18 | | questions(2) 34:19 35:21 | | rights(2) 20:19 23:25 | | | |
| 21:4 26:1 26:1 28:11 28:18 29:2 29:7 | | quickly(2) 9:14 14:8 | | rise(1) 9:2 | | shouldn't(2) 20:5 28:9 | |
| 30:1 32:1 32:3 32:15 32:23 35:2 36:2 | | rainy(1) 12:7 | | roadmap(2) 15:16 26:3 | | shutting(1) 33:7 | |
| | | raised(1) 10:19 | | robert(4) 2:28 3:28 4:5 9:19 | | side(3) 22:5 22:6 27:12 | |
| plans(12) 15:6 15:10 15:22 16:3 16:5 16:8 | | rank(1) 19:5 | | roberts(1) 8:12 | | side-by-side(1) 28:1 | |
| 16:13 17:4 18:20 19:1 19:5 34:22 | | rath(1) 2:4 | | rockefeller(2) 2:15 | | sidley(1) 1:26 5:20 | |
| | | rbs(2) 7:5 7:5 | | rodney(1) 2:29 | | siegel(1) 3:29 | |
| players(1) 19:23 | | reach(5) 15:14 19:9 34:16 | | roitman(1) 5:41 | | sign(1) 36:23 | |
| plaza(2) 2:15 3:7 | | reaches(1) 34:25 | | role(1) 26:21 | | significant(2) 26:11 26:14 | |
| point(12) 7:20 21:18 21:18 22:7 24:23 | | reaction(1) 16:10 | | rosenman(1) 7:27 | | silver(1) 7:20 | |
| 28:3 28:11 28:17 28:21 29:3 30:7 30:21 | | read(1) 10:18 | | rosenzweig(1) 4:40 | | silverstein(11) 3:5 5:6 12:20 12:21 12:24 | |
| | | really(6) 17:14 20:17 21:18 23:21 25:10 | | rosner(1) 8:6 | | 13:12 13:20 13:24 14:4 14:9 14:19 | |
| pointed(1) 29:23 | | 25:22 | | roth(1) 7:46 | | | |
| points(1) 30:5 | | | | rudnick(3) 3:27 5:35 9:19 | | simes(1) 6:22 | |
| police(1) 33:7 | | reasons(2) 20:2 31:22 | | rule(1) 30:23 | | simple(1) 28:8 | |
| polk(1) 2:34 | | receive(1) 16:7 | | ruled(1) 34:20 | | simply(2) 18:15 33:17 | |
| portion(5) 15:25 16:12 16:12 18:3 19:6 20:3 | | receiving(1) 9:24 | | ruling(1) 22:1 | | since(2) 16:17 17:10 | |
| portions(1) 16:12 | | recent(1) 13:2 | | running(1) 21:22 | | single(1) 15:21 | |
| position(3) 23:16 31:10 35:14 | | recess(1) 37:8 | | sachs(1) 6:30 | | sit(1) 35:11 | |
| positions(1) 35:10 | | recitation(1) 11:7 | | said(3) 10:3 28:2 35:7 | | sitcom(1) 12:15 | |
| possible(5) 11:21 15:2 24:13 25:24 30:1 | | recognition(2) 26:10 28:17 | | same(3) 15:11 30:9 34:24 | | sits(1) 29:12 | |
| potential(1) 22:17 | | recognize(1) 35:17 | | sanctioned(1) 10:10 | | situation(1) 27:15 | |
| potter(1) 3:4 | | recognizing(1) 31:9 | | sanctions(1) 10:11 | | size(1) 18:4 | |
| powlen(1) 2:42 | | record(5) 24:14 31:19 34:13 35:13 36:22 | | save(1) 20:11 | | solicitation(1) 20:25 | |
| ppearances(5) 1:23 2:1 3:1 4:1 5:2 | | recorded(1) 1:51 | | say(13) 13:10 17:8 20:14 23:16 24:11 | | solutions(1) 17:16 | |
| precisely(2) 13:11 27:21 | | recording(2) 1:51 37:13 | | 24:17 30:20 31:8 31:22 33:3 34:25 35:8 | | solves(1) 26:3 | |
| prefer(2) 11:11 13:7 | | recovery(3) 13:3 13:4 14:12 | | 35:14 | | | |
| preference(1) 11:9 | | recreating(1) 17:16 | | saying(4) 23:5 25:9 28:9 36:19 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

