**<u>EXHIBIT A</u>**

**EXCERPT FROM D. I. 3371**

C. **If The Committee Is Granted Derivative Standing, The Debtors Should Retain The Authority To Settle The Claims.**

The Committee seeks standing not only to commence and prosecute estate claims, but also standing to settle such claims. To the extent the Committee is seeking to divest the Debtors of their power to settle these causes of action, that request must be denied. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion *by the trustee* and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a) (emphasis added). Under this Rule, the trustee (or debtor in possession by virtue of section 1107(a) of the Bankruptcy Code) has the express, if not exclusive, right to settle claims in a chapter 11 case. *See Hartford Underwriters Ins. Co. v. Union Planters Bank N.A.*, 530 U.S. 1, 6

---

[5] For example, the Committee's counsel, Chadbourne & Parke, itself suffered from such a conflict and the Committee selected Zuckerman Spaeder as special litigation counsel. (Mot. p. 3.)

(2000) (construing the phrase "the trustee may recover" to confer a right exclusively on the trustee). In addition, Section 1123 of the Bankruptcy Code provides that a plan of reorganization may settle "any claim or interest belonging to the debtor or the estate...." 11 U.S.C. § 1123(b)(3)(A). Notwithstanding a grant of derivative standing, estate claims remain property of the estate. *In re Adelphia Communications Corp.*, 371 B.R. 660, 664 (S.D.N.Y. 2007).

Accordingly, courts consistently have held that a debtor has the power to propose a settlement of a claim brought derivatively on behalf of the estate. *See, e.g., In re Exide Techs.*, 303 B.R. 48, 67 (Bankr. D. Del. 2003) (holding that § 1123(b)(3)(A) authorized a debtor to propose in its plan of reorganization a settlement of an adversary proceeding brought by a creditors committee); *In re Allegheny Int'l, Inc.,* 118 B.R. 282, 326 (Bankr. W.D. Pa. 1990) (approving settlement proposed by debtor of equitable subordination claim brought derivatively by equity committee although equity committee did not join in settlement proposal); *In re Fugazy*, 150 B.R. 103, 105-06 (Bankr. S.D.N.Y. 1993) (allowing debtor to seek approval to settle fraudulent transfer claims before considering creditor's motion for derivative standing to bring claims); *In re Matco Elecs. Group, Inc.,* 287 B.R. 68 (Bankr. N.D.N.Y. 2002) (considering debtor's proposed settlement of claims brought by creditor's committee on behalf of estate); *see also In re Smart World Techs. LLC*, 423 F.3d 166, 176 (2d Cir. 2005) (holding that bankruptcy court improperly granted derivative standing to creditors' committee to settle a lawsuit over the debtor's objection).

Although for the reasons set forth in Parts A and B above, the Debtors do not believe that the Committee should be granted derivative standing at all, if any such step is ultimately authorized, the Debtors request that such an order make clear that the Debtors retain the right to

46429/0001-6325365v1

settle the claims, whether pursuant to a plan of reorganization or otherwise, so long as the Court

concludes that the settlement is fair and reasonable pursuant to Bankruptcy Rule 9019.

## CONCLUSION

For the foregoing reasons, the Motion of the Official Committee of Unsecured Creditors

for Entry of an Order Granting Leave, Standing, and Authority to Commence, Prosecute and

Settle Claims and Counterclaims of the Debtors' Estates should be denied.


Dated:    Wilmington, Delaware                   Respectfully submitted,
          February 11, 2010

                                                 SIDLEY AUSTIN LLP
                                                 James F. Conlan
                                                 Bryan Krakauer
                                                 Janet E. Henderson
                                                 Melanie E. Walker
                                                 Candice L. Kline
                                                 One South Dearborn Street
                                                 Chicago, IL 60603
                                                 Telephone: (312) 853-7000
                                                 Facsimile: (312) 853-7036

                                                       -and-

                                                 COLE, SCHOTZ, MEISEL,
                                                 FORMAN & LEONARD, P.A.

                                                 By: _____
                                                 Norman L. Pernick (No. 2290)
                                                 J. Kate Stickles (No. 2917)
                                                 Patrick J. Reilley (No. 4451)
                                                 500 Delaware Avenue, Suite 1410
                                                 Wilmington, DE 19801
                                                 Telephone: (302) 652-3131
                                                 Facsimile: (302) 652-3117

                                                 ATTORNEYS FOR DEBTORS AND
                                                 DEBTORS IN POSSESSION

13