IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                          )
In re:                                    )   Chapter 11
                                          )
TRIBUNE COMPANY, et al.,                  )   Case No. 08-13141 (KJC)
                                          )   Jointly Administered
           Debtors.                       )
                                          )   Ref Docket Nos. 3281, 5668, 5698,
                                          )   5871, 5909, 5910
                                          )
                                          )   Hearing Date: October 22, 2010 at
                                          )   2:00 p.m.
                                          )   Response Date: October 11, 2010 (by
                                              agreement of the movant)

------------------------------------------------------------x

## AURELIUS CAPITAL MANAGEMENT, LP'S LIMITED OBJECTION TO MOTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDERS GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE AND SETTLE CLAIMS AND COUNTERCLAIMS OF THE DEBTORS' ESTATES

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed funds, is one of the largest holders of pre-LBO bonds issued by Tribune Company ("Tribune" and collectively with its subsidiary debtors, the "Debtors") and is one of the largest unsecured creditors in these chapter 11 cases. Aurelius hereby responds to (i) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates [Docket No. 3281], as supplemented on September 13, 2010 [Docket No. 5698] (the "Supplement") (as supplemented, the "LBO Lender Standing Motion") and (ii) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Certain Claims of the Debtors' Estates [Docket No. 5668] ( the "Non-LBO Lender Standing Motion" and, together with the LBO Lender

{00448411;v1}920324.17

Standing Motion, the "Standing Motions"). In response to the Standing Motions, Aurelius respectfully represents as follows:

## Background

1. In the Standing Motions, the Official Committee of Unsecured Creditors (the "Committee") seeks leave, standing, and authority to commence, prosecute, and settle on behalf of the Debtors' estates causes of action against parties that participated in, structured, benefitted from, and/or funded the LBO Transaction the ("LBO-Related Causes of Action"). Specifically, in the LBO Lender Standing Motion, the Committee seeks Court authorization to prosecute certain LBO-Related Causes of Action including against the banks and other lenders participating currently, previously or in the future in the LBO Transaction (collectively, the "LBO Lenders") to, *inter alia*, avoid, recover, and/or equitably subordinate transfers and obligations the Debtors made and incurred in connection with the LBO Transaction. The proposed defendants named in the draft adversary complaint attached to the LBO Lender Standing Motion (the "Draft LBO Lender Complaint") are: JPMorgan Chase Bank, N.A. ("JPMCB"), J.P. Morgan Securities Inc. (collectively with JPMCB and its other affiliates, "JPMorgan"), Merrill Lynch Capital Corporation ("MLCC"), Merrill, Lynch, Pierce, Fenner & Smith Incorporated (collectively with MLCC and its other affiliates, "Merrill Lynch"), Citicorp North America, Inc. ("Citi"), Citigroup Global Markets, Inc. (collectively with Citi and its other affiliates, "Citigroup"), Bank of America, N.A. ("Bank of America"), Banc of America

Securities, LLC (collectively with Bank of America and its other affiliates, "BofA"), and Morgan Stanley & Co. Inc.[1] *See* LBO Lender Standing Motion, Exhibit A.

    2.    In the Non-LBO Lender Standing Motion the Committee seeks Court authorization to prosecute certain LBO-Related Causes of Action against (i) Tribune's board of directors and its officers at the time of the LBO Transaction, (ii) the boards of directors and officers of those Tribune subsidiaries that issued guaranties to the LBO Lenders as part of the LBO Transaction, (iii) certain entities that were among Tribune's largest shareholders during the relevant time period prior to the LBO-Related Transaction's closing, (iv) Samuel Zell and his affiliated entities, Equity Group Investments, L.L.C., EGI-TRB, L.L.C. and Sam Investment Trust, (v) assignees of a certain subordinated promissory note issued in favor of EGI-TRB, L.L.C. in connection with the LBO Transaction, (vi) Valuation Research Corporation, which provided solvency opinions in connection with the LBO Transaction, (vii) persons and legal entities who redeemed, sold, or traded shares of Tribune stock in connection with the LBO Transaction, and (viii) certain additional parties who aided and abetted, benefitted from, or otherwise participated, directly or indirectly in the LBO Transaction. *See* Non-LBO Lender Standing Motion at ¶ 16.

---

[1] As the Committee states in the draft complaint attached to the LBO Lender Standing Motion, "[t]he identity and interest of each of the current LBO Lenders is unknown to the Committee. Those lenders currently owning an interest in such loans are bound by the actions of their predecessors in interest with respect to such loans, and references to actions by "LBO Lenders" [in the complaint] therefore include actions taken by the predecessors in interest of the lenders currently owning an interest in the loans at issue. The Committee reserves the right to add as additional defendants all LBO Lenders if necessary to obtain complete relief." LBO Lender Standing Motion at ¶ 22.

