## EXHIBIT B-1

## MODIFIED PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER SCHEDULING A HEARING AND ESTABLISHING CERTAIN DEADLINES TO CONSIDER APPROVAL OF CERTAIN DISCLOSURE DOCUMENT(S)

The Court having held a status conference on October 4, 2010 concerning, *inter alia*, the status of any plan(s) of reorganization with respect to the above captioned chapter 11 proceedings (the "October 4th Status Conference"); and the Court desiring to schedule a hearing date and establish certain deadlines in connection with considering the adequacy of certain disclosure documents that may be proposed in connection with any such plan(s) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reorganization; and the Court further desiring that the proposed disclosure documents to be considered at the aforementioned hearing be (i) subject to the same solicitation timeline to be established by the Court, (ii) formulated as a description of the specific plan of reorganization being proposed (each, a "Specific Disclosure Document" and, collectively, the "Specific Disclosure Documents") and (iii) designed to be incorporated into a master disclosure document (the "Master Disclosure Document") containing the Specific Disclosure Documents and a general disclosure document (the "General Disclosure Document"); and the Court further desiring that the General Disclosure Document, to be prepared by the Debtors, contain general information customarily included in a disclosure statement pertinent to, among other things, the Debtors' businesses, properties, prepetition liabilities, claims, and events during these chapter 11 proceedings; and the Debtors intending to circulate a draft of the General Disclosure Document to the other Mediation Parties (as defined in the Order Appointing Mediator [D.I. 5591]) on or prior to October 8, 2010; and the Court finding good cause to shorten the notice and filing requirements of Bankruptcy Rule 2002(b) as set forth below in this Order; and the Court finding that the relief set forth herein is in the best interests of the Debtors, their estates and creditors as a whole; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Debtors shall (i) on or prior to October 8, 2010 circulate to the Mediation Parties a proposed draft of the General Disclosure Document and (ii) on or prior to October 15, 2010, file with the Court (x) their plan of reorganization (the "Debtors' Plan"), (y) a Specific Disclosure Document describing the Debtors' Plan and (z) the General Disclosure Document; and it is further

ORDERED, that any party in interest that wishes to file a plan of reorganization with respect to the above-captioned cases (a "Competing Plan") that will be included in the

Court's contemplated single-solicitation process, shall file (i) a Competing Plan and (ii) a Specific Disclosure Document describing such Competing Plan in a manner that does not duplicate the information set forth in the General Disclosure Document at any time on or prior to October 22, 2010; and it is further

ORDERED, that on or prior to October 26, 2010, parties in interest may file a statement ("Responsive Statement") limited to 5 pages per Competing Plan that they propose to include in the Master Disclosure Document (or, if applicable, in any solicitation package approved by the Court), which Responsive Statement shall be limited to a discussion of Competing Plans or Specific Disclosure Documents previously filed by the various parties; and it is further

ORDERED, that on or prior to November 2, 2010 at 4:00 p.m. (prevailing Eastern time) ("Objection Deadline"), parties in interest shall file objections to the General Disclosure Document, the Specific Disclosure Documents, or the Responsive Statements ("Objections"); and it is further

ORDERED, that no replies shall be filed to any of the Objections, though parties may filed amended versions of the General Disclosure Document, Specific Disclosure Documents, their respective plans of reorganization, and Responsive Statements to resolve or attempt to resolve Objections; and it is further

ORDERED, that parties in interest who file any plan of reorganization, General Disclosure Document, Specific Disclosure Documents, Responsive Statements and Objections shall electronically serve any such documents (and any amendments thereto) on counsel for the Mediation Parties promptly after filing any such documents; and it is further

ORDERED, that a hearing shall be held on November 9, 2010 at 10:00 a.m. (prevailing Eastern time) ("Hearing") before the Honorable Kevin J. Carey, Chief Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware to consider approval of the General Disclosure Document, any Specific Disclosure Documents, and any Responsive Statements to be incorporated into the Master Disclosure Document; and it is further

ORDERED, that all parties that file a Specific Disclosure Document are directed to confer and work together in good faith to determine the manner in which to integrate the General Disclosure Document, the Specific Disclosure Documents, and Responsive Statements thereto into the Master Disclosure Document; and it is further

ORDERED, that Debtors shall promptly serve notice of the Hearing, the Objection Deadline, and information regarding how any party in interest may obtain copies of the Debtors' Plan, any Competing Plan, the General Disclosure Document, the Specific Disclosure Documents, Responsive Statements, Objections and any amendments to the foregoing to all the parties entitled to notice under Bankruptcy Rule 2002(b); and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       October ___, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

46429/0001-7074119v2
LA1 1891298v.4

# **EXHIBIT B-2**

## **BLACK LINE REFLECTING DIFFERENCES BETWEEN PROPOSED ORDER AND MODIFIED PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Debtors. | |

