# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: September 21, 2010 at 4:00 p.m. ET |
| | Hearing Date: October 22, 2010 at 2:00 p.m. ET |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

125192_1.DOC

### SUPPLEMENT RE: FINAL APPLICATION OF KENNETH KLEE, THE EXAMINER, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 30, 2010 THROUGH AUGUST 20, 2010

Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), by and through his counsel, respectfully submits this *Supplement* regarding the *Final Application of Kenneth N. Klee, The Examiner, for Compensation and for Reimbursement of Expenses for the Period April 30, 2010 through August 20, 2010* ("Final Application") [Docket No. 5584].

1. On August 31, 2010, the Examiner filed the Final Application. As set forth therein, the Final Application requested allowance and payment of fees and expenses in the liquidated amount of "$690,715.43, comprising: (i) professional fees in the amount of $663,292.50 incurred during the period April 30, 2010 through and including August 20, 2010 (the "Final Application Period"), [and] (ii) out-of-pocket expenses incurred by the Examiner during the Final Application Period in the amount of $27,422.93 . . . " Final Application at 2.

2. The deadline for objections to the Final Application has expired. No objections have been filed to the Final Application, timely or otherwise.

3. On October 7, 2010, Stuart Maue, the court-appointed fee examiner in these cases ("Fee Examiner") filed the *Fee Examiner's Final Report Regarding Final Application of Kenneth N. Klee, The Examiner* [Docket No. 5900] ("Fee Examiner's Report"). The Fee Examiner's Report recommends approval of the Final Application, less a reduction of $5,835.81 in expenses. Mr. Klee agreed to this reduction prior to the filing of the Fee Examiner's Report and has no objection to approval of the Final Application subject to that reduction.

4. In addition to the liquidated amounts described therein, the Final Application expressly sought approval of "additional amounts, to be determined, in respect of this Final Application, which amounts will be set forth in one or more subsequent filings before the hearing on this Final Application. " *Id.* Further, the Final Application stated as follows:

> The amounts referenced herein are calculated based on information received through August 25, 2010. The Examiner intends to file one or more supplements to this Final Application, prior to the hearing thereon detailing: (a) the fees and expenses incurred in connection with the preparation and prosecution of this Final Application, and (b) any additional expenses for which the Examiner does not yet have complete or final billing information, including but not limited to, telephone expenses, PACER services, and Federal Express charges.

Final Application at 2, n.2.

5.  By this *Supplement*, Mr. Klee hereby supplements his Final Application to add: (a) actual fees incurred after the Final Application Period in respect of the Final Application and final applications of his professionals, (b) actual expenses incurred during the Final Application period that had not been posted to KTB&S' billing system at the time the Final Application was filed, and (c) certain estimated fees to be incurred by Mr. Klee in connection with his attendance at the October 22, 2010 hearing on the Final Application by telephone. Attached hereto as Exhibit 1 is an invoice itemizing those of the foregoing amounts that actually have been incurred. Attached as Exhibit 2 is a chart itemizing those amounts that have been estimated in respect of the upcoming hearing.

6.  In the aggregate, Mr. Klee's supplemental request herein totals $12,252.27, comprised of the following:

| | |
|---|---|
| Professional Fees Actually Incurred After August 20, 2010 In Respect of Final Applications and Compensation Matters (net of voluntary write-offs)[2] | $9320.00 |
| Previously Unasserted Expenses Actually Incurred During Final Application Period | $1,957.27 |
| Professional Fees Estimated For Participation In Hearing on Final Application | $975.00 |
| **Total** | **$12,252.27** |

7.  Under the circumstances presented, Mr. Klee respectfully submits that the foregoing additional fees and expenses are reasonable and appropriate, and should be allowed in favor of Mr.

---

[2] In the exercise of its billing discretion, Mr. Klee has voluntarily written off 0.7 hours of services in this category, comprising $682.50 in professional fees.

Klee at the hearing on the Final Application – in addition to the other amounts requested in the Final Application.

Dated: October 12, 2010
       Los Angeles, California

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
Martin R. Barash

1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090

Counsel to the Examiner