# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket No. 5572<br>Objection Deadline: At the Hearing<br>Hearing Date: October 22, 2010 at 2:00 p.m. |

## SUPPLEMENT TO FOURTH MONTHLY AND FINAL FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO KENNETH N. KLEE, ESQ., THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2010 THROUGH AUGUST 30, 2010 AND MAY 1, 2010 THROUGH AUGUST 30, 2010, RESPECTIVELY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOD/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

598630.1 10/12/10

Saul Ewing LLP ("Saul Ewing" or "Applicant"), counsel to Kenneth N. Klee, Esq., the Examiner (the "Examiner") approved in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby respectfully submits this *Supplement* regarding the *Fourth Monthly and Final Fee Application of Saul Ewing LLP, Counsel to Kenneth N. Klee, Esq., the Examiner, for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2010 through August 30, 2010 and May 1, 2010 through August 30, 2010, Respectively* (the "Final Application") [Docket No. 5572].

1. On August 31, 2010, Saul Ewing filed the Final Application. As set forth therein, the Final Application requested allowance and payment of fees and expenses in the liquidated amount of $3,473,923.80, comprising: (a) compensation for the interim period from August 1, 2010 through August 30, 2010 in the amount of $39,324.50 for professional services rendered and $68,291.13 for reimbursement for actual and necessary costs; and (b) compensation for the final period from May 1, 2010 through August 30, 2010 in the amount of $3,273,373.50 for professional services rendered and $200,550.30[2] for reimbursement for actual and necessary costs.

2. The deadline for objections to the Final Application has expired. No objections have been filed to the Final Application, timely or otherwise.

3. On October 7, 2010, Stuart Maue, the court-appointed fee examiner in these cases (the "Fee Examiner") filed the *Final Report Regarding Final Fee Application of Saul Ewing LLP* [Docket No. 5904] (the "Fee Examiner's Report"). The Fee Examiner's Report recommends approval of the Final Application, less reductions of $48,408.50 in fees and $6,399.32 in expenses.

---

[2] As noted in the Fee Examiner's Report (as defined herein), the cover page of the Final Application incorrectly listed the total expenses as $185,412.76.

Saul Ewing agreed to each of these reductions prior to the filing of the Fee Examiner's Report and has no objection to approval of the Final Application subject to those reductions.

4.  In addition to the liquidated amounts described therein, the Final Application expressly sought approval of "additional compensation and reimbursement of additional expenses as may be identified in one or more supplements to this Application." *Id.* Further, the Final Application stated as follows:

> As set forth on the cover of this Application, Applicant reserves the right to supplement this Application to include (a) additional time and expenses incurred in filing this Application and the final applications of the Examiner and his other professionals; and (b) additional expenses for which the Applicant does not yet have complete or final information, including, but not limited to, telephone expenses, Federal Express charges, transcript charges and Pacer services.

Final Application at ¶ 23.

5.  By this Supplement, Saul Ewing hereby supplements its Final Application to add (a) actual fees incurred in respect of preparation and prosecution of the Final Application, filing and prosecution of the fee applications of the Examiner's Professionals; (b) actual expenses incurred during the Final Application period that were not in Saul Ewing's billing system at the time the Final Application was filed, and (c) certain estimated fees and expenses to be incurred by Saul Ewing in connection with the attendance at the October 22, 2010 hearing on the Final Application. Attached hereto as **Exhibit "A"** is an invoice itemizing those of the foregoing amounts that actually have been incurred. Attached as **Exhibit "B"** is a chart itemizing those amounts that have been estimated in respect of the upcoming hearing.

6. In the aggregate, Saul Ewing's supplemental request herein totals $18,953.27, comprised of the following:

| | |
|---|---|
| Professional Fees Actually Incurred in Respect of Final Application and Compensation Matters (net of voluntary write-offs) | $10,812.00 |
| Previously Unasserted Expenses Actually Incurred During Final Application Period | $5,174.27 |
| Professional Fees Estimated for Participation in Hearing on Final Application | $2,682.00 |
| Photocopying Expenses Estimated for Participation in Hearing on Final Application | $285.00 |

7. Under the circumstances presented, Saul Ewing respectfully submits that the foregoing additional fees and expenses are reasonable and appropriate, and should be allowed in favor of Saul Ewing at the hearing on the Final Application – in addition to the other amounts requested in the Final Application.

Dated: October 12, 2010

Respectfully Submitted,

SAUL EWING LLP

_____
Mark Minuti (Bar No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:   (302) 421-6840
Facsimile:   (302) 421-5873
Email: mminuti@saul.com

*Counsel to the Examiner*