IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
In re:                                         :    Chapter 11 Cases
                                               :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                       :    (Jointly Administered)
                                               :
        Debtors.                               :    Hearing Date and Time:
                                               :    October 22, 2010 at 2:00 p.m.[1]
                                               :
-----------------------------------------------------X    Related to Docket No. 3281, 5698,
                                                    5668
```

### LIMITED OBJECTION OF WILMINGTON TRUST COMPANY TO THE MOTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CERTAIN CLAIMS OF THE DEBTORS' ESTATES

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of $1.2 billion (generally referred to as the "PHONES") issued in April 1999 by Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors"), by and through its undersigned counsel, hereby respectfully submits this Limited Objection to:

1. *Motion for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates* [Docket No. 3281], as supplemented by *Supplement to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates* [Docket No. 5698] (the "First Standing Motion"); and

2. *Motion of Official Committee of Unsecured Creditors* ("Committee") *for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Certain Claims of the Debtors' Estates* [Docket No. 5668] (the "Second Standing Motion," and together with the First Standing Motion, the "Committee Standing Motions").

---

[1]  The Committee consented to an extension of Wilmington Trust's objection deadline until today.

In support of its Limited Objection, Wilmington Trust respectfully states as follows:

## BASES FOR THE LIMITED OBJECTION

1.  Wilmington Trust is keenly aware of the impending deadline for an estate representative to commence estate causes of action, and concurs with the near-universal view that all viable estate causes of action (including, for example, causes of action related to the Leveraged ESOP Transactions and otherwise) must not be allowed to become time-barred. The Committee Standing Motions do, however, raise certain questions that need to be addressed.

2.  First, Wilmington Trust questions whether the relief requested is too narrowly drawn. Causes of actions related to the Leveraged ESOP Transactions are critically important, but there are other potentially valuable estate causes of action that also should be preserved. The Bridge Agent, in its *Limited Objection to the Committee Standing Motions* [Docket No. 4910], correctly points to inter-company (Debtor vs. Debtor and Debtor vs. non-Debtor subsidiary/affiliate) causes of action that must be timely asserted or fully tolled. The same is true for all other Chapter V theories not necessarily arising from the Leveraged ESOP Transactions that may be asserted against third-parties. The Committee Standing Motions do not, for example, cover preference actions against unsecured creditors that may, among other things, off-set distribution entitlements. Wilmington Trust respectfully submits that, at the hearing on the Committee Standing Motions, there should be a full report from the Debtors and the Committee as to what investigations have been undertaken regarding estate causes of action not otherwise covered by the Examiner's Report, and a complete allocation of responsibility to commence <u>all</u> viable claims not otherwise tolled.

3.  Second, Wilmington Trust questions whether the Committee is appropriately positioned to control the prosecution of such estate causes of action. Questions concerning the

Committee's (and its counsel's) motives, conflicts of interest, and honest willingness to zealously prosecute estate causes of action have long punctuated the record, and need not be reiterated here. Regardless of the conflicts issues, the Committee recently announced its support for a putative settlement of most causes of action relating to the Leveraged ESOP Transactions, notably on terms that the pre-LBO creditors appearing in the cases universally and vociferously oppose. The Committee should not be given the green light to zealously prosecute claims it wants to settle (again, on very controversial terms) before the complaints are even filed. Others now may be better positioned to undertake this task.

4.  One solution would be to authorize the Committee to file the complaints, but then immediately stay their prosecution pending the anticipated competing-plan process (and/or continued mediation effort). This approach has several virtues: (i) it should alleviate near-term administrative cost, as well as litigation distraction that might otherwise further complicate the anticipated confirmation process; (ii) it reserves the question of which claims will be prosecuted and which will be settled, a question that likely will be answered in whichever plan is confirmed; (iii) it reserves the question of who ultimately should be entrusted with the claim prosecution and the ability to settle, questions that also likely will be answered by whichever plan is confirmed (e.g., a post-consummation litigation trust); and (iv) it also ameliorates concern over whether the complaints prepared by the Committee should have demanded a jury trial[2] and asserted all viable

---

[2] See, e.g., In re Southmark Corp., 163 F.3d 925, 935, n. 16 (5th Cir. 1999) (noting that "a debtor does not waive the right to a jury trial by filing a voluntary bankruptcy case").

claims against the defendants.[3] The approach also marries with the procedural posture recently ordered by the Court respecting Wilmington Trust's adversary proceeding against several agent banks involved in the Leveraged ESOP Transactions.

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court: (1) grant the relief requested in the Committee Standing Motions, but only if the issues raised herein are sufficiently resolved; and (2) grant Wilmington Trust any such further relief as is just and proper.

Dated: October 14, 2010

                Respectfully submitted,

                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:      */s/ Raymond H. Lemisch*
           Raymond H. Lemisch, Esq. (No. 4204)
           Jennifer R. Hoover, Esq. (No. 5111)
           222 Delaware Avenue, Suite 801
           Wilmington, DE 19801
           Telephone: (302) 442-7010
           Facsimile: (302) 442-7012
           Email: rlemisch@beneschlaw.com
           Email: jhoover@beneschlaw.com

           -and-

---

[3] The Committee's draft complaint does not, for example, assert counts sounding in aiding and abetting a fraudulent conveyance, which claim may be asserted under applicable law, would not be barred by Bankruptcy Code Section 546(e), and bear full tort damages, not only more narrowly-drawn fraudulent conveyance remedies. See, e.g., Royce de R. Barondes, Fiduciary Duties in Distressed Corporations, 1 J. BUS. & TECH. LAW 371, 384 (2007).

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*