IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|                                  |   |                          |
|----------------------------------|---|--------------------------|
|                                  | ) |                          |
| IN RE:                           | ) | Chapter 11               |
|                                  | ) |                          |
| TRIBUNE COMPANY, et al.,         | ) | Case No. 08-13141 (KJC)  |
|                                  | ) |                          |
|                                  | ) | Courtroom 5              |
|                                  | ) | 824 Market Street        |
| _____Debtors._____   | ) | Wilmington, Delaware     |

October 13, 2010
2:02 p.m.

TRANSCRIPT OF PROCEEDINGS
TELEPHONIC HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| For Debtors:             | Sidley Austin LLP                       |
|--------------------------|-----------------------------------------|
|                          | BY: KEVIN LANTRY, ESQ.                  |
|                          | BY: JAMES BENDERNAGEL, JR., ESQ.        |
|                          | BY: JESSICA BOELTER, ESQ.               |
|                          | BY: KEN KANSA, ESQ.                     |
|                          | BY: BRIAN KRAKAUER, ESQ.                |
|                          | One South Dearborn                      |
|                          | Chicago, IL 60603                       |
|                          | (213) 896-6022                          |
|                          |                                         |
|                          | Cole, Schotz, Meisel, Forman &          |
|                          | Leonard, PA                             |
|                          | BY:  NORMAN PERNICK, ESQ.               |
|                          | BY:  J. KATE STICKLES, ESQ.             |
|                          | 1000 North West Street                  |
|                          | Suite 1200                              |
|                          | Wilmington, DE 19801                    |
|                          | (302) 652-3131                          |
|                          |                                         |
| ECRO:                    | AL LUGANO                               |
|                          |                                         |
| Transcription Service:   | DIAZ DATA SERVICES                      |
|                          | 331 Schuylkill Street                   |
|                          | Harrisburg, Pennsylvania 17110          |
|                          | (717) 233-6664                          |

Proceedings recorded by electronic sound recording; transcript produced by transcription service

```
APPEARANCES:
(Continued)

For The Creditors Committee:    Landis Rath & Cobb
                                BY:  ADAM LANDIS, ESQ.
                                BY:  MATTHEW B. MCGUIRE, ESQ.
                                919 Market Street Suite 1800
                                P.O. Box 2087
                                Wilmington, DE 19899
                                (302) 467-4400

                                Chadbourne & Parke LLP
                                BY:  HOWARD SEIFE, ESQ.
                                BY:  DAVID LEMAY, ESQ.
                                BY:  DOUGLAS DEUTSCH, ESQ.
                                BY:  MARC ROITMAN, ESQ.
                                30 Rockefeller Plaza
                                New York, NY 10112
                                (212) 408-5100

                                Zuckerman Spaeder LLP
                                BY:  JAMES SOTTILE, ESQ.
                                1800 M Street
                                Suite 1000
                                Washington, DC 20036-5807
                                (202) 778-1800

For JP Morgan Chase:            Richards Layton & Finger
                                BY:  ROBERT J. STEARN, JR., ESQ.
                                One Rodney King Square
                                920 North King Street
                                Wilmington, DE 19801
                                (302) 651-7612

                                Davis Polk & Wardwell
                                BY:  DONALD S. BERNSTEIN, ESQ.
                                450 Lexington Avenue
                                New York, NY 10017
                                (212) 450-4000

For Merrill Lynch:              Potter Anderson & Corroon LLP
                                BY: LAURIE SELBER SILVERSTEIN
                                Hercules Plaza
                                1313 North Market Street
                                6th Floor
                                Wilmington, DE 19801
                                (302) 984-6000

                                Kaye Scholer LLP
                                BY:  MADLYN PRIMOFF, ESQ.
                                425 Park Avenue
                                New York, NY 10022-3598
                                (212) 836-8000
```

```
APPEARANCES:
(Continued)
For Wilmington Trust:          Benesch
                               BY:  JENNIFER R. HOOVER, ESQ.
                               222 Delaware Avenue Suite 801
                               Wilmington, DE 19801
                               (302) 442-7010

                               Brown Rudnick
                               BY:  ROBERT J. STARK, ESQ.
                               BY:  MARTIN SIEGEL, ESQ.
                               BY:  KATHERINE BROMBERG, ESQ.
                               BY:  JARED ELLIAS, ESQ.
                               BY:  GORDON NOVOD, ESQ.
                               Seven Times Square
                               New York, NY 10036
                               (212) 209-4800

For Aurelius Capital          Ashby & Geddes, P.A.
Management LP:                 BY:  GREGORY TAYLOR, ESQ.
                               500 Delaware Avenue
                               P.O. Box 1150
                               Wilmington, DE 19899-1150
                               (302) 654-1888

                               Friedman Kaplan Seiler & Adelman
                               BY:  KIZZY L. JARASHOW, ESQ.
                               BY:  ROBERT LACK, ESQ.
                               1633 Broadway
                               New York, NY 10019-6708
                               (212) 833-1109

                               Akin Gump Strauss Hauer & Feld
                               BY:  DANIEL H. GOLDEN, ESQ.
                               BY:  PHILLIP DUBLIN, ESQ.
                               One Bryant Park
                               New York, NY 10036
                               (212) 872-1000

                               BY:  DENNIS A. PRIETO
                               (646) 445-6516

For Credit Agreement          Young Conaway Stargatt & Taylor
Lenders:                       BY:  ROBERT BRADY, ESQ.
                               The Brandywine Building
                               1000 West Street 17th Floor
                               P.O. Box 391
                               Wilmington, DE 19801
                               (302) 571-6600

For Bloomberg LP:             BY:  STEVEN H. CHURCH
                               (302) 661-7606
```

APPEARANCES:
(Continued)

For Oaktree Capital          Hennigan Bennett & Dorman LLP
Management:                  BY:  BRUCE BENNETT, ESQ.
                             BY:  JAMES O. JOHNSTON, ESQ.
                             865 South Figueroa
                             Suite 2900
                             Los Angeles, CA 90017
                             (213) 694-1200

                             BY:  KENNETH C. LIANG
                             (213) 830-6422

For DBTCA:                   McCarter & English LLP
                             BY:  DAVID ADLER, ESQ.
                             245 Park Avenue
                             27th Floor
                             New York, NY 10167
                             (212) 609-6800

                             BY:  KATHARINE L. MAYER, ESQ.
                             Renaissance Center
                             405 N. King Street 8th Floor
                             Wilmington, DE 19801
                             (302) 984-6300

For Certain Step One         Morris Nichols Arsht & Tunnell
Lenders:                     BY:  DEREK ABBOTT, ESQ.
                             BY:  DANIEL B. BUTZ, ESQ.
                             1201 North Market Street
                             18th Floor
                             P.O. Box 1347
                             Wilmington, DE 19899-1347
                             (302) 658-9200

                             Olshan Grundman Frome Rosenzweig
                             & Wolosky LLP
                             BY:  ADAM H. FRIEDMAN, ESQ.
                             BY:  FREDRICK J. LEVY, ESQ.
                             Park Avenue Tower
                             65 East 55th Street
                             New York, NY 10022
                             (212) 451-2300

                             Arkin Kaplan Rice LLP
                             BY:  HOWARD J. KAPLAN, ESQ.
                             590 Madison Avenue
                             35th Floor
                             New York, NY 10022
                             (212) 330-0200

```
APPEARANCES:
(Continued)
For Ad Hoc Trade Committee:    Andrews Kurth LLP
                              BY:   PAUL SILVERSTEIN, ESQ.
                              BY:   JEREMY RECKMEYER, ESQ.
                              450 Lexington Avenue
                              New York, NY 10017
                              (212) 850-2800


For Angelo Gordon & Company:   Wilmer Cutler Pickering Hale &
                              Dorr
                              BY:   ANDREW N. GOLDMAN, ESQ.
                              (212) 230-8836

                              BY:   GAVIN BAIERA
                              (212) 692-0217

For Wells Fargo:               White & Case LLP
                              BY:   SCOTT GREISSMAN, ESQ.
                              (212) 819-8357

                              Fox Rothschild LLP
                              BY:   ERIC M. SUTTY, ESQ.
                              BY:   JEFFREY M. SCHLERF, ESQ.
                              (302) 622-4212

For EGI-TRB:                   Jenner & Block LLP
                              BY:   ANDREW VAIL, ESQ.
                              (312) 222-9350

For Special Committee of       Jones Day
the Board of Directors:        BY:   THOMAS F. CULLEN, ESQ.
                              BY:   BRAD ERENS, ESQ.
                              BY:   DAVID HEIMAN, ESQ.
                              BY:   FREDRICK E. SHERMAN, ESQ.
                              (202) 879-3924

For U.S. Trustee:              Office of the U.S. Trustee
                              BY:   DAVID KLAUDER, ESQ.
                              (302) 573-6491

For The Bencher Trust          Kasowitz Benson Torres &
Company of New York:           Friedman
                              BY:   MATTHEW STEIN, ESQ.
                              (212) 506-1717
```

1   WILMINGTON, DELAWARE, WEDNESDAY, OCTOBER 13, 2010, 2:02 P.M.

2              THE COURT:  Good afternoon.  This is Judge Carey.

3   We're on the record in the Tribune Company Chapter 11

4   proceeding.  I set this telephone conference after receipt of

5   the certification of counsel Docket Number 5924, which included

6   with it three proposed forms of order with respect to plan

7   filing and disclosure scheduling, pointing out in a helpful way

8   the differences among the parties.

9              Let me begin by first asking whether there has been

10  any change with respect specifically to agreement on a form of

11  order or scheduling since the submission of the COC?

12             MR. LANTRY:  Your Honor, this is Kevin Lantry on

13  behalf of the debtors.  There is one item that does reflect a

14  change.  I'm not sure if it's exactly the one you asked, but by

15  now you have probably seen Judge Gross' second mediators report

16  that was filed yesterday.

17             THE COURT:  I have.

18             MR. LANTRY:  This reflects his success in expanding

19  the scope of the settling parties and the consideration that

20  will be provided by these settling parties to various other

21  creditors.  As a result, we do need these five parties -- and

22  it would be useful probably to identify them.  The original

23  settlement of a couple weeks ago involved the debtors of Angelo

24  Gordon.  Now the settlement has expanded to include the

25  creditors committee and JPMorgan.  And these five now mediation

1  parties will be propounding a joint plan of reorganization

2  together that will reflect this settlement and the terms of

3  which have been set forth in the five page term sheet that was

4  attached to the mediator's report.

5          But as I was saying, in order to document this new

6  settlement into a plan of reorganization the five now co-plan

7  proponents believe we need an additional week beyond the filing

8  of that plan, this Friday the 15th as you had ordered a week

9  ago Monday, and would ask that that filing date now be the

10  22nd.  We would also propose that all of the dates in our

11  scheduling order roll back one week, and perhaps most

12  importantly ask the Court to scheduled the disclosure statement

13  statement hearing on all of the competing plans sometime before

14  Thanksgiving, either in the week of November 15th to 19th or

15  the following Monday or Tuesday, the 22nd or 23rd.

16          So as a result of that, there is a little change in

17  our competing order, but I think that leads to the other issue,

18  which is there is still the fundamental dispute reflected in

19  the competing orders, where a number of other parties would ask

20  the Court to change the scheduling format that you proposed a

21  week ago Monday, so that the now five plan proponents would go

22  first, and they would have either a week or two thereafter to

23  file their competing plans.

24          There are, Your Honor, a number of the reasons why

25  the debtors would request that you keep your original format,

1    aside from this one week extension.  And I'm happy to argue

2    those now, but I didn't know if you wanted anyone else to

3    describe any other change of circumstances.

4           THE COURT:  Well, if there are other change in

5    circumstances, I'll hear from others first, then I'll go back

6    to the debtor.

7           All right.  Well, no one is speaking up, so Mr.

8    Lantry, why don't you go ahead?

9           MR. LANTRY:  We thought your scheduling of everyone

10   filing competing orders concurrently was the best way to go for

11   three reasons.

12          First, staggered filing dates slows things down and

13   the debtors are passionate to keep this ball rolling.  We think

14   we've gotten a good head of steam and we certainly want to get

15   out of bankruptcy as quickly as we can.

16          Secondly, and perhaps more importantly, I think that

17   competing plans being filed concurrently, as Your Honor had

18   suggested, levels the playing field.  I think allowing

19   competing plans to be filed later gives unfair advantages to

20   the proponents of the competing plans.

21          Third, Your Honor, the benefit that does come from

22   having a debtor file its plan first, that is non-debtors

23   obviously like to track certain plan implantation provisions

24   that come from the company, understanding how the company

25   works, and therefore they don't have to reinvent things, has

1  already really been taken care of.  We filed our original plan

2  some months ago and the plan implantation mechanics and

3  plumbing we intend to incorporate largely.  And obviously

4  Oaktree has demonstrated in its filing a competing plan a few

5  weeks back that it knows how to do that and others could do the

6  same thing.

7        But I think even more importantly, the debtors and

8  now the other four co-proponents with us, have already filed

9  our term sheet via the mediator's report, so they know what our

10  terms are.  And we've already circulated, last Friday, our

11  general disclosure document updating what's in our original

12  court approved disclosure document.  So I think the rest of the

13  parties kind of know how it works and they don't need that

14  traditional advantage of seeing the debtor go first.

15        So for those reasons, Your Honor, we would ask that

16  you keep the structure you originally contemplated, aside from

17  just a one week extension of the original filing date and then

18  all of the tracking dates from thereon.

19        THE COURT:  All right.  Thank you.  In terms of how

20  we proceed and who I hear from next, is there anyone else in

21  what I'll call the debtor group who wishes to be heard?

22        Okay.  I hear no response.  Let me hear from others.

23        MR. GOLDEN:  Good afternoon, Your Honor.  This is

24  Daniel Golden from Akin Gump on behalf of Aurelius Capital

25  Management.  Let me start -- and I believe that there are

1   others who want to speak to the issue.

2           First, Your Honor, I'd like to thank you for

3   scheduling this telephonic hearing.  It makes it a lot easier

4   for us to do it -- telephonically and not have everyone come to

5   Wilmington for a day that would otherwise might have been used

6   -- or needed to be used for a plan filing.

7           Your Honor, as set forth in the certification, which

8   you've seen in the attached competing orders, the current

9   dispute centers on whether prospective competing plan

10  proponents should have an opportunity to review the debtors'

11  new putative settlement plan as filed before having to file its

12  own competing plan.  And, Your Honor, I'd ask you to refer, if

13  you have the certification handle, to Exhibit -- what's labeled

14  Exhibit C-2, because that is the blackline version between the

15  debtors' plan and I'll call it the competing plan proponents'

16  order -- debtors' order versus the competing plan proponents'

17  order, so you can effectively see what's really at stake.

18          And really what's at stake is the request for a  two

19  week deferral, or the time for the competing plan proponents to

20  have an opportunity to review the debtors' plan, understand the

21  plan, see the debtors' general disclosure statement and

22  specific disclosure statement, and for reasons I'll get to in a

23  couple minutes, so that -- to simply avoid having to shoot in

24  the dark.  One thing is -- I just want to make sure one thing

25  is clear.  The only proposed delay is in the filing of the

1  competing plans by a period of two weeks.  Thereafter, all of

2  the deadlines would remain the same and be conterminous between

3  the debtor and the debtors' group and between the plan --

4  competing plan proponents' group.

5           So we're only talking about that initial two week

6  delay and then everything will run in tandem thereafter.  We

7  think --

8           THE COURT:  Well, Mr. Golden, let me ask you to

9  pause for a moment.  As I look at the blackline, it looks to me

10  that you proposed a hearing -- disclosure hearing during the

11  week of November 29th.

12          MR. GOLDEN:  You're right, Your Honor.  And the only

13  reason we did that -- if we actually use the two week period to

14  adjourn from what was originally scheduled, that would have

15  landed us in the week of November and I didn't want to presume

16  the Court's -- I'm sorry -- Thanksgiving.  I didn't want to

17  presume what Your Honor's schedule was that week and that's why

18  we said the week of the 29th.  And we are open to discussing,

19  now that we have all the parties on the phone and Your Honor is

20  available, what that disclosure statement hearing should be.

21          We were not looking to get an extra week.  We were

22  just concerned that Thanksgiving week being a short week that

23  maybe it would be best not to schedule the disclosure statement

24  hearing on that week.

25          THE COURT:  All right.  Thank you.  You may proceed.

1    I know I interrupted you.

2              MR. GOLDEN:   Thank you.   Your Honor, we think the

3    requested two week deferral and the rationale for that is quite

4    straightforward.   As you know better than everybody on this

5    phone, this case has been pending for 22 months.   As announced

6    yet today, the debtors have now reached an agreement with

7    Oaktree, Angelo Gordon, JPMorgan and the creditors' committee

8    on terms of a settlement plan, which at its heart is premised

9    upon a putative settlement of all potential fraudulent

10   conveyance actions assertable against current and former

11   holders and of Step 1 and Step 2 LBO debt, as well as bridge

12   disgorgement claims.

13             And I think it's probably not lost on Your Honor

14   that, to my knowledge, there is no pre-LBO creditors who after

15   all would be the beneficiaries of those fraudulent conveyance

16   actions, who are supportive of this settlement plan.   In fact,

17   Your Honor, this new settlement plan has less support than the

18   debtors' last filed plan, because at least in the debtors last

19   filed plan there was a sizeable senior noteholder and a senior

20   noteholder indentured trustee who supported that last plan.

21   There is no similar support among the pre-LBO creditors for

22   this plan.   And the reason I say that is not to argue the

23   merits of the settlement plan, we'll have plenty of time to do

24   that, but it -- that results in a process that's almost

25   certainly going to end up in a competing plan process where one

1  or more plans will be filed to compete against the debtors'

2  putative settlement plan.

3        And in order to make that competing plan process

4  rational, we think -- and not only Aurelius thinks, but the

5  creditors committee thinks, Wilmington Trust, as indentured

6  trustee for the Phones, Deutsche Bank, as indentured trustee

7  for the senior notes, the Ad Hoc Trade Committee, Wells Fargo,

8  as the agent for the bridge lenders, and the Step 1 Only

9  Lenders, all came to the conclusion that the most rational

10  approach here was to have the debtors file their compete --

11  their plan and their general disclosure statement and their

12  specific disclosure statement on a date certain.  It was

13  initially to be 10/15 -- October 15, now you hear that the

14  debtor is requesting a week's adjournment to October 22nd, but

15  whenever they file it to have a two week respite so that the

16  plan -- the prospective plan competitors, if you will, will

17  have an opportunity to analyze that plan, analyze the

18  disclosure statement, so in effect they are not shooting in the

19  dark when they file their competing plans.

20        This isn't an attempt to get an advantage.  There is

21  no real advantage to get.  When the competing plans are

22  ultimately filed they will be on the same track -- on the same

23  disclosure statement track, parties will have to deal with

24  whatever infirmities that exist in the plan, parties can make

25  amendments.  This was not a tactical advantage.  This was

1    simply to bring some order to the disclosure statement process.

2              Now, when we discussed this with the debtors, and

3    made this request because the parties did confer and try and

4    reach an agreement on that, the debtors said no and they said

5    Your Honor had ruled on this point last week when we were last

6    in Delaware and had said that they -- that the -- all of the

7    competing plans needed to be filed on the same day.  But what's

8    curious about that position of the debtors, is they somehow

9    have seemed to forget their own recent history about dealing

10   with deadlines, especially when moving those deadlines suits

11   them.

12             So, for example, back on August 3 the debtors asked

13   the Court for an extension of all plan related deadlines; Court

14   granted that relief.  Back on August 17 the debtors requested a

15   suspension of all plan related deadlines and promised to come

16   back three days later with a new set of dates.  They did, in

17   fact, come back on August 20th, three days later, and they

18   advised the Court that they would be filing plan amendments and

19   supplemental disclosure materials on August 27.

20             Well, of course, we know that come August 27 that

21   didn't happen.  Instead, the debtors threw up their hands and

22   said we need to go to mediation.  My point, of course, is when

23   it suits the debtors to extend and agree to deferral of

24   deadlines, they do so, but for some reason -- and I think Mr.

25   Lantry has pointed it out -- they are concerned that there's

1    somehow a tactical advantage to be gained by the competing plan

2    proponents asking for a two week period.

3            And why shouldn't the competing plan proponents have

4    that two weeks?  It's our view that the competing plan

5    proponents, given that two week delay, will be better educated

6    to file their competing plans.  They will have seen the

7    debtors' projected valuation and estimate of distributable

8    enterprise values.  They will have seen the debtors proposed

9    allocation of that distributable enterprise value, as between

10   the parent on one hand and the subsidiaries on the other.  They

11   will have seen how the debtors have treated inter-company

12   claims.  They will have seen the debtors' liquidation analysis,

13   none of which will they see if they are forced to commit to the

14   same schedule as the debtors have for filing their competing

15   plans.

16           And when Mr. Lantry says that they -- Your Honor,

17   they will have seen some of that information because we've

18   already filed our general disclosure statement.  None of the

19   information I listed was contained in the general disclosure

20   statement that the debtors circulated last Friday.  And not

21   only was that information missing, much more significant

22   information was missing, so they cannot rely on a relatively

23   blank general disclosure statement to argue -- or I don't think

24   they should be able to argue that the plan proponents or the

25   competing plan proponents will not be prejudiced if they don't

1  get the two week delay.

2          In real -- in a very real sense, the competing plan

3  proposal will be forced to shoot in the dark if they are

4  required to file their competing plans on the same schedule.  I

5  suggest to the Court that a competing plan process will

6  actually be more disciplined and more cogent if the prospective

7  competing plan proponents have the requested two week period in

8  order to review and digest the information to be presented when

9  the debtors file their plan, their general disclosure statement

10 and their specific disclosure statement.

11          I have the feeling, Your Honor, that what's really

12 motivating the debtors to say no, besides the intense pressure

13 they're presumably getting from their now co-plan proponents is

14 the fact that somehow the competing plan proponents will take

15 that two week delay and somehow entice other creditor

16 constituents to get on board with a competing plan.  Well, Your

17 Honor, I'm going to say that I actually doubt that's going to

18 happen because if you review the term sheet that the debtors

19 and their co-proponents have filed, they've already sought to

20 buy off the support of the trade creditors at the parent and

21 the subsidiaries.  So this -- I don't think this is an issue

22 about gaining a tactical advantage at all.

23          The debtors have tacit about for 22 months and I

24 cannot believe that they're seriously maintaining that a two

25 week delay will in any way prejudice the debtors or materially

1   delay their ultimate emergence from Chapter 11.  And I think

2   that's especially true that once this two week delay is

3   achieved and all of the plans have been filed, the rest of the

4   schedule is conterminous, as I said.  The plan opponents will

5   not get ahead of the debtors, there won't be a tactical

6   advantage.  I believe that this will result in a more

7   streamlined, and as I said cogent and disciplined competing

8   plan process.  And we think for all of those reasons, Your

9   Honor, we ask the Court to approve the competing order setting

10  forth the schedule I suggested.

11          THE COURT:  Thank you.  Anyone else wish to be

12  heard?

13          MR. LAURIA:  Your Honor, this is Tom Lauria with

14  White and Case on behalf of Wells Fargo for the bridge agent.

15          THE COURT:  Go ahead.

16          MR. LAURIA:  We join in Mr. Golden's comments and I

17  would just like to add a couple of other observations.  I heard

18  debtors' counsel say that there are two principal concerns,

19  where that by staggering the process their ultimate exercise in

20  attempting to emerge could slow down.  And I heard counsel say

21  also that they wanted to have a level playing field.  I think

22  that careful consideration of both of those points leads to the

23  conclusion that a staggered plan filing process is in the best

24  interest of the estate and its creditors.

25          On the issue of speed and efficiency, I think that

1  by permitting the non-proponents to have a reasonable

2  opportunity to review the debtors' plan, you have the

3  opportunity for more agreement to break out.  That agreement

4  could take the form of people who are not currently in the plan

5  determining after a careful review of it that they are willing

6  to agree to it or having negotiations to lead to an agreement

7  to it.  It can also result in the non-participants or

8  proponents of the existing plan agreeing with each other on

9  what a competing plan should look like.

10           In either case, those agreements would reduce the

11  number of plans that ultimately get filed, which of course

12  would reduce the amount of money that gets spent by this estate

13  in the preparation of plans and it would produce a simpler

14  process in moving toward confirmation.  So I think in fact the

15  staggered proposal actually enhances the interest of

16  efficiency.  If you have more agreement around a plan or plans

17  and fewer plans filed, which the staggered process provides an

18  opportunity to achieve.

19           On the issue of unfair advantage, I think just as a

20  very practical matter, given the missing information in the

21  disclosure statement the debtor has filed, and given the fact

22  that we apparently aren't going to get that information until

23  the debtor files its plan, and fundamentally, you know, let's

24  not, you know, go through all the bits and pieces and the

25  details.  Valuation and allocation of that value are critical

1   to what a plan of reorganization is going to look like, whether

2   it's filed by the debtor, the bridge agent, the senior notes or

3   anybody else in this case.  And it's hard for me to understand

4   how it's an unfair advantage to the other potential plan

5   proponents to get to see the debtors' valuation and the

6   allocation of that value before they file their own plan.

7           Indeed, kind of turning it around the other way, if

8   we're forced to file our plan without the benefit of knowing

9   valuation and allocation either, we're going to have to spend

10  the money to try to form a view as to valuation and the

11  allocation of that value from the outside looking in.  Or, by

12  definition, we're going to have to amend the plan that we file

13  after the debtor puts that information on the table, because

14  our plan will, by definition, be incomplete and perhaps require

15  material modification once we get that information.

16          So it just seems to me that, in fact, it levels the

17  playing field if the debtor is required to put its plan out on

18  the table first and it will enhance everybody's interest in an

19  efficient process if we have a staggered filing as opposed to

20  simultaneous filing.  So for that reason, we would urge the

21  form of order proposed by the senior notes to be adopted

22  subject to pushing everything back, I guess, a week, as has now

23  been proposed by the debtor.

24          THE COURT:  All right.  Thank you.  Who else --

25          MR. FRIEDMAN:  Good afternoon, Your Honor.  This is

1  Adam Friedman.  I represent, with Derek Abbott, the Step 1

2  credit agreement lenders in this case.  The Step 1 Credit

3  Agreement Lenders are not part of the settlement and we have a

4  lot of questions about the term sheet that was put out

5  yesterday.  We think that the best way to get answers to those

6  questions is by looking at the debtors' plan and the debtors'

7  disclosure statement.

8           I'll try not to repeat a lot of the points, but I

9  think it's important for the Court to understand our view, that

10 we are going to try as best as possible, if we file a competing

11 plan, and I think Mr. Lantry recognized this, to use as much of

12 the debtors' plan as possible.  There's a lot of very good

13 reasons for that, as Mr. Lantry said.  We should all to the

14 best extent possible have the same starting place.  So we will

15 be, if we file our own plan, trying to use as many provisions

16 as possible, as the debtors have filed.

17          Last week the debtors filed a disclosure statement,

18 which has a lot of blanks in it.  And as Mr. Lauria and Mr.

19 Golden state, there pretty important in understanding what the

20 distributable value is going to be.  It appears it is now

21 changing.  The parties have been operating under some well

22 footed assumptions in this case on distributable value; those

23 assumptions now appear to be changing.  The draft disclosure

24 statement we received has a blank in that section and says it

25 will be filed.  If the values are going to be changing, we

1  think everybody needs to understand, before they file their

2  plan and -- as Mr. Lauria says, what the values are.  It will

3  eliminate a lot of unneeded amendments and we think that will

4  take a lot of additional time.

5          The second moving part to this case is yesterday's

6  settlement that was announced.  As I said, we have a lot of

7  questions on it.  Those questions may be answered when the

8  debtor describes what the settlement is in a plan and

9  disclosure statement.  We're certainly not faulting the debtors

10 for the fact that -- and the other settling parties -- for the

11 fact that a term sheet by its very nature can't answer all of

12 those questions.  We think it makes most sense for the debtor

13 to file their plan and disclosure statement, we can all

14 understand what the new settlement is, and then we can respond

15 to it.

16          The solicitation process, and particularly for

17 competing plans and multiple competing plans, in the best of

18 cases is cumbersome, potentially difficult, and potentially

19 very confusing to creditors.  And we think the uniformity of

20 having to the best extent possible the same type of plans will

21 allow for creditors to easily compare them, it will put

22 everybody on the same footing as to valuation and other

23 important items, and really we think it just makes a lot of

24 common sense, and there's a lot of wisdom, to having all of us

25 start from the same starting point, rather than as Mr. Lauria

1   properly suggests, us all filing plans, then seeing what these

2   changed assumptions in values are, and then having to refile

3   plans.  We think that will not promote uniformity, it will be a

4   lot more time consuming, and for that reason, we think the

5   debtors have to file their plan and disclosure statement first.

6           We have not requested the length of extension that

7   some of the other parties have requested.  Our position is more

8   of a middle of the road position.  We would only request,

9   although -- we would request that the debtors file first and

10  that we have at least one week to respond and we think that

11  that would facilitate the administration and the solicitation

12  process of this case.  Thank you, Your Honor.

13          THE COURT:  Thank you.  Anyone else wish to be

14  heard?

15          MR. STARK:  Yes.  Your Honor, it's Robert Stark from

16  Brown Rudnick.  I'm not going to reiterate what Mr. Golden, Mr.

17  Lauria and Mr. Friedman said.  I think they stated it very,

18  very well.  I just wanted to make sure that you understood that

19  we agree 110 percent with everything that was said.  There will

20  be unnecessary confusion and expense and probably litigation

21  and it can be avoided if people can have the time to digest

22  very needed information and talk amongst themselves.  Two weeks

23  in the span of this case is nothing.

24          MR. STEIN:  Your Honor, Matthew Stein, Kasowitz

25  Benson Torres and Friedman on behalf of Law Debenture Trust

1    Company of New York.  Again, supporting the comments made by

2    Mr. Golden and everyone who followed.

3         To be concerned about a level playing field ensures

4    -- we would need to ensure that everyone was working from the

5    same knowledge and the same information.  And at its core, the

6    disclosure statement needs to have the same economic

7    disclosures.  And as is now, for everyone to file a disclosure

8    statement on the same day, that would be lacking.  So to ensure

9    a level playing field, a delay of two weeks would be necessary

10   to ensure that all of the disclosure statements would have the

11   adequate -- you know, the necessary and adequate information.

12        In doing so would also, as Mr. Lauria mentioned,

13   would seem to prevent or to ensure that a material modification

14   is not necessary down the road, which would result in a delay

15   -- in a further delay, in a more significant delay of these

16   proceedings.  And for that, and for all of the reasons that Mr.

17   Golden, Mr. Lauria, Mr. Friedman, Mr. Stark and mentioned we

18   support a delay of two weeks.

19        MR. ADLER:  Your Honor, this is David Adler from

20   McCarter and English on behalf of Deutsche Bank.  I'm not going

21   to belabor the point.  My colleagues before me have made the

22   points as to why we think there should be a level playing field

23   and why there should be a two week period for other parties to

24   put in competing plans and we join in those remarks.  Thank

25   you.

1              THE COURT:  Thank you.  Anyone else wish to be

2    heard?

3              MR. BERNSTEIN:  Your Honor, it's Don Bernstein from

4    Davis Polk representing JPMorgan.  There was something that Mr.

5    Golden said that I found extremely troubling, and that was that

6    a three day week might not be sufficient for this disclosure

7    statement hearing.  And what that suggests to me is that, in

8    fact, what Mr. Golden, and perhaps some of the others on this

9    phone call, intend is to try to make the disclosure statement

10   hearing into a mini-confirmation hearing with the issues

11   relating to these plans being really whether they're

12   confirmable and the like.

13              And, of course, viewed from that perspective,

14   someone having a two week head start with someone else's plan

15   and being able to delay the filing of their own, and then make

16   the disclosure statement hearing into a mini-confirmation

17   hearing, puts the first plan that was filed at a real

18   disadvantage.  And I guess I'm very troubled by what appears to

19   be the intended scope of the disclosure statement hearing.  I

20   know that the Court has previously expressed the view that we

21   should not make disclosure statement hearings into mini-

22   confirmation hearings, but you know, it's all the more reason

23   to have everybody file their plan on a single date, rather than

24   having staggered plan filings.  And if people need more time to

25   do that, or if they need the debtor to provide them with

1  information about valuations in order for them to do that, I'm

2  sure the debtor would undertake to provide the information.

3  They do have the structure of the plan on the term sheet and it

4  seems to me that if what's really going on here is someone

5  wants to get a tactical advantage of seeing someone else's plan

6  two weeks ahead of time to be able to formulate more

7  effectively their objections at the disclosure statement

8  hearing, then it's precisely the opposite of a level playing

9  field.

10         MR. LANTRY:  Your Honor, this is Kevin Lantry for

11  the debtors.  I think Mr. Bernstein has touched on the solution

12  here.  The debtors have approached at least one of the

13  objecting parties and offered to circulate the revised

14  valuation of the distributable value.  We would do it

15  confidentiality to all the mediation parties like we did our

16  general disclosure document last Friday.  And I think that, as

17  Mr. Lauria said, is the key piece of information that the other

18  parties need.  And with that, I think it is a very level

19  playing field to file everything concurrently.

20         We believe that we will have that valuation

21  completed by this Friday, but I think we could comfortably

22  represent to Your Honor that we will unequivocally circulate it

23  to the mediation parties by next Monday, so that they know that

24  value and can work off of that.

25         MR. GOLDEN:  Your Honor, it's Danny Golden.  Can I

1   respond very briefly to what Mr. Bernstein said?

2             THE COURT:  Not yet.

3             MR. GOLDEN:  Okay.  Sorry.

4             THE COURT:  Because I want to get through round one

5   before we --

6             MR. GOLDEN:  Sorry.

7             THE COURT:  -- go back to others.  That's okay.  Are

8   there others from whom I've not yet heard who wish to be heard?

9             MR. BENNETT:  Your Honor, Bruce Bennett, Hennigan

10  Bennett and Dorman on behalf of the credit agreement lenders.

11  First of all, I want to say that I'm even more grateful than

12  Mr. Golden about the opportunity to attend telephonically

13  today.  And secondly, although I'm pretty sure -- my schedule

14  is not going to dominate the discussion, I have a real problem

15  with the week of November 29th.

16             But what I really want to say is I think that the

17  objectors -- or the proponents of alternative forms of order, I

18  think, have a different conception of a plan than I do.  I

19  regard a plan as inherently constructive documents.  They say I

20  have a solution to the financial and legal problems in this

21  case and this is what it is.  Other people seem to have a

22  conception of a plan as a document facilitating a position and

23  as a responsive document.  That's not, I don't -- I don't think

24  that's the conception of plan that we have under the bankruptcy

25  code.

1              If we view plans as constructive documents and

2    reflecting solutions people have to all the legal and financial

3    problems in the case, I submit that everyone who spoke in favor

4    of getting additional time must already have that conception

5    pretty firmly established.  There is no one that can -- no one

6    on this phone call that can be said to be operating in the

7    dark.

8              Moreover, Your Honor, everyone was supposed to have

9    had their plan conception -- their confirmable plan conception

10   at least in term sheet form at the beginning of the mediation.

11   Now, I am sympathetic to the idea that there are some technical

12   details in plans of reorganization that may be debtors or other

13   people who have already filed plans might be further ahead on

14   figuring out, but those are in the details.

15             And to the extent that people will need to change

16   those things between plan filing and approval of the disclosure

17   statement, we all know that happens all of the time.  There is

18   plenty of time in this schedule for people who for some reason

19   are a little bit behind on technical details to catch up and no

20   one will be stretched by it.

21             The big ideas are already formed.  If they're not,

22   everyone is too late.  And there is no prejudice in filing

23   those big ideas, those constructive ideas, solutions for this

24   case at the same time.  Mr. Lantry's proposal to advance the

25   dissemination of the debtors' views of value -- and by the way

1  everyone on this phone has firmly fixed views of value as well,

2  again they were supposed to have firmly fixed plan ideas before

3  the mediation even started.  That's additionally helpful and

4  should be the end of the debate.  Thank you.

5          THE COURT:  Thank you.  Anyone else wish to be

6  heard?

7          Okay.  Let me go back to the debtor.  Anything

8  further, Mr. Lantry?

9          MR. LANTRY:  No, Your Honor.

10          THE COURT:  Okay.  Mr. Golden?

11          MR. GOLDEN:  Thank you, Your Honor.  I don't know

12  whether Mr. Bernstein simply misheard or intentionally misheard

13  me.  I never suggested -- and certainly never attempted to

14  suggest -- that the plan opponents would be seeking a three day

15  disclosure hearing.  What I did say was, in response to an

16  inquiry from Your Honor, was that I didn't want to presume and

17  schedule the disclosure statement hearing on the short week of

18  Thanksgiving.

19          We know very well Your Honor's rules and feelings

20  about disclosure statement hearings.  We know it's not the

21  place to try a contested confirmation hearing.  That's not our

22  intention and, frankly, I think Mr. Bernstein misheard me to

23  get to a platform to try to prejudice what he thinks the plan

24  opponents may be planning with respect to the disclosure

25  statement.

1          I represent to the Court, I'm fully aware, as I

2  believe the other plan opponents are, as to the rules of the

3  road for disclosure statements in front of Judge Carey.  And I

4  won't say any more on that point.

5          Your Honor, Mr. Lantry -- I don't know whom Mr.

6  Lantry offered to send the updated plan valuation to on a

7  confidential basis; it wasn't to us.  The debtors were required

8  to file a draft of their general disclosure statement.  That

9  was an agreement reached among all of the parties last Friday.

10  They did do that, but there are so many holes in it to make the

11  document wholly unacceptable.  So -- and you can't cure that

12  problem by saying well, we'll change -- we'll give you the

13  updated plan valuation.  We think it's going to be Friday,

14  maybe it's going to be Monday.

15          We're not looking for a litigation advantage.  If

16  there's not a consensual resolution in this case, there will be

17  a very intense competing plan process and a contested

18  confirmation hearing, but that is going to occur post the

19  disclosure statement, not prior to the disclosure statement.

20          So the plan -- the current plan proponent can

21  suggest all they like about what our motivation is.  I can

22  represent to the Court our motivation is quite straightforward

23  and simple.  We think that the most streamlined way to get to a

24  set of approved disclosure statements, so that they can go out

25  for a vote on a competing basis, will be to have the debtor

1  file their plan, their general disclosure statement, their

2  specific disclosure statement, allow people, as Mr. Lauria

3  suggested, to look at, to decide what they like, what they

4  don't like, the five page term sheet I can assure you, which I

5  know Your Honor has seen because you said -- you've read the

6  mediator's report, is not sufficiently detailed to tell people

7  exactly what is going on in the debtors' plan.

8          There is, I suggest, no prejudice for the two week

9  delay and I'll just represent again that we think that at the

10  end of the day there will be a better process that will evolve

11  from the two week delay, which will not, in the context of this

12  case, materially prejudice the debtors' ability to get out of

13  Chapter 11.

14          THE COURT:  All right.  Thank you.  Mr. Bennett?

15          MR. BENNETT:  Yes, Your Honor?

16          THE COURT:  I don't mean to ask a question that

17  would elicit private information, but could you be a little

18  more specific with me about what your week of November 29th

19  problem is.

20          MR. BENNETT:  In Europe.

21          THE COURT:  Okay.  Counsel, I am going to do this.

22  I need to recess for two reasons.  One, I need to consult my

23  calendar.  I do have another hearing scheduled to start at

24  3:00, but I think what I'll do is just ask you to hold for the

25  moment and stay on the line while I take a recess.  If I

1  determine that I need more than five or ten minutes to figure

2  out the appropriate schedule, I'll probably ask you to dial

3  back in at 4:00 o'clock today.  This is my last day in the

4  office until Monday and I do want to resolve this today.

5          So before I break though, let me ask a couple

6  questions.  Except for the timing of debtors' filing and the

7  filing of others, have -- are the parties -- they seem to be

8  from the competing forms of order, in general agreement with

9  respect to the rest of the process, in terms of the order in

10 which it would go from, you know, responsive statement to

11 objection deadline and the like.

12         MR. GOLDEN:  Your Honor, it's Mr. Golden.  I

13 believe that's the case.

14         THE COURT:  Okay.  All right.  Thank you all.

15 I'll take a brief recess.  Please stay on the line.

16     (Recess taken at 2:43 p.m. to 2:53 p.m.)

17         THE CLERK:  All rise.

18         THE COURT:  All right.  We're back on the record

19 in the Tribune Chapter 11 proceeding.  I'll say two things.

20 One -- and I'm generally an optimistic person, but in one

21 respect, I'm not sure it matters what scheduling I order,

22 because there will controversy anyway.  These parties have

23 demonstrated that to me, but we have to pick a schedule.  So

24 I'll do the best I can, under the circumstances, taking into

25 account the competing interests.

1              I will say, and I'll start from the back,

2    Mr. Bennett, you said it best I think.  That's the good news

3    for you.  A plan is not a responsive document, not directly.

4    Everyone already has a pretty good idea of what their plan

5    is going to be, and everyone already has a pretty good idea

6    of how they think value ought to be allocated.

7              Here's the bad news.  I am going to set the

8    disclosure hearing for November 29th.  And I will just say

9    that my schedule in the courtroom here is just so

10   unforgiving that I -- that's when we have to start the

11   disclosure hearing.  And I'll set aside a day, but only a

12   day.

13             The good news is, you know, Oaktree has other

14   allies in proposing the plan and in defending the disclosure

15   statement.  So I'm hoping that someone else from your

16   office, Mr. Bennett, in conjunction with your allies, can

17   adequately represent Oaktree's interest.

18             Okay.  Now let's go back and start at the

19   beginning.  Bear with me for a moment.  I will grant the

20   debtors' request to move the filing date to October 22nd.  I

21   will give other parties one week after to make their

22   filings.  So in looking at the blackline of C-2 attached to

23   the certification of counsel that I received, October 22nd

24   will be put in the first full decretal paragraph of Page 2.

25   The 29th will stay where it is, on the top of Page 29 on

1   page -- October 29 on the top of Page 3.  The first full

2   decretal paragraph, the date will stay as November 9th.  The

3   objection date will stay as November 16th.

4           And here's what I'm going to order the parties to

5   do.  I will order them to meet and confer in person on

6   November 19th to see what can be worked out with respect to

7   objections to the respective disclosure statements.

8           Now I'm looking at the last two decretal

9   paragraphs on Page 3.  And I guess I'm of the mind that

10  there should be a deadline after the meet and confer for the

11  filing of any amendments.  I agree that no reply should be

12  filed.  And I'm thinking that November 23rd should be the

13  deadline for that, and that the hearing will be held on

14  November 29th, at 10:00 o'clock.  I'd like counsel to confer

15  and submit a form of order consistent with that decision.

16          Are there any questions?

17          MR. LANTRY:  Your Honor, this is Kevin Lantry.

18  The debtors will prepare the first form of this and

19  circulate it to the parties as we've done in the past.

20          THE COURT:  All right.  I appreciate that.  Now,

21  counsel, I've heard the statements that the parties

22  understand that I do not wish to have a mini-confirmation

23  hearing at the time of disclosure.  I also have too much

24  experience with the parties here to take that at face value,

25  however well meant.  And I urge the parties, again, to let

1  the disclosure hearing be what it should, and position the

2  information in the process, so that we can get to the voting

3  and creditors can do it in a meaningful way.

4          Is there anything further for today?

5          MR. LACK:  Your Honor, it's Robert Lack from

6  Friedman Kaplan Seiler and Adelman representing Aurelius.

7  We had hoped to discuss with Your Honor a question

8  concerning scheduling of depositions of the special

9  committee members.  And --

10         THE COURT:  You know what?  I did put that down

11 for today.  And before you proceed with that, which I'll

12 hear in a moment, I forgot to add one thing.  If the parties

13 cannot agree where they should meet and confer in person on

14 November 19th, then the order should provide that they will

15 meet in Wilmington at the office of the counsel for debtor,

16 or at some location that's large enough to accommodate all

17 of the parties.  Any questions about that?

18         Okay.  Let's talk about depositions.

19         MR. LACK:  We had -- Aurelius had requested the

20 depositions of the four members of the Tribune special

21 committee.  And we had been offered and accepted dates for

22 three of them.  Then those three dates were withdrawn -- two

23 of the three dates were withdrawn.  One was reinstated.  In

24 fact, the deposition of the chairman of the committee is

25 about to begin.  I scheduled it to begin in a minute or two.

1   We have two members of the committee, one of whom we had a

2   date offered and accepted.  That's Mr. Wood, for Friday in

3   Cincinnati.  And then that date was withdrawn.  And then we

4   were never given a date for Mr. Berg, the fourth committee

5   member.  And we just would like the Court to order that

6   special committee produce Mr. Wood and Mr. Berg on some day

7   -- it could be over the weekend, by next Tuesday the 19th,

8   so we can have these -- this deposition -- these depositions

9   taken before the time for the argument of the trustee

10  motion, which is Friday -- the week from Friday.

11          We'd prefer that those depositions take place in

12  either New York or Wilmington.  We were prepared to go to

13  Cincinnati for Mr. Wood on Friday, and we still are.  But we

14  just believe, in all events, we've got to get these

15  depositions underway.

16          MR. HEIMAN:  Your Honor, it's David Heiman,

17  counsel for the special committee.  May I respond?

18          THE COURT:  You may.

19          MR. HEIMAN:  Okay, thank you.  And I'm with -- in

20  the same room as Mr. Bendernagel, who I believe you know,

21  who may or may not have something to say on this.

22          I don't want to -- after the lengthy telephone

23  conference you've just been through, I don't want to go

24  through a whole lot here.  But we have tried our level best

25  to accommodate Aurelius on this.  The time crunch that has

1    occurred is not of our making.  They did not notice these

2    depositions until last week, and that is about 10 days ago.

3        We -- they asked for all four depositions.  We

4    said we will do our level best, that the four members of the

5    committee are four people who lead their own businesses.

6    Their schedules are extremely difficult.  I understand that

7    it's important to the Court and everybody else to get to the

8    facts as needed and as reasonable, but, you know, the

9    trustee motion that was filed -- I'm sorry, I don't remember

10   how many pages or how many paragraphs it was, but I think it

11   was over 60 pages with scant mention at all of the special

12   committee.  In fact, I think it was only one paragraph late

13   in the motion.

14       So our view, for starters, is that the

15   depositions aren't necessary at all.  Of course, we didn't

16   take that position, because we knew that's not the way you

17   conduct these kinds of matters.  But the -- but when

18   proposed that they take the chairman only, who is

19   Mr. Shapiro, who is here and ready to go as soon as we

20   conclude this telephone call, they said no.

21       And so, we did our level best, and maybe we

22   shouldn't, to try to set schedules for the other people.

23   And we will do so again if that's Your Honor's mandate, but

24   there's no need here.  This is unduly disruptive.  There's

25   nothing critical about these depositions.  The motion for a

1  trustee is replete with all kinds of accusations that have

2  nothing to do with the special committee.   And the time

3  crunch, again, was not created by us.  So we think it's

4  unreasonable.

5         We're doing our level best.  We made a complete

6  document production.  We have, as we speak, two going on,

7  two tracks, one here in New York where I'm speaking from and

8  one in Stanford, Connecticut, of Ms. Wilderotter.  And the

9  reason we went forward with her was because she advised us

10 that she had absolutely no time between now and October

11 22nd, even though we believe it's in excess to take her

12 deposition.

13        So we've tried our level best to do what's

14 reasonable here, including having about -- I haven't been in

15 the conference room, but I assume there are at least 20 or

16 more people in the conference room waiting for the

17 deposition of Mr. Shapiro.

18        What we had proposed is take Mr. Shapiro.  If

19 there's some demonstrated need for more information, we will

20 talk about it.  But we think to take all four of these

21 individuals who, as I say, have incredibly busy schedules,

22 is in excess when there's no demonstrative need to do so.

23        THE COURT:  Mr. Heiman, who are the four members

24 of the committee.

25        MR. LACK:  Your Honor, I would like to respond.

1              MR. HEIMAN:  I'm sorry?

2              THE COURT:  Who are the four members of the

3    special committee?

4              MR. HEIMAN:  The one who's here and the chair of

5    the committee is Mark Shapiro.  He's the CEO of Dick Clark

6    Productions.  The one that's being taken concurrently is

7    Maggie Wilderotter, who is the CEO of Frontier

8    Communications in Stanford, Connecticut and actually lives

9    on the west coast.

10             The one that they asked for on Friday is Frank

11   Wood in Cincinnati, Ohio, and he leads his own business

12   there.  And then there is another one in Los Angeles, whose

13   name is Jeff Berg.  He's a talent agent there in Los

14   Angeles.  And of course, we're not required to, as far as I

15   know, have these people travel to Wilmington or New York for

16   their depositions.

17             So we think, again, it's totally unnecessary to

18   go to the third and fourth step here, especially -- I mean

19   if, in fact, the deposition here today doesn't deliver or,

20   you know, is not responsive, I guess we can reconvene.  But

21   otherwise, it seems far excessive and actually approaching

22   on harassment, Your Honor.

23             MR. LACK:  Your Honor, if I could just -- it's

24   Robert Lack again -- if I could just add something that's

25   very important.  The two sides agreed on Mr. Wood's

1   deposition for Friday at 11:00 o'clock, in Cincinnati.  And

2   it was made clear to us that Mr. Wood had a very tight time

3   schedule, that that was the only time that he was available.

4   And so, we had an agreement.  The special committee reneged

5   on the agreement.  They had actually originally proposed

6   bringing Ms. Wood -- Ms. Wilderotter to New York.  They

7   reneged on that proposal and proposed that she, instead, be

8   double tracked in Stanford, Connecticut, which we acceded

9   to.

10          So it's really a question of whether the

11  committee will make available Mr. Wood, who is, conceivably,

12  a busy person I'm sure, on the date they had originally

13  agreed to, and the place they had originally agreed to, and

14  whether they'll make Mr. Berg available.  And they said they

15  would make him available next week.  And we'd like them to

16  be held to that agreement.

17          MR. HEIMAN:  Your Honor, just 30 seconds here.

18  Our inclination always is to be as cooperative as possible

19  and to accommodate.  Perhaps we were too accommodating here.

20  But the -- as Your Honor knows only too well, events unfold

21  by the hour in this case.  It is not easy for us at Jones

22  Day to keep the committee fully up to speed.  We're very

23  concerned that as event unfold, there will be events

24  subsequent to the deposition that will require or result in

25  them asking you to produce these witnesses again.

 1            And I put all that in the backdrop again to

 2    repeat myself.   There's no demonstration of any need here.

 3    We are extending ourselves.   We responded so quickly with

 4    two executives who have their own schedules, and they're

 5    sitting -- standing by.   Actually, one of them is probably

 6    already in progress in Stanford.   That's enough as far as

 7    we're concerned.   If they have something that's missing, I

 8    think they can tell us, and then they can consider whether

 9    there's something more they can do to help them prepare for

10    their case.

11            Again, there's nothing in -- literally nothing in

12    the motion that relates to the special committee.   The only

13    thing they said about the special committee was too little,

14    too late.   And frankly, we've just proven that in spades by

15    the results of the last three or four weeks.   So I think, at

16    this point, it's truly unreasonable and -- for them to ask

17    for something that there's really no showing of relevance

18    on.

19            THE COURT:   All right.   Without more, I'm not

20    going to order anything further, and will expect and allow

21    the depositions -- the two depositions that are now

22    scheduled, of Mr. Shapiro and Ms. Wilderotter, to proceed.

23    To the extent that something develops as a result of that

24    and there are further requests, I'll consider them when they

25    are made, although I will not be available before Monday.

41

1              Is there anything further for today?

2              MR. HEIMAN:  Thank you, Your Honor.

3              THE COURT:  Thank you.  That concludes this

4  hearing.  Court will stand in recess.

5        (Whereupon at 3:09 p.m., the hearing was adjourned)

6

7                      CERTIFICATION

8              I  certify  that  the  foregoing  is  a  correct

9  transcript  from  the  electronic  sound  recording  of  the

10  proceedings in the above-entitled matter.

11

12


13  _____         October 14, 2010

14  Stephanie McMeel

15  AAERT Cert. No. 452

16  Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

_____debtors.___ 1:13

abbott(2) 4:29 20:1
ability(1) 30:12
able(3) 15:24 24:15 25:6
about(20) 11:5 14:8 14:9 16:22 16:23 20:4 23:3 25:1 26:12 28:20 29:21 30:18 34:17 34:18 34:25 36:2 36:25 37:14 37:20 40:13
above-entitled(1) 41:10
absolutely(1) 37:10
acceded(1) 39:8
accepted(2) 34:21 35:2
accommodate(3) 34:16 35:25 39:19
accommodating(1) 39:19
account(1) 31:25
accusations(1) 37:1
achieve(1) 18:18
achieved(1) 17:3
actions(2) 12:10 12:16
actually(8) 11:13 16:6 16:17 18:15 18:8 38:21 39:5 40:5
adam(3) 2:5 4:39 20:1
add(3) 17:17 34:12 38:24
additional(3) 7:7 21:4 27:4
additionally(1) 28:3
adelman(3) 3:26 34:6
adequate(2) 23:11 23:11
adequately(1) 32:17
adjourn(1) 11:14
adjourned(1) 41:5
adjournment(1) 13:14
adler(3) 4:16 23:19 23:19
administration(1) 22:11
adopted(1) 19:21
advance(1) 27:24
advantage(11) 9:14 13:20 13:21 13:25 15:1 16:22 17:6 18:19 19:4 25:5 29:15
advantages(1) 8:19
advised(2) 14:18 37:9
aert(1) 41:15
after(7) 6:4 12:14 18:5 19:13 32:21 33:10 35:22
afternoon(3) 6:2 9:23 19:25
again(11) 23:1 28:2 30:9 33:25 36:23 37:3 38:17 38:24 39:25 40:1 40:11
against(2) 12:10 13:1
agent(4) 13:8 17:14 19:2 38:13
ago(6) 6:23 7:9 7:21 9:2 36:2
agree(3) 12:23 18:6 22:19 33:11 34:13
agreed(3) 38:25 39:13 39:13
agreeing(1) 18:8
agreement(16) 3:43 6:10 12:6 14:4 18:3 18:3 18:6 18:16 20:2 20:3 26:10 29:9 31:8 39:4 39:5 39:16
agreements(1) 18:10
ahead(5) 8:8 17:5 17:15 25:6 27:13
akin(2) 3:33 9:24
all(49) 7:10 7:13 8:7 9:18 9:19 11:1 11:19 11:25 12:9 12:15 13:9 14:6 14:13 14:15 16:22 17:3 17:8 18:24 19:24 20:13 21:11 21:13 21:24 22:7 22:13 23:16 24:22 25:5 26:11 27:24 27:17 27:17 29:9 29:21 30:14 31:14 31:14 31:17 31:18 33:20 34:16 35:14 36:3 36:11 36:15 37:17 37:20 40:1 40:19
allies(2) 32:14 32:16
allocated(1) 32:6
allocation(5) 15:9 18:25 19:6 19:9 19:11
allow(3) 21:21 30:2 40:20
allowing(1) 8:18
almost(1) 12:24
already(11) 9:1 9:8 9:10 15:18 16:19 27:4 27:13 27:21 32:4 32:5 40:6

also(5) 7:10 17:21 18:7 23:12 33:23
alternative(1) 26:17
although(3) 22:9 26:13 40:25
always(1) 39:8
amend(1) 19:12
amendments(4) 13:25 14:18 21:3 33:11
among(3) 6:8 12:21 29:9
amongst(1) 22:22
amount(1) 18:12
analysis(1) 15:12
analyze(2) 13:17 13:17
and(246) 6:7 6:19 6:21 6:25 6:25 7:2 7:9 7:11 7:22 8:1 8:12 8:14 8:16 8:16 9:2 9:3 9:5 9:7 9:9 9:13 9:17 9:20 9:25 10:4 10:12 10:15 10:18 10:21 10:22 11:3 11:6 11:12 11:15 11:17 11:18 11:19 12:3 12:7 12:10 12:11 12:11 12:13 13:3 13:4 13:8 13:11 13:11 14:2 14:3 14:3 14:4 14:6 14:15 14:17 14:18 14:21 14:23 14:24 15:3 15:7 15:10 15:16 15:20 16:6 16:8 16:16 16:17 16:20 16:23 17:1 17:3 17:7 17:7 17:8 18:13 18:17 18:21 18:23 18:24 18:25 19:5 19:9 19:10 19:14 19:20 20:11 20:18 20:24 21:2 21:3 21:8 21:10 21:13 21:14 21:16 21:17 21:18 21:19 21:22 21:23 21:24 22:2 22:4 22:5 22:9 22:10 22:11 22:17 22:20 22:20 22:22 22:25 23:2 23:5 23:5 23:7 23:11 23:16 23:16 23:17 23:20 23:23 23:24 24:2 24:7 24:8 24:12 24:13 24:15 24:15 24:18 24:24 25:3 25:13 25:16 25:18 25:24 26:10 26:13 26:20 26:21 26:22 27:1 27:2 27:15 27:16 27:19 27:22 27:25 28:3 28:13 28:16 28:19 28:22 29:3 29:11 29:17 29:23 30:9 30:25 31:4 31:6 31:11 31:20 32:1 32:5 32:8 32:11 32:14 32:18 33:4 33:5 33:9 33:10 33:12 33:13 33:15 33:18 33:25 34:1 34:3 34:6 34:9 34:11 34:13 34:21 34:21 35:2 35:3 35:3 35:5 35:6 35:13 35:19 36:2 36:7 36:8 36:19 36:21 36:21 36:23 37:2 37:7 37:8 37:10 38:4 38:8 38:11 38:12 38:14 38:18 38:21 39:1 39:4 39:7 39:13 39:13 39:14 39:15 39:18 39:19 40:1 40:4 40:8 40:14 40:16 40:20 40:20 40:22 40:2 40:8 40:14 40:16 40:20 40:22 40:2
anderson(1) 2:41
andrew(2) 5:12 5:28
andrews(1) 5:3
angeles(3) 4:9 38:12 38:14
angelo(2) 5:10 12:7
announced(2) 12:5 21:6
another(2) 30:23 38:12
answer(1) 21:11
answered(1) 21:7
answers(1) 20:5
any(8) 6:10 8:3 16:25 29:4 33:11 33:16 34:17 40:2
anybody(1) 19:3
anyone(6) 8:2 9:20 17:11 22:13 24:1 28:5
anything(4) 28:7 34:4 40:20 41:1
anyway(1) 31:22
apparently(1) 18:22
appear(1) 20:23
appears(2) 20:20 24:18
appreciate(1) 33:20
approach(1) 13:10
approached(1) 25:12
approaching(1) 38:21
appropriate(1) 31:2
approval(1) 27:16
approve(1) 17:9
approved(2) 9:12 29:24

are(40) 7:24 8:4 8:13 9:10 9:25 11:18 12:16 13:18 13:21 14:25 15:13 16:3 17:17 18:4 18:5 18:25 20:3 20:10 20:25 21:2 22:2 26:7 27:11 27:14 27:19 27:21 29:2 29:10 31:7 33:16 35:13 36:5 36:7 37:15 37:23 38:2 40:3 40:21 40:24 40:25
aren't(2) 18:22 36:15
argue(4) 8:1 12:22 15:23 15:24
argument(1) 35:9
arkin(1) 4:46
around(2) 18:16 19:7
arsht(1) 4:28
ashby(1) 3:19
aside(1) 8:1 9:16 32:11
ask(12) 7:9 7:12 7:19 9:15 9:12 11:8 17:9 30:16 30:24 31:2 31:5 40:16
asked(6) 6:14 14:12 36:3 38:10
asking(3) 6:9 15:2 39:25
assertable(1) 22:2
assume(1) 37:15
assumptions(3) 20:22 20:23 22:2
assure(1) 30:4
attached(3) 7:4 10:8 32:22
attempt(1) 13:20
attempted(1) 28:13
attempting(1) 17:20
attend(1) 26:12
august(5) 14:12 14:14 14:17 14:19 14:20
aurelius(6) 3:19 9:24 13:4 34:6 34:19 40:25
austin(1) 1:25
available(6) 11:20 39:3 39:11 39:14 39:15 40:25
avenue(6) 2:37 2:51 3:5 3:21 4:17 4:41 4:48 5:6
avoid(1) 10:23
avoided(1) 22:21
aware(1) 29:1
back(14) 7:11 8:5 9:5 14:12 14:14 14:16 14:17 19:22 26:7 28:7 31:3 31:18 32:1 32:18
backdrop(1) 40:1
bad(1) 32:7
baiera(1) 5:15
ball(1) 8:13
bank(2) 13:6 23:20
bankruptcy(4) 1:1 1:22 8:15 26:24
basis(2) 29:7 29:25
bear(1) 32:19
because(10) 10:14 12:18 14:3 15:17 16:18 19:13 26:4 30:5 31:22 36:16 37:9
been(11) 6:9 7:3 9:1 10:5 12:5 17:3 19:23 20:21 34:21 35:23 37:14
before(12) 1:21 7:13 10:11 19:6 21:1 23:21 26:5 28:2 31:5 34:11 35:9 40:25
begin(1) 6:9 34:25 34:25
beginning(2) 27:10 32:19
behalf(6) 6:13 9:24 17:14 22:25 23:20 26:10
behind(1) 27:19
being(3) 8:17 11:22 24:11 24:15 38:6
belabor(1) 23:21
believe(10) 7:7 9:25 16:24 17:6 25:20 29:2 31:15 35:14 35:20 37:11
bencher(1) 5:42
bendernagel(2) 1:27 35:20
beneficiaries(1) 12:15
benefit(2) 8:21 19:8
benesch(1) 3:3

bennett(9) 4:4 4:5 26:9 26:9 26:10 30:14 30:15 30:20 32:16
benson(2) 5:42 22:25
berg(4) 35:4 35:6 38:13 39:14
bernstein(7) 2:36 24:3 24:3 25:11 26:1 28:12 28:22
besides(1) 16:12
best(15) 8:10 11:23 17:23 20:5 20:10 20:14 21:17 21:20 31:24 32:2 35:24 36:4 36:21 37:5 37:13
better(2) 12:4 15:5 30:10
between(6) 10:14 11:2 11:3 15:9 27:16 37:10
beyond(1) 7:7
big(2) 27:21 27:23
bit(1) 27:19
bits(1) 18:24
blackline(3) 10:14 11:9 32:22
blank(2) 15:23 20:24
blanks(1) 20:18
block(1) 5:27
bloomberg(1) 3:52
board(2) 5:32 16:16
boelter(1) 1:28
both(1) 17:22
box(4) 2:8 3:22 3:47 4:33
brad(1) 5:23
brady(1) 3:44
brandywine(1) 3:45
break(2) 18:3 31:5
brian(1) 1:30
bridge(2) 12:11 13:8 17:14 19:2
brief(1) 31:15
briefly(1) 26:1
bring(1) 14:1
bringing(1) 39:6
broadway(1) 3:29
bromberg(1) 3:12
brown(2) 3:9 22:16
bruce(2) 4:5 26:9
bryant(1) 3:36
building(1) 3:45
business(1) 38:11
businesses(1) 36:5
busy(2) 37:21 39:12
but(33) 6:14 7:5 7:17 8:2 9:7 12:24 13:4 13:14 14:7 14:24 20:8 24:22 25:21 26:16 27:14 29:10 29:18 30:17 30:24 31:20 31:23 32:11 35:13 35:24 36:8 36:10 36:17 36:17 36:23 37:15 37:20 38:20 39:20
butz(1) 4:30
buy(1) 16:20
c-2(2) 10:14 32:22
calendar(1) 30:23
call(5) 9:21 10:15 24:9 27:6 36:20
came(1) 13:9
can(26) 8:15 10:17 13:24 18:7 21:13 21:14 22:21 22:21 25:24 25:25 27:5 27:6 29:20 29:21 29:24 30:4 31:24 32:16 33:6 34:2 34:3 35:8 38:20 40:8 40:9
can't(2) 21:11 29:11
cannot(3) 15:22 16:24 34:13
capital(3) 3:19 4:4 9:24
care(1) 9:1
careful(1) 17:22 18:5
carey(3) 1:21 6:2 29:3
case(19) 1:9 5:18 12:5 17:4 18:10 19:3 20:2 20:21 21:5 22:12 22:23 26:21 27:3 27:24 29:16 32:10 32:11 33:13 39:21 40:10
cases(1) 21:18
catch(1) 27:19
center(1) 4:23

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **centers**(1) 10:9 | | **confidentiality**(1) 25:15 | | **deadline**(3) 31:11 33:10 33:13 | | **disclosure**(55) 6:7 7:12 9:11 9:12 10:21 |
| **ceo**(2) 38:5 38:7 | | **confirmable**(2) 24:12 27:9 | | **deadlines**(6) 11:2 14:10 14:10 14:13 14:15 | | 10:22 11:10 11:20 11:23 13:11 13:12 |
| **cert**(1) 41:15 | | **confirmation**(4) 18:14 24:22 28:21 29:18 | | 14:24 | | 13:18 13:23 14:1 14:19 15:18 15:19 15:23 |
| **certain**(3) 4:28 8:23 13:12 | | **confusing**(1) 21:19 | | | | 16:9 16:10 18:21 20:7 20:17 20:23 21:9 |
| **certainly**(4) 8:14 12:25 21:9 28:13 | | **confusion**(1) 22:20 | | **deal**(1) 13:23 | | 21:13 22:5 23:6 23:7 23:10 24:6 24:9 |
| **certification**(5) 6:5 10:7 10:13 32:23 41:7 | | **conjunction**(1) 32:16 | | **dealing**(1) 14:9 | | 24:16 24:19 24:21 25:7 25:16 27:16 28:15 |
| **certify**(1) 41:8 | | **connecticut**(3) 37:8 38:8 39:8 | | **dearborn**(1) 1:31 | | 28:17 28:20 28:24 29:3 29:8 29:19 29:19 |
| **chadbourne**(1) 2:12 | | **consensual**(1) 29:16 | | **debate**(1) 28:4 | | 29:24 30:1 30:2 32:8 32:11 32:14 33:7 |
| **chair**(1) 38:4 | | **consider**(2) 40:8 40:24 | | **debenture**(1) 22:25 | | 33:23 34:1 |
| **chairman**(2) 34:24 36:18 | | **consideration**(2) 6:19 17:22 | | **debt**(1) 22:25 | | |
| **change**(8) 6:10 6:14 7:16 7:20 8:3 8:4 | | **consistent**(1) 33:15 | | **debtor**(19) 8:6 8:22 9:14 9:21 11:3 13:14 | | **disclosures**(1) 23:7 |
| 27:15 29:12 | | **constituents**(1) 16:16 | | 18:21 18:23 19:2 19:13 19:17 19:23 21:8 | | **discuss**(1) 34:7 |
| | | **constructive**(3) 26:19 27:1 27:23 | | 21:12 24:25 25:2 28:7 29:25 34:15 | | **discussed**(1) 14:2 |
| **changed**(1) 22:2 | | **consult**(1) 30:22 | | | | **discussing**(1) 11:18 |
| **changing**(3) 20:21 20:23 20:25 | | **consuming**(1) 22:4 | | **debtors**(57) 1:25 6:13 6:23 7:25 8:13 9:7 | | **discussion**(1) 26:14 |
| **chapter**(5) 1:7 6:3 17:1 30:13 31:19 | | **contained**(1) 15:19 | | 10:10 10:15 10:16 10:20 10:21 11:3 12:6 | | **disgorgement**(1) 12:12 |
| **chase**(1) 2:28 | | **contemplated**(1) 9:16 | | 12:18 12:18 13:1 13:10 14:2 14:4 14:8 | | **dispute**(2) 7:18 10:9 |
| **chicago**(1) 1:32 | | **conterminous**(2) 11:2 17:4 | | 14:12 14:14 14:21 14:23 15:7 15:8 15:11 | | **disruptive**(1) 36:24 |
| **church**(1) 3:52 | | **contested**(2) 28:21 29:17 | | 15:12 15:14 15:18 16:3 16:10 16:18 16:23 | | **dissemination**(1) 27:25 |
| **cincinnati**(4) 35:3 35:13 38:11 39:1 | | **context**(2) 30:11 | | 16:25 17:5 17:18 18:2 19:5 20:6 20:6 | | **distributable**(5) 15:7 15:9 20:20 20:22 |
| **circulate**(3) 25:13 25:22 33:19 | | **continued**(4) 2:2 3:2 4:3 5:2 | | 20:12 20:16 20:17 21:2 22:9 22:25 25:11 | | 25:14 |
| **circulated**(2) 9:10 15:20 | | **controversy**(1) 31:22 | | 25:12 27:12 27:25 29:7 30:7 30:12 31:6 | | **district**(1) 1:2 |
| **circumstances**(3) 8:3 8:5 31:24 | | **conveyance**(2) 12:10 12:15 | | 32:20 33:18 | | **docket**(1) 6:5 |
| **claims**(2) 12:12 15:12 | | **cooperative**(1) 39:18 | | | | **document**(9) 7:5 9:11 9:12 25:15 26:22 |
| **clark**(1) 38:5 | | **core**(1) 23:5 | | **decide**(1) 30:3 | | 26:23 29:11 32:3 37:6 |
| **clear**(2) 10:25 39:2 | | **correct**(1) 41:8 | | **decision**(1) 33:15 | | |
| **clerk**(1) 31:17 | | **corroon**(1) 2:41 | | **decretal**(3) 32:24 33:2 33:8 | | **documents**(2) 26:19 27:1 |
| **co-plan**(2) 7:6 16:13 | | **could**(8) 9:5 17:20 18:4 25:21 30:17 35:7 | | **defending**(1) 32:14 | | **does**(2) 6:13 8:21 |
| **co-proponents**(2) 9:8 16:19 | | 38:23 38:24 | | **deferral**(3) 10:19 12:3 14:23 | | **doesn't**(1) 38:19 |
| **coast**(1) 38:9 | | | | **definition**(2) 19:12 19:14 | | **doing**(2) 23:12 37:5 |
| **cobb**(1) 2:4 | | **counsel**(9) 6:5 17:18 17:20 30:21 32:23 | | **delaware**(6) 1:2 1:13 3:5 3:21 6:1 14:6 | | **don't**(1) 24:3 |
| **coci**(1) 6:11 | | 33:14 33:21 34:15 35:17 | | **delay**(16) 10:25 11:6 15:5 16:1 16:6 | | **don't**(15) 8:8 8:25 9:13 15:23 15:25 16:21 |
| **code**(1) 26:25 | | | | 16:25 17:1 17:2 23:9 23:14 23:15 23:15 | | 26:23 26:23 28:11 29:5 30:4 30:16 35:22 |
| **cogent**(2) 16:6 17:7 | | **couple**(4) 6:23 10:23 17:17 31:5 | | 23:18 24:15 30:9 30:11 | | 35:23 36:9 |
| **cole**(1) 1:35 | | **course**(6) 14:20 14:22 18:11 24:13 36:15 | | | | |
| **colleagues**(1) 23:21 | | 38:14 | | **deliver**(1) 38:19 | | **donald**(1) 2:36 |
| **come**(6) 8:21 8:24 10:4 14:15 14:17 14:20 | | | | **demonstrated**(3) 9:4 31:23 37:19 | | **done**(1) 33:19 |
| **comfortably**(1) 25:21 | | **court**(44) 1:1 6:2 6:17 7:12 7:20 8:4 9:12 | | **demonstration**(1) 40:2 | | **dorman**(2) 4:4 26:10 |
| **comments**(2) 17:16 23:1 | | 9:19 11:8 11:25 14:13 14:13 14:18 16:5 | | **demonstrativ**(1) 37:22 | | **dorr**(1) 5:11 |
| **commit**(1) 15:13 | | 17:9 17:11 17:15 19:24 20:9 22:13 24:1 | | **dennis**(1) 3:40 | | **double**(1) 39:8 |
| **committee**(25) 2:4 5:3 5:31 6:25 12:7 | | 24:20 26:2 26:4 26:7 28:5 29:22 30:1 | | **deposition**(7) 34:24 35:8 37:12 37:17 | | **doubt**(1) 16:17 |
| 13:5 13:7 34:9 34:21 34:24 35:1 35:4 | | 29:22 30:14 30:16 30:21 31:14 31:18 | | 38:19 39:1 39:24 | | **douglas**(1) 2:15 |
| 35:6 35:17 36:5 36:12 37:2 37:24 38:3 | | 33:20 34:10 35:5 35:18 36:7 37:23 38:2 | | | | **down**(4) 8:12 17:20 23:14 34:10 |
| 38:5 39:4 39:11 39:22 40:12 40:13 | | 40:19 41:3 41:4 | | **depositions**(13) 34:8 34:18 34:20 35:8 | | **draft**(2) 20:23 29:8 |
| | | | | 35:11 35:15 36:2 36:3 36:15 36:25 38:16 | | **dublin**(1) 3:35 |
| **common**(1) 21:24 | | **court's**(1) 11:16 | | 40:21 40:21 | | **during**(1) 11:10 |
| **communication**(1) 38:8 | | **courtroom**(2) 1:11 32:9 | | | | **each**(1) 18:8 |
| **company**(7) 1:9 5:10 5:43 6:3 8:24 8:24 | | **created**(1) 37:3 | | **derek**(2) 4:29 20:1 | | **easier**(1) 10:3 |
| 23:1 | | **credit**(4) 3:43 20:2 20:2 26:10 | | **describe**(1) 8:3 | | **easily**(1) 21:21 |
| | | **creditor**(1) 6:15 | | **describes**(1) 21:8 | | **east**(1) 4:42 |
| **compare**(1) 21:21 | | **creditors**(12) 2:4 6:21 6:25 12:7 12:14 | | **detailed**(1) 30:6 | | **easy**(1) 39:21 |
| **compete**(2) 13:1 13:10 | | 12:21 13:5 16:20 17:24 21:19 21:21 34:3 | | **details**(4) 18:25 27:12 27:14 27:19 | | **economic**(1) 23:6 |
| **competing**(45) 7:13 7:17 7:19 7:23 8:10 | | | | **determine**(1) 31:1 | | **ecro**(1) 1:44 |
| 8:17 8:19 8:20 9:4 10:8 10:9 10:12 10:15 | | **critical**(2) 18:25 36:25 | | **determining**(1) 18:5 | | **educated**(1) 15:5 |
| 10:16 10:19 11:1 11:4 12:25 13:3 13:19 | | **crunch**(2) 35:25 37:3 | | **deutsch**(1) 2:15 | | **effect**(1) 13:18 |
| 13:21 14:7 15:1 15:3 15:4 15:6 15:14 | | **cullen**(1) 5:32 | | **deutsche**(2) 13:6 23:20 | | **effectively**(2) 10:17 25:7 |
| 15:25 16:2 16:4 16:5 16:7 16:14 16:16 | | **cumbersome**(1) 21:18 | | **develops**(1) 40:23 | | **efficiency**(2) 17:25 18:16 |
| 17:7 17:9 18:9 20:10 21:17 21:17 23:24 | | **cure**(1) 29:11 | | **dial**(1) 31:2 | | **efficient**(1) 19:19 |
| 29:17 29:25 31:8 31:25 | | **curious**(1) 14:8 | | **diaz**(1) 1:46 | | **egi-trb**(1) 5:27 |
| | | **current**(3) 10:8 12:10 29:20 | | **dick**(1) 38:5 | | **either**(5) 7:14 7:22 18:10 19:9 35:12 |
| **competitors**(1) 13:16 | | **currently**(1) 18:4 | | **did**(9) 11:13 14:2 14:16 25:15 28:15 29:10 | | **electronic**(1) 1:52 41:9 |
| **complete**(1) 37:5 | | **cutler**(1) 5:10 | | 34:10 36:1 36:21 | | **elicit**(1) 30:17 |
| **completed**(1) 25:21 | | **daniel**(3) 3:34 4:30 9:24 | | | | **eliminate**(1) 21:3 |
| **conaway**(1) 3:43 | | **danny**(1) 25:25 | | **didn't**(6) 8:2 11:15 11:16 14:21 28:16 | | **ellias**(1) 3:13 |
| **conceivably**(1) 39:11 | | **dark**(4) 10:24 13:19 16:3 27:7 | | **differences**(1) 6:8 | | **else**(10) 8:2 9:20 17:11 19:3 19:24 22:13 |
| **conception**(6) 26:18 26:22 26:24 27:4 27:9 | | **data**(1) 1:46 | | **different**(1) 26:18 | | 24:1 28:5 32:15 36:7 |
| 27:9 | | **date**(11) 7:9 9:17 13:12 24:23 32:20 33:2 | | **difficult**(2) 21:18 36:6 | | |
| | | 33:3 35:2 35:3 35:4 39:12 | | **digest**(2) 16:8 22:21 | | **else's**(2) 24:14 25:5 |
| **concerned**(5) 11:22 14:25 23:3 39:23 40:7 | | | | **directly**(1) 32:3 | | **emerge**(1) 17:20 |
| **concerning**(1) 34:8 | | **dates**(7) 7:10 8:12 9:18 14:16 34:21 34:22 | | **directors**(1) 5:32 | | **emergence**(1) 17:1 |
| **concerns**(1) 17:18 | | 34:23 | | **disadvantag**(1) 24:18 | | **end**(3) 12:25 28:4 30:10 |
| **conclude**(1) 36:20 | | | | **disciplined**(2) 16:6 17:7 | | **english**(2) 4:15 23:20 |
| **concludes**(1) 41:3 | | **david**(6) 2:14 4:16 5:34 5:39 23:19 35:16 | | | | **enhance**(1) 19:18 |
| **conclusion**(2) 13:9 17:23 | | **davis**(2) 2:35 24:4 | | | | **enhances**(1) 18:15 |
| **concurrently**(4) 8:10 8:17 25:19 38:6 | | **day**(12) 5:31 10:5 14:7 23:8 24:6 28:14 | | | | **enough**(2) 34:16 40:6 |
| **conduct**(1) 36:17 | | 30:10 31:3 32:11 32:12 35:6 39:22 | | | | **ensure**(4) 23:4 23:8 23:10 23:13 |
| **confer**(3) 14:3 33:5 33:10 33:14 34:13 | | | | | | **ensures**(1) 23:3 |
| **conference**(4) 6:4 35:23 37:15 37:16 | | **days**(3) 14:16 14:17 36:2 | | | | |
| **confidential**(1) 29:7 | | **dbtca**(1) 4:15 | | | | |

| Word | Page:Line |
|------|-----------|

enterprise(2) 15:8  15:9
entice(1) 16:15
erens(1) 5:33
eric(1) 5:23
especially(3) 14:10  17:2  38:18
esq(51) 1:26  1:27  1:28  1:29  1:30  1:37  1:38  2:5  2:6  2:13  2:14  2:15  2:16  2:22  2:29  2:36  2:50  3:4  3:10  3:11  3:12  3:13  3:14  3:20  3:27  3:28  3:34  3:35  3:44  4:5  4:6  4:16  4:22  4:29  4:30  4:39  4:40  4:47  5:4  5:5  5:12  5:19  5:23  5:24  5:28  5:32  5:33  5:34  5:35  5:39  5:44
established(1) 27:5
estate(2) 17:24  18:12
estimate(1) 15:7
europe(1) 30:20
even(4) 9:7  26:11  28:3  37:11
event(1) 39:23
events(3) 35:14  39:20  39:23
everybody(5) 12:4  21:1  21:22  24:23  36:7
everybody's(1) 19:18
everyone(11) 8:9  10:4  23:2  23:4  23:7  27:3  27:8  27:22  28:1  32:4  32:5
everything(4) 11:6  19:22  22:19  25:19
evolve(1) 30:10
exactly(2) 6:14  30:7
example(1) 14:12
except(1) 31:6
excess(2) 37:11  37:22
excessive(1) 38:21
executives(1) 40:4
exercise(1) 17:19
exhibit(2) 10:13  10:14
exist(1) 13:24
existing(1) 18:8
expanded(1) 6:24
expanding(1) 6:18
expect(1) 40:20
expense(1) 22:20
experience(1) 33:24
expressed(1) 24:20
extend(1) 14:23
extending(1) 40:3
extension(4) 8:1  9:17  14:13  22:6
extra(1) 11:21
extremely(2) 24:5  36:6
face(1) 33:24
facilitate(1) 22:11
facilitating(1) 26:22
fact(12) 12:16  14:17  16:14  18:14  18:21  19:16  21:10  21:11  24:8  34:24  36:12  38:19
facts(1) 36:8
far(3) 38:14  38:21  40:6
fargo(3) 5:18  13:7  17:14
faulting(1) 21:9
favor(1) 27:3
feeling(1) 16:11
feelings(1) 28:19
feld(1) 3:33
few(1) 9:4
fewer(1) 18:17
field(8) 8:18  17:21  19:17  23:3  23:9  23:22  25:9  25:19
figueroa(1) 4:7
figure(1) 31:1
figuring(1) 27:14
file(23) 7:23  8:22  10:11  13:10  13:15  13:19  15:6  16:4  16:9  19:6  19:8  19:12  20:10  20:15  21:1  21:13  22:5  22:9  23:7  24:23  25:19  29:8  30:1

filed(25) 6:16  8:17  8:19  9:1  9:8  10:11  12:18  12:19  13:1  13:22  14:7  15:18  16:19  17:3  18:11  18:17  18:21  19:2  20:16  20:17  20:25  24:17  27:13  33:12  36:9
files(1) 18:23
filing(22) 6:7  7:7  7:9  8:10  8:12  9:4  9:17  10:6  10:25  14:18  15:14  17:23  19:19  19:20  22:1  24:15  27:16  27:22  31:6  31:7  31:20  33:11
filings(2) 24:24  32:22
financial(2) 26:20  27:2
finger(1) 2:28
firmly(3) 27:5  28:1  28:2
first(15) 6:9  7:22  8:5  8:12  8:22  9:14  10:2  19:18  22:5  22:9  24:17  26:11  32:24  33:1  33:18
five(7) 6:21  6:25  7:3  7:6  7:21  30:4  31:1
fixed(2) 28:1  28:2
floor(6) 2:45  3:46  4:18  4:24  4:32  4:49
followed(1) 23:2
following(1) 7:15
footed(1) 20:22
footing(1) 21:22
for(99) 1:2  1:25  2:4  2:28  2:41  3:3  3:39  3:43  3:44  4:15  4:28  5:3  5:10  5:18  5:27  5:31  5:38  5:42  8:10  9:15  10:2  10:4  10:5  10:6  10:18  10:19  10:22  11:9  12:3  12:5  12:21  13:6  13:7  13:8  14:12  14:13  14:24  15:2  15:14  16:23  17:8  17:14  18:3  19:3  19:20  20:9  20:13  21:10  21:12  21:16  21:21  22:4  23:7  23:16  23:23  24:6  25:1  25:10  27:18  27:18  27:23  29:3  29:15  29:25  30:8  30:22  30:24  31:6  32:3  32:8  32:19  33:10  33:13  34:4  34:11  34:15  34:21  35:2  35:4  35:9  35:13  35:17  36:3  36:14  36:22  36:25  37:16  37:19  38:10  38:15  39:1  39:21  40:9  40:16  40:17  41:1
forced(3) 15:13  16:3  19:8
foregoing(1) 41:8
forget(1) 14:9
forgot(1) 34:12
form(7) 6:10  18:4  19:10  19:21  27:10  33:15  33:18
forman(1) 1:35
format(2) 7:20  7:25
formed(1) 27:21
former(1) 12:10
forms(3) 6:6  26:17  31:8
forth(3) 7:3  10:7  17:10
forward(1) 37:9
found(1) 24:5
four(9) 9:8  34:20  36:3  36:4  36:5  37:20  37:23  38:2  40:15
fourth(2) 35:4  38:18
fox(1) 5:22
frank(1) 38:10
frankly(2) 28:22  40:14
fraudulent(2) 12:9  12:15
fredrick(2) 4:40  5:35
friday(13) 7:8  9:10  15:20  25:16  25:21  29:9  29:13  35:2  35:10  35:10  35:13  38:10  39:1
friedman(9) 3:26  4:39  5:43  19:25  20:1  22:17  22:25  23:17  34:6
from(30) 8:1  8:5  8:21  8:24  9:16  9:18  9:20  9:22  9:24  11:14  16:13  17:1  19:11  21:25  22:15  23:4  23:19  24:3  24:13  26:8  28:16  30:11  31:8  31:10  32:1  32:15  34:5  35:10  37:7  41:9
frome(1) 4:37
front(1) 29:3
frontier(1) 38:7
full(2) 32:24  33:1

fully(2) 29:1  39:22
fundamental(1) 7:18
fundamentally(1) 18:23
further(7) 23:15  27:13  28:8  34:4  40:20  40:24  41:1
gained(1) 15:1
gaining(1) 16:22
gavin(1) 5:15
geddes(1) 3:19
general(11) 9:11  10:21  13:11  15:18  15:19  15:23  16:9  25:16  29:8  30:1  31:8
generally(1) 31:20
get(21) 8:14  10:22  11:21  13:20  13:21  16:1  16:16  17:5  18:11  18:22  19:5  19:15  20:5  25:5  26:4  28:23  29:23  30:12  34:2  35:14  36:7
gets(1) 18:12
getting(2) 16:13  27:4
give(2) 29:12  32:21
given(4) 15:5  18:20  18:21  35:4
gives(1) 8:19
going(24) 12:25  16:17  16:17  18:22  19:1  19:9  19:12  20:10  20:20  20:25  22:16  23:20  25:4  26:14  29:13  29:14  29:18  30:7  30:21  32:5  32:7  33:4  37:6  40:20
golden(21) 3:34  9:23  9:24  11:8  11:12  12:2  20:19  22:16  23:2  23:17  24:5  24:8  25:25  25:25  26:3  26:6  26:12  28:10  28:11  31:12  31:12
golden's(1) 17:16
goldman(1) 5:12
good(9) 6:2  8:14  9:23  19:25  20:12  32:2  32:4  32:5  32:13
gordon(3) 3:14  5:10  12:7
got(1) 35:14
gotten(1) 8:14
grant(1) 32:19
granted(1) 14:14
grateful(1) 26:11
gregory(1) 3:20
greissman(1) 5:19
gross(1) 6:15
group(3) 9:21  11:3  11:4
grundman(1) 4:37
guess(4) 19:22  24:18  33:9  38:20
gump(2) 3:33  9:24
had(17) 7:8  8:17  14:5  14:6  27:9  34:7  34:19  34:19  34:21  35:1  37:10  37:18  39:2  39:4  39:5  39:12  39:13
hale(1) 5:10
hand(1) 15:10
handle(1) 10:13
hands(1) 14:21
happen(2) 14:21  16:18
happens(2) 27:17
happy(1) 8:1
harassment(1) 38:22
hard(1) 19:3
harrisburg(1) 1:48
has(19) 6:9  6:24  8:25  9:4  12:5  12:17  14:25  18:21  19:22  20:18  20:24  24:20  25:11  28:1  30:5  32:4  32:5  32:13  35:25
hauer(1) 3:33

have(85) 6:15  6:17  7:3  7:22  8:25  9:8  10:4  10:5  10:10  10:13  10:20  11:14  11:19  12:6  12:23  13:10  13:15  13:17  13:23  14:9  15:3  15:6  15:8  15:11  15:11  15:12  15:14  15:17  16:7  16:11  16:19  16:23  17:3  17:21  18:1  18:2  18:16  19:9  19:12  19:20  20:14  20:16  20:21  21:16  22:5  22:6  22:7  22:10  22:21  23:6  23:10  23:21  24:23  25:3  25:12  25:20  26:14  26:18  26:20  26:21  26:24  27:2  27:4  27:8  27:13  28:2  29:25  30:23  31:7  31:22  31:23  32:10  33:22  33:23  35:1  35:8  35:21  35:24  37:1  37:6  37:21  38:15  40:2  40:7
haven't(1) 37:14
having(10) 8:22  10:11  10:23  18:6  21:20  21:24  22:2  24:14  24:24  37:14
he's(2) 38:5  38:13
head(2) 8:14  24:14
hear(6) 8:5  9:20  9:22  9:22  13:13  34:2
heard(10) 9:7  17:12  17:17  17:20  22:14  24:2  26:8  26:8  28:6  33:21
hearing(26) 1:20  7:13  10:3  11:10  11:10  11:20  11:24  24:7  24:10  24:10  24:16  24:17  24:19  25:8  28:15  28:17  28:21  29:18  30:23  32:8  32:11  33:13  33:23  34:1  41:4  41:5
hearings(3) 24:21  24:22  28:20
heart(1) 12:8
heiman(9) 5:34  35:16  35:16  35:19  37:23  38:1  38:4  39:17  41:2
held(2) 33:13  39:16
help(1) 40:9
helpful(2) 6:7  28:3
hennigan(2) 4:4  26:9
her(2) 37:9  37:11
hercules(1) 2:43
here(16) 13:10  25:4  25:12  32:9  33:24  35:24  36:19  36:24  37:7  37:14  38:4  38:18  38:19  39:17  39:19  40:2
here's(2) 32:7  33:4
him(1) 39:15
his(2) 6:18  38:11
history(1) 14:9
hoc(2) 5:3  13:7
hold(1) 30:24
holders(1) 12:11
holes(1) 29:10
honor(48) 6:12  7:24  8:17  8:21  9:15  9:23  10:2  10:7  11:12  11:12  11:19  12:2  12:13  12:17  14:5  15:16  16:11  16:17  17:9  17:13  19:25  22:12  22:15  22:24  23:19  24:3  25:10  25:22  25:25  26:9  27:8  28:9  28:11  28:16  29:5  30:5  30:5  31:12  33:17  34:5  34:7  35:16  37:25  38:22  38:23  39:19  39:20  41:2
honor's(3) 11:17  28:19  36:23
honorable(1) 1:21
hoover(1) 3:4
hoped(1) 34:7
hoping(2) 32:15  39:21
hour(1) 39:21
how(9) 8:24  9:9  9:13  9:19  15:11  19:4  32:6  36:10  36:10
howard(2) 2:13  4:47
however(1) 33:25
i'd(3) 10:2  10:12  33:14
i'll(16) 8:5  8:5  9:21  10:15  10:22  20:8  30:9  30:24  31:2  31:15  31:19  31:24  32:1  32:11  34:11  40:24
i'm(24) 6:14  8:1  11:16  16:17  22:16  23:20  24:18  25:1  26:11  26:13  29:1  31:20  31:21  32:15  33:4  33:8  33:9  33:12  35:19  36:9  37:7  38:1  39:12  40:19

| Word | Page:Line |
|---|---|
| i've(2) 26:8 33:21 | |
| idea(3) 27:11 32:4 32:5 | |
| ideas(4) 27:21 27:23 27:23 28:2 | |
| identify(1) 6:22 | |
| implantation(2) 8:23 9:2 | |
| important(5) 20:9 20:19 21:23 36:7 38:25 | |
| importantly(3) 7:12 8:16 9:7 | |
| inclination(1) 39:18 | |
| include(1) 6:24 | |
| included(1) 6:5 | |
| including(1) 37:14 | |
| incomplete(1) 19:14 | |
| incorporate(1) 9:3 | |
| incredibly(1) 37:21 | |
| indeed(1) 19:7 | |
| indentured(3) 12:20 13:5 13:6 | |
| individuals(1) 37:21 | |
| infirmities(1) 13:24 | |
| information(17) 15:17 15:19 15:21 15:22 16:8 18:20 18:22 19:13 19:15 22:22 23:5 23:11 25:1 25:2 25:17 30:17 34:2 37:19 | |
| inherently(1) 26:19 | |
| initial(1) 11:5 | |
| initially(1) 13:13 | |
| inquiry(1) 28:16 | |
| instead(2) 14:21 39:7 | |
| intend(2) 9:3 24:9 | |
| intended(1) 24:19 | |
| intense(2) 16:12 29:17 | |
| intention(1) 28:22 | |
| intentionally(1) 28:12 | |
| inter-company(1) 15:11 | |
| interest(5) 17:24 18:15 19:18 32:17 | |
| interests(1) 31:25 | |
| interrupted(1) 12:1 | |
| into(5) 7:6 24:10 24:16 24:21 31:24 | |
| involved(1) 6:23 | |
| isn't(1) 13:20 | |
| issue(5) 7:17 10:1 16:21 17:25 18:19 | |
| issues(1) 24:10 | |
| it's(25) 6:14 12:13 15:4 19:2 19:3 19:4 20:9 22:15 24:3 24:22 25:8 25:25 28:20 29:13 29:14 31:12 34:5 35:16 36:7 37:3 37:11 38:17 38:23 39:10 40:16 | |
| item(1) 6:13 | |
| items(1) 21:23 | |
| its(9) 8:22 9:4 10:11 12:8 17:24 18:23 19:17 21:11 23:5 | |
| james(1) 1:27 2:22 4:6 | |
| jarashow(1) 3:27 | |
| jared(1) 3:13 | |
| jeff(1) 38:13 | |
| jeffrey(1) 5:24 | |
| jenner(1) 5:27 | |
| jennifer(1) 3:4 | |
| jeremy(1) 5:5 | |
| jessica(1) 1:28 | |
| johnston(1) 4:6 | |
| join(2) 17:16 23:24 | |
| joint(1) 7:1 | |
| jones(2) 5:31 39:21 | |
| jpmorgan(3) 6:25 12:7 24:4 | |
| judge(4) 1:22 6:2 6:15 29:3 | |
| just(19) 9:17 10:24 11:22 17:17 18:19 19:16 21:23 22:18 30:9 30:24 32:8 32:9 35:5 35:14 35:23 38:23 38:24 39:17 40:14 | |
| kansa(1) 1:29 | |
| kaplan(4) 3:26 4:46 4:47 34:6 | |
| kasowitz(5) 5:42 22:24 | |
| kate(1) 1:38 | |
| katharine(1) 4:22 | |
| katherine(1) 3:12 | |
| kaye(1) 2:49 | |
| keep(4) 7:25 8:13 9:16 39:22 | |
| ken(1) 1:29 | |

| Word | Page:Line |
|---|---|
| kenneth(1) 4:12 | |
| kevin(3) 5:21 1:26 6:12 25:10 33:17 | |
| key(1) 25:17 | |
| kind(2) 9:13 19:7 | |
| kinds(2) 36:17 37:11 | |
| king(3) 2:30 2:31 4:24 | |
| kizzy(1) 3:27 | |
| kje(1) 1:9 | |
| klauder(1) 5:39 | |
| knew(1) 36:16 | |
| know(25) 8:2 9:9 9:13 12:1 12:4 14:20 18:23 23:11 24:20 24:22 25:23 27:17 28:11 28:19 28:20 29:5 30:5 31:10 32:13 34:10 35:20 36:8 38:15 38:20 | |
| knowing(1) 19:8 | |
| knowledge(2) 12:14 23:5 | |
| knows(2) 9:5 39:20 | |
| krakauer(1) 1:30 | |
| kurth(1) 5:3 | |
| labeled(1) 10:13 | |
| lack(7) 3:28 34:5 34:5 34:19 37:25 38:23 38:24 | |
| lacking(1) 23:8 | |
| landed(1) 11:15 | |
| landis(2) 2:4 2:5 | |
| lantry(18) 1:26 6:12 6:12 6:18 8:8 8:9 14:25 15:16 20:11 20:13 25:10 25:10 28:9 29:5 29:6 33:17 33:17 | |
| lantry's(1) 27:24 | |
| large(1) 34:16 | |
| largely(1) 9:3 | |
| last(14) 9:10 12:18 12:18 12:20 14:5 14:5 15:20 20:17 25:16 29:9 31:3 33:8 36:2 40:15 | |
| late(3) 27:22 36:12 40:14 | |
| later(3) 8:19 14:16 14:17 | |
| lauria(11) 17:13 17:13 17:16 20:18 21:2 21:25 22:17 23:12 23:17 25:17 30:2 | |
| laurie(1) 2:42 | |
| law(1) 22:25 | |
| layton(1) 2:28 | |
| lbo(1) 12:11 | |
| lead(2) 18:6 36:5 | |
| leads(3) 5:17 17:22 38:11 | |
| least(5) 12:18 22:10 25:12 27:10 37:15 | |
| legal(2) 26:20 27:2 | |
| lemay(1) 2:14 | |
| lenders(7) 3:44 4:29 13:8 13:9 20:2 20:3 26:10 | |
| length(1) 22:6 | |
| lengthy(1) 35:22 | |
| leonard(1) 1:36 | |
| less(1) 12:17 | |
| let(7) 6:9 9:22 9:25 11:8 28:7 31:5 33:25 | |
| let's(3) 18:23 32:18 34:18 | |
| level(11) 17:21 23:3 23:9 23:22 25:8 25:18 35:24 36:4 36:21 37:5 37:13 | |
| levels(2) 8:18 19:16 | |
| levy(1) 4:40 | |
| lexington(2) 2:37 5:6 | |
| liang(1) 4:12 | |
| like(15) 8:23 10:2 17:17 18:9 19:1 24:12 25:15 29:21 30:3 30:4 31:11 33:14 35:5 37:25 39:15 | |
| line(2) 30:25 31:15 | |
| liquidation(1) 15:12 | |
| listed(1) 15:19 | |
| literally(1) 40:11 | |
| litigation(2) 22:20 29:15 | |
| little(4) 7:16 27:19 30:17 40:13 | |
| lives(1) 38:8 | |

| Word | Page:Line |
|---|---|
| llp(13) 1:25 2:12 2:21 2:41 2:49 4:4 4:15 4:38 4:46 5:3 5:18 5:22 5:27 | |
| location(1) 34:16 | |
| look(4) 11:9 18:9 19:1 30:3 | |
| looking(6) 11:21 19:11 20:6 29:15 32:22 33:8 | |
| looks(1) 11:9 | |
| los(3) 4:9 38:12 38:13 | |
| lost(1) 12:13 | |
| lot(12) 10:3 20:4 20:8 20:12 20:18 21:3 21:4 21:6 21:23 21:24 22:4 35:24 | |
| lugano(1) 1:44 | |
| lynch(1) 2:41 | |
| made(6) 14:3 23:1 23:21 37:5 39:2 40:25 | |
| madison(1) 4:48 | |
| madlyn(1) 2:50 | |
| maggie(1) 38:7 | |
| maintaining(1) 16:24 | |
| make(12) 10:24 13:3 13:24 22:18 24:9 24:15 24:21 29:10 32:21 39:11 39:14 39:15 | |
| makes(3) 10:3 21:12 21:23 | |
| making(1) 36:1 | |
| management(9) 3:20 4:5 9:25 | |
| mandate(1) 36:23 | |
| many(4) 20:15 29:10 36:10 36:10 | |
| marc(1) 2:16 | |
| mark(1) 38:5 | |
| market(4) 1:12 2:7 2:44 4:31 | |
| martin(1) 3:11 | |
| material(2) 19:15 23:13 | |
| materially(2) 16:25 30:12 | |
| materials(1) 14:19 | |
| matter(2) 18:20 41:10 | |
| matters(2) 31:21 36:17 | |
| matthew(3) 2:6 5:44 22:24 | |
| may(8) 11:25 27:12 27:18 28:24 35:17 35:18 35:21 35:21 | |
| maybe(3) 11:23 29:14 36:21 | |
| mayer(1) 4:22 | |
| mccarter(2) 4:15 23:20 | |
| mcguire(1) 2:6 | |
| mcmeel(1) 41:14 | |
| mean(2) 30:16 38:18 | |
| meaningful(1) 34:3 | |
| meant(1) 33:25 | |
| mechanics(1) 9:2 | |
| mediation(6) 6:25 14:22 25:15 25:23 27:10 28:3 | |
| mediator's(3) 7:4 9:9 30:6 | |
| mediators(1) 6:15 | |
| meet(4) 33:5 33:10 34:13 34:15 | |
| meisel(1) 1:35 | |
| member(1) 35:5 | |
| members(6) 34:9 34:20 35:1 36:4 37:23 38:2 | |
| mention(1) 36:11 | |
| mentioned(2) 23:12 23:17 | |
| merits(1) 12:23 | |
| merrill(1) 2:41 | |
| middle(1) 22:8 | |
| might(10) 5:16 24:6 27:13 | |
| mind(1) 33:9 | |
| mini(1) 24:21 | |
| mini-confirmation(3) 24:10 24:16 33:22 | |
| minute(1) 34:25 | |
| minutes(2) 10:23 31:1 | |
| misheard(3) 28:12 28:12 28:22 | |
| missing(4) 15:21 15:22 18:20 40:7 | |
| modification(2) 19:15 23:13 | |
| moment(4) 11:9 30:25 32:19 34:12 | |

| Word | Page:Line |
|---|---|
| monday(7) 7:9 7:15 7:21 25:23 29:14 31:4 40:25 | |
| money(2) 18:12 19:10 | |
| months(3) 9:2 12:5 16:23 | |
| more(23) 8:16 9:7 13:1 15:21 16:6 16:6 17:6 18:3 18:16 22:4 22:7 23:15 24:22 24:24 25:6 26:11 29:4 30:18 31:1 37:16 37:19 40:9 40:19 | |
| moreover(1) 27:8 | |
| morgan(1) 2:28 | |
| morris(1) 4:28 | |
| most(4) 7:11 13:9 21:12 29:23 | |
| motion(5) 35:10 36:9 36:13 36:25 40:12 | |
| motivating(1) 16:12 | |
| motivation(2) 29:21 29:22 | |
| move(1) 32:20 | |
| moving(3) 14:10 18:14 21:5 | |
| mr. bennett(1) 32:2 | |
| mr. shapiro(2) 36:19 37:17 | |
| ms. wilderotter(1) 37:8 | |
| much(5) 15:21 20:11 33:23 | |
| multiple(1) 21:17 | |
| must(1) 27:4 | |
| myself(1) 40:2 | |
| name(1) 38:13 | |
| nature(1) 21:11 | |
| necessary(4) 23:9 23:11 23:14 36:15 | |
| need(16) 6:21 7:7 9:13 14:22 23:4 24:24 24:25 25:18 27:15 30:22 30:22 31:1 36:24 37:19 37:22 40:2 | |
| needed(4) 10:6 14:7 22:22 36:8 | |
| needs(2) 21:1 23:6 | |
| negotiations(1) 18:6 | |
| never(3) 28:13 28:13 35:4 | |
| new(21) 2:18 2:38 2:52 3:16 3:30 3:37 4:19 4:43 4:50 5:7 5:43 7:5 10:11 12:17 14:16 21:14 23:1 35:12 37:7 38:15 39:6 | |
| news(3) 32:2 32:7 32:13 | |
| next(4) 9:20 25:23 35:7 39:15 | |
| nichols(1) 4:28 | |
| non-debtors(1) 8:22 | |
| non-participants(1) 18:7 | |
| non-proponents(1) 18:1 | |
| none(2) 15:13 15:18 | |
| norman(1) 1:37 | |
| north(4) 1:39 2:31 2:44 4:31 | |
| not(50) 6:14 10:4 11:21 11:23 12:13 12:22 13:4 13:18 13:25 15:20 15:25 17:5 18:4 18:24 20:3 20:8 21:9 22:3 22:6 22:16 23:14 23:20 24:6 24:21 26:2 26:8 26:14 26:23 27:21 28:20 28:21 29:15 29:16 29:19 30:6 30:11 31:21 32:3 32:3 33:22 35:21 36:1 36:1 36:16 37:3 38:14 38:20 39:21 40:19 40:25 | |
| noteholder(2) 12:19 12:20 | |
| notes(3) 13:7 19:2 19:21 | |
| nothing(5) 22:23 26:25 37:2 40:11 40:11 | |
| notice(1) 36:1 | |
| november(12) 7:14 11:11 11:15 26:15 30:18 32:8 33:2 33:3 33:6 33:12 33:14 34:14 | |
| novod(1) 3:14 | |
| now(3) 6:15 6:24 6:25 7:6 7:9 7:21 8:2 9:8 11:19 12:6 13:13 14:2 16:13 19:22 20:20 20:23 23:7 27:11 32:18 33:8 33:20 37:10 40:21 | |
| number(4) 6:5 7:19 7:24 18:11 | |
| o'clock(3) 31:3 33:14 39:1 | |
| oaktree(4) 4:4 9:4 12:7 32:13 | |
| oaktree's(1) 32:17 | |
| objecting(1) 25:13 | |
| objection(2) 31:11 33:3 | |
| objections(2) 25:7 33:7 | |

| Word | Page:Line |
|------|-----------|
| objectors(1) 26:17 | |
| observations(1) 17:17 | |
| obviously(2) 8:23  9:3 | |
| occur(1) 29:18 | |
| occurred(1) 36:1 | |
| october(9) 1:15  6:1  13:13  13:14  32:20 | |
| 32:23  33:1  37:10  41:13 | |
| | |
| off(2) 16:20  25:24 | |
| offered(4) 25:13  29:6  34:21  35:2 | |
| office(4) 5:38  31:4  32:16  34:15 | |
| ohio(1) 38:11 | |
| okay(10) 9:22  26:3  26:7  28:7  28:10  30:21 | |
| 31:14  32:18  34:18  35:19 | |
| | |
| olshan(1) 4:37 | |
| once(2) 17:2  19:15 | |
| one(35) 1:31  2:30  3:36  4:28  6:13  6:14 | |
| 7:11  8:1  8:7  9:17  10:24  10:24  12:25 | |
| 15:10  22:10  25:12  26:4  27:5  27:5  27:20 | |
| 30:22  31:20  31:20  32:21  34:12  34:23  35: | |
| 36:12  37:7  37:8  38:4  38:6  38:10  38:12 | |
| 40:5 | |
| only(13) 10:25  11:5  11:12  13:4  13:8  15:1 | |
| 22:8  32:11  36:12  36:18  39:3  39:20  40:12 | |
| | |
| open(1) 11:18 | |
| operating(2) 20:21  27:6 | |
| opponents(4) 17:4  28:14  28:24  29:2 | |
| opportunity(7) 10:10  10:20  13:17  18:2 | |
| 18:3  18:18  26:12 | |
| | |
| opposed(1) 19:19 | |
| opposite(1) 25:8 | |
| optimistic(1) 31:20 | |
| order(24) 6:6  6:11  7:5  7:11  7:17  10:16 | |
| 10:16  10:17  13:3  14:1  16:8  17:9  19:21 | |
| 25:1  26:17  31:8  31:9  31:21  33:4  33:5 | |
| 33:15  34:14  35:5  40:20 | |
| | |
| ordered(1) 7:8 | |
| orders(3) 7:19  8:10  10:8 | |
| original(5) 6:22  7:25  9:1  9:11  9:17 | |
| originally(5) 9:16  11:14  39:5  39:12  39:13 | |
| other(23) 6:20  7:17  7:19  8:3  8:4  9:5 | |
| 15:10  16:15  17:17  18:8  19:4  19:7  21:10 | |
| 21:22  22:7  23:23  25:17  26:21  27:12  29:2 | |
| 32:13  32:21  36:22 | |
| | |
| others(8) 8:5  9:5  9:22  10:1  24:8  26:7 | |
| 26:8  31:7 | |
| | |
| otherwise(2) 10:5  38:21 | |
| ought(1) 32:6 | |
| our(26) 7:10  7:17  9:1  9:9  9:9  9:10  9:11 | |
| 15:4  15:18  19:8  19:14  20:9  20:15  22:7 | |
| 25:15  28:21  29:21  29:22  35:24  36:1  36:4 | |
| 36:14  36:21  37:5  37:13  39:18 | |
| | |
| ourselves(1) 40:3 | |
| out(11) 6:7  8:15  14:25  18:3  19:17  20:4 | |
| 27:14  29:24  30:12  31:2  33:6 | |
| outside(1) 19:11 | |
| over(2) 35:7  36:11 | |
| own(8) 10:12  14:9  19:6  20:5  24:15  36:5 | |
| 38:11  40:4 | |
| | |
| p.a(1) 3:19 | |
| | |
| p.m(5) 1:16  6:1  31:16  31:16  41:5 | |
| p.o(4) 2:8  3:22  3:47  4:33 | |
| page(7) 7:3  30:4  32:24  32:25  33:1  33:1 | |
| 33:9 | |
| | |
| pages(2) 36:10  36:11 | |
| paragraph(3) 32:24  33:2  36:12 | |
| paragraphs(2) 33:9  36:10 | |
| parent(2) 15:10  16:20 | |
| park(4) 2:51  3:36  4:17  4:41 | |
| parke(1) 2:12 | |

| Word | Page:Line |
|------|-----------|
| part(2) 20:3  21:5 | |
| particularly(1) 21:16 | |
| parties(30) 6:8  6:19  6:20  6:21  7:1  7:19 | |
| 9:13  11:9  13:13  13:24  14:3  20:21  21:10 | |
| 22:7  23:23  25:13  25:15  25:18  25:23  29:9 | |
| 31:7  31:22  32:21  33:4  33:19  33:21  33:24 | |
| 33:25  34:12  34:17 | |
| | |
| passionate(1) 8:13 | |
| past(1) 33:19 | |
| paul(1) 5:4 | |
| pause(1) 11:9 | |
| pending(1) 12:5 | |
| pennsylvania(1) 1:48 | |
| people(14) 18:4  22:21  24:24  26:21  27:2 | |
| 27:13  27:15  27:18  30:2  30:6  36:5  36:22 | |
| 37:16  38:15 | |
| | |
| percent(1) 22:19 | |
| perhaps(5) 7:11  8:16  19:14  24:8  39:19 | |
| period(5) 11:1  11:13  15:2  16:7  23:23 | |
| permitting(1) 18:1 | |
| pernick(1) 1:37 | |
| person(4) 31:20  33:5  34:13  39:12 | |
| perspective(1) 24:13 | |
| phillip(1) 3:35 | |
| phone(5) 11:19  12:5  24:9  27:6  28:1 | |
| phones(1) 13:6 | |
| pick(1) 31:23 | |
| pickering(1) 5:10 | |
| piece(1) 25:17 | |
| pieces(1) 18:24 | |
| place(4) 20:14  28:21  35:11  39:13 | |
| plan(103) 6:6  7:1  7:6  7:8  7:21  8:22  8:23 | |
| 9:1  9:2  9:4  10:6  10:9  10:11  10:12  10:15 | |
| 10:15  10:16  10:19  10:20  10:21  11:3  11:4 | |
| 12:8  12:16  12:17  12:18  12:19  12:20  12:24 | |
| 12:23  12:25  13:2  13:3  13:11  13:16  13:16 | |
| 13:17  13:24  14:13  14:15  14:18  15:1  15:3 | |
| 15:4  15:24  15:25  16:2  16:5  16:7  16:9 | |
| 16:14  16:16  17:4  17:8  17:23  18:2  18:4 | |
| 18:8  18:9  18:16  18:23  19:1  19:4  19:6 | |
| 19:8  19:12  19:14  19:17  20:6  20:11  20:12 | |
| 20:15  21:2  21:8  21:13  22:5  24:14  24:17 | |
| 24:23  24:24  25:3  25:5  26:18  26:19  26:22 | |
| 26:24  27:9  27:9  27:16  28:2  28:14  28:23 | |
| 29:2  29:6  29:13  29:17  29:20  29:20  30:1 | |
| 30:7  32:3  32:4  32:14 | |
| | |
| planning(1) 28:24 | |
| plans(28) 7:13  7:23  8:17  8:19  8:20  11:1 | |
| 13:1  13:19  13:21  14:7  15:6  15:15  16:4 | |
| 17:3  18:11  18:13  18:16  18:17  21:17  21:17 | |
| 21:20  22:1  22:3  23:24  24:11  27:1  27:12 | |
| 27:13 | |
| | |
| platform(1) 28:23 | |
| playing(3) 8:18  17:21  19:17  23:3  23:9 | |
| 23:22  25:8  25:19 | |
| | |
| plaza(2) 2:17  2:43 | |
| please(1) 31:15 | |
| plenty(2) 12:23  27:18 | |
| plumbing(1) 9:3 | |
| point(6) 14:5  14:22  21:25  23:21  29:4 | |
| pointed(1) 14:25 | |
| pointing(1) 6:7 | |
| points(3) 17:22  20:8  23:22 | |
| polk(2) 3:25  24:4 | |
| position(6) 14:8  22:7  22:8  26:22  34:1 | |
| possible(6) 20:10  20:12  20:14  20:16  21:20 | |
| 39:18 | |
| | |
| post(1) 29:18 | |
| potential(2) 12:9  19:4 | |
| potentially(2) 21:18  21:18 | |
| potter(1) 2:41 | |
| ppearances(5) 1:24  2:1  3:1  4:2  5:1 | |
| practical(1) 18:20 | |
| pre-lbo(2) 12:14  12:21 | |

| Word | Page:Line |
|------|-----------|
| precisely(1) 25:8 | |
| prefer(1) 35:11 | |
| prejudice(5) 16:25  27:22  28:23  30:8  30:12 | |
| prejudiced(1) 15:25 | |
| premised(1) 12:8 | |
| preparation(1) 18:13 | |
| prepare(2) 33:18  40:9 | |
| prepared(1) 35:12 | |
| presented(1) 16:8 | |
| pressure(1) 16:12 | |
| presumably(1) 16:13 | |
| presume(3) 11:15  11:17  28:16 | |
| pretty(5) 20:19  26:13  27:5  32:4  32:5 | |
| prevent(1) 23:13 | |
| previously(1) 24:20 | |
| prieto(1) 3:40 | |
| primofi(1) 2:50 | |
| principal(1) 17:18 | |
| prior(1) 29:19 | |
| private(1) 30:17 | |
| probably(6) 6:15  6:22  12:13  22:20  31:2 | |
| 40:5 | |
| | |
| problem(3) 26:14  29:12  30:19 | |
| problems(2) 26:20  27:3 | |
| proceed(4) 9:20  11:25  34:11  40:22 | |
| proceeding(2) 6:4  31:19 | |
| proceedings(4) 1:19  1:52  23:16  41:10 | |
| process(17) 12:24  12:25  13:3  14:1  16:5 | |
| 17:8  17:19  17:23  18:14  18:17  19:19  21:1 | |
| 22:12  29:17  30:10  31:9  34:2 | |
| | |
| produce(3) 18:13  35:6  39:25 | |
| produced(1) 1:53 | |
| production(1) 37:6 | |
| productions(1) 38:6 | |
| progress(1) 40:6 | |
| projected(1) 15:7 | |
| promised(1) 14:15 | |
| promote(1) 22:3 | |
| properly(1) 22:1 | |
| proponent(1) 29:20 | |
| proponents(19) 7:7  7:21  8:20  10:10  10:15 | |
| 10:16  10:19  11:4  15:2  15:3  15:5  15:24 | |
| 15:25  16:7  16:13  16:14  18:8  19:5  26:17 | |
| | |
| proposal(4) 16:3  18:15  27:24  39:7 | |
| propose(1) 7:10 | |
| proposed(11) 6:6  7:20  10:25  11:10  15:8 | |
| 19:21  19:23  36:18  37:18  39:5  39:7 | |
| | |
| proposing(1) 32:14 | |
| propounding(1) 7:1 | |
| prospective(3) 10:9  13:16  16:6 | |
| proven(1) 40:14 | |
| provide(3) 24:25  25:2  34:14 | |
| provided(1) 6:20 | |
| provides(1) 18:17 | |
| provisions(2) 8:23  20:15 | |
| pushing(1) 19:22 | |
| put(7) 19:17  20:4  21:21  23:24  32:24 | |
| 34:10  40:1 | |
| | |
| putative(3) 10:11  12:9  13:2 | |
| puts(2) 19:13  24:17 | |
| question(3) 30:6  34:7  39:10 | |
| questions(8) 20:4  20:6  21:7  21:7  21:12 | |
| 31:6  33:16  34:17 | |
| | |
| quickly(2) 8:15  40:3 | |
| quite(2) 12:3  29:22 | |
| rath(1) 2:4 | |
| rather(2) 21:25  24:23 | |
| rational(2) 13:4  13:9 | |
| rationale(1) 12:3 | |
| reach(1) 14:4 | |
| reached(2) 12:6  29:9 | |
| read(1) 30:5 | |
| ready(1) 36:19 | |

| Word | Page:Line |
|------|-----------|
| real(5) 13:21  16:2  16:2  24:17  26:14 | |
| really(10) 9:1  10:17  10:18  16:11  21:23 | |
| 24:11  25:4  26:16  39:10  40:17 | |
| | |
| reason(8) 11:13  12:22  14:24  19:20  22:4 | |
| 24:22  27:18  37:9 | |
| | |
| reasonable(3) 18:1  36:8  37:14 | |
| reasons(8) 7:24  8:11  9:15  10:22  17:8 | |
| 20:13  23:16  30:22 | |
| | |
| receipt(1) 6:4 | |
| received(2) 20:24  32:23 | |
| recent(1) 14:9 | |
| recess(5) 30:22  30:25  31:15  31:16  41:4 | |
| reckmeyer(1) 5:5 | |
| recognized(1) 20:11 | |
| reconvene(1) 38:20 | |
| record(2) 6:3  31:18 | |
| recorded(1) 1:52 | |
| recording(2) 1:52  41:9 | |
| reduce(2) 18:10  18:12 | |
| refer(1) 10:12 | |
| refile(1) 22:2 | |
| reflect(2) 6:13  7:2 | |
| reflected(1) 7:18 | |
| reflecting(1) 27:2 | |
| reflects(1) 6:18 | |
| regard(1) 26:19 | |
| reinstated(1) 34:23 | |
| reinvent(1) 8:25 | |
| reiterate(1) 22:16 | |
| related(2) 14:13  14:15 | |
| relates(1) 40:12 | |
| relating(1) 24:11 | |
| relatively(1) 15:22 | |
| relevance(1) 40:17 | |
| relief(1) 14:14 | |
| rely(1) 15:22 | |
| remain(1) 11:2 | |
| remarks(1) 23:24 | |
| remember(1) 36:9 | |
| renaissance(1) 4:23 | |
| reneged(2) 39:4  39:7 | |
| reorganization(4) 7:1  7:6  19:1  27:12 | |
| repeat(2) 20:8  40:2 | |
| replete(1) 37:1 | |
| reply(1) 33:11 | |
| report(4) 6:15  7:4  9:9  30:6 | |
| represent(6) 20:1  25:22  29:1  29:22  30:9 | |
| 32:17 | |
| | |
| representing(2) 24:4  34:6 | |
| request(6) 7:25  10:18  14:3  22:8  22:9 | |
| requested(6) 12:3  14:14  16:7  22:6  22:7 | |
| 34:19 | |
| | |
| requesting(1) 13:14 | |
| requests(1) 40:24 | |
| require(2) 19:14  39:24 | |
| required(4) 16:4  19:17  29:7  38:14 | |
| resolution(1) 29:16 | |
| resolve(1) 31:4 | |
| respect(6) 6:6  6:10  28:24  31:9  31:21  33:6 | |
| respective(1) 33:7 | |
| respite(1) 13:15 | |
| respond(5) 21:14  22:10  26:1  35:17  37:25 | |
| responded(1) 40:3 | |
| response(2) 9:22  28:15 | |
| responsive(4) 26:23  31:10  32:3  38:20 | |
| rest(3) 9:12  17:3  31:9 | |
| result(7) 6:21  7:16  17:6  18:7  23:14  39:24 | |
| 40:23 | |
| | |
| results(2) 12:24  40:15 | |
| review(6) 10:10  10:20  16:8  16:18  18:2 | |
| revised(1) 25:13 | |
| rice(1) 4:46 | |
| richards(1) 2:28 | |

| Word | Page:Line |
|---|---|

**right**(10) 8:7 9:19 11:12 11:25 19:24 30:14 31:14 31:18 33:20 40:19

**rise**(1) 31:17
**road**(3) 22:8 23:14 29:3
**robert**(7) 2:29 3:10 3:28 3:44 22:15 34:5 38:24

**rockefeller**(1) 2:17
**rodney**(1) 2:30
**roitman**(1) 2:16
**roll**(1) 7:11
**rolling**(1) 8:13
**room**(3) 35:20 37:15 37:16
**rosenzweig**(1) 4:37
**rothschild**(1) 5:22
**round**(1) 26:4
**rudnick**(2) 3:9 22:16
**ruled**(1) 14:5
**rules**(2) 28:19 29:2
**run**(1) 11:6

**said**(21) 11:18 14:4 14:4 14:6 14:22 17:4 17:7 20:13 21:6 22:17 22:19 24:5 25:17 26:1 27:6 30:5 32:2 36:4 36:20 39:14 40:13

**same**(17) 9:6 11:2 13:22 13:22 14:7 15:14 16:4 20:14 21:20 21:22 21:25 23:5 23:5 23:6 23:8 27:24 35:20

**say**(15) 12:22 16:12 16:17 17:18 17:20 26:11 26:16 26:19 28:15 29:4 31:19 32:1 32:8 35:21 37:21

**saying**(2) 7:5 29:12
**says**(3) 15:16 20:24 21:2
**scant**(1) 36:11

**schedule**(13) 11:17 11:23 15:14 16:4 17:4 17:10 26:13 27:18 28:17 31:2 31:23 32:9 39:3

**scheduled**(5) 7:12 11:14 30:23 34:25 40:22
**schedules**(4) 36:6 36:22 37:21 40:4
**scheduling**(8) 6:7 6:11 7:11 7:20 8:9 10:3 31:21 34:8

**schlerf**(1) 5:24
**scholer**(1) 2:49
**schotz**(1) 1:35
**schuylkill**(1) 1:47
**scope**(2) 6:19 24:19
**scott**(1) 5:19

**second**(2) 6:15 21:5
**secondly**(2) 8:16 26:13
**seconds**(1) 39:17
**section**(1) 20:24
**see**(5) 10:17 10:21 15:13 19:5 33:6
**seeing**(2) 9:14 22:1 25:5
**seeking**(1) 28:14
**seem**(3) 23:13 26:21 31:7
**seemed**(1) 14:9
**seems**(3) 19:16 25:4 38:21
**seen**(8) 6:15 10:8 15:6 15:8 15:11 15:12 15:17 30:5

**seife**(1) 2:13
**seiler**(2) 3:26 34:6
**selber**(1) 2:42
**send**(1) 29:6
**senior**(5) 12:19 12:19 13:7 19:2 19:21
**sense**(3) 16:2 21:12 21:24
**seriously**(1) 16:24
**service**(2) 1:46 1:53
**services**(1) 1:46
**set**(8) 6:4 7:3 10:7 14:16 29:24 32:7 32:11 36:22

**setting**(1) 17:9

**settlement**(15) 6:23 6:24 7:2 7:6 10:11 12:8 12:9 12:16 12:17 12:23 13:2 20:3 21:6 21:8 21:14

**settling**(3) 6:19 6:20 21:10
**seven**(1) 3:15
**shapiro**(3) 37:18 38:5 40:22
**she**(3) 37:9 37:10 39:7
**sheet**(8) 7:3 9:9 16:18 20:4 21:11 25:3 27:10 30:4

**sherman**(1) 5:35
**shoot**(2) 10:23 16:3
**shooting**(1) 13:18
**short**(2) 11:22 28:17
**should**(15) 10:10 11:20 15:24 18:9 20:13 23:22 23:23 24:21 28:4 33:10 33:11 33:12 34:1 34:13 34:14

**shouldn't**(2) 15:3 36:22
**showing**(1) 40:17
**sides**(1) 38:25
**sidley**(1) 1:25
**siegel**(1) 3:11
**significant**(2) 15:21 23:15
**silverstein**(2) 2:42 5:4
**similar**(1) 12:21
**simple**(1) 29:23
**simpler**(1) 18:13
**simply**(3) 10:23 14:1 28:12
**simultaneous**(1) 19:20
**since**(1) 6:11
**single**(1) 24:23
**sitting**(1) 40:5
**sizeable**(1) 17:19
**slow**(1) 17:20
**slows**(1) 8:12
**solicitation**(2) 21:16 22:11
**solution**(2) 25:11 26:20
**solutions**(2) 27:2 27:23
**some**(12) 9:2 14:1 14:24 15:17 20:21 22:7 24:8 27:11 27:18 34:16 35:6 37:19

**somehow**(4) 14:8 15:1 16:14 16:15
**someone**(5) 24:14 24:14 25:4 25:5 32:15
**something**(7) 24:4 35:21 38:24 40:7 40:9 40:17 40:23

**sometime**(1) 7:13
**soon**(1) 36:19
**sorry**(5) 11:16 26:3 26:6 36:9 38:1
**sottile**(1) 2:22
**sought**(1) 16:19
**sound**(2) 1:52 41:9
**south**(2) 1:31 4:7
**spades**(1) 40:14
**spaeder**(1) 2:21
**span**(1) 22:23
**speak**(2) 10:1 37:6
**speaking**(2) 8:7 37:7
**special**(11) 5:31 34:8 34:20 35:6 35:17 36:11 37:2 38:3 39:4 40:12 40:13

**specific**(5) 10:22 13:12 13:16 10:30 30:18
**specifically**(1) 6:10
**speed**(2) 17:25 39:22
**spend**(1) 19:9
**spent**(1) 18:12
**spoke**(1) 27:3
**square**(2) 2:30 3:15
**staggered**(6) 8:12 17:23 18:15 18:17 19:19 24:24

**staggering**(1) 17:19
**stake**(2) 10:17 10:18
**stand**(1) 41:4
**standing**(1) 40:5
**stanford**(4) 37:8 38:8 39:8 40:6
**stargatt**(1) 3:43

**stark**(4) 3:10 22:15 22:15 23:17
**start**(7) 9:25 21:25 24:14 30:23 32:1 32:10 32:18

**started**(1) 28:3
**starters**(1) 36:14
**starting**(2) 20:14 21:25
**state**(1) 20:19
**stated**(1) 22:17
**statement**(42) 7:12 7:13 10:21 10:22 11:20 11:23 13:11 13:12 13:18 13:23 14:1 15:1 15:20 15:23 16:9 16:10 18:21 20:7 20:17 20:24 21:9 21:13 22:25 23:6 23:8 24:7 24:9 24:16 24:19 24:21 25:7 27:17 28:17 28:20 28:25 29:8 29:19 29:19 30:1 30:2 31:10 32:15

**statements**(5) 23:10 29:3 29:24 33:7 33:23
**states**(2) 1:1 1:22
**stay**(5) 30:25 31:15 32:25 33:2 33:3
**steam**(1) 8:14
**stearn**(1) 2:29
**stein**(3) 5:44 22:24 22:24
**step**(7) 4:28 12:11 12:11 13:8 20:1 20:2 38:18

**stephanie**(1) 41:14
**steven**(1) 3:52
**stickles**(1) 1:38
**still**(2) 7:18 35:13
**straightforward**(2) 12:4 29:22
**strauss**(1) 3:33
**streamlined**(2) 17:7 29:23
**street**(11) 1:12 1:39 1:47 2:7 2:23 2:31 2:44 3:46 4:24 4:31 4:42

**stretched**(1) 27:20
**structure**(2) 9:16 25:3
**subject**(1) 19:22
**submission**(1) 6:11
**submit**(2) 27:3 33:15
**subsequent**(1) 39:24
**subsidiaries**(2) 15:10 16:21
**success**(1) 6:18
**sufficient**(1) 24:6
**sufficiently**(1) 30:6
**suggest**(4) 16:5 28:14 29:21 30:8
**suggested**(4) 8:18 17:10 28:13 30:3
**suggests**(2) 22:1 24:7
**suite**(5) 1:40 2:7 2:24 3:5 4:8
**suits**(2) 14:10 14:23
**supplemental**(1) 14:19
**support**(4) 12:17 12:21 16:20 23:18
**supported**(1) 12:20
**supporting**(1) 23:1
**supportive**(1) 12:16
**supposed**(2) 27:8 28:2
**sure**(7) 6:14 10:24 22:18 25:2 26:13 31:21 39:12

**suspension**(1) 14:15
**sutty**(1) 5:23
**sympathetic**(1) 27:11
**table**(2) 19:13 19:18
**tacit**(1) 16:23
**tactical**(5) 13:25 15:1 16:22 17:5 25:5
**take**(12) 16:14 18:4 21:4 30:25 31:15 33:24 35:11 36:16 36:18 37:11 37:18 37:20

**taken**(4) 9:1 31:16 35:9 38:6
**taking**(1) 31:24
**talent**(1) 38:13
**talk**(3) 22:22 34:18 37:20
**talking**(1) 11:5
**tandem**(1) 11:6
**taylor**(2) 3:20 3:43
**technical**(2) 27:11 27:19
**telephone**(3) 6:4 35:22 36:20
**telephonic**(2) 1:20 10:3

**telephonically**(2) 10:4 26:12
**tell**(2) 30:6 40:8
**ten**(1) 31:1
**term**(6) 7:3 9:9 16:18 20:4 21:11 25:3 27:10 30:4

**terms**(5) 7:2 9:10 9:19 12:8 31:9
**than**(7) 12:4 12:17 21:25 24:23 26:11 26:18 31:1

**thank**(18) 9:19 10:2 11:25 12:2 17:11 19:24 22:12 22:13 23:24 24:1 28:4 28:5 28:11 30:14 31:14 35:19 41:2 41:3

**thanksgiving**(4) 7:14 11:16 11:22 28:18
**that**(220) 6:13 6:16 6:19 7:2 7:3 7:8 7:9 7:9 7:10 7:16 7:17 7:20 7:21 7:25 8:16 8:21 8:22 8:24 9:5 9:9 9:13 9:15 9:25 10:5 10:14 10:23 11:5 11:10 11:13 11:14 11:17 11:19 11:20 11:22 11:22 11:24 12:3 12:14 12:20 12:22 12:24 12:24 13:3 13:9 13:13 13:15 13:17 13:24 14:4 14:6 14:6 14:8 14:14 14:18 14:20 14:20 14:25 15:4 15:4 15:5 15:9 15:16 15:17 15:20 15:21 15:24 16:6 16:11 16:14 16:15 16:17 16:18 16:24 16:24 17:2 17:6 17:18 17:19 17:21 17:22 17:23 17:25 18:3 18:5 18:11 18:12 18:22 18:22 18:25 19:6 19:11 19:12 19:13 19:15 19:16 19:20 20:4 20:5 20:9 20:13 20:24 21:3 21:6 21:10 21:11 22:3 22:4 22:6 22:9 22:10 22:10 22:11 22:18 22:18 22:19 23:4 23:8 23:23 23:9 23:13 23:16 23:16 24:4 24:5 24:5 24:5 24:7 24:7 24:13 24:17 24:20 24:24 24:25 25:1 25:4 25:6 25:17 25:18 25:20 25:20 25:22 25:23 25:23 25:24 26:11 26:16 26:24 27:3 27:4 27:5 27:6 27:11 27:12 27:15 27:17 28:14 28:16 29:4 29:8 29:10 29:11 29:18 29:23 29:24 30:9 30:9 30:10 30:16 31:1 31:23 32:9 32:10 32:15 32:23 33:9 33:11 33:12 33:13 33:13 33:15 33:20 33:21 33:22 33:24 34:2 34:10 34:11 34:14 34:17 35:3 35:5 35:11 35:25 36:2 36:4 36:6 36:9 36:14 36:16 36:18 37:1 37:10 38:10 39:2 39:3 39:3 39:4 39:7 39:7 39:16 39:23 39:24 40:1 40:12 40:14 40:17 40:21 40:23 40:23 41:3 41:8

**that's**(20) 11:17 12:24 16:17 17:2 26:7 26:23 26:24 28:3 28:21 31:13 32:2 32:10 34:16 35:2 36:16 36:23 38:6 38:24 40:6 40:7

| Word | Page:Line |
| --- | --- |

the(301) 1:1 1:2 1:21 2:4 3:45 5:32 5:38 5:42 6:2 6:3 6:3 6:5 6:8 6:8 6:11 6:11 6:13 6:14 6:17 6:19 6:9 6:19 6:22 6:23 6:24 6:24 7:2 7:3 7:4 7:6 7:7 7:8 7:9 7:10 7:12 7:12 7:13 7:14 7:15 7:17 7:18 7:19 7:20 7:20 7:21 7:24 7:25 8:4 8:6 8:10 8:13 8:18 8:20 8:20 8:21 8:24 8:24 9:2 9:5 9:7 9:9 9:12 9:12 9:14 9:16 9:17 9:18 9:19 9:21 10:1 10:7 10:8 10:8 10:10 10:13 10:14 10:14 10:15 10:16 10:18 10:19 10:20 10:20 10:20 10:21 10:24 10:25 10:25 10:25 11:2 11:2 11:3 11:3 11:8 11:9 11:10 11:12 11:13 11:15 11:16 11:18 11:18 11:19 11:19 11:23 11:25 12:2 12:3 12:6 12:7 12:15 12:17 12:18 12:21 12:22 12:22 12:23 13: 13:4 13:6 13:7 13:8 13:8 13:8 13:9 13:9 13:10 13:13 13:15 13:16 13:17 13:18 13:21 13:22 13:24 14:1 14:2 14:3 14:4 14:6 14:6 14:7 14:8 14:12 14:13 14:14 14:18 14:21 14:23 15:1 15:3 15:4 15:6 15:8 15:10 15:10 15:10 15:11 15:12 15:13 15:14 15:18 15:19 15:24 15:24 16:1 16:2 16:3 16:4 16:5 16:6 16:7 16:8 16:9 16:11 16:12 16:12 16:14 16:14 16:18 16:18 16:20 16:20 16:20 16:21 16:23 16:25 17:3 17:3 17:3 17:4 17:5 17:9 17:9 17:10 17:11 17:14 17:15 17:19 17:22 17:23 17:24 17:25 18:1 18:2 18:2 18:4 18:4 18:7 18:8 18:10 18:12 18:13 18:14 18:15 18:17 18:19 18:20 18:20 18:21 18:21 18:23 18:24 18:24 19:2 19:2 19:2 19:4 19:5 19:5 19:7 19:10 19:10 19:11 19:12 19:13 19:13 19:16 19:17 19:18 19:20 19:21 19:23 19:24 20:2 20:3 20:4 20:5 20:6 20:6 20:8 20:9 20:12 20:13 20:14 20:16 20:17 20:19 20:21 20:23 20:25 21:2 21:5 21:7 21:8 21:9 21:10 21:10 21:10 21:12 21:14 21:16 21:17 21:19 21:20 21:20 21:22 21:25 22:4 22:6 22:7 22:8 22:9 22:11 22:11 22:13 22:21 22:23 23:1 23:4 23:5 23:5 23:6

the(262) 23:8 23:10 23:10 23:11 23:14 23:16 23:21 23:21 24:1 24:8 24:9 24:10 24:12 24:15 24:16 24:17 24:19 24:19 24:20 24:20 24:22 24:25 25:2 25:2 25:3 25:3 25:3 25:7 25:8 25:11 25:11 25:12 25:12 25:13 25:14 25:15 25:17 25:17 25:23 26:2 26:4 26:7 26:10 26:12 26:14 26:15 26:16 26:17 26:20 26:24 26:27 27:3 27:6 27:10 27:10 27:11 27:14 27:15 27:20 27:17 27:21 27:24 27:24 27:25 27:25 28:3 28:4 28:4 28:5 28:7 28:10 28:14 28:17 28:17 28:20 28:23 28:24 29: 29:2 29:2 29:6 29:7 29:9 29:10 29:12 29:18 29:19 29:20 29:20 29:22 29:23 29:25 30:4 30:5 30:7 30:8 30:9 30:10 30:11 30:12 30:14 30:16 30:21 30:24 30:25 31:2 31:3 31:6 31:6 31:7 31:8 31:9 31:9 31:9 31:11 31:13 31:14 31:15 31:17 31:18 31:18 31:19 31:24 31:24 31:25 32:1 32:2 32:7 32:7 32:9 32:10 32:13 32:14 32:14 32:18 32:19 32:20 32:22 32:23 32:24 32:25 32:25 33:1 33:3 33:2 33:3 33:4 33:7 33:8 33:9 33:10 33:10 33:12 33:13 33:18 33:18 33:19 33:20 33:21 33:21 33:23 33:24 33:25 34:1 34:1 34:2 34:2 34:8 34:10 34:12 34:14 34:15 34:17 34:19 34:20 34:20 34:23 34:24 34:24 35: 35:4 35:5 35:7 35:7 35:9 35:9 35:9 35:10 35:17 35:18 35:20 35:22 35:25 36:4 36:4 36:7 36:7 36:8 36:11 36:13 36:14 36:16 36:17 36:18 36:22 36:25 37:2 37:2 37:8 37:15 37:16 37:16 37:23 37:23 37:24 38: 38:2 38:2 38:4 38:4 38:5 38:5 38:6 38:7 38:9 38:10 39:1 39:12 39:13 39:20 39:21 39:22 39:24 40:1 40:2 40:12 40:12 40:13 40:15 40:19 40:21 40:21 40:23 41:3 41:5 41:8 41:9 41:9 41:10

their(38) 7:23 13:10 13:11 13:11 13:13 13:19 14:9 14:21 15:6 15:14 16:9 16:9 16:10 16:13 16:19 17:1 17:19 19:6 21:1 21:13 22:5 24:15 24:23 25:7 27:9 27:9 29:8 30:1 30:1 30:1 32:4 32:21 36:5 36:8 36:16 40:4 40:10

them(14) 6:22 14:11 21:21 24:25 25:1 33:5 34:22 39:15 39:25 40:5 40:9 40:16 40:24

themselves(1) 22:22

then(14) 8:5 9:17 11:6 21:14 22:1 22:2 24:15 25:8 34:14 34:22 35:3 35:3 38:12 40:8

there(39) 6:9 6:13 7:16 7:18 7:24 8:4 9:20 9:25 12:14 12:19 17:5 17:17 17:18 20:19 22:19 23:22 23:23 24:4 26:8 27:5 27:11 27:17 27:22 29:10 29:16 30:8 30:10 31:22 33:10 33:16 34:4 37:15 38:1 38:12 38:13 39:23 40:24 41:1

there's(12) 14:25 20:12 21:24 29:16 36:24 36:24 37:19 37:22 40:2 40:9 40:11 40:17

thereafter(3) 7:22 11:1 11:6

therefore(1) 8:25

thereon(1) 9:18

these(16) 6:20 6:21 6:25 22:1 23:15 24:11 31:22 35:8 35:8 35:14 36:1 36:17 36:25 37:20 38:15 39:25

they(64) 7:22 8:25 9:9 9:13 13:15 13:18 13:19 13:22 14:4 14:6 14:8 14:16 14:17 14:18 14:24 14:25 15:6 15:8 15:10 15:12 15:13 15:13 15:16 15:17 15:22 15:24 15:25 16:3 17:21 18:5 19:6 21:1 22:17 24:25 25:3 25:23 26:19 28:2 29:10 29:21 29:24 30:3 30:3 31:7 32:6 34:13 34:14 36:1 36:3 36:18 36:20 38:10 39:5 39:6 39:12 39:13 39:14 39:14 40:7 40:8 40:8 40:9 40:13 40:24

they'll(1) 39:14

they're(5) 16:13 16:24 24:11 27:21 40:4

they've(1) 16:19

thing(5) 9:6 10:24 10:24 34:12 40:13

things(4) 8:3 25:7 27:16 31:19

think(53) 7:17 8:13 8:16 8:18 9:7 9:12 11:7 12:2 12:13 13:4 14:24 14:25 16:23 17:1 17:8 17:21 17:25 18:14 18:19 20:5 20:9 20:11 21:1 21:3 21:12 21:19 21:23 22:3 22:4 22:10 22:17 23:22 25:11 25:16 25:18 25:21 26:6 26:16 26:23 28:22 29:13 29:23 30:9 30:24 32:2 32:6 36:10 36:12 37:3 37:20 38:17 40:8 40:15

thinking(1) 33:12

thinks(1) 13:4 13:5 28:23

third(2) 8:21 38:18

this(62) 6:2 6:4 6:12 6:18 7:2 7:5 7:8 8:1 8:13 9:23 12:4 12:5 12:16 12:17 12:22 13:20 13:25 13:25 14:2 14:3 14:5 16:21 16:21 17:2 17:6 17:13 18:12 19:3 19:25 20:2 20:11 20:22 21:5 22:12 22:23 23:19 24:6 24:8 25:10 25:24 26:20 26:21 27:6 27:18 27:23 28:1 29:16 30:11 30:21 31:3 31:4 33:17 33:18 35:8 35:21 35:25 36:20 36:24 39:24 40:16 41:3

thomas(1) 5:32

those(18) 8:2 9:15 12:15 14:10 17:8 17:22 18:10 20:5 20:22 21:7 21:12 23:24 27:14 27:16 27:23 27:23 34:22 35:11

though(2) 31:5 37:11

thought(1) 8:9

three(10) 6:6 8:11 14:16 14:17 24:6 28:14 34:22 34:22 34:23 40:15

threw(1) 14:21

through(4) 18:24 26:4 35:23 35:24

tight(1) 39:2

time(18) 10:19 12:23 21:4 22:4 22:21 24:24 25:6 27:4 27:17 27:18 27:24 33:23 35:9 35:25 37:2 37:10 39:2 39:3

times(1) 3:15

timing(1) 31:6

today(8) 12:6 26:13 31:3 31:4 34:4 34:11 38:19 41:1

together(1) 7:2

tom(1) 17:13

too(6) 27:22 33:23 39:19 39:20 40:13

top(2) 32:25 33:1

torres(2) 5:42 22:25

totally(1) 38:17

touched(1) 25:11

toward(1) 18:14

tower(1) 4:41

track(3) 8:23 13:22 13:23

tracked(1) 39:8

tracking(1) 9:18

tracks(1) 37:7

trade(3) 5:3 13:7 16:20

traditional(1) 9:14

transcript(3) 1:19 1:52 41:9

transcription(2) 1:46 1:53

travel(1) 38:15

treated(1) 15:11

tribune(4) 1:9 6:3 31:19 34:20

tried(2) 35:24 37:13

troubled(1) 24:18

troubling(1) 24:5

true(1) 17:2

truly(1) 40:16

trust(4) 3:3 5:42 13:5 22:25

trustee(8) 5:38 5:38 12:20 13:6 13:6 35:9 36:9 37:1

try(8) 14:3 19:10 20:8 20:10 24:9 28:21 28:23 36:22

trying(1) 20:15

tuesday(2) 7:15 35:7

tunnel(1) 4:28

turning(1) 19:7

two(35) 7:22 10:18 11:1 11:5 11:13 12:3 13:15 15:2 15:4 15:5 16:1 16:7 16:15 16:24 17:2 17:18 22:22 23:9 23:18 23:23 24:14 25:6 30:8 30:11 30:22 31:19 33:8 34:22 34:25 35:1 37:6 37:7 38:25 40:4 40:21

type(1) 21:20

u.s(2) 5:38 5:38

ultimate(2) 17:1 17:19

ultimately(2) 13:22 18:11

unacceptable(1) 29:11

under(3) 20:21 26:24 31:24

understand(7) 10:20 19:3 20:9 21:1 21:14 33:22 36:6

understanding(2) 8:24 20:19

understood(1) 22:18

undertake(1) 25:2

underway(1) 35:15

unduly(1) 36:24

unequivocally(1) 25:22

unfair(3) 8:19 18:19 19:4

unfold(2) 39:20 39:23

unforgiving(1) 32:10

uniformity(2) 21:19 22:3

united(1) 1:1 1:22

unnecessary(2) 22:20 38:17

unneeded(1) 21:3

unreasonable(2) 37:4 40:16

until(3) 18:22 31:4 36:2

updated(2) 29:6 29:13

updating(1) 9:11

upon(1) 12:9

urge(2) 19:20 33:25

use(3) 11:13 20:11 20:15

used(2) 10:5 10:6

useful(1) 6:22

vail(1) 5:28

valuation(10) 15:7 18:25 19:5 19:9 19:10 21:22 25:14 25:20 29:6 29:13

valuations(1) 25:1

value(12) 15:9 18:25 19:6 19:11 20:20 20:22 25:14 25:24 27:25 28:1 32:6 33:24

values(4) 15:8 20:25 21:2 22:2

various(1) 6:20

version(1) 10:14

versus(1) 10:16

very(16) 16:2 18:20 20:12 21:11 21:19 22:17 22:18 22:22 24:18 25:18 26:1 28:1 29:17 38:25 39:2 39:22

via(1) 9:9

view(6) 15:4 19:10 20:9 24:20 27:1 36:14

viewed(1) 24:13

views(2) 27:25 28:1

vote(1) 29:25

voting(1) 34:2

waiting(1) 37:16

want(12) 8:14 10:1 10:24 11:15 11:16 26:4 26:11 26:16 28:16 31:4 35:22 35:23

| Word                     Page:Line | Word                     Page:Line | Word                          Page:Line |
| --- | --- | --- |
| **wanted**(3) 8:2 17:21 22:18 | **wholly**(1) 29:11 | **your**(56) 6:12 7:24 7:25 8:9 8:17 8:21 |
| **wants**(1) 25:5 | **whom**(3) 26:8 29:5 35:1 | 9:15 9:23 10:2 10:7 10:12 11:12 11:17 |
| **wardwell**(1) 2:35 | **whose**(1) 38:12 | 11:19 12:2 12:13 12:17 14:5 15:16 16:11 |
| **was**(38) 6:16 7:3 7:5 8:10 11:14 11:17 | **why**(6) 7:24 8:8 11:17 15:3 23:22 23:23 | 16:16 17:8 17:13 19:25 22:12 22:15 22:24 |
| 12:19 13:10 13:12 13:25 13:25 15:19 | **wilderotter**(3) 38:7 39:6 40:22 | 23:19 24:3 25:10 25:22 25:25 26:9 27:8 |
| 15:21 15:22 20:4 21:6 22:19 23:4 24:4 | **will**(65) 6:20 7:1 7:2 11:6 13:1 13:16 | 28:9 28:11 28:16 28:19 29:5 30:5 30:15 |
| 24:5 24:17 27:8 28:15 28:16 29:9 34:23 | 13:16 13:22 13:23 15:5 15:6 15:8 15:11 | 30:18 31:12 32:15 32:16 33:17 34:5 34:7 |
| 35:3 36:9 36:10 36:11 36:12 37:3 37:9 | 15:12 15:13 15:17 16:5 16:7 16:9 16:14 | 35:16 36:23 37:25 38:22 38:23 39:17 |
| 39:2 39:3 39:3 40:13 41:5 | 16:25 17:4 17:6 19:14 19:18 20:14 20:25 | 39:20 41:2 |
| | 21:2 21:3 21:20 21:21 22:3 22:3 22:19 | **zuckerman**(1) 2:21 |
| **washington**(1) 2:25 | 25:20 25:22 27:15 27:20 29:16 29:25 | |
| **wasn't**(1) 29:7 | 30:10 30:10 30:11 31:22 32:1 32:8 32:19 | |
| **way**(9) 6:7 8:10 16:25 19:7 20:5 27:25 | 32:21 32:24 32:25 33:2 33:3 33:5 33:13 | |
| 29:23 34:3 36:16 | 33:18 34:14 36:4 36:23 37:19 39:11 39:23 | |
| | 39:24 40:20 40:25 41:4 | |
| **we'd**(2) 35:11 39:15 | | |
| **we'll**(3) 12:23 29:12 29:12 | | |
| **we're**(12) 6:3 11:5 19:8 19:9 19:12 21:9 | **willing**(1) 18:5 | |
| 29:15 31:18 37:5 38:14 39:22 40:7 | **wilmer**(1) 5:10 | |
| | **wilmington**(17) 1:13 1:41 2:9 2:32 2:46 | |
| **we've**(7) 8:14 9:10 15:17 33:19 35:14 | 3:3 3:6 3:23 3:48 4:25 4:34 6:1 10:5 13:5 | |
| 37:13 40:14 | 34:15 35:12 38:15 | |
| | | |
| **wednesday**(1) 6:1 | **wisdom**(1) 21:24 | |
| **week**(44) 7:7 7:8 7:11 7:14 7:21 7:22 8:1 | **wish**(6) 17:11 22:13 24:1 26:8 28:5 33:22 | |
| 9:17 10:19 11:5 11:11 11:13 11:15 11:17 | **wishes**(1) 9:21 | |
| 11:18 11:21 11:22 11:22 11:24 12:3 13:15 | **with**(35) 6:6 6:6 6:10 9:8 12:6 13:23 14:2 | |
| 14:5 15:2 15:5 15:5 16:1 16:7 16:15 16:25 | 14:10 14:16 16:16 17:13 18:8 20:1 22:19 | |
| 17:2 19:22 20:17 22:10 23:23 24:6 24:14 | 24:10 24:14 24:25 25:18 26:15 28:24 | |
| 26:15 28:17 30:8 30:11 30:18 32:21 35:10 | 30:18 31:8 32:16 32:19 33:6 33:15 33:24 | |
| 36:2 39:15 | 34:7 34:11 35:19 36:11 37:1 37:2 37:9 | |
| | 40:3 | |
| **week's**(1) 13:14 | **withdrawn**(3) 34:22 34:23 35:3 | |
| **weekend**(1) 35:7 | **without**(2) 19:8 40:19 | |
| **weeks**(9) 6:23 9:5 11:1 15:4 22:22 23:9 | **witnesses**(1) 39:25 | |
| 23:18 25:6 40:15 | **wolosky**(1) 4:38 | |
| | **won't**(2) 17:5 29:4 | |
| **well**(13) 8:4 8:7 11:8 12:11 14:20 16:16 | **wood**(7) 35:2 35:6 35:13 38:11 39:2 39:6 | |
| 20:21 22:18 28:1 28:19 29:12 33:25 39:20 | 39:11 | |
| | | |
| **wells**(3) 5:18 13:7 17:14 | **wood's**(1) 38:25 | |
| **went**(1) 37:9 | **work**(1) 25:24 | |
| **were**(10) 11:21 11:21 14:5 28:2 29:7 | **worked**(1) 33:6 | |
| 34:22 34:23 35:4 35:12 39:19 | **working**(1) 23:4 | |
| | **works**(2) 8:25 9:13 | |
| **west**(3) 1:39 3:46 38:9 | **would**(37) 6:22 7:9 7:10 7:19 7:21 7:22 | |
| **what**(34) 9:9 9:21 11:14 11:17 11:20 18:9 | 7:25 9:15 10:5 11:2 11:14 11:23 12:15 | |
| 19:1 20:19 21:2 21:8 21:14 22:1 22:16 | 14:18 17:17 18:10 18:12 18:13 19:20 22:8 | |
| 24:7 24:8 24:18 26:1 26:16 26:21 28:15 | 22:9 22:11 23:4 23:8 23:9 23:10 23:12 | |
| 28:23 29:21 30:3 30:3 30:7 30:18 30:24 | 23:13 23:14 25:2 25:14 28:14 30:17 31:10 | |
| 31:21 32:4 33:4 33:6 34:1 34:10 37:18 | 35:5 37:25 39:15 | |
| | | |
| **what's**(8) 9:11 10:13 10:17 10:18 14:7 | **yes**(2) 22:15 30:15 | |
| 16:11 25:4 37:13 | **yesterday**(2) 6:16 20:5 | |
| | **yesterday's**(1) 21:5 | |
| **whatever**(1) 13:24 | **yet**(3) 12:6 26:2 26:8 | |
| **when**(13) 13:19 13:21 14:2 14:5 14:10 | **york**(16) 2:18 2:38 2:52 3:16 3:30 3:37 | |
| 14:22 15:16 16:8 21:7 32:10 36:17 37:22 | 4:19 4:43 4:50 5:7 5:43 23:1 35:12 37:7 | |
| 40:24 | 38:15 39:6 | |
| **whenever**(1) 13:15 | **you**(64) 6:14 6:15 7:8 7:20 7:25 8:2 8:8 | |
| **where**(6) 7:19 12:25 17:19 32:25 34:13 | 9:16 9:16 9:19 10:2 10:12 10:13 10:17 | |
| 37:7 | 11:8 11:10 11:25 11:25 12:1 12:2 12:4 | |
| | 13:13 13:16 16:18 17:11 18:2 18:16 18:23 | |
| **whereupon**(1) 41:5 | 18:24 19:24 22:12 22:13 22:18 23:11 | |
| **whether**(8) 6:9 10:9 19:1 24:11 28:12 | 23:25 24:1 24:22 28:4 28:5 28:11 29:11 | |
| 39:10 39:14 40:8 | 29:12 30:4 30:5 30:14 30:17 30:24 31:2 | |
| | 31:10 31:14 32:2 32:3 32:13 34:10 34:11 | |
| **which**(16) 6:5 7:3 7:18 10:7 12:8 15:13 | 35:18 35:19 35:20 36:8 36:16 38:20 39:25 | |
| 18:11 18:17 20:18 23:14 30:4 30:11 31:10 | 41:2 41:3 | |
| 34:11 35:10 39:8 | | |
| | **you're**(1) 11:12 | |
| **while**(1) 30:25 | **you've**(3) 10:8 30:5 35:23 | |
| **white**(2) 5:18 17:14 | **young**(1) 3:43 | |
| **who**(24) 9:20 9:21 10:1 12:14 12:16 12:20 | | |
| 18:4 19:24 23:2 26:8 27:3 27:13 27:18 | | |
| 35:20 35:21 36:5 36:18 36:19 37:21 37:23 | | |
| 38:2 38:7 39:11 40:4 | | |
| | | |
| **who's**(1) 38:4 | | |
| **whole**(1) 35:24 | | |