IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: October 22, 2010 at 2:00 p.m.<br>Objection Deadline: October 15, 2010 at 4:00 p.m. |
| | Re: Docket No. 5813 |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING DEBTOR TRIBUNE COMPANY TO RETAIN AND EMPLOY SITRICK AND COMPANY AS CORPORATE COMMUNICATIONS CONSULTANTS PURSUANT TO 11 U.S.C. § 327(a), *NUNC PRO TUNC* TO AUGUST 26, 2010**

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**" or "**Tribune**"), respectfully submits this objection (the "**Objection**") to the Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company ("**Sitrick**") as Corporate Communications Consultants (the "**Sitrick Application**"), and respectfully represents as follows:

PRELIMINARY STATEMENT

1.   The Debtors filed the Sitrick Application almost two years into the Debtors' bankruptcy cases seeking to retain a second public relations firm.  The Sitrick Application explains that the Tribune bankruptcy cases have generated considerable interest, "which level of interest has only intensified in recent months." *See* Sitrick Application at ¶ 10.  The Sitrick

Application, however, does not identify any particular news articles or activities that suggest that the reporting of the Tribune bankruptcy cases requires additional media "tailoring".

2. The Committee does not believe that the Debtors have satisfied their burden of demonstrating the retention of Sitrick is in the estates' best interest. For this reason alone, the Sitrick Application should be denied. Additionally, as the Debtors have already retained a public relations firm capable of providing the same services for which Sitrick is to be retained, the Debtors must satisfy a higher burden and prove to the Court that both professionals are necessary. The Committee asserts that the Debtors have failed to satisfy their burden here, and for this reason also, the Sitrick Application should be denied.

## BACKGROUND

3. On December 8, 2008, the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee. From time to time thereafter, certain members of the Committee resigned and other entities were added as members of the Committee by the United States Trustee.

5. On December 26, 2008, the Debtors filed the Application for an Order Authorizing Debtors to Retain and Employ Daniel J. Edelman, Inc. ("**Edelman**") as Corporate Communications and Investor Relations Consultants (Docket No. 146) (the "**Edelman**

**Application**"). In support of Edelman's retention, the Debtors cited Edelman's extensive expertise in "financial and crisis and issues management practice" as "lead corporate communications consultant" in numerous chapter 11 cases and Edelman's "valuable institutional knowledge of the Debtors' communication needs as a result of its long standing relationship with the Debtors." *See* Edelman Application at ¶ 10-13. The Edelman Application was approved by the Court on March 10, 2009 (Docket No. 498).

6. On September 25, 2010, the Debtors filed the Sitrick Application.

## **OBJECTION**

### I. Retention of Sitrick is Not in the Best Interests of the Estates.

7. As the proponent of the Sitrick Application, the Debtors bear the burden of establishing that the requested retention is in the best interests of the Debtors' bankruptcy estates. In evaluating the proposed retention of a bankruptcy professional, the court must consider "the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." *See Harold & Williams Dev. Co. v. U.S. Trustee (In re Harold & Williams Dev. Co.)*, 977 F.2d 906, 910 (4th Cir. 1992); *In re Nat'l Century Fin. Enters., Inc.*, 298 B.R. 124, 131 (Bankr. S.D. Ohio 2003) (citing *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 621 (2d Cir. 1999) (stating same); *see also Unsecured Creditors Committee v. Pelofsky (In re Thermadyne Holdings Corp.)*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002) ("bankruptcy court must be persuaded [by the proponent of the application] that the terms and conditions are in the best interest of the estate."); *cf. In re BH & P, Inc.*, 949 F.2d 1300, 1316 (3d Cir. 1991) (stating that bankruptcy courts have wide discretion in connection with employment of professionals and must evaluate the

"competing concerns affecting fairness to all parties involved and protection of the integrity of the bankruptcy process."). The Debtors have not satisfied their burden.

8. The Debtors assert that retaining Sitrick is in the best interests of the estates because Sitrick will "enable the Debtors to tailor their media strategy to respond in the most effective and efficient manner" to news reports regarding these chapter 11 cases and Sitrick "will facilitate the Debtors' development of an effective media strategy." *See* Sitrick Application at ¶ 20. However, the Debtors fail to demonstrate why this new retention is necessary almost two years into these bankruptcy cases.

9. In short, the Debtors have failed to satisfy their burden of showing that the requested retention is in the best interests of the Debtors' estates. For this reason, the Sitrick Application should be denied.

**II.    Retention of Sitrick is Duplicative of the Edelman Retention.**

10. In determining whether retention of a professional is necessary and beneficial to a bankruptcy estate, a court should consider whether the professional's services are duplicative of those already being provided by other professionals. Where professional services can be provided by those already retained, the proposed additional retention must not be approved. *See In re Wang Labs., Inc.*, 143 B.R. 794, 795 (Bankr. D. Mass. 1992) (denying the retention of financial consultants where most, if not all, of the services could be performed by professionals already retained); *In re Glosser Bros., Inc.*, 102 B.R. 38, 41-42 (Bankr. W.D. Pa. 1989) ("Debtors cannot envelop[] themselves with duplicative advisors at the expense of these estates."); *cf. Comm. of Equity Sec. Holders v. Official Comm. of Unsecured Creditors (In re Federal Mogul-Global, Inc.)*, 348 F.3d 390, 395 (3d Cir. 2003) (holding that retention of

duplicative professionals should be avoided because the additional fee obligations "constitute a burden on the estate of th[e] insolvent debtor").

11. The proposed Sitrick retention is redundant because the Debtors already employ Edelman. Edelman is, according to their website, the world's largest independent public relations firm, with over 3,000 employees.[1] Edelman was retained to, among other things, "assist[] in the development of a comprehensive communications strategy" in connection with the Debtors' chapter 11 cases. *See* Edelman Application at ¶ 11. The Edelman Application would lead the reader and the Court to understand that Edelman is ready, willing and able to assist the Debtors in all their public relations needs, including those activities for which the Debtors now seek to hire Sitrick.

12. The Debtors have failed to show why the retention of a second public relations firm is necessary. Where a debtor seeks to retain two firms that provide similar services, courts have found that a debtor must demonstrate "an actual need and benefit to hiring both" professionals and provide a "scheme for elimination of, or limitations on, duplication of work." *See In re Gillett Holdings, Inc.*, 137 B.R. 452, 461 (Bankr. D. Colo. 1991). The Debtors have not made a showing of an actual need and benefit to hire both firms.[2] Accordingly, the Sitrick Application must be denied.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] *See* EDELMAN, http://edelman.com (last visited Oct. 11, 2010)

[2] Additionally, despite the Debtors' unsupported assertions that the services Sitrick may perform will not duplicate the services provided by Edelman, the Debtors have not proposed a scheme that will truly limit duplication of services. The Debtors state, "rather than attempt to delineate specific tasks Sitrick would or might perform . . . [the Debtors] request authority to retain Sitrick to perform strategic communications services generally . . . and wish to continue using [Edelman's] services . . . ." *See* Sitrick Application at ¶ 8-9.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the Sitrick Application in its entirety.

Dated: October 15, 2010  
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ _____

Adam G. Landis (No. 3407)  
Daniel B. Rath (No. 3022)  
Rebecca L. Butcher (No. 3816)  
Matthew B. McGuire (No. 4366)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife  
David M. LeMay  
Douglas E. Deutsch  
**CHADBOURNE & PARKE LLP**  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*