IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13141 (KJC)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket No. 5680<br>)<br>) Hearing date: October 22, 2010, at 2:00 p.m. (Eastern)<br>)<br>) Objection deadline: October 15, 2010<br>) |

## CREDIT AGREEMENT LENDERS' OBJECTION TO MOTION OF AURELIUS CAPITAL MANAGEMENT FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

The Credit Agreement Lenders[1] oppose the appointment of a chapter 11 trustee at this time and therefore object to the Motion of Aurelius Capital Management, LP ("Aurelius") seeking to dispossess the Debtors at this critical junction in the chapter 11 cases.

The Debtors and the Official Committee are the appropriate parties to respond to the myriad attacks on their independence and credibility and the independence and credibility of their professionals. The Credit Agreement Lenders will not burden the Court with further discourse on that subject. Instead, the Credit Agreement Lenders offer the following observations with respect to whether or not the appointment of a chapter 11 trustee would be in the best interests of the bankruptcy estates at this stage in the proceedings, an inquiry that is at heart of the matter.

*First*, Aurelius claims to be "one of the largest unsecured creditors in these chapter 11 cases." (Motion at 1). While Aurelius has never publicly disclosed its holdings, Aurelius has claimed to be a holder of substantial amounts of Tribune's Senior Notes (as defined in the motion). Assuming (charitably) that Aurelius owns 50% of all outstanding Senior Notes, Aurelius would have a claim against Tribune (and only Tribune) of around $600 million. This is certainly a sizable claim, but it pales in comparison to the more than $5 billion in unsecured

---

[1] The Credit Agreement Lenders are the entities identified in the "Ninth Amended Joint Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett & Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP."

1645696.1

claims held by the Credit Agreement Lenders against Tribune and virtually all of its subsidiaries. The preferences of holders of more than a third of all of the Debtors' outstanding indebtedness surely is relevant to consideration of the "best interests of all stakeholders" (Motion at 41).[2]

*Second*, Aurelius' assertion that, "[w]ithout an independent trustee, it is unlikely that a plan can get confirmed and that the Debtors will emerge from bankruptcy in the near future" (Motion at 43) is patently false. In fact, as the Court is aware, these cases are now on a definitely-established track toward plan confirmation and emergence. Per the Court's directive, on October 22 the Debtors and the Official Committee, joined by Oaktree Capital, Angelo Gordon, and JPMorgan, will file a plan of reorganization embodying their recently-announced settlement reached at the mediation. With exclusivity now terminated, all other parties will have the opportunity to file their own plan or plans of reorganization by October 29, and all such plans will be put on the same timetable for disclosure statement and confirmation purposes. Notably, Aurelius has stated that it intends to file its own plan (as have several other constituencies), the centerpiece of which would be the transfer of the alleged "LBO-related claims" to a litigation trust, which would pursue litigation *after* confirmation and emergence from bankruptcy. In a real sign of progress (possibly prompted by the discipline of the mediation), no one now claims that these bankruptcy cases must drag on until those claims ultimately are settled or resolved. Aurelius' bald assertion that "there is no reasonable likelihood of a reorganization with the Debtors at the helm" (Motion at 43) is disproven by its own actions and those of all other constituencies. In contrast, the appointment of a trustee surely would derail the carefully-negotiated reorganization timetable now in place and would cause the very harm that Aurelius allegedly seeks to prevent.

---

[2] Aurelius disregards the interests of the Credit Agreement Lenders by claiming that the so-called "LBO Lenders" "want to evade financial responsibility for sinking the Debtors with excessive debt." (Motion at 42). This presumes the conclusion of the litigation that Aurelius wants to pursue – litigation over claims that the Examiner found likely to have no material impact whatsoever on the recoveries of the Credit Agreement Lenders (as opposed to those of other potential defendants). Aurelius cannot legitimately rely on the hypothetical existence of alleged claims – particularly claims that the Examiner found likely to have no merit – to disenfranchise the interests of the largest creditor constituency in these cases.

1645696.1

In sum, the Motion should be seen for what it is – a tactical artifice by a creditor seeking to exploit hold-up leverage without regard for the best interests of the estates. As all parties now have a full and fair shot at proposing and confirming a plan on a level playing field, there is no need whatsoever for a trustee, and the interests of creditors and the estates would be disserved by the relief request by Aurelius.

Dated: October 15, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

- and -

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

*Counsel to the Credit Agreement Lenders*

WILMER CUTLER PICKERING HALE & DORR LLP

       */s/ Andrew Goldman*
_____
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Telecopier: (212) 230-8888

*Co-Counsel to Angelo, Gordon & Co., L.P.*