# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Related to Docket Nos. 2407, 2630, 3995, 4013, 4045, 4057, 5507, and 5925** |

## DEBTORS' RESPONSE TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S SUPPLEMENT TO REINSTATED FEE MOTION

The Debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") submit this Response to the Supplement to Reinstated Motion of Law Debenture Trust Company of New York to Terminate Debtor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, For an Accounting, and For Disgorgement of Past Payments (Docket No. 5925) (the "Supplement").[2]

1. Relying upon false assertions and distortions of the record, Law Debenture attempts to create new controversies where none exist and to castigate the Debtors for alleged failings that have no basis in fact. The Debtors are thus compelled to submit this Response in order to correct and clarify the record.[3] By letter to Debtors' counsel dated October 1, 2010 (a copy of which is attached hereto as Exhibit A), Law Debenture's counsel referenced the disclosure directed by the Court at the December 1, 2009 preliminary hearing respecting fee payments that had previously been made. The October 1 letter goes on to state that "Law Debenture's review of the docket shows no such disclosure." In fact, as set forth in the Debtors' response dated October 3 (a copy of which is attached hereto as Exhibit B), the Debtors filed and served such disclosure on or about December 11, 2009. (Docket No. 2826.) As also noted in Debtors' October 3 response, the Debtors filed and served a second disclosure when the fee payments recommenced in April 2010, after certain parties, including Law Debenture, entered into the Settlement Support Agreement and the Fee Motion was withdrawn.[4] (See Docket No.

---

[2] Capitalized terms used herein have the meanings ascribed to them in the Supplement unless otherwise indicated. The Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, For an Accounting, and For Disgorgement of Past Payments (Docket No. 2407) is referred to herein as the "Fee Motion" and, as reinstated on August 25, 2010 (Docket No. 5507), the "Reinstated Motion."

[3] As Indenture Trustee, Law Debenture acts in a representative capacity at the direction of holders of certain series of Senior Notes. Until very recently, Law Debenture took direction from Centerbridge Credit Advisors and affiliated funds ("Centerbridge"), who held the majority of the Notes represented by Law Debenture. By virtue of its holdings, Centerbridge exercised power of direction over Law Debenture and, indeed, was responsible for Law Debenture's appointment as Indenture Trustee. On information and belief, Centerbridge's holdings were recently acquired by Aurelius Capital Management, L.P.

[4] The fee payments were voluntarily suspended after the December 2009 hearing and were resumed after (i) the settling parties -- Law Debenture, Centerbridge, from whom Law Debenture took direction, JPMorgan Chase Bank, N.A. ("JPM") and Angelo Gordon & Co. -- entered into the Settlement Support Agreement dated as of April 8, 2010 which expressly contemplated such payments; (ii) a stipulation withdrawing the Fee Motion was executed on April 9, 2010; (iii) an Order approving the withdrawal was entered on April 15, 2010 (Docket No. 4057); and (iv) the Debtors filed a notice of intent by non-Debtor subsidiaries and guarantors, including TCV, to recommence fee payments.

4206.) Finally, on or about July 30, 2010, at or about the same time that the Debtors filed their latest Rule 2015.3 reports, the Debtors filed and served a third disclosure. (Docket. No. 5211.)[5] Accordingly, contrary to Law Debenture's claims, disclosures were made respecting all such fee payments and each of these disclosures was filed and served on the Rule 2002 notice list in these cases, as well as on Law Debenture's Delaware counsel.[6]

2. The Supplement incorporates additional inaccuracies as well. First, the Supplement takes aim at retainers totaling $6,150,000 paid in April, 2010 following, *inter alia*, the settling parties' execution of the Settlement Support Agreement and the stipulated withdrawal of the Fee Motion. In this regard, Law Debenture incorrectly alleges that the payment of those retainers "was never contemplated by the parties" to the Settlement Support Agreement and "enabled the lenders to violate the Settlement Support Agreement." Supplement at ¶ 5. These assertions are inaccurate and disingenuous in at least the following respects. First, the Debtors were advised that the parties did, in fact, expressly contemplate the payment of the retainers. Indeed, TCV did not make any retainer payments until written confirmation was received from JPM, on which Centerbridge was copied, stating that JPM had discussed the proposed retainers with Centerbridge and that Centerbridge "is okay with reinstating the retainer in full," provided that any unused retainer funds would be returned at the conclusion of the case and subject to Centerbridge's reservation of rights to object to the payment of fees and the retainer in the event the settlement was subsequently terminated.[7] Moreover, the relevant

---

[5] The Debtors' October 3 letter further disclosed that only one additional set of fee payments, in the amount of $3,106,256.02, was made on or about August 31, 2010 for amounts incurred and billed prior to the filing of the Reinstated Motion. The Debtors intend to make a similar disclosure in respect of such payments, and have advised representatives of the Senior Lenders that further payments have been halted in light of the Reinstated Motion.

[6] Neither Mr. Rosner nor Law Debenture have apparently ever filed a notice of appearance and request for notice in these cases. Nevertheless, the Debtors have voluntarily added the Kasowitz firm to the Rule 2002 notice list.

[7] *See* email dated April 28, 2010 from Miriam Kulunis to Don Liebentritt, Donald Bernstein, Damian Schaible, Kevin Kelley and copying Vivek Melwani of Centerbridge, a copy of which is attached hereto as Exhibit C.

language in the Settlement Support Agreement, negotiated by Law Debenture and Centerbridge, did not preclude the replenishment of retainers. Had Law Debenture or Centerbridge intended to exclude the payment of a retainer, they would presumably have so provided in the language they negotiated. At a minimum, they would have objected in a timely manner. Instead, the Debtors were advised that Centerbridge agreed to the retainers (and Centerbridge was copied on the email confirming its position), and Law Debenture did not raise the issue either in negotiations or when it received notification of the payment of the retainer over five months ago.

3.  Second, contrary to Law Debenture's assertions in respect of the August 31 Payments, nothing in the stipulated withdrawal of the Fee Motion executed by JPM, Law Debenture and Centerbridge speaks to any "understanding" respecting the payment of fees in the event of a termination of the Settlement Support Agreement. Fairly read, the stipulation speaks to the signatories' intent, in the event the Fee Motion were to be reinstated, to rely upon the record developed in connection with the fully briefed and argued Fee Motion, including responsive pleadings and the stipulated facts submitted to the Court.[8] Law Debenture's attempt to play "gotcha" with the Debtors on this score is simply not credible. In any event, the Debtors have advised representatives of the Senior Lenders that, in light of the Fee Motion's reinstatement, no further fee payments will be forthcoming until a ruling is made by the Court or the issues raised in the Fee Motion are otherwise resolved.

---

[8] The relevant paragraph reads as follows:

> "In the event Law Debenture files a new motion seeking the same relief, in whole or in part, as that sought in the Fee Motion pursuant to Paragraph 5, the parties agree that no additional briefing other than the filing of the new motion will be permitted, that the new motion will rely exclusively on the factual record and legal arguments set forth in the prior record and prior pleadings submitted in connection with the Fee Motion and will not advance any new arguments, and that the record presented to the Bankruptcy Court in connection with the Fee Motion will be restored and the Bankruptcy Court will be asked to rule on the new motion based solely on the prior record and prior pleadings associated with the Fee Motion."

4. Finally, in further confirmation that Law Debenture is trying to make something out of nothing, it demands relief that is identical to the relief already requested in the Reinstated Motion. To the extent that the relief requested in the Reinstated Motion is granted, it presumably covers the payments made in August, as well as any retainers. To the extent that such relief is denied, the status quo respecting the payments and retainers remains in place. Apart from trying to fabricate additional controversies, the Supplement therefore adds nothing new.

Dated: Wilmington, Delaware
October 15, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
James F. Bendernagel
Janet E. Henderson
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION