# EXHIBIT A

## October 1 Letter

CH1 5502488v.5
46429/0001-7086358v1

Kasowitz, Benson, Torres & Friedman LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

DAVID S. ROSNER
DROSNER@KASOWITZ.COM
212-506-1726

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

October 1, 2010

James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

      Re:    *In re Tribune Company, et al.*, 08-13141 (KJC)

Dear Jim:

      As you are aware, we represent Law Debenture Trust Company of New York ("Law Debenture") as successor indenture trustee under that certain indenture dated March 19, 1996 between Tribune Company (as successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 ¼% Debentures due 2096.

      Law Debenture's pending *Reinstated Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments* [Dkt. No. 5507] (the "Reinstated Bank Fees Motion") seeks the entry of an order compelling and directing (i) the Debtors to cause any non-debtor affiliate or subsidiary to terminate the undisclosed and unauthorized payments (the "Unauthorized Fee Payments") of professional fees to and expenses of the Debtors' pre-petition leveraged buyout lenders (the "LBO Lenders"); (ii) the LBO Lenders to provide an accounting of all Unauthorized Fee Payments; and (iii) the LBO Lenders to disgorge the Unauthorized Fee Payments.

      The Court held hearings on Law Debenture's initial motion[1] on December 1, 2009 (the "Preliminary Hearing") and on March 26, 2010 (the "Evidentiary Hearing"). At the conclusion of the Preliminary Hearing, the Court directed the Debtors to make public disclosure of Unauthorized Fee Payments and to continue to do so. (12/1/09 Hrg. Trans., at 106:21-24). However, Law Debenture's review of the docket shows no such disclosure. Please immediately

---

[1] Law Debenture needed "to reinstate" this motion because, during the pendency of extant Plan Support Agreements (the "PSA"), Law Debenture agreed to withdraw the motion subject to renewal upon its counterparties' breach or withdrawal. JPMorgan Chase and Angelo, Gordon & Co. breached and withdrew from the PSA on August 9, 2010.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

point Law Debenture to the docket entries reflecting such disclosure, if any. Should the Debtors have failed to make such disclosure timely, Law Debenture reserves the right to seek contempt sanctions.

In addition, during the Evidentiary Hearing, in response to a query from the Court as to whether the Unauthorized Fee Payments were continuing, Debtors' counsel stated that "[w]e've agreed not to make the payments pending further guidance from Your Honor." (3/26/10 Hrg. Trans., at 18:24-25). In the interim, the Court has given no further guidance and no further payments could be made absent Law Debenture's consent. Law Debenture's limited consent to make further payments began only upon Law Debenture's entry into the PSA on April 8, 2010 and ended with JPMorgan Chase's and Angelo, Gordon & Co.'s breach and withdrawal from the PSA on August 9, 2010. Accordingly, Law Debenture seeks immediate confirmation that, other than during this brief interregnum of the extant PSA, the Debtors have made no Unauthorized Fee Payments. Should the Debtors have continued to make such Unauthorized Fee Payments (including any replenishment of "evergreen" retainer accounts) and/or should it continue to do so, Law Debenture reserves the right to seek contempt sanctions.

Sincerely,

David S. Rosner

cc:  James Heaney
     Donald Bernstein
     Dennis Glazer
     Howard Seife
     Edward Friedman
     Daniel Gropper
     Daniel Golden

# EXHIBIT B

## October 3 Response Letter

CH1 5502488v.5
46429/0001-7086358v1



| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING · NEW YORK |
| ONE SOUTH DEARBORN STREET | BRUSSELS · PALO ALTO |
| CHICAGO, IL 60603 | CHICAGO · SAN FRANCISCO |
| (312) 853 7000 | DALLAS · SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT · SINGAPORE |
| | GENEVA · SYDNEY |
| | HONG KONG · TOKYO |
| | LONDON · WASHINGTON, D.C. |
| | LOS ANGELES |
| jhenderson@sidley.com | |
| (312) 853 7891 | FOUNDED 1866 |

October 3, 2010

By Email and First Class Mail

David S. Rosner
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

    Re:    *In re Tribune Company, et al.*, No. 08-13141 (KJC)

Dear David:

I am writing in response to your October 1 letter to Jim Conlan. In respect of the various inquiries and assertions contained in your letter, please be advised of the following:

We are aware of the procedural history relating to Law Debenture's fee motion, including that the Court has not yet entered any order on such motion. We are also aware that, at the December 1, 2009 hearing, the Debtors agreed to the filing of a disclosure respecting fees that had been paid to date. The Debtors made such a filing on December 11, 2010. *See* Docket No. 2826. You are correct, however, that no further Senior Lender fee payments were made until late April 2010, after (i) the execution by your client and others of the Settlement Support Agreement, dated as of April 8, 2010, which expressly contemplated the withdrawal without prejudice of Law Debenture's fee motion and the resumption of such payments, (ii) the Debtors' filing of a Notice indicating an intent by the Non-Debtor subsidiaries and guarantors, including Tribune (FN) Cable Ventures, Inc., to recommence the Senior Lender fee payments in light of your client's stipulated withdrawal of the fee motion, and (iii) the Court's entry of an order on April 15 approving the stipulation withdrawing the fee motion. Consistent with the foregoing, on April 29, the Debtors filed a second disclosure of Senior Lender fee payments. *See* Docket No. 4206. Further, on or about July 30, at or about the same time as the Debtors' most recent Rule 2015.3 filing, the Debtors filed with the Court a third disclosure in respect of Senior Lender fee payments made since the filing of the second fee disclosure. *See* Docket No. 5211. Save for one additional series of payments made on August 31 in the amount of $3,106,256.02, for amounts incurred and billed prior to the renewal of your fee motion, there have been no further payments of Senior Lender fees. The Debtors advised representatives of the Senior Lenders that such payments are suspended due to the reinstated fee motion. Finally, the Debtors intend to make a further disclosure, consistent with the prior three fee disclosures, of the one additional payment made in August.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 5488946v.2



David S. Rosner
October 3, 2010
Page 2

We trust that this addresses the questions raised in your October 1 letter.

Very truly yours,

*Janet Henderson*
by JL

Janet E. Henderson

cc: Donald J. Liebentritt
James Heaney
Donald Bernstein
Dennis Glazer
Howard Seife
Edward Friedman
Daniel Gropper
Daniel Golden

# EXHIBIT C

## April 28 Email Correspondence

CH1 5502488v.4
46429/0001-7086358v1

**From:** Miriam T. Kulnis [mailto:MIRIAM.KULNIS@chase.com]
**Sent:** Wednesday, April 28, 2010 12:26 PM
**To:** Liebentritt, Don; Bernstein, Donald S.; Schaible, Damian S.; Kevin C. Kelley
**Cc:** Melwani, Vivek
**Subject:** Trib retainer

Don, I just spoke to Viv about the reinstatement of the retainer for professional fees. Centerbridge is Ok with reinstating the retainer in full with the understanding that at the end of the case, any unused retainer funds get returned to the company and distributed as part of the distributable cash. In other words, the unused retainer does not go to the banks alone as an additional cash distribution, but is shared in the waterfall.
Also, in the event the settlement goes away they reserve all their rights with respect to objecting to the retainer and payment of legal fees.

This transmission may contain information that is privileged, confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. Although this transmission and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by JPMorgan Chase & Co., its subsidiaries and affiliates, as applicable, for any loss or damage arising in any way from its use. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.