**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: November 5, 2010** |
| | ) | **at 4:00 p.m. (EST)** |

**SEVENTH QUARTERLY APPLICATION OF MERCER (US) INC. AS
COMPENSATION CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF
INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JUNE 1, 2010 THROUGH AUGUST 31, 2010**

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | May 11, 2009 *nunc pro tunc* to January 12, 2009 |
| Period for which compensation and reimbursement is sought: | June 1, 2010 through August 31, 2010 |

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

Amount of compensation
sought as actual
reasonable and necessary:     $444,281.30

Amount of reimbursement
sought as actual,
reasonable and necessary:     $ 15,340.59

This is an  X  interim ___final application

Prior Quarterly Applications

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|---|
| First Quarterly | July 14, 2009 | Jan. – Feb. 2009 | $116,170.50 / $139.00 | $116,170.50 / $29.00 |
| Second Quarterly | July 15, 2009 | Mar. – May 2009 | $266,908.00 / $10,532.36 | Pending |
| Third Quarterly | October 15, 2009 | June – Aug. 2009 | $257,466.75 / $22,492.81 | Pending |
| Fourth Quarterly | January 14, 2010 | Sept. – Nov. 2009 | $101,796.20 / $7,738.05 | Pending |
| Fifth Quarterly | April 14, 2010 | Dec. 2009 – Feb. 2010 | $50,412.80 / $15,249.17 | Pending |
| Sixth Quarterly | July 15, 2010 | Mar. 2010 – May 2010 | $199,018.62 / $21,640.20 | Pending |

**Compensation By Professional**

*June 1, 2010 through August 31, 2010*

| Name | Position | Hourly Rate | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|
| Cook, Nicole | Associate | $348.00 | 0.50 | $174.00 |
| Dempsey, John | Principal | $725.00 | 132.75 | $96,243.80 |
| Dluhy, Brian | Intern | $162.00 | 90.25 | $14,656.60 |
| Donnell, Julie | Associate | $226.00 | 336.00 | $85,746.60 |
| Greene, Cooper | Analyst | $255.00 | 140.25 | $35,791.80 |
| Karsan, Safiya | Analyst | $255.00 | 65.75 | $16,779.40 |
| Kaufman, Dan | Senior Associate | $493.00 | 159.50 | $78,633.86 |
| King, Rene | Principal | $667.00 | 1.50 | $975.00 |
| Long, Marcia | Senior Associate | $493.00 | 99.00 | $48,807.00 |
| Malandruccolo, Joseph | Analyst | $255.00 | 12.75 | $3,253.80 |
| Mayer, Julie | Researcher | $72.00 | 36.00 | $2,672.64 |
| Moriarty, Kimberly | Senior Associate | $360.00 | 3.50 | $1,276.00 |
| Sandler, Matt | Senior Associate | $464.00 | 62.75 | $29,116.00 |
| Smolter, Valerie | Intern | $162.00 | 47.50 | $7,714.00 |
| Stencel, Amanda | Analyst | $226.00 | 41.00 | $10,463.20 |
| Warner, Mallory | Analyst | $255.00 | 28.00 | $7,145.60 |
| Wing, Brian | Intern | $162.00 | 29.75 | $4,831.40 |
| | | | | |
| | | **TOTALS** | **1286.75** | **$444,280.70** |
| | | | **BLENDED RATE** | **$345.68** |

---

[2] Mercer's detailed time entries, which are attached to this Application, are stated in quarter hour increments, as approved by this Court in the Order approving the retention of Mercer.

3

## Expense Summary

*June 1, 2010  through August 31, 2010*

| Expense Category | Amount |
|---|---:|
| Administrative – Legal | $11,587.50 |
| Administrative  – General | $39.78 |
| Meals – Late Work | $315.80 |
| Meals – Weekend Work | $67.94 |
| Meals – Meetings | $214.15 |
| Transportation – Late work | $77.65 |
| Travel – Airfare | $1,573.26 |
| Travel – Lodging | $758.19 |
| Travel – Meals | $135.18 |
| Travel – Miscellaneous Fees | $528.00 |
| Travel – Taxi | $43.14 |
|  |  |
| **TOTAL** | **$15,340.59** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[3] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: November 5, 2010** |
| | ) | **at 4:00 p.m. (EST)** |

**SEVENTH QUARTERLY APPLICATION OF MERCER (US) INC. AS
COMPENSATION CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF
INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JUNE 1, 2010 THROUGH AUGUST 31, 2010**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Tribune Company ("*Tribune*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Seventh Quarterly Fee Application (the "*Application*") for interim allowance of compensation for professional services rendered by Mercer to the Debtors for the period of June 1, 2010 through August 31, 2010 (the

---

[3] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

"*Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "*U.S. Trustee Guidelines*"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "*Interim Compensation Procedures Order*"). In support of this Application, Mercer represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

3. On December 8, 2008 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant

6

to section 1102(a)(1) of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' cases.

## MERCER'S RETENTION

5. Mercer is a consulting firm focused on providing human resource consulting and related outsourcing and investment services.  Mercer routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in a chapter 11 setting.

6. Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Application for an Order Authorizing Debtors to Retain and Employ Mercer (US) Inc. as Compensation Consultant Pursuant to 11 U.S.C. § 327(a) and 1107 Nunc Pro Tunc to January 12, 2009* (the "*Retention Application*").  This Court entered an order on May 11, 2009 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to January 12, 2009 (the "*Retention Order*").

7. The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer will provide services according to the engagement letter dated March 3, 2009 (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order.  The Engagement Letter was previously submitted to this Court with the Retention Application.

7

**FEE PROCEDURES ORDER**

8. On January 15, 2009, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. § 105(a) and 331* (the "*Interim Compensation Procedures Order*"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

9. In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a monthly fee application ("*Monthly Fee Application*") with the Court on or after the twenty-fifth (25th) day of each month following the month for which compensation is sought. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a monthly fee application, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.

10. Additionally, the Interim Compensation Procedures Order provides that, beginning with the Petition date and ending on February 28, 2009, and at each three month interval thereafter (the "*Interim Fee Period*"), professionals shall file a request (the "*Quarterly Fee Application Request*") for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period. Each Quarterly Fee Application Request shall be filed with the Court by no later than forty-five (45) days after the end of the applicable Interim Fee Period.

## PREVIOUS FEE APPLICATIONS

11.  In accordance with the Interim Compensation Procedures Order, Mercer has previously submitted the following Monthly Fee Applications and Quarterly Fee Application Requests:

| Application | Period Covered | Fees | Expenses | Total |
|---|---|---|---|---|
| First Monthly | Jan. 2009 | $32,315.00 | $139.00 | $32,454.00 |
| Second Monthly | Feb. 2009 | $83,855.50 | $0.00 | $83,855.50 |
| First Quarterly | Jan. – Feb. 2009 | $116,170.50 | $139.00 | $116,309.50 |
| Third Monthly | Mar. 2009 | $102,335.00 | $288.55 | $102,623.55 |
| Fourth Monthly | April 2009 | $106,803.75 | $7,031.40 | $113,835.15 |
| Fifth Monthly | May 2009 | $57,769.25 | $3,212.41 | $60,981.66 |
| Second Quarterly | Mar. - May 2009 | $266,908.00 | $10,532.36 | $277,440.36 |
| Sixth Monthly | June 2009 | $69,088.00 | $4,917.31 | $74,005.31 |
| Seventh Monthly | July 2009 | $136,556.50 | $11,489.27 | $148,045.77 |
| Eighth Monthly | August 2009 | $51,822.25 | $6,086.23 | $57,908.48 |
| Third Quarterly | June – August 2009 | $257,466.75 | $22,492.81 | $279,959.56 |
| Ninth Monthly | September 2009 | $88,753.44 | $1,877.45 | $90,630.89 |
| Tenth Monthly | October 2009 | $1,765.52 | $1,296.43 | $3,061.95 |
| Eleventh Monthly | November 2009 | $11,277.24 | $4,564.17 | $15,841.41 |
| Fourth Quarterly | Sept. – Nov. 2009 | $101,796.20 | $7,738.05 | $109,534.25 |
| Twelfth Monthly | December 2009 | $636.84 | $4,359.35 | $4,996.19 |
| Thirteen Monthly | January 2010 | $26,790.22 | $7,028.60 | $33,818.82 |
| Fourteenth Monthly | February 2010 | $22,985.74 | $3,861.02 | $26,846.76 |
| Fifth Quarterly | Dec. 2009 – Feb. 2010 | $50,412.80 | $15,249.17 | $65,661.97 |
| Fifteenth Monthly | March 2010 | $42,811.60 | $1,978.80 | $44,790.40 |
| Sixteenth Monthly | April 2010 | $55,884.74 | $7,999.29 | $63,884.03 |
| Seventeenth Monthly | May 2010 | $100,385.28 | $11,662.11 | $112,047.39 |
| Sixth Quarterly | Mar. 2010 – May 2010 | $148,781.62 | $21,640.20 | $170,421.82 |

## SERVICES PROVIDED DURING FEE APPLICATION PERIOD

12.  During the Application Period, Mercer provided extensive services relating to the Debtors' executive compensation.  Such services included:

  a. Conducting assessments and making recommendations concerning current and proposed incentive or other compensation programs, including a Management Incentive Plan ("*MIP*");

b. Research and preparation of a Management Transition Plan Report for the Debtors' Management Transition Plan and an Emergence Equity Reserve Report for the Debtors' Management Equity Incentive Plan;

c. Research and provide additional market information related to emergence equity programs and severance provisions;

d. Reviewing, discussing and responding to inquiries (both formal and informal) from parties-in-interest regarding current and proposed compensation programs;

e. Reviewing pleadings regarding issues related to compensation programs; and

f. Preparing and submitting a report analyzing the Debtors' MIP, transition MIP ("*TMIP*") and key operators bonus ("*KOB*").

## RELIEF REQUESTED

13. Mercer submits this Application (a) for the allowance of compensation for the actual, reasonable and necessary professional services that it has rendered as compensation specialists to the Debtors for the Application Period; and (b) for reimbursement of actual, reasonable and necessary expenses incurred in serving the Debtors during that same period.[4]

14. Pursuant to the Interim Compensation Procedures Order, Mercer has submitted Monthly Applications for the months of June, July and August 2010. The details of those Monthly Applications are as follows:

a. June Monthly Application: Compensation in the amount of $214,280.54 and reimbursement of expenses in the amount of $3,440.51.

b. July Monthly Application: Compensation in the amount of $171,477.22 and reimbursement of expenses in the amount of $9,395.43.

---

[4] Both prior to and after the Petition Date, Mercer's affiliated entity, Mercer Health & Benefits LLC ("*Mercer H&B*"), provided actuarial health and benefits services, including analyses with respect to health benefit claims incurred but not reported and reviewing budget rates, which Mercer H&B routinely performed at least twice a year for the Debtors prior to the Petition Date (the "*H&B Services*"). Mercer submits the H&B Services are administrative in nature, and such services are not included in this Quarterly Application. It is Mercer's understanding that Mercer H&B will seek payment from the Debtors for the H&B Services in the ordinary course of business.

    c.    August Monthly Application: Compensation in the amount of $58,523.54 and reimbursement of expenses in the amount of $2,504.65.

15.    During the Application Period, Mercer incurred fees in the amount of $444,281.30. For the same period, Mercer incurred actual, reasonable and necessary expenses totaling $15,340.59. The aggregate value of fees and expenses totals $459,621.89. As of the date of this Application, Mercer has received no payment for these amounts.

16.    Detailed entries for Mercer's services and expenses incurred during the Application have been provided as part of the Monthly Fee Applications for the months of June, July and August 2010. Mercer hereby incorporates those descriptions as if attached to this Quarterly Application.[5]

17.    Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the hourly rate appropriate for that matter. Moreover, Mercer has sought to ensure no duplication of its efforts were made by other professionals.

18.    No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

19.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

---

[5]    Mercer's detailed time entries are stated in quarter hour increments, as approved by this Court in the Retention Order.

11

**WHEREFORE**, Mercer respectfully requests that this Court: (a) approve interim compensation in the amount of $444,281.30 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of June 1, 2010 through August 31, 2010, and interim reimbursement in the amount of $15,340.59 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize the payment of such amounts by the Debtors to Mercer; and (c) grant such other relief as the Court deems just and proper.

Dated: October 15, 2010                                           **MERCER (US) INC.**

                    By: /s/ Aaron L. Hammer
                         One of Its Attorneys

                         Aaron L. Hammer, Esq.
                         Freeborn & Peters, LLP
                         311 South Wacker Drive
                         Suite 3000
                         Chicago, Illinois 60606
                         Telephone: (312) 360-6000
                         Facsimile: (312) 360-6995