15

## Certification of filing And service
## Fed. R. Civ. P. 5

Re: In re: Tribune Company, et al.,
Chapter 11, Case no. 08-13141 (KJC)


I, Emerson Tucker, hereby certify that on October 8, 2010, I caused the attached 19-page Letter Argument of the Claimant-respondent in response to the Debtors' Objections dated September 22, 2010, whereby they had moved to have the Claim Agent to disallow, expunge, and for which to have my claim striken from the Claims register so that the Claim register reflects more accurately the Claims asserted, and that I served upon the United States Bankruptcy Court and all counsel of record as the Service list are below.


I further certify that on the same date that respondent's exhibit A through F are also

— 1 —

Submitted in support of these arguments that is if I am able to get them photocopied by the staff here at the jail, and by Law Librarian Carmella K. Richardson and her Assistant Mrs. Davis.

*Emerson Tucker*

Emerson Tucker-Respondent
Pro Se

Service list are as follows:

Honorable Kevin J. Carey,
Chief United States Bankruptcy Judge
824 Market Street, 5th Floor
Wilmington, Delaware 19801

United States Bankruptcy Court
For The District Of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Cole, Schotz, Meisel, Forman, And Leonard, P. A.
Norman L. Pernick, Esquire

-2-

500 Delaware Avenue
Suite 1410
Wilmington, DE 19801


Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017


Marcia M, Waldron, Clerk
United States Court of Appeals
 For The Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790
("Case No, 10-1892")

Honorable Kevin J. Carey,
Chief United States Bankruptcy Judge
United States Bankruptcy Court
824 Market Street, 5th Floor
Wilmington, Delaware 19801


Emerson Tucker #2008-0003014 (Division 9, tier 2G)
Cook County Jail
2700 South California Avenue
P. O. Box 089002
Chicago, Illinois 60608

Re: In re: Tribune Company, et al., Chapter 11,
    Case No. 08-13141 (KJC)

Date: Oct. 8, 2010

Your Honor:

     I am the Claimant-Movant who are appearing as a pro se litigant in the above-caption matter. Please accept this page Letter-Argument along with my exhibits in support my (the Claimant's) responses to the Debtors objections dated

-1-

September 22, 2010, by stating that (1) he moves to be allowed to file a late stay pursuant to Section 362 of the Bankruptcy Code against Chicago Tribune Company "CTC", and to request that said rule be relax to permit the same, for good cause shown; (2) he moves in the alternative with a notice to response to the petitioners-Debtors' objections to disallow and expunge in its entirety his proof of claim nos. 6447 and 6462 from the Court's Claim register number system; (3) he further seek an entry of an Order pursuant to the Bankruptcy Code and Rules/local Rules of the Court to stay the matter due to the fact that he has an appeal pending before the United States Court of Appeals for the Third Circuit; (4) he further seek in the alternative for an entry of an Order, pursuant to the Bankruptcy Code and Rules/Local Rules, for which to allow his claim in its entirety to go forward based upon CTC had in fact had conspired with a State

-2-

actors to report inaccurate statements in their newspaper articles about his arrest; (5) he objections also and requests for a hearing to the Claim agent modifying the Claims registry to strike his claim nos. 6447 and 6462 from it, as the Debtors had filed their objections to disallow and expunge this claim over a year since the Bankruptcy, in pursuant to title 11 of the United States Code (the Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"); and (6) he moves in the alternative for the appointment of counsel to represent him in this case, in pursuant to 28 U.S.C. Section 19 (e)(1). In support of these responses, Claimant's states as follows:

A. Claimant's notice of leave to file Objections and responses to the Debtors' ones that are dated Sept. 22,2010

In this response, Claimant first complains that the Debtors'

Objection number one (1) is a misstatement of his facts in the United States District Court for the District of New Jersey, in that he had alleged there and can prove that the petitioner Chicago Tribune Company CTC and 9 other media/newspapers have defamed, slander, libel and violated his rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

Claimant second asserts for the purpose of this response, and based upon information and belief, the source being the Debtors Counsel Norman L. Pernick's paragraphs number 1 through 8 of its objections are true.

Claimant Third states too and in contrarily to the Debtors objections numbers 9 to 16, that in Count IV of his amended complaint in the District Court

of New Jersey then he also stated there that he was defamed, slander and libel by 10 media reports and publications of the newspaper articles, reporting that he are a murderer due to he being Afro-American, while labeling other persons who are accuse of similar crimes just suspects. only! Specifically, (1) the Chicago Sun-Times newspaper; (2) the Chicago Tribune newspaper; (3) the Star-Ledger newspaper; (4) The New York Post newspaper; (5) the New York Times newspaper; (6) Journalists Erika Martinez and Ikimulisa Livingston; (7) New York Daily News; (8) CBS Television Station; (9) American Broadcasting Company; (10) NBC Television Broadcasting; and (11) CNN Cable news Network. Am. Compl., at para. 169 and 174. See also exhibit A, which is the Declaration of Michael Berry and other media people (the agents) certifications

and Affidavits attesting to that they did or did not reported a story about the Claimant being a "Serial Killer" in this matter.

Claimant forth states that his proof of Claim numbers 6442 and 6462 should be allowable and not expunge from the record, because of, there are a factual basic for it in that the media and newspaper Debtors had submitted articles, as well as publication reports to which shows, that they either made misstatements of the facts or that they conspired with state actors to label him a murderer ("Serial") without any proof of the same in deliberate indifference to his safety and due to he being a member of the black race, See exhibit A. In particularly, On May 18, 2007, the Debtor CTC and the other 9 media/newspapers had indeed made false statements in their publication of Claimant which painted him in a false light by using suggestions or         that he

was a murderer, and not a serial
killer as he once said in Count IV
of his amended complaint. Am.
Compl., at para. 169 and 174. An
example, on May 18, 2007, the Debtor
CTC along with American Broadcasting
Company (ABC) had already admitted
that they reported stories about him
in their moving papers, in which said
reports was false in particularly
where (1) CTC staff reporter Angela
Rozas said that his finger prints were
left behind at the crime scene which
was not true, because the Cook County
Circuit Judge Raymond Myles had order
on January 15, 2008 that he submit
to DNA testing and fingerprinting but
none match him at all; where (2) CTC
too reported that he spent 11 years
behind bars in a New Jersey
State Prison for a murder, which
also was not true in that he was
lockup in that prison all that time
for an attempt murder; where (3)
CTC reportor also stated that he
suppose to have allegedly stabbed her
('Richardson') to death, leaving her

-7-

body on the floor, which was too not true because of he are innocent of this crime and that the Police ("CPD, Det. John Climack and Carlos Virgilio") both did not say that they had eye-witnesses who said that he committed the same; and where (4) the CTC Statements are allegedly defamatory, in fact, in that they contain within it numerous articles of falsity about him. See, e.g. Romaine V. Kallinger, 106 N.J. 282 (1988).

In sum, respondent respectfully moves that the Court to deny CTC objections and the dismissal of this civil action due solely to a technical default ('the automatic stay doctrine'), and then to relax the Bankruptcy rules in order to permit his claim to go forward.

B. This Bankruptcy Court Should not issue an Order that the

-8-

Claim's agent to modify the Claim registry to strike respondent's Claim nos. 6447 and 6462 from it, along with not disallowing and expunging his Proof of Claim because of it has merit in this court and that its on appeal in the United States Court of Appeals for the Third Circuit.

In this response, the Claimant's case have merit in this court as well as in the District Court, and he will indeed argue in the U.S. Court of Appeals for the Third Circuit which covers this court jurisdiction that where he will allege that said court had abused its discretion by not severance or separating the trials pursuant to Rules 42 (b), 20 of Fed. R. Civ. P. of the media newspaper companies, so that he will have his day in court along with allowing him to do discovery in this case under Rules 30, 31

-9-

32, 33, 34 and 36. Indeed, had the District Court in New Jersey held a hearing or made any finding of facts or law on this issue before granting the media motions to dismiss, then the case would have been still pending there separately as an independent action, or it would have been transfer to the United States District Court for the Northern District of New York and that case would be Docket and filed there too. The case is styled and Docket in the U.S. Court of Appeals for the Third Circuit as Tucker V. N.Y. Police Dept., et al,, case no. 10-1892. A copy of the docket sheet and issues/points raised are attach as exhibit F. See also, exhibit E.

Furthermore, while the Claimant was in the Custody of "NYCDC" he was moved onto a Special housing unit at the Riker Island Jail site due to he being labeled in the media and newspaper

-10-

alike as the suspect "Serial Killer" In fact, the Debtors' Co-Defendant American Broadcasting Company, Inc. "ABC" was the only media beside CTC whom have admitted to reporting a story about him on May 18, 2007. Yet, due to the numerous defamation statements made by both CTC and ABC, and the other appellees-defendants in which have not been completely disclosed to him during discovery then he was deprived of his rights under the Fourteenth Amendment to the U.S. Constitution. See, Action Repair, Inc. v. American Broadcasting Cos., 776 F.2d 143 (7th Cir. 1985). See also, exhibit F.

    For the foregoing reasons, respondent-movant respectfully requests that his proof of Claims nos. 6447 and 6462 does not be disallowed or expunged from the claims agent registry system, and that he be then permitted

his day in Court in this matter.

C.  Respondent have submitted numerous news paper articles as exhibits to his amended complaint to show an inference of an unconstitutional CrC's policy or custom, and the other media and newspapers of labeling black men murders ("serial") when they are just suspects.

Here, the respondent too states that the instant matter to be comparable to Monell v. Dept. of Social Serv., 436 U.S. 658, 692 (1978) and Brokaw v. Mercer County, F.3d 1000 (7th Cir. 2000), where he alleged that the May 18, 2007 edition of Chicago Sun-Times, Chicago Tribune, the Star-Ledger newspaper, the New York Post, the New York Times, Journalists Erika Martinez and Ikimulisa Livingston, New York Daily news, CBS Television Broadcast, American Broadcasting

company, NBC Television Broadcasting, and CNN Cable news Network whom have all featured black men in particularly in their news coverage who are suspects of murders as serial killers, while reporting white men as just a suspect when they are accuse of the same crimes. Indeed, the CTC and other media whom have popularized his image and other black men as a murderer when the police leaks false information to them about an accuse suspect of a hideous crimes of murder and then points out in their stories that other states needs to open their Cold Case files to see if he had committed those same crimes as well there, had amounted to deliberate indifference to his safety, the immediate threat of danger to his life, liberty, and the interference with his relationships with females, with his lifestyle,

with any jobs that he may get in the public/community and with his small business plans that he was about to set up as a "black man" and thus he has been damaged.

   In view of the foregoing, it is respectfully requested by the respondent that the Court hold that he was defamed by CTC, had been falsely labeled a murderer by them and other media companies in which was not true, had been also accuse of committing a murder in the past and having served 11 years for, in which not true also, had been accuse of being involved in murders in other states - Ohio and Indiana in which also was not true and that he was never charged with any crimes there, ~~Indiana~~ and had been accuse of having his fingerprints and DNA left behind on the murder crime scene where the victim Richardson's body was found at.

D. This Bankruptcy Court Should hold CTC liable for it acting in concert with State actors to defame, Slander, libel and for violating the respondent's Fourteenth Amendment rights

In this response, respondent finally states in contrary to the Debtor CTC objection number 28 that it are not a State actor so it cannot be sued. This Debtor CTC's objection are misplaced/misrepresented for several reasons, in particularly because it was also stated in Count IV of the respondent amended complaint that "By Defendants Chicago Sun-Times newspaper, Chicago Tribune newspaper, The Star-Ledger newspaper, The New York Times newspaper, The New York Post newspaper, The New York Daily News, CBS Television News, ABC Television, NBC Television and CNN Cable News Network all actors NYPD, Det. Dexter Honora, Kelly, City of NY, City of Chicago, Dart, Weiss, Climack and Carlos to defame, Slander, libel and label him a

murderer ("Serial") in news reports and articles due to he being black, thereby they violated his rights under the Fourteenth Amendment and 42 U.S.C. Sections 1981 and 1985 (2) (3). Section (3) was clearly intended to provide redress for victims of a conspiracy to violate civil rights whether or not the conspiracy was under color of State law. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971).

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict pain, and an overt act that results in damage. "Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973) (citation omitted). In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct

evidence of the agreement between the conspirators [C]ircumstantial evidence may provide adequate proof of conspiracy. "Hoffman-LaRoche, Inc. v. Greenberg, 447 F. 2d 872, 875 (7th Cir. 1971). See also United States v. Varelli, 407 F. 2d 735, 741-42 (7th Cir. 1969). Absent the testimony of a co-conspirator, it is unlikely that direct evidence of a conspiratorial agreement will exist. Thus, the question whether an agreement exists should not be taken from the jury in a civil conspiracy case so long as there is a possibility that the jury can "infer from the circumstances [that the alleged conspirators] had a meeting of the minds' and thus reached an understanding to achieve the conspiracy's objectives. See, e. g. Adickes v. Kress And Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed 2d 142 (1970).

Here, the Debtor CTC

-17-

had admitted in its objections at page number 10 that CPD Det. John Climack have provided it with the information that they reported respondent in both their "Tribune and RedEye articles, for which was defamatory and false too. Also, CTC Co-defendant ABC had already admitted too on page number 11 of its footnote 3 of its motion to dismiss that it seems as though the State Officials was in Some type of conspiracy against the plaintiff, when it had Stated the following remarks: "it appears that the Amended complaint alleges that the state actors conspired amongst themselves, not with any the media defendants and certainly not with ABC, to Violate Mr. Tucker's rights." Am. Compl, at para. 170. ("the Defendants' New York Police Department, N.Y.P.D. Detective Dexter Honora, District Attorney and its/their media Department have all acted in Concert and in conspiracy to leak false

information about his arrest").

## Conclusion

For the foregoing reasons, the respondent respectfully requests that the Court grant him the relief in its entirety.

Respectfully Submitted,

Emerson Tucker

Emerson Tucker-Respondent

Pro Se I.D. 2008-0003014
Cook County Jail
P.O. Box 089002
Chicago, Illinois 60608

cc: All Counsel of record

Note: Please be advise that respondent would like to inform this Honorable Court to the fact that Staff (Ms. Davis) here at the jail had only given him one (1) copy. when he requested for 4 of them, so he could not send one to the Clerk, Counsel of record and the other people. Also, Ms. Davis had refused to copy all my exhibits too, so I cannot send them to the court. So I requests that the Court issue an Order that the Clerk send these documents out to Counsel of record and to the other people via the Court's electronic computer system. In addition to these requests, the respondent request the Court issue an order that Sheriff Thomas J. Dart provide him with legal supplies and postage stamps on a daily basis, or as needed in this case. Thank you

*Emerson* (signature)