Exhibit A

Keith J. Miller, Esq.
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2760
kmiller@rwmlegal.com

Attorneys for Defendant Newark Morning Ledger Co.,
publisher of The Star-Ledger

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON TUCKER<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK POLICE DEPARTMENT, et al.<br><br>Defendants. | Civil Action No.: 2:08-CV-2156 (DMC)(MF)<br><br><br>**CERTIFICATION OF<br>THOMAS CURRAN** |

THOMAS CURRAN, of full age, hereby certifies as follows:

1.    I am the Associate Editor of defendant Newark Morning Ledger Company, publisher of The Star-Ledger ("The Star-Ledger").

2.    I submit this Certification in support of The Star Ledger's motion to dismiss plaintiff's pro se Complaint.

3.    The only allegations in plaintiff's Amended Complaint against The Star-Ledger are contained in Count IV, which alleges that The Star-Ledger and other newspapers wrote

articles about plaintiff in and around May 2007 which labeled plaintiff as a "serial killer." A true copy of Count IV of the Complaint is attached hereto as Exhibit I.

4.    After reviewing the allegations of plaintiff's Amended Complaint, I conducted a search of The Star-Ledger's archives to determine if The Star-Ledger ever published an article about plaintiff Emerson Tucker. My search determined that the only article ever published in The Star-Ledger about plaintiff Emerson Tucker was an August 3, 1990 article entitled "Newark Man Guilty In Murder Try In Point-Blank Shooting." A true copy of that article is attached hereto as Exhibit 2.

5.    My search of The Star-Ledger's archives further determined that The Star-Ledger did not publish any articles about plaintiff Emerson Tucker in or about May 2007 as alleged in the Complaint, nor did The Star-Ledger ever refer to Mr. Tucker as a "serial killer" as alleged in the Complaint.

I certify that the foregoing statements made by me are true to my own knowledge. I am aware that if any of the foregoing statements are knowingly false, I am subject to punishment.

_Thomas Curran_
THOMAS CURRAN

Dated: August 11, 2009

McCusker, Anselmi, Rosen & Carvelli P.C.
210 Park Avenue, Suite 301
P.O. Box 240
Florham Park, NJ 07932
Phone: 973-457-0123
Fax: 973-457-0276
E-mail: brosen@marc-law.com
*Counsel for NBC Universal, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON TUCKER, *pro se*, | HONORABLE<br>DENNIS M. CAVANAUGH |
| Plaintiff, | Civil Action No:<br>2:08-CV-02156-DMC-MF |
| | **DECLARATION OF<br>JULIE RIKELMAN** |
| -against- | |
| NEW YORK CITY POLICE<br>DEPARTMENT, *et al.*, | **(Document Electronically Filed)** |
| Defendants. | |

JULIE RIKELMAN, under penalty of perjury and pursuant to 28 U.S.C. § 1746 declares as follows:

1.    I am Senior Litigation Counsel for NBC Universal, Inc. (NBCU) and an attorney for Defendant NBCU (wrongly sued as NBC Television Broadcast) in this case. I am familiar with all of the facts and circumstances set forth in this Declaration. I submit this declaration in support of NBCU's Motion to Dismiss the Amended Complaint.

2.    The only allegations in the Amended Complaint against NBCU are contained in Count IV.  In that Count, Plaintiff Emerson Tucker claims that NBCU published a news report about him in May 2007 that accused him of being a "serial killer."  Tucker provides no more specifics about this alleged news report.

3.    After reviewing these allegations, I supervised a search of the archives of the relevant local NBC stations for news reports about Tucker.   The search revealed no such reports.

4.    Thus, the best information currently available indicates that NBCU has never aired any broadcasts concerning Tucker, contrary to the allegations in the Amended Complaint.

Dated: September 3, 2009
    New York, New York

*Julie Rikelman*

Julie Rikelman

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------x

EMERSON TUCKER, PRO SE,           :

              Plaintiff,    :     Civil Action No. 2:08-CV-02156-DMC-MF

    vs.                           :

                  :     (Document Filed Electronically)

NEW YORK CITY POLICE            :
DEPARTMENT, et al.,               :

           Defendants.    :     **AFFIDAVIT OF**
                               **ANNE B. CARROLL**

---------------------------------------x

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF NEW YORK  )

      ANNE B. CARROLL, being duly sworn, deposes and says:

      1.    I am Vice President and Deputy General Counsel of defendant Daily News, L.P. ("Daily News"), incorrectly sued herein as "The New York Daily Newspaper", and have personal knowledge of the facts set forth herein.  I make this Affidavit in support of the Daily News' motion to dismiss the claims asserted against the Daily News in the Amended Complaint.

      2.    The Daily News is the publisher of the *Daily News*, a daily newspaper of general circulation distributed primarily in the New York City metropolitan area.

      3.    The Amended Complaint in this action was filed on March 20, 2009, and was served on the Daily News on July 10, 2009.

      4.    After the Daily News received service of the Amended Complaint, I personally reviewed, or directed others within the company to review, both the Daily News' internal archival databases of its published articles and the two external databases that maintain archives

of its published articles, Nexis and Westlaw.  No *Daily News* article mentioning plaintiff

Emerson Tucker -- or any individual named "Emerson Tucker" -- was found in any of those

databases, either for the period in which the Amended Complaint alleges that the *Daily News*

published defamatory matter concerning Tucker, or at any other time.

_____
ANNE B. CARROLL

Sworn to before me
this _13th_ day of August, 2009

_____
Notary Public

CHERYL MAYNARD
Notary Public-State of New York
No. 01MA6133621
Qualified in Kings County
Commission Expires September 19, 2009

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EMERSON TUCKER, | : | HONORABLE DENNIS M. CAVANAUGH |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 2:08-CV-02156-DMC-MF |
| | : | |
| NEW YORK CITY POLICE DEPARTMENT, et al. | : | |
| | : | (Document Filed Electronically) |
| Defendants. | : | |
| | : | |

## DECLARATION OF MICHAEL BERRY

I, MICHAEL BERRY, hereby declare, under penalty of perjury, as follows:

1.    I am an attorney with Levine Sullivan Koch & Schulz, L.L.P., counsel herein to defendant American Broadcasting Companies, Inc. ("ABC"). I submit this declaration in support of ABC's motion to dismiss the claims filed against it by plaintiff Emerson Tucker.

2.    Based on information and belief following a reasonable investigation, two television stations owned directly or indirectly by ABC broadcast and published reports mentioning Mr. Tucker.

3.    WLS-TV in Chicago, Illinois broadcast reports mentioning Mr. Tucker during its morning, afternoon, and two evening news programs on May 18, 2007. True and correct copies of those four reports are included on the DVD attached hereto as Exhibit A.

4.    WABC-TV in New York, New York broadcast a report mentioning Mr. Tucker during its evening news program on May 18, 2007. A true and correct copy of that report is included on the DVD attached hereto as Exhibit B.

5.    WLS-TV published a report mentioning Mr. Tucker on its website on May 18, 2007. A true and correct copy of that report is attached hereto as Exhibit C.

6.    WABC-TV published a report mentioning Mr. Tucker on its website on May 18, 2007. A true and correct copy of that report is attached hereto as Exhibit D.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 13th day of August, 2009.


_/s/ Michael Berry_
Michael Berry

**Sprint**

Go back to
school a legend.

Rock pre-loaded
Guitar Hero™
World Tour Mobile,
on a touchscreen.

Samsung Instinct™ s30™
**$99.**99
for back to school.

Get it now →

After a $100 mail-in rebate.

Click to rock ▸▸



News 

# NJ murder suspect accused of crimes in other states

Friday, May 18, 2007 | 6:25 PM

## Did Emerson Tucker kill a woman in NY in '03, and in Chicago, just 9 days ago?

(Midtown-WABC, May 18, 2007) (WABC) -- A man from New Jersey accused of murdering a woman in Midtown is now wanted for vicious murder in Chicago. And investigators urge police in other states to retrace the man's steps because he may be responsible for other unsolved crimes.

Eyewitness News reporter Patricia Wu has the latest from Midtown.

The Midtown hotel known as the Econo Lodge today, used to be known as the Sherman Hotel. It was back in 2003 that police say 22-year-old DeShaute Hutchinson was found dead.

Her body was discovered stuffed inside a suitcase in Room 109 of the hotel on West 47th Street.

<u>Story continues below</u>
Advertisement



Sprint

*The new Palm Pre.*

*Only from Sprint.*
*Only on the Now Network.*

Get it now →

◀Replay

Police believe, 50-year-old Emerson Tucker maybe responsible for her death. However, in 2006 he surfaced in Chicago and started using the alias John Turner.

Now, investigators believe he killed a young woman on Chicago's West Side about nine days ago.

The woman, a 21-year-old college student at International Academy of Design & Technology, had been stabbed 62 times. Her body was found in an apartment that Tucker had used, but under his alias, John Turner.

Police say Tucker's fingerprints were found at this murder scene and the other murder scene in 2003.

A background check revealed that Tucker, a New Jersey resident previously spent 16 years in New Jersey prisons for murder, weapons possession, and assault.

The police in New York and Illinois have urged police departments in Ohio, Florida, Indiana and New Jersey - states where the man, Emerson Tucker, 50, is known to have been - to check for his involvement in other unsolved deaths, a Chicago police detective said.

Just yesterday Tucker was charged with second-degree murder, in connection with the 2003 crime in Midtown. Later today a grand jury will hear that case, Tucker is saying that he is innocent.

Stay with Eyewitness News for the latest development in this case starting at 5:00 p.m.

(Copyright ©2009 WABC-TV/DT. All Rights Reserved.)

- <u>E-Mail story</u>
- <u>Print Article</u>

**Sponsored Content**



★ ★ ★ ★ ★
"LIKE CIRQUE DU SOLEIL
WITH HORSES"
The San Francisco Chronicle

www.cavalia.net
1-866-999-8111

News

# Suspect identified in stabbing death of woman

Friday, May 18, 2007 | 11:45 AM

May 18, 2007 (WLS) -- The family of Blair Holt, the teen shot and killed on a CTA bus last week, is dealing with another tragedy. Holt's cousin was stabbed to death a week and a half ago. A man charged in a New York murder is a suspect.

The body of 21-year-old Jessica Richardson was found May 9th in a West Side apartment. She was stabbed 62 times.

Detectives in Chicago have issued a warrant for the arrest of Emerson Tucker.

They say his fingerprints match those found in Richardson's home. Police do not believe she knew tucker.

Story continues below
Advertisement



Police describe 51-year old tucker as "a drifter." he was recently arrested in New York in connection with a 2003 murder.

Police in Indiana and Ohio are also investigating Tucker in some unsolved murders.

(Copyright ©2009 WLS-TV/DT. All Rights Reserved.)

- E-Mail story
- Print Article

## Sponsored Content

**Links We Like**

**Real Weight Loss For Real People**

 Learn to train and eat the right way and you can lose that unwanted weight and keep it off!
More Details

**Diesel vs. Hybrid vs. Gas: Who Wins?**

 If you've been wondering whether or not to buy a hybrid or a diesel car, check out how they stack up against each other and traditional gas powered rides.
More Details

**Learn The Basics Of Estate Planning**

 It's never a bad time to plan for the future and estate planning is very important. Learn more about what you need to do to be properly prepared.
More Details

# Story Tools

- E-Mail story
- Print

# Share

- Add this article to Facebook

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

---

**You may be entitled to a payment from a class action settlement if you were:**

(1) held in a Chicago Police Department interrogation or "interview" room for more than 16 hours in a 24-hour period at any time from October 21, 2002 to May 14, 2010; or

(2) detained in a Chicago Police Department lock-up or detective facility overnight at any time from October 21, 2002 to May 14, 2010; or

(3) arrested by the Chicago Police Department on suspicion of a felony without an arrest warrant and detained in excess of 48 hours without a judicial probable cause hearing, at any time from March 15, 1999 to February 10, 2008.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*
*Una corte federal autorizó este aviso. Esto no es una solicitación de un abogado.*

If you are a Class Member, your legal rights are affected whether you act or don't act.

**<u>PLEASE READ THIS NOTICE CAREFULLY.</u>**

---

## Summary of the Settlement

- The settlement will provide up to $16,500,000.00 to pay claims by persons who fit within one or more of the three settlement classes listed below, as well as to pay the costs of class notice and settlement administration, attorneys' fees and costs to Class Counsel, and incentive awards to the Plaintiff Class Representatives.

- The proposed settlement would resolve a lawsuit over whether the City of Chicago violated constitutional rights of certain arrested persons; avoid costs and risks to Class Members from continuing the lawsuit; pay money to eligible Class Members; and release the City of Chicago from liability. The City of Chicago denies Plaintiffs' claims, and denies that it has engaged in any wrongdoing.

- Court-appointed lawyers will ask the Court for up to $5,000,000 as fees and $70,000 as expenses for investigating the facts, litigating the case, negotiating the settlement, and for continuing to represent the classes through the administration of the settlement. Lawyers will also ask the Court to award up to $25,000 as incentive awards for each of the Plaintiff Class Representatives (for a total of up to $75,000).

- The two sides disagree over whether the City of Chicago is liable on Plaintiffs' claims, and on how much money, if any, Plaintiffs would receive if they won at trial.

- Please note: This class action settlement is in the case of *Dunn, et al. v. City of Chicago.* (See Question 1, below.) If you received a class action notice about the case of *Portis v. City of Chicago, et al.,* Case No. 02 C 3139 (United States District Court for the Northern District of Illinois), and/or if you believe that you are a member of the class that was certified in *Portis,* please understand that *Portis* and *Dunn* are two separate cases. This notice is about the *Dunn* class action settlement. Your legal rights and options in the *Dunn* settlement are explained below. If you wish to exercise your rights in the *Dunn* settlement, you must follow the instructions below.

| CLASS MEMBERS' LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a payment under the settlement. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to be a part of any other lawsuit against the City of Chicago about the claims in this case. |
| **OBJECT** | Write to the Court about why you oppose the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options, **and the deadlines to exercise them,** are explained in this notice.

- The Court in charge of this case still has to decide whether to approve this settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

---

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................................................2
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ......................................................................................................3
4. How do I know if I am part of the settlement?
5. Are there exceptions to being included?
6. What do I do if I'm still not sure if I am included?

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ......................................................................3
7. What does the settlement provide?
8. How much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ....................................................4
9. How can I get a payment?
10. How do I get my Claim Form notarized?
11. When will I receive my payment?
12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .................................................................4
13. How do I get out of the settlement?
14. If I don't exclude myself, can I sue the City of Chicago for the same thing later, or continue with a pending lawsuit?
15. If I exclude myself, can I still get a payment from this settlement?

**OBJECTING TO THE SETTLEMENT** .............................................................................................5
16. How do I object to the settlement?
17. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ...........................................................................................5
18. When and where will the Court decide whether to approve the settlement?
19. Do I have to come to the Hearing?
20. May I speak at the Hearing?

**THE LAWYERS REPRESENTING YOU** .........................................................................................6
21. Do I have a lawyer in the case?
22. How will the lawyers be paid?

**IF YOU DO NOTHING** ....................................................................................................................6
23. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................................................6
24. Are there more details about the settlement?
25. How do I get more information?

---

## BASIC INFORMATION

### 1. Why did I get this notice package?

You may have been arrested by the Chicago Police Department since March 15, 1999.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Dunn et al. v. City of Chicago*, Case No. 04-CV-6804. The people who sued are called Plaintiffs, and the entity they sued, the City of Chicago, is called the Defendant.

### 2. What is this lawsuit about?

This is a "class action" lawsuit. In a class action, one or more people, called "Class Representatives" (in this case, Thomas Dunn (for Settlement Classes II and III), Denny Robinson (for Settlement Class III), and Veronica Imperial (for Settlement Class I)), sue for their own benefit as well as for a group of other people with similar claims. All these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

QUESTIONS? CALL 1-888-398-8212 TOLL-FREE (OR 312-224-7041 NON-TOLL-FREE) OR VISIT www.DUNNSETTLEMENT.COM.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-398-8212 (o 312-224-7041) O VISITAR www.DUNNSETTLEMENT.COM.

2

This lawsuit claims that the City of Chicago violated the Class Members' rights under federal and state law due to the manner and/or length of the detentions. The suit seeks money damages from the City of Chicago for the members of the classes.

The City of Chicago denies that it did anything wrong and denies that it detains people unconstitutionally.

### 3. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant. The Plaintiffs think they could have won damages for each Class Member if the case went to trial. The Defendant thinks the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible under this settlement, you first have to decide if you are a member of one or more of the three settlement classes explained below.

### 4. How do I know if I am part of the settlement?

Class I consists of all persons detained in a Chicago Police Department interrogation or interview room for more than 16 hours in a 24-hour period at any time from October 21, 2002 to May 14, 2010.

Class II consists of all persons who were detained in a Chicago Police Department lock-up or detective facility from 10:00 p.m. (or earlier) on a given day and not released until 6:00 a.m. (or later) of the following day, at any time from October 21, 2002 to May 14, 2010.

Class III consists of all persons who were arrested on suspicion of a felony without an arrest warrant and who were detained by the Chicago Police Department and did not receive a judicial probable cause hearing within 48 hours of arrest, at any time from March 15, 1999 to February 10, 2008.

### 5. Are there exceptions to being included?

Yes. Excluded from the Classes are members of the Northern District of Illinois federal judiciary and their immediate families, and all persons who properly "opt out" or exclude themselves from the settlement (see Questions 13-15).

### 6. What do I do if I'm still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free), e-mail info@dunnsettlement.com, or visit www.DunnSettlement.com for more information. Or you can fill out and return the Claim Form described in Questions 9-10 to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement provide?

The City of Chicago has agreed to create a settlement fund of $16.5 million to cover (a) the cost of claims by Class Members who submit a valid Claim Form, (b) the attorneys' fees and costs to be awarded to Class Counsel (not to exceed $5,070,000), (c) incentive awards for the Plaintiff Class Representatives (not to exceed $25,000 for each of the three Class Representatives, for a total of up to $75,000), and (d) the costs of notice and settlement administration. Also, under the terms of the settlement, the City of Chicago has the option to withdraw from the settlement by September 24, 2010, if more than a certain number of members of either Class I or Class III "opt out," or exclude themselves from the settlement. Please see Questions 13 - 15 for additional information on "opting out" and Paragraph 26 of the Settlement Agreement for additional information on the City's option to withdraw from the Settlement.

### 8. How much will my payment be?

Your share of the fund will depend on the validity of your Claim Form, the number of valid Claim Forms that all Class Members send in, which Class or Classes you belong to, and whether you have been detained more than one time in a manner that fits within the definition of a class.   Here's how it generally works:

- Members of Class I are eligible to receive a payment of up to $2,000, provided that they comply with all the requirements of the settlement.
- Members of Class II are eligible to receive a payment of up to $90, provided that they comply with all the requirements of the settlement.
- Members of Class III are eligible to receive a payment of up to $3,000, provided that they comply with all the requirements of the settlement.

If you have more than one detention during the class periods and meet the criteria for one or more of the Settlement Classes above, you are eligible to receive payments for each separate detention.

The Settlement Agreement (especially Paragraph 30(d)) explains in further detail how the payments will be calculated.  To get a copy, go to www.DunnSettlement.com, e-mail info@dunnsettlement.com, or call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free) and ask for a copy.

Finally, in the event that the amount of the fund is insufficient to satisfy all valid Class Member claims (after payment of the costs and fees of Class Counsel, the Class Representative incentive awards, and the costs of class notice and settlement administration), the amount of your payment will be reduced proportionately with all other valid Class Member claims.  If money remains in the fund after paying all claims, costs, and fees, the remainder will be returned to the City of Chicago.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 9. How can I get a payment?

To receive a payment, you must mail in a valid Claim Form. A Claim Form is included in this mailing. You may also get a Claim Form on the Internet at www.DunnSettlement.com, or call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free) or e-mail info@dunnsettlement.com and ask for one.

You should read the instructions on the Claim Form carefully, fill out the entire form, sign it, have it notarized, and mail it **postmarked no later than October 25, 2010** to the following address: Dunn Settlement, c/o Rust Consulting, Inc., P.O. Box 2341, Faribault, MN 55021-9041.

Do not send a copy of the Claim Form to the Court, the Judge, or the City of Chicago.

Filing a claim does not automatically entitle you to a payment. Your eligibility for payment will be determined by a claims administrator based on the available data and on Defendant's records. The settlement provides for one opportunity for Class Members to object to the Court regarding the Claims Administrator's payment determination on their claim. The decision of the Court on such objections is final and cannot be appealed. For more details, please see Paragraph 33 of the Settlement Agreement, which is available at www.DunnSettlement.com, or by calling 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free).

Please note that, with a few exceptions, **only a Class Member** can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by (1) the executor or administrator of a deceased Class Member's estate, (2) the legal guardian of a Class Member who has been declared incompetent, or (3) a person with a valid Power of Attorney from the Class Member.

### 10. How do I get my Claim Form notarized?

Your Claim Form MUST BE NOTARIZED to receive a payment. You may have the form notarized by any notary public of your choice. Many banks, post offices, currency exchanges, and other businesses have notaries who can notarize your Claim Form.

If you need more information on where and how to find a notary you can call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free), e-mail info@dunnsettlement.com, or visit www.DunnSettlement.com for help.

### 11. When will I receive my payment?

The Court will hold a hearing on October 6, 2010, at 10:00 a.m. to decide whether to approve the settlement. Checks will be mailed only if the Court approves the settlement. Checks will be mailed to those Class Members whose claims have been approved no earlier than February 18, 2011. Please check the settlement website, www.DunnSettlement.com, for updates and other important information about the settlement, or call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free) or e-mail info@dunnsettlement.com. However, if there is an appeal, checks will not be sent unless and until the appeal is resolved and the settlement upheld. This can take time, so please be patient. If you send in a Claim Form, the Claims Administrator will send you a notification indicating whether and how much money you are entitled to receive.

### 12. What am I giving up to get a payment or stay in the class?

Unless you exclude yourself, you are staying in the Class(es), and that means that you can't sue, continue to sue, or be part of any other lawsuit against the City of Chicago about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. In other words, unless you exclude yourself from the settlement, you will give up, or "release," any claims that you may have against the City of Chicago about the legal issues in this case. For more information about the release, please see Paragraphs 40-41 of the Settlement Agreement or call 1-888-398-8212 toll-free (or 312-224-7041 non-toll-free) or e-mail info@dunnsettlement.com. The Settlement Agreement is available at www.DunnSettlement.com, or you may call the Claims Administrator to request a copy.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the City of Chicago on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying:

"I want to be excluded from the Dunn v. City of Chicago settlement."

Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request **postmarked no later than September 9, 2010** to: Dunn Settlement, Exclusions, c/o Rust Consulting, Inc., P.O. Box 2341, Faribault, MN 55021-9041.

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the City of Chicago in the future for the claims in this lawsuit.

Please note that if you believe you fall into more than one Class, you must opt out of the entire settlement. You may not attempt to opt out of one Class, but remain as a Class Member in the other Classes. Remember: To exclude yourself, your letter must state: "I want to be excluded from the Dunn v. City of Chicago settlement."

In addition, requests for exclusion must be submitted by a Class Member, not on behalf of a group or class of persons. The only exception is that a request for exclusion may be submitted on behalf of an individual Class Member by the executor or administrator of a deceased Class Member's estate, or the legal guardian of a Class Member who has been declared incompetent.

**14. If I don't exclude myself, can I sue the City of Chicago for the same thing later, or continue with a pending lawsuit?**

No. Unless you exclude yourself, you give up any right to sue the City of Chicago for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the settlement to continue your own lawsuit. Remember, the exclusion deadline is **September 9, 2010.**

**15. If I exclude myself, can I still get a payment from this settlement?**

No. If you do **not** want to be a part of the Class, then you must exclude yourself by **September 9, 2010**. As of **September 9, 2010**, if you have excluded yourself, then any Claim Form you submit after that date will be rejected and you will not receive any payment.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the settlement or some part of it.

**16. How do I object to the settlement?**

If you are a Class Member and you do not exclude yourself from the settlement, you have the right to object to the settlement or some part of it that you do not like. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must mail your objection to the Claims Administrator **and** file it with the Court. The objection must contain (1) a heading that refers to the Action by case name (Dunn v. City of Chicago) and case number (No. 04-CV-6804); (2) a statement whether you intend to appear at the Final Approval Hearing; (3) a statement whether your personal attorney will appear in court to object for you (include your attorney's name, bar number, address, and telephone number); (4) a statement of the specific legal and factual basis for each objection; and (5) a description of any and all evidence you may offer at the Final Approval Hearing, including photocopies of any and all exhibits you may introduce at the Final Approval Hearing. Any objection must be directed to the terms of this class action settlement.

To be timely, your objection must be mailed to the Claims Administrator so that it is **postmarked by August 10, 2010** and must be *filed* with the Court by **no later than August 10, 2010** at the following addresses:

| | |
|---|---|
| Dunn Settlement | Case No. 04-C-6804 |
| Objections | Dunn v. City of Chicago |
| c/o Rust Consulting, Inc. | Clerk, U.S. District Court |
| P.O. Box 2341 | 219 S. Dearborn St. |
| Faribault, MN 55021-9041 | Chicago, IL 60604 |

Note: You may mail your objection to the Court, but it must be *received* by the Court *and filed* by August 10, 2010. See Paragraphs 14(q) - (s) of the Settlement Agreement for more information on how to object to the settlement.

Please note that any objections must be submitted by an individual Class Member or his or her attorney, not as a member of a group, class, or subclass. The only exception is that an objection may be submitted on behalf of an individual Class Member by the executor or administrator of a deceased Class Member's estate, or by the legal guardian of a Class Member who has been declared incompetent.

**17. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you do not exclude yourself from the Class, you will be a member of the Class. If you object, you will not have another opportunity to exclude yourself, and you will be bound by any judgment entered by the Court.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing (called a "Fairness Hearing" or a "Final Approval Hearing") to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at **10:00 a.m. on Wednesday, October 6, 2010**, at the United States District Court for the District of Illinois, 219 South Dearborn, Chicago, IL in Courtroom 2525. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the settlement and the amount of the attorneys' fees and costs and incentive awards to be paid from the fund. We do not know how long these decisions will take.

---

QUESTIONS? CALL 1-888-398-8212 TOLL-FREE (OR 312-224-7041 NON-TOLL-FREE) OR VISIT www.DUNNSETTLEMENT.COM.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-398-8212 (o 312-224-7041) O VISITAR www.DUNNSETTLEMENT.COM.

5

**19. Do I have to come to the Hearing?**

No. You may, but are not required to come to the Fairness Hearing. Class Counsel will answer questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. So long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**20. May I speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must submit a "Notice of Intention to Appear in Dunn v. City of Chicago" and follow the procedures set out in Question 16. Your Notice of Intention to Appear must be mailed to the Claims Administrator so that it is **postmarked no later than August 10, 2010**, and it must be **filed** with the Clerk of the Court by that same date. See Question 16 for the addresses.

You cannot speak at the hearing if you excluded yourself.

Please be aware that if you are currently incarcerated you have no right to require the State to transport you to the hearing.

## THE LAWYERS REPRESENTING YOU

**21. Do I have a lawyer in this case?**

The Court appointed Michael Kanovitz and the law firm of Loevy & Loevy in Chicago, Illinois, to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

You have the right to speak with Class Counsel about the settlement and any of the matters in this notice free of charge. You can call them toll-free at 1-877-722-2928.

**22. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment to them of up to $5,000,000 for attorneys' fees and $70,000 for expenses, and payments of up to $25,000 to each of the Class Representatives (for a total of up to $75,000) as payment for their services (called "incentive awards"). If the Court awards these incentive awards, the Class Representatives will not be permitted to make any further claim on the settlement fund.

The Court may award less than these amounts. These amounts will be paid out of the fund. In addition, costs for notice and the administration of the settlement will be paid out of the fund.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the City of Chicago about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**24. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator at 888-398-8212 toll-free (or 312-224-7041 non-toll-free), by e-mailing info@dunnsettlement.com, or by visiting www.DunnSettlement.com.

**25. How do I get more information?**

If you have questions, you may visit the settlement website; write the Claims Administrator at Dunn Settlement, c/o Rust Consulting, Inc., P.O. Box 2341, Faribault, MN 55021-9041; call the Claims Administrator at 888-398-8212 toll-free (or 312-224-7041 non-toll-free); or e-mail the Claims Administrator at info@dunnsettlement.com. The website, www.DunnSettlement.com, has answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

You also can speak with Class Counsel by calling 877-722-2928 toll-free; or write to them at Dunn Settlement, 312 North May Street, Suite 100, Chicago, IL 60607.

***DO NOT CONTACT THE COURT OR THE JUDGE DIRECTLY.*** **THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

Exhibit D



**_Clausen_**
**_Miller_**_PC_

_Attorneys at Law_

| | | |
|---|---|---|
| **CLAUSEN MILLER P.C.** | **CLAUSEN MILLER L.L.P.** | **CLAUSEN MILLER EUROPE** |
| CHICAGO, IL | LONDON, ENGLAND | Clausen Miller P.C. |
| IRVINE, CA | | Clausen Miller L.L.P., LONDON |
| NEW YORK, NY | | Tetaud-Lambard-Jami & Associés, PARIS |
| PARSIPPANY, NJ | | Studio Legale Corapi, ROME |
| WHEATON, IL | | van Cutsem-Wittamer-Marnef & Partners, BRUSSELS |
| SHANGHAI, CHINA | | |

One Gatehall Drive, Suite 203 • Parsippany, NJ 07054 • www.clausen.com
Tel: 973.401.0470 • Fax: 973.401.0513

October 20, 2009

**VIA ELECTRONIC FILING**
Hon. Dennis M. Cavanaugh
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Court Room PO 04
Newark, NJ 07101

Re:     _Tucker v. New York City Police Dept., et al._
        Civil Action Number:    2:08-cv-02156
        Our File Number:      29-4441-00-1

Dear Judge Cavanaugh:

We represent the Chicago Police Department ("CPD") and Chicago Police Detectives John Climack and "Carlo", who are named as defendants in the plaintiff's Amended Complaint. We are writing to advise the Court that we have been authorized to accept service on behalf of Detectives Climack and "Carlo" of the Amended Complaint, but pursuant to Your Honor's Opinion and Order of November 18, 2008, these defendants are not going to respond to the plaintiff's Amended Complaint until there is a further Order of the Court.

We also write to supplement the Memorandum of Law filed on October 5, 2009 by Detectives Climack and "Carlo" in opposition to the plaintiff's pending motion for a default judgment. In the Memorandum of Law, Detectives Climack and "Carlo" raised lack of service as one of the grounds for denial of the motion. We pointed out that there was no filed Affidavit of Service that evidenced that Detectives Climack and "Carlo" had been served with the Amended Complaint. We further pointed out that there had been no compliance with Federal Rules of Civil Procedure 4(e) governing service of process on an individual within a judicial district of the United States.

On October 7, 2009, the Marshal's office filed an Affidavit of Service indicating that on September 16, 2009 a U.S. Marshal had left the Summons and Amended Complaint with the CPD. See Affidavits of Service docketed as Doc. No. 117. The CPD is not authorized to accept service on behalf of individual officers. While there was no proper service on the individual detectives at the time the opposition was filed, we wanted to advise the Court that on October 19, 2009 we were authorized to accept service of the Summons and Amended Complaint.

275202.1

Hon. Dennis M. Cavanaugh
October 20, 2009
Page 2


However, the claims against defendants Climack and "Carlo" were stayed by Order of this Court on November 18, 2008. This Court further ordered that the defendants Climack and "Carlo" did not need to respond to the Amended Complaint until after the final conclusion of the criminal proceedings that are pending against the plaintiff. At the time of the final conclusion of the criminal proceedings against the plaintiff, the plaintiff may apply to re-open the Fourth Amendment claim against Detectives Climack and "Carlo" within 90 days of the final conclusion of the criminal proceedings. In the meantime, no response to the Amended Complaint is required.

Accordingly, Detectives John Climack and "Carlo" respectfully request that this Court deny plaintiff's motion for a default judgment since the criminal charges pending against the plaintiff have not been finally resolved and no response is due from Detectives Climack and "Carlo".

Respectfully submitted,

CLAUSEN MILLER P.C.

By:    s/Ruth V. Simon


Ruth V. Simon

RVS/mm


275202.1



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Elizabeth W. Dollin
Assistant Corporation Counsel
*E-mail: edollin@law.nyc.gov*
*Phone: (212)788-0542*
*Fax: (212) 788-9776*

September 14, 2009

**By ECF**
The Honorable Dennis Cavanaugh
United States District Court – District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re: ***Emerson Tucker v. New York Police Dep't., et al.***, *08-civ-2156 (DMC)(MF)*

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant New York City Police Detective Dexter Honora in connection with the above-referenced matter. I write at this time in response to plaintiff's letter to Your Honor dated August 31, 2009,[1] wherein plaintiff requested an Order compelling defendants, including Detective Honora, the NYPD, Mayor Bloomberg, NYPD Police Commissioner Raymond Kelly, NYC Department of Correction Commissioner Martin Horn, City of Brooklyn, Kings County, the Civilian Complaint Review Board, and the New York City Department of Correction, to respond to plaintiff's discovery demands. Plaintiff's application should be denied with respect to the New York City Defendants.

      As an initial matter, on July 8, 2009, this office served plaintiff with Detective Honora's Responses to Plaintiff's Requests for Admissions. Thereafter, on July 24, 2009, this office served plaintiff with Detective Honora's responses to Plaintiff's First Set of Document Demands. Accordingly, at this time, Detective Honora has responded to all discovery demands served by plaintiff. Second, the remaining City Defendants were dismissed from this case with prejudice on October 18, 2008 and, again on August 31, 2009. As such, those entities have no discovery obligations; moreover, the only discovery demands plaintiff served on any City Defendants were the aforementioned discovery demands on Detective Honora.

---

[1] A copy of plaintiff's letter was not received by this office until September 11, 2009.

For the foregoing reasons, it is respectfully requested that plaintiff's August 31, 2009 application for an Order compelling defendants to respond to his discovery demands be denied with respect to the City Defendants.

Respectfully submitted,

*Elizabeth W. Dollin*

Elizabeth W. Dollin
Assistant Corporation Counsel

cc:

**Via First Class Mail:**
Emerson Tucker
*Appearing Pro Se*
Inmate ID #2008000314
Division I, Unit G-I
2700 California Avenue
P.O. Box 089002
Chicago, IL 60608

**Via ECF**
Michael Louis Berry
*Attorney for Defendant American Broadcasting Companies, Inc.*
Levine Sullivan Koch & Schulz, LLP
2112 Walnut Street
Philadelphia, PA 19103

John B. Nance
*Attorney for Defendants City of Newark and Police Department of the City of Newark*
City of Newark Department of Law
920 Broad Street, Room 316
Newark, New Jersey 07102

Robert D. Balin
*Attorney for Defendant Daily News, L.P. s/h/a The New York Daily Newspaper*
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019

Keith J. Miller
*Attorney for Defendant Star-Ledger Newspaper of Newark, New Jersey*
Robinson, Wettre & Miller, LLC
One Newark Center
Newark, New Jersey 07102

Bruce Rosen
*Attorney for Defendants New York Times, Chicago Tribune Company, and*
*NBC Television*
McCusker, Anselmi, Rosen, Carvelli & Walsh, P.C.
210 Park Avenue South, Suite 301
P.O. Box 240
Florham Park, New Jersey 07932

Bart G. Van De Weghe
*Attorney for New York Post Newspaper*
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Elizabeth W. Dollin
Assistant Corporation Counsel
*E-mail: edollin@law.nyc.gov*
*Phone: (212)788-0542*
*Fax: (212) 788-9776*

September 14, 2009

**By ECF**
The Honorable Dennis Cavanaugh
United States District Court – District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re: ***Emerson Tucker v. New York Police Dep't., et al.***, *08-civ-2156 (DMC)(MF)*

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant New York City Police Detective Dexter Honora in connection with the above-referenced matter. I write at this time in response to plaintiff's letter to Your Honor dated August 31, 2009,[1] wherein plaintiff requested an Order compelling defendants, including Detective Honora, the NYPD, Mayor Bloomberg, NYPD Police Commissioner Raymond Kelly, NYC Department of Correction Commissioner Martin Horn, City of Brooklyn, Kings County, the Civilian Complaint Review Board, and the New York City Department of Correction, to respond to plaintiff's discovery demands. Plaintiff's application should be denied with respect to the New York City Defendants.

        As an initial matter, on July 8, 2009, this office served plaintiff with Detective Honora's Responses to Plaintiff's Requests for Admissions. Thereafter, on July 24, 2009, this office served plaintiff with Detective Honora's responses to Plaintiff's First Set of Document Demands. Accordingly, at this time, Detective Honora has responded to all discovery demands served by plaintiff. Second, the remaining City Defendants were dismissed from this case with prejudice on October 18, 2008 and, again on August 31, 2009. As such, those entities have no discovery obligations; moreover, the only discovery demands plaintiff served on any City Defendants were the aforementioned discovery demands on Detective Honora.

---

[1] A copy of plaintiff's letter was not received by this office until September 11, 2009.

For the foregoing reasons, it is respectfully requested that plaintiff's August 31, 2009 application for an Order compelling defendants to respond to his discovery demands be denied with respect to the City Defendants.

Respectfully submitted,

*Elizabeth W. Dollin*

Elizabeth W. Dollin
Assistant Corporation Counsel

cc:

**Via First Class Mail:**
Emerson Tucker
*Appearing Pro Se*
Inmate ID #2008000314
Division I, Unit G-I
2700 California Avenue
P.O. Box 089002
Chicago, IL 60608

**Via ECF**
Michael Louis Berry
*Attorney for Defendant American Broadcasting Companies, Inc.*
Levine Sullivan Koch & Schulz, LLP
2112 Walnut Street
Philadelphia, PA 19103

John B. Nance
*Attorney for Defendants City of Newark and Police Department of the City of Newark*
City of Newark Department of Law
920 Broad Street, Room 316
Newark, New Jersey 07102

Robert D. Balin
*Attorney for Defendant Daily News, L.P. s/h/a The New York Daily Newspaper*
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019

Keith J. Miller
*Attorney for Defendant Star-Ledger Newspaper of Newark, New Jersey*
Robinson, Wettre & Miller, LLC
One Newark Center
Newark, New Jersey 07102

Bruce Rosen
*Attorney for Defendants New York Times, Chicago Tribune Company, and*
*NBC Television*
McCusker, Anselmi, Rosen, Carvelli & Walsh, P.C.
210 Park Avenue South, Suite 301
P.O. Box 240
Florham Park, New Jersey 07932

Bart G. Van De Weghe
*Attorney for New York Post Newspaper*
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

Elizabeth W. Dollin
Assistant Corporation Counsel
E-mail: edollin@law.nyc.gov
Phone: (212)788-0542
Fax: (212) 788-9776

September 28, 2009

**By ECF**
Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court – District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: ***Emerson Tucker v. New York Police Dep't., et al.***, *08-civ-2156 (DMC)(MF)*

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant Detective Dexter Honora. I write at this time to respectfully request a stay of the within action pending the disposition of the homicide charges that have been lodged against the plaintiff in Illinois.

As the Court will recall, plaintiff, who is appearing *pro se,* alleges that he was falsely arrested on or about May 14, 2007 when NYPD Detectives Honora and "Steven" approached him in a grocery store in Newark, New Jersey and allegedly forced plaintiff to go with them to New York for questioning about a homicide. (Am. Compl. ¶¶ 60 – 65) The amended complaint is silent with respect to the outcome of the New York murder investigation. Plaintiff, however, was ultimately extradited to Illinois (Am. Compl. ¶¶ 101 – 103), where information and belief, he is presently being prosecuted for homicide.

It is well-established that a court is empowered with "discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." United States v. Kordel, 397 U.S. 1, 12 n. 27, (1970). Courts in this District have stayed § 1983 civil actions pending the outcome of a plaintiff's concurrent criminal matters. Warner v. Kozub, 05-2871 (JBS), 2007 U.S. Dist. LEXIS 3570 (D.N.J. Jan. 18, 2007). Factors to be considered in deciding whether to grant a stay include: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. Warner v. Kozub, 2007 U.S. Dist. LEXIS 3570, at * 6 (citing Pension Fund v. Transworld Mechanical, Inc. 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The strongest case for a stay of discovery in a civil case is if a criminal

indictment has been returned. <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd.</u>, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

An application of the <u>Walsh</u> factors to the instant matter tips in favor of staying the within action pending the outcome of the homicide case against plaintiff in Chicago. First, the issues in this civil action and the criminal action in Chicago overlap. Detective Honora's alleged wrongful conduct was done in connection with arresting the plaintiff for the murder of a young woman; plaintiff's pending criminal trial in Chicago is for the murder of another young woman. Additionally, the amended complaint contains allegations that Detective Honora wrongfully caused pictures of the plaintiff to be taken in connection with the homicide case in Chicago. (Am. Compl. ¶¶ 98 – 101) Thus, there is significant overlap between the within civil litigation and the pending criminal case.

Second, upon information and belief, a grand jury in Illinois has indicted plaintiff and he is currently awaiting trial in Chicago for homicide. The return of an indictment is important because the potential for self-incrimination is greatest while the potential harm of delay to a civil litigants is reduced to the promise of a speedy trial. <u>Walsh Securities, Inc.</u>, 7 F. Supp. 2d 523, 527. A court will generally stay a civil litigation proceeding when an indictment has been returned. See <u>In re Par Pharmaceutical, Inc.</u>, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

Third, it would benefit plaintiff to have this civil case stayed pending the outcome of the criminal trial in Chicago. This is because "the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." <u>Johnson v. N.Y. City Police Dep't</u>, 01 Civ. 6570 (RCC), 2003 U.S. Dist. LEXIS 12111, at * 4 (S.D.N.Y. July 15, 2003).

Fourth, a stay would also benefit Detective Honora. This is because the privilege against self-incrimination may be raised in civil as well as criminal proceedings and applies not only at trial, but during the discovery process as well. <u>S.E.C. v. Graystone Nash, Inc.</u>, 25 F. 3d 187, 190 (3d Cir. 1994). Thus, it is probable that plaintiff would invoke his Fifth Amendment rights during the discovery process in the instant case, including at his deposition. A stay of the civil litigation pending the outcome of the criminal matter would allow defendant Honora to depose the plaintiff unimpeded by plaintiff's assertion of the Fifth Amendment.

With respect to the fifth and sixth prongs of the <u>Walsh</u> test, a stay would serve the interests of both the Court and the public (of New Jersey and Illinois); both of whom have interests in the full and fair adjudication of civil and criminal matters.

Finally, a stay of the within action pending the outcome of the criminal matter in Chicago is appropriate because the outcome of that case may impact the damages, if any, available to the plaintiff in this civil litigation.

For the foregoing reasons, it is respectfully requested that this Court enter an Order staying the action of the within case pending the outcome of plaintiff's criminal matter.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____

Elizabeth W. Dollin
Assistant Corporation Counsel

cc:

**Via First Class Mail:**
Emerson Tucker
*Appearing Pro Se*
Inmate ID #2008000314
Division I, Unit G-I
2700 California Avenue
P.O. Box 089002
Chicago, IL 60608

**Via ECF**
All Defense Counsel of Record

- 3 -



**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Elizabeth W. Dollin
*Assistant Corporation Counsel*
*E-mail: edollin@law.nyc.gov*
*Phone: (212) 788-0542*
*Fax: (212) 788-9776*

December 17, 2009

**By ECF**
Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court – District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:  *Emerson Tucker v. New York Police Dep't., et al., 08-civ-2156 (DMC)(MF)*

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant NYPD Detective Dexter Honora.  On September 28, 2009, I wrote to the Court requesting that the within action be stayed pending the disposition of the homicide charges against the plaintiff in Illinois.  In light of information recently received from the New York County District Attorney ("DANY"), I write at this time in furtherance of that application for a stay of the within action.

        As an initial matter, DANY has recently advised this office that it will not release any documents relating to the criminal proceedings which give rise to the within litigation because there is an open homicide case pending against the plaintiff in New York State.[1]  DANY has further advised that the New York homicide matter will remain open until at least June 2010.[2]  Accordingly, because the New York homicide matter pending against the plaintiff is entirely relevant to plaintiff's false arrest claim against Detective Honora, it is respectfully asserted that the Court should stay the within litigation pending the resolution of that criminal matter.

        It is within the discretion of a court to stay a case if the interests of justice so require.  U.S. v. Kordel, 397 U.S. 1, 12 n.27 (1970).  In Wallace v. Kato, 549 U.S. 384 (2007),

---

[1] Plaintiff has asserted that he was falsely arrested by Detective Honora in Newark, New Jersey, in connection with a homicide committed within the confines of New York City.

[2] If required by the Court, this office will request DANY to provide an affidavit regarding the fact that the criminal matter pending against the plaintiff in New York remains open.

the Supreme Court addressed the issue of whether or not a stay is appropriate in cases such as this one. As the Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case is ended.

Wallace v. Kato, 549 U.S. at 393-94. See also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-717 (U.S. 1996) (federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding).

Courts in this District routinely stay civil cases where there are pending criminal proceedings. See Edwards v. State, 2009 U.S. Dist. LEXIS 94372, at * 11-12 (D.N.J. Oct. 7, 2009) (RMB) (plaintiff's § 1983 false arrest and false imprisonment claims stayed pending the resolution of the parallel criminal matter); Warner v. Kozub, 2007 U.S. Dist. LEXIS 3570 (D.N.J. Jan. 18, 2007) (JBS) (staying the case pending the outcome of the pro se plaintiff's criminal prosecution); Telfair v. Tandy, 2008 U.S. Dist. LEXIS 83462 (D.N.J. Oct. 20, 2008) (WJM) (because plaintiff's criminal proceedings were ongoing, plaintiff's false arrest claim stayed). Based on the well-settled law, the within action should be stayed pending the resolution of both the New York and Illinois homicide matters pending against the plaintiff.

It is further respectfully asserted that a stay is appropriate because, to date, this office has been unable to procure records relating to plaintiff's extradition from New York to Chicago. Upon information and belief, during plaintiff's extradition process, which went as far as the New York Appellate Court, plaintiff frequently challenged the legality of his "arrest." Upon further information and belief, no New York State Court ever gave credence to that argument. DANY has advised that, because the plaintiff's extradition is a resolved matter (unlike the pending homicide matters), it will provide this office with the extradition files but only upon receipt of an executed release from the plaintiff. Accordingly, this office recently requested that plaintiff provide a fully-executed release for the files relating to his extradition. It is anticipated that once this office receives plaintiff's release, it will take DANY approximately six weeks to produce the extradition files. Those extradition files may contain judicial rulings regarding the legality of the movement of plaintiff from Newark, New Jersey to New York City. If, in fact, such a determination has been made, plaintiff may be collaterally estopped from asserting a false arrest claim.

For the foregoing reasons, as well as the reasons set forth in my September 28, 2009 letter application, it is respectfully requested that the within civil case be stayed until the disposition of both the New York and Illinois criminal matters currently pending against the plaintiff.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____
Elizabeth W. Dollin
Assistant Corporation Counsel

cc:
**Via First Class Mail:**
Emerson Tucker
*Appearing Pro Se*
Inmate ID #2008000314
Division I, Unit G-I
2700 California Avenue
P.O. Box 089002
Chicago, IL 60608

**Via ECF**
All Defense Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------- x

EMERSON TUCKER, *Appearing Pro Se*

           Plaintiff,

       -against-

NYPD DETECTIVE DEXTER HONORA, et al. ,

           Defendants.

------------------------------------------------------------------------- x

**CERTIFICATION OF**
**FILING AND SERVICE**


08-2156 (DMC)(MF)

     I certify that, on December 17, 2009, I caused the attached Letter Application seeking a stay of the above-captioned action to be served upon counsel of record through the District Court's CM/ECF System.

     I further certify that, on the same date, true copies of the above-described papers were posted in the United States Post Office to Emerson Tucker, *Appearing Pro Se*, ID # 20080003014 (Div. 1G1), Cook County Jail, 2700 South California Avenue, P.O. Box 089002, Chicago, Illinois 60608.

            By:   _____ */s/ Elizabeth W. Dollin*_____
               Elizabeth W. Dollin


Dated:    December 17, 2009



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Elizabeth W. Dollin
Assistant Corporation Counsel
*E-mail: edollin@law.nyc.gov*
*Phone: (212) 788-0542*
*Fax: (212) 788-9776*

July 23, 2009

***By ECF***
Honorable Mark Falk
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: ***Emerson Tucker v. New York Police Dep't., et al.,*** *08-civ-2156 (DMC)(MF)*

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant Detective Dexter Honora ("Honora") in connection with the above-referenced matter. I write at this time in response to various communications recently submitted to the Court by plaintiff.

## A)    Plaintiff's June 20, 2009[1] Letter

**Plaintiff's Proposed Discovery Schedule:** In light of the logistical problems identified by plaintiff, including the delays that might result because of his upcoming homicide trial in Chicago, defendant Honora respectfully requests that discovery be stayed until such time as that criminal trial is completed.

Further, defendant Honora opposes plaintiff's suggestion of a discovery end date of December 10, 2010, not so much for the length of time sought by plaintiff (18 months) but because of the nature of the discovery plaintiff expects to take during that time. By way of example, in suggesting a discovery end date of December 10, 2010, plaintiff anticipates taking a significant number of depositions, including the depositions of two of his sisters, his brother-in-law, five nieces and nephews, his former criminal attorney, and that attorney's investigator. (See plaintiff's July 5, 2009 letter, pp. 8 – 11) If plaintiff, however, intends to depose defendant Honora and other members of the NYPD in addition to the aforementioned ten people, than,

---

[1] Although this letter is dated June 20, 2009, it was not postmarked until July 7, 2009 and not received by this office until July 13, 2009.

pursuant to Federal R. Civ. Pro. 30(a)(2)(A)(i), he would be required to obtain leave of the Court to do so. Additionally, to the extent the testimony of plaintiff's family members and criminal attorney would be related to plaintiff's alleged false arrest, such testimony would not be relevant nor likely to lead to the discovery of admissible evidence, inasmuch of none of those individuals were present during any of plaintiff's encounters with the NYPD. Without the depositions of plaintiff's family members and criminal attorney, discovery may be completed sooner than December 2010.

**Proposed Second Amended Complaint:** This office objects to plaintiff's request to file a second amended complaint to "place the real names from John/Jane Doe # 1, 2, 3, 4, 5, 7, and 8; and to add a few more counts and claims." (Pl. June 20, 2009 Letter, p. 2) This office also objects to plaintiff's request for permission to amend the caption to add Detective Stephano Braccini as a defendant in lieu of John Doe # 7. Defendant's objections are based on the fact that the applicable two-year statute of limitations has run and that plaintiff cannot meet the requirements for "relation back" under Fed. R. Civ. P. 15(c).

In determining the length of the statute of limitations for a § 1983 claim, courts must look to the state law statute of limitations for personal-injury torts. Jones v. City of Newark, 2007 U.S. Dist. LEXIS 90854, at * 9-10 (D.N.J. Dec. 10, 2007) citing Wallace v. Kato, 549 U.S. 384, 386 (2007). The applicable statute of limitations under New Jersey law is set forth in N.J. Stat. Ann. § 2A:14-2, which imposes a two-year limit on actions for personal injury torts. O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). Federal law, which dictates the accrual date of a § 1983 claim, specifies that the clock begins when "the plaintiff has a complete and present cause of action." Hurst v. Trader, 223 Fed. App'x 128, 131 (3d Cir. 2007) (holding that the statute of limitations runs from the date on which plaintiff knew or should have known of the injury forming the basis of the § 1983 action).

Here, plaintiff's false arrest and false imprisonment claims accrued on May 14, 2007, the date he was allegedly falsely arrested. See Phillip v. Wondrack, 2008 U.S. Dist. LEXIS 24456, 12-13 (D.N.J. Mar. 27, 2008) (plaintiff's 1983 claim for false arrest accrued, at the latest, when plaintiff was arrested); Stolinski v. Pennypacker, 2009 U.S. Dist. LEXIS 49551, 4-5 (D.N.J. June 11, 2009) (false imprisonment claims begin to accrue at the time of unlawful detention). Thus, the statute of limitations for plaintiff's false arrest and false imprisonment claims ran on May 14, 2009.

Moreover, the naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant. Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003). Thus, notwithstanding that plaintiff named John/Jane Does, because the statute of limitations for plaintiff's false arrest and false imprisonment claims expired on May 14, 2009, plaintiff should not be permitted to substitute the names of the individual officers, including Detective Braccini.

Further, the relation back provisions of Fed. R. Civ. P. 15(c) do not apply here. In order to permit relation back under Fed. R. Civ. Pro. 15(c), the party to be added must have received notice of the action such that it "will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c)(i). Here, there is no indication that, other than defendant Honora, any NYPD officer received notice of this action. Accordingly, to allow plaintiff to substitute the

names of NYPD officers for John/Jane Does would prejudice those individuals, including now-retired Detective Braccini, in defending against this action.

Defendant Honora further objects to plaintiff's application to amend his complaint to add "a few more counts and claims" inasmuch as plaintiff has not submitted a proposed pleading setting forth the good faith basis for such additional counts and claims.

**Plaintiff's Proposed Motions:**  Plaintiff identifies a number of motions he anticipates making during the pendency of this case.  Defendant Honora's objections to plaintiff's proposed motions are set forth below.  Further, defendant respectfully requests that, prior to making any motion, plaintiff be required to submit a pre-motion application to the Court setting forth the good faith basis for such motion.

**(1) Renewed Preliminary Injunction or Temporary Restraining Order:** Presumably plaintiff is referring to his previous application for a "preliminary injunction" or "restraining order" compelling the return of certain personal property.  Defendant Honora objects to any such motion because, by Order dated April 6, 2009, the Honorable Dennis M. Cavanaugh denied plaintiff's previous application for a temporary restraining order or preliminary injunction.  In denying plaintiff's application, Judge Cavanaugh found that the plaintiff had not sufficiently demonstrated irreparable harm.  (April 6, 2009 Order, pp. 2-3)

**(2) Second Set of Interrogatories:**  Federal Rule Civil Procedure provides that, unless stipulated or ordered by the Court, a party may serve no more than 25 interrogatories. Plaintiff has already served his First Set of Interrogatories, 25 in number, on defendant Honora. Plaintiff should not be permitted to serve additional interrogatories without showing good cause, including how the information sought is relevant to his claims.

**(3) Second Request for Production of Documents:**  Plaintiff has already served a First Request for the Production of Documents.  Many of plaintiff's document demands, however, are entirely objectionable and outside the scope of Fed. R. Civ. P. 34.  By way of example, plaintiff demanded, among other things, the production of a check in the amount of $7,192.  Clearly, a request for production of documents is not the appropriate mechanism to recoup money.[2]  Based on the nature of document demands already served by plaintiff, it is respectfully requested that, prior to plaintiff being permitted to serve additional requests for documents on defendant, plaintiff be required to file a submission setting forth the nature of the documents requested and the good faith basis for requesting those documents.

**(4) Second Request for Admissions:**  Plaintiff has already served 25 Requests for Admissions on defendant Honora, many of which were ambiguous or contained half truths. That notwithstanding, defendant responded to plaintiff's first request for admissions on July 8,

---

[2] As Judge Cavanaugh ruled in an Opinion entered on November 18, 2008, New York provides constitutionally adequate post-deprivation remedies with respect to property claims by prisoners. (Nov. 18, 2008 Opinion, p. 22)  There is no indication that plaintiff has availed himself of those remedies.

2009. Plaintiff should not be permitted to continue to serve requests for admissions on defendant without a good faith basis to do so.

**(5) Court-Appointed Experts:**  Plaintiff intends to file a motion seeking four court-appointed experts; one expert on the issue of "making arrests in general, and on coming across state lines into another State's jurisdiction to do it;" another expert on the use of force by police; a third expert for plaintiff's alleged post-traumatic stress disorder, and a fourth expert regarding the alleged denial of certain medications and medical care. Defendant Honora would object to any such motions. Pursuant to Fed. R. Evid. 706, a court has the authority to appoint an expert to testify at trial.   The exercise of Rule 706, however, "is rare under virtually any circumstances." Caliendo v. Trump Taj Mahal, 2007 U.S. Dist. LEXIS 23677, at *3 (D.N.J. Mar. 29, 2007) quoting Wright and Gold, Federal Practice and Procedure Evidence, § 6304, p. 469.   Moreover, experts are usually appointed only in exceptional cases that present unwieldy, complex or technical issues. Caliendo v. Trump Taj Mahal, 2007 U.S. Dist. LEXIS 23677, at *4. Here, the issues for which plaintiff will seek court-appointed experts are not overly wieldy, complex or technical such that would warrant the appointment of expert witnesses.   Lastly, plaintiff seeks to use these experts, which are intended to assist at trial, for his discovery purposes. If what plaintiff seeks is an expert to testify on his behalf at trial, he should retain the expert on his own and at his expense.

**(6) Motion For Sanctions for Non-Compliance With Court Orders, For an Order Compelling Defendant to Produce Discovery, and Plaintiff's Request for *In Camera* Inspection of Documents:**  Upon information and belief, there are no Court Orders with which defendant Honora is not in compliance.  Moreover, at this time, plaintiff has no good faith basis for any motion compelling discovery or requesting an *in camera* inspection.  As of this time, plaintiff has not indicated with specificity what documents the Court should review, nor has he provided any good faith basis for such a request.

**B)     Plaintiff's June 28, 2009 Letter**

Plaintiff moved for an Order enlarging the time within which he must respond to the interrogatories and request for production served by defendant Honora.  Defendant Honora does not object to plaintiff's requested enlargement of time to answer defendant Honora's discovery demands.

### Conclusion

For the foregoing reasons, defendant Honora respectfully requests (i) that plaintiff be limited to deposing only those individuals whose testimony would be relevant and likely to lead to the discovery of admissible evidence; (ii) that plaintiff's application for leave to file a Second Amended Complaint be denied in its entirety; and (iii) that prior to plaintiff being permitted to file any motion during the pendency of this litigation, he be required to submit a pre-motion application setting forth the good faith basis for any such motion.

Respectfully submitted,


_____/s/_____
Elizabeth W. Dollin
Assistant Corporation Counsel

cc:
**Via First Class Mail:**
Emerson Tucker
*Appearing Pro Se*
Inmate ID #2008000314
Division I, Unit G-I
2700 California Avenue
P.O. Box 089002
Chicago, IL 60608


**Via ECF**

Michael Louis Berry
*Attorney for Defendant American Broadcasting Companies, Inc.*
Levine Sullivan Koch & Schulz, LLP
2112 Walnut Street
Philadelphia, PA 19103

John B. Nance
*Attorney for Defendants City of Newark and Police Department of the City of Newark*
City of Newark Department of Law
920 Broad Street, Room 316
Newark, New Jersey 07102

Robert D. Balin
*Attorney for Defendant Daily News, L.P. s/h/a The New York Daily Newspaper*
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019

Print

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 10-1892

Emerson Tucker _____ vs. The Tribune Company _____

## ENTRY OF APPEARANCE

Please the list names of **all** parties represented, using additional sheet(s) if necessary:

The Tribune Company d/b/a Chicago Tribune Co. (erroneously named Chicago Tribune Newspaper)

Indicate the party's role IN THIS COURT (check <u>only</u> one):

_____ Petitioner(s)    _____ Appellant(s)    _____ Intervenor (s)

_____ Respondent(s)    ✓ Appellee(s)    _____ Amicus Curiae

(Type or Print) Counsel's Name  Bruce S. Rosen

✓ Mr.    Ms.    Mrs.    Miss

Firm  McCusker, Anselmi, Rosen & Carvelli, P.C.

Address  210 Park Avenue, Suite 301

City, State, Zip Code   Florham Park, New Jersey 07932

Phone  (973 )  635-6300 _____    Fax (973) 635-6363

**Primary E-Mail Address (required)**  brosen@marc-law.com

**Additional E-Mail Address (1)**_____
**Additional E-Mail Address (2)**_____
Notices generated from the Court's ECF system will be sent to both the primary e-mail and additional e-mail addresses. *YOU ARE LIMITED TO TWO ADDITIONAL E-MAIL ADDRESSES.*

## SIGNATURE OF COUNSEL: _____

COUNSEL WHO FAILS TO FILE AN ENTRY OF APPEARANCE WILL NOT BE ENTITLED TO RECEIVE NOTICES OR COPIES OF DOCUMENTS INCLUDING BRIEFS AND APPENDICES UNTIL AN APPEARANCE HAS BEEN ENTERED.

ONLY ATTORNEYS WHO ARE MEMBERS OF THE BAR OF THE COURT OF APPEALS FOR THE THIRD CIRCUIT OR WHO HAVE SUBMITTED A PROPERLY COMPLETED APPLICATION FOR ADMISSION TO THIS COURT'S BAR MAY FILE AN APPEARANCE FORM. (BAR ADMISSION IS WAIVED FOR FEDERAL ATTORNEYS.)

*IT IS IMPORTANT THAT ALL REQUESTED INFORMATION BE PROVIDED AND THAT COUNSEL SIGN THE FORM IN THE APPROPRIATE AREA.*

This entry of appearance must be served on all parties.

REV. 10/16/09

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, the foregoing was electronically filed with the Clerk for the United States Court of Appeals for the Third Circuit, using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Balin, Robert D.
Bennett, James M.
Berry, Michael L.
Dollin, Elizabeth W.
Miller, Keither J.
Mlynar, Theodore J.
Nance, John B.
Kay, Edward M.
Ruddy, Alan
Simon, Ruth V.
Van De Weghe, Bart G.


And the following party is being served via U.S. Mail:

Emerson Tucker
#20080003014 (Div. 1G1)
Cook County Jail
2700 South California Avenue
P.O. Box 089002
Chicago, IL 60608

s/ Bruce S. Rosen

Case: 10-1892   Document: 003110291981   Page: 44   Date Filed: 01/07/2011

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## No. 10-1892

Emerson Tucker _____ vs. New York Police Department, et al

## ENTRY OF APPEARANCE

Please the list names of **all** parties represented, using additional sheet(s) if necessary:

City of Chicago, Chicago Police Department, Superintendent Jody Weiss, Detective "Carlo" and Detective John Climack

Indicate the party's role IN THIS COURT (check <u>only</u> one):

_____ Petitioner(s)     _____ Appellant(s)     _____ Intervenor (s)

_____ Respondent(s)     ✓ Appellee(s)     _____ Amicus Curiae

(Type or Print) Counsel's Name   Kimberly A. Hartman

Mr.          ✓ Ms.          Mrs.          Miss

Firm  Clausen Miller, P.C.

Address  10 South LaSalle Street

City, State, Zip Code   Chicago, IL 60603

Phone  (312 ) 606-7457               Fax (312) 606-7777

**Primary E-Mail Address (required)** khartman@clausen.com

**Additional E-Mail Address (1)** rsimon@clausen.com

**Additional E-Mail Address (2)**

Notices generated from the Court's ECF system will be sent to both the primary e-mail and additional e-mail addresses. *YOU ARE LIMITED TO TWO ADDITIONAL E-MAIL ADDRESSES.*

## SIGNATURE OF COUNSEL

COUNSEL WHO FAILS TO FILE AN ENTRY OF APPEARANCE WILL NOT BE ENTITLED TO RECEIVE NOTICES OR COPIES OF DOCUMENTS INCLUDING BRIEFS AND APPENDICES UNTIL AN APPEARANCE HAS BEEN ENTERED.

ONLY ATTORNEYS WHO ARE MEMBERS OF THE BAR OF THE COURT OF APPEALS FOR THE THIRD CIRCUIT OR WHO HAVE SUBMITTED A PROPERLY COMPLETED APPLICATION FOR ADMISSION TO THIS COURT'S BAR MAY FILE AN APPEARANCE FORM. (BAR ADMISSION IS WAIVED FOR FEDERAL ATTORNEYS.)

## *IT IS IMPORTANT THAT ALL REQUESTED INFORMATION BE PROVIDED AND THAT COUNSEL SIGN THE FORM IN THE APPROPRIATE AREA.*

This entry of appearance must be served on all parties.

REV. 10/16/09

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2010, the foregoing was electronically filed with the Clerk for the United States Court of Appeals for the Third Circuit, using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Balin, Robert D.
Paul Berks
Berry, Michael L.
Gary S. Lipshutz
Slade R. Metcalf
Miller, Keith J.
Elizabeth S. Natrella
Rosen, Bruce S.
Ruddy, Alan

and the following party is being served via U.S. Mail:

Emerson Tucker
#20080003014 (Div. 1G1)
Cook County Jail
2700 South California Avenue
P.O. Box 089002
Chicago, IL 60608

s/Kimberly A. Hartman



# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 10-1892 _____

Tucker _____ vs. New York Police Dep't, et. al _____

## ENTRY OF APPEARANCE

Please the list names of **all** parties represented, using additional sheet(s) if necessary:

Rod Blagojevich _____

Indicate the party's role IN THIS COURT (check <u>only</u> one):

_____ Petitioner(s)     _____ Appellant(s)     _____ Intervenor (s)

_____ Respondent(s)     ✓ Appellee(s)     _____ Amicus Curiae

(Type or Print) Counsel's Name  Paul Berks _____

✓ Mr.          Ms.          Mrs.          Miss

Firm  Office of the Illinois Attorney General _____

Address  100 W. Randolph Street, 12th Floor _____

City, State, Zip Code  Chicago, IL 60601 _____

Phone  (312 )814-2575 _____     Fax (312) 814-2275 _____

**Primary E-Mail Address (required)** pberks@atg.state.il.us _____

**Additional E-Mail Address (1)** _____
**Additional E-Mail Address (2)** _____
Notices generated from the Court's ECF system will be sent to both the primary e-mail and additional e-mail addresses. *YOU ARE LIMITED TO TWO ADDITIONAL E-MAIL ADDRESSES.*

## SIGNATURE OF COUNSEL: _____

COUNSEL WHO FAILS TO FILE AN ENTRY OF APPEARANCE WILL NOT BE ENTITLED TO RECEIVE NOTICES OR COPIES OF DOCUMENTS INCLUDING BRIEFS AND APPENDICES UNTIL AN APPEARANCE HAS BEEN ENTERED.

ONLY ATTORNEYS WHO ARE MEMBERS OF THE BAR OF THE COURT OF APPEALS FOR THE THIRD CIRCUIT OR WHO HAVE SUBMITTED A PROPERLY COMPLETED APPLICATION FOR ADMISSION TO THIS COURT'S BAR MAY FILE AN APPEARANCE FORM. (BAR ADMISSION IS WAIVED FOR FEDERAL ATTORNEYS.)

## *IT IS IMPORTANT THAT ALL REQUESTED INFORMATION BE PROVIDED AND THAT COUNSEL SIGN THE FORM IN THE APPROPRIATE AREA.*

This entry of appearance must be served on all parties.

REV. 10/16/09

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, the foregoing was electronically filed with the Clerk for the United States Court of Appeals for the Third Circuit, using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Balin, Robert D.
Bennett, James M.
Berry, Michael L.
Dollin, Elizabeth
Kay, Edward M.
Lipshutz, Gary S.
Metcalf, Slade R.
Miller, Keither J.
Mlynar, Theodore J.
Nance, John B.
Natrella Elizabeth S.
Rosen, Bruce S.
Ruddy, Alan
Simon, Ruth V.
Van De Weghe, Bart G.

And the following party is being served via U.S. Mail:

Emerson Tucker
#20080003014 (Div. 1G1)
Cook County Jail
2700 South California Avenue
P.O. Box 089002
Chicago, IL 60608

_Rita Maldonado_

SUBSCRIBED and SWORN to before me
this 23rd day of April, 2010.

_Sharrone' Cook_
NOTARY PUBLIC

OFFICIAL SEAL
**SHARRONE' COOK**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-22-2011