IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------- x
                                               :  Chapter 11
In re:                                         :
                                               :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                       :
                                               :  Jointly Administered
         Debtors.                              :
                                               :  **Hearing Date: 10/22/2010 at 10:00 a.m.**
                                               :
                                               :  **Re: D.I. 3281, 5698, 5922**
---------------------------------------------- x

## OBJECTION OF MERRILL LYNCH TO SUPPLEMENT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE AND SETTLE CLAIMS AND COUNTERCLAIMS OF THE DEBTORS' ESTATES AND IN RESPONSE TO THE LIMITED OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP

Merrill Lynch Capital Corporation ("MLCC") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S", and together with MLCC, "Merrill Lynch"), by their attorneys Kaye Scholer LLP and Potter, Anderson and Corroon LLP, submit this (1) objection (the "Objection") to the Supplement (the "Supplement") to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates (the "Motion"), including leave, standing and authority to file the complaint (the "Complaint") annexed to the Supplement as Exhibit A,[1] and (2) response to the Limited Objection of Aurelius

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Supplement.

Capital Management, LP ("Aurelius") to the Supplement and the Motion, and respectfully states as follows:[2]

**PRELIMINARY STATEMENT**

1.  Merrill Lynch does not object to the Court granting standing to the Official Committee of Unsecured Creditors (the "Committee") to pursue colorable, appropriate claims on behalf of the Debtors' estates. However, Merrill Lynch objects to the Motion and the Supplement on the grounds that certain claims and allegations in the Complaint are defective and, therefore, the Motion and the Supplement should be denied insofar as the Committee seeks standing to file the Complaint annexed to the Supplement as Exhibit A.[3]

2.  While some of Merrill Lynch's objections ordinarily would be raised on a motion to dismiss, in view of the Committee's statute of limitations concerns, we raise the objections here to afford the Committee an opportunity to remedy the Complaint's defects and name the proper parties as defendants prior to the expiration of the statute of limitations for asserting estate claims.[4]

---

[2] Merrill Lynch incorporates by reference the February 11, 2010 Joinder of Merrill Lynch Capital Corporation to J.P. Morgan Chase Bank, N.A.'s Response to the Motion [D.I. No. 3368].

[3] Merrill Lynch denies all of the claims asserted against it in the Complaint and reserves its right to respond specifically to the allegations set forth in the Motion, the Supplement and the Complaint or any other complaint asserting claims against Merrill Lynch.

[4] The Committee avers that although it is committed to the mediation process before the Honorable Kevin Gross, United States Bankruptcy Judge, it filed the Supplement because it is concerned that valuable estate claims will be lost by the passage of the December 8, 2010 statutory deadline imposed by section 546(a)(2) of the Bankruptcy Code. To alleviate the Committee's concern about the expiration of the filing deadline, Merrill Lynch is willing to enter into a tolling agreement with the Committee. However, because it would behoove the Committee -- prior to the expiration of the statute of limitations -- to bring its claims against the individual lenders to the Bridge Facility and not merely Merrill Lynch, the former administrative agent under the Bridge Facility, a tolling

2

3. First, the Complaint is defective because it seeks to sue MLCC as "Administrative Agent" to avoid all obligations owed by the Debtors under a $1.6 billion Senior Unsecured Interim Loan Agreement (the "Bridge Facility"). However, as the Committee is aware, MLCC has not been the administrative agent under the Bridge Facility since April 26, 2010, when Wells Fargo Bank, N.A. ("Wells Fargo") assumed that position. Because MLCC is no longer the administrative agent under the Bridge Facility, the Complaint is defective, *inter alia*, because it names and seeks relief from the wrong entity, *i.e.*, MLCC.

4. The Complaint is also defective because the Committee seeks to recover all fees and interest payments related to the Bridge Facility from MLCC solely because MLCC was the administrative agent under the Bridge Facility. However, it is well established that a party that facilitates the passing of property to another party is a "mere conduit" and may not be sued as a transferee of a fraudulent transfer. As the administrative agent, MLCC was a "mere conduit" for the Bridge Facility fees and payments that it passed on to other parties. MLCC, therefore, cannot be sued as administrative agent for the recovery of funds that were paid to other lenders.

5. At the Committee's request, Merrill Lynch has provided the Committee with information as to the identity of the lenders that received fees and interest payments under the Bridge Facility. If the Committee seeks to recover all fees and interest payments related to the Bridge Facility, it would behoove the Committee to revise the Complaint now -- prior to the expiration of the statute of limitations -- to name the individual lenders that actually received the fees and interest payments as defendants.

6. Finally, Merrill Lynch objects to the request of Aurelius that the Committee be allowed to assert additional causes of action and name additional defendants without any further

---

agreement with Merrill Lynch will not resolve the statute of limitations concerns raised by the Committee.

notice or Court order. Aurelius's request is a blatant attempt to circumvent the requirement that the Committee be granted standing to pursue only colorable claims. In addition, the relief requested by Aurelius could violate Fed. R. Bankr. P. 7015, which prohibits a plaintiff from amending its complaint without written consent of the other parties or court order except under limited circumstances.[5]

## I. The Complaint Improperly Seeks To Sue MLCC, The Former Administrative Agent Under The Bridge Facility, To Avoid The Bridge Facility Obligations

7. The Complaint erroneously names MLCC as the administrative agent under the Bridge Facility. *See* Compl. ¶ 14. Based on that error, the Committee wrongly seeks to sue MLCC, the **former** administrative agent under the Bridge Facility, to avoid the Debtors' obligations under the Bridge Facility. *See id.* ¶¶ 129-53 (Counts I, II and III).

8. The Bridge Facility clearly states that a successor administrative agent succeeds to and becomes vested with all the rights, powers, discretion, privileges and duties of the retiring administrative agent. *See* Bridge Facility § 7.06. Further, the Bridge Facility provides that the retiring administrative agent shall be discharged from its duties and obligations under the Bridge Facility. *Id.*

9. MLCC has not been the administrative agent under the Bridge Facility since April 26, 2010, when Wells Fargo Bank, N.A. ("Wells Fargo") became the administrative agent. *See* Exhibit A, Letter from Required Lenders under the Bridge Facility to MLCC Agency Services dated April 26, 2010. Moreover, Wells Fargo has been actively participating in these cases as the successor administrative agent under the Bridge Facility. *See, e.g.*, Wells Fargo's Limited Objection to Motion (Docket No. 5910).

---

[5] Bankruptcy Rule of Procedure 7015 permits amendment of a complaint once as a matter of course only within 21 days after serving it or 21 days after a responsive pleading or motion under Bankruptcy Rule of Procedure 12(b), (e) or (f), whichever is earlier.

4

10. To the extent the Committee now seeks to avoid the Company's obligations under the Bridge Facility, MLCC is not the proper party to sue. *See, e.g., Germain v. Ramirez Food Corp.*, 2006 WL 211705 (N.Y. App. Div. 2006) (complaint properly dismissed where loan agreement at issue was with non-defendant party); *McGee v. Bells Supermarket*, 177 A.D.2d 975 (N.Y. App. Div. 1991) (complaint properly dismissed when plaintiff incorrectly sued an affiliate, rather than the correct party; even though service of process made, defendant was under no obligation to correct the misnomer).

11. In view of the impending expiration of the statute of limitations and the fact that MLCC is not the administrative agent of the Bridge Facility, it would behoove the Committee to revise the Complaint to assert claims for avoidance of the obligations under the Bridge Facility against the current lenders and administrative agent.

## II. The Complaint Is Defective Because It Seeks To Recover All Bridge Facility Fees And Interest Payments From MLCC, A Mere Conduit

12. The Complaint is also defective because it seeks to recover all fees and interest payments related to the Bridge Facility from MLCC, as administrative agent. *See* Compl. ¶¶ 129-159 (Counts I-V and VII). Even if there were a basis to avoid such fees and interest payments (which there is not), those transfers cannot be recovered from MLCC because, as former administrative agent to the Bridge Facility, MLCC was only a mere conduit -- not the initial transferee -- of those payments. Therefore, to the extent the Committee seeks disgorgement of fees and interest payments related to the Bridge Facility, it would behoove the

Committee -- prior to the occurrence of the statute of limitations -- to name the lenders to which the fees and interest payments were made, not MLCC as administrative agent.[6]

13. Section 550(a) of the Bankruptcy Code allows recovery of an avoided transfer only from (1) an initial transferee or the entity for whose benefit such transfer was made or (2) any immediate or mediate transferee of the initial transferee. *See* 11 U.S.C. § 550(a) (2010). Although "initial transferee" and "immediate or mediate transferee" in Section 550 are not defined in the Bankruptcy Code, every circuit that has confronted the issue has consistently held that a party is not an initial transferee if it is a "mere conduit" -- a party that receives property solely for another and merely facilitates the passing of that property to the other party. *See, e.g., Christy v. Alexander & Alexander's of New York, Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 56-58 (2d Cir. 1997); *Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Properties Limited Partnership)*, 99 F.3d 151, 154-55 (4th Cir. 1996); *Bonded Fin. Servs., Inc. v. European American Bank*, 838 F.2d 890, 893 (7th Cir. 1988).

14. The Bankruptcy Court for the District of Delaware similarly has held that a party who acts as a mere conduit in receiving a transfer solely for another and not for its own benefit is not subject to liability. *See Broadway Advisors, LLC v. Hipro Elecs. (In re Gruppo Antico, Inc.)*, 359 B.R. 578, 584-85 (Bankr. D. Del. 2007) (Carey, J.). Thus, this Court has on a number of occasions explained that a "mere conduit" is one that lacks dominion and control over the transfer because the payment simply passes through its hands and it has no power to redirect the funds to its own use. *Gruppo Antico*, 359 B.R. at 585; *see Mervyn's LLC v. Lubert-Alder Group*

---

[6] The Committee has requested and Merrill Lynch has provided the identity and contact information of each lender to which MLCC, in its capacity as former administrative agent, forwarded interest payments and fees.

6

*IV, LLC (In re Mervyn's Holdings, LLC)*, 426 B.R. 96, 103 (Bankr. D. Del. 2010); *Burch v. Stylish Move Sportswear Inc. (In re Factory 2-U Stores, Inc.)*, 2007 WL 2698207, *3 (Bankr. D. Del. Sept. 11, 2007) (Carey, J.).

15. MLCC's role as the administrative agent in the transfers was as a financial intermediary, without legal title to all of the Bridge Facility fees and interest payments that the Company made on the Bridge Facility. *See Bonded*, 838 F.2d at 893. The Company deposited payments into specially designated accounts created by MLCC at The Bank of New York, which were separate and distinct from accounts that MLCC had for its own use. The funds in those accounts were then distributed by the Bank of New York to the lenders of record.

16. Finally, MLCC, as administrative agent, was legally obligated to distribute the Bridge Facility fees and interest payments it received from the Company and had no discretion under the Bridge Facility to use the funds as it wished; the fact that the funds were temporarily deposited into specifically designated accounts did not give MLCC dominion or control of the funds.[7] *See Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1205 (10th Cir. 2002); *Milner v. Paul (In re Moon)*, 385 B.R. 541, 553 (Bankr. S.D.N.Y. 2008); *Finley*, 1390 F.3d at 59.

17. Thus, the Complaint is defective inasmuch as it seeks to hold MLCC, as administrative agent, liable for disgorgement of all Bridge Facility fees and interest payments. In view of the impending expiration of the statute of limitations and the fact that MLCC is not liable for all Bridge Facility fees and interest payments, it would behoove the Committee to amend the Complaint before it is filed to assert claims against the lenders that received the Bridge Facility fees and interest payments.

---

[7] Section 2.13 of the Bridge Facility dictates that the administrative agent promptly distribute funds relating to payments the Company made for the lenders of record.

### III. Aurelius's Request to Authorize the Committee to Amend the Complaint to Add New Defendants and Assert Additional Causes of Action Without Further Notice or Court Order Should be Rejected

18. In its limited objection, Aurelius requested that the Committee be allowed to name new defendants and assert additional causes of action without any further notice or Court order. *See* Limited Objection of Aurelius at 5-6. Aurelius's request should be rejected as it is a patent attempt to circumvent the requirement that the Court first consider whether the Committee's claims are colorable before granting derivative standing. *See Official Comm. of Asbestos Claimants v. Bank of New York (In re G-I Holdings, Inc.)*, 2006 WL 1751793, at *5 n. 14, *15 (D.N.J. 2006) (before granting derivative standing, court is required to evaluate colorability of each claim and perform cost-benefit analysis that considers likelihood of success and amount that could reasonably be expected to be recovered against anticipated delay and expenses to estate of prosecuting proposed action); *Official Comm. of Unsecured Creditors of Grand Eagle Cos., Inc. v. ASEA Brown Boveri, Inc.*, 313 B.R. 219, 225 229 (N.D. Ohio 2004) (denying standing because fraudulent transfer claim was not colorable where committee could not show that debtor did not receive reasonably equivalent value); *Official Comm. of Unsecured Creditors of America's Hobby Center, Inc. v. Hudson United Bank (In re America's Hobby Center)*, 223 B.R. 275, 282, 288 (Bankr. S.D.N.Y. 1998) (committee did not establish colorable basis for pursuing equitable estoppel and marshaling claims, even though other claims were colorable).

19. Moreover, the relief requested by Aurelius could violate Fed. R. Bankr. P. 7015, which prohibits a plaintiff from amending its complaint without written consent of the other parties or court order, except under limited circumstances.

**WHEREFORE**, Merrill Lynch respectfully requests that this Court deny the Motion.

POTTER ANDERSON & CORROON LLP

/s/ Laurie Selber Silverstein
Laurie Selber Silverstein (DE Bar No. 2396)
R. Stephen McNeill (DE Bar No. 5210)
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000

-and-

KAYE SCHOLER LLP
Madlyn Gleich Primoff
Jane W. Parver
Joseph M. Drayton
425 Park Avenue
New York, New York 10022

*Counsel for Merrill Lynch Capital Corporation* and *Merrill Lynch, Pierce, Fenner & Smith Incorporated*\

Dated: October 19, 2010
986623/33740