# EXHIBIT A

-14956 v1-LALANKFO

US_ACTIVE-60014956.1-LALANKFO 8/11/10 11:55 AM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, *et al.*,[1] ) | Case No. 08-13141 (KJC) |
| ) | Jointly Administered |
| Debtors. ) | |

## AFFIDAVIT OF JOHN D. SHUGRUE IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER EXPANDING THE SCOPE OF RETENTION AND EMPLOYMENT OF REED SMITH LLP AS COUNSEL TO THE DEBTORS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (N/A); KIAH Inc, (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss.: |
| COUNTY OF COOK | ) |

JOHN D. SHUGRUE, being duly sworn, upon his oath, deposes and says:

1. I am admitted to practice in the State of Illinois and am a partner in the law firm of Reed Smith LLP, which maintains an office for the practice of law at 10 South Wacker Drive, Chicago, Illinois 60606. I am an attorney-at-law, duly admitted and in good standing to practice in the courts of the State of Illinois, the United States Courts of Appeals for the Fifth Circuit and the Seventh Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, the Western District of Michigan and the Eastern District of Wisconsin. Unless otherwise stated in this declaration, and except for facts stated herein that are matters of public record, I have personal knowledge of the facts set forth herein.

2. I make this Affidavit in support of the application of Tribune Company, *et al.* (collectively the "Debtors") for an order expanding the scope of Reed Smith's employment and retention as counsel for the Debtors, nunc pro tunc to August 20, 2010, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of Reed Smith pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

3. For approximately ten years, I have rendered legal services to the Debtors and their affiliates in most, if not all, aspects of their insurance coverage legal works and needs.

4. Specifically, in 2000, I began representing the Debtors in connection with various legal matters involving insurance coverage claims and issues.

5. After the filing of the Debtors' bankruptcy cases in 2008, the Debtors sought this Court's approval to retain Reed Smith as its special counsel for insurance coverage legal matters so that Reed Smith could continue to provide legal service with respect to various

insurance coverage issues involving the Debtors during their bankruptcy case. This Court granted the Debtors' original application to retain Reed Smith as special counsel for insurance coverage legal matters in an Order dated February 3, 2009. Since then, and up to and including the present date, Reed Smith has served the Debtors in its approved capacity as special counsel for insurance coverage legal matters.

6. The Debtors currently seek to expand their authorized retention of Reed Smith, subject to the oversight and orders of this Court, so that Reed Smith may provide counsel to and/or otherwise represent the Debtors relating to certain discrete human resources and employee-related matters arising in the ordinary course of the Debtors' business at certain of the Debtors' business units (the "Employee-Related Matters").

7. I do not hold or represent and, to the best of my knowledge and information, no other attorney of Reed Smith holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Reed Smith's retention is sought. Insofar as Reed Smith has been able to ascertain, neither I, nor Reed Smith, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, apart from Reed Smith's already-approved role as special counsel for insurance coverage legal matters to the Debtors and except as may already be set forth in (i) the Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules in Support of Application for an Order Authorizing the Debtors and Debtors In Possession to Employ and Retain Reed Smith LLP as Special Counsel for Insurance Coverage Legal Matters Pursuant to 11 U.S.C. § 327(e) Nunc Pro Tunc to the Petition Date (the "Shugrue First Declaration") (attached

to D.I. 145) and (ii) the Supplemental Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP, Special Counsel for Insurance Coverage Legal Matters, Submitted in Connection With Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.*, Be Made Applicable to Chapter 11 Cases of Chicago National League Ball Club, LLC (the "Shugrue Second Declaration") (D.I. 2487). The additional matters for which Reed Smith seeks approval to be retained do not create any additional connections not already disclosed in my prior declarations.

8. I am not related and, to the best of my knowledge after inquiry of Reed Smith's members, counsel and associates, no other attorney of Reed Smith is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

9. In matters unrelated to this case, Reed Smith has in the past represented, currently represents, and likely in the future will represent certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, sureties, lessors and customers, together with certain co-defendants and other parties to litigation with the Debtors (all as identified in the Shugrue First Declaration and the Shugrue Second Declaration).

10. Reed Smith intends to apply to the Court for compensation for professional services rendered in connection with its work on behalf of the Debtors, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Rules and any Orders of the Court. Reed Smith will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Reed Smith, subject to periodic

adjustments, plus reimbursement of actual and necessary expenses and other charges that Reed Smith incurs. The primary members of Reed Smith who will be handling the Employee-Related Matters and their current standard hourly rates are:

| **Attorney** | **Hourly Rate** |
|---|---|
| John D. Shugrue | $535/hr. |
| Steven A. Miller | $660/hr. |
| Robert O'Meara | $480/hr. |

11.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which Reed Smith's retention is sought. Reed Smith's rates are set at a level designed to compensate Reed Smith fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Reed Smith's policy to charge its clients in all areas of practice for such additional expenses as telecopier, toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Reed Smith will charge the Debtors for these expenses in a manner and at rates consistent with the charges generally made to Reed Smith's other clients. Reed Smith believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

12.     No promises have been received by Reed Smith as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

Reed Smith has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

_____
John D. Shugrue

Sworn to before me this

21st day of October, 2010

_____

"OFFICIAL SEAL"
JUDITH B. STEVENSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/13/2012