# **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 1650, 1725, 2331, 2334, 2470 and 5888** |

## SUPPLEMENTAL DECLARATION AND DISCLOSURE (SECOND) OF JOHN R. FEORE ON BEHALF OF DOW LOHNES PLLC IN SUPPORT OF SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE RETENTION OF DOW LOHNES PLLC TO INCLUDE SERVICES RELATING TO CERTAIN BROADCAST CONTRACT MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107 *NUNC PRO TUNC* TO SEPTEMBER 15, 2010

JOHN R. FEORE declares as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      I am a member of the firm of Dow Lohnes PLLC ("Dow Lohnes") which maintains

offices for the practice of law at 1200 New Hampshire Ave., NW, Suite 800, Washington, D.C.

20036-6802.  I am duly licensed in and am a member in good standing of the bar for the District

of Columbia, have personal knowledge of the matters set forth herein and, if called as a witness,

would testify competently thereto.

2.      By Order dated July 14, 2009, and as amended on October 14, 2009, this Court

authorized the retention of Dow Lohnes as special regulatory counsel to the debtors and debtors-

in-possession (the "Debtors") in these Chapter 11 cases.  [Doc. 1725, 2334].  In support of Dow

Lohnes' retention, I submitted an original declaration (the "Original Declaration") [Doc. 1650].

3.      On October 12, 2009, Chicago National League Baseball Club, LLC ("CNLBC") filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On October 14, 2009, the

Court entered and order, (the "CNLBC Order") [Doc. 2333], directing that the chapter 11 case of

CNLBC be jointly administered with the cases of the other Debtors.

4.      On November 2, 2009, I submitted a First Supplemental Declaration and Disclosure so

that the retention of Dow Lohnes could be extended to CNLBC if needed (the "First

Supplemental Declaration") [Doc. 2470].

5.      I now submit this Supplemental Declaration and Disclosure (Second) in support of the

Supplemental Application for an Order Modifying the Scope of the Retention of Dow Lohnes

PLLC to Include Services Relating to Certain Broadcast Contract Matters Pursuant to 11 U.S.C.

§§ 327(e) and 1107 *Nunc Pro Tunc* to September 15, 2010, filed on October 4, 2010 [Doc.

5888], and to comply with sections 328, 329 and 504 of the Bankruptcy Code, Rules 2014(a),

2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

## SERVICES TO BE RENDERED

6.     The Debtors have requested that Dow Lohnes advise and assist in connection with issues concerning retransmission and distribution agreements with cable and satellite companies that carry the Debtors' broadcast stations, "superstation" WGN America, and Chicago cable news station CLTV to consumers (the "Broadcast Contract Matters").  These services are related to the Debtors' ongoing broadcast businesses, and hence complement the Broadcast Regulatory Matters for which Dow Lohnes was originally retained by the Debtors.

7.     The Broadcast Contract Matters represent a highly specialized area of the law in which Dow Lohnes has extensive experience and expertise.

8.     As of the filing of the Supplemental Application, the Debtors and Dow Lohnes had begun to undertake the initial planning and preparatory steps related to Dow Lohnes's performance of services relating to the Broadcast Contract Matters, and the services rendered by Dow Lohnes prior to the date of the Supplemental Application were preliminary in nature and on a limited basis.  As a result of the Debtors' request that Dow Lohnes commence providing services relating to the Broadcast Contract Matters prior to the filing of the Supplemental Application, Dow Lohnes had incurred approximately $6,500 in fees between September 15, 2010 and September 30, 2010, and Dow Lohnes has agreed to waive all fees relating to the Broadcast Contract Matters incurred prior to September 15, 2010.

## STATEMENT OF CONNECTIONS

9.      My prior Original Declaration and First Supplemental Declaration are expressly

incorporated herein by reference.

10.     I have read the Supplemental Application for an Order Modifying the Scope of the

Retention of Dow Lohnes PLLC to Include Services Relating to Certain Broadcast Contract

Matters Pursuant to 11 U.S.C. § § 327(e) and 1107 *Nunc Pro Tunc* to September 15, 2010 and, to

the best of my knowledge and belief, the contents thereof and this Supplemental Declaration

(Second) are true and correct.

11.     Furthermore, insofar as I have been able to ascertain after reasonable inquiry, neither the

firm of Dow Lohnes, any member or associate thereof, nor I, insofar as I have been able to

ascertain, represents any interest adverse to that of the Debtors' estates in the supplemental

matters upon which the Debtors seek to retain Dow Lohnes, by reason of any direct or indirect

relationship to, connection with, or interest in, the Debtors, or for any other reason..  In addition,

I reaffirm that Dow Lohnes continues to represent no interest adverse to that of the Debtors'

estates in the matters upon which the Debtors have previously retained Dow Lohnes.

12.     While Dow Lohnes has undertaken, and continues to undertake, extensive efforts to

identify connections with the Debtors and other parties in interest, it is possible that connections

with some parties in interest have not yet been identified.  If Dow Lohnes, through its continuing

efforts, should learn of any new connection of the nature described herein, Dow Lohnes will so

advise the Court.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21 day of October, 2010, at Washington D.C.