# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 145, 326, 2487 and  5872, 6003 |

## ORDER MODIFYING THE SCOPE OF THE RETENTION AND EMPLOYMENT OF REED SMITH LLP TO INCLUDE SERVICES RELATING TO CERTAIN EMPLOYMENT MATTERS, *NUNC PRO TUNC* TO AUGUST 27, 2010

Upon the Supplemental Application (the "Supplemental Application") of the Debtors[2] seeking entry of an order under section 327(e) of the Bankruptcy Code which expands the scope of the Debtors' employment and retention of Reed Smith LLP to include the matters set forth in the Supplemental Application; and it appearing that the relief requested is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Application.

interests of the Debtors' estates and their creditors and other parties in interest; and in appearing that this is a core matter under 28 U.S.C. § 157; and it appearing that Reed Smith does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Reed Smith is to be employed; and it appearing that the terms and conditions of Reed Smith's employment as further described in the Supplemental Application are reasonable; and adequate notice having been given of the Supplemental Application; and good and sufficient cause existing to grant the Supplemental Application, it is hereby:

ORDERED, that the Supplemental Application is GRANTED; and it is further

ORDERED, that pursuant to section 327(e) of the Bankruptcy Code, the retention and employment of Reed Smith as special counsel to the Debtors in these chapter 11 cases are hereby modified to include the Employee-Related Matters described in the Supplemental Application, and such retention is approved nunc pro tunc to August 27, 2010; and it is further

ORDERED, that Reed Smith shall file fee applications for monthly, interim, and final allowance of compensation and reimbursement of expenses for all services rendered to the Debtors pursuant to the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; and it is further

ORDERED, that Reed Smith shall be compensated for services rendered to the Debtors in connection with the Employee-Related Matters in accordance with sections 330 and 331 of the Bankruptcy Code and any Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Supplemental

Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED, that all provisions of the Original Retention Order remain in full force and effect except as expressly modified by this Order; and it is further

ORDERED, that the allowed fees and expenses of Reed Smith shall be an administrative expense of the Debtors' estates; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 22, 2010

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge