**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------x
In re:                                              :      Chapter 11 Cases
                                                    :      Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                            :      (Jointly Administered)
                                                    :
                          Debtors.                  :      **Re: Dkt. Nos. 5507, 5925 and 5987**
------------------------------------------------------x

**REPLY TO DEBTORS' RESPONSE TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S SUPPLEMENT TO REINSTATED FEE MOTION**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "Tribune" or the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096 (as amended, the "Indenture"), respectfully submits this reply (the "Reply") to the *Debtors' Response to Law Debenture Trust Company of New York's Supplement to Reinstated Fee Motion*, dated October 15, 2010 [Dkt. No. 5987] (the "Response"), and represents as follows:[1]

    1.    Law Debenture's sole purpose in filing its *Supplement to Reinstated Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, For an Accounting, and For Disgorgement of Past Payments*, dated October 12, 2010 [Dkt. No. 5925] (the "Supplement"), was to supplement the record with facts that had transpired after the Fee Motion was withdrawn and, accordingly, were not included in the existing record. Specifically, these two new facts were that (i) on August 31, 2010, six days after the Reinstated Motion was filed, TCV made a series of payments in connection with the fees of the senior lenders in the total amount of $3,106,256.02; and (ii) on

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning as in the Reinstated Motion [Dkt. 5507].

April 29, 2010, TCV made a payment to Davis Polk & Wardwell LLP, JPMorgan's counsel, in the amount of $6,150,000.00 and a payment to FTI Consulting in the amount of $500,000.00 for the express purpose of replenishing the retainer held by each entity.

2.    Notwithstanding the uproar of the Debtors' Response, the Debtors do not dispute either of these facts. Instead, the Debtors' attempt to cloud the record with irrelevant information and inconsistent justifications for their conduct.

3.    First, contrary to the Debtors' Response, nowhere in the Supplement does Law Debenture allege that the Debtors failed to disclose fee payments. Rather, prior to filing the Supplement, Law Debenture requested that the Debtors point to their disclosures, which the Debtors did in their October 3, 2010 letter. Disclosure is no longer an issue and Law Debenture did not raise it in the Supplement.[2]

4.    Second, with respect to the August 31, 2010 payment, the Debtors appear to argue that there never was any understanding between the parties with respect to the payment of fees in the event of termination of the Settlement Support Agreement. Instead, the Debtors argue that the trigger for reinstatement is the filing of a reinstatement motion. The Debtors, however, miss the crux of Law Debenture's argument.

5.    The Debtors admit that upon the filing of the Reinstated Motion on August 25, 2010, the parties will revert to "rely[ing] upon the record developed in connection with the fully briefed and argued Fee Motion." Ostensibly, this would include the Debtors' statement during

---

[2] The Debtors' note in footnote 6 that neither Mr. Rosner nor Law Debenture filed a notice of appearance in these cases is simply silly. The Court granted an order for Mr. Rosner to appear *pro hac vice* on September 24, 2009 (see Exhibit A hereto). Mr. Rosner, on behalf of Law Debenture, has remained an active and key player in these cases since that date. Having filed papers in these cases, Law Debenture by and through its counsel appeared in these cases. Law Debenture does not believe that the Debtors have any difficulty locating Law Debenture and its counsel or understanding its status in these cases.

the March 26, 2010 hearing that "we've agreed not to make the payments [to the lenders] pending further guidance from Your Honor." (3/26/10 Hrg. Trans., at 18:24-25).

6.  In light of their position as to the restoration of the record and their prior statement to the Court, it is perplexing that the Debtors have no trouble with the August 31 Payments – payments made **after** the Fee Motion had been reinstated and the record had been restored.

7.  Third, with respect to the Retainer Payments, the Debtors offer no proof (because they cannot) that Law Debenture ever assented to the payment of any retainer or that such payment was ever contemplated in connection with the Settlement Support Agreement. In fact, the Debtors' lone evidentiary support for such payments is an email from JPM on which Centerbridge was copied. Importantly, the email records that Centerbridge expressly reserved the right to object to the retainer if the Settlement Support Agreement were terminated.

8.  Finally, it bears repeating that in filing the Supplement, Law Debenture was not introducing new arguments or modifying the relief that it sought. Instead, as is the obligation of the parties, Law Debenture was merely supplementing the record with two additional facts that had transpired since the Fee Motion was last before the Court. To this extent Law Debenture agrees with the Debtors' conclusion that to the extent the relief requested in the Reinstated Motion is granted, it will include the August 31 Payments and the Retainer Payments.

Dated: October 25, 2010         Respectfully submitted,
       Wilmington, Delaware

                                By: /s/ Garvan F. McDaniel
                                **BIFFERATO GENTILOTTI LLC**
                                Garvan F. McDaniel (No. 4167)
                                800 N. King Street, Plaza Level
                                Wilmington, Delaware 19801
                                Tel:  (302) 429-1900
                                Fax:  (302) 429-8600

– and –

David S. Rosner
Andrew K. Glenn
Sheron Korpus
**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700
Fax:  (212) 506-1800

*Co-Counsel for Law Debenture Trust Company*
 *of New York*