## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| -------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: November 15, 2010 @ 4:00 p.m.(ET) |
| -------------------------------------------------------- x | | Hearing Date:  N/A |

### TWENTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | August 1, 2010 through August 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,215,504.00     (80% of  $1,519,380.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $    16,739.39 |

This is a(n):    _x__ Monthly         ____ Interim         ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

CPAM: 1812138.22

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
|-----------|------|------------------|-------------|------------|-------------|------------|
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |

CPAM: 1812138.22

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### September 1, 2010 through September 30, 2010

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 224.00 | $214,471.25 |
| Richard Leder (1988) | Tax | 1962 (NY) | 965 | 6.60 | 6,369.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 186.60 | 159,543.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 28.90 | 23,842.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 125.90 | 103,867.50 |
| William Perry (1992) | Insurance & Reinsurance | 1984 (NY) 1998 (DC) | 795 | 16.10 | 12,799.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 129.70 | 103,111.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 2.20 | 1,727.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 217.90 | 149,911.50 |
| Dana Frix (2002) | Communications and Technology | 1989 (PA) 1991 (DC) 2001 (VA) | 675 | 0.90 | 607.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Adam Gale | Corporate | 1994 (NY) | 675 | 33.20 | 22,410.00 |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 134.90 | 87,010.50 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 116.70 | 73,937.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 3.80 | 1,881.00 |
| | | | | | |

CPAM: 1812138.22

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Kessar Nashat | Corporate | 2003 (NY) | 625 | 9.80 | 6,125.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 66.80 | 41,750.00 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 595 | 40.00 | 23,800.00 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 4.30 | 2,558.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 173.50 | 103,232.50 |
| Benjamin Carson | Corporate | 2008 (NY) | 475 | 5.40 | 2,565.00 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 180.10 | 85,547.50 |
| Blake Betheil | Tax | 2009 (NY) | 405 | 16.50 | 6,682.50 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 27.30 | 11,056.50 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 6.70 | 2,713.50 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 13.70 | 5,548.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 54.60 | 22,113.00 |
| Adrienne Sebring | Corporate | 2009 (NY) | 405 | 12.60 | 5,103.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 3.90 | 1,579.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 144.80 | 58,461.75 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 89.80 | 36,369.00 |
| Christopher Cusmano | Litigation | 2010 (NY) | 355 | 17.70 | 6,283.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 355 | 71.20 | 25,276.00 |
| Michel DeStefano | Bankruptcy & Financial Restructuring | JD-2010 | 355 | 30.90 | 10,969.50 |
| Jessica Marrero | Bankruptcy & Financial Restructuring | JD-2010 | 355 | 42.20 | 14,981.00 |

CPAM: 1812138.22

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|------------------|-------------|-------|
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 355 | 152.70 | 54,208.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori F. Moloney | Litigation | n/a | 305 | 1.40 | 427.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 58.90 | 15,903.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 30.20 | 8,154.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 11.50 | 2,760.00 |
| Aram Hanessian | Bankruptcy & Financial Restructuring | n/a | 185 | 6.50 | 1,202.50 |
| | | | | | |
| **Librarians:** | | | | | |
| Amy Ratchford | n/a | n/a | 200 | 1.70 | 340.00 |
| Tania Danielson | n/a | n/a | 200 | 5.00 | 1,000.00 |
| Marjorie Richmond | n/a | n/a | 200 | 3.00 | 600.00 |
| Barbara Schubeck | n/a | n/a | 200 | 7.90 | 1,580.00 |
| | | | | | |
| **TOTAL:** | | | | **2,518.00** | **$1,519,380.00** |

BLENDED RATE:     $604.75

---

\* Includes year elected Partner at firm or joined firm as Partner.

CPAM: 1812138.22

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ---------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: November 15, 2010 |
| | | @ 4:00 p.m.(ET) |
| ---------------------------------------------------------- x | | Hearing Date:  N/A |

**TWENTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,519,380.00 (80% of which equals

$1,215,504.00) and reimbursement of expenses incurred in the amount of $16,739.39 during the

period commencing September 1, 2010 through and including September 30, 2010 (the

"Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11

of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of

the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,519,380.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

## A.     **Bankruptcy General (Matter 002)**

Fees:   $18,554.00       Total Hours:   45.30

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.**    **Committee Meetings (Matter 003)**

Fees:  $98,134.50          Total Hours:    144.60

15.    Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the numerous issues regarding the administration of the Debtors' Chapter 11 case.  In particular, the Committee and its professionals continued to review and address pending motions, plan negotiations, the progress of the mediation and settlement of the LBO/ESOP-related causes of action in connection therewith.

16.    Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases. Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting meeting minutes.

**Creditor Communications (Matter 004)**

Fees:  $4,472.50          Total Hours:   6.30

17.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

## C.   Business Operations (Matter 007)

Fees:  42,973.00        Total Hours:    62.10

18.     During the Application Period, Chadbourne attorneys continued to devote time with respect to corporate and transactional matters concerning the Debtors' businesses. Chadbourne continued to devote time to the potential Food Network transaction between a Tribune affiliate and Scripps Networks.  Attorneys from Chadbourne's corporate group analyzed and provided comments to the transaction documents and reviewed and considered various transaction scenarios.  During this time, Chadbourne reviewed and analyzed amendments to the partnership agreement with respect to contribution provisions in connection therewith.

19.     During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group and Bankruptcy Group continued to expend time reviewing and analyzing oppositions and responses filed with regard to the Tribune's  FCC applications.  In connection therewith, Chadbourne continued to monitor and review recent Third Circuit developments in connection with an appeal of the FCC's 2008 NBCO rule, and to examine the potential impact of the appeal on the Tribune's FCC proceeding.

20.     During the Application Period, Chadbourne's CMT team continued to devote time to reviewing, commenting on, and drafting FCC-related aspects of the Committee's alternative plan and disclosure statement.

21.     Finally, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

**D.     Claims Administration/Bar Date (Matter 009)**

   Fees:  $3,984.50        Total Hours:   9.50

22.     During the Application Period, Chadbourne continued to expend efforts in connection with the claims process.  Efforts included reviewing the Debtors' thirty-fifth and thirty-sixth omnibus objections to claims.  Chadbourne reviewed and evaluated the relief requested in the motions as well as the bases and processes followed by the Debtors in pursuing the objections and summarized its review in a written report to the Committee.  Further, Chadbourne reviewed the motion of Ivan J. Bates to extend the bar date for filing claims and collaborated with Debtors' counsel to ensure that a collective response was put forth on the requested relief.

**E.     Fee/Retention Applications (Matter 010)**

   Fees:   $361,330.00        Total Hours:   626.00

23.     Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing its twentieth monthly fee application.  During this time, Chadbourne continued to research and

address issues raised in the Fee Examiner's initial report on Chadbourne's fifth interim fee application and finalized and submitted its response in connection therewith.

24.     During the Application Period, the Debtors filed applications to employ (i) Jones Day as special counsel to the Special Committee of Tribune Company's Board of Directors and (ii) Sitrick and Company as corporate communications consultants for the purpose of addressing various restructuring-related aspects in connection with their overall media plans and efforts for the balance of these Chapter 11 cases and the period following emergence. Chadbourne reviewed the applications, reviewed responsive pleadings and performed appropriate follow-up on certain related issues to determine that the engagements were in the best interests of the Debtors' estates.  Chadbourne summarized its analysis in written reports to the Committee.

25.     In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

26.     During the Application period, the Committee was faced with having to defend its retention of Chadbourne as its lead counsel in these Chapter 11 cases as a result of the motion filed by Aurelius Capital Management to disqualify Chadbourne from acting on behalf of the Committee because of conflicts of interest (the "Aurelius Motion").   Following meetings with the Committee to determine the Committee's view on the issues raised in the Aurelius Motion, Chadbourne's bankruptcy and litigation professionals expended substantial efforts in preparing a response to the Aurelius Motion.  Chadbourne professionals reviewed and analyzed the relief

requested and performed research on the legal and factual issues raised in the Aurelius Motion, including standards for retention and ethics rules related to professional conflicts. Further, Chadbourne reviewed and prepared a historical account of events of its retention in these Chapter 11 cases, including disclosure and waiver events in connection therewith. Throughout this process, Chadbourne conferred with the Committee, individual Committee members and with Zuckerman Spaeder regarding the various issues raised in the Aurelius Motion and the potential impact on the upcoming mediation and on these Chapter 11 cases going forward.

27.     Subsequently, the Committee filed its objection to the Aurelius Motion, as well as an objection to the related motion to seal certain portions of the document. In response, members of the Committee filed joinders (most in support of Chadbourne's retention, but two in support of the Aurelius motion). A subsequent (second) court paper was then drafted and filed by Chadbourne on behalf of the Committee. Further, Aurelius filed a reply to the Committee's court papers on the morning of the hearing on the Aurelius Motion. Chadbourne performed additional related research in connection therewith.

28.     At the hearing on the Aurelius Motion, the Court denied Aurelius's motion to disqualify Chadbourne in connection with the upcoming mediation (with the understanding that Committee Counsel would continue to conduct itself in a manner consistent with each firm's retention order) and scheduled a status conference for October 4, 2010, at which time the Court would assess the results of the mediation and revisit the disqualification matter.

**F.    Plan and Disclosure Statement (Matter 011)**

Fees:  $234,047.50        Total Hours:  354.50

29.    During the Application Period, Chadbourne professionals continued to be engaged in alternative planning and preparation of a separate plan of reorganization for the Debtors.   In formulating alternative plan strategies, professionals from Chadbourne's bankruptcy, corporate, litigation and tax teams continued to conduct extensive legal research and analyses necessary in developing such plan structure.  Chadbourne also worked with the Committee's financial advisors in analyzing the possible recovery ranges available to the various creditor categories given the various LBO/ESOP transaction challenges.  Moreover, Chadbourne professionals drafted plan terms providing for the creation of a litigation trust and a separate creditors' trust to address and administer claims and causes of action arising out of the LBO/ESOP transaction.

30.    Chadbourne's team of professionals expended further efforts during the Application Period in reviewing and analyzing the joint plan of reorganization filed by Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P. (the "Credit Agreement Proponents") and prepared a summary analysis of the plan for the Committee's review.

31.    During this time, the Committee continued preparing for the hearing on confirmation of the Debtors' plan of reorganization, which was further adjourned to November 8, 2010.  Chadbourne professionals continued to meet with certain key constituencies to review and discuss alternative plan strategies.  Chadbourne professionals expended time preparing for and participating in numerous telephonic meetings with the

Committee to discuss these strategies as well as several proposals and counter-proposals made by key creditor groups in an attempt to resolve objections to the plan proposed by the Debtors.

**G.    Employee Issues (Matter 014)**

Fees:  $6,719.50        Total Hours:  15.30

32.    During the Application Period, Chadbourne attorneys were engaged in further review and revision of the Management Incentive Plan (the "2010 MIP") as a result of the findings raised in the Examiner's Report on the Debtors' Chief Financial Officer.  Chadbourne participated in discussions with Debtors' counsel on proposed revisions to the 2010 MIP and reviewed and commented on various iterations of the proposed order in connection therewith. Further, at the Committee's instruction, Chadbourne drafted objection papers pending resolution of the unsettled issues.

**H.    Tax Issues (Matter 016)**

Fees:  $12,970.50        Total Hours:  22.90

33.    During the Application Period, Chadbourne tax professionals reviewed and analyzed various tax issues arising from the administration of these Chapter 11 cases.  Efforts included review of the terms of the Committee's new alternative draft plan of reorganization and disclosure statement to ascertain the U.S. federal income tax consequences of adopting the proposed plan from various perspectives, including the perspective of creditors.   In connection therewith, Chadbourne drafted tax disclosure for the proposed Committee plan incorporating its research.  In addition, Chadbourne's tax team expended time reviewing and analyzing the tax

treatment in the joint plan of reorganization and disclosure statement filed by the Credit

Agreement Proponents and provided comments to same.

**I.      General Litigation (Matter 017)**

  Fees:   $58,836.50        Total Hours:   122.70

34.      During the Application Period, Aurelius Capital Management filed a motion

seeking the appointment of a chapter 11 trustee, as well as accompanying requests to expedite

hearing and to seal certain portions of the trustee motion.   Chadbourne professionals reviewed

and performed research on the legal and factual issues raised in the motion and began

formulating a response to the requested relief.  Further efforts were expended on research and

preparation of a substantive analysis setting forth the legal standards on the appointment of a

Chapter 11 trustee as well as an evaluation of the impact such appointment would have on these

Chapter 11 cases.

**J.      Travel (Matter 018)**

  Fees:   $3,400.00        Total Hours:   8.80

35.      During the Application Period, Chadbourne attorneys travelled to Wilmington,

Delaware to attend omnibus hearings at the Bankruptcy Court and mediation sessions with key

parties.  The hours reflect non-working travel time and the fees requested are at 50% of

Chadbourne's normal hourly rates.

**K.**     **Review of Pre-Petition Financings (Matter 019)**

    Fees:  $1,855.00         Total Hours:  3.00

    36.     During the Application Period, Chadbourne expended time in reviewing documents produced by a certain remaining party to the investigation.  Document production had been anticipated but was delayed pending resolution of production and confidentiality issues negotiated by Zuckerman Spaeder.

**L.**     **Shareholder Claims (Matter 020)**

    Fees:  $352,752.50         Total Hours:  593.60

    37.     During the Application Period, Chadbourne's team of litigation professionals, in collaboration with Zuckerman Spaeder professionals, continued its review and analysis regarding possible claims against Tribune shareholders and other third parties arising from the LBO/ESOP transaction.   Continued efforts were expended on analyzing and researching claims against the directors and officers and evaluating related D&O insurance exclusion/coverage issues.  Further time was devoted to researching and evaluating a multitude of issues relating to the formation and use of a litigation trust and a separate creditors' trust to pursue different causes of action against third parties post-confirmation of a plan.  Throughout this time, Chadbourne professionals continued to review and revise the various iterations of the Committee's motion seeking standing to pursue possible claims against various third parties (the "Standing Motion") as well as related draft complaint.  Ultimately, the Standing Motion was filed with the Court on September 13, 2010.

38.     During this time, Chadbourne expended time investigating and researching identities of possible shareholder defendants who redeemed shares of Tribune stock in the LBO/ESOP transaction (the "Transferees").  In connection therewith, Chadbourne performed extensive legal research on defendant class actions and prerequisites for certification and began preparation of motion papers in support thereof.   Further, Chadbourne professionals began drafting the necessary documents seeking Court assistance to compel the cooperation of any entities by means of discovery which may lead to relevant information concerning the Transferees.

**M.**    **Plan Litigation (Matter 21)**

Fees:  $319,350.00          Total Hours:   503.40

39.     During the majority of the Application Period, professionals from Chadbourne's litigation and bankruptcy groups continued to be actively engaged in preparing for a contested hearing on confirmation of the plan.  Efforts included monitoring and participating in the discovery activities being pursued by the parties in connection with the Discovery and Scheduling Order for Plan Confirmation.  Chadbourne professionals continued to review the various discovery requests and pleadings filed in response to those requests and determined appropriate courses of action for the Committee.  Chadbourne also prepared for, attended and summarized and analyzed several confirmation-related depositions that were scheduled during this period.  Chadbourne's team of professionals spent a substantial amount of time and effort on its continued review of documents produced by parties in connection with confirmation-related document requests during this time.  To date, as part of the plan discovery process, Chadbourne has reviewed approximately 27,000 documents (over 349,000 pages of materials).

40.     During the Application Period, this Court appointed a mediator (the "Mediator") to assist the parties in resolving disputes in connection with the formulation of a plan of reorganization including resolution of the LBO/ESOP-related causes of action.  Professionals from Chadbourne's bankruptcy and litigation groups were substantially engaged in preparing for the mediation.  Efforts included preparation of a mediation statement setting forth the Committee's proposal of the structure and economic substance of an acceptable plan of reorganization.  Throughout this process, Chadbourne professionals conferred with the Committee's financial advisors on recovery scenarios and participated in frequent discussions with Zuckerman Spaeder to address and finalize terms of the mediation statement.  Chadbourne professionals also corresponded with and participated in discussions with the Mediator in advance of the mediation.

41.     Chadbourne attended the mediation which commenced on Sunday, September 26, 2010 and negotiations among the parties continued into late evening.  On the second day of the mediation, an agreement was reached among the Debtors and the Credit Agreement Proponents.  Subsequently, the Mediator filed his report which included a term sheet that embodied a settlement of the Step One LBO-related causes of action.  Chadbourne reviewed the term sheet and provided its analysis to the Committee where they believed the settlement did not provide fair value to all creditors.   As a result, the Committee continued its efforts to reach a fair and equitable resolution among the parties.

## ACTUAL AND NECESSARY EXPENSES

42.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $$16,739.39 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

43.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

44.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

45.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering

costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

46.　　In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

47.　　Attorneys and paraprofessionals of Chadbourne have expended a total of 2,518.00 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chadbourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,519,380.00

48.　　To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

49.　　In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period September 1, 2010 through September 30, 2010: (a) authorizing compensation in the amount of $1,519,380.00 (80% of which equals $1,215,504.00) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $16,739.39 for a total of $1,536,119.39; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    October 25, 2010
          New York, New York

                                        **CHADBOURNE & PARKE LLP**

                                        By: _____
                                             Douglas E. Deutsch
                                             (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

# **VERIFICATION**

STATE OF NEW YORK    :
                     :  ss:
COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)    I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)    I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
25th day of October 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010