IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 3281, 5668, 5698, 6128 |

## ORDER GRANTING UNSECURED CREDITORS COMMITTEE'S STANDING MOTIONS

Upon consideration of the Motion dated February 1, 2010 of the Official Committee of Unsecured Creditors (the "Committee") for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates ("First Standing Motion"), the Supplement to the First Standing Motion filed September 14, 2010, the Motion dated September 13, 2010 of the Official Committee of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0010372.}

Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims of the Debtors' Estates ("Second Standing Motion") seeking entry of orders granting the Committee standing to prosecute certain LBO-Related Causes of Action (together, the "Standing Motions") (D.I. 3281, 5668 and 5698), and the partial and limited objections to the Standing Motions filed by certain other parties (the "Objecting Parties") (D.I. 3366, 3371, 3374, 3376, 3377, 3389, 5871, 5899, 5909, 5910, 6038); notice of the Standing Motions having been due and proper under the circumstances; argument on the motions and objections having been heard at the hearing on October 22, 2010 (the "Hearing"); and after due deliberation, and good and sufficient cause appearing therefore; it is hereby

ORDERED that the Standing Motions are granted to the extent set forth herein; and it is further

ORDERED that pursuant to sections 105, 1103, and 1109 of the Bankruptcy Code, the Committee is granted leave, standing and authority to commence and prosecute the claims of the Debtors' estates set forth in the draft complaints attached to the Standing Motions as they may be amended or modified consistent with this Order (the "LBO Actions"), and it is further

ORDERED that the Committee may prior to filing amend or modify the draft complaints attached to the Standing Motions: to add other claims relating to the leveraged buy-out of Tribune in 2007 that i) are within the scope of the Examiner's report; ii) assert fraudulent conveyance claims arising under state law, including claims against former shareholders of Tribune; iii) name individual lenders and shareholders or other persons or entities as defendants or add class action allegations, with respect to claims as to which the Committee is granted standing by this Order; iv) assert avoidance and disgorgement claims against Samuel Zell and

related entities, including EGI and EGI-TRB; or v) have been consented to by the Debtors. In making such amendments or modifications the Committee will consider suggestions of Aurelius Capital Management LP, Law Debenture Trust Company of New York, Wilmington Trust Company, Deutsche Bank Trust Company Americas, Wells Fargo Bank, N.A. (as Bridge Agent and not individually) and the Debtors to ensure that claims of the Debtors' estates are preserved ; and it is further

ORDERED that the Committee shall commence the LBO Actions by filing its complaints no later than November 1, 2010; and it is further

ORDERED that, except as provided in the proposed Joint Plan of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on October 22, 2010 (the "Proposed Plan"), neither the Debtors nor the Committee shall settle, subject to the Court's approval, any of the claims to be transferred to the Litigation Trust or the Creditors Trust (under and as defined in the Proposed Plan) without the other's consent unless and until the earliest to occur of the following: (i) the Committee and/or the Debtors withdraw their support for the Proposed Plan; (ii) the Court declines to confirm the Proposed Plan, or (iii) April 1 2011 (each a "Termination Event"). If a Termination Event occurs, either the Debtors or the Committee shall have the right, subject to the Court's approval, after notice and an opportunity to be heard, to settle claims that the Committee has been authorized to pursue, and the Committee shall have the right to file a motion seeking entry of a court order granting it the exclusive right to settle such claims. The rights of any party to object to any such settlement or motion are expressly preserved; and it is further

ORDERED that once commenced the LBO Actions shall be deemed stayed, except as otherwise set forth in this order (the "Stay"), until a Termination Event occurs, provided that if the Termination Event is the withdrawal of support for the Proposed Plan by the Debtors or the Committee, the Committee shall have the right to extend the Stay by, within ten days of such withdrawal of support, filing and serving a notice that the Stay shall continue. All applicable deadlines, other than those applicable to the discovery permitted by this Order, are suspended during the period of the Stay. All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited. Notwithstanding the foregoing, during the period this Stay is in effect, the Committee may: a) consistent with governing rules, amend the complaints in the LBO Actions; b) complete service of the complaints in the LBO Actions; and c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted in the LBO Actions; and it is further

ORDERED that a copy of this Order shall be entered on the docket in the LBO Actions.

ORDERED that during the pendency of the Stay no defendant to the LBO Actions shall answer or otherwise respond to the LBO Actions. All the rights of such defendants, including their right to move to dismiss the LBO Actions following expiration of the Stay, shall be fully preserved; and it is further

ORDERED that the Stay may be lifted or extended by the Court for any cause deemed sufficient by the Court after notice and a hearing with an opportunity for all interested parties to be heard; and it is further

ORDERED that nothing in this Order shall affect the rights, if any, of other parties to a) propose settlements subject to this Court's approval; b) seek to modify this Order's provisions regarding settlements or settlement authority; or c) seek any other form of relief respecting settlements or settlement authority with respect to matters not resolved by this Order.

_____ 10-27-10
United States Bankruptcy Judge