## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Requested Hearing Date: Nov. 10, 2010 at 10:00 a.m.**<br>**Requested Objection Deadline: Nov. 8, 2010 at 5:00 p.m.** |

## MOTION OF THE DEBTORS FOR AN
## ORDER APPROVING TOLLING AGREEMENT REGARDING
## PROSECUTION OF AVOIDANCE ACTIONS AND INTERCOMPANY ACTIONS

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel,

hereby file this motion (the "Motion") for an order, pursuant to sections 105 and 546(a) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (0416); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

Debtors to enter into the attached tolling agreement (the "Agreement"), made and entered into on

October 28, 2010, by Tribune Company ("Tribune"), each of Tribune's affiliates that have filed

voluntary petitions for relief under the Bankruptcy Code (Tribune and such affiliates,

individually and collectively, the "Debtors"), and each of Tribune's affiliated entities listed on

Schedule 1 of the Agreement that are not the subject of a chapter 11 petition[2] (the "Non-Debtor

Affiliates", and together with the Debtors, collectively referred to herein as, the "Parties").

Schedule 1 to the Agreement provides a complete list of the Parties.

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), each of the debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only.  An additional Debtor, Tribune CNLBC, LLC, f/k/a/ Chicago National

League Ball Club, LLC, voluntarily commenced a chapter 11 case on October 12, 2009, and that

case was procedurally consolidated with the other Debtors' chapter 11 cases by an order of the

Bankruptcy Court entered October 14, 2009.

2.    The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors in these cases (the "Committee").

---

[2]  Fairfax Media, Incorporated and Professional Education Publishers International (Africa) Pty Ltd., although formerly affiliated with the Debtors, are not parties to the Agreement, as these entities are in dissolution, are no longer active, and also, upon information and belief, have no assets.

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Rules 3001, 3001, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND TO THE MOTION

5.    Prior to and after the Petition Date, the Debtors made certain transfers of cash and other assets, and carried out transactions between each other, and also between the Debtors, on the one hand, and the Non-Debtor Affiliates, on the other hand (the "Intercompany Transfers").  The Intercompany Transfers occurred, among other things, in connection with the cash management system maintained by most of the Parties.

6.    Pursuant to the limitations periods contained in sections 546(a), 549(d), and 108(a) of the Bankruptcy Code, and other applicable bankruptcy and/or non-bankruptcy law (collectively referred to herein as, the "SOLs"), the time within which the Debtors and Non-Debtor Affiliates may commence actions or proceedings under sections 544, 545, 547, 548, 549 or 553 of the Bankruptcy Code or under applicable non-bankruptcy law with respect to Intercompany Transfers (such actions or proceedings, collectively referred to herein as, the "Avoidance Actions") and may commence actions or proceedings under with respect to any other claims that may exist among the Debtors and the Non-Debtor Affiliates (such other claims or causes of action collectively referred to herein as the "Intercompany Actions") is limited.

7.    The Debtors and Non-Debtor Affiliates wish to toll the SOLs and, thereby, preserve any Avoidance Actions and Intercompany Actions, whether asserted by claim, counterclaim, cross-claim, or otherwise, and whether or not the Debtors or Non-Debtor Affiliates

3

actually commence one or more Avoidance Actions or Intercompany Actions on or before December 8, 2010, or any other date upon which an applicable SOL would expire but for this Agreement.

8.    To that end, the Debtors and the Non-Debtor Affiliates desire and are willing to enter into the Agreement between and among themselves in order to preserve any and all Avoidance Actions and Intercompany Actions, if any, that the Debtors or the Non-Debtor Affiliates may have according to the terms set forth in the Agreement.

## RELIEF REQUESTED

9.    By this Motion, the Debtors respectfully request an order of the Court, pursuant to sections 105 and 546(a) of the Bankruptcy Code, authorizing them to enter into the Agreement and perform their obligations thereunder.

10.    The Agreement, among other things, pertains to limitations under section 108(a), 546(a), and 549(d) of the Bankruptcy Code.  Section 108(a) of the Bankruptcy Code creates a time limitation for the commencement of Intercompany Actions by the Debtors.  That section provides:

> If applicable, non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before
> (1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) Two years after the order for relief.

11 U.S.C. § 108(a).

11.    Further, section 546(a)(1)(A) of the Bankruptcy Code creates a two-year statute of limitations for commencing avoidance actions in a chapter 11 case.  11 U.S.C. § 546(a)(1)(A) ("An action or proceeding under section 544, 545, 547, 548, or 553 of this title may

not be commenced after the earlier of—(1) the later of—(A) 2 years after the entry of the order

for relief; or (B) 1 year after the appointment or election of the first trustee . . . ."). Thus, unless

it is extended, the deadline for the Debtors to commence an Avoidance Action against the

recipient of Intercompany Transfers is December 8, 2010.

12.     Similarly, section 549(d) of the Bankruptcy Code creates a two-year

statute of limitations for commencing avoidance actions with respect to Intercompany Transfers

that occurred post-petition.  Specifically, a trustee may commence an action to avoid a transfer of

property of the estate that "occurs after the commencement of the case" and that is "authorized

only under section 303(f) of 542(c)" of the Bankruptcy Code or "that is not authorized" by the

Bankruptcy Code, only before the earlier of (1) two years after the Petition Date or (2) the time

the case is closed or dismissed.  11 U.S.C. § 549(a), (d).

13.   Settlement and resolution of intercompany claims, including Avoidance

Actions and Intercompany Actions, is a subject of the Debtors' recently filed plan of

reorganization and may also be the subject of other reorganization plans.  Pending addressing

resolution of these claims in connection with the plan of reorganization process, the Debtors

wish to preserve and avoid compromising potential Intercompany Actions and Avoidance

Actions by the running of the SOLs.  Thus, the Debtors and Non-Debtor Affiliates have entered

into the Agreement, which tolls the SOLs.  The material terms of the Agreement are set forth

below:

- <u>Tolling of SOLs.</u>  The time period extending from the date hereof until the date
  this Agreement expires or is terminated in accordance with its terms (the
  "<u>Expiration Date</u>") shall not be counted in determining the time in which the
  Parties, or their successors or assigns, including, without limitation, any trust
  established pursuant to a plan of reorganization or otherwise,  shall be permitted
  by any SOL to file an Avoidance Action or Intercompany Action.

46429/0001-7127436v1

- Waiver of Defenses.  The Parties expressly waive any defense under section 546(a) of the Bankruptcy Code or any other SOL, including off-set arguments arising under section 502(d), and agree not to assert time-based defenses of any kind, including but not limited to laches, waiver, or estoppels, to any Avoidance Action or Intercompany Action due to the passage of time between the date of this Agreement and the Expiration Date (the "Tolling Period").

- Duration of Agreement.  This Agreement shall remain in force and effect until June 30, 2011, unless the Tolling Period is extended earlier according to the terms hereof.

- Extension of Tolling Period.  Any Party to the Agreement may extend the Tolling Period with respect to actions against such Party upon notice filed by the Party with the Court prior to the Expiration Date; in which case, the Expiration Date applicable to such Party shall be extended until 11:59 PM (New York time) on the date so specified.

- Section 546(a) Not a Jurisdictional Bar.  The Parties agree that: (a) section 546(a) of the Bankruptcy Code, and any other SOL, is not a limit on the Court's jurisdiction, and can be tolled; and (b) no Party will assert any contrary position in any action, suit or proceeding whether filed in Bankruptcy Court, Federal District Court, or a State Court of competent jurisdiction) including, without limitation, any proceedings relating to confirmation of a plan.  If a court of competent jurisdiction nonetheless holds, in a final and non-appealable order, that the Court does not have jurisdiction over any Avoidance Action or Intercompany Action because the Avoidance Action or Intercompany Action was filed after December 8, 2010, or such other date upon which any applicable SOL would have expired but for this Agreement, the Parties agree that: (x) the Party asserting such Avoidance Action or Intercompany Action shall nevertheless have a separate, distinct contractual right and claim against the Party subject to such Avoidance Action or Intercompany Action for avoidance and/or recovery; and (y) the Party subject to such Avoidance Action or Intercompany Action will have a corresponding separate and distinct contractual obligation to the Party asserting such Avoidance Action or Intercompany Action, in the amount and for the remedies, if any, that the Party asserting such Avoidance Action or Intercompany Action would have been entitled to avoid and/or recover had it asserted such Avoidance Action or Intercompany Action prior to December 8, 2010, or such other date upon which any applicable SOL would have expired but for the Agreement, and obtained a final and non-appealable judgment from the Court in its favor, subject to all other available rights, claims and defenses of each Party. These agreements are a material inducement to each Party to enter into the Tolling Agreement.

- No Admission of Liability.  Nothing in the Agreement shall constitute or be construed as an admission by any Party that any claim could or could not properly be asserted against it by any other Party, or that any such claim would or would

not have any basis in law or in fact.  Except as expressly provided in paragraph **1** of the Agreement, with respect to time-based defenses, and as set forth in paragraph **4** of the Agreement, the Agreement is not intended to and shall not have any effect upon any defense that any Party may assert to any claim brought by any other Party.  Except for the express provisions in paragraphs **1** and **4**, nothing in the Agreement shall revive any claim, action, suit, demand or cross-demand or defense that is or would be barred as of the date hereof, and nothing herein shall waive any claims or defenses any party hereto may have as of such date.

- <u>Independent Tolling of SOLs.</u>  The parties acknowledge and agree that entry into the Agreement does not in any way limit the ability or rights of the Debtors or the Non-Debtor Affiliates to contend that the SOL's have been tolled for reasons independent of the Agreement, or to assert the doctrines of equitable estoppel, concealment, or any other doctrine or statute as a basis for tolling the SOL's independent of the Agreement.

- <u>Choice of Law.</u>  The Agreement shall be governed in all respects by the laws of the State of Illinois and the Bankruptcy Code, as applicable, in effect at the time of its execution without reference to its choice of law rules, unless any other applicable state law would be more favorable to the enforcement of the Agreement, in which case said more favorable law should apply.  The Bankruptcy Court shall have jurisdiction to enforce the terms and provision of the Agreement and to hear and determine any issue or dispute arising hereunder, including without limitation any matter relating to or arising from the terms of paragraph **4** of the Agreement, all pursuant to 28 U.S.C. §§ 157(b) and 1334.

- <u>Effective Date.</u>  The Agreement shall be immediately effective and enforceable upon each Party upon the execution of the Agreement by such Party.

- <u>Effect of Court Approval.</u>  Upon the Court approving the Agreement by executing "SO FOUND AND ORDERED," the Court will be deemed to make findings and conclusions of law contained in the Agreement and the Agreement shall be binding upon all parties in interest in connection with the Cases whether or not such party in interest is a Party hereto.

        14.     The Debtors circulated drafts of the Agreement to numerous parties in these cases whose interests may be implicated by potential Avoidance Actions or Intercompany Actions.  The final form of the Agreement, attached to the Motion as <u>Exhibit A</u>, incorporates the responses and comments the Debtors received from such parties, and the Debtors are not aware of any outstanding objection to the form or substance of the Agreement.

**BASIS FOR RELIEF**

15.     Section 105(a) endows the Court with the authority to "issue any order, process, or judgment" the Court deems "necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. §  105(a).  The two-year statute of limitations section 546(a) establishes for the filing of avoidance actions pursuant to sections 544, 545, 547, 548, or 553 of the Bankruptcy Code in a chapter 11 case may be waived by agreement among the relevant parties.  *See* 11 U.S.C.  § 546(a)(1)(A).  A majority of courts that have considered the issue have held that section 546(a) is a true statute of limitations and parties may therefore agree to extend the time period during which they may commence an avoidance action in a chapter 11 case.  *See Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.)*, 416 B.R. 1, 7 (Bankr. D. Mass 2009) (citing cases from the Eleventh, Fifth, Tenth, and Ninth Circuits, as well as the Bankruptcy Courts for the Southern District of Florida, Northern District of Illinois, Northern District of Oklahoma, Eastern District of New York, Eastern District of California, and Maine, all of which held that the deadline for filing avoidance actions set by section 546(a) was subject to waiver, estoppel, and/or tolling); *see also* 5-546 *Collier on Bankruptcy* ¶ 546.02[4] ("Although there is split of authority among the courts of appeal, the better view is that the statute of limitations in section 546(a) is not jurisdictional in nature.  Under this view, if the defense is not timely asserted, a defendant may waive its statute of limitations defense under section 546(a).  In addition, the section 546(a) limitations periods may be extended by stipulation between the parties to the proceeding.") (internal citations omitted).  *Cf. Frascatore v. Sec'y of Housing & Urban Dev. (In re Frascatore)*, 98 B.R. 710, 718-19 (Bankr. E.D. Pa. 1989) ("[W]e have considerable doubt as to whether the two-year period set forth in § 546(a) . . . can be disposed of by [waiver]. Rather, we believe that the wording of this statute may render it a so-called 'statute

8

of repose,' which is non-waivable. This conclusion is not supported by any authorities directly on point, but by the statements of certain courts, although admittedly in other contexts, that § 546(a) is jurisdictional in nature.") (internal citations omitted).

16.     The Eighth Circuit recently concurred that section 546(a) does not divest the court of jurisdiction to hear avoidance actions after the expiration of the two-year period where the debtors elect to extend the period. *See Raynor v. Raynor (In re Raynor)*, No. 09-2464, 2010 WL 3292816 (8th Cir. Aug. 23, 2010). Moreover, the legislative history for the 1994 amendment (which altered the length and applicability of the limitations period) supports the view that the time limitation created by section 546(a) is subject to tolling. The House Report on the 1994 amendment explains that the amendment was "not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding." H.R.Rep. No. 103-835, at 49-50 (1994).

17.     Bankruptcy courts in numerous jurisdictions have recognized that a debtor-in-possession or a trustee may request a court order extending the time period established by section 546(a) for commencing avoidance actions. *See, e.g.*, *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689 (11th Cir. 2005) (affirming bankruptcy court's order extending section 546(a) limitations period); *Frentz v. Stites & Harbison (In re Thermoview Indus., Inc.)*, 381 B.R. 255 (Bankr. W.D. Ky. 2008) (overruling motion to dismiss on limitations grounds where court had entered an order approving chapter 11 trustee's unopposed motion to extend time limitation set by section 546(a)); *Carr v. Klayman (In re Klayman)*, 228 B.R. 805

9

(Bankr. M.D. Fla. 1999) (holding debtor's failure to object to chapter 7 trustee's untimely motion to extend time to commence avoidance action constituted waiver of the limitations defense).

18.     To the Debtors' knowledge, the Third Circuit has not directly ruled on whether the statute of limitations for commencing avoidance actions established by section 546(a) of the Bankruptcy Code may be subject to tolling by agreement of the relevant parties. Given the strong support in the case law, *Collier*, and the legislative history for the proposition that section 546(a) creates a true statute of limitations and is not jurisdictional in nature, however, the Debtors believe the relief they are requesting in the Motion is authorized by the Bankruptcy Code and in the best interests of the Debtors' estates, creditors, and parties-in-interest in these chapter 11 cases.

19.     Even if a court were to find that section 546(a) creates a jurisdictional bar, the provisions of paragraph 4 of the Agreement economically protect and preserve any Avoidance Actions or Intercompany Actions by creating contractual causes of action, which mirror and preserve the relief available if a jurisdictional bar were not present. Specifically, pursuant to the Agreement, in the event the Court finds that it lacks jurisdiction over an Avoidance Action or Intercompany Action as a result of any SOL, the Parties have agreed that the Party asserting the action shall have a separate, distinct contractual right and claim against the Party subject to such Avoidance Action or Intercompany Action for avoidance and/or recovery. Further, the Parties have agreed that the Party subject to such Avoidance Action or Intercompany Action will have a corresponding separate and distinct contractual obligation to the Party asserting such Avoidance Action or Intercompany Action, in the amount and for the remedies, if any, that the Party asserting such Avoidance Action or Intercompany Action would

10

have been entitled to avoid and/or recover had it asserted such action at a time when the action was not barred by any SOL.

20.     The Debtors therefore request that the Court approve the Agreement. With approval of the Agreement, and in view of the plan of reorganization process, the Debtors do not anticipate presently commencing any Avoidance Actions or Intercompany Actions.

## NOTICE

21.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22.     No previous application for the relief sought herein has been made to this Court or to any other court.

46429/0001-7127436v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court enter an order (i) approving the Tolling Agreement and (ii) granting such other and

further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       October 28, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James Conlan
Bryan Krakauer
Kevin Lantry
Alison L. Triggs
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-7127436v1