# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MOTION PURSUANT TO LOCAL RULE 9006-1(e) FOR AN ORDER (I) SCHEDULING AN EXPEDITED HEARING ON THE MOTION OF THE DEBTORS FOR AN ORDER APPROVING TOLLING AGREEMENT REGARDING PROSECUTION OF AVOIDANCE ACTIONS AND INTERCOMPANY ACTIONS AND (II) SHORTENING THE TIME FOR NOTICE OF SUCH HEARING

The above-captioned debtors and debtors in possession (the "Debtors") hereby

move this Court (the "Motion to Shorten") for entry of an order, pursuant to section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 4001 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Local Rules of Bankruptcy Procedure (the "Local Rules"), (i) scheduling an expedited hearing on the concurrently-filed Motion of the Debtors for an Order Approving Tolling Agreement Regarding Prosecution of Avoidance Actions and Intercompany Claims (the "Motion")[2] and (ii) shortening the time for notice of such hearing.  The Debtors respectfully request that the Court schedule a hearing to consider approval of the Motion on November 10, 2010 at 10:00 a.m., and that responses or objections to the relief requested therein be due no later than 5:00 p.m. (prevailing Eastern Time) on the date that is two (2) business days prior to the hearing date for the Motion.  In support of this Motion to Shorten, the Debtors respectfully state as follows:

1.     Pursuant to the Motion, which the Debtors have filed concurrently with this Motion to Shorten, the Debtors have requested entry of an order (i) authorizing the Debtors to enter into a tolling agreement made and entered into by the Debtors and Non-Debtor Affiliates tolling the limitations periods contained in sections 546(a), 549(d), and 108(a) of the Bankruptcy Code, and other applicable bankruptcy and non-bankruptcy law (the "Agreement").

2.     Pursuant to Local Rule 9006-1(e), the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice."  Del. Bankr. L.R. 9006-1(e).  The Debtors believe sufficient cause exists to justify shortening the notice period for the hearing on the Motion.  Although the Debtors are not aware of any objections to the Motion, in the event such objections exist, the Debtors believe it would benefit their estates, creditors, and parties-in-interest in these cases for the Debtors to become aware those objections at the earliest possible time.  This will enable the Debtors to address and resolve any issues relating the Motion and to obtain this Court's approval of the Motion as efficiently as possible prior to the running of any statute of limitations which would be tolled by the Agreement.

---

[2] Unless otherwise defined herein, all capitalized terms have the meanings assigned to such terms in the Motion.

3. Prior to filing this Motion to Shorten, the Debtors shared a draft of the Motion with counsel for numerous parties whose interests may be implicated by potential Avoidance Actions or Intercompany Actions. Each of these parties has indicated that they either have no opposition to the relief requested in the Motion or have given their affirmative support for such relief.

4. Accordingly, the Debtors respectfully request that the Court consider the relief requested in the Motion at a hearing on November 10, 2010 at 10:00 a.m., the time of a previously scheduled hearing before the Court on another matter in these cases. The Debtors further request that responses or objections to the relief requested in the Motion be filed and served on the Debtors by 5:00 p.m. (prevailing Eastern time) on the date that is two (2) business days prior to the hearing date on the Motion.

5. To ensure that all parties receive notice of this Motion to Shorten and the Motion as soon as possible, the Debtors shall serve this Motion to Shorten, the Motion, and any order granting the relief requested in this Motion to Shorten and the Motion via electronic mail, hand delivery, or first class mail on: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request the entry of an order, in substantially the form of the order attached hereto as Exhibit A, (i) granting the relief requested in this Motion to Shorten and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       October 28, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION