# EXHIBIT A

## Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 5083, 5267, and 5435 |

## STIPULATION BETWEEN DEBTORS AND GOOGLE, INC. RESOLVING DEBTORS' THIRTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 810 OF GOOGLE, INC.

This stipulation (the "Stipulation") between Google, Inc. ("Google," or the "Claimant") and Tribune Company ("Tribune," or the "Debtor"), regarding the modification and allowance of that certain prepetition claim asserted by Google against Tribune, which was assigned Claim No. 810 by the Court-appointed Claims Agent (defined below) is entered into by and among Tribune and the Claimant (the "Parties"), by and through their respective counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A. On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

B. On July 19, 2010, the Debtors filed the *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection") (D.I. 5083), which requested the Bankruptcy Court to modify and/or disallow and expunge certain proofs of claim asserted against the Debtors' estates on substantive grounds enumerated therein.

C. Among the claims identified on Exhibit A to the Objection was the claim filed by Google against Tribune in the amount of $167,362.00, which was assigned Claim No. 810 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). The Objection sought to reduce Claim No. 810 to the amount of $99,880.05, based on the records of the Debtors that showed such Claim had been previously satisfied in part.

D. On or about August 10, 2010, counsel for Google contacted counsel for the Debtors regarding the Objection to Claim No. 810. As a result of that discussion, the Parties exchanged additional records. Based upon the reconciliation performed by the Parties, the Parties have agreed that Claim No. 810 should instead be reduced to the amount of $146,881.83, which amount is equal to the total amount of outstanding prepetition invoices submitted by

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Google to Tribune in support of Claim No. 810. The Debtors have further agreed that upon the Parties' entry into this Stipulation, the Debtors shall file with the Bankruptcy Court a revised Exhibit A to the Objection, reflecting that Claim No. 810 shall be reduced and allowed in the amount of $146,881.83.

E.   Tribune and Google have reached an agreement as to the treatment of Claim No. 810 and have agreed to enter into this Stipulation to resolve the Objection and to establish the allowed amount of Claim No. 810. For the avoidance of doubt, this Stipulation shall not affect any other claims held by Google, whether scheduled or filed, against the Debtors in these chapter 11 cases and the Debtors and Google reserve all rights with respect to such other claims.

NOW, THEREFORE, TRIBUNE AND GOOGLE STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.   The recitals set forth above are incorporated herein by reference.

2.   The Parties agree that Claim No. 810 of Google, originally asserted in the amount of $167,362.00, has been partially satisfied by Tribune and that the remaining prepetition amount outstanding on account of such claim is $146,881.83.

3.   Upon the execution of this Stipulation, the Debtors will file with the Bankruptcy Court this Stipulation, together with a proposed form of order under certification of counsel, reflecting that Claim No. 810 of Google shall be modified and allowed as a general unsecured claim against Tribune in the amount of $146,881.83.

4.   Upon entry of an order by the Bankruptcy Court sustaining the Objection (as modified hereby), Claim No. 810 shall be satisfied in accordance with the provisions for the

payment of general unsecured claims against Tribune set forth in the Debtors' joint chapter 11 plan of reorganization (as applicable to a particular Debtor, the "Plan"), when such Plan becomes effective. The satisfaction of Claim No. 810 in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in Claim No. 810. Google further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the liabilities asserted in Claim No. 810.

5. The Parties acknowledge and agree that the Claimant does not need to take any further action to seek to allow Claim No. 810 in the Debtors' chapter 11 cases.

6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

13. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

STIPULATED AND CONSENTED TO AS OF OCTOBER 24, 2010 BY:

BLAKELEY & BLAKELEY LLP

By: _____
Johnny White
Scott Blakely
2 Park Plaza, Suite 400
Irvine, CA 92614
Telephone: (949) 260-0619
Facsimile: (949) 260-0613

ATTORNEYS FOR GOOGLE, INC.

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION