# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 5083, 5267, 5435 and 6172 |

## ORDER PARTIALLY SUSTAINING DEBTORS' THIRTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 810 OF GOOGLE, INC.

This matter having come before the Court on the *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (Docket No. 5083) (the "Objection");[2]

and upon consideration of the Objection, the Bigelow Declaration, the *Certification of Counsel*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

*Regarding Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection To Claims As It Relates to Claim No. 810 of Google, Inc.*, and the Stipulation (the "Stipulation") attached thereto between Debtor Tribune Company ("Tribune") and Google, Inc. ("Google") resolving the Objection on the terms set forth therein; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained as modified herein; and it is further

ORDERED that Claim No. 810 of Google shall be allowed as a general unsecured claim against Tribune in the modified amount of $146,881.83, which amount is equal to the total amount of outstanding prepetition invoices submitted by Google to Tribune in support of Claim No. 810; and it is further

ORDERED that the Claims Agent is authorized to amend the Claims Register to comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2010

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

2