## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objections Due: November 16, 2010 @ 4:00 p.m. (ET)** |
| | **Hearing Date: November 23, 2010 @ 2:00 p.m. (ET)** |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO FILE UNREDACTED COMPLAINT OR, IN THE ALTERNATIVE, TO FILE UNREDACTED COMPLAINT UNDER SEAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCWBroadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Tribune Company and its various debtor-subsidiaries (collectively, the "<u>Debtors</u>") hereby seeks leave to file an unredacted version of the Committee's complaint in Adversary Proceeding No. 10-54010 (KJC), or, in the alternative, seeks leave to file the unredacted version of the complaint under seal and respectfully submits as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion raises a core matter under 28 U.S.C. § 157(b)(2).  Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 105(a) and 107 and Federal Rule of Bankruptcy Procedure 9018.

## BACKGROUND

3.      On December 8, 2008 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      By order dated October 27, 2010, the Court granted standing to the Committee to commence two adversary proceedings on behalf of the Debtors' estates asserting claims against various parties that arise out of or in connection with the Debtors' 2007 LBO transaction, and other claims against such parties.  One of the complaints asserts claims solely against the Debtors' lenders.  The other Complaint – the complaint which is the subject of this Motion (the "<u>Complaint</u>") – asserts claims against many additional parties.

5.      On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information

produced pursuant to discovery requests in these cases (the "Depository Order"). Due to the

confidential nature of the information contained in many of the documents, the Depository Order

expressly provides:

> No Depository Designee or its Designated Representative may use
> Discovery Documents or Depository Information stamped or otherwise
> designated as "Financial Institution Highly Confidential Documents",
> "Highly Confidential – Attorneys' Eyes Only", or "Confidential" in a court
> filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order ¶ f, at 4. Accordingly, the Depository Order obligates the Committee to file

under seal any document that contains such confidential information.

6.     The Complaint contains information obtained on a confidential basis from the

Debtors and many other parties that had a connection with the LBO transaction or its financing.

The Committee has requested a waiver of confidentiality from all parties having produced

information subject to the Depository Order that is contained in the Complaint. All parties other

than Morgan Stanley & Co., Incorporated have agreed to the requested waiver of confidentiality.

## RELIEF REQUESTED

7.     By this Motion, the Committee respectfully requests that the Court enter an order

authorizing the filing of the unredacted complaint publicly and relieving the Committee of its

obligations under the Depository Order with regard to the Complaint. If the Court, does not

grant that relief, then in the alternative the Committee requests that it be granted leave to file the

unredacted Complaint under seal.

## BASIS FOR RELIEF

8.     Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity

with respect to trade secret or confidential research, development or commercial information."

11 U.S.C. § 107(b). Bankruptcy Rule 9018 then sets forth the procedure by which a party in

interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018; *see also* Del. Bankr. LR 9018-1(b) (requiring motion).

9.     Based solely on the Committee's obligation under the Depository Order to file the Complaint under seal, the Committee files this Motion with respect to the Committee's filing of an unredacted copy of the Complaint under seal.[2]

10.     The Committee is filing this Motion only because the Committee is so obligated under the Depository Order.  As the Committee has stated in open Court on several occasions, the Committee believes that the Complaint in its unredacted form should be publicly disclosed. Accordingly, although obligated by the Depository Order to make this Motion, the Committee respectfully requests that it be granted relief from the Depository Order to file the unredacted Complaint.  If the Court denied this relief, then the Committee seeks leave to file the unredacted Complaint under seal.

---

[2]     The Committee will send by email a unredacted copy of the Complaint to each "Depository Designee" (as such term is defined in the Depository Order) that submits a request to undersigned counsel by email.

**WHEREFORE**, the Committee respectfully requests that the Court: (i) enter an order authorizing the Committee to file an unredacted version of the Complaint; or (ii) if unable to do so then grant the Committee leave to file the unredacted Complaint under seal; and (iii) grant to the Committee such other and further relief as is just and proper.

Dated: Wilmington, Delaware
      November 1, 2010

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
Thomas G. Macauley
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*