# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Requested Hearing Date: November 23, 2010 at 10:00 a.m. ET<br>Objection Deadline: November 16, 2010 at 4:00 p.m. ET |

## APPLICATION OF DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO DEBTOR LOS ANGELES TIMES COMMUNICATIONS LLC DURING THE PERIOD FROM MARCH 1, 2010 THROUGH JUNE 30, 2010

Davis Wright Tremaine LLP ("DWT"), First Amendment, Internet, and telecommunications counsel for Los Angeles Times Communications LLC (the "LA Times"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $274,726.54 and expenses in the aggregate amount of $15,077.95 for services rendered to the Debtors during the period from March 1, 2010 through June 30, 2010, (b) authorizing DWT to retain amounts previously paid to it by the Debtors on account of such fees and expenses (as discussed at paragraphs 9 and 11, infra); and (c) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 21, infra). In support of the Application, DWT respectfully states as follows:

## BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6.  On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including DWT.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. DWT was retained by the Debtors to represent the LA Times with respect to various First Amendment, Internet, and telecommunications matters (collectively, the "Media Litigation Matters")[5] in the ordinary course of business, with a Monthly Cap of $50,000.00.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614 and 5846.)

[5] DWT may also provide services for other of the Debtors from time to time, as necessary and appropriate, that are within the scope of services described herein.

Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. The Media Litigation Matters on which DWT represents the LA Times include representing the LA Times in its efforts to obtain access to court records and proceedings, pursuing actions under the California Public Records Act, and defending against lawsuits for defamation, invasion of privacy, and other torts, as well as providing general advice on First Amendment and media law topics.

10. During the period covered by this Application, DWT represented the LA Times with respect to various Media Litigation Matters that have arisen or have resulted in unanticipated legal costs subsequent to the Petition Date. These have included a lawsuit under the California Public Records Act against the Los Angeles County Sheriff, in which DWT initially was successful, but subsequently was challenged by the officer's union, resulting in substantial unanticipated fees and costs; a lawsuit involving disclosure of the identities of Pasadena police officers who exercised lethal force, in which the union's counsel initiated lengthy discovery fights; and researching and advising the LA Times concerning legal issues about a possible new business initiative.

11. Those representations of the LA Times by DWT, taken together with DWT's representations of the Debtors in connection with the pre-existing Media Litigation Matters, caused DWT's fees to exceed the Monthly Cap of $50,000 in each of the months from

5

March to June 2010, inclusive.[6] For the four (4) month period from March 2010 through June 2010, the Debtors have determined that DWT has exceeded is applicable Monthly Cap by $74,726.54 in the aggregate; accordingly, the Debtors have advised DWT that it must file the instant Application. The fees and expenses incurred by DWT with respect to the Media Litigation Matters during the period covered by this Application are set forth below.

### A.   Fees and Expenses Incurred in March 2010

12.   In June 2010, the LA Times approved the payment of fees incurred by DWT relating to work performed on behalf of the LA Times during the month of March 2010 in the aggregate amount of $59,507.[7] Previously, the LA Times had approved fees incurred by DWT for services rendered in February 2010 in the aggregate amount of $40,356. Accordingly, at the time the Debtors approved the initial fees incurred by DWT for the month of March 2010, DWT was within the applicable two-month rolling Monthly Cap for such fees. The LA Times has paid DWT $58,194.69 in fees and $4,078.11 in expenses on account of services rendered in March 2010.

13.   Since June 2010, however, the Debtors received additional invoices for fees incurred by DWT during March 2010 in the aggregate amount of $4,000 and an additional invoice for fees incurred by DWT during February 2010 in the amount of $2,118.59. LA Times has reviewed those invoices and have approved the fees and expenses set forth thereon as

---

[6] Based upon the scope of the Media Litigation Matters in which DWT currently represents the Debtors, and the anticipated level of activity of those matters, the Debtors and DWT determined that there is a substantial likelihood that DWT will exceed its applicable Monthly Cap on an ongoing basis in the future, and that the Debtors' retention of DWT as special counsel for the Media Litigation Matters, pursuant to section 327(e) of the Bankruptcy Code, is both necessary and appropriate. Accordingly, concurrently herewith, the Debtors have filed an Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel for Certain Media Litigation Matters (the "DWT Retention Application").

[7] The Debtors erroneously included expenses in the amount of $1,312.49 for the purpose of calculating the applicable Monthly Cap. The correct amount of fees should have been $58,194.69. This correction does not affect the Monthly Cap calculation.

reasonable and necessary. As a result of these additional invoices, however, the Debtors have informed DWT that it has exceeded its Monthly Cap over the applicable two-month period (i.e., February and March 2010) by $4,504.10. The Debtors have advised DWT that because the aggregate fees incurred in the month of March 2010 exceeded the firm's applicable Monthly Cap, DWT is required to seek the Court's allowance of the entire amount of the firm's March 2010 invoices, including for fees and expenses previously paid to DWT. Accordingly, by this Application, DWT hereby requests the allowance of fees in the amount of $62,194.69 and expenses in the amount of $4,581.30 for services rendered to the Debtors during the period from March 1, 2010 through March 31, 2010.

### B. Fees and Expenses Incurred in April 2010

14. In June 2010, the LA Times approved the payment of fees incurred by DWT during the month of April 2010 in the amount of $14,619.66. As noted, at that time, the LA Times had approved invoices incurred by DWT for services rendered in March 2010 in the aggregate amount of $59,507. Accordingly, at the time the Debtors approved the initial fees incurred by DWT for the month of April 2010, DWT was within the applicable two-month rolling Monthly Cap for such fees. The LA Times has paid DWT $14,619.66 in fees and $628.20 in expenses on account of services rendered in April 2010.

15. Since June 2010, however, the LA Times received invoices for fees incurred by DWT relating to work performed on behalf of the LA Times during April 2010 in the aggregate amount of $79,475.93. Moreover, as described above, the Debtors received additional invoices for fees incurred by DWT in the month of March 2010 that had not been considered in the Debtors' initial calculation of the applicable two-month rolling Monthly Cap (i.e., March and April 2010). The aggregate fees incurred by DWT in March 2010 total

$62,194.69 and the aggregate fees incurred by DWT in April 2010 total $94,095.59. As a result, the Debtors have informed DWT that it has exceeded the Monthly Cap over the applicable two-month period by $56,290.28. The Debtors have advised DWT that because the aggregate fees incurred in the month of April 2010 exceeded the firm's applicable Monthly Cap, DWT is required to seek the Court's allowance of the entire amount of the firm's April 2010 invoices, including for fees and expenses previously paid to DWT. Accordingly, by this Application, DWT hereby requests the allowance of fees in the amount of $94,095.59 and expenses in the amount of $1,848.37 for services rendered to the Debtors during the period from April 1, 2010 through April 30, 2010.

### C. Fees and Expenses Incurred in May 2010

16. The LA Times has reviewed invoices submitted to them by DWT for fees incurred during the month of May 2010 and has approved and necessary and proper fees incurred by DWT in the month of May 2010 in the aggregate amount of $61,106.45. As noted above, the Debtors ultimately approved and proper fees incurred by DWT in the month of April in the aggregate amount of $94,095.59. The Debtors have informed DWT that it has exceeded its Monthly Cap over the applicable two-month period (i.e., April and May 2010) by $55,202.04. The Debtors have advised DWT that because the aggregate fees incurred in the month of May 2010 exceeded the firm's applicable Monthly Cap, DWT is required to seek the Court's allowance of the entire amount of the firm's May 2010 invoices. Accordingly, by this Application, DWT hereby requests the allowance of fees in the amount of $61,106.45 and expenses in the amount of $5,419.85 for services rendered to the Debtors during the period from May 1, 2010 through May 31, 2010.

8

DWT 15912636v1 0026175-000004

**D.   Fees and Expenses Incurred in June 2010**

17.   The LA Times has reviewed invoices submitted to them by DWT for fees incurred during the month of June 2010 and has approved and necessary and proper fees incurred by DWT in the month of June 2010 in the aggregate amount of $57,329.81. As noted above, the Debtors approved as necessary and proper fees incurred by DWT in the month of May 2010 in the aggregate amount of $61,106.45. The Debtors have informed DWT that it has exceeded its Monthly Cap over the applicable two-month period (i.e., May and June 2010) by $18,436.35. The Debtors have advised DWT that because the aggregate fees incurred in the month of June 2010 exceeded the firm's applicable Monthly Cap, DWT is required to seek the Court's allowance of the entire amount of the firm's June 2010 invoices. Accordingly, by this Application, DWT hereby requests the allowance of fees in the amount of $57,329.81 and expenses in the amount of $3,228.43 for services rendered to the Debtors during the period from June 1, 2010 through June 30, 2010.

## RELIEF REQUESTED

18.   By this Application, DWT seeks the allowance of fees in the aggregate amount of $274,726.54 and expenses in the aggregate amount of $15,077.95 for services rendered to the Debtors during the period from March 1, 2010 through June 30, 2010, as follows:

   a.   $62,194.69 and expenses in the amount of $4,581.30 for services rendered to the Debtors during the period from March 1, 2010 through March 31, 2010;

   b.   $94,095.59 and expenses in the amount of $1,848.37 for services rendered to the Debtors during the period from April 1, 2010 through April 30, 2010;

   c.   $61,106.45 and expenses in the amount of $5,419.85 for services rendered to the Debtors during the period from May 1, 2010 through May 31, 2010; and

DWT 15912636v1 0026175-000004

  d. $57,329.81 and expenses in the amount of $3,228.43 for services rendered to the Debtors during the period from June 1, 2010 through June 30, 2010.

19. Additionally, DWT requests authorization to retain amounts previously paid to it by the Debtors on account of such fees and expenses and the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on <u>Exhibits A-C</u> to this Application.

## **BASIS FOR RELIEF REQUESTED**

20. The net effect of the increased activity in the various Media Litigation Matters on which DWT represents the LA Times in the months of March 2010 through June 2010 has been a correspondingly greater-than-anticipated expenditure of time and services by DWT. DWT contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by litigation counsel for matters of this type. Further, DWT submits that the Debtors' estates have benefitted from the legal services that DWT has provided to the LA Times with respect to the Media Litigation Matters.

### **Request for Limited Waiver of Interim Compensation Procedures**

21. In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course

DWT 15912636v1 0026175-000004

Professionals.[8] DWT respectfully submits that good cause similarly exists for the Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay DWT the full amount of the fees and expenses it incurred during the period from March 1, 2010 through June 30, 2010, rather than requiring DWT to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Such fees and costs were incurred several months prior to when the Debtors determined that it would be necessary for DWT to file this Application to seek the Court's approval of the fees requested, and DWT understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, DWT requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications following the Court's entry of an order approving the DWT Retention Application.

### Payment from Debtors; No Sharing of Compensation

22. DWT has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the LA

---

[8] See, e.g., Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I 5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

Times in these chapter 11 cases. There is no agreement between DWT and any other party for the sharing of compensation to be received for the services rendered by DWT to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

23. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

24. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

25. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, DWT respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $274,726.54 and expenses in the aggregate amount of $15,077.95 for services rendered to the Debtors during the period from March 1, 2010 through June 30, 2010; (ii) authorizing DWT to retain amounts previously paid to it by the Debtors on account of such fees and expenses, (iii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iv) granting such further relief as is just and proper.

Dated: November 2, 2010

Respectfully submitted,

*/s/ Kelli L. Sager*
Kelli L. Sager
Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6821
Fax: (213) 633-4271