# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF KELLI L. SAGER IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL FOR CERTAIN MEDIA LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, *NUNC PRO TUNC* TO OCTOBER 1, 2010

Kelli L. Sager declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Davis Wright Tremaine LLP ("DWT" or the "Firm"), and I am duly authorized to make this declaration (the "Declaration") on behalf of the Firm. I make this Declaration, pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the Debtors' Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to October 1, 2010 (the "Application").

## DWT's Retention as an Ordinary Course Professional

2. DWT principally represents Los Angeles Times Communications LLC (the "LA Times") with respect to various First Amendment, Internet, and telecommunications matters (collectively, the "Media Litigation Matters"). These include representing the LA Times in its efforts to obtain access to court records and proceedings, pursuing actions under the California Public Records Act, and defending against lawsuits for defamation, invasion of privacy, and other torts, as well as providing general advice on First Amendment and media law topics. The partners, counsel, and associates of DWT, through DWT's representation of the LA Times prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Media Litigation Matters.

3. DWT has been retained by the LA Times as counsel with respect to the Media Litigation Matters in the ordinary course of the Debtors' business, with a Monthly Cap of $50,000, pursuant to this Court's Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order") entered on January 15, 2009 [Docket No. 227].

4. In recent months, DWT has represented the LA Times with respect to various Media Litigation Matters that have arisen or have resulted in unanticipated legal costs subsequent to the Petition Date. These have included a lawsuit under the California Public Records Act against the Los Angeles County Sheriff, in which the LA Times initially was

2

successful, but subsequently was challenged by the officer's union, resulting in substantial unanticipated fees and costs; a lawsuit involving disclosure of the identities of Pasadena police officers who exercised lethal force, in which the union's counsel initiated lengthy discovery fights; and researching and advising the LA Times concerning legal issues about a possible new business initiative. Those representations of the LA Times by DWT, taken together with DWT's pre-existing representations of the LA Times in connection with the pre-existing Media Litigation Matters, caused DWT's fees to exceed the Monthly Cap of $50,000 in each of the months from March to June 2010, inclusive. Moreover, following consultation with the LA Times, DWT has determined that the Media Litigation Matters on which DWT represents the LA Times are now at a level of activity that makes it likely that DWT will exceed the existing Monthly Cap on a regular basis going forward.

5. The Debtors have advised DWT that they have also employed and retained Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or Ordinary Course Professionals. DWT has also been informed that the Debtors recently converted the pre-existing retention of the law firm of Levine Sullivan Koch & Schultz LLP ("Levine Sullivan") from an Ordinary Course Professional to special counsel for certain media-related litigation matters. DWT has advised the Debtors that it does not believe the work it is doing is duplicative with the work being done by Debtors' other professionals, and to the extent there is any overlap, it will make every effort to avoid duplication of effort.

**Payment of DWT's Fees and Expenses**

6.  In connection with DWT's retention being modified from retention as an Ordinary Course Professional to a retention not covered by the OCP Order, the Debtors have advised DWT that DWT will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order"). Contemporaneously with the filing of the Application, DWT has filed an application seeking this Court's allowance of fees and reimbursement of expensed incurred in the months of March 2010, April 2010, May 2010, and June 2010 and will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses in the future.

7.  The Debtors and DWT have agreed that, as was the case while DWT rendered services to the Debtors as an Ordinary Course Professional and subject to the Court's approval, DWT will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases.

4

8. DWT's current billing rates range from $675.00 to $390 per hour for partners, $400 to $240 per hour for associates, and $180 to $69 per hour for para-professionals. The aforementioned rates are subject to adjustment on a periodic basis. In addition to its hourly rates, DWT customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses.

9. As previously disclosed by DWT in connection with its retention by the Debtors as an Ordinary Course Professional in these cases, DWT held unallocated funds on account in the amount of $39,173.52 as of the Petition Date. See Affidavit of Alonzo Wickers IV, filed February 13, 2009 (the "Wickers Affidavit") [Docket No. 380]. Such funds were applied to the fees and expenses incurred by DWT during the months of January, May, July and August, 2009. DWT is not owed any additional amount on account of prepetition services rendered to the Debtors. DWT received approximately $378,770 from the Debtors within one year prior to the Petition Date on account of services rendered with regard to the Media Litigation Matters.

**DWT Does Not Represent or Hold any Adverse Interest with Respect to the Matters on Which it is to be Employed**

10. In connection with the Debtors' retention of DWT as an Ordinary Course Professional in these cases, the Debtors provided DWT with a list of the entities identified in Rule 2014(a) (collectively, the "Interested Parties") for purposes of searching DWT's records to determine any connection(s) that DWT may have with the Interested Parties.

11. As disclosed in the previously-filed Wickers Affidavit, DWT does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which DWT continues to be engaged. All information with respect to DWT's connections

5

with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth in the previously-filed Wickers Affidavit and is incorporated herein by reference.

12. In connection with the preparation of the Application, the Debtors subsequently provided DWT with an additional list of entities to be searched in DWT's records (the "Additional Interested Parties"). A list of the Additional Interested Parties is attached as Exhibit A. DWT performed an additional conflicts search in its database and made inquiries of its partners and employees to determine whether DWT or any of its attorneys has any connections with, or is currently representing potential parties in interest in these chapter 11 cases.

13. In addition to the parties identified in the Wickers Affidavit, the firm's data base identified the following connections, which are listed on the attached Exhibit B. To the best of my knowledge, information and belief, DWT does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which DWT is proposed to be retained. Accordingly, I believe that DWT satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

14. To the extent that I become aware of any additional connections and/or relations that may be relevant to DWT's representation of the Debtors, I will file an additional supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 2, 2010

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Kelli L. Sager, Esq.

6

EXHIBIT A

## RULE 2014 LIST – TRIBUNE CNLBC, LLC

### DEBTOR

Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC)

### DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS

Harry A. Amsden*
Chandler Bigelow III*
David P. Eldersveld*
Oneri Fleita
James J. Hendry
Crane H. Kenney
Brian F. Litman*
Michael R. Lufrano
Mark E. McGuire
John F. Poelking*
Jodi L. Reischl
Jack Rodden*
Patrick M. Shanahan*
Gerald A. Spector*

### TWENTY LARGEST UNSECURED CREDITORS

BD&A
Boise Hawks Baseball Club LLC
Bunzl
Chicago Cubs Charities
Chicago Transit Authority
Complejo Latinoamericana Baseball
Cubs Care
Daytona Cubs
Ernie Banks International Inc.
Hampton Inn and Suites
JP Morgan Chase Bank, NA*
Jose Serra
Luis Vizcaino
Major League Baseball
Merrill Lynch Capital Corporation*
Northwestern Memorial Hospital
Profinancial Services Inc.
Structural Shop Ltd.
The Langham Huntington Pasadena
Westin Diplomat Resort & Spa

---

* This party was included in the Rule 2014 list of Tribune Company, et al.

## COUNTERPARTIES TO FORMATION AGREEMENT

Chicago Cubs Dominican Baseball Operations, LLC
Chicago National League Ball Club, LLC
Diana-Quentin, LLC
RAC Education Trust OSA, LLC
Ricketts Acquisition LLC
Tribune Company[*]
Tribune Sports Network Holdings, LLC
Wrigley Field Premium Ticket Services, LLC

EXHIBIT B

1. In addition to the parties listed in the previously filed Wickers Affidavit, Davis Wright Tremaine LLP ("DWT") currently represents or has represented the following Additional Interested Parties in matters unrelated to the Tribune Company bankruptcy petition.

Hampton Inn and Suites

2. In addition to the parties listed in the previously filed Wickers Affidavit, DWT has been adverse to the following Additional Interested Parties in matters unrelated to the Tribune Company bankruptcy petition.

Mark McGuire

Major League Baseball