# EXHIBIT A

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Tribune Company, et. al.** | Case Number:<br>**08-13141 (KJC)** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Ivan J. Bates** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent (if different from above):<br>**Brian K. Telfair, Esquire**<br>**The Telfair Law Firm**<br>**3007 Brook Road**<br>**Richmond, VA 23227**<br>Telephone number: **(804) 339-0556** | **Court Claim Number:** _____<br>*(if known)*<br><br>Filed on: _____ |
| Name and address where payments should be sent (if different from above) :<br><br>**Same**<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ **Contingent, Liquidated**<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** __See Attached__<br>(See instruction #2 on reverse side) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before |
| **3. Last four digits of any number by which creditor identifies debtor:** ____<br><br>**3a. Debtor may have scheduled account as:** ____<br>(See instruction #3a on reverse side) | filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5). |
| **4. Secured Claim (** See instruction #4 on reverse side)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe: ____<br><br>Value of Property: $ ____  Annual Interest Rate ___ %<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$ ____  Basis for perfection: ____<br>Amount of Secured Claim: $ ____  Amount Unsecured: $ ____ | ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental unites – 11 U.S.C. § 507(a)(8)<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>**Amount entitled to priority:**<br><br>$ ____ |
| **6. Credits:** The amount of all payments on this claim. | *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

**6. Credits:** The amount of all payments on this claim.

**7. Documents:** Attach redacted copies of any orders, invoices, itemized statements of running accounts. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

**DO NOT SEND ORIGINAL DOCUMENTS. SCANNING.**

If the documents are not available, please explain:

Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)    0000006643

| | |
|---|---|
| Date:<br>8/24/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

FILED / RECEIVED<br>AUG 2 5 2010<br>EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

WM1A 963759v1 08/23/10

2009 AUG -7 AM 11: 07

Circuit Court for Baltimore City
_____
City or County

CIVIL DIVISION

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
  *Plaintiff: This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*
  *Defendant: You must file an Information Report as required by Rule 2-323(h).*
  **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER _____
Clerk to insert

CASE NAME: Ivan J. Bates _____ vs. Melissa Harris, et al.
Plaintiff                                    Defendant

JURY DEMAND: ☒ Yes ☐ No    Anticipated length of trial:_____ hours or 3 days
RELATED CASE PENDING? ☐ Yes ☒ No    If yes, Court and case #(s) if known: _____

Special Requirements? ☐ Interpreter/communication impairment . Which language_____
(Attach Form 1-332 if Accommodation or Interpreter Needed)    Which dialect_____
☐ ADA accommodation:_____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF | |
|---|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** | |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $ |
| ☐ Product Liability | ☐ Other | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☒ Over $100,000 | $ |
| ☐ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | | $ |
| ☒ Libel & Slander | ☐ Other | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other | ☐ Over $20,000 | ☐ Other |
| ☐ Lead Paint | **OTHER** | | |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☐ Other | ☐ Environmental | | |
| | ☐ ADA | | |
| | ☐ Other | | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
  A. Mediation ☐ Yes ☒ No        C. Settlement Conference ☐ Yes ☒ No
  B. Arbitration ☐ Yes ☒ No        D. Neutral Evaluation ☐ Yes ☒ No

**TRACK REQUEST**
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*
  ☐ 1/2 day of trial or less      ☒ 3 days of trial time
  ☐ 1 day of trial time            ☐ More than 3 days of trial time
  ☐ 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.

Date 08/07/09 _____    Signature _____

CC/DCM 002 (Rev. 4/2009)              Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months of
Defendant's Filing

☐ **Standard**
Trial - 18 months of
Defendant's Filing

☐ EMERGENCY RELIEF REQUESTED _____

| | |
|---|---|
| Signature | Date |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ **Expedited** — Trial 60 to 120 days from notice. Non-jury matters.

☐ **Standard-Short** — Trial seven months from Defendant's response. Includes tort with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.

☐ **Standard-Medium** — Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.

☒ **Standard-Complex** — Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.

☐ **Lead Paint** — Fill in: Birthdate of youngest plaintiff_____

☐ **Asbestos** — Events and deadlines set by individual judge.

☐ **Protracted Cases** — Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ **Expedited**
(Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ **Standard**
(Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ **Extended Standard**
(Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ **Complex**
(Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

**CC/DCM 002** (Rev. 4/2009)                    Page 2 of 3

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

IVAN J. BATES,                                    *
                                                  *
                    Plaintiff,                    *
                                                  *
              v.                                  *
                                                  *
MELISSA HARRIS, individually, and as              *
an employee of The Baltimore Sun                  *
Company                                           *    CASE NO.:
                                                  *
Serve:                                            *    VERIFIED COMPLAINT
                                                  *
501 N. Calvert Street                             *
Baltimore, Maryland 21202                         *
                                                  *
And                                               *
                                                  *
JULIE BYKOWICZ, individually, and as              *
an employee of The Baltimore Sun                  *
Company                                           *
                                                  *
Serve:                                            *
                                                  *
501 N. Calvert Street                             *
Baltimore, Maryland 21202                         *
                                                  *
And                                               *
                                                  *
THE BALTIMORE SUN COMPANY,                        *
                                                  *
Serve:                                            *
Prentice Hall Corporation System                  *
Resident Agent                                    *
7 St. Paul Street                                 *
Suite 1660                                        *
Baltimore, MD 21202                               *
                                                  *
                    Defendants.                   *
                                                  *

## COMPLAINT

Plaintiff, IVAN J. BATES ("Mr. Bates") by and through his undersigned counsel,

files this Complaint against Defendants, MELISSA HARRIS ("Harris"), individually,

and as an employee of The Baltimore Sun Company, JULIE BYKOWICZ ("Bykowicz"),

individually, and as an employee of The Baltimore Sun Company, and THE

BALTIMORE SUN COMPANY and in support thereof, states as follows:

## PARTIES

1.      Plaintiff, Mr. Bates is an attorney licensed to practice

law in the state of Maryland and maintains his business office in Baltimore City,

Maryland.  Mr. Bates is a resident of Baltimore City, Maryland.

2.      The Baltimore Sun Company owns, prints and is responsible for content in

the Baltimore Sun print newspaper and on its Internet counterpart, the baltimoresun.com.

3.      Defendant Harris is a reporter employed by The Baltimore Sun Company

and was so employed at all relevant times.

4.      Defendant Bykowiczis a reporter employed by The Baltimore Sun

Company and was so employed at all relevant times.

## JURISDICTION AND VENUE

5.      This court has jurisdiction pursuant to Maryland Code Ann. §6-102-103,

as Defendant The Baltimore Sun Company maintains its principal place of business in the

state of Maryland, transacts business or performs work in the state of Maryland and has

caused tortious injury in the state of Maryland by an act committed in the state of

Maryland.

2

6.    This court has jurisdiction pursuant to Maryland Code Ann. §6-102-103, as Defendants Harris and Bykowicz are domiciled in the state of Maryland, transact business or perform work in the state of Maryland and have caused tortious injury in the state of Maryland by an act committed in the state of Maryland.

7.    Venue is proper in this court pursuant to Maryland Code Ann. §6-201, as Defendant The Baltimore Sun Company carries on regular business in Baltimore City, Maryland and maintains its principal offices in Baltimore City, Maryland.

8.    Venue is proper in this court pursuant to Maryland Code Ann. §6-201, as Harris and Bykowicz are employed in Baltimore City, Maryland and carry on regular business in Baltimore City, Maryland.

## STATEMENT OF FACTS

9.    This action arises out of two defamatory and libelous articles written by Defendants Melissa Harris and Julie Bykowicz and published on the baltimoresun.com, a website maintained by The Baltimore Sun Company. Both articles were written by Harris and one of these articles was co-authored by Bykowicz. Both of the defamatory and libelous articles were additionally published in the Baltimore Sun print newspaper.

10.    At all relevant times, Harris and Bykowicz were acting within the scope of their employment with The Baltimore Sun Company; Harris and Bykowicz's actions were incident to the performance of their duties as reporters for the Baltimore Sun Company; and at all relevant times, Harris and Bykowicz were acting in furtherance of the business of The Baltimore Sun Company such that Harris and Bykowicz's acts were authorized by The Baltimore Sun Company.

3

## COUNT I
## DEFAMATION

11.     On or about August 8, 2008, The Baltimore Sun Company published an article on the baltimoresun.com entitled *'Street Justice' seeps into court strategy: Accusations link defense lawyer to defendants' culture,* which contained defamatory and libelous statements against Mr. Bates.  The article was again published on or about August 9, 2008 in the Baltimore Sun print newspaper.  Both versions of the article were co-authorized by Bykowicz and Harris.

12.     On or about August 13, 2008, Defendants published an article written by Harris entitled *Attorney accuses ex-client: Defense lawyer says he was threatened* on the baltimoresun.com.  This article contained defamatory and libelous statements against Mr. Bates.

13.     The Baltimore Sun print newspaper and its Internet counterpart, baltimoresun.com, have a widespread readership among Mr. Bates' colleagues, clients and potential clients located in Baltimore City, Maryland and the surrounding counties.

14.     The aforementioned articles were related to Mr. Bates' testimony in the criminal trial of a former client, Charles Robinson ("Robinson") who was accused of robbery, among other offenses ("Robinson trial").  Specifically, the articles focused on accusations that Mr. Bates, at the time that he represented Robinson, had negotiated a contract in which Robinson agreed to pay a sum of $690 in exchange for the victim of the alleged robbery agreeing to not pursue any civil and criminal remedies in connection with the robbery.  As evident from the plain words of the contract, the contract was not at all

4

related to Mr. Bates' representation of Robinson and was not negotiated to prevent the victim from pursuing civil or criminal action against Robinson.

15.    In the August 8, 2008 baltimoresun.com article and the August 9, 2008 Baltimore Sun print article, Defendants wrote and published the following defamatory and libelous statements:

> "In an interview Friday, Bates denied any wrongdoing. 'That contract had nothing to do with Charles Robinson,' he said. He asserted it was to prevent a civil action."

16.    Defendants published Mr. Bates' statement out of context by omitting relevant portions of Mr. Bates' statement in which Mr. Bates stated that the contract was to "prevent civil and criminal actions on behalf of Auto Barn and Wendy Fields."

17.    The omissions of these relevant portions of Mr. Bates' statement makes the publication false, misleading and defamatory in that when read within the context of the entire August 8, 2008 article, the publication suggests that Mr. Bates admitted to negotiating an unethical contract to prevent a civil action against Robinson. To the contrary, Robinson was not a party to the contract. Harris reviewed a videotape of the Robinson trial in which the evidence was introduced, and therefore, had the ability to stop, rewind and carefully review the hearing in order to get all of the facts correct. Therefore, Harris had knowledge that Robinson was not a party to the contract.

18.    Defendants knowingly, maliciously, or with a reckless disregard for the truth, omitted relevant portions of Mr. Bates' statements such that the statement would be false, and Defendants did so with the intention to defame Mr. Bates in his profession and his reputation.

5

19.     In the alternative, Defendants negligently wrote and published the defamatory and libelous statements against Mr. Bates.

20.     In the August 8, 2008 baltimoresun.com article and the August 9, 2008 Baltimore Sun print article, Defendants also wrote and published the following defamatory and libelous statements against Mr. Bates:

> "During a bench conference, the judge [who presided over Robinson's criminal trial] said that she, too, was "surprised" to see that the contract was facilitated by Bates and drawn up on his letterhead."

21.     Harris reviewed a videotape of the Robinson trial in which the evidence proved that the contract was not drawn up on Mr. Bates' letterhead or the letterhead of Mr. Bates' law firm. Therefore, Defendants, maliciously, while knowing the statement to be false, or with a reckless disregard for the truth, wrote and published the aforementioned misleading, false and defamatory statements against Mr. Bates.

22.     In the alternative, Defendants negligently wrote and published the defamatory and libelous statements against Mr. Bates.

23.     On or about August 8, 2008, Mr. Bates' colleague, Tony Garcia ("Garcia"), applied for a Statement of Charges against Robinson. In his statement, Garcia alleged that Robinson had attempted to intimidate and threaten Garcia on August 8, 2008 by demanding that Garcia tell Mr. Bates to refund Mr. Bates' fee for Mr. Bates' previous representation of Robinson.

24.     In the August 13, 2008 baltimoresun.com article, Defendants wrote and published the following defamatory and libelous statements against Mr. Bates:

6

> "Tony M. Garcia is alleging that Charles Robinson, 31,
> confronted him and demanded that his colleague, defense
> attorney Ivan Bates, refund him his $2,500 fee."

25.   Garcia's Application for a Statement of Charges did not mention the

amount of Mr. Bates' fee for which Robinson was demanding a refund. The $2,500 fee

amount published in the baltimoresun.com is completely false and has no basis in fact. If

Defendants had made a good faith inquiry to determine the amount of the fee before

publishing the August 13, 2008 article, they would have determined that Mr. Bates only

received a fee in the amount of $1,000 for his representation of Robinson. Therefore,

Defendants maliciously, while knowing the statement to be false, or showing a reckless

disregard for the truth, wrote and published the aforementioned misleading, false and

defamatory statements.

26.   In the alternative, Defendants negligently wrote and published the

defamatory and libelous statements against Mr. Bates.

27.   In the August 13, 2008 article published on the baltimoresun.com,

Defendants also wrote and published the following defamatory and libelous statements

against Mr. Bates:

> "Bates and Garcia tried to get out of testifying by bringing
> in their own attorneys and invoking the attorney-client
> privilege and their Fifth Amendment right to avoid self-
> incrimination."

28.   Despite the fact that Harris reviewed a videotape of the Robinson trial in

which the presiding judge confirmed on the record that Mr. Bates did not invoke the 5th

Amendment right to avoid self-incrimination, Defendants published statements to the

contrary. Therefore, Defendants maliciously, while knowing the statement to be false, or .

7

with a reckless disregard for the truth, wrote and published the aforementioned

misleading, false and defamatory statements against Mr. Bates.

29.     In the alternative, Defendants negligently wrote and published the

defamatory and libelous statements against Mr. Bates.

30.     In the August 13, 2008 baltimoresun.com article, Defendants also wrote

and published the following defamatory and libelous statements against Mr. Bates:

> "[During Robinson's criminal trial,] Garcia testified that
> Bates asked him to draw up the contract based on the
> outcome of negotiations between Robinson's mother and
> the victim.    Garcia wasn't involved in those talks, he
> testified.  Bates denied on the witness stand ever asking
> Garcia to author the contract, which was on Bates'
> letterhead."

31.     Throughout the Robinson trial, Mr. Bates never denied asking Garcia to

draft the contract.  In fact, Mr. Bates affirmatively acknowledged that he asked Garcia to

draft the contract.  Additionally, the presiding judge further confirmed that Mr. Bates did

not deny that he asked Garcia to draft the contract.  After Harris reviewed a videotape of

the Robinson trial and heard this evidence, Defendants nevertheless wrote and published

the August 13, 2008 article stating that Mr. Bates denied asking Garcia to draft the

contract.  Indeed, trial testimony reveals that Mr. Robinson's mother, the General

Manager of Auto Barn as well as Richard Felty agreed to said contract and then went to a

lawyer seeking assistance for the pre-negotiated contract.  Therefore, Defendants

maliciously, while knowing the statement to be false, or with a reckless disregard for the

truth, wrote and published the aforementioned misleading, false and defamatory

statements against Mr. Bates.

32.    In the alternative, Defendants negligently wrote and published the defamatory and libelous statements against Mr. Bates.

33.    Further the August 13, 2008 article published on the baltimoresun.com falsely states that the contract was drawn up on Mr. Bates' letterhead.  As stated above, Harris reviewed a videotape of the Robinson trial in which the evidence was that the contract was not drawn up on Mr. Bates' letterhead or the letterhead of Bates' law firm. Therefore, Defendants maliciously, while knowing the statement to be false, or showing a reckless disregard for the truth, wrote and published the aforementioned misleading, false and defamatory statements.

34.    In the alternative, Defendants negligently wrote and published the defamatory and libelous statements against Mr. Bates.

35.    In the August 13, 2008 article published on the baltimoresun.com, Defendants also wrote and published the following defamatory and libelous statements against Mr. Bates:

> "During a bench conference, Judge Shirley M. Watts said the contract was 'not the best thing to do,' and Bates' attorney said the veteran's lawyer's license was at risk."

36.    Defendants wrote and published these statements from Mr. Bates' attorney, Thomas Donnely ("Donnely") out of context by omitting relevant portions. Instead, Donnely's statements regarding Mr. Bates' license being at risk were made with respect to Mr. Bates' concern about the trial court requiring him to testify regarding information protected by the attorney-client privilege between Mr. Bates and his clients. Again, Defendants published these statements despite the fact that Harris reviewed a

9

videotape of the Robinson trial and was aware these statements were misleading and defamatory.

37.    The omissions of these relevant portions of Donnely's statement make the publication false, misleading and defamatory.

38.    Defendants published the aforementioned false statements on the baltimoresun.com and The Baltimore Sun print newspaper to readers regarding the circumstances surrounding Mr. Bates' former representation of Robinson and Mr. Bates' testimony at Robinson's trial. The falsity of the statements was known to Defendants, or Defendants exhibited a reckless disregard for the truth of the statements; Defendants published the statements with malice and with the intention of causing harm to Mr. Bates' reputation and profession; and the false statements were published in such a manner as to maximize the damage to Mr. Bates' profession and reputation.

39.    In the alternative, Defendants negligently made the aforementioned false and defamatory statements about Mr. Bates.

40.    By publishing the aforementioned false statements, Defendants imputed to Mr. Bates a want of integrity in the discharge of his employment as an attorney. Defendants conveyed this false and defamatory meaning through each of their specific statements as well as the combination of such statements and the juxtaposition of words, which in the aggregate of each publication, and in the context of all publications, conveyed the foregoing defamatory and false meanings concerning Mr. Bates.

41.    Each and every one of Defendants' statements as alleged is false.

10

42.     As a direct and proximate cause of Defendants writing and publishing the

false statements, the character and reputation of Mr. Bates were harmed, his standing,

business relationships and reputation in the community were impaired, and he has

suffered mental anguish and personal humiliation.

43.     Mr. Bates is entitled to compensatory and punitive damages under these

circumstances.

WHEREFORE, the Plaintiff, IVAN J. BATES, demands judgment be entered

against the Defendants for compensatory damages in the full and just amount of NINE

MILLION DOLLARS ($9,000,000.00), and punitive damages in the full and just amount

of FOUR MILLION DOLLARS ($4,000,000.00) plus costs, pre-judgment interest, and

post- judgment interest.

<u>COUNT II</u>
<u>DEFAMATION PER SE</u>

44.     The allegations set forth in the preceding paragraphs are incorporated

herein by reference.

45.     In the August 13, 2008 article published on the <u>baltimoresun.com</u>,

Defendants also wrote and published the following defamatory and libelous statements

against Mr. Bates:

> "Bates and Garcia tried to get out of testifying by bringing
> in their own attorneys and invoking the attorney-client
> privilege and their Fifth Amendment right to avoid self-
> incrimination."

11

46.     In the August 13, 2008 article published on the baltimoresun.com,

Defendants also wrote and published the following defamatory and libelous statements

against Mr. Bates:

> "During a bench conference, Judge Shirley M. Watts said
> the contract was 'not the best thing to do,' and Bates'
> attorney said the veteran lawyer's license was at risk."

47.     As alleged, Mr. Bates did not invoke the Fifth Amendment right to avoid

self-incrimination in the Robinson trial. As also alleged, Defendants took Donnely's

words out of context with respect to Mr. Bates' law license being at risk, making the

statement false, misleading and defamatory against Mr. Bates.

48.     By publishing the false statements, Defendants imputed to Mr. Bates a

want of integrity in the discharge of his employment as an attorney. Defendants

conveyed this false and defamatory meaning through each of their specific statements as

well as the combination of such statements and the juxtaposition of words, which in the

aggregate of each publication, and in the context of all publications, conveyed the

foregoing defamatory and false meanings concerning Mr. Bates.

49.     The falsity of the statements was known to Defendants, or Defendants

exhibited a reckless disregard for the truth of the statements; Defendants published the

statements with malice and with the intention of causing harm to Mr. Bates, the false

statements were published in such a manner as to maximize the damage to Mr. Bates'

reputation.

50.     The injurious character of these false, misleading and defamatory

statements against Mr. Bates is self-evident facts of common knowledge.

12

51.     Each and every one of Defendants' statements as alleged are false and defamatory *per se*.

52.     As a direct and proximate cause of Defendants making and publishing the false statements, Mr. Bates has suffered harm to his reputation, business relationships and profession as well as humiliation, embarrassment inconvenience and other damages.

53.     Mr. Bates is entitled to compensatory and punitive damages under these circumstances.

WHEREFORE, the Plaintiff, IVAN J. BATES, demands judgment be entered against the Defendants for compensatory damages in the full and just amount of NINE MILLION DOLLARS ($9,000,000.00), and punitive damages in the full and just amount of FOUR MILLION DOLLARS ($4,000,000.00) plus costs, pre-judgment interest, and post- judgment interest.

COUNT III
TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

54.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

55.     Defendants intentionally, willfully, wantonly and maliciously wrote and published the false statements against Mr. Bates, which were designed and calculated to interfere with Mr. Bates' lawful business relationships; they were written and published by Defendants with the unlawful purpose of causing damage and loss to Mr. Bates, with the intent to cause injury to him, and were without justifiable cause.

56.     Each and every one of Defendants' statements as alleged is false.

13

57.    By publishing the false statements, Defendants imputed to Mr. Bates a want of integrity in the discharge of his employment as an attorney.  Defendants conveyed this false and defamatory meaning through each of their specific statements as well as the combination of such statements and the juxtaposition of words, which in the aggregate of each publication, and in the context of all publications, conveyed the foregoing defamatory and false meanings concerning Mr. Bates.

58.    As a direct and proximate cause of Defendants making and publishing the false statements, Mr. Bates has suffered harm to his reputation, profession and business relationships.

59.    Mr. Bates is entitled to punitive damages under these circumstances.

WHEREFORE, the Plaintiff, IVAN J. BATES, demands judgment be entered against the Defendants for compensatory damages in the full and just amount of NINE MILLION DOLLARS ($9,000,000.00), and punitive damages in the full and just amount of FOUR MILLION DOLLARS ($4,000,000.00) plus costs, pre-judgment interest, and post- judgment interest.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.    The allegations set forth in the preceding paragraphs are incorporated herein by reference.

61.    Each and every one of Defendants' statements as alleged are false.

62.    Defendants intentionally and maliciously wrote and published the false statements against Mr. Bates, while knowing them to be false, or with a reckless disregard for their truth or veracity.

14

63.     Defendants' conduct was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to Mr. Bates.

64.     The aforesaid conduct by Defendants was extreme and so outrageous in character so as to go beyond the bounds of decency in society.

65.     The aforementioned conduct of Defendants was malicious, willful and intentional.

66.     As a direct and proximate cause of Defendants' conduct, Mr. Bates has suffered and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, the Plaintiff, IVAN J. BATES, demands judgment be entered against the Defendants for compensatory damages in the full and just amount of NINE MILLION DOLLARS ($9,000,000.00), and punitive damages in the full and just amount of FOUR MILLION DOLLARS ($4,000,000.00) plus costs, pre-judgment interest, and post- judgment interest.

Respectfully submitted,


IVAN J. BATES, ESQUIRE
Plaintiff


David Ellin, Esquire
The Law Office of David Ellin, PC
20 South Charles Street
Baltimore, Maryland 21201
(410) 727-1005
(410) 727-1003 (facsimile)

Counsel for Plaintiff


15

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| IVAN J. BATES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| MELISSA HARRIS, individually, and as | * |
| an employee of The Baltimore Sun | * |
| Company | *   CASE NO.: |
| | * |
| Serve: | *   VERIFIED COMPLAINT |
| 501 N. Calvert Street | * |
| Baltimore, Maryland 21202 | * |
| | * |
| And | * |
| | * |
| JULIE BYKOWICZ, individually, and as | * |
| an employee of The Baltimore Sun | * |
| Company | * |
| | * |
| Serve: | * |
| 501 N. Calvert Street | * |
| Baltimore, Maryland 21202 | * |
| | * |
| And | * |
| | * |
| THE BALTIMORE SUN COMPANY, | * |
| | * |
| Serve: | * |
| Prentice Hall Corporation System | * |
| Resident Agent | * |
| 7 St. Paul Street | * |
| Suite 1660 | * |
| Baltimore, MD 21202 | * |
| | * |
| Defendants. | * |
| | * |

16

## PLAINTIFF'S REQUEST FOR JURY TRIAL

The Plaintiff, Ivan J. Bates, pursuant to Maryland Rule 2-325, prays a trial by jury

on all issues.

David Ellin, Esquire
The Law Office of David Ellin, PC
20 South Charles Street
Baltimore, Maryland 21201
(410) 727-1005
(410) 727-1003 (facsimile)

Counsel for Plaintiff

## VERIFICATION

STATE OF MARYLAND;
COUNTY OF BALTIMORE , to wit

This day in the aforesaid jurisdiction, IVAN J. BATES , personally

appeared before me, the undersigned Notary Public, in and for the aforesaid jurisdiction,

and made an oath before me that he has personal knowledge of the matters alleged in the

foregoing Verified Complaint and that the facts set forth in the foregoing Verified

Complaint are true and correct.

AND FURTHER THIS AFFIANT SAITH NOT.

TAMARA D. McDERMOTT
NOTARY
PUBLIC
BALTIMORE CO., MD

My comm. exp. Apr. 30, 2011

NOTARY PUBLIC

17



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel 302.654.7444  Fax 302.656.8920
www.foxrothschild.com

L. Jason Cornell
Direct Dial:  (302) 427-5512
Email Address:  jcornell@foxrothschild.com

August 24, 2010

VIA FEDERAL EXPRESS

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 3rd Avenue, 3rd Floor
New York, NY 10017

> **In Re: Tribune Company, et. al.  Case No. 08-13141 (KJC)**
> **Our Client: Ivan J. Bates**

Dear Sir or Madame:

Our office represents Ivan J. Bates in the above-captioned bankruptcy proceeding. Enclosed is a Proof of Claim submitted on behalf of our client. We also enclose an additional copy of our client's Proof of Claim and a self addressed postage prepaid Federal Express envelope.

Please clock in both copies of the enclosed claim form and return one copy to us in the Federal Express envelope provided to you. Should you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

L. Jason Cornell

LJC:sic

cc: Brian K. Telfair, Esquire

A Pennsylvania Limited Liability Partnership

| California | Delaware | Florida | Nevada | New Jersey | New York | Pennsylvania |

WM1A 962881v1 08/24/10

PS|Ship - FedEx Label                                                    Page 1 of 2



1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.