## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, <u>et al.</u>,<br><br>     Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 4620 and 5112** |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE
DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2010**

   The Official Committee of Unsecured Creditors (the **"Committee"**) of Tribune

Company and its various debtor-subsidiaries (collectively, the **"Debtors"** or **"Tribune"**),

respectfully submits this limited objection (the **"Limited Objection"**) to the Motion of the

Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for

2010, as revised by the Debtors' Notice of Revision to 2010 Management Incentive Plan (the

**"2010 MIP Motion"**), and respectfully represents as follows:

## LIMITED OBJECTION

   1.  The 2010 MIP Motion requests that the Court authorize a Management Incentive

Plan (**"MIP"**) which would establish bonus goals for approximately 640 of the Debtors'

executives and management employees for the year 2010 (the **"Proposed 2010 MIP"**).  Under

the Proposed 2010 MIP, these executives and management employees are eligible to receive

payout opportunities based on meeting or exceeding projections of planned 2010 consolidated

operating cash flow.  For the vast majority of the 640 Tribune executives and management

employees eligible to receive a bonus under the Proposed 2010 MIP (each, a **"2010 MIP**

**Participant"**), the Committee recognizes that such bonus compensation is appropriate and in the

best interests of the Debtors' estates.

2.      However, five current members of Tribune's management, Chandler Bigelow, Daniel G. Kazan, Harry Amsden, Robert Gremillion, and David D. Williams, (each, an **"Identified Individual"**) are (a) implicated in the Report of Kenneth N. Klee, as Examiner, dated July 26, 2010 (the **"Examiner's Report"**) as possibly having been involved in wrongdoing or having acted inconsistently with their fiduciary obligations in connection with the 2007 leveraged buy-out of Tribune Company (the **"Leveraged ESOP Transaction"**), and (b) named as defendants in the adversary proceeding brought by the Committee against third parties on behalf of the Tribune estates. *See* Complaint, *Official Comm. of Unsecured Creditors v. Fitzsimons* (*In re Tribune Co.*), No. 10-54010-KJC (Bankr. D. Del. Nov. 1, 2010) (No. 1). Although the Debtors maintain that the Identified Individuals committed no wrong and did not act in a manner inconsistent with their fiduciary obligations, in light of the Examiner's findings and the pendency of the Committee's complaint, the Committee asserts that it is premature to reward these individuals with bonuses while those issues remain open and unresolved.[1]

I.      **Paying Bonuses to Identified Individuals While Allegations Against Them Remain Unresolved Is Not A Sound Exercise Of The Debtors' Business Judgment And Should Be Denied.**

3.      The Debtors have acknowledged that the Proposed 2010 MIP must represent a sound exercise of the Debtors' business judgment. *See* 2010 MIP Motion, at ¶ 38. As such, the

---

[1]   In advance of filing this Limited Objection, the Committee engaged the Debtors in discussions regarding modification to the relief initially sought in the 2010 MIP Motion. As a result of such discussions, the Debtors agreed to modify the proposed Order Authorizing, But Not Directing, the Debtors to Implement a Management Incentive Plan for 2010 (the **"Proposed 2010 MIP Order"**) to include a "claw-back" provision that would allow recapture of any MIP payment should it subsequently be determined by this Court or any other court that a 2010 MIP Participant breached his or her fiduciary duty or committed an intentional tortious wrongdoing in connection with the Leveraged ESOP Transaction. The limited nature of the Committee's Limited Objection is dependent upon the continued inclusion of the agreed "claw-back" provision in the Proposed 2010 MIP Order. The Committee reserves its right to object to any and all payments to any of the 2010 MIP Participants if, for whatever reason, the agreed "claw-back" provision is not included in the Proposed 2010 MIP Order.

Debtors' proposal must involve a business judgment made in good faith, upon a reasonable basis.

*See In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 800-01 (Bankr. D. Del. 2007).

4.    Additionally, Courts have long held that transactions involving compensation to insiders should be subject to "rigorous scrutiny." *See Pepper v. Litton*, 308 U.S. 295, 308 (1939).    The Debtors acknowledge in the 2010 MIP Motion that some of the 2010 MIP Participants are statutory insiders.  *See* 2010 MIP Motion at p. 2, n.2.  Such status requires that the Court analyze each of the facts and circumstances related to the requested compensation with heightened scrutiny.

5.    In this case, the Committee believes that the Debtors cannot satisfy their obligation to demonstrate that they have exercised sound business judgment in seeking the disbursement of additional estate funds to the Identified Individuals at this juncture.[2] The reason here is obvious: the Examiner's Report states that certain of the Identified Individuals were "reasonably likely" to have breached their fiduciary duties and/or to have committed intentional tortious wrongdoing, *see* Examiner's Report, Volume Two, p. 386-87, and that the others did "little or no diligence" when asked to authorize guarantees of the billions of dollars of Leveraged

---

[2]  Where incentive payout compensation has been approved under section 503(c)(3), courts often place considerable weight upon the support and input of the estates' respective creditors' committees as independent fiduciaries endorsing the proposed payments as being in the best interest of the debtor's estate. *See, e.g.*, Transcript of Record at 16-17, *In re Tribune Co.*, No. 08-13141-KJC (Bankr. D. Del. Jan. 27, 2010) (relying strongly on the Committee's approval and support of the Debtors' 2009 MIP); Transcript of Record at 87, *In re Nobex Corp.*, No. 05-20050-MFW (Bankr. D. Del. Jan. 12, 2006) (placing "great weight in the fact that the plan has been presented and negotiated with the creditors committee"); *In re Dana Corp.*, No. 06-10354-BRL, 2006 Bankr. LEXIS 3387, at *4 (Bankr. S.D.N.Y. November 30, 2006) (payments supported by creditors' committee); Transcript of Record at 46, *In re Radnor Holdings Corp.*, No. 06-10894-PJW (Bankr. D. Del. Oct. 4, 2006) ("I'm significantly influenced by the position of the committee in this case . . . and I conclude that by not objecting to this revised incentive plan, they believe it's in the best interest of the Estate including their unsecured constituents and I think that says a lot for the Court approving the transaction."); Transcript of Record at 9, *In re Musicland Holding Corp.*, No. 06-10064-SMB (Bankr. S.D.N.Y. Aug. 26, 2006) (payments supported by creditors' committee); Transcript of Record at 10-11, *In re Global Home Prods. LLC*, No. 06-10340-JJF (Bankr. D. Del. Aug. 8, 2006) ("The amounts appear reasonable, and obviously have been reviewed and approved by the Creditors' Committee."); Transcript of Record at 75-76, *In re Calpine Corp.*, No. 05-60200-BRL, (Bankr. S.D.N.Y. Apr. 26, 2006) (payments supported by creditors' committee).

ESOP Transaction debt which led to the Debtors' bankruptcy filings. *See* Examiner's Report, Volume One, p. 137, n. 473.

6.    The Committee fails to see how the Debtors can demonstrate in good faith that they are exercising reasonable business judgment by agreeing now to pay in the near future these five individuals identified by the court-appointed Examiner. This is especially true when the contemplated insider compensation at issue is examined with the "rigorous scrutiny" that is required.

7.    For the foregoing reasons, the Debtors have failed to demonstrate that the Proposed 2010 MIP is justified as it pertains to the Identified Individuals.

## II.    Alternatively, the 2010 MIP Motion Should Be Adjourned With Respect to the Identified Individuals.

8.    In the alternative, the Committee proposes that the 2010 MIP Motion be modified to exclude the Identified Individuals until such time as a full evidentiary record is developed with respect to each Identified Individual's actions in connection with the Leveraged ESOP Transaction and a court determines that each Identified Individual committed no wrong and/or otherwise acted in a manner fully consistent with his fiduciary obligations.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court (a) deny the 2010 MIP Motion insofar as it seeks to authorize the Debtors to establish an immediate payout opportunity for the Identified Individuals or, (b) in the alternative, exclude the Identified Individuals from the Proposed 2010 MIP until such later date as the Court deems appropriate, and/or (c) grant such other and further relief as the Court deems just and proper.

Dated: November 8, 2010
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*