# EXHIBIT A

## Ballots and Instructions

# EXHIBIT A-1

**Ballots and Instructions for Debtors and Co-Proponents Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AND SENIOR GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, Inc. (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (4014); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Senior Loan Claim against Tribune Company and a Senior Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. Senior Loan Claims are classified in Class 1C under the Debtors and Co-Proponents Plan, and Senior Guaranty Claims are classified in Classes 50C-111C under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto.

Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtors and Co-Proponents Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Debtors and Co-Proponents Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions") The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Debtors and Co-Proponents Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter

11 case, but does so after the date of the Solicitation Order (a "<u>Guarantor Non-Debtor</u>"). Your vote to accept or reject the Debtors and Co-Proponents Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.   AMOUNT OF CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and a Senior Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2]  The Holder of the Senior Loan Claim/Senior Guaranty Claim set forth above hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
| --- | --- |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

A vote to accept the Debtors and Co-Proponents Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtors and Co-Proponents Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtors and Co-Proponents Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtors and Co-Proponents Plan.  The Disclosure Statement and the Debtors and Co-Proponents Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtors and Co-Proponents Plan, if the Debtors and Co-Proponents Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

☐ The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

☐ The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

☐ The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.  ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.  CERTIFICATION. By signing this Ballot, the Holder of the Senior Loan Claim/ Senior Guaranty Claim identified in Item 1 certifies that it:

a.  is the Holder of the Senior Loan Claim/Senior Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for on this Ballot;

b.  has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order; and

c.  has not submitted any other Ballots relating to Senior Loan Claims/Senior Guaranty Claims under the Debtors and Co-Proponents Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

      This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

<div style="border:1px solid black">

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("<u>Ballot</u>") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Debtors and Co-Proponents Plan</u>"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you may have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Bridge Loan Claim against Tribune Company that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. Bridge Loan Claims are classified in Class 1D under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.   AMOUNT OF BRIDGE LOAN CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2]  The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
| --- | --- |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

A vote to accept the Debtors and Co-Proponents Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtors and Co-Proponents Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtors and Co-Proponents Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtors and Co-Proponents Plan.  The Disclosure Statement and the Debtors and Co-Proponents Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtors and Co-Proponents Plan, if the Debtors and Co-Proponents Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

    ☐  The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

    ☐  The undersigned have voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

    ☐  The undersigned elects not to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

a.   is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for in this Ballot;

b.   has been provided with a copy of the Debtor and Co-Proponent Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order; and

c.   has not submitted any other Ballots relating to the Bridge Loan Claim under the Debtors and Co-Proponents Plan voted herein that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

     This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.**

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of a Senior Noteholder Claim against Tribune Company that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. Senior Noteholder Claims are classified in Class 1E under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto. In brief, however, Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be

tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.  AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.  VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2] The Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant the releases is at your option. **If you do not grant**

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

**the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

□ The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

□ The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4. ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

□ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5. **CERTIFICATION.** By signing this Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a. it is the Holder of the Senior Noteholder Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for on this Ballot;

b. it has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order;

c. it has not submitted any other Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d. it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e. either (a) this Ballot is the only Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

      This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [      ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this B allot. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Parent Claim against Tribune Company that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. Other Parent Claims are classified in Class 1F under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions") The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.   CONVENIENCE CLASS ELECTION (OPTIONAL). Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Debtors and Co-Proponents Plan.

☐   The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Debtors and Co-Proponents Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2] The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
| --- | --- |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 2B.   ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTORS AND CO-PROPONENTS PLAN (OPTIONAL). Please check the box below if

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtors and Co-Proponents Plan on account of your Other Parent Claim.

☐  The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtors and Co-Proponents Plan for the Other Parent Claim voted herein.

ITEM 3.    RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

☐  The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

☐  The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐  The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for on this Ballot;

b.   has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order; and

c.   has not submitted any other Ballots relating to the Other Parent Claim under the Debtors and Co-Proponents Plan that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:  _____
          (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an EGI-TRB LLC Notes Claim against Tribune Company that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. EGI-TRB LLC Notes Claims are classified in Class 1I under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.  AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a EGI-TRB LLC Notes Claim against Tribune in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2]  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Debtor and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
| --- | --- |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you**

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

**shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

    ☐  The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

    ☐  The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

    ☐  The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.    CERTIFICATION. By signing this Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a.  is the Holder of the EGI-TRB LLC Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for on this Ballot;

    b.  has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order, and that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order; and

    c.  has not submitted any other Ballots relating to the EGI-TRB LLC Notes Claims under the Debtors and Co-Proponents Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan. PHONES Notes Claims are classified in Class 1J under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto. In brief, however, PHONES Notes Claims against Tribune Company under the Debtor and Co-Proponents Plan are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure

Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for in the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.     AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

<div align="center">

$ _____

</div>

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.     VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2] The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims identified in Item 1 hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
| --- | --- |

ITEM 2A.     ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

    ☐   The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 3.     RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

granted such releases. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

☐ The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

☐ The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.    CERTIFICATION. By signing this Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a. it is the Holder of the PHONES Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for on this Ballot;

b. it has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents, and the Solicitation Order;

c. it has not submitted any other Ballots relating to the PHONES Notes Claims under the Debtors and Co-Proponents Plan voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d. it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e. either (a) this Ballot is the only Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

### COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS BALLOTS

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
|  |  |  |
|  |  |  |

| | | |
|---|---|---|
| | | |

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

       This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan"), and make certain elections called for in the Debtors and Co-Proponents Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Debtors and Co-Proponents Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Debtors and Co-Proponents Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of General Unsecured Claim against one of the Filed Subsidiary Debtors, which are all other Debtors listed in footnote 1 on this Ballot other than Tribune Company. General Unsecured Claims against the Filed Subsidiary Debtors are entitled to vote to accept or reject the Debtors and Co-Proponents Plan. General Unsecured Claims against the Filed Subsidiary Debtors are classified in Classes 2E through 111E under the Debtors and Co-Proponents Plan. Those Claims and the treatment to be provided to them under the Debtors and Co-Proponents Plan are described in more detail in the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Debtors and Co-Proponents Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Debtors and Co-Proponents Plan and, if desired, make the elections called for under the Debtors and Co-Proponents Plan, please complete the following:**

ITEM 1.   AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS.  The undersigned certifies that as of [November 9, 2010] (the "<u>Record Date</u>"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.[2]  The Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Debtors and Co-Proponents Plan as follows (check one box only):

| ☐ to ACCEPT the Debtors and Co-Proponents Plan | ☐ to REJECT the Debtors and Co-Proponents Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtors and Co-Proponents Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtors and Co-Proponents Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Debtors and Co-Proponents Plan, you will be deemed to have accepted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you**

---

[2] Section 11.2.2 of the Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan); except as otherwise set forth in the Debtors and Co-Proponents Plan.

**shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan.**

    ☐  The undersigned has voted to accept the Debtors and Co-Proponents Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

    ☐  The undersigned has voted to reject the Debtors and Co-Proponents Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

    ☐  The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtors and Co-Proponents Plan.

ITEM 5.    CERTIFICATION. By signing this Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtor identified in Item 1 certifies that it:

    a.  is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan and make the elections called for in this Ballot;

    b.  has been provided with a copy of the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Debtors and Co-Proponents Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtors and Co-Proponents Plan, and the Solicitation Order; and

    c.  has not submitted any other Ballots relating to the General Unsecured Claims under the Debtors and Co-Proponents Plan voted herein that are inconsistent with the votes and elections as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([     ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING BALLOTS TO VOTE
## ON DEBTORS AND CO-PROPONENTS PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE BLUE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE DEBTORS AND CO-PROPONENTS PLAN WILL BE COUNTED.**

**Why You Have Received a Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors and Co-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proponents Plan").[2] The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans".

You have been identified as the Holder of a Claim that is entitled to vote to accept or reject the Debtors and Co-Proponents Plan, and to make certain elections under that Plan. You have accordingly been sent a blue ballot to allow you to vote on the Debtors and Co-Proponents Plan and, if you wish, make elections called for under the Debtors and Co-Proponents Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Debtors and Co-Proponents Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable Ballot. Votes cast on the blue Ballot to accept or reject the Debtors and Co-Proponents Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Debtors and Co-Proponents Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Ballot.** You have been sent with the Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest containing those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] dated (the "Solicitation Order") that, among other things, approved the General Disclosure Statement, the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider each of the Plans and not only one particular Plan or another.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Debtors and Co-Proponents Plan or the General Disclosure Statement, as applicable.

**Deadline for Returning Ballots.** For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you must complete, sign and date your Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail Ballots directly to the Debtors or to any of the proponents of the Debtors and Co-Proponents Plan. If you do not return your Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Ballot will not be counted.

If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, you must complete, sign and date your beneficial Ballot and return it to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") from which you received your Ballot by no later than the deadline specified by that Voting Nominee. You should ensure you return your Ballot to the Voting Nominee as promptly as possible to ensure that the Voting Nominee has the opportunity to include the vote and election(s) reflected on your beneficial Ballot on a Master Ballot and to return that Master Ballot to the Voting Agent by the Voting Deadline.

**How to Complete Your Ballot.** The following are step-by-step instructions for how to complete your Ballot for voting on the Debtors and Co-Proponents Plan and making the elections called for thereunder:

a.      Item 1:  **Amount of Claim.**

Please certify the amount of your Claim as of [November 9, 2010], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Ballot is the Holder as of the Record Date of a Claim in the aggregate unpaid amount set forth in Item 1 of the Ballot. The preprinted amount of the Claim set forth in Item 1 of the Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Ballot, please see "Questions Concerning Your Claim Amount" below.

b.      Item 1A:  **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Ballot relates to a Claim in any other Class, your Ballot will not contain the Convenience Class Election described here. If your Ballot does not relate to a Class 1F Other Parent Claim, please skip this Item 1A and go to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Debtors and Co-Proponents Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Debtors and Co-Proponents Plan will not be counted; and (d) you will be deemed to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

c.      Item 2:  **Vote to Accept or Reject the Debtors and Co-Proponents Plan.**

Please cast your vote to accept or reject the Debtors and Co-Proponents Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Debtors and Co-Proponents Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Debtors and Co-

3

Proponents Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Debtors and Co-Proponents Plan.

Please be aware that a vote to accept the Debtors and Co-Proponents Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan, unless you elect not to grant such releases by checking the appropriate box on the Ballot. If you vote to reject the Debtors and Co-Proponents Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box on your Ballot. The Debtors and Co-Proponents Plan provides that each Person who votes to accept the Debtors and Co-Proponents Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtors and Co-Proponents Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtors and Co-Proponents Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtors and Co-Proponents Plan, the Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtors and Co-Proponents Plan).

For Holders of Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtors and Co-Proponents Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtors and Co-Proponents Plan, including, without limitation, section 11.2.5 of the Debtors and Co-Proponents Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtors and Co-Proponents Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtors and Co-Proponents Plan.

     d.    <u>Item 2A</u>: **Election to Prefer the Debtors and Co-Proponents Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Debtors and Co-Proponents Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Ballot.

     e.    <u>Item 2B</u>: **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Ballot relates to a Claim in any other Class, your Ballot will not contain the Treatment Election described here. If your Ballot does not relate to a Class 1F Other Parent Claim, please skip this Item 2B and go to Item 3 below.*

The Debtors and Co-Proponents Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.6(c) of the Debtors and Co-Proponents Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtors and Co-Proponents Plan for your Class 1F Other Parent Claim. If you

CHI 5531410v.3

do not submit a Ballot, or submit a Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.6(c)(ii) of the Debtors and Co-Proponents Plan for your Class 1F Other Parent Claim.

f.    Item 3:  **Releases (Optional).**

If you voted to accept the Debtors and Co-Proponents Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtors and Co-Proponents Plan unless you affirmatively opt out of granting those releases.  If you voted to reject the Debtors and Co-Proponents Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtors and Co-Proponents Plan unless you affirmatively opt in to granting those releases.  If you do not return a Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtors and Co-Proponents Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan.

If you voted to accept the Debtors and Co-Proponents Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtors and Co-Proponents Plan, please check the box corresponding to that election in Item 3.  Similarly, if you voted to reject the Debtors and Co-Proponents Plan but wish to grant the releases in Section 11.2.2 of the Debtors and Co-Proponents Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Debtors and Co-Proponents Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Debtors and Co-Proponents Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtors and Co-Proponents Plan to the fullest extent permitted by applicable law.  **If you do not grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan, you will not receive the benefit of the releases set forth in the Debtors and Co-Proponents Plan**.

g.    Item 4:  **Election Not to Assign Disclaimed State Law Avoidance Claims (Optional).**

The Debtors and Co-Proponents Plan provides as a default that Holders of Claims will assign Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Debtors and Co-Proponents Plan.  That assignment is described in Section 14.3.1 of the Debtors and Co-Proponents Plan.  You have the right to opt out of this assignment.  If you wish to opt out of this assignment, please check the box in Item 4.  If you do not submit a Ballot or submit a Ballot but do not check the box in Item 4, you will have consented to the assignment of your Disclaimed State Law Avoidance Claim to the Creditors' Trust as set forth in Section 14.3.1 of the Debtors and Co-Proponents Plan.

h.    Item 5:  **Certifications.**

Please review and complete the certifications in Item 5.  Your original signature is required on the Ballot for your votes on the Debtors and Co-Proponents Plan and your elections under the Debtors and Co-Proponents Plan to count.  In addition, in Item 5, if you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Ballot.

For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 5 also require you to certify that the Ballot being submitted is either the only Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Ballots

submitted by you for such Claims are as identified in Item 5(e). You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Ballot**. Once you have completed your Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Ballot to the Voting Agent at the appropriate address specified in your Ballot so that the Ballot is received by the Voting Agent before the Voting Deadline.

Holders of Claims that are based on the Senior Notes or the PHONES Notes issued by Tribune Company are requested to return their Ballots to their Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. If you are the Holder of a Claim based on the Senior Notes or the PHONES Notes issued by Tribune Company, please allow sufficient time for mailing your Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Ballot will <u>not</u> be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified, nor any of the votes to accept or reject the Debtors and Co-Proponents Plan changed, without the prior consent of the proponent(s) of the Debtors and Co-Proponents Plan, unless by order of the Bankruptcy Court.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Debtors and Co-Proponents Plan in a different amount, you must serve on the proponents of the Debtors and Co-Proponents Plan (at the notice addresses specified in section 15.12 of the Debtors and Co-Proponents Plan) and file with the Bankruptcy Court, on or before **[January [ ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of the Debtors and Co-Proponents Plan and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or otherwise in accordance with the tabulation rules. **[February [ ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010 (as subsequently amended, the "<u>Prior Plan</u>"). The Prior Plan was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (646) 282-2400. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Ballot is Not a Proof of Claim or Interest.** The Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans. The Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Ballot. Holders should not surrender any debt instruments together with their Ballot. The Voting Agent will not accept delivery of any such instruments surrendered together with a Ballot or Master Ballot.

CHI 5531410v.3

# EXHIBIT A-2

## Ballots and Instructions for Pre-LBO Debtholder Plan

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AND STEP ONE SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Step One Senior Loan Claims are classified in Class 1C under the Pre-LBO Debtholder Plan, and Step One Senior Loan Guaranty Claims are classified in Classes 50C-111C under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Pre-LBO Debtholder Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Pre-LBO Debtholder Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be

tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Pre-LBO Debtholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Pre-LBO Debtholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Pre-LBO Debtholder Plan, and if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.  AMOUNT OF CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim voted on this Ballot.

ITEM 4.  CERTIFICATION.  By signing this Ballot, the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.  is the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.  has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set

forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

c.  has not submitted any other Ballots relating to the Step One Senior Loan Claims/Step One Senior Loan Guaranty Claims under the Pre-LBO Debtholder Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)
Title:_____
(If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AND STEP TWO SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**Why You Have Received this Ballot.** You have received this ballot (a "Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Step Two Senior Loan Claims are classified in Class 1D under the Pre-LBO Debtholder Plan, and Step Two Senior Loan Guaranty Claims are classified in Classes 50D - 111D under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Pre-LBO Debtholder Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Pre-LBO Debtholder Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be

tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Pre-LBO Debtholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Pre-LBO Debtholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Pre-LBO Debtholder Plan, and if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.  AMOUNT OF CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim voted on this Ballot.

ITEM 5.  CERTIFICATION.  By signing this Ballot, the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.  is the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.  has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set

forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

c.   has not submitted any other Ballots relating to the Step Two Senior Loan Claims/ Step Two Senior Loan Guaranty Claims under the Pre-LBO Debtholder Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)
Title:_____
          (If Appropriate)

Street Address:_____

          _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AND BRIDGE LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

**Why You Have Received this Ballot.** You have received this ballot (a "Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Bridge Loan Claims are classified in Class 1E under the Pre-LBO Debtholder Plan and Bridge Loan Guaranty Claims are classified in Classes 50E through 111E under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for under the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF BRIDGE LOAN CLAIM/BRIDGE LOAN GUARANTY CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
| --- | --- |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   NON-CONTRIBUTION ELECTION (OPTIONAL). The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Bridge Loan Claim/Bridge Loan Guaranty Claim voted on this Ballot.

ITEM 5.   CERTIFICATION. By signing this Ballot, the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim identified in Item 1 certifies that it:

a.   is the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

b.   has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific

Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Bridge Loan Claims/Bridge Loan Guaranty Claims under the Pre-LBO Debtholder Plan that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES**

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a Senior Noteholder Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Senior Noteholder Claims are classified in Class 1F under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto. In brief, however, Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.   AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.   VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
| --- | --- |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   NON-CONTRIBUTION ELECTION (OPTIONAL). The Pre-LBO Debtholder Plan, at Section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Senior Noteholder Claim voted on this Ballot.

ITEM 5.   **CERTIFICATION.**  By signing this Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.   it is the Holder of the Senior Noteholder Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.   it has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order;

c.   it has not submitted any other Ballots relating to the Senior Noteholder Claims under the Pre-LBO Debtholder Plan voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.   it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.   either (a) this Ballot is the only Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
              (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

4

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ], UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES**

**Why You Have Received this Ballot.** You have received this ballot (a "Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Parent Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Other Parent Claims are classified in Class 1G under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   OTHER PARENT CLAIMS PUT OPTION ELECTION (OPTIONAL).

The Pre-LBO Debtholder Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option provided in Section 1.1.188 of the Pre-LBO Debtholder Plan.  If you wish to exercise the Other Parent Claims Put Option, please check the box below.  Please note that if you exercise the Other Parent Claims Put Option, you may not make the Non-Contribution Election in Item 4 below.

☐   I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this Ballot.

ITEM 4.   NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Other Parent Claim voted on this Ballot.

ITEM 5.   CERTIFICATION.  By signing this Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b. has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Other Parent Claims under the Pre-LBO Debtholder Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature: _____

By: _____
        (If Appropriate)

Title: _____
        (If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                       **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center        Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC              c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                      757 Third Avenue, Third Floor
New York, NY 10150-5014                         New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

**Why You Have Received This Ballot.** You have received this ballot (a "Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management LP, on Behalf of Its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity As Successor Indenture Trustee For Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an EGI-TRB LLC Notes Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. EGI-TRB LLC Notes Claims are classified in Class 1H under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-Debtholder LBO Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the EGI-TRB LLC Notes Claim voted on this Ballot.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.  is the Holder of the EGI-TRB LLC Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.  has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

c.  has not submitted any other Ballots relating to the EGI-TRB LLC Notes Claims under the Pre-LBO Debtholder Plan that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and make certain elections called for in the Pre-LBO Debtholder Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. PHONES Notes Claims are classified in Class 1I under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto. In brief, however, PHONES Notes Claims against Tribune Company under the Pre-LBO Debtholder Plan are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Notwithstanding the foregoing, PHONES Notes Claims under the Pre-LBO Debtholder Plan do not include PHONES Notes Exchange Claims, but they do to the extent the Bankruptcy Court decides the PHONES Notes Exchange Claims are subordinate in right of payment to PHONES Notes Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the

solicitation and tabulation of votes to accept or reject the Plans.  The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.  Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM.  If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.  AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims identified in Item 1 above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the PHONES Notes Claim voted on this Ballot.

ITEM 5.  CERTIFICATION.  By signing this Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a.  it is the Holder of the PHONES Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.  it has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and that the votes set

forth on this Ballot are subject to all of the terms and conditions set forth in Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order;

c.  it has not submitted any other Ballots relating to the PHONES Notes Claim under the Pre-LBO Debtholder Plan voted herein voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.  it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.  either (a) this Ballot is the only Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS BALLOTS**

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [              ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"). Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. You may not be entitled to vote on some of the Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of a Subordinated Securities Claim against Tribune Company. Subordinated Securities Claims against Tribune Company are classified in Class 1K under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1. AMOUNT OF SUBORDINATED SECURITIES CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2. VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Holder of the Subordinated Securities Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
|---|---|

ITEM 2A. ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3. [Intentionally Omitted.]

ITEM 4. NON-CONTRIBUTION ELECTION (OPTIONAL). The Pre-LBO Debtholder Plan, at section 1.1.167 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Subordinated Securities Claim voted on this Ballot.

ITEM 5. CERTIFICATION. By signing this Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a. is the Holder of the Subordinated Securities Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

    b. has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c. has not submitted any other Ballots relating to the Subordinated Securities Claim under the Pre-LBO Debtholder Plan that are inconsistent with the votes and elections

set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"). Capitalized terms not defined in this Ballot have the meanings given to them in the Pre-LBO Debtholder Plan.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Pre-LBO Debtholder Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Guarantor Debtor Claim, which is a General Unsecured Claim against the Guarantor Debtors. The Guarantor Debtors are the Debtors listed on Appendix A to the Pre-LBO Debtholder Plan. Other Guarantor Debtor Claims are classified in Classes 50G through 111G under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Pre-LBO Debtholder Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim and its classification as set forth above control for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to ACCEPT the Pre-LBO Debtholder Plan | ☐ to REJECT the Pre-LBO Debtholder Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Pre-LBO Debtholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Pre-LBO Debtholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   OTHER GUARANTOR DEBTOR CLAIMS PUT OPTION ELECTION (OPTIONAL).  Please check the box below if you wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 1.1.179 of the Pre-LBO Debtholder Plan.

☐ I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 1.1.179 of the Pre-LBO Debtholder Plan with respect to the Other Guarantor Debtor Claim voted on this Ballot.

ITEM 4.   [Intentionally Omitted.]

ITEM 5.   CERTIFICATION.  By signing this Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

a.   is the Holder of the Other Guarantor Debtor Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

b.   has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Other Guarantor Debtor Claim under the Pre-LBO Debtholder Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING BALLOTS TO VOTE
## ON PRE-LBO DEBTHOLDER PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE <u>PURPLE</u> BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE PRE-LBO DEBTHOLDER PLAN WILL BE COUNTED.**

**Why You Have Received a Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Senior Notes, Law Debenture Trust Company of New York in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan").[2] The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans".

You have been identified as the Holder of a Claim that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan, and to make certain elections under that Plan. You have accordingly been sent a purple ballot to allow you to vote on the Pre-LBO Debtholder Plan and, if you wish, make elections called for under the Pre-LBO Debtholder Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Pre-LBO Debtholder Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable Ballot. Votes cast on the purple Ballot to accept or reject the Pre-LBO Debtholder Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Pre-LBO Debtholder Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Ballot.** You have been sent with the Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest containing those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] dated (the "Solicitation Order") that, among other things, approved the General Disclosure Statement, the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider each of the Plans and not only one particular Plan or another.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Pre-LBO Debtholder Plan or the General Disclosure Statement, as applicable.

2

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Ballots.** For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you must complete, sign and date your Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is <u>actually received</u> by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "<u>Voting Deadline</u>").** Please do not mail Ballots directly to the Debtors or to any of the proponents of the Pre-LBO Debtholders Plan. If you do not return your Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Ballot will not be counted.

If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, you must complete, sign and date your beneficial Ballot and return it to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") from which you received your Ballot by no later than the deadline specified by that Voting Nominee. You should ensure you return your Ballot to the Voting Nominee as promptly as possible to ensure that the Voting Nominee has the opportunity to include the vote and election(s) reflected on your beneficial Ballot on a Master Ballot and to return that Master Ballot to the Voting Agent by the Voting Deadline.

**How to Complete Your Ballot.** The following are step-by-step instructions for how to complete your Ballot for voting on the Pre-LBO Debtholder Plan and making the elections called for thereunder:

    a.    <u>Item 1</u>: **Amount of Claim.**

Please certify the amount of your Claim as of [], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Ballot is the Holder as of the Record Date of a Claim in the aggregate unpaid amount set forth in Item 1 of the Ballot. The preprinted amount of the Claim set forth in Item 1 of the Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Ballot, please see "Questions Concerning Your Claim Amount" below.

    b.    <u>Item 2</u>: **Vote to Accept or Reject the Pre-LBO Debtholder Plan.**

Please cast your vote to accept or reject the Pre-LBO Debtholder Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Pre-LBO Debtholder Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Pre-LBO Debtholder Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Pre-LBO Debtholder Plan.

    c.    <u>Item 2A</u>: **Election to Prefer the Pre-LBO Debtholder Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Pre-LBO Debtholder Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Ballot.

    d.    <u>Item 3</u>: **Other Parent Claims Put Option Election and Other Guarantor Debtor Claims Put Option Election (Optional).**

*Item 3 applies only to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50G through 111G under the Pre-LBO Debtholder Plan. If your Ballot does not relate to Claims in those Classes, your Ballot will have [Intentionally Omitted] at Item 3. If your Ballot has [Intentionally Omitted] at Item 3, please skip this Item 3 and go to Item 4 below.*

Holders of Other Parent Claims. The Pre-LBO Debtholder Plan provides for the Other Parent Claims Put Option Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Pre-LBO Debtholders Plan permits you to exercise the Other Parent Claims Put Option described in Section 1.1.188 of the Pre-LBO Debtholder Plan. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box in Item 3 of your Ballot, and (ii) may not exercise the Non-Contribution Election in Item 4 below.

Holders of Other Guarantor Debtor Claims. The Pre-LBO Debtholder Plan provides for the Other Guarantor Debtor Claims Put Option Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Pre-LBO Debtholders Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 1.1.179 of the Pre-LBO Debtholder Plan. If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the appropriate box in Item 3 of your Ballot.

     e.      Item 4: **Non-Contribution Election (Optional).**

*Item 4 applies only to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Ballot will have [Intentionally Omitted] at Item 4. If your Ballot has [Intentionally Omitted] at Item 4, please skip this Item 4 and go to Item 5 below.*

The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan. You have the right to opt out of this assignment under Section 1.1.167 of the Pre-LBO Debtholder Plan. If you wish to opt out of this assignment, please check the box in Item 4. If you do not submit a Ballot or submit a Ballot but do not check the box in Item 4, you will have consented to the assignment of your State Law Avoidance Claim to the Creditors' Trust as set forth in the Pre-LBO Debtholder Plan.

     f.      Item 5: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Ballot for your votes on the Pre-LBO Debtholder Plan and your elections under the Pre-LBO Debtholder Plan to count. In addition, in Item 5, if you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Ballot.

For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 5 also require you to certify that the Ballot being submitted is either the only Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Ballots submitted by you for such Claims are as identified in Item 5(e). You may attach additional sheets of paper if necessary to complete Item 5(e).

4

**Returning Your Ballot.** Once you have completed your Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Ballot to the Voting Agent at the appropriate address specified in your Ballot so that the Ballot is received by the Voting Agent before the Voting Deadline.

Holders of Claims that are based on the Senior Notes or the PHONES Notes issued by Tribune Company are requested to return their Ballots to their Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. If you are the Holder of a Claim based on the Senior Notes or the PHONES Notes issued by Tribune Company, please allow sufficient time for mailing your Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Ballot will <u>not</u> be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified, nor any of the votes to accept or reject the Pre-LBO Debtholder Plan changed, without the prior consent of the proponent(s) of the Pre-LBO Debtholder Plan, unless by order of the Bankruptcy Court.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Pre-LBO Debtholder Plan in a different amount, you must serve on the proponents of the Pre-LBO Debtholder Plan (at the notice addresses specified in Section 13.13 of the Pre-LBO Debtholder Plan) and file with the Bankruptcy Court, on or before [_____], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of the Pre-LBO Debtholder Plan and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or otherwise in accordance with the tabulation rules. [_____] has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010 (as subsequently amended, the "<u>Prior Plan</u>"). The Prior Plan was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (646) 282-2400. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

5

**Ballot is Not a Proof of Claim or Interest.** The Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans. The Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Ballot. Holders should not surrender any debt instruments together with their Ballot. The Voting Agent will not accept delivery of any such instruments surrendered together with a Ballot or Master Ballot.

CH1 5531971v.2

## EXHIBIT A-3

## Ballots and Instructions for Bridge Plan

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AND STEP ONE SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, Inc. (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Bridge Plan. Step One Senior Loan Claims are classified in Class 1C under the Bridge Plan, and Step One Senior Loan Guaranty Claims are classified in Classes 50C – 111C. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Bridge Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Bridge Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Bridge Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the

Bridge Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.   AMOUNT OF CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN. The Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Bridge Plan as follows  (check one box only):

| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   STEP ONE LENDER SETTLEMENT (OPTIONAL). If you voted to accept the Bridge Plan in Item 2 above, you may also elect to participate in the Step One Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(a) of the Bridge Plan.

☐   The undersigned elects to participate in the Step One Lender Settlement.

ITEM 4.   [Intentionally Omitted]

ITEM 5.   NON-CONTRIBUTION ELECTION (OPTIONAL). The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim voted on this Ballot.

ITEM 6.   CERTIFICATION. By signing this Ballot, the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.   is the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

b. has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Step One Senior Loan Claims/Step One Senior Loan Guaranty Claims under the Bridge Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE**

**STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AND STEP TWO SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.**

       **Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Bridge Plan. Step Two Senior Loan Claims are classified in Class 1D under the Bridge Plan, and Step Two Senior Loan Guaranty Claims are classified in Classes 50D – 111D. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Bridge Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Bridge Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Bridge Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the

Bridge Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Bridge Plan, and if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.  AMOUNT OF CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN.  The Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on each of the Plans as follows  (check one box only):

| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  STEP TWO LENDER SETTLEMENT (OPTIONAL).  If you voted to accept the Bridge Plan in Item 2 above, you may also elect to participate in the Step Two Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(b) of the Bridge Plan:

☐ The undersigned elects to participate in the Step Two Lender Settlement.

ITEM 4.  [Intentionally Omitted.]

ITEM 5.  NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim voted on this Ballot.

ITEM 6.  CERTIFICATION.  By signing this Ballot, the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.  is the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

b. has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Step Two Senior Loan Claims/Step Two Senior Loan Guaranty Claims under the Bridge Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)
Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

    This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE**

**STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AND BRIDGE LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot (a "Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"); and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Bridge Plan. Bridge Loan Claims are classified in Class 1E under the Bridge Plan and Bridge Loan Guaranty Claims are classified in Classes 50E – 111E under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for under the Bridge Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM/ BRIDGE LOAN GUARANTY CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN. The Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

    ☐ The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    BRIDGE LOAN LENDER SETTLEMENT (OPTIONAL). If you voted to accept the Bridge Plan in Item 2 above, you may also elect to participate in the Bridge Loan Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(c) of the Bridge Plan.

    ☐ The undersigned elects to participate in the Bridge Loan Lender Settlement.

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

    ☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the Bridge Loan Claim/Bridge Loan Guaranty Claim voted on this Ballot.

ITEM 6.    CERTIFICATION. By signing this Ballot, the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

    b.   has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order, and that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General

Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Bridge Loan Claim/Bridge Loan Guaranty Claim under the Bridge Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a Senior Noteholder Claim against Tribune Company that is entitled to vote to accept or reject the Bridge Plan. Senior Noteholder Claims are classified in Class 1F under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto. In brief, however, Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure

Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for under the Bridge Plan, please complete the following:**

ITEM 1.   AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.   VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN. The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   [Intentionally Omitted.]

ITEM 5.   NON-CONTRIBUTION ELECTION (OPTIONAL). The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the Senior Noteholder Claim voted on this Ballot.

ITEM 6.   CERTIFICATION. By signing this Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

   a.   it is the Holder of the Senior Noteholder Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

   b.   it has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order;

c.  it has not submitted any other Ballots relating to the Senior Noteholder Claims under the Bridge Plan voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.  it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.  either (a) this Ballot is the only Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Ballot, one or more Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Name: _____
        (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____
_____


City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. Please note that votes on account of your Bridge Loan Claims will be tabulated under all of the Plans, while Bridge Loan Guaranty Claims will be tabulated on all Plans other than the Debtors and Co-Proponents Plan. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Parent Claim against Tribune Company that is entitled to vote to accept or reject the Bridge Plan. Other Parent Claims are classified in Class 1G under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.   AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   OTHER PARENT CLAIMS PUT OPTION ELECTION (OPTIONAL).

The Bridge Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option provided in Section 1.1.200 of the Bridge Plan.  If you wish to exercise the Other Parent Claims Put Option, please check the box below.  Please note that if you exercise the Other Parent Claims Put Option, you may not make the Non-Contribution Election in Item 5 below.

☐   I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this Ballot.

ITEM 5.   NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the Other Parent Claim voted on this Ballot.

ITEM 6.   CERTIFICATION.  By signing this Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

b. has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the Other Parent Claim under the Bridge Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE**

**STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.**

**Why You Have Received This Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an EGI-TRB LLC Notes Claim against Tribune Company that is entitled to vote to accept or reject the Bridge Plan. EGI-TRB LLC Notes Claims are classified in Class 1H under the Bridge Plan. Those Claims and the treatment to be provided to them under the SOCAL Plan are described in more detail in the SOCAL and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM. The undersigned certifies that as of [November 9, 2010 ] (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the EGI-TRB LLC Notes Claim voted on this Ballot.

ITEM 6.    CERTIFICATION. By signing this Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it::

a.    is the Holder of the EGI-TRB LLC Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

b.    has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order, and that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the EGI-TRB LLC Notes Claims under Bridge Plan that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

<div style="border:1px solid black; padding:8px;">

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                   **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT. L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (1579); Channel 40, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Bridge Plan. PHONES Notes Claims are classified in Class 1I under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto. In brief, however, PHONES Notes Claims against Tribune Company under the Bridge Plan are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Notwithstanding the foregoing, PHONES Notes Claims under the Bridge Plan do not include PHONES Notes Exchange Claims, but they do to the extent the Bankruptcy Court decides the PHONES Notes Exchange Claims are subordinate in right of payment to PHONES Notes Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.   AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN.  The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims identified in Item 1 above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   [Intentionally Omitted.]

ITEM 5.   NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the PHONES Notes Claim voted on this Ballot.

ITEM 6.   CERTIFICATION.  By signing this Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a.   it is the Holder of the PHONES Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

b.   it has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General

Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order;

c. it has not submitted any other Ballots relating to the PHONES Notes Claim under the Bridge Plan voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d. it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e. either (a) this Ballot is the only Ballot submitted by the undersigned for PHONES Notes Claims or (b) in addition to this Ballot, one or more Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS BALLOTS**

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Name: _____
      (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P., and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. You may not be entitled to vote on some of the Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of a Subordinated Securities Claim against Tribune Company. Subordinated Securities Claims against Tribune Company are classified in Class 1K under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.   AMOUNT OF SUBORDINATED SECURITIES CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN.  The Holder of the Subordinated Securities Claim identified in Item 1 above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Bridge Plan | ☐ to REJECT the Bridge Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   [Intentionally Omitted.]

ITEM 5.   NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Plan, at section 1.1.179 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Plan with respect to the Subordinated Securities Claim voted on this Ballot.

ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Subordinated Securities Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for in this Ballot;

    b.   has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Subordinated Securities Claim under the Bridge Plan voted herein that are inconsistent with the votes and elections

set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                      **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center

c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P., and Marathon Asset Management, L.P. (the "Bridge Plan"), and make certain elections called for in the Bridge Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Bridge Plan.

The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Bridge Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Guarantor Debtor Claim, which is a General Unsecured Claims against the Guarantor Debtors. The Guarantor Debtors are the Debtors listed on Appendix A to the Bridge Plan. Other Guarantor Debtor Claims are classified in Classes 50F through 111F under the Bridge Plan. Those Claims and the treatment to be provided to them under the Bridge Plan are described in more detail in the Bridge Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Bridge Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Bridge Plan and, if desired, make the elections called for in the Bridge Plan, please complete the following:**

ITEM 1.  AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount and classification of your Claim as set forth above control for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN. The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claim on the Bridge Plan as follows (check one box only):

| □ to ACCEPT the Bridge Plan | □ to REJECT the Bridge Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

□  The undersigned prefers the Bridge Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  OTHER GUARANTOR DEBTOR CLAIMS PUT OPTION ELECTION (OPTIONAL).  Please check the box below if you wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 1.1.192 of the Bridge Plan.

□ I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 1.1.192 of the Bridge Plan with respect to the Other Guarantor Debtor Claim voted on this Ballot.

ITEM 5.  [Intentionally Omitted.]

ITEM 6.  CERTIFICATION.  By signing this Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Other Guarantor Debtor Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Plan and make the elections called for on this Ballot;

    b.  has been provided with a copy of the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Bridge Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Other Guarantor Debtor Claim under the Bridge Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
             (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([  ]) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                  **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING BALLOTS
## TO VOTE ON BRIDGE PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE GREEN BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE BRIDGE PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE BRIDGE PLAN WILL BE COUNTED.**

**Why You Have Received a Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Streeet Acquisition Company, L.L.C., King Street Capital, L.P. and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Marathon Asset Management, L.P. (the "Bridge Plan").[2] The Bridge Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans".

You have been identified as the Holder of a Claim that is entitled to vote to accept or reject the Bridge Plan, and to make certain elections under that Plan. You have accordingly been sent a green ballot to allow you to vote on the Bridge Plan and, if you wish, make elections called for under the Bridge Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Bridge Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable Ballot. Votes cast on the green Ballot to accept or reject the Bridge Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Bridge Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Ballot.** You have been sent with the Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest containing those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] dated (the "Solicitation Order") that, among other things, approved the General Disclosure Statement, the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider each of the Plans and not only one particular Plan or another.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Ballots.** For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you must complete, sign and date your Ballot and return it in the enclosed

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Bridge Plan or the General Disclosure Statement, as applicable.

envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail Ballots directly to the Debtors or to any of the proponents of the Bridge Plan. If you do not return your Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Ballot will not be counted.

If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, you must complete, sign and date your beneficial Ballot and return it to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") from which you received your Ballot by no later than the deadline specified by that Voting Nominee. You should ensure you return your Ballot to the Voting Nominee as promptly as possible to ensure that the Voting Nominee has the opportunity to include the vote and election(s) reflected on your beneficial Ballot on a Master Ballot and to return that Master Ballot to the Voting Agent by the Voting Deadline.

**How to Complete Your Ballot.** The following are step-by-step instructions for how to complete your Ballot for voting on the Bridge Plan and making the elections called for thereunder:

      a.     Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Ballot is the Holder as of the Record Date of a Claim in the aggregate unpaid amount set forth in Item 1 of the Ballot. The preprinted amount of the Claim set forth in Item 1 of the Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Ballot, please see "Questions Concerning Your Claim Amount" below.

      b.     Item 2: **Vote to Accept or Reject the Bridge Plan.**

Please cast your vote to accept or reject the Bridge Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Bridge Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Bridge Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Bridge Plan.

      c.     Item 2A: **Election to Prefer the Bridge Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Bridge Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Ballot.

      d.     Item 3: **Step One Lender Settlement/Step Two Lender Settlement/Bridge Loan Lender Settlement (Optional).**

*Item 3 applies only to (i) Holders of Step One Loan Claims/Step One Loan Guaranty Claims, (ii) Step Two Loan Claims/Step Two Loan Guaranty Claims, and (iii) Bridge Loan Claims/Bridge Loan Guaranty Claims. If your Ballot does not relate to Claims in those Classes, your Ballot will have [Intentionally Omitted] at Item 3. If your Ballot has [Intentionally Omitted] at Item 3, please skip this Item 3 and go to Item 4 below.*

3

Holders of Step One Loan Claims/Step One Loan Guaranty Claims. The Bridge Plan provides the Holders of Step One Loan Claims and Step One Loan Guaranty Claims with the opportunity to approve the Step One Lender Settlement. Section 5.15(a) of the Bridge Plan contains the terms of the Step One Lender Settlement. If you wish to approve the Step One Lender Settlement, and you are the Holder of a Step One Loan Claim/Step One Loan Guaranty Claim, please check the box in Item 3 of your Ballot.

Holders of Step Two Loan Claims/Step Two Loan Guaranty Claims. The Bridge Plan provides the Holders of Step Two Loan Claims and Step Two Loan Guaranty Claims with the opportunity to approve the Step Two Lender Settlement. Section 5.15(b) of the Bridge Plan contains the terms of the Step Two Lender Settlement. If you wish to approve the Step Two Lender Settlement, and you are the Holder of a Step Two Loan Claim/Step Two Loan Guaranty Claim, please check the box in Item 3 of your Ballot.

Holders of Bridge Loan Claims/Bridge Loan Guaranty Claims. The Bridge Plan provides the Holders of Bridge Loan Claims and Bridge Loan Guaranty Claims with the opportunity to approve the Bridge Loan Lender Settlement. Section 5.15(c) of the Bridge Plan contains the terms of the Bridge Loan Lender Settlement. If you wish to approve the Bridge Loan Lender Settlement, and you are the Holder of a Bridge Loan Claim/Bridge Loan Guaranty Claim, please check the box in Item 3 of your Ballot.

e.      Item 4: **Other Parent Claims Put Option Election and Other Guarantor Debtor Claims Put Option Election (Optional).**

*Item 4 applies only to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50F through 111F under the Bridge Plan. If your Ballot does not relate to Claims in those Classes, your Ballot will have [Intentionally Omitted] at Item 4. If your Ballot has [Intentionally Omitted] at Item 4, please skip this Item 4 and go to Item 5 below.*

Holders of Other Parent Claims. The Bridge Plan provides for the Other Parent Claims Put Option Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Bridge Plan permits you to exercise the Other Parent Claims Put Option described in Section 1.1.200 of the Bridge Plan. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box in Item 4 of your Ballot, and (ii) may not exercise the Non-Contribution Election in Item 5 below.

Holders of Other Guarantor Debtor Claims. The Bridge Plan provides for the Other Guarantor Debtor Claims Put Option Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Bridge Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 1.1.192 of the Bridge Plan. If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the appropriate box in Item 4 of your Ballot.

f.      Item 5: **Non-Contribution Election (Optional).**

*Item 4 applies only to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Ballot will have [Intentionally Omitted] at Item 5. If your Ballot has [Intentionally Omitted] at Item 5, please skip this Item 5 and go to Item 6 below.*

The Bridge Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Plan. You have the right, under Section 1.1.179 of the Bridge Plan, to opt out of this assignment. If you wish to opt

4

out of this assignment, please check the box in Item 5. If you do not submit a Ballot or submit a Ballot but do not check the box in Item 5, you will have consented to the assignment of your State Law Avoidance Claim to the Creditors' Trust as set forth in the Bridge Plan.

g.   Item 6: **Certifications.**

Please review and complete the certifications in Item 6. Your original signature is required on the Ballot for your votes on the Bridge Plan and your elections under the Bridge Plan to count. In addition, in Item 6, if you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Ballot.

For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 6 also require you to certify that the Ballot being submitted is either the only Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Ballots submitted by you for such Claims are as identified in Item 6(e). You may attach additional sheets of paper if necessary to complete Item 6(e).

**Returning Your Ballot**. Once you have completed your Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Ballot to the Voting Agent at the appropriate address specified in your Ballot so that the Ballot is received by the Voting Agent before the Voting Deadline.

Holders of Claims that are based on the Senior Notes or the PHONES Notes issued by Tribune Company are requested to return their Ballots to their Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. If you are the Holder of a Claim based on the Senior Notes or the PHONES Notes issued by Tribune Company, please allow sufficient time for mailing your Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Ballot will <u>not</u> be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified, nor any of the votes to accept or reject the Bridge Plan changed, without the prior consent of the proponent(s) of the Bridge Plan, unless by order of the Bankruptcy Court.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Bridge Plan in a different amount, you must serve on the proponents of the Bridge Plan (at the notice addresses specified in Section 13.13 of the Bridge Plan) and file with the Bankruptcy Court, on or before **[January [ ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established

5

by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of the Bridge Plan and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or otherwise in accordance with the tabulation rules. **[February [ ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010 (as subsequently amended, the "Prior Plan"). The Prior Plan was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (646) 282-2400. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Ballot is Not a Proof of Claim or Interest.** The Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans. The Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Ballot. Holders should not surrender any debt instruments together with their Ballot. The Voting Agent will not accept delivery of any such instruments surrendered together with a Ballot or Master Ballot.

CH1 5532296v.2

# EXHIBIT A-4

**Ballots and Instructions for Step One Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AND STEP ONE SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS**

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Step One Plan. Step One Senior Loan Claims are classified in Class 1C(i) under the Step One Plan, and Step One Senior Loan Guaranty Claims are classified in Classes 50C(i) -111C(i) under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Step One Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Step One Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Step One Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject

2

the Step One Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2]  The Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan.  The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

ITEM 3.  RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐  The undersigned has voted to accept the Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐  The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.  ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐  The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.  CERTIFICATION.  By signing this Ballot, the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.  is the Holder of the Step One Senior Loan Claim/Step One Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for on this Ballot;

b.  has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

c.  has not submitted any other Ballots relating to the Step One Senior Loan Claims/Step One Senior Loan Guaranty Claims under the Step One Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)
Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AND STEP TWO SENIOR LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors that is entitled to vote to accept or reject the Step One Plan. Step Two Senior Loan Claims are classified in Class 1C(ii) under the Step One Plan, and Step Two Senior Loan Guaranty Claims are classified in Classes 50C(ii) – 111C(ii) under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Step One Plan jointly on this Ballot, with each such vote to be counted as a vote to accept or reject the Step One Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Pre-Packaged Plan.** The Step One Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject

the Step One Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.   AMOUNT OF CLAIM. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2] The Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
| --- | --- |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan. The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

ITEM 3.   RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐ The undersigned has voted to accept the Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐ The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.   ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.   CERTIFICATION. By signing this Ballot, the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim identified in Item 1 certifies that it:

   a.   is the Holder of the Step Two Senior Loan Claim/Step Two Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for in this Ballot;

   b.   has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

   c.   has not submitted any other Ballots relating to the Step Two Senior Loan Claims/Step Two Senior Loan Guaranty Claims under the Step One Plan voted herein that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)
Title:_____
            (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

       This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

Bridge Loan Claims/Bridge Loan Guaranty Claims – Step One Plan

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AND BRIDGE LOAN GUARANTY CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted By this Ballot.** You have been identified as a Holder of a Bridge Loan Claim against Tribune Company and/or a Bridge Loan Guaranty Claim that is entitled to vote to accept or reject the Step One Plan. Bridge Loan Claims are classified in Class 1D and Bridge Loan Guaranty Claims are classified in Classes 50D -111D under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in Step One Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in Step One Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM/BRIDGE LOAN GUARANTY CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2]  The Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan.  The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐ The undersigned has voted to accept Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐ The undersigned have voted to reject the Step One Plan above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4. **ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).**

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5. **CERTIFICATION.** By signing this Ballot, the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for in this Ballot;

    b.   has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Bridge Loan Claims/Bridge Loan Guaranty Claims under the Step One Plan voted herein that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
             (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

       This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**
**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan") and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of a Senior Noteholder Claim against Tribune Company that is entitled to vote to accept or reject the Step One Plan. Senior Noteholder Claims are classified in Class 1E under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto. In brief, however, Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.　AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.　The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.　VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2]　The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.　ELECTION TO PREFER PLAN (OPTIONAL).　You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.　If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐　The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 3.　RELEASES (OPTIONAL).　If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.　If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below.　If you do not return your Ballot, you will be deemed not to have granted such releases.　Election to grant the releases is at your option.　**If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

☐ The undersigned has voted to accept Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐ The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.  ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of Step One Plan.

ITEM 5.  CERTIFICATION. By signing this Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.  it is the Holder of the Senior Noteholder Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for on this Ballot;

b.  it has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order;

c.  it has not submitted any other Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.  it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.  either (a) this Ballot is the only Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
         (Print or Type)

Signature:_____

4

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____


City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [      ], UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an Other Parent Claim against Tribune Company that is entitled to vote to accept or reject the Step One Plan. Other Parent Claims are classified in Class 1F under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Step One Plan.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Step One Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2]  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT Step One Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 2B.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.7(c)(i) OF THE STEP ONE PLAN (OPTIONAL).  Please check the box below if you elect to receive the treatment set forth in Section 3.2.7(c)(i) of the Step One Plan on account of your Other Parent Claim.

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

☐ The undersigned elects to receive the treatment set forth in Section 3.2.7(c)(i) of the Step One Plan for the Other Parent Claim voted herein.

ITEM 3.   RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐ The undersigned has voted to accept the Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐ The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.   ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.   CERTIFICATION.  By signing this Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for on this Ballot;

b.   has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

c.   has not submitted any other Ballots relating to the Other Parent Claims under the Step One Plan that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

2

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                                  **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                    c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                               757 Third Avenue, Third Floor
New York, NY 10150-5014                                 New York, NY 10017

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of an EGI-TRB LLC Notes Claim against Tribune Company that is entitled to vote to accept or reject the Step One Plan. EGI-TRB LLC Notes Claims are classified in Class 1I under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a EGI-TRB LLC Notes Claim against Tribune in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2] The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below.  If you do not return your Ballot, you will be deemed not to have granted such releases.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐   The undersigned has voted to accept Step One Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Plan.

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

☐ The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.    ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐ The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a. is the Holder of the EGI-TRB LLC Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for on this Ballot;

b. has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

c. has not submitted any other Ballots relating to the EGI-TRB LLC Notes Claims under the Step One Plan that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
                (Print or Type)

Signature:_____

By:_____
                (If Appropriate)

Title:_____
                (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS**

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Step One Plan. PHONES Notes Claims are classified in Class 1J under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto. In brief, however, PHONES Notes Claims against Tribune Company under the Step One Plan are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for in the Step One Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2] The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims identified in Item 1 hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

☐  The undersigned has voted to accept Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐  The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.  ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐  The undersigned elects <u>not</u> to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.  CERTIFICATION.  By signing this Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

    a.  it is the Holder of the PHONES Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for on this Ballot;

    b.  it has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order;

    c.  it has not submitted any other Ballots relating to the PHONES Notes Claims under the Step One Plan that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

    d.  it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

    e.  either (a) this Ballot is the only Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS BALLOTS**

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Name: _____
            (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ], UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

**Why You Have Received this Ballot.** You have received this ballot ("Ballot") to allow you to vote to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan"), and make certain elections called for in the Step One Plan. Capitalized terms not defined in this Ballot have the meanings given to them in the Step One Plan.

The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors (the "Plans"). In the package of materials containing this Ballot (the "Solicitation Package"), you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have also received separate forms of ballots for voting on the other three (3) Plans to the extent you are entitled to vote therein on account of the Claim referenced in this Ballot. There are materials in the Solicitation Package relating to all of the Plans; however, this Ballot is only for voting to accept or reject the Step One Plan.

**Claims Voted by this Ballot.** You have been identified as a Holder of General Unsecured Claim against one of the Filed Subsidiary Debtors, which are all other Debtors listed in footnote 1 on this Ballot other than Tribune Company. General Unsecured Claims against the Filed Subsidiary Debtors are entitled to vote to accept or reject the Step One Plan. General Unsecured Claims against the Filed Subsidiary Debtors are classified in Classes 2E through 111E under the Step One Plan. Those Claims and the treatment to be provided to them under the Step One Plan are described in more detail in the Step One Plan and the Specific Disclosure Statement related thereto.

**Materials Included with this Ballot.** Included with this Ballot are Instructions for Completing Ballot to Accept or Reject the Step One Plan (the "Instructions"). The Instructions included in the Solicitation Package with this Ballot provide detailed, step-by-step instructions for completing the Ballot.

In addition, you have been sent with this Ballot various materials to assist you in deciding how to vote on the Plans and whether or not to make the elections contained in this Ballot. These materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, (ii) a Specific Disclosure Statement for each of the Plans, which is specific to a particular Plan and describes how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors, and (iii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans. You should read all of these materials carefully in deciding how you wish to vote on the Plans, including the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans. You should review the Responsive Statements before you cast your vote to accept or reject the Plans.

On [_____], the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated. Please read the Solicitation Order and the Instructions sent with this Ballot prior to submitting this Ballot.

Some or all of the materials sent to you with this Ballot have been sent to you on CD-ROM. If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**To vote to accept or reject the Step One Plan and, if desired, make the elections called for under the Step One Plan, please complete the following:**

ITEM 1.   AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS. The undersigned certifies that as of [November 9, 2010] (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN.[2] The Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Step One Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Plan | ☐ to REJECT the Step One Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Step One Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL). If you return a Ballot and voted to accept the Step One Plan, you will be deemed to have accepted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below. If you do not return your Ballot, you will be deemed not to have granted such releases. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

---

[2] Section 11.3.2 of the Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan); except as otherwise set forth in the Step One Plan.

☐  The undersigned has voted to accept Step One Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐  The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

ITEM 4.  ELECTION NOT TO ASSIGN DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).

☐  The undersigned elects not to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Plan.

ITEM 5.  CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtor identified in Item 1 certifies that it:

a.  is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Plan and make the elections called for in this Ballot;

b.  has been provided with a copy of the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, the Responsive Statements, and the Solicitation Order, and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Step One Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Plan, and the Solicitation Order; and

c.  has not submitted any other Ballots relating to the General Unsecured Claims under the Step One Plan that are inconsistent with the votes and elections as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING BALLOTS TO VOTE ON STEP ONE PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE <u>YELLOW</u> BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE STEP ONE PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE STEP ONE PLAN WILL BE COUNTED.**

   **Why You Have Received a Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept the Plan of Reorganization for Tribune Company and its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan").[2] The Step One Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans".

You have been identified as the Holder of a Claim that is entitled to vote to accept or reject the Step One Plan, and to make certain elections under that Plan. You have accordingly been sent a yellow ballot to allow you to vote on the Step One Plan and, if you wish, make elections called for under the Step One Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Step One Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable Ballot. Votes cast on the yellow Ballot to accept or reject the Step One Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Step One Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Ballot.** You have been sent with the Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest containing those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] dated (the "Solicitation Order") that, among other things, approved the General Disclosure Statement, the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider each of the Plans and not only one particular Plan or another.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Step One Plan or the General Disclosure Statement, as applicable.

**Deadline for Returning Ballots.** For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you must complete, sign and date your Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "<u>Voting Agent</u>") so that it is <u>actually received</u> by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "<u>Voting Deadline</u>").** Please do <u>not</u> mail Ballots directly to the Debtors or to the proponents of the Step One Plan. If you do not return your Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Ballot will <u>not</u> be counted.

If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, you must complete, sign and date your beneficial Ballot and return it to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "<u>Voting Nominee</u>") from which you received your Ballot by no later than the deadline specified by that Voting Nominee. You should ensure you return your Ballot to the Voting Nominee as promptly as possible to ensure that the Voting Nominee has the opportunity to include the vote and election(s) reflected on your beneficial Ballot on a Master Ballot and to return that Master Ballot to the Voting Agent by the Voting Deadline.

**How to Complete Your Ballot.** The following are step-by-step instructions for how to complete your Ballot for voting on the Step One Plan and making the elections called for thereunder:

    a.    <u>Item 1</u>: **Amount of Claim.**

Please certify the amount of your Claim as of [November 9], 2010 (the "<u>Record Date</u>"). By certifying the amount in Item 1, you are certifying that the party submitting the Ballot is the Holder as of the Record Date of a Claim in the aggregate unpaid amount set forth in Item 1 of the Ballot. The preprinted amount of the Claim set forth in Item 1 of the Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Ballot, please see "Questions Concerning Your Claim Amount" below.

    b.    <u>Item 1A</u>: **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Ballot relates to a Claim in any other Class, your Ballot will not contain the Convenience Class Election described here. If your Ballot does not relate to a Class 1F Other Parent Claim, please skip this Item 1A and go to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Step One Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Step One Plan will <u>not</u> be counted; and (d) you will be deemed to grant the releases contained in Section 11.3.2 of the Step One Plan.

    c.    <u>Item 2</u>: **Vote to Accept or Reject the Step One Plan.**

Please cast your vote to accept or reject the Step One Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Step One Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Step One Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Step One Plan.

<div align="center">3</div>

Please be aware that a vote to accept the Step One Plan is a vote to grant the releases set forth in Section 11.3.2 of the Step One Plan, unless you elect not to grant such releases by checking the appropriate box on the Ballot. If you vote to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box on your Ballot. The Step One Plan provides that each Person who votes to accept the Step One Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Step One Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Step One Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Step One Plan, the Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Plan).

For Holders of Senior Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan, including, without limitation, section 11.3.5 of the Step One Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan.

d.      <u>Item 2A</u>: **Election to Prefer the Step One Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Step One Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Ballot.

e.      <u>Item 2B</u>: **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Ballot relates to a Claim in any other Class, your Ballot will not contain the Treatment Election described here. If your Ballot does not relate to a Class 1F Other Parent Claim, please skip this Item 2B and go to Item 3 below.*

The Step One Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.7(c) of the Step One Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.7(c)(i) of the Step One Plan for your Class 1F Other Parent Claim. If you do not submit a Ballot, or submit a Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.7(c)(ii) of the Step One Plan for your Class 1F Other Parent Claim.

f.      <u>Item 3</u>: **Releases (Optional).**

If you voted to accept the Step One Plan, you are deemed to grant the releases in Section 11.3.2 of the Step One Plan unless you affirmatively opt out of granting those releases. If you voted to reject the Step One Plan, you are deemed not to grant the releases in Section 11.3.2 of the Step One Plan unless you affirmatively opt in to granting those releases. If you do not return a Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Plan.

If you voted to accept the Step One Plan but wish to opt out of granting the releases in Section 11.3.2 of the Step One Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Step One Plan but wish to grant the releases in Section 11.3.2 of the Step One Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Step One Plan and do not check the box in Item 3 opting not to grant the Section 11.3.2 releases, or (ii) vote to reject the Step One Plan and check the box in Item 3 opting to grant the Section 11.3.2 releases, you will have consented to the releases set forth in Section 11.3.2 of the Step One Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you will not receive the benefit of the releases set forth in the Step One Plan**.

      g.      <u>Item 4</u>: **Assignment of Disclaimed State Law Avoidance Claims (Optional).**

The Step One Plan provides as a default that Holders of Claims will assign Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Step One Plan. That assignment is described in Section 14.3.1 of the Step One Plan. You have the right to opt out of this assignment. If you wish to opt out of this assignment, please check the box in Item 4. If you do not submit a Ballot or submit a Ballot but do not check the box in Item 4, you will have consented to the assignment of your Disclaimed State Law Avoidance Claim to the Creditors' Trust as set forth in Section 14.3.1 of the Step One Plan.

      h.      <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Ballot for your votes on the Step One Plan and your elections under the Step One Plan to count. In addition, in Item 5, if you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Ballot.

For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 5 also require you to certify that the Ballot being submitted is either the only Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Ballots submitted by you for such Claims are as identified in Item 5(e). You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Ballot**. Once you have completed your Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Ballot to the Voting Agent at the appropriate address specified in your Ballot so that the Ballot is received by the Voting Agent before the Voting Deadline.

Holders of Claims that are based on the Senior Notes or the PHONES Notes issued by Tribune Company are requested to return their Ballots to their Voting Nominee for inclusion on a Master Ballot to

<div align="center">5</div>

be prepared and submitted by such Voting Nominee. If you are the Holder of a Claim based on the Senior Notes or the PHONES Notes issued by Tribune Company, please allow sufficient time for mailing your Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Ballot will <u>not</u> be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified, nor any of the votes to accept or reject the Step One Plan changed, without the prior consent of the proponent(s) of the Step One Plan, unless by order of the Bankruptcy Court.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Step One Plan in a different amount, you must serve on the proponents of the Step One Plan (at the notice addresses specified in section 15.12 of the Step One Plan) and file with the Bankruptcy Court, on or before **[January [ ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of the Step One Plan and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or otherwise in accordance with the tabulation rules. **[February [ ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010 (as subsequently amended, the "<u>Prior Plan</u>"). The Prior Plan was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (646) 282-2400. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Ballot is Not a Proof of Claim or Interest.** The Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other

CHI 5531767v.3

person for soliciting votes on the Plans. The Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Ballot. Holders should not surrender any debt instruments together with their Ballot. The Voting Agent will not accept delivery of any such instruments surrendered together with a Ballot or Master Ballot.

CH1 5531767v.3