# EXHIBIT B

## Master Ballots

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [       ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (7387); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan").

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Debtors and Co-Proponents Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Debtors and Co-Proponents Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [          ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Debtors and Co-Proponents Plan or Solicitation Order, as applicable.

2

Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans.  Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Debtors and Co-Proponents Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Debtors and Co-Proponents Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Debtors and Co-Proponents Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes on the Debtors and Co-Proponents Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Debtors and Co-Proponents Plan | Principal Amount of Senior Notes Voted to ACCEPT the Debtors and Co-Proponents Plan* | Principal Amount of Senior Notes Voted to REJECT the Debtors and Co-Proponents Plan* | Check if the Beneficial Owner voted to accept the Debtors and Co-Proponents Plan in Item 2 and indicated in Item 2A that it prefers the Debtors and Co-Proponents Plan over all other Plans | Check if the Beneficial Owner voted to reject the Debtors and Co-Proponents Plan and checked the Box in Item 3 of the Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan | Check if the Beneficial Owner voted to accept the Debtors and Co-Proponents Plan and checked the Box in Item 3 of the Beneficial Ballot electing not to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan | Check if the Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust in Item 4 of the Beneficial Ballot |
|---|---|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| TOTALS | $ | $ | | | | |

If the space provided is insufficient, attach additional sheets in the same format.

---

\* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Debtors and Co-Proponents Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) Related to the Debtors and Co-Proponents Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a Beneficial Ballot for voting its Claim on the Debtors and Co-Proponents Plan; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Debtors and Co-Proponents Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [          ], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Debtors and Co-Proponents Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

i.   Check the appropriate box in Item 1 on the Master Ballot;

ii.  Indicate the total votes to accept or reject the Debtors and Co-Proponents Plan in Item 2;

iii. Transcribe the votes from the Beneficial Ballots in Item 2 and indicate the following:
   a. whether each Beneficial Owner voted to accept or reject the Debtors and Co-Proponents Plan;
   b. whether any Beneficial Owners checked the box in Item 2A to prefer the Debtors and Co-Proponents Plan over all other Plans;
   c. in the case of any Beneficial Owners that voted to reject the Debtors and Co-Proponents Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan;
   d. in the case of any Beneficial Owners that voted to accept the Debtors and Co-Proponents Plan, whether each such Beneficial Owner elected not to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan; and
   e. whether each Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE,

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Debtors and Co-Proponents Plan or Solicitation Order, as applicable.

PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Debtors and Co-Proponents Plan in the same proportion as the votes to accept and reject the Debtors and Co-Proponents Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on the Debtors and Co-Proponents Plan may be withdrawn without the prior consent of the Debtors and Co-Proponents.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Debtors and Co-Proponents Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1J PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A.**

## PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.   IF THIS MASTER BALLOT HAS NOT BEEN **ACTUALLY RECEIVED** BY THE VOTING AGENT BY [        ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims against Tribune Company, to transmit the votes of such creditors in respect of their PHONES Notes Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "Debtors and Co-Proponents Plan").

The Debtors and Co-Proponents Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Debtors and Co-Proponents Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Debtors and Co-Proponents Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Debtors and Co-Proponents Plan from Beneficial Owners of PHONES Notes Claims will be returned to you on beneficial Ballots. For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [          ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials,

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Debtors and Co-Proponents Plan or Solicitation Order, as applicable.

that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Debtors and Co-Proponents Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Debtors and Co-Proponents Plan; and

**Rejections.**  _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Debtors and Co-Proponents Plan.

3

**Item 3 – TRANSMITTAL OF VOTES AND ELECTIONS FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Debtors and Co-Proponents Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Debtors and Co-Proponents Plan | Principal Amount of PHONES Notes Voted to ACCEPT the Debtors and Co-Proponents Plan | Principal Amount of PHONES Notes Voted to REJECT the Debtors and Co-Proponents Plan | Check if the Beneficial Owner voted to accept the Debtors and Co-Proponents Plan in Item 2 and indicated in Item 2A that it prefers the Debtors and Co-Proponents Plan over all other Plans | Check if the Beneficial Owner voted to reject the Debtors and Co-Proponents Plan and checked the box in Item 3 to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan | Check if the Beneficial Owner voted to accept the Debtors and Co-Proponents Plan and checked the Box in Item 3, electing not to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan | Check if the Beneficial Owner elected not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust in Item 4 of the beneficial Ballot |
|---|---|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| TOTALS | $ | $ | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

*   Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Debtors and Co-Proponents Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the PHONES Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the beneficial Ballots regarding other Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) Related to the Debtors and Co-Proponents Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Debtors and Co-Proponents Plan; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Debtors and Co-Proponents Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.   The undersigned also acknowledges that the solicitation of this vote to accept or reject the Debtors and Co-Proponents Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [          ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

2

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Debtors and Co-Proponents Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Debtors and Co-Proponents Plan, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

  i.   Check the appropriate box in Item 1 on the Master Ballot;

 ii.   Indicate the total votes to accept or reject the Debtors and Co-Proponents Plan in Item 2;

iii.   Transcribe the votes from the beneficial Ballots in Item 2 and indicate the following:
  a.  whether each Beneficial Owner voted to accept or reject the Debtors and Co-Proponents Plan;
  b.  whether any Beneficial Owners checked the box in Item 2A to prefer the Debtors and Co-Proponents Plan over all other Plans;
  c.  in the case of any Beneficial Owners that voted to reject the Debtors and Co-Proponents Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan;
  d.  in the case of any Beneficial Owners that voted to accept the Debtors and Co-Proponents Plan, whether each such Beneficial Owner elected not to grant the releases contained in section 11.2.2 of the Debtors and Co-Proponents Plan; and
  e.  whether each Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Debtors and Co-Proponents Plan or Solicitation Order, as applicable.

CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Debtors and Co-Proponents Plan in the same proportion as the votes to accept and reject the Debtors and Co-Proponents Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Voting Deadline, no vote on the Debtors and Co-Proponents Plan may be withdrawn without the prior consent of the Debtors and Co-Proponents.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Debtors and Co-Proponents Plan. Holders of PHONES Notes should not surrender their PHONES Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE
SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR
IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE
VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF
THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE
VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT
PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE,
THIRD FLOOR, NEW YORK, NY 10017.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1F SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [      ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such Beneficial Owners in respect of their Senior Noteholder Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Pre-LBO Debtholder Plan</u>"), and to transmit the elections of Beneficial Owners of the Senior Notes recorded on their ballots.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization (the "<u>Plans</u>") that have been proposed for Tribune Company and its Subsidiaries (the "<u>Debtors</u>").  In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans.  You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package.  The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Pre-LBO Debtholder Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

Votes to accept or reject the Pre-LBO Debtholder Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on beneficial Ballots. For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [          ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Pre-LBO Debtholder Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Pre-LBO Debtholder Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Pre-LBO Debtholder Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Pre-LBO Debtholder Plan | Principal Amount of Senior Notes Voted to ACCEPT the Pre-LBO Debtholder Plan* | Principal Amount of Senior Notes Voted to REJECT the Pre-LBO Debtholder Plan* | Check if the Beneficial Owner voted to accept the Pre-LBO Debtholder Plan in Item 2 and indicated in Item 2A that it prefers the Pre-LBO Debtholder Plan over all other Plans | Check if the Beneficial Owner elected not to transfer its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the Beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Pre-LBO Debtholder Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) Related to the Pre-LBO Debtholder Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Pre-LBO Debtholder Plan; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Pre-LBO Debtholder Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [           ], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT
PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE,
THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN
ACTUALLY RECEIVED BY THE VOTING AGENT BY [            ] AT 4:00 P.M. EASTERN
TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.
THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER
BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED
AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Pre-LBO Debtholder Plan and making any elections, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Pre-LBO Debtholder Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 2 and indicate the following:
        a.  each Beneficial Owner voted to accept or reject the Pre-LBO Debtholder Plan;
        b.  any Beneficial Owners checked the box in Item 2A to prefer the Pre-LBO Debtholder Plan over all other Plans; and
        c.  any Beneficial Owners elected not to assign its State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each beneficial Ballot is signed and each certification is complete;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

vii.     Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.     Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Pre-LBO Debtholder Plan in the same proportion as the votes to accept and reject the Pre-LBO Debtholder Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on the Pre-LBO Debtholder Plan may be withdrawn without the prior consent of the proponents of the Pre-LBO Debtholder Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Pre-LBO Debtholder Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT**

**PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1J PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

### PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") for Beneficial Owners of PHONES Notes Claims against Tribune Company, to transmit the votes of such creditors in respect of their PHONES Notes Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Pre-LBO Debtholder Plan</u>").

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization (the "<u>Plans</u>") that have been proposed for Tribune Company and its Subsidiaries (the "<u>Debtors</u>").  In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans.  You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Pre-LBO Debtholder Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package.  The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Pre-LBO Debtholder Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

Under the Pre-LBO Debtholder Plan, PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "<u>PHONES Notes Indenture</u>") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
| --- | --- |
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Pre-LBO Debtholder Plan from Beneficial Owners of PHONES Notes Claims will be returned to you on beneficial Ballots.  For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [              ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "<u>Solicitation Order</u>").  Specifically, the

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Pre-LBO Debtholder Plan; and

**Rejections.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Pre-LBO Debtholder Plan.

3

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Pre-LBO Debtholder Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Pre-LBO Debtholder Plan | Principal Amount of PHONES Notes Voted to ACCEPT the Pre-LBO Debtholder Plan* | Principal Amount of PHONES Notes Voted to REJECT the Pre-LBO Debtholder Plan* | Check if the Beneficial Owner voted to accept the Pre-LBO Debtholder Plan in Item 2 and indicated in Item 2A that it prefers the Pre-LBO Debtholder Plan over all other Plans | Check if the Beneficial Owner elected not to transfer its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

\* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Pre-LBO Debtholder Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the PHONES Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the beneficial Ballots regarding other Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) Related to the Pre-LBO Debtholder Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Pre-LBO Debtholder Plan; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Pre-LBO Debtholder Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [            ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Pre-LBO Debtholder Plan, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Pre-LBO Debtholder Plan in Item 2;

    iii.    Transcribe the votes from the beneficial Ballots in Item 2 and indicate whether:
        a.  each Beneficial Owner voted to accept or reject the Pre-LBO Debtholder Plan;
        b.  any Beneficial Owners checked the box in Item 2A to prefer the Pre-LBO Debtholder Plan over all other Plans; and
        c.  any Beneficial Owner elected not to assign its State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each beneficial Ballot is signed and each certification is complete;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

viii.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Pre-LBO Debtholder Plan in the same proportion as the votes to accept and reject the Pre-LBO Debtholder Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Voting Deadline, no vote on the Pre-LBO Debtholder Plan may be withdrawn without the prior consent of the proponents of the Pre-LBO Debtholder Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Pre-LBO Debtholder Plan. Holders of PHONES Notes should not surrender their PHONES Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT**

2

**PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1F SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [       ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such Beneficial Owners in respect of their Senior Noteholder Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan").

The Bridge Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Bridge Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Bridge Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on beneficial Ballots. For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [            ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Bridge Plan or Solicitation Order, as applicable.

and tabulation of votes to accept or reject the Plans.  Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Bridge Plan on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Bridge Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Bridge Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Bridge Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Bridge Plan | Principal Amount of Senior Notes Voted to ACCEPT the Bridge Plan* | Principal Amount of Senior Notes Voted to REJECT the Bridge Plan* | Check if the Beneficial Owner voted to accept the Bridge Plan in Item 2 and indicated in Item 2A that it prefers the Bridge Plan over all other Plans | Check if the Beneficial Owner elected not to transfer its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

_____

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Bridge Plan and may not split such vote.

## Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

### Information transcribed from Item 5 of the beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) Related to the Bridge Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Bridge Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Bridge Plan; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Bridge Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Bridge Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [      ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

2

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Bridge Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Bridge Plan and making any elections, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

     i.    Check the appropriate box in Item 1 on the Master Ballot;

     ii.    Indicate the total votes to accept or reject the Bridge Plan in Item 2;

     iii.    Transcribe the votes from the beneficial Ballots in Item 2 and indicate the following:
         a.  each Beneficial Owner voted to accept or reject the Bridge Plan;
         b.  any Beneficial Owners checked the box in Item 2A to prefer the Bridge Plan over all other Plans; and
         c.  any Beneficial Owners elected not to assign its State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE BRIDGE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

     iv.    Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

     v.    Review the certification in Item 5 of the Master Ballot;

     vi.    Ensure that each beneficial Ballot is signed and each certification is complete;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Bridge Plan or Solicitation Order, as applicable.

vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.     Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Bridge Plan in the same proportion as the votes to accept and reject the Bridge Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on the Bridge Plan may be withdrawn without the prior consent of the proponents of the Bridge Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Bridge Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT**

2

**PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1J PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [    ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims against Tribune Company, to transmit the votes of such creditors in respect of their PHONES Notes Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Plan").

The Bridge Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Bridge Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Bridge Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
| --- | --- |
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Bridge Plan from Beneficial Owners of PHONES Notes Claims will be returned to you on beneficial Ballots. For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [          ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Bridge Plan or Solicitation Order, as applicable.

read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Bridge Plan on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Bridge Plan; and

**Rejections.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Bridge Plan.

3

**Item 3 – TRANSMITTAL OF VOTES AND ELECTIONS FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Bridge Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Bridge Plan | Principal Amount of PHONES Notes Voted to ACCEPT the Bridge Plan* | Principal Amount of PHONES Notes Voted to REJECT the Bridge Plan* | Check if the Beneficial Owner voted to accept the Bridge Plan in Item 2 and indicated in Item 2A that it prefers the Bridge Plan over all other Plans | Check if the Beneficial Owner elected not to transfer its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Bridge Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the PHONES Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the beneficial Ballots regarding other Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) Related to the Bridge Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Bridge Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Bridge Plan; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Bridge Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Bridge Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [        ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT
PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE,
THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN
<u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN
TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.
THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER
BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED
AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [           ] at 4:00 p.m. Eastern Time. To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Bridge Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Bridge Plan, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

      i.     Check the appropriate box in Item 1 on the Master Ballot;

     ii.     Indicate the total votes to accept or reject the Bridge Plan in Item 2;

    iii.     Transcribe the votes from the beneficial Ballots in Item 2 and indicate whether:
         a.  each Beneficial Owner voted to accept or reject the Bridge Plan;
         b.  any Beneficial Owners checked the box in Item 2A to prefer the Bridge Plan over all other Plans; and
         c.  any Beneficial Owner elected not to assign its State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE BRIDGE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

     iv.     Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

     v.     Review the certification in Item 5 of the Master Ballot;

     vi.     Ensure that each beneficial Ballot is signed and each certification is complete;

    vii.     Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Bridge Plan or Solicitation Order, as applicable.

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Bridge Plan in the same proportion as the votes to accept and reject the Bridge Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Voting Deadline, no vote on the Bridge Plan may be withdrawn without the prior consent of the proponents of the Bridge Plan.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Bridge Plan. Holders of PHONES Notes should not surrender their PHONES Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [     ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan").

The Step One Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Step One Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Step One Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [              ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Step One Plan or Solicitation Order, as applicable.

General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Step One Plan and (2) grant the releases contained in Section 11.3.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Step One Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Step One Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes on the Step One Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Step One Plan | Principal Amount of Senior Notes Voted to ACCEPT the Step One Plan * | Principal Amount of Senior Notes Voted to REJECT the Step One Plan * | Check if the Beneficial Owner voted to accept the Step One Plan in Item 2 and indicated in Item 2A that it prefers the Step One Plan over all other Plans | Check if the Beneficial Owner voted to reject the Step One Plan and checked the Box in Item 3 of the Beneficial Ballot, electing to grant the releases contained in section 11.3.2 of the Step One Plan | Check if the Beneficial Owner voted to accept the Step One Plan and checked the Box in Item 3 of the Beneficial Ballot electing not to grant the releases contained in section 11.3.2 of the Step One Plan | Check if the Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims to the Creditors' Trust in Item 4 of the Beneficial Ballot |
|---|---|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| TOTALS | $ | $ | | | | |

If the space provided is insufficient, attach additional sheets in the same format.

---

\* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Step One Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) Related to the Step One Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Step One Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a Beneficial Ballot for voting its Claim on the Step One Plan; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Step One Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Step One Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [          ], 2010.

<br>

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

2

# VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Step One Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Step One Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Step One Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 2 and indicate the following:
        a.  whether each Beneficial Owner voted to accept or reject the Step One Plan;
        b.  whether any Beneficial Owners checked the box in Item 2A to prefer the Step One Plan over all other Plans;
        c.  in the case of any Beneficial Owners that voted to reject the Step One Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.3.2 of the Step One Plan;
        d.  in the case of any Beneficial Owners that voted to accept the Step One Plan, whether each such Beneficial Owner elected not to grant the releases contained in section 11.3.2 of the Step One Plan; and
        e.  whether each Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE STEP ONE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Step One Plan or Solicitation Order, as applicable.

iv.    Transcribe from Item 5 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 5;

v.    Review the certification in Item 5 of the Master Ballot;

vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Step One Plan in the same proportion as the votes to accept and reject the Step One Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on the Step One Plan may be withdrawn without the prior consent of the proponents of the Step One Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Step One Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE**

2

**VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF
THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE
VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE
VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT
PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE,
THIRD FLOOR, NEW YORK, NY 10017.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1J PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY CERTAIN HOLDERS OF STEP ONE SENIOR LOAN CLAIMS

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [      ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5absorb); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims against Tribune Company, to transmit the votes of such creditors in respect of their PHONES Notes Claims to accept or reject the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Plan").

The Step One Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Step One Plan.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Step One Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Step One Plan from Beneficial Owners of PHONES Notes Claims will be returned to you on beneficial Ballots. For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [        ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) [certain of] the Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans. Please review carefully each of the Plans, the General Disclosure Statement, and each of the Specific Disclosure Statements, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Step One Plan or Solicitation Order, as applicable.

read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [November 9, 2010], (the "Record Date"), the undersigned (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Step One Plan and (2) grant the releases contained in Section 11.3.2 of the Plan, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Step One Plan; and

**Rejections.**  _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Step One Plan.

3

**Item 3 – TRANSMITTAL OF VOTES AND ELECTIONS FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes and elections of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Step One Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Step One Plan | Principal Amount of PHONES Notes Voted to ACCEPT the Step One Plan* | Principal Amount of PHONES Notes Voted to REJECT the Step One Plan* | Check if the Beneficial Owner voted to accept the Step One Plan in Item 2 and indicated in Item 2A that it prefers the Step One Plan over all other Plans | Check if the Beneficial Owner voted to reject the Step One Plan and checked the Box in Item 3, electing to grant the releases contained in section 11.3.2 of the Step One Plan | Check if the Beneficial Owner voted to accept the Step One Plan and checked the Box in Item 3, electing not to grant the releases contained in section 11.3.2 of the Step One Plan | Check if the Beneficial Owner elected not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust in Item 4 of the beneficial Ballot |
|---|---|---|---|---|---|---|
| 1. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | $ | ☐ | ☐ | ☐ | ☐ |
| TOTALS | $ | $ | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Step One Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the PHONES Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the beneficial Ballots regarding other Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) Related to the Step One Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Step One Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Step One Plan; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Step One Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Step One Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [            ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

2

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

     The Voting Deadline is [           ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

     If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Step One Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Step One Plan, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

     With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

        i.    Check the appropriate box in Item 1 on the Master Ballot;

       ii.    Indicate the total votes to accept or reject the Step One Plan in Item 2;

      iii.    Transcribe the votes from the beneficial Ballots in Item 2 and indicate the following:

         a.  whether each Beneficial Owner voted to accept or reject the Step One Plan;
         b.  whether any Beneficial Owners checked the box in Item 2A to prefer the Step One Plan over all other Plans;
         c.  in the case of any Beneficial Owners that voted to reject the Step One Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.3.2 of the Step One Plan;
         d.  in the case of any Beneficial Owners that voted to accept the Step One Plan, whether each such Beneficial Owner elected not to grant the releases contained in section 11.3.2 of the Step One Plan; and
         e.  whether each Beneficial Owner elected not to assign its Disclaimed State Law Avoidance Claims.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE STEP ONE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

       iv.    Transcribe from Item 5 of each beneficial Ballot the information provided by the Beneficial Owners into Item 5;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Step One Plan or Solicitation Order, as applicable.

v.     Review the certification in Item 5 of the Master Ballot;

vi.     Ensure that each beneficial Ballot is signed and each certification is complete;

vii.     Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

viii.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.     Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Step One Plan in the same proportion as the votes to accept and reject the Step One Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Voting Deadline, no vote on the Step One Plan may be withdrawn without the prior consent of the proponents of the Step One Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Step One Plan. Holders of PHONES Notes should not surrender their PHONES Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or beneficial Ballot.

No beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF**

**THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**