## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **TRIBUNE COMPANY, et al.** | ) | |
| | ) | **Case No. 08-13141 (KJC)** |
| | ) | |
| Debtor | ) | |
| | ) | |

## <u>EVIDENCE OF TRANSFER OF CLAIM</u>

Attached hereto is an Evidence of Transfer of Claim.

Dated: November 9, 2010       ST. JAMES LAW, P.C.

By: _ /s/ *Michael St. James* .
Michael St. James, Esq.   CSB 95653
155 Montgomery St., Suite 1004
San Francisco, CA 94104-4117
415-391-7566
ecf@stjames-law.com

Counsel for Chris Neuman, Assignee

## EVIDENCE OF TRANSFER OF CLAIM

### TO:  THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Ira Goldstone ("Assignor") hereby unconditionally and irrevocably transfers and assigns to Chris Neuman ("Assignee") all of his right, title, and interest in his claim in the amount of **$115,000.00** against Tribune Broadcasting Company ("Claim"), in the jointly administered cases of Tribune Company, et al., Chapter 11 Case No. 08-13141 (KJC) United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Claim is evidenced by that certain Stipulation between Ira Goldstone and Tribune Broadcasting Company regarding the Claims of Ira Goldstone ("Stipulation Allowing Goldstone Claim"). The Stipulation Allowing Goldstone Claim was duly noticed to the Creditors Committee and United States Trustee on _/0/22/10_ pursuant to the claims settlement procedures established by the Bankruptcy Court through an order entered November 25, 2009. No objections were timely asserted, and thus the Claim became an allowed claim under those procedures as of _//2/10_.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor substituting Assignee as the claimant in the foregoing proof of claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of the claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this _5th_ day of ~~October,~~ 2010.
_November,_

(Assignor)
Ira Goldstone

By: _____
    Ira Goldstone

(Assignee)
Chris Neuman

By: _____
    Chris Neuman

Address: 2029 Century Park East,
Suite 3500

City, State, Zip: Los Angeles, CA 90067

Address: 1010 Lexington RD

City, State, Zip: BEVERLY HILLS
CALIF           90210

2

| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 2657** |

## NOTICE OF SETTLEMENT PURSUANT TO
## CLAIMS SETTLEMENT ORDER

PLEASE TAKE NOTICE that, on November 25, 2009, the Court entered that certain Order Granting Debtors (i) Limited Waiver of Requirements of Local Rule 3007-1(f) and (ii) Authority to Settle Disputed Claims (the "Claims Settlement Order") [Docket No. 2657].

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Claims Settlement Order, the Debtors are authorized to settle or compromise Disputed Claims in accordance with the following Settlement Procedures:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429-0001-714(6054v1)

A.    If the proposed settlement amount of a Disputed Claim is less than $50,000, the Debtors are authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, without prior notice to any party and without further order of the Court;

B.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $50,000 but less than $1,000,000, the Debtors are authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, upon ten (10) business days' prior written notice to counsel to the U.S. Trustee, the Committee, and counsel to the Steering Committee, and if no objection to the proposed settlement is received from any of those parties within the ten-day period, the proposed settlement shall become effective without further order of the Court; and

C.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $1,000,000, the Debtors are authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court in accordance with Bankruptcy Rule 9019.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Claims Settlement Order, in September of 2010, Tribune Company and Tribune Broadcasting Co. ("TBC"), and Ira Goldstone ("Goldstone") entered into a Settlement Agreement and Release (the "Agreement") resolving various employment-related claims.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Claims Settlement Order, because the proposed settlement amount of the Disputed Claim is greater than $50,000 but less than $1,000,000, the Debtors provided ten (10) business days' prior written notice to the U.S. Trustee, counsel to the Committee, and counsel to the Steering Committee of the proposed settlement as set forth in the Agreement, and they did not receive any objection to the proposed settlement from any of those parties within the ten-day period.

Accordingly, the proposed settlement as reflected in the Agreement has become effective without further order of the Court. Pursuant to the terms and conditions of the Agreement, among other things, Goldstone shall have an allowed unsecured claim in the amount of $115,000.00 (one hundred fifteen thousand dollars and no cents) against TBC. The proposed settlement also provides that the parties to the settlement will release one another from all claims relating to the underlying dispute between the parties (other than the claims provided to be satisfied pursuant to the settlement), and Goldstone will release all claims and proofs of claim that might be asserted against Tribune Company, TBC, or KTLA, Inc., another of the Debtors (other than the $115,000 allowed claim referred to above).

46429/0001-7140054v1

Dated: November 2, 2010

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-7140054v1