# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: November 10, 2010 at 10:00 a.m. ET**<br>**Related to Docket Nos. 4620, 4621, 5112 and 6252** |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2010

Upon the Motion[2] of the above-captioned Debtors for an Order, pursuant to Section 363(c) and, as applicable, Sections 363(b) and 503(c), of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving, but not directing, the Debtors to implement a Management Incentive Plan ("MIP") for 2010, as revised pursuant to the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Notice of Revision of 2010 Management Incentive Plan [D.I. 5112] (the "Notice of Revision," and such Motion, as revised pursuant to the Notice of Revision, referred to as the "2010 MIP Motion"); and the Court finding that (a) it has jurisdiction over the matters raised in the 2010 MIP Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the 2010 MIP Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the 2010 MIP Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that, subject to the remainder of this Order, the 2010 MIP Motion is granted in its entirety; and it is further

ORDERED, that, subject to the remainder of this Order, the Debtors are authorized, but not directed, to implement the Debtors' 2010 MIP as described in the 2010 MIP Motion for approximately 640 management employees (including the Debtors' Top Management and any newly hired, promoted or other additional employees who become eligible for the 2010 MIP, provided that the addition of any such additional employees shall not increase any aggregate payout otherwise payable under the 2010 MIP) (collectively, the "2010 MIP Participants"), other than the Deferred Participants (defined below), with an aggregate payout opportunity of approximately:

(a) $16.5 million – representing a 50%-of-target payout to all 2010 MIP Participants – if the Company achieves "threshold" performance equal to $500 million of 2010 consolidated operating cash flow ("OCF");

    (b) $33.0 million – representing a 100%-of-target payout to all 2010 MIP Participants – if the Company achieves "target" performance for 2010 equal to $550 million of consolidated OCF; and

    (c) $42.9 million – representing a 130%-of-target payout to all 2010 MIP Participants – if the Company achieves "maximum" performance for 2010 of $685 million of consolidated OCF;

and it is further

    ORDERED, that, with respect to the five 2010 MIP Participants identified in the Limited Objection of Official Committee of Unsecured Creditors to Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010 [D.I. No. 6252] (the "Deferred Participants"), this Order is without prejudice to the Debtors' right to seek approval of the 2010 MIP Motion as to such Deferred Participants at a future time, or to the right of any party to raise objections to any such motion; and it is further

    ORDERED, that, in the event this Court or any other court of competent jurisdiction enters a final non-appealable order or judgment finding that, as part of the Tribune Company's (the "Company") leveraged buy-out transactions in 2007, a 2010 MIP Participant breached his or her fiduciary duty or committed an intentional tortious wrong, then such 2010 MIP Participant shall, within ten (10) days after receiving notice from a representative of the Debtors' estates of the finality of such an order, repay to the Company the full amount of the 2010 MIP award payment received by such 2010 MIP Participant; and it is further

    ORDERED, that the Debtors are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms of the 2010 MIP Motion and this Order; and it is further

3

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware

_____, 2010

                                                The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge