## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: November 10, 2010 at 10:00 a.m. (ET) |
| | Related to Docket Nos. 4620, 4621, 5112 |

### ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL EXHIBITS TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT MANAGEMENT INCENTIVE PLAN FOR 2010 AND TO DEBTORS' NOTICE OF REVISION TO 2010 MANAGEMENT INCENTIVE PLAN

Upon consideration of the motion (the "Motion") [D.I. 4621] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for entry of an order, pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file under seal an unredacted copy of Mercer (U.S.), Inc.'s ("Mercer") report dated May 26, 2010 reviewing and analyzing the Debtors' proposed 2010 Management Incentive Plan (such report referred to generally as the "May 2010 Mercer Report," and such unredacted version of the May 2010 Mercer Report referred to as the "Unredacted May 2010 Mercer Report"), a redacted copy of which (the "Redacted May 2010 Mercer Report") is attached as Exhibit D to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010 [D.I. 4620] (the "Incentive Plan Motion"); and upon consideration of the Debtors' request in their Notice of Revision to 2010 Management Incentive Plan filed on July 23, 2010 [D.I. 5112] ("Notice of Revision to 2010 MIP") that such order also apply to the unredacted copy of Mercer's supplemental report dated July 23, 2010 reviewing and analyzing the Debtors' proposed revised 2010 Management Incentive Plan as described in the Notice of Revision to 2010 MIP (such supplemental report referred to generally as the "July 2010 Mercer Report," and such unredacted version thereof referred to as the "Unredacted July 2010 Mercer Report"), a redacted copy of which (the "Redacted July 2010 Mercer Report") is attached as Exhibit A to the Notice of Revision to 2010 MIP; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion and the Notice of Revision to 2010 MIP has been given as set forth in the Motion and such Notice of Revision to 2010 MIP and that no further notice need be given; and the Court having determined that the relief sought in the Motion (as supplemented by the Notice of Revision to 2010 MIP) is in the best interests of the Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion (as supplemented by the Notice of Revision to 2010 MIP) is granted in its entirety; and it is further

ORDERED that the Debtors are hereby authorized to file under seal the Unredacted May 2010 Mercer Report and Unredacted July 2010 Mercer Report pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules; and it is further

ORDERED that all responses and/or objections, if any, to the Incentive Plan Motion that contain or reflect confidential information that is contained in the Unredacted May 2010 Mercer Report or Unredacted July 2010 Mercer Report but redacted in the Redacted May 2010 Mercer Report or Redacted July 2010 Mercer Report, or any other confidential information supplied by the Debtors to various parties in conjunction with the Incentive Plan Motion, shall be filed with the Court under seal; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware
November 10, 2010

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge