## EXHIBIT A

**REVISED TOLLING AGREEMENT**

**EXECUTION VERSION**

## AGREEMENT AND ORDER REGARDING TOLLING OF STATUTES OF LIMITATION

THIS TOLLING AGREEMENT (the "Agreement") is made and entered into as of this 28th day of October, 2010, by Tribune Company ("Tribune"), each of Tribune's affiliates that have filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Tribune and such affiliates, individually and collectively, the "Debtors"), and each of Tribune's affiliated entities listed on Schedule 1 hereto that are not the subject of a chapter 11 petition (the "Non-Debtor Affiliates", and together with the Debtors, collectively referred to herein as, the "Parties"). Schedule 1 to the Agreement provides a complete list of the Parties.

### RECITALS

WHEREAS, on December 8, 2008 (the "Petition Date"), each of the Debtors (other than Tribune CNLBC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, with the resulting Chapter 11 proceedings currently pending before the United States Bankruptcy Court for the District of Delaware (the "Court") and jointly administered as Case No. 08-13141 (KJC) (the "Cases");

WHEREAS, prior to or after the Petition Date, transfers of cash and other assets and/or transactions have occurred between and among the Debtors and also between Debtors, on the one hand, and the Non-Debtor Affiliates, on the other hand (all such transfers and transactions (the "Intercompany Transfers");

WHEREAS, pursuant to the limitations periods contained in sections 546(a), 549(d), and 108(a) of the Bankruptcy Code, and other applicable bankruptcy and/or non-bankruptcy law (collectively referred to herein as, the "SOLs"), the time within which the Debtors and Non-Debtor Affiliates may commence actions or proceedings under sections 544, 545, 547, 548, 549 or 553 of the Bankruptcy Code or under applicable non-bankruptcy law with respect to Intercompany Transfers (such actions or proceedings, collectively referred to herein as, the "Avoidance Actions") and may commence actions or proceedings with respect to any other claims that may exist among the Debtors and the Non-Debtor Affiliates (such other claims or causes of action collectively referred to herein as the "Intercompany Actions") is limited;

WHEREAS, the Debtors and Non-Debtor Affiliates wish to toll the SOLs and, thereby, preserve any Avoidance Actions and Intercompany Actions, whether asserted by claim, counterclaim, cross-claim, or otherwise, and whether or not the Debtors or Non-Debtor Affiliates actually commence one or more Avoidance Actions or Intercompany Actions on or before December 8, 2010, or any other date upon which an applicable SOL would expire but for this Agreement; and

WHEREAS, the Debtors and the Non-Debtor Affiliates desire and are willing to enter into this Agreement between and among themselves in order to preserve any and all Avoidance Actions and Intercompany Actions, if any, that the Debtors or the Non-Debtor Affiliates may have according to the terms set forth herein.

1

**AGREEMENT**

NOW, THEREFORE, based on the recitals set forth above which are incorporated herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The time period extending from the date hereof until 11:59 p.m. (eastern time) on the date this Agreement expires or is terminated in accordance with its terms (the "Expiration Date") shall not be counted in determining the time in which the Parties, or their successors or assigns, including, without limitation, any trust established pursuant to a plan of reorganization or otherwise,  shall be permitted by any SOL to file an Avoidance Action or Intercompany Action. The Parties hereby expressly waive any defense under section 546(a) of the Bankruptcy Code or any other SOL, including off-set arguments arising under section 502(d), and agree not to assert time-based defenses of any kind, including but not limited to laches, waiver, or estoppels, to any Avoidance Action or Intercompany Action due to the passage of time between the date of this Agreement and the Expiration Date (the "Tolling Period").

2.      This Agreement shall remain in force and effect until June 30, 2011, unless the Tolling Period is extended earlier according to the terms hereof.

3.      Any Party may extend the Tolling Period with respect to actions against such Party upon notice filed by the Party with the Court prior to the Expiration Date; in which case, the Expiration Date applicable to such Party shall be extended until 11:59 PM (eastern time) on the date so specified.

4.      The Parties agree that: (a) section 546(a) of the Bankruptcy Code, and any other SOL, is not a limit on the Court's jurisdiction, and can be tolled; and (b) no Party will assert any contrary position in any action, suit or proceeding whether filed in Bankruptcy Court, Federal District Court, or a State Court of competent jurisdiction) including, without limitation, any proceedings relating to confirmation of a plan.  If a court of competent jurisdiction nonetheless holds, in a final and non-appealable order, that the Court does not have jurisdiction over any Avoidance Action or Intercompany Action because the Avoidance Action or Intercompany Action was filed after December 8, 2010, or such other date upon which any applicable SOL would have expired but for this Agreement, the Parties agree that: (x) the Party asserting such Avoidance Action or Intercompany Action shall nevertheless have a separate, distinct contractual right and claim against the Party subject to such Avoidance Action or Intercompany Action for avoidance and/or recovery; and (y) the Party subject to such Avoidance Action or Intercompany Action will have a corresponding separate and distinct contractual obligation to the Party asserting such Avoidance Action or Intercompany Action, in the amount and for the remedies, if any, that the Party asserting such Avoidance Action or Intercompany Action would have been entitled to avoid and/or recover had it asserted such Avoidance Action or Intercompany Action prior to December 8, 2010, or such other date upon which any applicable SOL would have expired but for this Agreement, and obtained a final and non-appealable judgment from the Court in its favor, subject to all other available rights, claims and defenses of each Party.  The agreements contained in this paragraph **4** are a material inducement to each Party to enter into this Tolling Agreement.

2

5.      Nothing in this Agreement shall constitute or be construed as an admission by any Party that any claim could or could not properly be asserted against it by any other Party, or that any such claim would or would not have any basis in law or in fact. Except as expressly provided in paragraph **1**, with respect to time-based defenses, and as set forth in paragraph **4**, this Agreement is not intended to and shall not have any effect upon any defense that any Party may assert to any claim brought by any other Party. Except for the express provisions in paragraphs **1** and **4** above, nothing in this Agreement shall revive any claim, action, suit, demand or cross-demand or defense that is or would be barred as of the date hereof, and nothing herein shall waive any claims or defenses any party hereto may have as of such date.

6.      The parties acknowledge and agree that entry into this Agreement by the Debtors and the Non-Debtor Affiliates does not in any way limit the ability or rights of the Debtors or the Non-Debtor Affiliates to contend that the SOL's have been tolled for reasons independent of this Agreement, or to assert the doctrines of equitable estoppel, concealment, or any other doctrine or statute as a basis for tolling the SOL's independent of this Agreement.

7.      This Agreement constitutes the entire agreement between the Parties and supersedes any prior negotiations and agreement between the Parties, whether written or oral concerning the subject matter hereof. This Agreement may not be modified except in writing duly executed by applicable Parties or their authorized representatives and approved by the Court.

8.      This Agreement shall inure to the benefit of the Parties hereto, their successors and assigns, including, without limitation, any successor trustee or any trust established pursuant to a plan of reorganization.

9.      This Agreement shall be governed in all respects by the laws of the State of Illinois and the Bankruptcy Code, as applicable, in effect at the time of its execution without reference to its choice of law rules, unless any other applicable state law would be more favorable to the enforcement of this Agreement, in which event such state law shall apply. The Bankruptcy Court shall have jurisdiction to enforce the terms and provision of this Agreement and to hear and determine any issue or dispute arising hereunder, including without limitation any matter relating to or arising from the terms of paragraph **4** herein, all pursuant to 28 U.S.C. §§ 157(b) and 1334.

10.     This Agreement shall be immediately effective and enforceable upon each Party upon the execution of this Agreement by such Party. On or before November 5, 2010, the Debtors shall file a motion seeking Court approval of this Agreement at a November 23, 2010 hearing date.

11.     This Agreement may be executed in counterparts by original signature, facsimile or pdf, each of which counterparts shall be deemed an original, fully enforceable counterpart for all purposes, but all of which shall together constitute one and the same agreement.

12.     Subject to such Court approval, if any, as is required, each Party to this Agreement represents and warrants that: (a) he, she, or it has the necessary power and authority to execute and deliver this Agreement, individually or in the capacity in which such party executes this Agreement; and (b) this Agreement (i) has been approved by all proper corporate

3

and other organizational authority required for such Party, and (ii) constitutes a valid and binding obligation of such Party, enforceable in accordance with its terms and conditions.

14.     The terms and provisions of this Agreement shall be deemed severable, so that if any term or provision herein is deemed invalid or unenforceable, that term or provision shall be deemed deleted or modified so as to be valid and enforceable to the fullest extent permitted by applicable law.

15.     The Parties hereby agree and acknowledge that it has had a full opportunity to consult with any individual or entity and to review any materials that it desired to review in connection with the consideration and evaluation of this Agreement. This Agreement, therefore, shall not be construed against any Party on the basis that the Party was the drafter.

16.     This Agreement shall also be binding upon any Debtor in these Cases, and any entity which is wholly owned and controlled by a Debtor, to the extent not listed in Schedule 1 the same as if such Debtor or such entity was listed in Schedule 1.

17.     Upon the Court approving this Agreement by executing "SO FOUND AND ORDERED" below, the Court has been deemed to make findings and conclusions of law contained herein.

EXECUTION VERSION

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

TRIBUNE COMPANY, and each and every one of the Debtors listed on Schedule 1 hereof

By: _____
    Jack Rodden
    Authorized Officer


Each and every one of the Non-Debtor Affiliates listed on Schedule 1 hereof, except Tribune Media Services, BV

By: _____
    Jack Rodden
    Authorized Officer


TRIBUNE MEDIA SERVICES, BV
By: _____

    Managing Director


SO FOUND AND ORDERED:

Dated: Wilmington, Delaware

_____, 2010


_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

5

# SCHEDULE 1

## Debtors

Tribune Company
435 Production Company
5800 Sunset Productions Inc.
Baltimore Newspaper Networks, Inc.
California Community News Corporation
Candle Holdings Corporation
Channel 20, Inc.
Channel 39, Inc.
Channel 40, Inc.
Chicago Avenue Construction Company
Chicago River Production Company
Chicago Tribune Company
Chicago Tribune Newspapers, Inc.
Chicago Tribune Press Service, Inc.
ChicagoLand Microwave Licensee, Inc.
Chicagoland Publishing Company
Chicagoland Television News, Inc.
Courant Specialty Products, Inc.
Direct Mail Associates, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC
Eagle Publishing Investments, LLC
forsalebyowner.com corp.
ForSaleByOwner.com Referral Services, LLC
Fortify Holdings Corporation
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.
GreenCo, Inc.
Heart & Crown Advertising, Inc.
Homeowners Realty, Inc.
Homestead Publishing Co.
Hoy, LLC
Hoy Publications, LLC
InsertCo, Inc.
Internet Foreclosure Service, Inc.
JuliusAir Company, LLC
JuliusAir Company II, LLC
KIAH Inc.
KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN Inc.
Los Angeles Times Communications LLC
Los Angeles Times International, Ltd.

Los Angeles Times Newspapers, Inc.
Magic T Music Publishing Company
NBBF, LLC
Neocomm, Inc.
New Mass. Media, Inc.
Newscom Services, Inc.
Newspaper Readers Agency, Inc.
North Michigan Production Company
North Orange Avenue Properties, Inc.
Oak Brook Productions, Inc.
Orlando Sentinel Communications Company
Patuxent Publishing Company
Publishers Forest Products Co. of Washington
Sentinel Communications News Ventures, Inc.
Shepard's Inc.
Signs of Distinction, Inc.
Southern Connecticut Newspapers, Inc.
Star Community Publishing Group, LLC
Stemweb, Inc.
Sun-Sentinel Company
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
The Other Company LLC
Times Mirror Land and Timber Company
Times Mirror Payroll Processing Company, Inc.
Times Mirror Services Company, Inc.
TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.
Tower Distribution Company
Towering T Music Publishing Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC
Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc.
Tribune California Properties, Inc.
Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Entertainment Production Company
Tribune Finance, LLC
Tribune Finance Service Center, Inc.
Tribune License, Inc.
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Holdings, Inc.
Tribune Media Net, Inc.

Tribune Media Services, Inc.
Tribune Network Holdings Company
Tribune New York Newspaper Holdings, LLC
Tribune NM, Inc.
Tribune Publishing Company
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
ValuMail, Inc.
Virginia Community Shoppers, LLC
Virginia Gazette Companies, LLC
WATL, LLC
WCCT, Inc., f/k/a WTXX Inc.
WCWN LLC
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WLVI Inc.
WPIX, Inc.
Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC

**Non-Debtor Affiliates**

Tribune DB, LLC, f/k/a Chicago Cubs Dominican Baseball Operations, LLC
Tribune DB, LLC, f/k/a Diana-Quentin, LLC
Multimedia Insurance Company
TMS Entertainment Guides Canada Corp.
Tribune (FN) Cable Ventures, Inc.
Tribune Hong Kong, Ltd.
Tribune Interactive, Inc.
Tribune Employee Lease Company LLC
Tribune Media Services, BV
Tribune National Marketing Company
Tribune ND, Inc.
Tribune Receivables, LLC
Tribune Sports Network Holdings, LLC
Blue Lynx Media, LLC, f/k/a Tribune Technology, LLC
Tribune WFPT, LLC, f/k/a Wrigley Field Premium Ticket Services, LLC