## STEP TWO / DISGORGEMENT SETTLEMENT UNDERTAKING

This undertaking relating to the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on October 22, 2010 to which this undertaking is attached as an Exhibit (as may be amended or modified but subject to the limitations herein, the "Plan")[1] is made and entered into as of October 22, 2010 by and among JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Bank of America, N.A. and Citicorp North America, Inc., each in their capacities as agents and/or arrangers of the Incremental Senior Loans and the Bridge Loans (the "Loans") and as Senior Lenders and/or Bridge Lenders that received principal, interest and/or fee payments under the Loans prior to the Petition Date (such parties, together with their Affiliates, the "Step Two Arrangers").

## RECITALS

WHEREAS it has been alleged that the Debtors may have certain claims (the "Step Two / Disgorgement Claims") against (i) the Step Two Arrangers in their capacities as agents and/or arrangers with respect to the Loans and (ii) the current and former Senior Lenders and Bridge Lenders that received payments of principal, interest and/or fees under the Loans prior to the Petition Date (including the Step Two Arrangers, the "Step Two Disgorgement Defendants");

WHEREAS the Step Two Arrangers dispute the validity of such claims but, in the interest of finality, they are willing to support a reasonable settlement thereof, as well as other disputes, on the terms and conditions set forth in the Plan;

WHEREAS each Step Two Arranger has accordingly agreed to (i) support a settlement of the Step Two / Disgorgement Claims on the terms and conditions set forth in the Plan, including the payment of $120 million on the Effective Date of the Plan (the "Step Two / Disgorgement Settlement Amount") as provided for therein (the "Step Two / Disgorgement Settlement") and (ii) advance its pro rata share (based on the proportion that such party's allocated share of the Step Two / Disgorgement Settlement Amount bears to the aggregate portion of the Step Two / Disgorgement Settlement Amount allocated to all Step Two Arrangers) of the portion of the Step Two / Disgorgement Settlement Amount that is allocable to Non-Settling Parties, other than any Step Two Arrangers that may be Non-Settling Parties (the "Backstop Amount");

WHEREAS the Step Two / Disgorgement Settlement is incorporated into and forms an integral part of the Plan, and will become effective only upon the Effective Date of the Plan; and

WHEREAS, pursuant to the Plan, each Step Two Disgorgement Defendant shall have the independent right to elect to participate in the Step Two / Disgorgement Settlement or have the Step Two / Disgorgement Claims against it transferred to a Litigation Trust (each Step Two Disgorgement Defendant other than the Step Two Arrangers that declines to participate in the Step Two / Disgorgement Settlement, a "Non-Settling Party");

## UNDERTAKING OF STEP TWO ARRANGERS WITH RESPECT TO STEP TWO / DISGORGEMENT SETTLEMENT

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

NOW THEREFORE, each Step Two Arranger undertakes that, if (i) the Plan is confirmed by the Bankruptcy Court and has not been amended or modified after the date hereof in a manner materially adverse, in the reasonable judgment of any Step Two Arranger, to such Step Two Arranger and its Affiliates, considered in the aggregate, (ii) not later than the date on which the Plan is confirmed, the Settlement, the related releases, the Bar Order and the related retentions of jurisdiction (each as described in the Plan with only such changes as are agreed by the Step Two Arrangers) are authorized and approved in all respects pursuant to the order confirming the Plan, which order shall not modify any aspect of such provisions and which order shall not have been stayed and shall remain in full force and effect on the Effective Date and (iii) the Litigation Trust Agreement contains provisions governing control of any legal proceedings and/or settlements in respect of claims against the Non-Settling Parties satisfactory to the Step Two Arrangers (collectively, the "Undertaking Conditions"), it shall irrevocably be deemed to have elected to participate in the Step Two / Disgorgement Settlement and, upon occurrence of the Effective Date, it shall make the payments required to be made by it under the Plan in connection with the Step Two/Disgorgement Settlement, including, without limitation, its share of the Backstop Amount, which shall be subject to reimbursement as provided in the Plan and the Litigation Trust Agreement.

This Undertaking is for the benefit of, and is enforceable by, the Debtors and the Creditors' Committee; provided that the sole available remedy shall be specific performance of this Undertaking plus all reasonable costs of enforcement and collection. The terms of the Undertaking cannot be amended or modified without the consent of each of the Step Two Arrangers, the Debtors and the Creditors' Committee.

This Undertaking shall become effective upon execution by each of the Step Two Arrangers and shall cease to be binding upon the Step Two Arrangers and shall be of no further force or effect if the Undertaking Conditions, as set forth above, have not been satisfied on or before October 1, 2011 and any Step Two Arranger provides the Debtors and the Creditors' Committee with a written termination notice at any time thereafter; provided that any Step Two Arranger shall have the right to elect to terminate its obligations under this Undertaking if (a) at any time the Debtors or Creditors' Committee shall prosecute any actions against the Step Two Arrangers or support any party in interest in prosecuting, such as by filing court papers in support of, or by entering into a common interest or similar agreement with any other party with respect to the prosecution of, any actions against the Step Two Arrangers, except as may be necessary to avoid the running of any applicable statute of limitations or similar statute imposing a time-based bar against the bringing of claims or (b) the Proponents shall at any time not be actively pursuing confirmation and consummation of the Plan.

This Undertaking shall be governed by and construed in accordance with the laws of the State of New York.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

JPMORGAN CHASE BANK, N.A.:

By: _____

Name:
        Miriam T. Kulnis
Title:      Executive Director

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

BANK OF AMERICA, N.A.:

By: _____

Name:   LYNN D. SIMMONS

Title:   SENIOR VICE PRESIDENT

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

MERRILL LYNCH CAPITAL CORPORATION:

By: _Stephanie Vallillo_

Name: Stephanie Vallillo

Title: Director

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

CITICORP NORTH AMERICA, INC.:

By: 

Name:      NANCY ROCHFORD
         Managing Director

Title: