IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    Chapter 11 |
| TRIBUNE COMPANY, et al. | )    Case No. 08-13141 (KJC) |
|        Debtors. | )    Jointly Administered |
| | ) |
| | ) |
| | ) |
| | ) |

**DECLARATION OF KENNETH LIANG IN SUPPORT OF MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P., FOR AN ORDER DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT LP**

I, KENNETH LIANG, do hereby declare that:

1.      I am a Managing Director and Head of Restructuring for the Distressed Debt Group of Oaktree Capital Management, L.P. The matters stated herein are true of my own personal knowledge and, if called upon to do so, I could and would testify competently thereto. I make this Declaration in Support of Motion of Oaktree Capital Management, L.P., and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP.

2.      As a Managing Director with respect to certain investment funds and accounts managed by Oaktree Capital Management, L.P. that hold Tribune debt obligations (such funds and accounts and their respective subsidiaries, "Oaktree"), I am familiar with the day-to-day operations, business and financial affairs of the Distressed Debt Group of Oaktree and the bankruptcy proceedings and restructuring relating to Tribune.

3.      In September 2009, Oaktree retained Akin Gump as its counsel and advisor in matters pertaining to governmental regulation, including applicable ownership rules and FCC regulations pertinent to Oaktree's substantial holdings of Tribune debt and the pending restructuring in which Oaktree would become a substantial equity holder of the reorganized

Tribune. In addition, Akin Gump has become Oaktree's primary FCC counsel on substantially all of its investments in media and publishing companies.

4.    In connection with those Tribune engagements, Akin Gump has provided Oaktree with substantial legal advice and services related to FCC issues in the Tribune reorganization proceeding. With respect to FCC and regulatory issues, Akin Gump has assisted us in formulating and evaluating plans of reorganization, in devising strategies and responses to competing plans, and in assessing a myriad of other issues.

5.    Advice concerning FCC rules and required approvals, as well as issues that may require changes to Oaktree's corporate structures to accommodate its receipt of stock in reorganized Tribune, is critical to our positions in these bankruptcy cases. Akin Gump has represented and continues to represent Oaktree in connection with filings with and proceedings before the FCC, including Tribune's pending applications to the FCC for various waivers and consents necessary for the effectiveness of any plan of reorganization. Oaktree has relied upon and utilized Akin Gump's work in formulating its plan, in evaluating other proposed plans, and in its analysis of other options.

6.    In connection with these services, Akin Gump has consulted with Oaktree's management and reorganization counsel, has reviewed pertinent pleadings and has had access to confidential and sensitive information about Oaktree, including information about their holdings and positions with respect to Tribune, ownership structures in various funds, and legal issues associated with those structures.

7.    On October 13, 2010, Oaktree's FCC counsel at Akin Gump, Tom Davidson, notified Oaktree by email that, "I understand that certain Akin Gump lawyers outside our communications section presently are representing Aurelius in the Tribune restructuring." (A true and correct copy of the email chain including the October 13, 2010 email is attached as Ex. A at p.3.) Mr. Davidson stated that Akin Gump intended to maintain an ethical wall between the attorneys for Oaktree and Aurelius. No consent was requested at that time. No disclosure was made then, or at any time, that Aurelius would file a competing plan, that Aurelius would take

-2-

positions at the FCC adverse to the positions that Akin Gump had staked out for Oaktree and Angelo Gordon, or that Akin Gump would conduct discovery for Aurelius against its own clients, or of any alternatives.

8. Although Akin Gump did attempt to persuade Oaktree to consent to the conflict, Oaktree did not do so. Specifically, on October 15, 2010, Oaktree's FCC counsel at Akin Gump sent an email to me asking if "the Aurelius conflict is acceptable to Oaktree?" (A copy of this October 15, 2010 email is included in the email chain, Ex. A) On November 4, 2010, I responded that Oaktree would not waive the conflict, and indicated that "I believe Bruce Bennett of Hennigan Bennett & Dorman ("HBD"), Oaktree's counsel relating to Tribune bankruptcy restructuring, has been speaking and corresponding with Danny Golden from your firm on this conflict issue. As Bruce has informed Danny on our behalf, the Aurelius conflict is not acceptable to Oaktree, and we do not waive the conflict." (A copy of this November 4, 2010 email is included in the email chain, Ex. A.)

9. Earlier, on October 27, 2010, HBD, on behalf of Oaktree, advised Akin Gump that it could not undertake the representation if Aurelius intended to take any positions adverse to those of Oaktree or Angelo Gordon in connection with pending or future proceedings before the FCC regarding Tribune or if Akin Gump intended to take any positions or make any statements that would be inconsistent with any positions or statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon in these cases. (A true and correct copy of HBD's communication to Akin Gump is attached hereto as Ex. B.) Akin Gump declined to do so, by email to HBD and attachment dated November 3, 2010, confirming Aurelius's intent to take positions adverse to Oaktree at the FCC "without limitation." (A copy of this email and enclosure is attached as Ex. "C".)

10. I am familiar with Aurelius's business practice to take aggressive litigation positions to affect the value of investments or to extract value from other creditors, and Oaktree will not agree to have its attorneys take positions adverse to Oaktree on behalf of Aurelius.

-3-

11.     Confirming my experience with Aurelius, on October 16, 2010, Akin Gump sent a letter to Oaktree, through HBD, stating that Akin Gump "is counsel to Aurelius" in the Tribune matter and that "Aurelius intends to seek discovery" from Oaktree and Angelo Gordon relating to Tribune.  (A copy of this letter is attached as Ex. D)  The list of anticipated discovery included matters related to "any potential, proposed, or actual plan(s) of reorganization that have been considered, discussed, or negotiated by any party in interest" and thus related in part to Akin Gump's own advice to Oaktree respecting the FCC issues and matters on which Akin Gump had received confidential information in the course of its representation of Oaktree and Angelo Gordon.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 11th day of November, 2010 at Los Angeles, California.


_____
                        KENNETH LIANG

# EXHIBIT A

**From:** Liang, Ken
**Sent:** Thursday, November 04, 2010 6:09 PM
**To:** 'Davidson, Tom'
**Cc:** Alexander, Emily; Lee, Edgar; Liang, Ken
**Subject:** RE: Tribune

Tom, I wanted to follow up with you on the conflict issue. I believe Bruce Bennett of Hennigan Bennett & Dorman, Oaktree's counsel relating to Tribune bankruptcy restructuring, has been speaking and corresponding with Danny Golden from your firm on this conflict issue. As Bruce has informed Danny on our behalf, the Aurelius conflict is not acceptable to Oaktree, and we do not waive the conflict.

We continue to value the work you have been doing for us on the FCC issues in Tribune, as well as other Oaktree investments, and we will look for your sage counsel and guidance in the coming months on Tribune FCC matters.

Regards
Ken

*Ken Liang*
*Managing Director*
*Oaktree Capital Management, L.P.*
*333 South Grand Avenue, 29th Floor*
*Los Angeles, CA. 90071*
*Email: kliang@oaktreecapital.com*
*Office: (213) 830-6422    Mobile: (213) 422-0029*
*Assistant: Stella Murillo (213) 830-6441  smurillo@oaktreecapital.com*

**From:** Davidson, Tom [mailto:tdavidson@AKINGUMP.com]
**Sent:** Friday, October 15, 2010 8:00 AM
**To:** Liang, Ken
**Cc:** Alexander, Emily; Lee, Edgar
**Subject:** Tribune

Ken:

I just want to close the loop to be sure the below Aurelius conflict consent is acceptable to Oaktree? My understanding is that the consent is acceptable to Angelo Gordon and Angelo Gordon has provided a corresponding consent.

Tom D.

---

**From:** Davidson, Tom
**To:** 'kliang@oaktreecapital.com' ; 'ealexander@oaktreecapital.com'
**Cc:** 'elee@oaktreecapital.com' ; Marchesiello, Phil
**Sent:** Wed Oct 13 19:05:04 2010
**Subject:** Tribune

Ken and Emily:

I have now reconfirmed in writing with Aurelius that it consents to and waives any conflict of interest of having Oaktree and Angelo Gordon use Akin as its FCC counsel in connection with the Tribune bankruptcy cases provided that both Oaktree and Angelo Gordon similarly consent to and waive any conflict of interest that might arise as a result of Aurelius using Akin for all other purposes in the Tribune bankruptcy case.

Tom W. Davidson

---

**From:** Davidson, Tom
**To:** 'Liang, Ken' ; Alexander, Emily
**Cc:** Lee, Edgar
**Sent:** Wed Oct 13 14:38:41 2010
**Subject:** Tribune
Ken:

Based on my conversation with Danny Golden, I understand that Aurelius has consented to Akin's continued representation of Angelo Gordon and Oaktree on FCC matters in the Tribune bankruptcy pursuant to the ethical wall that has been established. I also understand that this arrangement is acceptable to Angelo Gordon. I will reconfirm my understanding again with Danny, however, given your concerns.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

---

**From:** Liang, Ken [mailto:kliang@oaktreecapital.com]
**Sent:** Wednesday, October 13, 2010 2:31 PM
**To:** Davidson, Tom; Alexander, Emily

Thanks Tom. Aurelius will be much more litigious than Centerbridge (or anyone) and we have now reached agreement with all major constituencies (debtor, major creditors, and Official Committee of Unsecured Creditors) except for Aurelius, who is a significant holder of the parent company unsecured bonds. All efforts will be brought by Aurelius to derail the restructuring we believe. I just want to make sure they don't use the Akin multiple representations to disqualify Akin as our FCC counsel. I would presume Angelo Gordon has the same issue.

Ken

---

*Ken Liang*
*Managing Director*
*Oaktree Capital Management, L.P.*
*333 South Grand Avenue, 29th Floor*
*Los Angeles, CA. 90071*
*Email: kliang@oaktreecapital.com*
*Office: (213) 830-6422    Mobile: (213) 422-0029*
*Assistant: Stella Murillo (213) 830-6441  smurillo@oaktreecapital.com*

---

**From:** Davidson, Tom [mailto:tdavidson@AKINGUMP.com]
**Sent:** Wednesday, October 13, 2010 11:04 AM
**To:** Alexander, Emily
**Cc:** Lee, Edgar; Liang, Ken
**Subject:** Tribune

Hi Emily:

I hope all is well with you.

I understand that Centerbridge sold its position in Tribune to Aurelius Capital Management ("Aurelius"). As you will recall, certain Akin Gump lawyers outside the communications section were representing Centerbridge in the Tribune restructuring. At that time, Akin Gump put into place an ethical wall between those Akin Gump lawyers representing Angelo Gordon and Oaktree on FCC matters and those Akin Gump lawyers representing Centerbridge on other matters in the Tribune bankruptcy. I understand that certain Akin Gump lawyers outside our communications section presently are representing Aurelius in the Tribune restructuring. I wanted to confirm in writing and assure you that Akin Gump continues to maintain the ethical wall between the lawyers in its communications section representing Angelo Gordon and Oaktree in the Tribune bankruptcy and those Akin Gump lawyers representing Aurelius in the Tribune bankruptcy.

Please do not hesitate to give me a call with any questions regarding the ethical wall or this matter.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

**From:** Davidson, Tom
**Sent:** Tuesday, February 16, 2010 7:39 AM
**To:** Alexander, Emily
**Cc:** Lee, Edgar; Liang, Ken
**Subject:** Tribune

Emily:

With respect to the Tribune matter, I wanted to confirm in writing that Akin Gump has in place an ethical wall between those Akin lawyers representing Angelo Gordon and Oaktree and any Akin lawyers representing Centerbridge, since Centerbridge could have positions adverse to the positions of Angelo Gordon and Oaktree. In reviewing my response to your January 28 email, I realized I had not directly responded to your question. Therefore, I wanted to make it clear that we have the ethical wall in place.

Please do not hesitate to let me know if you have any questions.


Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com


---

**From:** Alexander, Emily [mailto:ealexander@oaktreecapital.com]
**Sent:** Thursday, January 28, 2010 2:23 PM
**To:** Davidson, Tom
**Subject:** Tribune


Hi, Tom. I understand that colleagues of yours may be involved in the Tribune representation on the bankruptcy side that could have positions opposite to ours. We just wanted to confirm that there was a wall set up between those of you on the FCC side. Could you please let me know?

Thanks!

Emily Alexander
Senior Vice President, Legal
Oaktree Capital Management, L.P.
333 S. Grand Ave., 28th Floor
Los Angeles, CA 90071
Tel: 213-830-6466
Fax: 213-830-8599

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-*

# EXHIBIT B

From: Bruce Bennett [mailto:BennettB@hbdlawyers.com]
Sent: Wednesday, October 27, 2010 11:06 PM
To: Golden, Daniel
Subject: Tribune

Since our last conversation, I have had further discussions with Oaktree and Angelo Gordon regarding Akin Gump's recent engagement by Aurelius in the Tribune cases, including your assertion that Oaktree and Angelo Gordon previously had consented to that representation and had waived the obvious conflicts that exist as a result of Akin Gump's representation of adverse parties in the same matter.

As you know, Akin Gump currently represents Oaktree and Angelo Gordon in the Tribune cases. Contrary to your statements, neither Oaktree nor Angelo Gordon has consented to Akin Gump's concurrent representation of Aurelius in those cases. To the contrary, both have articulated grave concerns about Akin Gump's concurrent representation of a party that is directly adverse to them in the same matter.

Although willing to discuss a limited waiver and consent, both require effective protections from the obvious conflicts that have arisen and will arise from the concurrent representation of both Oaktree and Angelo Gordon on the one hand and Aurelius on the other hand. Akin Gump's acceptance and implementation of all of the following terms and conditions is a precondition to any waiver and consent by Oaktree and Angelo Gordon:

First, Akin Gump may not represent Aurelius at all if Aurelius is or intends to be adverse to Oaktree or Angelo Gordon in any part of the Tribune matters where Akin Gump already represents Oaktree and Angelo Gordon. Accordingly, it is necessary that Akin Gump advise Oaktree and Angelo Gordon that Aurelius is not and will not be adverse to either of them in connection with the pending and any future proceedings before the FCC in connection with the Tribune companies or any of them or in connection with any matters relating to FCC waivers or consents in connection with those Tribune entities.

Second, Akin Gump must agree that, in representing Aurelius, Akin Gump will not take any position or make any statements that are inconsistent with any position and statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon.

Third, Akin Gump may not conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions, and Akin may not take any action directly adverse to Oaktree other than actions that are applicable to holders of Senior Loan Claims generally.

Fourth, Akin Gump will establish a satisfactory ethical wall separating professionals and other personnel working on the Oaktree and Angelo Gordon representation, as well as any work and files generated in connection with that representation, from the professionals and other personnel working

on the Aurelius representation and any work and files generated in connection with the Aurelius representation.

Kindly confirm, in writing that all of these terms and conditions are acceptable to and will be scrupulously followed by Akin Gump in any simultaneous representation of Angelo Gordon and Oaktree on the one hand and Aurelius.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT C

**From:** Golden, Daniel [mailto:dgolden@AkinGump.com]
**Sent:** Wednesday, November 03, 2010 12:41 PM
**To:** Bruce Bennett
**Cc:** Zensky, David; Dublin, Philip
**Subject:** FW: Tribune

Bruce: I just realized that the e mail I sent you around 11 20 am (NY time) this morning contained an error. Attached below is a clean and blacklined version (from the version I sent you this morning) of Aurelius's proposal to resolve the putative conflicts issue. Sorry for the inconvenience.

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002


Mildred (Millie) Andino
Assistant to Daniel H. Golden, David H. Botter,
Natalie E. Levine, David A. Kazlow & Peter J. Sprofera
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
212-407-3063
mandino@akingump.com

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Bruce,

Let me say at the outset that we disagree with your assertions and continue to believe that both your clients, Oaktree and Angelo Gordon, previously consented to and waived any potential conflicts of interest that have or may arise as a result of Akin Gump acting as FCC counsel for Oaktree and Angelo Gordon in connection with the Tribune bankruptcy proceedings on the one hand and acting as bankruptcy and litigation counsel for first Centerbridge and now Aurelius in connection with the Tribune bankruptcy proceedings on the other hand.

However, in an effort to resolve these issues, set forth below is Aurelius's proposal with respect to the ongoing dual representation:

First, Aurelius has retained the law firm of Lerman Senter PLLC, as its FCC/communications counsel in connection with the Tribune bankruptcy proceedings. As such, any positions advocated and/or defended by Aurelius in connection with FCC/communications matters relating to the Tribune bankruptcy proceedings will be handled by Lerman Senter PLLC (and other counsel) but not Akin Gump and such representation by Lerman Senter PLLC (and other counsel) but not Akin Gump shall be without limitation.

Second, in connection with the Tribune bankruptcy proceedings, Aurelius will agree not to utilize Akin Gump to conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions.

Third, Akin Gump will continue to maintain the ethical barrier already established separating the professionals and other personnel working on the FCC/communications representation of Oaktree and Angelo Gordon in connection with the Tribune bankruptcy proceedings, as well as any work and files generated in connection with that representation, from the professionals and other personnel working on the bankruptcy and litigation representation of Aurelius in connection with the Tribune bankruptcy proceedings.

Kindly confirm in writing that all of these terms are acceptable to Oaktree and Angelo Gordon and shall fully resolve any potential issues relating to Akin Gump's dual representation, other than any alleged future breach of the foregoing.

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

# EXHIBIT D

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━ Attorneys at Law

DAVID M. ZENSKY
212.872.1075/1.212.872.1002
dzensky@akingump.com

October 16, 2010

Bruce Bennett
Hennigan Bennett & Dorman, LLP
865 South Figueroa St.
Suite 2900
Los Angeles, CA 90017

**VIA ELECTRONIC MAIL**

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) – Litigation Hold Request

To Bruce:

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is counsel to Aurelius Capital Management, LP ("Aurelius") in the chapter 11 cases of *Tribune Company, et al.*, jointly administered under case number 08-13141 (the "Cases"), currently pending in the United States Bankruptcy Court for the District of Delaware.

This "litigation hold" letter is being served to request the preservation of Documents (as defined herein) related to the direct or indirect involvement by Oaktree Capital Management, L.P., and its affiliates as general partner or investment manager of certain funds and accounts ("Oaktree") in the preparation, evaluation, analysis, assessment, consideration, discussion, recommendation, or negotiation of:

    (1)    any valuation(s), business plan(s), financial forecast(s)/projection(s) of the debtors (or any one or more of them) (collectively, the "Debtors");

    (2)    any aspect of the leveraged buyout of Tribune Company in 2007 (collectively, the "Transaction");

    (3)    any finding(s), conclusion(s), or evidence contained or referred to in the Submission of Report of Kenneth N. Klee, as Examiner, dated July 26, 2010 (collectively, the "Report");

    (4)    the strengths, weaknesses, likelihood of success, litigation, or defense of any cause(s) of action, claim(s), or right(s) of the debtors (or any one or

October 16, 2010
Page 2

more of them) or any party in interest in the Cases based upon, relating to, or arising out of the leveraged buyout of Tribune Company in 2007 (collectively, the "Claims");

(5)    the potential or actual assignment, treatment, or settlement of any one or more of the Claims (collectively, the "Settlements"); or

(6)    any potential, proposed, or actual plan(s) of reorganization that have been considered, discussed, or negotiated by any party in interest in the Cases (collectively, the "Plans", and together with the Debtors, the Transaction, the Report, the Claims, and the Settlements, the "Topics").

Akin Gump, on behalf of Aurelius, hereby requests that Oaktree immediately take all reasonable steps to:

(A)    suspend all document retention policies that could result in the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics in the ordinary course of business;

(B)    prevent the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics, including any attorney-client privileged communication;

(C)    preserve all Documents relating to the Topics, including any attorney-client privileged communication;

(D)    document all steps taken to preserve and identify all Documents relating to the Topics, including any attorney-client privileged communication; and

(E)    ensure that this letter is shared with Oaktree's employees, custodians or agents who may possess any Document relating to the Topics, including any attorney-client privileged communication.

*For the avoidance of doubt, Aurelius intends to seek discovery of all persons with knowledge of the Topics, including counsel and their respective clients and advisors/experts. Hennigan Bennett & Dorman, LLP and Oaktree, therefore, each have an independent and continuing obligation to retain and preserve all Documents that are created or received either before or after the date of delivery of this letter.*

Please be advised that, for purposes of this notice, the term "Document" is broadly defined by court rules to include any information or communication stored in any tangible or

electronic format, including by not limited to: papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, voice mails electronic mail, instant messages, electronic data files or compilations, computer disks, and other electronic media, microfilm, microfiche, and all of the foregoing reflecting any form of communication or information whether originals, copies, annotated copies, drafts or final versions, however created, produced, stored, or maintained.

Please further be advised that Oaktree's obligation to retain and preserve Documents extends to all hard-copy and electronic Documents in Oaktree's possession, custody, or control, including but not limited to any Documents that are maintained off-premises, or on an employee's or agent's home computer, or at an employee's or agent's home. As a result, Oaktree should retain and preserve any hard-copy or electronic Document regardless of whether it is kept in an official company file or a personal, informal, or other unofficial file. Importantly, all electronic Documents must be preserved in the native, electronic format in which they currently exist. It is not sufficient to print electronic Documents and retain paper copies.

If you have any questions about whether information or a particular Document is covered by this notice, Oaktree should err on the side of caution and retain the information or Document. Please feel free to contact me with any questions. Thank you for your cooperation.

Sincerely,

David M. Zensky