IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  ) Chapter 11
  )
TRIBUNE COMPANY, et al.  ) Case No. 08-13141 (KJC)
  )
 Debtors.  ) Jointly Administered
  )
  )
  )
  )
  )

**DECLARATION OF GAVIN BAIERA IN SUPPORT OF MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P., FOR AN ORDER DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT LP**

I, GAVIN BAIERA, do hereby declare that:

1. I am a Managing Director in the Distressed Debt Group of Angelo Gordon & Co. L.P. ("Angelo Gordon"). The matters stated herein are true of my own personal knowledge and, if called upon to do so, I could and would testify competently thereto. I make this Declaration in Support of Motion of Oaktree Capital Management, L.P., and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP.

2. As a Managing Director in the Distressed Debt Group, I am familiar with the investment funds and accounts that hold Tribune debt obligations, and I am familiar with the day-to-day operations, business and financial affairs of Angelo Gordon and the bankruptcy proceeding and restructuring relating to Tribune.

3. Akin Gump became Angelo Gordon's primary outside counsel at Angelo Gordon's formation in 1988 and, until 2008 (when Angelo Gordon hired its first internal counsel), Akin Gump essentially functioned as Angelo Gordon's "in house" counsel. This long-standing relationship has encompassed virtually every aspect of Angelo Gordon's business. Pursuant to its longstanding relationship with Akin Gump, Akin Gump has become Angelo

-1-

Gordon's primary FCC counsel on substantially all its investments in media and publishing companies.

4. In June 2009, Angelo Gordon began consulting with Akin Gump regarding the Tribune bankruptcy cases, in which Angelo Gordon is a substantial holder of debt that ultimately will be converted into substantial equity in reorganized Tribune. In that capacity, Akin Gump has advised Angelo Gordon on a wide range of critical issues relating to Tribune's FCC licenses and regulatory matters.

5. In connection with the Tribune engagement, Akin Gump has provided Angelo Gordon with substantial legal advice and services related to the Tribune reorganization proceeding. With respect to FCC and regulatory issues, Akin Gump has assisted Angelo Gordon in formulating and evaluating plans of reorganization, in devising strategies and responses to competing plans, and in assessing a myriad of other issues.

6. Advice concerning FCC rules and required approvals, as well as issues that may require changes to Angelo Gordon's corporate structures to accommodate its receipt of stock in reorganized Tribune, is critical to our positions in these cases. Akin Gump has represented and continues to represent Angelo Gordon in connection with filings with and proceedings before the FCC, including Tribune's pending applications to the FCC for various waivers and consents necessary for the effectiveness of any plan of reorganization, and Angelo Gordon has relied upon and utilized Akin Gump's work in formulating their own plan, in evaluating other proposed plans, and in their analysis of other options.

7. Akin Gump has consulted with Angelo Gordon's management and reorganization counsel, has reviewed pertinent pleadings and has had access to confidential and sensitive information about Angelo Gordon, including information about its holdings and positions with respect to Tribune, ownership structures in various funds, and legal issues associated with those structures.

8. Akin Gump has acknowledged that the FCC issues are not isolated from the bankruptcy cases. Akin Gump's FCC attorneys recommended that bankruptcy attorneys at Akin

iManage\1657777

Gump look at advice provided with respect to Tribune related FCC issues on behalf of Angelo Gordon and Oaktree "from a bankruptcy law perspective." (See email dated January 19, 2010, a copy of which is attached hereto as Ex. A. The first paragraph of the email, which reflects privileged advice concerning the Tribune bankruptcy and FCC issues, has been redacted.) I responded that, "I think it makes sense to have Akin be prepared from a BK perspective to defend our approach. So yes." (See second email dated January, 19, 2010, Ex. A)

9. Angelo Gordon has never consented to Akin Gump's representation of Aurelius in this matter. Although Akin Gump's bankruptcy counsel did contact me or other Angelo Gordon personnel seeking a waiver of the conflict on several occasions, we did not provide one, and I expressed our opposition to any such representation where Aurelius would be taking positions adverse to Angelo Gordon on FCC issues related to the bankruptcy proceeding. We were not told that Aurelius would file a competing plan, that Aurelius would take positions at the FCC adverse to the positions that Akin Gump had staked out for Oaktree and Angelo Gordon, or that Akin Gump would attempt to conduct discovery for Aurelius against its own clients.

10. On October 16, 2010, Akin Gump sent a letter to Angelo Gordon's special reorganization counsel, Hennigan Bennett & Dorman LLP ("HBD"), stating that Akin Gump "is counsel to Aurelius" in the Tribune matter and that "Aurelius intends to seek discovery" from Angelo Gordon relating to Tribune. (A copy of this letter is attached as Ex. B.) The list of anticipated discovery included matters related to "any potential, proposed, or actual plan(s) of reorganization that have been considered, discussed, or negotiated by any party in interest" and thus relate to Akin Gump's own advice to Angelo Gordon respecting the FCC issues and matters on which Akin Gump had received confidential information in the course of its representation of Oaktree and Angelo Gordon.

11. On October 27, 2010, HBD, on behalf of Angelo Gordon, objected and advised Akin Gump that it could not undertake this representation if Aurelius intended to take any positions adverse to those of Oaktree Capital (a fellow client of Akin Gump) or Angelo Gordon in connection with pending or future proceedings before the FCC regarding Tribune or if Akin

Gump intended to take any positions or make any statements that would be inconsistent with any positions or statements made by Akin Gump in connection with its representation of Angelo Gordon in these cases. (A true and correct copy of this letter is attached hereto as Ex. C)

I declare under penalty of perjury under the law of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 12th day of November, 2010 at New York, New York.

_____
GAVIN BAIERA

-4-

iManage\1657777

# EXHIBIT A

From: Gavin Baiera [mailto:GBaiera@angelogordon.com]
Sent: Tuesday, January 19, 2010 5:56 AM
To: Marchesiello, Phil
Cc: Davidson, Tom; Lee, Edgar; Liang, Ken
Subject: RE: Tribune Broadcasting

I think it makes sense to have Akin be prepared from a BK perspective to defend our approach. So yes.

---

From: Marchesiello, Phil [mailto:PMarchesiello@AKINGUMP.com]
Sent: Tuesday, January 19, 2010 8:53 AM
To: Gavin Baiera
Cc: Davidson, Tom
Subject: Tribune Broadcasting

Gavin:

Redacted - Attorney Client
Communication

Given the conference calls last week on this issue, I would be glad to have someone at Akin take a closer look at the defensibility of our suggested approach from a bankruptcy law perspective. Assuming that AG and Oaktree agree that it is worthwhile to do so, we will split the cost of any such analysis between the two companies. (We sent an email similar to this to Oaktree this morning.) However, I do not expect the cost of the bankruptcy analysis to be significant.

Let me know whether you would like us to have a bankruptcy attorney at Akin take a look at the issue and please do not hesitate to give me a call with any questions.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT B

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

Attorneys at Law

DAVID M. ZENSKY
212.872.1075/1.212.872.1002
dzensky@akingump.com

October 16, 2010

Bruce Bennett
Hennigan Bennett & Dorman, LLP
865 South Figueroa St.
Suite 2900
Los Angeles, CA 90017

**VIA ELECTRONIC MAIL**

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) – Litigation Hold Request

To Bruce:

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is counsel to Aurelius Capital Management, LP ("Aurelius") in the chapter 11 cases of *Tribune Company, et al.*, jointly administered under case number 08-13141 (the "Cases"), currently pending in the United States Bankruptcy Court for the District of Delaware.

This "litigation hold" letter is being served to request the preservation of Documents (as defined herein) related to the direct or indirect involvement by Angelo, Gordon, & Co., L.P. ("Angelo Gordon") in the preparation, evaluation, analysis, assessment, consideration, discussion, recommendation, or negotiation of:

(1) any valuation(s), business plan(s), financial forecast(s)/projection(s) of the debtors (or any one or more of them) (collectively, the "Debtors");

(2) any aspect of the leveraged buyout of Tribune Company in 2007 (collectively, the "Transaction");

(3) any finding(s), conclusion(s), or evidence contained or referred to in the Submission of Report of Kenneth N. Klee, as Examiner, dated July 26, 2010 (collectively, the "Report");

(4) the strengths, weaknesses, likelihood of success, litigation, or defense of any cause(s) of action, claim(s), or right(s) of the debtors (or any one or more of them) or any party in interest in the Cases based upon, relating to,

or arising out of the leveraged buyout of Tribune Company in 2007 (collectively, the "Claims");

(5) the potential or actual assignment, treatment, or settlement of any one or more of the Claims (collectively, the "Settlements"); or

(6) any potential, proposed, or actual plan(s) of reorganization that have been considered, discussed, or negotiated by any party in interest in the Cases (collectively, the "Plans", and together with the Debtors, the Transaction, the Report, the Claims, and the Settlements, the "Topics").

Akin Gump, on behalf of Aurelius, hereby requests that Angelo Gordon immediately take all reasonable steps to:

(A) suspend all document retention policies that could result in the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics in the ordinary course of business;

(B) prevent the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics, including any attorney-client privileged communication;

(C) preserve all Documents relating to the Topics, including any attorney-client privileged communication;

(D) document all steps taken to preserve and identify all Documents relating to the Topics, including any attorney-client privileged communication; and

(E) ensure that this letter is shared with Angelo Gordon's employees, custodians or agents who may possess any Document relating to the Topics, including any attorney-client privileged communication.

*For the avoidance of doubt, Aurelius intends to seek discovery of all persons with knowledge of the Topics, including counsel and their respective clients and advisors/experts. Hennigan Bennett & Dorman, LLP and Angelo Gordon, therefore, each have an independent and continuing obligation to retain and preserve all Documents that are created or received either before or after the date of delivery of this letter.*

Please be advised that, for purposes of this notice, the term "Document" is broadly defined by court rules to include any information or communication stored in any tangible or electronic format, including by not limited to: papers, files, notes, memoranda, reports,

schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, voice mails electronic mail, instant messages, electronic data files or compilations, computer disks, and other electronic media, microfilm, microfiche, and all of the foregoing reflecting any form of communication or information whether originals, copies, annotated copies, drafts or final versions, however created, produced, stored, or maintained.

      Please further be advised that Angelo Gordon's obligation to retain and preserve Documents extends to all hard-copy and electronic Documents in Angelo Gordon's possession, custody, or control, including but not limited to any Documents that are maintained off-premises, or on an employee's or agent's home computer, or at an employee's or agent's home. As a result, Angelo Gordon should retain and preserve any hard-copy or electronic Document regardless of whether it is kept in an official company file or a personal, informal, or other unofficial file. Importantly, all electronic Documents must be preserved in the native, electronic format in which they currently exist. It is not sufficient to print electronic Documents and retain paper copies.

      If you have any questions about whether information or a particular Document is covered by this notice, Angelo Gordon should err on the side of caution and retain the information or Document. Please feel free to contact me with any questions. Thank you for your cooperation.

Sincerely,

David M. Zensky

# EXHIBIT C

**From:** Bruce Bennett [mailto:BennettB@hbdlawyers.com]
**Sent:** Wednesday, October 27, 2010 11:06 PM
**To:** Golden, Daniel
**Subject:** Tribune

Since our last conversation, I have had further discussions with Oaktree and Angelo Gordon regarding Akin Gump's recent engagement by Aurelius in the Tribune cases, including your assertion that Oaktree and Angelo Gordon previously had consented to that representation and had waived the obvious conflicts that exist as a result of Akin Gump's representation of adverse parties in the same matter.

As you know, Akin Gump currently represents Oaktree and Angelo Gordon in the Tribune cases. Contrary to your statements, neither Oaktree nor Angelo Gordon has consented to Akin Gump's concurrent representation of Aurelius in those cases. To the contrary, both have articulated grave concerns about Akin Gump's concurrent representation of a party that is directly adverse to them in the same matter.

Although willing to discuss a limited waiver and consent, both require effective protections from the obvious conflicts that have arisen and will arise from the concurrent representation of both Oaktree and Angelo Gordon on the one hand and Aurelius on the other hand. Akin Gump's acceptance and implementation of all of the following terms and conditions is a precondition to any waiver and consent by Oaktree and Angelo Gordon:

First, Akin Gump may not represent Aurelius at all if Aurelius is or intends to be adverse to Oaktree or Angelo Gordon in any part of the Tribune matters where Akin Gump already represents Oaktree and Angelo Gordon. Accordingly, it is necessary that Akin Gump advise Oaktree and Angelo Gordon that Aurelius is not and will not be adverse to either of them in connection with the pending and any future proceedings before the FCC in connection with the Tribune companies or any of them or in connection with any matters relating to FCC waivers or consents in connection with those Tribune entities.

Second, Akin Gump must agree that, in representing Aurelius, Akin Gump will not take any position or make any statements that are inconsistent with any position and statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon.

Third, Akin Gump may not conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions, and Akin may not take any action directly adverse to Oaktree other than actions that are applicable to holders of Senior Loan Claims generally.

Fourth, Akin Gump will establish a satisfactory ethical wall separating professionals and other personnel working on the Oaktree and Angelo Gordon representation, as well as any work and files generated in connection with that representation, from the professionals and other personnel working

2

on the Aurelius representation and any work and files generated in connection with the Aurelius representation.

Kindly confirm, in writing that all of these terms and conditions are acceptable to and will be scrupulously followed by Akin Gump in any simultaneous representation of Angelo Gordon and Oaktree on the one hand and Aurelius.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.