MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
6516 Bright Avenue
Whittier, California 90601
(562) 907-6800
(562) 907-6820 Facsimile
Email: Romero@mromerolawfirm.com

Attorneys for SECURED CREDITOR
COUNTY OF SAN BERNARDINO, CALIFORNIA
A CALIFORNIA TAXING AUTHORITY

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 08-13141 KJC |
| TRIBUNE COMPANY AND TRIBUNE MEDIA SERVICES, INC., | Chapter 11 |
| Debtors. | **LIMITED OBJECTION TO THE DISCLOSURE STATEMENT BY COUNTY OF SAN BERNARDINO, CALIFORNIA, A CALIFORNIA TAXING AUTHORITY SUBMITTED BY KING STREET ACQUISITION** |
| | DATE: November 29, 2010<br>TIME: 10:00 A.M. ET |

TO THE HONORABLE KEVIN J. CAREY  TO ALL PARTIES OF INTEREST:

The County of San Bernardino, California, A California Taxing Authority hereby submits its limited objection to the Disclosure Statement submitted by King Street Aquisition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

The subject property is comprised of business locations in San Bernardino County.  The business property at these locations is subject to the assessment of local property taxes  under California State law.

These locations have been subject to secured personal property

1

taxes, mandated under State law for the fiscal tax years 2009-10, in the estimated amount of **$29,138.79.**

## II. THE DISCLOSURE STATEMENT FAILS TO DISCLOSE
## TAX PAYMENTS TO WHICH THE COUNTY CAN CONSENT.

The Disclosure Statement fails to set forth certain provision required by the code including lien retention.  San Bernardino's taxes are set forth in the Priority Tax Claim Section on page 34 of the plan.  The claim is to be paid either in full after it becomes allowed, in regular installments or such other treatment as agreed to by the holder of the tax.

The payment of the taxes should be included in the secured claim section. These taxes should be paid with specific payment terms and not alternatives.  Lien retention is also required by Section 1129(b)(2)(A)(i)(I).  The taxing authority has the right to retain its lien until the claim is paid in full.

Moreover the section entitled Priority Tax claims specifically addresses the interest issue and cites 11 USC Section 511 which applies to Taxing Authorities.

San Bernardino is requesting the same concession as Priority Tax claimants.  The treatment of this tax claim must also include additional costs, fees and interest as required by 11 U.S.C. Sections 506 and 511.

Section 511 requires that the interest rate be applied under non applicable bankruptcy law. Non applicable bankruptcy law in California Revenue and Taxation Code Section 4103 which states that when the taxes become defaulted on any given year the interest to be applied is 1.5 per cent per month or 18% per annum.

San Bernardino requests both pre petition and post petition

2

1  interest at the state statutory rate.

2  Additionally, page 34 of the disclosure statement provides for
3  payment either on the effective date or when the claim becomes
4  allowed.  Any administrative taxes must be paid in full. This
5  section should also add - paid in full with any and all applicable
6  costs, fees, charges and interest as required by 11 USC Section
7  506(b) and 511.

8  Lastly there is a failure to include a default section in case
9  the administrative claims are not being paid as required by the
10 plan.  The default language requested is as follows:

11 A failure by the Debtor to make a payment to San Bernardino
12 pursuant to the terms of the Plan shall be an Event of Default.  If
13 the Debtor fails to cure an Event of Default as to tax payments
14 within ten (10) days after service of written notice of default,
15 then it may enforce the entire amount of its claim, plus all
16 penalties and interest accrued under state law, against the Debtor
17 in accordance with applicable state law remedies.

18 **III. THE STATEMENT FAILS TO CORRECTLY IDENTIFY SAN BERNARDINO'S**
19 **PERSONAL PROPERTY TAXES.**

20 Under California State law the Tax Collector shall collect
21 taxes on personal property, such as business fixtures and business
22 equipment.  California Revenue and Taxation Code Section 2903.
23 Additionally, these personal property taxes are due on the lien
24 date established by California state law which is January 1st
25 preceding the fiscal year for which the taxes are levied.
26 California Revenue and Taxation Code Sections 2901, 117 and 2192.

27 San Bernardino respectfully requests that this court order
28 that an amended Disclosure Statement be filed to provide for the

3

language that is deficient as previously described.

## IV. THE DISCLOSURE STATEMENT CANNOT BE APPROVED WHERE THE PLAN OF REORGANIZATION IS NOT CONFIRMABLE.

In addition to the absence of adequate information, "[a] clear showing that the plan is not confirmable justifies denial of the sufficiency of the Disclosure statement to avoid the cost and delay of a fruitless venture."  (Citation omitted). In re S.E.T. Income Properties, III, 83 B.R. 791, 792 (Bankr. N.D. Oklahoma 1988).  In essence, judicial resources should not be wasted in approving a Disclosure Statement for a plan which may not be confirmed.

In the case at bar, the plan is not confirmable because of the reasons cited above.

## V. CONCLUSION.

The court should decline to approve the Disclosure Statement until the information described above is provided.  San Bernardino respectfully requests that the court order amended language to the Disclosure Plan regarding the tax claim and payment.

Dated: November 16, 2010        Respectfully submitted

ROMERO LAW FIRM


By /e/MARTHA E. ROMERO
MARTHA E. ROMERO
Attorney for Secured Creditor
County of SAN BERNARDINO, CA
A California Taxing Authority

4