M. PATRICIA SMITH
Solicitor of Labor
TIMOTHY D. HAUSER
Associate Solicitor of Labor
MICHAEL A. SCHLOSS
Counsel for Financial Litigation
LEONARD H. GERSON
ELIZABETH S. GOLDBERG
Trial Attorneys
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C.  20013
Tel (202) 693-5600
Fax (202) 693-5610

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
In re:                              *      Chapter 11
                                    *
TRIBUNE COMPANY, et al,             *      Case No. 08-13141 (KJC)
                                    *
                         Debtors.   *      Jointly Administered
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

**OBJECTION OF THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR TO DISCLOSURE STATEMENTS FOR EACH OF THE COMPETING PLANS OF REORGANIZATION OF THE TRIBUNE COMPANY AND ITS SUBSIDIARIES**

The Secretary of the United States Department of Labor (hereinafter "Secretary" or "DOL"), hereby files this objection (the "Objection") to the proposed Disclosure Statements (the "Competing Disclosure Statements") for the Plans of Reorganization (individually, the "Debtors Plan," the "Aurelius Plan," the "Bridge Loan Lender Plan," and the "Step One Lender Plan," and collectively, the "Competing Plans" or "Plans")

filed by (a) the above-referenced Debtor (the "Debtor" or "Tribune") and its Subsidiaries (the "Subsidiaries," and collectively, the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtors Disclosure Statement"), (b) Aurelius Capital Management, LP on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the Phone Notes (the "Aurelius Disclosure Statement"), (c) King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Loan Lender Disclosure Statement") and (d) Certain Holders of Step One Senior Loan Claims (the "Step One Lender Disclosure Statement").

## INTRODUCTORY STATEMENT

1.      The Secretary has primary responsibility for regulating and enforcing Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), including the responsibility to conduct investigations to determine whether any person has violated the fiduciary requirements of ERISA.  The Secretary also has the authority to institute actions to recover any losses suffered by an ERISA plan as a result of fiduciary breaches, for restitution, for equitable and remedial relief, and for injunctive relief pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

2.      Pursuant to her statutory authority to investigate possible violations of Title I of ERISA, the Secretary has initiated an investigation with respect to the Tribune Company Employee Stock Ownership Plan ("Tribune ESOP" or "ESOP" ) for possible violations of Title I of ERISA, including ERISA §§ 404, 406 and 407, 29 U.S.C. §§ 1104, 1106 and 1107.  This investigation is ongoing and the Secretary has filed unliquidated proofs of claim against the Tribune and seventy of its Subsidiary Debtors[1] in connection therewith (the "DOL Proofs of Claim").

3.      Violations for breach of fiduciary duties under Title I of ERISA may give rise to claims for restitution and recovery of losses, as well as equitable and remedial relief, against plan fiduciaries and anybody who knowingly participated in those violations.  To the extent that such violations are found to have occurred with respect to the Tribune ESOP, and one or more of the Debtors are found to have been a fiduciary of the ESOP or a knowing participant in violations of ERISA, any resulting restitution, recovery of losses or equitable or remedial relief, are claims against the pertinent estate(s) of the Debtors.

4.      The Secretary has a strong interest, both with regard to her own litigation and with regard to private litigation, in ensuring that the full range of ERISA remedies intended by Congress are afforded to all ERISA plaintiffs.

**THE NEIL LITIGATION**

5.      This bankruptcy arose in the aftermath of a failed leveraged buyout of the Tribune in which the Tribune ESOP played a critical role.  Although the Secretary's

---

[1] Capitalized terms have the meaning provided in the Debtors Disclosure Statement, unless otherwise defined herein.

investigation is still continuing, at least one court has already concluded that the ESOP's

purchase of the Tribune stock in Step One of the leveraged buyout was improper and in

violation of ERISA.

6.      The United States District Court for the Northern District of Illinois had

previously denied a motion to dismiss defendants Samuel Zell ("Zell"), Zell's affiliate,

EGI-TRB, L.L.C. (the "Zell Entity") and GreatbancTrust Company ("Greatbanc"), the

trustee of the ESOP, as defendants (collectively, the "Neil Defendants") in a class action

for breach of fiduciary duty and prohibited transactions brought on behalf of participants

in the ESOP.  *Neil v. Zell,* 677 F. Supp.2d 1010 (N.D. Ill. 2010) (the "Neil Litigation").

The Debtors are not defendants in the action.  Just this month, in an opinion dated

November 9, 2010 (the "District Court Opinion"), the court in the Neil Litigation

confirmed its previously expressed view in granting partial summary judgment against

GreatBanc.  District Court Opinion attached as Exhibit "A."  In particular, the court ruled

that the sale of unregistered stock to the ESOP as part of the failed leveraged buyout

constituted a prohibited transaction under ERISA §§ 406(a) and 407, 29 U.S.C. §§

1106(a) and 1107:

> For all these reasons, the court finds that the ESOP's purchase of unregistered
> stock subject to a trading restriction did not meet the definition of "employer
> security" found in IRC § 409(l), 26 U.S.C. § 409(l), and that the purchase was,
> therefore, a transaction prohibited by ERISA.

District Court Opinion, page 9.

7.      The Competing Disclosure Statements recognize the significance of the

Neil Litigation, as reflected by the inclusion in the proposed Joint Disclosure Statement

of a two page discussion of the "ESOP Lawsuit."  The following paragraph needs to be

added to that section of the Joint Disclosure Statement to reflect the District Court

Opinion:

> On November 9, 2010, the Illinois District Court issued a decision
> granting the Neil plaintiffs partial summary judgment against GreatBanc
> Trust Company.  Confirming its prior opinion on the same legal issue,
> the court concluded that the Tribune ESOP did not satisfy ERISA's tax
> code qualification requirements and, pursuant to section 407(d)(6) of
> ERISA, did not satisfy ERISA's employee stock ownership plan
> requirements.  The District Court concluded, therefore, that the ESOP's
> purchase of stock was a transaction prohibited by ERISA.

**THE THIRD PARTY RELEASE AND RELATED INJUNCTION,
BAR ORDER AND EXCULPATION PROVISION**

8.    This finding of liability in the Neil Litigation makes it even more

imperative that the ESOP's recovery not be undermined by a chapter 11 plan third party

release.  It appears that no such impermissible relief is included in the Aurelius Plan or

the Bridge Loan Lender Plan.  However, at present, it is unclear whether the third party

release and related injunction and the bar order in the Debtors Plan (§§ 11.2.2, 11.2.4 and

11.3, respectively) and the almost identically worded provisions in the Step One Lender

Plan (§§ 11.3.2, 11.3.4 and 11.4, respectively) would affect the Neil Litigation.

9.    The third party releases in these plans include a carve out for "any Claims

against non-Debtors arising under the Employee Retirement Income Security Act of 1974

held by the United States Department of Labor."  The applicable provisions of ERISA

give standing for claims to be brought not only "by the Secretary," but also "by a

participant, beneficiary or fiduciary" of the applicable ERISA plan.  ERISA §§ 502(a)(2)

and (3), 29 U.S.C. §§ 1132(a)(2) and (3).  In order to make it clear that the carve out for

the "Claims" of the Secretary applies to those parallel Claims, regardless of what entity is

bringing them (provided such entity is granted standing under ERISA), the following

italicized language should be added to the following phrase in the third party release: "any Claims against non-Debtors arising under the Employee Retirement Income Security Act of 1974 held *or assertable by* the United States Department of Labor *or any participant, beneficiary or fiduciary of the ESOP or any other ERISA-covered plan.*"

10.     This clarification in the language in the third party release provisions in the Debtors Plan and the Step One Lenders Plan should be sufficient to insure that the injunctions in those plans do not unintentionally enjoin ERISA actions against non-Debtors.  However, for purposes of clarity, each of the Competing Disclosure Statements should affirmatively state that none of the provisions in these plans will affect the potential recoveries of the plaintiffs in the Neil Litigation or limit the potential defendants beyond the Debtors themselves.

11.     While it does not appear that the "Bar Order" in the Debtors Plan and the Step One Lenders Plan would affect the ERISA claims being carved out of the third party release (particularly if the language of the carve out is modified to include the language requested above), in order to avoid any controversy as to the meaning of this somewhat convoluted provision, the following clause should be added to the second sentence of the proposed third ordered paragraph of the Bar Order, which describes the claims not encompassed by the order: "(iv) or any claims arising under the Employee Retirement Income Security Act of 1974 held or assertable by the United States Department of Labor or any participant, beneficiary or fiduciary of the applicable ERISA plan."

12.     There is nothing which would make these additions out of character with other provisions in the proposed plans.  For example, each of the Competing Plans already excludes the Plan's effects on ERISA claims held by an ERISA defined benefit

plan of the Debtors.   See § 11.2.7 of the Debtors Plan, § 11.3.7 of the Step One Lender

Plan, § 11.2.2 of the Aurelius Plan and § 11.2.4 of the Bridge Loan Lender Plan.

13.    Section 11.5 of the Debtors Plan, which is entitled "Exculpation," frees

"Related Persons" from liability, unless such liability arises from gross negligence or

willful misconduct, "for any act or omission in connection with, relating to, or arising out

of the Chapter 11 Cases."  Debtors Plan at § 11.5.  The definition of "Related Persons"

encompasses, among others, the "current and former" employees, officers, directors,

equity-holders and consultants of the Debtors.  The Debtors, among others, have ongoing

fiduciary, reporting and other postpetition ERISA obligations, and the Debtors Disclosure

Statement fails to explain why the Debtors and the "Related Persons" should be relieved

from their liability in connection therewith.  Also troubling is the breadth of the language

in the proposed exculpation.  For example, "relating to the Chapter 11 Cases" could be

interpreted to relate to any prepetition acts relating to the Chapter 11 Cases.  Holders of

Claims and other interested parties should not have to speculate on the meaning of a

provision in any of the Plans.

**THE COMPETING DISCLOSURE STATEMENTS REQUIRE
ADDITIONAL DISCLOSURE REGARDING THE PLANS'
IMPERMISSIBLE ATTEMPTS TO SUBORDINATE ERISA CLAIMS
PURSUANT TO § 510(b)**

14.    "Full and honest disclosure" in a disclosure statement is recognized by the

Third Circuit as being "crucial to the effective functioning of the federal bankruptcy

system." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d

Cir. 1996).  Its importance "cannot be overstated." *Id.*

7

15.     Section 1125 of the Bankruptcy Code requires "candid disclosure,"

*Oneida Motor Freight Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir.), *cert.*

denied, 488 U.S. 967 (1988), in a form understandable by "the average unsecured

creditor."  *In re Radco Properties, Inc*., 402 B.R. 666, 683 (E.D. N.C. 2009).

16.     Notwithstanding the requirements of section 1125, and the case law

governing its application, the proponents of the Competing Plans have failed to provide a

clear description of their proposed subordination of the DOL's claims, which are

denominated as "Securities Litigation Claims" in the Debtors Plan and Step One Lenders

Plan and as "Subordinated Securities Claims" in the Aurelius Plan and Bridge Loan

Lender Plan.  Instead, as described below, the Competing Disclosure Statements are

opaque in connection with the Competing Plans' attempts to subordinate ERISA claims

to the claims of unsecured creditors.

17.     Each of the Competing Disclosure Statements must be revised to reflect

the Secretary's belief that the Competing Plans improperly subordinate ERISA claims

pursuant to § 510(b) of the Bankruptcy Code.  Additional language also is necessary to

reflect the Secretary's position that even if § 510(b) can be used to subordinate ERISA

claims, the Plans improperly subordinate such ERISA claims to the equity interests in the

Subsidiaries.  *In re Lernout & Hauspie Speech Products, N.V*., 264 B.R. 336 (Bankr. D.

Del. 2001).

18.     The Secretary does not believe her claims should be subordinated as

"Securities Litigation Claims" or "Subordinated Securities Claims."  Notwithstanding

this, the Secretary is troubled by the lack of clarity regarding the treatment of these

claims.  What is most noteworthy from the viewpoint of disclosure is the apparent

absence of any discussion of the treatment of the Securities Litigation Claims or Subordinated Securities Claims other than their inclusion in some summary charts. This vacuum leaves a number of critical questions unanswered.

19.     First, what is the basis for the absence of any Subordinated Securities Claims class in the Aurelius Plan or Bridge Loan Lender Plan for those claims that the DOL filed against the Tribune Subsidiaries? Do the proponents of these plans believe that these claims can simply be ignored or have they been included in the classes denominated "Other Non-Guarantor Debtor Claims" and "Other Guarantor Debtor Claims?"

20.     Second, each of the Competing Plans provides that the Tribune's Interests in its Subsidiaries are being reinstated for "administrative convenience." Section 1122(b) of the Bankruptcy Code allows for the creation of a class of convenience claims. What is the basis for treating a class of interests as unimpaired for "administrative convenience"?

21.     Third, in addition to administrative convenience, the Debtors Plan and the Step One Lenders Plan state that the interests in the Subsidiaries are being reinstated for

> (1) in the case of the Guarantor Debtors, for the ultimate benefit of the Holders of Senior Guaranty Claims against each Guarantor Debtors and (2) in the case of NonGuarantor Debtors, in exchange for the Debtors' and Reorganized Debtors' agreement under this Plan to make certain Cash contributions to the Holders of Allowed Claims against such Non-Guarantor Debtors.

22.     Particularly, as these plans already include classes reflecting the guaranty obligations of the Subsidiaries, does subparagraph (1) mean that the absolute priority rule doesn't apply, if its application benefits those entities which hold senior claims?

23.     With respect to subparagraph (2), what are the "certain Cash contributions" being paid, to which "Holders of Allowed Claims" are they being paid,

and what is the rationale for not making those payments to holders of Allowed Securities

Litigation Claims?

24.     The bottom line is that the Competing Plans appear to be attempting to

ignore the existence of the ERISA claims against the Subsidiaries because their existence

is inconvenient, particularly with respect to those Subsidiaries who have not guaranteed

the claims against the parent company.

25.     Fourth, the Debtors Plan and the Step One Lender Plan use the following

definition of Securities Litigation claims, which is at best peculiar:

> Securities Litigation Claim means any Claim against any of the Debtors
> … (i) arising from the rescission of purchase or sale of shares, notes or
> any other securities of … any of the Debtors, (ii) for damages arising from
> the purchase or sale of any such security, (iii) for violations of the
> securities laws or the Employee Retirement Income Security Act of 1974
> (unless there has been a judicial determination by Final Order that any
> such Claim is not subject to subordination under section 510(b) of the
> Bankruptcy Code), including, without limitation, any Claim against any of
> the Debtors asserted by the United States Department of Labor, or for
> misrepresentations or any similar Claims related to the foregoing or
> otherwise subject to subordination under section 510(b) of the Bankruptcy
> Code, (iv) asserted by or on behalf of the ESOP and/or any present or
> former participants in the ESOP in their capacity as such … .

Debtors Plan at § 1.1.201; Step One Lenders Plan at 1.1.199 (emphasis added).

26.     Unlike the definitions used in the Aurelius Plan or Bridge Loan Lender

Plan, there is only an implication that these claims are being subordinated pursuant to §

510(b).  In order to satisfy the most minimal requirements of disclosure, the proposed

basis for subordinating these claims must be clearly and explicitly stated.  In addition, the

holders of these claims are entitled to have them clearly identified rather than having to

speculate as to which class their claims will be included.

27.     Finally, the proponents of the Debtors Plan and the Step One Lenders Plan need to explain why only a "Final Order" would be sufficient to exclude a claim from this class. In any other circumstance any order of this Court would be sufficient. There are established procedures for obtaining a stay of a court's order until the time for all appeals have expired or any pending appeal has been decided. The right to have a built in stay of an order of this nature is simply inexplicable.

28.     The District Court Opinion in the Neil Litigation already has demonstrated that a critical step in the Tribune leveraged buyout, the purchase of the ESOP shares, constituted a prohibited transaction under ERISA. The Competing Plans and Competing Disclosure Statements fail to reflect the significance of the potential liability of the Debtors and others under ERISA.

**OTHER PLAN PROVISIONS REQUIRING FURTHER DISCLOSURE**

29.     Section 6.8 of each of the Competing Plans provides for, among other things, termination of the ESOP, forgiveness of the ESOP Note and other actions. It further gives notice that the plan proponents may seek, in their sole discretion, various rulings from the Court with respect to such relief including "the legal effect of the forgiveness of the ESOP Note." Competing Plans at § 6.8. None of the Competing Disclosure Statements provide any information or guidance as to what are the actions contemplated thereby or what "legal effect" may be included.

30.     By this language, the proponents of the Competing Plans may be improperly seeking to use the forum of this Court to foreclose or impinge upon the jurisdiction of the court in which the Neil Litigation is pending or the recent judgment by that court. Regardless of the undisclosed specifics identifying what they truly mean by

the "legal effect" language, the proponents of the Competing Plans by this language apparently seek to use the forum of this Court to address issues beyond the termination of the ESOP, the DOL Proofs of Claim or other claims properly before this Court in connection with the confirmation of a Tribune plan of reorganization.  The Competing Disclosure Statements should be modified to include an explanation of the specific relief that may be sought pursuant to § 6.8 of the Competing Plans.


**CONCLUSION**

WHEREFORE, based on the foregoing, the Secretary respectfully requests that approval of the Competing Disclosure Statements be denied until the requested additional disclosure is provided and that the Court grant such other and further relief that it deems just and proper.

|  |  |  |
|---|---|---|
| Dated: | Washington, D.C.<br>November 16, 2010 | M. PATRICIA SMITH<br>Solicitor of Labor |

TIMOTHY D. HAUSER
Associate Solicitor of Labor

  /s/  Michael Schloss
MICHAEL SCHLOSS
Counsel for Financial Litigation
LEONARD H. GERSON
ELIZABETH S. GOLDBERG
Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, D.C.  20013
Tel (202) 693-5600
Fax (202) 693-5610

I, Michael Schloss, hereby certify that I am over the age of 18 years, am employed by the U.S. Department of Labor and that on November 16, 2010, I caused the foregoing Objection of the Secretary of the United States Department of Labor to be served by electronic mail upon the following parties and participants:

**Debtor**
**Tribune Company, et al.**

**Counsel:**
**Bryan Krakauer**
Sidley, Austin, Brown & Wood LLP
One S. Dearborn Street
Chicago, IL 60603
312-853-7000
Fax : 312-853-7036
Email: bkrakauer@sidley.com

**Carl D. Neff**
Ciardi Ciardi & Astin
919 N. Market Street
Suite 700
Wilmington, DE 19801
U.S.A.
302-658-1100
Fax : 302-658-1300
Email: cneff@ciardilaw.com

**J. Kate Stickles**
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302-652-3131
Fax : 302-652-3117
Email: kstickles@coleschotz.com

**J. Kate Stickles**
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
usa
302-652-3131
Fax : 302-652-3117
Email: kstickles@coleschotz.com

**James F. Conlan**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7000
Fax : 312-853-7036
Email: jconlan@sidley.com

**Jared D. Zajac**
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-0002
212-547-5639
Fax : 212-547-5444
jzajac@mwe.com

**John H. Strock, III**
Fox Rothschild LLP
919 N. Market St., Suite 1300
P.O Box 2323
Wilmington, DE 19899-2323
302-427-5510
Fax : 302-656-8920
Email: jstrock@foxrothschild.com

**Michael A. Henry**
Gross, McGinley, Labarre & Eaton, LLP
33 S. 7th Street
P. O. Box 4060
Allentown, PA 18105-4060
610-820-5450
Fax : 610-820-6006
Email: mhenry@grossmcginley.com

**Norman L. Pernick**
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue,Suite 1410
Wilmington, DE 19801
302-652-3131
Fax : 302-652-3117
Email: bankruptcy@coleschotz.com

**Patrick Theodore Garvey**
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700

Chicago, IL 60603
312-372-0770
Fax : 312-372-9818
Email: garveyp@jbltd.com

**Patrick J. Reilley**
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302-652-3131
Fax : 302-652-3117
Email: preilley@coleschotz.com

**Stephen Novack**
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 312-419-6900
312-419-6928
snovack@novackmacey.com

**Debtor**
**Chicago Tribune Company, Chicago Tribune Company**

**Amy D. Brown**
Margolis Edelstein
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
888-1112
Fax : 888-1119
Email: abrown@margolisedelstein.com

**Creditor Committee**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**Adam G. Landis**
Landis Rath & Cobb LLP
919 Market Street
Suite 1800
Wilmington, DE 19801
usa
302-467-4400
Fax : 302-467-4450
Email: landis@lrclaw.com

**Matthew B. McGuire**
Landis Rath & Cobb LLP
P.O. Box 2087
919 Market Street, Suite 1800
Wilmington, DE 19899
302-467-4400
Fax : 302-467-4450
Email: mcguire@lrclaw.com

**Mona A. Parikh**
Landis Rath & Cobb
900 N Market
Suite 600
Wilmington, DE 19801
Email: parikh@lrclaw.com

**Rebecca L. Butcher**
Landis Rath & Cobb LLP
919 Market Street
Suite 1800
Wilmington, DE 19801
302-467-4400
Fax : 302-467-4450
Email: butcher@lrclaw.com

**Thomas G. Macauley**
Zuckerman and Spaeder LLP
919 Market Street
Suite 990
P.O. Box 1028
Wilmington, DE 19899
usa
302-427-0400
Fax : 302-427-8242
Email: bankr@zuckerman.com

**JPMorgan Chase Bank, N.A.**

**Patrick M. Brannigan**
Cross and Simon
913 N. Market Steet
P.O. Box 1380
11th Floor
Wilmington, DE 19899
302-777-4200

302-777-4224 (fax)
pbrannigan@crosslaw.com

**Mark D. Collins**
Richards Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899
302 651-7700
302-651-7701 (fax)
collins@RLF.com

**Katisha D. Fortune**
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
302-651-7700
302-651-7701 (fax)
fortune@rlf.com

**Michael Joseph Joyce**
Cross & Simon, LLC
913 North Market Street
11th Floor
Wilmington, DE 19801
302-777-4200
302-777-4224 (fax)
mjoyce@crosslaw.com

**Benjamin S. Kaminetzky**
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
ben.kaminetzky@davispolk.com

**Elliot Moskowitz**
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
elliot.moskowitz@davispolk.com

**Christopher Page Simon**
Cross & Simon, LLC
913 North Market Street
11th Floor
Wilmington, DE 19899

usa
302-777-4200
302-777-4224 (fax)
csimon@crosslaw.com

**Drew G. Sloan**
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
302-651-7612
302-651-7701 (fax)
dsloan@rlf.com

**Robert J. Stearn**
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
302-651-7700
302-651-7701 (fax)
stearn@rlf.com


**<u>Angelo Gordon & Co LP</u>**
**Robert S. Brady**
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
302-571-6600
302-571-1253 (fax)
bankfilings@ycst.com

**Mark D. Collins**
Richards Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899
302 651-7700
302-651-7701 (fax)
collins@RLF.com

**Andrew N. Goldman**
Wilmer Cutler Picking Hale & Dorr, LLP
399 Park Avenue

New York, NY 10022
212-230-8836
212-230-8888 (fax)
andrew.goldman@wilmerhale.com

**Drew G. Sloan**
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
302-651-7612
302-651-7701 (fax)
dsloan@rlf.com

<u>**Credit Agreement Lenders**</u>
**Robert S. Brady**
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
usa
302-571-6600
302-571-1253 (fax)
bankfilings@ycst.com

**M. Blake Cleary**
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
302-571-6600
302-571-1253 (fax)
bankfilings@ycst.com

<u>**Step One Credit Agreement Lenders**</u>
**Deanna Davidian**
Arkin Kaplan Rice LLP
590 Madison Avenue
New York, NY 10022
(212) 333-0200
(212) 333-0246 (fax)
ddavidian@arkin-law.com

**Evan D. Flaschen**
Bracewell & Giuliani LLP

225 Asylum Street
Suite 2600
Hartford, CT 06103
(860) 256-8537
(860) 246-3201 (fax)
evan.flaschen@bgllp.com

**Adam Friedman**
Olshan Grundman Frome Rosenzweig &
Wolosky LLP
65 East 55th Street
New York, NY 10022
212-451-2216
212-451-2222 (fax)
dbr@aol.com

**Howard J. Kaplan**
Arkin Kaplan Rice LLP
590 Madison Avenue
New York, NY 10022
(212) 333-0200
(212) 333-0246 (fax)
hkaplan@arkin-law.com

**Andrew Schoulder**
Bracewell & Giuliani LLP
1251 Avenue of the Americas
49th Floor
New York, NY 10020-11401
212-508-6132
212-938-3832 (fax)
andrew.schoulder@bgllp.com

**<u>Wells Fargo Bank, N.A. as Administrative Agent under the Bridge Credit
Agreement</u>**
**Scott Greissman**
White & Case LLP
1155 Avenue of the America
New York, NY 10036-2787
212-819-8200
212-354-8113 (fax)
sgreissman@whitecase.com

**Andrew W. Hammond**
White & Case LLP
1155 Avenue of the Americas

New York, NY 10036-2787
212-819-8297
212-354-8113 (fax)
ahammond@whitecase.com

**David G. Hille**
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
212-819-8200
212-354-8113 (fax)
dhille@whitecase.com

**Thomas E. Lauria**
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
212-819-8200
212-354-8113 (fax)
tlauria@whitecase.com

**Jeffrey M. Schlerf**
Fox Rothschild LLP
Ctizens Bank Center, Suite 1300
919 North Market Street
P.O. Box 2323
Wilmington, DE 19899-2323
usa
302-654-7444
302-656-8920 (fax)
jschlerf@foxrothschild.com

**John H. Strock, III**
Fox Rothschild LLP
919 N. Market St., Suite 1300
P.O Box 2323
Wilmington, DE 19899-2323
302-427-5510
302-656-8920 (fax)
jstrock@foxrothschild.com

**Brian A. Sullivan**
Werb & Sullivan
300 Delaware Avenue
13th Floor
P.O. Box 25046

Wilmington, DE 19899
usa
302-652-1100
302-652-1111 (fax)
bsullivan@werbsullivan.com

**Eric Michael Sutty**
Fox Rothschild LLP
Citizens Bank Center, Suite 1300
919 North Market Street
P.O. Box 2323
Wilmington, De 19899-2323
usa
302-654-7444
302-656-8920 (fax)
esutty@foxrothschild.com

**Gerard Uzzi**
White & Case LLP
1155 Avenue of the America
New York, NY 10036-2787
212-819-8200
212-354-8113 (fax)
guzzi@whitecase.com

**Law Debenture Trust Company of New York**

**Garvan F. McDaniel**
Bifferato Gentilotti LLC
800 N. Market Street, Plaza Level
Wilmington, DE 19801
302-429-1900
302-429-8600 (fax)
gmcdaniel@bglawde.com

**Deutsche Bank Trust Company Americas**

**Katharine L. Mayer**
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
302-984-6300
302-984-6399 (fax)
kmayer@mccarter.com

**Centerbridge Credit Advisors LLC**

**Mark M. Billion**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street
17th Floor
Wilmington, DE 19702
302-652-4100
302-652-4400 (fax)
mbillion@pszjlaw.com

**Amanda Marie Winfree**
Ashby & Geddes, P.A.
500 Delaware Avenue
8th Floor, PO Box 1150
Wilmington, DE 19899
302-654-1888
302-654-2067 (fax)
awinfree@ashby-geddes.com

**Aurelius Capital Management, LP**

**Scott Baena**
Bilzin, Sumberg, Baena, Price & Axelrod
2500Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
sbaena@bilzin.com

**William Pierce Bowden**
Ashby & Geddes
500 Delaware Avenue
8th Floor, P.O. Box 1150
Wilmington, DE 19899
usa
302 654-1888
302-654-2067 (fax)
wbowden@ashby-geddes.com

**Brian T. Carney**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000

(212) 872-1002 (fax)
bcarney@akingump.com

**Nancy Chung**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
(212) 872-1002 (fax)
nchung@akingump.com

**Scott D. Cousins**
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
cousinss@gtlaw.com

**Philip C. Dublin**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
212-872-1000
212-872-1002 (fax)
pdublin@akingump.com

**Gregory W. Fox**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
gfox@fklaw.com

**Edward A. Friedman**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
efriedman@fklaw.com

**Daniel H. Golden**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park

New York, NY 10036-6745
212-872-1000
212-872-1002 (fax)
dgolden@akingump.com

**Jason Goldsmith**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
(212) 872-1002 (fax)
jgoldsmith@akingump.com

**Mitchell P. Hurley**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
(212) 872-1002 (fax)
mhurley@akingump.com

**Kizzy L. Jarashow**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
kjarashow@fklaw.com

**Benjamin W. Keenan**
Ashby & Geddes
222 Delaware Avenue
17th Floor, PO Box 1150
Wilmington, DE 19899
302-654-1888
302-654-2067 (fax)
bkeenan@ashby-geddes.com

**Matthew I. Kramer**
Bilzin, Sumberg, Baena, Price & Axelrod
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
mkramer@bilzin.com

**Robert J. Lack**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
rlack@fklaw.com

**Dennis A. Meloro**
Greenberg Traurig
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
302-661-7000
302-661-7360 (fax)
bankruptcydel@gtlaw.com

**Hal Neier**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
hneier@fklaw.com

**Deborah J. Newman**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
(212) 872-1002 (fax)
djnewman@akingump.com

**Eamonn O'Hagan**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
(212) 833-1250 (fax)
eohagan@fklaw.com

**Abid Qureshi**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745

(212) 872-1000
(212) 872-1002 (fax)
aqureshi@akingump.com

**Timothy M. Riffin**
Greenberg Traurig, LLP
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
302-661-7000
302-661-7360 (fax)
riffinm@gtlaw.com

**William P. Weintraub**
Friedman Kaplan Seiler & Adelman
1633 Broadway
46th Floor
New York, NY 10019
212-833-1109
212-373-7909 (fax)
wweintraub@fklaw.com

**Kristina M. Wesch**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745
(212) 872-1000
(212) 872-1002 (fax)
kwesch@akingump.com

**Amanda Marie Winfree**
Ashby & Geddes, P.A.
500 Delaware Avenue
8th Floor, PO Box 1150
Wilmington, DE 19899
302-654-1888
302-654-2067 (fax)
awinfree@ashby-geddes.com

**David M. Zensky**
Akin, Gump, Strauss Hauer & Feld, LLP
One Bryant Park
New York, NY 10036
212-872-1000
212-872-1002 (fax)
dzensky@akingump.com

**EGI-TRB LLC**
**David J. Bradford**
Jenner & Block LLP
333 North Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (fax)
dbradford@jenner.com

**David W. Carickhoff**
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
302-425-6400
302-425-6464 (fax)
carickhoff@blankrome.com

**Douglas A. Sondgeroth**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
312-222-9350
312-527-0484 (fax)
dsondgeroth@jenner.com

**Catherine Steege**
Jenner & Block
353 N. Clark Street
Chicago, IL 60654
312-222-9350
312-527-0484 (fax)
csteege@jenner.com

**Andrew W. Vail**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (fax)
avail@jenner.com

**Wilmington Trust Company**
**Jennifer R. Hoover**
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Ave.

Suite 801
Wilmington, DE 19801
302-442-7010
302-442-7012 (fax)
jhoover@beneschlaw.com

**Raymond Howard Lemisch**
Benesch Friedlander Coplan & Aronoff, LL
222 Delaware Avenue
Suite 801
Wilmington, DE 19801
302.442.7010
302.442.7012 (fax)
rlemisch@beneschlaw.com

**Gordon Z. Novod**
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
(212) 209-4940
(212) 209-4801 (fax)
gnovod@brownrudnick.com

**William David Sullivan**
Sullivan Hazeltine Allinson LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
302-428-8191
302-428-8195 (fax)
bsullivan@sha-llc.com

___/s/ Michael Schloss_____