**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

|  |  |
|---|---|
| | ) |
| | )  Chapter 11 |
| In re: | ) |
| | )  Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) |
| | )  Jointly Administered |
| Debtors. | ) |
| | ) |
| | )  **Re: Dkt. No. 6293** |

_____

### EGI-TRB LLC'S LIMITED OBJECTION TO THE PRE-LBO DEBTHOLDER PLAN PROPONENTS' RESPONSIVE STATEMENT

EGI-TRB LLC ("EGI-TRB") respectfully submits its limited objection (the "Objection") to the proposed responsive statement (the "Pre-LBO Debtholder Statement") submitted by the proponents of the Pre-LBO Debtholder Plan.[1]

### INTRODUCTION

The Pre-LBO Debtholder Statement grossly misrepresents the Examiner's conclusions regarding potential claims against Sam Zell and EGI-TRB, and thus fails to provide "adequate information" under section 1125(b) of the Bankruptcy Code.[2]  The statement asserts that the Examiner's report "identified billions of dollars of LBO-related actions" against Mr. Zell and EGI-TRB, when, in fact, the *opposite* is true: after an exhaustive investigation, the Examiner concluded that potential claims against Mr. Zell and EGI-TRB were, at best, unlikely to succeed.  The Pre-LBO Debtholder Statement should be amended to correct the misleading language.

---

[1]  For purposes of convenience, this Objection employs the defined terms used by the plan proponents to refer to their own plan and disclosure statement.

[2]  The proposed Disclosure Statement for the Pre-LBO Debtholder Plan also fails to provide adequate information under section 1125 of the Bankruptcy Code, for the reasons set forth in EGI-TRB's separately filed  Limited Objection to the Disclosure Statements.

**ARGUMENT**

Section 1125(b) of the Bankruptcy Code provides that "[a]n acceptance or rejection of a plan may not be solicited . . . unless . . . [there is] a written disclosure statement . . . containing adequate information."  11 U.S.C. §1125(b).  "Adequate information" is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . ."  11 U.S.C. §1125(a). "Generally, a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization."  *In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990).  Among other things, a disclosure statement should contain "all material information relating to the risks posed to creditors and equity interest holders under the proposed plan of reorganization." *Id.*

The Pre-LBO Debtholder Statement fails to provide adequate information because it contains materially misleading statements with respect to the Examiner's conclusions regarding the merits (or lack thereof) of potential claims against Mr. Zell and EGI-TRB. The proponents propose to inform creditors that:  "The Examiner's report put an end to 20 months of cover-up.  It exposed flagrant wrongdoing within Tribune's executive ranks and identified billions of dollars of LBO-related actions – many of them against Tribune insiders such as Sam Zell (whose close business associate is Tribune's Chief Restructuring Officer) – that would have been released *_for free_* under Tribune's prior plan."  (Aurelius letter attached to Pre-LBO Debtholder Responsive Statement at 2 (emphasis in original).)

By contending that the Examiner identified claims against Mr. Zell and EGI-TRB, and that those claims are worth "billions of dollars," the Pre-LBO Debtholder Statement would mislead creditors into believing (falsely) that the Examiner determined that there are meritorious and valuable claims against Mr. Zell and EGI-TRB.

In fact, the Examiner concluded that the potential claims against Mr. Zell and EGI-TRB were unlikely to succeed.  In his August 3, 2010 report, the Examiner found, *inter alia*, that:

- It is "reasonably unlikely" that a court would find that the Debtors incurred their obligations under the Step One Transactions with the actual intent to delay, hinder, or defraud their creditors.  (Report, Vol. II at 22);

- A preferential transfer claim based on payments made on the Exchangeable EGI-TRB Note likely would not succeed because, at a minimum, EGI-TRB appears to possess a valid ordinary course of business defense.  (*Id*. at 311-14);

- There is no "plausible basis . . . to justify equitable subordination of the EGI-TRB Notes."  (*Id*. at 338-39);

- It is "highly unlikely" that a court would "conclude that any claims for aiding and abetting breach of fiduciary duty could be sustained based on the conduct of any potential defendants [including Mr. Zell and EGI-TRB] at Step One." (*Id*. at 395.)

- There is no "sufficient basis to conclude that the Zell Group aided and abetted a breach of any fiduciary duties in connection with the Leveraged ESOP Transactions."  (*Id*. at 397);

- It is "reasonably unlikely" that an unjust enrichment claim [against Mr. Zell or EGI-TRB] would be meritorious.  (*Id*. at 404); and

- While there is evidence that certain third parties may not have acted in good faith in connection with the Step Two Transactions, the evidence shows that Mr. Zell and EGI-TRB always acted in good faith. (*Id*. at 74-75, 264, 281, 283, 338; *see also* Report, Vol. I at 300.)

In order to provide creditors with "adequate information" that will allow them to make informed judgments regarding the proposed plans of reorganization, the Pre-LBO

Debtholders Statement should be amended to correct the false and misleading contentions regarding the Examiner's findings with respect to potential claims against Mr. Zell and EGI-TRB.

## CONCLUSION

For the foregoing reasons, EGI-TRB respectfully requests that the Court require the Pre-LBO Debtholder Plan proponents to (a) delete from their responsive statement the phrase "— many of them against Tribune insiders such as Sam Zell (whose close business associate is Tribune's Chief Restructuring Officer) –" from page two of the Aurelius letter; and (b) add the sentence "The Examiner concluded that none of the identified potential causes of action against Mr. Zell and EGI-TRB were likely to be successful." after the second full sentence on page two of the Aurelius letter, and grant EGI-TRB any such further relief as the Court believes to be equitable and just.


Dated: November 16, 2010                    **BLANK ROME LLP**

                                   By:      /s/ *Alan M. Root*
                                            David Carickhoff (DE No. 3715)
                                            Alan M. Root (DE No. 5427)
                                            1201 Market Street, Suite 800
                                            Wilmington, Delaware 19801
                                            Telephone: (302) 425-6400

                                                    and

                                            **JENNER & BLOCK LLP**
                                            David J. Bradford (admitted *pro hac vice)*
                                            Catherine L. Steege (admitted *pro hac vice*)
                                            353 North Clark Street
                                            Chicago, Illinois 60654
                                            Telephone: (312) 222-9350

                                            *Counsel for EGI-TRB, LLC*