UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: November 23, 2010 @ 2:00 p.m. |
| | : | Objection Deadline: November 16, 2010 @ 4:00 p.m. |
| | : | |
| | : | Re: Docket No. 6203 |

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO FILE
UNREDACTED COMPLAINT OR, IN THE ALTERNATIVE,
TO FILE UNREDACTED COMPLAINT UNDER SEAL**

In response to the motion of the Official Committee of Unsecured Creditors for leave to file an unredacted version of the Committee's complaint in Adversary Proceeding No. 10-54010 (KJC) (the "Complaint"), or, in the alternative, leave to file the unredacted version of the Complaint under

---

[1]/ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

seal (the "Motion"), Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

### Introduction

1. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Response.

### Background

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5. On October 27, 2010, the Court granted standing to the Committee to commence two adversary proceedings on behalf of the Debtors' estates asserting claims against various parties that arise out of or in connection with the Debtors' 2007 LBO transaction. The Complaint that is the subject of this Motion asserts claims against additional parties outside of the Debtors' lenders.

6.      On December 15, 2009, the Court entered an Order that established a document depository for the retention of documents and other information produced pursuant to discovery in these cases (the "Document Depository Order").  The Document Depository Order contains confidentiality provisions that obligate the Committee and other parties to file under seal any document that contains confidential information.

7.      According to the Motion, the Complaint contains information obtained on a confidential basis from the Debtors and many other parties that had a connection with the LBO transaction.  The Committee has apparently requested and received a waiver of confidentiality pursuant to the Document Depository Order from all parties except one.  Morgan Stanley & Co., Incorporated has not agreed to waive confidentiality.  As such, the Committee felt compelled to file the Motion to address this sealing and confidentiality issue related to the Complaint.

### Relief Requested

8.      The U.S. Trustee urges the Court to require that the Committee file a fully unredacted version of the Complaint and to deny attempts by any party to have the Complaint filed either under seal or in a redacted form.

### Basis for Relief Requested

9.      Bankruptcy Code §107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

10. Through the comments made by the Committee in the Motion, the Committee clearly does not believe it is appropriate to file the Complaint in any sealed or redacted format. In effect, the Committee is seeking the Court's guidance in order for the Committee to do what it thinks is appropriate, that being the public disclosure of the Complaint. The Committee files this Motion because of the restrictions of the Document Depository Order and the refusal of one party to waive confidentiality. The U.S. Trustee agrees with the Committee's position that a fully unredacted version of the Complaint should be filed for public disclosure.

11. Moreover, no party has made a proper showing that section 107(b) authorizes the filing of the Complaint under seal. Without strict compliance with the statute, there is no basis for the Complaint to be filed under seal or redacted in any form. The U.S. Trustee asserts that the proper result here is that the Committee file the Complaint in a fully unredacted form.

WHEREFORE, the United States Trustee respectfully requests this Court to issue a ruling commensurate with this Response, and award such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

ROBERTA A. DEANGELIS
United States Trustee

BY:   */s/ David M. Klauder*
David M. Klauder
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax

Dated: November 16, 2010