## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Hearing Date**: November 29, 2010 at 10:00 a.m. (ET)
**Obj. Deadline**: November 22, 2010 at 4:00 p.m. (ET)

### AMENDED[1] MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES ARISING UNDER AND PURSUANT TO 11 U.S.C. §§ 547 AND 550

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**" or "**Tribune**"), by and through its undersigned counsel, hereby files this motion (the "**Preference Standing Motion**") for entry of an order granting the Committee leave, standing and authority to commence, prosecute, settle and recover certain causes of action on behalf of the Debtors' estates arising under and pursuant to 11 U.S.C. §§ 547 and 550 (the "**Preference Actions**") against certain current and former Tribune insiders who received payments from Tribune in the year prior to the Petition Date and certain other identified entities who have previously been sued by the Committee on a myriad of causes of action (collectively, the "**Preference Defendants**"). In support of this Preference Standing Motion, the Committee respectfully submits as follows:

---

[1] Amended items appear underlined and in bold. The Motion is amended only to reflect that the Committee also is seeking standing to commence, prosecute, settle and recover certain causes of action against Eagle Aircraft & Transportation Management, Inc.

{698.001-W0010931.2}

**PRELIMINARY STATEMENT**

1.    By this Preference Standing Motion, the Committee seeks entry of an order authorizing it to prosecute certain claims and causes of action pursuant to sections 547 and 550 of the Bankruptcy Code to avoid and recover on behalf of the Debtors' estates prepetition preferential payments made to the Preference Defendants.  These claims can be divided into two groups: (a) claims against current and former officers and directors for amounts received in the year prior to the Debtors' bankruptcy filing; and (b) claims against certain business entities who are past or likely future owners of the Debtors and against which the Committee has previously filed complaints.

2.    The rationale for the Committee, rather than the Debtors, to prosecute the Preference Actions on behalf of the Debtors' estates is self-evident.  There are inherent conflicts that make it very difficult, if not impossible, for a company to vigorously pursue actions against its current or former directors and officers.  At the very least, third parties would likely question the vigor with which such suits would be prosecuted.  The same holds true with respect to the prosecution of actions against Preference Defendants who are former and likely future owners (or affiliates) of the Debtors, such as EGI-TRB, L.L.C.**, Eagle Aircraft & Transportation Management, Inc.** and Samuel Zell and JPMorgan Chase Bank, N.A.  Additionally, given that the Committee has already obtained standing to prosecute other claims against the Debtors' former and likely future owners, the Debtors' estates will benefit from the efficiencies to be gained by the Committee bringing additional causes of action against those parties.  Indeed, having recognized these inherent conflicts and the evident economies, the Debtors have agreed that the Committee should pursue the Preference Actions on behalf of the estates.

CPAM: 3285111.7

3.    To ensure efficient and appropriate use of estate resources, the Committee proposes that, after they have been filed and served, the Preference Actions will be stayed (except to the limited extent provided in the proposed order attached hereto) pending a resolution of the proposed plans of reorganization or as otherwise set forth below.  This stay is important because certain plans currently propose to release, limit recoveries, or otherwise moot certain of the claims that would be brought (and, indeed, must be filed prior to the expiration of applicable limitations periods) against the identified Preference Defendants.  Accordingly, while filing the Preference Actions will ensure that they are preserved, continued prosecution of them could prove to be a waste of the estates' resources.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction to consider this Preference Standing Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Preference Standing Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 1103(c) and 1109(b) of chapter 11 of title 11 of the United States Code.

### PROCEDURAL BACKGROUND

5.    On December 8, 2008 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

CPAM: 3285111.7

6.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee.

7.      The Committee filed separate motions on February 1, 2010 (supplemented on September 14, 2010) and September 13, 2010 seeking entry of orders granting the Committee standing to commence and prosecute certain LBO-related causes of action [D.I. 3281, 5668 and 5698] (together, the "**LBO Standing Motions**").

8.      On October 27, 2010, the Court entered the Order Granting Unsecured Creditors Committee's Standing Motions [D.I. 6150] (the "**LBO Standing Order**"), which granted the Committee authority "to commence and prosecute the claims of the Debtors' estates set forth in the draft complaints attached to the [LBO] Standing Motions as they may be amended or modified . . . ." Those complaints have now been filed. *See* Complaint and Objection to Claims, *Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A.* (*In re Tribune Co.*), No. 10-53963-KJC (Bankr. D. Del. Nov. 1, 2010) [Adv. Pro. D.I. 1]; Complaint, *Official Comm. of Unsecured Creditors v. Fitzsimons* (*In re Tribune Co.*), No. 10-54010-KJC (Bankr. D. Del. Nov. 1, 2010) [Adv. Pro. D.I. 1] (together, the "**LBO Complaints**"). Pursuant to the LBO Standing Order, the prosecution of the LBO Complaints generally has been stayed, subject to certain limited exceptions specified in the LBO Standing Order. *See* LBO Standing Order, p. 4.

## THE INVESTIGATION INTO THE PREFERENCE ACTIONS

9.      As part of their duties as debtors in possession, the Debtors undertook an extensive analysis of potential preference actions. In its capacity as a fiduciary for unsecured creditors of the Debtors' estates, the Committee reviewed the Debtors' analyses. The Committee and the Debtors then worked on identifying which claims would be best pursued by the Committee because of actual or perceived conflicts that might, at minimum, taint the belief in a

4

fair outcome should the Debtors prosecute claims against certain parties believed to have received preferential transfers.    (The Debtors intend to promptly prosecute or toll other preference actions where there is no actual or perceived conflict.)    The Committee then researched the identified Preference Actions further.

10.    Based on the Committee's review and analysis of the Debtors' investigation with respect to potential preference actions, the Committee's independent investigation, and the agreement among the Debtors and the Committee as to the Committee's prosecution of the Preference Actions against the Preference Defendants, the Committee seeks an order from this Court granting the Committee derivative standing to pursue the Preference Actions against the Preference Defendants and to recover avoidable preferences with respect thereto on behalf of the Debtors' estates.

11.    As noted above, the Debtors have previously authorized the Committee in writing to prosecute the Preference Actions.

12.    The LBO Standing Order grants the Committee certain limited authority to "amend or modify the draft complaints," and that authority may not extend to all of the Preference Actions.  To avoid any doubt with respect to the Committee's standing and authority to pursue the Preference Actions, and because the prosecution of certain of the Preference Actions will require the filing of many complaints (as opposed to amending existing complaints), the Committee determined it was necessary to file this Preference Standing Motion to obtain Court approval to bring the Preference Actions.

## SUMMARY OF CLAIMS

13.    The Committee seeks authority to bring adversary proceedings to recover potentially preferential payments made to (i) current and former Tribune insiders in the year

CPAM: 3285111.7

prior to the Petition Date, (ii) JPMorgan Chase Bank, N.A. in the ninety (90) days prior to the Petition Date in connection with the Purchasing Card Program, and (iii) EGI-TRB, L.L.C.**, Eagle Aircraft & Transportation Management, Inc.** and Samuel Zell in the ninety (90) days prior to the Petition Date with respect to expense reimbursement.    The Committee also seeks confirmation of its authority to pursue those preference claims asserted in the LBO Complaints against those current and former Tribune insiders that are already named as defendants in the LBO Complaints.

14.    The Preference Actions that relate to payments to current and former Tribune insiders in the year prior to the Petition Date can be grouped into six payment categories: (i) Deferred Bonus; (ii) Success Bonus; (iii) Restricted Stock / Options; (iv) Executive Transition; (v) Excise Tax Gross-Up; and (vi) Phantom Equity.    Aggregate payments by the Debtors to Preference Defendants on account of Preference Actions in these categories total in excess of $250 million.

## RELIEF REQUESTED

15.    Pursuant to this Preference Standing Motion, the Committee requests that the Court enter an order (i) authorizing and appointing the Committee to commence, prosecute and settle the Preference Actions against the Preference Defendants on behalf of the Debtors' estates, (ii) stipulating that after they are filed and served, the Preference Actions shall be deemed stayed under the same terms as the LBO Standing Order, and (iii) providing that, consistent with the terms of the LBO Standing Order, neither the Debtors nor the Committee shall settle the Preference Actions without the other's consent unless and until certain events occur.    In addition,

CPAM: 3285111.7

the Committee seeks to confirm that any Preference Actions previously asserted against parties identified in the LBO Complaints shall be subject to the terms of the order requested herein.[2]

## BASIS FOR RELIEF

### I.  Legal Standard

16.    It is well settled within this and other circuits that bankruptcy courts may allow a creditors' committee to pursue causes of action on behalf of the estate under appropriate circumstances. *See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 575 (3d Cir. 2003); *Official Comm. of Unsecured Creditors v. Barron* (*In re Polaroid Corp.*), No. 03-56404, 2004 WL 1397582 (Bankr. D. Del. June 22, 2004); *Official Comm. of Unsecured Creditors v. Cablevision Sys. Corp.* (*In re Valley Media, Inc.*), No. 01-11353, 2003 WL 21956410 (Bankr. D. Del. Aug. 14, 2003); *Official Comm. of Unsecured Creditors v. Clark* (*In re Nat'l Forge Co.*), 304 B.R. 214 (Bankr. W.D. Pa. 2004), *aff'd* 326 B.R. 532 (W.D. Pa. 2005); *Liberty Mut. Ins. Co. v. Official Unsecured Creditors Comm.* (*In re Spaulding Composites Co.*), 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997); *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988); *Unsecured Creditors Comm. v. Noyes* (*In re STN Enters.*), 779 F.2d 901, 904 (2d Cir. 1985).

17.    Where, as here, an official committee seeks to pursue an action at the behest or with the consent of the debtor, bankruptcy courts apply less stringent criteria in evaluating whether it is appropriate to grant the committee standing.[3] With debtor consent, a creditors'

---

[2]  Chadbourne & Parke LLP and Landis Rath & Cobb LLP, two of the three named Committee counsel that are signatories to this Preference Standing Motion, do not represent the Committee with respect to the prosecution of the identified Preference Actions against JPMorgan Chase Bank, N.A., and Chadbourne & Parke LLP is not counsel of record for the Committee in connection with the LBO Complaints.

[3]  Generally, granting derivative standing requires: (1) a colorable claim; (2) the debtor to unjustifiably refuse to bring the claim (or circumstances excuse the committee from making demand); and (3) authority from the

committee should be granted standing if "the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *See Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001) (citing *Spaulding Composites Co. v. Official Unsecured Creditors' Comm. (In re Spaulding Composites Co.)*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997)); 7 COLLIER ON BANKRUPTCY ¶ 1103.05[6][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d at 566 (agreeing with Second Circuit that committee may sue on behalf of debtors where debtor in possession consents).

18.     As the Second Circuit noted in *Commodore*, "[t]his approach permits a reasoned and practicable division of labor between the creditors' committee and the debtor in possession or trustee, while also providing bankruptcy courts with significant authority both to manage the litigation and to check any potential for abuse by the parties." *See In re Commodore Int'l Ltd.*, 262 F.3d at 100.

## II.     Committee Standing Is In The Best Interests Of The Estates And Is "Necessary And Beneficial" To The Fair And Efficient Resolution Of The Bankruptcy Proceedings

19.     There is ample justification for the Court to grant the Committee the authority to pursue the Preference Actions.  Having committed significant resources to investigating the facts underlying the Preference Actions, the Committee believes, and the Debtors agree, that it would be most efficient and in the estates' best interest for the Committee to be vested with the authority to pursue the Preference Actions.

---

bankruptcy court to initiate the action. *See, e.g., Infinity Investors Ltd. v. Kingsborough (In re Yes! Entm't Corp.)*, 316 B.R. 141, 145 (D. Del. 2004).

20.     Pursuit of the Preference Actions is in the best interests of the bankruptcy estates because any and all amounts recovered will be returned to the estates for the benefit of all creditors.

21.     Vesting the Committee with the authority to pursue the Preference Actions is in the best interests of the Debtors' estates and is "necessary and beneficial" to the fair and efficient resolution of these bankruptcy proceedings because the Debtors are necessarily conflicted in pursuing (a) claims against those Preference Defendants who are current or former Tribune directors and officers, and (b) claims against former or likely future owners (or their affiliates) of the Debtors.  With respect to the latter group, it is also important to recognize that the Committee has already commenced actions against JPMorgan Chase Bank, N.A., EGI-TRB, L.L.C. and Samuel Zell, and is therefore best situated to efficiently and economically pursue the additional causes of action against those parties contemplated by this Preference Standing Motion.

22.     The Committee also has a lasting interest in maximizing the pecuniary value of the Debtors' estates.  The Committee likely will have continued direct or indirect involvement in the administration of the estates following the confirmation of a plan of reorganization.  Since counsel for the Committee is already familiar with the Preference Actions, it would be efficient and in the best interests of the Debtors' estates for the Court to grant standing to the Committee to pursue the Preference Actions on behalf of the Debtors.

23.     Additionally, to ensure the efficient use of the estates' resources in pursuit of the Preference Actions, the Committee requests that the Preference Actions be stayed after they have been filed and served (except to the limited extent provided in the proposed order attached hereto).  Given that many of the Preference Actions could be eliminated, reduced or mooted following the confirmation of certain proposed plans of reorganization, the requested stay will

CPAM: 3285111.7

ensure that the estates' resources are not consumed needlessly in pursuit of actions that will not ultimately result in additional recoveries for creditors.

24.    Finally, the Committee also requests that the Court confirm the Committee's authority to pursue those preference claims against current and former Tribune insiders that have already been asserted in the LBO Complaints.  The Committee believes that the LBO Standing Order's grant of authority to amend the LBO Complaints before they were filed, coupled with the Debtors' consent before the LBO Complaints were filed, authorizes the Committee to pursue preference claims against current and former Tribune insiders that were named as defendants in the LBO Complaints.  To avoid any doubt on this issue, however, this Court should confirm the Committee's authority to pursue such claims.

## RESERVATION OF RIGHTS

25.    The Committee reserves its rights to seek authority to commence, prosecute and settle other claims and/or causes of action on behalf of the Debtors' estates against the Preference Defendants.

## NO PRIOR REQUEST

26.    No prior request for the relief sought herein has been made by the Committee to this or any other court.

## NOTICE

27.    Notice of this motion has been given to (i) the Debtors, (ii) counsel to the Debtors, (iii) the Office of the United States Trustee for the District of Delaware, and (iv) parties who have requested service of notices pursuant to Bankruptcy Rule 2002..  The Committee submits that no other or further notice is required.

CPAM: 3285111.7

## CONCLUSION

28.    This Court can and should authorize the Committee to bring the Preference

Actions on behalf of the Debtors' estates.  The Committee respectfully requests that the Court (i)

grant standing and authority to the Committee to commence, prosecute, settle and recover

amounts in connection with the Preference Actions on behalf of the Debtors' estates, (ii) confirm

the Committee's standing and authority with respect to any Preference Action brought on behalf

of the Debtors' estates in the LBO Complaints, and (iii) grant such other and further relief as the

Court deems just and proper.

Dated: November 17, 2010
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*

CPAM: 3285111.7

**<u>PROPOSED ORDER</u>**