**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING THE PRE-LBO DEBTHOLDER BALLOT TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE PURPLE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE PRE-LBO DEBTHOLDER PLAN WILL BE COUNTED.**

　　　　**Why You Have Received a Pre-LBO Debtholder Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the Joint Plan of Reorganization for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan").[2] The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as the Holder of a Claim that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan and, in some cases, to make certain elections under that Plan. You have accordingly been sent a purple ballot to allow you to vote on the Pre-LBO Debtholder Plan and, if applicable, make elections available under the Pre-LBO Debtholder Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Pre-LBO Debtholder Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the purple ballot to accept or reject the Pre-LBO Debtholder Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Pre-LBO Debtholder Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim and therefore ***you should be sure to vote on each plan.***

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans). ***Because it is unknown which of the Plans, if any, will be confirmed, it is important for you to vote on each of the Plans to indicate whether you would accept or reject such Plan in the event it is the one confirmed by the Bankruptcy Court.***

**Materials that You Have Been Sent with the Pre-LBO Debtholder Ballot.** Along with the ballots, you should have received various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Pre-LBO Debtholder Plan or the General Disclosure Statement, as applicable.

Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans.  It is also very important that you consider and vote on all of the Plans.**

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Pre-LBO Debtholder Ballots.**  For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you must complete, sign and date your Pre-LBO Debtholder Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [            ]** (**the "Voting Deadline"**).  Please do not mail Pre-LBO Debtholder Ballots directly to the Debtors or to any of the Proponents of the Pre-LBO Debtholder Plan.  If you do not return your Pre-LBO Debtholder Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Pre-LBO Debtholder Ballot will not be counted.

If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, you must complete, sign and date your beneficial Pre-LBO Debtholder Ballot and return it to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") from which you received your Pre-LBO Debtholder Ballot by no later than the deadline specified by that Voting Nominee.  You should ensure you return your Pre-LBO Debtholder Ballot to the Voting Nominee as promptly as possible, but in no event later than the time and date set by such Voting Nominee, to ensure that the Voting Nominee has the opportunity to include the vote and election(s) reflected on your beneficial Pre-LBO Debtholder Ballot on a Master Ballot and to return that Master Ballot to the Voting Agent by the Voting Deadline.  **Please note that if you are the Holder of a PHONES Notes Claim, while you may vote any PHONES Notes Exchange Claims that you hold on the same Ballot as your PHONES Notes Claims, if you do vote both PHONES Notes Claims and PHONES Notes Exchange Claims on the same Ballot, you must return one copy directly to the Voting Agent and one copy to the Voting Nominee as the Voting Nominees will not be counting PHONES Notes Exchange Claims.**

**How to Complete Your Pre-LBO Debtholder Ballot.**  The following are step-by-step instructions for how to complete your Pre-LBO Debtholder Ballot for voting on the Pre-LBO Debtholder Plan and making the elections called for thereunder:

a.      Item 1: **Amount of Claim**.

Please certify the amount of your Claim as of [ ], 2010 (the "Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Pre-LBO Debtholder Ballot is the Holder as of the Record Date of a Claim in the aggregate unpaid amount set forth in Item 1 of the Pre-LBO Debtholder Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Pre-LBO Debtholder Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Pre-LBO Debtholder Ballot, please see "Questions Concerning Your Claim Amount" below.

For the avoidance of doubt, owners of PHONES Notes Exchange Claims should also use this Ballot to cast their votes under the Pre-LBO Debtholder Plan; *provided, however*, that to the extent the Bankruptcy Court determines that the PHONES Notes Exchange Claims are not properly classified as

PHONES Notes Claims, the votes pertaining to such PHONES Notes Exchange Claims shall be applied to the applicable Class in which such Claims are classified.

**The preprinted amount of your PHONES Notes Exchange Claim above will control for voting purposes only which is equal to the amount of PHONES Notes that you tendered to Tribune. VOTING THE PRINCIPAL AMOUNT OF PHONES NOTES YOU SOUGHT TO EXCHANGE DOES NOT MEAN THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL BE ALLOWED IN THE AMOUNT OF THE PHONES NOTES YOU PREVIOUSLY HELD, OR THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL RECEIVE THE TREATMENT AFFORDED TO THE PHONES NOTES CLAIMS UNDER THE PRE-LBO DEBTHOLDER PLAN.  INSTEAD, THE AMOUNT STATED ABOVE SHALL GOVERN FOR VOTING PURPOSES ONLY, AND THE AFOREMENTIONED ISSUES (INCLUDING THE ALLOWED AMOUNT AND CLASSIFICATION OF PHONES NOTES EXCHANGE CLAIMS) REMAIN SUBJECT TO DETERMINATION BY THE BANKRUPTCY COURT.**

      b.    <u>Item 2</u>:  **Vote to Accept or Reject the Pre-LBO Debtholder Plan**.

Please cast your vote to accept or reject the Pre-LBO Debtholder Plan by checking the applicable box in Item 2.  Any vote you cast to accept or reject the Pre-LBO Debtholder Plan will be tabulated solely as a vote to accept or reject the Pre-LBO Debtholder Plan, and will not apply to any other Plans.  Please note that you must vote the entire amount of your Claim to accept or reject the Pre-LBO Debtholder Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Pre-LBO Debtholder Plan.

      c.    <u>Item 2A</u>:  **Election to Rank the Pre-LBO Debtholder Plan**.

You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference (with 1 being the most preferred Plan and 4 being your least preferred Plan).  In order for your ranking to be counted, you must (i) have ranked all four Plans by designating a ranking on the respective ballots and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans you have voted on, or give more than one Plan the same ranking, your ranking will not be counted.  **Please note that, although the preferences of Creditors will be taken into account at confirmation, the Court is not bound to confirm the Plan preferred by Creditors.  It is therefore important for you to vote on <u>all</u> of the Plans in case the Plan you prefer is not confirmed.**

      d.    <u>Item 3</u>:  **Other Parent Claims Put Election and Other Guarantor Debtor Claims Put Election (Optional).**

*Item 3 applies <u>only</u> to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50G through 111G under the Pre-LBO Debtholder Plan.  If your Pre-LBO Debtholder Ballot does not relate to Claims in those Classes, your Pre-LBO Debtholder Ballot will say "[Intentionally Omitted]" at Item 3.  If your Pre-LBO Debtholder Ballot states "[Intentionally Omitted]" at Item 3, please skip Item 3 and move on to Item 4.*

<u>Holders of Other Parent Claims</u>.  The Pre-LBO Debtholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Pre-LBO Debtholder Plan permits Holders of Other Parent Claims to exercise the Other Parent Claims Put Option described in Section 5.14 of the Pre-LBO Debtholder Plan.  If a Holder of Other Parent Claims wishes to exercise

the Other Parent Claims Put Option, such Holder (i) must check the box in Item 3 of its Pre-LBO Debtholder Ballot and (ii) may not exercise the Non-Contribution Election in Item 4. **By making the Other Parent Claims Put Election, a Holder of Other Parent Claims is electing to sell its Other Parent Claims to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of its Other Parent Claims; *provided, however*, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their Pro Rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.**

       **Please note that, as set forth in Section 5.14 of the Pre-LBO Debtholder Plan, a Holder's Other Parent Claims will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Pre-LBO Debtholder Plan; (ii) such Holder makes the "Other Parent Claims Put Election" on its Pre-LBO Debtholder Ballot; and (iii) such Holder does <u>not</u> make the Non-Contribution Election on its Pre-LBO Debtholder Ballot.** If a Holder of Other Parent Claims does not make the Other Parent Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

       <u>Holders of Other Guarantor Debtor Claims</u>. The Pre-LBO Debtholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Pre-LBO Debtholder Plan permits Holders of Other Guarantor Debtors Claims to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Pre-LBO Debtholder Plan. If a Holder of Other Guarantor Debtor Claims wishes to exercise the Other Guarantor Debtor Claims Put Option, such Holder must check the appropriate box in Item 3 of its Pre-LBO Debtholder Ballot. **By making the Other Guarantor Debtor Claims Put Election, a Holder of Other Guarantor Debtor Claims is electing to sell its Other Guarantor Debtor Claims to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of its Other Guarantor Debtor Claims; *provided, however*, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration  necessary to purchase Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their Pro Rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.**

       **Please note that, as set forth in Section 5.14 of the Pre-LBO Debtholder Plan, a Holder's Other Guarantor Debtor Claims will be purchased only if the following conditions are satisfied: (i) the Other Guarantor Debtor Claims Class that such Holder's Other Guarantor Debtor Claims are in votes to accept the Pre-LBO Debtholder Plan and (ii) such Holder makes the "Other Guarantor Debtor Claims Put Election" on its Pre-LBO Debtholder Ballot.** If a Holder of Other Guarantor Debtor Claims does not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

e.      <u>Item 4</u>:  **Non-Contribution Election (Optional).**

*Item 4 applies <u>only</u> to Holders of Claims against Tribune Company and does <u>not</u> apply to Holders of Claims against the Subsidiary Debtors.  If your Claim is solely against one of the Subsidiary Debtors, your Pre-LBO Debtholder Ballot will say "[Intentionally Omitted]" at Item 4.  If your Pre-LBO Debtholder Ballot states "[Intentionally Omitted]" at Item 4, please skip this Item 4 and move on to Item 5.*

Section 5.18.2 of the Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune will assign State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Pre-LBO Debtholder Plan.  Creditors of Tribune have the right to opt out of this assignment under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If a Creditor wishes to opt out of this assignment, it must check the box in Item 4.  If a Creditor of Tribune checks the Non-Contribution Election box, it will be "opting out" of contributing all State Law Avoidance Claims it now holds or may hold in the future, which State Law Avoidance Claims would otherwise be prosecuted on such Creditor's behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If a Creditor of Tribune makes the Non-Contribution Election, such Creditor will <u>not</u> be entitled to receive Creditors' Trust Interests and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Creditor of Tribune does not make the Non-Contribution Election, such Creditor will be deemed pursuant to Section 5.18.2 of the Pre-LBO Debtholder Plan to have, as of the Effective Date of the Pre-LBO Debtholder Plan, contributed all of such Creditor's State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests.  The Creditors' Trust Interests may entitle such Creditor to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust.  **If a Creditor of Tribune does not submit a Pre-LBO Debtholder Ballot, such Creditor will be deemed to have transferred all of its State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.**  For additional information regarding the Creditors' Trust, please see Section 5.18 of the Pre-LBO Debtholder Plan.

f.      <u>Item 5</u>:  **Certifications.**

Please review and complete the certifications in Item 5.  Your original signature is required on the Pre-LBO Debtholder Ballot for your votes on the Pre-LBO Debtholder Plan and your elections under the Pre-LBO Debtholder Plan to count.  In addition, in Item 5, if you are completing the Pre-LBO Debtholder Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label or if no mailing label is attached to the Pre-LBO Debtholder Ballot.

For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 5 also require you to certify that the Pre-LBO Debtholder Ballot being submitted is either the only Pre-LBO Debtholder Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Pre-LBO Debtholder Ballots submitted by you for such Claims are identified in Item 5(e).  You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Pre-LBO Debtholder Ballot**.  Once you have completed your Pre-LBO Debtholder Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on Class 1F (Senior Noteholder Claims) or Class 1I (PHONES Notes Claims), please return the completed Pre-LBO Debtholder Ballot to the Voting Agent at the appropriate address specified

in your Pre-LBO Debtholder Ballot so that the Pre-LBO Debtholder Ballot is received by the Voting Agent before the Voting Deadline.

Holders of Class 1F Senior Noteholder Claims and Class 1I PHONES Notes Claims are requested to return their Pre-LBO Debtholder Ballots to their Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. If you are the Holder of Senior Noteholder Claims or PHONES Notes Claims, please submit your Pre-LBO Debtholder Ballot to your Voting Nominee, according to the instructions set forth by your Voting Nominee, so that the Voting Nominee will receive it no later than the deadline set by the Voting Nominee. For specific instructions on how to submit your Pre-LBO Debtholder Ballot to your Voting Nominee, please contact your Voting Nominee directly.

Pre-LBO Debtholder Ballots submitted by facsimile or other electronic transmission will not be counted. In addition, please note that if your Pre-LBO Debtholder Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Pre-LBO Debtholder Ballot will not be counted.

After the Voting Deadline, unless you obtain the prior consent of the proponents of the Pre-LBO Debtholder Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Pre-LBO Debtholder Ballot in any way, (ii) change your vote to accept or reject the Pre-LBO Debtholder Plan, (iii) change your Plan ranking (if applicable), (iv) change your decision to make or not make the Other Parent Claims Put Election and/or the Other Guarantor Debtor Claims Put Option (if applicable) or (v) change your decision to make or not make the Non-Contribution Election (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Pre-LBO Debtholder Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve the Debtors and the proponents of each of the Plans (at the notice addresses specified in Schedule [ ] the Joint Disclosure Statement) and file with the Bankruptcy Court, on or before [_____], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of each of the Plans has come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. [_____] has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballots by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (646) 282-2400. Many materials in the

Solicitation Package may also be obtained free of charge by visiting
http://chapter11.epiqsystems.com/tribune.

**Pre-LBO Debtholder Ballot is Not a Proof of Claim or Interest.**  The Pre-LBO Debtholder Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the nature, validity, or amount of any Claim or Interest.

**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans.  The Pre-LBO Debtholder Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Pre-LBO Debtholder Ballot.  Holders should not surrender any debt instruments together with their Pre-LBO Debtholder Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Pre-LBO Debtholder Ballot or Master Ballot.

**Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Pre-LBO Debtholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS OF
## STEP ONE SENIOR LOAN CLAIMS AND STEP ONE SENIOR LOAN
## GUARANTY CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT
## OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
## DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"). This*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Pre-LBO Debtholder Ballot is only in respect of your Step One Senior Loan Claims (Class 1C Claims against Tribune) and your Step One Senior Loan Guaranty Claims (Class 50C-111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

**PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Pre-LBO Debtholder Plan, and if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of [ ], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and a Step One Senior Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
| --- | --- |
| | |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans. If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). With respect to your Step One Senior Loan Claim (Class 1C Claim against Tribune) *only*, the Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out

2

of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Step One Senior Loan Claim voted on this Pre-LBO Debtholder Ballot.\*\*

*\*\* The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step One Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your Step One Senior Loan Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step One Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.    is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

    b.    has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.    has not submitted any other Ballots relating to the the Pre-LBO Debtholder Plan on account of the Step One Senior Loan Claim and/or Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

        This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE _ACTUALLY_ _RECEIVED_ BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Pre-LBO Debtholder Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS OF
## STEP TWO SENIOR LOAN CLAIMS AND STEP TWO SENIOR LOAN
## GUARANTY CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT
## OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
## DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"). This*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Pre-LBO Debtholder Ballot is only in respect of your Step Two Senior Loan Claims (Class 1D Claims against Tribune) and your Step Two Senior Loan Guaranty Claims (Class 50D-111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan, and if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.  AMOUNT OF CLAIM.  The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |

ITEM 2A.  ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step Two Senior Loan Claim (Class 1D Claim against Tribune) *only*, the Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out

2

of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Step One Senior Loan Claim voted on this Pre-LBO Debtholder Ballot.**

*** The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step Two Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your Step Two Senior Loan Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step Two Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.  is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

    b.  has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.  has not submitted any other Ballots relating to the Pre-LBO Debtholder Plan on account of the Step Two Senior Loan Claim and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
           (If Appropriate)
Title:_____
           (If Appropriate)

Street Address:_____

  _____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

      This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS AND CO-PROPONENTS PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>**Bridge Loan Claims and Bridge Loan Guaranty Claims – Pre-LBO Debtholder Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS OF
### BRIDGE LOAN CLAIMS AND BRIDGE LOAN GUARANTY
### CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT
### THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
### <u>DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Pre-LBO Debtholder Plan</u>").  This Pre-LBO Debtholder Ballot is only in respect of your Bridge Loan Claims (Class 1E Claims against*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Tribune) and your Bridge Loan Guaranty Claims (Class 50E-111E Claims against the Guarantor Debtors). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for under the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM/BRIDGE LOAN GUARANTY CLAIMS.  The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Bridge Loan Claim/Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
|---|---|
| | |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Bridge Loan Claim (Class 1E Claim against Tribune) only, the Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Bridge Loan Claim voted on this Pre-LBO Debtholder Ballot.**

*** The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Bridge Loan Claims, which State Law Avoidance Actions would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your Bridge Loan Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Bridge Loan Claims  to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

    a.   is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

    b.   has been provided with a copy of Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Pre-LBO Debtholder Plan on account of the Bridge Loan Claims and/or Bridge Loan Guaranty Claims that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

      This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>EGI-TRB LLC Notes Claims – Pre-LBO Debtholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS
## OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE
## PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
## <u>DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes. This Pre-LBO Debtholder Ballot is only in respect of your* **EGI-TRB LLC Notes Claims (Class 1H Claims against Tribune).** *If you hold*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of the EGI-TRB LLC Notes Claim against Tribune in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Holder of an EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to **ACCEPT** the Pre-Debtholder LBO Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

2

☐ I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the EGI-TRB LLC Notes Claim voted on this Pre-LBO Debtholder Ballot.**

*** The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your EGI-TRB LLC Notes Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan. If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your EGI-TRB LLC Notes Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your EGI-TRB LLC Notes Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.     CERTIFICATION. By signing this Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a. is the Holder of the EGI-TRB LLC Notes Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

    b. has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c. has not submitted any other Ballots relating to the Pre-LBO Debtholder Plan for the EGI-TRB LLC Notes Claims that are inconsistent with the votes and elections set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

3

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>Senior Noteholder Claims – Pre-LBO Debtholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRE-LBO DEBTHOLDER BENEFICIAL BALLOT FOR BENEFICIAL HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT <u>DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>)

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes. This Pre-LBO Debtholder Ballot is only in respect of your* **Senior Noteholder Claims (Class 1F Claims against Tribune).** *If you hold other*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a Senior Noteholder Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. Senior Noteholder Claims are classified in Class 1F under the Pre-LBO Debtholder Plan. Those Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto. In brief, however, Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of  [  ], 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among

2

the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1            ☐  2            ☐  3            ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.     [Intentionally Omitted.]

ITEM 4.     NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have in connection with your Senior Noteholder Claims, please check the box below.

☐ I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Senior Noteholder Claims voted on this Pre-LBO Debtholder Ballot.**

*\*\* The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Senior Noteholder Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your Senior Noteholder Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Senior Noteholder Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 5.     CERTIFICATION**.**  By signing this Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.    it is the beneficial owner of the Senior Noteholder Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

b.    it has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in Pre-LBO

Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order;

c.    it has not submitted any other Ballots for the Pre-LBO Debtholder Plan relating to the Claims voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.    it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.    either (a) this Ballot is the only Ballot for the Pre-LBO Debtholder Plan submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Ballot, one or more Ballots for Senior Noteholder Claims have been submitted for the Pre-LBO Debtholder Plan as follows (please use additional sheets of paper if necessary):

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

4

Date Completed: _____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the proponents of any of the Plans of the nature, validity or amount of any Claim.

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [            ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1F SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [      ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such Beneficial Owners in respect of their Senior Noteholder Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"), and to transmit the elections of Beneficial Owners of the Senior Notes recorded on their ballots.

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization (the "Plans") that have been proposed for Tribune Company and its Subsidiaries (the "Debtors"). In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans. You have received materials relating to all of the Plans; however, this Ballot is only for transcribing votes and elections to accept or reject the Pre-LBO Debtholder Plan.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Pre-LBO Debtholder Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Pre-LBO Debtholder Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections/rankings, will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [          ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "Solicitation Order"). Specifically, the Solicitation Order, among other things, (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "General Disclosure Statement") and (b) Specific Disclosure Statements relating to each of the Plans (the "Specific Disclosure Statements"), and (ii) established certain procedures for the solicitation and

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or the Debtors' Solicitation Motion [D.I. # 6255], as applicable.

tabulation of votes to accept or reject the Plans.  Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.  The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of [  ], 2010, (the "Record Date"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Pre-LBO Debtholder Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Pre-LBO Debtholder Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes and elections of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes on the Pre-LBO Debtholder Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Pre-LBO Debtholder Plan | Principal Amount of Senior Notes Voted to ACCEPT the Pre-LBO Debtholder Plan* | Principal Amount of Senior Notes Voted to REJECT the Pre-LBO Debtholder Plan* | Ranking Ascribed to the Pre-LBO Debtholder Plan by Beneficial Owner | Check if the Beneficial Owner elected not to transfer its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the Beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | | ☐ |
| 2. | $ | $ | | ☐ |
| 3. | $ | $ | | ☐ |
| 4. | $ | $ | | ☐ |
| 5. | $ | $ | | ☐ |
| 6. | $ | $ | | ☐ |
| 7. | $ | $ | | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Pre-LBO Debtholder Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) Related to the Pre-LBO Debtholder Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a Beneficial Ballot for voting its Claim on the Pre-LBO Debtholder Plan; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Pre-LBO Debtholder Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [                    ], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____

City, State and Zip Code

_____

Telephone Number

_____

Email

_____

Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS/RANKINGS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## <u>VOTING INSTRUCTIONS</u>

**VOTING DEADLINE:**

The Voting Deadline is [_____], 2010 at 4:00 p.m. Eastern Time. To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, the Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Pre-LBO Debtholder Plan and making any elections, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Pre-LBO Debtholder Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 2 and indicate the following:
        a.    each Beneficial Owner that voted to accept or reject the Pre-LBO Debtholder Plan;
        b.    the ranking each Beneficial Owner gave to the Pre-LBO Debtholder Plan; and
        c.    any Beneficial Owners that elected not to assign their State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Pre-LBO Debtholder Plan in the same proportion as the votes to accept and reject the Pre-LBO Debtholder Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on the Pre-LBO Debtholder Plan may be withdrawn without the prior consent of the Proponents of the Pre-LBO Debtholder Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Pre-LBO Debtholder Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT**

**PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

<u>**PHONES Notes Claims – Pre-LBO Debtholder Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### PRE-LBO DEBTHOLDER BENEFICIAL BALLOT FOR BENEFICIAL HOLDERS OF PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT <u>DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes. This Pre-LBO Debtholder Ballot is only in respect of your **PHONES Notes Claims, including PHONES Notes Exchange Claims (Class 1I**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Claims against Tribune). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

**Claims Voted by this Beneficial Ballot.** You have been identified as a Holder of a PHONES Notes Claim and/or PHONES Notes Exchange Claim against Tribune Company that is entitled to vote to accept or reject the Pre-LBO Debtholder Plan. PHONES Notes Claims are classified in Class 1I under the Pre-LBO Debtholder Plan and PHONES Notes Exchange Claims are classified in Class 1I under the Pre-LBO Debtholder Plan for initial voting purposes but may, however, be reallocated upon a determination by the Court of the PHONES Notes Claims Resolution (as defined and further described in the Pre-LBO Debtholder Plan and Specific Disclosure Statement). PHONES Notes Claims and PHONES Notes Exchange Claims and the treatment to be provided to them under the Pre-LBO Debtholder Plan are described in more detail in the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto. In brief, however, PHONES Notes Claims against Tribune Company under the Pre-LBO Debtholder Plan are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

For the avoidance of doubt, beneficial owners of **PHONES Notes Exchange Claims** should also use this Ballot to cast their vote under the Pre-LBO Debtholder Plan; *provided, however*, that to the extent the Court decides the PHONES Notes Exchange Claims are not properly classified as PHONES Notes Claims, the votes pertaining to such PHONES Notes Exchange Claims shall be applied to the applicable Class in which such Claims are reclassified.

**Please note that if you are the Holder of a PHONES Notes Claim, while you may vote any PHONES Notes Exchange Claims that you hold on the same Ballot as your PHONES Notes Claims, if you do vote both PHONES Notes Claims and PHONES Notes Exchange Claims on the same Ballot, you must return one copy directly to the Voting Agent and one copy to the Voting Nominee as the Voting Nominees will not be counting PHONES Notes Exchange Claims.**

*PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1A.  AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS. The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 1B.  AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES EXCHANGE CLAIMS. The undersigned certifies that as of the Record Date, the undersigned was the Beneficial Owner of

a PHONES Notes Exchange Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest and, further, for the purposes of this Ballot, the principal amount of the PHONES Notes held by you prior to the attempt to exchange such PHONES Notes shall control).

$ _____

**The preprinted amount of your PHONES Notes Exchange Claim above will control for voting purposes only which is equal to the amount of PHONES Notes that you tendered to Tribune.  VOTING THE PRINCIPAL AMOUNT OF PHONES NOTES YOU SOUGHT TO EXCHANGE DOES NOT MEAN THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL BE ALLOWED IN THE AMOUNT OF THE PHONES NOTES YOU PREVIOUSLY HELD, OR THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL RECEIVE THE TREATMENT AFFORDED TO THE PHONES NOTES CLAIMS UNDER THE PRE-LBO DEBTHOLDER PLAN. INSTEAD, THE AMOUNT STATED ABOVE SHALL GOVERN FOR VOTING PURPOSES ONLY, AND THE AFOREMENTIONED ISSUES (INCLUDING THE ALLOWED AMOUNT AND CLASSIFICATION OF PHONES NOTES EXCHANGE CLAIMS) REMAIN SUBJECT TO DETERMINATION BY THE BANKRUPTCY COURT.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims (including PHONES Notes Exchange Claims) identified in Item 1 above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims

3

that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have in connection with your PHONES Notes and/or PHONES Notes Exchange Claims, please check the box below.

☐ I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the PHONES Notes Claims and/or PHONES Notes Exchange Claims voted on this Pre-LBO Debtholder Ballot.**

*** The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your PHONES Notes Claims and/or PHONES Notes Exchange Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your PHONES Notes Claims and/or PHONES Notes Exchange Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your PHONES Notes Claims and/or PHONES Notes Exchange Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the PHONES Notes Claims and/or PHONES Notes Exchange Claims identified in Item 1 certifies and/or acknowledges that:

    a.   it is the Holder of the PHONES Notes Claim and/or PHONES Notes Exchange Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

    b.   it has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order;

    c.   it has not submitted any other Ballots for the Pre-LBO Debtholder Plan relating to the Claims voted herein that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

    d.   it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

    e.   either (a) this Ballot is the only Ballot submitted by the undersigned for PHONES Notes Claims and/or PHONES Notes Exchange Claims for the Pre-LBO Debtholder Plan or (b) in addition to this Ballot, one or more Ballots for PHONES Notes Claims

and/or PHONES Notes Exchange Claims have been submitted for the Pre-LBO
Debtholder Plan as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES
NOTES CLAIMS BALLOTS**

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

        This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [      ], UNLESS
SUCH TIME IS EXTENDED.**
- **IF YOU ARE VOTING PHONES NOTES CLAIMS, PLEASE RETURN YOUR
  <u>PHONES NOTES CLAIMS</u> BALLOT TO YOUR VOTING NOMINEE IN
  SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR**

---

**BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

- **IF YOU ARE VOTING PHONES NOTES EXCHANGE CLAIMS, PLEASE RETURN YOUR <u>PHONES NOTES EXCHANGE CLAIMS</u> BALLOT DIRECTLY TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

- **IF YOUR BALLOT INCLUDES BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU MUST RETURN ONE COPY OF THE BALLOT DIRECTLY TO THE VOTING AGENT AND ONE COPY OF THE BALLOT TO YOUR VOTING NOMINEE AS OUTLINED ABOVE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1I PHONES NOTES CLAIMS TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [      ] AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") for Beneficial Owners of PHONES Notes Claims against Tribune Company, to transmit the votes of such creditors in respect of their PHONES Notes Claims to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Pre-LBO Debtholder Plan</u>").

The Pre-LBO Debtholder Plan is one of four (4) plans of reorganization (the "<u>Plans</u>") that have been proposed for Tribune Company and its Subsidiaries (the "<u>Debtors</u>").  In the package of materials containing this Master Ballot, you have also received separate forms of master ballot for transcribing votes and elections on the other three (3) Plans.  You have received materials relating to all of the Plans; however, **this Ballot is only for transcribing votes and elections to accept or reject the Pre-LBO Debtholder Plan**.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Pre-LBO Debtholder Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

Under the Pre-LBO Debtholder Plan, PHONES Notes Claims against Tribune Company are, in summary, Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "<u>PHONES Notes Indenture</u>") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Pre-LBO Debtholder Plan from Beneficial Owners of PHONES Notes Claims will be returned to you on beneficial Ballots.  For each completed, executed beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [        ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order regarding solicitation of votes on the Plans (the "<u>Solicitation Order</u>").  Specifically, the Solicitation Order (i) approved (a) the General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases (as may be amended the "<u>General Disclosure Statement</u>") and (b) Specific Disclosure Statements relating to each of the Plans (the "<u>Specific Disclosure Statements</u>"), and (ii) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plans.  Beneficial Owners may obtain copies of the Plans, the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.  The Solicitation

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [], (the "<u>Record Date</u>"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING FOR PHONES NOTES CLAIMS.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Pre-LBO Debtholder Plan; and

**Rejections.** _____ Beneficial Owners of PHONES Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed beneficial Ballots to the undersigned (or such information was derived from beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Pre-LBO Debtholder Plan.

3

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS FOR PHONES NOTES CLAIMS.**  The undersigned transmits the following votes and elections of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, beneficial Ballots casting such votes on the Pre-LBO Debtholder Plan (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Pre-LBO Debtholder Plan | Principal Amount of PHONES Notes Voted to ACCEPT the Pre-LBO Debtholder Plan[*] | Principal Amount of PHONES Notes Voted to REJECT the Pre-LBO Debtholder Plan[*] | Ranking Ascribed to the Pre-LBO Debtholder Plan by Beneficial Owner | Check if the Beneficial Owner elected not to assign its State Law Avoidance Claims to the Creditors' Trust in Item 4 of the Beneficial Ballot |
|---|---|---|---|---|
| 1. | $ | $ | | ☐ |
| 2. | $ | $ | | ☐ |
| 3. | $ | $ | | ☐ |
| 4. | $ | $ | | ☐ |
| 5. | $ | $ | | ☐ |
| 6. | $ | $ | | ☐ |
| 7. | $ | $ | | ☐ |
| TOTALS | $ | $ | | |

If the space provided is insufficient, please attach additional sheets in the same format.

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Pre-LBO Debtholder Plan and may not split such vote.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each beneficial Ballot received from a Beneficial Owner of the PHONES Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 5 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5 of the Beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) Related to the Pre-LBO Debtholder Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order and a beneficial Ballot for voting its Claim on the Pre-LBO Debtholder Plan; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan; (c) it received a properly completed and signed beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Pre-LBO Debtholder Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [            ], 2010.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [            ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS/RANKINGS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a beneficial Ballot to such Beneficial Owner(s), along with the General Disclosure Statement, the Pre-LBO Debtholder Plan and the Specific Disclosure Statement related thereto, the Responsive Statements, the Solicitation Order, Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such beneficial Ballot voting to accept or reject the Pre-LBO Debtholder Plan, and (b) return the completed, executed beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

     i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Pre-LBO Debtholder Plan in Item 2;

    iii.    Transcribe the votes from the beneficial Ballots in Item 2 and indicate whether:
        a.   each Beneficial Owner voted to accept or reject the Pre-LBO Debtholder Plan;
        b.   the ranking each Beneficial Owner gave to the Pre-LBO Debtholder Plan; and
        c.   any Beneficial Owners elected not to assign their State Law Avoidance Claims;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 5 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 5;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Pre-LBO Debtholder Plan or Solicitation Order, as applicable.

viii.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.   Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Pre-LBO Debtholder Plan in the same proportion as the votes to accept and reject the Pre-LBO Debtholder Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes.  After the Voting Deadline, no vote on the Pre-LBO Debtholder Plan may be withdrawn without the prior consent of the proponents of the Pre-LBO Debtholder Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Pre-LBO Debtholder Plan.  Holders of PHONES Notes should not surrender their PHONES Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Voting Agent will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

2

<u>Other Parent Claims – Pre-LBO Debtholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS
### OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT
### OR REJECT THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE
### <u>JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Pre-LBO Debtholder Plan</u>").  This Pre-LBO Debtholder Ballot is only in respect of your **Other Parent Claims (Class 1G Claims against***

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Tribune). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
|---|---|

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the Pre-LBO Debtholder Plan (check only one box):*

☐  1          ☐  2          ☐  3          ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    OTHER PARENT CLAIMS PUT ELECTION (OPTIONAL).

The Pre-LBO Debtholder Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option, which is an election to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim.  If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box below in this Item 3 and (ii) may not exercise the Non-Contribution Election in Item 4 below.

☐   I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent

2

Claim voted on this Pre-LBO Debtholder Ballot.**

*\*\*The Pre-LBO Debtholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Pre-LBO Debtholder Plan permits you to exercise the Other Parent Claims Put Option described in Section 5.14 of the Pre-LBO Debtholder Plan.  By making the Other Parent Claims Put Election, you are electing to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim; provided, however, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.*

*If you make the Other Parent Claims Put Election, subject to the Other Parent Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Parent Claim, including no Trust Interests or distributions from the Distribution Trust or Creditors' Trust, if applicable.  Please note that, as set forth in Section 5.14 of the Pre-LBO Debtholder Plan, your Other Parent Claim will be purchased only if the following conditions are satisfied:  (i) the Other Parent Claims Class votes to accept the Pre-LBO Debtholder Plan; (ii) you make the "Other Parent Claims Put Election" on your Pre-LBO Debtholder Ballot; and (iii) you do not make the Non-Contribution Election on your Pre-LBO Debtholder Ballot.  If you do not make the Other Parent Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Other Parent Claim voted on this Pre-LBO Debtholder Ballot.***

*\*\*\* The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Other Parent Claims, which State Law Avoidance Claims  would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will <u>not</u> be entitled to receive Creditors' Trust Interests in respect of your Other Parent Claims and, accordingly, will <u>not</u> be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law***

3

***Avoidance Claims in respect of your Other Parent Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

### ***PLEASE NOTE THAT YOU CANNOT MAKE THE NON-CONTRIBUTION ELECTION IF YOU WISH TO PARTICIPATE IN THE OTHER PARENT CLAIMS PUT OPTION.***

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for on this Ballot;

    b.   has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to Other Parent Claims under the Pre-LBO Debtholder Plan that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:  _____
          (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

    _____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

4

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR PRE-LBO DEBTHOLDER BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Other Guarantor Debtor Claims – Pre-LBO Debtholder Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS OF OTHER
GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT
THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Pre-LBO Debtholder Plan"). This Pre-LBO Debtholder Ballot is only in respect of your **Other Guarantor Debtor Claims (Class 50G-111G Claims against the Subsidiary Guarantors**). If you hold other Claims against Tribune or the Subsidiary*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS.  The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim and its classification as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claims on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1            ☐  2            ☐  3            ☐  4

*In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    OTHER GUARANTOR CLAIMS PUT ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at Section 3.4.6(c), permits you to exercise the Other Guarantor Debtor Claims Put Option, which is an election to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim.  If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the box below in this Item 3.

☐ I wish to exercise the Other Guarantor Claims Put Option provided in Section 3.4.6(c) of the Pre-LBO Debtholder Plan with respect to the Other Guarantor Debtor Claim voted on this Pre-LBO Debtholder Ballot.**

2

*\*\*The Pre-LBO Debtholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims.  Section 3.4.6(c) of the Pre-LBO Debtholder Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Pre-LBO Debtholder Plan.  By making the Other Guarantor Debtor Claims Put Election, you are electing to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim; provided, however, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration  necessary to purchase Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their pro rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.*

*If you make the Other Guarantor Debtor Claims Put Election, subject to the Other Guarantor Debtor Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Guarantor Debtor Claim, including no further distributions from the Distribution Trust.  Please note that, as set forth in Section 5.14 of the Pre-LBO Debtholder Plan, your Other Guarantor Debtor Claim will be purchased only if the following conditions are satisfied:  (i) the applicable Other Guarantor Debtor Claims Class votes to accept the Pre-LBO Debtholder Plan and (ii) you make the "Other Guarantor Debtor Claims Put Election" on your Pre-LBO Debtholder Ballot.  If you do not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.   [Intentionally Omitted.]

ITEM 5.   CERTIFICATION.  By signing this Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Guarantor Debtor Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

    b.   has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots relating to the Claims voted herein that are inconsistent with the votes set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:   _____
         (Print or Type)

3

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ], 2010) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN, AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Subordinated Securities Claims – Pre-LBO Debtholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### PRE-LBO DEBTHOLDER BALLOT FOR HOLDERS OF HOLDERS
### OF SUBORDINATED SECURITIES CLAIMS TO ACCEPT OR REJECT
### THE PRE-LBO DEBTHOLDER PLAN (AS DEFINED IN THE JOINT
### DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

*This Pre-LBO Debtholder Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes. This Pre-LBO Debtholder Ballot is only in respect of your* **Subordinated Securities Claims (Class 1K Claims against Tribune)**. *If you hold*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases, you will receive a different Pre-LBO Debtholder Ballot to vote such Claims.*

***PRIOR TO COMPLETING THIS BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE PRE-LBO DEBTHOLDER BALLOT FOR FURTHER INSTRUCTIONS AND EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Pre-LBO Debtholder Plan and, if desired, make the elections called for in the Pre-LBO Debtholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF SUBORDINATED SECURITIES CLAIM.  The undersigned certifies that as of [  ], 2010 (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN.  The Holder of the Subordinated Securities Claim set forth above hereby votes with respect to such Claim on the Pre-LBO Debtholder Plan as follows (check one box only):

| ☐ to **ACCEPT** the Pre-LBO Debtholder Plan | ☐ to **REJECT** the Pre-LBO Debtholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO RANK THE PRE-LBO DEBTHOLDER PLAN (OPTIONAL).  You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans.  If you wish to rank the Plans, you should check the box in item 2A of the respective ballots to designate whether, among the four Plans, you rank each Plan as your number 1, 2, 3 or 4 preference among all four Plans (with 1 being the most preferred Plan and 4 being your least preferred Plan).

The undersigned elects to assign the following ranking to the **Pre-LBO Debtholder Plan** (check only one box):*

☐  1                    ☐  2                    ☐  3                    ☐  4

*\* In order for your ranking to be counted (i) you must rank all four Plans whether or not you voted on an applicable Plan, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans or give more than one Plan the same ranking, your ranking will not be counted.*

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Pre-LBO Debtholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Pre-LBO Debtholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to **opt out** of the transfer of State Law Avoidance Claims under the Pre-LBO Debtholder Plan with respect to the Subordinated Securities Claim voted on this Pre-LBO Debtholder Ballot.**

2

*** The Pre-LBO Debtholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Pre-LBO Debtholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Pre-LBO Debtholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Subordinated Securities Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Pre-LBO Debtholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Subordinated Securities Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.*  **If you do not make the Non-Contribution Election, or if you do not submit a Pre-LBO Debtholder Ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Subordinated Securities Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Subordinated Securities Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Pre-LBO Debtholder Plan and make the elections called for in this Ballot;

    b.   has been provided with a copy of the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Ballot are subject to all of the terms and conditions set forth in the Pre-LBO Debtholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Pre-LBO Debtholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Ballots for the Pre-LBO Debtholder Plan relating to the Claims voted herein that are inconsistent with the votes and elections as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature: _____

By: _____
          (If Appropriate)

Title: _____
          (If Appropriate)

Street Address: _____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Pre-LBO Debtholder Proponents of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PRE-LBO DEBTHOLDER PLAN AND YOUR ELECTIONS WILL NOT BE VALID.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED AND YOUR ELECTIONS/RANKINGS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE GENERAL DISCLOSURE STATEMENT, THE SPECIFIC DISCLOSURE STATEMENTS, OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |