IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | ) Chapter 11<br>) Case No. 08-13141 (KJC)<br>) Jointly Administered<br>)<br>) Hearing Date: November 29, 2010 at 10:00 am (ET)<br>) Objection Deadline: November 19, 2010 at 4:00 p.m. (ET)<br>)<br>) Ref. Docket No. 6255 |

## JOINT OBJECTION OF THE PRE-LBO DEBTHOLDER PLAN PROPONENTS TO DEBTORS' SOLICITATION PROCEDURES MOTION SEEKING, AMONG OTHER THINGS, APPROVAL OF PROCEDURES FOR SUBMITTING MEDIA OWNERSHIP CERTIFICATIONS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius"), Deutsche Bank Trust Company Americas, in its capacity as Successor Indenture Trustee for certain series of Senior Notes ("Deutsche Bank"), Law Debenture Trust Company of New York, in its capacity as Successor Trustee for certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as the PHONES Notes Indenture Trustee ("Wilmington Trust" and, together with Aurelius, Deutsche Bank and Law Debenture, the "Pre-LBO Debtholder Plan Proponents"), each by and through its undersigned counsel, respectfully submit this objection (the "Objection") to the *Motion of the Debtors for Entry of an Order (i) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (ii) Approving the Forms of Ballots, Master and Related Instructions, to be Used in Voting to Accept or Reject the Plans; (iii) Approving the Contents of the Solicitation Packages and Authorizing the Distribution of Solicitation and Notice Materials; (iv) Fixing the Voting Record Date; (v) Establishing Notice and Objection Procedures in Respect of Confirmation; (vi) Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery; (vii) Establishing a New Deadline for Return of Media Ownership Certifications; (viii) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (ix) Granting Related Relief* [Docket No. 6255] (the "Solicitation Procedures Motion")[2]. This Objection pertains only to the procedures for

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Solicitation Procedures Motion.

distributing and submitting Media Ownership Certifications.[3] In support of the Objection, the Pre-LBO Debtholder Plan Proponents respectfully submit as follows:

## **OBJECTION**

1.    The Pre-LBO Debtholder Plan Proponents have no objection to the Debtors' proposal (i) to ask any Potential 5% Holder, who wishes to remain eligible to receive 5% or more of the New Class A Common Stock of Reorganized Tribune, to submit a Media Ownership Certification on or prior to January 15, 2011;[4] and (ii) to permit Reorganized Tribune, based on each such Media Ownership Certification (or failure to submit a Media Ownership Certification), to issue shares of New Class B Common Stock in lieu of New Class A Common Stock to any Potential 5% Holder, to the extent deemed necessary by the Proponents of the confirmed Plan to ensure compliance with the Communications Act or the FCC rules and/or to avoid a substantial delay in obtaining the FCC Approval.

2.    The Pre-LBO Debtholder Plan Proponents, however, do object to certain specific procedures proposed by the Debtors to accomplish this process. First, the Debtors appear to propose that each Holder self-identify whether it is a Potential 5% Holder. In lieu of asking each Holder to self-identify, the Pre-LBO Debtholder Plan Proponents submit that the Debtors should initially provide all of the Proponents with a list of Potential 5% Holders. As the Debtors explain in paragraph 63 of the Solicitation Procedures Motion, the number of Potential 5% Holders is necessarily limited, and the Debtors have already communicated with several, if not all, of such

---

[3] The Pre-LBO Debtholder Plan Proponents intend to file two additional objections to the Solicitation Procedures Motion. The first objection to the Solicitation Procedures Motion is being filed contemporaneously with this Objection and will relate to the approval of forms of Ballots, Master Ballots and Instructions; fixing the Voting Record Date; the establishment of noticing and objection procedures in respect of confirmation; and the allocation of costs of the Voting Agent. The second objection to the Solicitation Procedures Motion will relate to the contours of the confirmation hearing. The Debtors have granted the Pre-LBO Debtholder Plan Proponents an extension through and including November 22, 2010 to file an objection to the contours of the confirmation hearing.

[4] Because January 15, 2011 is a Saturday, it might be prudent to select a business day as the deadline.

Holders in connection with the Prior Solicitation Order. The Debtors are in the best position to identify Potential 5% Holders and should therefore be required to update their prior list and to furnish the updated list to all Proponents.

3. Second, it is not clear from the Debtors' Solicitation Procedures Motion whether the Debtors intend for each of the Proponents to prepare its own form of Media Ownership Certification. The Pre-LBO Debtholder Plan Proponents submit that it would be far more efficient, and far less confusing to Potential 5% Holders, to use a uniform form of Media Ownership Certification, which would presumably be the same form that the Debtors prepared in connection with their Prior Solicitation Order.

4. Third, the Solicitation Procedures Motion inconsistently designates the party responsible for distributing and collecting the Media Ownership Certifications. At paragraph 60 of the Solicitation Procedures Motion and paragraph 42 of the proposed form of Order, the Debtors indicate that each Potential 5% Holder should contact the Proponents of each Plan. At paragraph 10 of the proposed form of Confirmation Hearing Notice, however, the Debtors indicate that each Potential 5% Holder should contact the Debtors. The Pre-LBO Debtholder Plan Proponents submit that, in lieu of instructing each Potential 5% Holder to obtain a Media Ownership Certification from the Debtors or the Proponents of each Plan, the Debtors should instead allow Epiq to manage the process of distributing and collecting the Media Ownership Certifications. The process proposed by the Debtors – which would potentially require Potential 5% Holders to contact the Proponents of each Plan separately – is inefficient and potentially confusing. Given Epiq's ongoing engagement as the Debtors' claims agent, noticing agent, and balloting agent, the Pre-LBO Debtholder Plan Proponents submit that Epiq is the party best

suited to distribute and collect Media Ownership Certifications and is the logical choice to manage that process.

5. Finally, the Pre-LBO Debtholder Plan Proponents submit that all disclosures regarding Media Ownership Certifications and the FCC application process should be set forth in the General Disclosure Statement. Each of the Plans propose a similar ownership and governance structure for Reorganized Tribune for FCC purposes, and the disclosures relevant to the FCC application process – including a discussion of the waivers that Reorganized Tribune has requested – are common to all Plans. Including these disclosures in each Specific Disclosure Statement would be unnecessarily duplicative.

## **CONCLUSION**

6. For the foregoing reasons, the Pre-LBO Debtholder Plan Proponents respectfully request that the Court enter an order: (a) denying the relief requested in the Solicitation Procedures Motion unless modified in accordance with this Objection, and (b) granting such other and further relief as the Court deems just, proper and equitable.

Dated: Wilmington, DE
      November 19, 2010

*/s/ Amanda Winfree*
ASHBY & GEDDES, P.A.
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Fax: (302) 654-2067

*and*

Meredith S. Senter, Jr.
Sally A. Buckman
LERMAN SENTER, PLLC
2000 K Street NW
Suite 600
Washington, DC 20006
Tel: (202) 429-8970

*Counsel for Aurelius Capital Management, LP*

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

*and*

/s/ *Matthew B. Stein*
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David S. Rosner
Richard F. Casher
Matthew B. Stein
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*


McCARTER & ENGLISH, LLP
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
Tel: 302-984-6300

*and*

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
212-609-6800

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

and

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David S. Rosner
Richard F. Casher
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

*/s/ Katharine L. Mayer*
McCARTER & ENGLISH, LLP
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
Tel: 302-984-6300

and

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
212-609-6800

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

*[signature]*

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
302-428-8191

*and*

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity successor Indenture Trustee for the PHONES Notes*