# EXHIBIT A

## Golden, Daniel

**From:** Golden, Daniel
**Sent:** Saturday, November 13, 2010 8:12 PM
**To:** 'Henderson, Janet E.'; Novod, Gordon Z.
**Cc:** Lantry, Kevin T.; ddeutsch@chadbourne.com
**Subject:** RE: preference analysis

Janet, Frankly I have no idea what you are talking about. Are you inquiring whether Aurelius is intending to bring its own standing motion? Did I say that is what I was planning. While I appreciate the Debtors and the Committee agreeing to shorten my time for a motion I never indicated I was bringing, I think it's the Debtors, as the alleged fiduciary in these cases, who need to answer questions about the potential preference actions. So please advise what preference actions the Debtors intend to commence prior to the two year stipulation and which ones are you intending to get tolling agreements for? Moreover, can you please advise whether the Debtors intend to use potential preference actions defensively under Section 502 (d) to object to claims filed by recipients of potential preference actions, and if so, which ones. Thank you

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

**From:** Henderson, Janet E. [mailto:jhenderson@sidley.com]
**Sent:** Friday, November 12, 2010 6:30 PM
**To:** Golden, Daniel; Novod, Gordon Z.
**Cc:** Lantry, Kevin T.; ddeutsch@chadbourne.com
**Subject:** preference analysis

Dear Danny and Gordon:

At our meeting yesterday you indicated disagreement concerning certain of the conclusions set forth in the preference analysis which we have shared with you, in various iterations, since October 29. Mr. Novod went so far as to state that all preference actions should be preserved. You also asked about confidentiality restrictions as they might apply in connection with an emergency standing motion that your clients may bring.

Please be advised that the Debtors and Committee stipulate to hearing such a motion brought by your clients on shortened time, including at the November 29 hearing, and further agree that you are free to set forth in your motion generic information included in the analyses, such as the amounts and number of potential preference claims, but not the identities of potential defendants. You indicated yesterday that such defendant specific information would not be necessary in any event for your motion. We and the Committee would appreciate hearing of your intentions by Monday, November 15.

Thank you.

1

-------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*****************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*****************************************************************************************