IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------X
In re:                                          :   Chapter 11 Cases
                                                :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                        :   (Jointly Administered)
                                                :
     Debtors.                                   :   Hearing Date and Time:
                                                :   November 29, 2010 at 10:00 a.m.
                                                :
------------------------------------------------X   Related to Docket No. 6414, 6485

**LIMITED OBJECTION OF WILMINGTON
TRUST COMPANY TO THE MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING
AND AUTHORITY TO COMMENCE, PROSECUTE, SETTLE AND
RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS'
ESTATES AND JOINDER TO RESPONSE AND LIMITED OBJECTION OF
AURELIUS CAPITAL MANAGEMENT, LP TO AMENDED MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE,
SETTLE AND RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE
DEBTORS' ESTATES ARISING UNDER AND PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of $1.2 billion (generally referred to as the "PHONES") issued in April 1999 by Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors" or the "Company"), by and through its undersigned counsel, hereby respectfully submits this Limited Objection to the Motion of the Official Committee of Unsecured Creditors ("Committee") for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550, as amended on November 17, 2010 (the "Committee Preference Standing Motion") and joinder to the Response and Limited Objection (the "Response") of Aurelius

1

Capital Management, LP, Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius") to the Committee Preference Standing Motion. In support of its Limited Objection and Joinder, Wilmington Trust respectfully states as follows:

### BASES FOR THE LIMITED OBJECTION AND JOINDER[1]

1. Wilmington Trust finds itself once again before the Court seeking to compel the estate fiduciaries to take all necessary actions to preserve all viable estate causes of action, before the imposition of the statute of limitations on December 8, 2010. Despite weeks of effort by the Debtors and the Committee, there still remain a number of viable estate causes of action that will become time-barred absent immediate action. Thus, while Wilmington Trust generally supports the Committee Preference Standing Motion to the extent it seeks to preserve claims that will otherwise be forever lost, other valuable causes of action cannot be ignored.

2. Absent court intervention, certain viable causes of action arising under Bankruptcy Code Section 547 not already covered by the Committee Preference Standing Motion will become time-barred. Although the Debtors have represented to Wilmington Trust that they will preserve certain preference claims,[2] there remain a number of categories of claims, representing millions of dollars worth of recoverable preference payments made to non LBO-Related parties, that the Debtors (with the Committee's acquiescence) do not intend to preserve.[3]

3. Counsel for Wilmington Trust, with counsel for Aurelius, met on several

---

[1] Wilmington Trust hereby incorporates by reference and joins the arguments made and relief sought in Aurelius' Response.

[2] On November 18, 2010, Wilmington Trust's counsel received a letter from Debtors' counsel, annexed hereto as Exhibit A, stating that the Debtors will be initiating additional lawsuits or executing additional tolling agreements to preserve other non-LBO estate causes of action. Upon information and belief, such causes of action include claims against three members of the Committee, in their individual capacities.

[3] Wilmington Trust is unaware of any analysis conducted by the Debtors or the Committee regarding fraudulent transfer theories, not arising from the Leveraged ESOP Transactions, that could be asserted against third parties for transfers made by Tribune Company. Absent such analysis, the failure to preserve these claims should be explained.

2

occasions with representatives of the Debtors and the Committee to conduct due diligence concerning the estate fiduciaries' investigation of possible preference actions ("Preference Actions"). During the course of these meetings, the Debtors provided data and analysis concerning potential Preference Actions and also disclosed that a number of available Preference Actions will be or are presently being pursued by the Debtors and by the Committee.

4.  At the same time, the Debtors explained that there are several categories of Preference Actions that neither the Debtors nor the Committee intend to pursue. These claims include, but are not limited to, claims that the Debtors will not pursue because: (i) the Debtors believe it is an appropriate exercise of their "business judgment" not to pursue; (ii) the Debtors entered into critical vendor and/or Section 503(b)(9) agreements with these vendors, even though such agreements did not waive preference claims; (iii) the Debtors' estimated the individual net recovery after applicable defenses[4] to be below $100,000 for current vendors and $25,000 for former vendors; or (iv) the Debtors agreed to release claims against certain Retiree Claimants[5] under the pending Retiree Claimant Settlement Agreement, filed as Exhibit 5.15.4 of the Debtors/Committee/LBO Lender Plan (collectively the "Subject Preference Actions").[6] The Debtors have informed Wilmington Trust that they are not pursuing categories (i), (ii) and (iii) above. See Exhibit A hereto. Moreover, the Debtors have informed Wilmington Trust that the Committee is tolling or filing preference claims in respect of certain retirees who are parties to

---

[4] The Debtors' methodology for calculating net recoveries after giving effect to customary defenses (i.e., ordinary course payments, contemporaneous exchange and new value) requires additional scrutiny by the entity ultimately vested with the right and authority to pursue these claims under a confirmed plan of reorganization.

[5] The defendants released under this settlement are represented on the Committee by William A. Niese and his counsel, Teitelbaum & Baskin, LLP.

[6] For clarification, the Subject Preference Actions are not the subject of (i) the Committee's Preference Standing Motion, as amended on November 17, 2010 [Docket No. 6485]; (ii) the Committee's previous LBO-Related Standing Motions [Docket Nos. 3281, 5668 and 5698], which were authorized by the Court on October 27, 2010 [Docket No. 6150]; or (iii) the Debtors' proposed tolling agreement concerning intercompany claims [Docket No. 6165], which was approved by the Court on November 12, 2010 [Docket No. 6417].

the Retiree Claimant Settlement Agreement. Id. (emphasis added).

5. Finally, Wilmington Trust cannot understand why the Debtors and the Committee unjustifiably refuse to preserve preference actions against unsecured creditors that may, among other things, off-set distribution entitlements. See 11 U.S.C. §502(d).

6. Therefore, Wilmington Trust respectfully requests that the Court order the estate fiduciaries to commence all Preference Actions, including the Subject Preference Actions, and stay the prosecution of such actions immediately following filing and service, subject to the same limitations as articulated in the Aurelius' Response. Accordingly, Wilmington Trust joins the relief sought in Aurelius' Response and asks the Court to modify the Committee's requested Order to make sure that all claims are preserved.

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court: (1) grant the relief requested in the Committee Preference Standing Motion, as modified in accordance with Aurelius' Response and addressed herein; and (2) grant Wilmington Trust any such further relief as is just and proper.

Dated: November 22, 2010
      Wilmington, Delaware

**SULLIVAN HAZELTINE ALLINSON LLC**

By:    */s/ William D. Sullivan*
William D. Sullivan, Esq. (No. 2820)
Elihu E. Allinson, Esq. (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*