Exhibit A

```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                        )   Case No. 08-13141-KJC
                              )
                              )
TRIBUNE COMPANY,              )
                              )   Chapter 11
                              )
                              )   Courtroom 5
                              )   824 Market Street
          Debtors.           )   Wilmington, Delaware
                              )
                              )   July 14, 2010
                              )   1:39 p.m.

                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:              Cole, Schotz, Meisel, Forman
                              & Leonard, P.A.
                              BY: NORMAN PERNICK, ESQ.
                              500 Delaware Avenue
                              Suite 1410
                              Wilmington, DE 19801
                              (302) 652-3131
                                   -AND-
                              Sidley Austin, LLP
                              BY: JAMES CONLAN, ESQ.
                              BY: BRYAN KRAKAUER, ESQ.
                              BY: JILLIAN LUDWIG, ESQ.
                              BY: CANDICE KLINE, ESQ.
                              BY: KEN KANSA, ESQ.
                              One South Dearborn
                              Chicago, IL 60603
                              (312) 853-7000

(Appearances continued.)

ECRO:                         Al Lugano

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For the Debtors:               Jenner & Block
                               BY: ANDREW VAIL, ESQ.
                               353 North Clark Street
                               Chicago, IL 60654
                               (312) 222-9350
                                   -AND-
                               Tribune Company
                               BY: CHANDLER BIGELOW
                               BY: DAVE BRALOW
                               BY: DAVE ELDERSVELD
                               BY: DON LIEBENTRITT
                               BY: GARY WEITMAN
                               (312) 853-7163

For JP Morgan:                 Davis Polk & Wardwell
                               BY: DENNIS E. GLAZER, ESQ.
                               BY: DONALD BERNSTEIN, ESQ.
                               BY: BENJAMIN KAMINETZKY, ESQ.
                               450 Lexington Avenue
                               New York, NY 10017
                               (212) 450-4000
                                   -AND-
                               Richards, Layton & Finger
                               BY: MARK COLLINS, ESQ.
                               BY: ROBERT STEARN, JR., ESQ.
                               One Rodney Square
                               920 North King Street
                               Wilmington, DE 19801
                               (302) 651-7700
                                   -AND-
                               JP Morgan Chase Bank, N.A.
                               BY: KEVIN C. KELLEY
                               BY: SHACHAR MINKOVE
                               277 Park Avenue, 8th Floor
                               New York, NY 10172
                               (212) 648-0427

For Great Bank:                Womble, Carlyle
                               BY: TOM HORAN, ESQ.
                               222 Delaware Avenue
                               Wilmington, DE 19801
                               (302) 252-4320

For Barclays Bank:             Mayer Brown, LLP
                               BY: MICHAEL L. SIMES, ESQ.
                               BY: AMIT TREHAM, ESQ.
                               BY: JEAN-MARIE ATAMIAN, ESQ.
                               1675 Broadway
                               New York, NY 10019
                               (212) 506-2500
```

```
APPEARANCES:
(Continued)

For Wilmington Trust Co.:      Benesch
                               BY: JENNIFER HOOVER, ESQ.
                               222 Delaware Avenue
                               Suite 801
                               Wilmington, DE 19801
                               (302) 442-7010
                                    -AND-
                               Brown Rudnick
                               BY: WILLIAM DOLAN, ESQ.
                               121 South Main Street
                               Providence, RI 02903
                               (401) 276-2600
                                    -AND-
                               Brown Rudnick
                               BY: KATE BROMBERG, ESQ.
                               BY: MARTIN SIEGEL, ESQ.
                               BY: JARED ELLIAS, ESQ.
                               BY: ANDREW DASH, ESQ.
                               Seven Times Square
                               New York, NY 10036
                               (212) 209-4800


For Centerbridge:              Akin Gump Strauss Hauer & Feld
                               BY: PHIL DUBLIN, ESQ.
                               BY: ABID QURESHI, ESQ.
                               BY: DANIEL GOLDEN, ESQ.
                               BY: DEBORAH NEWMAN, ESQ.
                               One Bryant Park
                               New York, NY 10036
                               (212) 872-1000
                                    -AND-
                               Pachulski, Stang, Ziehl &
                               Jones
                               BY: KATHLEEN P. MAKOWSKI, ESQ.
                               919 North Market Street
                               17th Floor
                               Wilmington, DE 19801
                               (302) 652-4100


For Citi Entities:             Paul, Weiss, Rifkind, Wharton
                               & Garrison, LLP
                               BY: ANDREW GORDON, ESQ.
                               BY: STUART C. MCPHAIL, ESQ.
                               1285 Avenue of the Americas
                               New York, NY 10019
                               (212)373-3000
```

APPEARANCES:
(Continued)

For Official Committee
of Unsecured Creditors:      Chadbourne & Parke, LLP
                             BY: DOUG DEUTSCH, ESQ.
                             BY: MARC ROITMAN, ESQ.
                             BY: HOWARD SEIFE, ESQ.
                             BY: DAVID LEMAY, ESQ.
                             BY: MARC ASHLEY, ESQ.
                             BY: THOMAS MCCORMACK, ESQ.
                             30 Rockefeller Plaza
                             New York, NY 10112
                             (212) 408-5100
                                  -AND-
                             Landis, Roth & Cobb
                             BY: ADAM G. LANDIS, ESQ.
                             919 Market Street, Suite 1800
                             Wilmington, DE 19801
                             (302) 467-4400
                                  -AND-
                             Zuckerman Spaeder
                             BY: ANDREW GOLDFARB, ESQ.
                             BY: JAMES SOTTILE, ESQ.
                             1800 M Street, NW
                             Suite 1000
                             Washington, DC 20036
                             (202) 778-1800

For Morgan Stanley:          Barnes & Thornberg
                             BY: DAVID POWLEN, ESQ.
                             Suite 1200
                             1000 North West Street
                             Wilmington, DE 19801
                             (302) 888-4536
                                  -AND-
                             Weil, Gotshal & Manges, LLP
                             BY: EVAN LEDERMAN, ESQ.
                             767 Fifth Avenue
                             New York, NY 10153
                             (212) 310-8948
                                  -AND-
                             Morgan Stanley
                             BY: CAROLYN ADLER
                             (212) 761-2693

For SuttonBrook Capital:     SuttonBrook Capital Management
                             BY: CAROL L. BALE
                             598 Madison Avenue
                             New York, NY 10022
                             (212) 588-6654

```
Appearances:
(Continued)

For Law Debenture:          Bifferato Gentilotti
                            BY: GARVAN MCDANIEL, ESQ.
                            800 North King Street
                            Plaza Level
                            Wilmington, DE 19801
                            (302) 429-1900
                                 -AND-
                            Kasowitz, Benson, Torres &
                            Friedman
                            BY: DAVID ROSNER, ESQ.
                            BY: ANDREW GLENN, ESQ.
                            BY: MATT STEIN, ESQ.
                            1633 Broadway
                            New York, NY 10019
                            (212) 506-1726


For Merrill Lynch:          Kaye Scholer, LLP
                            BY: MADLYN GLEICH PRIMOFF, ESQ
                            425 Park Avenue
                            New York, NY 10022
                            (212) 836-8000
                                 -AND-
                            Potter, Anderson & Corroon
                            BY: LAURIE S. SILVERSTEIN, ESQ
                            Hercules Plaza
                            1313 North Market Street
                            6th Floor
                            Wilmington, DE 19801
                            (302) 984-6000


For Deutsche Bank:          McCarter & English
                            BY: DAVID J. ADLER, ESQ.
                            245 Park Avenue, 27th Floor
                            New York, NY 10167
                            (212) 609-6800


For Credit Agreement Lenders: Hennigan, Bennett & Dorman
                            BY: JAMES O. JOHNSTON, ESQ.
                            865 South Figueroa Street
                            Suite 2900
                            Los Angeles, CA 90017
                            (213) 694-1012
                                 -AND-
                            Young, Conaway, Stargatt &
                            Taylor
                            BY: ROBERT BRADY, ESQ.
                            The Brandywine Building
                            1000 West Street, 17th Floor
                            Wilmington, DE 19801
                            (302) 571-6600
```

Appearances:
(Continued)

For Bank of America:               O'Melveny & Myers
                                   BY: DANIEL CANTOR, ESQ.
                                   BY: EVAN JONES, ESQ.
                                   Times Square Tower
                                   7 Times Square
                                   New York, NY 10036
                                   (212) 326-2000
                                          -AND-
                                   Bank of America
                                   BY: ESTHER CHUNG
                                   (646) 855-6705

For Tricadia Capital:              Tricadia Capital
                                   BY: IMRAN AHMED
                                   780 3rd Avenue, 29th Floor
                                   New York, NY 10017
                                   (212) 891-5013

For Perry Capital:                 Perry Capital
                                   BY: JAMES FREEMAN
                                   767 5th Avenue, 19th Floor
                                   New York, NY 10153
                                   (212) 583-4000

For Katherine Gilman:              Kramer, Levin, Naftalis &
                                   Frankel
                                   BY: KATHERINE CRUZ, ESQ.
                                   1177 Avenue of the Americas
                                   New York, NY 10036
                                   (212) 715-9308

For U.S. Trustee:                  Office of the U.S. Trustee
                                   BY: DAVID KLAUDER, ESQ.
                                   J. Caleb Boggs Federal Bldg.
                                   844 King Street, Suite 2207
                                   Wilmington, DE 19801
                                   (302) 573-6491

For Angelo Gordon & Co.:           Wilmer, Cutler, Pickering,
                                   Hale & Dorr
                                   BY: ANDREW N. GOLDMAN, ESQ.
                                   399 Park Avenue
                                   New York, NY 10022
                                   (212) 230-8836

For Examiner:                      Saul Ewing
                                   BY: MARK MINUTI, ESQ.
                                   222 Delaware Avenue, Ste 1200
                                   Wilmington, DE 19899
                                   (302) 421-6840

Appearances:
(Continued)

For Wells Fargo:               White & Case, LLP
                               BY: SCOTT GREISSMAN, ESQ.
                               BY: THOMAS E. LAURIA, ESQ.
                               BY: DAVID HILLE, ESQ.
                               1155 Avenue of the Americas
                               New York, NY 10036
                               (212) 819-8567
                                    -AND-
                               Fox Rothschild
                               BY: JEFFERY SCHLERF, ESQ.
                               Citizens Bank Center
                               919 North Market Street
                               Suite 1300
                               Wilmington, DE 19899
                               (302) 654-7444

For Dennis A. Prieto:          Aurelius Capital Management
                               BY: DENNIS A. PRIETO
                               (646) 445-6516

For Joseph Lamport:            Sandelman Partners
                               Multi-Strategy
                               BY: JOSEPH LAMPORT
                               (212) 299-7673

For Alvarez & Marsal, Inc.:    Alvarez & Marsal, Inc.
                               BY: BRIAN WHITTMAN
                               (312) 601-4227

For Anna Kalenchits:           Anna Kalenchits
                               (212) 723-1808

For RBS Greenwich Capital:     RBS Greenwich Capital
                               BY: JEFFREY FARKAS
                               (614) 577-1120

For Arrowgrass Management:     Arrowgrass
                               BY: ARIF GANGAT
                               (212) 372-8938

For Pryor Cashman, LLP:        Pryor Cashman, LLP
                               BY: TINA MOSS
                               (212) 326-0421

1    <u>WILMINGTON, DELAWARE, WEDNESDAY, JULY 14, 2010, 1:39 P.M</u>

2              THE CLERK:  All rise.

3              Be seated, please

4              THE COURT:  Good afternoon, everyone.

5              ALL PARTIES:  Good afternoon, Your Honor.

6              MR. PERNICK:  Good afternoon, Your Honor.  Norman

7    Pernick from Cole, Schotz for the debtor.

8              Your Honor, if you would like I'll run through

9    just the agenda items before the ones that are going forward

10   today, just to make sure that we're in sync with the Court.

11             THE COURT:  Very well.

12             MR. PERNICK:  Item Number 1 was the ninth omnibus

13   objection.  The only one that's left is Claudia Sanzeri's

14   claim, and that is being continued to September 15th.

15             Item Number 2, the tenth omnibus objection with

16   respect to GE Capital Fleet Services, Karolyn Walker and

17   Robby Wells, those are continued to September 15th.

18             Number 3, the objections of the claim of Robert

19   Henke, Henke, that's continued to September 15.

20             Number 4, the twenty-fourth omnibus objection

21   only as to Maureen Dombeck, Terry Godbey, Oracle, Marbury

22   von Briesen, Herbert Eye and CNN Newsource, those are all

23   continued to September 5th.

24             Item Number 5, the twenty-seventh omnibus

25   objection with respect to the Marcia Willette claim, only

1  that one is continued to September 15th.

2          And as is noted in the agenda, with respect to

3  the Cawley Chicago Portfolio claim, a certification of

4  counsel was actually submitted to the Court.

5          THE COURT:  I signed that order today.

6          MR. PERNICK:  Thank you, Your Honor.

7          We have as adjourned to August 19th, Number 6,

8  Wilmington Trust's motion for estimation and temporary

9  allowance of their claims and Item Number 10, the motion of

10  Ivan Bates for relief from stay.

11          Also, other CNOs or COCs filed, Item Number 7,

12  the nineteenth omnibus objection with respect to Cisco

13  Systems Capital, Item Number 8, the thirty-second omnibus

14  objection and Item Number 9, the motion to assume the

15  syndicated program agreements with Carsey-Warner

16  Distribution.

17          THE COURT:  Those orders were signed today.

18          MR. PERNICK:  Thank you very much, Your Honor.

19          That leaves us with Item Numbers 11, 12 and 13,

20  and I thought, Your Honor, that we would actually -- with

21  the Court's permission, take them a little bit out of order.

22  I think it makes sense to maybe do the status on the

23  examiner's report first --

24          THE COURT:  Very well.

25          MR. PERNICK:  -- and then we can move to the

1  status on confirmation.

2          THE COURT:  Okay.

3          MR. MINUTI:  Good afternoon, Your Honor.  Mark

4  Minuti from Saul Ewing.  I represent Kenneth Clee

5  (phonetic), the examiner.

6          I'm happy to report that we're on track to file

7  the report, Your Honor, on the deadline of 11:59 p.m. on the

8  26th, and for my secretary's benefit I hope it's before

9  11:59.

10          Your Honor, the only issue I wanted to raise with

11  the Court in connection with the report is as follows:

12          In the course of the examiner's investigation, we

13  have obviously had access to millions of pages of documents.

14  A lot of those documents have come from the document

15  depository that was set up before the examiner was

16  appointed, and some of those documents have come from third

17  parties as well.  Most of that information the examiner has

18  access to is subject to confidentiality or claims of

19  confidentiality and as set forth in the examiner's work

20  report or work plan, what we've been trying to do is work

21  with the parties to get them to really drop those claims of

22  confidentiality so we don't have to redact any portions of

23  the report, or at least significantly narrow those claims of

24  confidentiality.

25          That process is ongoing, Your Honor, and will

1   probably -- likely continue up until the time we file the

2   report.  And regardless of how well or how good a job we do

3   in getting the parties to agree that documents are not

4   confidential, I suspect at the time of filing the report, we

5   are going to have claims that some of the documents are

6   confidential and those are documents or information from

7   those documents that is going to be in the report.

8           So it will be necessary, Your Honor, for us to

9   file portions of the report under seal until Your Honor can

10  have an opportunity to hear the parties on their claims of

11  confidentiality and ultimately decide those issues.

12          So pursuant to the local rule procedure, what we

13  would normally do is we would, when we file the report, we

14  will file a motion to authorize us to file portions of it

15  under seal.  Our thought was, Your Honor, we would file the

16  entire report under seal and then we will file a public

17  version that will be redacted.  We are going to use our best

18  efforts and we think we can accomplish this, Your Honor, to

19  make the public version a meaningful report.  You'll be able

20  to see the examiner's conclusions and so on and so forth.

21          But if we cite to a specific document or quote

22  from a specific document that somebody says is confidential,

23  the report that's going to be public, Your Honor, at least

24  until Your Honor has a chance to rule on those issues, is

25  going to be redacted.

1          So the question I really had for Your Honor is

2    whether you want us to wait and simply follow that

3    procedure, which is file the motion at the time we file the

4    report, or would you like us to file the motion ahead of

5    time.  I will tell, Your Honor, because of the process and

6    the fact that it's ongoing and it won't be completed likely

7    until right before we file the report, we're not going to be

8    in a position, Your Honor, to have a meaningful dialogue

9    about the substance of any specific documents.

10          So, really, it -- really, this motion is just

11   about preserving the confidentiality claims until we can

12   come back before Your Honor when people have time to weigh

13   in on the issue and then Your Honor can decide it.

14          THE COURT:  Well, what was the examiner's thought

15   about when I would hear the motion to seal?

16          MR. MINUTI:  Our thought, Your Honor, was -- I

17   think there's a hearing date on the 9th of August?

18          THE COURT:  There is.

19          MR. MINUTI:  Our thought was you could -- you

20   could deal with that issue on the 9th.  I mean, I should

21   point out, Your Honor, that the examiner believes very

22   strongly that all of the information that he references in

23   his report should be public.

24          So our current thinking, Your Honor, was to also

25   file it -- file a motion, sort of a procedural motion

1   dealing with the discharge of the examiner that would also

2   deal with the issues like third party discovery of the

3   examiner.  We would put that on for August 9th as well, and

4   we were actually going to build into that motion or maybe

5   file a separate motion, Your Honor, asking Your Honor to

6   unseal the entirety of the record.

7            So the idea would be that that will give people

8   enough time to file pleadings on the issue and our hope was

9   for Your Honor to decide it on the 9th so that, you know,

10  the report can be public at that time.

11           THE COURT:  And I would likely be inclined to

12  decide that portion of the relief on the 9th.  Whether I

13  would approve exit conditions on that date is another issue.

14  But I do, as I've said earlier, feel strongly about making

15  all of the pertinent information publicly available, but

16  there are others who will likely wish to weigh in on that

17  topic and will have the opportunity.

18           But August 9th for a hearing date is okay, and on

19  the motion to shorten, you can plug in that for a hearing

20  date.

21           MR. MINUTI:  Okay.  So we'll -- we'll file it

22  when we file the report.  We'll put it on for the 9th.  Very

23  well, Your Honor.

24           THE COURT:  And I ask that you deliver chambers

25  copies of everything when filed.

1    MR. MINUTI:  I will, Your Honor.

2    THE COURT:  Okay.

3    MR. MINUTI:  Does Your Honor have any questions

4  of me with respect to the investigation of the report?

5    THE COURT:  I do not.

6    MR. MINUTI:  Okay.  With that, then, may I be

7  excused, Your Honor?

8    THE COURT:  Let me ask if anyone else wishes to

9  be heard in connection with status on the examiner's report?

10    MR. KRAKAUER:  Your Honor, Bryan Krakauer on

11  behalf of the debtors.  This is just informational.

12    We have sent out notice to all the creditor

13  constituencies of the revised dates and one of the things

14  our prior notices said -- informed people is that we're

15  intending a website for people to get documents and access

16  the examiner report.  And it is our plan, as soon as the

17  examiner report is issued, to work with Mr. Clee to get the

18  public report right up on the website immediately so that

19  anybody who wants access to it can get it immediately.

20    THE COURT:  Very well.  Thank you.

21    MR. KRAKAUER:  Okay.  Thank you.

22    THE COURT:  Anyone else wish to be heard?

23    (No verbal response.)

24    THE COURT:  You may be excused.

25    MR. MINUTI:  Thank you, Your Honor.

1          MR. CONLAN:  Good afternoon, Your Honor.  Jim

2     Conlan from Sidley on behalf of the debtors.  Just briefly,

3     the status on confirmation and just to set the table for the

4     argument you'll hear today.

5          Your Honor, at the confirmation hearing, which is

6     upcoming, we will satisfy the 9019 standards with respect to

7     the settlement of estate causes of action, but that will not

8     involve trying the LBO-related causes of action.  And the

9     facts, experts and evidence should be so confined.

10          To be clear --

11          THE COURT:  Well, are we -- are we on status or

12     are we beginning to argue the motions?

13          MR. CONLAN:  Well, I just wanted to --

14          THE COURT:  It sounds like the latter to me.

15          MR. CONLAN:  Fair enough, Your Honor.  One last

16     note, we will also otherwise satisfy the 1129 requirements.

17     I just wanted to be clear before we start today, but that

18     will not involve the -- trying the LBO-related causes of

19     action either.

20          With that, Mr. Lauria has the motion of the

21     bridge agent and as you know from the pleadings, there will

22     be a response.

23          THE COURT:  Well, let's -- both motions are

24     obviously related.  We'll have a combined record on each.

25     Let's do this.  I'll hear -- I'll begin with the movant on

1  the first motion listed, but I just want to hear from one

2  party once to address whatever they want to address, whether

3  as an advocate or an opponent, and maybe I'll permit another

4  round briefly for rebuttals.

5       MR. CONLAN:  Very good, Your Honor.

6       THE COURT:  Okay.

7       MR. HILLE:  Good afternoon, Your Honor.  David

8  Hille from White & Case on behalf of Wells Fargo, the bridge

9  agent here.

10       Your Honor, just -- I'm sure that the Court is

11  aware, but just by way of sort of introduction and

12  background, the bridge lenders here provided $1.6 billion

13  worth of the financing used in connection with the LBO

14  transactions.

15       THE COURT: I read the paper.

16       MR. HILLE:  Okay.  Thank you.

17       Then as Your Honor knows, the motion -- the

18  procedural order that we seek, Your Honor, would allow the

19  claims allowance procedures for the bank -- for the bridge

20  lenders' claims to be heard at the same time as

21  confirmation.  The bridge lenders believe that this order

22  will accomplish three things:

23       One, it will avoid duplicative, unnecessary and

24  inefficient litigation;

25       Two, it will avoid prejudicial treatment of the

1    bridge lenders' in these cases;

2              And, three, it will require the debtors and the

3    supporters of the settlement to take consistent positions

4    throughout the case.

5              Your Honor, before getting a little deeper into

6    the merits, if I could just recap very quickly the treatment

7    of the bridge lenders' claims under the plan because I think

8    it's relevant background here.

9              The way the plan is set up, if the bridge lenders

10   vote in favor, then their claims are deemed allowed and they

11   get a .44 percent recovery on those claims.

12             THE COURT:  And if not, they're treated as

13   disallowed claims or as disputed claims, rather, subject to

14   some later determination by the Court.

15             MR. HILLE:  That's right, Your Honor.  And that

16   later determination, as I'm sure the Court is aware, is that

17   the bridge lenders have to wait 210 days up to seven months

18   to determine if --

19             THE COURT:  Well, that's what the plan proposes.

20   The plan is not confirmed yet.

21             MR. HILLE:  Understood, Your Honor.  But it is

22   the process that we have before us for the way in which the

23   bridge lenders' claims are going to be processed.

24             THE COURT:  Well, if the plan's confirmed.  And

25   the reason I say that is not to frighten the debtors, but --

1  or to give hope to anyone else, but simply to point out that

2  I think much of the substance of your motion is a

3  reiteration of what you don't like about the plan and to the

4  extent parties' like to give previews to Courts before the

5  main event, it's yet another preview -- because we've been

6  through the disclosure statement preview -- of that -- of

7  that that you don't like about the plan.

8           MR. HILLE:  Your Honor, I will just say that it -

9  - that it is not intended as such.  It is intended to really

10  just provide the basis for the relief that we're seeking

11  here.

12           THE COURT:  Well, what you would like to do is

13  eliminate some of the uncertainty that the proposed

14  treatment under the plan visits upon you, and I understand

15  that.

16           MR. HILLE:  And it's uncertainty on the one hand,

17  Your Honor, and it's also expense and inefficiency and

18  delay.  There's no question that the -- we're the only ones

19  treated like this; that we're going to have to wait, you

20  know, some lengthy period of time before we know if our

21  claims have been objected to, and then the debtors have told

22  us that they'll -- we will likely be subject to protracted

23  litigation and it's litigation over the very same avoidance

24  claims that are going to be front and center in these

25  confirmation proceedings.  And we think it makes sense for

1  the parties and for the Court to do it once.

2          THE COURT:  Well, I'll acknowledge that it puts

3  confirmation, in that respect, in somewhat of an odd

4  posture.  But I don't know that that entitles you to the

5  relief that you're asking.  But I understand your point.

6          MR. HILLE:  Okay.

7          Your Honor, we think that -- that in the back and

8  forth between the parties, there's discussion about how much

9  overlap will there really be between the confirmation

10 proceedings and any objection proceedings on our claim down

11 the road.  And the -- we believe that the overlap will be

12 very substantial and that that's another reason why these

13 both should be done at the same time.

14         The debtors and the supporters of the settlement

15 point to the Martin case and the Martin factors, and I think

16 in due course in this case there will be quite a bit of

17 analysis and submissions to the Court about what is the

18 right standard, what -- how those factors work in a case

19 like this.

20         But in that case, in the Martin case, this is a

21 quote from Page 91 F.3d 392, "The bankruptcy judge heard

22 extensive testimony on the merits of both pending state

23 court actions."  And we submit that in this case where the

24 settlement of the LBO-related causes of action is a huge and

25 central component of the plan, as admitted by the debtors

1    and, I think, recognized by everyone, that there is going to

2    need to be a substantial evidentiary submission to the Court

3    in connection with those causes of action.

4         THE COURT:  You know what?  I don't know how much

5    I will need to hear in order to make the appropriate

6    determination either on a 9019 standard or whatever modified

7    standard applies in a confirmation hearing, if any.  I did

8    discuss this at some length in Excide (phonetic).

9         But I'll comment -- I'll give you two comments:

10        One, I'm not going to fix that standard today --

11        MR. HILLE:  Okay.

12        THE COURT:  -- beyond that which I've already

13   said in reported opinions;

14        And, secondly, this may be a circumstance, not

15   unlike some others I've faced, in which, you know, the Court

16   will have to do more than just canvas the issues, and I

17   think I've already had this discussion, in part,

18   preliminarily with the parties here.  That doesn't mean I

19   will need a full trial either.  I tend to think it's

20   something somewhat in between.

21        But that's -- I think -- I think I've signaled

22   this to the parties before, but to the extent I didn't, I'll

23   just say it now.

24        MR. HILLE:  Understood, Your Honor.  And I -- and

25   it's -- the bridge lenders' view is that wherever on the

1   spectrum the in between falls, we're going to go a good ways

2   down the path toward getting to the -- some of the bottoms

3   of the issues of the LBO-related causes of action in

4   assessing the settlement, which basically occupies all of

5   the value in these cases, and that it would be a real waste

6   of resources and truly inefficient to then do that again

7   with respect to the bridge lenders months or years down the

8   road.

9            THE COURT:  Well, on the other hand, I think it

10  could be fairly argued -- well, and the debtor really

11  doesn't argue this because the debtor, in its filings,

12  emphasizes the -- and I don't mean this in a projaritive

13  (sic) way, the lack of depth of the inquiry that the Court

14  would normally make on a 9019 motion.

15           But if after the hearing of the type I envision -

16  - well, put it this way.  I anticipate that after such a

17  hearing it may become clearer to everybody whether or not a

18  plan is confirmed, you know, where things should be headed

19  in terms of subsequent litigation.

20           So I -- you know, either way, the confirmation

21  hearing evidence is going to tend to be, I think, a

22  clarifying event.  But, again, I think there may be other

23  clarifying events which occur before then anyway.

24           MR. HILLE:  Uh-huh.

25           THE COURT:  Now this the debtor has pointed out,

1   meaning the vote will be in.  The examiner's report will

2   have been issued.  Discovery will have been completed.

3   These are, I agree with the debtor, important events.

4           MR. HILLE:  Your Honor, if I could, turning to

5   some of the items of fairness and prejudice, sort of

6   separate and apart from the inefficiencies.

7           With the way the process for the bridge lenders'

8   claim is set up right now, we've got an undisputed claim at

9   the moment, right, so, essentially it's, for the moment,

10  allowed.  And, you know, we're the only ones that then get

11  converted to disputed if we vote against the plan and opt

12  out of the settlement.  We're the only ones that sort of

13  suffer that penalty for voting against the plan.

14          THE COURT:  Yeah.  And, you know, I will tell you

15  in terms of the confirmation standards I think the debtor

16  has taken a risk in designing its plan that way, but that's

17  not before me today.

18          MR. HILLE:  Understood.  Understood, Your Honor.

19          The -- requiring the bridge lenders to litigate

20  this twice has another effect.  The bridge lenders are going

21  to have to submit evidence, establish a record, take

22  positions, make arguments in the confirmation proceedings

23  while the debtors have kept them in limbo as to what their

24  position is with respect to our claims; whether the bridge

25  lenders' claims are subject to avoidance or whether they're

1  not.

2        We think that that's an unreasonable sort of risk

3  to put on the bridge lenders.  The debtors have been

4  studying these causes of action for months and months and

5  months.  They've invested millions of dollars in that

6  regard.  They should -- they have to know what their

7  position is with respect to our claims.

8        And we feel that in order -- rather than them

9  maintaining -- maintaining an option for months or years out

10  to do what they want to with our claims, they ought to say

11  now what their position is.  Everyone can know where

12  everything stands and we go forward at confirmation and

13  everybody's clear on what people's positions are.  We think

14  that the debtors have to know what their position is on our

15  claims at this point.

16        THE COURT:  Well, put it this way.  I'm sure both

17  sides have made assessments with the help of a lot of

18  expensive talent to define a universe of where exposure lies

19  or not.  The only thing really the parties don't know is

20  what the Court would decide.  Not that that's unimportant.

21        MR. HILLE:  Right.

22     (Laughter)

23        MR. HILLE:  Your Honor, two more items of sort of

24  prejudice and fairness that give us concern.  I'll go

25  through those quickly.

1          One, if the bridge lenders are required to

2    litigate this months down the road after confirmation, there

3    -- we have some concern about whether bar orders and

4    injunctions that may come out of the plan in this case might

5    affect our ability to seek cross claims or contribution

6    claims from other parties who otherwise participated in the

7    transaction.

8          THE COURT:  Okay.  Now you know those types of

9    things are normally corrected at confirmation.  I mean,

10   that's not to say your concern isn't legitimate.  It is.

11   But those tend to be relatively easily fixed with respect to

12   discreet disputes.

13         MR. HILLE:  It -- and I -- we just submit that it

14   can be fixed.  It is something that is fixed very easily

15   right now if we -- if we go ahead with doing these things on

16   parallel tracks.

17         Another, Your Honor, is that the debtors' plan

18   provides on its face that a condition to its effectiveness

19   is that the bridge lenders not receive more than $74 million

20   in recovery.  And if post-confirmation we go through a

21   claims allowance process -- who knows at what level our

22   claims may be deemed allowed.  But if they're deemed allowed

23   at a level higher than that, we've lost the ability to

24   challenge that condition to effectiveness because we'll

25   already have gone through confirmation.  That's a condition

1    that the debtors put in their plan that is, essentially,

2    taken away by the bifurcated process of having our claim be

3    -- the allowance of it addressed afterward.

4           Your Honor, the last -- the last sort of basis

5    that I want to emphasize in support of our motion is that it

6    will require the debtors and the supporters of the

7    settlement to maintain a consistent position in this case.

8           The settlement is -- it is clearly premised on

9    the view that it is unlikely that the LBO-related causes of

10    action will result in a fraudulent conveyance. There's $10

11    billion worth of claims for which about $500 million in

12    recovery has been allocated.

13           There's also been no disgorgement of fees from

14    any agent banks or any architects of the transaction.

15    There's been no attempt to make any recovery from officers

16    and directors, and there's been no attempt to recover

17    anything from the shareholders. It seem -- who received the

18    funders. It seems as though the premise is clearly that the

19    -- that the LBO-related causes of action are unlikely to be

20    successful.

21           At the same time the bridge lenders are told that

22    -- that their claims are going to be singled out for this

23    special treatment and addressed afterwards while the debtors

24    are not in a position of having to support the settlement

25    agreement that is clearly premised on the idea that the

```
 1  causes of action are not particularly strong.  And, again,
 2  Your Honor, we think this is an example of the debtors
 3  trying to kind of have it both ways here.  It's something
 4  that our procedural order clearly addresses and undoes, and
 5  is another basis for the order in our view.
 6            THE COURT:  It seems somewhat awkward, doesn't
 7  it?
 8            MR. HILLE:  Yes, it does, Your Honor.
 9            Your Honor, those are the -- those are the
10  primary things that I wanted to emphasize on our motion.  I
11  can move to the cross-motion, if that's --
12            THE COURT:  Go ahead.
13            MR. HILLE:  -- helpful.  Okay.
14            Your Honor, we -- when we received the cross-
15  motion and actually saw what was requested there, thought it
16  was somewhat remarkable that a motion on short notice that
17  purported to just, you know, kind of be sort of schedule
18  oriented tried to do as much as this motion did when it
19  tried to do it.
20            The motion seeks to limit the hearing to only
21  five days -- actually, it seems to behave as though that's
22  already been decided; that limiting openings and closings to
23  a half day each, and two days of evidence for, on the one
24  hand the supporters, and on the other hand the people that
25  oppose.
```

1         They also purport to limit the standard that this

2    Court would use in assessing the LBO-related causes of

3    action at this early juncture.  And as I mentioned before,

4    and I think as Your Honor recognized, that is something that

5    is plainly going to be subject to debate in the parties'

6    submissions.

7              THE COURT:  Clearly.

8              MR. HILLE:  And I think Your Honor already

9    indicated that that's not something that's going to be

10   resolved today.

11             THE COURT:  And I haven't changed my mind.  So

12             MR. HILLE:  Understood.

13        (Laughter)

14             MR. HILLE:  I'm doing okay with that so far, I

15   guess.

16             On the schedule-type things, we just think it's

17   way too premature to get into it at this --

18             THE COURT:  And I will tell you I agree with you.

19             MR. HILLE:  Okay.

20             THE COURT:  And, you know, I'll hear others.

21   But, frankly, my inclination is to postpone finalizing of

22   hearing time until the August 9th status conference on

23   confirmation.

24             MR. HILLE:  I think, Your Honor, in that case I

25   can --

1  THE COURT:  It's not to say that I will

2  ultimately disagree with the debtor and agree with you, but

3  I agree it's too early to make that decision.

4  MR. HILLE:  Thank you, Your Honor.

5  I think unless you have any further questions for

6  me, I'll yield the podium.

7  THE COURT:  I do not.

8  MR. HILLE:  Thank you.

9  MR. CONLAN:  Hello, again, Your Honor.  Jim

10  Conlan on behalf of the debtor.  And I will be brief and

11  I've listened carefully to your remarks.

12  With respect to the debtors' opposition to the

13  motion of the bridge agent, as Your Honor -- well, let me

14  put it this way.  They describe the confirmation hearing,

15  the approval of the settlement as going partway to the path

16  -- or down the path of looking at LBO-related causes of

17  action.  That's the critical component, but not all the way.

18  What their motion seeks to do is, essentially, have this

19  Court try the LBO-related causes of action under the guise

20  of an allowance of the bridge lenders' claim.

21  Not only is that not efficient, that blows the

22  plan up.  The central feature --

23  THE COURT:  Well, that -- that, as you point out,

24  may be the goal.

25  MR. CONLAN:  Yeah.  I think that is the goal,

1    Your Honor, of the bridge agent here.

2           Quite frankly, the plan is premised on that

3    global resolution.  If -- if the merits were going to be

4    tried, then the plan doesn't work.  So, obviously, in our

5    mind the motion has to be denied.

6           Your Honor, this is what I was going to say at

7    the beginning.  Let me say it now for purposes of clarity

8    because I think it -- it morphs into the issue of the cross-

9    motion for scheduling, and we're not here to argue about

10   timing.  We were just trying to be practical on dates and

11   times and the like.

12          We will satisfy the 9019 standard at the

13   confirmation hearing.  We must with respect to the

14   settlement of estate causes of action.  But that will not

15   involve trying the LBO-related causes of action.  And we

16   believe, and this is where we morph into the procedures,

17   that the facts, experts and evidence should be so confined

18   at that hearing.

19          Separately, and you've saw this pointed out in

20   some of the opposition pleadings as well, we will otherwise

21   satisfy the requirements of 1129(a) and (b), as we must, but

22   that also will not involve trying the LBO-related causes of

23   action, at least not under this plan.  And the facts,

24   experts and evidence should be so confined as well.

25          We're not trying to deprive anybody of their

1    rights under 1129(a) or 9019.  We know we can't.  What we're

2    trying to prevent is a mess where we actually go down the

3    path of trying the LBO-related causes of action and destroy

4    the essence of the plan in the process, and we don't think

5    that's required under the law.

6          It was the latter point which led us to Paragraph

7    4 of that draft order, which we submitted in the cross-

8    motion which was to seek to limit, if you will, what will

9    happen over the next several weeks as people introduce

10   experts, as people take depositions, as people push that

11   line to attempting to try the LBO-related causes of action

12   versus having them assessed under 9019 versus holding the

13   plan up to 1129(a) and (b).  That's --

14         THE COURT:  Well, you know, in a way, while it

15   creates other issues for those defending such depositions,

16   frankly, I think in the end it helps the plan proponents, at

17   least in this respect.  It minimizes the -- or dilutes the

18   argument at the end of the confirmation hearing that, Your

19   Honor, we just -- you just don't have enough in front of you

20   with respect to the viability of those claims to determine

21   whether the settlement embodied in the plan should be

22   approved.

23         So, frankly, I don't think that will hurt you in

24   the end.

25         MR. CONLAN:  Your Honor, what we're concerned

1   about is that if we go down the path, a path that looks like

2   you're preparing to or even are, in essence, trying the LBO-

3   related causes of action, that each of the parties to the

4   settlement will feel compelled to put their expert up as

5   well --

6           THE COURT:  Well, and that's the sticky part of

7   it, isn't it?

8           MR. CONLAN:  Yes, it is.

9           THE COURT:  Yeah.

10          MR. CONLAN:  That's what our effort, whatever

11  anybody thinks of it, with respect to the cross-motion was

12  about, was to try to add some boundaries consistent with due

13  process to keep this from becoming a free for all.

14          THE COURT:  Well, here's -- months ago I charted

15  out where at least I thought the eleven ought to go with

16  respect to parallel efforts between the examiner and the

17  debtor and its supporters for the plan.  The debtor, as we

18  all know, is at the very end of its inclusive period, so

19  that if this plan isn't confirmed, then the world has opened

20  up for others who wish to make proposals.

21          So it seems to me that in order to accommodate

22  the needs of as many of the constituents, both for and

23  against the plan as possible, I've permitted the process to

24  move forward within the debtors' exclusive period, including

25  tailoring the examiner's process to dovetail with that.  But

1    at the same time, my inclination is to allow, within

2    appropriate boundaries under the discovery rules, for the

3    other side to do what they will, again subject to the rules

4    of civil procedure, in preparation for confirmation and

5    support of their confirmation objections.

6            And, you know, unless I were to stop and take one

7    and then the other, and if we were to do it one at a time,

8    there's a fair argument for either way.  But it seems to me

9    that in order to accommodate as many interests within the

10   time frame that's allotted within the exclusivity period, it

11   would not be best to limit what happens in the way of pre-

12   confirmation discovery.

13           MR. CONLAN:  Your Honor, one last item before I

14   yield the podium to others who have responded as well.  We

15   did revise the form of order and I would at least like to

16   approach and show it to Your Honor so you can look at what

17   we've done with Paragraph 4.  Perhaps it would come closer

18   to what you have in mind.

19           THE COURT:  All right.

20           MR. CONLAN:  If I may approach?

21           THE COURT:  Certainly.  Has it been shared with

22   others?

23           MR. CONLAN:  Many, but not all.  But I'll share

24   it with them all now.

25           THE COURT:  All right.  Thank you.

1       (Pause in proceedings.)

2                THE COURT:  Thank you.

3                All right.

4                MR. CONLAN:  And with that, I yield to my

5       fellows.

6                THE COURT:  Thank you.

7                MR. SEIFE:  Good afternoon, Your Honor.  Howard

8       Seife, Chadbourne & Parke for the official committee of

9       unsecured creditors.

10               I think to some extent, Your Honor, you've stolen

11      some of our thunder by if not outright ruling, given some

12      indication where you're coming out.

13               THE COURT:  And I will tell you as I approach

14      hearings I'm -- I don't always do it the same way, but I'm

15      often conflicted in offering views by questions or

16      statements before I've heard from anybody because I don't

17      want anybody to feel as if they haven't been heard.  But the

18      written submissions, I would say, were extensive and

19      complete and I didn't expect to hear anything new today.

20      And I often find it's more helpful to me if I have that as

21      exchanges as advocates stand up to be heard.

22               MR. SEIFE:  No.  I appreciated that, Your Honor,

23      and I think it is helpful because I would like to at least

24      give some response to your -- your earlier indications.

25               THE COURT:  Yeah.  And by the way, there's always

1  an open invitation to tell me why you think I'm wrong.

2  　　　　　MR. SEIFE:  Thank you, Your Honor.

3  　　　　　I think Your Honor highlighted the sticky part of

4  the confirmation hearing where you have a whole variety of

5  advocates, and there are probably seven or eight in this

6  courtroom that have different views on the merits of the

7  fraudulent conveyance actions.

8  　　　　　We, on behalf of the committee, as you know,

9  undertook an extensive investigation, extensive discovery,

10  depositions which resulted in very serious negotiations with

11  all the different parties which culminated in the

12  settlement.

13  　　　　　And I think if one reads the 9019 cases,

14  particularly those in the context of confirmation, whether

15  it's Texaco or the like, I think there's a roadmap to avoid

16  the sticky situation that Your Honor eluded to, and that is

17  not to have a full-blown trial on the merits --

18  　　　　　THE COURT:  Well, I'm not going --

19  　　　　　MR. SEIFE:  -- or even --

20  　　　　　THE COURT:  I'm not going to and I think I've

21  said that.

22  　　　　　MR. SEIFE:  Yes.  Or what I was about to say, or

23  even, perhaps, that middle ground that you've suggested

24  because, frankly, I'm not sure what the middle ground means.

25  And it's good to talk about it in generalities, but if we

1  talk about it in terms of specifics, does that mean each of

2  the seven parties is going to put on their own expert as to

3  solvency.  Is that what will be required here, or is it

4  really supposed to be a canvassing of the issues:  Here are

5  the issues, Your Honor.  Here's the range of opinions, and I

6  think it's that kind of guidance that we're seeking today.

7            THE COURT:  Yeah.  I'm not prepared to give it

8  today.  But, I mean, there are options.

9            For example, I could ask that all the written

10  reports be submitted and the witnesses offered only for

11  cross, or I could limit the direct to an hour per expert

12  with cross to flow.  I mean, there are probably lots of

13  other alternatives.  I agree with you.  At some point we'll

14  have to drill down, but I'm not prepared to do that at this

15  point.

16            MR. SEIFE:  And Your Honor is suggesting the

17  eight -- the 9th --

18            THE COURT:  The August 9th --

19            MR. SEIFE:  -- the 9th.

20            THE COURT:  -- hearing.  Yeah.

21            MR. SEIFE:  And I think it would probably be good

22  for the parties to try to meet in advance and try to come to

23  common ground, but I'm not --

24            THE COURT:  See, now --

25            MR. SEIFE:  -- particularly optimistic.

1          THE COURT:  -- now you get to the bottom of what

2   I would really like to see happen.

3          MR. SEIFE:  Yeah.

4      (Laughter)

5          THE COURT:  Okay.

6          MR. SEIFE:  We will certainly try and I'm sure

7   Mr. Conlan will lead the efforts.  But given how far apart

8   the parties are here and the different objectives and goals

9   of the different parties, I'm not optimistic.

10         You know --

11         THE COURT:  Well, and the way it will probably

12  end up, based on my experience, is the hearing will take

13  more time than the debtor will like and the objectors will

14  have less time than they would like, and we'll hit some

15  happy medium.  Where it lies I don't know now.  I may not

16  know on August 9th, and sometimes those decisions can't be

17  made until the time of hearing when I see how the evidence

18  goes and I know -- then there's that tension between the

19  parties who wish to make the record so they can visit other

20  places after they're finished here and then what I think I

21  need to make a decision, and that's often at odds.

22         MR. SEIFE:  The --

23         THE COURT:  And I understand that.

24         MR. SEIFE:  Yes.  But there, of course, is a real

25  practical decision all the parties are going to have to make

1  by tomorrow which is the designation of experts and my guess

2  is, based on what we're hearing today, there are going to be

3  a lot of them, expert reports, expert depositions, and that

4  all is going to roll out before we have firm guidance on the

5  8th.

6          THE COURT:  And I understand that and I

7  understand it involves cost and expense.

8          MR. SEIFE:  The 9th.

9          THE COURT:  And from the debtors' end time away

10  from the conduct of its business.  I understand.

11          MR. SEIFE:  And just a few words in terms of

12  timing.  I know Your Honor has set aside five full days at

13  the end of August.  If this goes in a certain direction,

14  that may not be enough time to put in all of the evidence

15  if, in fact, we're in some middle ground of a mini-trial

16  scenario.

17          The committee has serious concerns about this

18  spilling over until much later in the year because I know

19  Your Honor has indicated a full calendar, perhaps, for

20  September, looking to October.  We have a statute of

21  limitations on these fraudulent conveyance grounds -- causes

22  of action.  Our standing motion is sitting in limbo with the

23  Court.  There would be a second standing motion to bring

24  additional causes of action.

25          So it really is the committee's view that if it

1  is at all possible to confine the hearing to those five

2  days, it would be tremendously advantageous.  It sounds like

3  a short period of time, but I think it's amazing what

4  lawyers can do and how efficient they can be when faced with

5  discreet time blocks with which to put on their cases.

6          THE COURT:  I've experienced that.

7          MR. SEIFE:  Exactly.

8          So the committee representing the creditors

9  generally, which are trade creditors at the operating

10  companies, retirees at the parent company, have obviously

11  been waiting a long time for their distributions and it's

12  our strong urging to the Court that, if at all possible, if

13  we can get this concluded in August, I think it would be in

14  everyone's benefit.

15          THE COURT:  Well, another conflict I often have

16  is accommodating the requests of the parties without

17  offering incentives to take up more time.  But I'll commit

18  to this; that by the time we come to August 9th and try to

19  drill down a little bit more on the framework for

20  evidentiary presentations, to the extent it appears at that

21  point that more time is necessary, I'll try to pick specific

22  dates so the parties will have some certainty as to when at

23  least the evidentiary part will be over, and at the same

24  time I may decide that five days is sufficient.

25          MR. SEIFE:  I appreciate that, Your Honor.

1      THE COURT:  Okay.

2      MR. SEIFE:  Just one or two words on the Wells

3  Fargo motion, which I'm not sure you've ruled on, but have

4  given --

5      THE COURT:  Well, and --

6      MR. SEIFE:  Yes.

7      THE COURT:  -- so to clear up any mystery on

8  either motion, I'm not going to rule on either motion today.

9  You've heard my views.  I'm going to -- I may express more

10  as we go along and others take the podium.  I'll probably

11  push them both over for calendar purposes to August 9th just

12  to leave my options open, and that's not to give the bridge

13  agent any hope that I'll change my mind, and I won't between

14  now and confirmation about hearing the claim objection in

15  full in connection with confirmation.  That I do not intend

16  to do.

17      MR. SEIFE:  Oh, then I can sit down.

18      THE COURT:  Okay.

19      MR. SEIFE:  Thank you, Your Honor.

20      THE COURT:  Thank you.

21      MR. ROSNER:  Good afternoon, Your Honor, David

22  Rosner from Kasowitz, Benson, Torres and Friedman.  I'm here

23  on behalf of law debenture.  Law debenture is the indentured

24  trustee for eighteen percent of the public senior bonds, and

25  I think as Your Honor saw, we're one of the settling parties

1  that signed the pleading by the settling supporters both

2  against Wells Fargo's motion for the reasons that Your Honor

3  said, and I think you've said it quite clearly:  The

4  confirmation's not going to be a plenary trial on the merits

5  of the LBO-related claims, nor should it be.

6       I am somewhat concerned with Your Honor's at least

7  articulation today, and I take -- I understand your

8  invitation that things can change as time goes on and as the

9  Court views the record before it, but as to a view in this

10 case maybe as opposed to other cases that there could be

11 some other standard that could apply to the Court's

12 determination of a settlement that's encompassed in a plan

13 of reorganization.

14       And I think that in that regard -- and I'm just -

15 - I'm asking the Court to consider this.  I understand that

16 the order -- you've stated that you're going to carry the

17 motion that the debtor filed, the cross-motion, which seeks

18 to set forth certain standards.

19       THE COURT:  I'm -- I will not fix standards prior

20 to confirmation.  As I said earlier today, I've -- I have

21 got a published opinion or more on what I think about that

22 and I intend to say no more.

23       MR. ROSNER:  Right.  And I fully understand that.

24 And in your thinking between now and in August 9th, what I -

25 - what I would like to have you consider and what I would

1 | like to put on the record is that in looking at your prior

2 | decisions and in understanding the viewpoint from which at

3 | least I interpret where the Court was coming from, the fact

4 | that a settlement is in a plan is informed by the inclusion

5 | of the Texaco factors, which broadens the analysis.

6 | THE COURT: I think what I said in Excide was

7 | other Courts have considered.

8 | MR. ROSNER: And it appeared that Your Honor did

9 | as well, but it also appeared that Your Honor -- and if I

10 | got that wrong, it would not be the first time and I hope --

11 | I hope I didn't particularly in this Court.

12 | But it was also -- it's also important to look at

13 | the cross section of the people that are supporting this

14 | settlement.

15 | THE COURT: I -- look, I agree so many things can

16 | be pertinent. But what I've also found, based on my

17 | experiences, you know, as the evidentiary presentations

18 | progress and usually by the time they conclude, when it

19 | comes to a sense of what's fair and what's not fair, it

20 | becomes pretty clear to the Court, even though parties are

21 | morally convinced of the rightness of their respective

22 | positions.

23 | So I'm not saying that standards are unimportant.

24 | They are because Courts must follow them. But they often

25 | tend not to be dispositive of the issue before the Court

1   because the evidence comes clearly one way or the other.  I

2   don't know whether it will here.

3              MR. ROSNER:  Okay.  In terms of the actual record

4   that your Court will be looking at, and we've talked

5   somewhat and that was really one of the purposes of the --

6   of the cross-motion, was to try to set bowers or -- that's

7   the term I use -- or parameters on what we are doing.  But

8   there is a reason for doing that and it's not necessarily

9   the reason because people want to exclude other people's

10  evidence or they want to -- they want to, you know, truncate

11  a hearing.

12             But I think it's important for the Court to

13  observe -- and you did speak to this just a moment ago.  But

14  I do think it's important for the Court to observe that why

15  did we settle.  I mean, why do parties who think they've got

16  a great case on the merits, why do they reach a settlement.

17  What is that second factor that everybody looks at; what is

18  important to the parties.

19             And to us, and to Centerbridge, and to the people

20  that are the nominal -- let's say the plaintiffs, the

21  committee -- I would -- don't presume to speak for the

22  committee -- but to us it is not to spend the millions of

23  dollars necessary to prepare a case as if it were going to

24  be a trial on the merits.

25             And so when we're trying to confine somewhat what

1   needs to be done over the next several weeks  -- we have

2   forty-seven days, I believe, between now and a confirmation

3   hearing scheduled for August 20th -- it involves -- when you

4   involve experts and everybody having to protect their flanks

5   and preparing the case that way, you are talking about an

6   inordinate -- a very large sum of money that the parties

7   sought to avoid by virtue of entering into a settlement.

8           THE COURT:  I'm well aware of that.  And I will

9   tell you, if I considered only my own convenience, I would

10  limit it because it means I might have to hear the experts.

11  Okay.  And that's not a criticism of any prospective witness

12  here.

13      (Laughter)

14          THE COURT:  But that's a chore for the Court as

15  well.

16          But secondly, you know, the issue that's, I

17  guess, from before the filing was bound to be central and

18  has now fully come to the center stage, and that is the

19  ethicacy of the claims against the LBO lenders.  You know,

20  it's important enough that regardless of what the parties

21  want to do, that the Court needs to hear, you know, whether

22  the claims are good or bad and that doesn't mean they have

23  to be tried in full.  But I understand that that does

24  involve some work that the parties would rather not

25  undertake and may have been a motivation for entering into

1  the settlement.  I understand.  Understand my position.

2  MR. ROSNER:  I do understand your position, Your

3  Honor, and I would submit to Your Honor that there is -- as

4  you just said, this is an issue that has been implicated in

5  this case.  This is not an issue that is new to the Court,

6  and I don't mean just not new to the Court in the sense that

7  people have dropped footnotes and said, oh, by the way,

8  there are LBO claims that are out there.

9  The Court is going to have the benefit of what

10  we're told is going to be a multi-hundred-page examiner's

11  report with thousands of references to actual documents.  I

12  wouldn't suggest that Your Honor, you know -- well, let me

13  just talk about what is going -- what Your Honor actually

14  has in terms of whether you call it canvassing the issue or

15  -- the issues or understanding the issues.

16  THE COURT:  Well, let me ask you to pause for a

17  minute and just comment on what you said so far.  That's why

18  I said earlier I agree with the debtor that there will be

19  several events occurring between now and confirmation, maybe

20  not within a convenient enough time frame for the parties

21  and their discovery efforts, but which may very well be

22  clarifying events.

23  And I don't disagree with you that the examiner's

24  report probably will be one of them and probably will inform

25  not just the parties, but the Court about the scope, put it

1   that way, of the confirmation hearing. But we don't have

2   that now.

3         MR. ROSNER: Okay, Your Honor. The last thing --

4   I think it's a self-evident point, but I'll make it -- is

5   that, obviously, the -- I shouldn't say obviously. The

6   Court has the full capability and is empowered to set the

7   schedule for what it should hear at confirmation and what it

8   should not hear at confirmation.

9         As a settling party, and I'm sure my colleagues

10   on the other side of the table will feel the same way, that

11   we would implore, Your Honor, that when we get to August 9th

12   -- it's not happening today -- that we focus very clearly on

13   what the parties have done and, also, what has already been

14   presented to Your Honor through starting from the 2004

15   motion to the Cybergenics' complaint to -- motion to the

16   committee's complaint to the Wilmington Trust complaint and

17   all of the materials that have already been presented to

18   Your Honor.

19         Thank you very much.

20         THE COURT: Thank you.

21         MR. KAMINETZKY: Good afternoon, Your Honor.

22   Benjamin Kaminetzky of Davis Polk for JPMorgan Chase agent.

23         Most of the comments that I wanted to make have

24   already been addressed by other parties or, quite frankly,

25   Your Honor stole a good portion of my thunder and I'm -- I

 1   heard what you said about not providing the guidance that we

 2   were looking for until August 9th.

 3          I just wanted to, you know, underscore a couple

 4   of points.  I won't be repetitive, just, number one, with

 5   respect to what Mr. Rosner said, I just want to echo the

 6   point in terms of what we had to do to get our client to

 7   settle -- and this is kind of -- we have the exact -- the

 8   same prospective, but from the opposite standpoint of Mr.

 9   Rosner.

10          What we sold them on or what a settlement usually

11   sells a party on is avoiding exactly what it looks like

12   we're about to head into starting tomorrow with the exchange

13   of -- or the identification of experts.  And, unfortunately,

14   what looks like a lot of what we thought we were buying with

15   the settlement is, at least today we're not going to be

16   getting the benefit of that bargain or that potential

17   bargain.

18          Indeed, you know, the burdening expense of the

19   experts as well as the idea that we've -- you know, we

20   thought our claims -- that the claims had no merit.  We,

21   nevertheless, thought we were buying something by ponying up

22   a fair amount of money.  At this point now that we see that

23   we get to -- it's almost like a one-way ratchet.  If we win,

24   we still get to pay, but if we lose then we're still off to

25   the races.

1      THE COURT:  Look, and I say this without

2  suggesting what the parties who are proponents either

3  formally or not of the plan should do or not do.  But if you

4  want to put it in your terms, maybe you didn't buy enough.

5  And in a multi-constituency bankruptcy, sometimes you can't

6  buy everything that you would like to have.  And there are

7  consequences to that and we find ourselves in the midst of

8  one of those consequences.

9      And I say that with sympathy for your position,

10  but based on my experience, I just don't know -- put it this

11  way.  For now I think that's the track we have to follow.

12      MR. KAMINETZKY:  Okay.  And with respect -- just

13  to follow up on that point.  With respect to August 9th, and

14  I'm glad that Mr. Rosner raised this because for a while

15  this was, I thought, the nine-hundred-pound gorilla in the

16  room that no one was talking about.  We will have the

17  examiner report.

18      And whether the standard is canvassing the issue,

19  as we believe the case law suggests, or canvassing the issue

20  plus, as Your Honor has suggested, we think we'll be -- I

21  mean, the examiner, you know, with the $8 million and the,

22  you know, kind of hundreds of hours that he spent -- in

23  fact, I think it's a full-time job of two or three lawyers

24  in my firm is to respond to the examiner of the last couple

25  of weeks -- I think we will be in a position to have

1  canvassed the issue -- more than canvassed.  I think we've

2  spackled, wallpapered, painted, the issue by that point and

3  I hope that Your Honor, when we go through -- when we come

4  back on August 9th will think of that as among the various

5  potpourri of tools that you'll have to canvas or to canvas

6  plus.

7          And in that regard, as you've heard, Your Honor,

8  tomorrow -- we're with -- we're on a schedule now and

9  according to that schedule, what's about to happen is

10  tomorrow is we have to identify experts, and by our count

11  absent any guidance, which now we know that we're not going

12  to get until August 9th, you're going to have, I think, by

13  my count, perhaps seven or more parties identifying experts

14  on solvency, insolvency, and various things in between

15  tomorrow, and that starts this kind of intense expert

16  discovery with expert reports, cross-examinations, et

17  cetera.

18          It doesn't make sense, Your Honor, to put off

19  those dates until after the examiner report comes out

20  because I think at that point, as the Court has already

21  indicated, you'll have a -- perhaps a better idea of what

22  the hole issue that Your Honor needs filled by additional

23  evidence.  Right now, perhaps, Your Honor isn't sure, as we

24  -- no one in this courtroom is, is how thorough or what

25  exactly the examiner report will look like, other than it

 1   will be a lot of pages.

 2          THE COURT:  I'm sure it will be thorough.

 3          MR. KAMINETZKY:  Right.  So does it make sense at

 4   that point, and that point, perhaps, being August 9th, once

 5   we've all digested the examiner report, for the Court at

 6   that point to give guidance to the parties in terms of what

 7   expert testimony you will or will not be looking for because

 8   I fear that if we start this game tomorrow, we're already --

 9   you know, there undoubtedly will be, you know, hundreds of

10   thousands of dollars just wasted on expert issues that

11   whether you say it's canvassing the issue or canvassing the

12   issue plus, will be completely flushed down the drain

13   because I don't think there's any chance you would be

14   interested in any of that in the context of a confirmation

15   hearing.

16          THE COURT:  Well, what, then, would happen if I

17   should decide expert discovery should go forward on August

18   9th?

19          MR. KAMINETZKY:  I think we'll have a very

20   contracted expert discovery program.  But I think -- you

21   know, I'm sure the -- put it this way.  I'm sure the parties

22   are ready to identify an expert working on experts, et

23   cetera, except I'm not sure you want to set up the dynamic

24   where the settling parties -- not only will you have

25   disputes between the settling parties and the non-settling

1   parties, but what tomorrow's going to bring is a very kind

2   of strange dynamic.  You're going to have the settling

3   parties putting in opposite expert reports.  We're saying

4   this is very solvent.  They're -- Mr. Rosner, who we're arm

5   in arm with, is saying insolvent.  The credit agreement

6   lenders will say so very solvent that any settlement is

7   unreasonable.  I mean, et cetera, et cetera.  And the UCC is

8   going to have to cover their flank and say insolvent.

9              We know that you're not going to want to hear

10  that, Your Honor, but that is -- you know, given what's at

11  stake here, is what's going to happen tomorrow.  That's what

12  my clients are going to make us do.

13             THE COURT:  And your concern, as I've said to

14  others, is well placed, although, you know, you could -- one

15  could take the view that if things developed as you say they

16  will, that that's a very strong argument in support of the

17  settlement.  I --

18             So I -- you know, I --

19             MR. KAMINETZKY:  But, you see, I think you've now

20  hit the nail because that's the -- the real issue is not

21  what I think or what Mr. Rosner thinks or what the UCC

22  thinks, but it's what the debtors thought and that the

23  debtors went through a robust process, weighed the various

24  options, and I think that is what's going to be featured at

25  the confirmation hearing.

1        Do you really care, Your Honor, what JPMorgan's

2  expert's going to think of solvency, what Mr. Rosner's

3  expert's going to think of solvency.  Do you -- because

4  that's not -- that's a litigation.  That's not a settlement

5  hearing.

6        So I'm just suggesting that perhaps a way to

7  avoid, you know, kind of this massive expert discovery

8  effort, enterprise that's going to be starting literally,

9  you know, twenty-four hours from now because we're -- that's

10  when we're obliged to start it, I think it may make sense,

11  given the uncertainty and the lack of guidance at this

12  point, to hold off until we have the examiner report and

13  Your Honor could then assess what holes actually need to be

14  filled by the parties.

15        THE COURT:  I'll do that if the debtor wants to

16  postpone confirmation.

17        MR. KAMINETZKY:  I withdraw the request, Your

18  Honor.

19     (Laughter)

20        THE COURT:  Thank you.

21        MR. KAMINETZKY:  Thank you.

22        THE COURT:  Anyone else wish to be heard?

23        MR. SIEGEL:  Martin Siegel from Brown Rudnick on

24  behalf of Wilmington Trust.

25        Since we are not a settling party, obviously, we

1    are in a different posture.  But I just wanted to at least -

2    - since Mr. Rosner and others have asked the Court to keep

3    in mind what can be done on August 9th, clearly some of our

4    premature arguments will have disappeared by then.  We'll

5    have the expert reports.  We'll have the submission

6    tomorrow.  Even on August 4th we're submitting expert

7    reports.  So there will be a lot more information.

8              What won't be before the Court on August 9th is

9    plan objections and one of our objections, if you will, to

10   the way the debtor is proposing to go forward with this is

11   he's -- the debtor has only taken into account possible

12   objections or possible proponents and objectors to the

13   settlement.

14             As Your Honor knows, in a case of this size there

15   are going to be substantial other objectors:  Trade, taxes,

16   tension people, and just when you're --

17             THE COURT:  By the way, I think all of whom I

18   heard from at the disclosure hearing stage, so it's not that

19   it couldn't happen --

20             MR. SIEGEL:  It will.

21             THE COURT:  -- but I'm of the view that probably

22   most of the major objections have been surfaced.  I could be

23   wrong.

24             MR. SIEGEL:  Right.

25             THE COURT:  But we -- you know, we had a pretty

1  robust disclosure hearing process, you know.  But I

2  understand your point.

3          MR. SIEGEL:  My point is when you're talking

4  about -- I think the current proposal is one day for opening

5  and closing, two days for the proponents of the settlement

6  and two days for the objectors to -- not just the

7  settlement, but to confirmation.  That includes people other

8  than those that are involved in the LBO-related claims and

9  whatever schedule you set up or think about what we discuss

10  on the 9th, we will still be missing a very big piece and

11  that is plan objections which won't come until the following

12  week.

13          So I'm throwing out to Your Honor in your

14  consideration you may have to, at least, wait until that

15  piece is in before any real progress can be made with regard

16  to setting plan confirmation schedules.

17          THE COURT:  Well, as I reviewed the submissions

18  that was the one important element in terms of a possible

19  clarifying event that doesn't proceed the August 9th hearing

20  and I'm -- I am aware of that.  Frankly, I think it is a

21  good idea that there be a schedule and it may have to be

22  made before all of the objections are in.

23          And I'm also, just to give you one other preview,

24  I probably don't need that much time in the way of opening

25  statements.  Closing would probably be more helpful to me.

1  So I throw that out for the parties to consider.

2            MR. SIEGEL:  Thank you, Your Honor.

3            THE COURT:  All right.

4            MR. JOHNSTON:  Good afternoon, Your Honor.  Jim

5  Johnston of Hennigan, Bennett & Dorman on behalf of the

6  credit agreement lenders.

7            Your Honor saw our objection to the cross-motion

8  which raised two points:

9            That we thought the relief requested was

10 premature and prejudicial.

11           On the second point, Your Honor's statements that

12 you're not going to fix the standard with respect to the

13 settlement before confirmation satisfies our concerns

14 completely.

15           With respect to the premature nature of the

16 relief requested, I do echo Mr. Siegel's concerns that by

17 the time we get to the 9th, a few critical pieces of the

18 puzzle will not be in place to be able to fix a schedule in

19 stone, at least.  Not only are objections not in, but we

20 won't know the vote by then.

21           Your Honor will recall from the last hearing, the

22 voting deadline is the 6th, but people can mail it in.

23 There won't be a tabulation by that point in time.  And,

24 certainly, our case at least with respect to confirmation

25 will be very different depending on how the vote comes out,

1 including the vote with respect to our class. So any

2 allocation of time, responsibility and the like will be --

3 could differ quite a bit depending on which classes actually

4 vote to accept this plan.

5 And just because people were kind of previewing a

6 few issues, which I'm sure we can get into in more detail on

7 the 9th, I will say that the debtors' proposal to split the

8 allocated time, however much time that is, fifty/fifty

9 between plan supporters and plan opponents strikes us as

10 particularly prejudicial and unfair to plan opponents.

11 The plan supporters are all going to advance,

12 essentially, the same arguments, at least with respect to

13 the settlement; that it's fair; that it's within the range

14 of reasonableness and the like. But the plan opponents are

15 going to be advancing completely different arguments,

16 probably diametrically opposed arguments.

17 You're going to have Mr. Siegel and Mr. Starke on

18 one side telling you how the settlement doesn't go nearly

19 far enough, that it's too cheap and the like. You're going

20 to have us on the other side telling you that the

21 settlement's far too rich and unreasonable in that regard,

22 and you're going to have Mr. Lauria and his co-counsel

23 arguing something in the middle; that it goes too far in

24 some aspects; that it doesn't go far enough in other

25 aspects.

1          So a neat fifty/fifty division of time between

2    opponents and proponents doesn't strike us as particularly

3    appropriate under the circumstances.

4          THE COURT:  Thank you.

5          MR. JOHNSTON:  Thank you.

6          THE COURT:  All right.  Anyone else from whom I

7    have not yet heard wish to be heard?

8       (No verbal response)

9          THE COURT:  Okay.  Frankly, I'm not inclined to

10   go another round unless --

11      (Laughter)

12         THE COURT:  -- unless somebody feels that they

13   would leave here terribly unfulfilled without taking another

14   couple of minutes.

15      (No verbal response).

16         THE COURT:  Okay.  Are there any questions?

17      (No verbal response)

18         THE COURT:  All right.  We'll carry for calendar

19   purposes to the 9th the two motions and status on

20   confirmation.  I guess I would also say, and I hesitate to

21   give such invitations.  But I'll also say to the extent

22   anybody else thinks other relief is required in connection

23   with confirmation, I ask that they file their motions in

24   time to tee them up for the August 9th hearing.

25         Obviously, given the timing, there may be some

1 motions to shorten. But I would like to coral as much as we

2 can by that day and time to offer the parties the kind of

3 framework that I was unwilling to give them today,

4 understanding that there will be a need for it, but it's the

5 Court's feeling that there should be -- further developments

6 should allow to mature before we -- before we lock the

7 framework in.

8          Okay. I'll ask one more time, any questions?

9          MR. LAURIA: Yes, Your Honor. Tom Lauria with

10 White & Case for Wells Fargo.

11          The one thing I guess -- there's nothing before

12 the Court on this, but I did want to, I guess, put a little

13 bit of a flag in the ground here and make sure the Court was

14 aware of it.

15          To my knowledge, none of the fact depositions

16 have gone forward at this point, although they've been

17 noticed up starting as long as a month ago. They've all

18 been canceled for various reasons, including people don't

19 want to get deposed until the examiner report is out.

20          And the thing I want to let the Court know is,

21 you know, we recognize and the Court has said numerous times

22 that the schedule has been designed to accommodate getting

23 to confirmation, you know, roughly in connection with the

24 debtors' exclusivity.

25          And, you know, as the Court commented in I think

```
 1   the back and forth with counsel for JPM, you know, they
 2   can't have it both ways.  You know, this schedule is a tight
 3   one.  It's going to be tough to accommodate no matter what.
 4   But it -- I think we are going to have some problems
 5   because, you know, typically you get through the fact
 6   depositions and then you get to the experts, and the -- all
 7   of the fact witnesses have been canceled.  Not one of our
 8   depositions has gone forward at this point.  And so we're --
 9   we are going to have a -- unfortunately, a traffic jam in
10   the near future.
11           THE COURT:  Well, I hear you, Mr. Lauria.  I'll
12   also remind the gathered that I'll be unavailable beginning
13   Friday until the 28th of July and it's not my intention to
14   push off to a duty judge in my absence things that arise in
15   the interim.  I will be reachable where I am, but will have
16   -- I'll put it this way.  I'll be limited in the things I'm
17   able to do.
18           Okay.  Any other questions?
19           MR. SEIFE:  Just one point, Your Honor.  As we
20   move toward August 9th, Your Honor suggested motions to the
21   extent they're relevant be made.  They're returnable that
22   day.  I would think the parties may wish to offer further
23   submissions based on developments as they come out in terms
24   of the examiner's report, discovery and disclosures as to
25   experts to address the issue of confirmation procedures,
```

1   both as to time and the like.

2           So perhaps it would be good to set a deadline for

3   those additional submissions in advance of August 9th.

4           THE COURT:  Yeah.  How about July 30th for the

5   filing of all motions for parties who wish to be heard on

6   the 9th, with responses due, well, five o'clock eastern on

7   the 5th.

8           MR. SEIFE:  And that would include on the 5th

9   additional submissions as to positions as to how

10  confirmation should be conducted?

11          THE COURT:  Well, let's put it this way.

12  Typically, Courts take pleadings.

13          MR. SEIFE:  That's why I raise the issue, Your

14  Honor.  We do have two pending motions --

15          THE COURT:  If you --

16          MR. SEIFE:  -- of course.

17          THE COURT:  If you wish to offer supplements to

18  motions, it seems to me that those ought to be in by the

19  30th as well so that other parties have the chance to

20  respond.

21          MR. SEIFE:  Thank you, Your Honor.

22          THE COURT:  Okay.  Any other questions?

23      (No verbal response)

24          THE COURT:  Thank you all very much.  That

25  concludes this hearing.

1          Court will stand adjourned.

2      (Whereupon at 2:48 p.m., the hearing was adjourned)

3

4                    CERTIFICATION

5          I  certify  that  the  foregoing  is  a  correct

6  transcript  from  the  electronic  sound  recording  of  the

7  proceedings in the above-entitled matter.

8

9

10

11  Sherri Breach                    July 15, 2010

12  AAERT Cert. No. 397

13  Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **08-13141-kjc**(1) 1:5 | | **almost**(1) 46:23 | | **any**(22) 10:22 12:9 14:3 19:10 20:7 25:14 25:14 25:15 38:6 39:7 39:13 43:11 48:11 49:13 49:14 50:6 53:15 55:1 56:16 57:8 58:18 59:22 | | **back**(4) 12:12 19:7 48:4 58:1 |
| **abid**(1) 3:28 | | **along**(1) 39:10 | | | | **background**(2) 16:12 17:8 |
| **ability**(2) 24:5 24:23 | | **already**(10) 20:12 20:17 24:25 26:22 27:8 45:13 45:17 45:24 48:20 49:8 | | | | **bad**(1) 43:22 |
| **able**(3) 11:19 54:18 58:17 | | | | | | **bale**(1) 21:4 |
| **about**(29) 12:9 12:11 12:15 13:14 18:3 18:7 19:8 19:17 24:3 25:11 29:9 31:1 31:12 34:22 34:25 35:1 37:17 39:14 40:2 43:5 44:13 44:25 46:1 46:12 47:16 48:9 53:4 53:9 59:4 | | **also**(17) 9:11 12:24 13:1 15:16 18:17 25:13 27:1 29:22 41:9 41:12 41:12 41:16 45:13 53:23 56:20 56:21 58:12 | | **anybody**(6) 14:19 29:25 31:11 33:16 33:17 56:22 | | **bank**(8) 2:34 2:41 2:47 5:34 6:4 6:12 7:15 16:19 |
| | | | | **anyone**(5) 14:8 14:22 18:1 51:22 56:6 | | **bankruptcy**(4) 1:1 1:20 19:21 47:5 |
| **above-entitled**(1) 60:7 | | **alternatives**(1) 35:13 | | **anything**(2) 25:17 33:19 | | **banks**(1) 25:14 |
| **absence**(1) 58:14 | | **although**(2) 50:14 57:16 | | **anyway**(1) 21:23 | | **bar**(1) 24:3 |
| **absent**(1) 48:11 | | **alvarez**(2) 7:30 7:30 | | **apart**(2) 22:6 36:7 | | **barclays**(1) 2:47 |
| **accept**(1) 55:4 | | **always**(2) 33:14 33:25 | | **appearances**(4) 1:43 5:1 6:1 7:2 | | **bargain**(2) 46:16 46:17 |
| **access**(4) 10:13 10:18 14:15 14:19 | | **amazing**(1) 38:3 | | **appeared**(2) 41:8 41:9 | | **barnes**(1) 4:30 |
| **accommodat**(4) 31:21 32:9 57:22 58:3 | | **america**(2) 6:4 6:12 | | **appears**(1) 38:20 | | **based**(5) 36:12 37:2 41:16 47:10 58:23 |
| **accommodating**(1) 38:16 | | **americas**(3) 3:47 6:31 7:9 | | **applies**(1) 20:7 | | **basically**(1) 21:4 |
| **accomplish**(2) 11:18 16:22 | | **amit**(1) 2:49 | | **apply**(1) 40:11 | | **basis**(3) 18:10 25:4 26:5 |
| **according**(1) 48:9 | | **among**(1) 48:4 | | **appointed**(1) 10:16 | | **bates**(1) 9:10 |
| **account**(1) 52:11 | | **amount**(1) 46:22 | | **appreciate**(1) 38:25 | | **because**(23) 12:5 17:7 18:5 21:11 24:24 |
| **acknowledge**(1) 19:2 | | **analysis**(2) 19:17 41:5 | | **appreciated**(1) 33:22 | | 29:8 33:16 33:23 34:24 37:18 41:24 42:7 |
| **action**(21) 15:7 15:8 15:19 19:24 20:3 21:3 23:4 25:10 25:19 26:1 27:3 28:17 28:19 29:14 29:15 29:23 30:3 30:11 31:3 37:22 37:24 | | **and**(301) 1:32 2:9 2:25 2:33 3:10 3:16 3:34 4:15 4:21 4:36 4:42 5:10 5:25 5:46 6:11 7:12 8:14 8:16 8:22 9:2 9:8 9:9 9:1: 9:19 9:20 9:25 10:8 10:16 10:19 10:25 11:2 11:6 11:11 11:16 11:18 11:20 11:20 12:2 12:5 12:6 12:13 13:3 13:8 13:11 13:17 13:18 13:24 14:11 14:13 14:15 14:16 15:: 15:8 15:9 15:21 16:3 16:11 16:23 17:2 17:2 17:10 17:12 17:15 17:24 18:3 18:14 18:16 18:17 18:17 18:17 18:21 18:23 18:24 18:25 19:1 19:7 19:10 19:11 19:12 19:14 19:15 19:15 19:17 19:23 19:24 20:: 20:14 20:16 20:24 20:24 21:5 21:6 21:10 21:12 22:5 22:6 22:10 22:11 22:14 23:1 23:4 23:8 23:12 23:12 23:24 24:3 24:13 24:20 25:6 25:16 25:16 25:23 26:1 26:4 26:4 26:15 26:22 26:23 26:24 27:3 27:4 27:8 27:11 27:18 27:20 28:2 28:10 28:10 29:9 29:10 29:11 29:15 29:16 29:17 29:19 29:21 29:23 29:24 30:3 30:4 30:13 31:6 31:16 31:17 31:22 32:4 32:6 32:6 32:7 32:7 32:15 32:16 33:4 33:13 33:18 33:19 33:20 33:23 33:25 34:5 34:14 34:16 34:20 34:25 35:5 35:10 35:16 35:21 35:22 36:6 36:8 36:8 36:11 36:13 36:14 36:16 36:18 36:20 36:21 36:23 37:1 37:3 37:6 37:6 37:7 37:9 37:11 38:4 38:11 38:18 38:23 39:5 39:10 39:12 39:13 39:14 39:22 39:2: 40:3 40:7 40:8 40:14 40:20 40:22 40:25 40:24 40:24 40:25 41:2 41:8 41:9 41:10 41:18 41:19 42:4 42:5 42:8 42:13 42:19 42:19 42:21 42:25 43:2 43:4 43:5 43:8 43:11 43:17 43:18 43:22 43:25 44:3 44:4 44:7 44:17 44:19 44:21 44:23 44:24 45:6 45:7 45:9 45:13 45:16 45:25 46:7 46:13 47:1 47:5 47:6 47:7 47:9 47:12 47:13 47:18 47:21 48:2 48:7 48:8 48:10 48:14 48:15 49:4 49:25 50:7 50:8 50:13 50:22 50:24 51:11 51:12 52:9 52:12 52:16 53:5 53:6 53:8 53:10 53:20 53:21 53:23 54:10 54:23 55:2 55:5 55:9 55:15 55:16 55:17 55:19 55:21 55:22 55:22 56:2 56:1: 56:20 57:2 57:13 57:20 57:21 57:25 | | **approach**(3) 32:16 32:20 33:13 | | 42:9 43:10 47:14 48:20 49:7 49:13 50:20 51:3 51:9 55:5 58:5 |
| **actions**(2) 19:23 34:7 | | | | **approval**(1) 28:15 | | |
| **actual**(2) 42:3 44:11 | | | | **approve**(1) 13:13 | | **become**(1) 21:17 |
| **actually**(9) 9:4 9:20 13:4 26:15 26:21 30:2 44:13 51:13 55:3 | | | | **approved**(1) 30:22 | | **becomes**(1) 41:20 |
| | | | | **architects**(1) 25:14 | | **becoming**(1) 31:13 |
| **adam**(1) 4:17 | | | | **are**(63) 8:9 8:17 8:22 11:3 11:5 11:5 11:6 11:17 13:16 15:11 15:11 15:12 15:23 17:10 17:23 18:24 22:3 22:20 22:25 23:15 24:1 24:9 25:19 25:21 25:22 25:24 26:1 26:9 26:9 31:2 34:5 35:4 35:8 35:12 36:8 36:25 37:2 38:9 41:13 41:20 41:23 41:24 42:7 42:20 43:5 43:22 44:8 44:8 47:2 47:6 49:2 50:12 51:25 52:1 52:15 53:8 53:22 54:19 55:11 55:14 56:16 58:4 58:9 | | **before**(28) 1:19 8:9 10:8 10:15 12:7 12:12 15:17 17:7 17:20 18:14 18:20 20:22 21:23 22:17 27:3 32:13 33:16 37:4 40:9 41:25 43:17 52:8 53:15 53:22 54:13 57:6 57:6 57:11 |
| **add**(1) 31:12 | | | | | | |
| **additional**(4) 37:24 48:22 59:3 59:9 | | | | | | **begin**(1) 15:25 |
| **address**(3) 16:2 16:2 58:25 | | | | | | **beginning**(3) 15:12 29:7 58:12 |
| **addressed**(3) 25:3 25:23 45:24 | | | | | | **behalf**(8) 14:11 15:2 16:8 28:10 34:8 39:23 51:24 54:5 |
| **addresses**(1) 26:4 | | | | | | |
| **adjourned**(3) 9:7 60:1 60:2 | | | | | | **behave**(1) 26:21 |
| **adler**(2) 4:44 5:35 | | | | **argue**(3) 15:12 21:11 29:9 | | **being**(3) 8:14 49:4 |
| **admitted**(1) 19:25 | | | | **argued**(1) 21:10 | | **believe**(5) 16:21 19:11 29:16 43:2 47:19 |
| **advance**(3) 35:22 55:11 59:3 | | | | **arguing**(1) 55:23 | | **believes**(1) 12:21 |
| **advancing**(1) 55:15 | | | | **argument**(4) 15:4 30:18 32:8 50:16 | | **benefit**(4) 10:8 38:14 44:9 46:16 |
| **advantageous**(1) 38:2 | | | | **arguments**(5) 22:22 52:4 55:12 55:15 | | **benesch**(1) 3:4 |
| **advocate**(1) 16:3 | | | | **arif**(1) 7:42 | | **benjamin**(2) 2:21 45:22 |
| **advocates**(3) 33:21 34:5 | | | | **arise**(1) 58:14 | | **bennett**(2) 5:40 54:5 |
| **aert**(1) 60:12 | | | | **arm**(2) 50:4 50:5 | | **benson**(2) 5:11 39:22 |
| **affect**(1) 24:5 | | | | **arrowgrass**(2) 7:41 7:41 | | **bernstein**(1) 2:20 |
| **after**(5) 21:15 21:16 24:2 36:20 48:19 | | | | **articulation**(1) 40:7 | | **best**(2) 11:17 32:11 |
| **afternoon**(10) 8:4 8:5 8:6 10:3 15:1 16:7 33:7 39:21 45:21 54:4 | | | | **ashley**(1) 4:10 | | **better**(1) 48:21 |
| | | | | **aside**(1) 37:12 | | **between**(14) 19:8 19:9 20:20 21:1 31:6 36:18 39:10 40:24 43:2 44:19 48:14 49:25 55:9 56:1 |
| **afterward**(1) 25:3 | | | | **ask**(6) 13:24 14:8 35:9 44:16 56:23 57:8 | | |
| **afterwards**(1) 25:23 | | | | **asked**(1) 52:2 | | |
| **again**(5) 21:6 21:22 26:1 28:9 32:3 | | | | **asking**(3) 13:5 19:5 40:15 | | **beyond**(1) 20:12 |
| **against**(5) 22:11 22:13 31:23 40:2 43:19 | | | | **aspects**(2) 55:24 55:25 | | **bifferato**(1) 5:4 |
| **agenda**(2) 8:9 9:2 | | | | **assess**(1) 51:13 | | **bifurcated**(1) 25:2 |
| **agent**(7) 15:21 16:9 25:14 28:13 29:1 39:13 45:22 | | | | **assessed**(1) 30:12 | | **big**(1) 53:10 |
| | | | | **assessing**(2) 21:4 27:2 | | **bigelow**(1) 2:11 |
| **ago**(3) 31:14 42:13 57:17 | | | | **assessments**(1) 23:17 | | **billion**(2) 16:12 25:11 |
| **agree**(8) 11:3 22:3 27:18 28:2 28:3 35:13 41:15 44:18 | | | | **assume**(1) 9:14 | | **bit**(5) 9:21 19:16 38:19 55:3 57:13 |
| | | | | **atamian**(1) 2:50 | | **bldg**(1) 6:37 |
| **agreement**(4) 5:40 25:25 50:5 54:6 | | | | **attempt**(2) 25:15 25:16 | | **block**(1) 2:4 |
| **agreements**(1) 9:15 | | | | **attempting**(1) 30:11 | | **blocks**(1) 38:5 |
| **ahead**(3) 12:4 24:15 26:12 | | | | **august**(27) 9:7 12:17 13:3 13:18 27:22 35:18 36:16 37:13 38:13 38:18 39:11 40:24 43:3 45:11 46:2 47:13 48:4 48:12 49:4 49:17 52:3 52:6 52:8 53:19 56:24 58:20 59:3 | | **blows**(1) 28:21 |
| **ahmed**(1) 6:17 | | | | | | **boggs**(1) 6:37 |
| **akin**(1) 3:26 | | | | | | **bonds**(1) 39:24 |
| **all**(34) 8:2 8:5 8:22 12:22 13:15 14:12 21:4 22:17 31:13 31:18 32:19 32:23 32:2: 32:25 33:3 34:11 35:9 36:25 37:4 37:14 38:1 38:12 45:17 49:5 52:17 53:22 54:3 55:11 56:6 56:18 57:17 58:6 59:5 59:24 | | | | **aurelius**(1) 7:21 | | **both**(10) 15:23 19:13 19:22 23:16 26:3 31:22 39:11 40:1 58:2 59:1 |
| | | | | **austin**(1) 1:33 | | |
| | | | | **authorize**(1) 11:14 | | **bottom**(1) 36:1 |
| **allocated**(2) 25:12 55:8 | | **and**(8) 58:1 58:6 58:6 58:8 58:13 58:24 59:1 59:8 | | **available**(1) 13:15 | | **bottoms**(1) 21:2 |
| **allocation**(1) 55:2 | | | | **avenue**(16) 1:28 2:22 2:37 2:43 3:6 3:47 4:39 4:49 5:22 5:36 6:18 6:24 6:31 6:45 6:51 7:9 | | **bound**(1) 43:17 |
| **allotted**(1) 32:10 | | | | | | **boundaries**(2) 31:12 32:2 |
| **allow**(3) 16:18 32:1 57:6 | | **anderson**(1) 5:26 | | | | **bowers**(1) 42:6 |
| **allowance**(5) 9:9 16:19 24:21 25:3 28:20 | | **andrew**(6) 2:5 3:21 3:45 4:23 5:14 6:44 | | **avoid**(5) 16:23 16:25 34:15 43:7 51:7 | | **brady**(1) 5:49 |
| **allowed**(4) 17:10 22:10 24:22 24:22 | | **angeles**(1) 5:44 | | **avoidance**(2) 18:23 22:25 | | **bralow**(1) 2:12 |
| | | **angelo**(1) 6:42 | | **avoiding**(1) 46:11 | | |
| | | **anna**(2) 7:34 7:34 | | **aware**(5) 16:11 17:16 43:8 53:20 57:14 | | |
| | | **another**(10) 13:13 16:3 18:5 19:12 22:20 24:17 26:5 38:15 56:10 56:13 | | **away**(2) 25:2 37:9 | | |
| | | **anticipate**(1) 21:16 | | **awkward**(1) 26:6 | | |

# TRIBUNE.7.14.10.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

brandywine(1) 5:50
breach(1) 60:11
brian(1) 7:31
bridge(24) 15:21 16:8 16:12 16:19 16:21 17:1 17:7 17:9 17:17 17:23 20:25 21:7 22:7 22:19 22:20 22:24 23:3 24:1 24:19 25:21 28:13 28:20 29:1 39:12

brief(1) 28:10
briefly(2) 15:2 16:4
briesen(1) 8:22
bring(2) 37:23 50:1
broadens(1) 41:5
broadway(2) 2:51 5:16
bromberg(1) 3:18
brown(4) 2:47 3:11 3:17 51:23
bryan(2) 1:35 14:10
bryant(1) 3:31
build(1) 13:4
building(1) 5:50
burdening(1) 46:18
business(1) 37:10
but(81) 11:21 13:14 13:15 13:18 15:7 15:17 16:1 16:11 17:21 17:25 18:1 19:4 19:5 19:20 20:9 20:21 20:22 21:15 21:22 22:16 24:11 24:22 27:21 28:2 28:17 29:1 29:21 31:25 32:8 32:23 32:23 33:14 33:1 34:25 35:8 35:14 35:23 36:7 36:24 38:3 38:17 39:3 40:9 41:9 41:12 41:16 41:24 42:7 42:12 42:13 42:22 43:14 43:16 43:23 44:21 44:25 45:1 45:4 46:8 46:24 47:5 47:10 49:20 50:1 50:10 50:19 50:22 52:1 52:21 52:25 53:1 53:7 54:19 54:22 55:14 56:21 57:1 57:4 57:12 58:4 58:15

buy(2) 47:4 47:6
buying(2) 46:14 46:21
caleb(1) 6:37
calendar(3) 37:19 39:11 56:18
call(1) 44:14
can(25) 9:25 11:9 11:18 12:11 12:13 13:10 13:19 14:19 23:11 24:14 26:11 27:25 32:16 36:19 38:4 38:4 38:13 39:17 40:8 41:15 52:3 53:15 54:22 55:6 57:2

can't(4) 30:1 36:16 47:5 58:2
canceled(2) 57:18 58:7
candice(1) 1:37
cantor(1) 6:5
canvas(3) 20:16 48:5 48:5
canvassed(2) 48:1 48:1
canvassing(6) 35:4 44:14 47:18 47:19 49:11 49:11

capability(1) 45:6
capital(11) 4:47 4:47 6:16 6:16 6:22 6:22 7:21 7:37 7:37 8:16 9:13

care(1) 51:1
carefully(1) 28:11
carey(1) 1:19
carlyle(1) 2:41
carol(1) 4:48
carolyn(1) 4:44
carry(2) 40:16 56:18
carsey-warner(1) 9:15
case(22) 1:5 7:5 16:8 17:4 19:15 19:16 19:18 19:20 19:20 19:23 24:4 25:7 27:24 40:10 42:16 42:23 43:5 44:5 47:19 52:14 54:24 57:10

cases(5) 17:1 21:5 34:13 38:5 40:10
cashman(2) 7:45 7:45
causes(21) 15:7 15:8 15:18 19:24 20:3 21:3 23:4 25:9 25:19 26:1 27:2 28:16 28:19 29:14 29:15 29:22 30:3 30:11 31:3 37:21 37:24
cawley(1) 9:3
center(3) 7:15 18:24 43:18

centerbridge(2) 3:26 42:19
central(3) 19:25 28:22 43:17
cert(1) 60:12
certain(2) 37:13 40:18
certainly(3) 32:1 36:6 54:24
certainty(1) 38:22
certification(2) 9:3 60:4
certify(1) 60:5
cetera(4) 48:17 49:23 50:7 50:7
chadbourne(2) 4:5 33:8
challenge(1) 24:24
chambers(1) 13:24
chance(3) 11:24 49:13 59:19
chandler(1) 2:11
change(2) 39:13 40:8
changed(1) 27:11
chapter(1) 1:9
charted(1) 31:14
chase(2) 2:34 45:22
cheap(1) 55:19
chicago(3) 1:40 2:7 9:3
chore(1) 43:14
chung(1) 6:13
circumstance(1) 20:14
circumstances(1) 56:3
cisco(1) 9:12
cite(1) 11:21
citi(1) 3:43
citizens(1) 7:15
civil(1) 32:4
claim(10) 8:14 8:18 8:25 9:3 19:10 22:8 22:8 25:2 28:20 39:14

claims(36) 9:9 10:18 10:21 10:23 11:5 11:10 12:11 16:19 16:20 17:7 17:10 17:13 17:13 17:23 18:21 18:21 22:24 22:25 23:7 23:10 23:15 24:5 24:6 24:21 24:22 25:11 25:22 30:20 40:5 43:19 43:22 44:8 46:20 46:20 53:8

clarifying(1) 21:22 21:23 44:22 53:19
clarity(1) 29:7
clark(1) 2:6
class(1) 55:1
classes(1) 55:3
claudia(1) 8:13
clear(5) 15:10 15:17 23:13 39:7 41:20
clearer(1) 21:17
clearly(9) 25:8 25:18 25:25 26:4 27:7 40:3 42:1 45:12 52:3

clee(2) 10:4 14:17
clerk(1) 8:2
client(1) 46:6
clients(1) 50:12
closer(1) 32:17
closing(3) 53:5 53:25
closings(1) 26:22
cnn(1) 8:22
cnos(1) 9:11
co-counsel(1) 55:22
cobb(1) 4:16
cocs(1) 9:11
cole(2) 1:25 8:7
colleagues(1) 45:9
collins(1) 2:27
combined(1) 15:24
come(11) 10:14 10:16 12:12 24:4 32:17 35:22 38:18 43:18 48:3 53:11 58:23

comes(4) 41:19 42:1 48:19 54:25
coming(2) 33:12 41:3
comment(2) 20:9 44:17
commented(1) 57:25
comments(2) 20:9 45:23
commit(1) 38:17
committee(7) 7:4 33:8 34:8 37:17 38:8 42:21 42:22

committee's(2) 37:25 45:16
common(1) 35:23
companies(1) 38:10
company(3) 1:8 2:10 38:10
compelled(1) 31:4
complaint(3) 45:15 45:16 45:16
complete(1) 33:19
completed(2) 12:6 22:2
completely(3) 49:12 54:14 55:15
component(2) 19:25 28:17
conaway(1) 5:47
concern(4) 23:24 24:3 24:10 50:13
concerned(2) 30:25 40:6
concerns(3) 37:17 54:13 54:16
conclude(1) 41:18
concluded(1) 38:13
concludes(1) 59:25
conclusions(1) 11:20
condition(3) 24:18 24:24 24:25
conditions(1) 13:13
conduct(1) 37:10
conducted(1) 59:10
conference(1) 27:22
confidential(3) 11:4 11:6 11:22
confidentiality(6) 10:18 10:19 10:22 10:24 11:11 12:11

confine(2) 38:1 42:25
confined(3) 15:9 29:17 29:24
confirmation(44) 10:1 15:3 15:5 16:21 18:25 19:3 19:9 20:7 21:20 22:15 22:22 23:12 24:2 24:9 24:25 27:23 28:14 29:13 30:18 32:4 32:5 32:12 34:7 34:14 39:14 39:15 40:20 43:2 44:19 45:1 45:7 45:8 49:14 50:25 51:16 53:7 53:16 54:13 54:24 56:20 56:23 57:23 58:25 59:10

confirmation's(1) 40:4
confirmed(4) 17:20 17:24 21:18 31:19
conflict(1) 38:15
conflicted(1) 33:15
conlan(17) 1:34 15:1 15:2 15:13 15:15 16:5 28:9 28:10 28:25 30:25 31:8 31:10 32:13 32:20 32:23 33:4 36:7

connection(7) 10:11 14:9 16:13 20:3 39:15 56:22 57:23

consequences(2) 47:7 47:8
consider(3) 40:15 40:25 54:1
consideration(1) 53:14
considered(2) 41:7 43:9
consistent(3) 17:3 25:7 31:12
constituencies(1) 14:13
constituents(1) 31:22
context(2) 34:14 49:14
continue(1) 11:1
continued(12) 1:43 2:1 3:2 4:2 5:2 6:2 7:3 8:14 8:17 8:19 8:23 9:1

contracted(1) 49:20
contribution(1) 24:5
convenience(1) 43:9
convenient(1) 44:20
converted(1) 22:11
conveyance(3) 25:10 34:7 37:21
convinced(1) 41:21
copies(1) 13:25
coral(1) 57:1
correct(1) 60:5
corrected(1) 24:9
corroon(1) 5:26
cost(1) 37:7
could(14) 12:19 12:20 17:6 21:10 22:4 35:9 35:11 40:10 40:11 50:14 50:15 51:13 52:22 55:3

couldn't(1) 52:19
counsel(2) 9:4 58:1

count(2) 48:10 48:13
couple(3) 46:3 47:24 56:14
course(4) 10:12 19:16 36:24 59:16
court(148) 1:1 8:4 8:10 8:11 9:4 9:5 9:17 9:24 10:2 10:11 12:14 12:18 13:11 13:24 14:2 14:5 14:8 14:20 14:22 14:24 15:11 15:14 15:23 16:6 16:10 16:15 17:12 17:14 17:16 17:19 17:24 18:12 19:1 19:2 19:17 19:23 20:2 20:4 20:12 20:15 21:9 21:13 21:25 22:14 23:16 23:20 24:8 26:6 26:12 27:2 27:7 27:11 27:18 27:20 28:1 28:7 28:19 28:23 30:14 31:6 31:9 31:14 32:19 32:21 32:25 33:3 33:6 33:13 33:25 34:18 34:20 35:7 35:18 35:20 35:24 36:1 36:5 36:11 36:23 37:6 37:9 37:23 38:6 38:12 38:15 39:1 39:5 39:7 39:18 39:20 40:9 40:15 40:19 41:3 41:6 41:11 41:15 41:20 41:25 42:4 42:12 42:14 43:8 43:14 43:14 43:21 44:5 44:6 44:9 44:16 44:25 45:6 45:20 47:1 48:20 49:2 49:5 49:16 50:13 51:15 51:20 51:22 52:2 52:8 52:17 52:21 52:25 53:17 54:3 56:4 56:6 56:9 56:12 56:16 56:18 57:12 57:13 57:20 57:21 57:25 58:11 59:4 59:11 59:15 59:17 59:22 59:24 60:1

court's(3) 9:21 40:11 57:5
courtroom(3) 1:11 34:6 48:24
courts(4) 18:4 41:7 41:24 59:12
cover(1) 50:8
creates(1) 30:15
credit(3) 5:40 50:5 54:6
creditor(1) 14:12
creditors(4) 4:5 33:9 38:8 38:9
critical(2) 28:17 54:17
criticism(1) 43:11
cross(7) 24:5 26:14 29:8 30:7 35:11 35:12 41:13

cross-examination(1) 48:16
cross-motion(5) 26:11 31:11 40:17 42:6 54:7

cruz(1) 6:30
culminated(1) 34:11
current(2) 12:24 53:4
cutler(1) 6:42
cybergenics(1) 45:15
daniel(2) 3:29 6:5
dash(1) 3:21
data(1) 1:47
date(4) 12:17 13:13 13:18 13:20
dates(4) 14:13 29:10 38:22 48:19
dave(2) 2:12 2:13
david(8) 4:9 4:31 5:13 5:35 6:36 7:8 16:7 39:21

davis(2) 2:18 45:22
day(4) 26:23 53:4 57:2 58:22
days(9) 17:17 26:21 26:23 37:12 38:2 38:24 43:2 53:5 53:6
deadline(3) 10:7 54:22 59:2
deal(2) 12:20 13:2
dealing(1) 13:1
dearborn(1) 1:39
debate(1) 27:5
debenture(3) 5:4 39:23 39:23
deborah(1) 3:30
debtor(16) 8:7 21:10 21:11 21:25 22:3 22:15 28:2 28:10 31:17 31:17 36:13 40:17 44:18 51:15 52:10 52:11

debtors(25) 1:13 1:25 2:4 14:11 15:2 17:2 17:25 18:21 19:14 19:25 22:23 23:3 23:14 24:17 25:1 25:6 25:23 26:2 28:12 31:24 37:9 50:22 50:23 55:7 57:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**decide**(7) 11:11 12:13 13:9 13:12 23:20 38:24 49:17

**decided**(1) 26:22
**decision**(3) 28:3 36:21 36:25
**decisions**(2) 36:16 41:2
**deemed**(3) 17:10 24:22 24:22
**deeper**(1) 17:5
**defending**(1) 30:15
**define**(1) 23:18
**delaware**(7) 1:2 1:13 1:28 2:43 3:6 6:51 8:1

**delay**(1) 18:18
**deliver**(1) 13:24
**denied**(1) 29:5
**dennis**(3) 2:19 7:21 7:22
**depending**(2) 54:25 55:3
**deposed**(1) 57:19
**depositions**(5) 30:10 30:15 34:10 37:3 57:15 58:6 58:8

**depository**(1) 10:15
**deprive**(1) 29:25
**depth**(1) 21:13
**describe**(1) 28:14
**designation**(1) 37:1
**designed**(1) 57:22
**designing**(1) 22:16
**destroy**(1) 30:3
**detail**(1) 55:6
**determination**(4) 17:14 17:16 20:6 40:12
**determine**(2) 17:18 30:20
**deutsch**(1) 4:6
**deutsche**(1) 5:34
**developed**(1) 50:15
**developments**(2) 57:5 58:23
**dialogue**(1) 12:8
**diametrically**(1) 55:16
**diaz**(1) 1:47
**did**(7) 20:7 26:18 32:15 41:8 42:13 42:15 57:12

**didn't**(3) 20:22 33:19 41:11
**didn't**(1) 47:4
**differ**(1) 55:3
**different**(7) 34:6 34:11 36:8 36:9 52:1 54:25 55:15

**digested**(1) 49:5
**dilutes**(1) 30:17
**direct**(1) 35:11
**direction**(1) 37:13
**directors**(1) 25:16
**disagree**(2) 28:2 44:23
**disallowed**(1) 17:13
**disappeared**(1) 52:4
**discharge**(1) 13:1
**disclosure**(3) 18:6 52:18 53:1
**disclosures**(1) 58:24
**discovery**(11) 13:2 22:2 32:2 32:12 34:9 44:21 48:16 49:17 49:20 51:7 58:24

**discreet**(2) 24:12 38:5
**discuss**(2) 20:8 53:9
**discussion**(2) 19:8 20:17
**disgorgement**(1) 25:13
**dispositive**(1) 41:25
**disputed**(2) 17:13 22:11
**disputes**(2) 24:12 49:25
**distribution**(1) 9:16
**distributions**(1) 38:11
**district**(1) 1:2
**division**(1) 56:1
**document**(3) 10:14 11:21 11:22
**documents**(10) 10:13 10:14 10:16 11:3 11:5 11:6 11:7 12:9 14:15 44:11
**does**(5) 14:3 26:8 35:1 43:23 49:3

**doesn't**(10) 20:18 21:11 26:6 29:4 43:22 48:18 53:19 55:18 55:24 56:2

**doing**(4) 24:15 27:14 42:7 42:8
**dolan**(1) 3:12
**dollars**(3) 23:5 42:23 49:10
**dombeck**(1) 8:21
**don**(1) 2:14
**don't**(19) 10:22 18:7 19:4 20:4 21:12 23:19 30:19 33:14 33:16 36:15 42:2 42:2 44:6 44:23 45:1 47:10 49:13 53:24 57:18

**donald**(1) 2:20
**done**(5) 19:13 32:17 43:1 45:13 52:3
**don't**(3) 18:3 30:4 30:23
**dorman**(2) 5:40 54:5
**dorr**(1) 6:43
**doug**(1) 4:6
**dovetail**(1) 31:25
**down**(11) 19:10 21:2 21:7 24:2 28:16 30:31:1 35:14 38:19 39:17 49:12

**draft**(1) 30:7
**drain**(1) 49:12
**drill**(2) 35:14 38:19
**drop**(1) 10:21
**dropped**(1) 44:7
**dublin**(1) 3:27
**due**(3) 19:16 31:12 59:6
**duplicative**(1) 16:23
**duty**(1) 58:14
**dynamic**(2) 49:23 50:2

**each**(4) 15:24 26:23 31:3 35:1
**earlier**(4) 13:14 33:24 40:20 44:18
**early**(2) 27:3 28:3
**easily**(2) 24:11 24:14
**eastern**(1) 59:6
**echo**(2) 46:5 54:16
**ecro**(1) 1:45
**effect**(1) 22:20
**effectiveness**(2) 24:18 24:24
**efficient**(2) 28:21 38:4
**effort**(2) 31:10 51:8
**efforts**(4) 11:18 31:16 36:7 44:21
**eight**(2) 34:5 35:17
**eighteen**(1) 39:24
**either**(8) 15:19 20:6 20:19 21:20 32:8 39:8 39:8 47:2

**eldersveld**(1) 2:13
**electronic**(2) 1:52 60:6
**element**(1) 53:18
**eleven**(1) 31:15
**eliminate**(1) 18:13
**ellias**(1) 3:20
**else**(6) 14:8 14:22 18:1 51:22 56:6 56:22
**eluded**(1) 34:16
**embodied**(1) 30:21
**emphasize**(2) 25:5 26:10
**emphasizes**(1) 21:12
**empowered**(1) 45:6
**encompassed**(1) 40:12
**end**(7) 30:16 30:18 30:24 31:18 36:12 37:9 37:13

**english**(1) 5:34
**enough**(9) 13:8 15:15 30:19 37:14 43:20 44:20 47:4 55:19 55:24

**entering**(2) 43:7 43:25
**enterprise**(1) 51:8
**entire**(1) 11:16
**entirety**(1) 13:6
**entities**(1) 3:43
**entitles**(1) 19:4
**envision**(1) 21:15

**esq**(59) 1:27 1:34 1:35 1:36 1:37 1:38 2:5 2:19 2:20 2:21 2:27 2:28 2:42 2:48 2:49 2:50 3:5 3:12 3:18 3:19 3:20 3:21 3:27 3:28 3:29 3:30 3:37 3:45 3:46 4:6 4:7 4:9 4:10 4:11 4:17 4:23 4:24 4:31 4:38 5:5 5:13 5:14 5:15 5:21 5:27 5:35 5:41 5:49 6:5 6:6 6:30 6:36 6:44 6:50 7:6 7:7 7:8 7:14

**essence**(2) 30:4 31:2
**essentially**(4) 22:9 25:1 28:18 55:12
**establish**(1) 22:21
**estate**(2) 15:7 29:14
**esther**(1) 6:13
**estimation**(1) 9:8
**ethicacy**(1) 43:19
**evan**(2) 4:38 6:6
**even**(5) 31:2 34:19 34:23 41:20 52:6
**event**(3) 18:5 21:22 53:19
**events**(4) 21:23 22:3 44:19 44:22
**everybody**(3) 21:17 42:17 43:4
**everybody's**(1) 23:13
**everyone**(3) 8:4 20:1 23:11
**everyone's**(1) 38:14
**everything**(3) 13:25 23:12 47:6
**evidence**(11) 15:9 21:21 22:21 26:23 29:17 29:24 36:17 37:14 42:1 42:10 48:23

**evidentiary**(4) 20:2 38:20 38:23 41:17
**ewing**(2) 6:49 10:4
**exact**(1) 40:7
**exactly**(3) 38:7 46:11 48:25
**examiner**(18) 6:49 10:5 10:15 10:17 12:21 13:1 13:3 14:16 14:17 31:16 47:17 47:21 47:24 48:19 48:25 49:5 51:12 57:19

**examiner's**(11) 9:23 10:12 10:19 11:20 12:14 14:9 22:1 31:25 44:10 44:23 58:24

**example**(2) 26:2 35:9
**except**(1) 49:23
**exchange**(1) 46:12
**exchanges**(1) 33:21
**excide**(2) 20:8 41:6
**exclude**(1) 42:9
**exclusive**(1) 31:24
**exclusivity**(2) 32:10 57:24
**excused**(2) 14:7 14:24
**exit**(1) 13:13
**expect**(1) 33:19
**expense**(3) 18:17 37:7 46:18
**expensive**(1) 23:18
**experience**(2) 36:12 47:10
**experienced**(1) 38:16
**experiences**(1) 41:17
**expert**(16) 31:4 35:2 35:11 37:3 37:3 48:15 48:16 49:7 49:10 49:17 49:20 49:22 50:3 51:7 52:5 52:6

**expert's**(2) 51:2 51:3
**experts**(14) 15:9 29:17 29:24 30:10 37:1 43:4 43:10 46:13 46:19 48:10 48:13 49:22 58:6 58:25

**exposure**(1) 23:18
**express**(1) 39:9
**extensive**(1) 19:22 33:18 34:9 34:9
**extent**(6) 18:4 20:22 33:10 38:20 56:21 58:21

**eye**(1) 8:22
**f.3d**(1) 19:21
**face**(1) 24:18
**faced**(2) 20:15 38:4
**fact**(7) 12:6 37:15 41:3 47:23 57:15 58:5 58:7

**factor**(1) 42:17
**factors**(3) 19:15 19:18 41:5

**facts**(3) 15:9 29:17 29:23
**fair**(6) 15:15 32:8 41:19 41:19 46:22 55:13
**fairly**(1) 21:10
**fairness**(2) 22:5 23:24
**falls**(1) 21:1
**far**(7) 27:14 36:7 44:17 55:19 55:21 55:23 55:24

**fargo**(4) 7:5 16:8 39:3 57:10
**fargo's**(1) 40:2
**farkas**(1) 7:38
**favor**(1) 17:10
**fear**(1) 49:8
**feature**(1) 28:22
**featured**(1) 50:24
**federal**(1) 6:37
**feel**(5) 13:14 23:8 31:4 33:17 45:10
**feeling**(1) 57:5
**feels**(1) 56:12
**fees**(1) 25:13
**feld**(1) 3:26
**fellows**(1) 33:5
**few**(3) 37:11 54:17 55:6
**fifth**(1) 4:39
**fifty/fifty**(2) 55:8 56:1
**figueroa**(1) 5:42
**file**(19) 10:6 11:1 11:9 11:13 11:14 11:14 11:15 11:16 12:3 12:3 12:4 12:7 12:25 12:25 13:5 13:8 13:21 13:22 56:23

**filed**(3) 9:11 13:25 40:17
**filing**(3) 11:4 43:17 59:5
**filings**(1) 21:11
**filled**(2) 48:22 51:14
**finalizing**(1) 27:21
**financing**(1) 16:13
**find**(2) 33:20 47:7
**finger**(1) 2:26
**finished**(1) 36:20
**firm**(2) 37:4 47:24
**first**(3) 9:23 16:1 41:10
**five**(5) 26:21 37:12 38:1 38:24 59:6
**fix**(4) 20:10 40:19 54:12 54:18
**fixed**(3) 24:11 24:14 24:14
**flag**(1) 57:13
**flank**(1) 50:8
**flanks**(1) 43:4
**fleet**(1) 8:16
**floor**(7) 2:37 3:39 5:30 5:36 5:51 6:18
**flow**(1) 35:12
**flushed**(1) 49:12
**focus**(1) 45:12
**follow**(4) 12:2 41:24 47:11 47:13
**following**(1) 53:11
**follows**(1) 10:11
**footnotes**(1) 44:7
**for**(111) 1:2 1:25 2:4 2:18 2:41 2:47 3:4 3:26 3:43 4:4 4:30 4:47 5:4 5:20 5:34 5:40 6:4 6:16 6:22 6:28 6:35 6:42 6:49 7:5 7:21 7:25 7:30 7:34 7:37 7:41 7:45 8:7 9:8 9:10 10:8 11:8 12:1 13:3 13:9 13:18 13:19 13:22 14:15 15:3 16:4 16:9 16:19 17:22 18:10 18:25 19:1 22:7 22:9 22:13 23:4 23:9 25:11 25:22 26:5 26:23 28:5 29:7 29:9 30:15 31:13 31:17 31:20 31:22 32:2 32:4 32:8 33:8 35:9 35:10 35:22 37:19 38:11 38:19 39:11 39:24 40:2 44:16 44:20 45:7 45:22 46:2 47:9 47:11 47:14 49:5 49:7 53:4 53:5 53:6 54:1 56:18 56:24 57:4 57:10 57:18 58:1 59:2 59:4 59:5

**foregoing**(1) 60:5
**form**(1) 32:15
**formally**(1) 47:3
**forman**(1) 1:25
**forth**(5) 10:19 11:20 19:8 40:18 58:1
**forty-seven**(1) 43:2

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **forward**(7) 8:9 23:12 31:24 49:17 52:10 57:16 58:8 | | **got**(4) 22:8 40:21 41:10 42:15 | | **hesitate**(1) 56:20 | | **include**(1) 59:8 | |
| | | **gotshal**(1) 4:37 | | **higher**(1) 24:23 | | **includes**(1) 53:7 | |
| **found**(1) 41:16 | | **great**(2) 2:41 42:16 | | **highlighted**(1) 34:3 | | **including**(3) 31:24 55:1 57:18 | |
| **fox**(1) 7:13 | | **greenwich**(2) 7:37 7:37 | | **hille**(26) 7:8 16:7 16:8 16:16 17:15 17:21 | | **inclusion**(1) 41:4 | |
| **frame**(2) 32:10 44:20 | | **greissman**(1) 7:6 | | 18:8 18:16 19:6 20:11 20:24 21:24 22:4 | | **inclusive**(1) 31:18 | |
| **framework**(3) 38:19 57:3 57:7 | | **ground**(5) 34:23 34:24 35:23 37:15 57:13 | | 22:18 23:21 23:23 24:13 26:8 26:13 27:8 | | **indeed**(1) 46:18 | |
| **frankel**(1) 6:29 | | **grounds**(1) 37:21 | | 27:12 27:14 27:19 27:24 28:4 28:8 | | **indentured**(1) 39:23 | |
| **frankly**(8) 27:21 29:2 30:16 30:23 34:24 | | **guess**(6) 27:15 37:1 43:17 56:20 57:11 | | | | **indicated**(3) 27:9 37:19 48:21 | |
| 45:24 53:20 56:9 | | 57:12 | | **his**(2) 12:23 55:22 | | **indication**(1) 33:12 | |
| | | | | **hit**(2) 36:14 50:20 | | **indications**(1) 33:24 | |
| **fraudulent**(3) 25:10 34:7 37:21 | | **guidance**(6) 35:6 37:4 46:1 48:11 49:6 | | **hold**(1) 51:12 | | **inefficiencies**(1) 22:6 | |
| **free**(1) 31:13 | | 51:11 | | **holding**(1) 30:12 | | **inefficiency**(1) 18:17 | |
| **freeman**(1) 6:23 | | | | **hole**(1) 48:22 | | **inefficient**(2) 16:24 21:6 | |
| **friday**(1) 58:13 | | | | **holes**(1) 51:13 | | **inform**(1) 44:24 | |
| **friedman**(2) 5:12 39:22 | | **guise**(1) 28:19 | | **honor**(117) 8:5 8:6 8:8 9:6 9:18 9:20 10:3 | | **information**(5) 10:17 11:6 12:22 13:15 | |
| **frighten**(1) 17:25 | | **gump**(1) 3:26 | | 10:7 10:10 10:25 11:8 11:9 11:15 11:18 | | **informational**(1) 14:11 | |
| **from**(33) 8:7 9:10 10:4 10:14 10:16 11:6 | | **had**(6) 10:13 12:1 20:17 46:6 46:20 52:25 | | 11:23 11:24 12:1 12:8 12:12 12:13 | | **informed**(2) 14:14 41:4 | |
| 11:22 15:2 15:21 16:1 16:8 19:21 22:6 | | **hale**(1) 6:43 | | 12:16 12:21 12:24 13:5 13:5 13:9 13:23 | | **injunctions**(1) 24:4 | |
| 24:6 25:13 25:15 25:17 31:13 33:16 37:9 | | **half**(1) 26:23 | | 14:1 14:3 14:7 14:10 14:25 15:1 15:5 | | **inordinate**(1) 43:6 | |
| 37:10 39:22 41:2 41:3 43:17 45:14 46:8 | | **hand**(4) 18:16 21:9 26:24 26:24 | | 15:15 16:5 16:7 16:10 16:17 16:18 17:5 | | **inquiry**(1) 21:13 | |
| 51:9 51:23 52:18 54:21 56:6 60:6 | | **happen**(6) 30:9 36:2 48:9 49:16 50:11 | | 17:15 17:21 18:8 18:17 19:7 20:24 22:4 | | **insolvency**(1) 48:14 | |
| | | 52:19 | | 22:18 23:23 24:17 25:4 26:2 26:8 26:9 | | **insolvent**(2) 50:5 50:8 | |
| **front**(2) 18:24 30:19 | | | | 26:14 27:4 27:8 27:24 28:4 28:9 28:13 | | **intend**(2) 39:15 40:22 | |
| **full**(6) 20:19 37:12 37:19 39:15 43:23 45: | | **happening**(1) 45:12 | | 29:1 29:6 30:19 30:25 32:13 32:16 33:7 | | **intended**(2) 18:9 18:9 | |
| **full-blown**(1) 34:17 | | **happens**(1) 32:11 | | 33:10 33:22 34:2 34:3 34:16 35:5 35:16 | | **intending**(1) 14:15 | |
| **full-time**(1) 47:23 | | **happy**(2) 10:6 36:15 | | 37:12 37:19 38:25 39:19 39:21 39:25 40: | | **intense**(1) 48:15 | |
| **fully**(2) 40:23 43:18 | | **harrisburg**(1) 1:49 | | 41:8 41:9 44:3 44:3 44:12 44:13 45:3 | | **intention**(1) 58:13 | |
| **funders**(1) 25:18 | | **has**(24) 10:17 11:24 15:20 21:25 22:16 | | 45:11 45:14 45:18 45:21 45:25 47:20 48: | | **interested**(1) 49:14 | |
| **further**(3) 28:5 57:5 58:22 | | 22:20 25:12 29:5 31:19 32:21 37:12 37:1 | | 48:7 48:18 48:22 48:23 50:10 51:1 51:13 | | **interests**(1) 32:9 | |
| **future**(1) 58:10 | | 37:19 43:18 44:4 44:14 45:6 45:13 47:20 | | 51:18 52:14 53:13 54:2 54:4 54:7 54:21 | | **interim**(1) 58:15 | |
| **game**(1) 49:8 | | 48:20 52:11 57:21 57:22 58:8 | | 57:9 58:19 58:20 59:14 59:21 | | **interpret**(1) 41:3 | |
| **gangat**(1) 7:42 | | | | | | **into**(10) 13:4 17:5 27:17 29:8 29:16 43:7 | |
| **garrison**(1) 3:44 | | **hauer**(1) 3:26 | | **honor's**(2) 40:6 54:11 | | 43:25 46:12 52:11 55:6 | |
| **garvan**(1) 5:5 | | **have**(94) 9:7 10:13 10:14 10:16 10:22 | | **honorable**(1) 1:19 | | | |
| **gary**(1) 2:15 | | 11:5 11:10 12:8 12:12 13:17 14:3 14:12 | | **hoover**(1) 3:5 | | | |
| **gathered**(1) 58:7 | | 15:24 17:17 17:22 18:19 18:21 18:21 | | **hope**(7) 10:8 13:8 18:1 39:13 41:10 41:11 | | **introduce**(1) 30:9 | |
| **generalities**(1) 34:25 | | 20:16 22:2 22:2 22:21 22:23 23:3 23:6 | | 48:3 | | **introduction**(1) 16:11 | |
| **generally**(1) 38:9 | | 23:14 23:17 24:3 24:25 26:3 28:18 28:18 | | | | **invested**(1) 23:5 | |
| **gentilotti**(1) 5:4 | | 30:19 32:14 32:18 33:20 34:4 34:6 34:17 | | **horan**(1) 2:42 | | **investigation**(3) 30:12 14:4 34:9 | |
| **get**(19) 10:21 14:15 14:17 14:19 17:11 | | 35:14 36:14 36:25 37:4 37:20 38:10 38:1 | | **hour**(1) 35:11 | | **invitation**(2) 34:1 40:8 | |
| 22:10 27:17 36:1 38:13 45:11 46:6 46:23 | | 43:22 43:25 44:7 44:9 45:1 45:13 45:17 | | **how**(13) 11:2 11:2 19:8 19:18 20:4 36:7 | | **invitations**(1) 56:21 | |
| 46:24 48:12 54:17 55:6 57:19 58:5 58:6 | | 45:23 46:7 47:6 47:11 47:16 47:25 48:5 | | 36:17 38:4 48:24 54:25 55:18 59:4 59:9 | | **involve**(6) 15:8 15:18 29:15 29:22 43:4 | |
| | | 50:18 48:12 48:21 49:19 49:24 50:2 50:8 | | | | 43:24 | |
| **getting**(5) 11:3 17:5 21:2 46:16 57:22 | | 51:12 52:2 52:4 52:5 52:5 52:22 53:14 | | **howard**(2) 4:8 33:7 | | | |
| **gilman**(1) 6:28 | | 53:21 55:17 55:20 55:22 56:7 57:16 58:2 | | **however**(1) 55:8 | | **involved**(1) 53:8 | |
| **give**(12) 13:7 18:1 18:4 20:9 23:24 33:24 | | 58:4 58:7 58:9 58:15 59:14 59:19 | | **huge**(1) 19:24 | | **involves**(2) 37:7 43:3 | |
| 35:7 39:12 49:6 53:23 56:21 57:3 | | | | **hundreds**(2) 47:22 49:9 | | **isn't**(4) 24:10 31:7 31:19 48:23 | |
| | | **haven't**(2) 27:11 33:17 | | **hurt**(1) 30:23 | | **issue**(10) 12:13 12:20 13:8 13:13 | |
| **given**(6) 33:11 36:7 39:4 50:10 51:11 | | **having**(4) 25:2 25:24 30:12 43:4 | | **i'll**(24) 8:8 15:25 15:25 16:3 19:2 20:9 | | 29:8 41:25 43:16 44:4 44:5 44:14 47:18 | |
| **glad**(1) 47:14 | | **he's**(1) 52:11 | | 20:9 20:22 23:24 27:20 28:6 32:23 38:17 | | 47:19 48:1 48:2 48:22 49:11 49:12 50:20 | |
| **glazer**(1) 2:19 | | **head**(1) 46:12 | | 38:21 39:10 39:13 45:4 51:15 56:21 57:8 | | 58:25 59:13 | |
| **gleich**(1) 5:21 | | **headed**(1) 21:18 | | 58:11 58:12 58:16 58:16 | | **issued**(2) 14:17 22:2 | |
| **glenn**(1) 5:14 | | **hear**(14) 11:10 12:15 15:4 15:25 16:1 | | | | **issues**(12) 11:11 11:24 13:2 20:16 21:3 | |
| **global**(1) 29:3 | | 20:5 27:23 39:13 43:10 43:21 45:7 45:8 | | **i'm**(41) 10:6 16:10 17:16 20:10 23:16 | | 30:15 35:4 35:5 44:15 44:15 49:10 55:6 | |
| **goal**(2) 28:24 28:25 | | 50:9 58:11 | | 27:14 33:14 34:1 34:18 34:20 34:24 | | **it's**(38) 10:8 12:6 17:8 18:5 18:16 18:17 | |
| **goals**(1) 36:8 | | **heard**(15) 14:9 14:22 16:20 19:21 33:16 | | 35:7 35:13 36:23 36:24 37:25 38:11 | | 18:23 20:19 20:25 22:9 26:3 27:16 28:1 | |
| **godbey**(1) 8:21 | | 33:17 33:21 39:9 46:1 48:7 51:22 52:18 | | 39:9 39:22 40:14 40:15 40:19 41:23 43:8 | | 28:3 33:20 34:15 34:25 35:6 38:3 38:11 | |
| **goes**(4) 36:18 37:13 40:8 55:23 | | 56:7 56:7 59:5 | | 45:9 45:25 47:14 49:2 49:21 49:21 49:23 | | 41:12 42:8 42:12 42:14 43:20 45:4 45:12 | |
| **going**(59) 8:9 11:5 11:7 11:17 11:23 11:25 | | | | 51:6 52:21 53:13 53:20 53:23 55:6 56:9 | | 46:23 47:23 49:11 50:22 52:18 55:13 | |
| 12:7 13:4 17:23 18:19 18:24 20:1 20:10 | | **hearing**(34) 12:17 13:18 13:19 15:5 20:7 | | 58:16 | | 55:15 55:19 57:4 58:3 58:13 | |
| 21:1 21:21 22:20 25:22 27:9 27:19 28:15 | | 21:15 21:17 21:21 26:20 27:22 28:14 | | | | | |
| 29:3 29:6 34:18 34:20 35:2 36:25 37:2 | | 29:13 29:18 30:18 34:4 35:20 36:12 36:1 | | **i've**(13) 13:14 20:12 20:15 20:17 20:21 | | **item**(9) 8:12 8:15 8:24 9:9 9:11 9:13 9:14 | |
| 37:4 39:8 39:9 40:4 40:16 42:23 44:9 | | 37:2 38:1 39:14 42:11 43:3 45:1 49:15 | | 28:11 31:23 33:16 34:20 38:6 40:20 41:1 | | 9:19 32:13 | |
| 44:10 44:13 46:15 48:11 48:12 50:1 50:2 | | 50:25 51:5 52:18 53:1 53:19 54:21 56:24 | | 50:13 | | | |
| 50:8 50:9 50:11 50:12 50:24 51:2 51:3 | | 59:25 60:2 | | | | | |
| 51:8 52:15 54:12 55:11 55:15 55:17 55:1 | | | | **idea**(5) 13:7 25:25 46:19 48:21 53:21 | | **items**(3) 8:9 22:5 23:23 | |
| 55:22 58:3 58:4 58:9 | | **hearings**(1) 33:14 | | **identification**(1) 46:13 | | **its**(7) 21:11 22:16 24:18 24:18 31:17 | |
| | | **hello**(1) 28:9 | | **identify**(2) 48:10 49:22 | | 31:18 37:10 | |
| **golden**(1) 3:29 | | **help**(1) 23:17 | | **identifying**(1) 48:13 | | | |
| **goldfarb**(1) 4:23 | | **helpful**(6) 26:13 33:20 33:23 33:25 | | **immediately**(2) 14:18 14:19 | | **ivan**(1) 9:10 | |
| **goldman**(1) 6:44 | | **helps**(1) 30:16 | | **implicated**(1) 44:4 | | **jam**(1) 58:9 | |
| **gone**(3) 24:25 57:16 58:8 | | **henke**(2) 8:19 8:19 | | **implore**(1) 45:11 | | **james**(4) 1:34 4:24 5:41 6:23 | |
| **good**(19) 8:4 8:5 8:6 10:3 11:2 11:6 11:6 | | **hennigan**(2) 5:40 54:5 | | **important**(7) 22:3 41:12 42:12 42:14 | | **jared**(1) 3:20 | |
| 16:7 21:1 33:7 34:25 35:21 39:21 43:22 | | **herbert**(1) 8:22 | | 42:18 43:20 53:18 | | **jean-marie**(1) 2:50 | |
| 45:21 45:25 53:21 54:4 59:2 | | **hercules**(1) 5:28 | | | | **jeffery**(1) 7:14 | |
| | | **here**(18) 16:9 16:12 17:8 18:11 20:18 26: | | **imran**(1) 6:17 | | **jeffrey**(1) 7:38 | |
| **gordon**(2) 3:45 6:42 | | 29:1 29:9 35:3 35:4 36:8 36:20 39:22 | | **inc**(2) 7:30 7:30 | | **jenner**(1) 2:4 | |
| **gorilla**(1) 47:15 | | 42:2 43:12 50:11 56:13 57:13 | | **incentives**(1) 38:17 | | **jennifer**(1) 3:5 | |
| | | | | **inclination**(2) 27:21 32:1 | | **jillian**(1) 1:36 | |
| | | **here's**(2) 31:14 35:5 | | **inclined**(2) 13:11 56:9 | | **jim**(3) 15:1 28:9 54:4 | |

| Word | Page:Line |
|---|---|
| job(2) | 11:2 47:23 |
| johnston(4) | 5:41 54:4 54:5 56:5 |
| jones(2) | 3:36 6:6 |
| joseph(2) | 7:25 7:27 |
| jpm(1) | 58:1 |
| jpmorgan(1) | 45:22 |
| jpmorgan's(1) | 51:1 |
| judge(3) | 1:20 19:21 58:14 |
| july(5) | 1:15 8:1 58:13 59:4 60:11 |
| juncture(1) | 27:3 |
| just(45) | 8:9 8:10 12:10 14:11 15:2 15:3 15:13 15:17 16:1 16:10 16:11 17:6 18:8 18:10 20:16 20:23 24:13 26:17 27:16 29:10 30:19 30:19 37:11 39:2 39:11 40:14 42:13 44:4 44:6 44:13 44:17 44:25 46:3 46:4 46:5 47:10 47:12 49:10 51:6 52:1 52:16 53:6 53:23 55:5 58:19 |
| kalenchits(2) | 7:34 7:34 |
| kaminetzky(9) | 2:21 45:21 45:22 47:12 49:3 49:19 50:19 51:17 51:21 |
| kansa(1) | 1:38 |
| karolyn(1) | 8:16 |
| kasowitz(2) | 5:11 39:22 |
| kate(1) | 3:18 |
| katherine(2) | 6:28 6:30 |
| kathleen(1) | 3:37 |
| kaye(1) | 5:20 |
| keep(2) | 31:13 52:2 |
| kelley(1) | 2:35 |
| ken(1) | 1:38 |
| kenneth(1) | 10:4 |
| kept(1) | 22:23 |
| kevin(2) | 1:19 2:35 |
| kind(10) | 26:3 26:17 35:6 46:7 47:22 48:15 50:1 51:7 55:5 57:2 |
| king(3) | 2:30 5:6 6:38 |
| klauder(1) | 6:36 |
| kline(1) | 1:37 |
| know(63) | 13:9 15:21 18:20 18:20 19:4 20:4 20:4 20:15 21:18 21:20 22:10 22:14 23:6 23:11 23:14 23:19 24:8 26:17 27:20 30:1 30:14 31:18 32:6 34:8 36:10 36:15 36:16 36:18 37:12 37:18 41:17 42:2 42:10 43:16 43:19 43:21 44:12 46:3 46:8 46:11 47:10 47:21 47:22 48:11 49:9 49:9 49:21 50:9 50:10 50:14 50:18 51:7 51:9 52:25 53:1 54:20 57:20 57:21 57:23 57:25 58:1 58:2 58:5 |
| knowledge(1) | 57:15 |
| knows(3) | 16:17 24:21 52:14 |
| krakauer(1) | 1:35 14:10 14:10 14:21 |
| kramer(1) | 6:28 |
| lack(2) | 21:13 51:11 |
| lamport(2) | 7:25 7:27 |
| landis(2) | 4:16 4:17 |
| large(1) | 43:6 |
| last(7) | 15:15 25:4 25:4 32:13 45:3 47:24 54:21 |
| later(3) | 17:14 17:16 37:18 |
| latter(2) | 15:14 30:6 |
| laughter(6) | 23:22 27:13 36:4 43:13 51:19 56:11 |
| lauria(6) | 7:7 15:20 55:22 57:9 57:9 58:11 |
| laurie(1) | 5:27 |
| law(5) | 5:4 30:5 39:23 39:23 47:19 |
| lawyers(2) | 38:4 47:23 |
| layton(1) | 2:26 |
| lbo(4) | 16:13 31:2 43:19 44:8 |
| lbo-related(15) | 15:8 15:18 19:24 21:3 25:9 25:19 27:2 28:16 28:19 29:15 29:22 30:3 30:11 40:5 53:8 |
| lead(1) | 36:7 |
| least(16) | 10:23 11:23 29:23 30:17 31:15 32:15 33:23 38:23 40:6 41:3 46:15 52:1 53:14 54:19 54:24 55:12 |
| leave(2) | 39:12 56:13 |
| leaves(1) | 9:19 |
| led(1) | 30:6 |
| lederman(1) | 4:38 |
| left(1) | 8:13 |
| legitimate(1) | 24:10 |
| lemay(1) | 4:9 |
| lenders(23) | 5:40 16:12 16:20 16:21 17:1 17:7 17:9 17:17 17:23 20:25 21:7 22:7 22:19 22:20 22:25 23:3 24:1 24:19 25:21 28:20 43:19 50:6 54:6 |
| length(1) | 20:8 |
| lengthy(1) | 18:20 |
| leonard(1) | 1:26 |
| less(1) | 36:14 |
| let(6) | 14:8 28:13 29:7 44:12 44:16 57:20 |
| let's(4) | 15:23 15:25 42:20 59:11 |
| level(3) | 5:7 24:21 24:23 |
| levin(1) | 6:28 |
| lexington(1) | 2:22 |
| liebentritt(1) | 2:14 |
| lies(2) | 23:18 36:15 |
| like(31) | 8:8 12:4 13:2 15:14 18:3 18:4 18:7 18:12 18:19 19:19 29:11 31:1 32:15 33:23 34:15 36:2 36:13 36:14 38:2 40:25 41:1 46:11 46:14 46:23 47:6 48:25 55:2 55:14 55:19 57:1 59:1 |
| likely(5) | 11:1 12:6 13:11 13:16 18:22 |
| limbo(2) | 22:23 37:22 |
| limit(6) | 26:20 27:1 30:8 32:11 35:11 43:1 |
| limitations(1) | 37:21 |
| limited(1) | 58:16 |
| limiting(1) | 26:22 |
| line(1) | 30:11 |
| listed(1) | 16:1 |
| listened(1) | 28:11 |
| literally(1) | 51:8 |
| litigate(2) | 22:19 24:2 |
| litigation(5) | 16:24 18:23 18:23 21:19 51:4 |
| little(4) | 9:21 17:5 38:19 57:12 |
| llp(9) | 1:33 2:47 3:44 4:5 4:37 5:20 7:5 7:45 7:45 |
| local(1) | 11:12 |
| lock(1) | 57:6 |
| long(2) | 38:11 57:17 |
| look(3) | 32:16 41:12 41:15 47:1 48:25 |
| looking(6) | 28:16 37:20 41:1 42:4 46:2 |
| looks(4) | 31:1 42:17 46:11 46:14 |
| los(1) | 5:44 |
| lose(1) | 46:24 |
| lost(1) | 24:23 |
| lot(6) | 10:14 23:17 37:3 46:14 49:1 52:7 |
| lots(1) | 35:12 |
| ludwig(1) | 1:36 |
| lugano(1) | 1:45 |
| lynch(1) | 5:20 |
| made(5) | 23:17 36:17 53:15 53:22 58:21 |
| madison(1) | 4:49 |
| madlyn(1) | 5:21 |
| mail(1) | 54:22 |
| main(2) | 3:13 18:5 |
| maintain(1) | 25:7 |
| maintaining(2) | 23:9 23:9 |
| major(1) | 52:22 |
| make(18) | 8:10 11:19 20:5 21:14 22:22 25:15 28:3 31:20 36:19 36:21 36:25 45:4 45:23 48:18 49:3 50:12 51:10 57:13 |
| makes(2) | 9:22 18:25 |
| making(1) | 13:14 |
| makowski(1) | 3:37 |
| management(3) | 4:47 7:21 7:41 |
| manges(1) | 4:37 |
| many(4) | 31:22 32:9 32:23 41:15 |
| marbury(1) | 8:21 |
| marc(2) | 4:7 4:10 |
| marcia(1) | 8:25 |
| mark(3) | 2:27 6:50 10:3 |
| market(5) | 1:12 3:38 4:18 5:29 7:16 |
| marsal(2) | 7:30 7:30 |
| martin(5) | 3:19 19:15 19:15 19:20 51:23 |
| massive(1) | 51:7 |
| materials(1) | 45:17 |
| matt(1) | 5:15 |
| matter(2) | 58:3 60:7 |
| mature(1) | 57:6 |
| maureen(1) | 8:21 |
| may(20) | 14:6 14:24 20:14 21:17 21:22 24:4 24:22 24:24 28:24 32:20 36:15 37:14 38:24 39:9 43:25 44:21 51:10 53:14 53:21 56:25 58:22 |
| maybe(6) | 9:22 13:4 16:3 40:10 44:19 47:4 |
| mayer(1) | 2:47 |
| mccarter(1) | 5:34 |
| mccormack(1) | 4:11 |
| mcdaniel(1) | 5:5 |
| mcphail(1) | 3:46 |
| mean(12) | 12:20 20:18 21:12 24:9 35:1 35:8 35:12 42:15 43:22 44:6 47:21 50:7 |
| meaning(1) | 22:1 |
| meaningful(2) | 11:19 12:8 |
| means(2) | 34:24 43:10 |
| medium(1) | 36:15 |
| meet(1) | 35:22 |
| meisel(1) | 1:25 |
| mentioned(1) | 27:3 |
| merit(1) | 46:20 |
| merits(8) | 17:6 19:22 29:3 34:6 34:17 40:4 42:16 42:24 |
| merrill(1) | 5:20 |
| mess(1) | 30:2 |
| michael(1) | 2:48 |
| middle(4) | 34:23 34:24 37:15 55:23 |
| midst(1) | 47:7 |
| might(2) | 24:4 43:10 |
| million(3) | 24:19 25:11 47:21 |
| millions(2) | 10:13 23:5 42:22 |
| mind(5) | 27:11 29:5 32:18 39:13 52:3 |
| mini-trial(1) | 37:15 |
| minimizes(1) | 30:17 |
| minkove(1) | 2:36 |
| minute(1) | 44:17 |
| minutes(1) | 56:14 |
| minuti(10) | 6:50 10:3 10:4 12:16 12:19 13:21 14:1 14:3 14:6 14:25 |
| missing(1) | 53:10 |
| modified(1) | 20:6 |
| moment(3) | 22:9 22:9 42:13 |
| money(2) | 43:6 46:22 |
| month(1) | 57:17 |
| months(8) | 17:17 21:7 23:4 23:4 23:5 23:9 24:2 31:14 |
| morally(1) | 41:21 |
| more(17) | 20:16 23:23 24:19 33:20 36:13 38:17 38:21 39:9 40:21 40:22 48:1 48:13 52:7 53:25 55:6 57:8 |
| morgan(2) | 2:18 2:34 4:30 4:43 |
| morph(1) | 29:16 |
| morphs(1) | 29:8 |
| moss(1) | 7:46 |
| most(3) | 10:17 45:23 52:22 |
| motion(38) | 9:8 9:9 9:14 11:14 12:3 12:4 12:10 12:15 12:25 12:25 13:4 13:5 13:19 15:20 16:1 16:17 18:2 21:14 25:5 26:10 26:15 26:16 26:18 26:20 28:13 28:18 29:5 29:9 30:8 37:22 37:23 39:3 39:8 39:8 40:2 40:17 45:15 45:15 |
| motions(9) | 15:12 15:23 56:19 56:23 57:1 58:20 59:5 59:14 59:18 |
| motivation(1) | 43:25 |
| movant(1) | 15:25 |
| move(4) | 9:25 26:11 31:24 58:20 |
| much(11) | 9:18 18:2 19:8 20:4 26:18 37:18 45:19 53:24 55:8 57:1 59:24 |
| multi-constituency(1) | 47:5 |
| multi-hundred-page(1) | 44:10 |
| multi-strategy(1) | 7:26 |
| must(3) | 29:13 29:21 41:24 |
| myers(1) | 6:4 |
| mystery(1) | 39:7 |
| n.a(1) | 2:34 |
| naftalis(1) | 6:28 |
| nail(1) | 50:20 |
| narrow(1) | 10:23 |
| nature(1) | 54:15 |
| near(1) | 58:10 |
| nearly(1) | 55:18 |
| neat(1) | 56:1 |
| necessarily(1) | 42:8 |
| necessary(3) | 11:8 38:21 42:23 |
| need(7) | 20:2 20:5 20:19 36:21 51:13 53:24 57:4 |
| needs(4) | 31:22 43:1 43:21 48:22 |
| negotiations(1) | 34:10 |
| nevertheless(1) | 46:21 |
| new(21) | 2:23 2:38 2:52 3:23 3:32 3:48 4:13 4:40 4:50 5:17 5:23 5:37 6:9 6:19 6:25 6:32 6:46 7:10 33:19 44:5 44:6 |
| newman(1) | 3:30 |
| newsource(1) | 8:22 |
| next(2) | 30:9 43:1 |
| nine-hundred-pound(1) | 47:15 |
| nineteenth(1) | 9:12 |
| ninth(1) | 8:12 |
| nominal(1) | 42:20 |
| non-settling(1) | 49:25 |
| none(1) | 57:15 |
| nor(1) | 40:5 |
| normally(3) | 11:13 21:14 24:9 |
| norman(2) | 1:27 8:6 |
| north(7) | 2:6 2:30 3:48 4:33 5:6 5:29 7:16 |
| not(87) | 11:3 12:7 14:5 15:7 15:18 17:12 17:20 17:25 18:9 20:10 20:14 21:17 22:17 23:1 23:19 23:20 24:10 24:19 25:24 26:1 27:9 28:1 28:7 28:17 28:21 28:21 29:9 29:14 29:22 29:23 29:25 32:11 32:23 33:11 34:17 34:18 34:20 34:24 35:7 35:14 35:23 36:9 36:15 37:4 39:3 39:8 39:12 39:15 40:4 40:19 41:10 41:19 41:23 41:25 42:8 42:22 43:11 43:24 44:5 44:6 44:20 44:25 45:8 45:12 46:1 46:15 47:3 47:3 48:11 49:7 49:23 49:24 50:9 50:20 51:4 51:4 51:25 52:18 53:6 54:12 54:18 54:19 54:19 56:7 56:9 58:7 58:13 |
| note(1) | 15:16 |
| noted(1) | 9:2 |
| nothing(1) | 57:11 |
| notice(2) | 14:12 26:16 |
| noticed(1) | 57:17 |
| notices(1) | 14:14 |

# TRIBUNE.7.14.10.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| now(24) | 20:23 21:25 22:8 23:11 24:8 24:15 29:7 32:24 35:24 36:1 36:15 39:14 40:24 43:2 43:18 44:19 45:2 46:22 47:11 48:8 48:11 48:23 50:19 51:9 | oracle(1) | 8:21 | permission(1) | 9:21 | previewing(1) | 55:5 |
| | | order(13) | 9:5 9:21 16:18 16:21 20:5 23:8 26:4 26:5 30:7 31:21 32:9 32:15 40:16 | permit(1) | 16:3 | previews(1) | 18:4 |
| number(11) | 8:12 8:15 8:18 8:20 8:24 9:7 9:9 9:11 9:13 9:14 46:4 | | | permitted(1) | 31:23 | prieto(2) | 7:21 7:22 |
| | | orders(2) | 9:17 24:3 | pernick(7) | 1:27 8:6 8:7 8:12 9:6 9:18 9:2 | primary(1) | 26:10 |
| numbers(1) | 9:19 | other(27) | 9:11 21:9 21:22 24:6 26:24 30:15 32:3 32:7 35:13 36:19 40:10 40:11 41:7 42:1 42:9 45:10 45:24 48:25 52:15 53:7 53:23 55:20 55:24 56:22 58:18 59:1 59:22 | perry(2) | 6:22 6:22 | primofl(1) | 5:21 |
| numerous(1) | 57:21 | | | pertinent(2) | 13:15 41:16 | prior(3) | 14:14 40:19 41:1 |
| o'clock(1) | 59:6 | | | phil(1) | 3:27 | probably(12) | 11:1 34:5 35:12 35:21 36:11 39:10 44:24 44:24 52:21 53:24 53:25 55:16 |
| o'melveny(1) | 6:4 | | | phonetic(2) | 10:5 20:8 | | |
| objected(1) | 18:21 | | | pick(1) | 38:21 | problems(1) | 58:4 |
| objection(9) | 8:13 8:15 8:20 8:25 9:12 9:14 19:10 39:14 54:7 | others(9) | 13:16 20:15 27:20 31:20 32:14 32:22 39:10 50:14 52:2 | pickering(1) | 6:42 | procedural(3) | 12:25 16:18 26:4 |
| | | | | piece(2) | 53:10 53:15 | procedure(3) | 11:12 12:3 32:4 |
| objections(9) | 8:18 32:5 52:9 52:9 52:12 52:22 53:11 53:22 54:19 | otherwise(3) | 15:16 24:6 29:20 | pieces(1) | 54:17 | procedures(3) | 16:19 29:16 58:25 |
| | | ought(3) | 23:10 31:15 59:18 | place(1) | 54:18 | proceed(1) | 53:19 |
| | | our(36) | 11:15 11:17 12:16 12:19 12:24 13:8 14:14 14:16 18:20 19:10 22:24 23:7 23:10 23:14 24:5 24:21 25:2 25:5 26:4 26:5 26:10 29:4 31:10 33:11 37:22 38:12 46:6 46:20 48:10 52:3 52:9 54:7 54:13 54:24 55:1 58:7 | placed(1) | 50:14 | proceedings(8) | 1:18 1:52 18:25 19:10 19:10 22:22 33:1 60:7 |
| objectives(1) | 36:8 | | | places(1) | 36:20 | | |
| objectors(4) | 36:13 52:12 52:15 53:6 | | | plainly(1) | 27:5 | | |
| obliged(1) | 51:10 | | | plaintiffs(1) | 42:20 | process(12) | 10:25 12:5 17:22 22:7 24:21 25:2 30:4 31:13 31:23 31:25 50:23 53:1 |
| observe(2) | 42:13 42:14 | | | plan(40) | 10:20 14:16 17:7 17:9 17:19 17:20 18:3 18:7 18:14 19:25 21:18 22:11 22:13 22:16 24:4 24:17 25:1 28:22 29:2 29:4 29:23 30:4 30:13 30:16 30:21 31:17 31:19 31:23 40:12 41:4 47:3 52:9 53:11 53:16 55:4 55:9 55:9 55:10 55:11 55:14 | | |
| obviously(8) | 10:13 15:24 29:4 38:10 45:5 45:5 51:25 56:25 | ourselves(1) | 47:7 | | | processed(1) | 17:23 |
| | | out(21) | 9:21 12:21 14:12 18:1 21:25 22:12 23:9 24:4 25:22 28:23 29:19 31:15 33:12 37:4 44:8 48:19 53:13 54:1 54:25 57:19 58:23 | | | produced(1) | 1:53 |
| occupies(1) | 21:4 | | | | | program(2) | 9:15 49:20 |
| occur(1) | 21:23 | | | plan's(1) | 17:24 | progress(2) | 41:18 53:15 |
| occurring(1) | 44:19 | outright(1) | 33:11 | plaza(3) | 4:12 5:7 5:28 | projaritive(1) | 21:12 |
| october(1) | 37:20 | over(6) | 18:23 30:9 37:18 38:23 39:11 43: | pleading(1) | 40:1 | proponents(5) | 30:16 47:2 52:12 53:5 56:2 |
| odd(1) | 19:3 | overlap(2) | 19:9 19:11 | pleadings(4) | 13:8 15:21 29:20 59:12 | proposal(2) | 53:4 55:7 |
| odds(1) | 36:21 | own(2) | 35:2 43:9 | please(1) | 8:3 | proposals(1) | 31:20 |
| off(4) | 46:24 48:18 51:12 58:14 | p.a(1) | 1:26 | plenary(1) | 40:4 | proposed(1) | 18:13 |
| offer(3) | 57:2 58:22 59:17 | p.m(4) | 1:16 8:1 10:7 60:2 | plug(1) | 13:19 | proposes(1) | 17:19 |
| offered(1) | 35:10 | pachulski(1) | 3:35 | plus(3) | 47:20 48:6 49:12 | proposing(1) | 52:10 |
| offering(2) | 33:15 38:17 | page(1) | 19:21 | podium(3) | 28:6 32:14 39:10 | prospective(2) | 43:11 46:8 |
| office(1) | 6:35 | pages(2) | 10:13 49:1 | point(27) | 12:21 18:1 19:5 19:15 23:15 28:23 30:6 35:13 35:15 38:21 45:4 46:6 46:22 47:13 48:2 48:20 49:4 49:4 49:6 51:12 53:2 53:3 54:11 54:23 57:16 58:8 58:19 | protect(1) | 43:4 |
| officers(1) | 25:15 | painted(1) | 48:2 | | | protracted(1) | 18:22 |
| official(2) | 4:4 33:8 | paper(1) | 16:15 | | | provide(1) | 18:10 |
| often(5) | 33:15 33:20 36:21 38:15 41:24 | paragraph(2) | 30:6 32:17 | | | provided(1) | 16:12 |
| okay(26) | 10:2 13:18 13:21 14:2 14:6 14:21 16:6 16:16 19:6 20:11 24:8 25:1 27:14 27:19 36:5 39:1 39:18 43:11 45:3 47:12 56:9 56:16 57:8 58:18 59:22 | parallel(2) | 24:16 31:16 | pointed(2) | 21:25 29:19 | providence(1) | 3:14 |
| | | parameters(1) | 42:7 | points(2) | 46:4 54:8 | provides(1) | 24:18 |
| | | parent(1) | 38:10 | polk(2) | 2:18 45:22 | providing(1) | 46:1 |
| | | park(5) | 2:37 3:31 5:22 5:36 6:45 | ponying(1) | 46:21 | pryor(1) | 7:45 7:45 |
| | | parke(2) | 4:5 33:8 | portfolio(1) | 9:3 | public(7) | 11:16 11:19 11:23 12:23 13:10 14:18 39:24 |
| | | part(4) | 20:17 31:6 34:3 38:23 | portion(2) | 13:12 45:25 | | |
| omnibus(6) | 8:12 8:15 8:20 8:24 9:12 9:13 | participated(1) | 24:6 | portions(3) | 10:22 11:9 11:14 | | |
| once(3) | 16:2 19:1 49:4 | particularly(6) | 26:1 34:14 35:25 41:11 55:10 56:2 | position(11) | 12:8 22:24 23:7 23:11 23:14 25:7 25:24 44:1 44:2 47:9 47:25 | publicly(1) | 13:15 |
| one(37) | 1:39 2:29 3:31 8:13 9:1 14:13 15:15 16:1 16:23 18:16 20:10 24:1 26:23 32:6 32:7 32:13 34:13 39:2 39:25 42:1 42:5 44:24 46:4 47:8 47:16 48:24 50:14 52:9 53:4 53:18 53:23 55:18 57:8 57:11 58:3 58:7 58:19 | | | | | published(1) | 40:21 |
| | | | | positions(5) | 17:3 22:22 23:13 41:22 59:9 | purport(1) | 27:1 |
| | | | | possible(6) | 31:23 38:1 38:12 52:11 52:12 53:18 | purported(1) | 26:17 |
| | | parties(48) | 8:5 10:17 10:21 11:3 11:10 18:4 19:1 19:8 20:18 20:22 23:19 24:6 27:5 31:3 34:11 35:2 35:22 36:8 36:9 36:19 36:25 38:16 38:22 39:25 41:20 42:15 42:18 43:6 43:20 43:24 44:20 44:22 45:13 45:24 47:2 48:13 49:6 49:21 49:24 49:25 50:1 50:3 51:14 54:1 57:2 58:22 59:5 59:19 | | | purposes(4) | 29:7 39:11 42:5 56:19 |
| one-way(1) | 46:23 | | | post-confirmation(1) | 24:20 | pursuant(1) | 11:12 |
| ones(4) | 8:9 18:18 22:10 22:12 | | | postpone(2) | 27:21 51:16 | push(3) | 30:10 39:11 58:14 |
| ongoing(2) | 10:25 12:6 | | | posture(2) | 19:4 52:1 | put(20) | 13:3 13:22 21:16 23:3 23:16 25:1 28:14 31:4 35:2 37:14 38:5 41:1 44:25 47:4 47:10 48:18 49:21 57:12 58:16 59:11 |
| only(15) | 8:13 8:21 8:25 10:10 18:18 22:12 22:13 23:19 26:20 28:21 35:10 43:9 49:2 52:11 54:19 | | | potential(1) | 46:16 | | |
| | | partners(1) | 7:25 | potpourri(1) | 48:5 | | |
| | | partway(1) | 28:15 | potter(1) | 5:26 | puts(1) | 19:2 |
| open(2) | 34:1 39:12 | party(5) | 13:2 16:2 45:9 46:11 51:25 | powlen(1) | 4:31 | putting(1) | 50:3 |
| opened(1) | 31:19 | path(6) | 21:2 28:15 28:16 30:3 31:1 31:1 | ppearances(4) | 1:23 2:1 3:1 4:1 | puzzle(1) | 54:18 |
| opening(2) | 53:4 53:24 | paul(1) | 3:43 | practical(2) | 29:10 36:25 | question(2) | 11:2 18:18 |
| openings(1) | 26:22 | pause(2) | 33:1 44:16 | pre(1) | 32:11 | questions(9) | 14:3 28:5 33:15 56:16 57:8 58:18 59:22 |
| operating(1) | 38:9 | pay(1) | 46:24 | prejudice(2) | 22:5 23:24 | | |
| opinion(1) | 40:21 | penalty(1) | 22:13 | prejudicial(3) | 16:25 54:10 55:10 | | |
| opinions(2) | 20:13 35:5 | pending(1) | 19:22 59:14 | preliminarily(1) | 20:18 | quickly(2) | 17:6 23:25 |
| opponent(1) | 16:3 | pennsylvania(1) | 1:49 | premature(4) | 27:17 52:4 54:10 54:15 | quite(5) | 19:16 29:2 40:3 45:24 55:3 |
| opponents(4) | 55:9 55:10 55:14 56:2 | people(17) | 12:12 13:7 14:14 14:15 26:24 30:9 30:10 30:10 41:13 42:9 42:19 44:7 52:16 53:7 54:22 55:5 57:18 | premise(1) | 25:18 | quote(2) | 11:21 19:21 |
| opportunity(2) | 11:10 13:17 | | | premised(3) | 25:8 25:25 29:2 | qureshi(1) | 3:28 |
| oppose(1) | 26:25 | | | preparation(1) | 32:4 | races(1) | 46:25 |
| opposed(2) | 40:10 55:16 | | | prepare(1) | 42:23 | raise(2) | 10:10 59:13 |
| opposite(2) | 46:8 50:3 | people's(2) | 23:13 42:9 | prepared(2) | 35:7 35:14 | raised(2) | 47:14 54:8 |
| opposition(2) | 28:12 29:20 | per(1) | 35:11 | preparing(2) | 31:2 43:5 | range(2) | 35:5 55:13 |
| opt(1) | 22:11 | percent(2) | 17:11 39:24 | presentations(2) | 38:20 41:17 | ratchet(1) | 46:23 |
| optimistic(2) | 35:25 36:9 | perhaps(9) | 32:17 34:23 37:19 48:13 48:21 48:23 49:4 51:6 59:22 | presented(2) | 45:14 45:17 | rather(3) | 17:13 23:8 43:24 |
| option(1) | 23:9 | | | preserving(1) | 12:11 | rbs(2) | 7:37 7:37 |
| | | | | presume(1) | 42:21 | reach(1) | 42:16 |
| | | | | pretty(2) | 41:20 52:25 | reachable(1) | 58:15 |
| | | | | prevent(1) | 30:2 | read(1) | 16:15 |
| options(3) | 35:8 39:12 50:24 | period(5) | 18:20 31:18 31:24 32:10 38:3 | preview(3) | 18:5 18:6 53:23 | reads(1) | 34:13 |
| | | | | | | ready(1) | 49:22 |
| | | | | | | real(4) | 21:5 36:24 50:20 53:15 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **really**(13) 10:21 12:1 12:10 12:10 18:9 19:9 21:10 23:19 35:4 36:2 37:25 42:5 51:1 | | **rifkind**(1) 3:43 | | **seife**(28) 4:8 33:7 33:8 33:22 34:2 34:19 34:22 35:16 35:19 35:21 35:25 36:3 36:6 36:22 36:24 37:8 37:11 38:7 38:25 39:2 39:6 39:17 39:19 58:19 59:8 59:13 59:16 59:21 | | **something**(7) 20:20 24:14 26:3 27:4 27:9 46:21 55:23 | |
| **reason**(4) 17:25 19:12 42:8 42:9 | | **right**(18) 12:7 14:18 17:15 19:18 22:8 22:9 23:21 24:15 32:19 32:25 33:3 40:23 48:23 49:3 52:24 54:3 56:6 56:18 | | | | **sometimes**(2) 36:16 47:5 | |
| **reasonableness**(1) 55:14 | | | | | | **somewhat**(7) 19:3 20:20 26:6 26:16 40:6 42:5 42:25 | |
| **reasons**(2) 40:2 57:18 | | **rightness**(1) 41:21 | | **self-evident**(1) 45:4 | | | | |
| **rebuttals**(1) 16:4 | | **rights**(1) 30:1 | | **sells**(1) 46:11 | | **soon**(1) 14:16 | |
| **recall**(1) 54:21 | | **rise**(1) 8:2 | | **senior**(1) 39:17 | | **sort**(8) 12:25 16:11 22:5 22:12 23:2 23:23 25:4 26:17 | |
| **recap**(1) 17:6 | | **risk**(2) 22:16 23:2 | | **sense**(7) 9:22 18:25 41:19 44:6 48:18 49:3 51:10 | | | | |
| **receive**(1) 24:19 | | **road**(3) 19:11 21:8 24:2 | | | | **sottile**(1) 4:24 | |
| **received**(2) 25:17 26:14 | | **roadmap**(1) 34:15 | | **sent**(1) 14:12 | | **sought**(1) 43:7 | |
| **recognize**(1) 57:21 | | **robby**(1) 8:17 | | **separate**(2) 13:5 22:6 | | **sound**(2) 1:52 60:6 | |
| **recognized**(2) 20:1 27:4 | | **robert**(3) 2:28 5:49 8:18 | | **separately**(1) 29:19 | | **sounds**(2) 15:14 38:2 | |
| **record**(7) 13:6 15:24 22:21 36:19 40:9 41:1 42:3 | | **robust**(2) 50:23 53:1 | | **september**(6) 8:14 8:17 8:19 8:23 9:1 | | **south**(3) 1:39 3:13 5:42 | |
| | | **rockefeller**(1) 4:12 | | **serious**(2) 34:10 37:17 | | **spackled**(1) 48:2 | |
| **recorded**(1) 1:52 | | **rodney**(1) 2:29 | | **service**(2) 1:47 1:53 | | **spaeder**(1) 4:22 | |
| **recording**(2) 1:52 60:6 | | **roitman**(1) 4:7 | | **services**(2) 1:47 8:16 | | **speak**(2) 42:13 42:21 | |
| **recover**(1) 25:16 | | **roll**(1) 37:4 | | **set**(12) 10:15 10:19 15:3 17:9 22:8 37:12 40:18 42:6 45:6 49:23 53:9 59:2 | | **special**(1) 25:23 | |
| **recovery**(4) 17:11 24:20 25:12 25:15 | | **room**(1) 47:16 | | | | **specific**(4) 11:21 11:22 12:9 38:21 | |
| **redact**(1) 10:22 | | **rosner**(14) 5:13 39:21 39:22 40:23 41:8 42:3 44:2 45:3 46:5 46:9 47:14 50:4 50:21 52:2 | | **setting**(1) 53:16 | | **specifics**(1) 35:1 | |
| **redacted**(2) 11:17 11:25 | | | | **settle**(2) 42:15 46:7 | | **spectrum**(1) 21:1 | |
| **references**(2) 12:22 44:11 | | | | **settlement**(31) 15:7 17:3 19:14 19:24 21:4 22:12 25:7 25:8 25:24 28:15 29:14 30:21 31:4 34:12 40:12 41:4 41:14 42:16 43:7 44:1 46:10 46:15 50:6 50:17 51:4 52:13 53:5 53:7 54:13 55:13 55:18 | | **spend**(1) 42:22 | |
| **regard**(5) 23:6 40:14 48:7 53:15 55:21 | | **rosner's**(1) 51:2 | | | | **spent**(1) 47:22 | |
| **regardless**(2) 11:2 43:20 | | **roth**(1) 4:16 | | | | **spilling**(1) 37:18 | |
| **reiteration**(1) 18:3 | | **rothschild**(1) 7:13 | | | | **split**(1) 55:7 | |
| **related**(2) 15:24 31:3 | | **roughly**(1) 57:23 | | | | **square**(4) 2:29 3:22 6:7 6:8 | |
| **relatively**(1) 24:11 | | **round**(2) 16:4 56:10 | | | | **stage**(2) 43:18 52:18 | |
| **relevant**(2) 17:8 58:21 | | **rudnick**(3) 3:11 3:17 51:23 | | **settlement's**(1) 55:21 | | **stake**(1) 50:11 | |
| **relief**(7) 9:10 13:12 18:10 19:5 54:9 54:16 56:22 | | **rule**(3) 11:12 11:24 39:8 | | **settling**(7) 39:25 40:1 45:9 49:24 49:25 50:2 51:25 | | **stand**(2) 33:21 60:1 | |
| | | **ruled**(1) 39:3 | | | | **standard**(9) 19:18 20:6 20:7 20:10 27:1 29:12 40:11 47:18 54:12 | |
| **remarkable**(1) 26:16 | | **rules**(2) 32:2 32:3 | | | | | |
| **remarks**(1) 28:11 | | **ruling**(1) 33:11 | | **seven**(5) 3:22 17:17 34:5 35:2 48:13 | | **standards**(5) 15:6 22:15 40:18 40:19 41:23 | |
| **remind**(1) 58:12 | | **run**(1) 8:8 | | **several**(3) 30:9 43:1 44:19 | | **standing**(2) 37:22 37:23 | |
| **reorganization**(1) 40:13 | | | | **shachar**(1) 2:36 | | **standpoint**(1) 46:8 | |
| **repetitive**(1) 46:4 | | **said**(16) 13:14 14:14 20:13 34:21 40:3 40:3 40:20 41:6 44:4 44:7 44:17 44:18 46:1 46:5 50:13 57:21 | | **share**(1) 32:23 | | **stands**(1) 23:12 | |
| **report**(34) 9:23 10:6 10:7 10:11 10:20 10:23 11:2 11:4 11:7 11:9 11:13 11:16 11:19 11:23 12:4 12:7 12:23 13:10 13:22 14:4 14:9 14:16 14:17 14:18 22:1 44:11 44:24 47:17 48:19 48:25 49:5 51:12 57:19 58:24 | | | | **shared**(1) 32:21 | | **stang**(1) 3:35 | |
| | | | | **shareholders**(1) 25:17 | | **stanley**(2) 4:30 4:43 | |
| | | **same**(10) 16:20 18:23 19:13 25:21 32:1 33:14 38:23 45:10 46:8 55:12 | | **sherri**(1) 60:11 | | **stargatt**(1) 5:47 | |
| | | | | **short**(2) 26:16 38:3 | | **starke**(1) 55:17 | |
| | | **sandelman**(1) 7:25 | | **shorten**(2) 13:19 57:1 | | **start**(3) 15:17 49:8 51:10 | |
| | | **sanzeri's**(1) 8:13 | | **should**(18) 12:20 12:23 15:9 19:13 21:18 23:6 29:17 29:24 30:21 40:5 45:7 45:8 47:3 49:17 49:17 57:5 57:6 59:10 | | **starting**(4) 45:14 46:12 51:8 57:17 | |
| **reported**(1) 20:13 | | **satisfies**(1) 54:13 | | | | **starts**(1) 48:15 | |
| **reports**(6) 35:10 37:3 48:16 50:3 52:5 52: | | **satisfy**(4) 15:6 15:16 29:12 29:21 | | | | **state**(1) 19:22 | |
| **represent**(1) 10:4 | | **saul**(2) 6:49 10:4 | | | | **stated**(1) 40:16 | |
| **representing**(1) 38:8 | | **saw**(4) 26:15 29:19 39:25 54:7 | | **shouldn't**(1) 45:5 | | **statement**(1) 18:6 | |
| **request**(1) 51:17 | | **say**(22) 17:25 18:8 20:23 23:10 24:10 28: 29:6 29:7 33:18 34:22 40:22 42:20 45:5 47:1 47:9 49:11 50:6 50:8 50:15 55:7 56:20 56:21 | | **show**(1) 32:16 | | **statements**(3) 33:16 33:25 54:11 | |
| **requested**(3) 26:15 54:9 54:16 | | | | **sic**(1) 21:13 | | **states**(2) 1:1 1:20 | |
| **requests**(1) 38:16 | | | | **side**(4) 32:3 45:10 55:18 55:20 | | **status**(7) 9:22 10:1 14:9 15:3 15:11 27:22 56:19 | |
| **require**(2) 17:2 25:6 | | | | **sides**(1) 23:17 | | | | |
| **required**(4) 24:1 30:5 35:3 56:22 | | **saying**(3) 41:23 50:3 50:5 | | **sidley**(2) 1:33 15:2 | | | | |
| **requirements**(2) 15:16 29:21 | | **says**(1) 11:22 | | **siegel**(8) 3:19 51:23 51:23 52:20 52:24 53:3 54:2 55:17 | | **statute**(1) 37:20 | |
| **requiring**(1) 22:19 | | **scenario**(1) 37:16 | | | | **stay**(1) 9:10 | |
| **resolution**(1) 29:3 | | **schedule**(9) 26:17 45:7 48:8 48:9 53:9 53:21 54:18 57:22 58:2 | | | | **ste**(1) 6:51 | |
| **resolved**(1) 27:10 | | | | **siegel's**(1) 54:16 | | **stearn**(1) 2:28 | |
| **resources**(1) 21:6 | | | | **signaled**(1) 20:21 | | **stein**(1) 5:15 | |
| **respect**(25) 8:16 8:25 9:2 9:12 14:4 15:6 19:3 21:7 22:24 23:7 24:11 28:12 29:13 30:17 30:20 31:11 31:16 46:5 47:12 47:13 54:12 54:15 54:24 55:1 55:12 | | **schedule-type**(1) 27:16 | | **signed**(3) 9:5 9:17 40:1 | | **sticky**(3) 31:6 34:3 34:16 | |
| | | **scheduled**(1) 43:3 | | **significantly**(1) 10:23 | | **still**(3) 46:24 46:24 53:10 | |
| | | **schedules**(1) 53:16 | | **silverstein**(1) 5:27 | | **stole**(1) 45:25 | |
| | | **scheduling**(1) 29:9 | | **simes**(1) 2:48 | | **stolen**(1) 33:10 | |
| | | **schlerf**(1) 7:14 | | **simply**(2) 12:2 18:1 | | **stone**(1) 54:19 | |
| **respective**(1) 41:21 | | **scholer**(1) 5:20 | | **since**(2) 51:25 52:2 | | **stop**(1) 32:6 | |
| **respond**(2) 47:24 59:20 | | **schotz**(2) 1:25 8:7 | | **singled**(1) 25:22 | | **strange**(1) 50:2 | |
| **responded**(1) 32:14 | | **schuylkill**(1) 1:48 | | **sit**(1) 39:17 | | **strauss**(1) 3:26 | |
| **response**(7) 14:23 15:22 33:24 56:8 56:15 56:17 59:23 | | **scope**(1) 44:25 | | **sitting**(1) 37:22 | | **street**(15) 1:12 1:48 2:6 2:30 3:13 3:38 4:18 4:25 4:33 5:6 5:29 5:42 5:51 6:38 7:16 | |
| | | **scott**(1) 7:6 | | **situation**(1) 34:16 | | | | |
| **responses**(1) 59:6 | | **seal**(4) 11:9 11:15 11:16 12:15 | | **size**(1) 52:14 | | | | |
| **responsibility**(1) 55:2 | | **seated**(1) 8:3 | | **sold**(1) 46:10 | | **strike**(1) 56:2 | |
| **result**(1) 25:10 | | **second**(3) 37:23 42:17 54:11 | | **solvency**(4) 35:3 48:14 51:2 51:3 | | **strikes**(1) 55:9 | |
| **resulted**(1) 34:10 | | **secondly**(2) 20:14 43:16 | | **solvent**(2) 50:4 50:6 | | **strong**(3) 26:1 38:12 50:16 | |
| **retirees**(1) 38:10 | | **secretary's**(1) 10:8 | | **some**(26) 10:16 11:5 17:14 18:13 18:20 20:8 20:15 21:2 22:5 24:3 29:20 31:12 33:10 33:11 33:12 35:24 35:13 36:14 37:15 38:22 40:11 43:24 52:3 55:24 56:25 58:4 | | **strongly**(2) 12:22 13:14 | |
| **returnable**(1) 58:21 | | **section**(1) 41:13 | | | | **stuart**(1) 3:46 | |
| **reviewed**(1) 53:17 | | **see**(6) 11:20 35:24 36:2 36:17 46:22 50:19 | | | | **studying**(1) 23:4 | |
| **revise**(1) 32:15 | | **seek**(3) 16:18 24:5 30:8 | | | | **subject**(6) 10:18 17:13 18:22 22:25 27:5 32:3 | |
| **revised**(1) 14:13 | | **seeking**(2) 18:10 35:6 | | | | | |
| **rich**(1) 55:21 | | **seeks**(3) 26:20 28:18 40:17 | | **somebody**(2) 11:22 56:12 | | | | |
| **richards**(1) 2:26 | | **seem**(1) 25:17 | | | | **submission**(2) 20:2 52:5 | |
| | | **seems**(6) 25:18 26:6 26:21 31:21 32:8 | | | | | |

# TRIBUNE.7.14.10.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**submissions**(7) 19:17 27:6 33:18 53:17 58:23 59:3 59:9

**submit**(4) 19:23 22:21 24:13 44:3

**submitted**(3) 9:4 30:7 35:10

**submitting**(1) 52:6

**subsequent**(1) 21:19

**substance**(2) 12:9 18:2

**substantial**(3) 19:12 20:2 52:15

**successful**(1) 25:20

**such**(4) 18:9 21:16 30:15 56:21

**suffer**(1) 22:13

**sufficient**(1) 38:24

**suggest**(1) 44:12

**suggested**(3) 34:23 47:20 58:20

**suggesting**(3) 35:16 47:2 51:6

**suggests**(1) 47:19

**suit**(8) 1:29 3:7 4:18 4:26 4:32 5:43 6:38 7:17

**sum**(1) 43:6

**supplements**(1) 59:17

**support**(4) 25:5 25:24 32:5 50:16

**supporters**(8) 17:3 19:14 25:6 26:24 31:17 40:1 55:9 55:11

**supporting**(1) 41:13

**supposed**(1) 35:4

**sure**(15) 8:10 16:10 17:16 23:16 34:24 36:6 39:3 45:9 48:23 49:2 49:21 49:21 49:23 55:6 57:13

**surfaced**(1) 52:22

**suspect**(1) 11:4

**suttonbrook**(2) 4:47 4:47

**sympathy**(1) 47:9

**sync**(1) 8:10

**syndicated**(1) 9:15

**systems**(1) 9:13

**table**(2) 15:3 45:10

**tabulation**(1) 54:23

**tailoring**(1) 31:25

**take**(11) 9:21 17:3 22:21 30:10 32:6 36:12 38:17 39:10 40:7 50:15 59:12

**taken**(3) 22:16 25:2 52:11

**taking**(1) 56:13

**talent**(1) 23:18

**talk**(3) 34:25 35:1 44:13

**talked**(1) 42:4

**talking**(3) 43:5 47:16 53:3

**taxes**(1) 52:15

**taylor**(1) 5:48

**tee**(1) 56:24

**tell**(6) 12:5 22:14 27:18 33:13 34:1 43:9

**telling**(2) 55:18 55:20

**temporary**(1) 9:8

**tend**(4) 20:19 21:21 24:11 41:25

**tension**(2) 36:18 52:16

**tenth**(1) 8:15

**term**(1) 42:7

**terms**(11) 21:19 22:15 35:1 37:11 42:3 44:14 46:6 47:4 49:6 53:18 58:23

**terribly**(1) 56:13

**terry**(1) 8:21

**testimony**(2) 19:22 49:7

**texaco**(2) 34:15 41:5

**than**(9) 20:16 23:8 24:19 24:23 36:13 36:14 48:1 48:25 53:8

**thank**(23) 9:6 9:18 14:20 14:21 14:25 16:16 28:4 28:8 32:25 33:2 33:6 34:2 39:19 39:20 45:19 45:20 51:20 51:21 54:2 56:4 56:5 59:21 59:24

**that**(301) 8:9 8:10 8:14 9:1 9:5 9:19 9:20 10:6 10:15 10:17 10:25 11:3 11:5 11:7 11:17 11:22 12:2 12:6 12:20 12:21 12:22 12:22 13:1 13:3 13:4 13:7 13:7 13:9 13:10 13:12 13:13 13:16 13:19 13:24 14:14 14:18 15:7 15:17 15:20 16:10 16:18 16:21 17:15 17:16 17:22 17:25 18:1 18:6 18:7 18:7 18:8 18:9 18:10 18:13 18:15 18:18 18:19 18:22 18:24 19:2 19:3 19:4 19:4 19:5 19:7 19:7 19:11 19:12 19:20 19:23 20:1 20:10 20:12 20:18 20:25 21:5 21:6 21:13 21:16 22:10 22:12 22:13 22:14 23:2 23:5 23:8 23:14 23:20 23:24 24:4 24:13 24:14 24:17 24:18 24:19 24:23 24:24 25:1 25:5 25:5 25:9 25:9 25:18 25:19 25:21 25:22 25:25 25:25 26:10 26:16 26:16 26:22 26:24 27:1 27:4 27:4 27:9 27:14 27:24 28:1 28:3 28:21 28:21 28:23 28:23 28:25 29:2 29:14 29:17 29:18 29:22 30:7 30:10 30:18 30:23 31:1 31:3 31:19 31:21 31:25 32:9 33:4 33:20 33:22 34:6 34:16 34:16 34:21 34:25 34:23 35:1 35:3 35:6 35:6 35:9 35:14 36:8 36:23 37:3 37:6 37:14 37:25 38:6 38:12 38:18 38:20 38:21 38:24 38:25 39:13 39:15 40:1 40:2 40:8 40:10 40:11 40:14 40:14 40:15 40:16 40:17 40:21 40:23 41:1 41:4 41:8 41:9 41:10 41:13 41:23 42:4 42:5 42:8 42:14 42:17 42:17 42:20 43:5 43:6 43:8 43:18 43:20 43:21 43:22 43:23 43:23 43:24 44:3 44:4 44:5 44:6 44:8 44:12 44:18 44:23 45:1 45:2 45:5 45:10 45:11 45:12 45:17 45:23 46:1 46:16 46:16 46:19 46:20 46:22 46:22 47:1 47:7 47:9 47:13 47:14 47:16 47:22 48:2 48:3 48:4 48:5 48:7 48:9 48:11 48:15 48:20 48:22 49:4 49:4 49:6 49:8 49:10 49:14 50:6 50:9 50:10 50:10 50:15 50:16 50:22 50:24 51:6 51:15 52:18 52:21 53:7 53:8 53:11 53:14 53:18 53:19 53:20 53:22 53:24 54:1 54:9 54:11 54:16 54:23 55:7 55:8 55:13 55:13 55:19 55:20 55:21 55:22 55:24 56:12 56:23 57:2 57:3 57:4 57:5 57:22 58:12 58:14

**that**(6) 58:21 59:8 59:18 59:19 59:24 60:5

**that's**(40) 8:13 8:19 11:23 17:15 17:19 19:12 20:21 22:16 23:2 23:20 24:10 24:25 26:11 26:21 27:9 27:9 28:17 30:5 30:13 31:6 31:10 32:10 36:21 39:12 40:12 42:6 43:11 43:14 43:16 44:17 47:11 50:11 50:16 50:20 51:4 51:4 51:4 51:8 51:9 59:13

**the**(301) 1:1 1:2 1:19 1:25 2:4 3:47 5:50 6:31 6:35 7:9 8:2 8:4 8:7 8:9 8:9 8:10 8:11 8:12 8:13 8:15 8:18 8:18 8:20 8:24 8:25 9:2 9:3 9:4 9:5 9:9 9:12 9:13 9:14 9:14 9:17 9:21 9:22 9:22 9:24 9:25 10:2 10:5 10:7 10:7 10:10 10:10 10:11 10:11 10:12 10:12 10:14 10:15 10:17 10:19 10:21 10:23 11:1 11:1 11:3 11:4 11:4 11:5 11:7 11:9 11:10 11:12 11:13 11:15 11:19 11:20 11:23 12:1 12:3 12:3 12:3 12:4 12:5 12:6 12:7 12:9 12:11 12:13 12:21 12:22 13:1 13:1 13:2 13:2 13:6 13:6 13:7 13:8 13:9 13:10 13:11 13:12 14:11 14:12 14:13 14:13 14:16 14:16 14:17 14:18 14:20 14:22 14:24 15:2 15:3 15:3 15:5 15:6 15:7 15:8 15:8 15:11 15:12 15:14 15:16 15:18 15:18 15:20 15:20 15:21 15:23 15:25 16:1 16:6 16:8 16:10 16:12 16:13 16:15 16:15 16:16 16:17 16:18 16:19 16:19 16:20 16:25 17:2 17:2 17:3 17:4 17:6 17:6 17:7 17:7 17:9 17:9 17:12 17:14 17:16 17:17 17:19 17:19 17:20 17:22 17:22 17:22 17:24 17:24 17:25 17:25 18:2 18:3 18:3 18:4 18:6 18:7 18:10 18:10 18:12 18:13 18:13 18:14 18:16 18:18 18:18 18:21 18:23 19:1 19:1 19:2 19:4 19:7 19:8 19:9 19:11 19:11 19:11 19:13 19:14 19:14 19:14 19:15 19:15 19:17 19:17 19:19 19:20 19:22 19:23 19:24 19:25 19:25 20:2 20:4 20:5 20:12 20:15 20:16 20:18 20:22 20:22 20:25 20:25 21:1 21:2 21:2 21:3 21:3 21:4 21:5 21:7 21:7 21:9 21:9 21:10 21:11 21:12 21:13 21:13 21:15 21:20 21:25 21:25 22:1 22:1 22:3 22:5 22:6 22:7 22:7 22:7 22:9 22:9 22:10 22:11 22:12 22:13 22:14 22:15 22:19 22:19 22:20 22:20 22:22 22:23 22:24 23:3 23:3 23:14 23:16 23:17 23:19 23:19 23:20 24:1 24:2 24:4 24:6

**the**(301) 24:8 24:17 24:19 24:23 25:1 25:2 25:3 25:4 25:4 25:6 25:6 25:6 25:8 25:9 25:9 25:14 25:17 25:17 25:18 25:18 25:19 25:21 25:21 25:23 25:24 25:25 25:25 26:2 26:5 26:6 26:9 26:9 26:11 26:12 26:14 26:20 26:20 26:23 26:24 26:24 26:24 27:1 27:2 27:5 27:7 27:11 27:16 27:18 27:20 27:22 28:1 28:2 28:6 28:7 28:10 28:12 28:12 28:13 28:14 28:15 28:15 28:15 28:16 28:17 28:17 28:19 28:19 28:20 28:21 28:22 28:23 28:24 28:25 29:1 29:2 29:3 29:4 29:5 29:7 29:8 29:8 29:11 29:12 29:12 29:13 29:15 29:16 29:17 29:20 29:21 29:22 29:23 30:2 30:3 30:4 30:4 30:4 30:5 30:6 30:7 30:9 30:11 30:12 30:14 30:16 30:16 30:17 30:17 30:18 30:18 30:20 30:21 30:21 30:24 31:1 31:2 31:3 31:3 31:6 31:6 31:9 31:9 31:14 31:15 31:16 31:16 31:17 31:17 31:18 31:19 31:22 31:22 31:23 31:23 31:24 31:25 32:1 32:2 32:2 32:3 32:7 32:9 32:10 32:11 32:14 32:15 32:19 32:21 32:25 33:2 33:6 33:8 33:13 33:14 33:17 33:25 33:25 34:3 34:4 34:6 34:6 34:8 34:11 34:11 34:13 34:14 34:15 34:16 34:17 34:18 34:20 34:24 35:2 35:4 35:5 35:5 35:7 35:9 35:10 35:11 35:16 35:17 35:18 35:18 35:19 35:20 35:22 35:24 36:1 36:1 36:5 36:7 36:8 36:8 36:9 36:11 36:11 36:12 36:13 36:13 36:17 36:17 36:18 36:19 36:22 36:23 36:25 37:1 37:4 37:6 37:8 37:9 37:9 37:10 37:13 37:14 37:17 37:17 37:18 37:22 37:25 38:1 38:6 38:8 38:8 38:9 38:10 38:10 38:12 38:15 38:16 38:18 38:18 38:19 38:20 38:22 38:23 38:23 39:1 39:2 39:5 39:7 39:10 39:12 39:14 39:18 39:20 39:23 39:24 39:25 40:1 40:2 40:3 40:4 40:5 40:8 40:9 40:11 40:15 40:16 40:16 40:17 40:17 40:19 41:1 41:2 41:3 41:3 41:4 41:5 41:5 41:6 41:10 41:13 41:13 41:15 41:17 41:18 41:20 41:21 41:21 41:25 42:1 42:1 42:3 42:5 42:5 42:6 42:7 42:9 42:12 42:14 42:16 42:18 42:19 42:20 42:20 42:20 42:21 42:22 42:24 43:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(251) 43:5  43:6  43:8  43:10  43:14  43:14  43:16  43:17  43:18  43:18  43:19  43:19  43:20  43:21  43:22  43:24  44:1  44:5  44:6  44:6  44:7  44:9  44:9  44:14  44:15  44:15  44:16  44:18  44:20  44:23  44:25  44:25  44:25  45:1  45:3  45:5  45:5  45:6  45:6  45:10  45:10  45:10  45:13  45:14  45:15  45:15  45:16  45:17  45:20  45:23  46:1  46:5  46:7  46:7  46:8  46:12  46:13  46:15  46:16  46:18  46:18  46:19  46:20  46:25  47:1  47:2  47:3  47:7  47:11  47:15  47:15  47:16  47:18  47:18  47:19  47:19  47:21  47:21  47:21  47:24  47:24  48:1  48:2  48:4  48:19  48:20  48:22  48:25  49:2  49:5  49:5  49:6  49:11  49:11  49:12  49:14  49:16  49:21  49:21  49:23  49:24  49:25  49:25  50:2  50:5  50:7  50:13  50:15  50:16  50:20  50:20  50:20  50:21  50:22  50:22  50:23  50:25  51:1  51:11  51:12  51:14  51:15  51:15  51:17  51:20  51:22  52:2  52:5  52:5  52:8  52:10  52:10  52:11  52:12  52:17  52:17  52:18  52:21  52:21  52:22  52:25  53:4  53:5  53:5  53:6  53:6  53:8  53:10  53:11  53:17  53:17  53:18  53:19  53:22  53:24  54:1  54:3  54:5  54:7  54:9  54:11  54:12  54:12  54:15  54:15  54:17  54:17  54:17  54:20  54:21  54:21  54:22  54:25  55:1  55:2  55:7  55:7  55:7  55:11  55:12  55:13  55:15  55:15  55:16  55:18  55:19  55:20  55:20  55:23  56:3  56:4  56:6  56:9  56:12  56:16  56:18  56:19  56:19  56:21  56:24  56:25  57:2  57:4  57:6  57:11  57:12  57:13  57:13  57:15  57:19  57:20  57:20  57:21  57:22  57:23  57:25  58:1  58:5  58:6  58:6  58:7  58:10  58:11  58:12  58:13  58:15  58:16  58:20  58:22  58:24  58:25  59:1  59:4  59:4  59:6  59:7  59:8  59:11  59:13  59:15  59:17  59:18  59:19  59:22  59:24  60:2  60:5  60:6  60:6  60:7

**their**(21) 9:9  11:10  17:10  22:23  23:6  23:11  23:14  25:1  25:22  28:18  29:25  31:4  32:5  35:2  38:5  38:11  41:21  43:4  44:21  50:8  56:23

**them**(13) 9:21  10:21  22:23  23:8  30:12  32:24  37:3  39:11  41:24  44:24  46:10  56:2  57:3

**then**(22) 9:25  11:16  12:13  14:6  16:17  17:10  18:21  21:6  21:23  22:10  29:4  31:19  32:7  36:18  36:20  39:17  46:24  49:16  51:11  52:4  54:20  58:6

**there**(31) 12:18  13:16  15:21  19:9  19:16  20:1  21:22  24:2  26:15  34:5  35:8  35:12  36:24  37:2  37:23  40:10  42:8  44:3  44:8  44:8  44:18  47:6  49:9  52:7  52:14  53:21  54:23  56:16  56:25  57:4  57:5

**there's**(13) 12:17  18:18  19:8  25:10  25:13  25:15  25:16  32:8  33:25  34:15  36:18  49:11  57:11

**these**(8) 17:1  18:24  19:12  21:5  22:3  23:4  24:15  37:21

**they**(25) 16:2  17:10  23:6  23:6  23:10  23:10  27:1  28:14  32:3  33:17  36:14  36:19  38:4  41:18  41:24  41:24  42:10  42:16  43:22  50:15  56:12  56:23  58:1  58:23

**they'll**(1) 18:22

**they're**(7) 17:12  22:25  24:22  36:20  50:4  58:21  58:21

**they've**(4) 23:5  42:15  57:16  57:17

**thing**(4) 23:19  45:3  57:11  57:20

**things**(13) 14:13  16:22  21:18  24:9  24:15  26:10  27:16  40:8  41:15  48:14  50:15  58:14  58:16

**think**(75) 9:22  11:18  12:17  17:7  18:2  18:25  19:7  19:15  20:1  20:17  20:19  20:21  20:21  21:9  21:21  21:22  22:15  23:2  23:13  26:2  27:4  27:8  27:16  27:24  28:5  28:25  29:8  30:4  30:16  30:23  33:10  33:23  34:1  34:3  34:13  34:15  34:20  35:6  35:21  36:20  38:3  38:13  39:25  40:3  40:14  40:21  41:6  42:12  42:14  42:15  45:4  47:11  47:20  47:22  47:25  48:1  48:4  48:12  48:20  49:13  49:19  49:20  50:19  50:21  50:24  51:2  51:3  51:10  52:17  53:4  53:9  53:20  57:25  58:4  58:22

**thinking**(2) 12:24  40:24

**thinks**(4) 31:11  50:21  50:22  56:22

**third**(2) 10:16  13:2

**thirty-second**(1) 9:13

**this**(76) 11:18  12:10  14:11  15:25  16:21  18:19  19:16  19:19  19:20  19:23  20:8  20:17  20:17  20:22  21:11  21:12  21:16  21:25  22:20  23:15  23:16  24:2  24:4  25:7  25:22  26:2  26:18  27:1  27:3  27:17  28:14  28:18  34:5  35:14  37:13  37:17  38:13  38:18  40:9  40:15  41:11  41:13  42:13  44:4  44:5  44:5  46:7  46:22  47:1  47:10  47:14  47:15  48:15  48:24  49:8  49:21  50:4  51:7  51:11  52:10  52:14  55:4  57:12  57:16  58:2  58:8  58:20  59:11  59:25

**thomas**(2) 4:11  7:7

**thornberg**(1) 4:30

**thorough**(2) 48:24  49:2

**those**(29) 8:17  8:22  9:17  10:14  10:16  10:21  10:23  11:6  11:7  11:11  11:24  17:11  19:18  20:3  23:25  24:8  24:11  26:9  26:9  30:15  30:20  34:14  36:16  38:1  47:8  48:19  53:8  59:3  59:18

**though**(3) 25:18  26:21  41:20

**thought**(13) 9:20  11:15  12:14  12:16  12:19  26:15  31:15  46:14  46:20  46:21  47:15  50:22  54:9

**thousands**(2) 44:11  49:10

**three**(3) 16:22  17:2  47:23

**through**(9) 8:8  18:6  23:25  24:20  24:25  45:14  48:3  50:23  58:5

**throughout**(1) 17:4

**throw**(1) 54:1

**throwing**(1) 53:13

**thunder**(2) 33:11  45:25

**tight**(1) 58:2

**time**(42) 11:1  11:4  12:3  12:5  12:12  13:8  13:10  16:20  18:20  19:13  21:21  27:22  32:  32:7  32:10  36:13  36:14  36:17  37:9  37:14  38:3  38:5  38:11  38:17  38:18  38:21  39:  40:8  41:10  41:18  44:20  53:24  54:17  54:2  55:2  55:8  56:1  56:24  57:2  57:8  59:1

**times**(5) 3:22  6:7  6:8  29:11  57:21

**timing**(3) 29:10  37:12  56:25

**tina**(1) 7:46

**today**(18) 8:10  9:5  9:17  15:4  15:17  20:10  22:17  27:10  33:19  35:6  35:8  37:2  39:8  40:7  40:20  45:12  46:15  57:3

**told**(3) 18:21  25:21  44:10

**tom**(2) 2:42  57:9

**tomorrow**(6) 37:1  46:12  48:8  48:10  48:15  49:8  50:11  52:6

**tomorrow's**(1) 50:1

**too**(5) 27:17  28:3  55:19  55:21  55:23

**tools**(1) 48:5

**topic**(1) 13:17

**torres**(2) 5:11  39:22

**tough**(1) 58:3

**toward**(2) 21:2  58:20

**tower**(1) 6:7

**track**(2) 10:6  47:11

**tracks**(1) 24:16

**trade**(2) 38:9  52:15

**traffic**(1) 58:9

**transaction**(2) 24:7  25:14

**transactions**(1) 16:14

**transcript**(3) 1:18  1:53  60:6

**transcription**(2) 1:47  1:53

**treated**(2) 17:12  18:19

**treatment**(4) 16:25  17:6  18:14  25:23

**treham**(1) 2:49

**tremendously**(1) 38:2

**trial**(4) 20:19  34:17  40:4  42:24

**tribune**(2) 1:8  2:10

**tricadia**(2) 6:16  6:16

**tried**(4) 26:18  26:19  29:4  43:23

**truly**(1) 21:6

**truncate**(1) 42:10

**trust**(3) 3:4  45:16  51:24

**trust's**(1) 9:8

**trustee**(3) 6:35  6:35  39:24

**try**(9) 28:19  30:11  31:12  35:22  35:22  36:6  38:18  38:21  42:6

**trying**(12) 10:20  15:8  15:18  26:3  29:10  29:15  29:22  29:25  30:2  30:3  31:2  42:25

**turning**(1) 22:4

**twenty-four**(1) 51:9

**twenty-fourth**(1) 8:20

**twenty-seventh**(1) 8:24

**twice**(1) 22:20

**two**(11) 16:25  20:9  23:23  26:23  39:2  47:23  53:5  53:6  54:8  56:19  59:14

**type**(1) 21:15

**types**(1) 24:8

**typically**(2) 58:5  59:12

**u.s**(2) 6:35  6:35

**ucc**(2) 50:7  50:21

**uh-huh**(1) 21:24

**ultimately**(2) 11:11  28:2

**unavailable**(1) 58:12

**uncertainty**(3) 18:13  18:16  51:11

**under**(12) 11:9  11:15  11:16  17:7  18:14  28:19  29:23  30:1  30:5  30:12  32:2  56:3

**underscore**(1) 46:3

**understand**(14) 18:14  19:5  36:23  37:6  37:7  37:10  40:7  40:15  40:23  43:23  44:1  44:1  44:2  53:2

**understanding**(3) 41:2  44:15  57:4

**understood**(5) 17:21  20:24  22:18  22:18  27:12

**undertake**(1) 43:25

**undertook**(1) 34:9

**undisputed**(1) 22:8

**undoes**(1) 26:4

**undoubtedly**(1) 49:9

**unfair**(1) 55:10

**unfortunately**(2) 46:13  58:9

**unfulfilled**(1) 56:13

**unimportant**(2) 23:20  41:23

**united**(2) 1:1  1:20

**universe**(1) 23:18

**unless**(4) 28:5  32:6  56:10  56:12

**unlike**(1) 20:15

**unlikely**(2) 25:9  25:19

**unnecessary**(1) 16:23

**unreasonable**(3) 22:2  50:7  55:21

**unseal**(1) 13:6

**unsecured**(2) 4:5  33:9

**until**(16) 11:1  11:9  11:24  12:7  12:11  27:22  36:17  37:18  46:2  48:12  48:19  51:12  53:11  53:14  57:19  58:13

**unwilling**(1) 57:3

**upcoming**(1) 15:6

**upon**(1) 18:14

**urging**(1) 38:12

**use**(3) 11:17  27:2  42:7

**used**(1) 16:13

**usually**(2) 41:18  46:10

**vail**(1) 2:5

**value**(1) 21:5

**variety**(1) 34:4

**various**(4) 48:4  48:14  50:23  57:18

**verbal**(5) 14:23  56:8  56:15  56:17  59:23

**version**(1) 11:17  11:19

**versus**(2) 30:13  31:9

**very**(25) 8:11  9:18  9:24  12:21  13:22  14:20  16:5  17:6  18:23  19:12  24:14  31:18  34:10  43:6  44:21  45:12  45:19  49:19  50:1  50:4  50:6  50:16  53:10  54:25  59:24

**viability**(1) 30:20

**view**(7) 20:25  25:9  26:5  37:25  40:9  50:15  52:21

**viewpoint**(1) 41:2

**views**(4) 33:15  34:6  39:9  40:9

**virtue**(1) 43:7

**visit**(1) 36:19

**visits**(1) 18:14

**von**(1) 8:22

**vote**(7) 17:10  22:1  22:11  54:20  54:25  55:1  55:4

**voting**(2) 22:13  54:22

**wait**(4) 12:2  17:17  18:19  53:14

**waiting**(1) 38:11

**walker**(1) 8:16

**wallpapered**(1) 48:2

**want**(17) 12:2  16:1  16:2  23:10  25:5  33:17  42:9  42:10  42:10  43:21  46:5  47:4  49:23  50:9  57:12  57:19  57:20

**wanted**(7) 10:10  15:13  15:17  26:10  45:23  46:3  52:1

**wants**(2) 14:19  51:15

**wardwell**(1) 2:18

**was**(31) 8:12  9:4  10:15  10:15  11:15  12:14  12:16  12:19  12:24  16:18  16:26  29:6  30:6  30:8  31:11  31:12  34:22  41:3  41:6  41:12  42:5  42:6  43:17  47:15  47:16  53:18  54:9  57:3  57:13  60:2

**washington**(1) 4:27

**waste**(1) 21:5

**wasted**(1) 49:10

**way**(31) 16:11  17:9  17:22  21:13  21:16  21:20  22:7  22:16  24:3  27:17  28:14  28:17  30:14  32:8  32:11  33:14  33:25  36:11  42:1  43:5  44:7  45:1  45:10  47:11  49:21  51:6  52:10  52:17  53:24  58:16  59:11

**ways**(3) 21:1  26:3  58:2

**we'll**(12) 13:21  13:21  13:22  15:24  24:24  35:13  36:14  47:20  49:19  52:4  52:5  56:18

**we're**(33) 8:10  10:6  12:7  14:14  18:10  18:18  18:19  21:1  22:10  22:12  29:9  29:25  30:1  30:25  35:6  37:2  37:15  39:25  42:25  44:10  46:12  46:15  46:24  48:8  48:11  49:8  50:3  50:4  51:9  51:10  52:6  58:8

**we've**(9) 10:20  18:5  22:8  24:23  32:17  42:4  46:19  48:1  49:5

**website**(2) 14:15  14:18

**wednesday**(1) 8:1

**week**(1) 53:12

**weeks**(3) 30:9  43:1  47:25

**weigh**(2) 12:12  13:16

**weighed**(1) 50:23

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|

**weil**(1) 4:37
**weiss**(1) 3:43
**weitman**(1) 2:15
**well**(46) 8:11 9:24 10:17 11:2 12:14 13:3 13:23 14:20 15:11 15:13 15:23 17:19 17:24 18:12 19:2 21:9 21:10 21:16 23:16 28:13 28:23 29:20 29:24 30:14 31:5 31:6 31:14 32:14 34:18 36:11 38:15 39:5 41:9 43:8 43:15 44:12 44:16 44:21 46:19 49:16 50:14 53:17 58:11 59:6 59:11 59:19

**wells**(6) 7:5 8:17 16:8 39:2 40:2 57:10
**went**(1) 50:23
**were**(12) 9:17 13:4 29:3 29:10 32:6 32:7 33:18 42:23 46:2 46:14 46:21 55:5

**west**(2) 4:33 5:51
**wharton**(1) 3:43
**what**(80) 10:20 11:12 12:14 17:19 18:3 18:12 19:17 19:18 20:4 22:23 23:6 23:10 23:11 23:13 23:14 23:20 24:21 26:15 28:18 29:6 30:1 30:8 30:25 31:10 32:3 32:11 32:16 32:18 34:22 34:24 35:3 36:1 36:20 37:2 38:3 40:21 40:24 40:25 40:25 41:6 41:16 42:7 42:17 42:17 42:25 43:20 44:9 44:13 44:13 44:17 45:7 45:7 45:13 45:13 46:1 46:5 46:6 46:10 46:10 46:11 46:14 46:14 47:2 48:21 48:24 49:6 49:16 50:1 50:11 50:21 50:21 50:22 51:1 51:2 51:13 52:3 52:8 53:9 58:3

**what's**(6) 41:19 41:19 48:9 50:10 50:11 50:24

**whatever**(4) 16:2 20:6 31:10 53:9
**when**(19) 11:13 12:12 12:15 13:22 13:25 26:14 26:18 36:17 38:4 38:22 41:18 42:25 43:3 45:11 48:3 48:3 51:10 52:16 53:3

**where**(13) 19:23 21:18 23:11 23:18 29:16 30:2 31:15 33:12 34:4 36:15 41:3 49:24 58:15
**whereupon**(1) 60:2
**wherever**(1) 20:25
**whether**(14) 12:2 13:12 16:2 21:17 22:24 22:25 24:3 30:21 34:14 42:2 43:21 44:14 47:18 49:11

**which**(26) 12:3 15:5 17:22 20:12 20:15 21:4 21:23 25:11 30:6 30:7 30:8 34:10 34:11 37:1 38:5 38:9 39:3 40:17 41:2 41:5 44:21 48:11 53:11 54:8 55:3 55:6

**while**(4) 22:23 25:23 30:14 47:14
**white**(3) 7:5 16:8 57:10
**whittman**(1) 7:31
**who**(12) 13:16 14:19 24:6 24:21 25:17 31:20 32:14 36:19 42:15 47:2 50:4 59:5

**whole**(1) 34:4
**whom**(2) 52:17 56:6
**why**(7) 19:12 34:1 42:14 42:15 42:16 44:17 59:13

**will**(90) 10:25 11:8 11:14 11:16 11:17 12:5 13:7 13:16 13:17 14:1 15:6 15:7 15:16 15:18 15:21 16:22 16:23 16:25 17:2 18:8 18:22 19:9 19:11 19:16 20:5 20:16 20:19 22:1 22:1 22:2 22:14 25:6 25:10 27:18 28:1 28:10 29:12 29:14 29:20 29:22 30:8 30:8 30:23 31:4 32:3 33:13 35:3 36:6 36:7 36:11 36:12 36:13 36:13 38:22 38:23 40:19 42:2 42:4 43:8 44:18 44:24 44:24 45:10 47:16 47:25 48:4 48:25 49:1 49:2 49:7 49:7 49:9 49:12 49:24 50:6 50:16 52:4 52:7 52:9 52:20 53:10 54:18 54:21 54:25 55:2 55:7 57:4 58:15 58:15 60:1
**willette**(1) 8:25
**william**(1) 3:12

**wilmer**(1) 6:42
**wilmington**(19) 1:13 1:30 2:31 2:44 3:4 3:8 3:40 4:19 4:34 5:8 5:31 5:52 6:39 6:52 7:18 8:1 9:8 45:16 51:24

**win**(1) 46:23
**wish**(9) 13:16 14:22 31:20 36:19 51:22 56:7 58:22 59:5 59:17

**wishes**(1) 14:8
**with**(81) 8:10 8:15 8:25 9:2 9:12 9:15 9:19 9:20 10:10 10:11 10:21 12:20 13:1 13:2 14:4 14:6 14:9 14:17 15:6 15:20 15:25 16:13 20:3 20:18 21:7 22:3 22:7 22:24 23:7 23:10 23:17 24:11 24:15 27:14 27:18 28:2 28:2 28:12 29:13 30:20 31:11 31:12 31:15 31:25 32:17 32:21 32:24 33:3 34:10 35:12 35:13 37:22 38:4 38:5 39:15 40:6 44:11 44:18 44:23 46:4 46:12 46:14 47:9 47:12 47:13 47:21 48:8 48:16 50:5 52:10 53:15 54:12 54:15 54:24 55:1 55:2 56:23 57:9 57:23 58:1 59:6

**withdraw**(1) 51:17
**within**(6) 31:24 32:1 32:9 32:10 44:20 55:13

**without**(3) 38:16 47:1 56:13
**witness**(1) 43:11
**witnesses**(2) 35:10 58:7
**womble**(1) 2:41
**won't**(7) 12:6 39:13 46:4 52:8 53:11 54:20 54:23

**words**(2) 37:11 39:2
**work**(7) 10:19 10:20 10:20 14:17 19:18 29:4 43:24

**working**(1) 49:22
**world**(1) 31:19
**worth**(2) 16:15 25:11
**would**(47) 8:8 9:20 11:13 11:13 11:15 12:4 12:15 13:1 13:3 13:7 13:11 13:13 16:18 18:12 21:5 21:14 23:20 27:2 32:11 32:15 32:17 33:18 33:23 35:21 36:2 36:14 37:23 38:2 38:13 40:25 40:25 41:10 42:2 43:9 43:24 44:3 45:11 47:6 49:13 49:16 53:25 56:13 56:20 57:1 58:22 59:2 59:8

**wouldn't**(1) 44:12
**written**(2) 33:18 35:9
**wrong**(3) 34:1 41:10 52:23
**yeah**(8) 22:14 28:25 31:9 33:25 35:7 35:20 36:3 59:4

**year**(1) 37:18
**years**(2) 21:7 23:9
**yes**(6) 26:8 31:8 34:22 36:24 39:6 57:9
**yet**(3) 17:20 18:5 56:7
**yield**(3) 28:6 32:14 33:4
**york**(18) 2:23 2:38 2:52 3:23 3:32 3:48 4:13 4:40 4:50 5:17 5:23 5:37 6:9 6:19 6:25 6:32 6:46 7:10

**you**(133) 8:8 9:6 9:18 12:2 12:4 12:19 12:19 13:9 13:19 13:24 14:20 14:21 14:24 14:25 15:21 16:16 18:3 18:7 18:12 18:14 18:19 19:4 20:4 20:9 20:15 21:18 21:20 22:10 22:14 22:14 24:8 26:17 27:18 27:18 27:20 28:2 28:4 28:5 28:8 28:23 30:8 30:14 30:19 30:19 30:23 32:6 32:16 32:18 32:25 33:2 33:6 33:13 34:1 34:2 34:4 34:8 35:13 36:1 36:10 39:19 39:20 40:25 41:17 42:10 42:13 43:3 43:5 43:9 43:16 43:19 43:21 44:4 44:12 44:14 44:16 44:17 44:23 45:19 45:20 46:1 46:3 46:18 46:19 47:3 47:4 47:5 47:6 47:21 47:22 49:7 49:9 49:9 49:11 49:13 49:20 49:23 49:24 50:10 50:14 50:14 50:15 50:18 50:19 51:1 51:3 51:7 51:9 51:20 51:21 52:9 52:25 53:1 53:9 53:14 53:23 54:2 55:18 55:20 56:4 56:5 57:21 57:23 57:25 58:1 58:2 58:5 58:5 58:6 58:11 59:15 59:17 59:21 59:24

**you'll**(4) 11:19 15:4 48:5 48:21
**you're**(13) 19:5 31:2 33:12 40:16 48:12 50:2 50:9 52:16 53:3 54:12 55:17 55:19 55:22
**you've**(9) 29:19 33:10 34:23 39:3 39:9 40:3 40:16 48:7 50:19

**young**(1) 5:47
**your**(135) 8:5 8:6 8:8 9:6 9:18 9:20 10:3 10:7 10:10 10:25 11:8 11:9 11:15 11:18 11:23 11:24 12:1 12:5 12:8 12:12 12:13 12:16 12:21 12:24 13:5 13:5 13:9 13:23 14:1 14:3 14:7 14:10 14:25 15:1 15:5 15:15 16:5 16:7 16:10 16:17 16:18 17:5 17:15 17:21 18:2 18:8 18:17 19:5 19:7 20:24 22:4 22:18 23:23 24:10 24:17 25:4 26:2 26:8 26:9 26:14 27:4 27:8 27:24 28:4 28:9 28:11 28:13 29:1 29:6 30:18 30:25 32:13 32:16 33:7 33:10 33:22 33:24 33:24 34:2 34:3 34:16 35:5 35:16 37:12 37:19 38:25 39:19 39:21 39:25 40:2 40:6 40:7 40:24 41:1 41:8 41:9 42:4 44:2 44:2 44:3 44:12 44:13 45:3 45:11 45:14 45:18 45:21 45:25 47:4 47:9 47:20 48:3 48:7 48:18 48:22 48:23 50:10 50:13 51:1 51:13 51:17 52:14 53:2 53:13 53:13 54:2 54:4 54:7 54:11 54:21 57:9 58:19 58:20 59:13 59:21

**ziehl**(1) 3:35
**zuckerman**(1) 4:22