Exhibit F



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| jbendernagel@sidley.com<br>(202) 736 8136 | FOUNDED 1866 | |

November 12, 2010

**VIA EMAIL**

David M. Zensky, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036

      Re:    <u>Re: In re Tribune Company, et al, Case No. 08-13141 (Bankr. D. Del.)(KJC)</u>

Dear David:

      This is in response to your letter dated November 10, 2010 requesting that we address the Debtors' position concerning the admissibility at the confirmation hearing of the Examiner's Report.

      As is clear from the Debtors' pending procedures motion, the relief that the Debtors have requested is that the Court bar further fact discovery concerning the LBO-Related Causes of Action on the grounds that the record compiled by the parties as a result of the discovery already taken to date, when coupled with the work done by the Examiner, is more than sufficient to assess the reasonableness of the various settlements. The Debtors did not ask the Court in their motion to rule on the admissibility of the Examiner's Report.

      That being said, the Debtors agree that this is a subject that will need to be addressed and are certainly agreeable to beginning that dialogue at next week's meet and confer. While the Debtors have not come to a position as to the admissibility of the Report or the weight, if any, to be accorded to specific statements or opinions in the Report, the Debtors note that the Court has already indicated that the Examiner's Report would "probably inform not just the parties, but the Court about the scope ... of the confirmation hearing." 7/10/10 Tr. at 44-45. The Debtors also note that determinations of admissibility or weight could vary depending, among other things, on the nature of the specific statement or opinion, the nature of its underlying factual or legal support and the purpose for which it is being offered.

     To facilitate discussion of this issue at next week's meet and confer I am circulating this email as well as your letter to the other parties that have expressed interest in participating in the meet and confer. If you have any questions, concerning the foregoing, please give me a call.

Very truly yours,

*[signature]*

James F. Bendernagel Jr.

JFB:fpw

DC1 1859375v.1

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
### Attorneys at Law

DAVID M. ZENSKY
212.872.1075/1.212.872.1002
dzensky@akingump.com

November 10, 2010

**VIA E-MAIL**

James Bendernagel, Jr.
Sidley Austin LLP
1501 K. Street, N.W.
Washington, D.C. 20005

      Re: In re Tribune Company, et al., Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Jim:

      As you know, we are counsel to Aurelius Capital Management, LP. In your recently filed Motion of the Debtors for an Order, among other things, setting the confirmation schedule and establishing parameters of confirmation-related discovery ("Motion"), the Debtors seek to have the Court foreclose discovery into the LBO-related causes of action. This request appears to be premised on "the exhaustive investigations already conducted and the extensive record already developed" in the Examiner's Report. *See* Motion at ¶69. Implicit in the Debtors' position is that you expect that the Examiner's Report to be admissible and will play a major role in the upcoming confirmation hearing. However, your Motion does not in any way address what the Debtors and their co-Plan proponents' position is with regard to the use and admissibility of the Examiner's Report at the hearing.

      Please provide us with your position by Friday, November 12, 2010 so that we may adequately prepare for our meet and confer call next Tuesday.

Regards,

David M. Zensky

cc:    Danny Golden, Esq.

**DRAFT**

PRIVILEGED & CONFIDENTIAL
JOINT DEFENSE COMMUNICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:  Chapter 11
In re:                              :
:  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,            :
:  (Jointly Administered)
            Debtors.                :
:  Re: Docket No. 5680
:
------------------------------------x

## DISCOVERY AND SCHEDULING ORDER FOR PLAN CONFIRMATION

A hearing (the "Confirmation Hearing") on the possible confirmation of the plans of reorganization proposed for the Debtors is scheduled to commence on or about March [--], 2010 before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801. Pursuant to Bankruptcy Code section 105(a) and (d), Federal Rules of Bankruptcy Procedures 9006 and 9014, and Federal Rule of Civil Procedure 43(e), the following schedule is established for purposes of discovery and other pre-trial matters in respect to the Confirmation Hearing.

IT IS HEREBY ORDERED as follows:

1. For purposes of compliance with certain aspects of this Order as specifically set forth below (but for no other purposes), each party-in-interest (a "Party") that is a proponent or co-proponent of one of the four plans of reorganization that have been filed in connection with the above captioned cases (a "Plan Proponent Party") shall be grouped with any other proponents of that plan (each such group a "Proponent Group").

2. Each Plan Proponent Party will use its reasonable best efforts to cooperate and coordinate with all other Plan Proponent Parties within its Proponent Group to, whenever possible, avoid unnecessary duplication, expense and delay.

## FACT DISCOVERY

3. All fact discovery shall be completed no later than February 4, 2011.

4. Each Plan Proponent Party shall have the right to serve fact discovery requests no earlier than December 3, 2010.

5. Counsel of record for each Plan Proponent Party agrees to accept service via email of any requests for production of documents, document subpoenas, deposition notices, or deposition subpoenas on behalf of such Plan Proponent Party and its constituent members, employees, officers, or directors, and any of their respective current legal, financial, or other advisors, provided however, that in the case of the Official Committee of Unsecured Creditors (the "Committee"), service on counsel to the Committee shall constitute service only on the Committee in its capacity as such and not on individual members of the Committee.

6. Written objections and responses to any document requests or subpoenas shall be served within ten (10) business days of service of such requests.

7. All Parties shall make their good faith, best efforts to complete production of all responsive documents and information within the later of thirty (30) calendar days after service of such requests, or twenty (20) calendar days after resolution of any discovery dispute respecting such requests pursuant to paragraph 11 of this Order. Parties shall produce documents on a rolling basis whenever practicable. Parties shall not be required to produce any documents or materials protected from production by either the Mediation Order (Dkt. #5591) or the Document Depository Order (Dkt. #2858). Furthermore, in the absence of good cause shown, no Party shall be required to produce a privilege log in connection with any productions made pursuant to this Order.

8. Written objections and responses to interrogatories shall be served within thirty (30) calendar days of service of such requests. Requests for admissions shall not be permitted.

9. Each Proponent Group shall have the right to notice a total of ten (10) fact depositions. Fact depositions may commence on or after December 3, 2010, and shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7030.

10. Depositions will be coordinated so that witnesses who are noticed/subpoenaed by one or more Proponent Groups shall be simultaneously deposed by such Proponent Groups and by any other Party wishing to question the witness. Counsel for any Party wishing to participate in depositions shall make an attorney available to attend weekend depositions in the event weekend depositions become necessary or appropriate as a result of scheduling issues.

11. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within (3) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules for the United States Bankruptcy Court, District of Delaware:

    a. a single Party to the dispute shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a single letter that shall be no longer than three (3) typewritten pages, identifying the relief requested and the basis thereof (the "Initial Letter");

    b. within three (3) business days after receipt of such Initial Letter, each Party to whom the Initial Letter is directed shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a letter that shall be no longer than three (3) typewritten pages, responding to the Initial Letter (the "Response Letter");

    c. there shall be no additional submissions regarding any discovery dispute other than as set forth above, unless otherwise directed by the Court;

    d. the Court may schedule an in-person or telephonic hearing to decide any or all of the issues raised in the Initial Letter and/or Response Letter, and/or direct further briefing on any issue.

12. Any Party who is not a Plan Proponent Party shall have the right to participate in fact discovery conducted by any Plan Proponent Party by participating in any depositions and by receiving copies of any all fact discovery responses and objections and productions. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to serve and conduct fact discovery; if such leave is granted, such Party will be subject to all provisions of this Order relating to fact discovery that are applicable to Plan Proponent Parties.

## EXPERT DISCOVERY

13. All expert discovery shall be completed no later than March 1, 2011.

14. Each Plan Proponent Party shall have the right to identify and utilize expert witnesses in connection with the Confirmation Hearing. The Plan Proponent Parties will meet and confer in good faith regarding a reasonable number of expert witnesses per Proponent Group. Nothing herein shall preclude any Plan Proponent Party from seeking appropriate relief from the Court with respect to the number of expert witnesses and the scope of any expert testimony.

15. All Plan Proponent Parties shall disclose the identity of any expert witness they may use to present evidence in their case-in-chief under Federal Rules of Evidence 702, 703 or 705 on or prior to January 14, 2011, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

16. All Plan Proponent Parties shall comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to experts (i.e., the deadline for the filing of written expert reports with the Bankruptcy Court) on or prior to January 21, 2011.

17. All Plan Proponent Parties shall disclose the identity of any expert witness they may use as rebuttal experts on or prior to February 8, 2011, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

18. All Plan Proponents shall comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to rebuttal experts (i.e., the deadline for the filing of written expert reports with the Bankruptcy Court) on or prior to February 15, 2011.

19. Expert depositions may commence on or after February 22, 2011.

20. No Plan Proponent Party shall be required to produce in expert discovery any draft reports (including drafts of any materials, charts, illustrative documents, or exhibits prepared by the expert, any person working under the expert's supervision, or the Plan Proponent Party and its counsel) or communications between such expert and counsel related to the expert's report or declaration.

21. Any Party who is not a Plan Proponent Party shall have the right to participate in expert discovery conducted by any Plan Proponent Party by participating in any depositions and by receiving copies of any all expert-related document production and disclosures. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to identify and utilize expert witnesses in connection with the Confirmation Hearing; if such leave is granted, such Party will be subject to all provisions of this Order relating to expert discovery that are applicable to Plan Proponent Parties.

## PRE-TRIAL SUBMISSIONS

22. As set forth in the Court's Solicitation Procedures Order, each Proponent Group shall have the right to file and serve a single Objection in response to any plans of reorganization on February 11, 2011.

23. Each Proponent Group shall have the right to file a single brief in support of confirmation of its respective plan and in response to the Objections of other Proponent Groups on February 25, 2011.

24. A Joint Pretrial Memorandum, along with any other documents required by the Chambers Procedures for the Honorable Kevin J. Carey, shall be filed with the Court by 4:00 p.m. (prevailing Eastern time) on March 2, 2011.

25. No other briefing in support of or in opposition to any of the Plans shall be permitted in connection with the Confirmation Hearing, except as directed by the Court.

## MISCELLANEOUS

26. The terms of the Document Depository Order (Dkt. #2858) shall apply to all discovery propounded pursuant to this Order.

27. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

28. Nothing in this Order shall affect or prejudice the right of any Party to make any application to the Court with respect to the scope, timing, duration and character of the Confirmation Hearing.

29. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

5

Date:_____, 2010

_____
HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge