## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MOTION PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR AN ORDER
SHORTENING TIME FOR NOTICE OF THE HEARING TO CONSIDER
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE,
STANDING AND AUTHORITY TO (A) TOLL CERTAIN CAUSES OF
ACTION AGAINST THE DEBTORS' PROFESSIONALS ON BEHALF OF
THE DEBTORS' ESTATES ARISING UNDER AND PURSUANT TO 11
U.S.C. §§ 547 AND 550 OR, AT THE COMMITTEE'S OPTION, (B)
COMMENCE, PROSECUTE, SETTLE AND RECOVER SUCH ACTIONS**

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune

Company and its various debtor-subsidiaries (collectively, the "**Debtors**"), by and through its

undersigned counsel, hereby moves this Court (the "**Motion to Shorten**"), pursuant to Rule

9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order

shortening the time for notice to consider the Motion of the Official Committee of Unsecured

Creditors for Entry of an Order Granting Leave, Standing and Authority to (A) Toll Certain

Causes of Action Against the Debtors' Professionals on Behalf of the Debtors' Estates Arising

Under and Pursuant to 11 U.S.C. §§ 547 and 550 or, at the Committee's Option, (B) Commence,

Prosecute, Settle and Recover such Actions (the "**Professionals Preference Standing

Motion**").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{698.001-W0011273.2}

## BACKGROUND

1.    On December 8, 2008 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee.

3.    The Committee filed separate motions on February 1, 2010 (supplemented on September 14, 2010) and September 13, 2010 seeking entry of orders granting the Committee standing to commence and prosecute certain LBO-related causes of action [D.I. 3281, 5668 and 5698] (together, the "**LBO Standing Motions**").

4.    On October 27, 2010, the Court entered the Order Granting Unsecured Creditors Committee's Standing Motions [D.I. 6150] (the "**LBO Standing Order**"), which granted the Committee authority "to commence and prosecute the claims of the Debtors' estates set forth in the draft complaints attached to the [LBO] Standing Motions as they may be amended or modified . . . ."  Those complaints have now been filed.  See Complaint and Objection to Claims, Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A. (In re Tribune Co.), No. 10-53963-KJC (Bankr. D. Del. Nov. 1, 2010) [Adv. Pro. D.I. 1]; Complaint, Official Comm. of Unsecured Creditors v. Fitzsimons (In re Tribune Co.), No. 10-54010-KJC (Bankr. D. Del. Nov. 1, 2010) [Adv. Pro. D.I. 1] (together, the "**LBO Complaints**").  Pursuant to the LBO Standing Order, the prosecution of the LBO Complaints generally has been stayed, subject to certain limited exceptions specified in the LBO Standing Order.  See LBO Standing

Order, p. 4.

5.    On November 11, 2010, the Committee filed its Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550 (the "**Preference Standing Motion**"). The Preference Standing Motion is scheduled to be heard at the hearing on November 29, 2010 at 10:00 a.m.

6.    After the Committee filed the Preference Standing Motion, the Debtors informed the Committee of potential preference claims against the Debtors' professionals. After investigating and discussing the potential claims with the Debtors, the Committee concluded that viable preference claims exist and may be asserted against the Debtors' professionals.

7.    On November 22, 2010, the Committee filed the Professionals Preference Standing Motion, which seeks standing and authority to toll and/or commence, prosecute, settle and recover certain causes of action against the Debtors' professionals on behalf of the Debtors' estates (the "**Preference Actions**").

8.    The two year period provided by 11 U.S.C. § 546(1)(A) within which any preference actions may be brought expires on December 8, 2010.

## BASIS FOR RELIEF

9.    Local Rule 9006-1(c) provides for a fourteen (14) day notice period for motions not otherwise governed by the Bankruptcy Rules or the Local Rules. Pursuant to Local Rule 9006-1(e), however, such periods may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.

10.    The Committee submits that sufficient exigencies exist to justify shortening the notice period for the hearing on the Professionals Preference Standing Motion. The

Committee believes based on its investigation and discussions with the Debtors that viable preference claims exist against certain of the Debtors' professionals. Any preferential payments recovered in the Preference Actions will provide an additional source of recovery for the Debtors' creditors.

11.    Although the Committee has been working diligently, and in coordinated fashion with the Debtors, to determine the scope of all potential avoidable transfers that might be recovered to the benefit of the estate, the Committee only recently had data sufficient to conclude that the Preference Actions are required to be pursued, and that the Debtors themselves would not be able to pursue them. As a result of its investigation and discussions with the Debtors regarding the merits of the claims and the Debtors' willingness to preserve and/or pursue them, the Committee has acted with due speed to draft and file the Professionals Preference Standing Motion so it could be heard as soon as possible. With the limitations period to commence any preference actions expiring just 15 days from the filing of the Professionals Preference Standing Motion, the Preference Actions will be time barred and the Committee will be unable to preserve any of the claims unless the Professionals Preference Standing Motion is heard and the relief therein granted prior to December 7, 2010.

12.    In sum, sufficient exigencies exist to shorten the notice period for a hearing on the Professionals Preference Standing Motion.

**[REMAINDER OF PAGE INTENTIONALL LEFT BLANK]**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the Motion to Shorten, scheduling the Professionals Preference Standing Motion for the hearing set for November 29, 2010 at 10:00 a.m., establishing an appropriate objection deadline and granting such other relief as the Court deems just and necessary.

Dated: November 23, 2010          **LANDIS RATH & COBB LLP**
       Wilmington, Delaware

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106
*Counsel to the Official Committee of Unsecured Creditors*