## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 29, 2010 at 10:00 a.m. (ET) (Proposed)**<br>**Objections Due: TBD** |

## MOTION OF THE STEP ONE LENDERS PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR ORDER SHORTENING NOTICE FOR EMERGENCY MOTION OF STEP ONE CREDIT AGREEMENT LENDERS FOR RELIEF CONCERNING JPMORGAN CHASE BANK N.A.'S REFUSAL TO RECORD LOAN TRADES

Certain Step One Credit Agreement Lenders (the "Step One Lenders"),[1] by and through their undersigned counsel, respectfully submit this motion (the "Motion to Shorten") pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2004-1 and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order: (a) shortening notice with respect to the Emergency Motion of Step One Credit Agreement Lenders for Relief Concerning JPMorgan Chase Bank N.A.'s Refusal to Record Loan Trades (the "Trade Motion") and (b) scheduling the Trade Motion[2] to be considered at the hearing currently scheduled for **November 29, 2010 at 10:00 a.m. (ET)** or as soon as possible thereafter, subject to the Court's schedule. In support of this Motion to Shorten, the Step One Lenders respectfully represents as follows:

---

[1] The Step One Lenders currently hold approximately $812,000,000 in principal amount of Step One Loans.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Trade Motion.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The statutory basis for the relief sought herein are section 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1.

## RELIEF REQUESTED

3.      By this Motion to Shorten, the Step One Lenders respectfully request that this Court exercise its discretion pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) to enter an order: (a) shortening the notice period with respect to the Trade Motion and (b) scheduling the Trade Motion to be considered at the hearing currently scheduled for **November 29, 2010 at 10:00 a.m. (ET)** or as soon as possible thereafter.[3]

## BACKGROUND

4.      As explained in the Trade Motion, which is incorporated herein by reference, a number of the Step One Lenders commenced a lawsuit in New York State Court against JPMorgan, among others (the "NY Action").[4]

5.      In response, JPMorgan has responded in two ways.  First, JPMorgan is seeking sanctions in this Court for the commencement by the Step One Plaintiffs of the NY

---

[3]     The Step One Lenders submit that the hearing in these cases scheduled for November 29, 2010 at 10:00 a.m. (ET) is the most suitable time to have the hearing on the Trade Motion.

[4]     Alden Global Distressed Debt Opportunities Fund, et al. v. JPMorgan Chase Bank, et al., index 651884/2010, filed October 29, 2010, in the Supreme Court of the State of New York.

Action (the "Contempt Motion"). Second, JPMorgan has informed a number of the Step One Plaintiffs that JPMorgan (as agent) either has rejected their existing trades and/or will not record any future trades for any Step One Plaintiff, even though JPMorgan is contractually required to record all such trades.

6.    JPMorgan's wrongful refusal to record trades threatens harm to the Step One Lenders by reducing the amount of the claims that the relevant Step One Lenders can vote with respect to the four competing plans of reorganization. Given the timing of votes on the plans, including the Debtors' proposed setting of a November 9 record date,[5] it is critical that this matter be resolved on an emergency basis by the Supreme Court for the State of New York (the "NY Court") (relief from the NY Court is referred to as "Injunctive Relief") or, if this Court holds that it has jurisdiction to do so, by this Court. Otherwise, the Step One Lenders face real prospects of immediate and irreparable harm as a result of JPMorgan's tactics.[6]

---

[5]    See Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (II) Approving Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Enforcement Action of Confirmation-Related Discovery; (VII) Establishing New Deadline for Return of Media Ownership Certifications; (VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (IX) Granting Related Relief [D.I. 6255].

[6]    The voting record date for the plans ties to Lenders and Lender claims appearing on JPMorgan's Register, so an unrecorded trade means the relevant Lender cannot vote the claims that it has purchased.

## BASIS FOR RELIEF REQUESTED

7.      The Court may consider motions on shortened notice where the exigencies so justify.  Del. Bankr. L.R. 9006-1(e).  Here, the potential for prejudice justifies shortening the notice period.

8.      As discussed in the Trade Motion, the proposed voting record date is scheduled to be set at the hearing in these cases at 10:00 a.m. on November 29, 2010. Additionally, JPMorgan has refused to record trades for certain Step One Lenders that occurred prior to the proposed record date.  This dispute should be resolved prior to this Court setting any voting record date to avoid any prejudice to the Step One Lenders.  For these reasons, the Step One Lenders respectfully submit that allowing the Trade Motion to be considered on shortened notice is reasonable under the circumstances.

## NOTICE

9.      The Step One Lenders will serve notice of the hearing on this Motion to Shorten upon:  (i) counsel for the Debtor; (ii) counsel for the Office of the United States Trustee; (iii) counsel to the Committee; (iv) counsel to JPMorgan; and (v) those parties who have requested notice in this case pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  The Step One Lenders submits that, in light of the nature of relief requested, no other or further notice is required.

10.     No previous request for the relief sought in this Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Step One Lenders respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

- 4 -

Dated:  November 23, 2010

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Daniel B. Butz
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: 302.658.9200
Facsimile: 302.658.3989

ARKIN KAPLAN RICE LLP
Howard Kaplan
Johnny Yeh
Deana Davidian
590 Madison Avenue, 35th Floor
New York, NY  10022
Telephone: 212.333.0200
Facsimile: 212.333.2350

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP
Adam Friedman
Steve Wolosky
Fredrick Levy
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone: 212.451.2300
Facsimile: 212.451.2222

BRACEWELL & GIULIANI LLP
Evan Flaschen
Daniel Connolly
Andrew Schoulder
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103-1516
Telephone:  860-256-8537
Facsimile:  860-760-6310

*Counsel to the Step One Credit Agreement Lenders*

3913662.2