# **EXHIBIT A**

**Stipulation Between Certain of the Debtors and Oracle America, Inc., as successor-by-merger to Sun Microsystems, Inc. Regarding (i) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection To Claims As It Relates to the Claims of Oracle and (ii) Allowance of Certain Prepetition Claims of Oracle**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 4091, 4326, 4327 |

## STIPULATION BETWEEN CERTAIN OF THE DEBTORS AND ORACLE AMERICA, INC., AS SUCCESSOR-BY-MERGER TO SUN MICROSYSTEMS, INC., REGARDING (I) RESOLUTION OF DEBTORS' TWENTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO THE CLAIMS OF ORACLE AND (II) ALLOWANCE OF CERTAIN PREPETITION CLAIMS OF ORACLE

This stipulation (the "Stipulation") between Oracle America, Inc., as successor-by-merger to Sun Microsystems, Inc. ("Oracle" or the "Claimant"), on the one hand, and Chicago Tribune Company ("CTC") and Los Angeles Times Communications LLC ("LATC"), on the other hand, regarding the modification and allowance of certain prepetition claims

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5508852v.2

asserted by Oracle against CTC and LATC is entered into by and among CTC, LATC, and Oracle (collectively, the "Parties"), by and through their respective counsel.

## RECITALS

A.  On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

B.  On April 16, 2010, the *Debtors' Twenty-Fourth Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection") (D.I. 4091) was filed with the Bankruptcy Court, which requested the Bankruptcy Court to disallow and expunge certain proofs of claim asserted against the Debtors' estates on substantive grounds enumerated therein.

C.  Among the claims identified on Exhibit A to the Objection were the following eight (8) claims held by Oracle against the Debtors (collectively, the "Oracle Claims"):

| CLAIMANT | CASE NO. | DEBTOR | CLAIM NO. | AMOUNT |
|---|---|---|---|---|
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13152 | Chicago Tribune Company | 4634 | $1,001,426.00 |
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13141 | Tribune Company | 4635 | $1,001,426.00 |

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

| Creditor | Case No. | Debtor | Claim # | Amount |
|---|---|---|---|---|
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13153 | Chicago Tribune Newspapers, Inc. | 4636 | $1,001,426.00 |
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13154 | Chicago Tribune Press Service, Inc. | 4640 | $1,001,426.00 |
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BAILSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13187 | Los Angeles Times Newspapers, Inc. | 4748 | $829,473.00 |
| SUN MICROSYSTEMS, INC. BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13141 | Tribune Company | 4749 | $829,473.00 |
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BAILSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13186 | Los Angeles Times International, Ltd. | 4750 | $829,473.00 |
| SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BAILSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13185 | Los Angeles Times Communications LLC | 4751 | $829,473.00 |

D.   On or about May 11, 2010, Oracle filed the following responses to the Objection with the Court:

1. Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Los Angeles Times Companies](Claims ## 4748, 4749, 4750, & 4751) (D.I. 4326); and

2. Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Chicago Tribune Companies](Claims ## 4634, 4635, 4636, & 4640) (D.. 4327)

(collectively, the "Responses").

E.   As a result of the Parties' subsequent discussions regarding the Objection and exchange of additional records, the Parties have agreed that Oracle shall have an allowed

general unsecured claim against CTC, Claim No. 4634, in the modified amount of $282,072.00 and an allowed general unsecured claim against LATC, Claim No. 4751, in the modified amount of $227,760.00 (collectively, the "Allowed Claims"). The Debtors have further agreed that upon the approval of this Stipulation by the Bankruptcy Court, the Objection shall be deemed to be withdrawn as it relates to the Allowed Claims.

      F.      Oracle has further agreed that Claim Nos. 4635, 4636, 4640, 4748, 4749, and 4750 reflect duplicate liability of the foregoing Allowed Claims (collectively, the "Duplicate Claims"). Oracle consents to the entry of an order by the Bankruptcy Court sustaining the Objection as to the Duplicate Claims on the alternative grounds that such claims duplicate the liability of the Allowed Claims.

      G.      Tribune and Oracle have reached an agreement as to the treatment of the Oracle Claims and have agreed to enter into this Stipulation to resolve the Objection, to establish the allowed amount of Claim Nos. 4634 and 4751, and to effect the disallowance of the Duplicate Claims. For the avoidance of doubt, this Stipulation shall not affect any other claims held by Oracle or its affiliates, whether scheduled or filed against the Debtors in these chapter 11 cases, and the Debtors and Oracle reserve all rights with respect to such other claims.

NOW, THEREFORE, THE DEBTORS AND ORACLE STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.      The recitals set forth above are incorporated herein by reference.

2.      The Parties agree that Claim No. 4634 of Oracle, originally asserted in the amount of $1,001,426.00, shall be allowed as a general unsecured claim against CTC in the modified amount of $282,072.00 and that Claim No. 4751 of Oracle, originally asserted in the

amount of $829,473.00, shall be allowed as a general unsecured claim against LATC in the modified amount of $227,760.00.

3. Upon the full execution of this Stipulation, the Debtors will file with the Bankruptcy Court a certification of counsel, together with a proposed form of order, requesting that the Bankruptcy Court (i) approve the Stipulation and allow the Allowed Claims, and (ii) sustain the Objection in part and disallow the Duplicate Claims by consent of the Parties on the alternative grounds that such claims duplicate the liability of the Allowed Claims.

4. Upon the approval of this Stipulation by the Bankruptcy Court, the Objection shall be deemed to be withdrawn as it relates to the Allowed Claims. The Parties acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Allowed Claims in the Debtors' chapter 11 cases. The Debtors and/or the Bankruptcy Court-appointed claims agent may amend the claims register to reflect that the Allowed Claims are to be allowed as set forth herein.

5. The Allowed Claims, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for CTC (in the case of Claim No. 4634) and LATC (in the case of Claim No. 4751) (collectively, and as applicable to CTC and LATC, the "Plan"), when such Plan becomes effective. The satisfaction of the Allowed Claims in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Allowed Claims. Oracle further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the liabilities asserted in the Allowed Claims.

6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

13. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of

any of the Parties' claims or defenses, nor shall anything herein be deemed an admission of fact or law.

STIPULATED AND CONSENTED TO AS OF NOVEMBER 22, 2010 BY:

BUCHALTER NEMER, A PROFESSIONAL CORPORATION

By: /s/ Shawn M. Christianson
Shawn M. Christianson
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-3519

ATTORNEYS FOR ORACLE AMERICA, INC., SUCCESSOR-BY-MERGER TO SUN MICROSYSTEMS, INC.

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

By: /s/
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

## EXHIBIT B

**Duplicate Claims to Be Disallowed**

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 24: DUPLICATE CLAIMS OF ORACLE AMERICA, INC., AS SUCCESSOR-BY-MERGER TO SUN MICROSYSTEMS, INC.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13141 | Tribune Company | 06/11/2009 | 4635 | $1,001,426.00 | Duplicates liability of Claim No. 4634, as modified, against Debtor Chicago Tribune Company |
| 2 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13153 | Chicago Tribune Newspapers, Inc. | 06/11/2009 | 4636 | $1,001,426.00 | Duplicates liability of Claim No. 4634, as modified, against Debtor Chicago Tribune Company |
| 3 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13154 | Chicago Tribune Press Service, Inc. | 06/11/2009 | 4640 | $1,001,426.00 | Duplicates liability of Claim No. 4634, as modified, against Debtor Chicago Tribune Company |
| 4 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13187 | Los Angeles Times Newspapers, Inc. | 06/11/2009 | 4748 | $829,473.00 | Duplicates liability of Claim No. 4751, as modified, against Debtor Los Angeles Times Communications, LLC |
| 5 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13141 | Tribune Company | 06/11/2009 | 4749 | $829,473.00 | Duplicates liability of Claim No. 4751, as modified, against Debtor Los Angeles Times Communications, LLC |
| 6 | SUN MICROSYSTEMS, INC. LAWRENCE SCHWAB/THOMAS GAA BIALSON, BERGEN & SCHWAB 2600 EL CAMINO REAL, STE 300 PALO ALTO, CA 94306 | 08-13186 | Los Angeles Times International, Ltd. | 06/11/2009 | 4750 | $829,473.00 | Duplicates liability of Claim No. 4751, as modified, against Debtor Los Angeles Times Communications, LLC |

CH1 550591v.1