# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: November 29, 2010 at 10:00 a.m. |

**DECLARATION OF BRAD HALL IN SUPPORT OF THE AMENDED MOTION OF THE OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES ARISING UNDER AND PURSUANT TO 11 U.S.C. §§ 547 AND 550**

I, BRAD HALL, hereby declare under penalty of perjury:

1. I am a director in AlixPartners, LLP ("AlixPartners"). I work in the San Francisco office of AlixPartners and have been active in restructuring matters for more than 10 years.

2. I make this Declaration in support of the Amended Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550 (the "**Committee's Standing Motion**").

3. I make this Declaration based upon my personal knowledge, except as to those matters that I affirm upon my information and belief.

4. AlixPartners was retained by the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company, *et al.* ("Tribune" or the "Debtors"), in December 2008. I have been active in AlixPartners' work for the Committee in the Tribune bankruptcy proceedings since that time. I have been the primary contact at AlixPartners with respect to the analysis of potential preference claims during the course of the bankruptcy proceedings.

5. Following a review of larger potential preferences earlier in the proceedings (including, most recently, in May 2010), a more detailed review of potential preference claims commenced in early October 2010.

6. Starting on October 11, 2010 and concluding on November 21, 2010, I participated in sixteen (16) separate in-person meetings and conference calls with Alvarez & Marsal, the Debtors' financial advisor, to discuss and review their preference analysis. During that time, a colleague and I visited Tribune's offices in Chicago for three days of on-site review and spent numerous hours reviewing the data underlying potential preference claims.

7. Our analytical work with respect to potential preference claims included the following undertakings: (a) reconciled difference between SOFA 3B and the Debtors' preliminary preference analysis; (b) reviewed Debtors assumptions on potential preference claims, including underlying documentation; (c) reviewed and analyzed potential preferences by type of payment (wire/check/ACH); (d) reviewed each of the entities against whom a potential preferences was identified on the Debtors' preference schedule; (e) performed a detailed review of over 290 "insider" (officer and director) potential preferences; (f) tested the assumptions in the Debtors' preference analysis concerning the "ordinary course" and other potential defenses; (g) performed related sensitivity analyses on potential preference defenses; (h) tested non-insider

payments for consistency and accuracy of Debtors' analysis including top 20 potential preferences by gross payments, top 20 potential preferences by highest calculated net amounts after defenses, 50 randomly selected potential preferences samples, and potential preferences against newsprint vendors; (i) reviewed data for analysis of possible preferences against professional firms; (j) performed analysis of all entities identified as critical vendors or otherw protected from preference claims based on Debtors' business judgment; (k) analyzed which potential preference payments were triggered by ESOP-related actions and which were not; ar (l) generally reviewed data and materials with regard to each of the potential preferences identified on the Debtors' schedules.

8. Based on the foregoing, I believe that the Debtors have undertaken a thorough investigation of the potential preferences that exist in these bankruptcy cases.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on November 24, 2010.

*Brad Hall*
Brad Hall