**Exhibit 5.15.1(2) – Step Two/Disgorgement Settlement Procedures[1]**

1. On or prior to [ ], 2010, Tribune will distribute a written notice (the "Settlement Notice"), substantially in the form attached as Annex A hereto, to each Potential Step Two Disgorgement Defendant other than the Step Two Arrangers notifying each such party of its status as a Potential Step Two Disgorgement Defendant and setting forth:

    a. the total amount of principal, interest and/or fees that, according to the Debtors' records, was received by such party (i) under the Bridge Loan Agreement and/or (ii) under the Senior Loan Agreement in respect of the Incremental Senior Loans, in each case prior to the Petition Date;

    b. such party's share of the Step Two/Disgorgement Settlement (its "Step Two/Disgorgement Settlement Amount") comprised of (i) such party's pro rata share (based on amounts received in respect of the Bridge Loans) of $56,730,213, and (ii) such party's pro rata share (based on amounts received under the Senior Loan Agreement in respect of the Incremental Senior Loans) of $63,269,787; and

    c. a form of election to participate in the Step Two/Disgorgement Settlement (the "Step Two/Disgorgement Settlement Election Form") that such party must complete and return to Tribune on or prior to the first day of the Confirmation Hearing (such date, which may be extended by the Step Two Arrangers, the "Step Two/Disgorgement Settlement Election Deadline") in order to elect to participate in the Step Two/Disgorgement Settlement.

2. As soon as practicable following the preparation by Tribune of an estimate of the Remaining Distributable Cash (which Tribune shall prepare as soon as practicable following entry by the Bankruptcy Court of the Confirmation Order), Tribune will distribute, via email and/or facsimile, a notice (the "Shortfall Notice"), substantially in the form attached as Annex B hereto, to each Potential Step Two Disgorgement Defendant that timely submitted a Step Two/Disgorgement Settlement Election Form (other than the Step Two Arrangers) setting forth:

    a. the Claims (if any) that, according to the Debtors' records, were held by the recipient as of the Distribution Record Date and the Cash distribution (if any) to which such party would be entitled under the Plan on account of such Claims (from which distribution all or a portion of such party's Step Two/Disgorgement Settlement Amount shall be deducted); and

    b. the amount (if any) by which such party's Step Two/Disgorgement Settlement Amount exceeds such party's expected Cash distribution (its "Settlement Payment Shortfall") and wire instructions for payment of any such Settlement Payment Shortfall.

3. The Senior Loan Agent, the Former Bridge Loan Agent and the Bridge Loan Agent will provide the Debtors with such information as they may reasonably require in order to prepare the Settlement Notices and the Shortfall Notices.

4. Other than the Step Two Arrangers, any Potential Step Two Disgorgement Defendant wishing to participate in the Step Two/Disgorgement Settlement must (i) submit its properly completed Step Two/Disgorgement Settlement Election Form on or prior to the Step Two/Disgorgement Settlement Election Deadline and (ii) pay such party's Step Two/Disgorgement Settlement

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on November 23, 2010 (the "Plan"), to which this exhibit is attached.

Amount (including any Settlement Payment Shortfall) within five (5) Business Days after the date of the Shortfall Notice (such date, which may be extended by the Step Two Arrangers, the "Step Two/Disgorgement Settlement Payment Deadline") and pay any additional amounts due in the event of miscalculation of such party's Settlement Payment Shortfall as promptly as practicable upon receipt of notice thereof. Any Potential Step Two Disgorgement Defendant that fails to satisfy either of these conditions shall be considered a Non-Settling Step Two Payee under the Plan.

5.   As soon as practicable following the preparation by Tribune of an estimate of the Remaining Distributable Cash (which Tribune shall prepare as soon as practicable following entry by the Bankruptcy Court of the Confirmation Order), and in no event later than two (2) Business Days prior to the Effective Date, Tribune will distribute to each Step Two Arranger a notice (the "Arranger Settlement Notice") setting forth such Step Two Arranger's (i) Step Two/ Disgorgement Settlement Amount and (ii) share of the Backstop Amount (as defined in the Step Two/Disgorgement Settlement Undertaking) (together, such party's "Total Settlement Payment"). Any distribution that a given Step Two Arranger would otherwise receive under the Plan shall be set-off to the extent of, and shall be applied to pay, such party's Total Settlement Payment, with any remaining amounts to be distributed to such Step Two Arranger on the Effective Date. If, as of the Distribution Record Date, Tribune determines that amounts to be distributed to a given Step Two Arranger under the Plan will not be sufficient to pay in full such party's Total Settlement Payment, Tribune shall notify such party of the shortfall, and such Step Two Arranger shall pay such amount in cash by wire transfer within two (2) Business Days of the date of such notice and in no event later than the Effective Date.

6.   Tribune shall hold all funds received from Potential Step Two Disgorgement Defendants on account of the Step Two/Disgorgement Settlement in an escrow account that shall not become property of the Tribune estate until the Effective Date. Funds received prior to the Effective Date shall be released and distributed in accordance with the terms of the Plan on the Effective Date; *provided*, that the Debtors shall return such funds to the relevant Potential Step Two Disgorgement Defendants if at any time prior to such distribution the Step Two/Disgorgement Settlement Undertaking shall be validly terminated in accordance with its terms by any of the Step Two Arrangers. Any payments received from Potential Step Two Disgorgement Defendants in respect of Step Two/Disgorgement Settlement Amounts on or after the Effective Date and on or prior to the Step Two/Disgorgement Settlement Payment Deadline shall be immediately distributed to the Step Two Arrangers in accordance with the terms of the Plan and the Step Two/Disgorgement Settlement Undertaking.

7.   The Step Two Arrangers reserve the right to modify the foregoing procedures at any time.

### Annex A – Form of Notice of Step Two/Disgorgement Settlement

Reference is made to the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on November 23, 2010 (the "Plan"). Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Plan.

It has been alleged that the Debtors may have certain claims (the "Step Two/Disgorgement Claims") against [INSERT NAME OF POTENTIAL STEP TWO DISGORGEMENT DEFENDANT] for disgorgement of principal, interest and/or fees received by you (i) under the Bridge Loan Agreement and/or (ii) under the Senior Loan Agreement in respect of the Incremental Senior Loans, in each case prior to the Petition Date. This notice constitutes an offer by Tribune to settle the Step Two/Disgorgement Claims against you subject to the terms and conditions outlined herein and in the Plan and subject to the entry of the Confirmation Order. If the Plan is not confirmed by the Bankruptcy Court this offer to settle will be terminated and any funds received from you will be returned.

According to the Debtors' records, the total amount of principal, interest and/or fees received by you (i) under the Bridge Loan Agreement and/or (ii) under the Senior Loan Agreement in respect of the Incremental Senior Loans, in each case prior to the Petition Date, is:

| | |
|---|---|
| Bridge Loan Fees: | $[ ] |
| Bridge Loan P&I | $[ ] |
| Incremental Senior Loan Fees: | $[ ] |
| Incremental Senior Loan P&I: | $[ ] |
| TOTAL AMOUNT RECEIVED: | $[ ] |

Your share of the aggregate Step Two/Disgorgement Settlement of $120,000,000 set forth in the Plan (your "Step Two/Disgorgement Settlement Amount") is comprised of (i) your pro rata share (based on amounts received in respect of the Bridge Loans) of $56,730,213, and (ii) your pro rata share (based on amounts received under the Senior Loan Agreement in respect of the Incremental Senior Loans) of $63,269,787, which equals:

| | |
|---|---|
| Bridge Loan Settlement Share: | $[ ] |
| Incremental Senior Loan Settlement Share: | $[ ] |
| YOUR TOTAL STEP TWO/DISGORGEMENT SETTLEMENT AMOUNT: | $[ ] |

If you elect to participate in the Step Two/Disgorgement Settlement, as soon as practicable following the preparation by Tribune of an estimate of the Remaining Distributable Cash (which Tribune shall prepare as soon as practicable following entry by the Bankruptcy Court of the Confirmation Order), Tribune will distribute to you, via email and/or facsimile, a notice (the "Shortfall Notice") setting forth (i) the Claims (if any) that, according to the Debtors' records, were held by you as of the Distribution Record Date and the Cash distribution (if any) to which you would be entitled under the Plan on account of such Claims (from which all or a portion of your Step Two/Disgorgement Settlement Amount shall be deducted) and (ii) the amount (if any) by which your Step Two/Disgorgement Settlement Amount exceeds any expected Cash distribution (your "Settlement Payment Shortfall") and the wire instructions for payment of any such Settlement Payment Shortfall.

Should you wish to participate in the Step Two/Disgorgement Settlement you must:

(i) complete the "Election to Participate in the Step/Two Disgorgement Settlement" set forth below and submit this form to [the Disbursing Agent] at the address set forth below on or prior to the first day of the Confirmation Hearing (such date, which may be extended by the Step Two Arrangers, the "<u>Step Two/Disgorgement Settlement Election Deadline</u>"); AND

(ii) pay via wire transfer to the account set forth in the Shortfall Notice your Settlement Payment Shortfall (if any) within five (5) Business Days after the date of the Shortfall Notice (such date, which may be extended by the Step Two Arrangers, the "<u>Step Two/Disgorgement Settlement Payment Deadline</u>") and pay any additional amounts due in the event of miscalculation of your Settlement Payment Shortfall as promptly as practicable upon receipt of notice thereof.

IF YOU FAIL TO SATISFY EITHER OF THE FOREGOING CONDITIONS, YOU WILL BE CONSIDERED A NON-SETTLING STEP TWO PAYEE UNDER THE PLAN AND STEP TWO/DISGORGEMENT CLAIMS AGAINST YOU WILL BE TRANSFERRED TO A LITIGATION TRUST FOR THE PURPOSE OF PROSECUTION OF SUCH CLAIMS.

<u>Election to Participate in Step Two/Disgorgement Settlement</u>

[INSERT NAME OF POTENTIAL STEP TWO DISGORGEMENT DEFENDANT] hereby elects to participate in the Step Two/Disgorgement Settlement, and, in order to pay the Step Two/Disgorgement Settlement Amount authorizes [the Disbursing Agent] to deduct its Step Two/Disgorgement Settlement Amount from the Cash distribution to which [INSERT NAME OF POTENTIAL STEP TWO DISGORGEMENT DEFENDANT] would otherwise be entitled under the Plan on account of Claims held by it as of the Distribution Record Date and agrees to pay its Settlement Payment Shortfall as set forth in its Shortfall Notice, on or prior to the Step Two/Disgorgement Settlement Payment Deadline.

By signing and submitting this Election to Participate in the Step/Two Disgorgement Settlement, [INSERT NAME OF POTENTIAL STEP TWO DISGORGEMENT DEFENDANT] makes the election set forth above and:

a.    certifies that it has been provided with a copy of the Plan and the Disclosure Statement and acknowledges that its participation in the Step Two/Disgorgement Settlement is subject to all of the terms and conditions set forth herein and in the Plan;

b.    certifies that it has not submitted any other documents or instructions that are inconsistent with this Election to Participate in the Step/Two Disgorgement Settlement or that any such documents or instructions have been or are hereby revoked or modified to reflect the election set forth herein; and

c.    unconditionally releases each and all of the Step Two Arrangers from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities in any way arising out or relating to the LBO-Related Causes of Action, including, without limitation, the Step Two/Disgorgement Settlement.

[INSERT NAME OF POTENTIAL STEP TWO DISGORGEMENT
DEFENDANT]

Signature:_____

By:_____

Title:_____

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

**EMAIL ADDRESS FOR RECEIPT
OF SHORTFALL NOTICE:** _____

**FACSIMILE NUMBER FOR RECEIPT
OF SHORTFALL NOTICE:** _____

Date Completed:_____

An election to participate in the Step Two/Disgorgement Settlement shall not constitute or be deemed
to be an admission of any kind or a submission to jurisdiction, consent or waiver with respect to any
matter.

**ADDRESS FOR DISBURSING AGENT**

**If By Mail:**                                              **If By Personal Delivery or Overnight Courier:**

[TO COME]                                             [TO COME]

**IF YOU HAVE ANY QUESTIONS REGARDING THE STEP TWO/DISGORGEMENT
SETTLEMENT, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## Annex B – Form of Shortfall Notice

Reference is made to the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on November 23, 2010 (the "Plan") and to the notice you previously received from Tribune relating to the Step Two/Disgorgement Settlement (the "Notice"). Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Plan or the Notice as applicable.

For reference, your share of the aggregate Step Two/Disgorgement Settlement of $120,000,000 set forth in the Plan (your "Step Two/Disgorgement Settlement Amount"), which has not changed since your receipt of the Notice, is comprised of (i) your pro rata share (based on amounts received in respect of the Bridge Loans) of $56,730,213, and (ii) your pro rata share (based on amounts received under the Senior Loan Agreement in respect of the Incremental Senior Loans) of $63,269,787, which equals:

| | |
|---|---|
| Bridge Loan Settlement Share: | $[ ] |
| Incremental Senior Loan Settlement Share: | $[ ] |
| YOUR TOTAL STEP TWO/DISGORGEMENT SETTLEMENT AMOUNT: | $[ ] |

According to the Debtors' records, the Claims held by you as of the Distribution Record Date and the Cash distribution to which you would be entitled on account of such Claims, from which your Step Two/Disgorgement Settlement Amount shall be deducted, are:

| | |
|---|---|
| Total Claims Held: | $[ ] |
| Total Cash Distribution: | $[ ] |

Pursuant to your election to participate in the Step Two/Disgorgement Settlement, up to the full amount of your Step Two/Disgorgement Settlement Amount will be deducted from your Cash distribution and only any amount of your Cash distribution in excess of your Step Two/Disgorgement Settlement Amount will be distributed to you on the Effective Date.

**The amount (if any) by which your Step Two/Disgorgement Settlement Amount exceeds your Cash distribution (your "Settlement Payment Shortfall"), is $[ ]. To participate in the Step Two/Disgorgement Settlement, your Settlement Payment Shortfall must be remitted within five (5) Business Days after the date of this Shortfall Notice or such later date as is established by the Step Two Arrangers to:**

| | | |
|---|---|---|
| **Tribune** | | **Company** |
| **ABA#:** | **[TO** | **COME]** |
| **Account#:** | **[TO** | **COME]** |
| **Reference:** | **[TO** | **COME]** |
| **Attn:** **[TO COME]** | | |

**IF YOU FAIL TO TIMELY PAY YOUR SETTLEMENT PAYMENT SHORTFALL OR ANY ADDITIONAL AMOUNTS DUE IN THE EVENT OF MISCALCULATION OF YOUR SETTLEMENT PAYMENT SHORTFALL, YOU WILL BE CONSIDERED A NON-SETTLING STEP TWO PAYEE UNDER THE PLAN AND STEP TWO/DISGORGEMENT CLAIMS AGAINST YOU WILL BE TRANSFERRED TO A LITIGATION TRUST FOR THE PURPOSE OF PROSECUTING SUCH CLAIMS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE STEP TWO/DISGORGEMENT SETTLEMENT, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**