## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Deadline: December 14, 2010 at 4:00 p.m. |

### SECOND MONTHLY FEE APPLICATION OF
### LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT
### OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
### EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION
### MATTERS FOR THE PERIOD OF OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

| | |
|---|---|
| Name of Applicant: | **Levine Sullivan Koch & Schulz, L.L.P.** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |
| Date of Retention: | **September 1, 2010[2]** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | **October 1, 2010 through October 31, 2010** |
| Amount of compensation sought as actual, reasonable and necessary: | **$191,072.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$20,287.95** |

This is a(n):  __X__ monthly  _____ interim  _____ final application

Requested Payment Amount:

| | |
|---|---|
| Fees at 80% | **$152,858.00** |
| Expenses at 100% | **$20,287.95** |

Prior Applications:[3]

| Application | Date Filed | Period Covered | Requested Fees (80%) / Expenses (100%) | Authorized Fees (80%) / Expenses (100%) |
|---|---|---|---|---|
| 1st | 11/9/10 | 9/1/10- 9/30/10 | $120,289.60/$1,080.91 | Pending |

---

[2] Levine Sullivan Koch & Schulz L.L.P. was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (Docket No. 227) (the "OCP Order").

[3] The OCP representation of Debtors by the Levine firm caused the firm's fees to exceed slightly the average Monthly Cap of $50,000 for January-February 2010. The firm submitted an application for payment of the overage, which the Court approved. See Application of Levine Sullivan Koch & Schulz, L.L.P. For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 [Docket No. 4872] and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, L.L.P. for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 [Docket No. 5313].

### SUMMARY OF PROFESSIONAL FEES FROM
### OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Seth D. Berlin | Partner First Amendment Litigation Admitted 1991 | $425.00 | 2.40 | $1,020.00 |
| Thomas B. Kelley | Partner First Amendment Litigation Admitted 1972 | $425.00 | 60.80 | $25,840.00 |
| Lee Levine | Partner First Amendment Litigation Admitted 1980 | $425.00 | 3.60 | $1,530.00 |
| Nathan E. Siegel | Partner First Amendment Litigation Admitted 1992 | $425.00 | 141.80 | $60,265.00 |
| Jeanette Melendez Bead | Partner First Amendment Litigation Admitted 1998 | $400.00 | 120.40 | $48,160.00 |
| Chad R. Bowman | Associate First Amendment Litigation Admitted 2003 | $340.00 | 72.60 | $24,684.00 |
| Shaina D. Jones | Associate First Amendment Litigation Admitted 2009 | $285.00 | 89.30 | $25,450.50 |
| Kathleen Cullinan | Law Clerk First Amendment Litigation N/A | $190.00 | 2.30 | $437.00 |

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Lucas J. Tanglen | Law Clerk First Amendment Litigation N/A | $190.00 | 7.50 | $1,425.00 |
| Jennifer Pinkerton-Burke | Paralegal First Amendment Litigation N/A | $190.00 | 11.90 | $2,261.00 |
|  |  |  |  |  |
| **TOTALS** |  |  | **512.60** | **$191,072.50** |
| **BLENDED RATE** |  |  | **372.75** |  |

### COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Baltimore Sun- General Newsroom | 5.00 | $2,125.00 |
| Tribune-Phillips | 3.60 | $1,530.00 |
| Baltimore Sun-Robert Henke v. | .40 | $170.00 |
| Baltimore Sun- Ivan J. Bates v. | 495.20 | $184,207.00 |
| Tribune-Fee Application | 8.40 | $3,040.50 |
| **TOTALS** | **512.6** | **$191,072.50** |

### EXPENSE SUMMARY FOR THE PERIOD OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Litigation Support Services | Expedited Courier Group, courier services | $4,743.46 |
|  | Investigative services | $77.00 |
| Expert Witness Retainer Fee |  | $1,000.00 |
| Expert Witness Services | Kramon & Graham, P.A. | $2,160.00 |
| Service of Process | Monumental Process Servers, Inc. | $354.00 |
| Hearing Transcript |  | $312.00 |
| Deposition Transcripts | Esquire Deposition Solutions | $5,195.06 |
| Videotaped Deposition | Esquire Deposition Solutions | $6,030.93 |

| Travel | Chad R. Bowman and Jeanette Melendez Bead to Baltimore, MD | $415.50 |
|---|---|---|
| **TOTALS** | | **$20,287.95** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date: December 14, 2010 at 4:30 p.m. ET**<br>**Hearing Date:** *Only if Objections are filed* |

## SECOND MONTHLY FEE APPLICATION OF
## LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT
## OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
## EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION
## MATTERS FOR THE PERIOD OF OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

Levine Sullivan Koch & Schulz, L.L.P. ("Levine"), as special counsel for the

debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors"), respectfully submits this application (the "Application") to this

Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the

Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of

Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim

Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and

Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the

allowance and payment of fees in the amount of $191,072.50, subject to a twenty percent (20%)

holdback, and reimbursement of expenses in the amount of $20,787.95. In support of the

Application, Levine respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In

all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

4.    On October 21, 2010, this Court entered an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) 1107, *nunc pro tunc* to September 1, 2010 (the "Retention Order") [Docket No. 6062].

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

### RELIEF REQUESTED

6.    Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Levine seeks interim approval of compensation for professional services rendered, in the amount of $191,072.50, subject to a twenty percent (20%) holdback, and reimbursement of expenses in the amount of $20,287.95 for services rendered as special litigation counsel to the Debtors and Debtors in Possession during the period of October 1, 2010 through October 31, 2010 (the "Application Period"). Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are attached hereto.

### ALLOWANCE OF COMPENSATION

7.    Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Levine with respect to these matters from October 1, 2010 through October 31, 2010.

3

8.    The following is a summary of the activities performed by Levine attorneys, law clerks and paralegals during the Application period, organized by project category:

A.        **Baltimore Sun- General Newsroom (00499.050/ Invoice No. 25843)**
Fees: $2,125.00          Total Hours: 5.00

9.    During the Application Period, a Levine attorney expended time relating to revisions to Baltimore County court recordings access rules and attending a committee meeting regarding the same.

B.        **Tribune-Phillips (00499.061/ Invoice No. 25844)**

Fees: $1,530.00          Total Hours: 3.60

10.    During the Application Period, a Levine attorney expended time reviewing a complaint and corresponding with in-house counsel and other interested parties.

C.        **Baltimore Sun- Robert Henke v. (00499.071/ Invoice No. 25845)**

Fees: $170.00          Total Hours: .40

11.    During the Application Period, a Levine attorney expended time relating to a stipulation for partial lifting of stay.

D.        **Baltimore Sun- Ivan J. Bates v. (00499.074/ Invoice No. 25858)**

Fees: $184,207.00          Total Hours: 495.20

12.    During the Application Period, Levine attorneys expended time conducting discovery, researching, preparing expert witnesses and preparing a motion for summary judgment.

E.        **Tribune- Bankruptcy Fee Application (00499.080/ Invoice No. 25847)**
Fees: $3,040.50          Total Hours: 8.40

4

13.    During the Application Period, Levine attorneys expended time preparing Levine's Special Counsel Application and First Monthly Application for Allowance and Payment of Compensation.

## REIMBURSEMENT OF EXPENSES

14.    Included as part of Exhibit A is a description of the costs actually expended by Levine in the performance of services rendered as special counsel to the Debtors. The costs for which reimbursement is requested total $20,287.95  The breakdown of costs includes litigation support services, expert witness fees, transcript fees, deposition fees, travel, and service of process.  By this Application, Levine does not seek expenses for copying or facsimile transmissions.

## BASIS FOR RELIEF REQUESTED

15.    Levine serves the Debtors as special litigation counsel.  Levine customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Levine represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.  In recent months, Levine has represented the Debtors with respect to various Litigation Matters that have arisen subsequent to the Petition Date as well as in preexisting Litigation Matters involving employees of the Debtors in connection with acts undertaken within the scope of their employment that are not subject to the automatic stay.

16.    The rates charged by Levine to Tribune reflect a discount off of the firm's standard hourly rates of approximately twenty percent.  Levine does not typically charge clients for internal conferences between lawyers.  In addition, Levine does not separately charge its

clients for in-house photocopying, telephone expenses, delivery expenses, postage, sending or receiving facsimiles and/or most on-line computerized legal research.

17.    In the Tribune-Bates matter, the Baltimore City Circuit Court placed the parties on an expedited discovery and trial schedule, and twice denied consent motions to extend this schedule. This case is fact-intensive, involving a substantial number of third-party witnesses as well as alleged medical, emotional, and financial damages presented with expert testimony. This required the assistance of multiple Levine professionals in order to complete discovery, prepare a motion for summary judgment (which was filed on November 5, 2010) and to begin to prepare for a possible trial, scheduled for January 6, 2011, all in a matter of a few months time. Specifically, although a team of two lawyers had been handling this matter, the expedited schedule imposed by the Court required the assistance of additional professionals, most for a modest amount of time, to complete the tasks required by the Court's schedule.

18.    Levine has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases. There is no agreement between Levine and any other party for the sharing of compensation to be received for the services rendered by Levine to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

19.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NO PRIOR REQUEST

20.    No previous application with respect to the relief requested herein has been made to this or any other Court.

6

WHEREFORE, Levine respectfully requests that the Court enter an Order: (i) granting

the Application and authorizing the allowance of compensation in the amount of $191,072.50

subject to a twenty percent (20%) holdback, for professional services rendered, and

reimbursement of actual and necessary expenses in the amount of $20,287.95; and (ii) granting

such further relief as this Court deems just and proper.

Dated: November 24, 2010

Respectfully submitted,

_____

Seth D. Berlin
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W.
Suite 800
Washington, D.C.  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888

7