# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 312 |

## CONSENT ORDER PURSUANT TO SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 6, 2009

**WHEREAS**, on January 30, 2009, the Official Committee of Unsecured Creditors of Tribune Company, *et al.* (the "Committee") filed the Application (the "Application") pursuant to Sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Authorizing the Employment of Moelis & Company LLC ("Moelis") as Investment Banker to the Committee, Effective January 6, 2009; and

**WHEREAS**, the Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application is a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Application was sufficient under the circumstances.

**NOW, THEREFORE**, in accordance with the foregoing recitals, which are incorporated herein by reference as if fully set forth herein, and intending to be legally bound, the parties hereto do hereby agree and stipulate as follows:

1.     The Application be, and it hereby is, granted as provided herein, and the Committee is hereby authorized to employ and retain Moelis as its investment banker.

2.     SUBJECT TO PARAGRAPH 3, Moelis shall be compensated in accordance with the terms of the Moelis Engagement Letter and, in particular, all of Moelis' fees and expenses in these cases including without limitation the Monthly Fee and the Restructuring Fee (as defined in the Moelis Engagement Letter) are approved pursuant to Bankruptcy Code section 328(a).

3.     The Court will review Moelis' compensation (including any request for compensation under the fee "tail" provision of paragraph 8(b) of the Engagement Letter) (i) under the standards set forth in 11 U.S.C. §§ 330 and 331 in the event that an objection is filed by the Office of the United States Trustee and (ii) under the standard set forth in 11 U.S.C. § 328(a) if an objection is filed by a party in interest other than the Office of the United States Trustee. The Committee and Moelis stipulate and agree that this Consent Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the Office of the United States Trustee to challenge the reasonableness of Moelis' compensation under 11 U.S.C. §§ 330 and 331. Accordingly, nothing in this Consent Order or the record shall constitute a finding of fact or conclusion of law binding the Office of the United States Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation. Further, nothing in paragraphs 3(e) or 4(a) of the Engagement Letter shall affect or modify the standard of review applicable to an objection by the Office of the United States Trustee under this paragraph.

4.      The proviso in the first paragraph appearing on page 2 of Annex A to the Engagement Letter capping Moelis' contribution obligations at fees paid is hereby deleted and is of no further force and effect.

5.      Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules and Local Rules and Orders of this Court, the United States Trustee Guidelines or any other guideline regarding submission and approval of fee applications, in light of the services to be provided by Moelis and the structure of Moelis' compensation pursuant to the Engagement Letter, Moelis and its professionals are granted a limited waiver of the information requirements of Local Rule 2016-2 to keep time records in 1/2-hour increments.

6.      Notwithstanding the Committee's obligations to support Moelis' requests for compensation and reimbursement under paragraphs 4(c) and 8(b) of the Engagement Letter, the Committee shall not be bound by the aforementioned provisions if it reasonably determines that its fiduciary obligations prevent the Committee from supporting such requests

7.      Notwithstanding the Application or the Engagement Letter, the Indemnification Provisions of the Engagement Letter and Annex A thereto are approved, but are modified as follows:

(a)     Moelis (defined for purposes of this "ORDERED" paragraph to include any "Indemnified Persons" as that term is defined in the Engagement Letter and Annex A thereto) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Court;

(b)     The Debtors shall have no obligation to indemnify Moelis, or provide contribution or reimbursement to Moelis, for any claim or expense that is either; (i) judicially determined (the determination

having become final) to have arisen from Moelis' gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors and/or Committee allege the breach of Moelis' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Moelis should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Moelis believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Moelis must file an application therefore in this Court, and the debtors may not pay any such amounts to Moelis before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Moelis for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Moelis. All parties in interest shall retain the right to object to any demand by Moelis for indemnification, contribution or reimbursement.

8.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of the Moelis Engagement Letter and this Consent Order during the pendency of these bankruptcy proceedings.

9.     To the extent there may be any inconsistency between the terms of the Application, the Engagement Letter or this Consent Order, the terms of this Consent Order shall govern.

10.     The retention of Moelis shall be effective as of January 6, 2009.

42377575_1.DOC
EAST\42377575.1 3/9/09

11.    This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement.  A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

Dated: March 1�, 2009
       Wilmington, Delaware

Official Committee of Unsecured Creditors

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

            and

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 408-5100
MOELIS & COMPANY LLC

By: _____
Name: Thane W. Carlston
Title: Managing Director

BY THE COURT:

_____ 3-13-09

The Honorable Kevin J. Carey
United States Bankruptcy Judge

42377575_1.DOC
EAST\42377575.1 3/9/09