IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                       Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket Nos.: 6559 and 6630 |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING
LEAVE, STANDING AND AUTHORITY TO (A) TOLL CERTAIN CAUSES
OF ACTION AGAINST THE DEBTORS' PROFESSIONALS ON BEHALF
OF THE DEBTORS' ESTATES ARISING UNDER AND PURSUANT TO 11
U.S.C. §§ 547 AND 550 OR, AT THE COMMITTEE'S OPTION, (B)
COMMENCE, PROSECUTE, SETTLE AND RECOVER SUCH ACTIONS**

Upon consideration of the Motion of the Official Committee of Unsecured Creditors (the "**Committee**") for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action Belonging to the Debtors' Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550 (the "**Professionals Preference Standing Motion**")[1]; and notice of the Professionals Preference Standing Motion having been due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Professionals Preference Standing Motion is GRANTED; and it is further

ORDERED, that any objections to the Professionals Preference Standing Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the hearing on the approval of the Professionals Preference Standing Motion, and all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Professionals Preference Standing Motion, except that Preference Actions shall also include Section 548 claims based on the same transfers as the Section 547 claims to the extent necessary to preserve those causes of action.

{698.001-W0011393.}

reservations of rights included therein, are hereby denied and overruled with prejudice; and it is further

ORDERED, that pursuant to sections 105, 1103 and 1109 of the Bankruptcy Code, the Committee is granted leave, standing and authority to, at the Committee's option, either toll the Preference Actions or to commence and prosecute the Preference Actions, including both the Consented Preference Actions and the Non-Consented Preference Actions, of the Debtors' estates set forth in the Professionals Preference Standing Motion with any and all recoveries to be for the benefit of the Debtors' estates; and it is further

ORDERED, that the Committee shall enter into tolling agreements or commence the Preference Actions by filing its complaints no later than December 7, 2010; and it is further

ORDERED, that neither the Debtors nor the Committee shall settle, subject to the Court's approval, any of the Preference Actions without the other's consent unless and until the earliest to occur of the following: (i) the Committee and/or the Debtors withdraw their support for the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. filed on October 22, 2010 (the "**Settlement Plan**"); (ii) the Court declines to confirm the Settlement Plan, or (iii) April 1, 2011 (each a "**Termination Event**").  If a Termination Event occurs, either the Debtors or the Committee shall have the right, subject to the Court's approval, after notice and an opportunity to be heard, to settle claims that the Committee has been authorized to pursue, and the Committee shall have the right to file a motion seeking entry of a court order granting it the exclusive right to settle such claims. The rights of any party to object to any such settlement or motion are expressly preserved; and it is further

ORDERED, that with respect to any Preference Actions that have been filed and served (and, therefore, were not tolled), the Preference Actions shall be deemed stayed, except as otherwise set forth in this Order (the "**Stay**"), until a Termination Event occurs, provided that if the Termination Event is the withdrawal of support for the Settlement Plan by the Debtors or the Committee, the Committee shall have the right to extend the Stay by, within ten days of such withdrawal of support, filing and serving a notice that the Stay shall continue. All applicable deadlines, other than those applicable to the discovery permitted by this Order, are suspended during the period of the Stay. All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited. Notwithstanding the foregoing, during the period this Stay is in effect, the Committee may, consistent with governing rules, (a) amend the complaints in the Preference Actions, (b) complete service of the complaints in the Preference Actions, and (c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted in the Preference Actions; and it is further

ORDERED, that a copy of this Order shall be entered on the docket in each of the Preference Actions when filed; and it is further

ORDERED, that during the pendency of the Stay, no defendant to the Preference Actions shall answer or otherwise respond to the Preference Actions. All the rights of such defendants, including their right to move to dismiss the Preference Actions following expiration of the Stay, shall be fully preserved; and it is further

CPAM: 3371714.2

ORDERED, that the Stay may be lifted or extended by the Court for any cause deemed sufficient by the Court after notice and a hearing with an opportunity for all interested parties to be heard.

Dated: November 29, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

CPAM: 3371714.2