IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: December 20, 2010
Hearing Date: TBD
Related to Docket No. 5050

AMENDED SIXTH INTERIM FEE APPLICATION

SIXTH INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD MARCH 1, 2010 THROUGH MAY 31, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

| Name of Applicant: | PricewaterhouseCoopers LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective December 8, 2008 by Order Entered March 3, 2009 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2010 through May 31, 2010[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $816,524.00[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $3,140.27 |

This is a:  __ monthly    X  interim

Total time expended for fee application preparation is approximately 69.30 hours and the corresponding compensation requested is approximately $18,950.50.

## SUMMARY OF PREVIOUSLY FILED INTERIM FEE APPLICATIONS

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 1 | 07/15/2009 [1805] | 12/08/2008 02/28/2009 | $776,078.00 | $15,489.89 | 08/17/2009 [1973] | $774,477.00 | $14,260.11 |
| 2 | 07/23/2009 [1806] | 03/01/2009 05/31/2009 | $327,208.00 | $2,480.54 | 08/17/2009 [1974] | $322,635.00 | $1,266.13 |
| 3 | 10/16/2009 [2376] | 06/01/2009 08/30/2009 | $617,876.50 | $3,694.25 | 11/10/2009 [2540] | $615,239.50 | $3,678.45 |
| 4 | 01/15/2010 [3129] | 09/01/2009 11/30/2009 | $376,721.50 | $1,701.50 | 02/08/2010 [3340] | Pending | Pending |
| 5 | 04/15/2010 [4069] | 12/01/2009 02/28/2010 | $974,638.00 | $29,647.29 | 05/10/2010 [4297] | Pending | Pending |

## SUMMARY OF FEE APPLICATIONS FOR INTERIM FEE PERIOD

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 14 | 06/22/2010 [4856] | 03/01/2010 03/31/2010 | $577,801.00 | $1,847.29 | 07/14/201 [5014] | Pending | Pending |
| 15 | 07/15/2010 [5047] | 04/01/2010 04/30/2010 | $126,414.00 | $428.39 | 08/06/2010 [5304] | Pending | Pending |
| 16 | 07/15/2010 [5049] | 05/01/2010 05/31/2010 | $112,309.00 | $864.59 | 08/06/2010 [5305] | Pending | Pending |
| Total | | | $816,524.00 | $3,140.27 | | | |

---

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

[3] PwC filed the original Sixth Interim Fee Application for Compensation on July 15, 2010 (Dkt. No. 5050) requesting $863,324.00 in compensation for the period of March 1, 2010 through May 31, 2010. Upon filing this document, PwC determined there to be a mathematical error within the amount of compensation sought. Therefore, PwC revised the compensation and submits an appended application herein.

2

## SUMMARY OF HOURS AND COMPENSATION BY PROJECT

|  | Hours | Total Compensation |
|---|---:|---:|
| **Fixed Fee Services** | | |
| 2009 Consolidated Audit | 2,378.70 | $569,000.00 |
| 2010 Consolidated Audit | 282.70 | $74,537.00 |
| **Subtotal - Fixed Fee Services** | **2,661.40** | **$643,537.00** |
| **Hourly Services** | | |
| Claims Consulting Services | 11.00 | $5,440.00 |
| Fresh Start | 325.90 | $146,638.50 |
| **Subtotal - Hourly Services** | **336.90** | **$152,078.50** |
| **Bankruptcy Requirements and Obligations** | | |
| Employment Applications and Other Court Filings | 3.80 | $1,958.00 |
| Monthly, Interim and Final Fee Applications | 69.30 | $18,950.50 |
| **Subtotal - Bankruptcy Requirements and Obligations** | **73.10** | **$20,908.50** |
| **Total Hours and Compensation** | **3,071.40** | **$816,524.00** |

## SUMMARY OF EXPENSES BY PROJECT

| Transaction Type | Total Expenditures |
|---|---:|
| **2009 Consolidated Audit** | |
| Courier | ($46.00) |
| Lodging | $251.58 |
| Meals | $458.14 |
| Mileage Allowance | $235.50 |
| Parking | $438.52 |
| Postage | $280.00 |
| Public/ground transportation | $586.44 |
| **Subtotal - 2009 Consolidated Audit** | **$2,204.18** |
| **2010 Consolidated Audit** | |
| Public/ground transportation | $7.65 |
| **Subtotal - 2010 Consolidated Audit** | **$7.65** |
| **Fresh Start** | |
| Lodging | $433.49 |
| Meals | $19.00 |
| Mileage Allowance | $233.00 |
| Parking | $111.00 |
| Public/ground transportation | $61.95 |
| **Subtotal - Fresh Start** | **$858.44** |
| **Tax Consulting Services** | |
| Meals | $70.00 |
| **Subtotal - Tax Consulting Services** | **$70.00** |
| **Total Expenditures** | **$3,140.27** |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[4]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: December 20, 2010
Hearing Date: TBD

## AMENDED SIXTH INTERIM FEE APPLICATION

### SIXTH INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2010 THROUGH MAY 31, 2010

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules"), and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Bankruptcy Professionals, entered on or about January 15, 2009 (the "Compensation Order"), PricewaterhouseCoopers LLP ("PwC"), tax advisors and independent auditors to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Sixth Interim Fee Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2010 through May 31, 2010 (the "Application").

By this Application, PwC seeks an interim allowance of compensation in the amount of $863,324.00 and actual and necessary expenses in the amount of $3,140.27 for a total allowance of $866,464.27 (the "Compensation Amount"), and payment of the unpaid amount of such fees and expenses, for the period March 1, 2010 through May 31, 2010 (the "Interim Fee Period"). In support of this Application, PwC respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* (the "Retention Application").

3. On March 2, 2009, the Supplemental Declaration of William T. England was filed which provided final engagement letters, pre-petition payment information, as well as additional disclosures.

4. On March 3, 2009, this Court approved the retention of PwC as compensation and tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors To Retain And Employ PricewaterhouseCoopers LLP As Compensation And Tax Advisors And Independent Auditors To The Debtors Nunc Pro Tunc To The Petition Date* (the "Retention Order").

5. On March 19, 2009, the Court approved the retention of Stuart Maue, Fee Examiner, to act as special consultant to the Court for professional fee and expense analysis and review (the "Fee Examiner Order").

6. On April 10, 2009, PwC filed a Second Supplemental Declaration of William T. England which expanded the scope of services for the Compensation Engagement Letter.

7. On July 2, 2009, PwC filed a Third Supplemental Declaration of William T. England which disclosed the expansion of the scope of services to include additional procedures for the 2008 Consolidated Audit as well as the Audit Committee approval for the 2009 Consolidated Audit.

8. On February 5, 2010, PwC filed a Fourth Supplemental Declaration of William T. England which disclosed the Second 2008 Audit Addendum for incremental fees to complete the 2008 consolidated audit services and expanding the scope to include the preparation of the tax returns for the Employee Benefit Plan and Employee Stock Ownership Plan.

9. On April 30, 2010, PwC filed a Fifth Supplemental Declaration of William T. England which modifies the scope of the retention of PwC to include certain advisory services in connection with the application of Fresh Start Accounting services. These services were approved by the Court on May 14, 2010.

10. On June 22, 2010, PwC filed a Sixth Supplemental Declaration of William T.

England which expanded the scope of services for the 2009 engagement letter and disclosed the new 2010 audit services for the Independent Auditor services.

### RELIEF REQUESTED

11. The Compensation Order authorizing certain professionals and members of the Committee (the "Professional") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

12. PwC has submitted three monthly fee invoices corresponding with the Compensation Amount for services rendered and expenditures incurred on behalf of the Debtors during the Interim Fee Period (collectively, the "Monthly Fee Statements"). Copies of these Monthly Fee Statements representing the services rendered and expenses incurred by PwC during the Application Period have previously been filed with the Court.[5]

    a) On June 22, 2010, PwC submitted its fourteenth monthly fee statement for services and expenditures incurred from March 1, 2010 through March 31, 2010, requesting $577,801.00 in fees and $1,847.29 in expenditures.

    b) On July 15, 2010, PwC submitted its fifteenth monthly fee statement for services and expenditures incurred from April 1, 2010 through April 30, 2010, requesting $126,414.00 in fees and $428.39 in expenditures.

    c) On July 15, 2010, PwC submitted its sixteenth monthly fee statement for services and expenditures incurred from May 1, 2010 through May 31, 2010, requesting $112,309.00 in fees and $864.59[6] in expenditures.

13. As stated above, PwC has previously distributed the Monthly Fee Statements for

---

[5] Copies may also be obtained by contacting Andrea Clark Smith, PwC, Suite 1400, 225 South 6th Street, Minneapolis, Minnesota, 55402

[6] On November 30, 2010, PwC filed an amended 16th Monthly Fee Application requesting $864.59 in expenditures. A mathematical error was contained in the original 16th Monthly Fee Application filed with the court.

compensation for professional services rendered and reimbursement of disbursements made in these cases during the Interim Fee Period. These Monthly Fee Statements include details of the services provided by PwC to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. As of the date of this submission, there has been no objection to our Monthly Fee Statements. PwC has also submitted the Fee and Expense Detail to the Fee Examiner as required by the Fee Examiner Order.

14. Furthermore, the Compensation Order provides that professionals are to file and service upon fee parties an interim request approximately every three months (the "Quarterly Fee Application Request") for interim Court approval and allowance of the monthly fee applications during the Interim Fee Period covered by the Interim Fee Application. This Application represents PwC's interim fee request for interim approval and payment of the services rendered during the Interim Fee Period:

|  |  | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection[7] | | Holdback Fees Requested[7] |
| --- | --- | --- | --- | --- | --- | --- |
| Date Filed and Docket No. | Period Covered | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 06/22/2010 [Docket No. 4856] | 03/01/2010 through 03/31/2010 | $577,801.00 | $1,847.29 | $462,240.80 | $1,847.29 | $115,560.20 |
| 07/15/2010 [Docket No. 5047] | 04/01/2010 through 04/30/2010 | $126,414.00 | $428.39 | $101,131.20 | $428.39 | $25,282.80 |
| 07/15/2010 [Docket No. 5049] | 05/01/2010 through 05/31/2010 | $112,309.00 | $864.59 | $89,847.20 | $864.59 | $22,461.80 |
| **Total:** |  | **$816,524.00** | **$3,140.27** | **$653,219.20** | **$3,140.27** | **$163,304.80** |

---

[7] The objection deadline for the March 2010 monthly invoice expired on July 12, 2010. The objection deadline for April and May 2010 monthly fee invoices expired on August 4, 2010.

8

15. The Interim Fee Application covers the period from March 1, 2010 through May 31, 2010. Although every effort was made to include all fees and expenses from the Compensation Period in this Interim Fee Application, some fees and/or expenses from the Compensation Period might not be included in this Interim Fee Application due to delays in processing time and receipt of invoices for expenses and/or for preparation for the instant application subsequent to the covered period. Accordingly, PwC reserves the right to make further applications for allowance of fees and expenses not included herein. This Interim Fee Application is also made without prejudice to PwC's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Compensation Order.

16. Prior to this interim fee application, PwC has submitted five interim fee request for services rendered and expenditures incurred on behalf of the Debtors during the previous interim fee periods:

   a) On July 23, 2009, PwC submitted its first interim fee statement for services and expenditures incurred from December 8, 2008 through February 28, 2009, requesting $776,078.00 in fees and $15,489.89 in expenditures.

   b) On July 23, 2009, PwC submitted its second interim fee statement for services and expenditures incurred from March 1, 2009 through May 31, 2009, requesting $327,208.00 in fees and $2,480.54 in expenditures.

   c) On October 16, 2009, PwC submitted its third interim fee statement for services and expenditures incurred from June 1, 2009 through August 31, 2009, requesting $617,876.50 in fees and $3,694.45 in expenditures.

   d) On January 15, 2010, PwC submitted its fourth interim fee statement for services and expenditures incurred from September 1, 2009 through November 30, 2009, requesting $376,721.50 in fees and $1,701.50 in expenditures.

   e) On April 15, 2010, PwC submitted its fifth interim fee statement for services and expenditures incurred from December 1, 2009 through

February 28, 2010, requesting $974,638.00 in fees and $29,647.29 in expenditures.

17. No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between PwC and any other person for sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases, not shall PwC share or agree to share the compensation paid or allowed for the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 had been made by PwC.

## CERTIFICATE OF COMPLIANCE AND WAIVER

18. To the best of its knowledge, PwC believes that the Interim Fee Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, PwC respectfully requests that the Court approves the interim allowance to be made to PwC for the period from March 1, 2010 through May 31, 2010 in the sum of $816,524.00, as compensation for necessary professional services rendered, and the sum of $3,140.27, for reimbursement of actual necessary costs and expenses, for a total of $819,664.27; that the Debtors be authorized and directed to pay to PwC the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated: November 22, 2010
Chicago, Illinois

*/s/ William T. England*

_____
William T. England, Partner
PricewaterhouseCoopers LLP
One North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 298-2000
*Compensation and Tax Advisor and Independent Auditor to the Debtors*