# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: December 20, 2010 at 4:00 p.m.<br>Hearing Date: TBD [Pursuant to Interim Compensation<br>Order (Docket No. 225) only if objections are received] |

## NOTICE OF SEVENTH APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES IN CONNECTION WITH ANTITRUST RELATED MATTERS FOR THE PERIOD FROM APRIL 1, 2010 THROUGH OCTOBER 31, 2010

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors in possession |
| Date of Retention: | March 10, 2009 (*nunc pro tunc* to December 8, 2008) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1750415v1

| | |
|---|---|
| Period for Which Compensation and Reimbursement Is Sought: | April 1, 2010 through October 31, 2010 |
| Amount of Compensation Requested: | $15,398.00 (80% of $19,247.50) |
| Amount of Expense Reimbursement Requested: | $10.84 |

This is an: _X_ interim __ final application

The total time expended for fee application preparation is approximately 13 hours and the corresponding compensation requested is approximately $4,495.00.

## PROFESSIONAL SERVICES RENDERED BY JONES DAY ON BEHALF OF THE DEBTORS IN CONNECTION WITH ANTITRUST RELATED MATTERS APRIL 1, 2010 THROUGH OCTOBER 31, 2010

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| PARTNERS & COUNSEL: | | | | | |
| Proger, PA | 1973 | A | $900.00 | 13.30 | $11,970.00 |
| Total Partners & Counsel | | | | 13.30 | $11,970.00 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| ASSOCIATES: | | | | | |
| Chi, DN | 2007 | B | $400.00 | 8.30 | $3,320.00 |
| Thomas, RC | 2000 | A | $525.00 | 5.30 | $2,782.50 |
| Total Associates | | | | 13.60 | $6,102.50 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT | | | | | |
| Sobczak, AK | N/A | B | $250.00 | 4.70 | $1,175.00 |
| Total Staff Attorneys, Paraprofessionals & Legal Support | | | | 4.70 | $1,175.00 |

A = Antitrust & Competitive Law; B = Business Restructuring and Reorganization; LSupp = Legal Support; SA – Staff Attorney; LC = Law Clerk

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---:|---:|---:|
| Partners & Counsel | $900.00 | 13.30 | $11,970.00 |
| Associates | $448.71 | 13.60 | $6,102.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | $250.00 | 4.70 | $1,175.00 |
| **Grand Total** | $609.09 | 31.60 | $19,247.50 |

**SUMMARY OF SERVICES BY CASE MATTER FOR SERVICES RENDERED BY JONES DAY ON BEHALF OF THE DEBTORS IN CONNECTION WITH ANTITRUST RELATED MATTERS APRIL 1, 2010 THROUGH OCTOBER 31, 2010**

| MATTER NAME | HOURS | AMOUNT |
|---|---:|---:|
| Advice on Antitrust Matters | 18.60 | $14,752.50 |
| Fee Application Matters | 13.00 | $4,495.00 |
| **Total** | **31.60** | **$19,247.50** |

## ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY JONES DAY ON BEHALF OF THE DEBTORS IN CONNECTION WITH ANTITRUST RELATED MATTERS APRIL 1, 2010 THROUGH OCTOBER 31, 2010

| MATTER NAME | AMOUNT |
|---|---|
| Computerized Research Services | $7.20 |
| Long Distance | $3.64 |
| **Total** | $10.84 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: December 20, 2010 at 4:00 p.m.<br>Hearing Date: TBD [Pursuant to Interim Compensation<br>Order (Docket No. 225) only if objections are received] |

## SEVENTH APPLICATION OF JONES DAY FOR ALLOWANCE
## OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
## IN CONNECTION WITH ANTITRUST RELATED MATTERS
## FOR THE PERIOD FROM APRIL 1, 2010 THROUGH OCTOBER 31, 2010

Jones Day, special counsel to the above-captioned debtors (collectively, the "Debtors") pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), hereby makes its seventh application for allowance of compensation of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$15,398.00 (80% of $19,247.50) and reimbursement of expenses of $10.84 for the period from April 1, 2010 through October 31, 2010 (the "Compensation Period")[2] in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 225] (the "Interim Compensation Order") and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications [Docket No. 546] (the "Fee Examiner Order"). In support of this Application, Jones Day respectfully represents as follows:

1.  Jones Day attorneys and paraprofessionals expended a total of 31.60 hours during the Compensation Period for which compensation is requested.

2.  Jones Day has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Day and any other person for the sharing of compensation to be received for services rendered in these cases, except as allowed by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure with respect to the sharing of compensation between and among partners of Jones Day. All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors, and not on behalf of any other entity.

3.  The fees charged by Jones Day in these cases are billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period. Such

---

[2] The Compensation Period covers an extended time period due to the de minimis nature of the fees incurred by Jones Day during this period. For the sake of efficiency and convenience, this Application summarizes the work performed by Jones Day during all seven months included in the Compensation Period.

fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

4. Pursuant to Rule 2016-2(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and in accordance with Local Form 102, attached to the front of this Application is (i) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by Jones Day, the department in which each individual practices, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefore and the year in which each professional was first licensed to practice law; (ii) a summary of services by case matter for services rendered by Jones Day during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Debtors, and for which it seeks reimbursement.

5. Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period are set forth in Exhibits A and B, respectively. All expenses itemized comply with the requirements set forth in Local Rule 2016-2.

6. This Application complies with sections 330 and 331 of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Executive Office of the United States Trustee for Reviewing Applications for Compensation and

Reimbursement of Expenses (the "Guidelines"), the Local Rules, the Interim Compensation Order, and the Fee Examiner Order. In this regard, the Certification of Phillip A. Proger in accordance with the Local Rules is attached hereto as Exhibit C.

## BACKGROUND

7. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. On December 10, 2008 and October 14, 2009, the Bankruptcy Court entered orders consolidating the Debtors' chapter 11 cases for procedural purposes only. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On January 15, 2009, the Debtors filed their Application for an Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to the Petition Date [Docket No. 235] (the "Retention Application"), by which the Debtors sought authority to retain and employ Jones Day as their special counsel in these chapter 11 cases in connection with certain antitrust regulatory matters. By order dated March 10, 2009 [Docket No. 501] (the "Retention Order"), the Retention Application was granted *nunc pro tunc* to the Petition Date.[3]

---

[3] Pursuant to this Court's order dated September 15, 2010 [Docket No. 5704] Jones Day was also retained by the Debtors as special counsel in these chapter 11 cases in connection with certain matters relating to the special committee of the Board of Directors of Debtor Tribune company. Separate fee applications will be filed with respect to Jones Day's retention by the Debtors in connection with the special committee.

CHI-1750415v1     10

## SUMMARY OF SERVICES

9.  Attached hereto as Exhibit A is a detailed statement of fees incurred during the Compensation Period, showing the amount of $19,247.50 due for fees. The services rendered by Jones Day during the Compensation Period are grouped by matter as set forth in Exhibit A.[4] The attorneys and paralegals who rendered services relating to each Debtor are identified, along with the number of hours for each individual and the total compensation sought for each category.

10. The following is a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period, organized by category.[5]

### A.  Advice on Antitrust Matters — 18.60 hours — $14,752.50

11. Jones Day professionals and paraprofessionals devoted time during the Compensation Period to the review of several agreements of a confidential nature relating to potential transactions and ventures involving the Debtors' newspaper business and third parties. Jones Day professionals also attended conference calls with the Debtors' management to discuss the antitrust implications of the potential transactions and ventures. Jones Day professionals also drafted pre-transaction guidelines, a reciprocal distribution agreement, a common interest agreement and a confidentiality agreement to aid the Debtors in negotiating the contemplated transactions and ventures.

---

[4] The matter descriptions set forth herein are described generally as these matters involve sensitive non-public, confidential information. In that regard, the time entries attached hereto have also been redacted. Jones Day will make available unredacted time entries to the Court, the United States Trustee and the fee examiner appointed in these cases upon request.

[5] The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

### B. Fee Application Matters — 13.00 hours — $4,495.00

12. Jones Day professionals and paraprofessionals also expended time and effort during the Compensation Period on preparing and filing Jones Day's sixth fee application for the period between and including November 1, 2009 to March 31, 2010 filed on May 18, 2010 [Docket No. 4471]. Jones Day professionals and paraprofessionals also devoted time to the preparation and filing of Jones Day's fourth interim fee application filed on July 29, 2010 [Docket No. 5191]. Jones Day professionals also expended limited time reviewing and responding to an inquiry from the fee examiner regarding the timing of the filing of the sixth fee application and the fee examiner's preliminary report regarding Jones Day's fourth interim fee application.

### EXPENSES INCURRED BY JONES DAY

13. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services to the Debtors during the Compensation Period, in the amount of $10.84. A schedule of the expenses is attached hereto as Exhibit B.

### NOTICE

14. The Debtors have served this Application on (i) the United States Trustee for the District of Delaware; (ii) counsel to Barclays Bank PLC in its capacity as Lender, Funding Agent and Administrative Agent; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to JPMorgan Chase Bank in its capacity as Administrative Agent for Prepetition Lenders; and (v) the fee examiner appointed by the Fee Examiner Order. Any objections to this Application must be in writing and filed with the Court and served upon (i) Jones Day: 51 Louisiana Avenue, N.W. Washington, D.C. 20001-2113 attn: Phillip A.

Proger; (ii) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, attn: J. Kate Stickles; (iii) co-counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent and Administrative Agent: Mayer Brown LLP, 1675 Broadway, New York, New York 10019 attn: Brian Trust; and Edwards, Angell, Palmer & Dodge, 919 North Market Street, Suite 1500, attn: Stuart M. Brown; (iv) co-counsel to the Administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; and Richards, Layton & Finger, P.A., 920 King Street, P.O. Box 551, attn: Mark Collins; (v) co-counsel to the Official Committee of Unsecured Creditors: Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, attn: Howard Seife; and Landis, Rath & Cobb LLP, 919 Market Street, Ste. 1800, Wilmington, Delaware 19801, attn: Adam G. Landis; and (vi) the Office of the United States Trustee for the District of Delaware: J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, attn: David M. Klauder, so as to be received no later than 20 days after the date of service of the Application. Under the Interim Compensation Order, if no objections to a monthly fee application are made, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses requested in this Application.

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order: (i) allow compensation of $15,398.00 (80% of $19,247.50) for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) allow reimbursement of expenses incurred during the Compensation Period of $10.84; (iii) authorize the Debtors to pay to Jones Day such amounts in accordance with the Interim Compensation Order; and (iv) grant such other and further relief as the Court may deem proper.

Dated: November 30, 2010
Wilmington, Delaware

Respectfully submitted,

/s/ Phillip A. Proger
Phillip A. Proger
(OH I.D. 0025774, D.C. I.D. 929596)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939

ATTORNEYS FOR DEBTORS