**Exhibit 1.1.122**

**Terms of Intercompany Claims Settlement**

**(To be filed with the Plan Supplement)**

**Exhibit 1.1.154**

**Terms of New Warrant Agreement**

**(To be filed with the Plan Supplement)**

**Exhibit 1.1.192**

**Individuals Excluded from Released Step Two Stockholder Parties**

**(To be filed with the Plan Supplement)**

**Exhibit 5.2**

**Restructuring Transactions**

**(To be filed with the Plan Supplement)**

**Exhibit 5.3.1(1)**

**Certificate of Incorporation of Reorganized Tribune**

**(To be filed with the Plan Supplement)**

**Exhibit 5.3.1(2)**

**By-Laws of Reorganized Tribune**

**(To be filed with the Plan Supplement)**

**Exhibit 5.3.1(3)**

**Registration Rights Agreement**

**(To be filed with the Plan Supplement)**

**Exhibit 5.3.2(1)**

**Officers of Reorganized Tribune**

**(To be filed no later than five days before
the commencement of the Confirmation Hearing)**

**Exhibit 5.3.2(2)**

**Directors of Reorganized Tribune**

**(To be filed no later than five days before
the commencement of the Confirmation Hearing)**

**Exhibit 5.3.3**

**Directors, Managers, and Officers of Reorganized Debtors
Other Than Reorganized Tribune**

**(To be filed no later than five days before
the commencement of the Confirmation Hearing)**

**Exhibit 5.6**

**Terms of New Senior Secured Term Loan**

**(To be filed with the Plan Supplement)**

**Exhibit 5.10**

**Terms of Exit Facility**

**(To be filed with the Plan Supplement)**

**Exhibit 5.13**

**Terms of Trusts' Loan Agreement**

**(To be filed with the Plan Supplement)**

**Exhibit 5.15.1(1)**

**Step Two/Disgorgement Settlement Undertaking**

EXECUTION VERSION

## STEP TWO / DISGORGEMENT SETTLEMENT UNDERTAKING

This undertaking relating to the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on October 22, 2010 to which this undertaking is attached as an Exhibit (as may be amended or modified but subject to the limitations herein, the "Plan")[1] is made and entered into as of October 22, 2010 by and among JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Bank of America, N.A. and Citicorp North America, Inc., each in their capacities as agents and/or arrangers of the Incremental Senior Loans and the Bridge Loans (the "Loans") and as Senior Lenders and/or Bridge Lenders that received principal, interest and/or fee payments under the Loans prior to the Petition Date (such parties, together with their Affiliates, the "Step Two Arrangers").

## RECITALS

WHEREAS it has been alleged that the Debtors may have certain claims (the "Step Two / Disgorgement Claims") against (i) the Step Two Arrangers in their capacities as agents and/or arrangers with respect to the Loans and (ii) the current and former Senior Lenders and Bridge Lenders that received payments of principal, interest and/or fees under the Loans prior to the Petition Date (including the Step Two Arrangers, the "Step Two Disgorgement Defendants");

WHEREAS the Step Two Arrangers dispute the validity of such claims but, in the interest of finality, they are willing to support a reasonable settlement thereof, as well as other disputes, on the terms and conditions set forth in the Plan;

WHEREAS each Step Two Arranger has accordingly agreed to (i) support a settlement of the Step Two / Disgorgement Claims on the terms and conditions set forth in the Plan, including the payment of $120 million on the Effective Date of the Plan (the "Step Two / Disgorgement Settlement Amount") as provided for therein (the "Step Two / Disgorgement Settlement") and (ii) advance its pro rata share (based on the proportion that such party's allocated share of the Step Two / Disgorgement Settlement Amount bears to the aggregate portion of the Step Two / Disgorgement Settlement Amount allocated to all Step Two Arrangers) of the portion of the Step Two / Disgorgement Settlement Amount that is allocable to Non-Settling Parties, other than any Step Two Arrangers that may be Non-Settling Parties (the "Backstop Amount");

WHEREAS the Step Two / Disgorgement Settlement is incorporated into and forms an integral part of the Plan, and will become effective only upon the Effective Date of the Plan; and

WHEREAS, pursuant to the Plan, each Step Two Disgorgement Defendant shall have the independent right to elect to participate in the Step Two / Disgorgement Settlement or have the Step Two / Disgorgement Claims against it transferred to a Litigation Trust (each Step Two Disgorgement Defendant other than the Step Two Arrangers that declines to participate in the Step Two / Disgorgement Settlement, a "Non-Settling Party");

## UNDERTAKING OF STEP TWO ARRANGERS WITH RESPECT TO STEP TWO / DISGORGEMENT SETTLEMENT

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

NOW THEREFORE, each Step Two Arranger undertakes that, if (i) the Plan is confirmed by the Bankruptcy Court and has not been amended or modified after the date hereof in a manner materially adverse, in the reasonable judgment of any Step Two Arranger, to such Step Two Arranger and its Affiliates, considered in the aggregate, (ii) not later than the date on which the Plan is confirmed, the Settlement, the related releases, the Bar Order and the related retentions of jurisdiction (each as described in the Plan with only such changes as are agreed by the Step Two Arrangers) are authorized and approved in all respects pursuant to the order confirming the Plan, which order shall not modify any aspect of such provisions and which order shall not have been stayed and shall remain in full force and effect on the Effective Date and (iii) the Litigation Trust Agreement contains provisions governing control of any legal proceedings and/or settlements in respect of claims against the Non-Settling Parties satisfactory to the Step Two Arrangers (collectively, the "Undertaking Conditions"), it shall irrevocably be deemed to have elected to participate in the Step Two / Disgorgement Settlement and, upon occurrence of the Effective Date, it shall make the payments required to be made by it under the Plan in connection with the Step Two/Disgorgement Settlement, including, without limitation, its share of the Backstop Amount, which shall be subject to reimbursement as provided in the Plan and the Litigation Trust Agreement.

This Undertaking is for the benefit of, and is enforceable by, the Debtors and the Creditors' Committee; provided that the sole available remedy shall be specific performance of this Undertaking plus all reasonable costs of enforcement and collection. The terms of the Undertaking cannot be amended or modified without the consent of each of the Step Two Arrangers, the Debtors and the Creditors' Committee.

This Undertaking shall become effective upon execution by each of the Step Two Arrangers and shall cease to be binding upon the Step Two Arrangers and shall be of no further force or effect if the Undertaking Conditions, as set forth above, have not been satisfied on or before October 1, 2011 and any Step Two Arranger provides the Debtors and the Creditors' Committee with a written termination notice at any time thereafter; provided that any Step Two Arranger shall have the right to elect to terminate its obligations under this Undertaking if (a) at any time the Debtors or Creditors' Committee shall prosecute any actions against the Step Two Arrangers or support any party in interest in prosecuting, such as by filing court papers in support of, or by entering into a common interest or similar agreement with any other party with respect to the prosecution of, any actions against the Step Two Arrangers, except as may be necessary to avoid the running of any applicable statute of limitations or similar statute imposing a time-based bar against the bringing of claims or (b) the Proponents shall at any time not be actively pursuing confirmation and consummation of the Plan.

This Undertaking shall be governed by and construed in accordance with the laws of the State of New York.

[SIGNATURE PAGES FOLLOW]

2

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

JPMORGAN CHASE BANK, N.A.:

By: _____

Name:

Title:      Miriam T. Kulnis
            Executive Director

[SIGNATURE PAGE TO UNDERTAKING]

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

BANK OF AMERICA, N.A.:

By: _____

Name: 
LYNN D. SIMMONS

Title: 
SENIOR VICE PRESIDENT

[SIGNATURE PAGE TO UNDERTAKING]

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

MERRILL LYNCH CAPITAL CORPORATION:

By: _Stephanie Vallillo_____

Name: Stephanie Vallillo

Title: Director

[SIGNATURE PAGE TO UNDERTAKING]

IN WITNESS WHEREOF, each of the Step Two Arrangers has caused this Undertaking to be executed and delivered as of the date first above written.

CITICORP NORTH AMERICA, INC.:

By: _____

Name: NANCY ROCHFORD
      Managing Director

Title:

[SIGNATURE PAGE TO UNDERTAKING]

**Exhibit 5.15.1(2)**

**Step Two/Disgorgement Settlement Procedures**

**(To be filed prior to the Disclosure Statement Hearing)**

**Exhibit 5.15.4**

**Terms of Retiree Claimant Settlement Agreement**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND RETIREE CLAIMANTS
## SETTLING AND ALLOWING CLAIMS

This stipulation (this "Stipulation") is entered into by and among Tribune

Company, a Delaware corporation, on behalf of itself and its affiliated debtors and debtors in

possession in the above-captioned jointly administered cases (collectively, the "Debtors"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (6846); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LA1 1788763

certain claimants holding retirement-related claims represented by Teitelbaum & Baskin, LLP (as identified collectively on Schedule A hereto, the "Retiree Claimants" and, together with the Debtors, the "Parties"), in each case by and through their respective counsel.

## RECITALS

A.    On December 8, 2008, the Debtors filed for protection under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[2]

B.    On April 12, 2010, the Debtors filed the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Proposed Plan") and a supporting disclosure statement [Docket No. 4008].

C.    The Retiree Claimants have filed claims against various Debtors related to former employment with various of the Debtors or their predecessors (as identified collectively on Schedule A hereto, the "Retiree Claims"), the majority of which are non-qualified pension claims and deferred compensation claims.[3]

D.    The Debtors scheduled the Retiree Claims in an aggregate amount of approximately $82 million. The Retiree Claimants asserted, through individual proofs of claim, an aggregate amount of approximately $113 million on account of the Retiree Claims.

E.    The Debtors and the Retiree Claimants have several disputes regarding the amount of the Retiree Claims, including: (i) the discount rates and mortality tables most appropriately applied to those Retiree Claims that are based in whole or in part on future annuity payments; (ii) whether Retiree Claims for deferred compensation are entitled to interest in the

---

[2] Debtor Tribune CNLBC, LLC (formerly known as Chicago National League Ball Club, LLC) filed a voluntary chapter 11 petition on October 12, 2009.

[3] The Retiree Claims do not include any rights of the Retiree Claimants under section 1114 of the Bankruptcy Code, which, under the Proposed Plan, are treated as Employee Benefit Claims.

LA1 1758763

amount of approximately $1.74 million, based upon a contract interest rate of 8.4% for the prepetition period of the 2008 calendar year; and (iii) with respect to some of the Retiree Claims, the factual basis for such claims, including whether the claimant was entitled to annuity or other benefit payments, the type of annuity or other benefit, and the specific amounts owed.

F.       Following good faith negotiations, the Parties have agreed to settle the Retiree Claims on the terms and subject to the conditions set forth herein.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.       The recitals set forth above are incorporated herein by reference.

2.       This Stipulation is subject to Bankruptcy Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019, to be granted in connection with confirmation of a plan of reorganization in the Debtors' bankruptcy cases.

3.       Each of the Retiree Claims listed on Schedule A hereto will be allowed under section 502 of the Bankruptcy Code in the amount listed thereon as the "Total Agreed Amount" for such claim. To the extent any such claim is a claim for future annuity payments, that component of the Total Agreed Amount has been calculated pursuant to a formula for determining the present value of future annuity payments and applying certain mortality factors (the "Formula"). Specifically, the Formula utilizes applicable interest rate and applicable mortality table required to be used under § 417(e) of the Internal Revenue Code of 1986, as amended, to calculate lump sum distributions from tax-qualified defined benefit plans for 2008 plan year payments, with (i) applicable interest rate for 2008 plan year payments determined as of January 1, 2008 with a two-month lookback to the November 2007 segment rates of 4.60%,

4.82% and 4.91%, and (ii) the RP-2000 healthy mortality table (weighted 50% male and 50% female), using scale AA for (x) seven (7) years from the valuation date for annuitants and (y) fifteen (15) years from the valuation date for non-annuitants. In addition, a further amount equal to 5.165% of the present value of the future annuity payments (the "Litigation Adjustment") has been added to the present value calculation in computing the Total Agreed Amount for those Retiree Claims involving future annuity payments. The Litigation Adjustment represents the compromise, based on the potential cost and outcome of litigating the differences between the discount rates and mortality tables used by the Debtors and those used by the Retiree Claimants. To the extent any Retiree Claim listed on Schedule A is a claim for deferred compensation payments, that component of the Total Agreed Amount has been calculated to include interest at 4.2% for the aggregate amount of approximately $870,000 (or one half of the amount of interest asserted for the prepetition portion of the 2008 calendar year) ("Allowed 2008 Interest") that the Retiree Claimants argue accrued under the terms of the relevant plans and agreements. Each Total Agreed Amount listed on Schedule A shall constitute an allowed claim against the specific Debtor identified on the same row as such Total Agreed Amount on Schedule A.[4]

     4.     The Debtors and the Retiree Claimants reserve their rights to review and correct any arithmetic calculations; provided, however, that neither party shall be entitled to make any correction that will materially alter the aggregate allowed amount of the Retiree Claims.

---

[4] With respect to claims that are similar in nature to the Retiree Claims but not a part of this Stipulation ("Similar Claims"), the Debtors intend to liquidate such Similar Claims consistent with the formulas and principles applicable to the Retiree Claims under the Stipulation, using negotiations and claims objections.

5.    Any Retiree Claim listed on Schedule A as having a Total Agreed Amount of $0.00 is so listed because it duplicates another Retiree Claim with a Total Agreed Amount also listed on Schedule A.

6.    Each Retiree Claimant agrees that he or she will not: (i) object to the allowance or treatment of his or her Retiree Claim pursuant to the terms of this Stipulation, or (ii) absent the written consent of the Debtors, amend or attempt to amend his or her Retiree Claim or file any other claim that is inconsistent with the terms and conditions of this Stipulation.

7.    The Debtors agree that in consideration of the compromises set forth herein and upon the occurrence of the conditions for the effectiveness hereof, any and all claims of the Debtors and their estates, known or unknown, which may exist against any Retiree Claimant with respect to such claimant's Retiree Claim, including, without limitation, any claim for the avoidance and recovery of any pre-petition payment or transfer made on account of such Retiree Claim, shall be hereby released and waived.

8.    The agreed allowed amounts of the Retiree Claims pursuant to this Stipulation, the obligations described in Paragraph 6 of this Stipulation, and the release and waiver described in Paragraph 7 of this Stipulation, are conditioned upon confirmation of the Proposed Plan, as amended from time to time, or another plan of reorganization, in each case providing for the classification and treatment of the Retiree Claims consistent with their classification and treatment under the Proposed Plan as filed on April 12, 2010.

9.    If the condition described in Paragraph 8 above does not occur or the Bankruptcy Court does not approve this Stipulation as part of its confirmation of the plan of reorganization that is ultimately confirmed, the Parties hereto fully reserve any and all of their rights, including, without limitation, (i) with respect to the Retiree Claimants, the right to assert

their respective Retiree Claims in their original asserted amounts, and (ii) with respect to the Debtors, the right to assert any and all objections or defenses to each Retiree Claim. Accordingly, nothing herein is or shall be deemed an admission of any kind.

10.     The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

11.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.     This stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors.

13.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against any Party on account of such drafting.

14.     The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

15.     Each of the Debtors expressly reserves its right to object to any other claim of a Retiree Claimant other than the Retiree Claims listed on <u>Schedule A</u> hereto.

LA1 1788763

6

Dated: Wilmington, Delaware
     May _15_, 2010

TEITELBAUM & BASKIN, LLP

_____

Jay Teitelbaum
3 Barker Avenue, Third Floor
White Plains, New York 10601
Telephone: (914) 437-7670
Facsimile: (914) 437-7672

COUNSEL TO THE RETIREE
CLAIMANTS, AS LISTED ON
SCHEDULE A HERETO

SIDLEY AUSTIN LLP

_____

James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Ariella T. Simonds
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

COLE, SCHOTZ,
MEISEL, FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

7

LA1 1788763

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims — Claimed Amount* | Annuity Claims — Agreed Amount | Deferred Compensation Claims — Claimed Amount* | Deferred Compensation Claims — Agreed Amount | Other Claims — Claimed Amount* | Other Claims — Agreed Amount | Total Claims — Total Original Claim* | Total Claims — Total Agreed Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Abatemarco, Fred A. | 3968 | Tribune Company | $ 105,156.30 | $ 90,669.06 | $ | $ | $ | $ | $ 105,156.30 | $ 90,669.06 |
| Alcantar, Gerald I. | 3967 | Tribune Company | 11,811.29 | 12,985.77 | | | | | 11,811.29 | 12,985.77 |
| Alfano, Richard S. | 3966 | Tribune Company | 56,537.94 | 42,577.10 | | | | | 56,537.54 | 42,577.10 |
| Armstrong, Michael C. | 3961 | Tribune Company | | | | | | | | |
| Arnold, Gary M. | 3962 | Tribune Company | | | 195,890.45 | 188,292.40 | | | 195,890.45 | 188,292.40 |
| Arthur, John M. | 3963 | Tribune Company | 51,322.02 | 46,621.75 | 52,407.99 | 50,375.23 | | | 103,730.01 | 96,596.98 |
| Barlow, William H. | 3964 | Tribune Company | 77,634.67 | 69,287.96 | | | 441.09 | 441.09 | 78,075.76 | 69,729.05 |
| Barrett, David S. | 3965 | Tribune Company | 30,213.16 | 28,029.63 | | | | | 30,213.16 | 28,025.63 |
| Barwick, Bruce E. | 3932 | Tribune Company | 4,685.88 | 4,707.98 | | | | | 4,685.88 | 4,707.98 |
| Becker, Todd A. | 3933 | Tribune Company | 46,913.69 | 37,961.41 | | | | | 46,913.69 | 37,961.41 |
| Bell, George | 3934 | Tribune Company | 6,687.66 | 5,993.35 | 123,629.87 | 118,834.61 | | | 130,317.53 | 124,827.96 |
| Bell, Susan P. | 3935 | Tribune Company | 21,758.70 | 16,711.77 | | | | | 21,758.70 | 16,711.77 |
| Bergmann, Horst A. | 3936 | Tribune Company | 43,290.37 | 34,604.54 | | | | | 43,290.37 | 34,604.54 |
| Blood, Edward L. | 3937 | Tribune Company | 5,868,608.14 | 5,381,667.44 | | | | | 5,868,608.14 | 5,381,667.44 |
| Bowen, Sharon M. | 3938 | The Baltimore Sun Company | 85,974.55 | 83,396.90 | | | | | 85,974.55 | 83,396.90 |
| Bowen, Sharon M. | 3939 | Tribune Company | 7,879.34 | 6,987.13 | | | 49.32 | 49.32 | 7,928.66 | 7,036.45 |
| Bowlin, Gregory L. | 3940 | Tribune Company | 548.59 | 533.23 | | | | | 548.59 | 533.23 |
| Brandt, Robert F. | 3941 | Tribune Company | 51,409.08 | 46,543.93 | | | | | 51,409.08 | 46,543.93 |
| Brauer, Alan L. | 3942 | Tribune Company | 27,545.56 | 25,048.20 | | | | | 27,545.56 | 25,048.20 |
| Brennan, Leo | 3943 | Tribune Company | | | | | | | | |
| Brief, Kenneth H. | 3944 | Tribune Company | 0 | | 650,642.48 | 625,405.86 | | | 650,642.48 | 625,405.86 |
| Brisco, Robert N. | 3945 | Tribune Company | 0 | | 79,868.36 | 76,770.49 | | | 79,868.36 | 76,770.49 |
| Bryson, John E. | 3946 | Tribune Company | 55,918.19 | 38,370.50 | | | | | 55,918.36 | 38,370.50 |
| Campbell, Patricia | 3947 | Tribune Company | | | 966,473.57 | 928,986.73 | | | 966,473.57 | 928,986.73 |
| Carpenter, Dean S. | 3948 | Tribune Company | 102,312.38 | 78,321.63 | | | | | 102,312.38 | 78,321.63 |
| Carroll, John S. | 3949 | Tribune Company | 703,514.32 | 624,456.10 | | | | | 703,514.32 | 624,456.10 |
| Casey, Kathleen M. | 3950 | Tribune Company | 355,310.50 | 327,120.99 | 1,168,318.11 | 1,123,002.28 | | | 1,523,628.61 | 1,450,123.27 |
| Chandhok, Rajender K. | 3951 | Tribune Company | 27,999.41 | | 83,837.34 | 75,861.21 | | | 111,836.75 | 75,861.21 |
| Chandler, Bettina W. | 3952 | Tribune Company | 49,874.04 | 43,253.31 | | | | | 49,874.04 | 43,253.31 |
| Charles, Randolph R. | 3953 | Tribune Company | 1,089,878.63 | 963,537.50 | | | | | 1,089,878.63 | 963,537.50 |
| Clayton, Janet T | 3954 | Tribune Company | 53,190.66 | 38,420.98 | | | | | 53,190.66 | 38,420.98 |
| Clayton, Janet T. | 3955 | Los Angeles Times Communications LLC | 121,613.91 | 91,485.14 | | | 421.48 | 421.48 | 122,035.39 | 91,906.62 |
| Clifford, Patrick A. | 3996 | Tribune Company | | | | | | | | |
| Clurman, Andrew W. | 3957 | Tribune Company | | | | | 15,217.72 | 15,217.72 | 15,217.72 | 15,217.72 |
| Coffey, Shelby C. III | 3959 | Tribune Company / Los Angeles Times Communications LLC | 1,161,516.02 | 1,161,336.28 | | | | | 1,161,516.02 | 1,163,336.28 |
| Colston, James Willard | 3960 | Los Angeles Times Communications LLC | 50,625.17 | 35,826.56 | | | | | 50,625.17 | 35,826.56 |
| Colston, James Willard | 3909 | Tribune Company | 239,849.60 | 217,121.56 | 341,112.31 | 327,881.51 | | | 341,112.31 | 327,881.51 |
| Coppers, Stuart R. | 3910 | Tribune Company | 22,713.20 | 23,309.90 | | | | | 22,713.20 | 23,309.90 |

1 of 6

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims | | Deferred Compensation Claims | | Other Claims | | Total Claims | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claimed Amount* | Agreed Amount | Claimed Amount | Agreed Amount | Claimed Amount* | Agreed Amount | Total Original Claim* | Total Agreed Amount |
| Cotliar, George J. | 3911 | Tribune Company | 239,050.32 | 218,744.25 | | | | | 239,050.32 | 218,744.25 |
| Crowder, Grace E | 3912 | The Baltimore Sun Company | 325,521.64 | 284,766.84 | | | 3,461.67 | 3,461.67 | 328,983.31 | 288,228.51 |
| Crowder, Grace E | 3913 | Tribune Company | | | | | | | | |
| Darnall, John | 3914 | Los Angeles Times Communications LLC | 12,067.23 | 14,454.09 | | | | | 12,067.23 | 14,454.09 |
| Darnall, John | 3915 | Tribune Company | | | | | | | | |
| Davis, Kenneth | 3916 | The Baltimore Sun Company | 85,588.75 | 83,961.39 | | | | | 85,588.75 | 83,961.39 |
| Davis, Kenneth | 3917 | Tribune Company | | | | | | | | |
| Depoung, Barbara | 3918 | Tribune Company | | | | | | | | |
| Dill, John F. | 3919 | Tribune Company | 8,170.79 | 4,286.53 | 131,973.55 | 126,854.66 | | | 140,144.34 | 131,141.19 |
| Dilworth, Ann E. | 3920 | Tribune Company | 109,100.04 | 104,001.88 | | | | | 109,100.04 | 104,001.88 |
| Downes, Mary | 3921 | The Hartford Courant Company | 184,998.00 | 157,922.07 | | | | | 184,998.00 | 157,922.07 |
| Downes, Mary | 3922 | Tribune Company | 107,609.85 | 93,239.19 | | | | | 107,609.85 | 93,239.19 |
| Downing, Kathryn M. | 3923 | Tribune Company | 0 | | | | | | | |
| Dreher, Beverly A. | 3924 | Tribune Company | 1,350,233.65 | 1,061,201.09 | | | | | 1,350,233.65 | 1,061,201.09 |
| Dreeny, Elizabeth | 3925 | Tribune Company | 58,882.23 | 52,776.00 | | | | | 58,882.23 | 52,776.00 |
| Dubester, Michael S. | 3926 | Tribune Company | 159,351.22 | 123,201.85 | | | | | 159,351.22 | 123,201.85 |
| Dyer, John | 3927 | Tribune Company | 38,404.01 | 34,451.00 | | | | | 38,404.01 | 34,451.00 |
| Egan, Paul H. | 3928 | Los Angeles Times Communications LLC | | | 592,605.17 | 569,619.65 | | | 592,605.17 | 569,619.65 |
| Egan, Paul H. | 3929 | Tribune Company | 23,494.71 | 23,419.08 | | | | | 23,494.71 | 23,419.08 |
| Erbusu, Robert F. | 3930 | Tribune Company | | | | | | | | |
| Esgro, David A. | 3931 | Tribune Company | 8,059,576.24 | 7,600,336.60 | 917,220.10 | 881,643.67 | | | 8,976,796.34 | 8,481,980.27 |
| Estate Of Eugene L. Falk | 3892 | Tribune Company | 32,602.00 | 22,528.45 | | | | | 32,602.00 | 22,528.45 |
| Falk, Joanne K. | 3893 | Tribune Company | | | | | | | | |
| Fernald, Peter J. | 3894 | Tribune Company | | | | | 1,425.50 | 1,425.50 | 1,425.50 | 1,425.50 |
| Fitzgerald, James | 3895 | Tribune Company | 133,983.00 | 117,546.08 | | | | | 133,983.00 | 117,546.08 |
| Flick, John E | 3896 | Tribune Company | 174,235.31 | 172,497.94 | | | | | 174,235.31 | 172,497.94 |
| Forgione, Michael | 3897 | Tribune Company | 133,437.04 | 144,553.50 | | | | | 133,437.04 | 144,553.50 |
| Forst, Donald | 3898 | Tribune Company | 465,665.58 | 445,041.45 | | | | | 465,665.58 | 445,041.45 |
| Fox, Douglas B. | 3899 | Tribune Company | 44,838.32 | 45,249.34 | | | | | 44,838.32 | 45,249.34 |
| Frost, Daniel F. | 3900 | Tribune Company | 115,977.12 | 107,948.72 | | | | | 115,977.12 | 107,948.72 |
| Gastler, Debra A. | 3901 | Tribune Company | 154,934.21 | 82,585.02 | | | | | 154,934.21 | 82,585.02 |
| Goldstein, Gary | 3902 | Tribune Company | 247,414.15 | 239,907.66 | | | | | 247,414.15 | 239,907.66 |
| Graham, Kenneth | 3903 | Tribune Company | 105,061.35 | 82,005.56 | | | | | 105,061.35 | 82,005.56 |
| Grant, Robert T. | 3904 | Tribune Company | 217,241.76 | 188,399.94 | | | | | 217,241.76 | 188,399.94 |
| Guerrero, Richard | 3905 | Tribune Company | 14,288.91 | 14,183.60 | | | | | 14,288.91 | 14,183.60 |
| Guitar, Lee | 3906 | Tribune Company | 37,899.74 | 34,032.45 | 569,312.18 | 547,230.13 | | | 569,312.18 | 547,230.13 |
| | | Tribune Company | 126,217.54 | 122,595.05 | | | | | 126,217.54 | 122,595.05 |

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims | | Deferred Compensation Claims | | Other Claims | | Total Claims | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claimed Amount* | Agreed Amount | Claimed Amount* | Agreed Amount | Claimed Amount* | Agreed Amount | Total Original Claim* | Total Agreed Amount |
| Guthrie, James F. | 3507 | Tribune Company | 577,807.24 | 527,425.61 | | | | | 577,807.24 | 527,425.61 |
| Guttry, Delynn | 3908 | Tribune Company | 70,638.34 | 62,864.48 | | | | | 70,638.34 | 62,864.48 |
| Halajian, Kenneth L. | 3869 | Tribune Company | 122,898.30 | 109,185.46 | 156,982.36 | 150,893.45 | | | 279,880.66 | 260,078.91 |
| Hale, Charlotte H. | 3870 | Tribune Company | 9,718.98 | | 522,668.29 | 502,395.43 | | | 532,387.27 | 502,395.43 |
| Hale, Jean | 3871 | Tribune Company | 45,477.17 | 32,600.10 | | | | | 45,477.17 | 32,600.10 |
| Haugh, Michael J. | 3872 | Tribune Company | 173,043.24 | 159,359.68 | | | | | 173,043.24 | 159,359.68 |
| Heaphy, Janis | 3873 | Tribune Company | 114,943.32 | 100,316.89 | | | 1,097.85 | 1,097.85 | 116,041.17 | 101,414.74 |
| Helm, James D. | 3874 | Tribune Company | 34,404.38 | 31,982.78 | | | | | 34,404.38 | 31,982.78 |
| Henson, Pamela D. | 3875 | Tribune Company | 3,863.68 | 3,387.96 | | | | | 3,863.68 | 3,387.96 |
| Hessler, Curtis A. | 3876 | Tribune Company | 1,022,521.60 | 918,368.09 | | | | | 1,022,521.60 | 918,368.09 |
| Higby, James H. | 3877 | Tribune Company | 57,086.86 | 22,082.55 | | | | | 57,086.86 | 22,082.55 |
| Higby, Lawrence H. | 3877 | Tribune Company | 191,250.95 | 176,484.75 | | | | | 191,250.95 | 176,484.75 |
| Holton, Raymond | 3878 | Tribune Company | 0 | | 86,402.16 | 83,050.86 | | | 86,402.16 | 83,050.86 |
| Horn, Karen | 3879 | Tribune Company | 0 | | 329,826.52 | 317,033.46 | | | 329,826.52 | 317,033.46 |
| Howard, Leslie M. | 3880 | Tribune Company | 0 | | 145,496.90 | 139,853.48 | | | 145,496.90 | 139,853.48 |
| Howe, Mark | 3881 | Tribune Company | 0 | | 187,208.77 | 179,947.46 | | | 187,208.77 | 179,947.46 |
| Hughes, Joseph M. | 3882 | Tribune Company | 0 | | 188,913.12 | 181,585.70 | | | 188,913.12 | 181,585.70 |
| Imbrasco, James | 3883 | Tribune Company | | | | | | | | |
| Isenberg, Steven L. | 3884 | Tribune Company | 63,028.95 | 49,306.61 | | | | | 63,028.95 | 49,306.61 |
| Isnger, William R. | 3885 | Tribune Company | 457,012.70 | 422,845.33 | | | 120,605.56 | 120,605.56 | 577,618.26 | 543,450.89 |
| Jansen, Raymond A., Jr. | 3866 | Tribune Company | 298,855.71 | 269,949.09 | | | | | 298,855.71 | 269,949.09 |
| Johnson, Edward E. | 3887 | Tribune Company | 6,439,394.24 | 5,848,681.01 | | | | | 6,439,394.24 | 5,848,681.01 |
| Johnson, Robert M. | 3888 | Tribune Company | 1,183,611.96 | 1,085,440.57 | | | | | 1,183,611.96 | 1,085,440.57 |
| Johnson, Wyatt T. Jr. | 3889 | Tribune Company | 314,859.81 | 277,721.84 | | | | | 314,859.81 | 277,721.84 |
| Junck, Mary E. | 3890 | Tribune Company | 2,091,151.24 | 1,895,905.16 | | | | | 2,091,151.24 | 1,895,905.16 |
| Kabat, Scott W. | 3891 | Tribune Company | 687,471.28 | 589,640.17 | | | | | 687,471.28 | 589,640.17 |
| Kallel, Judith S. | 3848 | Tribune Company | 135,856.56 | 108,414.60 | | | | | 135,856.56 | 108,414.60 |
| Keller, William | 3849 | Tribune Company | 86,874.62 | 76,514.90 | | | | | 86,874.62 | 76,514.90 |
| Kellermann, Donald | 3850 | Tribune Company | 43,819.77 | 44,521.60 | | | | | 43,819.77 | 44,521.60 |
| King, Victoria | 3851 | Tribune Company | 202,942.77 | 186,608.98 | | | | | 202,942.77 | 186,608.98 |
| Klein, Jason E. | 3852 | Tribune Company | 0 | | 74,235.11 | 71,355.74 | | | 74,235.11 | 71,355.74 |
| Klein, Jeffrey S. | 3853 | Tribune Company | 113,350.42 | 81,878.31 | | | | | 113,350.42 | 81,878.31 |
| Klener, Arnold | 3854 | Tribune Company | 214,771.81 | 175,155.46 | | | | | 214,771.81 | 175,155.46 |
| Klener, Arnold | 3855 | The Baltimore Sun Company | 2,428,807.91 | 2,252,043.70 | | | | | 2,428,807.91 | 2,252,043.70 |
| Klutnick, Susan | 3856 | Tribune Company | | | | | | | | |
| Kopper, James L. | 3857 | Tribune Company | 0 | | 381,723.02 | 366,917.04 | | | 381,723.02 | 366,917.04 |
| Kucera, Philip E. | 3858 | Tribune Company | 353,362.22 | 284,239.96 | | | | | 353,362.22 | 284,239.96 |
| Kuekes, Sally | 3859 | Tribune Company | 295,403.76 | 264,583.57 | | | | | 295,403.76 | 264,583.57 |
| Kurtich, Mark | 3860 | Tribune Company | 42,044.09 | 36,779.95 | | | 7,620.90 | 7,620.90 | 49,664.99 | 44,400.85 |
| Kurtich, Mark | 3861 | Tribune Company | 90,448.02 | 74,790.19 | | | | | 90,448.02 | 74,790.19 |

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims — Claimed Amount* | Annuity Claims — Agreed Amount | Deferred Compensation Claims — Claimed Amount* | Deferred Compensation Claims — Agreed Amount | Other Claims — Claimed Amount* | Other Claims — Agreed Amount | Total Claims — Total Original Claim* | Total Claims — Total Agreed Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Lafrance, Kimberly Mccleary | 3862 | Tribune Company | 43,852.05 | 34,197.55 | | | 154.59 | 154.59 | 44,006.64 | 34,352.14 |
| Lankey, Jeffrey W. | 3863 | Tribune Company | 8,600.23 | 7,178.56 | | | | | 8,600.23 | 7,178.56 |
| Laventhol, David | 3864 | Tribune Company | 3,598,937.76 | 3,286,446.21 | | | | | 3,598,937.76 | 3,286,446.21 |
| Lee Schroeder, R. Marilyn | 3865 | Tribune Company | 63,947.25 | 53,342.84 | | | | | 63,947.25 | 53,342.84 |
| Lewin, Marten P. | 3866 | Tribune Company | 103,195.50 | 106,292.37 | | | | | 103,195.50 | 106,292.37 |
| Lewis, Jesse E | 3867 | Tribune Company | 49,524.89 | 41,839.90 | | | | | 49,524.89 | 41,839.90 |
| Lindsay, John P. | 3868 | Tribune Company | 23,066.77 | 23,941.86 | | | | | 23,066.77 | 23,941.86 |
| Lobdell, Nancy | 3828 | Tribune Company | 115,583.28 | 102,225.64 | | | | | 115,583.28 | 102,225.64 |
| Magnuson, Robert G. | 3829 | Tribune Company | 230,074.32 | 192,525.57 | | | | | 230,074.32 | 192,525.57 |
| Mainmon, William K. | 3830 | Tribune Company | 37,443.28 | 33,569.72 | | | | | 37,443.28 | 33,569.72 |
| Marro, Anthony J. | 3831 | Tribune Company | 324,038.35 | 293,750.03 | | | | | 324,038.35 | 293,750.03 |
| Maxwell, Donald S. | 3832 | Tribune Company | 375,385.65 | 376,098.43 | | | | | 375,385.65 | 376,098.43 |
| Mcguinness, Kathleen G. | 3833 | Tribune Company | 1,486,257.90 | 1,636,638.93 | 313,934.42 | 301,757.77 | | | 1,800,192.32 | 1,938,396.70 |
| Mckeon, John C. | 3834 | Tribune Company | 91,979.56 | 71,083.13 | | | | | 91,979.56 | 71,083.13 |
| Mckeon, John C. | 3835 | Tribune Media Net, Inc. | | | | | | | | |
| Meadows, Jack E. | 3836 | Tribune Company | | | | | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 |
| Meier, Stephen C. | 3837 | Tribune Company | 108,100.07 | 103,375.09 | | | | | 108,100.07 | 103,375.09 |
| Mohar, Jane | 3838 | Tribune Company | 232,480.68 | 198,913.29 | | | | | 232,480.68 | 198,913.29 |
| Mohar, Roger H. | 3839 | Tribune Company | | | 843,787.40 | 811,059.22 | | | 843,787.40 | 811,059.22 |
| Monona, Durham J. | 3840 | Tribune Company | 560,764.12 | 427,439.99 | | | | | 560,764.12 | 427,439.99 |
| Murphy, John R. | 3841 | The Baltimore Sun Company | 107,492.11 | 96,584.59 | | | | | 107,492.11 | 96,584.59 |
| Murphy, John R. | 3842 | Tribune Company | 1,259,218.77 | 1,202,804.47 | | | | | 1,259,218.77 | 1,202,804.47 |
| Nash, John t | 3843 | The Baltimore Sun Company | | | 373,594.11 | 359,103.43 | | | 373,594.11 | 359,103.43 |
| Neely, Jack E. | 3844 | Tribune Company | 0 | 0 | | | | | 0 | 0 |
| Neely, Jack E. | 3845 | Tribune Company | 8,757.24 | 9,707.23 | | | 200.00 | 200.00 | 8,957.24 | 9,907.23 |
| Nese, William A. | 3846 | Tribune Company | 1,894,702.51 | 1,890,693.18 | | | | | 1,894,702.51 | 1,890,693.18 |
| Niles, Nicholas H. | 3847 | Tribune Company | 43,691.01 | 43,691.01 | | | | | 43,691.01 | 43,691.01 |
| Norris, James | 3814 | Tribune Company | 59,342.37 | 576.30 | 185,056.22 | 177,878.40 | | | 244,398.59 | 178,454.70 |
| Nuckols, James | 3815 | Tribune Company | 24,383.59 | 23,306.35 | 135,142.45 | 129,900.65 | | | 159,526.04 | 153,207.00 |
| Oglesby, Roger D | 3816 | Tribune Company | 47,034.01 | 41,451.84 | | | | | 47,034.01 | 41,451.84 |
| O'Neill, Nancy | 3817 | Tribune Company | 20,673.42 | 14,616.88 | | | | | 20,673.42 | 14,616.88 |
| O'Sullivan, Robert | 3818 | Tribune Company | 0 | 0 | | | | | 0 | 0 |
| Parks, Michael | 3819 | Tribune Company | 618,849.54 | 555,923.22 | 432,927.02 | 435,359.23 | | | 1,051,776.56 | 991,282.45 |
| Paro, Jeffrey N. | 3820 | Tribune Company | 57,050.82 | 43,777.03 | 317,971.62 | 305,638.38 | | | 375,022.44 | 349,415.41 |
| Pamela, John F. | 3821 | Tribune Company | 150,001.24 | 132,683.53 | 1,341,094.27 | 1,289,076.93 | | | 1,491,095.51 | 1,421,760.46 |
| Payne, Janette O. | 3822 | Tribune Company | 35,393.07 | 24,310.98 | | | 3,240.09 | 3,240.09 | 38,633.16 | 27,551.07 |
| Peluza, Ellen | 3823 | Tribune Company | 67,546.24 | 51,339.45 | | | | | 67,546.24 | 51,339.45 |
| Perruso, Carol | 3824 | Tribune Company | 66,738.37 | 56,973.14 | | | 26,980.36 | 26,399.65 | 93,718.73 | 83,372.79 |

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims | | Deferred Compensation Claims | | Other Claims | | Total Claims | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claimed Amount* | Agreed Amount | Claimed Amount | Agreed Amount | Claimed Amount* | Agreed Amount | Total Original Claim* | Total Agreed Amount |
| Perry, Victor A. | 3825 | Tribune Company | 32,377.21 | 26,273.37 | | | | | 32,377.21 | 26,273.37 |
| Peterson, Maureen G. | 3826 | Tribune Company | 594,751.05 | 526,784.10 | | | | | 594,751.05 | 526,784.10 |
| Petty, Martha A. | 3827 | Tribune Company | 149,885.51 | 116,930.86 | | | | | 149,885.51 | 116,930.86 |
| Plank, Jack L. | 3789 | Tribune Company | 316,088.85 | 318,622.61 | | | | | 316,088.85 | 318,622.61 |
| Redmond, Elizabeth | 3790 | Tribune Company | 838,434.21 | 738,639.00 | | | | | 838,434.21 | 738,639.00 |
| Rhoads, S. Keating | 3791 | Tribune Company | 98,744.57 | 101,081.44 | | | | | 98,744.57 | 101,081.44 |
| Riley, Michael | 3792 | Tribune Company | 123,950.91 | 104,569.77 | | | | | 123,950.91 | 104,569.77 |
| Rose, Michael G. | 3793 | Tribune Company | 1,210.64 | 1,117.80 | 351,346.96 | 337,719.18 | | | 352,557.60 | 338,836.98 |
| Rowe, William J. | 3794 | Tribune Company | 308,021.09 | 291,694.06 | | | | | 308,021.09 | 291,694.06 |
| Rubin, Jerome S. | 3795 | Tribune Company | 151,876.68 | 153,276.94 | | | | | 151,876.68 | 153,276.94 |
| Sann, Alexander | 3796 | Tribune Company | 349,680.25 | 311,823.69 | 1,106,331.93 | 1,063,420.37 | | | 1,456,012.18 | 1,375,244.06 |
| Scally, Geraldine | 3797 | Tribune Company | 23,692.38 | 21,720.78 | | | 4,741.00 | 4,933.38 | 28,433.38 | 26,654.16 |
| Schlosberg, Richard T. III | 3798 | Tribune Company | 2,760,068.72 | 2,483,650.26 | | | | | 2,760,068.72 | 2,483,650.26 |
| Schnall, Herbert K. | 3799 | Tribune Company | 601,401.39 | 569,956.44 | | | | | 601,401.39 | 569,956.44 |
| Schroeder, Charles | 3800 | Tribune Company | 300,413.12 | 303,683.92 | | | | | 300,413.12 | 303,683.92 |
| Schneider, Hilary A. | 3801 | Tribune Company | 116,920.23 | 80,266.13 | | | | | 116,920.23 | 80,266.13 |
| Schneider, Howard | 3802 | Tribune Company | 111,725.93 | 102,524.31 | | | | | 111,725.93 | 102,524.31 |
| Sellstrom, Brian | 3803 | Tribune Company | 59,424.51 | 53,709.87 | | | | | 59,424.51 | 53,709.87 |
| Seizer, Carolyn | 3804 | Los Angeles Times Communications LLC | 8,834.93 | 7,365.62 | | | | | 8,834.93 | 7,365.62 |
| Seizer, Carolyn | 3805 | Tribune Company | | | | | | | | |
| Shaw, James D | 3806 | Tribune Company | 188,663.28 | 163,176.12 | | | | | 188,663.28 | 163,176.12 |
| Shirley, Dennis | 3807 | Tribune Company | 43,814.46 | 32,367.78 | 1,330,890.05 | 1,279,268.50 | | | 1,374,704.51 | 1,311,536.28 |
| Shorts, Gary K. | 3808 | Tribune Company | 169,089.46 | 143,245.25 | | | | | 169,089.46 | 143,245.25 |
| Simpson, James R. | 3809 | Tribune Company | 3,924,877.86 | 3,550,121.16 | | | | | 3,924,877.86 | 3,550,121.16 |
| Sito, Louis | 3810 | Tribune Company | 100,409.32 | 87,589.83 | | | | | 100,409.32 | 87,589.83 |
| Sweeney, Judith | 3811 | Tribune Company | 37,827.72 | 28,215.77 | | | | | 37,827.72 | 28,215.77 |
| Sweeney, Stender E. | 3812 | Tribune Company | 92,525.62 | 85,971.34 | | | | | 92,525.62 | 85,971.34 |
| Terpstra, James E. | 3813 | Tribune Company | 894.68 | 916.61 | | | 343.62 | 343.62 | 1,238.30 | 1,260.23 |
| Thomas, William | 3768 | Los Angeles Times Communications LLC | 395,688.06 | 400,498.68 | | | | | 395,688.06 | 400,498.68 |
| Thomas, William | 3769 | Tribune Company | | | | | 60,000.00 | 60,000.00 | 60,000.00 | 60,000.00 |
| Thorpe, Caroline | 3770 | Los Angeles Times Communications LLC | | | | | | | | |
| Thorpe, Caroline | 3771 | Tribune Company | | | | | 60,000.00 | 60,000.00 | 60,000.00 | 60,000.00 |
| Toedtman, James | 3772 | Tribune Company | 0 | | 7,503.53 | 7,212.47 | | 5,103.42 | 7,503.51 | 12,315.89 |
| Traynor, Robert E | 3773 | The Baltimore Sun Company | 74,120.70 | 68,199.67 | | | 704.84 | 704.84 | 74,825.54 | 68,904.51 |
| Traynor, Robert E | 3774 | Tribune Company | | | | | | | | |
| Tunstall, Sharon S. | 3775 | Tribune Company | 8,684.60 | 8,319.92 | | | | | 8,684.60 | 8,319.92 |
| Udovic, Michael S. | 3776 | Tribune Company | 6,875.50 | 5,832.45 | | | | | 6,875.50 | 5,832.45 |

# Schedule A

| Name | Claim Number | Debtor | Annuity Claims | | Deferred Compensation Claims | | Other Claims | | Total Claims | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claimed Amount* | Agreed Amount | Claimed Amount* | Agreed Amount | Claimed Amount* | Agreed Amount | Total Original Claim* | Total Agreed Amount |
| Utterman, E. Thomas | 3777 | Tribune Company | 1,405,127.79 | 1,258,812.43 | | | | | 1,405,127.79 | 1,258,812.43 |
| Valenti, Michael | 3778 | Tribune Company | 0 | | | | | | | |
| Vida, Herbert | 3779 | Los Angeles Times | | | 1,228,403.25 | 1,180,756.88 | | | 1,228,403.25 | 1,180,756.88 |
| Vida, Herbert | 3780 | Communications LLC | 45,237.25 | 42,276.97 | | | 162.40 | 162.40 | 45,399.65 | 42,439.37 |
| Wada, Karen | 3781 | Tribune Company | 277,091.87 | 197,504.08 | | | | | 277,091.87 | 197,504.08 |
| Wade, Claudia A. | 3782 | Tribune Company | 25,214.57 | 20,844.75 | | | | | 25,214.57 | 20,844.75 |
| Wallace, James W. | 3783 | Tribune Company | 319,337.67 | 302,287.33 | | | | | 319,337.67 | 302,287.33 |
| Waller, Michael E. | 3784 | Tribune Company | 1,856,802.57 | 1,663,437.92 | | | | | 1,856,802.57 | 1,663,437.92 |
| Wangberg, Larry | 3785 | Tribune Company | 359,536.67 | 329,739.60 | | | 43,665.13 | 43,665.13 | 403,201.80 | 373,404.73 |
| Weinstein, Howard** | 3786 | Tribune Company | 7,886.41 | 7,495.94 | | | 287.37 | 287.37 | 8,173.78 | 7,783.31 |
| Wiegand, William | 3787 | Tribune Company | 23,902.27 | 19,632.20 | 324,818.78 | 312,219.96 | | | 348,721.05 | 331,852.16 |
| Wild, Mary A. | 3788 | Tribune Company | 36,816.87 | 28,151.62 | | | | | 36,816.87 | 28,151.62 |
| Wiles, Mark H. | 3767 | Tribune Company | 13,942,054.67 | 12,756,374.83 | 5,479,905.70 | 5,267,355.30 | 112,391.10 | 112,391.10 | 19,534,351.47 | 18,136,121.23 |
| Williams, Phillip L. | 3766 | Tribune Company | 572,842.71 | 580,288.50 | | | | | 572,842.71 | 580,288.50 |
| Wilson, Hazel E. | 3765 | Tribune Company | 26,114.05 | 24,341.49 | | | | | 26,114.05 | 24,341.49 |
| Wilson, Julia C. | 3764 | Tribune Company | 66,455.19 | 56,843.79 | 152,898.51 | 146,968.00 | | | 219,353.70 | 203,811.79 |
| Woldt, Harold E. Jr. | 3763 | Tribune Company | 35,533.16 | 31,999.16 | | | | | 35,533.16 | 31,999.16 |
| Wolnisky, Leo | 3762 | Tribune Company | 353,330.96 | 306,792.60 | 252,955.17 | 243,143.74 | 464.26 | 464.26 | 606,750.39 | 550,400.60 |
| Wright, Donald F. | 3761 | Tribune Company | 2,713,574.92 | 2,463,056.85 | | | | | 2,713,574.92 | 2,463,056.85 |
| Young, John W. | 3760 | Tribune Company | 73,452.93 | 59,164.78 | | | | | 73,452.93 | 59,164.78 |
| Zakarian, John J. | 3757 | Tribune Company | 0 | | 295,629.56 | 284,162.91 | | | 295,629.56 | 284,162.91 |
| Zapanta, Norene | 3758 | Tribune Company | 0 | | 11,482.47 | 11,037.10 | | | 11,482.47 | 11,037.10 |
| Zimbalist, Efrem III | 3759 | Tribune Company | 2,206,657.73 | 1,904,183.74 | | | | | 2,206,657.73 | 1,904,183.74 |
| Totals | | | $ 89,516,909.25 | $ 81,537,918.70 | $ 22,452,421.13 | $ 21,576,829.47 | $ 408,624.85 | $ 413,339.94 | $ 112,377,955.23 | $ 103,528,088.11 |

* Claims which fully duplicate another are shown as zero

** The claim for Howard Weinstein also includes $337,850 related to a claim for severance which is not included in the settlement and remains in dispute.

**Exhibit 6.3**
**Rejected Executory Contracts and Unexpired Leases**
**(To be filed with the Plan Supplement)**

**Exhibit 13.1**

**Litigation Trust Agreement**

**(To be filed with the Plan Supplement)**

**Exhibit 14.1**

**Creditors' Trust Agreement**

**(To be filed with the Plan Supplement)**