# EXHIBIT 2

WM1A 962581v1 11/17/10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | ) ) ) | Case No. 08-13141 (KJC) |
|  | ) ) | Jointly Administered |
| Debtors. | ) ) |  |

**AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., <u>KING STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.</u>**

Dated: ~~November 23,~~<u>December 1,</u> 2010

| | |
|---|---|
| WHITE & CASE LLP | FOX ROTHSCHILD LLP |
| Thomas E Lauria, Esq. | Jeffrey M. Schlerf, Esq. (No. 3047) |
| David Hille, Esq. | Eric M. Sutty, Esq. (No. 4007) |
| Andrew Hammond, Esq. | Jay Strock, Esq. (No. 4965) |
| Scott Greissman, Esq. | Citizens Bank Center |
| 1155 Avenue of the Americas | 919 North Market Street, Suite 1600 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## TABLE OF CONTENTS

ARTICLE 1  DEFINITIONS; RULES OF INTERPRETATION; EXHIBITS .......... 3
- 1.1  Definitions .......... 3
- 1.2  Rules of Interpretation .......... ~~32~~33
- 1.3  Computation of Time .......... ~~33~~34
- 1.4  Exhibits .......... ~~33~~34
- 1.5  Deemed Acts .......... ~~33~~34

ARTICLE 2  TREATMENT OF ADMINISTRATIVE AND PRIORITY TAX CLAIMS .......... ~~33~~34
- 2.1  DIP Facility Claims .......... 34
- 2.2  Administrative Expense Claims .......... ~~34~~35
- 2.3  Priority Tax Claims .......... ~~34~~35

ARTICLE 3  CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS .......... 35
- 3.1  Summary of Classification and Treatment of Classified Claims and Interests .......... 35
- 3.2  Classification and Treatment of Claims Against and Interests in Tribune Company (Debtor 1) .......... ~~36~~37
- 3.3  Classification and Treatment of Claims Against and Interests in Non-Guarantor Debtors (Debtors 2 through 49) .......... ~~45~~46
- 3.4  Classification and Treatment of Claims Against and Interests in Guarantor Debtors (Debtors 50 through 111) .......... ~~47~~48
- 3.5  Prepackaged Plans for and Treatment of Claims Against and Interests in Subsidiary Non-Debtors that Become Debtors .......... ~~52~~53

ARTICLE 4  ACCEPTANCE OR REJECTION OF BRIDGE LENDER PLAN .......... ~~54~~55
- 4.1  Impaired Classes of Claims and Interests Entitled to Vote .......... ~~54~~55
- 4.2  Acceptance by an Impaired Class of Claims .......... ~~54~~55
- 4.3  Deemed Acceptance by Holders of Intercompany Claims .......... ~~54~~55
- 4.4  Presumed Acceptances by Unimpaired Classes .......... ~~54~~55
- 4.5  Presumed Rejection of the Bridge Lender Plan .......... ~~54~~55
- 4.6  Confirmability and Severability of the Bridge Lender Plan .......... ~~54~~55

ARTICLE 5  MEANS FOR IMPLEMENTATION OF THE BRIDGE LENDER PLAN .......... ~~55~~56
- 5.1  Non-Substantive Consolidation .......... ~~55~~56
- 5.2  Restructuring Transactions .......... ~~55~~56
- 5.3  Corporate Governance, Directors, Officers and Corporate Action .......... ~~56~~57
- 5.4  Issuance and Distribution of New Securities and Related Matters .......... ~~58~~60
- 5.5  Reporting Requirements Under the Securities Exchange Act of 1934 and Listing of New Class A Common Stock on the Securities Exchange or Quotation System .......... ~~62~~64
- 5.6  New Senior Secured Term Loan Agreement .......... ~~63~~64
- 5.7  Continued Corporate Existence and Vesting of Certain Assets in the Reorganized Debtors .......... ~~63~~65

| | | |
|---|---|---|
| 5.8 | Cancellation of Loan Agreements, Loan Guaranty Agreements, the Pledge Agreement, Notes Issued Under the Loan Agreements, Senior Notes, Debentures, Instruments, Indentures, EGI-TRB LLC Notes, PHONES Notes, Old Common Stock and Other Tribune Interests | ~~64~~65 |
| 5.9 | Cancellation of Liens and Guaranties | ~~65~~67 |
| 5.10 | Exit Facility | ~~65~~67 |
| 5.11 | Equity Incentive Plan | ~~66~~67 |
| 5.12 | Sources of Cash for Initial Bridge Lender Plan Distributions | ~~66~~67 |
| 5.13 | Additional Transactions Authorized Under the Bridge Lender Plan | ~~66~~68 |
| 5.14 | Put Option | ~~66~~68 |
| 5.15 | Settlement of Claims and Controversies | ~~68~~69 |
| 5.16 | Preservation of Rights of Action and Settlement of Litigation Claims | ~~71~~72 |
| 5.17 | FCC Applications | ~~71~~73 |
| 5.18 | Litigation Trust | ~~71~~73 |
| 5.19 | Creditors' Trust. | ~~75~~77 |
| ARTICLE 6 | TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES | ~~81~~83 |
| 6.1 | Assumption and Rejection of Executory Contracts and Unexpired Leases | ~~81~~83 |
| 6.2 | Cure of Defaults of Assumed Executory Contracts and Unexpired Leases | ~~82~~84 |
| 6.3 | Assumption of Executory Contracts and Unexpired Leases | ~~82~~84 |
| 6.4 | Rejection Damages Bar Date | ~~83~~85 |
| 6.5 | Compensation and Benefit Programs | ~~83~~85 |
| 6.6 | Collective Bargaining Agreements | ~~83~~85 |
| 6.7 | Postpetition Contracts and Leases | ~~83~~86 |
| 6.8 | Termination of ESOP | ~~84~~86 |
| 6.9 | Insurance Policies. | 86 |
| ARTICLE 7 | PROVISIONS GOVERNING DISTRIBUTIONS | ~~84~~87 |
| 7.1 | General | ~~84~~87 |
| 7.2 | Disputed Claims Reserves | ~~84~~87 |
| 7.3 | Special Provisions Governing Distributions to Holders of Senior Loan Claims and Senior Loan Guaranty Claims | ~~86~~88 |
| 7.4 | Interest on Claims | ~~86~~89 |
| 7.5 | Distributions by Disbursing Agent/Distribution Trustee/Creditors' Trustee | ~~86~~89 |
| 7.6 | Delivery of Distributions and Undeliverable or Unclaimed Distributions | ~~86~~89 |
| 7.7 | Record Date for Distributions | ~~87~~90 |
| 7.8 | Allocation of Bridge Lender Plan Distributions Between Principal and Interest | ~~88~~91 |
| 7.9 | Means of Cash Payment | ~~88~~91 |
| 7.10 | Withholding and Reporting Requirements | ~~89~~91 |
| 7.11 | Setoffs | ~~90~~93 |
| 7.12 | Fractional Shares/Fractional Distribution Trust Interests/Fractional Creditors' Trust Interests | ~~90~~93 |
| 7.13 | *De Minimis* Distributions | ~~91~~93 |
| 7.14 | Special Provision Regarding Unimpaired Claims | ~~91~~93 |
| 7.15 | Subordination | ~~91~~94 |

MIAMI 889648 (2K)

| | | | |
|---|---|---|---|
| | 7.16 | Distribution Trust | ~~91~~94 |
| ARTICLE 8 | | PROVISIONS FOR RESOLVING DISPUTED CLAIMS AND DISPUTED INTERESTS | ~~97~~100 |
| | 8.1 | Objections to and Estimation of Claims | ~~97~~100 |
| | 8.2 | Payments and Distributions on Disputed, Contingent and Unliquidated Claims and Interests and on Claims for Which Proofs of Claim are Filed | ~~98~~101 |
| ARTICLE 9 | | PAYMENT AND FILING OF PROFESSIONAL FEE CLAIMS | ~~98~~101 |
| | 9.1 | Payment of Proponents Fee/Expense Claims | ~~98~~101 |
| | 9.2 | Bar Date for Payment or Reimbursement of Professional Fees and Expenses and Claims for Substantial Contribution | ~~99~~101 |
| ARTICLE 10 | | CONFIRMATION AND CONSUMMATION OF THE BRIDGE LENDER PLAN | ~~100~~102 |
| | 10.1 | Conditions to Effective Date | ~~100~~102 |
| | 10.2 | Waiver of Conditions | ~~101~~104 |
| | 10.3 | Consequences if Confirmation Order is Vacated | ~~101~~104 |
| ARTICLE 11 | | INJUNCTIONS, RELEASES AND DISCHARGE | ~~101~~104 |
| | 11.1 | Discharge | ~~101~~104 |
| | 11.2 | Releases | ~~102~~105 |
| | 11.3 | <u>Obligations of the Guarantor Non-Debtors as a Condition to the Release of Guarantor Non-Debtors from Loan Guaranty Claims and Bridge Loan Guaranty Claims</u> | 107 |
| | <u>11.4</u> | Disallowed Claims and Disallowed Interests | ~~104~~107 |
| | ~~11.4~~<u>11.5</u> | Term of Bankruptcy Injunction or Stays | ~~105~~108 |
| | ~~11.5~~<u>11.6</u> | Exculpation | ~~105~~108 |
| ARTICLE 12 | | RETENTION/RELEASE OF JURISDICTION | ~~105~~108 |
| | 12.1 | Retention of Jurisdiction | ~~105~~108 |
| | 12.2 | Release of Jurisdiction | ~~107~~110 |
| ARTICLE 13 | | MISCELLANEOUS | ~~107~~110 |
| | 13.1 | Surrender of Instruments | ~~107~~110 |
| | 13.2 | Creditors' Committee | ~~108~~111 |
| | 13.3 | Post-Confirmation Date Retention of Professionals | ~~108~~111 |
| | 13.4 | Effectuating Documents and Further Transactions | ~~108~~111 |
| | 13.5 | Exemption from Transfer Taxes | ~~108~~111 |
| | 13.6 | Paid-in Capital of Corporate Reorganized Debtors | ~~108~~111 |
| | 13.7 | Payment of Statutory Fees | ~~109~~112 |
| | 13.8 | Amendment or Modification of the Bridge Lender Plan | ~~109~~112 |
| | 13.9 | Withdrawal of Proponents | ~~109~~112 |
| | 13.10 | Severability of Bridge Lender Plan Provisions | ~~109~~112 |
| | 13.11 | Successors and Assigns | ~~110~~113 |
| | 13.12 | Revocation, Withdrawal or Non-Consummation | ~~110~~113 |
| | 13.13 | Notice | ~~110~~113 |

| | | |
|---|---|---|
| 13.14 | Governing Law | ~~111~~114 |
| 13.15 | Tax Reporting and Compliance | ~~111~~114 |
| 13.16 | Reservation of Rights | ~~111~~114 |
| 13.17 | Notice of the Effective Date | ~~112~~115 |

MIAMI 889648 (2K)

                Class 1I Distribution Trust Interests will be distributed pursuant to the subordination provisions of the PHONES Notes, Pro Rata to (x) the Holders of Senior Noteholder Claims and (y) the other potential beneficiaries of the PHONES Notes subordination, upon a determination of the allowance of the Claims of such potential beneficiaries and the enforceability of the subordination provisions vis-à-vis avoided or equitably subordinated debt (pending such determination, the allocable share of such distributions shall be deposited in the Distribution Trust Reserve.  The distributions in respect of the Class 1I Creditors' Trust Interests will be distributed in accordance with the subordination provisions of the PHONES Notes Indenture to the extent that such provisions are deemed applicable pursuant to the Creditors' Trust Distribution Orders, such that in the event such subordination provisions are deemed to be applicable, distributions on account of the Class 1I Creditors' Trust Interests will be distributed pursuant to the subordination provisions of the PHONES Notes, Pro Rata to (i) the Holders of Senior Noteholder Claims and (ii) the other potential beneficiaries of the PHONES Notes subordination, upon a determination of the Allowance of the Claims of such potential beneficiaries and the enforceability of the subordination provisions vis-à-vis avoided or equitably subordinated debt (pending such determination, the allocable share of such distributions shall be deposited in the Distribution Trust Reserve or CT Reserve).

        (d)    Voting:  Claims in Class 1I are Impaired, and Holders of Class 1I Claims are entitled to vote to accept or reject the Bridge Lender Plan.

    3.2.10    <u>Class 1J - Intercompany Claims</u>.

        (a)    Classification:  Class 1J consists of all Intercompany Claims against Tribune.

        (b)    Treatment:  In connection with the Plan Settlements, the Intercompany Claims shall be Allowed Claims against Tribune in the aggregate amount of $31.329 billion (subject to enforcement of the Intercompany Claims Subordination Provision); <u>provided</u> that if the Intercompany Claims Subordination Provision is not enforced by the Bankruptcy Court, all Intercompany Claims shall be subject to adjudication at Confirmation; <u>provided further</u> that the Intercompany Claims may otherwise be Reinstated, discharged or otherwise satisfied in accordance with the terms of the Confirmation Order and/or the Litigation Distribution Orders as required by the applicable Trust structure.

        (c)    Voting:  Claims in Class 1J are ~~Impaired; however~~<ins>Unimpaired, and thus</ins>, pursuant to Section 4.3 of the Bridge Lender Plan, ~~votes shall not be solicited from~~ Holders of ~~Intercompany~~ Claims<ins> in Class 1J will be deemed to accept the Bridge Lender Plan and are, therefore, not entitled to vote to accept or reject the Bridge Lender Plan</ins>.

3.3.4      Classes 2D through 49D - Intercompany Claims.

(a)     Classification:  Classes 2D through 49D consist of all Intercompany Claims against the relevant Non-Guarantor Debtors.  The numerical portion of the Class designation corresponds to the applicable Debtor number on Appendix A hereto.

(b)     Treatment:  In connection with the Plan Settlements, the Intercompany Claims shall be Allowed Claims against the relevant Non-Guarantor Debtors in the aggregate amount of $22.274 billion (subject to enforcement of the Intercompany Claims Subordination Provision); provided that if the Intercompany Claims Subordination Provision is not enforced by the Bankruptcy Court, all Intercompany Claims shall be subject to adjudication at Confirmation; provided further that the Intercompany Claims may otherwise be Reinstated, discharged or otherwise satisfied in accordance with the terms of the Confirmation Order and/or the Litigation Distribution Orders as required by the applicable Trust structure.

(c)     Voting:  Claims in Classes 2D through 49D are ~~Impaired; however~~Unimpaired, and thus, pursuant to Section 4.3 of the Bridge Lender Plan, ~~votes shall not be solicited from~~ Holders of ~~Intercompany~~ Claims in Classes 2D through 49D will be deemed to accept the Bridge Lender Plan and are, therefore, not entitled to vote to accept or reject the Bridge Lender Plan.

3.3.5      Classes 2E through 49E - Interests in Non-Guarantor Debtors.

(a)     Classification:  Classes 2E through 49E consist of all Interests in the Non-Guarantor Debtors.  The numerical portion of the Class designation corresponds to the applicable Debtor number on Appendix A hereto.

(b)     Treatment:  Subject to Section 5.2 of the Bridge Lender Plan, each Holder of an Allowed Interest in the Non-Guarantor Debtors shall have its Interest Reinstated for administrative convenience.

(c)     Voting:  Allowed Interests in Classes 2E through 49E are conclusively deemed to have accepted the Bridge Lender Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, Holders of Interests in Classes 2E through 49E are not entitled to vote to accept or reject the Bridge Lender Plan.

3.4     Classification and Treatment of Claims Against and Interests in Guarantor Debtors (Debtors 50 through 111).

3.4.1      Classes 50A through 111A - Priority Non-Tax Claims.

(a)     Classification:  Classes 50A through 111A consist of all Priority Non-Tax Claims against the relevant Guarantor Debtors.  The numerical portion of the Class designation corresponds to the applicable Debtor number on Appendix A hereto.

(b)     Treatment:  Each Holder of an Allowed Priority Non-Tax Claim against a Guarantor Debtor shall have such Claim Reinstated.

48

Allowed Other Guarantor Debtor Claims against the Guarantor Debtors, each Holder of an Allowed Other Guarantor Debtor Claim shall receive either:

> (x) the treatment provided to it under the applicable Plan Settlements (if accepted approved by the Bankruptcy Court); or

> (y) if the applicable Plan Settlements are not accepted and approved by the Bankruptcy Court, its Pro Rata share of (i) the Other Guarantor Debtor Claims Initial Distribution, and (ii) the Class 50F through 111F Distribution Trust Interests, as applicable; <u>provided</u>, <u>however</u>, that to the extent the applicable Other Guarantor Debtor Claims Class votes to accept the Bridge Lender Plan and such Holder of an Other Guarantor Debtor Claim that is Allowed as of the Voting Deadline exercises the Other Guarantor Debtor Claims Put Option on its Ballot, subject to the Other Guarantor Debtor Purchase Price Cap, such Holder shall receive the Other Guarantor Claim Purchase Price in exchange for its Allowed Other Guarantor Debtor Claim and the Claims Purchaser, in its capacity as transferee of such Other Guarantor Debtor Claim, shall receive the Pro Rata share allocable to such Claim of the Other Guarantor Debtor Claims Initial Distribution and the Class 50F through 111F Distribution Trust Interests, as applicable. For the avoidance of doubt, the Other Guarantor Debtor Claims Put Option shall only be exercisable by Holders whose Other Guarantor Debtor Claims are Allowed as of the Voting Deadline.

(d) Voting: Claims in Classes 50F through 111F are Impaired, and Holders of Claims in Classes 50F through 111F are entitled to vote to accept or reject the Bridge Lender Plan against the relevant Debtors.

3.4.7    <u>Classes 50G through 111G - Intercompany Claims</u>.

(a) Classification: Classes 50G through 111G consist of all Intercompany Claims against the relevant Guarantor Debtors. The numerical portion of the Class designation corresponds to the applicable Debtor number on <u>Appendix A</u> hereto.

(b) Treatment: In connection with the Plan Settlements, the Intercompany Claims shall be Allowed Claims against the relevant Guarantor Debtors in the aggregate amount of $25.268 billion (subject to enforcement of the Intercompany Claims Subordination Provision); <u>provided</u> that if the Intercompany Claims Subordination Provision is not enforced by the Bankruptcy Court, all Intercompany Claims shall be subject to adjudication at Confirmation; <u>provided</u> <u>further</u> that the Intercompany Claims may otherwise be Reinstated, discharged or otherwise satisfied in accordance with the terms of the Confirmation Order and/or the Litigation Distribution Orders as required by the applicable Trust structure.

(c) Voting: Claims in Classes 50G through 111G are ~~Impaired; however~~<u>Unimpaired, and thus</u>, pursuant to Section 4.3 of the Bridge Lender Plan, ~~votes shall not~~

53

~~be solicited from~~ Holders of ~~Intercompany~~ Claims in Classes 50G through 111G will be deemed to accept the Bridge Lender Plan and are, therefore, not entitled to vote to accept or reject the Bridge Lender Plan.

  3.4.8  <u>Classes 50H through 111H - Interests in Guarantor Debtors</u>.

    (a)  Classification: Classes 50I through 111I consist of all Interests in the Guarantor Debtors.  The numerical portion of the Class designation corresponds to the applicable Debtor number on <u>Appendix A</u> hereto.

    (b)  Treatment:  Subject to Section 5.2 of the Bridge Lender Plan, each Holder of an Allowed Interest in the Guarantor Debtors shall have its Interest Reinstated for administrative convenience.

    (c)  Voting:  Allowed Interests in Classes 50I through 111I are conclusively deemed to have accepted the Bridge Lender Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, Holders of Interests in Classes 50I through 111I are not entitled to vote to accept or reject the Bridge Lender Plan.

3.5  <u>Prepackaged Plans for and Treatment of Claims Against and Interests in Subsidiary Non-Debtors that Become Debtors</u>.

  3.5.1  <u>Prepackaged Plan</u>.  The Bridge Lender Plan constitutes a Prepackaged Plan for the Subsidiary Non-Debtors, if any, that commence Chapter 11 Cases.  For any Subsidiary Non-Debtor that commences a Chapter 11 Case, such Prepackaged Plan shall classify Allowed Claims and Interests in the same manner as set forth in Section 3.3 or 3.4, as applicable above for the Guarantor Debtors or Non-Guarantor Debtors.

  3.5.2  <u>Unimpaired Claims and Interests</u>.  Except for Loan Guaranty Claims (to the extent applicable) and Intercompany Claims, each Holder of an Allowed Claim against or Interest in a Subsidiary Non-Debtor that becomes a Debtor shall have its Claim or Interest Reinstated.  In addition, except for Loan Guaranty Claims (to the extent applicable), Allowed Claims against and Interests in any Subsidiary Non-Debtor that becomes a Debtor are Unimpaired, and the Holders of such Claims and Interests are conclusively deemed to have accepted the Prepackaged Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of such Claims and Interests are not entitled to vote to accept or reject the relevant Prepackaged Plan.  All executory contracts and unexpired leases of the Subsidiary Non-Debtors that become Debtors shall be deemed assumed unless expressly rejected in accordance with Section 6.  Joint venture agreements, stockholder agreements, limited liability company agreements, limited liability partnership agreements, limited partnership agreements, general partnership agreements and any other agreements or arrangements related to the foregoing shall continue in accordance with their terms and shall remain in full force and effect and the parties' rights thereunder shall not be modified by the relevant Prepackaged Plan.

  3.5.3  <u>Loan Guaranty Claims</u>.

    (a)  <u>Step One Senior Loan Guaranty Claims</u>.  On the applicable Distribution Date, each Holder of a Step One Senior Loan Guaranty Claim against a Guarantor

54

such Bridge Lender Plan, and (b) more than one-half in number of such Allowed Claims actually voting in such Class have voted to accept the Bridge Lender Plan.

4.3     Deemed Acceptance by Holders of Intercompany Claims.

The Bridge Lender Plan provides that the Holders of Intercompany Claims~~, as insiders of the Debtors, shall not be entitled to vote on the Bridge Lender Plan~~ are deemed to accept because their Claims are Allowed and Unimpaired.  Accordingly, votes on the Bridge Lender Plan shall not be solicited from the Holders of such Claims.

4.4     Presumed Acceptances by Unimpaired Classes.

Classes of Claims or Interests designated as Unimpaired are conclusively presumed to have voted to accept the Bridge Lender Plan pursuant to section 1126(f) of the Bankruptcy Code, and the votes of the Holders of such Claims or Interests will not be solicited.

4.5     Presumed Rejection of the Bridge Lender Plan.

Impaired Classes of Claims or Interests that do not receive or retain property under the Bridge Lender Plan~~, including Intercompany Claims,~~ are conclusively presumed to have voted to reject the Bridge Lender Plan pursuant to section 1126(g) of the Bankruptcy Code, and the votes of Holders of such Claims or Interests will not be solicited.

4.6     Confirmability and Severability of the Bridge Lender Plan.

4.6.1     Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.  Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of Confirmation by acceptance of the Bridge Lender Plan by an Impaired Class of Claims.  The Proponents shall seek Confirmation of the Bridge Lender Plan pursuant to section 1129(b) of the Bankruptcy Code with respect to any rejecting Class of Claims or Interests.

4.6.2     Cramdown.  With respect to any Impaired Class of Claims or Interests that fails to accept the Bridge Lender Plan in accordance with section 1129(a) of the Bankruptcy Code, the Proponents request that the Bankruptcy Court confirm the Bridge Lender Plan in accordance with section 1129(b) of the Bankruptcy Code with respect to such non-accepting Classes, in which case or cases, the Bridge Lender Plan shall constitute a motion for such relief.

4.6.3     Reservation of Rights.  Subject to Section 13.9 of the Bridge Lender Plan, the Proponents reserve the right to modify or withdraw the Bridge Lender Plan, in its entirety or in part, for any reason, including, without limitation, in the event that the Bridge Lender Plan as it applies to any particular Debtor is not confirmed.  In addition, and also subject to Section 13.9 of the Bridge Lender Plan, should the Bridge Lender Plan fail to be accepted by the requisite number and amount of Claims and Interests voting, as required to satisfy section 1129 of the Bankruptcy Code, and notwithstanding any other provision of the Bridge Lender Plan to the contrary, the Proponents reserve the right to reclassify Claims or Interests or otherwise amend, modify or withdraw the Bridge Lender Plan in its entirety or in part.

Sections 5.18.8 and 7.16.8 of the Bridge Lender Plan and other matters, (f) the procedures for changing an address of record pursuant to Section 7.6.2 of the Bridge Lender Plan and (g) such other matters as the Reorganized Debtors deem to be appropriate.

Dated:  ~~November 23,~~December 1, 2010

                                      KING STREET ACQUISITION COMPANY, L.L.C.

                                      By: _____
                                          Name: _____
                                          Title:   _____

                                      KING STREET CAPITAL, L.P.

                                      By: _____
                                          Name: _____
                                          Title:   _____

                                      MARATHON ASSET MANAGEMENT, L.P.

                                      By: _____
                                          Name: _____
                                          Title:   _____

MIAMI 889648 (2K)