**<u>EXHIBIT 2</u>**


**CLEAN AND BLACK LINE BALLOTS AND INSTRUCTIONS**

**Exhibit A**

**Clean Version of Ballots and Instructions**

**<u>Exhibit A-1</u>**

**Debtors/Committee/Lender Ballots and Instructions**

**<u>Senior Loan Claims/Senior Guaranty Claims – Debtor/Committee/Lender Plan</u>**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in the Instructions

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Senior Loan Claims (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtor/Committee/Lender Plan jointly on this Debtor/Committee/Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims.

**Pre-Packaged Plan.** The Debtor/Committee/Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Debtor/Committee/Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and Senior Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Senior Loan Claim and Senior Guaranty Claims set forth above hereby votes

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one

with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐    The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐    The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  With respect to your Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the

---

hand, and the holders of Loan Guaranty Claims, on the other hand (the "<u>Guarantor Non-Debtor Release</u>") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Debtor/Committee/Lender Plan.  The Joint Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐ The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.   CERTIFICATION. By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Senior Loan Claim and Senior Guaranty Claims identified in Item 1 certifies that it:

a.   is the Holder of the Senior Loan Claim and Senior Guaranty Claims to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.   has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Senior Loan Claims and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)
Title:_____
(If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

4

      This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

      **IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Bridge Loan Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1D Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM. The undersigned certifies that as of [ ], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2] The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| □ to ACCEPT the Debtor/Committee/Lender Plan | □ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Debtor/Committee/Lender Plan. The Joint Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.  ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐  The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.  CERTIFICATION.  By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

a.  is the Holder of the Bridge Loan Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.  has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the

Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Bridge Loan Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
             (Print or Type)

Signature:_____

By:_____
             (If Appropriate)

Title:_____
             (If Appropriate)

Street Address:_____

             _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtors/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([            ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED**

**MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT
<u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS
DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR
DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT
COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING
ADDRESS:**

| If By Mail: | If By Personal Delivery or Overnight Courier: |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>**Other Parent Claims – Debtor/Committee/Lender Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Debtor/Committee/Lender Plan</u>"). Capitalized terms not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.  AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.  CONVENIENCE CLASS ELECTION (OPTIONAL). Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

☐ The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

ITEM 2.  VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2] The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

    ☐   The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 2B.   ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL).  Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim.  If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

    ☐   The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for the Other Parent Claim voted herein.

ITEM 3.   RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

    ☐   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

    ☐   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL). The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.  **If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan in Item 2B above, this election does not apply to you.**

    ☐   The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a. is the Holder of the Other Parent Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b. has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c. has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

        _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE
> ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M.
> EASTERN TIME ON THE VOTING DEADLINE ([       ]), OR YOUR VOTE
> WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE
> DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT
> BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED
> BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE
> COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.

IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER
PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED
AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL
COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED
MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT
TRIBUNEVOTE@EPIQSYSTEMS.COM.

YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS
DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR
DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT
COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING
ADDRESS:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**EGI-TRB LLC Notes Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Debtor/Committee/Lender Plan</u>"). Capitalized terms not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9477); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1I Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [ ], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| □ to ACCEPT the Debtor/Committee/Lender Plan | □ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

□    The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐  The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.    is the Holder of the EGI-TRB LLC Notes Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.    has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                           **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**General Unsecured Claims against Filed Subsidiary Debtors – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your General Unsecured Claims (Class [2E – 111E] Claims against the Filed Subsidiary Debtors).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.

Debtor _____

Class _____

$ _____

**The preprinted amount and classification of your Claim as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

Plans you accept. If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐    The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above and elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐    The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    CERTIFICATION. By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.    has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the General Unsecured Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtors/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**
Tribune Company Ballot Processing Center

**If By Personal Delivery or Overnight Courier:**
Tribune Company Ballot Processing Center

c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**INSTRUCTIONS FOR COMPLETING THE DEBTOR/COMMITTEE/LENDER PLAN BALLOT TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR <u>TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>)**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE <u>BLUE</u> BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.  PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE DEBTOR/COMMITTEE/LENDER PLAN WILL BE COUNTED.**

> **Why You Have Received a Debtor/Committee/Lender Plan Ballot.**  You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") that is entitled to vote to accept or reject the First Amended

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan").[2] The Debtor/Committee/Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Debtor/Committee/Lender Plan and to make certain elections under that Plan. You have accordingly been sent a blue ballot (the "Debtor/Committee/Lender Plan Ballot") to allow you to vote on the Debtor/Committee/Lender Plan and, if applicable, make elections available under the Debtor/Committee/Lender Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Debtor/Committee/Lender Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the blue ballot to accept or reject the Debtor/Committee/Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Debtor/Committee/Lender Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Debtor/Committee/Lender Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court, dated [_____], (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Debtor/Committee/Lender Plan or the General Disclosure Statement, as applicable.

CHI 5558556v.3

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Debtor/Committee/Lender Plan Ballots.** You must complete, sign and date your Debtor/Committee/Lender Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is _actually_ received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail your Debtor/Committee/Lender Plan Ballots directly to the Debtors or to any of the Proponents of the Debtor/Committee/Lender Plan. If you do not return your Debtor/Committee/Lender Plan Ballot so that it is actually received by the Voting Deadline, the votes reflected on your Debtor/Committee/Lender Plan Ballot will not be counted, and the elections reflected on your Debtor/Committee/Lender Plan Ballot will not be valid.

**How to Complete Your Debtor/Committee/Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Debtor/Committee/Lender Plan Ballot for voting on the Debtor/Committee/Lender Plan and making the elections called for thereunder:

a.    Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [        ], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Debtor/Committee/Lender Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Debtor/Committee/Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 1A: **Convenience Class Election (Optional).**

_Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will not contain the Convenience Class Election described here. If your Debtor/Committee/Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 1A and move on to Item 2 below._

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Debtor/Committee/Lender Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Debtor/Committee/Lender Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Debtor/Committee/Lender Plan will not be counted; and (d) you will be deemed to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

c.    Item 2: **Vote to Accept or Reject the Debtor/Committee/Lender Plan.**

Please cast your vote to accept or reject the Debtor/Committee/Lender Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Debtor/Committee/Lender Plan will be tabulated solely as a vote to accept or reject the that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Debtor/Committee/Lender

3

Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Debtor/Committee/Lender Plan.

Please be aware that a vote to accept the Debtor/Committee/Lender Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, unless you elect not to grant such releases by checking the appropriate box on the ballot.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box on your Debtor/Committee/Lender Plan Ballot.  The Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtor/Committee/Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan).

For Holders of Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan.

d.    Item 2A:  **Election to Prefer the Debtor/Committee/Lender Plan.**

You have the option to accept more than one of the Plans.  If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted.  If you have accepted more than one Plan and wish to designate the Debtor/Committee/Lender Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Debtor/Committee/Lender Plan Ballot.  Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

e.    Item 2B:  **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will not contain the Treatment Election described here.  If your Debtor/Committee/Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 2B and move on to Item 3 below.*

4

The Debtor/Committee/Lender Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.6(c) of the Debtor/Committee/Lender Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim. If you do not submit a Debtor/Committee/Lender Plan Ballot, or submit a Debtor/Committee/Lender Plan Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim.

If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those Holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

     f.     <u>Item 3</u>:  **Releases (Optional).**

If you vote to accept the Debtor/Committee/Lender Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Debtor/Committee/Lender Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt in to granting those releases. If you do not return a Debtor/Committee/Lender Plan Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

If you voted to accept the Debtor/Committee/Lender Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Debtor/Committee/Lender Plan but wish to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Debtor/Committee/Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Debtor/Committee/Lender Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan to the fullest extent permitted by applicable law. **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will <u>not</u> receive the benefit of the releases set forth in the Debtor/Committee/Lender Plan.**

     g.     <u>Item 4</u>:  **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 4 applies <u>only</u> to the Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Debtor/Committee/Lender Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

Section 14.3.1 of the Debtor/Committee/Lender Plan provides as a default that Holders of certain Claims, including Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Debtor/Committee/Lender Plan. You have the right to opt out of this transfer

under Section 14.3.1 of the Debtor/Committee/Lender Plan. If a Holder of any such Claim wishes to opt out of this transfer, it must check the box in Item 4. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 4 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.2 of the Debtor/Committee/Lender Plan, to have, as of the Effective Date of the Debtor/Committee/Lender Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Debtor/Committee/Lender Plan Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

h.    <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Debtor/Committee/Lender Plan Ballot for your votes on the Debtor/Committee/Lender Plan and your elections under the Debtor/Committee/Lender Plan to count. In addition, in Item 5, if you are completing the Debtor/Committee/Lender Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Debtor/Committee/Lender Plan Ballot.

**Returning Your Debtor/Committee/Lender Plan Ballot.** Once you have completed your Debtor/Committee/Lender Plan Ballot in accordance with the foregoing instructions, please return the completed Debtor/Committee/Lender Plan Ballot to the Voting Agent at the appropriate address specified in your Debtor/Committee/Lender Plan Ballot so that the Debtor/Committee/Lender Plan Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Voting Deadline.

Debtor/Committee/Lender Plan Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Debtor/Committee/Lender Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Debtor/Committee/Lender Plan Ballot will <u>not</u> be counted.

After the Voting Deadline, unless you obtain the prior consent of the Proponents of the Debtor/Committee/Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Debtor/Committee/Lender Plan Ballot in any way, (ii) change your vote to accept or reject the Debtor/Committee/Lender Plan, (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

CHI 5558556v.3

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the Proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **[January [  ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Proponents of each of the Plans have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. **[February [  ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.**  You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan").  Ballots that were used in voting to accept or reject the Prior Plan are no longer valid.  If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans.  If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.**  If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com.  Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Debtor/Committee/Lender Plan Ballot is Not a Proof of Claim or Interest.**  The Debtor/Committee/Lender Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Debtors/Committee/Lender Plan of the nature, validity, or amount of any Claim or Interest.

**Exhibit A-2**

**Noteholder Plan Ballots and Instructions**

**Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

This Noteholder Plan Ballot is only to be used for voting your Step One Senior Loan Claims (Class 1C Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and Step One Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

2

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step One Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step One Senior Loan Claim voted on this Noteholder Plan Ballot.\*\*

*\*\* The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step One Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step One Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step One Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.   CERTIFICATION.  By signing this Noteholder Plan Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.   is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.   has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.   has not submitted any other Noteholder Plan Ballots on account of the Step One Senior Loan Claim and/or Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:   _____

3

(Print or Type)

Signature:_____

By:_____
         (If Appropriate)
Title:_____
         (If Appropriate)

Street Address:_____

          _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

       This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

The Noteholder Plan Ballot is only to be used for voting your Step Two Senior Loan Claims (Class 1D Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and Step Two Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

2

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   [Intentionally Omitted.]

ITEM 4.   NON-CONTRIBUTION ELECTION (OPTIONAL). With respect to your Step Two Senior Loan Claim (Class 1D Claims against Tribune Company) *only,* the Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step Two Senior Loan Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step Two Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step Two Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step Two Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.   CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.   is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.   has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.   has not submitted any other Noteholder Plan Ballots on account of the Step Two Senior Loan Claims and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)
Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([       ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor

New York, NY 10150-5014                    New York, NY 10017

**Bridge Loan Claims and Bridge Loan Guaranty Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan").  Capitalized

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

This Noteholder Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1E Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50E – 111E against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Bridge Loan Claims and Bridge Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Bridge Loan Claims and Bridge Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for under the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY CLAIMS. The undersigned certifies that as of [          ], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

2

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Bridge Loan Claim (Class 1E Claim against Tribune Company) *only,* the Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Bridge Loan Claim voted on this Noteholder Plan Ballot.**

** *The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Bridge Loan Claim, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Bridge Loan Claim and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.*  **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Bridge Loan Claim to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claim.**

ITEM 5.    CERTIFICATION.  By signing this Noteholder Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.    has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.    has not submitted any other Noteholder Plan Ballots on account of the Bridge Loan Claim and/or Bridge Loan Guaranty Claims that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

3

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Other Parent Claims – Noteholder Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan").  Capitalized

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

This Noteholder Plan Ballot is only to be used for voting your Other Parent Claims (Class 1G Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    OTHER PARENT CLAIMS PUT ELECTION (OPTIONAL).

The Noteholder Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option, which is an election to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box below in this Item 3 and (ii) may not exercise the Non-Contribution Election in Item 4 below.

☐    I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Noteholder Plan permits you to exercise the*

*Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan. By making the Other Parent Claims Put Election, you are electing to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim; provided, however, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.*

*If you make the Other Parent Claims Put Election, subject to the Other Parent Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Parent Claim, including no Trust Interests or distributions from the Distribution Trust or Creditors' Trust, if applicable. Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Parent Claim will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) you make the "Other Parent Claims Put Election" on your ballot; and (iii) you do not make the Non-Contribution Election on your ballot. Please also note that your Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Parent Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to **opt out** of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Other Parent Claim voted on this Noteholder Plan Ballot.**

*\*\*The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Other Parent Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Other Parent Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Other Parent Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

3

***PLEASE NOTE THAT YOU CANNOT MAKE THE NON-CONTRIBUTION ELECTION
IF YOU WISH TO ELECT THE OTHER PARENT CLAIMS PUT OPTION.***

ITEM 5.    CERTIFICATION.  By signing this Noteholder Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

    b.   has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the Other Parent Claims voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

4

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([   ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

**EGI-TRB LLC Notes Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

      This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity As Successor Indenture Trustee For Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1H Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM. The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the EGI-TRB LLC Notes Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold*

2

*or may hold in the future in connection with your EGI-TRB LLC Notes Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your EGI-TRB LLC Notes Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your EGI-TRB LLC Notes Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a.   is the Holder of the EGI-TRB LLC Notes Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

    b.   has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

        _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

Subordinated Securities Claims – Noteholder Plan

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder Plan Ballot is only to be used for voting your Subordinated Securities Claims (Class 1K Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF SUBORDINATED SECURITIES CLAIM. The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Subordinated Securities Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Subordinated Securities Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Subordinated Securities Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution*

2

*Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Subordinated Securities Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Subordinated Securities Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    **CERTIFICATION.**  By signing this Noteholder Plan Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Subordinated Securities Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.   has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the Subordinated Securities Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

3

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Other Guarantor Debtor Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTEHOLDER PLAN BALLOT FOR HOLDERS OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder Plan Ballot is only to be used for voting your Other Guarantor Debtor Claims (Classes 50G – 111G Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS.  The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount of your Claim and its classification as set forth above control for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN.  The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   OTHER GUARANTOR DEBTOR CLAIMS PUT ELECTION (OPTIONAL).  The Noteholder Plan, at Section 3.4.6(c), permits you to exercise the Other Guarantor Debtor Claims Put Option, which is an election to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim.  If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the box below in this Item 3.

☐ I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 3.4.6(c) of the Noteholder Plan with respect to the Other Guarantor Debtor Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims.  Section 3.4.6(c) of the Noteholder Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan.  By making the Other Guarantor Debtor Claims Put Election, you are*

2

*electing to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim; provided, however, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase the Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Guarantor Debtor Put Claims, rounded to the nearest whole dollar, at the Other Guarantor Debtor Claims Purchase Price and the remaining share of the Other Guarantor Debtor Put Claims shall receive their pro rata portion of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the Other Guarantor Debtor Put Claims.*

*If you make the Other Guarantor Debtor Claims Put Election, subject to the Other Guarantor Debtor Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Guarantor Debtor Claim, including no further distributions from the Distribution Trust.  Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Guarantor Debtor Claim will be purchased only if the following conditions are satisfied:  (i) the applicable Other Guarantor Debtor Claims Class votes to accept the Noteholder Plan and (ii) you make the "Other Guarantor Debtor Claims Put Election" on your Noteholder Plan Ballot.  Please also note that your Other Guarantor Debtor Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective.  If you do not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    CERTIFICATION.  By signing this Noteholder Plan Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Other Guarantor Debtor Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.    has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.    has not submitted any other Noteholder Plan Ballots on account of the Other Guarantor Debtor Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots related to the Noteholder Plan were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([   ]) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

**DRAFT – NOVEMBER 29, 2010**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING THE NOTEHOLDER PLAN BALLOT TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE PURPLE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE NOTEHOLDER PLAN.  PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE NOTEHOLDER PLAN WILL BE COUNTED.**

**Why You Have Received a Noteholder Plan Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the Joint Plan of Reorganization for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan").[2] The Noteholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Noteholder Plan and to make certain elections under that Plan. You have accordingly been sent a purple ballot (the "Noteholder Plan Ballot") to allow you to vote on the Noteholder Plan and, if applicable, make elections available under the Noteholder Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Noteholder Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the purple ballot to accept or reject the Noteholder Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Noteholder Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Noteholder Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Noteholder Plan or the General Disclosure Statement, as applicable.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Noteholder Plan Ballots.** You must complete, sign and date your Noteholder Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail your Noteholder Plan Ballot directly to the Debtors or to any of the Proponents of the Noteholder Plan. If you do not return your Noteholder Plan Ballot so that it is actually received by the Voting Deadline, the votes reflected on your Noteholder Plan Ballot will not be counted, and the elections reflected on your Noteholder Plan Ballot will not be valid.

**How to Complete Your Noteholder Plan Ballot.** The following are step-by-step instructions for how to complete your Noteholder Plan Ballot for voting on the Noteholder Plan and making the elections called for thereunder:

a.    Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [          ], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Noteholder Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Noteholder Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Noteholder Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Noteholder Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 2: **Vote to Accept or Reject the Noteholder Plan.**

Please cast your vote to accept or reject the Noteholder Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Noteholder Plan will be tabulated solely as a vote to accept or reject the Noteholder Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Noteholder Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Noteholder Plan.

c.    Item 2A: **Election to Prefer the Noteholder Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Noteholder Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Noteholder Plan Ballot. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

d.    Item 3: **Other Parent Claims Put Election and Other Guarantor Debtor Claims Put Election (Optional).**

*Item 3 applies only to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50G through 111G under the Noteholder Plan. If your Noteholder Plan Ballot does not relate to Claims in those Classes, your Noteholder Plan Ballot will indicate Item 3 has been "[Intentionally Omitted]". If your Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 3, please skip Item 3 and move on to Item 4.*

3

Holders of Other Parent Claims. The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Noteholder Plan permits Holders of Other Parent Claims to exercise the Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan. If a Holder of Other Parent Claims wishes to exercise the Other Parent Claims Put Option, such Holder (i) must check the box in Item 3 of its Noteholder Plan Ballot and (ii) may not exercise the Non-Contribution Election in Item 4. By making the Other Parent Claims Put Election, a Holder of Other Parent Claims is electing to sell its Other Parent Claims to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of its Other Parent Claims; *provided, however,* that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their Pro Rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interest on account of such remaining amount of the Other Parent Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Parent Claims will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) such Holder makes the "Other Parent Claims Put Election" on its Noteholder Plan Ballot; and (iii) such Holder does not make the Non-Contribution Election on its Noteholder Plan Ballot. Please also note that Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Parent Claims does not make the Other Parent Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

Holders of Other Guarantor Debtor Claims. The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Noteholder Plan permits Holders of Other Guarantor Debtor Claims to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan. If a Holder of Other Guarantor Debtor Claims wishes to exercise the Other Guarantor Debtor Claims Put Option, such Holder must check the appropriate box in Item 3 of its Noteholder Plan Ballot. By making the Other Guarantor Debtor Claims Put Election, a Holder of Other Guarantor Debtor Claims is electing to sell its Other Guarantor Debtor Claims to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of its Other Guarantor Debtor Claims; *provided, however,* that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their Pro Rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Guarantor Debtor Claims will be purchased only if the following conditions are satisfied: (i) the Other Guarantor Debtor Claims Class that such Holder's Other Guarantor Debtor Claims are in votes to accept the Noteholder Plan and (ii) such Holder makes the "Other Guarantor Debtor Claims Put Election" on its Noteholder Plan Ballot. Please also note that Other Guarantor Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of

CHI 5559572v.3

Other Guarantor Debtor Claims does not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

      e.     <u>Item 4</u>: **Non-Contribution Election (Optional).**

*Item 4 applies <u>only</u> to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Noteholder Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

Section 5.18.2 of the Noteholder Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Noteholder Plan. Holders of Claims against Tribune Company have the right to opt out of this assignment under Section 5.18.2 of the Noteholder Plan. If a Holder of a Claim against Tribune Company wishes to opt out of this assignment, it must check the box in Item 4. If a Holder of a Claim against Tribune Company checks the Non-Contribution Election box, it will be "opting out" of contributing all State Law Avoidance Claims it now holds or may hold in the future, which State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If a Holder of a Claim against Tribune Company makes the Non-Contribution Election, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not make the Non-Contribution Election, such Holder will be deemed, pursuant to Section 5.18.2 of the Noteholder Plan, to have, as of the Effective Date of the Noteholder Plan, contributed all of such Holder's State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Noteholder Plan Ballot, such Holder will be deemed to have transferred all of its State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 5.18 of the Noteholder Plan.

      f.     <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Noteholder Plan Ballot for your votes on the Noteholder Plan and your elections under the Noteholder Plan to count. In addition, in Item 5, if you are completing the Noteholder Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Noteholder Plan Ballot.

**Returning Your Noteholder Plan Ballot**. Once you have completed your Noteholder Plan Ballot in accordance with the foregoing instructions, please return the completed Noteholder Plan Ballot to the Voting Agent at the appropriate address specified in your Noteholder Plan Ballot so that the Noteholder Plan Ballot is <u>actually received</u> by the Voting Agent before the Voting Deadline.

Noteholder Plan Ballots submitted by facsimile or other electronic transmission will not be counted. In addition, please note that if your Noteholder Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Noteholder Plan Ballot will not be counted.

After the Voting Deadline, unless you obtain the prior consent of the proponents of the Noteholder Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Noteholder Plan Ballot in any way, (ii) change your vote to accept or reject the Noteholder Plan, (iii) change your Plan preference (if applicable), (iv) change your decision to make or not make the Other Parent Claims Put Election and/or the Other Guarantor Debtor Claims Put Option (if applicable), or (v) change your election to transfer your State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Noteholder Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before [_____], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of each of the Plans have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. [_____] has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Noteholder Plan Ballot is Not a Proof of Claim or Interest.** The Noteholder Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of the Noteholder Plan of the nature, validity, or amount of any Claim or Interest.

**<u>Exhibit A-3</u>**

**Step One Plan Ballots and Instructions**

**Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Step One Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9478); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only to be used for voting your Step One Senior Loan Claims (Class 1C(i) Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C(i) – 111C(i) Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Step One Lender Plan jointly on this Step One Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Step One Lender Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Step One Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Step One Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and Step One Senior Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ 

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims set forth above

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any and all agreements

hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐   The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).   With respect to your Step One Senior Loan Claim (Class 1C(i) Claim against Tribune Company) *only*, the Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐ The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

---

and take any and all actions that such Senior Loan Agent deems necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Step One Lender Plan.  The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

a.  is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

b.  has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Step One Lender Plan Ballots on account of the Step One Senior Loan Claims and/or Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)
Title:_____
       (If Appropriate)

Street Address:_____

    _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR**

4

ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.

IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.

YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Step One Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "<u>Step One Lender Plan</u>"). Capitalized terms not defined in this Step One Lender

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (4055); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc., n/k/a Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

This Step One Lender Plan Ballot is only to be used for voting your Step Two Senior Loan Claims (Class 1C(ii) Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50C(ii) – 111C(ii) Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Step One Lender Plan jointly on this Step One Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Step One Lender Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Step One Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Step One Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS STEP ONE PLAN LENDER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE PLAN LENDER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for in the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of [          ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and Step Two Senior Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2] The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of

2

hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).   You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐   The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).   With respect to your Step Two Senior Loan Claim (Class 1C(ii) Claim against Tribune Company) *only*, the Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐   The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

---

Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deems necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Step One Lender Plan.  The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

   Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

ITEM 5.    **CERTIFICATION.** By signing this Step One Lender Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.   is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

    b.   has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

    c.   has not submitted any other Step One Lender Plan Ballots on account of the Step Two Senior Loan Claims and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)
Title:_____
           (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

       This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

4

> YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY
> THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE
> VOTING DEADLINE ([            ]), OR YOUR VOTE WILL NOT BE COUNTED AS
> A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR
> ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS
> SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT
> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.

IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT
OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL
STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT
DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE
CONTACT THE VOTING AGENT AT 888-287-7568 OR AT
TRIBUNEVOTE@EPIQSYSTEMS.COM.

YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE
LENDER  PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN
BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO
THE VOTING AGENT AT THE FOLLOWING ADDRESS:

**If By Mail:**                                    **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center           Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                 c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                         757 Third Avenue, Third Floor
New York, NY 10150-5014                            New York, NY 10017

**Bridge Loan Claims and Bridge Loan Guaranty Claims – Step One Lender Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1D Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for under the Step One Lender Plan, please complete the following:**

ITEM 1.   AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY CLAIMS. The undersigned certifies that as of [           ], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and Bridge Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|
|  |  |

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deems necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Step One Lender Plan.  The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

CHI 5560351v.2                                    2

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan..  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐    The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐    The undersigned has voted to reject the Step One Lender Plan above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐    The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

   a.   is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

   b.   has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

   c.   has not submitted any other Step One Lender Plan Ballots on account of the Bridge Loan Claim and/or Bridge Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if

such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address:_____

           _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

      This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>Other Parent Claims – Step One Lender Plan</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "<u>Step One Lender Plan</u>"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

This Step One Lender Plan Ballot is only to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company). If you hold other Claims against Tribune Company or the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.  CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Step One Lender Plan.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Step One Lender Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

2

ITEM 2B.   ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.7(c)(i) OF THE STEP ONE LENDER PLAN (OPTIONAL). Please check the box below if you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan on account of your Other Parent Claim. If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan, you may not make the election or are deemed to elect in Item 4 below—that election is only relevant for those holders who elect to receive the treatment set forth in Section 3.2.7(c)(i)(B) of the Step One Lender Plan on account of their Other Parent Claims.

☐   The undersigned elects to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan for the Other Parent Claim voted herein.

ITEM 3.   RELEASES (OPTIONAL). If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below. If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐   The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL). The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below. **If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan in Item 2B above, this election does not apply to you.**

☐   The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION. By signing this Step One Lender Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

   a.   is the Holder of the Other Parent Claim to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

   b.   has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure

3

Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

c.   has not submitted any other Step One Lender Plan Ballots on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE**

4

**CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>EGI-TRB LLC Notes Claims – Step One Lender Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "<u>Step One Lender Plan</u>"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

This Step One Lender Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1I Claims against Tribune Company). If you hold other Claims against Tribune Company or the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for under the Step One Lender Plan, please complete the following:**

ITEM 1.   AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

2

applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐  The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐  The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).   The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐  The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

   a.   is the Holder of the EGI-TRB LLC Notes Claim to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

   b.   has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

   c.   has not submitted any other Step One Lender Plan Ballots on account of the EGI-TRB LLC Notes Claims voted herein that are inconsistent with the votes and elections set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)

Title:_____
            (If Appropriate)

3

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>General Unsecured Claims against Filed Subsidiary Debtors – Step One Lender Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Step One Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

This Step One Lender Plan Ballot is only to be used for voting your General Unsecured Claims (Classes 2E – 111E Claims against the Filed Subsidiary Debtors). If you hold other Claims against

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS.  The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount and classification of your Claim as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or any of their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

2

ITEM 3.    RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan..  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3 of the Step One Lender Plan.**

☐  The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐  The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.    [*Intentionally Omitted.*]

ITEM 5.    CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors identified in Item 1 certifies that it:

    a.    is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for in this Step One Lender Plan Ballot;

    b.    has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order, and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

    c.    has not submitted any other Step One Lender Plan Ballots on account of the General Unsecured Claims voted herein that are inconsistent with the votes and elections set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

3

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER  PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5014 New York, NY 10150-5014 | Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions 757 Third Avenue, Third Floor New York, NY 10017 |

4

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING
### STEP ONE LENDER PLAN BALLOT TO ACCEPT OR REJECT THE
### STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE
### STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE YELLOW BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE STEP ONE LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Step One Lender Plan Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the First Amended Plan of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc., n/k/a Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan").[2] The Step One Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Step One Lender Plan and, in some cases, to make certain elections under that Plan. You have accordingly been sent a yellow ballot (the "Step One Lender Plan Ballot") to allow you to vote on the Step One Lender Plan and, if applicable, make elections available under the Step One Lender Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Step One Lender Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the yellow ballot to accept or reject the Step One Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Step One Lender Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Step One Lender Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Step One Lender Plan or the General Disclosure Statement, as applicable.

2

**Deadline for Returning Step One Lender Plan Ballots.** You must complete, sign and date your Step One Lender Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail your Step One Lender Plan Ballots directly to the Debtors or to the Proponents of the Step One Lender Plan. If you do not return your Step One Lender Plan Ballot so that it is actually received by the Voting Deadline, the votes reflected on your Step One Lender Plan Ballot will not be counted, and the elections reflected on your Step One Lender Plan Ballot will not be valid.

**How to Complete Your Step One Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Step One Lender Plan Ballot for voting on the Step One Lender Plan and making the elections called for thereunder:

a.    Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [        ], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Step One Lender Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Step One Lender Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Step One Lender Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Step One Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 1A: **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will not contain the Convenience Class Election described here. If your Step One Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Step One Lender Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Step One Lender Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Step One Lender Plan will not be counted; and (d) you will be deemed to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

c.    Item 2: **Vote to Accept or Reject the Step One Lender Plan.**

Please cast your vote to accept or reject the Step One Lender Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Step One Lender Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Step One Lender Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Step One Lender Plan.

Please be aware that a vote to accept the Step One Lender Plan is a vote to grant the releases set forth in Section 11.3.2 of the Step One Lender Plan, unless you elect not to grant such releases by checking the appropriate box on the Step One Lender Plan Ballot. If you vote to reject the Step One

3

Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box on your Step One Lender Plan Ballot. The Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Step One Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan).

For Holders of Senior Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan, including, without limitation, Section 11.3.5 of the Step One Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Step One Lender Plan.

d.      Item 2A:  **Election to Prefer the Step One Lender Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Step One Lender Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Step One Lender Plan Ballot. Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

e.      Item 2B:  **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will not contain the Treatment Election described here. If your Step One Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 2B and move on to Item 3 below.*

The Step One Lender Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.7(c) of the Step One Lender Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan for your Class 1F Other Parent Claim. If you do not submit a Step One Lender Plan Ballot, or submit a Step One Lender Plan Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.7(c)(i)(B) of the Step One Lender Plan for your Class 1F Other Parent Claim.

If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those Holders who elect to receive the treatment set forth in Section 3.2.7(c)(i)(B) of the Step One Lender Plan on account of their Other Parent Claims.

    f.    <u>Item 3</u>: **Releases (Optional).**

If you vote to accept the Step One Lender Plan, you are deemed to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Step One Lender Plan, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you affirmatively opt in to granting those releases. If you do not return a Step One Lender Plan Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

If you voted to accept the Step One Lender Plan but wish to opt out of granting the releases in Section 11.3.2 of the Step One Lender Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Step One Lender Plan but wish to grant the releases in Section 11.3.2 of the Step One Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Step One Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.3.2 releases, or (ii) vote to reject the Step One Lender Plan and check the box in Item 3 opting to grant the Section 11.3.2 releases, you will have consented to the releases set forth in Section 11.3.2 of the Step One Lender Plan to the fullest extent permitted by applicable law. If you do <u>not</u> grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you will <u>not</u> receive the benefit of the releases set forth in the Step One Lender Plan.

    g.    <u>Item 4</u>: **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 4 applies only to the Step One Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Step One Lender Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

Section 14.3.2 of the Step One Lender Plan provides as a default that Holders of Step One Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Step One Lender Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Step One Lender Plan. If a Holder of any such Claim wishes to opt out of this transfer, it must check the box in Item 4. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Step One Lender Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 4 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.2 of the Step One Lender Plan, to have, as of the Effective Date of the Step One Lender Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Step One Lender Plan Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Step One Lender Plan.

h.      <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Step One Lender Plan Ballot for your votes on the Step One Lender Plan and your elections under the Step One Lender Plan to count. In addition, in Item 5, if you are completing the Step One Lender Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Step One Lender Plan Ballot.

**Returning Your Step One Lender Plan Ballot.** Once you have completed your Step One Lender Plan Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Step One Lender Plan Ballot to the Voting Agent at the appropriate address specified in your Step One Lender Plan Ballot so that the Step One Lender Plan Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Voting Deadline.

Step One Lender Plan Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Step One Lender Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Step One Lender Plan Ballot will <u>not</u> be counted.

After the Voting Deadline, unless you obtain the prior consent of the Proponents of the Step One Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Step One Lender Plan Ballot in any way, (ii) change your vote to accept or reject the Step One Lender Plan, (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Step One Lender Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the Proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **[January [  ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your

6

belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Proponents of each of the Plans come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. **[February [  ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Step One Lender Plan Ballot is Not a Proof of Claim or Interest.** The Step One Lender Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of the Step One Lender Plan of the nature, validity, or amount of any Claim or Interest.

CHI 5559637v.3

**<u>Exhibit A-4</u>**

**Bridge Plan Ballots and Instructions**

## Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Bridge Lender Plan

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Bridge Lender Plan") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Lender Plan Proponents"). Capitalized terms not defined in this Bridge Lender Plan Ballot

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

This Bridge Lender Plan Ballot is only to be used for voting your Step One Senior Loan Claims (Class 1C Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Bridge Lender Plan jointly on this Bridge Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Bridge Lender Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Bridge Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Bridge Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and Step One Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN.  The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
| --- | --- |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

2

ITEM 3.    STEP ONE LENDER SETTLEMENT (OPTIONAL).  If you voted to accept the Bridge Lender Plan in Item 2 above, you may also elect to participate in the Step One Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(a) of the Bridge Lender Plan.

☐   The undersigned elects to participate in the Step One Lender Settlement.

ITEM 4.    [Intentionally Omitted]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step One Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Bridge Lender Plan, at Section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims voted on this Bridge Lender Plan Ballot.**

**   *The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan.  You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step One Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step One Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step One Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 6.    CERTIFICATION.  By signing this Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

b.    has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Bridge Lender Plan Ballots on account of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
      (If Appropriate)
Title:_____
      (If Appropriate)

Street Address:_____

      _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Bridge Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BRIDGE LENDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([       ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT**

**BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Bridge Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF STEP TWO
SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN
GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO
ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE
JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Bridge Lender Plan") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management (the "Bridge Lender Plan Proponents"). Capitalized terms not defined in this Bridge Lender Plan Ballot have the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

The Bridge Lender Plan is only to be used for voting your Step Two Senior Loan Claims (Class 1D Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Bridge Lender Plan jointly on this Bridge Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Bridge Lender Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Bridge Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Bridge Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Bridge Lender Plan, and if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and Step Two Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claim on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    STEP TWO LENDER SETTLEMENT (OPTIONAL).  If you voted to accept the Bridge Lender Plan in Item 2 above, you may also elect to participate in the Step Two Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(b) of the Bridge Lender Plan:

        ⬛ The undersigned elects to participate in the Step Two Lender Settlement.

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step Two Senior Loan Claim (Class 1D Claims against Tribune Company) *only,* the Bridge Lender Plan, at Section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

        ☐   I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims voted on this Bridge Lender Plan Ballot.**

        *** The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan.  You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step Two Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step Two Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step Two Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 6.    CERTIFICATION. By signing this Bridge Lender Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.    is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

    b.    has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

    c.  has not submitted any other Bridge Lender Plan Ballots on account of the Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
           (If Appropriate)
Title:_____
           (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Bridge Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BRIDGE LENDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT**

**BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                        **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                        757 Third Avenue, Third Floor
New York, NY 10150-5014                           New York, NY 10017

<u>**Bridge Loan Claims and Bridge Loan Guaranty Claims – Bridge Lender Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR <u>TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "<u>Bridge Lender Plan</u>") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "<u>Bridge Lender Plan Proponents</u>").  Capitalized terms not defined in this Bridge Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Bridge Lender Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1E Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50E – 111E Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

**Pre-Packaged Plan.** The Bridge Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Bridge Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for under the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY CLAIMS. The undersigned certifies that as of [], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and Bridge Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
| --- | --- |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    BRIDGE LOAN LENDER SETTLEMENT (OPTIONAL). If you voted to accept the Bridge Lender Plan in Item 2 above, you may also elect to participate in the Bridge Loan Lender Settlement, subject to Bankruptcy Court approval as described in Section 5.15(c) of the Bridge Lender Plan.

☐    The undersigned elects to participate in the Bridge Loan Lender Settlement.

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Bridge Loan Claim (Class 1E Claim against Tribune Company) *only*, the Bridge Lender Plan, at section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the Bridge Loan Claim voted on this Bridge Lender Plan Ballot.**

*\*\* The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan.  You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Bridge Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Bridge Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Bridge Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 6.    CERTIFICATION.  By signing this Bridge Lender Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

b.    has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order, and that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Bridge Lender Plan Ballots on account of the Bridge Loan Claim and Bridge Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of Bridge Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR BRIDGE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>Other Parent Claims – Bridge Lender Plan</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "<u>Bridge Lender Plan</u>") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "<u>Bridge Lender Plan Proponents</u>"). Capitalized terms not defined in this Bridge Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, Inc. (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Bridge Lender Plan Ballot is only to be used for voting your Other Parent Claims (Class 1G Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.  AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
|---|---|

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  OTHER PARENT CLAIMS PUT ELECTION (OPTIONAL).

The Bridge Lender Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option, which is an election to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box below in this Item 3 and (ii) may not exercise the Non-Contribution Election in Item 5 below.

☐  I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this Bridge Lender Plan Ballot.**

*** The Bridge Lender Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Bridge Lender Plan permits you to exercise the Other Parent Claims Put Option described in Section 5.14 of the Bridge Lender Plan. By making the Other Parent Claims Put Election, you are electing to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed*

2

*amount of your Other Parent Claim; provided, however, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.*

*If you make the Other Parent Claims Put Election, subject to the Other Parent Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Parent Claim, including no Trust Interests or distributions from the Distribution Trust or Creditors' Trust, if applicable. Please note that, as set forth in Section 5.14 of the Bridge Lender Plan, your Other Parent Claim will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Bridge Lender Plan; (ii) you (x) make the "Other Parent Claims Put Election" on this Bridge Lender Plan Ballot and (y) do not make the Non-Contribution Election on this Bridge Lender Plan Ballot; and (iii) Aurelius Capital Management, LP or its designee chooses to act as Claims Purchaser. Please also note that your Other Parent Claim will be purchased only if the Bridge Lender Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Parent Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Lender Plan, at section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the Other Parent Claim voted on this Bridge Lender Plan Ballot.**

***The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan. You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Other Parent Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Other Parent Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Other Parent Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

**PLEASE NOTE THAT YOU CANNOT MAKE THE NON-CONTRIBUTION ELECTION IF YOU WISH TO ELECT THE OTHER PARENT CLAIMS PUT OPTION.**

ITEM 6.    CERTIFICATION.  By signing this Bridge Lender Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

    b.   has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

    c.   has not submitted any other Bridge Lender Plan Ballots on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth on this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
              (Print or Type)

Signature:_____

By:_____
              (If Appropriate)

Title:_____
              (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Bridge Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BRIDGE LENDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([     ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**EGI-TRB LLC Notes Claims – Bridge Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

---

### BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Bridge Lender Plan")Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Lender Plan Proponents"). Capitalized terms not defined in this Bridge Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

This Bridge Lender Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1H Claims against Tribune Company). If you hold other Claims against Tribune Company or the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [        ], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Bridge Lender Plan, at section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the EGI-TRB LLC Notes Claim voted on this Bridge Lender Plan Ballot.**

*** The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan.  You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your EGI-TRB LLC Notes Claims, which State*

*Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your EGI-TRB LLC Notes Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your EGI-TRB LLC Notes Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 6.    CERTIFICATION. By signing this Bridge Lender Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.    is the Holder of the EGI-TRB LLC Notes Claim to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

b.    has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order, and that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Bridge Lender Plan Ballots on account of the EGI-TRB LLC Notes Claims voted herein that are inconsistent with the votes and elections set forth in this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

3

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Bridge Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BRIDGE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

4

**Subordinated Securities Claims – Bridge Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BRIDGE LENDER PLAN BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Bridge Lender Plan") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P., and Marathon Asset Management, L.P. (the "Bridge Lender Plan Proponents"). Capitalized terms not defined in this Ballot have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Bridge Lender Plan Ballot is only to be used for voting your Subordinated Securities Claims (Class 1K Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF SUBORDINATED SECURITIES CLAIM. The undersigned certifies that as of [          ], 2010 (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the Subordinated Securities Claim identified in Item 1 above hereby votes with respect to such Claim on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Bridge Lender Plan, at section 5.19.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Bridge Lender Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Bridge Lender Plan with respect to the Subordinated Securities Claim voted on this Bridge Lender Plan Ballot.**

*\*\*The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan. You have the right to opt out of this contribution under Section 5.19.2 of the Bridge Lender Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold*

2

*or may hold in the future in connection with your Subordinated Securities Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.19 of the Bridge Lender Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Subordinated Securities Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit a ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Subordinated Securities Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 4.    CERTIFICATION. By signing this Bridge Lender Plan Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Subordinated Securities Claim to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

    b.  has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

    c.  has not submitted any other Bridge Lender Plan Ballots on account of the Subordinated Securities Claim voted herein that are inconsistent with the votes and elections set forth on this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

              _____

City, State, Zip Code:_____

Telephone Number:_____

3

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Bridge Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BRIDGE LENDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Other Guarantor Debtor Claims – Bridge Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BRIDGE LENDER PLAN BALLOT FOR HOLDERS
OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT
THE BRIDGE LENDER PLAN (AS DEFINED IN THE
JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Bridge Lender Plan Ballot is for voting to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Bridge Lender Plan") Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P., and Marathon Asset Management, L.P. (the "Bridge Lender Plan Proponents"). Capitalized terms not defined in this Bridge Lender Plan Ballot have the meanings given to them in the Instructions for Completing the Bridge Lender Plan Ballot to Accept or Reject the Bridge Lender Plan or the Bridge Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Bridge Lender Plan Ballot is only to be used for voting your Other Guarantor Debtor Claims (Classes 50F – 111F Claims against the Guarantor Debtors).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

*PRIOR TO COMPLETING THIS BRIDGE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS BRIDGE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Bridge Lender Plan and, if desired, make the elections called for in the Bridge Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS.  The undersigned certifies that as of [      ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

Debtor _____

Class _____

$ _____

**The preprinted amount and classification of your Claim as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN. The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claim on the Bridge Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Bridge Lender Plan | ☐ to REJECT the Bridge Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Bridge Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Bridge Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    OTHER GUARANTOR DEBTOR CLAIMS PUT ELECTION (OPTIONAL).  The Bridge Lender Plan, at Section 3.4.6(c), permits you to exercise the Other Guarantor Debtor Claims Put Option, which is an election to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim.  If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the box below in this Item 4.

☐ I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 3.4.6(c) of the Bridge Lender Plan with respect to the Other Guarantor Debtor Claim voted on this Bridge Lender Plan Ballot.**

*** The Bridge Lender Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims.  Section 3.4.6(c) of the Bridge Lender Plan*

*permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Bridge Lender Plan. By making the Other Guarantor Debtor Claims Put Election, you are electing to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim; provided, however, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Guarantor Debtor Put Claims, rounded to the nearest whole dollar, at the Other Guarantor Debtor Claims Purchase Price and the remaining share of the Other Guarantor Debtor Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Guarantor Debtor Put Claims.*

*If you make the Other Guarantor Debtor Claims Put Election, subject to the Other Guarantor Debtor Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Guarantor Debtor Claim, including no further distributions from the Distribution Trust. Please note that, as set forth in Section 5.14 of the Bridge Lender Plan, your Other Guarantor Debtor Claim will be purchased only if the following conditions are satisfied: (i) the applicable Other Guarantor Debtor Claims Class votes to accept the Bridge Lender Plan; (ii) you make the "Other Guarantor Debtor Claims Put Election" on your Bridge Lender Plan Ballot; and (iii) Aurelius Capital Management, LP or its designee chooses to act as Claims Purchaser. Please also note that your Other Guarantor Debtor Claims will be purchased only if the Bridge Lender Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 5.   [Intentionally Omitted.]

ITEM 6.   CERTIFICATION. By signing this Bridge Lender Plan Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Other Guarantor Debtor Claim to which this Bridge Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Bridge Lender Plan and make the elections called for on this Bridge Lender Plan Ballot;

    b.  has been provided with a copy of the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Bridge Lender Plan Ballot are subject to all of the terms and conditions set forth in the Bridge Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Bridge Lender Plan, and the Solicitation Order; and

    c.  has not submitted any other Bridge Lender Plan Ballots on account of the Other Guarantor Debtor Claim voted herein that are inconsistent with the votes and elections set forth in this Bridge Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Bridge Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Bridge Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Bridge Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR BRIDGE LENDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([   ]) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  BRIDGE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BRIDGE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BRIDGE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS BRIDGE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR BRIDGE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC | Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions |

FDR Station, P.O. Box 5014
New York, NY 10150-5014

757 Third Avenue, Third Floor
New York, NY 10017

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**INSTRUCTIONS FOR COMPLETING THE BRIDGE LENDER PLAN BALLOT TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE GREEN BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE BRIDGE LENDER PLAN.  PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE BRIDGE LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Bridge Lender Plan Ballot.**  You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4438); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Lender Plan").[2] The Bridge Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Bridge Lender Plan, and to make certain elections under that Plan. You have accordingly been sent a green ballot (the "Bridge Lender Plan Ballot") to allow you to vote on the Bridge Lender Plan and, if applicable, make elections available under the Bridge Lender Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Bridge Lender Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the green ballot to accept or reject the Bridge Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Bridge Lender Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Bridge Lender Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest containing those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

If you would like to receive hard copies of the Joint Disclosure Statement, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Bridge Lender Plan or the General Disclosure Statement, as applicable.

CH1 5559700v.3

**Deadline for Returning Bridge Lender Plan Ballots.** You must complete, sign and date your Bridge Lender Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail Bridge Lender Plan Ballots directly to the Debtors or to any of the proponents of the Bridge Lender Plan. If you do not return your Bridge Lender Plan Ballot so that it is actually received by the Voting Deadline, the votes and elections reflected on your Bridge Lender Plan Ballot will not be counted.

**How to Complete Your Bridge Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Bridge Lender Plan Ballot for voting on the Bridge Lender Plan and making the elections called for thereunder:

      a.     Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [    ], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Bridge Lender Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Bridge Lender Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Bridge Lender Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Bridge Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

      b.     Item 2: **Vote to Accept or Reject the Bridge Lender Plan.**

Please cast your vote to accept or reject the Bridge Lender Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Bridge Lender Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Bridge Lender Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Bridge Lender Plan.

      c.     Item 2A: **Election to Prefer the Bridge Lender Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Bridge Lender Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Bridge Lender Plan Ballot. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

      d.     Item 3: **Step One Lender Settlement/Step Two Lender Settlement/Bridge Loan Lender Settlement (Optional).**

*Item 3 applies only to (i) Holders of Step One Loan Claims and Step One Loan Guaranty Claims, (ii) Step Two Loan Claims and Step Two Loan Guaranty Claims, and (iii) Bridge Loan Claims and Bridge Loan Guaranty Claims. If your Bridge Lender Plan Ballot does not relate to Claims in those Classes, your Bridge Lender Plan Ballot will indicate that Item 3 has been "[Intentionally Omitted]". If your Bridge Lender Plan Ballot states "[Intentionally Omitted]" at Item 3, please skip Item 3 and go to Item 4 below.*

Holders of Step One Loan Claims and Step One Loan Guaranty Claims. The Bridge Lender Plan provides the Holders of Step One Loan Claims and Step One Loan Guaranty Claims with the opportunity

CHI 5559700v.3

to approve the Step One Lender Settlement.  Section 5.15(a) of the Bridge Lender Plan contains the terms of the Step One Lender Settlement.  If you wish to approve the Step One Lender Settlement, and you are the Holder of a Step One Loan Claim and Step One Loan Guaranty Claims, please check the box in Item 3 of your Bridge Lender Plan Ballot.

Holders of Step Two Loan Claims and Step Two Loan Guaranty Claims.  The Bridge Lender Plan provides the Holders of Step Two Loan Claims and Step Two Loan Guaranty Claims with the opportunity to approve the Step Two Lender Settlement.  Section 5.15(b) of the Bridge Lender Plan contains the terms of the Step Two Lender Settlement.  If you wish to approve the Step Two Lender Settlement, and you are the Holder of a Step Two Loan Claim and Step Two Loan Guaranty Claims, please check the box in Item 3 of your Bridge Lender Plan Ballot.

Holders of Bridge Loan Claims and Bridge Loan Guaranty Claims.  The Bridge Lender Plan provides the Holders of Bridge Loan Claims and Bridge Loan Guaranty Claims with the opportunity to approve the Bridge Loan Lender Settlement.  Section 5.15(c) of the Bridge Lender Plan contains the terms of the Bridge Loan Lender Settlement.  If you wish to approve the Bridge Loan Lender Settlement, and you are the Holder of a Bridge Loan Claim and Bridge Loan Guaranty Claims, please check the box in Item 3 of your Bridge Lender Plan Ballot.

e.    Item 4:  **Other Parent Claims Put Election and Other Guarantor Debtor Claims Put Election (Optional).**

*Item 4 applies only to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50F through 111F under the Bridge Lender Plan.  If your Bridge Lender Plan Ballot does not relate to Claims in those Classes, your Bridge Lender Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]".  If your Bridge Lender Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and go to Item 5 below.*

Holders of Other Parent Claims.  The Bridge Lender Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Bridge Lender Plan permits Holders of Other Parent Claims to exercise the Other Parent Claims Put Option described in Section 5.14 of the Bridge Lender Plan.  If a Holder of Other Parent Claims wishes to exercise the Other Parent Claims Put Option, such Holder (i) must check the box in Item 4 of its Bridge Lender Plan Ballot and (ii) may not exercise the Non-Contribution Election in Item 5.  By making the Other Parent Claims Put Election, a Holder of Other Parent Claims is electing to sell its Other Parent Claims to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of its Other Parent Claims; *provided, however,* that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their Pro Rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.

Please note that, as set forth in Section 5.14 of the Bridge Lender Plan, a Holder's Other Parent Claims will be purchased only if the following conditions are satisfied:  (i) the Other Parent Claims Class votes to accept the Bridge Lender Plan; (ii) such Holder of the Put Claim (x) makes the "Other Parent Claims Put Election" on its Bridge Lender Plan Ballot and (y) such Holder does not make the Non-Contribution Election on its Bridge Lender Plan Ballot; (iii) Aurelius Capital Management, LP or its

designee chooses to act as Claims Purchaser. Please also note that Other Parent Claims will be purchased only if the Bridge Lender Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Parent Claims does not make the Other Parent Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

       <u>Holders of Other Guarantor Debtor Claims</u>. The Bridge Lender Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Bridge Lender Plan permits Holders of Other Guarantor Debtor Claims to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Bridge Lender Plan. If a Holder of Other Guarantor Debtor Claims wishes to exercise the Other Guarantor Debtor Claims Put Option, such Holder must check the appropriate box in Item 4 of its Bridge Lender Plan Ballot. By making the Other Guarantor Debtor Claims Put Election, a Holder of Other Guarantor Debtor Claims is electing to sell its Other Guarantor Debtor Claims to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of its Other Guarantor Debtor Claims; *provided, however,* that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their Pro Rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.

       Please note that, as set forth in Section 5.14 of the Bridge Lender Plan, a Holder's Other Guarantor Debtor Claims will be purchased only if the following conditions are satisfied: (i) the Other Guarantor Debtor Claims Class votes to accept the Bridge Lender Plan, (ii) such Holder makes the "Other Guarantor Debtor Claims Put Election" on its Bridge Lender Plan Ballot, and (iii) Aurelius Capital Management, LP or its designee chooses to act as Claims Purchaser. Please also note that Other Guarantor Claims will be purchased only if the Bridge Lender Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Guarantor Debtor Claims does not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

       f.      <u>Item 5</u>: **Non-Contribution Election (Optional).**

       *Item 5 applies <u>only</u> to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Bridge Lender Plan Ballot will indicate that Item 5 has been "[Intentionally Omitted]". If your Bridge Lender Plan Ballot states "[Intentionally Omitted]" at Item 5, please skip Item 5 and go to Item 6 below.*

       The Bridge Lender Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust to be established under the Bridge Lender Plan. You have the right, under Section 5.19.2 of the Bridge Lender Plan, to opt out of this transfer. If you wish to opt out of this transfer, please check the box in Item 5. If you do not submit a Bridge Lender Plan Ballot or submit a Bridge Lender Plan Ballot but do not check the box in Item 5, you will have consented to the transfer of your State Law Avoidance Claim to the Creditors' Trust as set forth in the Bridge Lender Plan.

       g.      <u>Item 6</u>: **Certifications.**

CHI 5559700v.3

Please review and complete the certifications in Item 6. Your original signature is required on the Bridge Lender Plan Ballot for your votes on the Bridge Lender Plan and your elections under the Bridge Lender Plan to count. In addition, in Item 6, if you are completing the Bridge Lender Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Bridge Lender Plan Ballot.

**Returning Your Bridge Lender Plan Ballot**. Once you have completed your Bridge Lender Plan Ballot in accordance with the foregoing instructions, please return the completed Bridge Lender Plan Ballot to the Voting Agent at the appropriate address specified in your Bridge Lender Plan Ballot so that the Bridge Lender Plan Ballot is actually received by the Voting Agent before the Voting Deadline.

Bridge Lender Plan Ballots submitted by facsimile or other electronic transmission will not be counted. In addition, please note that if your Bridge Lender Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Bridge Lender Plan Ballot will not be counted.

After the Voting Deadline, unless you obtain the prior consent of the Proponents of the Bridge Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Bridge Lender Plan Ballot in any way, (ii) change your vote to accept or reject the Bridge Lender Plan, (iii) change your Plan preference (if applicable), (iv) change your decision to make or not make the Other Parent Claims Put Election and/or the Other Guarantor Debtor Claims Put Option (if applicable) or (v) change your election to transfer your State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Bridge Lender Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Bridge Lender Plan in a different amount, you must serve on the proponents of the Bridge Lender Plan (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before [    ], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Bridge Lender Plan Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of the Bridge Lender Plan and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Bridge Lender Plan Ballot or otherwise in accordance with the tabulation rules. [    ] has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

CHI 5559700v.3

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional Bridge Lender Plan Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Bridge Lender Plan Ballot is Not a Proof of Claim or Interest.** The Bridge Lender Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of the Bridge Lender Plan of the nature, validity, or amount of any Claim or Interest.

CHI 5559700v.3

**Exhibit A-5**

**Consolidated Ballots and Instructions for
Senior Noteholder Claims and PHONES Notes Claims**

**<u>Senior Noteholder Claims</u>**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CONSOLIDATED BALLOT FOR BENEFICIAL OWNERS
## OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT
## PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

    This consolidated ballot (the "<u>Consolidated Ballot</u>") is for voting to accept or reject the plans of reorganization (the "<u>Plans</u>") for Tribune Company (together with its subsidiaries that are parties to the Plans in the above-captioned chapter 11 cases, the "<u>Debtors</u>") and to make other elections called for under certain of the Plans. Capitalized terms used in this Consolidated Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "<u>Joint Instructions</u>") that are included in the package containing this Consolidated Ballot or, where applicable, in the relevant Plan(s). The Plans are identified in the accompanying Joint Instructions.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5562142v.2

This Consolidated Ballot is only to be used for voting your Senior Noteholder Claims against Tribune Company. If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes that are entitled to vote on the Plans, you will receive separate ballots to vote such Claims. Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

*PRIOR TO COMPLETING THIS CONSOLIDATED BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS CONSOLIDATED BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**VOTE ON THE PLANS AND MAKE APPLICABLE ELECTIONS. To vote to accept or reject each of the Plans and, if desired, make the elections called for in each of the Plans, please complete the following:**

ITEM 1.  AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of [     ], 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Consolidated Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your Senior Noteholder Claim above will control for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT EACH OF THE PLANS. The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on each of the Plans as follows (check one box only with respect to each Plan):

| Plans | Class Description | Accept | Reject |
|-------|-------------------|--------|--------|
| Debtor/Committee/Lender Plan[2] | Class 1E (Senior Noteholder Claim) | ☐ | ☐ |
| Noteholder Plan | Class 1F (Senior Noteholder Claim) | ☐ | ☐ |
| Step One Lender Plan[3] | Class 1E (Senior Noteholder Claim) | ☐ | ☐ |
| Bridge Lender Plan | Class 1F (Senior Noteholder Claim) | ☐ | ☐ |

ITEM 3.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  For the Plan you voted to accept that you most prefer, please indicate that preference by checking the box next to the Plan you prefer the most (check one box only).  If you do not elect to indicate your preference, you will be assumed to prefer all Plans that you voted to accept on an equal basis.

| |
|---|
| ☐ Debtor/Committee/Lender Plan |
| ☐ Noteholder Plan |
| ☐ Step One Lender Plan |
| ☐ Bridge Lender Plan |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

[3] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

ITEM 4.    ELECTIONS UNDER CERTAIN PLANS.

### A.  DEBTOR/COMMITTEE/LENDER PLAN

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtors and Co-Proponents Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐ The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐ The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

### B.  STEP ONE LENDER PLAN

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you vote to reject the Step One Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you will be deemed not to have granted such releases.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Plan.**

☐ The undersigned has voted to accept the Step One Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Plan.

☐ The undersigned has voted to reject the Step One Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Plan.

**You have received a separate Election Form by which you may elect not to transfer your State Law Avoidance Claims (as defined in each of the Plans) to the Creditors' Trust.  In order for your elections to be valid, you must complete the Election Form and return it to your Voting Nominee with this Consolidated Ballot in sufficient time for your Voting Nominee to return your Election Form to the Voting Agent prior to the Voting Deadline.**

ITEM 5.    CERTIFICATION.  By signing this Consolidated Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.  it is the Beneficial Owner of the Senior Noteholder Claim to which this Consolidated Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject each of the Plans and make the elections called for on this Consolidated Ballot;

b.  it has been provided with a copy of the Plans, the General Disclosure Statement, each of the Specific Disclosure Statements, the Responsive Statements, and the Solicitation Order and acknowledges that the votes set forth on this Consolidated Ballot are subject to all of the terms and conditions set forth in the Plans, the General Disclosure Statement, the Specific Disclosure Statements, and the Solicitation Order;

c.  it has not submitted any other Consolidated Ballots relating to the Senior Noteholder Claims voted herein that are inconsistent with the votes as set forth in this Consolidated Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Consolidated Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.  it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.  either (a) this Consolidated Ballot is the only Consolidated Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Consolidated Ballot, one or more Consolidated Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SENIOR NOTEHOLDER CLAIMS CONSOLIDATED BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

     This Consolidated Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [        ], UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR CONSOLIDATED BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR CONSOLIDATED BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CONSOLIDATED BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL CONSOLIDATED BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ELECTION FORM FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ELECT NOT TO TRANSFER STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUSTS UNDER EACH OF THE PLANS PROPOSED FOR TRIBUNE COMPANY

Four (4) plans of reorganization (the "Plans") have been proposed for Tribune Company and certain of its subsidiaries (collectively, the "Debtors") in the above-captioned chapter 11 cases.  Each Plan provides, as a default, that Holders of certain Claims will transfer certain State Law Avoidance Claims (as defined in each Plan) to a Creditors' Trust.  You are receiving this election form (the "Election Form") because you hold a Senior Noteholder Claim and are entitled under each Plan to elect not to transfer your State Law Avoidance Claims to the Creditors' Trusts (as defined under each Plan).  Details concerning the transfer of your State Law Avoidance Claims to the Creditors' Trusts, and the resulting effect that such transfer may have on your potential recoveries under a particular Plan, are described in each of the Plans.  Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Order or in the applicable Plan(s).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to the Solicitation Order, your election not to transfer your State Law Avoidance Claims will be valid only if you have electronically delivered your Senior Notes, as of the Voting Deadline ([      ]), into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only your Voting Nominee can submit this election on your behalf.

Holders of Senior Noteholder Claims that elect not to transfer their State Law Avoidance Claims to the Creditors' Trusts and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Voting Deadline. However, following the Voting Deadline, such Senior Notes will not be freely tradable.

If you have any questions on how to properly complete this Election Form, you may contact the Voting Agent, Epiq Bankruptcy Solutions, LLC at 888-287-7568 or tribunevote@epiqsystems.com.

IF YOU DO NOT COMPLETE AND SUBMIT THIS ELECTION FORM, OR IF YOU OTHERWISE FAIL TO COMPLY WITH THE PROCEDURES FOR MAKING SUCH ELECTION, YOU WILL HAVE CONSENTED TO THE TRANSFER OF THE STATE LAW AVOIDANCE CLAIMS THAT YOU MAY HAVE TO THE CREDITORS' TRUSTS ESTABLISHED UNDER EACH OF THE PLANS.

IF YOU HOLD SENIOR NOTEHOLDER CLAIMS THROUGH MORE THAN ONE VOTING NOMINEE, YOU MAY RECEIVE MORE THAN ONE ELECTION FORM. TO THE EXTENT YOU WISH NOT TO TRANSFER YOUR STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUSTS UNDER EACH PLAN, YOU SHOULD EXECUTE A SEPARATE ELECTION FORM FOR EACH BLOCK OF SENIOR NOTEHOLDER CLAIMS THAT YOU HOLD THROUGH ANY VOTING NOMINEE AND RETURN THE ELECTION FORM TO THE RESPECTIVE VOTING NOMINEE THAT HOLDS THE SENIOR NOTEHOLDER CLAIMS IN STREET NAME.

This Election Form provides you the opportunity to make separate elections with respect to each of the Plans. Accordingly, you may elect under none, some, or all of the Plans not to contribute your State Law Avoidance Claims to the Creditors' Trusts under the relevant Plans.

**ITEM 1.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS UNDER THE DEBTOR/COMMITTEE/LENDER PLAN.**

Section 14.3.1 of the Debtor/Committee/Lender Plan provides as a default that Holders of Senior Noteholder Claims will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Debtor/Committee/Lender Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Debtor/Committee/Lender Plan. If you wish to opt out of this transfer, you must check the box below. If you check the box and thereby elect not to transfer your Disclaimed State Law Avoidance Claims, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust under the Debtor/Committee/Lender Plan, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

□    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan.

**ITEM 2.    NON-CONTRIBUTION OF STATE LAW AVOIDANCE CLAIMS UNDER THE NOTEHOLDER PLAN.**

Section 5.18.2 of the Noteholder Plan provides as a default that Holders of Senior Noteholder Claims will transfer State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Noteholder Plan.  You have the right to opt out of this transfer under Section 5.18.2 of the Noteholder Plan.  If you wish to opt out of this transfer, you must check the box below.  If you check the box and thereby elect not to transfer your State Law Avoidance Claims, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan in exchange for Creditors' Trust Interests.  The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust.  **If you do not submit this Election Form, you will be deemed to have transferred all of your State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.**  For additional information regarding the Creditors' Trust under the Noteholder Plan, please see Section 5.18.2 of the Noteholder Plan.

□    I wish to opt out of the transfer of my State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan.

**ITEM 3.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS UNDER THE STEP ONE LENDER PLAN.**

Section 14.3.1 of the Step One Lender Plan provides as a default that Holders of Senior Noteholder Claims will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Step One Lender Plan.  You have the right to opt out of this transfer under Section 14.3.1 of the Step One Lender Plan.  If you wish to opt out of this transfer, you must check the box below.  If you check the box and thereby elect not to transfer your Disclaimed State Law Avoidance Claims, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan in exchange for Creditors' Trust Interests.  The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust.  **If you do not submit this Election Form, you will be deemed to have transferred all of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.**  For additional information regarding the Creditors' Trust under the Step One Lender Plan, please see Section 14.3.1 of the Step One Lender Plan.

3

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan.

**ITEM 4.    NON-CONTRIBUTION OF STATE LAW AVOIDANCE CLAIMS UNDER THE BRIDGE LENDER PLAN.**

Section 5.19.2 of the Bridge Lender Plan provides as a default that Holders of Senior Noteholder Claims will transfer State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Bridge Lender Plan. You have the right to opt out of this transfer under Section 5.19.2 of the Bridge Lender Plan. If you wish to opt out of this transfer, you must check the box below. If you check the box and thereby elect not to transfer your State Law Avoidance Claims, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust under the Bridge Lender Plan, please see Section 5.19.2 of the Bridge Lender Plan.

☐    I wish to opt out of the transfer of my State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan.

CERTIFICATION. By signing this Election Form, the undersigned acknowledges and/or certifies that it:

    a.    has full power and authority to complete this Election Form with respect to its Senior Noteholder Claim;

    b.    instructs its Voting Nominee to effect this Election Form through the ATOP System; and

    c.    has received a copy of the General Disclosure Statement, the Plans and the Specific Disclosure Statements related thereto, the Responsive Statements, and the Solicitation Order and understands that this Election Form is subject to all the terms and conditions set forth in the General Disclosure Statement, the Plans and the Specific Disclosure Statements related thereto, and the Solicitation Order.

Name: _____
            (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ].  PLEASE RETURN YOUR ELECTION FORM TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR ELECTION FORM AND SUBMIT YOUR ELECTION TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, OR YOUR ELECTION WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL ELECTION FORM OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**PHONES Notes Claims**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CONSOLIDATED BALLOT FOR BENEFICIAL OWNERS OF
## PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT
## PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

This consolidated ballot (the "Consolidated Ballot") is for voting to accept or reject the plans of reorganization (the "Plans") for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such Plans. Capitalized terms used in this Consolidated Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Consolidated Ballot or, where applicable, in the relevant Plan(s). The Plans are identified in the accompanying Joint Instructions.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Consolidated Ballot is only to be used to vote your PHONES Notes Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

**Claims Voted by this Consolidated Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Plans. PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

SOLELY FOR VOTING PURPOSES, PHONES NOTES CLAIMS VOTING ON THIS CONSOLIDATED BALLOT INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS IN THE NOTEHOLDER PLAN AND THE BRIDGE LENDER PLAN. PLEASE SEE THE JOINT INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

PHONES NOTES EXCHANGE CLAIMS ARE CLASSIFIED WITH PHONES NOTES CLAIMS FOR INITIAL VOTING PURPOSES, AND FOR THE AVOIDANCE OF DOUBT, BENEFICIAL OWNERS OF PHONES NOTES EXCHANGE CLAIMS SHOULD USE THIS CONSOLIDATED BALLOT TO CAST THEIR VOTES UNDER EACH OF THE PLANS; PROVIDED, HOWEVER, THAT TO THE EXTENT THE BANKRUPTCY COURT DECIDES THAT PHONES NOTES EXCHANGE CLAIMS ARE NOT PROPERLY CLASSIFIED AS PHONES NOTES CLAIMS, THE VOTES PERTAINING TO SUCH PHONES NOTES EXCHANGE CLAIMS SHALL BE APPLIED TO THE APPLICABLE CLASS IN WHICH SUCH CLAIMS ARE RECLASSIFIED. PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS AND THE DIFFERING TREATMENT TO BE PROVIDED TO THEM ARE DESCRIBED IN EACH OF THE PLANS AND THE SPECIFIC DISCLOSURE STATEMENTS RELATED THERETO.

***PRIOR TO COMPLETING THIS CONSOLIDATED BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED IN THIS CONSOLIDATED BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**VOTE ON THE PLANS AND MAKE APPLICABLE ELECTIONS. To vote to accept or reject each of the Plans and, if desired, make the elections called for in each of the Plans, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS. The undersigned certifies that as of [          ], 2010 (the "Record Date") or the Exchange Record Date, as applicable, the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Consolidated Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT EACH OF THE PLANS.  The Beneficial Owner of the
aggregate principal amount of the PHONES Notes Claims identified in Item 1 hereby votes
with respect to such Claim on each of the Plans as follows (check one box only with respect
to each Plan):

| Plans | Class Description | Accept | Reject |
|-------|-------------------|--------|--------|
| Debtor/Committee/Lender Plan[2] | Class 1J (PHONES Notes Claims) | ☐ | ☐ |
| Noteholder Plan | Class 1I (PHONES Notes Claims) | ☐ | ☐ |
| Step One Lender Plan[3] | Class 1J (PHONES Notes Claims) | ☐ | ☐ |
| Bridge Lender Plan | Class 1I (PHONES Notes Claims) | ☐ | ☐ |

ITEM 3.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one
Plan, and you also have the right to indicate which Plan you prefer the most among those
Plans you accept.  For the Plan you voted to accept that you most prefer, please indicate that
preference by checking the box next to the Plan you prefer the most (check one box only).  If
you do not elect to indicate your preference, you will be assumed to prefer all Plans that you
voted to accept on an equal basis.

| | |
|---|---|
| ☐ Debtor/Committee/Lender Plan |
| ☐ Noteholder Plan |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the
Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have
unconditionally released each and all of the Released Parties (as such term is defined in the
Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts,
rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-
Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the
Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated
or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be
based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on
or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets,
property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as
such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the
Debtor/Committee/Lender Plan.
[3] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender
Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released
each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty
Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of
action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of
Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code,
including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated,
matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole
or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the
Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and
Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is
defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

| |
|---|
| ☐  Step One Lender Plan |
| ☐  Bridge Lender Plan |

ITEM 4.    ELECTIONS UNDER CERTAIN PLANS.

### A.  DEBTOR/COMMITTEE/LENDER PLAN

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

### B.  STEP ONE LENDER PLAN

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you vote to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐  The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

4

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

**You have received a separate Election Form by which you may elect not to transfer any State Law Avoidance Claims that you may have to the Creditors' Trusts established under the various Plans. If you are a Holder of a PHONES Notes Claim, in order for your election to be valid, you must complete the Election Form and return it to your Voting Nominee with this Consolidated Ballot in sufficient time for your Voting Nominee to return your Election Form to the Voting Agent prior to the Voting Deadline. If you are a Holder of a PHONES Notes Exchange Claim, in order for your election to be valid, you must complete the Election Form and return it to the Voting Agent prior to the Voting Deadline.**

ITEM 5.          CERTIFICATION.  By signing this Consolidated Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a.   it is the Beneficial Owner of the PHONES Notes Claim to which this Consolidated Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject each of the Plans and make the elections called for on this Consolidated Ballot;

b.   it has been provided with a copy of the Plans, the General Disclosure Statement, each of the Specific Disclosure Statements, the Responsive Statements, and the Solicitation Order and acknowledges that the votes set forth on this Consolidated Ballot are subject to all of the terms and conditions set forth in the Plans, the General Disclosure Statement, the Specific Disclosure Statements, and the Solicitation Order;

c.   it has not submitted any other Consolidated Ballots on account of the PHONES Notes Claim voted herein that are inconsistent with the votes as set forth in this Consolidated Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Consolidated Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.   it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e.   either (a) this Consolidated Ballot is the only Consolidated Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Consolidated Ballot, one or more Consolidated Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS CONSOLIDATED BALLOTS**

| Account Number of Other PHONES Notes Claims, if applicable | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Name: _____
        (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Consolidated Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claims have been or will be allowed.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [       ], UNLESS SUCH TIME IS EXTENDED.**
> - **IF YOU ARE VOTING PHONES NOTES CLAIMS, PLEASE RETURN YOUR CONSOLIDATED BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR CONSOLIDATED BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS, AND YOUR ELECTIONS WILL NOT BE VALID.**
> - **IF YOU ARE VOTING PHONES NOTES EXCHANGE CLAIMS, PLEASE RETURN YOUR CONSOLIDATED BALLOT DIRECTLY TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS, AND YOUR ELECTIONS WILL NOT BE VALID.**
> - **IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU HAVE RECEIVED SEPARATE CONSOLIDATED BALLOTS ON WHICH TO VOTE YOUR PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS.  YOU MUST RETURN THE CONSOLIDATED BALLOT FOR YOUR PHONES NOTES CLAIM TO YOUR VOTING NOMINEE, AND YOU MUST RETURN THE**

> **CONSOLIDATED BALLOT FOR YOUR PHONES NOTES EXCHANGE CLAIM DIRECTLY TO THE VOTING AGENT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CONSOLIDATED BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL CONSOLIDATED BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**HOLDERS OF PHONES NOTES EXCHANGE CLAIMS ONLY MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS CONSOLIDATED BALLOT OR MAY RETURN THEIR CONSOLIDATED BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ELECTION FORM FOR HOLDERS OF PHONES NOTES CLAIMS TO ELECT NOT TO TRANSFER STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUSTS UNDER EACH OF THE PLANS PROPOSED FOR TRIBUNE COMPANY

Four (4) plans of reorganization (the "Plans") have been proposed for Tribune Company and certain of its subsidiaries (collectively, the "Debtors") in the above-captioned chapter 11 cases. Each Plan provides, as a default, that Holders of certain Claims will transfer certain State Law Avoidance Claims (as defined in each Plan) to a Creditors' Trust. You are receiving this election form (the "Election Form") because you hold a PHONES Notes Claim and are entitled under each Plan to elect not to transfer your State Law Avoidance Claims to the Creditors' Trusts (as defined under each Plan). Details concerning the transfer of your State Law Avoidance Claims to the Creditors' Trusts, and the resulting effect that such transfer may have on your potential recoveries under a particular Plan, are described in each of the Plans. Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Order or the applicable Plan(s).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to the Solicitation Order your election not to transfer your State Law Avoidance Claims will be valid only if you have electronically delivered your PHONES Notes, as of the Voting Deadline ([ ]), into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only your Voting Nominee can submit this election on your behalf.

Holders of PHONES Notes Claims that elect not to transfer their State Law Avoidance Claims to the Creditors' Trusts and electronically deliver their PHONES Notes into the ATOP System can withdraw their PHONES Notes from the ATOP System up to and until the Voting Deadline. However, following the Voting Deadline, such PHONES Notes will not be freely tradable.

If you are a Holder of a PHONES Notes Exchange Claim, in order for your election to be valid, you must complete the Election Form and return it to the Voting Agent prior to the Voting Deadline.

If you have any questions on how to properly complete this Election Form, you may contact the Voting Agent, Epiq Bankruptcy Solutions, LLC at 888-287-7568 or tribunevote@epiqsystems.com.

IF YOU DO NOT COMPLETE AND SUBMIT THIS ELECTION FORM, OR IF YOU OTHERWISE FAIL TO COMPLY WITH THE PROCEDURES FOR MAKING SUCH ELECTION, YOU WILL HAVE CONSENTED TO THE TRANSFER OF ANY STATE LAW AVOIDANCE CLAIMS THAT YOU MAY HAVE TO THE CREDITORS' TRUSTS ESTABLISHED UNDER EACH OF THE PLANS.

IF YOU HOLD PHONES NOTES CLAIMS THROUGH MORE THAN ONE VOTING NOMINEE, YOU MAY RECEIVE MORE THAN ONE ELECTION FORM. TO THE EXTENT YOU WISH NOT TO TRANSFER YOUR STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUSTS UNDER THE PLANS, YOU SHOULD EXECUTE A SEPARATE ELECTION FORM FOR EACH BLOCK OF PHONES NOTES CLAIMS THAT YOU HOLD THROUGH ANY VOTING NOMINEE AND RETURN THE ELECTION FORM TO THE RESPECTIVE VOTING NOMINEE THAT HOLDS THE PHONES NOTES CLAIMS IN STREET NAME.

This Election Form provides you the opportunity to make separate elections with respect to each of the Plans. Accordingly, you may elect under none, some, or all of the Plans not to contribute your State Law Avoidance Claims to the Creditors' Trusts under the relevant Plans.

**ITEM 1.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS UNDER THE DEBTOR/COMMITTEE/LENDER PLAN.**

Section 14.3.1 of the Debtor/Committee/Lender Plan provides as a default that Holders of PHONES Notes Claims will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Debtor/Committee/Lender Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Debtor/Committee/Lender Plan. If you wish to opt out of this transfer, you must check the box and thereby elect below. If you check the box not to transfer your Disclaimed State Law Avoidance Claims, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors'**

**Trust, if any.** For additional information regarding the Creditors' Trust under the Debtor/Committee/Lender Plan, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan.

**ITEM 2.    NON-CONTRIBUTION OF STATE LAW AVOIDANCE CLAIMS UNDER THE NOTEHOLDER PLAN.**

Section 5.18.2 of the Noteholder Plan provides as a default that Holders of PHONES Notes Claims will transfer State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Noteholder Plan. You have the right to opt out of this transfer under Section 5.18.2 of the Noteholder Plan. If you wish to opt out of this transfer, you must check the box below. If you check the box and thereby not to transfer your State Law Avoidance Claims, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust under the Noteholder Plan, please see Section 5.18.2 of the Noteholder Plan.

☐    I wish to opt out of the transfer of my State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan.

**ITEM 3.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS UNDER THE STEP ONE LENDER PLAN.**

Section 14.3.1 of the Step One Lender Plan provides as a default that Holders of PHONES Notes Claims will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Step One Lender Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Step One Lender Plan. If you wish to opt out of this transfer, you must check the box below. If you check the box and thereby not to transfer your Disclaimed State Law Avoidance Claims, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.**

For additional information regarding the Creditors' Trust under the Step One Lender Plan, please see Section 14.3.1 of the Step One Lender Plan.

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan.

**ITEM 4.    NON-CONTRIBUTION OF STATE LAW AVOIDANCE CLAIMS UNDER THE BRIDGE LENDER PLAN.**

Section 5.19.2 of the Bridge Lender Plan provides as a default that Holders of PHONES Notes Claims will transfer State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Bridge Lender Plan. You have the right to opt out of this transfer under Section 5.19.2 of the Bridge Lender Plan. If you wish to opt out of this transfer, you must check the box below. If you check the box and thereby not to transfer your State Law Avoidance Claims, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If you do not check the box below, you are consenting to the transfer of your State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If you do not submit this Election Form, you will be deemed to have transferred all of your State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust under the Bridge Lender Plan, please see Section 5.19.2 of the Bridge Lender Plan.

☐    I wish to opt out of the transfer of my State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan.

CERTIFICATION. By signing this Election Form, the undersigned acknowledges and/or certifies that it:

a.    has full power and authority to complete this Election Form with respect to its PHONES Notes Claim;

b.    is a Holder of a PHONES Notes Claim, and if applicable, instructs its Voting Nominee to effect this Election Form through the ATOP System; and

c.    has received a copy of the General Disclosure Statement, the Plans and the Specific Disclosure Statements related thereto, the Responsive Statements, and the Solicitation Order and understands that this Election Form is subject to all the terms and conditions set forth in the General Disclosure Statement, the Plans and the Specific Disclosure Statements related thereto, and the Solicitation Order.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON [          ].**

- **IF YOU ARE A HOLDER OF PHONES NOTES CLAIMS, PLEASE RETURN YOUR ELECTION FORM TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR ELECTION FORM AND SUBMIT YOUR ELECTION TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, OR YOUR ELECTION WILL NOT BE VALID.**
- **IF YOU ARE A HOLDER OF PHONES NOTES EXCHANGE CLAIMS, PLEASE RETURN YOUR ELECTION FORM DIRECTLY TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, OR YOUR ELECTION WILL NOT BE VALID.**
- **IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU HAVE RECEIVED SEPARATE ELECTION FORMS ON WHICH TO ELECT NOT TO TRANSFER YOUR STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUSTS. YOU MUST RETURN THE ELECTION FORM FOR YOUR PHONES NOTES CLAIM TO YOUR VOTING NOMINEE, AND YOU MUST RETURN THE ELECTION FORM FOR YOUR PHONES NOTES EXCHANGE CLAIM DIRECTLY TO THE VOTING AGENT.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL ELECTION FORM OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

<u>**Master Ballot for Senior Noteholder Claims**</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY [    ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"),**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Notes issued by Tribune Company, to transmit the votes of such Beneficial Owners in respect of their Senior Noteholder Claims to vote to accept or reject the plans of reorganization for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such plans. Capitalized terms used in this Master Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Master Ballot or, where applicable, in the relevant plan of reorganization.

The following chapter 11 plans have been proposed for the Debtors:

- [First Amended] Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 6599] (the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the Phones Notes [D.I. 6601] (the "Noteholder Plan");

- [First Amended] Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 6607] (the "Step One Lender Plan"); and

- [Amended] Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 6609] (the "Bridge Lender Plan").

These plans of reorganization are referred to in this Master Ballot as the "Plans".

The Voting Instructions attached to this Master Ballot provide detailed, step-by-step instructions for completing the Master Ballot.

The proponents of each of the Plans have prepared Responsive Statements that are part of this Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plans and the classification and treatment of the Senior Noteholder Claims under each of the Plans.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |

2

| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plans from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Consolidated Ballots and Election Forms. For each completed, executed Consolidated Ballot or Election Form returned to you by a Beneficial Owner, you must retain a copy of such Consolidated Ballot or Election Form in your files for at least one (1) year from the Voting Deadline.

PRIOR TO COMPLETING THIS MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [_____], 2010, (the "Record Date"), the undersigned (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject each of the Plans and (2) make the elections called for pursuant to each of the Plans, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances/Rejections.** The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Consolidated Ballots to the undersigned (or such information was derived from Consolidated Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **Accept or Reject** the following Plans:

| Plans | Class Description | Accept | Aggregate Unpaid Principal Amount | Reject | Aggregate Unpaid Principal Amount |
|-------|------------------|--------|-----------------------------------|--------|-----------------------------------|
| Debtor/Committee/ | Class 1E | ☐ | | ☐ | |

3

| | | | | | |
|---|---|---|---|---|---|
| Lender Plan | | | $_____ | | $_____ |
| Noteholder Plan | Class 1F | ☐ | $_____ | ☐ | $_____ |
| Step One Lender Plan | Class 1E | ☐ | $_____ | ☐ | $_____ |
| Bridge Lender Plan | Class 1F | ☐ | $_____ | ☐ | $_____ |

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL CONSOLIDATED BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Consolidated Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Identify Plan(s) Accepted (Debtor/ Committee/ Lender Plan, Noteholder Plan, Step One Lender Plan, Bridge Lender Plan). | Principal Amount of Senior Noteholder Claims Voting to ACCEPT the Plan(s)* | Identify Plan(s) Rejected (Debtor/ Committee/ Lender Plan, Noteholder Plan, Step One Lender Plan, Bridge Lender Plan). | Principal Amount of Senior Noteholder Claims Voting to REJECT the Plan(s)* | Identify the Plan checked in Item 3 of the individual Consolidated Ballot as the Plan most preferred among those Plans accepted (Debtor/ Committee/ Lender Plan, Step One Lender Plan, Noteholder Plan, Bridge Lender Plan). | Check if the Beneficial Owner voted to reject the Debtor/ Committee/ Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/ Lender Plan. | Check if the Beneficial Owner voted to accept the Debtor/ Committee/ Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/ Lender Plan. | Check if the Beneficial Owner voted to reject the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.3.2 of the Step One Lender Plan | Check if the Beneficial Owner voted to accept the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan |
|---|---|---|---|---|---|---|---|---|---|
| 1. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 2. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 3. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 4. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 5. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| TOTALS | | $ | | $ | | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject each of the Plans and may not split such vote.

CHI 5559619v.2

**Item 4 – TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL ELECTION FORMS**

The undersigned transmits the following elections of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Election Forms electing not to transfer such Beneficial Owner's State Law Avoidance Claims (as described in the Election Forms) to the Creditors' Trust.

| Your Customer Name or Account Number for Each Beneficial Owner That Elected Not to Transfer such Beneficial Owner's State Law Avoidance Claims to the Creditors' Trusts under one or more of the Plans | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/ Lender Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan |
|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5(e) of each Consolidated Ballot received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 5 of the Consolidated Ballots regarding other Consolidated Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5(e) of the Consolidated Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 6 – CERTIFICATION.** By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been

provided with a copy of the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order and a Consolidated Ballot for voting its Claim on the Plans; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plans and make the elections called for therein; (c) it received a properly completed and signed Consolidated Ballot from each Beneficial Owner listed in Item 3 above; (d) it received a properly completed and signed Election Form from each Beneficial Owner listed in Item 4 above; and (e) it accurately transcribed all applicable information from the Consolidated Ballots and Election Forms received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plans is subject to all the terms and conditions set forth in the Solicitation Order, dated [          ], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

# VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[2]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Consolidated Ballot and Election Form to such Beneficial Owner(s), along with the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order, the Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Consolidated Ballot and Election Form and (b) return the completed, executed Consolidated Ballot and/or Election Form to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Consolidated Ballots and Election Forms returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject each of the Plans in Item 2;

    iii.    Transcribe the votes from the Consolidated Ballots in Item 2 and indicate the following in Item 3:

        a.    whether each Beneficial Owner voted to accept or reject each of the Plans;

        b.    whether each Beneficial Owner checked a box in Item 3 to prefer one Plan over all other Plans and which Plan the Beneficial Owner preferred;

        c.    in the case of any Beneficial Owners that voted to reject the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        d.    in the case of any Beneficial Owners that voted to accept the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        e.    in the case of any Beneficial Owners that voted to reject the Step One Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.3.2 of the Step One Lender Plan; and

        f.    in the case of any Beneficial Owners that voted to accept the Step One Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Joint Instructions or, where applicable, in the relevant Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. PROPERLY EXECUTED CONSOLIDATED BALLOTS THAT ATTEMPT TO PARTIALLY ACCEPT AND PARTIALLY REJECT ANY PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THAT PLAN. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT EACH OF THE PLANS (OR ABSTAIN FROM VOTING THEREON). IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    List the Beneficial Owners that completed and returned an Election Form electing not to transfer their State Law Avoidance Claims to the Creditors' Trust under each of the Plans in Item 4;

    v.    Transcribe from Item 5(e) of each Consolidated Ballot the information provided by the Beneficial Owners into Item 5 of the Master Ballot;

    vi.    Review the certification in Item 6 of the Master Ballot;

    vii.    Ensure that each Consolidated Ballot and each Election Form is signed and each certification is complete;

    viii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    ix.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    x.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Consolidated Ballot and Election Form returned to you by a Beneficial Owner in your files for at least one (1) year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject each of the Plans in the same proportion as the votes to accept and reject each of the Plans submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on any of the Plans may be withdrawn without the prior consent of the Proponents of the relevant Plan.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and to make certain elections called for therein. Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Consolidated Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot. However, Holders of Senior Noteholder Claims that do not consent to the transfer of their State Law Avoidance Claims to the Creditors' Trusts under one or more of the Plans are required to make such elections on the Election Form and deliver their Senior Notes electronically into the ATOP System.

No Consolidated Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and Election Forms and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**Master Ballot for PHONES Notes Claims**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al., [1]

              Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF
PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT
PLANS OF REORGANIZATION FOR TRIBUNE COMPANY**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND
RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE
FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O
EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK,
NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE
VOTING AGENT BY [       ] AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"),**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims issued by Tribune Company, to transmit the votes of such Beneficial Owners in respect of their PHONES Notes Claims to vote to accept or reject the plans of reorganization for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such plans. Capitalized terms used in this Master Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Master Ballot or, where applicable, in the relevant plan of reorganization.

The following chapter 11 plans have been proposed for the Debtors:

- [First Amended] Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 6599] (the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the Phones Notes [D.I. 6601] (the "Noteholder Plan");

- [First Amended] Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 6607] (the "Step One Lender Plan"); and

- [Amended] Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 6609] (the "Bridge Lender Plan").

These plans of reorganization are referred to in this Master Ballot as the "Plans".

The Voting Instructions attached to this Master Ballot provide detailed, step-by-step instructions for completing the Master Ballot.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plans and the classification and treatment of the PHONES Notes Claims under each of the Plans.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

2

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Plans from the Beneficial Owners of PHONES Notes Claims, and accompanying elections, will be returned to you on Consolidated Ballots and Election Forms. For each completed, executed Consolidated Ballot or Election Form returned to you by a Beneficial Owner, you must retain a copy of such Consolidated Ballot or Election Form in your files for at least one (1) year from the Voting Deadline.

PRIOR TO COMPLETING THIS MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of [_____] 2010, (the "Record Date"), the undersigned (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject each of the Plans and (2) make the elections called for pursuant to each of the Plans, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances/Rejections.** The Beneficial Owners of PHONES Notes in the following aggregate unpaid principal amounts have delivered duly completed Consolidated Ballots to the undersigned (or such information was derived from Consolidated Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **Accept or Reject** the following Plans:

| Plans | Class Description | Accept | Aggregate Unpaid Principal Amount | Reject | Aggregate Unpaid Principal Amount |
|---|---|---|---|---|---|
| Debtor/Committee/Lender Plan | Class 1J | ☐ | $_____ | ☐ | $_____ |
| Noteholder Plan | Class 1I | ☐ | | ☐ | |

| | | | $_____ | | $_____ |
|---|---|---|---|---|---|
| Step One Lender Plan | Class 1J | ☐ | $_____ | ☐ | $_____ |
| Bridge Lender Plan | Class 1I | ☐ | $_____ | ☐ | $_____ |

**Item 3- TRANSMITTAL OF VOTES FROM INDIVIDUAL CONSOLIDATED BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Consolidated Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Identify Plan(s) Accepted (Debtor/ Committee/ Lender Plan, Noteholder Plan, Step One Lender Plan, Bridge Lender Plan). | Principal Amount of PHONES Notes Claims Voting to ACCEPT the Plan(s)* | Identify Plan(s) Rejected (Debtor/ Committee/ Lender Plan, Noteholder Plan, Step One Lender Plan, Bridge Lender Plan.) | Principal Amount of PHONES Notes Voting to REJECT the Plan(s)* | Identify the Plan checked in Item 3 of the Consolidated Ballot as the Plan most preferred among those Plans accepted (Debtor/ Committee/ Lender Plan, Noteholder Plan, Step One Lender Plan or Bridge Lender Plan) | Check if the Beneficial Owner voted to reject the Debtor/ Committee/ Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/ Lender Plan. | Check if the Beneficial Owner voted to accept the Debtor/ Committee/ Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/ Lender Plan. | Check if the Beneficial Owner voted to reject the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. | Check if the Beneficial Owner voted to accept the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. |
|---|---|---|---|---|---|---|---|---|---|
| 1. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 2. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 3. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 4. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| 5. | | $ | | $ | | ☐ | ☐ | ☐ | ☐ |
| TOTALS | | $ | | $ | | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject each of the Plans and may not split such vote.

CHI 5559617v.2

**Item 4 – TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL ELECTION FORMS**

The undersigned transmits the following elections of Beneficial Owners of PHONES Notes Claims and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Election Forms electing not to transfer such Beneficial Owner's State Law Avoidance Claims (as described in the Election Forms) to the Creditors' Trusts under the Plans.

| Your Customer Name or Account Number for Each Beneficial Owner That Elected Not to Transfer such Beneficial Owner's State Law Avoidance Claims to the Creditors' Trusts under one or more of the Plans | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/ Lender Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Noteholder Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Step One Lender Plan | Check if the Beneficial Owner Elected Not to Transfer its State Law Avoidance Claims to the Creditors' Trust under the Bridge Lender Plan |
|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 -  ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Consolidated Ballot received from a Beneficial Owner of PHONES Notes.

**Information transcribed from Item 5 of the Consolidated Ballots regarding other Consolidated Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5(e) of the Consolidated Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 6 – CERTIFICATION.**   By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided a copy of the Joint Disclosure Statement and the Plans related thereto, the Responsive

Statements, the Solicitation Order and a Consolidated Ballot for voting its Claim on the Plans; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plans and make the elections called for therein; (c) it received a properly completed and signed Consolidated Ballot from each Beneficial Owner listed in Item 3 above; (d) it received a properly completed and signed Election Form from each Beneficial Owner listed in Item 4 above; and (e) it accurately transcribed all applicable information from the Consolidated Ballots and Election Forms received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plans is subject to all the terms and conditions set forth in the Solicitation Order, dated [          ], 2010.

---
Name of Voting Nominee

---
Participant Number

---
Signature

---
If by Authorized Agent, Name and Title

---
Street Address

---
City, State and Zip Code

---
Telephone Number

---
Email

---
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [          ] AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

# VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is [                    ] at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[2]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a Consolidated Ballot and Election Form to such Beneficial Owner(s), along with the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order, the Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Consolidated Ballot and Election Form and (b) return the completed, executed Consolidated Ballot and/or Election Form to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots and Election Forms returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject each of the Plans in Item 2;

    iii.    Transcribe the votes from the Consolidated Ballots in Item 2 and indicate the following in Item 3:

        a.  whether each Beneficial Owner voted to accept or reject each of the Plans;

        b.  whether each Beneficial Owner checked a box in Item 3 to prefer one Plan over all other Plans and which Plan the Beneficial Owner preferred;

        c.  in the case of any Beneficial Owners that voted to reject the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        d.  in the case of any Beneficial Owners that voted to accept the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        e.  in the case of any Beneficial Owners that voted to reject the Step One Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.3.2 of the Step One Lender Plan; and

        f.  in the case of any Beneficial Owners that voted to accept the Step One Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Joint Instructions or, where applicable, in the relevant Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED CONSOLIDATED BALLOTS THAT ATTEMPT TO PARTIALLY ACCEPT AND PARTIALLY REJECT ANY PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THAT PLAN.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT EACH OF THE PLANS (OR ABSTAIN FROM VOTING THEREON).  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    List the Beneficial Owners that completed and returned an Election Form electing not to transfer their State Law Avoidance Claims to the Creditors' Trust under each of the Plans in Item 4;

    v.    Transcribe from Item 5(e) of each Consolidated Ballot the information provided by the Beneficial Owners into Item 5 of the Master Ballot;

    vi.    Review the certification in Item 6 of the Master Ballot;

    vii.    Ensure that each Consolidated Ballot and each Election Form is signed and each certification is complete;

    viii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

    ix.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    x.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is <u>actually received</u> by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot and Election Form returned to you by a Beneficial Owner in your files for at least one (1) year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the record amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject each of the Plans in the same proportion as the votes to accept and reject each of the Plans submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes.  After the Voting Deadline, no vote on any of the Plans may be withdrawn without the prior consent of the Proponents of the relevant Plan.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and to make certain elections called for therein. Holders of PHONES Notes Claims should not surrender their PHONES Notes with the Consolidated Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot. However, Holders of PHONES Notes Claims that do not consent to the transfer of their State Law Avoidance Claims to the Creditors' Trusts under one or more of the Plans are required to make such elections on the Election Form and deliver their PHONES Notes electronically into the ATOP System.

No Consolidated Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and Election Forms and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## JOINT INSTRUCTIONS FOR COMPLETING CONSOLIDATED BALLOTS TO ACCEPT OR REJECT PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

**THESE JOINT INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE CONSOLIDATED BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE PLANS OF REORGANIZATION WILL BE COUNTED.**

**Why You Have Received a Consolidated Ballot.** You have been identified as a Beneficial Owner of a Senior Noteholder Claim or a PHONES Notes Claim (including, for voting purposes only, a PHONES Notes Exchange Claim) against Tribune Company, a debtor in the above-captioned chapter 11 cases (collectively with the other debtors in the above-captioned chapter 11 cases, the "Debtors"), that is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

entitled to vote to accept or reject one or more of the plans of reorganization that have been proposed for Tribune Company.[2] Four (4) plans of reorganization have been proposed for the Debtors, as follows:

- [First Amended] Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 6599] (as it may be amended, the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 6601] (as it may be amended, the "Noteholder Plan");

- [First Amended] Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 6607] (as it may be amended, the "Step One Lender Plan"); and

- [Amended] Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 6609] (as it may be amended, the "Bridge Lender Plan").

These plans of reorganization are referred to herein as the "Plans". As you are entitled to vote on each of the Plans, you have been sent as part of the package of materials containing these Joint Instructions (the "Solicitation Package") a consolidated ballot (a "Consolidated Ballot") so that you may vote to accept or reject the Plans and make elections called for under the Plans. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans). As a result, you will receive a recovery only under the Plan that is confirmed for the Debtors. Accordingly, it is important for you to vote on each of the Plans to indicate whether you would accept or reject such Plan in the event it is the one confirmed by the Bankruptcy Court.

**Materials that You Have Been Sent with the Consolidated Ballot.** You have been sent with the Consolidated Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the

---

[2] Capitalized terms not defined in these Joint Instructions have the meanings ascribed to them in the Plans, the General Disclosure Statement, or the relevant Specific Disclosure Statement, as applicable.

CHI 5559612v.2

Plans, including (i) Responsive Statements submitted by Proponents of each of the Plans containing those Proponents' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the General Disclosure Statement, approved the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans.  The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans.  It is also very important that you consider each of the Plans and not only one particular Plan or another.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Consolidated Ballots.**  You must complete, sign and date your Consolidated Ballot and return it in the enclosed envelope to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Consolidated Ballot and submit a Master Ballot to the Voting Agent so that it is actually received by the Voting Agent no later than **4:00 p.m. on [__, 2011] (the "Voting Deadline")**, or your votes will not be counted, and your elections will not be valid.  Please do not mail Consolidated Ballots directly to the Debtors or to any of the Proponents.  Please note that if you are a Holder of a PHONES Notes Claim and a PHONES Notes Exchange Claim, you will receive separate Consolidated Ballots on which to vote your Claims.  In order for all of your votes on the Plans to be counted, you must return the Consolidated Ballot for your PHONES Notes Claim to your Voting Nominee as described above and return your Consolidated Ballot for your PHONES Notes Exchange Claim directly to the Voting Agent on or prior to the Voting Deadline.

**How to Complete Your Consolidated Ballot.**  The following are step-by-step instructions for how to complete your Consolidated Ballot:

a.    Item 1: **Amount of Claim.**

If you are Holder of a Senior Noteholder Claim or a PHONES Notes Claim (other than a PHONES Notes Exchange Claim), please certify the amount of your Claim as of [        ], 2010 (the "Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Consolidated Ballot is the Beneficial Owner, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Consolidated Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Consolidated Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Consolidated Ballot, please see "Questions Concerning Your Claim Amount" below.

If you are a Holder of a PHONES Notes Exchange Claim, please certify the amount in Item 1 as of the date you sought to tender your PHONES Notes to Tribune Company (the "Exchange Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Consolidated Ballot is the Beneficial Owner, as of the Exchange Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Consolidated Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Consolidated Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Consolidated Ballot, please see "Questions Concerning Your Claim Amount" below.

CHI 5559612v.2

b.    <u>Item 2</u>:  **Vote to Accept or Reject the Plans.**

Please cast your vote to accept or reject each of the Plans by checking the appropriate boxes in Item 2.  You may vote on all of the Plans or only some of them.  Your vote to accept or reject any particular Plan, or to abstain from voting on any particular Plan, does not preclude you from voting to accept or reject, or abstaining from voting on, any other Plan.  Any vote you cast to accept or reject a particular Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans.  Although you may vote differently on different Plans, you must vote the entire amount of your Claim to accept or reject a particular Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject a particular Plan.

Each of the Plans may specify very different treatment for Claims in a particular Class.  Information has to how each Plan treats particular Claims may be found in the Plans and in the Specific Disclosure Statements.

Please be aware that your vote to accept a particular Plan may also be deemed to be a release of various Claims provided for in that Plan.  It is important that you review each Plan carefully in considering how to vote.

If a Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject that Plan or abstain from voting on that Plan.

c.    <u>Item 3</u>:  **Preference Election Among Plans (Optional).**

If you wish, select the Plan that you voted to accept in Item 2 that you prefer most among the Plans in Item 3.  Please indicate such preference by checking the box next to the Plan you prefer the most.  You may only check one box.  If you do not elect to indicate your preference, you will be assumed to prefer all Plans that you voted to accept on an equal basis.

d.    <u>Item 4</u>:  **Elections Under the Plans (Optional).**

Each of the Plans contains various elections that the Holders of Claims in Classes entitled to vote on the Plans may make.  These elections affect the treatment of your Claim under the Plans and releases that you may opt to grant or not to grant under various of the Plans.  Making some or all of these elections is your choice; however, your elections in Item 4 may materially affect your rights and/or the treatment of your Claim.

You may make the elections listed below and on your Consolidated Ballot on a Plan-by-Plan basis.  The descriptions below provide you with the locations in each Plan where you may find the language relevant to the election in question.  It is important that you read each of the referenced sections carefully in determining whether to make the elections below.

*Please note that you should consider each election under all of the Plans carefully, even if you voted to reject a particular Plan or did not vote on a particular Plan.*

i.    <u>Elections Under the Debtor/Committee/Lender Plan.</u>

A.    *Debtor/Committee/Lender Plan Election – Non-Debtor Releases.*  This election applies to <u>all</u> Holders of Senior Noteholder Claims and PHONES Notes Claims entitled to vote to accept or reject the Debtor/Committee/Lender Plan.  Section 11.2.2 of the Debtor/Committee/Lender Plan provides for certain releases of third parties by Holders of Claims and Interests.  If you voted to accept the

4

Debtor/Committee/Lender Plan, you have the right to opt out of the Section 11.2.2 third party releases by checking the appropriate box, which means that you will not grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan and will not receive the benefit of those releases. If you voted to reject the Debtor/Committee/Lender Plan, you have the right to opt in to the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the appropriate box, which means that you will grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, and you will receive the benefit of those releases.

     ii.     <u>Elections Under the Step One Lender Plan</u>.

     A.     *Step One Lender Plan Election - Non-Debtor Releases.*  This election applies to <u>all</u> Holders of Senior Noteholder Claims and PHONES Notes Claims entitled to vote to accept or reject the Step One Lender Plan. Section 11.3.2 of the Step One Lender Plan provides for certain releases of third parties by Holders of Claims and Interests. If you voted to accept the Step One Lender Plan, you have the right to opt out of the Section 11.3.2 third party releases by checking the appropriate box, which means that you will not grant the releases in Section 11.3.2 of the Step One Lender Plan and will not receive the benefit of those releases. If you voted to reject the Step One Lender Plan, you have the right to opt in to the releases in Section 11.3.2 of the Step One Lender Plan by checking the appropriate box, which means that you will grant the releases contained in Section 11.3.2 of the Step One Lender Plan, and you will receive the benefit of those releases.

     iii.     <u>Elections Not to Transfer State Law Avoidance Claims Under Each of the Plans</u>.

     A.     Each of the four Plans provides, as a default, that Holders of certain Claims against Tribune Company will transfer their State Law Avoidance Claims (as defined in each Plan) to a Creditors' Trust. You have received a separate election form (the "<u>Election Form</u>") by which you may elect not to transfer State Law Avoidance Claims to the Creditors' Trust. Details concerning the transfer of your State Law Avoidance Claims to a Creditors' Trust, and the resulting affect that such transfer will have on your potential recoveries under a particular Plan, are described in each of the Plans. You may elect to make, or not to make, this election under each of the Plans separately. Please see the Election Form for further instructions regarding this election.

     Pursuant to the Solicitation Order, Election Forms will be valid only as to those Senior Notes and PHONES Notes that have been electronically delivered, as of the Voting Deadline, into the Automated Tender Offer Program system (the "<u>ATOP System</u>") at The Depository Trust Company. Only your Voting Nominee can submit an Election Form on your behalf. Senior Notes and PHONES Notes that are electronically delivered can be withdrawn up to the Voting Deadline but cannot be withdrawn, and will no longer be freely tradable, after the Voting Deadline.

     e.     <u>Item 5</u>: **Certifications.**

     Please review and complete the certifications in Item 5. Your original signature is required on the Consolidated Ballot for your votes on the Plans and your elections under the Plans to count. In addition, in Item 5, if you are completing the Consolidated Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Consolidated Ballot.

     The certifications in Item 5 also require you to certify that the Consolidated Ballot being submitted is either the only Consolidated Ballot you have submitted for Senior Noteholder Claims or

PHONES Notes Claims (including PHONES Notes Exchange Claims) or, if not, that all other Consolidated Ballots submitted by you for such Claims are as identified in Item 5(e). You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Consolidated Ballot.** If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, once you have completed your Consolidated Ballot in accordance with the foregoing instructions, please return the completed Consolidated Ballot to the Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. Please allow sufficient time for mailing your Consolidated Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

**Special Notice for Holders of PHONES Notes Exchange Claims.** For the avoidance of doubt, owners of PHONES Notes Exchange Claims (as defined in the Noteholder Plan and the Bridge Lender Plan) should also use this Consolidated Ballot to cast their votes under the Plans; provided, however, that to the extent the Bankruptcy Court determines that PHONES Notes Exchange Claims are not properly classified as PHONES Notes Claims under the Noteholder Plan and the Bridge Lender Plan, the votes pertaining to such PHONES Notes Exchange Claims shall be applied to the applicable Class in which such Claims are reclassified. PHONES Notes Claims and PHONES Notes Exchange Claims and the differing treatment to be provided to them are described in each of the Plans and the Specific Disclosure Statements related thereto, and to the extent a Plan separately classifies the PHONES Notes Exchange Claims.

**The preprinted amount of your PHONES Notes Exchange Claim above will control for voting purposes only. The preprinted amount is equal to the amount of PHONES Notes that you sought to tender to Tribune Company. VOTING THE PRINCIPAL AMOUNT OF PHONES NOTES YOU SOUGHT TO EXCHANGE DOES NOT MEAN THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL BE ALLOWED IN THE AMOUNT OF THE PHONES NOTES YOU PREVIOUSLY HELD, OR THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL RECEIVE THE TREATMENT AFFORDED TO THE PHONES NOTES CLAIMS UNDER ANY OF THE PLANS. INSTEAD, THE AMOUNT STATED ABOVE SHALL GOVERN FOR VOTING PURPOSES ONLY, AND THE AFOREMENTIONED ISSUES (INCLUDING THE ALLOWED AMOUNT AND CLASSIFICATION OF PHONES NOTES EXCHANGE CLAIMS) REMAIN SUBJECT TO DETERMINATION BY THE BANKRUPTCY COURT.**

If you are a Holder of a PHONES Notes Exchange Claim, once you have completed your Consolidated Ballot, please return the completed Consolidated Ballot to the Voting Agent on or prior to the Voting Deadline. To the extent you hold both PHONES Notes Claims and PHONES Notes Exchange Claims, you will receive separate Consolidated Ballots – one from your Voting Nominee and one directly from the Voting Agent. In order for each of your votes on the Plans to count, you must return each Consolidated Ballot that you receive prior to the Voting Deadline. You must return the Consolidated Ballot for your PHONES Notes Claim to your Voting Nominee and return the Consolidated Ballot for your PHONES Notes Exchange Claims directly to the Voting Agent.

**No Electronic Transmissions.** Consolidated Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Consolidated Ballot is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, your Consolidated Ballot will <u>not</u> be counted.

**No Withdrawal.** After the Voting Deadline, you may not (i) withdraw or modify your Consolidated Ballot in any way, (ii) change your vote to accept or reject any of the Plans, (iii) change

your Plan preference (if applicable), or (iv) change your election to transfer your State Law Avoidance Claims to the Creditors' Trust, which can be made on a separate election form.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Consolidated Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your Claim allowed solely for voting purposes in a different amount, you must serve on the Proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **[January [ ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Consolidated Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Proponents of each of the Plans and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Consolidated Ballot or otherwise in accordance with the tabulation rules. **[February [ ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated [June 4], 2010 (as subsequently amended, the "Prior Plan"), which was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Consolidated Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Consolidated Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Consolidated Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Consolidated Ballot is Not a Proof of Claim or Interest.** The Consolidated Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

**Additional Information.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans. The Consolidated Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Consolidated Ballot. [Holders should not surrender any debt instruments together with their Consolidated Ballot.] The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot.

Holders of Senior Noteholder Claims and PHONES Notes Claims that do not consent to the transfer of their State Law Avoidance Claims to the Creditors' Trusts under each Plan are required to make such election on the Election Form and deliver their Notes electronically into the ATOP System.