**Exhibit B**

**Blacklines of Ballots and Instructions (filed 11/8/10 v. Current)**

## Exhibit B-1

**Blackline of Debtors/Committee/Lender Ballots and Instructions**

**Senior Loan Claims/Senior Guaranty Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER ~~BALLOT~~PLAN BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST ~~TRIBUNE COMPANY~~GUARANTOR DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender ~~ballot~~Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender ~~ballot~~Plan Ballot have the meanings given

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

This Debtor/Committee/Lender ~~ballot~~Plan Ballot is only ~~in respect of~~to be used for voting your Senior Loan Claims (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtor/Committee/Lender Plan jointly on this Debtor/Committee/Lender ~~ballot~~Plan Ballot, with each such vote to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims.

**Pre-Packaged Plan.** The Debtor/Committee/Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Debtor/Committee/Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for ~~in~~under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of [~~November [  ]~~], 2010] (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and ~~a~~ Senior Guaranty ~~Claim~~Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Senior Loan Claim and Senior Guaranty ~~Claim~~Claims set forth above hereby

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one

votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |

ITEM 2A.   **ELECTION TO PREFER PLAN (OPTIONAL).**  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   **RELEASES (OPTIONAL).**  If you return a Debtor/Committee/Lender ~~ballot~~Plan Ballot and ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender ~~ballot~~Plan Ballot, you will be deemed not to have granted such releases <u>unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan</u>.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.   **ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).**  <u>With respect to your Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the</u>

---

hand, and the holders of Loan Guaranty Claims, on the other hand (the "<u>Guarantor Non-Debtor ~~Compromise and~~ Release</u>") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor ~~Compromise and~~ Release and all other terms of the Debtor/Committee/Lender Plan.  The<u> Joint</u> Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor ~~Compromise and~~ Release will be binding on you.

transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐ The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Debtor/Committee/Lender ballotPlan Ballot, the Holder of the Senior Loan Claim and Senior Guaranty Claims identified in Item 1 certifies that it:

a.   is the Holder of the Senior Loan Claim and Senior Guaranty Claims to which this Debtor/Committee/Lender ballotPlan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender ballotPlan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender ballotPlan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.   has not submitted any other Debtor/Committee/Lender ballotsPlan Ballots on account of the Senior Loan Claims and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender ballotPlan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender ballotsPlan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)
Title:_____
          (If Appropriate)

Street Address:_____

          _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

     This Debtor/Committee/Lender ~~ballot~~Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([                    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Bridge Loan Claims – Debtor/Committee/Lender Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender ballotPlan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender ballotPlan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender ballotPlan Ballot is only in respect ofto be used for voting your Bridge Loan Claims (Class 1D Claims against Tribune Company).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 casesCases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for inunder the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.   AMOUNT OF BRIDGE LOAN CLAIM.  The undersigned certifies that as of [November [—], 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
| --- | --- |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan. The Joint Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender ~~ballot~~Plan Ballot and ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender ~~ballot~~Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐   The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Debtor/Committee/Lender ~~ballot~~Plan Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

a.   is the Holder of the Bridge Loan Claim to which this Debtor/Committee/Lender ~~ballot~~Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender ~~ballot~~Plan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender ~~ballot~~Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure

3

Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Debtor/Committee/Lender ~~ballots~~Plan Ballots on account of the Bridge Loan Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender ~~ballot~~Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender ~~ballots~~Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

    This Debtor/Committee/Lender ~~ballot~~Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the <u>other</u> Proponents <u>of the Debtors/Committee/Lender Plan</u> of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

<div style="border:1px solid black;">

**YOUR DEBTOR/COMMITTEE/LENDER <u>PLAN</u> BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER <u>PLAN</u> BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER <u>PLAN</u> BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER <u>PLAN</u> BALLOT OR ADDITIONAL**

**COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER <u>PLAN </u>BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER<u> PLAN</u> BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

**<u>Other Parent Claims – Debtor/Committee/Lender Plan</u>**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**DEBTOR/COMMITTEE/LENDER <u>PLAN </u>BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This Debtor/Committee/Lender <s>ballot</s>Plan Ballot is for voting to accept or reject the <u>First Amended</u> Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Debtor/Committee/Lender Plan</u>"). Capitalized terms not defined in this Debtor/Committee/Lender <s>ballot</s>Plan Ballot have the meanings given to them in <u>the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or</u> the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender ~~ballot~~Plan Ballot is only ~~in respect of~~to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for ~~in~~under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of [~~November [~~ ], 2010] (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.   CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 2B.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL).  Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim.  If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

☐  The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for the Other Parent Claim voted herein.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender ~~ballot~~Plan Ballot and ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender ~~ballot~~Plan Ballot, you will be deemed to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).¶ ~~☐    The undersigned elects not to~~ The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer ~~its~~of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under ~~Section 14.3.1 of the~~ Debtor/Committee/Lender Plan.  If you ~~make this election, you will not receive interests in the Creditors' Trust and will not share in any distributions made by the Creditors' Trust.~~wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.  **If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan in Item 2B above, this election does not apply to you.**¶

¶

☐  The undersigned elects ~~not to~~ to transfer ~~its~~ Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Debtor/Committee/Lender ~~ballot~~Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Other Parent Claim to which this Debtor/Committee/Lender ~~ballot~~Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender ~~ballot~~Plan Ballot;

    b.  has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender ~~ballot~~Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

    c.  has not submitted any other Debtor/Committee/Lender ~~ballots~~Plan Ballots on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender ~~ballot~~Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender ~~ballots~~Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

                 _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender ~~ballot~~Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.

YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**EGI-TRB LLC Notes Claims – Debtor/Committee/Lender Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender ballotPlan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender ballotPlan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender ~~ballot~~Plan Ballot is only ~~in respect of~~to be used for voting your EGI-TRB LLC Notes Claims (Class 1I Claims against Tribune Company).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for ~~in~~under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.   AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of [~~November~~ [ ], 2010] (the "Record Date"), the undersigned was the Holder of ~~a~~an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender ~~ballot~~Plan Ballot and ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender ~~ballot~~Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

> ☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

> ☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.¶

> ☐  The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Debtor/Committee/Lender ~~ballot~~Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

> a.  is the Holder of the EGI-TRB LLC Notes Claim to which this Debtor/Committee/Lender ~~ballot~~Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender ~~ballot~~Plan Ballot;

> b.  has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender ~~ballot~~Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

> c.  has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the EGI-TRB LLC Notes ~~Claims~~Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such

other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([        ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**General Unsecured Claims against Filed Subsidiary Debtors – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES )

This Debtor/Committee/Lender ballotPlan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms not defined in this Debtor/Committee/Lender ballotPlan Ballot have the meanings given to them in the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or the Debtor/Committee/Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, Inc. (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender ballotPlan Ballot is only in respect ofto be used for voting your General Unsecured Claims (Class [2E – 111E] Claims against the Filed Subsidiary Debtors).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 casesCases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for inunder the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS.  The undersigned certifies that as of [November [_], 2010] (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.  ¶

Debtor_____¶
Class_____
$ _____

**The preprinted amount and classification of your Claim as set forth above controlscontrol for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of athe General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan).

Plans you accept. If the Debtor/Committee/Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Debtor/Committee/Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender ~~ballot~~Plan Ballot and ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender ~~ballot~~Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects _not_ to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    CERTIFICATION. By signing this Debtor/Committee/Lender ~~ballot~~Plan Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary ~~Debtor~~Debtors identified in Item 1 certifies that it:

a.   is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Debtor/Committee/Lender ~~ballot~~Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender ~~ballot~~Plan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender ~~ballot~~Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.   has not submitted any other Debtor/Committee/Lender ~~ballots~~Plan Ballots on account of the General Unsecured Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender ~~ballot~~Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender ~~ballots~~Plan Ballots were previously submitted,

they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
      (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

      _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender ~~ballot~~ Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtors/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([     ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING THE DEBTOR/COMMITTEE/LENDER PLAN BALLOT TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE BLUE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE DEBTOR/COMMITTEE/LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Debtor/Committee/Lender Plan Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the First Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5410); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan").[2]  The Debtor/Committee/Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors.  These plans of reorganization are referred to herein as the "Plans"."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Debtor/Committee/Lender Plan, and to make certain elections under that Plan.  You have accordingly been sent a blue ballot (the "Debtor/Committee/Lender Plan Ballot") to allow you to vote on the Debtor/Committee/Lender Plan and, if applicable, make elections available under the Debtor/Committee/Lender Plan.[3]

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Debtor/Committee/Lender Plan.  Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot.  Votes cast on the blue ballot to accept or reject the Debtor/Committee/Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Debtor/Committee/Lender Plan.  Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan.  Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Debtor/Committee/Lender Plan Ballot.**  You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans.  Some of those materials are on CD-ROM.  Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors.  The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court, dated [_____], (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans.  The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Debtor/Committee/Lender Plan or the General Disclosure Statement, as applicable.

[3] ~~Holders of Senior Noteholder Claims and Holders of PHONES Notes Claims will not receive a Debtor/Committee/Lender ballot for such claims, and instead will receive a Consolidated Ballot with which such Holders of Senior Noteholder Claims and Holders of PHONES Notes Claims will be able to casts votes to accept or to reject each of the Plans and make certain elections called for therein.  Holders of Senior Noteholder Claims and Holders of PHONES Notes Claims will receive Joint Instructions for Completing Consolidated Ballots, which will provide such Holders with instructions for completing the Consolidated Ballot.~~

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans and not only one particular Plan or another.**

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Debtor/Committee/Lender Plan Ballots.** For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you You must complete, sign and date your Debtor/Committee/Lender ballot Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail your Debtor/Committee/Lender ballot Plan Ballots directly to the Debtors or to any of the Proponents of the Debtor/Committee/Lender Plan. If you do not return your Debtor/Committee/Lender ballot Plan Ballot so that it is actually received by the Voting Deadline, the votes reflected on your Debtor/Committee/Lender ballot Plan Ballot will not be counted, and the elections reflected on your Debtor/Committee/Lender ballot Plan Ballot will not be valid.

**How to Complete Your Debtor/Committee/Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Debtor/Committee/Lender ballot Plan Ballot for voting on the Debtor/Committee/Lender Plan and making the elections called for thereunder:

a.    Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of [November [ __ ], 2010] (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Debtor/Committee/Lender ballot Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Debtor/Committee/Lender ballot Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Debtor/Committee/Lender ballot Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the ballot Debtor/Committee/Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 1A: **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender ballot Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender ballot Plan Ballot will not contain the Convenience Class Election described here. If your Debtor/Committee/Lender ballot Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Debtor/Committee/Lender Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Debtor/Committee/Lender Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Debtor/Committee/Lender Plan will not be counted; and (d) you will be deemed to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

3

c.      Item 2:  **Vote to Accept or Reject the Debtor/Committee/Lender Plan.**

Please cast your vote to accept or reject the Debtor/Committee/Lender Plan by checking the applicable box in Item 2.  Any vote you cast to accept or reject the Debtor/Committee/Lender Plan will be tabulated solely as a vote to accept or reject the ~~Debtor/Committee/Lender~~that Plan, and will not apply to any other Plans.  Please note that you must vote the entire amount of your Claim to accept or reject the Debtor/Committee/Lender Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Debtor/Committee/Lender Plan.

Please be aware that a vote to accept the Debtor/Committee/Lender Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, unless you elect not to grant such releases by checking the appropriate box on the ballot.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box on your ~~ballot~~Debtor/Committee/Lender Plan Ballot.  The Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtor/Committee/Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Debtor/Committee/Lender Plan).

For Holders of Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, ~~section~~Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan.

d.      Item 2A:  **Election to Prefer the Debtor/Committee/Lender Plan.**

You have the option to accept more than one of the Plans.  If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted.  If you have accepted more than one Plan and wish to designate the Debtor/Committee/Lender Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the ~~ballot~~Debtor/Committee/Lender Plan Ballot.  Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

e.      Item 2B:  **Treatment Election for Class 1F Other Parent Claims.**

4

*Item 2B applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender ~~ballot~~Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender ~~ballot~~Plan Ballot will not contain the Treatment Election described here. If your Debtor/Committee/Lender ~~ballot~~Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 2B and move on to Item 3 below.*

The Debtor/Committee/Lender Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.6(c) of the Debtor/Committee/Lender Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim. If you do not submit a ~~ballot~~Debtor/Committee/Lender Plan Ballot, or submit a ~~ballot~~Debtor/Committee/Lender Plan Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim.

If you ~~do not~~ elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you ~~must elect to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to Section 14.3.1~~may not make the election in Item 4 below.  that election is only relevant for those Holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

    f.    <u>Item 3</u>:  **Releases (Optional).**

If you ~~voted~~vote to accept the Debtor/Committee/Lender Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt out of granting those releases. If you ~~voted~~vote to reject the Debtor/Committee/Lender Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt in to granting those releases. If you do not return a ~~ballot~~Debtor/Committee/Lender Plan Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

If you voted to accept the Debtor/Committee/Lender Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Debtor/Committee/Lender Plan but wish to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Debtor/Committee/Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Debtor/Committee/Lender Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will not receive the benefit of the releases set forth in the Debtor/Committee/Lender Plan**.

    g.    <u>Item 4</u>:  **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 4 applies only to the Senior Loan Claims, Bridge Loan Claims, ~~Senior Noteholder Claims,~~ Other Parent Claims, and EGI-TRB LLC Notes Claims ~~and PHONES Notes Claims~~. If your*

5

Debtor/Committee/Lender ~~ballot~~Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender ~~ballot will not contain the Treatment Election described here~~Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Debtor/Committee/Lender ~~ballot does not relate to a Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims or PHONES Notes Claims.~~Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item ~~5 below.~~5.

~~The~~Section 14.3.1 of the Debtor/Committee/Lender Plan provides as a default that Holders of certain Claims, including Senior Loan Claims, Bridge Loan Claims, ~~Senior Noteholder Claims,~~ Other Parent Claims, and EGI-TRB LLC Notes Claims ~~and PHONES Notes Claims~~, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Debtor/Committee/Lender Plan. ~~That transfer is described in~~You have the right to opt out of this transfer under Section 14.3.1 of the Debtor/Committee/Lender Plan. ~~You have the right to opt out of this transfer.~~ If a Holder of any such Claim wishes to opt out of this transfer, it must check the box in Item 4.[4]  If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan.  If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not ~~elect to~~check the box in Item 4 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.2 of the Debtor/Committee/Lender Plan, to have, as of the Effective Date of the Debtor/Committee/Lender Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Debtor/Committee/Lender ~~ballot~~Plan Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

    h.    <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5.  Your original signature is required on the Debtor/Committee/Lender ~~ballot~~Plan Ballot for your votes on the Debtor/Committee/Lender Plan and your elections under the Debtor/Committee/Lender Plan to count. In addition, in Item 5, if you are completing the Debtor/Committee/Lender ~~ballot~~Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing

---

[4] ~~Holders of Senior Noteholder Claims and Holders of PHONES Notes Claims will receive a separate Election Form by which such Holders may elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust. Instructions for completing such Election Forms are provided in the Joint Instructions for Completing Consolidated Ballots that Holders of Senior Noteholder Claims and Holders of PHONES Notes Claims will receive with the Consolidated Ballot and the Election Form.~~

6

address if different from that set forth on the mailing label, or if no mailing label is attached to the Debtor/Committee/Lender ~~ballot~~Plan Ballot.

**Returning Your Debtor/Committee/Lender Plan Ballot**.  Once you have completed your Debtor/Committee/Lender ~~ballot~~Plan Ballot in accordance with the foregoing instructions, please return the completed Debtor/Committee/Lender ~~ballot~~Plan Ballot to the Voting Agent at the appropriate address specified in your Debtor/Committee/Lender ~~ballot~~Plan Ballot so that the Debtor/Committee/Lender ~~ballot~~Plan Ballot is actually received by the Voting Agent before the Voting Deadline.

Debtor/Committee/Lender ~~ballots~~Plan Ballots submitted by facsimile or other electronic transmission will not be counted.  In addition, please note that if your Debtor/Committee/Lender ~~ballot~~Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Debtor/Committee/Lender ~~ballot~~Plan Ballot will not be counted.

After the Voting Deadline, unless you obtain the prior consent of the ~~proponents~~Proponents of the Debtor/Committee/Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Debtor/Committee/Lender ~~ballot~~Plan Ballot in any way, (ii) change your vote to accept or reject the Debtor/Committee/Lender Plan, (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Debtor/Committee/Lender ~~ballot~~Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the ~~proponents~~Proponents of each of the Plans (at the notice addresses specified in ~~Schedule [  ]~~Article X of the ~~Joint~~General Disclosure Statement) and file with the Bankruptcy Court, on or before **[January [  ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the ~~proponents~~Proponents of each of the Plans ~~has~~have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules.  **[February [  ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.**  You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan").  Ballots that were used in voting to accept or reject the Prior Plan are no longer valid.  If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans.  If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.**  If you have questions concerning the ~~ballot~~ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at 888-287-7568 or

tribunevote@epiqsystems.com.  Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Debtor/Committee/Lender Plan Ballot is Not a Proof of Claim or Interest.**  The Debtor/Committee/Lender ~~ballot~~Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Debtors/Committee/Lender Plan of the nature, validity, or amount of any Claim or Interest.

CH1 ~~5555654~~5558556v.~~4~~3

## Exhibit B-2

**Blackline of Noteholder Plan Ballots and Instructions**

¶
**Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Noteholder Plan**

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN ¶
CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN ¶
GUARANTY CLAIMS AGAINST ~~TRIBUNE COMPANY~~GUARANTOR DEBTORS TO ACCEPT
OR REJECT ¶
THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT ¶
FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ~~ballot~~Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1No89); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this ~~ballot~~Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

This ~~ballot~~Noteholder Plan Ballot is only ~~in respect of~~to be used for voting your Step One Senior Loan Claims (Class 1C Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C – 111C) Claims against the Guarantor Debtors). If you hold other ~~claims~~Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this ~~ballot~~Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of ~~November~~[-], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and ~~a~~ Step One Senior Loan Guaranty ~~Claim~~Claims against ~~each of~~ the Guarantor Debtors~~, with each Claim~~ in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your ~~Claim~~Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty ~~Claim~~Claims set forth above hereby votes with respect to such ~~Claim~~Claims on the Noteholder Plan as follows (check one box only):

| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |
|---|---|
|  |  |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

2

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  [Intentionally Omitted.]

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step One Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step One Senior Loan Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step One Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step One Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' ~~trust~~Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit a~~this~~ this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step One Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM ~~4.~~5.  CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.  is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this ~~ballot~~Noteholder Plan Ballot;

    b.  has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.  has not submitted any other ~~ballots relating to the~~ Noteholder Plan Ballots on account of the Step One Senior Loan Claim and/or Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots related to the~~ Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
      (Print or Type)

Signature:_____

By:_____
      (If Appropriate)
Title:_____
      (If Appropriate)

Street Address:_____

      _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |

New York, NY 10150-5014                    New York, NY 10017

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS
AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN GUARANTY CLAIMS
AGAINST ~~TRIBUNE COMPANY~~THE GUARANTOR DEBTORS TO ACCEPT OR REJECT
THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR
TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ~~ballot~~Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan")~~, and make certain elections called for in the Noteholder Plan~~. Capitalized terms not defined in this ~~ballot~~Noteholder Plan

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

The Noteholder Plan Ballot is only in respect of to be used for voting your Step Two Senior Loan Claims (Class 1D Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballot ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

.

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of November [ ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and a Step Two Senior Loan Guaranty Claim Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claim Claims set forth above hereby votes with respect to such Claim Claims on the Noteholder Plan as follows (check one box only):

| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |
|---|---|
|  |  |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Step Two Senior Loan ~~Claims~~Claim (Class 1D Claims ~~Against~~against Tribune Company) *only,* the Noteholder Plan, at ~~section~~Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step Two Senior Loan Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*\*\* The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step Two Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step Two Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' ~~trust~~Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step Two Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.***

ITEM 5.    CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this ~~ballot~~Noteholder Plan Ballot;

b.    has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.    has not submitted any other ~~ballots relating to the~~ Noteholder Plan Ballots on account of the Step Two Senior Loan Claims and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots~~Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

3

Name: _____
       (Print or Type)

Signature: _____

By: _____
       (If Appropriate)
Title: _____
       (If Appropriate)

Street Address: _____

       _____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([       ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company ~~Noteholder~~ Ballot Processing Center | Tribune Company ~~Noteholder~~ Ballot Processing Center |

c/o Epiq Bankruptcy Solutions, LLC          c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                        757 Third Avenue, Third Floor
New York, NY 10150-5014                         New York, NY 10017

**Bridge Loan Claims and Bridge Loan Guaranty Claims – Noteholder Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST ~~TRIBUNE COMPANY~~THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ~~ballot~~Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

————This Step OneNoteholder Plan Ballot is only in respect ofto be used for voting your Bridge Loan Claims (Class 1E Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50E – 111E against the Guarantor Debtors). If you hold other claimsClaims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.¶
¶

 Please note that Bridge Loan Claims and Bridge Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Bridge Loan Claims and Bridge Loan Guaranty Claims.¶

 **Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

 *PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

 **To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for under the Noteholder Plan, please complete the following:**

ITEM 1. AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY CLAIMS. The undersigned certifies that as of November [_], 2010] (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

 **The preprinted amount of your ClaimClaims as set forth above controls for voting purposes.**

ITEM 2. VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |
|---|---|
|  |  |

ITEM 2A. ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

 ☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3. [Intentionally Omitted.]

2

ITEM 4.  NON-CONTRIBUTION ELECTION (OPTIONAL).  With respect to your Bridge Loan Claim (Class 1E Claim against Tribune Company) *only,* the Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

    I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Bridge Loan Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

** *The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your ~~Step One Senior~~Bridge Loan ~~Claims~~Claim, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your ~~Step One Senior~~Bridge Loan ~~Claims~~Claim and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' ~~trust~~Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your ~~Step One Senior~~Bridge Loan ~~Claims~~Claim to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such ~~Claims~~Claim.**

ITEM 5.  CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

    a.  is the Holder of the Bridge Loan Claim ~~,~~ and Bridge Loan Guaranty ~~Claim~~Claims to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for ~~in~~on this ~~ballot~~Noteholder Plan Ballot;

    b.  has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on ~~ballot~~this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.  has not submitted any other ~~ballots relating to the~~ Noteholder Plan Ballots on account of the Bridge Loan ~~Claims~~Claim and/or Bridge Loan Guaranty Claims that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots related to the~~ Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature: _____

3

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

      _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888)-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>Other Parent Claims – Noteholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## <u>NOTEHOLDER PLAN</u> BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ~~ballot~~<u>Noteholder Plan Ballot</u> is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Noteholder Plan</u>"). Capitalized terms not defined in this ~~ballot~~<u>Noteholder Plan Ballot</u> have the meanings given to them in <u>the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or</u> the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder ~~Plan~~ Ballot is only ~~in respect of~~to be used for voting your Other Parent Claims (Class 1G Claims against Tribune Company). If you hold other ~~claims~~Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive ~~a~~ separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of ~~November~~ [ ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| | |
|---|---|
| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   OTHER PARENT CLAIMS PUT ELECTION (OPTIONAL).

The Noteholder Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option, which is an election to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box below in this Item 3 and (ii) may not exercise the Non-Contribution Election in Item 4 below.

I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*** The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Noteholder Plan permits you to exercise the Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan.  By making the Other Parent Claims Put Election, you are electing to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your*

2

*Other Parent Claim; provided, however, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.*

*If you make the Other Parent Claims Put Election, subject to the Other Parent Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Parent Claim, including no Trust Interests or distributions from the Distribution Trust or Creditors' Trust, if applicable. Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Parent Claim will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) you make the "Other Parent Claims Put Election" on your ballot; and (iii) you do not make the Non-Contribution Election on your ballot. Please also note that your Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Parent Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

I wish to **opt out** of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Other Parent Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*\*\*The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Other Parent Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Other Parent Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Other Parent Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

**_PLEASE NOTE THAT YOU CANNOT MAKE THE NON-CONTRIBUTION ELECTION IF YOU WISH TO ~~PARTICIPATE IN~~ ELECT THE OTHER PARENT CLAIMS PUT OPTION._**

ITEM 5.    CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a. is the Holder of the Other Parent Claim to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this ~~ballot~~Noteholder Plan Ballot;

b. has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c. has not submitted any other ~~ballots relating to~~Noteholder Plan Ballots on account of the Other Parent Claims ~~under the Noteholder Plan~~ voted herein that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots~~Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR <u>NOTEHOLDER PLAN</u> BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. <u>NOTEHOLDER PLAN</u> BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS <u>NOTEHOLDER PLAN</u> BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL <u>NOTEHOLDER PLAN</u> BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS <u>NOTEHOLDER PLAN</u> BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER <u>PLAN</u> BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

5

**EGI-TRB LLC Notes Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ~~ballot~~Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity As Successor Indenture Trustee For Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms not defined in this Noteholder Plan Ballot have the meanings given to them in the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (0719); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This ~~ballot~~Noteholder Plan Ballot is only ~~in respect of~~to be used for voting your EGI-TRB LLC Notes Claims (Class 1H Claims against Tribune Company).  If you hold other ~~claims;~~Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes ~~entitled to vote on any of the Plans,~~ you will receive ~~a~~ separate ~~ballot~~ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.      AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of ~~November~~ [_], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.      VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| | |
|---|---|
| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.      [Intentionally Omitted.]

ITEM 4.      NON-CONTRIBUTION ELECTION (OPTIONAL).  The Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the EGI-TRB LLC Notes Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the*

2

*future in connection with your EGI-TRB LLC Notes Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your EGI-TRB LLC Notes Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors'* ~~trust~~Trust *allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your EGI-TRB LLC Notes Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a.   is the Holder of the EGI-TRB LLC Notes Claim to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this ~~ballot~~Noteholder Plan Ballot;

    b.   has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other ~~ballots relating to~~Noteholder Plan Ballots on account of the EGI-TRB LLC Notes ~~Claims under the Noteholder Plan~~Claim voted herein that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots related to the~~ Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:   _____
             (Print or Type)

Signature:_____

By:_____
             (If Appropriate)

Title:_____
             (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([            ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE ~~CALL~~CONTACT THE VOTING AGENT AT (888)-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>**Subordinated Securities Claims – Noteholder Plan**</u>

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

<u>**NOTEHOLDER PLAN**</u> **BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR ¶ TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ~~ballot~~<u>Noteholder Plan Ballot</u> is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Noteholder Plan</u>"). Capitalized terms not defined in this ~~ballot~~<u>Noteholder Plan Ballot</u> have the meanings given to them in <u>the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or</u> the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This ballotNoteholder Plan Ballot is only in respect ofto be used for voting your Subordinated Securities Claims (Class 1K Claims against Tribune Company). If you hold other claimsClaims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

~~**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.¶~~

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER ~~INSTRUCTIONS AND EXPLANATIONS~~EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.     AMOUNT OF SUBORDINATED SECURITIES CLAIM. The undersigned certifies that as of ~~November~~ [\_], 2010 (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.     VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Subordinated Securities Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |
|---|---|
|  |  |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.     [Intentionally Omitted.]

ITEM 4.     NON-CONTRIBUTION ELECTION (OPTIONAL). ~~With respect to your Subordinated Securities Claims, the~~The Noteholder Plan, at ~~section~~Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

2

I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Subordinated Securities Claim voted on this ~~ballot~~Noteholder Plan Ballot.**

*** The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your ~~Step One Senior Loan~~Subordinated Securities Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your ~~Step One Senior Loan~~Subordinated Securities Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' ~~trust~~Trust allocable to such Claims. **If you do not make the Non-Contribution Election, or if you do not submit ~~a~~this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your ~~Step One Senior Loan~~Subordinated Securities Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    CERTIFICATION.  By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Subordinated Securities Claim to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.    has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.    has not submitted any other ~~ballots relating to the~~ Noteholder Plan Ballots on account of ~~the~~ Subordinated Securities Claim voted herein that are inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots related to the~~ Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)

3

Title:_____
          (If Appropriate)

Street Address:_____

        _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This ~~Bridge~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the ~~Bridge~~Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([     ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE ~~CALL~~CONTACT THE VOTING AGENT AT (888)-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company ~~Noteholder~~ Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>Other Guarantor Debtor Claims – Noteholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## <u>NOTEHOLDER PLAN</u> BALLOT FOR HOLDERS OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ~~ballot~~<u>Noteholder Plan Ballot</u> is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Noteholder Plan</u>"). Capitalized terms not defined in this ~~ballot~~<u>Noteholder Plan Ballot</u> have the meanings given to them in <u>the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or</u> the Noteholder Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This ~~ballot~~Noteholder Plan Ballot is only ~~in respect of~~to be used for voting your Other Guarantor Debtor Claims (Classes 50G – 111G Claims against the Guarantor Debtors). If you hold other ~~claims~~Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

~~**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.~~

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS. The undersigned certifies that as of ~~November~~ [_], 2010 (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below. ¶

Debtor _____
Class _____
$ _____

**The preprinted amount of your Claim and its classification as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such ~~Claims~~Claim on the Noteholder Plan as follows (check one box only):

| to ACCEPT the Noteholder Plan | to REJECT the Noteholder Plan |
|---|---|
|  |  |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL). You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept. If the Noteholder Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Noteholder Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    OTHER GUARANTOR DEBTOR CLAIMS PUT ELECTION (OPTIONAL). The Noteholder Plan, at Section 3.4.6(c), permits you to exercise the Other Guarantor Debtor Claims Put Option, which ~~his~~is an election to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim. If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the box below in this Item 3.

I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 3.4.6(c) of the Noteholder Plan with respect to the Other Guarantor Debtor Claim voted on this Noteholder Plan Ballot.**

*** The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Noteholder Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan. By making the Other Guarantor Debtor Claims Put Election, you are electing to sell your Other* ~~parent~~*Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim; provided, however, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Guarantor Debtor Put Claims, rounded to the nearest whole dollar, at the Other Guarantor Debtor Claims Purchase Price and the remaining share of the Other Guarantor Debtor Put Claims shall receive their pro rata portion of the Initial Distribution, and Distribution Trust Interests* ~~and Creditors' Trust Interests~~ *on account of such remaining amount of the Other Guarantor Debtor Put Claims.*

*If you make the Other Guarantor Debtor Claims Put Election, subject to the Other Guarantor Debtor Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Guarantor Debtor Claim, including no* ~~Trust Interests or~~*further distributions from the Distribution Trust* ~~or Creditors' Trust, if applicable~~*. Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Guarantor Debtor Claim will be purchased only if the following conditions are satisfied: (i) the applicable Other Guarantor Debtor Claims Class votes to accept the Noteholder Plan;* and *(ii) you make the "Other Guarantor Debtor Claims Put Election" on your* ~~ballot; and (iii) you do not make the Non-Contribution Election on your ballot~~*Noteholder Plan Ballot. Please also note that your Other Guarantor Debtor Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    CERTIFICATION. By signing this ~~ballot~~Noteholder Plan Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Other Guarantor Debtor Claim to which this ~~ballot~~Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.    has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this ~~ballot~~Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.    has not submitted any other ~~ballots relating to~~Noteholder Plan Ballots on account of the Other Guarantor Debtor Claim ~~under the Noteholder Plan~~ voted herein that are

inconsistent with the votes and elections set forth in this ~~ballot~~Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other ~~ballots~~Noteholder Plan Ballots related to the Noteholder Plan were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

        _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This ~~ballot~~Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

| |
|---|
| **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([ ]) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.** |

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE ~~GENERAL~~JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE ~~CALL~~CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN**

**BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company ~~Noteholder~~ Ballot Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company ~~Noteholder~~ Ballot Processing
Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

DRAFT – NOVEMBER 22,29, 2010

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR ¶COMPLETING THE NOTEHOLDER PLAN BALLOT TO ACCEPT OR REJECT ¶THE NOTEHOLDER PLAN ¶ (AS DEFINED IN THE JOINT ¶DISCLOSURE STATEMENT FOR ¶ TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE PURPLE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE NOTEHOLDER PLAN WILL BE COUNTED.**

      **Why You Have Received a Noteholder Plan Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan").[2] The Noteholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans".

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Noteholder Plan and to make certain elections under that Plan. You have accordingly been sent a purple ballot (the "Noteholder Plan Ballot") to allow you to vote on the Noteholder Plan and, if applicable, make elections available under the Noteholder Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Noteholder Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the purple ballot to accept or reject the Noteholder Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Noteholder Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Noteholder Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [_____] (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans and not only one particular Plan or another.**

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Noteholder Plan or the General Disclosure Statement, as applicable.

CH1 5554561 5559572v.53

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Noteholder Plan Ballots.** ~~For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you~~You must complete, sign and date your Noteholder Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail ~~the~~your Noteholder Plan ~~Ballots~~Ballot directly to the Debtors or to any of the Proponents of the Noteholder Plan. If you do not return your Noteholder Plan Ballot so that it is actually received by the Voting Deadline, the votes ~~and elections~~ reflected on your Noteholder Plan Ballot will not be counted, and the elections reflected on your Noteholder Plan Ballot will not be valid.

**How to Complete Your Noteholder Plan Ballot.** The following are step-by-step instructions for how to complete your Noteholder Plan Ballot for voting on the Noteholder Plan and making the elections called for thereunder:

    a.    Item 1: **Amount of Claim.**

Please certify the amount of your Claim as of ~~November~~ [_], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Noteholder Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Noteholder Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Noteholder Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Noteholder Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

    b.    Item 2: **Vote to Accept or Reject the Noteholder Plan.**

Please cast your vote to accept or reject the Noteholder Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Noteholder Plan will be tabulated solely as a vote to accept or reject the Noteholder Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Noteholder Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Noteholder Plan.

    c.    Item 2A: **Election to Prefer the Noteholder Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Noteholder Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Noteholder Plan Ballot. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

    d.    Item 3: **Other Parent Claims Put Election and Other Guarantor Debtor Claims Put Election (Optional).**

*Item 3 applies only to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50G through 111G under the Noteholder Plan. If your Noteholder Plan Ballot does not relate to Claims in those Classes, your Noteholder Plan Ballot will indicate Item 3 has been "[Intentionally Omitted]". If your*

3

*Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 3, please skip Item 3 and move on to Item 4.*

Holders of Other Parent Claims.  The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Noteholder Plan permits Holders of Other Parent Claims to exercise the Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan.  If a Holder of Other Parent Claims wishes to exercise the Other Parent Claims Put Option, such Holder (i) must check the box in Item 3 of its Noteholder Plan Ballot and (ii) may not exercise the Non-Contribution Election in Item 4.  By making the Other Parent Claims Put Election, a Holder of Other Parent Claims is electing to sell its Other ~~parent~~Parent Claims to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of its Other Parent Claims; *provided, however,* that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their Pro Rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interest on account of such remaining amount of the Other Parent Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Parent Claims will be purchased only if the following conditions are satisfied:  (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) such Holder makes the "Other Parent Claims Put Election" on its Noteholder Plan Ballot; and (iii) such Holder does not make the Non-Contribution Election on its Noteholder Plan Ballot.  Please also note that Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective.  If a Holder of Other Parent Claims does not make the Other Parent Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

Holders of Other Guarantor Debtor Claims.  The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims.  Section 3.4.6(c) of the Noteholder Plan permits Holders of Other Guarantor Debtor Claims to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan.  If a Holder of Other Guarantor Debtor Claims wishes to exercise the Other Guarantor Debtor Claims Put Option, such Holder  must check the appropriate box in Item 3 of its Noteholder Plan Ballot.  By making the Other Guarantor Debtor Claims Put Election, a Holder of Other Guarantor Debtor Claims is electing to sell its Other Guarantor Debtor Claims to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of its Other Guarantor Debtor Claims; *provided, however,* that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase Other Guarantor Debtor Put Claims exceeds the ~~other~~Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their Pro Rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Guarantor Debtor Claims will be purchased only if the following conditions are satisfied: (i) the Other Guarantor Debtor Claims Class that such Holder's Other Guarantor Debtor Claims are in votes to accept the Noteholder Plan and (ii) such Holder makes the "Other Guarantor Debtor Claims Put Election" on its Noteholder Plan Ballot.  Please also note that Other Guarantor Claims will be purchased only if the

4

Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Guarantor Debtor Claims does not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

       e.       **Item 4**: **Non-Contribution Election (Optional).**

*Item 4 applies only to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Noteholder Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

~~The~~Section 5.18.2 of the Noteholder Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Noteholder Plan. Holders of Claims against Tribune Company have the right to opt out of this assignment under Section 5.18.2 of the Noteholder Plan. If a Holder of a Claim against Tribune Company wishes to opt out of this assignment, it must check the box in Item 4. If ~~Holders~~a Holder of a Claim against Tribune Company checks the Non-Contribution Election ~~Box~~box, it will be "opting out" of contributing all State Law Avoidance Claims it now holds or may hold in the future, which State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If a Holder of a Claim against Tribune Company makes the Non-Contribution Election, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not make the Non-Contribution Election, such Holder will be deemed, pursuant to Section 5.18.2 of the Noteholder Plan, to have, as of the Effective Date of the Noteholder Plan, contributed all of such Holder's State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Noteholder Plan Ballot, such Holder will be deemed to have transferred all of its State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 5.18 of the Noteholder Plan.

       f.       Item 5: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Noteholder Plan Ballot for your votes on the Noteholder Plan and your elections under the Noteholder Plan to count. In addition, in Item 5, if you are completing the Noteholder Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Noteholder Plan Ballot.

       **Returning Your Noteholder Plan Ballot**. Once you have completed your Noteholder Plan Ballot in accordance with the foregoing instructions, please return the completed Noteholder Plan Ballot to the Voting Agent at the appropriate address specified in your Noteholder Plan Ballot so that the Noteholder Plan Ballot is actually received by the Voting Agent before the Voting Deadline.

5

Noteholder Plan Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Noteholder Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Noteholder Plan Ballot will <u>not</u> be counted.

After the Voting Deadline, unless you obtain the prior consent of the proponents of the Noteholder Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Noteholder Plan Ballot in any way, (ii) change your vote to accept or reject the Noteholder Plan, (iii) change your Plan preference (if applicable), ~~or~~ (iv) <u>change your decision to make or not make the Other Parent Claims Put Election and/or the Other Guarantor Debtor Claims Put Option (if applicable), or (v)</u> change your election to transfer your State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Noteholder Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the proponents of each of the Plans (at the notice addresses specified in ~~the respective Plans~~<u>Article X of the General Disclosure Statement</u>) and file with the Bankruptcy Court, on or before [_____], a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of each of the Plans ~~has~~<u>have</u> come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ~~ballots~~<u>ballot</u> or otherwise in accordance with the tabulation rules. [_____] has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "<u>Prior Plan</u>"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ~~ballots~~<u>ballot</u> by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888)~~-~~ 287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Noteholder Plan Ballot is Not a Proof of Claim or Interest.** The Noteholder Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents <u>of the Noteholder Plan</u> of the nature, validity, or amount of any Claim or Interest.

6

## Exhibit B-3

**Blackline of Step One Plan Ballots and Instructions**

**Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Step One Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT ~~THE~~THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ~~ballot (the "~~Step One Lender Plan Ballot~~"~~) is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the ~~Step One~~Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only ~~in respect of~~to be used for voting your Step One Senior Loan Claims (Class 1C(i) Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C(i) – 111C(i) Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Step One Lender Plan jointly on this Step One Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Step One Lender Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Step One Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Step One Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for ~~in~~under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of ~~November~~ [ ], 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and Step One Senior Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2] The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims set forth above

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor ~~Compromise and Release~~") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any

hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

| | |
|---|---|
| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |

ITEM 2A.  ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐  The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.  RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases <u>unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan</u>.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐  The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐  The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.  ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  <u>With respect to your Step One Senior Loan Claim (Class 1C(i) Claim against Tribune Company)</u> *only*<u>, the Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.</u>

☐ The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

---

and all agreements and take any and all actions that such Senior Loan Agent ~~deem~~deems necessary or appropriate to effectuate the Guarantor Non-Debtor ~~Compromise and~~ Release and all other terms of the Step One Lender Plan.  The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor ~~Compromise and~~ Release will be binding on you.

ITEM 5.  CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

   a.  is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

   b.  has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

   c.  has not submitted any other Step One Lender Plan Ballots on account of the Step One Senior Loan Claims and/or Step One Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)
Title:_____
       (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Step One Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ~~ballot (the "~~Step One Lender Plan Ballot~~")~~ is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the ~~Step One~~Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only ~~in respect of~~to be used for voting your Step Two Senior Loan Claims (Class 1C(ii) Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50C(ii) – 111C(ii) Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Step One Lender Plan jointly on this Step One Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Step One Lender Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Step One Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Step One Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS STEP ONE PLAN LENDER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE PLAN LENDER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for in the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of ~~November~~[ ], 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and Step Two Senior Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2] The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor ~~Compromise and~~ Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent ~~deems~~deems necessary or appropriate to

2

hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

|  |  |
|---|---|
| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐   The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).   With respect to your Step Two Senior Loan Claim (Class 1C(ii) Claim against Tribune Company) *only*, the Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐   The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

---

effectuate the Guarantor Non-Debtor ~~Compromise and~~ Release and all other terms of the Step One Lender Plan. The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor ~~Compromise and~~ Release will be binding on you.

ITEM 5.    **CERTIFICATION.**  By signing this Step One Lender Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

    a.    is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

    b.    has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

    c.    has not submitted any other Step One Lender Plan Ballots on account of the Step Two Senior Loan Claims and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in~~in~~on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:  _____
            (Print or Type)

Signature: _____

By: _____
          (If Appropriate)
Title: _____
          (If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

      This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Bridge Loan Claims and Bridge Loan Guaranty Claims – Step One Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR ¶ TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

This ballot (the "Step One Lender Plan Ballot") is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Step OneInstructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only ~~in respect of~~to be used for voting your Bridge Loan Claims (Class 1D Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for ~~in~~under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY ~~CLAIM~~CLAIMS.  The undersigned certifies that as of ~~November~~ [_], 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and Bridge Loan Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Step One Lender Plan as follows (check one box only):

|  |  |
|---|---|
|  |  |

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

A vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor ~~Compromise and~~ Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent ~~deems~~deems necessary or appropriate to effectuate the Guarantor Non-Debtor ~~Compromise and~~ Release and all other terms of the Step One Lender Plan. The Joint Disclosure Statement and the Step One Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Step One Lender Plan, if the Step One Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor ~~Compromise and~~ Release will be binding on you.

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
| --- | --- |

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan,.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐    The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐    The undersigned has voted to reject the Step One Lender Plan above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐    The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

b.    has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

3

c.  has not submitted any other Step One Lender Plan Ballots on account of the Bridge Loan Claim and/or Bridge Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth on this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature: _____

By: _____
       (If Appropriate)

Title: _____
       (If Appropriate)

Street Address: _____

       _____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

4

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE <u>LENDER</u> PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE <u>LENDER</u> PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                    **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                        757 Third Avenue, Third Floor
New York, NY 10150-5014                           New York, NY 10017

**Other Parent Claims – Step One Lender Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### STEP ONE LENDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ballot (the "Step One Lender Plan Ballot") is for voting to accept or reject the First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the Step OneInstructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender Plan.

This Step One Lender Plan Ballot is only in respect ofto be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company). If you hold other Claims against Tribune Company

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for ~~in~~under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of ~~November~~ [ ], 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Step One Lender Plan.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Step One Lender Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

~~A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan. The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.~~

~~Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.~~

| | |
|---|---|
| | |

ITEM 2A.   ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐   The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 2B.   ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.7(c)(i) OF THE STEP ONE LENDER PLAN (OPTIONAL).  Please check the box below if you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan on account of your Other Parent Claim.  If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan, you may not make the election or are deemed to elect in Item 4 below—that election is only relevant for those holders who elect to receive the treatment set forth in Section 3.2.7(c)(i)(B) of the Step One Lender Plan on account of their Other Parent Claims.

☐   The undersigned elects to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan for the Other Parent Claim voted herein.

ITEM 3.   RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐   The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐   The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.  **If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan in Item 2B above, this election does not apply to you.**

☐   The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a. is the Holder of the Other Parent Claim to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

b. has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

c. has not submitted any other Step One Lender Plan Ballots on account of the Other Parent ~~Claims~~Claim voted herein that are inconsistent with the votes and elections set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:    _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)

Title:_____
            (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([    ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                    **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                        757 Third Avenue, Third Floor
New York, NY 10150-5014                           New York, NY 10017

**EGI-TRB LLC Notes Claims – Step One ~~Lender~~ Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### STEP ONE <u>LENDER PLAN</u> BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE STEP ONE <u>LENDER</u> PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This ~~ballot (the "~~Step One <u>Lender</u> Plan Ballot~~")~~ is for voting to accept or reject the <u>First Amended</u> Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "<u>Step One Lender</u> Plan"). Capitalized terms not defined in this Step One <u>Lender</u> Plan Ballot have the meanings given to them in the ~~Step One~~<u>Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender</u> Plan.

This Step One <u>Lender</u> Plan Ballot is only ~~in respect of~~<u>to be used for voting</u> your EGI-TRB LLC Notes Claims (Class 1I Claims against Tribune Company).  If you hold other Claims against Tribune

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for in~~in~~under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of ~~November~~ [ ], 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term ~~is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

~~A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan.  The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.~~

~~Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you..~~

Plans you accept. If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐ The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.   RELEASES (OPTIONAL). If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below. If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases <u>unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.</u> Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐ The undersigned has voted to accept <u>the</u> Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐ The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL). <u>The Step One Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Step One Lender Plan. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.</u>

☐ The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Step One Lender Plan.

ITEM 5.   CERTIFICATION. By signing this Step One Lender Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a.   is the Holder of the EGI-TRB LLC Notes Claim to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for on this Step One Lender Plan Ballot;

    b.   has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

    c.   has not submitted any other Step One Lender Plan Ballots ~~relating to the Step One Plan~~ on account of the EGI-TRB LLC Notes Claims voted herein that are inconsistent with the votes and elections set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

    _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([          ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                  **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center      Tribune Company Ballot Processing Center

c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>General Unsecured Claims against Filed Subsidiary Debtors – Step One Lender Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STEP ONE <u>LENDER</u> PLAN BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE STEP ONE <u>LENDER</u> PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT <u>FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>)**

This ~~ballot (the "~~Step One Lender Plan Ballot~~")~~ is for voting to accept or reject the <u>First Amended</u> Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "<u>Step One Lender Plan</u>"). Capitalized terms not defined in this Step One Lender Plan Ballot have the meanings given to them in the ~~Step One~~<u>Instructions for Completing the Step One Lender Plan Ballot to Accept or Reject the Step One Lender Plan or the Step One Lender</u> Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Inc. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Step One Lender Plan Ballot is only ~~in respect of~~to be used for voting your General Unsecured Claims (Classes 2E – 111E Claims against the Filed Subsidiary Debtors).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 ~~cases~~Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS STEP ONE LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS STEP ONE LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Step One Lender Plan and, if desired, make the elections called for ~~in~~under the Step One Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS.  The undersigned certifies that as of ~~November~~[-], 2010 (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.  ¶

Debtor _____ ¶
Class _____
$ _____

**The preprinted amount and classification of your Claim as set forth above ~~controls~~control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN.[2]  The Holder of a~~the~~ General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Step One Lender Plan as follows (check one box only):

|  |  |
|---|---|
|  |  |

---

[2] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan); except as otherwise set forth in the Step One Lender Plan.

~~A vote to accept the Step One Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Senior Loan Agent (as such term is defined in the Step One Plan) to enter into any and all agreements and take any and all actions that such Senior Loan Agent deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Step One Plan. The Disclosure Statement and the Step One Plan should be referenced for a complete description of all releases set forth therein.~~

~~Whether or not you vote to accept the Step One Plan, if the Step One Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you..~~

| ☐ to ACCEPT the Step One Lender Plan | ☐ to REJECT the Step One Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO PREFER PLAN (OPTIONAL).  You have the right to accept more than one Plan, and you also have the right to indicate which Plan you prefer the most among those Plans you accept.  If the Step One Lender Plan is the Plan you prefer the most among the Plans you have voted to accept, please check the box to indicate that preference.

☐    The undersigned prefers the Step One Lender Plan over all other Plans the undersigned has voted to accept.

ITEM 3.    RELEASES (OPTIONAL).  If you return this Step One Lender Plan Ballot and ~~voted~~vote to accept the Step One Lender Plan, you will be deemed to have ~~accepted~~granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you voted to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below.  If you do not return your Step One Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan,.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐    The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐    The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

ITEM 4.    [*Intentionally Omitted.*]

ITEM 5.    CERTIFICATION.  By signing this Step One Lender Plan Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary ~~Debtor~~Debtors identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Step One Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Step One Lender Plan and make the elections called for in this Step One Lender Plan Ballot;

b.    has been provided with a copy of the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, the Responsive Statements, and the Solicitation Order, and acknowledges that the votes and elections set forth on this Step One Lender Plan Ballot are subject to all of the terms and conditions set forth in the Step One Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Step One Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Step One Lender Plan Ballots on account of the General Unsecured Claims ~~under the Step One Plan~~ voted herein that are inconsistent with the votes and elections ~~as~~ set forth in this Step One Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Step One Lender Plan Ballots ~~related to the Step One Plan~~ were previously

submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Step One Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Step One Lender Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR STEP ONE LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([      ]), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE STEP ONE LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  STEP ONE LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS STEP ONE LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL STEP ONE LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS STEP ONE LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR STEP ONE LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                    **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

DRAFT – ~~NOVEMBER 7,~~ DECEMBER 1, 2010

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING
## STEP ONE <u>LENDER PLAN</u> BALLOT TO ACCEPT OR REJECT THE
## STEP ONE <u>LENDER</u> PLAN (AS DEFINED IN THE JOINT <s>DISCLOSURES</s><u>DISCLOSURE</u>
## STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE <u>YELLOW</u> BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE STEP ONE <u>LENDER</u> PLAN.  PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE STEP ONE <u>LENDER</u> PLAN WILL BE COUNTED.**

 **Why You Have Received a Step One <u>Lender Plan</u> Ballot.**  You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") that is entitled to vote to accept ~~the~~<u>or reject the First Amended</u> Plan

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan").[2]  The Step One Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors.  These plans of reorganization are referred to herein as the "Plans<s>"</s>.<ins>"</ins>

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Step One Lender Plan and<ins>, in some cases,</ins> to make certain elections under that Plan.  You have accordingly been sent a yellow ballot (the "Step One Lender Plan Ballot") to allow you to vote on the Step One Lender Plan and, if <s>you wish</s><ins>applicable</ins>, make elections <s>called for</s><ins>available</ins> under the Step One Lender Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Step One Lender Plan.  Please note that to vote on those Plans, and make elections thereunder, you must use the applicable <s>Step One Ballot</s><ins>ballot</ins>.  Votes cast on the yellow <s>Step One Ballot</s><ins>ballot</ins> to accept or reject the Step One Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Step One Lender Plan.  Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim<ins>, and therefore, you should be sure to vote on each Plan</ins>.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan.  Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Step One Lender Plan Ballot.**  You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans.  Some of those materials are on CD-ROM.  Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure <s>Statements</s><ins>Statement</ins> for each of the Plans, <ins>each of</ins> which <s>described</s><ins>describes</ins> in detail the Plan to which <s>they relate</s><ins>it relates</ins> and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors.  The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent <s>in addition to the General Disclosure Statement and the Specific Disclosure Statements</s> certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest <s>containing</s><ins>setting forth</ins> those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated [          ]<s>-dated</s> (the "Solicitation Order") that, among other things, approved the <s>General</s><ins>Joint</ins> Disclosure Statement<s>, the Specific Disclosure Statements,</s> and established procedures for the solicitation and tabulation of votes to accept or reject the Plans.  The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans.  It is also very important that you consider <ins>and vote on</ins> each of the Plans<s> and not only one particular Plan or another</s>.**

---

[2] Capitalized terms not defined in these Instructions have the meanings ascribed to them in the Step One Lender Plan or the General Disclosure Statement, as applicable.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Step One Lender Plan Ballots.** ~~For Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, you~~You must complete, sign and date your Step One Lender Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. on [February __, 2011] (the "Voting Deadline").** Please do not mail your Step One Lender Plan Ballots directly to the Debtors or to the ~~proponents~~Proponents of the Step One Lender Plan. If you do not return your Step One Lender Plan Ballot so that it is actually received by the Voting Deadline, the votes ~~and~~reflected on your Step One Lender Plan Ballot will not be counted, and the elections reflected on your Step One Lender Plan Ballot will not be ~~counted~~valid.

**How to Complete Your Step One Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Step One Lender Plan Ballot for voting on the Step One Lender Plan and making the elections called for thereunder:

a.    Item 1:  **Amount of Claim.**

Please certify the amount of your Claim as of ~~November~~[__], 2010 (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Step One Lender Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Step One Lender Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Step One Lender Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Step One Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 1A:  **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will not contain the Convenience Class Election described here. If your Step One Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip ~~this~~Item 1A and ~~go~~move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Step One Lender Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Step One Lender Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Step One Lender Plan will not be counted; and (d) you will be deemed to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

c.    Item 2:  **Vote to Accept or Reject the Step One Lender Plan.**

Please cast your vote to accept or reject the Step One Lender Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Step One Lender Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Step One Lender Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Step One Lender Plan.

Please be aware that a vote to accept the Step One Lender Plan is a vote to grant the releases set forth in Section 11.3.2 of the Step One Lender Plan, unless you elect not to grant such releases by checking the appropriate box on the Step One Lender Plan Ballot. If you vote to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box on your Step One Lender Plan Ballot. The Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the ~~Released Parties (as such term is defined in the Step One Plan)~~current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Step One Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such ~~term is~~terms are defined in the Step One Lender Plan).

For Holders of Senior Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Step One Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Step One Lender Plan, including, without limitation, ~~section~~Section 11.3.5 of the Step One Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor ~~Compromise and~~ Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Step One Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor ~~Compromise and~~ Release and all other terms of the Step One Lender Plan.

    d.    <u>Item 2A</u>:  **Election to Prefer the Step One Lender Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to designate your preference of one particular Plan over others that you have accepted. If you have accepted more than one Plan and wish to designate the Step One Lender Plan as the Plan that you prefer over others that you have accepted, then you should check the box in Item 2A of the Step One Lender Plan Ballot. Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

    e.    <u>Item 2B</u>:  **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will not contain the Treatment Election described here. If your Step One Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip ~~this~~ Item 2B and ~~go~~move on to Item 3 below.*

The Step One Lender Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.7(c) of the Step One Lender Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan for your Class 1F Other Parent Claim. If you do not submit a Step One Lender Plan Ballot, or submit a Step One Lender Plan Ballot but do not check the box in Item 2B, you will have

<div align="center">4</div>

consented to the treatment set forth in Section 3.2.7(c)~~(iii)~~(ii)(B) of the Step One Lender Plan for your Class 1F Other Parent Claim.¶

If you elect to receive the treatment set forth in Section 3.2.7(c)(i)(A) of the Step One Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those Holders who elect to receive the treatment set forth in Section 3.2.7(c)(i)(B) of the Step One Lender Plan on account of their Other Parent Claims.

    f.    <u>Item 3</u>:  **Releases (Optional).**

If you ~~voted~~vote to accept the Step One Lender Plan, you are deemed to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you affirmatively opt out of granting those releases. If you ~~voted~~vote to reject the Step One Lender Plan, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you affirmatively opt in to granting those releases. If you do not return a Step One Lender Plan Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

If you voted to accept the Step One Lender Plan but wish to opt out of granting the releases in Section 11.3.2 of the Step One Lender Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Step One Lender Plan but wish to grant the releases in Section 11.3.2 of the Step One Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Step One Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.3.2 releases, or (ii) vote to reject the Step One Lender Plan and check the box in Item 3 opting to grant the Section 11.3.2 releases, you will have consented to the releases set forth in Section 11.3.2 of the Step One Lender Plan to the fullest extent permitted by applicable law. If you do **not** grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you will **not** receive the benefit of the releases set forth in the Step One Lender Plan.

    g.    <u>Item 4</u>:  ~~Assignment of~~**Election Not to Transfer** Disclaimed State Law Avoidance Claims (Optional).

~~The Step One Plan provides as a default that Holders of~~*Item 4 applies only to the* Step One Senior Loan Claims, Bridge Loan Claims, ~~Senior Noteholder~~*Other Parent Claims, and EGI-TRB LLC Notes Claims. If your Step One Lender Plan Ballot relates to a Claim in any other Class, your Step One Lender Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Step One Lender Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*¶

Section 14.3.2 of the Step One Lender Plan provides as a default that Holders of Step One Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims~~, and PHONES Notes Claims~~ will ~~assign~~transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Step One ~~Plan. That assignment is described in Section 14.3.1 of the Step One~~Lender Plan. You have the right to opt out of this ~~assignment. If you wish~~transfer under Section 14.3.1 of the Step One Lender Plan. If a Holder of any such Claim wishes to opt out of this ~~assignment, please~~transfer, it must check the box in Item 4. If ~~you do not submit a Step One Ballot or submit a Step One Ballot but do~~a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Step One Lender Plan. If a Holder of a Claim against Tribune Company elects not to transfer its

CH1 ~~5555645~~5559637v.~~5~~3

Disclaimed State Law Avoidance Claims, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.¶

If a Holder of a Claim against Tribune Company does not check the box in Item 4, you will have consented4 and consents to the assignmenttransfer of yourits Disclaimed State Law Avoidance Claim to the Creditors' Trust as set forth in, such Holder will be deemed, pursuant to Section 14.3.2 of the Step One Lender Plan, to have, as of the Effective Date of the Step One Lender Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Step One Lender Plan Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Step One Lender Plan.

h.    Item 5:  **Certifications.**

Please review and complete the certifications in Item 5.  Your original signature is required on the Step One Lender Plan Ballot for your votes on the Step One Lender Plan and your elections under the Step One Lender Plan to count.  In addition, in Item 5, if you are completing the Step One Lender Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Step One Lender Plan Ballot.For Holders of Senior Noteholder Claims and PHONES Notes Claims only, the certifications in Item 5 also require you to certify that the Step One Ballot being submitted is either the only Step One Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims or, if not, that all other Step One Ballots submitted by you for such Claims are as identified in Item 5(e).  You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Step One Lender Plan Ballot**.  Once you have completed your Step One Lender Plan Ballot in accordance with the foregoing instructions, if you are the Holder of a Claim other than one based on the Senior Notes or the PHONES Notes issued by Tribune Company, please return the completed Step One Lender Plan Ballot to the Voting Agent at the appropriate address specified in your Step One Lender Plan Ballot so that the Step One Lender Plan Ballot is actually received by the Voting Agent before the Voting Deadline.

Holders of Claims that are based on the Senior Notes or the PHONES Notes issued by Tribune Company are requested to return their Step One Ballots to their Voting Nominee for inclusion on a Master Step One Ballot to be prepared and submitted by such Voting Nominee.  If you are the Holder of a Claim based on the Senior Notes or the PHONES Notes issued by Tribune Company, please allow sufficient time for mailing your Step One Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Step One Ballot and provide it to the Voting Agent before the Voting Deadline.

Step One Lender Plan Ballots submitted by facsimile or other electronic transmission will not be counted.  In addition, please note that if your Step One Lender Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Step One Lender Plan Ballot will not be counted.

CH1 555564555559637v.53

After the Voting Deadline, ~~no Step One Ballot may be withdrawn or modified, nor any of the votes~~ unless you obtain the prior consent of the Proponents of the Step One Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Step One Lender Plan Ballot in any way, (ii) change your vote to accept or reject the Step One Lender Plan ~~changed, without the prior consent of the Proponent(s) of the Step One Plan, unless by order of the Bankruptcy Court,~~ (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Step One Lender Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the ~~Step One Plan~~ Plans in a different amount, you must serve on the Debtors and the Proponents of each of the ~~Step One Plan~~ Plans (at the notice addresses specified in ~~the respective Plan~~ Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **[January [ ], 2011]**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ~~Step One Ballot~~ ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the ~~proponents~~ Proponents of each of the ~~Step One Plan and you have~~ Plans come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ~~Step One Ballot~~ ballot or otherwise in accordance with the tabulation rules. **[February [ ], 2011]** has been established as the date for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which ~~was proposed by the Debtors  Step One~~ (as subsequently amended, the "Prior Plan"). ~~The Prior Plan was proposed by the Debtors.  Step One~~ Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the ~~Step One Ballot~~ enclosed ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ~~Step One Ballot~~ ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ~~Step One Ballot~~ ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or ~~at~~ tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Step One Lender Plan Ballot Is Not a Proof of Claim or Interest.** The Step One Lender Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the ~~proponents of any~~ Proponents of the ~~Plans~~ Step One Lender Plan of the nature, validity, or amount of any Claim or Interest.

~~**Additional Information for Holders of Senior Noteholder Claims and PHONES Notes Claims.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans.  The Step One Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for~~

7

on the Step One Ballot.  Holders should not surrender any debt instruments together with their Step One Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Step One Ballot or Master Ballot.

CH1 5555645 5559637 v.53