## Exhibit 1

**Responses to Objections to Solicitation Procedures Motion**

## Responses To Objections to Solicitation Procedures Motion
### (Non-Contours Matters)

1. **Unresolved Objections**

| Item No. | Objecting Party | Docket No. | Objection | Response[1] |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Parties voting to accept or reject the Plan should be provided with the means on their Ballots to rank the Plans from first through fourth, rather than the preference provision included in the Ballots that permits creditors to express a preference for the Plan they prefer over others that they vote to accept. (Noteholder Plan Proponents' Main Objection at ¶ 9). | The ballot provision allowing parties voting on the Plan to prefer one Plan to others will be easier for creditors to work with, complies with Bankruptcy Rule 3018(c), and will better facilitate any determination needing to be made by the Court under 11 U.S.C. § 1129(c) than a ranking mechanism (Debtors' Reply [D.I. 6622] at pp. 7-10). |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting record date should be moved from the Debtors' proposed date of November 9, 2010 to the date the order approving the solicitation motion is entered by the Bankruptcy Court (Noteholder Plan Proponents' Main Objection at ¶ 16). | The Debtors have agreed to move the voting record date forward to November 29, 2010 (the date of the scheduled hearing on the solicitation motion) to address this concern. (Debtors' Reply at pp. 5-6). The voting record date should be set for a date certain. In order to obtain an accurate list of the holders of Senior Noteholder Claims and PHONES Notes Claims on the voting record date, the Voting Agent must notify certain Voting Nominees prior to noon ET one business day before the proposed voting record date. If the Voting Nominees are required to back date their information, we may not receive reliable data for purposes of distributing Solicitation Packages. |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The Debtors should not be permitted to reserve their rights that Holders of Intercompany Claims should be entitled to vote on the Plans. (Noteholder Plan Proponents' Main Objection at ¶22, 1st bullet point). | The Noteholder Plan Proponents have no legal basis on which to impair Intercompany Claims and then deem them to accept the Noteholder Plan – for which the Holders of Intercompany Claims are not proponents or affiliates of proponents – without the opportunity to vote thereon. If this issue cannot be resolved immediately, it should be deferred to the Confirmation Hearing without prejudice to the parties' rights. (Debtors' Reply at pp. 12-13). |
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The costs of the solicitation and tabulation process on the Plans should not be allocated among the Proponents of each of the Plans, but should be borne by the Debtors, because (i) the costs of solicitation are general reorganization costs and are the Debtors' responsibility; (ii) the Debtors are the primary | The allocation of solicitation costs on an equal basis across the proponents of all four of the Plans is inherently equitable and presents no serious bar to major creditors seeking to propose a plan. (Debtors' |

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

1. **Unresolved Objections (continued)**

| Item No. | Objecting Party | Docket No. | Objection | Response[1] |
|---|---|---|---|---|
| | Step One Lenders | D.I. 6511 | beneficiaries of the competing plan process, (iii) the solicitation and confirmation process are for the benefit of the Debtors' estates; and (iv) requiring the proponents to bear solicitation costs would improperly deter competing plans. (Noteholder Plan Proponents' Main Objection at ¶ 19; Step One Lenders' Objection at ¶ 11; Bridge Agent's Objection at ¶ 18). | Reply at pp. 10-12). |
| | Bridge Agent | D.I. 6514 | | |
| 5. | Noteholder Plan Proponents | D.I. 6513 (Noteholder Plan Proponents' Media Ownership Objection) | Disclosures concerning the Media Ownership Certifications should be moved to the General Disclosure Statement and not be in the Specific Disclosure Statements (Noteholder Plan Proponents' Media Ownership Objection at ¶ 5). | The disclosures respecting the Media Ownership Certifications are Plan-specific in many respects. Accordingly, such disclosures should properly be in the General Disclosure Statement (Debtors' Reply at pp. 16-17). |

**Responses To Objections to Solicitation Procedures Motion**
**(Non-Contours Matters)**

2. **Resolved Objections**

| Item No. | Objecting Party | Docket No. | Objection | Resolution |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation materials should use non-inflammatory terms when referring to the various Plans (Noteholder Plan Proponents' Objection at ¶ 6). | Terminology for referring to the various Plans has been standardized as "Debtor/Committee/Lender Plan", "Noteholder Plan", "Step One Lender Plan", and "Bridge Lender Plan". |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Plans should have one master set of instructions in each of the Ballots (Noteholder Plan Proponents' Objection at ¶ 7). | Revisions have been made to the Ballots and a separate set of instructions created to accommodate this objection. (See Revised Forms of Ballot filed herewith). |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.18.2 of the Noteholder Plan) for the Non-Contribution election in the Noteholder Ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.14 of the Noteholder Plan) for the Put Option election in the Noteholder ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 5. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Additional revisions should be made to the Noteholder Plan ballots as reflected in the revisions filed by the Noteholder Plan Proponents with the Court. (Noteholder Plan Proponents' Objection at ¶ 8). | The Debtors and the Noteholder Plan Proponents have agreed in principle on all revisions to be made to the Ballots, which are reflected in the revised versions of the Ballots filed with the Court contemporaneously with this chart. |
| 6. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The ability to rank Competing Plans should not be conditioned on a vote to accept a given Competing Plan. (Noteholder Plan Proponents' Objection at ¶ 10). | Following discussions with the Noteholder Plan Proponents, holders of claims voting on the Plan will be able to express a preference only among Plans they vote to accept. |
| 7. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures and ballots should include a mechanic for the voting of PHONES Notes Exchange Claims (as defined in the Noteholder Plan) (Noteholder Plan Proponents' Objection at ¶ 12). | Paragraph 24 of the order approving the Solicitation Motion has been added to the order and embodies the requested mechanic for the voting of PHONES Notes Exchange Claims, and the ballots have been modified to accommodate such voting. |

## 2. Resolved Objections (continued)

| Item No. | Objecting Party | Docket No. | Objection | Resolution |
|---|---|---|---|---|
| 8. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation procedures do not provide a deadline by which claims objections must be filed in order for creditors with disputed claims to file an appropriate motion under Bankruptcy Rule 3018. (Noteholder Plan Proponents' Objection at ¶18). | Paragraph 29 of the order approving the Solicitation Motion has been modified to make clear that the voting population of Claims is set as of the Voting Record Date. |
| 9. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures should be modified to provide expressly that the votes, elections, and preferences of beneficial holders as set forth on their beneficial ballots control over any such votes as transcribed onto a Master Ballot to the extent of any conflict. (Noteholder Plan Proponents' Objection at ¶22). | Paragraph 35 of the order approving the Solicitation Motion has been modified to add clause (e) thereto, which resolves this objection. |
| 10. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Disclose the procedure by which the Voting Agent will adjust the amounts voted by Senior Noteholder Claims and PHONES Notes Claims to account for prepetition interest. (Noteholder Plan Proponents' Objection at ¶22). | The Debtors have provided further information on this point informally, which has resolved the objection consensually. |
| 11. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Objection) | The Debtors should be required to update their prior list of Potential 5% Holders and furnish the updated list to all Proponents. (Noteholder Plan Proponents' Media Ownership Objection at ¶2). | Paragraph 45 of the order approving the Solicitation Motion has been revised to provide that the Debtors will provide the Proponents of the other Plans with the list of Potential 5% Holders known to them. |
| 12. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Potential 5% Holders should receive one uniform form of Media Ownership Certification similar to that previously used by the Debtors with respect to the Prior Plan. (Noteholder Plan Proponents' Media Ownership Objection at ¶3). | The Debtors will utilize the same form as used in connection with the prior plan of reorganization, with any necessary updates. |
| 13. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Voting Agent should collect all Media Ownership Certification, and not each of the Plans as proposed. | The Debtors propose that they collect the Media Ownership Certifications, if any, and provide any information relating to same. |

**Responses To Objections to Solicitation Order Paragraph 47**

| Item No. | Objecting Party | Docket No. | Issue | Objection | Response[2] |
|---|---|---|---|---|---|
| 6. | Aurelius | D.I. 6558 (Aurelius Objection) | Fact Discovery Relating to Merits of LBO-Related Causes of Action | There is a need for additional fact discovery relating to the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery | In light of the extensive record already developed by the parties, the Committee and the Examiner, there is no need for additional fact discovery relating to the merits of the LBO-Related Causes of Action |
|  | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) |  |  |  |
|  | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) |  |  |  |
|  | Bridge Agent | D.I. 6514 (Bridge Agent Objection) |  | Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10). | (Debtors' Reply [D.I. 6622] at pp. 19-26). |
| 7. | Aurelius | D.I. 6558 (Aurelius Objection) | Expert Discovery and Reports Relating to Merits of LBO-Related Causes of Action | There is a need for expert discovery and testimony regarding the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery or testimony | In light of the issues to be addressed at confirmation, expert discovery and testimony should focus on whether the settlements are fair, reasonable and in the best interests of the Debtors' Estates |
|  | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) |  |  |  |
|  | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) |  |  |  |
|  | Bridge Agent | D.I. 6514 (Bridge Agent Objection) |  | (Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10). | (Debtors' Reply at p. 20). |

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

**Unresolved Issues Concerning CMO Incorporated Into Solicitation Order Paragraph 54**

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[3] |
|---|---|---|---|---|---|
| 8. | Aurelius | D.I. 6558 (Aurelius Objection) | Close of Fact Discovery | The Court should impose a cut off of February 1, 2011 for fact discovery except to the extent the discovery is "needed for expert reports," in which case the cut-off should be February 4.<br><br>(Aurelius Obj. at p. 24). | Because it is impossible *ex ante* to distinguish between discovery needed for expert reports and discovery needed for other purposes, and because fact discovery should be completed before the deadline for submission of expert reports, which all parties agree should be February 8, 2011, the appropriate cut off date for all fact discovery should be February 4, 2011.<br><br>(Debtors' Reply [D.I. 6622] at pp. 32-33). |
| 9. | Aurelius | D.I. 6558 (Aurelius Objection) | Timing of Responses to Document Requests | The Court should impose a hard deadline of 30 calendar days to complete production with respect to document production requests not subject to objection.<br><br>As to document requests for which an objection has been interposed, the Court should impose a hard deadline of 10 calendar days to complete production following resolution of the objection.<br><br>(Aurelius Obj. at pp. 24-25). | Because the scope of the discovery requests at this juncture is unknown and may potentially be substantial, the Court should direct the parties to make good faith best efforts to complete production of documents within 30 days in response to requests for which no objection has been interposed.<br><br>Because requests for which an objection has been interposed are likely to involve large volumes of documents and/or significant privilege claims, the Court should direct the parties to make good faith best efforts to complete production of documents within 20 calendar days following resolution of the discovery dispute.<br><br>(Debtors' Reply at pp. 31-32). |
| 10. | Aurelius | D.I. 6558 (Aurelius Objection) | Interrogatories and RFAs | Parties should be permitted to serve interrogatories as to three subject matters including as to the Parties' positions with respect to specific conclusions reached by the Examiner.<br><br>If contention interrogatories relating to the Examiner's report are not permitted, the Parties should be permitted to serve RFAs on any subject matter. | Because the parties will have an adequate opportunity to set forth and argue their positions as to the Examiner's Report, including in ways much more efficient than answers to interrogatories, the Court should not permit interrogatories concerning specific conclusions reached by the Examiner.<br><br>Because RFAs are extremely burdensome to answer and usually are met with a large number of objections and narrow, technical and highly qualified answers, RFAs should be allowed only with respect to the authentication of documents. |

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

**Unresolved Issues Concerning CMO Incorporated Into Solicitation Order Paragraph 54**

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[3] |
|---|---|---|---|---|---|
| | | | | The Court should direct that responses to interrogatories and RFAs be filed within 21 calendar days.<br><br>(Aurelius Obj. at p. 25). | The Debtors' have no objection to the 21 calendar day response period if interrogatories and RFAs are limited as described above, but the parties will require and the Court should afford the full 30 days allowed by the rules if interrogatories regarding the Examiner's Report and/or unlimited RFAs are permitted.<br><br>(Debtors' Reply at pp. 32-33). |
| 11. | Aurelius | D.I. 6558 (Aurelius Objection) | Privilege Logs | Except as to a small number of subjects, Parties should be required to produce a privilege log identifying documents withheld on grounds of privilege on an individual document by document basis.<br><br>The Court should impose hard deadlines on the production of privilege logs (30 calendar days from an initial request and contemporaneous with any supplemental production).<br><br>(Aurelius Obj. at pp. 25-26). | Parties should be permitted to identify all documents withheld on grounds of privilege on a category basis, given the large number of privileged documents that are likely to be the subject of document requests, the associated burden of producing document by document logs, and the ability of category descriptions to adequately serve the purposes of a privilege log to identify areas of potential dispute.<br><br>In light of the large number of potentially responsive privileged documents, parties should be directed to make good faith best efforts to complete preparation of the necessary privilege logs within 30 days calendar days of a discovery request or contemporaneous with a supplemental production.<br><br>(Debtors' Reply at pp. 33-35). |
| 12. | Aurelius | D.I. 6558 (Aurelius Objection) | Fact Depositions | Each Proponent Group be allowed to take at least 40 fact depositions.<br><br>(Aurelius Obj. at pp. 26-28). | 40 fact depositions for each Proponent Group is excessive. Each Proponent Group should be allowed to take 10 fact depositions, subject to seeking leave for additional depositions if circumstances warrant.<br><br>(Debtors' Reply at p. 35). |
| 13. | Aurelius | D.I. 6558 (Aurelius Objection) | Letter Briefing of Discovery Disputes | The Court should establish a letter briefing procedure for resolution of discovery disputes but establish no page limits on the letter briefs, allow for the filing of reply letter briefs and only permit five calendar days to file oppositions to the initial letter briefs.<br><br>(Aurelius Obj. at pp. 28-29). | While the Debtors agree that a letter briefing procedure should be established, they believe that it should be limited to two briefs (an initial brief and a response); that the briefs should be limited to three typewritten pages; and that the responses should be filed in three business days. In the Debtors' view this is both a fairer and more efficient away by which to resolve discovery disputes.<br><br>(Debtors' Reply at pp. 35-36). |

**Unresolved Issues Concerning CMO Incorporated Into Solicitation Order Paragraph 54**

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[3] |
|---|---|---|---|---|---|
| 14. | Aurelius | D.I. 6558 (Aurelius Objection) | Pretrial Briefs | Parties should be directed to (i) file objections to competing plans on February 11, 2011, (ii) a single brief in support of a proponent's plan and in response to objections to that plan on February 25 and (iii) an additional brief on March 2 "containing a factual and legal discussion of the matters it intends to address at the Confirmation Hearing in support of its respective plan or concerning its Objection to any other proposed plans."<br><br>(Aurelius Obj. at p. 29). | The Debtors agree that objections should be filed on February 11, 2011 and that single brief in support of a proponent's plan and in response to any objections should be filed on February 25, but they do not see any need for the filing of a third brief on March 2, especially since the matters to be addressed therein seem to be duplicative of those to be addressed in the brief to be filed on February 25.<br><br>(Debtors' Reply at p. 36)[4]. |

---

[4] Although there were unresolved issues at the time of the November 29, 2010 hearing concerning the date for the commencement of fact discovery, the applicability of certain provisions of the Document Depository Order and status conferences, *compare* Aurelius Opp. at p. 24, Aurelius Opp. Ex. G at ¶¶ 34, 37 *with* Debtors' Reply at 31, 36-37, the Debtors currently expect that these issues will be resolved by the time of the December 6, 2010 hearing.

CHI 5563243v.2