IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: January 13, 2011 at 1:00 p.m. ET<br>Objection Date: December 23, 2010 at 4:00 p.m. ET |

## APPLICATION OF HUNTON & WILLIAMS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS FOR CERTAIN EMPLOYMENT LITIGATION MATTERS DURING THE PERIOD FROM MAY 1, 2010 THROUGH JULY 31, 2010

Hunton & Williams LLP ("Hunton & Williams"), employment litigation counsel for Tribune Company ("Tribune") and its subsidiaries Sun-Sentinel, Inc. ("Sun-Sentinel") and Forum Publishing Group, Inc. ("Forum Publishing"), affiliated companies that filed voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{00313901;v1}

petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order"), (v) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $52,427.50 and expenses in the aggregate amount of $1,281.24 for services rendered to the Debtors during the period months of May 1, 2010 through July 31, 2010 inclusive, and (b) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 13, *infra*). In support of the Application, Hunton & Williams respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion"). (D.I. 148.) In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

{00313901;v1}   3

provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Hunton & Williams.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7.   Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Hunton & Williams was retained by the Debtors to provide employment litigation counsel for, *inter alia*, Tribune, Sun-Sentinel, and Forum Publishing in the ordinary course of business, with a Monthly Cap of $5,000.00.[5]

8.   The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

9.   For the month of May 2010, the Debtors approved the payment of fees incurred by Hunton & Williams in the amount of $16,872.50 and expenses in the amount of

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (*See* D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, and 5846.)

[5] The monthly cap applicable to Hunton & Williams has subsequently been increased to $35,000. (*See* Supplement to Exhibit A to the OCP Motion dated September 29, 2009, D.I. 5846).

$12.87. In the month of June 2010, the Debtors approved the payment of fees incurred by Hunton & Williams in the amount of $9,745.50 and expenses in the amount of $46.85. In the month of July 2010, the Debtors approved the payment of fees incurred by Hunton & Williams in the amount of $25,809.50 and expenses in the amount of $1,221.52. Accordingly, Hunton & Williams has exceeded its Monthly Cap of $5,000 in each of the months of May, June, and July 2010, inclusive. The Debtors have advised Hunton & Williams that because the fees incurred in the month of May, June, and July 2010 exceeded the firm's applicable Monthly Cap, Hunton & Williams is required to seek the Court's allowance of the entire amount of the firm's months of May, June, and July 2010 invoices.

### RELIEF REQUESTED

10.  By this Application, Hunton & Williams seeks (i) the allowance of fees in the amount of $16,872.50 and expenses in the amount of $12.87 for services rendered to Debtors during the month of May 2010; (ii) fees in the amount of $9,745.50 and expenses in the amount of $46,85 for services rendered to the Debtors during the month of June 2010; (iii) fees in the amount of $25,809.50 and expenses in the amount of $1,221.52 for services rendered to the Debtors during the month of July 2010; and (iv) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

### BASIS FOR RELIEF REQUESTED

11.  Hunton & Williams has represented Tribune and its subsidiaries Sun-Sentinel and Forum Publishing since before the Petition Date. As reflected in the attached invoices, the Debtors have requested that Hunton & Williams handle several employment

litigation matters, including a claim for employment discrimination on the basis of age and disability brought by a former employee and a federal lawsuit for ERISA benefits brought by another employee. Between May and July 2010, Hunton & Williams was required to defend the discrimination lawsuit in federal court, which was brought by an aggressive and seemingly vexatious litigant who had brought similar claims against a prior employer following his discharge for cause.

12.     Based on the tasks required of Hunton & Williams in representing the Debtors in these matters, in particular the discrimination lawsuit described above, the Firm exceeded its monthly cap for the months of May through July 2010. Hunton & Williams believes that the services rendered in that matter was necessary, and that the fees sought are fair and reasonable, and similar to fees charged in the competitive market for legal services by attorneys with similar experience. Mr. Thornton, the attorney with primary responsibility for representation in these matters, has 10 years experience in litigating employment matters, and Ms. Ellis, who also worked on the file, has 6 years of experience litigating employment matters.

**Request for Limited Waiver of Interim Compensation Procedures**

13.     In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals.[6] Hunton & Williams respectfully submits that good cause similarly exists for the

---

[6] *See, e.g.*, Order Allowing Compensation and Reimbursement of Expenses to Davis Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from March 1, 2010 through June 30, 2010 (DI 6567); Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I

{00313901;v1}                                    6

Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay Hunton & Williams the full amount of the fees and expenses it incurred during the period from May 1, 2010 through July 30, 2010, rather than requiring Hunton & Williams to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Such fees and costs were incurred several months prior to when the Debtors determined that it would be necessary for Hunton & Williams to file this Application to seek the Court's approval of the fees requested, and DWT understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, Hunton & Williams requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

**Payment from Debtors; No Sharing of Compensation**

14. Hunton & Williams has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between Hunton & Williams and any other party for the sharing of compensation to be received for the services rendered by

---

5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

Hunton & Williams to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

16.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

17.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Hunton & Williams respectfully requests the Court enter an order (i) allowing fees in the amount of $16,872.50 and expenses in the amount of $12.87 for services rendered to Debtors during the month of May 2010; (ii) allowing fees in the amount of $9,745.50 and expenses in the amount of $46,85 for services rendered to the Debtors during the month of June 2010; (iii) allowing fees in the amount of $25,809.50 and expenses in the amount of $1,221.52 for services rendered to the Debtors during the month of July 2010; (iv) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (v) granting such further relief as is just and proper.

Dated: December 1, 2010

                                      Respectfully submitted,

                                      */s/ Juan C. Enjamio*
                                      Juan C. Enjamio
                                      Hunton & Williams LLP
                                      Sabadell Financial Center
                                      1111 Brickell Avenue, Suite 2500
                                      Miami, Florida 33131
                                      Phone: (305) 810-2500
                                      Fax: (305) 810-2460