# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re:* | ) Chapter 11 |
|  | ) |
| TRIBUNE COMPANY, <u>et al.</u>, | ) Case No. 08-13141 (KJC) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Hearing Date: Dec. 15, 2010 at 10:00 a.m.** |
|  | ) **Response Deadline: Dec. 3, 2010 at 4:00 p.m.** |
|  | ) **Related Docket No. 6433** |

## APPENDIX TO OPPOSITION TO MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P. FOR AN ORDER DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT, LP

|  |  |
|---|---|
| William P. Bowden (#2553) | Lawrence S. Robbins |
| Amanda M. Winfree (#4615) | Michael L. Waldman |
| ASHBY & GEDDES, P.A. | Daniel N. Lerman |
| 500 Delaware Avenue, 8th Floor | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| P.O. Box 1150 | UNTEREINER & SAUBER LLP |
| Wilmington, DE 19899 | 1801 K Street, NW, Suite 411 |
| (302) 654-1888 | Washington, DC 20006 |
|  | (202) 775-4500 |
|  | lrobbins@robbinsrussell.com |

*Counsel for Akin Gump Strauss Hauer & Feld LLP*

# EXHIBIT 1

**From:** Lee, Edgar [mailto:elee@oaktreecapital.com]
**Sent:** Tuesday, January 19, 2010 10:14 AM
**To:** Baiera, Gavin; Marchesiello, Phil
**Cc:** Davidson, Tom; Liang, Ken; Alexander, Emily; Bruce Bennett; James O. Johnston
**Subject:** RE: Tribune Broadcasting

Tom,

As discussed, please find attached the contact information for Bruce Bennett and Jim Johnston.  They are representing the Ad Hoc committee of lenders which includes Oaktree and Angelo Gordon.

Bruce and Jim,

Tom and Phil from Akin are representing Oaktree and Angelo on Tribune FCC matters.  They will be reaching out to you to discuss some bankruptcy matters as they relate to FCC approval.

Best,

Edgar

**From:** Gavin Baiera [mailto:GBaiera@angelogordon.com]
**Sent:** Tuesday, January 19, 2010 5:56 AM
**To:** Marchesiello, Phil
**Cc:** Davidson, Tom; Lee, Edgar; Liang, Ken
**Subject:** RE: Tribune Broadcasting

I think it makes sense to have Akin be prepared from a BK perspective to defend our approach.  So yes.

**From:** Marchesiello, Phil [mailto:PMarchesiello@AKINGUMP.com]
**Sent:** Tuesday, January 19, 2010 8:53 AM
**To:** Gavin Baiera
**Cc:** Davidson, Tom
**Subject:** Tribune Broadcasting

Gavin:

REDACTED

ATTORNEY CLIENT COMMUNICATION

Given the conference calls last week on this issue, I would be glad to have someone at Akin take a closer look at the defensibility of our suggested approach from a bankruptcy law perspective.  Assuming that AG and Oaktree agree that it is worthwhile to do so, we will split the cost of any such analysis between the two companies.  (We sent an email similar to this to Okatree this morning.)  However, I do not expect the cost of the bankruptcy analysis to be significant.

Let me know whether you would like us to have a bankruptcy attorney at Akin take a look at the issue and please do not hesitate to give me a call with any questions.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Scanned by Angelo, Gordon & Co.'s Anti-Virus system.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 2

**Davidson, Tom**

| | |
|---|---|
| From: | Davidson, Tom |
| Sent: | Thursday, January 28, 2010 2:53 PM |
| To: | Alexander, Emily |
| Subject: | Tribune |

Yes, we have discussed with our ethics officer and have taken the necessary internal steps to comply with applicable ethics requirement. Having said that, I had heard (not from Akin folks but others) but am not certain that Centerbridge was being represented by another law firm in the Tribune matter, and not by any Akin bankruptcy lawyers. When I spoke with Edgar last week about the bankruptcy issue, we agreed that Oaktree and Angelo Gordon should use another firm for the bankruptcy analysis in an abundance of caution to avoid any actual or appearance of a conflict. That is the approach that has been followed. There has been no discussion of the matter with any Akin bankruptcy lawyer. Instead, Jim Johnston is handling the bankruptcy work on this matter. I spoke with Jim Johnston last night, who spoke with Davis Polk's bankruptcy counsel. As a result of the discussion with Davis Polk, I now understand that

REDACTED

ATTORNEY CLIENT COMMUNICATION

Please do not hesitate to give me a call if you have further questions about the ethics question.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

---

**From:** Alexander, Emily [mailto:ealexander@oaktreecapital.com]
**Sent:** Thursday, January 28, 2010 2:23 PM
**To:** Davidson, Tom
**Subject:** Tribune

Hi, Tom. I understand that colleagues of yours may be involved in the Tribune representation on the bankruptcy side that could have positions opposite to ours. We just wanted to confirm that there was a wall set up between those of you on the FCC side. Could you please let me know?

Thanks!

Emily Alexander
Senior Vice President, Legal
Oaktree Capital Management, L.P.
333 S. Grand Ave., 28th Floor
Los Angeles, CA 90071
Tel: 213-830-6466
Fax: 213-830-8599

***NOTICE***

1

# EXHIBIT 3

**Waters, Ashley**

| | |
|---|---|
| **From:** | Davidson, Tom [tdavidson@AKINGUMP.com] |
| **Sent:** | Tuesday, February 16, 2010 7:39 AM |
| **To:** | Alexander, Emily |
| **Cc:** | Lee, Edgar; Liang, Ken |
| **Subject:** | Tribune |

Emily:

With respect to the Tribune matter, I wanted to confirm in writing that Akin Gump has in place an ethical wall between those Akin lawyers representing Angelo Gordon and Oaktree and any Akin lawyers representing Centerbridge, since Centerbridge could have positions adverse to the positions of Angelo Gordon and Oaktree. In reviewing my response to your January 28 email, I realized I had not directly responded to your question. Therefore, I wanted to make it clear that we have the ethical wall in place.

Please do not hesitate to let me know if you have any questions.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

---

**From:** Alexander, Emily [mailto:ealexander@oaktreecapital.com]
**Sent:** Thursday, January 28, 2010 2:23 PM
**To:** Davidson, Tom
**Subject:** Tribune

Hi, Tom. I understand that colleagues of yours may be involved in the Tribune representation on the bankruptcy side that could have positions opposite to ours. We just wanted to confirm that there was a wall set up between those of you on the FCC side. Could you please let me know?

Thanks!

Emily Alexander
Senior Vice President, Legal
Oaktree Capital Management, L.P.
333 S. Grand Ave., 28th Floor
Los Angeles, CA 90071
Tel: 213-830-6466
Fax: 213-830-8599

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in*

*error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer.  Thank you.*

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF DELAWARE

IN RE:                        )       Bankruptcy Action
                              )       08-13141-KJC
TRIBUNE COMPANY, et al.,      )
                              )       Chapter 11
                              )       Wilmington, DE
            Debtors,          )       April 13, 2010
                              )       10:00 a.m.

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:          JAMES CONLAN, ESQUIRE
                          BRIAN KRAKAUER, ESQUIRE
                          JAMES BENDERNAGEL, ESQUIRE
                          Sidley, Austin, LLP
                          One South Dearborn Street
                          Chicago, Illinois 60603

Audio Operator:           Al Lugano

Transcribed by:           DIANA DOMAN TRANSCRIBING
                          P.O. Box 129
                          Gibbsboro, New Jersey  08026-129
                          PHONE:  (856)435-7172
                          FAX:    (856) 435-7124
                          Email:  Dianadoman@comcast.ne

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

1    parties, including Law Debenture, in order to bring us to a

2    framework for settling this case.

3              It is not a total settlement.  However, the

4    Bankruptcy Code and the ideas underlying the Bankruptcy Code,

5    are designed to have a debtor bring the constituents together

6    in order to propose a plan that can be confirmed.

7              It is not necessary, I believe, at the time of an

8    extension of exclusivity, to have a plan that is confirmed.

9    Otherwise, the voting process would be unnecessary.  I think

10   the debtors have satisfied the cause standard by virtue of what

11   they accomplished during that 30 days, such that they are

12   entitled to the two weeks necessary to bring it to today.

13             And within that period, if Your Honor agrees, they

14   have already filed a plan and disclosure statement, which then

15   would moot any further, you know, any further need for, as Mr.

16   Conlan refers to it, as front end exclusivity.

17             And having met, in our opinion, in my view, I'm

18   sorry, the cause standard, we would urge Your Honor to extend

19   exclusivity from March 30th to today, and then allow the plan

20   to go forward.

21             THE COURT:  Thank you.

22             MR. ROSNER:  Thank you, Your Honor.

23             MR. GOLDEN:  Good morning, Your Honor.  Daniel

24   Golden, Akin, Gump, counsel for Centerbridge.  Your Honor, as

25   you've already heard this morning from Mr. Conlan, Centerbridge

1    is one of the signatories to the document entitled Settlement

2    Support Agreement, and the underlying settlement term sheet.

3           I stand in what I consider to be somewhat a unique

4    position, having recently been involved with two other Chapter

5    11 cases.  The centerpiece of which, in both of those cases,

6    was a putative fraudulent conveyance litigation.

7           The first case was Tusa (phonetic) pending in the

8    Southern District of Florida, where we represented the

9    Committee and was prosecuting that fraudulent conveyance

10   litigation.

11          And in that case we were unable to resolve that

12   litigation, and it went to a full-blown trial, and a judgment

13   in favor of the estate.  But that case is still pending.

14          All of the defendants who lost that litigation have

15   taken a variety of appeals to the District Courts, and that

16   case is nowhere close to being confirmed.  I contrast that

17   experience with another recent case we were involved in,

18   Lyondell Chemical Company, pending in the Southern District of

19   New York.

20          And there, again, a fraudulent conveyance litigation

21   was the centerpiece brought by the Creditor's Committee in that

22   case.  But unlike Tusa in the Lyondell case, there was a

23   settlement of the fraudulent conveyance litigation and the

24   issues arising from that fraudulent conveyance litigation.

25          In that case, unlike Tusa, but much more like what we

1   have here today, that case is well on its way to confirmation.

2   The confirmation should be accomplished by the end of this

3   month.

4        The point, I think, Your Honor, is Chapter 11 is

5   about consensus building and reaching ultimately a consensus so

6   that a plan can be developed, filed, voted on and ultimately

7   attempted to be confirmed to allow a company to emerge from

8   Chapter 11.

9        And while there is always in-fighting, and

10  scrabbling, and scraping during the course of that period,

11  ultimately, parties need to get to a consensus.  Your Honor has

12  said as much in prior hearing on exclusivity.

13       Centerbridge, Law Debenture, JPMorgan, Angelo,

14  Gordon, took those lessons to heart and worked hard and long to

15  achieve the settlement which is now the centerpiece of this

16  plan and disclosure statement that has recently been filed.

17       Is it a perfect settlement?  No.  Is it a settlement

18  that currently has the approval of all parties in interest?

19  No.  You'll hear today, later today, from Mr. Bennett,

20  representing a very large number of bank creditors who don't

21  currently support the settlement.

22       That's not a reason not to allow this plan, premised

23  upon this settlement, to have its day in Court.  The debtor has

24  worked hard with its advisors and professionals to get us to

25  this juncture.

1          We believe that this settlement and this plan has the

2    right to be head, to be ultimately determined by this Court

3    whether to be approved or not.

4          As a consequence, we do support the requested

5    exclusivity extension.  We think it would be a grave error to

6    allow exclusivity to be terminated, because we will then simply

7    be mired in competing plan litigation.

8          Give this plan a opportunity to see if it will

9    ultimately pass muster.  I am actually confident that, as we

10   inch closer to confirmation, through the disclosure statement

11   process, through the confirmation process, the amount and the

12   decibel of the creditors currently not supporting this plan

13   will lower, and lower, and lower, to a point where I believe we

14   will ultimately get to a consensual confirmation hearing with

15   respect to this plan.

16         That's a speculation on my part, borne 30 years of

17   experience, for what that's worth, Your Honor.  I do believe

18   that it's important to allow this process to unfold, and we do

19   support the current exclusivity request.  Thank you.

20         THE COURT:  Thank you.

21         MR. STARK:  Good morning, Your Honor.  I would have

22   thought Mr. Golden would know me well enough about my decibel

23   levels.  Robert Stark from Brown, Rudnick on behalf of

24   Wilmington Trust.  Perhaps fitting that I follow Mr. Golden,

25   preaching the gospels of consensus building, being that we were

# EXHIBIT 5

## Golden, Daniel

| | |
|---|---|
| **From:** | Golden, Daniel |
| **Sent:** | Friday, September 17, 2010 5:28 PM |
| **To:** | 'Judge_Kevin_Gross@deb.uscourts.gov'; jconlan@sidley.com; bkrakauer@sidley.com; klantry@sidley.com; jbendernagel@sidley.com; jboelter@sidley.com; npernick@coleschotz.com; kstickles@coleschotz.com; dgheiman@jonesday.com; dliebentritt@tribune.com; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; donald.bernstein@davispolk.com; elliott.moskowitz@davispolk.com; dennis.glazer@davispolk.com; damian.schaible@davispolk.com; michael.russano@davispolk.com; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; tlauria@whitecase.com; dhille@whitecase.com; sgreissman@whitecase.com; ahammond@whitecase.com; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov |
| **Cc:** | LAURA STRONG; Sherry_Scaruzzi@deb.uscourts.gov; Erin_Fay@deb.uscourts.gov |
| **Subject:** | RE: Tribune Company Mediation |

Dear Judge Gross:

We write to advise you and counsel for the Mediation Parties that our client, Centerbridge Credit Advisors LLC, one of the Mediation Parties as per Judge Carey's September 1, 2010 order, has sold its entire position of Tribune senior notes.  As a result, Centerbridge will not be participating in the upcoming mediation.  Thank you.


Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Phone:  (212) 872-8010
Fax:  (212) 872-1002

**From:** Judge_Kevin_Gross@deb.uscourts.gov [mailto:Judge_Kevin_Gross@deb.uscourts.gov]
**Sent:** Friday, September 17, 2010 1:51 PM
**To:** jconlan@sidley.com; bkrakauer@sidley.com; klantry@sidley.com; jbendernagel@sidley.com; jboelter@sidley.com; npernick@coleschotz.com; kstickles@coleschotz.com; dgheiman@jonesday.com; dliebentritt@tribune.com; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; donald.bernstein@davispolk.com; elliott.moskowitz@davispolk.com; dennis.glazer@davispolk.com; damian.schaible@davispolk.com; michael.russano@davispolk.com; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; tlauria@whitecase.com; dhille@whitecase.com; sgreissman@whitecase.com;

ahammond@whitecase.com; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov
**Cc:** LAURA STRONG; Sherry_Scaruzzi@deb.uscourts.gov; Erin_Fay@deb.uscourts.gov
**Subject:** Tribune Company Mediation
**Importance:** High


Counsel:  I have now reached the point of enough knowledge of the case that, armed with your submissions on September 20, I would like to have separate  20-30 minute calls with each of you in advance of the mediation.  I have already spoken with the Debtors.   As you can imagine, given the number of parties, it will be difficult for me to get to talk with  each of you as quickly as I would like at the mediation.  I therefore view these pre-mediation discussions as a "running start" for the mediation.  Among other things, you can assist me greatly by suggesting (for my benefit only -- confidentially)  some potential groupings of parties -- i.e., with what other parties you share similar views.  That information will enable me to meet with  everyone more quickly.

1.  We are meeting on Sunday, September 26, at 9:30 a.m. at the Hotel duPont conference center, located down the hall from the hotel itself.
2.  Debtors are arranging for meals, including dinner.
3.  Dress for both Sunday and Monday is casual -- jeans are acceptable.
4.  I want people to be comfortable because we will go all night if necessary and if we are making progress I will not stop.
5.  Please bring work, ipods, books, or the like, with you because there will be hours when you are waiting to talk with me or others.
6..  Please be relaxed with me.  If (or when) I yell at you, you are allowed to yell back.  I have a very short memory.  I will, however, expect
     everyone to be civil.
7.  What happens at the mediation stays at the mediation.  I absolutely, positively, will not speak with CJ Carey about what transpires.  He will hear
     only that we settled or didn't.
8.  You will remain in control of what I report to others.  In other words, you can trust me with your position but I will report only information or position
     you authorize.  The mediation can work only if you trust me.


I am realistic enough to recognize that this will be a difficult process but I  have a positive attitude and am committed to doing what I can to help you to arrive
at a resolution. But I will be relying heavily on you to work cooperatively with one another.

Best regards to all, KG


JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
824 N. MARKET STREET
WILMINGTON DE 19801
302. 252. 2917

# EXHIBIT 6

## Golden, Daniel

**From:** Golden, Daniel
**Sent:** Monday, September 20, 2010 8:40 AM
**To:** Dublin, Philip
**Subject:** FW: Tribune-- Confidential/Common Interest Privilege

We can have the waiver if we want it, we should discuss

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

**From:** Golden, Daniel
**Sent:** Monday, September 20, 2010 8:16 AM
**To:** 'Dan Gropper'
**Cc:** Dublin, Philip
**Subject:** RE: Tribune-- Confidential/Common Interest Privilege

REDACTED


ATTORNEY CLIENT COMMUNICATION

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

# EXHIBIT 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| TRIBUNE COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
|  | ) |  |
|  | ) | Courtroom 5 |
|  | ) | 824 Market Street |
| _____Debtors._____ | ) | Wilmington, Delaware |

October 4, 2010
10:04 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Sidley Austin LLP
                                BY: JAMES CONLAN, ESQ.
                                BY: KEVIN LANTRY, ESQ.
                                BY: JAMES BENDERNAGEL, JR., ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (213) 896-6022

                                Cole, Schotz, Meisel, Forman &
                                Leonard, PA
                                BY:  NORMAN PERNICK, ESQ.
                                1000 North West Street
                                Suite 1200
                                Wilmington, DE 19801
                                (302) 652-3131

ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664

Proceedings recorded by electronic sound recording; transcript
produced by transcription service

17

1  proponents are going to have different views on the merits of

2  the litigation, for example, and the claims and certainly plan

3  treatment is going to be dramatically different among different

4  plans.  So I think there may be a limit to -- unfortunately to

5  how much uniformity there can be, but we certainly should

6  strive that.  Certainly, certain aspects of the disclosure

7  statement can be uniform.

8          THE COURT:  Well, let's -- let me just say one thing

9  I'd like to avoid, and that is, understanding that the

10  Examiner's report has since come out and parties have had a

11  chance now to digest it, I have no desire to renegotiate,

12  because I feel sometimes that's what disclosure hearings are

13  about, and I mean I include the Court among those parties,

14  descriptions of causes of actions, these things really were

15  known before that.  And it seems to me the parties ought to be

16  able easily to come upon language solutions without recreating

17  the war of words in connection with disclosure.  That's my

18  concern.

19          MR. SEIFE:  The committee is certainly prepared to

20  work with the other parties to try to accomplish that, Your

21  Honor.  Given the time schedule and the fact we'll be busy with

22  many other things in mediation, how successful we'll be, I

23  don't know, but we'll certainly give it the best shot.

24          THE COURT:  Okay.

25          MR. GOLDEN:  Good morning, Your Honor.  Daniel Gold,

18

1   Akin Gump, counsel for -- co-counsel for Aurelius Capital

2   Management.  It's a unique day; everyone seems to be in

3   agreement.  We too agree that having a uniform portion, which

4   would be the lion size share or section of the disclosure

5   statement makes a lot of sense.  I don't think there will be a

6   lot of disagreement about the sections of the disclosure

7   statement about the debtors' operations, how they got into

8   Chapter 11, how they're doing, what they did in Chapter 11 and

9   so forth.

10          It may also be helpful, Your Honor, if the Court was

11  to impose page limitations or some type of spatial limitation

12  on the various plan proponents so that we won't be dealing with

13  the multi-day hearing that you're afraid.  I think each plan

14  proponent and --

15          THE COURT:  I don't fear it exactly.  I just simply

16  wish to avoid it.

17          MR. GOLDEN:  I think you're probably right about

18  that, Your Honor.  I think each of the respective plan

19  proponents can, within a confined space, describe their

20  particular plan, contrast their plan to the other plans.  I

21  think you're absolutely right that it would be senseless to

22  have hundreds of pages or any pages devoted to the causes of

23  action.  Everybody can reference the Examiner's report.  And I

24  think this will cut down on the amount of fighting we'll have

25  over the comparing and contrasting of the actual treatment of

19

1   the plans.  And more importantly I think -- and I think this is

2   what Your Honor was getting at -- make it easier for the

3   voters, the people who actually have to try to decipher these

4   materials, to try and get to a decision tree as to what plan

5   that they like or how to rank those plans, so to speak.

6           So we agree with the uniform portion approach.  And

7   if we could impose some kind of limitation, and maybe the

8   prospective plan proponents could get together and make -- try

9   to reach some kind of agreement and report that to Your Honor,

10  I think that would be helpful for all parties.

11          THE COURT:  Thank you.  Anyone else wish to be

12  heard?

13          MR. LAURIA:  Good morning, Your Honor.  Tom Lauria

14  with White and Case, represent Wells Fargo as the Bridge Agent.

15  It seems to me that there's consensus developing and it makes a

16  lot of sense to proceed as proposed.  The question I have is

17  what needs to be filed by October 15th if we're going to have a

18  hearing on disclosure on November 9th.  Did --

19          THE COURT:  Well, I thought about that, and I don't

20  know if there's a good answer to it.  You know, the requirement

21  is that a disclosure statement be filed with the plan and it

22  should be, but of course, you know, we've already been through

23  the process once.  It seems to me largely, the players know

24  what's going on, so I guess what I'd like to do is ask that the

25  parties, to the extent prior to that date, either because they

# EXHIBIT 8

## Golden, Daniel

| | |
|---|---|
| **From:** | Golden, Daniel |
| **Sent:** | Friday, October 08, 2010 2:15 PM |
| **To:** | 'Lantry, Kevin T.'; Moskowitz, Elliot; Greissman, Scott; Wesch, Kristina; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; Bernstein, Donald S.; Glazer, Dennis E.; Schaible, Damian S.; Russano, Michael J.; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden; Stickles, Kate |
| **Subject:** | RE: Revised Order and Redline |

All: I have just had a conversation with Kevin Lantry where I (on behalf of Aurelius) has agreed to a single certification that (i) advises the Court that all of the Mediation parties have agreed to the terms of the procedural order other than the dates for the filing of the Debtors' plan and related plan documents vs. the Competing Plan Proponent's plan (s) and related plan documents and the ensuing schedule, (ii) attaches a clean version of the Debtors' order, a clean version of the Aurelius order, and a blackline showing the differences between the two, and (iii) contains a statement of who supports the Debtors' order (Oaktree, Angelo, 1st step only lenders JPM (with the caveat that JPM wants Oct 22 as the joint plan filing date) and who supports the Aurelius order (phones, bridges, Committee, Deutsche Bank), and (iv) a request for a brief telephonic court hearing to resolve the open issues.  Kevin is going to reach out to our respective local counsel and ask them to jointly draft the proposed certification and to distribute to all for sign off.


Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Phone:  (212) 872-8010
Fax:  (212) 872-1002

**From:** Lantry, Kevin T. [mailto:klantry@Sidley.com]
**Sent:** Friday, October 08, 2010 1:52 PM
**To:** Moskowitz, Elliot; Greissman, Scott; Wesch, Kristina; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; Bernstein, Donald S.; Glazer, Dennis E.; Schaible, Damian S.; Russano, Michael J.; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com;

1

kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden; Stickles, Kate
**Subject:** RE: Revised Order and Redline

All:

      The Debtors are also okay with (i) the proposed change of the Step One Lenders and (ii) the added page limit and clarifying changes proposed by Aurelius, other than the changes to the dates.

      Accordingly, unless there is protest from any of the parties to these two changes, we will circulate a revised version of the Debtors' proposed order reflecting these changes. Thereafter, we can move forward with Aurelius and the Debtors' local counsel working out a certificate of counsel attaching the two orders, and a redline comparing them, etc. But please keep in mind, we would like to have the certificate of counsel represent that all the Mediation Parties have agreed to all the terms of the orders EXCEPT the differences in scheduling.

**Kevin T. Lantry, Esq.**
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, California  90013
(213) 896-6022 (Direct)
(213) 896-6600 (Fax)

**From:** Moskowitz, Elliot [mailto:elliot.moskowitz@davispolk.com]
**Sent:** Friday, October 08, 2010 10:21 AM
**To:** 'Greissman, Scott'; Lantry, Kevin T.
**Cc:** Wesch, Kristina; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; Bernstein, Donald S.; Glazer, Dennis E.; Schaible, Damian S.; Russano, Michael J.; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden; Stickles, Kate
**Subject:** RE: Revised Order and Redline

JPM is fine with (1) the change proposed by the Step One Lenders; and (2) the page limit and clarifying changes from Aurelius, other than the changes to the dates.

With respect to the proposed changes to the dates, JPM generally supports the position of the Debtors, which is consistent with the Court's directives at last week's hearing.  We believe it is sensible for all parties to have the same "starting point" with respect to filing a plan.  To the extent parties wish to amend their plans in response to what is in the plan of the Debtors or competing plans, that is now expressly contemplated by the order.  Having said that, we believe all parties could benefit from more time, and suggest that the deadline for all parties to file a plan be extended by a week (i.e., from October 15 to October 22).

**From:** Greissman, Scott [mailto:sgreissman@ny.whitecase.com]
**Sent:** Friday, October 08, 2010 11:56 AM
**To:** Lantry, Kevin T.
**Cc:** Wesch, Kristina; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; Bernstein, Donald S.; Moskowitz, Elliot; Glazer, Dennis E.; Schaible, Damian S.; Russano, Michael J.; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden; Stickles, Kate
**Subject:** RE: Revised Order and Redline

The Aurelius order also increased the page limit for "Responsive Statements", and made a number of clarifying changes that probably should be made to the Debtors' form of order.


Scott Greissman
White & Case LLP
Telephone: + 212-819-8567
sgreissman@whitecase.com


**From:** Lantry, Kevin T. [mailto:klantry@Sidley.com]
**Sent:** Friday, October 08, 2010 11:50 AM
**To:** Greissman, Scott
**Cc:** Wesch, Kristina; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; donald.bernstein@davispolk.com; elliott.moskowitz@davispolk.com; dennis.glazer@davispolk.com; damian.schaible@davispolk.com; michael.russano@davispolk.com; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden; Stickles, Kate
**Subject:** RE: Revised Order and Redline

For purposes of our certificate of counsel to the Judge re: the competing orders, we were hoping to say that the Mediation parties' reached agreement on all aspects of the two competing orders except for the scheduling differences reflected in the two competing orders. Can you say that for the Bridge agent as well?

**Kevin T. Lantry, Esq.**
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013
(213) 896-6022 (Direct)
(213) 896-6600 (Fax)

**From:** Greissman, Scott [mailto:sgreissman@ny.whitecase.com]
**Sent:** Friday, October 08, 2010 8:46 AM
**To:** Wesch, Kristina; Lantry, Kevin T.; andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com; wweintraub@fklaw.com; wbowden@ashby-geddes.com; Golden, Daniel; Dublin, Philip; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com; johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com; kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com; donald.bernstein@davispolk.com; elliott.moskowitz@davispolk.com; dennis.glazer@davispolk.com; damian.schaible@davispolk.com; michael.russano@davispolk.com; stearn@rlf.com; drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com; dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com; ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com; hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com; msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com; jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Hammond, Andrew; jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com; 'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com; Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com; dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman; AWinfree@ashby-geddes.com; BKeenan@ashby-geddes.com; WBowden
**Subject:** RE: Revised Order and Redline

The Bridge Agent supports the Aurelius order.

Scott Greissman
White & Case LLP
Telephone: + 212-819-8567
sgreissman@whitecase.com

---

**From:** Wesch, Kristina [mailto:kwesch@akingump.com]
**Sent:** Thursday, October 07, 2010 5:06 PM
**To:** Greissman, Scott; 'Lantry, Kevin T.'; 'andrew.goldman@wilmerhale.com'; 'collins@rlf.com'; 'dsloan@rlf.com'; 'efriedman@fklaw.com'; 'wweintraub@fklaw.com'; 'wbowden@ashby-geddes.com'; Golden, Daniel; Dublin, Philip; 'ljones@pszjlaw.com'; 'mbillion@pszjlaw.com'; 'bennettb@hbdlawyers.com'; 'johnstonj@hbdlawyers.com'; 'rbrady@ycst.com'; 'mbcleary@ycst.com'; 'dadler@mccarter.com'; 'kmayer@mccarter.com'; 'dbradford@jenner.com'; 'carickhoff@blankrome.com'; 'donald.bernstein@davispolk.com'; 'elliott.moskowitz@davispolk.com'; 'dennis.glazer@davispolk.com'; 'damian.schaible@davispolk.com'; 'michael.russano@davispolk.com'; 'stearn@rlf.com'; drosner@kasowitz.com; 'aglenn@kasowitz.com'; 'skorpus@kasowitz.com'; 'mstein@kasowitz.com'; 'dfliman@kasowitz.com'; 'gmcdaniel@bglawde.com'; 'hseife@chadbourne.com'; 'dlemay@chadbourne.com'; 'ddeutsch@chadbourne.com'; 'landis@lrclaw.com'; 'gbush@zuckerman.com'; 'tmacauley@zuckerman.com'; 'hkaplan@arkin-law.com'; 'ddavidian@arkin-law.com'; 'rstark@brownrudnick.com'; 'msiegel@brownrudnick.com'; 'kbromberg@brownrudnick.com'; 'rlemisch@beneschlaw.com'; 'jhoover@beneschlaw.com'; Lauria, Thomas E.; Hille, David; Hammond, Andrew; 'jschlerf@foxrothschild.com'; 'esutty@foxrothschild.com'; 'david.klauder@usdoj.gov'; 'flevy@olshanlaw.com'; "Paul N. Silverstein; 'dabbott@mnat.com'; 'afriedman@olshanlaw.com'; 'gnovod@brownrudnick.com'; 'Conlan, James F.'; 'Mills, Kerriann'; 'Krakauer, Bryan'; 'dgheiman@jonesday.com'; 'bberens@jonesday.com'; 'dliebentritt@tribune.com'; 'Bendernagel, James

F.'; 'Boelter, Jessica C.K.'; 'Kansa, Ken'; 'Pernick, Norman'; 'AWinfree@ashby-geddes.com';
'BKeenan@ashby-geddes.com'; 'WBowden'; Wesch, Kristina
**Subject:** RE: Revised Order and Redline

Attached please find Aurelius's proposed Scheduling Order, along with a redline against what Sidley
circulated earlier this afternoon.

**Kristina M. Wesch**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Phone: (212) 872-8020
Fax:     (212) 872-1002
Email:   kwesch@akingump.com

---

**From:** Lantry, Kevin T. [mailto:klantry@Sidley.com]
**Sent:** Thursday, October 07, 2010 3:07 PM
**To:** andrew.goldman@wilmerhale.com; collins@rlf.com; dsloan@rlf.com; efriedman@fklaw.com;
wweintraub@fklaw.com; wbowden@ashby-geddes.com; dgolden@akingump.com;
pdublin@akingump.com; ljones@pszjlaw.com; mbillion@pszjlaw.com; bennettb@hbdlawyers.com;
johnstonj@hbdlawyers.com; rbrady@ycst.com; mbcleary@ycst.com; dadler@mccarter.com;
kmayer@mccarter.com; dbradford@jenner.com; carickhoff@blankrome.com;
donald.bernstein@davispolk.com; elliott.moskowitz@davispolk.com; dennis.glazer@davispolk.com;
damian.schaible@davispolk.com; michael.russano@davispolk.com; stearn@rlf.com;
drosner@kasowitz.com; aglenn@kasowitz.com; skorpus@kasowitz.com; mstein@kasowitz.com;
dfliman@kasowitz.com; gmcdaniel@bglawde.com; hseife@chadbourne.com; dlemay@chadbourne.com;
ddeutsch@chadbourne.com; landis@lrclaw.com; gbush@zuckerman.com; tmacauley@zuckerman.com;
hkaplan@arkin-law.com; ddavidian@arkin-law.com; rstark@brownrudnick.com;
msiegel@brownrudnick.com; kbromberg@brownrudnick.com; rlemisch@beneschlaw.com;
jhoover@beneschlaw.com; Lauria, Thomas E.; Hille, David; Greissman, Scott; Hammond, Andrew;
jschlerf@foxrothschild.com; esutty@foxrothschild.com; david.klauder@usdoj.gov; flevy@olshanlaw.com;
'Paul N. Silverstein; dabbott@mnat.com; afriedman@olshanlaw.com; gnovod@brownrudnick.com;
Conlan, James F.; Mills, Kerriann; Krakauer, Bryan; dgheiman@jonesday.com; bberens@jonesday.com;
dliebentritt@tribune.com; Bendernagel, James F.; Boelter, Jessica C.K.; Kansa, Ken; Pernick, Norman;
kwesch@akingump.com
**Subject:** Revised Order and Redline

All:

        Attached is a revised form of the scheduling order and a redline comparing it to the version we
circulated last evening.  Hopefully, this reflects all the changes we agreed to during our noon Eastern
conference call today.  If not, please send comments via e-mail.

        As we discussed during the call, the Debtors will await Aurelius' circulation of a competing
order, which will reflect the scheduling changes that Aurelius and Wilmington Trust have said they
would like the Court to consider.  Once that has been circulated to all with a brief period for comment,
the Debtors' local counsel and Aurelius' local counsel will work together to submit an appropriate
certificate of counsel (along with the two different orders and relevant redline) to the Court, and
perhaps contact the Court's clerk to see if the Judge would like to have a conference to permit the
parties to discuss their varying positions on Aurelius' requested scheduling change.

        There have been a few attorneys who appear to have been erroneously dropped off of some of
the e-mail distributions leading up to our conference call today.  We attempted to correct this problem

with the e-mail list used for this distribution, but each of you may want to make sure your team is included.

**Kevin T. Lantry, Esq.**
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013
(213) 896-6022 (Direct)
(213) 896-6600 (Fax)

--------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*************************************************************************************
**********************
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * * * * * * * * * * * * * * * * *
================================================================================
=
This e-mail communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (212) 819-8200 during the hours of 9:30am - 5:30pm (EST). Any other time please call (212) 819-7664. Please then delete the e-mail and any copies of it. Thank you.
================================================================================
=

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
================================================================================
=

This e-mail communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (212) 819-8200 during the hours of 9:30am - 5:30pm (EST). Any other time please call (212) 819-7664. Please then delete the e-mail and any copies of it. Thank you.
=========================================================================
=

==========================================================================
This e-mail communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (212) 819-8200 during the hours of 9:30am - 5:30pm (EST). Any other time please call (212) 819-7664. Please then delete the e-mail and any copies of it. Thank you.
==========================================================================

# EXHIBIT 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: | ) Chapter 11 |
|  | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
|  | ) |
|  | ) Courtroom 5 |
|  | ) 824 Market Street |
| _____Debtors._____ ) | Wilmington, Delaware |

October 13, 2010
2:02 p.m.

TRANSCRIPT OF PROCEEDINGS
TELEPHONIC HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:                        Sidley Austin LLP
                                    BY: KEVIN LANTRY, ESQ.
                                    BY: JAMES BENDERNAGEL, JR., ESQ.
                                    BY: JESSICA BOELTER, ESQ.
                                    BY: KEN KANSA, ESQ.
                                    BY: BRIAN KRAKAUER, ESQ.
                                    One South Dearborn
                                    Chicago, IL 60603
                                    (213) 896-6022

                                    Cole, Schotz, Meisel, Forman &
                                    Leonard, PA
                                    BY:  NORMAN PERNICK, ESQ.
                                    BY:  J. KATE STICKLES, ESQ.
                                    1000 North West Street
                                    Suite 1200
                                    Wilmington, DE 19801
                                    (302) 652-3131

ECRO:                               AL LUGANO

Transcription Service:             DIAZ DATA SERVICES
                                    331 Schuylkill Street
                                    Harrisburg, Pennsylvania 17110
                                    (717) 233-6664

Proceedings recorded by electronic sound recording; transcript
produced by transcription service

1   already really been taken care of.  We filed our original plan

2   some months ago and the plan implantation mechanics and

3   plumbing we intend to incorporate largely.  And obviously

4   Oaktree has demonstrated in its filing a competing plan a few

5   weeks back that it knows how to do that and others could do the

6   same thing.

7        But I think even more importantly, the debtors and

8   now the other four co-proponents with us, have already filed

9   our term sheet via the mediator's report, so they know what our

10  terms are.  And we've already circulated, last Friday, our

11  general disclosure document updating what's in our original

12  court approved disclosure document.  So I think the rest of the

13  parties kind of know how it works and they don't need that

14  traditional advantage of seeing the debtor go first.

15       So for those reasons, Your Honor, we would ask that

16  you keep the structure you originally contemplated, aside from

17  just a one week extension of the original filing date and then

18  all of the tracking dates from thereon.

19       THE COURT:  All right.  Thank you.  In terms of how

20  we proceed and who I hear from next, is there anyone else in

21  what I'll call the debtor group who wishes to be heard?

22       Okay.  I hear no response.  Let me hear from others.

23       MR. GOLDEN:  Good afternoon, Your Honor.  This is

24  Daniel Golden from Akin Gump on behalf of Aurelius Capital

25  Management.  Let me start -- and I believe that there are

1   others who want to speak to the issue.

2           First, Your Honor, I'd like to thank you for

3   scheduling this telephonic hearing.  It makes it a lot easier

4   for us to do it -- telephonically and not have everyone come to

5   Wilmington for a day that would otherwise might have been used

6   -- or needed to be used for a plan filing.

7           Your Honor, as set forth in the certification, which

8   you've seen in the attached competing orders, the current

9   dispute centers on whether prospective competing plan

10  proponents should have an opportunity to review the debtors'

11  new putative settlement plan as filed before having to file its

12  own competing plan.  And, Your Honor, I'd ask you to refer, if

13  you have the certification handle, to Exhibit -- what's labeled

14  Exhibit C-2, because that is the blackline version between the

15  debtors' plan and I'll call it the competing plan proponents'

16  order -- debtors' order versus the competing plan proponents'

17  order, so you can effectively see what's really at stake.

18          And really what's at stake is the request for a  two

19  week deferral, or the time for the competing plan proponents to

20  have an opportunity to review the debtors' plan, understand the

21  plan, see the debtors' general disclosure statement and

22  specific disclosure statement, and for reasons I'll get to in a

23  couple minutes, so that -- to simply avoid having to shoot in

24  the dark.  One thing is -- I just want to make sure one thing

25  is clear.  The only proposed delay is in the filing of the

11

1   competing plans by a period of two weeks.  Thereafter, all of

2   the deadlines would remain the same and be conterminous between

3   the debtor and the debtors' group and between the plan --

4   competing plan proponents' group.

5        So we're only talking about that initial two week

6   delay and then everything will run in tandem thereafter.  We

7   think --

8        THE COURT:  Well, Mr. Golden, let me ask you to

9   pause for a moment.  As I look at the blackline, it looks to me

10   that you proposed a hearing -- disclosure hearing during the

11   week of November 29th.

12        MR. GOLDEN:  You're right, Your Honor.  And the only

13   reason we did that -- if we actually use the two week period to

14   adjourn from what was originally scheduled, that would have

15   landed us in the week of November and I didn't want to presume

16   the Court's -- I'm sorry -- Thanksgiving.  I didn't want to

17   presume what Your Honor's schedule was that week and that's why

18   we said the week of the 29th.  And we are open to discussing,

19   now that we have all the parties on the phone and Your Honor is

20   available, what that disclosure statement hearing should be.

21        We were not looking to get an extra week.  We were

22   just concerned that Thanksgiving week being a short week that

23   maybe it would be best not to schedule the disclosure statement

24   hearing on that week.

25        THE COURT:  All right.  Thank you.  You may proceed.

12

1    I know I interrupted you.

2            MR. GOLDEN:   Thank you.   Your Honor, we think the

3    requested two week deferral and the rationale for that is quite

4    straightforward.   As you know better than everybody on this

5    phone, this case has been pending for 22 months.   As announced

6    yet today, the debtors have now reached an agreement with

7    Oaktree, Angelo Gordon, JPMorgan and the creditors' committee

8    on terms of a settlement plan, which at its heart is premised

9    upon a putative settlement of all potential fraudulent

10   conveyance actions assertable against current and former

11   holders and of Step 1 and Step 2 LBO debt, as well as bridge

12   disgorgement claims.

13           And I think it's probably not lost on Your Honor

14   that, to my knowledge, there is no pre-LBO creditors who after

15   all would be the beneficiaries of those fraudulent conveyance

16   actions, who are supportive of this settlement plan.   In fact,

17   Your Honor, this new settlement plan has less support than the

18   debtors' last filed plan, because at least in the debtors last

19   filed plan there was a sizeable senior noteholder and a senior

20   noteholder indentured trustee who supported that last plan.

21   There is no similar support among the pre-LBO creditors for

22   this plan.   And the reason I say that is not to argue the

23   merits of the settlement plan, we'll have plenty of time to do

24   that, but it -- that results in a process that's almost

25   certainly going to end up in a competing plan process where one

13

1   or more plans will be filed to compete against the debtors'

2   putative settlement plan.

3          And in order to make that competing plan process

4   rational, we think -- and not only Aurelius thinks, but the

5   creditors committee thinks, Wilmington Trust, as indentured

6   trustee for the Phones, Deutsche Bank, as indentured trustee

7   for the senior notes, the Ad Hoc Trade Committee, Wells Fargo,

8   as the agent for the bridge lenders, and the Step 1 Only

9   Lenders, all came to the conclusion that the most rational

10  approach here was to have the debtors file their compete --

11  their plan and their general disclosure statement and their

12  specific disclosure statement on a date certain.  It was

13  initially to be 10/15 -- October 15, now you hear that the

14  debtor is requesting a week's adjournment to October 22nd, but

15  whenever they file it to have a two week respite so that the

16  plan -- the prospective plan competitors, if you will, will

17  have an opportunity to analyze that plan, analyze the

18  disclosure statement, so in effect they are not shooting in the

19  dark when they file their competing plans.

20         This isn't an attempt to get an advantage.  There is

21  no real advantage to get.  When the competing plans are

22  ultimately filed they will be on the same track -- on the same

23  disclosure statement track, parties will have to deal with

24  whatever infirmities that exist in the plan, parties can make

25  amendments.  This was not a tactical advantage.  This was

14

1    simply to bring some order to the disclosure statement process.

2             Now, when we discussed this with the debtors, and

3    made this request because the parties did confer and try and

4    reach an agreement on that, the debtors said no and they said

5    Your Honor had ruled on this point last week when we were last

6    in Delaware and had said that they -- that the -- all of the

7    competing plans needed to be filed on the same day.  But what's

8    curious about that position of the debtors, is they somehow

9    have seemed to forget their own recent history about dealing

10   with deadlines, especially when moving those deadlines suits

11   them.

12            So, for example, back on August 3 the debtors asked

13   the Court for an extension of all plan related deadlines; Court

14   granted that relief.  Back on August 17 the debtors requested a

15   suspension of all plan related deadlines and promised to come

16   back three days later with a new set of dates.  They did, in

17   fact, come back on August 20th, three days later, and they

18   advised the Court that they would be filing plan amendments and

19   supplemental disclosure materials on August 27.

20            Well, of course, we know that come August 27 that

21   didn't happen.  Instead, the debtors threw up their hands and

22   said we need to go to mediation.  My point, of course, is when

23   it suits the debtors to extend and agree to deferral of

24   deadlines, they do so, but for some reason -- and I think Mr.

25   Lantry has pointed it out -- they are concerned that there's

15

1    somehow a tactical advantage to be gained by the competing plan

2    proponents asking for a two week period.

3         And why shouldn't the competing plan proponents have

4    that two weeks?  It's our view that the competing plan

5    proponents, given that two week delay, will be better educated

6    to file their competing plans.  They will have seen the

7    debtors' projected valuation and estimate of distributable

8    enterprise values.  They will have seen the debtors proposed

9    allocation of that distributable enterprise value, as between

10   the parent on one hand and the subsidiaries on the other.  They

11   will have seen how the debtors have treated inter-company

12   claims.  They will have seen the debtors' liquidation analysis,

13   none of which will they see if they are forced to commit to the

14   same schedule as the debtors have for filing their competing

15   plans.

16        And when Mr. Lantry says that they -- Your Honor,

17   they will have seen some of that information because we've

18   already filed our general disclosure statement.  None of the

19   information I listed was contained in the general disclosure

20   statement that the debtors circulated last Friday.  And not

21   only was that information missing, much more significant

22   information was missing, so they cannot rely on a relatively

23   blank general disclosure statement to argue -- or I don't think

24   they should be able to argue that the plan proponents or the

25   competing plan proponents will not be prejudiced if they don't

16

1  get the two week delay.

2              In real -- in a very real sense, the competing plan

3  proposal will be forced to shoot in the dark if they are

4  required to file their competing plans on the same schedule.   I

5  suggest to the Court that a competing plan process will

6  actually be more disciplined and more cogent if the prospective

7  competing plan proponents have the requested two week period in

8  order to review and digest the information to be presented when

9  the debtors file their plan, their general disclosure statement

10 and their specific disclosure statement.

11             I have the feeling, Your Honor, that what's really

12 motivating the debtors to say no, besides the intense pressure

13 they're presumably getting from their now co-plan proponents is

14 the fact that somehow the competing plan proponents will take

15 that two week delay and somehow entice other creditor

16 constituents to get on board with a competing plan.  Well, Your

17 Honor, I'm going to say that I actually doubt that's going to

18 happen because if you review the term sheet that the debtors

19 and their co-proponents have filed, they've already sought to

20 buy off the support of the trade creditors at the parent and

21 the subsidiaries.  So this -- I don't think this is an issue

22 about gaining a tactical advantage at all.

23             The debtors have tacit about for 22 months and I

24 cannot believe that they're seriously maintaining that a two

25 week delay will in any way prejudice the debtors or materially

1  delay their ultimate emergence from Chapter 11.  And I think

2  that's especially true that once this two week delay is

3  achieved and all of the plans have been filed, the rest of the

4  schedule is conterminous, as I said.  The plan opponents will

5  not get ahead of the debtors, there won't be a tactical

6  advantage.  I believe that this will result in a more

7  streamlined, and as I said cogent and disciplined competing

8  plan process.  And we think for all of those reasons, Your

9  Honor, we ask the Court to approve the competing order setting

10  forth the schedule I suggested.

11          THE COURT:  Thank you.  Anyone else wish to be

12  heard?

13          MR. LAURIA:  Your Honor, this is Tom Lauria with

14  White and Case on behalf of Wells Fargo for the bridge agent.

15          THE COURT:  Go ahead.

16          MR. LAURIA:  We join in Mr. Golden's comments and I

17  would just like to add a couple of other observations.  I heard

18  debtors' counsel say that there are two principal concerns,

19  where that by staggering the process their ultimate exercise in

20  attempting to emerge could slow down.  And I heard counsel say

21  also that they wanted to have a level playing field.  I think

22  that careful consideration of both of those points leads to the

23  conclusion that a staggered plan filing process is in the best

24  interest of the estate and its creditors.

25          On the issue of speed and efficiency, I think that

# EXHIBIT 10

**From:** Davidson, Tom
**Sent:** Friday, October 15, 2010 11:00 AM
**To:** Liang, Ken
**Cc:** 'Alexander, Emily'; Lee, Edgar
**Subject:** Tribune

Ken:

I just want to close the loop to be sure the below Aurelius conflict consent is acceptable to Oaktree? My understanding is that the consent is acceptable to Angelo Gordon and Angelo Gordon has provided a corresponding consent.

Tom D.

**From:** Davidson, Tom
**To:** 'kliang@oaktreecapital.com' ; 'ealexander@oaktreecapital.com'
**Cc:** 'elee@oaktreecapital.com' ; Marchesiello, Phil
**Sent:** Wed Oct 13 19:05:04 2010
**Subject:** Tribune

Ken and Emily:

I have now reconfirmed in writing with Aurelius that it consents to and waives any conflict of interest of having Oaktree and Angelo Gordon use Akin as its FCC counsel in connection with the Tribune bankruptcy cases provided that both Oaktree and Angelo Gordon similarly consent to and waive any conflict of interest that might arise as a result of Aurelius using Akin for all other purposes in the Tribune bankruptcy case.

Tom W. Davidson

**From:** Davidson, Tom
**To:** 'Liang, Ken' ; Alexander, Emily
**Cc:** Lee, Edgar
**Sent:** Wed Oct 13 14:38:41 2010
**Subject:** Tribune
Ken:

Based on my conversation with Danny Golden, I understand that Aurelius has consented to Akin's continued representation of Angelo Gordon and Oaktree on FCC matters in the Tribune bankruptcy pursuant to the ethical wall that has been established. I also understand that this arrangement is acceptable to Angelo Gordon. I will reconfirm my understanding again with Danny, however, given your concerns.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

**From:** Liang, Ken [mailto:kliang@oaktreecapital.com]
**Sent:** Wednesday, October 13, 2010 2:31 PM
**To:** Davidson, Tom; Alexander, Emily
**Cc:** Lee, Edgar; Liang, Ken
**Subject:** RE: Tribune

Thanks Tom. Aurelius will be much more litigious than Centerbridge (or anyone) and we have now reached agreement with all major constituencies (debtor, major creditors, and Official Committee of Unsecured Creditors) except for Aurelius, who is a significant holder of the parent company unsecured bonds. All efforts will be brought by Aurelius to derail the restructuring we believe. I just want to make sure they don't use the Akin multiple representations to disqualify Akin as our FCC counsel. I would presume Angelo Gordon has the same issue.

Ken

*Ken Liang*
*Managing Director*
*Oaktree Capital Management, L.P.*
*333 South Grand Avenue, 29th Floor*
*Los Angeles, CA. 90071*
*Email: kliang@oaktreecapital.com*
*Office: (213) 830-6422   Mobile: (213) 422-0029*
*Assistant: Stella Murillo (213) 830-6441 smurillo@oaktreecapital.com*

**From:** Davidson, Tom [mailto:tdavidson@AKINGUMP.com]
**Sent:** Wednesday, October 13, 2010 11:04 AM
**To:** Alexander, Emily
**Cc:** Lee, Edgar; Liang, Ken
**Subject:** Tribune

Hi Emily:

I hope all is well with you.

I understand that Centerbridge sold its position in Tribune to Aurelius Capital Management ("Aurelius"). As you will recall, certain Akin Gump lawyers outside the communications section were representing Centerbridge in the Tribune restructuring. At that time, Akin Gump put into place an ethical wall between those Akin Gump lawyers representing Angelo Gordon and Oaktree on FCC matters and those Akin Gump lawyers representing Centerbridge on other matters in the Tribune bankruptcy. I understand that certain Akin Gump lawyers outside our communications section presently are representing Aurelius in the Tribune restructuring. I wanted to confirm in writing and assure you that Akin Gump continues to maintain the ethical wall between the lawyers in its

communications section representing Angelo Gordon and Oaktree in the Tribune bankruptcy and those Akin Gump lawyers representing Aurelius in the Tribune bankruptcy.

Please do not hesitate to give me a call with any questions regarding the ethical wall or this matter.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

**From:** Davidson, Tom
**Sent:** Tuesday, February 16, 2010 7:39 AM
**To:** Alexander, Emily
**Cc:** Lee, Edgar; Liang, Ken
**Subject:** Tribune

Emily:

With respect to the Tribune matter, I wanted to confirm in writing that Akin Gump has in place an ethical wall between those Akin lawyers representing Angelo Gordon and Oaktree and any Akin lawyers representing Centerbridge, since Centerbridge could have positions adverse to the positions of Angelo Gordon and Oaktree. In reviewing my response to your January 28 email, I realized I had not directly responded to your question. Therefore, I wanted to make it clear that we have the ethical wall in place.

Please do not hesitate to let me know if you have any questions.

Tom W. Davidson
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4011 (O)
(202) 955-7719 (Fax)
tdavidson@akingump.com

**From:** Alexander, Emily [mailto:ealexander@oaktreecapital.com]
**Sent:** Thursday, January 28, 2010 2:23 PM
**To:** Davidson, Tom
**Subject:** Tribune

Hi, Tom. I understand that colleagues of yours may be involved in the Tribune representation on the bankruptcy side that could have positions opposite to ours. We just wanted to confirm that there was a wall set up between those of you on the FCC side. Could you please let me know?

Thanks!

Emily Alexander

3

Senior Vice President, Legal
Oaktree Capital Management, L.P.
333 S. Grand Ave., 28th Floor
Los Angeles, CA  90071
Tel: 213-830-6466
Fax: 213-830-8599

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer.  Thank you.*

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 11

| From: | Golden, Daniel |
| To: | 'bennettb@hbdlawyers.com'; 'agoldman@wilmerhale.com' |
| CC: | Dublin, Philip; Zensky, David |
| Sent: | 10/15/2010 8:06:21 PM |
| Subject: | Trb |

Bruce and Andy, I think you know that Oaktree and Angelo not to assert any conflicts as a result of Akin representing Aurelius in trb at the same time that Akin's FCC counsel is representing Oaktree and Angelo in connection with Trb. Can you please confirm that neither Oaktree or Angelo will have any objection to Akin, on behalf of Aurelius, serves discovery on Oaktree and Angelo. Looking forward to the next few months, thanks

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

# EXHIBIT 12

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

**DAVID M. ZENSKY**
212.872.1076/1.212.872.1002
dzensky@akingump.com

October 16, 2010

Bruce Bennett
Hennigan Bennett & Dorman, LLP
865 South Figueroa St.
Suite 2900
Los Angeles, CA 90017

**VIA ELECTRONIC MAIL**

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) – Litigation Hold Request

To Bruce:

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is counsel to Aurelius Capital Management, LP ("Aurelius") in the chapter 11 cases of *Tribune Company, et al.*, jointly administered under case number 08-13141 (the "Cases"), currently pending in the United States Bankruptcy Court for the District of Delaware.

This "litigation hold" letter is being served to request the preservation of Documents (as defined herein) related to the direct or indirect involvement by Angelo, Gordon, & Co., L.P. ("Angelo Gordon") in the preparation, evaluation, analysis, assessment, consideration, discussion, recommendation, or negotiation of:

(1)   any valuation(s), business plan(s), financial forecast(s)/projection(s) of the debtors (or any one or more of them) (collectively, the "Debtors");

(2)   any aspect of the leveraged buyout of Tribune Company in 2007 (collectively, the "Transaction");

(3)   any finding(s), conclusion(s), or evidence contained or referred to in the Submission of Report of Kenneth N. Klee, as Examiner, dated July 26, 2010 (collectively, the "Report");

(4)   the strengths, weaknesses, likelihood of success, litigation, or defense of any cause(s) of action, claim(s), or right(s) of the debtors (or any one or more of them) or any party in interest in the Cases based upon, relating to,

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
Attorneys at Law

October 16, 2010
Page 2

or arising out of the leveraged buyout of Tribune Company in 2007 (collectively, the "Claims");

(5)   the potential or actual assignment, treatment, or settlement of any one or more of the Claims (collectively, the "Settlements"); or

(6)   any potential, proposed, or actual plan(s) of reorganization that have been considered, discussed, or negotiated by any party in interest in the Cases (collectively, the "Plans", and together with the Debtors, the Transaction, the Report, the Claims, and the Settlements, the "Topics").

Akin Gump, on behalf of Aurelius, hereby requests that Angelo Gordon immediately take all reasonable steps to:

(A)   suspend all document retention policies that could result in the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics in the ordinary course of business;

(B)   prevent the automatic, intentional, or accidental modification or destruction of any Document relating to the Topics, including any attorney-client privileged communication;

(C)   preserve all Documents relating to the Topics, including any attorney-client privileged communication;

(D)   document all steps taken to preserve and identify all Documents relating to the Topics, including any attorney-client privileged communication; and

(E)   ensure that this letter is shared with Angelo Gordon's employees, custodians or agents who may possess any Document relating to the Topics, including any attorney-client privileged communication.

*For the avoidance of doubt, Aurelius intends to seek discovery of all persons with knowledge of the Topics, including counsel and their respective clients and advisors/experts. Hennigan Bennett & Dorman, LLP and Angelo Gordon, therefore, each have an independent and continuing obligation to retain and preserve all Documents that are created or received either before or after the date of delivery of this letter.*

Please be advised that, for purposes of this notice, the term "Document" is broadly defined by court rules to include any information or communication stored in any tangible or electronic format, including by not limited to: papers, files, notes, memoranda, reports,

A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D LLP
Attorneys at Law

October 16, 2010
Page 3

schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages,
telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, voice
mails electronic mail, instant messages, electronic data files or compilations, computer disks, and
other electronic media, microfilm, microfiche, and all of the foregoing reflecting any form of
communication or information whether originals, copies, annotated copies, drafts or final
versions, however created, produced, stored, or maintained.

Please further be advised that Angelo Gordon's obligation to retain and preserve
Documents extends to all hard-copy and electronic Documents in Angelo Gordon's possession,
custody, or control, including but not limited to any Documents that are maintained off-premises,
or on an employee's or agent's home computer, or at an employee's or agent's home. As a result,
Angelo Gordon should retain and preserve any hard-copy or electronic Document regardless of
whether it is kept in an official company file or a personal, informal, or other unofficial file.
Importantly, all electronic Documents must be preserved in the native, electronic format in which
they currently exist. It is not sufficient to print electronic Documents and retain paper copies.

If you have any questions about whether information or a particular Document is covered
by this notice, Angelo Gordon should err on the side of caution and retain the information or
Document. Please feel free to contact me with any questions. Thank you for your cooperation.

Sincerely,

David M. Zensky

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

**————— Attorneys at Law**

**DAVID M. ZENSKY**
212.872.1075/1.212.872.1002
dzensky@akingump.com

October 16, 2010

Andrew Goldman
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

**VIA ELECTRONIC MAIL**

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) – Litigation Hold Request

To Andrew:

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is counsel to Aurelius Capital Management, LP ("Aurelius") in the chapter 11 cases of *Tribune Company, et al.*, jointly administered under case number 08-13141 (the "Cases"), currently pending in the United States Bankruptcy Court for the District of Delaware.

This "litigation hold" letter is being served to request the preservation of Documents (as defined herein) related to the direct or indirect involvement by Angelo, Gordon, & Co., L.P. ("Angelo Gordon") in the preparation, evaluation, analysis, assessment, consideration, discussion, recommendation, or negotiation of:

(1)     any valuation(s), business plan(s), financial forecast(s)/projection(s) of the debtors (or any one or more of them) (collectively, the "Debtors");

(2)     any aspect of the leveraged buyout of Tribune Company in 2007 (collectively, the "Transaction");

(3)     any finding(s), conclusion(s), or evidence contained or referred to in the Submission of Report of Kenneth N. Klee, as Examiner, dated July 26, 2010 (collectively, the "Report");

(4)     the strengths, weaknesses, likelihood of success, litigation, or defense of any cause(s) of action, claim(s), or right(s) of the debtors (or any one or more of them) or any party in interest in the Cases based upon, relating to,

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
Attorneys at Law

October 16, 2010
Page 2

or arising out of the leveraged buyout of Tribune Company in 2007
(collectively, the "Claims");

(5)     the potential or actual assignment, treatment, or settlement of any one or
more of the Claims (collectively, the "Settlements"); or

(6)     any potential, proposed, or actual plan(s) of reorganization that have been
considered, discussed, or negotiated by any party in interest in the Cases
(collectively, the "Plans", and together with the Debtors, the Transaction,
the Report, the Claims, and the Settlements, the "Topics").

Akin Gump, on behalf of Aurelius, hereby requests that Angelo Gordon immediately take
all reasonable steps to:

(A)     suspend all document retention policies that could result in the automatic,
intentional, or accidental modification or destruction of any Document
relating to the Topics in the ordinary course of business;

(B)     prevent the automatic, intentional, or accidental modification or
destruction of any Document relating to the Topics, including any
attorney-client privileged communication;

(C)     preserve all Documents relating to the Topics, including any attorney-
client privileged communication;

(D)     document all steps taken to preserve and identify all Documents relating to
the Topics, including any attorney-client privileged communication; and

(E)     ensure that this letter is shared with Angelo Gordon's employees,
custodians or agents who may possess any Document relating to the
Topics, including any attorney-client privileged communication.

*For the avoidance of doubt, Aurelius intends to seek discovery of all persons with
knowledge of the Topics, including counsel and their respective clients and advisors/experts.
Wilmer Cutler Pickering Hale and Dorr LLP and Angelo Gordon, therefore, each have an
independent and continuing obligation to retain and preserve all Documents that are created
or received either before or after the date of delivery of this letter.*

Please be advised that, for purposes of this notice, the term "Document" is broadly
defined by court rules to include any information or communication stored in any tangible or
electronic format, including by not limited to: papers, files, notes, memoranda, reports,

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

October 16, 2010
Page 3

schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, voice mails electronic mail, instant messages, electronic data files or compilations, computer disks, and other electronic media, microfilm, microfiche, and all of the foregoing reflecting any form of communication or information whether originals, copies, annotated copies, drafts or final versions, however created, produced, stored, or maintained.

Please further be advised that Angelo Gordon's obligation to retain and preserve Documents extends to all hard-copy and electronic Documents in Angelo Gordon's possession, custody, or control, including but not limited to any Documents that are maintained off-premises, or on an employee's or agent's home computer, or at an employee's or agent's home. As a result, Angelo Gordon should retain and preserve any hard-copy or electronic Document regardless of whether it is kept in an official company file or a personal, informal, or other unofficial file. Importantly, all electronic Documents must be preserved in the native, electronic format in which they currently exist. It is not sufficient to print electronic Documents and retain paper copies.

If you have any questions about whether information or a particular Document is covered by this notice, Angelo Gordon should err on the side of caution and retain the information or Document. Please feel free to contact me with any questions. Thank you for your cooperation.

Sincerely,

David M. Zensky

# EXHIBIT 13

| From: | Bruce Bennett |
|---|---|
| To: | Golden, Daniel; Dublin, Philip; Zensky, David |
| CC: | Goldman, Andrew |
| Sent: | 10/19/2010 5:38:39 PM |
| Subject: | RE: Trb |

I have shared your email with representatives of Oaktree and Angelo Gordon. Neither has agreed to waive or not to assert any of the conflicts Akin Gump has in representing adversaries of either of them. More specifically, none of the Oaktree representatives I have spoken with has had any conversations with you or any other member of your firm concerning any waiver of conflicts or any consent to Akin Gump representing any position adverse to it in the Tribune cases. (If you recall any such conversation, please identify the Oaktree representative involved.) Angelo Gordon has indicated a willingness to grant Akin Gump a limited waiver. Although the scope of any such limited waiver has not been defined, it will not permit Akin Gump to represent an entity that is adverse to Angelo Gordon in any other matter handled by Akin Gump (including Akin Gump's representation of Angelo Gordon in the Tribune Case) or in litigation against or discovery sought from Angelo Gordon.

Accordingly, both Angelo Gordon and Oaktree object to Akin serving anything on them, including, but not limited to, discovery. Moreover, each reserve all rights they may have arising in connection with the correspondence sent by your firm this weekend.

-----Original Message-----
From: Golden, Daniel [mailto:dgolden@AkinGump.com]
Sent: Friday, October 15, 2010 1:06 PM
To: Bruce Bennett; 'agoldman@wilmerhale.com'
Cc: Dublin, Philip; Zensky, David
Subject: Trb

Bruce and Andy, I think you know that Oaktree and Angelo not to assert any conflicts as a result of Akin represnting Aurelius in trb at the same time that Akin's FCC counsel is representing Oaktree and Angelo in connection with Trb. Can you please confirm that neither Oaktree or Angelo will have any objection to Akin, on behalf of Aurelius, serves discovery on Oaktree and Angelo. Looking forward to the next few months, thanks
Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

--------------------------------------------------------
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
----------------
This e-mail was sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thank you.

# EXHIBIT 14

| From: | Thomas Fuller |
|-------|---------------|
| To: | Golden, Daniel |
| Sent: | 10/19/2010 5:52:58 PM |
| Subject: | RE: Trb |

Gavin is out, let me call our GC and get to the bottom of this. I will be back to you.

-----Original Message-----
From: Golden, Daniel [mailto:dgolden@AkinGump.com]
Sent: Tuesday, October 19, 2010 1:48 PM
To: Thomas Fuller
Subject: FW: Trb

Tom, i promise you this e mail from Bennett came after my conversation with you. Can you or your counsel confirm whether or not Angelo Gordon has an issue with the Akin representation. Thanks.


Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

-----Original Message-----
From: Bruce Bennett [mailto:BennettB@hbdlawyers.com]
Sent: Tuesday, October 19, 2010 1:39 PM
To: Golden, Daniel; Dublin, Philip; Zensky, David
Cc: Goldman, Andrew
Subject: RE: Trb

I have shared your email with representatives of Oaktree and Angelo Gordon. Neither has agreed to waive or not to assert any of the conflicts Akin Gump has in representing adversaries of either of them. More specifically, none of the Oaktree representatives I have spoken with has had any conversations with you or any other member of your firm concerning any waiver of conflicts or any consent to Akin Gump representing any position adverse to it in the Tribune cases. (If you recall any such conversation, please identify the Oaktree representative involved.) Angelo Gordon has indicated a willingness to grant Akin Gump a limited waiver. Although the scope of any such limited waiver has not been defined, it will not permit Akin Gump to represent an entity that is adverse to Angelo Gordon in any other matter handled by Akin Gump (including Akin Gump's representation of Angelo Gordon in the Tribune Case) or in litigation against or discovery sought from Angelo Gordon.

Accordingly, both Angelo Gordon and Oaktree object to Akin serving anything on them, including, but not limited to, discovery. Moreover, each reserve all rights they may have arising in connection with the correspondence sent by your firm this weekend.


-----Original Message-----
From: Golden, Daniel [mailto:dgolden@AkinGump.com]
Sent: Friday, October 15, 2010 1:06 PM
To: Bruce Bennett; 'agoldman@wilmerhale.com'
Cc: Dublin, Philip; Zensky, David
Subject: Trb

Bruce and Andy, I think you know that Oaktree and Angelo not to assert any conflicts as a result of Akin represnting Aurelius in trb at the same time that Akin's FCC counsel is representing Oaktree and Angelo in connection with Trb. Can you please confirm that neither Oaktree or Angelo will have any objection to Akin, on behalf of Aurelius, serves discovery on Oaktree and Angelo. Looking forward to the next few months, thanks
Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Phone: (212) 872-8010
Fax: (212) 872-1002

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

---

This e-mail was sent by a law firm and may contain
information that is privileged or confidential.
If you are not the intended recipient, please delete
the e-mail and any attachments and notify us immediately.
Thank you.

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Scanned by Angelo, Gordon & Co.'s Anti-Virus system.

---

The content of this e-mail (including any attachments) is strictly confidential and may be commercially sensitive. If you are not, or believe you may not be, the intended recipient, please advise the sender immediately by return e-mail, delete this e-mail and destroy any copies.

# EXHIBIT 15

**From:** Bruce Bennett [mailto:BennettB@hbdlawyers.com]
**Sent:** Wednesday, October 27, 2010 11:06 PM
**To:** Golden, Daniel
**Subject:** Tribune

Since our last conversation, I have had further discussions with Oaktree and Angelo Gordon regarding Akin Gump's recent engagement by Aurelius in the Tribune cases, including your assertion that Oaktree and Angelo Gordon previously had consented to that representation and had waived the obvious conflicts that exist as a result of Akin Gump's representation of adverse parties in the same matter.

As you know, Akin Gump currently represents Oaktree and Angelo Gordon in the Tribune cases. Contrary to your statements, neither Oaktree nor Angelo Gordon has consented to Akin Gump's concurrent representation of Aurelius in those cases. To the contrary, both have articulated grave concerns about Akin Gump's concurrent representation of a party that is directly adverse to them in the same matter.

Although willing to discuss a limited waiver and consent, both require effective protections from the obvious conflicts that have arisen and will arise from the concurrent representation of both Oaktree and Angelo Gordon on the one hand and Aurelius on the other hand. Akin Gump's acceptance and implementation of all of the following terms and conditions is a precondition to any waiver and consent by Oaktree and Angelo Gordon:

First, Akin Gump may not represent Aurelius at all if Aurelius is or intends to be adverse to Oaktree or Angelo Gordon in any part of the Tribune matters where Akin Gump already represents Oaktree and Angelo Gordon. Accordingly, it is necessary that Akin Gump advise Oaktree and Angelo Gordon that Aurelius is not and will not be adverse to either of them in connection with the pending and any future proceedings before the FCC in connection with the Tribune companies or any of them or in connection with any matters relating to FCC waivers or consents in connection with those Tribune entities.

Second, Akin Gump must agree that, in representing Aurelius, Akin Gump will not take any position or make any statements that are inconsistent with any position and statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon.

Third, Akin Gump may not conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions, and Akin may not take any action directly adverse to Oaktree other than actions that are applicable to holders of Senior Loan Claims generally.

Fourth, Akin Gump will establish a satisfactory ethical wall separating professionals and other personnel working on the Oaktree and Angelo Gordon representation, as well as any work and files generated in connection with that representation, from the professionals and other personnel working

on the Aurelius representation and any work and files generated in connection with the Aurelius representation.

Kindly confirm, in writing that all of these terms and conditions are acceptable to and will be scrupulously followed by Akin Gump in any simultaneous representation of Angelo Gordon and Oaktree on the one hand and Aurelius.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

3

# EXHIBIT 16

**From:**
**To:**          Bruce Bennett
**CC:**          Brodsky, Mark; Dan Gropper; Zensky, David
**Sent:**        11/3/2010 3:20:01 PM
**Subject:**     RE: Tribune

Bruce,

Let me say at the outset that we disagree with your assertions and continue to believe that both your clients, Oaktree and Angelo Gordon, previously consented to and waived any potential conflicts of interest that have or may arise as a result of Akin Gump acting as FCC counsel for Oaktree and Angelo Gordon in connection with the Tribune bankruptcy proceedings on the one hand and acting as bankruptcy and litigation counsel for first Centerbridge and now Aurelius in connection with the Tribune bankruptcy proceedings on the other hand.

However, in an effort to resolve these issues, set forth below is Aurelius's proposal with respect to the ongoing dual representation:

First, Aurelius has retained the law firm of Lerman Senter PLLC, as its FCC/communications counsel in connection with the Tribune bankruptcy proceedings. As such, any positions advocated and/or defended by Aurelius in connection with FCC/communications matters relating to the Tribune bankruptcy proceedings will be handled exclusively by Lerman Senter PLLC and not Akin Gump and such representation by Lerman Senter PLLC shall be without limitation.

Second, in connection with the Tribune bankruptcy proceedings, Aurelius will agree not to utilize Akin Gump to conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions.

Third, Akin Gump will continue to maintain the ethical barrier already established separating the professionals and other personnel working on the FCC/communications representation of Oaktree and Angelo Gordon in connection with the Tribune bankruptcy proceedings, as well as any work and files generated in connection with that representation, from the professionals and other personnel working on the bankruptcy and litigation representation of Aurelius in connection with the Tribune bankruptcy proceedings.

Kindly confirm in writing that all of these terms are acceptable to Oaktree and Angelo Gordon and shall fully resolve any potential issues relating to Akin Gump's dual representation, other than any alleged future breach of the foregoing.


Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-8010
Fax: (212) 872-1002

---

**From:** Bruce Bennett [mailto:BennettB@hbdlawyers.com]
**Sent:** Wednesday, October 27, 2010 11:06 PM
**To:** Golden, Daniel
**Subject:** Tribune


Since our last conversation, I have had further discussions with Oaktree and Angelo Gordon regarding

Akin Gump's recent engagement by Aurelius in the Tribune cases, including your assertion that Oaktree and Angelo Gordon previously had consented to that representation and had waived the obvious conflicts that exist as a result of Akin Gump's representation of adverse parties in the same matter.

As you know, Akin Gump currently represents Oaktree and Angelo Gordon in the Tribune cases. Contrary to your statements, neither Oaktree nor Angelo Gordon has consented to Akin Gump's concurrent representation of Aurelius in those cases. To the contrary, both have articulated grave concerns about Akin Gump's concurrent representation of a party that is directly adverse to them in the same matter.

Although willing to discuss a limited waiver and consent, both require effective protections from the obvious conflicts that have arisen and will arise from the concurrent representation of both Oaktree and Angelo Gordon on the one hand and Aurelius on the other hand. Akin Gump's acceptance and implementation of all of the following terms and conditions is a precondition to any waiver and consent by Oaktree and Angelo Gordon:

First, Akin Gump may not represent Aurelius at all if Aurelius is or intends to be adverse to Oaktree or Angelo Gordon in any part of the Tribune matters where Akin Gump already represents Oaktree and Angelo Gordon. Accordingly, it is necessary that Akin Gump advise Oaktree and Angelo Gordon that Aurelius is not and will not be adverse to either of them in connection with the pending and any future proceedings before the FCC in connection with the Tribune companies or any of them or in connection with any matters relating to FCC waivers or consents in connection with those Tribune entities.

Second, Akin Gump must agree that, in representing Aurelius, Akin Gump will not take any position or make any statements that are inconsistent with any position and statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon.

Third, Akin Gump may not conduct any discovery against Oaktree or examine any of its employees or agents in court or in depositions, and Akin may not take any action directly adverse to Oaktree other than actions that are applicable to holders of Senior Loan Claims generally.

Fourth, Akin Gump will establish a satisfactory ethical wall separating professionals and other personnel working on the Oaktree and Angelo Gordon representation, as well as any work and files generated in connection with that representation, from the professionals and other personnel working on the Aurelius representation and any work and files generated in connection with the Aurelius representation.

Kindly confirm, in writing that all of these terms and conditions are acceptable to and will be scrupulously followed by Akin Gump in any simultaneous representation of Angelo Gordon and Oaktree on the one hand and Aurelius.