IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) ) ) Chapter 11 ) |
| TRIBUNE COMPANY, *et al.*, | ) ) Case No. 08-13141 (KJC) ) Jointly Administered |
| Debtors. | ) ) ) |

**DECLARATION OF DAN GROPPER
IN SUPPORT OF OPPOSITION TO MOTION OF OAKTREE CAPITAL
MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P.,
TO DISQUALIFY AKIN GUMP STRAUSS HAUER & FELD LLP
FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT, LP**

I, DAN GROPPER, do hereby declare that:

1. I am a Managing Director at Aurelius Capital Management, LP. I am a member of the team with responsibility for managing the Tribune Company investment on behalf of the entities managed by Aurelius Capital Management, LP ("Aurelius").

2. I make this Declaration in support of Akin Gump's Opposition to Motion of Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**Aurelius Capital Management, LP's Retention of Akin Gump Strauss Hauer & Feld LLP**

3. Prior to September 2010, Aurelius held a substantial amount of the senior notes issued by Tribune Company.

4. It is my understanding that from August 2009 through September 2010, Centerbridge Credit Advisors ("Centerbridge") was represented in these chapter 11 cases by Akin Gump Strauss Hauer & Feld LLP ("Akin Gump").

5. In September 2010, Aurelius also acquired a substantial portion of the senior note holdings of accounts and entities managed by Centerbridge. After Aurelius acquired a substantial portion of Centerbridge's senior note holdings, Aurelius retained Akin Gump as its counsel in connection with these chapter 11 cases other than in connection with matters pertaining

to the Federal Communications Commission (the "FCC"). It did so in large part due to Akin Gump's extensive institutional knowledge of these chapter 11 cases, particularly the fraudulent conveyance issues relating to the failed 2007 leveraged buy-out of the Tribune entities.

6. Aurelius was informed that certain Akin Gump attorneys also represent Angelo, Gordon & Co. L.P. ("Angelo Gordon") and Oaktree Capital Management, L.P. ("Oaktree" and, together with Angelo Gordon, the "Movants") only with respect to FCC-related regulatory issues pertaining to their debt holdings in the Debtors.

7. At the request of Akin Gump, Aurelius consented to and waived any conflict of interest relating to Angelo Gordon and Oaktree using Akin Gump as its FCC counsel in connection with the Tribune matter.

8. Aurelius also understood that Akin Gump would not represent Aurelius in connection with FCC-related regulatory issues pertaining to Aurelius's debt holdings in the Debtors or the chapter 11 cases generally. On October 20, Aurelius retained Lerman Senter PLLC ("Lerman Senter") as counsel in connection with FCC-related regulatory issues pertaining to the Debtors. Akin Gump has not had and will not have a role in advising Aurelius on FCC-related issues in these cases.

9. Furthermore, it is my understanding that Akin Gump has erected an ethical wall separating those attorneys representing Aurelius in connection with these chapter 11 cases from those attorneys representing the Movants on FCC matters related to their debt holdings in the Debtors.

**Aurelius Will Be Significantly Prejudiced If Akin Gump is Disqualified as its Counsel**

10. Since September 2010, Akin Gump has developed Aurelius's strategy on the financial restructuring and litigation fronts in these chapter 11 cases. Akin Gump has also represented Aurelius on the record in numerous hearings and status conferences before this Court and in the plan mediation led by Court-appointed mediator Judge Kevin Gross.

11. In addition, over several weeks of hard work and in close consultation with Aurelius, Akin Gump conceived of and developed the entirety of the Noteholder Plan of which Aurelius is a co-proponent. Akin Gump drafted the Noteholder Plan and related specific disclosure statement (together with Lerman Senter on FCC-related issues) and, accordingly, Akin Gump is best poised to promote and defend it. Indeed, due to certain complex and novel features of the Noteholder Plan, Aurelius will be significantly prejudiced if Akin Gump is not permitted to continue its efforts to prosecute the Noteholder Plan on Aurelius's behalf.

12. Moreover, Akin Gump has been formulating the trial strategy by which Aurelius will show that the plan filed by Oaktree, Angelo Gordon, the Debtors, the Committee and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan") is unconfirmable and has been working with experts and witnesses to establish the inadequacy of, among other things, the proposed settlement of LBO-related claims contemplated by the

Debtor/Committee/Lender Plan. In connection with this work, Akin Gump is opposing efforts by proponents of the Debtor/Committee/Lender Plan to preclude expert testimony and discovery regarding the merits of the underlying claims that are contemplated to be settled under the Debtor/Committee/Lender Plan.

13. Based on Akin Gump's critical role in creating the Noteholder Plan and formulating Aurelius's trial strategy, including but not limited to the matters summarized in this Declaration, Aurelius will be significantly prejudiced if the Motion is granted. This is particularly true in light of the tight timeframe available to prepare for the confirmation hearing in these chapter 11 cases.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 3, 2010
New York, New York

_____
Dan Gropper