**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| TRIBUNE COMPANY, *et al.,* | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MOTION TO RECONSIDER INSERTION OF AD HOC OPCO TRADE COMMITTEE SOLICITATION LETTER TO CLASSES 2E-111E AND TO SHORTEN AND LIMIT NOTICE OF MOTION**

TO:  THE HONORABLE KEVIN J. CAREY,
       CHIEF UNITED STATES BANKRUPTCY JUDGE

The *Ad Hoc* OpCo Trade Committee respectfully represent:

1.  At a hearing held before this Court on November 27, 2010 pursuant to Section 1125 of the Bankruptcy Code, the undersigned on behalf of the members of the *Ad Hoc* OpCo Trade Committee requested that the Debtors be directed to include in its Plan solicitation package to Trade Creditors (Classes 2E-111E) a letter from the *Ad Hoc* OpCo Trade Committee, the contents of which were read into the record.  The Court then denied such request.

2.  The undersigned did not understand the rationale behind the Court's ruling and assumes it was because either (a) the Court was not certain who the *Ad Hoc* OpCo Trade Committee members were or the nature or totality of the economic interests they held or (b) because the Court believed that the inclusion of such additional solicitation materials was unduly burdensome.  On behalf of the *Ad Hoc* OpCo Trade Committee, we have modified the proposed solicitation letter that we seek to be included, in the Debtors materials, a copy of which is annexed as Exhibit "A", to:

NYC:221664.2

    A. set forth the amount of claims held by the members of the *Ad Hoc* OpCo Trade Committee and, consistent with the new <u>proposed</u> Rule 2019, state in no uncertain terms that the only "economic interests" that the members of the *Ad Hoc* OpCo Trade Committee holds in these cases is ownership of trade claims at the subsidiary or operating company debtors;

    B. modify the language of the letter from that set forth on the record; and

    C. streamline the letter to be a single page.

  3. We believe that directing the Debtor to include the letter annexed as Exhibit "A" is reasonable, appropriate and not burdensome.

  4. Pursuant to Local Rule 9006-1(e), "[n]o motion will be scheduled on less notice than required by these rules or the Federal Rules of Bankruptcy Procedure except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for hearing." Del.Bankr.L.R. 9006-1(e). The statutory predicates for the relief requested herein require "notice and a hearing" in order for such relief to be granted. Section 102(1) of the Bankruptcy Code, however, provides that "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) ("In this title ... 'after notice and a hearing,' or similar phrase ... means after such notice as is appropriate in the particular circumstances…"). The *Ad Hoc* OpCo Trade Committee respectfully submits that the timing of the section 1125 hearings justifies expedited consideration.

  5. The *Ad Hoc* OpCo Trade Committee has, by electronic ECF notice, provided notice of this Motion to the principal parties-in-interest in these cases including all Plan proponents. In light of the relief requested herein, *Ad Hoc* OpCo Trade Committee respectfully submits that no further notice of this motion is required.

  6. The *Ad Hoc* OpCo Trade Committee requests that no oral argument on this motion be required unless the Court otherwise requires or desires.

NYC:221664.2

7. WHEREFORE, *Ad Hoc* OpCo Trade Committee respectfully request that the Court direct the Debtors to include the one page letter annexed as Exhibit "A" hereto in its Plan solicitation materials to trade creditors of all Subsidiary Debtors (Classes 2E-111E).

Dated: December 3, 2010

          ANDREWS KURTH LLP

          By: /s/ Paul N. Silverstein
          Paul N. Silverstein (PS 5098)
          450 Lexington Avenue, 15th Floor
          New York, New York 10017

          *Counsel to Ad Hoc OpCo Trade Creditors Committee*