# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 6255, 6622 and 6698**<br>**Hearing Date: December 6, 2010 at 2:00 p.m. (ET)** |

## NOTICE OF FILING REVISED RESPONSES TO
## OBJECTIONS TO SOLICITATION PROCEDURES MOTION

**PLEASE TAKE NOTICE** that, pursuant to the Court's directive at the November 29,

2010 hearing in the above-captioned cases, attached hereto as Exhibit 1 is a revised chart,

entitled **Responses to Objections to Solicitation Procedures Motion**, that sets forth the

unresolved objections to the Motion of the Debtors for an Order (I) Establishing Procedures for

Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (II) Approving

Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Solicitation Package

Contents and Authorizing Distribution of Solicitation and Notice Materials; (IV) Fixing Voting

Record Date; (V) Establishing Notice and Objection Procedures in Respect of Confirmation;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(VI) Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related

Discovery; (VII) Establishing New Deadline for Return of Media Ownership Certifications;

(VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of

Costs of Same; and (IX) Granting Related Relief (Docket No. 6255) and the Debtors' responses

to such objections.

      **PLEASE TAKE FURTHER NOTICE** that, attached hereto as <u>Exhibit 2</u> is a black line

version of the **Responses to Objections to Solicitation Procedures Motion** which reflects all

changes to the version originally filed December 1, 2010 [Docket No. 6698]

Dated:  December 3, 2010

                         SIDLEY AUSTIN LLP
                         James F. Conlan
                         Bryan Krakauer
                         Janet E. Henderson
                         Kevin T. Lantry
                         Jessica C.K. Boelter
                         Kerriann Mills
                         One South Dearborn Street
                         Chicago, IL  60603
                         Telephone:  (312) 853-0199
                         Facsimile:  (312) 853-7036

                         - and -

                         COLE, SCHOTZ, MEISEL,
                         FORMAN & LEONARD, P.A.

                         *Kate Stickles*
                         _____
                         Norman L. Pernick (No. 2290)
                         J. Kate Stickles (No. 2917)
                         Patrick J. Reilley (No. 4451)
                         500 Delaware Avenue, Suite 1410
                         Wilmington, DE  19801
                         Telephone:  (302) 652-3131
                         Facsimile:  (302) 652-3117

46429/0001-7214485v1

## Exhibit 1

**Revised Responses to Objections to Solicitation Procedures Motion**

**Responses To Objections to Solicitation Procedures Motion**
**(Non-Contours Matters)**

## 1. Unresolved Objections

| Item No. | Objecting Party | Docket No. | Objection | Response[1] |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Parties voting to accept or reject the Plan should be provided with the means to prefer one Plan to others by ranking the Plans from first through fourth, rather than the provision included in the Ballots that permits creditors to express a preference for the Plan they prefer over others that they vote to accept. (Noteholder Plan Proponents' Main Objection at ¶ 9). | The ballot provision allowing parties voting on the Plan to prefer one Plan to others will be easier for creditors to work with, complies with Bankruptcy Rule 3018(c), and will better facilitate any determination needing to be made by the Court under 11 U.S.C. § 1129(c) than a ranking mechanism (Debtors' Reply [D.I. 6622] at pp. 7-10). |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting record date should be moved from the Debtors' proposed date of November 9, 2010 to the date the order approving the solicitation motion is entered by the Bankruptcy Court (Noteholder Plan Proponents' Main Objection at ¶ 16). | The Debtors have agreed to move the voting record date forward to November 29, 2010 (the date of the scheduled hearing on the solicitation motion) to address this concern. (Debtors' Reply at pp. 5-6). The voting record date should be set for a date certain. In order to obtain an accurate list of the holders of Senior Noteholder Claims and PHONES Notes Claims on the voting record date, the Voting Agent must notify certain Voting Nominees prior to noon ET one business day before the proposed voting record date. If the Voting Nominees are required to back date their information, we may not receive reliable data for purposes of distributing Solicitation Packages. |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The Debtors should not be permitted to reserve their rights that Holders of Intercompany Claims should be entitled to vote on the Plans. (Noteholder Plan Proponents' Main Objection at ¶22, 1st bullet point). | The Noteholder Plan Proponents have no legal basis on which to impair Intercompany Claims and then deem them to accept the Noteholder Plan – for which the Holders of Intercompany Claims are not proponents or affiliates of proponents – without the opportunity to vote thereon. If this issue cannot be resolved immediately, it should be deferred to the Confirmation Hearing without prejudice to the parties' rights. (Debtors' Reply at pp. 12-13). |

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

I. **Unresolved Objections (continued)**

| Item No. | Objecting Party | Docket No. | Objection | Response[1] |
|---|---|---|---|---|
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The costs of the solicitation and tabulation process on the Plans should not be allocated among the Proponents of each of the Plans, but should be borne by the Debtors, because (i) the costs of solicitation are general reorganization costs and are the Debtors' responsibility; (ii) the Debtors are the primary beneficiaries of the competing plan process, (iii) the solicitation and confirmation process are for the benefit of the Debtors' estates; and (iv) requiring the proponents to bear solicitation costs would improperly deter competing plans. (Noteholder Plan Proponents' Main Objection at ¶ 19; Step One Lenders' Objection at ¶ 11; Bridge Agent's Objection at ¶ 18). | The allocation of solicitation costs on an equal basis across the proponents of all four of the Plans is inherently equitable and presents no serious bar to major creditors seeking to propose a plan. (Debtors' Reply at pp. 10-12). |
|  | Step One Lenders | D.I. 6511 |  |  |
|  | Bridge Agent | D.I. 6514 |  |  |

## 2.    Resolved Objections (continued)

| Item No. | Objecting Party | Docket No. | Objection | Resolution |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation materials should use non-inflammatory terms when referring to the various Plans (Noteholder Plan Proponents' Objection at ¶ 6). | Terminology for referring to the various Plans has been standardized as "Debtor/Committee/Lender Plan", "Noteholder Plan", "Step One Lender Plan", and "Bridge Lender Plan". |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Plans should have one master set of instructions and eliminate instructions in each of the Ballots (Noteholder Plan Proponents' Objection at ¶ 7). | Revisions have been made to the Ballots and a separate set of instructions created to accommodate this objection. (See Revised Forms of Ballot filed herewith). |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.18.2 of the Noteholder Plan) for the Non-Contribution election in the Noteholder Ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.14 of the Noteholder Plan) for the Put Option election in the Noteholder ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 5. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Additional revisions should be made to the Noteholder Plan ballots as reflected in the revisions filed by the Noteholder Plan Proponents with the Court. (Noteholder Plan Proponents' Objection at ¶ 8). | The Debtors and the Noteholder Plan Proponents have agreed in principle on all revisions to be made to the Ballots, which are reflected in the revised versions of the Ballots filed with the Court contemporaneously with this chart. |
| 6. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The ability to rank Competing Plans should not be conditioned on a vote to accept a given Competing Plan. (Noteholder Plan Proponents' Objection at ¶ 10). | Following discussions with the Noteholder Plan Proponents, holders of claims voting on the Plan will be able to express a preference only among Plans they vote to accept. |
| 7. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures and ballots should include a mechanic for the voting of PHONES Notes Exchange Claims (as defined in the Noteholder Plan). (Noteholder Plan Proponents' Objection at ¶ 12). | Paragraph 24 of the order approving the Solicitation Motion has been added to the order and embodies the requested mechanic for the voting of PHONES Notes Exchange Claims, and the ballots have been modified to accommodate such voting. |

## 2.    Resolved Objections (continued)

| Item No. | Objecting Party | Docket No. | Objection | Resolution |
|---|---|---|---|---|
| 8. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation procedures do not provide a deadline by which claims objections must be filed in order for creditors with disputed claims to file an appropriate motion under Bankruptcy Rule 3018. (Noteholder Plan Proponents' Objection at ¶ 18). | Paragraph 41 of the order approving the Solicitation Motion has been modified to make clear that the voting population of Claims is set as of the Voting Record Date. |
| 9. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures should be modified to provide expressly that the votes, elections, and preferences of beneficial holders as set forth on their beneficial ballots control over any such votes as transcribed onto a Master Ballot to the extent of any conflict. (Noteholder Plan Proponents' Objection at ¶ 22). | Paragraph 35 of the order approving the Solicitation Motion has been modified to add clause (e) thereto, which resolves this objection. |
| 10. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Disclose the procedure by which the Voting Agent will adjust the amounts voted by Senior Noteholder Claims and PHONES Notes Claims to account for prepetition interest. (Noteholder Plan Proponents' Objection at ¶ 22). | The Debtors have provided further information on this point informally, which has resolved the objection consensually. |
| 11. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Objection) | The Debtors should be required to update their prior list of Potential 5% Holders and furnish the updated list to all Proponents. (Noteholder Plan Proponents' Media Ownership Objection at ¶ 2). | Paragraph 45 of the order approving the Solicitation Motion has been revised to provide that the Debtors will provide the Proponents of the other Plans with the list of Potential 5% Holders known to them. |
| 12. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Potential 5% Holders should receive one uniform form of Media Ownership Certification similar to that previously used by the Debtors with respect to the Prior Plan. (Noteholder Plan Proponents' Media Ownership Objection at ¶ 3). | The Debtors will utilize the same form as used in connection with the prior plan of reorganization, with any necessary updates. |
| 13. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Voting Agent should collect all Media Ownership Certification, and not each of the Plans as proposed. | The Debtors propose that they collect the Media Ownership Certifications, if any, and provide any information relating to same. |
| 14. | Noteholder Plan Proponents | D.I. 6513 (Noteholder Plan Proponents' Media Ownership Objection) | Disclosures concerning the Media Ownership Certifications should be moved to the General Disclosure Statement and not be in the Specific Disclosure Statements (Noteholder Plan Proponents' Media Ownership Objection at ¶ 5). | The disclosures respecting the Media Ownership Certifications are Plan-specific in many respects. Accordingly, such disclosures should properly be in the General Disclosure Statement (Debtors' Reply at pp. 16-17). |

4

**Unresolved Issues Concerning CMO Incorporated Into Solicitation Order Paragraph 49**

| Item No. | Objecting Party | Docket No. | Issue | Objection | Response[2] |
|---|---|---|---|---|---|
| 1. | Aurelius | D.I. 6558 (Aurelius Objection) | Fact Discovery Relating to Merits of LBO-Related Causes of Action | There is a need for additional fact discovery relating to the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery | In light of the extensive record already developed by the parties, the Committee and the Examiner, there is no need for additional fact discovery relating to the merits of the LBO-Related Causes of Action |
| | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) | | | |
| | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) | | | |
| | Bridge Agent | D.I. 6514 (Bridge Agent Objection) | | (Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10.) | (Debtors' Reply [D.I. 6622] at pp. 19-26). |
| 2. | Aurelius | D.I. 6558 (Aurelius Objection) | Expert Discovery and Reports Relating to Merits of LBO-Related Causes of Action | There is a need for expert discovery and testimony regarding the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery or testimony | In light of the issues to be addressed at confirmation, expert discovery and testimony should focus on whether the settlements are fair, reasonable and in the best interests of the Debtors' Estates |
| | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) | | | |
| | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) | | | |
| | Bridge Agent | D.I. 6514 (Bridge Agent Objection) | | (Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10.) | (Debtors' Reply at p. 20). |

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

## Unresolved Issues Concerning CMO Incorporated Into Solicitation Order Paragraph 49

| | | | | |
|---|---|---|---|---|
| 3. | Aurelius<br><br>Bridge<br>Agent | D.I. 6558<br>(Aurelius<br>Objection)<br><br>D.I. 6514<br>(Bridge<br>Agent<br>Objection) | Length of<br>Confirmation<br>Hearing[3] | The confirmation hearing should be at least 15 calendar days in length<br><br>Aurelius Obj. at pp. 21-23; Bridge Agent Obj. at 8-10). | The confirmation hearing should be 5 calendar days in length<br><br>(Debtors' Reply at pp. 28-30). |

[3] At the November 23, 2010 hearing, the Court indicated that the confirmation hearing would commence on March 7, 2010 and initially set the hearing for 5 days.

## 3.   Unresolved Issues (continued)

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[4] |
|---|---|---|---|---|---|
| 4. | Aurelius | D.I. 6658 (Aurelius Objection) | Close of Fact Discovery | The Court should impose a cut off of February 18, 2011 for fact discovery except to the extent the discovery is "needed for expert reports," in which case the cut-off should be February 4. (Aurelius Obj. at p. 24). | Because it is impossible *ex ante* to distinguish between discovery needed for expert reports and discovery needed for other purposes, and because fact discovery should be completed before the deadline for submission of expert reports, which all parties agree should be February 8, 2011, the appropriate cut off date for all fact discovery should be February 4, 2011. |
| 5. | Aurelius | D.I. 6658 (Aurelius Objection) | Timing of Responses to Document Requests | The Court should impose a hard deadline of 30 calendar days to complete production with respect to document production requests not subject to objection.<br><br>As to document requests for which an objection has been interposed, the Court should impose a hard deadline of 10 calendar days to complete production following resolution of the objection.<br><br>(Aurelius Obj. at pp. 24-25). | (Debtors' Reply [D.I. 6622] at pp. 32-33)<br>Because the scope of the discovery requests at this juncture is unknown and may potentially be substantial, the Court should direct the parties to make good faith best efforts to complete production of documents within 30 days in response to requests for which no objection has been interposed.<br><br>Because requests for which an objection has been interposed are likely to involve large volumes of documents and/or significant privilege claims, the Court should direct the parties to make good faith best efforts to complete production of documents within 20 calendar days following resolution of the discovery dispute. |
| 6. | Aurelius | D.I. 6658 (Aurelius Objection) | Interrogatories and RFAs | If contention interrogatories relating to the Examiner's report are not permitted, the Parties should be permitted to serve RFAs on any subject matter.<br><br>The Court should direct that responses to interrogatories and RFAs be filed within 21 | (Debtors' Reply at pp. 31-32)<br>Because the parties will have an adequate opportunity to set forth and argue their positions as to the Examiner's Report, including in ways much more efficient than answers to interrogatories, the Court should not permit interrogatories concerning specific conclusions reached by the Examiner.<br><br>Because RFAs are extremely burdensome to answer and usually are met with a large number of objections and narrow, technical and highly qualified answers, RFAs should be allowed only with respect to the authentication of documents.<br><br>The Debtors' have no objection to the 21 calendar day response period if interrogatories and RFAs are limited as described |

---

[4] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

**3.  Unresolved Issues (continued)**

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response |
|---|---|---|---|---|---|
| 7. | Aurelius | D.I. 6558 (Aurelius Objection) | Privilege Logs | (Aurelius Obj. at p. 25) | above, but the parties will require and the Court should afford the full 30 days allowed by the rules if interrogatories regarding the Examiner's Report and/or unlimited RFAs are permitted. |
| | | | | calendar days. | |
| | | | | With the exception of three specified categories, the Parties should be required to produce a privilege log identifying documents withheld on grounds of privilege on an individual document by document basis.  The three specified categories are: | (Debtors' Reply at pp. 32-33). |
| | | | | | Parties should be permitted to identify all documents withheld on grounds of privilege on a category basis, given the large number of privileged documents that are likely to be the subject of document requests, the associated burden of producing document by document logs, and the ability of category descriptions to adequately serve the purposes of a privilege log to identify areas of potential dispute. |
| | | | | Debtors - Communications to/from outside counsel, both pre and post-petition.  This excludes communications to, from or cc'd to the Debtor's Special Committee formed in or about August 2010.  This also excludes communications cc'd to anyone outside the employ of the Debtors. | |
| | | | | Banks - Communications to/from its specific outside counsel, both pre and post-petition. This excludes communications cc'd to anyone outside the employ of the specific bank. | |
| | | | | Holders of LBO debt - Communications to/from its specific outside counsel, both pre and post-petition.  This excludes communications cc'd to anyone outside the employ of the specific holder, except in the instance of actual joint representation by a single firm. | |
| | | | | The Court should impose hard deadlines on the production of privilege logs (30 calendar days from an initial request and contemporaneous with any supplemental production). | In light of the large number of potentially responsive privileged documents, parties should be directed to make good faith best efforts to complete preparation of the necessary privilege logs within 30 days calendar days of a discovery request or contemporaneous with a supplemental production. |
| | | | | (Aurelius Obj. at pp. 25-26). | (Debtors' Reply at pp. 33-35). |

8

## 3.  Unresolved Issues (continued)

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[4] |
|---|---|---|---|---|---|
| 8. | Aurelius | D.I. 6558 (Aurelius Objection) | Fact Depositions | Each Proponent Group be allowed to take at least 40 fact depositions.<br><br>(Aurelius Obj. at pp. 26-28) | 40 fact depositions for each Proponent Group should be allowed to take 10 fact depositions, subject to seeking leave for additional depositions if circumstances warrant.<br><br>(Debtors' Reply at p. 35). |
| 9. | Aurelius | D.I. 6558 (Aurelius Objection) | Letter Briefing of Discovery Disputes | The Court should establish a letter briefing procedure for resolution of discovery disputes but establish no page limits on the letter briefs, allow for the filing of reply letter briefs and only permit five calendar days to file oppositions to the initial letter briefs.<br><br>(Aurelius Obj. at pp. 28-29) | While the Debtors agree that a letter briefing procedure should be established, they believe that it should be limited to two briefs (an initial brief and a response); that the briefs should be limited to three typewritten pages; and that the responses should be filed in three business days.  In the Debtors' view this is both a fairer and more efficient way by which to resolve discovery disputes.<br><br>(Debtors' Reply at pp. 35-36). |
| 10. | Aurelius | D.I. 6558 (Aurelius Objection) | Pretrial Briefs | Parties should be directed to (i) file objections to competing plans on February 11, 2011, (ii) a single brief in support of a proponent's plan and in response to objections to that plan on February 25 and (iii) an additional brief on March 2 "containing a factual and legal discussion of the matters it intends to address at the Confirmation Hearing in support of its respective plan or concerning its Objection to any other proposed plans."<br><br>(Aurelius Obj. at p. 29) | The Debtors agree that objections should be filed on February 11, 2011 and that single brief in support of a proponent's plan and in response to any objections should be filed on February 25, but they do not see any need for the filing of a third brief on March 2, especially since the matters to be addressed therein seem to be duplicative of those to be addressed in the brief to be filed on February 25.<br><br>(Debtors' Reply at p. 36)[5]. |

[5] Although there were unresolved issues at the time of the November 29, 2010 hearing concerning the date for the commencement of fact discovery, the applicability of certain provisions of the Document Depository Order and status conferences, *compare* Aurelius Opp. at p. 24, Aurelius Opp. at p. 24, Aurelius Opp. Ex. G at ¶¶ 34, 37 *with* Debtors' Reply at 31, 36-37, the Debtors currently expect that these issues will be resolved by the time of the December 6, 2010 hearing.

CHI 5574705v.1

**Exhibit 2**

**Black Line of Revised Responses to Objections to Solicitation Procedures Motion**

**Responses To Objections to Solicitation Procedures Motion**
**(Non-Contours Matters)**

**I.    Unresolved Objections**

| Item No. | Objecting Party | Docket No. | Objection | Response[1] |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Parties voting to accept or reject the Plan should be provided with the means to prefer one Plan to others will be easier for creditors to work with, complies with Bankruptcy Rule 3018(c), and will better facilitate any determination needing to be made by the Court under 11 U.S.C. § 1129(c) than a ranking mechanism (Noteholder Plan Proponents' Main Objection at ¶ 9). | The ballot provision allowing parties voting on the Plan to prefer one Plan to others will be easier for creditors to work with, complies with Bankruptcy Rule 3018(c), and will better facilitate any determination needing to be made by the Court under 11 U.S.C. § 1129(c) than a ranking mechanism (Debtors' Reply [D.I. 6622] at pp. 7-10). |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting record date should be moved from the Debtors' proposed date of November 9, 2010 to the date the order approving the solicitation motion is entered by the Bankruptcy Court (Noteholder Plan Proponents' Main Objection at ¶ 16). | The Debtors have agreed to move the voting record date forward to November 29, 2010 (the date of the scheduled hearing on the solicitation motion) to address this concern. (Debtors' Reply at pp. 5-6). |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The Debtors should not be permitted to reserve their rights that Holders of Intercompany Claims should be entitled to vote on the Plans. (Noteholder Plan Proponents' Main Objection at ¶ 22, 1st bullet point). | The voting record date should be set for a date certain. In order to obtain an accurate list of the holders of Senior Noteholder Claims and PHONES Notes Claims on the voting record date, the Voting Agent must notify certain Voting Nominees prior to noon ET one business day before the proposed voting record date. If the Voting Nominees are required to back date their information, we may not receive reliable data for purposes of distributing Solicitation Packages.

The Noteholder Plan Proponents have no legal basis on which to impair Intercompany Claims and then deem them to accept the Noteholder Plan – for which the Holders of Intercompany Claims are not proponents or affiliates of proponents – without the opportunity to vote thereon. If this issue cannot be resolved immediately, it should be deferred to the Confirmation Hearing without prejudice to the parties' rights. (Debtors' Reply at pp. 12-13). |
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The costs of the solicitation and tabulation process on the Plans should not be allocated among the Proponents of each of the Plans, but should be borne by the Debtors, because (i) the costs of solicitation are general reorganization | The allocation of solicitation costs on an equal basis across the proponents of all four of the Plans is inherently equitable and presents no serious bar to |

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

## 1. Unresolved Objections (continued)

| | | | |
|---|---|---|---|
| Step One Lenders | D.I. 6511 | costs and are the Debtors' responsibility; (ii) the Debtors are the primary beneficiaries of the competing plan process, (iii) the solicitation and confirmation process are for the benefit of the Debtors' estates; and (iv) requiring the proponents to bear solicitation costs would improperly deter competing plans. (Noteholder Plan Proponents' Main Objection at ¶ 19, Step One Lenders' Objection at ¶ 11; Bridge Agent's Objection at ¶ 18). | major creditors seeking to propose a plan. (Debtors' Reply at pp. 10-12). |
| Bridge Agent | D.I. 6514 | | |

2

## Responses To Objections to Solicitation Procedures Motion
### (Non-Contours Matters)

**2. Resolved Objections**

| Item No. | Objecting Party | Docket No. | Objection | Resolution |
|---|---|---|---|---|
| 1. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation materials should use non-inflammatory terms when referring to the various Plans (Noteholder Plan Proponents' Objection at ¶ 6). | Terminology for referring to the various Plans has been standardized as "Debtor/Committee/Lender Plan", "Noteholder Plan", "Step One Lender Plan", and "Bridge Lender Plan". |
| 2. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Plans should have one master set of instructions and eliminate instructions in each of the Ballots (Noteholder Plan Proponents' Objection at ¶ 7). | Revisions have been made to the Ballots and a separate set of instructions created to accommodate this objection. (See Revised Forms of Ballot filed herewith). |
| 3. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.18.2 of the Noteholder Plan) for the Non-Contribution election in the Noteholder Ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 4. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Refer to the operative provision (section 5.14 of the Noteholder Plan) for the Put Option election in the Noteholder ballot. (Noteholder Plan Proponents' Objection at ¶ 7). | This revision has been made. (See Revised Forms of Ballot filed herewith). |
| 5. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Additional revisions should be made to the Noteholder Plan ballots as reflected in the revisions filed by the Noteholder Plan Proponents with the Court. (Noteholder Plan Proponents' Objection at ¶ 8). | The Debtors and the Noteholder Plan Proponents have agreed in principle on all revisions to be made to the Ballots, which are reflected in the revised versions of the Ballots filed with the Court contemporaneously with this chart. |
| 6. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The ability to rank Competing Plans should not be conditioned on a vote to accept a given Competing Plan. (Noteholder Plan Proponents' Objection at ¶ 10). | Following discussions with the Noteholder Plan Proponents, holders of claims voting on the Plan will be able to express a preference only among Plans they vote to accept. |
| 7. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures and ballots should include a mechanic for the voting of PHONES Notes Exchange Claims (as defined in the Noteholder Plan). (Noteholder Plan Proponents' Objection at ¶ 12). | Paragraph 24 of the order approving the Solicitation Motion has been added to the order and embodies the requested mechanic for the voting of PHONES Notes Exchange Claims, and the ballots have been modified to accommodate such voting. |
| 8. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The solicitation procedures do not provide a deadline by which claims objections must be filed in order for creditors with disputed claims to file an | Paragraph 39 41 of the order approving the Solicitation Motion has been modified to make clear that the voting |

## 2. Resolved Objections (continued)

| | | | | |
|---|---|---|---|---|
| | Objection) | appropriate motion under Bankruptcy Rule 3018. (Noteholder Plan Proponents' Objection at ¶18). | population of Claims is set as of the Voting Record Date. |
| 9. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | The voting procedures should be modified to provide expressly that the votes, elections, and preferences of beneficial holders as set forth on their Ballot to the extent of any conflict. (Noteholder Plan Proponents' Objection at ¶22) | Paragraph 35 of the order approving the Solicitation Motion has been modified to add clause (e) thereto, which resolves this objection. |
| 10. | Noteholder Plan Proponents | D.I. 6512 (Main Objection) | Disclose the procedure by which the Voting Agent will adjust the amounts voted by Senior Noteholder Claims and PHONES Notes Claims to account for prepetition interest. (Noteholder Plan Proponents' Objection at ¶22) | The Debtors have provided further information on this point informally, which has resolved the objection consensually. |
| 11. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Objection) | The Debtors should be required to update their prior list of Potential 5% Holders and furnish the updated list to all Proponents. (Noteholder Plan Proponents' Media Ownership Objection at ¶2). | Paragraph 45 of the order approving the Solicitation Motion has been revised to provide that the Debtors will provide the Proponents of the other Plans with the list of Potential 5% Holders known to them, |
| 12. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Potential 5% Holders should receive one uniform form of Media Ownership Certification similar to that previously used by the Debtors with respect to the Prior Plan. (Noteholder Plan Proponents' Media Ownership Objection at ¶3). | The Debtors will utilize the same form as used in connection with the prior plan of reorganization, with any necessary updates. |
| 13. | Noteholder Plan Proponents | D.I. 6513 (Media Ownership Certification) | The Voting Agent should collect all Media Ownership Certification, and not each of the Plans as proposed. | The Debtors propose that they collect the Media Ownership Certifications, if any, and provide any information relating to same. |
| 14 | Noteholder Plan Proponents | D.I. 6513 (Noteholder Plan Proponents' Media Ownership Objection) | Disclosures concerning the Media Ownership Certifications should be moved to the General Disclosure Statement and not be in the Specific Disclosure Statements (Noteholder Plan Proponents' Media Ownership Disclosure Statement Objection at ¶ 5). | The disclosures respecting the Media Ownership Certifications are Plan-specific in many respects Accordingly, such disclosures should properly be in the General Disclosure Statement (Debtors' Reply at pp. 16-17). |

## Responses To Objections to Solicitation Order Paragraph 48 (Contours Matters)

### 3. Unresolved Objections

| Item No. | Objecting Party | Docket No. | Issue | Objection | Response² |
|---|---|---|---|---|---|
| | Aurelius | D.I. 6558 (Aurelius Objection) | Fact Discovery Relating to Merits of LBO-Related Causes of Action | There is a need for additional fact discovery relating to the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery | In light of the extensive record already developed by the parties, the Committee and the Examiner, there is no need for additional fact discovery relating to the merits of the LBO-Related Causes of Action |
| | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) | | | |
| | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) | | | |
| | Bridge Agent | D.I. 6514 (Bridge Agent Objection) | | (Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10.) | (Debtors' Reply [D.I. 6622] at pp. 19-26). |
| | Aurelius | D.I. 6558 (Aurelius Objection) | Expert Discovery and Reports Relating to Merits of LBO-Related Causes of Action | There is a need for expert discovery and testimony regarding the merits of the LBO-Related Causes of Action; accordingly the Court should not impose any limitations on such discovery or testimony | In light of the issues to be addressed at confirmation, expert discovery and testimony should focus on whether the settlements are fair, reasonable and in the best interests of the Debtors' Estates |
| | Wilmington Trust | D.I. 6554 (Wilmington Trust Objection) | | | |
| | Step One Plan Proponents | D.I. 6511 (Step One Plan Proponents Objection) | | | |
| | Bridge Agent | D.I. 6514 (Bridge Agent Objection) | | (Aurelius Obj. at pp. 7-21; Wilmington Trust Obj. at 5-9; Step One Plan Proponents Obj. at 2-5; Bridge Agent Obj. at 4-10.) | (Debtors' Reply at p. 20). |

² Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

Formatted: Indent: Left:  0",
Numbered + Level: 1 + Numbering
Style: 1, 2, 3, … + Start at: 1 +
Alignment: Left + Aligned at:  0.25"
+ Tab after:  0" + Indent at:  0.5"

Deleted: 47

Deleted: ¶

Formatted: Left

Formatted: Left

Formatted: Indent: Left:  0",
Numbered + Level: 1 + Numbering
Style: 1, 2, 3, … + Start at: 1 +
Alignment: Left + Aligned at:  0.25"
+ Tab after:  0" + Indent at:  0.5"

**Responses To Objections to Solicitation Order Paragraph 49**
**(Contours Matters)**

### 3. Unresolved Objections (continued)

| 3. | | | | |
|---|---|---|---|---|
| Aurelius, Bridge Agent | D.I. 6558 (Aurelius Objection), D.I. 6514 (Bridge Agent Objection) | Length of Confirmation Hearing[3] | The confirmation hearing should be at least 15 calendar days in length (Aurelius Obj. at pp. 21-23; Bridge Agent Obj. at 8-10). | The confirmation hearing should be 5 calendar days in length (Debtors' Reply at pp. 28-30). |

[3] At the November 23, 2010 hearing, the Court indicated that the confirmation hearing would commence on March 7, 2010 and initially set the hearing for 5 days.

# Unresolved Issues Relating To CMO Incorporated Into Solicitation Order Paragraph 54 (Contours Matters)

## 3. Unresolved Issues

| Item No. | Proposing Party | Docket No. | Issue | Proposal | Response[4] |
|---|---|---|---|---|---|
| | Aurelius | D.I. 6558 (Aurelius Objection) | Close of Fact Discovery | The Court should impose a cut-off of February 18, 2011 for fact discovery except to the extent the discovery is "needed for expert reports," in which case the cut-off should be February 4. (Aurelius Obj. at p. 24). | Because it is impossible ex ante to distinguish between discovery needed for expert reports and discovery needed for other purposes, and because fact discovery should be completed before the deadline for submission of expert reports, which all parties agree should be February 8, 2011, the appropriate cut-off date for all fact discovery should be February 4, 2011. |
| | Aurelius | D.I. 6558 (Aurelius Objection) | Timing of Responses to Document Requests | The Court should impose a hard deadline of 30 calendar days to complete production with respect to document production requests not subject to objection. As to document requests for which an objection has been interposed, the Court should impose a hard deadline of 10 calendar days to complete production following resolution of the objection. | (Debtors' Reply [D.I. 6622] at pp. 32-33). Because the scope of the discovery requests at this juncture is unknown and may potentially be substantial, the Court should direct the parties to make good faith best efforts to complete production of documents within 30 days in response to requests for which no objection has been interposed. Because requests for which an objection has been interposed are likely to involve large volumes of documents and/or significant privilege claims, the Court should direct the parties to make good faith best efforts to complete production of documents within 20 calendar days following resolution of the discovery dispute. |
| | Aurelius | D.I. 6558 (Aurelius Objection) | Interrogatories and RFAs | (Aurelius Obj. at pp. 24-25). Parties should be permitted to serve interrogatories as to three subject matters including as to the Parties' positions with respect to specific conclusions reached by the Examiner. If contention interrogatories relating to the Examiner's report are not permitted, the Parties should be permitted to serve RFAs on any subject matter. The Court should direct that responses to | (Debtors' Reply at pp. 31-32). Because the parties will have an adequate opportunity to set forth and argue their positions as to the Examiner's Report, including in ways much more efficient than answers to interrogatories, the Court should not permit interrogatories concerning specific conclusions reached by the Examiner. Because RFAs are extremely burdensome to answer and usually are met with a large number of objections and narrow, technical and highly qualified answers, RFAs should be allowed only with respect to the authentication of documents. The Debtors' have no objection to the 21 calendar day response |

[4] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan, the Response, or the applicable Objection, as applicable.

---

**Right-margin markup annotations:**

Deleted: Concerning

Formatted: Normal

Deleted: ¶

Formatted: ¶

Formatted: Left

Deleted: ¶

Formatted: ¶

Formatted: Indent: Left, 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Deleted: 1

Formatted: Underline

Deleted: ¶

Deleted: ).

Formatted: Indent: Left, 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Formatted: Indent: Left, 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Deleted: ¶

Deleted: ¶

## 3.  Unresolved Issues (continued)

| | | | | |
|---|---|---|---|---|
| Aurelius | D.I. 6558 (Aurelius Objection) | Privilege Logs | (Aurelius Obj. at p. 25) With the exception of three specified categories, the Parties should be required to produce a privilege log identifying documents withheld on grounds of privilege on an individual document by document basis. The three specified categories are:<br><br>Debtors – Communications to/from outside counsel, both pre and post-petition. This excludes communications to, from or cc'd to the Debtor's Special Committee formed in or about August 2010. This also excludes communications cc'd to anyone outside the employ of the Debtors.<br><br>Banks – Communications to from its specific outside counsel, both pre and post-petition. This excludes communications cc'd to anyone outside the employ of the specific bank.<br><br>Holders of LBO debt – Communications to/from its specific outside counsel, both pre and post-petition. This excludes communications cc'd to anyone outside the employ of the specific holder, except in the instance of actual joint representation by a single firm.<br><br>The Court should impose hard deadlines on the production of privilege logs (30 calendar days from an initial request and contemporaneous with any supplemental production).<br><br>(Aurelius Obj. at pp. 25-26.) | period if interrogatories and RFAs are limited as described above, but the parties will require and the Court should afford the full 30 days allowed by the rules if interrogatories regarding the Examiner's Report and/or unlimited RFAs are permitted.<br><br>(Debtors' Reply at pp. 32-33.) Parties should be permitted to identify all documents withheld on grounds of privilege on a category basis, given the large number of privileged documents that are likely to be the subject of document requests, the associated burden of producing document logs, and the ability of category descriptions to adequately serve the purposes of a privilege log to identify areas of potential dispute.<br><br>In light of the large number of potentially responsive privileged documents, parties should be directed to make good faith best efforts to complete preparation of the necessary privilege logs within 30 days calendar days of a discovery request or contemporaneous with a supplemental production.<br><br>(Debtors' Reply at pp. 33-35.) |
| Aurelius | D.I. 6558 (Aurelius Objection) | Fact Depositions | Each Proponent Group should be allowed to take at least 40 fact depositions. | 40 fact depositions for each Proponent Group is excessive. Each Proponent Group should be allowed to take 10 fact depositions, subject to seeking leave for additional depositions if circumstances warrant. |

interrogatories and RFAs to be filed within 21 calendar days.

4

Deleted: Concerning CMO Incorporated Into Solicitation Order Paragraph 5¶

Formatted Table

Deleted: Except as to a small number of subjects.

Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Deleted: ¶

Deleted: ¶

Deleted:

Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Formatted: Tabs: Not at 3.25" + 6.5"

## 3. Unresolved Issues (continued)

| | | | | |
|---|---|---|---|---|
| Aurelius | D.I. 6558 (Aurelius Objection) | Letter Briefing of Discovery Disputes | (Aurelius Obj. at pp. 26-28) The Court should establish a letter briefing procedure for resolution of discovery disputes, but establish no page limits on the letter briefs, allow for the filing of reply letter briefs and only permit five calendar days to file oppositions to the initial letter briefs. | (Debtors' Reply at p. 35) While the Debtors agree that a letter briefing procedure should be established, they believe that it should be limited to two briefs (an initial brief and a response), that the briefs should be limited to three typewritten pages; and that the responses should be filed in three business days. In the Debtors' view this is both a fairer and more efficient away by which to resolve discovery disputes. |
| Aurelius | D.I. 6558 (Aurelius Objection) | Pretrial Briefs | (Aurelius Obj. at pp. 28-29) Parties should be directed to (i) file objections to competing plans on February 11, 2011, (ii) a single brief in support of a proponent's plan and in response to objections to that plan on February 25 and (iii) an additional brief on March 2 "containing a factual and legal discussion of the matters it intends to address at the Confirmation Hearing in support of its respective plan or concerning its Objection to any other proposed plans." <br><br> (Aurelius Obj. at p. 29). | (Debtors' Reply at pp. 35-36) The Debtors agree that objections should be filed on February 11, 2011 and that single brief in support of a proponent's plan and in response to any objections should be filed on February 25, but they do not see any need for the filing of a third brief on March 2, especially since the matters to be addressed therein seem to be duplicative of those to be addressed in the brief to be filed on February 25. <br><br> (Debtors' Reply at p. 36).[5] |

---

[5] Although there were unresolved issues at the time of the November 29, 2010 hearing concerning the date for the commencement of fact discovery, the applicability of certain provisions of the Document Depository Order and status conferences, *compare* Aurelius Opp. at p. 24, Aurelius Opp. Ex. G at ¶¶ 34, 37 *with* Debtors' Reply at 31, 36-37, the Debtors currently expect that these issues will be resolved by the time of the December 6, 2010 hearing.

Deleted: Concerning CMO Incorporated Into Solicitation Order Paragraph 54¶

Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Tab after: 0" + Indent at: 0.5"

Formatted: Tabs: Not at 3.25" + 6.5"

Deleted: 557s540e