UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 )  |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) ) |
| Debtors. | ) Jointly Administered ) |
| | ) **Related Docket Nos. 6255, 6558** ) |

SUPPLEMENTAL SUBMISSION OF
AURELIUS CAPITAL MANAGEMENT, LP

Aurelius Capital Management, LP ("Aurelius"), on behalf of its managed entities, by and through its undersigned counsel, respectfully submits this supplemental submission in further support of its objection to the Contours Motion (the "Aurelius Objection") and request for entry of the Proposed CMO, and respectfully requests that the Court (i) order that the confirmation hearing shall begin on April 11, 2010, or such other date subsequent to April 11, 2010 that is convenient for the Court, and (ii) enter the Amended Discovery and Scheduling Order for Plan Confirmation (the "Amended Proposed CMO") attached hereto as Exhibit A.[1] The Amended Proposed CMO differs from the Proposed CMO that Aurelius originally submitted on November 22 only insofar as the deadlines have been extended to comport with an April 11, 2010 hearing date.[2]

Counsel to Aurelius has conferred with the other parties. The Bridge Lenders support Aurelius' request that the confirmation hearing be scheduled for no earlier than early April. The Debtors and their plan co-proponents oppose Aurelius' request.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Aurelius Objection.

[2] A redline reflecting the differences between the Proposed CMO and the Amended Proposed CMO is attached hereto as Exhibit B.

Although Aurelius initially proposed that the confirmation hearing could commence in March, that time-frame is no longer workable for two primary reasons. First, the parties initially discussed an early March confirmation hearing in the beginning of November, and Aurelius' expectation at that time was that confirmation-related discovery would begin shortly thereafter. Until Wednesday of this week, however, the proponents of the Debtor/Committee/Lender Plan (the "Debtor/Committee/Lender Plan Proponents") refused to commence discovery, claiming that it was premature until the disclosure statements were approved and the issues raised in their Contours Motion are decided.[3] Accordingly, a full month has passed without any discovery being taken since Aurelius originally suggested that a March confirmation hearing was feasible. This lapse of time has rendered the parties' proposed schedules, each of which are premised on fact depositions beginning *today*, impossible.[4]

Now, as it currently stands, the current schedule would provide parties with only roughly two months falling over Christmas and New Years to serve document requests, produce documents and privilege logs, determine what is likely to be many complex privilege assertions, answer interrogatories, complete fact depositions and prepare expert reports.[5] This period is plainly insufficient given the myriad contested issues that need to be explored through fact discovery, including, *inter alia*, the confirmability (or lack thereof) of four materially different plans, the fairness of the LBO Lender Settlement, the fairness of the intercompany settlement

---

[3] *See* Omnibus Reply of Debtors to Objections to Solicitation Motion and in Support of Entry of an Order Imposing Reasonable Limitations on Confirmation-Related Discovery and the Confirmation Hearing [D.I. 6622] ("Debtors' Omnibus Reply") p. 31. Aurelius served its first set of discovery today, two days after being notified that the Debtor/Committee/Lender Plan Proponents would now agree that such discovery could be served.

[4] *See* Debtors' Omnibus Reply, Ex. D ¶ 12; Aurelius Objection, Ex. G ¶ 12.

[5] *See* Debtors' Omnibus Reply, Ex. D ¶¶ 3, 19; Aurelius Objection, Ex. G ¶¶ 3, 19.

proposed by the Debtor/Committee/Lender Plan Proponents, and the appropriate size of the claim arising from the PHONES notes.

Second, the parties' need to take discovery in connection with the LBO Lender Settlement, and the appropriate scope of such discovery is even greater now that the Debtor/Committee/Lender Plan Proponents have finally revealed their position regarding the role they believe the Examiner's Report should play at the confirmation hearing. On November 24, 2010, the Debtors disclosed for the first time that, *notwithstanding their assertion that the Examiner's investigation should preclude parties from taking their own discovery*, the Debtors seek an order from the Court preserving all potential objections, other than those relating to authentication, regarding the admissibility of the Examiner's report, the exhibits appended thereto or the transcripts of the interviews conducted by the Examiner.[6] If this request is granted, parties will be left with an even greater need to independently develop through the discovery process admissible evidence, including even the most basic of facts, regarding the LBO Claims. This cannot possibly be done within the limited discovery period that would be mandated by a March 7 confirmation hearing.

## CONCLUSION

For the foregoing reasons, Aurelius respectfully requests that the Court (i) order that the confirmation hearing shall begin on April 11, 2010, or such other date subsequent to April 11, 2010 that is convenient for the Court, and (ii) enter the Amended Proposed CMO in the form attached hereto as Exhibit A.

---

[6] *See* Debtors' Omnibus Reply p. 26.

Dated: December 3, 2010
   Wilmington, Delaware

ASHBY & GEDDES, P.A.

*/s/ William P. Bowden*
William P. Bowden (No. 2533)
Amanda M. Winfree (No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Daniel H. Golden (admitted *pro hac vice*)
David M. Zensky (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

*Attorneys for Aurelius Capital Management, LP*