# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                        :  Chapter 11
                              :
                              :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,      :
                              :  (Jointly Administered)
         Debtors.             :
                              :  Re: Docket No. 5680
                              :
------------------------------x

### AMENDED DISCOVERY AND SCHEDULING ORDER FOR PLAN CONFIRMATION

A hearing (the "Confirmation Hearing") on the possible confirmation of the plans of reorganization proposed for the Debtors is scheduled to commence on or about April 11, 2010 before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801. Pursuant to Bankruptcy Code sections 105(a) and (d), Federal Rules of Bankruptcy Procedures 9006 and 9014, and Federal Rule of Civil Procedure 43(e), the following schedule is established for purposes of discovery and other pre-trial matters in respect to the Confirmation Hearing.

IT IS HEREBY ORDERED as follows:

1. For purposes of compliance with certain aspects of this Order as specifically set forth below (but for no other purposes), each party-in-interest (a "Party") that is a proponent or co-proponent of one of the four plans of reorganization that have been filed in connection with the above captioned cases (a "Plan Proponent Party") shall be grouped with any other proponents of that plan (each such group a "Proponent Group").

2. Each Plan Proponent Party will use its reasonable best efforts to cooperate and coordinate with all other Plan Proponent Parties within its Proponent Group to, whenever possible, avoid unnecessary duplication, expense and delay.

## FACT DISCOVERY

3. All fact discovery shall be completed no later than March 18, 2011, provided that depositions and discovery needed for expert reports shall be completed by March 4, 2011.

4. Discovery requests can be served in advance of the December 6, 2010 hearing.

5. Counsel of record for each Plan Proponent Party agrees to accept service via email of any requests for production of documents, document subpoenas, deposition notices, or deposition subpoenas on behalf of such Plan Proponent Party and its constituent members, employees, officers, or directors, and any of their respective current legal, financial, or other advisors, provided however, that in the case of the Official Committee of Unsecured Creditors (the "Committee"), service on counsel to the Committee shall constitute service only on the Committee in its capacity as such (including its Professionals) and not on individual members of the Committee.

6. Written objections and responses to any document requests or subpoenas shall be served within ten (10) business days of service of such requests.

7. All Parties shall complete production of all responsive documents and information within the later of thirty (30) calendar days after service of such requests or, solely with respect to documents subject to an objection, within ten (10) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

8. Interrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing, (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature and (iii) Parties' positions with respect to specific conclusions reached by the Examiner. Written objections and responses to interrogatories shall be served within twenty-one (21) calendar days of service of such requests.

9. With respect to requests for admissions, written objections and responses shall be served within twenty-one (21) calendar days of service.

10. All Parties and other persons who are served with any document requests or document subpoenas shall produce a privilege log respecting any documents withheld from production that complies with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026(b)(5)(A) within thirty (30)

calendar days of service of such requests, and shall produce any supplemental privilege log by no later than the date of any supplemental document production.

11. On or before January 21, 2010, all Parties shall exchange preliminary lists of all witnesses (except witnesses from whom expert reports will be submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)) that each Party may call to provide testimony at the Confirmation Hearing. Thereafter, Parties shall promptly notify all Parties regarding any additional witnesses identified during the discovery process and/or removal of any witness from a Party's witness list.

12. Each Proponent Group shall have the right to notice a total of forty (40) fact depositions combined for all issues and matters to be considered at the Confirmation Hearing. Fact depositions may commence on or after January 4, 2010, and shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7030.

13. Depositions will be coordinated so that witnesses who are noticed/subpoenaed by one or more Proponent Groups shall be simultaneously deposed by such Proponent Groups and by any other Party wishing to question the witness. Counsel for any Party wishing to participate in depositions shall make an attorney available to attend weekend depositions in the event weekend depositions become necessary or appropriate as a result of scheduling issues.

14. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within (3) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules for the United States Bankruptcy Court, District of Delaware:

    a. Each Proponent Group to the dispute shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a single letter, identifying the relief requested and the basis thereof (the "Initial Letter");

    b. within five (5) calendar days after receipt of such Initial Letter, each Proponent Group to whom the Initial Letter is directed shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a letter, responding to the Initial Letter (the "Response Letter");

    c. within three (3) calendar days after receipt of the Opposition Letter, each aggrieved Plan Proponent Group shall deliver to the Court and serve all Parties via email, a letter replying to the Opposition Letter (a "Reply

>   Letter," and together with the Opening and Opposition Letters, the "Letters") and; thereafter
>
>   d. the Court may schedule an in-person or telephonic hearing to decide any or all of the issues raised in the Letters and/or Response Letter, and/or direct further briefing on any issue.

15. Any Party who is not a Plan Proponent Party shall have the right to participate in fact discovery conducted by any Plan Proponent Party by participating in any depositions and by receiving copies of any all fact discovery responses and objections and productions. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to serve and conduct fact discovery; if such leave is granted, such Party will be subject to all provisions of this Order relating to fact discovery that are applicable to Plan Proponent Parties.

### **EXPERT DISCOVERY**

16. All expert discovery shall be completed no later thanApril 6, 2011.

17. Each Plan Proponent Party shall have the right to identify and utilize expert witnesses in connection with the Confirmation Hearing. The Plan Proponent Parties will meet and confer in good faith regarding a reasonable number of expert witnesses per Proponent Group. Nothing herein shall preclude any Plan Proponent Party from seeking appropriate relief from the Court with respect to the number of expert witnesses and the scope of any expert testimony.

18. All Plan Proponent Parties shall disclose the identity of any expert witness they may use to present evidence in their case-in-chief under Federal Rules of Evidence 702, 703 or 705 on or prior to February 25, 2011, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

19. All Plan Proponent Parties shall file their expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to experts on or prior to March 9, 2011.

20. All Plan Proponents shall file their rebuttal expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to rebuttal experts on or prior to 12:00 p.m. (prevailing Eastern time) on March 23, 2011.

21. Expert depositions may commence on or after March 28, 2011.

22. No Plan Proponent Party shall be required to produce in expert discovery any draft reports (including drafts of any materials, charts, illustrative documents, or exhibits prepared by the expert, any person working under the expert's supervision, or the Plan Proponent Party and its counsel) or communications between such expert and counsel related to the expert's report or declaration.

23. Any Party who is not a Plan Proponent Party shall have the right to participate in expert discovery conducted by any Plan Proponent Party by participating in any depositions and by receiving copies of any all expert-related document production and disclosures. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to identify and utilize expert witnesses in connection with the Confirmation Hearing; if such leave is granted, such Party will be subject to all provisions of this Order relating to expert discovery that are applicable to Plan Proponent Parties.

## **CONFIRMATION BRIEFS**

24. As set forth in the Court's Solicitation Procedures Order, each Proponent Group shall have the right to file and serve an Objection in response to each proposed plan of reorganization on March 11, 2011.

25. Each Proponent Group shall have the right to file a single brief in further support of confirmation of its respective plan and in response to the Objections of other Proponent Groups on March 30, 2011.

## **PRE-TRIAL SUBMISSIONS**

26. On March 16, 2011, all Parties shall serve on one another the designation, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing.

27. On March 23, 2011, all Parties shall serve on one another any counter designations or objections to the designations, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing.

28. On March 25, 2011, all Parties shall serve on one another the list of exhibits they reasonably anticipate offering into evidence at the Confirmation Hearing ("Trial Exhibits").

29. On April 1, 2011, all Parties shall serve on one another any objections to the Trial Exhibits. To the extent the Parties identify any additional Trial Exhibits after this date, they shall serve a supplemental list on one another no later than April 6, 2011 and serve any objections thereto on one another by April 8, 2011.

5

30. A Joint Pretrial Memorandum, along with any other documents required by the Chambers Procedures for the Honorable Kevin J. Carey, shall be filed with the Court by 4:00 p.m. (prevailing Eastern time) on April 6, 2011.

31. All pre-trial motions in limine, if any, shall be filed and served no later than April 8, 2011, to the extent the issues are ripe; however, the parties have the right to file motions in limine at a later date, if additional issues arise after April 8, 2011.

32. Parties shall serve all demonstrative exhibits on one another no later than twenty four (24) hours before the hearing date at which such demonstrative exhibits are proposed to be used, and any objections thereto will be heard on the morning of the hearing.

## MISCELLANEOUS

33. The terms of the Third Decretal paragraph of the Document Depository Order (Dkt. #2858) and each Parties' associated Acknowledgment (with the exception of any paragraph dealing with Settlement Material, Settlement Communications and/or Federal Rule of Evidence 408) shall apply to all discovery produced pursuant to this Order, provided that nothing contained in or omitted from this Order shall constitute a waiver of any rights under the Document Depository Order (Dkt. # 2858) or the Mediation Order (Dkt. #5991).

34. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

35. Nothing in this Order shall affect or prejudice the right of any Party to make any application to the Court with respect to the scope, timing, duration and character of the Confirmation Hearing, or the submission of additional pre-trial or post-trial submissions or briefs.

36. Each hearing in the Debtors' cases between the date of this order and the commencement of the Confirmation Hearing shall, at the request of the Court or any party, include a status conference in connection with matters respecting this Order and the Confirmation Hearing.

37. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: _____, 2010

_____
HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge