# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Requested Hearing Date:**<br>**December 15, 2010 at 10:00 a.m. (ET)**<br>**Proposed Objection Deadline:**<br>**December 10, 2010 at 4:00 p.m. (ET)** |

## MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(A) STAYING THE PROSECUTION OF AVOIDANCE ACTIONS

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") staying the prosecution of avoidance actions

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

that the Debtors intend to file before expiration of the two-year limitation period imposed under section 546(a) of the Bankruptcy Code (the "Avoidance Actions"). The Debtors seek to stay the prosecution of the Avoidance Actions in order to conserve estate resources and preserve the status quo pending the outcome of a plan process, which may largely moot this litigation or otherwise affect the determination as to the appropriate prosecution of the Avoidance Actions. In further support of this Motion, the Debtors state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

2. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code.

4. Pursuant to Bankruptcy Code section 546(a), the bar date for commencing avoidance actions in these cases is December 8, 2010 (the "Avoidance Bar Date").

**BACKGROUND TO THE MOTION**

**A.    The Avoidance Analysis**

5. The Debtors, through their advisors, have extensively reviewed and analyzed all payments made (a) to third parties within 90 days prior to the Petition Date, and (b)

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

to insiders within one year prior to the Petition Date (as applicable, the (the "Preference Period"), whether by wire, ACH or check, by Tribune Company ("Tribune") on its own behalf and for its subsidiaries.[3] The Debtors' analysis respecting the categories of avoidance claims to be preserved was vetted thoroughly with the Committee's advisors who also conducted their own independent investigation of potential preference causes of action. The end result is that the Committee and the Debtors share a common assessment of potential Avoidance Actions and the manner in which they should be treated in these cases.

6.    Based on their analyses, the Debtors intend to file or preserve by tolling agreements approximately 220 Avoidance Actions (aside from insider claims) aggregating approximately $90 million in payments made to approximately 89 third parties during the Preference Period.[4] Together with claims to be filed or preserved by the Committee, over $500 million in payments will be pursued or preserved through tolling agreements. The Debtors will enter into tolling agreements with or commence Avoidance Actions exclusively against third parties (other than those included within the Committee's purview) on or before the Avoidance Bar Date. As of the date of this Motion, the Debtors have entered into agreements to toll the Avoidance Bar Date with respect to approximately $37.3 million in payments made during the Preference Period, and are continuing to finalize additional tolling agreements.

---

[3] Due to Tribune's centralized cash management system, most of the payments to subsidiary creditors were actually initiated by Tribune for the account of the subsidiaries, with appropriate intercompany accounting to reflect the liability of the subsidiary for such payment.

[4] The Committee will pursue or toll another approximately $248.6 million in third party payments and $180 million in "insider" payments. The Court has granted standing to the Committee in order to preserve or file complaints on transfers to (i) JPMorgan Chase Bank, N.A. ("JPMorgan") or other Senior and Bridge Lenders in connection with payments made in the 90 days prior of the Petition Date (approximately $231 million), (ii) certain of the Debtors' professionals (approximately $17 million), and (iii) certain "insiders" in connection with payments made in the year prior to the Petition Date (approximately $180 million). (*See* D.I. 6150, 6657, and 6658.)

46429/0001-7215243v                                3

### B. The Plan Process

7. If the Court approves the various proposed disclosure statements and solicitation procedures, creditors in these chapter 11 cases will be asked to consider and vote upon four competing plans of reorganization; i.e., the plan filed by the Debtors, the Committee; JPMorgan Chase Bank, N.A., Oak Tree Capital Management, L.P., and Angelo Gordon & Co. L.P. (the "Debtor/Committee/Lender Plan"); the plan filed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "Noteholder Plan"); the plan filed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (the "Bridge Lender Plan"); and the plan filed by the Certain Holders of Step One Senior Loan Claims (the "Step One Lender Plan"). The competing plans contain varying provisions regarding the treatment of creditors, releases, and preservation of claims. The Debtors/Committee/Lender Plan and the Step One Lender Plan both contemplate payment in full of subsidiary Debtor claims, while the Noteholder Plan and the Bridge Lender Plan do not. It is anticipated that confirmation hearings on the four competing plans will take place in the first quarter of 2011.

### RELIEF REQUESTED

8. The Debtors seek an Order staying, except to the limited extent set forth below, all Avoidance Actions filed prior to the Avoidance Bar Date, including any further proceedings in the Avoidance Actions, until June 30, 2011. In order to effectuate the Stay, the Debtors request that a copy of the Order granting the relief requested herein be entered on the docket in each of the Avoidance Actions. Finally, the Debtors request that any Order granting this relief provide that the Stay may be lifted or extended by the Court for cause shown, after notice and a hearing.

## BASIS FOR RELIEF

9. The Debtors ask the Court to exercise its power under section 105(a) of the Bankruptcy Code to stay further prosecution of, or any other proceedings in, the Avoidance Actions for the following reasons. Many of the claims that are the subject of Avoidance Actions in these cases may be eliminated, reduced, or modified by plan confirmation. Indeed, confirmation of either of two of the four competing plans will result in full payment to general unsecured creditors of the subsidiary Debtors, thereby mooting virtually all of the Avoidance Actions. Under these circumstances, a stay of the Avoidance Actions is in the best interests of the estates. It would be premature and an unnecessary and inefficient use of estate assets (as well as distracting and disruptive to the administration of these cases) to litigate any of the Avoidance Actions at this juncture. Moreover, the Debtors desire to avoid needlessly destabilizing or disrupting relationships with customers and vendors at the operating subsidiaries, where virtually all of the Avoidance Actions reside. Therefore, consistent with the relief sought and granted to the Committee in the Orders of this Court dated October 27, 2010 (D.I. 6150) and November 29, 2010 (D.I. 6657 and 6658), the Debtors likewise ask this Court to stay the Avoidance Actions (the "Stay"), on the following terms:

   (a) After the Avoidance Actions are filed and served they shall be deemed immediately stayed, except as set forth below, until June 30, 2011 ("Termination Date").

   (b) All applicable deadlines, other than those applicable to the discovery set forth herein, would be suspended during the period of the Stay.

   (c) All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene, and motions regarding settlement) and contested hearings or trials would be prohibited.

   (d) Notwithstanding the foregoing, during the period the Stay is in effect, the Debtors may (a) consistent with applicable Federal Rules of Bankruptcy Procedure, amend the complaints in the Avoidance Actions, (b) complete service

of the complaints in the Avoidance Actions, and (c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any of the claims asserted in the Avoidance Actions.

(e)     During the pendency of the Stay, no defendant to the Avoidance Actions shall answer or otherwise respond to complaints filed therein and all rights of such defendants, including the right to move to dismiss the Avoidance Actions following expiration of the Stay, would be fully preserved.

## CONCLUSION

10.     For the reasons set forth herein, the Debtors request that the Court issue an order granting the Stay of the Avoidance Actions on the terms and conditions set forth herein.

## NO PRIOR REQUEST

11.     No prior request for the relief sought herein has been made by the Debtors in this or any Court.

## NOTICE

12.     Notice of this Motion has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' post-petition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

Dated: Wilmington, Delaware
December 3, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION