**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Requested Hearing Date: December 15, 2010 at 10:00 a.m. (ET)**<br>**Proposed Objection Deadline: December 10, 2010 at 4:00 p.m. (ET)**<br>**Related to Docket No. 6753** |

**DEBTORS' MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(A) STAYING THE PROSECUTION OF AVOIDANCE ACTIONS**

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), pursuant to pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order setting an expedited hearing for and shortening the notice period on the concurrently-filed Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) Staying the Prosecution of Avoidance Actions (the "Stay Motion"). In support hereof, the Debtors respectfully represent as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

2. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3. Pursuant to Bankruptcy Code section 546(a), the bar date for commencing avoidance actions in these cases is December 8, 2010 (the "Avoidance Bar Date").

4. The Debtors intend to file certain avoidance actions on behalf of the Debtors' estates by the Avoidance Bar Date (the "Avoidance Actions").

5. Concurrent with the filing of this Motion, the Debtors have filed the Stay Motion seeking an order staying the prosecution of the Avoidance Actions that the Debtors intend to file. Specifically, the Debtors request, in part, that after the Avoidance Actions are filed and served that they be immediately stayed, except for certain exceptions as set forth in the Stay Motion, until June 30, 2011. The Debtors seek to stay the prosecution of the Avoidance Actions in order

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

to conserve estate resources and preserve the status quo pending the outcome of a plan process, which may largely moot or otherwise affect the prosecution of the Avoidance Actions.

**RELIEF REQUESTED**

6. By this Motion, the Debtors request entry of an Order shortening the notice period and setting the Stay Motion for hearing on December 15, 2010 at 10:00 a.m. (Eastern Time), the next regularly scheduled omnibus hearing in these cases, and establishing December 10, 2010 at 4:00 p.m. (Eastern Time) as the deadline for filing objections to the Stay Motion.

**BASIS FOR RELIEF**

7. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Del. Bankr. L. R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(b), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L. R. 9006-1(e).

8. The Debtors submit that the facts of these cases justify shortening notice and that the relief requested herein should be granted. As explained in the Stay Motion, the Debtors seek to preserve the status quo of the Avoidance Actions pending the outcome of a plan process. If this Motion is not granted, and the Stay Motion is set for hearing at the next regularly scheduled hearing following the December 15 hearing, the Stay Motion will not be heard until January 13,

2011, to the detriment of the status quo. Pending adjudication of the Stay Motion, defendants who are served with complaints will be required to answer or otherwise respond to the complaints and may pursue discovery. Alternatively, the Debtors professionals will be required to address the appropriate response date and possible extensions to respond to the complaints. The Debtors believe this to be an unnecessary and inefficient use of estate resources, particularly given the status of these cases. Consequently, the Debtors seek a prompt hearing on the Stay Motion so that defendants may be provided with timely guidance with respect to the course of the Avoidance Actions.

9. Further, the Debtors do not believe that any party will be prejudiced by the relief requested herein. Indeed, a stay of the Avoidance Actions pending the outcome of the plan process may inure to the benefit of the individual defendants.

10. Finally, by providing electronic mail notice of this Motion and the Stay Motion, the Debtors are only shortening notice of the Stay Motion by a few days. In light of the nature of the relief sought, the Debtors submit that such shortened notice is reasonable.

11. For all the reasons specified above, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

**NOTICE**

12. To ensure that all parties receive notice as soon as possible, notice of this Motion has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Stay Motion on December 15, 2010 at 10:00 a.m. (Eastern Time); (ii) establishing December 10, 2010 at 4:00 p.m. (Eastern Time) as the deadline for filing objections to the Stay Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 3, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION