## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Hearing Date: December 15, 2010 at 10:00 a.m. (ET)**
**Objection Date: December 10, 2010 at 4:00 p.m. (ET)**

## DEBTORS' MOTION FOR LEAVE TO CONDUCT DISCOVERY
## PURSUANT TO BANKRUPTCY RULE 2004

Pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules"), the debtors and debtors in possession in the above-

captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby move

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

("Motion") this Court for the entry of an order, in substantially the form of the proposed order attached hereto as Exhibit A, authorizing them to conduct discovery of Randy Michaels ("Mr. Michaels") concerning (i) documents relating to Tribune Company ("Tribune" or "Company") in Mr. Michaels's possession, custody, or control, (ii) all Company-provided computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iii) all computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iv) any computers, hard drives, diskettes, or other electronic storage media of any type on which any Company information is, was, or may have been stored; and (v) the production of any removable media that Mr. Michaels connected to his company-issued computer.  As set forth in the attached certification, the parties have met and conferred. Mr. Michaels' counsel has indicated that he will continue to cooperate, but the parties have not reached agreement as to all of the issues presented herein.

## JURISDICTION

1.    This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 1109(b) of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 1109(b), along with Bankruptcy Rule 2004.

## BACKGROUND

2.    On December 20, 2007, following the LBO, Randy Michaels became Executive Vice President of Tribune and Chief Executive Officer of Interactive and Broadcasting.  On December 2, 2009, Mr. Michaels was named CEO of Tribune.  On October 22, 2010, Mr. Michaels resigned as CEO.

2

3.      Shortly after his departure, Debtors learned that Mr. Michaels might have deleted emails and other electronically-stored data from his company-issued laptop computer. Debtors immediately searched the company's email and file servers and copied everything located from Mr. Michaels' files, as well as those of his assistant.  Upon review of this material, it was apparent that there were substantial deletions of Mr. Michaels' emails and other information.  Mr. Michaels had also taken and not returned his laptop computer.

4.      Debtors immediately demanded that Mr. Michaels return his laptop computer, along with any other electronic media or storage device that might contain company data.  After receiving the laptop back from Mr. Michaels, Debtors had it forensically examined by a third-party vendor who is experienced in the recovery of electronic data.  Debtors also had in their possession an Android smartphone that had been turned in to the Company by Mr. Michaels the week before his resignation.  Debtors had that smartphone forensically imaged as well.  For the laptop, no materials could be recovered.  For the smartphone, 15 emails were recovered.

5.      Debtors also conducted an interview of Mr. Michaels.  Mr. Michaels confirmed that he had deleted emails and other electronically-stored data.  Mr. Michaels explained that he had downloaded a program from the internet called "Eraser" to wipe his drive, after which he reinstalled the operating system.  Mr. Michaels also indicated that he had deleted his electronically-stored information multiple times to ensure that they would be deleted.

6.      Mr. Michaels was also asked about the contents of his computer, including the topics identified in an October 15, 2010 letter from Aurelius requesting the preservation of various categories of documents.  Mr. Michaels indicated that he had not authored any documents that would fall within those categories and that any emails that might have been on

3

his computer related to those categories would have been sent to him by others at the company (and therefore could be obtained directly from those individuals).

7.    Debtors have taken various steps to preserve and reconstruct any data that might have been lost as a result of these deletions.  In addition to the steps described above, Debtors have copied the company's email exchange server with respect to individuals with whom Mr. Michaels would likely have had communications relating to the bankruptcy.  Those individuals are also currently subject to a litigation document hold and every email sent or received by those individuals is being preserved.  In addition, a search for any emails to and from Mr. Michaels is being run across all of Tribune's email servers.  Further, a back-up tape from September 2009 has been restored and Mr. Michaels' email from that tape has been copied and will be preserved.[2]  Debtors have also asked their professionals to identify and preserve any emails sent to or from Mr. Michaels, and are in the process of making a similar request to the other parties in the company's bankruptcy proceedings.

## RELIEF REQUESTED AND BASIS THEREFORE

8.    Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Rule 2004(b) permits the examination of an entity relating to any "acts, conduct, or property or to the liabilities and financial condition of the debtor; or any other matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Bankr. P. 2004(b).

9.    The Court has ultimate discretion on whether to permit discovery pursuant to Rule 2004.  *In re International Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002).

---

[2] Beginning in about January 2009, Tribune migrated its employees from Windows 2003 to Windows 2007. Prior to the migration to Windows 2007 in 2009, the company retained monthly back-up tapes of the exchange server. After the migration, the company moved to a three day rotating total disaster back-up system. This is not a tape or other media back-up but instead approximately 350 hard drives. It is only possible to restore the entire company (in which case the intervening days' emails would be lost.) It is not possible to restore a single employee's emails from this system. Mr. Michaels was migrated to Windows 2007 in mid-October 2009.

-7215421v

Courts allow examination under Rule 2004 of third parties who have dealings with a debtor. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). In addition, "the examination may [ ] relate to [any] matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).

10.    Courts have recognized that the scope of examination pursuant to Bankruptcy Rule 2004 is extremely broad. *See, e.g., In re Summit Corporation*, 891 F.2d 1, 5 (1st Cir. 1989) ("Rule 2004 is broad in nature"); *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("The scope of a Rule 2004 examination is 'unfettered and broad'"), quoting *In re Bennett Funding Group Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (the scope of a Rule 2004 examination is "virtually unlimited"); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983).

11.    In order to ensure that Debtors obtain possession of any and all documents or communications that Mr. Michaels may have relating to the Debtors and relevant to the case or to the formulation and approval of a Plan of Reorganization, Debtors hereby seek an order from the Court pursuant to Rule 2004 for authority to propound to Mr. Michaels discovery concerning (i) documents relating to Tribune Company ("Tribune" or "Company") in Mr. Michaels's possession, custody, or control, (ii) all Company-provided computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iii) all computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iv) any computers, hard drives, diskettes, or other electronic storage media of any type on which any Company information is, was, or may have been stored;

-7215421v

and (v) the production of any removable media that Mr. Michaels connected to his company-issued computer.

## NOTICE

12.    Debtors have provided notice of this Motion to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel for Mr. Michaels; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

13.    In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request entry of an order authorizing and directing the production of documents by Mr. Michaels in substantially the form of the proposed order attached hereto as Exhibit A.

-7215421v

Dated: Wilmington, Delaware
      December 3, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
James F. Bendernagel
James W. Ducayet
Colleen Kenney
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

    -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN
POSSESSION

-7215421v