# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No.** |

### ORDER GRANTING DEBTORS' MOTION FOR LEAVE TO CONDUCT DISCOVERY OF RANDY MICHAELS PURSUANT TO BANKRUPTCY RULE 2004

Upon the motion (the "Motion") of the Debtors pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for the entry of an order authorizing and directing discovery from Randy Michaels ("Michaels"); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and upon consideration of the Motion; and due and proper notice of the Motion having been given,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Debtors are permitted to serve on Michaels requests for the production of documents and tangible things that are substantially in the form attached as Exhibit 1.

3. Michaels shall respond to such requests not later than twenty (20) days after service.

4. Debtors are authorized to compel production in accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure.

5. This Order is without prejudice to further discovery requests, including requests for deposition discovery, from the Debtors to Michaels and other persons or entities.

46429/0001-7215419v

2

6. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: December ____, 2010
       Wilmington, Delaware

                                          _____
                                          The Honorable Kevin J. Carey
                                          Chief United States Bankruptcy Judge

46429/0001-7215419v

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTORS' REQUEST TO RANDY MICHAELS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

Pursuant to the Court's Order dated December ___, 2010 and Rule 2004 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), hereby request that Randy Michaels ("Michaels") produce the documents and tangible things specified in the requests (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

-7215420v

"Requests" or "Request") set forth below for inspection and copying at the offices of Sidley Austin LLP, 1 South Dearborn, Chicago, IL, 60603, no later than twenty days from the date of service of these Requests.

## DEFINITIONS

1. **"Company"** means the Tribune Company and its subsidiaries.

2. **"Debtors"** means the debtors and debtors-in-possession in these chapter 11 cases.

3. **"Person"** means any natural person or any business, legal or governmental entity or association.

4. **"You" and "your"** mean Michaels and each of his past and present attorneys, agents, representatives, or employees.

5. **"And"** or **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of its scope.

6. **"All"** or **"any"** means each and every.

7. **"Including"** means including, but not limited to.

8. **"Relating to"** means concerning, constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, relating to, referring to, having any relationship to, constituting a basis for, deriving from or arising from, or in any manner whatsoever pertinent to that subject.

9. **"Document"** is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including, without limitation, electronic or

computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Communication"** or **"communications"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether by writing, oral conversation, conversation by telephone, meeting or any other method. A "communication" shall also include, without limitation, all copies of documents that contain or evidence the same.

## INSTRUCTIONS

1.      These Requests apply to all documents or tangible things in your possession, custody or control, including documents or tangible things in the possession, custody or control of your members, attorneys, agents, accountants and advisors. A document or tangible thing is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you: (1) own such document or tangible thing in whole or in part; (2) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such document or tangible thing on any terms; (3) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or tangible thing on any terms; or (4) as a practical matter, have been able to use, inspect, examine, or copy such document or tangible thing when you sought to do so. If any requested document or tangible thing was, but no longer is, in your control, state the disposition of each such document or tangible thing.

2.      Documents and tangible things shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraphs of the Request to which they are responsive.

-7215420v

3.  All documents and tangible things requested herein shall be produced in their original or native format.

4.  All documents and tangible things requested herein shall be produced in the state in which they currently exist. No document or tangible things requested herein should be altered, deleted, erased, or otherwise modified prior to production.

5.  All Requests for documents shall be deemed to include Requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.  You are to produce all non-identical copies, including the original and all drafts, of each document or tangible thing requested.

7.  The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Requests any documents or tangible thing that might otherwise be construed to be outside their scope.

8.  The use of the singular form of any word includes the plural and vice versa.

9.  If you are unable to answer or respond fully to any Request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

10. In the event that any document is not produced by reason of a claim of privilege, work product, or any other reason, you shall produce as much of the document concerned as to which no claim of privilege is made. In addition, with respect to documents or portions of documents for which a claim of privilege or limitation is made, you are instructed to provide a list setting forth the following: (1) the author or originator of the document; (2) each addressee or recipient of the document or any copy thereof; (3) the date the document bears, or if it bears no

date, the date on which it was made; (4) the title or subject matter of the document and a general description of its contents; (5) the nature of the document (*e.g.*, memorandum, e-mail, chart, etc.); and (6) the basis or bases for the claim of privilege.

11.     Unless otherwise indicated, the relevant time period for these Requests is December 20, 2007 through the present. Each Request shall be deemed continuing so as to require prompt supplementation if you generate, obtain, or discover additional documents or tangible things. If, after responding, you obtain or become aware of any additional documents or tangible things responsive to these Requests, production of such additional documents or tangible things shall be made forthwith.

## DOCUMENTS OR TANGIBLE THINGS REQUESTED

1.     All documents relating to the Company.

2.     All Company-provided computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices.

3.     All computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices

4.     All computers, hard drives, diskettes or other electronic storage media of any type on which any Company information is, was, or may have been stored.

5.     Any hard drive or other removable electronic storage media that were at any time connected to your Company-issued laptop, including but not limited to the Iomega hard drive, SanDisk thumb drive, and two other generic thumb drives used to store data that had resided on your Company-issued laptop.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 3, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James Conlan<br>James B. Bendernagel, Jr.<br>James W. Ducayet<br>Colleen Kenney<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |

6

-7215420v