IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                        Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, et al.,<br><br>                        Plaintiff,<br><br>vs.<br><br>ARDITH HILLIARD<br><br>                        Defendant. | Adv. Pro. No. _____ (KJC) |

**COMPLAINT TO AVOID TRANSFERS PURSUANT
TO 11 U.S.C. §§ 547 AND 548 AND TO RECOVER PROPERTY
TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee") of the debtors and debtors-in-possession (collectively, "Debtors") in the above-captioned Chapter 11 cases (the "Bankruptcy Cases") files this Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Complaint") against Ardith Hilliard ("Defendant"), and alleges as follows:

**NATURE OF THE CASE**

1.     This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by the Debtors during the one-year period prior to the filing of the Debtors' bankruptcy petitions

{698.001-W0011609.}

pursuant to 11 U.S.C. §§ 547 and 550. The Complaint also seeks to recover pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## BACKGROUND

5. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Plaintiff is authorized to commence this suit on behalf of the Debtors' chapter 11 estates.

6. Defendant was an insider as defined by section 101(31) of the Bankruptcy Code at the time of the transaction. The Morning Call, Inc. (the "Transferor") and Tribune Company made one or more payments to the Defendant in the year prior to the Petition Date.

2

{698.001-W0011609.}

## COUNT I
### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

7. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

8. On or within one year before the Petition Date (the "Preference Period"), the Debtors, including the Transferor, continued to operate their business affairs, including by transferring property either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

9. Plaintiff has completed an analysis of all readily available information of the Debtors, including the Transferor, and is seeking to avoid all the transfers of an interest of the Debtors' property made by the Transferor to Defendant within the Preference Period.

10. Plaintiff has determined that the Transferor or Tribune Company made transfers to Defendant during the Preference Period in an amount not less than $70,734.86 (the "Transfers"). Attached as Exhibit A and incorporated by this reference is a list identifying each known Transfer that Plaintiff seeks to avoid and recover in this Complaint.

11. Defendant was a creditor of the Transferor or Tribune Company within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Transfers. At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Transferor or Tribune Company. *See* Exhibit A, which also identifies each known invoice or debt owed to Defendant by the Transferor or Tribune Company and paid by the Transfers sought to be avoided and recovered in this Complaint.

12. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Transferor or Tribune Company to Defendant.

13. The Transfers were for, or on account of, antecedent debts owed by the Transferor or Tribune Company before the Transfers were made. *See* Exhibit A.

14. The Debtors were insolvent when the Transfers were made.

15. As a result of the Transfers, Defendant received more than he or she would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of his or her debts under the provisions of the Bankruptcy Code.

16. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
**(To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

17. Plaintiff reincorporates all preceding paragraphs as if fully re-alleged herein.

18. Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt of Tribune Company and Tribune Company did not receive full credit or payment from the Transferor for making Transfers to Defendant, Tribune Company did not receive reasonably equivalent value in exchange for such Transfers (the "Potentially Fraudulent Transfers"); and

    A. Tribune Company was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer; or

    B. Tribune Company was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Tribune Company was an unreasonably small capital; or

    C. Tribune Company was intended to incur, and believed that it would incur, debts that would be beyond its ability to pay as such debts matured; or

    D. Tribune Company made such Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

19. The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit Transfers were made.

22. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## RESERVATION OF RIGHTS

23. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by any of the Debtors of an interest of any of the Debtors in property to or for the benefit of Defendant or any other transferee and made during the Preference Period. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants,

and/or (v) additional causes of action (for example, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant:

A. That Transfers avoidable under 11 U.S.C. §§ 547 or 548 in the amount of $70,734.86 be avoided;

B. That Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 or 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

D. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

E. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

        F.      Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 4, 2010  
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ J. Landon Ellis_  
Adam G. Landis (No. 3407)  
Richard S. Cobb (No. 3157)  
James S. Green (No. 4406)  
J. Landon Ellis (No. 4852)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife  
David M. LeMay  
Douglas E. Deutsch  
**CHADBOURNE & PARKE LLP**  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369

- and -

Graeme W. Bush  
James Sottile  
Andrew N. Goldfarb  
**ZUCKERMAN SPAEDER LLP**  
1800 M Street, N.W., Suite 1000  
Washington, DC 20036  
Telephone: (202) 778-1800  
Facsimile: (202) 822-8106

*Co-Counsel to the Official Committee of Unsecured Creditors*

# Exhibit A

{698.001-W0011609.}

## TRANSFERS DURING PREFERENCE PERIOD

Defendant: **Ardith Hilliard**
Bankruptcy Case: In Re: Tribune Company, et al., Debtors
Preference Period: December 8, 2007 – December 8, 2008

| Transferor | Form of Transfer/ Check No. | Amount | Date | Basis for Transfer |
|---|---|---|---|---|
| Tribune Company/The Morning Call, Inc. | ACH/3904115 | $70,734.86 | 12/27/2007 | Restricted Stock Units |
| Total | | $70,734.86 | | |

{698.001-W0011450.}