IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY *et al.*,<br><br>Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Adv. No. _____ (KJC) |

**COMPLAINT PURSUANT TO 11 U.S.C. §§ 547 AND 550 TO AVOID TRANSFERS AND TO RECOVER PROPERTY TRANSFERRED**

Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee") of the debtors and debtors-in-possession (collectively, "Debtors") in the above-captioned Chapter 11 cases (the "Bankruptcy Cases") files this Complaint against JPMorgan Chase Bank, N.A. ("Defendant") pursuant to 11 U.S.C. §§ 547 and 550 to avoid transfers and to recover property transferred (the "Complaint") and alleges as follows:

## NATURE OF THE CASE

1. This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by the Debtors in connection with a commercial credit card program described below, during the ninety-day period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C.

2833021.1

§§ 547 and 550. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a)-(j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## BACKGROUND

5. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Plaintiff is authorized to commence this suit on behalf of the Debtors' chapter 11 estates.

6. On information and belief, Defendant received at least eleven (11) payments from Debtor Tribune Company (the "Transferor") on or within ninety (90) days prior to the Petition Date (the "Preference Period").

## COUNT I
### (Avoidance and Recovery of Preference Transfers - 11 U.S.C. §§ 547 and 550)

7. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

8. Plaintiff has determined that the Transferor made transfers to Defendant during the Preference Period in an amount not less than $79,088,012.45 (the "Transfers"), as set forth below:

| Debtor Entity/Transferor | Form of Transfer/ Check No. | Amount | Date |
|---|---|---|---|
| Tribune Company | Wire | $20,948.228.05 | 9/29/2008 |
| Tribune Company | Wire | $20,948.939.57 | 10/29/2008 |
| Tribune Company | Wire | $6,856,454.53 | 10/31/2008 |
| Tribune Company | Wire | $8,260,416.05 | 11/7/2008 |
| Tribune Company | Wire | $3,950,407.63 | 11/14/2008 |
| Tribune Company | Wire | $2,513,311.74 | 11/21/2008 |
| Tribune Company | Wire | $1,464,631.30 | 11/21/2008 |
| Tribune Company | Wire | $3,811,635.55 | 11/28/2008 |
| Tribune Company | Wire | $7,225,897.00 | 12/04/2008 |
| Tribune Company | Wire | $2,000,000[1] | 12/04/2008 |
| Tribune Company | Wire | $1,108.090.03 | 12/05/2008 |

9. Each of the Transfers are of an interest of the Debtor's property, and were made by the Transferor within the Preference Period.

10. On information and belief, each of the Transfers identified in ¶ 10 that Plaintiff seeks to avoid and recover in this Complaint are payments made by the Transferor in connection with its obligations under the First USA Commercial Card Program Master Agreement dated October 18, 1999, as amended (the "Agreement"), a copy of which is attached hereto as **Exhibit B**.[2]

---

[1] This payment was deposited into, and on information and belief, is still held in JPMorgan Chase Bank, N.A. Money Market Account no. 000000806002077 (the "Account"), where it has earned interest. A copy of the Account statement as of October 30, 2009 is attached hereto as **Exhibit A**. As of October 30, 2009, the balance of the Account is $2,007,887.58. Debtor has no access to the Account and asserts recovery of the balance of the entire Account, including any interest earned on the $2,000,000 December 4, 2008 deposit, in this Complaint.

[2] On December 14, 2007, Chase Bank USA, N.A. ("Chase"), an affiliate of Defendant, voluntarily assumed the obligations and stood in the shoes of First USA as set forth in the Agreement. *See* Exhibit B. All Transfers that are the subject of this Complaint were made by the Transferor to Defendant JPMorgan Chase Bank, N.A. on behalf of its affiliate, Chase.

11. Specifically, Defendant, through its affiliate, Chase, provided and serviced a commercial credit card program whereby certain of Transferor's employees were issued credit cards that they used to purchase, in the normal course of business, goods and services for the benefit of the Transferor (the "P-Card Program"). *See* Exhibit B.

12. Accordingly, Defendant was a creditor of the Transferor within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Transfers. At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Transferor in connection with services rendered under the Agreement. *See* Exhibit B.

13. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Transferor to Defendant.

14. The Transfers were for, or on account of, antecedent debts owed by the Transferor before the Transfers were made. *See* ¶ 13; *see also* Exhibit B.

15. The Debtors were insolvent when the Transfers were made. Plaintiff is entitled to the presumption of insolvency for the Transfers made during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f), which includes all Transfers that are the subject of this Complaint.

16. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

17. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

18. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b), and pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## RESERVATION OF RIGHTS

19. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period in connection with the Agreement. It is Plaintiff's intention to avoid and recover all transfers made by any of the Debtors of an interest of any of the Debtors in property to or for the benefit of Defendant or any other transferee and made during the Preference Period. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional preferential transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (for example, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant:

A. Avoiding the Transfers under 11 U.S.C. § 547 in the amount of $79,088,012.45, plus interest;

B. Directing that the Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein, plus any interest accrued in the Account;

D. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

E. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

F.. Granting to Plaintiff such other and further relief as is just.

Dated: December 6, 2010

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, Delaware 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
P. Andrew Torrez
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*