# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| TRIBUNE COMPANY AND WGN CONTINENTAL BROADCASTING COMPANY, | |
| Plaintiffs, | Adversary Proceeding No. 10-_____ (KJC) |
| v. | |
| BODY BY JAKE GLOBAL LLC, | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550

Plaintiffs Tribune Company ("Tribune") and WGN Continental Broadcasting Company (each a "Plaintiff" and together, the "Plaintiffs"), debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their undersigned counsel, file this Complaint against Body By Jake Global LLC (the "Defendant"), and respectfully represent as follows:

### NATURE OF COMPLAINT

1.      This adversary proceeding is brought pursuant to sections 547, 548, and 550 of title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property, to or for the benefit of the Defendant by one or more of the Debtors identified as Plaintiffs herein, during the 90-day period prior to the filing of the Debtors' chapter 11 bankruptcy petitions (the "Preference Period"); and to avoid and recover such transfers to the extent they are fraudulent transfers pursuant to 11 U.S.C. § 548.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (F) and (O).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

5.     Plaintiff Tribune is a Delaware corporation, with its principal place of business located in Chicago, Illinois.  Plaintiff WGN Continental Broadcasting Company is a Delaware corporation, with its principal place of business located in Chicago, Illinois.

6.     On information and belief, the Defendant is a Delaware limited liability company and maintains a place of business located at 11611 San Vicente Boulevard, Suite 515, Los Angeles, CA  90049.

## FACTUAL BACKGROUND

7.     On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries (each a "Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

8.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and orders of the Bankruptcy Court.

9.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.     During the Preference Period, the Debtors continued to operate their business affairs in all respects, including the transfer of property either by checks, ACH, wire

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

transfers, or otherwise to certain transferees.  On or within ninety (90) days prior to the Petition

Date, Plaintiffs made one or more transfers (the "Transfers") to or for the benefit of the

Defendant, as set forth on Exhibit A hereto and incorporated herein by reference.  The Transfers

are in the aggregate amount of not less than $112,500.00.

          11.     The Transfers encompassed a transfer by Plaintiff Tribune to or for the

benefit of the Defendant on behalf of Plaintiff WGN Continental Broadcasting Company and a

corresponding intercompany transfer by Plaintiff WGN Continental Broadcasting Company for

the benefit of the Defendant.

## COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFERS

          12.     The Plaintiffs incorporate all preceding paragraphs as if fully re-alleged

herein.

          13.     Section 547(b) of the Bankruptcy Code renders avoidable any transfer of

an interest of the debtor in property—

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before
           such transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made—

        (A)    on or within 90 days before the date of the filing of the
             petition;

                    *    *    *    *

    (5)    that enables such creditor to receive more than such creditor
           would receive if—

        (A)    the case were a case under chapter 7 of this title;

        (B)    the transfer had not been made; and

(C)     such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

14.     The Transfers on Exhibit A were transfers of an interest of the Plaintiffs in property.

15.     The Transfers were made to or for the benefit of the Defendant.

16.     The Defendant was a creditor of one or more of the Plaintiffs (within the meaning of section 101(10) of the Bankruptcy Code) at the time the Transfers were made, or received the Transfers for the benefit of a creditor of the Plaintiffs.

17.     The Transfers were made to the Defendant on account of an antecedent debt incurred on or before the date(s) specified in Exhibit A owed by one or more of the Plaintiffs to the Defendant before such Transfers were made.

18.     The Transfers were made while the Plaintiffs were insolvent.

19.     The Transfers were made to and/or received by the Defendant on or within ninety (90) days prior to the Petition Date, on the date(s) specified in Exhibit A.

20.     With respect to each of the Transfers, the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) the Defendant received payment of its debt to the extent provided under the provisions of the Bankruptcy Code.

21.     As of the date hereof, the Defendant has not returned the Transfers to the Plaintiffs.

22.     The Plaintiffs are entitled to avoid each of the Transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II: AVOIDANCE OF FRAUDULENT TRANSFERS

23.     Plaintiff Tribune incorporates all preceding paragraphs as if fully re-alleged herein.

24.     Plaintiff Tribune pleads in the alternative that, it the Transfers are determined not to have been on account of antecedent indebtedness, then Plaintiff Tribune did not receive reasonably equivalent value in exchange for the Transfers.  Section 548(a)(1)(B) of the Bankruptcy Code renders avoidable any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

> (i)     received less than a reasonably equivalent value in exchange for such transfer or obligation;

> (ii)   (I)     was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation

> \*     \*     \*     \*

11 U.S.C. § 548(a)(1)(B).

25.     With respect to the Transfers on Exhibit A, (i) such Transfers were made within two years of the Debtors' bankruptcy filing; (ii) were transfers of an interest of Plaintiff Tribune in property; (iii) Plaintiff Tribune received less than a reasonably equivalent value in exchange for such Transfers; and (iv) the Transfers were made while Plaintiff Tribune was insolvent.

26.     As of the date hereof, the Defendant has not returned the Transfers to Plaintiff Tribune.

27.     Plaintiff Tribune is entitled to avoid each of the Transfers pursuant to section 548(a) of the Bankruptcy Code.

## COUNT III: RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS

28.     The Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

29.     Section 550(a) of the Bankruptcy Code provides that to the extent that a transfer is avoided under section 547 or 548, the trustee (or debtor in possession) may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

    (1)    the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (2)    any immediate or mediate transferee of such initial transferee.

30.     Defendant is either the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of the initial transferee.

31.     The Plaintiffs are entitled to recover the value of each of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## COUNT IV: DISALLOWANCE OF CLAIMS

32.     The Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

33.     Section 502(d) of the Bankruptcy Code provides that:

[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

34.     Any claims of the Defendant against the Plaintiffs must be disallowed under section 502(d) of the Bankruptcy Code unless and until the Defendant pays to the Plaintiffs the value of the Transfers.

### PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully requests that the Court enter an order and judgment in favor of the Plaintiffs :

A.     Avoiding each of the Transfers pursuant to 11 U.S.C. §§ 547(b) and 548, as listed on Exhibit A hereto;

B.     Directing the Defendant to pay to the Plaintiffs the full amount of the value of the Transfers pursuant to 11 U.S.C. § 550(a)(1), with pre-and post-judgment interest and costs of suit, reasonable attorneys' fees and costs, to the extent provided by law;

C.     Disallowing any claims of the Defendant against the Plaintiffs pursuant to 11 U.S.C. § 502(d) to the extent the Defendant has not paid the full amount of the value of, or turned over the property that is the subject of, the Transfers; and

D.     Granting such further relief to the Plaintiffs as the Court deems equitable and just.

8

Dated: Wilmington, Delaware
December 6, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Janet E. Henderson
Colleen Kenney
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Patrick J. Reilley
Norman L. Pernick (No. 2290)
Michael F. Bonkowski (No. 2219)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR PLAINTIFFS/DEBTORS AND
DEBTORS IN POSSESSION

**<u>Exhibit A</u>**

**Exhibit A**
**Transfers Made During the 90 Day Preference Period By or on Behalf of: ***
**Tribune Company and WGN Continental Broadcasting Company**
**To or For the Benefit of:**
**Body By Jake Global LLC**

| Invoice # | Invoice Date | Pmt Amount | Pmt Date | Type | Check/ACH # | Basis for Payment ** |
|---|---|---|---|---|---|---|
| 20000 | 9/5/2008 | $ 20,000.00 | 9/11/2008 | EFT | 7700795274 | Original programming |
| 17500 | 9/5/2008 | $ 17,500.00 | 9/12/2008 | EFT | 7700795832 | Original programming |
| 375002 | 9/9/2008 | $ 37,500.00 | 10/3/2008 | EFT | 7700807796 | Original programming |
| 375003 | 9/9/2008 | $ 37,500.00 | 10/23/2008 | EFT | 7700819545 | Original programming |
| **Total Preference Period Transfers** | | **$ 112,500.00** | | | | |

* The Transfers encompassed a transfer by Plaintiff Tribune to the Defendant(s) on behalf of the subsidiary Plaintiff and a corresponding intercompany transfer by the subsidiary Plaintiff for the benefit of the Defendant(s).

** The goods and/or services provided by the Defendant to the Plaintiffs during the Preference Period include but may not be limited to those described in this Exhibit A.