# Exhibit 2

**Black Line Changed Pages Comparing The December 6, 2010 Specific Disclosure Statement To The December 5, 2010 Specific Disclosure Statement**

THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE DEBTOR/COMMITTEE/LENDER PLAN. THIS DEBTOR/COMMITTEE/LENDER DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT YET BEEN APPROVED BY THE BANKRUPTCY COURT. SOLICITATION OF ACCEPTANCE OR REJECTION OF THE DEBTOR/COMMITTEE/LENDER PLAN MAY OCCUR ONLY AFTER THE BANKRUPTCY COURT APPROVES THE JOINT DISCLOSURE STATEMENT.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SPECIFIC DISCLOSURE STATEMENT RELATING TO FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Kerriann S. Mills
One South Dearborn Street; Chicago, IL 60603
Telecopier: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410; Wilmington, DE 19801
Telecopier: (302) 652-3117

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel For the Official Committee of Unsecured Creditors*

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telecopier: (213) 694-1234

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391; Wilmington, Delaware 19899
Telecopier: (302) 571-1253

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue; New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue; New York, New York 10017
Telecopier: (212) 701 5800

RICHARDS LAYTON & FINGER
Mark Collins
One Rodney Square
920 North King Street; Wilmington, Delaware 19801
Telecopier: (302) 651-7701

*Counsel For JPMorgan Chase Bank, N.A.*

**DATED: December [●], 2010**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the following page.

## EXHIBITS TO THE DEBTOR/COMMITTEE/LENDER DISCLOSURE STATEMENT

Exhibit A –  First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.

Exhibit B –  Second Mediation Term Sheet

Exhibit C –  Intercompany Claims Analysis

- Claims against officers, directors, and professionals;
- Claims against EGI-TRB LLC and Sam Zell;
- Claims against the Advisors, including Merrill Lynch, Citigroup Global Markets, Inc., and Valuation Research Corporation; and
- The Morgan Stanley Claims.

With respect to EGI-TRB LLC and Mr. Zell, the Examiner determined that the alleged claims are unlikely to succeed. All Preserved Causes of Action will be transferred to either the Creditors' Trust or the Litigation Trust which will have full authority to pursue all relevant parties, including lenders (including the Senior Lenders themselves in capacities other than those in which they are released), financial advisors, lawyers, shareholders, directors, and officers.

### E. The Trusts.

As noted above, the Debtor/Committee/Lender Plan provides that certain causes of action, defined in the Debtor/Committee/Lender Plan as the "Preserved Causes of Action," will be preserved and transferred to either a Litigation Trust or Creditors' Trust, both of which will be established pursuant to the Debtor/Committee/Lender Plan. The Preserved Causes of Action include the following:[44]

- Disclaimed State Law Avoidance Claims (i.e., any and all LBO-Related Causes of Action arising under state fraudulent conveyance law that the Debtors or the Debtors' Estates could assert pursuant to section 544(b) of the Bankruptcy Code against Step Two Selling Stockholders, solely with respect to funds received in their capacities as such; provided, however, that Disclaimed State Law Avoidance Claims shall not include (i) any claims for intentional fraudulent conveyance, and which are deemed transferred on the Effective Date to the Creditors' Trust by Holders of Claims against the Debtors, unless such Holders has elected to "opt-out" of such assignment; and (ii) any and all LBO-Related Causes of Action arising under state fraudulent conveyance law set forth in count eighteen of the amended complaint filed by the Creditors' Committee on December [●], 2010 in the lawsuit entitled *Official Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al. (In re Tribune Co.)*, Adv. Proc. No. 10-54010 (Bankr. D. Del.) (KJC));[45]
- any and all LBO-Related Causes of Action that the Tribune Entities or the Debtors' Estates may have or are entitled to assert on behalf of their respective estates (whether or not asserted) against the Non-Settling Defendants under any provision of the Bankruptcy Code or any applicable nonbankruptcy law including, without limitation, any and all claims under chapter 5 of the Bankruptcy Code;
- Advisor Claims (i.e. any and all LBO-Related Causes of Action against any Person based upon, arising out of, related to, or in connection with such Person's conduct as an advisor);
- Morgan Stanley Claims (i.e. all claims, rights of action, suits or proceedings, whether in law or in equity, whether known or unknown, and including any and all rights, claims and actions

---

[44] The Preserved Causes of Action do not include any claims, causes of action, suits or proceedings that are settled on or prior to the Effective Date.

[45] For the avoidance of doubt, Disclaimed State Law Avoidance Claims shall not include any LBO-Related Causes of Action arising under state fraudulent conveyance law against any Released Parties

prepetition act, omission, transaction or activity, and all Persons holding discharged Claims or terminated equity Interests are permanently enjoined from pursuing any judicial or non judicial enforcement actions or other proceedings of any kind against the Debtors, Reorganized Debtors or their property on account of such discharged Claims or terminated Interests.

      b.    Releases

         i).    Debtor Released Claims

The Debtor/Committee/Lender Plan provides for the release on the Effective Date of estate claims and causes of action against a limited number of "Released Parties". Specifically, except for the Preserved Causes of Action (i.e. (i) LBO-Related Causes of Action against Non-Settling Defendants, (ii) Advisor Claims, (iii) Morgan Stanley Claims, (iv) objections, claims and causes of action for avoidance and disallowance of Bridge Loan Claims and Bridge Loan Guaranty Claims, (v) claims and causes of action against Non-Settling Step Two Payees for the recovery of prepetition payments on account of Incremental Senior Loans or under the Bridge Loan Agreement and (vi) Disclaimed State Law Avoidance Claims) and as otherwise specified in the Debtor/Committee/Lender Plan, the Reorganized Debtors and any Person seeking to exercise rights of the Debtors' shall, on the Effective Date release, and cause the Subsidiary Non-Debtors to release, the Released Parties from all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action, and liabilities of any nature, including the ~~Released~~ LBO-Related Causes of Action based upon any pre-Effective Date act, omission, transaction event or occurrence in connection with the Debtors, their property, Estates, Chapter 11 Cases, Debtor/Committee/Lender Plan, the Disclosure Statement or Restructuring Transactions.[~~18~~49] The Released Parties are (a) the Debtors, non-Debtor affiliates (including Subsidiary Non-Debtors), the Reorganized Debtors; (b) the current and former Senior Lenders in all capacities except their capacities, if any, as (i) Step Two Selling Stockholders, (ii) Non-Settling Step Two Payees, and (iii) Advisors; (c) the Settling Step Two Payees in all capacities except their capacities, if any, as (i) Step Two Selling Stockholders, (ii) Advisors, and (iii) Bridge Lenders; (d) each of the following, solely in their capacities as such; (i) the Creditors' Committee, (ii) the present and former members of the Creditors' Committee, (iii) the Senior Loan Agent and the Former Bridge Loan Agent, (iv) the Step One Selling Stockholders, (v) the Released Step Two Stockholder Parties, (vi) the Proponents; and (e) Related Persons to each of the foregoing parties to the extent provided in the Debtor/Committee/Lender Plan.

         ii).    Holder Released Claims.

The Debtor/Committee/Lender Plan also provides for consensual releases on the Effective Date of the Released Parties by Persons who elect to provide such releases, of all pre-Effective Date claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action, and liabilities of any nature, including the LBO-Related Causes of Action, in connection with the Debtors, their assets, property, Estates, Chapter 11 Cases, Debtor/Committee/Lender Plan, Disclosure Statement or Restructuring Transactions ("Holder Released Claims"). Specifically, except as otherwise provided in the Debtor/Committee/Lender Plan or Confirmation Order, on the Effective Date, each Holder of a Claim or Interest that (a) has voted to accept the Debtor/Committee/Lender Plan and has not opted out of granting the releases, (b) has voted to reject the Debtor/Committee/Lender Plan but has opted to grant the releases, ~~or (c)~~ (c) is deemed to accept the Debtor/Committee/Lender Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) otherwise agrees to provide the releases shall be deemed to have released each of the Released Parties from the Holder Released Claims. The consensual release of Holder Released Claims shall not be construed as a release of the Preserved Causes

---

[~~18~~49] With the exception of the Released LBO-Related Causes of Action, Section 11.2.1 of the Debtor/Committee/Lender Plan does not release any party from liability to the Debtors and the Estates for actions or omissions constituting willful misconduct or gross negligence as determined by a Final Order.