### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Cases No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, <u>et al.</u>, | Adv. Pro. No. _____ (KJC) |
| Plaintiff, | |
| vs. | |
| PAUL, HASTINGS, JANOFSKY & WALKER LLP | |
| Defendant. | |

### COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 548 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee") of the debtors and debtors-in-possession (collectively, "Debtors") in the above-captioned Chapter 11 cases (the "Bankruptcy Cases") files this Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Complaint") against Paul, Hastings, Janofsky & Walker LLP ("Defendant"), and alleges as follows:

### NATURE OF THE CASE

1.     This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by

{698.001-W0011676.}

the Debtors during the 90-day period prior to the filing of the Debtors' bankruptcy petitions (the "Preference Period") pursuant to 11 U.S.C. §§ 547 and 550. The Complaint also seeks to recover pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

4.     This adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## BACKGROUND

5.     On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Plaintiff is authorized to commence this suit on behalf of the Debtors' chapter 11 estates.

6.     On or within ninety (90) days prior to the Petition Date, Tribune Company, Tribune Publishing Company and/or Tribune California Properties, Inc. (Tribune Publishing Company and Tribune California Properties, Inc., the "Transferors") made one or

2

more transfers to the Defendant totaling $637,772.31 (the "Transfers"). Specifically, Tribune Company made payments totaling $459,570.52 on account of invoices for work performed by the Defendant for Tribune Company (the "Tribune Transfers"). The Transferors and Tribune Company made payments totaling $178,201.79 on account of invoices for work performed by the Defendant for the Transferors (the "Subsidiary Transfers"). Attached as Exhibit A and incorporated by this reference is a list identifying each known Transfer that Plaintiff seeks to avoid and recover in this Complaint.

## COUNT I
### (Avoidance of Tribune Transfers - 11 U.S.C. § 547)

7.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

8.      During the Preference Period, the Debtors, including the Transferors, continued to operate their business affairs, including by transferring property either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

9.      Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

10.     Defendant was a creditor of Tribune Company within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Tribune Transfers. At the time of Tribune Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by Tribune Company. *See* Exhibit A, which also identifies each known invoice or debt owed to Defendant by Tribune Company and paid by the Tribune Transfers sought to be avoided and recovered in this Complaint.

11.    The Tribune Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Tribune Transfers either reduced or fully satisfied a debt then owed by Tribune Company to Defendant.

12.    The Tribune Transfers were for, or on account of, antecedent debts owed by Tribune Company before the Transfers were made. *See* Exhibit A.

13.    The Debtors were insolvent when the Tribune Transfers were made. Plaintiff is entitled to the presumption of insolvency for the Tribune Transfers made during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

14.    As a result of the Transfers, Defendant received more than he or she would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of his or her debts under the provisions of the Bankruptcy Code.

15.    In accordance with the foregoing, the Tribune Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Avoidance of Subsidiary Transfers - 11 U.S.C. § 547)**

16.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

17.    Defendant was a creditor of the Transferors or Tribune Company within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Subsidiary Transfers. At the time of the Subsidiary Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Transferors or Tribune Company. *See* Exhibit A, which also identifies each known invoice or debt owed to Defendant by the Transferors or Tribune Company and paid by the Transfers sought to be avoided and recovered in this Complaint.

4

18.     The Subsidiary Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Subsidiary Transfers either reduced or fully satisfied a debt then owed by the Transferors or Tribune Company to Defendant.

19.     The Subsidiary Transfers were for, or on account of, antecedent debts owed by the Transferors or Tribune Company before the Subsidiary Transfers were made. *See* Exhibit A.

20.     The Debtors were insolvent when the Subsidiary Transfers were made. Plaintiff is entitled to the presumption of insolvency for the Subsidiary Transfers made during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

21.     As a result of the Subsidiary Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

22.     In accordance with the foregoing, the Subsidiary Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

### COUNT III
### (To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))

23.     Plaintiff reincorporates all preceding paragraphs as if fully re-alleged herein.

24.     Plaintiff pleads in the alternative that to the extent one or more of the Subsidiary Transfers were not on account of an antecedent debt of Tribune Company and Tribune Company did not receive full credit or payment from the Transferors for making the Subsidiary Transfers to Defendant, Tribune Company did not receive reasonably equivalent value in exchange for such Subsidiary Transfers (the "Potentially Fraudulent Transfers"); and

5

A. Tribune Company was insolvent on the date that the Subsidiary Transfers were made or became insolvent as a result of the Transfer; or

B. Tribune Company was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Tribune Company was an unreasonably small capital; or

C. Tribune Company was intended to incur, and believed that it would incur, debts that would be beyond its ability to pay as such debts matured; or

D. Tribune Company made such Subsidiary Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

25.     The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT IV
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

26.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

27.     Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit Transfers were made.

28.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

{698.001-W0011676.}

## RESERVATION OF RIGHTS

29.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by any of the Debtors of an interest of any of the Debtors in property to or for the benefit of Defendant or any other transferee and made during the Preference Period. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (for example, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant:

A.     That Transfers avoidable under 11 U.S.C. §§ 547 or 548 in the amount of $637,772.31 be avoided;

B.     That Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 or 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C.     Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

D.     Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

{698.001-W0011676.}

E.    Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

F.    Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 7, 2010
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

*Co-Counsel to the Official Committee of Unsecured Creditors*

{698.001-W0011676.}

# Exhibit A

TRANSFERS DURING PREFERENCE PERIOD

Defendant:
Bankruptcy Case:
Preference Period:

PAUL, HASTINGS, JANOFSKY & WALKER LLP
In Re: Tribune Company, et al., Debtors
December 8, 2007 – December 8, 2008

| Debtor Entity/Transferor | Invoice No. | Date | Form of Transfer/ Check No. | Amount | Basis for Transfer |
|---|---|---|---|---|---|
| Tribune Company/Tribune California Properties, Inc. | 1720510 | 9/11/2008 | EFT/7700795255 | $332.10 | Services |
| Tribune Company | 1720513 | 9/11/2008 | EFT/7700795462 | $8,190.00 | Services |
| Tribune Company | 1720512 | 9/11/2008 | EFT/7700795462 | $7,257.56 | Services |
| Tribune Company | 1720511 | 9/11/2008 | EFT/7700795462 | $2,366.05 | Services |
| Tribune Company/Tribune Publishing Company | 1720514 | 9/12/2008 | EFT/7700795469 | $116,197.65 | Services |
| Tribune Company/Tribune Publishing Company | 1738181 | 11/17/2008 | EFT/7700831829 | $21,417.50 | Services |
| Tribune Company/Tribune Publishing Company | 1738179 | 11/17/2008 | EFT/7700831829 | $19,760.91 | Services |
| Tribune Company/Tribune Publishing Company | 1729673 | 11/17/2008 | EFT/7700831829 | $11,786.44 | Services |
| Tribune Company/Tribune Publishing Company | 1729671 | 11/17/2008 | EFT/7700831829 | $1,068.23 | Services |
| Tribune Company/Tribune California Properties, Inc. | 1729672 | 11/17/2008 | EFT/ 7700832027 | $3,728.70 | Services |
| Tribune Company/Tribune California Properties, Inc. | 1738180 | 11/17/2008 | EFT/ 7700832027 | $3,040.20 | Services |
| Tribune Company/Tribune California Properties, Inc. | 1729668 | 11/17/2008 | EFT/ 7700832027 | $664.86 | Services |

{698.001-W0011680.}

| | | | | | |
|---|---|---|---|---|---|
| Tribune Company/Tribune California Properties, Inc. | 1738177 | 11/17/2008 | EFT/ 7700832027 | $205.20 | Services |
| Tribune Company | 1729670 | 11/17/2008 | EFT/ 7700832113 | $9,680.40 | Services |
| Tribune Company | 1738200 | 11/17/2008 | EFT/ 7700832113 | $7,256.25 | Services |
| Tribune Company | 1729669 | 11/17/2008 | EFT/ 7700832113 | $3,689.75 | Services |
| Tribune Company | 1724592 | 11/17/2008 | EFT/ 7700832113 | $3,305.88 | Services |
| Tribune Company | 1720515 | 11/17/2008 | EFT/ 7700832113 | $2,670.75 | Services |
| Tribune Company | 1738178 | 11/17/2008 | EFT/ 7700832113 | $2,390.65 | Services |
| Tribune Company | 1738201A | 11/17/2008 | EFT/ 7700832121 | $24,168.85 | Services |
| Tribune Company | 1729674 | 11/17/2008 | EFT/ 7700832121 | $19,580.60 | Services |
| Tribune Company | 1729675 | 12/3/2008 | EFT/ 7700841743 | $52,605.03 | Services |
| Tribune Company | 1742979A | 12/4/2008 | EFT/ 7700842419 | $190,406.50 | Services |
| Tribune Company | 1742631 | 12/4/2008 | EFT/ 7700842419 | $38,837.00 | Services |
| Tribune Company | 1742633 | 12/4/2008 | EFT/ 7700842419 | $31,758.80 | Services |
| Tribune Company | 1742624A | 12/4/2008 | EFT/ 7700842419 | $22,151.70 | Services |
| Tribune Company | 1742632 | 12/4/2008 | EFT/ 7700842419 | $11,615.80 | Services |
| Tribune Company | 1742625 | 12/4/2008 | EFT/ 7700842419 | $11,324.95 | Services |

| Tribune Company | 1742623A | 12/4/2008 | EFT/ 7700842419 | $6,853.05 | Services |
| Tribune Company | 1742630 | 12/4/2008 | EFT/ 7700842419 | $2,326.50 | Services |
| Tribune Company | 1742622 | 12/4/2008 | EFT/ 7700842419 | $1,134.45 | Services |
| **Total** | | | | **$637,772.31** | |