# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY *et al.*,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY *et al.*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., MERRILL LYNCH CAPITAL CORPORATION, and other LBO LENDER PREFERENCE DEFENDANTS as identified on Exhibit G hereto,<br><br>　　　　　　　　　　　Defendants. | Adv. No. 10-_____ (KJC) |

## COMPLAINT PURSUANT TO 11 U.S.C. §§ 547 AND 550 TO AVOID TRANSFERS AND TO RECOVER PROPERTY TRANSFERRED

Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee") of the debtors and debtors-in-possession (collectively, "Debtors") in the above-captioned Chapter 11 cases (the "Bankruptcy Cases") files this Complaint against the parties listed on Exhibit G hereto (collectively, the "LBO Lender Preference Defendants") pursuant to 11 U.S.C. §§ 547 and 550 to avoid transfers and to recover property transferred (the "Complaint") and alleges as follows:

### NATURE OF THE CASE

1.　　This Complaint seeks to avoid and recover from the LBO Lender Preference Defendants, or from any other person or entity for whose benefit the transfers were

made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of the LBO Lender Preference Defendants by the Debtors during the ninety-day period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C. §§ 547 and 550. To the extent that the LBO Lender Preference Defendants have filed a proof of claim or have a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or have otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a)-(j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## BACKGROUND

5. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Plaintiff is authorized to commence this suit on behalf of the Debtors' chapter 11 estates.

6. Defendant JPMorgan Chase Bank, N.A. ("JPMCB"), an LBO Lender Preference Defendant, on its own behalf and in its capacity as agent under the $8.028 billion Credit Agreement, dated as of May 17, 2007, by and among Tribune Company, certain lenders

and other parties thereto (the "Senior Credit Facility") received $143,330,719 from Debtor Tribune Company (the "Transferor") on or within ninety (90) days prior to the Petition Date (the "Preference Period").  The dates and amounts of the payments comprising the $143,330,719 transferred by Transferor to JPMCB are set forth in Exhibit F hereto.

7. Defendant Merrill Lynch Capital Corporation ("MLCC"), an LBO Lender Preference Defendant, on its own behalf and in its capacity as agent under the $1.6 billion Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, by and among Tribune Company, certain lenders and other parties thereto ("Bridge Facility," together with the Senior Credit Facility, the "LBO Loans"), received $35,121,703 from the Transferor during the Preference Period.  The dates and amounts of the payments comprising the $35,121,703 transferred by Transferor to MLCC are set forth in Exhibit F hereto.

8. The LBO Lender Preference Defendants, who include JPMCB and MLCC, were lenders that participated as lenders under either or both of the LBO Loans.  On information and belief, JPMCB and MLCC, in their respective capacities as agents under the Senior Credit Facility and the Bridge Facility, made payments to the LBO Lender Preference Defendants of amounts they had received from the Transferor during the Preference Period on the dates and in the amounts set out on Exhibit F hereto.

### COUNT I
**(Avoidance and Recovery of Preference Transfers - 11 U.S.C. §§ 547 and 550)**

9. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

10. Plaintiff has determined that the Transferor made transfers to the LBO Lender Preference Defendants during the Preference Period in an amount totaling $178,452,422 (the "Transfers"), as set forth on Exhibit F hereto.

11. Each of the Transfers is of an interest of the Transferor's property, and was made by the Transferor within the Preference Period.

12. On information and belief, each of the Transfers identified on Exhibit F that Plaintiff seeks to avoid and recover in this Complaint is a payment made by the Transferor in connection with its obligations arising under, in connection with, or as a result of the LBO Loans.

13. Specifically, the LBO Lender Preference Defendants participated in one or both of the LBO Loans for the benefit of the Transferor.

14. Accordingly, each LBO Lender Preference Defendant was a creditor of the Transferor within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Transfers. At the time of the Transfers, each LBO Lender Preference Defendants had a right to payment on account of an obligation owed to such LBO Lender Preference Defendant by the Transferor in connection with the LBO Loans.

15. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Transferor to the LBO Lender Preference Defendants.

16. The Transfers were for, or on account of, antecedent debts owed by the Transferor before the Transfers were made. *See* ¶ 14.

17. The Debtors were insolvent when the Transfers were made. Plaintiff is entitled to the presumption of insolvency for the Transfers made during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f), which includes all Transfers that are the subject of this Complaint.

18. As a result of the Transfers, each of the LBO Lender Preference Defendants received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the LBO Lender Preference Defendant received payment of its debts under the provisions of the Bankruptcy Code.

19. Each LBO Lender Preference Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

20. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b), and pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from the LBO Lender Preference Defendants, plus interest thereon to the date of payment and the costs of this action.

## RESERVATION OF RIGHTS

21. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the LBO Lender Preference Defendants during the Preference Period in connection with the LBO Loans.  It is Plaintiff's intention to avoid and recover all transfers made by any of the Debtors of an interest of any of the Debtors in property to or for the benefit of an LBO Lender Preference Defendants or any other transferee and made during the Preference Period.  Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional preferential transfers, (iii) modifications of and/or revision to names of the LBO Lender Preference Defendants, (iv) additional defendants, and/or (v) additional causes of action (for example, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) (collectively, the "Amendments"),

that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants:

A. Avoiding the Transfers under 11 U.S.C. § 547 in the amount of $178,452,422, plus interest;

B. Directing that the Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein, plus any interest accrued in the Account;

D. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

E. Requiring the LBO Lender Preference Defendants to pay forthwith the judgment amount awarded in favor of Plaintiff; and

F.. Granting to Plaintiff such other and further relief as is just.

Dated: December 8, 2010

**ZUCKERMAN SPAEDER LLP**

　　　/s/ Thomas G. Macauley　　　
Thomas G. Macauley  (ID No. 3411)
919 Market Street, Suite 990
Wilmington, Delaware 19801
Telephone:  (302) 427-0400
Facsimile:  (302) 427-8242

- and -

2839729.1

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*