## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TRIBUNE COMPANY *et al.*, | : | Case No. 08-13141 (KJC) |
| | : | Jointly Administered |
| .            Debtors. | : | |
| | : | **Hearing Date: 1/13/11 @ 1:00 p.m.** |
| | : | **Objections Due: 1/6/11 @ 4:00 p.m.** |
| ———————————————————————— | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS, on behalf of the Debtors' Estates, | : | |
| | : | |
| Plaintiff, | : | |
| | . | Adv. No. 10-53963 (KJC) |
| v. | : | |
| JPMORGAN CHASE BANK, N.A. *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION TO AMEND FIRST AMENDED COMPLAINT

Plaintiff, the Official Committee of Unsecured Creditors of the Tribune Company

("Committee"), by and through its undersigned special counsel, on behalf of and as the

representative of the bankruptcy estates of the Debtors,[1] hereby seeks leave to amend its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times

First Amended Complaint (the "Amended Complaint"), filed December 7, 2010, by substituting amended versions of Exhibits F and G to the Amended Complaint, and represents as follows:

## BACKGROUND

1.    On October 27, 2010, the Court granted the Committee standing on behalf of the Debtors' estates to commence, prosecute and settle claims and counterclaims arising out of or in connection with the Debtors' 2007 leveraged buyout transaction ("LBO").

2.    On November 1, 2010, the Committee filed a complaint (the "Original Complaint") to initiate the above-captioned adversary proceeding (Adv. Pro. No. 10-53963).  Among the claims in the Original Complaint was a preference claim (Count

Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Nine) to recover payments (the "LBO Preference Payments") made to (i) JPMorgan Chase Bank, N.A. ("JPMCB"), as agent on the Senior Credit Facility, (ii) Merrill Lynch Capital Corporation ("MLCC"), as agent on the Bridge Facility (together with the Senior Credit Facility, the "LBO Loans"), and (iii) lenders participating in the LBO Loans (the "LBO Lender Preference Defendants"), on or within the 90 days prior to the commencement of the Debtors' chapter 11 cases on December 8, 2007 (the "Preference Period"). The identified payments included both LBO Preference Payments and other transfers.

3.      The Original Complaint included Exhibit F, which identified the LBO Preference Payments, and Exhibit G, which listed the LBO Lender Preference Defendants.

4.      The Original Complaint also sought recovery of the transfers constituting the LBO Preference Payments via other legal theories in Counts One through Five and Seven.

5.      Yesterday, December 7, 2010, the Committee filed the Amended Complaint.  With minor amendments, the Committee asserted in Count Eight of the Amended Complaint the same preference claim that was Count Nine in the Original Complaint.  Like the Original Complaint, Counts One through Six of the Amended Complaint seeks recovery of the transfers constituting the LBO Preference Payments under a variety of other legal theories, including fraudulent conveyance.

6.      Along with the Amended Complaint, the Committee filed modified versions of Exhibits F and G.  However, due to clerical error, the version of Exhibit G filed did not include all entities that received LBO Preference Payments, although all

3

such entities were named in the Original Complaint and Amended Complaint among the "LBO Lender Disgorgement Defendants" (listed on Exhibit D to the Original Complaint and Amended Complaint) against whom Counts One through Five and Seven were asserted. In addition, while Exhibit F provided specificity as to the LBO Preference Payments made to JPMCB and MLCC as agents, the Committee wishes to provide additional specificity as to the LBO Preference Payments transferred to the LBO Lender Preference Defendants.

7. The proposed amended Exhibit F is attached hereto and sets forth all LBO Preference Payments known to the Committee at this time, including LBO Preference Payments transferred by JPMCB and MLCC to the other LBO Lender Preference Defendants. The proposed amended Exhibit G is attached hereto and identifies the LBO Lender Preference Defendants. The Committee has separately filed such corrected Exhibits F and G as substitutes for the incorrect versions filed yesterday. This correction of the filing of incorrect versions of Exhibits F and G plainly cannot prejudice any party in the circumstances. Nonetheless, out of an abundance of caution, the Committee files this Motion to Amend.

## BASIS FOR RELIEF

8. The Committee brings this motion out of an abundance of caution to avoid any question that all valuable claims of Debtors' estates have been preserved.[2] In both the Original and Amended Complaints, the Committee has sued all of the LBO Lender

---

[2] Out of the same abundance of caution, the Committee is also filing today, December 8, a separate preference action against the LBO Lender Preference Defendants to recover the LBO Preference Payments. Should the Court grant the instant motion, the Committee will consolidate or dismiss the separate preference action.

Preference Defendants to recover all of the transfers constituting the LBO Preference Payments on a variety of legal theories.

9.      <u>Exhibit F.</u>  All the amounts covered by the proposed amended Exhibit F are covered by Exhibit F in the Amended Complaint and are the subject of other claims in the Amended Complaint.   Exhibit F to the Amended Complaint lists considerable information about the LBO Preference Payments made initially to JPMCB and MLCC, including the date, amount, and purpose.   In the proposed amended Exhibit F, the Committee seeks to provide additional information by specifying the amounts of the LBO Preference Payments that JPMCB and MLCC, respectively, subsequently distributed to each LBO Lender Preference Defendant.

10.      <u>Exhibit G.</u>  Each of the entities the Committee seeks to add as an LBO Lender Preference Defendant is already named as a defendant in other counts in the Amended Complaint.   Indeed, each of such entities was named as a defendant in the Original Complaint.   By this Motion, the Committee simply seeks to substitute the correct exhibit listing LBO Lender Preference Defendants for the incorrect exhibit filed due to clerical error.

11.      The proposed amendments plainly relate back to the date of the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure,.  Under Rule 15(c), an amendment relates back when the amendment asserts a claim "that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."   Fed. R. Civ. P. 15(c)(1)(B).   As explained above, all the payments constituting the LBO Preference Payments identified in the proposed amended Exhibit F occurred as a result of and in connection with the LBO that is at the heart of this

adversary proceeding.  The Committee, via avoidance claims and other claims (in both the Original and Amended Complaints), seeks avoidance and recovery of these amounts from all defendants identified on the proposed amended Exhibit G, including those defendants omitted from the version of Exhibit G filed with the Amended Complaint because, as alleged, obligations incurred by the Debtors on the LBO Loans, and the transfers of principal and interests payments on those loans (including the LBO Preference Payments), rendered the Debtors insolvent, left the Debtors on the brink of insolvency, and/or occurred at time when the Debtors were insolvent.  The preference claim against those defendants omitted from Exhibit G by clerical error plainly arises from the same conduct, transaction or occurrence set out in the Amended Complaint and therefore relates back to the date of the Amended Complaint.  The proposed amended Exhibit F simply provides additional information about the LBO Preference Payments beyond that in Exhibit F to the Amended Complaint and therefore relates back to the date of the Amended Complaint.

12.    In addition, an amendment relates back when (as shown above) Rule 15(c)(1)(B) is satisfied and "if, within the period provide by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. 15(c)(1)(C).  As this action is stayed upon filing, the Rule 4(m) period has not run, the Committee has not yet served any party with either the Original or Amended Complaint, and all of the LBO Preference

Disgorgement Defendants are already named as defendants in this action, no party has suffered or could suffer prejudice from the sought amendments.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant the instant motion, authorize the filing of the amended Exhibits F and G, and find that the amendments relate back to the date of filing of the Amended Complaint.

Respectfully submitted,

Dated:  December 8, 2010                     ZUCKERMAN SPAEDER LLP


         /s/ Thomas G. Macauley
Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE  19801
Telephone:  (302) 427-0400
Facsimile:  (302) 427-8242

Graeme W. Bush, Esquire
James Sottile, Esquire
Andrew N. Goldfarb, Esquire
1800 M Street, N.W., Suite 1000
Washington, DC  20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

Special Counsel to the Official Committee
of Unsecured Creditors