# EXHIBIT B

## MASTER BALLOTS

<u>Master Ballot for Senior Noteholder Claims</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS
## OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT
## <u>PLANS OF REORGANIZATION FOR TRIBUNE COMPANY</u>

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JANUARY 28, 2011 AT 4:00 P.M. EASTERN TIME (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (7256); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Notes issued by Tribune Company, to transmit the votes of such Beneficial Owners in respect of their Senior Noteholder Claims to vote to accept or reject the plans of reorganization for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such plans. Capitalized terms used in this Master Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Master Ballot or, where applicable, in the relevant plan of reorganization.

The following chapter 11 plans have been proposed for the Debtors:

- First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 7050] (the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 7073] (the "Noteholder Plan");

- First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 7119] (the "Step One Lender Plan"); and

- Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 7089] (the "Bridge Lender Plan").

These plans of reorganization are referred to in this Master Ballot as the "Plans".

The Voting Instructions attached to this Master Ballot provide detailed, step-by-step instructions for completing the Master Ballot.

The proponents of each of the Plans have prepared Responsive Statements that are part of this Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plans and the classification and treatment of the Senior Noteholder Claims under each of the Plans.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |

2

| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plans from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Consolidated Ballots and Election Forms. For each completed, executed Consolidated Ballot or Election Form returned to you by a Beneficial Owner, you must retain a copy of such Consolidated Ballot or Election Form in your files for at least one (1) year from the Voting Deadline.

PRIOR TO COMPLETING THIS MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of December 6, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐ is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐ has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject each of the Plans and (2) make the elections called for pursuant to each of the Plans, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances/Rejections.** The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Consolidated Ballots to the undersigned (or such information was derived from Consolidated Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **Accept or Reject** the following Plans:

3

| Plans | Class Description | Total Number of Holders Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject | Total Number of Holders Ranking Plan | Total Aggregate Unpaid Principal Ranking Plan |
|---|---|---|---|---|---|---|---|
| Debtor/Committee/ Lender Plan | Class 1E | | $_____ | | $_____ | # 1: _____<br>#2: _____<br>#3: _____<br>#4: _____ | # 1: $_____<br>#2: $_____<br>#3: $_____<br>#4: $_____ |
| Noteholder Plan | Class 1F | | $_____ | | $_____ | # 1: _____<br>#2: _____<br>#3: _____<br>#4: _____ | # 1: $_____<br>#2: $_____<br>#3: $_____<br>#4: $_____ |
| Step One Lender Plan | Class 1E | | $_____ | | $_____ | # 1: _____<br>#2: _____<br>#3: _____<br>#4: _____ | # 1: $_____<br>#2: $_____<br>#3: $_____<br>#4: $_____ |
| Bridge Lender Plan | Class 1F | | $_____ | | $_____ | # 1: _____<br>#2: _____<br>#3: _____<br>#4: _____ | # 1: $_____<br>#2: $_____<br>#3: $_____<br>#4: $_____ |

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL CONSOLIDATED BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Consolidated Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

4

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Principal Amount of Senior Notes Voting | Debtor/Committee/ Lender Plan | | | Noteholder Plan | | | Step One Lender Plan | | | Bridge Lender Plan | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking |
| 1. | $ | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — |
| 2. | $ | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — |
| 3. | $ | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — |
| 4. | $ | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — |
| 5. | $ | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — | ☐ | ☐ | — |
| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Principal Amount of Senior Notes Voting | Check if the Beneficial Owner voted to reject the Debtor/ Committee/Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/Lender Plan. | | | Check if the Beneficial Owner voted to accept the Debtor/ Committee/Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.2.2 of the Debtor/ Committee/Lender Plan. | | | Check if the Beneficial Owner voted to reject the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. | | | Check if the Beneficial Owner voted to accept the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. | | |
| 1. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 2. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 3. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 4. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 5. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |

**USE ADDITIONAL SHEETS IF NECESSARY.**

5

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5(e) of each Consolidated Ballot received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 5 of the Consolidated Ballots regarding other Consolidated Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5(e) of the Consolidated Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 – CERTIFICATION.** By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order and a Consolidated Ballot for voting its Claim on the Plans; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plans and make the elections called for therein; (c) it received a properly completed and signed Consolidated Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Consolidated Ballots received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plans is subject to all the terms and conditions set forth in the Solicitation Order, dated December 9, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

6

_____

City, State and Zip Code

_____

Telephone Number

_____

Email

_____

Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JANUARY 28, 2011 AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **January 28, 2011** at 4:00 p.m. Eastern Time.  To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[2]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Consolidated Ballot and Election Form to such Beneficial Owner(s), along with the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order, the Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Consolidated Ballot and (b) return the completed, executed Consolidated Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Consolidated Ballots and Election Forms returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject each of the Plans in Item 2;

    iii.    Transcribe the votes from the Consolidated Ballots in Item 2 and indicate the following in Item 3:

        a.  whether each Beneficial Owner voted to accept or reject each of the Plans;

        b.  whether each Beneficial Owner checked a box in Item 3 to rank the Plans and in which order the Beneficial Owner ranked the Plans;

        c.  in the case of any Beneficial Owners that voted to reject the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        d.  in the case of any Beneficial Owners that voted to accept the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;

        e.  in the case of any Beneficial Owners that voted to reject the Step One Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.3.2 of the Step One Lender Plan; and

        f.  in the case of any Beneficial Owners that voted to accept the Step One Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED CONSOLIDATED BALLOTS THAT ATTEMPT TO PARTIALLY ACCEPT

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Joint Instructions or, where applicable, in the relevant Plan.

AND PARTIALLY REJECT ANY PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THAT PLAN. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT EACH OF THE PLANS (OR ABSTAIN FROM VOTING THEREON). IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

   iv.    Transcribe from Item 5(e) of each Consolidated Ballot the information provided by the Beneficial Owners into Item 4 of the Master Ballot;

   v.     Review the certification in Item 5 of the Master Ballot;

   vi.    Ensure that each Consolidated Ballot is signed and each certification is complete;

   vii.   Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

   viii.  If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

   ix.    Sign, date, and return the original Master Ballot.

   You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Consolidated Ballot returned to you by a Beneficial Owner in your files for at least one (1) year from the Voting Deadline.

   Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

   For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject each of the Plans in the same proportion as the votes to accept and reject each of the Plans submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote on any of the Plans may be withdrawn without the prior consent of the Proponents of the relevant Plan.

PLEASE NOTE:

   This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and to make certain elections called for therein. Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Consolidated Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot.

No Consolidated Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and Election Forms and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

Master Ballot for PHONES Notes Claims

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JANUARY 28, 2011 AT 4:00 P.M. EASTERN TIME (THE "VOTING DEADLINE"), THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdco, LLC (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

**THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims issued by Tribune Company, to transmit the votes of such Beneficial Owners in respect of their PHONES Notes Claims to vote to accept or reject the plans of reorganization for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such plans. Capitalized terms used in this Master Ballot but not defined herein have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Master Ballot or, where applicable, in the relevant plan of reorganization.

The following chapter 11 plans have been proposed for the Debtors:

- First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 7050] (the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 7073] (the "Noteholder Plan");

- First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 7119] (the "Step One Lender Plan"); and

- Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 7089] (the "Bridge Lender Plan").

These plans of reorganization are referred to in this Master Ballot as the "Plans".

The Voting Instructions attached to this Master Ballot provide detailed, step-by-step instructions for completing the Master Ballot.

The proponents of each of the Plans have prepared Responsive Statements that are part of the Solicitation Package. The Responsive Statements describe the proponents' views of the other Plans.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plans and the classification and treatment of the PHONES Notes Claims under each of the Plans.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

2

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

    Votes to accept or reject the Plans from the Beneficial Owners of PHONES Notes Claims, and accompanying elections, will be returned to you on Consolidated Ballots and Election Forms. For each completed, executed Consolidated Ballot or Election Form returned to you by a Beneficial Owner, you must retain a copy of such Consolidated Ballot or Election Form in your files for at least one (1) year from the Voting Deadline.

    PRIOR TO COMPLETING THIS MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of December 6, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐    is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below that are the registered holders of such PHONES Notes; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐    has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject each of the Plans and (2) make the elections called for pursuant to each of the Plans, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

    **Acceptances/Rejections.** The Beneficial Owners of PHONES Notes in the following aggregate unpaid principal amounts have delivered duly completed Consolidated Ballots to the undersigned (or such information was derived from Consolidated Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **Accept or Reject** the following Plans:

| Plans | Class Description | Total Number of Holders Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject | Total Number of Holders Ranking Plan | Total Aggregate Unpaid Principal Ranking Plan |
|---|---|---|---|---|---|---|---|
| Debtor/Committee/ Lender Plan | Class 1J | | $\_\_\_\_\_ | | $\_\_\_\_\_ | # 1: \_\_\_\_\_ | # 1: $\_\_\_\_\_ |

| | | | | | | #2: _____ | #2: $_____ |
|---|---|---|---|---|---|---|---|
| | | | | | | #3: _____ | #3: $_____ |
| | | | | | | #4: _____ | #4: $_____ |
| Noteholder Plan | Class 1I | | $_____ | | $_____ | # 1: _____ | # 1: $_____ |
| | | | | | | #2: _____ | #2: $_____ |
| | | | | | | #3: _____ | #3: $_____ |
| | | | | | | #4: _____ | #4: $_____ |
| Step One Lender Plan | Class 1J | | $_____ | | $_____ | # 1: _____ | # 1: $_____ |
| | | | | | | #2: _____ | #2: $_____ |
| | | | | | | #3: _____ | #3: $_____ |
| | | | | | | #4: _____ | #4: $_____ |
| Bridge Lender Plan | Class 1I | | $_____ | | $_____ | # 1: _____ | # 1: $_____ |
| | | | | | | #2: _____ | #2: $_____ |
| | | | | | | #3: _____ | #3: $_____ |
| | | | | | | #4: _____ | #4: $_____ |

**Item 3- TRANSMITTAL OF VOTES FROM INDIVIDUAL CONSOLIDATED BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Consolidated Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

4

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Principal Amount of PHONES Notes Voting | Debtor/Committee/Lender Plan | | | Noteholder Plan | | | Step One Lender Plan | | | Bridge Lender Plan | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking | Voted to ACCEPT the Plan | Voted to REJECT the Plan | Ranking |
| 1. | $ | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | |
| 2. | $ | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | |
| 3. | $ | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | |
| 4. | $ | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | |
| 5. | $ | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | | ☐ | ☐ | |

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plans | Principal Amount of PHONES Notes Voting | Debtor/Committee/Lender Plan | | | Noteholder Plan | | | Step One Lender Plan | | | Bridge Lender Plan | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Check if the Beneficial Owner voted to reject the Debtor/Committee/Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. | | | Check if the Beneficial Owner voted to accept the Debtor/Committee/Lender Plan and checked the Box in Item 4.A.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. | | | Check if the Beneficial Owner voted to reject the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. | | | Check if the Beneficial Owner voted to accept the Step One Lender Plan and checked the Box in Item 4.B.1 of the Consolidated Ballot, electing not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. | | |
| 1. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 2. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 3. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 4. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |
| 5. | $ | | ☐ | | | ☐ | | | ☐ | | | ☐ | |

**USE ADDITIONAL SHEETS IF NECESSARY**.

5

**Item 4 - ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 5 of each Consolidated Ballot received from a Beneficial Owner of PHONES Notes.

**Information transcribed from Item 5 of the Consolidated Ballots regarding other Consolidated Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 5(e) of the Consolidated Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | CUSIP Number of PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 6 – CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes are being transmitted by this Master Ballot has been provided a copy of the Joint Disclosure Statement and the Plans related thereto, the Responsive Statements, the Solicitation Order and a Consolidated Ballot for voting its Claim on the Plans; (b) it is the registered holder of the PHONES Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plans and make the elections called for therein; (c) it received a properly completed and signed Consolidated Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Consolidated Ballots and Election Forms received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plans is subject to all the terms and conditions set forth in the Solicitation Order, dated December 9, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____

6

City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY JANUARY 28, 2011 AT 4:00 P.M. EASTERN TIME, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## **VOTING INSTRUCTIONS**

**VOTING DEADLINE:**

The Voting Deadline is **January 28, 2011** at 4:00 p.m. Eastern Time. To have the votes and elections of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[2]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of PHONES Notes other than yourself, you must (i) deliver a Consolidated Ballot and Election Form to such Beneficial Owner(s), along with the Joint Disclosure Statement, the Plans, the Responsive Statements, the Solicitation Order, the Confirmation Hearing Notice, and other materials requested to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Consolidated Ballot and (b) return the completed, executed Consolidated Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

     i.    Check the appropriate box in Item 1 on the Master Ballot;

     ii.    Indicate the total votes to accept or reject each of the Plans in Item 2;

     iii.   Transcribe the votes from the Consolidated Ballots in Item 2 and indicate the following in Item 3:
       a.  whether each Beneficial Owner voted to accept or reject each of the Plans;
       b.  whether each Beneficial Owner checked a box in Item 3 to rank the Plans and in which order the Beneficial Owner ranked the Plans;
       c.  in the case of any Beneficial Owners that voted to reject the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;
       d.  in the case of any Beneficial Owners that voted to accept the Debtor/Committee/Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan;
       e.  in the case of any Beneficial Owners that voted to reject the Step One Lender Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.3.2 of the Step One Lender Plan; and
       f.  in the case of any Beneficial Owners that voted to accept the Step One Lender Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. PROPERLY EXECUTED CONSOLIDATED BALLOTS THAT ATTEMPT TO PARTIALLY ACCEPT

---

[2] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Joint Instructions or, where applicable, in the relevant Plan.

8

AND PARTIALLY REJECT ANY PLAN WILL NOT BE COUNTED AS A VOTE TO
ACCEPT OR REJECT THAT PLAN. EACH BENEFICIAL OWNER MUST VOTE ALL OF
HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT EACH OF
THE PLANS (OR ABSTAIN FROM VOTING THEREON). IF ANY BENEFICIAL OWNER
HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL
OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

     iv.    Transcribe from Item 5(e) of each Consolidated Ballot the information provided by the Beneficial Owners into Item 4 of the Master Ballot;

     v.    Review the certification in Item 5 of the Master Ballot;

     vi.    Ensure that each Consolidated Ballot is signed and each certification is complete;

     vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

     viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

     ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is <u>actually received</u> by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one (1) year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the record amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject each of the Plans in the same proportion as the votes to accept and reject each of the Plans submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Voting Deadline, no vote on any of the Plans may be withdrawn without the prior consent of the Proponents of the relevant Plan.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and to make certain elections called for therein. Holders of PHONES Notes Claims should not surrender their PHONES Notes with the Consolidated Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot.

No Consolidated Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**