# EXHIBIT C

## CONSOLIDATED BALLOTS

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## JOINT INSTRUCTIONS FOR COMPLETING CONSOLIDATED BALLOTS TO ACCEPT OR REJECT PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

**THESE JOINT INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE CONSOLIDATED BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE PLANS OF REORGANIZATION WILL BE COUNTED.**

**Why You Have Received a Consolidated Ballot.** You have been identified as a Beneficial Owner of a Senior Noteholder Claim or a PHONES Notes Claim (including, for voting purposes only, a PHONES Notes Exchange Claim) against Tribune Company, a debtor in the above-captioned chapter 11 cases (collectively with the other debtors in the above-captioned chapter 11 cases, the "Debtors"), that is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

entitled to vote to accept or reject one or more of the plans of reorganization that have been proposed for Tribune Company.[2] Four (4) plans of reorganization have been proposed for the Debtors, as follows:

- First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 7050] (as it may be amended, the "Debtor/Committee/Lender Plan");

- Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 7073] (as it may be amended, the "Noteholder Plan");

- First Amended Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims [D.I. 7119] (as it may be amended, the "Step One Lender Plan"); and

- Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. [D.I. 7089] (as it may be amended, the "Bridge Lender Plan").

These plans of reorganization are referred to herein as the "Plans". As you are entitled to vote on each of the Plans, you have been sent as part of the package of materials containing these Joint Instructions (the "Solicitation Package") a consolidated ballot (a "Consolidated Ballot") so that you may vote to accept or reject the Plans and make elections called for under the Plans. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans). As a result, you will receive a recovery only under the Plan that is confirmed for the Debtors. Accordingly, it is important for you to vote on each of the Plans to indicate whether you would accept or reject such Plan in the event it is the one confirmed by the Bankruptcy Court.

**Materials that You Have Been Sent with the Consolidated Ballot.** You have been sent with the Consolidated Ballot various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) Specific Disclosure Statements for each of the Plans, which describe in detail the Plan to which they relate and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

You have been sent in addition to the General Disclosure Statement and the Specific Disclosure Statements certain other materials to assist you in voting on the Plans and making elections under the

---

[2] Capitalized terms used but not defined in these Joint Instructions have the meanings ascribed to them in (i) the Plans, (ii) the General Disclosure Statement, or (iii) the relevant Specific Disclosure Statement, as applicable.

Plans, including (i) Responsive Statements submitted by Proponents of each of the Plans containing those Proponents' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated December 9, 2010 (the "<u>Solicitation Order</u>") that, among other things, approved the General Disclosure Statement, approved the Specific Disclosure Statements, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider each of the Plans and not only one particular Plan or another.

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

**Deadline for Returning Consolidated Ballots.** You must complete, sign and date your Consolidated Ballot and return it in the enclosed envelope to the broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "<u>Voting Nominee</u>") in sufficient time for your Voting Nominee to process your Consolidated Ballot and submit a Master Ballot to the Voting Agent so that it is <u>actually</u> received by the Voting Agent no later than **4:00 p.m. (Eastern Time) on January 28, 2011 (the "Voting Deadline")**, or your votes will not be counted, and your elections will not be valid. Please do <u>not</u> mail Consolidated Ballots directly to the Debtors or to any of the Proponents. Please note that if you are a Holder of a PHONES Notes Claim and a PHONES Notes Exchange Claim, you will receive separate Consolidated Ballots on which to vote your Claims. In order for all of your votes on the Plans to be counted, you must return the Consolidated Ballot for your PHONES Notes Claim to your Voting Nominee as described above and return your Consolidated Ballot for your PHONES Notes Exchange Claim directly to the Voting Agent on or prior to the Voting Deadline.

**How to Complete Your Consolidated Ballot.** The following are step-by-step instructions for how to complete your Consolidated Ballot:

<u>Item 1</u>:  **Amount of Claim.**
If you are Holder of a Senior Noteholder Claim or a PHONES Notes Claim (other than a PHONES Notes Exchange Claim), please certify the amount of your Claim as of December 6, 2010 (the "<u>Record Date</u>"). By certifying the amount in Item 1, you are certifying that the party submitting the Consolidated Ballot is the Beneficial Owner, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Consolidated Ballot. The preprinted amount of the Claim set forth in Item 1 of the Consolidated Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Consolidated Ballot, please see "Questions Concerning Your Claim Amount" below.

If you are a Holder of a PHONES Notes Exchange Claim, please certify the amount in Item 1 as of the date you sought to tender your PHONES Notes to Tribune Company (the "<u>Exchange Record Date</u>"). By certifying the amount in Item 1, you are certifying that the party submitting the Consolidated Ballot is the Beneficial Owner, as of the Exchange Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Consolidated Ballot. The preprinted amount of the Claim set forth in Item 1 of the Consolidated Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Consolidated Ballot, please see "Questions Concerning Your Claim Amount" below.

a.      <u>Item 2</u>: **Vote to Accept or Reject the Plans.**

Please cast your vote to accept or reject each of the Plans by checking the appropriate boxes in Item 2. You may vote on all of the Plans or only some of them. Your vote to accept or reject any particular Plan, or to abstain from voting on any particular Plan, does not preclude you from voting to accept or reject, or abstaining from voting on, any other Plan. Any vote you cast to accept or reject a particular Plan will be tabulated solely as a vote to accept or reject that Plan, and will not apply to any other Plans. Although you may vote differently on different Plans, you must vote the entire amount of your Claim to accept or reject a particular Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject a particular Plan.

Each of the Plans may specify very different treatment for Claims in a particular Class. Information has to how each Plan treats particular Claims may be found in the Plans and in the Specific Disclosure Statements.

Please be aware that your vote to accept a particular Plan may also be deemed to be a release of various Claims provided for in that Plan. It is important that you review each Plan carefully in considering how to vote.

If a Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject that Plan or abstain from voting on that Plan.

b.      <u>Item 3</u>: **Ranking Election Among Plans (Optional).**

If you choose to accept more than one of the Plans, then you have the additional option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan) by writing such number in the box next to the Plan. In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank Plans that you voted to reject, or on which you did not vote. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

c.      <u>Item 4</u>: **Elections Under the Plans (Optional).**

Each of the Plans contains various elections that the Holders of Claims in Classes entitled to vote on the Plans may make. These elections affect the treatment of your Claim under the Plans and releases that you may opt to grant or not to grant under various of the Plans. Making some or all of these elections is your choice; however, your elections in Item 4 may materially affect your rights and/or the treatment of your Claim.

You may make the elections listed below and on your Consolidated Ballot on a Plan-by-Plan basis. The descriptions below provide you with the locations in each Plan where you may find the language relevant to the election in question. It is important that you read each of the referenced sections carefully in determining whether to make the elections below.

*Please note that you should consider each election under all of the Plans carefully, even if you voted to reject a particular Plan or did not vote on a particular Plan.*

4

i.    Elections Under the Debtor/Committee/Lender Plan.

A.    *Debtor/Committee/Lender Plan Election – Non-Debtor Releases.*  This election applies to all Holders of Senior Noteholder Claims and PHONES Notes Claims entitled to vote to accept or reject the Debtor/Committee/Lender Plan.  Section 11.2.2 of the Debtor/Committee/Lender Plan provides for certain releases of third parties by Holders of Claims and Interests.  If you voted to accept the Debtor/Committee/Lender Plan, you have the right to opt out of the Section 11.2.2 third party releases by checking the appropriate box, which means that you will not grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan and will not receive the benefit of those releases.  If you voted to reject the Debtor/Committee/Lender Plan, you have the right to opt in to the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the appropriate box, which means that you will grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, and you will receive the benefit of those releases.

ii.    Elections Under the Step One Lender Plan.

A.    *Step One Lender Plan Election - Non-Debtor Releases.*  This election applies to all Holders of Senior Noteholder Claims and PHONES Notes Claims entitled to vote to accept or reject the Step One Lender Plan.  Section 11.3.2 of the Step One Lender Plan provides for certain releases of third parties by Holders of Claims and Interests.  If you voted to accept the Step One Lender Plan, you have the right to opt out of the Section 11.3.2 third party releases by checking the appropriate box, which means that you will not grant the releases in Section 11.3.2 of the Step One Lender Plan and will not receive the benefit of those releases.  If you voted to reject the Step One Lender Plan, you have the right to opt in to the releases in Section 11.3.2 of the Step One Lender Plan by checking the appropriate box, which means that you will grant the releases contained in Section 11.3.2 of the Step One Lender Plan, and you will receive the benefit of those releases.

iii.    Elections Not to Transfer State Law Avoidance Claims Under Each of the Plans.

A.    Each of the four Plans provides, as a default, that Holders of certain Claims against Tribune Company will transfer their State Law Avoidance Claims (as defined in each Plan) to a Creditors' Trust.  You have received a separate election form (the "Election Form") by which you may elect not to transfer State Law Avoidance Claims to the Creditors' Trust.  Details concerning the transfer of your State Law Avoidance Claims to a Creditors' Trust, and the resulting affect that such transfer will have on your potential recoveries under a particular Plan, are described in each of the Plans.  You may elect to make, or not to make, this election under each of the Plans separately.  Please see the Election Form for further instructions regarding this election.

Election Forms will be valid only as to those Senior Notes and PHONES Notes (excluding the PHONES Notes Exchange Claims) that have been electronically delivered, as of the Voting Deadline, into the Automated Tender Offer Program system (the "ATOP System") at The Depository Trust Company. Only your Voting Nominee can submit an Election Form on your behalf.  Senior Notes and PHONES Notes that are electronically delivered can be withdrawn up to the Voting Deadline but cannot be withdrawn, and will no longer be freely tradable, after the Voting Deadline.

Election Forms with respect to PHONES Notes Exchange Claims will be valid upon delivery to the Voting Agent prior to the Voting Deadline.

    d.    <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Consolidated Ballot for your votes on the Plans and your elections under the Plans to count. In addition, in Item 5, if you are completing the Consolidated Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Consolidated Ballot.

The certifications in Item 5 also require you to certify that the Consolidated Ballot being submitted is either the only Consolidated Ballot you have submitted for Senior Noteholder Claims or PHONES Notes Claims (including PHONES Notes Exchange Claims) or, if not, that all other Consolidated Ballots submitted by you for such Claims are as identified in Item 5(e). You may attach additional sheets of paper if necessary to complete Item 5(e).

**Returning Your Consolidated Ballot.** If you are a Holder of a Senior Noteholder Claim or a PHONES Notes Claim, once you have completed your Consolidated Ballot in accordance with the foregoing instructions, please return the completed Consolidated Ballot to the Voting Nominee for inclusion on a Master Ballot to be prepared and submitted by such Voting Nominee. Please allow sufficient time for mailing your Consolidated Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Master Ballot and provide it to the Voting Agent before the Voting Deadline.

**Special Notice for Holders of PHONES Notes Exchange Claims.** For the avoidance of doubt, owners of PHONES Notes Exchange Claims (as defined in the Noteholder Plan and the Bridge Lender Plan) should also use this Consolidated Ballot to cast their votes under the Plans; provided, however, that to the extent the Bankruptcy Court determines that PHONES Notes Exchange Claims are not properly classified as PHONES Notes Claims under the Noteholder Plan and the Bridge Lender Plan, the votes pertaining to such PHONES Notes Exchange Claims shall be applied to the applicable Class in which such Claims are reclassified. PHONES Notes Claims and PHONES Notes Exchange Claims and the differing treatment to be provided to them are described in each of the Plans and the Specific Disclosure Statements related thereto, and to the extent a Plan separately classifies the PHONES Notes Exchange Claims.

**The preprinted amount of your PHONES Notes Exchange Claim above will control for voting purposes only. The preprinted amount is equal to the amount of PHONES Notes that you sought to tender to Tribune Company. VOTING THE PRINCIPAL AMOUNT OF PHONES NOTES YOU SOUGHT TO EXCHANGE DOES NOT MEAN THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL BE ALLOWED IN THE AMOUNT OF THE PHONES NOTES YOU PREVIOUSLY HELD, OR THAT YOUR PHONES NOTES EXCHANGE CLAIM WILL RECEIVE THE TREATMENT AFFORDED TO THE PHONES NOTES CLAIMS UNDER ANY OF THE PLANS. INSTEAD, THE AMOUNT STATED ABOVE SHALL GOVERN FOR VOTING PURPOSES ONLY, AND THE AFOREMENTIONED ISSUES (INCLUDING THE ALLOWED AMOUNT AND CLASSIFICATION OF PHONES NOTES EXCHANGE CLAIMS) REMAIN SUBJECT TO DETERMINATION BY THE BANKRUPTCY COURT.**

If you are a Holder of a PHONES Notes Exchange Claim, once you have completed your Consolidated Ballot, please return the completed Consolidated Ballot to the Voting Agent on or prior to the Voting Deadline. To the extent you hold both PHONES Notes Claims and PHONES Notes Exchange Claims, you will receive separate Consolidated Ballots – one from your Voting Nominee and one directly

from the Voting Agent. In order for each of your votes on the Plans to count, you must return each Consolidated Ballot that you receive prior to the Voting Deadline. You must return the Consolidated Ballot for your PHONES Notes Claim to your Voting Nominee and return the Consolidated Ballot for your PHONES Notes Exchange Claims directly to the Voting Agent.

**No Electronic Transmissions.** Consolidated Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Consolidated Ballot is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, your Consolidated Ballot will <u>not</u> be counted.

**No Withdrawal.** After the Voting Deadline, you may not (i) withdraw or modify your Consolidated Ballot in any way, (ii) change your vote to accept or reject any of the Plans, (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your State Law Avoidance Claims to the Creditors' Trust, which can be made on a separate election form.

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Consolidated Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your Claim allowed solely for voting purposes in a different amount, you must serve on the Proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **January 8, 2011,** a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Consolidated Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Proponents of each of the Plans and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Consolidated Ballot or otherwise in accordance with the tabulation rules. **January 20, 2011, at 10:00 a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010 (as subsequently amended, the "<u>Prior Plan</u>"), which was proposed by the Debtors. Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the Consolidated Ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the Consolidated Ballot or the procedures for voting to accept or reject the Plans, or if you need an additional Consolidated Ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or at <u>tribunevote@epiqsystems.com</u>.

Many materials in the Solicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**Consolidated Ballot is Not a Proof of Claim or Interest.** The Consolidated Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity, or amount of any Claim or Interest.

7

**Additional Information.** No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans. The Consolidated Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plans and make the elections called for on the Consolidated Ballot. Holders should not surrender any debt instruments together with their Consolidated Ballot. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Consolidated Ballot.

Holders of Senior Noteholder Claims and PHONES Notes Claims (excluding the PHONES Notes Exchange Claims) that do not consent to the transfer of their State Law Avoidance Claims to the Creditors' Trusts under each Plan are required to make such election on the Election Form and deliver their Notes electronically into the ATOP System.

Holders of PHONES Notes Exchange Claims that do not consent to the transfer of their State Law Avoidance Claims to the Creditors' Trusts under each Plan are required to make such election on the Election Form and deliver such form to the Voting Agent prior to the Voting Deadline and no action of any other kind shall be required.

Senior Noteholder Claims

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CONSOLIDATED BALLOT FOR BENEFICIAL OWNERS
## OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT
## PLANS OF REORGANIZATION FOR TRIBUNE COMPANY

This consolidated ballot (the "Consolidated Ballot") is for voting to accept or reject the plans of reorganization (the "Plans") for Tribune Company (together with its subsidiaries that are parties to the Plans in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of the Plans. Capitalized terms used but not defined in this Consolidated Ballot have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Consolidated Ballot or, where applicable, in the relevant Plan(s). The Plans are identified in the accompanying Joint Instructions.

This Consolidated Ballot is only to be used for voting your Senior Noteholder Claims against Tribune Company. If you hold other Claims against Tribune Company or the Subsidiary Debtors in these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Chapter 11 Cases and those Claims are in Classes that are entitled to vote on the Plans, you will receive separate ballots to vote such Claims. Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

*PRIOR TO COMPLETING THIS CONSOLIDATED BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS CONSOLIDATED BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**VOTE ON THE PLANS AND MAKE APPLICABLE ELECTIONS. To vote to accept or reject each of the Plans and, if desired, make the elections called for in each of the Plans, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Consolidated Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your Senior Noteholder Claim above will control for voting purposes.**

2

ITEM 2.    VOTE TO ACCEPT OR REJECT EACH OF THE PLANS.  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim on each of the Plans as follows (check one box only with respect to each Plan):

| Plans | Class Description | Accept | Reject |
|---|---|---|---|
| Debtor/Committee/Lender Plan[2] | Class 1E (Senior Noteholder Claim) | ☐ | ☐ |
| Noteholder Plan | Class 1F (Senior Noteholder Claim) | ☐ | ☐ |
| Step One Lender Plan[3] | Class 1E (Senior Noteholder Claim) | ☐ | ☐ |
| Bridge Lender Plan | Class 1F (Senior Noteholder Claim) | ☐ | ☐ |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

[3] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Lender Plan), except as otherwise set forth in the Step One Lender Plan.

ITEM 3.   ELECTION TO RANK PLANS (OPTIONAL).  You have the right to accept more than one Plan.  If you choose to accept more than one of the Plans, then you have the additional option to rank your preferences among the Plans that you vote to accept.  If you wish to rank the Plans that you vote to accept, you should rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan) by writing such number in the box next to the Plan.  In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted.  You may not rank Plans that you voted to reject, or on which you did not vote.  Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

| |
|---|
| ☐  Debtor/Committee/Lender Plan |
| ☐  Noteholder Plan |
| ☐  Step One Lender Plan |
| ☐  Bridge Lender Plan |

ITEM 4.   ELECTIONS UNDER CERTAIN PLANS.

**A.  DEBTOR/COMMITTEE/LENDER PLAN**

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

4

**B. STEP ONE LENDER PLAN**

1. RELEASES (OPTIONAL). If you return a Consolidated Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you vote to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below. If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐ The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐ The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

**Under separate cover, you have received, or will receive, a separate Election Form by which you may elect not to transfer your State Law Avoidance Claims (as defined in each of the Plans) to the Creditors' Trust. PLEASE CAREFULLY REVIEW AND FOLLOW THE INSTRUCTIONS RECEIVED WITH THE ELECTION FORM.**

ITEM 5. CERTIFICATION. By signing this Consolidated Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a. it is the Beneficial Owner of the Senior Noteholder Claim to which this Consolidated Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject each of the Plans and make the elections called for on this Consolidated Ballot;

b. it has been provided with a copy of the Plans, the General Disclosure Statement, each of the Specific Disclosure Statements, the Responsive Statements, and the Solicitation Order and acknowledges that the votes set forth on this Consolidated Ballot are subject to all of the terms and conditions set forth in the Plans, the General Disclosure Statement, the Specific Disclosure Statements, and the Solicitation Order;

c. it has not submitted any other Consolidated Ballots relating to the Senior Noteholder Claims voted herein that are inconsistent with the votes as set forth in this Consolidated Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Consolidated Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d. it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e. either (a) this Consolidated Ballot is the only Consolidated Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Consolidated Ballot, one or more Consolidated Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SENIOR NOTEHOLDER CLAIMS CONSOLIDATED BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
     (Print or Type)

Signature:_____

By:_____
     (If Applicable)

Title:_____
     (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

    This Consolidated Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 28, 2011, UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR CONSOLIDATED BALLOT TO YOUR VOTING NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR CONSOLIDATED BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CONSOLIDATED BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL CONSOLIDATED BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PHONES Notes Claims**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**CONSOLIDATED BALLOT FOR BENEFICIAL OWNERS OF
PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT
PLANS OF REORGANIZATION FOR TRIBUNE COMPANY**

This consolidated ballot (the "Consolidated Ballot") is for voting to accept or reject the plans of reorganization (the "Plans") for Tribune Company (together with its subsidiaries in the above-captioned chapter 11 cases, the "Debtors") and to make other elections called for under certain of such Plans. Capitalized terms used but not defined in this Consolidated Ballot have the meanings ascribed to them in the Joint Instructions for Completing Consolidated Ballots (the "Joint Instructions") that are included in the package containing this Consolidated Ballot or, where applicable, in the relevant Plan(s). The Plans are identified in the accompanying Joint Instructions.

This Consolidated Ballot is only to be used to vote your PHONES Notes Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

**Claims Voted by this Consolidated Ballot.** You have been identified as a Holder of a PHONES Notes Claim against Tribune Company that is entitled to vote to accept or reject the Plans. PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Note | CUSIP |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

SOLELY FOR VOTING PURPOSES, PHONES NOTES CLAIMS VOTING ON THIS CONSOLIDATED BALLOT INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS IN THE NOTEHOLDER PLAN AND THE BRIDGE LENDER PLAN. PLEASE SEE THE JOINT INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

PHONES NOTES EXCHANGE CLAIMS ARE CLASSIFIED WITH PHONES NOTES CLAIMS FOR INITIAL VOTING PURPOSES, AND FOR THE AVOIDANCE OF DOUBT, BENEFICIAL OWNERS OF PHONES NOTES EXCHANGE CLAIMS SHOULD USE THIS CONSOLIDATED BALLOT TO CAST THEIR VOTES UNDER EACH OF THE PLANS; PROVIDED, HOWEVER, THAT TO THE EXTENT THE BANKRUPTCY COURT DECIDES THAT PHONES NOTES EXCHANGE CLAIMS ARE NOT PROPERLY CLASSIFIED AS PHONES NOTES CLAIMS, THE VOTES PERTAINING TO SUCH PHONES NOTES EXCHANGE CLAIMS SHALL BE APPLIED TO THE APPLICABLE CLASS IN WHICH SUCH CLAIMS ARE RECLASSIFIED. PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS AND THE DIFFERING TREATMENT TO BE PROVIDED TO THEM ARE DESCRIBED IN EACH OF THE PLANS AND THE SPECIFIC DISCLOSURE STATEMENTS RELATED THERETO.

*PRIOR TO COMPLETING THIS CONSOLIDATED BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED IN THIS CONSOLIDATED BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**VOTE ON THE PLANS AND MAKE APPLICABLE ELECTIONS.** To vote to accept or reject each of the Plans and, if desired, make the elections called for in each of the Plans, please complete the following:

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIMS. The undersigned certifies that as of December 6, 2010 (the "Record Date") or the Exchange Record Date, as applicable, the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Consolidated Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT EACH OF THE PLANS. The Beneficial Owner of the aggregate principal amount of the PHONES Notes Claims identified in Item 1 hereby votes with respect to such Claim on each of the Plans as follows (check one box only with respect to each Plan):

2

| Plans | Class Description | Accept | Reject |
|---|---|---|---|
| Debtor/Committee/Lender Plan[2] | Class 1J (PHONES Notes Claims) | ☐ | ☐ |
| Noteholder Plan | Class 1I (PHONES Notes Claims) | ☐ | ☐ |
| Step One Lender Plan[3] | Class 1J (PHONES Notes Claims) | ☐ | ☐ |
| Bridge Lender Plan | Class 1I (PHONES Notes Claims) | ☐ | ☐ |

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

[3] Section 11.3.2 of the Step One Lender Plan provides that each Person who votes to accept the Step One Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the current and former Holders of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the Step One LBO-Related Causes of Action (as such term is defined in the Step One Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Step One Lender Plan), except as otherwise set forth in the Step One Lender Plan.

ITEM 3.    ELECTION TO RANK PLANS (OPTIONAL).  You have the right to accept more than one Plan.  If you choose to accept more than one of the Plans, then you have the additional option to rank your preferences among the Plans that you vote to accept.  If you wish to rank the Plans that you vote to accept, you should rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan) by writing such number in the box next to the Plan.  In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted.  You may not rank Plans that you voted to reject, or on which you did not vote.  Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.

| |
|---|
| ☐  Debtor/Committee/Lender Plan |
| ☐  Noteholder Plan |
| ☐  Step One Lender Plan |
| ☐  Bridge Lender Plan |

ITEM 4.    ELECTIONS UNDER CERTAIN PLANS.

### A.  DEBTOR/COMMITTEE/LENDER PLAN

1.  RELEASES (OPTIONAL).  If you return a Consolidated Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

4

**B. STEP ONE LENDER PLAN**

1. RELEASES (OPTIONAL). If you return a Consolidated Ballot and vote to accept the Step One Lender Plan, you will be deemed to have granted the releases contained in Section 11.3.2 of that Plan unless you elect not to grant such releases by checking the appropriate box below. If you vote to reject the Step One Lender Plan, you may elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan by checking the applicable box below. If you do not return your Consolidated Ballot, you are deemed not to grant the releases in Section 11.3.2 of the Step One Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.3.2 of the Step One Lender Plan. Election to grant the releases is at your option. **If you do not grant the releases contained in Section 11.3.2 of the Step One Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.3.2 of the Step One Lender Plan.**

☐ The undersigned has voted to accept the Step One Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

☐ The undersigned has voted to reject the Step One Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.3.2 of the Step One Lender Plan.

**Under separate cover, you have received, or will receive, a separate Election Form by which you may elect not to transfer any State Law Avoidance Claims that you may have to the Creditors' Trusts established under the various Plans. If you are a Holder of a PHONES Notes Claim, please carefully review and follow instructions received with this Election Form. If you are a Holder of a PHONES Notes Exchange Claim, in order for your election to be valid, you must complete the Election Form and return it to the Voting Agent prior to the Voting Deadline.**

ITEM 5.    CERTIFICATION. By signing this Consolidated Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a. it is the Beneficial Owner of the PHONES Notes Claim to which this Consolidated Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject each of the Plans and make the elections called for on this Consolidated Ballot;

b. it has been provided with a copy of the Plans, the General Disclosure Statement, each of the Specific Disclosure Statements, the Responsive Statements, and the Solicitation Order and acknowledges that the votes set forth on this Consolidated Ballot are subject to all of the terms and conditions set forth in the Plans, the General Disclosure Statement, the Specific Disclosure Statements, and the Solicitation Order;

c. it has not submitted any other Consolidated Ballots on account of the PHONES Notes Claim voted herein that are inconsistent with the votes as set forth in this Consolidated Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Consolidated Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d. it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and

e. either (a) this Consolidated Ballot is the only Consolidated Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Consolidated Ballot,

5

one or more Consolidated Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER PHONES NOTES CLAIMS CONSOLIDATED BALLOTS**

| Account Number of Other PHONES Notes Claims, if applicable | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Name: _____
        (Print or Type)

Signature: _____

By: _____
      (If Applicable)

Title: _____
        (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Consolidated Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of any of the Plans of the nature, validity or amount of any Claim, and does not signify that your claims have been or will be allowed.

6

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 28, 2011, UNLESS SUCH TIME IS EXTENDED.**

- **IF YOU ARE VOTING PHONES NOTES CLAIMS, PLEASE RETURN YOUR CONSOLIDATED BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR CONSOLIDATED BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS.**

- **IF YOU ARE VOTING PHONES NOTES EXCHANGE CLAIMS, PLEASE RETURN YOUR CONSOLIDATED BALLOT DIRECTLY TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLANS, AND YOUR ELECTIONS WILL NOT BE VALID.**

- **IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU HAVE RECEIVED SEPARATE CONSOLIDATED BALLOTS ON WHICH TO VOTE YOUR PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS. YOU MUST RETURN THE CONSOLIDATED BALLOT FOR YOUR PHONES NOTES CLAIM TO YOUR VOTING NOMINEE, AND YOU MUST RETURN THE CONSOLIDATED BALLOT FOR YOUR PHONES NOTES EXCHANGE CLAIM DIRECTLY TO THE VOTING AGENT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CONSOLIDATED BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL CONSOLIDATED BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**HOLDERS OF PHONES NOTES EXCHANGE CLAIMS ONLY MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS CONSOLIDATED BALLOT OR MAY RETURN THEIR CONSOLIDATED BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017