## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>**Hearing Date: 1/13/11 @ 1:00 p.m.**<br>**Objections Due: 1/6/11@ 4:00 p.m.** |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY *et al.*,<br>Plaintiff,<br><br>v.<br>DENNIS J. FITZSIMONS *et al.*,<br>Defendants. | Adversary No. 10-54010 (KJC) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY *et al.*,<br>Plaintiff,<br><br>v.<br>JPMORGAN CHASE BANK, N.A. *et al.*,<br>Defendants. | Adversary No. 10-53963 (KJC) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR EXTENSION OF TIME TO COMPLETE SERVICE

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors") hereby moves this Court for the entry of an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, extending the time to complete service on defendants in the above-captioned adversary proceedings, and respectfully submits as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     By order dated October 27, 2010 (the "Standing Order"), the Court granted standing to the Committee to commence adversary proceedings on behalf of the Debtors' estates asserting claims against various parties that arise out of or in connection with the Debtors' 2007 LBO transaction (the "LBO Transaction"), and other claims against such parties. The Complaint filed as Adversary No. 10-53963 (KJC) asserts claims against the Debtors' lenders, certain financial advisors, and others (the "Lender Complaint"). The Complaint filed as Adversary No. 10-54010 (KJC) asserts claims against many additional parties (the "Third-Party Complaint") (collectively, the "Complaints"). The Committee filed both Complaints on November 1, 2010 and filed amended Complaints on December 7, 2010.

4.     The amended Lender Complaint names as-yet-unidentified defendants as Does 1-100, and also identifies representative class defendants on behalf of two classes of defendants, many of whom have not yet been identified. The Third-Party Complaint names as-yet-unidentified defendants as Does 1-25, and also identifies representative class defendants on behalf of a class of defendants who are former shareholders of Tribune, more than 28,000 of

2840140.3

whom are named as defendants in Exhibit A to the amended Third-Party Complaint, but many more defendants have not yet been identified.

5.    In each Complaint, the Committee has pleaded the elements necessary to establish defendant classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.    Out of an abundance of caution, to preserve to the maximum extent feasible all valuable claims of Debtors' estates in the event that defendant classes are not certified, the Committee also (a) has undertaken extensive efforts to specifically identify the Doe defendants and each member of the defendant classes and (b) is preparing to serve the applicable amended Complaint(s) on each and every defendant, as well as each member of the defendant classes, that the Committee has identified and will identify as the process continues.  The Committee's discovery efforts are described more fully in paragraphs 11-13 below.

7.    Absent the relief sought by this Motion, Rule 4(m) provides the Committee with 120 days from the filing of the initial Complaints (until March 1, 2010) to identify and serve such parties.  If the Committee is unable to identify, notify and/or serve all such parties within those 120 days, its claims against unserved named defendants may be subject to dismissal and applicable statutes of limitations may run out with respect to particular claims against as-yet-unidentified defendants.  Absent an extension of the 120-day period pursuant to Rule 4(m), valuable claims of the Debtors' estates might then be lost, notwithstanding the Committee's extensive efforts to identify and serve currently unknown defendants.[1]

---

[1]    The Standing Order provides that "once commenced the LBO Actions will be deemed stayed, except as otherwise set forth in this Order (the 'Stay') ...." Standing Order at 4.  The Standing Order further provides that "[a]ll applicable deadlines, other than those applicable to the discovery permitted by this Order, are suspended during the period of the Stay," but that "[n]otwithstanding the foregoing, during the period this Stay is in effect, the Committee may ... b) complete service of the complaints in the LBO Actions; and c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or

(Cont'd on following page)

2840140.3

## **RELIEF REQUESTED**

8.      By this Motion, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service under Rule 4(m) by six months, to and including September 1, 2011, in order to facilitate the service of identified defendants and the identification, notification and/or service of all as-yet-unidentified defendants as described in paragraph 4.

## **BASIS FOR RELIEF**

9.      Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, this Court must first determine whether good cause exists for failure to serve. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, this Court must extend the time for service pursuant to Rule 4(m). *Id.* If good cause does not exist, this Court nevertheless has discretion to extend the time for service. *Id.; see PCT v. New England Confectionary Co. (In re Fleming Cos.)*, No. 05-78096, 2006 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006) (Carey, J.).

---

(Cont'd from preceding page)

other time related defenses from barring any of the claims asserted in the LBO Actions." *Id.* Because the Standing Order does not expressly state that the running of the Rule 4(m) period has been stayed, and expressly permits serving the Complaints and taking other steps necessary for the purposes of preventing statutes of limitations from barring claims, the Committee seeks a formal extension of the Rule 4(m) period to eliminate any ambiguity as to whether the Rule 4(m) period has been extended.

2840140.3

10.     The Committee makes this request in good faith and for the good cause as set forth more fully below.

11.     From the time the Court granted the Committee standing to pursue these actions, the Committee has undertaken an intensive effort to discover the identities of the Doe defendants and the defendant class members listed in the Complaints. That effort continues.

12.     The Committee's efforts to identify the Doe defendants in the Lender Complaint have included extensive review of documents in the document depository, review of the Examiner's report and all relevant exhibits thereto and the service of subpoenas on agents for the lender groups. The Committee has been able to identify and name hundreds of lenders in the Lender Complaint, but its efforts to identify all such lenders are ongoing and will take substantial time to complete.

13.     The discovery effort to identify the members of the Shareholder Class in the Third-Party Complaint has been particularly extensive. To date, the Committee has issued over 1,000 subpoenas to three main categories of entities: (1) over 180 banks and brokers (i) that held Tribune shares for their own benefit and/or in "street name" for beneficial owners, and (ii) that received distributions from Tribune at one or both steps of the LBO Transaction and passed proceeds on to the beneficial owners; (2) approximately 415 institutional investment managers that the Committee determined were likely to have received proceeds from the LBO Transaction, or managed accounts for clients who received such proceeds; and (3) almost 350 mutual funds that the Committee determined held shares on or about the time of one or both steps of the LBO Transaction and thus were likely recipients of proceeds from the LBO Transaction.

14.     The identification of all of the Doe defendants and defendant class members is an ongoing and time-consuming process. First, not all subpoena recipients have been immediately

responsive, and the Committee expects it will have to move to compel production of the beneficial owner information from many of the discovery targets. Second, many of the corporate entities and partnerships have multiple, similarly named affiliates or partnerships at different addresses, and thus the Committee has had to re-issue subpoenas as it has identified the entities possessing the sought beneficial owner information. Third, many firms that have indicated an intent to comply with the subpoenas have been unable to provide the subpoenaed information quickly because of how they maintain the information. For example, certain of the parties maintain computerized records of trades linked to client account numbers, but can only link those client numbers to shareholder contact information through manual and paper processes. Fourth, a number of the subpoenaed parties have asserted that state privacy laws preclude disclosure of client contact information absent client consent, and their compliance with the subpoenas is likely to be delayed by efforts to seek client consent or the need for the Committee to move to compel compliance. [2]

15.    As reflected in Exhibit A to the amended Third-Party Complaint, the Committee has already identified more than 28,000 Shareholder Class members. The process of serving these persons and entities, as well as the thousands of additional shareholders, Doe defendants in both Complaints, and Lender class defendants the Committee will identify through discovery, warrants time beyond the 120 days provided in Rule 4(m).

---

[2]    The Committee will provide the Court with specific examples of any such party responses as described in this paragraph upon request.

2840140 3

## APPLICABLE AUTHORITY

16.    Courts recognize that, in certain situations, the identity of a defendant may not be known prior to the filing of a complaint.  In such circumstances, courts permit the naming of fictitious ("Doe") defendants as stand-ins until the defendants can be identified through discovery.  *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998); *see also Alston v. Parker*, 363 F.3d 229, 233 & n.6 (3d Cir. 2004) (discussing cases authorizing a plaintiff to undertake discovery to identify as-yet-unidentified defendants).

17.    In order to conduct the discovery necessary to identify and serve the Doe defendants and defendant class members, the Committee is seeking an extension of its deadline to name and serve defendants under Rule 4(m), which provides that a plaintiff who shows good cause for failure to effectuate service within 120 days of filing the complaint is entitled to an appropriate extension of time to serve.

18.    In the Third Circuit, where a plaintiff demonstrates good cause, a court *must* grant an extension of time to effectuate service under Rule 4(m).  *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Petrucelli*, 46 F.3d at 1308.  Even in circumstances where good cause does not exist, a court has full discretion to approve an extension.

19.    Good cause is analyzed under an excusable neglect standard, which requires that the plaintiff demonstrate "good faith and some reasonable basis for noncompliance within the time specified by the rule."  *Cain v. Abraxas*, 209 Fed. Appx. 94, 96 (3d Cir. 2006) (citing *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)); *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 822-23 (Bankr. D. Del. 2005); *see also In re Hall*, 222 B.R. 275, 279 (Bankr. E.D. Va. 1998) (holding that "a showing of diligence and reasonable effort to effect service" constitute "good cause" under Rule 4(m)).

2840140 3

20.     Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith." *See In re Lenox Healthcare*, 319 B.R. at 822 (citing, *inter alia*, *Consolidated Freightways Corp. v. Larson*, 827 F.3d 916, 919-20 (3d Cir. 1987)); *see also Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D. Nev. 1984) ("Congress intended that a plaintiff who had made reasonable efforts to effect service would be permitted additional time, if needed.") (citing cases finding "good cause" in the absence of "dilatory or willful delay" and where plaintiff's efforts were "bona fide").

21.     As stated above, the Committee has subpoenaed over 1,000 parties in possession of information likely to lead to the identification of the Doe and class defendants.  This information has provided valuable leads into the identities of the unknown defendants and enabled the Committee to amend its Complaints.  However, because the Committee has not yet received complete responses from some of the subpoenaed parties, and has questions or will need to follow up with respect to the responses from others, the Committee will need additional time to compile a final and accurate list of defendants.  To that end, the Committee is continuing its Doe and class discovery in an effort to identify additional defendants and confirm those currently named.  All of these reasons constitute good cause for an extension of the deadline to name and serve the Doe and class defendants.

22.     Courts in this Circuit have held, pursuant to Federal Rule of Civil Procedure 15(c), that if an extension of the Rule 4(m) time period has been granted and a plaintiff, within that extended period of time, notifies a previously unnamed defendant of the plaintiff's intention to include that person as a defendant in the action, a later amendment of the complaint to specifically name the defendant will relate back to the date of filing of the original complaint, so that the claim will be timely if the original complaint was filed within the applicable limitations

period.  *See In re Fleming Cos.*, 2006 WL 1062476, at *1; *Allen v. Nat'l Railroad Passenger Corp. (Amtrak)*, No. 03-CV-3497, 2004 WL 2830629, at *8 (E.D. Pa. Dec. 7, 2004) (holding that "notice of the matters raised in the amended pleading within the applicable [Rule 4(m)] time limit generally eliminates the prejudice a party may experience" and therefore an order extending the Rule 4(m) 120-day period effectively "extend[s] the time period for which notice could be provided to defendant pursuant to Rule 15(c)(3).").

23.      Accordingly, the potential prejudice that the Committee might suffer as described in Paragraph 7 can be avoided with the entry of a Rule 4(m) order extending the time for service.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service of the Complaints by six months, to and including September 1, 2011.

Dated: December 9, 2010

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone:  (302) 427-0400
Facsimile:  (302) 427-8242

-and-

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
P. Andrew Torrez
1800 M Street, Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

Special Counsel to the Official Committee
of Unsecured Creditors

2840140.3