# EXHIBIT A

## BALLOTS

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING THE DEBTOR/COMMITTEE/LENDER PLAN BALLOT TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE BLUE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN. PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE DEBTOR/COMMITTEE/LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Debtor/Committee/Lender Plan Ballot.** You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan").[2] The Debtor/Committee/Lender Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Debtor/Committee/Lender Plan and to make certain elections under that Plan. You have accordingly been sent a blue ballot (the "Debtor/Committee/Lender Plan Ballot") to allow you to vote on the Debtor/Committee/Lender Plan and, if applicable, make elections available under the Debtor/Committee/Lender Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Debtor/Committee/Lender Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the blue ballot to accept or reject the Debtor/Committee/Lender Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Debtor/Committee/Lender Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Debtor/Committee/Lender Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court, dated December 9, 2010, (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Debtor/Committee/Lender Plan or (ii) the General Disclosure Statement, as applicable.

**Deadline for Returning Debtor/Committee/Lender Plan Ballots.** You must complete, sign and date your Debtor/Committee/Lender Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is actually received by the Voting Agent no later than **4:00 p.m. (Eastern Time) on January 28, 2011 (the "Voting Deadline").** Please do not mail your Debtor/Committee/Lender Plan Ballots directly to the Debtors or to any of the Proponents of the Debtor/Committee/Lender Plan. If you do not return your Debtor/Committee/Lender Plan Ballot so that it is actually received by the Voting Deadline, the votes reflected on your Debtor/Committee/Lender Plan Ballot will not be counted, and the elections reflected on your Debtor/Committee/Lender Plan Ballot will not be valid.

**How to Complete Your Debtor/Committee/Lender Plan Ballot.** The following are step-by-step instructions for how to complete your Debtor/Committee/Lender Plan Ballot for voting on the Debtor/Committee/Lender Plan and making the elections called for thereunder:

a.    Item 1:  **Amount of Claim.**

Please certify the amount of your Claim as of December 6, 2010, (the "Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Debtor/Committee/Lender Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Debtor/Committee/Lender Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.    Item 1A:  **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will not contain the Convenience Class Election described here. If your Debtor/Committee/Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Debtor/Committee/Lender Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Debtor/Committee/Lender Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Debtor/Committee/Lender Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you elect not to grant such releases by checking the appropriate box on the Debtor/Committee/Lender Plan Ballot.

c.    Item 2:  **Vote to Accept or Reject the Debtor/Committee/Lender Plan.**

Please cast your vote to accept or reject the Debtor/Committee/Lender Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Debtor/Committee/Lender Plan will be tabulated solely as a vote to accept or reject the that Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Debtor/Committee/Lender Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Debtor/Committee/Lender Plan.

Please be aware that a vote to accept the Debtor/Committee/Lender Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, unless you elect not to grant such releases by checking the applicable box on the ballot. If you vote to reject the

Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box on your Debtor/Committee/Lender Plan Ballot. The Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtor/Committee/Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan).

For Holders of Loan Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan.

     d.    <u>Item 2A</u>: **Election to Rank the Debtor/Committee/Lender Plan.**

You have the option to accept more than one of the Plans. If you choose to accept more than one of the Plans, then you have the additional option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan). In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may <u>not</u> rank plans that you voted to reject, or on which you did not vote. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

     e.    <u>Item 2B</u>:  **Treatment Election for Class 1F Other Parent Claims.**

*Item 2B applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will not contain the Treatment Election described here. If your Debtor/Committee/Lender Plan Ballot does not relate to a Class 1F Other Parent Claim, please skip Item 2B and move on to Item 3 below.*

The Debtor/Committee/Lender Plan gives the Holders of Class 1F Other Parent Claims the right to elect between two alternative treatments, which are described in Section 3.2.6(c) of the Debtor/Committee/Lender Plan. If you wish, please check the box in Item 2B to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim. If you do not submit a Debtor/Committee/Lender Plan Ballot, or submit a Debtor/Committee/Lender Plan

Ballot but do not check the box in Item 2B, you will have consented to the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan for your Class 1F Other Parent Claim.

If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those Holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

      f.     <u>Item 3</u>: **Releases (Optional).**

If you vote to accept the Debtor/Committee/Lender Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Debtor/Committee/Lender Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt in to granting those releases. If you do not return a Debtor/Committee/Lender Plan Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

If you voted to accept the Debtor/Committee/Lender Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3. Similarly, if you voted to reject the Debtor/Committee/Lender Plan but wish to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Debtor/Committee/Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Debtor/Committee/Lender Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan to the fullest extent permitted by applicable law. **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will <u>not</u> receive the benefit of the releases set forth in the Debtor/Committee/Lender Plan.**

      g.     <u>Item 4</u>: **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 4 applies <u>only</u> to the Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims. If your Debtor/Committee/Lender Plan Ballot relates to a Claim in any other Class, your Debtor/Committee/Lender Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Debtor/Committee/Lender Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

Section 14.3.1 of the Debtor/Committee/Lender Plan provides as a default that Holders of certain Claims, including Senior Loan Claims, Bridge Loan Claims, Other Parent Claims, and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Debtor/Committee/Lender Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Debtor/Committee/Lender Plan. If a Holder of any such Claim wishes to opt out of this transfer, it must check the box in Item 4. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 4 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.2 of the Debtor/Committee/Lender Plan, to have, as of the Effective Date of the Debtor/Committee/Lender Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Debtor/Committee/Lender Plan Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

    h.    <u>Item 5</u>: **Certifications.**

Please review and complete the certifications in Item 5. Your original signature is required on the Debtor/Committee/Lender Plan Ballot for your votes on the Debtor/Committee/Lender Plan and your elections under the Debtor/Committee/Lender Plan to count. In addition, in Item 5, if you are completing the Debtor/Committee/Lender Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Debtor/Committee/Lender Plan Ballot.

**Returning Your Debtor/Committee/Lender Plan Ballot.** Once you have completed your Debtor/Committee/Lender Plan Ballot in accordance with the foregoing instructions, please return the completed Debtor/Committee/Lender Plan Ballot to the Voting Agent at the appropriate address specified in your Debtor/Committee/Lender Plan Ballot so that the Debtor/Committee/Lender Plan Ballot is <u>actually</u> <u>received</u> by the Voting Deadline.

Debtor/Committee/Lender Plan Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Debtor/Committee/Lender Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Debtor/Committee/Lender Plan Ballot will <u>not</u> be counted.

After the Voting Deadline, unless you obtain the prior consent of the Proponents of the Debtor/Committee/Lender Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Debtor/Committee/Lender Plan Ballot in any way, (ii) change your vote to accept or reject the Debtor/Committee/Lender Plan, (iii) change your Plan preference (if applicable), or (iv) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Debtor/Committee/Lender Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the Proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **January 8, 2011,** a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Proponents of each of the

Plans have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. **January 20, 2011, at 10:00 a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "Prior Plan"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Debtor/Committee/Lender Plan Ballot is Not a Proof of Claim or Interest.** The Debtor/Committee/Lender Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Debtors/Committee/Lender Plan of the nature, validity, or amount of any Claim or Interest.

<u>**Senior Loan Claims/Senior Guaranty Claims – Debtor/Committee/Lender Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR <u>TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms used but not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given them in (i) the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or (ii) the Debtor/Committee/Lender Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (1080); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Senior Loan Claims (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtor/Committee/Lender Plan jointly on this Debtor/Committee/Lender Plan Ballot, with each such vote to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims.

**Pre-Packaged Plan.** The Debtor/Committee/Lender Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Debtor/Committee/Lender Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and Senior Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2] The Holder of the Senior Loan Claim and Senior Guaranty Claims set forth above hereby votes

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all

with respect to such Claims on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.  ELECTION TO RANK THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Debtor/Committee/Lender Plan Ballot Plan (check only one box):*

☐ **1**      ☐ **2**      ☐ **3**      ☐ **4**

\* In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.  RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐ The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐ The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

---

agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Debtor/Committee/Lender Plan. The Joint Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  With respect to your Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

      ☐  The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Senior Loan Claim and Senior Guaranty Claims identified in Item 1 certifies that it:

a.  is the Holder of the Senior Loan Claim and Senior Guaranty Claims to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.  has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Senior Loan Claims and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____

      (Print or Type)

Signature: _____

By: _____

      (If Applicable)

Title:_____

      (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

4

Telephone Number: _____

Email: _____

Date Completed: _____

     This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Bridge Loan Claims – Debtor/Committee/Lender Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms used but not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or (ii) the Debtor/Committee/Lender Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC, KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1D Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM.  The undersigned certifies that as of December 6, 2010 (the "<u>Record Date</u>"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

A vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "<u>Guarantor Non-Debtor Release</u>") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Debtor/Committee/Lender Plan.  The Joint Disclosure Statement and the Debtor/Committee/Lender Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Debtor/Committee/Lender Plan, if the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

ITEM 2A.    ELECTION TO RANK THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL).
You have the option to vote on all four Plans.  You also have the option to rank your preferences among the Plans that you vote to accept.  If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Debtor/Committee/Lender Plan Ballot Plan (check only one box):*

☐ **1**        ☐ **2**        ☐ **3**        ☐ **4**

* In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking.  If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted.  You may <u>not</u> rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    RELEASES (OPTIONAL).  If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below.  If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐    The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐    The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐    The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION.  By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

a.    is the Holder of the Bridge Loan Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

3

b.  has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.  has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Bridge Loan Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Applicable)

Title:_____
        (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

       This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtors/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY**

**FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.

YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>Other Parent Claims – Debtor/Committee/Lender Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms used but not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or (ii) the Debtor/Committee/Lender Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    CONVENIENCE CLASS ELECTION (OPTIONAL).[2] Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

☐ The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Debtor/Committee/Lender Plan.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[3] The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

---

[2] If you make this Convenience Class Election, you will be deemed to have granted the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you elect not to grant such releases by checking the box opting not to grant such releases in Item 3 below.

[3] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

2

ITEM 2A.  ELECTION TO RANK THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Debtor/Committee/Lender Plan Ballot Plan (check only one box):\*

☐ **1**        ☐ **2**        ☐ **3**        ☐ **4**

\*  In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may <u>not</u> rank plans that you voted to reject, or on which you did not vote.

ITEM 2B.  ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL). Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim. If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 4 below—that election is only relevant for those holders who elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of their Other Parent Claims.

☐  The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for the Other Parent Claim voted herein.

ITEM 3.  RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐  The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐  The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.  ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL). The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan. If you wish to opt out of the

3

transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below. **If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan in Item 2B above, this election does not apply to you.**

☐   The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.   CERTIFICATION. By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

    b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

    c.   has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature: _____

By: _____
       (If Applicable)

Title: _____
       (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

4

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>EGI-TRB LLC Notes Claims – Debtor/Committee/Lender Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms used but not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or (ii) the Debtor/Committee/Lender Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 11 Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.  AMOUNT OF EGI-TRB LLC NOTES CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2] The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| □ to ACCEPT the Debtor/Committee/Lender Plan | □ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.  ELECTION TO RANK THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

The undersigned elects to assign the following ranking to the Debtor/Committee/Lender Plan Ballot Plan (check only one box): •

☐ **1**     ☐ **2**     ☐ **3**     ☐ **4**

• In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may <u>not</u> rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL). The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Debtor/Committee/Lender Plan. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐   The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 5.    CERTIFICATION. By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.   is the Holder of the EGI-TRB LLC Notes Claim to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the

3

Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

c.    has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Applicable)

Title:_____
(If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTORS/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**General Unsecured Claims against Filed Subsidiary Debtors – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Debtor/Committee/Lender Plan Ballot is for voting to accept or reject the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan"). Capitalized terms used but not defined in this Debtor/Committee/Lender Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Debtor/Committee/Lender Plan Ballot to Accept or Reject the Debtor/Committee/Lender Plan or (ii) the Debtor/Committee/Lender Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Debtor/Committee/Lender Plan Ballot is only to be used for voting your General Unsecured Claims (Class 2E – 111E Claims against the Filed Subsidiary Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Debtor/Committee/Lender Plan and, if desired, make the elections called for under the Debtor/Committee/Lender Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM AGAINST ONE OF THE FILED SUBSIDIARY DEBTORS. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount and classification of your Claim as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2] The Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors set forth above hereby votes with respect to such Claim on the Debtor/Committee/Lender Plan as follows (check one box only):

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

ITEM 2A.    ELECTION TO RANK THE DEBTOR/COMMITTEE/LENDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate

---

[2] Section 11.2.2 of the Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Debtor/Committee/Lender Plan); except as otherwise set forth in the Debtor/Committee/Lender Plan.

whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Debtor/Committee/Lender Plan Ballot Plan (check only one box):∗

<div align="center">

□ 1          □ 2          □ 3          □ 4

</div>

∗ In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.   RELEASES (OPTIONAL). If you return a Debtor/Committee/Lender Plan Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you voted to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below. If you do not return your Debtor/Committee/Lender Plan Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

□   The undersigned has voted to accept the Debtor/Committee/Lender Plan in Item 2 above but elects not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

□   The undersigned has voted to reject the Debtor/Committee/Lender Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.   [Intentionally Omitted].

ITEM 5.   CERTIFICATION. By signing this Debtor/Committee/Lender Plan Ballot, the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors identified in Item 1 certifies that it:

a.   is the Holder of the General Unsecured Claim against one of the Filed Subsidiary Debtors to which this Debtor/Committee/Lender Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Debtor/Committee/Lender Plan Ballot;

b.   has been provided with a copy of the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Debtor/Committee/Lender Plan Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Debtor/Committee/Lender Plan, and the Solicitation Order; and

<div align="center">3</div>

c. has not submitted any other Debtor/Committee/Lender Plan Ballots on account of the General Unsecured Claims voted herein that are inconsistent with the votes and elections set forth in this Debtor/Committee/Lender Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Debtor/Committee/Lender Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____

      (Print or Type)

Signature: _____

By: _____

      (If Applicable)

Title: _____

      (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Debtor/Committee/Lender Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtors/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

<div style="border:1px solid black; padding:8px">

**YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. DEBTOR/COMMITTEE/LENDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL DEBTOR/COMMITTEE/LENDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS DEBTOR/COMMITTEE/LENDER PLAN BALLOT, OR YOU MAY RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**
Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**
Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## INSTRUCTIONS FOR COMPLETING THE NOTEHOLDER PLAN BALLOT TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE PURPLE BALLOT ENCLOSED IN THIS SOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE NOTEHOLDER PLAN.  PLEASE READ AND FOLLOW THESE JOINT INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE NOTEHOLDER PLAN WILL BE COUNTED.**

**Why You Have Received a Noteholder Plan Ballot.**  You have been identified as a Holder of a Claim against Tribune Company and/or one of its subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors") that is entitled to vote to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5347); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan").[2] The Noteholder Plan is one of four (4) plans of reorganization that have been proposed for the Debtors. These plans of reorganization are referred to herein as the "Plans."

You have been identified as a Holder of a Claim that is entitled to vote to accept or reject the Noteholder Plan and to make certain elections under that Plan. You have accordingly been sent a purple ballot (the "Noteholder Plan Ballot") to allow you to vote on the Noteholder Plan and, if applicable, make elections available under the Noteholder Plan.

You may have received other ballots, which are on different colored paper, for voting on Plans other than the Noteholder Plan. Please note that to vote on those Plans, and make elections thereunder, you must use the applicable ballot. Votes cast on the purple ballot to accept or reject the Noteholder Plan will not count for purposes of voting to accept or reject any other Plan, and votes cast on other ballots respecting other Plans will not count for purposes of voting to accept or reject the Noteholder Plan. Your vote on each of the Plans is very important and may affect your rights and the treatment of your Claim, and therefore, you should be sure to vote on each Plan.

You may vote to accept any or all of the Plans, reject any or all of the Plans, or abstain from voting on any of the Plans, and your vote one way on one Plan does not preclude you from voting in any other way on any other Plan. Although multiple Plans have been proposed for the Debtors, and multiple Plans may receive the necessary votes to accept the Plan, the Bankruptcy Court will only confirm one Plan for the Debtors (or it may confirm none of the Plans).

**Materials that You Have Been Sent with the Noteholder Plan Ballot.** You have been sent with the ballots various materials to assist you in deciding how to vote on the Plans. Some of those materials are on CD-ROM. Those materials include (i) a General Disclosure Statement, which provides background information on the Debtors, their businesses, and their chapter 11 cases, and (ii) a Specific Disclosure Statement for each of the Plans, each of which describes in detail the Plan to which it relates and how that Plan proposes to treat Claims against and Interests in the Debtors and otherwise to reorganize the Debtors. The General Disclosure Statement and the Specific Disclosure Statements collectively comprise a "Joint Disclosure Statement" that has been approved by the Bankruptcy Court to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Plans.

In addition to the Joint Disclosure Statement, you have been sent certain other materials to assist you in voting on the Plans and making elections under the Plans, including (i) Responsive Statements submitted by several parties-in-interest setting forth those parties' views as to the Plans and Specific Disclosure Statements submitted by other parties, (ii) notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Plans, and (iii) an order of the Bankruptcy Court dated December 9, 2010 (the "Solicitation Order") that, among other things, approved the Joint Disclosure Statement, and established procedures for the solicitation and tabulation of votes to accept or reject the Plans. The Solicitation Order contains important information regarding the process of voting on the Plans and how votes on the Plans will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Plans and make the elections called for under each of the Plans. It is also very important that you consider and vote on each of the Plans.**

If you would like to receive hard copies of the General Disclosure Statement, the Specific Disclosure Statements, the Plans, or any other materials relating to the Plans, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

---

[2] Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in the Noteholder Plan or the General Disclosure Statement, as applicable.

**Deadline for Returning Noteholder Plan Ballots.** You must complete, sign and date your Noteholder Plan Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "<u>Voting Agent</u>") so that it is <u>actually received</u> by the Voting Agent no later than **4:00 p.m. (Eastern Time) on January 28, 2011 (the "<u>Voting Deadline</u>").** Please do <u>not</u> mail your Noteholder Plan Ballot directly to the Debtors or to any of the Proponents of the Noteholder Plan. If you do not return your Noteholder Plan Ballot so that it is <u>actually received</u> by the Voting Deadline, the votes reflected on your Noteholder Plan Ballot will <u>not</u> be counted, and the elections reflected on your Noteholder Plan Ballot will <u>not</u> be valid.

**How to Complete Your Noteholder Plan Ballot.** The following are step-by-step instructions for how to complete your Noteholder Plan Ballot for voting on the Noteholder Plan and making the elections called for thereunder:

a.      <u>Item 1</u>: **Amount of Claim.**

Please certify the amount of your Claim as of December 6, 2010 (the "<u>Record Date</u>"). By certifying the amount in Item 1, you are certifying that the party submitting the Noteholder Plan Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Noteholder Plan Ballot. The preprinted amount of the Claim set forth in Item 1 of the Noteholder Plan Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Noteholder Plan Ballot, please see "Questions Concerning Your Claim Amount" below.

b.      <u>Item 2</u>: **Vote to Accept or Reject the Noteholder Plan.**

Please cast your vote to accept or reject the Noteholder Plan by checking the applicable box in Item 2. Any vote you cast to accept or reject the Noteholder Plan will be tabulated solely as a vote to accept or reject the Noteholder Plan, and will not apply to any other Plans. Please note that you must vote the entire amount of your Claim to accept or reject the Noteholder Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Noteholder Plan.

c.      <u>Item 2A</u>: **Election to Rank the Noteholder Plan.**

You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan). In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may <u>not</u> rank plans that you voted to reject, or on which you did not vote. **Please note that, although the preferences of Holders of Claims will be taken into account at confirmation, the Bankruptcy Court is not bound to confirm the Plan preferred by the Holders of Claims.**

d.      <u>Item 3</u>: **Other Parent Claims Put Election and Other Guarantor Debtor Claims Put Election (Optional).**

*Item 3 applies <u>only</u> to (i) Holders of Class 1G Other Parent Claims against Tribune Company and (ii) Holders of Other Guarantor Debtor Claims against the Guarantor Debtors, which are in Classes 50G through 111G under the Noteholder Plan. If your Noteholder Plan Ballot does not relate to Claims in those Classes, your Noteholder Plan Ballot will indicate Item 3 has been "[Intentionally Omitted]". If*

3

*your Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 3, please skip Item 3 and move on to Item 4.*

Holders of Other Parent Claims. The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims. Section 3.2.7(c) of the Noteholder Plan permits Holders of Other Parent Claims to exercise the Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan. If a Holder of Other Parent Claims wishes to exercise the Other Parent Claims Put Option, such Holder (i) must check the box in Item 3 of its Noteholder Plan Ballot and (ii) may not exercise the Non-Contribution Election in Item 4. By making the Other Parent Claims Put Election, a Holder of Other Parent Claims is electing to sell its Other Parent Claims to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of its Other Parent Claims; *provided, however,* that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their Pro Rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interest on account of such remaining amount of the Other Parent Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Parent Claims will be purchased only if the following conditions are satisfied: (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) such Holder makes the "Other Parent Claims Put Election" on its Noteholder Plan Ballot; and (iii) such Holder does not make the Non-Contribution Election on its Noteholder Plan Ballot. Please also note that Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Parent Claims does not make the Other Parent Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

Holders of Other Guarantor Debtor Claims. The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Noteholder Plan permits Holders of Other Guarantor Debtor Claims to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan. If a Holder of Other Guarantor Debtor Claims wishes to exercise the Other Guarantor Debtor Claims Put Option, such Holder must check the appropriate box in Item 3 of its Noteholder Plan Ballot. By making the Other Guarantor Debtor Claims Put Election, a Holder of Other Guarantor Debtor Claims is electing to sell its Other Guarantor Debtor Claims to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of its Other Guarantor Debtor Claims; *provided, however,* that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a Pro Rata share of the Other Guarantor Debtor Put Claims in the applicable Class, rounded to the nearest whole dollar, at the Other Guarantor Debtor Purchase Price and the remaining portion of the applicable Other Guarantor Debtor Put Claims shall receive their Pro Rata share of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the applicable Other Guarantor Debtor Put Claims.

Please note that, as set forth in Section 5.14 of the Noteholder Plan, a Holder's Other Guarantor Debtor Claims will be purchased only if the following conditions are satisfied: (i) the Other Guarantor Debtor Claims Class that such Holder's Other Guarantor Debtor Claims are in votes to accept the Noteholder Plan and (ii) such Holder makes the "Other Guarantor Debtor Claims Put Election" on its

4

Noteholder Plan Ballot. Please also note that Other Guarantor Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If a Holder of Other Guarantor Debtor Claims does not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, such Holder will not be eligible to participate in the Claims Purchase.

    e.    Item 4: **Non-Contribution Election (Optional).**

    *Item 4 applies only to Holders of Claims against Tribune Company, and does not apply to Holders of Claims against the Subsidiary Debtors. If your Claim is solely against one of the Subsidiary Debtors, your Noteholder Plan Ballot will indicate that Item 4 has been "[Intentionally Omitted]". If your Noteholder Plan Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5.*

    Section 5.18.2 of the Noteholder Plan provides as a default that Holders of Claims against Tribune Company will assign State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Noteholder Plan. Holders of Claims against Tribune Company have the right to opt out of this assignment under Section 5.18.2 of the Noteholder Plan. If a Holder of a Claim against Tribune Company wishes to opt out of this assignment, it must check the box in Item 4. If a Holder of a Claim against Tribune Company checks the Non-Contribution Election box, it will be "opting out" of contributing all State Law Avoidance Claims it now holds or may hold in the future, which State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If a Holder of a Claim against Tribune Company makes the Non-Contribution Election, such Holder will not be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

    If a Holder of a Claim against Tribune Company does not make the Non-Contribution Election, such Holder will be deemed, pursuant to Section 5.18.2 of the Noteholder Plan, to have, as of the Effective Date of the Noteholder Plan, contributed all of such Holder's State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Noteholder Plan Ballot, such Holder will be deemed to have transferred all of its State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 5.18 of the Noteholder Plan.

    f.    Item 5: **Certifications.**

    Please review and complete the certifications in Item 5. Your original signature is required on the Noteholder Plan Ballot for your votes on the Noteholder Plan and your elections under the Noteholder Plan to count. In addition, in Item 5, if you are completing the Noteholder Plan Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Noteholder Plan Ballot.

    **Returning Your Noteholder Plan Ballot.** Once you have completed your Noteholder Plan Ballot in accordance with the foregoing instructions, please return the completed Noteholder Plan Ballot to the Voting Agent at the appropriate address specified in your Noteholder Plan Ballot so that the Noteholder Plan Ballot is actually received by the Voting Agent before the Voting Deadline.

Noteholder Plan Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Noteholder Plan Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Noteholder Plan Ballot will <u>not</u> be counted.

After the Voting Deadline, unless you obtain the prior consent of the proponents of the Noteholder Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Noteholder Plan Ballot in any way, (ii) change your vote to accept or reject the Noteholder Plan, (iii) change your Plan preference (if applicable), (iv) change your decision to make or not make the Other Parent Claims Put Election and/or the Other Guarantor Debtor Claims Put Option (if applicable), or (v) change your election to transfer your State Law Avoidance Claims to the Creditors' Trust (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Noteholder Plan Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your claim allowed solely for voting purposes under the Plans in a different amount, you must serve on the Debtors and the proponents of each of the Plans (at the notice addresses specified in Article X of the General Disclosure Statement) and file with the Bankruptcy Court, on or before **January 8, 2011,** a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your ballot for each Plan will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the proponents of each of the Plans have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules. **January 20, 2011, at 10:00 a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Votes on Prior Plan.** You may previously have received a ballot for voting to accept or reject the Amended Joint Plan of Reorganization, dated June 4, 2010, which was proposed by the Debtors (as subsequently amended, the "<u>Prior Plan</u>"). Ballots that were used in voting to accept or reject the Prior Plan are no longer valid. If you cast a vote to accept or reject the Prior Plan, that vote will not be counted as a vote to accept or reject any of the Plans. If you want to have a vote counted to accept or reject some or all of the Plans, and your elections respecting the Plans to be followed, you must complete and return the enclosed ballot by the Voting Deadline.

**Additional Questions.** If you have questions concerning the ballots or the procedures for voting to accept or reject the Plans, or if you need an additional ballot or additional copies of other materials in the Solicitation Package, please contact the Voting Agent at (888) 287-7568 or tribunevote@epiqsystems.com. Many materials in the Solicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Noteholder Plan Ballot is Not a Proof of Claim or Interest.** The Noteholder Plan Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the Proponents of the Noteholder Plan of the nature, validity, or amount of any Claim or Interest.

<u>Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims – Noteholder Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP ONE SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP ONE SENIOR LOAN GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Noteholder Plan</u>"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

This Noteholder Plan Ballot is only to be used for voting your Step One Senior Loan Claims (Class 1C Claims against Tribune Company) and your Step One Senior Loan Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step One Senior Loan Claims and Step One Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.   AMOUNT OF CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Step One Senior Loan Claim against Tribune Company and Step One Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.   VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.  ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ 1        ☐ 2        ☐ 3        ☐ 4

\*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). With respect to your Step One Senior Loan Claim (Class 1C Claim against Tribune Company) *only*, the Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step One Senior Loan Claim voted on this Noteholder Plan Ballot.**

*\*\* The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step One Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step One Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step One Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.**

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Step One Senior Loan Claim and Step One Senior Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.    has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.    has not submitted any other Noteholder Plan Ballots on account of the Step One Senior Loan Claim and/or Step One Senior Loan Guaranty Claims voted herein that

3

are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
       (If Applicable)
Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM.</u>**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTEHOLDER PLAN BALLOT FOR HOLDERS OF STEP TWO SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND STEP TWO SENIOR LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)**

        This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

The Noteholder Plan Ballot is only to be used for voting your Step Two Senior Loan Claims (Class 1D Claims against Tribune Company) and your Step Two Senior Loan Guaranty Claims (Classes 50D – 111D Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Step Two Senior Loan Claims and Step Two Senior Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THE NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan, and if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Step Two Senior Loan Claim against Tribune Company and Step Two Senior Loan Guaranty Claims against the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

2

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ **1**     ☐ **2**     ☐ **3**     ☐ **4**

\* In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). With respect to your Step Two Senior Loan Claim (Class 1D Claims against Tribune Company) *only,* the Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Step Two Senior Loan Claim voted on this Noteholder Plan Ballot.**

\*\* *The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Step Two Senior Loan Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Step Two Senior Loan Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Step Two Senior Loan Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Step Two Senior Loan Claim and Step Two Senior Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.    has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

   c.  has not submitted any other Noteholder Plan Ballots on account of the Step Two Senior Loan Claims and/or Step Two Senior Loan Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
         (If Applicable)
Title:_____
         (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN**

**BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

5

**Bridge Loan Claims and Bridge Loan Guaranty Claims – Noteholder Plan**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY AND BRIDGE LOAN GUARANTY CLAIMS AGAINST THE GUARANTOR DEBTORS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

This Noteholder Plan Ballot is only to be used for voting your Bridge Loan Claims (Class 1E Claims against Tribune Company) and your Bridge Loan Guaranty Claims (Classes 50E – 111E against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

Please note that Bridge Loan Claims and Bridge Loan Guaranty Claims will be voted on the Noteholder Plan jointly on this Noteholder Plan Ballot, with each such vote to be counted as a vote to accept or reject the Noteholder Plan in the relevant Classes of Bridge Loan Claims and Bridge Loan Guaranty Claims.

**Pre-Packaged Plan.** The Noteholder Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Solicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Noteholder Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

*PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for under the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF BRIDGE LOAN CLAIM AND BRIDGE LOAN GUARANTY CLAIMS. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company and a Bridge Loan Guaranty Claim against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claims as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims set forth above hereby votes with respect to such Claims on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ 1        ☐ 2        ☐ 3        ☐ 4

\*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). With respect to your Bridge Loan Claim (Class 1E Claim against Tribune Company) *only,* the Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Bridge Loan Claim voted on this Noteholder Plan Ballot.\*\*

*\*\* The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Bridge Loan Claim, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Bridge Loan Claim and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.* **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Bridge Loan Claim to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claim.**

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Bridge Loan Claim and Bridge Loan Guaranty Claims to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

b.    has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

c.    has not submitted any other Noteholder Plan Ballots on account of the Bridge Loan Claim and/or Bridge Loan Guaranty Claims that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the

3

Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
     (If Applicable)

Title:_____
     (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

<u>Other Parent Claims – Noteholder Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR <u>TRIBUNE COMPANY AND ITS SUBSIDIARIES)</u>

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "<u>Noteholder Plan</u>"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

This Noteholder Plan Ballot is only to be used for voting your Other Parent Claims (Class 1G Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ **1**        ☐ **2**        ☐ **3**        ☐ **4**

\*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    OTHER PARENT CLAIMS PUT ELECTION (OPTIONAL).

The Noteholder Plan, at Section 3.2.7(c), permits you to exercise the Other Parent Claims Put Option, which is an election to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim. If you wish to exercise the Other Parent Claims Put Option, you (i) must check the box below in this Item 3 and (ii) may not exercise the Non-Contribution Election in Item 4 below.

2

☐   I wish to exercise the Other Parent Claims Put Option with respect to the Other Parent Claim voted on this Noteholder Plan Ballot.**

** *The Noteholder Plan provides for the Other Parent Claims Put Election for Holders of Other Parent Claims.  Section 3.2.7(c) of the Noteholder Plan permits you to exercise the Other Parent Claims Put Option described in Section 5.14 of the Noteholder Plan.  By making the Other Parent Claims Put Election, you are electing to sell your Other Parent Claim to the Claims Purchaser in exchange for Cash in the amount of 15% of the Allowed amount of your Other Parent Claim; provided, however, that in no event shall the Other Parent Claims Purchase Price exceed the Other Parent Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion.  To the extent the aggregate consideration necessary to purchase the Other Parent Put Claims exceeds the Other Parent Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Parent Put Claims, rounded to the nearest whole dollar, at the Other Parent Claims Purchase Price and the remaining share of the Other Parent Put Claims shall receive their pro rata portion of the Initial Distribution, Distribution Trust Interests and Creditors' Trust Interests on account of such remaining amount of the Other Parent Put Claims.*

*If you make the Other Parent Claims Put Election, subject to the Other Parent Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Parent Claim, including no Trust Interests or distributions from the Distribution Trust or Creditors' Trust, if applicable.  Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Parent Claim will be purchased only if the following conditions are satisfied:  (i) the Other Parent Claims Class votes to accept the Noteholder Plan; (ii) you make the "Other Parent Claims Put Election" on your ballot; and (iii) you do not make the Non-Contribution Election on your ballot.  Please also note that your Other Parent Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective.  If you do not make the Other Parent Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL).  The Noteholder Plan, at section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan.  If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐  I wish to **opt out** of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Other Parent Claim voted on this Noteholder Plan Ballot.**

**The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan.  You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan.  If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Other Parent Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan.  If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Other Parent Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims.  **If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have**

3

*transferred all of your State Law Avoidance Claims in respect of your Other Parent Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

***PLEASE NOTE THAT YOU CANNOT MAKE THE NON-CONTRIBUTION ELECTION IF YOU WISH TO ELECT THE OTHER PARENT CLAIMS PUT OPTION.***

ITEM 5.    CERTIFICATION.  By signing this Noteholder Plan Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

    b.   has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the Other Parent Claims voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
     (If Applicable)

Title:_____
     (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

4

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5014 New York, NY 10150-5014 | Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions 757 Third Avenue, Third Floor New York, NY 10017 |

**EGI-TRB LLC Notes Claims – Noteholder Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity As Successor Indenture Trustee For Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder Plan Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1H Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
| --- | --- |

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ 1        ☐ 2        ☐ 3        ☐ 4

*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

☐ I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the EGI-TRB LLC Notes Claim voted on this Noteholder Plan Ballot.**

2

** *The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your EGI-TRB LLC Notes Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your EGI-TRB LLC Notes Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your EGI-TRB LLC Notes Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

    a.   is the Holder of the EGI-TRB LLC Notes Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for on this Noteholder Plan Ballot;

    b.   has been provided with a copy of Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature: _____

By: _____
       (If Applicable)

Title: _____
       (If Applicable)

Street Address: _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Subordinated Securities Claims – Noteholder Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTEHOLDER PLAN BALLOT FOR HOLDERS OF SUBORDINATED SECURITIES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

     This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

    This Noteholder Plan Ballot is only to be used for voting your Subordinated Securities Claims (Class 1K Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

    **To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF SUBORDINATED SECURITIES CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Subordinated Securities Claim in the aggregate unpaid amount set forth below.

$ _____

    **The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Subordinated Securities Claim set forth above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
| --- | --- |
|  |  |

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

☐ **1**    ☐ **2**    ☐ **3**    ☐ **4**

*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    [Intentionally Omitted.]

ITEM 4.    NON-CONTRIBUTION ELECTION (OPTIONAL). The Noteholder Plan, at Section 5.18.2 thereof, permits you to opt out of the transfer of State Law Avoidance Claims that you may have to the Creditors' Trust under the Noteholder Plan. If you wish to opt out of the transfer of any State Law Avoidance Claims you may have, please check the box below.

2

[] I wish to opt out of the transfer of State Law Avoidance Claims under the Noteholder Plan with respect to the Subordinated Securities Claim voted on this Noteholder Plan Ballot.**

** *The Noteholder Plan provides as a default that Holders of Claims against Tribune Company will contribute State Law Avoidance Claims to the Creditors' Trust to be established under the Noteholder Plan. You have the right to opt out of this contribution under Section 5.18.2 of the Noteholder Plan. If you check the Non-Contribution Election box, you will be "opting out" of contributing all State Law Avoidance Claims you now hold or may hold in the future in connection with your Subordinated Securities Claims, which State Law Avoidance Claims would otherwise be prosecuted on your behalf by the Creditors' Trust pursuant to Section 5.18 of the Noteholder Plan. If you make the Non-Contribution Election, you will not be entitled to receive Creditors' Trust Interests in respect of your Subordinated Securities Claims and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust allocable to such Claims. If you do not make the Non-Contribution Election, or if you do not submit this ballot, you will be deemed to have transferred all of your State Law Avoidance Claims in respect of your Subordinated Securities Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any, allocable to such Claims.*

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Subordinated Securities Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Subordinated Securities Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.   has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.   has not submitted any other Noteholder Plan Ballots on account of the Subordinated Securities Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
              (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                          **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center      Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC            c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                    757 Third Avenue, Third Floor
New York, NY 10150-5014                       New York, NY 10017

<u>Other Guarantor Debtor Claims – Noteholder Plan</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTEHOLDER PLAN BALLOT FOR HOLDERS OF OTHER GUARANTOR DEBTOR CLAIMS TO ACCEPT OR REJECT THE NOTEHOLDER PLAN (AS DEFINED IN THE JOINT DISCLOSURE STATEMENT FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES)

This Noteholder Plan Ballot is for voting to accept or reject the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Noteholder Plan"). Capitalized terms used but not defined in this Noteholder Plan Ballot have the meanings given to them in (i) the Instructions for Completing the Noteholder Plan Ballot to Accept or Reject the Noteholder Plan or (ii) the Noteholder Plan, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Noteholder Plan Ballot is only to be used for voting your Other Guarantor Debtor Claims (Classes 50G – 111G Claims against the Guarantor Debtors). If you hold other Claims against Tribune Company or the Subsidiary Debtors in these Chapter 11 Cases and those Claims are in Classes entitled to vote on any of the Plans, you will receive separate ballots to vote such Claims.

***PRIOR TO COMPLETING THIS NOTEHOLDER PLAN BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED WITH THIS NOTEHOLDER PLAN BALLOT FOR FURTHER EXPLANATIONS ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.***

**To vote to accept or reject the Noteholder Plan and, if desired, make the elections called for in the Noteholder Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER GUARANTOR DEBTOR CLAIMS. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of an Other Guarantor Debtor Claim in the aggregate unpaid amount set forth below.

> Debtor _____
> Class  _____
> $      _____

**The preprinted amount of your Claim and its classification as set forth above control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN. The Holder of the Other Guarantor Debtor Claim set forth in Item 1 above hereby votes with respect to such Claim on the Noteholder Plan as follows (check one box only):

| ☐ to ACCEPT the Noteholder Plan | ☐ to REJECT the Noteholder Plan |
|---|---|
| | |

ITEM 2A.    ELECTION TO RANK THE NOTEHOLDER PLAN (OPTIONAL). You have the option to vote on all four Plans. You also have the option to rank your preferences among the Plans that you vote to accept. If you wish to rank the Plans that you vote to accept, you should check the box in item 2A of the respective ballots to designate whether, among the Plans that you have voted to accept, you rank each Plan as your number 1, 2, 3 or 4 preference among such Plans (with 1 being the most preferred Plan).

The undersigned elects to assign the following ranking to the Noteholder Plan (check only one box):*

<div align="center">

☐ **1**    ☐ **2**    ☐ **3**    ☐ **4**

</div>

\*    In order for your ranking to be counted you must (i) rank all Plans that you voted to accept, and (ii) not have given any two Plans the same ranking. If you fail to rank all Plans that you voted to accept or give more than one Plan the same ranking, your ranking will not be counted. You may not rank plans that you voted to reject, or on which you did not vote.

ITEM 3.    OTHER GUARANTOR DEBTOR CLAIMS PUT ELECTION (OPTIONAL). The Noteholder Plan, at Section 3.4.6(c), permits you to exercise the Other Guarantor Debtor Claims Put Option, which is an election to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim. If you wish to exercise the Other Guarantor Debtor Claims Put Option, you must check the box below in this Item 3.

☐ I wish to exercise the Other Guarantor Debtor Claims Put Option provided in Section 3.4.6(c) of the Noteholder Plan with respect to the Other Guarantor Debtor Claim voted on this Noteholder Plan Ballot.**

*\*\* The Noteholder Plan provides for the Other Guarantor Debtor Claims Put Election for Holders of Other Guarantor Debtor Claims. Section 3.4.6(c) of the Noteholder Plan permits you to exercise the Other Guarantor Debtor Claims Put Option described in Section 5.14 of the Noteholder Plan. By making the Other Guarantor Debtor Claims Put Election, you are electing to sell your Other Guarantor Debtor Claim to the Claims Purchaser in exchange for Cash in the amount of 25% of the Allowed amount of your Other Guarantor Debtor Claim; provided, however, that in no event shall the Other Guarantor Debtor Claims Purchase Price exceed the Other Guarantor Debtor Claims Purchase Price Cap, unless otherwise agreed to by the Claims Purchaser in its sole discretion. To the extent the aggregate consideration necessary to purchase the Other Guarantor Debtor Put Claims exceeds the Other Guarantor Debtor Claims Purchase Price Cap, the Claims Purchaser will purchase a pro rata share of the Other Guarantor Debtor Put Claims, rounded to the nearest whole dollar, at the Other Guarantor Debtor Claims Purchase Price and the remaining share of the Other Guarantor Debtor Put Claims shall receive their pro rata portion of the Initial Distribution and Distribution Trust Interests on account of such remaining amount of the Other Guarantor Debtor Put Claims.*

*If you make the Other Guarantor Debtor Claims Put Election, subject to the Other Guarantor Debtor Claims Purchase Price Cap, you will not be entitled to receive any further distributions on account of your Other Guarantor Debtor Claim, including no further distributions from the Distribution Trust. Please note that, as set forth in Section 5.14 of the Noteholder Plan, your Other Guarantor Debtor Claim will be purchased only if the following conditions are satisfied: (i) the applicable Other Guarantor Debtor Claims Class votes to accept the Noteholder Plan and (ii) you make the "Other Guarantor Debtor Claims Put Election" on your Noteholder Plan Ballot. Please also note that your Other Guarantor Debtor Claims will be purchased only if the Noteholder Plan is confirmed by the Bankruptcy Court and thereafter becomes effective. If you do not make the Other Guarantor Debtor Claims Put Election prior to the Voting Deadline, you will not be eligible to participate in the Claims Purchase.*

ITEM 4.    [Intentionally Omitted.]

ITEM 5.    CERTIFICATION. By signing this Noteholder Plan Ballot, the Holder of the Other Guarantor Debtor Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Other Guarantor Debtor Claim to which this Noteholder Plan Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Noteholder Plan and make the elections called for in this Noteholder Plan Ballot;

    b.    has been provided with a copy of the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, the Responsive Statements, and the Solicitation Order and acknowledges that the votes and elections set forth on this Noteholder Plan Ballot are subject to all of the terms and conditions set forth in the Noteholder Plan, the General Disclosure Statement, the Specific Disclosure Statement for the Noteholder Plan, and the Solicitation Order; and

    c.    has not submitted any other Noteholder Plan Ballots on account of the Other Guarantor Debtor Claim voted herein that are inconsistent with the votes and elections set forth in this Noteholder Plan Ballot or that, as limited by the terms of the

3

Solicitation Order and the instructions attached hereto, if such other Noteholder Plan Ballots related to the Noteholder Plan were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Noteholder Plan Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Noteholder Plan Proponents of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR NOTEHOLDER PLAN BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JANUARY 28, 2011) OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE NOTEHOLDER PLAN, AND YOUR ELECTIONS WILL NOT BE VALID. NOTEHOLDER PLAN BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTEHOLDER PLAN BALLOT OR THE PROCEDURES FOR VOTING ON THE PLANS, OR IF YOU NEED AN ADDITIONAL NOTEHOLDER PLAN BALLOT OR ADDITIONAL COPIES OF THE JOINT DISCLOSURE STATEMENT, THE PLANS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS NOTEHOLDER PLAN BALLOT, OR YOU MAY RETURN YOUR NOTEHOLDER PLAN BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017