# EXHIBIT B

*Second Mediation Term Sheet*

## Term Sheet For Joint Plan Supported By Debtors, Official Committee Of Unsecured Creditors, Oaktree, Angelo Gordon, and JPMorgan And Endorsed By Mediator

| Plan Proponents | Debtors, Oaktree, Angelo Gordon, JPMorgan, and the Committee |
|---|---|
| Plan Settlements | Partial Settlements of "Step One" and "Step Two" LBO-Related Causes of Action in exchange for (a) approximately $402 million in reallocation of value away from holders of Senior Loan Claims; and (b) $120 million in cash from the "Step Two Disgorgement Settlement" described below. |
| Senior Loan Claims Against Tribune | *Estimated Recovery Percentage on Effective Date*: 1.08%[1]<br>*Dollar Value of Recovery on Effective Date*: $92.4 million<br>*Form of Recovery*:<br>• Allowed in full and eligible to receive distributions, without reduction, offset, counterclaim or subordination. Distributions made ratably to the holders of all tranches of Senior Loans.<br>• New Common Stock, New Senior Secured Term Loan, Distributable Cash.<br>• Litigation Trust Interests (allocated as described below). |
| Senior Loan Guaranty Claims Against Subsidiaries (Including Guaranty Of Swap Claim) | *Estimated Recovery Percentage on Effective Date*: 62.50%<br>*Dollar Value of Recovery on Effective Date*: $5.452 billion<br>*Form of Recovery*:<br>• Allowed in full and eligible to receive distributions, without reduction, offset, counterclaim or subordination. Distributions made ratably to the holders of all tranches of Senior Loans.<br>• New Common Stock, New Senior Secured Term Loan, Distributable Cash. |
| Bridge Loan Claims And Bridge Loan Guaranty Claims | *Estimated Recovery Percentage on Effective Date*: 0%<br>*Dollar Value of Recovery on Effective Date*: $0<br>*Disputed*: Subject to objection by the Litigation Trust.<br>• To the extent any Bridge Loan Claims are allowed, Bridge Loan Claims held by the Step Two Arrangers (as defined below) or their affiliates will receive no worse treatment than other Bridge Loan Claims unless otherwise agreed by the Step Two Arrangers.<br>*Form of Recovery*:<br>• Reserve of $77.7 million in cash held and distributed if Bridge Loan Claims are allowed. |

---

[1] Recovery percentages for Senior Loan and Senior Loan Guaranty Claims, as well as amount of the reserve for Bridge Loan Claims, are based on the mid-point Distributable Value set forth in the Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization dated June 4, 2010.

| | |
|---|---|
| **Senior Noteholder Claims** | *Estimated Recovery Percentage on Effective Date*: 32.73%<br>*Dollar Value of Recovery on Effective Date*: $420 million<br>*Form of Recovery*:<br>• $420 million in cash.<br>• Litigation Trust Interests (allocated as described below). |
| **PHONES Notes Claims** | *Estimated Recovery Percentage on Effective Date*: 0%<br>*Dollar Value of Recovery on Effective Date*: $0<br>*Form of Recovery*: Litigation Trust Interests (allocated as described below), redistributed until contractually senior creditors are paid in full. |
| **EGI-TRB LLC Notes** | *Estimated Recovery Percentage on Effective Date*: 0%<br>*Dollar Value of Recovery on Effective Date*: $0<br>*Form of Recovery*: Litigation Trust Interests (allocated as described below), redistributed until contractually senior creditors are paid in full. |
| **Other Parent General Unsecured Claims (Including Swap Claim Against Tribune)** | *Estimated Recovery Percentage on Effective Date*: 35.18% (Option 1)<br>*Dollar Value of Recovery on Effective Date*: $93.1 million (Option 1)<br>*Form of Recovery*:<br>• Option 1: 35.18% in cash.<br>• Option 2: (a) 32.73% in cash; and (b) Litigation Trust Interests (allocated as described below).<br>• Retiree claims will be allowed as set forth in the Retiree Claimant Settlement Agreement (as defined in Debtors' Amended Joint Plan of Reorganization dated June 4, 2010) and eligible to receive distributions, without reduction, offset, counterclaim or subordination |
| **Subsidiary General Unsecured Claims** | *Recovery Percentage on Effective Date*: 100%<br>*Dollar Value of Recovery on Effective Date*: $85 million<br>*Form of Recovery*: cash payment in full (without postpetition interest). |
| **Tribune Equity** | No recovery. |

| | |
|---|---|
| **Step Two Disgorgement Settlement** | "Disgorgement Claims" means claims against any current or former holder of Senior Loans and/or Bridge Loans for disgorgement of principal, interest and fees paid on account of the Incremental Term Loan B tranche of the Senior Loan Agreement and/or the Bridge Loan Agreement (collectively, the "Step Two Loans").
| | The Plan will constitute an offer to settle (the "Step Two/Disgorgement Settlement") (a) the Disgorgement Claims; and (b) claims against JPMorgan, Merrill Lynch, Bank of America and Citigroup and each of their respective affiliates (the "Step Two Arrangers") each in their capacity as agents and arrangers of the Step Two Loans, for an aggregate of $120 million, made up of (a) in the case of recipients of payments on the Incremental tranche, their pro rata share (based on amounts received) of $63,269,787, and (b) in the case of recipients of payments on the Bridge Loan, their pro rata share (based on amounts received) of $56,730,213.
| | Amounts allocable to payment recipients that do not participate in the settlement will be advanced by the Step Two Arrangers as agreed among the Step Two Arrangers so that the estate will receive $120 million in cash on the plan effective date, subject to reimbursement from the proceeds of Litigation Trust recoveries in respect of the Disgorgement Claims.
| | Lenders that participate in the Step Two Disgorgement Settlement will waive any right to assert additional Senior Loan or Bridge Loan Claims in excess of those Claims currently held by such Lenders on account of the settlement payments; provided, however, that nothing herein shall limit the provisions set forth in the first bullet of the section labeled "Bridge Loan Claims And Bridge Loan Guaranty Claims" above. |

| | |
|---|---|
| **Litigation And Creditors Trust (The "Trusts")** | • Except for claims released under the Plan (as summarized below), all estate-owned LBO-Related Causes of Action not transferred to the creditors' trust will be assigned to a litigation trust.<br>• Except for claims released under the Plan (as summarized below), all LBO-Related Causes of Action arising under state avoidance law will be assigned by creditors to a separate creditors' trust.<br>• "Transferred Claims" means the claims assigned to the Trusts as set forth above.<br>• The Trusts will be funded with a $20 million loan from Reorganized Tribune, with the Trusts jointly and severably liable for repayment of the loan.<br>• The Trusts will be governed by one or more boards consisting of members of the Committee.<br>• Except as provided with respect to recoveries on Disgorgement Claims as set forth below, the net proceeds of recoveries on the Transferred Claims shall be allocated as follows:<br>   o First $90 million on a pro rata basis to holders of Senior Noteholder Claims, Other Parent General Unsecured Claims selecting Option 2, PHONES Notes Claims, and EGI-TRB LLC Notes (if allowed) (collectively, the "Non-Senior Loan Claims"), with PHONES and EGI-TRB subordination enforced until contractually senior creditors are paid in full.<br>   o Next $20 million to repay the loan from Reorganized Tribune.<br>   o Remaining proceeds split 65% to holders of Non-Senior Loan Claims on a pro rata basis and 35% to holders of Senior Loan Claims, in each case with PHONES and EGI-TRB subordination enforced until contractually senior creditors are paid in full.<br>First recoveries on Disgorgement Claims shall be used to repay the Step Two Arrangers for any Step Two/Disgorgement Settlement amounts advanced for non-settling parties. The agreements governing the Trusts will provide for (i) an allocation of the cost of pursuing Disgorgement Claims between the general expenses of the Trusts and the recoveries on Disgorgement Claims; and (ii) procedures for control of any legal proceedings and/or settlements in respect of Disgorgement Claims, in each case on a basis satisfactory to both the Committee and the Step Two Arrangers. |

| Releases, Contribution Bar and Judgment Reduction | *Releases:* All estate-owned LBO-Related Causes of Action against the entities set forth below, other than claims for disallowance of the Bridge Loan Claims and Disgorgement Claims against non-settling parties, will be released: <br><br>1. Current and former holders of Senior Loan Claims and Bridge Loan Claims and their respective affiliates in their capacities as such, but not in their capacities (if any) as holders of common stock of Tribune redeemed in connection with the "Step Two" transactions consummated in December 2007. <br><br>2. Holders of common stock of Tribune redeemed in connection with the "Step One" transactions consummated in June 2007, in their capacities as such. <br><br>3. Agents and arrangers of the Senior Loans and the Bridge Loans that participate in the Step Two/Disgorgement Settlement and their respective affiliates in their capacities as agents, arrangers, and recipients of payments but not in their capacities (if any) as advisors. <br><br>*Contribution Bar and Judgment Reduction.* The plan will include a contribution bar and judgment reduction provisions with respect to all claims released under the Plan. |
|---|---|