Exhibit 3

**Black Line Changed Pages Comparing the December 8, 2010 First Amended Joint Plan of Reorganization to the version filed December 6, 2010 [Docket No. 7050]**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) |

**FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. |
| James F. Conlan | Norman L. Pernick (No. 2290) |
| Bryan Krakauer | J. Kate Stickles (No. 2917) |
| Janet E. Henderson | Patrick J. Reilley (No. 4451) |
| Kevin T. Lantry | 500 Delaware Avenue, Suite 1410 |
| Jessica C.K. Boelter | Wilmington, DE 19801 |
| One South Dearborn Street | Telecopier: (302) 652-3117 |
| Chicago, IL 60603 | |
| Telecopier: (312) 853-7036 | |

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

| | | |
|---|---|---|
| CHADBOURNE & PARKE LLP | LANDIS RATH & COBB LLP | ZUCKERMAN SPAEDER LLP |
| Howard Seife | Adam G. Landis | Graeme W. Bush |
| David M. LeMay | 919 Market Street, Suite 1800 | James Sottile |
| 30 Rockefeller Plaza | Wilmington, Delaware 19801 | 1800 M Street, N.W., Suite 1000 |
| New York, New York 10112 | Telecopier: (302) 467-4450 | Washington, D.C. 20036 |
| Telecopier: (212) 541-5369 | | Telecopier: (202) 822-8106 |

*Counsel For the Official Committee of Unsecured Creditors*

| | |
|---|---|
| HENNIGAN, BENNETT & DORMAN LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Bruce Bennett | Robert S. Brady (No. 2847) |
| James O. Johnston | M. Blake Cleary (No. 3614) |
| Joshua M. Mester | The Brandywine Building – 17th Floor |
| 865 South Figueroa Street, Suite 2900 | 1000 West Street, Post Office Box 391 |
| Los Angeles, California 90017 | Wilmington, Delaware 19899 0391 |
| Telecopier: (213) 694-1234 | Telecopier: (302) 571-1253 |

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE &
DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | RICHARDS LAYTON & FINGER |
| Donald S. Bernstein | Mark Collins |
| Damian S. Schaible | One Rodney Square |
| 450 Lexington Avenue | 920 North King Street |
| New York, New York 10017 | Wilmington, Delaware 19801 |
| Telecopier: (212) 701 5800 | Telecopier: (302) 651-7701 |

*Counsel For JPMorgan Chase Bank, N.A.*

**DATED: December ~~1~~ 8, 2010**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

## TABLE OF CONTENTS CONT'D

|  |  | Page |
|---|---|---|
| 5.7 | CONTINUED CORPORATE EXISTENCE AND VESTING OF ASSETS IN THE REORGANIZED DEBTORS. | 53 |
| 5.8 | CANCELLATION OF LOAN AGREEMENTS, LOAN GUARANTY AGREEMENTS, THE PLEDGE AGREEMENT, NOTES ISSUED UNDER THE LOAN AGREEMENTS, SENIOR NOTES, DEBENTURES, INSTRUMENTS, INDENTURES, EGI-TRB LLC NOTES, PHONES NOTES, OLD COMMON STOCK AND OTHER TRIBUNE INTERESTS. | 53 |
| 5.9 | CANCELLATION OF LIENS AND GUARANTIES. | 55 |
| 5.10 | EXIT FACILITY. | 55 |
| 5.11 | EQUITY INCENTIVE PLAN. | 55 |
| 5.12 | SOURCES OF CASH FOR PLAN DISTRIBUTIONS. | 55 |
| 5.13 | INITIAL FUNDING OF THE LITIGATION TRUST AND THE CREDITORS' TRUST. | 56 |
| 5.14 | ADDITIONAL TRANSACTIONS AUTHORIZED UNDER THE PLAN. | 56 |
| 5.15 | SETTLEMENT OF CLAIMS AND CONTROVERSIES. | 56 |
| 5.16 | PRESERVATION OF RIGHTS OF ACTION AND SETTLEMENT OF ORDINARY LITIGATION CLAIMS. | 58 |
| 5.17 | FCC APPLICATIONS. | 58 |

ARTICLE VI : TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ... 58

| 6.1 | ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. | 58 |
|---|---|---|
| 6.2 | CURE OF DEFAULTS OF ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES. | 59 |
| 6.3 | REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. | 59 |
| 6.4 | REJECTION DAMAGES BAR DATE. | 60 |
| 6.5 | COMPENSATION AND BENEFIT PROGRAMS. | 60 |
| 6.6 | COLLECTIVE BARGAINING AGREEMENTS. | 60 |
| 6.7 | POST-PETITION CONTRACTS AND LEASES. | 61 |
| 6.8 | TERMINATION OF ESOP. | 61 |
| 6.9 | INSURANCE POLICIES. | 61 |

ARTICLE VII : PROVISIONS GOVERNING DISTRIBUTIONS ... 62

| 7.1 | GENERAL. | 62 |
|---|---|---|
| 7.2 | DISTRIBUTIONS FOR CERTAIN CLAIMS. | 62 |
| 7.3 | SPECIAL PROVISIONS GOVERNING DISTRIBUTIONS TO HOLDERS OF LOAN CLAIMS AND LOAN GUARANTY CLAIMS. | 63 |
| 7.4 | INTEREST ON CLAIMS. | 64 |
| 7.5 | DISTRIBUTIONS BY DISBURSING AGENT. | 65 |
| 7.6 | DELIVERY OF DISTRIBUTIONS AND UNDELIVERABLE OR UNCLAIMED DISTRIBUTIONS. | 65 |
| 7.7 | RECORD DATE FOR DISTRIBUTIONS. | 66 |
| 7.8 | ALLOCATION OF PLAN DISTRIBUTIONS BETWEEN PRINCIPAL AND INTEREST. | 6667 |
| 7.9 | MEANS OF CASH PAYMENT. | 67 |

## TABLE OF CONTENTS CONT'D

**Page**

| | | |
|---|---|---|
| 7.10 | WITHHOLDING AND REPORTING REQUIREMENTS | 67 |
| 7.11 | SETOFFS | 67 |
| 7.12 | FRACTIONAL SHARES | 68 |
| 7.13 | DE MINIMIS DISTRIBUTIONS | 68 |
| 7.14 | SPECIAL PROVISION REGARDING UNIMPAIRED CLAIMS | 68 |
| 7.15 | SUBORDINATION | 68 |

ARTICLE VIII : PROVISIONS FOR RESOLVING DISPUTED CLAIMS AND DISPUTED INTERESTS ... 69

| | | |
|---|---|---|
| 8.1 | OBJECTIONS TO AND ESTIMATION OF CLAIMS | 69 |
| 8.2 | PAYMENTS AND DISTRIBUTIONS ON DISPUTED, CONTINGENT AND UNLIQUIDATED CLAIMS AND INTERESTS AND ON CLAIMS FOR WHICH PROOFS OF CLAIM ARE FILED | 69 |

ARTICLE IX : PAYMENT AND FILING OF PROFESSIONAL FEE CLAIMS ... 69

| | | |
|---|---|---|
| 9.1 | PAYMENT OF CERTAIN FEE AND EXPENSE CLAIMS | 69 |
| 9.2 | BAR DATE FOR PAYMENT OR REIMBURSEMENT OF PROFESSIONAL FEES AND EXPENSES AND CLAIMS FOR SUBSTANTIAL CONTRIBUTION | 70 |

ARTICLE X : CONFIRMATION AND CONSUMMATION OF THE PLAN ... 71

| | | |
|---|---|---|
| 10.1 | CONDITIONS TO EFFECTIVE DATE | 71 |
| 10.2 | WAIVER OF CONDITIONS | 73 |
| 10.3 | CONSEQUENCES IF CONFIRMATION ORDER IS VACATED | 73 |

ARTICLE XI : INJUNCTIONS, RELEASES AND DISCHARGE ... 73

| | | |
|---|---|---|
| 11.1 | DISCHARGE | 73 |
| 11.2 | RELEASES | 74 |
| 11.3 | BAR ORDER | 77 |
| 11.4 | DISALLOWED CLAIMS AND DISALLOWED INTERESTS | 78̶79 |
| 11.5 | EXCULPATION | 79 |
| 11.6 | CORPORATE INDEMNITIES | 79 |
| 11.7 | TERM OF BANKRUPTCY INJUNCTION OR STAYS | 80 |

ARTICLE XII : RETENTION OF JURISDICTION ... 80

| | | |
|---|---|---|
| 12.1 | RETENTION OF JURISDICTION | 80 |

ARTICLE XIII : LITIGATION TRUST ... 82

| | | |
|---|---|---|
| 13.1 | ESTABLISHMENT OF TRUST | 82 |
| 13.2 | LITIGATION TRUST ASSETS | 82 |
| 13.3 | LITIGATION TRUSTEE | 83 |
| 13.4 | DISSOLUTION | 8̶6̶87 |
| 13.5 | FUNDING THE LITIGATION TRUST | 87 |

ARTICLE XIV : CREDITORS' TRUST ... 87

## TABLE OF CONTENTS CONT'D

|  |  | Page |
|---|---|---|
| 14.1 | Disclaimer of Disclaimed State Law Avoidance Claims. | 87 |
| 14.2 | Establishment of Creditors' Trust. | 87 |
| 14.3 | Creditors' Trust Assets. | 8788 |
| 14.4 | Creditors' Trustee. | 8889 |
| 14.5 | Dissolution. | 9192 |
| 14.6 | Funding the Creditors' Trust. | 92 |
| ARTICLE XV : MISCELLANEOUS | | 92 |
| 15.1 | Surrender of Instruments. | 92 |
| 15.2 | Creditors Committee. | 9293 |
| 15.3 | Post-Confirmation Date Retention of Professionals. | 9293 |
| 15.4 | Effectuating Documents and Further Transactions. | 9293 |
| 15.5 | Exemption from Transfer Taxes. | 93 |
| 15.6 | Paid-in Capital of Corporate Reorganized Debtors. | 93 |
| 15.7 | Payment of Statutory Fees. | 9394 |
| 15.8 | Amendment or Modification of this Plan. | 9394 |
| 15.9 | Severability of Plan Provisions. | 94 |
| 15.10 | Successors and Assigns. | 94 |
| 15.11 | Revocation, Withdrawal or Non-Consummation. | 9495 |
| 15.12 | Notice. | 95 |
| 15.13 | Governing Law. | 96 |
| 15.14 | Tax Reporting and Compliance. | 96 |
| 15.15 | Exhibits and Appendices. | 96 |
| 15.16 | Reservation of Rights. | 9697 |
| 15.17 | Notice of the Effective Date. | 9697 |

1.1.68 <u>DIP Facility Agent</u> means Barclays Bank PLC, as administrative agent and letter of credit agent under the DIP Facility Agreements.

1.1.69 <u>DIP Facility Agreements</u> means collectively, as each may be amended, supplemented or otherwise modified from time to time, (a) that certain Amended and Restated Receivables Loan Agreement among Tribune, Tribune Receivables, LLC, the DIP Facility Agent, and the DIP Facility Lenders, (b) that certain Amended and Restated Receivables Purchase Agreement among Tribune Receivables, LLC, Tribune and the other Originators (as defined therein), (c) that certain Amended and Restated Servicing Agreement among Tribune Receivables, LLC, Tribune and the other Originators (as defined therein), (d) that certain Amended and Restated Guaranty Security Agreement among Tribune, the other Debtors, and the DIP Facility Agent, (e) that certain Letter of Credit Agreement among the DIP Facility Agent, certain DIP Facility Lenders and the Debtors, and (f) that certain Payout and Termination Agreement, dated as of March 1, 2010, among Tribune Receivables, LLC, Tribune, certain subsidiaries of Tribune party thereto, and Barclays Bank PLC, as administrative agent.

1.1.70 <u>DIP Facility Claims</u> means all Claims held by the DIP Facility Agent and the DIP Facility Lenders pursuant to the DIP Facility Agreements and the Final DIP Order.

1.1.71 <u>DIP Facility Lenders</u> means the lenders from time to time party to the DIP Facility Agreements, including any applicable assignees and participants thereof.

1.1.72 <u>Disallowed Claim</u> means all or such part of a Claim that is disallowed by a Final Order.

1.1.73 <u>Disbursing Agent</u> means any entity in its capacity as a disbursing agent under <u>Section 7.5</u> of this Plan.

1.1.74 <u>Discharge Injunction</u> means the injunction described in section 1141 of the Bankruptcy Code and contained in <u>Section 11.1.2</u> of this Plan.

1.1.75 <u>Disclaimed State Law Avoidance Claims</u> means any and all LBO-Related Causes of Action arising under state fraudulent conveyance law that the Debtors or the Debtors' Estates could assert pursuant to section 544(b) of the Bankruptcy Code against Step Two Selling Stockholders, solely with respect to funds received in their capacities as such; provided, however, that Disclaimed State Law Avoidance Claims shall not include (i) any claims for intentional fraudulent conveyance and (ii) any and all LBO-Related Causes of Action arising under state fraudulent conveyance law set forth in count eighteen of the amended complaint filed by the Creditors' Committee on December [~~1~~]7, 2010 in the lawsuit entitled *Official Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al. (In re Tribune Co.)*, Adv. Proc. No. 10-54010 (Bankr. D. Del.) (KJC). For the avoidance of doubt, Disclaimed State Law Avoidance Claims shall not include any LBO-Related Causes of Action arising under state fraudulent conveyance law against any Released Parties.

1.1.76 <u>Disclosure Statement</u> means that certain general and specific disclosure statement relating to this Plan, including, without limitation, all exhibits and schedules thereto,

1.1.215 <u>Senior Loan Claims Net Litigation Trust Proceeds</u> means, after the Parent GUC Trust Preference and the Trusts' Loan Preference have been paid in full, thirty five percent (35%) of the Net Litigation Trust Proceeds and, after the Holders of Allowed Claims in Classes 1E, 1I and 1J and Allowed Class 1F Claims the Holders of which elect the treatment set forth in <u>Section 3.2.6(c)(ii)</u> have received payment in full of the Allowed amount of such Holders' Claims, one hundred percent (100%) of the Net ~~Creditors'~~ <u>Litigation</u> Trust Proceeds, in each case which will be distributed to Holders of Allowed Claims in Class 1C and Class 1D.

1.1.216 <u>Senior Noteholder Claims</u> means all Claims arising under or evidenced by the Senior Notes Indentures and related documents and any Claim of the Senior Noteholders arising under the Pledge Agreement.

1.1.217 <u>Senior Noteholder(s)</u> means, individually or collectively, the Holder(s) of a Senior Noteholder Claim(s).

1.1.218 <u>Senior Notes</u> means the eight series of notes issued and outstanding under the Senior Notes Indentures.

1.1.219 <u>Senior Notes Indenture(s)</u> means, individually or collectively: (a) that certain Indenture, dated as of January 1, 1997, between Tribune and Deutsche Bank Trust Company Americas, as successor indenture trustee, as amended, restated or otherwise modified from time to time; (b) that certain Indenture, dated as of March 19, 1996, between Tribune and Law Debenture Trust Company of New York, as successor indenture trustee, as amended, restated or otherwise modified from time to time; (c) that certain Indenture, dated as of January 30, 1995, between Tribune and Deutsche Bank Trust Company Americas, as successor indenture trustee, as amended, restated or otherwise modified from time to time; and (d) that certain Indenture, dated as of March 1, 1992, between Tribune and Deutsche Bank Trust Company Americas, as successor indenture trustee, as amended, restated or otherwise modified from time to time.

1.1.220 <u>Senior Notes Indenture Trustee(s)</u> means, individually or collectively, the indenture trustees under the Senior Notes Indentures as of the Effective Date

1.1.221 <u>Settlement</u> has the meaning set forth in <u>Section 5.15.2</u> hereto.

1.1.222 <u>Settling Step Two Payees</u> means any current or former Senior Lender, Bridge Lender, or Step Two Arranger that (i) received any payment (a) under the Senior Loan Agreement on account of the Incremental Senior Loans or (b) under the Bridge Loan Agreement prior to the Petition Date and (ii) participates in the Step Two/Disgorgement Settlement and pays to the Disbursing Agent the portion of the Step Two/Disgorgement Settlement allocable to such party pursuant to <u>Section 5.15.1</u> of this Plan.

1.1.223 <u>Step One Selling Stockholders</u> means those beneficial owners of issued and outstanding common stock of Tribune whose shares of common stock were purchased by Tribune on or about June 4, 2007, solely in their capacity as a recipient of payments with respect to such purchase.

contract and unexpired lease to be assumed is in default and not subsequently cured shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date or on such other terms as the parties to each such executory contract or unexpired lease may otherwise agree. In the event of a dispute regarding (a) the amount of any cure payments, (b) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or (c) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption. Pending the Bankruptcy Court's ruling on such motion, the executory contract or unexpired lease at issue shall be deemed conditionally assumed by the relevant Debtor unless otherwise ordered by the Bankruptcy Court._

      6.3      Rejection of Executory Contracts and Unexpired Leases.

On the Effective Date, each executory contract and unexpired lease that is listed on Exhibit 6.3 to be filed with the Plan Supplement, shall be rejected pursuant to section 365 of the Bankruptcy Code. Each contract or lease listed on Exhibit 6.3 shall be rejected only to the extent that any such contract or lease constitutes an executory contract or unexpired lease. The Debtors reserve their right to amend Exhibit 6.3 to delete any unexpired lease or executory contract therefrom or add any unexpired lease or executory contract thereto. Listing a contract or lease on Exhibit 6.3 shall not constitute an admission by a Debtor nor a Reorganized Debtor that such contract or lease is an executory contract or unexpired lease or that such Debtor or Reorganized Debtor has any liability thereunder.

      6.4      Rejection Damages Bar Date.

If the rejection by a Debtor, pursuant to the Plan, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor, or the properties of any of them, unless a Proof of Claim is filed and served upon counsel to the Debtors within thirty (30) days after service of the notice that the executory contract or unexpired lease has been rejected.

      6.5      Compensation and Benefit Programs.

Except as set forth in Article II.F.34 of the specific portion of the Disclosure Statement and such other Employee Benefit Plans as may be disclosed in the Plan Supplement, the Reorganized Debtors shall continue to perform their obligations under all Employee Benefit Plans and all such Employee Benefit Plans shall be assumed by the applicable Reorganized Debtors; provided, however, that nothing in the Plan shall limit, diminish or otherwise alter the Reorganized Debtors' defenses, claims, causes of action, or other rights with respect to the interpretation, application or enforcement of any such Employee Benefit Plan or the payment of any Employee Benefit Claim, including the Reorganized Debtors' rights to amend, modify or terminate any such Employee Benefit Plan either prior to or after the Effective Date.

      6.6      Collective Bargaining Agreements.

Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer or exchange of notes, debentures or equity securities under this Plan; (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest; (c) the making or assignment of any lease or sublease; or (d) the making or delivery of any deed or other instrument of transfer under this Plan, including, without limitation, merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale, and transfers of tangible property, will not be subject to any stamp tax or other similar tax.

15.6   Paid-in Capital of Corporate Reorganized Debtors.

On the Effective Date, after all other transactions necessary to effect this Plan have been consummated, the Paid-in Capital, as such term is defined in section 1.80(j) of the Illinois Business Corporation Act of 1983, 805 ILCS 5/1.01, *et seq.* (the "BCA"), of each corporate Reorganized Debtor shall, pursuant to Section 9.20(a)(2) of the BCA, be reduced to the following amounts (such reduced amounts to be referred to individually and collectively as the "Article XIII Paid-in Capital Amount" and "Article XIII Paid-in Capital Amounts," respectively): (i) in the case of Reorganized Tribune its Paid-in Capital shall be reduced to the aggregate par value, if any, of Reorganized Tribune's issued and outstanding shares of capital stock plus such amount as is recorded on Reorganized Tribune's financial statements as paid in capital or additional paid in capital under its fresh start accounting in accordance with Generally Accepted Accounting Principles, and (ii) in the case of each other corporate Reorganized Debtor its Paid-in Capital shall be reduced to the aggregate par value, if any, of each such other Reorganized Debtor's issued and outstanding shares of capital stock plus such amount as is recorded on each such other Reorganized Debtor's financial statements as paid in capital or additional paid in capital under its fresh start accounting in accordance with Generally Accepted Accounting Principles. The amount required to reduce the Paid-in Capital of each corporate Reorganized Debtor to its Article XIII Paid-in Capital Amount shall be treated as a reduction in Paid-in Capital under Section 9.20(a)(2) of the BCA. Any capital of each corporate Reorganized Debtor remaining in excess of its Article XIII Paid-in Capital Amount shall not be treated as Paid-in Capital for purposes of the BCA. For purposes of this Section 15.6, the term "corporate" refers to a corporation as defined in Sections 1.80(a) or (b) of the BCA.

15.7   Payment of Statutory Fees.

All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date.

15.8   Amendment or Modification of this Plan.

Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code and other applicable provisions of this Plan, ~~including, without limitation, Section 13.9 of this Plan,~~ the Proponents may alter, amend or modify this Plan or the Exhibits at any time prior to or after the Confirmation Date but prior to the substantial consummation of this Plan, but only by a writing evincing the agreement of all Proponents to do so. A Holder of a Claim or Interest that has accepted this Plan shall be deemed to have accepted this Plan as altered, amended or modified, if the proposed alteration,

Dated: ~~November~~December __, 2010

                              TRIBUNE COMPANY (for itself and on behalf of the other Debtors, as Debtors and Debtors in Possession, and the Guarantor Non-Debtors and Non-Guarantor Non-Debtors)

                              _____

                              By: Donald J. Liebentritt
                              Title: Co-President and Chief Restructuring Officer, Tribune


Date: ~~November 23~~ December\_\_\_\_, 2010

                                            OFFICIAL COMMITTEE OF UNSECURED
                                            CREDITORS

                                            _____
                                            By:
                                            Title:

Date: ~~November 23,~~ December____, 2010

                                  OAKTREE CAPITAL MANAGEMENT, L.P.
                                  on behalf of certain funds and accounts it manages

                                  _____

By: Mr. Ken Liang
Title: Managing Director

                                  _____

By: Mr. Edgar Lee
Title: Senior Vice President

Date: ~~November 23~~ December ___, 2010

                                  ANGELO, GORDON & CO., L.P.
                                  on behalf of certain funds and managed accounts

                                  By:_____
                                  Title:_____

Date: ~~November 23,~~ December____, 2010

                              JPMORGAN CHASE BANK, N.A.:

                              By: _____

                              Name:

                              Title: