IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al. | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF THOMAS FULLER IN SUPPORT OF REPLY IN SUPPORT OF MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P., AND ANGELO, GORDON & CO., L.P., FOR AN ORDER DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT LP

I, Thomas Fuller, do hereby declare that:

1.      I am a Senior Managing Director of Angelo, Gordon & Co., L.P. ("Angelo Gordon"). The matters stated herein are true of my own personal knowledge, and if called upon to do so, I could and would testify competently thereto. I make this Declaration in support of the Reply in Support of the Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") from representing Aurelius Capital Management L.P. ("Aurelius").

2.      As Senior Managing Director of Angelo Gordon, I am responsible for the firm's distressed securities area. I am aware that Akin Gump has functioned as Angelo Gordon's, primary outside counsel since the firm's formation in 1988, long before I joined the firm. As such, I placed confidence in and understood I could trust Akin Gump to safeguard Angelo Gordon's interests.

3.      On or about September 20, 2010, I received a phone call from Daniel Golden of Akin Gump. In a short conversation, Mr. Golden said that Aurelius had acquired certain interests in Tribune and expressed Akin Gump's desire to represent Aurelius in the Tribune bankruptcy cases. I indicated to Mr. Golden that assuming there were no real conflict issues, their representing Aurelius would probably be acceptable, but I did not reach agreement or grant

-1-

a waiver on behalf of Angelo Gordon at this time. In the minute or two that this conversation lasted, there was no substantive discussion of potential conflicts and we did not discuss any of the risks or unfavorable implications of the proposed Aurelius representation, or that I should discuss this matter with Angelo Gordon's in-house or external lawyers. Further, Mr. Golden did not indicate any specific adverse positions that Aurelius may take and specifically, he did not inform me that Aurelius intended to file a plan of reorganization in direct competition with the plan supported by Angelo Gordon; he did not inform me that Aurelius intended to take positions with respect to FCC matters that would be contrary to those taken by Angelo Gordon and that might have the effect of delaying Tribune's emergence from bankruptcy; and he did not tell me that Aurelius supported the prosecution of claims directly against Angelo Gordon and intended to advocate that such claims be vigorously pursued, either by Aurelius or by representatives of the Tribune bankruptcy estate claims directly against Angelo Gordon.

4.     In my conversation with Mr. Golden, I did not agree to "waive" any conflict on behalf of Angelo Gordon. Mr. Golden is mistaken in asserting that I did agree, or even could have agreed, to waive or compromise Angelo Gordon's legal rights.

5.     On the morning of October 19, 2010, Mr. Golden again called me directly. The call lasted one or two minutes. He again raised Akin Gump's representation of Aurelius, and wanted to know if I had any objections. He stated that an ethical wall was in place, but provided no additional information, and again no agreement was reached. I reiterated the position from the earlier call that a waiver would depend on there being no real conflict issues. Later that day, Mr. Golden sent me an email that he had received from our outside counsel, and I responded that I would need to call our general counsel.

6.     After an exchange of emails about setting up a call, on October 20, 2010, I had an additional conversation with Mr. Golden regarding the potential Aurelius representation. Mr. D. Forest Wolfe, Deputy General Counsel for Angelo Gordon, was on that call with me. In that call, Mr. Wolfe told Mr. Golden that it was inappropriate and improper for him to discuss an issue on which Akin Gump and Aurelius were adverse to Angelo Gordon with a principal rather

than with counsel. We also expressed our objections to any assertion by Aurelius of positions contrary to those taken by or on behalf of Angelo Gordon at the FCC. Mr. Golden did not comment on what position Aurelius would take with the FCC, but stated that Akin Gump would not be involved. We questioned Mr. Golden about his interactions with Akin Gump's FCC lawyers and informed Mr. Golden that we would consider his proposal, but we did not agree to waive any conflict. We informed Mr. Golden that we would consider the issue, and get back to him. We never agreed to waive the conflict then or at time thereafter.

7.     I have seen an email from Mr. Golden dated October 15, 2010 to our outside bankruptcy counsel, Bruce Bennett of Hennigan Bennett & Dorman LLP ("HBD"), in which Mr. Golden made the assertion Angelo Gordon had agreed "not to assert any conflicts" as a result of Akin representing Aurelius. This statement was not true. On October 19, 2010, Mr. Bennett sent an email to Mr. Golden correctly stating "I have shared your email with representatives of Oaktree and Angelo Gordon. Neither has agreed to waive or not to assert any of the conflicts Akin Gump has in representing adversaries of either of them." (Ex. 13 to Golden Decl.)

8.     As indicated in Mr. Bennett's email, Angelo Gordon was willing to discuss a limited waiver in the event that Aurelius would not take certain positions adverse to those of Angelo Gordon. It is now clear that Aurelius is unwilling to do so, and that it has, in fact, taken and intends to continue to take, positions that are adverse to those of Angelo Gordon. Angelo Gordon will not and did not agree to waive any such conflict or agree that Akin Gump can represent or assist Aurelius in taking positions and pursuing claims contrary to those of Angelo Gordon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of December, 2010 at New York, New York.

_Thomas M. Fuller_
_____
Thomas Fuller

1661582