# EXHIBIT A

## **<u>PROPOSED ORDER</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. _____** |

## ORDER AUTHORIZING DEBTOR TRIBUNE COMPANY TO RETAIN AND EMPLOY SITRICK AND COMPANY AS CORPORATE COMMUNICATIONS CONSULTANTS PURSUANT TO 11 U.S.C. §§ 327(a), *NUNC PRO TUNC* TO AUGUST 26, 2010

Upon consideration of the Application[2] of Tribune Company ("Tribune"), one of

the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor"

and collectively, the "Debtors"), for an order authorizing Tribune to retain and employ Sitrick

And Company, a division of Sitrick Brincko Group, LLC ("Sitrick") as corporate

communications consultants pursuant to section 327(a) of the Bankruptcy Code; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

consideration of the Sitrick Declaration; and it appearing that the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Application

having been given under the circumstances; and it appearing that Sitrick is a "disinterested

person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a)

of the Bankruptcy Code; and having considered the objection to the Application filed on October

15, 2010 [D.I. 5977], with such objection having been resolved by the modifications made to this

Order; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED, that Sitrick is authorized to serve as corporate communications

consultant to the Debtors on the terms provided by the Application and the Engagement Letter,

*nunc pro tunc* to August 26, 2010; and it is further

ORDERED, that Sitrick shall be compensated in accordance with the provisions

of sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules

of Bankruptcy Procedure, the Local Rules of Practice and Procedure for the United States

Bankruptcy Court for the District of Delaware, and applicable orders of this Court; provided,

however, that Sitrick's monthly compensation shall not be allowed in an amount greater than

$25,000, and provided further that notwithstanding the foregoing, the cap on Sitrick's

compensation for the months of August 2010 through November 2010 shall be applied on an

aggregate and not a month-to-month basis, so that Sitrick's compensation shall not exceed

$100,000 in the aggregate over such four-month period; and it is further

ORDERED, that the Debtors are authorized to enter into and perform their

obligations under and subject to the limitations contained in the Engagement Letter as modified

herein; and it is further

ORDERED, that the indemnification provisions of the Engagement Letter and the

Application are approved, subject to the following modifications:

a)      Sitrick (defined for purposes of this "ORDERED" paragraph to include any "Indemnified Parties" as that term is defined in the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

b)      Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify Sitrick, or provide contribution or reimbursement to Sitrick, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Sitrick's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors and/or Committee allege the breach of Sitrick's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Sitrick should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by the Order; and

c)      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Sitrick believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Sitrick must file an application therefore in this Court, and the Debtors may not pay any such amounts to Sitrick before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Sitrick for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Sitrick.  All parties in interest shall retain the right to object to any demand by Sitrick for indemnification, contribution or reimbursement;

and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation of this Order.

3

Dated:  Wilmington, Delaware

December __, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge