IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Related Docket No. 6757** |

## JOINDER OF AURELIUS CAPITAL MANAGEMENT, LP TO DEBTORS' MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004

Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius"), by and through its undersigned counsel, hereby joins (the "Joinder") in the motion (the "Motion") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") For Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 [Docket No. 6757]. In support of this Joinder and Motion, Aurelius respectfully submits as follows:[1]

### AURELIUS'S JOINDER[2]

1.　　The Debtors have requested that the Court authorize them to conduct discovery of Michaels, former CEO of Tribune Company ("Tribune" or "Company"), concerning (i) documents relating to Tribune in Randy Michaels's ("Michaels") possession, custody, or control; (ii) all Company-provided computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iii) all computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iv) any

---

[1] Each capitalized term used, but not defined, herein shall have the meaning ascribed to such term in the Motion.

[2] All facts and background information relevant to this Joinder have been set forth by the Debtors in the Motion.

computers, hard drives, diskettes, or other electronic storage media of any type on which any Company information is, was, or may have been stored; and (v) the production of any removable media that Michaels connected to his Company-issued computer.

2. As set forth in the Motion, Michaels was appointed Executive Vice President of Tribune on December 20, 2007 and then CEO of Tribune on December 2, 2009. *See* Motion at 2. On October 15 and 16, 2010, Aurelius served the Debtors with letters requesting that the Debtors and Michaels, respectively, preserve certain documents as defined within the letters (collectively referred to as the "Litigation Hold Letter"). *Id.* at 3. Less than a week later, Michaels resigned. *Id.* at 2. Shortly after his departure from the Company, the Debtors learned that "Mr. Michaels might have deleted emails and other electronically-stored data from his company-issued laptop computer." *See* Motion at 3. The Debtors' email and file servers also revealed that there were "substantial deletions" of Michaels's emails and other information. *Id.* After interviewing Michaels, the Debtors uncovered that "he had deleted emails and other electronically-stored data" by "download[ing] a program from the internet called 'Eraser' to wipe his drive, after which he reinstalled the operating system" and "delet[ing] his electronically-stored information multiple times to ensure that they would be deleted." *Id.*

3. The apparent destruction of documents by Tribune's former CEO during the pendency of this bankruptcy, and despite an express Litigation Hold Letter, is not a matter to be taken lightly. To the contrary, the ramifications of his conduct are potentially far-reaching and must be investigated thoroughly.

4. Aurelius joins in the Motion which seeks authority to propound a document request upon Michaels. The Motion, however, does not go far enough in the relief that it seeks. An examination of Michaels is critical to the Debtors' upcoming confirmation hearing. Parties must be permitted to question Michaels under oath about the role he played in formulating the

Debtors' plan and the settlements embodied therein, and whether he destroyed information bearing upon the issues that will be addressed at the confirmation hearing. Only then can the potential damage that Michaels's conduct has caused be properly understood, and any necessary additional relief pursued.

5. Aurelius has conferred with counsel to Michaels and understands that Michaels intends to cooperate in responding to the document request appended to the Motion, and consents to appearing at the examination requested by Aurelius. Accordingly, and in lieu of Aurelius filing a motion for authority to examine Michaels, the Debtors, Aurelius, and Michaels intend to submit a Stipulated Order to this Court shortly.

## CONCLUSION

6. For all of the foregoing reasons, and the reasons set forth in the Motion, Aurelius respectfully requests that the Court (a) grant the relief requested in the Debtors' proposed order attached to the Motion as Exhibit A; and (b) grant such other and further relief as the Court deems just, proper and equitable.

Dated:   Wilmington, Delaware
         December 10, 2010

Respectfully Submitted,

*/s/ Amanda Winfree*

ASHBY & GEDDES, P.A.
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

-and-

Daniel H. Golden
David M. Zensky

Abid Qureshi
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
dgolden@akingump.com
pdublin@akingump.com

*Counsel for Aurelius Capital Management, LP*