# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Objection Deadline: 12/10/10 at 4:00 p.m. |
| | ) Hearing Date: 12/15/10 at 10:00 a.m. |
| | ) Regarding Docket No. 6753 |

## LIMITED OBJECTION OF CONSTELLATION NEWENERGY, INC. TO THE DEBTORS' MOTION FOR AN ORDER STAYING THE PROSECUTION OF AVOIDANCE ACTIONS

Constellation NewEnergy, Inc. ("CNE"), by and through its undersigned counsel, hereby objects to *Debtors' Motion for Order Pursuant to 11 U.S.C § 105(a) Staying the Prosecution of Avoidance Actions* (the "Motion") [Docket No. 6753]. For the reasons which follow, CNE respectfully urges the Court to limit the relief granted to the Debtors.

1. CNE sold electricity to the Debtors prior to the Petition Date. CNE has been named as a defendant in at least six of the avoidance actions recently filed by the Debtors. Therefore, CNE is directly interested in the Motion.

2. CNE has no objection to the basic idea underlying the Motion – i.e., that the avoidance actions should be stayed until these bankruptcy proceedings develop further. The avoidance actions may be mooted, depending on which of the competing plans is ultimately confirmed by the Court. A stay of these adversary actions will promote efficiency.

3. However, CNE objects to the limitations on the stay proposed by the Debtors, especially the provision which would allow the Debtors to take immediate discovery in the

avoidance actions. The form of order proposed with the Motion would allow the Debtors, without further relief from this Court, amend the complaints filed in the avoidance actions, serve process on defendants, and "take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time-related defenses from barirng any of the claims asserted in the Avoidance Actions."

4. The limitations to the stay sought by the Debtors are unnecessary. If a general stay of the avoidance actions is granted, subject to the Debtors' (or any other party's) right to seek to dissolve the stay on motion, then there is no need for the Debtors to be able to amend any of the complaints – they can simply amend after the stay is dissolved but before process is served. Likewise, if a stay is in effect, then the Debtors can avoid the expense associated with serving process in all the avoidance actions they have filed.

5. The Debtors have also failed to justify why they might require immediate discovery in any case or why they might need to take any other action to preserve their claims. The filing of the complaints protects the Debtors' claims from being time-barred. Moreover, this limitation to the stay is not only unnecessary, it is very unfair. There is no reason why the defendants should have to answer Debtors' discovery requests without being able to propound requests of their own. This, plus the vague nature of the "steps" the proposed order allows Debtors to take creates unacceptable opportunities for mischief.

6. In sum, a stay of the avoidance actions is both necessary and appropriate, but it should be mutual. The avoidance actions should be stayed for all purposes subject to further order of this Court. If in the future the Debtors (or any other party) can articulate a good reason for limited relief from the stay in a particular case, or class of cases, then the stay of the avoidance actions can be modified accordingly.

7.  For the foregoing reasons, CNE respectfully requests that the relief granted pursuant to the Motion , be modified or denied entirely.

Dated: December 13, 2010  
Wilmington, DE

CROSS & SIMON, LLC

By: _____  
Joseph Grey (No. 2358)  
913 North Market Street, 11th Floor  
P.O. Box 1380  
Wilmington, Delaware 19899-1380  
(302) 777-4200  
(302) 777-4224 (Facsimile)  
jgrey@crosslaw.com

Counsel for Constellation NewEnergy, Inc.

3