IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: December 15, 2010 at 10:00 a.m. (*Requested*)<br>Related Docket Nos. 7143, 7144 |

**MOTION OF AKIN GUMP STRAUSS HAUER & FELD LLP FOR LEAVE TO FILE
SUR-REPLY TO MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P.,
AND ANGELO, GORDON & CO., L.P., FOR AN ORDER
DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP
FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT, LP**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), by and through its undersigned counsel, respectfully submits this motion (the "Motion for Leave") for the entry of an order granting leave from Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and granting permission to file a sur-reply (the "Sur-reply") (attached hereto as Exhibit A) and the Supplemental Declaration of Daniel Golden (the "Supplemental Golden Declaration") (attached hereto as Exhibit B), in response to the *Reply to Opposition to Motion of Oaktree Capital Managment, L.P., and Angelo, Gordon & Co., L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP* [Docket No. 7143], and the related *Declaration of Thomas Fuller in Support of Reply to Opposition to Motion of Oaktree Capital Managment, L.P., and Angelo, Gordon & Co., L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP* [Docket No. 7144] (together, the "Movants' Reply"). In support of its Motion for Leave, Akin Gump respectfully states as follows:

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## RELIEF REQUESTED

3.  Pursuant to section 105(a) the Bankruptcy Code, Akin Gump respectfully requests leave from Local Rule 9006-1 so that Akin Gump may file the accompanying Sur-reply and the Supplemental Golden Declaration. Akin Gump submits that this Sur-reply and the Supplemental Golden Declaration are warranted in order to: (i) bring to the Court's attention and to respond to erroneous statements of fact and law that are made for the first time in the Movants' Reply; and (ii) bring to the Court's attention authorities contrary to those cited for the first time in the Movants' Reply. Akin Gump submits that its Sur-reply and the Supplemental Golden Declaration will assist the Court in evaluating the facts and applying the law in connection with this matter.

## BASIS FOR RELIEF REQUESTED

4.  Sur-replies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply. Leave to file a sur-reply should be granted where the party " ... 'would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" Groobert v. President and Dirs. Of Georgetown Coll., 219 F.Supp. 2d 1, 13 (D. D.C. 2002) (citation omitted).

5.  For example, in Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651 (3d Cir. 2003),

the Third Circuit observed:

> [in] its reply brief in support of its motion to dismiss, Graphnet argued for the first time that Worldcom's claims were precluded by the so-called "filed rate doctrine." Worldcom objected to the issue being raised for the first time in Graphnet's reply brief and the district court properly allowed Worldcom to file a sur-reply brief to respond to Graphnet's arguments.

Worldcom, 343 F.3d at 653. See also, Mullen v. Port Auth. Of New York and New Jersey, 100 F.Supp. 2d 249, 256 n.5 (D.N.J. 1999) ("Although defendant raised this argument for the first time in his reply brief, plaintiff had the opportunity to address this point in his sur-reply").

6. As was the case in Worldcom, the Movants raised issues of fact and law for the first time in Movants' Reply to which Akin Gump has not previously had the opportunity to respond. For example, Movants' Reply asserts that there is "not a single case in which a concurrent, adverse representation in violation of Rule 1.7 was excused based on a delay in seeking disqualification" (Reply Br. 22); yet, as demonstrated in the Sur-reply, numerous courts faced with Rule 1.7 violations have denied disqualification on the ground that the movant had waived its right to object. See Sur-reply at 9. Movants' Reply also asserts that "not a single court" has permitted a law firm to continue a prohibited, concurrent representation where there has been a violation of Rule 1.7 (Reply Br. 28-29); yet, as demonstrated in the Sur-reply, numerous courts have permitted a law firm to continue its representation in just such circumstances. Sur-reply at 10-11. Thus, allowing Akin Gump the opportunity in the attached Sur-reply and Supplemental Golden Declaration to address these and other incorrect assertions advanced for the first time in the Movants' Reply is appropriate relief.

7. In light of the impending hearing on the underlying motion to disqualify Akin Gump, which is currently scheduled for 10:00 a.m. (prevailing Eastern Time) on December 15, 2010, Akin Gump respectfully requests that the Court consider this Motion for Leave without

hearing.

## CONCLUSION

WHEREFORE, in light of the foregoing, Akin Gump respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit C</u>, granting Akin Gump (i) leave from the requirements of Local Rule 9006-1; (ii) permission to file the attached Sur-reply and Supplemental Golden Declaration; and (iii) such other and further relief as the Court deems just and proper.

Dated: December 14, 2010

Respectfully submitted,

*/s/ William P. Bowden*

William P. Bowden (#2553)
Amanda M. Winfree (#4615)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Lawrence S. Robbins (admitted *pro hac vice*)
Michael L. Waldman (pending *pro hac vice*)
Daniel N. Lerman (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER
& SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

*Counsel for Akin Gump Strauss Hauer & Feld LLP*