**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 7153** |

**NOTICE OF AMENDED[2] AGENDA OF MATTERS
SCHEDULED FOR HEARING ON DECEMBER 15, 2010 AT 10:00 A.M.
BEFORE THE HONORABLE KEVIN J. CAREY**

Any party who wishes to participate in the hearing via telephone must contact CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing.

**WITHDRAWN MATTERS**

1. Joint Motion of JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Citicorp North America, Inc., and Bank of America, N.A., for an Order (I) Finding the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

Step One Credit Agreement Lenders in Contempt of the Court's Mediation Order and the Automatic Stay Pursuant to 11 U.S.C. § 362; and (II) Enjoining the Step One Credit Agreement Lenders from Further Violations of the Mediation Order and the Automatic Stay (Filed November 16, 2010) (Docket No. 6472)

Related Document(s):

(a) Notice of Withdrawal (Filed December 8, 2010) (Docket No. 7111)

Objection Deadline: November 30, 2010 at 4:00 p.m.

Responses Received:

(a) Joinder of the Debtors in Connection with Joint Motion of JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Citicorp North America, Inc., and Bank of America, N.A., for an Order (I) Finding the Step One Credit Agreement Lenders in Contempt of the Court's Mediation Order and the Automatic Stay Pursuant to 11 U.S.C. § 362; and (II) Enjoining the Step One Credit Agreement Lenders from Further Violations of the Mediation Order and the Automatic Stay (Filed November 19, 2010) (Docket No. 6509)

(b) Objection by the Step One Lenders to the Lead Banks' Joint Motion for an Order (I) Finding the Step One Credit Agreement Lenders in Contempt of the Court's Mediation Order and the Automatic Stay; and (II) Enjoining the Step One Lenders from Further Violations of the Mediation Order and the Automatic Stay (Filed December 6, 2010) (Docket No. 6986)

(c) Notice of Withdrawal of Joinder of the Debtors in Connection with Joint Motion of JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Citicorp North America, Inc., and Bank of America, N.A., for an Order (I) Finding the Step One Credit Agreement Lenders in Contempt of the Courts Mediation Order and the Automatic Stay Pursuant to 11 U.S.C. Section 362; and (II) Enjoining the Step One Credit Agreement Lenders from Further Violations of the Mediation Order and the Automatic Stay (Filed December 9, 2010) (Docket No. 7114)

Status: The Motion has been withdrawn without prejudice. This matter will not be going forward.

**RESOLVED MATTERS – CERTIFICATION OF NO OBJECTION TO BE FILED**

2. Debtors' Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 (Filed December 3, 2010) (Docket No. 6757)

Objection Deadline: December 10, 2010 at 4:00 p.m.

Responses Received:

(a) Joinder of Aurelius Capital Management, LP, to Debtors' Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 (Filed December 10, 2010) (Docket No. 7147)

Status: The parties intend to submit a stipulated order under certification of counsel. This matter will not be going forward unless otherwise directed by the Court.

**ADJOURNED MATTERS**

3. Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed February 20, 2009) (Docket No. 438)

Objection Deadline: March 5, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was further extended to 4:00 p.m. on June 18, 2009 for the Debtors.

Responses Received:

(a) Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 3, 2009) (Docket No. 465)

(b) Joinder of the Official Committee of Unsecured Creditors in the Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 5, 2009) (Docket No. 475)

(c) Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered November 25, 2009) (Docket No. 2652)

(d) Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with Certain Limited Discovery with Respect to Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered January 27, 2010) (Docket No. 3237)

Status: The parties are in settlement discussions. On consent of the parties, this matter is adjourned to the January 13, 2011 hearing. This matter will not be going forward.

4. Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Related Document(s):

(a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette are exchanging information with respect to her claim. This matter will not be going forward.

5. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b) Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010);

(b) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010); and

(c) Informal response received from the City of West Hollywood (Received August 12, 2010)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood. The hearing on the Objection was adjourned from the November 23, 2010 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No. 728 of the City of Chicago. This matter will not be going forward.

6. Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Related Document(s):

(a) Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

(b) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

(c) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

(d) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc. The parties are in discussions with EMC Corporation to resolve the Objection. This matter will not be going forward.

7. Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed September 22, 2010) (Docket No. 5786)

Related Document(s):

(a) Certification of No Objection Regarding Docket No. 5786 (Filed October 18, 2010) (Docket No. 6002)

(b) Notice of Withdrawal of Certification of No Objection (Filed October 19, 2010) (Docket No. 6032)

Response Deadline: October 15, 2010 at 4:00 p.m.

Responses Received:

(a) Response of Emerson Tucker to Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed October 18, 2010) (Docket No. 5999)

Status: This matter is continued to the January 13, 2011 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

8. Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick And Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to August 26, 2010 (Filed September 25, 2010) (Docket No. 5813)

Related Document(s):

(a) Certification of Counsel Regarding Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick And Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to August 26, 2010 (Filed December 10, 2010) (Docket No. 7145)

(b) **Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick And Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to August 26, 2010 (Entered December 13, 2010) (Docket No. 7158)**

Objection Deadline: October 15, 2010 at 4:00 p.m.

Responses Received:

(a) Objection of Official Committee of Unsecured Creditors to the Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick And Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to August 26, 2010 (Filed October 15, 2010) (Docket No. 5977)

**Status:** **The Court entered an Order approving the Application. This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

9. Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2560)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

(b) Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a) Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims (Filed December 8, 2009) (Docket No. 2765)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The hearing on the Objection will be going forward as to the claim of Claudia Sanzeri only.

10. Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

(c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a) Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

(b) Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(c) Informal Response received from GE Capital Fleet Services

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the January 13, 2011 hearing as to the claims of GE Capital Fleet Services, and Robby S. Wells. This matter will be going forward as to the claim of Karolyn M. Walker only.

11. Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (II) Approving Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (IV) Fixing Voting Record Date; (V) Establishing Notice and Objection Procedures in Respect of Confirmation; (VI) Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery; (VII) Establishing New Deadline for Return of Media Ownership Certifications; (VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (IX) Granting Related Relief (Filed November 8, 2010) (Docket No. 6255)

Related Document(s):

(a) Omnibus Reply of Debtors to Objections to Solicitation Motion and In Support of Entry of an Order Imposing Reasonable Limitations on Confirmation-Related Discovery and the Confirmation Hearing [D.I. 6255] (Filed November 24, 2010) (Docket No. 6622)

(b) Notice of Filing Revised Responses to Objections to Solicitation Procedures Motion (Filed December 3, 2010) (Docket No. 6734)

(c) Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of

Same; and (X) Granting Related Relief (Entered December 9, 2010) (Docket No. 7126)

Objection Deadline: November 19, 2010 at 4:00 p.m.

Responses Received:

(a) Joinder of JPMorgan Chase Bank N.A., Angelo, Gordon & Co., L.P., Oaktree Capital Management, L.P. and the Official Committee of Unsecured Creditors to the Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans or Reorganization; (II) Approving Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (IV) Fixing Voting Record Date; (V) Establishing Notice and Objection Procedures in Respect of Confirmation; (VI) Setting Confirmation Scheduling and Establishing Parameters of Confirmation-Related Discovery; (VII) Establishing New Deadline for Return of Media Ownership Certifications; (VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (IX) Granting Related Relief [Dkt. No. 6255] (Filed November 15, 2010) (Docket No. 6451)

(b) Objection of Step One Plan Proponents to the Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (II) Approving Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (IV) Fixing Voting Record Date; (V) Establishing Notice and Objection Procedures in Respect of Confirmation; (VI) Settling Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery; (VII) Establishing New Deadline for Return of Media Ownership Certifications; (VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (X) Granting Related Relief (Filed November 19, 2010) (Docket No. 6511)

(c) Objection of the Pre-LBO Debtholder Plan Proponents to Debtors' Motion Seeking, Among Other Things, (I) Approval of Forms of Ballots, Master Ballots and Related Instructions; (II) Fixing Voting Record Date; (III) Establishment of Notice and Objection Procedures in Respect of Confirmation; and (IV) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same (Filed November 19, 2010) (Docket No. 6512)

(d) Joint Objection of the Pre-LBO Debtholder Plan Proponents to Debtors' Solicitation Procedures Motion Seeking, Among Other Things, Approval of Procedures for Submitting Media Ownership Certifications (Filed November 19, 2010) (Docket No. 6513)

(e) The Bridge Agent's Objection to the Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (II) Approving Forms of Ballots, Master Ballots and Related Instructions; (III) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (IV) Fixing Voting Record Date; (V) Establishing Notice and Objection Procedures in Respect of Confirmation; (VI) Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery; (VII) Establishing New Deadlines for Return of Media Ownership Certifications; (VIII) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (IX) Granting Related Relief (Filed November 19, 2010) (Docket No. 6514)

(f) Objection of Wilmington Trust Company to the Motion of the Debtors for an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery and Joinder to Opposition of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery (Filed November 22, 2010) (Docket No. 6554)

(g) Objection of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery (Filed November 22, 2010) (Docket No. 6558)

(h) Motion to Withdraw Exhibit D to the Objection of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery [Docket No. 6558] (Filed November 23, 2010) (Docket No. 6587)

(i) Notice of Filing of Corrected Exhibit D to the Objection of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery (Filed November 23, 2010) (Docket No. 6589)

(j) Joinder of Law Debenture Trust Company of New York to Objection of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery (Filed November 23, 2010) (Docket No. 6591)

(k) Certification of Counsel Regarding Proposed Order (Filed November 24, 2010) (Docket No. 6628)

(l) Statement of Special Committee in Response to Objection of Aurelius Capital Management, LP to the Debtors' Motion for Entry of an Order Setting Confirmation Schedule and Establishing Parameters of Confirmation-Related Discovery (Filed December 3, 2010) (Docket No. 6723)

(m) Supplemental Submission of Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6736)

Status: The Court entered an Order approving the Motion (Docket No. 7126). Pursuant to the Court's directive at the December 6, 2010 hearing, this matter will be going with respect to the proposed case management order relating to the confirmation process (contours order) only.

12. Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed November 12, 2010) (Docket No. 6433)

Related Document(s):

(a) Declaration of Kenneth Liang in Support of Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed November 12, 2010) (Docket No. 6434)

(b) Declaration of Gavin Baiera in Support of Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed November 12, 2010) (Docket No. 6435)

(c) Re-Notice of Motion (Filed November 17, 2010) (Docket No. 6446)

(d) Reply to Opposition to Motion of Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed December 10, 2010) (Docket No. 7143)

(e) Declaration of Thomas Fuller in Support of Reply in Support of Motion of Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed December 10, 2010) (Docket No. 7144)

Objection Deadline: December 3, 2010 at 4:00 p.m.

Responses Received:

(a) Akin Gump Strauss Hauer & Feld LLP's Opposition to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6726)

(b) Appendix to Opposition to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6727)

(c) Declaration of Daniel H. Golden in Support of Opposition to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6728)

(d) Declaration of Ashley F. Waters in Support of Opposition to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6730)

(e) Declaration of Dan Gropper in Support of Opposition to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P. for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management, LP (Filed December 3, 2010) (Docket No. 6732)

(f) **Motion of Akin Gump Strauss Hauer & Feld LLP for Leave to File Sur-Reply to Motion of Oaktree Capital Management, L.P. and Angelo, Gordon & Co. L.P., for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP from Representing Aurelius Capital Management LP (Filed December 14, 2010) (Docket No. 7161)**

Status: This matter will be going forward.

13. Motion for an Order Pursuant to 11 U.S.C. § 105(a) Staying the Prosecution of Avoidance Actions (Filed December 3, 2010) (Docket No. 6753)

Related Document(s):

(a) Order Setting Expedited Hearing and Shortening Notice Period with Respect to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) Staying the Prosecution of Avoidance Actions (Entered December 6, 2010) (Docket No. 7006)

(b) Notice of Hearing on Motion for an Order Pursuant to 11 U.S.C. § 105(a) Staying the Prosecution of Avoidance Actions (Filed December 6, 2010) (Docket No. 7046)

(c) Certification of No Objection Regarding Docket No. 6753 (Filed December 13, 2010) (Docket No. 7150)

(d) Notice of Withdrawal of Docket No. 7150 (Filed December 13, 2010) (Docket No. 7152)

(e) **Certification of Counsel With Respect to Motion for an Order Pursuant to 11 U.S.C. § 105(a) Staying the Prosecution of Avoidance Actions (Filed December 14, 2010) (Docket No. 7160)**

Objection Deadline: December 10, 2010 at 4:00 p.m.

Responses Received:

(a) Limited Objection of Constellation NewEnergy, Inc. to the Debtors' Motion for an Order Staying the Prosecution of Avoidance Actions (Filed December 13, 2010) (Docket No. 7151)

(b) **Notice of Withdrawal of Docket Number 7151 (Filed December 14, 2010) (Docket No. 7159)**

**Status: The Limited Objection was withdrawn and a Certification of Counsel was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.**

14. Motion of the Official Committee of Unsecured Creditors for Entry of an Order Confirming that the Court's October 27, 2010 Order Granted the Committee Standing with Respect to All Claims Asserted in the Amended Complaints in Adversary Proceeding Nos. 10-53963 and 10-51010 (Filed December 7, 2010) (Docket No. 7091)

Related Document(s):

(a) Order Granting Motion to Shorten Notice (Entered December 8, 2010) (Docket No. 7110)

Objection Deadline: December 15, 2010 at 10:00 a.m.

Responses Received: None at this time.

Status: This matter will be going forward.

Dated: December 14, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION