**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

|                                      |     |                            |
|--------------------------------------|-----|----------------------------|
|                                      | )   |                            |
|                                      | )   | Chapter 11                 |
| In re:                               | )   |                            |
|                                      | )   | Case No. 08-13141 (KJC)    |
| TRIBUNE COMPANY, *et al.*,           | )   |                            |
|                                      | )   | Jointly Administered       |
|                          Debtors.    | )   |                            |
|                                      | )   | Re:  Docket No. 7091       |
|                                      | )   |                            |

_____

**SAMUEL ZELL AND EGI-TRB, L.L.C.'S**
**LIMITED OBJECTION TO THE COMMITTEE'S MOTION TO**
**CONFIRM STANDING WITH RESPECT TO CERTAIN CLAIMS**

Samuel Zell ("Mr. Zell") and EGI-TRB LLC ("EGI-TRB") respectfully submit their limited objection (the "Objection") to the Official Committee of Unsecured Creditors' (the "Committee") December 7, 2010 Motion For Entry Of An Order Confirming That The Court's October 27, 2010 Order Granted The Committee Standing With Respect to All Claims Asserted In the Amended Complaints In Adversarial Proceeding Nos. 10-53963 and 10-54010 ("Committee's Motion").  (Dkt. No. 7091.)

Mr. Zell and EGI-TRB file this limited objection with respect to claims against Mr. Zell and EGI-TRB that the Examiner found unlikely to succeed to preserve for further determination the issues whether those alleged claims are colorable and whether their prosecution is likely to benefit the Estates.  Mr. Zell and EGI-TRB otherwise consent to the relief requested by the Committee.

**Procedural History**

In February 2010, the Committee filed a motion for entry of an order granting it leave, standing and authority to commence, prosecute and settle certain claims.  (Dkt. No.

3281, the Committee's "Standing Motion".)  The draft complaint attached to that motion did *not* include claims against Mr. Zell and EGI-TRB.  On April 20, 2010, while the Standing Motion was pending, this Court appointed the Examiner to investigate "potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007."  (Dkt. No. 5720).

Thereafter, with the benefit of over 4 million pages of documents, written submissions from the parties, the assistance of multiple law firms and forensic analysis, the Examiner conducted an extensive investigation, conducted 38 witness interviews (including Mr. Zell and an EGI-TRB representative), and issued a 1,200 page Report. (*See, e.g.,* Dkt. Nos. 5115 and 5270, the Examiner's Notice and Mot. for Relief.)  That Report concluded, among other things, that any putative claims against Mr. Zell and EGI-TRB were unlikely to succeed.  (Dkt. Nos.  5247-50, the Examiner's Report.)   In his August 3, 2010 Report, the Examiner found, *inter alia*, that:

- There is no "*plausible basis* . . . to justify equitable subordination of the EGI-TRB Notes."  (*Id.* Vol. II at 338-39);

- It is "*highly unlikely*" that a court would "conclude that any claims for aiding and abetting breach of fiduciary duty could be sustained based on the conduct of any potential defendants [including Mr. Zell and EGI-TRB] at Step One."  (*Id.* at 395);

- A preferential transfer claim based on payments made on the Exchangeable EGI-TRB Note likely would not succeed because EGI-TRB appears to possess a valid ordinary course of business defense.  (*Id.* at 311-14);

- There is no "sufficient basis to conclude that the Zell Group aided and abetted a breach of any fiduciary duties in connection with the Leveraged ESOP Transactions."  (*Id.* at 397);

- It is "reasonably unlikely" that an unjust enrichment claim [against Mr. Zell or EGI-TRB] would be meritorious.  (*Id.* at 404); and

- While there is evidence that certain third parties may not have acted in good faith in connection with the Step Two Transactions, the evidence shows that Mr. Zell and EGI-TRB always acted in good faith. (*Id.* at 74-75, 264, 281, 283, 338 and Vol. I at 300).[1]

Notwithstanding the Examiner's findings, in September 2010, the Committee supplemented its Standing Motion and requested leave to assert, among other claims, six claims against Mr. Zell and EGI-TRB that the Examiner found were unlikely to succeed. (*See, e.g., Id.* Vol. I at 300 and Vol. II at 22, 74-75, 264, 281, 283, 311-14, 338-39, 395, 397 and 404.)

At the October 22, 2009 hearing on the Committee's Standing Motion, counsel for Mr. Zell and EGI-TRB stated that it did not object to the Committee's motion for standing, but expressly contended that the proposed draft complaint's alleged claims against Mr. Zell and EGI-TRB were "unfounded and contrary to the conclusions and findings of the Examiner" and asked that those claims not be filed until Judge Gross' mediation concluded. (Ex. A, 10/22/10 Tr. at 43.)

Because EGI-TRB and Mr. Zell did not object to the Committee's request for standing, the Court was not required to and did not make any determination as to whether the claims against Mr. Zell or EGI-TRB, which the Examiner found unlikely to succeed, were colorable or would provide benefit to the Estates. The Court was not provided with any substantive analysis or showing demonstrating that the Committee's alleged claims against Mr. Zell or EGI-TRB are colorable or that it is in the best interest of the Debtors' Estates to prosecute them. (*Id.* at 65-66.)

---

[1] The Examiner's work was significant and it cost the Debtors' Estates considerable expense: over $12 million. (*See* Order Approving Examiner's Final Fee App., Dkt. No. 6077.)

Near the conclusion of that hearing, the Court granted the Committee's Standing Motion, holding that it was "authorizing the Committee to pursue claims which fall within the parameters of the Examiner's reports and the complaints and draft complaints" as well as other claims set forth in the draft complaint, subject to a stay on prosecution. (*Id*. at 65.)  In its written Order, the Court provided that "*all* the rights" of the defendants "shall *be fully* preserved. . . ."  (Oct. 27, 2010 Order at 4, ¶ 3.)[2]

On November 1, 2010, the Committee filed a complaint in these proceedings, Adversary Proceeding No. 10-54010 (the "LBO Complaint").

On December 7, 2010, the Committee filed the instant Motion seeking an order from this Court "confirming that the Court's October 27, 2010 order granting the Committee standing on behalf of the Debtors' estates to commence, prosecute and settle claims and counterclaims arising out of or in connection with the Debtors' 2007 leveraged buyout transaction ("LBO") encompasses all claims set forth in the Committee's Amended Complaint" in Adversarial No. 10-54010."  (Committee's Motion at 1.)

The Committee's newest proposed amended complaint in Adversarial Proceeding No. 10-54010 (the "Proposed Amended LBO Complaint") alleges ten claims against Mr. Zell and/or EGI-TRB (Counts II, VII, XI, XII, XIII, XVII, XVIII, XIX, XX and XXII). Four of the claims alleged against Mr. Zell and/or EGI-TRB in the Committee's Proposed Amended LBO Complaint were not contained in the draft proposed complaint provided in advance of the October 22, 2010 court hearing on standing.  (*See, e.g.,* Proposed Am.

---

[2] The Court made clear that it would be available to construe its Order when and if the claims were prosecuted:  ". . . to the extent there are further disputes about what this Order means once it's entered, I'll be around to interpret it for you, at least as it has to do with the commencement of litigation."  (Ex. A at 66.)

LBO Compl. Counts XIII, XVII, XIX and XX.)   In the Proposed Amended LBO Complaint, the Committee's prior allegations against Mr. Zell and EGI-TRB also have been revised substantially relative to the draft proposed complaint submitted to the Court in connection with the Standing Motion in September 2010.

### Argument

In response to the Committee's Motion, Mr. Zell and EGI-TRB again do not object to the Committee's standing to plead and preserve potential claims.  In fact, to eliminate any concern with respect to the effect of the December 8, 2010 limitation deadline for filing claims, Mr. Zell and EGI-TRB are willing to enter into tolling agreements and/or stipulate to a Court Order preserving any potential asserted claims against a limitations defense.

However, Mr. Zell and EGI-TRB continue to object that the alleged claims against them, which the Examiner found unlikely to succeed, are not colorable and that it would not benefit the Estates to pursue them.  Mr. Zell and EGI-TRB request the Court continue to preserve all of their rights as defendants, including the right to contest these issues in future proceedings.[3]

Additionally, this Court should reserve ruling on whether the Committee has standing to *prosecute* these claims when and if the stay is lifted.  Among other things, even if it may have been in the best interest of the Estates to *commence* certain alleged claims in order to preserve them against a looming limitation deadline, this Court should

---

[3] In all events, "[i]t is well settled that, under certain circumstances, a Court may modify or even vacate a prior order that has been entered," whether in response to a party's motion or *sua sponte*. *In re Exide Techs., Inc.*, 299 B.R. 732, 739 (Bankr. D. Del. 2003) (Carey, J.)  The Third Circuit recognizes:  "[i]t is well settled that a bankruptcy court has the power to vacate or modify its orders, as long as it is equitable to do so."  *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 265 n.5 (3d Cir. 1991).

reserve judgment on whether it is of benefit to the Estates to spend millions of dollars *prosecuting* claims that Examiner found are unlikely to succeed.

Alternatively, EGI-TRB and Mr. Zell request that the Court direct the parties to further meet and confer in an effort to address the concerns raised by this objection and if they are unable to reach agreement, for the parties to propose a process for resolving this objection.

### Conclusion

WHEREFORE, for those reasons, Mr. Zell and EGI-TRB respectfully request that this Court expressly preserve Mr. Zell and EGI-TRB's right to contest whether the alleged claims against Mr. Zell and EGI-TRB that the Examiner found were unlikely to succeed are colorable and/or whether prosecution of those claims is likely to benefit the Debtors' Estates.

Respectfully submitted,

By:    /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
                    and
David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 840-7375

Co-Counsel for Samuel Zell and
EGI-TRB, LLC