IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) |
| | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |

**SUPPLEMENTAL DECLARATION OF DANIEL H. GOLDEN
IN SUPPORT OF OPPOSITION TO MOTION OF OAKTREE CAPITAL
MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P.,
TO DISQUALIFY AKIN GUMP STRAUSS HAUER & FELD LLP
FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT, LP**

I, DANIEL H. GOLDEN, do hereby declare that:

1. I make this Supplemental Declaration in support of Akin Gump's Opposition to the Motion filed by Oaktree Capital Management, L.P. ("Oaktree") and Angelo, Gordon & Co. L.P. ("Angelo Gordon" and, together with Oaktree, the "Movants") to disqualify Akin Gump from continuing to represent Aurelius Capital Management, LP, on behalf of its managed entities (collectively, "Aurelius"), in these chapter 11 cases. I previously submitted a Declaration in this matter on December 3, 2010 ("Golden Decl.").

2. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.

3. On December 10, 2010, Movants filed a Reply Memorandum which included a declaration from Thomas Fuller, Senior Managing Director of Angelo Gordon. In that declaration, Mr. Fuller characterizes certain communications he had with me in connection with Akin's efforts to secure Angelo Gordon's consent to Akin's representation of Aurelius. I am constrained to dispute several of Mr. Fuller's assertions, as well as others that appear in Movants' Reply Memorandum.

4. Mr. Fuller denies having provided consent to Akin's representation of Aurelius in our September 20, 2010 call. (Fuller Decl. ¶ 3) In my conversation with Mr. Fuller on that day, he expressly consented on behalf of Angelo Gordon to Akin's representation of Aurelius. Although Mr. Fuller acknowledged uneasiness about the prospect of Akin representing Aurelius in the Tribune bankruptcy cases, he unequivocally told me that

      since some law firm would represent Aurelius, he would not object to Akin's representation of Aurelius.

5. In fact, only minutes after my September 20th telephone call with Mr. Fuller, I sent an internal email to Phil Dublin, an Akin bankruptcy partner with whom I work closely on the Tribune and other matters, informing him about the outcome of my call with Mr. Fuller. I explained that "[w]e can have the waiver if we want it." A true and correct copy of this email was included as Exhibit 6 in the Appendix filed previously by Akin Gump. I note that neither Mr. Fuller nor the Reply Memorandum submitted by Movants took any account of my email to Mr. Dublin.

6. Mr. Fuller states that I did not inform him of the specific adverse positions that Aurelius was planning to take in the chapter 11 cases in this September 20, 2010 call. Fuller Decl. ¶ 3. In fact, however, Mr. Fuller was well aware that, as a holder of LBO bank debt, Angelo Gordon had materially different and competing interests from a pre-LBO noteholder such as Aurelius. Indeed, in the course of our September 20th call, Mr. Fuller specifically stated that he understood that these chapter 11 matters were likely to become very contentious.

7. Mr. Fuller also states that I "did not inform [him] that Aurelius intended to take positions with respect to FCC matters that would be contrary to those taken by Angelo Gordon." *Id.* Yet, at that time, I did not know if Aurelius intended to take positions with respect to FCC matters that would be contrary to those taken by Angelo Gordon. Even today I am not aware that Aurelius has taken any positions with respect to FCC matters contrary to Angelo Gordon.

8. The Reply Memorandum asserts that it was improper for me to talk to Mr. Fuller since he was a business person, and not a lawyer for Angelo Gordon. Reply Memorandum, at 13. Yet, Angelo Gordon was a firm client of Akin Gump (as Movants repeatedly, and correctly, observe). I had spoken in the past with Mr. Fuller directly on numerous occasions about legal matters. Moreover, other of my bankruptcy partners and I have received consents to conflicts directly from Mr. Fuller in the past.

9. Mr. Fuller also states that he did not reiterate his consent in our conversation on October 19, 2010. Fuller Decl. ¶ 5. In that conversation, Mr. Fuller asked me to confirm that Akin would not be representing Aurelius in FCC-related matters in connection with these bankruptcy cases, which I did. He never objected to our representing Aurelius, nor did he provide any indication that he no longer consented to this representation.

10. Movants also contend that "Akin Gump does not even mention" that I spoke with Mr. Fuller and his in-house counsel together on October 20, 2010. Reply Memorandum, at 15. This is just not so -- I expressly discuss this call in paragraph 34 of my original Declaration.

2

11.    As I noted in my original Declaration, in the course of this October 20 phone call, Mr. Fuller and his in-house counsel asked that I reconfirm that Akin Gump would not be Aurelius's FCC counsel and that the Ehtical Wall would remain in place. Upon my re-confirming these facts, they did not express any objection to our representing Aurelius.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 13, 2010
      New York, New York

_____
Daniel H. Golden