# EXHIBIT 1

## Proposed Order

46429/0001-7242939v1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to D.I. 7126 |

## ORDER AMENDING ORDER (I) APPROVING GENERAL DISCLOSURE STATEMENT AND SPECIFIC DISCLOSURE STATEMENTS; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLANS OF REORGANIZATION; (III) APPROVING FORMS OF BALLOTS, MASTER BALLOTS AND RELATED INSTRUCTIONS; (IV) APPROVING SOLICITATION PACKAGE CONTENTS AND AUTHORIZING DISTRIBUTION OF SOLICITATION AND NOTICE MATERIALS; (V) FIXING VOTING RECORD DATE; (VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION; (VII) SETTING CONFIRMATION SCHEDULE AND ESTABLISHING PARAMETERS ON CONFIRMATION-RELATED DISCOVERY; (VIII) ESTABLISHING NEW DEADLINE FOR RETURN OF MEDIA OWNERSHIP CERTIFICATIONS; (IX) AUTHORIZING EXPANSION OF BALLOTING AND TABULATION AGENT'S RETENTION AND ALLOCATION OF COSTS OF SAME; AND (X) GRANTING RELATED RELIEF [D.I. 7126]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Court having entered, on December 9, 2010, that certain Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots, and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery, (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (X) Granting Related Relief [D.I. 7126] (the "Solicitation Order");[2] and the proponents of the Step One Lender Plan (as defined in the Solicitation Order) having filed that certain Notice of Withdrawal of (A) First Amended Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims, (B) Specific Disclosure Statement for First Amended Plan of Reorganization, and (C) Responsive Statement by Certain Holders of Step One Senior Loan Claims on December 14, 2010 [D.I. 7190] (the "Notice of Withdrawal"); and the Court having determined that it is appropriate to modify the relief granted in the Solicitation Order to reflect the withdrawal of the Step One Lender Plan; it is hereby

ORDERED, that the Voting Agent is authorized to exclude the Step One Lender Plan, the Specific Disclosure Statement relating to the Step One Lender Plan, the Responsive Statement relating to the Step One Lender Plan, and all Ballots to be used in voting solely on the Step One Lender Plan from the Solicitation Packages; and it is further

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Solicitation Order.

2

ORDERED, that the proponents of the Debtor/Committee/Lender Plan, the Noteholder Plan, and the Bridge Lender Plan are authorized to include in the Solicitation Packages modified versions of (i) the General Disclosure Statement, (ii) the Responsive Statements, (iii) Ballots, Master Ballots, and accompanying instructions, (iv) the Confirmation Hearing Notice, and (v) the Publication Notice, in each case in the forms filed with the Bankruptcy Court on December 15, 2010, which reflect modifications to delete language as necessary and appropriate to reflect the withdrawal of the Step One Lender Plan; and it is further

ORDERED, that the date by which the Voting Agent must complete the mailing of the Solicitation Packages set forth in the Solicitation Order (at paragraph 27 thereof) is changed to **December 24, 2010**; and it is further

ORDERED, that all other dates and deadlines set forth in the Solicitation Order, relief granted in the Solicitation Order, and findings of fact set forth in the Solicitation Order are unaffected by this Order; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Solicitation Order or this Order.

Dated: Wilmington, Delaware
       December ____, 2010

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge