# EXHIBIT A

**Stipulation Governing the Production of Documents and
Testimony of Randy Michaels Pursuant to Bankruptcy Rule 2004**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**STIPULATION GOVERNING THE PRODUCTION OF DOCUMENTS AND TESTIMONY OF RANDY MICHAELS PURSUANT TO BANKRUPTCY RULE 2004**

WHEREAS, on December 3, 2010, Debtors filed a Motion pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), authorizing them to conduct discovery of Randy Michaels ("Mr. Michaels") concerning (i) documents relating to Tribune Company ("Tribune" or "Company") in Mr. Michaels's

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

possession, custody, or control, (ii) all Company-provided computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iii) all computers, computing devices, or electronic storage media, including any portable computing devices, hard drives, thumb drives, smartphones, or messaging devices; (iv) any computers, hard drives, diskettes, or other electronic storage media of any type on which any Company information is, was, or may have been stored; and (v) the production of any removable media that Mr. Michaels connected to his company-issued computer;

WHEREAS, on December 10, 2010, Aurelius Capital Management, LP ("Aurelius") filed a Joinder to the Rule 2004 Motion and has requested that Mr. Michaels make himself available for deposition;

WHEREAS, Debtors, Mr. Michaels, and Aurelius have reached agreement regarding the relief sought by the Motion, as well as additional relief in the form of a deposition of Mr. Michaels;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties to this Stipulation and Order, subject to approval of the Court, that:

1. Subject to the entry of an appropriate confidentiality and protective order to be agreed to by the parties to this Stipulation, Mr. Michaels will produce and/or make available for inspection any of the materials identified in the Rule 2004 Motion and reflected in the Debtors' Request To Randy Michaels For The Production Of Documents And Tangible Things attached as Exhibit A that have not already been produced to Debtors and that contain Company information within 20 days from execution of this Stipulation, which deadline may be extended by written agreement of the parties thereto.

2. Subject to the entry of an appropriate confidentiality and protective order to be agreed to by the parties to this Stipulation, Mr. Michaels will make himself available for a deposition in Chicago, Illinois at a time and location mutually agreeable to the parties following the completion of the production referenced in paragraph 1. The parties agree that Mr. Michaels' deposition will be limited to the topics raised in the Rule 2004 Motion as well as Mr. Michaels' involvement in the matters at issue in confirmation. Other parties may attend and participate in the deposition, subject to their agreement to be bound by this Stipulation and the terms of the confidentiality and protective order referenced in paragraph 3.

3. The documents and deposition testimony provided in accordance with this Stipulation and Order shall be subject to a confidentiality and protective order to be agreed to by the parties to this Stipulation. In the event that the parties are unable to reach agreement upon the terms of the confidentiality and protective order, any of the parties may make an application to the Court, on notice to the other parties, for entry of an appropriate order.

4. The Court shall have exclusive jurisdiction to hear and determine all disputes arising in connection with the enforcement of this Stipulation and Order.

| | |
|---|---|
| SNR DENTON US LLP<br><br>By: _Thomas LaBuda_<br>Thomas A. Labuda, Jr.<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL 60606-6404<br><br>ATTORNEY FOR RANDY MICHAELS<br><br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: _/s/ Abid Qureshi_<br>Abid Qureshi<br>One Bryant Park<br>New York, NY 10036-6745<br><br>ATTORNEYS FOR AURELIUS CAPITAL MANAGEMENT LLP | SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>James F. Bendernagel, Jr.<br>James W. Ducayet<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br><br>By: _/s/ J. Kate Stickles_<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION |