IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x

In re:                                    : Chapter 11
                                          :
                                          : Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,[1]               :
                                          : (Jointly Administered)
                  Debtors.                :
                                          : Re: Docket No. 6255

------------------------------- x

## DISCOVERY AND SCHEDULING ORDER FOR PLAN CONFIRMATION

A hearing (the "Confirmation Hearing") on the possible confirmation of the plans of reorganization proposed for the Debtors is scheduled to commence on March 7, 2011 before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801. Pursuant to Bankruptcy Code sections 105(a) and (d), Federal Rules of Bankruptcy Procedures 9006 and 9014, and Federal Rule of Civil Procedure 43(e), the following schedule is established for purposes of discovery and other pre-trial matters in respect to the Confirmation Hearing.

IT IS HEREBY ORDERED as follows:

1. For purposes of compliance with certain aspects of this Order as specifically set forth below (but for no other purposes), each party-in-interest in these proceedings shall be a Party (each a "Party" and collectively "Parties"). Any Party that is a proponent or co-proponent of one of the three plans of reorganization that have been filed in connection with the above captioned cases (each a "Plan Proponent Party" and collectively "Plan Proponent Parties") shall be grouped with any other proponents of that plan (each such group a "Proponent Group").

2. Each Plan Proponent Party will use its reasonable best efforts to cooperate and coordinate with all other Plan Proponent Parties within its Proponent Group to, whenever possible, avoid unnecessary duplication, expense and delay.

## FACT DISCOVERY

3. All fact discovery shall be completed no later than February 25, 2011.

4. Counsel of record for each Party agrees to accept service via email of any requests for production of documents, document subpoenas, deposition notices, or deposition subpoenas on behalf of such Party and its constituent members, employees, officers, or directors, and any of their respective current legal, financial, or other advisors, provided however, that in the case of the Official Committee of Unsecured Creditors (the "Committee"), service on counsel to the Committee shall constitute service only on the Committee in its capacity as such (including its Professionals) and not on individual members of the Committee.

5. Written objections and responses to any document requests or subpoenas shall be served within ten (10) business days of service of such requests. Parties shall endeavor to state any categorical privilege objections they may have in conjunction with their written responses and objections.

6. All Parties shall complete production of all responsive documents and information within the later of thirty (30) calendar days after service of such requests or, solely with respect to documents subject to an objection, within fifteen (15) calendar days after resolution of any discovery dispute respecting

such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable. To the extent that a party needs more time to complete its production of documents it may apply to the Court for such relief pursuant to the provisions of Paragraph 14 hereto.

7. Interrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and(ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature. Written objections and responses to interrogatories shall be served within twenty one (21) calendar days of service of such requests.

8. Requests for admissions shall be restricted solely to those seeking admissions concerning the authenticity and/or foundation for admissibility of documents. Written objections and responses to requests for admissions shall be served within twenty-one (21) calendar days of service.

9. All Parties and other persons who are served with any document requests or document subpoenas shall produce a privilege log respecting any documents withheld from production that complies with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026(b)(5)(A) within thirty (30) calendar days of service of such requests, and shall produce any supplemental privilege log by no later than the date of any supplemental document production. The parties shall continue to meet and confer respecting the extent to which category privilege logs and/or document by document privilege logs shall be utilized (and the timing, form, content, terms and conditions thereof), and any party, Party or Parties may seek relief from the Court pursuant to Paragraph 14 of this Order in the event agreement cannot be reached. To the extent that a party needs more time to complete its privilege log it may apply to the Court for such relief pursuant to the provisions of Paragraph 14 hereto.

10. On or before December 22, 2010, all Parties shall exchange and provide to all counsel on the list referred to in paragraph 35 preliminary lists of all witnesses (except witnesses from whom expert reports will be submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)) that each Party may call to provide testimony at the Confirmation Hearing. Thereafter, the Parties shall promptly notify all other Parties regarding any additional witnesses identified during the discovery process and/or removal of any witness from a Party's witness list.

11. The Proponent Groups opposed to the Debtors/Committee/Lender Plan shall collectively have the right to notice a total of forty (40) fact depositions combined for all issues and matters to be considered at the Confirmation Hearing. The Proponents of the Debtors/Committee/Lender Plan shall collectively have the right to notice a total of twenty (20) fact depositions combined for all issues and matters to be considered at the Confirmation Hearing. All depositions shall proceed once they have been requested regardless of whether the Proponent Group or Plan Proponent Party initially requesting the deposition changes its

position with respect to the proposed plans of reorganization, or determines not to proceed with the deposition. Fact depositions shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7030.

12. Depositions will be coordinated so that witnesses who are to be questioned by multiple Proponent Groups shall be simultaneously deposed by such Proponent Groups and by any other Party wishing to question the witness. The Plan Proponent Parties and any other Party wishing to question the witness shall work cooperatively as to the order of questioning, the allocation of time between all such Parties, and the extent to which any deposition should extend beyond 7 hours of questioning, provided that all rights are reserved for all such Parties to seek relief respecting such matters in the event disagreements cannot be resolved. Counsel for any Party wishing to participate in depositions shall make an attorney available to attend weekend depositions in the event weekend depositions become necessary or appropriate as a result of scheduling issues.

13. Pursuant to Fed. R. Civ. P. 32, all Plan Proponent Parties may use the 2004 depositions and the Trustee Motion depositions, which were previously taken, at the Confirmation Hearing subject to the provisions of Fed. R. Civ. P. 32(a)(1) (B)-(C) and 32(b). Nothing contained in or omitted from this Order waives a Plan Proponent Party's right to depose or call at the confirmation hearing any of these witnesses or to object to such deposition or testimony at the hearing of these witnesses.

14. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within (3) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules for the United States Bankruptcy Court, District of Delaware:

   a. Each Party or Proponent Group to such discovery dispute shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a single letter, no more than four (4) pages in length identifying the issue(s) and relief requested and summarizing the basis thereof (the "Initial Letter");

   b. within two (2) business days after receipt of such Initial Letter, each Party or Proponent Group to whom the Initial Letter is directed shall deliver to the Court and serve all Plan Proponent Parties (and any other Party requesting service) via email a single letter that shall be no longer than four (4) pages in length, responding to the Initial Letter and

    c. the Court will thereafter instruct the Parties to the dispute and all Plan Proponent Parties whether a telephonic conference or hearing shall be scheduled with the Court to address the issues raised and/or if the Court requires further briefing in advance of any such conference or hearing.

15. Any Party who is not a Plan Proponent Party shall have the right to participate in fact discovery conducted by any Plan Proponent Party (or any other Party) by participating in any depositions and by receiving copies of any all fact discovery requests, responses, objections, productions, deposition requests, notices scheduling depositions and depositions, and shall accept service via email. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to serve and conduct fact discovery; if such leave is granted, such Party will be subject to all provisions of this Order relating to fact discovery that are applicable to Plan Proponent Parties.

## EXPERT DISCOVERY

16. All expert discovery shall be completed no later than March 3, 2011.

17. Each Plan Proponent Party shall have the right to identify and utilize expert witnesses in connection with the Confirmation Hearing. The Plan Proponent Parties will meet and confer in good faith regarding a reasonable number of expert witnesses per Proponent Group. Nothing herein shall preclude any Plan Proponent Party from seeking appropriate relief from the Court with respect to the number of expert witnesses and the scope of any expert testimony.

18. All Plan Proponent Parties shall disclose to all Parties on the list referred to in Paragraph 35 the identity of any expert witness they may use to present evidence in their case-in-chief under Federal Rules of Evidence 702, 703 or 705 on or prior to January 26, 2011, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

19. All Plan Proponent Parties shall file their expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to experts on or prior to February 8, 2011.

20. All Plan Proponents shall file their rebuttal expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to rebuttal experts on or prior to 12:00 p.m. (prevailing Eastern time) on February 21, 2011.

21. Expert depositions may commence on or after February 23, 2011.

22. No Plan Proponent Party shall be required to produce in expert discovery any draft reports (including drafts of any materials, charts, illustrative documents, or exhibits prepared by the expert, any person working under the expert's supervision, or the Plan Proponent Party and its counsel) or communications between such expert and counsel related to the expert's report or declaration.

23. Any Party who is not a Plan Proponent Party shall have the right to participate in expert discovery conducted by any Plan Proponent Party by participating in any depositions and by receiving copies of all expert-related document requests, production, disclosures, deposition requests, notices scheduling expert depositions and depositions. Any Party who is not a Plan Proponent Party may also seek leave of the Court for good cause shown to identify and utilize expert witnesses in connection with the Confirmation Hearing; if such leave is granted, such Party will be subject to all provisions of this Order relating to expert discovery that are applicable to Plan Proponent Parties.

## CONFIRMATION BRIEFS

24. As set forth in the Court's Solicitation Procedures Order, each Proponent Group shall have the right to file and serve an Objection in response to each proposed plan of reorganization on February 15, 2011. All objections raised by a Plan Proponent Party will be set forth in the Objection filed by the Plan Proponent Group. Notwithstanding the foregoing, Wilmington Trust, as Indenture Trustee for the PHONES, shall be permitted separately to file an objection to the Debtor/Committee/Lender Plan limited to fifteen (15) pages, so long as such objection raises issues unique to the PHONES and is in no way duplicative of the Objection filed by the Noteholder Plan Proponent Group.

25. Each Proponent Group shall have the right to file a single brief in further support of confirmation of its respective plan and in response to the Objections of other Proponent Groups on February 25, 2011.

## PRE-TRIAL SUBMISSIONS

26. On February 15, 2011, all Parties shall serve on one another the designation, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing.

27. On February 18, 2011, all Parties shall serve on one another the list of exhibits they reasonably anticipate offering into evidence at the Confirmation Hearing ("Trial Exhibits").

28. On February 22, 2011, all Parties shall serve on one another any counter designations or objections to the designations, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing. To the extent that any Party wishes to

designate deposition testimony from fact witnesses it reasonably anticipates offering into evidence at the Confirmation Hearing that was provided at a deposition taken on or after February 15, 2011, the Parties shall further agree upon a schedule for the exchange of such designations, and any counter-designations and objections thereto.

29. On February 25, 2011, all Parties shall serve on one another any objections to the Trial Exhibits. To the extent the Parties identify any additional Trial Exhibits after this date, they shall serve a supplemental list on one another no later than March 2, 2011 and serve any objections thereto on one another by March 3, 2011.

30. A Joint Pretrial Memorandum, along with any other documents required by the Chambers Procedures for the Honorable Kevin J. Carey, shall be filed with the Court by 4:00 p.m. (prevailing Eastern time) on February 28, 2011.

31. All pre-trial motions in limine, if any, shall be filed and served no later than February 22, 2011, to the extent the issues are ripe; responses shall be served on February 28, 2011. If additional issues arise after February 22, 2011, the parties may seek leave of the Court to file motions in limine regarding those issues.

32. A pretrial hearing to resolve all disputed issues will be held on March 2, 2011 at 1:30 p.m.

33. Parties shall serve all demonstrative exhibits on one another no later than twenty four (24) hours before the hearing date at which such demonstrative exhibits are proposed to be used, and any objections thereto will be heard on the morning of the hearing.

## MISCELLANEOUS

34. The terms of the Third Decretal paragraph of the Document Depository Order (Dkt. #2858) and the associated acknowledgment of each signatory to the Document Depository Order (with the exception of any paragraph dealing with Settlement Material, Settlement Communications and/or Federal Rule of Evidence 408) shall apply to all discovery produced pursuant to this Order, provided that nothing contained in or omitted from this Order shall constitute a waiver of any rights under the Document Depository Order (Dkt. #2858) or the Mediation Order (Dkt. #5991).

35. All discovery requests, responses, objections, deposition notices, notices of deposition scheduling depositions and all disclosures under this Order will be served by email upon an agreed list of counsel for the Plan Proponent Parties and for any other Party who requests to be on the list. (Counsel for the Step One Lenders, for Merrill Lynch, for Bank of America and for Citicorp are hereby included on the list). Document productions shall be served by email where reasonably possible, and where not reasonably possible, shall be served upon

counsel for a Party on the list in the same manner as served on counsel for Plan Proponent Parties. All discovery elicited in connection with this Order shall be available to all Parties to these proceedings so long as the Party agrees to abide by the provisions of the Document Depository Order referenced in Paragraph 34 hereto, with the exception of certain documents as to which limited protections may be warranted as directed by the Court.

36. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

37. Nothing in this Order shall affect or prejudice the right of any Party to make any application to the Court with respect to the scope, timing, duration and character of the Confirmation Hearing, or the submission of additional pre-trial or post-trial submissions or briefs.

38. Each hearing in the Debtors' cases between the date of this Order and the commencement of the Confirmation Hearing shall, at the request of the Court or any party, include a status conference in connection with matters respecting this Order and Confirmation Hearing, provided that specific notice of the matters to be addressed at that status conference is provided in advance of the date for submission of the hearing agenda.

39. Parties shall be permitted to file post-hearing briefs to address the facts presented at the Confirmation Hearing. A filing deadline shall be determined at a later date in consultation with the Court.

40. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: December __, 2010

_____
HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge