## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY *et al.*,<br><br>                       Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Hearing Date: 1/13/11 @ 1:00 p.m.<br>Objections Due: 1/6/11@ 4:00 p.m. |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY *et al.*,<br><br>                       Plaintiff,<br><br>                       v.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br><br>                       Defendants. | Adversary No. 10-55969 (KJC) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER STAYING PROSECUTION OF PREFERENCE ACTION

The Official Committee of Unsecured Creditors (the "Committee") of the Tribune Company ("Tribune") and its various debtor-subsidiaries (collectively, the "Debtors") hereby moves this Court for an order staying the prosecution of the above-captioned adversary proceeding (the "Preference Action"), and respectfully represents as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 1103(c) and 1109(b) of the Bankruptcy Code.

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 18, 2008, the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3. By order dated October 27, 2010 [D.I. 6150] (the "Standing Order"), this Court granted the Committee, among other things, leave, standing and authority to commence and prosecute on behalf of the Debtors' estates claims and counterclaims arising out of or in connection with the Debtors' 2007 leveraged buyout transaction. The Standing Order stayed the actions to be commenced except as to certain limited activities.

4. On November 1, 2010, the Committee commenced Adversary Proceeding No. 10-53963 (the "LBO Lender Action"). On December 7, 2010, the Committee filed an amended complaint in the LBO Lender Action. On December 8, 2008, the Committee filed a Motion to Amend the First Amended Complaint [D.I. 7113] (the "Motion To Amend") in the LBO Lender Action, which exhibits concerned the preference claims against the LBO Lender Preference Defendants.

5. The Preference Action, commenced on December 8, 2010, is asserted against JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, and other LBO lenders (collectively, the "LBO Lender Preference Defendants") to avoid and recover payments of principal and/or interest on the LBO loans made by Tribune on or within the 90 days preceding

the December 8, 2008 filing of Debtors' bankruptcy petition (the "Preference Period").. This action seeks not less than $178,452,422.

6. The Committee commenced the Preference Action as a prophylactic action to avoid any uncertainty that it asserted the preference claims against the LBO Lender Preference Defendants before expiration of the statute of limitations. Should the Court grant the Motion to Amend, the Committee will consolidate or dismiss the Preference Action.

## RELIEF REQUESTED AND REASONS THEREFOR

7. By this Motion, the Committee seeks a stay of the Preference Action for the same reasons and on the same terms that the Court has previously stayed hundreds of other preference actions (except as to limited activities).

8. A stay of the Preference Action is warranted to conserve estate resources and preserve the status quo pending the outcome of the ongoing plan process, which may significantly affect the prosecution of the Preference Action. As the Court is well aware, the process for development and potential confirmation of a plan of reorganization for Tribune is ongoing. Confirmation-related discovery is underway, and the confirmation hearing is currently scheduled to begin on March 7, 2011. Given that the Preference Actions could be eliminated, reduced or mooted following the confirmation of certain proposed plans of reorganization, the requested stay will ensure that the estates' resources are not consumed needlessly in pursuit of actions that will not ultimately result in additional recoveries for creditors.

9. In three separate orders [D.I. 6150, 6657, and 6658], the Court has previously granted the Committee standing to initiate and prosecute actions against various parties.. In each instance, the Court has ordered the actions stayed upon filing to conserve estate resources and to

limit interference with the continuing plan process. The same reasons that justify a stay of the other stayed actions apply with equal force here.[1]

10. Moreover, the Committee intends to consolidate or dismiss the Preference Action should the Court grant the Committee's pending Motion to Amend. Accordingly, there is no reason to expend the estates' resources at this time on the Preference Action. It should be stayed.

WHEREFORE, the Committee respectfully requests that the Court enter an order staying the Preference Actions and granting to the Committee such other and further relief as is just.

Dated: Wilmington, Delaware
December 21, 2010

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

Graeme W. Bush, Esquire
James Sottile, Esquire
Andrew N. Goldfarb, Esquire
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee
of Unsecured Creditors

---

[1] On December 3, 2010, the Debtors filed a motion [D.I. 6753] seeking an order under 11 U.S.C. § 105(a) staying the prosecution of approximately 220 actions that the Debtors filed in advance of the expiration of the statute of limitations. On December 15, 2010, the Court granted Debtors' motion.