# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: January 13, 2011 at 1:00 p.m. (ET)**<br>**Objection Deadline: January 6, 2011 at 4:00 p.m. (ET)** |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019(a) APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN LOS ANGELES TIMES COMMUNICATIONS LLC AND GEORGE LIBERMAN ENTERPRISES, INC.

The debtors and debtors-in-possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion")

seeking entry of an order in the form submitted herewith, pursuant to section 363 of title 11 of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") authorizing Debtors Los Angeles Times

Communications LLC ("LATC") and Tribune Company ("Tribune" and, together with LATC,

the "Settling Debtors") to enter into a Settlement Agreement and Mutual General Release,

attached hereto as Exhibit A (the "Agreement"), with George Liberman Enterprises, Inc.

("Liberman," and together with the Settling Debtors, the "Parties").  Pursuant to the Agreement,

the Parties resolve their various claims against each other, namely, a $118,128.67 claim asserted

by LATC against Liberman and two (2) proofs of claim asserted by Liberman against the

Settling Debtors in the face amount of $1 million.  In support of this Motion, the Debtors

respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.     On December 8, 2008 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes

only.  An additional Debtor, Chicago National League Ball Club, LLC (n/k/a Tribune CNLBC,

LLC), voluntarily commenced a chapter 11 case on October 12, 2009, and that case was

procedurally consolidated with the other Debtors' chapter 11 cases by an order of the Court

entered October 14, 2009.

2.     The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

46429/0001-7264512v1

3.     On December 18, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors in these cases (the "Committee").

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND OF THE MOTION

5.     Prior to the Petition Date, LATC and Liberman were engaged in a business relationship pursuant to which Liberman paid LATC to provide advertising services through printed ads in the *Los Angeles Times* newspaper (the "Newspaper"), as inserts in newspapers affiliated with the Los Angeles Newspaper Group, or by direct mail via the United States Postal Service.

6.     On November 10, 2008, Liberman filed a complaint (the "Complaint") in the Superior Court of California, County of Los Angeles, Central District (the "State Court"), pursuant to which Liberman commenced the case captioned *George Liberman Enterprises, Inc. v. Los Angeles Times Communications LLC, et al.*, Case No. BC401646 (the "State Court Action").  Pursuant to the Complaint, Liberman brought numerous contract-related causes of action against LATC, the "Tribune Corporation" (presumably Tribune Company) and an individual employee of LATC for alleged breaches of an oral contract governing the Parties' pre-Complaint business relationship.  In summary, the Complaint alleged that LATC's practice of placing certain of Liberman's advertisements as inserts in the *Fin de Semana* newspaper was a violation of the Parties' pre-Complaint business agreement.  Liberman has cited this alleged violation as a basis for failing to pay for at least $118,128.67 worth of advertising services

3

provided to Liberman by LATC.  In the Complaint, Liberman sought compensatory damages, punitive damages, interest, costs of suit and any further relief the State Court deemed proper. LATC and the other defendants in the State Court Action denied all allegations raised in the Complaint.

7.      On May 19, 2009, Liberman filed proofs of claim #2974 and #2975 (the "Proofs of Claim") against Tribune Company and LATC, respectively, each for $1 million ($138,557.54 secured and $861,442.50 unsecured) based on the allegations raised in the Complaint.  The Debtors find no validity to the assertion that any amounts claimed in the Proofs of Claim could be secured.  A copy of the Complaint is attached to each of the Proofs of Claim.

8.      In recent months, the Parties have exchanged views regarding the Complaint and the Parties' positions with respect thereto.  As a result of such exchanges, including multiple back-and-forth proposals to settle the State Court Action and LATC's claim against Liberman for unpaid services, the Parties have agreed to a mutual compromise which is the subject of this Motion.

### RELIEF REQUESTED

9.      By this Motion, the Debtors respectfully request that the Court enter an order approving the Agreement in all respects and authorizing the LATC to carry out the terms of the Agreement and take all other actions necessary or desirable to implement its provisions. The Debtors also request that the order authorize the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, to amend the Debtors' claims register to comport with the terms of the Agreement.  The following is a summary of the material terms of the Agreement:[2]

---

[2] This terms as set forth in this Motion are intended only as a summary of the terms of the Agreement.  The Motion shall not in any way supersede or alter the terms of the Agreement.

4

- <u>Dismissal of the Complaint</u>. Upon this Court's approval of the Agreement, the Parties will file with the appropriate court a Request for Dismissal, with prejudice, of the Complaint. *See* Agreement at ¶ 3.

- <u>Proofs of Claim</u>. Upon this Court's approval of the Agreement, the Proofs of Claim will be deemed withdrawn and can be marked as such in the claims register by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC. Additionally, Liberman agrees not to file other or further proofs of claim on account of the claims released by the Agreement. *See id.* at ¶ 4.

- <u>Times Parties' Release of Claims</u>. LATC, Tribune Company and Carey Moran, an employee of LATC (collectively, the "<u>Times Parties</u>"), on behalf of themselves and their respective successors, assigns, subsidiaries, divisions, affiliates, parents, shareholders, officers, trustees, directors, agents, employees, heirs, and attorneys, will generally and fully and forever release and discharge Liberman and its assigns, subsidiaries, divisions, affiliates, shareholders, parents, owners, partners, joint venturers, officers, trustees, directors, agents, employees, attorneys, and their respective insurers and underwriters, from any and all claims, demands, damages, debts, liens, obligations, costs, expenses, accounts, causes of action or actions, losses, and liabilities of every kind and nature whatsoever, including, but not limited to LATC's claim for $118,128.67 or any claims for indemnification, whether now known or unknown, suspected or unsuspected, which they now have, own or hold, or at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold, relating to or arising from the State Court Action and the Debtors' chapter 11 cases or any matters raised or which could have been raised in either of those actions. *See id.* at ¶ 7.

- <u>Liberman Release of Claims</u>. Liberman, on behalf of itself, and all of its successors, assigns, subsidiaries, divisions, affiliates, parents, shareholders, owners, partners, joint venturers, officers, trustees, directors, agents, employees, and attorneys, shall generally and fully and forever release and discharge the Times Parties, and each of them, and each of their respective assigns, subsidiaries, divisions, affiliates, shareholders, parents, officers, trustees, directors, agents, employees, attorneys, heirs, successors, and their respective insurers and underwriters, from any and all claims, demands, damages, debts, liens, obligations, costs, expenses, accounts, causes of action or actions, losses, and liabilities of every kind and nature whatsoever, including any claims for indemnification, whether now known or unknown, suspected or unsuspected, which it now has, owns or holds, or at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold, relating to or arising from the State Court Action and the Debtors' chapter 11 cases or any matters raised or which could have been raised in either of those actions. *See id.* at ¶ 6.

- <u>No Cost Advertisements</u>. Within one year of execution of the Agreement, LATC will, at no cost to Liberman, provide Liberman with twenty-four (24) one-quarter (¼) page full run of print color advertisements in the Home Section of the *Los Angeles Times* newspaper. Liberman must provide the artwork, camera-ready, for

such advertisements.  All advertisements, including all advertisements provided by Liberman subject to the Agreement, are subject to review and approval by LATC for compliance with its standards and practices.  Only one of Liberman's advertisements pursuant to the Agreement may run in each Home Section.  *See id.* at ¶ 2.

## BASIS FOR RELIEF REQUESTED

10.    A bankruptcy court may approve a settlement pursuant to Section 363 of the Bankruptcy Code. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 n.2 (3d Cir. 1996). The procedure for approving a settlement is established by Rule 9019 of the Bankruptcy Rules, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

11.    In determining whether to approve a settlement pursuant to section 363 of the Bankruptcy Code and Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393.  The bankruptcy court will consider four criteria in applying this balancing test: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)); *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (relying on the same four factors to determine the fairness, reasonableness, and adequacy of a settlement). "The court must also consider 'all other factors relevant to a full and fair assessment of the

wisdom of the proposed compromise.'" *Marvel*, 222 B.R. at 249 (citing *TMT Trailer*, 390 U.S. at 424). The ultimate inquiry is whether, in the court's discretion, the compromise embodied in the settlement "is fair, reasonable, and in the best interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

12.    In the instant matter, the compromise proposed in the Agreement is fair, reasonable, and in the best interests of the Debtors' estates for several reasons. The proposed settlement eliminates two claims asserted against the Times Parties, each in the face amount of $1 million, and provides for Liberman's release of any further claims against the Times Parties, limited to the matters addressed in the Complaint and the Debtors chapter 11 cases. The two $1 million claims asserted by Liberman are among the largest litigation-related proofs of claim asserted against the Debtors, and their resolution under the Agreement provides significant clarity to the Debtors' overall claims picture. Resolution of such claims with no requirements for any of the Debtors to make any cash distributions thereon is on its face a beneficial outcome to the Debtors, and provides a strong basis on which to approve the Times Parties' entry into and performance of their obligations under the Agreement.

13.    The Agreement also eliminates future costs and uncertainty relating to the Liberman matter. While the Debtors are confident that the Times Parties would prevail in the State Court Action, the Times Parties' probability of success in litigation with Liberman, as in all litigation, is uncertain and presents the possibility of an unfavorable result. Moreover, the costs of litigating that matter would be significant, as the State Court Action was commenced less than a month before the Petition Date, and initial briefing, discovery, and related items had not yet been commenced, much less completed. The need to involve the Debtors' in-house legal personnel and other in-house personnel familiar with the Liberman matter would have imposed

7

further costs and administrative burdens on the Debtors.  In addition, while the Times Parties

might be successful in obtaining a cross-claim judgment on the $118,128.67 claim against

Liberman, the costs incurred in obtaining and enforcing that judgment would likely be

comparatively high, eroding the Times Parties' recovery to the point where the pursuit of such

litigation may not be cost-effective.  All of these factors make a compelling case in favor of

approving the settlement contained in the Agreement, and for authorizing the Times Parties to

enter into the Agreement and perform their obligations thereunder.

       14.     The Agreement is the product of arm's-length negotiations between the

Parties that took place over a period of several months, involved multiple exchanges between

and among the Parties' counsel, and during which each Party put forth facts and assertions in

support of their positions which were contrary to the other Party's position.  The end result of the

negotiations is a compromise that the Debtors believe, in their business judgment, is fair and

reasonable and should be approved by the Court.

## NO PRIOR REQUEST

       15.     No previous request for the relief requested in this Motion has been made

in this or any court.

## NOTICE

       16.     Notice of this Motion has been provided to (i) the U.S. Trustee;

(ii) counsel to the Committee; (iii) counsel to the administrative agent for the post-petition

lenders; (iv) counsel to the administrative agents for Tribune Company's prepetition lenders;

(v) counsel to Liberman; and (vi) all parties entitled to receive notice in these Chapter 11 Cases

pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of

the relief requested, the Debtors submit no further notice need be given.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Times Parties to enter into and perform their obligations under the Agreement and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware  
December 23, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Matthew G. Martinez  
One South Dearborn Street  
Chicago, IL  60603  
Telephone:  (312) 853-7000  
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE  19801  
Telephone:  (302) 652-3131  
Facsimile:  (302) 652-3117

ATTORNEYS FOR THE DEBTORS  
AND DEBTORS IN POSSESSION

46429/0001-7264512v1