# EXHIBIT A

*Settlement Agreement*

SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement") is entered into by and between George Liberman Enterprises, Inc. ("Liberman"), on one hand, and Los Angeles Times Communications LLC ("The Times"), Tribune Company ("Tribune") and Carey Moran ("Moran") (collectively, "The Times Parties"), on the other hand to memorialize their agreement with reference to the following recitals:

RECITALS

A.  Liberman filed a Complaint for Damages against The Times, Moran and "Tribune Corporation" in the Superior Court of the State of California, County of Los Angeles, on November 10, 2008, styled *George Liberman Enterprises, Inc. v. Los Angeles Times Communications LLC, et al.*, Case No. BC 401646. Liberman's Complaint alleges causes of action for breach of oral contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation and unfair business practices [Bus. & Prof. Code § 17200 et seq.]. The operative complaint referenced above is referred to herein as the "Los Angeles Superior Court Action."

B.  The Times asserts that Liberman owes The Times $118,128.67, plus interest, for unpaid advertising. The Times was in the process of preparing a cross-complaint against Liberman in the Los Angeles Superior Court Action for breach of oral contract, breach of implied contract, quantum meruit and quantum valebant, when The Times and Tribune, and other entities, filed petitions for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Such actions in the Bankruptcy Court are jointly administered under the case styled *In re Tribune*

1

*Company*, *et al*., Case No. 08-13141 (KJC) (the "Bankruptcy Action"). The Bankruptcy Action stayed the Los Angeles Superior Court Action, pursuant to Section 362(a) of the Bankruptcy Code.

C.  Liberman filed two proofs of claim (the "Proofs of Claim") in the Bankruptcy Action. The Proofs of Claim were assigned claim numbers 2974 and 2975 in the claims register maintained by Epiq Bankruptcy Solutions, LLC ("Epiq").

D.  The parties desire to settle, compromise and finally conclude their disputes, including the Los Angeles Superior Court Action, together with all claims, potential claims and cross-claims, accounting, damages, and causes of action related to the Los Angeles Superior Court Action.

THEREFORE, in consideration of the following covenants, obligations and undertakings, the parties mutually agree as follows:

AGREEMENT

1.  Execution of Agreement and Approval by Bankruptcy Court.

(a)  The parties hereby agree that they will execute and deliver all documentation necessary to effectuate the terms of this Agreement.

(b)  The parties understand and agree that this Agreement, and all of its terms, and are conditioned upon the subsequent approval of this Agreement by the Bankruptcy Court. If this Agreement is not approved by the Bankruptcy Court, then it will be considered null and void in its entirety and the parties will revert to their pre-Agreement positions as if this Agreement had never been entered into.

(c) The parties understand and agree that this Agreement will not be deemed effective and fully executed unless and until it is approved by order of the Bankruptcy Court. If this Agreement is approved by order of the Bankruptcy Court, then it will be deemed executed and effective as of the date of entry of the Bankruptcy Court's order approving the Agreement.

2. <u>Advertising</u>. Within one year of execution of this Agreement, as defined in Paragraph 1 above, The Times will, at no cost to Liberman, provide Liberman with twenty-four (24) one-quarter (¼) page full run of print color advertisements in the *Los Angeles Times*'s Home Section (the "Home Section"), which runs on Saturdays. The space reservation for any advertisement under this Agreement must be made no later than 12:00 p.m. (Pacific) on the Tuesday preceding the Saturday on which Liberman wishes the advertisement to run in the Home Section. Liberman must provide the final, digital artwork, camera-ready, for such advertisements to The Times's designated representative no later than 2:00 p.m. (Pacific) on the Wednesday preceding the Saturday on which Liberman wishes the advertisement to run in the Home Section. All advertisements, including all advertisements provided by Liberman subject to this Agreement, are subject to review and approval by The Times for compliance with its standards and practices. Only one of Liberman's advertisements pursuant to this Agreement may run in each Home Section.

3. <u>Dismissal of Los Angeles Superior Court Action</u>. Promptly upon approval of this Agreement by the Bankruptcy Court, as defined in paragraph 1 above, Liberman will dismiss the Los Angeles Superior Court Action with prejudice. Concurrently with the signing of this Agreement, the parties will execute a Request for Dismissal with Prejudice of the Complaint, which counsel for The Times Parties, agrees to hold pending approval of this Agreement by the

Bankruptcy Court, and, upon said approval may file with the appropriate court following the execution and effective date of this Agreement as described in Paragraph 1 above.

4. <u>Withdrawal of Proofs of Claim</u>.  Upon approval of this Agreement by the Bankruptcy Court, as defined in paragraph 1 above, the Proofs of Claim filed by Liberman in the Bankruptcy Action will be deemed withdrawn and can be marked as such in the claims register by Epiq, and that Liberman agrees to file no other or further proofs of claim on account of the claims released by this Agreement.

5. <u>Each Party to Bear Own Costs and Attorneys' Fees</u>.  The parties shall bear their own costs and attorneys' fees incurred in connection with the Los Angeles Superior Court Action, the Bankruptcy Action and this Agreement.

6. <u>General Release of All Claims by Liberman</u>.  Liberman, on behalf of itself, and all of its successors, assigns, subsidiaries, divisions, affiliates, parents, shareholders, owners, partners, joint venturers, officers, trustees, directors, agents, employees, and attorneys, hereby generally and fully and forever release and discharge The Times Parties, and each of them, and each of their respective assigns, subsidiaries, divisions, affiliates, shareholders, parents, officers, trustees, directors, agents, employees, attorneys, heirs, successors, and their respective insurers and underwriters, from any and all claims, demands, damages, debts, liens, obligations, costs, expenses, accounts, causes of action or actions, losses, and liabilities of every kind and nature whatsoever, including any claims for indemnification, whether now known or unknown, suspected or unsuspected, which it now has, owns or holds, or at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold, relating to or arising from the Los Angeles Superior Court Action and the Bankruptcy Action or any matters raised or which could have been raised in either of those actions.

4

7. <u>General Release of All Claims by The Times Parties</u>.  The Times Parties, on behalf of themselves and their respective successors, assigns, subsidiaries, divisions, affiliates, parents, shareholders, officers, trustees, directors, agents, employees, heirs, and attorneys, hereby generally and fully and forever release and discharge Liberman and its assigns, subsidiaries, divisions, affiliates, shareholders, parents, owners, partners, joint venturers, officers, trustees, directors, agents, employees, attorneys, and their respective insurers and underwriters, from any and all claims, demands, damages, debts, liens, obligations, costs, expenses, accounts, causes of action or actions, losses, and liabilities of every kind and nature whatsoever, including, but not limited to the Times claim for $118,128.67 or any claims for indemnification, whether now known or unknown, suspected or unsuspected, which they now have, own or hold, or at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold, relating to or arising from the Los Angeles Superior Court Action and the Bankruptcy Action or any matters raised or which could have been raised in either of those actions.

8. <u>Waiver of Unknown and Unsuspected Claims, Demands and Causes of Action</u>. It is the express intention of each party in executing this Agreement that it shall be effective as a bar to each and every claim, demand and cause of action specified in this Agreement.  In furtherance of this intention, each party hereby expressly waives any and all rights and benefits conferred upon it, him or her by the provisions of Section 1542 of the California Civil Code and expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action hereinabove specified.

Section 1542 provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Having been so apprised, each party nevertheless hereby voluntarily elects to and does waive the rights described in Civil Code Section 1542 and elects to waive all claims that now exist in their favor whether known or unknown.

9. <u>Compromise of Disputed Claim: No Admissions</u>. It is understood and agreed by the parties that they do not admit any wrongdoings or liabilities, and this Agreement is made by and between them entirely as a compromise and for the purpose of settling a dispute.

10. <u>Warranty and Representation Re No Prior Assignment or Transfer</u>. Each party warrants and represents to the other parties that he, she or it has not heretofore assigned or transferred or purported to assign or transfer to any other person or entity any cause of action arising out of or in any way connected to the Los Angeles Superior Court Action.

11. <u>Construction of the Agreement</u>. In any construction of this Agreement, the Agreement shall not be interpreted against or in favor of any party based on the identity of the drafter of the Agreement, or any term or provision in it.

12. <u>California Law</u>. The Settlement, this Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with the laws of the State of California. Any cause of action arising between the parties under this Agreement shall be brought only in the Bankruptcy Court or, if such causes of action first become known after the

Bankruptcy Action has been concluded, in a state or federal court in Los Angeles County, California. The parties consent to personal jurisdiction in such fora.

13. <u>Binding settlement under CCP 664.6</u>. This is a binding settlement agreement, enforceable under Code of Civil Procedure Section 664.6.

14. <u>Voluntary and Informed Agreement</u>. The parties acknowledge that they have been represented by independent counsel of their choice throughout the Los Angeles Superior Court Action, the Bankruptcy Action, and throughout all negotiations related to this Agreement and its execution. The parties represent that they have read and have fully understood all of the provisions of this Agreement, and that they are entering into this Agreement voluntarily.

15. <u>Severability</u>. If any provision of this Agreement is found to be void, voidable, illegal, invalid, or otherwise unenforceable, then the remainder of the Agreement nevertheless shall remain in full force and effect, and, to the extent reasonably possible, the parties shall replace the unenforceable provision with an enforceable provision that most closely approximates the intent of the unenforceable provision.

16. <u>Fully Integrated Agreement</u>. This Agreement contains the entire agreement and understanding concerning this subject matter between the parties, and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral. The parties, and each of them, acknowledge that no other party, nor any agent or attorney of any such party, has made any promise, representation or warranty whatever, express or implied, not contained in this Agreement, to induce them to execute this Agreement. The parties, and each of them, further represent and acknowledge that they are not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement.

/// (continued on following page.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts and may be evidenced by facsimile or digitally scanned copy of the signature page, each of which shall be an original as against any party who signed it, and all of which shall constitute one and the same document.

December 20, 2010   GEORGE LIBERMAN ENTERPRISES, INC.

By: *George Liberman*
Print Name: GEORGE LIBERMAN
Title: PRESIDENT GEORGE LIBERMAN ENTERPRISE INC

December ___, 2010   LOS ANGELES TIMES COMMUNICATIONS LLC

By: _____
Print Name: _____
Title: _____

December ___, 2010   TRIBUNE COMPANY

By: _____
Print Name: _____
Title: _____

December 22, 2010   CAREY MORAN

*Carey Moran*
CAREY MORAN

8

12/20/2010  01:06   6264420786        LEADERS EL MONTE CAL           PAGE  03

17. <u>Counterparts</u>. This Agreement may be executed in counterparts and may be evidenced by facsimile or digitally scanned copy of the signature page, each of which shall be an original as against any party who signed it, and all of which shall constitute one and the same document.

December 20, 2010        GEORGE LIBERMAN ENTERPRISES, INC.

By: *George Liberman*
Print Name: GEORGE LIBERMAN
Title: PRESIDENT GEORGE LIBERMAN ENTERPRISE INC

December 22, 2010        LOS ANGELES TIMES COMMUNICATIONS LLC

By: *Julie Xanders*
Print Name: Julie Xanders
Title: SVP, Legal

December 22, 2010        TRIBUNE COMPANY

By: *[signature]*
Print Name: David P. Eldersveld
Title: SVP

December ___, 2010        CAREY MORAN

_____
CAREY MORAN

8