IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| Debtors. | ) Jointly Administered |
| | ) Related Docket No. 6433 |

## CONSENT ORDER RE MOTION OF OAKTREE CAPITAL MANAGEMENT, L.P., AND ANGELO, GORDON & CO. L.P. FOR AN ORDER DISQUALIFYING AKIN GUMP STRAUSS HAUER & FELD LLP FROM REPRESENTING AURELIUS CAPITAL MANAGEMENT, LP

The Motion of Oaktree Capital Management, L.P. ("Oaktree") and Angelo, Gordon & Co. L.P. ("Angelo Gordon") for an Order Disqualifying Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") from Representing Aurelius Capital Management, LP ("Aurelius"), having come before the Court for hearing on December 15, 2010; and the parties having resolved the Motion as set forth on the record at the hearing; and the Court finding that the resolution is reasonable and appropriate under the circumstances;

NOW THEREFORE, based on the foregoing, the Court hereby approves Oaktree and Angelo Gordon's withdrawal of the motion subject to the following terms and conditions:

1.    Aurelius has retained the law firm of Lerman Senter PLLC, as its FCC/communications counsel in connection with the Tribune bankruptcy proceedings. Any positions advocated and/or defended by Aurelius in connection with FCC/communications matters relating to the Tribune bankruptcy proceedings will be handled exclusively by Lerman Senter PLLC and/or other counsel but not Akin Gump, and such representation by Lerman Senter PLCC and/or other counsel shall be without limitation.

2.    In connection with the Tribune bankruptcy proceedings, Aurelius agrees not to utilize Akin Gump to conduct any discovery against Oaktree or Angelo Gordon or examine any of those entities' employees or agents in court or in depositions.

iManage\1689221.2
iManage\1690017.4-LINDGRENL

3. Akin Gump will continue to maintain the ethical barrier already established separating the professionals and other personnel working on the FCC/communications representation of Oaktree and Angelo Gordon in connection with the Tribune bankruptcy proceedings, as well as any work and files generated in connection with that representation, from the professionals and other personnel working on the bankruptcy and litigation representation of Aurelius in connection with the Tribune bankruptcy proceedings.

4. Akin Gump agrees that, in representing Aurelius, Akin Gump will not take any position or make any statements that are inconsistent with any position and statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon. Aurelius may, without limitation, make statements or take positions that are inconsistent with positions or statements made by Akin Gump in connection with its representation of Oaktree and Angelo Gordon through other counsel but not through Akin Gump.

5. Subject to Akin Gump's compliance with the above terms and conditions, Oaktree and Angelo Gordon agree not to reinstitute or renew their motion for an order disqualifying Akin Gump.

6. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
December 24, 2010

THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE