Honorable Kevin J. Carey,
Chief United States Bankruptcy Judge
United States Bankruptcy Court
824 Market Street, 5th Floor
Wilmington, Delaware 19801

Emerson Tucker #2008-0003014 (Div. 1, G1)
Cook County Jail
P.O. Box 089002
Chicago, Illinois 60608

Re: In re: Tribune Company, et al, chapter 11
   case no. 08-13141 (KJC)

Date: Dec. 23, 2010

Your Honor:

   Please accept this 5 page letter along with exhibit A, B and C to supplement the Claimant's already filed response dated Oct. 8, 2010 (in claim nos. 6447 and 6462), and in the above-caption matter.

   In this case, the Claimant

-1-

states that this Court may enter an automatic stay pursuant to Title 11 U.S.C. section 362 as his 5 page Supplemental to the one that he has already filed on Oct. 8, 2010, will show that on Oct. 14, 2010, the United States Court of Appeals for the Third Circuit have issued a Judgment in this case and in Docket no. 10-1892 whereas it is the law of the case Doctrine. See, exhibit A and B.

The law of the case Doctrine Should be apply in this case, as opposed to granting the Debtors an order disallowing and expunging the Claimant's claims in its entirety. Indeed, the law of the case doctrine limits the extent to which an issue will be reconsidered once the Court has made a ruling on it. See generally, Hayman Cash Register Co. v. Sarokin, 669 F.2d 162 (3d Cir. 1982); Jeremy C. Moore, et al., Moore's Federal

Practice p. 404[4-1]. Athough it does not limit the power of trial judge from reconsidering issues previously decided by a predecessor judge from the same court or from a court of coordinate jurisdiction, it does recognize that as a matter of comity a successor judge should not lightly overturn decisions of his predecessors in a given case. See, e.g., TCF Film Corp. v. Gourley, 240 F.2d 711 (3d Cir. 1957)(transfer from judge to judge in same district); Hayman, 669 F.2d at 115 (transfer from district to district). Of course, defining the precise operation of a principle of comity can be difficult to do in an individual case, but we need not do so here. The law of the case operates only to limit reconsideration of the same issue. Since U.S. District Judge Dennis M. Cavanaugh's issues was decided by Judges Sloviter, Ambro and Smith of the U.S. Court of Appeals, then the law of the case doctrine

Should be applied to this case too. See exhibit A.

Furthermore, under Federal Rule of Evidence 201, this Court can, and does, take judicial notice of a U.S. Court of Appeals for the Third Circuit decision in this case. See, Ives Lab., Inc. v. Darby Drug Co., 638 F.2d 538, 544 no. 8 (2d Cir. 1981), rev'd on other grounds Sub. nom. Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed 2d 606 (1982) (taking judicial notice of return of indictment); Miller v. News syndicate Co., 445 F.2d 356, 357 no. 1 (2d Cir. 1971) (in defamation action, Court took judicial notice of Court proceedings that led to plaintiff's acquittal of criminal charges referred to in allegedly defamatory publication); See also Liberty Mut. Ins. Co. v. Rotches Pork Packer, Inc., 969

F.2d 1384, 1388 (2d Cir. 1992). A District Court may take judicial notice of a document filed in another Court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Kowalski v. Gagne, 914 F.2d 299, 305-06 (1st Cir. 1990). (Court may take judicial notice of convictions and proceedings in other Courts).

Wherefore, the Claimant, upon the foregoing grounds, respectfully requests this Court to grant the relief sought herein, and for such other and further relief as to this Court may seem just and proper.

*Emerson Tucker*
Emerson Tucker-Claimant
Pro Se