# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: February 8, 2011 at 1:00 p.m.<br>Objection Deadline: February 1, 2011 at 4:00 p.m. |

## APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY CAMPBELL & LEVINE, LLC AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 327(a), *NUNC PRO TUNC* TO DECEMBER 6, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), hereby apply to the Court (the "Application") for entry of an order authorizing them to retain and employ Campbell & Levine, LLC ("Campbell & Levine") as special Delaware litigation counsel in these chapter 11 cases, pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *nunc pro tunc* to December 6, 2010. The limited purpose of this Application is to permit the Debtors to retain and employ Campbell & Levine to represent them as their special Delaware litigation counsel in connection with the filing, prosecution, and/or settlement of three (3) avoidance actions already filed by the Debtors in this Court (the "Avoidance Actions"). As discussed in further detail below, the Debtors filed or preserved by tolling agreements approximately 220 avoidance actions on or before the December 8, 2010 deadline for commencing such actions. Out of the approximately 94 complaints actually filed by the Debtors in this Court, Campbell & Levine filed three (3) complaints against third parties with respect to which the Debtors' existing Delaware counsel, Cole, Schotz, Meisel, Forman & Leonard P.C. ("Cole Schotz") would not represent the Debtors out of an abundance of caution due to potential conflicts of interest. In support of this Application, the Debtors submit the Declaration of Mark T. Hurford, a copy of which is attached hereto as Exhibit A and incorporated herein by reference (the "Hurford Declaration"). In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Committee").

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

## RELIEF REQUESTED

5.      The Debtors seek to retain and employ Campbell & Levine as special Delaware litigation counsel in these chapter 11 cases, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, for the purpose of commencing, prosecuting, and/or settling the three Avoidance Actions brought by the Debtors on or about December 7, 2010 for which the Debtors required additional Delaware counsel. The services Campbell & Levine will provide, and the terms and conditions under which Campbell & Levine will provide such services, are summarized in this Application, as supported by the Hurford Declaration.

6.      On or about December 7, 2010, the Debtors commenced approximately ninety-four (94) avoidance actions in this Court against third parties, pursuant to sections 547, 548, and 550 of the Bankruptcy Code. The Debtors negotiated tolling agreements that preserved another 127 potential avoidance actions for the benefit of their estates. Campbell & Levine assisted the Debtors with the preparation and filing of the three Avoidance Actions, which consist of complaints filed against Epsilon Data Management LLC, Nixon Peabody LLP, and Navigant Consulting Inc., parties against which Cole Schotz would not represent the Debtors out

of an abundance of caution due to potential conflicts of interest.[3] On December 14, 2010, this Court entered the *Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(A)* (D.I. 7165) (the "Stay Order"), which immediately stayed the further prosecution of all of the avoidance actions commenced by the Debtors, including the three Avoidance Actions filed by Campbell & Levine on their behalf. Accordingly, while the Stay Order remains in effect, the Debtors anticipate that the services required to be performed on their behalf by Campbell & Levine will be limited to assisting the Debtors as may be necessary and appropriate to serve the defendants named in those complaints. The Debtors have determined that it is in their estates' best interests to retain Campbell & Levine as special Delaware litigation counsel to permit them to bring and prosecute the avoidance actions at a comparatively modest cost, and should be approved as a result.

7.  The Debtors have selected Campbell & Levine to provide advice and counsel relating to the avoidance actions based on Campbell & Levine's experience in representing chapter 11 debtors in avoidance adversary proceedings in this district. Any services Campbell & Levine may perform, however, will not duplicate those services that Cole Schotz is providing, given that Cole Schotz will not represent the Debtors with respect to the Avoidance Actions in question. The Debtors' management will closely monitor the services both Campbell & Levine and Cole Schotz perform to ensure there is no overlap or duplication of effort and cost.

8.  The Debtors and Campbell & Levine have agreed that, subject to the Court's approval, Campbell & Levine will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in

---

[3] The Debtors' existing special litigation counsel, Novack & Macey LLP, also assisted the Debtors in connection with the preparation and filing of the three Avoidance Actions as special litigation counsel. The Debtors are concurrently filing a supplemental application for an Order modifying the scope of the Debtors' retention of Novack and Macey LLP to include the prosecution of the Avoidance Actions.

4

connection with these cases. Campbell & Levine has advised the Debtors that its billing rates currently range from $375 to $500 per hour for partners, $225 to $335 per hour for associates, and $100 to $150 per hour for para-professionals.[4] (*See* Hurford Declaration ¶ 5.) Campbell & Levine has further advised the Debtors that these hourly rates are subject to adjustment on a periodic basis. (*Id.*) The Debtors shall also reimburse Campbell & Levine for all reasonable and necessary out-of-pocket expenses Campbell & Levine incurs in the course of providing services to the Debtors. In addition to its hourly rates, Campbell & Levine customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including, without limitation, outside photocopying charges, travel expenses, transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. (*Id.*)

9. The Debtors have advised Campbell & Levine that Campbell & Levine will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order"). Campbell & Levine has advised the Debtors that it will comply in all respects with the applicable

---

[4] These billing rates are effective January 1, 2011 and reflect, in most instances, rates that are in excess of those in effect during December 2010.

requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred on or after December 6, 2010. (*See* Hurford Declaration ¶ 4.)

10. Based on Campbell & Levine's representations to the Debtors, and to the best of the Debtors' knowledge, information, and belief, Campbell & Levine has no connection to the Debtors, the individuals, entities and creditors listed on Schedule 1 to the Hurford Declaration, the Office of the United States Trustee for Region 3, or the three named defendants in the Avoidance Actions, other than its representation of the Debtors in connection with these cases and except as set forth in the Hurford Declaration. (*See* Hurford Declaration ¶ 7.) Campbell & Levine has advised the Debtors that it is not employed by, and has not been employed by, any entity other than the Debtors in matters related to these chapter 11 cases. (*Id.*) Campbell & Levine has further advised the Debtors that it has conducted a search of its records to identify whether it currently represents or formerly represented any of the individuals, entities and creditors listed on Schedule 1 to the Hurford Declaration with respect to matters unrelated to the Debtors' cases. (*Id.*)

11. Campbell & Levine has agreed to conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates, and is a "disinterested person," as required by section 327(a) of the Bankruptcy Code. In this regard, Campbell & Levine has advised the Debtors that it will promptly amend the Hurford Declaration to the extent that Campbell & Levine becomes aware of material information or relationships which it determines require further disclosure. (*See* Hurford Declaration ¶ 10.)

## BASIS FOR RELIEF

12. The Debtors' retention of Campbell & Levine is authorized by section 327(a) of the Bankruptcy Code, which provides that a debtor in possession, with the court's

approval, may employ professionals who "do not hold or represent an interest adverse to the estate," and who are "disinterested persons." 11 U.S.C. § 327(a); *see also In re BH&P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (quoting *In re Star Broadcasting, Inc.*, 81 B.R. 835, 838 (Bankr. D.N.J. 1988)) (to be retained pursuant to section 327(a), a professional person "must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person'"); Fed. R. Bankr. P. 2014 (setting out the procedural requirements to apply for an order authorizing employment of professionals under section 327(a)). A "disinterested person" is one who does not have an interest materially adverse to the interest of the estate by reason of any direct or indirect relationship with the debtor, or for any other reason. *See* 11 U.S.C. § 101(14)(e).

13. To Tribune's knowledge, and based on Campbell & Levine's representations in the Hurford Declaration, Campbell & Levine (i) is not a creditor, an equity security holder, or an insider of any of the Debtors, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of any of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors or for any other reason. Tribune has additionally reviewed the Hurford Declaration and its schedules and notes that Campbell & Levine has represented no party-in-interest (other than its proposed representation of the Debtors) in connection with the Debtors' chapter 11 cases. Accordingly, Campbell & Levine is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code, and is therefore eligible for retention by Tribune in these cases as set forth in this Application.

14. Retaining Campbell & Levine as special Delaware litigation counsel in connection with the commencement and prosecution of the Avoidance Actions is in the best interests of the Debtors and their estates and creditors as a whole. Campbell & Levine will

provide advice and services that will enable the Debtors to preserve the estates' claims for avoidance and recovery of prepetition transfers pursuant to sections 547, 548, and 550, and to prosecute those actions should it become necessary. Without experienced Delaware special counsel to represent the Debtors in connection with the Avoidance Actions, the Debtors will be unable to maintain and to prosecute effectively those actions. The Debtors therefore request this Court's authorization to retain Campbell & Levine.

15. Tribune seeks to retain Campbell & Levine *nunc pro tunc* to December 6, 2010, when Campbell & Levine first began providing legal services to the Debtors. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. *See, e.g., In re Arkansas Co., Inc.*, 798 F.2d 645, 648 (3d Cir. 1986) (authorizing retroactive approval of the employment of a professional pursuant to section 327(a) of the Bankruptcy Code); *In re Primary Health Sys. Inc.*, Case No. 99-0615, 2002 WL 500567 (D. Del. Mar. 28, 2002). To exercise its discretion to grant retroactive approval, the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and that other factors counsel in favor of retroactive approval, including, among other factors, (1) whether the applicant was under time pressure to begin service without approval; (2) the length of the delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. *Arkansas*, 798 F.2d at 650.

16. Retroactive approval of Campbell & Levine's retention is appropriate under the circumstances. First, Campbell & Levine's retention satisfies the requirements of section 327(a). Further, it was necessary for Campbell & Levine to begin providing services to the Debtors before obtaining Bankruptcy Court approval for such services due to the time-sensitive nature of commencing the avoidance actions prior to the December 8, 2010 deadline imposed by section 546(a) of the Bankruptcy Code. The length of the *nunc pro tunc* period is

modest, as the Debtors are filing the Application within one month of when Campbell & Levine first provided services. Finally, payment of Campbell & Levine's fees for the one-month *nunc pro tunc* period will result in no discernable prejudice to any third parties. Campbell & Levine's fees in connection with its legal services to date are modest in the context of the Debtors' chapter 11 cases, totaling approximately $4,000 including expenses. The Debtors therefore request that the Court approve Campbell & Levine's retention on a *nunc pro tunc* basis to cover the period since December 6, 2010 during which fees were incurred, as well as subsequent periods.

## NOTICE

17. Notice of this Application has been provided to: (i) the Office of the U.S. Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' post-petition financing facility; (v) Campbell & Levine; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

## NO PRIOR REQUEST

18. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 (i) authorizing the Debtors to retain Campbell & Levine as special Delaware litigation counsel in connection with the filing and prosecution of the three Avoidance Actions and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       January __, 2011

Respectfully submitted,

TRIBUNE COMPANY  
(for itself and on behalf of each Debtor)

_____  
Donald J. Liebentritt  
Chief Restructuring Officer