# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

**DEBORAH NEWMAN**
212.872.7481
djnewman@akingump.com

January 6, 2011

<u>VIA E-MAIL</u>

The Honorable Chief Judge Kevin J. Carey
United States Bankruptcy Court
824 Market Street # 500
Wilmington, DE 19801

Re: *In re Tribune Co., et al.*, Case No.: 08-13141 (Banks. D. Del.) (KJC)

Dear Chief Judge Carey:

    We are counsel for Aurelius Capital Management, LP ("Aurelius"). We write on behalf of the proponents of the Noteholder Plan, in response to the letter sent to the Court by Benjamin Kaminetzky of Davis Polk & Wardwell LLP, counsel for JP Morgan Chase Bank, N.A. ("JPMorgan"), on January 4, 2011.

    The JPMorgan letter is not only rife with unhelpful rhetoric and factual misstatements, but also seeks prematurely to invoke this Court's intervention over discovery disputes that have not yet been the subject of a meet and confer process. It is also a thinly-veiled effort to prejudice this Court against Aurelius, and to argue, once again, that Aurelius should be precluded from obtaining discovery into the merits of the Debtors' LBO transaction, notwithstanding this Court's prior ruling to the contrary. Moreover, JPMorgan suggests, without any basis, that Aurelius's discovery demands are designed to delay the confirmation hearing scheduled for March 7th. To the contrary, however, Aurelius is seeking only targeted discovery aimed at eliciting information bearing on the issues to be determined at confirmation. Such discovery includes only six document requests regarding the LBO, each of which seeks only information that has not previously been produced in this case.

    Aurelius has also worked diligently and cooperatively with the other parties to expeditiously resolve various complex discovery and procedural issues. While certain issues will no doubt still require the Court's attention, all parties have made substantial efforts to narrow the matters in dispute as much as possible. For example, the Debtors and the proponents of the Noteholder Plan have made significant progress regarding the process by which the Debtors will respond to Aurelius's discovery requests; the parties will shortly be submitting a stipulation regarding the use of the Examiner's Report at the confirmation hearing; and it appears that many of the parties may be able to agree on a protocol regarding privilege logs.

**AKIN GUMP**
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Chief Judge Kevin J. Carey
January 6, 2011
Page 2

Unfortunately, JPMorgan's letter is a marked, and unwarranted, departure from this process. On December 29, a mere three business days after receiving JPMorgan's proposed search terms and custodians, Aurelius wrote JPMorgan inquiring about certain aspects of JPMorgan's methodology and requesting that other aspects be amplified, and expressly requesting that JPMorgan meet and confer regarding these issues. *See* JPMorgan Letter, Exh. D. JPMorgan refused Aurelius's request on January 3, demanding instead that Aurelius withdraw its response in its entirety, and stating that it would "immediately bring this dispute to the Court's attention" if Aurelius did not do so by 5:00 that same day. *Id.* at Exh. E, pp. 1, 9. Aurelius responded later that day, explaining that "there are clearly areas where [JPMorgan] misunderst[ood] or misstate[d] [Aurelius's] search requests, and thus areas where a discussion would be worthwhile to have to alleviate any misunderstandings as to [Aurelius's] position and/or to consider [JPMorgan's] concerns." *Id.* at Exh. G. JPMorgan refused this request as well, brazenly disregarding the obligations imposed by the case management order (the "CMO") painstakingly negotiated by the parties and entered by the Court.

Having refused Aurelius's requests to meet and confer, and simply ignoring Aurelius's statement that JPMorgan misunderstands what Aurelius is asking it to do, JPMorgan grossly mischaracterizes Aurelius's position in order to manufacture a dispute where none yet exists. Specifically, JPMorgan erroneously asserts in its letter that Aurelius seeks to require JPMorgan to (i) "re-do its entire LBO-related production, including by adding **96** additional search terms on top of the 43 JPMorgan used originally . . .," and (ii) "use the same custodians for a four-year period, starting well before the LBO and continuing without interruption to the present." *Id.* at 3 (emphasis in original). As Aurelius made clear in its January 3rd letter, however (sent one day *before* JPMorgan sent its letter to the Court), Aurelius is *not* asking that all search terms be run for all custodians, or for all time periods. *See id.* at Exh. G. Rather, as JPMorgan would have known had it honored its obligation to meet and confer, Aurelius's primary concerns regard JPMorgan's refusal to conduct any searches at all for certain relevant time-periods, and to search only for domain names, rather than search terms, for others. Indeed, as Aurelius outlined in a letter it sent to JPMorgan earlier today, with respect to JPMorgan's LBO-related production, Aurelius seeks only that JPMorgan (i) run seven additional search terms, (ii) provide responsive information maintained by lawyers from Cahill Gordon & Reindell LLP, who represented JPMorgan and the other lead banks in connection with the LBO and whose information was apparently never searched, and (iii) extend its original search (as supplemented by these additional custodians and search terms), which was run for the period January 1, 2007 to December 20, 2007, to capture information through June 1, 2008.

With respect to the post-petition period, Aurelius (i) seeks only a limited number of key custodians and search terms for December 8, 2008 -- September 1, 2009, a period from which JPMorgan has never produced any information, (ii) asks that JPMorgan add only four additional

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Chief Judge Kevin J. Carey
January 6, 2011
Page 3

custodians beyond what JPMorgan proposed for the period September 1, 2009 – December 3, 2010, and (iii) has attempted to narrow its original list of proposed search terms to address JPMorgan's concerns.[1]

JPMorgan's assertion that Aurelius was dilatory in notifying JPMorgan of Aurelius's issues regarding JPMorgan's efforts to locate responsive information, so that Aurelius could argue to the Court that the confirmation hearing should be delayed, is also specious and inaccurate. *See id.* at 2. In fact, Aurelius has worked expeditiously to meet and confer with the proponents of the Debtor/Committee/Lender Plan, in the hope that the protocols established by these parties will provide a framework for discussions with other parties on whom Aurelius served discovery. Towards that end, Aurelius asked parties on whom it served discovery to propose custodians and search terms on December 18, so that any issues could be addressed at a meet and confer scheduled for December 21. JPMorgan refused this request, arguing that all parties' exchange of search terms and custodians should be simultaneous, notwithstanding that Aurelius's discovery requests to JPMorgan were served on December 9, while the Debtors did not serve their discovery requests until December 16. Thus, JPMorgan caused the exchange of search terms to be delayed to December 24, and cannot now complain that they are prejudiced by a delay of their own making.

Moreover, the parties continue to meet and confer on the issues raised in JPMorgan's letter notwithstanding JPMorgan's request that the Court resolve them. Indeed, almost immediately after sending its letter to the Court, JPMorgan sent Aurelius an email stating that it was available to meet and confer at Aurelius's "convenience." Email from Benjamin Kaminetzky to Nancy Chung dated January 4, 2011.[2] JPMorgan stated further that it "could not delay teeing this up to the Court for its immediate consideration," "given [Aurelius's] refusal to withdraw the Email Demand as well as the 'hard' production deadline of January 10." *Id.* JPMorgan's purported justification of its blatant breach of the CMO, however, is nothing more than a red herring. The CMO explicitly provides that in the event of an objection to the production of documents, the 30-day production deadline shall be extended to fifteen days after resolution of the dispute. *See* CMO ¶ 6.

In sum, JPMorgan's refusal to meet and confer with Aurelius prior to sending its letter to the Court is a direct violation of this Court's CMO, and an unnecessary drain on judicial and party resources. While it may be the case that JPMorgan and Aurelius will ultimately be unable

---

[1] A copy of Aurelius's email to JPMorgan reflecting this proposal, and the communications between JPMorgan and Aurelius since JPMorgan sent its letter to the Court, are attached as Exhibit A.

[2] A copy of this email is attached as Exhibit B.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Chief Judge Kevin J. Carey
January 6, 2011
Page 4

to reach a consensus regarding JPMorgan's search protocol, the issues currently raised in JPMorgan's letter simply are not ripe for judicial consideration. This Court should not burdened with resolving discovery disputes until after the parties have engaged in the good faith meet and confer process contemplated by the CMO.

Respectfully submitted,

Deborah Newman

cc: All Counsel Entitled to Notice Pursuant to
Paragraph 35 of the CMO (*via email*)

# EXHIBIT A

| | |
|---|---|
| **From:** | Chung, Nancy |
| **Sent:** | Thursday, January 06, 2011 2:27 PM |
| **To:** | 'Kaminetzky, Benjamin S.' |
| **Cc:** | Zensky, David; Moskowitz, Elliot; Russano, Michael J.; Newman, Deborah |
| **Subject:** | RE: JPM/Davis Polk Search Parameters |

Ben,

11 am tomorrow works for us and we are confirming with the rest of the Noteholder proponent group. I will let you know as soon as we hear back from them but my sense is that it should work. To facilitate our meet and confer call on search protocols (and any other matter you would like to address), although it is subject to further comment by our proponent group, we have clarified our proposal below in an effort to make clear what we were originally seeking, by segregating the LBO period from the bankruptcy period. We have also segregated the post-petition time periods and corresponding custodians and search terms, and revised the search terms and custodians for that period, in an effort to more clearly reflect our original proposal and address some of your articulated concerns. To the extent you have any questions, we are happy to discuss it on our call. We will also separately send to you today our proposal on privilege logs which has been the subject of ongoing meet and confer calls. Moreover, as for your question about our availability today, we thought our call would be more productive after you have had an opportunity to review this and our submission to the Court. If you would like to schedule our call for later this afternoon or evening, we can look into that as well. Thanks, Nancy

### LBO Period

**Date range:** Search should be extended from Dec. 20, 2007 to June 1, 2008
**Custodians:** Attorneys from Cahill acting on JPM's behalf should be added, and old search terms in Part I.C of your December 24 Memo and new search terms below should be run for these custodians.
**Search terms:** In addition to the Cahill custodians, we believe these search terms should be run for old custodians in Part I.B, and believe any hits can be de-duped against old production.

- Devine
- Kenny
- Kenney
- Crane
- Bigelow
- Taubman
- Whayne

### Bankruptcy Period

**Date range:** Dec. 8, 2008 – Sept. 1, 2009
**Custodians:** Don Bernstein, Damian Schaible, Pat Daniello, Miriam Kulnis
**Search Terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

- AG
- Angelo
- Bendernagel
- Bigelow
- Chadbourne
- Chandler

EGI
EGII
"Equity Group Investments"
"Equity Office Properties"
fraudulent w/1 conveyance
Grenesko
(James or Jim) w/1 Conlan
Krakauer
Kurtz
"LBO-related causes of action"
Lemay
Oaktree
"Preserved causes of action"
Seife, Siefe
Settle* w/25 LBO
"sharing provision"
Sidley
Step w/2 (one or Two or 1 or 2)
TRB
Trib!
Zell

**Date range:** Sept. 1, 2009 - December 3, 2010
**Additional custodians:** Dennis Glazer, Elliot Moskowitz, Kevin Kelly, Tim Coleman to supplement the custodians in Part III.B.
**Search terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

Adler
AG
Akin
Angelo
"April Proposed Settlement"
Aur*
"bar order"
Bendernagel
Bennett
Bigelow
breach w/1 fiduciary w/1 duty
Chadbourne
Chandler
Conlan
Crane
"Creditors Trust"
"Creditor's Trust"
D&P
Devine
Dublin
Duff & Phelps
EGI
ESOP
examiner or examiners or examiner's

2

FitzSimons
fraudulent w/1 conveyance
Golden
Graeme
Grenesko
HBD
hennigan w/1 bennett
"intercompany settlement"
Judge w/2 Gross
Kasowitz
Kenney
Kenny
Klee
Krakauer
Kurtz
Larsen
Lauria
"Law Deb!"
Lazard
LBO
"Litigation Trust"
Mandava
Nils
"Noteholder Plan"
Oaktree
PHONES
"Preserved causes of action"
Rosner
Rudnick
Sam Investment Trust
Seife, Siefe
Settle* w/25 LBO
"settlement plan"
Shapiro
"sharing provision"
Sidley
Sottile
Stark
Step w/2 (one or Two or 1 or 2)
Taubman
Tower
TRB
Trib!
Valuation Research
VRC
Whayne
"White and Case"
Wilderotter
Zell
Zuckerman

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Thursday, January 06, 2011 12:10 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

We are available for a call at 11am tomorrow. Please confirm that this time works for you. (I am assuming from your response that today does not work for you.)

Regards,

Ben


Benjamin S. Kaminetzky

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259 tel
212 701 5259 fax
ben.kaminetzky@davispolk.com

## DavisPolk

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Wednesday, January 05, 2011 7:04 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

We are available to talk to you anytime on Friday. Is there a time that works for you?

Best,

Nancy

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Wednesday, January 05, 2011 6:04 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Nancy,

It is unfortunate that you did not reach out to us today as suggested in your email below. We are ready to talk at your convenience.

Regards,

4

Ben

Benjamin S. Kaminetzky

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

# Davis Polk

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Tuesday, January 04, 2011 7:03 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Moskowitz, Elliot; Russano, Michael J.; Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Harrop, Dawn
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

Your letter to the Court is inaccurate in numerous respects, and we will respond in due course. Your letter was also sent in violation of paragraph 14 of the CMO, in addition to FRCP Rule 37, as there clearly was no meet and confer on the search protocol issues in dispute, as you acknowledge below by proposing one now, after having asked the court to intervene. It is also demonstrably out of line with the responsible manner in which we (and for that matter your plan co-proponents) have conducted themselves. Finally, there is no "admission" in our letter, express or implied, that anything about our requests was "facially unreasonable."

We will be in touch tomorrow to schedule the meet and confer call that should have happened before you sought intervention from the court.

Best,

Nancy

Nancy Chung
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Direct: 212.872.1043
Direct Fax: 212.407.3243

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Tuesday, January 04, 2011 3:56 PM
**To:** Chung, Nancy; Zensky, David; Harrop, Dawn

5

Cc: Moskowitz, Elliot; Russano, Michael J.
Subject: FW: JPM/Davis Polk Search Parameters

Attached please find the letter we just sent to Judge Carey regarding your Email Demand. While we appreciate your desire to meet and confer as well as your admission that your Email Demand was facially unreasonable, given your refusal to withdraw the Email Demand as well as the "hard" production deadline of January 10, we could not delay teeing this up to the Court for its immediate consideration. We are, however, happy to continue discussions regarding document discovery while Judge Carey is considering this issue. We are available to do so at your convenience.

Regards,

Ben


**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259  tel
212 701 5259  fax
ben.kaminetzky@davispolk.com

# Davis Polk

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

# EXHIBIT B

## Chung, Nancy

| | |
|---|---|
| **From:** | Kaminetzky, Benjamin S. [ben.kaminetzky@davispolk.com] |
| **Sent:** | Tuesday, January 04, 2011 3:56 PM |
| **To:** | Chung, Nancy; Zensky, David; Harrop, Dawn |
| **Cc:** | Moskowitz, Elliot; Russano, Michael J. |
| **Subject:** | FW: JPM/Davis Polk Search Parameters |
| **Attachments:** | Tribune_letter.pdf |

Attached please find the letter we just sent to Judge Carey regarding your Email Demand. While we appreciate your desire to meet and confer as well as your admission that your Email Demand was facially unreasonable, given your refusal to withdraw the Email Demand as well as the "hard" production deadline of January 10, we could not delay teeing this up to the Court for its immediate consideration. We are, however, happy to continue discussions regarding document discovery while Judge Carey is considering this issue. We are available to do so at your convenience.

Regards,

Ben


**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259 tel
212 701 5259 fax
ben.kaminetzky@davispolk.com

## DavisPolk

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.