# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
In re:                                            :   Chapter 11
                                                  :
**TRIBUNE COMPANY**, *et al.*,[1]                 :   Case No. 08-13141 (KJC)
                                                  :
           Debtors.       :   Jointly Administered
                                                  :
                                                  :   Hearing Date: February 8, 2011 at 1:00 p.m.
----------------------------------------------------------------x  Obj. Deadline: February 1, 2011 at 4:00 p.m.

## MOTION FOR AN ORDER APPROVING STIPULATION REGARDING USE OF EXAMINER'S REPORT AT THE CONFIRMATION HEARING

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") file this motion (the "Motion") seeking entry of an order substantially in the form attached as **Exhibit A,** pursuant to section 105 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Code") approving the Stipulation Regarding Use of the Examiner's Report at the Confirmation Hearing (the "Stipulation"), attached hereto as **Exhibit B**. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein is section 105 of the Bankruptcy Code.

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

3. On May 11, 2010, the Bankruptcy Court entered the Order Approving Appointment of Examiner (the "Order") [Docket No. 4320]. Pursuant to the Order, Kenneth N. Klee, Esq. was appointed the Examiner (the "Examiner").

4. On July 26, 2010, the Examiner issued his Report (the "Examiner's Report").

5. Since that time, three competing plans of reorganization have been filed.

6. A hearing (the "Confirmation Hearing") on the possible confirmation of the plans of reorganization proposed for the Debtors is scheduled to commence on March 7, 2011.

7. In connection with the Court's consideration and approval of the Discovery and Scheduling Order for Plan Confirmation [Docket No. 7239], the issue of the use of the

Examiner's Report at the Confirmation Hearing was raised. The proponents or co-proponents of the three plans of reorganization that have been filed in connection with the above captioned cases (the "Parties") sought additional time to consider the issue.

8. The Parties have had an opportunity to engage in such discussions and each of the Parties agrees that the Examiner's Report should be available for use at the Confirmation Hearing as set forth in the attached Stipulation.

9. The Stipulation provides a fair and efficient procedure for the Examiner's Report to be used at the Confirmation Proceeding. In particular, the Stipulation provides:

> a. The opinions expressed by the Examiner (the "Examiner's Opinions") regarding the law and/or the facts will be admissible for all purposes to the same extent as the opinions testified to by an expert witness under the Federal Rules. The Examiner's Opinions will not be binding on the Court or the parties, nor will there be any presumption of correctness attributed to such opinions.
>
> b. "Statements of Historical Facts" (as defined by the Stipulation) contained in the Examiner's Report will be admissible for all purposes and will be presumed to be correct, unless disputed. In general, the Stipulation provides that "Statements of Historical Facts" means facts which are capable of being verified by reference to documents or deposition or interview testimony cited by the Examiner. The Stipulation specifies an orderly procedure whereby, between January 10 and January 21, the parties can jointly identify those portions of the Examiner's Report that constitute Statements of Historical Facts and any party may dispute such Statements (and subsequently submit evidence in support of its position during the Confirmation Hearing).
>
> c. The documents and transcripts relied upon by the Examiner will be deemed authentic. Subject to any further stipulations or orders of the Court, all other objections to the introduction into evidence or use of those documents and transcripts are preserved.
>
> d. The Stipulation shall apply only to the Confirmation Hearing. To the extent there are further proceedings with regard to the LBO-Related Causes of Action, all parties' rights regarding the admissibility of any part of the Examiner's Report are reserved.

3

## RELIEF REQUESTED AND BASIS FOR RELIEF

10. By this Motion, the Debtors seek an order approving the Stipulation as to the use of Examiner's Report at the Confirmation Hearing.

11. The relief sought herein is authorized pursuant to the Court's general equitable powers under section 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). The Debtors submit the entry of the order is necessary and appropriate as the Stipulation resolves certain disputes between the Parties and entry of the order will permit the Confirmation Hearing to proceed in an orderly and efficient manner.

12. In particular, the Stipulation provides a fair and efficient procedure for the parties to stipulate to literally hundreds of facts included in the Examiner's Report, without foreclosing the right of any party to dispute particular facts that it contends are not true. The Stipulation thus provides a reasonable and practical means for identifying facts, the establishment of which need not take up time during the Confirmation Hearing.

## NOTICE

13. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-7278227v2

WHEREFORE, the Debtors respectfully request that this Court (a) grant this Motion and enter the proposed order attached as Exhibit A; (b) approve the Stipulation attached as Exhibit B; and (c) grant such other and further relief as it deems just and proper.

Dated: January 7, 2011
      Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Bendernagel, Jr.
Ronald S. Flagg
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin Lantry
James W. Ducayet
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION