# EXHIBIT A
## (Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
TRIBUNE COMPANY, *et al.*,[1]           :    Case No. 08-13141 (KJC)
                                        :
                        Debtors.        :    Jointly Administered
                                        :    Related to Docket No. ____
------------------------------------------------------------x

## ORDER APPROVING STIPULATION REGARDING USE OF EXAMINER'S REPORT AT THE CONFIRMATION HEARING

Upon the motion (the "Motion"),[2] of the Debtors for entry of an order approving the stipulation regarding use of the Examiner's Report at the Confirmation Hearing; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that just cause exists for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is GRANTED.

2. The Stipulation, a copy of which is attached hereto as <u>Exhibit 1</u>, is APPROVED.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: February ____, 2011
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-7278227v2

**EXHIBIT 1**
(Stipulation)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION REGARDING USE OF EXAMINER'S REPORT AT THE CONFIRMATION HEARING

WHEREAS on May 11, 2010, the Bankruptcy Court entered the Examiner Approval Order [Docket No. 4320], approving the appointment of Kenneth N. Klee, Esq. as Examiner.

WHEREAS on July 26, 2010, the Examiner issued his Report.

WHEREAS the issue of the use of the Examiner's Report at the Confirmation Hearing was raised in connection with the Court's consideration and approval of the Case Management

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Order [Docket No. 7235] and the Plan Proponent Groups at that time sought additional time to consider the issue.

WHEREAS the Plan Proponent Groups have had an opportunity to engage in such discussions and each of the Plan Proponent Groups agree that the Examiner's Report should be available for use at the Confirmation Hearing and there is agreement as to the terms by which such use should be permitted.

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED by the undersigned that the Examiner's Report should be available for use in connection with the Confirmation Hearing as follows:

1.  The opinions expressed by the Examiner (the "Examiner's Opinions") regarding the law and/or the facts will be admissible by any entity in connection with the Confirmation Hearing for all purposes to the same extent as the opinions testified to by an expert witness under the Federal Rules. The Examiner's Opinions will not be binding on the Court or any entity, nor will there be any presumption of correctness attributed to such opinions. The Court may accord the Examiner's Opinions whatever weight the Court deems is appropriate. All entities will have an opportunity to state and describe their agreement or disagreement with any of the Examiner's Opinions in their confirmation briefs in connection with the Confirmation Hearing, and to submit appropriate evidence and/or expert testimony in support of their positions during the Confirmation Hearing. For purposes of this Paragraph 1, Volume II of the Examiner's Report and pages 1 through 42 of Volume I of the Examiner's Report shall be considered the Examiner's Opinions.

2.  Statements of Historical Facts (as defined below) contained in pages 43 through 671 of Volume I of the Examiner's Report will be admissible for all purposes, including the truth of the matter asserted and will be presumed to be correct, unless disputed. Any entity may

dispute such statements, in accordance with Paragraph 3 below, and submit evidence in support of its position during the Confirmation Hearing.

    a.    For purposes of this paragraph, the term "Statements of Historical Facts" means facts which are capable of being verified by reference to documents or deposition or interview testimony cited by the Examiner. For the avoidance of doubt, and consistent with Paragraph 4 *infra*, any statements cited or quoted by the Examiner that are contained in analyst reports, rating agency reports, newspaper articles, emails, other documents, or deposition or interview testimony shall be admissible to show that such statements were made, but shall not be admissible for the underlying truth of such statements, solely as a result of this Stipulation.

    b.    Notwithstanding anything in paragraph 2a above, Statements of Historical Facts do not include statements constituting or embodying (i) inferences, characterizations or assessments concerning an individual's state of mind or credibility; (ii) conclusions of law; or (iii) applications of law to fact. Such statements shall be considered Examiner's Opinions and treated in accordance with Paragraph 1.

3.    On January 10, 2011, the Debtors, on behalf of the Debtor/Committee/Lender Plan Proponent Group shall serve on all entities entitled to notice pursuant to paragraph 35 of the Discovery and Scheduling Order for Plan Confirmation (the "Requesting Parties"), a copy of Volume I designating: (a) in yellow marker all Statements of Historical Facts which the Debtor/Committee/Lender Plan Proponent Group does not dispute, and (b) in blue marker all Statements of Historical Facts which the Debtor/Committee/Lender Plan Proponent Group does

3

dispute. Those portions of the Examiner's Report that the Debtor/Committee/Lender Plan Proponent Group deems not to be Statements of Historical Fact but instead to be Examiner's Opinions should not be highlighted. On January 21, 2011, the Noteholder Plan Proponent Group, the Bridge Proponent Group, and any other Requesting Parties who wish to participate in this designation process shall serve on the other parties a copy of Volume I that is annotated to reflect any areas of disagreement with the designations of the Debtor/Committee/Lender Plan Proponent Group. Thereafter, the Plan Proponent Groups and any other Requesting Parties who wish to participate in this designation process shall meet and confer to discuss any areas of disagreement. To the extent (i) there is disagreement among the Requesting Parties regarding whether portions of the Examiner's Report constitute Statements of Historical Fact or Examiner's Opinions following these discussion and (ii) such portions become material to an issue in dispute at the Confirmation Hearing, the Court shall determine whether such portions shall be deemed Statements of Historical Fact or Examiner's Opinions. By indicating that it does not dispute particular Statements of Historical Facts, an entity does not waive any arguments concerning the relevance of those facts, the weight to be accorded to those facts, or the completeness of those facts. (For example, by not disputing that a document includes a particular statement, a party does not waive any argument that the same document includes other statements.) Additionally, all entities reserve the right to submit amended designations to the extent such amendments are (i) based on newly discovered evidence produced during the course of discovery; or (ii) intended to correct any errors in the original designation process.

4.      The documents and transcripts relied upon by the Examiner will be deemed authentic. Subject to any further stipulations or orders of the Court, all other objections to the introduction into evidence or use of those documents and transcripts are preserved.

5.  This stipulation shall apply only to the Confirmation Hearing. To the extent there are further proceedings with regard to the LBO-Related Causes of Action, all entities' rights regarding the admissibility of any part of the Examiner's Report are reserved.

Dated: January__, 2011

SIDLEY AUSTIN LLP
James F. Conlan
James F. Bendernagel, Jr.
Ronald S. Flagg
James W. Ducayet
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

/s/
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors In Possession

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
Thomas J. McCormack
Marc D. Ashley
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

LANDIS RATH & COBB LLP

/s/
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for the Official Committee of Unsecured Creditors

46429/0001-7277815v

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee of Unsecured Creditors

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP<br>Donald S. Bernstein<br>Damian Schaible<br>Elliot Moskowitz<br>Michael J. Russano<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4500 | RICHARDS, LAYTON & FINGER, P.A.<br><br>/s/<br>Mark D. Collins (No. 2981)<br>Robert J. Stearn, Jr. (No. 2915)<br>Drew G. Sloan (No. 5069)<br>One Rodney Square, 920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651 7701 |

Counsel for JPMorgan Chase Bank, N.A.

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew N. Goldman
Dawn Wilson
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800

Counsel for Angelo, Gordon & Co., L.P.

| | |
|---|---|
| HENNIGAN, BENNETT & DORMAN LLP<br>Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: (213) 694-1200 | YOUNG CONAWAY<br>STARGATT & TAYLOR, LLP<br><br>/s/<br>Robert S. Brady (No. 2847)<br>M. Blake Cleary (No. 3614)<br>The Brandywine Building – 17th Floor<br>1000 West Street, Post Office Box 391<br>Wilmington, DE 19899<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

6

46429/0001-7277815v

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Daniel H. Golden<br>Philip C. Dublin<br>Deborah Newman<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000 | ASHBY & GEDDES, P.A.<br><br>/s/<br>William P. Bowden (No. 2553)<br>Amanda M. Winfree (No. 4615)<br>500 Delaware Avenue, P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888 |

Counsel for Aurelius Capital Management, LP

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>Telephone: (212) 609-6800 | McCARTER & ENGLISH, LLP<br><br>/s/<br>Katharine L. Mayer (No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6300 |

Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Richard F. Casher<br>Sheron Korpus<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800 | BIFFERATO GENTILOTTI LLC<br><br>/s/<br>Garvan F. McDaniel (No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>Telephone: (302) 429-1900<br>Facsimile: (302) 429-8600 |

Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes

7

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Katherine S. Bromberg<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>/s/<br>William D. Sullivan (No. 2820)<br>Elihu E. Allinson, III (No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 428-8191 |

Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes

| | |
|---|---|
| WHITE & CASE LLP<br>Thomas E Lauria<br>David Hille<br>Andrew Hammond<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 819-8200 | FOX ROTHSCHILD LLP<br><br>/s/<br>Jeffrey M. Schlerf (No. 3047)<br>Eric M. Sutty (No. 4007)<br>Jay Strock (No. 4965)<br>Citizens Bank Center<br>919 North Market Street, Suite 1600<br>Wilmington, DE 19801<br>Telephone: (302) 654-7444 |

Counsel for King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P.

8

46429/0001-7277815v