# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 140, 321, 362, 1282, 2464, 2743, 4870, 5411** |

## SEVENTH SUPPLEMENTAL DECLARATION OF THOMAS E. HILL UNDER 11 U.S.C. § 327(a) AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

I, Thomas E. Hill, declare as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.    I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly owned subsidiaries, affiliates (all of which are owned by Alvarez & Marsal North America, LLC's parent company (Alvarez & Marsal Holdings, LLC ("A&M Holdings")) and employees), agents, independent contractors and employees, "A&M"), a financial advisory services firm with numerous offices throughout the country. I am authorized to make this supplemental declaration (the "Seventh Supplemental Declaration") on A&M's behalf.

2.    On December 26, 2008, A&M filed its initial Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Initial Declaration") [Docket No. 140]

3.    On February 3, 2009, A&M filed the Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Supplemental Declaration") [Docket No. 321].

4.    On February 11, 2009, the United States Bankruptcy Court for the District of Delaware entered an Order Authorizing Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors for the Debtors and Debtors in Possession [Docket No. 362].

5.    On June 2, 2009, A&M filed the Second Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Second Supplemental Declaration") [Docket No. 1282].

6.    On October 30, 2009, A&M filed the Third Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the

Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Third
Supplemental Declaration") [Docket No. 2464].

7.      On December 4, 2009, A&M filed the Fourth Supplemental Declaration of
Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing
the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the
"Fourth Supplemental Declaration") [Docket No. 2743].

8.      On June 24, 2010, A&M filed the Fifth Supplemental Declaration of Thomas E.
Hill in Support of the of the Application of the Debtors for Entry of an Order Authorizing the
Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Fifth
Supplemental Declaration") [Docket No. 4870].

9.      On August 18, 2010, A&M filed the Sixth Supplemental Declaration of Thomas
E. Hill in Support of the of the Application of the Debtors for Entry of an Order Authorizing the
Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Sixth
Supplemental Declaration"; together with the Initial Declaration, the Supplemental Declaration,
the Second Supplemental Declaration, the Third Supplemental Declaration, the Fourth
Supplemental Declaration, and the Fifth Supplemental Declaration, the "Prior Declarations")
[Docket No. 5411]

10.      I am submitting this Seventh Supplemental Declaration to disclose certain
additional information that has become available to A&M since the filing of the Prior
Declarations.

### Relationship Disclosure

11.  A&M becomes aware, from time to time, of relationships it or its affiliates have with
parties-in-interest to the Debtors' cases ("Additional Parties-In-Interest").  In addition to the

3

matters disclosed in the Declarations, the following relationships with Additional Parties-In-Interest have come to our attention since the filing of the last Prior Declaration:

     a.   JPMorgan Chase Bank, N.A. ("JPMC") together with certain of its affiliates (collectively, "JPM") and Wells Fargo Bank, National Association ("WFBNA") together with certain of its affiliates (collectively, "Wells Fargo") are significant interested parties in the Debtors' chapter 11 cases. JPM is the agent on the Debtors' prepetition senior credit facility, a member of the Official Committee of Unsecured Creditors, and a co-proponent with the Debtors on a plan of reorganization. Wells Fargo is the agent on the Debtors' prepetition bridge credit facility.

     b.   Under a recently consummated credit facility (the "Credit Facilities") to A&M Holdings, WFBNA and JPMC are the co-lead banks (the "Lead Banks"), Wells Fargo Securities, LLC and J.P. Morgan Securities LLC are the co-lead arrangers, WFBNA is the administrative agent, JPMC is the syndication agent, and each of the Lead Banks are providing financing. In addition to the Lead Banks' receipt of interest in their capacity as lenders under the Credit Facilities, Wells Fargo and JPM have received certain customary and negotiated fees and reimbursement of expenses in connection with their roles under the Credit Facilities. No persons involved in providing services to the Debtors have participated in the negotiation of the terms or execution of the Credit Facilities with Wells Fargo or JPM. A&M Holdings believes that the terms of the Credit Facilities have been negotiated at arm's-length and represent market terms.

A&M does not believe that any of the additional disclosures described above create conflicts of interest regarding the Debtors or their chapter 11 cases.  A&M continues to believe that it is "disinterested" within the meaning of the term as it is used in section 101(14) of title 11 of the United States Code.

To the best of my knowledge, except as specifically disclosed in this Seventh Declaration and the Prior Declarations, A&M neither holds nor represents an interest adverse to the Debtors. If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration pursuant to Rule 2014(a) of Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of January 2011

THOMAS E. HILL
A Managing Director with
Alvarez & Marsal North America, LLC

6