# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CERTIFICATION OF WILLIAM T. ENGLAND IN SUPPORT OF INTERIM FEE APPLICATIONS OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE <u>DEBTORS AND DEBTORS IN POSSESSION</u>

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

DB1/66305763.1

WILLIAM T. ENGLAND, being duly sworn, deposes and states:

1. I am a Partner of PricewaterhouseCoopers LLP ("PwC"), which has a principal office at One North Wacker Drive, Chicago, Illinois, 60606. I am duly authorized to make and submit this certification (the "Certification") and, if called as a witness, would testify competently to the matters discussed herein. Certain of the disclosures contained in this Certification relate to matters within the knowledge of other professionals at PwC and are based on information that they have provided.

2. PwC, as well as other accounting firms, has developed alternative fee arrangements with its clients in connection with financial statement services, compliance services and audit services that PwC provides to such clients. These alternative fee arrangements include, but are not limited to, "fixed fee" billing arrangements that are based upon the estimated time required by the individuals assigned to the engagement to complete all necessary tasks and services. PwC and the above-captioned debtors and debtors in possession (collectively, the "Debtors") have agreed to fixed fee billing arrangements in connection with certain audit services PwC has provided and is providing to the Debtors during the pendency of these chapter 11 bankruptcy cases.

3. This Certification is filed in response to the Court's request for clarification regarding such fixed fee billing arrangements, and in support of (i) the First Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period December 8, 2008 Through February 28, 2009 (the "First Interim Fee Application") [Dkt. Entry No. 1805]; (ii) the Second Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and

Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period March 1, 2009 Through May 31, 2009 (the "Second Interim Fee Application") [Dkt. Entry No. 1806]; (iii) the Third Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period June 1, 2009 Through August 31, 2009 (the "Third Interim Fee Application") [Dkt. Entry No. 2376]; (iv) the Fourth Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period September 1, 2009 Through November 30, 2009 (the "Fourth Interim Fee Application") [Dkt. Entry No. 3129]; (v) the Fifth Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period December 1, 2009 Through February 28, 2010 (the "Fifth Interim Fee Application") [Dkt. Entry No. 4069]; (vi) the Sixth Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period March 1, 2010 Through May 31, 2010 (the "Sixth Interim Fee Application") [Dkt. Entry No. 5050][2]; (vii) the Seventh Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period June 1, 2010 Through August 31, 2010 (the "Seventh

---

[2] PwC submitted an amended Sixth Interim Fee Application correcting a mathematical error in the amount of compensation requested. [Dkt. Entry No. 6666]

Interim Fee Application") [Dkt. Entry No. 5989]; and (viii) the Eighth Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period September 1, 2010 Through November 30, 2010 (the "Eighth Interim Fee Application", and collectively, the "Interim Fee Applications) [Dkt. Entry No. 7289][3].

## Background

4. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). [Dkt. Entry No. 1]

5. On December 26, 2008, the Debtors filed the Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date (the "Application"), seeking authority to employ and retain PwC as its auditors and tax advisors to, *inter alia* (i) provide general compensation advisory services, (ii) perform an integrated audit of the financial statements of Tribune Company, Tribune Broadcasting Holdco, LLC and Tribune Finance, LLC, each a debtor in these chapter 11 cases, at December 28, 2008 and for the year then ending and of the Debtors' internal control over financial reporting as of December 28, 2008 (the "2008 Consolidated Audit"), and

---

[3] PwC submitted an amended Eighth Interim Fee Application crediting the Debtors for amounts billed in excess of the fixed fee agreed to in connection with PwC's performance of an integrated audit of the consolidated financial statements of the Debtors at December 27, 2009 and for the year then ending and of the Debtors' internal control over financial reporting as of December 27, 2009 (the "2009 Consolidated Audit"). Due to a typographical error, PwC requested compensation in excess of the fixed fee amount applicable to the 2009 Consolidated Audit on its monthly fee applications. Accordingly, PwC has credited the Debtors for such amount on its most recently filed Eighth Interim Fee Application.

(iii) provide general tax consulting services and services related to claims responses and settlement. [Dkt. Entry No. 143]

6.  In support of the Application, the Debtors submitted the Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, stating, *inter alia*, that, to the best of PwC's knowledge, information and belief, except as disclosed therein, PwC neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters for which it was proposed to be retained. [Dkt. Entry No. 143]. Further, the engagement letters governing the 2008 Consolidated Audit and other services PwC had agreed to provide to the Debtors were attached to, and incorporated by reference into, the Application. For ease of reference, the following engagement letters, which contain fixed fee billing arrangements, are attached hereto as Exhibit A: (i) that certain engagement letter dated May 1, 2008 among PwC, Tribune Broadcasting Holdco, LLC and Tribune Finance, LLC, pursuant to which PwC agreed to audit the 2008 financial statements for these entities; and (ii) that certain engagement letter dated May 1, 2008 between PwC and Tribune Company pursuant to which PwC agreed to perform the 2008 Consolidated Audit (collectively, the "2008 Consolidated Audit Engagement Letters").

7.  Thereafter, on March 2, 2009, the Debtors filed the Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, noting that PwC agreed to strike certain language from an engagement letter between PwC and the Debtors, describing certain prepetition payment information and disclosing additional information about

PwC's relationships with certain parties-in-interest in these chapter 11 bankruptcy cases. [Dkt. Entry No. 461]

8. On March 4, 2009, the Court entered an order pursuant to sections 327(a) and 1107 of the Bankruptcy Code, granting the Application and authorizing the Debtors to employ and retain PwC as their compensation and tax advisors and independent auditors effective as of the Petition Date (the "Retention Order"). [Dkt Entry No. 470]

9. On April 10, 2009, the Debtors filed the Second Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, disclosing that the Debtors and PwC agreed to expand the scope of the general compensation advisory services PwC had agreed to provide to the Debtors. [Dkt. Entry No. 892]

10. Thereafter, on May 14, 2009, PwC and the Debtors entered into an amendment to the 2008 Consolidated Audit Engagement Letters pursuant to which PwC and the Debtors agreed to (i) PwC's reduction of its fixed fee in connection with the audit of Tribune Broadcasting Holdco, LLC and Tribune Finance, LLC, and (ii) the Debtors' payment of an additional fee in connection with time incurred as a result of the Debtors' disposition of Newsday Media Group and the interim impairment testing of goodwill and intangible assets in the second quarter of fiscal year 2008, the chapter 11 bankruptcy filings and an ongoing transaction involving the Chicago Cubs ("Amendment 1 to 2008 Consolidated Audit Engagement Letters"). That same day, PwC and the Debtors entered into that certain engagement letter dated May 14, 2009 between PwC and Tribune Company pursuant to which PwC agreed to perform the 2009 Consolidated Audit (the "2009 Consolidated Audit Engagement Letter").

11. Accordingly, on July 2, 2009, the Debtors filed the Third Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date (the "Third Supplemental Declaration"), disclosing that (i) the Debtors and PwC had agreed to both expand the scope of the services PwC would perform in connection with the 2008 Consolidated Audit, as well as to payment of an additional fee in connection with the completion of the 2008 Consolidated Audit, and (ii) PwC had agreed to perform the 2009 Consolidated Audit. [Dkt. Entry No. 1681]. Although PwC intended for the engagement letters governing the services described in such declaration to be attached thereto and incorporated by reference, the 2008 Consolidated Audit Engagement Letters were inadvertently attached to the Third Supplemental Declaration. Nevertheless, attached hereto as Exhibit B is Amendment 1 to 2008 Consolidated Audit Engagement Letters. Further, attached hereto as Exhibit C is the 2009 Consolidated Audit Engagement Letter.

12. On November 30, 2009, PwC and the Debtors entered into a second amendment to the 2008 Consolidated Audit Engagement Letters pursuant to which PwC and the Debtors agreed to an additional fee in connection with time incurred by PwC as a result of incremental audit procedures associated with a fourth quarter impairment assessment, additional procedures for income taxes relating to the Newsday Media Group disposition and PHONES transaction, as well as other delays arising from the chapter 11 bankruptcy filings ("Amendment 2 to 2008 Consolidated Audit Engagement Letters"). Accordingly, on February 5, 2010, the Debtors filed the Fourth Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and

Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date (the "Fourth Supplemental Declaration"), disclosing, *inter alia*, that the Debtors and PwC had agreed to further expand the scope of services associated with the 2008 Consolidated Audit, as well as to payment of an additional fee in connection with the completion of the 2008 Consolidated Audit. [Dkt. Entry No. 3318] For ease of reference, attached hereto as Exhibit D is Amendment 2 to 2008 Consolidated Audit Engagement Letters.

13. The Fourth Supplemental Declaration also notes that the Debtors retained PwC (i) pursuant to that certain engagement letter dated May 28, 2009, to provide services relating to the annual employee benefit plan filing requirements for Tribune Company, including the preparation of the 2008 Forms 5500 and other filings, and (ii) pursuant to that certain engagement letter dated September 1, 2009, to perform an audit of the Debtors' Employee Stock Ownership Plan's statement of net assets available for benefits at December 31, 2008, as well as the statement of changes in net assets available for benefits for the year then ending.

14. On April 30, 2010, the Debtors filed the Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to February 8, 2010 (the "Supplemental Application"), seeking authority for Tribune Company to employ and retain PwC to provide certain transaction advisory services related to the application of fresh start accounting and plan of reorganization adjustments upon the Debtors' emergence from bankruptcy. [Dkt. Entry No. 4216] In support of the Supplemental Application, the Debtors relied upon the Fifth Supplemental Declaration of William T. England for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection

with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to February 8, 2010, which describes the Debtors' engagement of PwC to provide such "fresh start" accounting services and supplements the list of parties-in-interest that PwC represents on matters unrelated to these chapter 11 bankruptcy cases. [Dkt. Entry No. 4216].

15. On May 14, 2010, the Court entered an order, *inter alia*, granting the Supplemental Application and modifying PwC's retention to include the provision of certain "fresh start" accounting services, *nunc pro tunc* to February 8, 2010. [Dkt. Entry No. 4414].

16. Subsequently, the Debtors and PwC entered into that certain engagement letter dated May 5, 2010 (the "2010 Consolidated Audit Engagement Letter"), pursuant to which PwC agreed to perform an integrated audit of the Debtors' consolidated financial statements at December 26, 2010 and for the year then ending and of the effectiveness of the Debtors' internal control over financial reporting as of December 26, 2010 (the "2010 Consolidated Audit"). That same day, PwC and the Debtors entered into an amendment to the 2009 Consolidated Audit Engagement Letter pursuant to which PwC and the Debtors agreed to (i) an additional fee in connection with time incurred by PwC as a result of incremental audit procedures associated with the disposition of the Chicago Cubs, related discontinued operations reporting, the PHONES tax settlements and the Time Warner common shares income tax refund, and (ii) an additional fee in connection with incremental audit time incurred by PwC in providing services relating to these chapter 11 bankruptcy cases ("Amendment 1 to 2009 Consolidated Audit Engagement Letter"). Accordingly, on June 22, 2010, the Debtors filed the Sixth Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors

Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, disclosing the services PwC had agreed to provide to the Debtors under the terms and conditions set forth in the 2010 Audit Engagement Letter, as well as the additional fees the Debtors had agreed to pay PwC in connection with the completion of the 2009 Consolidated Audit. [Dkt. Entry No. 4848]. For ease of reference, (i) a copy of the 2010 Consolidated Audit Engagement Letter is attached hereto as <u>Exhibit E</u>, and (ii) a copy of Amendment 1 to 2009 Consolidated Audit Engagement Letter is attached hereto as <u>Exhibit F</u>.

17.     On October 19, 2010, the Debtors entered into an amendment to the 2010 Consolidated Audit Engagement Letter pursuant to which PwC agreed to perform additional incremental services in order to assess the conclusions set forth in the report of Kenneth H. Klee, Examiner, previously filed with this Court ("<u>Amendment 1 to 2010 Consolidated Audit Engagement Letter</u>"). The Debtors compensate PwC for the services it provides pursuant to Amendment 1 to 2010 Consolidated Audit Engagement Letter on an hourly basis in accordance with the hourly rates set forth in such amendment. Thus, on December 8, 2010, the Debtors filed the Seventh Supplemental Declaration of William T. England in Support of the Debtors' Employment and Retention of PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date (the "<u>Seventh Supplemental Declaration</u>"), disclosing, *inter alia*, that the Debtors and PwC agreed to expand the scope of services associated with the 2010 Consolidated Audit, as well as to payment of additional fees incurred in providing such services. [Dkt. Entry No. 7107] Although Amendment 1 to 2010 Consolidated Audit Engagement Letter is not implicated by the Court's inquiries relating to PwC's fixed fee arrangements, Amendment 1 to 2010 Consolidated Audit Engagement Letter is attached hereto as <u>Exhibit G</u> to enable the Court to review and

DB1/66305763.1

reference each audit engagement letter governing services PwC has provided or will provide to the Debtors during the pendency of these chapter 11 bankruptcy proceedings in their entirety (including all amendments thereto).

18. The Seventh Supplemental Declaration also notes that (i) PwC and the Debtors, on behalf of certain of its employee benefit plans, entered into that certain engagement letter dated May 5, 2010, pursuant to which PwC agreed to expand the scope of the audit services it is providing to the Debtors to include, *inter alia*, performance of a limited-scope audit of the statement of net assets available for benefits at December 31, 2009 and the statement of changes in net assets available for benefits in the year then ending of such employee benefit plans, (ii) PwC and the Debtors, on behalf of the Tribune Employee Stock Ownership Plan (the "Plan"), entered into that certain engagement letter dated May 5, 2010, pursuant to which PwC agreed to audit the Plan's statement of net assets available for benefits at December 31, 2009 and the statement of changes in net assets available for benefits in the year then ending, and (iii) PwC and the Debtors entered into that certain engagement letter dated May 17, 2010, pursuant to which PwC agreed to provide services to the Debtors in connection with the annual employee benefit plan filing requirements for Tribune Company, including the preparation of the 2009 Forms 5500 and other filings for the underlying plans.

### Additional Information Relating to Fixed Fee Arrangements

19. The engagement letters governing the 2008 Consolidated Audit, 2009 Consolidated Audit and 2010 Consolidated Audit, and all amendments thereto, each contain fixed fee compensation arrangements. Moreover, each fixed fee set forth in the 2008 Consolidated Audit Engagement Letters, the 2009 Consolidated Audit Engagement Letter and the 2010 Consolidated Audit Engagement Letter, as well as each additional fee set forth in the

amendments thereto, is based upon the estimated number of hours PwC professionals would incur in completing all tasks and services necessary to issue an audit opinion for a company of similar size and structure in the Debtors' industry.

20. PwC estimated the total number of hours needed to complete each audit after engaging in preliminary planning discussions with the Debtors' management. Next, PwC multiplied the estimated total number of hours required to complete each audit engagement by the rates per hour of the professionals assigned to the engagements to establish the fixed fee assigned to its audit of the Debtors' consolidated financial statements for the year then ending and of the Debtors' internal control over financial reporting.

21. Following negotiations with the Debtors' management as to the amount of each audit-related fixed fee, the draft engagement letter or amendment setting forth such fixed fee was submitted to the Debtors' audit committee, which is comprised of independent directors, for review. The audit committee scrutinized the compensation provisions before approving each engagement letter or amendment, and the fixed fees set forth therein. The 2008 Audit Engagement Letters, 2009 Audit Engagement Letter and 2010 Audit Engagement Letter, and all amendments thereto, were each executed after receiving audit committee approval.

22. In each of the interim fee applications PwC filed in these chapter 11 bankruptcy cases (and described in paragraph three (3) above), PwC requested interim approval and payment of compensation for necessary professional services rendered during the applicable fee period, including services rendered in connection with the 2008 Consolidated Audit, 2009 Consolidated Audit and 2010 Consolidated Audit. In determining what portion of the applicable fixed fee to include on each monthly and interim fee application filed in these chapter 11 bankruptcy cases, PwC multiplied the total number of hours expended by each professional in performing services

in connection with each audit engagement by the hourly rate for that professional and then aggregated all such totals. Once the amount of compensation requested for services provided in connection with the 2008 Consolidated Audit and the 2009 Consolidated Audit reached the fixed fee amounts set forth in the applicable engagement letters and all amendments thereto, PwC ceased requesting compensation for such services although its professionals continued to incur time in performing tasks and services associated with each audit engagement.[4] Attached hereto as Exhibit H is a chart detailing the amounts PwC requested on each Interim Fee Application for services rendered in connection with the 2008 Consolidated Audit, 2009 Consolidated Audit and 2010 Consolidated Audit, as well as the remaining unused portion of the applicable fixed fee after subtracting the amounts requested in each Interim Fee Application for audit-related services.

23.     To the best of its knowledge, PwC believes that the Interim Fee Applications and the descriptions of services provided to the Debtors and amount of time expended by PwC professionals in providing such services, complies with the requirements of Delaware Local Rule 2016-2, the Retention Order, all other orders of this Court, and the applicable guidelines and requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Office of the United States Trustee for the District of Delaware.

24.     Therefore, PwC respectfully requests that the Court (i) approve the Interim Fee Applications, (ii) grant interim allowance of PwC's requests for compensation for a actual and necessary professional services rendered to the Debtors and reimbursement of actual and necessary costs and expenses incurred in rendering services to the Debtors for the periods set

---

[4] In short, the fixed fees set forth in the 2008 Audit Engagement Letters, the 2009 Audit Engagement Letter and the 2010 Audit Engagement Letter, and all amendments thereto, serve as a "cap" on the amount of compensation PwC has requested and shall request for services rendered in connection with each audit engagement.

forth in the Second Interim Fee Application, the Third Interim Fee Application, the Fourth Interim Fee Application, the Fifth Interim Fee Application, the Amended Sixth Interim Fee Application, the Seventh Interim Fee Application and the Amended Eighth Interim Fee Application, (iii) authorize and direct the Debtors to pay to PwC the amounts requested in the Interim Fee Applications, as approved by this Court, and (iv) grant such other and further relief as may be just and proper.

25.  If PwC should discover any facts bearing on the matters described herein, PwC will supplement this Certification.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: January 11, 2011

*[signature]*

WILLIAM T. ENGLAND

DB1/66305763.1