# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: February 8, 2011 at 1:00 p.m.<br>Objection Deadline: February 1, 2011 at 4:00 p.m. |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
## PURSUANT TO FED. R. EVID. 502(d)

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), pursuant to Rule 502(d) of the Federal Rules of Evidence, for entry of an order, in the form attached hereto as Exhibit A, providing for certain protections against waiver of the attorney-client privilege and work product doctrine in connection with the production of documents and information in connection with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Confirmation Hearing, as defined below. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein is section 105 of the Bankruptcy Code and Rule 502(d) of the Federal Rules of Evidence.

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

5. A hearing (the "Confirmation Hearing") on the possible confirmation of the plans of reorganization proposed for the Debtors is scheduled to commence on March 7, 2011.

6. In connection with the Court's consideration and approval of the Discovery and Scheduling Order for Plan Confirmation [Docket No. 7239], the issue of waiver of privilege

2

and/or work product protection with respect to the production of documents or other information in connection with the Confirmation Hearing was raised by the proponents or co-proponents of the plans of reorganization that have been filed in connection with the above captioned cases (the "Plan Proponents"). To address these concerns, the Debtors seek the entry of the Order attached hereto. The proposed Order was circulated to all parties. As of the date of this Motion, the Debtor have not received an objection to the form of the Order.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request entry of an Order, pursuant to Rule 502(d) of the Federal Rules of Evidence, recognizing, in part, if, in response to a document request, deposition notice, or document or deposition subpoena served in connection with the Confirmation Hearing, any person (a "Responding Party"), produces documents or other information to any other person (a "Requesting Party") and the Responding Party thereafter concludes that such documents or other information were subject to a claim of privilege and/or work product protection prior to being produced to the Requesting Party, pursuant to Federal Rule of Evidence 502(d), the disclosure of such documents or other information to the Requesting Party shall not constitute or be deemed to be a waiver or forfeiture of any claim of attorney-client privilege or work-product protection that the Responding Party would otherwise be entitled to assert with respect to the documents or other information in question.

## BASIS FOR RELIEF

8. As the discovery process proceeds, parties will request certain documents and information relating to confirmation of a plan. The Debtors wish to retain the attorney-client privilege and work product protection over such information in the event of disclosure.

9. Pursuant to Rule 502 of the Federal Rules of Evidence, a federal court may order that the disclosure of attorney-client privileged or work product protected information does not

waive the privilege or protection. Once entered, such an order is enforceable in any other federal or state proceeding. Rule 502(d) provides that:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
>
> . . . .
>
> (d) Controlling effect of a court order. A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other Federal or State proceeding.

Fed. R. Evid. 502(d).

One of the first courts to apply Rule 502(d) stated the following, in support of granting the type of relief here requested:

> [O]ne of the main purposes of new Evidence Rule 502 . . . [is] to address the "widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information" which is "especially troubling in electronic discovery."

Alcon Mfg., Ltd. v. Apotex, Inc., 2008 WL 5070465, at *6 (S.D. Ind. Nov. 26, 2008), citing Fed. R. Evid. 502 advisory committee's note.

10.     In light of the size and magnitude of the pending cases and the volume of disclosure that can therefore reasonably be expected in these cases, the Debtors believe that it would be prudent and beneficial to the administration of their estates to obtain an order affording parties the protection of Fed. R. Evid. 502(d).

## NOTICE

11.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative

4

46429/0001-7301274v1

agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

12. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto as Exhibit A (i) recognizing that attorney-client privilege and work product protection are not waived by a Responding Party in the case of disclosure, and (ii) granting such other relief as is just and proper.

Dated: January 12, 2011
 Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Bendernagel, Jr.
Ronald S. Flagg
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin Lantry
James W. Ducayet
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ 
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7301274v1