```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE



                                )
IN RE:                          ) Chapter 11
                                )
TRIBUNE COMPANY, et al.,        ) Case No. 08-13141 (KJC)
                                )
                                ) Courtroom 5
                                ) 824 Market Street
_____Debtors._____ ) Wilmington, Delaware


                                  January 10, 2011
                                  2:04 p.m.


                  TRANSCRIPT OF PROCEEDINGS
                     TELEPHONIC HEARING
              BEFORE THE HONORABLE KEVIN J. CAREY
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Sidley Austin LLP
                                BY: JAMES CONLAN, ESQ.
                                BY: KEVIN LANTRY, ESQ.
                                BY: JAMES BENDERNAGEL, JR., ESQ.
                                BY: BRYAN KRAKAUER, ESQ.
                                BY: JESSICA BOELTER, ESQ.
                                BY: JAMES DUCAYET, ESQ.
                                BY: JILLIAN LUDWIG, ESQ.
                                BY: DAVID MILES, ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (213) 896-6022



ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664



Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For Debtors:                          Cole, Schotz, Meisel, Forman &
                                      Leonard, PA
                                      BY:  NORMAN PERNICK, ESQ.
                                      BY:  J. KATE STICKLES, ESQ.
                                      1000 North West Street
                                      Suite 1200
                                      Wilmington, DE 19801
                                      (302) 652-3131

For The Creditors Committee:          Landis Rath & Cobb
                                      BY:  DANIEL B. RATH, ESQ.
                                      919 Market Street Suite 1800
                                      P.O. Box 2087
                                      Wilmington, DE 19899
                                      (302) 467-4400

                                      Zuckerman Spaeder LLP
                                      BY:  JAMES SOTTILE, ESQ.
                                      BY:  ANDREW GOLDFARB, ESQ.
                                      1800 M Street
                                      Suite 1000
                                      Washington, DC 20036-5807
                                      (202) 778-1800

For JP Morgan Chase:                  Davis Polk & Wardwell
                                      BY:  BENJAMIN KAMINETZKY, ESQ.
                                      450 Lexington Avenue
                                      New York, NY 10017
                                      (212) 450-4000

                                      Richards Layton & Finger
                                      BY:  DREW G. SLOAN, ESQ.
                                      One Rodney King Square
                                      920 North King Street
                                      Wilmington, DE 19801
                                      (302) 651-7612

For Great Banc:                       Womble Carlyle
                                      BY:  THOMAS M. HORAN, ESQ.
                                      222 Delaware Avenue
                                      Wilmington, DE 19801
                                      (302) 252-4320

For Merrill Lynch:                    Potter Anderson & Corroon LLP
                                      BY: LAURIE SELBER SILVERSTEIN
                                      Hercules Plaza
                                      1313 North Market Street
                                      6th Floor
                                      Wilmington, DE 19801
                                      (302) 984-6000

```
APPEARANCES:
(Continued)

For Wilmington Trust:          Brown Rudnick
                               BY:  GORDON Z. NOVOD, ESQ.
                               BY:  MARTIN SIEGEL, ESQ.
                               Seven Times Square
                               New York, NY 10036
                               (212) 209-4800

For DBTCA:                     McCarter & English LLP
                               BY:  DAVID ADLER, ESQ.
                               BY:  KATHARINE L. MAYER, ESQ.
                               245 Park Avenue
                               27th Floor
                               New York, NY 10167
                               (212) 609-6800

For Barclays Bank:             Mayer Brown LLP
                               BY:  JEAN-MARIE ATAMIAN, ESQ.
                               BY:  MICHAEL L. SIMES, ESQ.
                               BY:  AMIT K. TREHAN, ESQ.
                               1675 Broadway
                               New York, NY 10019-5820
                               (212) 506-2500

For Aurelius Capital           Ashby & Geddes, P.A.
Management LP:                 BY:  WILLIAM P. BOWDEN, ESQ.
                               BY:  AMANDA M. WINFREE, ESQ.
                               500 Delaware Avenue
                               P.O. Box 1150
                               Wilmington, DE 19899-1150
                               (302) 654-1888

                               Akin Gump Strauss Hauer & Feld
                               BY:  DEBORAH NEWMAN, ESQ.
                               BY:  DAVID M. ZENSKY, ESQ.
                               BY:  ABID QURESHI, ESQ.
                               One Bryant Park
                               New York, NY 10036
                               (212) 872-1000

                               BY:  MATTHEW A. ZOLO
                               (646) 445-6518

For Credit Agreement           Young Conaway Stargatt & Taylor
Lenders:                       BY:  BLAKE CLEARY, ESQ.
                               BY:  ROBERT S. BRADY, ESQ.
                               The Brandywine Building
                               1000 West Street 17th Floor
                               P.O. Box 391
                               Wilmington, DE 19801
                               (302) 571-6600
```

APPEARANCES:
(Continued)

For Oaktree Capital          Hennigan Bennett & Dorman LLP
Management:                  BY:  JAMES O. JOHNSTON, ESQ.
                             BY:  BRUCE BENNETT, ESQ.
                             BY:  BRENT TRUITT, ESQ.
                             865 South Figueroa
                             Suite 2900
                             Los Angeles, CA 90017
                             (213) 694-1200


For Wells Fargo              Fox Rothschild LLP
As Bridge Agent:             BY:  ERIC M. SUTTY, ESQ.
                             Citizens Bank Center
                             919 North Market Street
                             Suite 1300
                             P.O. Box 2323
                             Wilmington, DE 19899-2323
                             (302) 654-7444

                             White & Case LLP
                             BY:  SCOTT GREISSMAN, ESQ.
                             1155 Avenue of the Americas
                             New York, NY 10036-2787
                             (212) 819-8200


For Law Debenture:           Bifferato Gentilotti
                             BY:  GARVAN F. MCDANIEL, ESQ.
                             800 North King Street
                             Plaza Level
                             Wilmington, DE 19801
                             (302) 429-1900


For Great Bank Trust:        Morgan Lewis & Bockius LLP
                             BY:  RACHEL MAUCERI, ESQ.
                             (215) 963-5000


For Kramer Levin:            Kramer Levin Naftalis & Frankel
                             BY:  DAVID E. BLABEY, JR., ESQ.
                             (212) 715-9100


For Bank of America:         O'Melveny & Myers
                             BY:  DANIEL CANTOR, ESQ.
                             BY:  DANIEL S. SHAMAH, ESQ.
                             (212) 326-2000


For Davidson & Kempner:      BY:  EPHRAIM DIAMOND
                             (646) 282-5841

APPEARANCES:
(Continued)

For Morgan Stanley:            Weil Gotshal & Manges LLP
                               BY:  EVAN LEDERMAN, ESQ.
                               (212) 310-8948

                               Barnes & Thornburg LLP
                               BY:  DAVID POWLEN, ESQ.
                               (302) 888-4536

For Special Committee of       Jones Day
The Board of Directors:        BY:  LYNN MARVIN, ESQ.
                               (212) 326-3978

For Merrill Lynch:             Kaye Scholer LLP
                               BY:  MADLYN PRIMOFF, ESQ.
                               (212) 836-7042

For Katten Muchin Rosenman:    Katten Muchin Rosenman LLP
                               BY:  JOHN SIEGER, ESQ.
                               (312) 902-5294

For EGI-TRB LLC:               Jenner & Block LLP
                               BY:  ANDREW VAIL, ESQ.
                               (312) 840-8688

1    WILMINGTON, DELAWARE, MONDAY, JANUARY 11, 2011 2:04 P.M.

2              THE COURT:  Good morning.  This is Judge Carey.

3    We're on the record in the Tribune Chapter 11 proceeding.  I

4    scheduled this call to have the parties report to me on a

5    number of different issues, which have been raised in the

6    various letters I've received, and we'll go over them in detail

7    in a moment.

8              Let me just set out parameters for this particular

9    hearing.  I understand that at least one party indicates that

10   under the CMO, the Davis Polk letter anyway is premature, but

11   in light of the tight discovery schedule, and what appears from

12   the papers some wide disparities in how discovery should be

13   connected, while I might not make any rulings today, I at least

14   wanted to see whether the parties after meeting and conferring

15   were able to narrow or resolve their issues, and if not, how we

16   could schedule the filing of motions and responses and hearing.

17             So with that, normally I would turn the matter over

18   to debtor's counsel to kind of start things off.  I'll do so

19   now, unless the parties have something preliminarily to tell me

20   in the way of narrowing or a resolution of issues.

21             MR. KAMINETZKY:  Your Honor, this is Benjamin

22   Kaminetzky of Davis Polk and Wardwell for JPMorgan Chase Bank.

23   Can I -- I'm just following up on the last thing you said.  I

24   may be able to help you by way of updates since the letters

25   were exchanged.  Would that be helpful?  And I think there has

1    been a narrowing that Your Honor should --

2              THE COURT:  Go ahead.

3              MR. KAMINETZKY:  -- be aware of.

4              THE COURT:  Go ahead.

5              MR. KAMINETZKY:  Okay.  We -- again this is Ben

6    Kaminetzky with Davis Polk.  We very much appreciate the

7    Court's time and we didn't take lightly the decision to burden

8    the Court.  The good news is, is that our letter to the Court

9    seemed to have worked and the parties are finally engaging in a

10   productive meet and confer process, which commenced on Friday.

11             And the reason why that has been happening is that

12   there was a -- if you take a look at where we were and where we

13   are, there's a vast, huge, gaping difference between Aurelius'

14   December 29th email demand, which was Exhibit D to our letter

15   to the Court on January 4th, and Aurelius' revised position,

16   which it set forth a few minutes before its letter was due to

17   the Court on January 6th.  And those two positions from January

18   -- from their original demand to where they were on Thursday

19   are not in the same universe.

20             And we believe the reason for this seismic shift was

21   simply because we made clear to Aurelius, through our letter to

22   the Court, that we're not going to allow them to jeopardize the

23   March 7 hearing date that Your Honor has so firmly set for

24   confirmation.  So we can -- we could not and we did not engage

25   in a meet and confer off of Aurelius' email demand -- the

1   original one because it was simply nonsensical and it would

2   have taken years not days or weeks for us to complete.  Their

3   revised demand, however, which was on Thursday comes -- takes

4   off about 80 percent of their original demands and that's why

5   we're now able to talk.

6           And if I could just spend another two minutes just

7   to back up.  We at JPMorgan heard Your Honor loud and clear.

8   March 7th is the date of the hearing and there's really no time

9   for fun and games that litigators often play with discovery.

10  Per Your Honor's order, we have 30 day hard deadline to

11  complete document discovery and that deadline, actually Your

12  Honor, is today.  So we knew we only had one shot at getting

13  this right or risking confirmation delay.

14          We therefore adopted search and review protocols

15  that we are -- that we believe are broader than necessary and

16  we're quite ready to defend them 100 percent.  We're proud of

17  the effort that we made.  We had to cancel people's vacation

18  over the holidays and our army of lawyers are looking forward

19  to completing production or completing, you know, this round of

20  production later today.  And I'm willing to at any time -- and

21  I don't think today's the time -- to stand up to the Court and

22  explain exactly what we did, why we did it and why it was more

23  than reasonable.

24          So once Akin withdrew its original email demand and

25  propounded the dramatically scaled back version of this on

1  Thursday, we told Aurelius and Akin as follows:  We're

2  reasonable people and we'll listen to and entertain any

3  reasonable request that you have to supplement our production

4  if the request is reasonable and achievable within the next two

5  weeks, which the CMO sets aside as the time where disputed

6  documents can be produced.  But because we are very comfortable

7  with what we have done, we will now -- not allow this

8  supplemental production process or meet and confer to

9  jeopardize the March 7th date by delaying the other milestones

10  in the CMO.  Again, this is because we're confident in our

11  search and production and parameters that we use.

12         So that's where we are.  We're happy to continue

13  talking with him and entertain reasonable requests, but not if

14  the price is delay.  And if the price is delay then it just

15  probably makes sense to have the fight now, sooner rather than

16  later because we're confident in what we've done and that we'll

17  prevail.

18         Now I'm happy to go on, Your Honor, and explain to

19  you why Aurelius' original email demand was outrageous and not

20  in good faith, and I'd also be happy to detail for Your Honor

21  why our protocols are more than reasonable, but I'm not sure

22  either of those are appropriate at this juncture.  We're making

23  progress with Aurelius.  We've -- they've asked for certain

24  information and for us to do certain test searches and we're

25  doing that.  And again, to the extent something is achievable

1  and reasonable, we're happy to do it, we're reasonable people.

2  To the extent it's not achievable and therefore not something

3  we could possibly physically do in the time allotted, we're not

4  going to be able to do it, but I'm -- don't believe the dispute

5  is ripe now because as of now we're -- you know, since Friday

6  we're kind of working hard to certainly narrow the issues and

7  see which of the supplemental requests or what other things we

8  can do to ameliorate some of Akin's concerns and we're in the

9  process of gathering the information, the data, et cetera, and

10  you know, working with them on that.

11        THE COURT:  All right.  Thank you, Mr. Kaminetzky.

12  I'll hear from Aurelius.

13        MS. NEWMAN:  Good afternoon, Your Honor.  It's Debra

14  Newman on behalf of Aurelius, speaking from Akin Gump Strauss

15  Hauer and Feld.

16        THE COURT:  Ms. Newman, let me --

17        MS. NEWMAN:  Yeah.

18        THE COURT:  -- let me just tell you before you start

19  that it's -- there's no need to tell me how not outrageous your

20  original request was and that you were always reasonable and

21  you intend to be reasonable and you're being reasonable now.

22  So that out of the way, let me ask this, do you agree that the

23  process that the parties have commenced is fruitful and that it

24  should continue?

25        MS. NEWMAN:  Your Honor, I agree that we have made

1    some progress with JPMorgan and that it would be in everyone's

2    interest for that process to continue.  I do think, however,

3    that there are certain areas in which we have reached an

4    impasse and that Your Honor's assistance and guidance would be

5    helpful.  And if I could outline those areas, I think that

6    would be also very instructive and useful for this process,

7    especially given the timing of all of the deadlines that we are

8    dealing.

9            THE COURT:  Only briefly, if you would.

10            MS. NEWMAN:  Okay.  By way of very brief background,

11   I think it is important simply to note that JPMorgan's original

12   position, that they came to the table with on Friday, was that

13   they -- and that they responded to us when they provided us

14   with their -- provided us with their original search

15   methodology, was essentially that they will not do -- or will

16   not provide any of the information that we had requested from

17   them.

18            With respect to the LBO period,  JPM simply said no,

19   they will not run any additional searches, other than, you

20   know, what they had already run in connection with their

21   production to the depository.  And that was flatly inconsistent

22   with Your Honor's order in connection with the contours motion.

23            THE COURT:  Ms. Newman?  Ms. Newman?

24            MS. NEWMAN:  Yes.

25            THE COURT:  Let me ask you to pause.  I was really

1   hoping you would pass up the opportunity to give me the flip

2   side of what I asked you not to give me, and that was how

3   reasonable you were.  I don't need to know, for now --

4            MS. NEWMAN:  Okay.

5            THE COURT:  -- how unreasonable you think JPMorgan

6   was being.

7            MS. NEWMAN:  Okay.  So let me just, I guess,

8   briefly, Your Honor, outline these areas in which I think we've

9   come to the end of the negotiations.

10           I think the first period with respect to which we

11  are -- the negotiations would no longer be a benefit because

12  both parties have sort of stuck out their position relates to

13  the period of the first year of the bankruptcy.  And for this

14  period, JPM, I believe, is at the end of negotiations and has

15  told us that they simply will not run any searches or produce

16  any information from that time period.

17           We believe that information from that first year is

18  highly relevant and bears upon the negotiating tactics that JPM

19  may have employed in connection with the LBO causes of action

20  and also bears on the argument that JPMorgan made in its

21  submission to the Examiner, that the downturn that befell

22  Tribune in 2007 and 2008 was unforeseeable and could not have

23  been incorporated into the projections that were prepared in

24  connection with the LBO transaction.  So that is one area where

25  I believe it would be helpful to get some guidance, in which we

1  believe we are absolutely entitled to information from that

2  first year of the bankruptcy.

3         The second -- the second period is related to the

4  April plan, and that's specifically, I believe, December 2009

5  to April 2010.  And once again, JPM has told us that they

6  simply will not run any additional searches, that they are

7  comfortable with the searches that they ran in response to

8  document requests that they received from, I believe, Wells

9  Fargo and Wilmington Trust in connection with April plan

10 confirmation.  And we have several objections to the way in

11 which those productions were prepared.

12        One issue that we have is that JPM only ran domain

13 names in order to come up with the relevant information that

14 they produced in connection with the April plan.  So that would

15 only capture external emails that JPMorgan said -- that

16 JPMorgan sent, excuse me, and only to an identified universe of

17 custodians outside of JPMorgan.  Clearly, that's insufficient.

18 We are entitled to internal communications at JPMorgan and we

19 cannot rely upon solely external communications that JPMorgan

20 sent to the custodians that they identify.  The whole purpose

21 of this discovery process is to learn with whom they were

22 communicating about this bankruptcy and the LBO causes of

23 action and we simply cannot know with whom they may have

24 exchanged relevant information.  So that is also an area where

25 I believe the Court's guidance would be helpful.

1          With respect to the current period, which is April

2     2010 to December 20th, we also have, I believe, reached an

3     impasse with respect to the search methodology that JPMorgan

4     will use.  Again, for external communications they are refusing

5     to run any search terms and insisting again to rely solely on

6     domain names.  And for internal communications they have told

7     us that they will only run a very small number of search terms

8     that are all modified by Tribune, so it's Tribune within 10 or

9     within 20 of certain words and we simply feel that is not

10    adequate to capture the universe of relevant information.

11          The last area, Your Honor, is with respect to the

12    LBO period, which is January 1, 2007 through June 2008,

13    although I do think that the parties are making substantial

14    progress in connection with that time period and that we would

15    benefit from further discussion relating to documents produced

16    from the LBO period.

17          The last point, Your Honor, is really a gaiting item

18    that I -- that has brought our discussions to a halt and

19    without some assistance on this issue, I don't think we can

20    move forward at all.  And that is that JPMorgan is taking the

21    position that they will not modify their proposed methodology

22    at all unless we and the other noteholder plan proponents agree

23    that we will not use any delay that may result from -- say --

24    let me try this another way.  That if JPM does not timely

25    produce any of the documents that may result from the

1    additional searches that they agree to run, that we and the

2    other noteholder plan proponents will agree we will not seek

3    for the Court to move the confirmation hearing or to move any

4    of the dates embodied in the CMO.

5            And clearly, we cannot agree to that.  The CMO

6    explicitly provides parties with a right to seek relief from

7    the Court to move the dates embodied therein and JPM's position

8    is untenable.  Basically JPM is asking that even if they

9    produce a large universe of relevant information two days

10   before the confirmation hearing we will have waived our rights

11   to come back to the Court and ask that that be a basis for

12   moving the confirmation hearing, and we simply cannot move

13   forward without assistance from Your Honor on that issue.

14           THE COURT:  Well --

15           MS. NEWMAN:  And that --

16           MR. KAMINETZKY:  Your Honor, I'd like --

17           THE COURT:  -- before you do, let me just ask Ms.

18   Newman, what is it you'd like me to tell you about that today?

19   That -- I mean, it seems to me I can't give you a "ruling" on

20   that issue because I'm not at this point, absent a more formal

21   process, going to amend the CMO and I'm not going to say that I

22   will or won't postpone confirmation.  You know, things happen

23   all along and they may or may not result in the party asking

24   for a continuation of the hearing date and I may or may not

25   grant.

1      And so you call that item a gaiting item.  I don't

2 know what I would give you today that would solve that problem

3 for you, for either party, for that matter.

4      MS. NEWMAN:  I think, Your Honor, the issue that

5 parties should be able to reserve their rights in that regard

6 while these negotiations continue.  JPM is tell -- excuse me,

7 JPMorgan is telling us that they will not make any

8 modifications unless at the outset we waive our right to come

9 back to the Court.  And it's set forth in the CMO that that is

10 a right that we have to, you know, should events develop that

11 would necessitate a change in the schedule, that we should be

12 able to come back to the Court and make a good faith showing

13 that the confirmation hearing or any other deadline in the CMO

14 should be moved.  And we cannot waive that right as a

15 precondition to have JPMorgan negotiate in good faith about

16 what an appropriate search methodology is.  Parties should

17 reserve their rights in that regard.

18      THE COURT:  All right.  Mr. Kaminetzky, briefly.

19      MR. KAMINETZKY:  Okay, Your Honor.  Would you like

20 me to start or end with the gaiting issue?  I guess I'll start

21 there just because -- it'll just -- it will take 10 seconds.

22 As I said in my initial remarks, we believe that we have done a

23 more than reasonable job in terms of our production of

24 documents which will happen a few hours from now in accordance

25 with the case management order, given the circumstances and the

1  time, et cetera.  That's full stop.

2          That being said, we're of course willing to talk to

3  anyone about -- if they have concerns about what we did and how

4  we did it, to talk to them and if it's something that we could

5  accomplish within a reasonable timeframe, then of course we'll

6  do it because why wouldn't we do it?

7          But as, you know, we've laid out in our papers, we

8  think it's -- you know, Aurelius was always very upset about

9  the March 7th date.  They've been pushing to move the March 7th

10  date.  The March 7th date is the bogey that they're trying very

11  much to get around.  And the only -- of course, we all reserve

12  our rights, whatever, but what we've told them is that we

13  believe we've done a good job on this production, we're very

14  proud of what we did and we're very proud of the parameters

15  that we used, and here they are.  And, of course, we'll talk to

16  you and do anything that we could in case you have -- if it's

17  doable.

18          But that being said, what we said is that this

19  process shouldn't be mistaken for -- our talking to you after

20  our production has gone out shouldn't be mistaken for admission

21  in even the slightest way that we're anything but 100 percent

22  comfortable with the parameters that we used in the production

23  that we're going to make in a few hours.

24          So again, I don't know if there's anything for Your

25  Honor to do, but it's -- what we're saying is that we're not

1  going to use this meet and confer and this argument about

2  whether we should do more search terms or add a couple of more

3  custodians to delay the hearing because we think they have, as

4  of today, they will have more than enough for them to use at

5  the hearing.

6           Going through the various periods or the various

7  lists of what counsel for Aurelius said we're at an impasse,

8  the first thing she mentioned was the first part of the

9  bankruptcy, which is December 2008 to December 2009.  And this

10  is very simple, Your Honor, no one is producing documents from

11  this timeframe.  What that issue at the confirmation is, at

12  most the negotiation process on this plan.

13           Arguably, maybe the negotiation process on the now

14  dead April plan.  I'm not sure why exactly that's relevant, but

15  we've agreed to, you know, kind of consider that as part of the

16  period.

17           On December 15th, 2009 is when the depository order

18  was entered and that provided the built in protection for

19  people to start talking.  And, in fact, the first meeting

20  happened in January of 2010, which led up to the April plan,

21  which is now dead.  In fact, when -- as counsel mentioned, the

22  production we did on the April plan was in response to document

23  requests or discovery requests we got from Wilmington Trust,

24  which is Aurelius' co-plan proponent and we agreed with them on

25  what the parameters of our search will be and we never heard

1  any complaint from them until now.  So with respect to the now-

2  dead April plan, we did what we did at the time because that's

3  what was negotiated -- or that was agreed to by our opponents

4  at the time.  There's no reason to go before December 15th

5  because none of the relevant conversations, if you want to test

6  the good faith of the arm's lengthiness of the now-dead plan

7  happened before that date of December 15th.

8         And, in fact, we just confirmed that Centerbridge,

9  when it came -- my -- that Centerbridge, when they did a

10  production in connection with that plan, and at the time they

11  were a plan proponent and at the time they were represented by

12  Akin, they also used that December 15th, 2009 start date for

13  the production.

14         So our position is, with respect to the first part

15  of this bankruptcy, no one's produced documents through that

16  period, the debtors didn't ask Aurelius to produce documents

17  before that period because prior to that period there were no

18  conversations even on the now-dead April plan.

19         THE COURT:  All right.  Mr. Kaminetzky, let me stop

20  you there.  I'm going to set at the end of this conference call

21  a scheduling hearing for the filing of motions and responses

22  and a hearing date to -- in such a way that I hope will give

23  the parties a little more time to see whether they can further

24  narrow the issues, but if not tee them up for the Court to

25  resolve them.

1          I'd like now to move on to the next -- what I'll

2    call the next set and that is the Hennigan Bennett letter and

3    the response to that letter.

4          MR. JOHNSTON:  Good afternoon, Your Honor.  Jim

5    Johnston of Hennigan Bennett and Dorman, appearing today on

6    behalf of the 12 institutions that were identified in my letter

7    as the non-proponent clients.  As an initial matter, I would

8    like to report that we did engage in further meet and confer

9    pursuant to your Court's order -- Your Honor's order on Friday

10   afternoon.  I disagree with the assessment of that meet and

11   confer by Mr. Korpus in his letter of this morning and I'll

12   touch on that in a moment, but it -- suffice it to say that I

13   do believe we are at impasse and we do seek the Court's

14   resolution.  I appreciate Your Honor's time.

15         And unlike the prior dispute you just heard, and we

16   all listened to, I think the fundamental issue here is that we

17   believe, and the non-proponent clients believe that by and

18   large they are not a proper target of discovery in connection

19   with plan confirmation matters going forward in these cases.

20         Your Honor, I know you've read my letter, and I'll

21   try not to rehash what's in there, but with your indulgence I

22   would like to just touch on a couple points as to why I think

23   that's the case.

24         THE COURT:  Yeah, and just as you do that, I just

25   want to confirm my understanding that much have been -- much of

1  which has been requested has not been withdrawn, at least as I

2  gather from the letter I received today.

3           MR. JOHNSTON:  Your Honor, that is an incorrect

4  understanding and I will take the opportunity to give you our

5  view of the alleged narrowing, which we think results in no

6  narrowing whatsoever as to the requests that have been

7  tendered.

8           THE COURT:  Okay.

9           MR. JOHNSTON:  To start, it's helpful to discuss who

10 are the non-proponent clients, and probably more importantly

11 who they are not.  These institutions are holders of the

12 Tribune senior loans.  They're mutual funds and hedge funds

13 that were not involved in any part of the so-called LBO

14 transaction that are subject to so much scrutiny in these

15 cases, they simply hold some of the debt that was issued in

16 connection with those transactions.

17          More importantly, the non-proponent clients are not

18 proponents of any of the plans of reorganization now out for a

19 vote and they never have been proponents of any plans in these

20 cases.  Just as importantly, they did not negotiate the

21 settlement embodied in the so-called debtor committee lender

22 plan that Law Debenture and others are attacking.  And contrary

23 to the claims in Mr. Korpus' letter, they did not participate

24 in the mediation that led to that settlement, not a single one

25 of the non-proponent clients has ever attended or participated

1   in a single negotiation at any time throughout these cases.

2            To be sure, Your Honor, two of my other clients whom

3   you know well, Oaktree and Angelo Gordon, have done all that.

4   They're co-proponents of the debtor committee lender plan, they

5   negotiated the settlement embodied in that plan.  As Judge

6   Gross surely would attest, they were actively involved in the

7   mediation, they made it clear at all times that they were

8   negotiating on behalf of themselves and not on behalf of any

9   other creditor.  Oaktree and Angelo Gordon have been involved

10  in the negotiations and discussions from the beginning, which

11  I'll define the beginning as that December 2009 time period

12  when things really got kicked off after Your Honor entered the

13  depository order.

14           The non-proponent clients have done none of this.

15  They have simply shared counsel with Oaktree and Angelo Gordon

16  at various times and from time to time have taken positions in

17  these cases as jointly represented clients sharing common

18  interests.  In terms of the actual negotiation, whether on the

19  current plan or previously, they have not been involved.

20           Now, of course, the parties that were involved,

21  Oaktree and Angelo Gordon, are responding to the discovery that

22  Law Debenture seeks from them.  This firm's responding to the

23  subpoena that Law Debenture served on us and as you know,

24  JPMorgan is responding, the members of the creditors committee

25  are responding, the debtors are responding, the various other

1   participants in the LBO transactions are responding to the

2   discovery that's been served by Law Debenture and Aurelius.  By

3   our last count, those noteholder plan proponents had served

4   subpoenas or documents requests on 22 different entities, not

5   counting the 15 they served on the non-proponent clients and

6   other credit agreement lenders and the three request made to

7   Oaktree, Angelo Gordon and this firm.

8          So we approached this endeavor and we said, given

9   all of this massive discovery that's going on among the

10   proponents to the plan and the actual participants in the LBO,

11   is discovery from the non-proponent clients appropriate under

12   the circumstances?  And more to the point, what information

13   could these entities possibly have that would be relevant to

14   the questions Your Honor will consider at confirmation?  And we

15   asked Law Debenture this in our meet and confer and the only

16   conceivably relevant information Law Debenture could identify

17   to us was hypothetical communications in which Oaktree or

18   Angelo Gordon somehow might have attempted to coerce a non-

19   proponent client into voting for the debtor committee lender

20   plan.

21          There is, of course, nothing to suggest that any

22   coercion occurred or that would be relevant to plan

23   confirmation matters.  Probably more importantly, if there were

24   any such communications, they'd be encompassed within the

25   discovery already served on Oaktree and Angelo Gordon, but we

1    nevertheless in the meet and confer process asked whether Law

2    Debenture would be willing to limit its discovery to those

3    alleged communications between Oaktree and Angelo Gordon and

4    the non-proponent clients regarding the debtor committee lender

5    plan.  And as you saw from Mr. Korpus' letter, the answer was

6    no.

7           And notwithstanding the claim to offer to limit

8    things, that was an offer made only after Your Honor scheduled

9    this hearing by the way, Law Debenture seeks the full panoply

10   of information requested of all of the other discovery targets

11   in this case and I'll give you a few examples.  First, Law

12   Debenture continues to exist that the non-proponent clients

13   search their records for a period going back more than three

14   years for documents having anything and everything to do with

15   Tribune.

16          And to prove that, I'll ask you to just take a look

17   at the allegedly limited proposed search terms attached to Mr.

18   Korpus' letter.  Through those, Law Debenture would have the

19   non-proponent clients search their records for every single

20   email containing, among many other search terms, the word

21   Tribune, the phrase Trib, the term fraudulent conveyance or the

22   word Zell.  Law Debenture would also have the non-proponent

23   clients look for all documents relating to every single plan

24   filed in these cases, notwithstanding that they were not

25   proponents of any.  They would have them look for all

1    settlement analysis and communication, notwithstanding that

2    they were not parties to any negotiation or settlement, and

3    they would have them look for all communications regarding the

4    mediation they did not attend.  All of this again going back to

5    January 1, 2008, almost a year before the bankruptcy cases were

6    even filed.

7             And even the offer to limit the request regarding

8    so-called relationship is delusory.  When you look at the

9    request Law Debenture continues to press, they seek to ferret

10   out any conceivable connection between the non-proponent

11   clients on the one hand and a huge universe of people,

12   including all of the debtors, plus -- and I'll quote,

13              "All of their past, present and future officers,

14              directors, partners, members, employees or managers"

15              plus, I'll quote again, "Any past, present or future

16              board of directors, board of managers or similar

17              body, plus all members of the creditors committee,

18              plus JPMorgan, Citicorp, Bank of America, Merrill

19              Lynch, Wells Fargo and every other single senior

20              lender."

21             This is just crazy, Your Honor.  the non-proponent

22   clients are investors who, by definition, regularly have

23   dealings with financial institutions and individuals involved

24   with financial institutions.  This, we would submit, is nothing

25   but a fishing expedition.  There's nothing narrow about the

1  request and they're just not reasonable under the

2  circumstances.  They submit the non-proponent clients to the

3  undue burden and expense from which the federal rules protect

4  them.  And, Your Honor, we would ask that you quash the

5  subpoenas in their entirety for that reason.

6            THE COURT:  All right.  Thank you.

7            MR. JOHNSTON:  Thank you.

8            MR. KORPUS:  And, Your Honor, Sharon Korpus of

9  Kasowitz Benson Torres and Friedman for Law Debenture.  Your

10  Honor, we take exception with the description of these credit

11  agreement lenders as non-parties.  They are very much parties

12  to the issues that have been litigated in this bankruptcy court

13  and in this case from the beginning.  They opposed the

14  committee's motion for standing to bring [indiscernible] cause

15  of action, they've made submission to the Examiner.  I don't

16  know how many times I've stood in the court and I've heard

17  either Mr. Bennett or Mr. Johnston stand up and say we

18  represent a group of credit lenders owning so many billions in

19  debt.  They have been very much involved.

20            Just because they are not the actual proponents of

21  this plan does not somehow shield them from discovery and does

22  not qualify them to a complete stranger to the case, which is

23  the words used in the case that they're relying on, the

24  Cusumano [ph] case, which doesn't have a dog in this fight,

25  again quoted from the text.  They very much have a dog in this

1  fight and we believe that if they have responsive information,

2  responsive communication to the discovery that we are seeking,

3  they should be held up to discovery just the same as any other

4  party in this case, Your Honor.

5           And we have been reasonable, we have limited the

6  scope of the requests.  What you're hearing from Mr. Johnston

7  is not any offer at all.  He's saying we don't want to produce

8  anything.  We don't believe that this discovery is proper at

9  all.  We came in and said okay, we understand the relationship

10 issue causes you some concern, you don't want to go back 10

11 years and look for these relationships, we'll limit it to three

12 years and we're not asking you to go and look through all of

13 your files regarding JPMorgan and all of your files regarding

14 other entities.  Run the search terms and look through that

15 universe for responsive documents.

16          And so if your search then, for example, contains

17 the term Zell, then there are documents within that scope --

18 within that universe that concern Mr. Zell, but do not concern

19 Tribune, we believe that's responsive.  We're not asking you to

20 go look through every last file you have, which may contain Mr.

21 Zell.

22          We also believe that we've come up with a reasonable

23 list of search terms given the case, but we just do not

24 understand the objection that these credit agreement lenders

25 should not have to produce anything.  We would surely, Your

1   Honor, we are entitled to find out whether there have been any

2   communications between Oaktree and Angelo Gordon and these

3   parties, and also between these parties and the agent bank,

4   JPMorgan.  They are a part of the syndicate, we are sure that

5   certain communications have taken place between the agent bank

6   and the other lenders, and if that communication concerns the

7   settlement, the merit of the LBO claims, any undue pressure

8   being placed by JPMorgan or by the other plan proponents on the

9   debtor or any collusion, as we believe may have taken place

10   here, we're entitled to those documents.  We should not be

11   limited to just the files of Oaktree and Angelo Gordon.

12          This is discovery and we are entitled to frame our

13   discovery and these are parties -- we've a lot in -- at stake

14   in this case, who should not come to court now and complain

15   about burden as if they're some stranger to this whole process

16   after they've been involved from day one and they've done all

17   they can to support their position and to fight about --

18   against the noteholders' position in the case.

19          I think that's pretty much what I have to say, Your

20   Honor, but I'm willing to answer any questions you may have.

21          THE COURT:  No, thank you.  Mr. Johnston, briefly if

22   you wish to respond at all.

23          MR. JOHNSTON:  Thank you, Your Honor.  Very briefly.

24   First, Mr. Korpus said that he was going to ask the non-

25   proponent clients to search every last file they might have for

1    documents relating, for example, to JPMorgan.  In the meet and

2    confer he insisted that, in fact, in addition to the search

3    terms, which would search electronic information, that the

4    clients would have to search their hardcopy files.

5         With respect to communications from JPMorgan, as you

6    heard earlier this morning, JPMorgan is subject to a similarly

7    extensive document request as Oaktree and Angelo Gordon and

8    whatever communications might exist with respect to lenders

9    from JPMorgan, who as you heard this morning is under a -- or

10    maybe in their letter, is under a regulatory obligation to keep

11    each and every email internal or outgoing and incoming for a

12    very long period of time.  All of those would be picked up in

13    that discovery request.

14         In sum, Your Honor, the only connection the non-

15    proponent clients have with respect to the plans that are going

16    to be heard at the hearings in March are the fact that they

17    share counsel with two proponents.  They're going to vote on

18    those plans, they're not going to do anything else.  And we

19    would submit that under those circumstances, given everything

20    else that's going on, given all the other discovery that's out

21    there, the requests that have been tendered to them are

22    inappropriate.

23         THE COURT:  Well, Mr. Johnston, let me ask you this

24    --

25         MR. KORPUS:  Your Honor, I just want to correct a

1    couple of things that Mr. Johnston said that are, quite

2    frankly, just not accurate, if I may very briefly.

3              THE COURT:  Mr. Korpus, let me ask you to pause for

4    a moment here.

5              MR. KORPUS:  Yes, sir.

6              THE COURT:  I have a question for Mr. Johnston and

7    that is, how is it that Law Debenture should be able to test

8    the proposition that there's nothing for them to give because

9    they haven't had involvement?  I mean, how -- isn't that

10   something that a party has the right to test somehow through

11   discovery?

12             MR. JOHNSTON:  Well, I guess, Your Honor, the

13   question is involvement with what?  In terms of the

14   negotiations with other parties in this case, I think that that

15   can be amply tested by the production of the other parties in

16   the case.  All of the parties who have been negotiating deals

17   since last December are, in fact, targets of discovery requests

18   and are producing.  And so that, I think, answers it through

19   the productions that have been made by other parties.

20             In terms of involvement in the case, they have

21   correctly pointed out that credit agreement lenders, as a

22   group, have filed certain pleadings and taken certain

23   positions.  Certainly not since Oaktree and Angelo Gordon

24   settled or reached the agreement at the mediation and then went

25   forward as co-proponents.  They have taken positions in the

1  case and those positions are of record, so we struggle with

2  attempting to figure out what else could possibly be relevant

3  here.

4           THE COURT:  Well --

5           MR. KORPUS:  Your Honor, can I give you perhaps some

6  examples?

7           THE COURT:  No, thank you, not at this point.  I'll

8  just leave Mr. Johnston with the following questions:  You

9  know, if it's true that, you know, those from whom the non-

10  proponent parties, we'll call them, are -- from whom discovery

11  is being sought, weren't involved in LBO transactions, aren't

12  plan proponents, didn't negotiate any settlements, didn't

13  participate in the mediation, I just -- it seems to me that if

14  that's all true, there's not much to be gotten from them.  But

15  it seems to me, and this has nothing to do with my view of your

16  credibility, Mr. Johnston, somebody from those clients ought

17  to, in some form, say -- say that and there needs to be some

18  testing of it, but that's all I'll say.

19           I'd like now to move on to Mr. Zensky's letter on

20  behalf of the noteholder plan proponents.

21           MR. ZENSKY:  Your Honor, David Zensky, Akin Gump

22  Strauss Hauer and Feld for Aurelius Capital Management.  Your

23  Honor, I'm happy to discuss any portion of the letter that

24  you'd like.  I would just note for the record that the debtors

25  and their co-proponents time to respond has not yet run.  I'm

1  certain they would like to submit something.  Not that I'll get

2  in the habit of defending that side of the case, but I'm sure

3  they were planning on sending a letter in, Your Honor, and I

4  was going to suggest that we schedule a call for -- as later in

5  the week once that submission is made.  So I'll yield and see

6  if they want to speak to that issue, Your Honor, or whatever

7  the Court would like to do.

8           THE COURT:  Well, let me turn then --

9           MR. BENDERNAGEL:  Your Honor, this is Jim --

10          THE COURT:  Go ahead.

11          MR. BENDERNAGEL:  Your Honor, this is Jim

12 Bendernagel on behalf of the debtor.  Since we've been putting

13 together the letter that Mr. Zensky anticipated, let me briefly

14 respond.  We are putting together a response and we'll be in a

15 position to file it tomorrow.  The response is being circulated

16 among the other parties that are on our side of the block, so

17 to speak, in this regard.

18          The one area I think there is agreement on in this

19 regard is that the parties spent a fair amount of time in the

20 last two weeks negotiating on the issue of how to deal with

21 document depository order, the case management order, Rule 408,

22 and I think progress was made, but I do think that the parties

23 are at an impasse.

24          What I would suggest is you let us file our letter

25 tomorrow and possibly we discuss this at Thursday's omnibus at

1    that juncture.  It may be that the letters are going to cue

2    this up sufficiently that you'll have a clear, you know,

3    understanding of what the parties' positions are in this

4    regard, you know, you can make a better judgment then as to

5    what additional material or briefing is necessary, if any.  It

6    will also give the parties -- you know, it will bring closure

7    to the issue, in the sense that they'll see what we're arguing

8    and while my guess is that we'll still be apart, their

9    characterization of what our position is in their letter is --

10   you know, in our view, you know, not a fair characterization

11   and after they review our letter, maybe -- our response, maybe

12   there will be some ground for maneuvering here.  I'm not sure,

13   but it's always worth a try.

14            THE COURT:  All right.

15            MR. BENDERNAGEL:  So I would agree with Mr. Zensky

16   that we ought -- and rather than schedule a separate thing --

17   you know, hearing, since we're going to be together on

18   Thursday, it seems to me that we could deal with it at that

19   juncture.

20            THE COURT:  Well, we've already informed debtors'

21   counsel that my time on Thursday is extremely limited.  In

22   fact, that's why the hearing was moved up to 10:30 eastern in

23   the morning.  I have two hours to give you and literally not a

24   second more.  I have a commitment that cannot be changed or

25   moved and for which I must be on time.  So I'm not inclined to

1    -- unless the circumstances have changed and other matters

2    tentatively scheduled have been worked out, I'm not going to be

3    in a position to really spend any time on the discovery

4    matters.

5              You know, it would -- in terms of where the hearing

6    date falls, it would be a natural time and date to do it, but

7    my schedule does just not permit it.  So here's what we're

8    going to do, to the extent that the parties -- and I -- to the

9    extent the parties are unable to work out what remaining

10   differences there are, either motions to compel or motions for

11   a protective order or whatever other motions parties need

12   relief on -- need court ordered relief on, should be filed by

13   January 14th at 4:00 p.m. eastern time.  Responses are due by

14   January 19, 4:00 p.m. eastern time.  I will fix a hearing for

15   Friday, January 21st at 10:00.  I hadn't otherwise planned to

16   sit on that day, but I will do that.  And I think it probably

17   would be best if I moved everything that was scheduled now for

18   the 20th to the 21st as well and I'll set aside whatever time

19   is necessary to resolve whatever remaining disputes there are.

20             I do not anticipate, nor do I want replies, but I

21   will, as I normally do, poll the parties at the outset of the

22   hearing whether there have been any further developments since

23   responses are filed to the discovery requests.  Are there any

24   questions?

25             MR. BENDERNAGEL:  I have two questions, Your Honor.

1  This is Jim Bendernagel.

2          THE COURT:  Go ahead.

3          MR. BENDERNAGEL:  First question is, you know, would

4  it be helpful for us -- I think it probably would be helpful

5  for us to file our letter response to see if, in fact, we can

6  make some progress before Friday on this issue of the mediation

7  orders and we'll do that unless you tell us no, that's a waste

8  of time.

9          THE COURT:  No, I mean, it's a -- look --

10          MR. BENDERNAGEL:  The second issue is, to the extent

11  there are other issues that the parties anticipate potentially

12  cuing up this week, is it worth pursuing the CMO procedure,

13  sending you a letter, or should we just aim on trying to cue

14  them up in connection with this motion practice that you've

15  laid out?

16          THE COURT:  On your second question --

17          MR. BENDERNAGEL:  Is it --

18          THE COURT:  -- the answer is the latter, because my

19  time this week is extremely limited.  I'm beginning a mediation

20  first thing tomorrow, which may continue into the following

21  day.  I have a limited hearing schedule Thursday and I will not

22  be in the office at all on Friday.  So I think, to the extent

23  there are other issues which have arisen, but not yet been the

24  subject of a letter, they should just be wrapped into the

25  motion practice.

1        And to answer your first question look, I think it

2    can't hurt.

3            MR. BENDERNAGEL:  Uh-huh.

4            THE COURT:  You know.

5            MR. BENDERNAGEL:  We'll do that, Your Honor, so that

6    at least we've joined the issue.

7            THE COURT:  Okay.  Are there any other questions?

8            All right.  Thank you all very much.  I appreciate

9    your getting together on short notice.  That concludes this

10   hearing.  Court will stand adjourned.

11       (Whereupon at 2:50 p.m., the hearing was adjourned)

12                        CERTIFICATION

13       I   certify   that   the   foregoing   is   a   correct

14   transcript   from   the   electronic   sound   recording   of   the

15   proceedings in the above-entitled matter.

16

17

18   _____        January 13, 2011

19   Stephanie McMeel

20   AAERT Cert. No. 452

21   Certified Court Transcriptionist

| Word | Page:Line |
|------|-----------|
| _____debtors.___ | 1:13 |
| **abid**(1) | 3:38 |
| **able**(7) | 6:15 6:24 8:5 10:4 16:5 16:12 30:7 17:3 17:8 18:1 25:25 28:15 28:17 |
| **about**(11) | 8:4 13:22 14:1 16:18 16:15 17:3 17:3 17:8 18:1 25:25 28:15 28:17 |
| **above-entitled**(1) | 36:15 |
| **absent**(1) | 15:20 |
| **absolutely**(1) | 13:1 |
| **accomplish**(1) | 17:5 |
| **accordance**(1) | 16:24 |
| **accurate**(1) | 30:2 |
| **achievable**(3) | 9:4 9:25 10:2 |
| **action**(3) | 12:19 13:23 26:15 |
| **actively**(1) | 22:6 |
| **actual**(3) | 22:18 23:10 26:20 |
| **actually**(1) | 8:11 |
| **add**(1) | 18:2 |
| **addition**(1) | 29:2 |
| **additional**(4) | 11:19 13:6 15:1 33:5 |
| **adequate**(1) | 14:10 |
| **adjourned**(2) | 36:10 36:11 |
| **adler**(1) | 3:12 |
| **admission**(1) | 17:20 |
| **adopted**(1) | 8:14 |
| **aert**(1) | 36:20 |
| **after**(6) | 6:14 17:19 22:12 24:8 28:16 33:13 |
| **afternoon**(3) | 10:13 20:4 20:10 |
| **again**(10) | 7:5 9:10 9:25 13:5 14:4 14:5 17:24 25:4 25:15 26:25 |
| **against**(1) | 28:18 |
| **agent**(3) | 4:14 28:3 28:5 |
| **agree**(7) | 10:22 10:25 14:22 15:1 15:2 15:5 33:15 |
| **agreed**(3) | 18:15 18:24 19:3 |
| **agreement**(7) | 3:46 23:6 26:11 27:24 30:21 30:24 32:18 |
| **ahead**(4) | 7:2 7:4 32:10 35:2 |
| **aim**(1) | 35:13 |
| **akin**(6) | 3:35 8:24 9:1 10:14 19:12 31:21 |
| **akin's**(1) | 19:6 |
| **all**(37) | 10:11 11:7 14:8 14:20 14:22 15:23 16:18 17:11 19:19 20:16 22:3 22:7 23:9 24:10 24:23 24:25 25:3 25:4 25:12 25:13 25:17 26:6 27:7 27:9 27:12 27:13 28:16 28:22 29:12 29:20 30:16 31:14 34:13 33:14 35:22 36:8 36:8 |
| **alleged**(2) | 21:5 24:3 |
| **allegedly**(1) | 24:17 |
| **allotted**(1) | 10:3 |
| **allow**(2) | 7:22 9:7 |
| **almost**(1) | 25:5 |
| **along**(1) | 15:23 |
| **although**(1) | 14:13 |
| **always**(3) | 10:20 17:8 33:13 |
| **amanda**(1) | 3:29 |
| **ameliorate**(1) | 10:8 |
| **amend**(1) | 15:21 |
| **america**(2) | 4:43 25:18 |
| **americas**(1) | 4:24 |
| **amit**(1) | 3:22 |
| **among**(3) | 23:9 24:20 32:16 |
| **amount**(1) | 32:19 |
| **amply**(1) | 30:15 |
| **analysis**(1) | 25:1 |
| **and**(240) | 6:6 6:11 6:14 6:15 6:16 6:16 6:22 6:25 7:7 7:9 7:10 7:11 7:12 7:15 7:17 7:20 7:24 7:25 8:1 8:4 8:6 8:7 8:8 8:9 8:11 8:14 8:15 8:18 8:20 8:20 8:21 8:22 8:24 9:1 9:2 9:2 9:4 9:8 9:11 9:11 9:13 9:14 9:16 9:18 9:19 9:20 9:24 9:24 9:25 10:1 10:2 10:6 10:8 10:9 10:15 10:20 10:20 10:21 10:23 11:1 11:4 11:4 11:5 11:6 11:13 11:17 12:2 12:13 12:14 12:18 12:20 12:22 12:22 13:4 13:5 13:9 13:10 13:16 13:18 13:22 13:23 14:5 14:6 14:9 14:14 14:18 14:20 14:22 15:1 15:5 15:7 15:11 15:12 15:15 15:21 15:23 15:2 16:1 16:9 16:12 16:14 16:25 17:3 17:4 17:11 17:14 17:15 17:15 17:16 18:1 18:1 18:9 18:18 18:19 18:24 18:25 19:8 19:9 19:11 19:21 19:22 20:2 20:2 20:5 20:8 20:10 20:11 20:13 20:15 20:15 20:17 20:17 20:20 20:24 21:4 21:10 21:12 21:16 21:22 21:22 22:3 22:8 22:9 22:10 22:15 22:16 22:21 22:23 23:2 23:5 23:6 23:7 23:8 23:10 23:12 23:14 23:15 23:15 23:22 24:1 24:3 24:3 24:5 24:7 24:11 24:14 24:16 25:1 25:2 25:7 25:11 25:17 25:18 25:19 25:23 26:1 26:3 26:4 26:8 26:9 26:13 26:16 26:17 26:21 27:1 27:5 27:9 27:11 27:12 27:12 27:13 27:14 27:16 28:2 28:2 28:3 28:3 28:6 28:6 28:11 28:12 28:13 28:14 28:16 28:17 29:1 29:7 29:7 29:11 29:11 29:18 30:6 30:18 30:22 30:23 30:24 31:1 31:15 31:17 31:22 31:25 32:3 32:5 32:14 32:22 33:3 33:11 33:16 33:25 34:1 34:6 34:8 34:16 34:18 35:7 35:21 36:1 |
| **anderson**(1) | 2:47 |
| **andrew**(2) | 2:22 5:25 |
| **angeles**(1) | 4:10 |
| **angelo**(12) | 22:3 22:9 22:15 22:21 23:7 23:18 23:25 24:3 28:2 28:11 29:7 30:23 |
| **another**(2) | 8:6 14:24 |
| **answer**(4) | 24:5 28:20 35:18 36:1 |
| **answers**(1) | 30:18 |
| **anticipate**(2) | 34:20 35:11 |
| **anticipated**(1) | 32:13 |
| **any**(39) | 6:13 8:20 9:2 11:16 11:19 12:15 12:16 13:6 14:5 14:23 14:25 15:3 16:7 16:13 19:1 21:13 21:18 21:21 21:22 22:8 23:21 23:24 24:25 25:2 25:10 25:15 27:3 27:7 28:1 28:7 28:9 28:20 31:12 31:23 33:5 34:3 34:22 34:23 36:7 |
| **anyone**(1) | 17:3 |
| **anything**(7) | 17:16 17:21 17:24 24:14 27:8 27:25 29:18 |
| **anyway**(1) | 6:10 |
| **apart**(1) | 33:8 |
| **appearing**(1) | 20:5 |
| **appears**(1) | 6:11 |
| **appreciate**(3) | 7:6 20:14 36:8 |
| **approached**(1) | 23:8 |
| **appropriate**(3) | 9:22 16:16 23:11 |
| **april**(10) | 13:4 13:5 13:9 13:14 14:1 18:14 18:20 18:22 19:2 19:18 |
| **are**(64) | 7:9 7:13 7:19 8:15 8:15 8:18 9:6 9:12 9:21 9:22 11:3 11:7 12:11 13:1 13:6 13:18 14:4 14:8 14:13 17:15 20:13 20:18 21:10 21:11 21:11 21:14 21:17 21:22 22:21 22:25 22:25 23:1 23:25 22:16 26:20 27:2 27:17 28:1 28:4 28:4 28:12 28:13 29:15 29:16 29:21 30:1 30:17 30:18 31:1 31:10 32:14 32:16 32:23 33:1 33:3 34:9 34:10 34:13 34:19 34:23 34:23 35:11 35:23 36:7 |
| **area**(14) | 12:24 13:24 14:11 32:18 |
| **areas**(3) | 11:3 11:5 12:8 |
| **aren't**(1) | 31:11 |
| **arguably**(1) | 18:13 |
| **arguing**(1) | 33:7 |
| **argument**(2) | 12:20 18:1 |
| **arisen**(1) | 35:23 |
| **arm's**(1) | 19:6 |
| **army**(1) | 8:18 |
| **around**(1) | 17:11 |
| **ashby**(1) | 3:27 |
| **aside**(2) | 9:5 34:18 |
| **ask**(10) | 10:22 11:25 15:11 15:17 19:16 24:16 26:4 28:24 29:23 30:3 |
| **asked**(4) | 9:23 12:2 23:15 24:1 |
| **asking**(4) | 15:8 15:23 27:12 27:19 |
| **assessment**(1) | 20:10 |
| **assistance**(3) | 11:4 14:19 15:13 |
| **atamian**(1) | 3:20 |
| **attached**(1) | 24:17 |
| **attacking**(1) | 21:22 |
| **attempted**(1) | 23:18 |
| **attempting**(1) | 31:2 |
| **attend**(1) | 25:4 |
| **attended**(1) | 21:25 |
| **attest**(1) | 22:6 |
| **aurelius**(16) | 3:27 7:13 7:15 7:21 7:25 9:1 9:19 9:23 10:12 10:14 17:8 18:7 18:24 19:16 23:2 31:22 |
| **austin**(1) | 1:26 |
| **avenue**(5) | 2:30 2:43 3:14 3:30 4:24 |
| **aware**(1) | 7:3 |
| **back**(8) | 8:7 8:25 15:11 16:9 16:12 24:13 25:4 27:10 |
| **background**(1) | 11:10 |
| **banc**(1) | 2:41 |
| **bank**(8) | 3:19 4:15 4:35 4:43 6:22 25:18 28:3 28:5 |
| **bankruptcy**(9) | 1:1 1:22 12:13 13:2 13:22 18:9 19:15 25:5 26:12 |
| **barclays**(1) | 3:19 |
| **barnes**(1) | 5:8 |
| **basically**(1) | 15:8 |
| **basis**(1) | 15:11 |
| **bears**(2) | 12:18 12:20 |
| **because**(17) | 7:21 8:1 9:6 9:10 9:16 10:5 12:11 15:20 16:6 17:6 18:3 19:2 19:5 19:17 26:20 30:8 35:18 |
| **been**(25) | 6:5 7:1 7:11 12:23 17:9 20:25 21:1 21:1 21:6 21:19 22:9 22:19 23:2 26:12 26:19 27:5 28:1 28:16 29:21 30:16 30:19 32:12 34:2 34:22 35:23 |
| **befell**(1) | 12:21 |
| **before**(10) | 1:21 7:16 10:18 15:10 15:17 19:4 19:7 19:17 25:5 35:6 |
| **beginning**(4) | 22:10 22:11 26:13 35:19 |
| **behalf**(6) | 10:14 20:6 22:8 22:8 31:20 |
| **being**(7) | 10:21 12:6 17:2 17:18 28:8 31:11 32:15 |
| **believe**(21) | 7:20 8:15 10:4 12:14 12:17 12:25 13:1 13:4 13:8 13:25 14:2 16:22 17:13 20:13 20:17 20:17 27:18 27:19 27:22 28:9 |
| **ben**(1) | 7:5 |
| **bendernagel**(12) | 1:29 32:9 32:11 32:12 33:15 34:25 35:1 35:3 35:10 35:17 36:3 36:5 |
| **benefit**(2) | 12:11 14:15 |
| **benjamin**(2) | 2:29 6:21 |
| **bennett**(5) | 4:4 4:6 20:2 20:5 26:17 |
| **benson**(1) | 26:9 |
| **best**(1) | 34:17 |
| **better**(1) | 33:4 |
| **between**(6) | 7:13 24:3 25:10 28:2 28:3 28:5 |
| **bifferato**(1) | 4:28 |
| **billions**(1) | 26:18 |
| **blabey**(1) | 4:40 |
| **blake**(1) | 3:47 |
| **block**(2) | 5:24 32:16 |
| **board**(3) | 5:13 25:16 25:16 |
| **bockius**(1) | 4:35 |
| **body**(1) | 25:17 |
| **boelter**(1) | 1:31 |
| **bogey**(1) | 17:10 |
| **both**(1) | 12:12 |
| **bowden**(1) | 3:28 |
| **box**(4) | 2:16 3:31 3:51 4:18 |
| **brady**(1) | 3:48 |
| **brandywine**(1) | 3:49 |
| **brent**(1) | 4:7 |
| **bridge**(1) | 4:14 |
| **brief**(1) | 11:10 |
| **briefing**(1) | 33:5 |
| **briefly**(7) | 11:9 12:8 16:18 28:21 28:23 30:2 32:13 |
| **bring**(2) | 26:14 33:6 |
| **broader**(1) | 8:15 |
| **broadway**(1) | 3:23 |
| **brought**(1) | 14:18 |
| **brown**(2) | 3:4 3:19 |
| **bruce**(1) | 4:6 |
| **bryan**(1) | 1:30 |
| **bryant**(1) | 3:39 |
| **building**(1) | 3:49 |
| **built**(1) | 18:18 |
| **burden**(3) | 7:7 26:3 28:15 |
| **but**(28) | 6:10 9:6 9:13 9:21 9:21 10:4 17:7 17:12 17:18 17:21 17:25 18:14 19:24 20:12 20:21 23:25 25:25 27:18 27:23 28:20 31:14 31:18 32:2 32:22 33:13 34:6 34:16 34:20 35:23 |
| **call**(6) | 6:4 16:1 19:20 20:2 31:10 32:4 |
| **came**(3) | 11:12 19:7 27:9 |
| **can**(11) | 6:23 7:24 9:6 10:8 14:19 19:23 28:17 30:15 31:5 33:4 35:5 |
| **can't**(2) | 15:19 36:2 |
| **cancel**(1) | 8:17 |
| **cannot**(6) | 13:19 13:23 15:5 15:12 16:14 33:24 |
| **cantor**(1) | 4:44 |
| **capital**(3) | 3:27 4:4 31:22 |
| **capture**(2) | 13:15 14:10 |
| **carey**(2) | 1:21 6:2 |
| **carlyle**(1) | 2:41 |
| **case**(20) | 1:9 4:22 16:25 17:16 20:23 24:11 26:13 26:22 26:23 26:24 27:4 27:23 28:14 28:18 30:14 30:16 30:20 31:1 32:2 32:21 |
| **cases**(7) | 20:19 21:15 21:20 22:1 22:17 24:24 25:5 |
| **cause**(1) | 26:14 |
| **causes**(3) | 12:19 13:22 27:10 |
| **center**(1) | 4:15 |
| **centerbridge**(2) | 19:8 19:9 |
| **cert**(1) | 36:20 |
| **certain**(8) | 9:23 9:24 11:3 14:9 28:5 30:22 30:22 32:1 |
| **certainly**(2) | 10:6 30:23 |
| **certification**(1) | 36:12 |
| **certify**(1) | 36:13 |
| **cetera**(2) | 10:9 17:1 |
| **change**(1) | 6:11 |
| **changed**(2) | 33:24 34:1 |
| **chapter**(2) | 1:7 6:3 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| characterization(2) 33:9 33:10 | | containing(1) 24:20 | | december(11) 7:14 13:4 14:2 18:9 18:9 | | employed(1) 12:19 | |
| chase(2) 2:28 6:22 | | contains(1) 27:16 | | 18:17 19:4 19:7 19:12 22:11 30:17 | | employees(1) 25:14 | |
| chicago(1) 1:36 | | continuation(1) 15:24 | | | | encompassed(1) 23:24 | |
| circulated(1) 32:15 | | continue(5) 9:12 10:24 11:2 16:6 35:20 | | decision(1) 7:7 | | end(4) 12:9 12:14 16:20 19:20 | |
| circumstances(5) 16:25 23:12 26:2 29:19 | | continued(4) 2:2 3:2 4:2 5:2 | | defend(1) 8:16 | | endeavor(1) 23:8 | |
| 34:1 | | continues(2) 24:12 25:9 | | defending(1) 32:2 | | engage(2) 7:24 20:8 | |
| | | contours(1) 11:22 | | define(1) 22:11 | | engaging(1) 7:9 | |
| citicorp(1) 25:18 | | contrary(1) 21:22 | | definition(1) 25:22 | | english(1) 3:11 | |
| citizens(1) 4:15 | | conversations(2) 19:5 19:18 | | delaware(5) 1:2 1:13 2:43 3:30 6:1 | | enough(1) 18:4 | |
| claim(1) 24:7 | | conveyance(1) 24:21 | | delay(5) 8:13 9:14 9:14 14:23 18:3 | | entered(2) 18:18 22:12 | |
| claims(2) 21:23 28:7 | | correct(2) 29:25 36:13 | | delaying(1) 9:9 | | entertain(2) 9:2 9:13 | |
| clear(4) 7:21 8:7 22:7 33:2 | | correctly(1) 30:21 | | delusory(1) 25:8 | | entirety(1) 26:5 | |
| clearly(2) 13:17 15:5 | | corroon(1) 2:47 | | demand(6) 7:14 7:18 7:25 8:3 8:24 9:19 | | entities(3) 23:4 23:13 27:14 | |
| cleary(1) 3:47 | | could(12) 6:16 7:24 8:6 10:3 11:5 12:22 | | demands(1) 8:4 | | entitled(5) 13:1 13:18 28:1 28:10 28:12 | |
| client(1) 23:19 | | 17:4 17:16 23:13 23:16 31:2 33:18 | | depository(4) 11:21 18:17 22:13 32:21 | | ephraim(1) 4:48 | |
| clients(21) 20:7 20:17 21:10 21:17 21:25 | | | | description(1) 26:10 | | eric(1) 4:14 | |
| 22:2 22:14 22:17 23:5 23:11 24:4 24:12 | | counsel(6) 6:18 18:7 18:21 22:15 29:17 | | detail(2) 6:6 9:20 | | especially(1) 11:7 | |
| 24:19 24:23 25:11 25:22 26:2 28:25 29:4 | | 33:21 | | develop(1) 16:10 | | esq(46) 1:27 1:28 1:29 1:30 1:31 1:32 | |
| 29:15 31:16 | | | | developments(1) 34:22 | | 1:33 1:34 2:6 2:7 2:14 2:21 2:22 2:29 | |
| | | count(1) 23:3 | | diamond(1) 4:48 | | 2:35 2:42 3:5 3:6 3:12 3:13 3:20 3:21 | |
| closure(1) 33:6 | | counting(1) 23:5 | | diaz(1) 1:42 | | 3:22 3:28 3:29 3:36 3:37 3:38 3:47 3:48 | |
| cmo(9) 6:10 9:5 9:10 15:4 15:5 15:21 | | couple(3) 18:2 20:22 30:1 | | did(14) 7:24 8:22 8:22 17:3 17:4 17:14 | | 4:5 4:6 4:7 4:14 4:23 4:29 4:36 4:40 4:41 | |
| 16:9 16:13 35:12 | | course(6) 17:2 17:5 17:11 17:15 22:20 | | 18:22 19:2 19:2 19:9 20:8 21:20 21:23 | | 4:45 5:5 5:9 5:13 5:17 5:21 5:25 | |
| | | 23:21 | | 25:4 | | | |
| co-plan(1) 18:24 | | | | didn't(4) 7:7 19:16 31:12 31:12 | | essentially(1) 11:15 | |
| co-proponents(3) 22:4 30:25 31:25 | | court(52) 1:1 6:2 7:2 7:4 7:8 7:8 7:15 | | difference(1) 7:13 | | evan(1) 5:5 | |
| cobb(1) 2:13 | | 7:17 7:22 8:21 10:11 10:16 10:18 11:9 | | differences(1) 34:10 | | even(5) 15:8 17:21 19:18 25:6 25:7 | |
| coerce(1) 23:18 | | 11:23 11:25 12:5 15:3 15:7 15:11 15:14 | | different(2) 6:5 23:4 | | events(1) 16:10 | |
| coercion(1) 23:22 | | 15:17 16:9 16:12 16:18 19:3 19:24 20:2 | | directors(3) 5:13 25:14 25:16 | | ever(1) 21:25 | |
| cole(1) 2:4 | | 21:8 26:6 26:12 26:16 28:14 28:21 29:23 | | disagree(1) 20:10 | | every(6) 24:19 24:23 25:19 27:20 28:25 | |
| collusion(1) 28:9 | | 30:3 30:6 31:4 31:7 32:3 32:8 32:10 | | discovery(27) 6:11 6:12 8:9 8:11 13:21 | | 29:11 | |
| come(7) 12:9 13:13 15:11 16:8 16:12 | | 33:14 33:20 34:12 35:2 35:9 35:16 35:18 | | 18:23 20:18 22:21 23:2 23:9 23:11 23:25 | | | |
| 27:22 28:14 | | 36:4 36:7 36:10 | | 24:2 24:10 26:21 27:2 27:3 27:8 28:12 | | everyone's(1) 11:1 | |
| | | | | 28:13 29:13 29:20 30:11 30:17 31:10 34: | | everything(3) 24:14 29:19 34:17 | |
| comes(1) 8:3 | | court's(4) 7:7 13:25 20:9 20:13 | | 34:23 | | exactly(2) 8:22 18:14 | |
| comfortable(3) 9:6 13:7 17:22 | | courtroom(1) 1:11 | | | | examiner(2) 12:21 26:15 | |
| commenced(2) 7:10 10:23 | | crazy(1) 25:21 | | discuss(3) 21:9 31:23 32:25 | | example(2) 27:16 29:1 | |
| commitment(1) 33:24 | | credibility(1) 31:16 | | discussion(1) 14:15 | | examples(4) 24:11 31:6 | |
| committee(8) 2:13 5:12 21:21 22:4 22:24 | | credit(6) 3:46 23:6 26:10 26:18 27:24 | | discussions(2) 14:18 22:10 | | exception(1) 26:10 | |
| 23:19 24:4 25:17 | | creditor(1) 22:9 | | disparities(1) 6:12 | | exchanged(2) 6:25 13:24 | |
| | | creditors(3) 2:13 22:24 25:17 | | dispute(2) 10:4 20:15 | | excuse(3) 13:16 16:6 | |
| committee's(1) 26:14 | | cue(2) 33:1 35:13 | | disputed(1) 9:5 | | exhibit(1) 7:14 | |
| common(1) 22:17 | | cuing(1) 35:12 | | disputes(1) 34:19 | | exist(2) 24:12 29:8 | |
| communicating(1) 13:22 | | current(2) 14:1 22:19 | | district(1) 1:2 | | expedition(1) 25:25 | |
| communication(3) 13:18 27:2 28:6 | | custodians(3) 13:17 13:20 18:3 | | doable(1) 17:17 | | expense(1) 26:3 | |
| communication(12) 13:18 13:19 14:4 | | cusumano(1) 26:24 | | document(5) 8:11 13:8 18:22 29:7 32:21 | | explain(2) 8:22 9:18 | |
| 14:6 15:21 23:24 24:3 25:3 28:2 28:5 | | | | documents(14) 9:6 14:15 14:25 16:24 | | explicitly(1) 15:6 | |
| 29:5 29:8 | | data(1) 1:42 10:9 | | 18:10 19:15 19:16 23:4 24:14 24:23 27:15 | | extensive(1) 29:7 | |
| | | date(12) 7:23 8:8 9:9 15:24 17:9 17:10 | | 27:17 28:10 29:1 | | extent(6) 9:25 10:2 34:8 34:9 35:10 35:22 | |
| company(1) 1:9 | | 17:10 19:7 19:12 19:22 34:6 34:6 | | | | external(3) 13:15 13:19 14:4 | |
| compel(1) 34:10 | | dates(2) 15:4 15:7 | | does(4) 14:24 26:21 26:21 34:7 | | extremely(2) 33:21 35:19 | |
| complain(1) 28:14 | | david(6) 1:34 3:12 3:37 4:40 5:9 31:21 | | doesn't(1) 26:24 | | | |
| complaint(1) 19:1 | | davidson(1) 4:48 | | dog(2) 26:24 26:25 | | fact(8) 18:19 18:21 19:8 29:2 29:16 30:17 | |
| complete(3) 8:2 8:11 26:22 | | davis(4) 2:28 6:10 6:22 7:6 | | doing(1) 9:25 | | 33:22 35:5 | |
| completing(2) 8:19 8:19 | | day(5) 5:12 8:10 28:16 34:16 35:21 | | domain(2) 13:12 14:6 | | | |
| conaway(1) 3:46 | | days(2) 8:2 15:9 | | don't(10) 8:21 10:4 12:3 14:19 16:1 17:24 | | fair(2) 32:19 33:10 | |
| conceivable(1) 25:10 | | dbtca(1) 3:11 | | 26:15 27:7 27:8 27:10 | | faith(4) 9:20 16:12 16:15 19:6 | |
| conceivably(1) 23:16 | | dead(1) 18:14 18:21 19:2 | | | | falls(1) 34:6 | |
| concern(3) 27:10 27:18 27:18 | | deadline(3) 8:10 8:11 16:13 | | done(7) 9:7 9:16 16:22 17:13 22:3 22:14 | | fargo(3) 4:13 13:9 25:19 | |
| concerns(3) 10:8 17:3 28:6 | | deadlines(1) 11:7 | | 28:16 | | federal(1) 26:3 | |
| concludes(1) 36:9 | | deal(2) 32:20 33:18 | | | | feel(1) 14:9 | |
| confer(9) 7:10 7:25 9:8 18:1 20:8 20:11 | | dealing(1) 11:8 | | dorman(2) 4:4 20:5 | | feld(3) 3:35 10:15 31:22 | |
| 23:15 24:1 29:2 | | dealings(1) 25:23 | | downturn(1) 12:21 | | ferret(1) 25:9 | |
| | | deals(1) 30:16 | | dramatically(1) 8:25 | | few(4) 7:16 16:24 17:23 24:11 | |
| conference(1) 19:20 | | dearborn(1) 1:35 | | drew(1) 2:35 | | fight(4) 9:15 26:24 27:1 28:17 | |
| conferring(1) 6:14 | | debenture(15) 4:28 21:22 22:22 22:23 | | ducayet(1) 1:32 | | figueroa(1) 4:8 | |
| confident(2) 9:10 9:16 | | 23:2 23:15 23:16 24:2 24:9 24:12 24:18 | | due(2) 7:16 34:13 | | figure(1) 31:2 | |
| confirm(1) 20:25 | | 24:22 25:9 26:9 30:7 | | | | file(5) 27:20 28:25 32:15 32:24 35:5 | |
| confirmation(12) 7:24 8:13 13:10 15:3 | | | | each(1) 29:11 | | filed(5) 24:24 25:6 30:22 34:12 34:23 | |
| 15:10 15:12 15:22 16:13 18:11 20:19 | | deborah(1) 3:36 | | earlier(1) 29:6 | | files(4) 27:13 27:13 28:11 29:4 | |
| 23:14 23:23 | | debra(1) 10:13 | | eastern(3) 33:22 34:13 34:14 | | filing(2) 6:16 19:21 | |
| confirmed(1) 19:8 | | debt(2) 21:15 26:19 | | ecro(1) 1:40 | | finally(1) 7:9 | |
| conlan(1) 1:27 | | debtor(6) 21:21 22:4 23:19 24:4 28:9 | | effort(1) 8:17 | | financial(2) 25:23 25:24 | |
| connected(1) 6:13 | | debtor's(1) 6:18 | | egi-trb(1) 5:24 | | find(1) 28:1 | |
| connection(13) 11:20 11:22 12:19 12:24 | | debtors(7) 1:26 2:4 19:16 22:25 25:12 | | either(4) 9:22 16:3 26:17 34:10 | | finger(1) 2:34 | |
| 13:9 13:14 14:14 19:10 20:18 21:16 25:10 | | 31:24 33:20 | | electronic(1) 1:48 29:3 36:14 | | firm(1) 23:7 | |
| 29:14 35:14 | | | | else(3) 29:18 29:20 31:2 | | firm's(1) 22:22 | |
| | | | | email(6) 7:14 7:25 8:24 9:19 24:20 29:11 | | firmly(1) 7:23 | |
| consider(2) 18:15 23:14 | | | | emails(1) 13:15 | | | |
| contain(1) 27:20 | | | | embodied(4) 15:4 15:7 21:21 22:5 | | | |

| Word | Page:Line |
|---|---|

**first**(13) 12:10 12:13 12:17 13:2 18:8 18:8 18:19 19:14 24:11 28:24 35:3 35:20 36:1

**fishing**(1) 25:25

**fix**(1) 34:14

**flatly**(1) 11:21

**flip**(1) 12:1

**floor**(3) 2:51 3:15 3:50

**following**(3) 6:23 31:8 35:20

**follows**(1) 9:1

**for**(84) 1:2 1:26 2:4 2:13 2:28 2:41 2:47 3:4 3:11 3:19 3:27 3:46 4:4 4:13 4:28 4:35 4:39 4:43 4:48 5:4 5:12 5:16 5:20 5:24 6:8 6:22 7:20 7:23 8:2 8:9 9:20 9:21 9:24 11:2 11:16 12:3 12:13 14:4 14:6 15:1 15:11 15:24 16:3 16:3 16:3 17:19 17:20 17:24 18:4 18:7 18:18 19:12 19:21 19:24 21:18 23:19 24:13 24:14 24:19 24:23 24:25 25:3 26:5 26:9 26:14 27:11 27:15 27:16 28:25 29:1 29:11 30:3 30:6 30:8 31:22 31:24 32:4 33:12 33:25 34:10 34:14 34:17 35:4 35:5

**foregoing**(1) 36:13

**form**(1) 31:17

**formal**(1) 15:20

**forman**(1) 2:4

**forth**(2) 7:16 16:9

**forward**(5) 8:18 14:20 15:13 20:19 30:25

**fox**(1) 4:13

**frame**(1) 28:12

**frankel**(1) 4:39

**frankly**(1) 30:2

**fraudulent**(1) 24:21

**friday**(7) 7:10 10:5 11:12 20:9 34:15 35:6 35:22

**friedman**(1) 26:9

**from**(39) 6:11 7:17 7:18 10:12 10:14 11:16 12:16 12:17 13:1 13:8 14:15 14:16 14:23 14:25 15:6 15:13 16:4 18:10 18:23 19:1 21:2 22:10 22:16 22:22 23:11 24:5 26:3 26:13 26:21 26:25 27:6 27:6 28:16 29:5 29:9 31:9 31:10 31:14 31:16 36:14

**fruitful**(1) 10:23

**full**(2) 17:1 24:9

**fun**(1) 8:9

**fundamental**(1) 20:16

**funds**(2) 21:12 21:12

**further**(4) 14:15 19:23 20:8 34:22

**future**(2) 25:13 25:15

**gaiting**(3) 14:17 16:1 16:20

**games**(1) 8:9

**gaping**(1) 7:13

**garvan**(1) 4:29

**gather**(1) 21:2

**gathering**(1) 10:9

**geddes**(1) 3:27

**gentilotti**(1) 4:28

**get**(3) 12:25 17:11 32:1

**getting**(2) 8:12 36:9

**give**(11) 12:1 12:2 15:19 16:2 19:22 21:4 24:11 30:8 31:5 33:6 33:23

**given**(6) 11:7 16:25 23:8 27:23 29:19 18:1 18:6 19:20 20:19 23:9 24:13 25:4 28:24 29:15 29:17 29:18 29:20 32:4 33:1 33:17 34:2 34:8

**goldfarb**(1) 2:22

**gone**(1) 17:20

**good**(9) 6:2 7:8 9:20 10:13 16:12 16:15 17:13 19:6 20:4

**gordon**(13) 3:5 22:3 22:9 22:15 22:21 23:7 23:18 23:25 24:3 28:2 28:11 29:7 30:23

**got**(2) 18:23 22:12

**gotshal**(1) 5:4

**gotten**(1) 31:14

**grant**(1) 15:25

**great**(2) 2:41 4:35

**greissman**(1) 4:23

**gross**(1) 22:6

**ground**(1) 33:12

**group**(2) 26:18 30:22

**guess**(4) 12:7 16:20 30:12 33:8

**guidance**(3) 11:4 12:25 13:25

**gump**(3) 3:35 10:14 31:21

**had**(6) 8:12 8:17 11:16 11:20 23:3 30:9

**hadn't**(1) 34:15

**halt**(1) 14:18

**hand**(1) 15:21

**happen**(2) 15:22 16:24

**happened**(2) 18:20 19:7

**happening**(1) 7:11

**happy**(5) 9:12 9:18 9:20 10:1 31:23

**hard**(2) 8:10 10:6

**hardcopy**(1) 29:4

**harrisburg**(1) 1:44

**has**(13) 6:25 7:11 7:23 12:14 13:5 14:18 17:20 21:1 21:1 21:25 30:10 31:15 31:25

**haven't**(1) 30:9

**having**(1) 24:14

**he's**(1) 27:7

**hear**(1) 10:12

**heard**(7) 8:7 18:25 20:15 26:16 29:6 29:9 29:16

**hearing**(24) 1:20 6:9 6:16 7:23 8:8 15:3 15:10 15:12 15:24 16:13 18:3 18:5 19:21 19:22 24:9 27:6 33:17 33:22 34:5 34:14 34:22 35:21 36:10 36:11

**hearings**(1) 29:16

**hedge**(1) 21:12

**held**(1) 27:3

**help**(1) 6:24

**helpful**(7) 6:25 11:5 12:25 13:25 21:9 35:4 35:4

**hennigan**(3) 4:4 20:2 20:5

**hercules**(1) 2:49

**here**(6) 17:15 20:16 28:10 30:4 31:3 33:12 35:6 35:10 36:6

**here's**(1) 34:7

**highly**(1) 12:18

**him**(1) 9:13

**his**(1) 20:11

**hold**(1) 21:15

**holders**(1) 21:11

**holidays**(1) 8:18

**honor**(45) 6:21 7:1 7:23 8:7 8:12 9:18 9:20 10:13 10:25 12:8 14:11 14:17 15:13 15:16 16:4 16:19 17:25 18:10 20:4 20:20 21:3 22:2 22:12 23:14 24:8 25:21 26:4 26:8 26:10 27:4 28:1 28:20 28:23 29:14 29:25 30:12 31:5 31:21 31:23 32:3 32:6 32:9 32:11 34:25 36:5

**honor's**(5) 8:10 11:4 11:22 20:9 20:14

**honorable**(1) 1:21

**hope**(1) 19:22

**hoping**(1) 12:1

**horan**(1) 2:42

**hours**(3) 16:24 17:23 33:23

**how**(10) 6:12 6:15 10:19 12:2 12:5 17:3 26:16 30:7 30:9 32:20

**however**(2) 8:3 11:2

**huge**(2) 7:13 25:11

**hurt**(1) 36:2

**hypothetical**(1) 23:17

**i'd**(4) 9:20 15:16 20:1 31:19

**i'll**(16) 6:18 10:12 16:20 20:1 20:11 20:20 22:11 24:11 24:16 25:12 25:15 31:7 31:18 32:1 32:5 34:18

**i'm**(17) 6:23 8:20 9:18 9:21 10:4 15:20 15:21 18:14 19:20 28:20 31:23 31:25 32:33:12 33:25 34:2 35:19

**i've**(3) 6:6 26:16 26:16

**identified**(2) 13:16 20:6

**identify**(2) 13:20 23:16

**impasse**(5) 11:4 14:3 18:7 20:13 32:23

**important**(1) 11:11

**importantly**(4) 21:10 21:17 21:20 23:23

**inappropriate**(1) 29:22

**incidental**(2) 13:20 22:7

**inclined**(1) 33:25

**including**(1) 25:12

**incoming**(1) 29:11

**inconsistent**(1) 11:21

**incorporated**(1) 12:23

**incorrect**(1) 21:3

**indicates**(1) 6:9

**indiscernible**(1) 26:14

**individuals**(1) 25:23

**indulgence**(1) 20:21

**information**(15) 9:24 10:9 11:16 12:16 12:17 13:1 13:13 13:24 14:10 15:9 23:12 23:16 24:10 27:1 29:3

**informed**(1) 33:20

**initial**(2) 16:22 20:7

**insisted**(1) 29:2

**insisting**(1) 14:5

**institutions**(4) 20:6 21:11 25:23 25:24

**instructive**(1) 11:6

**insufficient**(1) 13:17

**intend**(1) 10:21

**interest**(1) 11:2

**interests**(1) 22:18

**internal**(3) 13:18 14:6 29:11

**into**(4) 12:23 23:19 35:20 35:24

**investors**(1) 25:22

**involved**(9) 21:13 22:6 22:9 22:19 22:20 25:23 26:19 28:16 31:11

**involvement**(3) 30:9 30:13 30:20

**isn't**(1) 30:9

**issue**(15) 13:12 14:19 15:13 15:20 16:4 16:20 18:11 20:16 27:10 32:6 32:20 33:7 35:6 35:10 36:6

**issued**(1) 21:15

**issues**(8) 6:5 6:15 6:20 10:6 19:24 26:12 35:11 35:23

**it'll**(1) 16:21

**it's**(13) 10:2 10:13 10:19 14:8 16:9 17:4 17:8 17:16 17:25 21:9 31:9 33:13 35:9

**item**(3) 14:17 16:1 16:1

**its**(4) 7:16 8:24 12:20 24:2

**james**(5) 1:27 1:29 1:32 2:21 4:5

**january**(12) 1:15 6:1 7:15 7:17 7:17 14:12 18:20 25:5 34:13 34:14 34:15 36:18

**jean-marie**(1) 3:20

**jenner**(1) 5:24

**jeopardize**(2) 7:22 9:9

**jessica**(1) 1:31

**jillian**(1) 1:33

**jim**(4) 20:4 32:9 32:11 35:1

**job**(2) 16:23 17:13

**john**(1) 5:21

**johnston**(16) 4:5 20:4 20:5 21:3 21:9 26:7 26:17 27:6 28:21 28:23 29:23 30:1 30:6 30:12 31:8 31:16

**joined**(1) 36:6

**jointly**(1) 22:17

**jones**(1) 5:12

**jpm**(8) 11:18 12:14 12:18 13:5 13:12 14:24 15:8 16:6

**jpm's**(1) 15:7

**jpmorgan**(23) 6:22 8:7 11:1 12:5 12:20 13:15 13:16 13:17 13:18 13:19 14:3 14:20 16:7 16:15 22:24 25:18 27:13 28:4 28:8 29:1 29:5 29:6 29:9

**jpmorgan's**(1) 11:11

**judge**(3) 1:22 6:2 22:5

**judgment**(1) 33:4

**juncture**(3) 9:22 33:1 33:19

**june**(1) 14:12

**just**(31) 6:8 6:23 8:6 8:6 9:14 10:18 12:7 15:17 16:21 16:21 19:8 20:15 20:22 20:24 20:24 21:20 24:16 25:21 26:1 26:20 27:3 27:23 28:11 29:25 30:2 31:8 31:13 31:24 34:7 35:13 35:24

**kaminetzky**(11) 2:29 6:21 6:22 7:3 7:5 7:6 10:11 15:16 16:18 16:19 19:19

**kasowitz**(1) 26:9

**kate**(1) 2:7

**katharine**(1) 3:13

**katten**(2) 5:20 5:20

**kaye**(1) 5:16

**keep**(1) 29:10

**kempner**(1) 4:48

**kevin**(2) 1:21 1:28

**kicked**(1) 22:12

**kind**(3) 6:18 10:6 18:15

**king**(3) 2:36 2:37 4:30

**kjc**(1) 1:9

**knew**(1) 8:12

**know**(28) 8:19 10:5 10:10 11:20 12:3 13:23 15:22 16:2 16:10 17:7 17:8 17:24 18:15 20:20 22:3 22:23 26:16 31:9 31:9 33:2 33:4 33:6 33:10 33:10 33:17 34:5 35:3 36:4

**korpus**(11) 20:11 21:23 24:5 24:18 26:8 26:8 28:24 29:25 30:3 30:5 31:5

**krakauer**(1) 1:30

**kramer**(2) 4:39 4:39

**laid**(2) 17:7 35:15

**landis**(1) 2:13

**lantry**(1) 1:28

**large**(2) 15:9 20:18

**last**(6) 8:23 14:11 14:17 23:3 27:20 28:25 30:17 32:20

**later**(3) 8:20 9:16 32:4

**latter**(1) 35:18

**laurie**(1) 2:48

**law**(15) 4:28 21:22 22:22 22:23 23:2 23:15 23:16 24:1 24:9 24:11 24:18 24:22 25:9 26:9 30:7

**lawyers**(1) 8:18

**layton**(1) 2:34

**lbo**(11) 11:18 12:19 12:24 13:22 14:12 14:16 21:13 23:1 23:10 28:7 31:11

**learn**(1) 13:21

| Word | Page:Line |
| --- | --- |

**least**(4) 6:9 6:13 21:1 36:6
**leave**(1) 31:8
**led**(2) 18:20 21:24
**lederman**(1) 5:5
**lender**(5) 21:21 22:4 23:19 24:4 25:20
**lenders**(8) 3:47 23:6 26:11 26:18 27:24 28:6 29:8 30:21
**lengthiness**(1) 19:6
**leonard**(1) 2:5
**let**(14) 6:8 10:16 10:18 10:22 11:25 12:7 14:24 15:17 19:19 29:23 30:3 32:8 32:13 32:24
**letter**(25) 6:10 7:8 7:14 7:16 7:21 20:2 20:3 20:6 20:11 20:20 21:2 23:4 24:5 24:18 29:10 31:19 31:23 32:3 32:13 32:24 33:9 33:11 35:5 35:13 35:24
**letters**(3) 6:6 6:24 33:1
**level**(1) 4:31
**levin**(2) 4:39 4:39
**lewis**(1) 4:35
**lexington**(1) 2:30
**light**(1) 6:11
**lightly**(1) 7:1
**like**(10) 15:16 15:18 16:19 20:1 20:8 20:22 31:19 31:24 32:1 32:7
**limit**(4) 24:2 24:7 25:7 27:11
**limited**(6) 24:17 27:5 28:11 33:21 35:19 35:21
**list**(1) 27:23
**listen**(1) 9:2
**listened**(1) 20:16
**lists**(1) 18:7
**literally**(1) 33:23
**litigated**(1) 26:12
**litigators**(1) 8:9
**little**(1) 19:23
**llc**(1) 5:24
**llp**(14) 1:26 2:20 2:47 3:11 3:19 4:4 4:13 4:22 4:35 5:4 5:8 5:16 5:20 5:24
**loans**(1) 21:12
**long**(1) 29:12
**longer**(1) 21:11
**look**(12) 7:12 24:16 24:23 24:25 25:3 25:8 27:11 27:12 27:14 27:20 35:9 36:1
**looking**(1) 8:18
**los**(1) 4:10
**lot**(1) 28:13
**loud**(1) 8:7
**ludwig**(1) 1:33
**lugano**(1) 1:40
**lynch**(3) 2:47 5:16 25:19
**lynn**(1) 5:13
**made**(11) 7:21 8:17 10:25 12:20 22:7 22:6 24:8 26:15 30:19 32:5 32:22
**madlyn**(1) 5:17
**make**(6) 6:13 16:7 16:12 17:23 33:4 35:6
**makes**(1) 9:15
**making**(2) 9:22 14:13
**management**(5) 3:28 4:5 16:25 31:22
**managers**(2) 25:14 25:16
**maneuvering**(1) 33:12
**manges**(1) 5:4
**many**(3) 24:20 26:16 26:18
**march**(7) 7:23 8:8 9:9 17:9 17:9 17:10 29:16
**market**(4) 1:12 2:15 2:50 4:16
**martin**(1) 3:6
**marvin**(1) 5:13
**massive**(1) 23:9
**material**(1) 33:5
**matter**(4) 6:17 16:3 20:7 36:15

**matters**(4) 20:19 23:23 34:1 34:4
**matthew**(1) 3:43
**mauceri**(1) 4:36
**may**(15) 6:24 12:19 13:23 14:23 14:25 15:23 15:23 15:24 15:24 27:20 28:9 28:2 30:2 33:1 35:20
**maybe**(4) 18:13 29:10 33:11 33:11
**mayer**(2) 3:13 3:19
**mccarter**(1) 3:11
**mcdaniel**(1) 4:29
**mcmeek**(1) 36:19
**mean**(3) 15:10 30:9 35:9
**mediation**(7) 21:24 22:7 25:4 30:24 31:13 35:6 35:19
**meet**(9) 7:10 7:25 9:8 18:1 20:8 20:10 23:15 24:1 29:1
**meeting**(2) 6:14 18:19
**meisel**(1) 2:4
**members**(3) 22:24 25:14 25:17
**mentioned**(2) 18:8 18:21
**merit**(1) 28:7
**merrill**(3) 2:47 5:16 25:18
**methodology**(4) 11:15 14:3 14:21 16:16
**michael**(1) 3:21
**might**(4) 6:13 28:18 28:25 29:8
**miles**(1) 1:34
**milestones**(1) 9:9
**minutes**(2) 7:16 8:6
**mistaken**(2) 17:19 17:20
**modifications**(1) 16:8
**modified**(1) 14:8
**modify**(1) 14:21
**moment**(3) 6:7 20:12 30:4
**monday**(1) 6:1
**more**(14) 8:22 9:21 15:20 16:23 18:2 18:5 18:4 19:23 21:10 21:17 23:12 23:23 24:1 33:24
**morgan**(3) 2:28 4:35 5:4
**morning**(5) 6:2 20:11 29:6 29:9 33:23
**most**(1) 18:12
**motion**(4) 11:22 26:14 35:14 35:25
**motions**(5) 6:16 19:21 34:10 34:10 34:13
**move**(8) 14:20 15:3 15:3 15:7 15:12 17:9 20:1 31:19
**moved**(4) 16:14 33:22 33:25 34:17
**moving**(1) 15:12
**much**(11) 7:6 17:11 20:25 20:25 21:14 26:11 26:19 26:25 28:19 31:14 36:8
**muchin**(2) 5:20 5:20
**must**(1) 33:25
**mutual**(1) 21:12
**myers**(1) 4:43
**naftalis**(1) 4:39
**names**(2) 13:13 14:6
**narrow**(4) 6:15 10:6 19:24 25:25
**narrowing**(4) 6:20 7:1 21:5 21:6
**natural**(1) 34:6
**necessary**(3) 8:15 33:5 34:19
**necessitate**(1) 16:11
**need**(4) 10:19 12:3 34:11 34:12
**needs**(1) 31:17
**negotiate**(3) 16:15 21:20 31:12
**negotiated**(1) 19:3 22:5
**negotiating**(4) 12:18 22:3 30:16 32:20
**negotiation**(5) 18:12 18:13 21:2 22:18 25:
**negotiations**(6) 12:9 12:11 12:14 16:6 22:10 30:14
**never**(2) 18:25 21:19
**nevertheless**(1) 24:1
**new**(6) 2:31 3:8 3:16 3:24 3:40 4:25

**newman**(15) 3:36 10:13 10:14 10:16 10:17 10:25 11:10 11:23 11:24 12:4 12:7 15:15 15:18 16:4
**news**(1) 7:8
**next**(3) 9:4 20:1 20:2
**non**(4) 23:18 28:24 29:14 31:9
**non-parties**(1) 26:11
**non-proponent**(15) 20:7 20:17 21:10 21:17 21:25 22:14 23:5 23:11 24:4 24:12 24:19 24:22 25:10 25:21 26:2
**none**(2) 19:5 22:14
**nonsensical**(1) 8:1
**nor**(1) 34:20
**normally**(2) 6:17 34:21
**norman**(1) 2:6
**north**(5) 2:8 2:37 2:50 4:16 4:30
**not**(78) 6:13 6:15 7:19 7:22 7:24 7:24 8:2 9:7 9:13 9:19 9:21 10:2 10:2 10:3 10:19 11:15 11:16 11:19 12:2 12:15 12:22 13:6 14:9 14:21 14:23 14:24 15:2 15:20 15:21 15:23 15:24 16:7 17:25 18:14 19:24 20:18 20:21 21:1 21:11 21:13 21:17 21:20 21:24 24:22 22:8 22:19 23:4 24:24 26:1 26:1 26:20 26:21 26:22 27:7 27:12 27:18 27:19 27:23 27:25 28:10 28:14 29:18 30:2 30:23 31:7 31:14 31:25 32:1 33:10 33:22 33:23 33:25 34:2 34:7 34:20 35:21 35:23
**note**(2) 11:11 31:24
**noteholder**(4) 14:22 15:2 23:3 31:20
**noteholders**(1) 28:18
**nothing**(5) 23:21 25:24 25:25 30:8 31:15
**notice**(1) 36:9
**notwithstanding**(3) 24:7 24:24 25:1
**novod**(1) 3:5
**now**(20) 6:19 8:5 9:7 9:15 9:18 10:5 10:5 10:21 12:3 16:24 18:13 18:21 19:1 19:1 20:1 21:18 22:20 28:14 31:19 34:17
**now-dead**(2) 19:6 19:18
**number**(2) 6:5 14:7
**o'melveny**(1) 4:43
**oaktree**(13) 4:4 22:3 22:9 22:15 22:21 23:7 23:17 23:25 24:3 28:2 28:11 29:7 30:23
**objection**(1) 27:24
**objections**(1) 13:10
**obligation**(1) 29:10
**occurred**(1) 23:22
**off**(4) 6:18 7:25 8:4 22:12
**offer**(4) 24:7 24:8 25:7 27:7
**office**(1) 35:22
**officers**(1) 25:13
**often**(1) 8:9
**okay**(8) 7:5 11:10 12:4 12:7 16:19 21:8 27:9 36:7
**omnibus**(1) 32:25
**once**(3) 8:24 13:5 32:5
**one**(13) 1:35 2:36 3:39 6:9 8:1 8:12 12:24 13:12 18:10 21:24 25:11 28:16 32:18
**one's**(1) 19:15
**only**(10) 8:12 11:9 13:12 13:15 13:16 14:7 17:11 23:15 24:8 29:14
**opponents**(1) 19:3
**opportunity**(2) 12:1 21:4
**opposed**(1) 26:13
**order**(11) 8:10 11:22 13:13 16:25 18:17 20:9 20:9 22:13 32:21 32:21 34:11
**ordered**(1) 34:12
**orders**(1) 35:7
**original**(8) 7:18 8:1 8:4 8:24 9:19 10:20 11:11 11:14

**other**(27) 9:9 10:7 11:19 14:22 15:2 16:13 22:2 22:9 22:25 23:6 24:10 24:20 25:19 27:3 27:14 28:6 28:8 29:20 30:14 30:15 30:19 32:16 34:1 34:11 35:11 35:23 36:7
**others**(1) 21:22
**otherwise**(1) 34:15
**ought**(2) 31:16 33:16
**our**(29) 7:8 7:14 7:21 8:18 9:3 9:10 9:21 14:18 15:10 16:8 16:23 17:7 17:12 17:19 17:20 18:25 19:3 19:14 21:4 23:3 23:15 28:12 32:16 32:24 33:9 33:10 33:11 33:11 35:5
**out**(14) 6:8 10:22 12:12 17:7 17:20 21:18 25:10 28:1 29:20 30:21 31:2 34:2 34:9 35:15
**outgoing**(1) 29:11
**outline**(2) 11:5 12:8
**outrageous**(2) 9:19 10:19
**outset**(2) 16:8 34:21
**outside**(1) 13:17
**over**(3) 6:6 6:17 8:18
**owning**(1) 26:18
**p.a**(1) 3:27
**p.m**(5) 1:16 6:1 34:13 34:14 36:11
**p.o**(4) 2:16 3:31 3:51 4:18
**panoply**(1) 24:9
**papers**(2) 6:12 17:7
**parameters**(5) 6:8 9:11 17:14 17:22 18:25
**park**(2) 3:14 3:39
**part**(5) 18:8 18:15 19:14 21:13 28:4
**participants**(2) 23:1 23:10
**participate**(2) 21:23 31:13
**participated**(1) 21:25
**particular**(1) 6:8
**parties**(32) 6:4 6:14 6:19 7:9 10:23 12:12 14:13 15:6 16:5 16:16 19:23 22:20 25:2 26:11 28:3 28:23 28:13 30:14 30:15 30:16 30:19 31:10 32:16 32:19 32:22 33:3 33:6 34:8 34:9 34:11 34:21 35:11
**partners**(1) 25:14
**party**(5) 6:9 15:23 16:3 27:4 30:10
**pass**(1) 12:1
**past**(2) 25:13 25:15
**pause**(2) 11:25 30:3
**pennsylvania**(1) 1:44
**people**(4) 9:2 10:1 18:19 25:11
**people's**(1) 8:17
**per**(1) 8:10
**percent**(3) 8:4 8:16 17:21
**perhaps**(1) 31:5
**period**(17) 11:18 12:10 12:13 12:14 12:16 13:3 14:1 14:12 14:14 14:16 18:16 19:16 19:17 19:17 22:11 24:13 29:12
**periods**(1) 18:6
**permit**(1) 34:7
**pernick**(1) 2:6
**phrase**(1) 24:21
**physically**(1) 10:3
**picked**(1) 29:12
**place**(2) 28:5 28:9
**placed**(1) 28:8
**plan**(29) 13:4 13:9 13:14 14:22 15:2 18:12 18:14 18:20 18:22 19:2 19:6 19:10 19:11 19:18 20:19 21:22 22:4 22:5 22:19 23:3 23:10 23:20 23:22 24:5 24:23 26:21 28:8 31:12 31:20
**planned**(1) 34:15
**planning**(1) 32:3
**plans**(4) 21:18 21:19 29:15 29:18
**play**(1) 8:9
**plaza**(2) 2:49 4:31
**pleadings**(1) 30:22
**plus**(4) 25:12 25:15 25:17 25:18
**point**(4) 14:17 15:20 23:12 31:7

| Word | Page:Line |
|---|---|
| pointed(1) 30:21 | |
| points(1) 20:22 | |
| polk(2) 2:28 6:10 6:22 7:6 | |
| poll(1) 34:21 | |
| portion(1) 31:23 | |
| position(11) 7:15 11:12 12:12 14:21 15:7 19:14 28:17 28:18 32:15 33:9 34:3 | |
| positions(6) 7:17 22:16 30:23 30:25 31:1 33:3 | |
| possibly(4) 10:3 23:13 31:2 32:25 | |
| postpone(1) 15:22 | |
| potentially(1) 35:11 | |
| potter(1) 2:47 | |
| powlen(1) 5:9 | |
| ppearances(5) 1:24 2:1 3:1 4:1 5:1 | |
| practice(2) 35:14 35:25 | |
| precondition(1) 16:15 | |
| preliminarily(1) 6:19 | |
| premature(1) 6:10 | |
| prepared(2) 12:23 13:11 | |
| present(2) 25:13 25:15 | |
| press(1) 25:9 | |
| pressure(1) 28:7 | |
| pretty(1) 28:19 | |
| prevail(1) 9:17 | |
| previously(1) 22:19 | |
| price(2) 9:14 9:14 | |
| primofl(1) 5:17 | |
| prior(2) 19:17 20:15 | |
| probably(5) 9:15 21:10 23:23 34:16 35:4 | |
| problem(1) 16:2 | |
| procedure(1) 35:12 | |
| proceeding(1) 6:3 | |
| proceedings(3) 1:19 1:48 36:15 | |
| process(13) 7:10 9:18 10:9 10:23 11:2 11:6 13:21 15:21 17:19 18:12 18:13 24:1 28:1 | |
| produce(6) 12:15 14:25 15:9 19:16 27:7 27:25 | |
| produced(5) 1:49 9:6 13:14 14:15 19:15 | |
| producing(2) 18:10 30:18 | |
| production(14) 8:19 8:20 9:3 9:8 9:11 11:21 16:23 17:13 17:20 17:22 18:22 19:10 19:13 30:15 | |
| productions(2) 13:11 30:19 | |
| productive(1) 7:10 | |
| progress(5) 9:23 11:1 14:14 32:22 35:6 | |
| projections(1) 12:23 | |
| proper(2) 20:18 27:8 | |
| proponent(6) 18:24 19:11 23:19 28:25 29:15 31:10 | |
| proponents(12) 14:22 15:2 21:18 21:19 23:3 23:10 24:25 26:20 28:8 29:17 31:12 31:20 | |
| proposed(2) 14:21 24:17 | |
| proposition(1) 30:8 | |
| propounded(1) 8:25 | |
| protect(1) 26:3 | |
| protection(1) 18:18 | |
| protective(1) 34:11 | |
| protocols(2) 8:14 9:21 | |
| proud(3) 8:16 17:14 17:14 | |
| prove(1) 24:16 | |
| provide(1) 11:16 | |
| provided(3) 11:13 11:14 18:18 | |
| provides(1) 15:6 | |
| purpose(1) 13:20 | |
| pursuant(1) 20:9 | |
| pursuing(1) 35:12 | |
| pushing(1) 17:9 | |
| putting(2) 32:12 32:14 | |

| Word | Page:Line |
|---|---|
| questions(6) 23:14 28:20 31:8 34:24 34:25 36:7 | |
| quite(2) 8:16 30:1 | |
| quote(2) 25:12 25:15 | |
| quoted(1) 26:25 | |
| qureshi(1) 3:38 | |
| rachel(1) 4:36 | |
| raised(1) 6:5 | |
| ran(2) 13:7 13:12 | |
| rath(2) 2:13 2:14 | |
| rather(2) 9:15 33:16 | |
| reached(3) 11:3 14:2 30:24 | |
| read(1) 20:20 | |
| ready(1) 8:16 | |
| really(5) 8:8 11:25 14:17 22:12 34:3 | |
| reason(4) 7:11 7:20 19:4 26:5 | |
| reasonable(17) 8:23 9:2 9:3 9:4 9:13 9:21 10:1 10:1 10:20 10:21 10:21 12:3 16:23 17:5 26:1 27:5 27:22 | |
| received(3) 6:6 13:8 21:2 | |
| record(3) 6:3 31:1 31:24 | |
| recorded(1) 1:48 | |
| recording(2) 1:48 36:14 | |
| records(2) 24:13 24:19 | |
| refusing(1) 14:4 | |
| regard(5) 16:5 16:17 32:17 32:19 33:4 | |
| regarding(5) 24:4 25:3 25:7 27:13 27:13 | |
| regularly(1) 15:22 | |
| regulatory(1) 29:10 | |
| rehash(1) 20:21 | |
| related(1) 13:3 | |
| relates(1) 12:12 | |
| relating(3) 14:15 24:23 29:1 | |
| relationship(2) 25:8 27:9 | |
| relationships(1) 27:11 | |
| relevant(11) 12:18 13:13 13:24 14:10 15:9 18:14 19:5 23:13 23:16 23:22 31:2 | |
| relief(5) 15:6 34:12 34:12 | |
| rely(2) 13:19 14:5 | |
| relying(1) 26:23 | |
| remaining(2) 34:9 34:19 | |
| remarks(1) 16:22 | |
| reorganization(1) 21:18 | |
| replies(1) 34:20 | |
| report(2) 6:4 20:8 | |
| represent(1) 26:18 | |
| represented(2) 19:11 22:17 | |
| request(9) 9:3 9:4 10:20 23:6 25:7 25:9 26:1 29:7 29:13 | |
| requested(3) 11:16 21:1 24:10 | |
| requests(11) 9:13 10:7 13:8 18:23 18:23 21:6 23:4 27:6 29:21 30:17 34:23 | |
| reserve(3) 16:5 16:17 17:11 | |
| resolution(2) 6:20 20:14 | |
| resolve(3) 6:15 19:25 34:19 | |
| respect(10) 11:18 12:10 14:1 14:3 14:11 19:1 19:14 29:5 29:8 29:15 | |
| respond(3) 28:22 31:25 32:14 | |
| responded(1) 11:13 | |
| responding(6) 22:21 22:22 22:24 22:25 22:25 23:1 | |
| response(7) 13:7 18:22 20:3 32:14 32:15 33:11 35:5 | |
| responses(4) 6:16 19:21 34:13 34:23 | |
| responsive(4) 27:1 27:2 27:15 27:19 | |
| result(3) 14:23 14:25 15:23 | |
| results(1) 21:5 | |
| review(2) 8:14 33:11 | |
| revised(2) 7:15 8:3 | |
| richards(1) 2:34 | |

| Word | Page:Line |
|---|---|
| right(12) 8:13 10:11 15:6 16:8 16:10 16:14 16:18 19:19 26:6 30:10 33:14 36:8 | |
| rights(4) 15:10 16:5 16:17 17:12 | |
| ripe(1) 10:5 | |
| risking(1) 8:13 | |
| robert(1) 3:48 | |
| rodney(1) 2:36 | |
| rosenman(2) 5:20 5:20 | |
| rothschild(1) 4:13 | |
| round(1) 8:19 | |
| rudnick(1) 3:4 | |
| rule(1) 32:21 | |
| rules(1) 26:3 | |
| ruling(1) 15:19 | |
| rulings(1) 6:13 | |
| run(9) 11:19 11:20 12:15 13:6 14:5 14:7 15:1 27:14 31:25 | |
| said(12) 6:23 11:18 13:15 16:22 17:2 17:18 17:18 18:7 23:8 27:9 28:24 30:1 | |
| same(2) 7:19 27:3 | |
| saw(1) 24:5 | |
| say(8) 14:23 15:21 20:12 26:17 28:19 31:17 31:17 31:18 | |
| saying(2) 17:25 27:7 | |
| scaled(1) 8:25 | |
| schedule(7) 6:11 6:16 16:11 32:4 33:16 34:7 35:21 | |
| scheduled(4) 6:4 24:8 34:2 34:17 | |
| scheduling(1) 19:21 | |
| scholer(1) 5:16 | |
| schotz(1) 2:4 | |
| schuylkill(1) 1:43 | |
| scope(2) 27:6 27:17 | |
| scott(1) 4:23 | |
| scrutiny(1) 21:14 | |
| search(20) 8:14 9:11 11:14 14:3 14:5 14:7 16:16 18:2 18:25 24:13 24:17 24:19 24:22 27:14 27:16 27:23 28:25 29:2 29:3 29:4 | |
| searches(6) 9:24 11:19 12:15 13:6 13:7 15:1 | |
| second(5) 13:3 13:3 33:24 35:10 35:16 | |
| seconds(1) 16:21 | |
| see(6) 6:14 10:7 19:23 32:5 33:7 35:5 | |
| seek(4) 15:2 15:6 20:13 25:9 | |
| seeking(1) 7:9 | |
| seeks(2) 22:22 24:9 | |
| seemed(1) 7:9 | |
| seems(4) 15:19 31:13 31:15 33:18 | |
| seismic(1) 7:20 | |
| selber(1) 2:48 | |
| sending(2) 32:3 35:13 | |
| senior(2) 21:12 25:19 | |
| sense(2) 9:15 33:7 | |
| sent(2) 13:16 13:20 | |
| separate(1) 33:16 | |
| served(5) 22:23 23:2 23:3 23:5 23:25 | |
| service(2) 1:42 1:49 | |
| services(1) 1:42 | |
| set(7) 6:8 7:16 7:23 16:9 19:20 20:2 34:18 | |
| sets(1) 9:5 | |
| settled(1) 30:24 | |
| settlement(6) 21:21 21:24 22:5 25:1 25:2 28:7 | |
| settlements(1) 31:12 | |
| seven(1) 3:7 | |
| several(3) 13:10 | |
| shamah(1) 4:45 | |
| share(1) 29:17 | |
| shared(1) 22:15 | |
| sharing(1) 22:17 | |
| sharon(1) 26:8 | |

| Word | Page:Line |
|---|---|
| she(1) 18:8 | |
| shield(1) 26:21 | |
| shift(1) 7:20 | |
| short(1) 36:9 | |
| shot(1) 8:12 | |
| should(17) 6:22 7:1 10:24 16:5 16:10 16:11 16:14 16:16 18:2 27:3 27:25 28:10 28:14 30:7 34:12 35:13 35:24 | |
| shouldn't(2) 17:19 17:20 | |
| showing(1) 16:12 | |
| side(3) 12:2 32:2 32:16 | |
| sidley(1) 1:26 | |
| siegel(1) 3:6 | |
| sieger(1) 5:21 | |
| silverstein(1) 2:48 | |
| simes(1) 3:21 | |
| similar(1) 25:16 | |
| similarly(1) 29:6 | |
| simple(1) 18:10 | |
| simply(11) 7:21 8:1 11:11 11:18 12:15 13:6 13:23 14:9 15:12 21:15 22:15 | |
| since(7) 6:24 10:5 30:17 30:23 32:12 33:17 34:22 | |
| single(5) 21:24 22:1 24:19 24:23 25:19 | |
| sir(1) 30:5 | |
| sit(1) 34:16 | |
| slightest(1) 17:21 | |
| sloan(1) 2:35 | |
| small(1) 14:7 | |
| so-called(3) 21:13 21:21 25:8 | |
| solely(2) 13:19 14:5 | |
| solve(1) 16:2 | |
| some(13) 6:12 10:8 11:1 12:25 14:19 21:15 27:10 28:15 31:5 31:17 31:17 33:12 35:6 | |
| somebody(1) 31:16 | |
| somehow(3) 23:18 26:21 30:10 | |
| something(6) 6:19 9:25 10:2 17:4 30:10 32:1 | |
| sooner(1) 9:15 | |
| sort(1) 12:12 | |
| sottile(1) 2:21 | |
| sought(1) 31:11 | |
| sound(1) 1:48 36:14 | |
| south(2) 1:35 4:8 | |
| spaeder(1) 2:20 | |
| speak(2) 32:6 32:17 | |
| speaking(1) 10:14 | |
| special(1) 5:12 | |
| specifically(1) 13:4 | |
| spend(2) 8:6 34:3 | |
| spent(1) 32:19 | |
| square(2) 2:36 3:7 | |
| stake(1) 28:13 | |
| stand(3) 8:21 26:17 36:10 | |
| standing(1) 26:14 | |
| stanley(1) 5:4 | |
| stargatt(1) 3:46 | |
| start(7) 6:18 10:18 16:20 16:20 18:19 19:12 21:9 | |
| states(2) 1:1 1:22 | |
| stephanie(1) 36:19 | |
| stickles(1) 2:7 | |
| still(1) 33:8 | |
| stood(1) 26:16 | |
| stop(2) 17:1 19:19 | |
| stranger(2) 26:22 28:15 | |
| strauss(3) 3:35 10:14 31:22 | |
| street(10) 1:12 1:43 2:8 2:15 2:23 2:37 2:50 3:50 4:16 4:30 | |
| struggle(1) 31:1 | |
| stuck(1) 12:12 | |
| subject(3) 21:14 29:6 35:24 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **submission**(3) 12:21 26:15 32:5 | | **that**(238) 6:9 6:9 6:17 6:25 7:1 7:8 7:11 7:11 7:22 7:23 8:9 8:11 8:15 8:15 8:17 9:3 9:11 9:16 9:25 10:10 10:19 10:20 10:22 10:22 10:23 10:23 10:25 11:1 11:2 11:3 11:4 11:5 11:7 11:11 11:12 11:12 11:13 11:15 11:16 11:21 12:2 12:15 12:16 12:17 12:17 12:18 12:20 12:21 12:21 12:23 12:24 13:1 13:5 13:6 13:7 13:8 13:12 13:12 13:13 13:14 13:15 13:15 13:19 13:20 13:24 14:3 14:7 14:8 14:9 14:13 14:14 14:14 14:18 14:18 14:20 14:20 14:21 14:23 14:23 14:24 14:25 15:1 15:1 15:5 15:8 15:11 15:11 15:13 15:15 15:18 15:19 15:20 15:21 16:1 16:2 16:2 16:3 16:4 16:5 16:7 16:9 16:9 16:10 16:10 16:11 16:13 16:14 16:17 16:22 17:4 17:10 17:12 17:15 17:16 17:18 17:18 17:21 17:22 17:23 17:25 18:11 18:15 18:18 19:3 19:7 19:8 19:9 19:19 19:12 19:15 19:17 19:17 19:22 20:2 20:3 20:6 20:8 20:10 20:12 20:12 20:16 20:17 20:24 20:25 21:3 21:6 21:13 21:14 21:15 21:22 21:24 21:24 22:3 22:5 22:7 22:11 22:20 22:21 22:23 23:13 23:21 23:22 24:8 24:11 24:16 24:24 25:1 26:4 26:5 26:12 26:23 27:1 27:2 27:7 27:8 27:14 27:17 27:18 27:22 27:24 28:4 28:6 28:24 29:2 29:3 29:13 29:15 29:16 29:19 29:21 30:1 30:1 30:7 30:7 30:8 30:9 30:10 30:14 30:14 30:18 30:19 30:21 31:9 31:13 31:17 31:22 31:24 32:1 32:2 32:4 32:5 32:6 32:13 32:16 32:19 32:22 33:1 33:1 33:2 33:7 33:8 33:16 33:18 33:18 33:21 33:24 34:8 34:16 34:16 34:17 35:7 35:11 35:14 36:5 36:5 36:9 36:13 | | **the**(301) 1:1 1:2 1:21 2:13 3:49 4:24 5:13 6:2 6:3 6:3 6:4 6:5 6:10 6:10 6:11 6:12 6:14 6:16 6:17 6:20 6:23 6:24 7:2 7:4 7:6 7:7 7:8 7:8 7:8 7:9 7:11 7:15 7:17 7:17 7:19 7:20 7:22 7:22 7:25 8:6 8:8 8:8 8:17 8:18 8:21 8:21 8:25 9:4 9:4 9:5 9:5 9:9 9:9 9:10 9:14 9:15 9:25 10:2 10:3 10:4 10:6 10:7 10:8 10:9 10:9 10:11 10:16 10:18 10:22 10:22 10:23 11:7 11:7 11:9 11:12 11:16 11:18 11:21 11:22 11:25 12:1 12:1 12:5 12:9 12:10 12:11 12:13 12:13 12:13 12:14 12:18 12:19 12:20 12:21 12:21 12:23 12:24 13:3 13:3 13:3 13:7 13:10 13:22 13:25 14:1 14:3 14:10 14:11 14:11 14:13 14:16 14:17 14:20 14:22 14:25 14:25 15:1 15:3 15:3 15:4 15:4 15:5 15:7 15:7 15:10 15:11 15:12 15:14 15:17 15:21 15:23 15:24 16:4 16:8 16:9 16:9 16:11 16:12 16:13 16:15 16:18 16:25 16:25 16:25 17:9 17:9 17:10 17:10 17:11 17:14 17:21 17:22 17:22 18:5 18:6 18:6 18:8 18:8 18:8 18:11 18:13 18:13 18:15 18:17 18:18 18:19 18:20 18:21 18:22 18:25 19:1 19:2 19:4 19:5 19:6 19:6 19:16 19:10 19:11 19:13 19:14 19:16 19:18 19:19 19:20 19:21 19:23 19:24 19:24 20:1 20:2 20:2 20:3 20:6 20:7 20:10 20:13 20:16 21:8 21:10 21:11 21:13 21:15 21:17 21:18 21:20 21:21 21:23 21:24 21:25 22:4 22:5 22:6 22:10 22:10 22:11 22:12 22:14 22:18 22:20 22:25 23:1 23:1 23:5 23:6 23:9 23:10 23:10 23:10 23:12 23:13 23:14 23:15 23:19 23:24 24:1 24:4 24:4 24:5 24:7 24:9 24:9 24:10 24:12 24:17 24:18 24:21 24:21 24:21 24:22 25:3 25:5 25:7 25:7 25:8 25:10 25:11 25:12 25:17 25:21 25:25 26:1 26:2 26:2 26:3 26:4 26:6 26:10 26:12 26:13 26:13 26:15 26:16 26:20 | | **there**(22) 6:25 7:12 11:3 16:21 19:17 19:20 20:21 23:21 23:23 27:17 28:1 29:21 31:17 32:18 33:12 34:10 34:19 34:22 34:23 35:11 35:23 36:7 |
| **submit**(4) 25:24 26:2 29:19 32:1 | | | | | | | |
| **subpoena**(1) 22:23 | | | | | | **there's**(8) 7:13 8:8 10:19 17:24 19:4 25:25 30:8 31:14 |
| **subpoenas**(2) 23:4 26:5 | | | | | | | |
| **substantia**(1) 14:13 | | | | | | **therefore**(2) 8:14 10:2 |
| **such**(2) 19:22 23:24 | | | | | | **therein**(1) 15:7 |
| **suffice**(1) 20:12 | | | | | | **these**(16) 12:8 16:6 20:19 21:11 21:14 21:19 22:1 22:17 23:13 24:24 26:10 27:11 27:24 28:2 28:3 28:13 |
| **sufficiently**(1) 33:2 | | | | | | | |
| **suggest**(3) 23:21 32:4 32:24 | | | | | | | |
| **suite**(5) 2:9 2:15 2:24 4:9 4:17 | | | | | | | |
| **sum**(1) 29:14 | | | | | | **they**(73) 7:18 11:12 11:13 11:13 11:13 11:15 11:19 11:20 12:15 13:5 13:6 13:7 13:8 13:14 13:20 13:21 13:23 14:4 14:6 14:7 14:21 15:1 15:8 15:23 16:7 17:3 17:15 18:3 18:4 19:9 19:10 19:11 19:12 19:23 20:18 21:11 21:15 21:19 21:20 21:23 22:4 22:6 22:7 22:15 22:19 23:5 24:24 24:25 25:2 25:3 25:4 25:9 26:2 26:11 26:13 26:19 26:20 26:25 27:1 27:3 28:4 28:17 28:25 29:16 30:9 30:20 30:25 32:1 32:3 32:6 33:11 35:24 |
| **supplement**(1) 9:3 | | | | | | | |
| **supplemental**(2) 9:8 10:7 | | | | | | | |
| **support**(1) 28:17 | | | | | | | |
| **sure**(6) 9:21 18:14 22:2 28:4 32:2 33:12 | | | | | | | |
| **surely**(2) 22:6 27:25 | | | | | | | |
| **sutty**(1) 4:14 | | | | | | | |
| **syndicate**(1) 28:4 | | | | | | | |
| **table**(1) 11:12 | | | | | | **they'd**(1) 23:24 |
| **tactics**(1) 12:18 | | | | | | **they'll**(1) 33:7 |
| **take**(6) 7:7 7:12 16:21 21:4 24:16 26:10 | | | | | | **they're**(8) 17:10 21:12 22:4 26:1 26:23 28:15 29:17 29:18 |
| **taken**(6) 8:2 22:16 28:5 28:9 30:22 30:25 | | | | | | | |
| **takes**(1) 8:3 | | | | | | | |
| **taking**(1) 14:20 | | | | | | **they've**(5) 9:23 17:9 26:15 28:16 28:16 |
| **talk**(4) 8:5 17:2 17:4 17:15 | | | | | | **thing**(4) 6:23 18:8 33:16 35:20 |
| **talking**(3) 9:13 17:19 18:19 | | | | | | **things**(6) 6:18 10:7 15:22 22:12 24:8 30:1 |
| **target**(1) 20:18 | | | | | | **think**(26) 6:25 8:21 11:2 11:5 11:11 12:5 12:8 12:10 14:13 14:19 16:4 17:8 18:3 20:16 20:22 21:15 28:19 30:14 30:18 32:18 32:22 32:22 34:16 35:4 35:22 36:1 |
| **targets**(2) 24:10 30:17 | | | | | | | |
| **taylor**(1) 3:46 | | | | | | | |
| **tee**(1) 19:24 | | | | | | | |
| **telephonic**(1) 1:20 | | | | | | | |
| **tell**(6) 6:19 10:18 10:19 15:18 16:6 35:7 | | | | | | **this**(70) 6:2 6:4 6:8 6:21 7:5 7:20 8:13 8:19 8:25 9:7 9:10 9:22 10:22 11:6 12:13 13:21 13:22 14:19 14:24 15:20 17:13 17:18 18:1 18:1 18:9 18:11 18:12 19:20 20:11 22:14 22:22 23:7 23:8 23:9 23:15 24:9 24:11 25:4 25:21 25:24 26:12 26:13 26:21 26:24 26:25 27:4 27:8 28:12 28:14 28:15 29:6 29:9 29:23 30:14 31:7 31:15 32:9 32:12 32:17 32:18 32:25 33:2 33:3 35:1 35:6 35:12 35:14 35:19 36:9 |
| **telling**(1) 16:7 | | | | | | | |
| **tendered**(2) 21:7 29:21 | | | | | | | |
| **tentatively**(1) 34:2 | | | | | | | |
| **term**(2) 24:21 27:17 | | | | | | | |
| **terms**(13) 14:5 14:7 16:23 18:2 22:18 24:17 24:21 27:14 27:23 29:3 30:13 30:20 34:5 | | **that's**(18) 8:4 9:12 13:4 13:17 17:1 18:14 19:2 20:23 23:2 23:9 27:19 28:19 29:20 29:20 31:14 31:18 33:22 35:7 | | | | | |
| **test**(4) 9:24 19:5 30:7 30:10 | | | | | | | |
| **tested**(1) 30:15 | | | | | | | |
| **testing**(1) 31:18 | | | | | | | |
| **text**(1) 26:25 | | | | | | **thomas**(1) 2:42 |
| **than**(6) 8:15 8:23 9:15 9:21 11:19 16:23 18:4 24:13 33:16 | | | | | | **thornburg**(1) 5:8 |
| | | | | | | **those**(15) 7:17 9:22 11:5 13:11 21:16 23:3 24:2 24:18 28:10 29:12 29:18 29:19 31:1 31:9 31:16 |
| **thank**(7) 10:11 26:6 26:7 28:21 28:23 31:7 36:8 | | | | | | | |
| | | | | | **the**(126) 26:22 26:23 26:23 26:23 26:25 27:2 27:3 27:5 27:6 27:9 27:14 27:17 27:23 27:24 28:3 28:4 28:5 28:6 28:6 28:7 28:7 28:8 28:8 28:11 28:18 28:18 28:21 28:24 29:1 29:2 29:3 29:14 29:14 29:15 29:16 29:16 29:20 29:21 29:23 30:3 30:6 30:8 30:10 30:12 30:13 30:15 30:15 30:16 30:16 30:19 30:20 30:24 30:24 30:25 31:4 31:7 31:8 31:13 31:20 31:23 31:24 31:24 32:2 32:2 32:5 32:7 32:8 32:10 32:12 32:13 32:15 32:16 32:16 32:18 32:19 32:19 32:20 32:21 32:22 33:3 33:3 33:6 33:7 33:7 33:14 33:20 33:22 33:23 34:1 34:3 34:5 34:8 34:8 34:9 34:18 34:21 34:21 34:21 34:23 35:2 35:6 35:9 35:10 35:10 35:11 35:12 35:16 35:18 35:18 35:18 35:20 35:22 35:22 35:23 35:24 36:4 36:6 36:7 36:11 36:13 36:14 36:14 36:15 | | **three**(3) 23:6 24:13 27:11 |
| | | | | | | | **through**(10) 7:21 14:12 18:6 19:15 24:18 27:12 27:14 27:20 30:10 30:18 |
| | | | | | | | **throughout**(1) 22:1 |
| | | | | | | | **thursday**(6) 7:18 8:3 9:1 33:18 33:21 |
| | | | | | | | **thursday's**(1) 32:25 |
| | | | | | | | **tight**(1) 6:11 |
| | | | | | | | **time**(31) 7:7 8:8 8:20 8:21 9:5 10:3 12:16 14:14 17:1 19:2 19:4 19:10 19:11 19:23 20:14 22:1 22:11 22:16 22:16 29:12 31:25 32:19 33:21 33:25 34:3 34:6 34:13 34:14 34:18 35:8 35:19 |
| | | | | | **their**(21) 6:15 7:18 8:2 8:4 11:14 11:14 11:20 12:12 14:21 16:5 17:24 21:12 24:13 24:19 25:13 26:5 28:17 29:4 29:10 31:25 33:8 33:9 | | |
| | | | | | **them**(23) 6:6 7:22 8:16 10:10 11:17 17:4 17:12 18:4 18:24 19:1 19:24 19:25 22:22 24:25 25:3 26:4 26:21 26:22 29:21 30:8 31:10 31:14 35:14 | | **timeframe**(2) 17:5 18:11 |
| | | | | | | | **timely**(1) 14:24 |
| | | | | | | | **times**(4) 3:7 22:7 22:16 26:16 |
| | | | | | **themselves**(1) 22:8 | | **timing**(1) 11:7 |
| | | | | | **then**(7) 9:14 17:5 27:16 27:17 30:24 32:8 33:4 | | **today**(8) 6:13 8:12 8:20 15:18 16:2 18:4 20:5 21:2 |
| | | | | | | | | |
| | | | | | | | **today's**(1) 8:21 |
| | | | | | | | **together**(4) 32:13 32:14 33:17 36:9 |
| | | | | | | | **told**(5) 9:1 12:15 13:5 14:6 17:12 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|

**tomorrow**(3) 32:15 32:25 35:20
**torres**(1) 26:9
**touch**(2) 20:12 20:22
**transaction**(2) 12:24 21:14
**transactions**(3) 21:16 23:1 31:11
**transcript**(3) 1:19 1:48 36:14
**transcription**(2) 1:42 1:49
**trehan**(1) 3:22
**trib**(1) 24:21
**tribune**(9) 1:9 6:3 12:22 14:8 14:8 21:12 24:15 24:21 27:19
**true**(2) 31:9 31:14
**truitt**(1) 4:7
**trust**(4) 3:4 4:35 13:9 18:23
**trying**(2) 17:10 35:13
**turn**(2) 6:17 32:8
**two**(9) 7:17 8:6 9:4 15:9 22:2 29:17 32:20 33:23 34:25

**uh-huh**(1) 36:3
**unable**(1) 34:9
**under**(6) 6:10 23:11 26:1 29:9 29:10 29:19
**understand**(3) 6:9 27:9 27:24
**understanding**(3) 20:25 21:4 33:3
**undue**(2) 26:3 28:7
**unforeseeable**(1) 12:22
**united**(2) 1:1 1:22
**universe**(7) 7:19 13:16 14:10 15:9 25:11 27:15 27:18
**unless**(5) 6:19 14:22 16:8 34:1 35:7
**unlike**(1) 20:15
**unreasonable**(1) 12:5
**untenable**(1) 15:8
**until**(1) 19:1
**updates**(1) 6:24
**upon**(2) 12:18 13:19
**upset**(1) 17:8
**use**(5) 9:11 14:4 14:23 18:1 18:4
**used**(4) 17:15 17:22 19:12 26:23
**useful**(1) 11:6
**vacation**(1) 8:17
**vail**(1) 5:25
**various**(5) 6:6 18:6 18:6 22:16 22:25
**vast**(1) 7:13
**version**(1) 8:25
**very**(17) 7:6 9:6 11:6 11:10 14:7 17:8 17:10 17:13 17:14 18:10 26:11 26:19 26:25 28:23 29:12 30:2 36:8
**view**(3) 21:5 31:15 33:10
**vote**(2) 21:19 29:17
**voting**(1) 23:19
**waive**(2) 16:8 16:14
**waived**(1) 15:10
**want**(7) 19:5 20:25 27:7 27:10 29:25 32:6 34:20
**wanted**(1) 6:14
**wardwell**(2) 2:28 6:22
**was**(32) 7:12 7:14 7:16 7:20 8:1 8:3 8:22 9:19 10:20 11:12 11:15 11:21 11:25 12:2 12:6 12:22 17:8 18:8 18:18 18:22 19:3 19:3 21:15 21:22 24:5 24:8 28:24 32:4 32:22 33:22 34:17 36:11
**washington**(1) 2:25
**waste**(1) 35:7
**way**(9) 6:20 6:24 10:22 11:10 13:10 14:24 17:21 19:22 24:9
**we'll**(11) 6:6 9:2 9:16 17:5 17:15 27:11 31:10 32:14 33:8 35:7 36:5

**we're**(31) 6:3 7:22 8:5 8:16 8:16 9:1 9:10 9:12 9:16 9:22 9:24 10:1 10:1 10:3 10:5 10:6 10:8 17:2 17:13 17:14 17:21 17:23 17:25 17:25 18:7 27:12 27:19 28:10 33:7 33:17 34:7
**we've**(12) 9:16 9:23 12:8 17:7 17:12 17:13 18:15 27:22 28:13 32:12 33:20 36:6
**week**(3) 32:5 35:12 35:19
**weeks**(3) 8:2 9:5 32:20
**weil**(1) 5:14
**well**(8) 15:14 22:3 29:23 30:12 31:4 32:8 33:20 34:18
**wells**(3) 4:13 13:8 25:19
**went**(1) 30:24
**were**(22) 6:15 6:25 7:12 7:18 10:20 12:3 12:23 13:11 13:21 19:11 19:11 19:17 20:6 21:13 22:6 22:7 22:20 23:23 24:24 25:2 25:5 32:3
**weren't**(1) 31:11
**west**(2) 2:8 3:50
**what**(33) 6:11 8:22 9:7 9:16 10:7 11:20 12:2 15:18 16:2 16:16 17:3 17:12 17:14 17:18 17:25 18:7 18:11 18:25 19:2 19:3 20:1 23:12 27:6 28:19 30:13 31:2 32:24 33:3 33:5 33:7 33:9 34:7 34:9
**what's**(1) 20:21
**whatever**(6) 17:12 29:8 32:6 34:11 34:18 34:19
**whatsoever**(1) 21:6
**when**(7) 11:13 18:17 18:21 19:9 19:9 22:12 25:8
**where**(8) 7:12 7:12 7:18 9:5 9:12 12:24 13:24 34:5
**whereupon**(1) 36:11
**whether**(7) 6:14 18:2 19:23 22:18 24:1 28:1 34:22
**which**(31) 6:5 7:10 7:14 7:16 8:3 9:5 10:7 11:3 12:8 12:10 12:25 13:11 14:1 14:12 16:24 18:9 18:20 18:21 18:24 21:1 21:5 22:10 23:17 26:3 26:22 26:24 27:20 29:3 33:25 35:20 35:23
**while**(3) 6:13 16:6 33:8
**white**(1) 4:22
**who**(6) 21:9 21:11 25:22 28:14 29:9 30:16
**whole**(2) 13:20 28:15
**whom**(5) 13:21 13:23 22:2 31:9 31:10
**why**(10) 7:11 8:4 8:22 8:22 9:19 9:21 17:6 18:14 20:22 33:22
**wide**(1) 6:12
**will**(30) 9:7 11:15 11:15 11:19 12:15 13:6 14:4 14:7 14:21 14:23 15:2 15:2 15:10 15:22 16:7 16:21 16:24 18:4 18:25 19:22 21:4 23:14 33:6 33:6 33:12 34:14 34:16 34:21 35:21 36:10
**william**(1) 3:28
**willing**(4) 8:20 17:2 24:2 28:20
**wilmington**(14) 1:13 2:10 2:17 2:38 2:44 2:52 3:4 3:32 3:52 4:19 4:32 6:1 13:9 18:23
**winfree**(1) 3:29
**wish**(1) 28:22

**with**(59) 6:17 7:6 8:9 9:7 9:13 9:23 10:10 11:1 11:12 11:14 11:14 11:18 11:20 11:22 11:22 12:10 12:19 12:24 13:7 13:9 13:13 13:14 13:21 13:23 14:1 14:3 14:11 14:14 15:6 16:20 16:25 17:22 18:24 19:1 19:10 19:14 20:10 20:19 20:21 21:16 22:15 24:14 25:23 25:24 26:10 27:22 29:5 29:8 29:15 29:17 30:13 30:14 31:1 31:8 31:15 32:20 33:15 33:18 35:14
**withdrawn**(1) 21:1
**withdrew**(1) 8:24
**within**(7) 9:4 14:8 14:9 17:5 23:24 27:17 27:18
**without**(2) 14:19 15:13
**womble**(1) 2:41
**won't**(1) 15:22
**word**(2) 24:20 24:22
**words**(2) 14:9 26:23
**work**(1) 34:9
**worked**(2) 7:9 34:2
**working**(2) 10:6 10:10
**worth**(2) 33:13 35:12
**would**(44) 6:17 6:25 8:1 11:1 11:4 11:6 11:9 12:1 12:11 12:25 13:14 13:25 14:14 16:2 16:2 16:11 16:19 20:7 20:22 22:6 23:13 23:22 24:2 24:18 24:22 24:25 25:3 25:24 26:4 27:25 29:3 29:4 29:12 29:19 31:24 32:1 32:7 32:24 33:15 34:5 34:6 34:17 35:3 35:4
**wouldn't**(1) 17:6
**wrapped**(1) 35:24
**yeah**(2) 10:17 20:24
**year**(4) 12:13 12:17 13:2 25:5
**years**(4) 8:2 24:14 27:11 27:12
**yes**(2) 11:24 30:5
**yet**(2) 31:25 35:23
**yield**(1) 32:5
**york**(6) 2:31 3:8 3:16 3:24 3:40 4:25
**you**(82) 6:23 6:24 7:12 8:19 9:3 9:19 10:5 10:10 10:11 10:18 10:18 10:20 10:21 10:22 11:9 11:19 11:25 12:1 12:2 12:3 12:5 15:17 15:18 15:19 15:22 16:1 16:2 16:3 16:10 16:19 17:7 17:8 17:16 17:16 17:19 18:15 19:5 19:20 20:15 20:24 21:4 22:3 22:23 24:5 24:11 24:16 25:8 26:4 26:6 26:7 27:10 27:12 27:17 27:19 27:20 28:20 28:21 28:22 28:23 29:5 29:9 29:23 30:3 31:5 31:7 31:8 31:9 32:24 33:2 33:4 33:4 33:6 33:10 33:10 33:17 33:23 34:5 35:3 35:7 35:13 36:4 36:8
**you'd**(2) 15:18 31:24
**you'll**(1) 33:2
**you're**(2) 10:21 27:6
**you've**(2) 20:20 35:14
**young**(1) 3:46
**your**(60) 6:21 7:1 7:23 8:7 8:10 8:11 9:18 9:20 10:13 10:19 10:25 11:4 11:22 12:8 14:11 14:17 15:13 15:16 16:4 16:19 17:24 18:10 20:4 20:9 20:9 20:14 20:20 20:21 21:3 22:2 22:12 23:14 24:8 25:21 26:4 26:8 26:9 27:4 27:13 27:13 27:16 27:25 28:19 28:23 29:14 29:25 30:12 31:5 31:15 31:21 31:22 32:3 32:6 32:9 32:11 34:25 35:16 36:1 36:5 36:9
**zell**(4) 24:22 27:17 27:18 27:21
**zensky**(5) 3:37 31:21 31:21 32:13 33:15
**zensky's**(1) 31:19
**zolo**(1) 3:43
**zuckerman**(1) 2:20