Exhibit F

**From:** Newman, Deborah
**Sent:** Thursday, January 06, 2011 3:57 PM
**To:** Chung, Nancy; 'Kaminetzky, Benjamin S.'
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Further to Nancy's email, our privilege log proposal is below.  We look forward to discussing this at tomorrow's meet and confer.

1 <u>Documents/communications that will be reviewed and logged on a document by document basis, except that, for each of the following 1-4, internal documents/ communications within an outside counsel's law firm will not have to be reviewed or logged</u>

    A.    Any document created between January 1, 2006 and December 31, 2008 that

        i.    constitutes or relates to any projections or forecasts of Tribune's (or any Tribune Entity's) financial, cash flow, or operating performance, liquidity, and available capital including sources;

        ii.    constitutes or relates to all or any Tribune Entities' (as defined in the Examiner's Report) balance sheets, income statements, statements of cash flow, liquidity or capital adequacy analyses, general ledgers or other similar financial report;

        iii.    relates to the structure of the LBO (as defined in the Examiner's Report);

        iv.    relates to the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity), including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due; and

        v.    relates to whether any or all aspects of the Step One and or Step Two transactions (as defined in the Examiner's Report), including the financing thereof, should proceed.

2 <u>Documents/communications that will be exempt from production and logging</u>

    A. Internal documents/communications solely within an outside counsel's law firm

    B.  Documents/communications solely between or among outside counsel law firms for a single client

    C. Documents/communications solely between client inside counsel and client inside counsel

    D. Internal documents/communications solely within an advisor

  E. Documents/communications solely between outside counsel and client where the outside counsel is in the TO or FROM field, with the exception of 3A below

  F. Documents/communications solely between outside counsel and advisors where the advisor is in the TO or FROM field, with the exception of 3A below

  G. Documents/communications solely between client inside counsel and client advisors where the advisor is in the TO or FROM field, with the exception of 3A below

3 <u>Documents/communications that will be reviewed and logged on a category basis</u>

  A. For the period April 1, 2010 to November 23, 2010, Documents/ communications relating to Settlement Analysis or Settlement Process (as those terms are defined in the Requests for Production Served by Aurelius on JPM) where the following custodians are in the TO or FROM field (excluding documents/communications solely within an outside counsel's law firm):

   i. Don Bernstein
   ii. Dennis Glazer
   iii. Kevin Kelley
   iv. Pat Daniello
   v. Miriam Kulnis
   vi. Ann Kurinskas

  B. All responsive documents/communications withheld from production that have not been identified in the foregoing categories.

For the avoidance of doubt, if a document falls within both the document-by-document category and any other category (with the exception of internal documents/ communications strictly within an outside counsel's law firm or strictly within an advisor), then that document should be logged on a document-by-document basis.

Counsel for JPM shall provide a declaration certifying that the attorneys producing documents on behalf of JPM conducted a full search for responsive information that was consistent with the protocol for privilege logs agreed upon by the parties, and that the categories described in the category logs do not include any responsive, non-privileged documents.

This proposal is conditioned upon the category descriptions utilized in the category logs being sufficiently detailed to allow the Noteholder Plan Proponents to assess the privilege claim, and providing for each category, at a minimum, (i) the parties to the withheld communications, (ii) the date range for the withheld communications, (iii) the subject matter of the withheld communications, and (iv) the nature of the privilege claimed.