**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ————————————————— ) | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due: Feb. 3, 2011 at 4:00 p.m.** |
| | ) | **Hearing Date: To be determined** |
| ————————————————— ) | ) | |

**EIGHTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL
COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTERMBER 1, 2010 THROUGH NOVEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to March 1, 2009 |
| Period for which Compensation and Expense Reimbursement is Sought: | September 1, 2010 to November 30, 2010 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $47,764.60 |
| Amount Expenses Sought As Actual, Reasonable and Necessary: | $3,152.56 |

This is a Quarterly Application.

Prior Quarterly Applications Filed:

> First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application")

> Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and

reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application")

Third Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through August 31, 2009 seeking compensation in the amount of $484,368.46 and reimbursement of expenses in the amount of $1,355.52 (Docket No. 2349) (the "Third Quarterly Application")

Fourth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2009 through November 30, 2009 seeking compensation in the amount of $188,859.03 and reimbursement of expenses in the amount of $2,498.60 (Docket No. 3125, as amended by Docket No. 3153) (the "Fourth Quarterly Application")

Fifth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2009 through February 28, 2010 seeking compensation in the amount of $199,975.00 and reimbursement of expenses in the amount of $2,475.20 (Docket No. 4066) (the "Fifth Quarterly Application")

Sixth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2010 through May 31, 2010 seeking compensation in the amount of $160,565.50 and reimbursement of expenses in the amount of $2,659.64 (Docket No. 5036) (the "Sixth Quarterly Application")

Seventh Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2010 through May 31, 2010 seeking compensation in the amount of $593,565.00 and reimbursement of expenses in the amount of $16,674.88 (Docket No. 5990) (the "Seventh Quarterly Application")

Summary of Time Recorded

September 1, 2010 through November 30, 2010

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 925 | 14.80 | 13,690.00 |
| William L. Scogland | Employee Benefits | 1975 | 850 | 4.80 | 4,080.00 |
| Vincent E. Lazar | Commercial | 1990 | 775 | 0.30 | 225.00 |
| David C. Layden | Litigation | 1993 | 600 | 5.90 | 3,540.00 |
| Carla J. Rozycki | Litigation | 1977 | 550 | 19.50 | 10,725.00 |
| **PARTNER TOTALS** | | | | **45.30** | **32,260.00** |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Wade A. Thomson | Litigation | 2004 | 510 | 3.00 | 1,530.00 |
| Douglas A. Sondgeroth | Litigation | 2002 | 540 | 6.00 | 3,240.00 |
| Wade A. Thomson | Litigation | 2004 | 510 | 0.30 | 153.00 |
| Douglas F. McMeyer | Litigation | 2007 | 370 | 2.80 | 1,036.00 |
| Landon S. Raiford | Commercial | 2008 | 370 | 5.40 | 1,998.00 |
| Anthony B. Borich | Litigation | 2009 | 325 | 4.80 | 1,560.00 |
| **ASSOCIATE TOTALS** | | | | **22.30** | **9,517.00** |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **STAFF ATTORNEY** | | | | | |
| Anthony A. Moeller | Litigation | 2004 | 235.00 | 2.1 | 493.50 |
| **STAFF ATTORNEY TOTALS** | | | | **2.1** | **493.50** |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Shawn K. McGee | 275 | 5.00 | 1,375.00 |
| Daniel K. Morgan | 230 | 0.80 | 184.00 |
| Marc A. Patterson | 170 | 3.40 | 578.00 |
| Kenneth S. Waldmann | 170 | 2.50 | 425.00 |
| Marc A. Patterson | 170 | 10.00 | 1,700.00 |
| Panagiota Ramos | 170 | 3.00 | 510.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **24.70** | **4,772.00** |

## LITIGATION SUPPORT AND DATABASE TECHNOLOGY

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Daniel Biemer | 275 | 0.50 | 137.50 |
| Danny A. Huerta | 275 | 3.70 | 1,017.50 |
| **LITIGATION SUPPORT AND DATABASE TECHOLOGY TOTALS** | | **4.20** | **1,155.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals):  $48,197.50*

BLENDED HOURLY RATE:  $488.82

*Total does not reflect $432.90 credit given in November's fee statement.

SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---|
| Automation Equipment Charges | 119.88 |
| Out of Town Travel | 1,782.60 |
| Out of Town Travel, D. Bradford, 6/24/10, Washington, D.C. (Refund of Airfare)<br>**Refund remaining after $432.90 was credited in November's fee statement** | -654.40<br><u>432.90</u><br>= **-221.50** |
| Pacer Charges | 16.00 |
| Photocopy and Related Expense | 1,134.58 |
| Special Messenger Service | 37.02 |
| Westlaw Research | 283.98 |
| **Total** | **3,152.56** |

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | **Objections Due: Feb. 3, 2011 at 4:00 p.m.** |
|  | ) | **Hearing Date: To be determined** |
|  | ) |  |

**EIGHTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL
COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $47,764.60 and reimbursement of expenses incurred in the amount of $3,152.56 during the period commencing September 1, 2010 through and including November 30, 2010 (the "Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of the Application, Jenner respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

**BACKGROUND**

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On April 12, 2010, the Debtors filed their Disclosure Statement their Joint Plan of Reorganization for Tribune Company and its Subsidiaries.  (Docket No. 4008).

6.      On April 20, 2010, the Court entered an order approving the appointment of an Examiner pursuant to § 1104(c)(1) of the Bankruptcy Code.  (Docket No. 4120).  On May 10, 2010, the Court approved the appointment of Kenneth N. Klee as Examiner for the above-captioned bankruptcy cases.  (Docket No. 4320).  On August 3, 2010, the Examiner's Report was filed with the Court (Docket Nos. 5247-5250).

7.      On June 7, 2010, the Court entered an order approving the Debtors' Disclosure Statement (Docket No. 4707).

8.      On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

9.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

10.     Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees are asserting two causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) The Debtors are no longer a party to the *Neil* Litigation. Jenner continues to represent certain defendants in the *Neil* Litigation.

3

11.    Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

12.    On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to an inquiry by the Department of Labor (the "DOL") on March 2, 2009. A DOL subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner continues to advise and assist the Debtors in connection with this inquiry.

13.    The Debtors also requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter"). After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired. Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors. Included in the scope of this representation is the

examination and potential filing of claims relating to Morgan Stanley's conduct in its advisory capacity to the Debtors.   On September 24, 2010, the Debtor filed a motion to retain other counsel related to this matter. (Docket No. 5808.)

14.    In addition, Jenner, in connection with its general representation of the Debtors, has been asked to represent Debtor, *Los Angeles Times* in relation to structuring an appropriate payment surety or fidelity bonding program for the *Los Angeles Times*.  Jenner has also advised the Debtor on other unrelated matters.

15.    Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

16.    This is Jenner's eighth quarterly fee application.   Jenner has previously filed monthly fee application for the periods of December 8, 2008 through February 28, 2009 (*See* Docket No. 1030), March 1, 2009 through May 31, 2009 (*See* Docket No. 1743), June 1, 2009 through August 31, 2009 (*See* Docket No. 2349), September 1, 2009 through November 30, 2009 (*See* Docket No. 3125, as amended by Docket No. 3153), December 1, 2009 through February 28, 2010 (*See* Docket No. 4066), March 1, 2010 through May 31, 2010 (*See* Docket No. 5036), June 1, 2010 through June 30, 2010 August 31, 2010. (*See* Docket No. 5990); September 1, 2010 through September 30, 2010 (*See* Docket No. 7106); October 1, 2010 through October 31, 2010 (*See* Docket No. 7397); and November 1, 2010 through November 30, 2010 (*See* Docket No. __).

### RELIEF REQUESTED

17.    By this Application, Jenner requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Jenner as special counsel to the Debtors during the Application

Period. Further, Jenner seeks this Court's authorization for payment of such amounts to Jenner, less any amounts previously paid to Jenner pursuant to the Monthly Fee Applications for the Application Period.

18. The amount of fees sought for services rendered during the Application Period is $48,197.50 representing 98.6 hours in professional and paraprofessional time, and reimbursement of actual, necessary expenses incurred by Jenner during the Application Period in the amount of $3,152.56. As noted in Jenner's November fee application, Jenner has issued a credit to the Debtors for $432.90. Therefore, Jenner only seeks reimbursement for services rendered of $47,764.60. Jenner has not previously been paid for services rendered during this Application Period and has not received reimbursement of expenses incurred during the Application Period. Therefore, Jenner seeks the Court's authorization for Jenner to receive $48,197.50 for services rendered and $3,152.56 for expenses incurred during the Application.

## COMPENSATION PAID AND ITS SOURCES

19. All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

20. There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

21. The fee statements for the Application Period are attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines

adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES[1]

22.     As set forth in the detailed statements of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $47,764.60. The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

23.     The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     ESOP / Stay Issues**

Fees: $7,510.43         Total Hours: 13.1

24.     During the Application Period, Jenner attorneys primarily spent time evaluating the tax implications on the Debtors of a recent decision by the District Court in the *Neil* Litigation.

---

[1] Due to the sensitivity of the matters involving Jenner' representation, at this time Jenner believes that in some instances it may not explain in greater detail the precise legal issues it is researching or that may be relevant to certain aspects of Jenner' representation of the Debtors. Accordingly, Jenner has redacted discussion of these specific areas of research from its time entries included in Exhibit A.

**B.    DOL Subpoena (Matter No. 10148)**

Fees:   $3,139.50     Total Hours:   5.0

25.    During the Application Period, Jenner continued its discussions, on behalf of the Debtors, with the Department of Labor regarding various document requests from the DOL concerning the Debtor's ESOP.

**C.    Morgan Stanley Swap (Matter No. 10180)**

Fees:   $10,418.50     Total Hours:   25.9

26.    As noted above, on September 24, 2010, the Debtors filed a motion to retain other counsel in connection with the Debtors' dispute with Morgan Stanley. Time spent on this matter during the Application Period consisted primarily of Jenner's efforts including various communications with the Debtors' new counsel as well as the gathering of information for turnover to the Debtors' new counsel. to ensure a smooth transition of the case to the Debtors' new counsel.

**D.    Fee Applications (Matter No. 10164)**

Fees:   $5,933.50     Total Hours:   20.6

27.    During the Application Period, Jenner attorneys and paraprofessionals prepared Jenner's monthly fee application for July and August 2010, including reviewing time entries for confidentiality and drafting the narrative portion of the fee application. In addition, this time includes Jenner's preparation of Jenner's Seventh Quarterly Fee Application as well as time preparing its time entries in the format required by the Fee Examiner Order.

## ACTUAL AND NECESSARY EXPENSES

28.    A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $3,152.56 is attached hereto as Exhibit B.

Jenner's standard charge for photocopies is $0.09 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

29. With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

30. Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

31. Attorneys and paraprofessionals of Jenner have expended a total of 98.6 hours in connection with the matter described above during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $48,197.50. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

32. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period September 1, 2010 through November 30, 2010, with respect to the sum of $47,764.60 for necessary professional services rendered and the sum of $3,152.56 as 100% reimbursement of actual necessary costs and expenses, for a total of $50,917.16; (b) authorization for the Debtors to pay Jenner for the professional services rendered and incurrence of necessary costs and expenses during the Application Period that have not yet been paid in the amount of $50,917.16 and (c) granting such other and further relief as this Court deems just and proper.

Dated: January 14, 2011                          Respectfully submitted,


By: _____

One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
353 N. Clark St.
Chicago, IL 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Email:  dbradford@jenner.com
          cmartin@jenner.com