IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                    Chapter 11

TRIBUNE COMPANY et al.,                   Case No. 08-13141 (KJC)

                                          (Jointly Administered)

            Debtors.                      **Hearing Date: (To be determined)**
---------------------------------------------------------x  **Objections Due: 02/03/11 @ 4:00 p.m.**

## FIFTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant: Zuckerman Spaeder LLP

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors

Date of Retention: August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought: September 1, 2010 through November 30, 2010

Amount of Compensation sought
as actual, reasonable and necessary: $868,159.25

Amount of Expense Reimbursement sought
as actual, reasonable and necessary: $559,304.80

This is Applicant's Fourth Interim Fee Application. 15.1 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $4,972.50 is the corresponding compensation request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $36,386.06 | $0.00 | $0.00 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $0.00 | $0.00 |
| 7/15/10 | 3/1/10-5/31/10 | $579,613.50 | $337,176.57 | $0.00 | $0.00 |
| 10/15/10 | 6/1/10-8/31/10 | $438,551.50 | $846,788.23 | $0.00 | $0.00 |

2

ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $765.00 | 344.20 | $263,313.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $675.00 | 477.30 | $322,177.50 |
| Thomas G. Macauley (I.D. # 3411) | Partner, chapter 11 and bankruptcy litigation; admitted 1995 | $580.00 | 96.20 | $55,796.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $550.00 | 251.30 | $138,215.00 |
| P. Andrew Torrez | Partner, civil litigation; admitted 1997 | $550.00 | 136.10 | $74,855.00 |
| Laura E. Neish | Partner, litigation admitted 2003 | $500.00 | 6.60 | $3,300.00 |
| Nathan M. Berman | Associate, 10th year, litigation; admitted 2000 | $450.00 | 0.80 | $360.00 |
| Scott Hanna | Staff Attorney, 4th year | $300.00 | 12.40 | $3,720.00 |
| Jay Cohen | Staff Attorney, 4th year, litigation; admitted 2006 | $275.00 | 11.00 | $3,025.00 |
| Janet M. Braunstein | Paralegal, 20th year | $275.00 | 0.40 | $110.00 |
| Alexander Smith | Paralegal 21st year | $245.00 | 23.00 | 5,635.00 |

2865175.1

1

| Lisa Medoro | Paralegal, 4th year | $240.00 | 48.40 | $11,616.00 |
|---|---|---|---|---|
| Ashley M. Moring | Litigation Support Manager, 4th year | $210.00 | 1.70 | $357.00 |
| Afton B. Hodge | Paralegal, 3rd year | $175.00 | 4.90 | $857.50 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 3rd year | $165.00 | 14.10 | $2,326.50 |
| Monica D. Welham | Assistant Library Director, 9th year | $165.00 | 0.40 | $66.00 |
| Kimberly Wilson | Library assistant, 7 years experience | $165.00 | 14.10 | $2,326.50 |
| Diana Gillig | Paralegal Assistant, 10 years experience | $160.00 | 15.70 | $2,512.00 |

Grand Totals: 1,393.50 hours and $845,750.50
Blended Rate: $606.93 per hour
(excluding Non-Working travel time)

2865175.1

2

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | - Bank Claims | 1,374.50 | $ 839,770.50 |
| 0002 | - Retention/Fee Application | 19.00 | $ 5,980.00 |
| 0003 | - Non-Working Travel Time (charged ½ time) | 65.10 | $ 22,408.75 |
| | Totals: | 1,458.60 | $ 868,159.25 |

2865175.1

3

## ITEMIZED EXPENSES

EXPENSES

| | |
|---|---:|
| Litigation Expert | $ 541,074.09 |
| Transportation – Train/Air | $ 5,077.90 |
| Hotel | $ 789.80 |
| Taxi Service and Parking | $ 296.50 |
| Meals – Travel | $ 37.79 |
| Tips – Travel | $ 19.25 |
| Process Service – Brandywine | $ 80.00 |
| Express Delivery – FEDEX | $ 276.14 |
| Outsourced Document Serv. – IKON | $ 534.40 |
| Outsourced Document Serv. – Parcels | $ 3,306.67 |
| Courier Service – Parcels | $ 55.00 |
| Research – Webinar | $ 297.00 |
| Docket Research – Pacer | $ 59.20 |
| LEXIS Research | $ 23.44 |
| Westlaw Research | $ 6,418.44 |
| In-house Photocopy | $ 312.50 |
| In-house Facsimile | $ 5.00 |
| Telephone Conferencing - Soundpath | $ 341.30 |
| Long Distance Telephone | $ 242.88 |
| Postage | $ 57.50 |
| **TOTAL EXPENSES** | **$ 559,304.80** |

2865175.1

4

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $868,159.25 together with reimbursement for actual and necessary expenses incurred in the amount of $559,304.80 for the period September 1, 2010, through and including November 30, 2010 (the "Application Period"), and respectfully represents as follows:

1. Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2. During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3. This Fifth Interim Application seeks compensation for fees of $868,159.25 and

2865175.1

reimbursement of expenses of $559,304.80 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4. During the Application Period, Zuckerman provided services to the Committee and worked closely with the Committee's general bankruptcy counsel and the Committee's financial advisors. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A to Zuckerman's relevant monthly applications (Docket Nos. 6126, 6672 and 7492). The primary services provided by matter are described by subject matter below.

5. <u>Bank Claims</u>. During the Application Period, Zuckerman met and corresponded regularly with the Committee, its general bankruptcy counsel and financial advisors as well as with other primary parties concerning potential causes of actions relating to the financing of the Debtors' LBO in 2007. Zuckerman attended multiple hearings and conferences on the Committee's behalf. For instance, Zuckerman assisted the Committee in addressing a motion to disqualify its general bankruptcy counsel from further participation in proceedings relating to the LBO. In part due to Zuckerman's intervention, the motion was resolved favorably to the Committee.

2865175.1

6.     Zuckerman also participated in settlement negotiations and attended two mediation sessions relating to the potential LBO causes of action with other parties in interest. As a result of Zuckerman's participation, the Committee reached an agreement with the Debtors and several of the lenders to resolve certain of the claims in connection with a reorganization plan.

7.     With the approaching two-year anniversary of the commencement of these cases, Zuckerman diligently sought standing on the Committee's behalf to commence all potentially meritorious litigation prior to the deadline. In the meantime, Zuckerman readied two large complaints for filing and incorporated comments from parties in interest. Through Zuckerman's efforts, the Committee obtained standing and commenced two actions on November 1, 2010, so that Zuckerman could serve subpoenas in an effort to discover the identities of beneficial holders before the deadline of December 8, 2010.

8.     <u>Retention/Fee Applications</u>. During the Application Period, Zuckerman prepared and filed four monthly fee applications and one interim fee application.

## DISBURSEMENTS

9.     Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals." The expense detail is set forth on Exhibit B to Zuckerman's relevant

2865175.1

monthly fee applications.

10. Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

11. In connection with its representation of the Committee, Zuckerman engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues. Zuckerman requests that the amount of the litigation expert's invoices be allowed to Zuckerman as an expense.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $868,159.25 in fees compensation and $559,304.80 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
　　　　January 14, 2011

　　　　　　　　　　　　　　　　ZUCKERMAN SPAEDER LLP

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Thomas G. Macauley (ID No. 3411)
　　　　　　　　　　　　　　　　919 Market Street, Suite 990
　　　　　　　　　　　　　　　　P.O. Box 1028
　　　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　　　(302) 427-0400

　　　　　　　　　　　　　　　　　　　　- and -

2865175.1

8

Graeme W. Bush
1800 M Street, N.W.
Washington, DC 20036
(202) 778-1800

Special Counsel to the Official Committee
of Unsecured Creditors

2865175.1

# VERIFICATION

STATE OF DELAWARE   )
                    )   SS:
NEW CASTLE COUNTY   )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2. I have personally performed the legal services rendered by Zuckerman Spaeder LLP as special counsel to the Committee and am thoroughly familiar with all work performed on behalf of the Committee.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

2865175.1