# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.* | Case No. 08-13141 (KJC) |
|  | Jointly Administered |
| Debtors. |  |
|  | **Hearing Date: January 21, 2011** |
|  | **Objection Deadline: January 19, 2011** |

## DECLARATION OF MATTHEW STEIN

MATTHEW STEIN, hereby declares, pursuant to Local Rule 7026-1(c), for the United States Bankruptcy Court, District of Delaware, that the following is true and correct to the best of his knowledge, information, and belief:

1. I am an associate in the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel for Law Debenture Trust Company of New York ("Law Debenture") as successor indenture trustee, in the above-referenced adversary proceeding.

2. On December 20, 2010, the Court entered a Discovery and Scheduling Order for Plan Confirmation mandating that if any discovery dispute arises, the Parties to the dispute shall meet and confer within three business days of any Party's request for such a meet and confer conference.

3. On December 22, 2010, Law Debenture served subpoenas on the Non-Proponent Credit Agreement Lenders ("NPCALs") directing the NPCALs to produce certain documents.

4. On December 27, 2010, Hennigan, Bennett & Dorman, LLP ("HBD"), counsel for the NPCALs, responded to Law Debenture's subpoenas by letter, indicating that the NPCALs would not reply to any of the document requests, and requesting a meet and confer conference.

5. On December 31, 2010, Law Debenture responded by letter informing the NPCALs that they were obligated to respond to the Subpoenas, on the grounds that the NPCALs had been and continued to be actively involved in the bankruptcy case.

6. On January 4, 2011, the parties held a meet and confer to discuss the discovery dispute.

7. During the meet and confer, Law Debenture indicated that it was willing to negotiate the scope of the Subpoenas. HBD responded that the NPCALs would not respond to the subpoena. HBD stated further that the NPCALs should be exempt from any discovery because they are not proponents of a plan and have not directly participated in this case, and thus could not be sources of relevant information for the March 7, 2011 confirmation hearing. HBD offered no suggestions on how to reasonably limit the Subpoenas. HBD stated that the Subpoenas were inappropriate in their entirety.

8. On January 5, 2011, HBD Responded by letter to Law Debenture's December 31, 2010 Letter reiterating its position that it would not respond to Law Debenture's subpoena to produce documents.

9. On January 7, 2011, HBD sent a letter to the Court reciting its position with respect to the subpoena to produce documents, and requesting a hearing to resolve the discovery dispute.

10. On January 7, 2011, the parties held a second meet and confer.

11. At the January 7th meet and confer Law Debenture agreed to eliminate Request Nos. 1 through 19 and 22. Law Debenture agreed to reduce the time period covered in the definition of "Relationship" in its requests from ten years to three years. Finally, Law Debenture

proposed that the NPCALs perform electronic searches based upon limited search terms to minimize the burden of production.

12. On January 8, 2011, Law Debenture sent HBD an email proposing search terms to be used to capture relevant documents. HBD made no counter-proposal to these terms.

13. On January 9, 2011, Law Debenture sent a letter to HBD and the Court responding to HBD's January 5 and January 7, 2011 letters.

14. On January 10, 2011, a telephonic Court hearing was held concerning the subpoena to produce documents.

15. On January 11, 2011, the parties engaged in an additional meet and confer.

16. At the January 11th meet and confer, Law Debenture reiterated its proposal to limit its requests. Law Debenture offered to further limit the date range from December 8, 2008 to December 22, 2010, and to negotiate the list of proposed search terms. NPCALs indicated they would provide Law Debenture with their own proposed search terms later that day. HBD stated that the NPCALs would not produce pre-April 2010 documents, documents relating to their economic interest and documents relating to the retention of professionals and consultants.

17. On January 12, 2011, the parties engaged in an additional meet and confer.

18. At the January 12, 2011 meet and confer, Law Debenture agreed to withdraw the requests regarding the retention of professionals and consultants. Law Debenture also agreed to accept a list of NPCALs' current holdings in lieu of NPCALs producing documents relating to their economic interest in Tribune. HBD stated that the NPCALs were still unwilling to produce documents prior to April 2010. HBD stated that documents prior to April, 2010 were irrelevant. HBD offered no explanation as to their irrelevance.

19. At the January 12, 2011 meet and confer, Law Debenture reiterated its offer to limit the date range of the Subpoenas from December 8, 2008 to December 22, 2010. HBD rejected this offer. HBD rejected Law Debenture's Proposed Search Method to collect responsive documents. HBD also did not indicate that it would be searching for any additional terms. HBD provided no counter-proposal regarding an alternative search method. HBD only stated that it would consider using only "TRB" and "Trib*," as search terms.

20. On January 12, 2011, the parties held a final meet and confer at which they agreed that no further progress was possible.

21. Accordingly, a reasonable effort has been made to reach agreement with the opposing party on the matters forth in the motion to compel.

Dated: New York, New York
January 14, 2011

Matthew Stein