IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                    :   Chapter 11
                                          :
TRIBUNE COMPANY, *et al.*                 :   Case No. 08-13141 (KJC)
                                          :   Jointly Administered
                Debtors.                  :
                                          :   **Hearing Date: January 21, 2011**
---                                       :   **Objection Deadline: January 19, 2011**

## DECLARATION OF PAUL BURGO

PAUL BURGO, hereby declares, pursuant to Local Rule 7026-1(c), for the United States Bankruptcy Court, District of Delaware, that the following is true and correct to the best of his knowledge, information, and belief:

1. I am an associate in the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel for Law Debenture Trust of New York ("Law Debenture"), as successor indenture trustee, in the above-referenced proceeding.

2. On December 20, 2010, the Court entered a Discovery and Scheduling Order for Plan Confirmation mandating that if any discovery dispute arises, the Parties to the dispute shall meet and confer within three business days of any Party's request for such a meet and confer conference.

3. On December 15, 2010, Law Debenture served Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill"), a settling party under the Debtor/Committee/Lender Plan, with a Subpoena seeking certain documents ("Subpoena").

4. On December 23, 2010, prior to Merrill having responded to the Subpoena, Law Debenture requested that the parties meet and confer on December 27, 2010 to expedite the process of resolving any discovery disputes. Merrill did not respond.

5. On December 30, 2010, Merrill served its objections and responses to the Subpoena indicating its refusal to comply with certain document requests ("Objections").

6. On January 6, 2011, Law Debenture responded to Merrill's Objections, offering to compromise and raising certain issues with Merrill's Objections. The next day, on January 7, 2011, Law Debenture again asked Merrill to meet and confer during the week of January 10, 2011.

7. On January 10, 2011, Law Debenture once again renewed its request to meet and confer with Merrill by January 11, 2011. Merrill responded by letter dated January 11, 2011 ("January 11 Letter").

8. On January 13, the parties held a meet and confer to discuss the discovery dispute ("January 13 Meet and Confer"). During this, Merrill refused to employ additional search terms or custodians or produce documents prior to December 8, 2008. Merrill also was not amenable to using additional search terms or custodians for the post-LBO period. Law Debenture listed several examples of how it believed Merrill's production was deficient, for example, not including custodians from the pre-LBO period who were identified in the Examiner Report as "key personnel." The parties agreed to meet again on January 14 ("January 14 Meet and Confer").

9. In the January 13 Meet and Confer and the January 11 Letter, Merrill sought to defend its LBO-period production by claiming that it previously produced documents twice and had produced a large number of pages. First, Merrill used twenty-eight search terms to produce documents in response to the document requests of the Official Committee of Unsecured Creditors (the "UCC Request"). Second, Merrill pulled documents using additional search terms in response to the Wilmington Trust Company's requests (the "WT Requests"). In fact, as

Merrill's responses to the WT Requests (the "<u>WT Responses</u>") make clear, the additional search terms for the WT requests were run only in the universe of documents pulled for the UCC Requests, not directly from Merrill's custodians. As a result, Merrill has only produced documents for the LBO period that are limited by its initial twenty-eight search terms. Merrill contested this point in the January 14 Meet and Confer, stating that it would confirm with its client, but that it believed the additional search terms were run directly from the custodians; however, the plain language of the WT Responses appears to belie this assertion.

10. On January 13, shortly after the Meet and Confer, Law Debenture submitted proposed search parameters and search terms for Merrill to employ in locating responsive documents to the Subpoena ("Proposed Search Method").

11. The next day, during the January 14 Meet and Confer, Law Debenture offered to narrow a number of its requests regarding its Proposed Search Method. For example, Law Debenture offered to limit the additional custodians employed for the post-LBO period to include only Stephen Paras, David Tuvlin, Nancy Meadows, and Caroline Kim, all individuals whom the Examiner referenced in his report. Law Debenture also agreed to limit the period for which it requested documents related to the LBO to January 1, 2007 through December 31, 2007. Merrill agreed to take Law Debenture's proposals to its client, but was unable to commit to any of them and appeared particularly resistant to the production of additional documents from this period.

12. By January 13 email, Merrill wrote regarding the search terms and custodians it employed to collect documents for its production responsive to requests regarding the post-LBO, bankruptcy period. For December 8, 2008 through December 15, 2010, Merill searched for responsive documents in the files of Michael O'Brien. Merrill represented that it used the search

3

terms Tribune, TRB, and TRIB*. For the month of October 2010 only, Merrill also searched the files of Todd Kaplan and Jeffrey Kaplan.

13. In the January 14 Meet and Confer, Law Debenture requested that Merrill search the files of Todd Kaplan and Michael Costa, for the period of May 11, 2010 to July 31, 2010 during the Examiner's investigation, and the files of Jeffrey Kaplan and Todd Kalplan for September and October, 2010. Merrill also agreed to take this back to its client, but could not commit to this production. Merrill was resistant to using the search terms Law Debenture had proposed, and would not agree to propose an alternative list of search terms for the post-LBO period.

14. On January 14, 2011, Law Debenture filed its motion to compel production of documents by Merrill.

15. Although the parties are continuing to negotiate the parameters of Merrill's production and scope of its electronic searches, as set forth herein, a reasonable effort has been made to reach agreement with the opposing party on the matters forth in the motion to compel.

Dated: New York, New York
January 14, 2011

Paul J. Burgo
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Co-Counsel for Law Debenture Trust Company of New York*