# EXHIBIT 5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 08-13141 |
| TRIBUNE COMPANY, *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

## OBJECTIONS AND RESPONSES OF
## MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
## TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS
## SERVED BY LAW DEBENTURE TRUST COMPANY OF NEW YORK

Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), for its objections and responses to the Subpoena for the production of documents dated December 15, 2010 ("Subpoena Requests") served by Law Debenture Trust Company of New York ("Law Debenture"), respectfully states as follows:

Merrill Lynch's responses to the Subpoena Requests incorporate and are subject to the objections set forth below (the "General Objections"). These General Objections form a part of the response to each Subpoena Request and are set forth here to avoid the duplication and repetition of restating them within each response. While these General Objections may be referred to specifically in response to individual Subpoena Requests for purposes of clarity, the failure to specifically incorporate a General Objection should not be construed as a waiver of the objection. Likewise, any response and/or specific objection to a Subpoena Request should not be construed as a waiver of these General Objections.

## GENERAL OBJECTIONS

1.      Merrill Lynch objects to each Subpoena Request to the extent that it seeks (a) material not reasonably calculated to lead to the discovery of admissible evidence, (b) material protected by the attorney-client privilege, the attorney work-product doctrine, the joint interest or common interest privilege, or any other applicable privilege or (c) material which otherwise exceed(s) the bounds of the Federal Rules of Bankruptcy Procedure ("FRBP"), Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the Bankruptcy Court for the District of Delaware, or other applicable laws or orders.  Any inadvertent production of a document or information which is privileged or immune from discovery shall not be deemed a waiver of any privilege or immunity with respect to such document or information.  Merrill Lynch reserves the right to demand the return of any document that may be produced inadvertently as part of Merrill Lynch's responses to the Subpoena Requests if it determines that such document contains privileged information. All documents produced are solely for use in the above-captioned cases, and for no other purpose, and are to be governed by the terms of the Discovery and Scheduling Order dated December 20, 2010 (the "Discovery and Scheduling Order").

2.      Merrill Lynch objects to each Subpoena Request that (a) is vague or ambiguous with respect to the information sought, (b) is overly broad or unreasonably burdensome, (c) is duplicative or (d) calls for documents or information not within Merrill Lynch's possession, custody or control.

3.      Merrill Lynch objects to each Subpoena Request to the extent it purports to require Merrill Lynch to seek documents in the possession of other persons or entities,

and documents which are already in the possession of, or are equally available to, Law Debenture. Merrill Lynch further objects to each Subpoena Request to the extent that it seeks documents that are in the document depository established by this Court, or have otherwise been produced to other parties in these cases.

4. Merrill Lynch objects to all instructions and definitions that are inconsistent with the FRBP, FRCP or the Local Rules of the Bankruptcy Court for the District of Delaware. Merrill Lynch's use of a particular definition provided by Law Debenture in responding to the Subpoena Requests is not an admission of the accuracy of the particular definition. Merrill Lynch further reserves its right to (a) dispute Law Debenture's interpretations, definitions and characterizations of terms and/or events and (b) assert its own interpretations, definitions and characterizations to such terms and/or events.

5. Merrill Lynch objects to the Subpoena Requests to the extent they request "all" and/or "any" communications, documents, statements, reports, memoranda or indices relating to a particular subject matter.

6. Merrill Lynch objects to the Subpoena Requests to the extent that they purport to require Merrill Lynch to search for and produce electronically stored information from sources that are not reasonably accessible because of undue burden or cost, as set forth in FRCP 26(b)(2)(B) and FRBP 7026, or which are "limited accessibility electronic documents" under Local Rule 7026-3(d) of the United States Bankruptcy Court for the District of Delaware.

7.    Merrill Lynch objects to the Subpoena Requests in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are subject to the terms of the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order").

8.    Merrill Lynch objects to the Subpoena Requests in their entirety to the extent that that they are not reasonably calculated to lead to the discovery of admissible evidence in that they seek the disclosure of information, or the production of documents, that are inadmissible and constitute material protected from disclosure pursuant to the Order Appointing Mediator (Docket No. 5591) (the "Mediation Order").

9.    Merrill Lynch objects to the Subpoena Requests in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are subject to the terms of the Order Approving Work And Expense Plan And Modifying Examiner Order (Docket No. 4306) (the "Examiner Order") or to the Order Approving Motion Of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving The Disposition Of Certain Documents And Information; And (IV) Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order").

10.    Merrill Lynch objects to the Subpoena Requests to the extent that they are duplicative of requests served by other parties in the above-captioned cases to which

Merrill Lynch has responded.   In particular, in response to the Rule 2004 discovery requests (the "UCC Requests") dated March 26, 2009, as amended on May 14, 2009, propounded upon Merrill Lynch by the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned Debtors (the "UCC"), Merrill Lynch undertook a massive and expensive effort to collect, review, and produce documents responsive to those requests, culminating in the production of over 1.3 million pages of documents to the Document Depository.   The documents are and have been available to Law Debenture, as a Negotiating Party (as defined therein) under the Depository Order, since at least December 2009.

After service of the UCC Requests, the UCC and Merrill Lynch agreed that Merrill Lynch would first produce non-email electronic and hard copy documents to enable the UCC to inform itself as to the selection of appropriate custodians and search terms for a subsequent email production.   Merrill Lynch collected hard copy documents and also collected non-email electronic documents from Merrill Lynch employees (the "Non-Email Data Set") and searched the Non-Email Data Set for responsive documents for the period between January 1, 2007 and December 8, 2008.   Between July 14, 2009 and November 25, 2009, Merrill Lynch produced 1,086 hard copy documents and 72,944 non-email electronic documents.

The UCC and Merrill Lynch then engaged in further, extensive discussions concerning the scope of the email production because, as proposed by the UCC, Merrill Lynch's cost of complying, as it related to emails, would have been in the

range of between $4 million and $16 million and would have likely required the collection and processing of almost five terabytes of data.

On October 26, 2009, the UCC and Merrill Lynch agreed to a seven step plan with respect to the production of emails (the "EDP"). Under the EDP, Merrill Lynch agreed to search emails of 12 designated custodians (the "Designated Custodians") from within nine groups at Merrill Lynch. These custodians were selected based on the functions performed by them and their groups in connection with the LBO and were likely to capture the vast majority of emails responsive to the UCC Requests. Merrill Lynch also agreed to search the email data collected and processed using 40 of the 42 broad search terms originally proposed by the UCC. If, after collecting the data, Merrill Lynch concluded that the use of 40 search terms required by the UCC yielded an unduly burdensome amount of data to cull, review and produce, the UCC and Merrill Lynch agreed that Merrill Lynch would communicate its view to the UCC and attempt to reach agreement on less burdensome search terms. Merrill Lynch also agreed to modify the agreed upon time period for email document production so that the time period to be searched for emails would begin six months earlier than the Non-Email Data Set and would run from June 1, 2006 to December 8, 2008.

On November 18, 2009, Merrill Lynch completed the collection of email data for the 12 custodians identified in the EDP. The email data collected was 215 gigabytes and, after filtering, yielded approximately 330,000 email documents, which was an unduly burdensome amount of data to cull, review and produce. Accordingly, Merrill Lynch proposed and the UCC agreed to exclude 12 of the 40 search terms and,

when the 28 search terms were applied to the email data, there were 276,969 email documents (the "Email Data Set"). After the Email Data Set was culled and reviewed, Merrill Lynch produced 27,302 email documents to the UCC. In total, Merrill Lynch produced 101,332 hard copy, non-email electronic and email documents, representing a total of 1,363,768 pages.

In connection with the April Proposed Settlement (defined below), Wilmington Trust Company ("Wilmington Trust") served discovery requests dated May 13, 2010 (hereinafter, the "WT Requests") on Merrill Lynch. The WT Requests, in fact, were substantially duplicative of the UCC Requests and generally covered the same time period as the UCC requests. In response to the WT Requests, Merrill Lynch and Wilmington Trust agreed to five additional search terms that were not used for the UCC Requests and, thereafter, Merrill Lynch searched the electronic files of the Designated Custodians. After collection and review of the results of the search, Merrill Lynch produced over 50,000 pages of responsive non-privileged documents. By agreement with Wilmington Trust, Merrill Lynch also provided privilege logs sufficient to identify documents withheld by Merrill Lynch in connection both the UCC and WT Requests.

The Subpoena Requests seek many of the same documents that Merrill Lynch previously provided to the UCC and Wilmington Trust. To the extent that Law Debenture seeks documents that go beyond the previously agreed upon time periods, custodians and search terms, it would be unduly burdensome, time-consuming, expensive and unfair for Merrill Lynch to have to engage in a second exercise of collection, filtering, processing, and reviewing documents.

7

11.    Merrill Lynch objects to the Subpoena Requests in their entirety to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

12.    Merrill Lynch objects to the Subpoena Requests in their entirety to the extent that they call for the document-by-document identification, within thirty days of service of the Requests, of those documents protected by the attorney-client privilege, common interest privilege, and attorney work-product doctrine as seeking to impose obligations beyond the scope of Federal Rule of Civil Procedure 26, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and beyond the scope of the Discovery and Scheduling Order.  Merrill Lynch further objects on the grounds that such an instruction is unduly burdensome, particularly in light of the expedited time for production and discovery in this case.

13.    Merrill Lynch objects to the Subpoena Requests to the extent that they require production of documents or information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

14.    Merrill Lynch objects to the Subpoena Requests to the extent that they are vague, ambiguous, capable of multiple interpretations, confusing, or incomprehensible and therefore require Merrill Lynch to engage in conjecture as to their meaning. Nonetheless, Merrill Lynch will make a good faith effort to interpret and respond to the Subpoena Requests subject to the limitations stated herein.

8

15. Merrill Lynch objects to the Subpoena Requests to the extent that they are interposed for improper purposes, including without limitation, undue annoyance, harassment, burden, delay, embarrassment, or to increase expense. Merrill Lynch also objects to the Subpoena Requests to the extent that they purport to require the production of identical copies or drafts of the same document. Merrill Lynch further objects to the Subpoena Requests to the extent that they seek documents from an unknown or unspecified time frame.

16. Merrill Lynch objects to the Subpoena Requests, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions. Merrill Lynch hereby denies such disputed facts or legal conclusions to the extent assumed by any Subpoena Request or stated definition. Any response or objection by Merrill Lynch with respect to any such Subpoena Request is without prejudice to this objection and Merrill Lynch's right to dispute facts and legal conclusions assumed in the Subpoena Requests.

17. Production by Merrill Lynch of any document in response to the Subpoena Requests or any portion thereof, or the voluntary production of documents not precisely called for by the Subpoena Requests, shall not constitute a waiver of the right to object to the production of other similar documents.

18. Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, claim, fact or allegation and no response is an admission with respect to the relevance or admissibility of any evidence or any statement or characterization contained in any Subpoena Request.

19.     Merrill Lynch's failure to object to a Subpoena Request, or its statement that it will produce non-privileged responsive documents, if any exist, is not an indication that responsive documents actually exist or are in Merrill Lynch's possession, custody or control.  Merrill Lynch reserves the right to supplement its responses or objections if it becomes aware of information and/or documents which are called for by the Subpoena Requests but were not known or available at the time these responses were made.  Failure to object to any Subpoena Request shall not constitute a waiver of any objection by Merrill Lynch to such Subpoena Request and all of Merrill Lynch's rights to object are hereby preserved.

## DEFINITIONS

20.     Merrill Lynch objects to the "Definitions" provided with the Subpoena Requests on the grounds that they are vague, overly broad, unintelligible and unduly burdensome, and seek to impose obligations beyond those required by the FRBP, FRCP or the Local Rules of the Bankruptcy Court for the District of Delaware.

21.     Without waiving objections to any of the "Definitions" not specifically mentioned herein, Merrill Lynch objects to Definition A on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition A as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Angelo," unless otherwise specified, means Angelo, Gordon & Co., L.P.

22.     Merrill Lynch objects to Definition B on the grounds that it is vague.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "April Proposed

Settlement," unless otherwise specified, means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo, Gordon & Co., LP, Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture, as Successor Indenture Trustee, as filed with the Court on April 12, 2010.

23.    Merrill Lynch objects to Definition C on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition C as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Aurelius," unless otherwise specified, means Aurelius Capital Management, L.P.

24.    Merrill Lynch objects to Definition D on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition D as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Bank of America," unless otherwise specified, means Bank of America N.A., Bank of America Bridge, and Banc of America Securities LLC.

25.    Merrill Lynch objects to Definition E on the grounds that it is vague, overbroad and unduly burdensome.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Board of Directors," unless otherwise specified, means the boards of directors of Tribune Company.

26.     Merrill Lynch objects to Definition G on the grounds that it is vague and ambiguous.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Bridge Lender Plan," unless otherwise specified, means the Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. dated October 29, 2010, and as subsequently amended.

27.     Merrill Lynch objects to Definition H on the grounds that it is vague, overbroad and unduly burdensome.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Citicorp," unless otherwise specified, means Citigroup Global Markets, Inc. ("CGMI") and Citicorp North America, Inc.

28.     Merrill Lynch objects to Definition I on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition I as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Committee," unless otherwise specified, means the UCC.

29.     Merrill Lynch objects to Definition J on the grounds that it is unintelligible.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Committee Individuals," unless otherwise specified, means the individual members of the UCC.

30.     Merrill Lynch objects to Definitions K and P to the extent they are overbroad and unduly burdensome, and seek categories of documents not contemplated by FRCP 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the FRBP.

12

Merrill Lynch further objects to Definition K on the grounds that it is overbroad, vague and ambiguous as to the phrase "exchange or transfer of information or documents . . . by other methods." For purposes of responding to the Subpoena Requests, Merrill Lynch will interpret the term "Documents" to include the phrase "Documents and Communications" as used in the Subpoena Requests. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Documents," unless otherwise specified, has the meaning ascribed to it in FRCP 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the FRBP.

31. Merrill Lynch objects to Definition N on the grounds that it is unintelligible. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Debtor/Committee/Lender Plan," unless otherwise specified, means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, the UCC, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., first filed with the Court on October 22, 2010, and as subsequently amended.

32. Merrill Lynch objects to Definition S on the grounds that it is overbroad and vague.

33. Merrill Lynch objects to Definition T on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition T as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "JPMorgan,"

13

unless otherwise specified, means JPMorgan Chase Bank N.A. and JPMorgan Securities Inc.

34.     Merrill Lynch objects to Definition U on the grounds that it is vague and overbroad. As used in Merrill Lynch's responses to the Subpoena Requests, the term "LBO," unless otherwise specified, means the Leveraged ESOP Transactions as detailed in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

35.     Merrill Lynch objects to Definition V on the grounds that it is vague and ambiguous.

36.     Merrill Lynch objects to Definition W on the grounds that it is vague. As used in Merrill Lynch's responses to the Subpoena Requests, the term "LBO-Related Causes of Action," unless otherwise specified, has the meaning as set forth in the Debtor/Committee/Lender Plan.

37.     Merrill Lynch objects to Definition Y on the grounds that it is unintelligible. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Mediation," unless otherwise specified, shall have the meaning ascribed to it in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

38.     Merrill Lynch objects to Definition AA on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition AA as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Merrill Lynch,"

14

unless otherwise specified, means Merrill Lynch Capital Corporation, Merrill Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co.

39.     Merrill Lynch objects to Definition BB on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition BB as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Murray Devine," unless otherwise specified, means Murray, Devine & Company.

40.     Merrill Lynch objects to Definition CC on the grounds that it is vague, overbroad, and unduly burdensome.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Noteholder Plan" means the Joint Plan of Reorganization for Tribune Company and its Subsidiaries proposed by Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as the successor indenture trustee for certain series of senior notes, Law Debenture, in its capacity as successor indenture trustee for certain series of senior notes and Wilmington Trust Company, in its capacity as the successor indenture trustee for the PHONES Notes, dated October 29, 2010, and as subsequently amended.

41.     Merrill Lynch objects to Definition DD on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition CC as stated.  As used in Merrill Lynch's responses to the Subpoena Requests, the term "Oaktree," unless otherwise specified, means Oaktree Capital Management, L.P.

42. Merrill Lynch objects to Definition EE on the grounds that it is vague and calls for the production of documents that are not relevant.

43. Merrill Lynch objects to Definition GG on the grounds that it is vague, overbroad and unduly burdensome.

44. Merrill Lynch objects to Definition II on the grounds that it is vague. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Plans" means any or all of the Debtor/Committee/Lender Plan, the Noteholder Plan, the Step One Lender Plan, and the Bridge Lender Plan subject to the Objections set forth herein.

45. Merrill Lynch objects to Definition JJ on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition JJ as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Potential LBO Liability Party," unless otherwise specified, means the Persons named as defendants in the Complaints, including absent class members.

46. Merrill Lynch objects to Definition LL on the grounds that it seeks categories of documents not contemplated by FRCP 26, as made applicable by Rules 7026 and 9014 of the FRBP.

47. Merrill Lynch objects to Definition MM on the grounds that it is vague. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Proposed LBO Settlement," unless otherwise specified, means the proposed settlement of LBO-Related Causes of Actions as described in the Debtor/Committee/Lender Plan.

48.     Merrill Lynch objects to Definition NN on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and that it is not possible to know all of the relationships that Law Debenture purports to include within Definition NN as stated. Furthermore, Merrill Lynch objects to the time frame and subject matter limitation set forth in Definition NN as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

49.     Merrill Lynch objects to Definition RR on the grounds that it is vague, overbroad and unduly burdensome, and to the extent that it purports to call for the disclosure of information, or the production of documents, that constitute Settlement Material as that term is defined in the Depository Order, that are inadmissible and protected from disclosure pursuant to the Mediation Order or that are protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

50.     Merrill Lynch objects to Definition SS on the grounds that it is vague, overbroad and unduly burdensome, and to the extent that it purports to call for the disclosure of information or the production of documents that constitute Settlement Material as that term is defined in the Depository Order, that are inadmissible and protected from disclosure pursuant to the Mediation Order or that are protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

51.     Merrill Lynch objects to Definition TT on the grounds that it is vague and ambiguous. As used in Merrill Lynch's responses, "Settlement Term Sheet," shall have

17

the meaning ascribed to it in Section VI of the Debtors' Joint Disclosure Statement filed with the Court on October 22, 2010, unless otherwise specified.

52.    Merrill Lynch objects to Definition UU on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition UU as stated. Merrill Lynch also objects insofar as the definition includes Wells Fargo. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Settling Parties," unless otherwise specified, means Debtors, Oaktree, Angelo, JPMorgan, Merrill Lynch, Bank of America and Citigroup, subject to the Objections set forth herein.

53.    Merrill Lynch objects to Definition VV on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition VV as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Special Committee," unless otherwise specified, means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

54.    Merrill Lynch objects to Definition WW on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition WW as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Special Committee Individuals," unless otherwise specified, means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

55.     Merrill Lynch objects to Definition BBB on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition BBB as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Tribune," unless otherwise specified, means Tribune Company and its direct and indirect subsidiaries.

56.     Merrill Lynch objects to Definition CCC on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition CCC as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Tribune Entity" means Tribune, subject to the objections set forth herein.

57.     Merrill Lynch objects to Definition DDD on the grounds that it is vague, overbroad, and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition DDD as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Tribune Individual," unless otherwise specified, means the current officers and directors of Tribune, subject to the Objections set forth herein.

58.     Merrill Lynch objects to Definition FFF on the grounds that it is vague, overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition FFF as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Wells Fargo," unless otherwise specified, means Wells Fargo Bank, N.A.

59.     Merrill Lynch objects to Definition GGG on the grounds that it is overbroad and unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition GGG as stated. As used in Merrill Lynch's responses to the Subpoena Requests, the term "Zell," unless otherwise specified, means Sam Zell.

## INSTRUCTIONS

60.     Merrill Lynch objects to the Instructions to the extent that they are vague, overbroad and unduly burdensome and seek to impose obligations beyond those required by the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware or any other applicable statute, rule, case law or order.

61.     Without waiving objections to any of the "Instructions" not specifically mentioned herein, Merrill Lynch objects to Instructions 1, 6 and 10 as overbroad, vague, ambiguous and unduly burdensome.

62.     Merrill Lynch objects to Instruction 2 on the grounds that it is vague, ambiguous and unduly burdensome. Merrill Lynch further objects to the extent it requires Merrill Lynch to search the files of its counsel, on the grounds of attorney-client privilege, work product doctrine and/or any other applicable law or privilege. Merrill Lynch further objects to the extent that it seeks the production of documents that are not within Merrill Lynch's possession, custody or control, including documents from Merrill Lynch's counsel, advisors, testifying and non-testifying experts or representatives. Merrill Lynch will produce documents in its possession, custody, or control that can be located after a good faith search and with reasonable diligence.

20

63. Merrill Lynch objects to Instruction 3 on the grounds that is overbroad and unduly burdensome. Merrill Lynch further objects to the extent that it seeks information that is irrelevant and is not reasonably calculated to lead the discovery of admissible evidence. Unless otherwise stated, insofar as Merrill Lynch agrees to produce additional responsive, non-privileged documents as set forth herein, such production will be limited to documents, not previously produced, that relate to the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans and that exist and can be located after a good faith search and reasonable diligence.

64. Merrill Lynch objects to Instruction 4 on the grounds that it is vague, overbroad, unduly burdensome, and unintelligible.

65. Merrill Lynch objects to Instruction 5 as unduly burdensome and beyond that required by the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order.

66. Merrill Lynch objects to Instruction 7 on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and seeks information beyond that required by the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order.

67. Merrill Lynch objects to Instruction 8 as overbroad, vague, ambiguous and unduly burdensome. Merrill Lynch further objects to the extent that it seeks the production of hard copies of all documents, and to the extent that it seeks the production of electronic documents in their native form, on the grounds that it is inconsistent with

21

the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware or any other applicable statute, rule, case law or order, and imposes burdens not required by those rules. To the extent there are documents responsive to the Subpoena Requests, Merrill Lynch will provide Law Debenture with such non-privileged responsive documents in a reasonable form in the manner set forth in the Discovery and Scheduling Order.

68.     Merrill Lynch objects to Instruction 9 to the extent that it is inconsistent with the terms of the Discovery and Scheduling Order.

69.     Merrill Lynch objects to Instruction 11 as overbroad, vague, ambiguous and unduly burdensome.  Merrill Lynch further objects to the extent it is inconsistent with the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order, and imposes burdens not required of Merrill Lynch.

70.     Merrill Lynch objects to Instruction 12 as overbroad and unduly burdensome, and as seeking to impose obligations beyond the scope of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order, and imposes burdens not required by those rules.  To the extent there are documents responsive to the Subpoena Requests, Merrill Lynch will provide Law Debenture with such non-privileged responsive documents in a reasonable form in the manner set forth in the Discovery and Scheduling Order.

22

71.     Merrill Lynch objects to Instruction 13 as seeking the production of documents that are subject to the attorney-client privilege, attorney work-product doctrine, or other common law or statutory privilege or immunity protecting the requested documents or information from discovery or disclosure. Merrill Lynch will not produce such privileged material. Merrill Lynch also objects to the extent that it purports to call for the disclosure of information, or the production of documents, that constitute Settlement Material as that term is defined in the Depository Order. Merrill Lynch further objects to Instruction 13 as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to call for the disclosure of information or material that is not admissible pursuant to Federal Rule of Evidence 408 and/or the Mediation Order. Moreover, Merrill Lynch objects to Instruction 13 to the extent that the Subpoena Requests seek "the Debtors' and/or Special Committees internal work product, expert reports, or attorney-client communications" and documents "between and among Tribune and the Committee" because these documents are likely not within Merrill Lynch's possession, custody and control and are more readily available from third-parties other than Merrill Lynch.

72.     Merrill Lynch objects to Instruction 14 in that it requires production of documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or discovery protection. Merrill Lynch further objects to the extent it seeks to redefine the limitations on the disclosure of information, or the production of documents, that constitute Settlement Material as that term is defined in the Depository Order. Merrill

23

Lynch further objects to the extent it seeks to redefine the limitations on the disclosure of information, or the production of documents, contained within the Mediation Order.

73.     Merrill Lynch objects to Instructions 15 and 16 as overbroad, vague, ambiguous and unduly burdensome, and to the extent they are inconsistent with the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order.  Merrill Lynch further objects specifically to these instructions as overly broad and unduly burdensome to the extent that they call for a document-by-document privilege log for categories of documents that are clearly protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or the common interest privilege.  Merrill Lynch intends to comply with its obligations under the Discovery and Scheduling Order. Subject to the foregoing, Merrill Lynch will not produce a document-by-document privilege log for the following categories of documents:

      a.      All documents constituting, reflecting or concerning communications with in-house counsel or advisors regarding legal advice or strategy on the grounds that such documents are protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

      b.      All documents constituting, reflecting or concerning communications between Merrill Lynch and outside counsel or advisors regarding legal advice or strategy on the grounds that such documents are protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

      c.      During all relevant time periods covered by the Subpoena Requests, all communications and documents shared, between and among Merrill Lynch and other lenders, arrangers and syndication agents under the $8,028,000,000 Credit Agreement dated May 17, 2007 and under the $1,600,000,000 Senior Unsecured Interim Loan Agreement dated December 20, 2007 including, without

limitation, Citigroup Global Markets Inc., JPMorgan Chase Bank N.A., and Bank of America, N.A., or their respective in-house and outside counsel and advisors, concerning legal advice or strategy, on the grounds that such communications have been protected from disclosure under a common-interest privilege among those entities.

d.    All documents shared or communications from at least December 8, 2008 through the present between and among Merrill Lynch, JP Morgan Chase Bank, N.A., Citigroup Global Markets Inc., and Banc of America Securities, LLC and their respective parents, subsidiaries and affiliates, and their respective in-house and outside counsel or advisors, concerning legal advice or strategy, on the grounds that such communications have been protected from disclosure under a common-interest privilege among those entities.

e.    All documents shared or communications, during the time period October 12, 2010 through the present, between and among Merrill Lynch, the Debtors, Angelo, Gordon & Co, L.P., Oaktree Capital Management, L.P., JPMorgan Chase Bank N.A., Citigroup Global Markets Inc. and the Official Committee of Unsecured Creditors, or their respective in-house and outside counsel or advisors, concerning legal advice or strategy, on the grounds that such communications have been protected from disclosure under a common-interest privilege among those entities.

74.    Merrill Lynch objects to Instruction 17 as unduly burdensome and as seeking to impose obligations beyond the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order, and to the extent it imposes burdens not required by those rules.    Merrill Lynch will comply with its obligations under the Discovery and Scheduling Order.

75.    Merrill Lynch objects to Instruction 18 as overbroad and unduly burdensome and to the extent it requires production of documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the

25

common interest privilege, or any other applicable privilege or discovery protection. Merrill Lynch further objects to the extent it seeks to impose obligations beyond the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware or any other applicable statute, rule, case law or order. Merrill Lynch will comply with its obligations under the Discovery and Scheduling Order.

76.    Merrill Lynch objects to Instruction 19 as vague, overly broad and unduly burdensome. Merrill Lynch further objects to Instruction 19 to the extent it seeks to require Merrill Lynch to search the files of its counsel, advisors, experts or Professionals on the grounds of attorney-client privilege, work product doctrine and/or any other applicable law or privilege. Merrill Lynch further objects to the extent that it seeks the production of documents that are not within Merrill Lynch's possession, custody, or control, including documents from Merrill Lynch's counsel, advisors, testifying and non-testifying experts or representatives.

77.    Merrill Lynch objects to Instruction 20 on the grounds that it is overbroad and unduly burdensome. Merrill Lynch further objects to the extent it seeks to impose obligations beyond the requirements of the FRCP, the FRBP, the Local Rules of the Bankruptcy Court for the District of Delaware, or any other applicable statute, rule, case law or order. Merrill Lynch will comply with its obligations under the Discovery and Scheduling Order.

## SPECIFIC RESPONSES AND
## OBJECTIONS TO SUBPOENA REQUESTS

### REQUEST NO. 1.

All Documents and Communications relating to any Relationship between Tribune and any of the Settling Parties.

### RESPONSE TO REQUEST NO. 1.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 1 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch further objects on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that the Request calls for the production of documents that are not within Merrill Lynch's possession, custody or control and are more readily available from third-parties other than Merrill Lynch.

### REQUEST NO. 2.

All Documents and Communications relating to any Relationship between any Tribune Individual and any of the Settling Parties.

### RESPONSE TO REQUEST NO. 2.

*See* Response to Request No. 1.

### REQUEST NO. 3.

All Documents and Communications relating to any Relationship between any Special Committee Individuals and any of the Settling Parties.

### RESPONSE TO REQUEST NO. 3.

*See* Response to Request No. 1.

**REQUEST NO. 4.**

All Documents relating to any Relationship between any Special Committee Individuals and any of the Committee Individuals.

**RESPONSE TO REQUEST NO. 4.**

*See* Response to Request No. 1.

**REQUEST NO. 5.**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and Tribune.

**RESPONSE TO REQUEST NO. 5.**

*See* Response to Request No. 1.

**REQUEST NO. 6.**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and any of the Tribune Individuals.

**RESPONSE TO REQUEST NO. 6.**

*See* Response to Request No. 1.

**REQUEST NO. 7.**

All Documents and Communications relating to any Relationship between any Committee Individuals or individual members of the Committee, on one hand, and any of the Settling Parties, on the other hand.

**RESPONSE TO REQUEST NO. 7.**

*See* Response to Request No. 1.

**REQUEST NO. 8.**

All Documents and Communications relating to any Relationship between any Committee Individuals and any of the Tribune Individuals.

**RESPONSE TO REQUEST NO. 8.**

*See* Response to Request No. 1.

**REQUEST NO. 9.**

All Documents and Communications relating to any Relationship between any Committee Individuals and any of the Tribune Individuals.

**RESPONSE TO REQUEST NO. 9.**

*See* Response to Request No. 1.

**REQUEST NO. 10.**

All Documents and Communications relating to any Relationship between any Committee Individuals and any of the Tribune Individuals.

**RESPONSE TO REQUEST NO. 10.**

*See* Response to Request No. 1.

**REQUEST NO. 11.**

All Documents and Communications regarding any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and all Documents and Communications regarding any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest.

**RESPONSE TO REQUEST NO. 11.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 11 on the grounds that it is overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Merrill Lynch also objects to this Request on the grounds that the phrase "conflict or potential conflict of interest" is vague, ambiguous, and undefined.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 12.**

All Documents and Communications relating to whether any of the Tribune Individuals, Special Committee Individuals or Committee Individuals were Step One Selling Shareholders.

**RESPONSE TO REQUEST NO. 12.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 12 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch also objects to this Request on the grounds that it is vague to the extent it calls for documents "relating" to whether certain individuals were Step One Selling Shareholders.

**REQUEST NO. 13.**

All Documents and Communications relating to whether any of the Tribune Individuals, Special Committee Individuals or Committee Individuals would receive a release of liability in any capacity pursuant to the Proposed LBO Settlement, the Debtor/Committee/Lender Plan or any Other Potential Settlement.

**RESPONSE TO REQUEST NO. 13.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 13 on the grounds that it is vague, overly broad unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch

further objects on the grounds that it seeks information not within Merrill Lynch's

possession, custody or control and that is more readily available from third-parties other

than Merrill Lynch. Merrill Lynch also objects to the Request to the extent that it calls

for the production of documents protected by the attorney-client privilege, common

interest privilege and/or attorney work-product doctrine. In addition, Merrill Lynch

objects to this Request on the grounds that it is vague to the extent it calls for documents

"relating" to whether certain individuals would receive a release of liability.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents that it has

located in the course of a reasonably diligent search.

## REQUEST NO. 14.

All Documents and Communications relating to any compensation, bonus or other
form of remuneration payable to any Tribune Individual or Special Committee Individual
in connection with a successful reorganization of Debtors or the resolution of disputes
with any or all of the Settling Parties.

## RESPONSE TO REQUEST NO. 14.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 14 on the grounds that it is vague, overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch

further objects on the grounds that it seeks information not within Merrill Lynch's

possession, custody or control and that is more readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 15.

All Documents and Communications relating to any need or desire of Debtors to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

## RESPONSE TO REQUEST NO. 15.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 15 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch also objects to the Request to the extent that the information sought may be protected by the attorney-client privilege, common interest privilege, and/or attorney work-product protection. In addition, Merrill Lynch objects to this Request on the grounds that the phrase "need or desire" is vague, ambiguous and calls for Merrill Lynch to speculate as to other individuals' and entities' states of mind.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 16.

All Documents and Communications relating to any requested or proposed release of liability for (i) any of the Settling Parties or (ii) any other Potential LBO Liability Party.

## RESPONSE TO REQUEST NO. 16.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 16 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product protection and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Merrill Lynch objects to this Request on the grounds that it is vague to the extent it calls for documents "relating" to any requested or proposed release.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 17.

Copies of any engagement letters with any Professional retained by or on behalf of Merrill Lynch, to the extent not previously filed with the Court, and all bills, invoices and time records submitted by such Professionals, to the extent that such material refers

or relates to Settlement Analysis, the Settlement Process, and/or negotiation or drafting of one or more of the Plans.

## RESPONSE TO REQUEST NO. 17.

        Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 17 on the grounds that it is overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege and/or attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 18.

        Copies of any engagement letters with any Professional retained by or on behalf of the Settling Parties, to the extent not previously filed with the Court, and all bills, invoices and time records submitted by such Professionals.

## RESPONSE TO REQUEST NO. 18.

        Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 18 on the grounds that it is vague and unduly burdensome. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege and attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch further states that it will comply with the

Discovery and Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

**REQUEST NO. 19.**

All Documents and Communications relating to the continued employment or affiliation of any Tribune Individual, including but not limited to any Documents or Communications expressing or relating to the views of any Settling Parties concerning such continued employment or affiliation.

**RESPONSE TO REQUEST NO. 19.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 19 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that it is vague to the extent it calls for documents "relating" to "the continued employment or affiliation of any Tribune Individual" or "relating" to "the views of any Settling Parties concerning such continued employment or affiliation."

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 20.**

35

All Documents and Communications relating to the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to any discussion relating to whether Liebentritt's continuing role as general counsel for Debtors created the appearance of a conflict of interest.

## RESPONSE TO REQUEST NO. 20.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 20 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch also objects to on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to Request No. 20 on the grounds that it is vague to the extent it calls for documents "relating" to "the decision to make Don Liebentritt Debtors' Chief Restructuring Officer."

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 21.

All Documents and Communications relating to any Settlement Analysis.

## RESPONSE TO REQUEST NO. 21.

36

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 21 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 22.

All Documents and Communications relating to Settlement Analysis that were provided to, or received from, any Potential LBO Liability Party or other third party.

## RESPONSE TO REQUEST NO. 22.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 22 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 23.**

All Documents and Communications relating to the Settlement Process.

**RESPONSE TO REQUEST NO. 23.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 23 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 24.**

All Documents and Communications relating to the preservation or obligation to preserve Documents and Communications in connection with the LBO, the Debtors' Bankruptcy, the LBO-Related Causes of Action, the Plans, Settlement Analysis, Settlement Process and the Confirmation Hearing, including but not limited to (i) any document retention policy in effect during any part of the period from January 1, 2007 to the present, (ii) any litigation hold notice, or similar notice to retain documents, and (iii) steps taken or considered to be taken in connection with preserving such Documents and Communications.

**RESPONSE TO REQUEST NO. 24.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 24 on the grounds that it is vague, overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects to the extent it calls for the production of documents protected by the attorney-client privilege, common interest privilege and/or attorney work-product doctrine.

**REQUEST NO. 25.**

Documents sufficient to identify all claims made or threatened by any Person arising from or relating to the LBO, and, with respect to such claims, all related demand letters or other correspondence and all pleadings (other than the Complaints), discovery requests, objections and responses to discovery requests, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.

**RESPONSE TO REQUEST NO. 25.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 25 on the grounds that it is vague, overbroad and unduly burdensome, calls for the production of documents protected by the attorney-client privilege, common interest privilege and/or attorney work-product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control, is more readily available from third-parties other than Merrill Lynch, and/or is

publicly available.  In addition, Merrill Lynch objects to this Request on the grounds that

the phrase "threatened by" is vague, ambiguous, and undefined.

## REQUEST NO. 26.

All Documents and Communications relating to the right and/or standing vel non, of the Debtors or any other Person to settle or propose a settlement of the LBO-Related Causes of Action.

## RESPONSE TO REQUEST NO. 26.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above.  Merrill Lynch further objects

to Request No. 26 on the grounds that it is vague, overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Merrill Lynch

further objects to the Request on the grounds that it calls for the production of documents

protected by the attorney-client privilege, common interest privilege, and/or attorney

work-product doctrine.  Merrill Lynch also objects on the grounds that it seeks

information not within Merrill Lynch's possession, custody or control and that is more

readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents that it has

located in the course of a reasonably diligent search.

## REQUEST NO. 27.

All Documents and Communications relating to any presentations made by, on behalf or to the Special Committee or any member of the Special Committee relating to the Settlement Process or Settlement Analysis.

## RESPONSE TO REQUEST NO. 27.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 27 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to the Request on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and that is more readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 28.**

All Documents and Communications related to Tribune exchanged between the Special Committee and (i) any of the Settling Parties, and/or (ii) any Potential LBO Liability Party, from December 20, 2007 to the present.

**RESPONSE TO REQUEST NO. 28.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 28 on the grounds that it is overbroad and unduly burdensome, calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that

Request No. 28 seeks information not within Merrill Lynch's possession, custody or

control and that is more readily available from third-parties other than Merrill Lynch.

Additionally, Merrill Lynch objects on the grounds that Request No. 28 seeks documents

that have been produced to the Document Depository in response to the UCC and WT

Requests.  Moreover, Merrill Lynch objects to the Subpoena Requests' demand that it

search for documents responsive to this request from December 20, 2007 to the present,

as the Special Committee was not even formed until on or about August 27, 2010.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents related to

the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans that it has

located in the course of a reasonably diligent search.

### REQUEST NO. 29.

All Documents and Communications relating to any involvement by Tribune in
Settlement Analysis or the Settlement Process, including but not limited to all
Communications with any Tribune Individual.

### RESPONSE TO REQUEST NO. 29.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above.  Merrill Lynch further objects

to Request No. 29 on the grounds that it is vague, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Merrill Lynch

further objects on the grounds that it seeks information not within Merrill Lynch's

possession, custody or control and that is more readily available from third-parties other

than Merrill Lynch.  Merrill Lynch also objects on the grounds that it calls for the

production of documents protected by the attorney-client privilege, common interest

privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to

this Request on the grounds that the phrase "any involvement by Tribune" is vague,

ambiguous, and undefined.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents related to

the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans that it has

located in the course of a reasonably diligent search.

**REQUEST NO. 30.**

All Documents and Communications relating to the Proposed LBO Settlement, including but not limited to, all Documents relating to the negotiation of the Proposed LBO Settlement or any part thereof, all drafts of the Proposed LBO Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support the Proposed LBO Settlement.

**RESPONSE TO REQUEST NO. 30.**

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 30 on the grounds that it is vague, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also

objects on the grounds that it calls for the production of documents protected by the

attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine. In addition, Merrill Lynch objects to this Request on the grounds that the

phrase "relied on or considered by any Person in deciding whether or not to agree to or

support the Proposed LBO Settlement" is vague and undefined.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 31.**

All Documents and Communications relating to the April Proposed Settlement, including but not limited to, all Documents relating to the negotiation of the April Proposed Settlement or any part thereof, all drafts of the April Proposed Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support the April Proposed Settlement.

**RESPONSE TO REQUEST NO. 31.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 31 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that the phrase "relied on or considered by any Person in deciding whether or not to agree to or support the April Proposed Settlement" is vague and undefined.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 32.**

All Documents and Communications relating to any Other Potential Settlement, including but not limited to, all Documents relating to the negotiation of any Other

Potential Settlement or any part thereof, all drafts of any Other Potential Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support such Other Potential Settlement.

**RESPONSE TO REQUEST NO. 32.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 32 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that the phrase "relied on or considered by any Person in deciding whether or not to agree to or support such Other Potential Settlement" is vague and undefined.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 33.**

All Documents or Communications relating to discussions or negotiations with Aurelius or any co-proponent of the Noteholder Plan regarding Settlement Analysis, the Settlement Process, or any of the Plans.

**RESPONSE TO REQUEST NO. 33.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 33 on the grounds that it is vague, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents related to the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans that it has located in the course of a reasonably diligent search.

## REQUEST NO. 34.

All Documents and Communications relating to Aurelius or any co-proponent of the Noteholder Plan.

## RESPONSE TO REQUEST NO. 34.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 34 on the grounds that it is vague, overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that it is duplicative of Request No. 33 and has no temporal limitations.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents related to

the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans that it has located in the course of a reasonably diligent search.

## REQUEST NO. 35.

All Documents and Communications relating to any objection to any aspect of the Noteholder Plan.

## RESPONSE TO REQUEST NO. 35.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch further objects to Request No. 35 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects to the Request as premature.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 36.

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of any claim, counterclaim, cross-claim, or third-party claim for indemnification, contribution, or otherwise, relating to the LBO-Related Causes of Action.

## RESPONSE TO REQUEST NO. 36.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch objects to Request No. 36 on the grounds that it is vague, overbroad and unduly burdensome.

Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 37.

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of the value of the Preserved Causes of Action.

## RESPONSE TO REQUEST NO. 37.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch further objects to Request No. 37 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch also objects on the grounds that this request calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 38.

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of the potential impact of the bar order contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan on the value of the Preserved Causes of Action.

## RESPONSE TO REQUEST NO. 38.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch further objects to Request No. 38 on the grounds that it is vague, overbroad and unduly burdensome. Merrill Lynch also objects to Request No. 38 on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 39.

All Documents and Communications relating to the Examiner or the development of the Examiner's Report, including all interviews by, or Communications with, the Examiner.

## RESPONSE TO REQUEST NO. 39.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 39 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, not relevant, and not reasonably calculated to the lead to the discovery of

admissible evidence. Merrill Lynch further objects on the grounds that it calls for

documents protected by the attorney-client privilege and/or attorney work-product

doctrine and material protected from disclosure by the Examiner Order and/or Discharge

Order. Merrill Lynch also objects to the extent that it calls for information that is

publicly available. In addition, Merrill Lynch objects to this Request on the grounds that

the phrase "development of the Examiner's Report" is vague and ambiguous.

### REQUEST NO. 40.

All Documents and Communications relating to the Examiner's Report, including
but not limited to any discussions, analyses, critiques or evaluations of the conclusions or
calculations set forth in the Examiner's Report or any of the evidence contained or
referred to therein, and any follow-up investigation or analysis of any Person(s) discussed
in the Examiner's Report.

### RESPONSE TO REQUEST NO. 40.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 40 on the grounds that it is overbroad, vague, ambiguous, unduly

burdensome, not relevant, and not reasonably calculated to the lead to the discovery of

admissible evidence. Merrill Lynch further objects on the grounds that it calls for

documents protected by the attorney-client privilege and/or attorney work-product

doctrine and material protected from disclosure by the Examiner Order and/or Discharge

Order. Merrill Lynch also objects to the extent it calls for information that is publicly

available.

### REQUEST NO. 41.

All Documents and Communications requested by but not produced to the
Examiner.

**RESPONSE TO REQUEST NO. 41.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch objects to Request No. 41 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, not relevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for documents protected by the attorney-client privilege and/or attorney work-product doctrine and material protected from disclosure by the Examiner Order and/or Discharge Order.

**REQUEST NO. 42.**

All Communications or notes relating to Communications with the Examiner.

**RESPONSE TO REQUEST NO. 42.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch objects to Request No. 42 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, not relevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for documents protected by the attorney-client privilege and/or attorney work-product doctrine and material protected from disclosure by the Examiner Order and/or Discharge Order.

**REQUEST NO. 43.**

To the extent not contained within the Document Depository, all Documents and Communications relating to the LBO or actual or proposed financing thereof, including, but not limited to:

i.   any presentations, proposals, term sheets, commitment letters, credit committee memoranda, meeting minutes, reports, summaries, analyses, comments or discussions;

ii.   any projections or forecasts of Tribune's (or any Tribune Entity's) financial, cash flow, or operating performance, liquidity, and available capital including sources created between January 1, 2006 and December 31, 2008;

iii.   all Tribune Entities' balance sheets, income statements, statements of cash flow, liquidity or capital adequacy analyses, general ledgers or other similar financial report of any kind or nature created between January 1, 2006 and December 31, 2008;

iv.   any Documents or Communications relating to the structure of the LBO, including but not limited to the decision to carry out the LBO in two steps;

v.   any Documents or Communications relating to the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) created between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of the Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due, and whether the Step Two Lenders (as defined in the Examiner's Report) should fund the Step Two Transactions; and

vi.   the personnel files of all executives and/or management-level individuals involved with the LBO.

## RESPONSE TO REQUEST NO. 43.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects on the grounds that Request No. 43 is overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch also objects to the term "Step Two Transactions" as vague and ambiguous. In addition, Merrill Lynch objects to this request on the grounds that it seeks the production of documents, or information, not in Merrill Lynch's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiving these objections and the General Objections, Merrill Lynch states, as previously described, *see supra* General Objection No. 10, that it conducted an extensive collection, review and production of information and materials relating to the LBO-Related Causes of Action. Merrill Lynch further refers Law Debenture to the Document Depository.

## REQUEST NO. 44.

All Documents and Communications relating to Murray Devine, including, but not limited to, all reports and Documents created by Murray Devine, all correspondence with Murray Devine and any Documents and Communications reflecting discussions with Murray Devine reflecting the possibility of Murray Devine issuing an opinion respecting Tribune.

## RESPONSE TO REQUEST NO. 44.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch objects to Request No. 44 on the grounds that it is vague, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch

further objects on the grounds that it calls for the production of documents protected by

the attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine. Merrill Lynch also objects to the extent that it calls for information not within

Merrill Lynch's possession, custody or control and more readily available from Murray

Devine or third-parties other than Merrill Lynch. Merrill Lynch objects to the production

of documents responsive to this request on the grounds that Merrill Lynch produced non-

privileged documents responsive to this request to the Document Depository in response

to the UCC and WT Requests.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents that it has

located in the course of a reasonably diligent search.

### REQUEST NO. 45.

To the extent not contained within the Document Depository, all Documents or
Communications relating to the purchase, sale, assignment, or other acquisition or
disposition by any of (a) the Tribune Individuals, (b) the Special Committee individuals,
(c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior
Notes, PHONES Notes, Senior Loans or Bridge Loans, including, but not limited to, any
Documents and Communications relating to the instruments by which such Person
purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO
Lender Debt.

### RESPONSE TO REQUEST NO. 45.

Merrill Lynch objects to Request No. 45 on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to

the lead to the discovery of admissible evidence. Merrill Lynch further objects to

Request No. 45 on the grounds that it calls for the production of documents, or

information, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Merrill Lynch or customers or clients of Merrill Lynch or its legal or financial advisers. Merrill Lynch further objects to Request No. 45 on the grounds that it seeks the production of documents, or information, not in Merrill Lynch's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 45, Merrill Lynch states, as previously described, see *supra* General Objection No. 10, that it conducted an extensive collection, review and production of information and materials relating to the LBO-Related Causes of Action. Merrill Lynch further refers Law Debenture to the Document Depository.

## REQUEST NO. 46.

To the extent not contained within the Document Depository, all Documents and Communications relating to the purchase, sale, assignment, or other acquisition or disposition by any of the Tribune Individuals or any of the Settling Parties of any other economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests, swaps, derivatives, or options.

## RESPONSE TO REQUEST NO. 46.

Merrill Lynch objects to Request No. 46 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects to Request No. 46 on the grounds that it calls for the production of documents or information containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Merrill Lynch, its customers, clients

or its legal or financial advisers.  Merrill Lynch further objects to Request No. 46 on the

grounds that it seeks the production of documents, or information, not in Merrill Lynch's

possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific

objections, in response to Request No. 46, Merrill Lynch states, as previously described,

see *supra* General Objection No. 10, that it conducted an extensive collection, review and

production of information and materials relating to the LBO-Related Causes of Action.

Merrill Lynch further refers Law Debenture to the Document Depository.

### REQUEST NO. 47.

To the extent not contained within the Document Depository, all Documents and
Communications relating to the circumstances under which any Settling Party was
selected for, or otherwise became involved in any aspect of the LBO, but excluding LBO
documents not relating to such circumstances.

### RESPONSE TO REQUEST NO. 47.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above.  Merrill Lynch further objects

to Request No. 47 on the grounds that it is vague, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Merrill Lynch also

objects on the grounds that it seeks information not within Merrill Lynch's possession,

custody or control and more readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch states, as previously described, *see supra* General Objection

No. 10, that it conducted an extensive collection, review and production of information

and materials relating to the LBO-Related Causes of Action.  Merrill Lynch further refers

Law Debenture to the Document Depository.

## REQUEST NO. 48.

All Documents and Communications relating to the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited to, the allocation of Enterprise Value or Equity Value as between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and Communications relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

## RESPONSE TO REQUEST NO. 48.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above.  Merrill Lynch further objects

to Request No. 48 on the grounds that it is vague, overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Merrill Lynch

further objects to the extent that it calls for the production of documents protected by the

attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine.  Merrill Lynch also objects on the grounds that it seeks information not within

Merrill Lynch's possession, custody or control and more readily available from third-

parties other than Merrill Lynch.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents that it has

located in the course of a reasonably diligent search.

## REQUEST NO. 49.

All Documents and Communications relating to the actual or potential recoveries by or distributions to holders of the Senior Notes or the PHONES Notes pursuant to the Debtor/Committee/Lender Plan or any other actual or proposed plan of reorganization.

## RESPONSE TO REQUEST NO. 49.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 49 on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this request on the grounds that it seeks the production of documents, or information, not in Merrill Lynch's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 50.

All Documents relating to the projected valuation and capitalization of the Debtors post-bankruptcy, including Documents relating to leverage, liquidity, and pro-forma cap structure.

## RESPONSE TO REQUEST NO. 50.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 50 on the grounds that it is overly broad, unduly burdensome, not relevant

and is not reasonably calculated to lead to the discovery of admissible evidence. Merrill

Lynch further objects to the extent that it calls for the production of documents protected

by the attorney-client privilege and/or attorney work-product doctrine. Merrill Lynch

also objects on the grounds that it seeks information not within Merrill Lynch's

possession, custody or control and more readily available from third-parties other than

Merrill Lynch.

Subject to and without waiving these objections and the General

Objections, Merrill Lynch will produce non-privileged responsive documents that it has

located in the course of a reasonably diligent search.

## REQUEST NO. 51.

All Documents and Communications relating to the Standing Motion, including
any of the draft complaints filed or circulated by the Committee.

## RESPONSE TO REQUEST NO. 51.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 51 on the grounds that it is overbroad, unduly burdensome, not relevant

and not reasonably calculated to lead to the discovery of admissible evidence. Merrill

Lynch also objects on the grounds that it calls for the production of documents protected

by the attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine. Merrill Lynch also objects on the grounds that it seeks information not within

Merrill Lynch's possession, custody or control, more readily available from third-parties

other than Merrill Lynch and/or publicly available.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 52.

All drafts of the Debtor/Committee/Lender Plan and Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan, and all Documents and Communications relating to any such drafts.

## RESPONSE TO REQUEST NO. 52.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch further objects to Request No. 52 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that it is not a Plan Proponent, and documents responsive to this Request should be sought from the Proponents of Debtor/Committee/Lender Plan in the first instance.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 53.

All drafts of the Joint Disclosure Statement, and all Documents and Communications relating to any such drafts.

## RESPONSE TO REQUEST NO. 53.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. Merrill Lynch further objects to Request No. 53 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch objects to this Request on the grounds that it is not a Plan Proponent, and documents responsive to this Request should be sought from the relevant Plan Proponents.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 54.

All drafts of any Rule 9019 Motion relating to the Proposed LBO Settlement, and all Documents and Communications relating to any such drafts.

## RESPONSE TO REQUEST NO. 54.

Merrill Lynch objects to Request No. 54 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 55.

All drafts of any confirmation brief relating to the Debtor/Committee/Lender Plan, and all Documents and Communications relating to any such drafts.

## RESPONSE TO REQUEST NO. 55.

Merrill Lynch objects to Request No. 55 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the ground that it is premature and beyond what is required under the Discovery and Scheduling Order.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 56.

All Documents and Communications relating to the proposed confirmation schedule and parameters of confirmation-related discovery, including, but not limited to (i) Documents, Communications and drafts relating to the Debtors' motion to set the confirmation schedule and establish parameters of confirmation-related discovery, filed with the Court on November 8, 2010, (ii) Documents and Communications relating to the Discovery and Scheduling Order for Plan Confirmation, attached as Exhibit G to the Objection of Aurelius Capital Management, LP To The Debtors' Motion For Entry Of An Order Setting Confirmation Schedule And Establishing Parameters Of Confirmation-Related Discovery, filed with the Court on November 22, 2010 and (iii) Documents and

Communications relating to the Black Line Order Proposed by Aurelius and the Order Proposed by the Debtors, attached as Exhibit G to the Omnibus Reply of Debtors To Objections To Solicitation Motion And In Support Of Entry Of An Order Imposing Reasonable Limitation On Confirmation-Related Discovery And The Confirmation Hearing, filed with the Court on November 24, 2010.

## RESPONSE TO REQUEST NO. 56.

Merrill Lynch objects to Request No. 56 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 57.

All Communications with the Debtors, Settling Parties and/or other Potential LBO Liability Parties relating to the Mediation or the Mediator.

## RESPONSE TO REQUEST NO. 57.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 57 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine and the Mediation Order. Merrill Lynch also objects on the grounds that it seeks

information not within Merrill Lynch's possession, custody or control.

## REQUEST NO. 58.

All Documents and Communications relating to any direct or indirect economic interest in Tribune held by any of the Tribune Individuals or any of the Settling Parties, including, but not limited to, claims for which any of the Tribune Individuals or any of the Settling Parties has the ability to control the vote of (either contractually or otherwise), long positions, short positions, swap positions, participations, and any other derivative positions, by tranche or series, if applicable, including the date of issuance of such tranche or series, and any short positions or derivative exposure.

## RESPONSE TO REQUEST NO. 58.

Merrill Lynch incorporates by reference its General Objections and

Objections to Definitions and Instructions as set forth above. Merrill Lynch further

objects to Request No. 58 on the grounds that it is overly broad, unduly burdensome,

vague, unintelligible, and ambiguous. Merrill Lynch further objects on the grounds that it

calls for the production of documents protected by the attorney-client privilege, common

interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on

the grounds that it seeks information not within Merrill Lynch's possession, custody or

control. Moreover, Merrill Lynch objects to this Request to the extent it calls for the

production of documents or information containing confidential financial, trade secret, or

proprietary information, the disclosure of which could adversely affect Merrill Lynch and

its customers, clients or legal or financial advisors. Additionally, Merrill Lynch objects

that this request as overly broad, vague and ambiguous as it does not set forth a specific

date for which to collect responsive documents. Merrill Lynch also objects to Request

No. 58 on the grounds that the phrase "ability to control the vote of (either contractually or otherwise)" is vague and ambiguous.

**REQUEST NO. 59.**

All Documents that Merrill Lynch relied on in determining, or will rely on in arguing, that the Proposed LBO Settlement is in the best interest of the Estates and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**RESPONSE TO REQUEST NO. 59.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 59 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects to the extent that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. To the extent Request No. 59 seeks documents that Merrill Lynch "will rely on . . . ," Merrill Lynch also objects on the ground that it is premature and beyond what is required under the Discovery and Scheduling Order.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 60.**

All Documents and Communications upon which Merrill Lynch intends to rely in connection with the Confirmation Hearing.

**RESPONSE TO REQUEST NO. 60.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 60 on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. Merrill Lynch further objects to the extent that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the ground that it is premature and beyond what is required under the Discovery and Scheduling Order.

Subject to and without waiving these objections and the General Objections, Merrill Lynch further states that it will comply with its obligations under the Discovery and Scheduling Order.

## REQUEST NO. 61.

All Documents and Communications relating to any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," or any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

## RESPONSE TO REQUEST NO. 61.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 61 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine. In addition, Merrill Lynch further objects to this Request on the grounds that the phrases "purity plan" and "post-emergence resolution" are vague and undefined.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 62.

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).

## RESPONSE TO REQUEST NO. 62.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 62 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and more readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 63.

All Documents and Communications relating to the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

**RESPONSE TO REQUEST NO. 63.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 63 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 64.**

All Documents and Communications relating to any inter-company claim analysis or evidencing current claims between Debtor entities.

**RESPONSE TO REQUEST NO. 64.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 64 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the grounds that it seeks

68

information not within Merrill Lynch's possession, custody or control and more readily available from third-parties other than Merrill Lynch.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 65.

All Documents and Communications relating to the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

## RESPONSE TO REQUEST NO. 65.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 65 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 66.

All Documents and Communications relating to the allowance and treatment of claims of general unsecured creditors of the Debtors and Subsidiary Debtors (as defined in the Debtor/Committee/Lender Plan), including, but not limited to, Documents and

Communications relating to how the proposed treatment of such claims changed over time.

**RESPONSE TO REQUEST NO. 66.**

      Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 66 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

      Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 67.**

      All Documents and Communications relating to the retention by the Debtors and their Estates of the Ordinary Litigation Claims (as defined on Page 20 of the Debtor/Committee/Lender Plan), as described in Section 5.16 of the Debtor/Committee/Lender Plan.

**RESPONSE TO REQUEST NO. 67.**

      Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 67 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the

attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 68.

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment, or evaluation of the Bridge Loan Reserve (as defined on Page 4 of the Debtor/Committee/Lender Plan).

## RESPONSE TO REQUEST NO. 68.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 68 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 69.

All Documents and Communications relating to the Swap Claim (as defined by the Debtor/Committee/Lender Plan), including the identity of the past or current holder(s) or owner(s) of such claim, any assessment or review of Debtors' potential liability on the

Swap Claim, and the negotiation of its allowance and classification in the Debtor/Committee/Lender Plan.

**RESPONSE TO REQUEST NO. 69.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 69 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. In addition, Merrill Lynch also objects to this Request to the extent that the "identity of past or current holders or owners" of the Swap Claim constitutes confidential financial, trade secret, or proprietary information, the disclosure of which could adversely affect Merrill Lynch and its customers, clients or legal or financial advisors.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 70.**

All Documents and Communications relating to the PHONES Notes, including the identity of the past or current holder(s) or owner(s) of such PHONES Notes, any assessment or review of Debtors' potential liability for a greater amount than that allowed for the PHONES Notes Claims (as defined by the Debtor/Committee/Lender Plan), and the negotiation of its allowance and classification of the PHONES Notes Claims in the Debtor/Committee/Lender Plan.

**RESPONSE TO REQUEST NO. 70.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects

to Request No. 70 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine. Merrill Lynch also objects on the grounds that it seeks information not within Merrill Lynch's possession, custody or control and more readily available from third-parties other than Merrill Lynch. In addition, Merrill Lynch objects to this Request to the extent that the "identity of past or current holders or owners" of the PHONES Notes constitutes confidential financial, trade secret, or proprietary information, the disclosure of which could adversely affect Merrill Lynch and its customers, clients or legal or financial advisors. Moreover, Merrill Lynch objects to this request as it is duplicative of the UCC and WT Requests. Merrill Lynch has conducted an extensive collection, review and production of information and materials relating to the LBO-Related Causes of Action, including documents related to the PHONES Notes. Merrill Lynch further refers Law Debenture to the Document Depository.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents related to the April Proposed Settlement, the Proposed LBO Settlement, and/or the Plans that it has located in the course of a reasonably diligent search.

### REQUEST NO. 71.

All Documents and Communications relating to the Retiree Claimant Settlement Agreement (as defined by the Debtor/Committee/Lender Plan), including the identity of the past or current Retiree Claimants (as defined by the Debtor/Committee/Lender Plan), any assessment or review of Debtors' potential liability to the Retiree Claimants, and the

73

negotiation and Plan treatment of the Retiree Claimant Settlement Agreement in the Debtor/Committee/Lender Plan.

**RESPONSE TO REQUEST NO. 71.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 71 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 72.**

All prior document requests or subpoenas received by Merrill Lynch in connection with the above-captioned case or any related adversary proceeding and all subsequent Communications concerning (i) such requests or subpoenas; (ii) any objections or clarifications thereto; or (iii) any subsequent production.

**RESPONSE TO REQUEST NO. 72.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 72 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to the extent that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product

doctrine. Merrill Lynch also objects to the extent it seeks documents that are publicly available. In addition, Merrill Lynch objects to this Request to the extent it calls for the production of documents subject to the terms of the Examiner Order and the Discharge Order.

**REQUEST NO. 73.**

Any and all privilege log(s) created in connection with the above-captioned case, whether or not those privilege log(s) was/were produced to any other party.

**RESPONSE TO REQUEST NO. 73.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 73 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 74.**

All documents and Communications relating to the withdrawal of the Step One Lender Plan.

**RESPONSE TO REQUEST NO. 74.**

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 74 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the

attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 75.

All Documents and Communications relating to any consideration received by the proponents of the Step One Lender Plan in connection with the withdrawal of the Step One Lender Plan.

## RESPONSE TO REQUEST NO. 75.

Merrill Lynch incorporates by reference its General Objections and Objections to Definitions and Instructions set forth above. Merrill Lynch further objects to Request No. 75 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects on the grounds that it calls for the production of documents protected by the attorney-client privilege, common interest privilege, and/or attorney work-product doctrine.

Subject to and without waiving these objections and the General Objections, Merrill Lynch will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

Dated:  December 30, 2010

POTTER ANDERSON & CORROON LLP

*[signature]*

Laurie Selber Silverstein (DE Bar No. 2396)
R. Stephen McNeill (DE Bar No. 5210)
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000

-and-

KAYE SCHOLER LLP
Madlyn Gleich Primoff
Jane W. Parver
Joseph M. Drayton
425 Park Avenue
New York, New York  10022

*Counsel for Merrill Lynch Capital Corporation* and *Merrill Lynch, Pierce, Fenner & Smith Incorporated*

PAC #995197 / 33740