# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| TRIBUNE COMPANY, *et al.* : | Case No. 08-13141 (KJC) |
| : | Jointly Administered |
| Debtors. : | |
| : | |

## DECLARATION OF MATTHEW STEIN

MATTHEW STEIN, hereby declares, pursuant to Local Rule 7026-1(c), for the United States Bankruptcy Court, District of Delaware, that the following is true and correct to the best of his knowledge, information, and belief:

1. I am an associate in the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel for Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee, in the above-referenced adversary proceeding.

2. On December 20, 2010, the Court entered a Discovery and Scheduling Order for Plan Confirmation mandating that if any discovery dispute arises, the Parties to the dispute shall meet and confer within three business days of any Party's request for such a meet and confer conference.

3. On December 17, 2010, Law Debenture served its first request for the production of documents on Angelo, Gordon & Co., L.P. ("Angelo Gordon"), Oaktree Capital Management, L.P., ("Oaktree") and Hennigan, Bennett & Dorman LLP ("HBD"), Oaktree's counsel.

4. On January 3, 2011, Angelo Gordon served its objections and responses to Law Debenture's document requests.

5. On January 4, 2011, Oaktree and HBD served their objections and responses to the Requests.

6. Following receipt of Angelo Gordon's Objections, as well as Oaktree's and HBD's Objections, Law Debenture attempted to meet and confer to avoid unnecessary motion practice and bridge the parties' differences.

7. By separate emails, each dated January 9, 2011, Law Debenture addressed Angelo Gordon's Objections as well as Oaktree's and HBD's Objections.

8. On January 11 and 12, 2011, Law Debenture, Angelo Gordon, Oaktree, and HBD met and conferred regarding the discovery disputes.

9. During the meet and confer, Law Debenture agreed to accept a chart of the holdings of Angelo Gordon and Oaktree in lieu of a production relating to Angelo Gordon's interests in Tribune and discussed a narrower search term list of 66 terms that were previously circulated on January 8, 2011. The parties also were able to reach a compromise on the requests relating to Angelo Gordon's and Oaktree's economic interests in Tribune.

10. However, Angelo Gordon, Oaktree and HBD refused to produce three categories of documents: (i) responsive documents prior to May 21, 2010 with respect to Angelo Gordon and prior to December 15, 2009 with respect to Oaktree and HBD; (ii) documents concerning the parties' relationships; and (iii) documents relating to Angelo Gordon's and Oaktree's ownership in the Media Entities as well as to the FCC approval process.

11. Further, Angelo Gordon, Oaktree, and HBD could not agree to Law Debenture's proposed list of search terms. Counsel for Angelo Gordon said that it may be willing to use some additional search terms to collect responsive documents, but refused to use the search term

"TRB," claiming too many documents would be captured by that search term. Angelo Gordon stated, however, that they had searched for "TRB" in connection with a prior production.

12. Angelo Gordon also refused to affirmatively demonstrate why other key search terms could not be used in locating responsive documents. To date, Angelo Gordon has not expanded its search, has rejected most of Law Debenture's proposed search terms and has not offered a proposal of its own.

13. During the meet and confers, Oaktree and HBD insisted on using specific domain name restrictions to limit the potential sources and recipients of relevant emails. In doing so, Oaktree and HBD excluded utilizing the search terms "Tribune," "Trib" and "TRB" from their list. When this point was raised with Oaktree and HBD, they claimed they would reconsider their position and run test searches using the terms "Tribune," "Trib" and "TRB" to determine the number of documents that would be pulled from that search. No feedback from these test searches has been provided and no counter-proposal has been made with respect to Law Debenture's list of search terms.

14. During the January 11, 2011 meet and confer session, Angelo Gordon claimed that one of the reasons they would not produce documents prior to May 21, 2010 was because they made a prior production. However, despite Law Debenture asking Angelo Gordon to detail their search and collection efforts for that prior production, Angelo Gordon has not provided any information about the date ranges, search parameters and methodology they employed.

15. Oaktree and Angelo Gordon further stated that they would not search for documents during the period prior to the entry of the Document Depository Order because such documents were irrelevant. The correlation between the entry of the Document Depository Order and the potential relevance of documents remains unclear.

3

16. During the January 12, 2011 meet and confer, counsel for Angelo Gordon, Oaktree, and HBD were informed that Law Debenture was fully prepared to address the FCC-related discovery dispute as it had its FCC counsel on the call. However, the parties claimed that they were unprepared to deal with those issues during that call and would schedule another call for a later date to deal with the FCC discovery dispute.

17. In light of the upcoming motion deadlines, Law Debenture's counsel made clear on that call that it would seek appropriate relief from the court to the extent any discovery issues remained unresolved.

18. To date, no meet and confer has been scheduled to address the FCC-related discovery.

19. On January 13, 2011, Law Debenture, Angelo Gordon, Oaktree, and HBD held a final meet and confer at which they agreed that no further progress was possible.

20. Accordingly, a reasonable effort has been made to reach agreement with the opposing party on the matters forth in the motion to compel.

Dated: New York, New York
       January 14, 2011

_____
Matthew Stein