| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY *et al.,* | : | Case No. 08-13141 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | **Hearing Date: 1/21/11 @ 10:00 a.m.**<br>**Related Docket No. 7091** |

**JOINDER OF AURELIUS CAPITAL MANAGEMENT, LP
IN THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER CONFIRMING THAT THE COURT'S
OCTOBER 27, 2010 ORDER GRANTED THE COMMITTEE STANDING
WITH RESPECT TO ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINTS
IN ADVERSARY PROCEEDING NOS. 10-53963 AND 10-54010**

Aurelius Capital Management, LP ("Aurelius"), by and through its undersigned counsel, respectfully joins in the relief sought by the December 7, 2010 motion (the "Motion to Confirm Standing") [D.I. 7091] of The Official Committee of Unsecured Creditors (the "Committee") of the Tribune Company ("Tribune" or the "Company") and its various debtor-subsidiaries (collectively, the "Debtors") for entry of an order confirming that the Court's October 27, 2010 order granting the Committee standing on behalf of the Debtors' estates to commence, prosecute and settle claims and counterclaims arising out of or in connection with the Debtors' 2007 leveraged buyout transaction ("LBO") encompasses all claims set forth in the Committee's Amended Complaints filed on December 7, 2010 in Adv. No. 10-53963 (the "Lender Action") and Adv. No. 10-54010 (the "Third Party Action") (collectively, the "LBO Actions"). Aurelius further joins in, adopts and incorporates herein by reference the Reply filed by the Committee on this date in further support its Motion to Confirm Standing. The primary purpose of this joinder is to highlight certain arguments made in the Committee's Reply in refutation of arguments made

by Sam Zell and EGI-TRB L.L.C. (the "Zell Parties") in their Limited Objection to the Motion to Confirm Standing.[1]

## ARGUMENT

As is clear from the Examiner's Report and set forth in the Amended Third Party Complaint, Sam Zell was the principal architect of the disastrous LBO that forced Tribune into bankruptcy. Using little of his own assets, Zell designed and implemented a plan that would gain him control of the Company while minimizing his own risk exposure and shifting the risk that the transaction would fail onto the Company's shareholders and/or pre-existing lenders. *See, e.g.*, Examiner's Report, Vol. 1 at 381-401, 653-670; Amended Third Party Compl. ¶¶ 2-3, 57-58, 109-113, 118-131, 348-368. Elected to Tribune's Board on May 9, 2007 (*before* the closing of *both* Step One and Step Two), Zell played a central role in spearheading the LBO through to its calamitous conclusion, including dangling significant financial incentives in front of Tribune officers to induce them to support the transaction whether or not it was in Tribune's best interest. Amended Third Party Compl. ¶¶ 118-131.[2]

Notwithstanding their pivotal role in this ruinous transaction, the Zell Parties come before the Court in the guise of a Limited Objection to the Committee's Motion to Confirm Standing, and argue that they should essentially receive a "free pass" on the substantial claims against them

---

[1] Unless otherwise defined, capitalized terms herein shall have the meanings ascribed to them in the Committee's Reply.

[2] The Amended Third Party Complaint asserts claims against the Zell Parties for breach of fiduciary duty (Count Two), aiding and abetting breach of fiduciary duty (Count Seven), violation of Delaware General Corporation Law sections 160 and/or 173 (Count Eleven), Unjust Enrichment (Count Twelve), Intentional Fraudulent Transfer (Count Thirteen), recharacterization for the EGI-TRB Exchangeable Note as equity (Count Seventeen), constructive and/or intentional fraudulent transfer (Count Eighteen), and preference (Count Nineteen).

100541501 v2

because, they assert, the Examiner found the claims unlikely to succeed. The Zell Parties'

argument should be flatly rejected. For one thing, as explained in the Committee's Reply, the

Zell Parties have no procedural leg to stand on in seeking to revisit the Court's October 27, 2010

Standing Order, which conferred standing on the Committee to commence and prosecute all of

these claims. But even aside from the clear procedural bar to their belated challenge to the

Committee's standing, the Zell Parties' assertion that they were somehow exonerated by the

Examiner's findings is simply wrong.

Far from vindicating the Zell Parties, the Examiner's Report provides significant support

for a number of the principal avoidance claims against them. For example, the Examiner's

finding of intentional fraud at Step Two of the LBO provides a firm foundation for the

intentional fraudulent transfer claims against them (Counts Thirteen and Eighteen). And as

discussed in the Committee's Reply, the Examiner effectively left in equipoise the question of

whether the preference claim against the Zell Parties (Count Nineteen) was likely to succeed.

Examiner's Report, Vol. 2 at 311 ("It is unclear whether satisfaction of the Exchangeable

EGI-TRB Note constitutes a preferential transfer."); 314 ("[W]hen Tribune satisfied the

Exchangeable EGI-TRB Note during the one-year reach-back period applicable to transfers to

3

insiders, a transfer occurred on account of an antecedent debt, thereby giving rise to a prima facie preferential transfer.")[3]. This is a far cry from the exoneration extolled by the Zell Parties.[4]

The claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty (Counts Two and Seven) are likewise supported by the Examiner's findings of willful misconduct on the part of Tribune's senior financial officers at Step Two and significant lapses by Tribune's Board – which included Zell – during the period leading to Step Two. With regard to the latter, the Examiner concluded that "reasonable people could disagree" about whether the conduct of Tribune directors at Step Two amounted to a breach of fiduciary duty. Examiner's Report, Vol. 2 at 385. Moreover, as discussed in the Committee's Reply, the Examiner expressly stated that his investigation was incomplete with respect to the Zell Parties' potential liability for aiding and abetting breach of fiduciary duty. (*Id.* at 397.) According to the Examiner, "with the benefit of more time, he would have further investigated the interactions between personnel at the Zell Group and Tribune's senior financial management in relation to the October 2007 projections and the senior financial management's interactions with the Zell Group and VRC." *Id.* This is hardly the exculpation that the Zell Parties claim it to be.

---

[3] The Examiner went on to consider potential defenses to a preference claim against the Zell Parties, and found that it was reasonably likely that the "ordinary course of business" defense might apply, but also reasonably likely that a "new value" defense would *not* succeed. *Id.* At 317, 319. That the Examiner concluded the Zell Parties may or may not have a viable defense to a preference claim hardly renders that claim non-colorable.

[4] In addition to laying a solid foundation for avoidance claims against the Zell Parties themselves, the Examiner's Report left in "equipoise" the question of whether the holders of the EGI-TRB Notes should be allowed to participate in any recoveries from avoidance actions against others (Report, Vol. 2 at 298-303).

4

CONCLUSION

For all of the reasons stated in the Committee's Motion to Confirm Standing and Reply

as well as the reasons stated in this Joinder, Aurelius respectfully requests that the Zell Parties'

Limited Objection be overruled and that the relief requested in the Motion to Confirm Standing

be granted in all respects.

Dated: New York, New York
       January 18, 2011

Respectfully submitted,

ASHBY & GEDDES, P.A.

William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Philip C. Dublin
David Zensky
One Bryant Park
New York, NY 10036
(212) 872-1000

*Counsel for Aurelius Capital Management, LP*

5