# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---

In re:                              : Chapter 11
                                    :
TRIBUNE COMPANY, et al.             : Case No. 08-13141 (KJC)
                                    : Jointly Administered
                Debtors.            :
                                    :

---

## DECLARATION OF DAVID M. ZENSKY IN SUPPORT OF MOTIONS TO COMPEL FILED BY THE NOTEHOLDER PLAN PROPONENTS

DAVID M. ZENSKY, hereby declares, pursuant to Local Rule 7026-1(c), for the United States Bankruptcy Court, District of Delaware, that the following is true and correct to the best of his knowledge, information, and belief:

1. I am a partner with the law firm of Akin Gump Strauss Hauer & Feld, LLP, counsel to Aurelius Capital Management, L.P., on behalf of its managed entities, ("Aurelius"), a creditor in the above-captioned chapter 11 cases. I submit this declaration pursuant to Local Rule 7026-1(c) in support of three motions to compel jointly filed by the Noteholder Plan Proponents[1] with this Court on January 14, 2011 [Dkt. #s 7517, 7519 and 7527], pursuant to the Court's Order issued during the telephonic conference held on January 10, 2011 (collectively, the "Motions to Compel").

---

[1] The Noteholder Plan Proponents are Aurelius, Law Debenture Trust Company of New York, as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096 ("Law Debenture"), Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee under certain indentures by and between Tribune ("DBTCA"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust").

2. On December 3, 2010, the Noteholder Plan Proponents served their first and second sets of requests for the production of documents on the Debtors.[2] On December 8, 2010, the Noteholder Plan Proponents served separate subpoenas for the production of documents on counsel to the Debtors, Sidley Austin LLP, and counsel to the Special Committee formed by the Debtors in August 2010 (the "2010 Special Committee"), Jones Day.

3. On December 9, 2010, the Noteholder Plan Proponents served their first set of requests for the production of documents on JPMorgan (as defined therein) and a separate subpoena on JPMorgan's counsel, Davis Polk & Wardwell, LLP ("Davis Polk").

4. On December 10, 2010, the Noteholder Plan Proponents served their first set of requests for the production of documents on the Official Committee of Unsecured Creditors (the "Committee"). On December 13, 2010, the Noteholder Plan Proponents served separate subpoenas on the Committee's counsel, Chadbourne & Parke LLP ("Chadbourne") and Zuckerman Spaeder LLP ("Zuckerman"), requesting the production of documents.

5. On December 17, 2010, the Debtors served their responses and objections to the Noteholder Plan Proponents' first and second sets of document requests. Counsel to the Debtors and counsel to the 2010 Special Committee served their respective responses and objections to the Noteholder Plan Proponents' subpoenas on December 22, 2010.

6. On December 23, 2010, JPMorgan and Davis Polk each served their responses and objections to the Noteholder Plan Proponents' requests for the production of documents.

7. On December 24, 2010, the Committee served its responses and objections to the Noteholder Plan Proponents' first set of document requests. On December 27, 2010 Chadbourne

---

[2] Unless otherwise noted, the document requests and subpoenas referred to herein were served by Aurelius on behalf of the Noteholder Plan Proponents.

and Zuckerman each served their respective responses and objections to the Noteholder Plan Proponents' subpoenas.

8. Moreover, the Noteholder Plan Proponents served document requests on other parties in interest, including but not limited to Citigroup, Bank of America and Merrill Lynch, each of whom served responses and objections which were substantially similar to the Debtors and/or JPMorgan's responses and objections.

9. In addition to the discovery requests served by Aurelius on behalf of the Noteholder Plan Proponents, Law Debenture also served document requests or subpoenas on numerous parties in interest on behalf of the Noteholder Plan Proponents.

10. Following receipt of the responses and objections served by the Debtors, JPMorgan, and other parties and after the Court entered a Discovery and Scheduling Order for Plan Confirmation (the "CMO") on December 20, 2010, Aurelius and the other Noteholder Plan Proponents scheduled "global" meet and confer teleconferences to discuss the issues raised in the parties' responses and objections. Aurelius started the post-CMO meet and confer process with the Debtors and other parties on or about December 21, 2010, and Aurelius and the other Noteholder Plan Proponents have been actively engaged in meet and confer efforts with the Debtors and other parties since that date.

11. The parties have spent many hours participating in numerous teleconferences and exchanging written communications in an attempt to meet and confer to avoid unnecessary motion practice and bridge the parties' differences. The topics on which the parties met and conferred included, among other things, the Debtors' and other parties' categorical refusal to produce responsive documents (i) on the basis of a privilege and/or immunity relating to mediation and/or settlement communications, (ii) various assertions of common interest

privilege, and (iii) any documents from the first year of the Petition period (after the Petition was filed through December 14, 2009).

12. The parties' efforts to meet and confer resulted in several agreements that narrowed the issues for which the Noteholder Plan Proponents needed to seek court intervention through motions to compel. On January 4, 2011, counsel to JPMorgan sent a letter to the Court seeking the Court's intervention on several discovery disputes relating to search parameters employed by JPMorgan in connection with their document production.

13. On January 7, 2011, counsel to the Noteholder Plan Proponents, pursuant to the CMO, submitted a response letter to the Court indicating that, among other things, JPMorgan prematurely sought the Court's intervention before it met and conferred with the Noteholder Plan Proponents on JPMorgan's search parameters. JPMorgan and the Noteholder Plan Proponents have since held multiple meet and confer calls and exchanged numerous correspondence in an effort to reach agreement on the search methodologies employed by JPMorgan.

14. On January 7, 2011, counsel to the Noteholder Plan Proponents also submitted a separate letter to the court seeking the disclosure of mediation and/or settlement communications for which the parties could not reach agreement, despite substantial meet-and-confer efforts. The Debtors filed a response with the Court on January 11, 2011.

15. On January 10, 2011, the Court held a telephonic conference to address the issues raised in JPMorgan and the Noteholder Plan Proponents' letter submissions to the Court, respectively, at the conclusion of which the Court ordered the parties to file either motions to compel or seek a protective order on January 14, 2010 on this and other discovery matters.

16. Aurelius believes that the parties have reached an impasse respecting the discovery sought in the Motions to Compel, despite reasonable efforts being made to reach agreement on the matters addressed therein.

Dated: New York, New York
      January 18, 2011

                                        David M. Zensky