## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: Docket No. 7518 |
| | ) |
| | ) **Hearing date**: January 24, 2011, at 11:00 a.m. (Eastern) |
| | ) |
| | ) **Objection deadline**: January 19, 2011, at 4:00 p.m. (Eastern) |
| | ) |

## DECLARATION OF JOSHUA M. MESTER IN SUPPORT OF OPPOSITION TO MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK TO COMPEL PRODUCTION OF DOCUMENTS BY THE NON-PROPONENT CREDIT AGREEMENT LENDERS

I, Joshua M. Mester, hereby declare that:

1.      I am a partner in the law firm of Hennigan, Bennett & Dorman LLP ("HBD"), counsel to the "Non-Proponent Lenders," as defined in the Opposition to Motion of Law Debenture Trust Company of New York to Compel Production of Documents by the Non-Proponent Credit Agreement Lenders (the "Opposition") filed concurrently herewith.  I submit this Declaration in support of the Opposition.

2.      Except where otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I could and would testify competently such facts.

3.      I have participated, on behalf of the Non-Proponent Lenders, in at least five meet and confer telephone calls with counsel to Law Debenture Trust Company of New York ("Law Debenture") to discuss, among other things, subpoenas (the "Subpoenas") issued by Law Debenture to the Non-Proponent Lenders, among others.  Those meet and confer calls were held on: January 4, 2011; January 7, 2011, January 11, 2011; January 12, 2011, and January 13, 2011.

4.      Attached hereto as Exhibit A is a true and correct copy of an e-mail that I sent to counsel to Law Debenture on January 12, 2011.  Through that e-mail, I notified counsel to Law

Debenture that "[w]e have considered the [time frame] issue further and are willing to search for responsive documents from December 15, 2009 through December 3, 2010 for the twelve Non-Proponent Clients."

5.      Thereafter, on January 13, 2011, during a telephone calls with Christine Montenegro and Matthew Stein, attorneys representing Law Debenture, I told them that each of the Non-Proponent Lenders would search for and produce responsive documents generated from the later of (a) the date on which the client engaged HBD in connection with the Tribune cases; and (b) December 15, 2009 since not all of the Non-Proponent Lenders were clients of HBD as of December 15, 2009.  For instance, Mason Capital Management, LLC became a client of HBD in the Tribune cases on October 1, 2010.

6.      During the meet and confer calls with Law Debenture, starting with the call on January 11, 2011, I informed counsel to Law Debenture that each of the Non-Proponents would make an initial search of its files for all documents within the relevant time period containing any of "Tribune," "Trib," and "TRB," and that, depending upon the volume of "hits" for any particular Non-Proponent Lender, HBD would discuss with Law Debenture whether there would be a need to narrow the searches or run additional searches within that Tribune-related universe of documents.

7.      During our meet and confer calls, I proposed the same approach to the so-called "Relationship Requests" contained in the Subpoenas that HBD had proposed for Law Debenture's other document requests: first search for documents containing "Tribune," "Trib," or "TRB," seeing how many "hits" there were, and then discussing whether or not a further narrowing might be possible.

8.      I have participated in the process of collecting documents obtained by the Non-Proponent Lenders using the methodology described in paragraphs 6 and 7 above.  The Non-Proponent Lenders' searches using the Tribune/Trib/TRB methodology have generated more than 155,000 potentially-responsive documents that will have to be reviewed for relevancy and privilege.

1709723.4

9.      During our meet and confer calls, Law Debenture's counsel insisted that the Non-Proponent Lenders run searches of all of their files using dozens of other search terms, without first narrowing the universe of documents to those containing any of "Tribune," "Trib," or "TRB." I informed Law Debenture's counsel that HBD would be in a better position to assess the feasibility of conducting additional searches once the results of the Tribune/Trib/TRB searches were in. Law Debenture's counsel steadfastly refused, asserting that even its own search terms would not capture all hypothetically relevant communications.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of January, 2011, at Los Angeles, California.

Joshua M. Mester

# EXHIBIT A

1709723.4

**Joshua M. Mester**

| | |
|---|---|
| **From:** | Joshua M. Mester |
| **Sent:** | Wednesday, January 12, 2011 3:24 PM |
| **To:** | Stein, M |
| **Cc:** | Korpus, S; Montenegro, C; James O. Johnston; A. Brent Truitt |
| **Subject:** | RE: TRB - Non-Proponent Clients |

Matt,

I do not believe that you have accurately reflected my statements regarding whether we would be bringing a motion to quash. At the outset, we asserted that it would be appropriate for us to bring the motion to quash because we were refusing to produce any documents in response to the subpoena. In our subsequent conferences, however, we indicated that we would be willing to produce responsive documents subject to certain pending objections, including, among others, the time period covering responsive documents and the search methodology.

During our call yesterday, we offered to search for responsive documents for the time period of April 1, 2010 through December 3, 2010. This morning, Christine rejected that position and stated that Law Debenture would accept responsive documents from December 2008 through December 3, 2010. We have considered the issue further and are willing to search for responsive documents from December 15, 2009 through December 3, 2010 for the twelve Non-Proponent Clients identified in Jim Johnston's letter to Judge Carey. This time frame is consistent with the position taken by the Debtors, Oaktree, Angelo Gordon, JPMorgan and the Committee in connection with similar document requests made of them. You, and the other Noteholder Plan Proponents, have disputed this date as the starting point to search for responsive documents, and I understand that Aurelius (or some other member of the Noteholder Plan Proponent group) will be raising this issue with the Court already. If you continue to dispute the appropriateness of a December 15, 2009, start date for the relevant productions of our Non-Proponent Clients, we think it appropriate for you to join your fellow Noteholder Plan Proponents in raising the issue.

Finally, we have started receiving search results from the Non-Proponent Clients and believe that a further meet and confer with respect to our other outstanding objections would be helpful. Please let me know your availability for tomorrow.

Regards,

Josh

---

**From:** Matthew B. Stein [mailto:MStein@kasowitz.com]
**Sent:** Wednesday, January 12, 2011 11:30 AM
**To:** James O. Johnston; Joshua M. Mester; A. Brent Truitt
**Cc:** Korpus, S; Montenegro, C
**Subject:** TRB - Non-Proponent Clients

Josh:

I write to confirm, based upon our conversations of the last two days, that if we do not reach an agreement with respect to the compliance of your Non-Proponent Clients with our Subpoenas, dated December 22, 2010, that the Non-Proponent Clients take the position that they have the burden to quash such Subpoenas and will move to quash the Subpoenas in accordance with the timeframe set forth by the Court during the January 10, 2011 telephonic hearing.

-Matt

Matthew B. Stein
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1717
Fax (212) 835-5017
MStein@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.