**EXHIBIT 2**

# A K I N   G U M P
## S T R A U S S   H A U E R   &   F E L D ᴸᴸᴾ

━━━━━━━━━━━━━━━ Attorneys at Law

**NANCY CHUNG**
212.872.1043/1.212.872.1002
nchung@akingump.com

January 10, 2011

**VIA E-MAIL AND REGULAR MAIL**

Mr. Michael J. Russano
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Email: michael.russano@davispolk.com

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Michael:

We write in response to your letter received on the evening of January 7, 2011, requesting information regarding previous document productions made by our former client Centerbridge Partners, L.P. ("Centerbridge") in the above-referenced bankruptcy case. As you know, we no longer represent Centerbridge in connection with the Tribune bankruptcy matter. Nevertheless, in response to your request, we have obtained the consent of Centerbridge's current counsel to provide you with the requested information. For ease of reference, we have copied your requests below, followed by our responses.

**JPMorgan's Requests:**
**Identify the bates-ranges of any productions that were made by you and/or your current or former clients to the Document Depository in response to the April Plan Discovery Requests or, to the extent not produced to the Document Depository, please provide a copy of such production to JPMorgan.**

**Identify the date-ranges for which such potentially responsive materials were collected, reviewed and produced.**

Akin Gump's Response:
Centerbridge produced the following documents in connection with the April Plan Discovery Requests (as defined in your January 7 letter): CPTRB-0000001 - CPTRB-0022581.

Centerbridge produced two sets of documents in connection with the April Plan Discovery Requests. A set of documents that it had previously produced in connection with a Rule 2004 request made by the Credit Agreement Lenders (the "2004 Requests") was produced to JPMorgan on May 10, 2010, and a set of documents collected solely in response to the

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

January 10, 2011
Page 2

requests served on Centerbridge by Wells Fargo (the "Plan Requests") was produced to
JPMorgan on July 6, 2010.

The files of seven Centerbridge custodians (see below) were searched in connection with
the 2004 Requests and the Plan Requests.  The files of two Akin Gump attorneys, Danny Golden
and Phil Dublin, were searched in connection with the Plan Requests.

The date range for the response to the 2004 Requests was January 1, 2006 to December
31, 2007, and the date range for the Plan Requests was December 1, 2009 to April 12, 2010 for
the Akin Gump custodians, and December 1, 2009 to May 18, 2010 for the Centerbridge
custodians.

### JPMorgan's Request:
**Provide copies of any written responses and objections to the April Plan Discovery
Requests served on your behalf and/or on behalf of your current or former clients.**

Akin Gump's Response:
A copy of Centerbridge's written responses and objections to the April Plan Discovery
Requests served on it by Wells Fargo is enclosed.  Centerbridge was not served with any other
discovery in connection with the April Plan.

### JPMorgan's Request:
**Provide a list of all search terms that were used by you and/or your current or
former clients to collect and review potentially responsive documents in connection with the
April Plan Discovery Requests.**

Akin Gump's Response:
Documents that contained one or more of the following terms were collected and
reviewed.  For emails, the subject field and message body were searched for the listed terms:
Trib*
TRB
Tower

### JPMorgan's Request:
**Identify all custodians from your respective firms and/or from your current or
former clients whose documents were collected and reviewed in connection with the April
Plan Discovery Requests.**

Akin Gump's Response:
Vivek Melwani

AKIN GUMP
STRAUSS HAUER & FELD LLP

January 10, 2011
Page 3

      Jeff Aronson
      Mark Gallogly
      Steve Price
      David Yadegar
      Jared Hendricks
      Will Manuel
      Danny Golden
      Phil Dublin

      In response to your question about the date ranges that Akin Gump and Aurelius are using to search for potentially responsive documents relating to the Debtors' requests relating to the April Plan, we can confirm that we are collecting and reviewing potentially responsive documents for the entire date range requested by the Debtors: December 15, 2009 to December 3, 2010.  As we have previously informed you, we are not searching for documents relating to the April Plan before December 15, 2009 *because the Debtors have not asked for that information.*

      We reserve our right to modify or supplement this letter to the extent additional information becomes available to us.

                            Sincerely,

                            Nancy Chung /BTC

                            Nancy Chung

Enclosure

cc:    Benjamin S. Kaminetzky, Esq.
       Elliot Moskowitz, Esq.
       David Zensky, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                           :        Chapter 11
:
TRIBUNE COMPANY, et al.,                          :        Case No. 08-13141 (KJC)
:
                              Debtors.            :        (Jointly Administered)
---------------------------------------------------------------x

**CENTERBRIDGE PARTNERS MASTER, L.P., CENTERBRIDGE CREDIT PARTNERS,
L.P., AND CENTERBRIDGE SPECIAL CREDIT PARTNERS, L.P.'S JOINT
RESPONSES AND OBJECTIONS TO WELLS FARGO BANK, N.A.'S
FIRST REQUEST FOR PRODUCTION DOCUMENTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Rules 7026,

7033 and 7034 of the Federal Rules of Bankruptcy Procedure, Centerbridge Credit Partners

Master, L.P., Centerbridge Credit Partners, L.P. and Centerbridge Special Credit Partners, L.P.

(collectively, "Centerbridge"), through its undersigned attorneys, Akin Gump Strauss Hauer &

Feld LLP, hereby responds to the First Request for Production of Documents (the "Requests")

propounded by Wells Fargo, N.A. ("Wells Fargo"), dated May 19, 2010.[1]

**RESERVATION OF RIGHTS**

1.       Centerbridge provides these Objections and Documents in Response to the

Requests (the "Responses") without waiving or intending to waive and, on the contrary,

preserving and intending to preserve:

---

[1]       All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms
in the Order.

1

a.    All objections as to competency, relevancy, materiality, privilege/work product and admissibility (for any purpose) of the Responses and/or the subject matters thereof in any subsequent proceeding in, or at the trial of, this or any other bankruptcy proceeding, litigation, arbitration or action;

b.    The right to object on any ground to the use of any Responses or the subject matters thereof in any subsequent proceedings in, or at the trial of, this or any other bankruptcy proceeding, litigation, arbitration or action;

c.    The right to object on any ground at any time to a request for further responses to these or any other discovery request involving or relating to the subject matter of the Requests responded to herein; and

d.    The right at any time to supplement, revise, correct, add to or clarify any of the Responses or Objections provided herein.

2.    In responding to the Requests, Centerbridge does not admit, concede or acquiesce in the accuracy of any definitions or descriptions of any facts, events, pleadings or documents set forth or referred to in the Requests.

3.    Specifically, Centerbridge does not waive its objections to any definition as vague or overbroad and reserves the right to define the terms or interpret them differently and/or more specifically or narrowly, in accordance with their plain, ordinary and common sense meanings, as relevant to the issues in this bankruptcy proceeding, so as to not impose an undue burden on Centerbridge.

4.    In each and every Response in which Centerbridge interposes a specific Objection, such Objection shall be construed to preserve Centerbridge's right to interpose similar objections in any supplemental response to these Requests or to any future discovery request.

2

Any failure to object herein is not intended to and shall not constitute a waiver of any objection that Centerbridge may have with respect to any supplemental response to these Requests or any future discovery request.

5.    Centerbridge will respond to the Requests on the basis of the best information available to it at the time the Responses are prepared, subject to the General and Specific Objections set forth below.  Centerbridge reserves the right to supplement, amend, correct, or clarify these Responses and Objections.

6.    Centerbridge has already produced certain documents in connection with the Motion of the Credit Agreement Lenders, pursuant to 11 U.S.C. §§ 105(a) and 1009(b) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing and directing discovery from Centerbridge.  Subject to these Reservations of Rights as well as the General and Specific Objections set forth below, Centerbridge will reproduce those documents to Wells Fargo upon Wells Fargo's execution of an Addendum to the protective order entered into between and among the Credit Agreement Lenders, Wilmington Trust Company, and Centerbridge, and so ordered by the Court on April 30, 2010 (the "2004 Protective Order"). Subject to these Reservations of Rights as well as the General and Specific Objections set forth below, Centerbridge will produce remaining responsive documents (if any) on the condition that such documents are produced pursuant to the Court's Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (the "Depository Order") or any other confidentiality agreement that may be necessary or appropriate.

## GENERAL OBJECTIONS

Centerbridge asserts the following General Objections, which are incorporated by reference in its specific responses to each Request. Centerbridge reserves the right to supplement and amend these general and specific objections.

1.      Centerbridge objects to each Request to the extent that it purports to impose upon Centerbridge obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court for the District of Delaware (the "Local Rules"), the Court's Discovery and Scheduling Order, dated May 13, 2010, or any other applicable law or rules.

2.      Centerbridge objects to each Request to the extent that it purports to call for the production of documents that were prepared in anticipation of litigation; constitute attorney work product; disclose mental impressions, conclusions, opinions or legal theories of any attorney or representative of Centerbridge or any of their individual members; contain privileged attorney-client communications; contain confidential, proprietary and/or trade secret information; or are otherwise protected from disclosure under applicable privileges, laws or rules. Any disclosure of such protected or privileged documents in response to any Request is inadvertent and not intended to waive any privileges or protections.

3.      Centerbridge objects to the Requests as a whole as unduly burdensome and overbroad, and to each individual Request to the extent it may be overly broad and/or unduly burdensome.

4.      Centerbridge objects to each Request to the extent that it is not relevant to a claim, objection, or defense of any party.

5.      Centerbridge objects to each Request to the extent that it seeks information and/or documentation (1) not within the possession, custody or control of Centerbridge; (2) publicly

4

available or to which Wells Fargo has equal access; and/or (3) within the knowledge of Wells

Fargo. To the extent that a Request seeks information and/or documentation in the custody or

control of persons and/or entities other than Centerbridge, Centerbridge responds to the Request

only on behalf of Centerbridge.

6.    Centerbridge objects to each Request to the extent that it may be vague,

ambiguous, incomprehensible, contain terms that are undefined and/or use terms that are

argumentative.

7.    Centerbridge objects to each Request to the extent that it seeks information that is

cumulative or duplicative.

8.    Centerbridge objects to the Document Requests to the extent that they require

Centerbridge to speculate as to the state of mind or intent of another party.

9.    Centerbridge objects to the Document Requests to the extent that they seek the

identification and/or production of "all" or "any" facts, documents, or communications of a

specific nature or type or which "concern" a certain topic when a more limited number of such

facts, documents, or communications could be sought or identified and would supply the

requested information, on the grounds that such a requirement makes the Requests overbroad,

unduly burdensome and oppressive. In responding to the Requests, Centerbridge will interpret

them reasonably and will not construe specific requests to require production of literally every

potentially responsive document, no matter how attenuated from the substantive scope of the

request or difficult or burdensome to obtain.

10.    Centerbridge objects to the Document Requests to the extent that they would

require Centerbridge to produce documents that do not exist and/or cannot be located after a

reasonable search.

11.     Centerbridge objects to each Request to the extent that it seeks information that is obtainable from some other source that is more convenient or less burdensome.

12.     Centerbridge objects to each Request to the extent that it fails to define time periods or limits, or seeks information outside of the relevant time period.

13.     No objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Centerbridge as to the existence or nonexistence of information.

14.     Centerbridge objects to Wells Fargo's demand that Centerbridge produce all documents no later than fourteen (14) days after receipt of the Requests.  Centerbridge will produce responsive, non-privileged documents in accordance with the Bankruptcy Court's May 13, 2010, Discovery and Scheduling Order for Plan Confirmation.

15.     Centerbridge objects to the Document Requests to the extent that they seek documents or information protected from discovery as Settlement Materials by the Court's December 15, 2009 Depository Order.  Centerbridge hereby asserts such protections and objects to the production of information or documents subject thereto.  Centerbridge does not authorize the production of any Settlement Materials.


## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

Centerbridge expressly incorporates each of the above Reservations of Rights and General Objections in each of the responses and specific objections (the "Specific Objections") set forth below, as if fully set forth therein.

Document Request No. 1

All documents produced in the course of the above-captioned proceedings in response to formal or informal requests for the production of documents.

Response to Document Request No. 1

Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 2

All communications relating to the resolution or potential resolution of the LBO- Related Causes of Action, including any communications with the Settling Parties.

Response to Document Request No. 2

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 3

All documents relating to the Settlement Term Sheet, including all drafts of the Settlement Term Sheet and all communications regarding the terms to be incorporated in the Settlement Term Sheet.

Response to Document Request No. 3

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.    Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 4

All documents relating to the Settlement Support Agreement, including all drafts of the Settlement Support Agreement and all communications regarding the terms to be incorporated in the Settlement Support Agreement.

Response to Document Request No. 4

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material"

pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations

of Rights and General and Specific Objections, Centerbridge will produce non-privileged

documents, if any, that are responsive to this request.


Document Request No. 5

     All documents reflecting or analyzing the value of the LBO-Related Causes of Action.

Response to Document Request No. 5

     In addition to its Reservation of Rights and General Objections, Centerbridge objects to

this Request on the ground that it is overbroad and seeks information that is not relevant to the

determination of the issues in dispute in this matter.  Centerbridge further objects to this Request

to the extent that any such materials are protected from disclosure as "Settlement Material"

pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations

of Rights and General and Specific Objections, Centerbridge will produce non-privileged

documents, if any, that are responsive to this request.


Document Request No. 6

     All documents relating to the Releases, including all communications relating to the

negotiation of these releases and all documents assessing, analyzing, or reflecting the value or

propriety of the releases.

Response to Document Request No. 6

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 7

All agreements that could provide You with a right to indemnification from Tribune and any communications regarding such agreements.

Response to Document Request No. 7

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 8

All communications regarding the allocation of value between Tribune Co. and the

Guarantor Subsidiaries under the Plan, including any communications with the Settling Parties.

Response to Document Request No. 8

In addition to its Reservation of Rights and General Objections, Centerbridge objects to

this Request on the ground that it is overbroad and seeks information that is not relevant to the

determination of the issues in dispute in this matter.  Centerbridge further objects to this Request

to the extent that any such materials are protected from disclosure as "Settlement Material"

pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations

of Rights and General and Specific Objections, Centerbridge will produce non-privileged

documents, if any, that are responsive to this request.


Document Request No. 9

All documents relating to the classification of claims against Tribune arising under the

Senior Credit Agreement and the Bridge Credit Agreement, including claims against the

Guarantor Subsidiaries.

Response to Document Request No. 9

In addition to its Reservation of Rights and General Objections, Centerbridge objects to

this Request on the ground that it is overbroad and seeks information that is not relevant to the

determination of the issues in dispute in this matter.  Centerbridge further objects to this Request

to the extent that any such materials are protected from disclosure as "Settlement Material"

pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations

of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 10

All documents analyzing or reflecting the potential recovery of any of Tribune's creditors in connection with any proposed or contemplated plan of reorganization or potential settlement of the LBO-Related Causes of Action.

Response to Document Request No. 10

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 11

All analyses of creditor recoveries under the Global Settlement, including any analysis of the amounts being transferred from potential recoveries of the LBO Lenders to the holders of Senior Notes Claims and Other Parent Claims and any analysis of the amounts being transferred from potential recoveries of holders of Allowed Loan Guaranty Claims to holders of General Unsecured Claims against Filed Subsidiary Debtors.

Response to Document Request No. 11

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 12

All financial analyses of creditor recoveries under any scenario other than the Global Settlement, including any analysis of the potential recoveries of creditors absent a settlement of the LBO-Related Causes of Action.

Response to Document Request No. 12

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 13

All documents concerning or analyzing whether the Debtors or the Guarantor Subsidiaries received reasonably equivalent value, or other value realized or contemplated to be realized, in connection with the Merger Agreement, the Senior Credit Agreement, and the Bridge Credit Agreement.

Response to Document Request No. 13

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 14

All documents relating to any evaluation or analysis of the potential for the obligations incurred or consideration paid in connection with the Merger Agreement, the Senior Credit Agreement, and the Bridge Credit Agreement to be avoided or challenged under the Bankruptcy Code or state fraudulent conveyance law.

Response to Document Request No. 14

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 15

All documents discussing, analyzing or reflecting the value of any of the Debtors or the Guarantor Subsidiaries between January 1, 2007 and the present, including all documents relating to any financial valuation, appraisal, analysis, opinion, review, statement or projection of any of the Debtors or the Guarantor Subsidiaries.

Response to Document Request No. 15

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 16

All documents assessing, analyzing, or referring to the solvency of the Debtors or the Guarantor Subsidiaries from January 1, 2007 through the Petition Date, including any analysis of the adequacy of their capital with respect to their ongoing business or transactions and their ability to pay debts as they come due.

Response to Document Request No. 16

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 17

All consolidated and consolidating financial statements of the Debtors or the Guarantor Subsidiaries for the period January 1, 2007 through the Petition Date, including those provided by the Debtors to any actual or potential lenders during discussions or negotiations relating to the Leveraged ESOP Transactions, the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement or the Zell Entity Purchase Agreement.

<u>Response to Document Request No. 17</u>

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

<u>Document Request No. 18</u>

All documents relating to the assets and liabilities of the Debtors or the Guarantor Subsidiaries during the period January 1, 2007 through the Petition Date, including all balance sheets, financial statements, listings of all cash accounts held by the Debtors or the Guarantor Subsidiaries and the monthly balances for each account, summary and detail supporting all tangible and intangible assets, detailed inter-company receivable and intercompany payable balances and activity, and summary and detail supporting all liabilities of each of the Debtors and Guarantor Subsidiaries.

<u>Response to Document Request No. 18</u>

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material"

pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 19

All documents relating to business plans for any Debtor or Guarantor Subsidiary prepared or in effect during the period from January 1, 2007 through the present.

Response to Document Request No. 19

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 20

All documents relating to the valuation of the reorganized Tribune Company and its subsidiaries, including documents relating to the models, methodologies, business plans and financial forecasts used to arrive at such valuation.

Response to Document Request No. 20

 In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 21

 All analyses and models relating to the allocation of value among Tribune Company and its subsidiaries, including all analyses and models relating to the settlement of intercompany claims and to the actual or potential recoveries of creditors of the Tribune Company and its subsidiaries.

Response to Document Request No. 21

 In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 22

All documents reflecting the intercompany balances of the Tribune Company and its subsidiaries since the Petition Date, including documents sufficient to identify the composition and source of such intercompany balances and documents sufficient to identify any changes to the intercompany balances since the Petition Date.

Response to Document Request No. 22

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 23

All communications concerning or relating to the financing of the Leveraged ESOP Transactions, including any reports issued by investment banks, underwriters, financial advisors or other financial analysts in connection with the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement, or the Zell Entity Purchase Agreement.

Response to Document Request No. 23

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the

determination of the issues in dispute in this matter. Centerbridge further objects to this Request
to the extent that any such materials are protected from disclosure as "Settlement Material"
pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations
of Rights and General and Specific Objections, Centerbridge will produce non-privileged
documents, if any, that are responsive to this request.

Document Request No. 24

All documents concerning meetings of or deliberations of Tribune Co.'s Board of
Directors or any Special Committee of Tribune Co.'s Board of Directors at which the Leveraged
ESOP Transactions approved by the Board on April 1, 2007 were considered or discussed,
including any discussion of the Merger Agreement, the Senior Credit Agreement, the Bridge
Credit Agreement, or the Zell Entity Purchase Agreement.

Response to Document Request No. 24

In addition to its Reservation of Rights and General Objections, Centerbridge objects to
this Request on the ground that it is overbroad and seeks information that is not relevant to the
determination of the issues in dispute in this matter. Centerbridge further objects to this Request
to the extent that any such materials are protected from disclosure as "Settlement Material"
pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations
of Rights and General and Specific Objections, Centerbridge will produce non-privileged
documents, if any, that are responsive to this request.

Document Request No. 25

All documents concerning the purpose and structure of the Leveraged ESOP Transactions.

<u>Response to Document Request No. 25</u>

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

<u>Document Request No. 26</u>

All documents relating to presentations made in connection with the Leveraged ESOP Transactions, the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement or the Zell Entity Purchase Agreement, including presentations made to the Tribune Co. Board of Directors or any committee thereof, rating agencies, actual or proposed lenders, financial advisors or the Tribune Employee Stock Ownership Plan or trustees thereof or advisors thereto.

<u>Response to Document Request No. 26</u>

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 27

All documents relating to any and all risk analyses prepared in connection with the Leveraged ESOP Transactions, the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement and the Zell Entity Purchase Agreement.

Response to Document Request No. 27

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 28

All documents relating to any solvency opinions regarding Tribune (including any solvency opinions from Valuation Research Corporation), including all documents referenced therein.

Response to Document Request No. 28

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request

to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 29

      All communications with Houlihan Lokey Howard & Zukin Capital, L.P., Duff & Phelps, Valuation Research Corporation, and Murray Devine & Company regarding the Leveraged ESOP Transactions, the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement and the Zell Entity Purchase Agreement, including all communications relating to any solvency opinions.

Response to Document Request No. 29

      In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter.  Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 30

All documents relating to any opinion letters relating to the Leveraged ESOP
Transactions, the Merger Agreement, the Senior Credit Agreement, the Bridge Credit Agreement
or the Zell Entity Purchase Agreement.

Response to Document Request No. 30

In addition to its Reservation of Rights and General Objections, Centerbridge objects to
this Request on the ground that it is overbroad and seeks information that is not relevant to the
determination of the issues in dispute in this matter.  Centerbridge further objects to this Request
to the extent that any such materials are protected from disclosure as "Settlement Material"
pursuant to the Depository Order.  Subject to, and without waiver of, the foregoing Reservations
of Rights and General and Specific Objections, Centerbridge will produce non-privileged
documents, if any, that are responsive to this request.

Document Request No. 31

All documents reflecting interest or principal payments made under the Senior Credit
Agreement, the Bridge Credit Agreement or the Zell Notes on or prior to the Petition Date,
including documents showing by whom or on whose behalf such payments were made, when
such payments were made, the amounts of such payments, the dates of such payments and under
which agreements the payments were made.

Response to Document Request No. 31

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 32

All documents reflecting any or all of the flow of funds pursuant to the Senior Credit Agreement and the Bridge Credit Agreement, including any analysis of the amount of loan proceeds that were used for corporate purposes unrelated to the Leveraged ESOP Transactions.

Response to Document Request No. 32

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 33

All exhibits or demonstrative aids to be used at any hearing on confirmation of the Plan, and all work papers and other documents concerning such exhibits.

Response to Document Request No. 33

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Centerbridge further objects to this Request on the ground that it is premature. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Document Request No. 34

All documents on which You rely or intend to rely, including any expert opinion or report, in these chapter 11 proceedings.

Response to Document Request No. 34

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Centerbridge further objects to this Request on the ground that

it is premature. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

## Document Request No. 35

All documents supplied to or reviewed by any expert witness or consultant You have retained in connection with these proceedings, including any communications with such expert witness or consultant.

## Response to Document Request No. 35

In addition to its Reservation of Rights and General Objections, Centerbridge objects to this Request on the ground that it is overbroad and seeks information that is not relevant to the determination of the issues in dispute in this matter. Centerbridge further objects to this Request to the extent that any such materials are protected from disclosure as "Settlement Material" pursuant to the Depository Order. Centerbridge further objects to this Request on the ground that it is premature. Subject to, and without waiver of, the foregoing Reservations of Rights and General and Specific Objections, Centerbridge will produce non-privileged documents, if any, that are responsive to this request.

Dated:    Wilmington, Delaware
          June 1, 2010

By:

Mark M. Billion
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street
17th Floor
Wilmington, DE  19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)
mbillion@pszjlaw.com

-and-

Daniel H. Golden
Philip C. Dublin
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
dgolden@akingump.com
pdublin@akingump.com

*Counsel for Centerbridge*