**EXHIBIT 6**

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Thursday, January 06, 2011 2:27 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.; Newman, Deborah
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

11 am tomorrow works for us and we are confirming with the rest of the Noteholder proponent group. I will let you know as soon as we hear back from them but my sense is that it should work. To facilitate our meet and confer call on search protocols (and any other matter you would like to address), although it is subject to further comment by our proponent group, we have clarified our proposal below in an effort to make clear what we were originally seeking, by segregating the LBO period from the bankruptcy period. We have also segregated the post-petition time periods and corresponding custodians and search terms, and revised the search terms and custodians for that period, in an effort to more clearly reflect our original proposal and address some of your articulated concerns. To the extent you have any questions, we are happy to discuss it on our call. We will also separately send to you today our proposal on privilege logs which has been the subject of ongoing meet and confer calls. Moreover, as for your question about our availability today, we thought our call would be more productive after you have had an opportunity to review this and our submission to the Court. If you would like to schedule our call for later this afternoon or evening, we can look into that as well. Thanks. Nancy

**LBO Period**

**Date range:** Search should be extended from Dec. 20, 2007 to June 1, 2008
**Custodians:** Attorneys from Cahill acting on JPM's behalf should be added, and old search terms in Part I.C of your December 24 Memo and new search terms below should be run for these custodians.
**Search terms:** In addition to the Cahill custodians, we believe these search terms should be run for old custodians in Part I.B, and believe any hits can be de-duped against old production.

    Devine
    Kenny

Kenney
Crane
Bigelow
Taubman
Whayne

**Bankruptcy Period**

**Date range:** Dec. 8, 2008 – Sept. 1, 2009
**Custodians:** Don Bernstein, Damian Schaible, Pat Daniello, Miriam Kulnis
**Search Terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

    AG
    Angelo
    Bendernagel
    Bigelow
    Chadbourne
    Chandler
    EGI
    EGII
    "Equity Group Investments"
    "Equity Office Properties"
    fraudulent w/1 conveyance
    Grenesko
    (James or Jim) w/1 Conlan
    Krakauer
    Kurtz
    "LBO-related causes of action"
    Lemay
    Oaktree
    "Preserved causes of action"
    Seife, Siefe
    Settle* w/25 LBO
    "sharing provision"
    Sidley
    Step w/2 (one or Two or 1 or 2)
    TRB
    Trib!
    Zell

**Date range:** Sept. 1, 2009 - December 3, 2010
**Additional custodians:** Dennis Glazer, Elliot Moskowitz, Kevin Kelly, Tim Coleman to supplement the custodians in Part III.B.
**Search terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

  Adler
  AG

Akin
Angelo
"April Proposed Settlement"
Aur*
"bar order"
Bendernagel
Bennett
Bigelow
breach w/1 fiduciary w/1 duty
Chadbourne
Chandler
Conlan
Crane
"Creditors Trust"
"Creditor's Trust"
D&P
Devine
Dublin
Duff & Phelps
EGI
ESOP
examiner or examiners or examiner's
FitzSimons
fraudulent w/1 conveyance
Golden
Graeme
Grenesko
HBD
hennigan w/1 bennett
"intercompany settlement"
Judge w/2 Gross
Kasowitz
Kenney
Kenny
Klee
Krakauer
Kurtz
Larsen
Lauria
"Law Deb!"
Lazard
LBO
"Litigation Trust"
Mandava
Nils
"Noteholder Plan"
Oaktree
PHONES

"Preserved causes of action"

Rosner

Rudnick

Sam Investment Trust

Seife, Siefe

Settle* w/25 LBO

"settlement plan"

Shapiro

"sharing provision"

Sidley

Sottile

Stark

Step w/2 (one or Two or 1 or 2)

Taubman

Tower

TRB

Trib!

Valuation Research

VRC

Whayne

"White and Case"

Wilderotter

Zell

Zuckerman

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Thursday, January 06, 2011 12:10 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

We are available for a call at 11am tomorrow.  Please confirm that this time works for you.  (I am assuming from your response that today does not work for you.)

Regards,

Ben


**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259    tel
212 701 5259    fax
ben.kaminetzky@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Wednesday, January 05, 2011 7:04 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

We are available to talk to you anytime on Friday. Is there a time that works for you?

Best,

Nancy

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Wednesday, January 05, 2011 6:04 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Nancy,

It is unfortunate that you did not reach out to us today as suggested in your email below. We are ready to talk at your convenience.

Regards,

Ben

**Benjamin S. Kaminetzky**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is stric ly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

---

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Tuesday, January 04, 2011 7:03 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Moskowitz, Elliot; Russano, Michael J.; Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Harrop, Dawn
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

Your letter to the Court is inaccurate in numerous respects, and we will respond in due course. Your letter was also sent in violation of paragraph 14 of the CMO, in addition to FRCP Rule 37, as there clearly was no meet and confer on the search protocol issues in dispute, as you acknowledge below by proposing one now, after having asked the court to intervene. It is also demonstrably out of line with the responsible

manner in which we (and for that matter your plan co-proponents) have conducted themselves.  Finally, there is no "admission" in our letter, express or implied, that anything about our requests was "facially unreasonable."

We will be in touch tomorrow to schedule the meet and confer call that should have happened before you sought intervention from the court.

Best,

Nancy

Nancy Chung
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Direct:  212.872.1043
Direct Fax: 212.407.3243

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Tuesday, January 04, 2011 3:56 PM
**To:** Chung, Nancy; Zensky, David; Harrop, Dawn
**Cc:** Moskowitz, Elliot; Russano, Michael J.
**Subject:** FW: JPM/Davis Polk Search Parameters

Attached please find the letter we just sent to Judge Carey regarding your Email Demand.  While we appreciate your desire to meet and confer as well as your admission that your Email Demand was facially unreasonable, given your refusal to withdraw the Email Demand as well as the "hard" production deadline of January 10, we could not delay teeing this up to the Court for its immediate consideration.  We are, however, happy to continue discussions regarding document discovery while Judge Carey is considering this issue.  We are available to do so at your convenience.

Regards,

Ben


Benjamin S. Kaminetzky
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

---

**From:** Harrop, Dawn [mailto:dharrop@akingump.com]
**Sent:** Monday, January 03, 2011 5:01 PM
**To:** Moskowitz, Elliot; Chung, Nancy; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com;

skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** RE: JPM/Davis Polk Search Parameters

Please see attached letter from Nancy Chung.

Thank you,

Dawn M. Harrop

Akin Gump Strauss Hauer & Feld LLP

One Bryant Park

New York, NY 10036

212.872.8053 - direct

212.872.1002 - fax

dharrop@akingump.com

---

**From:** Moskowitz, Elliot [mailto:elliot.moskowitz@davispolk.com]
**Sent:** Monday, January 03, 2011 11:51 AM
**To:** Chung, Nancy; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Harrop, Dawn; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com; skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** RE: JPM/Davis Polk Search Parameters

Please see the attached letter in response to your email below.

---

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Wednesday, December 29, 2010 7:29 PM
**To:** Moskowitz, Elliot; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Harrop, Dawn; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com; skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** JPM/Davis Polk Search Parameters

Elliot,

This responds to your memo dated December 24, 2010 regarding JPMorgan and Davis Polk's proposed electronic search parameters. Although our response is subject to further review by our Plan proponent group, we wanted to circulate it to you as soon as possible. We would like to schedule a party-specific meet and confer call to discuss this with you at your earliest convenience. We will separately circulate highlights of our views with regards to your specific objections to our document requests.

1. **Search Methodology:**

    · JPMorgan and Davis Polk intend to apply a date range of April 14, 2010 through December 3, 2010. Based on your representation, we understand this date range is being applied because JPMorgan previously searched for and produced documents for December 15, 2009 through April 13, 2010 in connection with the April Proposed Plan as well as January 1, 2007 through December 20, 2007 in connection with the documents produced to the Document Depository. There are several problems with relying on your prior

- searches for documents preceding April 14, 2010. First, this does not capture the tail end of 2007, all of 2008, and most of 2009. Second, the search performed in connection with the April Proposed Plan and Document Depository contained fewer search terms and custodians. At a minimum, (i) new search terms must be run for prior custodians, (ii) all search terms must be run for new custodians, and (iii) searches must be conducted for the missing time frames noted above. As you know, in response to the Debtors' contours motion, the Court has already determined that there will be discovery regarding the merits of the underlying LBO-Causes of Action. Third, the prior search performed in connection with the April Proposed Plan was limited only to domain names for specific email addresses which we believe is insufficient. We request that all search terms be run for those custodians for December 15, 2009 through April 13, 2010.

- JPMorgan and Davis Polk also intend to run only domain searches for external communications. We do not agree with this methodology. We have no way of knowing the entire universe of individuals and/or entities with whom JPMorgan and Davis Polk were communicating with other parties about Tribune matters. Other parties of interest, including the Debtors, are running search terms to locate responsive documents in addition to searching domain names.

- You do not include on JPMorgan's list of custodians any individuals from Cahill, Gordon & Reindell LLP. Please confirm that you intend to search documents and communications in Cahill's files which are responsive to our requests. If you do not intend to do so, we ask that you notify us immediately so we can issue an appropriate subpoena.

- We do not see any in-house counsel of JPMorgan on your list of custodians. We believe that such in-house counsel who worked on Tribune-related matters at the time of the underlying LBO transaction and during the post-petition period should be included. Please identify such personnel.

- It appears from your proposal that JPMorgan and Davis Polk are limiting their search to email communications. Please confirm that you will also conduct searches of electronic databases at JPMorgan related to Tribune as well as the JPMorgan custodians' other electronic documents and hard copy files.

2. **Custodians:**

As noted, you will have to re-run any new search terms for the custodians previously searched by JPMorgan in Sections I and II of your December 24, 2010 memo. Additionally, we request that you add the following individuals to the Davis Polk custodians list:

Donald Bernstein
Damian Schaible
Elliot Moskowitz
Dennis Glazer

3. **Search Terms:**

We believe you should run the search terms previously used in Sections I and II of your December 24, 2010 memo for any new custodians, in addition to the search terms proposed in Section III.D. For your newly proposed search terms in Section III.D., please explain why each is tied to a variation of the terms "trb" "trib" and/or "Tribune", as we do not believe that limitation is necessary in all instances. Additionally, we request that you add to your search terms the following:

Akin

"Akin Gump"
Angelo
"April Proposed Settlement"
Aur*
"Bank of America"
BofA
bankrupt or bankruptcy
"bar order"
Bendernagel
Bigelow
breach w/1 fiduciary w/1 duty
bridge
"Brown Rudnick"
Bruce w/1 Bennett
(Bryan) w/1 Krakauer
Chadbourne
Citi
collaps*
Committee w/1 creditors
"confirmation plan"
Conflict*
"Creditors Trust"
"Creditor's Trust"
(Danny or Daniel) w/1 Golden
(David or Dave) w/1 Adler
"Debtor/Committee/Lender Plan"
"disclosure statement"
examiner or examiners
"enterprise value"
fraudulent w/1 conveyance
"going private transaction"
graeme w/1 bush
hennigan w/1 bennett
HBD
intercompanies
intercompany
Jeffrey /2 Berg
Jeff /2 Berg
(James or Jim) w/1 Conlan
Judge w/2 Gross
Kasowitz
Klee
Korpus
Kurtz
"Law Debenture"
Lazard
"LBO-related causes of action"
le w/1 may

leverag* /25 trib or trb
"litigation trust"
Mark /2 Shapiro
Mart* w/1 Siegel
McCarter
mediation
mediator
Merrill
Murray or Devine
(Phil or Phillip) w/1 Dublin
Robert or Bob) w/1 Stark
Thomas /2 Kenny
"Noteholder Plan"
ordinary w/1 litigation w/1 claims
Paul /2 Taubman
"Preserved causes of action"
projection or projections
recap*
retiree w/1 claimant w/1 settlement
Rosner
Seife, Siefe
Settle* w/25 LBO
"sharing provision"
Sidley
Solven*
Sottile
special w/1 committee
subsidiary w/1 guarantee
Suneel /2 Mandava
swap
Thomas /2 Wayne
trib, tribune, trb
ucc
valuation
"White and Case"
Wilderotter
Zuckerman w/1 Spaeder

Nancy Chung
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Direct:  212.872.1043
Direct Fax: 212.407.3243

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax

penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.