**EXHIBIT 7**

**From:** Kaminetzky, Benjamin S.
**Sent:** Sunday, January 09, 2011 1:08 AM
**To:** 'nchung@AkinGump.com'
**Cc:** 'dzensky@AkinGump.com'; Moskowitz, Elliot; Russano, Michael J.; 'djnewman@AkinGump.com'; 'aqureshi@AkinGump.com'; 'bcarney@AkinGump.com'; 'dharrop@AkinGump.com'
**Subject:** Re: JPM/Davis Polk Search Parameters

Nancy,

Thank you for your email.  Before addressing your specific points, I want to reiterate the position we explained on our call that JPMorgan is comfortable with the reasonableness of the searches and productions it has made, and is prepared to defend those searches and productions.  Nonetheless, we are willing to engage in good-faith meet and confer discussions regarding limited and targeted additional discovery as to those prior productions, but we will not agree to produce any additional documents absent an understanding that the Noteholder Proponents will not use such agreement to delay the confirmation schedule established by the Court.  Subject to that global comment, taking your specific points in order:

1. We will take this proposal under advisement.

2. This does not accurately reflect our position.  We have agreed to identify certain "monitoring custodians." To the extent we can reach agreement on those custodians, we will then undertake to run the original search terms plus your seven additional proposed terms to determine the volume of documents associated with such a review.  We cannot agree to conduct such a review without understanding the burden associated with doing so, particularly given the marginal relevance of this period of time and the 15-day window that the Noteholder Proponents are insisting upon for completion of such a review.

3. This is inconsistent with your second enumerated paragraph, as the time periods overlap.  That said, with regards to discovery as to the April Plan, JPMorgan has taken the same position with respect to its production as the Noteholder Proponents have take with respect to theirs -- that the start date for the production should be December 15, 2009.  We also note, once again, that JPMorgan could have taken a much more aggressive position and refused all discovery as to the April Plan because, as you know, that former plan is not the subject of the confirmation hearing.  JPMorgan chose not to adopt such a position in the interests of compromise and transparency.

4. You have accurately stated our position, and we refer to our December 24, 2010, memo for a complete description of the prior search and production.

5. We are in the process of collecting this information.  However, despite our best efforts, given the breadth of the proposed

search terms, that analysis is not complete.  As a result, a further meet and confer prior to Monday's teleconference with the court may not be possible.  However, I will share with you that the preliminary results we are seeing -- numbering in the many tens of thousands -- are not acceptable, particularly given the volume of material JPMorgan intends to produce on Monday.

6.  You have accurately stated that JPMorgan has not agreed to produce documents on behalf of Cahill.

7.  We appreciate your response, and we reiterate our request that Akin Gump share its long overdue review protocol (including any applicable date ranges) that it used on behalf of Akin Gump and Centerbridge custodians with respect to the prior Wilmington Trust and Wells Fargo requests.  We also await similar information from the other Noteholder Proponents.

We hope to be able to share a counter-proposal on privilege logs tomorrow or Monday morning.

Regards,

Ben


Benjamin S. Kaminetzky
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212 450 4259 tel
212 701 5259 fax
ben.kaminetzky@davispolk.com

_____
Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

---

**From**: Chung, Nancy <nchung@AkinGump.com>
**To**: Kaminetzky, Benjamin S.
**Cc**: Zensky, David <dzensky@AkinGump.com>; Moskowitz, Elliot; Russano, Michael J.; Newman, Deborah <djnewman@AkinGump.com>; Qureshi, Abid <aqureshi@AkinGump.com>; Carney, Brian <bcarney@AkinGump.com>; Harrop, Dawn <dharrop@AkinGump.com>
**Sent**: Sat Jan 08 21:37:16 2011
**Subject**: Re: JPM/Davis Polk Search Parameters

Ben,

We wanted to confirm and follow up on a few items after our meet and confer call yesterday on search protocols, including the deliverables we discussed.  We would like to see if we can close the gap any further before Monday's 2pm telephonic conference with the Court given that Judge Carey ordered the parties to meet and confer on these issues.  Are you available to further meet and confer on these issues tomorrow (Sunday) or Monday morning assuming you can provide us with the analyses in #5 before the call? We will make ourselves available so let us know what works for you.

1.     For the LBO period (2007 or Part I of your 12/24/memo), we discussed providing you with a limited number of custodians from the custodians list used in your prior production to the UCC for whom you would consider running the additional 7 search terms set forth in our 1/6/11 email. We've substantially narrowed the list to the following 5 custodians:

Raj Kapadia

Tony Grimminck

James Lee

Jayna Choi

Peter Cohen

2.   For the period December 20, 2007 – June 1, 2008, JPM will agree to run your original search terms (Part I. C) plus our seven additional terms for a limited group of your original custodians who "monitored" Tribune after the deal closed.  You will provide us with this list of custodians as soon as it is available.

3.   For the period of December 8, 2007 – Sept. 1, 2009 (ie., the first part of the bankruptcy period), you have refused to search for or produce documents before December 15, 2009.   For clarity, you have not run any searches nor produced any documents for this period on behalf of JPM.

4.   For the period of December 15, 2009 to April 13, 2010 (ie., the April Settlement period), you are refusing to run any additional search terms for the four custodians that you previously searched (Don Bernstein, Damian Schaible, Pat Daniello and Miram Kulnis).  For clarity, your prior search for this period in response to Wilmington Trust and Well's Fargo document requests applied only domain names, not search terms.

5.   For the period April 14, 2010 to December 3, 2010, at the present time, you are refusing to run our proposed search term list in lieu of the domain name searches you have conducted for external internal communications, nor run our proposed search term list for your internal communications.  You will provide us with your analyses of the # of hits generated after running our proposed search terms, de-duping, and excluding Davis Polk's internal communications.  For this time period, you have further agreed to add Dennis Glazer and Elliot Moskowitz,  but not Kevin Kelley (as you believe as an Assistant GC at JPM, his emails would generate few hits) or Tom Coleman (as his emails would be captured by other Blackstone custodians).

6.   You informed us yesterday, you will not be producing responsive non-privileged documents from Cahill.  To the extent any responsive non-privileged Documents or Communications with Cahill are in the files of the custodians you have agreed to search, you will produce them.

7.   You asked us yesterday why Aurelius is using the start date of December 15, 2009 in our document production. In addition to the reasons discussed, you should be aware that  December 15, 2009 is the start date for documents requested in the Debtors' document requests.

Please let us know if you have a further counter-proposal on privilege logs.  We are still considering the questions you raised regarding  privilege logs which we hope to be in a position to discuss when we have our call.

To the extent I missed any items discussed regarding the current state of play or if it is not correctly reflected above, please let me know.

Best,

Nancy

-------------------------
Sent using BlackBerry

---

**From**: Chung, Nancy
**To**: 'Kaminetzky, Benjamin S.'
**Cc**: Zensky, David; Moskowitz, Elliot ; Russano, Michael J. ; Newman, Deborah
**Sent**: Thu Jan 06 14:26:37 2011
**Subject**: RE: JPM/Davis Polk Search Parameters
Ben,

11 am tomorrow works for us and we are confirming with the rest of the Noteholder proponent group.  I will let you know as soon as we hear back from them but my sense is that it should work.  To facilitate our meet and confer call on search protocols (and any other matter you would like to address), although it is subject to further comment by our proponent group, we have clarified our proposal below in an effort to make clear what we were originally seeking, by segregating the LBO period from the bankruptcy period.  We have also segregated the post-petition time periods and corresponding custodians and search terms, and revised the search terms and custodians for that period, in an effort to more clearly reflect our original proposal and address some of your articulated concerns.  To the extent you have any questions, we are happy to discuss it on our call.  We will also separately send to you

today our proposal on privilege logs which has been the subject of ongoing meet and confer calls.  Moreover, as for your question about our availability today, we thought our call would be more productive after you have had an opportunity to review this and our submission to the Court.  If you would like to schedule our call for later this afternoon or evening, we can look into that as well.  Thanks.  Nancy

**LBO Period**

**Date range:** Search should be extended from Dec. 20, 2007 to June 1, 2008
**Custodians:** Attorneys from Cahill acting on JPM's behalf should be added, and old search terms in Part I.C of your December 24 Memo and new search terms below should be run for these custodians.
**Search terms:**  In addition to the Cahill custodians, we believe these search terms should be run for old custodians in Part I.B, and believe any hits can be de-duped against old production.

- Devine
- Kenny
- Kenney
- Crane
- Bigelow
- Taubman
- Whayne

**Bankruptcy Period**

**Date range:** Dec. 8, 2008 – Sept. 1, 2009
**Custodians:** Don Bernstein, Damian Schaible, Pat Daniello, Miriam Kulnis
**Search Terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

- AG
- Angelo
- Bendernagel
- Bigelow
- Chadbourne
- Chandler
- EGI
- EGII
- "Equity Group Investments"
- "Equity Office Properties"
- fraudulent w/1 conveyance
- Grenesko
- (James or Jim) w/1 Conlan
- Krakauer
- Kurtz
- "LBO-related causes of action"
- Lemay
- Oaktree
- "Preserved causes of action"
- Seife, Siefe
- Settle* w/25 LBO

    "sharing provision"
    Sidley
    Step w/2 (one or Two or 1 or 2)
    TRB
    Trib!
    Zell

**Date range:** Sept. 1, 2009 - December 3, 2010
**Additional custodians:** Dennis Glazer, Elliot Moskowitz, Kevin Kelly, Tim Coleman to supplement the custodians in Part III.B.
**Search terms:** To be clear, the following terms should be run *in lieu* of searches by domain names and the search terms JPMorgan proposed in Part III.D.

    Adler
    AG
    Akin
    Angelo
    "April Proposed Settlement"
    Aur*
    "bar order"
    Bendernagel
    Bennett
    Bigelow
    breach w/1 fiduciary w/1 duty
    Chadbourne
    Chandler
    Conlan
    Crane
    "Creditors Trust"
    "Creditor's Trust"
    D&P
    Devine
    Dublin
    Duff & Phelps
    EGI
    ESOP
    examiner or examiners or examiner's
    FitzSimons
    fraudulent w/1 conveyance
    Golden
    Graeme
    Grenesko
    HBD
    hennigan w/1 bennett
    "intercompany settlement"
    Judge w/2 Gross
    Kasowitz
    Kenney
    Kenny

Klee

Krakauer

Kurtz

Larsen

Lauria

"Law Deb!"

Lazard

LBO

"Litigation Trust"

Mandava

Nils

"Noteholder Plan"

Oaktree

PHONES

"Preserved causes of action"

Rosner

Rudnick

Sam Investment Trust

Seife, Siefe

Settle* w/25 LBO

"settlement plan"

Shapiro

"sharing provision"

Sidley

Sottile

Stark

Step w/2 (one or Two or 1 or 2)

Taubman

Tower

TRB

Trib!

Valuation Research

VRC

Whayne

"White and Case"

Wilderotter

Zell

Zuckerman

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Thursday, January 06, 2011 12:10 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

We are available for a call at 11am tomorrow.  Please confirm that this time works for you.  (I am assuming from your response that today does not work for you.)

Regards,

Message

Ben

**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Wednesday, January 05, 2011 7:04 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

We are available to talk to you anytime on Friday.  Is there a time that works for you?

Best,

Nancy

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Wednesday, January 05, 2011 6:04 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Moskowitz, Elliot; Russano, Michael J.
**Subject:** RE: JPM/Davis Polk Search Parameters

Nancy,

It is unfortunate that you did not reach out to us today as suggested in your email below.  We are ready to talk at your convenience.

Regards,

Ben

**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from

disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is stricly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Tuesday, January 04, 2011 7:03 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Moskowitz, Elliot; Russano, Michael J.; Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Harrop, Dawn
**Subject:** RE: JPM/Davis Polk Search Parameters

Ben,

Your letter to the Court is inaccurate in numerous respects, and we will respond in due course. Your letter was also sent in violation of paragraph 14 of the CMO, in addition to FRCP Rule 37, as there clearly was no meet and confer on the search protocol issues in dispute, as you acknowledge below by proposing one now, after having asked the court to intervene. It is also demonstrably out of line with the responsible manner in which we (and for that matter your plan co-proponents) have conducted themselves. Finally, there is no "admission" in our letter, express or implied, that anything about our requests was "facially unreasonable."

We will be in touch tomorrow to schedule the meet and confer call that should have happened before you sought intervention from the court.

Best,

Nancy

Nancy Chung
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Direct:  212.872.1043
Direct Fax: 212.407.3243

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Tuesday, January 04, 2011 3:56 PM
**To:** Chung, Nancy; Zensky, David; Harrop, Dawn
**Cc:** Moskowitz, Elliot; Russano, Michael J.
**Subject:** FW: JPM/Davis Polk Search Parameters

Attached please find the letter we just sent to Judge Carey regarding your Email Demand. While we appreciate your desire to meet and confer as well as your admission that your Email Demand was facially unreasonable, given your refusal to withdraw the Email Demand as well as the "hard" production deadline of January 10, we could not delay teeing this up to the Court for its immediate consideration. We are, however, happy to continue discussions regarding document discovery while Judge Carey is considering this issue. We are available to do so at your convenience.

Regards,

Ben

**Benjamin S. Kaminetzky**
Davis Polk & Wardwell LLP

450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

Confiden iality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Harrop, Dawn [mailto:dharrop@akingump.com]
**Sent:** Monday, January 03, 2011 5:01 PM
**To:** Moskowitz, Elliot; Chung, Nancy; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com; skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** RE: JPM/Davis Polk Search Parameters

Please see attached letter from Nancy Chung.

Thank you,

Dawn M. Harrop

Akin Gump Strauss Hauer & Feld LLP

One Bryant Park

New York, NY 10036

212.872.8053 - direct

212.872.1002 - fax

dharrop@akingump.com


**From:** Moskowitz, Elliot [mailto:elliot.moskowitz@davispolk.com]
**Sent:** Monday, January 03, 2011 11:51 AM
**To:** Chung, Nancy; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Harrop, Dawn; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com; skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** RE: JPM/Davis Polk Search Parameters

Please see the attached letter in response to your email below.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Wednesday, December 29, 2010 7:29 PM
**To:** Moskowitz, Elliot; Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Qureshi, Abid; Hurley, Mitchell; Newman, Deborah; Gulati, Sunny; Carney, Brian; Doniak, Christine; Harrop, Dawn; Scully, Katherine; MSiegel@brownrudnick.com; GNovod@brownrudnick.com; drosner@kasowitz.com; RStark@brownrudnick.com; skorpus@kasowitz.com; CMontenegro@kasowitz.com; MStein@kasowitz.com; KBromberg@brownrudnick.com; 'Adler, David'; Boccassini, Joseph T.; Faccone, Alitia; Mayer, Katharine
**Subject:** JPM/Davis Polk Search Parameters

Elliot,

Message

This responds to your memo dated December 24, 2010 regarding JPMorgan and Davis Polk's proposed electronic search parameters. Although our response is subject to further review by our Plan proponent group, we wanted to circulate it to you as soon as possible. We would like to schedule a party-specific meet and confer call to discuss this with you at your earliest convenience. We will separately circulate highlights of our views with regards to your specific objections to our document requests.

1. **Search Methodology:**

   - JPMorgan and Davis Polk intend to apply a date range of April 14, 2010 through December 3, 2010. Based on your representation, we understand this date range is being applied because JPMorgan previously searched for and produced documents for December 15, 2009 through April 13, 2010 in connection with the April Proposed Plan as well as January 1, 2007 through December 20, 2007 in connection with the documents produced to the Document Depository. There are several problems with relying on your prior searches for documents preceding April 14, 2010. First, this does not capture the tail end of 2007, all of 2008, and most of 2009. Second, the search performed in connection with the April Proposed Plan and Document Depository contained fewer search terms and custodians. At a minimum, (i) new search terms must be run for prior custodians, (ii) all search terms must be run for new custodians, and (iii) searches must be conducted for the missing time frames noted above. As you know, in response to the Debtors' contours motion, the Court has already determined that there will be discovery regarding the merits of the underlying LBO-Causes of Action. Third, the prior search performed in connection with the April Proposed Plan was limited only to domain names for specific email addresses which we believe is insufficient. We request that all search terms be run for those custodians for December 15, 2009 through April 13, 2010.

   - JPMorgan and Davis Polk also intend to run only domain searches for external communications. We do not agree with this methodology. We have no way of knowing the entire universe of individuals and/or entities with whom JPMorgan and Davis Polk were communicating with other parties about Tribune matters. Other parties of interest, including the Debtors, are running search terms to locate responsive documents in addition to searching domain names.

   - You do not include on JPMorgan's list of custodians any individuals from Cahill, Gordon & Reindell LLP. Please confirm that you intend to search documents and communications in Cahill's files which are responsive to our requests. If you do not intend to do so, we ask that you notify us immediately so we can issue an appropriate subpoena.

   - We do not see any in-house counsel of JPMorgan on your list of custodians. We believe that such in-house counsel who worked on Tribune-related matters at the time of the underlying LBO transaction and during the post-petition period should be included. Please identify such personnel.

   - It appears from your proposal that JPMorgan and Davis Polk are limiting their search to email communications. Please confirm that you will also conduct searches of electronic databases at JPMorgan related to Tribune as well as the JPMorgan custodians' other electronic documents and hard copy files.

2. **Custodians:**

As noted, you will have to re-run any new search terms for the custodians previously searched by JPMorgan in Sections I and II of your December 24, 2010 memo. Additionally, we request that you add the following individuals to the Davis Polk custodians list:

Message

Case 08-13141-BLS    Doc 7563-7    Filed 01/19/11    Page 12 of 14

    Donald Bernstein
    Damian Schaible
    Elliot Moskowitz
    Dennis Glazer

3. **Search Terms:**

We believe you should run the search terms previously used in Sections I and II of your December 24, 2010 memo for any new custodians, in addition to the search terms proposed in Section III.D. For your newly proposed search terms in Section III.D., please explain why each is tied to a variation of the terms "trb" "trib" and/or "Tribune", as we do not believe that limitation is necessary in all instances. Additionally, we request that you add to your search terms the following:

  Akin
  "Akin Gump"
  Angelo
  "April Proposed Settlement"
  Aur*
  "Bank of America"
  BofA
  bankrupt or bankruptcy
  "bar order"
  Bendernagel
  Bigelow
  breach w/1 fiduciary w/1 duty
  bridge
  "Brown Rudnick"
  Bruce w/1 Bennett
  (Bryan) w/1 Krakauer
  Chadbourne
  Citi
  collaps*
  Committee w/1 creditors
  "confirmation plan"
  Conflict*
  "Creditors Trust"
  "Creditor's Trust"
  (Danny or Daniel) w/1 Golden
  (David or Dave) w/1 Adler
  "Debtor/Committee/Lender Plan"
  "disclosure statement"
  examiner or examiners
  "enterprise value"
  fraudulent w/1 conveyance
  "going private transaction"
  graeme w/1 bush
  hennigan w/1 bennett
  HBD
  intercompanies

file:////nycw01/...ERY/CORRESPONDENCE/2011.01.09.Email Kaminetzky to Chung re. JPM--Davis Polk Search Parameters.htm[1/18/2011 4:14:33 PM]

Message

intercompany
Jeffrey /2 Berg
Jeff /2 Berg
(James or Jim) w/1 Conlan
Judge w/2 Gross
Kasowitz
Klee
Korpus
Kurtz
"Law Debenture"
Lazard
"LBO-related causes of action"
le w/1 may
leverag* /25 trib or trb
"litigation trust"
Mark /2 Shapiro
Mart* w/1 Siegel
McCarter
mediation
mediator
Merrill
Murray or Devine
(Phil or Phillip) w/1 Dublin
Robert or Bob) w/1 Stark
Thomas /2 Kenny
 "Noteholder Plan"
ordinary w/1 litigation w/1 claims
Paul /2 Taubman
"Preserved causes of action"
projection or projections
recap*
retiree w/1 claimant w/1 settlement
Rosner
Seife, Siefe
Settle* w/25 LBO
"sharing provision"
Sidley
Solven*
Sottile
special w/1 committee
subsidiary w/1 guarantee
Suneel /2 Mandava
swap
Thomas /2 Wayne
trib, tribune, trb
ucc
valuation
"White and Case"

> Wilderotter
>
> Zuckerman w/1 Spaeder

Nancy Chung
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Direct: 212.872.1043

Direct Fax: 212.407.3243

> IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.
>
> The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

> IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.
>
> The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.