**EXHIBIT 9**

```
 1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2                                         .
                                           .
 3   IN RE:                                . Chapter 11
                                           .
 4   LYONDELL CHEMICAL COMPANY,            . Case No. 09-10023 (REG)
                                           .
 5                  Debtors.               .
     . . . . . . . . . . . . . . . .
 6   OFFICIAL COMMITTEE OF                 .
     UNSECURED CREDITORS, ON BEHALF        .
 7   OF THE DEBTORS' ESTATES,              . Adv. Proc. No. 09-01375 (REG)
                                           .
 8                  Plaintiff,             .
                                           .
 9           vs.                           .
                                           . New York, New York
10   CITIBANK, N.A., LONDON                . Friday, December 11, 2009
     BRANCH, et al.,                       . 9:45 a.m.
11                                         .
                    Defendants.            .
12   . . . . . . . . . . . . . . . .
                           TRANSCRIPT OF HEARING
13             BEFORE THE HONORABLE ROBERT E. GERBER
                    UNITED STATES BANKRUPTCY JUDGE
14   APPEARANCES:

15   For the Debtors:          George A. Davis, Esq.
                               Mark Ellenberg, Esq.
16                             Howard R. Hawkins, Jr., Esq.
                               CADWALADER, WICKERSHAM & TAFT, LLP
17                             One World Financial Center
                               New York, New York  10281
18   (Appearances continued)

19

20   Audio Operator:           Electronically Recorded
                               by J. Chien, ECRO
21
     Transcription Company:    Rand Reporting & Transcription, LLC
22                             80 Broad Street, Fifth Floor
                               New York, New York 10004
23                             (212) 504-2919
                               www.randreporting.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1     As I put it in my decision in the Adelphia DOJ
2  settlement motion:
3         "I give this factor moderate weight on the motion now
4         before me, though I would give it much greater weight
5         if I ever thought it had not been satisfied."
6         327 B.R. at 165.
7         The creditors' committee will be entitled to
8  reasonable discovery in this area.
9         Discovery of the counterparties settling with the
10 estate is normally not required, at least when we're talking
11 about anything that wasn't in communications to or from the
12 estate or its professionals.  For example, I did not authorize
13 discovery into the DOJ's desires in Adelphia, and, in fact, I
14 there thought of it as unthinkable.  When considering whether
15 or not the DOJ would have indicted Adelphia or was bluffing, I
16 observed that it could not be proved or disproved, quote, "at
17 least without inappropriate inquiry into internal government
18 processes and plans."  327 B.R. at 166.
19        As I noted, however, the creditors' committee is
20 entitled to reasonable discovery to inquire as to whether or
21 not the proposed settlement was collusive.  I will authorize
22 document production and questioning with respect to
23 communications between the debtors and the settling defendants,
24 or the professionals for each with respect to the settlement or
25 the creditors' committee's action against any of the defendants

1  the creditors' committee sued.  I will not authorize document
2  production or questioning with respect to communications or
3  thought processes within any given settling defendant or
4  between or amongst any settling defendant and its
5  professionals, or the professionals for one settling defendant
6  and another settling defendant, or the settling defendants'
7  principals themselves.  Any of those latter things I consider
8  inappropriate for discovery on either of the two issues that
9  I'm going to be hearing as we go down the road.
10      All of these are, of course, to the extent that the
11 debtors or their professionals weren't parties to those
12 communications because if and to the extent the debtors or
13 their professionals were parties to any such communications, it
14 falls within the first category, whose disclosure, I think, is
15 appropriate.
16      The debtors and/or the settling parties are to
17 produce, subject to safeguards I'll articulate, any analyses of
18 the merits of the creditors' committee litigation that were
19 shared with the other side, including without limitation any
20 analysis by the debtors' counsel, experts or advisors with
21 respect to that litigation.
22      Now, in oral argument today, I think somebody said
23 that stuff didn't come to him.  I don't know whether that's
24 true across the board.  But if and to the extent the debtors
25 gave any of their analyses to any of the settling defendants or