**EXHIBIT 12**

| | |
|---|---|
| **From:** | Russano, Michael J. |
| **Sent:** | Thursday, January 13, 2011 6:44 PM |
| **To:** | Russano, Michael J.; 'Newman, Deborah'; Kaminetzky, Benjamin S.; 'Chung, Nancy' |
| **Cc:** | 'Zensky, David'; 'Qureshi, Abid'; 'Carney, Brian'; 'Harrop, Dawn'; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley |
| **Subject:** | RE: Privilege Log Proposal and Document Search Results |

Debbie,

Following up on a couple of the open items. First, have you had a chance to consider our proposal on the last open item as to the privilege logs? The dates we have for the mediation sessions are: 9/26, 9/27, 10/4, 10/5, 10/8, 11/17. In order to put at least this issue to rest, we propose revising 3A as follows:

A. For the following days: 9/26/10, 9/27/10, 10/4/10, 10/5/10, 10/8/10 and 11/17/10, documents/communications relating to Settlement Analysis or Settlement Process (as those terms are defined in the Requests for Production Served by Aurelius on JPM) where the following custodians are in the TO or FROM field (excluding documents/communications solely within an outside counsel's law firm):

   i. Don Bernstein
   ii. Dennis Glazer
   iii. Kevin Kelley
   iv. Pat Daniello
   v. Miriam Kulnis
   vi. Ann Kurinskas

Second, do you have a revised proposal to make as to the search terms for the April to December 2010 period?

Finally, we are still waiting on results for the 1/1/07-6/1/08 period.

Thank you,

Michael

---

**Michael J. Russano**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4019   tel
212 701 5019   fax
michael.russano@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

---

**From:** Russano, Michael J.
**Sent:** Wednesday, January 12, 2011 10:35 PM
**To:** 'Newman, Deborah'; Kaminetzky, Benjamin S.; Chung, Nancy
**Cc:** Zensky, David; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

Debbie --

We do expect to have an answer for you tomorrow on your question from the original email.

Despite best-efforts and pushing our vendors as hard as we can, including asking them to work overnight to process the data, the estimate we have been given is that we will not have numbers from them until late tomorrow night. Given that, I think the earliest realistic time we could have a meaningful discussion as to that topic is Friday morning.

On other outstanding issues, I believe we are very close on the privilege log proposal, and the one sticking point is the scope of the "3A exception." Following the Lyondell precedent of targeting a very specific day(s), would you be willing to accept limiting the exception to the mediation days?

Have you also had an opportunity to consider, with respect to the current settlement period (April-December 2010), whether you are willing to narrow your search terms, or are you as far as you are willing to go on that?

Regards,

Michael


**Michael J. Russano**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4019   tel
212 701 5019   fax
michael.russano@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Newman, Deborah [mailto:djnewman@akingump.com]
**Sent:** Wednesday, January 12, 2011 9:56 PM
**To:** Newman, Deborah; Kaminetzky, Benjamin S.; Chung, Nancy
**Cc:** Zensky, David; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Russano, Michael J.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

Ben-

Do you think you'll be able to get us an answer to the question below by tomorrow?

Also, are you still on track to provide us with an estimate of the number of documents that result from the truncated search terms and custodians we have requested for the Jan. 1, 2007 – December 20, 2007, and December 21, 2007 – June 1, 2008 periods by tomorrow? If so, when tomorrow are you available to discuss the information? Earlier in the day is better for us (although this will obviously also depend on when you are able to get us the information).

Please let us know as soon as you can.

Thanks.

-Debbie

**From:** Newman, Deborah
**Sent:** Wednesday, January 12, 2011 9:20 AM
**To:** 'Kaminetzky, Benjamin S.'; Chung, Nancy
**Cc:** Zensky, David; Qureshi, Abid; Carney, Brian; Harrop, Dawn; 'Russano, Michael J.'; 'Moskowitz, Elliot'; 'Luftglass, Karen'; 'Loss, Daniel M.'; 'Chang, Alicia Llosa'; 'Bark, Lesley'
**Subject:** RE: Privilege Log Proposal and Document Search Results

Ben –

Further to our meet and confer yesterday, with respect to the period Jan. 1, 2007 – June 1, 2008, we are asking that, in addition to employing the truncated search parameters we have discussed, JPMorgan also locate and provide us with any documents or communications from that period relating to JPMorgan's consideration or purchase on its behalf of swap or short positions relating to Tribune, including but not limited to credit default swaps, as requested by request number 59 of the first request for production of documents served on JPMorgan by Aurelius.

Please let us know if JPMorgan will agree to produce this information.

Thanks.

-Debbie


**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Monday, January 10, 2011 4:22 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Newman, Deborah; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Russano, Michael J.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

4pm is okay.  I believe that Michael will be reaching out to Debbie this afternoon.

Let's use 212-450-5999, conference code 917942.

Regards,

Ben


**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Monday, January 10, 2011 4:06 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Newman, Deborah; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Russano, Michael J.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

Ben, Tomorrow afternoon is fine but we are juggling a few calls.  Can we do later, say 4pm?   Also, we did have a few questions about the chart so we can understand what the numbers reflect.  I think Debbie left a message for Mike on that earlier today.  If we could get that out of the way today, that would help move things along.

Thanks.

Nancy

---

**From:** Kaminetzky, Benjamin S. [mailto:ben.kaminetzky@davispolk.com]
**Sent:** Monday, January 10, 2011 3:51 PM
**To:** Chung, Nancy
**Cc:** Zensky, David; Newman, Deborah; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Russano, Michael J.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

We are available at 3pm tomorrow (Tuesday).  Okay?


**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4259   tel
212 701 5259   fax
ben.kaminetzky@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

---

**From:** Chung, Nancy [mailto:nchung@AkinGump.com]
**Sent:** Monday, January 10, 2011 3:42 PM
**To:** Kaminetzky, Benjamin S.
**Cc:** Zensky, David; Newman, Deborah; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Russano, Michael J.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** RE: Privilege Log Proposal and Document Search Results

Ben,

In light of today's court call, we would like to know if you want to continue our meet and confer discussions.  If so, please let us know when you are available.

Best,

Nancy

---

**From:** Russano, Michael J. [mailto:michael.russano@davispolk.com]
**Sent:** Monday, January 10, 2011 11:28 AM
**To:** Chung, Nancy

**Cc:** Zensky, David; Newman, Deborah; Qureshi, Abid; Carney, Brian; Harrop, Dawn; Kaminetzky, Benjamin S.; Moskowitz, Elliot; Luftglass, Karen; Loss, Daniel M.; Chang, Alicia Llosa; Bark, Lesley
**Subject:** Privilege Log Proposal and Document Search Results

Nancy,

Below are our revisions to the privilege log proposal, and attached are the results of running your proposed list of searches for the April 2010 to December 2010 timeframe. Note that the numbers in the chart do not include any of the FTI/Blackstone custodians, so the document count will be even higher.

In addition, we have identified the following "monitoring" custodians for the post-LBO period:

Yang Chen
Rajesh Kapadia
John Kowalczuk
Miriam Kulnis

-----------------------------------------------------------------

1. Documents/communications that will be reviewed and logged on a document by document basis, except that, for each of the following 1-4, internal documents/communications within an outside counsel's law firm will not have to be reviewed or logged

    A. Any document created between January 1, 2006 and December 31, 2008 that

    i. constitutes or relates to any projections or forecasts of Tribune's (or any Tribune Entity's) financial, cash flow, or operating performance, liquidity, and available capital including sources;

    ii. constitutes or relates to all or any Tribune Entities' (as defined in the Examiner's Report) balance sheets, income statements, statements of cash flow, liquidity or capital adequacy analyses, general ledgers or other similar financial report;

    iii. relates to the structure of the LBO (as defined in the Examiner's Report);

    iv. relates to the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity), including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due; and

    v. relates to whether any or all aspects of the Step One and or Step Two transactions (as defined in the Examiner's Report), including the financing thereof, should proceed.

2. Documents/communications that will be exempt from production and logging

    A. Internal documents/communications solely within an outside counsel's law firm

    B. Documents/communications solely between or among outside counsel law firms for a single client

    C. Documents/communications solely between client inside counsel and client inside counsel

    D. Internal documents/communications solely within an advisor or between advisors

    E. Documents/communications solely between outside counsel and client where the outside counsel is in the TO or FROM field, with the exception of 3A below

    F. Documents/communications solely between outside counsel and/or inside counsel and/or advisors where the advisor is in the TO or FROM field, with the exception of 3A below

G. ~~Documents/communications solely between client inside counsel and client advisors where the advisor is in the TO or FROM field, with the exception of 3A below~~

3  Documents/communications that will be reviewed and logged on a category basis

B. ~~For the period April 1, 2010 to November 23, 2010, Documents/communications relating to Settlement Analysis or Settlement Process (as those terms are defined in the Requests for Production Served by Aurelius on JPM) where the following custodians are in the TO or FROM field (excluding documents/communications solely within an outside counsel's law firm):~~

- vii. ~~Don Bernstein~~
- viii. ~~Dennis Glazer~~
- ix. ~~Kevin Kelley~~
- x. ~~Pat Daniello~~
- xi. ~~Miriam Kulnis~~
- xii. ~~Ann Kurinskas~~

C.  All responsive documents/communications withheld from production that have not been identified in the foregoing categories.

For the avoidance of doubt, if a document falls within both the document-by-document category and any other category (with the exception of internal documents/communications strictly within an outside counsel's law firm or strictly within an advisor), then that document should be logged on a document-by-document basis.

~~Counsel for JPM shall provide a declaration certifying that the attorneys producing documents on behalf of JPM conducted a full search for responsive information that was consistent with the protocol for privilege logs agreed upon by the parties, and that the categories described in the category logs do not include any responsive, non-privileged documents.~~

<u>This protocol shall apply with equal force to JPMorgan and the Noteholder Plan Proponents.</u>

This proposal is conditioned upon the category descriptions utilized in the category logs being sufficiently detailed to allow the Noteholder Plan Proponents to assess the privilege claim, and providing for each category, at a minimum, (i) the parties to the withheld communications, (ii) the date range for the withheld communications, (iii) the subject matter of the withheld communications, and (iv) the nature of the privilege claimed.  [Akin to advise as to its views on the Debtors' category log]

**Michael J. Russano**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4019   tel
212 701 5019   fax
michael.russano@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy  located at  www.davispolk.com  for important information on this policy.

```
IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered
opinion, within the meaning of Circular 230 issued by the United States Secretary of the
Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice
contained in this communication for the purpose of avoiding United States federal tax
penalties. In addition, any tax advice contained in this communication may not be used to
promote, market or recommend a transaction to another party.
```

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
_____
IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
_____
IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.