# EXHIBIT 15

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------ x
:
In re: : Chapter 11
: Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al., : (Jointly Administered)
:
Debtors. : Re: Docket No. 7519
:
------------------------------------ x

## ORDER DENYING THE NOTEHOLDER PLAN PROPONENTS' MOTION TO COMPEL JPMORGAN TO SEARCH FOR, REVIEW AND PRODUCE DOCUMENTS RESPONSIVE TO AURELIUS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Upon consideration of the motion dated January 14, 2011 (the "Motion"), of the Noteholder Plan Proponents to compel JPMorgan to search for, review and produce documents responsive to Aurelius' First Request for the Production of Documents and the objections thereto; and this Court having determined that the relief requested in the Motion is not in the best interests of the Debtors, their estates, their creditors, and the parties in interest to these proceedings; and it appearing that proper and adequate notice of the Motion was given and that no other or further notice is necessary; and upon the record of the hearing herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is denied as set forth below; and it is further

ORDERED, that within fifteen (15) days from the entry of this Order, JPMorgan shall, search for, review and produce non-privileged, responsive documents to the extent JPMorgan has not previously produced such documents to the Document Depository, the following:

> For the period January 1, 2007 through December 20, 2007, emails containing the search terms Devine, Kenny, Kenney, Crane,

Bigelow, Taubman and Whayne for the following custodians: Rajesh Kapadia, Ferdinand "Tony" Grimminck, James Lee, Jieun "Jayna" Choi and Peter Cohen; and

For the period December 20, 2007 through June 1, 2008, emails containing JPMorgan's initial 43 search terms and the search terms Devine, Kenny, Kenney, Crane, Bigelow, Taubman and Whayne for the following custodians: Rajesh Kapadia, Yang Chen, Miriam Kulnis and John Kowalczuk.

ORDERED, that JPMorgan shall review and log communications as follows:

1. Documents/communications that will be reviewed and logged on a document by document basis, except that, for each of the following 1-4, internal documents/communications within an outside counsel's law firm will not have to be reviewed or logged

   A. Any document created between January 1, 2006 and December 31, 2008, that

      i. constitutes or relates to any projections or forecasts of Tribune's (or any Tribune Entity's) financial, cash flow, or operating performance, liquidity, and available capital including sources;

      ii. constitutes or relates to all or any Tribune Entities' (as defined in the Examiner's Report) balance sheets, income statements, statements of cash flow, liquidity or capital adequacy analyses, general ledgers or other similar financial report;

      iii. relates to the structure of the LBO (as defined in the Examiner's Report);

      iv. relates to the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity), including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due; and

      v. relates to whether any or all aspects of the Step One and or Step Two transactions (as defined in the Examiner's Report), including the financing thereof, should proceed.

2. Documents/communications that will be exempt from production and logging

    A. Internal documents/communications solely within an outside counsel's law firm

    B. Documents/communications solely between or among outside counsel law firms for a single client

    C. Documents/communications solely between client inside counsel and client inside counsel

    D. Internal documents/communications solely within an advisor or between advisors

    E. Documents/communications solely between outside counsel and client where the outside counsel is in the TO or FROM field, with the exception of 3A below

    F. Documents/communications solely between outside counsel and/or inside counsel and/or advisors where the advisor is in the TO or FROM field, with the exception of 3A below

    G. Documents/communications solely between client inside counsel and client advisors where the advisor is in the TO or FROM field, with the exception of 3A below

3. Documents/communications that will be reviewed and logged on a category basis

    A. For the following days: 9/26/10, 9/27/10, 10/4/10, 10/5/10, 10/8/10 and 11/17/10, documents/communications relating to Settlement Analysis or Settlement Process (as those terms are defined in the Requests for Production Served by Aurelius on JPM) where the following persons are in the TO or FROM field (excluding documents/communications solely within an outside counsel's law firm):

        i. Don Bernstein
        ii. Dennis Glazer
        iii. Kevin Kelley
        iv. Pat Daniello
        v. Miriam Kulnis
        vi. Ann Kurinskas

    B. All responsive documents/communications withheld from production that have not been identified in the foregoing categories.

3

    For the avoidance of doubt, if a document falls within both the document-by-document category and any other category (with the exception of internal documents/communications strictly within an outside counsel's law firm or strictly within an advisor), then that document should be logged on a document-by-document basis.

 ORDERED, that this Order shall be effective immediately upon entry.

Dated: _____, 2011
   Wilmington, Delaware

              _____
              The Honorable Kevin J. Carey
              Chief United States Bankruptcy Judge