IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | (Jointly Administered) |
| Debtors. | Hearing Date: January 21, 2011 at 10 a.m. |

## DECLARATION OF MICHAEL E. O'BRIEN

MICHAEL E. O'BRIEN states as follows:

1. I am currently a Senior Vice President in the Global Investment Banking Special Assets Group for Bank of America, N.A. ("BofA"), Director of Merrill Lynch & Co. and Vice President and authorized signatory of Merrill Lynch Capital Corp. In my position, I am responsible for, among other things, managing loans to financially troubled companies and related matters. I use the term "Merrill Lynch" herein to refer collectively to Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith, Incorporated. References contained herein to Merrill Lynch shall be deemed to include personnel presently at BofA as a result of the merger of BofA and affiliates of Merrill Lynch.

2. I am submitting this declaration in support of Merrill Lynch's objection to the motion by the Law Debenture Trust Company of New York ("Law Debenture") for an order to compel the production of certain documents from Merrill Lynch (the "Motion to Compel"). I make this declaration based on personal knowledge except as expressly noted herein.

32085516.DOC

3. Since shortly prior to December 8, 2008, I have had primary responsibility for the day-to-day management of Merrill Lynch's interests in the above-captioned cases and performance of its obligations, including but not limited to Merrill Lynch's obligations as former administrative agent under the Tribune Bridge Facility (until Merrill Lynch was replaced by Wells Fargo, N.A. in April 2010); Merrill Lynch's claims against the Debtors; and the claims asserted against Merrill Lynch in connection with these chapter 11 cases (the "Tribune Matter").

4. On or about December 15, 2010, I became aware that Law Debenture served a subpoena on Merrill Lynch, containing 75 document requests, in connection with the discovery of facts relevant to the confirmation hearings scheduled to commence before this Court on March 7, 2011 (the "Document Requests").

5. Upon reviewing the Document Requests, I concluded that a search of my hard copy and electronic files would, to the best of my knowledge, information and belief following investigation, retrieve all Merrill Lynch documents and communications responsive to the Document Requests for the time period from and after December 8, 2008 through December 15, 2010. I am the point person and central contact at Merrill Lynch for all communications related to the Tribune Matter. To the extent that there are any internal communications related to the Tribune Matter, I am either the originator of the communication or one of the recipients of the communication. Likewise, I am Merrill Lynch's point person and central contact for all external communications relating to the Tribune Matter. I confirmed my belief that I would be included on all Merrill Lynch communications related to the Tribune Matter (except perhaps for certain communications (if any) including Messrs. Jeffrey Kaplan and Todd Kaplan in October

2010) with the personnel within the Global Investment Banking Special Asset Group at BofA to whom I report and their superiors.

6. My paper and electronic files represent Merrill Lynch's files for the Tribune Matter, and I have provided those files to my attorneys for production of non-privileged documents in response to the Document Requests.

7. With regard to the Tribune Matter, my regular practice is to use at least one of the following three terms in all of my electronic communications concerning the Tribune Matter: "Tribune," "TRIB" or "TRB".

8. I understand that Merrill Lynch was not listed as a mediation party in the Court's order, dated September 9, 2010, directing mediation in these cases. I further understand that the Honorable Kevin Gross invited Merrill Lynch to participate in the mediation in late September. On September 26 and 27, 2010, I attended the mediation session in Delaware on behalf of Merrill Lynch, but Merrill Lynch was excluded from the substantive discussions that occurred at those mediation sessions. I did attend and participate on behalf of Merrill Lynch in the mediation session that took place in Delaware on October 4, 2010.

9. I am aware that the Official Committee of Unsecured Creditors served document requests on Merrill Lynch dated March 14, 2009, as amended May 26, 2009 (the "UCC Requests"). In response to the UCC Requests, Merrill Lynch took a careful, systematic and reasonable approach to the collection of potentially responsive emails by identifying the various groups within Merrill Lynch that participated in the Tribune transactions in 2007 and identifying one or two custodians within each group for email collection. Merrill Lynch ultimately identified 12 custodians from the following eight

groups at Merrill Lynch that worked on the 2007 Tribune transactions: Leveraged Finance, Rating Agency Review, Loan Syndication, Capital Commitments, Chicago Investment Banking, Media Investment Banking, Mergers & Acquisitions and Corporate Credit. The custodians identified by Merrill Lynch were Todd Baker of Rating Agency Review, Michael Costa of Mergers & Acquisitions, Henrik Dahlback of Leveraged Finance, Blair Faulstich of Media Investment Banking, John Harrison of Media Investment Banking, Jim Janover of Capital Commitments, Todd Kaplan of Leveraged Finance, Greg Margolies of Leveraged Finance, Carl Mayer of Loan Syndication, Mike O'Grady of Chicago Investment Banking, Don Wilson of Corporate Credit and Adam Wood of Media Investment Banking.

10. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 19, 2011 in New York, New York.

*/s/ Michael E. O'Brien*
Michael E. O'Brien