# **EXHIBIT C**

```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                          )    Chapter 11
                                )
                                )
TRIBUNE COMPANY, et al.,        )    Case No. 08-13141 (KJC)
                                )
                                )    Courtroom 5
                                )    824 Market Street
         Debtors.               )    Wilmington, Delaware
                                )
                                )    December 15, 2010
                                )    10:04 a.m.

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN J. CAREY
                 UNITED STATES BANKRUPTCY JUDGE
```

TELEPHONIC APPEARANCES:

For Debtor:            Sidley Austin, LLP
                       BY:  JAMES BENDERNAGEL, ESQ.
                       BY:  KEN KANSA, ESQ.
                       One South Dearborn
                       Chicago, IL  60603
                       (213) 896-6022

                       Cole, Schotz, Meisel, Forman &
                       Leonard, PA
                       BY:  NORMAN PERNICK, ESQ.
                       1000 North West Street
                       Suite 1200
                       Wilmington, DE  19801
                       (302) 652-3131

ECRO:                  AL LUGANO

Transcription Service: DIAZ DATA SERVICES
                       331 Schuylkill Street
                       Harrisburg, Pennsylvania 17110
                       (717) 233-6664
                       www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

30

1  the Court directed the committee to consult with various
2  interested parties on those issues.  The committee did so
3  both prior to filing its original complaints on November 1
4  and prior to filing the amended complaints about a month
5  later.  And the result of those consultations is that the
6  committee added some additional claims to the complaints.
7        The motion to confirm standing is simply intended
8  to ask the Court to confirm the committees' view that every
9  claim that was added as a result of consulting with other
10 parties, falls within the parameters of the Court's October
11 27, 2010 order.
12
13        The Court on our motion filed last week, agreed
14 to expedite the hearing of the matter so that it could be
15 heard today and to shorten notice.  And permitted parties to
16 present objections, if any, either before this hearing or at
17 the hearing today.
18        The only objection we are aware of, Your Honor,
19 is that filed last night on behalf of Mr. Zell and EGI.
20 Although, I suppose a party might rise to announce some
21 other objection, we're not aware of anything else.
22        Let me speak briefly to the nature of the
23 objection raised by Mr. Zell and EGI.  The objection does
24 not contest that the committee had standing to commence all
25 of the claims asserted in the amended complaints.  So there

1   is no issue here with respect to limitations or other time
2   related bars.  Instead, the tenor of the objection is that
3   the committee does not, should not have standing to actually
4   prosecute those claims without some further opportunity for
5   Mr. Zell and EGI to argue that the claims are not colorable,
6   that the claims, prosecution of the claims is not in the
7   best interests of the estate.
8           So that's the issue that's presented by the
9   objection.  Does the committee, should the committee have
10  standing to prosecute these claims or should Mr. Zell and
11  EGI be permitted to argue later that the committee shouldn't
12  have, doesn't have standing to prosecute the claims because
13  they're not colorable or aren't in the best interest of the
14  estate.
15  
16          Your Honor, I think that what we have here is
17  what my teenage son calls and effort for a do over.  This
18  issue has been resolved by the Court in its October 27, 2010
19  standing order.
20          THE COURT:  Then why must I address it again?
21          MR. SETTILE:  Your Honor, I don't believe that
22  you do need to address the objection that's been raised.
23  The objection does not suggest that any of the claims fall
24  outside of the scope of the Court's order at least as I
25  understand it.  And Mr. Bradford, counsel for Zell and EGI

1  will correct me if I'm wrong.  I don't think the argument is
2  that the Court's order doesn't encompass the claim.
3           THE COURT:  I know, I tend to agree with that.
4           MR. SETTILE:  And that was the tenor of the
5  motion to confirm standing simply to confirm that we feel
6  within the four corners of the Court's order granting
7  standing.  Instead, what the argument is is we get to argue
8  later on that you shouldn't be allowed to prosecute.
9           THE COURT:  Well, in fairness to the objector
10 here, there were claims which were specifically discussed at
11 the hearing.  And those which the parties thought or knew
12 were out there, but weren't specifically the subject of
13 discussion at the hearing and that's why the language that
14 we ended up with ended up in the order.  This was not
15 specifically something that I recall was discussed at that
16 hearing.  So I don't know if it's really a do over, but I
17 guess the question is if -- well, let's deal with a couple
18 different things.
19          MR. SETTILE:  Certainly, Your Honor.
20          THE COURT:  If the issue's really been decided,
21 why are you here?  And then secondly, does it really need to
22 be decided today?
23          MR. SETTILE:  Your Honor, I think the issue has
24 been decided.  I think the Court needs to address it to

eliminate any doubt that it's been decided and doubt has been raised now by Mr. Zell and EGI in the form of their opposition as to whether standing was properly granted to the committee to prosecute as opposed to just file lawsuits.

The reason I think it is a do over, Your Honor, is that there was a specific reference at the hearing on October 22 to these claims. In fact, counsel for Mr. Zell and EGI spoke to the issue. And what they said, Your Honor, on Page 43 of the transcript, Mr. Vale of Jenner and Block rose -- I should say, spoke telephonically, rose metaphorically and said the following. I represent EGI, TRB, EGI, and Mr. Zell, and I don't object to the UCC's motion for standing. It is, Your Honor, not surprising that there was no extended discussion of those claims given that counsel for EGI and Zell advised the Court and the parties that they did not object to the committees' motion for standing.

Now in fairness, Mr. Vale went on to make another couple of comments that I should bring to the Court's attention. He said to the extent that the UCC seeks to immediately commence litigation and to take discovery, I do object. It was my understanding that there would be no litigation during the mediation. And here with pending mediation, there's no valid purpose served by the UCC

1  running to file its complaints.  As to that issue, the Court
2  specifically instructed in its order that the complaints
3  should be filed notwithstanding Judge Gross' view that the
4  mediation continued and notwithstanding the provision of the
5  mediation order.
6          So to the extent there was an objection there
7  about filing, this Court specifically overruled it.  The
8  last comment Mr. Vale made was that the complaint's
9  allegations against my client are unfounded and contrary to
10 the conclusions and findings of the examiner.  I'd ask that
11 they not go forward with filing the complaints until the
12 mediation has been concluded.
13         Again, Your Honor, I think what was happening is
14 that EGI and Zell were advising the Court and the parties
15 they didn't object to standing.  Their only objection is
16 that while the mediation is going on, the committee
17 shouldn't file.  This Court specifically overruled that
18 objection as reflected in its order and this matter has been
19 resolved.
20         Now there are opportunities in litigation to seek
21 a do over and they are called things like motions to
22 reconsider, motions to vacate, maybe a motion to dismiss the
23 underlying complaint as and when it's prosecuted and none of
24 those have been presented to the Court by Zell and EGI.  We

1 don't believe that there are any grounds for any of those,
2 but if there are, there are appropriate opportunities to
3 seek such a do over. It is not on this motion which simply
4 seeks to confirm that this Court after being advised by
5 counsel for Zell and EGI that there was no objection to
6 standing for the committee, correctly granted standing to
7 the committee to commence and prosecute the claims.
8       THE COURT: So what would be the effect of a
9 denial of your motion?
10       MR. SETTILE: A denial of the motion, Your Honor,
11 I think would call into question depending on how the Court
12 ruled, whether or not claims asserted against Zell and EGI
13 were ones as to which the committee was granted standing to
14 prosecute the claims. Counsel for Zell and EGI have agreed
15 that the committee had standing to commence the actions and,
16 therefore, toll any limitations rather time related
17 defenses. So I think that would be the effect, Your Honor.
18       THE COURT: Well, what about the offer to enter
19 into tolling agreements?
20       MR. SETTILE: Your Honor, there was an offer that
21 was expressed in the opposition and that has been the
22 subject of discussion between committee counsel and counsel
23 for Mr. Zell and EGI to enter into an tolling agreement.
24 And, Your Honor, that would address the limitations issues,
25

1  but the limitations issues, I think are already muted out by
2  virtue of the opposition as its been filed and because I
3  think it's clear that the Court did grant standing to both
4  commence and prosecute the claims.
5              Our concern, Your Honor, is that entering into
6  tolling agreements with parties that as to whom complaints
7  have already been filed, simply imposes another barrier
8  between the claims and their prosecution that whoever brings
9  these claims and prosecutes them would have to go through.
10 Instead of simply proceeding on the existing complaints if
11 tolling agreements were entered into with Mr. Zell and EGI
12 and perhaps other parties who would presumably seek the same
13 relief, then instead of going forward on existing
14 complaints, you'd have to be filing new complaints.  And you
15 might very well face arguments that for whatever reason,
16 tolling agreements aren't effective.  Now we would attempt
17 to draft tolling agreements that foreclosed any such
18 arguments.  I think it's likely we would be able to do that,
19 but you might well open up additional arguments based on
20 time and limitations that aren't available to anyone at
21 present.
22             THE COURT:  Thank you.
23             MR. SETTILE:  Thank you, Your Honor.

1     MR. BRADFORD: Thank you, Your Honor. David
2 Bradford on behalf of EGI, TRB, and Mr. Zell.
3     Your Honor, when this matter came before the
4 Court, it was presented in a context where it was
5 specifically represented to the Court that the purpose of
6 filing the complaint was to toll the limitation period. We
7 wanted to be cooperative with that. We had offered a
8 tolling agreement even before the complaint was filed and we
9 felt the debtor and committee had properly sought to
10 preserve causes of action and we sought to cooperate with
11 that and did not object and were expressed that we were not
12 objecting insofar as they south to commence litigation to
13 preserve these claims.
14
15     We did make clear our views which we reiterate
16 today that these claims are unfounded. The examiner
17 specifically found as to certain of these claims that there
18 was no plausible basis for the claim. And that's an issue
19 on which we deserve to be heard.
20     With respect to Your Honor's question as to when,
21 we don't think it's necessary to reach those issues right
22 now because the practical purpose of these motions was to
23 preserve the claim for a later determination. We've tried
24 to be careful in doing that and I am back today to
25 essentially assure the record reflects our continuing

1    MR. GOLDEN:  Thank you.

2    THE COURT:  Well, you never really left, I know.

3    (Laughter)

4    THE COURT:  Mr. LeMay?

5    MR. LEMAY:  Your Honor, David LeMay for the
6    committee.  Would a tiny bit earlier be convenient for the
7    Court?  There's a creditors' committee meeting tomorrow at
8    11:30 and I think I would be the one handling both of those.
9    So 10:45 that extra 15 minutes would actually be enormously
10   helpful for me.  But if the Court obviously needs to do it
11   at 11:00, we'll make due.
12   
13   THE COURT:  10:45 is okay with me.  Is it okay
14   with others?

15   MR. KANSA:  Yes, Your Honor.

16   THE COURT:  All right.  10:45 tomorrow morning
17   conference telephone hearing only.  All right.  Is there
18   anything left for today?

19   MR. KANSA:  I believe that concludes everything
20   on our agenda, Your Honor.

21   THE COURT:  Oh, yes, there is.

22   (Laughter)

23   MR. SOTTILE:   There is one final matter, Your
24   Honor.  The Court heard argument earlier on the motion to
25   confirm standing.  And stimulated as counsel often are by

1  the Court's reactions to arguments, we've had some further
2  discussions about the issues and would like to make a
3  proposal to the Court about how we might resolve the
4  outstanding issues.
5           THE COURT: All right.
6           MR. SOTTILE: And it is as follows, Your Honor.
7  Since the only --
8           THE COURT: Is this a joint proposal?
9           MR. SOTTILE: It is a joint proposal, Your Honor.
10          THE COURT: Okay.
11          MR. SOTTILE: Since the only objection to the
12 motion to confirm standing is the one that was presented on
13 behalf of Mr. Zell and EGI and the Court I think wished to
14 take some opportunity to review the transcript and to
15 consider the matter further. We have discussed with counsel
16 for Zell and EGI the following.
17          That we would propose that the Court if it is so
18 minded, enter the order to confirm standing, but carve out
19 of that order the issues raised by Mr. Zell and EGI in their
20 opposition. And that those issues would be set for a
21 further hearing that would permit the parties an opportunity
22 to have further discussions about whether they can resolve
23 those issues and an opportunity for the Court to further
24 consider the arguments that have been made and for the

1 parties to be heard in response to any concerns the Court
2 may have after it has had an opportunity to consider the
3 transcript.
4         THE COURT:  Do you have a date to suggest?
5         MR. SOTTILE:  Your Honor, I actually do not have
6 present in my mind when the January omnibus hearing is.
7 There was a scheduling issue for Mr. Bradford that may make
8 that not possible depending on when it is.
9         THE COURT:  So January -- well, there's one on
10 the 13th and one on the 20th.  That's the 3018 day and
11 February 9.
12         MR. SOTTILE:  Your Honor, the January the 20th
13 would be convenient for both counsel for the committee and
14 for Mr. Bradford, counsel for Mr. Zell and EGI, if that's
15 acceptable to the Court.
16         THE COURT:  Okay.  I don't want to load that day
17 up too much given the 3018 day, but that's fine, you may
18 build that into the order.
19         MR. SOTTILE:  Thank you, Your Honor.  We'll
20 submit by the end of the day, a form of order that carves
21 out those issues, but otherwise grants the motion.
22         THE COURT:  All right, thank you.
23         MR. SOTTILE:  Thank you.
24         MR. BRADFORD:  Thank you very much, Your Honor.