IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------X
In re:                                           :    Chapter 11 Cases
                                                 :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                         :    (Jointly Administered)
                                                 :
    Debtors.                                     :    Hearing Date and Time:
                                                 :    January 24, 2011 at 11:00 AM (EST)
                                                 :
                                                 :
-------------------------------------------------X    Related to Docket Nos. 4886, 7126, 7215,
                                                      7401, 7487, 7490
```

**REPLY IN SUPPORT OF WILMINGTON TRUST COMPANY'S
SUPPLEMENTAL MOTION FOR ESTIMATION AND TEMPORARY
ALLOWANCE OF CLAIMS PURSUANT TO BANKRUPTCY RULE 3018**

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of $1.2 billion (generally referred to as the "PHONES") issued in April 1999 by Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors" or the "Company"), by and through its undersigned counsel, hereby respectfully submits this reply ("Reply") in support of its Supplemental Motion pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure estimating and temporarily allowing the current accrued amount of indenture trustee fees of Wilmington Trust for plan confirmation voting purposes in the competing plan process [Docket No. 7401]. In support thereof, Wilmington Trust respectfully states as follows:[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning in the Supplemental Motion.

1

**REPLY**

1. Wilmington Trust's Indenture Trustee Fees represents the aggregate of Wilmington Trust's reasonably incurred fees and expenses in its capacity as Indenture Trustee under the PHONES Indenture. There is no serious dispute as to whether these fees and expenses were incurred nor is there a specific dispute as to whether these fees and expenses are reasonable. Thus, the Court should at the very least temporarily allow Wilmington Trust's Indenture Trustee Fees in the full amount for the purpose of voting pursuant to Bankruptcy Rule 3018 as a Class 1F Claim "Other Parent Claim." Most significantly, neither the Debtors nor the Committee actually contest that Wilmington Trust's Indenture Trustee Fees should be classified as a Class 1F Claim "Other Parent Claim."

2. In response, nonetheless, the Debtors and Committee assert that, though there is no objection to these actual fees and expenses, the Court should instead temporarily allow Wilmington Trust's Indenture Trustee Fees in the nominal amount of $1.00. Additionally, the Debtors assert that the Court should defer any ruling on the Motion pending expiration of the voting deadline and a determination of whether the relief requested in the Motion could be moot. Wilmington Trust is aware of no other instance or authority in which voting is allowed on the basis of whether "it will make a difference".

A. **Evidence to Support Wilmington Trust's Indenture Trustee Fees**

3. Wilmington Trust's Indenture Trustee Fees constitutes the aggregate of Wilmington Trust's Indenture Trustee Fees invoiced to date. Although no one can reasonably dispute that Wilmington Trust incurred these costs, Wilmington Trust contemporaneously files this Reply with the *Declaration of Gordon Z. Novod*, dated January 21, 2011, appending each actual invoice that has been sent or has been prepared, but not yet sent, to Wilmington Trust by

outside counsel. As set forth in the Novod Declaration, Wilmington Trust's Indenture Trustee Fees exceed $14.16 million,[2] in connection with the Tribune bankruptcy cases during the period from December 8, 2008 through December 31, 2010.

4. Wilmington Trust respectfully submits that the invoices attached to the Novod Declaration comply with paragraph 41 of the Solicitation Order regarding evidence of the claim. Certainly Wilmington Trust's actual invoices are the predicate for its allowable claim, temporary or otherwise. It is noteworthy that the Debtors and the Committee now complain that Wilmington Trust has not provided any back-up for Wilmington Trust's Indenture Trustee Fees, even though they never served a formal document request upon Wilmington Trust or availed themselves to their rights under the Bankruptcy Rules.

5. As the Debtors' and the Committee's objections point out, if at some point the Debtors or the Committee seek to challenge Wilmington Trust's Indenture Trustee Fees claiming that such fees and expenses are not reasonable, then such a challenge would appropriately fall within the gambit of the claims objection and allowance process and not under the guise of an objection to a Rule 3018 motion.

6. The Debtors' and the Committee's concerns for this matter rise to the level of litigation for tactical gain. This is underscored by the fact that the existence of the Wilmington Trust Indenture Trustee Fees has been known to all parties in interest since the filing of the Original 3018 Motion in June 2010 and the request to vote that claim in the Other Parent Claim class.

---

[2] This amount does not include fees and expenses of Wilmington Trust's internal fees and expenses as well as the fees and expenses of Wilmington Trust's advisors and experts in the Tribune Cases. Wilmington Trust reserves all rights to assert claims against the Debtors seeking payment for these fees and any other fees incurred by Wilmington Trust in connection with the Debtors' cases. Fees and expenses continue to be incurred on a daily basis and this amount will increase as the cases move through the confirmation process and it is expected that Wilmington Trust will assert a supplemental or final claim in the full amount of its fees and expenses at the appropriate time and seek any related relief.

7. In light of the highly contentious nature of these cases and the pending competing plans of reorganization, including the Noteholder Plan, for which Wilmington Trust is a plan proponent, Wilmington Trust cannot disclose to the Debtors and the Committee, parties who are adverse in the competing plan process, the details of its professionals' fees and expenses in unredacted form, without revealing privileged attorney-client communications and work product, and other applicable privileges. If the Court were to require that Wilmington Trust provide time detail to the Debtors and the Committee, at this time, such detail would have to be substantially redacted to preserve work product, attorney-client and other applicable privileges. The process to render a redacted invoice would be expensive and time consuming based on in excess of 600 pages of time entries that would be required to be reviewed, and redacted. And after such redactions, very little, if any, useful information would be provided.

8. Finally, the Debtors' request to delay such determination pending passage of the voting deadline is without merit. This blatant effort to disenfranchise creditors entitled to vote on an assumption that the applicable class will accept the Debtors/Committee/Lender Plan regardless of whether Wilmington Trust's Indenture Trustee Fees votes. Such a rationalization is without foundation in the Bankruptcy Code and has no precedent.

9. Accordingly, Wilmington Trust submits that it is appropriate and just for the Court to determine the issue of the temporary allowance of Wilmington Trust's Indenture Trustee Fees at the Court's scheduled 3018 Hearing Date, just as it would for any other creditors with Rule 3018 motions. Any question as to whether Wilmington Trust's Indenture Trustee Fees are reasonable is an issue appropriate for another day, if anyone actually objects to this claim.

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court: (1) temporarily allow the Indenture Trustee Fees for voting purposes in Class 1F of the Debtor/Committee/Lender Plan and Class 1G of the Bridge Plan; (2) and, grant Wilmington Trust any such further relief as is just and proper.

Dated: January 21, 2011

**SULLIVAN HAZELTINE ALLINSON LLC**

By: _/s/ William D. Sullivan_
William D. Sullivan, Esq. (Del. Bar No. 2820)
Elihu E. Allinson, Esq. (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*