IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
In re:                                            :    Chapter 11 Cases
                                                  :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                          :    (Jointly Administered)
                                                  :
        Debtors.                                  :    **Hearing Date and Time:**
                                                  :    **January 24, 2011 at 11:00 AM (EST)**
                                                  :
---------------------------------------------------X    Related to Docket Nos. 4886, 7126,
                                                       7215

## ORDER GRANTING TEMPORARY ALLOWANCE OF CLAIMS OF WILMINGTON TRUST COMPANY PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 3018(A)

This matter coming before the Court on the Motion (the "Motion") of Wilmington Trust Company ("Wilmington Trust") for an order temporarily allowing its claims for plan voting purposes only under the Bridge Plan[1] and the Debtor/Committee/Lender Plan, the Court having considered the Motion and any responses thereto, and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein as modified by this Order; it is hereby

**ORDERED** that the Motion is GRANTED as modified herein; and it is further

**ORDERED** that, pursuant to Federal Rule of Bankruptcy Procedure 3018(a), Wilmington Trust's claim for Indenture Trustee Fees is temporarily allowed only for purposes of voting on the Debtor/Committee/Lender Plan as a Class IF Other Parent Claim (as defined in the Debtor/Committee/Lender Plan) in the amount of $14.16 million without the requirement to provide additional supportive documentation beyond that set forth in the Declaration of Gordon Z. Novod, dated January 21, 2011; provided, however, that if the votes of the Class 1F Claims to accept the Debtor/Committee/Lender Plan are challenged in sufficient number or amount such that the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

temporary allowance of the Indenture Trustee Fees for voting purposes may result in Class 1F not accepting the Debtor/Committee/Lender Plan, the Debtor/Committee/Lender Plan proponents shall have the right to object to the amount of Wilmington Trust's Indenture Trustee Fees for voting purposes on the basis that such amount is not reasonable, including, without limitation, on the basis that Wilmington Trust has submitted insufficient supportive documentation; and it is further

**ORDERED** that, pursuant to Federal Rule of Bankruptcy Procedure 3018(a), Wilmington Trust's claims are temporarily allowed for purposes of voting on the Bridge Plan as Class 1 G general unsecured claims in the amount of $14.16 million.

Dated: Wilmington, Delaware
Jan 24, 2011

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge