# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 1, 2011 at 10:00 a.m. ET |
| | Objection Deadline: February 22, 2011 at 4:00 p.m. ET |

## DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

### ("SUBSTANTIVE DUPLICATE CLAIMS")

> Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> to this Objection. The grounds for the Objection are set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7338103v1

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on **Exhibit A** of this Omnibus Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this thirty-ninth omnibus objection (the "Objection") to claims filed against the Debtors which each substantively duplicate another claim filed in the Debtors' chapter 11 cases and are thus not properly asserted (collectively, the "Substantive Duplicate Claims"). The Substantive Duplicate Claims are set forth on Exhibit A attached hereto and to the proposed order submitted herewith. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order disallowing and expunging the Substantive Duplicate Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), on June 12, 2009 (D.I. 1343-1453), on March 2, 2010 (D.I. 3548-3599), and on May 14, 2010 (D.I. 4388) (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779) and May 14, 2010 (D.I. 4389).

3

46429/0001-7338103v1

date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date (the "Bar Date Notice").[4] The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9. To date, approximately 6,680 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

**RELIEF REQUESTED**

10. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the Substantive Duplicate Claims

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. *See* Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

4

46429/0001-7338103v1

identified on Exhibit A on the basis that each such claim substantively duplicates another claim appearing on the Claims Register filed by the same claimant on account of the same liability. This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

11.  Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1)  such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12.  In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Debtors have identified eight (8) Proofs of Claim, in the aggregate amount of approximately $153,239.98, each of which is a substantive duplicate of one or more other claims filed by or on behalf of the same claimant in respect of the same liabilities, which is sufficient to support disallowance of the Substantive Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code.

13.  Those claims, which comprise the Substantive Duplicate Claims addressed by this Objection, are set forth under the column heading "Claims To Be Disallowed" on Exhibit A. Each of the Substantive Duplicate Claims on Exhibit A appears to have the same basis for liability as another claim filed by or on behalf of the same creditor, either against the same Debtor or against multiple Debtors, as indicated by the column heading "Reason for Disallowance." Moreover, many of the Substantive Duplicate Claims are substantially identical claims asserting claims for a single liability, in the same amount, against multiple potentially

5

responsible Debtors. The Debtors have reviewed each of these Substantive Duplicate Claims and determined the particular Debtor against which the claim is properly asserted. Holders of the Substantive Duplicate Claims will continue to have a Proof(s) of Claim pending against the correct Debtor, subject to the Debtors' rights to object to such Proof(s) of Claim on any grounds in the future.

14. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims properly asserted against the Debtors. Accordingly, the Debtors seek to disallow in full and expunge the Substantive Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

15. If this Objection is sustained, the claims listed under the column heading "Surviving Claims" on Exhibit A will remain on the Claims Register (the "Surviving Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until a particular Surviving Claim is withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). The claimants will suffer no prejudice if the relief requested herein is granted because the Surviving Claims listed on Exhibit A will be unaffected by the relief sought in this Objection, and the claimants' rights to assert those liabilities against the estate(s) of the correct Debtor(s) will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections. For these cumulative reasons, the Debtors object to the allowance of each of the Substantive Duplicate

46429/0001-7338103v1

Claims and request that such Substantive Duplicate Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

16. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection.

17. Notwithstanding anything contained in this Objection or in the Exhibit attached to this Objection and to the form of order submitted herewith, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

18. The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Substantive Duplicate Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

19. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Substantive Duplicate Claims as set forth on Exhibit A; (ii) directing the Claims Agent to expunge the Substantive Duplicate Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
January 28, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Steven Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7338103v1