# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 1, 2011 at 10:00 a.m. ET<br>Objection Deadline: February 22, 2011 at 4:00 p.m. ET |

## DEBTORS' FORTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Schedule 1</u>, to learn which of the lettered exhibits, <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, or <u>Exhibit D</u>, contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7338045v1

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D** to this Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively the "Debtors"), by and through their undersigned counsel, hereby submit this forty-first omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") identified on Exhibit A, Exhibit B, Exhibit C, and Exhibit D attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and/or modifying each of the Disputed Claims as set forth on Exhibit A, Exhibit B, Exhibit C, and Exhibit D and as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit E. In further support of this Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

46429/0001-7338045v1

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), on June 12, 2009 (D.I. 1343-1453), on March 2, 2010 (D.I. 3548-3599), and on May 14, 2010 (D.I. 4388) (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I.. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779) and May 14, 2010 (D.I. 4389).

46429/0001-7338045v1

cases and (ii) approving the form and manner of notice of the Bar Date (the "Bar Date Notice").[4] The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9. To date, approximately 6,680 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. *See* Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

4

46429/0001-7338045v1

(a) disallowing in full and expunging each of the claims identified on <u>Exhibit A</u> (the "<u>Amended Claims</u>") as claims that have been amended and superseded by one or more claim(s) subsequently filed against the same Debtor by or on behalf of the same claimant in respect of the same liabilities;

(b) disallowing in full and expunging each of the claims identified on <u>Exhibit B</u> (the "<u>Duplicate Claims</u>") as claims that represent a duplicate claim for the same debt, in the same amount, as already represented by another claim filed against the same Debtor by the same creditor;

(c) disallowing in full and expunging each of the claims identified on <u>Exhibit C</u> (the "<u>Late-Filed Claims</u>") as claims that were filed after the applicable Bar Date established in these chapter 11 cases;

(d) modifying each of the claims identified on <u>Exhibit D</u> (the "<u>Modified Debtor Claims</u>") to reassign each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

(e) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed order.

11. This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

12. Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
    (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured

. . . .

    (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later

5

> time as the Federal Rules of Bankruptcy Procedure may provide....

11 U.S.C. § 502(b)(1), (9).

### A. **Amended Claims**

13. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the nine (9) Amended Claims listed on Exhibit A, in the aggregate amount of $35,571,970.01, as filed claims that have been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

14. The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims. Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

15. The Surviving Claims identified on Exhibit A will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that

6

bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. *See generally*, 11 U.S.C. § 502(a). In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

### B. Duplicate Claims

16. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the three (3) Duplicate Claims listed on Exhibit B, in the aggregate amount of $393,543.21, as filed claims that are exact duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Debtors seek to disallow in full and expunge the Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

17. The Surviving Claims identified on Exhibit B will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. *See generally*, 11 U.S.C. § 502(a). In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

7

C. **Late-Filed Claims**

18. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the six (6) Late-Filed Claims listed on Exhibit C, in the aggregate amount of $50,001,403,033.36 ($50 billion of which relates to one proof of claim, as discussed below), as claims that were filed after the applicable Bar Date (based on the date of filing shown on the face of each of the Late-Filed Claims), and because there is no basis under the Bar Date Order to accept such claims as timely. Each of the Late-Filed Claims listed in Exhibit C: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was either served with the Bar Date Notice directly or through their respective counsel and/or received notice of the Bar Date Order by publication notice;[5] (iii) was subject to the requirement that Proofs of Claim be filed no later than the applicable Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the applicable Bar Date, as indicated by the dates identified in the column labeled "Filed Date" in Exhibit C. None of the creditors holding claims identified on Exhibit C has sought—much less obtained— relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim.

19. The largest of the Late-Filed Claims by far is Claim No. 6647, which was filed in the face amount of $50,000,000,000.00 by claimant JoAnna Canzoneri McCormick on September 7, 2010. In addition to being late filed, the Debtors also dispute that they have any liability on account of Claim No. 6647. Claim No. 6647 is substantially identical to Claim No. 5844, which was filed by Ms. McCormick on June 16, 2009 in the same amount on account of

---

[5] *See, e.g.*, Affidavit/Declaration of Mailing of Diane Streany dated April 22, 2009 regarding Notice of Entry of Bar Date Order Establishing Deadlines for Filing Proofs of Claim Against the Debtors (D.I. 1073) (Notice as to Comcast Spotlight, Hartford Medical Group and Industrial Door Co.); Affidavit of Mailing by Kostantina Haidopolous dated June 18, 2010 regarding Notice of (1) Amendment to Schedules of Assets and Liabilities and (II) Deadlines for Filing Proof of Claims Against Tribune CNLBC, LLC, Ex. D (D.I. 4846) (Notice as to Cook County Dept. of Revenue).

8

46429/0001-7338045v1

the same alleged liability. That claim was the subject of a substantive objection that the Debtors filed on December 22, 2009 (D.I 2894) (the "McCormick Objection"). In the McCormick Objection, the Debtors set out in detail the legal and factual grounds for disallowance of Claim No. 5844. The Court sustained the McCormick Objection by order entered on January 25, 2010 (D.I. 3186) (the "January 25 Order") and the claim was disallowed and expunged. Ms. McCormick did not appeal the January 25 Order and it is a final order of this Court.

20.  Claim No. 6647 presents no basis on which the Court should re-visit the January 25 Order denying Ms. McCormick's previously-filed claim, nor does it provide the Court with any grounds on which to justify Ms. McCormick's untimely re-filing of a claim that has already been disallowed on substantive grounds. The Debtors accordingly object to Claim No. 6647 in this Objection based on the fact that the claim was filed untimely, which independently justifies the disallowance of that claim. Should the Court wish to consider additional, alternative grounds as to why Claim No. 6647 should be disallowed, the Debtors incorporate the McCormick Objection and the January 25 Order sustaining that objection herein by reference and, in the event that Claim No. 6647 is not disallowed as untimely, the Debtors respectfully reassert the arguments set forth in the McCormick Objection as objections to Claim No. 6647.

21.  Accordingly, the Late-Filed Claims listed in Exhibit C are untimely under the Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code. A failure by the Debtors to seek and obtain disallowance of the Late-Filed Claims could result in the filing of additional Late-Filed Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and negatively affecting the Debtors' legitimate

creditors whose claims were either listed on the Schedules or who complied with the Bar Date Order.

### D. Modified Debtor Claims

22. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the twelve (12) Modified Debtor Claims listed on Exhibit D as claims that failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted.

23. In general, the Debtors seek to modify the Debtor on the Modified Debtor Claims because the applicable line on the Proof of Claim was left blank and no Debtor was asserted, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by one or more different Debtors. The Debtors propose that the Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit D under the column heading "Modified Debtor." The re-allocation of claim amounts to the particular Debtor having corresponding liability to the creditor does not in any way affect the aggregate amount of the claim asserted and the Debtors reserve all rights to file future objections to such claims based on validity or amount.

24. The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against

10

46429/0001-7338045v1

each particular Debtor in these chapter 11 cases. If the relief requested herein is granted, the Modified Debtor Claims on Exhibit D will be modified so that such claims are properly asserted against the Debtor specified under the column heading "Modified Debtor."

## RESERVATION OF RIGHTS

25. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection. Additionally, with respect to the Modified Debtor Claims on Exhibit D, the Debtors reserve their right to object to such claims in the future on any applicable ground. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

26. Notwithstanding anything contained in this Objection or in Exhibit A, Exhibit B, Exhibit C, or Exhibit D attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of claims subject to this Objection.

## NOTICE

27. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

11

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on Exhibit A; (ii) disallowing in full each of the Duplicate Claims set forth on Exhibit B; (iii) disallowing in full the Late-Filed Claims set forth on Exhibit C; (iv) modifying the Modified Debtor Claims set forth on Exhibit D; (v) authorizing the Claims Agent to expunge the Amended Claims, Duplicate Claims, and Late-Filed Claims from the Claims Register and modifying the Modified Debtor Claims on the Claims Register; and (vi) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
January 28, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7338045v1