# ATTACHMENT L

## Exhibit 14.1
## Creditors' Trust Agreement

**DEBTOR/COMMITTEE/LENDER PLAN EXHIBIT 14.1**

CREDITORS' TRUST AGREEMENT

This Exhibit is subject to all of the provisions of the Plan including, without limitation, Section 15.8, pursuant to which the Proponents have reserved the right, subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, to alter, amend or modify the Plan or the Exhibits at any time prior to or after the Confirmation Date but prior to the substantial consummation of the Plan.

# CREDITORS' TRUST AGREEMENT

TABLE OF CONTENTS


ARTICLE 1 ESTABLISHMENT OF THE CREDITORS' TRUST .......... 2
1.1 Establishment of Creditors' Trust and Appointment of Creditors' Trustee. .......... 2
1.2 Transfer of Assets and Rights to the Creditors' Trust. .......... 2
1.3 Title to Transferred State Law Avoidance Claims. .......... 3
1.4 Nature and Purpose of the Creditors' Trust. .......... 3
1.5 Relationship to the Plan and Confirmation Order .......... 4
1.6 Funding of the Creditors' Trust. .......... 4
1.7 Appointment as Representative in Lieu of Assignment. .......... 4

ARTICLE 2 CREDITORS' TRUST INTERESTS .......... 4
2.1 Allocation of Creditors' Trust Interests. .......... 4
2.2 Interests Beneficial Only .......... 4
2.3 Evidence of Beneficial Interests. .......... 5
2.4 Exemption from Registration .......... 5
2.5 Transfer and Exchange. .......... 5
2.6 Access to the Trust Register by the Creditors' Trust Beneficiaries. .......... 6
2.7 Issuance of Certificates Upon Transfer .......... 6
2.8 Mutilated, Defaced, Lost, Stolen or Destroyed Certificates. .......... 6
2.9 Change of Address. .......... 7
2.10 Tax Identification Numbers. .......... 7

ARTICLE 3 THE CREDITORS' TRUSTEE .......... 8
3.1 Role of the Creditors' Trustee .......... 8
3.2 Authority of the Creditors' Trustee .......... 8
3.3 Limitation of the Creditors' Trustee's Authority. .......... 11
3.4 Payment of Creditors' Trust Expenses. .......... 11
3.5 Distributions .......... 12
3.6 Tenure, Removal, and Replacement of the Creditors' Trustee. .......... 12
3.7 Books and Records. .......... 13
3.8 Inquiries into the Creditors' Trustee's Authority .......... 13
3.9 Compliance with Laws. .......... 13
3.10 Creditors' Trustee Compensation and Reimbursement. .......... 14
3.11 Reliance by the Creditors' Trustee. .......... 14
3.12 Standard of Care; Exculpation. .......... 14
3.13 Acknowledgment of Lack of Control; Exculpation. .......... 15

ARTICLE 4 CREDITORS' TRUST ADVISORY BOARD .......... 15
4.1 Creditors' Trust Advisory Board. .......... 15
4.2 Authority of the Creditors' Trust Advisory Board. .......... 15
4.3 Regular Meetings of the Creditors' Trust Advisory Board. .......... 16
4.4 Special Meetings of the Creditors' Trust Advisory Board. .......... 16
4.5 Manner of Acting. .......... 16
4.6 Creditors' Trust Advisory Board's Action Without a Meeting. .......... 17
4.7 Tenure, Removal, and Replacement of the Members of the Creditors' Trust Advisory Board. .......... 17

4.8 Reimbursement of Expenses of the Creditors' Trust Advisory Board. ................ 18
4.9 Standard of Care; Exculpation. ................ 18
4.10 Acknowledgment of Lack of Control; Exculpation. ................ 18

ARTICLE 5 TAX MATTERS ................ 19
5.1 Treatment of Creditors' Trust Assets Transfer. ................ 19
5.2 Income Tax Status ................ 19
5.3 Valuation of Creditors' Trust Assets as of Effective Date. ................ 19
5.4 Tax Returns. ................ 19
5.5 Expedited Determination of Taxes ................ 20
5.6 Withholding of Taxes; Creditors' Trust Taxes. ................ 20
5.7 Tax Treatment of CT Reserves. ................ 20

ARTICLE 6 DISTRIBUTIONS ................ 21
6.1 Annual Distribution; Withholding. ................ 21
6.2 Manner of Payment or Distribution. ................ 21
6.3 Delivery of Creditors' Trust Distributions ................ 21
6.4 Setoffs. ................ 22
6.5 CT Reserves. ................ 22
6.6 Cash Distributions. ................ 22

ARTICLE 7 INDEMNIFICATION ................ 22
7.1 Indemnification of the Creditors' Trustee and the Creditors' Trust Advisory Board. ................ 22
7.2 [POSSIBLE TAX AND OTHER INDEMNIFICATION OF REORGANIZED DEBTORS BY THE CREDITORS' TRUST.] ................ 23

ARTICLE 8 REPORTS TO CREDITORS' TRUST BENEFICIARIES ................ 24
8.1 Reports. ................ 24

ARTICLE 9 TERM; TERMINATION OF THE CREDITORS' TRUST ................ 24
9.1 Term; Termination of the Creditors' Trust. ................ 24
9.2 Continuance of the Creditors' Trustee for Winding Up. ................ 25

ARTICLE 10 AMENDMENT AND WAIVER ................ 25

ARTICLE 11 MISCELLANEOUS PROVISIONS ................ 26
11.1 Intention of Parties to Establish a Liquidating Trust. ................ 26
11.2 Reimbursement of Trust Costs ................ 26
11.3 Laws as to Construction. ................ 26
11.4 Jurisdiction. ................ 26
11.5 Severability. ................ 26
11.6 Notices. ................ 27
11.7 Fiscal Year. ................ 27
11.8 Headings. ................ 27
11.9 Counterparts. ................ 28
11.10 Confidentiality. ................ 28

11.11 Entire Agreement. .......... 28
11.12 Rules of Interpretation. .......... 29

## CREDITORS' TRUST AGREEMENT

This Creditors' Trust Agreement (the "Creditors' Trust Agreement"), dated as of [____________], 2011, by the individual identified on Exhibit A attached hereto, as the trustee for the liquidating trust established pursuant to this Creditors' Trust Agreement (such person and each successor trustee, the "Creditors' Trustee"), is executed pursuant to the Confirmation Order to facilitate the implementation of the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., dated December 8, 2010 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan") that provides for the establishment of the liquidating Creditors' Trust created hereby. Capitalized terms used in this Creditors' Trust Agreement and not otherwise defined shall have the meanings assigned to such terms in Annex A attached hereto.

RECITALS

WHEREAS, Tribune and certain Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and, on December 10, 2008, the Bankruptcy Court consolidated the Debtors' Chapter 11 cases for procedural purposes only. An additional Debtor, Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, voluntarily commenced a Chapter 11 case on October 12, 2009, in the Bankruptcy Court and that case was procedurally consolidated with the other Debtors' Chapter 11 cases on October 14, 2009;

WHEREAS, on [____________], 2011, the Bankruptcy Court entered the Confirmation Order;

WHEREAS, on [____________], 2011, the Effective Date of the Plan occurred;

WHEREAS, as of the Effective Date, all Holders of Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims and PHONES Notes Claims have transferred any Disclaimed State Law Avoidance Claims that they may have to the Creditors' Trust, unless such Person has expressly elected to "opt out" of such assignment in accordance with procedures approved by the Bankruptcy Court (such transferred claims, collectively, the "Transferred State Law Avoidance Claims") and, in exchange, these transferring Holders have received beneficial interests in the Creditors' Trust;

WHEREAS, the Creditors' Trust is created for the sole purpose of taking title to, protecting, conserving and distributing any recoveries from the Transferred State Law Avoidance Claims;

WHEREAS, the Creditors' Trust shall be established for the benefit of the Creditors' Trust Beneficiaries;

WHEREAS, the Creditors' Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditors' Trust; and

WHEREAS, the Creditors' Trust is intended to qualify as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d), and this Creditors' Trust Agreement, the Creditors' Trust, the Confirmation Order, the Plan and the Disclosure Statement are intended to comply with the advance ruling guidelines contained in Rev. Proc. 94-45, 1994-2 C.B. 684;

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged and affirmed, it is hereby agreed as follows:

## ARTICLE 1

## ESTABLISHMENT OF THE CREDITORS' TRUST

1.1 Establishment of Creditors' Trust and Appointment of Creditors' Trustee.

(a) A trust, which shall be known as the "Creditors' Trust," is hereby established on behalf of the Creditors' Trust Beneficiaries.

(b) The Creditors' Trustee is hereby appointed as trustee of the Creditors' Trust effective as of the Effective Date and agrees to accept and hold the Creditors' Trust Assets in trust for the Creditors' Trust Beneficiaries subject to the terms of this Creditors' Trust Agreement. The Creditors' Trustee and each successor Creditors' Trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c) Subject to the terms of this Creditors' Trust Agreement, any action by the Creditors' Trustee and/or the Creditors' Trust Advisory Board that affects the interests of more than one Creditors' Trust Beneficiary shall be binding and conclusive on all Creditors' Trust Beneficiaries even if such Creditors' Trust Beneficiaries have different or conflicting interests.

(d) The Creditors' Trustee and the members of the Creditors' Trust Advisory Board may serve without bond.

1.2 Transfer of Assets and Rights to the Creditors' Trust.

(a) As of the Effective Date and pursuant to and subject in all respects to the terms of the Confirmation Order, each Creditors' Trust Beneficiary has transferred, assigned, and delivered to the Creditors' Trust, without recourse, all of such Creditors' Trust Beneficiary's right, title, and interest in and to Transferred State Law Avoidance Claims free and clear of any and all Liens, Claims, encumbrances or interests of any kind in such property of any other Person or entity.

(b) All of the proceeds received by the Creditors' Trust from the pursuit of any Transferred State Law Avoidance Claims (collectively, the "Creditors' Trust Proceeds") shall be added to the Creditors' Trust Assets and held as a part thereof (and which title shall be vested in the Creditors' Trust).

(c) At any time and from time to time on and after the Effective Date, the Creditors' Trust Beneficiaries agree (i) at the reasonable request of the Creditors' Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), and (ii) to take, or cause to be taken, all such further actions as the Creditors' Trustee may reasonably request, in each case in order to evidence or effectuate the transfer of the Transferred State Law Avoidance Claims to the Creditors' Trust.

1.3 Title to Transferred State Law Avoidance Claims.

(a) The transfer of the Transferred State Law Avoidance Claims to the Creditors' Trust is made by the Creditors' Trust Beneficiaries for their sole benefit. Upon the transfer of the Transferred State Law Avoidance Claims to the Creditors' Trust, the Creditors' Trust shall succeed to all of the Creditors' Trust Beneficiaries' rights, title and interests in and to the Transferred State Law Avoidance Claims and no other Person has any interest, legal, beneficial, or otherwise, in the Creditors' Trust or the Transferred State Law Avoidance Claims as of their transfer and assignment to the Creditors' Trust.

1.4 Nature and Purpose of the Creditors' Trust.

(a) Purpose. The Creditors' Trust is organized and established as a trust pursuant to which the Creditors' Trustee, subject to the terms and conditions contained herein, is to (i) administer the Creditors' Trust Assets and make all distributions to the Creditors' Trust Beneficiaries as provided for herein, and (ii) oversee and direct the expeditious but orderly liquidation of the Creditors' Trust Assets. The Creditors' Trust is intended to qualify as a liquidating trust pursuant to United States Treasury Regulation section 301.7701-4(d). The primary purpose of the Creditors' Trust is to liquidate the Creditors' Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Creditors' Trust Assets, and consistent with the liquidating purpose of the Creditors' Trust.

(b) Relationship. This Creditors' Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Creditors' Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Creditors' Trustee, the Creditors' Trust Advisory Board (or any of its members), the Debtors or Reorganized Debtors, or the Creditors' Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Creditors' Trust Beneficiaries to the Creditors' Trustee and the Creditors' Trust Advisory Board shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Creditors' Trust Agreement.

1.5 Relationship to the Plan and Confirmation Order.

Upon its execution, this Creditors' Trust Agreement is intended as a stand-alone document with legal effect separate and apart from, and independent of, the Debtors' bankruptcy cases and the Plan. Notwithstanding the foregoing, to the extent that there is conflict between the provisions of this Creditors' Trust Agreement, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Creditors' Trust Agreement.

1.6 Funding of the Creditors' Trust.

On the Effective Date, Reorganized Tribune, as lender, and the Litigation Trust and the Creditors' Trust, as borrowers, shall become parties to the Trusts' Loan Agreement. The Litigation Trust and the Creditors' Trust shall be jointly and severally liable for the full repayment of the Trusts' Loan. The Trusts' Loan Agreement shall provide for a delayed draw term loan in the aggregate principal amount of $20 million. Except as expressly provided for in the Trusts' Loan Agreement, none of the Debtors or the Reorganized Debtors shall have any liability for any cost or expense of the Creditors' Trust.

1.7 Appointment as Representative in Lieu of Assignment.

To the extent that any Transferred State Law Avoidance Claims cannot be transferred to the Creditors' Trust because of a restriction on transferability under applicable law, such Transferred State Law Avoidance Claims shall be deemed to have been retained by the Creditors' Trust Beneficiary, as applicable, and the Creditors' Trustee shall be deemed to have been designated as a representative of such Creditors' Trust Beneficiary to enforce and pursue such Transferred State Law Avoidance Claims on behalf of such Creditors' Trust Beneficiary subject to the terms of this Creditors' Trust Agreement. Notwithstanding the foregoing, all Creditors' Trust Proceeds shall be paid over to the Creditors' Trust and shall be applied in accordance with this Creditors' Trust Agreement and the Creditors' Trust Distribution Schedule.

## ARTICLE 2

## CREDITORS' TRUST INTERESTS

2.1 Allocation of Creditors' Trust Interests.

The allocation and distribution of the Creditors' Trust Interests shall be accomplished as set forth in the Plan including, without limitation, Sections 3.2.3, 3.2.4, 3.2.5, 3.2.6, 3.2.8, 3.2.9 and Article XIV of the Plan.

2.2 Interests Beneficial Only.

The ownership of a Creditors' Trust Interest shall not entitle any Creditors' Trust Beneficiary to any title in or to the Creditors' Trust Assets (which title shall be vested in

the Creditors' Trust) or to any right to call for a partition or division of the Creditors' Trust Assets or to require an accounting.

2.3 Evidence of Beneficial Interests.

(a) The Creditors' Trust Interests may be represented either by book entries on the books and records of the Creditors' Trust or by certificates, in either definitive or global form, as shall be determined by the Creditors' Trustee upon consultation with and subject to the approval of the Creditors' Trust Advisory Board. In the event certificates are created, the Creditors' Trustee shall cause to be placed on such certificate such legends as it deems are required or appropriate under tax laws or regulations in connection with tax withholding pursuant to Section 6.1 herein, under securities laws or regulations in connection with registration or reporting requirements, if any, or otherwise. Any Person to whom a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Creditors' Trust Agreement. In the event certificates are issued, the form of such certificates shall be determined by the Creditors' Trustee subject to approval of the Creditors' Trust Advisory Board.

(b) In the event certificates are issued, only whole numbers of certificates shall be issued. When any distribution of Creditors' Trust Interests would otherwise result in the issuance of a number of certificates that is not a whole number, the actual distribution of such certificates shall be rounded to the next higher or lower whole number of certificates as follows: (i) fractions equal to or greater than ½ shall be rounded to the next higher whole number; and (ii) fractions less than ½ shall be rounded to the next lower number. No consideration shall be provided in lieu of fractional certificates that are rounded down.

2.4 Exemption from Registration.

The parties hereto intend that the rights of the Creditors' Trust Beneficiaries arising under this Creditors' Trust Agreement shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.

2.5 Transfer and Exchange.

(a) No transfer, assignment, pledge, hypothecation or other disposition of a Creditors' Trust Interest may be effected until (i) the Creditors' Trustee and the Creditors' Trust Advisory Board have received such legal advice or other information that they, in their sole and absolute discretion, deem necessary to assure that any such disposition shall not cause the Creditors' Trust to be subject to entity-level taxation for U.S. federal income tax purposes, and (ii) either (x) the Creditors' Trustee and the Creditors' Trust Advisory Board have received such legal advice or other information that they, in their sole and absolute discretion, deem necessary or appropriate to assure that any such disposition shall not require the Creditors' Trust to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939, as amended (the "TIA"), or the Investment Company Act of 1940, as amended (the "Investment Company Act") or (y) the Creditors' Trustee and the Creditors' Trust Advisory Board have determined, in their sole and absolute discretion, to register and/or make periodic reports in order to enable such disposition to be made. In the event that any such disposition

is allowed, the Creditors' Trust Advisory Board and the Creditors' Trustee may add such restrictions upon transfer and other terms to this Creditors' Trust Agreement as are deemed necessary or appropriate by the Creditors' Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws. Notwithstanding the foregoing, any Creditors' Trust Beneficiary may transfer its Creditors' Trust Interest to a wholly-owned subsidiary treated as a corporation for U.S. federal income tax purposes, which shall thereafter be the relevant Creditors' Trust Beneficiary.

(b) The Creditors' Trustee shall appoint a registrar, which may be the Creditors' Trustee (the "Registrar") for the purpose of recording ownership of the Creditors' Trust Interests as herein provided. The Registrar, if other than the Creditors' Trustee, shall be an institution acceptable to the Creditors' Trust Advisory Board. For its services hereunder, the Registrar, unless it is the Creditors' Trustee, shall be entitled to receive reasonable compensation from the Creditors' Trust as a cost of administering the Creditors' Trust.

(c) The Creditors' Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by the Registrar from time to time, a registry of the Creditors' Trust Beneficiaries of the Creditors' Trust (the "Trust Register") which shall be maintained pursuant to such reasonable regulations as the Creditors' Trustee and the Registrar may prescribe.

2.6 Access to the Trust Register by the Creditors' Trust Beneficiaries.

The Creditors' Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Creditors' Trustee, and in accordance with the reasonable regulations prescribed by the Registrar and the Creditors' Trustee, to inspect and, at the sole expense of the Creditors' Trust Beneficiary seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such Creditors' Trust Beneficiary's interest in the Creditors' Trust.

2.7 Issuance of Certificates Upon Transfer.

In the event certificates representing Creditors' Trust Interests are created, subject to the conditions of Section 2.3 herein, whenever any certificate shall be presented for transfer or exchange, the Creditors' Trustee shall cause the Registrar to issue, authenticate and deliver in exchange therefor, a certificate of the same class for the Creditors' Trust Interest(s) that the Person presenting such certificates shall be entitled to receive.

2.8 Mutilated, Defaced, Lost, Stolen or Destroyed Certificates.

In the event certificates representing Creditors' Trust Interests are created, if a Creditors' Trust Beneficiary claims that its certificate (the "Original Certificate") has been mutilated, defaced, lost, stolen or destroyed, the Creditors' Trustee shall issue, and the Registrar shall authenticate, a replacement certificate of the same class if such Creditors' Trust Beneficiary submits a notarized affidavit certifying that (i) it is the true, lawful, present and sole owner of the Original Certificate; (ii) it has diligently searched all of its financial

and other records and the Original Certificate is nowhere to be found; (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Creditors' Trust Beneficiary or on its behalf; (iv) no other Person or other entity has any right, title, claim, equity or interest in, to, or respecting the Original Certificate; and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Creditors' Trust Beneficiary will cause the recovered Original Certificate to be returned to the Creditors' Trustee, or its successor, for cancellation. In addition, such Creditors' Trust Beneficiary will indemnify the Creditors' Trustee or the Registrar and, if required by the Creditors' Trustee or the Registrar, provide a bond or other security sufficient in the reasonable judgment of the Creditors' Trustee or the Registrar, with respect to any loss which either of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or Person of the right to payment under the Original Certificate. Such Creditors' Trust Beneficiary shall pay reasonable charges established by the Creditors' Trustee and the Registrar for the purpose of reimbursing the Creditors' Trust and the Registrar for the expenses incident thereto, including any tax or other governmental charges. The Creditors' Trustee shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this Section 2.8. All Creditors' Trust Interests shall be held and owned upon the express condition that the provisions of this Section 2.8 are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto. Any duplicate certificate issued pursuant to this Section 2.8 shall constitute original interests in the Creditors' Trust and shall be entitled in the manner provided herein to equal and proportionate benefits with all other Creditors' Trust Interests of the same class issued hereunder in any monies or property at the time held by the Creditors' Trustee for the benefit of the Creditors' Trust Beneficiaries. The Creditors' Trustee and the Registrar shall not treat the Original Certificate as outstanding.

2.9 Change of Address.

A Creditors' Trust Beneficiary may, after the Effective Date, select an alternative distribution address or provide wire transfer instructions for any distribution by providing notice to the Registrar including such address or instructions. Such notification will be effective only upon receipt by the Registrar. Absent receipt of such notice by the Registrar, the Creditors' Trustee shall not recognize any such change of distribution address.

2.10 Tax Identification Numbers.

The Creditors' Trustee may require any Creditors' Trust Beneficiary to furnish to the Creditors' Trustee its social security number or employer or taxpayer identification number as assigned by the Internal Revenue Service and complete any related documentation (including but not limited to a Form W-8 or Form W-9) and the Creditors' Trustee may condition any distribution to any Creditors' Trust Beneficiary upon the receipt of such information and the receipt of such other documents as the Creditors' Trustee reasonably requests.

## ARTICLE 3

## THE CREDITORS' TRUSTEE

3.1 Role of the Creditors' Trustee.

In furtherance of and consistent with the purpose of the Creditors' Trust, the Creditors' Trustee, subject to the terms and conditions contained herein, shall (i) hold the Creditors' Trust Assets for the benefit of the Creditors' Trust Beneficiaries, and (ii) make distributions of Net Creditors' Trust Proceeds in accordance with the Creditors' Trust Distribution Schedule. Subject to the provisions of this Creditors' Trust Agreement, the Creditors' Trustee in consultation with, and subject to the management and direction of, the Creditors' Trust Advisory Board shall be responsible for all decisions and duties with respect to the Creditors' Trust and the Creditors' Trust Assets. In all circumstances, the Creditors' Trustee shall act in the best interests of all the Creditors' Trust Beneficiaries of the Creditors' Trust and in furtherance of the purpose of the Creditors' Trust. The Creditors' Trustee shall be subject to and bound by the terms of the CT Confidentiality and Common Interest Agreement.

3.2 Authority of the Creditors' Trustee.

In connection with the administration of the Creditors' Trust, in addition to any and all of the powers enumerated elsewhere herein, the Creditors' Trustee is authorized to perform any and all acts necessary and desirable to accomplish the purposes of this Creditors' Trust Agreement, within the bounds of this Creditors' Trust Agreement and applicable law. The Creditors' Trustee, upon direction of the Creditors' Trust Advisory Board except as set forth herein, shall, in an expeditious but orderly manner, liquidate and convert to Cash the Creditors' Trust Assets, make timely distributions and not unduly prolong the duration of the Creditors' Trust. The liquidation of the Creditors' Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all of the Transferred State Law Avoidance Claims, or otherwise.

The Creditors' Trustee, subject to the approval of the Creditors' Trust Advisory Board except as set forth herein, shall have the right to pursue, not pursue and/or settle any and all Transferred State Law Avoidance Claims as the Creditors' Trustee determines is in the best interests of the Creditors' Trust Beneficiaries. Subject to any limitations contained herein (including, without limitation, Article 4 hereof), the Creditors' Trustee shall have the following powers and authorities:

(a) hold legal title to any and all rights of the Holders of the Creditors' Trust Interests in or arising from the Creditors' Trust Assets including, without limitation, collecting and receiving any and all money and other property belonging to the Creditors' Trust and, subject to the approval of the Creditors' Trust Advisory Board, the right to vote any claim or interest relating to the Creditors' Trust Assets in a case under the Bankruptcy Code and receive any distribution with respect thereto;

(b) make distributions of Net Creditors' Trust Proceeds in accordance with the provisions of the Creditors' Trust Distribution Schedule;

(c) in consultation with and subject to the approval of the Creditors' Trust Advisory Board, evaluate and determine strategy with respect to the Transferred State Law Avoidance Claims, and hold, pursue, prosecute, adjust, arbitrate, release, settle or abandon, as the case may be, any and all of the Transferred State Law Avoidance Claims (including any counterclaims asserted against the Creditors' Trust);

(d) in consultation with and subject to the approval of the Creditors' Trust Advisory Board, protect and enforce the rights to the Creditors' Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(e) in consultation with and subject to the approval of the Creditors' Trust Advisory Board, obtain reasonable insurance coverage with respect to the liabilities and obligations of the Creditors' Trustee and the Creditors' Trust Advisory Board under this Creditors' Trust Agreement (in the form of an errors and omissions policy or otherwise);

(f) upon the prior written consent of the Creditors' Trust Advisory Board, employ various professionals including, but not limited to, counsel, consultants, and financial advisors, as needed to assist the Creditors' Trustee in fulfilling the Creditors' Trustee's obligations under this Creditors' Trust Agreement, and on whatever fee arrangement the Creditors' Trustee deems appropriate including, without limitation, contingency fee arrangements. Professionals engaged by the Creditors' Trustee shall not be required to file applications in order to receive compensation for services rendered and reimbursement of actual out-of-pocket expenses incurred. All such compensation and reimbursement shall be paid by the Creditors' Trust with Creditors' Trust Proceeds or the proceeds of the Trusts' Loan;

(g) in consultation with and subject to the approval of the Creditors' Trust Advisory Board, retain and approve compensation arrangements of an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Creditors' Trust as may be required by this Creditors' Trust Agreement and the U.S. Securities and Exchange Commission and applicable securities laws and as may be reasonable and appropriate in the Creditors' Trustee's discretion and to prepare and file any tax returns, informational returns, or periodic or current reports as required by applicable securities laws, for the Creditors' Trust as may be required. Subject to the foregoing, the Creditors' Trustee may commit the Creditors' Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred, and all such compensation and reimbursement shall be paid from the Creditors' Trust with Creditors' Trust Proceeds or the proceeds of the Trusts' Loan;

(h) subject to the CT Confidentiality and Common Interest Agreement, to the extent applicable, in consultation with and subject to the approval of the Creditors' Trust Advisory Board, assert or waive any privilege or any defense on behalf of the Creditors' Trust, the Creditors' Trust Assets, or the Creditors' Trust Beneficiaries, as applicable;

(i) establish one or more CT Reserves on account of Disputed Claims held by any Creditors' Trust Beneficiary that, if Allowed, would entitle such Creditors' Trust Beneficiary to a distribution of Net Creditors' Trust Proceeds. The amount held back in the CT Reserves shall be equal to the amount necessary to satisfy the distributions to which the Holders of the relevant Disputed Claims would be entitled if all such Disputed Claims were to be subsequently Allowed;

(j) for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), (i) make an election pursuant to United States Treasury Regulation section 1.468B-9 to treat the CT Reserves as a "disputed ownership fund" within the meaning of that section, (ii) allocate taxable income or loss to the CT Reserves with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed Claims), and (iii) distribute assets from the CT Reserves as, when, and to the extent, such Disputed Claims either become Allowed or are otherwise resolved;

(k) upon the written consent of the Creditors' Trust Advisory Board, the Creditors' Trustee may invest all assets transferred to the Creditors' Trust (other than Transferred State Law Avoidance Claims), all Creditors' Trust Proceeds, the Expense Fund and all income earned by the Creditors' Trust (pending periodic distributions in accordance with the provisions of the Creditors' Trust Distribution Schedule) in short term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills, and withdraw funds of the Creditors' Trust, make distributions, incur obligations for reasonable and necessary expenses in liquidating and converting the Creditors' Trust Assets to Cash, and pay taxes and other obligations owed by the Creditors' Trust from funds held by the Creditors' Trustee (including taxes attributable to the CT Reserves); provided, however, that such actions are consistent with the Creditors' Trust's status as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684;

(l) request any appropriate tax determination with respect to the Creditors' Trust;

(m) subject to applicable securities laws, if any, establish and maintain a website, to the extent the Creditors' Trustee deems necessary, for the purpose of providing notice of Creditors' Trust activities in lieu of sending written notice to Holders of Creditors' Trust Interests, subject to providing notice of such website to such Holders;

(n) take or refrain from taking any and all actions the Creditors' Trustee reasonably deems necessary for the continuation, protection, and maximization of the Creditors' Trust Assets consistent with the purposes hereof, take all steps and execute all instruments and documents necessary to effectuate the Creditors' Trust, and take all actions necessary to comply with this Creditors' Trust Agreement and the obligations hereunder;

(o) upon the written consent of the Creditors' Trust Advisory Board, liquidate any remaining Creditors' Trust Assets, and provide for the distributions therefrom in accordance with the Creditors' Trust Distribution Schedule; and

(p) upon the written consent of the Creditors' Trust Advisory Board, exercise such other powers and authority as may be vested in or assumed by the Creditors' Trustee by any

Final Order, or as may be necessary and proper to carry out the provisions of [the Plan relating to] th[is] Creditors' Trust [Agreement]; provided that in no event shall the Creditors' Trustee be authorized to take any action to pursue any Released Claims.

3.3 Limitation of the Creditors' Trustee's Authority.

(a) Notwithstanding anything herein to the contrary, the Creditors' Trustee shall not (i) be authorized to engage in any trade or business, (ii) take any actions inconsistent with the orderly liquidation of the Creditors' Trust Assets as are required or contemplated by applicable law and this Creditors' Trust Agreement, (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Creditors' Trust as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684, (iv) take any action in contravention of this Creditors' Trust Agreement, or (v) take any action that would jeopardize treatment of the Creditors' Trust as a grantor trust for U.S. federal income tax purposes under sections 671-677 of the Internal Revenue Code of 1986, as amended (the "IRC"), or any successor provisions thereof, except such prohibition shall not apply with respect to the CT Reserves.

(b) The Creditors' Trustee, acting on behalf of the Creditors' Trust, shall agree to comply with, and shall not take any actions inconsistent with or seek to modify or seek relief from, any provision of the Plan or the Confirmation Order including, without limitation, the Bar Order. Neither the Creditors' Trustee nor the Creditors' Trust shall take any action to pursue any Released Claim.

3.4 Payment of Creditors' Trust Expenses.

(a) The Creditors' Trustee may incur any reasonable and necessary fees and expenses in pursuing the Creditors' Trust Assets, administering the Creditors' Trust, managing the Creditors' Trust Assets and making distributions on account of Creditors' Trust Interests. All fees, expenses, and costs of the Creditors' Trust shall be paid by, and solely be the obligation of, the Creditors' Trust.

(b) The Creditors' Trustee shall maintain an expense fund (the "Expense Fund") as a reserve to pay fees and expenses anticipated to be incurred in the future for the purposes set forth in subsection (a) of this Section 3.4 and expend the assets of the Expense Fund to pay such fees and expenses as and when they become due.

(c) The Creditors' Trustee may, subject to the approval of the Creditors' Trust Advisory Board, retain from the Creditors' Trust Proceeds at any time and from time to time, such amounts as the Creditors' Trustee determines should be held in the Expense Fund to ensure that the Expense Fund will be adequate to pay fees and expenses anticipated to be incurred in the future for the purposes set forth in subsection (a) of this Section 3.4 and add such amounts to the Expense Fund; provided, that in no event shall the amount held in the Expense Fund exceed $[TBD] in the aggregate.

(d) Notwithstanding any other provision of this Creditors' Trust Agreement to the contrary, the Creditors' Trustee shall not be required to take any action or enter into or

maintain any claim, demand, action or proceeding relating to the Creditors' Trust unless it shall have sufficient funds in the Expense Fund for that purpose.

3.5 Distributions.

The Creditors' Trustee shall distribute the Net Creditors' Trust Proceeds in accordance with the provisions of Article 6 herein and the Creditors' Trust Distribution Schedule.

3.6 Tenure, Removal, and Replacement of the Creditors' Trustee.

(a) The Creditors' Trustee will serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, Disability, or death (if applicable).

(b) The Creditors' Trustee may resign by giving not less than thirty (30) days' prior written notice to the Creditors' Trust Advisory Board and the Creditors' Trust Beneficiaries [and filing such notice with the Bankruptcy Court]. Such resignation will become effective on the later to occur of (i) the day specified in such notice, and (ii) the appointment of a successor Creditors' Trustee as provided herein and the acceptance by such successor Creditors' Trustee of such appointment.

(c) The Creditors' Trustee or any successor Creditors' Trustee appointed pursuant to this Creditors' Trust Agreement may be removed as Creditors' Trustee (i) without Cause by the Creditors' Trust Advisory Board, or (ii) for Cause pursuant to the terms and conditions set forth in this Creditors' Trust Agreement [upon order of a court of competent jurisdiction] upon motion of any Holder of a Creditors' Trust Interest that has not received payment in full plus interest as specified in the Plan.

(d) In the event that the Creditors' Trustee is removed, resigns, or otherwise ceases to serve as Creditors' Trustee, the Creditors' Trust Advisory Board shall appoint a successor Creditors' Trustee.

(e) Immediately upon the appointment of any successor Creditors' Trustee, all rights, powers, duties, authority, and privileges of the predecessor Creditors' Trustee hereunder will be vested in and undertaken by the successor Creditors' Trustee without any further act; and the successor Creditors' Trustee will not be liable personally for any act or omission of the predecessor Creditors' Trustee. Any successor Creditors' Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Creditors' Trustee hereunder, and such successor shall be subject to the same qualifications and shall have the same rights, powers, duties, and discretion, and otherwise be in the same position, as the originally named Creditors' Trustee. References herein to the Creditors' Trustee shall be deemed to refer to any successor Creditors' Trustee acting hereunder.

(f) Upon the appointment of a successor Creditors' Trustee, the predecessor Creditors' Trustee (or the duly appointed legal representative of a deceased Creditors' Trustee) shall, if applicable, when requested in writing by the successor Creditors' Trustee, execute and deliver an

instrument or instruments conveying and transferring to such successor Creditors' Trustee upon the trust herein expressed, without recourse to the predecessor Creditors' Trustee, all the estates, properties, rights, powers and trusts of such predecessor Creditors' Trustee, and shall duly assign, transfer, and deliver to such successor Creditors' Trustee all property and money held hereunder, and all other assets and documents relating to the Creditors' Trust, the Creditors' Trust Assets, or the Creditors' Trust Interests then in such predecessor Creditors' Trustee's possession and held hereunder.

(g) During any period in which there is a vacancy in the position of Creditors' Trustee, the Creditors' Trust Advisory Board shall appoint one of its members to serve as interim Creditors' Trustee, (the "Interim Trustee"). The Interim Trustee shall be subject to all the terms and conditions applicable to a Creditors' Trustee hereunder. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Creditors' Trust Advisory Board merely by such Person's appointment as Interim Trustee.

3.7 Books and Records.

The Creditors' Trustee shall maintain in respect of the Creditors' Trust and the Holders of Creditors' Trust Interests good and sufficient books and records relating to the Creditors' Trust Assets and income of the Creditors' Trust and the payment of, expenses of, liabilities of, and claims against or assumed by, the Creditors' Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Creditors' Trust and the requirements of Article 8 herein. Nothing in this Creditors' Trust Agreement requires the Creditors' Trustee to file any accounting or seek approval of any court with respect to the administration of the Creditors' Trust, or as a condition for managing any payment or distribution out of the Creditors' Trust Assets.

3.8 Inquiries into the Creditors' Trustee's Authority.

Except as otherwise set forth in this Creditors' Trust Agreement, no Person dealing with the Creditors' Trust shall be obligated to inquire into the authority of the Creditors' Trustee in connection with the protection, conservation or disposition of the Creditors' Trust Assets.

3.9 Compliance with Laws.

(a) The Creditors' Trustee shall ensure that any and all distributions of Net Creditors' Trust Proceeds shall be in compliance with applicable laws including, without limitation, applicable federal and state securities laws.

(b) If the Creditors' Trustee determines, with the advice of counsel, that the Creditors' Trust is required to comply with registration and reporting requirements of the Exchange Act, the TIA, or the Investment Company Act, then the Creditors' Trustee shall, after consultation with the Creditors' Trust Advisory Board, take any and all actions to comply with such registration

and reporting requirements, if any, and file periodic reports with the U.S. Securities and Exchange Commission to the extent required by law.

3.10 Creditors' Trustee Compensation and Reimbursement.

The Creditors' Trustee shall receive compensation from the Creditors' Trust as follows:

(a) Compensation. The Creditors' Trustee shall receive the compensation set, from time to time, by the Creditors' Trust Advisory Board. The Creditors' Trust Advisory Board may reasonably modify the Creditors' Trustee's compensation and other terms regarding the retention of the Creditors' Trustee.

(b) Expenses. In addition, the Creditors' Trust will reimburse the Creditors' Trustee (out of the Creditors' Trust Proceeds or the proceeds of the Trusts' Loan) for all reasonable and documented, out-of-pocket expenses incurred by the Creditors' Trustee in connection with the performance of its duties hereunder.

(c) Payment. The fees and expenses payable to the Creditors' Trustee shall be paid to the Creditors' Trustee upon approval of such fees by the Creditors' Trust Advisory Board without necessity for review or approval by any other Person. All such compensation and reimbursement shall be paid from the Creditors' Trust with the Creditors' Trust Proceeds or the Trusts' Loan.

3.11 Reliance by the Creditors' Trustee.

Except as otherwise provided herein:

(a) The Creditors' Trustee may rely, and shall be protected in acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Creditors' Trustee to be genuine and to have been signed or presented by the proper party or parties.

(b) Persons dealing with the Creditors' Trustee shall look only to the Creditors' Trust Assets to satisfy any liability incurred by the Creditors' Trustee to such Person in carrying out the terms of this Creditors' Trust Agreement, and neither the Creditors' Trustee nor any member of the Creditors' Trust Advisory Board nor any Creditors' Trust Beneficiary shall have any personal obligation to satisfy any such liability.

3.12 Standard of Care; Exculpation.

Neither the Creditors' Trustee nor any of the Creditors' Trustee's duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Creditors' Trustee except in the event that there is a Final Order of a court of competent jurisdiction determining that the Creditors' Trustee committed fraud, self-dealing, intentional misrepresentation, gross negligence, or willful misconduct. The Creditors' Trustee may, in connection with the performance of the Creditors' Trustee's

functions, and in the Creditors' Trustee's sole and absolute discretion, consult with the Creditors' Trustee's attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, the Creditors' Trustee shall be under no obligation to consult with the Creditors' Trustee's attorneys, accountants, financial advisors or agents, and the Creditors' Trustee's good faith determination not to do so shall not result in the imposition of liability on the Creditors' Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

3.13 Acknowledgment of Lack of Control; Exculpation.

It is hereby acknowledged and agreed that neither the Reorganized Debtors, nor the equity owners of the Reorganized Debtors nor the Proponents nor any of their duly designated agents or representatives, in each case solely in their capacities as such (the "Non-Controlling Parties"), are able to exert any control or influence over the Creditors' Trustee, the administration of the Creditors' Trust, the pursuit of the Transferred State Law Avoidance Claims or any other business of the Creditors' Trust, and accordingly no Non-Controlling Party shall be liable for any act or omission of the Creditors' Trust or the Creditors' Trustee.

## ARTICLE 4

## CREDITORS' TRUST ADVISORY BOARD

4.1 Creditors' Trust Advisory Board.

The Creditors' Trust Advisory Board, consisting of members of the Creditors' Committee who are beneficiaries of Creditors' Trust Interests, is hereby established as of the Effective Date to (i) appoint the Creditors' Trustee, (ii) participate in the management of the Creditors' Trust, and (iii) perform various other duties under this Creditors' Trust Agreement. The initial members of the Creditors' Trust Advisory Board shall be the Persons set forth on Exhibit B, attached hereto. Members of the Creditors' Trust Advisory Board shall have the right to direct and remove the Creditors' Trustee, and shall have such other rights to operate and manage the Creditors' Trust as are not inconsistent with the terms hereof. No other Creditors' Trust Beneficiary shall have any consultation or approval rights whatsoever in respect of management and operation of the Creditors' Trust.

4.2 Authority of the Creditors' Trust Advisory Board.

The Creditors' Trust Advisory Board shall have the authority and responsibility to advise, assist and supervise the Creditors' Trustee in the administration of the Creditors' Trust and shall have the authority to remove the Creditors' Trustee in accordance with Section 3.6(c) herein. The Creditors' Trustee shall consult with and provide information to the Creditors' Trust Advisory Board in accordance with and pursuant to the terms of this Creditors' Trust Agreement. The Creditors' Trust Advisory Board shall have the authority to select and engage such professional advisors including, without limitation, any professional

previously retained by the Creditors' Trust Beneficiaries, the Creditors' Committee, or the Debtors, as the Creditors' Trust Advisory Board deems necessary and desirable to assist the Creditors' Trust Advisory Board in fulfilling its obligations under this Creditors' Trust Agreement, and the Creditors' Trust shall pay the reasonable and documented fees of such advisors (including on an hourly, contingency, or modified contingency basis) and reimburse such advisors for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Creditors' Trust Agreement.

4.3 Regular Meetings of the Creditors' Trust Advisory Board.

Meetings of the Creditors' Trust Advisory Board are to be held with such frequency and at such place as the Creditors' Trustee and the members of the Creditors' Trust Advisory Board may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4 Special Meetings of the Creditors' Trust Advisory Board.

Special meetings of the Creditors' Trust Advisory Board may be held whenever and wherever called for by the Creditors' Trustee or any two (2) members of the Creditors' Trust Advisory Board.

4.5 Manner of Acting.

(a) A majority of the total number of members of the Creditors' Trust Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Creditors' Trust Advisory Board. The affirmative vote of a majority of the members of the Creditors' Trust Advisory Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the Creditors' Trust Advisory Board except as otherwise required by law or as provided in this Creditors' Trust Agreement. Any or all of the members of the Creditors' Trust Advisory Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Creditors' Trust Advisory Board participating in a meeting by this means is deemed to be present in person at the meeting. Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Creditors' Trustee and each member of the Creditors' Trust Advisory Board.

(b) Any member of the Creditors' Trust Advisory Board who is present and entitled to vote at a meeting of the Creditors' Trust Advisory Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Creditors' Trust Advisory Board, unless: (i) such member of the Creditors' Trust Advisory Board objects at the beginning of the meeting (or promptly upon his or her arrival) to holding it or transacting business at the meeting; or (ii) his or her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he or she delivers written notice (including by electronic or facsimile transmission) of his or her dissent or abstention to the Creditors' Trust Advisory Board before its

adjournment. The right of dissent or abstention is not available to any member of the Creditors' Trust Advisory Board who votes in favor of the action taken.

(c) Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Creditors' Trust Advisory Board shall report to the Creditors' Trust Advisory Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Creditors' Trust Beneficiary). A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Creditors' Trust Advisory Board who are not "conflicted members."

4.6 Creditors' Trust Advisory Board's Action Without a Meeting.

Any action required or permitted to be taken by the Creditors' Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Creditors' Trust Advisory Board as evidenced by one or more written consents describing the action taken, signed by all members of the Creditors' Trust Advisory Board and recorded in the minutes or other transcript of proceedings of the Creditors' Trust Advisory Board.

4.7 Tenure, Removal, and Replacement of the Members of the Creditors' Trust Advisory Board.

The authority of the members of the Creditors' Trust Advisory Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Creditors' Trust is terminated in accordance with Section 9.1 hereof. The service of the members of the Creditors' Trust Advisory Board will be subject to the following:

(a) The members of the Creditors' Trust Advisory Board will serve until Disability, death, resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below;

(b) A member of the Creditors' Trust Advisory Board may resign at any time by providing a written notice of resignation to the remaining members of the Creditors' Trust Advisory Board. Such resignation will be effective upon the date received by the Creditors' Trust Advisory Board or such later date specified in the written notice;

(c) A member of the Creditors' Trust Advisory Board may be removed by the majority vote of the other members of the Creditors' Trust Advisory Board, a written resolution of which shall be delivered to the removed Creditors' Trust Advisory Board member; provided, however, that such removal may only be made for Cause;

(d) In the event of a vacancy on the Creditors' Trust Advisory Board (whether by removal, Disability, death or resignation), a new member may be appointed to fill such position by a majority of the remaining members of the Creditors' Trust Advisory Board. Any such appointment of a new member cannot alter the structure or power of the Creditors' Trust Advisory Board as set forth in Section 4.1 herein; and

(e) Immediately upon the appointment of any successor member of the Creditors' Trust Advisory Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Creditors' Trust Advisory Board hereunder will be vested in and undertaken by the successor member of the Creditors' Trust Advisory Board without any further act; and the successor member of the Creditors' Trust Advisory Board will not be liable personally for any act or omission of the predecessor member of the Creditors' Trust Advisory Board.

4.8 Reimbursement of Expenses of the Creditors' Trust Advisory Board.

Except as set forth herein, all reasonable and documented out-of-pocket expenses (not including fees or expenses of professionals) incurred by members of the Creditors' Trust Advisory Board in connection with the performance of their respective services hereunder including, without limitation, any services rendered with respect to the CT Reserves, shall be reimbursed, without duplication, by the Creditors' Trust upon demand for payment thereof

4.9 Standard of Care; Exculpation.

None of the Creditors' Trust Advisory Board, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, designee, professional, agent or representative of the Creditors' Trust Advisory Board, nor shall the Creditors' Trust Advisory Board or any of its members be liable for any act or omission taken or omitted to be taken by the Creditors' Trust Advisory Board, except in the event that there is a Final Order of a court of competent jurisdiction determining that the Creditors' Trust Advisory Board or any of its members committed fraud, self-dealing, intentional misrepresentation, gross negligence, or willful misconduct. The Creditors' Trust Advisory Board and each of its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither the Creditors' Trust Advisory Board nor any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Creditors' Trust Advisory Board or, as applicable, its members or designees, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

4.10 Acknowledgment of Lack of Control; Exculpation.

It is hereby acknowledged and agreed that the Non-Controlling Parties are not able to exert any control or influence over the Creditors' Trust Advisory Board, the

administration of the Creditors' Trust, the pursuit of the Transferred State Law Avoidance Claims or any other business of the Creditors' Trust, and accordingly no Non-Controlling Party shall be liable for any act or omission of the Creditors' Trust or any member, designee, professional, agent or representative of the Creditors' Trust Advisory Board.

## ARTICLE 5

## TAX MATTERS

5.1 Treatment of Creditors' Trust Assets Transfer.

Notwithstanding Section 1.2(a) herein, all parties shall treat, for U.S. federal income tax purposes, the transfer of each of the Creditors' Trust Assets to the Creditors' Trust, including any amounts or other assets subsequently transferred to the Creditors' Trust (but only at such time as actually transferred), as a transfer of the Creditors' Trust Assets (other than amounts set aside as CT Reserves) to the Creditors' Trust Beneficiaries, followed by a transfer of such Creditors' Trust Assets by the Creditors' Trust Beneficiaries to the Creditors' Trust in exchange for beneficial interests in the Creditors' Trust.

5.2 Income Tax Status.

For U.S. federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), the Creditors' Trust shall be treated as a grantor trust pursuant to IRC sections 671-677, or any successor provisions thereof. To the extent consistent with Revenue Procedure 94-45 and not otherwise inconsistent with this Creditors' Trust Agreement, this Creditors' Trust Agreement shall be construed so as to satisfy the requirements for liquidating trust status. Except with respect to the Creditors' Trust Assets allocable to the CT Reserves, (i) the Creditors' Trust Beneficiaries will be treated as both the grantors and the deemed owners of the Creditors' Trust, and (ii) any items of income, gain, loss, deduction, and credit of the Creditors' Trust shall be allocated for U.S. federal income tax purposes to the Creditors' Trust Beneficiaries. The Creditors' Trust shall at all times be administered so as to constitute a domestic trust for U.S. federal income tax purposes.

5.3 Valuation of Creditors' Trust Assets as of Effective Date.

Promptly after the Effective Date, the Creditors' Trustee, in consultation with Tribune and subject to the approval of the Creditors' Trust Advisory Board, shall determine the estimated fair market value of the Creditors' Trust Assets as of the Effective Date and provide notice of such determination to the Creditors' Trust Beneficiaries. The Creditors' Trust Beneficiaries and the Creditors' Trustee will each be required to use such valuation consistently for all U.S. federal income tax purposes, including for determining tax basis and gain or loss.

5.4 Tax Returns.

The Creditors' Trustee shall file U.S. federal income tax returns for the Creditors' Trust as a grantor trust in accordance with United States Treasury Regulation section 1.671-4 and report, but not pay tax on, the Creditors' Trust's tax items of income,

gain, loss, deduction and credit, other than such tax items allocable to the CT Reserves ("CT Tax Items"). The Holders of Creditors' Trust Interests shall report such CT Tax Items on their U.S. federal income tax returns and pay any resulting U.S. federal income tax liability. In addition, the Creditors' Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon. Within a reasonable time following the end of the taxable year, the Creditors' Trust shall send to each Creditors' Trust Beneficiary a separate statement setting forth the Creditors' Trust Beneficiary's share of CT Tax Items and will instruct each such Creditors' Trust Beneficiary to report such items on its applicable income tax return. The Creditors' Trust may provide each Creditors' Trust Beneficiary with a copy of the Form 1041 for the Creditors' Trust (without attaching any other Creditors' Trust Beneficiary's Schedule K-1 or other applicable information form) along with such Creditors' Trust Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement.

5.5 Expedited Determination of Taxes.

The Creditors' Trustee may request an expedited determination of taxes of the Creditors' Trust under applicable law for all returns filed for, or on behalf of, the Creditors' Trust for all taxable periods through the dissolution of the Creditors' Trust.

5.6 Withholding of Taxes; Creditors' Trust Taxes.

The Creditors' Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions made by the Creditors' Trust to the Creditors' Trust Beneficiaries shall be subject to any such withholding and reporting requirements. To the extent that the operation of the Creditors' Trust or the liquidation of the Creditors' Trust Assets creates a tax liability imposed on the Creditors' Trust, including the CT Reserves, the Creditors' Trust shall timely pay such tax liability and any such payment shall be considered a cost and expense of the operation of the Creditors' Trust. All Creditors' Trust Beneficiaries shall be required to provide any information necessary to comply with all withholding and reporting requirements.

5.7 Tax Treatment of CT Reserves.

Notwithstanding any other provision of this Creditors' Trust Agreement to the contrary, subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary, with respect to any Creditors' Trust Assets allocable to the CT Reserves, the Creditors' Trustee may in its discretion, for U.S. federal income tax purposes (and to the extent permitted by law, for state and local income tax purposes), either (i) make an election to treat such assets as held in a "disputed ownership fund" within the meaning of United States Treasury Regulation section 1.468-9B, or (ii) treat such assets as held in a discrete trust (which may consist of separate and independent shares) in accordance with the trust provisions of the IRC (section 641, *et seq.*). In either case, the Creditors' Trustee shall treat as taxable income or loss of such fund or separate trust with respect to each taxable year, the portion of the taxable income or loss and other tax items for such year that would have been allocated to holders of Disputed

Claims had such Claims been allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved). Any separate entity level tax incurred with respect to the CT Reserves shall be paid by the Creditors' Trustee out of the CT Reserves. All parties must report consistently with the income tax treatment determined by the Creditors' Trustee in his discretion.

## ARTICLE 6

## DISTRIBUTIONS

6.1 Annual Distribution; Withholding.

The Creditors' Trustee shall distribute at least annually all Net Creditors' Trust Proceeds in accordance with the Creditors' Trust Distribution Schedule; provided, however, that the Creditors' Trust may retain such amounts as are reasonably necessary (i) to maintain the CT Reserves and the Expense Fund, and (ii) to pay or reserve for any taxes imposed on the Creditors' Trust or in respect of the Creditors' Trust Assets in accordance with this Creditors' Trust Agreement. All such distributions shall be pursuant to the provisions of the Creditors' Trust Distribution Schedule. The Creditors' Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Creditors' Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

6.2 Manner of Payment or Distribution.

(a) All distributions made by the Creditors' Trustee to Holders of Creditors' Trust Interests shall be payable to the Holders of Creditors' Trust Interests of record as of the twentieth (20th) day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such date for the distribution shall be the following Business Day. If the distribution shall be in Cash, the Creditors' Trustee shall distribute such Cash by wire, check, or such other method as the Creditors' Trustee deems appropriate under the circumstances.

(b) All Net Creditors' Trust Proceeds shall be distributed in accordance with the Creditors' Trust Distribution Schedule.

6.3 Delivery of Creditors' Trust Distributions.

All distributions under this Creditors' Trust Agreement to any Holder of Creditors' Trust Interests shall be made at the address of such Holder as set forth in the Trust Register or at such other address or in such other manner as such Holder of Creditors' Trust Interests shall have specified for payment purposes in a written notice to the Creditors' Trustee and the Registrar at least twenty (20) days prior to such distribution date. If any distribution to any Creditors' Trust Beneficiary is returned as undeliverable, and after reasonable efforts the Creditors' Trustee has not been able to determine the current address of the Creditors' Trust Beneficiary, such undeliverable or unclaimed distribution shall be deemed unclaimed property 120 days after the date of such distribution and shall be reallocated to the remaining Creditors' Trust Beneficiaries and shall be distributed in accordance with

the Creditors' Trust Distribution Schedule. Such undeliverable or unclaimed distributions shall not be subject to (i) any claims by such Creditors' Trust Beneficiary, or (ii) the unclaimed property or escheat laws of any state or governmental unit.

6.4 Setoffs.

The Creditors' Trustee, on behalf of the Creditors' Trust, acknowledges and agrees that any Person that has either an Allowed Other Parent Claim against Tribune or an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors, in each case for indemnification, reimbursement, or contribution arising from or relating to the assertion of any claim or cause of action by the Creditors' Trust or the Creditors' Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Creditors' Trust against such Person. For the purposes of this Section 6.4, "setoff against" shall mean that the Creditors' Trust shall use Creditors' Trust assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim. The Creditors' Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors to, any such indemnification, reimbursement, or contribution claim.

6.5 CT Reserves.

The Creditors' Trustee shall establish the CT Reserve(s), which shall include assets held separately from other assets of the Creditors' Trust, subject to an allocable share of all expenses and obligations of the Creditors' Trust, on account of Disputed Claims. The Creditors' Trustee shall remove funds from the CT Reserve(s) as the Disputed Claims are resolved, which funds shall be distributed as provided in this Article 6 and the Creditors' Trust Distribution Schedule.

6.6 Cash Distributions.

No Cash distributions shall be required to be made to any Creditors' Trust Beneficiary in an amount less than $100.00. Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Net Creditors' Trust Proceeds.

## ARTICLE 7

## INDEMNIFICATION

7.1 Indemnification of the Creditors' Trustee and the Creditors' Trust Advisory Board.

(a) From and after the Effective Date, the Creditors' Trustee, the members of the Creditors' Trust Advisory Board and each of their respective Related Persons (collectively, the "Creditors' Trust Indemnified Parties" and each a "Creditors' Trust Indemnified Party") shall be, and hereby are, indemnified by the Creditors' Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds,

covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Creditors' Trust Indemnified Party's good faith exercise of what such Creditors' Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Creditors' Trust Indemnified Party reasonably understands to be its duties conferred by this Creditors' Trust Agreement[, the Plan, or any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan], applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to its own fraud, self-dealing, intentional misrepresentation, gross negligence or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing the Creditors' Trust Assets, on and after the Effective Date. The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to (a) this Creditors' Trust Agreement; (b) the services to be rendered pursuant to this Creditors' Trust Agreement; (c) any document or information, whether verbal or written, referred to [herein] or supplied to the Creditors' Trustee; or (d) proceedings by or on behalf of any creditor. The Creditors' Trust shall, on demand, advance or pay promptly out of the Creditors' Trust Assets, on behalf of each Creditors' Trust Indemnified Party, reasonable and documented attorneys' fees and other expenses and disbursements to which such Creditors' Trust Indemnified Party would be entitled pursuant to the foregoing indemnification obligation; provided, however, that any Creditors' Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines that such Creditors' Trust Indemnified Party is not entitled to indemnification [hereunder] due to the fraud, self-dealing, intentional misrepresentation, gross negligence or willful misconduct of such Creditors' Trust Indemnified Party. In any matter covered by the first two sentences of this subsection, any Person entitled to indemnification shall have the right to employ such Person's own separate counsel reasonably acceptable to the Creditors' Trustee, at the Creditors' Trust's expense, subject to the foregoing terms and conditions. In addition, the Creditors' Trust shall purchase fiduciary liability insurance for the benefit of the Creditors' Trustee and the Creditors' Trust Advisory Board.

(b) Any Creditors' Trust Indemnified Party may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Creditors' Trust Indemnified Party.

(c) The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Creditors' Trust Indemnified Party may otherwise have at law or in equity including, without limitation, common law rights to indemnification or contribution. Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Creditors' Trust Agreement or any other agreement or instrument to which that Person is a party.

7.2 [POSSIBLE TAX AND OTHER INDEMNIFICATION OF REORGANIZED DEBTORS BY THE CREDITORS' TRUST.]

## ARTICLE 8

## REPORTS TO CREDITORS' TRUST BENEFICIARIES

8.1 Reports.

(a) The Creditors' Trustee shall provide quarterly reports to the Creditors' Trust Beneficiaries, with respect to (i) the prosecution and resolution of the Creditors' Trust Assets, and (ii) expenditures, receipts, and distributions of the Creditors' Trust. The Creditors' Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than annually, financial statements of the Creditors' Trust, to be delivered to the Creditors' Trust Beneficiaries together with annual income tax reporting of the Creditors' Trust. To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles. The materiality and scope of audit determinations shall be established between the Creditors' Trustee (in consultation with the Creditors' Trust Advisory Board) and the appointed auditors with a view toward safeguarding the value of the Creditors' Trust Assets, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b) Within ten (10) Business Days after the end of the relevant report preparation period the Creditors' Trustee shall cause any information reported pursuant to Section 8.1(a) to be mailed to such Creditors' Trust Beneficiaries.

(c) Any report required to be distributed by the Creditors' Trustee under Section 8.1(a) hereof shall also be distributed to the Persons listed in Section 11.6 hereof concurrently with its distribution to the Creditors' Trust Beneficiaries under Section 8.1(a) hereof. The Creditors' Trustee may post any report required to be provided under this Section 8.1 on a web site maintained by the Creditors' Trustee in lieu of actual notice to the Creditors' Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in Section 11.6 herein.

## ARTICLE 9

## TERM; TERMINATION OF THE CREDITORS' TRUST

9.1 Term; Termination of the Creditors' Trust.

(a) The Creditors' Trust will be dissolved no later than five (5) years from the Effective Date; provided, however, that [either (x)] the Bankruptcy Court, upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Creditors' Trust for a finite period if (i) such extension is necessary to the purpose of the Creditors' Trust, (ii) the Creditors' Trustee receives an opinion of counsel or a ruling from the Internal Revenue Service stating that such extension would not adversely affect the status of the Creditors' Trust as a liquidating trust for U.S. federal income tax purposes, and (iii) such extension is obtained within the six (6) month period prior to the Creditors' Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable[, or (y) a court with competent jurisdiction,

upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Creditors' Trust for a finite period if the Creditors' Trustee receives a ruling from the Internal Revenue Service that such extension would not adversely affect the status of the Creditors' Trust as a liquidating trust for U.S. federal income tax purposes].

(b) Upon dissolution of the Creditors' Trust, any remaining Cash on hand and other assets will be distributed to the Creditors' Trust Beneficiaries in accordance with this Creditors' Trust Agreement and the Creditors' Trust Distribution Schedule.

9.2 Continuance of the Creditors' Trustee for Winding Up.

After the termination of the Creditors' Trust and for the purpose of liquidating and winding up the affairs of the Creditors' Trust, the Creditors' Trustee shall continue to act as such until his or her duties have been fully performed. Prior to the final distribution of all of the remaining Creditors' Trust Assets and upon approval of the Creditors' Trust Advisory Board, the Creditors' Trustee shall be entitled to reserve from such assets any and all amounts required to provide for his or her own costs and expenses, in accordance with Section 3.10 herein until such time as the winding up of the Creditors' Trust is completed. Upon termination of the Creditors' Trust, subject to the terms and conditions contained in the CT Confidentiality and Common Interest Agreement, the Creditors' Trustee shall retain for a period of two (2) years, as a cost of administering the Creditors' Trust, the books, records, Creditors' Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Creditors' Trustee. Subject to the terms and conditions contained in the CT Confidentiality and Common Interest Agreement, at the Creditors' Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Creditors' Trust. Except as otherwise specifically provided herein, upon the termination of the Creditors' Trust, the Creditors' Trustee shall have no further duties or obligations hereunder.

## ARTICLE 10

## AMENDMENT AND WAIVER

Any substantive provision of this Creditors' Trust Agreement, except for this Article 10 and Section 1.5, may be amended or waived in writing by the Creditors' Trustee, upon notice and unanimous approval by the Creditors' Trust Advisory Board; provided, however, that any modification that may adversely affect distributions to Creditors' Trust Beneficiaries shall require the consent of the Creditors' Trust Beneficiaries who hold a majority of the class of Creditors' Trust Interests that would be adversely affected. Technical amendments to this Creditors' Trust Agreement may be made, as necessary to clarify this Creditors' Trust Agreement or enable the Creditors' Trustee to effectuate the terms of this Creditors' Trust Agreement, by the Creditors' Trustee with approval by a majority of the Creditors' Trust Advisory Board; provided, however, that all amendments of this Creditors' Trust Agreement shall be consistent with the purpose and intention of the Creditors' Trust to liquidate in an expeditious but orderly manner the Creditors' Trust Assets in accordance with United States Treasury Regulation section 301.7701-4(d) and Section 1.4 hereof.

ARTICLE 11

MISCELLANEOUS PROVISIONS

11.1 Intention of Parties to Establish a Liquidating Trust.

The Creditors' Trust is intended to be classified as a liquidating trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Creditors' Trust Agreement may be amended in accordance with Article 10 to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

11.2 Reimbursement of Trust Costs.

If the Creditors' Trustee, the Creditors' Trust Advisory Board or the Creditors' Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Creditors' Trust Agreement or the enforcement thereof, the Creditors' Trustee, the Creditors' Trust Advisory Board or the Creditors' Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action. To the extent that the Creditors' Trust has advanced such amounts, the Creditors' Trust may recover such amounts from the non-prevailing party.

11.3 Laws as to Construction.

THIS CREDITORS' TRUST AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF [TBD], WITHOUT REGARD TO WHETHER ANY CONFLICTS OF LAW WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

11.4 Jurisdiction.

The courts within the [District of TBD] shall have the exclusive jurisdiction with respect to any action relating to or arising from the Creditors' Trust.

11.5 Severability.

If any provision of this Creditors' Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Creditors' Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Creditors' Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.6 Notices.

(a) All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic or facsimile communication (as evidenced by an electronic mail return receipt or confirmed fax transmission report, respectively); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

(i) If to the Creditors' Trustee, to:

[to be inserted]

With a copy to:

[to be inserted]

(ii) If to the Creditors' Trust Advisory Board, to:

[to be inserted]

With a copy to:

[to be inserted]

(iii) If to a Creditors' Trust Beneficiary: to the name and address set forth on the Trust Register, provided that general notices to all Creditors' Trust Beneficiaries may be made by posting such notice to a website identified in advance for communication with Creditors' Trust Beneficiaries.

(b) All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

11.7 Fiscal Year.

The fiscal year of the Creditors' Trust will begin on the first day of January and end on the last day of December of each year.

11.8 Headings.

The section headings contained in this Creditors' Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Creditors' Trust Agreement or of any term or provision hereof.

11.9 Counterparts.

This Creditors' Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

11.10 Confidentiality.

The Creditors' Trustee and each successor Creditors' Trustee and each member of the Creditors' Trust Advisory Board and each successor member of the Creditors' Trust Advisory Board (each a "Covered Person") shall, during the period that they serve in such capacity under this Creditors' Trust Agreement and following either the termination of this Creditors' Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Creditors' Trust Assets relates or of which it has become aware in its capacity (the "Information"), except to the extent disclosure is required by applicable law, order, regulation or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Creditors' Trust Advisory Board reasonably promptly (unless prohibited by law) so that the Creditors' Trust Advisory Board may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section 11.10 (and if the Creditors' Trust Advisory Board seeks such an order, the relevant Covered Person will provide cooperation as the Creditors' Trust Advisory Board shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the Creditors' Trust Advisory Board waives compliance with the terms of this Section 11.10 and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Creditors' Trust Advisory Board written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

11.11 Entire Agreement.

This Creditors' Trust Agreement (including the Recitals) constitutes the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Creditors' Trust Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Creditors' Trust Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Creditors' Trust Agreement.

11.12 Rules of Interpretation.

For purposes of this Creditors' Trust Agreement, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) the words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this Creditors' Trust Agreement as a whole and not to any particular section, subsection or clause contained in this Creditors' Trust Agreement; (c) the rules of construction set forth in 11 U.S.C. § 102 will apply; and (d) the term "including" shall be construed to mean "including, but not limited to," "including, without limitation," or words of similar import.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Creditors' Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

[INSERT NAME], CREDITORS' TRUSTEE OF THE CREDITORS' TRUST ESTABLISHED UNDER THIS CREDITORS' TRUST AGREEMENT DATED [______________], 2011 PURSUANT TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.

________________________________________

[INSERT NAME], as

CREDITORS' TRUSTEE