# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: March 1, 2011 at 10:00 a.m. ET<br>Obj. Deadline: February 18, 2011 at 4:00 p.m. ET |

## SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTORS' RETENTION OF NOVACK AND MACEY LLP TO INCLUDE SERVICES RELATING TO THE PROSECUTION OF CERTAIN AVOIDANCE ACTIONS PURSUANT TO 11 U.S.C. § 327(a), *NUNC PRO TUNC* TO NOVEMBER 22, 2010

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this supplemental application (the "Supplemental Application") for entry of an order, in the form attached hereto, modifying the scope of the Debtors' already-authorized employment of Novack and Macey LLP ("Novack

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7343339v1

and Macey") as their special litigation counsel pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to November 22, 2010. The limited purpose of this Application is to permit the Debtors to retain and employ Novack and Macey to represent them as their special litigation counsel in connection with the filing, prosecution, and/or settlement of three (3) avoidance actions already filed by the Debtors in this Court (the "Avoidance Actions"). As discussed in further detail below, the Debtors filed or preserved by tolling agreements approximately 220 avoidance actions on or before the December 8, 2010 deadline for commencing such actions. Out of the approximately 94 complaints actually filed by the Debtors in this Court, Novack and Macey filed three (3) complaints against third parties with respect to which the Debtors' existing bankruptcy co-counsel, Sidley Austin LLP ("Sidley") and Cole, Schotz, Meisel, Forman & Leonard P.A. ("Cole Schotz") did not represent the Debtors out of an abundance of caution due to potential conflicts of interest.[2]

The terms of Novack and Macey's existing retention by the Debtors are summarized in the *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1007, Nunc Pro Tunc to August 26, 2010* (D.I. 5808) (the "Original Application"). The Original Application is hereby incorporated by reference. The Original Application was approved by an order dated October 22, 2010 (D.I. 6087) (the "Original Retention Order"). Because Novack and Macey's performance of the services related to the filing and prosecution of the three Avoidance Actions were not contemplated at the time the Original Application was filed with the Court, and because the filing and prosecution of the Avoidance Actions arguably

---

[2] Campbell & Levine, LLC also assisted the Debtors in connection with the preparation and filing of the three Avoidance Actions, as Delaware litigation counsel. On January 6, 2011, the Debtors filed the *Application for an Order Authorizing the Debtors to Retain and Employ Campbell & Levine, LLC as Special Litigation Counsel Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to December 6, 2010* (D.I. 7390).

46429/0001-7343339v1

2

falls under the ambit of section 327(a) of the Bankruptcy Code as involving a representation of the Debtors in carrying out their duties as debtors in possession under the Bankruptcy Code, the Debtors file this Supplemental Application to modify Novack and Macey's retention pursuant to section 327(a). In support of the Supplemental Application, the Debtors submit the Supplemental Declaration of Stephen Novack (the "Supplemental Novack Declaration"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (D.I. 43, 2333).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(a) and 1107 of the Bankruptcy Code.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

6. Pursuant to the Original Retention Order, Novack and Macey was authorized to serve as special counsel pursuant to section 327(e) for the limited purpose of representing and advising the Debtors in connection with certain potential claims or actions that any of the Debtors or their affiliates might have against any of the Morgan Stanley entities relating to certain matters, as described in detail in the Original Application.

7. On or about December 7, 2010, the Debtors commenced approximately ninety-four (94) avoidance actions in this Court against third parties, pursuant to sections 547, 548, and 550 of the Bankruptcy Code. Prior to that date, the Debtors negotiated tolling agreements that preserved another 127 potential avoidance actions for the benefit of their estates. Novack and Macey consulted with the Debtors with respect to filing complaints or entering into tolling agreements with Epsilon Data Management LLC, Nixon Peabody LLP, and Navigant Consulting Inc., parties against which Sidley and Cole Schotz did not represent the Debtors out of an abundance of caution due to potential conflicts of interest. On December 14, 2010, this Court entered the *Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(A)* (D.I. 7165) (the "Stay Order"), which immediately stayed the further prosecution of all of the avoidance actions commenced by the Debtors, including the three Avoidance Actions filed by Novack and Macey on their behalf. Accordingly, while the Stay Order remains in effect, the Debtors anticipate that the services required to be performed on their behalf by Novack and Macey will be limited.

8.  The Debtors have determined that it is in their estates' best interests to retain Novack and Macey as special litigation counsel to permit them to bring and, if necessary, prosecute the avoidance actions, based on Novack and Macey's extensive experience in trial and appellate litigation, and based on their familiarity with the Debtors, their personnel, and their businesses. Given Novack and Macey's current performance of services to the Debtors on litigation-related matters, the Debtors believe that it would be efficient and cost-effective to retain Novack and Macey as special counsel for the Avoidance Actions as well.

## RELIEF REQUESTED

9.  By this Supplemental Application, the Debtors seek authorization to employ and retain Novack and Macey as their special litigation counsel in connection with the filing and prosecution of the three Avoidance Actions, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, *nunc pro tunc* to November 22, 2010. The Debtors intend for the Original Retention Order to continue to govern the terms of Novack and Macey's retention and employment by the Debtors, subject only to the limited modification of the scope of Novack and Macey's services to encompass the Avoidance Actions. All provisions of the Original Retention Order shall remain in full force and effect and are unaffected by this Supplemental Application, except as necessary to effect that limited modification.

10. The discrete services to be performed by Novack and Macey will not be duplicative of the Debtors' employment of any other professionals in these cases, given that neither Sidley nor Cole Schotz are representing the Debtors with respect to the Avoidance Actions in question. The Debtors' management will closely monitor the services of Sidley, Cole Schotz, Novack and Macey, and Campbell & Levine to ensure there is no overlap or duplication of effort and cost with respect to the Avoidance Actions.

11. Subject to the Court's approval, Novack and Macey will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. (Supp. Novack Decl., ¶¶ 7-8.) For work performed in 2010, Novack and Macey's billing rates ranged from $375 to $650 per hour for partners, $215 to $375 per hour for associates, and $165 per hour for para-professionals. For work performed in 2011, Novack and Macey's billing rates are $395 - $670 per hour for partners, $215 to $375 per hour for associates, and $165 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. (Supp. Novack Decl., ¶ 7.)

12. Novack and Macey has advised the Debtors that it intends to continue to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with these services, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court. (Supp. Novack Decl., ¶ 9.)

13. Novack and Macey has advised the Debtors that it is not employed by, and has not been employed by, any entity other than the Debtors in matters related to these chapter 11 cases. (Supp. Novack Decl., ¶ 12.) Novack and Macey has further advised the Debtors that it has conducted a supplemental search of its records to include the defendants named in the three Avoidance Actions, and has determined that it does has not represented any of these defendants. (Supp. Novack Decl. ¶ 12.) Novack and Macey has advised the Debtors that it continues neither

to hold nor represent in these proceedings any interests adverse to the Debtors or to their estates on the matters on which Novack and Macey is retained, and that it is a "disinterested person," as required by section 327(a) of the Bankruptcy Code. (Supp. Novack Decl., ¶ 13.) If Novack and Macey discovers additional information that requires disclosure, Novack and Macey has advised the Debtors that it will file a supplemental disclosure with the Court as promptly as practicable. (Supp. Novack Decl., ¶ 13.)

## LEGAL AUTHORITY

14. The Debtors' existing retention of Novack and Macey was pursuant to section 327(e) of the Bankruptcy Code. The modification of the Debtors' retention of Novack and Macey is authorized by section 327(a) of the Bankruptcy Code, which provides that a debtor in possession, with the court's approval, may employ professionals who "do not hold or represent an interest adverse to the estate," and who are "disinterested persons." 11 U.S.C. § 327(a); *see also In re BH&P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (quoting *In re Star Broadcasting, Inc.*, 81 B.R. 835, 838 (Bankr. D.N.J. 1988)) (to be retained pursuant to section 327(a), a professional person "must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person'"); Fed. R. Bankr. P. 2014 (setting out the procedural requirements to apply for an order authorizing employment of professionals under section 327(a)). A "disinterested person" is one who does not have an interest materially adverse to the interest of the estate by reason of any direct or indirect relationship with the debtor, or for any other reason. *See* 11 U.S.C. § 101(14)(e).

15. To Tribune's knowledge, and based on Novack and Macey's representations in the Supplemental Novack Declaration, Novack and Macey (i) is not a pre-petition creditor, an equity security holder, or an insider of any of the Debtors, (ii) is not and was

not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of any of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors or for any other reason. (Supp. Novack Decl., ¶ 11.) Tribune has additionally reviewed the Supplemental Novack Declaration and its schedules and notes that Novack and Macey has represented no party-in-interest (other than its proposed representation of Debtors and its representation of Debtors previously authorized this Court) in connection with the Debtors' chapter 11 cases. (Supp. Novack Decl., ¶ 12.) Accordingly, Novack and Macey is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code, and is therefore eligible for the modification of its retention by the Debtors in these cases as set forth in this Supplemental Application.

16. In the instant case, the modification of the scope of Novack and Macey's retention by the Debtors in connection with the commencement and prosecution of the avoidance actions is in the best interests of the Debtors and their estates and creditors as a whole. Novack and Macey has provided and will continue to provide advice and services that will enable the Debtors to preserve the estates' claims for avoidance and recovery of prepetition transfers pursuant to sections 547, 548, and 550, and to prosecute those actions should it be necessary. Without experienced litigation counsel to represent the Debtors in connection with the Avoidance Actions, the Debtors will be unable to maintain and to prosecute effectively those actions. The Debtors therefore request this Court's authorization to modify the scope of Novack and Macey's existing retention to include the filing and prosecution of the Avoidance Actions.

17. The Debtors seek to modify the scope of Novack and Macey's retention *nunc pro tunc* to November 22, 2010, the point at which Novack and Macey began providing

services to the Debtors in connection with the Avoidance Actions. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. *See, e.g., In re Arkansas Co., Inc.*, 798 F.2d 645, 648 (3d Cir. 1986) (in which the court authorized retroactive approval of the employment of a professional pursuant to section 327(a) of the Bankruptcy Code); *In re Primary Health Sys. Inc.*, 2002 WL 500567 (D. Del. Mar. 28, 2002). In determining whether the court should exercise its discretion to grant retroactive approval the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and may consider additional factors such as (1) whether the applicant was under time pressure to begin service without approval; (2) the amount of delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. *Arkansas Co.*, 798 F.2d at 650.

18.   Retroactive approval of the modification to the scope of Novack and Macey's existing retention is appropriate under the circumstances. First, the modification to the scope of Novack and Macey's retention satisfies the requirements of section 327(a). Further, it was necessary for Novack and Macey to begin providing services to the Debtors before obtaining Bankruptcy Court approval for such services due to the time-sensitive nature of commencing the avoidance actions prior to the December 8, 2010 deadline imposed by section 546(a) of the Bankruptcy Code. The length of the *nunc pro tunc* period is modest, as the Debtors are filing the Application only about two months from when Novack and Macey first provided services in connection with the Avoidance Actions. Finally, payment of Novack and Macey's fees for the *nunc pro tunc* period will result in no discernable prejudice to any third parties. Novack and Macey's fees for legal services in connection with the Avoidance Actions to date are modest in the context of the Debtors' chapter 11 cases, totaling approximately $4,800 including expenses.

(Supp. Novack Decl., ¶ 10.) The Debtors therefore request that the Court approve Novack and Macey's retention on a *nunc pro tunc* basis to cover the period since November 22, 2010 during which fees were incurred, as well as subsequent periods

## NOTICE

19. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) Novack and Macey; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. The Debtors have not previously sought the relief requested herein from this or any other Court.

10

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) modifying the scope of the Debtors' retention of Novack and Macey as special litigation counsel to the Debtors in connection with the filing and prosecution of the three Avoidance Actions pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to November 22, 2010, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: January 31, 2011

                                        TRIBUNE COMPANY
                                        (for itself and on behalf of each Debtor)

                                        Donald J. Liebentritt
                                        Chief Restructuring Officer