# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. ____ |

## SUPPLEMENTAL DECLARATION OF STEPHEN NOVACK IN SUPPORT OF APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTOR'S RETENTION OF NOVACK AND MACEY LLP TO INCLUDE SERVICES RELATING TO THE PROSECUTION OF CERTAIN AVOIDANCE ACTIONS PURSUANT TO 11 U.S.C. §§ 327(a), *NUNC PRO TUNC* TO NOVEMBER 22, 2010

Stephen Novack declares as follows:

1.  I am a partner in the firm of Novack and Macey LLP ("Novack and Macey"), which maintains offices for the practice of law at 100 North Riverside Plaza, Chicago, Illinois 60606. I am duly licensed in and am a member in good standing of the bar of the State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and am admitted to practice before the United States District Court for the Northern District of Illinois.

2. I submit this Supplemental Declaration in Support of the Application (the "Application") For Entry of an Order Modifying the Scope of the Debtor's Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. §327(a), Nunc Pro Tunc to November 22, 2010.

### SERVICES TO BE RENDERED

3. Debtors requested that Novack and Macey advise them in connection with the prosecution of three (3) avoidance actions (the "Avoidance Actions"), including filing complaints or entering into tolling agreements with defendants in those actions, Epsilon Data Management LLC, Nixon Peabody LLP, and Navigant Consulting, Inc. (the "Defendants").

4. At the direction of Debtors, Novack and Macey filed complaints against Defendants to initiate the Avoidance Actions.

5. On December 14, 2010, this Court entered its Order Staying Avoidance Actions Commenced By The Debtors Pursuant To 11 USC §105(A)(D.I. 7165) (the "Stay Order"), which immediately stayed the further prosecution of the Avoidance Actions.

6. While the stay remains in effect, Novack and Macey anticipates that the services required to be performed on the Avoidance Actions will be limited.

### FEES AND CHARGES FOR SERVICES

7. Novack and Macey will continue to charge Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with those cases. For work performed in 2010, Novack and Macey's billing rates ranged from $375 to $650 per hour for partners; $215 to $375 per hour for

associates, and $165 per hour for paraprofessionals. For work performed in 2011, Novack and Macey's billing rates range from $395 to $670 per hour for partners, $215 to $375 per hour for associates, and $165 per hour for paraprofessionals. These hourly rates are subject to adjustment on a periodic basis.

8. In addition to the hourly rates set forth above, Novack and Macey customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services as set forth in my prior Declaration filed on September 24, 2010 (Dock. No. 5808), which is incorporated herein by reference.

9. Novack and Macey will apply to the Court for allowance of compensation for professional services rendered and reimbursement of costs and expenses incurred in connection with its services subject to the Court's approval and in compliance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any applicable orders of Court.

10. Novack and Macey's fees and costs for the Avoidance Actions to date are approximately $4,800.

## STATEMENT OF F CONNECTIONS

11. Neither Novack and Macey nor any partner or associate thereof, insofar as I can ascertain, is (i) a pre-petition creditor, an equity holder, or an insider of any of the Debtors; (ii) is or was, within two years before the filing of the Debtors' petitions, a director, officer, or employee of any of the Debtors; or (iii) have an interest materially adverse to the interest of any of the Debtors' estates or of any class of creditors or equity security holders,

by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors or for any other reason.

12.  Neither Novack and Macey nor any partner or associate thereof, insofar as I can ascertain, is employed by, or has been employed by, any entity other than the Debtors in matters related to these Chapter 11 cases. Novack and Macey conducted a supplemental search of its records to include the Defendants named in the three Avoidance Actions, and determined that it does not represent any of these Defendants.

13.  Neither Novack and Macey nor any partner or associate thereof, insofar as I can ascertain, holds or represents in these proceedings any interests adverse to the Debtors or to their estates in the matters in which Novack and Macey is retained, and Novack and Macey is a "disinterested person," as required by § 327(a) of the Bankruptcy Code. If Novack and Macey discovers additional information that requires disclosure, Novack and Macey has advised the Debtors that it will file a supplemental disclosure with the Court as promptly as possible.

14.  I have read the Supplemental Application for an Order Modifying the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. §327(a), <u>Nunc Pro Tunc</u> to November 22, 2010, that accompanies this Declaration and, to the best of my knowledge, information and belief, the contents of said application and this Supplemental Declaration are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 20th day of January, 2011.

_____
Stephen Novack

Subscribed and sworn to before me

this 20th day of January, 2011

_____
Notary Public

OFFICIAL SEAL
ANNETTE M JASIOTA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/13