Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------X
In re:                                  :
                                        :        Chapter 11 Cases
                                        :        Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                :        (Jointly Administered)
                                        :
                       Debtors.         :
-----------------------------------------------------X
```

**ANSWERS AND OBJECTIONS TO FIRST SET OF INTERROGATORIES OF**
**AURELIUS CAPITAL MANAGEMENT, LP, TO DEBTORS**

GENERAL OBJECTIONS AND
OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.       Tribune Company and its affiliates that are debtors in the above-captioned chapter 11

cases ("Debtors") object to the Interrogatories of Aurelius Capital Management, LP. ("Aurelius")

in their entirety to the extent that they are overbroad or purport to impose obligations upon them

that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein

under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware, the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the

"Case Management Order") entered in these cases, or any other applicable statute, rule, or order.

2.       Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for the disclosure of information subject to the attorney work product protection, the attorney-

client privilege, or any other applicable privilege, including privileged information or documents

shared with entities with which Debtors hold or held a common interest.  For instance,

information subject to the common interest privilege includes information or documents shared

between and among (1) Debtors, Angelo, Gordon & Co. LP, Centerbridge Special Credit

Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners,

JPMorgan Chase Bank N.A., Law Debenture Company of New York, as Successor Indenture

Trustee, and the Official Committee of Unsecured Creditors, or their counsel or advisors, during

the time period April 12, 2010 through August 9, 2010; (2) Debtors, Angelo, Gordon & Co, L.P.,

and Oaktree Capital Management, L.P., or their counsel or advisors, during the time period

September 27, 2010 through the present; or (3) Debtors, Angelo, Gordon & Co, L.P., Oaktree

Capital Management, L.P., JPMorgan Chase Bank N.A., and the Official Committee of

Unsecured Creditors, or their counsel or advisors, during the time period October 12, 2010

through the present.

3.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for the disclosure of information subject to the attorney work product protection, the attorney-

client privilege, or any other applicable privilege, including privileged information or documents

shared with entities with which Debtors hold or held a common interest.  For instance,

information that is categorically privileged includes, among other categories (1) communications

among or between counsel for Debtors not disclosed to any individual who is not counsel for

Debtors; (2) communications among or between Debtors and their counsel requesting or

providing legal advice that are not disclosed to any individual who is not counsel for or any

employee or agent of Debtors; and (3) communications among or between Debtors, their

counsel, and their advisors requesting or providing legal advice that are not disclosed to any

individual who is not counsel for or any employee or agent of Debtors.

4.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for information that is not in Debtors' possession, custody, or control.

5.      Debtors object to the Interrogatories in their entirety to the extent that they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

6.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information subject to the terms of the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order").  The Depository Order provides that it is "binding upon all persons and upon all parties-in interest in connection with these cases, whether or not such person or party-in-interest is a Negotiating Party."  The Depository Order defines Settlement Material as follows:

> [A]ny and all communications, whether written or oral, occurring on or after December 7, 2009, between and among the Negotiating Parties, or their representatives, in connection with discussions of the Leveraged ESOP Transactions, whether (a) in connection with the discussion of any plan or plans of reorganization in these cases, or (b) in connection with a discussion among the Negotiating Parties regarding any legal or factual issues related to such plan or plans, or (c) in connection with any analysis or documents prepared by a Negotiating Party or their representatives after the Petition Date and shared on or after December 7, 2009, between and among the Negotiating Parties, which, at or prior to the time communicated or shared, is designated as a "Settlement Communication" (such communications and materials are referred to herein collectively as the "Settlement Material") shall be deemed confidential and subject to the restrictions contained in this Order.

Under the Depository Order, Settlement Material may not be used except in connection with settlement discussions and may not be introduced at any trial or hearing or deposition unless the party who originates the Settlement Material agrees in writing.  Interrogatories that call for information containing Settlement Material are not reasonably calculated to lead to the discovery of admissible evidence.  In addition, under the Depository Order, such Settlement Material may

CH1 5607984v.2

not be disclosed other than in such settlement discussions except as authorized by the

Negotiating Party originating such Settlement Material.  Debtors have not received authorization

from any Negotiating Party who originated any Settlement Material in Debtors' possession,

custody, or control, to disclose this material, have not been requested by any Negotiating Party to

authorize the disclosure of Settlement Material they originated, and have not authorized the

disclosure of the Settlement Material that they originated.

7.      Debtors object to the Interrogatories in their entirety to the extent that that they are not

reasonably calculated to lead to the discovery of admissible evidence in that they seek the

disclosure of information that is inadmissible and constitutes material protected from disclosure

pursuant to the Order Appointing Mediator (Docket No. 5591) (the "Mediation Order").  The

Mediation Order provides that "(a) discussions among the Mediation Parties relating to the

Mediation, including discussions with or in the presence of the Mediator, (b) Mediation

Statements, Ownership Statements and any other documents or information provided to the

Mediator or the Mediation Parties in the course of the Mediation, (c) correspondence, draft

resolutions, offers, and counteroffers produced for or as a result of the Mediation, and (d)

communications between the Mediator and the Examiner or the Examiner's Professionals are

strictly confidential and shall not be admissible for any purpose in any judicial or administrative

proceeding."  Unless otherwise specifically stated, such mediation materials will not be provided

in response to any Interrogatory.

8.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for the disclosure of information subject to the terms of the Order Approving Work And Expense

Plan And Modifying Examiner Order (Docket No. 4306) (the "Examiner Order") or to the Order

Approving Motion Of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (I)

Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving The Disposition Of Certain Documents And Information; And (IV) Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order").  Pursuant to the Examiner Order, "requests by the Parties or any other person or entity for [ ] discovery" "propounded upon any Party or any other person or entity to seek any communications, documents or other information exchanged between them and the Examiner" are subject to Court approval.  Pursuant to Paragraph 7 of the Discharge Order, materials provided to or obtained by the Examiner are exempt from discovery from the Examiner.  To the extent that such materials are protected from disclosure by the Examiner, Debtors object to Aurelius's attempts to contravene the purpose of the Discharge Order by seeking those same materials from Debtors.  Unless otherwise specifically stated, materials related to the Examiner will not be produced in response to any Interrogatory.

9.      Debtors object to the Interrogatories in their entirety to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

10.     Debtors object to the Interrogatories in their entirety to the extent that they are duplicative of interrogatories served by other parties in the above-captioned cases to which Debtors are responding.

11.     Debtors' Responses and Objections to the Interrogatories or their Answers to the Interrogatories shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that Interrogatories for similar information will be treated similarly.

CH1 5607984v.2

12.     Debtors reserve all of their rights, including their right to supplement, amend, or correct any of their Answers and Objections to the Interrogatories and their right to object to the admissibility of any part of any Answer to any Interrogatory or information contained therein.

13.     Debtors object to the Interrogatories in their entirety to the extent that they seek information that is available equally to Aurelius or is in Aurelius's possession, control, or custody.

14.     Debtors object to the Interrogatories on the ground that they contain multiple sub-parts and thus the number of Interrogatories exceeds the number permitted by Rule 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7033 and 9014.

## DEFINITIONS

15.     Debtors object to Definition A on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition A as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Angelo," unless otherwise specified, means Angelo, Gordon & Co, L.P.

16.     Debtors object to Definition B on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "April Proposed Settlement," unless otherwise specified, means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo, Gordon & Co., LP, Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture Company of New York, as Successor Indenture Trustee, as filed with the Court on April 12, 2010.

17.     Debtors object to Definition C on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius

6

purports to include within Definition C as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Bank of America," unless otherwise specified, means Bank of America N.A., Bank of America Bridge, and Bank of America Securities.

18.    Debtors object to Definition E on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition E as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Citicorp," unless otherwise specified, means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc., and Citicorp North America, Inc.

19.    Debtors object to Definition F on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition F as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Committee" unless otherwise specified, means the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned Debtors.

20.    Debtors object to Definition G on the grounds that it is unintelligible.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Committee Individuals," unless otherwise specified, means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned Debtors.

21.    Debtors object to Definition K on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition K as stated.  As used in Debtors' answers to Aurelius's interrogatories, the term "Debtors," unless otherwise specified, means the debtors in the above-captioned chapter 11 cases.

22.     Debtors object to Definition L on the grounds that it is unintelligible.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Debtor/Committee/Lender Plan," unless otherwise specified, means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A., filed with the Court on November 23, 2010, and as subsequently amended.

23.     Debtors object to Definition N to the extent it is overbroad, unduly burdensome, and purports to impose obligations on Debtors beyond those contemplated by Federal Rules of Civil Procedure 26, 33 and 34, as made applicable by Rules 7026, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Documents," unless otherwise specified, has the meaning ascribed to it in Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

24.     Debtors object to Definition Q on the grounds that it is unduly burdensome.  To the extent this information is not otherwise known or readily ascertainable by Aurelius, Debtors state that, unless otherwise specified, the individuals identified herein may be contacted through undersigned counsel.

25.     Debtors object to Definition R as unduly burdensome.

26.     Debtors object to Definition S on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition S as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "JPMorgan," unless otherwise specified, means JPMorgan Chase Bank N.A. and JPMorgan Securities Inc.

27.     Debtors object to Definition T on the grounds that it is vague and overbroad.  As used in Debtors' answers to Aurelius's Interrogatories, the term "LBO," unless otherwise specified, means the Leveraged ESOP Transactions as detailed in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

28.     Debtors object to Definition V on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "LBO-Related Causes of Action," unless otherwise specified, has the meaning set forth in Article I of the Debtor/Committee/Lender Plan.

29.     Debtors object to Definition X on the grounds that it is unintelligible.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Mediation," unless otherwise specified, shall have the meaning ascribed to it in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

30.     Debtors object to Definition Y on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition Y as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Merrill Lynch," unless otherwise specified, means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co.

31.     Debtors object to Definition Z on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition Z as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Oaktree," unless otherwise specified, means Oaktree Capital Management, L.P.

32.     Debtors object to Definition AA on the grounds that it is vague and calls for information that is not relevant.

33.     Debtors object to Definition BB on the grounds that it is overbroad and unduly burdensome.  Unless otherwise stated herein, Debtors will identify Persons in response to Aurelius's interrogatories who are natural persons at Tribune, its counsel, or its advisors who were principally involved in the subjects at issue and have been identified based on Debtors' current information and their reasonable, good faith investigation to date.

34.     Debtors object to Definition EE on the ground that it seeks information not contemplated by Federal Rule of Civil Procedure 26, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure.

35.     Debtors object to Definition FF on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Proposed LBO Settlement," unless otherwise specified, means the proposed settlement of LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan.

36.     Debtors object to Definition GG on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the relationships that Aurelius purports to include within Definition GG as stated.  Furthermore, Debtors object to the time frame set forth in Definition GG as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

37.     Debtors object to Definition JJ on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information that constitutes Settlement Material as that term is defined in the Depository Order.

38.     Debtors object to Definition KK on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information or the

production of documents that constitute Settlement Material as that term is defined in the Depository Order.

39.     Debtors object to Definition LL on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition LL as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Settling Parties," unless otherwise specified, means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, Merrill Lynch, and Wells Fargo subject to the objections set forth herein.

40.     Debtors object to Definition MM on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition MM as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Special Committee," unless otherwise specified, means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

41.     Debtors object to Definition NN on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition NN as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Special Committee Individuals," unless otherwise specified, means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

42.     Debtors object to Definition RR on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition RR as stated.  For example, it is not possible to identify the

"future officers, directors, partners, members, employees, or managers" of Tribune Company. Moreover, it is not possible to know the Professionals of each and every employee of Tribune Company and its direct and indirect subsidiaries.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune," unless otherwise specified, means Tribune Company and its direct and indirect subsidiaries.

43.    Debtors object to Definition SS on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition SS as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune Entity" means Tribune, subject to the objections set forth herein.

44.    Debtors object to Definition TT on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition TT as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune Individual," unless otherwise specified, means the current officers and directors of Tribune, subject to the objections set forth herein.

45.    Debtors object to Definition UU on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition UU as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Wells Fargo," unless otherwise specified, means Wells Fargo Bank, N.A.

## INSTRUCTIONS

CH1 5607984v.2

46.     Debtors object to Instruction 3 on the grounds that it is unduly burdensome.  Debtors will provide information in their possession, custody, or control that can be ascertained after a good faith investigation and with reasonable diligence.

47.     Debtors object to Instruction 4 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information that is not relevant.  Unless otherwise stated, Debtors' answers to the Interrogatories will cover the time period December 15, 2009 through the present.

48.     Debtors object to Instruction 5 on the grounds that it is vague, overbroad, unduly burdensome, and unintelligible.

49.     Debtors object to Instruction 6 on the ground that it seeks to impose obligations beyond the scope of Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014.  Debtors further object to Instruction 6 as seeking information that is equally available to Aurelius.

50.     Debtors object to Instruction 7 as unduly burdensome and as seeking to impose obligations beyond the scope of Federal Rule of Civil Procedure 26, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and beyond the scope of the Case Management Order entered in this case.  Debtors will comply with their obligations under the Case Management Order regarding information or documents withheld under a claim of privilege.

51.     Debtors object to Instruction 8 as overbroad and unduly burdensome.  Debtors state that they provide information, not subject to a claim of privilege or work product protection, in the possession, custody, and control of Sidley Austin LLP, Jones Day, Alvarez & Marsal, and Lazard Frères Co., LLC.

CH1 5607984v.2

52.     Debtors object to Instruction 9 as overbroad and unduly burdensome.  Debtors will

comply with their obligations under the Case Management Order regarding the continuing nature

of Interrogatories as propounded in this case.

## INTERROGATORIES

Interrogatory No. 1:  Identify all Persons with knowledge or information Concerning the
Document Depository, including the materials in the Document Depository furnished by
Debtors, and Identify all steps taken and instructions given concerning Debtors' obligation to
preserve information in connection with the LBO, the LBO-Related Causes of Action, the
Examiner, the Examiner's Report, the Settlement Process, the Mediation, the Complaints, the
Preserved Causes of Action and the Special Committee, including but not limited to all litigation
hold instructions and efforts to ensure compliance with litigation hold instructions.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 1 to the

extent it seeks information protected from disclosure by the attorney-client privilege and work

product doctrine.  Debtors also object to Interrogatory No. 1 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence.  Debtors object to the

phrase "materials … furnished by Debtors" as vague and ambiguous.  Debtors note that although

Interrogatory No. 1 is framed as if it were one interrogatory, Interrogatory No. 1 contains at least

two sub-parts, and Debtors object to Interrogatory No. 1 to the extent it does not clearly set forth

the discrete sub-parts.

Debtors further object to the sub-part of Interrogatory No. 1 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state that all parties to the

Depository Order have access to the Document Depository and have been provided an index of

the documents in the Document Depository.  On information and belief, all parties to the

Depository Order have knowledge or information concerning the materials in the Document

Depository.

Debtors further object to the sub-part of Interrogatory No. 1 that purports to call for

Debtors to "Identify all steps taken and instructions given" on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

Interrogatory No. 2:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such Interrogatories issued in any related adversary proceeding or by the Examiner or other Person.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 2 to the

extent it seeks information protected from disclosure by the attorney-client privilege and work

product doctrine.  Debtors further object to Interrogatory No. 2 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence.  Debtors note that

although Interrogatory No. 2 is framed as if it were one interrogatory, Interrogatory No. 2

contains at least two sub-parts, and Debtors object to Interrogatory No. 2 to the extent it does not

clearly set forth the discrete sub-parts.

Debtors further object to the sub-part of Interrogatory No. 2 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

15

Interrogatory No. 2 include:  Don Liebentritt, David Eldersveld, James Bendernagel, Michael

Sweeney, James Ducayet, Jen Peltz, and Patrick Wackerly.

Debtors further object to the sub-part of Interrogatory No. 2 that purports to call for "the

existence, custodian, location and general description of Documents or information" on the

grounds that it is overbroad and unduly burdensome.  To the extent the request for a "general

description" of documents is intended to be a request for Debtors to summarize or characterize

documents, Debtors further object that such a request is overbroad, unduly burdensome, and

improper, including, but not only, because such a request would circumvent the limitations on

discovery contemplated by the Case Management Order.  Subject to and without waiving these

objections, Debtors state that the persons identified above are custodians of documents

concerning the subject matters set forth in Interrogatory No. 2, the documents are located in

these persons' electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.

Interrogatory No. 3:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents, or information, Concerning the
Settlement Process and any Settlement Analysis.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 3 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, and work product doctrine.  Debtors further object to Interrogatory No. 3 on

the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors note that although Interrogatory No. 3 is framed as if it were one interrogatory,

Interrogatory No. 3 contains at least two sub-parts, and Debtors object to Interrogatory No. 3 to

the extent it does not clearly set forth the discrete sub-parts.

16

Debtors further object to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 3 include:  Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet Henderson, Kerriann Mills, Brian Whittman, Stuart Kaufman, and Matt Frank.

Debtors further object to the sub-part of Interrogatory No. 3 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 3, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their Responses and Objections to First Requests for Production of Documents of Aurelius Capital Management, LP, To Debtors, ("RFP Responses") which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 3, and refer Aurelius to those documents pursuant to Federal Rule of Civil

Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and

9014.

<u>Interrogatory No. 4</u>:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Examiner's Report, including any Documents or other information provided to, or withheld from the Examiner, and any discussion, consideration or evaluation of the Examiner's report and any potential impact of the Examiner's report on the settlement value of any LBO-Related Causes of Action.

      **<u>Answer</u>:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors further incorporate their General

Objection 8, set forth above, concerning disclosure of information subject to the terms of the

Examiner Order.  Debtors also object to Interrogatory No. 4 to the extent it seeks information

protected from disclosure by the attorney-client privilege and work product doctrine.  Debtors

further object to Interrogatory No. 4 on the ground that it is not reasonably calculated to lead to

the discovery of admissible evidence.  Debtors note that although Interrogatory No. 4 is framed

as if it were one interrogatory, Interrogatory No. 4 contains at least four sub-parts, and Debtors

object to Interrogatory No. 4 to the extent it does not clearly set forth the discrete sub-parts.

Debtors object to the phrase "discussion, consideration or evaluation of the Examiner's report"

as vague and ambiguous, including, but not only, because it does not specify discussion,

consideration, or evaluation by whom.  Debtors also object to the phrases "potential impact of

the Examiner's report" and "settlement value" as vague and ambiguous.  To the extent

Interrogatory No. 4 purports to call for the disclosure of expert witnesses retained by Debtors,

Debtors state that they will comply with their obligations under the Case Management Order and

Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under

Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-parts of Interrogatory No. 4 that purport to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 4 include:  Don Liebentritt, David Eldersveld, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Brian Whittman, Stuart Kaufman, and Matt Frank.  Answering further, Debtors state, based on their reasonable and good faith investigation to date, that the following additional persons have knowledge concerning documents and other information provided to the Examiner: Patrick Wackerly, Brian Whittman, and Sandra Palmer.

Debtors further object to the sub-parts of Interrogatory No. 4 that purport to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 4, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 4, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 5:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, concerning the
Proposed LBO Settlement, including but not limited to any (a) negotiations, communications,
discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases in
connection with the Proposed LBO Settlement, and consideration received from and/or
contributed by each such Person in exchange for such release and (c) the bar order contained in
the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 5 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, and work product doctrine.  Debtors further object to Interrogatory No. 5 on

the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors note that although Interrogatory No. 5 is framed as if it were one interrogatory with

three sub-parts, Interrogatory No. 5 contains at least two interrogatories, each with three sub-

parts, for a total of six interrogatories, and Debtors object to Interrogatory No. 5 to the extent it

does not clearly set forth the discrete sub-parts.  Debtors object to the phrase "consideration

received from and/or contributed by each such Person" as vague and ambiguous.

Debtors further object to the sub-parts of Interrogatory No. 5 that purport to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 5 include:  Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan,

Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet

Henderson, Kerriann Mills, Jeff Steen, and Brian Whittman.

Debtors further object to the sub-parts of Interrogatory No. 5 that purport to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 5, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 5, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.


Interrogatory No. 6:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning whether
any Tribune Individual would or should remain employed by or affiliated with Debtors,
including but not limited to the views of any Settling Parties concerning such continued
employment or affiliation, and any need or desire of Debtors to resolve any of the LBO-Related
Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors
and/or (ii) Debtors' ability generally to exit bankruptcy.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 6 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, or work product doctrine.  Debtors note that although Interrogatory No. 6 is

framed as if it were one interrogatory, Interrogatory No. 6 contains at least four sub-parts, and

Debtors object to Interrogatory No. 6 to the extent it does not clearly set forth the discrete sub-

parts.  Debtors object to the sub-part of this Interrogatory that calls for information "Concerning

whether any Tribune Individual would or should remain employed by or affiliated with Debtors,

including but not limited to the views of any Settling Party concerning such continued

employment or affiliation," as vague and ambiguous.  Debtors further object to the phrases

"views of any Settling Parties," "need or desire" and "Debtors' ability generally to exit

bankruptcy" as vague and ambiguous.  Debtors state that they will provide information in

response to a mutually agreeable, clarified request.


Interrogatory No. 7:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to whether Liebentritt's continuing role as general counsel for Debtors created a conflict or the appearance of a conflict.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 7 to the

extent it seeks information protected from disclosure by the attorney-client privilege or work

product doctrine.  Debtors further object to Interrogatory No. 7 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence.  Debtors note that

although Interrogatory No. 7 is framed as if it were one interrogatory, it contains at least two

sub-parts, and Debtors object to Interrogatory No. 7 to the extent it does not clearly set forth the

discrete sub-parts.  Debtors object to the terms "conflict" and "appearance of a conflict" as vague

and ambiguous.

Debtors further object to the sub-part of Interrogatory No. 7 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 7 include:  the members of Tribune's Board of Directors, Don Liebentritt, James Conlan, Larry Barden, and David Kurtz.

Debtors further object to the sub-part of Interrogatory No. 7 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 7, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 7, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

<u>Interrogatory No. 8</u>:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning the Special Committee, including the determination to establish the Special Committee, the selection of members of the Special Committee, meeting, deliberations, discussions and analysis involving the Special Committee or any of its members to the extent related to the business of the Special Committee.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 8 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine.  Debtors further object to Interrogatory No. 8 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Debtors note that although Interrogatory No. 8 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 8 to the extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrases "meeting, deliberations, discussions and analysis involving the Special Committee" and "business of the Special Committee" as vague and ambiguous.

Debtors further object to the sub-part of Interrogatory No. 8 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 8 include: the members of Tribune's Board of Directors, Don Liebentritt, James Conlan, Larry Barden, Kevin Lantry, James Langdon, Jessica Boelter, and David Kurtz.

Debtors further object to the sub-part of Interrogatory No. 8 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of

24

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 8, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 8, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.


Interrogatory No. 9:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited to, the allocation of Enterprise Value or Equity Value as Between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and information relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 9 to the

extent it seeks information protected from disclosure by the attorney-client privilege or work

product doctrine.  Debtors note that although Interrogatory No. 9 is framed as if it were one

interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 9 to the

extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrase "any other

Documents and information" as vague, ambiguous, and overbroad.  Debtors further object to the

phrase "relating to the valuation of Debtors and/or allocation of value between and among the

Debtors" as vague, ambiguous, and overbroad.  To the extent Interrogatory No. 9 purports to call

for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply

with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26

regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy

Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 9 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 9 include:  David Kurtz, Suneel Mandava, Brian Whittman, Stuart Kaufman,

Matt Frank, Don Liebentritt, Eddy Hartenstein, Nils Larsen, Chandler Bigelow, Harry Amsden,

Gina Mazzaferri, James Conlan, Bryan Krakauer, Kevin Lantry, and James Bendernagel.

Debtors further object to the sub-part of Interrogatory No. 9 that purports to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 9, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 9, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 10:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to prepare and file, and the preparation and filing of, the Complaints.

      **Answer:**  Debtors object to Interrogatory No. 10 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

      Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 10 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest

privilege, or work product doctrine.  Debtors further object to Interrogatory No. 10 on the ground

that it is not reasonably calculated to lead to the discovery of admissible evidence.  Debtors note

that although Interrogatory No. 10 is framed as if it were one interrogatory, it contains at least

two sub-parts, and Debtors object to Interrogatory No. 10 to the extent it does not clearly set

forth the discrete sub-parts.  Debtors further object to Interrogatory No. 10 on the ground that

information responsive to this Interrogatory may best be obtained directly from the Committee in

the first instance.

Debtors further object to the sub-part of Interrogatory No. 10 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 10 include: Don Liebentritt, David Eldersveld, James Bendernagel, James Ducayet, Janet Henderson, Steve Novack, Don Tarkington, Brian Whittman, and David Bradford.

Debtors further object to the sub-part of Interrogatory No. 10 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 10, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.

Interrogatory No. 11:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Debtors' determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**Answer:** Debtors object to Interrogatory No. 11 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 11 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 11 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 11 to the extent it does not clearly set forth the discrete sub-parts. To the extent Interrogatory No. 11 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 11 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 11 include: the members of Tribune's Board of Directors, the Special Committee, Don Liebentritt, Eddy Hardenstein, Nils Larsen, David Kurtz, Suneel Manadava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet Henderson, Kerriann Mills, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 11 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 11, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 11, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 12:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan" and any other plan(s) that would put all LBO-Related Causes of action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

**Answer:**  Debtors object to Interrogatory No. 12 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 12 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 12 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 12 to the extent it does not clearly set forth the discrete sub-parts. Debtors further object to the phrases "considered, discussed, or negotiated," "the so called 'purity plan'" and "any other plan(s)," as vague, ambiguous, overbroad, and as calling for information not reasonably calculated to lead to the discovery of admissible evidence. To the extent Interrogatory No. 12 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 12 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 12 include: the members of Tribune's Board of Directors, Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, Jessica Boelter, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 12 that purports to call for "the existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 12, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 12, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 13:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning the
Preserved Causes of Action, including but not limited to any discussion, consideration, analysis,
review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust
(as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined
on Page 16 of the Debtor/Committee/Lender Plan).

    **Answer:**  Debtors object to Interrogatory No. 13 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

    Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 13 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine.  Debtors note that although Interrogatory No. 13 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 13 to the extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrase "discussion, consideration, analysis, review, assessment, or evaluation" as vague, ambiguous, and overbroad. To the extent Interrogatory No. 13 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 13 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 13 include:  the members of Tribune's Board of Directors, Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 13 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 13, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 13, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.


Interrogatory No. 14:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning the
allocation of any proceeds to be distributed by any of the trusts created by any plan of
reorganization for the Debtors.

    **Answer:**  Debtors object to Interrogatory No. 14 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

    Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 14 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest

privilege, or work product doctrine.  Debtors note that although Interrogatory No. 14 is framed as

if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory

No. 14 to the extent it does not clearly set forth the discrete sub-parts.  Debtors further object to

the phrase "any of the trusts created by any plan of reorganization" as vague, ambiguous, and overbroad. To the extent Interrogatory No. 14 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 14 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 14 include: Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Brian Whittman, and Matt Frank.

Debtors further object to the sub-part of Interrogatory No. 14 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 14, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 14, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 15:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, concerning any (i)
intercompany claims (ii) intercompany claims analysis, and (iii) the Intercompany Claims
Settlement, as that term is used in the Specific Disclosure Statement relating to the
Debtor/Committee/Lender Plan.

**Answer:**  Debtors object to Interrogatory No. 15 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 15 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest

privilege, or work product doctrine.  Debtors note that although Interrogatory No. 15 is framed as

if it were one interrogatory with three sub-parts, it contains at least two interrogatories with three

sub-parts, for a total of six interrogatories, and Debtors object to Interrogatory No. 15 to the

extent it does not clearly set forth the discrete sub-parts.  To the extent Interrogatory No. 15

purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they

will comply with their obligations under the Case Management Order and Federal Rule of Civil

Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 15 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome because, among other things, there are numerous individuals performing accounting, information technology, and tax functions at Tribune and its affiliates who may have knowledge or information concerning aspects of the subjects indentified in Interrogatory 15. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 15 include: Don Liebentritt, Brian Litman, Nick Chakiris, Pat Shanahan, Brian Whittman, Stuart Kaufman, Matt Frank, Suneel Mandava, Bryan Krakauer, James Bendernagel, Kevin Lantry, and Jessica Boelter.

Debtors further object to the sub-part of Interrogatory No. 15 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 15, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 15, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.


Interrogatory No. 16:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning the
purchase, sale, assignment, or other acquisition or disposition by any of (a) the Tribune
Individuals, (b) the Special Committee Individuals, (c) the Committee Individuals or (d) the
Settling Parties of any interest in the Senior Notes, PHONES Notes, Senior Loan or Bridge
Loans or any other economic interest in or tied to Tribune, including, but not limited to, any debt
or equity interests, swaps, derivatives, or options including, but not limited to the instruments by
which such Person purchased, sold, assigned, or otherwise acquired or disposed of any interest in
the LBO Lender Debt.

**Answer:**  Debtors object to Interrogatory No. 16 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors note that although Interrogatory No. 16 is framed as

if it were one interrogatory with four sub-parts, it contains at least two interrogatories with four

sub-parts, for a total of eight interrogatories, and Debtors object to Interrogatory No. 16 to the

extent it does not clearly set forth the discrete sub-parts.  Answering further, Debtors state that

Interrogatory No. 16 is not intelligible.  Debtors state that they will provide information in

response to a mutually agreeable, clarified request.


Interrogatory No. 17:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning claims

made or threatened by any Person arising from or relating to the LBO, including but not limited to any related demand letters or other correspondence, all pleadings (other than the Complaints), discovery Interrogatories, objections and responses to discovery Interrogatories, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.

**Answer:** Debtors object to Interrogatory No. 17 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 17 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 17 to the extent it does not clearly set forth the discrete sub-parts. Debtors further object to Interrogatory No. 17 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors further object to the sub-part of Interrogatory No. 17 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 17 include: Don Liebentritt, David Bradford, James Conlan, Bryan Krakauer, Kevin Lantry, Janet Henderson, James Bendernagel, and James Ducayet.

Debtors further object to the sub-part of Interrogatory No. 17 that purports to call for "the existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 17, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 17, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 18:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest, including but not limited to the consideration and selection of Professionals to consult with, advise or represent Debtors, including the Special Committee.

**Answer:**  Debtors object to Interrogatory No. 18 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

CH1 5607984v.2

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors note that although Interrogatory No. 18 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 18 to the extent it does not clearly set forth the discrete sub-parts.  Answering further, Debtors state that Interrogatory No. 18 is not intelligible.  Debtors state that they will provide information in response to a mutually agreeable, clarified request.

Interrogatory No. 19:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Step One Selling Shareholders, including but not limited to the determination to provide releases to Step One Selling shareholders and the consideration for such releases to be received from or contributed by Step One Selling Shareholders in exchange for such releases.

**Answer:**  Debtors object to Interrogatory No. 19 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 19 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  Debtors note that although Interrogatory No. 19 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 19 to the extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrases "determination to provide releases to" and "the consideration for such releases to be received from or contributed by" as vague and ambiguous.

Debtors further object to the sub-part of Interrogatory No. 19 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 19 include:  Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan,

Bryan Krakauer, Kevin Lantry, David Heiman, James Bendernagel, James Ducayet, Jessica

Boelter, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 19 that purports to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 19, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 19, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 20:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, concerning the

projected valuation and capitalization of the Debtors post-bankruptcy, including documents relating to leverage, liquidity and pro-forma cap structure.

**Answer:**  Debtors object to Interrogatory No. 20 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 20 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  Debtors note that although Interrogatory No. 20 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 20 to the extent it does not clearly set forth the discrete sub-parts.  Debtors further object to Interrogatory No. 20 on the ground that it calls for information that is not relevant.  To the extent Interrogatory No. 20 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 20 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 20 include:  Don Liebentritt, Nils Larsen, Eddy Hartenstein, David Eldersveld, Chandler Bigelow, Brian Litman, Pat Shanahan, Harry Amsden, Gina Mazzaferri**,** Dan Kazan,

David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry Jessica Boelter,

and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 20 that purports to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 20, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 20, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.


Interrogatory No. 21:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, concerning the
determination to proceed with the LBO-related transactions involving Tribune that closed on or
about June 4, 2007 ("Step One") and the determination to proceed with the LBO-related
transactions involving Tribune that closed on or about December 20, 2007 ("Step Two").

**Answer:**  Debtors object to Interrogatory No. 21 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  Debtors note that although Interrogatory No. 21 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 21 to the extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrase "determination to proceed" as vague and ambiguous.  Debtors further object to the sub-part of Interrogatory No. 21 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Debtors further object to the sub-part of Interrogatory No. 21 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Debtors state that the parties are currently negotiating a protocol for stipulating to certain alleged historical facts set forth in the Examiner's Report, including alleged historical facts that relate to the information sought by Interrogatory No. 21.  The Examiner's Report identifies the principal individuals at the Debtors that were involved in the matters that are the subject of this interrogatory.  Those individuals

45

include Tribune's Board of Directors, Tribune's 2007 LBO Special Committee, Tribune's

principal officers, and Tribune's principal advisers.

Interrogatory No. 22:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune entity) was/were left with unreasonably small capital, and/or whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due.

**Answer:**  Debtors object to Interrogatory No. 22 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 22 to the extent it

seeks information protected from disclosure by the attorney-client privilege or work product

doctrine.  Debtors note that although Interrogatory No. 22 is framed as if it were one

interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 22 to the

extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrase

"determination to proceed" as vague and ambiguous.  Debtors further object to the sub-part of

Interrogatory No. 22 that purports to call for the identification of "all" persons with knowledge

or information as overbroad and unduly burdensome.  Debtors further object to the sub-part of

Interrogatory No. 22 that purports to call for "the existence, custodian, location and general

description of Documents or information" as overbroad and unduly burdensome.  To the extent

the request for a "general description" of documents is intended to be a request for Debtors to

summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Debtors state that the parties are currently negotiating a protocol for stipulating to certain alleged historical facts set forth in the Examiner's Report, including alleged historical facts that relate to the information sought by Interrogatory No. 22.  The Examiner's Report identifies the principal individuals at the Debtors that were involved in the matters that are the subject of this interrogatory.  Those individuals include Tribune's Board of Directors, Tribune's 2007 LBO Special Committee, Tribune's principal officers, and Tribune's principal advisers.

Dated:  Wilmington, Delaware
        January 3, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
By:  /s/ James W. Ducayet
James F. Conlan
Bryan Krakauer
James F. Bendernagel, Jr.
James W. Ducayet
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION

## <u>CERTIFICATE OF SERVICE</u>

I, James W. Ducayet, certify that I caused a copy of the foregoing to be served on counsel for the Plan Proponent Parties and other Parties who have requested service pursuant to paragraph 35 of the Case Management Order entered in the above-captioned cases, this 3rd day of January 2010.

/s/ James W. Ducayet

James W. Ducayet

CH1 5607984v.2

## **VERIFICATION**

I, Don Liebentritt, have read the foregoing Answers And Objections To First Set Of Interrogatories Of Aurelius Capital Management, LP To Debtors.  I hereby state that, as for those interrogatory answers within my personal knowledge, said responses are true and correct.  I further state that certain of the answers were obtained by gathering information from others, including Debtors' counsel and advisors, on whom he relies to provide such information, and as to those answers, he affirms that those are true and correct to the best of his information, knowledge, and belief.  I understand that I am making this statement under penalty of perjury.

Dated:_____                              By:_____