

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| jbendernagel@sidley.com<br>(202) 736 8136 | FOUNDED 1866 | |

February 2, 2011

**By Hand**

The Honorable Chief Judge Kevin J. Carey
824 N. Market St., #500
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

    We write as counsel to Debtors and Debtors-in-Possession ("Debtors") in response to the February 1, 2011 letter to you from Mitchell Hurley of Akin Gump Strauss Hauer & Feld, as counsel for Aurelius ("Motion to Compel"). In its letter, Aurelius has moved to compel Debtors to produce documents withheld on privilege grounds, consisting of (1) certain privileged communications exchanged between Donald Liebentritt (Tribune General Counsel) and the members of the Tribune Board of Directors (include members of the Special Committee of the Board of Directors); and (2) certain communications exchanged between and among Donald Liebentritt and members of the Special Committee. Aurelius has asked that Debtors file their responses by February 4, and that Aurelius be given an opportunity to file a reply by February 7, with a hearing on February 8.

    In seeking to justify their request, the Noteholders point to the expedited discovery schedule and the rapidly approaching hearing date. However, the Noteholders make no mention of having met and conferred with either counsel for the Debtors or for the Special Committee regarding the specific matters raised by their letter motion and for good reason -- no such meeting took place. Notwithstanding the fact that the Noteholders had been in possession of Debtors privilege log since January 19, 201, the Noteholders did not contact counsel for Debtors by phone or email, did not send any letter, or otherwise raise any issues with respect to the documents in question. As for the Special Committee, while discussions regarding its privilege log took place in the first few weeks of January, the meet and confer process was not completed. On January 25, 2011, the Noteholders agreed, stating that they would "be in touch regarding [the Special Committee's] correspondence over the past several days concerning the Special Committee privilege log and related issues as soon as possible." (January 25, 2011 email from M. Hurley to L. Marvin). The Special Committee did not hear again from the Noteholders until this Motion was filed.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



The Honorable Chief Judge Kevin J. Carey
February 2, 2011
Page 2

      Given these facts, the Court would be fully justified in rejecting the letter motion and the requested briefing schedule. However, the Debtors are committed to moving this process forward and in that regard are willing to submit their response by Friday. Debtors do not, however, believe that the Noteholders should be permitted to file a reply in advance of the February 8 hearing. Replies are not permitted by the Case Management Order and that provision was specifically negotiated by the parties. Further, rewarding the Noteholders with an additional submission would be particularly inappropriate given their failure to meet and confer or otherwise abide by the Case Management Order.

                                          Respectfully submitted,

                                          *James F. Bendernagel, Jr.*

                                          By NLP

                                          James F. Bendernagel Jr.

Attachments

cc:     All counsel entitled to notice pursuant to Paragraph 35 of the CMO

CH1 5705652v.1