## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to Docket No. 7718** |

### NOTICE OF FILING OF CORRECTED LETTER TO JUDGE CAREY FROM MITCHELL HURLEY AND CORRECTED EXHIBITS 6, 7, AND 8 THERETO [DOCKET NO. 7718]

**PLEASE TAKE NOTICE** that on February 1, 2011, Aurelius Capital Management, L.P., filed the *Letter to Judge Carey from Mitchell Hurley* [Docket No. 7718] (the "Letter").

**PLEASE TAKE FURTHER NOTICE** that portions of the Letter, and Exhibits 6, 7, and 8 thereto, were inadvertently filed containing information designated by the parties as "highly confidential". Attached hereto, as Exhibit A, is the corrected Letter, which has been redacted. Attached hereto, as Exhibits B, C, and D, respectively, are Exhibits 6, 7, and 8 to the Letter, which have been filed under seal.

Dated: February 2, 2011

ASHBY & GEDDES, P.A.

*/s/ Amanda M. Winfree*
William P. Bowden (#2553)
Amanda M. Winfree (#4615)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
Telephone: 302-654-1888

-and-

Daniel H. Goldman (Admitted pro hac vice)
David M. Zensky (Admitted pro hac vice)
Abid Qureshi (Admitted pro hac vice)
Mitchell Hurley (Admitted pro hac vice)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: 212-872-1000

*Counsel to Aurelius Management, LP*

{00460688;v1}

**<u>EXHIBIT A</u>**

**[Redacted Letter]**

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
▬▬▬▬▬▬▬ Attorneys at Law

MITCHELL HURLEY
212.872.1011/f.212.872.1002
mhurley@akingump.com

February 1, 2011

BY HAND

Chief Judge Kevin J. Carey
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

Re:    *In re Tribune Co., Case No. 08-13141 (KJC)*

Dear Chief Judge Carey:

We write on behalf of the Noteholder Plan Proponent Group (the "Noteholders") to seek an order compelling disclosure of documents exchanged between Don Liebentritt, Debtors' Chief Restructuring Officer, and members the Special Committee of Independent Directors (the "Special Committee") that have been wrongfully withheld from disclosure or redacted based on invalid claims of privilege.

Due to the limited time available to complete discovery in this dispute, the Noteholders respectfully request that the Court deem this letter a motion to compel, direct any opponents of the motion to file letters of no more than four pages in length on or before Friday, February 4, 2011, permit the Noteholders to file a three page reply on February 7, 2011, and hear the motion during the conference scheduled for February 8, 2011.

Debtors' attempt to shield from scrutiny the communications and conduct of its CRO in these cases – part of a larger pattern of obstruction by the proponents of the Debtor/Committee/Lender Plan – should not be permitted. First, there can be no serious question that Liebentritt is a crucial witness with respect to the issues currently before the Court. Liebentritt led the Debtors' efforts in negotiating the proposed settlement and plan of reorganization that is the subject of the Debtors Bankruptcy Rule 9019 motion, and is identified in Debtors' responses to interrogatories as a "person with knowledge" with respect to virtually every matter of substance in these cases. *E.g.* Ex. 1, Nos. 2-5, 7-15, 17, 19-20. Although he once had the title of General Counsel at Debtors, Liebentritt relinquished that position and assumed the title of Chief Restructuring Officer pursuant to a board resolution circulated on September 7, 2010. Ex. 2. Moreover, even before Liebentritt assumed his new title with Debtors, he functioned primarily as a *de facto* CRO rather than as a lawyer. Ex. 3 ("Don has been the CRO for this process for quite a long time. His title just happened to be general counsel. But, in truth, he's spending 90 percent of his time working on the restructuring . . . . so we just formalized the switch.").

A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D LLP
━━━━━━━━━━━━━ Attorneys at Law

Honorable Kevin J. Carey
February 1, 2011
Page 2

Thus, even with respect to the Debtors, Liebentritt acted mainly as a business person with respect to these cases, and not as a lawyer.  With respect to the Special Committee, the record demonstrates clearly that *Liebentritt did not act as Special Committee counsel at any time*. Nevertheless, the Debtors and the Special Committee have withheld more than 1,600 documents with Leibentritt as a sender or recipient *just since August 26, 2010*.  By this motion, the Noteholders seek production of only approximately 100 of the Liebentritt documents identified on the relevant logs.  Specifically, the Noteholders seek those (i) documents that were exchanged at any time among Liebentritt and the members of the Special Committee only, (Ex. 4), and (ii) documents that appear on the Special Committee log that were exchanged at any time between Liebentritt and members of the Special Committee and that also were provided to members of the Debtors' conflicted board and management (Ex. 5).[1]

Since Liebentritt never acted as counsel to the Special Committee, documents exchanged solely between Liebentritt and the Special Committee must be produced.  *See, e.g., Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.* 227 F.R.D. 382 (W.D.Pa. 2005) ("[I]n determining whether the attorney-client privilege applies to particular communications, the threshold inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services. *In other words, there must be the existence of an attorney-client relationship*.") (emphasis added).  There was never any attorney-client relationship between Liebentritt and the Special Committee.  Indeed,

The need for separate counsel, free from bias and answerable only to the Special Committee, was also recognized by Shapiro in an email to the Special Committee dated August 23, 2010:

---

[1] The Special Committee created a privilege log dated January 18, 2011 that includes many entries with Liebentritt listed as an author or recipient.  In addition, the Debtors created a "Liebentritt only log" dated January 19, 2011 that includes only those documents and communications where Liebentritt was an author or recipient.  Exhibits 4 and 5 hereto excerpt the entries from the Special Committee and Liebentritt logs that come within each of the two categories of documents subject to this motion.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
February 1, 2011
Page 3



*See* Ex. 7 (capitalization in original, italics added).  The Special Committee clearly was not interested in relying on a lawyer closely associated with Sam Zell and the ███ █████████████████████████████████████████ Liebentritt himself ███████████████████████ in a September 17, 2010 ████ Shapriro, █████████████████████████████████████████████████████ ███████████████████████████ *Id.*  Finally, Shapiro testified flatly at his October 13, 2010 deposition that he "relied exclusively on outside counsel for legal advice" with respect to Special Committee business, and not on Liebentritt.  Ex. 3.

Despite these and other facts demonstrating conclusively that Liebentritt never acted as counsel to the Special Committee at any time, the logs include more than 100 entries for documents supposedly reflecting requests for legal advice from, or the provision of legal advice by, Liebentritt to the four members of the Special Committee.  See Exs. 4 and 5.  However, Liebentritt is not and never was the Special Committee's lawyer; on the contrary the Special Committee went out of its way to retain Jones Day – at great expense and over the objection of the U.S. Trustee – as conflicts counsel, because Jones Day was ████████████████████ █████████ *see* Ex. 7, and because it was necessary to "insulate" the Special Committee from the Debtors and their conflicted directors and officers, such as Zell and Liebentritt.  D.N. 5665, ¶2; *see also* Ex. 9 (Court observing that a reason to permit the Special Committee to hire Jones Day was that the regular board was "viewed as being too connected or controlled by management or – and ownership," and that such concerns could be alleviated if the Special Committee relied on counsel not beholden to the existing board).  The Special Committee cannot now withhold documents exchanged between it and the Company's Chief Restructuring Officer – ████████████ – on the basis of privilege.  The documents reflected on Exhibit 3 should be produced immediately.

A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D LLP
———————————————
Attorneys at Law

Honorable Kevin J. Carey
February 1, 2011
Page 4

     In addition, entries on the Special Committee log that reflect communications among Liebentritt and the Special Committee that also were shared with members of the plenary board and management should also be produced. *See* Exhibit 5. Such documents would not be privileged were they shared only between Liebentritt and the Special Committee, and there can be no serious argument that they somehow became privileged as a result of being copied or otherwise provided to non-lawyer employees of the Debtors. The Noteholders ask that these documents be ordered produced as well.

     In the interest of time, the Noteholders respectfully request that the Court order the Debtors and Special Committee to bring un-redacted copies of the documents reflected on Exhibits 4 and 5 to the hearing on February 8, 2011, so that the Court can undertake an *in camera* review, if it deems such a review to be necessary or appropriate.[2] Finally, we note that additional documents identified on the Special Committee log and Liebentritt log may be subject to production depending on the outcome of the common interest and crime-fraud motions currently pending before the Court.

     Thank you for your time and attention to these matters, and please let us know if we can provide any additional information.

                  Respectfully submitted,

                  Mitchell Hurley

cc:    All counsel entitled to notice pursuant to CMO

———————————————

[2] The Noteholders submit that an *in camera* review of the withheld documents is unnecessary, since there can be no privilege between Liebentritt and the members of the Special Committee. However, to the extent the Court determines that a privilege could theoretically exist with respect to some of these documents, we ask that they be made available to the Court in un-redacted form at the hearing on February 8. The Noteholders believe that an *in camera* review would confirm that the Liebentritt/Special Committee materials cannot be, and are not, subject to a legitimate claim of privilege, based in part upon evidence of prior overreaching by the Debtors and Special Committee with respect to claims of privilege involving Liebentritt. Indeed, a number of Liebentritt documents that originally were withheld as "privileged" were released from the log only after the Noteholders challenged those entries. When the documents finally were produced, it was obvious that they were not subject to any legitimate claim of privilege, and the Noteholders suspect the same is true of the documents challenged on this motion.

**EXHIBIT B**

**Exhibit 6 – Filed Under Seal**

**EXHIBIT C**

**Exhibit 7 – Filed Under Seal**

**EXHIBIT D**

**Exhibit 8 – Filed Under Seal**