**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | CHAPTER 11 |
| TRIBUNE COMPANY, et al., | Case No.: 08-13141(KJC) |
| Debtors. | Jointly Administered |

**OBJECTION BY THE NEW YORK STATE**
**DEPARTMENT OF TAXATION AND FINANCE TO**
**CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR**
**TRIBUNE COMPANY AND ITS SUBSIDIARIES**
**PROPOSED BY KING STREET ACQUISITION COMPANY, L.L.C., KING**
**STREET CAPITAL, L.P. AND MARATHON ASSET MANAGEMENT, L.P.**

The New York State Department of Taxation and Finance ("DTF"), by and through New York State Attorney General Eric T. Schneiderman (Norman P. Fivel, Esq., of Counsel), hereby objects to confirmation of the Amended Joint Plan of Reorganization for Tribune Company and it's Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (hereinafter referred to as the "Plan") and states as follows:

1.  DTF has filed claims against several of the Debtors.  The claims assert various assessments for corporation income taxes, sales taxes, withholding taxes and real estate transfer taxes owing by these companies to the State of New York.

2.  DTF objects to confirmation of the Plan for the following reasons:  (a) the Plan fails to include a default provision; and (b) the Plan improperly attempts to cut off DTF's rights of setoff and recoupment.

**Failure to include default provision**

3. The Plan fails to provide priority tax creditors with an adequate remedy in the event the Debtors default in making the required payments. In the absence of appropriate default language, priority tax creditors would be required to pursue collection proceedings in the Bankruptcy Court if the Debtors default under the Plan.

4. The Plan should provide that if there is a default in payments, DTF can pursue its state law remedies if the default continues after reasonable notice and the expiration of a reasonable cure period.

**Setoff and recoupment**

5. Section 553 of the Bankruptcy Code provides, in relevant part, as follows:

> "(a) Except as otherwise provided in this section and in sections 363 of this title, this title does not affect any rights of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before commencement of the case … "

6. The injunction provisions in §11.1.2 of the Plan improperly attempt to enjoin creditors from exercising their rights of setoff, which are explicitly protected under Bankruptcy Code §553. The language in §11.1.2 of the Plan also includes a prohibition against recoupment. Recoupment is asserted as an equitable defense and is unaffected by the discharge injunction under Bankruptcy Code §524(a). In re Jones, 289 B.R. 188, 191-192 (Bankr. M.D. Fla. 2002). Regardless of whether the remedy is deemed to be setoff or recoupment, there is no authority to permit a plan to enjoin the exercise of those rights by a creditor.

WHEREFORE, DTF respectfully requests that the Court deny confirmation of the plan, and grant such other and further relief as the Court may determine to be just and proper.

Dated: February 2, 2011
      Albany, New York

                          Respectfully submitted,
                          Eric T. Schneiderman
                          Attorney General of the State of New York

                 By:  /s/ Norman P. Fivel
                      Norman P. Fivel
                      NYS Bar No. 016990
                      Assistant Attorney General
                      Litigation Bureau
                      The Capitol
                      Albany, New York   12224-0341
                      Telephone No.:  (518) 473-6082
                      Facsimile No.:  (518) 473-1572
                      E-mail:  Norman.Fivel@ag.ny.gov

"Printed on Recycled Paper"