**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | CHAPTER 11 |
| TRIBUNE COMPANY, et al., | Case No.: 08-13141(KJC) |
| Debtors. | Jointly Administered |

**OBJECTION BY THE NEW YORK STATE**
**DEPARTMENT OF TAXATION AND FINANCE TO**
**CONFIRMATION OF FIRST AMENDED JOINT PLAN OF**
**REORGANIZATION FOR TRIBUNE COMPANY AND**
**ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL**
**MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN**
**<u>CHASE BANK, N.A.</u>**

The New York State Department of Taxation and Finance ("DTF"), by and through New York State Attorney General Eric T. Schneiderman (Norman P. Fivel, Esq., of Counsel), hereby objects to confirmation of the First Amended Joint Plan of Reorganization for Tribune Company and it's Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (hereinafter referred to as the "Plan") and states as follows:

      1.     DTF has filed claims against several of the Debtors. The claims assert various assessments for corporation income taxes, sales taxes, withholding taxes and real estate transfer taxes owing by these companies to the State of New York.

      2.     DTF objects to confirmation of the Plan for the following reasons: (a) the exculpation provisions of the Plan would preclude DTF from pursuing non-debtor individuals who are potentially liable under the New York State Tax Law ("NY Tax

Law") for unpaid sales taxes and withholding taxes; (b) the Plan fails to include a default provision; and (c) the Plan improperly attempts to cut off DTF's rights of setoff and recoupment.

**Exculpation provisions**

3. Under the NY Tax Law, the liability of a business entity for sales and withholding taxes can also be assessed against individuals who, by virtue of their positions with the company (e.g., officers, directors, managers), are determined to be responsible for payment and collection of the taxes ("Responsible Persons"). The statutes which impose Responsible Person liability are NY Tax Law §§685(g) and 685(n) for withholding taxes and §§1131 and 1133(a) for sales taxes.

4. DTF objects to confirmation of the Plan on the grounds that the provisions of Article XI of the Plan deprive DTF of its right to assess liability against the appropriate Responsible Persons of the Debtor entities for unpaid withholding taxes and sales taxes. Although §11.2.2 of the Plan provides a mechanism for creditors to opt out of granting blanket releases to non-debtor parties who may qualify as Responsible Persons under the NY Tax Law, the exculpation provision in §11.5 essentially overrides any "opt out" and shields the officers, directors, managers, etc., of the Debtors from such potential liability. More specifically, the language in §11.5 of the Plan, as applied to "Related Persons" (defined in §1.1.188)" of plan "Proponents" (defined in §1.1.184) effectively precludes DTF from pursuing collection efforts against those non-debtor individuals who are potentially liable as Responsible Persons for sales tax and withholding tax obligations.

5. The liability of a Responsible Person is separate and distinct from that of the corporate taxpayer. See <u>Wolfstitch v. New York State Tax Commission</u>, 10 A.D.2d

2

745, 747 (3rd Dept. 1984) ("… the penalty for failure to pay withholding taxes under subdivision (g) of §685 is wholly distinct from any assessment under §683 [against the company]. The State's tax laws were enacted to conform to comparable provisions of the Federal law [Governor's Memorandum, NY Legis Ann, 1962, pp 402-406]. Federal courts consider the penalty imposed upon individuals for willful failure to pay withholding taxes to be neither derivative of nor secondary to the corporate employer's liability for the same tax. It follows then that the penalty imposed against petitioner as a corporate officer is entirely distinct from an earlier assessment against the corporation.") The same is true with regard to sales tax liability. See <u>Lorenz v. Division of Taxation of Dept. of Taxation & Fin.</u>, 87 N.Y.2d 1004-1006 (1996) (responsible officer for insolvent corporation is liable for the unpaid sales taxes and interest on the amount of the tax).

   6. The exculpation provisions of the Plan essentially allow the Bankruptcy Court to determine the tax liability of non-debtors. This amounts to an impermissible extension of the Court's jurisdiction. <u>United States v. Huckabee Auto, Co.</u>, 783 F.2d 1546, 1547 (11th Cir. 1986) (jurisdiction of the bankruptcy courts encompasses determinations of tax liabilities of debtors who file for relief under the bankruptcy laws, but it does not extend to the separate liabilities of non-debtors). See also <u>In Re Brandt-Airflex Corporation</u>, 84 F.2d 90 (2nd Cir. 1988), in which the Second Circuit Court of Appeals considered whether the bankruptcy court's jurisdiction to review and determine tax liabilities under §505(a) of the Code permitted a determination of the tax liability of individuals or entities other than the debtor. The Court noted that the question arises most frequently in situations where the debtor and a non-debtor are jointly liable for the tax. <u>Id</u>., at 95. After reviewing the legislative history of §505 and the then-recent

decisions of other courts that had taken up the issue, (including the Eleventh Circuit's decision in Huckabee, *supra*), the Second Circuit concluded that §505(a) does not confer bankruptcy court jurisdiction over non-debtors:

> "We agree with the Eleventh Circuit and with the more recent bankruptcy district court decisions, and hold that the bankruptcy court in this case did not have jurisdiction to determine the §3505 [federal third-party withholding tax] liability of LITC, a non-debtor. In the words of Booth Tow Services, 53 B.R. 1014, 'simply because the debtor corporation is also liable for the taxes is no reason for the bankruptcy court to assume jurisdiction over the [liability of] the non-debtor.' See id. at 1017-18."

843 F.2d 90, 96.

### **Failure to include default provision**

7. The Plan fails to provide priority tax creditors with an adequate remedy in the event the Debtors default in making the required payments. In the absence of appropriate default language, priority tax creditors would be required to pursue collection proceedings in the Bankruptcy Court if the Debtors default under the Plan.

8. The Plan should provide that if there is a default in payments, DTF can pursue its state law remedies if the default continues after reasonable notice and the expiration of a reasonable cure period.

### **Setoff and recoupment**

9. Section 553 of the Bankruptcy Code provides, in relevant part, as follows:

> "(a) Except as otherwise provided in this section and in sections 363 of this title, this title does not affect any rights of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before commencement of the case … "

10. The injunction provisions in §11.1.2 of the Plan improperly attempt to enjoin creditors from exercising their rights of setoff, which are explicitly protected under Bankruptcy Code §553. The language in §11.1.2 also includes a prohibition against recoupment. Recoupment is asserted as an equitable defense and is unaffected by the discharge injunction under Bankruptcy Code §524(a). <u>In re Jones,</u> 289 B.R. 188, 191-192 (Bankr. M.D. Fla. 2002). Regardless of whether the remedy is deemed to be setoff or recoupment, there is no authority to permit a plan to enjoin the exercise of those rights by a creditor.

11. As previously argued, the exculpation provisions of the Plan should not extend to non-debtors. The same is true with respect to the injunction in §11.1.2 of the Plan.

WHEREFORE, DTF respectfully requests that the Court deny confirmation of the plan, and grant such other and further relief as the Court may determine to be just and proper.

Dated: February 2, 2011
      Albany, New York

                              Respectfully submitted,
                              Eric T. Schneiderman
                              Attorney General of the State of New York

                       By: /s/ Norman P. Fivel
                              Norman P. Fivel
                              NYS Bar No. 016990
                              Assistant Attorney General
                              Litigation Bureau
                              The Capitol
                              Albany, New York 12224-0341
                              Telephone No.: (518) 473-6082
                              Facsimile No.: (518) 473-1572
                              E-mail: Norman.Fivel@ag.ny.gov

"Printed on Recycled Paper"