KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

SHERON KORPUS
(212) 506-1969

HOUSTON ——————————— ATLANTA ——————————— NEWARK

February 2, 2011

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the
    District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) (collectively, "Tribune")

Dear Judge Carey:

    We write to request the Court's resolution of a dispute regarding seven subpoenas (the "Subpoenas") issued by Law Debenture Trust Company of New York ("Law Debenture") and Aurelius Capital Management LP ("Aurelius") to certain members of the Official Committee of Unsecured Creditors (the "Committee") and their respective counsel (the "Committee Individuals") in connection with plan confirmation discovery now underway in the Tribune chapter 11 cases.

    On December 13, 2010, Aurelius served subpoenas on Washington-Baltimore Newspaper Guild, William Niese, Zwerdling, Paul, Kahn & Wolly, P.C. and Teitelbaum & Baskin LLP. On December 15, 2010, Law Debenture served subpoenas on Warner Brothers Television, Buena Vista Television and Kirkland & Ellis LLP. All of the Subpoenas sought specific documents and communications related to Tribune's chapter 11 cases. While the Subpoenas were all directed at members of the Committee and their counsel, there was no instruction or direction in the Subpoenas limiting the scope of the requests to the respective roles of the Committee Individuals in connection with the Committee. To the contrary, the Subpoenas sought documents from the Committee Individuals they received in connection with the LBO-Related Causes of Action, the Debtors/Committee/Lender Plan and the various settlements embodied therein.

    In response, the Committee Individuals have uniformly taken the position that they only need to respond to the Subpoenas in their capacity as members of the Committee and as counsel to those members, specifically carving out from their responses any documents that they received in their individual capacities. The Committee Individuals have affirmed this position,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

specifically stating during meet and confer conferences that they refuse to produce documents and communications, even if responsive, if they were not generated in connection with their role on the Committee. The Committee Individuals have thus unilaterally limited the scope of the Subpoenas with no explanation why the subset of responsive documents cannot be produced.

Law Debenture submits that the documents and communications possessed by the Committee Individuals are highly probative and relevant to the instant confirmation proceedings and must be produced. A key facet of the Debtors' case in support of the Debtors/Committee/Lender Plan is the fact that the Committee is a co-proponent. Accordingly, it is imperative that Law Debenture understand the rationale behind the Committee's support – a rationale that can only be surmised through the understanding of the beliefs of those individuals comprising the Committee. The failure of the Committee Individuals to produce all relevant non-privileged documents is exacerbated by the fact that while each of the Committee Individuals hold debt at different levels of Tribune's capital structure, they each managed to negotiate and receive treatment unique to them under the Debtors/Committee/Lender Plan. As a result, pursuant to the Debtors/Committee/Lender Plan, four out of the five Committee Individuals (the non-plan proponent members of the Committee) will either have their claim paid in full or reinstated. This alone necessitates the discovery of documents in the possession of the Committee Individuals in their capacity as individual creditors in addition to their capacity as members of the Committee.

To the extent that these Committee Individuals possess documents or communications concerning the Debtors/Committee/Lender Plan, any other proposed or contemplated plan or any other aspect of Tribune chapter 11 cases such documents are relevant and must be produced. Certainly, if these Committee Individuals engaged in negotiations or entered into side agreements outside of their role on the Committee, such documents and communication would be relevant to determine to what extent such events had on the Committee's own deliberations and whether these Committee Individual properly fulfilled their function as fiduciaries.[1]

Finally, the failure of the Committee Individuals to produce individual documents is contrary to the conduct of all other parties, including the proponents of the Noteholder Plan, who are producing documents from their individual files. Aurelius alone, who is not a Committee

---

[1] The proponents of the Debtors/Committee/Lender Plan also have asserted that all communications between the individual members of the Committee are protected from disclosure as common interest communications, even if such communications did not involve legal advice. *See Debtor/Committee Lender Plan Proponents' Objection to Noteholder Plan Proponents' Motion to Compel Production of Documents and Information From the Debtor/Committee/Lender Plan Proponents and Other Parties or, Alternatively, For an Order of Preclusion Respecting Certain Issues*, dated January 19, 2011 [Dkt. No. 7552] at Exhibit 3, ¶ 7. This issue is currently before the Court in connection with the *Noteholder Plan Proponents' Motion to Compel Production of Documents and Information From the Debtor/Committee/Lender Plan Proponents and Other Parties or, Alternatively, For an Order of Preclusion Respecting Certain Issues and Memorandum of Law in Support Thereof*, dated January 14, 2011 [Dkt. No. 7527] (the "Global Issues Motion").

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

member and only has documents in its individual capacity, has produced over 70,000 pages of responsive documents.

Law Debenture, therefore, respectfully requests that this Court issue an order compelling that the Committee Individuals promptly comply with the Subpoena and to produce responsive, non-privileged documents and communications without distinction to the capacity in which such documents and communications were generated or received.

Additionally, Jay Teitelbaum, counsel for William Niese, has represented that Mr. Niese has deleted and discarded all Tribune-related files despite the issuance of a litigation hold notice on October 15, 2010. This is only the latest example in the pattern of spoliation already exhibited by the proponents of the Debtors/Committee/Lender Plan, including senior members of the Debtors' management. The Court has previously been informed that Randy Michaels, the Debtors' former CEO intentionally deleted all electronically-stored information from his computer "multiple times to ensure that they would be deleted." *See Debtors' Motion For Leave To Conduct Discovery Pursuant To Bankruptcy Rule 2004*, dated December 3, 2010 [Dkt. No. 6757] at ¶¶ 3-5. Further, the Noteholder Plan Proponents informed the Court that Mark Shapiro, a member of the Debtors' board of directors also admitted to deleting documents relating to the Debtors' bankruptcy cases. *See* Global Issues Motion, at 31 n.22. It remains unclear whether Mr. Niese is continuing this practice and what precautions were taken to prevent it. Law Debenture respectfully request that the Court order Mr. Niese to cease deleting documents related to Tribune's bankruptcy cases and to turn over the hard drive of his computer so that an attempt can be made to recover the deleted documents.

We are prepared to address these issues in a telephonic conference or at the previously scheduled hearing on February 8, 2011 if you so desire. We appreciate Your Honor's consideration.

Sincerely,

*Sheron Korpus* /MMS

Sheron Korpus

CC: Paragraph 35 List