# AKIN GUMP
# STRAUSS HAUER & FELD LLP

███████████████ Attorneys at Law

**MITCHELL HURLEY**
212.872.1011/1.212.872.1002
mhurley@akingump.com

February 2, 2011

BY HAND

Chief Judge Kevin J. Carey
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

*Re:*    *In re Tribune Co., Case No. 08-13141 (KJC)*

Dear Chief Judge Carey:

    We represent the Noteholder Plan Proponent Group (the "Noteholders"), and write in response to James Bendernagel's letter earlier today in which Mr. Bendernagel, on behalf of Debtors, (i) agrees to file a response to the Noteholders motion to compel Liebentritt documents on Friday, February 4, 2011, (ii) argues that the Noteholders should not be permitted to file a reply on their motion and (iii) makes statements concerning the "meet and confer" process that are not correct.

    Mr. Bendernagel claims that the Noteholders never met and conferred regarding "the specific matters raised in their letter motion." In fact, counsel for the Noteholders spent hours on multiple telephone calls conferring with lawyers from Jones Day (Special Committee Counsel) and Sidley Austin concerning Liebentritt related privilege issues, including the precise issue raised on the Noteholder's letter motion. The Special Committee produced a privilege log dated January 5, 2011, which included numerous entries claiming the existence of a privilege with respect to communications between Liebentritt and the Special Committee. Counsel for the Noteholders met and conferred via telephone with Jones Day lawyers on January 11 and 13, 2011. Mr. Bendernagel was not on those calls, but his Sidley Austin partner, Colleen Kenny, was present for, and participated actively, in all meet and confers relating to Liebentritt. We memorialized the Noteholders' position with respect to Liebentritt/Special Committee documents in several emails sent to Jones Day and copied to Ms. Kenny of Sidley Austin, including one sent on January 11, 2011:

>     We understand that the Special Committee relied exclusively on its specially retained outside counsel for advice regarding the Tribune restructuring, and we therefore do not believe that communications

AKIN GUMP
STRAUSS HAUER & FELDLLP
━━━━━━━━ Attorneys at Law

Honorable Kevin J. Carey
February 2, 2011
Page 2

       with Mr. Liebentritt and the Special Committee can be withheld on
privilege grounds.[1]

In telephone calls and in writing, the Jones Day and Sidley lawyers rejected the
Noteholders' position, and refused to produce the identified materials, arguing that Shapiro's
sworn testimony was not dispositive of whether Liebentritt was acting as counsel to the Special
Committee, and that in any case, the Special Committee members may have been acting in their
capacity as members of the Debtors' plenary board with respect to some of the communications
on the log, and therefore their communications would be privileged even if Liebentritt were not
counsel to the Special Committee.[2] After Jones Day rejected the Noteholders' position in a
writing copied to Sidley on January 13, we wrote back to both Jones Day and Sidley on the same
day, reiterating that "the evidence demonstrates that the Special Committee did not view
Liebentritt as its counsel, but instead relied solely on outside counsel for advice regarding the
restructuring; hence communications between SC members and Liebentritt cannot be privileged."

During a meet and confer call later that day, Sidley and Jones Day again rejected the
Noteholders' position. Jones Day did agree to consider providing a supplementary privilege log
that identified the specific capacities in which legal advice allegedly was being sought by, or
provided to, the Special Committee members. However, on January 20, 2011, Jones Day
emailed that it would not revise its Liebentritt entries, but would instead rely on a log to be
prepared by Ms. Kenny's firm – Debtors' counsel – detailing all communications involving
Liebentritt and the Special Committee. We wrote back to Jones Day and Ms. Kenny asking
whether the Leibentritt log would include the "capacities" information discussed with Jones Day.
When the Debtors' "Liebentritt only" log finally was produced by Ms. Kenny's firm on January
25, 2011, it included myriad entries claiming privilege between Liebentritt and the members of
the Special Committee, and neglected to provide detail concerning the claim previously made
that some of those entries involved Special Committee members acting in their capacities as
members of the plenary board. In short, through the January 25, 2011 "Liebentritt only log,"
Debtors again rejected the Noteholders' position regarding Liebentritt, and refused to produce the
materials subject to the Noteholder's motion.

―――――――――――――

[1] The meet and confer correspondence is lengthy and touches on issues in addition to those raised on the
motion, and we therefore have not attached copies to this letter in order to avoid cluttering the record. However, we
would be happy to supply the Court with copies of the referenced emails upon request.

[2] The Noteholders do not concede that communications between Liebentritt and members of the Special
Committee would necessarily be privileged even under these circumstances since, among other reasons, Liebentritt
did not act primarily as a lawyer in these cases even with respect to the Debtors.

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

Attorneys at Law

Honorable Kevin J. Carey
February 2, 2011
Page 3

Mr. Bendernagel seems to believe that we should have waited for the Special Committee and Debtors to reject the Noteholders arguments regarding Liebentritt yet a fourth or fifth time before bringing a motion to compel. However, the compressed schedule in this case precludes the redundant efforts called for by Mr. Bendernagel, and his own letter demonstrates just how fruitless any additional effort to reach compromise would have been, since he makes clear – yet again – that Debtors will resist production of any of the documents sought by the Noteholder's motion to compel.

Finally, as illustrated by today's exchange of letters, we believe it is crucial that the Noteholders be provided an opportunity to respond to and rebut any factual and legal positions Debtors may take when they file their opposition to the Noteholders' motion to compel.

Thank you for your consideration of these matters.

Respectfully submitted,

Mitchell Hurley

cc:    All counsel entitled to notice pursuant to CMO