

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| jbendernagel@sidley.com<br>(202) 736 8136 | FOUNDED 1866 | |

February 3, 2011

**By Hand**

The Honorable Chief Judge Kevin J. Carey
824 N. Market St., #500
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

    We are counsel to Debtors in the above-captioned cases. We write pursuant to Paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Dkt. No. 7235) (the "CMO") in order to bring to the Court's attention a discovery dispute. Aurelius Capital Management, LP ("Aurelius") recently served a number deposition notices and subpoenas, including a notice for the deposition of Debtors' primary outside bankruptcy counsel, Sidley partner James F. Conlan. Pursuant to Federal Rules of Civil Procedure 26 and 45, and the case law of this court, the Third Circuit, and bankruptcy courts across the country, Debtors respectfully request that the Court quash Mr. Conlan's deposition notice. The parties have met and conferred on this issue but have not resolved this dispute.

    As the United States Supreme Court has long recognized, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Accordingly, an attorney must be free to "prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 511. For this reason, "the request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself." *Johnston v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D. N.J. 1990).

    This District has adopted the Eighth Circuit's *Shelton* rule, which provides that, before it may depose opposing counsel, a requesting party must show "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case." *Allergan, Inc. v. Pharmacia Corp.*, No. Civ. A. 01-141-SLR, 2002 WL 1268047 at *1 (D. Del. May 17, 2002), quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987). Aurelius cannot satisfy these criteria.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



The Honorable Chief Judge Kevin J. Carey
February 3, 2011
Page 2

### A.   Aurelius Has Other Means to Obtain the Requested Information.

The information that Mr. Conlan possesses relating to these proceedings is known by other individuals who be deposed in the coming weeks. Aurelius and their co-Plan proponents have noticed up and will take the depositions of numerous individuals who were parties to the relevant events and negotiations, including Donald Liebentritt, Chief Restructuring Officer of Tribune Company, Mark Shapiro, Chairman of Special Committee of the Tribune Board, and David Kurtz, Debtors' financial advisor. In addition, Miriam Kulnis of JPMorgan, Bruce Karsh and Ken Liang of Oaktree, Gavin Baiera and Tom Fuller of Angelo Gordon have also been noticed for deposition.

There is simply no reason to believe that Mr. Conlan has relevant, non-privileged information that is not otherwise in the possession of one or more of these individuals. *See Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 637 (D. Kan. 2000) (prohibiting deposition of attorney where "there is no reason to believe that the information sought is in the exclusive possession of Simmons' attorney"); *Pereira v. United Jersey Bank*, Nos. 94 Civ. 1565(LAP), 94 Civ. 1844(LAP), 1997 WL 773716, * 8 (S.D.N.Y. Dec. 11, 1997) (prohibiting deposition of attorney where requesting party "has not demonstrated that it has exhausted other methods of discovery," including the completion of additional depositions that had been noticed). Because Aurelius has other means of obtaining information related to the bankruptcy proceedings and the settlement negotiations, they cannot meet their burden of showing that "no other means exist to obtain the information." *Allergan, Inc.*, 2002 WL 1268047 at *1; *Shelton*, 805 F.2d at 1327. *See also Johnson Dev't Grp., Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990) (attorney's deposition should not go forward where "the attorneys' testimony would likely be duplicative").

### B.   The Information in Mr. Conlan's Possession is Protected by Attorney Client, Common Interest, and Work Product Privileges.

Even if Mr. Conlan did have information uniquely in his possession, such information would likely be protected by the attorney-client, work product, and common interest privileges. *See, e.g., Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981) (attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 301 (3d Cir. 1991) (discussing elements of attorney-client privilege); *In re Leslie Controls, Inc.*, 437 B.R. 493, 496 (Bankr. D. Del. 2010) (recognizing that parties who share a common legal interest and who exchange otherwise privileged communications with each other in furtherance of that common interest may do so under the protection of the common interest privilege). Reflective of this concern, Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a court *must* quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."



The Honorable Chief Judge Kevin J. Carey
February 3, 2011
Page 3

      Mr. Conlan has provided extensive legal advice to Debtors; he has produced, reviewed, and discussed attorney work product in connection with these proceedings; he has collected information and documents from Debtors for purposes of providing legal advice; he has participated in countless strategy sessions with Debtors; and he has engaged in privileged discussions with plan proponents with whom he shares a common interest. All of these discussions are at the heart of Mr. Conlan's services to Debtors and at the heart of the attorney-client and related privileges and protections.

      While Aurelius may assert that it would not be inquiring into privileged communications or information, "innocent inquiries at deposition often implicate work product or attorney-client privileges." *W. Penninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 303 (S.D. Fla. 1990). Moreover, courts have recognized that it may not be "possible to confine the proposed deposition of [the attorney] in such a way as to protect [the attorney's client] from revelation of its attorney's mental impressions or legal theories of the case." *Advanced Power Syss., Inc. v. Hi-Techn Syss., Inc.*, No. 90-7952, 1993 WL 30067 (E.D. Pa. Feb. 4, 1993). *See also Johnson Dev't Grp.*, 130 F.R.D. at 352 ("caution in permitting the deposition of litigation counsel is indicated where the subject matter of the deposition would be likely to be heavily intertwined with privileged or confidential information"). To require Mr. Conlan to appear for deposition only to assert attorney-client and work product privilege is a burden that far outweighs any conceivable benefit to Aurelius. *See* Fed. R. Civ. P. 26(b)(iii) (discovery should not be allowed when "the burden or expense of the proposed discovery outweighs its likely benefit"). Moreover, given the question-by-question, topic-by-topic nature of the privilege consideration, a deposition of Mr. Conlon would be difficult, if not impossible, without having the Court available to make privilege determinations during the deposition.

      As courts consistently recognize, "[a]ttorney depositions are disruptive, . . . add to the length and expense of litigation[,] . . . chill the attorney-client relationship, impede civility and easily lend themselves to gamesmanship and abuse." *Carehouse Convalescent Hosp. v. Super. Ct.*, 143 Cal. Ct. App. 4th 1558, 1562-63 (2006). *See also Johnson Dev't*, 130 F.R.D. at 353 ("The graver concern is that an attorney's deposition will deflect the attorney's efforts in case preparation on behalf of a client . . . . [T]he discovery may extract a dear price from the healthy adversary process upon which our system places such heavy reliance.").[1]

---

[1] *See also In re Douglas Asphalt Co.*, 436 B.R. 246, 249 (Bankr. S.D. Ga. 2010) ("[D]epositions of opposing counsel disrupt the adversarial system, lower the standards of the profession, add to the time and costs of litigation, and detract from the quality of client representation. These negative effects can be justified only in limited circumstances.") (internal citations omitted); *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000) ("While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters.") (internal citations omitted); *In re Muskogee Envtl. Conservation*



The Honorable Chief Judge Kevin J. Carey
February 3, 2011
Page 4

**C.    Any Unique Information In Mr. Conlan's Possession Is Not "Crucial" To The Case.**

Finally, any unique information in Mr. Conlan's possession would have marginal, if any, relevance to the upcoming Confirmation hearing. Bankruptcy Code Section 1129(a)(3) requires that a Plan of Reorganization, including one embodying the settlement of claims, be "proposed in good faith and not by any means required by law." But as this Court has recently reiterated, "for purposes of determining good faith, 'the important point of inquiry is the plan itself and whether such Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code." *In re Abitibibowater, Inc.,* 2010 WL 4823839 at *5 (Bankr. D. Del. Nov. 22, 2010)(quoting *In re PBS Holding Corp.,* 228 F.3d 224, 242 (3rd Cir. 2000), in turn quoting *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 150 n.5 (3rd Cir. 2000)). Such an inquiry may involve examination of "the process leading" to the formulation of the Plan and settlement, *In re Premier Int'l Holdings, Inc.,* 2010 WL 2745964 at *11 (Bankr. D. Del. April 29, 2010), but examination of this *process* does not and need not entail examination of the *substance* of communications by attorneys. That is what Aurelius appears to be seeking. In light of the strong presumption against attorney depositions, this is simply not sufficiently probative on any relevant issue to warrant a deviation from the general rule against attorney depositions.

For all of the reasons set forth above, Debtors ask that the Court quash the deposition of Mr. Conlan. Alternatively, Debtors request that the Court convene a discovery conference at its earliest convenience so that the issues addressed in this letter may be resolved.[2]

Respectfully submitted,

James F. Bendernagel Jr.

Attachments

cc:    All counsel entitled to notice pursuant to Paragraph 35 of the CMO

---

*Co., Inc.,* 221 B.R. 526, 532 (Bankr. N.D. Okla. 1998) ("The Court believes that requests to depose opposing counsel are subject to great scrutiny and are to be sparingly granted.").

[2] Debtors note that while their letter is only directed at Mr. Conlan's deposition, the Noteholders Plan Proponents have also noticed Don Bernstein, primary outside bankruptcy outside counsel to JPMorgan, Howard Seife, primary outside bankruptcy counsel to the Committee of Unsecured Creditors, and Jay Teitelbaum, who is counsel to one of the Committee members.

CH1 5702995v.3