# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
In re:                                            :     Chapter 11 Cases
                                                  :
                                                  :     Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                          :
                                                  :     (Jointly Administered)
                          Debtors.                :
-------------------------------------------------------X

## NOTICE OF SERVICE

   **PLEASE TAKE NOTICE** that, on January 31, 2011, Aurelius Capital Management, LP, by and through its counsel, served the Subpoena to Thane W. Carlston at Moelis & Co., a copy of which is attached as Exhibit A hereto, on the parties on the attached service list via electronic mail:

[Signature Page to Follow]

{00483174;v1}

Dated: February 3, 2011
Wilmington, Delaware

ASHBY & GEDDES, P.A.

*/s/ Amanda Winfree*

William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel Golden (admitted pro hac vice)
Philip Dublin (admitted pro hac vice)
One Bryant Park
New York, New York 10036
(212) 872-1000

*Counsel to Aurelius Capital Management, LP*

{00483174;v1}

| Email Address | Attorney |
|---|---|
| jconlan@sidley.com<br>bkrakauer@sidley.com<br>klantry@sidley.com<br>jbendernagel@sidley.com<br>jducayet@sidley.com<br>dmiles@sidley.com<br>pwackerly@sidley.com<br>jpeltz@sidley.com<br>ckenney@sidley.com<br>sbierman@sidley.com<br>dthomas@sidley.com<br>rflagg@sidley.com | James F. Conlan<br>Bryan Krakauer<br>James Bendernagel<br>James W. Ducayet<br>Patrick J. Wackerly<br>Jen Peltz<br>Colleen M. Kenney<br>Dale E. Thomas<br>**Sidley Austin LLP**<br>One South Dearborn Street<br>Chicago, IL 60603<br><br>Kevin T. Lantry<br>**Sidley Austin LLP**<br>555 West Fifth Street<br>Los Angeles, CA 90013<br><br>David M. Miles<br>Ronald S. Flagg<br>**Sidley Austin LLP**<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br><br>Steven M. Bierman<br>**Sidley Austin LLP**<br>787 Seventh Avenue<br>New York, New York 10019 |
| msiegel@brownrudnick.com<br>kbromberg@brownrudnick.com<br>gnovod@brownrudnick.com<br>jellias@brownrudnick.com | Martin S. Siegel<br>Katherine S. Bromberg<br>G. Novod<br>Jared A. Ellias<br>**Brown Rudnick LLP**<br>Seven Times Square<br>New York, NY 10036 |
| hseife@chadbourne.com<br>dlemay@chadbourne.com<br>mashley@chadbourne.com<br>tmccormack@chadbourne.com | Howard Seife<br>David M. LeMay<br>Marc D. Ashley<br>Thomas J. McCormack<br>**Chadbourne & Parke LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 |
| gbush@zuckerman.com<br>agoldfarb@zuckerman.com<br>jsottile@zuckerman.com | Graeme Bush<br>Andrew N. Goldfarb<br>James Sottile<br>**Zuckerman Spaeder LLP**<br>1800 M Street, NW, Suite 1000<br>Washington, DC 20036-5807 |

| Email Address | Attorney |
| --- | --- |
| hobartd@hbdlawyers.com<br>johnstonj@hbdlawyers.com<br>mesterj@hbdlawyers.com | Dana C. Hobart<br>James O. Johnston<br>Joshua M. Mester<br>**Hennigan Bennett & Dorman**<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017 |
| donald.bernstein@davispolk.com<br>elliott.moskowitz@davispolk.com<br>michael.russano@davispolk.com<br>sasha.polonsky@davispolk.com<br>ben.kaminetzky@davispolk.com | Donald S. Bernstein<br>Elliott Moskowitz<br>Michael Russano<br>Sasha Polonsky<br>Benjamin S. Kaminetzky<br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, NY 10017 |
| skorpus@kasowitz.com<br>mstein@kasowitz.com<br>drosner@kasowitz.com<br>cmontenegro@kasowitz.com | David S. Rosner<br>Sheron Korpus<br>Matthew B. Stein<br>Christine A. Montenegro<br>**Kasowitz, Benson, Torres & Friedman LLP**<br>1633 Broadway<br>New York, NY 10019 |
| dadler@mccarter.com | David Adler<br>**McCarter & English LLP**<br>245 Park Avenue, 27th Floor<br>New York, NY 10167 |
| dhille@whitecase.com<br>ahammond@whitecase.com<br>bfritz@whitecase.com | David G. Hille<br>Andrew W. Hammond<br>Brian E. Fritz<br>**White & Case**<br>1155 Avenue of the Americas<br>New York, NY 10036-2787 |
| hkaplan@arkin-law.com<br>jyeh@arkinlaw.com | Howard J. Kaplan<br>Johnny Yeh<br>**Arkin Kaplan Rice LLP**<br>590 Madison Avenue<br>New York, NY 10022 |
| lsilverstein@potteranderson.com | Laurie Selber Silverstein<br>**Potter Anderson & Carroon LLP**<br>Hercules Plaza<br>1313 North Market St.<br>Wilmington, DE 19801 |

| Email Address | Attorney |
|---|---|
| mprimoff@kayescholer.com<br>jagudelo@kayescholer.com<br>jparver@kayescholer.com<br>jdrayton@kayescholer.com | Madlyn Gleich Primoff<br>Jonathan Agudelo<br>Jane W. Parver<br>Joseph M. Drayton<br>**Kaye Scholer**<br>425 Park Avenue<br>New York, NY 10022-3598 |
| bbutwin@omm.com<br>dcantor@omm.com<br>dshamah@omm.com | Bradley J. Butwin<br>Daniel L. Cantor<br>Daniel S. Shamah<br>**O'Melveny & Myers LLP**<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036 |
| schannej@pepperlaw.com<br>strattond@pepperlaw.com | John Henry Schanne<br>David B. Stratton<br>**Pepper Hamilton LLP**<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington Delaware 19899-1709 |
| dbrown@paulweiss.com<br>agordon@paulweiss.com<br>emccolm@paulweiss.com<br>alevy@paulweiss.com | David W. Brown<br>Andrew G. Gordon<br>Elizabeth McColm<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br><br>Andrew J. Puglia Levy<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>2001 K Street, NW<br>Washington, DC 20006-1047 |
| dgheiman@jonesday.com<br>bberens@jonesday.com<br>dahall@jonesday.com<br>lmarvin@jonesday.com | David G. Heiman<br>Brad Erens<br>**Jones Day**<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br><br>Lynn DiPaola Marvin<br>**Jones Day**<br>222 East 41st Street<br>New York, New York 10017-6702<br><br>David A. Hall<br>**Jones Day**<br>77 West Wacker<br>Chicago, Illinois 60601-1692 |

| Email Address | Attorney |
| --- | --- |
| andrew.goldman@wilmerhale.com<br>charles.platt@wilmerhale.com<br>dawn.wilson@wilmerhale.com | Andrew Goldman<br>Charles Platt<br>Dawn Wilson<br>**WilmerHale**<br>399 Park Avenue<br>New York, NY 10022 |
| dgolden@akingump.com<br>dzensky@akingump.com<br>nchung@akingump.com<br>aqureshi@akingump.com<br>djnewman@akingump.com<br>jgoldsmith@akingump.com<br>bcarney@akingump.com<br>cdoniak@akingump.com<br>mhurley@akingump.com<br>sgulati@akingump.com | Daniel H. Golden, Esquire<br>Philip C. Dublin, Esquire<br>Jason Goldsmith<br>Brian Carney<br>Nancy Chung<br>Abid Qureshi<br>Mitchell P. Hurley<br>Deborah Newman<br>Sunny Gulati<br>**Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036 |
| rwiley@wileyrein.com<br>jbayes@wileyrein.com<br>ereed@wileyrein.com | Richard E. Wiley<br>James R.W. Bayes<br>Eve Klindera Reed<br>**Wiley Rein LLP**<br>1776 K Street NW<br>Washington, D.C. 20006 |

# EXHIBIT A

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York

In re  Tribune Co., et al.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. *  08-13141(KJC)

To: Thane W. Carlston
Moelis & Co.
399 Park Avenue, 5th Floor
New York, NY 10022

Chapter  11

Pending in the United States Bankruptcy Court for the District of Delaware

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Akin Gump Strauss Hauer & Feld, LLP   (The deposition will be recorded stenographically and by sound and visual recording.) One Bryant Park, 44th Floor New York, NY 10036 | February 10, 2011 at 9:00 a.m. EST |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE  /s/ David M. Zensky /BTC | DATE  January 31, 2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
David M. Zensky, Akin Gump Strauss Hauer & Feld, LLP, One Bryant Park, New York, NY 10036 (212) 872-1075

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information,
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).