IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket No. 7239**<br>**Requested Hearing Date: TBA**<br>**Objection Deadline: TBA** |

## JOINT MOTION FOR ENTRY OF AN ORDER CLARIFYING
## DISCOVERY AND SCHEDULING ORDER FOR PLAN CONFIRMATION

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co. L.P., and JPMorgan Chase Bank, N.A. (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7345097v4

"Debtor/Committee/Lender Plan Proponents") and Aurelius Capital Management, LP, Law Debenture Trust Company of New York, Wilmington Trust Company, and Deutsche Bank Trust Company Americas (collectively, the "Noteholder Plan Proponents," and together with the Debtor/Committee/Lender Plan Proponents, the "Plan Proponents") file this joint motion (the "Motion") seeking entry of an order substantially in the form attached as Exhibit A, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), (a) waiving the pagination requirements of Del. Bankr. L.R. 7007-2(iv) and the Court's General Chamber Procedures 2(a)(vi); and (b) clarifying that no page limit will apply to documents filed by the Plan Proponents in accordance with paragraphs 24 and 25 of the Discovery and Scheduling Order for Plan Confirmation. In support of this Motion, the Plan Proponents respectfully represent as follows:

## Jurisdiction

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein is section 105 of the Bankruptcy Code.

## Background

2.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. On December 9, 2010, the Court entered the Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (X) Granting Related Relief (the "Solicitation Procedures Order") [Docket No. 7126].

6. On December 16, 2010, the Bankruptcy Court entered an Order Amending the Solicitation Order (the "Amended Solicitation Procedures Order") [Docket No. 7215].

7. Currently, two plans of reorganization (collectively, the "Plans") are proposed for the Debtors: (i) First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, LP, and Angelo Gordon & Co. L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7136] (the "Debtor/Committee/Lender Plan"); and (ii) the Joint Plan of

Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, L.P., on behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [Docket No. 7127] (the "Noteholder Plan").[3]

8.   A hearing (the "Confirmation Hearing") on the possible confirmation of the Plans is scheduled to commence on March 7, 2011.

9.   On December 20, 2010, the Court entered the Discovery and Scheduling Order for Plan Confirmation (the "CMO") [Docket No. 7239], establishing a schedule for purpose of discovery and other pre-trial matters in respect of the Confirmation Hearing.

10.   The CMO provides, in part, that "each Proponent Group shall have the right to file and serve an Objection in response to each proposed plan of reorganization on February 15, 2011." CMO at ¶ 24.[4] The CMO further provides that "[e]ach Proponent Group shall have the

---

[3] On January 28, 2011, the Mediator's Third Report was filed with the Court advising that continuing settlement discussions resulted in the Bridge Lenders' Group's acceptance of the Debtors/Committee/Lender Plan [Docket No. 7656].

[4] Similarly, the Solicitation Procedures Order provides:

> "Objections to confirmation of any of the Plans (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before February 15, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline") by the Proponents of each of the Plans to which the objection pertains."

Solicitation Procedures Order at ¶ 52.

46429/0001-7345097v4

right to file a single brief in further support of confirmation of its respective plan and in response to the Objections of other Proponent Groups on February 25, 2011."[5] CMO at ¶ 25.

## Relief Requested

11. By this Motion, the Plan Proponents seek the entry of an order (a) waiving the pagination requirements of Del. Bankr. L.R. 7007-2(iv) and General Chambers Procedures 2(a)(vi); and (b) clarifying that no page limits shall apply to (i) each Proponent Group's Objection filed in response to a proposed plan of reorganization, due February 15, 2011 (as set forth in paragraph 24 of the CMO), or (ii) each Proponent Group's single brief in further support of confirmation of its respective plan and in response to each proposed plan of reorganization, due the February 25, 2011 (as set forth in paragraph 25 of the CMO).

## Basis For Relief

12. The General Chambers Procedures require that "[a]ll briefs and memoranda (in main bankruptcy cases and in adversary proceedings) must comply with Del. Bankr. LR 7007-2 (form and content of briefs). *No objection to, or briefs or memoranda in support of, confirmation shall exceed 40 pages."* [Emphasis Added] General Chambers Procedures at 2(a)(vi). Local Rule 7007-2 provides, in part, that "no opening or answering brief shall exceed forty (40) pages and no reply shall exceed twenty (20) pages." Del. Bankr. L.R. 7007-2(iv). The Plan Proponents have discussed the filing of pleadings as contemplated in paragraphs 24 and 25 of the CMO and agree that, given the complex and substantial issues presented in these cases, the

---

[5] The Solicitation Procedures Order also provides:

> The Proponents shall file responses, if any, to any objections to confirmation of their respective Plans on or before February 25, 2011 at 4:00 p.m. (prevailing Eastern Time). The Proponents shall also file with the Court their proposed findings of fact and conclusions of law and their memorandum of law in support of confirmation on or before such date."

Solicitation Procedures Order at 54.

challenges associated with competing Plans, and the number of constituents represented by each Plan Proponent contributing to a single pleading, a 40 page limit is insufficient to adequately address the issues in these cases.

13. Paragraphs 24 and 25 of the CMO were constructed in an effort to streamline the briefing process and ensure that "each Proponent Group" filed a single pleading in order to avoid duplicate arguments and multiple pleadings. Consequently, all arguments for each party to a Plan must be contained in a single pleading, which is a daunting task given these cases. Accordingly, the Plan Proponents seek entry of an order clarifying that no page limit will apply to documents filed by the Plan Proponents in accordance with paragraphs 24 and 25 of the CMO. The Plan Proponents will endeavor to be as efficient as possible regarding the length of their respective pleadings consistent with the complexity and significance of the issues and incorporate by reference any prior submissions to the Court. The Plan Proponents believe that this approach will allow the Plan Proponents to thoroughly address the issues and best serve the Court in adjudicating confirmation-related issues.[6]

14. Moreover, absent the relief sought herein, the Plan Proponents believe that a 40 page limit may encourage parties to seek relief to file separate pleadings or invite motions to exceed the page limit. Accordingly, the Plan Proponents seek entry of any order waiving the requirements of the Local Rule 7007-2(iv) and the General Chambers Procedures, and clarifying that no page limit will apply to documents filed by the Plan Proponents in accordance with paragraphs 24 and 25 of the CMO.

15. The relief sought herein is authorized pursuant to the Court's general equitable powers under section 105(a), which empowers the Court to "issue any order, process, or

---

[6] Nothing herein shall be construed as limiting, in any way, the rights granted to the parties in the CMO, including, but not limited to, the rights of Wilmington Trust Company pursuant to Paragraph 24 of the CMO.

46429/0001-7345097v4

judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). The Plan Proponents submit the entry of the order is necessary and appropriate to permit the Plan Proponents a fair opportunity to address the issues presented and to assist the Court at the Confirmation Hearing. In addition, entry of the order may prevent piecemeal disputes regarding page limits and supplemental pleadings. Finally, the Plan Proponents submit that no party will be prejudiced by the relief requested in this Motion.

### Notice

16.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Proponents submit that no other or further notice is necessary.

WHEREFORE, the Plan Proponents respectfully request that this Court grant this Motion and enter the proposed order attached as Exhibit A; and grant such other and further relief as it deems just and proper.

Dated: February 3, 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Jessica C.K. Boelter<br>Gregory V. Demo<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-0199<br>Facsimile: (312) 853-7036<br><br>SIDLEY AUSTIN LLP<br>James F. Bendernagel, Jr.<br>Ronald S. Flagg<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711 | COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By:  /s/ J. Kate Stickles<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117 |

Counsel for Debtors and Debtors In Possession

| | |
|---|---|
| CHADBOURNE & PARKE LLP<br>Howard Seife<br>David M. LeMay<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369 | LANDIS RATH & COBB LLP<br><br>By:  /s/ Matthew B. McGuire<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450 |

Counsel for the Official Committee of Unsecured Creditors

46429/0001-7345097v4

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee of Unsecured Creditors

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP<br>Donald S. Bernstein<br>Damian Schaible<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4500<br>Facsimile: (212) 701-5800 | RICHARDS, LAYTON & FINGER, P.A.<br><br>By: _/s/ Robert J. Stearn_<br>Mark D. Collins (No. 2981)<br>Robert J. Stearn, Jr. (No. 2915)<br>Drew G. Sloan (No. 5069)<br>One Rodney Square, 920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651 7701 |

Counsel for JPMorgan Chase Bank, N.A.

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew N. Goldman
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 220-8888

Counsel for Angelo, Gordon & Co., L.P.

| | |
|---|---|
| HENNIGAN, BENNETT & DORMAN LLP<br>Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: (213) 694-1200<br>Facsimile: (213) | YOUNG CONAWAY<br>STARGATT & TAYLOR, LLP<br><br>By: _/s/ M. Blake Cleary_<br>Robert S. Brady (No. 2847)<br>M. Blake Cleary (No. 3614)<br>The Brandywine Building – 17th Floor<br>1000 West Street, P.O. Box 391<br>Wilmington, DE 19899<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
|---|---|
| Daniel H. Golden | By: */s/ William P. Bowden* |
| David M. Zensky | William P. Bowden (No. 2553) |
| Abid Qureshi | Amanda M. Winfree (No. 4615) |
| Sunish Gulati | 500 Delaware Avenue |
| Jason Goldsmith | P.O. Box 1150 |
| One Bryant Park | Telephone: (302) 654-1888 |
| New York, NY 10036 | Facsimile: (302) 654-2067 |
| Telephone: (212) 872-7481 | |
| Facsimile: (212) 872-1002 | |

Counsel for Aurelius Capital Management, LP

| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | BIFFERATO GENTILOTTI LLC |
|---|---|
| David S. Rosner | By: */s/ Garvan F. McDaniel* |
| Andrew K. Glenn | Garvan F. McDaniel (No. 4167) |
| Sheron Korpus | 800 North King Street, Plaza Level |
| 1633 Broadway | Wilmington, DE 19801 |
| New York, NY 10019 | Telephone: (302) 429-1900 |
| Telephone: (212) 506-1700 | Facsimile: (302) 429-8600 |
| Facsimile: (212) 506-1800 | |

Counsel for Law Debenture Trust Company of New York

| BROWN RUDNICK LLP | SULLIVAN HAZELTINE ALLINSON LLC |
|---|---|
| Robert J. Stark | |
| Martin S. Siegel | By: */s/ William D. Sullivan* |
| Gordon Z. Novod | William D. Sullivan (No. 2820) |
| Katherine S. Bromberg | Elihu E. Allinson (No. 3476) |
| Seven Times Square | 4 East 8th Street, Suite 400 |
| New York, NY 10036 | Wilmington, DE 19801 |
| Telephone: (212) 209-4800 | Telephone: (302) 428-8191 |
| Facsimile: (212) 209-4801 | Facsimile: (302) 428-4195 |

Counsel for Wilmington Trust Company

46429/0001-7345097v4

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue, 27th Floor<br>New York, NY 10167<br>Telephone: (212) 609-6800<br>Facsimile: (212) 609-6921 | McCARTER & ENGLISH, LLP<br><br>By: _/s/ Katharine L. Mayer_<br>Katharine L. Mayer (No. 3758)<br>Renaissance Centre<br>405 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6300<br>Facsimile: (302) 984-6399 |

Counsel for Deutsche Bank Trust Company Americas