IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 7239 and ____ |

## MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO JOINT MOTION FOR ENTRY OF AN ORDER CLARIFYING DISCOVERY AND SCHEDULING ORDER FOR PLAN CONFIRMATION

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co. L.P., and JPMorgan Chase Bank, N.A. (collectively, the "Debtor/Committee/Lender Plan Proponents") and Aurelius Capital Management, LP, Law

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debenture Trust Company of New York, Wilmington Trust Company, and Deutsche Bank Trust Company Americas (collectively, the "Noteholder Plan Proponents," and together with the Debtor/Committee/Lender Plan Proponents, the "Plan Proponents") file this joint motion (the "Motion") for the entry of an order setting an expedited hearing for and shortening the notice period on the concurrently-filed Joint Motion for Entry of an Order Clarifying Discovery and Scheduling Order for Plan Confirmation (the "Motion to Clarify"),[2] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In further support hereof, the Plan Proponents respectfully represent as follows:

### Relief Requested and Basis for Relief

1. By this Motion, the Plan Proponents respectfully request entry of an Order shortening the notice period and setting the Motion to Clarify for a telephonic hearing at the earliest convenience of the Court prior to February 8, 2011 or, alternatively, scheduling the Motion to Clarify for hearing at the next regularly scheduled omnibus hearing on February 8, 2011; and establishing a shortened deadline for responding to the Motion to Clarify.

2. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion to Clarify.

2

46429/0001-7346929v2

thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

3. The Plan Proponents submit that the facts justify shortening notice and that the relief requested herein should be granted. By the Motion to Clarify, the Plan Proponents seek the entry of an order (a) waiving the pagination requirements of Del. Bankr. L.R. 7007-2(iv) and the Court's General Chamber Procedures 2(a)(vi); and (b) clarifying that no page limit will apply to documents filed in accordance paragraphs 24 and 25 of the Discovery and Scheduling Order for Plan Confirmation (the "CMO").

4. As discussed in the Motion to Clarify, the Plan Proponents believe that, given the complex and substantial issues presented in these cases, the challenges associated with competing Plans, and the number of constituents represented by each Plan Proponent contributing to a single pleading, a 40 page limit is insufficient to adequately address the issues in these cases. In fact, the Plan Proponents believe that a 40 page limit would most likely result in collateral motions to exceed the page limit or file supplemental pleadings. Consequently, the Plan Proponents have filed the Motion to Clarify requesting entry of an order waiving Local Rule 7007-2(iv) and clarifying that a page limit does not apply to either pleading.

5. In light of the fast approaching February 15 and 25 filing deadlines, the Plan Proponents request that the Court schedule the Motion to Clarify for a telephonic hearing at the earliest convenience of the Court or, alternatively, at the next regularly scheduled omnibus hearing on February 8, 2011; and permit responses or objections to the Motion to Clarify to be

thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

3. The Plan Proponents submit that the facts justify shortening notice and that the relief requested herein should be granted. By the Motion to Clarify, the Plan Proponents seek the entry of an order (a) waiving the pagination requirements of Del. Bankr. L.R. 7007-2(iv) and the Court's General Chamber Procedures 2(a)(vi); and (b) clarifying that no page limit will apply to documents filed in accordance paragraphs 24 and 25 of the Discovery and Scheduling Order for Plan Confirmation (the "CMO").

4. As discussed in the Motion to Clarify, the Plan Proponents believe that, given the complex and substantial issues presented in these cases, the challenges associated with competing Plans, and the number of constituents represented by each Plan Proponent contributing to a single pleading, a 40 page limit is insufficient to adequately address the issues in these cases. In fact, the Plan Proponents believe that a 40 page limit would most likely result in collateral motions to exceed the page limit or file supplemental pleadings. Consequently, the Plan Proponents have filed the Motion to Clarify requesting entry of an order waiving Local Rule 7007-2(iv) and clarifying that a page limit does not apply to either pleading.

5. In light of the fast approaching February 15 and 25 filing deadlines, the Plan Proponents request that the Court schedule the Motion to Clarify for a telephonic hearing at the earliest convenience of the Court or, alternatively, at the next regularly scheduled omnibus hearing on February 8, 2011; and permit responses or objections to the Motion to Clarify to be

presented at the hearing. It is critical for the Motion to Clarify to be heard at the earliest convenience of the Court given that the current filing deadlines. Indeed, a delay in scheduling the Motion to Clarify to the next scheduled hearing after February 8 would result in a hearing date after the applicable filing deadlines in the CMO.

6. For all the reasons specified above, the Plan Proponents submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

## Notice

7. To ensure that all parties receive notice as soon as possible, notice of this Motion and the Motion to Clarify has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Proponents submit that no other or further notice is necessary.

46429/0001-7346929v2

WHEREFORE, the Plan Proponents respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a telephonic hearing on the Motion to Clarify at the earliest convenience of the Court prior to February 8, 2011 or, alternatively scheduling the Motion to Clarify for hearing at the February 8, 2011 omnibus hearing at 1:00 p.m. (Eastern Time); (ii) permitting responses or objections to the Extension Motion to be presented at the hearing; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: February 3, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
Gregory V. Demo
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

SIDLEY AUSTIN LLP
James F. Bendernagel, Jr.
Ronald S. Flagg
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors In Possession

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

LANDIS RATH & COBB LLP

By:  /s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for the Official Committee of Unsecured Creditors

46429/0001-7346929v2

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

       Special Counsel to the Official Committee of Unsecured Creditors

| DAVIS POLK & WARDWELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| Donald S. Bernstein | |
| Damian Schaible | |
| 450 Lexington Avenue | By: _/s/ Robert J. Stearn_ |
| New York, NY  10017 | Mark D. Collins (No. 2981) |
| Telephone: (212) 450-4500 | Robert J. Stearn, Jr. (No. 2915) |
| Facsimile: (212) 701-5800 | Drew G. Sloan (No. 5069) |
| | One Rodney Square, 920 N. King Street |
| | Wilmington, DE  19801 |
| | Telephone: (302) 651-7700 |
| | Facsimile: (302) 651 7701 |

       Counsel for JPMorgan Chase Bank, N.A.

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew N. Goldman
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 220-8888

       Counsel for Angelo, Gordon & Co., L.P.

| HENNIGAN, BENNETT & DORMAN LLP | YOUNG CONAWAY |
|---|---|
| Bruce Bennett | STARGATT & TAYLOR, LLP |
| James O. Johnston | |
| Joshua M. Mester | By: _/s/ M. Blake Cleary_ |
| 865 South Figueroa Street, Suite 2900 | Robert S. Brady (No. 2847) |
| Los Angeles, CA 90017 | M. Blake Cleary (No. 3614) |
| Telephone: (213) 694-1200 | The Brandywine Building – 17th Floor |
| Facsimile: (213) | 1000 West Street, P.O. Box 391 |
| | Wilmington, DE 19899 |
| | Telephone: (302) 571-6600 |
| | Facsimile: (302) 571-1253 |

       Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

46429/0001-7346929v2

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Daniel H. Golden<br>David M. Zensky<br>Abid Qureshi<br>Sunish Gulati<br>Jason Goldsmith<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-7481<br>Facsimile: (212) 872-1002 | ASHBY & GEDDES, P.A.<br><br>By: /s/ William P. Bowden<br>William P. Bowden (No. 2553)<br>Amanda M. Winfree (No. 4615)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |

Counsel for Aurelius Capital Management, LP

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Andrew K. Glenn<br>Sheron Korpus<br>1633 Broadway<br>New York, NY 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800 | BIFFERATO GENTILOTTI LLC<br><br>By: /s/ Garvan F. McDaniel<br>Garvan F. McDaniel (No. 4167)<br>800 North King Street, Plaza Level<br>Wilmington, DE 19801<br>Telephone: (302) 429-1900<br>Facsimile: (302) 429-8600 |

Counsel for Law Debenture Trust Company of New York

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Katherine S. Bromberg<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>By: /s/ William D. Sullivan<br>William D. Sullivan (No. 2820)<br>Elihu E. Allinson (No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 428-8191<br>Facsimile: (302) 428-4195 |

Counsel for Wilmington Trust Company

46429/0001-7346929v2

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue, 27th Floor<br>New York, NY 10167<br>Telephone: (212) 609-6800<br>Facsimile: (212) 609-6921 | McCARTER & ENGLISH, LLP<br><br>By: _/s/ Katharine L. Mayer_<br>Katharine L. Mayer (No. 3758)<br>Renaissance Centre<br>405 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6300<br>Facsimile: (302) 984-6399 |

Counsel for Deutsche Bank Trust Company Americas

46429/0001-7346929v2