# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Thomas J. McCormack
direct tel (212) 408-5182  fax (646) 710-5182
tmccormack@chadbourne.com

February 3, 2011

**BY HAND**

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware 19801

   Re: *In re Tribune Company, et. al*, **Case No. 08-013141 (Bankr. D. Del.) (KJC)**

Dear Chief Judge Carey:

  On behalf of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), we write pursuant to paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order") to respectfully request the Court's assistance in resolving a discovery dispute with Aurelius Capital Management, LP ("Aurelius") and Law Debenture Trust Company of New York ("Law Debenture") (two of the "Noteholder Plan Proponents"), concerning their attempts to take certain Committee-related attorney depositions. Specifically, the Committee requests that the Court issue an order pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure quashing the deposition subpoenas served (1) on January 28, 2011 by Aurelius upon Howard Seife, Esq., of Chadbourne & Parke LLP, counsel to the Committee ("Seife"), (2) on February 3, 2011 by Aurelius upon Graeme Bush, Esq., of Zuckerman Spaeder LLP, special counsel to the Committee ("Bush"), and (3) on January 28, 2011 by Law Debenture upon Jay Teitelbaum, Esq., of Teitelbaum & Baskin LLP, counsel to Committee member William Niese ("Teitelbaum"). The parties held a telephonic meet-and-confer on these issues on February 3, 2011, but were unable to reach a resolution at that time.

  The issues presented with respect to these depositions largely mirror the issues presented by Aurelius's concurrent attempt to take the deposition of the Debtors' counsel James F. Conlan, Esq. of Sidley Austin LLP, which was the subject of Debtors' counsel's February 3, 2011 letter to the Court seeking to quash that deposition. In the interests of judicial efficiency, the Committee respectfully incorporates herein by reference the discussion of those issues in Debtors' counsel's February 3, 2011 letter, and submits that the deposition subpoenas to Messrs. Seife, Bush and Teitelbaum should be quashed for similar reasons.

  Particularly given the fact that Aurelius separately has noticed the depositions of the two co-chairs of the Committee (Wayne Smith of Warner Bros. Television and Miriam Kulnis of JPMorgan Chase Bank) and the Committee's financial advisor (Moelis & Company), and in light of the voluminous document discovery already taken of the Committee, Chadbourne & Parke

CHADBOURNE
& PARKE LLP

Chief Judge Kevin J. Carey  -2-  February 3, 2011

LLP, Zuckerman Spaeder LLP, various individual Committee members and their respective counsel, Moelis & Company, plus other parties and their counsel in this matter,[1] there seems little reason to believe that the Seife, Bush and Teitelbaum depositions present the "unique" and exclusive means available for Aurelius or Law Debenture to obtain "crucial" Committee-related information relevant to the upcoming confirmation hearing -- particularly when so much of the information that Messrs Seife, Bush or Teitelbaum might possess would be protected from disclosure by attorney-client, work product and common-interest privileges, as well as the Court's mediation order. It is inappropriate and unduly burdensome, in light of the very limited potential benefit, to compel these attorneys to appear for depositions only to have to repeatedly invoke privilege, and when the depositions could only proceed as a practical matter if the Court were available to make privilege determinations question by question throughout the examination.

The repeated insinuations by Aurelius and Law Debenture about some supposed improper collusion leading up to Debtor/Committee/Lender Plan do not give those parties any greater leeway to take these attorney depositions. Fanciful accusations of collusion unsupported by any identified facts are not sufficient to establish a lack of good faith that could justify overcoming the prohibition against unnecessary depositions of a party's counsel. See In re Washington Mutual, Inc., 2011 Bankr. LEXIS 56, at *129 (Bankr. D. Del. Jan. 7, 2011) ("More than mere innuendo and speculation is needed to establish a lack of good faith."). Indeed, the U.S. Supreme Court has made clear that accusations about supposed conspiracies for which there are no identified supporting facts (but rather only theories invented by creative counsel) do not provide a basis for subjecting a party to intrusive discovery in the hope of finding something to support the theory. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (holding it inappropriate to force a case into the burden of the discovery phase based upon a claimed improper agreement where the plaintiff has failed to present "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement").

---

[1] In response to wide-ranging document requests issued by Aurelius and Law Debenture to the Committee, its counsel, its advisors, individual Committee members and their respective counsel, more than 250,000 pages of documents have been produced -- which is in addition to the more than 1,800,000 pages of documents produced by other parties-in-interest in response to similar document requests served by these same parties, and the over 4,000,000 pages of documents already available in the Document Depository.

# CHADBOURNE
# & PARKE LLP

Chief Judge Kevin J. Carey                    -3-                    February 3, 2011

      For the foregoing reasons, the Committee respectfully requests that the Court grant the relief requested herein. In the alternative, the Committee asks that the Court schedule a discovery conference concerning these issues.

Respectfully submitted,

Thomas J. McCormack

cc: All counsel entitled to notice under the Discovery and Scheduling Order