New York        Madrid
Menlo Park      Tokyo
Washington DC   Beijing
London          Hong Kong
Paris

# Davis Polk

**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP    212 450 4259 tel
450 Lexington Avenue         212 701 5259 fax
New York, NY 10017           ben.kaminetzky@davispolk.com

February 4, 2011

Re:   In re Tribune Company, et al., Case No. 08-13141 (Bankr. D. Del) (KJC)

The Honorable Chief Judge Kevin J. Carey
824 N. Market St., #500
Wilmington, Delaware 19801

Dear Chief Judge Carey:

    We are counsel to JPMorgan Chase Bank, N.A. as Agent for the Debtors' prepetition senior lenders and a holder of senior claims, and JPMorgan Securities, Inc. (collectively "JPMorgan"), in the above-captioned case. Pursuant to Paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Dkt. No. 7235) (the "CMO"), we write in order to bring to the Court's attention a discovery dispute. As James F. Bendernagel Jr. of Sidley Austin noted in his letter to you on February 3, 2011 ("02/03/11 Bendernagel Letter"), Aurelius Capital Management, LP ("Aurelius") recently served a number of subpoenas directed to several of the leading attorneys in this proceeding, including a subpoena for the deposition of JPMorgan's primary outside bankruptcy counsel, Donald Bernstein. For the reasons set forth in the 02/03/11 Bendernagel Letter as well as the additional reasons described below, JPMorgan requests that the Court quash the deposition notice of Mr. Bernstein. The parties met and conferred on this issue on February 3, 2011 and agree that they are at an impasse.

    Courts have consistently held that depositions of lawyers should not take place unless (a) no other means exist to obtain the information; (b) the information sought is relevant and not privileged; and (c) the information is crucial to the preparation of the case. *Allergan, Inc. v. Pharmacia Corp.*, No. Civ. A. 01-141-SLR, 2002 WL 1268047 at *1 (D. Del. May 17, 2002). For all of the reasoning set forth in the 02/03/11 Bendernagel Letter, Aurelius cannot make this showing with regard to Mr. Bernstein.

    The information that Mr. Bernstein possesses relating to the bankruptcy proceedings has already been, or will be, learned from other individuals who have already been, or will be, deposed. Notably, the Court's Order Appointing Mediator (Dkt. No. 5591) required that "[a]t least one principal of each . . . entity within a Mediation Party . . . with authority to make a decision binding upon such . . . entity shall be present at each session of the Mediation." Therefore, any non-privileged information that Mr. Bernstein possesses about such negotiations are necessarily redundant of the required principal, Miriam Kulnis, who was involved in every aspect of the

The Honorable Chief Judge
Kevin J. Casey                                         2                               February 4, 2011

mediation and negotiation process and who will be deposed by Aurelius.[1]  Thus, other means to obtain the information that Aurelius seeks exist and Aurelius cannot meet its burden under *Allergan*.  Furthermore, even if Mr. Bernstein did have information uniquely in his possession, such information would have been gained through his extensive communications with, and on behalf of, his client, JPMorgan, and would be largely protected by the applicable attorney-client, work product, and common interest privileges.  Finally, any unique, non-privileged information that Mr. Bernstein may possess would, at best, have marginal relevance to the upcoming confirmation hearing.

For all of the reasons outlined above, and explicitly incorporating the arguments made in the 02/03/11 Bendernagel Letter, JPMorgan requests that the Court quash Aurelius' subpoena for the deposition of Donald Bernstein.  Alternatively, JPMorgan requests that the Court convene a discovery conference at its earliest convenience so that the issues addressed in this letter may be resolved.

Respectfully submitted,

Benjamin S. Kaminetzky /EJC

Benjamin S. Kaminetzky

cc: All counsel entitled to notice pursuant to Paragraph 35 of the CMO

---

[1] As noted in the 02/03/11 Bendernagel Letter, other individuals who were parties to the relevant events and negotiations and who will be deposed include Donald Liebentritt, Chief Restructuring Officer of Tribune Company, Mark Shapiro, Chairman of the Special Committee of the Tribune Board, David Kurtz, the Debtors' financial advisor, Bruce Karsh and Ken Liang of Oaktree, and Gavin Baiera and Tom Fuller of Angelo Gordon.