# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON FEBRUARY 8, 2011 AT 1:00 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing.

## WITHDRAWN MATTERS

1. Sprint Nextel's Motion to Amend the Debtors' Schedules Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) (Filed January 18, 2011) (Docket No. 7543)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Objection Deadline: February 1, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 3, 2011 for the Debtors.

Responses Received: None.

Related Document(s):

(a) Sprint Nextel's Notice of Withdrawal of Motion to Amend the Debtors' Schedules Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) [D.I. 7543] (Filed February 3, 2011) (Docket No. 7746)

Status: The Motion was withdrawn. This matter will not be going forward.

## ADJOURNED MATTERS

2. Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

    Related Document(s):

    (a) Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

    Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)    Informal Response received from GE Capital Fleet Services

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the March 1, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

3.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

    (b)    Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

    (c)    Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

    (d)    Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

- (a) Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)
- (b) Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)
- (c) Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)
- (d) Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)
- (e) Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)
- (f) Response by William Virgil Cotton (Filed May 27, 2010) (Docket No. 4628)[2]
- (g) Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order resolving claim number 4863 of CNN Newsource Sales, Inc. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. An evidentiary hearing will be scheduled on the claim of Maureen Dombeck. This matter is adjourned to the March 1, 2011 hearing as to the claims of Marbury von Briesen and Herbert Eye only. On consent of the Debtors and Ms. Godbey, this matter is adjourned to the May 25, 2011 hearing as to the claim of Terry Godbey. This matter will not be going forward.

4. Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Related Document(s):

- (a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

---

[2] The Response of William Virgil Cotton was filed after (i) the Objection Deadline and (ii) the entry of the Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

46429/0001-7290376v2

(b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette are exchanging information with respect to her claim. This matter is adjourned to the March 1, 2011 hearing and will not be going forward.

5. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b) Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010);

(b) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010); and

(c) Informal response received from the City of West Hollywood (Received August 12, 2010)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood. The hearing on the Objection is adjourned to the March 1, 2011 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No. 728 of the City of Chicago. This matter will not be going forward.

6. Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

   Related Document(s):

   (a) Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

   (b) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

   (c) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

   (d) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

   Response Deadline: August 12, 2010 at 4:00 p.m.

   Responses Received:

   (a) Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

   Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc. The parties are in discussions with EMC Corporation to resolve the Objection. This matter is adjourned to the March 1, 2011 hearing and will not be going forward.

6

46429/0001-7290376v2

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

7. Application for an Order Authorizing the Debtors to Retain and Employ Campbell & Levine, LLC as Special Litigation Counsel Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to December 6, 2010 (Filed January 6, 2011) (Docket No. 7390)

    Objection Deadline: February 1, 2011 at 4:00 p.m.

    Responses: None.

    Related Document(s):

    (a) Certification of No Objection Regarding Docket No. 7390 (Filed February 3, 2011) (Docket No. 7766)

    (b) Proposed Order with respect to Docket No. 7390

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

8. Motion for an Order Approving Stipulation Regarding Use of Examiner's Report at the Confirmation Hearing (Filed January 7, 2011) (Docket No. 7423)

    Objection Deadline: February 1, 2011 at 4:00 p.m.

    Responses: None.

    Related Document(s):

    (a) Certification of No Objection Regarding Docket No. 7423 (Filed February 3, 2011) (Docket No. 7767)

    (b) Proposed Order with respect to Docket No. 7423

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

9. Debtors' Thirty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 7, 2011) (Docket No. 7424)

    Response Deadline: February 1, 2011 at 4:00 p.m.

    Responses: None.

46429/0001-7290376v2

Related Document(s):

- (a) Certification of No Objection Regarding Docket No. 7424 (Filed February 3, 2011) (Docket No. 7768)

- (b) Proposed Order with respect to Docket No. 7424

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

10. Debtors' Thirty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed January 7, 2011) (Docket No. 7425)

Response Deadline: February 1, 2011 at 4:00 p.m.

Responses: None.

Related Document(s):

- (a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 25, 2011) (Docket No. 7629)

- (b) Certification of No Objection Regarding Docket No. 7425 (Filed February 3, 2011) (Docket No. 7769)

- (c) Proposed Order with respect to Docket No. 7425

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11. Motion of the Debtors for Entry of an Order Pursuant to Fed. R. Evid. 502(d) (Filed January 12, 2011) (Docket No. 7479)

Objection Deadline: February 1, 2011 at 4:00 p.m.

Responses: None.

Related Document(s):

- (a) Certification of No Objection Regarding Docket No. 7479 (Filed February 3, 2011) (Docket No. 7770)

- (b) Proposed Order with respect to Docket No. 7479

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

**CONTESTED MATTERS GOING FORWARD**

12. Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed September 22, 2010) (Docket No. 5786)

    Response Deadline: October 15, 2010 at 4:00 p.m.

    Responses Received:

    (a) Response of Emerson Tucker to Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed October 18, 2010) (Docket No. 5999)

    (b) Supplement to Response to Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed January 3, 2011) (Docket No. 7363)

    Status: This matter was adjourned from the January 13, 2011 hearing. This matter will be going forward.

13. Aurelius Capital Management LP's Motion to Compel JPMorgan to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37 (Filed January 14, 2011) (Docket No. 7512)

    Objection Deadline: January 19, 2011 at 4:00 p.m.

    Responses Received:

    (a) JPMorgan Chase & Co.'s Objection to Aurelius Capital Management's Motion to Compel the Production of Documents (Filed January 19, 2011) (Docket No. 7555)

    Related Document(s):

    (a) Declaration of Sally Buckman (Filed January 14, 2011) (Docket No. 7513)

    Status: This matter was continued from the January 24, 2011 hearing. This matter will be going forward.

14. The Noteholder Plan Proponents' Motion to Compel Production of Documents and Information Based on the Crime-Fraud Exception and Memorandum of Law in Support Thereof (Filed January 14, 2011) (Docket No. 7517)

    Objection Deadline: January 19, 2011 at 4:00 p.m.
    Pursuant to the Court's directive, the Noteholder Plan Proponents' reply brief was due February 3, 2011 at noon and the Debtors sur-reply is due February 7, 2011 at noon.

Responses Received:

(a) Declaration of James Ducayet in Support of Debtors' Memorandum of Law in Opposition to the Noteholder Plan Proponents' Motion to Compel Production of Documents and Information Based on the Crime-Fraud Exception (Filed January 19, 2011) (Docket No. 7562)

(b) Debtors' Memorandum of Law in Opposition to the Noteholder Plan Proponents' Motion to Compel Production of Documents and Information Based on the Crime-Fraud Exception (Filed January 19, 2011) (Docket No. 7570)

(c) The Noteholder Plan Proponents' Reply Memorandum of Law in Support of Their Motion to Compel Production of Documents and Information Based on the Crime-Fraud Exception (Filed February 3, 2011) (Docket No. 7748)

Related Document(s):

(a) Declaration of David M. Zensky in Support of Motions to Compel Filed by the Noteholder Plan Proponents (Filed January 18, 2011) (Docket No. 7547)

Status: This matter was continued from the January 24, 2011 hearing. This matter will be going forward.

15. Motion by Law Debenture Trust Company to Compel Production of Documents by Merrill Lynch, Pierce, Fenner & Smith Inc. (Filed January 14, 2011) (Docket No. 7521)

Objection Deadline: January 19, 2011 at 4:00 p.m.

Responses Received:

(a) Objection of Merrill Lynch, Pierce, Fenner & Smith, Incorporated to the Motion of Law Debenture Trust Company of New York for an Order Compelling the Production of Documents (Filed January 19, 2011) (Docket No. 7566)

(b) Declaration of Michael E. O'Brien (Filed January 19, 2011) (Docket No. 7567)

(c) Declaration of Joseph M. Drayton (Filed January 19, 2011) (Docket No. 7568)

Related Document(s):

(a) Declaration of Paul Burgo (Filed January 14, 2011) (Docket No. 7530)

(b) Declaration of Garvan F. McDaniel (Filed January 14, 2011) (Docket No. 7531)

Status: This matter was continued from the January 24, 2011 hearing. This matter will be going forward.

16. Law Debenture Trust Company of New York's Motion to Compel Angelo, Gordon & Co., L.P., Oaktree Capital Management, L.P., and Hennigan, Bennett & Dorman LLP to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37 (Filed January 14, 2011) (Docket No. 7522)

Objection Deadline: January 19, 2011 at 4:00 p.m.

Responses Received:

(a) Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and Hennigan, Bennett & Dorman LLP's Opposition to Motion of Law Debenture Company of New York to Compel Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and Hennigan, Bennett & Dorman LLP to Produce Documents (Filed January 19, 2011) (Docket No. 7558)

(b) Declaration of Joshua M. Mester in Support of Opposition to Motion of Law Debenture Company of New York to Compel Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and Hennigan, Bennett & Dorman LLP to Produce Documents (Filed January 19, 2011) (Docket No. 7559)

(c) Declaration of Dawn M. Wilson (Filed January 19, 2011) (Docket No. 7560)

(d) Angelo, Gordon & Co., L.P. and Oaktree Capital Management, L.P.'s Response to Law Debenture Trust Company of New York's Motion to Compel the Production of Documents (Filed January 19, 2011) (Docket No. 7561)

Related Document(s):

(a) Declaration of Matthew Stein (Filed January 14, 2011) (Docket No. 7532)

(b) Declaration of Garvan F. McDaniel (Filed January 14, 2011) (Docket No. 7533)

Status: This matter was continued from the January 24, 2011 hearing. This matter will be going forward.

17. Noteholder Plan Proponent Group's Notice of Filing of Corrected Letter to Judge Carey from Mitchell Hurley and Corrected Exhibits 6, 7, and 8 Thereto (Filed February 2, 2011) (Docket No. 7729)

    Objection Deadline: Pursuant to the Court's directive, responses to the letter are due by 4:00 p.m. on February 4, 2011 at 4:00 p.m.

    Responses Received:

    (a) Debtors' Letter Response to Judge Carey regarding Letter to Judge Carey from Mitchell Hurley (Filed February 2, 2011) (Docket No. 7726)

    (b) Noteholder Plan Proponent Group's Letter to Judge Carey (Filed February 2, 2011) (Docket No. 7741)

    (c) Noteholder Plan Proponent Group's Letter to Judge Carey (Filed February 3, 2011) (Docket No. 7758)

    Status: This matter will be going forward.

18. Letter to Judge Carey from Sheron Korpus, on behalf of Law Debenture Trust Company of New York (Filed February 2, 2011) (Docket No. 7737)

    Objection Deadline: Pursuant to the Court's directive, responses to the letter are due by 12:00 p.m. (noon) on February 7, 2011.

    Responses Received: None at this time.

    Status: This matter will be going forward.

19. Letter to Judge Carey from James F. Bendernagel, Jr., on behalf of the Debtors, regarding a discovery dispute (Filed February 3, 2011) (Docket No. 7752)

    Status: This matter will be going forward as a status conference only.

20. Joint Motion for Entry of an Order Clarifying Discovery and Scheduling Order for Plan Confirmation (Filed February 3, 2011) (Docket No. 7764)

    Objection Deadline: Objections, if any, to be presented at hearing.

    Responses Received: None at this time.

Related Document(s):

(a) Order Setting Expedited Hearing and Shorten Notice Period with Respect to the Joint Motion for Entry of an Order Clarifying Discovery and Scheduling Order for Plan Confirmation (Entered February 4, 2011) (Docket No. 7781)

Status: This matter will be going forward.

21. Letter from Thomas J. McCormack, on behalf of the Official Committee of Unsecured Creditors, requesting the Court's assistance in resolving a discovery dispute with Aurelius Capital Management, LP and Law Debenture Trust Company of New York (Filed February 3, 2011) (Docket No. 7778)

Status: This matter will be going forward as a status conference only.

22. Letter to the Honorable Chief Judge Kevin J. Carey from Benjamin S. Kaminetzky, on behalf of JPMorgan Chase Bank, N.A., regarding subpoena for deposition of Donald Bernstein (Filed February 4, 2011) (Docket No. 7783)

Status: This matter will be going forward as a status conference only.

Dated: February 4, 2011

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION