# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 • FACSIMILE: (312) 782-8585

Direct Number: (216) 586-7175
dgheiman@jonesday.com

JP533664
357951-600009

February 4, 2011

**By Hand**

The Honorable Chief Judge Kevin J. Carey
824 N. Market St., #500
Wilmington, Delaware 19801

    Re:   *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

    We write as counsel to the Special Committee of the Board of Directors of Tribune Company (the "Special Committee") in response to the February 1, 2011 letter to you from Mitchell Hurley of Akin Gump, as counsel for Aurelius, seeking to compel production of documents between Donald Liebentritt (former Tribune General Counsel) and members of the Special Committee ("Motion to Compel"). To avoid duplication of the Debtors' response filed today, which addresses many of the substantive issues raised in the Motion to Compel, the Special Committee incorporates by reference the Debtors' response to the Motion to Compel.

    The Special Committee understands the heart of the dispute to be Aurelius' position that no privilege can exist in any instance between members of the Special Committee and counsel for the Debtors. The Special Committee was established "for the purpose of supervising and taking action with respect to the Company's and its subsidiaries' proceedings under Chapter 11 of Title 11 of the United State Code...." *Unanimous Written Consent of the Board of Directors*, August 27, 2010. Aurelius's implication that the Special Committee has interests adverse to the Debtors *on every issue* is illogical given that the Special Committee is specifically authorized to "exercise all of the powers and authority of the Board with respect to any and all matters relating to the Chapter 11 Proceedings." (*Id.*) Therefore, while it was the role of the Special Committee to maintain supervision and authority independent of the Debtors' management, the Special Committee had an obligation to act in the best interests of the Debtors' estates and their creditors. That obligation was identical to the obligation of the Debtors and management.

    Further, the Special Committee is specifically directed to "obtain assistance, information and/or services from the officers and employees of the Company and its affiliates and the legal counsel, financial advisors, accountants and other professionals retained by the Company in carrying out its responsibilities" and "authorized to employ and retain, at the Company's expense, legal counsel, financial advisors, accountants and other professionals (collectively, "Professional Advisors") or utilize the services of Professional Advisors retained by the

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

February 4, 2011
Page 2

Company (previously or in the future), in each case, to advise the Special Committee, as it deems necessary or advisable, to assist the Special Committee in carrying out its responsibilities." (*Id.*) Under these circumstances, the Special Committee and its counsel clearly maintain a direct privilege, or, at a bare minimum, a common interest privilege which protects the disputed documents from production.

It also is important to note, as counsel for the Special Committee has informed Aurelius's counsel on numerous occasions, that the Special Committee did not simply log and hold back from production every communication between Mr. Liebentritt and the Special Committee. Indeed, counsel undertook a careful review of each document to make a determination if that particular document fell within the applicable privilege, paying particular attention to whether Mr. Liebentritt was acting in a legal or business capacity and/or forwarding or otherwise discussing privileged legal advice or work product from counsel within the scope of the privilege. To that end, the Special Committee produced over 200 documents which were sent to or from Mr. Liebentritt.[1]

Finally, during the meet and confer process relating to production of documents, Aurelius requested and counsel for the Special Committee agreed to produce responsive, non-privileged documents (subject to its objections) on behalf of each individual Special Committee member relating to a time period between December 15, 2009 and August 26, 2010, a time when the Special Committee *did not even exist*, but during which the Special Committee members were on the Board of Directors of Tribune Co. The Special Committee also agreed to include on its privilege log communications from this time period that were privileged. Of the entries Aurelius now disputes from the Special Committee log, more than half are from this time period when there was no Special Committee, when Mr. Liebentritt was General Counsel of the Debtors, and a direct privilege existed between the Board of Directors and counsel for the Debtors.

It should further be noted that Aurelius' recreation of certain Special Committee privilege log entries attached to their Motion to Compel is inaccurate and misleading. Aurelius omitted portions of certain entries on the Special Committee privilege log that relate to other emails in a chain, thus creating an inaccurate reflection of the privilege log entry for the Court. In certain other instances, Aurelius excluded the date, switched the sender and recipients, or left out the recipients. While the Special Committee understands the former to be because Aurelius only seeks to compel the portions of the email chain that they included, and suspects the latter was simply due to a typographical error, the Court should have before it the entire entries and, therefore, attached hereto as Exhibit A complete extractions from the Special Committee privilege log containing these entire entries with the information omitted by Aurelius indicated in bold face.

---

[1] This number only captures the topmost email on a chain, so, in fact, many other emails sent to or from Mr. Liebentritt were also produced as part of email chains.

JONES DAY

February 4, 2011
Page 3

  Finally, during today's meet and confer, the Special Committee agreed to produce certain documents listed on its privilege log. Given the number of documents reviewed, produced or logged here, it is not surprising that on further review, the Debtors and the Special Committee agree that certain "close calls" should be produced. This is particularly true here when the Special Committee took careful steps not to produce materials that the Debtors considered privileged when it produced its documents prior to the time that the Debtors did. As the Debtors' note, the Special Committee was diligent in taking careful steps to protect the Debtors' privilege on documents that were a "close call" prior to production by the Debtors, but has now had time to confer with Debtors on these documents and determined that they may be released.

  For all of the reasons set forth herein and in the Debtors' letter to the Court, Aurelius' request should be denied.

Very truly yours,

*/s/ David G. Heiman*

David G. Heiman, Esq.

cc: All counsel entitled to notice pursuant to Paragraph 35 of the Case Management Order

In re Tribune Corporation et al., Debtors.
U.S.B.C., District of Delaware, Case No. 08-13141 (KJC)
Extracted Entries from the Privilege Log of the Special Committee of the Board of Directors of Tribune Corporation
January 18, 2011

| No. | Bates No. | Date | Author | Recipient | Copied To | Subject Matter | Privilege | Redacted |
|---|---|---|---|---|---|---|---|---|
| 39 | | 8/21/10 | Mark Shapiro | Don Liebentritt, Esq.; Frank Wood; Jeff Berg; Maggie Wilderotter | | Email regarding legal advice related to separate counsel for the Special Committee. | Attorney Client Privilege | Attorney Client Privilege |
| 44 | SCTRIB-0001784 SCTRIB-0000936 | 1. 8/21/10 2. 8/21/10 3. 8/21/10 4. 8/21/10 | 1. Mark Shapiro 2. Maggie Wilderotter 3. Mark Shapiro 4. Don Liebentritt, Esq. | 1. Maggie Wilderotter; Don Liebentritt, Esq.; Frank Wood; Jeff Berg 2. Mark Shapiro; Don Liebentritt, Esq.; Frank Wood; Jeff Berg 3. Don Liebentritt, Esq.; Frank Wood; Jeff Berg; Maggie Wilderotter 4. Frank Wood; Jeff Berg; Maggie Wilderotter; Mark Shapiro | | Email exchange providing and reflecting legal advice related to the formation, structure, and responsibilities of the Special Committee. | Attorney Client Privilege | |
| 46 | | 8/21/10 | Maggie Wilderotter | Don Liebentritt, Esq.; Mark Shapiro; Frank Wood; Jeff Berg | | Email regarding legal advice related to separate counsel for the Special Committee. | Attorney Client Privilege | |
| 58 | | 1. 8/23/10 2. 8/22/10 3. 8/22/10 | 1. Maggie Wilderotter 2. Don Liebentritt, Esq. 3. Fredrick Sherman, Esq. | 1. Don Liebentritt, Esq.; Fredrick Sherman, Esq.; David Heiman, Esq. 2. Fredrick Sherman, Esq.; Maggie Wilderotter; David Heiman, Esq. 3. Don Liebentritt, Esq.; Maggie Wilderotter; David Heiman, Esq. | | Emails providing and regarding legal advice related to separate counsel for the Special Committee. | Attorney Client Privilege Common Interest Privilege | |
| 61 | | 8/23/10 | Maggie Wilderotter | Don Liebentritt, Esq. | | Email regarding legal advice related to separate counsel for the Special Committee. | Attorney Client Privilege Common Interest Privilege | |
| 165 | | 1. 9/21/10 2. 9/20/10 | 1. Don Liebentritt, Esq. 2. Maggie Wilderotter | 1. Maggie Wilderotter; Frank Wood; Jeff Berg; Mark Shapiro 2. Don Liebentritt, Esq.; Frank Wood; Jeff Berg; Mark Shapiro | 1. James Conlan, Esq.; David Kurtz; David Heiman, Esq. | Emails requesting and providing legal advice regarding strategy related to mediation and plan drafting and negotiations. | Attorney Client Privilege Common Interest Privilege | |

1 of 4

In re Tribune Corporation et al., Debtors.
U.S.B.C., District of Delaware, Case No. 08-13141 (KJC)
Extracted Entries from the Privilege Log of the Special Committee of the Board of Directors of Tribune Corporation
January 18, 2011

| No. | Bates No. | Date | Author | Recipient | Copied To | Subject Matter | Privilege | Redacted |
|---|---|---|---|---|---|---|---|---|
| 232 | SCTRIB-0000126 SCTRIB-0000121 | 1. 10/1/10 2. 10/1/10 3. 10/1/10 | 1. David Kurtz 2. Mark Shapiro 3. Don Liebentritt, Esq. | 1. Mark Shapiro; Don Liebentritt, Esq. 2. Don Liebentritt, Esq.; David Kurtz 3. Mark Shapiro | 1. David Heiman, Esq. 2. David Heiman, Esq. | Email reflecting work product and analysis intended to facilitate legal advice and attorney work product related to plan negotiations and negotiations with specific parties regarding settlement. | Attorney Client Privilege Common Interest Privilege | Attorney Client Privilege Common Interest Privilege |
| 269 | | 1. 10/2/10 2. 10/2/10 3. 10/2/10 4. 10/2/10 5. 10/1/10 | 1. Don Liebentritt, Esq. 2. Randy Michaels 3. Don Liebentritt, Esq. 4. David Eldersveld, Esq. 5. Kerriann Mills, Esq. | 1. Mark Shapiro 2. Don Liebentritt, Esq.; David Eldersveld, Esq.; Nils Larsen; Chandler Bigelow 3. David Eldersveld, Esq.; Nils Larsen; Chandler Bigelow 4. Don Liebentritt, Esq.; Nils Larsen; Chandler Bigelow 5. Don Liebentritt, Esq.; David Eldersveld, Esq.; Nils Larsen | 2. James Conlan, Esq.; Kevin Lantry, Esq.; Jessica Boelter, Esq.; David Kurtz; Suneel Mandava; Brian Whittman; Gerry Spector 3. Randy Michaels; James Conlan, Esq.; Kevin Lantry, Esq.; Jessica Boelter, Esq.; David Kurtz; Suneel Mandava; Brian Whittman 5. James Conlan, Esq.; Bryan Krakauer, Esq.; Janet Henderson, Esq.; Kevin Lantry, Esq.; James Bendernagel, Esq.; Jessica Boelter, Esq.; Gregory Demo, Esq.; Brian Whittman; Matt Frank; skaufman@alvarezandmarsal.com; Suneel Mandava | Emails attaching, requesting and providing legal advice and direction to counsel related to the draft disclosure statement and the management incentive plan hearing. | Attorney Client Privilege Work Product Common Interest Privilege | |
| 361 | | 1. 10/21/10 2. 10/21/10 | 1. Don Liebentritt, Esq. 2. Jessica Boelter, Esq. | 1. Mark Shapiro 2. Don Liebentritt, Esq. | | Emails regarding and forwarding legal advice related to discussions with Oak Tree related to TM/IP/KOB/Transition Comp. | Attorney Client Privilege Common Interest Privilege | |

In re Tribune Corporation et al., Debtors.
U.S.B.C., District of Delaware, Case No. 08-13141 (KJC)
Extracted Entries from the Privilege Log of the Special Committee of the Board of Directors of Tribune Corporation
January 18, 2011

| No. | Bates No. | Date | Author | Recipient | Copied To | Subject Matter | Privilege | Redacted |
|---|---|---|---|---|---|---|---|---|
| 423 | | 1. 4/6/10<br>2. 4/6/10<br>3. 4/1/10<br>4. 3/31/10 | 1. Maggie Wilderotter;<br>2. Don Liebentritt, Esq.;<br>3. Don Liebentritt, Esq.;<br>4. Don Liebentritt, Esq. | 1. Don Liebentritt, Esq.;<br>2. Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wilderotter, Mark Shapiro, Randy Michaels, Sam Zell, William Osborn;<br>3.Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wildero | 2. David Kurtz, James Conlan, Esq., Larry Barden, Esq., Bryan Krakauer, Esq., James Bendernagel, Esq., Gerry Spector, Chandler Bigelow, Larsen Nils, Daniel Kazan, Brian Litman, David Eldersveld, Esq.;<br>3. David Kurtz, James Conlan, Esq., Larry Barden, Esq. | Email reflecting attorney advice and work product of status of settlement negotiations. | Attorney Client Privilege<br>Common Interest Privilege<br>Work Product | |
| 424 | | 1. 4/1/10<br>2. 4/1/10<br>3. 3/31/10 | 1. Maggie Wilderotter;<br>2. Don Liebentritt, Esq.;<br>3. Don Liebentritt, Esq. | 1. Don Liebentritt, Esq.;<br>2. Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wilderotter, Mark Shapiro, Randy Michaels, Sam Zell, William Osborn;<br>3.Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wilderott | 2. David Kurtz, James Conlan, Esq., Larry Barden, Esq., Bryan Krakauer, Esq., James Bendernagel, Esq., Gerry Spector, Chandler Bigelow, Larsen Nils, Daniel Kazan, Brian Litman, David Eldersveld, Esq.;<br>3. David Kurtz, James Conlan, Esq., Larry Barden, Esq | Email reflecting attorney advice and work product of status of settlement negotiations. | Attorney Client Privilege<br>Common Interest Privilege<br>Work Product | |

In re Tribune Corporation et al., Debtors.
U.S.B.C., District of Delaware, Case No. 08-13141 (KJC)
Extracted Entries from the Privilege Log of the Special Committee of the Board of Directors of Tribune Corporation
January 18, 2011

| No. | Bates No. | Date | Author | Recipient | Copied To | Subject Matter | Privilege | Redacted |
|---|---|---|---|---|---|---|---|---|
| 425 | | 1. 3/31/10<br>2. 3/31/10 | 1. Maggie Wilderotter;<br>2. Don Liebentritt, Esq. | 1. Don Liebentritt, Esq.;<br>2. Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wilderotter, Mark Shapiro, Randy Michaels, Sam Zell, William Osborn | 2. David Kurtz, James Conlan, Esq., Larry Barden, Esq., Bryan Krakauer, Esq., James Bendernagel, Esq., Gerry Spector, Chandler Bigelow, Larsen Nils, Daniel Kazan, Brian Litman, David Eldersveld, Esq. | Email reflecting attorney impressions of status of settlement negotiations. | Attorney Client Privilege<br>Common Interest Privilege<br>Work Product | |
| 427 | | 1. 3/17/10<br>2. 3/17/10 | 1. Maggie Wilderotter;<br>2. Don Liebentritt, Esq. | 1. Don Liebentritt, Esq.;<br>2. Betsy Holden, Bill Pate, Brian Greenspun, Frank Wood, Jeff Berg, Maggie Wilderotter, Mark Shapiro, Randy Michaels, Sam Zell, William Osborn | 2. David Kurtz, James Conlan, Esq., Larry Barden, Esq., Bryan Krakauer, Esq., James Bendernagel, Esq., Gerry Spector, Chandler Bigelow, Larsen Nils, Daniel Kazan, Brian Litman, David Eldersveld, Esq., Brian Whittman, Tom Hill, Suneel Mandava | Email reflecting legal advice and analysis regarding settlement discussions, filing of claims, and the impact of these issues on the overall plan. | Attorney Client Privilege<br>Common Interest Privilege<br>Work Product | |