## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

TRIBUNE COMPANY, et al.,

                   Debtors.

 : Chapter 11
 :
 :
 : Case No. 08-13141 (KJC)
 :
 : (Jointly Administered)
 :
 : Related to Docket No. 7479, 7770
 :
 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER PURSUANT TO RULE 502(d), FEDERAL RULES OF EVIDENCE

Upon the Motion of the Debtors for the Entry of an Order Pursuant to Fed R. Evid.

502(d) (the "Motion")[1] pursuant to Bankruptcy Code section 105(a), Federal Rule of Bankruptcy

Procedure 9017, and Federal Rule of Evidence 502(d); and it appearing that the relief requested

therein is in the best interest of the Debtors, their estates and creditors, and other parties in

interest, and due and proper notice having been given under the circumstances; and a hearing

(the "Confirmation Hearing") on the possible confirmation of the plans of reorganization

proposed for the Debtors is scheduled to commence on or about March 7, 2011 before the

Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, United States Bankruptcy

Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington

DE 19801; and after due deliberation it is hereby

IT IS HEREBY ORDERED as follows:

        1.      If, in response to a document request, deposition notice, or document or

deposition subpoena served in connection with the Confirmation Hearing, any person (a

"Responding Party"), produces documents or other information to any other person (a

"Requesting Party") and the Responding Party thereafter concludes that such documents or other

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

information were subject to a claim of privilege and/or work product protection prior to being produced to the Requesting Party, pursuant to Federal Rule of Evidence 502(d) such disclosure of such documents or other information to the Requesting Party shall not constitute or be deemed to be a waiver or forfeiture of any claim of attorney-client privilege or work-product protection that the Responding Party would otherwise be entitled to assert with respect to the documents or other information in question, or to the subject matter thereof, either in connection with the Confirmation Hearing and the captioned bankruptcy case or in any other Federal or State proceeding.

2.    If the Responding Party notifies the Requesting Party in writing that the Responding Party is asserting privilege and/or work product protection for documents previously provided to the Requesting Party, the Requesting Party shall, within five business days of receipt of that writing, at the Responding Party's election, either return to the Responding Party or destroy all copies of documents covered by that claim of privilege and/or work product, and shall advise the Responding Party in writing that it has done so.

3.    The Requesting Party may move the Court for an order compelling production of documents covered by the preceding paragraph.  Such a motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the prior production.

4.    The Responding Party retains the burden of establishing the privileged or protected nature of any document or other information subject to this Order.

46429/0001-7302206v

5.    The Bankruptcy Court shall have jurisdiction to hear and determine all

matters arising from or related to the implementation or interpretation of this Protocol.

Date: February ___4___, 2011

HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-7302206v