# **Exhibit B**

{00483973;v1}

13241344.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
:
In re: : Chapter 11
:
TRIBUNE COMPANY et al., : Case No. 08-13141 (KJC)
:
Debtors. : (Jointly Administered)
:
: Re: Docket Nos. 7512, 7555 & _____
------------------------------x

## ORDER APPROVING STIPULATION CONCERNING AURELIUS CAPITAL MANAGEMENT, LP'S MOTION (D.I. 7512) TO COMPEL JPMORGAN TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULES 9014 AND 7037 AND FEDERAL RULE OF CIVIL PROCEDURE 37

Upon review and consideration of the *Stipulation Concerning Aurelius Capital Management, LP's Motion (D.I. 7512) to Compel JPMorgan to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37* (the "Stipulation"), attached hereto as Exhibit 1, and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Stipulation is hereby APPROVED.

2. The parties to the Stipulation are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

3. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order

Dated: February ____, 2011
       Wilmington, Delaware       _____
                                  THE HONORABLE KEVIN J. CAREY
                                  UNITED STATES BANKRUPTCY JUDGE

{00483973;v1}

13241344.3

# Exhibit 1

{00483973;v1}

13241344.3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Re: Docket Nos. 7512 & 7555 |

**STIPULATION CONCERNING AURELIUS CAPITAL MANAGEMENT, LP'S MOTION (D.I. 7512) TO COMPEL JPMORGAN TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULES 9014 AND 7037 AND FEDERAL RULE OF CIVIL PROCEDURE 37**

WHEREAS Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius") filed a motion (D.I. 7512) to compel JPMorgan Chase & Co. ("JPMorgan") to produce certain FCC-Related Documents (the "Motion");

WHEREAS JPMorgan has objected to the Motion (D.I. 7555);

WHEREAS the parties have negotiated a settlement that fully resolves the Motion on the terms and conditions set forth in this Stipulation;

IT IS NOW HEREBY STIPULATED AND AGREED:

Subject to the following paragraphs of this Stipulation, JPMorgan will produce the following documents to Aurelius relating to FCC matters ("FCC Discovery"):

　　1.　With respect to Freedom Communications Holdings, Inc. and Journal Register Company, the Certificate of Incorporation, Bylaws, Stockholders Agreement, Limited Liability Company Agreement, Partnership Agreement, or similar documents, to the extent the same (x) are within JPMorgan's possession, and (y) show:

{00483979;v1}

13240679.2

    (a) the governance structure of such entity and any governance or management authority or rights of JPMorgan, including director designation or nomination rights; or

    (b) the Equity Interest[1] or Debt Interest[2] held or managed by JPMorgan;[3] and

    (c) to the extent that such documents do not reflect the information called for in Paragraph 1(b), a statement indicating whether JPMorgan owns a 5% or greater Equity Interest or more than a 33% Debt Interest, and, with respect to any 5% or greater Equity Interest, whether such interest is between 5% and 25%, exceeds 25% but is not more than 50%, or exceeds 50%.

2. With respect to Gannett Co., Inc. ("Gannett"), reports filed with the Securities and Exchange Commission, Prospectuses, Annual Reports, or similar documents, to the extent the same (x) are within JPMorgan's possession, (y) are not restricted from disclosure (including by any applicable confidentiality provisions or agreements), and (z) show:

    (a) the identity of the JPMorgan entities that hold an Equity Interest in Gannett; or

---

[1] "Equity Interest" means any current direct or indirect ownership interest, excluding any contingent or future interest such as an option or warrant.

[2] "Debt Interest" means any debt.

[3] For purposes of paragraphs 1-4, "JPMorgan" means JPMorgan or any affiliate of JPMorgan.

    (b) whether any such entity is an investment company, as defined in 15 U.S.C. § 80a-3; or

    (c) the identity of the investment advisor for each such investment company and the relationship of such investment advisor to JPMorgan; and

    (d) to the extent that such documents do not reflect the information called for in Paragraphs 2(a)-(c), a statement setting forth such information.

3. With respect to the entities set forth on <u>Exhibit A</u> hereto,

    (a) a statement indicating whether JPMorgan owns a 5% or greater Equity Interest or more than a 33% Debt Interest, and, with respect to any 5% or greater Equity Interest, whether such interest is between 5% and 25%, exceeds 25% but is not more than 50%, or exceeds 50%; and

    (b) for any such entity in which JPMorgan holds such an interest, the Certificate of Incorporation, Bylaws, Stockholders Agreement, Limited Liability Company Agreement, Partnership Agreement, or similar documents, to the extent the same (x) are within JPMorgan's possession, (y) are not restricted from disclosure (including by any applicable confidentiality provisions or agreements), and (z) show:

      (i) the governance structure of such entity and any governance or management authority or

        rights of JPMorgan, including director designation or nomination rights; or

        (ii)    the Equity Interest or Debt Interest held or managed by JPMorgan.

4. Documents that show the terms and conditions of any delegation of authority to the individuals named in the FCC Applications as handling the day-to-day management of JPMorgan Chase Bank, N.A.'s holdings in Reorganized Tribune, or confirmation that no such documents exist.

5. Provision of the information set forth herein will resolve Aurelius' Motion to Compel (D.I. 7512), which Aurelius shall promptly withdraw with prejudice. Any documents and information that JPMorgan may produce in connection with this resolution are subject to the protections of the Depository Order (D.I. 2858); as provided by the Depository Order and Acknowledgement thereto, Aurelius agrees to use the documents "solely in connection with the Cases." (Acknowledgement, ¶ 3.) Pursuant to the Depository Order and Acknowledgment, certain documents produced by JPMorgan may be designated "Financial Institution Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential." Aurelius reserves its rights pursuant to the Depository Order and Acknowledgement to challenge such designations, but will abide by the terms of the Depository Order and Acknowledgment applicable to such documents and, absent further order of the Court, will not use such documents in a bankruptcy or other court filing unless filed under seal.

(Acknowledgment, ¶ 7) In addition, absent further order of the Court, Aurelius agrees not to raise, utilize, provide or discuss any such documents (as identified in the preceding sentence), or facts learned therein, with the FCC, except to the extent such documents or facts are otherwise publicly available (other than by means of a violation of this Stipulation and Order). JPMorgan reserves all of its rights as set forth in JPMorgan's Objections and Responses to Aurelius' Second Request for the Production of Documents.

6. The statements provided pursuant to this Stipulation shall be based on JPMorgan's knowledge, information, and belief, formed after a reasonable, good faith inquiry. JPMorgan will use its reasonable best efforts to produce the foregoing documents on a rolling basis by February 11, 2011, and will in any event comply with its obligation under the Case Management Order to complete production within 15 days of this Order.

7. To the extent that Aurelius wishes to submit a report on behalf of an FCC expert, such report shall be due on February 14, 2011 by 1 p.m. EST. To the extent that JPMorgan or any other proponent of the Debtor/Committee/Lender Plan wishes to submit a rebuttal report on behalf of an FCC expert, such report shall be due on February 25, 2011.

Dated: February 4, 2011
Wilmington, Delaware

/s/ Drew G. Sloan
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700

-and-

Benjamin S. Kaminetzky
Elliot Moskowitz
Michael Russano
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000

-and-

Richard E. Wiley
James R.W. Bayes
Eve Klindera Reed
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Tel: (202) 719-7000

*Attorneys for JPMorgan Chase & Co.*

/s/ Leigh-Anne M. Raport
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
Leigh-Anne M. Raport (I.D. No. 5055)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Fax: (302) 654-2067

-and-

Meredith S. Senter, Jr.
Sally A. Buckman
LERMAN SENTER, PLLC
2000 K Street NW
Washington, DC 20006
Tel: (202) 429-8970

-and-

Edward A. Friedman
Robert J. Lack
William P. Weintraub
FRIEDMAN KAPLAN SEILER &
   ADELMAN LLP
1633 Broadway
New York, NY 10019
Tel: (212) 833-1100

*Attorneys for Aurelius Capital Management, LP*

# EXHIBIT A

| |
|---|
| Affiliated Media Inc. |
| Sun-Times Media Holdings LLC |
| ASP Westward, L.P. |
| Seattle Times Company |
| Swift Newspapers Inc. |
| Halifax Media Acquisition Inc. |
| American Consolidated Media, L.P. |
| GateHouse Media Inc |
| Fisher Communications Inc. |
| Black Crow Media Group |
| Newsweb Corporation |
| Cherry Creek Radio LLC |
| Citadel Broadcasting |
| Grupo Radio Centro |
| Entravision Communications Corp |
| ION Media Networks Inc. |
| Inner City Broadcasting Corporation |
| Lazer Broadcasting Corporation |
| Liberman Broadcasting Inc. |
| Max Media LLC |
| Morris Communications Company |
| Midwest Communications Incorporated |
| Millennium Radio Group LLC |
| Nassau Broadcasting |
| NextMedia Group Inc. |
| NRG Media LLC |
| Philadelphia Media Network, Inc. [Philadelphia Inquirer] |
| Radio One Inc. |
| Saga Communications Inc |
| Salem Communications Corporation |
| Sinclair Broadcast Group Inc. |
| Spanish Broadcasting Systems |
| Townsquare Media LLC |
| TTBG LLC [former Pappas stations] |
| Broadcasting Media Partners [Univision] |
| Vox Media |
| WRNN-TV |
| ZGS Communications |

13240683.2