**<u>Attachment I</u>**

**Exhibit 5.17.1**

**Litigation Trust Agreement**

**NOTEHOLDER PLAN EXHIBIT 5.17.1**

<u>LITIGATION TRUST AGREEMENT</u>

This Exhibit is subject to all of the provisions of the Noteholder Plan, including, without limitation, Section 13.8, pursuant to which the Proponents have reserved the right, subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, to alter, amend or modify the Noteholder Plan or the Exhibits at any time prior to or after the Confirmation Date but prior to substantial consummation of the Noteholder Plan.

## TRIBUNE LITIGATION TRUST AGREEMENT

This Tribune Litigation Trust Agreement (the "**Litigation Trust Agreement**") is made this ____ day of _____ 2011 by and between Tribune Company ("**Tribune**"), on behalf of itself and the other Debtors, and the individual identified on <u>Exhibit A</u>, as trustee (such Person and each successor trustee, the "**Litigation Trustee**"), and creates and establishes the litigation trust (the "**Litigation Trust**") referenced herein in order to facilitate the implementation of the Joint Chapter 11 Plan of Reorganization for the Debtors proposed by Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes, dated December 9, 2010 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "**Plan**"). Each of the Debtors (or, after the Effective Date, the Reorganized Debtors) and the Litigation Trustee are sometimes referred to herein individually as a "**Party**" and, collectively, as the "**Parties**."

## RECITALS

WHEREAS, Tribune and certain of the other Debtors filed voluntary petitions for relief (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on December 8, 2008 (the "**Petition Date**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

WHEREAS, on _____, 2011, the Bankruptcy Court entered its order confirming the Plan (the "**Confirmation Order**"); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "**Effective Date**"), for (a) the creation and establishment of the Litigation Trust and the creation and distribution of all of the beneficial interests in the Litigation Trust to the Distribution Trust as the sole beneficiary thereof (the "**Beneficiary**"), (b) the transfer to the Litigation Trust of the Litigation Trust Causes of Action, (c) the prosecution and settlement of the Litigation Trust Causes of Action by the Litigation Trustee and the distribution of the proceeds therefrom to the Beneficiary, in accordance with this Litigation Trust Agreement, the Plan, the Confirmation Order and the Litigation Distribution Orders (collectively, the "**Directives**"); and

WHEREAS, the Litigation Trust is intended to qualify (i) as a "liquidating trust" under the Internal Revenue Code of 1986, as amended (the "**IRC**") and the regulations promulgated thereunder ("**Treasury Regulations**"), specifically Treasury Regulation section 301.7701-4(d); and (ii) as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC, with the Distribution Trust as its beneficiary.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For all purposes of this Litigation Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Plan. Unless otherwise specified, Article, Section and Paragraph references herein are to Articles, Sections and Paragraphs of this Litigation Trust Agreement.

## ARTICLE II
## ESTABLISHMENT OF THE LITIGATION TRUST

2.1    <u>Establishment of Litigation Trust and Appointment of Litigation Trustee</u>.

(a)    Pursuant to the Plan and the Confirmation Order, the Parties hereby establish a trust which shall be known as the "Tribune Litigation Trust."

(b)    The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date and agrees to accept and hold the assets of the Litigation Trust in trust for the Beneficiary subject to the provisions hereof and the Directives. The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)    The Litigation Trustee and the members of the Litigation Trust Advisory Board (each, a "**Member**") shall serve without bond.

(d)    For the avoidance of doubt, none of the Litigation Trustee or any Member is an officer, director or fiduciary of any of the Reorganized Debtors.

2.2    <u>Transfer of the Litigation Trust Causes of Action</u>.

(a)    Pursuant to the Plan, as of the Effective Date, the Debtors and the Estates shall transfer, assign and deliver to the Litigation Trust, without recourse, all of their respective rights, title, and interest in and to all Litigation Trust Causes of Action and all assets and information of the Debtors necessary to investigate, prosecute, protect and conserve all Litigation Trust Causes of Action including, without limitation, control over (including the rights to waive) all attorney/client privileges, work product privileges, accountant/client privileges and any other evidentiary privileges related to the Litigation Trust Causes of Action that, prior to the Effective Date, belonged to the Debtors or the Estates pursuant to applicable federal and state law.  The Distribution Trust shall become the sole Beneficiary of the Litigation Trust, entitled to all of the rights, title, and interest in and to any proceeds from the Litigation Causes of Action, in accordance with this Litigation Trust Agreement and the other Directives (all property held or to be held by

2

the Litigation Trust, for the benefit of the Beneficiary, including without limitation such property described above, the "**Litigation Trust Assets**").

(b)    It is intended that such transfers, assignments and deliveries shall be exempt from all stamp taxes, real estate transfer, mortgage reporting, sales, use or other similar taxes pursuant to section 1146(a) of the Bankruptcy Code.

2.3    Funding of the Litigation Trust.

(a)    On the Effective Date and from time to time thereafter as determined jointly by the Distribution Trustee and the Litigation Trustee, with the approval of the Distribution Trust Advisory Board and the Litigation Trust Advisory Board, respectively, the Distribution Trust shall provide an agreed amount of funding to the Litigation Trust from the Distribution Trust Initial Funding and the other sources of funding available to the Distribution Trust, and the Litigation Trust shall establish an expense fund (the "**Trust Expense Fund**") therewith to fund the costs and expenses involved in the administration and operation of the Litigation Trust, as set forth herein and in the Plan.  To the extent that any of such funding is not used, and no longer reserved, to fund such costs and expenses of the Litigation Trust (as determined by the Litigation Trust Advisory Board, and the Distribution Trust Advisory Board), such unused funding (but not any other Trust Expense Funding) shall be returned to the Distribution Trust promptly following the final resolution of all Litigation Trust Causes of Action.  Further, the Litigation Trustee shall have the power and authority, with the approval of the Litigation Trust Advisory Board, to retain proceeds from any of the Litigation Trust Assets and to add such proceeds to the Trust Expense Fund, at any time and from time to time, in such amounts as the Litigation Trustee, with the approval of the Litigation Trust Advisory Board, deems reasonable and appropriate to ensure that the Trust Expense Fund will be adequate to meet the applicable costs and expenses of the Litigation Trust, and to arrange for other sources of financing, as the Litigation Trustee deems necessary or desirable in its sole discretion, subject to the approval of the Litigation Trust Advisory Board.  Any amounts used by the Litigation Trustee to fund the Trust Expense Fund are hereinafter referred to as "**Trust Expense Funding**."

(b)    Any failure or inability of the Litigation Trust to obtain Trust Expense Funding will not affect the enforceability of the Litigation Trust.

2.4    Title to the Litigation Trust Assets.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 hereof is being made for the sole benefit, and on behalf of, the Beneficiary. Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Debtors', the Estate's and the Beneficiary's rights, title and interest in the Litigation Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Litigation Trust Assets upon their assignment and transfer to the Litigation Trust (other than as provided herein or in the Plan).

2.5    Nature and Purpose of the Litigation Trust.

3

(a)   <u>Purpose</u>.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions contained in the Directives and subject to the approval of the Litigation Trust Advisory Board, shall (i) hold and administer the Litigation Trust Assets and distribute to the Beneficiary the proceeds from the Litigation Trust Causes of Action in a timely fashion in accordance with the Directives and in accordance with Treasury Regulation section 301.7701-4(d), and (ii) pursue the Litigation Trust Causes of Action (other than the Senior Loan Claims Sharing Resolution and the applicability of the subordination provisions in the Bridge Loan Guaranty Agreement), regardless of whether such causes of action were commenced by the Creditors' Committee or another party prior to the Effective Date.  The Litigation Trust shall have the sole responsibility for the pursuit and settlement of the Litigation Trust Causes of Action and the sole power and authority to allow or settle and compromise any Claims related to the Litigation Trust Causes of Action.  The primary purpose of the Litigation Trust is to liquidate the assets held thereby with no objective to continue or engage in the conduct of, or to further, any trade or business.   The Litigation Trustee shall be under an obligation to make continuing reasonable efforts to timely resolve the Litigation Trust Causes of Action and not unreasonably prolong the duration of the Litigation Trust.

(b)   <u>Relationship</u>.   This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, the Litigation Trust Advisory Board (or any of its Members), the Beneficiary or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiary to the Litigation Trustee and the Litigation Trust Advisory Board shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship.  The rights of the Beneficiary shall be limited to those conferred upon it by the Directives.

2.6   <u>Cooperation of Reorganized Debtors</u>.  The Reorganized Debtors and each employee, officer and director of the Reorganized Debtors shall be required to cooperate in all respects, at the Reorganized Debtors' sole cost and expense, with the Litigation Trustee in the administration of the Litigation Trust (including, without limitation, the investigation and prosecution of the Litigation Trust Causes of Action) and shall not take any action that could interfere with or fail to take any action within the Reorganized Debtors' control if such failure could interfere with, such administration of the Litigation Trust.   The Litigation Trustee shall have the right to seek relief from the Bankruptcy Court, including seeking an order of contempt of the Directives, if, in the Litigation Trustee's judgment, the Reorganized Debtors or any employee, officer or director of the Reorganized Debtors fails to cooperate in accordance with the provisions of this Section.  The Reorganized Debtors shall preserve (at their sole cost and expense) all records and documents (including all electronic records or documents) related to the Litigation Trust Causes of Action for a period of five (5) years after the Effective Date, or if any Litigation Causes of Action have been asserted in a pending action, then until such later time as the Litigation Trustee notifies the Reorganized Debtors in writing that such records are no longer required to be

4

preserved.  The Litigation Trustee shall be permitted to use all such records and documents in connection with the investigation and prosecution of the Litigation Trust Causes of Action.  Further, the Debtors and the Reorganized Debtors shall deliver or cause to be delivered (at the Debtors' and the Reorganized Debtors' sole cost and expense) to the Litigation Trustee any information and documents (including those maintained in electronic format and original documents), whether held by the Debtors or Reorganized Debtors, their agents, advisors, attorneys, accountants or any other professional hired by the Debtors or Reorganized Debtors, that the Litigation Trustee believes are reasonably necessary or desirable in assisting the Litigation Trustee in connection with the Litigation Trust Causes of Action.  The Debtors and the Reorganized Debtors shall not be permitted to invoke any privilege, including, but not limited to, attorney/client privileges, work product privileges, accountant/client privileges or any other evidentiary privileges to prevent the Litigation Trustee from using such records and documents for the purpose of investigating and prosecuting the Litigation Trust Causes of Action.

2.7    <u>Relationship to, and Incorporation of, the Plan</u>.  The principal purpose of this Litigation Trust Agreement is to aid in the implementation of the Directives, and therefore this Litigation Trust Agreement incorporates the provisions thereof by this reference. To that end, the Litigation Trustee shall have full power and authority to take any action consistent with the purpose and provisions of all of the Directives, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Litigation Trust Agreement, in each case with the approval of the Litigation Trust Advisory Board.  As among the Litigation Trust, the Litigation Trustee, the Litigation Trust Advisory Board, the Beneficiary, the Debtors and the Reorganized Debtors, if any provisions of this Litigation Trust Agreement are found to be inconsistent with the provisions of the Plan, the Confirmation Order or the Litigation Distribution Orders, each such document shall have controlling effect in the following rank order: Litigation Distributions Orders, Confirmation Order, the Plan and this Litigation Trust Agreement.

2.8    <u>Appointment as Representative</u>.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Litigation Trustee shall be the duly appointed representative of the Estates for certain limited purposes and, as such, to the extent provided herein, the Litigation Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution of the Litigation Trust Causes of Action. To the extent that any of the Litigation Trust Causes of Action cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Reorganized Debtors (other than for tax purposes) and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors' Estates to the extent provided herein pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Litigation Trust Causes of Action on behalf of the Estates.  Notwithstanding the foregoing, all net proceeds of the Litigation Trust Assets shall be distributed consistent with the provisions of the Plan and the other Directives. For avoidance of doubt, any of the Litigation Trust Causes of Action subject to this

5

Section 2.7 shall be treated by the Parties for U.S. federal, state and local income tax purposes as a disposition of the Litigation Trust Causes of Action by the Reorganized Debtors as described in Section 8.1 below.

## ARTICLE III
## LITIGATION TRUST INTERESTS

3.1    <u>Litigation Trust Interests</u>.  The beneficial interests in the Litigation Trust will be represented by book entries on the books and records of the Litigation Trust.  The Litigation Trust will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

3.2    <u>Interests Beneficial Only</u>.  The ownership of the beneficial interests in the Litigation Trust shall not entitle the Beneficiary to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

3.3    <u>Non-Transferability of Litigation Trust Interests</u>.  No transfer, assignment, pledge or hypothecation of any beneficial interests in the Litigation Trust, either in whole or in part, shall be permitted.

3.4    <u>Exemption from Registration</u>.  The parties hereto intend that the rights of the Beneficiary arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan. If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, then the Litigation Trustee shall take commercially reasonable efforts to comply with such registration and reporting requirements.

3.5    <u>Change of Address</u>**.  The Beneficiary may, after the Effective Date, select an alternative distribution address by providing notice to the Litigation Trustee identifying such alternative distribution address.  Such notification shall be effective only upon receipt by the Litigation Trustee.  Absent actual receipt of such notice by the Litigation Trustee, the Litigation Trustee shall not recognize any such change of distribution address.

## ARTICLE IV
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE

4.1    <u>Role of the Litigation Trustee</u>.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Directives, the Litigation Trustee shall, subject to the approval of the Litigation Trust Advisory Board (i) receive, manage, supervise and protect the Litigation Trust

6

Assets upon its receipt of same on behalf of and for the Beneficiary; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise the Litigation Causes of Action, and any objections to Claims related to the Litigation Trust Causes of Action; (iii) prepare and file all required tax returns and pay taxes and all other obligations of the Litigation Trust; and (iv) have all such other responsibilities as may be vested in the Litigation Trustee pursuant to the Directives and all other orders of the Bankruptcy Court.   The Litigation Trustee in consultation with, and subject to the approval of, the Litigation Trust Advisory Board, shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets, such decisions and duties to be carried out in accordance with the Directives. In all circumstances, the Litigation Trustee shall act in the best interests of the Beneficiary and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to resolve the Litigation Trust Causes of Action and to make timely distributions of any proceeds therefrom and not unreasonably prolong the duration of the Litigation Trust.   The Litigation Trustee shall have fiduciary duties to the Beneficiary consistent with the fiduciary duties that a member of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; *provided, that* the Litigation Trustee shall not owe fiduciary obligations to any defendants of Litigation Trust Causes of Action in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trustee's obligations are to maximize the value of the Litigation Trust Assets, including the Litigation Trust Causes of Action.

4.2     Prosecution of Litigation Trust Causes of Action.

(a)     Subject to the provisions of this Litigation Trust Agreement, the Plan and direction by the Litigation Trust Advisory Board, the Litigation Trustee shall pursue, prosecute, release, settle or abandon, as the case may be, any and all Litigation Trust Causes of Actions (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such causes of action).

(b)     To the extent that any action has been taken to prosecute or otherwise resolve any Litigation Trust Causes of Action prior to the Effective Date by the Debtors and/or the Creditors' Committee, the Litigation Trustee shall be substituted for the Debtors and/or the Creditors' Committee in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Rule 7025 of the Federal Rules of Bankruptcy Procedure and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the Tribune Litigation Trust v. [Defendant]" or "Tribune Litigation Trust v. [Defendant]".   For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

4.3     Authority to Settle Litigation Trust Causes of Action.

7

(a)    Subject to direction by the Litigation Trust Advisory Board, the Litigation Trustee shall be empowered and authorized to settle, dispose of or abandon any Litigation Trust Causes of Action (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such Litigation Trust Causes of Action), provided, that Bankruptcy Court authority must be obtained to settle, dispose of or abandon any affirmative Litigation Trust Causes of Action where the stated fact amount in controversy exceeds $1,000,000.

(b)    Any determinations by the Litigation Trustee, under the direction of the Litigation Trust Advisory Board, with regard to the amount or timing of settlement or other disposition of any Litigation Trust Causes of Action shall be conclusive and binding on the Beneficiary and all other parties of interest following the entry of an order of a court of competent jurisdiction approving such settlement or other disposition.

4.4    Retention of Counsel and Other Professionals.  The Litigation Trustee may, subject to the approval of the Litigation Trust Advisory Board, but without necessity for review or approval by the Bankruptcy Court or any other Person (a) retain such independent experts, advisors and other third parties (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Litigation Trustee deems necessary to aid it in the performance of its duties and responsibilities hereunder and under the Plan and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Litigation Trust Agreement, and (b) commit and cause the Litigation Trust to provide such professional persons or entities reasonable compensation (including contingency fee based compensation)  and reimbursement from the Trust Expense Fund for services rendered and expenses incurred.  The Litigation Trustee may, with the approval of the Litigation Trust Advisory Board, agree with the Distribution Trustee and/or the Creditors' Trustee to share the services of legal counsel and other experts, advisors and third party service providers (for example and without limitation, e-discovery, document hosting and document storage services) as the Litigation Trustee may deem appropriate and desirable in administering the Litigation Trust as set forth herein.  The costs and expenses related to any such shared services shall be equitably allocated among the parties so sharing such services as such parties shall determine, with, in the case of the Litigation Trust, the approval of the Litigation Trust Advisory Board.  Notwithstanding the foregoing, in no event shall any attorney/client privilege, work product privilege, accountant/client privilege or any other evidentiary privilege of the Litigation Trust, the Distribution Trust or the Creditors' Trust be, or be deemed to have been, waived or otherwise compromised as the result of any such sharing arrangement.

4.5    Litigation Trust Expenses.  Except as otherwise provided herein or in any Directive, the Litigation Trustee may incur any reasonable and necessary fees, expenses and costs in pursuing the Litigation Trust Causes of Action, as set forth herein and in the Plan, and in otherwise administering the Litigation Trust Assets and performing the duties and obligations of the Litigation Trustee pursuant to the terms and conditions of this Litigation Trust Agreement and such other actions that are necessary or advisable in connection therewith or in furtherance thereof.  All such fees, expenses, and costs shall be paid by, and solely be the obligation of, the Litigation Trust.

8

(a)    The Trust Funding in the Trust Expense Fund may be used by the Litigation Trustee, with the approval of the Litigation Trust Advisory Board (i) as the Litigation Trustee determines is reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals and other third parties) and the Members (including reasonable fees, costs, and expenses of legal counsel)), any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or fees and expenses in connection with, arising out of or related to the Litigation Trust Assets and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan.

(b)    The Litigation Trustee may, with the approval of the Litigation Trust Advisory Board, retain proceeds from the Litigation Trust Assets and add such proceeds to the Trust Expense Fund, at any time and from time to time, in such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Trust Expense Fund will be adequate to meet the expenses and liabilities described in Section 4.5(a) above and to arrange for other sources of financing, as the Litigation Trustee deems necessary or desirable in his sole secretion, subject to the approval of the Litigation Trust Advisory Board.

(c)    Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Trust Expense Fund for that purpose.

4.6    Distributions.

(a)    The distribution of the Litigation Trust Assets to the Beneficiary shall be accomplished as set forth in the Directives, including, without limitation, Articles 3, 5, 7 and 8 of the Plan.

(b)    In the reasonable discretion of the Litigation Trustee and subject to the requirements of Revenue Procedure 94-45, 1994-2 C.B. 684 and the direction of the Litigation Trust Advisory Board, the Litigation Trustee shall distribute all Cash on hand (including, but not limited to, the Litigation Trust's net income and net proceeds from any sale of assets, any Cash received on account of or representing proceeds, and treating as Cash for purposes of this Section 4.6  any permitted investments under Section 4.8 below), except such amounts as are reasonably necessary for the Trust Expense Fund or otherwise to meet contingent liabilities (including professional fees) and to maintain the value of Litigation Trust Assets. The Litigation Trustee shall make all such distributions as set forth in the Directives; in accordance with the provisions of Tax Code Section 677, the income of the Litigation Trust shall be distributed or held or accumulated for future distribution pursuant to the Directives.

9

4.7    <u>Management of Litigation Trust Assets</u>.

(a)    Except as otherwise provided in this Litigation Trust Agreement or any other Directive, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may, subject to the direction of the Litigation Trust Advisory Board, control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof and over the management and conduct of the Litigation Trust, in each case, as necessary or advisable to enable the Litigation Trustee to fulfill the intents and purposes of this Litigation Trust Agreement. No person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)    In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in this Litigation Trust Agreement or any other Directive, the Litigation Trustee will have, subject to the approval of the Litigation Trust Advisory Board, in addition to any powers conferred upon the Litigation Trustee by any other provision of this Litigation Trust Agreement, the power to take any and all actions as, in the Litigation Trustee's discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority to (i) pay taxes and other obligations owed by the Litigation Trust or incurred by the Litigation Trustee; (ii) engage and compensate from the funding of the Litigation Trust (including proceeds of Litigation Trust Causes of Action), to the extent provided for herein, other sources, consultants, agents, employees and professional persons to assist the Litigation Trustee with respect to the Litigation Trustee's responsibilities; (iii) object to, compromise, and settle Litigation Trust Causes of Action subject to the Litigation Trust Advisory Board's approval (and Bankruptcy Court approval, if applicable); (iv) commence and/or pursue any and all actions involving Litigation Trust Causes of Action that could arise or be asserted at any time, unless otherwise waived or relinquished in the Directives; and (v) act and implement the Noteholder Plan, this Litigation Trust Agreement, and orders of the Bankruptcy Court.

4.8    <u>Investment of Cash</u>.  The Litigation Trustee may, upon approval of the Litigation Trust Advisory Board, invest any Cash (including any earnings thereon or proceeds therefrom) held by the Litigation Trust in United States Treasury bills and notes, institutional money market funds, commercial paper and time deposits and certificates of deposit with commercial banks, in each case, with a maturity of twelve months or less; *provided, however,* that the scope of any such investments shall be limited to investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) or under applicable IRS guidelines, rulings or other controlling authorities; *provided, further, however,* that sections 11-2.3, 11-2.3-A and 11-2.4 of the Estates, Powers and Trusts Law of New York shall be inapplicable to the Litigation Trust herein.

4.9    <u>Additional Powers of the Litigation Trustee</u>.  In addition to any and all of the powers enumerated above, and except as otherwise provided in this Litigation Trust

10

Agreement or any other Directive, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Litigation Trustee, subject to the approval of the Litigation Trust Advisory Board, shall be empowered to:

(a)    hold legal title to any and all rights in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust;

(b)    perform the duties, exercise the powers, and assert the rights of a Trustee under sections 704 and 1106 of the Bankruptcy Code with respect to the Litigation Trust Assets, including assert claims, defenses, offsets, and privileges;

(c)    protect and enforce the rights of the Litigation Trust to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(d)    determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(e)    assert or waive any privilege or defense on behalf of the Litigation Trust;

(f)    make all payments relating to the Litigation Trust Assets;

(g)    obtain insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust, the Litigation Trustee, the Litigation Trust Advisory Board and the Members under this Litigation Trust Agreement (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(h)    prepare, or have prepared, and file, if necessary, with the appropriate Tax Authority any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local or foreign tax or information returns required to be filed by the Litigation Trust) and pay taxes properly payable by the Litigation Trust, if any, and cause all taxes payable by the Litigation Trust, if any, to be paid exclusively out of the Litigation Trust Assets;

(i)    request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(j)    retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm and other advisory firms to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's discretion and to

11

prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

       (k)     take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

       (l)     take all steps and execute all instruments and documents the Litigation Trustee reasonably deems necessary to effectuate the Litigation Trust;

       (m)     take all actions the Litigation Trustee reasonably deems necessary to comply with the Directives and the obligations thereunder; and

       (n)     exercise such other powers as may be vested in the Litigation Trustee pursuant to any Directive or an order of the Bankruptcy Court or as otherwise determined by the Litigation Trustee to be necessary and proper to carry out the obligations of the Litigation Trustee and the Litigation Trust.

       4.10    <u>Limitations on Power and Authority of the Litigation Trustee</u>. Notwithstanding anything in this Litigation Trust Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following:

       (a)     take any action in contravention of any Directive;

       (b)     take any action which would make it impossible to carry on the activities of the Litigation Trust;

       (c)     possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for other than Litigation Trust purposes and as provided herein;

       (d)     cause or permit the Litigation Trust to engage in any trade or business;

       (e)     permit the Litigation Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including, without limitation, expected expenses) or to maintain the value of its assets during liquidation;

       (f)     receive transfers of any listed stocks or securities, or any readily-marketable assets or any operating assets of a going business, except as is necessary or required under any Directive; *provided, however*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

       (g)     exercise the investment power provided in Section 4.8 hereof;

(h)    receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is necessary or required under any Directive; *provided, however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(i)    consummate or implement or cause the Litigation Trust to consummate or implement any transaction involving any of the Litigation Trust Causes of Action where the stated fact amount in controversy exceeds $1,000,000 or involving Claims of any amount asserted by the Members of the Litigation Trust Advisory Board, unless and until the Bankruptcy Court authorizes and approves such transaction upon motion by the Litigation Trustee.  The Litigation Trustee shall provide notice of, and the opportunity for, a hearing on all such motions to all entities who request notice of such matters in the manner prescribed in the Notice of the Effective Date mailed pursuant to Section 13.13 of the Plan; or

(j)    take any other action that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

4.11    Books and Records.  The Litigation Trustee shall maintain in respect of the Litigation Trust books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of, expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the Litigation Trust Assets.

4.12    Reports

(a)    Financial and Status Reports.  The fiscal year of the Litigation Trust shall be the calendar year. Within 90 days after the end of each calendar year during the term of the Litigation Trust, and within 45 days after the end of each calendar quarter during the term of the Litigation Trust and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available upon request to the Beneficiary appearing on its records as of the end of such period or such date of termination a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust which, in the judgment

of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Beneficiary; and (iii) a description of the progress of liquidating Litigation Trust Assets and making distributions to Beneficiary and any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust. The Litigation Trustee may post any such report on a web site maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Beneficiary (unless otherwise required by law).

(b)    <u>Annual Plan and Budget</u>.  If instructed by the Litigation Trust Advisory Board, the Litigation Trustee shall prepare and submit to the Litigation Trust Advisory Board for approval an annual plan and budget in such detail as is reasonably requested.

ARTICLE V
**THE LITIGATION TRUSTEE GENERALLY**

5.1    <u>Independent Trustee</u>.  The Litigation Trustee may not be a Member of the Litigation Trust Advisory Board, a member of the Distribution Trust Advisory Board or the Distribution Trustee.

5.2    <u>Trustee's Compensation and Reimbursement</u>.

(a)    <u>Compensation</u>.  The Litigation Trustee shall receive compensation from the Litigation Trust as provided on <u>Exhibit C</u>.  The compensation of the Litigation Trustee may be modified from time to time by the Litigation Trust Advisory Board; *provided, that* any such modification outside the parameter of the compensation set forth on Exhibit C must be approved by the Bankruptcy Court; *provided, further*, that during the period from delivery of notice of resignation by the Litigation Trustee or delivery of notice of removal of the Litigation Trustee by the Litigation Trust Advisory Board until the effective date of any such resignation or removal, as applicable, the compensation of the Litigation Trustee may not be decreased from the compensation in effect at the time such notice of resignation or removal is delivered.  Notice of any modification of the Litigation Trustee's compensation shall be filed with the Bankruptcy Court promptly.

(b)    <u>Expenses</u>.  In addition, the Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable, out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the other Directives, including but not limited to, fees and disbursements of the Litigation Trustee's legal counsel incurred in connection with the preparation, execution and delivery of this Litigation Trust Agreement and related documents.

(c)    <u>Payment</u>.  The fees and expenses payable to the Litigation Trustee shall be paid to the Litigation Trustee upon approval of such fees by the Litigation Trust Advisory Board without necessity for review or approval by the Bankruptcy Court or any other Person. The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute between the Litigation Trustee and the Litigation Trust Advisory Board regarding

14

the fees, compensation, and expenses of the Litigation Trustee. The Trust Expense Funding shall be the source of the payments referred to in this Section 5.2.

5.3    <u>Resignation</u>. The Litigation Trustee may resign by giving not less than ninety (90) days' prior written notice thereof to the Litigation Trust Advisory Board. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor by a majority of the Members and the acceptance by such successor of such appointment. If a successor Litigation Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the Litigation Trustee may petition any court of competent jurisdiction for the appointment of a successor Litigation Trustee, during which time, the Litigation Trustee shall be entitled to receive the fees provided for in Section 5.2(a) hereof. Notwithstanding the foregoing, upon the Termination Date, the Litigation Trustee shall be deemed to have resigned, except as otherwise provided for in Section 9.2 herein.

5.4    <u>Removal</u>.

(a)    The Litigation Trustee may be removed by the Litigation Trust Advisory Board, for Cause (as defined in Section 6.7 herein), immediately upon notice thereof, or without Cause, upon 90 days prior written notice.

(b)    To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any compensation or expense reimbursement due under this Litigation Trust Agreement), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of (i) the time when appointment of a successor Litigation Trustee will become effective in accordance with Section 5.5 of this Litigation Trust Agreement or (ii) such date as the Bankruptcy Court otherwise orders.

5.5    <u>Appointment of Successor Litigation Trustee</u>. In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the Litigation Trust Advisory Board shall designate a successor Litigation Trustee. Such appointment shall specify the date on which such appointment shall be effective. Every successor Litigation Trustee appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trust Advisory Board an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor Litigation Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Litigation Trustee; *provided, however*, that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Litigation Trustee.

15

5.6    <u>Effect of Resignation or Removal</u>.   The death, dissolution, resignation, incompetency or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Litigation Trust Agreement or to revoke any existing agency created pursuant to the terms of this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or reasonably requested by Litigation Trust Advisory Board or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Litigation Trust Agreement, (b) deliver to the Bankruptcy Court (if required), the Litigation Trust Advisory Board or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee (*provided that* such Litigation Trustee may retain one copy of such documents for archival purposes) and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

5.7    <u>Confidentiality</u>.   The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

## ARTICLE VI
## TRUST BOARD

6.1    <u>The Litigation Trust Advisory Board</u>.   On the Effective Date, a governing board of three (3) persons or entities shall commence serving as directors of the Litigation Trust (the "**Litigation Trust Advisory Board**"). The Litigation Trust Advisory Board will be a three-member board initially composed of two (2) individuals appointed by Aurelius and one (1) member appointed by the PHONES Notes Indenture Trustee, as listed on <u>Exhibit B</u> hereto.   On and after the Litigation Trust Advisory Board Reallocation Date, the holders of the Class 1I Distribution Trust Interests may elect, by majority vote, to replace any member of the Litigation Trust Advisory Board that was not appointed by the PHONES Notes Trustee. The Litigation Trust Advisory Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Directives, consult with and advise the Litigation Trustee as to the administration and management in accordance with the Directives of the Litigation Trust and shall have the other responsibilities and powers as set forth herein. No Member shall be a member of the Distribution Trust Advisory Board nor shall any Member be the Litigation Trustee, the Distribution Trustee or the Creditors' Trustee.

6.2    <u>Authority and Responsibilities</u>.   The Litigation Trust Advisory Board shall have the authority and responsibility to oversee, govern, and, as specifically set forth

herein, to direct the activities of the Litigation Trust and the performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 5.4 hereof.  The Litigation Trust Advisory Board shall also (a) monitor and oversee the administration of the Litigation Trust and the Litigation Trustee's performance of its responsibilities under the Directives, and (b) perform such other tasks as are set forth in the Directives. In all circumstances, except as explicitly provided herein, the Litigation Trust Advisory Board shall have fiduciary duties to the Beneficiary consistent with the fiduciary duties that the members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have to the creditor constituents represented by such committee and shall exercise its responsibilities accordingly; *provided, that* the Litigation Trust Advisory Board shall not owe fiduciary obligations to any defendants of Litigation Trust Causes of Action in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trust Advisory Board's obligations are to maximize the value of the Litigation Trust Assets, including the Litigation Trust Causes of Action.  In all circumstances, subject to the forgoing sentence, the Litigation Trust Advisory Board shall act in the best interests of the Beneficiary and in furtherance of the purpose of the Litigation Trust. The Litigation Trustee shall consult with and provide information to the Litigation Trust Advisory Board in accordance with and pursuant to the terms of this Litigation Trust Agreement and the other Directives to enable the Litigation Trust Advisory Board to meet its obligations hereunder.  Any provision of this Litigation Trust Agreement to the contrary notwithstanding, the Litigation Trustee shall not be required to obtain the approval or follow the directions of the Litigation Trust Advisory Board to the extent that (i) the Litigation Trust Advisory Board has not authorized the Litigation Trustee to take any action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is required to be taken by applicable law or (ii) the Litigation Trust Advisory Board directs the Litigation Trustee to take action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is prohibited by applicable law.

6.3    Meetings of the Litigation Trust Advisory Board.  Meetings of the Litigation Trust Advisory Board are to be held not less often than quarterly.  Special meetings of the Litigation Trust Advisory Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided that* notice of any such meeting shall be duly given in writing no less than 48 hours prior to such meeting (such notice being subject to waiver by the Members). Any action required or permitted to be taken by the Litigation Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Advisory Board as evidenced by one or more written consents describing the action taken, signed by all Members and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Litigation Trust Advisory Board.  Unless the Litigation Trust Advisory Board decides otherwise (which decision shall rest in the reasonable discretion of the Litigation Trust Advisory Board), the Litigation Trustee and the Litigation Trustee's designated advisors may attend meetings of the Litigation Trust Advisory Board.

6.4    <u>Manner of Acting</u>.    Two Members shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Advisory Board.   The affirmative vote of a majority of the Members present at a duly called meeting at which a quorum is present throughout shall be the act of the Litigation Trust Advisory Board except as otherwise required by law or as provided in this Litigation Trust Agreement. Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than in addition to the place) for the holding thereof. Any Member participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) may, if approved by the Members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each Member.

6.5    <u>Tenure of the Members of the Litigation Trust Advisory Board</u>.   The authority of the Members will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Article IX hereof. The Members will serve until such Member's successor is duly appointed or until such Member's earlier death or resignation pursuant to Section 6.6 below, or removal pursuant to Sections 6.1 or 6.7.

6.6    <u>Resignation</u>.    A Member may resign by giving not less than ninety (90) days' prior written notice thereof to the Litigation Trustee and the other Members. Such resignation shall become effective on the later to occur of: (i) the day specified in such notice; and (ii) the appointment of a successor in accordance with Section 6.8 below.

6.7    <u>Removal</u>.    A majority of the Litigation Trust Advisory Board may remove any Member for Cause, except as set forth in Section 6.1 above. Notwithstanding the foregoing, upon the occurrence of the Termination Date, any or all of the Members shall be deemed to have resigned.  For purposes of this Section 6.7 "Cause" shall mean (i) a Person's willful failure to perform his material duties hereunder, which is not remedied within thirty (30) days of notice; (ii) a Person's commission of an act of fraud, theft or embezzlement during the performance of his duties hereunder; or (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed.

6.8    <u>Appointment of a Successor Member</u>.

(a)    In the event of a vacancy on the Litigation Trust Advisory Board (whether by removal, death, or resignation), a new Member may be appointed to fill such position either by (i) in the case of Members originally appointed by Aurelius (or the successor to such Members appointed under this subsection), Aurelius or (ii) in the case of the Member originally appointed by the PHONES Notes Indenture Trustee (or the successor to such Member appointed under this subsection), the PHONES Notes Indenture Trustee. The appointment of a successor Member will be further evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, at

18

the direction of the Litigation Trust Advisory Board, which notice will include the name, address, and telephone number of the successor Member.

(b)    Immediately upon the appointment of any successor Member, all rights, powers, duties, authority, and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act; and the successor Member will not be liable personally for any act or omission of the predecessor Member.

(c)    Every successor Member appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor Member without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Member.

6.9    <u>Compensation and Reimbursement of Expenses</u>.  Each Member shall be compensated for his or her time time expended in Litigation Trust matters as provided on <u>Exhibit D</u>. The Litigation Trust will reimburse the Members for all reasonable, out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder (including reasonable fees, costs, and expenses of legal counsel). The Trust Expense Funding shall be the source of the payments referred to in this Section 6.9.

6.10    <u>Confidentiality</u>. Each Member shall, during the period that such Member serves as a Member under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following such Member's removal or resignation, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which such Member has become aware in the Member's capacity as a Member, except as otherwise required by law.

## ARTICLE VII
## LIABILITY AND INDEMNIFICATION

7.1    <u>No Further Liability</u>.  Each of the Litigation Trustee and the Members shall have no liability for any actions or omissions in accordance with this Litigation Trust Agreement unless arising out of such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  In performing its duties under this Litigation Trust Agreement, the Litigation Trustee or the Member (as applicable) shall have no liability for any action taken by the Litigation Trustee and the Members in accordance with the advice of counsel, accountants, appraisers and/or other professionals retained by the Members or the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustee and the Members may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by the Litigation Trustee or the Member (as applicable) to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Litigation Trust Agreement shall require

the Litigation Trustee or the Members to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee and the Members may rely without inquiry upon writings delivered to it under the Plan which the Litigation Trustee or the Member (as applicable) reasonably believes to be genuine and to have been given by a proper Person. Notwithstanding the foregoing, nothing in this Section 7.1 shall relieve the Litigation Trustee or the Members from any liability for any actions or omissions arising out of such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  Any action taken or omitted to be taken in the case of the Litigation Trustee or the Litigation Trust Advisory Board with the express approval of the Bankruptcy Court and, in the case of the Litigation Trustee, with the express approval of the Litigation Trust Advisory Board will conclusively be deemed not to constitute fraud, self-dealing, intentional misrepresentation or willful misconduct.

      7.2    <u>Indemnification of the Litigation Trustee and Litigation Trust Advisory Board</u>.

      (a)    From and after the Effective Date, each Litigation Trust Indemnified Party shall be, and hereby is, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Litigation Trust Indemnified Party's exercise of what such Litigation Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Litigation Trust Indemnified Party reasonably understands to be its duties conferred by any of the Directives, any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct) on and after the Effective Date. The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to: (i) the Litigation Trust Agreement; (ii) the services to be rendered pursuant to the Litigation Trust Agreement; (iii) any document or information, whether oral or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings by or on behalf of any creditor.  The Litigation Trust shall, on demand, advance or pay promptly, at the election of the Litigation Trust Indemnified Party, out of the Trust Expense Fund, on behalf of each Litigation Trust Indemnified Party, attorneys' fees and other expenses and disbursements to which such Litigation Trust Indemnified Party would be entitled pursuant to the foregoing indemnification provision; *provided, however*, that any Litigation Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Litigation Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Litigation Trust's expense, subject to the foregoing terms and conditions.  In addition, the Litigation Trust shall purchase

insurance coverage as set forth in Section 4.9(g) hereof, including fiduciary liability insurance using funds from the Trust Expense Fund for the benefit of the Litigation Trustee and the Members.

(b)     The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Litigation Trust Indemnified Party from the capacity for which such party is indemnified.  Termination or modification of this Litigation Trust Agreement shall not affect any indemnification rights or obligations.

(c)     The Litigation Trust may, with the approval of the Members, indemnify any Person who is not a Litigation Trust Indemnified Party for any loss, cost, damage, expense or liability for which an Indemnified Person would be entitled to mandatory indemnification under this Section 7.2.

(d)     Any Litigation Trust Indemnified Party may waive the benefits of indemnification under this Section 7.2, but only by an instrument in writing executed by such Litigation Trust Indemnified Party.

(e)     The rights to indemnification under this Section 7.2 are not exclusive of other rights which any Litigation Trust Indemnified Party may otherwise have at law or in equity, including, without limitation, common law rights to indemnification or contribution. Nothing in this Section 7.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.  Further, the Litigation Trust hereby agrees: (i) that the Litigation Trust is the indemnitor of first resort (i.e., in the event any Indemnified Person has the right to receive indemnification from one or more sponsors, affiliates or third parties, the Litigation Trust's obligations to such Indemnified Person are primary); (ii) that the Litigation Trust shall be required to pay the full amount of expenses (including attorneys' fees) actually incurred by such Indemnified Person in connection with any proceeding as to which the Indemnified Party is entitled to indemnification hereunder in advance of the final disposition of such proceeding, without regard to (A) any rights such Indemnified Person may have, or the exercise of any such rights by such Indemnified Person, against any other sponsors, affiliates or third parties or (B) any advance or payment made by such sponsors, affiliates or third parties on behalf of such Indemnified Person with respect to any claim for which such Indemnified Person is entitled to indemnification hereunder; (iii) that the Litigation Trust irrevocably waives, relinquishes and releases such sponsors or affiliates from any and all claims by the Litigation Trust against such sponsors or affiliates for contribution, subrogation or any other recovery of any kind in respect thereof; and (iv) no Indemnified Person shall have the obligation to reduce, offset, allocate, pursue or apportion any indemnification advancement, contribution or insurance coverage among multiple parties owing indemnification obligations to such Indemnified Person prior to the Litigation Trust's satisfaction of its indemnification obligations hereunder.  For the avoidance of doubt, each Litigation Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Litigation Trust Indemnified Party may incur in connection with enforcing any of its rights under this Article 7.

7.3     Litigation Trust Liabilities.  All liabilities of the Litigation Trust, including without limitation indemnity obligations under Section 7.2 of this Litigation Trust Agreement, will be liabilities of the Litigation Trust as an entity, and will be paid or satisfied from the Trust Expense Fund. No liability of the Litigation Trust will be payable in whole or in part by any Beneficiary individually or in the Beneficiary's capacity as a Beneficiary, by the Litigation Trustee individually or in the Litigation Trustee's capacity as Litigation Trustee, by any Member individually or in the Member's capacity as Member, or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Beneficiary, any Member, the Litigation Trustee or their respective affiliates; provided, however, that the Beneficiary may advance funding necessary to satisfy liabilities of the Litigation Trust in accordance with the provisions of Section 2.3 hereof.

7.4     Limitation of Liability.  None of the Litigation Trustee, the Members nor any of their respective Related Persons shall be liable for punitive, exemplary, consequential, special or other damages for a breach of this Litigation Trust Agreement under any circumstances.

7.5     Burden of Proof.  In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such determination shall presume that the Litigation Trust Indemnified Party is entitled to exculpation and indemnification under this Litigation Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

## ARTICLE VIII
## TAX MATTERS

8.1     Treatment of Litigation Trust Assets Transfer.  For all federal income tax purposes, subject to Section 8.2(b), all parties (including, without limitation, the Debtors, the Reorganized Debtors, the Litigation Trustee, the Distribution Trustee, and beneficiaries of the Distribution Trust) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) for the benefit of the holders entitled to receive proceeds from the Litigation Trust Assets, and such other beneficiaries as described in the Directives as (a) a transfer of the Litigation Trust Assets directly to the beneficiaries of the Distribution Trust and, to the extent the Litigation Trust Assets are allocable to Disputed Claims that are the responsibility of the Distribution Trust to resolve, to the Distribution Trust's Disputed Claims Reserve, followed by (b) the transfer by the beneficiaries of the Distribution Trust to the Distribution Trust of the Litigation Trust Assets (other than the portion of the Litigation Trust Assets allocable to the Distribution Trust's Disputed Claims Reserve) in exchange for beneficial interests in the Distribution Trust in accordance with the Plan, followed by (c) the transfer by the Beneficiary to the Litigation Trust of the Litigation Trust Assets in exchange for beneficial interest in the Litigation Trust in accordance with the Plan. Accordingly, the beneficiaries of the Distribution Trust shall be treated for United States federal income tax purposes indirectly as the grantors and owners of their respective share of the Litigation Trust (other than such

22

portion of the Litigation Trust Assets as is allocable to the Disputed Claims Reserve), and of the Litigation Trust Assets, and the Distribution Trust directly as the grantor and owner of the Litigation Trust and of the Litigation Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

8.2    <u>Income Tax Status</u>. For United States federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), this Litigation Trust shall be treated as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d) and as a grantor trust pursuant to IRC sections 671-677. To the extent consistent with Revenue Procedure 94-45, 1994-2 C.B. 684 and not otherwise inconsistent with this Litigation Trust Agreement, this Litigation Trust Agreement shall be construed so as to satisfy the requirements for liquidating trust status. Except as provided in Section 8.2(b), (i) the Beneficiary will be treated as both the grantor and the deemed owner of the Litigation Trust, and (ii) any items of income, deduction, credit and loss of the Litigation Trust shall be allocated for federal income tax purposes to the Beneficiary in accordance with Section 8.3 (and by the Beneficiary to its beneficiaries as provided in the Distribution Trust Agreement). The Litigation Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.

8.3    <u>Tax Reporting</u>.

(a)    The Litigation Trustee shall file tax returns for the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Article VIII. In addition, the Litigation Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon. Within a reasonable time following the end of the taxable year, the Litigation Trust shall send (or cause to be sent) to the Beneficiary a statement setting forth the Litigation Trust's items of income, gain, loss, deduction or credit in accordance with Treasury Regulation section 1.671-4, and will instruct the Beneficiary to report such items on its applicable U.S. federal income tax return.

(b)    The Litigation Trust shall allocate the taxable income, gain, loss, deduction or credit of the Litigation Trust with respect to each Beneficiary as follows: (i) allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restriction on distributions described in any Directive) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued at their tax book value) to the Beneficiary in accordance with the Directives (treating all applicable Claims that are Disputed as if they were Allowed Claims), in each case up to the tax book value of the assets treated as contributed by such holders, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust; and (ii) allocations of taxable loss of the Litigation Trust shall be determined by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining

23

Litigation Trust Assets. For these purposes, the tax book value of the Litigation Trust Assets shall equal the fair market value of the Litigation Trust Assets on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(c)     The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or its assets, including the Disputed Claims Reserve. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the Litigation Trustee as a result of the resolution of such Disputed Claims.

8.4     Withholding of Taxes. The Litigation Trustee may withhold and pay to the appropriate Tax Authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state or local tax law with respect to any payments to counsel, professionals, or other third parties (including, without limitation, tax withholding relating to wage claims). All such amounts withheld and paid to the appropriate Tax Authority shall be treated as amounts distributed to the counsel, professionals, and other third parties for all purposes of this Litigation Trust Agreement. The Litigation Trustee shall be authorized to collect such tax information from the counsel, professionals, and other third parties (including, without limitation, any tax identification) as in its sole discretion the Litigation Trustee deems necessary to effectuate the Directives.

8.5     Valuation. The valuation of the Litigation Trust Assets agreed to by the Litigation Trustee (with the approval of the Litigation Trust Advisory Board), the Distribution Trustee and the Creditors' Trustee shall be used consistently by all parties (including, without limitation, the Litigation Trust, the Distribution Trust and the Creditors' Trust (and their respective beneficiaries), the Reorganized Debtors and the Beneficiary) for all federal income tax purposes. The Litigation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit. The Litigation Trust shall accept and use, for all purposes, the valuations announced by the Distribution Trust and the Creditors' Trust, respectively, of the Distribution Trust Assets and the Creditors' Trust Assets (as defined in the Creditors' Trust Agreement).

8.6     Expedited Determination of Taxes. The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

24

ARTICLE IX
**TERMINATION OF LITIGATION TRUST**

9.1     <u>Termination</u>.  The Litigation Trust shall be dissolved at such time as (i) (a) all of the Litigation Trust Assets have been distributed pursuant to the Directives or (b) the Litigation Trustee, with the consent of the Litigation Trust Advisory Board, determines that the administration of any remaining Litigation Trust Assets is not likely to yield sufficient additional Litigation Trust proceeds to justify further pursuit, (ii) all distributions required to be made by the Litigation Trustee under the Directives have been made, and (iii) all Litigation Trust Causes of Action have been resolved; *provided*, *however*, in no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the fifth (5th) anniversary (or within the six-month period prior to the end of an extension period), determines that a fixed period extension (not to exceed five (5) years), together with any prior extensions, without a favorable private letter ruling from the IRS or an opinion of counsel satisfactory to the Litigation Trustee and the Litigation Trust Advisory Board that any further extension would not adversely affect the status of the trust as a liquidating trust for United States federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Litigation Trust Assets.  If at any time the Litigation Trustee determines, in reliance upon such professionals as the Litigation Trustee may retain, that the expense of administering the Litigation Trust so as to make a final distribution to the Beneficiary is likely to exceed the value of the assets remaining in the Litigation Trust, the Litigation Trustee may apply to the Bankruptcy Court for authority to (1)  both before and in connection with termination reserve any amount necessary to dissolve the Litigation Trust, (2) distribute any balance to the Beneficiary, and (3) dissolve the Litigation Trust.  Such date upon which the Litigation Trust shall finally be dissolved shall be referred to herein as the "**Termination Date**."

9.2     <u>Continuance of Litigation Trust for Winding Up</u>.  After the termination of the Litigation Trust and solely for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed and shall continue to be entitled to receive the fees called for by Section 5.2(a) hereof.  Upon distribution of all the Litigation Trust Assets, the Litigation Trustee shall retain the books, records and files that shall have been delivered or created by the Litigation Trustee.  At the Litigation Trustee's discretion, all of such records and documents may be destroyed at any time following the date of final distribution of Litigation Trust Assets as the Litigation Trustee deems appropriate (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations hereunder) subject to the terms of any joint prosecution and common interest agreement(s) to which the Litigation Trustee may be a party.  Except as otherwise specifically provided herein, upon the final distribution of Litigation Trust Assets, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Beneficiary as provided herein, the Litigation Trust Interests shall be cancelled and the Litigation Trust will be deemed to have dissolved.

25

## ARTICLE X
## AMENDMENT AND WAIVER

Except for any technical amendment of this Litigation Trust Agreement, no provision of this Litigation Trust Agreement may be amended or waived without the approval by the Litigation Trust Advisory Board and approval of the Bankruptcy Court. Technical amendments to this Litigation Trust Agreement may be made, as necessary to clarify this Litigation Trust Agreement or enable the Litigation Trustee to effectuate the terms of this Litigation Trust Agreement, by the Litigation Trustee with approval by the Litigation Trust Advisory Board; *provided, however,* that all amendments of this Litigation Trust Agreement shall be consistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d) and Section 2.5 hereof and *provided, further*, that a blacklined copy of the Litigation Trust Agreement as modified by such technical amendment or amendments (marked to reflect such modification(s)) shall be filed with the Bankruptcy Court promptly after the approval thereof by the Litigation Trust Advisory Board.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1     <u>Intention of Parties to Establish Liquidating Trust</u>.  This Litigation Trust Agreement is intended to create for federal income tax purposes a "liquidating trust" that satisfies the requirements of Revenue Procedure 94-45 and, to the extent provided by law, shall be governed and construed in all respects as such a liquidating trust that is a grantor trust with the Beneficiary as its grantor. Notwithstanding anything to the contrary contained herein, any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

11.2     <u>Effectiveness</u>.  This Litigation Trust Agreement shall become effective on the Effective Date.

11.3     <u>Counterparts</u>.  This Litigation Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

11.4     <u>Governing Law</u>.  Except to the extent the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Litigation Trust Agreement shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the extent there is no applicable federal law, the domestic laws of the state of New York, without giving effect to the principles of conflicts of law thereof.

11.5     <u>Headings</u>.     Sections, subheadings and other headings used in this Litigation Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Litigation Trust Agreement or any provision thereof.

11.6    <u>Severability</u>.  If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.7    <u>Notices</u>.  All notices, requests or other communications, required or permitted to be made in accordance with this Litigation Trust Agreement including any change of address of any Beneficiary for the purposes of receiving distributions from the Litigation Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement.  Notices should be directed to:

(a)    If to the Litigation Trust or the Litigation Trustee:

as specified on <u>Exhibit A</u>

If to the Litigation Trust Advisory Board:

as specified on <u>Exhibit B</u>

(b)    If to the Reorganized Debtors:  to such persons as the Reorganized Debtors may designate from time to time.

(c)    If to the Beneficiary: To the name and address set forth on the registry maintained by the Litigation Trustee, *provided that* notices to the Beneficiary may be made by posting such notice to a website identified in advance for communication with Beneficiary.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

TRIBUNE COMPANY
On behalf of itself and the other Debtors


By: _____
Name:
Title:




_____, LITIGATION TRUSTEE
OF THE TRIBUNE LITIGATION TRUST
ESTABLISHED UNDER THE LITIGATION
TRUST AGREEMENT DATED _____,
2011 PURSUANT TO THE JOINT CHAPTER 11
PLAN OF REORGANIZATION FOR TRIBUNE
COMPANY AND THE OTHER DEBTORS
NAMED THEREIN


_____
Name:

## Exhibit A

**Trustee for the Litigation Trust**

Marc S. Kirschner

Marc S. Kirschner is an attorney with over 30 years of experience in the restructuring field.  From April 10, 2006 through December 26, 2006, Mr. Kirschner served as the Chapter 11 Trustee for Refco Capital Markets, Ltd. ("RCM"), the unregulated securities broker, and largest unit, of the Refco companies. As Trustee, Mr. Kirschner spearheaded the settlement of complex issues and then negotiated the economic terms of the global settlement.  Currently, Mr. Kirschner serves as the post effective date Plan Administrator for RCM and the Litigation Trustee for the Refco Litigation Trust and Refco Private Actions Trust.  He is also the Liquidation Trustee for the Le Nature's Liquidation Trust and for the Yellowstone Club Liquidating Trust.

From 2001 through 2006, Mr. Kirschner served as Managing Director of Resurgence Asset Management, LLC ("Resurgence"), investing in distressed securities.  In that capacity, Mr. Kirschner analyzed all legal issues of the investments that Resurgence considered, developed legal strategy and managed the investments through the reorganization process.  While at Resurgence, Mr. Kirschner also served as Chief Operating Officer, General Counsel, a member of the Executive Committee, Chair of the Pricing Committee of Resurgence and was in charge of the legal affairs of First Commercial Credit Corporation, a Resurgence affiliate  and provider of credit protection to suppliers of companies in financial distress.

Prior to joining Resurgence, Mr. Kirschner worked in private practice specializing in bankruptcy and reorganization with a heavy emphasis in complex bankruptcy litigation including fraudulent conveyance, substantive consolidation and valuation matters.  From 1987 through 2001, Mr. Kirschner served as the head of the Bankruptcy and Restructuring Practice and from 1997 through 2001, the Business Practice Group, in the New York Office of the global law firm, Jones Day Reavis & Pogue, currently known as Jones Day.  During his time at Jones Day, Mr. Kirschner was also a member of the firm-wide Executive Committee.

Mr. Kirschner received his Juris Doctor, *cum laude*, from the University of Michigan Law School and his A.B. in Economics, with distinction from Dartmouth College.

**Contact Information for the Litigation Trust and the Litigation Trustee**

[To be provided]

## Exhibit B

### Initial Members of the Litigation Trust Advisory Board

**Aurelius Designees**

Dan Gropper – Managing Director, Aurelius Capital Management, LP

Dan Gropper is a Managing Director of Aurelius Capital Management, LP, which manages investment funds with approximately $3.0 billion of capital.  The Aurelius funds focus on distressed investing with an emphasis on legal, structural and process value-drivers and activism.  Mr. Gropper has served on many official and ad hoc creditor committees, often in a leadership role.   Prior to joining Aurelius in 2008, Mr. Gropper spent two years as a Managing Director of the Drawbridge Special Opportunities Fund of Fortress Investment Group.  From 1995 through 2004, Mr. Gropper worked at Elliott Management, where he became a Portfolio Manager.  Mr. Gropper holds a B.S. in Commerce, with distinction, with a Finance concentration from the University of Virginia.

Luc Dowling - Managing Director, Aurelius Capital Management, LP

Luc Dowling is a Managing Director of Aurelius Capital Management, LP, which manages investment funds with approximately $3.0 billion of capital.  The Aurelius funds focus on distressed investing with an emphasis on legal, structural and process value-drivers and activism.  Prior to joining Aurelius in 2006, Mr. Dowling spent a year working in the distressed-investing group at Ritchie Capital.  Mr. Dowling received a J.D. and M.B.A. from the University of Pennsylvania in May 2005.  Prior to attending graduate school, Mr. Dowling spent two and a half years as an investment banking analyst in the Corporate Finance and M&A Groups at J.P. Morgan in New York and London.  Mr. Dowling holds a B.A. in International Relations, magna cum laude, from Brown University.

**PHONES Notes Indenture Trustee Designee**

Patrick Healy - Vice President, Wilmington Trust Company

Patrick Healy is the CCS global distressed and insolvency product leader responsible for growing the default/bankruptcy/insolvency products, and managing relationship managers specializing in default/bankruptcy/insolvency transactions.

Mr. Healy has more than eighteen years of experience in the corporate trust industry, specializing in the sales, marketing, and management of all types of structured transactions.  Prior to joining Wilmington Trust, he served as a vice president with Law Debenture Trust Company of New York, where he was responsible for the administration of default/bankruptcy, European high yield, and structured transactions.  Throughout his

career, Mr. Healy also held positions with Corestates Bank, Mellon Bank, Chase Bank, USBank, The Bank of New York, and JPMorgan Chase.

Mr. Healy has worked on some of the highest profile bankruptcy/insolvency cases in the U.S. and Europe, including: Lyondell Chemical Company, Tribune Company, General Growth Properties, Abitibi-Bowater, Wind Hellas, Cooper-Standard, The Great Atlantic Tea & Pacific Company, Adelphia Communications Corporation, WorldCom/MCI, Kaiser Aluminum Corporation, Delphi Corporation, Collins & Aikman Corp., Calpine Corporation, Mirant Corporation, Petroleum GEO, Marconi Corporation plc and TeleWest Communications plc.

Mr. Healy holds an M.S. in Finance and an M.B.A. from Temple University and earned a bachelor's degree in Finance from Saint Joseph's University.  He is an Adjunct Professor of Finance, Erivan K. Haub School of Business, Saint Joseph's University.  In addition, Mr. Healy is a member of INSOL, the American Bankruptcy Institute and the Turnaround Management Association.

### Contact Information for the Litigation Trust Advisory Board

[To be provided]

### Exhibit C

**Compensation for Litigation Trustee**

The Litigation Trustee's compensation for personal services rendered will be $950 per hour.  A separate hourly rate will be fixed by agreement of the Litigation Trustee and the Litigation Trust Advisory Board  for any of the Litigation Trustee's staff providing services to the Litigation Trust.

## Exhibit D

### Compensation for Members

Each Member of the Litigation Trust Advisory Board shall receive an annual aggregate fee equal to $60,000 to serve on the Litigation Trust Advisory Board, to be paid in quarterly increments and shall include attendance at all Litigation Trust Advisory Board meetings; *provided*, that such aggregate compensation shall be waived for, and the Members employed by Aurelius shall not receive, such annual compensation.