**<u>Attachment J</u>**

**Exhibit 5.18.1**

**Creditors' Trust Agreement**

**NOTEHOLDER PLAN EXHIBIT 5.18.1**

<u>CREDITORS' TRUST AGREEMENT</u>

This Exhibit is subject to all of the provisions of the Noteholder Plan, including, without limitation, Section 13.8, pursuant to which the Proponents have reserved the right, subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, to alter, amend or modify the Noteholder Plan or the Exhibits at any time prior to or after the Confirmation Date but prior to substantial consummation of the Noteholder Plan.

# TRIBUNE CREDITORS' TRUST AGREEMENT

This Tribune Creditors' Trust Agreement (the "**Creditors' Trust Agreement**") is made this _____ day of _____ 2011 by the individual identified on <u>Exhibit A</u>, as trustee (such Person and each successor trustee, the "**Creditors' Trustee**"), pursuant to the Confirmation Order entered by the Bankruptcy Court on _____, 2011 (the "**Confirmation Order**") and creates and establishes the Creditors' Trust (the "**Creditors' Trust**") referenced herein in order to facilitate the implementation of the Joint Chapter 11 Plan of Reorganization for the Tribune Company proposed by Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company of New York, in its capacity as successor indenture trustee for the PHONES Notes, dated December 9, 2010 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "**Plan**").

## RECITALS

WHEREAS, Tribune and certain of the other Debtors filed voluntary petitions for relief (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on December 8, 2008 (the "**Petition Date**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "**Effective Date**"), for the creation and establishment of the Creditors' Trust for the purposes of administering the Creditors' Trust Assets and making all distributions to the holders of Creditors' Trust Interests identified under the Plan (the "**Beneficiaries**"), all as set forth in the Plan, the Confirmation Order, the Creditors' Trust Distribution Orders, this Creditors' Trust Agreement and, to the extent applicable, the Senior Loan Claim Sharing Resolution (collectively, the "**Directives**"); and

WHEREAS, pursuant to Treasury Regulation section 301.7701-4(a), the Creditors' Trust is created for the sole purpose of taking title to, protecting, conserving and distributing any recoveries from the State Law Avoidance Claims with no objective to continue or engage in the conduct of a trade or business; and

WHEREAS, the Creditors' Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC, with the Beneficiaries to be treated as the grantors of the Creditors' Trust and deemed to be the owners of the Creditors' Trust Assets (subject to the rights of creditors of the Creditors' Trust); *provided, however,* that in the event the Creditors' Trust does not qualify as a trust, it intends to be taxed as a partnership for U.S. federal income tax purposes (but not a publicly traded partnership under IRC section 7704);

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For all purposes of this Creditors' Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Plan. Unless otherwise specified, Article, Section and Paragraph references herein are to Articles, Sections and Paragraphs of this Creditors' Trust Agreement.

## ARTICLE II
## ESTABLISHMENT OF THE CREDITORS' TRUST

2.1     Establishment of Creditors' Trust and Appointment of Creditors' Trustee.

(a)     Pursuant to the Plan and the Confirmation Order, the parties hereby establish a trust which shall be known as the "Tribune Creditors' Trust."

(b)     The Creditors' Trustee is hereby appointed as trustee of the Creditors' Trust effective as of the Effective Date and agrees to accept and hold the assets of the Creditors' Trust in trust for the Beneficiaries subject to the provisions hereof and the Directives. The Creditors' Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)     Any action by the Creditors' Trustee and/or the Creditors' Trust Advisory Board which affects the interests of more than one Beneficiary shall be binding and conclusive on all Beneficiaries, even if such Beneficiaries have different or conflicting interests.

(d)     The Creditors' Trustee and the members of the Creditors' Trust Advisory Board (each, a "**Member**") shall serve without bond.

(e)     For the avoidance of doubt, none of the Creditors' Trustee or any Member is an officer, director or fiduciary of any of the Reorganized Debtors.

2.2     Transfer of the State Law Avoidance Claims.

(a)     Pursuant to the Plan (i) on the Effective Date the State Law Avoidance Claims, to the extent commenced, shall be discontinued by the Debtors, the Creditors' Committee and/or the Estates without prejudice and the Debtors shall be deemed to have abandoned, pursuant to section 554 of the Bankruptcy Code, any and all right to further pursue the State Law Avoidance Claims, and (ii) upon the Effective Date, each holder of Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, PHONES Notes Claims, EGI-TRB LLC Notes Claims and Subordinated Securities Claims not making the Non-Contribution Election shall, pursuant

2

to the terms of the Plan and the Confirmation Order, have  contributed to the Creditors' Trust, without recourse, all of their respective rights, title, and interest in and to any and all State Law Avoidance Claims.    The parties who so contribute such Claims to the Creditors' Trust shall be the sole Beneficiaries of the Creditors' Trust, entitled to all of the rights, title, and interest in and to any proceeds from the State Law Avoidance Claims, in accordance with this Creditors' Trust Agreement and the other Directives (all property held or to be held by the Creditors' Trust, for the benefit of the Beneficiaries, including, without limitation, such property as is described above, the "**Creditors' Trust Assets**").

(b)    It is intended that such transfers, assignments and deliveries shall be exempt from all stamp taxes, real estate transfer, mortgage reporting, sales, use or other similar taxes pursuant to section 1146(a) of the Bankruptcy Code.

2.3    Funding of the Creditors' Trust.

(a)    On or as soon as practicable following the Effective Date, the Distribution Trust shall provide the Creditors' Trust Initial Funding to the Creditors' Trust from the Distribution Trust Initial Funding and such other sources of funding as are available to the Distribution Trust, in the form of a loan in the amount of $5 million, or such other amount as may be approved by the Distribution Trust Advisory Board and the Creditors' Trust Advisory Board, on such terms and conditions as are approved by the Distribution Trust Advisory Board and the Creditors' Trust Advisory Board, respectively, which amount shall be repaid in full by the Creditors' Trust from the proceeds next derived from the State Law Avoidance Claims prior to any beneficiary of the Creditors' Trust receiving any of such proceeds. The Creditors' Trust shall use such proceeds to establish an expense fund (the "**Trust Expense Fund**") therewith to fund the costs and expenses involved in the administration and operation of the Creditors' Trust, as set forth herein and in the Plan.  Further, the Creditors' Trustee shall have the power and authority, with the approval of the Creditors' Trust Advisory Board, to retain proceeds from any of the  Creditors' Trust Assets and to add such proceeds to the Trust Expense Fund, at any time and from time to time, in such amounts as the Creditors' Trustee, with the approval of the Creditors' Trust Advisory Board, deems reasonable and appropriate to ensure that the Trust Expense Fund will be adequate to meet the applicable costs and expenses of the Creditors' Trust, and to arrange for other sources of financing, as the Creditors' Trustee deems necessary or desirable in its sole discretion, subject to the approval of the Creditors' Trust Advisory Board.  Any amounts used by the Creditors' Trustee to fund the Trust Expense Fund are hereinafter referred to as "**Trust Expense Funding**."

(b)    Any failure or inability of the Creditors' Trust to obtain Trust Expense Funding will not affect the enforceability of the Creditors' Trust.

2.4    Establishment of the Disputed Ownership Fund. The Creditors' Trustee may establish a Disputed Ownership Fund ("**DOF**") on account of Disputed Claims in respect of the Creditors' Trust, which shall include assets held separately from other assets of the Creditors' Trust that will be resolved by the Distribution Trust, which shall

include assets held separately from other assets of the Creditors' Trust, subject to an allocable share of all expenses and obligations of the Creditors' Trust. The amount of Net Creditors' Trust Proceeds held back in the DOF shall be equal to the amount of Net Creditors' Trust Proceeds necessary to satisfy the distributions to which the holders of Disputed Claims would be entitled if all such Disputed Claims were to be subsequently Allowed. The Creditors' Trustee may, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), (i) make an election either (A) pursuant to Regulations section 1.468B-9 to treat the DOF as a "disputed ownership fund" within the meaning of that section or (B) if the Creditors' Trustee has received a private letter ruling from the IRS authorizing such treatment, as a separate trust (or sub-trust) taxable under IRC section 641; (ii) allocate taxable income or loss to the DOF, with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed Claims held by the DOF); and (iii) distribute assets or interests in the Creditors' Trust from the DOF as, when, and to the extent, such Claims either become Allowed or otherwise resolved, such funds to be distributed as provided in Section 4.7(a). The Creditors' Trust Beneficiaries shall be bound by such election, if made by the Creditors' Trustee, in consultation with the Creditors' Trust Advisory Board, and as such shall, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), report consistently therewith.

2.5    Title to the Creditors' Trust Assets. The transfer of the Creditors' Trust Assets to the Creditors' Trust pursuant to Section 2.2 hereof is being made for the sole benefit, and on behalf of, the Beneficiaries. Upon the transfer of the Creditors' Trust Assets to the Creditors' Trust, the Creditors' Trust shall succeed to all of the grantors' rights, title and interest in the Creditors' Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Creditors' Trust or the Creditors' Trust Assets upon their assignment and transfer to the Creditors' Trust (other than as provided herein or in the Plan).

2.6    Nature and Purpose of the Creditors' Trust.

(a)    Purpose. The Creditors' Trust is organized and established as a trust for the sole purpose of taking title to, protecting, conserving and distributing any recoveries from the State Law Avoidance Claims for the Creditors' Trust Beneficiaries. The Creditors' Trustee, subject to the terms and conditions contained in the Directives and subject to the approval of the Creditors' Trust Advisory Board, shall hold and administer the Creditors' Trust Assets and distribute to the Beneficiaries the proceeds from the State Law Avoidance Claims in a timely fashion in accordance with the Directives and in accordance with Treasury Regulation section 301.7701-4(a) for the grantor trust and Treasury Regulation section 1.468B-9 for the DOF, with no objective to continue or engage in the conduct of a trade or business. The Creditors' Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC, with the Beneficiaries to be treated as the grantors of the Creditors' Trust and deemed to be the owners of the Creditors' Trust's assets (subject to the rights of creditors of the Creditors' Trust); *provided, however,* that in the event the Creditors' Trust does not qualify as a trust, it intends to be taxed as a partnership for U.S. federal

income tax purposes (but not a publicly traded partnership under IRC section 7704). The Creditors' Trust shall be authorized to prosecute the State Law Avoidance Claims that are contributed to the Creditors' Trust for the benefit of the Beneficiaries. The Beneficiaries shall receive any recoveries on account of the State Law Avoidance Claims transferred to the Creditors' Trust. Such recoveries shall be distributed to the Beneficiaries in accordance with the Directives. The Creditors' Trustee shall be under an obligation to make continuing reasonable efforts to timely resolve the State Law Avoidance Claims and not unreasonably prolong the duration of the Creditors' Trust.

(b)    Relationship.    This Creditors' Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Creditors' Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Creditors' Trustee, the Creditors' Trust Advisory Board (or any of its Members), the Beneficiaries or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers (except, to the extent the Creditors' Trust is not treated as a grantor trust for U.S. federal income tax purposes, it is intended to qualify as a partnership solely for such purpose (but not a publicly traded partnership under IRC section 7704)). The relationship of the Beneficiaries to the Creditors' Trustee and the Creditors' Trust Advisory Board shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship. The rights of the Beneficiaries shall be limited to those conferred upon them by the Directives.

2.7    Cooperation of Reorganized Debtors.    The Reorganized Debtors and each employee, officer and director of the Reorganized Debtors shall be required to cooperate in all respects, at the Reorganized Debtors' sole cost and expense, with the Creditors' Trustee in the administration of the Creditors' Trust and DOF (including, without limitation, the investigation and prosecution of the State Law Avoidance Claims) and shall not take any action that could interfere with or fail to take any action within the Reorganized Debtors' control if such failure could interfere with, such administration of the Creditors' Trust. The Creditors' Trustee shall have the right to seek relief from any court of competent jurisdiction, including seeking an order of contempt of the Directives, if, in the Creditors' Trustee's judgment, the Reorganized Debtors or any employee, officer or director of the Reorganized Debtors fails to cooperate in accordance with the provisions of this Section. The Reorganized Debtors shall preserve (at their sole cost and expense) all records and documents (including all electronic records or documents) related to the State Law Avoidance Claims for a period of five (5) years after the Effective Date, or if any State Law Avoidance Claim has been asserted in a pending action, then until such later time as the Creditors' Trustee notifies the Reorganized Debtors in writing that such records are no longer required to be preserved. The Creditors' Trustee shall be permitted to use all such records and documents in connection with the investigation and prosecution of the State Law Avoidance Claims. Further, the Debtors and the Reorganized Debtors shall deliver or cause to be delivered (at the Reorganized Debtors' sole cost and expense) to the Creditors' Trustee any information and documents (including those maintained in electronic format and original documents), whether held by the Debtors or Reorganized Debtors, their agents, advisors, attorneys, accountants or any other professional hired by the Debtors or

Reorganized Debtors, that the Creditors' Trustee believes are reasonably necessary or desirable in assisting the Creditors' Trustee in connection with the State Law Avoidance Claims. The Debtors and the Reorganized Debtors shall not be permitted to invoke any privilege, including, but not limited to, attorney/client privileges, work product privileges, accountant/client privileges or any other evidentiary privileges to prevent the Creditors' Trustee from using such records and documents for the purpose of investigating and prosecuting the State Law Avoidance Claims.

      2.8   <u>Relationship to, and Incorporation of, the Directives</u>. The principal purpose of this Creditors' Trust Agreement is to aid in the implementation of the Directives, and therefore this Creditors' Trust Agreement incorporates the provisions thereof by this reference. To that end, the Creditors' Trustee shall have full power and authority to take any action consistent with the purpose and provisions of all of the Directives, to seek any orders from any court of competent jurisdiction in furtherance of implementation of the Plan that directly affect the interests of the Creditors' Trust, and to seek any orders from any court of competent jurisdiction in furtherance of implementation of the Creditors' Trust, in each case with the approval of the Creditors' Trust Advisory Board. As among the Creditors' Trust, the Creditors' Trustee, the Creditors' Trust Advisory Board, the Beneficiaries, the Debtors and the Reorganized Debtors, if any provisions of this Creditors' Trust Agreement are found to be inconsistent with the provisions of the Plan, the Confirmation Order, the Senior Loan Claim Sharing Resolution (to the extent applicable) or the Creditors' Trust Distribution Orders, each such document shall have controlling effect in the following rank order: Creditors' Trust Distribution Orders, the Confirmation Order, the Plan, this Creditors' Trust Agreement and the Senior Loan Claim Sharing Resolution (to the extent applicable).

      2.9   <u>Appointment as Representative</u>. The Creditors' Trustee shall be the duly appointed representative of the Beneficiaries with respect to the Creditors' Trust Assets and, as such, the Creditors' Trustee succeeds to the rights and powers of the Beneficiaries with respect to prosecution of the State Law Avoidance Claim for the benefit of the Beneficiaries. To the extent that any of the State Law Avoidance Claim cannot be transferred to the Creditors' Trust because of a restriction on transferability under applicable law that, such Creditors' Trust Assets shall be deemed to have been retained by the Beneficiaries and the Creditors' Trustee shall be deemed to have been designated as a representative of such Beneficiaries to enforce and pursue such State Law Avoidance Claims on behalf of the Beneficiaries. Notwithstanding the foregoing, all net proceeds of the Creditors' Trust Assets shall be paid over to the Creditors' Trust and thereafter distributed consistent with the provisions of the Creditors' Trust Distribution Orders.

ARTICLE III
**CREDITORS' TRUST INTERESTS**

      3.1   <u>Creditors' Trust Interests</u>. The Creditors' Trust Interests will be represented by book entries on the books and records of the Creditors' Trust. The Creditors' Trust will not issue any certificate or certificates to evidence any Creditors' Trust Interests. The Creditors' Trust will be permitted to issue Creditors' Trust Interests

divided into such number of classes and with such numerical and/or alphabetical designations as necessary or advisable to give effect to the distributions contemplated in the Plan.

3.2    <u>Interests Beneficial Only</u>.  The ownership of a Creditors' Trust Interest shall not entitle the Beneficiaries to any title in or to the Creditors' Trust Assets as such (which title shall be vested in the Creditors' Trust) or to any right to call for a partition or division of the Creditors' Trust Assets or to require an accounting.

3.3    <u>Identification of Holders of Creditors' Trust Interests</u>.  The record holders of Creditors' Trust Interests shall be recorded and set forth in a register maintained by the Creditors' Trustee expressly for such purpose ("**Register**").    All references in this Creditors' Trust Agreement to holders of Creditors' Trust Interests shall be read to mean holders of record as set forth in the official Register maintained by the Creditors' Trustee and shall not mean any beneficial owner not recorded on such official registry.

3.4    <u>Transferability of Creditors' Trust Interests</u>.  The Creditors' Trust Interests shall be transferable in accordance with and subject to applicable law; *provided*, *however*, that (i) if the Creditors' Trust Interests are at any time certificated, the form of certificate may carry a legend, in substance and form reasonably satisfactory to the Creditors' Trustee (with the approval of the Creditors' Trust Advisory Board) that shall set forth that the interests represented thereby, and the holder thereof, are subject to the terms of the Directives, and (ii) if the Creditors' Trustee, with approval of the Creditors' Trust Advisory Board and upon advice of counsel, determines that any or all of the Creditors' Trust Interests are subject to registration pursuant to Section 12 of the Securities Exchange Act of 1934, as amended, the Creditors' Trustee shall, as directed by the Creditors' Trust Advisory Board, pursue relief from such registration by obtaining either an exemptive order, a no-action letter or an interpretive letter from the Securities and Exchange Commission or its staff or, absent its ability to achieve that objective or in lieu thereof, shall register such class pursuant to Section 12 of such statute (it being understood and agreed that the Creditors' Trustee shall be authorized (with the approval of the Creditors' Trust Advisory Board), among other things, to register such class and to seek relief from one or more of the requirements then applicable subsequent to such registration and to de-register such class).

3.5    <u>Change of Address</u>**.**  The Beneficiaries may, after the Effective Date, select an alternative distribution address by providing notice to the Creditors' Trustee identifying such alternative distribution address.  Such notification shall be effective only upon receipt by the Creditors' Trustee.  Absent actual receipt of such notice by the Creditors' Trustee, the Creditors' Trustee shall not recognize any such change of distribution address.

ARTICLE IV<br>
<strong>RIGHTS, POWERS AND DUTIES OF CREDITORS' TRUSTEE</strong>

4.1    <u>Role of the Creditors' Trustee</u>.  In furtherance of and consistent with the purpose of the Creditors' Trust and the Plan, subject to the terms and conditions contained

7

in the Directives, the Creditors' Trustee shall, subject to the approval of the Creditors' Trust Advisory Board, (i) receive, manage, supervise and protect the Creditors' Trust Assets upon its receipt of same on behalf of and for the Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise (with any state court approval, if required) the State Law Avoidance Claims and any defense asserted by the Creditors' Trust in connection with any counterclaim or cross claim asserted against the Creditors' Trust; (iii) subject to the provisions of Section 4.4, determine a method for allocating all items of income, gain, loss, deduction and credit among the Beneficiaries and the DOF in accordance with the Distribution Trust's treatment as a grantor trust;  (iv) prepare and file all required tax returns and pay taxes and all other obligations of the Creditors' Trust; (v) make distributions from the proceeds of the State Law Avoidance Claims to the holders of Creditors' Trust Interests in accordance with the terms of the Creditors' Trust Distribution Orders; and (vi) have such other responsibilities as may be vested in the Creditors' Trustee pursuant to the Directives.  The Creditors' Trustee in consultation with, and subject to the approval of, the Creditors' Trust Advisory Board, shall be responsible for all decisions and duties with respect to the Creditors' Trust and the Creditors' Trust Assets, such decisions and duties to be carried out in accordance with the Directives.  In all circumstances, the Creditors' Trustee shall act in the best interests of all Beneficiaries and in furtherance of the purpose of the Creditors' Trust, and shall use commercially reasonable efforts to dispose of the Creditors' Trust Assets and to make timely distributions and not unreasonably prolong the duration of the Creditors' Trust.  The Creditors' Trustee shall have fiduciary duties to the Beneficiaries consistent with the fiduciary duties that a member of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; *provided,* that the Creditors' Trustee shall not owe fiduciary obligations to any defendants of State Law Avoidance Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Creditors' Trustee's obligations are to maximize the value of the assets of the Creditors' Trust including the State Law Avoidance Claims and to ensure that those Beneficiaries justly entitled to receive proceeds of State Law Avoidance Claims receive same in an equitable priority.

      4.2    Prosecution of State Law Avoidance Claims.

      (a)    Subject to the provisions of this Creditors' Trust Agreement, the Plan and direction by the Creditors' Trust Advisory Board, the Creditors' Trustee shall pursue, prosecute, release, settle or abandon, as the case may be, any and all State Law Avoidance Claims (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such causes of action).

      (b)    To the extent that any action has been taken to prosecute or otherwise resolve any State Law Avoidance Claims prior to the Effective Date by any Beneficiary and/or the Creditors' Committee, the Creditors' Trustee shall be substituted for such party in connection therewith and the caption with respect to such pending litigation shall be changed to the following, at the option of the Creditors' Trust: "[Name of Trustee], as Trustee for the Tribune Creditors' Trust v. [Defendant]" or "Tribune

Creditors' Trust v. [Defendant]".  For purposes of exercising its powers, the Creditors' Trustee shall be deemed to be a representative of the Beneficiaries.

    4.3    <u>Authority to Settle State Law Avoidance Claims</u>.

    (a)    Subject to direction by the Creditors' Trust Advisory Board, the Creditors' Trustee shall be empowered and authorized to settle, dispose of or abandon any State Law Avoidance Claims (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such State Law Avoidance Claims) with state court approval, if required.

    (b)    Any determinations by the Creditors' Trustee, under the direction of the Creditors' Trust Advisory Board, with regard to the amount or timing of settlement or other disposition of any State Law Avoidance Claims shall be conclusive and binding on the Beneficiaries and all other parties of interest following the entry of an order of a court of competent jurisdiction approving such settlement or other disposition.

    4.4    <u>Apportionment of Taxable Items to Beneficiaries</u>.  Prior to the resolution of the Creditors' Trust Causes of Action and the entry of the Creditors' Trust Distribution Orders, the Creditors' Trustee shall, subject to the approval of the Creditors' Trust Advisory Board, but without necessity for review or approval by the Bankruptcy Court or any other Person, on or before the Effective Date, determine an appropriate method for allocating all items of income, gain, loss, deduction and credit among the Beneficiaries and the DOF in accordance with the Creditors' Trust's treatment as a grantor trust, and report in accordance with such method.  In determining an appropriate allocation, the Creditors' Trustee and the Creditors' Trust Advisory Board shall consult with the Litigation Trustee and the Distribution Trustee and their respective trust advisory boards. The relative interests of each class of Interests in the Creditors' Trust shall be adjusted to reflect the outcome of the Creditors' Trust Causes of Action and the entry of the Creditors' Trust Distribution Orders.  All members of a class of Interests shall be treated in the same manner as other members of such class, except as otherwise provided by any judicial order.  The determination made by the Creditors' Trustee and the Creditors' Trust Advisory Board under this Section 4.4 shall not be subject to challenge or review.

    4.5    <u>Retention of Counsel and Other Professionals</u>.  The Creditors' Trustee may, subject to the approval of the Creditors' Trust Advisory Board, but without necessity for review or approval by any court or any other Person (a) retain such independent experts, advisors and other third parties (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Creditors' Trustee deems necessary to aid it in the performance of its duties and responsibilities hereunder and under the Plan and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Creditors' Trust Agreement, and (b) commit and cause the Creditors' Trust to provide such professional persons or entities reasonable compensation (including contingency fee based compensation) and reimbursement from the Trust Expense Fund for services rendered and expenses incurred.  The Creditors' Trustee may, with the approval of the Creditors' Trust Advisory Board, agree with the Distribution Trustee and/or the Litigation Trustee to share the services of legal counsel and other experts,

advisors and third party service providers (for example and without limitation, e-discovery, document hosting and document storage services) as the Creditors' Trustee may deem desirable in administering the Creditors' Trust as set forth herein.  The costs and expenses related to any such shared services shall be equitably allocated among the parties so sharing such services as such parties shall determine, with, in the case of the Creditors' Trust, the approval of the Creditors' Trust Advisory Board.  Notwithstanding the foregoing, in no event shall any attorney/client privilege, work product privilege, accountant/client privilege or any other evidentiary privilege of the Creditors' Trust, the Distribution Trust or the Litigation Trust be, or be deemed to have been, waived or otherwise compromised as the result of any such sharing arrangement.

      4.6   <u>Creditors' Trust Expenses</u>.  Except as otherwise provided herein or in any Directive, the Creditors' Trustee may incur any reasonable and necessary fees, expenses and costs in pursuing the State Law Avoidance Claims, as set forth in this Creditors' Trust Agreement, and in otherwise administering the Creditors' Trust Assets and performing the duties and obligations of the Creditors' Trustee pursuant to the terms and conditions of this Creditors' Trust Agreement and such other actions that are necessary or advisable in connection therewith or in furtherance thereof.  All such fees, expenses, and costs shall be paid by, and solely be the obligation of, the Creditors' Trust.

      (a)   The Trust Funding in the Trust Expense Fund may be used by the Creditors' Trustee, with the approval of the Creditors' Trust Advisory Board (i) as the Creditors' Trustee determines is reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Creditors' Trust during liquidation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Creditors' Trustee (including reasonable fees, costs, and expenses of professionals and other third parties) and the Members (including reasonable fees, costs, and expenses of legal counsel)), any taxes imposed on the Creditors' Trust or in respect of the Creditors' Trust Assets or fees and expenses in connection with, arising out of or related to the Creditors' Trust Assets and (iii) to satisfy other liabilities incurred or assumed by the Creditors' Trust (or to which the assets are otherwise subject) in accordance with the Plan.

      (b)   The Creditors' Trustee may, with the approval of the Creditors' Trust Advisory Board, retain proceeds from the Creditors' Trust Assets and add such proceeds to the Trust Expense Fund, at any time and from time to time, in such amounts as the Creditors' Trustee deems reasonable and appropriate to ensure that the Trust Expense Fund will be adequate to meet the expenses and liabilities described in Section 4.6(a) above and to arrange for other sources of financing, as the Creditors' Trustee deems necessary or desirable in its sole discretion, subject to the approval of the Creditors' Trust Advisory Board.

      (c)   Notwithstanding any other provision of this Creditors' Trust Agreement to the contrary, the Creditors' Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Creditors' Trust unless it shall have sufficient funds in the Trust Expense Fund for that purpose.

4.7    Distributions.

(a)    The distribution of the Creditors' Trust Assets to the Beneficiaries shall be accomplished as set forth in the Creditors' Trust Distribution Orders.

(b)    In the reasonable discretion of the Creditors' Trustee, subject to the direction of the Creditors' Trust Advisory Board, the Creditors' Trustee shall distribute all Cash on hand (including, but not limited to, the Creditors' Trust's net income and net proceeds from any sale of assets, any Cash received on account of or representing proceeds, and treating as Cash for purposes of this Section 4.7 and permitted investments under Section 4.9 below), except such amounts as are reasonably necessary for the Trust Expense Fund or otherwise to meet contingent liabilities (including professional fees) and to maintain the value of the Creditors' Trust Assets.    The Creditors' Trustee shall make all such distributions as set forth in the Directives.    The income of the Creditors' Trust shall be distributed or held or accumulated for future distribution pursuant to the Directives.

(c)    The Creditors' Trustee may retain a distribution agent for the effective administration and distribution of amounts payable to the Beneficiaries and all costs and expenses of such distribution agent shall be paid from Trust Expense Fund.

4.8    Management of Creditors' Trust Assets.

(a)    Except as otherwise provided in this Creditors' Trust Agreement or any other Directive, but without prior or further authorization, the Creditors' Trustee may, subject to the direction of the Creditors' Trust Advisory Board, control and exercise authority over the Creditors' Trust Assets, over the management and disposition thereof and over the management and conduct of the Creditors' Trust, in each case, as necessary or advisable to enable the Creditors' Trustee to fulfill the intents and purposes of this Creditors' Trust Agreement. No person dealing with the Creditors' Trust will be obligated to inquire into the authority of the Creditors' Trustee in connection with the acquisition, management or disposition of the Creditors' Trust Assets.

(b)    In connection with the management and use of the Creditors' Trust Assets and except as otherwise expressly limited in this Creditors' Trust Agreement or any other Directive, the Creditors' Trustee will have, subject to the approval of the Creditors' Trust Advisory Board, in addition to any powers conferred upon the Creditors' Trustee by any other provision of this Creditors' Trust Agreement, the power to take any and all actions as, in the Creditors' Trustee's discretion, are necessary or advisable to effectuate the primary purposes of the Creditors' Trust, including, without limitation, the power and authority to (i) pay taxes and other obligations owed by the Creditors' Trust (or any sub-trust or disputed ownership fund) or incurred by the Creditors' Trustee; (ii) engage and compensate from the funding of the Creditors' Trust (including proceeds of the State Law Avoidance Claims), to the extent provided for herein, other sources, consultants, agents, employees and professional persons to assist the Creditors' Trustee with respect to the Creditors' Trustee's responsibilities; (iii) prosecute, compromise, and settle State Law Avoidance Claims subject to the Creditors' Trust Advisory Board's

11

approval (and state court approval, if applicable); (iv) commence and/or pursue any and all actions involving State Law Avoidance Claims that could arise or be asserted at any time; (v) make distributions from the proceeds of the State Law Avoidance Claims to the holders of Creditors' Trust Interests in accordance with the terms of the Creditors' Trust Distribution Orders and the Creditors' Trust Agreement; and (vi) act and implement this Creditors' Trust Agreement and the Creditors' Trust Distribution Orders.

4.9     Investment of Cash.  The Creditors' Trustee may, upon approval of the Creditors' Trust Advisory Board, invest any Cash (including any earnings thereon or proceeds therefrom) held by the Creditors' Trust in United States Treasury bills and notes, institutional money market funds, commercial paper and time deposits and certificates of deposit with commercial banks, in each case, with a maturity of twelve months or less; *provided, however,* that sections 11-2.3, 11-2.3-A and 11-2.4 of the Estates, Powers and Trusts Law of New York shall be inapplicable to the Creditors' Trust herein.

4.10     Additional Powers of the Creditors' Trustee.  In addition to any and all of the powers enumerated above, and except as otherwise provided in this Creditors' Trust Agreement or any other Directive, and subject to the Treasury Regulations governing liquidating trusts, the Creditors' Trustee, subject to the approval of the Creditors' Trust Advisory Board, shall be empowered to:

(a)     hold legal title to any and all rights in or arising from the Creditors' Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Creditors' Trust;

(b)     protect and enforce the rights of the Creditors' Trust to the Creditors' Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(c)     determine and satisfy any and all liabilities created, incurred or assumed by the Creditors' Trust;

(d)     assert or waive any privilege or defense on behalf of the Creditors' Trust;

(e)     make all payments relating to the Creditors' Trust Assets;

(f)     obtain insurance coverage with respect to the potential liabilities and obligations of the Creditors' Trust, the Creditors' Trustee, the Creditors' Trust Advisory Board and the Members under this Creditors' Trust Agreement (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(g)     prepare, or have prepared, and file, if necessary, with the appropriate Tax Authority any and all tax returns, information returns, and other required documents with respect to the Creditors' Trust (including, without limitation, U.S.

12

federal, state, local or foreign tax or information returns required to be filed by the Creditors' Trust) and pay taxes properly payable by the Creditors' Trust (or any sub-trust or disputed ownership fund), if any, and cause all taxes payable by the Creditors' Trust, if any, to be paid exclusively out of the Creditors' Trust Assets (or of any sub-trust or disputed ownership fund, to the extent applicable);

(h)    request any appropriate tax determination or ruling with respect to the Creditors' Trust (or any sub-trust or disputed ownership fund), including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(i)    retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm and other advisory firms to perform such reviews and/or audits of the financial books and records of the Creditors' Trust as may be appropriate in the Creditors' Trustee's discretion and to prepare and file any tax returns or informational returns for the Creditors' Trust (or any sub-trust or disputed ownership fund) as may be required;

(j)    take or refrain from taking any and all actions the Creditors' Trustee reasonably deems necessary for the continuation, protection, and maximization of the Creditors' Trust Assets consistent with the purposes hereof;

(k)    take all steps and execute all instruments and documents the Creditors' Trustee reasonably deems necessary to effectuate the Creditors' Trust;

(l)    take all actions the Creditors' Trustee reasonably deems necessary to comply with the Directives and the obligations thereunder; and

(m)    exercise such other powers as may be vested in the Creditors' Trustee pursuant to any Directive or any court of competent jurisdiction, or as otherwise determined by the Creditors' Trustee to be necessary and proper to carry out the obligations of the Creditors' Trustee and the Creditors' Trust.

4.11    <u>Limitations on Power and Authority of the Creditors' Trustee</u>. Notwithstanding anything in this Creditors' Trust Agreement to the contrary, the Creditors' Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of any Directive;

(b)    take any action which would make it impossible to carry on the activities of the Creditors' Trust;

(c)    possess property of the Creditors' Trust or assign the Creditors' Trust's rights in specific property for other than Creditors' Trust purposes and as provided herein;

(d)    cause or permit the Creditors' Trust to engage in any trade or business;

13

(e)    permit the Creditors' Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including, without limitation, expected expenses) or to maintain the value of its assets during liquidation;

(f)    receive transfers of any listed stocks or securities, or any readily-marketable assets or any operating assets of a going business, except as is necessary or required under any Creditors' Trust Distribution Order; *provided, however*, that in no event shall the Creditors' Trustee receive any such investment that would jeopardize treatment of the Creditors' Trust as a trust for federal income tax purposes under Treasury Regulation section 301.7701(a), or any successor provision thereof;

(g)    exercise the investment power provided in Section 4.9 hereof;

(h)    receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is necessary or required under any Directive; *provided, however*, that in no event shall the Creditors' Trustee receive or retain any such asset or interest that would jeopardize treatment of the Creditors' Trust as a trust for federal income tax purposes under Treasury Regulation section 301.7701-4(a), or any successor provision thereof.  In the event that the Creditors' Trust is treated as a partnership for federal income tax purposes, the Creditors' Trustee shall not become a market-maker for the Creditors' Trust Interests or otherwise attempt to create a secondary market for the Creditors' Trust Interests.  The Creditors' Trustee shall be restricted to the liquidation of the Creditors' Trust Assets on behalf, and for the benefit, of the Beneficiaries and the distribution and application of Trust Property for the purposes set forth in this Creditors' Trust Agreement, the Plan and the Confirmation Order, and the conservation and protection of the Creditors' Trust Assets and the administration thereof in accordance with the provisions of this Creditors' Trust Agreement, the Plan and the Confirmation Order.

(i)    settle, dispose of or abandon any State Law Avoidance Claims (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such State Law Avoidance Claims) without the approval of the Creditors' Trust Advisory Board; or

(j)    take any other action that would jeopardize treatment of the Creditors' Trust as a trust for federal income tax purposes under Treasury Regulation section 301.7701-4(a), or any successor provision thereof.

4.12    <u>Books and Records</u>.  The Creditors' Trustee shall maintain in respect of the Creditors' Trust books and records relating to the Creditors' Trust Assets and income of the Creditors' Trust and the payment of, expenses of, and liabilities of claims against or assumed by, the Creditors' Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Creditors' Trust. Nothing in this Creditors' Trust

14

Agreement requires the Creditors' Trustee to file any accounting or seek approval of any court with respect to the administration of the Creditors' Trust, or as a condition for managing any payment or distribution out of the Creditors' Trust Assets.

4.13    Reports

(a)    Financial and Status Reports.  The fiscal year of the Creditors' Trust shall be the calendar year.  Within 90 days after the end of the calendar year during the term of the Creditors' Trust and within 45 days after the end of each calendar quarter during the term of the Creditors' Trust and as soon as practicable upon termination of the Creditors' Trust, the Creditors' Trustee shall make available upon request to the Beneficiaries appearing on its records as of the end of such period or such date of termination a written report including: (i) financial statements of the Creditors' Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Creditors' Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Creditors' Trust as proposed by the Creditors' Trustee; (ii) a summary description of any action taken by the Creditors' Trust which, in the judgment of the Creditors' Trustee, materially affects the Creditors' Trust and of which notice has not previously been given to the Beneficiaries; and (iii) a description of the progress of liquidating Creditors' Trust Assets, resolving Claims in the DOF, and making distributions to Beneficiaries and any other material information relating to the Creditors' Trust Assets and the administration of the Creditors' Trust. The Creditors' Trustee may post any such report on a web site maintained by the Creditors' Trustee in lieu of actual notice to each Beneficiary (unless otherwise required by law).

(b)    Annual Plan and Budget.  If instructed by the Creditors' Trust Advisory Board, the Creditors' Trustee shall prepare and submit to the Creditors' Trust Advisory Board for approval an annual plan and budget in such detail as is reasonably requested.

## ARTICLE V
## THE CREDITORS' TRUSTEE GENERALLY

5.1    Independent Trustee.  The Creditors' Trustee may not be a Member of the Creditors' Trust Advisory Board, a member of the Distribution Trust Advisory Board or the Distribution Trustee.

5.2    Trustee's Compensation and Reimbursement.

(a)    Compensation.  The Creditors' Trustee shall receive compensation from the Creditors' Trust as provided on Exhibit C.  The compensation of the Creditors' Trustee may be modified from time to time by the Creditors' Trust Advisory Board. Notice of any modification of the Creditors' Trustee's compensation shall be sent to the Beneficiaries promptly; *provided, that* during the period from delivery of notice of resignation by the Creditors' Trustee or delivery of notice of removal of the Creditors' Trustee by the Creditors' Trust Advisory Board until the effective date of any such

resignation or removal, as applicable, the compensation of the Creditors' Trustee may not be decreased from the compensation in effect at the time such notice of resignation or removal is delivered.

(b)     Expenses.   In addition, the Creditors' Trust will reimburse the Creditors' Trustee for all actual, reasonable, out-of-pocket expenses incurred by the Creditors' Trustee in connection with the performance of the duties of the Creditors' Trustee hereunder or under the other Directives, including but not limited to, fees and disbursements of the Creditors' Trustee's legal counsel incurred in connection with the preparation, execution and delivery of this Creditors' Trust Agreement and related documents.

(c)     Payment.   The fees and expenses payable to the Creditors' Trustee shall be paid to the Creditors' Trustee upon approval of such fees by the Creditors' Trust Advisory Board without necessity for review or approval by any other Person.   The Creditors' Trust Initial Funding and any subsequent Trust Expense Funding shall be the source of the payments referred to in this Section 5.2.

5.3     Resignation.   The Creditors' Trustee may resign by giving not less than ninety (90) days' prior written notice thereof to the Creditors' Trust Advisory Board. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor by a majority of the Members and the acceptance by such successor of such appointment. If a successor Creditors' Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the Creditors' Trustee may petition any court of competent jurisdiction for the appointment of a successor Creditors' Trustee, during which time, the Creditors' Trustee shall be entitled to receive the fees provided for in Section 5.2(a) hereof.   Notwithstanding the foregoing, upon the Termination Date, the Creditors' Trustee shall be deemed to have resigned, except as otherwise provided for in Section 9.2 herein.

5.4     Removal.

(a)     The Creditors' Trustee may be removed by the Creditors' Trust Advisory Board for Cause (as defined in Section 6.7 herein), immediately upon notice thereof, or without Cause, upon 90 days prior written notice.

(b)     To the extent there is any dispute regarding the removal of a Creditors' Trustee (including any dispute relating to any compensation or expense reimbursement due under this Creditors' Trust Agreement), the Creditors' Trust Advisory Board shall have the authority to resolve such dispute as it deems reasonable or necessary in its discretion.   Notwithstanding the foregoing, the Creditors' Trustee will continue to serve as the Creditors' Trustee after his removal until the time when appointment of a successor Creditors' Trustee will become effective in accordance with Section 5.5 of this Creditors' Trust Agreement.

5.5    <u>Appointment of Successor Creditors' Trustee</u>.  In the event of the death (in the case of a Creditors' Trustee that is a natural person), dissolution (in the case of a Creditors' Trustee that is not a natural person), resignation, incompetency, or removal of the Creditors' Trustee, the Creditors' Trust Advisory Board shall designate a successor Creditors' Trustee. Such appointment shall specify the date on which such appointment shall be effective. Every successor Creditors' Trustee appointed hereunder shall execute, acknowledge, and deliver to the Creditors' Trust Advisory Board an instrument accepting the appointment under this Creditors' Trust Agreement and agreeing to be bound thereto, and thereupon the successor Creditors' Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Creditors' Trustee; *provided, however*, that a removed or resigning Creditors' Trustee shall, nevertheless, when requested in writing by the successor Creditors' Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Creditors' Trustee under the Creditors' Trust all the estates, properties, rights, powers, and trusts of such predecessor Creditors' Trustee.

5.6    <u>Effect of Resignation or Removal</u>.  The death, dissolution, resignation, incompetency or removal of the Creditors' Trustee, as applicable, shall not operate to terminate the Creditors' Trust created by this Creditors' Trust Agreement or to revoke any existing agency created pursuant to the terms of this Creditors' Trust Agreement or invalidate any action theretofore taken by the Creditors' Trustee or any prior Creditors' Trustee. In the event of the resignation or removal of the Creditors' Trustee, such Creditors' Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be reasonably requested by Creditors' Trust Advisory Board or the successor Creditors' Trustee to effect the termination of such Creditors' Trustee's capacity under this Creditors' Trust Agreement, (b) deliver to the Creditors' Trust Advisory Board or the successor Creditors' Trustee all documents, instruments, records and other writings related to the Creditors' Trust as may be in the possession of such Creditors' Trustee (provided that such Creditors' Trustee may retain one copy of such documents for archival purposes) and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Creditors' Trustee.

5.7    <u>Confidentiality</u>.  The Creditors' Trustee shall, during the period that the Creditors' Trustee serves as Creditors' Trustee under this Creditors' Trust Agreement and following the termination of this Creditors' Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Creditors' Trust Assets relates or of which the Creditors' Trustee has become aware in the Creditors' Trustee's capacity as Creditors' Trustee, except as otherwise required by law.

## ARTICLE VI
## TRUST BOARD

6.1    <u>The Creditors' Trust Advisory Board</u>.  On the Effective Date, a governing board of three (3) persons or entities shall commence serving as directors of the Creditors' Trust (the "**Creditors' Trust Advisory Board**"). The Creditors' Trust Advisory Board will be a three-member board initially composed of two (2) individuals appointed by

Aurelius and one (1) member appointed by the PHONES Notes Indenture Trustee, as listed on Exhibit B hereto.  On and after the Creditors' Trust Advisory Board Reallocation Date, the holders of the Class 1I Creditors' Trust Interests may elect, by majority vote, to replace any member of the Creditors' Trust Advisory Board that was not appointed by the PHONES Notes Trustee.  The Creditors' Trust Advisory Board shall, as and when requested by the Creditors' Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Directives, consult with and advise the Creditors' Trustee as to the administration and management in accordance with the Directives of the Creditors' Trust and shall have the other responsibilities and powers as set forth herein.  No Member shall be a member of the Distribution Trust Advisory Board nor shall any Member be the Creditors' Trustee, the Distribution Trustee or the Litigation Trustee.

6.2    <u>Authority and Responsibilities</u>.  The Creditors' Trust Advisory Board shall have the authority and responsibility to oversee, govern, and, as specifically set forth herein, to direct the activities of the Creditors' Trust and the performance of the Creditors' Trustee and shall have the authority to remove the Creditors' Trustee in accordance with Section 5.4 hereof.  The Creditors' Trust Advisory Board shall also (a) monitor and oversee the administration of the Creditors' Trust and the Creditors' Trustee's performance of its responsibilities under the Directives, and (b) perform such other tasks as are set forth in the Directives. In all circumstances, except as explicitly provided herein, the Creditors' Trust Advisory Board shall have fiduciary duties to the Beneficiaries consistent with the fiduciary duties that the members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have to the creditor constituents represented by such committee and shall exercise its responsibilities accordingly; *provided, that* the Creditors' Trust Advisory Board shall not owe fiduciary obligations to any defendants of State Law Avoidance Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Creditors' Trust Advisory Board's obligations are to maximize the value of the Creditors' Trust Assets, including the State Law Avoidance Claims and to ensure that those Beneficiaries justly entitled to receive proceeds of State Law Avoidance Claims receive same in an equitable priority.  In all circumstances, subject to the foregoing sentence, the Creditors' Trust Advisory Board shall act in the best interests of the Beneficiaries and in furtherance of the purpose of the Creditors' Trust. The Creditors' Trustee shall consult with and provide information to the Creditors' Trust Advisory Board in accordance with and pursuant to the terms of this Creditors' Trust Agreement and the other Directives to enable the Creditors' Trust Advisory Board to meet its obligations hereunder. Any provision of this Creditors' Trust Agreement to the contrary notwithstanding, the Creditors' Trustee shall not be required to obtain the approval or follow the directions of the Creditors' Trust Advisory Board to the extent that (i) the Creditors' Trust Advisory Board has not authorized the Creditors' Trustee to take any action that the Creditors' Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is required to be taken by applicable law or (ii) the Creditors' Trust Advisory Board directs the Creditors' Trustee to take action that the Creditors' Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is prohibited by applicable law.

18

6.3    <u>Meetings of the Creditors' Trust Advisory Board</u>.  Meetings of the Creditors' Trust Advisory Board are to be held not less often than quarterly.  Special meetings of the Creditors' Trust Advisory Board may be held whenever and wherever called for by the Creditors' Trustee or any Member; *provided that* notice of any such meeting shall be duly given in writing no less than 48 hours prior to such meeting (such notice being subject to waiver by the Members). Any action required or permitted to be taken by the Creditors' Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Creditors' Trust Advisory Board as evidenced by one or more written consents describing the action taken, signed by all Members and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Creditors' Trust Advisory Board.  Unless the Creditors' Trust Advisory Board decides otherwise (which decision shall rest in the reasonable discretion of the Creditors' Trust Advisory Board), the Creditors' Trustee and the Creditors' Trustee's designated advisors may attend meetings of the Creditors' Trust Advisory Board.

6.4    <u>Manner of Acting</u>.  Two Members shall constitute a quorum for the transaction of business at any meeting of the Creditors' Trust Advisory Board.  The affirmative vote of a majority of the Members present at a duly called meeting at which a quorum is present throughout shall be the act of the Creditors' Trust Advisory Board except as otherwise required by law or as provided in this Creditors' Trust Agreement. Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any Member participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) may, if approved by the Members at a meeting, be conducted by electronic mail or individual communications by the Creditors' Trustee and each Member.

6.5    <u>Tenure of the Members of the Creditors' Trust Advisory Board</u>.  The authority of the Members will be effective as of the Effective Date and will remain and continue in full force and effect until the Creditors' Trust is terminated in accordance with Article IX hereof. The Members will serve until such Member's successor is duly appointed or until such Member's earlier death or resignation pursuant to Section 6.6 below, or removal pursuant to Section 6.7 below.

6.6    <u>Resignation</u>.  A Member may resign by giving not less than ninety (90) days' prior written notice thereof to the Creditors' Trustee and the other Members. Such resignation shall become effective on the later to occur of: (i) the day specified in such notice; and (ii) the appointment of a successor in accordance with Section 6.8 below.

6.7    <u>Removal</u>.  A majority of the Creditors' Trust Advisory Board may remove any Member for Cause, except as set forth in Section 6.1 above. Notwithstanding the foregoing, upon the occurrence of the Termination Date, any or all of the Members shall be deemed to have resigned.  For purposes of this Section 6.7, "Cause" shall mean (i) a

Person's willful failure to perform his material duties hereunder, which is not remedied within thirty (30) days of notice; (ii) a Person's commission of an act of fraud, theft or embezzlement during the performance of his duties hereunder; or (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed.

6.8    Appointment of a Successor Member.

(a)    In the event of a vacancy on the Creditors' Trust Advisory Board (whether by removal, death, or resignation), a new Member may be appointed to fill such position either by (i) in the case of Members originally appointed by Aurelius (or the successor to such Members appointed under this subsection), Aurelius or (ii) in the case of the Member originally appointed by the PHONES Notes Indenture Trustee (or the successor to such Member appointed under this subsection), the PHONES Notes Indenture Trustee.  The appointment of a successor Member will be further evidenced by the Creditors' Trustee's notifying the Beneficiaries of such appointment, at the direction of the Creditors' Trust Advisory Board, which notice will include the name, address, and telephone number of the successor Member.

(b)    Immediately upon the appointment of any successor Member, all rights, powers, duties, authority, and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act; and the successor Member will not be liable personally for any act or omission of the predecessor Member.

(c)    Every successor Member appointed hereunder shall execute, acknowledge and deliver to the Creditors' Trustee and other Members an instrument accepting the appointment under this Creditors' Trust Agreement and agreeing to be bound thereto, and thereupon the successor Member without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Member.

6.9    Compensation and Reimbursement of Expenses.  Each Member shall be compensated for his or her time expended in Creditors' Trust matters as provided on Exhibit D. The Creditors' Trust will reimburse the Members for all reasonable, out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder (including reasonable fees, costs, and expenses of legal counsel). The Creditors' Trust Initial Funding and any subsequent Trust Expense Funding shall be the source of the payments referred to in this Section 6.9.

6.10    Confidentiality. Each Member shall, during the period that such Member serves as a Member under this Creditors' Trust Agreement and following the termination of this Creditors' Trust Agreement or following such Member's removal or resignation, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Creditors' Trust Assets relates or of which such Member has become aware in the Member's capacity as a Member, except as otherwise required by law.

ARTICLE VII
**LIABILITY AND INDEMNIFICATION**

7.1    <u>No Further Liability</u>.  Each of the Creditors' Trustee and the Members shall have no liability for any actions or omissions in accordance with this Creditors' Trust Agreement unless arising out of such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  In performing its duties under this Creditors' Trust Agreement, the Creditors' Trustee or the Member (as applicable) shall have no liability for any action taken by the Creditors' Trustee and the Members in accordance with the advice of counsel, accountants, appraisers and other professionals retained by the Members or the Creditors' Trust. Without limiting the generality of the foregoing, the Creditors' Trustee and the Members may rely without independent investigation on copies of orders of the Bankruptcy Court or any other court of competent jurisdiction, as applicable, reasonably believed by the Creditors' Trustee or the Member (as applicable) to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Creditors' Trust Agreement shall require the Creditors' Trustee or the Members to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Creditors' Trustee and the Members may rely without inquiry upon writings delivered to it under the Plan which the Creditors' Trustee or the Member (as applicable) reasonably believes to be genuine and to have been given by a proper Person. Notwithstanding the foregoing, nothing in this Section 7.1 shall relieve the Creditors' Trustee or the Members from any liability for any actions or omissions arising out of such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  Any action taken or omitted to be taken in the case of the Creditors' Trustee or the Creditors' Trust Advisory Board within the express approval of any Directive and, in the case of the Creditors' Trustee, with the express approval of the Creditors' Trust Advisory Board will conclusively be deemed not to constitute fraud, self-dealing, intentional misrepresentation or willful misconduct.

7.2    <u>Indemnification of the Creditors' Trustee and Creditors' Trust Advisory Board</u>.

(a)    From and after the Effective Date, each Creditors' Trust Indemnified Party shall be, and hereby is, indemnified by the Creditors' Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Creditors' Trust Indemnified Party's exercise of what such Creditors' Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Creditors' Trust Indemnified Party reasonably understands to be its duties conferred by any of the Directives or any court of competent jurisdiction, as applicable, entered pursuant to, or in furtherance of, any Directive, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct) on and after the Effective Date.  The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related

to:  (i) the Creditors' Trust Agreement; (ii) the services to be rendered pursuant to the Creditors' Trust Agreement; (iii) any document or information, whether oral or written, referred to herein or supplied to the Creditors' Trustee; or (iv) proceedings by or on behalf of any creditor.  The Creditors' Trust shall, on demand, advance or pay promptly, at the election of the Creditors' Trust Indemnified Party, out of the Trust Expense Fund, on behalf of each Creditors' Trust Indemnified Party, attorneys' fees and other expenses and disbursements to which such Creditors' Trust Indemnified Party would be entitled pursuant to the foregoing indemnification provision; *provided, however*, that any Creditors' Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Creditors' Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own fraud, self-dealing, intentional misrepresentation or willful misconduct.  In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Creditors' Trust's expense, subject to the foregoing terms and conditions.  In addition, the Creditors' Trust shall purchase insurance coverage as set forth in Section 4.9(f) hereof, including fiduciary liability insurance using funds from the Trust Expense Fund for the benefit of the Creditors' Trustee and the Members.

(b)     The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Creditors' Trust Indemnified Party from the capacity for which such party is indemnified.  Termination or modification of this Creditors' Trust Agreement shall not affect any indemnification rights or obligations.

(c)     The Creditors' Trust may, with the approval of the Members, indemnify any Person who is not a Creditors' Trust Indemnified Party for any loss, cost, damage, expense or liability for which an Indemnified Person would be entitled to mandatory indemnification under this Section 7.2.

(d)     Any Creditors' Trust Indemnified Party may waive the benefits of indemnification under this Section 7.2, but only by an instrument in writing executed by such Creditors' Trust Indemnified Party.

(e)     The rights to indemnification under this Section 7.2 are not exclusive of other rights which any Creditors' Trust Indemnified Party may otherwise have at law or in equity, including, without limitation, common law rights to indemnification or contribution.  Nothing in this Section 7.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.  Further, the Creditors' Trust hereby agrees: (i) that the Creditors' Trust is the indemnitor of first resort (i.e., in the event any Indemnified Person has the right to receive indemnification from one or more sponsors, affiliates or third parties, the Creditors' Trust's obligations to such Indemnified Person are primary); (ii) that the Creditors' Trust shall be required to pay the full amount of expenses (including attorneys' fees) actually incurred by such Indemnified Person in connection with any proceeding as to which the Indemnified Party is entitled to indemnification hereunder in advance of the final disposition of such proceeding, without

regard to (A) any rights such Indemnified Person may have, or the exercise of any such rights by such Indemnified Person, against any other sponsors, affiliates or third parties or (B) any advance or payment made by such sponsors, affiliates or third parties on behalf of such Indemnified Person with respect to any claim for which such Indemnified Person is entitled to indemnification hereunder; (iii) that the Creditors' Trust irrevocably waives, relinquishes and releases such sponsors or affiliates from any and all claims by the Creditors' Trust against such sponsors or affiliates for contribution, subrogation or any other recovery of any kind in respect thereof; and (iv) no Indemnified Person shall have the obligation to reduce, offset, allocate, pursue or apportion any indemnification advancement, contribution or insurance coverage among multiple parties owing indemnification obligations to such Indemnified Person prior to the Creditors' Trust's satisfaction of its indemnification obligations hereunder.  For the avoidance of doubt, each Creditors' Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Creditors' Trust Party may incur in connection with enforcing any of its rights under this Article 7.

7.3     <u>Creditors' Trust Liabilities</u>.  All liabilities of the Creditors' Trust, including, without limitation, indemnity obligations under Section 7.2 of this Creditors' Trust Agreement, will be liabilities of the Creditors' Trust as an entity, and will be paid or satisfied from the Trust Expense Fund. No liability of the Creditors' Trust will be payable in whole or in part by any Beneficiary individually or in the Beneficiary's capacity as a Beneficiary, by the Creditors' Trustee individually or in the Creditors' Trustee's capacity as Creditors' Trustee, by any Member individually or in the Member's capacity as Member, or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Beneficiary, any Member, the Creditors' Trustee or their respective affiliates.

7.4     <u>Limitation of Liability</u>.  None of the Creditors' Trustee, the Members nor any of their respective Related Persons shall be liable for punitive, exemplary, consequential, special or other damages for a breach of this Creditors' Trust Agreement under any circumstances.

7.5     <u>Burden of Proof</u>.  In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such determination shall presume that the Creditors' Trust Indemnified Party is entitled to exculpation and indemnification under this Creditors' Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

## ARTICLE VIII
## TAX MATTERS

8.1     <u>Treatment of Creditors' Trust Assets Transfer</u>.  For all federal income tax purposes, all parties (including, without limitation, the Beneficiaries and the Creditors' Trustee) shall treat the transfer of the Creditors' Trust Assets to the Creditors' Trust, including any amounts or other assets subsequently transferred to the Creditors' Trust (but only at such time as actually transferred) for the benefit of the holders entitled to receive

proceeds from the Creditors' Trust Assets as the transfer by the Beneficiaries of the Creditors' Trust Assets (other than the portion of the Creditors' Trust Assets allocable to the DOF) in exchange for beneficial interest in the Creditors' Trust in accordance with the Plan.  Accordingly, the Beneficiaries shall be treated for United States federal income tax purposes and, to the extent permitted by applicable law, for state and local income tax purposes, as the grantors and owners of their respective share, as determined pursuant to Section 4.4, of the Creditors' Trust (other than such portion of the Creditors' Trust Assets as is allocable to the DOF).

8.2    Income Tax Status.  For United States federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), this Creditors' Trust is intended to be treated as a grantor trust pursuant to IRC sections 671-677.  Except with respect to the Creditors' Trust Assets allocable to the DOF, as set forth in Section 2.4 hereof, (i) the Beneficiaries will be treated as both the grantors and the deemed owners of the Creditors' Trust, and (ii) any items of income, deduction, credit and loss of the Creditors' Trust shall be allocated for federal income tax purposes to the Beneficiaries in accordance with Section 8.3.  The Creditors' Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.  In the event the Creditors' Trust does not qualify as a trust and is treated as a partnership for federal income tax purposes, it shall be managed so as not to be a publicly traded partnership, within the meaning of IRC section 7704.

8.3    Tax Reporting.

(a)    Except with respect to the DOF, the Creditors' Trustee shall file tax returns for the Creditors' Trust treating the Creditors' Trust as a grantor trust in accordance with IRC section 6012, Treasury Regulation section 1.671-4 and this Article VIII.  In addition, the Creditors' Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon.  Within a reasonable time following the end of the taxable year, the Creditors' Trust shall send to each Beneficiary a *statement* setting forth such Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct each such Beneficiary to report such items on his/her applicable U.S. federal income tax return.  The DOF should be treated and reported as a disputed ownership fund in accordance with Treasury Regulation section 1.468B-9.

(b)    Notwithstanding the foregoing provisions of this Section 8.3, in the event that the IRS advises the Creditors' Trustee that the Creditors' Trust does not qualify as a grantor trust in whole or in part nor as a partnership, or that the DOF must include the portion of the Creditors' Trust Assets allocable to Disputed Claims, the Creditors' Trustee, in consultation with the Creditors' Trust Advisory Board, may seek a private letter ruling or other determination from the IRS to the effect that such portion of the Creditors' Trust (and the DOF) should be treated for United States federal tax purposes as a trust described in IRC Section 641 or a disputed ownership fund under Treasury Regulation 1.468B-9, rather than as a grantor trust under IRC Sections 671-677.

(c)    The Creditors' Trustee shall be responsible for payment, out of the Creditors' Trust Assets, of any taxes imposed on the Creditors' Trust or its assets, including the DOF.  In the event, and to the extent, any Cash retained on account of Disputed Claims in the DOF is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the Creditors' Trustee as a result of the resolution of such Disputed Claims.

8.4    <u>Withholding of Taxes</u>**.**  The Creditors' Trustee may withhold and pay to the appropriate Tax Authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state or local tax law with respect to any payment or distribution to the Beneficiaries (including, without limitation, tax withholding relating to wage claims).  All such amounts withheld and paid to the appropriate Tax Authority shall be treated as amounts distributed to such Beneficiaries for all purposes of this Creditors' Trust Agreement.    The Creditors' Trustee shall be authorized to collect such tax information from the Beneficiaries (including, without limitation, social security numbers or other tax identification) as in its sole discretion the Creditors' Trustee deems necessary to effectuate this Creditors' Trust Agreement and the Creditors' Trust Distribution Orders.  In order to receive distributions, all holders of Creditors' Trust Interests will need to identify themselves to the Creditors' Trustee and provide tax information and the specifics of their holdings, to the extent the Creditors' Trustee deems appropriate.  This identification requirement may extend to holders who hold their securities in street name. The Creditors' Trustee may refuse to make a distribution to any holder of a Creditors' Trust Interest that fails to furnish such information in a timely fashion, until such information is delivered; provided, however, that, upon the delivery of such information by a holder of a Creditors' Trust Interest, the Creditors' Trustee shall make such distribution to which the holder of the Creditors' Trust Interest is entitled, without interest; and, provided further that, if the Creditors' Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Creditors' Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Creditors' Trustee for such liability.  Notwithstanding the foregoing, in the event that any Beneficiary fails to provide the requested information to the Creditors' Trustee within six (6) months from the date of the Creditors' Trustee's written notice requesting such information, the Beneficiary's right to any such distribution shall be automatically discharged and forever barred, and the related property shall revert to the Creditors' Trust for distribution in accordance with the terms of the Directives.

8.5    <u>Valuation</u>**.**  The valuation of the Creditors' Trust Assets agreed by the Creditors' Trustee (with the approval of the Creditors' Trust Advisory Board), the Distribution Trust and the Litigation Trust, shall be used consistently by all parties (including, without limitation, the Creditors' Trust, the Distribution Trust and the Litigation Trust (and their respective beneficiaries) and the Beneficiaries or potential beneficiary of the DOF) for all federal income tax purposes. Similarly, the apportionment of Creditors' Trust Interests pursuant to Section 4.4 and reporting for tax purposes

pursuant to Section 8.3 shall be used consistently by the Creditors' Trust and all Beneficiaries for all federal income tax purposes. The Creditors' Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Creditors' Trust that are required by any governmental unit. The Creditors' Trustee shall accept and use, for all purposes, the valuations announced by the Distribution Trustee and the Litigation Trustee, respectively, for the Distribution Trust Assets (as defined in the Distribution Trust Agreement) and the Litigation Trust Assets (as defined in the Litigation Trust Agreement).

8.6    Expedited Determination of Taxes.  The Creditors' Trustee may request an expedited determination of taxes of the Creditors' Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Creditors' Trust for all taxable periods through the termination of the Creditors' Trust.

ARTICLE IX
**TERMINATION OF CREDITORS' TRUST**

9.1    Termination.  The Creditors' Trust shall be dissolved at such time as (i) (a) all of the State Law Avoidance Claims are fully resolved and the proceeds thereof have been distributed pursuant to the Creditors' Trust Distribution Orders or (b) the Creditors' Trustee, with the consent of the Creditors' Trust Advisory Board, determines that the administration of any remaining Creditors' Trust Assets is not likely to yield sufficient additional Creditors' Trust proceeds to justify further pursuit, and (ii) all distributions required to be made by the Creditors' Trustee under the Creditors' Trust Distribution Orders have been made.  In no event shall the Creditors' Trust be dissolved later than five (5) years from the Effective Date except, if warranted by the facts and circumstances that an extension is necessary for the purpose of the Creditors' Trust, the term of the Creditors' Trust may be extended for a finite period if (i) such extension is necessary to the purpose of the Creditors' Trust and (ii) such extension is noticed to the Beneficiaries within the six (6) month period prior to the Creditors' Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable. If at any time the Creditors' Trustee determines, in reliance upon such professionals as the Creditors' Trustee may retain, that the expense of administering the Creditors' Trust so as to make a final distribution to the Beneficiaries is likely to exceed the value of the assets remaining in the Creditors' Trust, the Creditors' Trustee may (1) both before and in connection with termination, reserve any amount necessary to dissolve the Creditors' Trust (including tax liabilities that would result from the treatment of the Creditors' Trust as other than a grantor trust), (2) distribute any balance to the Beneficiaries, and (3) dissolve the Creditors' Trust.  Upon dissolution of the Creditors' Trust, any remaining Cash on hand and other assets will be distributed to the Beneficiaries in accordance with the Directives. Such date upon which the Creditors' Trust shall finally be dissolved shall be referred to herein as the "**Termination Date**."

9.2    Continuance of Creditors' Trust for Winding Up.  After the termination of the Creditors' Trust and solely for the purpose of liquidating and winding up the affairs of the Creditors' Trust, the Creditors' Trustee shall continue to act as such until its duties have been fully performed and shall continue to be entitled to receive the fees called for

by Section 5.2(a) hereof.  Upon distribution of all the Creditors' Trust Assets, the Creditors' Trustee shall retain the books, records and files that shall have been delivered or created by the Creditors' Trustee.  At the Creditors' Trustee's discretion, all of such records and documents may be destroyed at any time following the date of final distribution of proceeds of the State Law Avoidance Claims as the Creditors' Trustee deems appropriate (unless such records and documents are necessary to fulfill the Creditors' Trustee's obligations hereunder) subject to the terms of any joint prosecution and common interest agreement(s) to which the Creditors' Trustee may be a party. Except as otherwise specifically provided herein, upon the final distribution of proceeds of the State Law Avoidance Claims, the Creditors' Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Beneficiaries as provided herein, the Creditors' Trust Interests shall be cancelled and the Creditors' Trust will be deemed to have dissolved.

## ARTICLE X
## AMENDMENT AND WAIVER

Except for any technical amendment of this Creditors' Trust Agreement, no provision of this Creditors' Trust Agreement may be amended or waived without the approval by the Creditors' Trust Advisory Board and provision of reasonable notice to the Beneficiaries.  This Creditors' Trust Agreement may not be amended or modified in any way that is inconsistent with the Plan or the Confirmation Order.  Technical amendments to this Creditors' Trust Agreement may be made, as necessary to clarify this Creditors' Trust Agreement or enable the Creditors' Trustee to effectuate the terms of this Creditors' Trust Agreement, by the Creditors' Trustee with approval by the Creditors' Trust Advisory Board; *provided, however,* that all amendments of this Creditors' Trust Agreement shall be consistent with the purpose and intention of the Creditors' Trust to liquidate in an expeditious but orderly manner the Creditors' Trust Assets in accordance with Treasury Regulation section 301.7701-4(d) and Section 2.6 hereof and *provided, further*, that a blacklined copy of the Creditors' Trust Agreement as modified by such technical amendment or amendments (marked to reflect such modification(s)) shall be made publicly available promptly after the approval thereof by the Creditors' Trust Advisory Board.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1    <u>Intention of Parties to Establish Grantor Trust</u>.  This Creditors' Trust Agreement is intended to create for federal income tax purposes a "grantor trust" that satisfies the requirements of IRC sections 671 *et seq.* and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust with the Beneficiaries as its grantors, with the exception of the DOF.  Notwithstanding anything to the contrary contained herein, any ambiguity herein shall be construed consistent herewith and, if necessary, this Creditors' Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

11.2    <u>Effectiveness</u>.  This Creditors' Trust Agreement shall become effective on the Effective Date.

11.3    <u>Counterparts</u>.  This Creditors' Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

11.4    <u>Governing Law</u>.  This Creditors' Trust Agreement shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the extent there is no applicable federal law, the domestic laws of the state of New York, without giving effect to the principles of conflicts of law thereof.

11.5    <u>Headings</u>.    Sections, subheadings and other headings used in this Creditors' Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Creditors' Trust Agreement or any provision thereof.

11.6    <u>Severability</u>.  If any provision of this Creditors' Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Creditors' Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Creditors' Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.7    <u>Notices</u>.   All notices, requests or other communications, required or permitted to be made in accordance with this Creditors' Trust Agreement including any change of address of any Beneficiary for the purposes of receiving distributions from the Creditors' Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement.  Notices should be directed to:

(a)    If to the Creditors' Trust or the Creditors' Trustee:

as specified on <u>Exhibit A</u>

If to the Creditors' Trust Advisory Board:

as specified on <u>Exhibit B</u>


(b)    If to the Reorganized Debtors:  to such persons as the Reorganized Debtors may designate from time to time.

(c)    If to the Beneficiaries: To the name and address set forth on the registry maintained by the Creditors' Trustee, provided that notices to the Beneficiaries may be made by posting such notice to a web-site identified in advance for communication with Beneficiaries.

IN WITNESS WHEREOF, the party hereto has either executed and acknowledged this Creditors' Trust Agreement, or caused it to be executed and acknowledged on its behalf by its duly authorized officer all as of the date first above written.

_____, CREDITORS'
TRUSTEE OF THE TRIBUNE CREDITORS'
TRUST ESTABLISHED UNDER THE
CREDITORS' TRUST AGREEMENT DATED
_____, 2011 PURSUANT TO THE JOINT
CHAPTER 11 PLAN OF REORGANIZATION
FOR TRIBUNE COMPANY AND THE OTHER
DEBTORS NAMED THEREIN

_____

Name:

ACKNOWLEDGED AND AGREED TO BY:

TRIBUNE COMPANY

On behalf of itself and the other Debtors

By: _____

Name:

Title:

## Exhibit A

## Trustee for the Creditors' Trust

### Marc S. Kirschner

Marc S. Kirschner is an attorney with over 30 years of experience in the restructuring field.  From April 10, 2006 through December 26, 2006, Mr. Kirschner served as the Chapter 11 Trustee for Refco Capital Markets, Ltd. ("RCM"), the unregulated securities broker, and largest unit, of the Refco companies. As Trustee, Mr. Kirschner spearheaded the settlement of complex issues and then negotiated the economic terms of the global settlement.  Currently, Mr. Kirschner serves as the post effective date Plan Administrator for RCM and the Litigation Trustee for the Refco Litigation Trust and Refco Private Actions Trust.  He is also the Liquidation Trustee for the Le Nature's Liquidation Trust and for the Yellowstone Club Liquidating Trust.

From 2001 through 2006, Mr. Kirschner served as Managing Director of Resurgence Asset Management, LLC ("Resurgence"), investing in distressed securities.  In that capacity, Mr. Kirschner analyzed all legal issues of the investments that Resurgence considered, developed legal strategy and managed the investments through the reorganization process.  While at Resurgence, Mr. Kirschner also served as Chief Operating Officer, General Counsel, a member of the Executive Committee, Chair of the Pricing Committee of Resurgence and was in charge of the legal affairs of First Commercial Credit Corporation, a Resurgence affiliate  and provider of credit protection to suppliers of companies in financial distress.

Prior to joining Resurgence, Mr. Kirschner worked in private practice specializing in bankruptcy and reorganization with a heavy emphasis in complex bankruptcy litigation including fraudulent conveyance, substantive consolidation and valuation matters.  From 1987 through 2001, Mr. Kirschner served as the head of the Bankruptcy and Restructuring Practice and from 1997 through 2001, the Business Practice Group, in the New York Office of the global law firm, Jones Day Reavis & Pogue, currently known as Jones Day.  During his time at Jones Day, Mr. Kirschner was also a member of the firm-wide Executive Committee.

Mr. Kirschner received his Juris Doctor, *cum laude*, from the University of Michigan Law School and his A.B. in Economics, with distinction from Dartmouth College.


**Contact Information for the Creditors' Trust and the Creditors' Trustee**

[To be provided]

## Exhibit B

### Initial Members of the Creditors' Trust Advisory Board

**Aurelius Designees**

Dan Gropper – Managing Director, Aurelius Capital Management, LP

Dan Gropper is a Managing Director of Aurelius Capital Management, LP, which manages investment funds with approximately $3.0 billion of capital.  The Aurelius funds focus on distressed investing with an emphasis on legal, structural and process value-drivers and activism.  Mr. Gropper has served on many official and ad hoc creditor committees, often in a leadership role.   Prior to joining Aurelius in 2008, Mr. Gropper spent two years as a Managing Director of the Drawbridge Special Opportunities Fund of Fortress Investment Group.  From 1995 through 2004, Mr. Gropper worked at Elliott Management, where he became a Portfolio Manager.  Mr. Gropper holds a B.S. in Commerce, with distinction, with a Finance concentration from the University of Virginia.

Luc Dowling - Managing Director, Aurelius Capital Management, LP

Luc Dowling is a Managing Director of Aurelius Capital Management, LP, which manages investment funds with approximately $3.0 billion of capital.  The Aurelius funds focus on distressed investing with an emphasis on legal, structural and process value-drivers and activism.  Prior to joining Aurelius in 2006, Mr. Dowling spent a year working in the distressed-investing group at Ritchie Capital.  Mr. Dowling received a J.D. and M.B.A. from the University of Pennsylvania in May 2005.  Prior to attending graduate school, Mr. Dowling spent two and a half years as an investment banking analyst in the Corporate Finance and M&A Groups at J.P. Morgan in New York and London.  Mr. Dowling holds a B.A. in International Relations, magna cum laude, from Brown University.

**PHONES Notes Indenture Trustee Designee**

Patrick Healy - Vice President, Wilmington Trust Company

Patrick Healy is the CCS global distressed and insolvency product leader responsible for growing the default/bankruptcy/insolvency products, and managing relationship managers specializing in default/bankruptcy/insolvency transactions.

Mr. Healy has more than eighteen years of experience in the corporate trust industry, specializing in the sales, marketing, and management of all types of structured transactions.  Prior to joining Wilmington Trust, he served as a vice president with Law Debenture Trust Company of New York, where he was responsible for the administration of default/bankruptcy, European high yield, and structured transactions.  Throughout his

career, Mr. Healy also held positions with Corestates Bank, Mellon Bank, Chase Bank, USBank, The Bank of New York, and JPMorgan Chase.

Mr. Healy has worked on some of the highest profile bankruptcy/insolvency cases in the U.S. and Europe, including: Lyondell Chemical Company, Tribune Company, General Growth Properties, Abitibi-Bowater, Wind Hellas, Cooper-Standard, The Great Atlantic Tea & Pacific Company, Adelphia Communications Corporation, WorldCom/MCI, Kaiser Aluminum Corporation, Delphi Corporation, Collins & Aikman Corp., Calpine Corporation, Mirant Corporation, Petroleum GEO, Marconi Corporation plc and TeleWest Communications plc.

Mr. Healy holds an M.S. in Finance and an M.B.A. from Temple University and earned a bachelor's degree in Finance from Saint Joseph's University.  He is an Adjunct Professor of Finance, Erivan K. Haub School of Business, Saint Joseph's University.  In addition, Mr. Healy is a member of INSOL, the American Bankruptcy Institute and the Turnaround Management Association.

### Contact Information for the Creditors' Trust Advisory Board

[To be provided]

## <u>Exhibit C</u>

### Compensation for Creditors' Trustee

The Creditors' Trustee's compensation for personal services rendered will be $950 per hour.  A separate hourly rate will be fixed by agreement of the Creditors' Trustee and the Creditors' Trust Advisory Board  for any of the Creditors' Trustee's staff providing services to the Creditors' Trust**.**

## Exhibit D

### Compensation for Members

Each Member of the Creditors' Trust Advisory Board shall receive an annual aggregate fee equal to $60,000 to serve on the Creditors' Trust Advisory Board, to be paid in quarterly increments and shall include attendance at all the Creditors' Trust Advisory Board meetings; *provided*, that such aggregate compensation shall be waived for, and the Members employed by Aurelius shall not receive, such annual compensation.