## ZWERDLING, PAUL, KAHN & WOLLY, P.C.

1025 CONNECTICUT AVENUE NW, SUITE 712
WASHINGTON, D.C. 20036-5420
(202) 857-5000   (202) 223-8417 FAX

ROBERT E. PAUL*#+
WENDY L. KAHN*#
MICHAEL S. WOLLY*◊
MARGO PAVE*#

WWW.ZWERDLING.COM

ABRAHAM L. ZWERDLING (1914-1987)

February 7, 2011

JORDAN M. KAPLAN*◊

*DC  #MD  +VA  ◦NY  ◊NJ

**BY HAND**

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware 19801

Re:   *In re Tribune Company, et. al*, Case No. 08-013141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

We are counsel to the Washington-Baltimore Newspaper Guild, Local 32035 ("Guild") in connection with the document subpoena that was served upon the Guild by Aurelius Capital Management, LP ("Aurelius"). This firm also represents itself in connection with the related document subpoena that was concurrently served on this firm by Aurelius Law Debenture. We write, pursuant to Paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order"), in response to the letter to the Court dated February 2, 2011, from Sheron Korpus, Esq. of Kasowitz, Benson, Torres & Friedman LLP (the "Letter"), which asks the Court to resolve what Mr. Korpus represents is a discovery dispute concerning these subpoenas.

There is in fact no dispute to be resolved, because the Letter misstates the facts and does not accurately report what we told counsel for Aurelius during meet-and-confer discussions about the document production made in response to these subpoenas.

The Letter incorrectly asserts that:

[T]he Committee Individuals have uniformly taken the position that they only need to respond to the Subpoenas in their capacity as members of the Committee and as counsel to those members, specifically carving out from their responses any documents that they received in their individual capacities. The Committee Individuals have affirmed this position, specifically stating during meet and confer conferences that they refuse to produce documents and communications, even if responsive, if they were not generated in connection with their role on the Committee.

This is simply incorrect. The Guild and Zwerdling Paul, Kahn & Wolly, P.C. ("Zwerdling") did not draw a distinction in making document production between whether Committee/Plan related documents had been generated or received as a Committee member or in an individual capacity. Any such non-privileged responsive documents in the possession of the

## ZWERDLING, PAUL, KAHN & WOLLY, P.C.

| | | |
|---|---|---|
| Chief Judge Kevin J. Carey | -2- | February 7, 2011 |

Guild and Zwerdling were produced; none were withheld based upon the argument erroneously attributed to us in the Letter. The point we made, which counsel apparently misunderstood, was that routine ordinary-course business documents about the Guild's creditor relationship with the Debtors unrelated to the work of the Committee or decisions about particular plan proposals would not be produced. We did not consider such material to be responsive to the requests made in the subpoenas.

Moreover, if the subpoenas did purport to seek ordinary-course material of this kind, such a request would be unduly burdensome as it would require production of substantial amounts of material of no relevance to the issues of whether a plan should be approved or how decisions about particular plans were made. It does not appear that this point is the supposed area of contention that is now being raised in the Letter. However, if it in fact is, then the position being taken by Aurelius implicates an important policy consideration for the Bankruptcy Court. A creditors' committee is by definition composed of persons in a creditor relationship with the Debtors, and creditors' committees are routinely called upon to address proposed plans that will deal with the claims of creditors such as themselves. If these facts alone were enough to subject a creditors' committee member to the burden of having to produce voluminous discovery relating to its ordinary-course creditor relationship with the Debtors whenever a proposed plan is being contested, then very soon no creditor would ever choose to perform the service of becoming a member of a creditors' committee, lest it be saddled with this substantial and expensive burden. Such discovery should not be permitted, as it is irrelevant, unnecessary and inappropriate in the plan confirmation context.

The Letter also states that:

> if these Committee Individuals engaged in negotiations or entered into side agreements outside of their role on the Committee, such documents and communication would be relevant to determine to what extent such events had on [sic] the Committee's own deliberations and whether these Committee Individuals properly fulfilled their function as fiduciaries.

The letter sets forth no basis for its insinuation that that the Guild entered into some secret side negotiations or agreements relevant to the Guild's deliberations or decisions relating to plan matters. This suggestion is false and factually unfounded, as is the suggestion that there exist documents evidencing such supposed secret dealings that were withheld from production. This was never a subject of discussion in any meet-and-confer, and thus we certainly never asserted any position that we had withheld documents dealing with this imagined area.

In sum, the Letter addresses a supposed controversy that does not in fact exist. If there are any remaining discovery issues left at all with the Guild or Zwerdling, they certainly can be addressed through further conferral among counsel without any need for involvement at this time by the Court.

**ZWERDLING, PAUL, KAHN & WOLLY, P.C.**

Chief Judge Kevin J. Carey -3- February 7, 2011

    For the foregoing reasons, the Guild and Zwerdling respectfully request that the Court reject the application for relief made in the Letter. If the Court wishes to hear from us further on these issues, we are willing to address these matters in a telephonic conference, or at the February 8, 2011 hearing, or in such other context and at such other time as that the Court may direct.

    We thank the Court for its consideration of this submission.

Respectfully submitted,

*Robert E. Paul*

Robert E. Paul

cc: All counsel entitled to notice under the Discovery and Scheduling Order