# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Thomas J. McCormack
direct tel (212) 408-5182  fax (646) 710-5182
tmccormack@chadbourne.com

February 7, 2011

**BY HAND**

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware  19801

   Re: ***In re Tribune Company, et. al*, Case No. 08-013141 (Bankr. D. Del.) (KJC)**

Dear Chief Judge Carey:

  We are counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"). We write, pursuant to Paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order"), in connection with the letter to the Court dated February 2, 2011, from Sheron Korpus, Esq. of Kasowitz, Benson, Torres & Friedman LLP, concerning certain claimed discovery disputes as to the document productions made by certain members of the Committee and their counsel in response to documents subpoenas served upon them.

  We are not counsel to any individual Committee member. The Committee members and counsel who are the subjects of Mr. Korpus's letter each made their own document productions, and we understand that each is responding separately to Mr. Korpus's letter. We do have, however, more than a passing interest in the discovery burden visited upon individual Committee members and their counsel. In that regard, we wanted to comment on one matter raised by Mr. Korpus in his February 2, 2011 letter.

  Mr. Korpus's letter seeks to contrast the document productions made by Committee members and their counsel with that made in this case by Aurelius Capital Management, LP ("Aurelius"). Mr. Korpus asserts that Aurelius "has produced over 70,000 pages of responsive documents."[1] The Court should be aware that substantial material deficiencies in the document productions made by Aurelius and its counsel Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") have been identified by the Debtors and documented in detail in a letter sent by Debtors'

---

[1] Just to provide some context, to date the Committee, its counsel, its advisors, its members and its members' counsel have produced more than 320,000 pages in discovery.



Chief Judge Kevin J. Carey        -2-        February 7, 2011

counsel to Akin Gump on February 3, a copy of which is attached. For example, while Aurelius has produced over 70,000 pages, the Debtors' letter points out that Aurelius's production contains only a limited number of e-mails, only two of which post-date the filing of the Debtor/Committee/Lender plan, and that Aurelius's counsel also has produced surprisingly few e-mails as well. The letter also documents various discovery requests left unanswered, exclusions of documents from certain requested date ranges, and questionable redactions.

      While we understand the parties are still in a meet and confer process regarding what steps should next be taken in light of these issues, the Committee felt that it was important that the Court not be left with the misimpression that there is anything remotely approaching consensus in this case that Aurelius or its counsel have made a full and forthcoming document production. Since Mr. Korpus's letter seemed to take the view that the nature of Aurelius's document production in some way sheds light on the issue of the document productions of Committee members and their counsel, we thought it appropriate to place the full facts in that regard before the Court.

      We thank the Court for its consideration of this submission.

                                      Respectfully submitted,

                                      Thomas J. McCormack

Attachment

cc:  All counsel entitled to notice under the Discovery and Scheduling Order





| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | NEW YORK |
| 787 SEVENTH AVENUE | BRUSSELS | PALO ALTO |
| NEW YORK, NY 10019 | CHICAGO | SAN FRANCISCO |
| (212) 839 5300 | DALLAS | SHANGHAI |
| (212) 839 5599 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |
| | LOS ANGELES | |
| sbierman@sidley.com | | |
| (212) 839 5510 | FOUNDED 1866 | |

February 3, 2011

**VIA EMAIL**

Nancy Chung, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745

> Re: Document Productions of Aurelius Capital Management, LP and Akin Gump Strauss Hauer & Feld LLP

Dear Ms. Chung:

      We write on behalf of the Debtor/Committee/Lender Plan Proponents and pursuant to the Discovery and Scheduling Order for Plan Confirmation, dated December 20, 2010. We received productions (the "Productions") by Aurelius Capital Management, LP ("Aurelius") and Akin Gump Strauss Hauer & Feld LLP ("Akin") in response to Debtors' First Request for the Production of Documents to Aurelius and the Subpoena issued to Akin (the "Debtors' Requests"). After careful review of the Productions, we have identified a number of material deficiencies as set forth below that require immediate attention.

      As an initial matter, we note that, although you required the Debtors, JPMorgan, and other proponents of the Debtor/Committee/Lender Plan to meet and confer regarding their objections to document requests you served, you have ignored Debtors' request to meet and confer as to Aurelius's and Akin's objections to the Debtors' Requests.[1] If you have withheld any non-privileged documents responsive to any request in response to which Aurelius or Akin stated that it would produce documents, we request that you produce those without further delay.

      Without limitation, the following material deficiencies in Aurelius's and Akin's Productions must be addressed and rectified.

---

[1] I sent an email to attorneys at Akin requesting a meet and confer on January 12, 2011, which has gone unanswered.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



### 1. The E-mail Productions Were So Small As to be Deficient on Their Face.

Our review indicates that Aurelius has produced only <u>88 e-mails</u>. This amounts to an average of 8 e-mails per month – an implausible result.[2] Moreover, Aurelius produced only <u>5 e-mails</u> sent by Dan Gropper and <u>12 e-mails</u> sent by Mark Brodsky. Indeed, Aurelius produced only <u>two e-mails</u> after the Debtor/Committee/Lender Plan was filed, and both contain news articles about the filing. <u>No additional e-mails were produced after the other three plans were filed.</u> It is simply impossible to believe that there were no non-privileged communications among Aurelius custodians about these plans or between Aurelius principals and principals of the other noteholders.

We further note that several e-mails in Aurelius's Production were sent from "unspecified sender" although the sender, based on the signature on the e-mail itself, appears to have been a custodian.[3] Please explain why this is the case, and confirm that you have searched all e-mails to or from the Aurelius custodians – regardless of whether the server believes they were sent by an "unspecified sender" or to an empty e-mail field. Moreover, the Productions appear to include a number of word processing file documents that appear, on their face, to be drafts of e-mails that someone intended to send.[4] The final, sent versions of these e-mails were not included in the Productions although they clearly would be responsive.

Likewise, Akin has only produced <u>54 e-mails</u>. We question whether this could possibly represent the entire universe of discoverable and responsive documents. By way of example only, more than 27% of these e-mails relate to discussions among the parties regarding which name to use for each competing plan.

We also trust that you are not wrongly withholding documents on the basis of privilege. We note, for example, that the Productions contain not one e-mail among the proponents of the Noteholder Plan, despite the fact that all parties acknowledge that the common interest privilege would not extend to the entire duration of the relevant time period.

### 2. The Productions Fail to Respond to Numerous Requests.

Given the small number of documents produced, it is not surprising that the Productions appear to contain few responsive documents, or be missing documents altogether, regarding broad categories of documents clearly called for by our requests. These categories include, but are not limited to, the following:

---

[2] We understand that, by way of comparison, with its next production, JPMorgan will have produced, in 2011 alone, 4,577 e-mails from JPMorgan, Davis Polk, and advisor custodians, and that, in total, across all of its productions in this matter, JPMorgan will have produced 36,245. Debtors have produced over 30,000 e-mails.

[3] See, e.g., AUR0000017, which purports to be an e-mail sent by "unspecified sender" who appears to be Dennis Prieto. We are particularly concerned about this e-mail because it appears to be a response to a second e-mail from Dennis Prieto bearing a time stamp of 8:36 a.m. This e-mail does not appear to be included among the Production although it is clearly responsive and not privileged.

[4] See, e.g., AUR0044636, AUR0039761, AUR0012177, AUR0012176, AUR0012173, AUR0012170, AUR0012179, AUR0012174-75 (referring to an "attachment").



- The development and workings of the Noteholders' model (Requests 1, 30-33 & 39)

- The development of the Noteholder Plan and how it relates to their model (Requests 1, 30-33, 39, 40-43 & 48)

- How the Noteholder Plan relates to the Debtor/Committee/Lender Plan (Request 3)

- Analysis or discussion of the Debtor/Committee/Lender Plan (Requests 3, 12, 17, 25)

- Analysis or discussion of the LBO transactions and/or the Examiner's Report (Requests 9-16 & 39

- Information regarding Aurelius's acquisition of its interests in Tribune and its holdings (Requests 34-37, 45, 50 & 51)

- Analysis or discussion of litigation trust or creditor trust (Requests 17-20, 40 & 46)

- Analysis or discussion of intercompany claims (Requests 22-27)

- Analysis or discussion of the post-emergence governance of Tribune (Requests 41-42)

- Independent assessment of Tribune's valuation (Requests 21 & 29)

- Aurelius's history of litigating rather than settling claims in bankruptcy court (Requests 52-53)

In fact, excluding news articles, our review identified no e-mail references to the Debtor/Committee/Lender Plan. Moreover, the vast majority of the models provided by Aurelius were created and produced by other parties. Such deficiencies are simply incredible given Aurelius's and Akin's extensive involvement in this matter since September 2010 and September 2009, respectively.

Although you had previously indicated that Akin would not produce e-mails on behalf of Centerbridge Partners, LLP for the time period before Akin represented Aurelius, you have never confirmed that Centerbridge's new counsel, Pachulski Sting Zichl & Jones LLP ("Pachulski"), represents Akin. To the extent that Pachulski does represent Akin, we are copying Pachulski. In any event, Akin is clearly in possession of responsive documents that must be produced in response to the Debtors' Requests, regardless of whether Aurelius or Centerbridge was Akin's client at the time. The subpoena was addressed to Akin, not to Akin in its capacity as Aurelius's counsel, and Akin must comply with its legal obligations.

3.   **The Productions Do Not Correspond with the Requested Date Range.**

Aurelius has not produced any e-mails dated after November 10, 2010, despite the fact that in its Responses and Objections to Debtors' Requests Aurelius committed to search for and produce responsive e-mails through December 3, 2010. We demand that any responsive,



non-privileged documents be produced without further delay. In addition, Aurelius has not produced any emails dated prior to December 28, 2009. If any such responsive, non-privileged emails exist, please produce them immediately. If no such e-mails exist, please confirm.

As to Akin, despite its involvement in these cases from the beginning, Akin has not produced any e-mails prior to November 12, 2010. Indeed, although we did not agree, you previously represented that you would produce Akin documents for the time period September 1, 2010 onward, and it is clear that you did not even produce the little you proposed to produce. We demand that Akin produce responsive, non-privileged e-mails covering the period of September 1, 2010 onward, as Akin previously represented that it would.

4. **The Productions Contain Questionable Redactions.**

First, because none of the Aurelius custodians are in-house counsel for Aurelius, we are surprised to see a large number of hard copy documents redacted for what appear to be handwritten notes. The basis for these redactions is not clear from the face of the document. Without limitation, please state the basis for the redactions contained on the following Aurelius documents: AUR0067609-11, 22-23, 25-26 (Debtor/Committee/Lender Plan disclosure statement); AUR0068157-58 (schedule); AUR0069912-13 (Annex B to Examiner's Report).

Second, please confirm that you are not withholding any documents on the basis of any privilege arising from the fact that Mr. Brodsky has a law degree, particularly given your letter to Judge Carey, dated February 1, 2011, with respect to Don Liebentritt's role as counsel to the Debtors. In particular, we request that Aurelius state the basis for the redactions in the following documents, all of which appear to be handwritten notes of conversations or meetings with Mr. Brodsky: AUR0066703; AUR0069171-72; AUR0069174-77; AUR0069178; AUR0069207; AUR0069220; AUR0069224; AUR0069239; AUR0069249. As Mr. Brodsky does not act as counsel to Aurelius, we request that you review any and all documents that contain redactions and produce them in unredacted form except to the extent that they reflect advice of in-house or outside counsel.

Third, please state the basis for your redaction of large numbers of spreadsheets. E.g., AUR001215, 18-23; AUR0002677-78; AUR0002679-80, 85-91; and AUR0003072.

Finally, to the extent that any documents contained in the Productions have been redacted for reasons other than attorney-client privilege, please state the basis for such redactions.

\* \* \*



FEBRUARY 3, 2011
PAGE 5 | NEW YORK

      We expect a prompt response to the foregoing inquiries and production, without delay, of all responsive documents that may not have been produced previously for whatever reason. We are available immediately to meet and confer on these issues, but if there is no resolution by the end of the week, we will seek Court intervention.

Very truly yours,

Steven M. Bierman

cc:    Laura Davis Jones, Esq.
       Pachulski Stang Ziehl & Jones LLP
       919 North Market St, 17th Fl.
       Wilmington, DE 19801

       and

       Parties entitled to received disclosures
       pursuant to Paragraph 35 of the Discovery
       and Scheduling Order for Plan Confirmation

<u>By Email</u>