# TEITELBAUM & BASKIN, LLP
*Counselors at Law*

---

February 7, 2011

BY HAND

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware 19801

    Re:    In re Tribune Company, et. al, Case No. 08-013141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

    We are counsel to William A. Niese, a retiree serving on the Tribune Creditors' Committee, in connection with the document subpoena that was served upon Mr. Niese by Aurelius Capital Management, LP ("Aurelius"). This firm also represents itself in connection with the related document subpoena that was concurrently served on this firm by Aurelius. We write, pursuant to Paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order"), in response to the letter to the Court dated February 2, 2011, from Sheron Korpus, Esq. of Kasowitz, Benson, Torres & Friedman LLP (the "Letter"), which asks the Court to resolve what Mr. Korpus represents is a discovery dispute concerning these subpoenas.

    First, there is in fact no dispute to be resolved, because the Letter misstates the facts and does not accurately report the discussions with counsel for Aurelius during meet-and-confer discussions about the document production made in response to these subpoenas.

The Letter incorrectly asserts that:

> [T]he Committee Individuals have uniformly taken the position that they only need to respond to the Subpoenas in their capacity as members of the Committee and as counsel to those members, specifically carving out from their responses any documents that they received in their individual capacities. The Committee Individuals have affirmed this position, specifically stating during meet and confer conferences that they refuse to produce documents and communications, even if responsive, if they were not generated in connection with their role on the Committee.

---

3 Barker Avenue
Third Floor
White Plains, New York 10601
Telephone: 914-437-7670
Fax: 914-437-7672
All service of papers to White Plains. Fax and E-Mail Service Accepted

E-Mail: jteitelbaum@tblawllp.com
rbaskin@tblawllp.com
Website: www.tblawllp.com
Ron Baskin: admitted N. Y. & Fla.

9 East 40th Street
Fourth Floor
New York, New York 10016
Telephone: 646-233-3013

This is simply incorrect. Mr. Niese and Teitelbaum & Baskin did not draw a distinction in making document production between whether Committee/Plan related documents had been generated or received as a Committee member or in an individual capacity. Any such non-privileged responsive documents in the possession of Mr. Niese or Teitelbaum & Baskin were produced; none were withheld based upon the argument erroneously attributed to us in the Letter. The point we made, which counsel apparently misunderstood, was that documents about Mr. Niese's creditor relationship (or the creditor relationship between the approximately 200 retirees which our firm represents (the "Retirees")) with the Debtors unrelated to the work of the Committee or decisions by the Committee about particular plan proposals would not be produced. We did not consider such material to be responsive to the requests made in the subpoenas. Indeed, we confirmed that neither Mr. Neise nor my firm participated in any Committee deliberations concerning the treatment of the claims of the Retirees under the Plan.

To the extent that the subpoenas purport to seek material unique to the claims of Mr. Niese or the Retirees, based upon Mr. Niese's agreement to sacrifice his time to serve on the Committee, such a request would be unduly burdensome as it would require production of material of no relevance to the issues of whether a plan should be approved or how decisions about particular plans were made and would implicate important policy considerations for this Court and the entire bankruptcy process. A creditors' committee is by definition composed of persons in a creditor relationship with the Debtors, and creditors' committees are routinely called upon to address proposed plans that will deal with the claims of creditors such as themselves. A committee considers, *inter alia* (i) the generally common interests of all unsecured creditors, (ii) the specific views expressed by its members, and (iii) the advice of its professionals. Indeed, if the fact that individuals serving on a committee express parochial views were enough to subject a creditors' committee member to the burden of having to produce discovery relating to its creditor relationship with the Debtors whenever a proposed plan is being contested, then very soon no creditor would ever choose to perform the service of becoming a member of a creditors' committee, lest it be saddled with a substantial and expensive burden. Such discovery should not be permitted, as it is irrelevant, unnecessary and inappropriate in the plan confirmation context and destructive to the operation of a creditors' committee.

The Letter also states that:
if these Committee Individuals engaged in negotiations or entered into side agreements outside of their role on the Committee, such documents and communication would be relevant to determine to what extent such events had on [sic] the Committee's own deliberations and whether these Committee Individuals properly fulfilled their function as fiduciaries.

The letter sets forth no basis for its insinuation that that Mr. Niese or Teitelbaum & Baskin entered into some secret side negotiations or agreements relevant to Mr. Niese's deliberations or decisions relating to plan matters. This suggestion is false and factually unfounded, as is the suggestion that there exist documents evidencing such supposed secret dealings that were withheld from production. To the contrary, as this Court is aware, the proposed plan includes a proposed settlement of Retiree claims. The terms of the settlement are embodied in a stipulation annexed to the proposed plan. Indeed, it was disclosed to counsel for Aurelius that neither Mr. Niese nor Teitelbaum & Baskin (i) received any documents or information concerning any Committee deliberations with respect to the treatment of the Retiree

claims in the Plan; or (ii) participated in any Committee deliberations concerning the treatment of the Retiree claims in the Plan. We never asserted any position that we had withheld documents dealing with this imagined area.

I lastly want to address a completely false and indeed defamatory accusation made against myself and my client in the Letter that "Jay Teitelbaum, counsel for William Niese, has represented that Mr. Niese has deleted and discarded all Tribune-related files despite the issuance of a litigation hold notice on October 15, 2010." I never represented — and it is not the case — that my client deleted anything after the October 15, 2010 litigation hold letter was delivered. To the contrary, what I told Aurelius's counsel was that that Mr. Niese, as a matter of course from the outset of the case, had not retained e-mails or documents <u>prior to the receipt of the hold letter and instructions to retain documents from and after that date</u>, and that he had no responsive non-privileged documents after that date that were not otherwise produced by the Committee. I will not speculate as to how or why my statements became so grossly misreported in the manner set forth in the Letter, but in view of the very serious nature of this false accusation that was made against myself professionally and my client in a court filing, I respectfully request that the Court direct that a formal letter of apology be issued by counsel for Aurelius and/or Law Debenture and placed in the Court file.

In sum, the Letter addresses a supposed controversy that does not in fact exist. If there are any remaining discovery issues left at all with Mr. Niese or Teitelbaum & Baskin they certainly can be addressed through further conferral among counsel without any need for involvement at this time by the Court.

For the foregoing reasons, Mr. Niese and Teitelbaum & Baskin respectfully request that the Court reject the application for relief made in the Letter. We intend to participate in the telephonic conference scheduled for February 8, 2011 at 11 a.m..

We thank the Court for its consideration of this submission.

Respectfully submitted,

Jay Teitelbaum

cc: afaccone@mccarter.com; agoldfarb@zuckerman.com; agordon@paulweiss.com; ahammond@whitecase.com; alevy@paulweiss.com; andrew.goldman@wilmerhale.com; aqureshi@akingump.com; MAshley@chadbourne.com; bberens@jonesday.com; bcarney@akingump.com; bfritz@ny.whitecase.com; bkrakaue@sidley.com; cdoniak@akingump.com; charles.jackson@morganlewis.com; Charles.Platt@wilmerhale.com; ckenney@sidley.com; cmontenegro@kasowitz.com; dadler@mccarter.com; dahall@JonesDay.com; amian.schaible@dpw.com; Dawn.wilson@wilmerhale.com; ddavidson@morganlewis.com; dennis.glazer@dpw.com; dgolden@akingump.com; dhille@whitecase.com; djnewman@akingump.com; dmiles@sidley.com; donald.bernstein@davispolk.com; drosner@kasowitz.com; dshamah@omm.com; dthomas@sidley.com; dzensky@akingump.com; Elliot.moskowitz@davispolk.com; emccolm@paulweiss.com; Evan.Flaschen@bgllp.com; gbush@zuckerman.com; Gerson.Leonard@dol.gov; gnovod@brownrudnick.com; Goldberg.Elizabeth@dol.gov; Heri.Christine@dol.gov; hkaplan@arkin-law.com; hobartd@hbdlawyers.com; jconlan@sidley.com; jducayet@sidley.com; jbendern@sidley.com; jboccassini@mccarter.com; jdrayton@kayescholer.com; jellias@brownrudnick.com; jgoldsmith@akingump.com; johnstonj@hbdlawyers.com; Jonathan.Agudelo@kayescholer.com; JParver@kayescholer.com; jpeltz@sidley.com; jsottile@zuckerman.com; JYEH@ARKIN-LAW.COM; karen.luftglass@dpw.com; KBromberg@brownrudnick.com; klantry@sidley.com; kmayer@mccarter.com; kstickles@coleschotz.com; DLeMay@chadbourne.com; lmarvin@JonesDay.com; lsilverstein@potteranderson.com; TMcCormack@chadbourne.com; MesterJ@hbdlawyers.com; mhurley@akingump.com; Michael.russano@davispolk.com; MPrimoff@kayescholer.com; msiegel@brownrudnick.com; mstein@kasowitz.com; nchung@akingump.com; ANellos@chadbourne.com; pwackerly@sidley.com; rflagg@sidley.com; rmcneill@potteranderson.com; sbierman@sidley.com; schannej@pepperlaw.com; Schloss.Michael@dol.gov; RSchwinger@chadbourne.com; HSeife@chadbourne.com; sgulati@akingump.com; silverstein@potteranderson.com; SKorpus@kasowitz.com; strattond@pepperlaw.com; tbecker@morganlewis.com