# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6022

tel  (212) 259-7114
fax  (212) 259-6333
hricardo@dl.com

February 7, 2011

**BY HAND**

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the
  District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

> Re: In re Tribune Company, et al., Case No. 08-13141 (KJC) (collectively, "Tribune")

Dear Judge Carey:

This firm represents Buena Vista Television, LLC ("BVT") in connection with the document subpoena served by Law Debenture Trust Company of New York ("Law Debenture").[1] BVT is an affiliate of The Walt Disney Company. We write in response to the letter to the Court dated February 2, 2011, from Sheron Korpus, Esq. of Kasowitz, Benson, Torres & Friedman LLP (the "Letter"), which places before the Court a dispute concerning this subpoena. In summary, we disagree that Law Debenture is entitled to discovery of documents that are wholly unrelated to BVT's actions as a member of the Official Committee of Unsecured Creditors (the "Committee"), and we respectfully request that the Court deny Law Debenture any such relief.

The Letter characterizes the subpoena as seeking "specific documents and communications related to Tribune's chapter 11 cases." To the contrary, the subpoena requests extremely broad categories of documents wholly unrelated to this proceeding, including "all Documents and Communications" relating to any "Relationship" (which is defined to include purely "personal" and "charitable" relationships) between BVT (which is defined to include every employee of every affiliate of Disney) and any of the "Settling Parties." See 12/15/10 subpoena, Request 7.

---

[1] Dewey & LeBoeuf intends to seek admission *pro hac vice* shortly in this matter.

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | BEIJING | BOSTON | BRUSSELS | CHICAGO | DOHA | DUBAI
FRANKFURT | HONG KONG | HOUSTON | JOHANNESBURG (PTY) LTD. | LOS ANGELES | MADRID | MILAN | MOSCOW
PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

Requests of this nature arguably extend far beyond the Tribune bankruptcy and BVT's participation in the Committee.

In order to defend against these unduly broad requests, BVT objected to the extent the subpoena called for documents unrelated to BVT's actions as a member of the Committee. The stated rationale for going beyond such documents is an assertion that each Committee member negotiated some "unique" treatment under the Plan. This is simply not true with respect to BVT, which is in the class of subsidiary-level trade creditors, a class that includes numerous other members. Contrary to the impression created by the Letter, there is nothing unusual or suspicious about the fact that this class of trade creditors stands to be paid in-full under the Debtor's Plan. BVT, for example, provides valuable television programming to the Debtor that permits it to generate advertising revenue. Under these circumstances, there is nothing surprising or suspicious about either the fact of such trade creditors being paid in-full or the fact that a proposed Plan calling for payment in-full to trade creditors enjoys the support of the Committee.

Law Debenture also argues that BVT's objection must be overruled so that it can learn of any "side agreements" that may have affected the Committee's deliberations. Although it obviously has an ordinary-course relationship with the Debtor (otherwise it would not be a member of the Committee), BVT states that it has no "side agreement" related to either its individual or the Committee's support for the Debtor's Plan. More to the point, if such documents did exist, BVT would not consider them to be unrelated to its actions as a member of the Committee. Thus, BVT is not relying on the challenged objection to shield from discovery the types of documents that Law Debenture holds out as justification for its application. What BVT wishes to avoid producing are documents unrelated to the Committee, and no convincing justification is offered for discovery of such documents.

Additionally, there is a policy reason for the Court to deny the Law Debenture request. Permitting intrusive discovery, extending far beyond BVT's actions as a Committee member, would discourage creditors from serving on similar committees in the future. The Committee plays a vital role in a chapter 11 proceeding, but companies like BVT would be discouraged from serving on such committees if subjected to roving discovery demands that are not limited to documents relevant to the operation of the Committee.

Given that this discovery dispute appears, at least in part, to be the product of a misunderstanding, BVT believes that if there are any remaining discovery issues, they are best addressed through further discussion among counsel without any need for involvement at this time by the Court.

For the foregoing reasons, BVT respectfully requests that the Court reject the application for relief made in the Letter. We look forward to having the opportunity to address these issues further on February 8, 2011 and thank the Court for its consideration of this submission.

Respectfully submitted,

/Henry J. Ricardo/ M. C. O.

Henry J. Ricardo

cc: All counsel entitled to notice under the Discovery and Scheduling Order