# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

**DAVID ZENSKY**
212.872.1075/212.872.1002
dzensky@akingump.com

February 7, 2011

BY HAND

Chief Judge Kevin J. Carey
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

              Re:    *In re Tribune Co., Case No. 08-13141 (KJC)*

Dear Chief Judge Carey:

      We represent Aurelius Capital Management, LP and write on behalf of the Noteholder Plan Proponent Group (the "Noteholders"), concerning an objection ("Objection") we received late Friday night (February 4, 2011) to our notice to take the deposition of Maggie Wilderotter, a key member the Debtors' Special Committee of Independent Directors (the "Special Committee"). A copy of the Objection is attached hereto as Exhibit A.

      For the reasons discussed below, the Noteholders respectfully request that the Court order the Special Committee to produce Ms. Wilderotter for her deposition as requested. Counsel has met and conferred by telephone and email, and have not resolved the issue. We also ask that this matter be considered at tomorrow's hearing, as we timely alerted counsel to the Debtors and Special Committee that we would be filing this letter, and were recently advised that Debtors are adding it to the agenda for tomorrow's hearing pursuant to paragraph 38 of the Case Management Order.

      By way of background, the Noteholders have noticed the deposition of only two members of the Debtors' four-member Special Committee (Ms. Wilderotter and Mark Shapiro, who the Debtors intend to call as a trial witness) and have noticed none of the Debtors' remaining five directors who do not sit on the Special Committee. Clearly, it is normal practice for parties opposing a debtor's proposed plan to take discovery of the debtors' directors, and here it is all the more important. In the wake of the release of the Examiner's report, The Debtors established the Special Committee and vested it with exclusive authority to, among other things:

      (i)     review[], evaluat[e] and approv[e] . . . the structure, terms or conditions of, and authorize[] the execution and filing of, any plan of reorganization;

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
February 7, 2011
Page 2

> (ii) tak[e] such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries . . . including, without limitation, [the LBO Claims] . . . including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any [LBO Claims; and]
>
> (iii) take[] such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any [LBO Claims] or the structure, terms or condition of any [P]lan.

The Debtors also resolved that they could "not file and pursue any Plan unless the Plan has been approved by the Special Committee."[1] And in order to avoid any conflict or appearance of improper influence, the Special Committee was limited to the four directors who were not members of the board at the time the LBO transaction was agreed to or consummated.

In its objections, the Special Committee asserts that a deposition of Wilderotter should not be allowed with respect to the Debtors' proposed settlement or the Debtor/Committee/Lender Plan generally because she was deposed on October 13, 2010 (for slightly more than three hours) in connection with Aurelius motion *seeking the appointment of trustee*, which motion was filed on or around September 13, 2010. See Objections ¶¶ 2-3.

The Special Committee's position is not supportable. The prior deposition took place just one day after the term sheet was issued in connection with the settlement embodied in the Debtor Committee/Lender/Plan, *before* the Debtors filed their initial proposed plan and settlement on October 22, 2010 and before any of the other plan proponent groups filed their respective proposed plans. In the meantime, confirmation discovery has commenced and the Noteholders have received many documents concerning the development of the settlement/plan and the involvement (or lack thereof) of the Special Committee. Since the Debtors have the burden to prove that the settlement was the product of arms length bargaining, is fair and equitable in all

---

[1] *See* Tribune Co., Unanimous Written Consent of the Board of Directors in Lieu of a Meeting, at 2 (Aug. 26, 2010) (Ex. B hereto).

AKIN GUMP
STRAUSS HAUER & FELD LLP
▬▬▬▬▬▬▬ Attorneys at Law

Honorable Kevin J. Carey
February 7, 2011
Page 3

respects, and that the plan itself has been proposed in good faith, the Noteholders must be permitted to conduct settlement and confirmation depositions of the Debtors' directors.

Ms. Wilderotter's deposition is also critical because discovery provided since October 13 has raised a serious question as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exs. C, D. Considering that Wilderotter later was assigned the role of ensuring that any settlement of the fraudulent transfer and other claims against JP Morgan were fair to the estate and its pre-LBO creditors and the product of arms length bargaining, the Noteholders submit that they are entitled to explore precisely what Wilderotter meant regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Finally, the scope of the prior deposition was limited even with respect to the trustee issues then-pending before the Court. The deposition notice itself expressly covered only three topics, and during the examination – which lasted roughly three hours – objections were interposed by counsel for the Special Committee, when the questioning departed from what counsel believed to be the permissible scope of the notice. For example, parties objected to a question concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.* Wilderotter Tr. at 153-54 (Ex. E). The Special Committee's understanding of the Examiner's conclusions, the relation of those conclusions to the proposed settlement, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are certainly discoverable and relevant with respect to the upcoming confirmation hearing.

Respectfully submitted,

David Zensky

cc: All counsel entitled to notice pursuant to CMO

Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## RESPONSES AND OBJECTIONS TO THE NOTICE OF DEPOSITION OF MAGGIE WILDEROTTER

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (made applicable to the above-captioned chapter 11 cases by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure), the Special Committee of the Board of Directors of Tribune Company (the "Special Committee") and Maggie Wilderotter (collectively the "Respondents"), by and through their undersigned counsel, object to the deposition of Maggie Wilderotter noticed by Aurelius Capital Management, LP ("Aurelius") on January 31, 2011 (the "Deposition") on the following grounds:

1. Respondents object to the Deposition to the extent that it purports to impose obligations upon Respondents beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the Case Management Order in these cases.

2. Respondents object to the Deposition as unreasonably cumulative or duplicative of other discovery in these cases, including, but not limited to, the deposition Maggie Wilderotter taken by Aurelius on October 13, 2010, the deposition of Mark Shapiro taken by Aurelius on October 13, 2010, document discovery, and other depositions that have or will take place in connection with these cases.

3. Respondents object that the burden and/or expense of the requested deposition would outweigh any likely benefit, particularly given the duplicative nature of the Deposition.

4. Respondents object that the parties noticing the deposition have had ample other opportunity to obtain the information sought through other discovery in these cases, including, but not limited to, during the October 13, 2010 deposition of Maggie Wilderotter, the October 13, 2010 deposition of Mark Shapiro, document discovery, and other depositions that have or will take place in connection with these cases.

5. To the extent that the parties intend to seek information during the Deposition relating to the time period after Maggie Wilderotter's October 13, 2010 deposition, such information is irrelevant.

6. Respondents object to the deposition because any information sought from Maggie Wilderotter can or could have been obtained from another source which is more convenient, less burdensome and less expensive, including, but not limited to, during the October 13, 2010 deposition of Maggie Wilderotter, the October 13, 2010 deposition of Mark Shapiro, document discovery, and other depositions that have or will take place in connection with these cases.

Respondents reserve the right to supplement their responses and objections to the Deposition.

Dated: February 4, 2011                    **JONES DAY**

By:  /s/ David G. Heiman
    David G. Heiman
    North Point
    901 Lakeside Avenue
    Cleveland, Ohio 44114-1190

    – and –

    Brad B. Erens
    David A. Hall
    77 West Wacker
    Chicago IL 60601-1692
    (312) 782-3939 (Telephone)
    (312) 782-8585 (Facsimile)

ATTORNEYS FOR THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE CO.

# Exhibit B

# TRIBUNE COMPANY

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

## IN LIEU OF A MEETING

August 26, 2010

The undersigned, being all of the members of the Board of Directors (the "Board") of Tribune Company, a Delaware corporation (the "Company"), hereby consent to the adoption of the following resolutions pursuant to Article IV, Section 6 of the Amended and Restated Bylaws of the Company (the "Bylaws") and Section 141(f) of the General Corporation Law of the State of Delaware, as amended (the "DGCL"):

WHEREAS, in accordance with Section 141(c) of the DGCL and the applicable provisions of the Bylaws, the Board now deems it appropriate to establish a special committee of the Board for the purpose of supervising and taking action with respect to the Company's and its subsidiaries' proceedings under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Proceedings").

RESOLVED, that, in accordance with Section 141(c) of the DGCL and the applicable provisions of the Bylaws, a committee of the Board (the "Special Committee") be and hereby is established that shall have and may exercise all of the powers and authority of the Board with respect to any and all matters relating to the Chapter 11 Proceedings, including, without limitation, to:

(i) review, evaluate and approve, from time to time as appropriate or advisable, the structure, terms or conditions of, and authorize the execution and filing of, any plan of reorganization and any and all amendments, modifications, supplements and exhibits thereto (each, a "Plan");

(ii) take such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries ("Claims"), including, without limitation, any Claims arising from any transaction related to the leveraged buy-out of the Company, including, without limitation, the purchase by the Company of its common stock on or about June 4, 2007, the merger and related transactions involving the Company on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such Claims may be asserted pursuant to the Bankruptcy Code or any other applicable law, including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any such Claims;

(iii) take such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any Plan;

1

(iv) review, evaluate and approve, and authorize the execution and filing of, any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions the Special Committee deems appropriate or advisable in connection with the Chapter 11 Proceedings; and

(v) take such other actions to assist the Board in carrying out its responsibilities as the Board may delegate to or request of the Special Committee from time to time;

**RESOLVED**, that the Company and its advisors may not file and pursue any Plan unless the Plan has been approved by the Special Committee and, if required by law, the Company's certificate of incorporation or bylaws, or deemed desirable by the Special Committee in its discretion, recommended by the Special Committee to the Board for its approval and approved by the Board;

**RESOLVED**, that each of Jeffrey S. Berg, Mark Shapiro, Maggie Wilderotter and Frank Wood, be and hereby is, appointed to serve as a member ("<u>Members</u>") of the Special Committee, with Mr. Shapiro serving as the Chair of the Special Committee, and shall hold such membership until such person's successor is duly appointed and qualified or until such person's earlier death, resignation or removal;

**RESOLVED**, that the Special Committee shall obtain assistance, information and/or services from the officers and employees of the Company and its affiliates and the legal counsel, financial advisors, accountants and other professionals retained by the Company in carrying out its responsibilities as set forth in these resolutions;

**RESOLVED**, that the Special Committee is authorized to employ and retain, at the Company's expense, legal counsel, financial advisors, accountants and other professionals (collectively, "Professional Advisors") or utilize the services of Professional Advisors retained by the Company (previously or in the future), in each case, to advise the Special Committee, as it deems necessary or advisable, to assist the Special Committee in carrying out its responsibilities as set forth in these resolutions;

**RESOLVED**, that the Special Committee be, and hereby is, authorized to enter into, on behalf of the Company, such contracts or arrangements providing for the retention, compensation, reimbursement of expenses and indemnification of such Professional Advisors as the Special Committee may deem necessary or appropriate and that the Company be, and hereby is, directed to pay all fees and expenses of such Professional Advisors and to honor all other obligations of the Company under such contracts or arrangements;

**RESOLVED**, that the Company shall reimburse or advance funds to members of the Special Committee for any and all additional costs and expenses incurred by such members in connection with their service on the Special Committee;

**RESOLVED**, that the Special Committee Members will be entitled to the same limitation of liability and indemnification afforded to directors of the Company as set forth in Articles Seventh and Eighth of the Amended and Restated Certificate of Incorporation of the Company and, without limitation, will be indemnified to the full extent provided by any existing director and officer indemnity agreements, the Company's Amended and Restated Certificate of Incorporation

2

and bylaws and Delaware law for all acts or omissions to act by any such Committee Member in connection with his or her service as such;

**RESOLVED**, that the Special Committee and its advisors are authorized to have access to the books, records and other documents or information of the Company and its affiliates, in each as case as the Special Committee and its advisors deem necessary, advisable or convenient to assist the Special Committee in performing its duties;

**RESOLVED**, that the appropriate officers and employees of the Company be, and they hereby are, authorized and directed to cooperate fully with the Special Committee and its advisors, including, without limitation, providing the Special Committee, its advisors and such third parties as the Special Committee may designate any and all information relating to the Company requested by or on behalf of the Special Committee, all to the extent determined by the Special Committee to be necessary, desirable or appropriate;

**RESOLVED**, that the Special Committee shall report to the Board in regard of its activities at such times and in such manner as the Board shall deem appropriate;

**RESOLVED**, that consistent with the foregoing resolutions and subject to the direction of the Special Committee, the proper officers of the Company be, and each of them hereby is, authorized and empowered to take any additional action and to execute and deliver any and all additional documents, instruments or certificates on behalf of the Company, and to pay such amounts or to do or cause to be done any and all other things as the Special Committee may deem necessary, appropriate or desirable to carry out the intent of each of the foregoing resolutions;

**RESOLVED**, that the Special Committee be, and it hereby is, authorized to establish its own rules and procedures for convening and conducting meetings and otherwise carrying out its duties and authority as herein contemplated; and

**RESOLVED**, that the authority hereby delegated to the Special Committee and the foregoing resolutions will operate from the time of approval by the Board until the earlier of (a) such time as the Board shall determine and (b) the Committee's determination, in its sole discretion, as set forth in its written notice to the Secretary of the Company, that the Special Committee's continuation is no longer necessary, desirable or appropriate.

[Director signatures appear on the following page]

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent on the date first above written.

| | |
|---|---|
| _____ | _____ |
| Samuel Zell | Jeffrey S. Berg |
| | |
| _____ | _____ |
| Brain L. Greenspun | Betsy D. Holden |
| | |
| _____ | _____ |
| Randy Michaels | William A. Osborn |
| | |
| _____ | _____ |
| William Pate | Mark Shapiro |
| | |
| _____ | _____ |
| Maggie Wilderotter | Frank Wood |

Being all of the Members of the
Board of Directors of
**TRIBUNE COMPANY**

4

MW-0000008

# EXHIBIT C

**[Filed Under Seal]**

# **EXHIBIT D**

**[Filed Under Seal]**

# EXHIBIT E

**[Filed Under Seal]**