# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FOURTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourth Quarterly Fee Application of McDermott Will & Emery LLP* [Docket No. 4761] (the "**Fee Application**"). The Fee Application seeks approval of fees that total

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$362,715.50 and reimbursement of expenses that total $2,425.85 (but see Fn. 1 to the Fee Application, noting a voluntary expense reduction in the amount of $250.00 to account for a previously noted pre-retention expense) for the period from September 1, 2009 through November 30, 2009. McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

<u>**Background**</u>

1.       On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.       On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**"). By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.       McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

4.       In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the

exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.    A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment.    The firm submitted a written response to the Fee Examiner.    After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    <u>**Reconciliation of Fees and Expenses.**</u>    The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").    The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $91.50, resulting in an apparent overcharge.    The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A** to the Preliminary Report.    In responding to the Preliminary Report,

McDermott agreed with the Fee Examiner's calculations and agreed to a voluntary fee reduction of $91.50, displayed in the attached Exhibit A.[2]

In addition to the mathematical discrepancies, the Fee Examiner noted three entries where the embedded time appears to be stated incorrectly. The Fee Examiner attempted to correct the error and reflect the intended hours on each of the underlined tasks in **Exhibit B** to the Preliminary Report, and requested that McDermott confirm the accuracy of the embedded time displayed in the exhibit. The firm confirmed the Fee Examiner's calculations; Exhibit B is omitted from this report.

The Fee Examiner found no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).* The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  With minimal exceptions, McDermott timekeepers did not block bill time entries.

11.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

hour." *UST Guidelines ¶(b)(4)(v)*.  Three McDermott timekeepers recorded their billing entries with time increments of whole or half hours with a frequency greater than 40%.  To illustrate, James G. Isaac utilized whole or half hour increments in 22 out of 30 total tasks (73% frequency), Jon G. Finkelstein utilized whole or half hour increments in 23 out of 39 total tasks (59% frequency), and Andrea M. Whiteway utilized whole or half hour increments in 29 out 69 total tasks (42% frequency).  **Exhibit C** to the Preliminary Report displayed all of the timekeepers' billing entries, with those billing entries recorded in whole or half hour increments marked with an ampersand [&] in the exhibit.  Statistically, the number of whole or half hour entries is extremely unlikely and therefore suggests that the time entries were not contemporaneously recorded and undermines the accuracy of the time entries as a whole.  The Fee Examiner invited comment from McDermott.

In response to the Preliminary Report, McDermott explained the firm's time submission policy and the intent of the policy to ensure the accuracy of the time billed.  McDermott stated that the firm confirmed each of the timekeepers in question adhered to the firm policy and therefore asserted that the time was kept contemporaneously.  While the additional information and assertions made by the firm are helpful, the firm's responses did not address or explain the statistically large percentage of half or full hour time increments displayed in the attached Exhibit C.  The Fee Examiner intends to track the time increment issue over the course of the Tribune cases and may make a recommendation for a fee reduction if warranted based upon the full data set; no such recommendation is made at this time.

### Review of Fees

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 29 McDermott professionals and paraprofessionals who billed

to this matter, consisting of 17 partners, 2 counsel, 6 associates, 1 Employee Benefits Professional Advisor, 2 Professional/Corporate Professionals, and 1 library clerk. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 587.60 hours with associated fees of $362,624.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 412.30 | 70% | $305,198.50 | 84% |
| Counsel | 3.90 | * | 2,476.50 | * |
| Associate | 168.30 | 29% | 53,770.00 | 15% |
| Employee Benefits | 0.80 | * | 484.00 | * |
| Professional/Corporate Professional | 2.00 | * | 650.00 | * |
| Library Clerk | 0.30 | * | 45.00 | * |
| **TOTAL** | 587.60 | 100% | $362,624.00 | 100% |

\* Less than 1%

The blended hourly rate for the McDermott Will professionals is $617.37.

13.     **Hourly Rate Increases.** McDermott did not increase the hourly rate of any timekeeper during this interim period.

14.     **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers. **Exhibit E** to the Preliminary Report displayed the 11.10 hours and associated fees of $5,813.00 invoiced by the timekeepers about whom additional information was requested.

In response, McDermott provided the Fee Examiner with a paragraph of text for each of the individuals in question. The firm explained the position and role of each timekeeper and provided additional information and context regarding the task(s) performed by each individual. After review of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

15.   **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified several occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 22.60 hours with $16,465.50 in associated fees, were provided to the firm in **Exhibit F** of the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 13.00 hours with $8,052.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with the requested explanation and detail. The firm explained the nature and purpose of each meeting as well as the role and contribution of each firm timekeeper in attendance. The additional information brings the Fee Application into compliance with the Local Rules and UST Guidelines, and after review of same the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

16.     **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified task descriptions describing intraoffice conferences totaling 60.85 hours with $39,011.25 in associated fees, or approximately 11% of the Fees Computed, as displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 40.10 hours with $26,062.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner invited comment from McDermott regarding whether it is appropriate for 11% of the fees to result from intraoffice communication.

McDermott responded to the Preliminary Report by explaining how the various firm timekeepers are assigned specific, discrete tasks that then must be combined with the efforts of others to address the entire issue. The firm asserted that the conferences involved discussions among attorneys regarding their respective areas of expertise and therefore resulted in greater efficiency. The Fee Examiner remains concerned that more than 10% of McDermott's fees consistently result from intrafirm communication, a higher figure than other law firms involved in this matter, and will track the costs through the Tribune cases. At this time, the Fee Examiner makes no recommendation for a fee reduction and Exhibit G is omitted from this report.

17.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any

portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each billing entry and identified 3.70 hours with $2,715.50 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were provided to the firm in **Exhibit H** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[4] In the present instance, for example, McDermott timekeepers described the task as "related follow-up" or "review litigation materials." Such narratives fail to sufficiently describe the activity performed and frustrate a reviewer's ability to fully evaluate the work. The Fee Examiner requested the firm provide sufficient detail for the entries in question.

---

[4] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

In response, McDermott provided additional description for each of the questioned fee entries. After analysis of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H is omitted from this report.

18.   **Administrative Activities.**   Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified two tasks describing the administrative function of reviewing and revising pre-bills and invoices. Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an administrative function. The entries were displayed in **Exhibit I** to the Preliminary Report and totaled 9.30 hours with $3,182.50 in fees.

In response, McDermott stated that while certain activities required legal knowledge and familiarity with the bankruptcy rules and procedures, the firm recognized that such work is partly administrative in nature. The result of communication between McDermott and the Fee Examiner is a voluntary fee reduction in the amount of $1,591.25 (50% of the questioned fees). Exhibit I is omitted from this report.

19.   **Clerical Activities.**   Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[5] The Fee Examiner did not identify any time entries describing clerical activities.

20.   **Travel.**   The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any fee entries describing travel.

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

21.     **McDermott Retention/Compensation.** McDermott billed 57.70 hours with associated fees of $24,895.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 7% of the Fees Computed.   The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit J**, included in this Final Report for the Court's reference.

**Review of Expenses**

22.     **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.     **Previously Noted Pre-Retention Expenses.**   In the course of the Fee Examiner's review of McDermott's Second Quarterly Fee Application, the Fee Examiner identified $250.00 in expenses that were incurred prior to December 8, 2008, the firm's effective date of retention.   Because the firm had already been reimbursed for the costs associated with the Second Quarterly Fee Application, McDermott agreed to reduce a future expense reimbursement request by $250.00.   To that end, the present Fee Application notes:   "Due to an inadvertent expense submission in the Second Quarterly Fee Application ... McDermott reduced the amount of expense reimbursement sought in its

October fee application by $250.00. Thus McDermott actually seeks reimbursement of expenses in the amount of $2,175.85 ($2,425.85-$250.00)."

24.    **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* The firm requested reimbursement of $18.20 for duplication charges. McDermott stated that the firm "charged the Debtors the maximum permitted amount of $.10 per page." Despite this representation, several copies appeared to be billed at $0.20 per page. The overcharge for duplication charges is $2.30 as displayed to the firm in **Exhibit K** to the Preliminary Report.

McDermott responded by stating the overcharge was an inadvertent error and agreeing to a voluntary expense reduction of $2.30. As the firm has already received reimbursement of the $2.30, that amount will be deducted from the firm's requested expenses in the next interim fee application. Exhibit K is omitted from this report.

25.    **Business Meals.** McDermott requested reimbursement in the amount of $101.78 for a business meal. Based on the information provided, the Fee Examiner was unable to determine whether the meal charge related to a meeting with people outside the firm or solely involved employees of McDermott. The Fee Examiner requested that McDermott explain the purpose of the meal below and identify all attendees.

| Invoice Number | Amount | Description |
|---|---|---|
| 2058215 | $101.78 | Business Meal – SeamlessWeb Professional Solutions, Inc.; Invoice #556115; Date 08/16/09; Maria M McCants; Order #124058679; Ashby's Catering – Rubin Blake Dc. |

In response to the Preliminary Report, McDermott explained that the charge resulted from a business meeting with the client and provided to the Fee Examiner a copy of the receipt from the caterer and the firm disbursement card. After review of same, the Fee Examiner makes no recommendation for an expense reduction.

26.    **Vaguely Described Expenses.**  McDermott requested reimbursement for a $2,145.13 expense described as "Miscellaneous – VENDOR: TyMetrix, Inc; INVOICE#:200901124; DATE: 4/9/2009 – Electronic billing processing fee" and a $70.00 charge described as "Document Production date: 10/23/09."   The Fee Examiner requested that McDermott provide additional information regarding the necessity and purpose of the charges.

In response, the firm explained that the first charge is an electronic billing processing fee incurred at the Debtors' request.  The second charge was incurred in connection with the Chicago Cubs bankruptcy filing.   McDermott provided the Fee Examiner with receipts and supporting documentation for each charge.   After analysis of the supplemental information, the Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $361,032.75 ($362,715.50 minus $1,682.75) and reimbursement of expenses in the amount of $2,423.55 ($2,425.85 minus $2.30) for the period from September 1, 2009 through November 30, 2009.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

-14-

## APPENDIX A

**MCDERMOTT WILL & EMERY LLP**

### SUMMARY OF FINDINGS

#### Fourth Quarterly Fee Application (September 1, 2009 through November 30, 2009)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $362,715.50 | |
| Expenses Requested | 2,425.85 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $365,141.35 |
| | | |
| Fees Computed | $362,624.00 | |
| Expenses Computed | 2,425.85 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $365,049.85 |
| | | |
| Discrepancy in Fees | $    91.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    91.50 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $362,715.50 | | |
| *Discrepancy in Fees* | | *($    91.50)* | |
| *Agreed Reduction for Administrative Activities* | | *(1,591.25)* | |
| Subtotal | | *($1,682.75)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $361,032.75 |
| | | | |
| Expenses Requested | $2,425.85 | | |
| *Agreed Reduction for Photocopies* | | *($    2.30)* | |
| Subtotal | | *($    2.30)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 2,423.55 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $363,456.30 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the ninth day of February, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard,
P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

W. Andrew Dalton

**EXHIBIT A**
**Fee Discrepancy Schedule**
**McDermott, Will & Emery**

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 2058207 | 57 | Merten | 09/28/09 | $715.00 | 1.20 | 1.00 | $ 858.00 | $ 715.00 | 0.20 | $ 143.00 |
| 2068587 | 104 | Rubin | 10/14/09 | $915.00 | 2.70 | 2.60 | $ 2,470.50 | $ 2,379.00 | 0.10 | 91.50 |
| | | | | | | | | **Total Overcharges** | 0.30 | **$ 234.50** |
| **Undercharges** | | | | | | | | | | |
| 2068575 | 60 | Merten | 10/22/09 | $715.00 | 1.20 | 1.40 | $ 858.00 | $ 1,001.00 | (0.20) | $ (143.00) |
| | | | | | | | | **Total Undercharges** | (0.20) | **$ (143.00)** |
| | | | | | | | | **Net Total Discrepancy** | 0.10 | **$ 91.50** |

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

TIME INCREMENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 40.60 | 23,548.00 |
| Isaac, J | 23.70 | 6,636.00 |
| Whiteway, A | 100.40 | 75,300.00 |
| | 164.70 | $105,484.00 |

TIME INCREMENTS - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 25.50 | 14,790.00 |
| Isaac, J | 19.50 | 5,460.00 |
| Whiteway, A | 48.50 | 36,375.00 |
| | 93.50 | $56,625.00 |

Exhibit C    Page 1 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

TIME INCREMENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 127.20 | 89,008.00 |
| Corporate/Credit Agreement/PHONES | 5.50 | 4,125.00 |
| ESOP | 9.40 | 2,632.00 |
| Newsday | 8.30 | 5,715.00 |
| Welfare Plans | 14.30 | 4,004.00 |
| | 164.70 | $105,484.00 |

TIME INCREMENTS - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 63.50 | 43,800.00 |
| Corporate/Credit Agreement/PHONES | 5.50 | 4,125.00 |
| ESOP | 6.00 | 1,680.00 |
| Newsday | 5.00 | 3,240.00 |
| Welfare Plans | 13.50 | 3,780.00 |
| | 93.50 | $56,625.00 |

Exhibit C   Page 2 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Finkelstein, J | 09/01/09 Tue | | | | | | | *MATTER NAME: Newsday* |
| | | 2058217/62 | 1.50 | 1.50 | 870.00 | 1.00 F & | 1 | REVIEW TAX RETURNS (1.00); |
| | | | | | | 0.50 F & | 2 | PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING SAME (.50). |
| | 09/04/09 Fri | | | | | | | *MATTER NAME: Newsday* |
| | | 2058217/63 | 0.50 | 0.50 | 290.00 | F & | 1 | DISCUSS NEWSDAY TAX RETURN WITH TRIBUNE. |
| | 09/16/09 Wed | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2058215/83 | 0.80 | 0.80 | 464.00 | F | 1 | DISCUSS BANKRUPTCY PLANNING WITH GALE CHAN. |
| | 10/01/09 Thu | | | | | | | *MATTER NAME: Newsday* |
| | | 2068591/78 | 1.00 | 1.00 | 580.00 | F & | 1 | PREPARE FOR AND DISCUSS TAX OPINION QUESTIONS FROM PWC WITH TRIBUNE. |
| | 10/06/09 Tue | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/93 | 1.00 | 1.00 | 580.00 | F & | 1 | REVIEW DRAFT PLAN OF REORGANIZATION. |
| | 10/12/09 Mon | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/100 | 1.00 | 1.00 | 580.00 | F & | 1 | REVIEW DRAFT PLAN OF REORGANIZATION AND S TERMINATION MEMO. |
| | 10/13/09 Tue | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/102 | 1.00 | 1.00 | 580.00 | F & | 1 | REVIEW MEMO REGARDING S ELECTION TERMINATION. |
| | 10/15/09 Thu | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/109 | 2.80 | 2.80 | 1,624.00 | 2.50 F & | 1 | REVIEW PLAN OF REORGANIZATION (2.5 HOURS); |
| | | | | | | 0.30 F | 2 | REVIEW DRAFT EMAIL FROM B. RUBIN AND DISCUSS WITH BLAKE RUBIN (.3 HOURS). |
| | 10/16/09 Fri | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/112 | 3.80 | 3.80 | 2,204.00 | 3.30 F | 1 | REVIEW PLAN OF REORGANIZATION AND RESEARCH TIMING OF INCOME ISSUES (3.3 HOURS); |
| | | | | | | 0.50 F & | 2 | PREPARE FOR AND DISCUSS COMMENTS ON PLAN OF REORGANIZATION WITH BLAKE RUBIN AND ANDREA WHITEWAY (.5 HOURS). |
| | 10/19/09 Mon | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/116 | 3.00 | 3.00 | 1,740.00 | 1.50 F & | 1 | PREPARE FOR AND PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING PLAN OF REORGANIZATION (1.5 HOUR); |
| | | | | | | 1.50 F & | 2 | REVIEW REVISED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (1.5 HOURS). |
| | 10/20/09 Tue | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/120 | 1.50 | 1.50 | 870.00 | F & | 1 | REVIEW AND ANALYZE PLAN OF REORGANIZATION. |

&  TIME INCREMENTS - QUESTIONED
~  See the last page of exhibit for explanation

Exhibit C   Page 3 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Finkelstein, J | 10/21/09 Wed | 2068587/122 | 4.50 | 4.50 | 2,610.00 | 3.50 F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 RESEARCH TAX ISSUES RELATED TO PHONES CANCELLATION (3.5 HOURS); |
| | | | | | | 1.00 F & | 2 DISCUSS PHONES CANCELLATION WITH PHIL LEVINE AND MICHAEL WILDER (1 HOUR). |
| | 10/22/09 Thu | 2068587/126 | 2.00 | 2.00 | 1,160.00 | 1.30 F | *MATTER NAME: Chapter 11 Restructuring*<br>1 RESEARCH REGARDING INCOME TIMING ISSUES (1.3 HOURS); |
| | | | | | | 0.70 F | 2 PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING INCOME TIMING ISSUES (.7 HOURS). |
| | 10/27/09 Tue | 2068587/136 | 2.00 | 2.00 | 1,160.00 | 1.20 F | *MATTER NAME: Chapter 11 Restructuring*<br>1 PREPARE FOR AND PARTICIPATE IN CONFERENCE CALL WITH LENDERS' COUNSEL REGARDING PLAN OF REORGANIZATION (1.2); |
| | | | | | | 0.80 F | 2 DISCUSS PLAN OF REORGANIZATION WITH COUNSEL (.8). |
| | 10/28/09 Wed | 2068587/140 | 1.30 | 1.30 | 754.00 | 1.00 F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 REVIEW PLAN OF REORGANIZATION (1 HOUR); |
| | | | | | | 0.30 F | 2 REVIEW DRAFT SUMMARY OF CALL WITH CREDITORS' COUNSEL (.3 HOURS). |
| | 10/29/09 Thu | 2068587/144 | 0.50 | 0.50 | 290.00 | F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 DISCUSS PLAN OF REORGANIZATION WITH BLAKE RUBIN AND ANDREA WHITEWAY. |
| | 10/30/09 Fri | 2068587/149 | 1.50 | 1.50 | 870.00 | 0.50 F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 DISCUSS PLAN OF REORGANIZATION WITH COUNSEL (.5 HOURS); |
| | | | | | | 1.00 F & | 2 REVIEW REVISED PLAN OF REORGANIZATION (1 HOUR). |
| | 10/31/09 Sat | 2068587/150 | 0.70 | 0.70 | 406.00 | F | *MATTER NAME: Chapter 11 Restructuring*<br>1 REVIEW REVISED PLAN OR REORGANIZATION. |
| | 11/02/09 Mon | 2076400/28 | 2.50 | 2.50 | 1,450.00 | 2.20 F | *MATTER NAME: Chapter 11 Restructuring*<br>1 REVIEW REVISED PLAN OF REORGANIZATION (2.20); |
| | | | | | | 0.30 F | 2 DISCUSSION WITH BLAKE RUBIN AND ANDREA WHITEWAY REGARDING SAME (.30). |
| | 11/03/09 Tue | 2076400/34 | 1.50 | 1.50 | 870.00 | F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 REVISE PLAN OF REORGANIZATION. |
| | 11/05/09 Thu | 2076400/36 | 1.00 | 1.00 | 580.00 | F & | *MATTER NAME: Chapter 11 Restructuring*<br>1 PREPARE FOR AND CALL WITH ALVAREZ & MARSAL. |
| | 11/06/09 Fri | 2076400/38 | 0.60 | 0.60 | 348.00 | F | *MATTER NAME: Chapter 11 Restructuring*<br>1 PARTICIPATE IN CONFERENCE CALL WITH ALVAREZ & MARSAL. |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C   Page 4 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Finkelstein, J | 11/12/09 Thu | 2076400/49 | 0.50 | 0.50 | 290.00 | 0.20 F | *MATTER NAME: Chapter 11 Restructuring* <br> 1 REVIEW CORRESPONDENCE REGARDING DRAFT PLAN OF REORGANIZATION (.2 HOURS); |
| | | | | | | 0.30 F | 2 ANALYSIS REGARDING TAX SAVINGS (.3 HOURS). |
| | 11/18/09 Wed | 2076400/67 | 0.50 | 0.50 | 290.00 | F & | *MATTER NAME: Chapter 11 Restructuring* <br> 1 DISCUSS ALTERNATIVE PLAN OF REORGANIZATION STRUCTURES WITH COUNSEL. |
| | 11/19/09 Thu | 2076400/73 | 0.70 | 0.70 | 406.00 | F | *MATTER NAME: Chapter 11 Restructuring* <br> 1 DISCUSS PLAN OF REORGANIZATION WITH COUNSEL. |
| | 11/23/09 Mon | 2076400/89 | 1.90 | 1.90 | 1,102.00 | 1.40 F | *MATTER NAME: Chapter 11 Restructuring* <br> 1 ANALYSIS REGARDING TIMING ADVANTAGES AND DISCUSS WITH COUNSEL AND PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING POR (1.4); |
| | | | | | | 0.50 F & | 2 DISCUSS SPIN-OFF ALTERNATIVE WITH CO-COUNSEL (.5 HOURS). |
| | 11/30/09 Mon | 2076400/105 | 1.00 | 1.00 | 580.00 | F & | *MATTER NAME: Chapter 11 Restructuring* <br> 1 REVIEW FINANCIAL STATEMENTS. |
| | NUMBER OF ENTRIES: | 27 | | 40.60 | 23,548.00 | | |
| Isaac, J | 09/02/09 Wed | 2058205/7 | 0.20 | 0.20 | 56.00 | F | *MATTER NAME: Welfare Plans* <br> 1 DRAFT E-MAIL TO CLIENT CONTAINING ISSUES RELATED TO WRAP PLAN DOCUMENT. |
| | 09/09/09 Wed | 2058205/9 | 3.50 | 3.50 | 980.00 | 1.00 F & | *MATTER NAME: Welfare Plans* <br> 1 REVIEW EMPLOYEE COMMUNICATIONS RELATING TO EMPLOYEE ASSISTANCE PROGRAM PROVIDED BY CLIENT (1.0); |
| | | | | | | 0.50 F & | 2 REVIEW LIFE INSURANCE CHARTS PROVIDED BY CLIENT RELATING TO NEW COVERAGE AND CARRIER (.50); |
| | | | | | | 0.50 F & | 3 ANALYZE WRAP PLAN PROVISIONS PREVIOUSLY DRAFTED RELATING TO SAME (.50); |
| | | | | | | 0.50 F & | 4 BEGIN FINAL REVIEW OF OF DRAFT WRAP PLAN DOCUMENT (.50); |
| | | | | | | 0.50 F & | 5 ANALYZE NON-SUPPLEMENT PORTION OF DRAFT WRAP PLAN DOCUMENT AND INCORPORATE FINAL EDITS WHERE NECESSARY (.50); |
| | | | | | | 0.50 F & | 6 UPDATE PROVISION RELATING TO LIMITATIONS PERIOD FOR SUITS BROUGHT POST-BENEFIT DETERMINATION (.50). |

& TIME INCREMENTS - QUESTIONED

~ See the last page of exhibit for explanation

Exhibit C   Page 5 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Isaac, J | 09/10/09 Thu | 2058205/10 | 2.50 | 2.50 | 700.00 | 1.00 F & | *MATTER NAME: Welfare Plans* <br> 1 CONTINUE FINAL UPDATES TO WRAP PLAN DOCUMENT (1.00); |
| | | | | | | 1.00 F & | 2 REVIEW MEDICAL PLAN SUMMARY PLAN DESCRIPTION FOR PROVISIONS RELATING TO VISION BENEFIT (1.00); |
| | | | | | | 0.50 F & | 3 RESEARCH INTERNAL REVENUE SERVICE AND DEPARTMENT OF LABOR GUIDANCE REGARDING APPLICABILITY OF CERTAIN RULES TO VISION BENEFIT (.50). |
| | | 2058205/11 | 3.50 | 3.50 | 980.00 | 2.50 F & | *MATTER NAME: Welfare Plans* <br> 1 DRAFT VISION BENEFIT SUPPLEMENT FOR WRAP PLAN DOCUMENT (2.50); |
| | | | | | | 0.50 F & | 2 UPDATE WRAP PLAN DOCUMENT PROVISIONS TO PROPERLY INCORPORATE VISION BENEFIT AS A SEPARATE SUPPLEMENT AND PLAN (.50); |
| | | | | | | 0.50 F & | 3 EDIT PLAN PROVISIONS TO INCORPORATE FINAL RESOLUTION OF OUTSTANDING ISSUES (.50). |
| | 09/11/09 Fri | 2058205/12 | 3.00 | 3.00 | 840.00 | 1.00 F & | *MATTER NAME: Welfare Plans* <br> 1 FINALIZE PREPARATION OF WRAP PLAN DOCUMENT (1.00); |
| | | | | | | 0.50 F & | 2 CONDUCT FINAL REVIEW OF CHANGE IN STATUS AND DOMESTIC PARTNER DEFINITIONS TO ENSURE AGREEMENT WITH ALL SUMMARY PLAN DESCRIPTIONS (.50); |
| | | | | | | 1.00 F & | 3 IDENTIFY PROVISIONS OF PLAN DOCUMENT IN NEED OF REVIEWER NOTE (1.00); |
| | | | | | | 0.50 F & | 4 CONDUCT FULL REVIEW OF PLAN TO ENSURE INTERNAL CONSISTENCY OF CROSS REFERENCES AND USE OF DEFINED TERMS (.50). |
| | | 2058205/13 | 1.60 | 1.60 | 448.00 | 0.60 F | *MATTER NAME: Welfare Plans* <br> 1 UPDATE WRAP PLAN DOCUMENT PROVISIONS RELATING TO DEFINITIONS OF CHANGE IN STATUS AND DOMESTIC PARTNER (.60); |
| | | | | | | 1.00 F & | 2 DRAFT AND INCORPORATE INTERNAL REVIEWER NOTES FOR CLIENT (1.00). |
| | 10/06/09 Tue | 2068575/27 | 0.20 | 0.20 | 56.00 | F | *MATTER NAME: ESOP* <br> 1 DISCUSS DEJESUS DEFERRED COMPENSATION ISSUE WITH P. COMPERNOLLE FOR 409(P). |
| | 10/07/09 Wed | 2068575/30 | 4.20 | 4.20 | 1,176.00 | 1.00 F & | *MATTER NAME: ESOP* <br> 1 CONTINUE WORK ON DEJESUS DEFERRED COMPENSATION QUESTION RELATED TO CODE SECTION 409(P) (1.0); |
| | | | | | | 0.50 F & | 2 RESEARCH INTERNAL REVENUE CODE PROVISIONS CONCERNING TREATMENT OF DEFERRED COMPENSATION AS IT RELATES TO PAYMENT OF FICA TAX (.50); |
| | | | | | | 0.30 F | 3 ANALYZE APPLICABLE CODE PROVISIONS TO DETERMINE WHETHER PAYMENT EXCEPTION APPLIES DUE TO DATE OF COMPENSATION ARRANGEMENT (.30); |
| | | | | | | 2.20 F | 4 ANALYZE ADDITIONAL IRS REGULATIONS CONCERNING SAME (2.20); |
| | | | | | | 0.20 F | 5 BEGIN ANALYSIS OF IMPACT OF PROVISIONS' EFFECTIVE DATES ON PAYMENT OBLIGATIONS (.20). |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C   Page 6 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Isaac, J | 10/08/09 Thu | | | | | | *MATTER NAME: ESOP* |
| | | 2068575/35 | 4.50 | 4.50 | 1,260.00 | 3.00 F & | 1 CONTINUE WORK ON DEJESUS DEFERRED COMPENSATION ISSUE RELATING TO 409(P): DETERMINE EFFECTIVE DATES OF PROVISIONS OF INTERNAL REVENUE CODE AND IRS REGULATIONS CONCERNING DEFERRED COMPENSATION ARRANGEMENT AND FICA TAX OBLIGATIONS (3.0); |
| | | | | | | 1.00 F & | 2 ANALYZE IMPACTOF EFFECTIVE DATES ON DEJESUS ARRANGEMENT (1.0): |
| | | | | | | 0.50 F & | 3 DETERMINE APPLICABILITY OF CERTAIN EXCEPTIONS TO GENERAL RULE CONTAINED IN CODE AND REGULATIONS, BOTH CURRENT AND THOSE IN EXISTENCE UNDER 1983 CODE PROVISIONS (.50). |
| | 10/27/09 Tue | | | | | | *MATTER NAME: ESOP* |
| | | 2068575/67 | 0.50 | 0.50 | 140.00 | 0.20 F | 1 DISCUSS DEJESUS DEFERRED COMPENSATION AND FICA TAX ISSUE WITH P COMPERNOLLE RELATING TO 409(P) (.20): |
| | | | | | | 0.30 F | 2 ANALYZE IMPACT OF EFFECTIVE DATES FOR CERTAIN AMENDMENTS TO INTERNAL REVENUE CODE ON FICA TAX OBLIGATIONS (.30). |
| | NUMBER OF ENTRIES: | 10 | | 23.70 | 6,636.00 | | |
| Whiteway, A | 09/17/09 Thu | | 3.50 | 3.50 | 2,625.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2058215/85 | | | | 3.30 F | 1 RESEARCH S CORP TERMINATION ISSUES (3.30): |
| | | | | | | 0.20 F | 2 MEET WITH MS. CHAN REGARDING SAME (.20). |
| | 09/22/09 Tue | | 2.50 | 2.50 | 1,875.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2058215/90 | | | | F & | 1 RESEARCH S TERMINATION ISSUES . |
| | 10/01/09 Thu | | 1.00 | 1.00 | 750.00 | | *MATTER NAME: Newsday* |
| | | 2068591/76 | | | | 0.20 F | 1 REVIEW LIST OF OPEN ISSUES REGARDING PWC (.20): |
| | | | | | | 0.80 F | 2 CONFERENCE WITH MR. RUBIN REGARDING SAME (.80). |
| | 10/05/09 Mon | | 3.20 | 3.20 | 2,400.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/90 | | | | 1.20 F | 1 REVIEW REVISED PLAN OF REORGANIZATION (1.2): |
| | | | | | | 2.00 F & | 2 ANALYSIS OF S TERMINATION TAX ISSUES (2.0). |
| | 10/06/09 Tue | | 1.50 | 1.50 | 1,125.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/92 | | | | 0.30 F | 1 CONFERENCE WITH MR. RUBIN REGARDING TAX ISSUES RAISED BY POR(.3): |
| | | | | | | 1.20 F | 2 ANALYSIS OF TAX ISSUES IN REVISED PLAN OF REORGANIZATION (1.2). |
| | | | 1.00 | 1.00 | 750.00 | | *MATTER NAME: Corporate/Credit Agreement/PHONES* |
| | | 2068590/71 | | | | F & | 1 REVIEW AND REVISE PHONES MEMO. |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C   Page 7 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Whiteway, A | 10/07/09 Wed | 2068591/79 | 0.70 | 0.70 | 525.00 | | *MATTER NAME: Newsday* |
| | | | | | | 0.30 F | 1 REVIEW AND COMMENT ON FFC APPLICATION LANGUAGE (.3); |
| | | | | | | 0.40 F | 2 TELEPHONE CONFERENCE WITH MR. ELDERSVELD AND MS. WASHBURN REGARDING SAME (.4). |
| | 10/08/09 Thu | 2068591/80 | 1.30 | 1.30 | 975.00 | | *MATTER NAME: Newsday* |
| | | | | | | 1.00 F & | 1 REVIEW AND COMMENT ON ENTIRE FILING WITH FFC (1.0); |
| | | | | | | 0.30 F | 2 CORRESPOND WITH MR. ELDERSVELD AND MS. WASHBURN REGARDING SAME (.3). |
| | 10/14/09 Wed | 2068591/81 | 1.00 | 1.00 | 750.00 | | *MATTER NAME: Newsday* |
| | | | | | | 0.50 F & | 1 REVIEW AND REVISE FFC WAIVER (.5); |
| | | | | | | 0.50 F & | 2 CORRESPONDENCE WITH MS. WASHBURN REGARDING SAME (.5). |
| | 10/15/09 Thu | 2068587/107 | 2.30 | 2.30 | 1,725.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | | | | | 0.80 F | 1 FINALIZE PHONES OPINION (.8); |
| | | | | | | 0.10 F | 2 CORRESPOND WITH MR. SHANAHAN REGARDING SAME (.1); |
| | | | | | | 1.40 F | 3 REVIEW PLAN OF REORGANIZATION (1.4). |
| | | 2068591/82 | 1.30 | 1.30 | 975.00 | | *MATTER NAME: Newsday* |
| | | | | | | F | 1 REVIEW FFC WAIVER. |
| | 10/16/09 Fri | 2068587/110 | 5.40 | 5.40 | 4,050.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | | | | | 0.50 F & | 1 REVIEW PLAN OF REORGANIZATION (.5); |
| | | | | | | 4.50 F & | 2 RESEARCH ANALYSIS OF TAX ISSUES RAISED BY TIMING OF EMERGENCE (4.5); |
| | | | | | | 0.40 F | 3 CONFERENCE WITH MR. RUBIN REGARDING SAME (.4). |
| | 10/19/09 Mon | 2068587/114 | 7.60 | 7.60 | 5,700.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | | | | | 2.20 F | 1 RESEARCH BANKRUPTCY TAX ISSUES REGARDING INTEREST ACCRUAL (2.2); |
| | | | | | | 3.00 F & | 2 RESEARCH BANKRUPTCY REORGANIZATION TAX ISSUES (3.0); |
| | | | | | | 1.40 F | 3 PREPARATION FOR AND TELEPHONE CONFERENCE WITH MR. LARSEN, MR. ELDERSVELD, MR. SHANAHAN AND MS. MELGAREJO (1.4); |
| | | | | | | 1.00 F & | 4 PREPARATION FOR ANDTELEPHONE CONFERENCE WITH MR. KRAKAUER (1.0). |
| | 10/20/09 Tue | 2068587/118 | 4.10 | 4.10 | 3,075.00 | | *MATTER NAME: Chapter 11 Restructuring* |
| | | | | | | 1.20 F | 1 REVIEW AND ANALYZE PLAN OF REORGANIZATION TAX CONSEQUENCES (1.2); |
| | | | | | | 2.00 F & | 2 LEGAL RESEARCH ON ISSUE OF INTEREST ACCRUAL (2.0); |
| | | | | | | 0.90 F | 3 LEGAL RESEARCH ON ISSUE OF PHONES COD ISSUES (.9). |
| | 10/21/09 Wed | 2068590/75 | 3.50 | 3.50 | 2,625.00 | | *MATTER NAME: Corporate/Credit Agreement/PHONES* |
| | | | | | | F & | 1 RESEARCH TAX ISSUES RELATED TO PHONES CANCELLATION (3.5 HOURS) |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C  Page 8 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Whiteway, A | 10/22/09 Thu | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/124 | 2.60 | 2.60 | 1,950.00 | F | 1 LEGAL RESEARCH ON S TERMINATION TAX ISSUES. (2.6) |
| | 10/23/09 Fri | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/130 | 2.60 | 2.60 | 1,950.00 | 1.60 F | 1 REVIEW AND ANALYZE RESEARCH MATERIALS REGARDING TAX TREATMENT OF CANCELLED INTEREST (1.6); |
| | | | | | | 1.00 F & | 2 REVIEW AND COMMENT ON REVISED DRAFT POR (1.0). |
| | 10/27/09 Tue | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/135 | 3.50 | 3.50 | 2,625.00 | 1.20 F | 1 REVIEW PLAN OF REORGANIZATION TAX ISSUES (1.2); |
| | | | | | | 1.30 F | 2 PREPARATION FOR AND TELEPHONE CONFERENCE WITH MR. DIMON AND MR. HERZOG RE TAX TIMING ISSUES (1.3); |
| | | | | | | 1.00 F & | 3 ANALYSIS REGARDING SAME (1.0). |
| | 10/28/09 Wed | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/139 | 4.50 | 4.50 | 3,375.00 | 2.50 F & | 1 RESEARCH TAX ISSUES REGARDING TIMING (2.5); |
| | | | | | | 1.20 F | 2 CORRESPOND WITH MR. DIMON REGARDING CREDITORS CALL (1.2); |
| | | | | | | 0.80 F | 3 CORRESPOND WITH CLIENT REGARDING CREDITORS CALL (.8). |
| | 10/29/09 Thu | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/143 | 6.50 | 6.50 | 4,875.00 | 6.10 F | 1 REVIEW AND COMMENT ON PLAN OF REORGANIZATION (6.1); |
| | | | | | | 0.40 F | 2 CONFERENCE WITH B. RUBIN REGARDING SAME (.4). |
| | 10/30/09 Fri | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2068587/148 | 7.90 | 7.90 | 5,925.00 | 7.30 F | 1 REVISE PLAN OF REORGANIZATION AND DRAFT RIDERS (7.3); |
| | | | | | | 0.60 F | 2 PREPARE FOR AND CONFERENCE WITH MR. RUBIN (.6). |
| | 11/02/09 Mon | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/29 | 5.00 | 5.00 | 3,750.00 | F & | 1 REVIEW AND EDIT PLAN OF REORGANIZATION. |
| | 11/03/09 Tue | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/33 | 3.50 | 3.50 | 2,625.00 | 3.00 F & | 1 REVIEW AND REVISE POR (3.0); |
| | | | | | | 0.50 F & | 2 PREPARE FOR AND TELEPHONE CONFERENCE WITH CO-COUNSEL REGARDING SAME (.5). |
| | 11/06/09 Fri | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/39 | 1.00 | 1.00 | 750.00 | F & | 1 PREPARE FOR AND PARTICIPATE IN CONFERENCE CALL WITH ALVAREZ & MARSAL. |
| | 11/10/09 Tue | | | | | | *MATTER NAME: Corporate/Credit Agreement/PHONES* |
| | | 2076404/23 | 1.00 | 1.00 | 750.00 | F & | 1 FINALIZE OPINION AND CIRCULATE TO CLIENT. |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C   Page 9 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Whiteway, A | 11/13/09 Fri | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/52 | 5.00 | 5.00 | 3,750.00 | 0.80 F | 1 ANALYSIS OF TAX CONSEQUENCES OF ISSUANCE DATE (.80); |
| | | | | | | 0.30 F | 2 CORRESPOND WITH CLIENT REGARDING SAME (.3); |
| | | | | | | 3.70 F | 3 RESEARCH GUARANTEE INSOLVENCY ISSUE (3.7); |
| | | | | | | 0.20 F | 4 CORRESPOND WITH SIDLEY REGARDING SAME (.2). |
| | 11/16/09 Mon | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/59 | 4.00 | 4.00 | 3,000.00 | 1.00 F & | 1 PREPARE FOR CONFERENCE WITH MR. RUBIN, MR. LEVINE AND MR. WILDER REGARDING PLAN OF REORGANIZATION CORPORATE SPIN OFF STRUCTURE (1.0); |
| | | | | | | 1.00 F & | 2 TELEPHONE CONFERENCE WITH MR. KRAKAUER AND MR. KANSA REGARDING TAX ISSUES RAISED BY CREDITORS COMMITTEE (1.0); |
| | | | | | | 2.00 F & | 3 ANALYSIS OF TAX ISSUES AND RESEARCH (2.0). |
| | 11/19/09 Thu | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/74 | 1.50 | 1.50 | 1,125.00 | F & | 1 RESEARCH AND ANALYSIS OF CORPORATE SPIN OFF ALTERNATIVES. |
| | 11/20/09 Fri | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/79 | 2.60 | 2.60 | 1,950.00 | 0.20 F | 1 CORRESPONDENCE WITH SIDLEY REGARDING PLAN OF REORGANIZATION (.2); |
| | | | | | | 0.50 F & | 2 REVIEW PLAN OF REORGANIZATION FOR TIMING ISSUES (.5); |
| | | | | | | 0.90 F | 3 CONFERENCE WITH MR. RUBIN REGARDING SAME (.9); |
| | | | | | | 1.00 F & | 4 LEGAL RESEARCH OF SPIN OFF PROPOSAL (1.0). |
| | 11/23/09 Mon | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/86 | 3.40 | 3.40 | 2,550.00 | 1.40 F | 1 PREPARATION FOR AND TELEPHONE CONFERENCE WITH MR. SHANAHAN REGARDING QUANTIFYING TAX IMPACT OF BIFURCATED PLAN OF REORGANIZATION STRUCTURE (1.4); |
| | | | | | | 0.80 F | 2 LEGAL RESEARCH AND ANALYSIS OF RESTRUCTURING PROPOSALS (.80); |
| | | | | | | 1.20 F | 3 CONFERENCE WITH MR. LEVINE AND MR. SHUMAN REGARDING SPIN OFF PROPOSAL TAX ISSUES (1.20). |
| | 11/24/09 Tue | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/93 | 1.20 | 1.20 | 900.00 | F | 1 LEGAL RESEARCH AND ANALYSIS OF RESTRUCTURING PROPOSALS. |
| | 11/25/09 Wed | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/98 | 2.50 | 2.50 | 1,875.00 | F & | 1 REVIEW AND ANALYSIS OF PLAN OF REORGANIZATION SPIN OFF STRUCTURE MEMORANDUM. |
| | 11/30/09 Mon | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| | | 2076400/106 | 2.20 | 2.20 | 1,650.00 | 0.50 F & | 1 REVIEW TRIBUNE FINANCIALS (.5); |
| | | | | | | 1.50 F & | 2 REVIEW AND COMMENT ON SPIN OFF ANALYSIS MEMO (1.5); |
| | | | | | | 0.20 F | 3 CORRESPONDENCE WITH B. RUBIN REGARDING SAME (.2). |

& TIME INCREMENTS - QUESTIONED
~ See the last page of exhibit for explanation

Exhibit C    Page 10 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | INVOICE NUMBER | ENTRY HOURS | HOURS | FEES | TASK HOURS ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Whiteway, A | | NUMBER OF ENTRIES:    33 | | 100.40 | 75,300.00 | | |
| | TOTAL OF ALL ENTRIES | | | 164.70 | $105,484.00 | | |
| | TOTAL ENTRY COUNT: | 70 | | | | | |
| | TOTAL TASK COUNT: | 138 | | | | | |
| | TOTAL OF & ENTRIES | | | 93.50 | $56,625.00 | | |
| | TOTAL ENTRY COUNT: | 47 | | | | | |
| | TOTAL TASK COUNT: | 74 | | | | | |

Exhibit C   Page 11 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
## TIME INCREMENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 40.60 | 23,548.00 |
| Isaac, J | 23.70 | 6,636.00 |
| Whiteway, A | 100.40 | 75,300.00 |
| | 164.70 | $105,484.00 |

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
## TIME INCREMENTS - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 25.50 | 14,790.00 |
| Isaac, J | 19.50 | 5,460.00 |
| Whiteway, A | 48.50 | 36,375.00 |
| | 93.50 | $56,625.00 |

Exhibit C   Page 12 of 13

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY MATTER FOR

TIME INCREMENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 127.20 | 89,008.00 |
| Corporate/Credit Agreement/PHONES | 5.50 | 4,125.00 |
| ESOP | 9.40 | 2,632.00 |
| Newsday | 8.30 | 5,715.00 |
| Welfare Plans | 14.30 | 4,004.00 |
| | 164.70 | $105,484.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

TIME INCREMENTS - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 63.50 | 43,800.00 |
| Corporate/Credit Agreement/PHONES | 5.50 | 4,125.00 |
| ESOP | 6.00 | 1,680.00 |
| Newsday | 5.00 | 3,240.00 |
| Welfare Plans | 13.50 | 3,780.00 |
| | 93.50 | $56,625.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

Exhibit C   Page 13 of 13

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $915.00 | $915.00 | 84.00 | $76,860.00 |
| 0343 | Whiteway, Andrea M. | PARTNER | $750.00 | $750.00 | 100.40 | $75,300.00 |
| 803 | Compernolle, Paul J. | PARTNER | $715.00 | $715.00 | 49.30 | $35,249.50 |
| 0344 | Finkelstein, Jon G. | PARTNER | $580.00 | $580.00 | 40.60 | $23,548.00 |
| 7142 | Gordon, Amy M. | PARTNER | $610.00 | $610.00 | 31.60 | $19,276.00 |
| 6673 | Levine, Philip J. | PARTNER | $835.00 | $835.00 | 21.90 | $18,286.50 |
| 2810 | Merten, William W. | PARTNER | $715.00 | $715.00 | 21.00 | $15,015.00 |
| 1086 | Wilder, Michael J. | PARTNER | $690.00 | $690.00 | 19.10 | $13,179.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $715.00 | $715.00 | 17.60 | $12,584.00 |
| 7799 | Ravert, Gary O. | PARTNER | $585.00 | $585.00 | 20.40 | $11,934.00 |
| 9903 | Fernando, Raymond M. | PARTNER | $570.00 | $570.00 | 2.00 | $1,140.00 |
| 5642 | Graham, Michael T. | PARTNER | $565.00 | $565.00 | 2.00 | $1,130.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $690.00 | $690.00 | 0.80 | $552.00 |
| 1521 | Nash, Susan M. | PARTNER | $690.00 | $690.00 | 0.70 | $483.00 |
| 751 | Zucker, Daniel N. | PARTNER | $795.00 | $795.00 | 0.30 | $238.50 |
| 1444 | Simonsen, Karen A. | PARTNER | $715.00 | $715.00 | 0.30 | $214.50 |
| 298 | Schreck Jr., Robert A. | PARTNER | $695.00 | $695.00 | 0.30 | $208.50 |

No. of Billers for Position: 17    Blended Rate for Position: $740.23    412.30    $305,198.50

% of Total: 70.17%    % of Total: 84.16%

| 2816 | Granados III, Luis L. | COUNSEL | $630.00 | $630.00 | 3.60 | $2,268.00 |
| 62 | Quinlan Jr., William J. | COUNSEL | $695.00 | $695.00 | 0.30 | $208.50 |

No. of Billers for Position: 2    Blended Rate for Position: $635.00    3.90    $2,476.50

% of Total: 0.66%    % of Total: 0.68%

| 0024 | Zajac, Jared D. | ASSOCIATE | $305.00 | $325.00 | 52.80 | $16,746.00 |
| 0109 | Chan, Gale E. | ASSOCIATE | $320.00 | $320.00 | 44.30 | $14,176.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $320.00 | $320.00 | 35.70 | $11,424.00 |
| 9935 | Isaac, James G. | ASSOCIATE | $280.00 | $280.00 | 23.70 | $6,636.00 |
| 6832 | Holdvogt, Jeffrey M. | ASSOCIATE | $420.00 | $420.00 | 10.20 | $4,284.00 |
| 8466 | Fuchs, Daniel S. | ASSOCIATE | $315.00 | $315.00 | 1.60 | $504.00 |

EXHIBIT D

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 6 | Blended Rate for Position: | $319.49 | | 168.30 | $53,770.00 |
| | | | | % of Total: | 28.64% | % of Total: 14.83% |
| 8935 | Senecoff, Dan | EMPL BENEFITS | $605.00 | $605.00 | 0.80 | $484.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $605.00 | | 0.80 | $484.00 |
| | | | | % of Total: | 0.14% | % of Total: 0.13% |
| 2334 | Schafman, Beverly | PROF/CORP PROF | $325.00 | $325.00 | 1.00 | $325.00 |
| 6547 | Watts, J. | PROF/CORP PROF | $325.00 | $325.00 | 1.00 | $325.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $325.00 | | 2.00 | $650.00 |
| | | | | % of Total: | 0.34% | % of Total: 0.18% |
| 7494 | Troyan, Brian C. | LIBRARY CLERK | $150.00 | $150.00 | 0.30 | $45.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $150.00 | | 0.30 | $45.00 |
| | | | | % of Total: | 0.05% | % of Total: 0.01% |
| | Total No. of Billers: 29 | Blended Rate for Report: | $617.13 | | 587.60 | $362,624.00 |

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
| --- | --- | --- |
| Ravert, G | 14.10 | 8,248.50 |
| Rubin, B | 4.90 | 4,483.50 |
| Zajac, J | 38.70 | 12,163.50 |
| | 57.70 | $24,895.50 |

| MATTER NAME | HOURS | FEES |
| --- | --- | --- |
| Chapter 11 Restructuring | 57.70 | 24,895.50 |
| | 57.70 | $24,895.50 |

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 09/01/09 Tue | Ravert, G 2058215/69 | 1.10 | 1.10 | 643.50 | 0.60 0.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring PREPARE AND PARTICIPATE IN TELEPHONE CONFERENCE WITH J. ZAJAC TO DISCUSS EXAMINER'S REPORT (.6); REVIEW DRAFT SUMMARY OF COMMENTS FOR B. RUBIN (.5). |
| 09/01/09 Tue | Rubin, B 2058215/70 | 0.50 | 0.50 | 457.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND ANALYZE FEE EXAMINER REPORT. |
| 09/01/09 Tue | Zajac, J 2058215/68 | 2.00 | 2.00 | 610.00 | 0.30 0.20 1.50 | F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW PRELIMINARY REPORT OF FEE EXAMINER (.3); MEETING WITH G. RAVERT REGARDING SAME (.2); DRAFT AND REVISE OUTLINE OF RESPONSE FOR G. RAVERT AND B. RUBIN (1.5). |
| 09/02/09 Wed | Ravert, G 2058215/71 | 1.00 | 1.00 | 585.00 | 0.70 0.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring PREPARE AND PARTICIPATE IN TELEPHONE CONFERENCE WITH B. RUBIN AND J. ZAJAC TO DISCUSS RESPONSE TO EXAMINER'S PRELIMINARY REPORT (.7); FOLLOW-UP CONFERENCE WITH J. ZAJAC REGARDING DRAFTING RESPONSE THERETO (.3). |
| 09/02/09 Wed | Zajac, J 2058215/72 | 0.90 | 0.90 | 274.50 | 0.40 0.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring CALL WITH B. RUBIN AND G. RAVERT REGARDING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.4); PREPARE FOR AND MEETING WITH G. RAVERT REGARDING OUTLINING RESPONSES AND ARGUMENTS (.5). |
| 09/09/09 Wed | Ravert, G 2058215/73 | 0.80 | 0.80 | 468.00 | 0.20 0.30 0.20 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring PREPARE AND PARTICIPATE IN OFFICE CONFERENCE WITH J. ZAJAC REGARDING EXAMINER'S PRELIMINARY REPORT AND RESPONSE THERETO AND MAY FEE STATEMENTS (.2); EMAIL B. RUBIN REGARDING CALL WITH EXAMINER (.3); COMMUNICATIONS WITH L. COOPER REGARDING CONFERENCE CALL TO DISCUSS PRELIMINARY REPORT (.2); FOLLOW-UP COMMUNICATIONS WITH B. RUBIN AND L. COOPER REGARDING SAME (.1). |
| 09/09/09 Wed | Zajac, J 2058215/74 | 1.50 | 1.50 | 457.50 | 1.00 0.10 0.40 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW AUGUST PREBILLS FOR MATTERS 0041, 0047, 0500, 0502, 0504, 0507, 0515 (1.0); MEETING WITH G. RAVERT REGARDING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.1); COMMUNICATIONS WITH M. SIMONS REGARDING DATES FOR EXPENSES (.4). |
| 09/10/09 Thu | Ravert, G 2058215/75 | 0.40 | 0.40 | 234.00 | 0.10 0.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH M. SIMONS REGARDING MAY TIME (.1); TELEPHONE CONFERENCE WITH B. RUBIN, L. COOPER AND J. ZAJAC REGARDING EXAMINER'S PRELIMINARY REPORT AND RELATED COMMUNICATIONS RESCHEDULING CALL (.3). |
| 09/10/09 Thu | Zajac, J 2058215/76 | 0.50 | 0.50 | 152.50 | 0.10 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW EMAILS FROM M. SIMONS REGARDING MAY TIME (.1); REVISE MAY AND QUARTERLY FEE APPLICATION REGARDING SAME (.4). |
| 09/11/09 Fri | Ravert, G 2058215/77 | 1.20 | 1.20 | 702.00 | 0.10 0.60 0.20 0.30 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring PREPARE FOR MEETING WITH L. COOPER OF FEE EXAMINER (.1); TELEPHONE CALL WITH B. RUBIN, J. ZAJAC AND L. COOPER REGARDING PRELIMINARY FEE REPORT (.6); POST CALL CONFERENCE WITH J. ZAJAC REGARDING DRAFTING A RESPONSE (.2); REVIEW AUGUST FEE STATEMENTS (.3). |

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/11/09 Fri | Rubin, B 2058215/79 | 1.20 | 1.20 | 1,098.00 | | F | 1 | MATTER NAME: *Chapter 11 Restructuring*<br>PREPARATION FOR AND CONFERENCE CALL WITH STUART MAUE REGARDING PRELIMINARY FEE REPORT. |
| 09/11/09 Fri | Zajac, J 2058215/78 | 1.00 | 1.00 | 305.00 | 0.60<br>0.40 | F<br>F | 1<br>2 | MATTER NAME: *Chapter 11 Restructuring*<br>PREPARE FOR AND CALL WITH G. RAVERT AND FEE EXAMINER REGARDING RESPONSE TO PRELIMINARY REPORT (.6):<br>BEGIN DRAFTING RESPONSE TO SAME (.4). |
| 09/14/09 Mon | Zajac, J 2058215/80 | 0.20 | 0.20 | 61.00 | | F | 1 | MATTER NAME: *Chapter 11 Restructuring*<br>EMAILS TO M. SIMONS REGARDING AUGUST PREBILLS. |
| 09/22/09 Tue | Zajac, J 2058215/88 | 0.50 | 0.50 | 152.50 | | F | 1 | MATTER NAME: *Chapter 11 Restructuring*<br>DRAFT RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT. |
| 09/23/09 Wed | Ravert, G 2058215/92 | 1.10 | 1.10 | 643.50 | 0.40<br>0.50<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: *Chapter 11 Restructuring*<br>REVIEW AND EDIT COMMUNICATION TO FEE EXAMINER (.4):<br>REVIEW AND EDIT SECOND QUARTERLY FEE APPLICATION (.5):<br>OFFICE CONFERENCE WITH J. ZAJAC REGARDING SAME (.2) |
| 09/23/09 Wed | Zajac, J 2058215/91 | 4.00 | 4.00 | 1,220.00 | 1.50<br>2.50 | F<br>F | 1<br>2 | MATTER NAME: *Chapter 11 Restructuring*<br>REVISIONS TO SECOND QUARTERLY FEE APPLICATION (1.5):<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER REPORT (2.5). |
| 09/24/09 Thu | Zajac, J 2058215/93 | 1.00 | 1.00 | 305.00 | | F | 1 | MATTER NAME: *Chapter 11 Restructuring*<br>REVIEW RESEARCH EXPENSES ON QUARTERLY FEE APPLICATION. |
| 09/25/09 Fri | Ravert, G 2058215/96 | 0.50 | 0.50 | 292.50 | 0.40<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: *Chapter 11 Restructuring*<br>COMMUNICATIONS WITH J. ZAJAC REGARDING FINALIZING RESPONSE TO EXAMINER AND SECOND QUARTERLY FEE APP (.4)<br>COMMUNICATIONS WITH B. RUBIN REGARDING SAME (.1). |
| 09/25/09 Fri | Zajac, J 2058215/95 | 5.00 | 5.00 | 1,525.00 | 2.50<br>2.50 | F<br>F | 1<br>2 | MATTER NAME: *Chapter 11 Restructuring*<br>DRAFT JUNE FEE STATEMENT (2.5):<br>DRAFT JULY FEE STATEMENT (2.5). |
| 09/28/09 Mon | Ravert, G 2058215/99 | 0.20 | 0.20 | 117.00 | | F | 1 | MATTER NAME: *Chapter 11 Restructuring*<br>COMMUNICATIONS WITH J. ZAJAC REGARDING SEPTEMBER AND AUGUST BILLS AND RELATED MATTERS (.2). |
| 09/28/09 Mon | Rubin, B 2058215/100 | 0.90 | 0.90 | 823.50 | 0.70<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: *Chapter 11 Restructuring*<br>REVIEW AND EDIT RESPONSE TO FEE EXAMINER (.7):<br>CONFERENCE CALL WITH MR. RAVERT REGARDING RESPONSE AND EXPENSE REIMBURSEMENT ISSUES (.2). |
| 09/28/09 Mon | Zajac, J 2058215/98 | 1.10 | 1.10 | 335.50 | 0.30<br>0.10<br>0.30<br>0.30<br>0.10 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: *Chapter 11 Restructuring*<br>REVISIONS TO RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT AND SECOND QUARTERLY FEE APPLICATION (.3):<br>EMAIL TO B. RUBIN REGARDING SAME (.1):<br>REVIEW AUGUST FINALIZED BILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.3):<br>REVIEW EXPENSE REPORTS FOR G.RAVERT (.3):<br>COMMUNICATIONS WITH M. SIMONS REGARDING MAY FEE STATEMENT (.1). |

~ See the last page of exhibit for explanation

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 09/29/09 Tue | Zajac, J 2058215/102 | 1.00 | 1.00 | 305.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AUGUST FEE STATEMENT. |
| 09/30/09 Wed | Ravert, G 2058215/103 | 0.20 | 0.20 | 117.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH B. RUBIN REGARDING EXAMINER RESPONSE (.2). |
| 09/30/09 Wed | Ravert, G 2058215/104 | 0.40 | 0.40 | 234.00 | 0.20<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FINAL AND REVISE RESPONSE OF MCDERMOTT TO EXAMINER FEE APPLICATION COMMENTS (.2);<br>EMAIL L. COOPER REGARDING SAME (.2). |
| 09/30/09 Wed | Zajac, J 2058215/105 | 2.00 | 2.00 | 610.00 | 0.50<br>0.10<br>0.20<br>0.20<br>0.20<br>0.80 | F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AUGUST FEE STATEMENT (.5);<br>REVIEW EMAILS FROM G. RAVERT REGARDING EXPENSES (.1);<br>REVISE RESPONSE TO FEE EXAMINER (.2);<br>CORRESPONDENCES WITH M. SIMONS REGARDING REVISIONS TO MAY INVOICES (.2);<br>REVIEW APRIL AND MAY INVOICES FOR EXPENSE TOTALS (.2);<br>REVISE MAY FEE STATEMENT (.8). |
| 10/01/09 Thu | Ravert, G 2068587/84 | 0.10 | 0.10 | 58.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH S. SCHWENDEMAN REGARDING EXAMINER COMMUNICATIONS GOING FORWARD. |
| 10/01/09 Thu | Zajac, J 2068587/83 | 1.30 | 1.30 | 422.50 | 0.30<br>0.90<br>0.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVISIONS TO RESPONSE TO PRELIMINARY REPORT (.30);<br>REVISIONS TO MAY AND SECOND QUARTERLY FEE APPLICATIONS (.90);<br>PREPARE LEDES FILES FOR FILING MAY FEE STATEMENT (.10). |
| 10/02/09 Fri | Ravert, G 2068587/87 | 0.70 | 0.30 | 175.50 | 0.40<br>0.30 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT DETAIL RESPONSE TO FEE INQUIRY OF V. GARLATI OF TRIBUNE (.4);<br>OFFICE CONFERENCE WITH J. ZAJAC REGARDING MAY FEE STATEMENT AND SECOND QUARTERLY APPLICATION (.3). |
| 10/02/09 Fri | Zajac, J 2068587/86 | 0.50 | 0.50 | 162.50 | 0.30<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW ALL INVOICES FOR FEE TOTAL IN RESPONSE TO DEBTORS' INQUIRE REGARDING TOTALS (.3);<br>COMMUNICATIONS WITH G. RAVERT REGARDING SAME (.2). |
| 10/07/09 Wed | Ravert, G 2068587/94 | 0.50 | 0.50 | 292.50 | 0.20<br>0.10<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>OFFICE CONFERENCE WITH J. ZAJAC REGARDING OBJECTION DEADLINE (.2);<br>OFFICE CONFERENCE WITH J. ZAJAC REGARDING MAY FEE STATEMENT (.1);<br>COMMUNICATIONS WITH B. RUBIN REGARDING SAME (.2). |
| 10/07/09 Wed | Zajac, J 2068587/95 | 0.70 | 0.70 | 227.50 | 0.20<br>0.10<br>0.30<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS TO B. RUBIN REGARDING EXECUTING MAY FEE STATEMENT (.2);<br>REVIEW SECOND QUARTERLY FEE STATEMENT FOR EXECUTION (.1);<br>PREPARE MAY FEE STATEMENT AND EXHIBITS AND EMAIL TO K. STICKLES FOR FILING (.3);<br>CALL WITH LOCAL COUNSEL REGARDING OBJECTION DEADLINE (.1). |

~ See the last page of exhibit for explanation

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/08/09 Thu | Zajac, J 2068587/97 | 0.30 | 0.30 | 97.50 | 0.10 0.10 0.10 | F F F | 1 2 3 | *MATTER NAME: Chapter 11 Restructuring* EMAIL MAY FEE STATEMENT TO LOCAL COUNSEL (.1): REVISE QUARTERLY APPLICATION WITH UPDATED DOCKET NUMBERS (.1): CALL WITH LOCAL COUNSEL REGARDING OBJECTION DEADLINE (.1). |
| 10/09/09 Fri | Zajac, J 2068587/98 | 0.20 | 0.20 | 65.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* PREPARE AND EMAIL SECOND QUARTERLY FEE APPLICATION TO LOCAL COUNSEL. |
| 10/12/09 Mon | Zajac, J 2068587/99 | 2.10 | 1.80 | 585.00 | 1.10 0.10 0.30 0.20 0.10 0.10 0.10 0.10 | F F F F F F F F | 1 2 3 4 5 6 7 8 | *MATTER NAME: Chapter 11 Restructuring* REVIEW SEPTEMBER BILLS FOR MATTERS 41,42,47,500,505,507, AND 515 FOR COMPLIANCE WITH BANKRUPTCY RULES (1.1): EMAIL TO M. SIMONS REGARDING SAME (.1): REVIEW EXPENSES FOR JUNE THROUGH AUGUST (.3): EMAILS TO M. SIMONS REGARDING SAME (.2): CALL WITH J. ISAAC REGARDING DISCLOSURE INFORMATION (.1): CALL WITH C. VAN DYKE REGARDING SAME (.1): CALL WITH M. ELTAKI REGARDING SAME (.1): EMAIL TO M. SIMONS REGARDING BILLING RATES (.1). |
| 10/15/09 Thu | Ravert, G 2068587/105 | 0.90 | 0.80 | 468.00 | 0.50 0.30 0.10 | F F F | 1 2 3 | *MATTER NAME: Chapter 11 Restructuring* TELEPHONE CALL WITH B. KRAKAUER, K. KANSA, B. RUBIN, A. WHITEWAY AND J. ZAJAC REGARDING HEARING ON CUBS SALE, SECTION 329 STATEMENT AND RELATED MATTERS (.5): OFFICE CONFERENCE WITH J. ZAJAC REGARDING SECTION 329 STATEMENT (.3): COMMUNICATIONS WITH K. KANSA AND B. KRAKAUER REGARDING TRANSCRIPT (.1). |
| 10/15/09 Thu | Zajac, J 2068587/106 | 0.80 | 0.80 | 260.00 | 0.50 0.30 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* CALL WITH B. KRAKAUER, K. KANSA, B. RUBIN, A. WHITEWAY, AND G. RAVERT REGARDING CUBS SALE, SECTION 329 STATEMENT AND OTHER RELATED MATTERS (.5): OFFICE CONFERENCE WITH G. RAVERT REGARDING DRAFTING 329 STATEMENT (.30). |
| 10/19/09 Mon | Zajac, J 2068587/113 | 0.20 | 0.20 | 65.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAILS WITH SMJJ REGARDING LEDES FORMAT VERSIONS OF MAY FEE STATEMENT AND PREPARE AND SEND LEDES FORMAT VERSIONS OF SAME. |
| 10/22/09 Thu | Zajac, J 2068587/123 | 1.50 | 1.30 | 422.50 | 1.00 0.10 0.10 0.10 0.20 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Chapter 11 Restructuring* REVISE JUNE, JULY AND AUGUST FEE STATEMENTS (1.0): EMAIL WITH M. SIMONS REGARDING EXPENSE REPORTS (.1): CALL WITH E. BOND REGARDING DISCLOSURES (.1): CALL WITH R. ALMAGAUER REGARDING SAME (.1): EMAILS TO B. RUBIN REGARDING FEE STATEMENTS AND FINALIZED INVOICES (.2). |
| 10/29/09 Thu | Zajac, J 2068587/141 | 2.40 | 1.40 | 455.00 | 0.20 0.80 0.50 0.40 0.50 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Chapter 11 Restructuring* MEETING WITH G. RAVERT REGARDING CONFLICTS LIST (.2): UPDATE DISCLOSURE REGARDING CONFLICTS CHECK (.8): REVISIONS TO JUNE FEE STATEMENT (.5): REVISIONS TO JULY FEE STATEMENT (.4): REVISIONS TO AUGUST FEE STATEMENT (.5). |

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/02/09 Mon | Ravert, G 2076400/25 | 1.20 | 0.80 | 468.00 | 0.40 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW 10-15-09 HEARING TRANSCRIPT (.4); |
| | | | | | 0.30 | F | 2 | REVIEW AND REVISE 329 DISCLOSURE (.3); |
| | | | | | 0.30 | F | 3 | DISCUSS SAME WITH J. ZAJAC (.3); |
| | | | | | 0.20 | F | 4 | TELEPHONE CONFERENCE WITH B. RUBIN REGARDING SAME (.2) |
| 11/02/09 Mon | Zajac, J 2076400/26 | 1.00 | 1.00 | 325.00 | 0.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW HEARING TRANSCRIPT OF CUBS TRANSACTION REGARDING DISCLOSURE OF PAYMENTS RECEIVED (.2); |
| | | | | | 0.10 | F | 2 | PREPARE FINALIZED DECLARATION TO B. RUBIN FOR EXECUTION (.1); |
| | | | | | 0.20 | F | 3 | REVISE JUNE FEE STATEMENT (.20); |
| | | | | | 0.10 | F | 4 | EMAIL SAME TO B. RUBIN (.1); |
| | | | | | 0.20 | F | 5 | REVISE JULY FEE STATEMENT AND SEND TO B. RUBIN (.2); |
| | | | | | 0.20 | F | 6 | REVISE AUGUST FEE STATEMENT AND SEND TO B. RUBIN (.2). |
| 11/06/09 Fri | Ravert, G 2076400/37 | 0.40 | 0.40 | 234.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH J. ZAJAC REGARDING MAY THROUGH AUGUST FEE STATEMENTS AND CASE STATUS. |
| 11/10/09 Tue | Ravert, G 2076400/43 | 0.30 | 0.30 | 175.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH J. ZAJAC REGARDING FEE STATEMENTS. |
| 11/10/09 Tue | Rubin, B 2076400/44 | 1.00 | 1.00 | 915.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT FEE FILINGS AND STATEMENTS. |
| 11/10/09 Tue | Zajac, J 2076400/42 | 1.50 | 1.50 | 487.50 | 0.50 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVISE JULY AND AUGUST FEE STATEMENTS (.5); |
| | | | | | 0.20 | F | 2 | EMAILS WITH M. SIMONS REGARDING FINALIZING JUNE, JULY, AND AUGUST INVOICES (.2); |
| | | | | | 0.20 | F | 3 | EMAILS WITH B. RUBIN REGARDING FEE STATEMENTS AND CERTIFICATES OF NO OBJECTION (.2); |
| | | | | | 0.10 | F | 4 | MEETING WITH G. RAVERT REGARDING SAME (.1); |
| | | | | | 0.50 | F | 5 | PREPARE INVOICES FOR FILING FEE STATEMENTS (.5). |
| 11/11/09 Wed | Ravert, G 2076400/45 | 0.50 | 0.40 | 234.00 | 0.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>OFFICE CONFERENCE WITH J. ZAJAC REGARDING EXAMINER'S COMMENTS TO FEE APPLICATION (.2); |
| | | | | | 0.10 | F | 2 | REVIEW EMAILS REGARDING SAME (.1); |
| | | | | | 0.10 | F | 3 | DRAFT EMAIL TO B. RUBIN REGARDING SECOND QUARTERLY FEE APP. (.1); |
| | | | | | 0.10 | F | 4 | ADDITIONAL COMMUNICATIONS WITH P. COMPERNOLLE AND B. RUBIN REGARDING RECENT TRIBUNE ORDER SERVED ON MCDERMOTT (.1). |
| 11/11/09 Wed | Rubin, B 2076400/46 | 2.00 | 0.80 | 732.00 | 0.80 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND COMMENT ON FEE APPLICATION DOCUMENTS (.8); |
| | | | | | 1.20 | F | 2 | ANALYSIS REGARDING ESTIMATE OF BIFURCATED CLOSING BENEFITS (1.2). |
| 11/12/09 Thu | Ravert, G 2076400/47 | 0.30 | 0.30 | 175.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH B. RUBIN AND J. ZAJAC REGARDING EXAMINER'S REQUESTS REGARDING FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/12/09 Thu | Zajac, J 2076400/48 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS WITH G. RAVERT AND B. RUBIN REGARDING FEE STATEMENTS. |
| 11/13/09 Fri | Rubin, B 2076400/53 | 2.60 | 0.50 | 457.50 | 0.50 0.80 1.30 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND FINALIZE FEE STATEMENT FILINGS (.5);<br>RESPOND TO CREDITOR QUESTION REGARDING BASIS REDUCTION ISSUES (.8);<br>RESEARCH AND ANALYSIS REGARDING QUANTIFICATION OF BENEFIT OF BIFURCATED EMERGENCE STRUCTURE (1.3). |
| 11/13/09 Fri | Zajac, J 2076400/51 | 1.40 | 1.40 | 455.00 | 0.40 0.70 0.10 0.20 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring<br>REVISIONS TO FEE STATEMENTS (.4);<br>REVIEW OCTOBER PREBILLS FOR MATTERS 0040, 0041, 0046, 0047, 0515, 0502, 0504, 0506 AND 0507 REGARDING COMPLIANCE WITH BANKRUPTCY RULES (.7);<br>EMAILS WITH B. RUBIN REGARDING EXECUTING FEE STATEMENTS (.1);<br>EMAILS WITH LOCAL COUNSEL REGARDING FILING FEE STATEMENTS (.2). |
| 11/16/09 Mon | Ravert, G 2076400/55 | 1.40 | 1.40 | 819.00 | 0.30 0.80 0.30 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH J. ZAJAC AND B. RUBIN REGARDING UPCOMING FEE HEARING (.3);<br>REVIEW FEE EXAMINER'S FINAL REPORT (.8);<br>DRAFT EMAIL TO B. RUBIN REGARDING PROPOSED RESPONSE TO SAME (.3). |
| 11/16/09 Mon | Zajac, J 2076400/54 | 1.00 | 1.00 | 325.00 | 0.40 0.40 0.10 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS FOR OCTOBER TO ENSURE THEY COMPLY WITH THE BANKRUPTCY RULES (.4);<br>REVIEW FINAL FEE EXAMINERS REPORT (.4);<br>MEETING WITH G. RAVERT REGARDING SAME (.1);<br>EMAILS WITH B. RUBIN AND G. RAVERT REGARDING SAME (.1). |
| 11/18/09 Wed | Zajac, J 2076400/64 | 0.50 | 0.50 | 162.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>PREPARE LEDES FILES FOR FEE EXAMINER AND EMAIL SAME. |
| 11/19/09 Thu | Zajac, J 2076400/69 | 1.50 | 1.50 | 487.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT FEE STATEMENT FOR SEPTEMBER. |
| 11/24/09 Tue | Ravert, G 2076400/91 | 0.50 | 0.50 | 292.50 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH M. SIMONS AND J. ZAJAC REGARDING OCTOBER BILLS (.3);<br>REVIEW SAME (.2). |
| 11/24/09 Tue | Zajac, J 2076400/90 | 0.80 | 0.80 | 260.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS FOR CUBS MATTER 0015. |
| 11/25/09 Wed | Zajac, J 2076400/97 | 1.60 | 1.60 | 520.00 | 1.30 0.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS FOR CUBS MATTERS 0015 AND 0016 TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.30);<br>REVIEW EXPENSES FOR PRIOR OCTOBER MATTERS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.30). |

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| 11/30/09 | Ravert, G | 1.40 | 1.40 | 819.00 | 0.30 | F | 1 | DISCUSS STATUS OF PENDING APPLICATIONS AND OBJECTION DEADLINES WITH J. ZAJAC (.3); |
| Mon | 2076400/103 | | | | 0.40 | F | 2 | REVIEW AND REVISE SEPTEMBER MONTHLY FEE STATEMENT AND DISCUSS CHANGES WITH J. ZAJAC (.4); |
| | | | | | 0.70 | F | 3 | REVIEW AND REVISE THIRD QUARTERLY FEE APPLICATION AND DISCUSS CHANGES WITH J. ZAJAC (.7); |
| Total | | | 57.70 | $24,895.50 | | | | |
| Number of Entries: | 60 | | | | | | | |

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Ravert, G | 14.10 | 8,248.50 |
| Rubin, B | 4.90 | 4,483.50 |
| Zajac, J | 38.70 | 12,163.50 |
| | 57.70 | $24,895.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 57.70 | 24,895.50 |
| | 57.70 | $24,895.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL