## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIFTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifth Quarterly Fee Application of McDermott Will & Emery LLP* [Docket No. 4907] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $819,588.00 and reimbursement of expenses that total $1,776.95 for the period from December 1, 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

through February 28, 2010.  McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

<u>**Background**</u>

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**").  By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of

-2-

Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment.  The firm submitted a written response to the Fee Examiner.   After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $97.00, resulting in an apparent overcharge.  The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole as displayed in **Exhibit A** to the Preliminary Report.

The Fee Examiner further determined that there is a discrepancy of $0.03 between the Expenses Requested and the Expenses Computed.  The expense detail provided totals $1,776.92; however, the firm requested expenses totaling $1,776.95.   The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

In response to the Preliminary Report, McDermott agreed with the Fee Examiner's calculations and accordingly to a voluntary fee reduction of $97.00 (displayed in the attached

Exhibit A[2]) and a $0.03 expense reduction.  As McDermott has already been reimbursed for the expenses requested in the Fee Application, the firm will apply the expense reduction to the next monthly fee statement.

10.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified block billed billing entries totaling 20.70 hours with associated fees of $13,478.00 and provided the entries to the firm in **Exhibit B** to the Preliminary Report.  The Fee Examiner invited comment from McDermott regarding the practice of block billing.

In response to the Preliminary Report, the firm asserted that all timekeepers are aware of their obligations under the UST Guidelines, and further stated that as there is always room for improvement McDermott will make every effort to do so.  The firm accurately noted past compliance and that the block billed entries account for less than 2% of the overall hours and fees; for those reasons along with the firm's acknowledgment of the issue the Fee Examiner makes no recommendation for a fee reduction.  Exhibit B is omitted from this report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

hour." *UST Guidelines ¶(b)(4)(v)*.    One McDermott timekeeper recorded billing entries with time

increments of whole or half hours with a higher than expected frequency.    Specifically, Jon

G. Finkelstein utilized whole or half hour increments in 47 out of 75 total tasks (63%).    **Exhibit C** to

the Preliminary Report displayed timekeeper's billing entries with the time entries recorded in whole or

half hour increments marked with an ampersand [&] in the exhibit.    Statistically, the number of whole

or half hour entries is extremely unlikely and therefore suggests that the time entries were not

contemporaneously recorded and are not accurate.

       In response to the Preliminary Report, McDermott explained the firm's time submission

policy and the intent of the policy to ensure the accuracy of the time billed.    McDermott stated that the

firm confirmed the timekeeper in question adhered to the firm policy and therefore asserted that the

time was kept contemporaneously.    The additional information and assertions made by the firm are

helpful, but the firm's responses did not address or explain the statistically large percentage of half or

full hour time increments displayed in the attached Exhibit C.    As noted in regard to the firm's prior

interim fee application, the Fee Examiner intends to track the time increment issue over the course of

the Tribune cases and may make a recommendation for a fee reduction if warranted based upon the full

data set.    No recommendation for a fee reduction is made at this time.

### Review of Fees

    12.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the

"[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an]

explanation of any changes in hourly rates from those previously charged, and [a] statement of whether

the compensation is based on the customary compensation charged by comparably skilled practitioners

in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.    The Fee Application provided the

names, positions, and hourly rates of the 39 McDermott professionals and paraprofessionals who billed

to this matter, consisting of 27 partners, 2 counsel, 8 associates, 1 Employee Benefits Professional

Advisor, and 1 Corporate Advisory Professional.   A summary of hours and fees billed by each

timekeeper is displayed in **Exhibit D.**

The firm billed a total of 1,375.30 hours with associated fees of $819,491.00.[4]   The

following table displays the hours and fees computed by timekeeper position and the percentage of total

hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 934.70 | 68% | $677,145.50 | 83% |
| Counsel | 3.10 | * | 2,055.50 | * |
| Associate | 434.60 | 32% | 139,135.50 | 17% |
| Employee Benefits | 1.30 | * | 786.50 | * |
| Corporate Advisory | 1.60 | * | 368.00 | * |
| TOTAL | 1,375.30 | 100% | $819,491.00 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $595.86.

13.    **Hourly Rate Increases.**  McDermott did not increase the hourly rate of any timekeeper

during this interim period.

14.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or

unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed

the billing entries of each timekeeper to evaluate his or her contribution to the representation, including

a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team

responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or

fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner

requested additional information regarding the necessity and scope of the roles performed by several

McDermott timekeepers.   **Exhibit E** to the Preliminary Report displayed the 13.60 hours with

associated fees of $8,419.00 and the related entries.

In response, McDermott provided the Fee Examiner with a paragraph of text for each

of the individuals in question.   The firm explained the position and role of each timekeeper and

provided additional information and context regarding the task(s) performed by each individual.  After

---

[4] This figure reflects the Fees Computed.

review of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 46.60 hours with $34,096.00 in associated fees, were provided to the firm in **Exhibit F** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 27.50 hours with $17,044.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

McDermott responded to the Preliminary Report by providing the Fee Examiner with a lengthy and detailed explanation of the various conferences.  The firm explained the nature and purpose of each meeting as well as the role and contribution of each firm timekeeper in attendance.  The

additional information brings the Fee Application into compliance with the Local Rules and UST Guidelines, and after review of same the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

16.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 139.93 hours with $84,496.33 in associated fees, or approximately 10% of the Fees Computed, as displayed in **Exhibit G** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel total 48.10 hours with $24,606.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner expressed concerned over this level of intraoffice conferencing, especially in light of the partner-heavy hours invoiced during the interim period, and invited comment from McDermott.

McDermott responded to the Preliminary Report with the same explanation provided in response to the preliminary report for the firm's prior interim fee application.  The Fee Examiner remains concerned that 10% or more of McDermott's fees consistently result from intrafirm communication, a higher figure than other law firms involved in this matter, and will track the costs through the Tribune cases and may make a recommendation for a fee reduction once all the firm data is complete.  At this time, the Fee Examiner makes no recommendation for a fee reduction and Exhibit G is omitted from this report.

17.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall

include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 28.70 hours with $19,150.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were provided to McDermott in **Exhibit H** to the Preliminary Report. The Fee Examiner invited comment from McDermott.

In response, McDermott provided additional description for each of the questioned fee entries in satisfaction of the Local Rules and UST Guidelines. After analysis of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H is omitted from this report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified two tasks describing the administrative function of reviewing and revising pre-bills and invoices. Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an administrative function. The entries were displayed in **Exhibit I** to the Preliminary Report and totaled 10.80 hours with $3,588.00 in fees.

In response, McDermott stated that while certain activities required legal knowledge and familiarity with the bankruptcy rules and procedures, the firm recognized that such work is partly

administrative in nature. The result of communication between McDermott and the Fee Examiner is a voluntary fee reduction in the amount of $1,794.00 (50% of the questioned fees). Exhibit I is omitted from this report.

19. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[5] The Fee Examiner did not identify any time entries describing clerical activities.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified three fee entries describing travel that may include some portion of nonworking travel time billed at the timekeeper's full hourly rate; the entries were provided to the firm in **Exhibit J** to the Preliminary Report. The Fee Examiner requested that McDermott review the entries and identify any nonworking travel time.

In response to the Preliminary Report, McDermott provided additional information regarding the two entries and confirmed that each contained time for nonworking travel. The result is a voluntary fee reduction in the amount of $656.50 calculated by reducing by 50% the hourly rate applied to the idle time spent in transit contained within the entries in the attached Exhibit J.

21. **McDermott Retention/Compensation.** McDermott billed 56.50 hours with associated fees of $25,081.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 3% of the Fees Computed. The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit K**, included in this Final Report for the Court's reference.

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

**Review of Expenses**

22.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.  The Fee Examiner found no non-compliant or objectionable expense items.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $817,040.50 ($819,588.00 minus $2,547.50) and reimbursement of expenses in the amount of $1,776.92 ($1,776.95 minus $0.03) for the period from December 1, 2009 through February 28, 2010.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
    W. Andrew Dalton
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

*Fee Examiner*

APPENDIX A

**MCDERMOTT WILL & EMERY LLP**

<u>**SUMMARY OF FINDINGS**</u>

<u>Fifth Quarterly Fee Application (December 1, 2009 through February 28, 2010)</u>

**A.**      <u>**Amounts Requested and Computed**</u>

| | | |
|---|---|---|
| Fees Requested | $819,588.00 | |
| Expenses Requested | 1,776.95 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $821,364.95 |
| | | |
| Fees Computed | $819,491.00 | |
| Expenses Computed | 1,776.92 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $821,267.92 |
| | | |
| Discrepancy in Fees | $    97.00 | |
| Discrepancy in Expenses | 0.03 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    97.03 |

**B.**      <u>**Recommended Fee Allowance and Expense Reimbursement**</u>

| | | |
|---|---|---|
| Fees Requested | $819,588.00 | |
| *Discrepancy in Fees* | | *($    97.00)* |
| *Agreed Reduction for Administrative Activities* | | *(1,794.00)* |
| *Agreed Reduction for Travel* | | *(656.50)* |
| Subtotal | | *($2,547.50)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $817,040.50 |
| | | |
| Expenses Requested | $1,776.95 | |
| *Discrepancy in Expenses* | | *($    0.03)* |
| Subtotal | | *($    0.03)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,776.92 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $818,817.42 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the ninth day of February, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC  20005-3096

W. Andrew Dalton

-15-

**EXHIBIT A**
**Discrepancy Schedule**
**McDermott, Will & Emery**

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 2096277 | 118 | Chan | 12/15/09 | $320.00 | 2.30 | 2.10 | $ 736.00 | $ 672.00 | 0.20 | $ 64.00 |
| 2105410 | 81 | Rubin | 02/02/10 | $915.00 | 4.20 | 4.10 | $ 3,843.00 | $ 3,751.50 | 0.10 | 91.50 |
| | | | | | | | | **Total Overcharges** | 0.30 | $ 155.50 |
| **Undercharges** | | | | | | | | | | |
| 2105410 | 179 | Ravert | 02/24/10 | $585.00 | 1.40 | 1.50 | $ 819.00 | $ 877.50 | (0.10) | $ (58.50) |
| | | | | | | | | **Total Undercharges** | (0.10) | $ (58.50) |
| | | | | | | | | **Net Total Discrepancy** | 0.20 | $ 97.00 |

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

TIME INCREMENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 83.90 | 48,662.00 |
| | 83.90 | $48,662.00 |

TIME INCREMENTS IN WHOLE OR HALF HOURS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 63.50 | 36,830.00 |
| | 63.50 | $36,830.00 |

Exhibit C   Page 1 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

## TIME INCREMENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 61.90 | 35,902.00 |
| Drews Litigation | 0.20 | 116.00 |
| Newsday | 5.70 | 3,306.00 |
| Perfect Market, Inc. | 13.60 | 7,888.00 |
| Post Closing Matters | 2.50 | 1,450.00 |
| | 83.90 | $48,662.00 |

## TIME INCREMENTS IN WHOLE OR HALF HOURS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.00 | 29,580.00 |
| Drews Litigation | 0.00 | 0.00 |
| Newsday | 3.00 | 1,740.00 |
| Perfect Market, Inc. | 7.00 | 4,060.00 |
| Post Closing Matters | 2.50 | 1,450.00 |
| | 63.50 | $36,830.00 |

Exhibit C   Page 2 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/01/09 Tue | Finkelstein, J 2096277/43 | 1.00 | 1.00 | 580.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> REVIEW FINANCIAL STATEMENTS. |
| 12/02/09 Wed | Finkelstein, J 2096277/51 | 3.10 | 3.10 | 1,798.00 | 0.80 | F | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> REVIEW AND ANALYSIS REGARDING SCHEDULES RECEIVED FROM TRIBUNE RELATED TO POA PLANNING (.8 HOURS): |
| | | | | | 0.80 | F | 2 | PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING POA PLANNING (.8 HOURS): |
| | | | | | 0.50 | F & | 3 | ANALYSIS REGARDING POA PLANNING (.5 HOURS): |
| | | | | | 1.00 | F & | 4 | REVIEW FINANCIAL STATEMENTS (1 HOUR). |
| 12/03/09 Thu | Finkelstein, J 2096277/58 | 1.00 | 1.00 | 580.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> REVIEW FINANCIAL STATEMENTS. |
| 12/04/09 Fri | Finkelstein, J 2096277/65 | 0.50 | 0.50 | 290.00 | 0.30 | F | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> REVIEW COMMENTS ON FINANCIAL STATEMENTS (.30) |
| | | | | | 0.20 | F | 2 | E-MAIL TO TRIBUNE REGARDING SAME (.20). |
| 12/08/09 Tue | Finkelstein, J 2096277/80 | 1.00 | 1.00 | 580.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> ANALYSIS AND CONFERENCE CALL WITH COUNSEL REGARDING REORGANIZATION PLANNING AND HEDGE TERMINATIONS. |
| 12/09/09 Wed | Finkelstein, J 2096277/89 | 1.30 | 1.30 | 754.00 | 1.00 | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING NEWSDAY STRUCTURE ISSUES AND DISCUSS WITH COUNSEL (1 HOUR): |
| | | | | | 0.30 | F | 2 | REVIEW CORRESPONDENCE REGARDING NEWSDAY LEASE (.3 HOURS). |
| 12/11/09 Fri | Finkelstein, J 2096277/103 | 2.00 | 2.00 | 1,160.00 | 1.00 | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> REVIEW CORRESPONDENCE REGARDING TERMINATED HEDGES AND FINANCIALS REGARDING SAME AND DRAFT CORRESPONDENCE (1 HOUR): |
| | | | | | 1.00 | F & | 2 | ANALYSIS REGARDING RESTRUCTURING NEWSDAY TRANSACTION (1 HOUR). |
| 12/14/09 Mon | Finkelstein, J 2087409/5 | 0.20 | 0.20 | 116.00 | | F | 1 | *MATTER NAME: Newsday* <br> REVIEW CORRESPONDENCE FROM B. RUBIN REGARDING NEWSDAY RESTRUCTURING. |
| 12/14/09 Mon | Finkelstein, J 2096277/113 | 0.50 | 0.50 | 290.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> E-MAIL CORRESPONDENCE REGARDING HEDGING TRANSACTIONS TO TRIBUNE. |
| 12/17/09 Thu | Finkelstein, J 2087409/10 | 1.00 | 1.00 | 580.00 | 0.20 | F | 1 | *MATTER NAME: Newsday* <br> ANALYSIS REGARDING NEWSDAY RESTRUCTURING (.20): |
| | | | | | 0.80 | F | 2 | PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING SAME (.80). |

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/06/10 Wed | Finkelstein, J 2096745/93 | 4.00 | 4.00 | 2,320.00 | 1.50 | F | 1 | *MATTER NAME: Newsday* REVIEW STRUCTURING MATERIALS FROM TRIBUNE (1.5 HOURS); |
| | | | | | 1.30 | F | 2 | DISCUSS STRUCTURING WITH BLAKE RUBIN AND ANDREA WHITEWAY (1.3 HOUR); |
| | | | | | 1.00 | F & | 3 | PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE (1 HOUR) |
| | | | | | 0.20 | F | 4 | DRAFT CORRESPONDENCE (.2 HOURS). |
| 01/06/10 Wed | Finkelstein, J 2097977/16 | 1.00 | 1.00 | 580.00 | | F & | 1 | *MATTER NAME: Post Closing Matters* REVIEW CORRESPONDENCE FROM FOLEY REGARDING TAX DISPUTE. |
| 01/08/10 Fri | Finkelstein, J 2096745/97 | 0.50 | 0.50 | 290.00 | | F & | 1 | *MATTER NAME: Newsday* REVIEW CREDIT AGREEMENT. |
| 01/13/10 Wed | Finkelstein, J 2096742/176 | 0.50 | 0.50 | 290.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* DISCUSS COD TIMING ISSUES WITH CO-COUNSEL. |
| 01/13/10 Wed | Finkelstein, J 2097977/26 | 1.00 | 1.00 | 580.00 | | F & | 1 | *MATTER NAME: Post Closing Matters* REVIEW DRAFT LETTER REGARDING AMUSEMENT TAX AUDIT. |
| 01/14/10 Thu | Finkelstein, J 2097977/27 | 0.50 | 0.50 | 290.00 | | F & | 1 | *MATTER NAME: Post Closing Matters* REVIEW CORRESPONDENCE FROM FOLEY REGARDING AMUSEMENT TAX. |
| 01/19/10 Tue | Finkelstein, J 2096742/189 | 2.50 | 2.50 | 1,450.00 | 0.80 | F | 1 | *MATTER NAME: Chapter 11 Restructuring* PARTICIPATE IN CONFERENCE CALL REGARDING G-I HOLDINGS (.80); |
| | | | | | 1.70 | F | 2 | DRAFT MEMO REGARDING SAME (1.70). |
| 01/19/10 Tue | Finkelstein, J 2122373/6 | 0.20 | 0.20 | 116.00 | | F | 1 | *MATTER NAME: Drews Litigation* REVIEW CORRESPONDENCE FROM CLIENT REGARDING DREWS MATTER. |
| 01/20/10 Wed | Finkelstein, J 2096742/191 | 3.50 | 3.50 | 2,030.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* DRAFT MEMO REGARDING G-I HOLDINGS. |
| 01/25/10 Mon | Finkelstein, J 2096742/212 | 5.50 | 5.50 | 3,190.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW REVISED POR AND RESTRUCTURING DOCUMENTS. |
| 01/26/10 Tue | Finkelstein, J 2096742/223 | 5.50 | 5.50 | 3,190.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW REVISED POR AND RESTRUCTURING DOCUMENTS. |
| 01/26/10 Tue | Finkelstein, J 2096743/283 | 1.50 | 1.50 | 870.00 | | F & | 1 | *MATTER NAME: Perfect Market, Inc.* REVIEW DILIGENCE MATERIALS. |
| 01/27/10 Wed | Finkelstein, J 2096742/232 | 3.50 | 3.50 | 2,030.00 | | F & | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW POR, DISCLOSURE AND RESTRUCTURING MATERIALS. |

& TIME INCREMENTS IN WHOLE OR HALF HOURS

~ See the last page of exhibit for explanation

Exhibit C  Page 4 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/27/10 Wed | Finkelstein, J 2096743/286 | 1.50 | 1.50 | 870.00 | 0.60 0.90 | F F | 1 2 | MATTER NAME: Perfect Market, Inc. DISCUSS TRANSACTION WITH CO-COUNSEL (.60); REVIEW DILIGENCE MATERIALS (.90). |
| 01/28/10 Thu | Finkelstein, J 2096742/241 | 4.00 | 4.00 | 2,320.00 | 2.50 1.50 | F & F & | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW POR AND DISTRIBUTE COMMENTS (2.5 HOURS); REVIEW DISCLOSURE (1.5 HOURS). |
| 01/29/10 Fri | Finkelstein, J 2096742/250 | 3.00 | 3.00 | 1,740.00 | | F & | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW DISCLOSURE. |
| 01/29/10 Fri | Finkelstein, J 2096743/291 | 1.70 | 1.70 | 986.00 | 0.40 1.30 | F F | 1 2 | MATTER NAME: Perfect Market, Inc. DISCUSS DILIGENCE WITH CO-COUNSEL (.40); DRAFT EMAIL TO TRIBUNE (1.30). |
| 02/01/10 Mon | Finkelstein, J 2105412/188 | 1.20 | 1.20 | 696.00 | 0.90 0.30 | F F | 1 2 | MATTER NAME: Perfect Market, Inc. DRAFT SECTION 382 ANALYSIS (.90); CORRESPONDENCE WITH M. WHITE REGARDING SAME (.30). |
| 02/02/10 Tue | Finkelstein, J 2105410/80 | 2.50 | 2.50 | 1,450.00 | 1.90 0.60 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW RESTRUCTURING MATERIALS (1.90); PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING SAME (.60). |
| 02/02/10 Tue | Finkelstein, J 2105412/192 | 1.50 | 1.50 | 870.00 | 1.10 0.40 | F F | 1 2 | MATTER NAME: Perfect Market, Inc. ANALYSIS REGARDING SECTION 382 (1.10); DISCUSS WITH BRIAN FIELDS REGARDING SAME (.40). |
| 02/03/10 Wed | Finkelstein, J 2105410/88 | 1.00 | 1.00 | 580.00 | | F & | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW EFFECTIVE DATE CHART REGARDING POR. |
| 02/03/10 Wed | Finkelstein, J 2105412/195 | 1.50 | 1.50 | 870.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. REVIEW AND REVISE STOCK PURCHASE AGREEMENT. |
| 02/04/10 Thu | Finkelstein, J 2105410/94 | 1.50 | 1.50 | 870.00 | 0.50 1.00 | F & F & | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW CORRESPONDENCE FROM B. RUBIN REGARDING POR (.5 HOURS); RESEARCH REGARDING G-I HOLDINGS (1 HOUR). |
| 02/05/10 Fri | Finkelstein, J 2105410/101 | 3.00 | 3.00 | 1,740.00 | 1.40 0.60 1.00 | F F F & | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW MEMO REGARDING POR (1.40); PARTICIPATE IN CONFERENCE CALL WITH SIDLEY REGARDING SAME (.60); REVIEW G-I HOLDINGS MEMO (1 HOUR). |

& TIME INCREMENTS IN WHOLE OR HALF HOURS

~ See the last page of exhibit for explanation

Exhibit C   Page 5 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/07/10 Sun | Finkelstein, J 2105412/204 | 1.00 | 1.00 | 580.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. REVIEW PURCHASE AND SALE AGREEMENT. |
| 02/08/10 Mon | Finkelstein, J 2105410/109 | 2.00 | 2.00 | 1,160.00 | 1.00 1.00 | F & F & | 1 2 | MATTER NAME: Chapter 11 Restructuring PARTICIPATE IN CONFERENCE CALL REGARDING POR (1 HOUR). REVIEW G-I MEMO AND DISCUSS WITH CO-COUNSEL (1 HOUR). |
| 02/09/10 Tue | Finkelstein, J 2105410/115 | 5.00 | 5.00 | 2,900.00 | 3.50 1.00 0.50 | F & F & F & | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW REVISED POR (3.5 HOURS): RESEARCH REGARDING VALUE ALLOCATION FOR CUBS TRANSACTION (1 HOUR): REVIEW TAX BASIS SCHEDULE (.5 HOURS). |
| 02/10/10 Wed | Finkelstein, J 2105410/120 | 1.50 | 1.50 | 870.00 | 1.00 0.50 | F & F & | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW REVISED POR (1 HOUR): REVIEW FAIR MARKET VALUE ALLOCATION FOR CUBS TRANSACTION (.5 HOURS). |
| 02/10/10 Wed | Finkelstein, J 2105412/214 | 0.50 | 0.50 | 290.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. REVIEW CORRESPONDENCE FROM COOLEY REGARDING PURCHASE AGREEMENT. |
| 02/11/10 Thu | Finkelstein, J 2105410/124 | 1.00 | 1.00 | 580.00 | | F & | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW POR AND RESTRUCTURING DOCUMENTS. |
| 02/11/10 Thu | Finkelstein, J 2105412/217 | 0.50 | 0.50 | 290.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. DRAFT EMAIL TO COOLEY REGARDING TAX REPRESENTATIONS. |
| 02/12/10 Fri | Finkelstein, J 2105410/131 | 2.00 | 2.00 | 1,160.00 | | F & | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND COMMENT ON POR. |
| 02/12/10 Fri | Finkelstein, J 2105412/220 | 0.50 | 0.50 | 290.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. REVIEW CORRESPONDENCE FROM COOLEY REGARDING TAX REPRESENTATIONS. |
| 02/13/10 Sat | Finkelstein, J 2105410/136 | 2.00 | 2.00 | 1,160.00 | | F & | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW REVISED PLAN AND DISCUSS WITH BLAKE RUBIN. |
| 02/15/10 Mon | Finkelstein, J 2105412/223 | 0.50 | 0.50 | 290.00 | | F & | 1 | MATTER NAME: Perfect Market, Inc. REVIEW REVISED PURCHASE AGREEMENT. |
| 02/16/10 Tue | Finkelstein, J 2105410/146 | 1.50 | 1.50 | 870.00 | 0.70 0.80 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW TAX BASIS SCHEDULE (.7 HOURS): PARTICIPATE IN CONFERENCE CALL WITH TRIBUNE REGARDING TAX BASIS SCHEDULE (.8 HOURS). |

& TIME INCREMENTS IN WHOLE OR HALF HOURS

~ See the last page of exhibit for explanation

Exhibit C   Page 6 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Perfect Market, Inc.* |
| 02/16/10 | Finkelstein, J | 1.20 | 1.20 | 696.00 | 0.70 | F | 1 | DRAFT TAX REPRESENTATION AND DISTRIBUTE (.7): |
| Tue | 2105412/226 | | | | 0.50 | F & | 2 | REVIEW CORRESPONDENCE FROM COOLEY (.5 HOURS). |
| | | | | | | | | *MATTER NAME: Perfect Market, Inc.* |
| 02/17/10 | Finkelstein, J | 0.50 | 0.50 | 290.00 | | F & | 1 | DRAFT CORRESPONDENCE REGARDING TAX REPRESENTATIONS. |
| Wed | 2105412/230 | | | | | | | |
| | | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| 02/24/10 | Finkelstein, J | 0.50 | 0.50 | 290.00 | | F & | 1 | CORRESPONDENCE WITH CO-COUNSEL REGARDING POR. |
| Wed | 2105410/182 | | | | | | | |
| | TOTAL OF ALL ENTRIES | | 83.90 | $48,662.00 | | | | |
| | TOTAL ENTRY COUNT: | 49 | | | | | | |
| | TOTAL TASK COUNT: | 75 | | | | | | |
| | TOTAL OF & ENTRIES | | 63.50 | $36,830.00 | | | | |
| | TOTAL ENTRY COUNT: | 38 | | | | | | |
| | TOTAL TASK COUNT: | 47 | | | | | | |

&  TIME INCREMENTS IN WHOLE OR HALF HOURS
~  See the last page of exhibit for explanation

Exhibit C   Page 7 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

TIME INCREMENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 83.90 | 48,662.00 |
| | 83.90 | $48,662.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

TIME INCREMENTS IN WHOLE OR HALF HOURS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finkelstein, J | 63.50 | 36,830.00 |
| | 63.50 | $36,830.00 |

Exhibit C    Page 8 of 9

EXHIBIT C

TIME INCREMENTS

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY MATTER FOR
TIME INCREMENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 61.90 | 35,902.00 |
| Drews Litigation | 0.20 | 116.00 |
| Newsday | 5.70 | 3,306.00 |
| Perfect Market, Inc. | 13.60 | 7,888.00 |
| Post Closing Matters | 2.50 | 1,450.00 |
| | 83.90 | $48,662.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR
TIME INCREMENTS IN WHOLE OR HALF HOURS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.00 | 29,580.00 |
| Drews Litigation | 0.00 | 0.00 |
| Newsday | 3.00 | 1,740.00 |
| Perfect Market, Inc. | 7.00 | 4,060.00 |
| Post Closing Matters | 2.50 | 1,450.00 |
| | 63.50 | $36,830.00 |

(--) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

Exhibit C   Page 9 of 9

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINIMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $915.00 | $915.00 | 181.20 | $165,798.00 |
| 1086 | Wilder, Michael J. | PARTNER | $690.00 | $690.00 | 171.50 | $118,335.00 |
| 0343 | Whiteway, Andrea M. | PARTNER | $750.00 | $750.00 | 154.60 | $115,950.00 |
| 2810 | Merten, William W. | PARTNER | $715.00 | $715.00 | 76.50 | $54,697.50 |
| 0344 | Finkelstein, Jon G. | PARTNER | $580.00 | $580.00 | 83.90 | $48,662.00 |
| 6673 | Levine, Philip J. | PARTNER | $835.00 | $835.00 | 54.50 | $45,507.50 |
| 6395 | Harris, Ryan D. | PARTNER | $515.00 | $515.00 | 67.40 | $34,711.00 |
| 803 | Compernolle, Paul J. | PARTNER | $715.00 | $715.00 | 23.60 | $16,874.00 |
| 5842 | White, Matthew K. | PARTNER | $665.00 | $665.00 | 17.50 | $11,637.50 |
| 7142 | Gordon, Amy M. | PARTNER | $610.00 | $610.00 | 18.80 | $11,468.00 |
| 7799 | Ravert, Gary O. | PARTNER | $585.00 | $585.00 | 19.50 | $11,407.50 |
| 3051 | Bilut, Mark A. | PARTNER | $595.00 | $595.00 | 13.50 | $8,032.50 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $690.00 | $690.00 | 11.40 | $7,866.00 |
| 7943 | Wales, Samuel W. | PARTNER | $540.00 | $540.00 | 13.10 | $7,074.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $715.00 | $715.00 | 7.40 | $5,291.00 |
| 2584 | Wells, Stephen E. | PARTNER | $835.00 | $835.00 | 5.40 | $4,509.00 |
| 569 | Pomierski, William R. | PARTNER | $770.00 | $770.00 | 2.60 | $2,002.00 |
| 9465 | Boyles, Jonathan J. | PARTNER | $540.00 | $540.00 | 3.40 | $1,836.00 |
| 2964 | Bisbikis, John G. | PARTNER | $665.00 | $665.00 | 1.50 | $997.50 |
| 0531 | Waldow, Roburt | PARTNER | $655.00 | $655.00 | 1.50 | $982.50 |
| 1112 | Mirsky, Ira B. | PARTNER | $560.00 | $560.00 | 1.60 | $896.00 |
| 1554 | Tamisiea, John P. | PARTNER | $695.00 | $695.00 | 1.00 | $695.00 |
| 3876 | Coco, Nathan F. | PARTNER | $595.00 | $595.00 | 1.10 | $654.50 |
| 5642 | Graham, Michael T. | PARTNER | $565.00 | $565.00 | 0.80 | $452.00 |
| 5705 | Mikulina, Jennifer M. | PARTNER | $500.00 | $500.00 | 0.80 | $400.00 |
| 751 | Zucker, Daniel N. | PARTNER | $795.00 | $795.00 | 0.30 | $238.50 |
| 9903 | Fernando, Raymond M. | PARTNER | $570.00 | $570.00 | 0.30 | $171.00 |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| No. of Billers for Position: 27 | | Blended Rate for Position: | $724.45 | | 934.70 | $677,145.50 |
| | | | | | % of Total: 67.96% | % of Total: 82.63% |
| 2816 | Granados III, Luis L. | COUNSEL | $630.00 | $630.00 | 2.60 | $1,638.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 2572 | Feldgarden, Robert | COUNSEL | $835.00 | $835.00 | 0.50 | $417.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $663.06 | | 3.10 | $2,055.50 |
| | | | | | % of Total: 0.23% | % of Total: 0.25% |
| 0109 | Chan, Gale E. | ASSOCIATE | $320.00 | $320.00 | 223.80 | $71,616.00 |
| 8466 | Fuchs, Daniel S. | ASSOCIATE | $315.00 | $315.00 | 96.00 | $30,240.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $320.00 | $320.00 | 60.60 | $19,392.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $325.00 | $325.00 | 38.90 | $12,642.50 |
| 6832 | Holdvogt, Jeffrey M. | ASSOCIATE | $420.00 | $420.00 | 6.50 | $2,730.00 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $280.00 | $280.00 | 6.70 | $1,876.00 |
| 0427 | Shaihk, Mike | ASSOCIATE | $305.00 | $305.00 | 1.80 | $549.00 |
| 9071 | Edwards, Kathleen I. | ASSOCIATE | $300.00 | $300.00 | 0.30 | $90.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $320.15 | | 434.60 | $139,135.50 |
| | | | | | % of Total: 31.60% | % of Total: 16.98% |
| 8935 | Senecoff, Dan | EMPL BENEFITS | $605.00 | $605.00 | 1.30 | $786.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $605.00 | | 1.30 | $786.50 |
| | | | | | % of Total: 0.09% | % of Total: 0.10% |
| 8674 | Krofel, Michelle L. | CORP ADVISORY | $230.00 | $230.00 | 1.60 | $368.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $230.00 | | 1.60 | $368.00 |
| | | | | | % of Total: 0.12% | % of Total: 0.04% |
| | Total No. of Billers: 39 | Blended Rate for Report: | $595.86 | | 1,375.30 | $819,491.00 |

EXHIBIT J

TRAVEL

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Merten, W | 1.10 | 786.50 |
| Ravert, G | 4.30 | 2,515.50 |
| | 5.40 | $3,302.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 4.30 | 2,515.50 |
| ESOP | 1.10 | 786.50 |
| | 5.40 | $3,302.00 |

EXHIBIT J

TRAVEL

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|---|---|------|
| | | | | | | | | *MATTER NAME: Chapter 11 Restructuring* |
| 12/15/09 | Ravert, G | 5.10 | 4.30 | 2,515.50 | 2.10 | F | 1 | PREPARE FOR HEARING IN ROUTE TO DELAWARE FEE HEARING (2.1). |
| Tue | 2096277/115 | | | | 0.80 | F | 2 | ATTEND FEE HEARING (.8). |
| | | | | | 2.20 | F | 3 | TRAVEL BACK TO NEW YORK AND COMMUNICATIONS WITH B. RUBIN IN ROUTE (2.2). |
| | | | | | | | | *MATTER NAME: ESOP* |
| 01/05/10 | Merten, W | 6.40 | 1.10 | 786.50 | 0.20 | F | 1 | TELEPHONE CALL FROM MONICA MELGAREJO REGARDING IRS MEETING (.20). |
| Tue | 2097865/64 | | | | 1.80 | F | 2 | REVIEW OF FILES, RELATED DOCUMENTATION AND CASES IN PREPARATION FOR MEETING WITH E. BLUTH AND C. SMITH (1.80). |
| | | | | | 0.30 | F | 3 | MEET WITH PAUL COMPERNOLLE PRIOR TO ATTENDING MEETING REGARDING SAME (.30). |
| | | | | | 0.30 | F | 4 | MEETING WITH SUSAN SCHAEFER REGARDING SAME (.30). |
| | | | | | 2.30 | F | 5 | REVIEW FILES AS TO OPINION, PURCHASE AGREEMENT, INVESTOR RIGHTS AGREEMENT, DUFF ENGAGEMENT DOCUMENTATION, GREATBANC ENGAGEMENT DOCUMENTATION AND OTHER MATTERS (2.30). |
| | | | | | 1.10 | F | 6 | TRAVEL TO AND ATTEND MEETING AT TRIBUNE (1.10). |
| | | | | | 0.40 | F | 7 | RECEIVE FOLLOW-UP PHONE CALL FROM MONICA MELGAREJO REGARDING SAME (.40). |
| Total | | | 5.40 | $3,302.00 | | | | |
| Number of Entries: | 2 | | | | | | | |

EXHIBIT J

TRAVEL

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Merten, W | 1.10 | 786.50 |
| Ravert, G | 4.30 | 2,515.50 |
| | 5.40 | $3,302.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 4.30 | 2,515.50 |
| ESOP | 1.10 | 786.50 |
| | 5.40 | $3,302.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT K

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Ravert, G | 17.90 | 10,471.50 |
| Rubin, B | 3.50 | 3,202.50 |
| Zajac, J | 35.10 | 11,407.50 |
| | 56.50 | $25,081.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 56.50 | 25,081.50 |
| | 56.50 | $25,081.50 |

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/01/09 Tue | Rubin, B 2096277/44 | 0.20 | 0.20 | 183.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL CORRESPONDENCE WITH MR. RAVERT REGARDING RESPONSE TO FEE EXAMINER. |
| 12/01/09 Tue | Zajac, J 2096277/41 | 2.30 | 2.30 | 747.50 | 0.20<br>0.20<br>1.90 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS WITH M. SIMONS REGARDING EXPENSES FOR OCTOBER FEE STATEMENT (.2);<br>EMAILS WITH B. RUBIN REGARDING FINAL FEE EXAMINER'S REPORT (.20);<br>REVISE THIRD QUARTERLY APPLICATION AND OCTOBER FEE STATEMENT (1.90). |
| 12/02/09 Wed | Ravert, G 2096277/47 | 0.50 | 0.20 | 117.00 | 0.20<br>0.30 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>CALL WITH B. RUBIN AND J. ZAJAC REGARDING RESPONSE TO EXAMINER'S FINAL REPORT IN CONNECTION WITH MCDERMOTT'S FIRST INTERIM FEE APPLICATION (.2);<br>DRAFT EMAIL TO EXAMINER REGARDING SAME (.3). |
| 12/02/09 Wed | Rubin, B 2096277/50 | 3.10 | 0.80 | 732.00 | 0.50<br>0.30<br>1.50<br>0.80 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FEE EXAMINER REPORT (.5);<br>PREPARATION FOR AND CONFERENCE CALL WITH MR. RAVERT REGARDING RESPONSE TO FEE EXAMINER (.3);<br>REVIEW AND ANALYZE COMPUTATIONS REGARDING BENEFIT OF BIFURCATED EMERGENCE EFFECTIVE DATE STRUCTURE (1.5);<br>PREPARATION FOR AND CONFERENCE CALL WITH MR. SHANAHAN AND MS. MELGAREJO REGARDING TAX ISSUES (.8). |
| 12/02/09 Wed | Zajac, J 2096277/46 | 0.50 | 0.40 | 130.00 | 0.10<br>0.30<br>0.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>CALL WITH B. RUIN REGARDING FEE EXAMINER'S FINAL REPORT (.1);<br>REVISIONS TO THIRD QUARTERLY FEE APPLICATION (.3);<br>EMAIL SAME TO B. RUBIN (.1). |
| 12/03/09 Thu | Ravert, G 2096277/53 | 0.50 | 0.50 | 292.50 | 0.20<br>0.30 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>E-MAILS WITH A. DALTON OR STUART MAUIE REGARDING RESPONSE TO EXAMINER FINAL REPORT (.20);<br>E-MAILS WITH B. RUBIN, M. SIMONS AND J. ZAJAC REGARDING OCTOBER AND NOVEMBER BILLS AND EXAMIER RESPONSE (.30). |
| 12/03/09 Thu | Zajac, J 2096277/52 | 1.80 | 1.80 | 585.00 | 1.30<br>0.20<br>0.20<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW NOVEMBER PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.3);<br>REVIEW EMAILS FROM G. RAVERT REGARDING FINAL FEE EXAMINER REPORT (.2);<br>MEETING WITH G. RAVERT REGARDING EXPENSES (.2);<br>EMAIL WITH M. SIMONS REGARDING SAME (.1). |
| 12/04/09 Fri | Ravert, G 2096277/59 | 0.20 | 0.20 | 117.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND RESPOND TO EMAIL CONCERNING IN EXAMINER'S PRELIMINARY REPORT ON SECOND INTERIM QUARTERLY FEE APPLICATION. |
| 12/04/09 Fri | Rubin, B 2096277/64 | 1.30 | 0.50 | 457.50 | 0.30<br>0.30<br>0.50<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>COORDINATE RESPONSE TO MR. ELDERSVELD'S COMMENTS ON FINANCIAL STATEMENTS WITH CO-COUNSEL (.3);<br>CORRESPONDENCE WITH MR. ELDERSVELD REGARDING SAME (.3);<br>REVIEW STUART MAUE REPORT (.5);<br>CORRESPONDENCE WITH MR. SHANAHAN REGARDING BIFURCATED EMERGENCE EFFECTIVE DATE (.2). |
| 12/07/09 Mon | Ravert, G 2096277/68 | 1.30 | 1.30 | 760.50 | 0.80<br>0.20<br>0.30 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND REVISE RESPONSE TO EXAMINER REPORT (.8);<br>COMMUNICATIONS WITH B. RUBIN AND J. ZAJAC REGARDING SAME (.2);<br>DISCUSS PRELIMINARY REPORT CONCERNING SECOND INTERIM APPLICATION WITH J. ZAJAC (.3). |

~ See the last page of exhibit for explanation

EXHIBIT K

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/07/09 Mon | Zajac, J 2096277/69 | 1.40 | 1.40 | 455.00 | 0.40 0.30 0.70 | F F F | 1 2 3 | *MATTER NAME: Chapter 11 Restructuring* FINALIZE SEPTEMBER STATEMENT AND 3Q APPLICATION (.4); PREPARATION FOR AND MEETING WITH G. RAVERT REGARDING FEE EXAMINER'S REPORT (.3); REVIEW FEE EXAMINER REPORT (.7). |
| 12/08/09 Tue | Ravert, G 2096277/75 | 1.40 | 1.40 | 819.00 | 0.10 0.10 0.50 0.70 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* E-MAIL COMMUNICATIONS WITH B. RUBIN REGARDING RESPONSE TO EXAMINER (.1); CALL WITH J. ZAJAC REGARDING OCTOBER AND NOVEMBER FEE STATEMENTS (.1); FINALIZE RESPONSE AND ROUTE SAME WITH DETAILED COMMENTS TO FEE EXAMINER (.5); OFFICE CONFERENCE WITH J. ZAJAC TO GO OVER PROPOSED RESPONSES TO FEE EXAMINER'S PRELIMINARY REPORT (.7). |
| 12/08/09 Tue | Rubin, B 2096277/78 | 1.20 | 0.50 | 457.50 | 0.70 0.50 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* PREPARATION FOR AND CONFERENCE CALL WITH MR. POMIERSKI REGARDING HEDGE ISSUE (.7); REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER REPORT (.5). |
| 12/08/09 Tue | Zajac, J 2096277/76 | 1.50 | 1.50 | 487.50 | 0.10 0.20 0.90 0.30 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO M. SIMONS REGARDING LEDES FILES (.1); EMAILS TO B. RUBIN REGARDING OBJECTION DEADLINES (.2); DRAFT RESPONSE TO FINAL FEE REPORT (.9); EMAIL TO LOCAL COUNSEL REGARDING OMNIBUS ORDER (.3). |
| 12/09/09 Wed | Ravert, G 2096277/83 | 0.60 | 0.40 | 234.00 | 0.20 0.10 0.10 0.20 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* CALL WITH J. ZAJAC REGARDING NOVEMBER FEE STATEMENTS (.2); COMMUNICATIONS WITH M. SIMONS REGARDING INVOICES (.1); CALL WITH J. ZAJAC REGARDING SAME (.1); COMMUNICATIONS WITH B. RUBIN REGARDING OMNIBUS OBJECTION (.2). |
| 12/09/09 Wed | Rubin, B 2096277/91 | 1.70 | 0.20 | 183.00 | 0.20 1.20 0.20 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* CORRESPONDENCE WITH MR. RAVERT REGARDING FEE OBJECTIONS AND OMNIBUS REPLY (.2); REVIEW AND ANALYZE MEMO REGARDING POSSIBLE SEPARATE EMERGENCE BY SUBSIDIARIES (1.2); CONFERENCE WITH MR. LEVINE REGARDING ISSUES RAISE BY CLIENT (.2); CORRESPONDENCE WITH CLIENT REGARDING SAME (.1). |
| 12/09/09 Wed | Zajac, J 2096277/84 | 2.80 | 1.30 | 422.50 | 0.10 0.10 0.10 0.20 0.80 0.60 0.60 0.30 | F F F F F F F F | 1 2 3 4 5 6 7 8 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO B. RUBIN REGARDING CNO (.1); EMAIL TO LOCAL COUNSEL REGARDING SAME (.1); CALL WITH G. RAVERT REGARDING STIPULATION (.1); EMAIL TO B. RUBIN REGARDING SAME (.2); REVIEW NOVEMBER PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.8); PREPARE FOR AND CALL WITH D. FUCHS REGARDING CUBS TRANSACTION (.6); PREPARATION FOR AND CALL WITH G. CASTRO REGARDING CUBS CLOSING (.6); PREPARATION FOR AND CALL WITH R. HARRIS REGARDING SAME (.3). |
| 12/10/09 Thu | Ravert, G 2096277/94 | 0.70 | 0.70 | 409.50 | 0.20 0.20 0.30 | F F F | 1 2 3 | *MATTER NAME: Chapter 11 Restructuring* COMMUNICATIONS WITH FEE EXAMINER REGARDING RESPONSE TO PRELIMINARY REPORT (.2); COMMUNICATIONS WITH J. ZAJAC REGARDING WRITTEN RESPONSE TO SAME (.2); FINALIZE RESPONSE AND GET FEE EXAMINER COUNTERSIGNATURE AND RELATED COMMUNICATIONS (.3). |

~  See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/10/09 Thu | Zajac, J 2096277/93 | 1.10 | 1.10 | 357.50 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.10 | F | 1 | CALL WITH LOCAL COUNSEL REGARDING OMNIBUS ORDER (.1); |
| | | | | | 0.20 | F | 2 | DRAFT SUMMARY OF STIPULATION FOR OMNIBUS ORDER (.2); |
| | | | | | 0.80 | F | 3 | DRAFT RESPONSE TO FEE EXAMINER'S REPORT (.8). |
| 12/11/09 Fri | Zajac, J 2096277/101 | 1.30 | 1.30 | 422.50 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.20 | F | 1 | REVISIONS TO OMNIBUS ORDER (.2); |
| | | | | | 0.20 | F | 2 | EMAIL TO M. SIMONS REGARDING EXPENSES NEEDED FOR FEE EXAMINER'S REPORT (.2); |
| | | | | | 0.90 | F | 3 | CONTINUE DRAFTING DRAFT RESPONSE TO FEE EXAMINER'S REPORT (.9). |
| 12/14/09 Mon | Ravert, G 2096277/107 | 1.90 | 1.90 | 1,111.50 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.70 | F | 1 | REVIEW AND EDIT DRAFT RESPONSE TO FEE EXAMINER'S PRELIMINARY RESPONSE TO MCDERMOTT SECOND QUARTERLY FEE APPLICATION (.7); |
| | | | | | 0.20 | F | 2 | DISCUSS SAME WITH J. ZAJAC (.2); |
| | | | | | 0.20 | F | 3 | REVIEW REVISED DRAFT (.2); |
| | | | | | 0.10 | F | 4 | DISCUSS SAME WITH J. ZAJAC (.1); |
| | | | | | 0.60 | F | 5 | PREPARE FOR FEE HEARING (.6); |
| | | | | | 0.10 | F | 6 | DISCUSS FEE HEARING WITH B. RUBIN (.1). |
| 12/14/09 Mon | Zajac, J 2096277/106 | 1.00 | 1.00 | 325.00 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.20 | F | 1 | REVISIONS TO RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.2); |
| | | | | | 0.10 | F | 2 | REVIEW AGENDA FOR HEARING (.1); |
| | | | | | 0.20 | F | 3 | EMAIL TO B. RUBIN REGARDING RESPONSE TO PRELIMINARY REPORT OF FEE EXAMINER (.2); |
| | | | | | 0.10 | F | 4 | REVIEW EMAILS FROM G. RAVERT REGARDING UPCOMING HEARING IN TRIBUNE (.1); |
| | | | | | 0.30 | F | 5 | PREPARE HEARING BINDER CONSISTING OF ALL DOCKETED ITEMS FOR G. RAVERT (.3); |
| | | | | | 0.10 | F | 6 | EMAIL TO LOCAL COUNSEL REGARDING HEARING (.1). |
| 12/15/09 Tue | Ravert, G 2096277/115 | 5.10 | 5.10 | 2,983.50 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 2.10 | F | 1 | PREPARE FOR HEARING IN ROUTE TO DELAWARE FEE HEARING (2.1); |
| | | | | | 0.80 | F | 2 | ATTEND FEE HEARING (.8); |
| | | | | | 2.20 | F | 3 | TRAVEL BACK TO NEW YORK AND COMMUNICATIONS WITH B. RUBIN IN ROUTE (2.2). |
| 12/16/09 Wed | Ravert, G 2096277/121 | 0.20 | 0.20 | 117.00 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | | F | 1 | COMMUNICATIONS WITH B. RUBIN AND J. ZAJAC REGARDING FEE HEARING. |
| 12/16/09 Wed | Zajac, J 2096277/120 | 0.90 | 0.80 | 260.00 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.60 | F | 1 | REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.6); |
| | | | | | 0.10 | F | 2 | EMAIL TO M. SIMONS REGARDING REMAINING REVISIONS (.1); |
| | | | | | 0.10 | F | 3 | CALL WITH G. RAVERT REGARDING REMAINING DEBT FROM TRIBUNE (.1); |
| | | | | | 0.10 | F | 4 | REVIEW FIRST QUARTERLY FEE STATEMENT REGARDING CALCULATION OF HOLDBACK (.1). |
| 12/18/09 Fri | Ravert, G 2096277/127 | 0.50 | 0.50 | 292.50 | | | | MATTER NAME: Chapter 11 Restructuring |
| | | | | | 0.40 | F | 1 | TELEPHONE AND EMAIL COMMUNICATIONS WITH J. ZAJAC REGARDING FEES ISSUE AND PAYMENT AMOUNTS IN RESPONSE TO INQUIRY BY K. STICKLES (.4); |
| | | | | | 0.10 | F | 2 | EMAIL COMMUNICATIONS WITH B. RUBIN REGARDING SAME (.1). |

~ See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 12/18/09 Fri | Zajac, J 2096277/126 | 0.30 | 0.20 | 65.00 | 0.10 0.10 0.10 | F F F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW OMNIBUS FEE ORDER REGARDING PAYMENT DATE (.1): 2 EMAIL TO B. RUBIN REGARDING SAME (.1): 3 EMAIL TO LOCAL COUNSEL REGARDING CALCULATION OF HOLDBACK (.1). |
| 12/23/09 Wed | Zajac, J 2096277/138 | 0.40 | 0.30 | 97.50 | 0.10 0.30 | F F | MATTER NAME: Chapter 11 Restructuring 1 EMAIL K. HOGAN REGARDING R. HARRIS' WORK ON THE CUBS TRANSACTION (.1): 2 PREPARE LEDES STATEMENTS AND EMAIL TO FEE EXAMINER (.3). |
| 01/04/10 Mon | Rubin, B 2096742/117 | 1.00 | 1.00 | 915.00 | | F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER. |
| 01/04/10 Mon | Zajac, J 2096742/115 | 0.70 | 0.50 | 162.50 | 0.10 0.10 0.20 0.30 | F F F F | MATTER NAME: Chapter 11 Restructuring 1 EMAIL TO G. RAVERT REGARDING FEE EXAMINERS' REPORT (.1): 2 EMAIL TO B. RUBIN REGARDING SAME (.1): 3 EMAIL TO K. HARRIS REGARDING CUBS TRANSACTION (.2): 4 EMAIL TO M. SIMONS REGARDING EXPENSE REPORTS NEEDED FOR FEE EXAMINER'S REPORT (.3). |
| 01/05/10 Tue | Ravert, G 2096742/119 | 0.40 | 0.40 | 234.00 | 0.20 0.10 0.10 | F F F | MATTER NAME: Chapter 11 Restructuring 1 COMMUNICATIONS WITH J. DECKER REGARDING PRELIMINARY REPORT (.2): 2 COMMUNICATIONS WITH B. RUBIN REGARDING SAME (.1): 3 OFFICE CONFERENCE WITH J. ZAJAC REGARDING SAME (.1). |
| 01/06/10 Wed | Ravert, G 2096742/125 | 0.60 | 0.60 | 351.00 | 0.30 0.30 | F F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW COMMENTS OF B. RUBIN TO RESPONSE TO EXAMINER'S REPORT (.3): 2 REVIEW DECEMBER TIME RECORDS (.3). |
| 01/06/10 Wed | Rubin, B 2096742/129 | 2.10 | 0.30 | 274.50 | 1.30 0.30 0.20 0.30 | F F F F | MATTER NAME: Chapter 11 Restructuring 1 RESEARCH AND ANALYSIS REGARDING SUBSIDIARY EMERGENCE ISSUES (1.3): 2 FOLLOW UP WITH CORPORATE TAX EXPERTS REGARDING MEMO (.3): 3 CORRESPONDENCE WITH MR. SHANAHAN REGARDING SAME (.2): 4 REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER REPORT (.3). |
| 01/06/10 Wed | Zajac, J 2096742/124 | 2.40 | 2.40 | 780.00 | 0.20 0.10 2.10 | F F F | MATTER NAME: Chapter 11 Restructuring 1 REVISIONS TO FEE EXAMINER'S REPORT (.2): 2 DRAFT EMAIL TO M. SIMONS REGARDING EXPENSE DATES (.1): 3 REVIEW DECEMBER TIME ENTRIES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (2.1). |
| 01/07/10 Thu | Ravert, G 2096742/132 | 0.60 | 0.60 | 351.00 | | F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW FINAL RESPONSE TO PRELIMINARY REPORT AND ROUTE SAME TO J. DECKER, COUNSEL TO FEE EXAMINER WITH COMMENTS (.6). |
| 01/07/10 Thu | Zajac, J 2096742/131 | 0.60 | 0.60 | 195.00 | 0.20 0.20 0.20 | F F F | MATTER NAME: Chapter 11 Restructuring 1 EMAIL COMMUNICATIONS WITH M. SIMONS REGARDING EXPENSE REPORTS (.2): 2 REVIEW EXPENSE REPORTS AND INCORPORATE INTO FEE EXAMINERS REPORT (.2): 3 DRAFT EMAIL TO G. RAVERT REGARDING FINALIZED FEE EXAMINER REPORT AND EXHIBITS (.2). |

~ See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/22/10 Fri | Ravert, G 2096742/200 | 0.40 | 0.40 | 234.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH J. ZAJAC REGARDING MONTHLY FEE STATEMENTS AND RESPONSE TO PRELIMINARY REPORT OF EXAMINER. |
| 01/25/10 Mon | Zajac, J 2096742/207 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL TO M. SIMONS REGARDING UPCOMING FILING OF FEE STATEMENTS. |
| 01/26/10 Tue | Zajac, J 2096742/213 | 1.10 | 1.10 | 357.50 | 0.10 1.00 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAILS WITH M. SIMONS REGARDING DECEMBER CUBS INVOICES (.10); REVIEW AND REVISE INVOICES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.0). |
| 01/29/10 Fri | Ravert, G 2096742/244 | 0.40 | 0.40 | 234.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH A. WHTEWAY CONCERNING DISCLOSURE STATEMENT (.2); REVIEW MCDERMOTT RETENTION ORDER REGARDING DISCLOSURES CONCERNING SAME (.2). |
| 01/29/10 Fri | Zajac, J 2096742/245 | 0.60 | 0.60 | 195.00 | 0.20 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAILS TO M. SIMONS REGARDING FEE STATEMENTS (.2); REVIEW INVOICES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.4). |
| 02/02/10 Tue | Ravert, G 2105410/73 | 0.60 | 0.60 | 351.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW FINAL REPORT ISSUED BY FEE EXAMINER AND ROUTE COMMENTS TO B. RUBIN REGARDING SAME (.6). |
| 02/02/10 Tue | Zajac, J 2105410/74 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW FINAL FEE EXAMINER'S REPORT FOR SECOND FEE APPLICATION. |
| 02/04/10 Thu | Ravert, G 2105410/91 | 0.30 | 0.30 | 175.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH J. ZAJAC REGARDING FEE STATEMENTS AND CURRENT FEE APPLICATION. |
| 02/11/10 Thu | Ravert, G 2105410/122 | 0.30 | 0.30 | 175.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH J. ZAJAC REGARDING STATUS OF FEE STATEMENTS AND RELATED MATTERS. |
| 02/12/10 Fri | Ravert, G 2105410/128 | 0.40 | 0.40 | 234.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DISCUSS OCTOBER - JANUARY FEE STATEMENTS WITH J. ZAJAC (.2); REVIEW EMAIL FROM M. SIMMONS REGARDING SAME (.2). |
| 02/12/10 Fri | Zajac, J 2105410/127 | 0.20 | 0.10 | 32.50 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring MEETING WITH G. RAVERT REGARDING OCTOBER FEE STATEMENT (.1); EMAIL TO M. SIMONS REGARDING SAME (.1). |
| 02/17/10 Wed | Zajac, J 2105410/152 | 1.80 | 1.80 | 585.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring BEGIN DRAFTING OCTOBER FEE STATEMENT. |
| 02/18/10 Thu | Zajac, J 2105410/161 | 3.80 | 3.80 | 1,235.00 | 3.20 0.60 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVISE JANUARY PREBILLS TO ENSURE COMPLIANCE WITH THE BANKRUPTCY RULES AND LOCAL RULES (3.2); DRAFT OCTOBER FEE STATEMENT (.6). |

~  See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/19/10 Fri | Zajac, J 2105410/168 | 2.40 | 2.40 | 780.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT OCTOBER FEE STATEMENT. |
| 02/22/10 Mon | Zajac, J 2105410/172 | 0.40 | 0.40 | 130.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW FEE EXAMINER'S FINAL REPORT FOR THIRD QUARTERLY FEE APPLICATION. |
| 02/23/10 Tue | Zajac, J 2105410/175 | 1.50 | 1.50 | 487.50 | 1.10 0.20 0.20 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS FOR COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENT (1.1); MEETING WITH G. RAVERT REGARDING UPCOMING FEE STATEMENTS (.2); REVIEW EMAIL FOR G. RAVERT REGARDING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.2). |
| 02/24/10 Wed | Ravert, G 2105410/179 | 1.40 | 1.50 | 877.50 | 0.80 0.20 0.10 0.40 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring REVIEW PRELIMINARY REPORT FROM EXAMINER ON MCDERMOTT THIRD INTERIM FEE APP (.8); DISCUSS RESPONSE WITH J. ZAJAC (.2); REVIEW EMAIL FROM J. ZAJAC REGARDING SAME (.1); DRAFT EMAIL TO B. RUBIN REGARDING RESPONSE (.4). |
| 02/24/10 Wed | Zajac, J 2105410/178 | 2.50 | 2.50 | 812.50 | 0.40 0.40 0.20 0.80 0.60 0.10 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Chapter 11 Restructuring MEETING WITH G. RAVERT REGARDING RESPONSE TO FEE EXAMINER'S REPORT (.4); DRAFT EMAIL TO B. RUBIN REGARDING SAME (.4); DRAFT EMAIL TO M. SIMONS REGARDING SAME (.2); REVISE OCTOBER FEE STATEMENT (.8); BEGIN DRAFTING DECEMBER FEE STATEMENT (.6); REVIEWEMAIL FROM G. RAVERT REGARDING FEE STATEMENTS (.1). |
| 02/25/10 Thu | Zajac, J 2105410/184 | 3.60 | 3.60 | 1,170.00 | 2.10 0.60 0.90 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring DRAFT RESPONSE TO FEE EXAMINER'S REPORT (2.1); CONTINUE DRAFTING DECEMBER FEE STATEMENT (.6); BEGIN DRAFTING NOVEMBER FEE STATEMENT (.9). |
| Total Number of Entries: 55 | | | 56.50 | $25,081.50 | | | | |

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Ravert, G | 17.90 | 10,471.50 |
| Rubin, B | 3.50 | 3,202.50 |
| Zajac, J | 35.10 | 11,407.50 |
| | 56.50 | $25,081.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 56.50 | 25,081.50 |
| | 56.50 | $25,081.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL