# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017
TELEPHONE: (212) 326-3939 • FACSIMILE: (212) 755-7306

Direct Number: (212) 326-3905
fsherman@jonesday.com

JP273404
600805-40001

February 9, 2011

**By Hand Delivery**

The Honorable Chief Judge Kevin J. Carey
United States Bankruptcy Court
for the District of Delaware
824 N. Market St., #500
Wilmington, Delaware 19801

      Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

      We write as counsel to the Special Committee of the Board of Directors of Tribune Company (the "Special Committee") in response to the February 7, 2011 letter sent to you by Mitchell Hurley of Akin Gump, as counsel for Aurelius Capital Management, LP ("Aurelius") on behalf of the Noteholder Plan Proponent Group (the "Noteholders"), requesting that the Court issue an order allowing the Noteholders to depose Maggie Wilderotter, a member of the Special Committee, for a second time (D.I. 7827). The Special Committee opposes this deposition for the reasons set forth in its objections, including, but not limited to, that it is duplicative of the deposition taken of Ms. Wilderotter on October 13, 2010, the deposition of Mr. Shapiro (chairman of the Special Committee) taken on October 13, 2010, and the second deposition of Mr. Shapiro that will be taken in the upcoming weeks. Thus, the deposition is unnecessary in light of alternative avenues by which the Noteholders have, could have or may obtain the information they purport to seek from Ms. Wilderotter, and as such, imposes needless expense and burden.

      In an attempt to convince the Court that a second deposition of Ms. Wilderotter would not be duplicative of her October 13 deposition, the Noteholders misrepresent the scope of Ms. Wilderotter's October 13 deposition. A copy of the subpoena with noticed topics is attached hereto as Exhibit A and a copy of the transcript of the October 13, 2010 deposition is attached hereto as Exhibit B. While the Noteholders would have the Court believe that the topics noticed and deposition itself were narrow in scope, Aurelius's counsel took a contrary position during the October 13 deposition. *See* Ex. B, at pp. 116-118. Ms. Wilderotter was questioned on many

February 9, 2011
Page 2

topics, including the October 12, 2010 term sheet and related settlement. The topics covered during the deposition included:

- Ms. Wilderotter's views on Aurelius's involvement;
- Fiduciary duties owed by Ms. Wilderotter and the Debtors;
- The formation of the Special Committee and the activities of the Special Committee;
- Don Liebentritt;
- The Examiner's report;
- The October 12, 2010 Term Sheet, including the settlement of LBO claims, the fairness of the settlement, the role of various parties with respect to the settlement, alternative arrangements for the LBO claims, the structure of the Term Sheet, negotiation of the Term Sheet, the Special Committee's approval of the Term Sheet, and discussions related thereto;
- The selection of counsel for the Special Committee and the reasons that separate counsel was engaged;
- Discussions of the purity plan and the odds of litigation under the purity plan versus the likelihood of litigation under the Company's October 12 Term Sheet;
- Whether the Special Committee received counsel from Sidley Austin and/or Don Liebentritt;
- The process by which she joined the Tribune board and her experience serving on other boards;
- Her communications with Sam Zell and Chandler Bigelow, including the frequency with which they occurred; and
- Her views of Chandler Bigelow's liability.

While the Noteholders imply that they were cut-off from questioning on certain topics, this was not the case. The transcript shows that in no instance was an instruction given to Ms. Wilderotter not to answer any question. Indeed, the pages attached to the Noteholders' February 7, 2011 letter to the Court are misleading because they are the last pages of the transcript, when the deposition was being concluded because the three hours agreed to had ended and Ms. Wilderotter needed to leave.

To the extent the Noteholders seek information from the Special Committee relating to the plan filed on October 22, 2010, and related settlements (as distinct from the term sheet for the settlement, about which Ms. Wilderotter was questioned), they will have adequate opportunity to seek such information during the second deposition of Mr. Shapiro. There is simply no reason to subject more than one Special Committee member to a deposition covering the Special Committee's approval and views of the plan (to the extent those were not already covered during the earlier depositions). Further, the Noteholders will have adequate opportunity to ask questions about the plan itself during the many upcoming depositions of other individuals directly involved in its negotiation.

JONES DAY

February 9, 2011
Page 3

  The Noteholders argue that it is "critical" that they take Ms. Wilderotter's deposition to question her about two emails. The burden on Ms. Wilderotter, the CEO of Frontier Communications Company, one of the nation's largest independent providers of telecommunications services located in Connecticut, to travel to New York to sit for a deposition to be questioned about two emails which will likely reveal nothing of any relevance, is significant. In addition, it is a complete waste of the estate's assets and attorney time to allow such a deposition to proceed. The Special Committee has suggested to the Noteholders that if they have questions about these specific emails they want answered, there are less expensive and burdensome discovery devices that could be used, such as interrogatories.

  Finally, during yesterday's hearing, counsel for other Noteholders suggested to the Court that they are entitled to this deposition because counsel other than Aurelius's counsel did not participate in the October 13 deposition. This is simply untrue. Counsel for Wilmington Trust asked questions during the deposition. *See* Ex. B at p. 118 *et. seq.* Counsel for many other parties were in attendance and could have asked questions had they wished to.

  For the reasons stated above, the Special Committee requests that the Court deny the Noteholders' request to order the Special Committee to produce Ms. Wilderotter for deposition.

Respectfully submitted,

*/s/ Fredrick E. Sherman*

Fredrick E. Sherman

cc: All counsel entitled to notice pursuant to Paragraph 35 of the CMO