## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : **Hearing Date: March 1, 2011 @10:00 A.M.** |
| Debtors | : **Objection Deadline: February 22, 2011** |
| | : |

## NOTICE OF MOTION

TO:  DEBTOR, TRUSTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS

PLEASE TAKE NOTICE that JEWEL FOOD STORES, INC. ("Jewel"), ALBERTSON'S, LLC ("Albertson's"), NEW ALBERTSON'S, INC. ("New Albertson's") and SUPERVALU INC. ("SUPERVALU"),hereby present their motion for relief from the Automatic Stay (the "Motion").

If you oppose the Motion or if you want the court to consider your views regarding the Motion, you must file a written response with the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 detailing your objection or response by the objection deadline of **February 22, 2011.**  You must also serve a copy of your response upon the following:

Charles C. Brown, III (#3368)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Phone:  (302) 777-4350/Fax: (302) 777-4352
(cbrown@archerlaw.com)

**THE HEARING IS SCHEDULED FOR MARCH 1, 2011 AT 10:00 A.M. IN COURTROOM  6, ON THE 5TH FLOOR OF THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.**

IF YOU DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

ARCHER & GREINER, P.C.

Dated:  February 10, 2011

By:  /S/ Charles J. Brown, III

Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Counsel to JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. ,*

**IN THE UNITED STATES BANKRUPTCY**
**COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : **Hearing Date: March 1, 2011 @10:00 A.M.** |
| Debtors | : **Objection Deadline: February 22, 2011** |
| | : |

**MOTION OF JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW**
**ALBERTSON'S, INC., and SUPERVALU, INC.**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Movants, JEWEL FOOD STORES, INC. ("Jewel"), ALBERTSON'S, LLC ("Albertson's"), NEW ALBERTSON'S, INC. ("New Albertson's") and SUPERVALU INC. ("SUPERVALU"), respectfully request that this Honorable Court grant this Motion for Relief from the Automatic Stay. In support of their Motion, Movants states as follows:

1. Movants are companies with business operations in numerous states including the state of Illinois.

2. Joan Johnson commenced an action by filing a Complaint at in the Circuit Court for Cook County Illinois Law Division against Movants alleging *inter alia* that she was injured as a result of a trip-and-fall incident that occurred at the Jewel store located at 1202 State Street, Lemont, Illinois on June 7, 2008. Movants filed their answer thereto and denied all material allegations contained therein. Joan Johnson claims to have tripped over newspaper packaging material in her complaint. At or around the time of the alleged occurrence, it was the duty of the Debtors, specifically the Tribune Company, by and through duly authorized agents, servants, and/or employees, to properly package, bundle, distribute and deliver the newspapers so as not to cause injury to anyone, including Joan Johnson, who was lawfully on Movants' premises.

3.     Movants have prepared a third-party complaint against the Debtors, a true and correct copy of which are attached hereto and marked as Exhibit "A".

4.     The automatic stay provision of the bankruptcy code, 11 USC § 362 (a) states as follows:

> "A Petition filed under section 301 [voluntary Petition]... operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process for a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title..."

Therefore, in accordance with the bankruptcy code, upon the filing of the Debtors' Chapter 11 bankruptcy proceedings, the automatic stay went into effect.

5.     Under 11 USC § 362 (d), cause exists to modify the automatic stay to allow Movants to proceed with third-party complaint against the Debtors to its final resolution.   In re: Donington, Karcher, Salmond & Rainone, P.A., 194 B.R. 750 (D.C.NJ 1996).   (To determine whether "good cause" exists to modify an automatic stay, Courts conduct a balancing test in which the interest of the debtors estate is balanced against the hardship that will be incurred by the Movants.) Id. at 761.

6.     Upon information and belief, Debtors were insured under a commercial liability policy during all times relevant to Movants' third-party claim.  Upon information and belief, the Debtors were also insured under an umbrella insurance policy and upon further information and belief, the Debtors are also an additional insured under the insurance policies maintained by its third-party co-defendant FRG Management, Inc.

7.     Permitting Movants to pursue their third-party claims to its final resolution would be the most efficient manner to liquidate Movants' third party claim against the Debtors.

8.      Movants will experience significant hardship if the automatic stay is not modified, since their claim and ultimate recovery against not only Debtors, but all parties, will be unnecessarily delayed.

9.      The balance of the equities favors this Honorable Court's modification of the automatic stay to permit the Movants to to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to the extent of applicable insurance proceeds.

WHEREFORE, Movants respectfully requests that this Honorable Court modify the automatic stay under 11 USC § 362 to permit the Movants to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to the extent of applicable insurance proceeds.

ARCHER & GREINER, P.C.

By:  */S/ Charles J. Brown, III*

Dated: February 10, 2011

Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Counsel to JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. ,*

# EXHIBIT 'A'

2329 JRS/CRR                    /dm                    #38836

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| F. JOAN JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>JEWEL FOOD STORES, INC.,<br>ALBERTSON'S, LLC d/b/a Jewel-Osco,<br>NEW ALBERTSON'S, INC. d/b/a<br>Jewel-Osco, and SUPERVALU, INC.<br>d/b/a Jewel-Osco,<br><br>      Defendants.<br><br>JEWEL FOOD STORES, INC.,<br>ALBERTSON'S, LLC, NEW<br>ALBERTSON'S, INC., and<br>SUPERVALU, INC.<br><br>      Third-Party Plaintiffs,<br><br>vs.<br><br>TRIBUNE COMPANY, and<br>FRG MANAGEMENT, INC.<br><br>      Third-Party Defendants. | No. 2009 L 007842 |

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION AGAINST
### THE TRIBUNE COMPANY AND FRG MANAGEMENT, INC.

Now come the Defendants/Third-Party Plaintiffs JEWEL FOOD STORES, INC.

("Jewel"), ALBERTSON'S, LLC ("Albertson's"), NEW ALBERTSON'S, INC. ("New

Albertson's") and SUPERVALU INC. ("SUPERVALU"), by and through their attorneys,

HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC, in the

alternative, and without prejudice to any denials in any other pleadings, and for their

Third-Party Complaint for Contribution against Third-Party Defendants TRIBUNE COMPANY ("Tribune Company") and FRG MANAGEMENT, INC. ("FRG"), state as follows:

## COUNT I – TRIBUNE COMPANY

1.      Plaintiff F. Joan Johnson commenced the present cause of action by filing a Complaint at Law against  Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU alleging *inter alia* that plaintiff was injured as a result of a trip-and-fall incident that occurred at the Jewel store located at 1202 State Street, Lemont, Illinois on June 7, 2008.   Defendants/Third-Party Plaintiffs filed their answer thereto and denied all material allegations contained therein.

2.      At the time of the alleged occurrence, the Third-Party Defendant Tribune Company had a contract or agreement to deliver newspapers to the Jewel store located at 1202 State Street, Lemont, Illinois.

3.      On or about June 7, 2008, Third-Party Defendant Tribune Company, by and through its agents and/or employees, delivered bundles of newspapers to the Jewel store located at 1202 State Street, Lemont, Illinois.

4.      At or around the time of the alleged occurrence, it was the duty of Third-Party Defendant Tribune Company, by and through duly authorized agents, servants, and/or employees, to properly package, bundle, distribute and deliver the newspapers so as not to cause injury to anyone, including the plaintiff, who was lawfully on the premises alleged in plaintiff's complaint.

5.     On the date of the alleged occurrence, Third-Party Defendant Tribune Company was guilty of one or more of the following negligent acts or omissions by its employees and agents:

(a)     Improperly packaged and bundled the newspapers;

(b)     Improperly failed to remove and cut bands from the bundles when delivering the newspapers for display at the store;

(c)     Failed to make a reasonable inspection of the newspaper bundles when it knew or should have known that the inspection was necessary to prevent injury;

(d)     Failed to properly remove and dispose of all bands used to bundle the newspapers after they were delivered to the store;

(e)     Improperly caused an uncut band used to bundle the papers to be on the ground which caused plaintiff to fall; and

(f)     Was otherwise careless and negligent.

6.     As a result of the aforementioned acts, Third-Party Defendant Tribune Company, by and through its agents and/or employees, proximately caused or contributed to the cause of any injury or damages allegedly sustained by plaintiff F. Joan Johnson.

7.     At the time of the alleged occurrence, there was in full force and effect an act commonly referred to as Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq.

8.     Although Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU have denied any liability to plaintiff F. Joan Johnson and continues to do so, in the event Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU are found liable for any portion of injuries or damages allegedly sustained by plaintiff Johnson and arising from the occurrence complained of, Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's

and SUPERVALU would be entitled to contribution from Third-Party Defendant TRIBUNE COMPANY in the amount commensurate to the relative culpability of Third-Party Defendant TRIBUNE COMPANY in causing the injuries and damages allegedly sustained by plaintiff F. Joan Johnson within the limits allowed by law.

WHEREFORE, Defendants/Third-Party Plaintiffs JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. demand judgment against Third-Party Defendant TRIBUNE COMPANY for contribution in the amount commensurate to the relative culpability of Third-Party Defendant TRIBUNE COMPANY and for a pro rata share of any damages, to the maximum extent allowed by law, and such other and further relief as this Honorable Court deems just.

DEFENDANTS/THIRD-PARTY PLAINTIFFS DEMAND TRIAL BY JURY.

## COUNT II – FRG MANAGEMENT, INC.

1.      Plaintiff F. Joan Johnson commenced the present cause of action by filing a Complaint at Law against Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU alleging *inter alia* that plaintiff was injured as a result of a trip-and-fall incident that occurred at the Jewel store located at 1202 State Street, Lemont, Illinois.   Defendants/Third-Party Plaintiffs filed their answer thereto and denied all material allegations contained therein.

2.      At the time of the alleged occurrence, the Third-Party Defendant FRG had a contract or agreement with the Tribune Company to deliver newspapers to the Jewel store located at 1202 State Street, Lemont, Illinois.

3.      On or about June 7, 2008, Third-Party Defendant FRG delivered bundles of newspapers to the Jewel store located at 1202 State Street, Lemont, Illinois.

4.      At or around the time of the alleged occurrence, it was the duty of Third-Party Defendant FRG, by and through duly authorized agents, servants, and/or employees to properly package, bundle, distribute and deliver the newspapers so as not to cause injury to anyone, including the plaintiff, lawfully on the premises alleged in plaintiff's complaint.

5.      On the date of the alleged occurrence, Third-Party Defendant FRG was guilty of one or more of the following negligent acts or omissions by its employees and agents:

(a)     Improperly packaged and bundled the newspapers;

(b)     Improperly failed to remove and cut bands from the bundles when delivering the newspapers for display at the store;

(c)     Failed to make a reasonable inspection of the newspaper bundles when it knew or should have known that the inspection was necessary to prevent injury;

(d)     Failed to properly remove and dispose of all bands used to bundle the newspapers after they were delivered to the store;

(e)     Improperly caused an uncut band used to bundle the papers to be on the ground which caused plaintiff to fall; and

(f)     Was otherwise careless and negligent.

6.      As a result of the aforementioned acts, Third-Party Defendant FRG, by and through its agents and employees, proximately caused or contributed to the cause of any injury or damages allegedly sustained by plaintiff F. Joan Johnson.

7.      At the time of the alleged occurrence, there was in full force and effect an act commonly referred to as Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq.

6

8.     Although Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU have denied any liability to plaintiff F. Joan Johnson and continues to do so, in the event  Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU are found liable for any portion of injuries or damages allegedly sustained by plaintiff F. Joan Johnson and arising from the occurrence complained of, Defendants/Third-Party Plaintiffs Jewel, Albertson's, New Albertson's and SUPERVALU would be entitled to contribution from Third-Party Defendant FRG in the amount commensurate to the relative culpability of Third-Party Defendant FRG in causing the injuries and damages allegedly sustained by plaintiff F. Joan Johnson within the limits allowed by law.

WHEREFORE, Defendants/Third-Party Plaintiffs JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. demand judgment against Third-Party Defendant FRG MANAGEMENT, INC. for contribution in the amount commensurate to the relative culpability of FRG MANAGEMENT, INC. and for a pro rata share of any damages, to the maximum extent allowed by law, and such other and further relief as this Honorable Court deems just.

DEFENDANTS/THIRD-PARTY PLAINTIFFS DEMAND TRIAL BY JURY.

HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC


By: _____
        Christian R. Rivera



James R. Studnicka
Christian R. Rivera
HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC

Attorneys for Defendants/Third Party Defts.
200 W. Adams Street
Suite 500
Chicago, Illinois 60606
(312) 332-6644
Attorney No. 38836

### *CERTIFICATE OF SERVICE*

I hereby certify that on this date service of a true and correct copy of *Motion of JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. , for Relief from Automatic Stay and Plan Injunctions* was made by CM/ECF and/or United States Postal Service First Class Mail, postage pre-paid on the following:

J. Kate Stickles
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

ARCHER & GREINER, P.C.

By:  */S/ Charles J. Brown, III*

Dated:  February 10, 2011

Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : |
| Debtors | : |
| | : |

## <u>ORDER</u>

Upon consideration of *The Motion of JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. ,for Relief from the Automatic Stay*, it is hereby ORDERED and DECREED that the Motion is GRANTED and that the stay is lifted such that Movants are permitted to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to its final resolution to the extent of applicable insurance proceeds.

Dated: _____        _____

HONORABLE KEVIN J. CAREY

6428373v1