# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FOURTH INTERIM FEE APPLICATION OF JONES DAY

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourth Interim Fee Application of Jones Day* [Docket No. 5191] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $44,867.50 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reimbursement of expenses that total $435.70 for the period from September 1, 2009, through March

31, 2010.[2] Jones Day ("**Jones Day**") serves as special counsel to the Debtors.

**Background**

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint

Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being

jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.    On January 15, 2009, the Debtors filed the *Application for an Order Authorizing

Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters Pursuant to

11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 235] (the

"**Retention Application**").   By order dated March 10, 2009, this Court approved the Retention

Application [Docket No. 501] (the "**Retention Order**").

3.    Jones Day submitted the Fee Application pursuant to the *Order Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket

No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the

Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and

review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish

uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals

to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and

guidelines." *Fee Examiner Order* ¶¶ 1, 3.

---

[2] The Fee Application stated: "As Jones Day did not perform significant work on behalf of the Debtors between
November 1, 2009 and February 28, 2010, for the sake of efficiency and convenience, this Application
summarizes the work performed by Jones Day during all seven months included in the Compensation Period."
(Fee Application, p. 7).

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and

331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications

for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58,

Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for

general compliance with legal precedent established by the United States Bankruptcy Court for the

District of Delaware, the United States District Court for the District of Delaware, the Third Circuit

Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals

"reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the

amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and

the value of such services, taking into account all relevant factors, including (A) the time spent on such

services; (B) the rates charged for such services; (C) whether the services were necessary to the

administration of, or beneficial at the time at which the service was rendered toward the completion of,

a case under this title; (D) whether the services were performed within a reasonable amount of time

commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has

demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is

reasonable based on the customary compensation charged by comparably skilled practitioners in cases

other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application,

including proving that the services provided were necessary and reasonable and that the billed expenses

were necessary, reasonable, and actually incurred.  A fee application must comply with the format and

content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the

exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provides this Preliminary Report to Jones Day for review and comment. The firm provided a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by Jones Day, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $281.25, resulting in an apparent undercharge. The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole, as displayed in the following table.

| Invoice Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| 71227-0001 | Fischer | 10/21/09 | $225.00 | 3.20 | 3.25 | $720.00 | $731.25 | (0.05) | ($ 11.25) |
| 23999-0001 | Proger | 03/22/10 | $900.00 | 0.40 | 0.70 | $360.00 | $630.00 | (0.30) | (270.00) |
| Total Discrepancy (Undercharge) | | | | | | | | (0.35) | ($281.25) |

In response to the Preliminary Report, Jones Day stated that firm practice is to adopt the amount entered into the firm's billing system and computed by the firm's financial department. Accordingly, the firm does not seek to increase the fee request despite the apparent undercharge.

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[3]    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[4] Each entry in the Fee Application was a single activity with a separate time allotment assigned.

11.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. On the whole, Jones Day timekeepers complied with the Local Rules and UST Guidelines regarding time increments. However, staff attorney Lynne Fischer recorded her only two tasks in quarter hour time increments. The Fee Examiner does not intend to recommend a

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

reduction given the *de minimus* nature of this guideline violation, but will revisit the issue should improper time increments appear in future fee applications.

**Review of Fees**

12.   **Firm Staffing.**   The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*   The Fee Application provided the names, positions, and hourly rates of the eight Jones Day professionals and paraprofessionals who billed to this matter, consisting of one partner, two associates, one staff attorney, two paralegals, one law clerk, and one legal support.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A.**[5]

The firm billed a total of 89.75 hours with associated fees of $45,148.75.[6]   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 22.80 | 25% | $20,520.00 | 45% |
| Associate | 41.00 | 46% | 17,652.50 | 39% |
| Staff Attorney | 3.25 | 4% | 731.25 | 2% |
| Paralegal | 11.80 | 13% | 2,777.50 | 6% |
| Law Clerk | 1.00 | 1% | 250.00 | * |
| Legal Support | 9.90 | 11% | 3,217.50 | 7% |
| **TOTAL** | 89.75 | 100% | $45,148.75 | 100% |

* Less than 1%

---

[5]   This Final Report includes exhibits that detail and support the findings discussed herein.   Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.   For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[6]   This figure reflects the Fees Computed.

The blended hourly rate for the Jones Day professionals is $598.32 and the blended hourly rate for professionals and paraprofessionals is $503.05.

13.    **Hourly Rate Increases.**    The Fee Application included time entries from September 1, 2009 through March 31, 2010.    Jones Day increased the hourly rate of two firm timekeepers effective January 1, 2010.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services.    *See 11 U.S.C. § 330(4).*    With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.    Generally, each Jones Day timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*    While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Jones Day timekeepers attended the same meeting, conference, hearing, or other event.    Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.    The entries, totaling 5.40 hours with $3,745.00 in associated fees, were provided to Jones Day in **Exhibit B** to the Preliminary Report.    In each instance where multiple timekeepers attended a meeting, conference hearing or other event, the Fee Examiner

identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 2.80 hours with $1,405.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requests that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Jones Day provided a detailed explanation including the experience, role, and contribution of the participants in the teleconferences at issue. After consideration of the additional information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified only limited instances of intraoffice conferencing.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).* With minimal exceptions, Jones Day timekeepers adequately described the activities performed.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified 2.40 hours with associated fees of $750.00 (provided to the firm in **Exhibit C** to the Preliminary Report) that described revising Jones Day fee statements or monthly bills (in contrast to the compensable activity of preparing the firm's Fee Application) and one entry that describes reconciling payment with fee applications.

In response to the Preliminary Report, Jones Day stated that is has not been the firm's practice in the Delaware courts to write off such time as administrative.  However, the firm agreed to a voluntary fee reduction in the amount of $375.00 (50% of the fees displayed in the attached Exhibit C).

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[7]  The Fee Examiner reviewed each timekeeper's billing activities and identified entries that could be clerical in nature: printing documents and assembling binders and materials, scanning documents, and serving a fee application.  The questioned entries are displayed in **Exhibit D** and total 2.70 hours with $502.50 in associated fees.

Jones Day responded to the Preliminary Report by stating that it has not been the firm's practice, in the course of extensive practice in the Delaware court, to charge a reduced rate for the activities in question.  The Fee Examiner applies the rate of $80.00 per hour to all case professionals for work deemed clerical as a compromise and alternative to recommending no payment at all for work that may be considered firm overhead and incorporated into the rates charged by firm professionals.

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

The Fee Examiner recommends a fee reduction in the amount of $286.50 resulting from adjusting to $80.00 the hourly rate applied to the fee entries displayed in the attached Exhibit D.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any billing entries describing travel by firm timekeepers.

21.    **Jones Day Retention/Compensation.**  Jones Day billed 25.00 hours with associated fees of $7,940.00 to prepare the firm's applications for compensation, which computes to approximately 18% of the Fees Computed.   The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit E**, which is included in this Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Jones Day provided an itemization for the firm expenses that included the category, the date, the description, and the amount.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement of $264.20 for duplication charges

calculated at a rate of $0.20 per page. **Exhibit F** to the Preliminary Report displayed the expense entries.

In response, Jones Day agreed to a voluntary expense reduction in the amount of $132.10. Exhibit F is omitted from this report.

24.    **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. The firm billed $44.92 for computer assisted legal research and the Fee Application did not indicate how the firm calculated this cost. The Fee Examiner requested that Jones Day provide additional information regarding the calculation of the research costs.

In response, Jones Day asserted that the firm's practice is to charge expenses for computer assisted legal research at a rate no more than the actual cost. Given the firm's representation, the Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this Final Report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $44,206.00 ($44,867.50 minus $661.50) and reimbursement of expenses in the amount of $303.60 ($435.70 minus $132.10) for the interim period from September 1, 2009, through March 31, 2010. A summary of the recommendations is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

**JONES DAY**

### SUMMARY OF FINDINGS

#### Fourth Interim Fee Application (September 1, 2009 through March 31, 2010)

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $44,867.50 | |
| Expenses Requested | 435.70 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $45,303.20 |
| | | |
| Fees Computed | $45,148.75 | |
| Expenses Computed | 435.70 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $45,584.45 |
| | | |
| Discrepancy in Fees | ($    281.25) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    281.25) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $44,867.50 | | |
| *Agreed Reduction for Administrative Activities* | | *($375.00)* | |
| *Recommended Reduction for Clerical Activities* | | *(286.50)* | |
| | Subtotal | *($661.50)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $44,206.00 |
| | | | |
| Expenses Requested | $435.70 | | |
| *Agreed Reduction for Photocopies* | | *($132.10)* | |
| | Subtotal | *($132.10)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 303.60 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $44,509.60 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 10th day of February, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for Prepetition
 Lenders, JP Morgan Chase Bank, N.A.)

David A. Hall, Esq.
Jones Day
77 West Wacker
Chicago, IL  60601-1692

W. Andrew Dalton

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|
| 8010 | Proger, Phillip | PARTNER | $900.00 | $900.00 | 22.80 | | $20,520.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $900.00 | | 22.80 | | $20,520.00 |
| | | | | | % of Total: 25.40% | % of Total: | 45.45% |
| 8379 | Thomas, Ryan | ASSOCIATE | $475.00 | $525.00 | 22.50 | | $11,037.50 |
| 180 | Chi, Dennis | ASSOCIATE | $350.00 | $400.00 | 18.50 | | $6,615.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $430.55 | | 41.00 | | $17,652.50 |
| | | | | | % of Total: 45.68% | % of Total: | 39.10% |
| 1609 | Fischer, Lynne | STAFF ATTORNEY | $225.00 | $225.00 | 3.25 | | $731.25 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $225.00 | | 3.25 | | $731.25 |
| | | | | | % of Total: 3.62% | % of Total: | 1.62% |
| 9161 | Sobczak, Arleta | PARALEGAL | $250.00 | $250.00 | 9.50 | | $2,375.00 |
| 3183 | Arnett, Cameron | PARALEGAL | $175.00 | $175.00 | 2.30 | | $402.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $235.38 | | 11.80 | | $2,777.50 |
| | | | | | % of Total: 13.15% | % of Total: | 6.15% |
| 8378 | Comeau, Kevin | LAW CLERK | $250.00 | $250.00 | 1.00 | | $250.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 1.00 | | $250.00 |
| | | | | | % of Total: 1.11% | % of Total: | 0.55% |
| 2945 | Deverines, Jean-Christophe | LEGAL SUPPORT | $325.00 | $325.00 | 9.90 | | $3,217.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $325.00 | | 9.90 | | $3,217.50 |
| | | | | | % of Total: 11.03% | % of Total: | 7.13% |
| | Total No. of Billers: 8 | Blended Rate for Report: | $503.05 | | 89.75 | | $45,148.75 |

EXHIBIT C

ADMINISTRATIVE ACTIVITIES

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 1.50 | 525.00 |
| Sobczak, A | 0.90 | 225.00 |
| | 2.40 | $750.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 2.40 | 750.00 |
| | 2.40 | $750.00 |

EXHIBIT C  PAGE 1 of 3

EXHIBIT C

ADMINISTRATIVE ACTIVITIES

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 09/16/09 Wed | Chi, D 71227-0001/31 | 0.30 | 0.30 | 105.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters<br>RECONCILE PAYMENT WITH FEE APPLICATIONS. |
| 10/07/09 Wed | Sobczak, A 71227-0001/49 | 3.00 | 0.90 | 225.00 | 0.90<br>0.10<br>1.80<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Advice on Antitrust Matters<br>REVIEW AND REVISE SEPTEMBER 2009 FEE STATEMENT (.90):<br>AND E-MAIL TO SCHAEFER (.10):<br>DRAFT, REVIEW AND REVISE COVER PAGES FOR 3RD INTERIM FEE APPLICATION (1.80):<br>E-MAILS AND PHONE CALLS WITH CHI REGARDING SAME (.20). |
| 11/13/09 Fri | Chi, D 23999-0001/4 | 1.20 | 1.00 | 350.00 | 1.00<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Advice on Antitrust Matters<br>DRAFT AND REVISE SEPTEMBER AND OCTOBER BILL (1.00):<br>CALLS WITH NELSON REGARDING SAME (0.20). |
| 11/23/09 Mon | Chi, D 23999-0001/5 | 0.20 | 0.20 | 70.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters<br>DRAFT AND REVISE SEPTEMBER AND OCTOBER BILL. |
| Total | | | 2.40 | $750.00 | | | | |

Number of Entries:    4

EXHIBIT C

ADMINISTRATIVE ACTIVITIES

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 1.50 | 525.00 |
| Sobczak, A | 0.90 | 225.00 |
| | 2.40 | $750.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 2.40 | 750.00 |
| | 2.40 | $750.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT C  PAGE 3 of  3

EXHIBIT D

CLERICAL ACTIVITIES

Jones Day

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Arnett, C | 2.30 | 402.50 | 184.00 | 218.50 |
| Sobczak, A | 0.40 | 100.00 | 32.00 | 68.00 |
| | 2.70 | $502.50 | $216.00 | $286.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Advice on Antitrust Matters | 2.70 | 502.50 | 216.00 | 286.50 |
| | 2.70 | $502.50 | $216.00 | $286.50 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT D

CLERICAL ACTIVITIES

Jones Day

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Arnett, C | 09/16/09   Wed 71227-0001/23 | 2.00 | 2.00 | 350.00 | 160.00 | 190.00 | F | *MATTER NAME: Advice on Antitrust Matters* 1 PRINT CLIENT DOCUMENTS FOR THOMAS AND ASSEMBLE BINDERS IN PREPARATION FOR MEETINGS. |
| | 09/18/09   Fri 71227-0001/24 | 0.30 | 0.30 | 52.50 | 24.00 | 28.50 | F | *MATTER NAME: Advice on Antitrust Matters* 1 PREPARE AND ASSEMBLE MATERIALS FOR THOMAS FOR MEETING. |
| | TOTAL FOR TIMEKEEPER: | | 2.30 | $402.50 | $184.00 | $218.50 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |
| Sobczak, A | 09/24/09   Thu 71227-0001/34 | 0.20 | 0.20 | 50.00 | 16.00 | 34.00 | F | *MATTER NAME: Advice on Antitrust Matters* 1 SCAN AND E-MAIL UPDATED FEE APPLICATION TO CHI. |
| | 10/06/09   Tue 71227-0001/48 | 1.50 | 0.20 | 50.00 | 16.00 | 34.00 | F F F F | *MATTER NAME: Advice on Antitrust Matters* 1 DRAFT AND REVIEW NOTICE OF FILING SEPTEMBER FEE APPLICATION (.20); 2 PREPARE AND SERVE SEPTEMBER FEE APPLICATION (.20); 3 EMAILS WITH HOFFMANN REGARDING SECOND INTERIM FEE APPLICATION (.10); 4 DRAFT, REVIEW AND REVISE COVER PAGES AND NOTICE OF FILING FOR SECOND INTERIM FEE APPLICATION (1.00). |
| | TOTAL FOR TIMEKEEPER: | | 0.40 | $100.00 | $32.00 | $68.00 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |
| TOTAL: NUMBER OF ENTRIES | 4 | | 2.70 | $502.50 | $216.00 | $286.50 | | |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT D

CLERICAL ACTIVITIES

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Arnett, C | 2.30 | 402.50 | 184.00 | 218.50 |
| Sobczak, A | 0.40 | 100.00 | 32.00 | 68.00 |
| | 2.70 | $502.50 | $216.00 | $286.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Advice on Antitrust Matters | 2.70 | 502.50 | 216.00 | 286.50 |
| | 2.70 | $502.50 | $216.00 | $286.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 15.50 | 5,565.00 |
| Sobczak, A | 9.50 | 2,375.00 |
| | 25.00 | $7,940.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 25.00 | 7,940.00 |
| | 25.00 | $7,940.00 |

EXHIBIT E
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 09/03/09 Thu | Chi, D 71227-0001/29 | 0.90 | 0.90 | 315.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* DRAFT AND REVISE JULY FEE APPLICATION. |
| 09/04/09 Fri | Chi, D 71227-0001/30 | 0.70 | 0.70 | 245.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* DRAFT AND REVISE JULY FEE APPLICATION. |
| 09/04/09 Fri | Sobczak, A 71227-0001/4 | 1.20 | 1.20 | 300.00 | 1.00 0.20 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* DRAFT, REVIEW AND REVISE COVER PAGES FOR JULY 2009 FEE STATEMENT (1.00); E-MAILS WITH SCHAEFER AND CHI REGARDING SAME (.20). |
| 09/09/09 Wed | Chi, D 71227-0001/32 | 0.80 | 0.80 | 280.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* REVIEW AND ANALYZE AND SUMMARIZE FEE EXAMINER'S PRELIMINARY REPORT REGARDING SECOND INTERIM FEE APPLICATION. |
| 09/14/09 Mon | Sobczak, A 71227-0001/25 | 1.00 | 1.00 | 250.00 | 0.90 0.10 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* REVIEW AND REVISE AUGUST FEE APPLICATION (.90); E-MAILS WITH SCHAEFER REGARDING SAME (.10). |
| 09/16/09 Wed | Sobczak, A 71227-0001/26 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* REVIEW AUGUST 2009 FEE APPLICATION (.10); E-MAILS WITH CHI REGARDING SAME (.10). |
| 09/21/09 Mon | Chi, D 71227-0001/38 | 3.40 | 3.40 | 1,190.00 | 1.90 1.50 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* DRAFT, REVIEW AND REVISE JULY AND AUGUST FEE APPLICATION (1.90); REVIEW AND RESPOND TO FEE EXAMINERS LETTER REGARDING SECOND INTERIM FEE APPLICATION (1.50). |
| 09/21/09 Mon | Sobczak, A 71227-0001/35 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* DRAFT, REVIEW AND REVISE COVER SHEETS FOR JULY AND AUGUST FEE APPLICATION (.80); E-MAILS WITH CHI REGARDING SAME (.20). |
| 09/23/09 Wed | Sobczak, A 71227-0001/36 | 0.20 | 0.20 | 50.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* E-MAILS WITH SCHAEFER REGARDING REVISIONS TO FEE APPLICATION. |
| 09/23/09 Wed | Sobczak, A 71227-0001/37 | 0.50 | 0.50 | 125.00 | 0.40 0.10 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* REVIEW AND REVISE AUGUST FEE APPLICATION (.40); E-MAILS WITH CHI REGARDING SAME (.10). |
| 09/24/09 Thu | Sobczak, A 71227-0001/34 | 0.20 | 0.20 | 50.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* SCAN AND E-MAIL UPDATED FEE APPLICATION TO CHI. |
| 09/25/09 Fri | Chi, D 71227-0001/33 | 0.50 | 0.50 | 175.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* FINALIZE AND COORDINATE FILING OF JULY AND AUGUST FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/06/09 Tue | Sobczak, A 71227-0001/48 | 1.50 | 1.50 | 375.00 | 0.20 0.20 0.10 1.00 | F F F F | 1 2 3 4 | MATTER NAME: Advice on Antitrust Matters DRAFT AND REVIEW NOTICE OF FILING SEPTEMBER FEE APPLICATION (.20); PREPARE AND SERVE SEPTEMBER FEE APPLICATION (.20); EMAILS WITH HOFFMANN REGARDING SECOND INTERIM FEE APPLICATION (.10); DRAFT, REVIEW AND REVISE COVER PAGES AND NOTICE OF FILING FOR SECOND INTERIM FEE APPLICATION (1.00). |
| 10/07/09 Wed | Sobczak, A 71227-0001/49 | 3.00 | 3.00 | 750.00 | 0.90 0.10 1.80 0.20 | F F F F | 1 2 3 4 | MATTER NAME: Advice on Antitrust Matters REVIEW AND REVISE SEPTEMBER 2009 FEE STATEMENT (.90); AND E-MAIL TO SCHAEFER (.10); DRAFT, REVIEW AND REVISE COVER PAGES FOR 3RD INTERIM FEE APPLICATION (1.80); E-MAILS AND PHONE CALLS WITH CHI REGARDING SAME (.20). |
| 10/12/09 Mon | Chi, D 71227-0001/45 | 1.20 | 1.20 | 420.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters DRAFT/REVISE THIRD INTERIM FEE APPLICATION. |
| 10/12/09 Mon | Chi, D 71227-0001/46 | 0.40 | 0.40 | 140.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters REVIEW/REVISE JONES DAY SEPTEMBER BILL AND DRAFT FEE APPLICATION. |
| 11/05/09 Thu | Sobczak, A 23999-0001/2 | 0.20 | 0.20 | 50.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters E-MAILS WITH CHI REGARDING SEPTEMBER AND OCTOBER FEE APPLICATIONS. |
| 11/11/09 Wed | Chi, D 23999-0001/3 | 1.00 | 1.00 | 350.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters DRAFT AND REVISE SEPTEMBER AND OCTOBER FEE APPLICATION. |
| 11/11/09 Wed | Sobczak, A 23999-0001/1 | 0.50 | 0.50 | 125.00 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Advice on Antitrust Matters REVIEW SEPTEMBER TRIBUNE BILL AND MARK REDACTIONS (.30); REVIEW OCTOBER TIME (.20). |
| 11/13/09 Fri | Chi, D 23999-0001/4 | 1.20 | 1.00 | 350.00 | 1.00 0.20 | F F | 1 2 | MATTER NAME: Advice on Antitrust Matters DRAFT AND REVISE SEPTEMBER AND OCTOBER BILL (1.00); CALLS WITH NELSON REGARDING SAME (0.20). |
| 11/23/09 Mon | Chi, D 23999-0001/5 | 0.20 | 0.20 | 70.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters DRAFT AND REVISE SEPTEMBER AND OCTOBER BILL. |
| 11/25/09 Wed | Chi, D 23999-0001/6 | 0.50 | 0.50 | 175.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters DRAFT AND REVISE SEPTEMBER AND OCTOBER BILL AND COORDINATE FILING OF FEE APPLICATION. |
| 12/19/09 Sat | Chi, D 23999-0001/7 | 2.10 | 2.10 | 735.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters REVIEW AND ANALYZE FEE EXAMINER REPORTS REGARDING SECOND AND THIRD INTERIM FEE APPLICATIONS. |
| 01/07/10 Thu | Chi, D 23999-0001/12 | 0.30 | 0.30 | 120.00 | | F | 1 | MATTER NAME: Advice on Antitrust Matters REVIEW AND ANALYZE FEE EXAMINER RESPONSE TO THIRD INTERIM FEE APPLICATION AND DRAFT RESPONSE TO SAME. |

~ See the last page of exhibit for explanation

EXHIBIT E
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 01/07/10 Thu | Chi, D 23999-0001/13 | 0.10 | 0.10 | 40.00 | | F 1 | *MATTER NAME: Advice on Antitrust Matters* <br> DRAFT FOURTH INTERIM FEE APPLICATION. |
| 01/13/10 Wed | Chi, D 23999-0001/11 | 2.00 | 2.00 | 800.00 | | F 1 | *MATTER NAME: Advice on Antitrust Matters* <br> DRAFT RESPONSE TO FEE EXAMINER'S REPORT REGARDING THIRD INTERIM FEE APPLICATION. |
| 02/01/10 Mon | Chi, D 23999-0001/18 | 0.30 | 0.30 | 120.00 | | F 1 | *MATTER NAME: Advice on Antitrust Matters* <br> REVIEW AND ANALIZE FEE EXAMINER'S FINAL REPORT REGARDING JONES DAY'S THIRD INTERIM FEE APPLICATION. |
| 02/18/10 Thu | Chi, D 23999-0001/19 | 0.10 | 0.10 | 40.00 | | F 1 | *MATTER NAME: Advice on Antitrust Matters* <br> REVIEW AND ANALYZE JANUARY DRAFT BILL. |
| Total | | | 25.00 | $7,940.00 | | | |
| Number of Entries: | 28 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 15.50 | 5,565.00 |
| Sobczak, A | 9.50 | 2,375.00 |
| | 25.00 | $7,940.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 25.00 | 7,940.00 |
| | 25.00 | $7,940.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL