

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

Martin S. Siegel, Esq.
direct dial: 212-209-4829
msiegel@brownrudnick.com

February 10, 2011

**VIA E-MAIL AND U.S. MAIL**

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

    Re:    **In re Tribune Company, Case No. 08-13141 (KJC)**

Dear Chief Judge Carey:

    This firm represents Wilmington Trust Company ("Wilmington Trust"), as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, generally referred to as the PHONES. We write on behalf of Wilmington Trust relating to a discovery dispute with Citibank, N.A. ("Citibank"). Citibank is represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss").[1] While not a proponent of the Debtor/Committee/Lender Plan, Citibank may argue that it is a recipient of a release pursuant to the terms therein.

**Citibank's Wholesale Refusal to Produce Any Relevant Documents**

    The discovery dispute in question arises from Wilmington Trust's First Request for Production of Documents, dated May 13, 2010, to Citibank (the "Citibank Requests"). Wilmington Trust and counsel for Citibank have met and conferred in an effort to compromise and narrow the scope of the Citibank Requests, as memorialized in numerous letters exchanged during spring and summer of 2010. (Ex. A.) The result of these meet and confers was that Citibank has refused to produce *any* documents responsive to the Citibank Requests. Citibank suggests that documents responsive to the Citibank Requests "to the extent they exist, Wilmington Trust already has any communications regarding the PHONES made in connection with recommending the LBO, as well any communications between key personnel at Citibank and CGMI [Citigroup] regarding the PHONES or any other LBO-related issue." (July 9, 2010 Letter, part of Ex. A.) Wilmington Trust renewed requests for this production on January 28,

---

[1] Under separate cover, Wilmington Trust writes regarding discovery it is seeking, on behalf of the Noteholders Plan Proponents, from Citigroup Global Markets, Inc.

2011. Citibank reiterated its position on February 2, 2011 that it would not produce any documents. (*See* Ex. B.) The parties conducted a further meet and confer on February 8, 2011 in which Paul Weiss again confirmed Citibank's position that it would not search for – or produce – documents responsive to the Citibank Requests.

The discovery sought from Citibank is related to Wilmington Trust's claims for equitable subordination, which require resolution before any plan of reorganization can be confirmed. *See, e.g., In re Coram Healthcare Corp.*, 315 B.R. 321, 335 (Bankr. D. Del. 2004). Such documents also are relevant to the enforcement of the contractual subordination of the PHONES notes pursuant to Section 7.15 of the Debtor/Committee/Lender Plan. That section states, in pertinent part:

> '[t]he distributions and treatments provided to claims and interests under this plan take into account and/or confirm to the relative priority and rights of such claims and interests under any applicable subordination and turnover provisions in any applicable contracts, including, without limitations, the phones notes indenture . . . And nothing in [the] plan shall be deemed to impair, diminish, eliminate or otherwise adversely affect the rights or remedies of beneficiaries . . . Of any such contractual subordination and turnover provisions.'

Wilmington Trust specifically disputes the application of any subordination provision in the PHONES Indenture pursuant to Section 14.09 of the PHONES Indenture as it applies to LBO lenders.[2] The LBO lenders are not entitled to enforce the indenture because they did not act in good faith. Those issues will be briefed and be before the Court at the confirmation hearing.

Citibank's objections are not well founded. That Citigroup produced documents responsive to a document request propounded separately does not obviate *Citibank's* obligation to search for and produce relevant documents in *its* possession. Citibank was at all relevant times a subsidiary and affiliate of Citigroup, a key player in the LBO, and Wilmington Trust is entitled to discover any communications between Citibank and Citigroup, or other LBO Lenders, regarding the LBO while Citibank was the indenture trustee to the PHONES notes in order to prove why Citibank neglected its duties as indenture trustee and what role Citigroup played in that neglect. This issue is directly relevant to the settlement of causes of action settled under the Debtor/Committee/Lender Plan and the alleged lack of good faith of the LBO Lenders, including Citigroup.

---

[2] Section 14.09 of the PHONES Indenture states in pertinent part:

"No right of any present or future holder of any Senior Indebtedness to enforce subordination as herein provided shall at any time in any way be prejudiced or impaired by any act or failure to act on the part of the Company or by any act or failure to act, in good faith, by any such holder, or by any noncompliance by the Company with the terms, provisions and covenants of this Indenture, regardless of any knowledge thereof any such holder may have or be otherwise charged with. (emphasis added)."


      In sum, the parties are at an impasse and require the Court's intervention on this issue. We are prepared to address this issue in a telephonic conference or in person at the February 15, 2011 hearing, if the Court desires.

Respectfully,

Martin S. Siegel

cc:  Paul, Weiss, Rifkind, Wharton & Garrison LLP
All Counsel Entitled to Notice Pursuant to
Paragraph 35 of the CMO (*via email*)

1806283