James D. Newbold
**Assistant Attorney General**
**Office of the Illinois Attorney General**
**Revenue Litigation Bureau**
**100 W. Randolph Street**
**Chicago, Il 60601**
**(Tel) (312) 814-4557**
**(Fax) (312) 814-3589**
**James.Newbold@illinois.gov**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 08-13141(KJC)** |
| **Tribune Company, *et al*.,** | ) | **Chapter 11** |
| | ) | **Jointly administered** |
| Debtors. | ) | Re:    Docket No. 7127 |
| | ) | Hearing:    March 7, 2011 |
| | ) | @ 10:00 a.m. |

**Limited Objection of Illinois Secretary of State to Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Indenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the Phone Notes**

Jesse White, Illinois Secretary of State, ("ISOS"), by his attorney, Lisa Madigan,

Illinois Attorney General, objects to the Joint Plan of Reorganization for Tribune

Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf

of its Managed entities, Deutsche Bank Trust Company Americas, in its Capacity as

Successor Indenture Trustee for Certain Series of Senior Notes, Law Indenture Trust

Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series

of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture

Trustee for the Phone Notes  (the "**Noteholders' Plan**") and in support of this objection

states as follows:

1

1.      The ISOS administers the Business Corporation Act of 1983, as amended (hereinafter referred to as the "BCA"), 805 ILCS 5/1.01 et seq. (2010).  In accordance with his statutory duties, the ISOS collects the Illinois franchise tax from corporations registered to do business in the State of Illinois.  A number of the Debtors are so registered.

2.      The Noteholders' Plan at Article 13.6 specifies in detail how it proposes to report paid-in capital under the BCA.  The Noteholders' Plan is objectionable for several reasons.  As detailed below, the proposed reduction in paid-in capital is unclear and is not properly limited in scope.

3.      Article 13.6 of the Plan seeks to reduce the paid-in capital of the Debtors for purposes of the BCA.  The proposed language, however, creates an ambiguity as to the timing of said reduction.  Article 13.6, in its current form, provides that the reduction shall occur "on the Effective Date, after all other transactions necessary to effect this Plan have been consummated."  However, the transactions necessary to effectuate the Plan may not have been consummated by the Effective Date.  For instance, the full number of shares to be issued pursuant to the Plan may not have been issued by the Effective Date.  Under those circumstances, it would be unclear as to the scope of the reduction the ISOS should recognize on the Effective Date: the full reduction, a partial reduction proportionate to the number of shares already issued, or no reduction until all the shares to be issued pursuant to the Plan have been issued.  To remove this ambiguity, the Noteholders' Plan should specify that the reduction occurs on the Effective Date of the Plan.

4.      Article 13.6 of the Plan improperly limits the capital stock to be included in the calculation of Debtors' reduced paid-in capital to issued and outstanding shares of capital stock.  The proposed language would exclude the value of treasury shares which should be included for purposes of the BCA in the calculation of paid-in capital unless and until cancelled in accordance with Sections 9.05 and 9.20 of the BCA.  The limitation to "outstanding" shares should be stricken.

5.      Lastly, Article 13.6 ambiguously states, "Any capital of each corporate Reorganized Debtor remaining in excess of its Article XIII Paid-in Capital Amount shall not be treated as Paid-in Capital for purposes of the BCA."  This clause is overly broad and should be stricken in its entirety.  In its place, the Plan should include the following clarification:

This Section 13.6 shall only apply to capital stock of Reorganized Tribune and

Reorganized Debtors that is contemplated to be issued pursuant to the Plan.

The proposed reduction should only affect transactions contemplated by a confirmed plan of reorganization.  It cannot and should not apply to every conceivable future transaction of the Reorganized Debtors.  If Reorganized Debtors should decide to issue a public offering of stock at some future date, Article 13.6 must make clear that said reduction would not apply.

WHEREFORE, Illinois Secretary of State, Jesse White, requests that the Court deny confirmation of the Noteholders' Plan unless and until they amend the ir Plan to remedy the matters raised in this objection.

By:    Lisa Madigan
       Illinois Attorney General

By: /s/ James D. Newbold
       James D. Newbold
       Assistant Attorney General
       Revenue Litigation Bureau
       100 W. Randolph Street
       Chicago, IL 60601
        (312) 814-4557

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of this objection on the parties listed below by mailing a copy from Chicago, Illinois on February 11, 2011 to:

James Conlan
Sidley & Austin
1 S. Dearborn Street
Chicago, IL 60603

Norman Pernick
Cole, Schotz, Meisel, Forman & Leonard
500 Delaware Ave., Ste. 1410
Wilmington, DE 19801

Howard Seife
Chadbourne & Parke
30 Rockefeller Plaza
New York, NY 10112

Adam Landis
Landis Rath & Cobb
919 Market Street, Ste. 1800
Wilmington, DE 19801

Graeme Bush
Zuckerman Spaeder LLP
1800 M Street, N.W., Ste. 1000
Washington, DC 20036

Bruce Bennett
Hennigan, Bennett & Dorman
865 S. Figueroa Street, Ste. 2900
Los Angeles, CA 90017

Robert Brady
Young Conway Stargatt & Taylor
The Brandywine Bldg. – 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE 19899

Andrew Goldman
Wilmer Cutler Pickering Hale & Dorr
399 Park Ave.
New York, NY 10022

Donald Bernstein
David Polk & Wardell
450 Lexington Ave.
New York, NY 10017

Mark Collins
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Daniel Golden
Akin Gump Strauss Hauer & Feld
One Bryant Park
New York, NY 10036

William  Bowden
Ashby & Geddes
500 Delaware Ave., P.O. Box 1150
Wilmington, DE 19899

David Adler
McCarter & English
245 Park Ave.
New York, NY 10167

Katharine Mayer
McCarter & English
Renaissance Centre
405 N. King Street
Wilmington, DE 19801

David Rosner
Kasowitz, Benson, Torres & Friedman
1633 Broadway
New York, NY 10019

Garvan McDaniel
Bifferato Gentilotti
800 N. King Street, Plaza Level
Wilmington, DE 19801

5

Robert Stark
Brown Rudnick
Seven Times Square
New York, NY 10036

William Sullivan
Sullivan Hazeltine Allison
4 E. 8th Street, Ste. 400
Wilmington, DE 19801


/s/ James D. Newbold