# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

DAVID M. ZENSKY
212.872.1075/1.212.872.1002
dzensky@akingump.com

February 11, 2011

**BY ECF AND HAND DELIVERY**

Chief Judge Kevin J. Carey
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

Re:    *In re Tribune Co., Case No. 08-13141 (KJC)*

Dear Chief Judge Carey:

We write on behalf of the Noteholder Plan Proponent Group (the "Noteholders") pursuant to paragraph 14 of the Case Management Order (the "CMO") to seek an order from this Court compelling the deposition testimony of Daniel Kazan, the Debtors' current Senior Vice President of Corporate Development.[1] We ask that the Court consider this issue at the February 15 hearing. We also write to apprise the Court of issues that have arisen respecting the depositions of several other witnesses.

### Deposition of Daniel Kazan

Mr. Kazan is an officer of the Debtors. On January 28, 2011, the Noteholders served the Debtors with a notice for Mr. Kazan's deposition pursuant to paragraph 4 of the CMO.[2] Upon receiving no word from the Debtors for five days as to Mr. Kazan's availability for a deposition, we emailed Jim Bendernagel of Sidley Austin LLP, counsel to the Debtors, on Wednesday, February 2, to inform him that the Noteholders planned to proceed with Mr. Kazan's deposition on the date and time noticed.

On February 4, a full week after the Noteholders served the Debtors with Mr. Kazan's deposition notice, Debtors' counsel disclosed for the first time that Mr. Kazan was represented by Dewey & LeBoeuf LLP ("Dewey"). Therese King Nohos of Dewey emailed our firm the same day, indicating that Mr. Kazan "reserve[d] all rights to object to the subpoena [sic]." Ms. Nohos subsequently informed us that she was not available to meet and confer regarding Mr. Kazan's deposition until yesterday.

---

[1] Mr. Kazan was the Debtors' Vice President of Development in 2007 before consummation of the LBO.
[2] A true and correct copy of the Noteholders' Notice of Deposition of Daniel Kazan is attached hereto as Exhibit A.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
February 11, 2011
Page 2

Pursuant to the CMO, we met and conferred yesterday afternoon with Mr. Kazan's counsel, but are at an impasse. Mr. Kazan is refusing to appear for a deposition, notwithstanding that he (a) is a current officer of the Debtors; (b) was interviewed by the Examiner in this case; (c) is repeatedly named in the Examiner's Report; and (d) has knowledge of both the Debtors' business projections relied upon in connection with the LBO and VRC's solvency analysis—both of which are highly relevant to this Court's assessment of the reasonableness of the Debtor/Committee/Lender Plan.

We request that the Court compel Mr. Kazan to appear for a deposition in this matter. The Examiner repeatedly cites Mr. Kazan's emails in connection with the Examiner's factual findings and conclusions. For example, the Examiner cites an email from Mr. Kazan as support for the Examiner's conclusion that "[m]anagement was aware that the 2007 budget and the operating plan contemplated reduced 2007 performance relative to actual 2006 results, and . . . expressed concerns about this reduced expected performance." Examiner's Report at Vol. 1, Page 211. The Examiner also noted that in March 2007, Mr. Kazan emailed the Debtors' then-Vice President and Treasurer to tell him that changing the Debtors' financial projections "may raise issues" with one of Sam Zell's advisors because "we've told [Zell's advisor] that we aren't changing our plan based on results from the first two periods." Examiner's Report at Vol. 1, Page 214-215. The day before Mr. Kazan sent that email, he attended a meeting where Mr. Zell's advisor was told that "Tribune had not changed its 2007 projections." Examiner's Report at Vol. 1, Page 389.

Equally as important, the Examiner's Report shows that Mr. Kazan reviewed the solvency analysis performed by VRC, which is central to the fraudulent transfer claims at issue in this case. The record shows that Mr. Kazan also "communicated extensively with various [Citigroup] personnel and transmitted information" respecting various models related to the Debtors' strategic alternatives. Examiner's Report at Vol. 1, Page 302.

As the record indicates, Mr. Kazan played a significant role in events that will be at issue at the upcoming Confirmation Hearing. The Noteholders should have the right to depose Mr. Kazan on such topics.

### Deposition of Kathleen Waltz

On Thursday, February 3, 2011, the Noteholders served a deposition subpoena on Kathleen Waltz, former President and CEO of Orlando Sentinel Communications (the "Orlando Sentinel"), one of the Debtors' significant business segments. Ms. Waltz has knowledge of the Orlando Sentinel's financial performance and business projections in 2007. Such topics are

AKIN GUMP
STRAUSS HAUER & FELD L.L.P.
——————————— Attorneys at Law

Honorable Kevin J. Carey
February 11, 2011
Page 3

highly relevant to the issues that will be litigated at the Confirmation Hearing, which will include an assessment of the reasonableness of the Debtors' projections for determining whether the Debtors were insolvent, inadequately capitalized, or unable to pay their debts as due at the time of Steps One and Two of the LBO.

We have been informed by Ms. Waltz's counsel, Grippo & Elden LLC, that Ms. Waltz intends to move to quash the Noteholders' subpoena in the Southern District of Florida, the jurisdiction from which Ms. Watz's subpoena was issued. Accordingly, we write to apprise Your Honor of the potential motion practice surrounding Ms. Waltz's deposition, and to notify the Court that the Noteholders may require judicial permission to take Ms. Waltz's deposition outside of the February 25 close of fact discovery. Counsel for the Debtors' financial advisor has already requested that the Noteholders take the deposition of a fact witness after the February 25 deadline, and neither the Debtor/Committee/Lender Plan proponents nor the Noteholders objected.

### Depositions of Robert Bellack and Peter Knapp

The Noteholders have also sought the depositions of Robert Bellack, the former Chief Financial Officer and Senior Vice President of the Los Angeles Times (which is owned by the Debtors), and Peter Knapp, the Debtors' former Publishing Group Controller.

The Noteholders served the Debtors with notices for the depositions of Messrs. Bellack and Knapp on January 28, 2011, under the impression that each was still employed by the Debtors. Rather than inform the Noteholders that neither Mr. Bellack nor Mr. Knapp is currently employed by the Debtors, Debtors' counsel stayed silent for nearly a week. On February 4, in response to our follow-up email, Debtors' counsel replied that, with respect to Mr. Bellack, they were in "the process of trying to contact him and will keep [us] apprised." With respect to Mr. Knapp, Debtors' counsel represented that they had "contacted him and he is determining whether he needs to retain counsel. We will keep you apprised."

Nearly another week passed with no update as to the status of Messrs. Bellack or Knapp. Finally, Wednesday evening, in response to our request, Debtors' counsel provided us with the last known addresses for Messrs. Bellack and Knapp. We successfully served Mr. Bellack with a deposition subpoena Wednesday night, but we do not yet know whether Mr. Bellack intends to object to the subpoena in part or in full. A process server attempted to serve Mr. Knapp at his home yesterday, but we were informed that Mr. Knapp's wife refused to accept service and told the process server that Mr. Knapp would return today from an out-of-town trip.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
February 11, 2011
Page 4

    In light of the Debtors' failure to timely notify us of the employment status of Messrs. Bellack and Knapp, and the Noteholders' difficulty in serving both individuals, the Noteholders may require relief from the February 25 fact discovery deadline to take these depositions. The Noteholders will notify the Court promptly if any such relief is needed. While there is currently no dispute ripe for the Court's intervention with respect to Messrs. Bellack and Knapp, we wanted to apprise Your Honor of the delays that we have encountered in trying to depose these individuals in the event that the Noteholders need future relief from the February 25 fact discovery deadline.

    Respectfully submitted,

*David M. Zensky* /BTC

David M. Zensky

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------X
In re:                                          :
                                                :  Chapter 11 Cases
                                                :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                        :  (Jointly Administered)
                                                :
                Debtors.                        :
------------------------------------------------X

## NOTICE OF DEPOSITION OF DANIEL KAZAN

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (made applicable to the above-captioned chapter 11 cases by Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure), and the case management order entered by the Court in the above-captioned case, Aurelius Capital Management, LP, on behalf of its managed entities, by and through its undersigned attorneys, will take the deposition upon oral examination of Daniel Kazan, Senior Vice President of Corporate Development of Tribune Company, at the offices of Sidley Austin LLP, One South Dearborn, Chicago, Illinois, 60603, on February 22, 2011 at 1:00 p.m. Central Standard Time and shall be continued from day to day until completed. The deposition shall be taken before a notary public or other officer authorized by law to administer oaths, shall be recorded by stenographic means, and will be videotaped. Testimony will be taken for all purposes permitted by the Federal Rules of Civil Procedure.

1

New York, New York
January 28, 2011

        By: */s/ David M. Zensky*
            William P. Bowden (I.D. No. 2553)
            Amanda M. Winfree (I.D. No. 4615)
            Ashby & Geddes, P.A.
            500 Delaware Avenue
            P.O. Box 1150
            Wilmington, DE 19899
            (302) 654-1888

                -and-

            Daniel H. Golden, Esq. (admitted *pro hac vice*)
            David M. Zensky, Esq. (admitted *pro hac vice*)
            Abid Qureshi, Esq. (admitted *pro hac vice*)
            Mitchell Hurley, Esq. (admitted *pro hac vice*)
            Akin Gump Strauss Hauer & Feld, LLP
            One Bryant Park
            New York, New York 10036
            (212) 872-1000
            *Counsel to Aurelius Capital Management, LP*