

GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700
FAX:    (312) 558-1195
        (312) 263-7356

To Call Writer Direct
(312) 704-7764
msolis@grippoelden.com

February 11, 2011

**By ECF Filing and Federal Express**

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
824 North Market Street # 500
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)
             Motion To Quash Deposition Subpoena To Kathleen Waltz

Dear Chief Judge Carey:

    We write on behalf of our client, Kathleen Waltz, a former employee of a Tribune subsidiary, the Orlando *Sentinel*. Ms. Waltz left the *Sentinel* three years ago, and has had no current connection to the Tribune or its subsidiaries since then.

    On February 3, 2011, Ms. Waltz received a subpoena issued by the United States Bankruptcy Court for the Southern District of Florida. The subpoena is improper and should be quashed for at least three reasons:

1. Ms. Waltz left the Tribune three years ago and has no information material to the Company's bankruptcy plans that is not already available elsewhere.

2. Ms. Waltz is an individual defendant, sued personally in the stayed Adversary Actions, and the deposition sought under the guise of Plan Confirmation discovery would negate this Court's order that "All rights of such defendants . . . shall be fully preserved."

3. The subpoena is cumulative and seeks information already available more efficiently from other sources. It constitutes an undue burden on Ms. Waltz.

    In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45(c)(3)(A) and (B), Fed. R. Civ. P., we have moved to quash the subpoena in the issuing Court. See, *Rajala v. McGuire Woods, LLP*, 2010 WL 4683979 at *3 (D. Kan. Nov. 12, 2010) (only the issuing court can quash or modify a subpoena under Rule 45, *citing* other cases on

1086480



point.) However, we are amenable to having this Court hear the issue if the Court believes this is the appropriate forum. A copy of our Motion to Quash, filed today in the Southern District of Florida, is attached.

If it is the Court's view that this is the proper forum for this issue, we would appreciate an opportunity to be heard and will make ourselves available at the convenience of the Court. Thank you.

Yours very truly,

Charles S. Bergen

Enclosure
cc:   Brian T. Carney
       James F. Bendernagel

1086480