IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al., <br><br> Debtors. | Chapter 11 <br><br> Cases No. 08-13141 (KJC) <br> Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, et al., <br><br> Plaintiff, <br><br> vs. <br><br> See Attached Exhibit A., <br><br> Defendants. | Adv. Pro. No. Various(KJC) <br><br> Hearing Date: March 1, 2011 at 10:00 a.m. <br> Objection Deadline: February 25, 2011 at 4:00 p.m. |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR EXTENSION OF TIME TO EFFECT SERVICE OF ORIGINAL PROCESS

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**" or "**Tribune**"), by and through its undersigned counsel, hereby moves this Court for entry of an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, extending the time to complete service of process on the defendants in the above-captioned adversary proceedings, and respectfully submits as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

{698.001-W0012824.1.1}

## BACKGROUND

2. On December 8, 2008 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee.

4. On November 29, 2010, the Court entered the Order Granting Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to (A) Toll Certain Causes of Action Against the Debtors Professionals on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550 or, at the Committee's Option, (B) Commence, Prosecute, Settle and Recover Such Actions [D.I. 6657] (the "**Professionals Preference Standing Order**"). The Professionals Preference Standing Order granted the Committee authority to commence and prosecute causes of action under sections 547 and 550 against certain of the Debtors' professionals who received payments from Tribune in the ninety (90) days prior to the Petition Date (collectively, the "**Professional Defendants**").

5. Also on November 29, 2010, the Court entered the Order Granting Amended Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C §§ 547 and 550 [D.I.

6658] (the "**Insiders Preference Standing Order**," together with the Professionals Preference Standing Order, the "**Preference Standing Orders**"). The Insiders Preference Standing Order granted the Committee authority to commence and prosecute causes of action under sections 547 and 550 of the Bankruptcy Code against certain current and former officers and directors and certain business entities for amounts received in the year prior to the Petition Date (collectively, the "**Insider Defendants**").

6. Complaints based on the legal actions identified in the Preference Standing Orders (together, the "**Preference Complaints**," each as identified in **Exhibit A** hereto) have now either been tolled or filed.[1]

7. In December 2010, solicitation commenced with respect to three competing plans: **(i)** the Debtor/Committee/Lender Plan; **(ii)** the Senior Noteholder Plan; and **(iii)** the Bridge Lender Plan (collectively, the "**Plans**"). Confirmation of certain of the Plans may actually result in the claims against the Professional Defendants and Insider Defendants being released or otherwise mooted. The Debtor/Committee/Lender Plan, for example, provides that the claims set forth in the Preference Complaints shall be retained by the Debtors and their estates. *See* Section Debtor/Committee/Lender Plan, Section 5.16. As the successors in interest to the Debtors and their estates, the Reorganized Debtors may enforce, sue on, settle, compromise or outright dismiss such claims. *See id.*

8. In consideration of the above, and to ensure the efficient use of the estates' resources, the Preference Standing Orders provide that the prosecution of the Preference Complaints is stayed, subject to certain limited exceptions, pending a resolution of the proposed

---

[1] Zuckerman Spaeder LLP does not represent the Committee with respect to the prosecution of the identified Preference Complaints against Katten Muchin Rosenman LLP and Paul, Hastings, Janofsky & Walker LLP.

Plans. *See* Professionals Preference Standing Order at p.3; Insiders Preference Standing Order at p.3. The Preference Standing Orders also provide that the Committee may take such steps as are necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted. *See* Professionals Preference Standing Order at p.3; Insiders Preference Standing Order at p.3.

9.  On January 13, 2011, the Court entered the Order Granting Motion For Extension of Time to Complete Service in Adv. Proc. Nos. 10-53963 and 10-54010 [Docket No. 7457]. The time to effectuate service was extended six months, to and including September 1, 2011 for, among other reasons, because the defendants have not all yet been identified. *See id.* at p.2; Motion of the Official Committee of Unsecured Creditors for Extension of Time to Complete Service at ¶¶ 6-8 [Docket No. 7124].

### RELIEF REQUESTED

10.  Rule 4(m) of the Federal Rules of Civil Procedure provides the Committee with 120 days from the filing of the initial Preference Complaints to identify and serve the Professional Defendants and Insider Defendants. If the Committee is unable to notify and/or serve all such parties within those 120 days, its claims against unserved named Professional Defendants and Insider Defendants may be subject to dismissal. The 120-day deadline for serving the Professional Defendants and Insider Defendants is April 4, 2011, or April 6, 2011, as determined based on the date each of the Preference Complaints was filed.[2]

---

[2] The Preference Complaints were filed over a several day period: December 3-5, and 7, 2010. Thus, the earliest deadline by which service must be perfected for certain of the Preference Complaints is April 4, 2011, while the deadline for the remainder is April 6, 2011.

11. By this Motion, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service under Fed. R. Civ. P. 4(m) by six months, to and including October 4, 2011 or October 6, 2011, as determined based on the date the each of the Preference Complaints was filed.

## APPLICABLE AUTHORITY

12. Fed. R. Civ. P. 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

13. Accordingly, this Court must first determine whether good cause exists for failure to serve. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, this Court must extend the time for service pursuant to Fed. R. Civ. P 4(m). *See id.* If good cause does not exist, this Court nevertheless has discretion to extend the time for service. *See id.*; *PCT v. New England Confectionary Co. (In re Fleming Cos.)*, No. 05-78096, 2006 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006).

14. In the Third Circuit, where a plaintiff demonstrates good cause, a court *must* grant an extension of time to effectuate service under Rule 4(m). *See McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Petrucelli*, 46 F.3d at 1308. Even in circumstances where good cause does not exist, a court has full discretion to approve an extension.

15. Good cause is analyzed under an excusable neglect standard, which requires that the plaintiff demonstrate "good faith and some reasonable basis for noncompliance

{698.001-W0012824.1.1}    5

within the time specified by the rule." *See Cain v. Abraxas,* 209 Fed. Appx. 94, 96 (3d Cir. 2006) (citing *MCI Telecom. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995)); *In re Lenox Healthcare, Inc.,* 319 B.R. 819, 822-23 (Bankr. D. Del. 2005).

16. Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith." *See In re Lenox Healthcare,* 319 B.R. at 822 (citing, *inter alia, Consolidated Freightways Corp. v. Larson,* 827 F.3d 916, 919-20 (3d Cir. 1987)); 10 Collier on Bankruptcy, 9006.06 [3], at 9006-14 (15th rev. ed. 2001).

## ARGUMENT

17. Here, the current posture of the bankruptcy cases presents circumstances that provide good cause for extending the deadline to serve the Professional Defendants and Insider Defendants. Under the Debtor/Committee/Lender Plan, the Reorganized Debtors will ultimately succeed as plaintiffs to the Preference Complaints. The Reorganized Debtors will have ample reasons for carefully formulating an approach to prosecuting or settling the Preference Complaints and dealing with the Professional Defendants and Insider Defendants, many of whom have important, ongoing relationships with the Reorganized Debtors. Immediate prosecution of the Preference Complaints by the Committee could hinder or deny the Reorganized Debtors' efforts in this respect. An extension of time to complete service may alleviate the risks inherent with those tensions.

18. Furthermore, the Committee and the Debtors (along with the other major parties in the case), are engaged in a contentious plan confirmation process that has involved countless pleadings, numerous disclosure statements, the competing proposed Plans, extensive discovery, mediation, litigation and more. All of the parties are focused on the critical task at hand:

confirming a plan of reorganization that will facilitate the Debtors' orderly exit from bankruptcy and possibly eliminate, reduce or moot the claims set forth in the Preference Complaints. The immediate prosecution by the Committee of the Preference Complaints against the Professional Defendants and Insider Defendants could result in the needless expenditure of the estates' resources that may not ultimately result in additional recoveries for creditors.

19. For all of these reasons, the good cause requirement is easily satisfied and the requested extension of time should be granted. Preserving good relations with employees, retirees, and professionals who continue to work with the Debtors is very important, especially where the underlying preference claims at issue may never be prosecuted.

20. Alternatively, even if the Court were to find that good cause, as a matter of law, does not exist, it may still grant the requested extension. Such relief is a permissible exercise of this Court's broad power to control its schedule and docket. *See Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967). The Court has previously granted similar relief with respect to Adv. Proc. Nos. 10-53963 and 10-54010. For the above stated reasons, permitting the relief sought herein is an eminently reasonable exercise of that power.

WHEREFORE, the Committee respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit B**, extending the time to effect service of the Complaints by six months, to and including October 4, 2011 or October 6, 2011, as calculated based on the date each of the Preference Complaints was filed.

Dated: February 11, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors*

- and -

Graeme W. Bush
James Sottile
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Special Counsel to the Official Committee of Unsecured Creditors*