# EXHIBIT B

# MANDAVA DECLARATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DECLARATION OF SUNEEL MANDAVA IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(A) AUTHORIZING NON-DEBTOR TRIBUNE (FN) CABLE VENTURES, INC.'S CONTRIBUTION TO TELEVISION FOOD NETWORK, G.P.

I, Suneel Mandava, declare as follows:

1.  I am a Director in the Financial Restructuring Group of Lazard Freres & Co. LLC ("Lazard"), a global, full service investment bank founded in 1848. I joined Lazard in 2003 and have been involved in a broad range of restructurings, public and private financings, and mergers

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and acquisitions transactions over the past 15 years. Lazard has been retained by Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), to provide investment banking and financial advisory services in connection with these chapter 11 proceedings. I have read the Motion for an Order Pursuant to § 105(a) Authorizing Non-Debtor Tribune (FN) Cable Ventures, Inc.'s Contribution to Television Food Network, G.P. (the "Motion")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the transactions described therein. I am authorized to submit this declaration (the "Declaration") in support of the Motion.

2.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

3.      On May 14, 2010, the Bankruptcy Court entered the Order Modifying the Scope of the Retention of Lazard Frères & Co. LLC to Include Investment Banking and Financial Advisory Services Relating to Certain Transactions (D.I. 4409). Pursuant to that Order, Lazard was asked by the Debtors to provide a financial analysis of the investment opportunity presented to the Debtors and non-Debtor Tribune (FN) Cable Ventures, Inc. ("TCV") in connection with the launch and operation of The Cooking Channel as a flanker brand to Food Network.[3]

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] TCV, a non-Debtor subsidiary of Tribune Broadcasting Company and an indirect subsidiary of Tribune, owns a 31.3% partnership interest in Television Food Network, G.P. ("TFN"), which in turn owns and operates "Food Network", a 24-hour lifestyle cable television channel focusing on food and related topics. The remaining 68.7% partnership interest in TFN is collectively held by Scripps Networks, LLC ("Scripps") and Cable Program Management Co., G.P. ("CPMC" and together with Scripps, the "Scripps Parties").

2

4. Specifically, Lazard was asked to assist Tribune's management, as necessary and requested, to analyze the business operations and financial projections of TFN, provide a valuation of the assets contemplated to be contributed by the Scripps Parties to TFN in connection with the launch of The Cooking Channel (the "CC Contribution"); analyze the business, operations, and financial projections of The Cooking Channel; assist Tribune in its valuation analysis of TFN, both prior to and after the CC Contribution; analyze the potential financial impact on TCV of meeting its proportional capital requirement in TFN so as to avoid dilution of its interest in TFN or of abstaining from investing and suffering economic dilution; and assist TCV and Tribune with any other requests related to its evaluation and negotiations with respect to the transactions described above.

### A. VALUATION OF THE CC CONTRIBUTION

5. Lazard undertook an independent valuation analysis and concluded that the $350 million valuation for the CC Contribution is both fair and reasonable, especially in light of the strong launch of The Cooking Channel.

### B. CALCULATION OF THE TCV CONTRIBUTION

6. Lazard, together with the Debtors and their legal financial advisors, reviewed the applicable provisions of the TFN partnership agreement relating to the parties' respective ownership interests, analyzed the impact of the CC Contribution on such interests, and determined that TCV must make a capital contribution of $52,803,821 in order to avoid a dilution of its ownership interest (the "TCV Contribution"). Lazard concluded that to avoid the dilution of its interest in TFN by approximately 5.8% from the date of the CC Contribution, TCV must timely make the TCV Contribution; such dilution is disproportionate to the size of the required capital contribution. The financial projections and asset valuations prepared by Lazard

3

that are contained in the disclosure statement accompanying the presently-pending plan of reorganization anticipate that the TCV Contribution will be made and therefore do not reflect TCV's interest in TFN as being diluted. In my opinion, failure to make the TCV Contribution would negatively impact the distributable value available to creditor constituencies in the Debtors' chapter 11 cases.

### C.  EVALUATION OF INVESTMENT DECISION

7.  Lazard analyzed confidential financial information relating to TFN and also reviewed the benefits of the flanker brand concept and concluded that operating performance of Food Network would most likely be stronger as a result of the launch of The Cooking Channel as a flanker brand and financial results to date have confirmed this expectation. In evaluating whether TCV should make the TCV Contribution, Lazard reviewed and analyzed the proforma financial projections and summary cash flows of The Cooking Channel and Food Network, both on a separate and combined basis. Lazard's analysis compared the projected cash distributions flowing to TCV from its ownership interest in TFN if that interest were diluted or remained constant, and calculated the estimated returns on the proposed investment. Lazard's analysis concluded that the TCV Contribution would yield a very attractive investment return for TCV, Lazard further determined that those conclusions remained valid at a range of assumptions regarding the value of the CC Contribution. For all of these reasons, Lazard has advised TCV and the Debtors that the proposed TCV Contribution to TFN is reasonable and necessary so that TCV may continue to participate in the economics of the TFN partnership without dilution and is justified by the potential return on this investment.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February 2011.

By: Suneel Mandava