# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
Two Prudential Plaza
180 North Stetson Avenue
Suite 3700
Chicago, IL 60601-6710

**Alan N. Salpeter**
tel   +1 312 794 8088
fax  +1 312 729 6588
asalpeter@dl.com

February 14, 2011

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
824 North Market Street #500
Wilmington, Delaware  19801

> Re:   *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)
> Daniel Kazan's Objection to Aurelius Capital Management LP's Motion
> To Compel his February 22, 2011 Deposition

Dear Chief Judge Carey:

      On behalf of Daniel Kazan, Senior Vice President, Investments of Tribune Company ("Tribune"), we object to Aurelius Capital Management LP's untimely[1] motion to compel Mr. Kazan to appear for a deposition on February 22, 2011.  While Aurelius ostensibly seeks to depose Mr. Kazan in connection with plan confirmation discovery, Aurelius has not shown why Mr. Kazan should be deposed before the March 7 confirmation hearing, or why the Court should deviate from its prior ruling limiting the scope of plan confirmation discovery.  It appears that Aurelius' primary motivation in seeking to depose Mr. Kazan now is to gain information for use in certain Adversary Proceedings (defined herein) that currently are stayed by Court order.  Thus, Aurelius' request should be denied *at this time* for three reasons:

1. Mr. Kazan's deposition is not needed for the plan confirmation hearing.  No party has identified Mr. Kazan as a potential witness, and he had no role in negotiating the settlements contained in Debtors' plan.  Any relevant information Mr. Kazan may have regarding Tribune's 2007 leveraged buyout (the "LBO") is cumulative and duplicative of the vast discovery already available.

2. Mr. Kazan is a defendant in two Adversary Proceedings, which are stayed by Court order.  Aurelius should not be permitted to use plan confirmation discovery as a guise to obtain a preview of Mr. Kazan's testimony while

---

[1] Aurelius asks to be heard on Tuesday, February 15, although it did not file its request until late Friday afternoon, depriving Mr. Kazan of the two business days to which he is entitled to respond under the Case Management Order.

Dewey & LeBoeuf LLP is a New York limited liability partnership.

NEW YORK  |  LONDON  |  WASHINGTON, DC  |  ABU DHABI  |  ALBANY  |  ALMATY  |  BEIJING  |  BOSTON  |  BRUSSELS
CHICAGO  |  DOHA  |  DUBAI  |  FRANKFURT  |  HONG KONG  |  HOUSTON  |  JOHANNESBURG (PTY) LTD.  |  LOS ANGELES
MADRID  |  MILAN  |  MOSCOW  |  PARIS  |  RIYADH AFFILIATED OFFICE  |  ROME  |  SAN FRANCISCO  |  SILICON VALLEY  |  WARSAW

       discovery in the Adversary Proceedings is stayed and, indeed, before Mr. Kazan even has had an opportunity to obtain a dismissal of, or assert defenses to, the Adversary Proceedings.

3. Tribune's counsel cannot represent Mr. Kazan in his deposition due to patent conflicts and Mr. Kazan only recently retained the undersigned counsel to represent him in connection with the Adversary Proceedings. Requiring Mr. Kazan to sit for a deposition now would be unduly burdensome and prejudicial given the extremely limited time he and his counsel have to prepare. Aurelius has known of Mr. Kazan's limited role since at least July 2010, when the Examiner issued his Report, yet waited until January 28 to provide Debtors' counsel notice of his proposed deposition. This "wait and hurry up" tactic should not be permitted.

## BACKGROUND

*Mr. Kazan's Role:* Mr. Kazan has been a Tribune employee for over 12 years. He started out in the Law Department as an M&A lawyer. Over the years, he transitioned to the business side and worked his way up to Tribune management. His current title is Senior Vice President, Investments of Tribune Company.

       Prior to the LBO closing, Mr. Kazan was Vice President, Development. As noted in the Examiner's Report, Mr. Kazan was not a member of either Tribune's Board of Directors or executive management during the relevant time period. (Examiner's Report, Vol. I at 46-48.) The Examiner interviewed Mr. Kazan on June 17, 2010. (*Id.* at 35.) The Examiner chose not to depose Mr. Kazan under oath or to re-examine him under oath, as the Examiner apparently did with certain other witnesses. (*Id.* at 33.) We identified approximately 10 references to Mr. Kazan in Volume I of the Examiner's Report (and none in Volumes II and III). Each reference is with regard to one of 6 emails to or from Mr. Kazan, all of which are dated between February 21, 2007 and May 5, 2007. Mr. Kazan's 6 emails are attached to the Report, among over 1000 other exhibits. (*See* Exs. 358, 381, 594, 602, 613, and 1052 to Examiner's Report.) Mr. Kazan's interview statements do not appear to have been quoted in the Examiner's Report. According to Debtors' counsel, Mr. Kazan's documents were produced as part of Debtors' document production. Aurelius' expert, Ralph S. Tuliano, cites certain of Mr. Kazan's emails in his report, filed February 11, 2011.

*Pending Litigation against Mr. Kazan:* Mr. Kazan has been named as a defendant in the following "Adversary Proceedings": (i) *The Official Committee of Unsecured Creditors Committee of Tribune Company v. Fitzsimons et al.*, Adv. Pro. No. 10-54010-KJC (the "LBO Complaint"); and (ii) *The Official Committee of Unsecured Creditors Committee of Tribune Company v. Kazan, (In re Tribune Co. et al.)*, Adv. Pro. No. 10-55598-KJC (the "Preference Complaint"). The LBO Complaint alleges numerous claims arising out of the LBO

The Honorable Kevin J. Carey
February 14, 2011
Page 3

and events leading up to the LBO. The Preference Complaint seeks the return of certain payments allegedly made to Mr. Kazan in December 2007. The Adversary Proceedings against Mr. Kazan were filed on November 1, 2010 and December 3, 2010, respectively. By the Court's (i) 10/27/2010 Order Granting Unsecured Creditors Committees' Standing Motion (Docket No. 6150) and (ii) 11/29/2010 Order Granting Amended Motion of Official Committee of Unsecured Creditors (Docket No. 6658), the Adversary Proceedings against Mr. Kazan are stayed pending resolution of the plan confirmation proceedings. The Court's Orders also provide that "[a]ll rights of defendants . . . shall be fully preserved." *Id.*

*Mr. Kazan's Retention of Counsel:* Mr. Kazan first contacted Dewey & LeBoeuf to represent him in connection with the Adversary Proceedings on or about November 23, 2010. Dewey & LeBoeuf promptly contacted Tribune and its insurance carrier to obtain approval of its fee arrangement, which express approval has yet to occur. On January 27, 2011, Mr. Kazan's counsel sought access to the Debtors' centralized document depository. On February 10, 2011, Therese King Nohos (Dewey & LeBouef) called Jennifer Pelz (Sidley Austin) to determine the status of Mr. Kazan's request for access to the centralized document depository. On February 11, 2011, Ms. Pelz sent an email stating that she was waiting to see if certain parties would object to the request for access but forwarding an index of the documents produced. (*See* Exhibit A.) Thus, we still do not have full access to the document depository.

*Mr. Kazan is Noticed for Deposition:* Mr. Kazan did not learn until January 28, 2011 that his deposition would be sought in connection with plan confirmation discovery. Although Aurelius' Notice of Deposition is improper because Mr. Kazan is not represented by Debtors' counsel, Mr. Kazan's counsel nevertheless met and conferred promptly with Aurelius' counsel to discuss his objection to sitting for a deposition as part of plan confirmation discovery. Aurelius' counsel confirmed that no party identified Mr. Kazan as a potential witness for the plan confirmation hearing. Mr. Kazan's counsel offered to obtain a representation from Debtors' counsel that Debtors would not call Mr. Kazan at the hearing (which Debtors' counsel since have provided) yet Aurelius' counsel maintains that the deposition is necessary. Thus, the parties are at an impasse.

### RELIEF REQUESTED

Mr. Kazan respectfully requests that the Court quash the Deposition Notice and/or enter a protective order barring his deposition *at this time*. Discovery should be barred where "it is unreasonably cumulative or duplicative or [where] the burden or expense of the proposed discovery outweighs its likely benefit." 2/3/2011 Order (Docket No. 7751) at 19 (internal quote omitted). Furthermore, "a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Harry F. Ortlip Co. v. George Hyman Const. Co.*, 126 F.R.D. 494, 497 (E.D. Pa. 1989) *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978).

The Honorable Kevin J. Carey
February 14, 2011
Page 4


Aurelius ostensibly wants to depose Mr. Kazan regarding his recollection of the LBO transaction. But the Court already has limited discovery regarding the LBO for purposes of plan confirmation discovery. *See* 2/3/2011 Order at 19 (Docket No. 7751) (finding that Noteholders "have not demonstrated that an earlier discovery start date [than December 15, 2009] is likely to yield admissible, relevant information needed to litigate approval of the proposed settlement and plan confirmation"). Where Aurelius already has access to Mr. Kazan's documents and the Examiner Report, the granular level of discovery Aurelius now seeks is duplicative and unnecessary for purposes of the plan confirmation hearing.

Indeed, Aurelius' conduct belies the notion that Mr. Kazan's deposition is critical to plan confirmation. Aurelius did not identify Mr. Kazan as a potential plan confirmation witness. Then, Aurelius waited until January 28 to notice Mr. Kazan's deposition for February 22—three days before the close of discovery and weeks after serving its expert report. If Mr. Kazan's knowledge was critical to plan confirmation issues, Aurelius would have named him as a potential hearing witness and sought his deposition testimony so that it could be used in connection with preparing its expert report.

Moreover, permitting the deposition to go forward where Mr. Kazan only recently retained counsel in a case of this complexity would be highly prejudicial and unfair to Mr. Kazan. Even if his counsel had full access to the millions of pages of documents that have been produced in this case (and they do not), they cannot reasonably be expected to review and digest this mass of material in order to adequately prepare Mr. Kazan for a February 22 deposition. Aurelius should not be allowed to preview Mr. Kazan's testimony—or surprise him with documents he has never seen before—while the cases against Mr. Kazan are stayed and his counsel has not had adequate time to prepare.

Respectfully submitted,

*Alan N Salpeter*

Alan N. Salpeter


cc:     David M. Zensky
        Brian T. Carney
        James F. Bendernagel

# EXHIBIT A

**Nohos, Therese King**

| | |
|---|---|
| **From:** | Peltz, Jen [JPeltz@Sidley.com] |
| **Sent:** | Friday, February 11, 2011 4:54 PM |
| **To:** | Nohos, Therese King |
| **Subject:** | RE: Executed Order |
| **Attachments:** | 2011-02-11 Document Depository Index W.PDF; 2011-02-11 Depository Index.pdf; 2011-02-11 Document Depository Index - Aurelius.pdf |

Therese,

Attached please find the three depository indices that we discussed yesterday. As I indicated yesterday, we are still awaiting consent from some of the parties who have produced documents. Please let me know which productions, if any, you would like.

Thanks,

Jen

Jen Peltz
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
312.853.3370 (v)
312.853.7036 (f)

---

**From:** Bishop, Joyce [mailto:JBishop@deweyleboeuf.com] **On Behalf Of** Nohos, Therese King
**Sent:** Thursday, January 27, 2011 4:56 PM
**To:** Peltz, Jen
**Subject:** Executed Order

We represent Dan Kazan in connection with the pending Adversary Complaints filed against him by the Official Committee of Unsecured Creditors for the Tribune Company. Pursuant to the *Depository Order* dated December 15, 2009, I have signed and attached the Acknowledgment form on behalf of my client. Please consult, as necessary, with the "Initial Negotiating Parties" so as to allow us access to the documents.

Thank you for your attention to this matter.

Therese

-----------------------------------------------------------
Therese King Nohos
Counsel
Dewey & LeBoeuf LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 3700
Chicago, IL 60601
Direct: +1 312 794 8027
General: +1 312 794 8000
Fax: +1 312 794 8100
www.dl.com

==============================================================================
Pursuant to U.S. Treasury Department Circular 230, unless we
expressly state otherwise, any tax advice contained in this
communication (including any attachments) was not intended
or written to be used, and cannot be used, for the purpose
of (i) avoiding tax-related penalties or (ii) promoting,
marketing or recommending to another party any matter(s)
addressed herein.

Dewey & LeBoeuf LLP in London is a limited liability partnership registered
in England and Wales under number OC355432 with its registered office at
1 Minster Court, Mincing Lane, London EC3R 7YL and is a law firm regulated
by the Solicitors Regulation Authority. We use the word "partner" to refer
to a member of the LLP, or an employee or consultant who is a lawyer with
equivalent standing and qualifications. A list of the members of
Dewey & LeBoeuf LLP and of the non-members who are designated as partners

```
is available for inspection at the above address. Further important
information about Dewey & LeBoeuf can be found on www.dl.com.

Dewey & LeBoeuf LLP in Doha is licensed by the Qatar
Financial Centre Authority, QFC License Number 00102.

This e-mail message, including attachments, is confidential,
is intended only for the named recipient(s) above and may
contain information that is privileged, attorney work product,
proprietary or exempt from disclosure under applicable law.
The unauthorized use, dissemination, distribution or reproduction
of this e-mail message, including attachments, is strictly
prohibited. If you have received this message in error, or are
not an intended recipient, please immediately notify the sender
and delete this e-mail message, including attachments,
from your computer. Thank you.
===========================================================================
```

---------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
******************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


******************************************************************************************

2/13/2011