IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, <u>et al.</u>, | ) | Case Number 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: March 1, 2011 at 11:00 am ET |
| | ) | Objection Deadline: February 22, 2010 at 4:00 pm ET |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF USDR (CLM #1672, CLM# 2279 AND CLAIM NO. 2827) TO DEBTOR'S FORTIETH OMNIBUS OBJECTION TO CLAIMS (DOCKET # 3792); DECLARATION OF JON DICKINSON; CERTIFICATE OF SERVICE**

**BACKGROUND**

United States Debt Recovery III LP, ("USDR") a creditor via sale, and assignment of the claim(s) of CNI Corporation ("CNI") claim number 1672, My Web Pal, Claim number 2827, and Caruso Management company, Claim number 2279 respond to the debtor's Fortieth Omnibus objection to claims as follows:

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

1

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On December 10, 2008, the Court appointed Epiq bankruptcy Solutions LLC ("EPIQ") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases. (Docket #44)

4. On March 26, 2009 this Court entered that certain Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Docket No. 813]. The order set June 12, 2009 at the last date for filing claims.

5. On April 23, 2009, CNI timely filed its Proof of Claim with EPIQ. The CNI Claim asserts a claim against Tribune and its estate (collectively "Tribune") in the amount of $10,445.00 for unpaid sums under support maintenance and professional services for certain Tribune computer services. EPIQ docketed the CNI as Claim No. 1672. The claim is based on invoices which are attached to the proof of claim.

6. On or about January 8, 2010, CNI sold, transferred and assigned its claim to USDR. Pursuant to Bankruptcy Rule 3001(e)(2), notice of the transfer was provided by the claims agent and following such notice USDR became the holder of the claim. Docket # 3049.

7. The debtor has filed its Fortieth Omnibus objection to various claims, including claim number 1672, 2279 and 2827 now held by USDR. The objection asserts regarding claim number 1672 that "the charges occurred when support had been discontinued." USDR as assignee of CNI disputes this purported basis of this claim

objection. See Declaration of Jon Dickinson filed concurrently herewith. Rather, the net amount of the claim was entirely pre-petition and none of the services relate to the time periods when support had been discontinued.

Regarding claim 2279 the debtor asserts the claim was "previously satisfied in part." USDR hereby requests evidence of any such payments as it is unaware of any payment being made on the claim. USDR has also inquired of the underlying creditor of the status of any known payments since the underlying creditor (Caruso Management) represented to USDR that it had not been paid on the claim.

Regarding claim number 2827, USDR does not dispute that the claim is a general unsecured claim (based on services) and the duplicate section 503(b)(9) priority claim should be modified leaving a single general unsecured claim of $1,029.84.

8. USDR objects to the Fortieth Omnibus Objection and asserts that the debtor has its facts wrong as it relates to claim 1672. Among other things, CNI provides annual support and maintenance for corporate information service departments. CNI has had an ongoing business relationship with Tribune Company for many years. At the request of Tribune Publishing Company, CNI provided annual support and maintenance for various Tribune Publishing sites including Chicago. The support agreement in question was an <u>additional</u> agreement with the Technology division of Tribune Corporate. This Technology Division is completely separate from the newspaper properties mentioned above.

10. The Technology Division is responsible for supporting web servers and infrastructure for the individual newspapers. CNI AdDesk software runs on servers under the supervision of the Technology Division.

11. The debtor previously raised a similar issue in connection with claim 1670. See Declaration of Jon Dickenson. CNI supported that staff to ensure that the CNI AdDesk software was maintained and running 24 hours a day, 7 days a week, 365 days a year including the period March 1, 2009 until February 28, 2009 as set forth in proof of claim number 1670 filed in this case.

12. CNI actually provided support services and software upgrades as required under the agreement and during the time periods set forth in the proof of claim. The contention that the claim is based on charges after support is discontinued is incorrect and inconsistent with the invoices attached to the proof of claim. Further, this was a support and maintenance agreement which required CNI to maintain personnel and expertise on an as needed basis as required by Tribune.

13. USDR requests that its counsel be permitted to appear telephonically in this case but may retain local counsel. Counsel for USDR is a licensed attorney in good standing in the State of California, State Bar #99025, a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures. Counsel for USDR has no past or present disciplinary proceedings in any court.

Respectfully Submitted,

*[signature]*

Nathan E. Jones, (CA State Bar #99025)

Attorney for United States Debt Recovery III LP
PO Box 5241
Incline Village, Nevada 89450
775 832-5250
775 832-5085  FAX
nate@usdrllc.com

## CERTIFICATE OF SERVICE

I, Nathan E. Jones, hereby certify and declare under penalty of perjury that on the 14th day of February, 2011, a copy of the following documents were served:

RESPONSE OF USDR (CLM #1672, CLM# 2279  AND CLAIM NO. 2827) TO DEBTOR'S FORTIETH OMNIBUS OBJECTION TO CLAIMS (DOCKET # 3792); DECLARATION OF JON DICKINSON; CERTIFICATE OF SERVICE

By electronic notification through CM/ECF System for the United States bankruptcy Court for the District of Delaware and via Federal Express for delivery by February 22, 2011 to:

SIDLEY AUSTIN LLP
Attn: James Conlan, Bryan Krakauer, Kenneth P. Kansa, Jillian K. Ludwig
One South Dearborn Street
Chicago IL 60603

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attn: Norman Pernick, J. Kate Stickles, Patrick J. Reilley
500 Delaware Ave, Suite 1410
Wilmington Delaware 19801

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 14, 2011 at Incline Village, Nevada.

_____
Nathan E. Jones