# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Case Number 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| | ) | Hearing Date: April 19, 2010 at 11:00 am ET |
| | ) | Objection Deadline: April 12, 2010 at 4:00 pm ET |
| Debtors. | ) | |
| _____ | ) | |

## DECLARATION OF JON DICKINSON

I, Jon Dickinson Declare:

1. I am an individual residing in New Hampshire, over the age of 21. The facts stated herein are true of my own personal knowledge except as to those facts stated on information and belief and as to those facts I believe them to be true.

2. I am the President of CNI Corporation a firm whose business address is 394 Elm Street, Milford New Hampshire 03055. Among other things, CNI provides annual support and maintenance for corporate information service departments. CNI has had an ongoing business relationship with Tribune Company for many years.

3. At the request of Tribune Publishing Company, CNI provided annual support and maintenance for various Tribune Publishing sites including Chicago, Baltimore, Fort Lauderdale, Orland and Newsday.

4. The support agreement in question was an _additional_ agreement with the Technology division of Tribune Corporate. This Technology Division is completely separate from the newspaper properties mentioned above.

5. The Technology Division is responsible for supporting web servers and infrastructure for the individual newspapers.   CNI  software runs on servers that the Technology Division is responsible for.

6. CNI supported that staff to ensure that the CNI AdDesk software was maintained and running 24 hours a day, 7 days a week, 365 days a year including the period  March 1, 2009 until February 28, 2009 as set forth in proof of claim number 1670 filed in this case.   The agreed upon rate was $1,000 annually for each site and five sites were included.  These services are the basis of claim number 1670 filed in the amount of $5,000.  This claim was sold and transferred to United States Debt Recovery III LP.

7. CNI actually provided support services and software upgrades as required under the agreement and during the time periods set forth in the proof of claim.   The contention that services were never performed is not correct.  Further, this was a support and maintenance agreement which required CNI to maintain personnel and expertise on an as needed basis as required by Tribune.  The funds were due and owing regardless of the amount of usage by Tribune; nevertheless Tribune used the support and maintenance services under the agreement.

   I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration is executed   April 17, 2010 at Milford New Hampshire.

_____

John Dickinson