PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER S DIRECT DIAL NUMBER

212-373-3543

WRITER S DIRECT FACSIMILE

212-492-0543

WRITER'S DIRECT E-MAIL ADDRESS

agordon@paulweiss.com

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899 0032
TELEPHONE (302) 655 4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON*
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
JAMES M DUBIN
ALICE BELISLE EATON
ANDREW J EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
BRUCE A GUTENPLAN
GAINES GWATHMEY III
ALAN S HALPERIN
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
JOYCE S HUANG
DAVID S HUNTINGTON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG

DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
TOBY S MYERSON
JOHN E NATHAN
CATHERINE NYARADY
ALEX YOUNG K OH
JOHN J O NEIL
KELLEY D PARKER
ROBERT P PARKER*
MARC E PERLMUTTER
MARK F POMERANTZ
VALERIE E RADWANER
CAREY R RAMOS
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
PETER J ROTHENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
DANIEL J TOAL
MARK A UNDERBERG
LIZA M VELAZQUEZ
MARIA T VULLO
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
JULIA T M WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

February 14, 2011

<u>Via E-Mail & Electronic Filing</u>

Honorable Kevin J. Carey
Chief United States Bankruptcy
United States Bankruptcy Court for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

<i>In re Tribune Company</i>, Case No. 08-13141 (KJC)

Dear Chief Judge Carey:

  We represent Citibank, N.A. ("Citibank") in this matter. We respectfully submit this letter in response to the Noteholder Plan Proponents' letter, dated February 10, 2011, to this Court (the "Letter"). In short, the Noteholder Plan Proponents' request that Citibank undertake an extensive search of its files at this late date is untimely, unreasonable and not relevant to the issues to be taken up shortly at plan confirmation.

  Citibank is not a proponent or supporter of any proposed plan of reorganization. Indeed, it was not even involved in the Tribune LBO. Rather, Citibank is a former indenture trustee to the PHONES. It is separate and distinct from the Citigroup entities that served as adviser and lender to the Debtors in connection with the LBO transaction that is the subject of this bankruptcy.

  To the extent the complaint filed on March 4, 2010 by Wilmington Trust Company, one of the Noteholder Plan Proponents, includes a fiduciary duty claim against Citibank as indenture trustee, that claim is unique to the PHONES holders and is not

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Kevin J. Carey 2

property of the Debtors' estate.[1] Accordingly, it is not, and never has been, the subject of any releases or settlements in any of the proposed plans.

For theses reasons, and as set forth more below, Citibank has maintained consistently — for nearly nine months — that documents from its files are not relevant to the confirmation process. Yet only now — after six months of lying silent and just weeks before the fact discovery cut-off put in place by the Court — does Wilmington Trust, on behalf of the Noteholder Plan Proponents, seek to involve the Court in this issue. Suddenly, an extensive search of Citibank's files is essential to confirmation and must be completed within a matter of days. Under the circumstances, it is difficult to conclude anything other than that this is more gamesmanship on the part of the Noteholder Plan Proponents.

### A. The Noteholder Plan Proponents Have Known Citibank's Position Since May 2010

On May 13, 2010, Wilmington Trust submitted its First Request For Production of Documents to Citibank, seeking, among other things, any documents relating to Citibank's tenure as indenture trustee to the PHONES and Citibank's role in the LBO transaction. In particular, Wilmington Trust sought emails from Jennifer Cupo, Nancy Forte and Robert T. Kirchner, the same three custodians who are the subject of the Letter.

Citibank made clear its position on May 27, 2010, when it stated the following in response to Wilmington Trusts' requests:

> 1. Citibank objects to the Requests on the ground that they are beyond the scope of the Court's May 13, 2010 Discovery and Scheduling Order for Plan Confirmation. The Requests are designed for the improper purpose of obtaining discovery relating to the March 4, 2010 complaint filed by Wilmington Trust Company ("Wilmington Trust") in a separate adversary proceeding. That complaint asserts, among other things, claims against Citibank in connection with its role as indenture trustee to the holders of certain Exchangeable Subordinated Debentures due 2029 (the

---

[1] As the Court is aware, on March 4, 2010, Wilmington Trust filed a complaint in a separate adversary proceeding, alleging various bankruptcy and other claims against the banks and advisors involved in the LBO. In addition, the complaint asserted a breach of fiduciary duty claim against Citibank, purportedly based on the fact that other, separate and distinct Citibank entities provided advice and financing in connection with the LBO. By order of the Court dated October 8, 2010, the automatic stay that had been in place regarding this adversary proceeding was continued pending confirmation. (Docket No. 5916, re: Docket No. 5908 & 38.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Kevin J. Carey                                                                                           3

"PHONES"). The Requests seek materials concerning events ranging from the creation of the indenture to Citibank's tenure as trustee to Citibank's eventual resignation as trustee. These events, however, do not bear on the propriety of Debtors' proposed plan of reorganization. For these and other reasons set forth below, Citibank will not produce documents in response to the Requests.

2.      Citibank further objects to the Requests on the ground that, as indenture trustee to the PHONES, Citibank played no role whatsoever in connection with the leveraged buy-out transaction (the "LBO") that the Tribune Company and its affiliated debtors (collectively, the "Debtors") entered into in 2007—and which is at the heart of this bankruptcy proceeding. Citibank served as indenture trustee to the PHONES beginning in 2002, years before the LBO transaction was even contemplated. Citibank did not provide financing for any part of the LBO transaction, nor did it advise the Debtors or any other party or entity about any aspect of the transaction. Accordingly, the Requests cannot lead to the discovery of any documents or information relevant to the LBO transaction or any other issue that will further consideration of the Debtors' proposed plan of reorganization.

Citibank reiterated this position in the course of its subsequent meet and confer with Wilmington Trust and memorialized the same in a series of correspondence in June and July 2010. (*See, e.g.*, Ex. A.)

As a result of the discussions between the parties, and as a reasonable accommodation, Citibank agreed to conduct certain additional searches of emails already collected for terms requested by Wilmington Trust. But Citibank did not collect any additional documents directly from Citibank. Wilmington Trust summarized Citibank's position on July 8: "We write to confirm that it is your position that Citibank will not search its files and will not produce responsive documents." (Ex. A.)

At no time between July 8, 2010 and January 28, 2011 did Wilmington Trust (or any of the other Noteholder Plan Proponent) undertake any further efforts to obtain discovery from Citibank. The issue was not even raised in connection with the extensive document requests served on Citigroup by Aurelius Capital Management on December 9, 2010. Indeed, in advance of a meet and confer concerning those requests on January 12, 2011, counsel for Wilmington Trust sent a memo detailing their revised proposals. In that memo, as on the actual call that later took place, no mention was made of Citibank or Wilmington Trust's prior requests whatsoever. (*See* Ex. B.) It was not until two weeks ago, on January 28, that counsel for Wilmington Trust sent an email stating that: "We continue to request that Citibank search the files of and produce documents [in] response to Wilmington Trust's document requests . . . ." (Ex. C.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Kevin J. Carey                                                                                4

It is plainly unreasonable for Wilmington Trust, after over six months and on the eve of the discovery cut off, to attempt to renew its request for these documents. In light of the long lag, it is hard to take seriously Wilmington Trust's claims now that this discovery is essential to the confirmation process.

### B.    Discovery from Citibank Continues to Be Irrelevant

The position Citibank articulated in its May 27, 2010 response, and quoted above, is no less true today. Citibank had no role in the LBO. Moreover, as the Examiner already has found, the one claim that Wilmington Trust alleges to have against Citibank does not belong to the Debtors' estate and is not covered by any of the plans at issue at confirmation — indeed, Wilmington Trust's fiduciary duty claim is stayed pending confirmation.

Likely for these reasons, the Noteholder Plan Proponent's letter purports to focus instead on their claim of "equitable subordination." But as they acknowledge, that claim is directed — as it must be — at the LBO lenders, not Citibank: "The *LBO lenders* are not entitled to enforce the indenture because they did not act in good faith." (Letter at 3.)

Insofar as the Noteholder Plan Proponents wish to explore the good faith of LBO lenders, including by looking for communications between personnel from Citibank and the other Citigroup entities that were involved in the LBO, it already has sufficient information to do so. As Citibank has stated repeatedly since May, Citigroup has previously produced to the Document Depository hundreds of thousands of pages of emails relating to the LBO from the key personnel at Citigroup Global Markets Inc. and Citicorp North America, Inc. — the entities that were actually involved with the LBO. Because these productions necessarily captured emails sent or received by those individuals, to the extent communications about the LBO exist between them and anyone at Citibank, they would have been produced.

For the reasons set forth above, we respectfully request that the Court deny the Noteholder Plan Proponents' request for discovery from Citibank.

                                                                                        Respectfully,

                                                                                        Andrew Gordon

cc:     Brown Rudnick LLP
        All Counsel Entitled to Notice Pursuant to Paragraph 35 of the CMO