# Exhibit A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K GARRISON  (1946 1991)
RANDOLPH E PAUL   (1946-1956)
SIMON H RIFKIND   (1950-1995)
LOUIS S WEISS     (1927-1950)
JOHN F WHARTON    (1927 1977)

UNIT 3601 FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86 10) 6530-9070/9080

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846 0300
FACSIMILE (852) 2840-4300

WRITER S DIRECT DIAL NUMBER
212 373-3543

WRITER S DIRECT FACSIMILE
212 492-0543

WRITER S DIRECT E-MAIL ADDRESS
agordon@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2 CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81 3) 3597 8101
FACSIMILE (81 3) 3597-8120

2001 K STREET NW
WASHINGTON DC 20006 1047
TELEPHONE (202) 223 7300
FACSIMILE (202) 223 7420

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON*
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
JAMES M DUBIN
ALICE BELISLE EATON
ANDREW J EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ROBERT D GOLDBAUM
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
BRUCE A GUTENPLAN
GAINES GWATHMEY III
ALAN S HALPERIN
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
JOYCE S HUANG
DAVID S HUNTINGTON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG

DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
JULIA TARVER MASON
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
TOBY S MYERSON
JOHN E NATHAN
CATHERINE NYARADY
ALEX YOUNG K OH
JOHN J O NEIL
KELLEY D PARKER
ROBERT P PARKER*
MARC E PERLMUTTER
MARK F POMERANTZ
VALERIE E RADWANER
CAREY R RAMOS
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
PETER J ROTHENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
JUDITH R THOYER
DANIEL J TOAL
MARK A UNDERBERG
LIZA M VELAZQUEZ
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

June 15, 2010

**Federal Express**

Katherine S. Bromberg, Esq.
One Financial Center
Boston, MA 02111

*In re Tribune Company et al.*
Case No. 08-13141 (KJC) (Jointly Administered)

Dear Ms. Bromberg:

       We write in response to your letter dated June 11, 2010, concerning the Responses and Objections to Wilmington Trust's First Request for Production of Documents submitted by Citibank, N.A. ("Citibank") on May 27, 2010 ("Responses and Objections"). For the reasons stated below, Citibank maintains its objections to producing any documents in connection with Wilmington Trust's First Request for Production of Documents dated May 13, 2010.

       Your letter purports to identify two basis on which Wilmington Trust Company ("Wilmington Trust") is entitled to discovery from Citibank. Neither is

Doc# US1 6453861v2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Katherine S. Bromberg, Esq.  2

persuasive. To the contrary, the reasoning contained in the letter demonstrates precisely why Wilmington Trust is not entitled to the discovery it seeks and why Citibank's Responses and Objections are fully justified.

*First*, Wilmington Trust claims that the discovery sought from Citibank "is related to Wilmington Trust's claims for equitable subordination." These claims, however, belong to the Debtors' estate, not to Wilmington Trust. As explained in detail in the Debtors' May 24, 2010 submissions to the Examiner, any claims for equitable subordination would benefit the estate's creditors generally and, as illustrated by its own submissions, Wilmington Trust is unable to assert any particularized injury – as is required by law. (*See* Debtors' Brief to the Examiner Regarding Stay Violation of Wilmington Trust Company at 2-10; Brief of Debtors' to the Examiner at 41 n.5.) Thus, any discovery by Wilmington Trust in furtherance of such purported equitable subordination claims is plainly inappropriate.

*Second*, Wilmington Trust claims that it "is entitled to discover what communications Citibank and CGMI had regarding the LBO while Citibank was the indenture trustee to the PHONES to investigate why Citibank neglected its duties as indenture trustee and what role CGMI played in that neglect." This discovery, according to Wilmington Trust, will "illuminate the relationship and communication between Citibank and CGMI relating to Citibank's duties in the role as indenture trustee."

As these statements make perfectly clear, the discovery Wilmington Trust seeks relating to Citibank's service as indenture trustee to the PHONES holders – as we feared – has nothing to do with the Debtors' proposed plan of reorganization currently before the Court. Instead, the discovery is designed to further the breach of fiduciary duty and other claims asserted in the March 4, 2010 complaint filed by Wilmington Trust in an entirely separate adversary proceeding. This is not permissible.

Furthermore, to the extent Wilmington Trust is interested, for whatever reason, in communications between CGMI and Citibank about the LBO transactions, as stated in our Responses and Objections, those communications, if even they exist, are likely contained among the voluminous documents that CGMI has produced to the document depository in this matter in response to the UCC's May 7, 2009 requests.

\*   \*   \*

Doc# US1 6453861v2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine S. Bromberg, Esq.     3

        Based on the foregoing, Citibank stands on its objections to producing any documents in response to Wilmington Trust's First Request for Production of Documents to Citibank.

        Very truly yours,

        *[signature]* /AC

        Andrew G. Gordon

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373 3000
FACSIMILE (212) 757 3990

LLOYD K GARRISON (1946 1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927 1950)
JOHN F WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212 373-3543

WRITER S DIRECT FACSIMILE
212 492-0543

WRITER'S DIRECT E MAIL ADDRESS
agordon@paulweiss.com

UNIT 3601 FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86 10) 6530 9070/9080

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300
FACSIMILE (852) 2840-4300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597 8120

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON*
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
JAMES M DUBIN
ALICE BELISLE EATON
ANDREW J EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ROBERT D GOLDBAUM
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
JOYCE S HUANG
DAVID S HUNTINGTON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG

DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
JULIA TARVER MASON
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R MCCOLM
TOBY S MYERSON
JOHN E NATHAN
CATHERINE NYARADY
ALEX YOUNG K OH
JOHN J O'NEIL
KELLEY D PARKER
ROBERT P PARKER*
MARC E PERLMUTTER
MARK F POMERANTZ
VALERIE E RADWANER
CAREY R RAMOS
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
PETER J ROTHENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
JUDITH R THOYER
DANIEL J TOAL
MARK A UNDERBERG
LIZA M VELAZQUEZ
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

July 2, 2010

**Federal Express**

Katherine Bromberg, Esq.
Brown Rudnick
Seven Times Square
New York, NY 10036

*In re Tribune Company et al.*
Case No. 08-13141 (KJC) (Jointly Administered)

Dear Ms. Bromberg:

We write in response to your letter dated June 23, 2010, concerning Wilmington Trust's First Requests for Production of Documents to Citigroup Global Markets, Inc. ("CGMI"), Citibank, N.A. ("Citibank"), and Citicorp North America ("Citicorp") dated May 13, 2010 (collectively, the "Requests"). As agreed to during our June 17, 2010 meet and confer, we have taken under consideration the proposed modifications to the Requests reflected in your letter. We respond below.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Bromberg, Esq.                                                                                              2

We also write in response to the Notices of Deposition of Julie Persily and Robert Kircher served by Wilmington Trust on June 16, 2010.

### Citibank

You offered to modify the language and number of the Requests directed at Citibank. For the reasons stated in our letter dated June 15, 2010 and discussed during our meet and confer, Citibank maintains its objection to producing any documents relating to Citibank's role as indenture trustee to the PHONES or otherwise. It remains our view that any discovery aimed at Citibank's role as indenture trustee to the PHONES holders or otherwise is inappropriate and irrelevant to the bankruptcy proceeding currently before the Court.

Notwithstanding our continued objection, however, we believe that the documents we have produced to date are more than sufficient for Wilmington Trust to assess any claim it believes it may have against Citibank (or any other Citigroup entity) in connection with Citibank's service as indenture trustee to the PHONES. We agreed to supplement our prior productions to the Official Committee of Unsecured Creditors (the "UCC") by searching for additional references to "PHONES" among the emails previously collected from CGMI in connection with the UCC's requests. We produced such emails to you on June 28, 2010. In addition, we searched these previously collected emails for any additional communications to or from Robert Kirchner, Jennifer Cupo, or Nancy Forte, the Citibank employees who were involved with Citibank's tenure as indenture trustee. This search yielded no additional responsive documents. Thus, to the extent they exist, Wilmington Trust already has any communications regarding the PHONES made in connection with recommending the LBO, as well as any communications between the key personnel at Citibank and CGMI regarding the PHONES or any other LBO-related issue.

### CGMI

Pursuant to CGMI's Responses and Objections to Wilmington Trust's First Requests for Production of Documents, we reviewed the emails collected previously in connection with the document requests propounded by the UCC for non-privileged documents concerning the PHONES and settlement discussions (i.e., documents responsive to Requests Nos. 1, 14, 23 and 24). As referenced above, we produced the results of this search to you on June 28, 2010.

Except as stated below, we also ran the new search terms provided in your letter against this same universe of previously collected emails. We have reviewed the results of that search and have not identified any additional responsive documents.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Katherine Bromberg, Esq.                                                                                              3

        As expected, however, a certain search term— specifically, "bonds"— returned a large number of documents. Because reviewing these documents, many of which are likely unresponsive, would take significantly more time and would be unduly burdensome, we do not agree to do so at this time.

        Finally, we agree to collect and conduct a reasonable review of the emails of Julie Persily. We are in the process of ascertaining the volume of her emails that we will need to review. Once we have done so, we can discuss the timing of the production, as well as any additional limitations necessary to ensure that the review is conducted as expeditiously and efficiently as possible. It is our intention, however, to take the necessary steps to complete our production by the end of the month.

### **Depositions**

        Ms. Persily and Mr. Kircher are both former employees of CGMI. CGMI is not authorized to accept service on their behalf.

        Furthermore, for the reasons set forth above and in our June 15, 2010 letter, we reserve our right to object to any future deposition notices by Wilmington Trust directed at Citibank or its employees.

        Very truly yours,

        /s/

        Andrew G. Gordon



Seven Times Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

Katherine S. Bromberg, Esq.
direct dial: 212-209-4865
kbromberg@brownrudnick.com

July 8, 2010

**VIA E-MAIL AND U.S. MAIL**

Andrew Gordon, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801

    Re:    **In re Tribune Company, No. 08-13141 (KJC)**

Mr. Gordon:

    We write in response to your June 28, 2010 and July 2, 2010[1] letters relating to Wilmington Trust's First Request for Production of Documents, dated May 13, 2010 (the "Requests") to Citibank, N.A. ("Citibank") and to Citigroup Global Markets Inc. ("CGMI") and the associated correspondence. In light of the fact that we have a status conference with the Court on July 14, 2010, we request that you respond to this letter no later than July 9, 2010 at 12:00 pm so that we know where discovery stands.

**A    Citibank**

    In an effort to compromise and narrow the scope of the Requests to Citibank, in our June 23, 2010 letter, without prejudice to Wilmington Trust's rights to seek further discovery, we requested that Citibank (1) identify the names of individuals, in addition to Robert Kirchner, who were involved with Citibank's tenure as Indenture trustee to the PHONES; (2) search the files of those relevant individuals and provide documents responsive to the Requests; (3) conduct such searches to produce "Documents sufficient to show" instead of "All documents", and (4) produce documents responsive to Requests Nos. 2-10 and 13-15.

    In your July 2, 2010 response to our June 23 letter, you confirmed that "Citibank maintains its objection to producing documents relating to Citibank's role as indenture trustee to

---

[1] Although dated July 2, 2010, this letter was not delivered via email or Federal Express until Saturday, July 3, 2010.


Andrew Gordon, Esq
July 8, 2010
Page 2

the PHONES or otherwise." We write to confirm that it is your position that Citibank will **not** search its files and will **not** produce responsive documents.

### B  CGMI

In our June 23, 2010 letter, we confirmed that you would run the term "PHONES" through the entire collection of emails that CGMI collected in response to the Creditors' Committee's discovery requests. CGMI did so and provided production of these results to Wilmington Trust on June 28, 2010. You also agreed to run the following search terms on the entire collection of emails that CGMI collected in response to the Creditors' Committee's discovery requests:

(a) Cushion/equity cushion

(b) Kirchner and the other Citibank representatives that you identified, Jennifer Cupo and Nancy Forte[2]

(c) Citibank/Citi or bank w/in 10 indenture

(d) subordinated/sub debt/sub

(e) junior debt/jr. debt

(f) bonds

In your July 2, 2010 letter, you wrote that you did not complete the review of documents containing the word "bond", but otherwise did not find any other responsive documents.

We also requested that you search the files of Ms. Julie Persily and produce relevant documents from her files. In your July 2, 2010 letter, you agreed to do so. We write to confirm the following: (1) that you will conduct a separate and new search of Ms. Julie Persily's documents, including emails, as that term is defined in the Requests, and that you will produce documents resulting from that search; and (2) that such search will not just be run through the entire collection of emails that CGMI collected in response to the Creditors' Committee's discovery requests, but will instead be conducted separately.

Finally, in our June 15, 2010 letter we requested that to the extent that CGMI has withheld any documents based upon privilege, CGMI must comply with its obligations under Bankruptcy Rule 7026(b)(5) to describe any documents withheld on privilege grounds so that the propriety of the claimed privilege may be evaluated. We requested that you provide a privilege log or other form of adequate description on or before Wednesday, June 16, 2010 in order to evaluate CGMI's claims of privilege. We also requested that to the extent that CGMI produced documents in redacted form, that you provide the basis for each redaction on or before

---

[2] Please confirm that these individuals constitute the complete list of individuals who were involved with Citibank's tenure as Indenture trustee to the PHONES.


Andrew Gordon, Esq
July 8, 2010
Page 3

Wednesday, June 16, 2010 in order to evaluate the basis of redactions. To date CGMI has produced neither a privilege log nor a basis for its redactions. We request that CGMI provide a privilege log or other form of adequate description and a basis for redaction on or before July 12, 2010 at 5:00 pm.

In addition, notwithstanding the Court's May 13 Discovery and Scheduling Order for Plan Confirmation [Docket No. 4366] ordering that responding parties use good faith best efforts to complete all discovery within two weeks of initial requests being served, and such requests having been served on May 13, 2010, and our request in our June 23, 2010 letter that you complete discovery by July 2, 2010, we have received to date only a small production of documents from CGMI constituting the result of the search of its previously collected documents for the term "PHONES". Regarding the discovery relating to Ms. Julie Persily, you stated that it is your "intention . . . to take the necessary steps to complete our production by the end of the month." As you advised us that we need to issue a subpoena to Ms. Persily to obtain her testimony, which we will do, in order to prepare accordingly, we request that the production of documents from Ms. Julie Persily's files be completed by July 21, 2010.

                                                                Respectfully,

                                                                Katherine S. Bromberg

cc:    Steven P. Lamb
        John M. DiTomo
        David W. Brown
        Stephen J. Shimshak
        Martin S. Siegel
        Amanda Varella