# Exhibit B

**Bromberg, Katherine S.**

| | |
|---|---|
| **From:** | Bromberg, Katherine S. |
| **Sent:** | Wednesday, January 12, 2011 4:21 PM |
| **To:** | 'Andrew Levy' |
| **Cc:** | Dash, Andrew S.; 'Andrew Gordon'; 'David W Brown'; Kletter, Dylan P.; 'Zensky, David'; Novod, Gordon Z.; Siegel, Martin S.; 'Chung, Nancy' |
| **Subject:** | RE: In re Tribune 08-13141 (KJC) Meet and Confer |
| **Attachments:** | DOCS_B-#1798357-v1-Meet_and_Confer_Communication_with_Paul_Weiss.DOC |

Andrew, Dan and Dan:

Attached please find a memorandum presenting the issues for tonight's call.

Regards,

Kate



**Katherine S. Bromberg**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4865
F: 212.938.2839
kbromberg@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Bromberg, Katherine S.
**Sent:** Wednesday, January 12, 2011 10:57 AM
**To:** 'Andrew Levy'
**Cc:** Dash, Andrew S.; Andrew Gordon; David W Brown; Kletter, Dylan P.; Zensky, David; Novod, Gordon Z.; Siegel, Martin S.; Chung, Nancy
**Subject:** RE: In re Tribune 08-13141 (KJC) Meet and Confer

Andrew:

6:00 pm works for us.  Please use this dial-in:

Dial-in: 888-255-1499
Passcode: 212-209-4865

Thanks,

Kate



2/10/2011

**Katherine S. Bromberg**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4865
F: 212.938.2839
kbromberg@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Andrew Levy [mailto:ALevy@paulweiss.com]
**Sent:** Wednesday, January 12, 2011 9:25 AM
**To:** Bromberg, Katherine S.
**Cc:** Dash, Andrew S.; Andrew Gordon; David W Brown; Kletter, Dylan P.; Zensky, David; Novod, Gordon Z.; Bromberg, Katherine S.; Siegel, Martin S.; Chung, Nancy
**Subject:** RE: In re Tribune 08-13141 (KJC) Meet and Confer


Kate –

Are you available at 5 p m  or 6 p m  this evening?

Andrew J.P. Levy
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7328 (Direct Phone) | (202) 870-4040 (Cell)
(202) 204-7385 (Direct Fax)
alevy@paulweiss com | www.paulweiss.com



| | |
|---|---|
| From | "Bromberg, Katherine S " <KBromberg@brownrudnick com> |
| To | "Bromberg, Katherine S " <KBromberg@brownrudnick com>, David W Brown/PaulWeiss@PaulWeiss |
| Cc | "Siegel, Martin S " <MSiegel@brownrudnick com>, "Dash, Andrew S " <ADash@brownrudnick com>, "Novod, Gordon Z " <GNovod@brownrudnick com>, "Kletter, Dylan P " <DKletter@brownrudnick com>, Andrew Gordon/PaulWeiss@PaulWeiss, Andrew Levy/PaulWeiss@PAULWEISS, "Chung, Nancy" <nchung@AkinGump com>, "Zensky, David" <dzensky@AkinGump com> |
| Date | 01/12/2011 09 17 AM |
| Subject | RE In re Tribune 08-13141 (KJC) Meet and Confer |



Dan, Andrew and Andrew

I write again to inquire as to your availability on Wednesday, January 12, 2011, to participate in a meet and confer regarding Aurelius's document requests to Citigroup, Inc. served on December 9, 2010.  Please let us know at your earliest convenience

Regards,


2/10/2011

Kate

---

**From:** Bromberg, Katherine S.
**Sent:** Monday, January 10, 2011 7:17 PM
**To:** dbrown@paulweiss.com
**Cc:** Siegel, Martin S.; Dash, Andrew S.; Novod, Gordon Z.; Kletter, Dylan P.
**Subject:** In re Tribune 08-13141 (KJC) Meet and Confer

Dan:

I write to inquire as to your availability on Wednesday, January 12, 2011, to participate in a meet and confer regarding Aurelius's document requests to Citigroup, Inc. served on December 9, 2010. Please let us know at your earliest convenience.

Regards,

Kate



**Katherine S. Bromberg**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4865
F: 212.938.2839
kbromberg@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

*************************************************************************

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that:

Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

*************************************************************************

This message is intended only for the use of the Addressee and may
contain information that is privileged and confidential.  If you are not the
intended recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this communication
in error, please erase all copies of the message and its attachments and

2/10/2011

<u>Email to Paul Weiss</u>

Andrew, Andrew and Dan:

Please find below our email regarding Citi's specific objections. We wanted to circulate it to you for your review in advance of our meet and confer call. Additionally, our initial review indicates that Paul Weiss made similar if not identical objections in their written objections and responses to Aurelius's document requests. Our position regarding Citi's objections set forth below would remain the same with regard to identical objections made on behalf of Paul Weiss. Given the similarities, we thought it would make sense to attempt to reach agreement on as many objections made on behalf of Citi first and then address whether they should apply to Paul Weiss's production in all instances or not, and address any Paul Weiss-specific concerns the parties may have. We lay out some of your objections we would like to discuss at 6:00 pm below.

## **General Objections:**

·       With regard to all objections based on various privileges, including privilege logs, and/or pre-existing orders, such as the Mediation Order and Depository Order, we would like you to confirm that your position is or will be further modified by stipulations, if any, agreed to by the parties.

·       We would like you to confirm that independent of how the parties deal with the Mediation Order and the Depository Order, Citi will not withhold responsive Documents solely on mere Rule 408 grounds.

·       We would like you to confirm that Citi is not withholding the production of any responsive documents pursuant to either Paragraphs 2, 11, and 13 of your General Objections relating to burden, confidentiality, and alleged improper purpose, respectively, of the requests.

·       In paragraph 7 of your General Objections you invoked the Examiner Order and Discharge Order as the basis for non-production of otherwise responsive documents. We do not agree nor understand the basis of your objection. As you know, the orders that you refer to preclude discovery of the Examiner and his Professionals, and not any parties' communications with or concerning the Examiner. As noted in our responses to the specific objections below, we believe all notes and Communications with the Examiner should be produced.

·       In paragraph 8 of your General Objections you object to the requests to the extent they are duplicative of productions made to the Document Depository and in connection with the April Proposed Settlement. We believe these prior productions are insufficient. They represent only a subset of the time period set forth in our requests and new custodians and search terms have been identified. We also believe that all new search terms will need to be run for custodians used in prior productions. We are available to discuss your search protocols on a meet and confer call.

1

**Objections to Definitions:**

·       You object to many of the definitions set forth in our requests as "overbroad,
vague, ambiguous and unduly burdensome, and that it is not possible to know all persons
and entities that Aurelius purports to include" and provide a revised definition for these
terms (see e.g. paragraph 24, 26, 27, 30, 31, 42, 45, 58, 59, 60, 62, 63).  For example, in
paragraph 42 you limit the term "Merrill Lynch" to mean Merrill Lynch Capital
Corporation, Merrill, Lynch Pierce, Fenner & Smith, and Merrill Lynch & Co.  Based on
your definition, to the extent that there are any responsive communications between the
employees of Merrill Lynch and their respective counsel, for instance, those documents
would not be produced.  We cannot agree with such a narrow limitation and would like
you to withdraw your objections to the definitions in this regard and confirm that the
definitions of entities as defined by Aurelius including officers and directors, employees,
board members, and Professionals will be adopted.

·       In Paragraphs 28 and 32, you object to the definitions of "Board of Directors" and
"Committee Individuals" respectively, to replace the definition of Board of Directors and
Committee Individuals as used in your responses and exclude their Professionals.  As
noted above, we request that you withdraw your objection and include in your production
responses Documents and Communications to Aurelius's requests.

·       In Paragraph 31, you object to Definition I, "Committee," and replace this
definition.  Please confirm that you are not excluding from this definition individual
members of the Committee and its Professionals, and that you will produce such
Documents and Communications that involve them which are responsive to Aurelius's
requests to the extent they exist.

       In Paragraph 36, you have objected to the Definition S, "Joint Disclosure Plan,"
and vague and overbroad.  We do not understand your objection.  Notwithstanding those
objections, we would like you to confirm that you will produce Documents and
Communications responsive to our requests to the extent they exist.

·       In Paragraphs 38 and 46, you object to the definitions of "LBO" and "Other
Potential Settlement" on the grounds, among other things, that these definitions are
overbroad and vague.  Notwithstanding those objections, we would like you to confirm
that you will produce Documents and Communications responsive to our requests to the
extent they exist.

·       In Paragraph 40, you object to the definition of "LBO-Related Causes of Action"
as overbroad, vague, ambiguous and unduly burdensome and replace it with the
definition of this term used in the Debtor/Committee/Lender Plan.  We do not understand
your effort to substitute our definition in this regard.  Please advise us if and how you are
intending to limit the definition in by adopting the definition in the
Debtor/Committee/Lender Plan.

·       In Paragraph 48, you object to the definition of "Plans" on the grounds that it is
vague and you replace the definition of "Plans" as used in your Responses.  We do not

understand the basis of your objection.  We understood that these defined terms regarding the Plans were agreed to by the parties and have been used in prior submissions filed with the court.

·       In Paragraph 49, you object to the definition of "Potential LBO Liability Party" and limit the definition of this term as used in your responses to the "named defendants in the Complaints."  We do not understand why you limited to only those named defendants.  If responsive Documents and Communications exist relating  to individuals who were not named defendants in the Complaints, such as any of the Settling Parties who were not named in the Complaints in response to Requests 16, 22, and 29 where this term is used, such Documents and Communications should be produced.

·       In Paragraph 52, you object to the definition of "Relationship" on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and that the time frame set forth in the definition is overbroad.  We do not understand the basis for your objection.  Our definition specified the types of relationships at issue, including professional, personal, and business relationships.  As noted below, with regard to specific document requests we will consider narrowing the scope subject to further internal review by our client and our co-proponents.

·       In Paragraphs 53 and 54, you object to the definitions of "Settlement Analysis" and "Settlement Process," respectively, on the grounds, among other things, that it is calls for the disclosure of information that is Settlement Material as that term is defined in the Depository Order.  As noted above, we would like to confirm that your position is subject to any stipulation reached with regard to the Depository Order and/or Mediation Order and that you are not independently invoking Rule 408 in objecting to the disclosure of responsive documents.

## Objections to Instructions:

·       Instruction 3: You indicate that you will only produce documents "that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans."  To the extent that this is intended to be a limitation on your production of documents responsive to these requests, we believe that such a limitation is inappropriate and do not understand the basis for such a limitation.  Unless the request specifically calls for documents related to the "Plans," Citi should produce responsive, non-privileged documents in its possession regardless of their relation to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, or the Plans.

·       Instruction 8:  You indicate that you will only produce documents as TIFF images.  We believe that you cannot limit your production as such and request that you provide, at a minimum, native files for excel and other spreadsheets as such documents will be unintelligible as only TIFF images.  We would further like to confirm that you will provide us with metadata associated with documents produced electronically.

·       Instruction 20:  You object to the document requests being continuing in nature as contrary to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy

3

Procedure, and the Local Rules for the Delaware Bankruptcy Court. We disagree with your assertion. Should Citi become aware of or acquire additional information relating or referring to any of the document requests, such additional information should be promptly produced.

**Specific Objections:**

·      Requests 1-10: You have refused to produce Documents and Communications responsive to these requests, which address the "relationships" among certain entities and/or individuals, including Tribune, the Settling Parties, Special Committee Individuals, Committee Individuals, and Tribune Individuals, among others, on the grounds that these requests seek documents that are not in Citi's possession and are more easily obtained from other parties. We believe the definitions of Relationship and the entities and individuals included in these requests are clear on their face. Subject to discussion with our client and co-proponent group, we shall consider narrowing the scope of our request such as limiting the definition of "Tribune Individuals" to the Tribune custodians identified by the Debtors for purposes of this request.

·      Request 12: You have refused to produce documents on the grounds that, among other things, the request is vague and calls for documents not in Citi's possession. We do not understand the basis for this objection, and request that to the extent that responsive documents exist and are in Citi's possession, such Documents and Communications be produced.

       Request 17: You have refused to produce documents on the grounds that, among other things, the request is overbroad, not reasonably calculated to lead to discoverable evidence and protected by the attorney-client privilege. We do not understand the basis for this objection, and request that to the extent that responsive, non-privileged documents exist and are in Citi's possession, such letters, bills and invoices be produced.

·      Request 18: You have refused to produce documents on the grounds that, among other things, the request is vague and call for documents protected by the attorney-client privilege and not in Citi's possession. We do not understand the basis for this objection. We believe that to the extent engagement letters, bills, and other invoices responsive to this request are in Citi's possession, they should be produced.

       Request 24: You have refused to produce documents on the grounds that, among other things, the request is overbroad, not reasonably calculated to lead to discoverable evidence and not within Citi's possession. We do not understand the basis for this objection, and request that to the extent that responsive documents exist and are in Citi's possession, such Documents and Communications be produced.

·      Request 25: You have refused to produce document retention policies, litigation hold notices and other documents relating to steps taken to preserve documents by Citi. The document retention policies are not protected by the attorney-client privilege or the work product doctrine and are entirely relevant. In addition, to the extent you are relying on prior productions to the Document Depository or in connection with the April

4

Proposed Settlement, it is relevant to know what retention polices were in effect during the relevant periods. If you intend to assert the attorney-client privilege and/or work product privilege with regard to the litigation hold notice(s), we believe you are still obligated to produce such notices and any other preservation instructions in redacted form so that we can determine the dates and recipients of such communications.

·      Request 26: You object to the production of Documents sufficient to identify claims made or threatened by any Person arising from or relating to the LBO on the basis that these documents are protected by the attorney-client privilege, not in Citi's possession and are more easily obtained from other parties and/or are publicly available. We do not understand the basis for your objection. To the extent that non-privileged Documents responsive to this request are in Citi's possession, such Documents should be produced.

     Request 40: You have objected to the production of Documents or Communications relating to the Examiner on the basis that it calls for material protected by, among other things, the Examiner Order and/or Discharge Order. As stated above, we disagree with your interpretation of these orders. They only protected disclosure of communications between the Examiner and its Professionals, not the Debtors or other parties' communications with the Examiner and its Professionals. To the extent that Citi possesses non-privileged Documents and Communications responsive to these requests, such Documents and Communications should be produced.

     Request 41: You have objected to the production of Documents or Communications relating to the Examiner's Report on the basis that it calls for material protected by, among other things, the Examiner Order and/or Discharge Order. As stated above, we disagree with your interpretation of these orders. They only protected disclosure of communications between the Examiner and its Professionals, not the Debtors or other parties' communications with the Examiner and its Professionals. To the extent that Citi possesses non-privileged Documents and Communications responsive to these requests, such Documents and Communications should be produced.

·      Request 42: You have objected to the production of Documents and Communications requested by but not produced to the Examiner. We do not understand the basis for your objection. To the extent that Citi is aware of any Documents and Communications that were requested by the Examiner during his investigation but not produced at the time, such Documents and Communications are relevant and should be produced.

·      Request 43: You have objected to the production of Communications or notes relating to Communications with the Examiner on the basis that it calls for material protected by, among other things, the Examiner Order and/or Discharge Order. As stated above, we disagree with your interpretation of these orders. They only protected disclosure of communications between the Examiner and its Professionals, not the Debtors or other parties' communications with the Examiner and its Professionals.

5

·     Request 44: You refused to produce Documents and Communications relating to the LBO or financing thereof because such documents were previously produced to the Document Depository. Your refusal is inappropriate given that the court has rejected your efforts to preclude discovery regarding the underlying LBO in preparation for the upcoming confirmation hearing. This prior production is insufficient among other things in terms of missing time periods and new search terms and custodians that are now being proposed. Additionally, our merits-related requests specifically exclude Documents and Communications contained in the Document Depository. To the extent that Citi is in the possession of any of the Documents referred to in (i) through (vi) regarding the LBO transaction and financing thereof (e.g. presentations, projections, balance sheets, financial models, two-step structure of the LBO, solvency analysis, etc.), not contained in the Document Depository, such Documents and Communications should be produced. Moreover, Request 1(iv) seeks the personnel files of all executives and/or management level individuals involved with the LBO. At the present time, we are not aware that such Documents were in fact produced to the Document Depository, but if they have, you should advise us.

    Request 46: You object to the production of Documents and Communications on the grounds that it, among other things, seeks documents not in Citi's possession and you refer Aurelius to the Document Depository. Our request, however, specifically excludes documents contained in the Document Depository. To the extent that non-privileged responsive Documents and Communications are in Citi's possession, they should be produced.

    Request 47: You object to the production of Documents and Communications on the grounds that it, among other things, seeks documents not in Citi's possession and you refer Aurelius to the Document Depository. Our request, however, specifically excludes documents contained in the Document Depository. To the extent that non-privileged responsive Documents and Communications are in Citi's possession, they should be produced

·     Request 48: You object to the production of Documents and Communications relating to the circumstances under which any Settling Party was selected for, or otherwise became involved in any aspect of the LBO on the grounds that it, among other things, seeks documents not in Citi's possession and you refer Aurelius to the Document Depository. Our request, however, specifically excludes documents contained in the Document Depository. To the extent that non-privileged responsive Documents and Communications are in Citi's possession, they should be produced.

    Request 61: You have objected to the production of Documents and Communications relating to the Confirmation Hearing by asserting, among other things that this request is overbroad, not reasonably calculated to lead to discoverable evidence, premature and protected by the attorney-client privilege. We disagree with your objection and do not understand the basis for withholding the production of responsive documents.

·    Request 73:  You have objected to the production of document requests or subpoenas received by Citi in connection with the above-caption case or any related adversary proceeding and all subsequent Communications regarding such requests on the basis that this material is "publically available."  We do not believe that it would be burdensome to re-produce prior document requests or subpoenas given the narrow scope of this request.

Additional Custodians and Search Terms

We understand that in response to the Creditors' Committee's document requests you did the following:

**Custodians:**

-Rosanne Kurmaniak
-Christina Mohr
-Michael Canmann
-Brian Egwele
-John Messina

**Search Terms:**

Tribune; Trib; Trb
Cantigny
Chandler
Chai Trust
Duff & Phelps; D&P; Duff
EGI; EGI-TRB
EGII
ESOP; TESOP
Equity Group Investments
Equity Office Properties
FitzSim*
Foundation AND (Tribune; Trib; Trb; Zell; EGI; EGI-TRB; EGII; ESOP)
GreatBanc
Grenesko
McCormick
Navigant
Osborn*
Sam Investment Trust
(Step 1; Step One; First Step) AND (Tribune; Trib; Trb; Zell; EGI; EGITRB; EGII; ESOP)
(Step 2; Step Two; Second Step) AND (Tribune; Trib; Trb; Zell; EGI; EGITRB;EGII; ESOP)
(S-Corp*/ S Corp*) AND (Tribune; Trib; Trb; Zell; EGI; EGI-TRB; EGII;ESOP)
Tower

Tranche X; Tranche B
Valuation Research; VRC
Zell
<u>We propose the following additional custodians</u>:

Julie Persily
Mallika Singh
Kathy Chang
Jonathan Calder
Mark Simonian
John Apostolides

<u>We also would like to discuss the following additional search terms</u>:

1.  (Bryan) w/1 Krakauer
2.  (Danny or Daniel) w/1 Golden
3.  (Don or Donald) w/2 Bernstein
4.  (James or Jim) w/1 Conlan
5.  (Phil or Phillip) w/1 Dublin
6.  Akin
7.  "April Proposed Settlement"
8.  "bar order"
9.  "Brown Rudnick"
10. (Creditors or Creditor's) w/2 Trust
11. "enterprise value"
12. "Law Debenture"
13. "Litigation Trust"
14. "Preserved causes of action"
15. "Sharing Provision"
16. Settle* w/25 LBO
17. "Wells Fargo"
18. David w/2 Hille
19. Scott w/2 Greissman
20. Lauria
21. Chris or Christopher w/2 Shore
22. Angelo
23. Aur* (due to frequent misspelling of Aurelius)
24. Bendernagel  -
25. bridge
26. Bruce w/1 Bennett
27. Chadbourne
28. Collaps*
29. Damian w/2 Schaible
30. Dennis w/2 Glazer
31. Elliot w/2 Moskowitz
32. examiner or examiners

8

33. fraudulent w/1 conveyance
34. graeme w/1 bush
35. HBD
36. hennigan w/1 bennett
37. intercompan*
38. Judge w/2 Gross
39. Kasowitz
40. Klee
41. Kurtz
42. Lazard
43. LBO
44. le w/1 may
45. leverag* w/25 trib or trb
46. McCarter
47. mediation
48. mediator
49. Seife, Siefe
50. Solven*
51. Sottile
52. swap
53. ucc
54. valuation
55. Zuckerman w/1 Spaeder
56. Dimon