IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
                                        )
In re:                                  )    Chapter 11
                                        )
                                        )    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.[1]              )
                                        )    Jointly Administered
                                        )
        Debtors.                        )    **Hearing Date: March 7, 2011, at 10:00 am**
                                        )    **Objections Due: February 15, 2011, at 4:00 pm**
_____     )

**OBJECTION OF THE UNITED STATES ON BEHALF OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY TO (1) JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS AND OTHERS AND (2) JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT AND OTHERS**

The United States, on behalf of the United States Environmental Protection Agency ("EPA"), files this Objection to (1) the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the official committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. ("Debtors' Plan") (Doc. # 6089) and (2) the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes (the "Pre-LBO Debtholder Plan") (Doc. # 6184). The Plans fail to comply with 11 U.S.C. § 1129(a)(1) and (a)(3) because

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the following page.

Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); [forsalebyowner.com](forsalebyowner.com) corp. (0219); [ForSaleByOwner.com](ForSaleByOwner.com) Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WAIL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

they are inconsistent with the Bankruptcy Code, are contrary to law, and would impermissibly impair the environmental rights and interests of the United States and other governmental units. As a result, neither Plan should be confirmed unless modified as described in Paragraph 8, below.

Background

1. The United States, through EPA, is charged with the police and regulatory responsibility to protect public health and the environment under several environmental statutes, including the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 *et seq.*; the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq.*; the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.*; the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*; and the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2601 *et seq.*

2. Based on Debtors' Statements of Financial Affairs, Debtors have or may have environmental liabilities.

The Plans' Discharge Provisions Are Overbroad and Contrary to the Bankruptcy Code

3. Several provisions of the Plans might be construed to discharge the Debtors inappropriately from environmental liabilities that are not within the definition of "claim" in 11 U.S.C. § 101(5). For example, Section 11.1.1.(b) of the Debtors' Plan could be construed to preclude the United States from asserting against the Debtors not only "Claims," but also "rights," "causes of action, " and "liabilities" "of any kind or nature." The same concern exists with respect to second of the two paragraphs identified on page 94 of the Pre-LBO Debtholder Plan as Section 11.1.1.(a) (referred to herein for clarity as "Second Section 11.1.1(a)"). These provisions are inconsistent with the Bankruptcy Code because certain liabilities under

environmental law are not "claims" under the Bankruptcy Code and thus are not dischargeable under 11 U.S.C. § 1141(d).[2]

<u>The Plans' Discharge Provisions Could Preclude Claims Arising After the Confirmation Date</u>

4. The United States is also concerned that the Debtors' Plan and the Pre-LBO Debtholder Plan might be construed to discharge the Debtors inappropriately from environmental claims that arise on or after the confirmation date. For example, Section 11.1.1(b) of the Debtors' Plan could be construed to discharge the Debtors from claims based on pre-confirmation acts and events, even though environmental claims may arise after confirmation, and hence not be subject to discharge, even if certain acts or events related to the debtor's liability (*e.g.*, the debtor's disposal of hazardous substances) occurred before confirmation.[3] The same concern arises from the language of Second Section 11.1.1(a) of the Pre-LBO Debtholder Plan.

5. Other provisions in the Debtors' Plan and the Pre-LBO Debtholder Plan are of concern to the United States because they might be construed to release the Reorganized Debtors inappropriately from environmental liability for real property that they own or operate after confirmation. For example, Section 5.7 of the Debtors' Plan states: "[A]ll property of the

---

[2] *See* 11 U.S.C. § 101(5) (defining "claim" to include in part a "right to an equitable remedy for breach of performance *if such breach gives rise to a right to payment* . . . .") (emphasis added); *see also See United States v. Apex Oil Co.,* 579 F.3d 734 (7th Cir. 2009); *Torwico Elecs., Inc. v. N.J. Dep't of Envtl. Prot.* (*In re Torwico Elecs., Inc.*), 8 F.3d 146, 151 n.6 (3d Cir. 1993) (a state order requiring the closure of a seepage pit was not a claim because the debtor's "obligation was an obligation to ameliorate ongoing pollution; it had no option to pay for the right to allow its wastes to continue to seep into the environment")*; United States v. LTV Corp.* (*In re Chateaugay Corp.*), 944 F.2d 997, 1008 (2d Cir. 1991) ("any order that to any extent ends or ameliorates continued pollution is not . . . a 'claim'" because "EPA . . . has no authority to accept a payment from a responsible party as an alternative to continued pollution"); *In re Mark IV Industries*, 438 B.R. 460 (Bankr. S.D.N.Y. 2010) (A reorganized debtor's obligation under a New Mexico statute to clean up a nondebtor-owned site was not a "claim" that was discharged in the debtor's bankruptcy).

[3] *See, e.g., In re Reading Co.*, 115 F.3d 1111 (3d Cir. 1997); *In re Crystal Oil Co.*, 158 F.3d 291, 296 (5th Cir. 1998); *In re Jensen*, 995 F.2d 925, 930 (9th Cir. 1993) (same); *In re Chicago, Milwaukee, St. Paul & Pac. R.R.*, 974 F.2d 775, 786 (7th Cir. 1992) (Superfund claim arises when the claimant can tie the debtor to a known release of a hazardous substance which the claimant knows will lead to response costs, and the claimant has conducted tests with regard to the contamination).

Debtors and their Estates, including all claims, rights and causes of action and any property acquired by the Debtors or the Reorganized Debtors under or in connection with the Plan (but excluding the Preserved Causes of Action), shall vest in the Reorganized Debtors free and clear of all Claims, Liens, charges, other encumbrances and Interests." Virtually the same language appears in Section 5.7 of the Pre-LBO Debtholder Plan. Courts have held that environmental liabilities based on a reorganized debtor's post-confirmation ownership or operation of real property spring anew after confirmation, notwithstanding any prior discharge.[4]

The Plans Could Inappropriately Frustrate Governmental Enforcement of Environmental Law

6. The Debtors' Plan and the Pre-LBO Debtholder Plan also contain injunctive language that might be construed to inappropriately preclude the government from enforcing environmental law. Section 11.1.2., which is the same in both the Debtors' Plan and the Pre-LBO Debtholder Plan, states that "all Persons that hold, have held, or may hold a Claim or other debt or liability that is discharged . . . are permanently enjoined from . . . (i) commencing or continuing any action or other proceeding against the Debtors, the Reorganized Debtors or their respective property. . . ." Because the discharge and release provisions in both Plans are susceptible to an interpretation that is overly broad, as described above, the injunction in Section 11.1.2. might be interpreted to bar the government from pursuing the Reorganized Debtors for environmental liabilities that are not dischargeable. Such an injunction is not permissible under any provision of the Bankruptcy Code, including 11 U.S.C. §§ 105(a) and 524.

7. Further, both Plans contain language that could be construed as giving the Bankruptcy Court exclusive jurisdiction over certain actions that represent the government's

---

[4] *See, e.g., In re CMC Heartland Partners*, 966 F.2d 1143, 1146 (7th Cir. 1992) (Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9606, "creates a claim running with the land"); *In re General Motors Corp.*, 407 B.R. 463, 508 (Bankr. S.D.N.Y. 2009) (owner of contaminated property acquired in bankruptcy is responsible for environmental issues "existing even at the outset of the acquirer's ownership").

exercise of its police or regulatory powers, and that should properly be heard in other jurisdictions.  *See* Section 12.1 of both the Debtors' Plan and the Pre-LBO Debtholder Plan (providing that the Bankruptcy Court "will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and this Plan to the fullest extent permitted by law").  While "the bankruptcy court plainly [has] jurisdiction to interpret and enforce its own prior orders,"[5] it may not divest other courts of their concurrent jurisdiction to interpret and enforce those orders.  Rather, if the government, post-reorganization, asserts environmental liabilities in a non-bankruptcy court of competent jurisdiction, that court may hear and determine all issues raised in the action, including whether the defendant can rely on a prior discharge as an affirmative defense.  Adjudication of such a discharge defense is a proceeding "related to" a case under Chapter 11, over which the bankruptcy court, as a unit of the district court, has "original, *but not exclusive* jurisdiction."[6]

United States' Proposed Language to Cure Defects in Plans

8.     The defects in the Plans described above can be cured if the confirmation order includes the following proposed language:

> Nothing in this Order or the [Debtors' Plan] [Pre-LBO Debtholder Plan] discharges, releases, or precludes: (i) any environmental liability to a governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a Claim; (ii) any environmental Claim of a Governmental Unit arising on or after the Confirmation Date; or (iii) any environmental liability to a Governmental Unit on the part of any entity as the owner or operator of real property after the Confirmation Date.  Nor shall anything in this Order or the [Debtors' Plan] [Pre-LBO Debtholder Plan] enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.  Notwithstanding any other provision in this Order or the [Debtors' Plan] [Pre-LBO Debtholder Plan], nothing in the [Debtors' Plan] [Pre-LBO Debtholder

---

[5] *Travelers Indem. Co. v. Bailey*, __ U.S. __, 129 S. Ct. 2195, 2205 (2009).

[6] 28 U.S.C. § 1334(b) (emphasis added).  *Cf. Whitehouse v. LaRoche*, 277 F.3d 568, 576 (1st Cir. 2002) (under section 523 of the Bankruptcy Code, 11 U.S.C. § 523, except for several specific grounds for nondischargeability, "creditors seeking a nondischargeability determination need not submit to the jurisdiction of the bankruptcy court, but instead may invoke the jurisdiction of any appropriate nonbankruptcy forum either before or after the bankruptcy proceeding has been closed.").

Plan] or Confirmation Order shall divest any court or administrative agency or tribunal of its valid jurisdiction, or enjoin any governmental unit from proceeding before such court or administrative agency or tribunal.

## Conclusion

The United States respectfully requests that the Plan not be confirmed without the inclusion in the confirmation order of the language proposed above.

    Respectfully submitted,

    ELLEN M. MAHAN
    Deputy Chief


    /s/ Thomas P. Carroll
    THOMAS P. CARROLL
    Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    P.O. Box 7611
    Washington, DC  20044-7611
    (202) 514-4051

DATE:  February 15, 2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 09-10478 (BLS) |
| TRIBUNE COMPANY, et al. | ) |
|  | ) Jointly Administered |
|  | ) |
| Debtors. | ) **Hearing Date: March 7, 2011, at 10:00 am** |
|  | ) **Objections Due: February 15, 2011, at 4:00 pm** |

## DECLARATION OF SERVICE

I hereby certify that on February 15, 2011, I electronically filed a copy of the foregoing Objection with the Clerk of the Court and caused electronic service to all parties registered to receive electronic notice through the Court's CM/ECF system. I further certify that I also served the foregoing Objection and the notice of electronic filing by facsimile on the following counsel for the parties:

| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Janet E. Henderson<br>Kevin T. Lantry<br>Jessica C.K. Boelter<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telecopier: (312) 853-7036 | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telecopier: (302) 652-3117 | |
|---|---|---|
| *Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates* | | |
| CHADBOURNE & PARKE LLP Howard Seife<br>David M. Le May<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telecopier: (212) 541-5369 | LANDIS RATH & COBB LLP<br>Adam G. Landis<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801 Telecopier: (302) 467-4450 | ZUCKERMAN SPAEDER LLP Graeme W. Bush<br>James Sottile<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C. 20036<br>Telecopier: (202) 822-8106 |
| *Counsel For the Official Committee of Unsecured Creditors* | | |

| | |
|---|---|
| HENNIGAN, BENNETT & DORMAN LLP<br> Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>865 South Figueroa Street, Suite 2900 Los Angeles, California 90017<br>Telecopier: (213) 694-1234<br>*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P* | YOUNG CONAWAY STARGATT & TAYLOR, LLP Robert S. Brady (No. 2847)<br>M. Blake Cleary (No. 3614)<br>The Brandywine Building — 17th Floor<br>1000 West Street, Post Office Box 391<br>Wilmington, Delaware 19899 0391<br>Telecopier: (302) 571-1253 |
| WILMER CUTLER PICKERING HALE & DORR LLP<br>Andrew Goldman<br>399 Park Avenue<br>New York, New York 10022<br>Telecopier: (212) 230-8888<br>*Co-Counsel For Angelo, Gordon & Co, L.P.* | |
| DAVIS POLK & WARDWELL LLP<br>Donald S. Bernstein<br>Damian S. Schaible<br>450 Lexington Avenue<br>New York, New York 10017<br>Telecopier: (212) 701 5800<br><br>*Counsel For JPMorgan Chase Bank, N.A* | RICHARDS LAYTON & FINGER<br>Mark Collins<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telecopier: (302) 651-7701 |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br> Daniel H. Golden<br>Philip C. Dublin One<br>Bryant Park<br>New York, NY 10036<br>Telecopier: (212) 872-1002<br>*Counsel for Aurelius Capital Management, LP* | ASHBY & GEDDES, P.A.<br>William P. Bowden (ID. No. 2553) Amanda M. Winfree (I.D. No. 4615) 500 Delaware Avenue, P.O. Box 1150 Wilmington, DE 19899<br>Telecopier: (302) 654-2067 |
| McCARTER & ENGLISH, LLP<br> David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>Telecopier: (212) 609-6921<br>*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes* | McCARTER & ENGLISH, LLP<br> Katharine L. Mayer (I.D. No. 3758)<br> Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>Telecopier:  302-984-6399 |
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Richard F. Casher<br>1633 Broadway<br>New York, New York 10019<br><br>Telecopier: (212) 506-1800<br>*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes* | BIFFERATO GENTILOTTI LLC<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>Telecopier: (302) 429-8600 |
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>Telecopier (212) 209-4801<br>*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes* | SULLIVAN HAZELTINE ALLINSON LLC William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>Telecopier:  (302) 428-8195 |

/s/ Thomas P. Carroll
THOMAS P. CARROLL, Senior Attorney
U.S. Department of Justice