IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| TRIBUNE COMPANY, *et al.*, : | Case No.: 08-13141 (KJC) |
| : | |
| Debtors. : | Jointly Administered |
| : | |
| : | **Objection Deadline: February 15, 2011 at 4:00 p.m. ET** |
| : | **Hearing Date: March 7, 2011 at 10:00 a.m. ET** |
| : | Related to Docket Nos. 7089, 7127 & 7136 |
| : | |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CCI EUROPE A/S TO CONFIRMATION OF PROPOSED PLANS OF REORGANIZATION

CCI Europe A/S ("CCI"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of its executory contracts under the proposed Plans (as defined below), and as grounds for such Objection, respectfully states as follows:

1. CCI and one or more of the above-captioned debtors (collectively, the "Debtors") are parties to certain executory contracts (the "CCI Contracts") under which the Debtors owe outstanding amounts, which amounts are memorialized in the Debtors' schedules and/or in proofs of claim filed by CCI in the Debtors' chapter 11 cases.

2. Pursuant to Section 6.1.1 of (i) the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 7136) (as amended, the "Debtor/Committee/Lender Plan"); (ii) the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of Its Managed Entities, Deutsche Bank Trust Company Americas, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior

Notes, Law Debenture Trust Company of New York, in Its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in Its Capacity as Successor Indenture Trustee for the Phones Notes (Docket No. 7127) (as amended, the "Noteholder Plan"); and (iii) the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by King Street Acquisition Company, L.L.C., King Street Capital, L.P. and Marathon Asset Management, L.P. (Docket No. 7089) (as amended, the "Bridge Lender Plan", and together with the Debtor/Committee/Lender Plan and the Noteholder Plan, the "Plans"), all executory contracts will be deemed assumed in accordance with, and subject to the provisions of Bankruptcy Code sections 365 and 1123 unless such executory contracts were previously assumed or rejected, previously expired or terminated, are subject to certain pending assumption or rejection motions or are otherwise subject to certain conditions set forth in the Plans. See Debtor/Committee/Lender Plan Section 6.1.1; Noteholder Plan Section 6.1.1; Bridge Lender Plan Section 6.1.1. As of the date of this Objection, it appears that the CCI Contracts will be assumed and assigned to the applicable Reorganized Debtor (as such term is defined in the Plans) pursuant to Section 6.1.1 of each of the Plans if confirmed.

3. CCI conditionally does not oppose confirmation of any of the Plans and does not oppose the proposed assumption and assignment of the CCI Contracts, *provided* that such assumption and assignment is in accordance with the provisions of Bankruptcy Code section 365, including the provisions regarding cure.

4. Section 6.2 of each of the Plans states that the proposed cure amount for any executory contract shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of a plan supplement. See Debtor/Committee/Lender Plan Section 6.2; Noteholder Plan Section 6.2; Bridge Lender Plan Section 6.2. However, as of the date of

this Objection, no schedule has been filed setting forth a specific cure amount with respect to the CCI Contracts. CCI accordingly objects to the proposed cure amount of zero dollars with respect to the assumption of each of the CCI Contracts.

5. It is CCI's understanding that the Debtors and other plan proponents are currently engaged in an ongoing cure reconciliation process that may resolve the Objection. However, to the extent that any dispute regarding cure is not fully resolved prior to the plan confirmation hearing, CCI respectfully requests that any confirmed Plan and/or proposed confirmation order be revised to include (i) a specific process by which the Debtors and assumed contract counterparties will resolve or litigate any outstanding cure disputes that arise in connection with the proposed assumption and assignment of executory contracts; and (ii) the timing of payment of any cure amounts due in connection with the assumption and assignment of executory contracts, including, without limitation, the timing of payment of any undisputed cure amounts in the event a dispute arises over only a portion of an asserted cure amount.

6. CCI has not yet received a copy of any proposed confirmation order(s), and accordingly reserves the right to review any proposed confirmation order(s) and raise any issues in connection with such proposed confirmation order(s) at or prior to the confirmation hearing.

WHEREFORE, CCI respectfully requests that (i) the Debtors be required to cure all defaults under the CCI Contracts as a condition to the assumption and assignment of such contracts pursuant to Bankruptcy Code section 365(b)(1)(A); (ii) the provisions set forth in paragraph 5 above be included in any confirmation order entered in connection with any of the Plans; and (iii) CCI be granted such other relief as this Court deems just and proper.

Dated: February 15, 2011
       Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By:   /s/ Christopher S. Chow
      Christopher S. Chow (I.D. No. 4172)
      919 N. Market Street, 11th Floor
      Wilmington, DE 19801
      Telephone: (302) 252-4465
      Facsimile: (302) 252-4466
      Email: chowc@ballardspahr.com

Counsel for CCI Europe A/S