IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>**Re: Docket No. 7801**<br><br>Objection Deadline: February 15, 2011 at 4:00 p.m.<br>Confirmation Hearing: March 7, 2011 at 10:00 a.m. |

**LIMITED OBJECTION TO FIRST AMENDED JOINT
PLAN OF REORGANIZATION FOR TRIBUNE COMPANY
AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, ET AL.**

Cook County Department of Revenue ("**DOR**"), through its attorneys, files this Limited Objection to the First Amended Joint Plan of Reorganization for the Tribune Company and its Subsidiaries Proposed by the Debtors, et al. (the "**Debtors' Plan**").

1. DOR has filed a pre-petition priority claim (the "**Tax Claim**") for $1,519,196.85 in unpaid home rule amusement taxes arising out of the operations of the Tribune CNLBC, LLC ("**CNLBC**"), which owned and operated the Chicago Cubs. Attached as **Exhibit A** is a copy of the Tax Claim. The Tax Claim was filed after the bar date for general unsecured claims.

2. A dispute between CNLBC and the DOR currently is pending before an Administrative Law Judge in Chicago, Illinois, as file number 12-03-2007. This action is not subject to the automatic stay. *See* Bankruptcy Code Section 362(b)(9)(D).

3. Currently pending are three reorganization plans. Each of them proposes to pay allowed tax priority claims consistent with Bankruptcy Code Section 1129(a)(9)(C). (*See* Tribune Plan ¶ 2.3; Aurelius Plan ¶ 2.3; King Street Plan ¶ 2.3.)

None of them define "Allowed" to include only timely claims.  (*See* Tribune Plan ¶ 1.1.220; Aurelius Plan ¶ 1.1.182; King Street Plan ¶ 1.1.227.)

4.Per Bankruptcy Code Section 502(b)(9), failure to file a timely tax claim is not a legally cognizable basis to disallow that claim, because under Bankruptcy Code Section 726(a)(1), tardy priority claims are paid before any distribution is made to general unsecured creditors.

5.Moreover, in the instant case, all three plans are premised on a common disclosure statement and liquidation analysis.  That analysis shows that all priority creditors of all subsidiaries (including CNLBC) will be paid in full.  *See* Estimated Liquidation Recoveries "Value After Ch. 11 Admin & Priority Claims Paid" included within Liquidation Analysis attached to General Disclosure Statement as Exhibit D.

6.None of the Plans can be confirmed without protecting DOR's rights as holder of the Tax Claim.  *See*, *e.g.* Bankruptcy Code Sections 1129(a)(1); 1129(a)(7)(ii); 1129(a)(9)(D).

**[Remainder of Page Intentionally Left Blank]**

**WHEREFORE** the Cook County Department of Revenue asks that this Court not confirm the Debtors' Plan unless it is clarified to provide for the payment of DOR's Tax Claim notwithstanding it having been filed late, and granting DOR such further relief as is reasonable and just.

Dated: February 15, 2011
Wilmington, Delaware                BAYARD, P.A.

/s/ *Justin R. Alberto*
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 429-4226
Facsimile: (302) 658-6395
E-mail: jalberto@bayardlaw.com

-and-

QUARLES & BRADY LLP
Philip V. Martino
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Telephone: (813) 387-0263
Facsimile: (813) 387-1763
E-mail: philip.martino@quarles.com

*Counsel for Cook County Department of Revenue*