UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Tribune Company, *et al.*, ) | Case No. 08-13141-KJC |
| ) | Jointly Administered |
| Debtors. ) | |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S LIMITED OBJECTION TO CONFIRMATION OF THE SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAK TREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. [D.I. 7801]
(THE "DEBTOR PLAN")**

Iron Mountain Information Management, Inc. ("Iron Mountain") hereby files its limited objection to the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oak Tree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 7801] (the "Debtor Plan"). Iron Mountain objects to the Debtor Plan inasmuch as it creates a mechanism for assuming Iron Mountain's executory contracts without making cure payments required by section 365 of the Bankruptcy Code. In support of its limited objection, Iron Mountain further states as follows:

1. On or about March 26, 2009, Iron Mountain filed a proof of claim (Claim No. 862), asserting a prepetition amount owing of $37,914.21. Since that time, Iron Mountain has identified additional accounts with additional outstanding balances owed by the Debtors.

2. On or about February 4, 2011, Iron Mountain advised the Debtors that a cure payment of $150,547.05 relating to pre and post-petition shredding and hardcopy and data

storage services it provides to various Debtor entities under eleven accounts would be required in order to assume its executory contracts. A summary of the accounts and balances owing is attached hereto as Exhibit "A."

3. As of today, none of Iron Mountain's executory contracts have been assumed or rejected, but the Debtors have been paying some of the invoices relating to post-petition services rendered by Iron Mountain.

4. Pursuant to Article 6.1.1 of the Debtor Plan, all executory contracts will be deemed assumed on the Effective Date unless such contract was previously assumed or rejected by the Debtors.

5. Iron Mountain does not object to assumption of its executory contracts, but it does object to language in the Debtor Plan that might be interpreted as allowing for assumption of its contracts without paying the requisite cure amounts. In particular, Iron Mountain believes that the first sentence of Article 6.2 of the Debtor Plan should be stricken. The first sentence of Article 6.2 of the Debtor Plan provides that:

> The proposed cure amount for any executory contract or unexpired lease that is assumed under this Plan shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of the Plan Supplement or other pleading approved by the Creditor Proponents and the Debtors.

6. The foregoing sentence should be stricken from the Debtor Plan because it could be interpreted to mean that executory contracts not listed in the Plan Supplement could be assumed without paying known cure obligations. Such a construction would not comply with section 365 of the Bankruptcy Code and likewise would run counter to sections 1129(a)(1) and (2) of the Bankruptcy Code.

7. In any event, Iron Mountain objects to the Debtor Plan to the extent that it creates an opportunity to assume Iron Mountain's executory contracts without paying upon plan

confirmation the amounts listed in Exhibit A, plus additional amounts that might accrue, including attorneys' fees and costs.

Dated: February 15, 2011

                        ARCHER & GREINER, P.C.

By:  /s/ Charles J. Brown, III
      Charles J. Brown, III (ID #3368)
      300 Delaware Avenue, Suite 1370
      Wilmington, DE 19801
      Phone: 302-777-4350
      Fax: 302-777-4352
      cbrown@archerlaw.com

      and

      Frank F. McGinn, Esq.
      Bartlett Hackett & Feinberg, PC
      155 Federal Street, 9th Floor
      Boston, MA 02110
      Phone: 617-422-0200
      Fax: 617-896-6275
      FFM@bostonbusinesslaw.com

      *Attorney for Defendant Iron Mountain Information Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2011, I caused a copy of the foregoing to be served via ECF and first class mail postage prepaid upon the following:

James Conlan, Esq.
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

J. Kate Stickles, Esq.
Cole Schotz Meisel Forman & Leonard, PA
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112

LANDIS RATH & COBB LLP
Adam G. Landis
919 Market Street, Suite 1800
Wilmington, Delaware 19801

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899

WILMER CUTLER PICKERING HALE &
DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue
New York, New York 10017

RICHARDS LAYTON & FINGER
Mark Collins
One Rodney Square
920 North King Street
Wilmington, Delaware 19801


Dated: February 15, 2011

                                        ARCHER & GREINER, P.C.

                         By:  /s/ Charles J. Brown, III
                                  Charles J. Brown, III (ID #3368)