UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Tribune Company, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 08-13141-KJC<br>Jointly Administered |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S LIMITED OBJECTION TO CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES [D.I. 7127] (THE "NOTEHOLDER PLAN")**

Iron Mountain Information Management, Inc. ("Iron Mountain") hereby files its limited objection to the Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius CapitalManagement, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 7127] (the "Noteholder Plan"). Iron Mountain objects to the Noteholder Plan inasmuch as it creates a mechanism for assuming Iron Mountain's executory contracts without making cure payments required by section 365 of the Bankruptcy Code. In support of its limited objection, Iron Mountain further states as follows:

1.  On or about March 26, 2009, Iron Mountain filed a proof of claim (Claim No. 862), asserting a prepetition amount owing of $37,914.21. Since that time, Iron Mountain has

identified additional accounts with additional outstanding balances owed by the Debtors.

2. On or about February 4, 2011, Iron Mountain advised proponents of the Noteholder Plan that a cure payment of $150,547.05 relating to pre and post-petition shredding and hardcopy and data storage services it provides to various Debtor entities under eleven accounts would be required in order to assume its executory contracts. A summary of the accounts and balances owing is attached hereto as Exhibit "A."

3. As of today, none of Iron Mountain's executory contracts have been assumed or rejected, but the Debtors have been paying some of the invoices relating to post-petition services rendered by Iron Mountain.

4. Pursuant to Article 6.1.1 of the Noteholder Plan, all executory contracts will be deemed assumed on the Effective Date unless such contract was previously assumed or rejected.

5. Iron Mountain does not object to assumption of its executory contracts, but it does object to language in the Noteholder Plan that might be interpreted as allowing for assumption of its contracts without paying the requisite cure amounts. In particular, Iron Mountain believes that the first two sentences of Article 6.2 of the Noteholder Plan should be stricken. The first two sentences of Article 6.2 of the Noteholder Plan provide that:

> The proposed cure amount for any executory contract or unexpired lease that is assumed under this Plan shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of the Noteholder Plan Supplement; *provided, however*, that the Proponents may make modifications to any such list filed in connection with the Debtor/Committee/Lender Plan, or may file their own schedule of cure amounts, between the date such list is filed and Confirmation, as deemed necessary in the sole discretion of the Proponents. In the event that the Proponents make any alterations to such schedule or file a separate schedule in connection with the Noteholder Plan, the Proponents shall file such amended schedule with the Bankruptcy Court and such schedule shall supersede and replace any similar filing made in connection with the Debtor/Committee/Lender Plan for any and all purposes relating to the Noteholder Plan (the "Noteholder Cure Schedule").

6. The foregoing sentences should be stricken from the Noteholder Plan because they could be interpreted to mean that executory contracts not listed in the Noteholder Cure Schedule or similar filing could be assumed without paying known cure obligations. Such a construction would not comply with section 365 of the Bankruptcy Code and likewise would run counter to sections 1129(a)(1) and (2) of the Bankruptcy Code. Moreover, the quoted provision does not provide executory contract counterparties notice and an opportunity to be heard in the event that there are last minute unilateral modifications made by the Proponents.

7. In any event, Iron Mountain objects to the Noteholder Plan to the extent that it creates an opportunity to assume Iron Mountain's executory contracts without paying upon plan confirmation the amounts listed in Exhibit A, plus additional amounts that might accrue, including attorneys' fees and costs.

Dated: February 15, 2011

ARCHER & GREINER, P.C.

By: /s/ Charles J. Brown, III
Charles J. Brown, III (ID #3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302-777-4350
Fax: 302-777-4352
cbrown@archerlaw.com

and

Frank F. McGinn, Esq.
Bartlett Hackett & Feinberg, PC
155 Federal Street, 9th Floor
Boston, MA 02110
Phone: 617-422-0200
Fax: 617-896-6275
FFM@bostonbusinesslaw.com

*Attorney for Defendant Iron Mountain Information Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2011, I caused a copy of the foregoing to be served via ECF and first class mail postage prepaid upon the following:

ASHBY & GEDDES, P.A.
William P. Bowden
Amanda M. Winfree
500 Delaware Avenue, P.O. Box 1150
Wilmington, DE 19899

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Philip C. Dublin
One Bryant Park
New York, New York 10036

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue Renaissance Centre,
New York, NY 10167

McCARTER & ENGLISH, LLP
Katharine L. Mayer
405 N. King Street
Wilmington, DE 19801

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
David S. Rosner
Richard F. Casher
1633 Broadway
New York, New York 10019

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel
800 N. King Street, Plaza Level
Wilmington, Delaware 19801

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801

Dated: February 15, 2011

                          ARCHER & GREINER, P.C.

          By:  /s/ Charles J. Brown, III
                 Charles J. Brown, III (ID #3368)

6451247v1