**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: Chapter 11
In re: :
: Case No. 08-13141 (KJC)
TRIBUNE COMPANY, <u>et al.</u>, :
: Jointly Administered
Debtors. :
: **Related Docket Nos.: 7127, 7801**
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OBJECTION OF WARREN BEATTY TO PLANS OF REORGANIZATION OF TRIBUNE COMPANY AND ITS SUBSIDIARIES**

Warren Beatty ("Mr. Beatty") hereby objects (the "Limited Objection") to the Plans (as defined herein) to the extent the Plans affect or purport to affect Mr. Beatty's rights and remedies to and interests in the Dick Tracy Rights (as defined herein). In support of this Limited Objection, Mr. Beatty respectfully represents as follows:

**BACKGROUND**

**A.    The Dick Tracy Rights.**

1.    Prior to August 28, 1985, Tribune Media Services, Inc. ("Tribune") was the owner of certain copyright and other rights in the cartoon character Dick Tracy and in various works embodying that character.

2.    On or about August 28, 1985, Tribune granted to Mr. Beatty certain motion picture, television and other rights to and interests in the Dick Tracy character (the "Dick Tracy Rights") pursuant to a written agreement (the "Agreement").

**B.    The California Action.**

3.    On November 20, 2008, Mr. Beatty commenced litigation (the "California Action") by filing a complaint (the "California Action") in the United States District Court for the Central of California (the "California District Court"). See <u>Warren Beatty v. Tribune Media</u>

Services, Inc., Case No. 08-cv-07662-DDP-SS (C.D. Ca. 2008). By the complaint, Mr. Beatty sought a declaratory judgment that the Dick Tracy Rights belonged to him and had not reverted to Tribune under to the Agreement.

**C.     Tribune's Bankruptcy And The Adversary Proceeding.**

4.     On December 8, 2008, Tribune (and various affiliates) (collectively, the "Debtors") filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). As a result of Tribune's bankruptcy, the California Action was automatically stayed under Bankruptcy Code section 362(a).

5.     On March 19, 2009, Tribune commenced an adversary proceeding (the "Adversary Proceeding") in this Court, also seeking declaratory judgment with respect to the Dick Tracy Rights. See Tribune Media Services, Inc. v. Warren Beatty, Case No. 09-50486 (KJC) (Bankr. D. Del. 2009).

**D.     The Stay Motion.**

6.     On June 9, 2009, Mr. Beatty filed a motion with this Court to modify the automatic stay so that he could proceed with the California Action in the California District Court (D.I. 1325, the "Stay Motion").

7.     On November 9, 2009, this Court entered an order granting the Stay Motion (D.I. 2535, the "Stay Order") and thereby modified the automatic stay for the purpose of allowing the California Action "to continue and proceed in all respects, including (without limitation) dispositive motions, pleadings, discovery, trial, entry of judgment and post-judgment proceedings of the California District Court only." Stay Order at ¶ (2)(B).

8. Following entry of the Stay Order, Mr. Beatty and Tribune submitted by agreement, and this Court entered, a stipulated order (Adv. Proc. D.I. 42, the "Stipulated Stay Order") staying the Adversary Proceeding to allow the parties to proceed with the California Action.

9. Since entry of the Stay Order and the Stipulated Stay Order, the California Action re-commenced and litigation in that action is ongoing. To date, the final disposition of the Dick Tracy Rights has not yet been determined by the California District Court.

**E.    The Plans.**

10. Two plans of reorganization have been filed in the Debtors' cases and have not been withdrawn; confirmation of the plans is pending. Specifically, on December 9, 2010, Aurelius Capital Management, LP, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company filed their the Joint Plan of Reorganization for Tribune Company and its Subsidiaries (D.I. 7127, the "Noteholder Plan"). In addition, on February 7, 2011, the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JP Morgan Chase Bank, N.A. filed their Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (D.I. 7801, the "Debtor Plan" and together with the Noteholder Plan, the "Plans").[1]

---

[1] A third plan of reorganization was filed on December 7, 2010 by King Street Acquisition Company LLC, King Street Capital L.P. and Marathon Asset Management, L.P. (D.I. 7089, the "Bridge Lender Plan"). The Bridge Lender Plan, however, was withdrawn on February 7, 2011 and the proponents stated that they did not intend to seek confirmation of such plan (D.I. 7821, the "Bridge Lender Withdrawal Notice"). To the extent the proponents of the Bridge Lender Plan seek confirmation thereof, Mr. Beatty asserts this Limited Objection to the Bridge Lender Plan on the same bases set forth herein with respect to the Noteholder Plan.

## LIMITED OBJECTION

11.  Mr. Beatty objects to both Plans to the extent that such Plans purport to interfere with the California Action or any relief granted therein or deprive Mr. Beatty of any rights or remedies to or interests in the Dick Tracy Rights.  In that regard, Mr. Beatty respectfully requests that this Court deny confirmation of the Plans, unless the order confirming a Plan includes the following language:

> Notwithstanding anything to the contrary in the Plan, the Plan Supplement, any document filed in connection with the Plan or confirmation thereof, or this Order (collectively, the "Plan and Confirmation Documents"), the Plan and Confirmation Documents do not and shall not affect, impair, or otherwise alter Mr. Warren Beatty's rights or remedies to or interests in motion picture, television and other rights to and interests in the Dick Tracy character (the "Dick Tracy Rights") granted to Mr. Beatty pursuant to an agreement dated August 28, 1985, between Mr. Beatty and Tribune Media Services, Inc.; _provided_, _further_, that nothing in the Plan and Confirmation Documents shall in any way modify or alter or be deemed to modify or alter this Court's orders dated (i) November 9, 2009, modifying the automatic stay for the purpose of allowing the civil case styled Warren Beatty v. Tribune Media Services, Inc., No. 08-cv-07662-DDP-SS (C.D. Ca. 2008) (the "California Action") "to continue and proceed in all respects, including (without limitation) dispositive motions, pleadings, discovery, trial, entry of judgment and post-judgment proceedings of the California District Court only[,]" (Bankr. Ct. Dkt. No. 2535), and (ii) December 23, 2009, staying the adversary proceeding styled Tribune Media Services, Inc. v. Warren Beatty, No. 09-50486 (KJC) (Bankr. D. Del. 2009) to allow the Mr. Beatty and Tribune Media Services, Inc. to proceed with the California Action (Adv. Proc. D.I. 42).  All of Mr. Beatty's rights, interests, and remedies in and to the Dick Tracy Rights are expressly reserved and are not waived, modified impaired, or otherwise altered in any way.

## BASIS FOR OBJECTION

12.  As set forth above, the Stay Order modified the automatic stay in order to allow the California Action to proceed in all respects, including the entry of judgment and any post-judgment proceedings.  Stay Order at ¶ (2)(B).  Accordingly, any rights and interests Mr.

Beatty has to and in the Dick Tracy Rights are to be determined by the California District Court in the California Action.

13. The Plans, as a general matter, and certain provisions of the Plans, in particular, however, may be interpreted to limit Mr. Beatty rights and remedies to and interests in he Dick Tracy Rights, including (without limitation) the right to proceed with the California Action. Thus, Mr. Beatty objects to the Plans, in general, and to the specific provisions of the Plans outlined below, to the extent they affect, in any way, Mr. Beatty's rights and remedies to and interests in the Dick Tracy Rights.

**I.     VESTING OF ASSETS.**

14. First, each Plan provides that, except as otherwise provided, and with certain exceptions, all property of the Debtors' estates will vest in the Reorganized Debtors (as defined in the applicable Plan) "free and clear of all Claims, Liens, charges, other encumbrances and Interests." Noteholder Plan at § 5.7; Debtor Plan at § 5.7.

15. This provision could be construed to improperly vest the Dick Tracy Rights in the Reorganized Debtors free of Mr. Beatty's interest therein or rights thereto. Mr. Beatty submits that this construction is inappropriate and objects to the Plans to the extent that they vest the Dick Tracy Rights in the Reorganized Debtors free of Mr. Beatty's interest therein or rights thereto or otherwise make any determination as to Tribune's and Mr. Beatty's respective interests in or rights to the Dick Tracy Rights.

**II.    DISCHARGE AND INJUNCTION.**

16. Second, each Plan contains broad discharge provisions, discharging all pre-petition claims, debts, rights and causes of action, and enjoins actions and proceedings with respect to such discharged claims. Specifically, each Plan provides, in relevant part:

> (a)     As of the Effective Date, except as provided in the [Plan], the distributions and rights afforded under the [Plan] and the treatment of Claims and Interests under the [Plan] shall be in exchange for, and in complete discharge of, all Claims against the Debtors . . . . Accordingly, except as otherwise provided in the [Plan] or the Confirmation Order, confirmation of the [Plan] shall, as of the Effective Date, (i) discharge the Debtors from all Claims or other debts that arose before the Effective Date, and all debts of the kind specified in section 502(g) or 502(i) of the Bankruptcy Code, whether or not ([a]) a Proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, ([b]) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code (or is otherwise resolved), or ([c]) the Holder of a Claim based on such debt has accepted the [Plan] . . . .
>
> (b)     As of the Effective Date, except as provided in the [Plan], all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, or their respective successors or property, any other or further Claims, debts, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity of any kind or nature that occurred prior to the Petition Date . . . . In accordance with the foregoing, except as provided in the [Plan] or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge of all such Claims and other debts and liabilities of the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtors or the Reorganized Debtors at any time, to the extent such judgment is related to a discharged Claim.

Noteholder Plan at § 11.1.1; Debtor Plan at § 11.1.1.

17.     Each Plan further provides that:

> Except as provided in the [Plan] or the Confirmation Order, as of the Effective Date, all Persons that hold, have held, or may hold a Claim or other debt or liability that is discharged . . . pursuant to the terms of the [Plan], are permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims, debts or liabilities, or terminated Interests or rights: (i) commencing or continuing any action or other proceeding against the Debtors, the Reorganized Debtors, the Trusts or their respective property; (ii) enforcing, attaching, collecting or recovering any judgment, award, decree or order against the Debtors, the Reorganized Debtors or their respective property; (iii) creating, perfecting or enforcing any Lien or encumbrance against the Debtors, the Reorganized Debtors or their respective property; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due the Debtors, the Reorganized Debtors or their respective property; and (v) commencing or continuing any judicial or administrative proceeding, in any forum, that does not comply with or is inconsistent with the provisions of the [Plan].

Noteholder Plan at § 11.1.2; Debtor Plan at § 11.1.2.

18. These broad discharge and injunction provisions arguably provide for the discharge of Mr. Beatty's interests in the Dick Tracy Rights and enjoin the continuation of the California Action, in derogation of the Stay Order. Accordingly, Mr. Beatty objects to the Plans to the extent that the Plans attempt to enjoin the California Action or discharge any of Mr. Beatty's rights, interests or remedies.

### III. RELEASES AND INJUNCTION.

19. Finally, the Debtor Plan contains a broad release by holders of claims and interests of, among other parties, Tribune. In particular, the Debtor Plan provides that certain parties

> shall be deemed to have unconditionally released each and all of the Released Parties [which defined term includes Tribune] of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever . . . , whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions.

Debtor Plan at § 11.2.2.

20. While Mr. Beatty has not granted and believes that he is, therefore, not bound by this release, out of an abundance of caution, he objects to the Debtor Plan to the extent it purports to include a release by Mr. Beatty of any rights, claims, causes of action, interests or liabilities related to the Dick Tracy Rights.

## RESERVATION OF RIGHTS

21. Mr. Beatty hereby expressly reserves all rights to amend or supplement this Limited Objection or to assert additional arguments in any supplemental objection or at any hearing on confirmation of the Plans.

## NOTICE

22. Notice of this Limited Objection has been provided to the proponents of the Plans. Mr. Beatty submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, Mr. Beatty respectfully requests that the Court sustain this Limited Objection and grant such other and further relief as may be just and proper.

Dated: February 15, 2011
       Wilmington, Delaware

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                */s/ Gregg M. Galardi*
                Gregg M. Galardi (DE Bar No. 2991)
                Ian S. Fredericks (DE Bar No. 4626)
                One Rodney Square
                P.O. Box 636
                Wilmington, Delaware 19899-0636
                (302) 651-3000
                Gregg.Galardi@skadden.com
                Ian.Fredericks@skadden.com

                Counsel for Warren Beatty