UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: March 7-11, 2011 |
| | : | Objection Deadline: February 15, 2011 |
| | : | |
| | : | Re: Docket No. 7073 |

## UNITED STATES TRUSTEE'S OBJECTION TO JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, L.P., ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS <u>SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES</u>

---

[1]/

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

In support of her objection (the "Objection") to the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Noteholder Plan") proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York, and Wilmington Trust Company (collectively referred to as the "Noteholder Plan Proponents"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

## Introduction

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-referenced Objection.

## Background

4. On December 8, 2008 (the "Petition Date"), the Debtors[2] filed voluntary petitions for

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the DCL Plan.

2

relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On December 18, 2008, the U.S. Trustee appointed the official committee of unsecured creditors in this case (the "Committee").

6.     The Noteholder Plan is a joint plan filed by the Noteholder Plan Proponents.

7.     There is currently one other plan of reorganization on file. That pan is a joint plan of reorganization filed by the Debtors, the Committee, and certain of the Debtors' Senior Lenders, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JP Morgan Chase Bank, N.A. (referred to as the "DCL Plan").

**Preliminary Statement**

8.     A chapter 11 plan may not be confirmed unless the Court can find that the plan complies with the provisions of 11 U.S.C. § 1129 (a). A plan proponent bears the burden of proof with respect to each and every element of 11 U.S.C. § 1129 (a). *See In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del. 2001). The U.S. Trustee notes a few provisions of the Plan that are objectionable, but reserves her right to address other issues that may arise as a result of the evidence that is presented at the confirmation hearing on both the Noteholder Plan and the DCL Plan.

**Basis for Objection**

9.     Section 9.1 of the Noteholder Plan contains provisions related to the payment of fee and expense claims of certain creditor groups, including a number of the Noteholder Plan Proponents. These fee and expense claims are subject to approval under a reasonableness standard

as a confirmation requirement. *See* 11 U.S.C. § 1129(a)(4). The fee and expense provisions may also be subject to approval under a substantial contribution standard. *See* 11 U.S.C. § 503(b)(4). The Noteholder Plan contains no provisions for the Court, or parties in interest, including the U.S. Trustee, to test the reasonableness of those fees and expenses. Without such provisions, the Noteholder Plan cannot be confirmed.

10. Section 13.7 of the Noteholder Plan sets forth the statutory requirement that all fees payable pursuant to 28 U.S.C. § 1930 will be paid on the Effective Date. While that provision is proper, the Noteholder Plan contains no provision addressing the requirement to file post-confirmation reports and pay post-confirmation fees until all cases are closed, converted or dismissed.

WHEREFORE the U.S. Trustee requests that this Court issue an order granting such relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DEANGELIS**
**United States Trustee**


By: */s/ David M. Klauder*
David M. Klauder, Esquire
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

Dated: February 15, 2011