## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. 7127 & 7801** |

### OBJECTION OF NEIL PLAINTIFFS TO PLANS OF REORGANIZATION AND
### JOINDER TO OBJECTION OF THE SECRETARY OF LABOR

Dan Neil and Eric Bailey, plaintiffs in *Neil v. Zell et al.*, No. 08- 6833 (N.D. Ill.), now

pending before Judge Rebecca Pallmeyer in the United States District Court for the Northern

District of Illinois, hereby object, on their own behalf and on behalf of the members of the class

they seek to represent, to 1) the plan of reorganization proposed by Tribune Company and its

subsidiaries (the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9480); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630) Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. and [D.I. 7801] (the "Debtors' Plan"); and 2) the plan of reorganization proposed by the Debtors' noteholders [D.I. 7127] (the "Noteholder Plan," and together with the Debtors' Plan, the "Plans of Reorganization."). As discussed below, the *Neil* plaintiffs object to a provision in Section 6.8 of the Proposed Plans of Reorganization, and join in the Objection of the Secretary of Labor, as follows:

### I.    Introduction

Dan Neil and Eric Bailey are former Tribune Company ("Tribune") employees who were journalists at the *Los Angeles Times* at the time of the 2007 Leveraged ESOP Transaction. Both Neil and Bailey are participants in the Tribune Employee Stock Ownership Plan (the "ESOP").

On September 16, 2008, Plaintiffs Dan Neil, *et al.*, filed suit in the United States District Court for the Central District of California against Tribune; the Tribune Company Employee Benefits Committee; current and former officers and directors of Tribune, including Samuel Zell; EGI-TRB, LLC, and GreatBanc Trust Company ("GreatBanc," the Trustee of the ESOP). The lawsuit, brought on behalf of both the ESOP and derivatively Tribune, alleged that defendants violated fiduciary rules and other provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") in the Leveraged ESOP Transaction by which Defendant Zell took control of Tribune in 2007, and also alleged shareholder derivative claims. On November 17, 2008, on Defendants' motion, the action was transferred to the Northern District of Illinois (the action is described in the General Disclosure Statement dated December 15, 2010 at pp. 36-38).

On December 30, 2008, the *Neil* plaintiffs filed their First Amended Complaint, which, in light of the commencement of Tribune's Chapter 11 proceeding, voluntarily dismissed Tribune as a party as well as the derivative claim on Tribune's behalf. On June 12, 2009, the *Neil*

2

plaintiffs filed their Second Amended Complaint. On May 7, 2010, the *Neil* plaintiffs filed their

Third Amended Complaint.

On December 17, 2009, Judge Pallmeyer granted in part and denied in part Defendants'

Motion to Dismiss, *Neil v. Zell*, 677 F. Supp. 2d 1010 (N.D. Ill. 2009). The Court dismissed all

individual defendants other than Samuel Zell and also dismissed claims against the Employee

Benefits Committee. The Court denied dismissal of claims against GreatBanc, and Zell and

EGI-TRB, LLC, the special purpose entity created by Zell for the Tribune transaction.

On March 2, 2010, Zell and EGI-TRB filed a motion for judgment on the pleadings. On

August 9, 2010, the district court granted the motion in part and denied in part. *Neil v. Zell*, 2010

WL 3167293 (N.D. Ill. 2010). The district court ruled that if the court finds that Zell and EGI-

TRB are shown to have participated in a fiduciary breach or to have engaged in a transaction

prohibited by ERISA, then barring them from having fiduciary responsibility over the ESOP

might constitute appropriate equitable relief. If a change in circumstances renders impossible an

injunction preventing Zell and EGI-TRB from exercising duties over the ESOP, e.g., the

termination of the ESOP, the district court indicated they would be dismissed as defendants.

On April 30, 2010, the *Neil* plaintiffs moved for partial summary judgment on their claim

that GreatBanc's April 1, 2007 purchase of approximately 8.9 million shares of unregistered

Tribune stock on behalf of the Tribune ESOP was a prohibited transaction in violation of ERISA

§ 406, 29 U.S.C. § 1106, because the unregistered stock did not meet the Code's definition of

"qualifying employer securities" which is incorporated in ERISA's definition of "employee

stock ownership plan." On November 9, 2010, the district court granted Plaintiffs summary

judgment on this claim. *Neil v. Zell*, --- F. Supp. 2d ----, 2010 WL 4670895 (N.D. Ill. 2010).

On July 2, 2010, the plaintiffs filed a motion for class certification under Federal Rule of

Civil Procedure 23 on behalf of a class consisting of "All individuals who are or, at any time on

or after the 2007 Leveraged ESOP Transaction, were (1) participants in the Tribune ESOP who

received or were entitled to an allocation to their ESOP Stock Account and/or ESOP Cash

Account; or (2) beneficiaries of such participants." That motion is fully briefed.

Discovery in the *Neil* action is ongoing. Under the case scheduling order, the parties

must complete fact discovery by April 1, 2011.

As set out in the General Disclosure Statement (at p. 37), on March 13, 2009, Tribune

filed an adversary proceeding in this Court, *Tribune Company v. Neil et al.,* Adv. Pro. No.09-

50445 (KJC) (the "Adversary Proceeding"), seeking declaratory and injunctive relief to stay all

proceedings in the *Neil* litigation in the Northern District of Illinois. By agreement of the parties

and as ordered by this Court, the Adversary Proceeding has been stayed.

The *Neil* plaintiffs have not filed a claim in this Chapter 11 proceeding, either on their

own behalf or on behalf of the class they seek to represent.

## II.    Overview of Objection

As noted, the remaining defendant in the *Neil* action facing liability for monetary

damages is GreatBanc, the ESOP's Trustee. GreatBanc is not making any financial contribution

to the Debtors' reorganization under either of the proposed Plans of Reorganization. However,

section 6.8 of both proposed Plans of Reorganization, which contain substantially identical

language, depending on the construction of ambiguous terms, may eliminate or limit damages

plaintiffs can recover from GreatBanc in the *Neil* litigation now that the district court has found

GreatBanc liable for a prohibited transaction . As part of Section 6.8, the Debtors may ask the

Court to determine "the legal effect of the forgiveness of the ESOP note." Section 6.8. Any

4

such determination would be an improper and unnecessary intrusion on the jurisdiction of the Northern District of Illinois, which is considering this very issue in a pending motion for partial summary judgment filed by GreatBanc.

**III.    This Court Should Not Rule On Issues Relating to Remedy In *Neil*.**

Both Plans provide for the termination of the ESOP.  Section 6.8.  Each Plan's section 6.8 states that upon the effective date of the Plan, "the ESOP shall be deemed terminated in accordance with its terms . . . ."  Section 6.8 also provides that the ESOP's $250 million dollar note evidencing the loan from the Tribune (used to finance the ESOP's purchase of 8.9 million shares of Tribune stock on April 1, 2007) shall be forgiven.  *Id.*  Section 6.8 further asks the Court to make two seemingly redundant determinations: the balance of the ESOP note being forgiven and the value of the ESOP's obligation under the ESOP note.  *Id.*

Inexplicably, Section 6.8 then goes on to empower the Debtors in their discretion to seek from this Court "a determination of . . . the legal effect of the forgiveness of the ESOP note."  *Id.*  This last clause is deliberately vague, but Debtors may ask this Court to limit the potential damages flowing from GreatBanc's liability in the *Neil* action.  Under ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), the *Neil* plaintiffs assert claims on behalf of the ESOP.  Under ERISA section 502(a)(2), the *Neil* plaintiffs may recover from GreatBanc "any losses to the [ESOP] resulting from" any breach of the fiduciary responsibilities imposed by ERISA.  ERISA sections 409 and 502(a)(2); 29 U.S.C. §§ 1109 and 1132(a)(2).  Thus, the *Neil* plaintiffs are seeking to recover the ESOP's losses from GreatBanc.

A "determination of . . . the legal effect of the forgiveness of the ESOP note" as part of the Debtors' bankruptcy plan of reorganization would be both unnecessary and improper.

Accordingly, the Debtors should not be authorized to seek such an unnecessary and improper determination.

First, as noted above, the Northern District of Illinois is poised to rule on GreatBanc's Motion for Partial Summary Judgment as to Damages, which raises this same issue. *See Neil* plaintiffs' Request for Judicial Notice ("RJN") filed herewith at Exh. A ¶¶ 1,4, Exh. B ¶ 27, and Exh. C at pp. 6-7. Given that the Northern District of Illinois has already found GreatBanc liable for a prohibited transaction, the damages flowing from that liability should be decided by that Court, which also has the benefit of the parties' evidentiary submissions following discovery. This Court should defer to the district court's ruling.

Second, Debtors are not a party to the *Neil* litigation. Based on the rulings of the district court, the only defendant in the *Neil* action potentially liable for monetary (as opposed to injunctive) relief is GreatBanc. Since Debtors are not a party to the *Neil* action, any rulings in that matter will have no res judicata or collateral estoppel effect on Tribune. The *Neil* court made this clear in granting plaintiffs' motion for partial summary judgment on the prohibited transaction claim, stating that "[t]he court's ruling will not bind Tribune in a later case about liability under ERISA or the Tax Code." *Neil v. Zell*, 2010 WL 4670895 at *8. In short: since the Debtors have no direct stake in that litigation, there is no occasion for this Court to rule on the potential damages in the *Neil* lawsuit.

Third, the ESOP has not filed a bankruptcy claim and the ESOP trust is not part of the bankruptcy estate. There is no reason for this Court to decide the ESOP's losses in allocating the bankruptcy estate's assets among competing claimants.

In sum, Plan § 6.8 may be an attempt by Debtors to preempt the jurisdiction of the Northern District of Illinois in determining the scope of liability and remedy in *Neil*; there is absolutely no justification for this.

### IV.    The *Neil* Plaintiffs Join in the Objection of the Secretary of Labor.

The *Neil* plaintiffs hereby join in the Objection of the Secretary of Labor and incorporate the Secretary's Objection by reference.

### V.    Conclusion

For the above reasons, confirmation of the proposed Plans should be denied insofar as they include the provision in Section 6.8 authorizing the Debtors to seek a determination of the legal effect of the forgiveness of the ESOP note insofar as it may be used as a determination of the potential damages for claims asserted in the *Neil* litigation should be clarified to eliminate this possibility.

Dated:   February 15, 2011                                         Respectfully submitted,

                                                                                BIFFERATO LLC

                                                                                Ian Connor Bifferato (No. 3273)
                                                                                Thomas F. Driscoll III (No. 4703)
                                                                                Kevin G. Collins (No. 5149)
                                                                                J. Zachary Haupt (No. 5344)
                                                                                800 N. King Street, Plaza Level
                                                                                Wilmington, DE 19801
                                                                                Tel: (302) 225-7600
                                                                                Fax: (302) 254-5383

                                                                                -and-

                                                                                MEITES, MULDER, MOLLICA & GLINK
                                                                                Thomas R. Meites
                                                                                Michael M. Mulder
                                                                                Paul W. Mollica
                                                                                20 S. Clark Street, Suite 1500
                                                                                Chicago, IL 60603

Tel: (312) 263-0272
Fax: (312) 263-2942

LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
Daniel Feinberg
Todd Jackson
Angelica K. Jongco
Nina Wasow
476 9th Street
Oakland, CA 94607
Tel: (510) 839-6824
Fax: (510) 839-7839

COTCHETT, PITRE & McCARTHY
Joseph W. Cotchett
Philip L. Gregory
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577