**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **TRIBUNE COMPANY,** *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF THE TRIBUNE COMPANY EMPLOYEE COMPENSATION DEFENDANTS GROUP TO SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. [DOCKET NO. 7801]**

The Tribune Company Employee Compensation Defendants Group (the "ECDG"),[1] by and through its undersigned counsel, hereby objects on a limited basis to the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Debtor Plan"), and states:

**BACKGROUND AND STANDING**

1.   On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[1] This objection is filed on behalf of the following employees of the Debtors who comprise the ECDG: Julie Anderson, Tom Anischik, Mike Asher, Roger A. Bare, Thomas (MCall) Brown, Becky Brubaker, David Bucknor, Thomas Caputo, Vince Casanova, Patti Cazeaux, Bob Christie, Ray Daley, Cathy Davis, Larry Delia, Phil B. Doherty, Steve Farber, Rich Feeney, James Feher, Jay Fehnel, Karen H. Flax, Chris Fricke, Mike Gart, Vince Giannini, Karlene Goller, Richard Graziano, Howard Greenberg, John Hendricks, Tony Hunter, Alice Iskra, Janice Jacobs, Judy A. Juds, Anne S. Kelly, Gerould W. Kern, Avido Khahaifa, Patty Kolb, Tom Langmyer, Brian F. Litman, Walter Mahoney, Jerry Martin, Gina M. Mazzaferri, Nancy A Meyer, Eric Meyrowitz, Susan Mitchell, Dan Mitrovich, Robyn Motley, Robin Mulvaney, Gwen Murakami, Russ Newton, Thomas Nork, Bill O'Donovan, John O'Loughlin, Norbert Ortiz, Dan O'Sullivan, Pam Pearson, Scott Pompe, Charles Ray, Justo Rey, Sheau-ming Ross, Rob Rounce, Tim Ryan, Henry Segal, Stephen Seidl, Charles J. Sennet, Patrick Shanahan, Shaun Sheehan, Sharon Silverman, Digby Solomon, Laura Tarvainen, Lou Tazioli, Doug Thomas, Tim Thomas, Stephen Tippie, Cam B. Trinh, Deborah B. Vinakos, Michael Weiner, Gary Weitman, Feli Wong, Julie Xanders, Joseph Young and John Zelenka.

2. On or about December 4, 2010, the Committee commenced adversary proceedings, pursuant to 11 U.S.C. §§ 547, 548 and 550, against certain of the Debtors' employees who comprise the ECDG (the "ECDG Adversary Proceedings"). The ECDG Adversary Proceedings seek to avoid and recover purported preferential and/or fraudulent transfers made by certain of the Debtors to individual members of the ECDG.

3. On February 4, 2011, the Debtors, the Committee, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed the Debtor Plan [Docket No. 7801].

4. The ECDG, as a group of adversary proceeding defendants, is a party in interest to this bankruptcy case and has standing to raise this limited objection pursuant to 11 U.S.C. § 1109(b), which states: "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §1109(b); *see, e.g., In re Quigley Co.*, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008)

## OBJECTION

5. The ECDG, as a group of employees of the Debtors, is generally supportive of the Debtor Plan. However, one aspect of the Debtor Plan that directly concerns the ECDG is objectionable and should be remedied through amendment or modification of the Debtor Plan.

6. The Debtor Plan includes the following defined terms:

> 1.1.130 <u>LBO-Related Causes of Action</u> means any and all claims, obligations, judgments, damages, rights, remedies, causes of action, avoidance powers or rights, liabilities of any nature whatsoever, and legal or equitable remedies against any Person arising from the leveraged buy-out of Tribune that occurred in 2007, including, without limitation, the purchase by Tribune of its common stock on or about June 4, 2007, the merger and related transactions involving Tribune on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such claims, causes of action, avoidance powers or rights, or legal or equitable

>
> remedies may be asserted pursuant to the Bankruptcy Code or any other applicable law.
>
> 1.1.168 <u>Ordinary Litigation Claims</u> means the claims, rights of action, suits or proceedings, whether in law or in equity, whether known or unknown that any Debtor or Estate may hold against any Person as of the Petition Date; <u>provided</u>, <u>however</u>, Ordinary Litigation Claims shall not include (a) any claim, right of action, suit or proceeding that has been settled on or prior to the Effective Date, (b) the Released LBO-Related Causes of Actions, (c) other claims, rights of action, suits or proceedings waived or released pursuant to <u>Article XI</u> of this Plan and (d) the Preserved Causes of Action against the Non-Settling Defendants.

The ECDG is concerned that those definitions are ambiguous and could give rise, in the future, to a dispute as to whether the ECDG Adversary Proceedings are Ordinary Litigation Claims or LBO-Related Causes of Action. Clarification of this ambiguity is essential because Ordinary Litigation Claims and LBO-Related Causes of Action receive different treatment under the Debtor Plan. *See* Debtor Plan §§ 1.1.135 (definition of "Litigation Trust Assets" to include Preserved Causes of Action); 1.1.186 (definition of "Preserved Causes of Action" to include LBO-Related Causes of Action); 5.7 (providing for vesting of assets in Reorganized Debtors, including causes of action other than Preserved Causes of Action); and 13.2.1 (providing for vesting of Litigation Trust Assets in Litigation Trust).

7. In addition, the ECDG believes that the appropriate clarification would state that the ECDG Adversary Proceedings are included in the definition of Ordinary Litigation Claims.

## **CONCLUSION**

8. The ECDG supports the Debtor Plan and looks forward to its ultimate confirmation. The ECDG only takes issue with one ambiguity that can be remedied with an amendment to clarify that the ECDG Adversary Proceedings are Ordinary Litigation Claims. The ECDG urges this modification and seeks no further relief.

WHEREFORE, the ECDG requests that the Court enter an order:

(i)  Providing for an amendment of the Debtor Plan to include the ECDG Adversary Proceedings in the definition of Ordinary Litigation Claims and excluding them from the definition of LBO-Related Causes of Action; and

(ii) granting such further relief as this Court deems just.

Dated: February 15, 2011

*/s/Daniel K. Hogan*
Daniel K. Hogan (DE Bar #2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540

-and-

Frances Gecker (IL ARDC # 6198450)
Joseph D. Frank (IL ARDC # 6216085)
Reed Heiligman (IL ARDC # 6294312)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035
fgecker@fgllp.com
jfrank@fgllp.com
rheiligman@fgllp.com

Attorneys for Employee Compensation Defendants Group