## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 7, 2011 at 10:00 a.m.**<br>**Objection Deadline: February 15, 2011**<br>**Docket Entry No. 7126** |

**ORACLE'S OPPOSITION TO AND RIGHTS RESERVATION REGARDING (1) SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK N.A. ("DEBTOR COMMITTEE LENDER PLAN") (2) JOINT PLAN OF REORGANIZATION FOR THE TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAS DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE ("AURELIUS PLAN") AND (3) ALL PLANS PROPOSED IN THESE CASES ("OPPOSITION AND RIGHTS RESERVATION" )**

Oracle America, Inc., successor in interest to Oracle USA, Inc., Oracle Corporation and Sun Microsystems ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Opposition and Rights Reservation, to the Debtor Committee Lender Plan, the Aurelius Plan, the King Plan and any other Plans proposed by any party (collectively the "Pending Plans"), and states:

## I.    INTRODUCTION

1.    On January 31, 2011, the Debtor Committee Lender Plan Proponents filed their Plan Supplement ("Plan Supplement").

2.    Pursuant to the Pending Plans, all contracts except for those indentified on Exhibit 6.3 of the Plan Supplement will be assumed.

3. No Oracle contracts were identified on Exhibit 6.3.

4. Therefore, Oracle presumes it is the plan proponents' collective intent that any and all Oracle contracts will be assumed through the Pending Plans.

5. Pursuant to the Pending Plans, the proponents indicate that the cure amount shall be $0, unless otherwise stated in the Plan Supplement.

6. Section 6.2 of the Plan states in part:

> "The proposed cure amount for any executory contract or unexpired lease that is assumed pursuant to this Plan shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of the Plan Supplement or other pleading approved by the Creditor Proponents and the Debtors."

7. No cure schedule was filed with the Plan Supplement nor is a Cure Exhibit even available yet to contract counterparties such as Oracle.

8. As of the date of filing this Opposition and Rights Reservation, no subsequent pleading listing the proposed cure amounts has been filed with the Court.

9. Setting aside the obvious absurdity of a filing deadline preceding the availability of the document and information to which the objection must be directed, Oracle must assume that the Debtors believe the cure amount for the Oracle contracts is $0.00, which is incorrect and inconsistent with Oracle's records.

10. Oracle's records indicate that it is owed at least $24,299.09, as reflected in the proofs of claim filed by Oracle.  Attached hereto as Exhibit "A" is a true and correct copy of Oracle's filed proofs of claim, along with the relevant outstanding invoices.

11. Oracle also is owed at least $509,832.00 under certain Sun Microsystem contracts, as is reflected in the Stipulation Between Certain of the Debtors and Oracle Corporation, Oracle America, Inc., as successor-by-merger to Sun Microsystems, Inc. Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it

Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle ("Stipulation").  Attached hereto as <u>Exhibit "B"</u> is a true and correct copy of the Order approving the Stipulation.

12.     These sums remain owed, and must be paid prior to allowance of the proposed assumption of any Oracle contracts.

13.     Therefore, Oracle requests that the Court deny, at this time, the Debtors' request for assumption of any Oracle executory agreements, in the absence of first obtaining Oracle's consent, and paying the total sum owed in cure.

## II.     ARGUMENT

### A.     Any Proposed Assumption Should Be Denied With Respect To The Oracle Contracts Until All Arrearages Are Paid.

14.     Oracle's records reflect that it is owed not less than $534,131.09 under the Oracle and former Sun Agreements included by Debtors for assumption.

15.     The Debtors cannot assume these Oracle agreements until all arrearages thereunder are tendered.

16.     Therefore, in the absence of payment of the appropriate cure, Oracle objects to, and reserves its rights regarding, assumption of the Oracle agreements.  *See* 11 U.S.C. § 365(b)(1)(A).

17.     Absent payment of the appropriate amounts owed in cure to Oracle, the Oracle Agreements may not be assumed.

18.     To the extent this assumption is a tenet of the Pending Plans, Oracle objects to them also on this basis.

    **B.**    **The Proposed Oracle Contract Assumptions Should Be Denied Because Debtors Fail To Provide Adequate Assurance Of Prompt Payment Of All Sums Owed And Of Future Performance Under The Contracts**

19.    Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee/debtor can assume an executory contract, including (a) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contract, and (b) providing adequate assurance of future performance under the contract.  Absent the foregoing, the executory contract may not be assumed.

20.    At this time, Oracle is unable to determine whether Debtors have complied, or will comply, with the protections of section 365(b)(1), since there is, among other things, an apparent discrepancy in the Debtors' and Oracle's records regarding the appropriate cure owed to Oracle, payment of which is a precondition to assumption of the Oracle Agreements.

## III.  <u>CONCLUSION</u>

21.    Oracle requests that prior to allowing the proposed contract assumptions: (a) all sums owed under the Oracle and former Sun contracts and Stipulation be paid in cure; and (b) Debtors provide adequate assurance of future performance, as required under the Bankruptcy Code.

Dated:  February 15, 2011            Respectfully submitted,
       Wilmington, Delaware           **MARGOLIS EDELSTEIN**

                              /s/James E. Huggett
                     James E. Huggett (#3956)
                     750 Shipyard Drive, Suite 102
                     Wilmington, Delaware  19801
                     Telephone:  (302) 888-1112
                     Facsimile:  (302) 888-1119
                     E-mail:  jhuggett@margolisedelstein.com

**MAGNOZZI & KYE, LLP**
Matthew F. Kye
One Expressway Plaza
Roslyn Heights, NY 11577
Telephone: (516) 299-5556
Facsimile: (516) 299-5578

**BUCHALTER NEMER, PC**
Shawn M. Christianson (CSB #114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:    (415) 227-0900
Facsimile:    (415) 227-0770

**ORACLE AMERICA, INC.**
Deborah Miller (CSB #95527)
Jeffrey Ross (CSB #137172)
500 Oracle Parkway
Redwood City, California  94065
Telephone:    (650) 506-5200
Facsimile:    (650) 506-7114

Attorneys for Oracle America, Inc.