IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE CO., et al, | ) | No.  08-bk-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 7127 |
| | ) | |
| | ) | Objections Due: February 15, 2011 |
| | ) | (Extended by plan proponents to |
| | ) | February 16, 2011) |
| | ) | |
| | ) | Hearing: March 7, 2011, 10:00 am |

UNITED STATES' OBJECTION TO CONFIRMATION OF THE
NOTEHOLDERS' PLAN

The United States, on behalf of its agency the Internal Revenue Service ["Service"], in support of its objection to the Noteholders' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 7127] ("Plan"), avers as follows:

1. The United States objects to ¶ 1.1.259 of the Plan to the extent it defines the Service's claim for tax penalties associated with the Employee Stock Ownership Plan ("ESOP") as a Section 510(b) claim, which would be subject to subordination.  The Service has filed claim no. 6254, which asserts a priority claim of $37.5 million in penalties resulting from a prohibited transaction under

4633554.1

26 U.S.C. § 4975 involving the ESOP. This claim is not within the scope of Section 510(b), which "appears intended to prevent disappointed shareholders from recovering the value of their investment" through the bankruptcy process. <u>In re: Telegroup, Inc.</u>, 281 F.3d 133, 141 (3d Cir. 2002). It is not based on a shareholder relationship, and should thus not be subordinated.

    2. The United States objects to the provisions of the Plan regarding payment of Priority Tax Claims (including but not limited to Section 2.3 of the Plan) because the Plan fails to provide for full payment of its Priority Tax Claim in monthly or quarterly distributions within five years of the petition date (if not paid in full on the Effective Date). As a priority claimant, the United States is entitled to "some degree of financial certitude that its claim will be paid promptly and in full under the plan of reorganization." <u>In re Inventive Packaging Corp.</u>, 81 B.R. 74, 79 (Bankr. D. Colo. 1987). Ordinarily, payment in frequent installments is necessary. <u>Id.</u> (monthly payments necessary). Here, while providing for an immediate partial payment to certain general creditors (<u>See, e.g.</u>, Sections 3.2.3 et seq.), the plan does not provide for any frequency of installment payments of priority tax claims. The United States contends that under these circumstances, equal payments on a monthly or quarterly basis are necessary to ensure that its priority claim is actually paid in full.

3. The United States further objects to the provisions of the Plan regarding payment of Priority Tax Claims (including but not limited to Section 2.3 of the Plan) because the Plan calls for any interest on deferred tax payments to compound annually, whereas applicable nonbankruptcy law, which governs the rate of interest, see 11 U.S.C. § 511, requires that the interest compound daily. 26 U.S.C. § 6622.

4. The United States objects to the provisions of the Plan concerning releases (including but not limited to Section 11.2 of the Plan) because the Plan would preemptively bar the Internal Revenue Service, in violation of the Anti-Injunction and Declaratory Judgment Acts, 26 U.S.C. § 7421; 28 U.S.C. 2201(a), from asserting valid claims against any third parties, including but not limited to the Service's claim for excise taxes resulting from the LBO transaction referenced in Section 1.1.143.

5. The United States objects to Section 11.1 of the Plan to the extent it would bar the Service from assessing and collecting taxes resulting from any taxable transactions that occurred prior to the Petition Date, or any other tax liabilities relating to events that occurred prepetition, but that did not become assessable or "arise" until after the Petition date. These provisions violate the Anti-Injunction Act, 26 U.S.C. § 7421. It also objects to these provisions to the extent

they attempt to effect a discharge of taxes that the Bankruptcy Code renders nondischargeable.

6. The United States objects to any provisions of the Plan (including but not limited to Section 2.2) to the extent the Plan would deprive it of the right to interest on taxes entitled to administrative priority, as it has the right to receive underpayment interest on such taxes to the extent they are not timely paid.

7. The United States further objects to those portions of the Plan, including but not limited to Section 11.1.2, which prohibit the setoff and recoupment rights of the IRS. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. <u>United States v. Continental Airlines (In re Continental Airlines)</u>, 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). The Plan seeks to abolish these rights. Such treatment is impermissible, because 11 U.S.C. § 553 preserves the right of setoff in bankruptcy as it exists outside bankruptcy, <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, <u>United States v. Maxwell</u>, 157 F.3d 1099, 1102 (7th Cir. 1998). Accordingly, the Plan may not abolish the government's setoff rights. Doing so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

8. The United States objects to ¶¶ 5.17.12, 5.18.1, 5.18.11 and Article XII to the extent these sections attempt to confer jurisdiction on the Court to determine the tax consequences of the proposed or confirmed plan or the tax liability of a non-debtor.  Such a determination is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. See In re UAL Corp, 336 B.R. 370 (N.D. Ill. 2006).

Wherefore, the United States respectfully requests that confirmation of the Plan be denied.

Dated: February 15, 2011

          CHARLES M. OBERLY, III
          United States Attorney

          */s/ Yonatan Gelblum*
          YONATAN GELBLUM
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Ben Franklin Station, P.O. Box 227
          Washington, D.C. 20044
          Telephone: (202) 305-3136
          yonatan.gelblum@usdoj.gov
          Counsel for United States of America

CERTIFICATE OF SERVICE

  I certify that I served true and accurate copies of the foregoing objection to confirmation of plan through the Court's ECF system.

/s/ Yonatan Gelblum
Yonatan Gelblum
