# EXHIBIT A

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:              ) Case No. 01-252(MFW)
MEDIQ INCORPORATED, et al,.)
                    )
    Debtor          )

May 16, 2001
United States Bankruptcy Court
6th Floor, Marine Midland Plaza
824 Market Street
Wilmington, Delaware 19801

EXCERPT OF TRANSCRIPT

BEFORE: HONORABLE MARY F. WALRATH

WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477

HEARING          122

1  sitting there already where there are some --

2          THE COURT: So there is some value to that
3  stock.

4          MR. LEVITIN: There is some value to that
5  stock to the creditors of PRN, but as long as there is no
6  value of that stock to the creditors of Mediq, Inc. that
7  is just dirt thrown up against the wall, Your Honor.

8          THE COURT: How can you -- how can I
9  confirm this plan if there is no class of Mediq creditors
10 who have voted to accept it?

11         MR. LEVITIN: I think that's always the
12 case where you have multiple Debtors.

13         THE COURT: No, it isn't. If you're not
14 substantively consolidating you have to have an accepting
15 class for each Debtor.

16         MR. LEVITIN: I think the part of being a
17 joint plan is I think you need classes to vote in favor
18 of the joint plan. I don't think you need to have a
19 separate plan for every entity that's not in a
20 substantively consolidated group. I don't think --

21         THE COURT: This has not been substantively
22 consolidated.

23         MR. LEVITIN: But if you're not
24 substantively consolidated I don't think there is any

HEARING            123

1  rule that says you must have a separate plan for each
2  separate entity. Besides the fact, Your Honor, that this
3  was an issue that was known even from the pre-modified
4  version of the plan and never raised in the objections.
5       THE COURT: This is something you have to
6  meet under 1129(a)(10), whether anybody objects or not.
7  I didn't see any case law on either side dealing with
8  this issue.
9       MR. LEVITIN: Your Honor, I think if, you
10 know, you could have a substantively consolidated plan
11 here that would still provide for there to be no
12 distributions to the Medic, Inc. creditors under these
13 circumstances.
14      THE COURT: You could, but you don't.
15      MR. LEVITIN: But if we're going -- that I
16 think at some point if we're able to do that and it
17 doesn't create any issues with respect to getting the
18 Medic, Inc. creditors who are making this objection any
19 assets, it doesn't entitle them to anything because we
20 didn't substantively consolidate. I think, if anything,
21 it's putting form over substance.
22      THE COURT: But there has got to be a
23 reason that you chose this form, and doesn't it suggest
24 that there is value at the Mediq level?

HEARING 124

1     MR. LEVITIN: Your Honor, if you take that
2 position, if you take that position then you're calling
3 for the extortion by structurally subordinated creditors
4 of operating company assets because where something has a
5 value to the operating company but not a value to the
6 parent company creditors I think that --
7     THE COURT: Well, if it has a value and
8 somebody wants it it's valuable to the creditors of
9 Mediq.
10     MR. LEVITIN: Aren't we ultimately back to
11 the best interests issue which is are they getting more
12 or less than they would get in a Chapter 7 liquidation?
13 Why are they entitled to more than that?
14     THE COURT: I'm not focusing on that. I'm
15 focusing on the requirements of the Code that there has
16 to be one class accepting.
17     MR. LEVITIN: I mean, it does say, Section
18 1129(a)(10) does say that at least one class of claims
19 under the plan have to vote in favor. It doesn't say
20 that there has to be a separate plan for each entity. It
21 doesn't say --
22     THE COURT: If that were the rule then any
23 joint plan would be -- could be filed with respect to any
24 affiliated Debtors where it is not a consolidated entity,

HEARING 125

1  but you're suggesting that if the creditors of one of the

2  Debtors vote in favor of the plan then you have met

3  1129(a)(10). I can't believe that that's the case.

4      MR. LEVITIN: I think, Your Honor, I think

5  we have to meet 1129(a)(7) under those circumstances.

6      THE COURT: That's a different issue.

7      MR. LEVITIN: We're dealing with a chain of

8  companies where we're talking about a holding company

9  that's structurally subordinated.

10     THE COURT: I understand but don't you

11 need one class of creditors in that?

12     MR. LEVITIN: Under the plan, and we have a

13 joint plan, which was not objected to.

14     THE COURT: But it's a joint plan but it's

15 not a consolidated.

16     MR. LEVITIN: That's correct.

17     THE COURT: Or consolidating plan. I

18 don't think your interpretation of (a)(10) is correct.

19     MR. LEVITIN: Your Honor, I mean if --

20     THE COURT: Does anybody want to correct

21 me on that?

22     MR. ECKSTEIN: I'd be happy to speak to it,

23 Your Honor, when it's my turn. If you would like me to

24 speak now I'm happy to do that.