**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
TRIBUNE COMPANY, *et al.*                           : Case No. 08-13141 (KJC)
                                                    : Jointly Administered
            Debtors.                                :
                                                    :
                                                    : Re: 7136, 7801, 7996
---------------------------------------------------------- x  **Confirmation Hearing date: March 7, 2011**

### DEUTSCHE BANK TRUST COMPANY AMERICAS' PARTIAL JOINDER IN OBJECTION OF WILMINGTON TRUST COMPANY, AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES, TO THE SECOND AMENDED DEBTOR/COMMITTEE/LENDER PLAN

*COMES NOW*, Deutsche Bank Trust Company Americas ("DBTCA"), successor indenture trustee under the 1992 Indenture, the 1995 Indenture and the 1997 Indenture, by and through its undersigned counsel and submits this partial joinder ("Joinder") to the objection of Wilmington Trust Company, as Successor Indenture Trustee, for the PHONES, (the "WTC Objection") [D.I. 7996] and in support hereof states as follows:

1. DBTCA joins in the WTC Objection substantially for the reasons set forth therein with respect to argument heading number III for failure of the D/C/L Plan (as defined therein) to classify an indenture trustee fee claim as a Class 1F Other Parent Claims.[1]

2. More specifically, DBTCA joins the WTC Objection because the Plan is unconfirmable as a matter of law and lacking good faith to the extent it classifies DBTCA's

---

[1] DBTCA raised this issue in its *Motion Of Deutsche Bank Trust Company Americas, Indenture Trustee Under The 1992 Indenture, The 1995 Indenture And The 1997 Indenture For Estimation And Temporary Allowance Of Claim For Voting Purposes Pursuant To Bankruptcy Rule 3018* (the "DBTCA 3018 Motion") [D.I. 7433] filed on January 7, 2011. The Proponents of the D/C/L Plan first identified this as a "Confirmation Issue" when they filed an objection [D.I. 7490] to DBTCA's 3018 Motion on January 13, 2011. This was after the Court entered the Discovery and Scheduling Order for Plan Confirmation (the "Scheduling Order") [D.I. 7239] entered on December 20, 2010. Because the Debtors/Committee first raised this as an issue relating to confirmation, after the entry of the Scheduling Order, to the extent necessary, DBTCA asserts that good cause exists to allow consideration of this Joinder.

Trustee expense claims (the "Expense Claims") as Class 1E Claims. The Expense Claims are not similar in legal nature, character or effect as the claims in the Senior Noteholder class because: (1) the claims arise in favor of different parties; and (2) the claims for expenses are the same priority as claims in the "other parent class" but not the same priority as the principal and interest claimed under the indentures because of the authority of the trustee to assert a charging lien. *See In re Gillette Assoc., Ltd.*, 101 B.R. 866, 873 (Bankr. N.D. Ohio 1989) (holding plan was unconfirmable because it put indenture trustee fees in same class as general unsecured creditors even though the fees were "ongoing" but the debt owed under the indenture was fixed or "done"); *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assocs*. 987 F.2d 154, 159 (3d Cir. 1993); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 239 (3d Cir. 2004); *In re Dow Corning Corp.*, 244 B.R. 634, 644 (Bankr. E.D. Mich. 1999) (noting there are "limits on a plan proponent's classification freedom.").

3.  Furthermore, DBTCA objects to the Plan's disparate treatment of creditors embodied in the D/C/L Plan because similarly situated creditors within the "Other Parent Class" (such as the retiree claims) will receive approximately 35.18% distribution for their claims whereas, in contrast, allowing the Expense Claims as a Class 1E Claim will diminish the expected recovery to the Class 1E claimants to less than 35.18%. See D/C/L Disclosure Statement at Page 11. As such, the D/C/L Plan is not fair or reasonable, does not treat similarly situated creditors alike, lacks good faith and cannot be confirmed as a matter of law.

*WHEREFORE*, for the foregoing reasons, DBTCA hereby joins in the WTC Objection, on the limited basis stated above; and requests that this Court (i) find that the Expense Claims are Class 1F Other Parent Claims and thus the Plan, as proposed, is not confirmable as a matter

ME1 11225668v.1

of law; and (ii) grant DBTCA such other and further relief as is just.

| | |
|---|---|
| Dated: February 16, 2011<br>Wilmington, DE | **McCARTER & ENGLISH, LLP**<br><br>By: /s/ Katharine L. Mayer<br>Katharine L. Mayer (DE # 3758)<br>McCarter & English, LLP<br>405 N. King Street, 8th Floor<br>P.O. Box 111<br>Wilmington, DE 19899<br>Telephone: (302) 984-6300<br>Facsimile: (302) 984-6399<br><br>-and-<br><br>David J. Adler<br>245 Park Avenue, 27th Floor<br>New York, NY  10167<br>Telephone: (212) 609-6800<br>Fax: (212) 609-6921<br>dadler@mccarter.com<br><br>*Counsel for Deutsche Bank Trust Company Americas* |

ME1 11225668v.1