# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Thomas J. McCormack
direct tel (212) 408-5182  fax (646) 710-5182
tmccormack@chadbourne.com

February 17, 2011

**BY HAND**

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware 19801

Re:  *In re Tribune Company, et. al,* **Case No. 08-013141 (Bankr. D. Del.) (KJC)**

Dear Chief Judge Carey:

On behalf of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), we write pursuant to paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order") to respectfully request the Court's assistance in resolving a discovery dispute with Aurelius Capital Management, LP ("Aurelius") (one of the "Noteholder Plan Proponents"), concerning its most recent attempt to take the depositions of attorneys for Committee members, notwithstanding how that issue was addressed by the Court at the February 8 and 15 hearings. Specifically, the Committee requests that the Court issue an order pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure quashing the deposition subpoenas served on February 15, 2011 by one of Aurelius's law firms upon:

(1) Gordon Z. Novod, Esq. ("Novod") of Brown Rudnick LLP, counsel for Committee member Wilmington Trust Company ("Wilmington Trust") — one of Aurelius's fellow Noteholder Plan Proponents, and,

(2) David Adler, Esq. ("Adler") of McCarter & English LLP, counsel for Committee member Deutsche Bank Trust Company Americas ("Deutsche Bank") — likewise one of Aurelius's fellow Noteholder Plan Proponents.

These depositions have been noticed for the morning and afternoon, respectively, of Thursday, February 24, 2011, the next-to-last day of the discovery period. Counsel for the Committee and Aurelius held a telephonic meet-and-confer on these issues on February 17, 2011, but were unable to reach a resolution at that time. Aurelius insists on taking the depositions of the counsel for Committee members Wilmington Trust and Deutsche Bank, as opposed to the Committee members themselves.

As the Court no doubt recalls, the parties and the Court only just recently addressed the issue of attempts by Aurelius and its fellow Noteholder Plan Proponent Law Debenture Trust Company of New York ("Law Debenture") to take depositions of attorneys for the parties in

**CHADBOURNE**
**& PARKE** LLP

Chief Judge Kevin J. Carey             -2-                    February 17, 2011

these cases. Letters were written to the Court objecting to deposition subpoenas issued by Aurelius and/or Law Debenture to counsel for (a) the Debtors, (b) JPMorgan Chase Bank, (c) the Committee, (d) one of the Committee's members, and (e) Oaktree Capital Management, L.P. and Angelo, Gordon & Co. (D.I. Nos. 7752, 7778, 7783, 7799; see also D.I. No. 7836). Prior to the hearing of this matter on February 8, 2011, Aurelius and Law Debenture agreed not to pursue any such attorney depositions except for those of two Committee counsel. (D.I. No. 7839.) The motion to quash those two depositions was then argued at the February 8, 2011 hearing. (See 2/8/11 Tr. at 17-34.) At the conclusion of that argument, the Court carried the matter over to February 15, 2011, directing that such depositions not proceed in the interval and suggesting they were inappropriate under the then current circumstances. (See id. at 33:17- 34:9.)

Thereafter, at the hearing on February 15, 2011, the attorney deposition issue was summarily disposed of as follows (2/15/11 Tr. at 2:3 - 3:1):

> MR. PERNICK: Good morning, Your Honor. Your Honor, Norman Pernick from Cole Schotz on behalf of the Debtor, Tribune Company. Your Honor, I'll just run through the agenda quickly, . . . . I have a further update on some other [matters] that have since been resolved. . . . [T]he attorney depositions, 4, 5, 6, and 7 on the agenda, those are not going forward today. They're just adjourned to an open date.
>
> THE COURT: We'll figure out what that means in a minute.
>
> \*       \*       \*
>
> MR. PERNICK: I think it means right now there's no dispute. I believe it releases or all the parties are reserving their rights, but hopefully it won't come back before Your Honor, but no promises.

But then, the evening of that very same day, February 15, 2011, Aurelius subpoenaed the attorneys Messrs. Novod and Adler for depositions to be held on February 24.

There are several reasons why these depositions should be quashed. First and foremost, they present the same issue that was just put before the Court — deposing attorneys rather than parties — on which the Court indicated it was not inclined to let such depositions proceed, at least unless there was "some extraordinary situation." (2/8/11 Tr. at 33:21.) There was not on February 8 and there is not today. For all the reasons discussed on that prior application, these attorney depositions should be quashed.

Aurelius already has taken depositions from the two co-chairs of the Committee, as well as from a representative of Moelis & Company, the Committee's financial advisor. One additional Committee member deposition has been confirmed for next week. This deposition will provide additional information on the Committee's activities. Three other Committee member depositions have been noticed for next week as well, which depositions are currently

CHADBOURNE
& PARKE LLP

Chief Judge Kevin J. Carey　　　　　　-3-　　　　　　February 17, 2011

subject to meet-and-confer regarding whether they are unnecessarily cumulative. While depositions of even more Committee members who attended the same Committee meetings would appear entirely cumulative, if Aurelius insists upon taking depositions of additional Committee members, it can take the depositions of its fellow Noteholder Plan Proponents Wilmington Trust and Deutsche Bank, who were and are members of the Committee. There is, however, no reason to bypass testimony by actual members of the Committee in favor of testimony by their litigating counsel.

　　　　Finally, Aurelius's interest in possibly using the lawyers Messrs. Novod and Adler to further its affirmative case at the confirmation hearing raises potential problems for the Court under the attorney-witness rule. It is bad enough when Aurelius sought to use counsel <u>for opposing parties</u> as a source of confirmation hearing testimony when party testimony was available instead, as Aurelius was doing back before February 8. But the attorney-witness problem becomes far more extreme when Aurelius seeks to use the confirmation hearing counsel for <u>its own fellow Noteholder Plan Proponents</u> as a building block of its own case — <u>i.e.</u>, to support the very same case for which those testifying counsel would then be advocating in their roles as confirmation hearing counsel for Wilmington Trust and Deutsche Bank. <u>See</u>, <u>e.g.</u>, <u>Cannon Airways, Inc.</u> v. <u>Franklin Holdings Corp.</u>, 669 F. Supp. 96, 99 (D. Del. 1987) ("The lawyer as witness rule protects the integrity of the advocate's role as an independent and objective proponent of rational argument and preserves the distinction between advocacy and testimony."); <u>see also</u> <u>Schlossberg</u> v. <u>Fischer (In re Fischer)</u>, 2006 Bankr. LEXIS 4334, at *7 (Bankr. D. Md. July 7, 2006) ("It is one thing for an attorney to seek excuse from Rule 3.7(a) where the opposing side has called him for tactical effect or for inconsequential purposes. But where an attorney has been named on his own client's witness list . . . he should not be allowed to disregard the general provisions of Rule 3.7(a).").

　　　　For the foregoing reasons, the Committee respectfully requests that the Court quash the subpoenas to Messrs. Novod and Adler. The Committee is prepared to address this matter at the February 22, 2011 hearing, if the Court so desires.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Thomas J. McCormack*
　　　　　　　　　　　　　　　　　　　　　　　　Thomas J. McCormack

cc: All counsel entitled to notice under the Discovery and Scheduling Order