UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC)<br>(Jointly Administered) |
| Debtors. | Re: Docket No. 7675 |
| | Hearing Date: March 1, 2011 at 10:00 a.m.<br>Objection Deadline: February 22, 2011 at 4:00 p.m. |

**RESPONSE OF COOK COUNTY DEPARTMENT OF
REVENUE TO DEBTORS' FORTY-FIRST OMNIBUS OBJECTION**

Cook County Department of Revenue ("**DOR**"), through its attorneys, files this Response (the "**Response**") to the Debtors' Forty-First Omnibus Objection to Claims [D.I. 7675] (the "**Objection**"), and in support hereof, respectfully represents as follows:

1. On December 9, 2010, DOR filed a pre-petition priority claim for $1,286,329.03 (the "**Initial Tax Claim**") and on January 11, 2011, it filed an amended pre-petition priority claim for $1,519,196.85 (the "**Amended Tax Claim**") (collectively, the "**Tax Claims**"). The Tax Claims relate to unpaid home rule amusement taxes arising out of the operations of the Tribune CNLBC, LLC, ("**CNLBC**"), which owned and operated the Chicago Cubs. Attached as **Exhibit A** is a copy of the Amended Tax Claim[1]. The Tax Claims were filed after the bar date for general unsecured claims.

---

[1] The DOR listed the lead debtor, Tribune Company, as the tax obligor. As the exhibit attached to both Tax Claims shows, the actual obligor is CNLBC. Concurrently with filing this Response, the DOR will file identical amended claims in the CNLBC and Tribune Cases (collectively, the "**Second Amended Tax Claim**") to clarify any ambiguity. A copy of the two Second Amended Claims are attached hereto as **Exhibit B**. The Second Amended Tax Claim is for $570,207.39, as it omits all amounts that accrued before October 12, 2006, that would not be entitled to priority treatment. The claim is filed in both cases to assume that it is counted in the appropriate case. DOR is entitled to only one recovery, not two.

{BAY:01746135v2}

2.   A dispute between CNLBC and the DOR regarding the underlying tax obligation currently is pending before an Administrative Law Judge in Chicago, Illinois, as file number 12-03-2007.

3.   In the Objection, the Debtors do not reference the Amended Tax Claim (even though they did object to the New York State Department of Taxation's claim that was filed on January 14, 2011) (*See* Objection, Exhibit A, Item 5) but do object to the Initial Tax Claim as untimely (Objection, Exhibit C, Item 3).

4.   Per Bankruptcy Code Section 502(b)(9), failure to file a timely tax claim is not a legally cognizable basis to disallow any tax claim, because under Bankruptcy Code Section 726(a)(1), tardy priority claims are paid before any distribution is made to general unsecured creditors.  Specifically, Section 502(b)(9) provides that this Court should determine and allow claims

> Except to the extent that -
>
> . . . .
>
> (9)  proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2) or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure . . . .

Section 726(a)(1) states that

> property of the estate shall be distributed -
>
> (1)  first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of -
>
> (A)  the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
>
> (B)  the date on which the trustee commences final distribution under this section . . . .

Because the Debtors have not filed a final report and have not commenced a final distribution (indeed, no reorganization plan has been confirmed), the DOR's Second Amended Tax Claim qualifies for a distribution under Section 502(b)(9) because of Section 726(a)(1), even though it was not filed timely.

**WHEREFORE** the DOR respectfully requests that this Court overrule the Objection, hold that the DOR's Second Amended Tax Claim cannot be disallowed as untimely, and grant DOR such further relief as is reasonable and just.

Dated:  February 18, 2011
Wilmington, Delaware

BAYARD, P.A.

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:  (302) 429-4226
Facsimile:  (302) 658-6395
E-mail:  jalberto@bayardlaw.com

-and-

QUARLES & BRADY LLP
Philip V. Martino
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Telephone:  (813) 387-0263
Facsimile:  (813) 387-1763
E-mail:  philip.martino@quarles.com

*Counsel for Cook County Department of Revenue*