# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100 fax (212) 541-5369

Thomas J. McCormack
direct tel (212) 408-5182 fax (646) 710-5182
tmccormack@chadbourne.com

February 18, 2011

**BY HAND**

The Honorable Chief Judge Kevin J. Carey
824 North Market Street
Fifth Floor
Wilmington, Delaware 19801

      Re:     *In re Tribune Company, et. al*, Case No. 08-013141 (Bankr. D. Del.) (KJC)

Dear Chief Judge Carey:

      On behalf of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), we write pursuant to paragraph 14 of the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Discovery and Scheduling Order") to respectfully request the Court's assistance in resolving a discovery dispute with Law Debenture Trust Company of New York ("Law Debenture") (one of the "Noteholder Plan Proponents"), concerning its attempts to take certain cumulative and unnecessary depositions of Committee members/representatives. Specifically, the Committee requests that the Court issue an order pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure quashing the deposition subpoenas served by Law Debenture:

    (1) on February 7, 2011, upon Committee member William Niese ("Niese"),

    (2) on February 10, 2011, upon Gabrielle Davis, a representative of Committee member Buena Vista Television ("Davis"), and

    (3) on February 10, 2011, upon Craig Yamaoka, a representative of Committee member Pension Benefit Guaranty Corporation (PBGC) ("Yamaoka").

These depositions are all currently scheduled or noticed for the last three days of the discovery period: Niese and Davis for February 23, 2011 and Yamaoka for February 25, 2011. The parties held telephonic meet-and-confers on these issues on February 17 and 18, 2011, but were unable to reach a resolution.

      The objection to permitting the depositions of these three individuals to go forward is that, in an already crowded and compressed deposition schedule for the final week of fact discovery with regard to plan confirmation, on the few potentially relevant topics on which these witnesses could actually provide any testimony, their deposition testimony could only be entirely cumulative of that of other witnesses already deposed or scheduled. Moreover, the Debtor/Committee/Lender Plan Proponents have committed that they will not call any of these

CHADBOURNE
& PARKE LLP

Chief Judge Kevin J. Carey            -2-                February 18, 2011

three witnesses to testify at the plan confirmation hearing. In these circumstances, there simply is no reason for these depositions to go forward.

There has been no shortage of depositions in this case from witnesses who can address and have addressed Committee-related matters. The Noteholder Plan Proponents already have taken full-day depositions of the two co-chairs of the Committee, Mr. Wayne Smith and Ms. Miriam Kulnis. They also have deposed Mr. Thane Carlston, a representative of Moelis & Company, the Committee's financial advisor. In addition, the deposition of yet another Committee member, Mr. William Salganik, has been confirmed for next week. There has been no explanation given of what additional non-privileged information about Committee activities Niese, Davis or Yamaoka reasonably could be expected to provide beyond what has been provided in the depositions already taken and those to come. Indeed, even if one were to assume arguendo that there were any such additional information, there has not been any explanation of why Law Debenture could not more easily obtain such information through deposition and/or hearing testimony from its fellow Noteholder Plan Proponents Wilmington Trust Company and Deutsche Bank Trust Company Americas, both of whom are Committee members.[1]

On top of all the depositions, there has been voluminous document discovery already taken of the Committee, its outside counsel law firms, various individual Committee members and the Committee's financial advisor. They collectively have produced more than 320,000 pages in discovery. In addition, there has been further voluminous document discovery provided by other parties and their counsel in this matter.

There is thus no reason to think that producing three more Committee members for depositions would yield anything other than purely cumulative testimony. In addition to the fact that the Noteholder Plan Proponents would in any event be unable under Fed. R. Evid. 403 to present such cumulative evidence at the confirmation hearing, Fed. R. Civ. P. 26(b)(2)(C) specifically authorizes the Court to limit discovery when, inter alia:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or]

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]

---

[1] Of course, the Committee opposes Aurelius's efforts to depose the counsel of those members, which opposition is the subject of a separate application to this Court. (See D.I. No. 8051.)

**CHADBOURNE**
**& PARKE LLP**

Chief Judge Kevin J. Carey	-3-	February 18, 2011

See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. C.A. 04-1371 JJF, 2006 WL 2604540 at *2-3 (D. Del. Aug. 24, 2006) (quashing deposition subpoena as "cumulative to and duplicative of the previous subpoenas issued by [the same party] in this case," when that party "had the opportunity to obtain this information during its depositions of those [other] individuals [previously deposed].").

Rule 26(c)(1) additionally authorizes the Court to bar discovery in order to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense." These three latest deposition subpoenas to Committee members — when viewed against the depositions of the Committee members or advisors already taken or scheduled, and against the Noteholder Plan Proponents' attempts to depose no less than five separate counsel for the Committee or its members — suggests that this is precisely what is afoot here. This unrelenting focus on the Committee bears no rational relationship to the issues central to the confirmation hearing. However dissatisfied the Noteholder Plan Proponents may be with the Committee for deciding to favor a plan different than their own, that is not a license for them to conduct harassing, duplicative and cumulative deposition discovery of Committee-related witnesses.

For the foregoing reasons, the Committee respectfully requests that the Court quash the deposition subpoenas to Niese, Davis and Yamaoka. The Committee is prepared to address this matter at the February 22, 2011 hearing, if the Court so desires.

Respectfully submitted,

Thomas J. McCormack

cc:  All counsel entitled to notice under the Discovery and Scheduling Order