# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG

1633 BROADWAY

NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1102

WRITER'S DIRECT FAX
(212) 373-7902

E-MAIL
efriedman@fklaw.com

NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
JESSICA RICHMAN SMITH
KEVIN L. OBERDORFER
TIMOTHY M. HAGGERTY
JOHN C. LIN
ANDREW S. PAK
PHILIP A. WELLNER
AMY K. PENN
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO
KENNETH N. EBIE
KIZZY L. JARASHOW
CARI FAIS
SAUMYA MANOHAR
BENJAMIN S. HOLZER

February 21, 2011

The Honorable Kevin J. Carey
Chief Judge, United States Bankruptcy Court
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (KJC)
       Discovery Dispute re: Depositions of Neise, PBGC and Buena Vista

Dear Chief Judge Carey:

This firm represents Aurelius Capital Management, LP ("Aurelius") in these cases. We write in opposition to the February 18, 2011 letter of the Official Committee of Unsecured Creditors (the "Committee") seeking to quash deposition subpoenas (the "Committee Deposition Subpoenas") served on February 7 and 10 by Law Debenture Trust Company of New York ("Law Debenture," and together with Deutsche Bank Trust Company Americas and Aurelius, the "Noteholder Plan Proponents") on the following Committee members/representatives: (i) William Niese, as representative of certain retirees; (ii) Gabrielle Davis, as representative of Buena Vista Television; and (iii) Craig Yamaoka, as representative of the Pension Benefit Guaranty Corporation.

Notwithstanding that the Niese deposition was originally confirmed for February 23, and the Court has set a discovery completion deadline of February 25, at the eleventh hour Committee counsel has taken a 180-degree turn and now takes the position that these depositions are "cumulative and unnecessary." The Committee's attempt to block these depositions is nothing more than a blatant attempt to cherry-pick the evidence available to be submitted at the upcoming confirmation hearing. The Committee should not be able to choose those members whose testimony it believes will be beneficial and

961715.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Hon. Kevin J. Carey                    - 2 -                    February 21, 2011

prevent the Noteholder Plan Proponents from gathering discovery from those members of its choosing.[1]

      The only Committee members that voted in favor of the Debtors/Committee/Lenders ("DCL") Plan represent constituencies that either (i) are defendants against whom claims would be settled; (ii) are subsidiary unsecured creditors that will receive 100% recovery under the Plan; (iii) will have their pension contracts assumed under the Plan; or (iv) were locked into the Plan as parties to a pre-negotiated settlement. Indeed, it appears that each of the Committee members were quite effective advocates for their own constituency, but at the expense of the other non-LBO creditors. An examination of the Committee's decision-making process is necessary, therefore, to determine whether the Committee members were considering the interests of the entire unsecured class or whether, instead, they abandoned their fiduciary duties in favor of their individual interests or agendas. Just because Mr. Niese, Ms. Davis, and Mr. Yamaoka all had an incentive to forsake the interests of the noteholders does not, given their different circumstances, make their testimony "duplicative."

      Contrary to the Committee's assertions, the Noteholder Plan Proponents have not yet received sufficient witness testimony concerning the activities of the Committee. Due to Committee co-chair Wayne Smith's selective memory and the Committee's overbroad and at times baseless assertions of privilege, the Noteholder Plan Proponents received very little information regarding the settlement negotiations and the Committee's decision-making process. The other co-chair, Miriam Kulnis of JPMorgan Chase ████████████████████████████████. It thus remains necessary to explore further whether the Committee members did, in fact, discharge their fiduciary duties and whether the DCL Plan was entered into at arms' length and in good faith.

      As but one example, Committee co-chair Wayne Smith ████████████ ████████████████████████ This change is devastating and unfair to the Noteholders and provides a windfall beyond all reason for the LBO Lenders. The change from a strip to cash gives the LBO lenders all the upside if the DEV of Tribune is higher than $6.75 billion, as the Noteholder Plan Proponents will establish at the confirmation hearing. In addition, as illustrated in the table below, which appears on page 58 of the Noteholder Objection to the DCL Plan (after paragraph 122), if Step Two is avoided (which the Examiner Report finds to be highly likely), then even relatively modest increases in the DEV result in recoveries to the Noteholders far in excess of the recovery provided for them in the DCL Plan:

---

[1] Aurelius has made clear from the outset of discovery that it intended to take these depositions, including by including them in Aurelius' December 10, 2010 preliminary list of depositions.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Hon. Kevin J. Carey                    - 3 -                    February 21, 2011

| Noteholder Recoveries as a Percentage of Claim[2] | | | | | |
| Distributable Enterprise Value (DEV) | Natural Waterfall Recovery | | DCL Plan Recovery | | Natural Waterfall Recovery If Step Two Is Avoided[3] | |
| | Senior Notes | PHONES Notes | Senior Notes | PHONES Notes | Senior Notes | PHONES Notes |
|---|---|---|---|---|---|---|
| $6,750 | 4.8% | 0% | 33.59% | 0% | 26.4% | 0% |
| $6,900 | 4.9% | 0% | 33.59% | 0% | 37.5% | 0% |
| $7,050 | 5.0% | 0% | 33.59% | 0% | 48.5% | 0% |
| $7,200 | 5.1% | 0% | 33.59% | 0% | 59.6% | 0% |
| $7,350 | 5.2% | 0% | 33.59% | 0% | 70.6% | 0% |
| $7,500 | 5.3% | 0% | 33.59% | 0% | 81.7% | 0% |
| $7,650 | 5.4% | 0% | 33.59% | 0% | 92.7% | 0% |
| $7,800 | 5.6% | 0% | 33.59% | 0% | 100.0% | 6.9% |
| $7,950 | 5.7% | 0% | 33.59% | 0% | 100.0% | 27.0% |
| $8,100 | 5.8% | 0% | 33.59% | 0% | 100.0% | 47.2% |
| $8,250 | 5.9% | 0% | 33.59% | 0% | 100.0% | 67.3% |
| $8,400 | 6.0% | 0% | 33.59% | 0% | 100.0% | 87.4% |
| $8,550 | 6.1% | 0% | 33.59% | 0% | 100.0% | 100.0% |
| $8,700 | 6.2% | 0% | 33.59% | 0% | 100.0% | 100.0% |
| $8,850 | 6.3% | 0% | 33.59% | 0% | 100.0% | 100.0% |
| $9,000 | 6.4% | 0% | 33.59% | 0% | 100.0% | 100.0% |

Each Committee member who supports the DCL Plan should be asked how the change from strip to cash came about and what basis the Committee had for accepting it.

Finally, as stated above, the Noteholder Plan Proponents should be given the opportunity to develop deposition testimony from witnesses of their choosing. There is simply no reason why the Committee should be entitled to tell the Noteholder Plan Proponents that they should only be permitted to depose the individuals whom the Committee has identified as its best witnesses, and that the resulting limited and self-serving testimony should be sufficient. The Noteholder Plan Proponents need to be able to gather information from witnesses of their choosing that can be used to cross-examine the Committee's witnesses at the confirmation hearing.

Based on the foregoing, we respectfully request that the Court deny the Committee's request to quash the Committee Deposition Subpoenas and compel the witnesses to appear as scheduled. To the extent that the parties are unable to reach a

---

[2] The table assumes no postpetition interest because there is no one subsidiary that is solvent as evidenced by, among other things, the magnitude of intercompany claims that cannot be satisfied in full.

[3] Assumes disgorgement of Step Two fees, costs and expenses.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Hon. Kevin J. Carey                   - 4 -                   February 21, 2011

decision concerning the date(s) of the depositions, we respectfully request that the Court extend the February 25 discovery deadline to allow time for those depositions to be completed.

Respectfully submitted,

*Edward A. Friedman*

Edward A. Friedman

cc:    All counsel entitled to notice under the Discovery and Scheduling Order (by e-mail)