# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Case No. 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due: February 28, 2011 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: March 2, 2011 at 1:30 p.m. (ET)** |

## THE NOTEHOLDER PLAN PROPONENTS' MOTION *IN LIMINE* AND MEMORANDUM OF LAW IN SUPPORT THEREOF TO EXCLUDE THE EXPERT TESTIMONY OF JOHN CHACHAS, DAVID KURTZ AND SUNEEL MANDAVA

ASHBY & GEDDES, P.A.
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York 10036

*Counsel to Aurelius Capital Management, LP*

*(Additional counsel to additional Noteholder Plan Proponents listed on signature pages)*

February 22, 2011

### TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................i

INTRODUCTION .............................................................................................................1

    Mr. Kurtz and Mr. Mandava ......................................................................................1

    Mr. Chachas ...............................................................................................................2

    Raymond James ..........................................................................................................3

ARGUMENT ...................................................................................................................3

I.     BECAUSE THEIR OPINIONS ARE CUMULATIVE, THE COURT
        SHOULD BAR MR. CHACHAS FROM OFFERING TESTIMONY,
        AND EXCLUDE EITHER MR. KURTZ OR MR. MANDAVA ...........................4

II.    THIS COURT SHOULD STRIKE THE ONLY OPINION MR.
        CHACHAS GIVES THAT IS INDEPENDENT OF THE LAZARD
        REPORT ..........................................................................................................5

CONCLUSION................................................................................................................6

## TABLE OF AUTHORITIES

### Cases

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,*
No. 3:CV-01-0485. 2003 U.S. Dist. LEXIS 27621 (M.D. Pa. July 8, 2003) ..........................4

*Branche v. Zimmer, Inc.,*
No. 3:06-CV-234, 2008 WL 5504700 (E.D. Tenn. Aug. 11, 2008) ............................................4

*Daddio v. Nemours Found.,*
No. 09-3760, 2010 WL 4318576 (3d Cir. Nov. 2, 2010) ........................................................4

*Daubert v. Merrell Dow Pharm., Inc.,*
509 U.S. 579 (1993) ..........................................................................................................3, 5

*Floorgraphics, Inc. v. News America Mktg. In-Store Servs., Inc.,*
546 F. Supp. 2d 155 (D. N.J. 2008) ......................................................................................5

*Gen. Elec. Co. v. Joiner,*
522 U.S. 136 (1997) ............................................................................................................6

*Harbor Ins., Co. v. Cont'l Bank Corp.,*
No. 85 C 7081, 1991 US. Dist. LEXIS 15272 (N.D. Ill. Oct. 25, 1991) ..........................4

*In re Paoli R.R. Yard PCB Litig.,*
35 F.3d 717 (3d Cir. 1994) ..................................................................................................6

*Premack v. J.C.J. Ogar, Inc.,*
148 F.R.D. 140 (E.D. Pa. 1993) ..........................................................................................4

*Robert S. v. Stetson Sch., Inc.,*
256 F.3d 159 (3d Cir. 2001) ................................................................................................4

*Rosen v. Ciba-Geigy Corp.,*
78 F.3d 316 (7th Cir. 1996) ................................................................................................6

*Rowe Int'l Corp. v. Ecast, Inc.,*
586 F. Supp. 2d 924 (N.D. Ill. 2008) ..................................................................................6

*Williams v. Cnty. of Orange,*
No. 03 Civ. 5182(LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ..................................4

**Statutes**

FED. R. EVID. 702..............................................................................................................3

FED. R. EVID. 403..............................................................................................................4

### Definitions & Exhibits

Unless otherwise defined, the capitalized terms used in this memorandum of law have the meaning ascribed to them in the Noteholder Plan Proponents' Amended Objection to the Confirmation of the Debtor/Committee/Lender Plan of Reorganization (Part I), dated February 16, 2011. *See* Dkt. No. 8026.

Documents and pleadings cited in this memorandum of law, unless already available on the public docket, are attached to the accompanying Affirmation of John W. Berry ("Berry Aff.), which is submitted in support of this motion and in support of the motion of the Noteholder Plan Proponents to exclude the testimony of Bernard Black.

## INTRODUCTION

The DCL Plan Proponents have proffered three different experts to opine about just one topic—the Debtors' total distributable enterprise value, or "DEV:" (*i*) John G. Chachas of Methuselah Advisors L.P., (*ii*) David Kurtz of Lazard Freres & Co. LLC ("Lazard"), and (*iii*) Suneel Mandava of Lazard. The opinions of Mr. Kurtz and Mr. Mandava are presented in a single report signed by both (the "Lazard Report"), and Mr. Chachas's opinions are contained in a completely separate report (the "Chachas Report"), which attaches the Lazard Report as an exhibit.

There is no reason for this Court or the parties to have to deal with the pre-trial discovery and trial testimony of three witnesses who will all be testifying about the exact same thing. The DCL Plan Proponents need to pick their one valuation expert, or have the Court do it for them.

### Mr. Kurtz and Mr. Mandava

In the Lazard Report, Mr. Kurtz and Mr. Mandava estimate that the DEV of the Debtors, as of June 30, 2011, ███████████████████████ a figure the Noteholder Plan Proponents vigorously oppose as too low and outdated. *See infra* at 3. This estimate is intended to "update" Lazard's prior estimate of DEV, made as of March 2010. *See* Berry Aff. Ex. B (Lazard Report) at 3.

The DCL Plan Proponents, however, have not indicated which portions of the Lazard Report were prepared by Mr. Kurtz or Mr. Mandava, nor have they identified which opinions each intends to offer at the Confirmation Hearing. Instead, in response to repeated requests from the Noteholder Plan Proponents for this information, they have stated only that Mr. Kurtz will "speak to the overall conclusions set forth in the Lazard Report that he signed" and that Mr. Mandava will only "testify as to the underlying details of the analysis that Lazard performed." *Id.* Ex. F (Ducayet e-mail); *see also id.* Ex. E (Qureshi letter).

1

## Mr. Chachas

For his part, in his report, Mr. Chachas merely expresses his agreement with the conclusions of Mr. Kurtz and Mr. Mandava. ████████████████████████
████████████████████████████████████████████
███████████████████████████
████████████████████████████████████████
████████████████████████████████
*Id.* Ex. C (Chachas Report) at ¶ 44.

Of course, it is not at all surprising that Mr. Chachas agrees with Lazard, despite the many flaws in the Lazard Report. ████████████████████████████ *See*
*id.* ¶¶ 2, 4. █████████████████████████████████
████████████████████████████████████████████
██████████████████████████ *Id.* ¶ 8.

Putting aside his biased agreement with the Lazard Report, Mr. Chachas offers only *one* opinion that is actually independent from Mr. Kurtz and Mr. Mandava. And that opinion is found in just one paragraph in the 44-paragraph Chachas Report. In paragraph 19, Mr. Chachas opines that████████████████████████████████████████████
█████████████████████████ *Id.* ¶ 19.

Although these so-called "supplemental materials" appear to be critical to the one opinion he does give, Mr. Chachas offers little, if any, information about them. *Id.* For one, he does not even attach them to his report. And although he appears to summarize the "results provided in the supplemental valuation materials," he provides no details about how those results were

obtained, nor does he explain what methodology he used in examining those mysterious materials. *See id.* ¶¶ 14, 19.

## Raymond James

Unlike the DCL Plan Proponents, who offer three valuation experts, the Noteholder Plan Proponents have proffered just one—Rajinder Singh of Raymond James & Associates, Inc. ("Raymond James"). Mr. Singh issued his rebuttal report in response to the Lazard Report on February 21, 2011, and in stark contrast to Mr. Chachas's report, he provides a detailed description of the comprehensive valuation analysis his team undertook, which allows this Court to test their assumptions, calculations and conclusion. In his rebuttal report, Mr. Singh concludes

███████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████

## ARGUMENT

Under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and well-established Third Circuit law, a trial court serves as a "gatekeeper," barring expert testimony that is unreliable or not relevant. As part of the court's gatekeeping function, the court must endeavor to allow only expert opinion that will "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. The admissibility of expert testimony under Rule 702 turns on the sufficiency of the data underlying the expert's testimony, the reliability of the expert's methodology and the expert's application of that

methodology to the facts of the case. *See id.*; *Daddio v. Nemours Found.*, No. 09-3760, 2010 WL 4318576, at *2 (3d Cir. Nov. 2, 2010).

## I.    BECAUSE THEIR OPINIONS ARE CUMULATIVE, THE COURT SHOULD BAR MR. CHACHAS FROM OFFERING TESTIMONY, AND EXCLUDE EITHER MR. KURTZ OR MR. MANDAVA

Even if expert testimony may otherwise be admissible under Rule 702, the Court may exclude the testimony under Federal Rule of Evidence 403 if it is cumulative or duplicative of other evidence before the Court. *See* FED. R. EVID. 403; *see also, e.g., Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 169-70 (3d Cir. 2001) (precluding under Rule 403 additional expert offered to testify on "the same issues" as the party's other experts); *Branche v. Zimmer, Inc.*, No. 3:06-CV-234, 2008 WL 5504700, at * 2 (E.D. Tenn. Aug. 11, 2008) (excluding testimony of one of two experts who signed same report where plaintiffs failed to distinguish between their opinions "so either the two experts will be offering the exact same opinions, meaning they are duplicative, or the plaintiff has failed to properly identify which opinions will be offered by which experts").[1]

Here, the opinions of Mr. Kurtz and Mr. Mandava are not only cumulative, but literally identical. Both have authored the same Lazard Report, and both apparently intend to proffer the same opinions contained in that report at the Confirmation Hearing. *See* Berry Aff. Ex. F

---

[1]  *See also Williams v. Cnty. of Orange*, No. 03 Civ. 5182(LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (proposed expert testimony was cumulative and should have been excluded where the expert's "report does not provide the Court with an opinion that is distinct from the expert testimony proffered by the Defendants' principal expert."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:CV-01-0485, 2003 U.S. Dist. LEXIS 27621, at *17-18 (M.D. Pa. July 8, 2003) (striking defendant's expert report in part because other reports "cover virtually the same material" and "[a]dmission of the Williamson report under these circumstances would permit cumulative testimony in violation the Federal Rules of Evidence"); *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 146 (E.D. Pa. 1993) ("In any event, the testimony sought to be introduced by the plaintiffs was deemed to be cumulative, and the validity of that determination is bolstered by the fact that the plaintiffs' medical expert, Dr. Michael D. Eastridge, testified in his videotaped deposition on the very issues which Dr. Gordon would supposedly have addressed); *Harbor Ins., Co. v. Cont'l Bank Corp.*, No. 85 C 7081, 1991 US. Dist. LEXIS 15272, at *15 (N.D. Ill. Oct. 25, 1991) (granting motion to preclude expert testimony based on Rule 403 because "the testimony of three expert witnesses on the same issues is not acceptable").

(Ducayet email). In fact, the DCL Plan Proponents have refused to identify a single expert opinion of Mr. Mandava which is distinct from the expert opinions of Mr. Kurtz. *See id.* It is a waste of this Court's and the other parties' time and resources for both to testify. If the DCL Plan Proponents cannot select one of them to be their sole valuation expert, the Court should make the decision for them and exclude either Mr. Kurtz or Mr. Mandava from offering expert testimony.[2]

With respect to Mr. Chachas, his expert report is essentially just an endorsement of the Lazard Report. But for a single paragraph in the entire report, Mr. Chachas does nothing more than summarize and then concur in the opinions of Mr. Kurtz and Mr. Mandava. He did not do any independent valuation analysis. As such, with the exception of paragraph 19, the Court should strike his entire report as cumulative of the Lazard Report and bar him from testifying about his report or about the opinions in the Lazard Report.

## II. THIS COURT SHOULD STRIKE THE ONLY OPINION MR. CHACHAS GIVES THAT IS INDEPENDENT OF THE LAZARD REPORT

The single opinion that Mr. Chachas does provide in paragraph 19 of his report is also inadmissible because he offers absolutely no basis for that opinion. *See* Berry Aff. Ex. C (Chachas Report) at ¶ 19. It is well-established that an expert report must contain the data and other information considered by the expert, as well as adequate explanation regarding how the expert's conclusions are derived from that data. "Rule 702 does not permit one side in litigation to place an expert opinion before the trier of fact without providing the other side with a factual basis upon which to challenge the expert's assumptions, calculations, and conclusions." *Floorgraphics, Inc. v. News America Mktg. In-Store Servs., Inc.*, 546 F. Supp. 2d 155, 180 (D. N.J. 2008) (citing *Daubert*, 509 U.S. at 589-93). This rule precludes the admission of untestable

---

[2] To the extent Mr. Kurtz can only "speak to the overall conclusions" but not "the underlying details," as Debtors' counsel have suggested, then the choice seems obvious. Berry Aff. Ex. F (Ducayet e-mail). Only Mr. Mandava should be allowed to testify.

assertions such as "subjective belief or unsupported speculation." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). Indeed, "courts need not admit bare conclusions or mere assumptions proffered under the guise of 'expert opinions' and nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) ("an expert who supplies nothing but a bottom line supplies nothing of value to the judicial process"); *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 934(N.D. Ill. 2008) ("Expert reports must disclose how and why an expert reached the conclusions presented, and not merely the result.") (citations omitted).

Here, the only opinion Mr. Chachas offers that is distinct from the opinions of Mr. Kurtz and Mr. Mandava is his opinion that ██████████████████████████████ ████████████████████████████████████ Berry Aff. Ex. C (Chachas Report) at ¶ 19. This opinion, however, is entirely unverified and unsupported. Mr. Chachas provides no additional information regarding these "materials," and does not even attach them to his report. Nor does he indicate what methodologies he undertook to reach his conclusion. Without this information, it is impossible for the parties or the Court to intelligently test Mr. Chachas's underlying assumptions, calculations and conclusions, to the extent there are any. Accordingly, Mr. Chachas's opinion in paragraph 19 of the Chachas Report—the only opinion he actually gives—must be excluded.

## CONCLUSION

For all the foregoing reasons, the Noteholder Plan Proponents respectfully request that this Court (*i*) strike the entire Chachas Report, except for paragraph 19, and exclude Mr. Chachas's testimony regarding those parts of this report, as cumulative of the Lazard Report, (*ii*)

strike paragraph 19 of the Chachas Report and exclude Mr. Chachas's testimony regarding that paragraph because it is unverified and unsupported, and (*iii*) exclude either Mr. Kurtz or Mr. Mandava from testifying regarding the opinions proffered in the Lazard Report as cumulative.

The Noteholder Plan Proponents respectfully submit that this motion *in limine* can be adjudicated and decided now, even though expert discovery has not yet begun. However, should the Court determine that these issues are not yet ripe, the Noteholder Plan Proponents reserve the right to file a supplemental pleading following the completion of expert discovery or at such time as the Court directs.

Wilmington, Delaware
February 22, 2011

ASHBY & GEDDES, P.A.

By: ___ /s/ William P. Bowden ___
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888

- *and* -

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to Aurelius Capital Management, LP*

SULLIVAN HAZELTINE ALLINSON LLC

By: ___ /s/ William D. Sullivan ___
William D. Sullivan (I.D. No. 2820)
    Elihu E. Allinson (I.D. No. 3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

- *and* -

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Katherine S. Bromberg
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

McCARTER & ENGLISH, LLP

By:   /s/ James J. Freebery
James J. Freebery (I.D. No. 3498)
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
Telephone:  (302) 984-6300

- and -

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
Telephone:  212-609-6800

Steven Beckelman
100 Mulberry Street
Gateway Four
Newark, New Jersey 07102
(973) 622-4444

*Counsel to Deutsche Bank Trust Company*
*Americas*

BIFFERATO GENTILOTTI

By:   /s/ Garvan F. McDaniel
Garvan F. McDaniel (I.D. No. 4167)
800 N. King St., Plaza Level
Wilmington, DE 19801
Telephone:  (302) 429-1900

- and -

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
David S. Rosner
Andrew K. Glenn
Sheron Korpus
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700

*Co-Counsel for Law Debenture Trust Company*
*of New York*

8