IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: February 28, 2011 at 4:00 p.m. (ET)<br>Hearing Date: March 2, 2011 at 1:30 p.m. (ET) |

# THE NOTEHOLDER PLAN PROPONENTS' MOTION IN *LIMINE* AND MEMORANDUM OF LAW IN SUPPORT THEREOF TO EXCLUDE THE EXPERT TESTIMONY OF BERNARD BLACK

ASHBY & GEDDES, P.A.
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York 10036

*Counsel to Aurelius Capital Management, LP*

(*Additional counsel to additional Noteholder Plan Proponents listed on signature pages*)

February 22, 2011

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................... ii

INTRODUCTION ...................................................................................................................1

    The Well Regarded Examiner Investigation ........................................................................1

    Professor Black's Re-Examination of the Examiner's Report.............................................2

    Professor Black's Legal Opinions........................................................................................3

ARGUMENT............................................................................................................................5

    I.    RULES 702 PROHIBITS PROFESSOR BLACK FROM OFFERING
        LEGAL OPINIONS................................................................................................5

    II.   PROFESSOR BLACK IS ALSO NOT QUALIFIED ...........................................8

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Alumax Inc. v. Comm'r of Internal Revenue*,
    109 T.C. No. 8, 109 T.C. 133 (T.C. 1997)..........................................................................7

*Berckeley Inv. Grp. v. Colkitt*,
    455 F.3d 195 (3d Cir. 2006)..............................................................................................5

*Bridgeport Holdings Inc. Liquidating Trust v. CDW Corp. (In re Bridgeport Holdings, Inc.)*, No.
    05-50507 (Bankr. D. Del. Jan. 10, 2007)..........................................................................5

*Burger v. Mays*,
    176 F.R.D. 153 (E.D. Pa. 1997).........................................................................................6

*Calhoun v. Yamaha Motor Corp.*,
    350 F.3d 316 (3d Cir. 2003)..............................................................................................8

*Cantor v. Perelman*,
    No. Civ. A. 97-586 KAJ, 2006 WL 3462596 (D. Del. Nov. 30, 2006).............................6

*D & D Assoc., Inc. v. Board of Educ. of N. Plainfield*,
    411 F. Supp. 2d 483 (D. N.J. 2006)...................................................................................8

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)...........................................................................................................8

*FedEx Ground Package Sys., Inc. v. Applications Int'l, Corp.*,
    695 F. Supp. 2d 216 (W.D. Pa. 2010)...............................................................................6

*First Nat'l State Bank of New Jersey v. Reliance Elec. Co.*,
    668 F.2d 725 (3d Cir. 1981)..............................................................................................5

*Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement*,
    812 F. Supp. 1376 (E.D. Pa. 1992)....................................................................................5

*In re Med Diversified, Inc.*,
    334 B.R. 89 (E.D.N.Y. 2005)............................................................................................9

*McCrink v. Peoples Benefit Life Ins. Co.*,
    No. 2:04-CV-01068-LDD, 2005 WL 730688 (E.D. Pa. Mar. 29, 2005).........................6

*Oddi v. Ford Motor Co.*,
    234 F.3d 136 (3d Cir. 2000)..............................................................................................6

*Padillas v. Stork-Gamco, Inc.*,
    186 F.3d 412 (3d Cir. 1999)..............................................................................................8

*Pfizer Inc. v. Teva Pharm. USA, Inc.*,
  Civ. Act. No. 04-754 (JCL), 2006 WL 3041097 (D. N.J. Oct. 26, 2006)................5, 6

*Primavera Familienstifung v. Askin*,
  130 F. Supp. 2d 450 (S.D.N.Y. 2001)................................................6

*United States v. Leo*,
  941 F.2d 181 (3d Cir. 1991)..........................................................5

**Statutes**

FED. R. EVID. 702......................................................................5

FED. R. EVID. 704......................................................................5

### Definitions & Exhibits

Unless otherwise defined, the capitalized terms used in this memorandum of law have the meaning ascribed to them in the Noteholder Plan Proponents' Amended Objection to the Confirmation of the Debtor/Committee/Lender Plan of Reorganization (Part I), dated February 16, 2011. *See* Dkt. No. 8026.

Documents and pleadings cited in this memorandum of law, unless already available on the public docket, are attached to the accompanying Affirmation of John W. Berry ("Berry Aff."), which is submitted in support of this motion and in support of the motion of the Noteholder Plan Proponents to exclude the testimony of John Chachas, David Kurtz and Suneel Mandava.

## INTRODUCTION

The DCL Plan Proponents have proffered Professor Bernard Black, a law professor at Northwestern University, as part of a wide-ranging attack of the conclusions reached by the court-appointed Examiner, Kenneth Klee. Those conclusions are found in the Examiner's 1,200-plus page report, in which the Examiner evaluated the valuable estate causes of action arising out of the failed December 2007 leveraged buyout transaction that ultimately led to the Debtors' bankruptcy (the "LBO Transaction"). *See* Dkt. Nos. 5130-5134 (Examiner's Report).

By order of the Court and stipulation of the parties, that Examiner Report is fully admissible, and the Court may rely on each and every conclusion reached by the Examiner. *See* Dkt. No. 7790 (Order Approving Stipulation (Feb. 4, 2011)). And although every party has reserved the right to challenge these conclusions, the Debtors now go too far in proffering a law professor as a surrogate examiner and, worse, as a surrogate judge.[1]

### The Well-Regarded Examiner Investigation

No one, however, disputes the comprehensive nature of the Examiner's evaluation. The Examiner and his team conducted an exhaustive investigation, reviewing more than 3 million pages of documents and interviewing 38 important witnesses.

In fact, the Debtors have lauded the Examiner's work. In the part of the Debtors' November 8, 2010 "Solicitation Motion" that attempted to limit the scope of discovery related to the Confirmation Hearing, the Debtors repeatedly noted and commended the "extensive work" the Examiner performed in evaluating the causes of action arising out of the LBO Transaction.

---

[1] While it may be understandable why the Debtors, given their conflicts, or the LBO Lenders, given their liability exposure, both seek to attack the Examiner's conclusions, it is unfathomable why the Creditors' Committee—the fiduciary body for the Non-LBO Creditors and the nominal plaintiff in the adversary proceeding that has been commenced—would participate in, much less support, such an attack.

1

Dkt. No. 6255 ¶ 66-67. The Debtors concluded that the Examiner's findings would be an excellent guide for both the parties and the Court:

> Accordingly, the exhaustive investigations already conducted and the extensive record already developed should guide the structure of the confirmation process relating to the LBO-Related Causes of Action. Indeed, the Court previously has noted as much, explaining that the Examiner's Report would 'probably inform not just the parties, but the Court about the scope ... of the Confirmation Hearing.' 7/14/10 Tr. at 44-45.

*Id.* ¶ 69. Indeed, as an objective and non-adversarial third party, Mr. Klee is in the best position to provide the most neutral assessments of the potential litigation related to the LBO Transaction.

### Professor Black's Re-Examination of the Examiner's Report

Despite this praise, the Debtors and the other DCL Plan Proponents asked Professor Black to re-examine each of the Examiner's findings. As Professor Black explains in his report, ██████████████████████████████████████████████████████████████████████████████████████████████████████ Berry Aff. Ex. A (Black Report) at 18.

████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 25. In fact, the differences are significant. The Noteholder Plan Proponents' decision-tree expert, Dr. Bruce Beron, ████████████████████████████████████████████████████████████████████████████████████████████████████████ *See id.* Ex. D (Beron Report) at 8-9, Fig. 2. ████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* Ex. A (Black

Report) at 44. The Examiner, on the other hand, concluded essentially the opposite—that it was "somewhat likely." Dkt. No. 5131 (Examiner's Report, Vol. II) at 32.

### Professor Black's Legal Opinions

Much of Professor Black's expert report reads like a legal brief, not an expert opinion. Of the fifteen summary opinions he identifies, six are strictly conclusions of law or opinions about the Rule 9019 issues that this Court must canvass or resolve at the upcoming Confirmation Hearing. Those six opinions (opinions #1, #2, #3, #13, #14, #15 and #16 on pages 32 and 37 of the Black Report) concern the following legal issues:



- ███████████████████████████ (see Berry Aff. Ex. A at 32 (opinion #1));

- ███████████████████████████ (see id. at 32 (opinion #2));

- ███████████████████████████ (see id. at 32, 37 (opinions #3 and #14));

- ███████████████████████████ (see id. at 32, 37 (opinions #3, #13 and #14)); and

- ███████████████████████████ (see id. at 37 (opinion #15)).

███████████████████████████ (opinions #3 and #14) also include various underlying legal opinions as well. For instance, Professor Black opines ███████████████████████████

3



) *See id.* at 75-76. He also claims to offer opinions about ▇▇▇ ) *See id.* at 32 ("▇▇▇"), 46 ("▇▇▇"), 147-153 (offering judgments about ▇▇▇). Furthermore, he offers opinions about ▇▇▇ ) *See id.* 80-81 (section 546(e) limitation), 150-155 (section 548(c) opinions).

Professor Black also attempts to ▇▇▇ *See id.* at 20-22. ▇▇▇ *Id.* Indeed, Table 3 of the Black Report, ▇▇▇ ) *See id.* at 26 (Table 3).

In addition to these legal conclusions, Professor Black claims to make several subjective (as opposed to objective) factual findings. For example, ▇▇▇ ) *See id.* at 37 (opinion #13). In reaching that factual finding, Professor Black stated ▇▇▇ ) *Id.* at 148-149, 150. In addition, Professor Black ▇▇▇

 *See id.* at 155.

## ARGUMENT

### I. RULE 702 PROHIBITS PROFESSOR BLACK FROM OFFERING LEGAL OPINIONS

At the heart of Professor Black's expert report are a set of opinions that, even in his view, are strictly legal opinions. The law in the Third Circuit, however, could not be more clear. An "expert witness is *prohibited* from rendering a legal opinion." *Berckeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (emphasis added); *see also* FED. R. EVID. 704 advisory committee's note (Rules 701, 702 and 403 "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria").[2] As Judge Walsh explained in excluding an expert report offering solely legal opinions in *In re Bridgeport Holdings, Inc.*:

> Federal Rule of Evidence 702 permits expert testimony only if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 704 does not allow an expert merely to tell the Court what result it should reach.

*Bridgeport Holdings Inc. Liquidating Trust v. CDW Corp. (In re Bridgeport Holdings, Inc.)*, No. 05-50507, at 11 (Bankr. D. Del. Jan. 10, 2007) (Walsh, J.) (excluding expert testimony in connection with adversary proceeding asserting fraudulent transfer causes of action) (*quoting* FED. R. EVID. 702); *see also Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement*, 812 F. Supp. 1376, 1378-79 (E.D. Pa. 1992) (expert offering legal opinions does not "assist the trier of fact to understand the evidence or to determine a fact in issue").[3]

---

[2] *See also United States v. Leo*, 941 F.2d 181, 195-86 (3d Cir. 1991); *First Nat'l State Bank of New Jersey v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981).

[3] *See also Pfizer Inc. v. Teva Pharm. USA, Inc.*, Civ. Act. No. 04-754 (JCL), 2006 WL 3041097, at *2 (D. N.J. Oct. 26, 2006) ("expert testimony that extends beyond factual presentation and approximates

5

Therefore, when an expert only offers opinions based on his or her "subjective interpretation of [] case law and the application of this case law to the instant dispute," that opinion is inadmissible. *McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-CV-01068-LDD, 2005 WL 730688, at *4 (E.D. Pa. Mar. 29, 2005) (excluding portion of expert's report interpreting life insurance policy because it was "littered with impermissible legal conclusions on the issue of contract construction").[4]

This prohibition is equally applicable in a bench trial. As Judge Jordan in this District explained in advance of a bench trial in *Cantor v. Perelman*, an action brought by liquidation trustees appointed under a reorganization plan, legal issues are supposed to be argued and briefed by the parties' attorneys. They are not to be addressed "on the witness stand" by the parties' experts. No. Civ. A. 97-586 KAJ, 2006 WL 3462596, at *1 (D. Del. Nov. 30, 2006) (Jordan, J.) ("I will not be assisted in my role as fact finder in this bench trial by hearing the law explained from the witness stand. The able attorneys on both sides of this case can articulate the law in their arguments and post-trial briefing."); *see also Pfizer*, 2006 WL 3041097, at *2 ("expert testimony that extends beyond factual presentation and approximates legal argument will not help the Court, but will indeed hinder it as non-evidential testimony prolongs what is already anticipated to be a lengthy bench trial.").

---

legal argument will not help the Court, but will indeed hinder it as non-evidential testimony prolongs what is already anticipated to be a lengthy bench trial.").

[4] *See also Oddi v. Ford Motor Co.*, 234 F.3d 136, 156-58 (3d Cir. 2000) (upholding the district court's exclusion of expert testimony in considering summary judgment motion because proposed expert lacked concrete methodology); *FedEx Ground Package Sys., Inc. v. Applications Int'l, Corp.*, 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010) (excluding expert's opinions that "results from nothing more than an application of law to the facts in issue"); *Burger v. Mays*, 176 F.R.D. 153, 156-57 (E.D. Pa. 1997) (expert legal opinions violate Rule 704 because they allow expert to tell fact-finder what result it should reach) (citing FED. R. EVID. 704 advisory committee's notes); *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001) (no expert may "supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence").

Professor Black knows this prohibition all too well. In a bench trial in *Alumax Inc. v. Comm'r of Internal Revenue*, a federal tax court excluded Professor Black's proffered expert report because it contained only legal opinions. *See* 109 T.C. No. 8, 109 T.C. 133 (T.C. 1997). In that case, Professor Black had submitted a report opining about various legal factors affecting the voting powers of a certain class of common stock under a provision in the Internal Revenue Code. *See id.*, 109 T.C. at 175. In deciding to strike Professor Black's report under Rule 702, the tax court explained that it "found certain statements in Professor Black's report to be legal opinions that are beyond the proper scope of expert opinions." *Id.*

The six sets of legal opinions Professor Black seeks to offer here should likewise be excluded. The legal arguments he attempts to make are best left to counsel for the DCL Proponents in their pre- or post-trial briefs. While the DCL Plan Proponents may prefer to replace the well-founded Examiner Report with the Black Report, they are not allowed to replace the Court with Professor Black. Rule 702 prohibits Professor Black from offering legal opinions, and leaves that function squarely in this Court's able hands. As such, the six legal opinions that Professor Black offers in his expert report, as well as all of the legal conclusions supporting those opinions, must be excluded. *See* Berry Aff. Ex. A (Black Report) at 32, 37 (opinions #1, #2, #3, #13, #14 and #15); *see also id.* at 26 (Table 3), 32, 46, 75-76, 80-81, 147-153, 150-155.[5]

---

[5] Professor Black also states inadmissible legal opinions in his rebuttal report dated February 21, 2011. *See, e.g.*, Expert Rebuttal Report of Professor Black at 25-27 (offering his own legal interpretation of Second and Third Circuit case law). In addition, he offers a number of legal conclusions that do not even attempt to rebut the Noteholder Plan Proponents' expert opinions, and instead appear to challenge arguments made in their pleadings objecting to the DCL Plan. *See, e.g., id.* at 5 (offering an opinion about ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌). The Noteholder Plan Proponents reserve the right to challenge these impermissible opinions as well.

7

## II. PROFESSOR BLACK IS ALSO NOT QUALIFIED

Even if Professor Black's legal opinions were otherwise admissible (which they are not), he is by his own admission not qualified to make them. It is, of course, fundamental under Rule 702 and *Daubert* that an expert must be qualified to offer an opinion before that opinion can be admissible, and it is the burden of the party proffering the expert to satisfy this basic requirement. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 580 (1993); *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3d Cir. 2003); *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999).

Professor Black himself acknowledges that he is ▌ Berry Aff. Ex. A (Black Report) at 3 (emphasis added). Yet he offers six separate sets of opinions about the likelihood of success of claims under bankruptcy law. *See id.* at 32, 37 (opinions #1, #2, #3, #13, #14 and #15). Even if the Court did not exclude these opinions as impermissible legal conclusions, it should nonetheless bar Professor Black from testifying about them. *See, e.g., D & D Assoc., Inc. v. Board of Educ. of N. Plainfield*, 411 F. Supp. 2d 483, 487 (D. N.J. 2006) (excluding testimony of expert who hoped to testify in malpractice action about "construction and public bidding laws," despite only having "generalized knowledge of attorney practices" and no expertise in that specific area of the law).

In addition, Professor Black is not an investment banker, an accountant or a solvency valuation expert. He is just a law professor. Other than his unsupported claim that he is ▌ nothing in Professor Black's report indicates that he has the kind of experience needed to conduct a solvency or valuation analysis. Thus, his numerous solvency opinions should also be excluded. *See* Berry Aff. Ex. A (Black Report) at 46-147; *In re Med Diversified, Inc.*, 334 B.R. 89, 96-97 (E.D.N.Y. 2005) (finding expert unqualified to perform valuation in bankruptcy and noting that

8

"[t]his Court does not accept Defendants' representations and argument that [their expert's] substantive experience over the past twenty-plus years as an accountant and as a liquidating agent or bankruptcy trustee in bringing avoidance actions in the bankruptcy court adds up to a satisfactory substitute for formal education and training in business valuations").

## CONCLUSION

For all the foregoing reasons, the Noteholder Plan Proponents respectfully request that this Court: (*i*) strike the legal opinions Professor Black purports to make in the Black Report (*see* Berry Aff. Ex. A (Black Report) at 32, 37 (opinions #1, #2, #3, #13, #14 and #15); *see also id.* at 26 (Table 3), 32, 46, 75-76, 80-81, 147-153, 150-155) and exclude his testimony regarding those matters because they are impermissible legal opinions and he is, in any event, unqualified to make them; and (*ii*) strike Professor Black's solvency and valuation opinions (*see id.* at 46-147), and exclude his testimony regarding those issues.

The Noteholder Plan Proponents respectfully submit that this motion *in limine* can be adjudicated and decided now, even though expert discovery has not yet begun. However, should the Court determine that these issues are not yet ripe, the Noteholder Plan Proponents reserve the right to file a supplemental pleading following the completion of expert discovery or at such time as the Court directs.

Wilmington, Delaware
February 22, 2011

| | |
|---|---|
| ASHBY & GEDDES, P.A. | SULLIVAN HAZELTINE ALLINSON LLC |
| By: /s/ William P. Bowden<br>William P. Bowden (I.D. No. 2553)<br>Amanda M. Winfree (I.D. No. 4615)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Telephone: (302) 654-1888 | By: /s/ William D. Sullivan<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson (I.D. No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 428-8191<br>*- and -* |

9

*- and -*

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to Aurelius Capital Management, LP*

McCARTER & ENGLISH, LLP

By: __/s/ James J. Freebery__
James J. Freebery (I.D. No. 3498)
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
Telephone: (302) 984-6300

*- and -*

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
Telephone: 212-609-6800

Steven Beckelman
100 Mulberry Street
Gateway Four
Newark, New Jersey 07102
(973) 622-4444

*Counsel to Deutsche Bank Trust Company Americas*

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Katherine S. Bromberg
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

BIFFERATO GENTILOTTI

By: __/s/ Garvan F. McDaniel__
Garvan F. McDaniel (I.D. No. 4167)
800 N. King St., Plaza Level
Wilmington, DE 19801
Telephone: (302) 429-1900

*- and -*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David S. Rosner
Andrew K. Glenn
Sheron Korpus
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

*Co-Counsel for Law Debenture Trust Company of New York*