## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                    ) Chapter 11
                                          )
TRIBUNE COMPANY, et al.,                  ) Case No. 08-13141 (KJC)
                                          )
          Debtors.                        ) Jointly Administered
                                          )
                                          ) **Related to D.I. Nos. 8098, 8099 & 8100**
                                          )
                                          ) **Hearing Date: March 2, 2011 at 1:30 p.m.**
                                          ) **Objection Deadline: February 28, 2011 at 4:00 p.m.**
                                          )

-----------------------------------------------------------x

## MOTION OF AURELIUS CAPITAL MANAGEMENT, LP FOR AUTHORIZATION TO SEAL DOCUMENTS [DOCKET NOS. 8098, 8099 & 8100]

Aurelius Capital Management, LP ("Aurelius"), acting on behalf the Noteholder Plan Proponents respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order authorizing it to file under seal unredacted versions of its: (1) *[Sealed] The Noteholder Plan Proponents Motion in Limine and Memorandum of Law in Support thereof to Exclude the Expert Testimony of John Chachas, David Kurtz and Suneel Mandava* [Docket No. 8098] (the "Chachas MIL"), (2) *[Sealed] The Noteholder Plan Proponents Motion in Limine and Memorandum of Law in Support thereof to Exclude the Expert Testimony of Bernard Black* [Docket No. 8099] (the "Black MIL"), and (3) *[Sealed] Affirmation of John W. Berry, Esq. in Support of the Noteholder Plan Proponents (A) Motion in Limine to Exclude the Expert Testimony of Bernard Black and (B) Motion in Limine to Exclude the Expert Testimony of John Chachas, David Kurtz and Suneel*

{00490011;v1}
920757.2

*Mandava* [Docket No. 8100] (the "Berry Affirmation" and, together with the Chachas MIL and the Black MIL, the "Motion in Limine Documents"). In support of the Motion to Seal, Aurelius respectfully represents as follows:

## JURISDICTION

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2.        The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

3.        On February 22, 2011, Aurelius filed the Chachas MIL and the Black MIL under seal, because portions of the documents included information that contained confidential information pursuant to the *Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A)* [Docket No. 2858] (the "Document Depository Order").

4.        On February 22, 2011, Aurelius inadvertently filed the Berry Affirmation which contained exhibits which were unredacted and contained confidential information pursuant to the Document Depository Order. Aurelius promptly contacted the Court, filed a Notice of Withdrawal [Docket No. 8101], and a *Motion to Approve Permanent Removal of Images of Exhibits to the Affirmation of John W. Berry, Esq. in Support of the Noteholder Plan Proponents (A) Motion in Limine to Exclude the Expert Testimony of Bernard Black and (B) Motion in Limine to Exclude the Expert Testimony of John Chachas, David Kurtz and Suneel Mandava*

2

*[Docket No. 8100]* [Docket No. 8102]. The confidential exhibits have since been removed from the Court's docket and the Berry Affirmation was filed under seal [Docket No. 8100].

5.     On February 23, 2011, Aurelius also filed unredacted copies of the Chachas MIL [Docket No. 8104], the Black MIL [Docket No. 8105], and the Berry Affirmation [Docket No. 8106].

6.     Pursuant to the Document Depository Order, Aurelius files this Motion to Seal requesting that the Court grant it permission to file under seal unredacted versions of the Motion in Limine Documents.

## BASIS FOR RELIEF REQUESTED

7.     Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b)     On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

11 U.S.C. § 107(b). Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …" Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

3

8.    Paragraph "f" of the Document Depository Order states that, "No Depository or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential – Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal".

9.    As set forth above, the Motion in Limine Documents included information designated as Confidential and Highly Confidential – Attorneys' Eyes Only by the parties.

## NOTICE

10.    Notice of this Motion to Seal has been given to all parties referenced in paragraph 35 of the Case Management Order.  In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

11.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, Aurelius respectfully requests that the Court enter an Order substantially in the form attached hereto as Exhibit A granting Aurelius authority to file unredacted versions of the Motion in Limine Documents, and such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
February 23, 2011

ASHBY & GEDDES, P.A.

William R. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
Leigh-Anne M. Raport (I.D. No. 5055)
500 Delaware Avenue, 8th Floor
P.O. Box 1150

4

Wilmington, DE 19899
(302) 654-1888


- and -

Daniel H. Golden
David M. Zensky
Abid Qureshi
Mitchell Hurley
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
(212) 872-1000

*Attorneys for Aurelius Capital Management, LP*

5