## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF MAILING OF
## ARRANGER BRIDGE LENDER TREATMENT ELECTION NOTICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

       Stephenie Kjontvedt, being duly sworn, deposes and says, under the penalty of perjury:

       1.    I am a Vice President, Senior Consultant at Epiq Bankruptcy Solutions, LLC, ("Epiq"), located at 757 Third Avenue, New York, New York 10017.  I am authorized to submit

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

this affidavit on behalf of Epiq. I am over the age of eighteen years and am not a party to the above-captioned action. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth.

      2.    I caused to be served a customized version of the Arranger Bridge Lender Treatment Election Notice (the "Election Notice"), a non-custom copy of which is attached hereto as Exhibit A.

          a.    On February 15, 2011 the Election Notice was served via next day delivery to the parties listed on attached Exhibit B;

      3.    All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT

                                                            Stephenie Kjontvedt

Sworn to before me this
16[h] day of February, 2011

_____
Notary Public

**James Dalola**
**Notary Public, State of New York**
**No. 02DA6171472**
**Qualified in Suffolk County**
**Commission Expires July 23, 2011**

**EXHIBIT A**

**Arranger Bridge Lender Treatment Election Notice**

Reference is made to the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. filed on February 4, 2011 (as the same may subsequently be amended, the "Plan"). Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Plan.

As an Arranger Bridge Lender, pursuant to Section 3.2.4(d) of the Plan, you have the option to either:

(i) receive your Pro Rata share of the distributions set forth in Section 3.2.4(c) of the Plan on account of Bridge Loan Claims held by you and your Affiliates for your own account as of the Distribution Record Date and not receive a release of any claims or causes of action from any Non-Arranger Bridge Lenders, which claims shall be unaffected by the Plan or the Confirmation Order, regardless of whether any such Non-Arranger Bridge Lenders agreed or are deemed to provide the releases set forth in Section 11.2.2 of the Plan and regardless of whether any such Non-Arranger Bridge Lender elected, by executing an "Election to Participate in Step Two/Disgorgement Settlement" set forth in a "Notice of Step Two/Disgorgement Settlement," or otherwise, to participate in the Step Two/Disgorgement Settlement; or

(ii) forgo your Pro Rata share of the distributions set forth in Section 3.2.4(c) of the Plan on account of Bridge Loan Claims held by you and your Affiliates for your respective accounts as of the Distribution Record Date (which shall in no event be lower in aggregate principal amount than the Bridge Loan Claims held by you and your Affiliates for your respective accounts as of January 28, 2011), in which case the distributions allocable to you and your Affiliates shall instead be distributed Pro Rata to the Non-Arranger Bridge Lenders, and by accepting such additional distributions each Non-Arranger Bridge Lender and the Bridge Loan Agent shall be deemed to have unconditionally and irrevocably released you and your Affiliates of and from any and all Holder Released Claims and any other claims or causes of action related to or arising out of the Bridge Loan Agreement, any related documents, the Bridge Loan Claims or the Bridge Loan Guaranty Claims, regardless of whether any such Non-Arranger Bridge Lenders agreed or are deemed to provide the releases set forth in Section 11.2.2 of the Plan and regardless of whether any such Non-Arranger Bridge Lender elected, by executing an "Election to Participate in Step Two/Disgorgement Settlement" set forth in a "Notice of Step Two/Disgorgement Settlement," or otherwise, to participate in the Step Two/Disgorgement Settlement.

The foregoing election must be exercised by you in writing and delivered to the Debtors before the commencement of the Confirmation Hearing or such later date as the Debtors shall agree in consultation with the Bridge Plan Proponents, and any such election shall be irrevocable. By electing such treatment in accordance with the foregoing, you and your Affiliates shall be deemed to have unconditionally and irrevocably released each and all of the Non-Arranger Bridge Lenders that accept the resulting additional distributions and the Bridge Loan Agent of and from any and all Holder Released Claims and any other claims or causes of action related to or arising out of the Bridge Loan Agreement, any related documents, the Bridge Loan Claims or the Bridge Loan Guaranty Claims, regardless of whether you or your Affiliates agreed or are deemed to provide the releases set forth in Section 11.2.2 of the Plan.

**Should you wish to elect the treatment set forth in Section 3.2.4(d) (ii) of the Plan, you must complete the "Arranger Bridge Lender Treatment Election" set forth below and submit this form to the Debtors at the address set forth below on or prior to the first day of the Confirmation Hearing, unless the deadline is extended as set forth above (such deadline, the "Arranger Bridge Lender Election Deadline").**

**IF YOU FAIL TO SUBMIT THE ARRANGER BRIDGE LENDER TREATMENT ELECTION BY THE ARRANGER BRIDGE LENDER ELECTION DEADLINE, YOU WILL NOT RECEIVE A RELEASE OF ANY CLAIMS OR CAUSES OF ACTION FROM ANY NON-ARRANGER BRIDGE LENDERS.**

### Arranger Bridge Lender Treatment Election.

_____, on behalf of itself and its Affiliates, hereby elects to receive the treatment set forth in Section 3.2.4(d)(ii) of the Plan. By electing such treatment _____, on behalf of itself and its Affiliates, makes the election set forth above and

a. shall be deemed to have unconditionally and irrevocably released each and all of the Non-Arranger Bridge Lenders that accept the additional distributions related to my election of such treatment and the Bridge Loan Agent of and from any and all Holder Released Claims and any other claims or causes of action related to or arising out of the Bridge Loan Agreement, any related documents, the Bridge Loan Claims or the Bridge Loan Guaranty Claims, regardless of whether _____ or its Affiliates agreed or are deemed to provide the releases set forth in Section 11.2.2 of the Plan;

b. certifies that it has been provided with a copy of the Plan and the Disclosure Statement and acknowledges that its election of such treatment is subject to all of the terms and conditions set forth herein and in the Plan;

c. certifies that it has not submitted any other documents or instructions that are inconsistent with this Arranger Bridge Lender Treatment Election or that any such documents or instructions have been or are hereby revoked or modified to reflect the election set forth herein;

d. certifies that as of January 28, 2011, it, together with its Affiliates, held for their own respective accounts Bridge Loan Claims in the aggregate principal amount of $_____; and

e. agrees that it, together with its Affiliates, shall, as of the Distribution Record Date, hold for their own respective accounts Bridge Loan Claims in an aggregate principal amount equal to or greater than the amount set forth in (d) above.

**THE ELECTION SET FORTH HEREIN IS SUBJECT TO THE TERMS AND CONDITIONS OUTLINED HEREIN AND IN THE PLAN IS SUBJECT TO THE ENTRY OF THE CONFIRMATION ORDER. IF THE PLAN IS NOT CONFIRMED BY FINAL ORDER, THE ELECTION SET FORTH HEREIN SHALL BE NULL AND VOID.**

_____

Signature: _____

By: _____

Title: _____

Street Address: _____
_____

City, State, Zip Code: _____

Telephone Number: _____

**EMAIL ADDRESS**: _____

**FACSIMILE NUMBER**: _____

Date Completed: _____

An Arranger Bridge Lender Treatment shall not constitute or be deemed to be an admission of any kind or a submission to jurisdiction, consent or waiver with respect to any matter.

**ADDRESS FOR DEBTORS:**

Tribune Company
435 Michigan Avenue
Chicago, Illinois 60611
Facsimile: (312) 222-4206
Attn: Chief Legal Officer

*With a copy to:*
**Counsel to Tribune:**

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Facsimile: (312) 853-7036
Attn: Jessica C.K. Boelter

Cole Schotz Meisel Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Facsimile: (302) 652-3117
Attn: J. Kate Stickles

**IF YOU HAVE ANY QUESTIONS REGARDING THE ARRANGER BRIDGE LENDER TREATMENT ELECTION, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**EXHIBIT B**

**Bank of America, N.A.**
c/o O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
Attn: Bradley J. Butwin
Daniel L. Cantor
Daniel S. Shamah

**Citicorp North America, Inc.**
c/o PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
Attn: Andrew Gordon
David W. Brown
Steve J. Shimshak
Elizabeth McColm

**JPMorgan Chase Bank, N.A.**
c/o Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4500
Attn: Donald Bernstein
Dennis Glazer
Damian Schaible

**Merrill Lynch Capital Corporation**
c/o Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000
Attn: Madlyn G. Primoff
Jane W. Parver
Jonathan M. Agudelo