# EXHIBIT B

## Foran Declaration

CH1 5729476v.10
46429/0001-7397578v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF AMY FORAN IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF STEVEN GELLMAN TO ALLOW PROOF OF CLAIM [D.I. 7876]

I, Amy M. Foran, declare as follows:

1.  I am Senior Labor and Employment Counsel of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this capacity, I advise the Debtors on issues arising under labor and employment law.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5384408V.1

2.    I have read the Debtors' Objection to Motion of Steven Gellman To Allow Proof of Claim [D.I. 7876] (the "Objection") and am directly, or by and through the Debtors' personnel, familiar with the information contained therein and Claim No. 6669 (the "Gellman Claim") attached as an Exhibit thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.    All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.    To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, Steven Gellman was employed by Los Angeles Times Communications, LLC ("LATC") from July 27, 2009 until his termination on March 10, 2010. Mr. Gellman's employment with LATC was not governed by an employment agreement and was "at will."

5.    I have been informed by LATC that Mr. Gellman was terminated for cause, based on his inability or unwillingness to remedy certain deficiencies in his work performance, of which he had been notified of on numerous occasions.

6.    Following Mr. Gellman's termination, Eddy Hartenstein, Publisher and Chief Executive Officer of LATC, received a letter from Mr. Gellman's counsel dated April 28, 2010 (the "April 28 Letter").

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, LATC's human resources personnel and legal advisors conducted an internal review and investigation regarding the allegations of incidents of harassment and FEHA violations raised in the April 28 Letter to determine whether any of these allegations had merit and, independently, whether Mr. Gellman's complaints about these alleged incidents were the actual reason for Mr. Gellman's termination from LATC.

8. I have been informed by LATC that LATC determined that there were no facts to support any claims of misconduct alleged by Mr. Gellman. LATC believes, and I agree, that there are no grounds for Mr. Gellman to receive the $1,750,000 sought in the Gellman Claim.

9. I responded to the April 28 Letter by a letter dated May 27, 2010. This letter appears as <u>Attachment 1</u> to this Declaration and is incorporated herein by reference.

10. Other than the April 28 Letter, no support for the Gellman Claim has ever been provided to the Debtors.

11. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Debtors have received no summons or complaints related to any wrongful termination actions filed by Mr. Gellman in California State Court or Federal District Court. Additionally, the Debtors have received no summons or complaints or other notice related to any wrongful termination complaints filed by Mr. Gellman with the California Division of Labor Standards Enforcement, the California Department of Fair Employment and Housing, or the U.S. Department of Labor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

3


Executed this 24th day of February 2011.

_____
By: Amy M. Foran

# **ATTACHMENT 1**

Amy Foran
Senior Labor & Employment Counsel
312/222-5955

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611
aforan@tribune.com

May 27, 2010

**VIA UPS**

Gail A. Glick
Alexander Krakow + Glick LLP
401 Wilshire Boulevard
Suite 1000
Santa Monica, CA 90401

Re: <u>Steven Gellman</u>

Dear Ms. Glick:

I am responding to your letter to Eddy Hartenstein dated April 28, 2010. As counsel for the Los Angeles Times, please direct all further communication regarding this matter to me.

The allegations set forth in your letter regarding retaliation, defamation and wrongful termination were looked into and were found to be meritless. Mr. Gellman's employment was terminated due to serious performance deficiencies – specifically, the decline in revenues among his sales team, his inability to manage his direct reports, his disrespect of other executives and his failure to deal effectively with clients. Moreover, the issues regarding Mr. Gellman's performance as well as management's expectations were discussed with him on numerous occasions and are well documented. Mr. Gellman's refusal or inability to improve finally resulted in the termination of his employment.

Regarding your request on behalf of Mr. Gellman for a copy of his personnel file, at Mr. Gellman's request and the request of attorney Jeff Rager, Mr. Gellman was permitted to review his personnel file on March 12, 2010 and was given a copy of all documents signed by him as required by California law.

The LA Times would have absolutely no reservations in defending against any claim that Mr. Gellman thinks he may have against it and we have no doubt that we would succeed in any such defense. Given the fact that Mr. Gellman's employment was terminated for cause, however, I ask that you reconsider the propriety of filing a charge or suit in this matter. If you have any questions, please feel free to contact me.

Yours truly,

Amy M. Foran