# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to D.I. 7675, 8061** |

## DEBTORS' REPLY TO THE RESPONSE OF COOK COUNTY DEPARTMENT OF REVENUE TO FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively the "Debtors"), by and through their undersigned counsel, hereby submit this reply (the "Reply") to the Response of Cook County Department of Revenue (D.I. 8061) (the "Response") to the Debtors' Forty-First Omnibus Objection to Claims (D.I.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

7675) (the "Objection").[2] In the Objection, the Debtors sought to expunge thirty (30) claims on various non-substantive grounds, including Claim No. 6683 of Cook County Department of Revenue ("Cook County") on the grounds that such claim was filed after the applicable Bar Date.

## PRELIMINARY STATEMENT

1. In the Response, Cook County does not dispute that the Bar Date applicable to claims asserted against Tribune CNLBC, LLC was July 26, 2010, that it received notice of the Bar Date, or that it filed Claim No. 6683 nearly five (5) months after the Bar Date.[3] (See Response at 1.) Rather, Cook County appears to argue that the late filing of Claim No. 6683 is excused because section 726(a)(1) of the Bankruptcy Code (which is applicable only to cases filed under chapter 7) permits distributions on account of late-filed claims of governmental units in certain circumstances. Cook County has offered no authority to support its reliance on section 726, which is facially inapplicable to cases filed under chapter 11 of the Bankruptcy Code. The bar date is a substantive protection for the Debtors, designed to channel claims through the Bankruptcy Court in a timely manner so that the Debtors will know with certainty the scope and amount of claims asserted against them that must be resolved as part of the Debtors' reorganization. The Debtors' claims process is very well advanced,[4] and Cook County has offered no justification for excepting its untimely claim from that process notwithstanding its

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

[3] Claim No. 6687 (the "Amended Tax Claim") was filed with the Clerk of the Court on January 19, 2011, but was not mailed to the Claims Agent as required by the Bar Date Order. The Claims Agent received a copy of the Amended Tax Claim from the Clerk of the Court on January 28, 2011, the day the Objection was filed, and the Amended Tax Claim was not received by the Debtors until after the Objection was filed. For all of the reasons the Debtors assert that Claim No. 6683 is untimely, the Debtors also assert that Claim No. 6687 is untimely.

[4] To date, the Debtors have objected to or provided a notice of satisfaction for 2,489 claims asserted against the Debtors' estates, contained in forty-two (42) omnibus objections to claims, multiple objections to individual claims, and one notice of satisfied claims. In total, the asserted amount of the claims subject to objection or satisfaction was $102,448,341,185.94, including unliquidated amounts, for a total reduction of $102,434,319,298.56 (of which $100,000,000,000 relates to the claims of a single creditor).

2

unquestioned knowledge of the Bar Date applicable to its claim and its election not to file a Proof of Claim by such Bar Date.[5] Accordingly, the Debtors respectfully request that the Court overrule the Response and sustain the Objection.

## ARGUMENT

2.  The filing of Proofs of Claim against the Debtors in these chapter 11 cases is subject to the deadlines and procedures set forth in the Bar Date Order, in accordance with Bankruptcy Rules 3001, 3002, 3003, and 5005. Section 502(b)(9) of the Bankruptcy Code, which was added by the Bankruptcy Reform Act of 1994, codifies the principle that claims not filed by the applicable bar date are generally barred. 11 U.S.C. § 502(b)(9). The time for filing proofs of claim may be enlarged after the expiration of the bar date only "for cause" and upon a showing of "excusable neglect" by the party seeking to effect the untimely filing. See Fed. R. Bankr. P. 9006(b)(1) (setting the "excusable neglect" standard); see also Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993). Cook County has not attempted to plead that Claim No. 6683 was untimely due to "excusable neglect" and did not obtain this Court's authorization to file a tardy Proof of Claim. Instead, Cook County argues that notwithstanding the plain terms of the Bar Date Order, which properly extended the time for governmental units to file Proofs of Claim until at least 180 days from the Petition Date, the Debtors are precluded from objecting to its untimely claim because of the operation of section 726(a)(1), as incorporated by reference in section 502(b)(9).[6] (See Response at 4.)

---

[5] See Affidavit of Mailing by Kostantina Haidopolous dated June 18, 2010 regarding Notice of (I) Amendment to Schedules of Assets and Liabilities and (II) Deadlines for Filing Proof of Claims Against Tribune CNLCB, LLC, Ex. D (D.I. 4846).

[6] See 11 U.S.C. § 726(a) (permitting distributions of property of the estate to claims that are tardily filed on or before the earlier of 10 days after mailing of the chapter 7 trustee's final report or the date the chapter 7 trustee commences final distribution).

3

CH1 5733743v.5
46429/0001-7398334v1

3.     There is no legal, policy, or equitable basis for allowing Cook County's late-filed claim to stand. Cook County's reliance on section 726(a) is unavailing, because that provision is inapplicable to the Debtors' chapter 11 cases. When interpreting a statute courts generally begin with the statutory text, and where its meaning is clear the inquiry ends. Rubin v. United States, 449 U.S. 424, 430 (1981). Here, the meaning of section 502(b)(9) is clear that the exception to disallowance of late claims only applies "as permitted under . . . section 726(a)" which in turn only applies to chapter 7 cases. See In re Ricks, 253 B.R. 734, 744 (Bankr. M.D. La. 2000 ("The exception within § 502(b)(9) applies only to Chapter 7 cases, as § 726 only applies in Chapter 7 cases. Thus, claims filed late in cases under Chapters 11, 12, and 13 do not fall within the ambit of the exception to disallowance in § 502(b)(9).").[7] Further support for this interpretation of section 502(b)(9) is found in section 103(b) of the Bankruptcy Code, which provides that "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." 11 U.S.C. § 103(b). Section 726(a) of the Bankruptcy Code appears in subchapter II of chapter 7, concerning the collection, liquidation, and distribution of the chapter 7 estate.

4.     As a policy matter, late-filed claims are treated differently in chapter 7 cases than in chapter 11 cases, so that tardy-filed claims may recover a distribution before the surplus of the estate, if any, reverts to the debtor. For that reason, in chapter 7 cases, section

---

[7] The overwhelming weight of authority favors this reasoning. See In re Gardenhire, 209 F.3d 1145, 1147 n.6 (9th Cir. 2000) (section 726(a) does not apply to tardy-filed claims in chapter 13 cases); Matter of Greenig, 152 F.3d 631, 634 n.4 (7th Cir. 1998) (same result in chapter 12 case); In re Osborne, 76 F.3d 306, 310 (9th Cir. 1996) (same result in chapter 13 case); In re Husmann, 276 B.R. 596 (Bankr. N.D. Ill. 2002) (same result in chapter 13 case); In re Lang, 196 B.R. 528 (Bankr. D. Ariz. 1996) (same result in chapter 13 case); In re Tucker, 174 B.R. 732 (Bankr. N.D. Ill. 1994) (same result in chapter 13 case). See also Collier on Bankruptcy ¶ 726.02 ("It is . . . clear that in chapters other than chapter 7, a late-filed priority claim must be disallowed under section 502(b)(9) because section 726 has no applicability in other chapters except to the extent it is incorporated in those chapters' best interests of creditors tests."); Gordon D. Henderson & Stuart J. Goldring, Tax Planning for Troubled Corporations § 1010 (2009 ed.) ("No similar provision [to section 726] is made for unexcused late claims in Chapter 11"). But see Matter of Waindel, 65 F.3d 1307 (5th Cir. 1995) (holding that an untimely claim could be filed in a chapter 12 case pursuant to section 726(3) of the Bankruptcy Code). The Debtors respectfully submit that the concurring opinion in Waindel has the better reasoning ("It is quite clear that § 726 does not apply to Chapter 13") and that this Court should not follow the majority opinion in extending section 726(a) beyond the confines of chapter 7 cases.

4

726(a) of the Bankruptcy Code expressly provides for distributions with respect to certain late-filed claims of governmental units. No similar statutory exception is made for unexcused late-filed claims in chapter 11 proceedings. See In re Dennis, 230 B.R. 244, 249 (Bankr. D.N.J. 1999) ("If the mere mention in chapter 5 of an exception for late claims in chapter 7 automatically extended to the other chapters, it would be an exception without meaning, for the exception would swallow the rule.").

5.      Finally, Cook County has failed to plead any basis under Pioneer for allowing the late claim and none exists under equitable principles.[8] The view of the Third Circuit is clear that claims bar dates are deadlines to which creditors must strictly adhere. See In re Trump Taj Mahal Assocs., 156 B.R. 928, 936 (Bankr. D.N.J. 1993) ("The well-established law of this Circuit is that bar dates for filing Proofs of Claim are strictly construed."). Indeed, a bar date is akin to a statute of limitations and must be strictly construed. See Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); In re The Grand Union Co., 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("In short, the claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her rights to bring an action against the debtor."). This statutory scheme is consistent with Congress's policy to provide reorganizing debtors with certainty and finality as to the extent of potential claims against the estate and to facilitate the formulation of the debtor's plan of reorganization. Furthermore, as noted in the Objection, permitting late-filed claims will

---

[8] The United States Supreme Court set forth in Pioneer that a claimant bears the burden of meeting the standard of "excusable neglect." 507 U.S. 380. The Court enumerated four factors to be considered in determining whether a party's neglect was excusable: (i) the danger of prejudice to the debtor; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. Pioneer, 507 U.S. at 397; In re O'Brien Envtl. Energy Inc., 188 F.3d 116, 125 (3d Cir. 1999) (adopting and applying the Pioneer factors in the Third Circuit). Should Cook County raise any arguments for excepting its claim from the Bar Date under Pioneer, the Debtors reserve all rights to make all arguments in opposition thereto.

5

undermine the certainty that is intended to be afforded by the Bar Date Order and will negatively affect the Debtors' legitimate creditors whose claims were either listed on the Schedules or who complied with the Bar Date Order.

## CONCLUSION

6. Accordingly, for the reasons set forth herein, the Debtors respectfully request that the Court overrule the Response filed by Cook County and sustain the Objection.

Dated: Wilmington, Delaware
February 24, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION