IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

In Re:

TRIBUNE COMPANY, et al.,

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Hearing Date: 3/1/11 at 10:00 a.m.

## DECLARATION OF STEVEN GELLMAN IN SUPPORT OF HIS MOTION TO ALLOW CLAIM

I, Steven Gellman, declare as follows:

1. I am over 18 years of age. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am informed and believe that Debtor, Tribune Company ("Tribune"), headquartered in Chicago, Illinois, is one of the largest media companies in the United States and is the parent company of the each of the Debtors. Together, the Debtors operate businesses in broadcasting and publishing. The publishing arm of the Debtor ranks among the nation's largest in its circulation and revenue, and oversees publication of daily newspapers across the country, including the *Los Angeles Times.*

3. I am informed and believe that on December 8, 2008, Tribune and certain of its subsidiaries filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. In all, the Debtors comprise 111 entities. These cases are being jointly administered. The Court established a Claims Bar Date of June 12, 2009. After multiple plans of reorganization were submitted, by Court Order on December 9, 2010, it was established that January 28, 2011 would be the voting deadline for ballots on the plans, with a Confirmation Hearing scheduled to be held March 7, 2011.

4. The Los Angeles Times Media Group ("the LA Times") prints and distributes the *LA Times Magazine* (the "Magazine"). From July 27, 2009 to March 10, 2010, I was employed by the LA Times as a publisher.

5. As a publisher, I was charged with ensuring quality publication of regular editions of the Magazine, widely distributed across the greater Los Angeles area. I was also well-acquainted with the Profit & Loss statements of the Magazine. I received no significant discipline for my performance, but was terminated wrongfully as retaliation for my disagreement with disparities in the distribution policy of the Magazine.

6. Further, the Magazine was losing money in 2010, and its revenues were not trending upwards. Management of the Debtor indicated that the Magazine could not post losses for the second half of the year. Salary savings were critical to the Magazine, which realized a substantial expense reduction as a direct result of my termination. I was terminated as Publisher on March 10, 2010. My position was not replaced, and so my compensation was not paid out to anyone. With savings going straight to the bottom line, the Magazine has remained operational.

7. My employment as publisher began more than a month after the claims bar date in this case passed. Accordingly, it was impossible for me to file an administrative claim prior to the bar date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of February, 2011, at Los Angeles, CA.

Respectfully Submitted,

Steven Gellman