## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| TRIBUNE COMPANY, et al., <br> Plaintiffs, <br> v. <br> [See List of Defendants on attached Exhibit A], <br> Defendant(s). | Adv. Proc. Nos. 10-55803-10-55823, 10-55825-10-55833, 10-55835, 10-55837, 10-55839, 10-55842-10-55861, 10-55863, 10-55866-10-55867, 10-55869-10-55871, 10-55873-10-55876, 10-55878, 10-55880-10-55881, 10-55883, 10-55885-10-55886, 10-55889, 10-55891-10-55893, 10-55895, 10-55901-10-55902, 10-55910, 10-55912, 10-55941-10-55951, 10-55953, 10-55958-10-55960 (KJC) |

### NOTICE OF AGENDA OF MATTERS
### SCHEDULED FOR HEARING ON MARCH 1, 2011 AT 10:00 A.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001 7304800v1

## PRE-TRIAL CONFERENCES – STAYED MATTERS

1.    Initial Pre-Trial Conferences for adversary proceedings filed by Tribune Company, *et al.* listed on the attached Exhibit A

Related Documents:

    (a)    Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) (Entered December 14, 2010) (Docket No. 7165)

Status:    Pursuant to the Order Staying Avoidance Action, this matter is stayed and will not be going forward.

## ADJOURNED MATTERS

2.    Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed February 20, 2009) (Docket No. 438)

Objection Deadline:  March 5, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was further extended to 4:00 p.m. on June 18, 2009 for the Debtors.

Responses Received:

    (a)    Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 3, 2009) (Docket No. 465)

    (b)    Joinder of the Official Committee of Unsecured Creditors in the Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 5, 2009) (Docket No. 475)

    (c)    Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered November 25, 2009) (Docket No. 2652)

    (d)    Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with Certain Limited Discovery with Respect to Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered January 27, 2010) (Docket No. 3237)

Status:    The parties have reached a settlement in principle, subject to documentation. This matter will not be going forward.

3.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(b)    Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

(c)    Informal Response received from GE Capital Fleet Services

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

(c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker.  The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver.  The hearing on the Objection is adjourned to the March 22, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells.  This matter will not be going forward.

4.     Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

    (a)     Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

    (b)     Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

    (c)     Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

    (d)     Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

    (e)     Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

    (f)     Response by William Virgil Cotton (Filed May 27, 2010) (Docket No. 4628)[2]

    (g)     Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

    (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

    (b)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

---

[2]   The Response of William Virgil Cotton was filed after (i) the Objection Deadline and (ii) the entry of the Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

46429/0001 7304800v.1

      (c)      Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

      (d)      Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

Status:      The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order resolving claim number 4863 of CNN Newsource Sales, Inc. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. An evidentiary hearing will be scheduled for the claim of Maureen Dombeck. This matter is adjourned to the March 22, 2011 hearing as to the claims of Marbury von Briesen and Herbert Eye only. On consent of the Debtors and Ms. Godbey, this matter is adjourned to the May 25, 2011 hearing as to the claim of Terry Godbey. This matter will not be going forward.

5.      Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

      (a)      Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

      (a)      Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

      (b)      Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status:     The Court entered an Order sustaining the Objection with respect to all
claimants who did not contest or otherwise respond to the Objection and
with respect to the claim of Cawley Chicago Portfolio, LLC.  The
Objection was withdrawn as to the claims of the United States
Environmental Protection Agency and Annapolis West Limited
Partnership.  The Debtors and Marcia Willette are exchanging information
with respect to her claim.  This matter is adjourned to the March 22, 2011
hearing and will not be going forward.

6.   Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section
502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)   Informal response received from Albert Togut, Chapter 7 Trustee of
PLVTZ, Inc. (Received August 3, 2010);

(b)   Informal response received from the City of Chicago Department of
Revenue (Received August 10, 2010); and

(c)   Informal response received from the City of West Hollywood (Received
August 12, 2010)

Related Documents:

(a)   Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third
Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b)   Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive)
Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed
August 19, 2010) (Docket No. 5434)

Status:     The Court entered an Order sustaining the Objection with respect to all
claimants who did not contest or otherwise respond to the Objection and
with respect to the claim of the City of West Hollywood.  The hearing on
the Objection is adjourned to the March 22, 2011 hearing as to Claim No.
6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No.
728 of the City of Chicago.  This matter will not be going forward.

7.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Response Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

 (a)    Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Related Documents:

 (a)    Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

 (b)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

 (c)    Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

 (d)    Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc.  The parties are in discussions with EMC Corporation to resolve the Objection.  This matter is adjourned to the March 22, 2011 hearing and will not be going forward.

8.    Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed September 22, 2010) (Docket No. 5786)

Response Deadline:  October 15, 2010 at 4:00 p.m.

Responses Received:

    (a)    Response of Emerson Tucker to Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed October 18, 2010) (Docket No. 5999)

    (b)    Supplement to Response to Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed January 3, 2011) (Docket No. 7363)

    (c)    Letter from Emerson Tucker to Judge Carey (Filed February 8, 2011) (Docket No. 7853)

Status:    This matter is adjourned to the March 22, 2011 hearing. This matter will not be going forward.

9.    Motion of Caption Colorado, L.L.C. for Allowance of Administrative Expense Claim (Filed January 26, 2011) (Docket No. 7637)

Objection Deadline: February 22, 2011 at 4:00 p.m. On consent of the parties, the Objection Deadline is extended to March 15, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received: None at this time.

Related Documents:

    (a)    Notice of Hearing (Filed February 10, 2011) (Docket No. 7898)

Status:    On consent of the parties, this matter is adjourned to the March 22, 2011 hearing. This matter will not be going forward.

10.    Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. for Relief from the Automatic Stay (Filed February 10, 2011) (Docket No. 7892)

Objection Deadline: February 22, 2011 at 4:00 p.m. On consent of the parties, the Objection Deadline is extended to March 15, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received: None at this time.

Status:    On consent of the parties, this matter is adjourned to the March 22, 2011 hearing. This matter will not be going forward.

46429/0001-7304800v1

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

11.  Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7673)

Response Deadline:  February 22, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

   (a)   Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7905)

   (b)   Certification of No Objection Regarding Docket No. 7673 (Filed February 24, 2011) (Docket No. 8128)

   (c)   Proposed Order

Status:   A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

12.  Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline:  February 22, 2011 at 4:00 p.m.

Responses Received:

   (a)   Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

Related Documents:

   (a)   Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

46429/0001 7304890v1

      (b)      Certification of Counsel Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 24, 2011) (Docket No. 8135)

      (c)      Proposed Order

Status:      A Certification of Counsel, together with a revised proposed form of Order, was filed with the Court with respect to all of those claimants who did not respond or otherwise contest the Objection and to resolve certain responses to the Objection. The Objection is withdrawn as to Claim No. 2279 of USDR and Claim No. 6683 of Hess Corporation. The Objection is modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned solely with respect to: (a) Claim Nos. 749, 753, and 754 of ASM – Accent Energy, and (b) Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward unless otherwise directed by the Court.

13.      Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to November 22, 2010 (Filed February 1, 2011) (Docket No. 7717)

Objection Deadline:  February 18, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

      (a)      Certification of No Objection Regarding Docket No. 7717 (Filed February 22, 2011) (Docket No. 8088)

      (b)      Proposed Order

Status:      A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

14.      Motion of Aurelius Capital Management, LP for Authorization to Seal Portions of the Letter to Judge Carey from Mitchell Hurley and Exhibits 6, 7, and 8 Thereto [Docket No. 7718] (Filed February 2, 2011) (Docket No. 7744)

Objection Deadline:  February 22, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)     Noteholder Plan Proponent Group's Notice of Filing of Corrected Letter to
        Judge Carey from Mitchell Hurley and Corrected Exhibits 6, 7, and 8
        Thereto [Redacted and Unredacted] (Filed February 2, 2011) (Docket No.
        7729)

(b)     Order Approving Permanent Removal of Images (Entered February 2,
        2011) (Docket No. 7740)

(c)     Certification of No Objection Regarding Docket No. 7744 (Filed
        February 24, 2011) (Docket No. 8130)

(d)     Proposed Order

Status:     A Certification of No Objection was filed with the Court. This matter will
            not be going forward unless otherwise directed by the Court.

15.     Motion of Aurelius Capital Management, LP for Authorization to Seal Portions of the
        Letter to Chief Judge Carey from David Zensky Including Certain Exhibits Thereto
        [Docket Nos. 7827 & 7836] (Filed February 8, 2011) (Docket No. 7860)

        Objection Deadline: February 22, 2011 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

(a)     Notice of Hearing (Filed February 17, 2011) (Docket No. 8049)

(b)     Certification of No Objection Regarding Docket No. 7860 (Filed
        February 24, 2011) (Docket No. 8131)

(c)     Proposed Order

Status:     A Certification of No Objection was filed with the Court. This matter will
            not be going forward unless otherwise directed by the Court.

16.     Motion of the Official Committee of Unsecured Creditors for Extension of Time to Effect
        Service of Original Process (Filed February 11, 2011) (Docket No. 7917)

        Objection Deadline: February 22, 2011 at 4:00 p.m.

        Responses Received: None.

Related Documents:

    (a)    Notice of Hearing (Filed February 15, 2011) (Docket No. 7952)

    (b)    Certification of No Objection and of Counsel Regarding Motion of the Official Committee of Unsecured Creditors for Extension of Time to Effect Service if Original Process and Submitting Revised Form of Proposed Order (Filed February 25, 2011) (Docket No. 8137)

    (c)    Proposed Order

Status:    A Certification of Counsel, together with a revised proposed form of Order, was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

17.    Motion for an Order Pursuant to 11 U.S.C. § 105(a) Authorizing Non-Debtor Tribune (FN) Cable Ventures, Inc.'s Contribution to Television Food Network, G.P. (Filed February 11, 2011) (Docket No. 7919)

Objection Deadline: February 22, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

    (a)    Certification of No Objection Regarding Docket No. 7919 (Filed February 24, 2011) (Docket No. 8129)

    (b)    Proposed Order

Status:    A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

18.    Debtors' Forty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7675)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

    (a)    Response by New York State Department of Taxation and Finance to Debtors' Forty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed February 17, 2011) (Docket No. 8040)

(b)      Response of Cook County Department of Revenue to Debtors' Forty-First Omnibus Objection (Filed February 18, 2011) (Docket No. 8061)

(c)      Debtors' Reply to the Response of Cook County Department of Revenue to Forty-First Omnibus Objection to Claims (Filed February 24, 2011) (Docket No. 8127)

Related Documents:

(a)      Certification of Counsel Regarding Debtors' Forty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed February 24, 2011) (Docket No. 8133)

Status:      A Certification of Counsel, together with a revised proposed form of Order, was filed with the Court with respect to all of those claimants who did not respond or otherwise contest the Objection. The Debtors and New York State Department of Taxation and Finance have consensually resolved the response of New York State Department of Taxation and Finance by adding language to the proposed form of Order and exhibits thereto. This matter will be going forward as to the claim of Cook County Department of Revenue only.

19.      Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

Objection Deadline: February 22, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

(a)      Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

(b)      Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

(c)      Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

Status:          This matter will be going forward.

Dated: February 25, 2011                    SIDLEY AUSTIN LLP
                                            Bryan Krakauer
                                            James F. Conlan
                                            One South Dearborn Street
                                            Chicago, IL  60603
                                            Telephone:  (312) 853-7000

                                                    -and-

                                            COLE, SCHOTZ, MEISEL,
                                            FORMAN & LEONARD, P.A.

                             By:  _____
                                            Norman L. Pernick (No. 2290)
                                            J. Kate Stickles (No. 2917)
                                            500 Delaware Avenue, Suite 1410
                                            Wilmington, DE  19801
                                            Telephone:  (302) 652-3131

                                            ATTORNEYS FOR DEBTORS
                                            AND DEBTORS IN POSSESSION

46429/0001-7304800v1