IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered |

## ORDER

WHEREAS, on January 28, 2011, Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius"), noticed the deposition ("Notice") of Daniel Kazan, Senior Vice President, Investments of Tribune Company ("Tribune");

WHEREAS, Mr. Kazan objected to the Notice and proposed deposition;

WHEREAS, following unsuccessful efforts to resolve the dispute without Court intervention, pursuant to the Case Management Order, the Noteholders[1] wrote the Court on February 11, 2011 seeking an order compelling production (the "Motion to Compel," Docket No. 7915); and

WHEREAS, on February 14, 2011, Mr. Kazan objected, by letter to the Court to the Noteholders' Motion to Compel, and sought a protective order barring Mr. Kazan's deposition (the "Motion for Protective Order," Docket No. 7929); and

---

[1] The Noteholders are Aurelius, Law Debenture Trust Company of New York, as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096, Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee under certain indentures by and between Tribune, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

WHEREAS, argument was heard on the Motion to Compel and the Motion for Protective Order on February 15 and February 22, 2011;

IT IS HEREBY ORDERED THAT:

1. The Noteholders' Motion to Compel Mr. Kazan's deposition is GRANTED and Mr. Kazan's Motion for Protective Order is GRANTED IN PART and DENIED IN PART subject to the further provisions of this Order.

2. Mr. Kazan shall appear for a deposition at such time and place as the parties shall agree or the Court shall further order, on or before March 6, 2011, *provided however*, that:

   a. at least 48 hours prior to the start of Mr. Kazan's deposition, the Noteholders shall identify by Bates Number each exhibit they intend to use in Mr. Kazan's deposition and shall serve such list on Mr. Kazan's counsel by email;

   b. pursuant to Fed. R. Civ. P. 26(c), Mr. Kazan's deposition testimony and all information derived therefrom shall be used solely for purposes of the hearing scheduled to begin March 7, 2011 (the "Confirmation Hearing") on possible confirmation of the plans of reorganization proposed for the Debtors and shall not be used for any other purpose or in any other proceeding, including but not limited to the following pending adversary proceedings: (i) *The Official Committee of Unsecured Creditors Committee of Tribune Company v. Fitzsimons et al.*, Adv. Pro. No. 10-

54010-KJC; and (ii) *The Official Committee of Unsecured Creditors Committee of Tribune Company v. Kazan*, (*In re Tribune Co. et al.*), Adv. Pro. No. 10-55598-KJC;

c. nothing in this Order shall limit any party's right to object to the use of Mr. Kazan's deposition testimony at the Confirmation Hearing on any ground; and

d. the Court retains jurisdiction to interpret and enforce the terms of this Order.

Dated: February 25, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge