## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
|  | Jointly Administered |
| Debtors. | **Objections Due: February 28, 2011 at 4:00 p.m. (ET)**<br>**Hearing Date: March 2, 2011 at 1:30 p.m. (ET)**<br>**Related to Docket Nos. 8098 & 8099** |

## THE NOTEHOLDER PLAN PROPONENTS' SUPPLEMENT TO THEIR (A) MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF BERNARD BLACK AND (B) MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF JOHN CHACHAS, DAVID KURTZ AND SUNEEL MANDAVA

ASHBY & GEDDES, P.A.
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York 10036

*Counsel to Aurelius Capital Management, LP*

*(Additional counsel to additional Noteholder Plan Proponents listed on signature pages)*

February 25, 2011

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES................................................................................................. ii

INTRODUCTION ...........................................................................................................1

ARGUMENT...................................................................................................................2

      BECAUSE THEIR OPINIONS ARE CUMULATIVE, THE COURT SHOULD
      ONLY ALLOW ONE OF PROFESSOR BLACK, MR. GOLDIN OR MR.
      PRAGER TO TESTIFY...................................................................................................2

CONCLUSION.................................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
    66 F.3d 604 (3d Cir. 1995)…………………….…………………………………………..2

*In re Air Crash Disaster*,
    86 F.3d 498 (6th Cir. 1996)……………………………………………………………….3

*LaPlace-Bayard v. Batlle*,
    295 F.3d 157 (1st Cir. 2002) ………..………………………………………………….3

**Statutes**

FED. R. EVID. 403………..………………………………………………………...................3

## Definitions & Exhibits

Unless otherwise defined, the capitalized terms used in this supplemental pleading have the meaning ascribed to them in the Noteholder Plan Proponents' Amended Objection to the Confirmation of the Debtor/Committee/Lender Plan of Reorganization (Part I), dated February 16, 2011. *See* Dkt. No. 8026.

Documents cited in this supplemental pleading, are attached to the Supplemental Affirmation of John W. Berry ("Supp. Berry Aff."), dated February 25, 2011.

## INTRODUCTION

The Noteholder Plan Proponents file this supplemental pleading because it has now become clear that the DCL Plan Proponents are proffering *six* different experts to opine about just *two* topics.[1]

On February 22, 2011, the Noteholder Plan Proponents filed two motions *in limine* in order to exclude the expert testimony and reports of four experts proffered by the DCL Plan Proponents. *See* Dkt. Nos. 8098, 8099. Under one of those motions, the Noteholder Plan Proponents seek to strike John Chachas, David Kurtz and Suneel Mandava—who all apparently plan to testify about the Debtors' current valuation—as cumulative and unnecessary. *See* Dkt. No. 8098. With the other *in limine* motion, the Noteholder Plan Proponents seek to strike Professor Bernard Black, because his report is essentially just a legal brief addressing the bankruptcy issues at the heart of this case—all of which are strictly prohibited under Rule 702 and 704. In any event, he openly acknowledges that he is ███████████████████. Dkt. No. 8099.

Just shortly before those two motions were filed, the parties exchanged expert rebuttal reports.[2] Upon further review of those rebuttal reports, the DCL Plan Proponents' strategy is now apparent—they intend to flood the remaining week the parties have in pre-trial discovery with multiple, unnecessary expert witnesses.

In essence, the DCL Plan Proponents are playing the same game with the expert report issued by Lazard Freres & Co. LLC Report on February 9th (the "Lazard Report") as they are

---

[1]  To the extent the Court deems it necessary for the Noteholder Plan Proponents to seek leave of the Court to file this supplemental pleading, the Noteholder Plan Proponents have alternatively and simultaneously with the filing of this pleading moved for leave of the Court.

[2]  Although the Discovery and Scheduling Order calls for the parties to exchange rebuttal reports at 12:00 noon on Monday, February 21, 2011, the parties agreed to exchange the rebuttal reports at 6:00 p.m. that day.

with a rebuttal report submitted by Goldin Associates on February 21st (the "Goldin Rebuttal Report"). Just like the Lazard Report, which is signed by both Mr. Kurtz *and* Mr. Mandava, the Goldin Rebuttal Report also has two signatories—Harrison Goldin *and* David Prager. *See* Suppl. Berry Aff. Ex. A (Goldin Rebuttal Report) at 13.

However, as they did with the two signatories of the Lazard Report, counsel for the DCL Plan Proponents have refused to select either Mr. Goldin or Mr. Prager as their testifying witness for the Goldin Rebuttal Report. They have also refused to indicate which parts of the Goldin Rebuttal Report each will testify about at the Confirmation Hearing. *See id.* Ex. C (Sottile e-mail) (Debtors' counsel's only response to request to identify the sole testifying expert: "it may be both of them"); *see also id.* Ex. D (Carney follow-up letter).

Moreover, in addition to offering Mr. Chachas, Mr. Kurtz and Mr. Mandava all to testify about the one subject of valuation, the DCL Plan Proponents also intend to offer three witnesses—Professor Black and the two signatories of the Goldin Rebuttal Report—to address and rebut the same opinions of the Noteholder Plan Proponents' decision-tree expert, Dr. Bruce Beron. *Compare id.* Ex. A (Goldin Rebuttal Report at 5-8, 9-11, 12) *with* Ex. B (Black Rebuttal Report at 7-10, 12, 13-15, 16-19, 20-21, 25-30). There is simply no justification for offering six witnesses for just two topics.

## ARGUMENT

### BECAUSE THEIR OPINIONS ARE CUMULATIVE, THE COURT SHOULD ONLY ALLOW ONE OF PROFESSOR BLACK, MR. GOLDIN OR MR. PRAGER TO TESTIFY

"[I]t has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited only by its own judgment and whim." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995) (affirming trial court's mid-trial imposition of time limits because it was "frustrated with what it

perceived as duplication of evidence"). This discretion extends to excluding evidence as cumulative under Federal Rule of Evidence 403. *See LaPlace-Bayard v. Batlle*, 295 F.3d 157, 163-64 (1st Cir. 2002) (affirming exclusion of cumulative expert opinion). Thus, even if expert testimony may otherwise be admissible under Rule 702, "a court is free to exclude *any* expert testimony, including the testimony of an announced expert, if the testimony is cumulative or redundant under Fed. R. Evid. 403." *In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996) (emphasis in original); *see* FED. R. EVID. 403; Dkt. No. 8098 (Noteholder Plan Proponents' motion *in limine* to exclude expert testimony of Chachas, Kurtz and Mandava) at 4 & n.1 (cases cited therein).

The Court can and should use its discretion here to limit the DCL Plan Proponents' litany of duplicative expert witnesses. First, because Mr. Goldin and Mr. Prager both signed the same expert rebuttal report, they are, by definition, redundant witnesses. Just as with Mr. Kurtz and Mr. Mandava in connection with the Lazard Report, the DCL Plan Proponents need to pick one person to act as their testifying expert for the Goldin Rebuttal Report. If they continue to refuse to do so, the Court should make the choice for them, and exclude either Mr. Goldin or Mr. Prager from testifying about that report.

Second, Professor Black, Mr. Goldin and Mr. Prager are each proffered to testify about the same subject—rebutting the Noteholder Plan Proponents' decision-tree expert, Dr. Bruce Beron. Indeed, in rebutting Dr. Beron, all three address the exact same issues and make the exact same arguments. In particular, both Mr. Goldin and Mr. Prager, on the one hand, and Professor Black, on the other, address and offer essentially identical opinions about:

- ███████████████████████████████████████████████████
  ████████████████████ (*compare* Suppl. Berry Aff. Ex. A (Goldin Rebuttal Report) at 5-6 *with id.* Ex. B (Black Rebuttal Report) at 13-15);

-  (*compare id.* Ex. A at 6-7 *with id.* Ex. B at 16-18);

- (*compare id.* Ex. A at 7-8 *with id.* Ex. B at 18-19);

- (*compare id.* Ex. A at 9-10 *with id.* Ex. B at 25-30);

- (*compare id.* Ex. A at 10 *with id.* Ex. B at 7-8);

- (*compare id.* Ex. A at 10-11 *with id.* Ex. B at 8-10);

- (*compare id.* Ex. A at 12 *with id.* Ex. B at 12); and

- (*compare id.* Ex. A at 12 *with id.* Ex. B at 20-21).

None of these issues diminish the ultimate conclusion reached by Dr. Beron that *See* Dkt. No. 8100 (Berry Aff. Ex. D (expert rebuttal report of Dr. Beron) at 2). Putting aside the lack of merit of these issues, however, one thing is clear— there is no reason to have three people testify about them. The Court should require the DCL Plan Proponents to only proffer one witness for these subjects.

## CONCLUSION

For all the foregoing reasons, in addition to the relief requested in the two motions *in limine* filed on February 22, 2011, the Noteholder Plan Proponents respectfully request that this

4

Court:  (*i*) strike those parts of the Goldin Rebuttal Report, and exclude both Mr. Goldin and Mr. Prager from testifying as to those opinions, which are the same as and cumulative of opinions set forth in the Black Rebuttal Report, *or*, in the alternative, (*ii*) strike those parts of the Black Rebuttal Report, and exclude Professor Black from testifying as to those opinions, which are the same as and cumulative of opinions set forth in the Goldin Rebuttal Report.  Moreover, the Noteholder Plan Proponents respectfully request that the Court exclude either Mr. Goldin or Mr. Prager from testifying about the opinions expressed in the Goldin Rebuttal Report as cumulative.

Attached as Exhibit A is a proposed order setting forth this relief, as well as the relief requested in the two *in limine* motions filed by the Noteholder Plan Proponents on February 22, 2011 (*see* Dkt. Nos. 8098, 8099).

In addition, and only to the extent the Court deems it necessary, the Noteholder Plan Proponents have alternatively moved for leave to file this supplement to their two February 22, 2011 *in limine* motions.  Moreover, as indicated in these prior two motions, the Noteholder Plan Proponents respectfully reserve the right to file other supplemental pleadings following the completion of expert discovery or at such time as the Court directs.

Wilmington, Delaware
February 25, 2011

ASHBY & GEDDES, P.A.

By:   /s/ William P. Bowden
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
Leigh-Anne M. Raport (I.D. No. 5055)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware  19899
Telephone:  (302) 654-1888

- *and* -

SULLIVAN HAZELTINE ALLINSON LLC

By:   /s/ William D. Sullivan
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson (I.D. No. 3476)
4 East 8th Street, Suite 400
Wilmington, Delaware  19801
Telephone:  (302) 428-8191

- *and* -

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Abid Qureshi
John W. Berry
One Bryant Park
New York, New York  10036
Telephone:  (212) 872-1000

*Counsel to Aurelius Capital Management, LP*

McCARTER & ENGLISH, LLP

By:   /s/ Katherin L. Mayer
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
Telephone:  (302) 984-6300

- *and* -

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, NY 10167
Telephone:  212-609-6800

*Counsel to Deutsche Bank Trust Company Americas*

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Katherine S. Bromberg
Seven Times Square
New York, New York  10036
Telephone:  (212) 209-4800

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

BIFFERATO GENTILOTTI

By:   /s/ Garvan F. McDaniel
Garvan F. McDaniel (I.D. No. 4167)
800 N. King St., Plaza Level
Wilmington, DE 19801
Telephone:  (302) 429-1900

- *and* -

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David S. Rosner
Andrew K. Glenn
Sheron Korpus
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700

*Co-Counsel for Law Debenture Trust Company of New York*

6