# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 8165, 8166 and 8167** |

## DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS' OBJECTION TO THE MOTION *IN LIMINE* TO EXCLUDE THE REBUTTAL EXPERT TESTIMONY OF PROFESSOR BERNARD BLACK, HARRISON GOLDIN AND DAVID PRAGER UNDER FRE 403 SUBSUMED IN THE SUPPLEMENT TO THE NOTEHOLDERS' MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF JOHN CHACHAS, SUNEEL MANDAVA AND DAVID KURTZ

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND .................................................................................................3

ARGUMENT......................................................................................................4

     I.     THE NOTEHOLDERS HAVE NOT CARRIED THEIR BURDEN OF
           SHOWING THAT ANY  OPINIONS OR TESTIMONY OF PROFESSOR
           BLACK OR MESSRS. GOLDIN AND PRAGER SHOULD BE EXCLUDED
           UNDER FRE 403 ......................................................................................4

          A.     Professor Bernard Black. ............................................................6

          B.     Goldin Associates. .....................................................................8

CONCLUSION...................................................................................................10

-7407482v

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Alexander v. Provident Life and Accident Ins. Co.,
2003 WL 2567992 (M.D. Pa. 2003) ...................................................................6

Blancha v. Raymark Industries,
972 F.2d 507 (3rd Cir. 1992) ..............................................................................5

Coleman v. Home Depot, Inc.,
306 F.3d 1333 (3rd Cir. 2002) ............................................................................5

Coles v. Jenkins,
1998 WL 964506 (W.D. Va. 1998) ...................................................................10

Czarnecki v. Home Depot USA, Inc.,
2009 WL 1706582 (E.D. Pa. 2009) ...................................................................10

Daichi Pharmaceutical Co., Ltd v. Apotex, Inc.,
2006 WL 2088310 (D.N.J. 2006) ........................................................................5

Harbor Ins.Co. v. Allstate Ins.Co.,
1991 U.S. Dist. LEXIS 15272 (N.D. Ill. 1991) ..................................................6

In re Jacoby Airplane Crash Litigation,
2007 WL 2746833 (D. N. J. 2007) ....................................................................10

In re Paoli R.R. Yard PCB Litigation,
35 F.3d 717 (3rd Cir.), cert. denied, 513 U.S. 1190 (1995)("Paoli II") ...................6

McQueeney v. Wilmington Trust Co.,
779 F.2d 916 (3rd Cir. 1985) ..............................................................................6

Olson v. Ford Motor Co.,
411 F. Supp. 2d 1149 (D. N. Dakota 2006) ...................................................5, 10

Rice v. Swift Transportation Co., Inc.,
2010 WL 4537059 (W.D. Pa. 2010) ....................................................................5

Speer v. Kavic,
2009 WL 3447415 (W.D.Pa. 2009) .....................................................................9

United States v. Cross,
308 F.3d 308 (3rd Cir. 2002) ..............................................................................5

United States v. Mathis,
264 F.3d 321 (3rd Cir. 2000) ..............................................................................4

*United States v. Universal Rehabilitation Services (PA), Inc.*,
   205 F.3d 657 (3rd Cir. 2000)(en banc) ..............................................................5

*Walden v. Georgia Pacific Corp.*,
   126 F.3d 506 (3rd Cir. 1997) ..............................................................6

**OTHER AUTHORITIES**

Federal Rule of Evidence 702 ..............................................................4, 5, 6

Rule 403 .............................................................. passim

-7407482v

# INTRODUCTION

The Noteholders' case opposing the reasonableness of the settlement embedded in the Debtor/Committee/Lender Plan of Reorganization ("DCL Plan") rests overwhelmingly on a mechanical decision tree analysis sponsored by Dr. Bruce Beron.  In their Supplement to their motion to exclude the expert testimony of John Chachas, Suneel Mandava and David Kurtz, the Noteholders seek to shield from exposure the fundamental flaws in Dr. Beron's decision tree by asking the Court to exclude the rebuttal expert testimony of Professor Bernard Black, Harrison Goldin and David Prager under Rule 403 on the grounds that the testimony is duplicative.  As explained in detail below, however, the Noteholders have not carried their burden under the Rule.  The testimony of these individuals directly addresses core issues in these proceedings and is not so needlessly cumulative as to substantially outweigh its probative value, as Rule 403 requires before relevant evidence may be excluded.

Professor Black is a Professor of Law and Finance who has academic and real world experience and expertise, among other things, in the areas of leveraged buyouts, litigation settlements, decision tree analyses, probability and statistics.  As set forth in his initial report, Professor Black has undertaken a comprehensive analysis of the potential LBO-Related Causes of Action, and has assessed the likelihood of different outcomes and recoveries under six different scenarios if the LBO-Related Causes of Action were litigated to final judgment or settled.  *See* Expert Report of Professor Bernard Black at 17-31 (Berry Aff. Ex. A).  In his rebuttal report, Professor Black assesses, among other things, the decision tree construct of Dr. Beron and points out numerous conceptual, logical and mathematical errors that undercut the decision tree's reliability.  *See* Rebuttal Expert Report of Professor Bernard Black at 3-38 (Supp. Berry Aff. Ex. B).  When Professor Black corrects these flaws and errors, the decision tree produces probabilities and recoveries much closer to those that are likely in the views of

Professor Black and the Examiner. Professor Black's testimony will explain all of this in detail, as well as respond to the criticisms of Professor Black's probability and recovery analysis lodged by Dr. Beron in his rebuttal report.

The DCL Plan Proponents also intend to offer the testimony of Goldin Associates, L.L.C. through Harrison Goldin and David Prager. Goldin Associates is a strategic and risk management firm which has often acted as examiner, trustee, independent investigator, special master, mediator or receiver in large and complicated bankruptcies and restructurings, and has extensive experience in the development and analysis of complex recovery and asset distribution models. As such, Goldin Associates is well qualified to review the Beron model, explain its methodological errors and demonstrate the full quantitative impact of correcting for those errors. Goldin Associates prepared a rebuttal report sponsored by the Official Committee of Unsecured Creditors, a DCL Plan Proponent that does not agree with many of the particular conclusions contained in Professor Black's initial expert report and which therefore seeks to have its own witness evaluate and testify concerning Dr. Beron's mechanical decision tree.

In its rebuttal report, Goldin Associates brings its particular experience and expertise to bear upon Dr. Beron's decision tree, identifying many of the same qualitative and methodological problems that Professor Black points out and performing its own decision tree and recovery modeling in order to correct for eight major flaws in Dr. Beron's approach. The Goldin Associates' modeling shows how the recovery predictions of Dr. Beron are inflated and demonstrates that, when properly adjusted, the predictions further confirm the reasonableness of the settlement embodied in the DCL Plan. Conversely, as explained below, many of Professor Black's responses to the Beron Report are outside the scope of the Goldin Associates' rebuttal.

2

In short, Professor Black and Messrs. Goldin and Prager each have different specialties and expertise that they will apply to the review of Dr. Beron's mechanical decision tree. These separate approaches, offered on behalf of different DCL Plan Proponents, are not duplicative, much less so needlessly cumulative as to substantially outweigh the probative value of testimony presenting them. The motion to exclude the testimony of Professor Black and Messrs Goldin and Prager should therefore be denied.[1]

## BACKGROUND

The Noteholder Plan Proponents' challenge to the reasonableness of the settlement embodied in the DCL Plan rests fundamentally on a mechanical "decision tree" created by Dr. Beron and discussed by him in his initial expert report. Dr. Beron is a physicist who has no training in law or finance and has never been qualified by a court as an expert. Unlike the probability and recovery assessment offered by Professor Black in his initial report, Dr. Beron's decision tree does not rest on any independent analysis or independent judgment concerning the merits or likelihood of success of the LBO-Related Claims. It is limited to a mathematical exercise of multiplying probabilities which Dr. Beron assigns from his reading of the Examiner Report.

As explained in the Confirmation Brief of the DCL Plan Proponents, Professor Black and Messrs. Goldin and Prager will testify and present evidence demonstrating that Dr. Beron's

---

[1] Unless otherwise defined, the capitalized terms used in this memorandum of law have the meaning ascribed to them in the Joint Objection of the Debtors, the Official Committee of Unsecured Creditors, Angelo Gordon & Co. L.P, Oaktree Capital Management, L.P. and JPMorgan Chase Bank, N.A. to Confirmation of the Noteholder Plan dated February 15, 2011. *See* Docket No. 8011.

-7407482v

decision-tree analysis is flawed and unreliable to the core. [2] *See* Memorandum of Law in

Support of Confirmation and Omnibus Reply to Objections to Confirmation of Second Amended

Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors,

the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo,

Cordon & Co., L.P., and JPMorgan Chase Bank, N.A. at 56-58. (Docket No. 8173)

("Confirmation Brief").  As a result, the decision tree produces facially implausible conclusions

and predicted recoveries from full litigation that far exceed any reasonable assessment of the

LBO-Related Claims. *See id.*  Indeed, once these flaws are corrected, it becomes evident that his

analysis cannot support the proposition that the settlement embodied in the DCL Plan is unfair,

inequitable or not in the best interest of the Debtors' estates. *See id.*

## ARGUMENT

**I.**    **THE NOTEHOLDERS HAVE NOT CARRIED THEIR BURDEN OF SHOWING
THAT ANY OPINIONS OR TESTIMONY OF PROFESSOR BLACK OR
MESSRS. GOLDIN AND PRAGER SHOULD BE EXCLUDED UNDER FRE 403**

Federal Rule of Evidence 702 sets forth the standards governing the admissibility of

expert testimony.  Rule 702 allows expert testimony "where it will assist the trier of fact to

understand the evidence or to determine a fact in issue" -- a standard that is essentially one of

relevance. *See United States v. Mathis*, 264 F.3d 321, 335 (3rd Cir. 2000) (*citing Kumho Tire*

---

[2] For example, Dr. Beron fails to recognize that, because the Guarantor Subsidiaries have essentially the same cash flow, substantially larger balance sheet capital, and substantially less debt than Tribune has, it would be logically impossible for a court to find both that the Guarantor Subsidiaries were insolvent and that Tribune was solvent. Yet Dr. Beron treats the solvency of Tribune as independent of the solvency of the Guarantor Subsidiaries. As a result, in his Step Two analysis, Dr. Beron concludes that there is a 97% probability of Guarantor Subsidiary Insolvency, in the instances in which Tribune remains solvent. The true percentage is zero. In addition, Dr. Beron treats each of the three statutory tests of solvency (balance sheet solvency, adequate capitalization, and ability to pay debts as they become due) as independent, even though cash flow solvency is largely a subset of capital adequacy (completely so for the objective prong of cash flow solvency analysis, which is the more important prong in the cases) and balance sheet solvency is correlated with capital adequacy and cash flow solvency. Dr. Beron also ignores the Trust recoveries preserved and provided for under the DCL Plan when comparing the DCL Plan recoveries to expected litigation outcomes, thereby hugely distorting his comparison. *See* Confirmation Brief at 8-11, 56-58.

-7407482v

*Co. v. Carmichael*, 526 U.S. 137 (1999)). The Noteholders concede by their silence that the opinions of Professor Black, and Messrs Goldin and Prager satisfy all the requirements of Rule 702 and that that their testimony will assist the Court in its role as the trier of fact. *See* Supplement to Noteholder Motion to Exclude at 1-6.

Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence." As the wording and structure of the Rule makes clear, Rule 403 creates a "strong presumption" of admissibility. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3rd Cir. 2002); *see United States v. Cross*, 308 F.3d 308, 323 (3rd Cir. 2002); *United States v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3rd Cir. 2000)(en banc). The text of the Rule also demonstrates that "[c]umulative evidence is not bad per se; it is the 'needless presentation' that is to be avoided", *Olson v. Ford Motor Co.*, 411 F. Supp. 2d 1149, 1157 (D. N. Dakota 2006)(quoting 22A Charles A Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5220 (1978)), and even then only when it substantially outweighs the probative value of the evidence at issue. *See Universal Rehabilitation*, 205 F.3d at 664; *Rice v. Swift Transportation Co., Inc.*, 2010 WL 4537059 at *4 (W.D. Pa. 2010).

The foregoing principles establish that "district courts may utilize the rule [403] only rarely to cause the exclusion of evidence." *Universal Rehabilitation*, 205 F.3d at 664. *See also Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992) ("[e]vidence should be excluded under Rule 403 only sparingly"); *Daichi Pharmaceutical Co., Ltd v. Apotex, Inc.*, 2006 WL 2088310 at *2 (D.N.J. 2006)(same). The very limited use of Rule 403 to exclude evidence applies with full force in the area of expert testimony. "[T]he fact that *Daubert* [*v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)] held that Rule 702 is the primary locus of a court's gatekeeping role indicates that exclusion [of expert testimony] under Rule 403 should be rare." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 747 n. 16 (3rd Cir.), *cert. denied*, 513 U.S. 1190 (1995)("*Paoli II*").

Further, the party seeking to exclude evidence under the rule bears the burden of making a "particularized showing" as to why exclusion is required. *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 923 (3rd Cir. 1985); *Alexander v. Provident Life and Accident Ins. Co.*, 2003 WL 2567992 at *2 (M.D. Pa. 2003). In addition, "rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*." *Walden v. Georgia Pacific Corp.*, 126 F.3d 506, 518 n. 10 (3rd Cir. 1997)(*citing In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 859 (3rd Cir. 1990)("*Paoli I*"); *Alexander*, 2003 WL 2567992 at *2. This limitation on the use of Rule 403 *in limine* is eminently sensible and practical, because the Court has the power at trial to limit the presentation of evidence through sustained objections. Indeed, it is precisely because courts have this power at trial that "evidence must clearly be inadmissible on all possible grounds" before it may be excluded in limine. *See, e.g., Harbor Ins. Co. v. Allstate Ins. Co.*, 1991 U.S. Dist. LEXIS 15272 at *3, 4 (N.D. Ill. 1991).

As explained below, the Noteholders have not come close to satisfying their burden to exclude prematurely, through a motion in limine, the testimony of Black, Goldin or Prager rebutting Dr. Beron's mechanical decision tree analysis. The testimony of these three experts relating to the Beron report is not duplicative, much less so needlessly cumulative as to outweigh its probative value.

    A.    Professor Bernard Black.

Professor Black is Chabraja Professor of Law at Northwestern University and a Professor of Finance at the Kellogg School of Management at Northwestern University. He held a similar

-7407482v

dual position at the University of Texas, and prior to that was a professor of law and Stanford

University and Columbia University. *See* Black Expert Report at 1 (Barry Aff. Ex. A ). In

addition to his substantial academic work, he has practiced securities and corporate law at both a

major law firm and the U.S. Securities & Exchange Commission. *Id.* at 1-2. Further, Professor

Black has extensive experience in and indeed has taught the specific methodologies that

Dr. Beron used in his report, including decision trees, probability theory and statistics. *See* Black

Rebuttal Report at 1 (Supp. Barry Aff. Ex. B).

In his rebuttal report, Professor Black addresses three topics: (i) the deficiencies in the

analysis of Noteholder expert Ralph Tuliano, (ii) the loss of value that adoption of the

Noteholder Plan would inflict upon the Debtors and (iii) the flaws in Dr. Beron's decision tree

analysis. *See* Black Rebuttal Report at 3-6 (Supp. Barry Aff. Ex. B). In the Supplement to their

Motion to Exclude, the Noteholders raise no complaint about or challenge to the first two topics,

but attack only the third. *See* Supplement to Noteholder Motion to Exclude at 1-6. This attack

is not surprising, given that Professor Black's systematic dismantling of Dr. Beron's mechanical

decision tree is penetrating, persuasive and devastating to the Noteholders' case. *See* Black

Rebuttal Report at 3-38 (Supp. Berry Aff. Ex. B).

As a threshold matter, Professor Black must be permitted to testify to respond to Dr.

Beron's critique of his expert conclusions, and Noteholders do not (and cannot) claim that

Professor Black should be precluded at trial from defending his analysis and conclusions against

Dr. Beron's attack. Second, Professor Black orients his critique of Dr. Beron from the

perspective of his own report, i.e., how the settlement of LBO claims in the DCL Plan compares

to reasonably expected outcomes both from full litigation and from settlement of those claims.

Professor Black will explain why his judgment-based approach is sensible, and preferable to Dr.

Beron's mechanical approach, and why it is misleading for Dr. Beron to compare (i) only the initial distribution to Noteholders provided in the DCL Plan to (ii) full litigation outcomes that assume costless litigation yielding instantly available recoveries. Third, Professor Black will explain why analysis of the Examiner's nuanced qualitative assessments requires judgment, and offer examples of how Dr. Beron's straight mathematical computation of the Examiner's summary terms, assuming independence of outcomes, is rendered unreliable by the absence of such judgment. *See* Black Rebuttal at 11-13. In this respect, Professor Black's testimony is the flip side of his defense of his approach against Beron's attack. Finally, Professor Black should be permitted to offer his detailed critique of Beron's failure to account properly for the Bank's statutory defenses, an analysis that is not addressed in the Goldin Associates report. *See* Black Rebuttal at 30-35.

B.    Goldin Associates.

The testimony of Goldin Associates will be offered through Harrison Goldin and David Prager. As previously noted, Goldin Associates provides strategic and risk management consulting, financial advisory, interim management, forensic investigation, and independent fiduciary services. Mr. Goldin is currently senior managing director of Goldin Associates and previously was Comptroller of the City of New York. Mr. Prager is a managing director at Goldin Associates and an experienced financial and restructuring professional. Mr. Goldin and his firm have often acted as examiner, trustee, independent investigator, special master, mediator or receiver in large and complicated bankruptcies and restructurings. In light of the nature of its business, Goldin Associates has extensive experience developing, analyzing and applying complex decision tree, recovery and distribution models. *See* Report of Goldin Associates at 15-16 (Supplemental Berry Aff. Ex. A).

Contrary to the Noteholders' contentions, the testimony and expert opinions offered by Mr. Goldin and Mr. Prager will not be duplicative or cumulative of each other or of Professor Black. As to Mr. Goldin, drawing on his expertise in investigating, evaluating, litigating and settling claims in a fiduciary capacity, including matters involving solvency and fraudulent conveyance, Mr. Goldin will explain the qualitative flaws with Dr. Beron's model and analytical approach that produce distorted conclusions about the probability of certain outcomes. Based on his expertise in complex bankruptcy proceedings, Mr. Goldin will also testify about significant omissions in Dr. Beron's analysis that undermine Dr. Beron's conclusions, such as Dr. Beron's failure to account for the distribution of third-party recoveries in his scenarios and under the Plan.

Mr. Prager, in turn, will focus his testimony on Goldin Associates' calculations of the quantitative impact of the errors in Dr. Beron's decision trees and other analyses, and how Goldin Associates' adjustments and corrections – adjustments and corrections that derive from Mr. Goldin's expert judgments – alter Dr. Beron's conclusions. Mr. Prager will also testify as to Goldin Associates' quantitative analysis of Dr. Beron's recovery model, incorporating the expert judgments made by Mr. Goldin into the Goldin Associates' quantitative analysis and explaining how those judgments translate into corrections that better describe the probability of outcomes and recoveries. Mr. Prager's extensive quantitative analysis of all of Dr. Beron's computations shows that, once corrected, Dr. Beron's own decision tree analysis demonstrates that, overwhelmingly, the Noteholders fare better under the DCL Plan than under the Noteholders' full litigation scenarios.

As the summary above of the expected rebuttal testimony indicates, Professor Black and Goldin Associates approach the defects in Dr. Beron's report from different perspectives and

each should be permitted. *See, e.g., Speer v. Kavic*, 2009 WL 3447415 at *2 (W.D. Pa. 2009)

(denying motion to exclude where each of three experts "hails from a different specialty" and

approaches the issue "from a different perspective"); *Czarnecki v. Home Depot USA, Inc.*, 2009

WL 1706582 at *2 (E.D. Pa. 2009) (motion to excluded denied where the testimony of two

experts " focused on different aspects" of an allegedly defective design); *Olson*, 411 F. Supp. 2d

at 1157-58 (denying motion to exclude where Ford's three experts had different "expertise");

*Coles v. Jenkins*, 1998 WL 964506 at *1 (W.D. Va. 1998)(denying motion to exclude under Rule

403 where each of the three experts had "a slightly different area of expertise"); *In re Jacoby

Airplane Crash Litig.*, 2007 WL 2746833 at *11 (D. N. J. 2007) .

## CONCLUSION

Professor Black and Goldin Associates each have different specialties and expertise

which they have applied to the review of Dr. Beron's mechanical decision tree. That these

separate approaches, sponsored by different parties, have a degree of overlap in their

identification of the flaws and errors in Dr. Beron's work demonstrates not that the testimony is

so needlessly cumulative as to substantially outweigh its probative value but rather that

Dr. Beron's mechanical decision tree cannot withstand scrutiny when looked at from several

different perspectives.  In any event, as noted above, the appropriate time to address the

questions under Rule 403 is at trial, not in limine, and the DCL Plan Proponents will strive to

avoid repetition in the presentations of Professor Black and Goldin Associates.  As a result, the

motion to exclude the rebuttal testimony of Professor Black and Messrs. Goldin and Prager

should be denied.

-7407482v

Dated:   Wilmington, Delaware                    Respectfully submitted,
         February 28, 2011

SIDLEY AUSTIN LLP                                SIDLEY AUSTIN LLP
James F. Conlan                                  James F. Bendernagel
Bryan Krakauer                                   David M. Miles
Kevin Lantry                                     1501 K Street, N.W.
James W. Ducayet                                 Washington, DC  20005
One South Dearborn Street                        Telephone:  (202) 736-8000
Chicago, IL  60603                               Facsimile:  (202) 736-8711
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036                                -and-

                                                 /s/ J. Kate Stickles
                                                 COLE, SCHOTZ, MEISEL,
                                                 FORMAN & LEONARD, P.A.
                                                 Norman L. Pernick (No. 2290)
                                                 J. Kate Stickles (No. 2917)
                                                 Patrick J. Reilley (No. 4451)
                                                 500 Delaware Avenue, Suite 1410
                                                 Wilmington, DE  19801
                                                 Telephone:  (302) 652-3131
                                                 Facsimile:  (302) 652-3117

                  Counsel for Debtors and Debtors in Possession


                                                 /s/ Matthew B. McGuire
CHADBOURNE & PARKE LLP                           LANDIS RATH & COBB LLP
Howard Seife                                     Adam G. Landis (No. 3407)
David M. LeMay                                   Matthew B. McGuire (No. 4366)
Thomas J. McCormack                              Kimberly A. Brown (No. 5138)
30 Rockefeller Plaza                             919 Market Street, Suite 1800
New York, NY  10112                              Wilmington, DE  19801
Telephone:  (212) 408-5100                       Telephone:  (302) 467-4400
Facsimile:  (212) 541-5369                       Facsimile:  (302) 467-4450

               Counsel for the Official Committee of Unsecured Creditors

-7407482v

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee of Unsecured Creditors

| | /s/ Robert J. Stearn, Jr. |
|---|---|
| DAVIS POLK & WARDWELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| Benjamin S. Kaminetzky | Mark D. Collins (No. 2981) |
| Elliot Moskowitz | Robert J. Stearn, Jr. (No. 2915) |
| Michael Russano | Drew G. Sloan (No. 5069) |
| 450 Lexington Avenue | One Rodney Square, 920 N. King Street |
| New York, New York 10017 | Wilmington, DE 19801 |
| Telephone: (212) 450-4500 | Telephone: (302) 651-7700 |
| | Facsimile: (302) 651 7701 |

Counsel for JPMorgan Chase Bank, N.A.

Wilmer Cutler Pickering
Hale & Dorr LLP
Andrew N. Goldman
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800

Counsel for Angelo, Gordon & Co., L.P.

| | /s/ Robert S. Brady |
|---|---|
| DEWEY & LEBOEUF LLP | YOUNG CONAWAY |
| James O. Johnston | STARGATT & TAYLOR, LLP |
| Joshua M. Mester | Robert S. Brady (No. 2847) |
| 333 South Grand Avenue | M. Blake Cleary (No. 3614) |
| Suite 2600 | The Brandywine Building – 17th Floor |
| Los Angeles, CA 90071-1530 | 1000 West Street, Post Office Box 391 |
| United States | Wilmington, DE 19899 |
| 213 621 6000 (phone) | Telephone: (302) 571-6600 |
| 213 621 6100 (fax) | Facsimile: (302) 571-1253 |

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

12