```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE

IN RE:                        )    Chapter 11
                              )
                              )
TRIBUNE COMPANY, et al.,      )    Case No. 08-13141 (KJC)
                              )
                              )    Jointly Administered
                              )    Related to Docket #8076
                              )
          Debtors.            )    Courtroom 5
                              )    824 Market Street
                              )    Wilmington, Delaware
                              )
                              )    February 25, 2011
                              )    2:00 p.m.


                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE


TELEPHONIC APPEARANCES:

For Debtor:               Sidley Austin, LLP
                          BY:  KENNTH KANSA, ESQ.
                          One South Dearborn
                          Chicago, IL  60603
                          (213) 896-6022


ECRO:                     AL LUGANO

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For The Creditors Committee:   Chadbourne & Parke LLP
 3                                   BY:  DOUGLAS DEUTSCH, ESQ.
                                     BY:  DAVID LEMAY, ESQ.
 4                                   BY:  MARC ROITMAN, ESQ.
                                     BY:  HOWARD SEIFE, ESQ.
 5                                   BY:  THOMAS MCCORMACK, ESQ.
                                     (212) 408-5169
 6
                                     Zuckerman Spaeder
 7                                   BY:  JAMES SOTTILE, ESQ.
                                     (202) 778-1800
 8
     For JP Morgan Chase:            Richards Layton & Finger
 9                                   BY:  ROBERT J. STEARN, JR., ESQ.
                                     One Rodney King Square
10                                   (302) 651-7612

11                                   Davis Polk & Wardwell
                                     BY:  ELLIOT MOSKOWITZ, ESQ.
12                                   (212) 450-4000

13   For Merrill Lynch:              Potter Anderson & Corroon LLP
                                     BY:  LAURIE SELBER SILVERSTEIN
14                                   ESQ.
                                     (302) 984-6000
15
     For Wilmington Trust:           Brown Rudnick
16                                   BY:  WILLIAM DOLAN, ESQ.
                                     BY:  JARED ELIAS, ESQ.
17                                   BY:  MARTIN SIEGEL, ESQ.
                                     (212) 209-4800
18
                                     Sullivan Hazeltine Allison
19                                   BY:  WILLIAM SULLIVAN, ESQ.
                                     (302) 428-8191
20
     For DBTCA:                      McCarter & English LLP
21                                   BY:  DAVID ADLER, ESQ.
                                     BY:  JOSEPH BOCCASINI, ESQ.
22                                   BY:  KATHARINE MAYE, ESQ.
                                     (212) 609-6800
23
     For Barclays Bank:              Mayer Brown, LLP
24                                   BY:  JEAN-MARIE ATAMIAN, ESQ.
                                     BY:  AMIT TRAHAN, ESQ.
25                                   BY:  MICHAEL SIMES, ESQ.
                                     (212) 506-2678
```

```
1    TELEPHONIC APPEARANCES:
     (Continued)
2
     For Aurelius Capital              Ashby & Geddes, P.A.
3    Management LP:                    BY:  LEE_ANNE RAPORT, ESQ.
                                       BY:  WILLIAM BOWDEN, ESQ.
4                                      Wilmington, DE 19899-1150
                                       (302) 654-1888
5
                                       Akin Gump Strauss Hauer & Feld
6                                      BY:  DANIEL GOLDEN, ESQ.
                                       BY:  ABID QURESHI, ESQ.
7                                      BY:  DEBORAH NEWMAN, ESQ.
                                       BY:  DAVID ZENSKY, ESQ.
8                                      (212) 872-1000

9                                      Friedman, Kaplan, Seiler &
                                       Adelman, LLP
10                                     BY:  EDWARD FRIEDMAN, ESQUIRE
                                       (212) 833-1100
11
                                       Aurelius Capital Management
12                                     BY:  MATTHEW A. ZLOTO
                                       (546) 445-6518
13
     For Credit Agreement             Young Conaway Stargatt & Taylor
14   Lenders/Oaktree:                  BY:  BLAKE CLEARY, ESQ.
                                       BY:  ROBERT S. BRADY, ESQ.
15                                     (302) 571-6600

16                                     Dewey & LeBoeuf
                                       BY:  BRUCE BENNETT, ESQ.
17                                     BY:  JAMES JOHNSTON, ESQ.
                                       BY:  JOSHUA MESTER, ESQ.
18                                     (312) 794-8000

19   For Law Debenture:               Bifferato Gentilotti
                                       BY:  GARVAN F. MCDANIEL, ESQ.
20                                     (302) 429-1900

21   For Bank of America:             O'Melveny & Myers
                                       BY:  DANIEL CANTOR, ESQ.
22                                     (212) 326-2000
                                       BY:  DANIEL S. SHAMAH, ESQ.
23                                     (212) 326-2138

24   For EGI-TRB LLC:                 Jenner & Block LLP
                                       BY:  ANDREW VAIL, ESQ.
25                                     (312) 840-8688
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For JP Morgan Chase Bank:      BY:  KEVIN C. KELLEY
 3                                  (212) 648-0427

 4                                  Davis, Polk & Wardwell, LLP
                                    BY:  ELLIOT MOSKOWITZ, ESQ.
 5                                  (212) 450-4241

 6   For Barclays:                  Mayer Brown LLP
                                    BY:  MICHAEL L. SIMES, ESQ.
 7                                  BY:  AMIT K. TREHAN, ESQ.
                                    BY:  JEAN-MARIE ATAMIAN, ESQ.
 8                                  (212) 506-2607

 9   For Kramer Levin:              Kramer Levin
                                    BY:  DAVID E. BLABEY, JR., ESQ.
10                                  (212) 715-9100

11   For Morgan Stanley:            Weil Gotshal & Manges, LLP
                                    BY:  ANDREA SAAVEDRA, ESQ.
12                                  BY:  DAVID LITVACK, ESQ.
                                    (212) 310-8024
13
     For Wells Fargo:               White & Case, LLP
14                                  BY:  SCOTT GREISSMAN, ESQ.
                                    (212)819-8567
15
     For Merrill Lynch:             Kaye Scholer, LLP
16                                  BY:  JOSEPH DRAYTON, ESQ.
                                    (212) 836-7042
17
     For Great Banc Trust:          Morgan Lewis & Bockius, LLP
18                                  BY:  RACHEL MAUCERI, ESQ.
                                    (215) 963-5000
19
     For Law Debenture Trust:       Kasowitz, Benson, Torres &
20                                  Friedman
                                    BY:  SHERON KORPUS, ESQ.
21                                  BY:  DAVID ROSNER, ESQ.
                                    BY:  MATTHEW STEIN, ESQ.
22                                  (212) 506-1726

23   For Dow Jones News Wires:      Dow Jones & Co.
                                    BY:  PEG BRICKLEY, ESQ.
24                                  (215) 462-0953

25   For Pension Benefit Guaranty:  BY:  CASSANDRA BURTON CAVERTY,
                                    ESQ.
                                    (202) 326-4020
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For United States Trustee      BY:  DAVID KLAUDER, ESQ.
 3   Department:                    (302) 573-6491

 4   For In Propria Persona,        Brigade Capital Management
     Neil S. Losquadro:             BY:  NEIL S. LOSQUADRO
 5                                  (212) 745-9758

 6   For Morgan Stanley:            Barnes & Thornburg
                                    BY:  DAVID PROWLEN, ESQ.
 7                                  (302) 888-4536

 8   For Deutsch Bank:              McCarter & English
                                    BY:  WILLIAM T. REILLY, ESQ.
 9                                  (973) 639-2058

10   For Peter Knapp:               Cozen O'Conner
                                    BY:  BARRY KLAYMAN, ESQ.
11                                  (302) 295-2000

12   For Kathleen Waltz:            BY:  CHARLES BERGEN, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    WILMINGTON, DELAWARE, FRIDAY, FEBRUARY 25, 2011, 2:06 P.M.

2              THE CLERK:  Court is now in session.

3              THE COURT:  Good afternoon, everyone.  This is

4    Judge Carey.  We're on the record in the Tribune Chapter 11

5    proceeding.

6              The primary purpose of our telephonic hearing

7    today is for the Court to rule on three outstanding motions

8    to quash deposition subpoenas.  So let me with reference --

9    well, before I do, let me ask, have any of those three

10   matters been resolved?

11              MR. FRIEDMAN:  Your Honor, this is Ed Friedman.

12   None of the three matters have been resolved.

13

14              THE COURT:  All right.

15              MR. MCCORMACK:  This Tom McCormack, Your Honor,

16   that's correct.

17              THE COURT:  All right, thank you.  Well, let me

18   say this.  I've read all four of the deposition transcripts

19   that were submitted, the transcripts of Miriam Kulnis [ph],

20   Thane Carlston, Kenneth Lang, and Wayne Smith.  And I think

21   Mr. Golden was right, it was a good thing for me to read the

22   entire transcripts.  And I will tell you, my review of the

23   transcripts leads me to conclude that the activity that

24   occurred during the deposition reflects well on no one, not

25   the attorneys and not the deponents.  And except for the

1  limited relief I'm going to grant today, I see little or no

2  benefit in further depositions, especially those of any

3  attorneys whether or not they're acting specifically in that

4  capacity.

5         So with those views in mind, I'm going to grant

6  the committees' request to quash the deposition subpoenas

7  with respect to Gordon Novod and David Adler.  I am going to

8  grant the request to quash, the committees' request, to

9  quash the deposition subpoenas of Howard Seife and Graham

10  Bush.  Now before I rule on the remaining committee requests

11  that I quash the deposition subpoenas of three committee

12  members, I have a question.  Are any of the three and that's

13  William Niese, Gabriel Davis, or Craig Yamaoka attorneys?

14

15         MR. SEIFE:  Your Honor, this is Howard Seife.

16  Bill Niese is an attorney.  Is Gabrielle an attorney?

17  Gabrielle Davis is an attorney.  Mr. Yamaoka is not an

18  attorney.

19         THE COURT:  Well, then I'll permit the deposition

20  of Mr. Yamaoka and grant the motion to quash the deposition

21  subpoenas of Mr. Niese and Ms. Davis.  I'd like counsel to

22  confer and submit a form or forms of order that embodies

23  those rulings.  Is there any question about what should go

24  in the order or orders?

25

1          MR. MCCORMACK:  Your Honor, Tom McCormack.

2   Unfortunately, while you were speaking, an operator came on

3   the phone and we missed -- we heard with regard to Mr. Seife

4   and Mr. Bush.  We did not hear with regard to Mr. Adler and

5   Mr. Novod.  And we heard with regard to Niese, Davis, and

6   Yamaoka.

7          THE COURT:  So Mr. McCormack, you need to hear

8   about --

9          MR. MCCORMACK:  Adler and Novod.

10         THE COURT:  I've granted the committees' request

11  to quash the deposition subpoenas.

12         MR. MCCORMACK:  Thank you, Your Honor.

13         THE COURT:  Are there any other questions?

14         MR. KLAYMAN:  Your Honor, this is Barry Klayman

15  from Cozen O'Conner.  I represent Peter Knapp.  I wanted to

16  know if I could bring up another discovery related issue

17  that arose just today as an emergency issue.  Mr. Knapp is

18  scheduled to be deposed by the noteholders on Tuesday of

19  next week.  There was a ruling by the Northern District of

20  Illinois Bankruptcy Court yesterday on a motion to quash

21  that Mr. Knapp had filed and that motion was denied.  We're

22  -- we have been negotiating with the noteholders

23  specifically counsel for Aurelius regarding some of the

24  conditions of that deposition.  And we've agree that -- and

1   we would like to submit to Your Honor an order under

2   certification that the deposition can take place after the

3   discovery deadline of I think it's today.  And there was an

4   agreement that any testimony that's provided in the

5   deposition that its use will be limited to the confirmation

6   hearing in this matter and not used in any other matter.

7           But there was a third issue that the parties

8   could not agree on and it's a significant one and an

9   important one.  We were seeking the -- an agreement that --

10  to the same condition that Your Honor had ordered with

11  respect to the deposition of Mr. Kazan, Daniel Kazan, that

12  the people taking the deposition provide the exhibits in

13  advance of the deposition so that we can prepare the

14  witness.  Mr. Knapp as you know is also a defendant in an

15  adversary proceeding that was brought by the committee of

16  unsecured creditors so he's a litigant in another action.

17  And in addition, really doesn't have access to all of the

18  information and documents that have produced, have been

19  produced in connection with the confirmation proceedings.

20          So we're basically trying to see if we can get the

21  same condition that Your Honor ordered in connection with

22  Mr. Kazan that we be provided with copies of the documents

23  that are going to be used at the deposition in advance of

24

25

1    the deposition.  Aurelius has -- would not agree to that and

2    so it's a matter that's still in dispute.

3              THE COURT:  Well --

4              MR. KLAYMAN:  And as I say, it's -- the

5    Bankruptcy Court in Illinois only ruled yesterday with

6    respect to the motion to quash and the deposition is

7    scheduled on Tuesday which doesn't give us sufficient time

8    to be able to file a motion to seek this relief.

9              THE COURT:  Well was this issue discussed with

10   the Judge who disposed of the motion to quash?

11

12             MR. KLAYMAN:  My understanding is that it was

13   not.  In effect, the Judge really only had a couple of

14   minutes to hear the motion to quash.  It wasn't raised

15   before that Judge and the Judge just didn't entertain it and

16   left the bench after ruling on the motion to quash.

17             MR. QURESHI:  Your Honor, this is Abid Qureshi

18   from Akin Gump on behalf of Aurelius.  May I be heard?

19             THE COURT:  You may.

20             MR. QURESHI:  Thank you, Your Honor.  And if I

21   may just also address at the same time the same issue with

22   respect to Ms. Waltz.  I believe there was a letter sent to

23   the Court on her behalf.  That motion to quash was heard in

24   Florida and was also denied.  In both instances, Your Honor,

25   it was not raised with the Court that was hearing the motion

1   to quash that the Court should also order any conditions to

2   the deposition such as the requirement that we produce in

3   advance the deposition exhibits that we intend to use.  It

4   simply was not raised.  We think it is highly inappropriate

5   for both of these deponents having not sought that specific

6   relief from the Court that had jurisdiction over the motions

7   to quash to immediately turn around and then ask Your Honor

8   to do the same thing.

9           Secondly, Your Honor, with respect to an order to

10  allow the deposition to proceed after the discovery cutoff

11  period, we'd respectfully submit, Your Honor, that there is

12  no need for an order.  Numerous depositions in this case

13  have by agreement of the parties to the confirmation hearing

14  been pushed off beyond the fact discovery cutoff.  We have

15  not sought or submitted any orders allowing that to happen.

16  We think it's sufficient given that the parties all have

17  agreed to allow those depositions to go forward, that it

18  simply happened by agreement and that there be no need for

19  an order.  Thank you, Your Honor.

20          MR. BERGEN:  Your Honor, Charles Bergen.  We're

21  counsel for Ms. Waltz and we haven't been heard on this.

22  I'd be happy to either take it separately or join in at this

23  point.

24          THE COURT:  Go ahead.

25

1          MR. BERGEN:  We had our motion heard in the

2    Bankruptcy Court in Florida yesterday.  The issue there was

3    simply whether or not to quash the subpoena.  We did

4    specifically ask that that Court not rule on the conditions

5    of discovery generally.  That those issues were reserved to

6    this Court to shape.  And there is a specific provision in

7    there that says nothing herein shall be construed to modify

8    in any respect any order entered by Judge Carey.

9          Our view is it makes sense for everyone to have

10   the documents, particularly for witnesses like Ms. Waltz

11   who's been gone for three years.  Aurelius told us they

12   didn't want to do that and we sent a letter to you fairly

13   late this morning asking for you to do that for the same

14   reasons that you did that for Mr. Kazan's deposition.  We

15   just think it's more efficient.

16

17          So, you know, we feel like it would be a better

18   thing for everyone, Aurelius doesn't.  And our view is that

19   the Court has the power certainly to enter the conditions of

20   discovery and should do so.

21          And then secondly, Mr. Qureshi said he didn't

22   think this Court needed to enter an order to continue

23   discovery into next week because the parties had agree to do

24   that.  We certainly have our order with respect to Ms.

25   Waltz, but I would hate to see that turn into some sort of

1    blanket order that permits discovery to go on and on for any

2    witness.  As you know, we represent certain former employees

3    of the Tribune that were brought into this at the eleventh

4    hour and 59th minute and it's -- we would not want to see

5    that as an open ended invitation to continue to subpoena and

6    seek depositions from those people.  Thank you, Your Honor.

7              MR. KLAYMAN:  Your Honor, this is Barry Klayman

8    if I may be heard just quickly in rebuttal.

9              My understanding is that there was already an

10   agreement between Aurelius and Mr. Knapp's counsel regarding

11   a consent order that would both allow the deposition to go

12   forward after the discovery cutoff and also provide

13   limitations on the use of the transcript that's produced as

14   a result of the deposition, limiting it to the planned

15   confirmation proceedings.  And we would propose to put both

16   of those in an order to be signed by the Court under

17   certification which left only the issue of, really an issue

18   of fairness and efficiency in terms of providing Mr. Knapp

19   with copies of the exhibits in advance of the deposition.

20             MR. QURESHI:  Your Honor, very briefly, Abid

21   Qureshi again on behalf of Aurelius.  We have no trouble

22   with an order limiting the use of the transcript as Your

23   Honor ordered with respect to Mr. Kazan.  That is certainly

24   reasonable and we do not oppose that.

25

1        With respect to access to the documents, the only

2   other thing I will say, Your Honor, is that these two

3   witnesses are in a materially different position than Mr.

4   Kazan is in terms of the number of documents.

5        Additionally, given the schedule that remains in

6   this case and the vast number of depositions by my count of

7   approximately 23 that remain on the schedule, for us to be

8   put in a position of having to turnover our work product 48

9   hours before these depositions take place is just something

10  that I'm not sure we would be able to do with respect to Mr.

11  -- to any of these depositions to have locked down the

12  exhibits 48 hours in advance of taking the deposition when

13  all of the parties, including the committee continue to

14  produce documents well after the deadline for doing so,

15  another 7,000 pages came in from the committee on February

16  the 22nd.  It's just unreasonable in the circumstances for

17  us to be expected to do that, Your Honor.  Thank you.

18       THE COURT:  Well, these were issues that should

19  have been raised with the Judges that dealt with the motions

20  to quash respectively.  To the extent parties have

21  consensual orders, they'd like the Court to sign off on, I'm

22  content to do that.  I don't think it's necessary that with

23  respect to the specific depositions we've talked about, that

24  I need in writing to expand the fact discovery.  And, in

1    fact, I don't intend to do that.  To the extent the parties

2    want the Court's blessing for a limited sign off for

3    permission to have those depositions outside of the fact

4    discovery deadline in the CMO, I'll so order it from the

5    bench here.  And that's not intended to be a further

6    expansion of what the provisions of the order are.  I'm not

7    -- and I'm not inclined to consider any new relief at this

8    point.  But I would like to move on to other matters.

9              We've received several requests concerning the

10   use of automation in the courtroom.  And I have sitting in

11   the courtroom with me today, Rob Rebeck, R-E-B-E-C-K who is

12   from our automation department and who will be coordinating

13   requests for use of courtroom technology or for others who

14   wish to bring it into the courtroom during the confirmation

15   hearing.

16              So I think the way I'd prefer to approach this

17   because the requests have begun to come in, is to have Mr.

18   Rebeck coordinate a meeting with local representatives to

19   come to the courthouse, explain to him what it is they want.

20   You may bring outside consultants if you wish.  After which,

21   I'd like to see if the parties in concert with the Court can

22   develop things that will work for everybody and result in a

23   relatively smooth process as we work through the hearing.

24

25

1  If anyone wants to weigh in on that now or has a question,

2  you may ask it or address it now.

3                    (No audible response heard.)

4            THE COURT:  Okay.  I hear no response.  We have

5  also received a request for remote -- a remote location,

6  meaning someplace other than the courtroom should the

7  courtroom in which I normally sit, which is the largest

8  courtroom in our facility, not be able to handle all those

9  who wish to attend.  Unless someone has a better way of

10  telling me, there is virtually no way to predict how many

11  people will show up for a hearing, I am working on with Mr.

12  Rebeck, setting up a remote location here in the courthouse.

13  It won't be another courtroom because all of the other

14  courtrooms especially for the period of time that

15  confirmation is likely to take are occupied.  So I am

16  working on that.  We haven't figured out anything

17  definitively yet, but we will make those arrangements in

18  case they are needed.  Any comments or question about that?

19                    (No audible response heard.)

20            THE COURT:  Okay.  Let's talk about scheduling.

21  Have the parties begun any discussions concerning the

22  allocation of time among them for presentation of their

23  various cases?  I understand that that in part may depend

1  upon the rulings on the motions in limine and we'll talk

2  about that in a minute.  But I'm --

3          MR. ZENSKY:  Yes, Your Honor --

4          THE COURT:    -- just curious to know whether

5  generally there have been such discussions.

6          MR. ZENSKY:  Your Honor, David Zensky of Akin,

7  Gump, Strauss, Hauer & Feld for Aurelius.  Can I address

8  that?

9          THE COURT:  Yes.

10          MR. ZENSKY:  Certainly, Your Honor.  As you know,

11  under the case management order, the joint pre-trial

12  memorandum is due Monday and needless to say we have been in

13  consultation with the debtors and the committee on that and

14  all the other issues that need to be addressed.  And those

15  talks started in the past day or two.  And I don't know who

16  this will come as a surprise to or not, but it is now agreed

17  by the debtors and committee that this is not a five day

18  trial.  We didn't think it was at the time of the contours

19  hearing and certainly don't think so now.  The debtors, I

20  believe and committee are not sure if they can even get

21  their case in in the five days that are allocated the week

22  of the 7th.

23          So that's kind of the first headline, I think,

24

25  Your Honor, for scheduling purposes.  We're due to exchange

1    our updated witness lists later today and the talks on

2    timing and allocation will continue through the weekend and

3    we will get you that pre-trial memo on time on Monday.

4              I would like to raise as part of the discussion,

5    Your Honor, whether in light of that, it is feasible or fair

6    for us to start a day or two later than Monday since the

7    trial is not going to be concluded on Monday.  And I might

8    not had an opportunity to talk to Mr. Bendernagel about

9    this, but it's a reaction to events unfolding in real time

10   including the ruling earlier this week on Mr. Kazan, the

11   rulings yesterday where the motions to quash the two

12   additional depositions were denied.  It's due to documents

13   that continue to roll in 30, 40, 50 days after the deadline

14   in the CMO that we bargained hard for and Your Honor

15   approved.

16

17             You heard Mr. Qureshi say that we got 7,000

18   documents on Tuesday from the committee and that includes

19   term sheets for the plan, emails about the settlement, the

20   thing that we've been trying to discover through the case.

21             You heard Mr. Qureshi also mention that there

22   were ten fact depositions left to be done.  And some of them

23   were as a result of the debtors telling us you can't have

24   these people until after the fact discovery cutoff such as

25   Mr. Shapiro and Mr. Kurtz.  We were due to take the

1    deposition of Jimmy Lee yesterday that was scheduled for

2    three weeks.  At 9:00 last night we got a notice without any

3    explanation from Davis Polk, sorry, an emergency came up,

4    you have to take it on March 4.  So without any meet and

5    confer, just a unilateral dictate to us that we have to take

6    that deposition not only outside the fact window, but

7    outside the expert window.  Then we're in the midst of

8    discussion on the expert deposition scheduling and we're

9    told that we can't take the deposition of the debtors' lead

10   valuation expert, Mr. Mondova [ph] until March 4, also

11   outside the window of the CMO.

12            So we're in a situation even with Your Honor's

13   ruling on the committee depositions, that there are

14   something on the order of 24 depositions left to be

15   conducted before the trial and it is not of our doing that

16   they are all backed up at this point, Your Honor.  We have

17   diligently pursued discovery.  The debtors have nine experts

18   they are proposing to call, subject to our Daubert motion.

19   Certainly, if that was discussed at the time we were

20   negotiating the CMO, I don't think the parties would have

21   left seven days to do expert depositions.  Though, you know,

22   I would like to put on for the discussion if I may, Your

23   Honor, whether in light of the fact that the trial cannot be

24   concluded in five days, whether at this point a sanity check

25

1    and a measure of fairness would require that we start a day

2    or two later.

3            THE COURT:  Other than that, Mr. Zensky, how are

4    things going?

5            MR. ZENSKY:  They're going wonderful, Your Honor.

6            MR. SOTTILE:  Your Honor, James Sottile of

7    Zuckerman Spaeder, special counsel for the committee.  May I

8    be heard very briefly in response to what was rather a large

9    mouthful from Mr. Zensky?

10           THE COURT:  Well, if it's for a reason other than

11   pointing fingers, yes.

12

13           MR. SOTTILE:  It is, Your Honor. I don't want to

14   speak to the issue of discovery and who's done what when.  I

15   simply wanted to supplement a little bit from the point of

16   view of the debtors, committee, and lenders our views about

17   the probable length of the trial.  May I be heard on that

18   limited point, Your Honor?

19           THE COURT:  Certainly.

20           MR. SOTTILE:  Your Honor, Mr. Zensky correctly

21   indicated that he and I have had discussions within the last

22   couple of days about the likely length of the confirmation

23   hearing.  And I just wanted to round that story out a little

24   bit, Your Honor.

25

1          The parties as the Court can appreciate, have

2     been diligently attempting to narrow down the scope of their

3     presentations to the central issues.  And the course of the

4     discovery and the depositions have obviously caused everyone

5     to rethink how long things will take and what evidence the

6     Court really needs to hear in order to decide the issues

7     that will be presented.  The best estimate from our side,

8     Your Honor of how long our case will take to put on both in

9     terms of direct examinations and cross is four to five days.

10          While Mr. Zensky is correct that we anticipate

11    that the case to be presented by the proponents of the

12    debtors, committee, lenders plan is likely to take up at

13    least the bulk of the five days that the Court has set aside

14    during the week of March 7, I believe from discussions with

15    Mr. Zensky that the noteholders anticipate that the length

16    of their case is likely to be similar in scope, but to be

17    fair, I think they are still attempting to determine how

18    long it will take to put on their case.  And we have shared

19    between the parties views about who the witnesses are that

20    we will really call and obviously, we'll be informing the

21    Court in the form of the pre-trial memorandum that will be

22    filed early next week.

23          In addition, I think that we can anticipate, Your

24    Honor, one or two days of rebuttal testimony.  So I think

25

1    all in all, we are probably looking at something on the

2    order of ten or eleven days of trial time, Your Honor.  And

3    with that, I'll stop and let the Court consider how it

4    wishes to proceed further.

5              THE COURT:  Well, does anyone else wish to be

6    heard on the terms of how long it will take issue?

7                   (No audible response heard.)

8              THE COURT:  Okay.  I hear no further response on

9    that, but let me again drill down a little bit.  Should I

10    take both responses as saying that yes, you have talked

11    about issues of allocation at least as things stand as of

12    the moment?

13

14             MR. SOTTILE:  Your Honor, James Sottile again for

15    the committee.

16             I don't think we have talked specifically about

17    allocation of time.  We have simply exchanged views about

18    who the witnesses will be and how long it will take,

19    assuming that the Court were minded to afford us as much

20    time as we believe is reasonably required to present our

21    respective cases.

22             THE COURT:  Well I'll afford you as much time as

23    I think is reasonably required to present your cases.  And

24    really what I'd like to do is have the parties at least at

25    the point after which I decide the motions in limine at

1    least tentative mark out some guidelines.  I like to shoot

2    for goals.  And those of you who know me, I think should at

3    this point realize that I tend to let parties try their own

4    cases and allow them the time usually to do that.  I'll also

5    tell you what I often tell parties in extensive hearings and

6    that is your greatest and most important concern should be

7    convincing me that you're right, not in making a record for

8    appeal.  So keep that in mind as you develop your

9    evidentiary presentations.

10           MR. ZENSKY:  Your Honor, it's David Zensky.  Can

11   I be heard for a moment?

12           THE COURT:  Yes.

13           MR. ZENSKY:  On the question of allocation, of

14   course we will work cooperatively with the other side.  As I

15   told Mr. Sottile when we started our discussion, the major

16   problem we have in getting our arms around the time of our

17   cross examination for example of their witness, their

18   experts for example is the expert depositions haven't been

19   taken yet.  So it's a little hard for us to give a

20   definitive view until that part of it.  Other witnesses who

21   are on their witness list such as Mr. Kurtz are yet to be

22   deposed either in his fact capacity or his expert capacity.

23   So again, we will have that conversation as soon as it is

24   possible to do so.

25

1            THE COURT:  All right.  Let's talk about -- well,

2  put it this way.  I'm not prepared to set trial back or the

3  confirmation hearing back a day or two yet.  Let's let the

4  parties continue to discuss that and see if they can't reach

5  some agreement.  I will -- I'll put it this way.  At this

6  point, based upon what the parties tell me, I will free up

7  the following week as well for continued confirmation

8  hearing.  It's presently scheduled to start on March 7 and

9  go the week.  I will free up the following week as well.

10           Now we've also received questions of, you know,

11  what time will I start and what time will I end on a daily

12  basis.  I typically start Court at 10:00 and frankly, I'm

13  not inclined to start any earlier because I will have other

14  things to do and will need slices of time to do it other

15  than in connection with Tribune confirmation.  Now in terms

16  of how late I will go, I guess my thought is I would be

17  inclined to go to 6:00 or so in the evening.  Frankly, after

18  sitting on the bench all day and listening attentively, that

19  pretty much takes me to the ends of my abilities.  And I'm

20  sure everybody wants me to pay attention to what they have

21  to say or what testimony they are eliciting from a witness.

22  I will take a lunch break every day and we'll probably take

23  mid-morning and mid-afternoon breaks.  You know, it may be

24  that on some nights we'll end a little before 6:00 or go a

25

1    little after 6:00 depending where we are with any particular

2    witness or any line of questioning with any particular

3    witness.  I like to tend to fall at natural breaks rather

4    than artificial time constraints.  Does anyone have any

5    questions about that?

6                    (No audible response heard.)

7                    THE COURT:  Okay.  I'd like to talk for a minute

8    about the hearing scheduled for next week.  There are --

9    well, there is an omnibus scheduled for March 1.  I

10   understand there are just a couple things left for that.

11   We're also scheduled for March 2 which would include the

12   motions in limine.  Let me ask the debtor, with respect to

13   the matters listed on March 1, does it make sense just to

14   move them to March 2?

15

16                    MR. BENDERNAGEL:  Yeah, we were -- this is Jim

17   Bendernagel, Your Honor.  We had raised that question among

18   ourselves today and I don't think we have any objection to

19   doing that.

20                    THE COURT:  Okay.  Let's do that.  We're

21   presently set for 1:30 on March 2.  Let me ask, do the

22   parties have any notion of how much time will be required to

23   address the matters that are now listed for a hearing on

24   March 2?

25

1          MR. KANSA:  Your Honor, Ken Kansa, Sidley Austin

2   on behalf of the debtors.

3          There were only two items that had been scheduled

4   for the March 1 omnibus and I believe we've agreed to

5   continue one of those to March 22.  So I think the other

6   matter which is not a motion of ours wouldn't be

7   particularly lengthy, but that's in the hands of another

8   movant.

9          THE COURT:  Okay.

10          MR. KANSA:  I --

11          MR. GRECO:  Oh, I'm sorry, Frank Greco [ph] also

12   on March 1, the TB Food's motion doesn't have an objection

13   so I don't know if Your Honor was planning to enter the

14   order (indiscernible).

15

16          THE COURT:  I'm sorry, will you repeat that?

17          MR. GRECO:  Oh, there's a motion regarding a

18   contribution for the TB Food's partnership that was set for

19   March 1, but there's no objection.  We've submitted a

20   certificate of no objection so --

21          THE COURT:  Yeah, I have --

22          MR. GRECO:  -- I mean, if Your Honor is okay

23   entering an order, there won't be a need for a hearing on

24   that.

25

1          THE COURT:  Yeah, I haven't seen the March 1

2    binder yet.

3          MR. GRECO:  Okay.

4          THE COURT:  Okay.  So with respect to the matter

5    scheduled for March 2, time estimate?

6          MR. ZENSKY:  Your Honor, David Zensky for

7    Aurelius for the motion that we filed, it should be less

8    than an hour for sure.  I can't imagine that the Court would

9    require anymore argument than that.  In the interest of full

10   disclosure, I believe we'll be filing a supplement to that

11   based on the rebuttal reports and based on the same issue of

12   duplication we see with certain witnesses being proffered to

13   say the same thing.  And we'll file it with a motion for

14   leave to do so, if necessary, under the case management

15   order.

16

17         THE COURT:  All right.

18         MR. ZENSKY:  But that would also be on for the

19   pre-trial conference.  And then an open issues about

20   allocation of time or witnesses and scheduling I guess would

21   be on the agenda as well.

22         THE COURT:  Okay.  What about the noteholder

23   motions?

24         MR. ZENSKY:  I'm sorry, which motions, petitions

25   --

1    THE COURT:  Well, I'm looking there -- well, put

2  it this way, there are according to the draft agenda that I

3  asked the debtor provide me today, there's the noteholder

4  motion in limine to exclude the testimony of Cha-Cha's,

5  Kurtz, Mondova, a separate motion to exclude the testimony

6  of Black, another motion to exclude the testimony -- well,

7  it looks like the one -- the first one I read, but it's a

8  different docket number.  Cha-Cha's Kurtz, and Mondova.

9    MR. ZENSKY:  Yeah, I was treating those as one,

10  Your Honor, and estimating --

11    THE COURT:  Okay.

12    MR. ZENSKY:  -- an hour would be sufficient for

13  all of those.

14

15    THE COURT:  Okay.  And the Aurelius motion,

16  that's just a seal motion, okay, all right.  So we ought to

17  be able to conclude that afternoon.

18    MR. BENDERNAGEL:  Your Honor, there's another

19  issue.  This is Jim Bendernagel.  Beyond the motions in

20  limine, I think we're supposed to have the status conference

21  that day and go over the pre-trial order and the question is

22  to the extent that there are issues that you want to address

23  with respect to the pre-trial order, there's a possibility

24  that there will be a number of objections to depositions and

25  -- I mean, deposition designations and exhibits.  We ought

1    to carve out some time to at least be in a position to talk

2    about that if that's necessary.

3                THE COURT:  All right.  Anything further with

4    respect to that hearing day?

5                     (No audible response heard.)

6                THE COURT:  Okay.  Anyone have anything else that

7    we need to talk about today?

8                MR. ZENSKY:  Your Honor, it's David Zensky again,

9    if I may.  Turning back to the opening of the confirmation

10   hearing itself and whatever day that may be is Your Honor

11   inclined to take any opening statement from the parties or

12   was it the Court's expectation we would start right in with

13   the first witness?

14

15               THE COURT:  Well, I think opening statements

16   would be helpful, but brief opening statements as opposed to

17   lengthy ones.  I hate to eat into time for a witness

18   testimony.  They'll be opportunity for closing, but if some

19   -- if parties want to give ten or fifteen minutes at the

20   beginning, that might be helpful to me.

21               MR. ZENSKY:  Okay, Your Honor, should we assume

22   that that's kind of a limit per side and that we're not

23   talking about fifteen minutes for each plan proponent to

24   make a separate statement?

25               THE COURT:  Yeah, I think per side is good.

1          MR. ZENSKY:  Thank you, Your Honor.

2          THE COURT:  Anything else?

3               (No audible response heard.)

4          THE COURT:  Okay.  I will leave you with a final

5    thought.  Judge Gross has let it be known to me that he is

6    still available for further discussions and I pass that

7    along to all of you.  Thank you all for gathering today,

8    that concludes this hearing.  Court will stand adjourned.

9    Have a good weekend, everyone.

10         ALL:  Thank you, Your Honor.

11       (Whereupon at 2:41 p.m., the hearing was adjourned.)

12

13

14                      CERTIFICATION

15        I certify that the foregoing is a correct

16   transcript from the electronic sound recording of the

17   proceedings in the above-entitled matter.

18

19

20   _____        28 February 2011

21   Traci L. Calaman                              Date

22   Transcriber

23

24

25

| Word | Page:Line |
|---|---|
| **abid**(3) 3:12 10:16 13:20 | |
| **abilities**(1) 24:19 | |
| **able**(4) 10:8 14:10 16:8 28:16 | |
| **about**(22) 7:22 8:8 14:23 16:18 16:20 17:2 18:8 18:18 20:15 20:21 21:19 22:11 22:15 22:16 24:1 25:5 25:8 27:18 27:21 29:2 29:7 29:22 | |
| **aboveentitled** (1) 30:16 | |
| **access**(2) 9:17 14:1 | |
| **according**(1) 28:2 | |
| **acting**(1) 7:3 | |
| **action**(1) 9:16 | |
| **activity**(1) 6:22 | |
| **addition**(2) 9:17 21:23 | |
| **additional**(1) 18:12 | |
| **additionally**(1) 14:5 | |
| **address**(5) 10:20 16:2 17:7 25:22 28:21 | |
| **addressed**(1) 17:14 | |
| **adelman**(1) 3:18 | |
| **adler**(5) 2:41 7:7 8:4 8:9 | |
| **administered**(1) 1:9 | |
| **adjourned**(2) 30:8 30:11 | |
| **advance**(5) 9:13 9:23 11:3 13:19 14:12 | |
| **adversary**(1) 9:15 | |
| **afford**(2) 22:18 22:21 | |
| **after**(11) 9:2 10:15 11:10 13:12 14:14 15:20 18:13 18:23 22:24 24:17 25:1 | |
| **afternoon**(2) 6:3 28:16 | |
| **again**(5) 13:21 22:9 22:13 23:23 29:8 | |
| **agenda**(2) 27:20 28:2 | |
| **agree**(4) 8:24 9:8 10:1 12:22 | |
| **agreed**(3) 11:17 17:16 26:4 | |
| **agreement**(7) 3:26 9:4 9:9 11:13 11:18 13:10 24:5 | |
| **ahead**(1) 11:24 | |
| **akin**(3) 3:10 10:17 17:6 | |
| **all**(21) 6:13 6:16 6:17 9:17 11:16 14:13 16:8 16:13 17:14 19:16 22:1 22:1 24:1 24:18 27:16 28:13 28:15 29:3 30:7 30:7 30:10 30:10 | |
| **allison**(1) 2:36 | |
| **allocated**(1) 17:21 | |
| **allocation**(6) 16:22 18:2 22:11 22:16 23:13 27:19 | |
| **allow**(4) 11:10 11:17 13:11 23:4 | |
| **allowing**(1) 11:15 | |
| **along**(1) 30:7 | |
| **already**(1) 13:9 | |
| **also**(13) 9:14 10:20 10:23 11:1 13:12 15:6 18:20 19:10 23:24 24:10 25:11 26:11 27:1 | |
| **america**(1) 3:41 | |
| **amit**(2) 2:48 4:13 | |
| **among**(2) 16:22 25:16 | |
| **and**(121) 6:19 6:19 6:21 6:24 6:24 7:7 7:9 7:12 7:19 7:20 7:13 8:3 8:4 8:4 8:5 8:5 8:9 8:21 8:24 8:24 9:3 9:6 9:8 9:9 9:17 9:18 10:1 10:4 10:6 10:14 10:14 10:19 10:23 11:7 11:18 11:21 12:6 12:12 12:17 12:19 12:20 13:1 13:4 13:4 13:5 13:10 13:12 13:15 13:18 13:24 14:6 14:24 15:5 15:7 15:10 15:12 15:22 17:1 17:12 17:13 17:14 17:15 17:17 17:19 17:20 18:1 18:2 18:2 18:7 18:18 18:17 18:21 18:24 19:4 19:8 19:15 20:1 20:13 20:15 20:20 20:22 21:3 21:4 21:5 21:9 21:18 21:20 22:2 23:1 23:17 22:22 23:2 23:4 23:5 23:6 24:4 24:8 24:11 24:12 24:14 24:18 24:19 24:22 24:23 25:17 26:4 27:11 27:13 27:18 27:19 28:8 28:10 28:14 28:20 28:20 28:23 28:24 29:10 29:21 30:6 | |
| **anderson**(1) 2:25 | |
| **andrea**(1) 4:22 | |
| **andrew**(1) 3:48 | |

| Word | Page:Line |
|---|---|
| **another**(7) 8:16 9:16 14:15 16:13 26:7 28:6 28:17 | |
| **anymore**(1) 27:9 | |
| **anyone**(4) 16:1 22:5 25:4 29:6 | |
| **anything**(4) 16:16 29:3 29:6 30:2 | |
| **appeal**(1) 23:8 | |
| **appearances**(5) 1:23 2:1 3:1 4:1 5:1 | |
| **appreciate**(1) 21:1 | |
| **approach**(1) 15:16 | |
| **approved**(1) 18:15 | |
| **approximately**(1) 14:7 | |
| **are**(25) 7:12 8:13 9:23 14:3 15:6 16:15 16:18 17:20 17:21 19:13 19:16 19:18 20:3 21:17 21:19 22:1 23:21 23:21 24:21 25:1 25:8 25:10 25:22 28:2 28:21 | |
| **argument**(1) 27:9 | |
| **arms**(1) 23:16 | |
| **arose**(1) 8:17 | |
| **around**(2) 11:7 23:16 | |
| **arrangements**(1) 16:17 | |
| **artificial**(1) 25:4 | |
| **ashby**(1) 3:4 | |
| **aside**(1) 21:13 | |
| **ask**(6) 6:9 11:7 12:4 16:2 25:12 25:20 | |
| **asked**(1) 28:3 | |
| **asking**(1) 12:13 | |
| **assume**(1) 29:20 | |
| **assuming**(1) 22:18 | |
| **atamian**(2) 2:47 4:14 | |
| **attempting**(2) 21:2 21:17 | |
| **attend**(1) 16:9 | |
| **attention**(1) 24:20 | |
| **attentively**(1) 24:18 | |
| **attorney**(4) 7:15 7:15 7:16 7:17 | |
| **attorneys**(3) 6:24 7:3 7:13 | |
| **audible**(6) 16:3 16:19 22:7 25:6 29:5 30:3 | |
| **aurelius**(12) 3:4 3:22 8:23 10:1 10:17 12:11 12:17 13:10 13:21 17:7 27:7 28:14 | |
| **austin**(1) 1:25 26:1 | |
| **automation**(2) 15:10 15:12 | |
| **available**(1) 30:6 | |
| **back**(3) 24:2 24:3 29:9 | |
| **backed**(1) 19:16 | |
| **banc**(1) 4:34 | |
| **bank**(4) 2:46 3:41 4:4 5:15 | |
| **bankruptcy**(5) 1:1 1:21 8:20 10:5 12:2 | |
| **barclays**(2) 2:46 4:11 | |
| **bargained**(1) 18:14 | |
| **barnes**(1) 5:11 | |
| **barry**(5) 5:20 8:14 13:7 | |
| **based**(3) 24:6 27:11 27:11 | |
| **basically**(1) 9:20 | |
| **basis**(1) 24:12 | |
| **because**(4) 12:22 15:17 16:13 24:13 | |
| **been**(14) 6:10 6:12 8:22 9:18 11:14 11:21 12:11 14:19 17:5 17:12 18:19 21:2 23:18 26:3 | |
| **before**(7) 1:20 6:9 7:10 10:14 14:9 19:15 24:24 | |
| **beginning**(1) 29:19 | |
| **begun**(2) 15:17 16:21 | |
| **behalf**(4) 10:17 10:22 13:21 26:2 | |
| **being**(1) 27:12 | |
| **believe**(6) 10:21 17:20 21:14 22:19 26:4 27:10 | |
| **bench**(3) 10:15 15:5 24:18 | |

| Word | Page:Line |
|---|---|
| **bendernagel**(5) 18:8 25:15 25:16 28:17 28:18 | |
| **benefit**(2) 4:49 7:2 | |
| **bennett**(1) 3:32 | |
| **benson**(1) 4:38 | |
| **bergen**(4) 5:23 11:20 11:20 12:1 | |
| **best**(1) 21:7 | |
| **better**(2) 12:16 16:9 | |
| **between**(2) 13:10 21:19 | |
| **beyond**(2) 11:14 28:18 | |
| **bifferato**(1) 3:37 | |
| **bill**(1) 7:15 | |
| **binder**(1) 27:2 | |
| **bit**(3) 20:14 20:23 22:9 | |
| **blabey**(1) 4:18 | |
| **black**(1) 28:6 | |
| **blake**(1) 3:27 | |
| **blanket**(1) 13:1 | |
| **blessing**(1) 15:2 | |
| **block**(1) 3:47 | |
| **boccasini**(1) 2:42 | |
| **bockius**(1) 4:13 | |
| **both**(6) 10:23 11:5 13:11 13:15 21:8 22:10 | |
| **bowden**(1) 3:6 | |
| **brady**(1) 3:28 | |
| **break**(1) 24:22 | |
| **breaks**(2) 24:23 25:3 | |
| **brickley**(1) 4:46 | |
| **brief**(1) 29:15 | |
| **briefly**(2) 13:20 20:8 | |
| **brigade**(1) 5:7 | |
| **bring**(3) 8:16 15:14 15:20 | |
| **brought**(2) 9:15 13:3 | |
| **brown**(3) 2:30 2:46 4:11 | |
| **bruce**(1) 3:32 | |
| **bulk**(1) 21:13 | |
| **burton**(1) 4:49 | |
| **bush**(2) 7:10 8:4 | |
| **but**(16) 9:7 12:24 15:8 16:17 17:2 17:16 18:9 19:6 21:16 22:9 26:7 26:18 27:17 28:7 29:15 29:17 | |
| **calaman**(1) 30:20 | |
| **call**(2) 19:18 21:20 | |
| **came**(3) 8:2 14:15 19:3 | |
| **can**(9) 9:2 9:13 9:20 15:21 17:7 17:20 21:1 21:23 23:10 | |
| **can't**(4) 18:22 19:9 24:4 27:8 | |
| **cannot**(1) 19:23 | |
| **cantor**(1) 3:42 | |
| **capacity**(3) 7:4 23:22 23:22 | |
| **capital**(3) 3:4 3:22 5:7 | |
| **carey**(1) 1:20 6:4 12:8 | |
| **carlston**(1) 6:19 | |
| **carve**(1) 29:1 | |
| **case**(13) 1:7 4:26 11:12 14:6 16:18 17:11 17:21 18:19 21:8 21:11 21:16 21:18 27:14 | |
| **cases**(4) 16:23 22:20 22:22 23:4 | |
| **cassandra**(1) 4:49 | |
| **caused**(1) 21:4 | |
| **caverty**(1) 4:49 | |
| **central**(1) 21:3 | |
| **certain**(2) 13:2 27:12 | |
| **certainly**(7) 12:18 12:23 13:23 17:10 17:19 19:19 20:18 | |
| **certificate**(1) 26:19 | |
| **certification**(2) 9:2 13:17 30:13 | |
| **certify**(1) 30:14 | |
| **cha-cha's**(2) 28:4 28:8 | |
| **chadbourne**(1) 2:4 | |
| **chapter**(2) 1:4 6:4 | |
| **charles**(2) 5:23 11:20 | |
| **chase**(2) 3:16 4:4 | |
| **check**(1) 19:24 | |
| **chicago**(1) 1:28 | |

| Word | Page:Line |
|---|---|
| **circumstances**(1) 14:16 | |
| **cleary**(1) 3:27 | |
| **clerk**(1) 6:2 | |
| **closing**(1) 29:17 | |
| **cmo**(4) 15:4 18:14 19:11 19:20 | |
| **come**(3) 15:17 15:19 17:16 | |
| **comments**(1) 16:18 | |
| **committee**(15) 2:4 7:10 7:11 9:15 14:13 14:15 17:13 17:17 17:20 18:17 19:13 20:7 20:15 21:12 22:14 | |
| **committees**(3) 7:6 7:8 8:10 | |
| **company**(1) 1:7 | |
| **conaway**(1) 3:26 | |
| **concern**(1) 23:6 | |
| **concerning**(2) 15:9 16:21 | |
| **concert**(1) 15:21 | |
| **conclude**(2) 6:22 28:16 | |
| **concluded**(2) 18:7 19:24 | |
| **concludes**(1) 30:8 | |
| **condition**(2) 9:10 9:21 | |
| **conditions**(4) 8:24 11:1 12:4 12:18 | |
| **conducted**(1) 19:15 | |
| **confer**(2) 7:21 19:5 | |
| **conference**(2) 27:18 28:19 | |
| **confirmation**(11) 9:5 9:19 11:13 13:15 15:14 16:15 20:21 24:3 24:7 24:15 29:9 | |
| **connection**(3) 9:19 9:21 24:15 | |
| **consensual**(1) 14:21 | |
| **consent**(1) 13:11 | |
| **consider**(2) 15:7 22:3 | |
| **constraints**(1) 25:4 | |
| **construed**(1) 12:7 | |
| **consultants**(1) 15:20 | |
| **consultation**(1) 17:13 | |
| **content**(1) 14:22 | |
| **continue**(5) 12:21 13:5 14:13 18:2 18:13 24:4 26:5 | |
| **continued**(5) 2:2 3:2 4:2 5:2 24:7 | |
| **contours**(1) 17:18 | |
| **contribution**(1) 26:17 | |
| **conversation**(1) 23:23 | |
| **convincing**(1) 23:7 | |
| **cooperatively**(1) 23:14 | |
| **coordinate**(1) 15:18 | |
| **coordinating**(1) 15:12 | |
| **copies**(2) 9:22 13:19 | |
| **correct**(2) 6:15 21:10 30:14 | |
| **correctly**(1) 20:19 | |
| **corroon**(1) 2:25 | |
| **could**(2) 8:16 9:8 | |
| **counsel**(5) 7:20 8:23 11:21 13:10 20:7 | |
| **count**(1) 14:6 | |
| **couple**(3) 10:12 20:21 25:10 | |
| **course**(2) 21:3 23:14 | |
| **court**(68) 1:1 6:2 6:3 6:7 6:13 6:16 7:18 8:7 8:10 8:13 8:20 10:3 10:5 10:9 10:18 10:22 10:24 11:1 11:6 11:24 12:2 12:4 12:6 12:18 12:21 13:16 14:18 14:21 15:21 16:4 16:20 17:4 17:9 20:3 20:10 20:18 21:1 21:6 21:13 21:21 22:3 22:5 22:8 22:18 22:21 23:12 24:1 24:12 25:7 25:19 26:9 26:15 26:20 27:1 27:4 27:8 27:16 27:21 28:1 28:11 28:14 29:3 29:6 29:14 29:24 30:2 30:4 30:8 | |
| **court's**(2) 15:2 29:12 | |
| **courthouse**(2) 15:19 16:12 | |
| **courtroom**(9) 1:12 15:10 15:11 15:13 15:14 16:6 16:7 16:8 16:13 | |
| **courtrooms**(1) 16:14 | |
| **cozen**(2) 5:19 8:15 | |
| **craig**(1) 7:13 | |
| **credit**(1) 3:26 | |
| **creditors**(2) 2:4 9:16 | |
| **cross**(2) 21:9 23:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **curious**(1) 17:4 | | **doing**(3) 14:14 19:15 25:18 | | **expert**(6) 19:7 19:8 19:10 19:21 23:18 | | **golden**(2) 3:11 6:20 |
| **cutoff**(4) 11:10 11:14 13:12 18:23 | | **dolan**(1) 2:31 | | 23:22 | | **gone**(1) 12:11 |
| **daily**(1) 24:11 | | **don't**(9) 14:22 15:1 17:15 17:19 19:20 | | | | **good**(4) 6:3 6:20 29:24 30:9 |
| **daniel**(3) 3:11 3:42 3:44 9:11 | | 20:12 22:15 25:17 26:13 | | **experts**(2) 19:17 23:18 | | **gordon**(1) 7:7 |
| **data**(1) 1:33 | | | | **explain**(1) 15:19 | | **got**(2) 18:16 19:2 |
| **date**(1) 30:20 | | **done**(2) 18:21 20:13 | | **explanation**(1) 19:3 | | **gotshal**(1) 4:21 |
| **daubert**(1) 19:18 | | **douglas**(1) 2:5 | | **extensive**(1) 23:5 | | **graham**(1) 7:9 |
| **david**(13) 2:6 2:41 3:14 4:18 4:23 4:41 | | **dow**(2) 4:45 4:45 | | **extent**(3) 14:20 15:1 28:21 | | **grant**(4) 7:1 7:5 7:8 7:19 |
| 5:4 5:12 7:7 17:6 23:10 27:6 29:8 | | **down**(3) 14:11 21:2 22:9 | | **facility**(1) 16:8 | | **granted**(1) 8:10 |
| | | **draft**(1) 28:2 | | **fact**(9) 11:14 14:24 15:1 15:3 18:21 18:23 | | **great**(1) 4:34 |
| **davis**(7) 2:21 4:7 7:13 7:16 7:20 8:5 19:3 | | **drayton**(1) 4:31 | | 19:6 19:23 23:22 | | **greatest**(1) 23:6 |
| **day**(10) 17:15 17:17 18:6 20:1 24:3 24:18 | | **drill**(1) 22:9 | | | | **greco**(5) 26:11 26:11 26:16 26:21 27:3 |
| 24:22 28:20 29:4 29:10 | | **due**(4) 17:12 17:24 18:12 18:24 | | **fair**(2) 18:5 21:17 | | **greissman**(1) 4:27 |
| | | **duplication**(1) 27:12 | | **fairly**(1) 12:12 | | **gross**(1) 30:5 |
| **days**(9) 17:21 18:13 19:21 19:24 20:21 | | **during**(3) 6:23 15:14 21:14 | | **fairness**(2) 13:18 20:1 | | **guaranty**(1) 4:49 |
| 21:9 21:13 21:24 22:2 | | **each**(1) 9:22 | | **fall**(1) 25:3 | | **guess**(2) 24:16 27:19 |
| | | **earlier**(2) 18:10 24:13 | | **fargo**(1) 4:26 | | **guidelines**(1) 23:1 |
| **dbtca**(1) 2:40 | | **early**(1) 21:22 | | **feasible**(1) 18:5 | | **gump**(3) 3:10 10:17 17:7 |
| **deadline**(4) 9:3 14:14 15:4 18:13 | | **eat**(1) 29:16 | | **february**(4) 1:16 6:1 14:15 30:19 | | **had**(10) 8:21 9:10 10:12 11:6 12:1 12:22 |
| **dealt**(1) 14:19 | | **ecro**(1) 1:31 | | **feel**(1) 12:16 | | 18:8 20:20 25:16 26:3 |
| **dearborn**(1) 1:27 | | **edward**(1) 3:19 | | **feld**(2) 3:10 17:7 | | |
| **debenture**(2) 3:37 4:38 | | **effect**(1) 10:12 | | **fifteen**(2) 29:18 29:22 | | **handle**(1) 16:8 |
| **deborah**(1) 3:13 | | **efficiency**(1) 13:18 | | **figured**(1) 16:16 | | **hands**(1) 26:7 |
| **debtor**(3) 1:25 25:12 28:3 | | **efficient**(1) 12:15 | | **file**(2) 10:8 27:13 | | **happen**(1) 11:15 |
| **debtors**(10) 1:12 17:13 17:17 17:19 18:22 | | **egi-trb**(1) 3:47 | | **filed**(3) 8:21 21:22 27:7 | | **happened**(1) 11:18 |
| 19:9 19:19 20:15 21:12 26:2 | | **either**(2) 11:22 23:22 | | **filing**(1) 27:10 | | **happy**(1) 11:22 |
| | | **electronic**(2) 1:39 30:15 | | **final**(1) 30:4 | | **hard**(2) 18:14 23:19 |
| **decide**(2) 21:6 22:24 | | **eleven**(1) 22:2 | | **finger**(1) 2:16 | | **harrisburg**(1) 1:35 |
| **defendant**(1) 9:14 | | **eleventh**(1) 13:3 | | **fingers**(1) 20:15 | | **has**(6) 10:1 12:18 16:1 16:9 21:13 30:5 |
| **definitive**(1) 23:20 | | **elias**(1) 2:32 | | **first**(3) 17:23 28:7 29:13 | | **hate**(1) 12:24 29:16 |
| **definitively**(1) 16:17 | | **eliciting**(1) 24:7 | | **five**(5) 17:17 17:21 19:24 21:9 21:13 | | **hauer**(2) 3:10 17:7 |
| **delaware**(3) 1:2 1:14 6:1 | | **elliot**(2) 2:22 4:8 | | **florida**(1) 10:23 12:2 | | **have**(50) 6:9 6:12 7:12 8:22 9:17 9:18 |
| **denied**(3) 8:21 10:23 18:12 | | **else**(3) 22:5 29:6 30:22 | | **following**(2) 24:7 24:9 | | 9:18 11:13 11:14 11:16 12:9 12:23 13:21 |
| **department**(2) 5:5 15:12 | | **emails**(1) 18:18 | | **food's**(2) 26:12 26:17 | | 14:11 14:19 14:20 15:3 15:10 15:17 15:17 |
| **depend**(1) 16:23 | | **embodies**(1) 7:21 | | **for**(97) 1:2 1:25 2:4 2:16 2:25 2:30 2:40 | | 16:4 16:21 17:5 17:12 18:22 19:4 19:5 |
| **depending**(1) 25:1 | | **emergency**(2) 8:17 19:3 | | 2:46 3:4 3:36 3:37 3:41 3:47 4:4 4:11 | | 19:16 19:17 19:20 20:20 21:1 21:4 21:18 |
| **deponents**(2) 6:24 11:5 | | **employees**(1) 13:2 | | 4:17 4:21 4:26 4:30 4:34 4:38 4:45 4:49 | | 22:10 22:15 22:16 22:23 23:16 23:23 |
| **deposed**(2) 8:18 23:22 | | **end**(2) 24:11 24:24 | | 5:4 5:7 5:11 5:15 5:19 5:23 6:7 6:20 6:22 | | 24:13 24:20 25:4 25:17 25:21 26:12 26:20 |
| **deposition**(31) 6:8 6:17 6:23 7:6 7:9 7:11 | | **ended**(1) 13:5 | | 8:23 11:5 11:12 11:15 11:21 12:9 12:10 | | 28:19 29:6 30:9 |
| 7:18 7:19 8:11 8:24 9:2 9:5 9:11 9:12 | | **ends**(1) 24:19 | | 12:11 12:13 12:13 12:14 12:17 13:1 14:7 | | |
| 9:13 9:23 10:1 10:6 11:2 11:5 11:6 | | **english**(2) 2:40 5:15 | | 14:14 14:16 15:2 15:5 15:13 15:13 15:22 | | **haven't**(4) 11:21 16:16 23:18 27:1 |
| 12:14 13:11 13:14 13:19 14:12 19:1 19:6 | | **enter**(3) 12:18 12:21 26:13 | | 16:5 16:11 16:14 16:22 17:7 17:24 18:6 | | **having**(2) 11:5 14:8 |
| 19:8 19:9 28:24 | | **entered**(1) 12:8 | | 18:14 18:18 19:1 19:22 20:7 20:10 21:23 | | **hazeltine**(1) 2:36 |
| | | **entering**(1) 26:22 | | 23:2 23:7 23:11 23:17 23:18 23:19 24:7 | | **he's**(1) 9:16 |
| **depositions**(17) 7:2 11:12 11:17 13:6 14:6 | | **entertain**(1) 10:14 | | 25:7 25:8 25:9 25:10 25:11 25:20 25:22 | | **headline**(1) 17:23 |
| 14:9 14:11 14:23 15:3 18:12 18:21 19:13 | | **entire**(1) 6:21 | | 26:4 26:17 26:17 26:22 27:5 27:6 27:7 | | **hear**(6) 8:4 8:7 10:13 16:4 21:6 22:8 |
| 19:14 19:21 21:4 23:18 28:23 | | **especially**(2) 7:12 16:14 | | 27:8 27:13 27:17 27:17 28:12 29:16 29:17 29:24 | | **heard**(19) 8:3 8:5 10:17 10:22 11:21 12:1 |
| | | **esq**(55) 1:26 2:5 2:6 2:7 2:8 2:9 2:13 | | 30:6 30:7 | | 13:8 16:3 16:19 18:16 18:20 20:8 20:16 |
| **designations**(1) 28:24 | | 2:17 2:22 2:27 2:31 2:32 2:33 2:37 2:41 | | | | 22:6 22:7 23:11 25:6 29:5 30:3 |
| **determine**(1) 21:17 | | 2:42 2:43 2:47 2:48 2:49 3:5 3:6 3:11 | | **foregoing**(1) 30:14 | | |
| **deutsch**(2) 2:5 5:15 | | 3:12 3:13 3:14 3:27 3:28 3:32 3:33 3:34 | | **form**(2) 7:21 21:21 | | **hearing**(18) 6:6 9:6 10:24 11:13 15:15 |
| **develop**(2) 15:22 23:8 | | 3:38 3:42 3:44 3:48 4:8 4:12 4:13 4:14 | | **former**(1) 13:2 | | 15:23 16:11 17:19 20:22 24:3 24:8 25:8 |
| **dewey**(1) 3:31 | | 4:18 4:22 4:23 4:27 4:31 4:35 4:40 4:41 | | **forms**(1) 7:21 | | 25:22 26:22 29:4 29:10 30:8 30:11 |
| **diaz**(1) 1:33 | | 4:42 4:46 4:50 5:4 5:12 5:16 5:20 5:23 | | **forward**(2) 11:17 13:12 | | |
| **dictate**(1) 19:5 | | | | **four**(2) 6:17 21:9 | | **hearings**(1) 23:5 |
| **did**(3) 8:4 12:3 12:14 | | **esquire**(1) 3:19 | | **frank**(1) 26:11 | | **helpful**(2) 29:15 29:19 |
| **didn't**(4) 10:14 12:12 12:20 17:18 | | **estimate**(2) 21:7 27:5 | | **frankly**(2) 24:12 24:17 | | **her**(1) 10:22 |
| **different**(2) 14:3 28:8 | | **estimating**(1) 28:10 | | **free**(2) 24:6 24:9 | | **here**(2) 15:5 16:12 |
| **diligently**(2) 19:17 21:2 | | **even**(2) 17:20 19:12 | | **friday**(1) 6:1 | | **herein**(1) 12:7 |
| **direct**(1) 21:9 | | **evening**(1) 24:17 | | **friedman**(5) 3:17 3:19 4:39 6:11 6:11 | | **highly**(1) 11:4 |
| **disclosure**(1) 27:10 | | **events**(1) 18:9 | | 15:12 18:17 19:3 20:9 20:14 21:7 21:14 | | **him**(1) 15:19 |
| **discover**(1) 18:19 | | **every**(1) 24:22 | | 24:21 29:11 30:15 | | **his**(2) 23:22 23:22 |
| **discovery**(15) 8:16 9:3 11:10 11:14 12:5 | | **everybody**(2) 15:22 24:20 | | | | **honor**(54) 6:11 6:14 7:14 8:1 8:12 8:14 |
| 12:19 12:22 13:1 13:11 13:12 14:24 15:4 18:23 | | **everyone**(5) 6:3 12:9 12:17 21:4 30:9 | | **full**(1) 27:9 | | 9:1 9:10 9:21 10:16 10:19 10:23 11:7 |
| 19:17 20:13 21:4 | | **evidence**(1) 21:5 | | **further**(6) 7:2 15:5 22:4 22:8 29:3 30:6 | | 11:9 11:11 11:19 11:20 13:6 13:7 13:20 |
| | | **evidentiary**(1) 23:9 | | **gabriel**(1) 7:13 | | 13:23 14:2 14:7 17:3 17:6 17:10 17:24 |
| **discuss**(1) 24:4 | | **examination**(1) 23:17 | | **gabrielle**(2) 7:15 7:16 | | 18:5 18:14 19:16 19:23 20:5 20:6 20:12 |
| **discussed**(2) 10:9 19:19 | | **examinations**(1) 21:9 | | **garvan**(1) 3:38 | | 20:17 20:19 20:23 21:8 21:24 22:2 22:13 |
| **discussion**(4) 18:4 19:8 19:22 23:15 | | **example**(2) 23:17 23:18 | | **gathering**(1) 30:7 | | 23:10 25:16 26:1 26:13 26:21 27:6 28:10 |
| **discussions**(5) 16:21 17:5 20:20 21:14 30:6 | | **except**(1) 6:24 | | **geddes**(1) 3:4 | | 28:17 29:8 29:10 29:20 29:20 30:1 30:10 |
| **disposed**(1) 10:10 | | **exchange**(1) 17:24 | | **generally**(2) 12:5 17:5 | | |
| **dispute**(1) 10:2 | | **exchanged**(1) 22:16 | | **gentilotti**(1) 3:37 | | **honor's**(1) 19:12 |
| **district**(2) 1:2 8:19 | | **exclude**(3) 28:4 28:5 28:6 | | **get**(3) 9:20 17:20 18:3 | | **honorable**(1) 1:20 |
| **docket**(2) 1:10 28:8 | | **exhibits**(5) 9:12 11:3 13:19 14:12 28:24 | | **getting**(1) 23:16 | | **hour**(3) 13:4 27:8 28:12 |
| **documents**(8) 9:18 9:22 12:10 14:1 14:4 | | **expand**(1) 14:24 | | **give**(3) 10:7 23:19 29:18 | | **hours**(2) 14:9 14:12 |
| 14:14 18:12 18:17 | | **expansion**(1) 15:6 | | **given**(2) 11:16 14:5 | | **how**(10) 16:10 20:3 21:5 21:18 21:17 22:3 |
| | | **expectation**(1) 29:12 | | **goals**(1) 23:2 | | 22:6 22:17 24:16 25:21 |
| **does**(3) 22:5 25:4 25:13 | | **expected**(1) 14:17 | | **going**(7) 7:1 7:5 7:7 9:23 18:7 20:4 20:5 | | **howard**(3) 2:8 7:9 7:14 |
| **doesn't**(4) 9:17 10:7 12:17 26:11 | | | | | | |

| Word | Page:Line |
|---|---|
| i'd(6) | 7:20 11:22 15:16 15:21 22:23 25:7 |
| i'll(6) | 7:18 15:14 22:3 22:21 23:4 24:5 |
| i'm(14) | 7:1 7:5 14:10 14:21 15:6 15:7 17:2 24:2 24:12 24:19 26:11 26:15 27:23 28:1 |
| i've(2) | 7:8 8:10 |
| illinois(2) | 8:20 10:5 |
| imagine(1) | 27:8 |
| immediately(1) | 11:7 |
| important(2) | 9:9 23:6 |
| inappropriate(1) | 11:4 |
| inclined(4) | 15:7 24:13 24:17 29:11 |
| include(1) | 25:11 |
| includes(1) | 18:17 |
| including(2) | 14:13 18:10 |
| indicated(1) | 20:20 |
| indiscernible(1) | 26:14 |
| information(1) | 9:18 |
| informing(1) | 21:20 |
| instances(1) | 10:23 |
| intend(1) | 11:3 15:1 |
| intended(1) | 15:5 |
| interest(1) | 27:9 |
| into(5) | 12:22 12:24 13:3 15:14 29:16 |
| invitation(1) | 13:5 |
| issue(12) | 8:16 8:17 9:7 10:19 10:20 12:2 13:17 13:17 20:13 22:6 27:11 28:18 |
| issues(8) | 12:5 14:18 17:14 21:3 21:6 22:11 27:18 28:21 |
| it's(17) | 9:3 9:8 10:2 10:4 11:16 12:15 13:4 14:16 14:18 18:9 18:12 20:10 23:10 23:19 24:8 28:7 29:8 |
| items(1) | 26:3 |
| its(1) | 9:5 |
| itself(1) | 29:10 |
| james(4) | 2:13 3:33 20:6 22:13 |
| jared(1) | 2:32 |
| jean-marie(2) | 2:47 4:14 |
| jenner(1) | 3:47 |
| jim(2) | 25:15 28:18 |
| jimmy(1) | 19:1 |
| johnston(1) | 3:33 |
| join(1) | 11:22 |
| joint(1) | 17:11 |
| jointly(1) | 1:9 |
| jones(2) | 4:45 4:45 |
| joseph(2) | 2:42 4:31 |
| joshua(1) | 3:34 |
| judge(8) | 1:21 6:4 6:10 10:12 10:14 12:8 30:5 |
| judges(1) | 14:19 |
| jurisdiction(1) | 11:6 |
| just(13) | 8:17 10:14 10:20 12:15 13:8 14:16 17:4 19:5 20:22 25:10 25:13 28:15 |
| kansa(4) | 1:26 26:1 26:1 26:10 |
| kaplan(1) | 3:17 |
| kasowitz(1) | 4:38 |
| katharine(1) | 2:43 |
| kathleen(1) | 5:23 |
| kaye(1) | 4:30 |
| kazan(6) | 9:11 9:22 13:23 14:4 18:10 |
| kazan's(1) | 12:14 |
| keep(1) | 15:18 |
| kelley(1) | 4:4 |
| ken(1) | 26:1 |
| kenneth(1) | 6:19 |
| kennth(1) | 1:26 |
| kevin(1) | 1:20 4:4 |
| kind(2) | 17:23 29:21 |
| king(1) | 2:18 |
| kjc(1) | 1:7 |
| klauder(1) | 5:4 |

| Word | Page:Line |
|---|---|
| klayman(7) | 5:20 8:14 8:14 10:4 10:11 13:7 13:7 |
| knapp(6) | 5:19 8:15 8:17 8:21 9:14 13:18 |
| knapp's(1) | 13:10 |
| know(12) | 8:16 9:14 12:16 13:2 17:4 17:10 17:15 19:21 23:2 24:10 24:23 26:13 |
| known(1) | 30:5 |
| korpus(1) | 4:40 |
| kramer(2) | 4:17 4:17 |
| kulnis(1) | 6:18 |
| kurtz(4) | 18:24 23:21 28:5 28:8 |
| lang(1) | 6:19 |
| large(1) | 20:8 |
| largest(1) | 16:7 |
| last(2) | 19:2 20:20 |
| late(2) | 12:13 24:16 |
| later(3) | 18:1 18:6 20:2 |
| laurie(1) | 2:26 |
| law(2) | 3:37 4:38 |
| layton(1) | 2:16 |
| lead(1) | 19:9 |
| leads(1) | 6:22 |
| least(3) | 21:13 22:11 22:23 23:1 29:1 |
| leave(2) | 27:14 30:4 |
| leboeuf(1) | 3:31 |
| lee(1) | 19:1 |
| lee_anne(1) | 3:5 |
| left(6) | 10:15 13:17 18:21 19:14 19:21 |
| lemay(1) | 2:6 |
| lenders(2) | 20:15 21:12 |
| lenders/oaktree(1) | 3:27 |
| length(3) | 20:16 20:21 21:15 |
| lengthy(2) | 26:7 29:16 |
| less(1) | 27:7 |
| let(10) | 6:8 6:9 6:16 22:3 22:9 23:3 24:3 25:12 25:20 30:5 |
| let's(4) | 16:20 24:1 24:3 25:19 |
| letter(2) | 10:21 12:12 |
| levin(2) | 4:17 4:17 |
| lewis(1) | 4:34 |
| light(2) | 18:5 19:23 |
| like(14) | 7:20 9:1 12:10 12:16 14:21 15:8 15:21 18:4 19:22 22:23 23:1 25:3 25:7 28:7 |
| likely(4) | 16:15 20:21 21:12 21:16 |
| limine(5) | 17:1 22:24 25:12 28:4 28:19 |
| limit(1) | 29:21 |
| limitations(1) | 13:13 |
| limited(4) | 7:1 9:5 15:2 20:17 |
| limiting(2) | 13:14 13:22 |
| line(1) | 25:2 |
| list(1) | 23:21 |
| listed(2) | 25:13 25:22 |
| listening(1) | 24:18 |
| lists(1) | 18:1 |
| litigant(1) | 9:16 |
| little(7) | 7:1 20:14 20:22 22:9 23:19 24:24 25:1 |
| litvack(1) | 4:23 |
| llc(1) | 3:47 |
| llp(13) | 1:25 2:4 2:25 2:40 2:46 3:18 3:47 4:7 4:11 4:21 4:26 4:30 4:34 |
| local(1) | 15:18 |
| location(2) | 16:5 16:12 |
| locked(1) | 14:11 |
| long(5) | 21:5 21:8 21:18 22:6 22:17 |
| looking(2) | 22:1 28:1 |
| looks(1) | 28:7 |
| losquadro(2) | 5:8 5:8 |
| lugano(1) | 1:31 |
| lunch(1) | 24:22 |
| lynch(2) | 2:25 4:30 |
| major(1) | 23:15 |
| make(3) | 16:17 25:13 29:23 |

| Word | Page:Line |
|---|---|
| makes(1) | 12:9 |
| making(1) | 23:7 |
| managemen(5) | 3:5 3:22 5:7 17:11 27:14 |
| manges(1) | 4:21 |
| many(1) | 16:10 |
| marc(1) | 2:7 |
| march(16) | 19:4 19:10 21:14 24:8 25:9 25:11 25:13 25:14 25:20 25:23 26:4 26:5 26:12 26:18 27:1 27:5 |
| mark(1) | 23:1 |
| market(1) | 1:13 |
| martin(1) | 2:33 |
| materially(1) | 14:3 |
| matter(6) | 9:6 9:6 10:2 26:6 27:4 30:16 |
| matters(5) | 6:10 6:12 15:8 25:13 25:22 |
| matthew(2) | 3:23 4:42 |
| mauceri(1) | 4:35 |
| may(13) | 10:17 10:18 10:20 13:8 15:20 16:2 16:23 19:22 20:7 20:16 24:23 29:9 29:10 |
| maye(1) | 2:43 |
| mayer(2) | 2:46 4:11 |
| mccarter(2) | 2:40 5:15 |
| mccormack(8) | 2:9 6:14 6:14 8:1 8:1 8:7 8:9 8:12 |
| mcdaniek(1) | 3:38 |
| mean(2) | 26:21 28:24 |
| meaning(1) | 16:6 |
| measure(1) | 20:1 |
| meet(1) | 19:4 |
| meeting(1) | 15:18 |
| members(1) | 7:12 |
| memo(1) | 18:3 |
| memorandum(2) | 17:12 21:21 |
| mention(1) | 18:20 |
| merrill(2) | 2:25 4:30 |
| mester(1) | 3:34 |
| michael(2) | 2:49 4:12 |
| mid-afternoon(1) | 24:23 |
| mid-morning(1) | 24:23 |
| midst(1) | 19:7 |
| mind(2) | 18:7 29:19 |
| minded(1) | 22:18 |
| minute(3) | 13:4 17:2 25:7 |
| minutes(3) | 10:13 29:18 29:22 |
| miriam(1) | 6:18 |
| missed(1) | 8:3 |
| modify(1) | 12:7 |
| moment(2) | 22:12 23:11 |
| monday(2) | 17:12 18:3 18:6 18:7 |
| mondova(3) | 19:10 28:5 28:8 |
| more(1) | 12:15 |
| morgan(5) | 2:16 4:4 4:21 4:34 5:11 |
| morning(1) | 12:13 |
| moskowitz(2) | 2:22 4:8 |
| most(1) | 23:6 |
| motion(22) | 7:19 8:20 8:21 10:6 10:8 10:10 10:13 10:15 10:22 10:24 12:1 19:18 26:6 26:12 26:16 27:7 27:13 28:4 28:5 28:6 28:14 28:15 |
| mouthful(1) | 20:9 |
| movant(1) | 26:8 |
| move(2) | 15:8 25:14 |
| much(4) | 22:18 22:21 24:19 25:21 |
| myers(1) | 3:41 |
| narrow(1) | 21:2 |
| natural(1) | 25:3 |
| necessary(3) | 14:22 27:14 29:2 |
| need(8) | 8:7 11:12 11:18 14:24 17:14 24:14 26:22 29:7 |
| needed(2) | 12:21 16:18 |

| Word | Page:Line |
|---|---|
| needless(1) | 17:12 |
| needs(1) | 21:6 |
| negotiating(2) | 8:22 19:20 |
| neil(2) | 5:8 5:8 |
| new(1) | 15:7 |
| newman(1) | 3:13 |
| news(1) | 4:45 |
| next(4) | 8:19 12:22 21:22 25:8 |
| niese(4) | 7:13 7:15 7:20 8:5 |
| night(1) | 19:2 |
| nights(1) | 24:24 |
| nine(1) | 19:17 |
| none(1) | 6:12 |
| normally(1) | 16:7 |
| northern(1) | 8:19 |
| not(34) | 6:23 6:24 7:3 7:16 8:4 9:6 9:6 10:1 10:12 10:24 11:4 11:5 11:21 12:3 12:4 13:4 13:24 14:10 15:5 15:6 15:7 16:8 17:16 17:17 17:20 18:7 18:8 19:6 19:15 23:7 24:2 24:13 26:6 29:21 |
| noteholder(1) | 27:21 28:3 |
| noteholders(3) | 8:18 8:22 21:15 |
| nothing(1) | 12:7 |
| notice(1) | 19:2 |
| notion(1) | 25:21 |
| novod(3) | 7:7 8:5 8:9 |
| now(9) | 6:2 7:10 16:1 16:2 17:16 17:19 24:10 24:15 25:22 |
| number(4) | 14:6 14:6 28:8 28:23 |
| numerous(1) | 11:12 |
| o'conner(2) | 5:19 8:15 |
| o'melveny(1) | 3:41 |
| objection(4) | 25:17 26:12 26:18 26:19 |
| objections(1) | 28:23 |
| obviously(2) | 21:4 21:20 |
| occupied(1) | 16:15 |
| occurred(1) | 6:23 |
| off(3) | 11:14 14:21 15:2 |
| often(1) | 23:5 |
| okay(16) | 16:4 16:20 22:8 25:7 25:19 26:9 26:21 27:3 27:4 27:21 28:11 28:14 28:15 29:6 29:20 30:4 |
| omnibus(2) | 25:9 26:4 |
| one(10) | 1:27 2:18 6:23 9:8 9:9 21:24 26:5 28:7 28:7 28:9 |
| ones(1) | 29:16 |
| only(6) | 10:5 10:12 13:17 14:1 19:6 26:3 |
| open(2) | 13:5 27:18 |
| opening(3) | 29:9 29:11 29:14 29:15 |
| operator(1) | 8:2 |
| opportunity(2) | 18:8 29:17 |
| oppose(1) | 13:24 |
| opposed(1) | 29:15 |
| order(25) | 7:21 7:23 9:1 11:1 11:9 11:12 11:19 12:11 12:21 12:23 13:1 13:11 13:16 13:22 15:4 15:19 17:11 19:14 21:16 22:2 26:14 26:22 27:15 28:20 28:22 |
| ordered(3) | 9:10 9:21 13:23 |
| orders(1) | 7:23 11:15 14:21 |
| other(14) | 8:13 9:6 14:2 15:8 16:6 16:13 17:14 20:3 20:10 23:14 23:20 24:13 24:14 26:5 |
| others(1) | 15:13 |
| ought(2) | 28:15 28:24 |
| our(18) | 6:6 12:1 12:9 12:17 12:23 14:8 15:12 16:8 18:1 19:15 19:18 20:15 21:7 21:8 22:19 23:15 23:16 23:16 |
| ours(1) | 26:6 |
| ourselves(1) | 25:17 |
| out(4) | 16:16 20:22 23:1 29:1 |
| outside(5) | 15:3 15:20 19:6 19:7 19:11 |
| outstanding(1) | 6:7 |

| Word | Page:Line |
|------|-----------|
| over(2) 11:6  28:20 | |
| own(1) 23:3 | |
| p.a(1) 3:4 | |
| p.m(3) 1:17  6:1  30:11 | |
| pages(1) 14:15 | |
| parke(1) 2:4 | |
| part(3) 16:23  18:4  23:20 | |
| particular(2) 25:1  25:2 | |
| particularly(2) 12:10  26:7 | |
| parties(20) 9:7  11:13  11:16  12:22  14:13 | |
| 14:20  15:1  15:21  16:21  19:20  21:1  21:19 | |
| 22:23  23:3  23:5  24:4  24:6  25:21  29:1 | |
| 29:18 | |
| partnership(1) 26:17 | |
| pass(1) 30:6 | |
| past(1) 17:15 | |
| pay(1) 24:20 | |
| peg(1) 4:46 | |
| pennsylvania(1) 1:35 | |
| pension(1) 4:49 | |
| people(4) 9:12  13:6  16:11  18:23 | |
| per(2) 29:21  29:24 | |
| period(2) 11:11  16:14 | |
| permission(1) 15:3 | |
| permit(1) 7:18 | |
| permits(1) 13:1 | |
| persona(1) 5:7 | |
| peter(2) 5:19  8:15 | |
| petitions(1) 27:23 | |
| phone(1) 8:3 | |
| place(2) 9:2  14:9 | |
| plan(3) 18:18  21:12  29:22 | |
| planned(1) 13:14 | |
| planning(1) 26:13 | |
| point(9) 11:23  15:8  19:16  19:24  20:14 | |
| 20:17  22:24  23:3  24:6 | |
| pointing(1) 20:11 | |
| polk(3) 2:21  4:7  19:3 | |
| position(3) 14:3  14:8  29:1 | |
| possibility(1) 28:22 | |
| possible(1) 23:24 | |
| potter(1) 2:25 | |
| power(1) 12:18 | |
| pre-trial(6) 17:11  18:3  21:21  27:18  28:20 | |
| 28:22 | |
| predict(1) 16:10 | |
| prefer(1) 15:16 | |
| prepare(1) 9:13 | |
| prepared(1) 24:2 | |
| present(2) 22:19  22:22 | |
| presentation(1) 16:22 | |
| presentations(2) 21:3  23:9 | |
| presented(2) 21:7  21:11 | |
| presently(2) 24:8  25:20 | |
| pretty(1) 24:19 | |
| primary(1) 6:6 | |
| probable(1) 20:16 | |
| probably(2) 22:1  24:22 | |
| problem(1) 23:16 | |
| proceed(2) 11:10  22:4 | |
| proceeding(2) 6:5  9:15 | |
| proceedings(5) 1:19  1:39  9:19  13:15  30:16 | |
| process(1) 15:23 | |
| produce(2) 11:2  14:14 | |
| produced(4) 1:40  9:18  9:19  13:13 | |
| product(1) 14:8 | |
| proffered(1) 27:12 | |
| proponent(1) 29:22 | |
| proponents(1) 21:11 | |
| propose(1) 13:15 | |
| proposing(1) 19:18 | |
| propria(1) 5:7 | |
| provide(3) 9:12  13:12  28:3 | |
| provided(2) 9:4  9:22 | |
| providing(1) 13:18 | |
| provision(1) 12:6 | |
| provisions(1) 15:6 | |

| Word | Page:Line |
|------|-----------|
| prowlen(1) 5:12 | |
| purpose(1) 6:6 | |
| purposes(1) 17:24 | |
| pursued(1) 19:17 | |
| pushed(1) 11:14 | |
| put(8) 13:15  14:8  19:22  21:8  21:18  24:2 | |
| 24:5  28:1 | |
| quash(18) 6:8  7:6  7:6  7:8  7:9  7:11  7:19  8:11 | |
| 8:20  10:6  10:10  10:13  10:15  10:22  11:1 | |
| 11:7  12:3  14:20  18:11 | |
| question(7) 7:12  7:22  16:1  16:18  23:13 | |
| 25:16  28:20 | |
| questioning(1) 25:2 | |
| questions(3) 8:13  24:10  25:5 | |
| quickly(1) 13:8 | |
| qureshi(9) 3:12  10:16  10:16  10:19  12:20 | |
| 13:20  13:21  18:16  18:20 | |
| r-e-b-e-c-k(1) 15:11 | |
| rachel(1) 4:35 | |
| raise(1) 18:4 | |
| raised(5) 10:13  10:24  11:4  14:19  25:16 | |
| raport(1) 3:5 | |
| rather(2) 20:8  25:3 | |
| reach(1) 24:4 | |
| reaction(1) 18:9 | |
| read(3) 6:17  6:20  28:7 | |
| real(1) 18:9 | |
| realize(1) 23:3 | |
| really(6) 9:17  10:12  13:17  21:6  21:20 | |
| reason(1) 20:10 | |
| reasonable(1) 13:24 | |
| reasonably(2) 22:19  22:22 | |
| reasons(1) 12:14 | |
| rebeck(3) 15:11  15:18  16:12 | |
| rebuttal(3) 13:8  21:24  27:11 | |
| received(3) 15:9  16:5  24:10 | |
| record(2) 6:4  23:7 | |
| recorded(1) 1:39 | |
| recording(2) 1:39  30:15 | |
| reference(1) 6:8 | |
| reflects(1) 6:23 | |
| regard(3) 8:3  8:4  8:5 | |
| regarding(3) 8:23  13:10  26:16 | |
| reilly(1) 5:16 | |
| related(2) 1:10  8:16 | |
| relatively(1) 15:23 | |
| relief(4) 7:1  10:8  11:6  15:7 | |
| remain(1) 14:7 | |
| remaining(1) 7:10 | |
| remains(1) 14:5 | |
| remote(3) 16:5  16:5  16:12 | |
| repeat(1) 26:15 | |
| reports(1) 27:11 | |
| represent(2) 8:15  13:2 | |
| representative(1) 15:18 | |
| request(5) 7:6  7:8  7:8  8:10  16:5 | |
| requests(4) 7:10  15:9  15:13  15:17 | |
| require(2) 20:1  27:9 | |
| required(3) 22:19  22:22  25:21 | |
| requirement(1) 11:2 | |
| reserved(1) 12:5 | |
| resolved(2) 6:10  6:12 | |
| respect(15) 5:7  9:11  10:6  10:21  11:9  12:15 | |
| 12:23  13:23  14:1  14:10  14:23  25:12  27:4 | |
| 28:22  29:4 | |
| respectfully(1) 11:11 | |
| respective(1) 22:20 | |
| respectively(1) 14:20 | |
| response(9) 16:3  16:4  16:19  20:8  22:7 | |
| 22:8  25:6  29:5  30:3 | |
| responses(1) 22:10 | |
| result(3) 13:14  15:22  18:22 | |
| rethink(1) 21:5 | |

| Word | Page:Line |
|------|-----------|
| review(1) 6:21 | |
| richards(1) 2:16 | |
| right(9) 6:13  6:16  6:20  23:7  24:1  27:16 | |
| 28:15  29:3  29:12 | |
| rob(1) 15:11 | |
| robert(2) 2:17  3:28 | |
| rodney(1) 2:7 | |
| roitman(1) 2:7 | |
| roll(1) 18:13 | |
| rosner(1) 4:41 | |
| round(1) 20:22 | |
| rudnick(1) 2:30 | |
| rule(2) 6:7  7:10  12:4 | |
| ruled(1) 10:5 | |
| ruling(4) 8:19  10:15  18:10  19:13 | |
| rulings(3) 7:22  17:1  18:11 | |
| saavedra(1) 4:22 | |
| said(1) 12:20 | |
| same(5) 9:10  9:21  10:20  10:20  11:8  12:13 | |
| 27:11  27:13 | |
| sanity(1) 19:24 | |
| say(7) 6:17  10:4  14:2  17:12  18:16  24:21 | |
| 27:13 | |
| saying(1) 22:10 | |
| says(1) 12:7 | |
| schedule(2) 14:5  14:7 | |
| scheduled(9) 8:18  10:7  19:1  24:8  25:8 | |
| 25:9  25:11  26:3  27:5 | |
| scheduling(4) 16:20  17:24  19:8  27:19 | |
| scholer(1) 4:30 | |
| schuylkill(1) 1:34 | |
| scope(2) 21:2  21:16 | |
| scott(1) 4:27 | |
| seal(1) 28:15 | |
| secondly(1) 11:9  12:20 | |
| see(7) 7:1  9:20  12:24  13:4  15:21  24:4 | |
| seek(2) 10:8  13:6 | |
| seeking(1) 9:9 | |
| seen(1) 27:1 | |
| seife(5) 2:8  7:9  7:14  7:14  8:3 | |
| seiler(1) 3:17 | |
| selber(1) 2:26 | |
| sense(2) 12:9  25:13 | |
| sent(2) 10:21  12:12 | |
| separate(2) 28:5  29:23 | |
| separately(1) 11:22 | |
| service(2) 1:33  1:40 | |
| services(1) 1:33 | |
| session(1) 6:2 | |
| set(4) 21:13  24:2  25:20  26:17 | |
| setting(1) 16:12 | |
| settlement(1) 18:18 | |
| seven(1) 19:21 | |
| several(1) 15:9 | |
| shall(1) 12:7 | |
| shamah(1) 3:44 | |
| shape(1) 12:6 | |
| shapiro(1) 18:24 | |
| shared(1) 21:18 | |
| sheets(1) 18:18 | |
| sheron(1) 4:40 | |
| shoot(1) 23:1 | |
| should(10) 7:22  11:1  12:19  14:18  16:6 | |
| 22:9  23:2  23:6  27:7  29:20 | |
| show(1) 16:11 | |
| side(4) 21:7  23:14  29:21  29:24 | |
| sidley(1) 1:25  26:1 | |
| siegel(1) 2:33 | |
| sign(2) 14:21  15:2 | |
| signed(1) 13:16 | |
| significant(1) 9:8 | |
| silverstein(1) 2:26 | |
| simes(2) 2:49  4:12 | |
| similar(1) 21:16 | |

| Word | Page:Line |
|------|-----------|
| simply(5) 11:4  11:18  12:3  20:14  22:16 | |
| since(1) 18:6 | |
| sit(1) 16:7 | |
| sitting(2) 15:10  24:18 | |
| situation(1) 19:12 | |
| slices(1) 24:14 | |
| smith(1) 6:19 | |
| smooth(1) 15:23 | |
| some(8) 8:23  12:24  18:21  23:1  24:5  24:24 | |
| 29:1  29:17 | |
| someone(1) 16:9 | |
| someplace(1) 16:6 | |
| something(3) 14:9  19:14  22:1 | |
| soon(1) 23:23 | |
| sorry(4) 19:3  26:11  26:15  27:23 | |
| sort(1) 12:24 | |
| sottile(8) 2:13  20:6  20:6  20:12  20:19 | |
| 22:13  22:13  23:15 | |
| sought(2) 11:5  11:15 | |
| sound(2) 1:39  30:15 | |
| south(1) 1:27 | |
| spaeder(2) 2:12  20:7 | |
| speak(1) 20:13 | |
| speaking(1) 8:2 | |
| special(1) 20:7 | |
| specific(3) 11:5  12:6  14:23 | |
| specifically(4) 7:3  8:23  12:4  22:15 | |
| square(1) 2:18 | |
| stand(1) 20:7 | |
| stanley(2) 4:21  5:11 | |
| stargatt(1) 3:26 | |
| start(7) 18:6  20:21  24:8  24:11  24:12  24:13 | |
| 29:12 | |
| started(2) 17:15  23:15 | |
| statement(2) 29:11  29:23 | |
| statements(2) 29:14  29:15 | |
| states(3) 1:1  1:21  5:4 | |
| status(1) 28:19 | |
| stearn(1) 2:17 | |
| stein(1) 4:42 | |
| still(3) 10:2  21:17  30:6 | |
| stop(1) 22:3 | |
| story(1) 20:22 | |
| strauss(3) 3:10  17:7 | |
| street(2) 1:13  1:34 | |
| subject(1) 19:18 | |
| submit(3) 7:21  9:1  11:11 | |
| submitted(2) 6:18  11:15  26:18 | |
| subpoena(2) 12:3  13:5 | |
| subpoenas(6) 6:8  7:6  7:9  7:11  7:20  8:11 | |
| such(4) 11:2  17:5  18:23  23:21 | |
| sufficient(3) 10:7  11:16  28:12 | |
| sullivan(2) 2:36  2:37 | |
| supplement(2) 20:14  27:10 | |
| supposed(2) 28:19 | |
| sure(4) 14:10  17:20  24:20  27:8 | |
| surprise(1) 17:16 | |
| take(18) 9:2  11:24  14:9  16:15  18:24  19:4 | |
| 19:5  19:9  21:5  21:8  21:12  21:18  22:6 | |
| 22:10  22:17  24:22  24:22  29:11 | |
| taken(1) 23:19 | |
| takes(1) 24:19 | |
| taking(2) 9:12  14:12 | |
| talk(7) 16:20  17:1  18:8  24:1  25:7  29:1 | |
| talked(3) 14:23  22:10  22:15 | |
| talking(1) 29:22 | |
| talks(2) 17:15  18:1 | |
| taylor(1) 3:26 | |
| technology(1) 15:13 | |
| telephonic(6) 1:23  2:1  3:1  4:1  5:1  6:6 | |
| tell(4) 6:21  23:5  23:5  24:6 | |
| telling(2) 16:10  18:22 | |
| ten(3) 18:21  22:2  29:18 | |
| tend(2) 23:3  25:3 | |
| tentative(1) 23:1 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **term**(1) 18:18 | | **the**(301) 1:1  1:2  1:20  2:4  6:2  6:3  6:4  6:4 | | **think**(23) 6:19  9:3  11:4  11:16  12:15  12:21 | | **view**(4) 12:9  12:17  20:15  23:20 | |
| **terms**(5) 13:18  14:4  21:9  22:6  24:15 | | 6:6  6:7  6:12  6:13  6:16  6:17  6:18  6:20 | | 14:22  15:16  17:18  17:19  17:23  19:20 | | **views**(4) 7:5  20:15  21:19  22:16 | |
| **testimony**(7) 9:4  21:24  24:21  28:4  28:5 | | 6:21  6:22  6:23  6:24  6:24  6:24  7:6  7:6  7:7 | | 21:17  21:23  21:24  22:15  22:15  23:2  25:1 | | **virtually**(1) 16:10 | |
| 28:6  29:17 | | 7:8  7:9  7:10  7:11  7:12  7:18  7:18  7:19 | | 26:5  28:9  29:14  29:24 | | **waltz**(5) 5:23  10:21  11:21  12:10  12:24 | |
| | | 7:19  7:23  8:3  8:7  8:10  8:10  8:11  8:13 | | | | **want**(7) 12:12  13:4  15:2  15:19  20:12 | |
| **than**(9) 14:3  16:6  18:6  18:6  20:3  20:10  24:15 | | 8:18  8:19  8:22  8:23  9:2  9:2  9:4  9:5  9:7 | | **third**(1) 9:7 | | 28:21  29:18 | |
| 25:4  27:8  27:9 | | 9:9  9:10  9:11  9:12  9:12  9:12  9:13  9:13 | | **this**(35) 5:3  6:11  6:14  6:17  7:14  8:14  9:6 | | | |
| | | 9:15  9:17  9:19  9:20  9:22  9:23  10:1  10:3 | | 10:8  10:9  10:16  11:12  11:21  11:22  12:6 | | **wanted**(3) 8:15  20:14  20:22 | |
| **thane**(1) 6:19 | | 10:4  10:6  10:6  10:9  10:10  10:10  10:10 | | 12:13  12:21  13:3  13:7  14:6  15:7  15:16 | | **wants**(2) 16:1  24:20 | |
| **thank**(9) 6:16  8:12  10:19  11:19  13:6 | | 10:13  10:14  10:15  10:15  10:18  10:20 | | 17:16  17:17  18:9  18:10  19:16  19:24  23:3 | | **wardwell**(2) 2:21  4:7 | |
| 14:17  30:1  30:7  30:10 | | 10:20  10:22  10:24  10:24  11:1  11:2  11:2 | | 24:2  24:5  24:5  25:15  28:2  28:18  30:8 | | **was**(26) 6:20  6:20  8:19  8:21  9:3  9:7  9:15 | |
| | | 11:3  11:6  11:6  11:8  11:10  11:10  11:13 | | | | 10:9  10:11  10:12  10:22  10:23  10:24  10:24 | |
| **that**(157) 6:18  6:22  6:22  7:3  7:11  7:21 | | 11:13  11:14  11:16  11:24  12:1  12:2  12:3 | | **thomas**(1) 2:9 | | 11:4  12:2  13:9  17:18  19:1  19:19  20:8 | |
| 8:17  8:21  8:21  8:24  8:24  9:2  9:4  9:5  9:7 | | 12:4  12:10  12:13  12:18  12:18  12:18  13:14 | | **thornburg**(1) 5:11 | | 26:13  26:17  28:9  29:12  30:11 | |
| 9:9  9:10  9:11  9:13  9:15  9:18  9:21  9:22 | | 13:3  13:3  13:11  13:12  13:13  13:13  13:14 | | **those**(16) 6:9  7:2  7:5  7:22  11:17  12:5 | | | |
| 9:23  10:1  10:11  10:14  10:22  10:24  11:1 | | 13:14  13:16  13:17  13:19  13:19  13:22 | | 13:6  13:16  15:3  16:8  16:17  17:14  23:2 | | **wasn't**(1) 10:13 | |
| 11:2  11:3  11:5  11:6  11:11  11:15  11:16 | | 13:22  14:1  14:1  14:4  14:5  14:6  14:7 | | 26:5  28:9  28:13 | | **way**(6) 15:16  16:9  16:10  24:2  24:5  28:2 | |
| 11:17  11:18  12:4  12:4  12:5  12:7  12:12 | | 14:11  14:12  14:13  14:13  14:14  14:15 | | | | **wayne**(1) 6:19 | |
| 12:13  12:14  12:14  12:17  12:23  12:24  13: | | 14:16  14:16  14:18  14:19  14:19  14:20 | | **though**(1) 19:21 | | **we'd**(1) 11:11 | |
| 13:3  13:5  13:9  13:11  13:13  13:24  14:2 | | 14:21  14:23  14:24  15:1  15:1  15:2  15:3 | | **thought**(2) 24:16  30:5 | | **we'll**(6) 17:1  21:20  24:22  24:24  27:10 | |
| 14:5  14:7  14:10  14:17  14:18  14:19  14:22 | | 15:4  15:4  15:6  15:6  15:9  15:10  15:11 | | **three**(7) 6:7  6:9  6:12  7:11  7:12  12:11  19: | | **we're**(12) 6:4  8:21  9:20  11:20  17:24  19:7 | |
| 14:22  14:23  15:1  15:22  16:1  16:14  16:16 | | 15:21  15:23  16:4  16:6  16:6  16:7  16:12 | | **through**(3) 15:23  18:2  18:19 | | 19:8  19:12  25:11  25:19  28:19  29:21 | |
| 16:18  16:23  16:23  17:2  17:8  17:13  17:14 | | 16:13  16:14  16:20  16:21  16:21  17:1  17:1 | | **time**(23) 10:7  10:20  16:14  16:22  17:18 | | | |
| 17:17  17:21  18:3  18:5  18:13  18:14  18:16 | | 17:4  17:9  17:11  17:11  17:13  17:13  17:14 | | 18:3  18:9  19:19  22:2  22:16  22:19  22:21 | | **we've**(7) 8:24  14:23  15:9  18:19  24:10 | |
| 18:17  18:19  18:20  19:1  19:5  19:6  19:9 | | 17:15  17:17  17:18  17:18  17:19  17:21 | | 23:4  23:16  24:11  24:11  24:14  25:4  25:21 | | 26:4  26:18 | |
| 19:13  19:15  19:19  19:23  20:1  20:3  20:16 | | 17:22  17:22  17:23  18:1  18:2  18:4  18:6 | | 27:5  27:19  29:1  29:16 | | | |
| 20:20  20:22  21:7  21:10  21:11  21:13  21:15 | | 18:10  18:10  18:11  18:11  18:13  18:14 | | | | **week**(10) 8:19  12:22  17:21  18:10  21:14 | |
| 21:15  21:19  21:20  22:9  22:9  22:22  22:10 | | 18:17  18:18  18:18  18:18  18:19  18:22 | | **timing**(1) 18:2 | | 21:22  24:7  24:9  24:9  25:8 | |
| 22:18  23:3  23:4  23:6  23:7  23:8  23:20 | | 18:23  18:24  19:6  19:7  19:7  19:8  19:9 | | **today**(10) 6:7  7:1  8:17  9:3  15:11  18:1 | | | |
| 23:23  24:4  24:18  24:24  25:5  25:15  25:18 | | 19:11  19:11  19:13  19:14  19:15  19:17 | | 25:17  28:3  29:7  30:7 | | **weekend**(2) 18:2  30:9 | |
| 25:18  25:19  25:22  26:3  26:5  26:16  26:17  26:23 | | 19:19  19:20  19:20  19:22  19:23  19:23  20:3 | | | | **weeks**(1) 19:2 | |
| 27:7  27:8  27:9  27:10  27:17  28:2  28:16 | | 20:7  20:10  20:13  20:14  20:15  20:16  20:17 | | **told**(3) 12:11  19:9  23:15 | | **weigh**(1) 16:1 | |
| 28:20  28:21  28:21  28:23  29:2  29:4  29:6 | | 20:18  20:20  20:21  20:21  21:1  21:1  21:2 | | **tom**(2) 6:14  8:1 | | **weil**(1) 4:21 | |
| 29:10  29:19  29:21  29:21  30:5  30:6  30:8 | | 21:3  21:3  21:3  21:4  21:5  21:6  21:7  21:11 | | **torres**(1) 4:38 | | **well**(20) 6:9  6:16  6:23  7:18  10:3  10:9 | |
| 30:14 | | 21:15  21:15  21:19  21:19  21:20  21:21 | | **traci**(1) 30:20 | | 14:14  14:18  20:10  22:5  22:21  24:1  24:7 | |
| **that's**(11) 6:15  7:12  9:4  10:2  13:13  15:5 | | 21:21  21:22  22:3  22:5  22:6  22:8  22:7 | | **trahan**(1) 2:48 | | 24:9  25:9  27:20  28:1  28:1  28:6  29:14 | |
| 17:23  26:7  28:15  29:2  29:21 | | 22:14  22:17  22:18  22:21  22:23  22:24 | | **transcript**(5) 1:19  1:40  13:13  13:22  30:15 | | | |
| | | 22:24  23:4  23:12  23:13  23:14  23:15  23:18 | | **transcription**(2) 1:33  1:40 | | **wells**(1) 4:26 | |
| | | 23:18  24:1  24:2  24:3  24:6  24:7  24:9  24:9 | | **transcripts**(4) 6:17  6:18  6:21  6:22 | | **were**(14) 6:18  8:2  9:9  12:5  13:3  14:18 | |
| | | 24:17  24:18  24:19  25:7  25:8  25:11  25:12 | | **treating**(1) 28:9 | | 18:12  18:21  18:22  18:24  19:19  22:18 | |
| | | 25:13  25:19  25:20  25:22  26:2  26:4 | | **trehan**(1) 4:13 | | 25:15  26:3 | |
| | | | | **trial**(7) 17:18  18:7  19:15  19:23  20:16  22: | | | |
| | | | | 24:2 | | **what**(14) 7:22  15:6  15:19  20:8  20:13  21:5 | |
| | | | | | | 22:23  23:5  24:6  24:11  24:11  24:20  24:21 | |
| | **the**(59) 26:5  26:7  26:9  26:12  26:13  26:15 | | **tribune**(4) 1:7  6:4  13:3  24:15 | | 27:21 | |
| | 26:17  26:20  27:1  27:1  27:4  27:4  27:7 | | **trouble**(1) 13:21 | | **whatever**(1) 29:10 | |
| | 27:8  27:9  27:11  27:11  27:13  27:14  27:16 | | **trust**(3) 2:30  4:34  4:38 | | **when**(3) 14:12  20:13  23:15 | |
| | 27:17  27:20  27:21  27:21  28:1  28:2  28:3 | | **trustee**(1) 5:4 | | **where**(2) 18:11  25:1 | |
| | 28:3  28:4  28:5  28:6  28:7  28:7  28:11 | | **try**(1) 23:3 | | **whereupon**(1) 30:11 | |
| | 28:14  28:14  28:18  28:19  28:20  28:20 | | **trying**(2) 9:20  18:19 | | **whether**(6) 7:3  12:3  17:4  18:5  19:23  19:24 | |
| | 28:21  28:22  29:3  29:6  29:7  29:9  29:11 | | **tuesday**(3) 8:18  10:7  18:17 | | **which**(9) 10:7  13:17  15:20  16:7  16:7 | |
| | 29:12  29:13  29:14  29:18  29:24  30:2  30:4 | | **turn**(2) 11:7  12:24 | | 22:24  25:11  26:6  27:23 | |
| | 30:11  30:14  30:15  30:15  30:16 | | **turning**(1) 29:9 | | | |
| | | | **turnover**(1) 14:8 | | **while**(2) 8:2  21:10 | |
| | **their**(9) 16:22  17:21  21:2  21:16  21:18 | | **two**(8) 14:2  17:15  18:6  18:11  20:2  21:24 | | **white**(1) 4:26 | |
| | 23:3  23:17  23:17  23:21 | | 24:3  26:3 | | **who**(10) 10:10  15:11  15:12  15:13  16:9 | |
| | | | | | 17:15  21:19  22:17  23:2  23:20 | |
| | **them**(4) 16:22  18:21  23:4  25:14 | | **typically**(1) 24:12 | | | |
| | **then**(5) 7:18  11:7  12:20  19:7  27:18 | | **under**(4) 9:1  13:16  17:11  27:14 | | **who's**(2) 12:11  20:13 | |
| | **there**(25) 7:22  8:13  8:19  9:3  9:7  10:21 | | **understand**(2) 16:23  25:10 | | **will**(35) 6:21  9:5  14:2  15:12  15:22  16:11 | |
| | 11:11  11:18  12:2  12:6  12:7  13:9  16:10 | | **understanding**(2) 10:11  13:9 | | 16:17  17:16  18:2  18:3  21:5  21:7  21:8 | |
| | 17:5  18:20  19:1  13  25:8  25:9  25:10  26:3 | | **unfolding**(1) 18:9 | | 21:18  21:20  21:21  22:6  22:17  22:17  23:14 | |
| | 26:22  28:1  28:2  28:21  28:23 | | **unfortunately**(1) 8:2 | | 23:23  24:5  24:6  24:9  24:11  24:11  24:13 | |
| | | | **unilateral**(1) 19:5 | | 24:14  24:16  24:22  25:21  26:15  28:23  30:3 | |
| | **there's**(5) 26:16  26:18  28:3  28:17  28:22 | | **united**(3) 1:1  1:21  5:4 | | 30:8 | |
| | **these**(6) 11:5  14:2  14:9  14:11  14:18  18:23 | | **unless**(1) 16:9 | | | |
| | **they**(10) 12:11  15:19  16:18  17:20  19:16 | | **unreasonable**(1) 14:16 | | **william**(5) 2:31  2:37  3:6  5:16  7:13 | |
| | 19:18  21:17  24:4  24:20  24:21 | | **unsecured**(1) 9:16 | | **wilmington**(1) 1:14  2:30  3:7  6:1 | |
| | | | **until**(3) 18:23  19:10  23:20 | | **window**(3) 19:6  19:7  19:11 | |
| | **they'd**(1) 14:21 | | **updated**(1) 18:1 | | **wires**(1) 4:45 | |
| | **they'll**(1) 29:17 | | **upon**(2) 17:1  24:6 | | **wish**(4) 15:14  15:20  16:9  22:5 | |
| | **they're**(2) 7:3  20:5 | | **use**(6) 9:5  11:3  13:13  13:22  15:10  15:13 | | **wishes**(1) 22:4 | |
| | **thing**(6) 6:20  11:8  12:17  14:2  18:19  27:13 | | **used**(2) 9:6  9:23 | | **with**(45) 6:8  6:8  7:5  7:7  8:3  8:4  8:5  8:22 | |
| | **things**(6) 15:22  20:4  21:5  22:11  24:14 | | **usually**(1) 23:4 | | 9:10  9:19  9:21  9:22  10:5  10:9  10:20 | |
| | 25:10 | | | | 10:24  11:9  12:23  13:19  13:22  13:23  14:1 | |
| | | | **vail**(1) 3:48 | | 14:10  14:19  14:19  14:22  15:11  15:18 | |
| | | | **valuation**(1) 19:10 | | 15:21  16:11  17:13  19:12  21:14  22:23  23:14 | |
| | | | **various**(1) 16:23 | | 24:15  25:1  25:2  25:12  27:4  27:12  27:13 | |
| | | | **vast**(1) 14:6 | | 28:22  29:3  29:12  30:4 | |
| | | | **very**(2) 13:20  20:8 | | | |

| Word | Page:Line |
|---|---|

**within**(1) 20:20
**without**(2) 19:2  19:4
**witness**(10) 9:14  13:2  18:1  23:17  23:21
24:21  25:2  25:3  29:13  29:16

**witnesses**(7) 12:10  14:3  21:19  22:17  23:20
27:12  27:19

**won't**(2) 16:13  26:22
**wonderful**(1) 20:5
**work**(4) 14:8  15:22  15:23  23:14
**working**(2) 16:11  16:16
**would**(21) 9:1  10:1  12:16  12:24  13:4
13:11  13:15  14:10  15:8  18:4  19:20  19:22
20:1  24:16  25:11  27:8  27:17  27:19  28:12
29:12  29:15

**wouldn't**(1) 26:6
**writing**(1) 14:24
**www.diazdata.com**(1) 1:37
**yamaoka**(4) 7:13  7:16  7:19  8:6
**yeah**(5) 25:15  26:20  27:1  28:9  29:24
**years**(1) 12:11
**yes**(5) 17:3  17:9  20:11  22:10  23:12
**yesterday**(5) 8:20  10:5  12:2  18:11  19:1
**yet**(5) 16:17  23:19  23:21  24:3  27:2
**you**(40) 6:16  6:21  8:2  8:7  8:12  9:14  10:18
10:19  11:19  12:12  12:13  12:14  12:16  13:2
13:6  14:17  15:20  15:20  16:2  17:10  18:3
18:16  18:20  18:22  19:4  19:21  22:10  22:21
23:2  23:5  23:8  24:10  24:23  26:15  28:21
30:1  30:4  30:7  30:7  30:10

**you're**(1) 23:7
**young**(1) 3:26
**your**(58) 6:11  6:14  7:14  8:1  8:12  8:14  9:1
9:10  9:21  10:16  10:19  10:23  11:7  11:9
11:11  11:19  11:20  13:6  13:7  13:20  13:22
14:2  14:17  17:3  17:6  17:10  17:24  18:5
18:14  19:12  19:16  19:22  20:5  20:6  20:12
20:17  20:19  20:23  21:8  21:23  22:2  22:13
22:22  23:6  23:8  23:10  25:16  26:1  26:13
26:21  27:6  28:10  28:17  29:8  29:10  29:20
30:1  30:10

**zensky**(24) 3:14  17:3  17:6  17:6  17:10  20:3
20:5  20:9  20:19  21:10  21:15  23:10  23:10
23:13  27:6  27:6  27:17  27:23  28:9  28:12
29:8  29:8  29:20  30:1

**zloto**(1) 3:23
**zuckerman**(2) 2:12  20:7