| | |
|---|---|
| New York | Madrid |
| Menlo Park | Tokyo |
| Washington DC | Beijing |
| London | Hong Kong |
| Paris | |

# Davis Polk

**Elliot Moskowitz**

Davis Polk & Wardwell LLP    212 450 4241 tel
450 Lexington Avenue          212 701 5241 fax
New York, NY 10017            elliot.moskowitz@davispolk.com

March 1, 2011

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

The Honorable Kevin J. Carey
824 North Market Street, 5th Floor
Wilmington, DE 19801

Chief Judge Carey:

We represent JPMorgan Chase Bank, N.A. ("JPMorgan") in connection with the above-referenced matter.

On February 15, 2011 – a full two weeks ago – this Court ordered Aurelius to produce a test privilege log. <u>See</u> Transcript of Proceedings, February 15, 2011, at pp. 29-30; 68-71. The purpose of the log was to test Aurelius' assertion that nearly every single responsive document in its possession is protected by the attorney-client privilege or work product doctrine. Despite repeated promises that such a log was forthcoming, including in discussions last week with the Court, no log has been produced.[1] Aurelius' failure to comply with this Court's order has been and will be prejudicial to the Debtor/Committee/Lender Plan Proponents.

Indeed, to date, it is still the case that only 14 documents have been produced from Mark Brodsky, chairman of Aurelius, and 13 documents from Dan Gropper, Aurelius' 30(b)(6) witness. Yet, these two individuals have already had their depositions taken and Aurelius intends to call them both as witnesses at the confirmation hearing. While everyone is certainly busy getting ready for the confirmation hearing, there can be no excuse for a party's failure to produce documents for material trial witnesses, and to "run out the clock" in the face of an order of this Court.[2]

---

[1] In contrast, after the parties reached agreement on Friday as to a document-by-document log concerning certain communications related to the Examiner's investigation, JPMorgan worked diligently over the weekend and produced a privilege log with 97 entries the very next business day, Monday, February 28, 2011.

[2] Despite its own significant discovery failings, Aurelius has not hesitated to complain to the Court about perceived discovery shortcoming by other parties. Aurelius would be better suited to comply with its own discovery obligations rather than casting stones at other parties.

The Honorable Kevin J. Carey             2                March 1, 2011

Accordingly, JPMorgan respectfully requests that the Court (1) order production of the test privilege log to be completed no later than 12:00 p.m., March 2, 2011; (2) conduct an in camera review of the log; and (3) schedule a teleconference to discuss the results of the in camera review with the parties.

Respectfully submitted,

*Elliot Moskowitz /EL*

Elliot Moskowitz

cc:        All Counsel Entitled to Notice Pursuant to
            Paragraph 35 of the CMO

By Electronic Filing