IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*, | : | Case No. 08-13141 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | **Objection Date: March 21, 2011 at 4:00 p.m.** |
| | : | **Hearing Date:** *Only if Objections are filed* |

**TWENTY-FOURTH MONTHLY FEE APPLICATION OF
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010**

| | |
|---|---|
| Name of Applicant: | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** |
| Authorized to Provide Professional Services to: | **Tribune Company, *et al.*** |
| Date of Retention: | **February 3, 2009 *nunc pro tunc* to December 8, 2008** |
| Period for which Compensation and Reimbursement is sought: | **December 1, 2010 through December 31, 2010** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$162,941.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$37,286.10** |
| This is a: | **Twenty-Fourth Monthly Application** |

The time expended for the preparation of the Applicant's twenty-third monthly fee application in December is approximately 5.2 hours, and the corresponding compensation requested is approximately $2,002.50. The time expended for the preparation of the Applicant's twenty-fourth monthly fee application will be included in the Applicant's *next* fee application.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st | 4/14/09 | 12/8/08 – 1/31/09 | $233,913/$21,827.87 | $187,130.40/$21,827.87 |
| 2nd | 4/15/09 | 2/1/09 – 2/28/09 | $84,867/$3,674.21 | $67,893.60/$3,674.21 |
| 3rd | 5/21/09 | 3/1/09 – 3/31/09 | $93,216/$4,574.28 | $74,572.80/$4,574.28 |
| 4th | 5/29/09 | 4/1/09 – 4/30/09 | $85,538.50/$9,310.40 | $68,430.80/$9,310.40 |
| 5th | 7/14/09 | 5/1/09 – 5/31/09 | $77,805.50/$3,025.90 | $62,244.40/$3,025.90 |
| 6th | 7/22/09 | 6/1/09 – 6/30/09 | $106,998.50/$5,684.58 | $85,598.80/$5,684.58 |
| 7th | 8/28/09 | 7/1/09 – 7/31/09 | $87,804.50/$8,160.20 | $70,243.60/$8,160.20 |
| 8th | 10/2/09 | 8/1/09 – 8/31/09 | $106,819/$4,367.14 | $85,455.20/$4,367.14 |
| 9th | 11/25/09 | 9/1/09 – 9/30/09 | $70,349/$6,301.43 | $56,279.20/$6,301.43 |
| 10th | 11/25/09 | 10/31/09 – 10/31/09 | $60,948/$10,706.61 | $48,758.40/$10,706.61 |
| 11th | 12/23/09 | 11/1/09 – 11/30/09 | $103,033.50/$96.48 | $82,426.80/$96.48 |
| 12th | 2/4/10 | 12/1/09 – 12/31/09 | $81,304/$3,248 | $65,043.20/$3,248 |
| 13th | 2/19/10 | 1/1/10 – 1/31/10 | $106,040.50/$2,637.20 | $84,832/$2,637.20 |
| 14th | 4/7/10 | 2/1/10 – 2/28/10 | $126,542.00/$7,450.93 | $101,233.60/$7,450.93 |
| 15th | 5/7/10 | 3/1/10 – 3/31/10 | $129,845.50/$5,187.23 | $103,876.40/$5,187.23 |
| 16th | 7/15/10 | 4/1/10 – 4/30/10 | $151,550.50/$8,795.37 | $121,240.40/$8,795.37 |
| 17th | 8/13/10 | 5/1/10 – 5/31/10 | $159,643.50/$26,630 | $127,714.80/$26,630 |
| 18th | 9/1/10 | 6/1/10 – 6/30/10 | $125,634.50/$4,219.90 | $100,507.60/$4,219.90 |
| 19th | 9/1/10 | 7/1/10 – 7/31/10 | $166,564.50/$5,945.64 | $133,251.60/$5,945.64 |
| 20th | 10/29/10 | 8/1/10 – 8/31/10 | $134,114.50/$6,992.18 | $107,291.60/$6,992.18 |
| 21st | 11/4/10 | 9/1/10 – 9/30/10 | $180,627.50/$4,660.41 | $144,502.00/$4,660.41 |
| 22nd | 11/12/10 | 10/1/10 – 10/31/10 | $157,302.50/$5,188.34 | $125,842.00/$5,188.34 |
| 23rd | 12/30/10 | 11/1/10 – 11/30/10 | $224,267.25/$33,140.29 | $179,413.80/$33,140.29 |
| 24th | 3/1/11 | 12/1/10 – 12/31/10 | $162,941.50/$37,286.10 | *Pending* |

2

**TRIBUNE COMPANY,** *et al.*

## SUMMARY OF BILLING BY ATTORNEY
### DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $725.00 | 29.90 | $21,677.50 |
| J. Kate Stickles | 1990 | Member (since 2008) | $575.00 | 159.00 | $91,425.00 |
| Michael F. Bonkowski | 1983 | Member (since 2008) | $575.00 | 1.50 | $862.50 |
| David Bass | 1994 | Member (since 2006) | $550.00 | 1.10 | $605.00 |
| Patrick J. Reilley | 2003 | Associate (since 2008) | $380.00 | 55.30 | $21,014.00 |
| Jill Geisenheimer | 2008 | Associate (since 2008) | $260.00 | 1.80 | $468.00 |
| Fran Piscano | N/A | Paralegal (since 1992) | $235.00 | 0.20 | $47.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $225.00 | 106.90 | $24,052.50 |
| Kimberly A. Stahl | N/A | Paralegal (since 2008) | $180.00 | 15.50 | $2,790.00 |
| **TOTALS** | | | | 371.20 | $162,941.50 |

Blended Rate: $438.96

---

[1]  This rate is Cole, Schotz, Meisel, Forman & Leonard, P.A.'s regular hourly rate for legal services.  All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on a periodic basis (the last such adjustment occurred on September 1, 2010).

**TRIBUNE COMPANY,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Automatic Stay Matters/Litigation | 0.50 | $287.50 |
| Case Administration | 13.10 | $5,244.00 |
| Claims Analysis, Administration and Objections | 6.50 | $2,617.50 |
| Creditor Inquiries | 0.20 | $45.00 |
| Disclosure Statement/Voting Issues | 78.80 | $35,268.50 |
| Executory Contracts | 0.20 | $76.00 |
| Fee Application Matters/Objections | 45.40 | $17,155.50 |
| Litigation/General (Except Automatic Stay Relief) | 19.60 | $10,385.50 |
| Preferences and Avoidance Actions | 81.50 | $33,887.50 |
| Preparation for and Attendance at Hearings | 56.00 | $26,287.00 |
| Reorganization Plan | 50.60 | $22,355.00 |
| Reports; Statements and Schedules | 1.30 | $502.50 |
| Retention Matters | 7.20 | $3,083.00 |
| Utilities/Section 366 Issues | 10.30 | $5,747.00 |
| **TOTAL** | **371.20** | **$162,941.50** |

**TRIBUNE COMPANY**, *et al.*

**EXPENSE SUMMARY**
**DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying (pages 56,986 @ $.10/page) | | $5,698.60 |
| Telephone | | $19.90 |
| Overnight Delivery | Federal Express | $2,913.59 |
| Postage | | $403.67 |
| Overtime | Secretarial Assistance | $913.13 |
| Filing Fees | Parcels, Inc., USBC | $23,380.00 |
| Service Fees | Minister of Finance of British Columbia | $104.00 |
| Document Retrieval/Court Costs | PACER Service Center | $211.36 |
| Travel Expenses (Working Meals, Transportation) | Toscona, Purebread, Manhattan Bagel, Roadrunner Express, Daves Limo | $1,126.44 |
| Messenger Service | Parcels, Inc. | $785.52 |
| Transcripts | Diaz Data Services | $880.50 |
| Outside Photocopies | Parcels, Inc. | $411.05 |
| Outside Postage | Parcels, Inc. | $370.09 |
| Outside Telecopy | Parcels, Inc. | $68.25 |
| **TOTAL** | | **$37,286.10** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*,[1] | |
| | Jointly Administered |
| Debtors. | **Objection Date: March 21, 2011 at 4:00 p.m.** |
| | **Hearing Date:** *Only if Objections are filed* |

## TWENTY-FOURTH MONTHLY FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010

Cole, Schotz, Meisel, Forman & Leonard, P.A. (the "Applicant"), co-counsel to the debtors

and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, hereby applies to

the Court for monthly allowance of compensation for services rendered, in the amount of

$162,941.50, and reimbursement of expenses in the amount of $37,286.10 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

December 1, 2010 through December 31, 2010 (the "Application"), and respectfully represents as follows:

**Introduction**

1.       On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only by applicable orders of the Bankruptcy Court.

2.       On or about December 18, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1).

3.       On January 15, 2009, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Fee Order").  In accordance with the Fee Order, in the absence of any objection to the monthly fee application within twenty (20) days of the submission thereof, Debtors are authorized to pay 80% of the fees and 100% of the disbursements requested.

4.       On February 3, 2009, this Court authorized the Debtors to retain Applicant, *nunc pro tunc* to December 8, 2008, to serve as co-counsel to the Debtors in these proceedings.

5.       On March 19, 2009, the Court appointed Stuart Maue as the Fee Examiner in these cases.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

**Relief Requested**

6.      Pursuant to the Fee Order and section 331 of the Bankruptcy Code, Applicant makes this Application for interim approval of compensation for professional services rendered, in the amount of $162,941.50, and reimbursement of actual and necessary expenses incurred, in the amount of $37,286.10, in serving as co-counsel to the Debtors during the period December 1, 2010 through December 31, 2010.

**Allowance of Compensation**

7.      Attached hereto as Exhibit "A" is the Affidavit of Applicant with respect to the compensation requested.

8.      Attached hereto as Exhibit "B" is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from December 1, 2010 through December 31, 2010. This detailed itemization complies with Del. Bankr. L. R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

9.      The Applicant serves as co-counsel to the Debtors and is active in all aspects of these chapter 11 proceedings. The following summary highlights the major areas in which the Applicant rendered services for the time period covered by this Application. The full breadth of Applicant's services for the time period are reflected in the attached Exhibit "B".

        a)      Case Administration (13.10 hours; $5,244.00). This category includes a
        number of different tasks necessary to comply with the requirements of this Court, the
        Office of the United States Trustee or the Bankruptcy Code, including without limitation,
        reviewing general case documents, reviewing and maintaining a case calendar,

3

maintaining a critical dates chart, scheduling of hearings with the Court, preparation of affidavits of mailing and service lists, conferences with co-counsel regarding tasks, division of labor and strategies, and other miscellaneous tasks not otherwise separately classifiable.

b)  Disclosure Statement/Voting Issues (78.80 hours; $35,268.50). This category includes time spent communicating with co-counsel with respect to the disclosure statement documents and preparing and filing the general disclosure statement and the specific disclosure statement, and conferring with respect to disclosure statement issues, preparing and filing clean and black line versions of the amended general disclosure statement and amended specific disclosure statement, and reviewing and analyzing the specific disclosure statement filed by the Noteholders, Bridge and Step One Lenders. This category also includes time spent preparing and filing a revised solicitation procedures order, and communicating with co-counsel regarding the notices and revised solicitation order.

c)  Fee Application Matters/Objections (45.40 hours; $17,155.50).   This category includes time spent preparing and filing Applicant's monthly fee application, corresponding with the Debtors' other professionals regarding their fee applications and fee-related issues, preparing and filing other professionals' fee applications, preparing and filing certifications with respect to fee applications, and preparing and filing notices with respect to payment of ordinary course professionals.

d)  Litigation/General (Except Automatic Stay Relief) (19.60 hours; $10,385.50). This category includes time spent with respect to various litigation matters, including, but not limited to, preparing and filing the Debtors' motion to conduct discovery of Randy Michaels, preparing and filing a certification with respect to the

4

stipulation approving the motion, preparing and filing a motion to dismiss the Millen appeal, and preparing and filing a settlement motion with respect to Liberman Enterprises, Inc. This category also includes time spent reviewing and analyzing other litigation-related pleadings filed in these cases. In addition, this category includes time spent communicating and strategizing with co-counsel regarding certain litigation matters.

e)    <u>Preference and Avoidance Actions</u> (81.50 hours; $33,887.50). This category includes time spent conferencing with the Debtors' professionals regarding the preference analysis, reviewing the preference analysis, preparing preference complaints, communicating with potential defendants with respect to tolling agreements, planning for and filing of preference complaints and preparing and filing a motion to stay avoidance actions.

f)    <u>Preparation for and Attendance at Hearings</u> (56.00 hours; $26,287.00). This category includes time spent preparing for and attending hearings before this Court, including review of documents, witness preparation, strategy meetings with the Debtors' representatives, preparation of hearing presentation, hearing notebooks, hearing agenda notices and post-hearing reports.

g)    <u>Reorganization Plan</u> (50.60 hours; $22,355.00). This category includes time spent preparing and filing the amended joint plan of reorganization, preparing and filing the Debtors', Committee's and Senior Lenders' responsive statements, reviewing and analyzing competing plans of reorganization, reviewing responsive statements filed by competing plan proponents, and preparing for plan confirmation.

46429/0001-7365564v1

## Reimbursement of Expenses

10.     Attached hereto as Exhibit "C" is a description of the costs actually expended by the Applicant in the performance of services rendered as co-counsel to the Debtors.  These costs for which reimbursement is requested total $37,286.10.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($1.00/page – outgoing transmission only), postage, filing fees, telephonic appearance charges, messenger service, working meals, travel expenses, transcription fees, outside photocopying, document retrieval and legal research charges.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

WHEREFORE, Cole, Schotz, Meisel, Forman & Leonard, P.A. respectfully requests that the Court enter an Order:   (i) granting the Application and authorizing allowance of compensation in the amount of $162,941.50 for professional services rendered, and $37,286.10 for reimbursement for actual and necessary costs; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as this Court deems necessary and just.

Dated: March 1, 2011

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
(302) 652-3131
(302) 652-3117 (fax)

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

6