# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141-KJC<br><br>Jointly Administered<br><br>Related to Docket Nos. 3798 and 8245<br>Hearing Date: March 22, 2011 at 10:00 a.m. ET<br>Objection Deadline: March 15, 2011 at 4:00 p.m. ET |

## JOINT MOTION OF THE DEBTORS AND BARCLAYS BANK PLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL THE FEE LETTER RELATED TO AMENDED LETTER OF CREDIT FACILITY

The above-captioned debtors and debtors in possession (together, the "Debtors") and Barclays Bank PLC ("Barclays" or "LC Agent," together with the Debtors, the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

substantially the form attached hereto as Exhibit A, authorizing the Movants to file under seal the Fee Letter (as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Section 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On December 8, 2008, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, which filed on October 12, 2009 (each date, as applicable the "Petition Date"). The Debtors' Chapter 11 Cases are jointly administered for procedural purposes only.

4. The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5. On December 10, 2008, this Court entered an order granting the Debtors and Barclays joint motion to file under seal certain fee letters relating to the initial securitization facility and letter of credit facility (Docket No. 62).

6. On December 18, 2008, the United States Trustee appointed the official committee of unsecured creditors (the "Committee").

7. On April 7, 2009, this Court entered an order authorizing the Debtors and Barclays to file under seal certain fee letters relating to the amended and restated securitization facility and amended letter of credit facility (Docket No. 870).

8. On March 22, 2010, this Court entered an order granting the joint motion of the Debtors and Barclays for entry of an order authorizing them to file under seal fee letter related to amended letter of credit facility (Docket No. 3798).

## THE AMENDED LETTER OF CREDIT FACILITY

9. Contemporaneously with the filing of this Motion, the Debtors have sought authority to enter into an amended letter of credit facility for the purpose of extending the termination date of such facility by one year to April 10, 2012 (the "LC Amendment Motion"). The current termination date for the facility is April 10, 2011.

10. The LC Amendment Motion seeks authority for the Debtors to extend the post-petition letter of credit facility (the "Letter of Credit Facility") in an amount of up to $30 million provided by Barclays, as post-petition agent and issuing bank in such capacity, with a syndicate of other financial institutions. The terms of the Letter of Credit Facility as amended are described in the LC Amendment Motion. The obligations under the Letter of Credit Facility will be secured by cash collateral in the amount of 105% of the face amount of the letters of credit.

## THE FEE LETTER

11.   In connection with the provision of the amended Letter of Credit Facility, Debtor Tribune Company has, as is customary, agreed to pay certain fees and expenses to Barclays pursuant to that certain separate, confidential, fee letter (the "Fee Letter"). The fee amount set forth in the Fee Letter is unchanged and remains the same as the fees previously approved by this Court for the Letter of Credit Facility. Pursuant to Rule 4001(c) of the Bankruptcy Rules and Local Rule 4001-2, a debtor is generally required to disclose a summary of the essential terms of any proposed use of cash collateral and/or financing. Fees that Debtor Tribune Company pays in connection with the financing of its operations would not, typically, be something that Barclays, as a Lender, or any other lender similarly situated, would disclose to anyone. Given the totality of the circumstances, however, and recognizing that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, prior to the hearing on this Motion, the Movants will disclose the Fee Letter to the United States Trustee. The Court has granted this relief three times before as relating to the same financing and Letter of Credit Facility.

## RELIEF REQUESTED

12.   Accordingly, the Debtors respectfully request entry of the Order, pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing the Movants to file the Fee Letter under seal.

## BASIS FOR RELIEF

13.  Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letter under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

14.  Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

15.  Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect

business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that Section 17(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

16.     The Movants respectfully request that this Court permit the Fee Letter to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 because of the harm that would ensue if the highly confidential information contained in the Fee Letter became public information. Moreover, the Movants submit that creditors will not be prejudiced by this Motion. For these reasons, the Debtors believe the relief requested in this Motion should be granted by the Court.

## NOTICE

17.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent and LC Agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune Company's prepetition notes; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Fee Letter; and (b) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
March 3, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Patrick J. Reilley
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

MAYER BROWN LLP
Brian Trust
Amit Trehan
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

-and-

EDWARDS ANGELL PALMER & DODGE LLP

By: */s/ Stuart M. Brown*
Stuart M. Brown (No. 4050)
919 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-7770
Facsimile: (302) 777-7263

ATTORNEYS FOR BARCLAYS BANK PLC