some(19) 11:17 14:23 15:18 15:19 18:11 19:7 19:9 20:6 20:17 21:6 21:10 21:20 22:23 23:19 23:25 26:6 33:19 34:12 34:14

something(6) 12:8 20:4 21:13 25:8 25:21 26:2

sometimes(1) 17:12
somewhere(1) 25:8
songgeroth(1) 6:39
soon(3) 11:4 11:20 24:13
sophisticated(1) 16:6
sorry(2) 29:1 30:18
sottile(1) 2:20
sound(2) 1:51 37:13
south(2) 1:30 4:14
space(1) 18:19
spaeder(4) 2:19 27:20 28:1 29:6
spatial(1) 18:11
speak(2) 14:10 19:5
special(1) 25:8
specify(1) 25:13
speed(1) 27:21
spend(1) 12:6
spoken(1) 32:2
square(3) 2:29 3:30 27:5
stand(1) 37:8
standing(4) 30:9 30:25 31:2 31:4
standpoint(2) 11:15 15:3
stanley(2) 2:41 6:17
stargatt(1) 4:4
stark(14) 3:28 9:14 9:17 9:19 9:19 10:1 11:13 11:19 35:23 36:10 36:15 36:17 36:19 36:25

start(2) 16:9 16:15
starting(3) 16:18 28:16 29:3
state(1) 35:14
statement(12) 15:22 16:1 16:25 17:7 18:5 18:7 19:21 20:3 20:7 21:1 25:2 36:2

statements(3) 13:15 16:2 21:1
states(2) 1:1 1:21
status(13) 9:10 9:12 9:13 9:21 11:17 11:20 12:18 14:21 20:21 24:3 30:17 30:21 32:8

statute(1) 21:23
statutory(1) 23:5
stay(4) 10:8 10:16 28:5 36:12
stayed(2) 10:21 11:2
stays(2) 10:21 36:12
stearn(1) 2:28
step(2) 4:32 25:3
stephanie(1) 37:18
steven(1) 3:6
still(1) 22:7
strauss(1) 3:48
street(12) 1:12 1:37 1:46 2:6 2:22 2:30 2:44 3:8 4:7 4:28 4:34 4:44

strive(2) 16:24 17:6
submit(4) 14:7 27:17 29:19 36:19
submitted(1) 25:21
subs(1) 14:11
substance(1) 10:3
substitute(1) 32:25
successful(3) 15:16 17:22 25:7
such(3) 16:7 22:6 25:14
sufficiency(1) 31:20
sufficient(1) 15:13
suggested(1) 32:15
suggestion(2) 26:5 27:23
suggests(1) 23:3
suing(1) 22:22
suite(6) 1:38 2:6 2:23 2:43 3:23 4:15
sum(1) 10:3
supplement(1) 30:24
supposed(4) 25:9 25:10 25:13 25:14
supposing(1) 11:16

sure(5) 10:18 11:19 22:15 25:19 31:19
suttonbrook(1) 6:42
tabak(1) 8:12
table(4) 21:18 22:9 27:11 35:12
tahir(1) 8:9
tailored(2) 16:1 16:12
take(3) 21:10 22:8 32:22
talents(1) 35:10
talk(3) 25:16 35:1 36:24
talking(3) 22:7 29:14 31:25
targets(1) 26:14
task(1) 21:8
taylor(1) 4:4
telephone(1) 34:16
telephonic(4) 5:11 6:2 7:2 8:1
tell(4) 10:3 13:21 33:5 36:8
tells(2) 25:2 25:3
term(1) 13:2
terms(3) 13:15 14:8 20:18
than(4) 12:7 15:9 21:3 28:4
thank(12) 11:18 14:4 14:19 14:20 19:11 24:1 24:5 32:6 36:17 36:18 36:25 37:6

thanks(1) 11:22
that(205) 9:6 9:8 9:14 9:22 9:23 9:25 10:2 10:4 10:8 10:9 10:10 10:14 10:19 10:19 11:11 11:17 11:23 12:5 12:16 12:19 13:4 13:11 13:15 13:17 13:18 13:22 14:2 14:12 14:18 14:23 14:24 14:24 15:1 15:5 15:8 15:10 15:10 15:14 15:16 15:19 15:21 15:22 15:24 16:4 16:5 16:7 16:8 16:10 16:11 16:14 16:17 16:23 17:6 17:9 17:9 17:15 17:20 18:3 18:12 18:13 18:18 18:21 19:5 19:9 19:10 19:15 19:19 19:21 19:24 19:25 20:5 20:6 20:9 20:16 20:19 21:6 21:7 21:9 21:10 21:13 21:16 21:17 21:18 21:24 21:24 22:1 22:1 22:2 22:7 22:8 22:9 22:10 22:12 22:19 23:2 23:3 23:4 23:5 23:6 23:11 23:11 23:13 23:17 23:18 23:19 23:21 24:10 24:11 24:12 24:13 24:14 24:15 24:18 24:19 24:23 24:23 25:2 25:4 25:4 25:7 25:8 25:13 25:14 25:15 25:17 25:19 25:19 25:21 25:24 26:3 26:5 26:6 26:10 26:11 26:15 26:24 27:5 27:10 27:13 27:13 27:17 27:17 27:22 27:22 27:24 28:4 28:4 28:5 28:9 28:10 28:17 28:22 28:23 28:24 29:2 29:3 29:5 29:7 29:8 29:10 29:12 29:21 29:24 29:24 29:25 30:5 30:7 30:9 30:11 30:12 30:15 30:21 30:22 31:8 31:9 31:10 31:17 31:21 31:22 31:23 32:2 32:4 32:10 33:8 33:14 33:20 33:25 34:2 34:4 34:5 34:6 34:9 34:19 34:25 35:17 35:18 36:6 36:6 36:7 36:19 37:7 37:12

that's(14) 13:8 14:15 14:17 17:12 17:17 20:22 20:23 21:19 22:1 26:2 27:1 28:11 34:14 36:14

thau(1) 8:12

the(301) 1:1 1:2 1:20 2:4 4:6 5:39 9:2 9:3 9:5 9:6 9:7 9:7 9:10 9:11 9:11 9:13 9:15 9:16 9:18 9:20 9:21 9:23 9:24 10:3 10:5 10:5 10:5 10:6 10:7 10:8 10:11 10:12 10:12 10:15 10:16 10:16 10:19 10:19 10:21 10:22 10:22 10:23 10:25 11:2 11:2 11:4 11:6 11:7 11:7 11:11 11:14 11:15 11:16 11:18 11:19 11:22 11:24 12:1 12:2 12:4 12:5 12:7 12:8 12:13 12:15 12:15 12:17 12:21 12:23 12:23 12:25 12:25 13:2 13:3 13:3 13:4 13:4 13:6 13:8 13:10 13:10 13:15 13:15 13:16 13:18 13:21 13:21 13:24 14:1 14:2 14:5 14:5 14:8 14:11 14:11 14:14 14:14 14:15 14:16 14:17 14:17 14:20 14:22 14:24 15:1 15:7 15:10 15:11 15:13 15:20 15:22 16:5 16:9 16:11 16:12 16:13 16:15 16:20 16:22 16:23 16:24 17:1 17:2 17:2 17:6 17:8 17:9 17:13 17:15 17:17 17:19 17:20 17:21 17:21 17:23 17:24 18:4 18:6 18:6 18:7 18:10 18:12 18:13 18:15 18:18 18:20 18:22 18:23 18:24 18:25 18:25 19:1 19:2 19:3 19:6 19:7 19:11 19:14 19:16 19:19 19:20 19:21 19:23 19:23 19:24 19:25 20:1 20:3 20:4 20:7 20:7 20:9 20:11 20:12 20:18 20:20 20:20 20:20 20:21 20:22 20:25 21:1 21:4 21:4 21:5 21:6 21:8 21:8 21:9 21:11 21:13 21:14 21:14 21:16 21:16 21:17 21:18 21:19 21:21 21:21 21:22 21:22 21:22 21:25 22:4 22:4 22:5 22:5 22:6 22:8 22:9 22:9 22:10 22:13 22:13 22:14 22:16 22:16 22:20 22:22 22:24 22:25 22:25 22:25 23:1 23:3 23:5 23:6 23:8 23:9 23:10 23:13 23:15 23:18 23:20 23:20 23:20 23:24 23:24 23:25 24:1 24:3 24:7 24:8 24:9 24:13 24:14 24:14 24:16 24:17 24:18 24:21 24:24 25:2 25:3 25:5 25:7 25:12 25:16 25:18 25:20 25:20 25:23 25:24 26:6 26:7 26:8 26:9 26:10 26:10 26:12 26:15 26:19 26:21 26:21 26:22 26:23 26:24 26:25 27:2 27:5 27:6 27:6 27:8 27:10 27:10 27:11 27:11 27:12 27:14 27:14 27:15 27:15 27:17 27:18 27:19 27:20 27:22 27:23

the(161) 27:23 27:25 28:2 28:3 28:3 28:4 28:4 28:5 28:8 28:10 28:10 28:11 28:12 28:16 28:17 28:17 28:18 28:19 28:21 28:23 28:24 28:25 28:25 29:2 29:2 29:3 29:4 29:5 29:5 29:6 29:7 29:10 29:12 29:13 29:15 29:17 29:19 29:20 29:22 29:23 29:24 29:25 30:1 30:1 30:2 30:3 30:5 30:8 30:9 30:10 30:12 30:14 30:17 31:2 31:2 31:6 31:9 31:12 31:13 31:13 31:13 31:14 31:15 31:17 31:18 31:19 31:20 31:22 31:24 31:24 31:24 31:25 32:19 32:20 32:21 32:21 32:22 32:22 32:22 32:25 33:2 33:3 33:5 33:6 33:7 33:9 33:10 33:11 33:11 33:12 33:13 33:7 33:18 33:19 33:20 33:24 33:25 34:6 33:25 34:4 34:4 34:7 34:8 34:10 34:12 34:12 34:14 34:15 34:24 35:4 35:6 35:9 35:10 35:10 35:10 35:11 35:12 35:12 35:13 35:14 35:15 35:16 35:19 35:24 35:24 36:1 36:3 36:4 36:14 36:15 36:18 36:21 36:22 36:22 36:24 37:1 37:4 37:4 37:6 37:7 37:9 37:12 37:13 37:13 37:14

their(8) 18:19 18:20 20:8 20:14 20:14 20:18 35:3 35:14

them(6) 13:17 15:11 21:25 33:1 35:19 35:20

then(4) 9:10 10:1 14:1 35:11

there(28) 10:4 13:14 16:3 16:4 16:16 17:4 17:5 18:5 21:3 21:24 22:1 22:1 22:15 23:4 23:4 23:19 24:12 28:1 28:7 29:9 32:11 33:13 34:8 34:15 34:21 35:21 35:21 37:1

there's(11) 10:9 19:15 19:20 21:6 21:20 23:2 23:14 26:10 27:19 31:17 31:20

these(3) 13:17 16:8 17:14 19:3 22:17 26:11 26:13 26:23 27:4 27:19 29:20 29:22 32:20

they(17) 16:7 16:7 18:7 18:8 19:5 19:25 20:2 25:8 28:14 29:18 32:1 33:22 34:6 34:6 34:7 35:2 35:4

they'll(3) 20:3 20:6 20:8
they're(8) 15:20 18:8 25:13 25:14 26:1 29:24 33:8 33:18

they've(1) 25:8
thing(8) 10:25 14:25 15:17 17:8 21:5 31:8 33:11 36:14

things(8) 15:3 17:14 17:22 24:11 30:23 33:17 35:16 36:2

think(46) 9:13 11:6 12:8 12:24 14:16 15:24 16:11 16:13 17:4 18:5 18:13 18:17 18:18 18:21 18:24 19:1 19:1 19:10 20:22 21:10 22:1 23:14 23:16 23:23 24:12 25:12 26:6 26:15 28:2 28:13 28:16 28:19 29:13 29:22 29:25 31:9 31:16 31:16 32:8 32:10 33:15 33:19 33:24 34:2 35:10 35:15

thinking(1) 21:19
thinks(1) 27:13
third(1) 23:15
this(37) 10:17 12:3 12:6 13:8 13:10 15:4 15:18 15:21 18:24 19:1 20:18 22:6 23:10 23:10 24:17 27:1 27:7 30:7 30:17 30:23 31:23 32:8 32:17 32:23 33:5 33:16 34:3 34:21 34:23 35:7 35:8 37:7

thomas(2) 2:49 7:37
thompson(2) 8:15 8:16
thomson(1) 7:37
thornburg(1) 2:41
those(14) 10:15 10:19 10:24 11:3 17:13 19:5 27:19 28:10 29:14 29:20 30:13 30:15 32:17 36:3

thought(3) 12:5 15:21 19:19
thoughts(2) 11:17 15:18
three(2) 9:6 16:4
through(1) 19:22
time(14) 13:22 13:24 14:17 16:17 17:21 20:6 20:11 21:24 21:25 23:1 26:24 34:9 34:24 35:8

timeframe(1) 15:15
timely(1) 10:2
times(1) 3:30
today(8) 9:6 10:2 13:14 14:2 15:6 15:20 35:22 37:2

today's(1) 12:17
together(4) 12:7 19:8 33:13 35:2
told(1) 35:7
tolling(3) 22:16 22:17 23:7
tom(1) 19:13
too(3) 14:10 18:3 35:3
torres(1) 8:4
totally(1) 24:19
towards(1) 21:15
tower(1) 4:43
track(1) 15:11

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| | | | | | |

**trade**(9) 5:5 12:22 13:1 13:5 13:6 13:13 13:16 13:16 14:15

**transcript**(3) 1:19 1:51 37:13
**transcription**(2) 1:45 1:52
**treatment**(3) 15:24 17:3 18:25
**tree**(1) 19:4
**trehan**(1) 6:23
**tribune**(2) 1:9 5:13
**trust**(5) 3:21 5:35 8:4 9:20 9:22
**try**(8) 17:20 19:3 19:4 19:8 23:23 22:23 33:21 34:13

**trying**(6) 24:23 24:24 28:16 32:15 34:21 35:16

**tunnell**(1) 4:32
**turn**(1) 29:20
**two**(14) 9:10 10:4 10:16 10:20 10:24 11:3 13:13 16:3 23:5 24:13 26:25 28:12 30:13 32:17
**type**(1) 18:11
**types**(1) 22:17
**ubs**(2) 6:50 6:50
**ultimate**(1) 20:15
**unable**(1) 25:20
**uncertainty**(1) 23:16
**under**(1) 16:8
**underpinnings**(1) 10:15
**understand**(3) 9:14 12:19 16:16
**understandable**(1) 20:2
**understanding**(1) 17:9
**unfortunate**(2) 31:9 31:22
**unfortunately**(2) 17:4 23:15
**uniform**(8) 15:25 16:12 16:24 17:7 18:3 19:6 20:3 20:3

**uniformity**(1) 17:5
**unique**(1) 18:2
**united**(2) 1:1 1:21
**unsecured**(1) 16:22
**until**(4) 11:15 15:1 21:1 36:20
**upon**(1) 17:16
**use**(1) 33:1
**usman**(1) 8:9
**usual**(1) 14:25
**vail**(1) 6:38
**value**(1) 14:11
**variety**(2) 9:22 10:10
**various**(2) 18:12 29:24
**vehicle**(1) 15:25
**very**(14) 9:16 11:22 16:6 22:22 25:10 25:22 26:14 27:16 29:9 32:9 33:19 34:24 35:25 37:6
**view**(9) 13:18 14:12 14:18 21:11 23:19 24:15 26:15 27:5 33:5

**views**(3) 17:1 32:25 33:1
**violated**(1) 10:7
**voters**(2) 16:5 19:3
**waiting**(1) 36:11
**waiver**(1) 27:9
**waivers**(4) 26:25 27:2 27:14 29:18
**want**(6) 15:6 20:1 21:18 29:7 35:3 35:14
**wanted**(4) 21:7 30:6 32:21 36:5
**wants**(2) 32:24 33:25
**war**(1) 17:17
**wardwell**(1) 2:34
**was**(24) 9:7 9:13 10:4 10:6 10:9 12:16 12:25 13:12 14:16 15:21 18:10 19:2 24:8 24:22 25:4 25:18 30:8 30:17 32:12 32:19 32:20 34:3 34:4 37:9

**washington**(1) 2:24
**wasn't**(2) 13:14 25:22
**wasted**(1) 20:5
**water**(1) 35:20

**way**(8) 9:23 12:6 20:14 21:23 25:24 28:25 33:19 33:23

**ways**(1) 33:13
**we'd**(2) 11:3 16:15
**we'll**(12) 11:17 11:19 12:14 17:21 17:22 17:23 18:24 21:13 22:2 34:17 36:24 37:3

**we're**(18) 10:25 11:1 11:1 11:8 11:8 19:17 22:13 22:19 22:23 23:15 24:24 25:16 31:10 31:23 34:8 34:21 36:1 36:11

**we've**(1) 19:22
**week**(3) 9:21 31:25 32:10
**weil**(1) 6:17
**weiss**(2) 6:5 7:29
**weitman**(1) 5:22
**well**(27) 9:16 11:14 12:13 12:24 13:10 13:12 13:21 17:8 19:19 21:7 21:21 22:4 22:22 22:24 23:2 24:17 25:3 25:18 26:15 28:8 28:13 31:2 31:13 32:5 35:15 36:8 37:4
**wells**(2) 6:33 19:14
**were**(10) 9:6 10:4 10:5 10:8 10:19 17:14 25:20 26:24 28:8 34:8

**weren't**(1) 25:9
**west**(3) 1:37 2:44 4:7
**wharton**(2) 6:5 7:29
**what**(35) 10:3 12:6 13:11 13:21 15:3 16:7 17:12 18:8 19:2 19:4 19:17 19:24 20:5 20:15 20:20 20:23 21:16 25:2 25:10 25:13 25:13 26:20 26:21 26:24 29:23 31:19 32:14 33:17 33:22 33:23 34:10 35:1 35:2 36:3 36:8
**what's**(4) 16:16 19:24 20:12 33:10
**whatever**(6) 11:9 12:19 21:2 26:3 27:13 34:17

**when**(7) 12:5 13:10 29:3 29:6 29:10 31:2 35:19

**whenever**(1) 27:24
**where**(14) 14:22 22:12 24:16 24:25 27:11 27:15 28:6 28:11 29:20 32:13 33:6 33:12 33:13 35:13

**whereupon**(1) 37:9
**whether**(2) 15:14 30:3
**which**(16) 9:23 15:1 15:12 15:23 18:3 20:1 20:9 22:20 29:10 29:18 30:8 31:8 31:12 32:16 32:22 33:1

**while**(4) 25:21 25:21 32:9 34:23
**white**(3) 6:33 19:14 26:7
**whittman**(1) 8:19
**who**(9) 19:3 22:5 22:5 26:9 26:13 27:3 27:9 29:11 32:17

**who's**(1) 23:21
**whom**(3) 13:2 27:8 27:9
**why**(2) 14:15 33:24
**will**(18) 10:2 12:3 13:16 15:8 15:11 15:12 18:5 18:24 20:9 21:13 22:5 31:12 32:1 33:13 33:20 34:10 36:23 37:8

**william**(1) 3:36
**wilmer**(1) 5:44
**wilmington**(17) 1:13 1:39 2:8 2:31 2:45 2:51 3:10 3:21 3:24 3:39 4:9 4:29 4:37 5:35 9:1 9:20 9:22

**winnings**(1) 33:9
**wish**(12) 11:22 12:18 12:25 14:20 18:16 19:11 20:12 24:1 24:10 30:21 35:20 37:7

**wishes**(1) 34:12

**with**(63) 10:13 11:4 11:23 12:4 12:7 12:17 12:17 18:12 19:6 14:6 14:13 14:21 14:22 15:10 16:1 16:2 16:9 16:12 16:23 17:17 17:20 17:21 18:12 19:6 19:14 19:21 20:4 20:14 20:17 20:19 21:19 21:22 22:20 22:23 24:6 24:10 25:20 26:2 26:22 26:22 26:23 27:18 28:7 28:16 28:22 29:2 29:4 29:12 29:24 30:6 30:9 30:21 31:11 31:21 31:23 32:17 33:20 34:22 34:23 36:1 36:1 36:4 36:6 36:22

**within**(1) 18:19
**without**(5) 10:20 17:16 25:15 29:21 34:5
**wolosky**(1) 4:41
**womble**(1) 2:48
**won't**(3) 18:12 20:9 20:25
**wonder**(1) 25:24
**words**(1) 17:17
**work**(5) 17:20 20:9 21:3 32:20 37:4
**workable**(1) 16:13
**worked**(1) 14:24
**working**(2) 12:8 31:23
**works**(1) 33:2
**worry**(1) 12:15
**worthy**(1) 33:15
**would**(41) 10:12 10:15 10:16 11:10 13:5 14:9 15:17 15:23 15:25 16:15 16:23 18:4 18:21 19:10 20:1 20:19 20:20 23:22 24:18 25:12 25:23 26:6 26:21 27:13 27:17 27:22 28:10 28:15 28:21 28:24 29:18 29:19 30:23 31:8 31:19 31:21 32:1 32:9 33:21 33:22 33:23

**wouldn't**(1) 25:10
**wow**(1) 13:19
**wrap**(1) 36:5
**wrapped**(1) 26:1
**written**(1) 14:6
**wrong**(2) 12:23 12:25
**yeah**(2) 12:16 16:15
**year**(1) 23:5
**years**(1) 32:17
**yet**(2) 15:17 32:9
**yoo**(1) 2:14
**york**(11) 2:16 2:38 3:17 3:31 3:45 3:51 4:23 4:45 4:52 5:8 8:5

**you**(57) 10:1 11:18 12:7 12:15 12:23 13:10 13:21 13:22 14:4 14:10 14:19 14:20 15:14 16:17 19:11 19:20 19:22 20:4 20:18 21:8 21:9 22:9 22:19 22:21 23:3 23:13 23:23 23:23 24:1 24:5 25:7 25:7 25:19 26:2 28:12 29:7 32:6 33:5 33:6 33:7 33:11 33:17 33:17 34:3 35:8 35:8 36:5 36:6 36:8 36:17 36:18 36:21 36:23 36:25 37:4 37:6 37:7

**you'd**(1) 25:19
**you'll**(1) 14:7
**you're**(4) 18:13 18:17 18:21 25:10
**you've**(2) 13:22 20:15
**young**(2) 2:14 4:4
**your**(58) 9:4 9:4 9:17 10:1 10:3 10:7 10:24 11:4 11:9 11:13 11:19 11:24 12:2 12:10 12:20 12:24 13:6 14:2 14:9 14:19 16:11 16:21 17:20 17:25 18:10 18:18 19:2 19:9 19:13 21:5 23:3 24:5 24:19 25:12 26:6 26:20 26:24 27:22 28:13 28:15 28:23 28:24 29:22 30:6 30:14 30:20 31:7 32:8 32:13 34:20 35:9 35:23 36:5 36:10 36:13 36:15 36:25 37:3

**zabel**(1) 7:46
**zuckerman**(8) 2:19 27:20 28:1 28:3 29:6 29:8 30:11 30:13