## Limited Objection

3. In light of the Committee's agreement with Aurelius that, *inter alia*, Zuckerman Spaeder and Landis Roth & Cobb will serve as the exclusive counsel of record in the Committee's pending Standing Motions and in the actions that are filed by the Committee if the Standing Motions are granted, Aurelius generally consents to the relief the Committee seeks in its Standing Motions, but has the following limited objections:

4. With respect to the Committee's authority to settle the claims that are the subject of the proposed complaints, Aurelius submits that any settlement that is negotiated should be subject to Court approval after notice to, and an opportunity to be heard by, interested parties such as Aurelius. Furthermore, any proposed settlement prior to confirmation should be without prejudice to the rights of interested parties, such as Aurelius, to propose a plan of reorganization that may be different from any plan that incorporates a settlement or proposed settlement of such claims.

5. The Standing Motions do not appear to give the Committee authority to deal with potential claims, including those pertaining to debt, avoidance and disgorgement, that Tribune and its subsidiaries (both Debtors and non-Debtors) may have against each other. This omission is of serious concern. The conflicts of interest that render the Debtors wholly unfit to investigate, preserve and prosecute LBO-related causes of action also render them unsuitable to investigate, preserve and prosecute intercompany claims. This is so for at least two reasons. First, some intercompany claims may themselves be LBO-related or may be germane to issues, such as solvency, that in turn bear on the causes of action to which the Standing Motions apply. Second, intercompany claims may affect the allocation of value between Tribune on the one hand and

various guarantor subsidiaries on the other, with corresponding implications for recoveries of various creditors whose claims are not avoided or disallowed. Given the Debtors' constant and ill-motivated efforts from the outset of this case, and continuing presently, to run roughshod over the rights of non-LBO creditors in order to cater to LBO lenders, it is entirely predictable how the Debtors will bias its handling of intercompany claims if allowed to do so. In light of these concerns, Aurelius considers it imperative that a fiduciary other than the Debtors be given standing to deal with the investigation, preservation and prosecution of intercompany claims. This could be accomplished by expanding the authority the Committee presently seeks in the Standing Motions, but it is unclear whether the Committee desires to undertake that responsibility. Alternatively a trustee or other independent fiduciary could be appointed for this purpose. In all events, it is important to address such claims sufficiently in advance of December 8, 2010, to avoid the possibility of the expiration of any potentially applicable statutes of limitations.

6.      In addition, in order to conform to the Committee's recently-filed Supplement, any order granting the relief sought in the LBO Lender Standing Motion should provide that the Committee be granted "leave, standing and authority to commence, prosecute and settle the ***LBO Claims*** (as that term is defined in the ***Supplement***), including without limitation causes of action arising under Chapter 5 of the Bankruptcy Code, with the full rights and privileges and in the stead of the Debtors...." (emphasis added to reflect changes from proposed order attached to original LBO Lender Standing Motion [Docket No. 3281]). Also, for the avoidance of doubt, any orders granting the Standing Motions should authorize the Committee, without the need for any further notice or order, to name any person or entity, whether or not named in the draft complaint, that the Committee determines to be an appropriate defendant in respect of the claims

asserted. Any orders granting the Standing Motions should also authorize the Committee, without the need for any further notice or order, to assert any and all causes of action it deems appropriate relating to the LBO transactions, whether or not those causes of action have been included in the proposed complaints.

7. Aurelius's consent herein is without prejudice to the pending Motion of Aurelius Capital Management, LP for Appointment of a Chapter 11 Trustee [Docket No. 5680]. Aurelius reserves the right to seek to have an independent trustee, if appointed, granted authority to commence and prosecute the claims that are the subject of the Standing Motions.

8. For the reasons set forth above, Aurelius consents to the granting of the Committee's Standing Motions, subject to the considerations set forth herein.

Dated: Wilmington, Delaware
October 11, 2010

                                          **ASHBY & GEDDES, P.A.**

                                          /s/ Ben Keenan
                                          William P. Bowden (I.D. No. 2553)
                                          Amanda M. Winfree (I.D. No. 4615)
                                          Benjamin W. Keenan (I.D. No. 4724)
                                          500 Delaware Avenue
                                          P.O. Box 1150
                                          Wilmington, DE 19899
                                          (302) 654-1888

                                                    - and -

                                          Edward A. Friedman
                                          William P. Weintraub
                                          Hal Neier
                                          **FRIEDMAN KAPLAN SEILER &**
                                          **ADELMAN LLP**

{00448411;v1}
920324.17
                                   6

1633 Broadway
New York, NY 10019-6708
(212) 833-1100

- and -

Daniel H. Golden
Philip C. Dublin
**AKIN GUMP STRAUSS HAUER &
    FELD LLP**
One Bryant Park
New York, NY  10036
(212) 872-1000

*Attorneys for Aurelius Capital Management, LP*