## ORDER SCHEDULING A HEARING AND ESTABLISHING CERTAIN DEADLINES TO CONSIDER APPROVAL OF CERTAIN DISCLOSURE DOCUMENT(S)

The Court having held a status conference on October 4, 2010 concerning, *inter alia*, the status of any plan(s) of reorganization with respect to the above captioned chapter 11 proceedings (the "October 4th Status Conference"); and the Court desiring to schedule a hearing date and establish certain deadlines in connection with considering the adequacy of certain disclosure documents that may be proposed in connection with any such plan(s) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

-704931 1v
46429/0001-7074119v2

reorganization; and the Court further desiring that the proposed disclosure documents to be considered at the aforementioned hearing be (i) subject to the same solicitation timeline to be established by the Court, (ii) formulated as a description of the specific plan of reorganization being proposed (each, a "Specific Disclosure Document" and, collectively, the "Specific Disclosure Documents") and (iii) designed to be incorporated into a master disclosure document (the "Master Disclosure Document") containing the Specific Disclosure Documents and a general disclosure document (the "General Disclosure Document"); and the Court further desiring that the General Disclosure Document, to be prepared by the Debtors, contain general information customarily included in a disclosure statement pertinent to, among other things, the Debtors' businesses, properties, prepetition liabilities, claims, and events during these chapter 11 proceedings; and the Debtors intending to circulate a draft of the General Disclosure Document to the other Mediation Parties (as defined in the Order Appointing Mediator [D.I. 5591]) on or prior to October 8, 2010; and the Court finding good cause to shorten the notice and filing requirements of Bankruptcy Rule 2002(b) as set forth below in this Order; and the Court finding that the relief set forth herein is in the best interests of the Debtors, their estates and creditors as a whole; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Debtors shall (i) on or prior to October 8, 2010 circulate to the Mediation Parties a proposed draft of the General Disclosure Document and (ii) ~~file~~ **on or prior to October 15, 2010, file with the Court (x) their plan of reorganization (the "Debtors' Plan"), (y) a Specific Disclosure Document describing the Debtors' Plan and (z)** the General Disclosure Document ~~with the Court on or prior to October 15, 2010~~; and it is further

ORDERED, that any party in interest that wishes to file a plan of reorganization with respect to the above-captioned cases (a "Competing Plan") that will be included in the

Court's contemplated single-solicitation process, shall file (i) a Competing Plan and (ii) a Specific Disclosure Document describing such Competing Plan in a manner that does not duplicate the information set forth in the General Disclosure Document at any time on or prior to October ~~15~~**22**, 2010; and it is further

ORDERED, that on or prior to October 26, 2010, parties in interest may file a statement ("Responsive Statement") limited to 5 pages per Competing Plan that they propose to include in the Master Disclosure Document (or, if applicable, in any solicitation package approved by the Court), which Responsive Statement shall be limited to a discussion of Competing Plans or Specific Disclosure Documents previously filed by the various parties; and it is further

ORDERED, that on or prior to November 2, 2010 at 4:00 p.m. (prevailing Eastern time) ("Objection Deadline"), parties in interest shall file objections to the General Disclosure Document, the Specific Disclosure Documents, or the Responsive Statements ("Objections"); and it is further

ORDERED, that no replies shall be filed to any of the Objections, though parties may filed amended versions of the General Disclosure Document, ~~and their respective~~ Specific Disclosure Documents, ~~Competing Plans~~**their respective plans of reorganization**, and Responsive Statements to resolve or attempt to resolve Objections; and it is further

ORDERED, that parties in interest who file any ~~Competing Plans~~**plan of reorganization**, General Disclosure Document, Specific Disclosure Documents, Responsive Statements and Objections shall electronically serve any such documents (and any amendments thereto) on counsel for the Mediation Parties promptly after filing any such documents; and it is further

3

46429/0001-7074119v2

ORDERED, that a hearing shall be held on November 9, 2010 at 10:00 a.m. (prevailing Eastern time) ("Hearing") before the Honorable Kevin J. Carey, Chief Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware to consider approval of the General Disclosure Document, any Specific Disclosure Documents, and any Responsive Statements to be incorporated into the Master Disclosure Document; and it is further

ORDERED, that all parties that file a Specific Disclosure Document are directed to confer and work together in good faith to determine the manner in which to integrate the General Disclosure Document, the Specific Disclosure Documents, and Responsive Statements thereto into the Master Disclosure Document; and it is further

ORDERED, that Debtors shall promptly serve notice of the Hearing, the Objection Deadline, and information regarding how any party in interest may obtain copies of **the Debtors' Plan,** any Competing Plan, the General Disclosure Document, the Specific Disclosure Documents, Responsive Statements, Objections and any amendments to the foregoing to all the parties entitled to notice under Bankruptcy Rule 2002(b); and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
October ___, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge