## Davis Polk

New York        Madrid
Menlo Park      Tokyo
Washington DC   Beijing
London          Hong Kong
Paris

**Elliot Moskowitz**

Davis Polk & Wardwell LLP   212 450 4241 tel
450 Lexington Avenue        212 701 5241 fax
New York, NY 10017          elliot.moskowitz@davispolk.com

March 3, 2011

Re: *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)

The Honorable Kevin J. Carey
824 North Market Street, 5th Floor
Wilmington, DE 19801

Dear Chief Judge Carey:

We represent JPMorgan Chase Bank, N.A. ("JPMorgan") in connection with the above-referenced matter. As the Court knows, JPMorgan has brought to the Court's attention a discovery dispute concerning the broad assertions of privilege by Aurelius. While Aurelius has designated its Chairman, Mark Brodsky, and a Managing Director, Dan Gropper, as fact witnesses at the confirmation hearing, Aurelius has at the same time steadfastly contended that virtually every single e-mail sent to or from these executives is privileged.

On February 15, 2011, over Aurelius' objection, the Court ordered Aurelius to produce a "test" document-by-document privilege log for 150 e-mails and a notebook (the "Test Privilege Logs") to better enable JPMorgan to evaluate Aurelius' wholesale assertions of privilege. On March 1, 2011, at 11:02 PM, Aurelius finally produced the Test Privilege Logs.

On March 2, 2011, counsel for Aurelius explained to the Court why it took more than two weeks to furnish this information: "We have gone over all the documents very carefully and that's, in part, why it took the fifteen days to get it to them. We spent hours with our client verifying the basis of the privilege." (3/2/11 Tr. at 13:20-23.)

At yesterday's hearing, again over Aurelius' objection, the Court ordered Aurelius to submit a selection of documents from the Test Privilege Logs for *in camera* review. To prevent Aurelius from cherry-picking only the most defensible documents from the Test Privilege Logs, the Court directed that JPMorgan identify 25 documents from the logs for the Court to review (the "Sample 25"). The Court offered Aurelius the opportunity to submit additional documents as well. Counsel for Aurelius advised the Court that it would deliver the documents the next day. (3/2/11 Tr. at 82:10.)

This morning, Aurelius advised JPMorgan that, in fact, 3 of the documents from the Sample 25 were "arguably" not privileged after all.[1] In other words, by Aurelius' own admission, 12 percent of the sample set was never privileged in the first place – and this is before any *in camera* review.

---

[1] Aurelius invited JPMorgan to select another 3 documents from the log instead. JPMorgan declined and asked that Aurelius produce the Sample 25 to the Court as soon as possible.

The Honorable Kevin J. Carey              2              March 3, 2011

This afternoon, Aurelius furnished the Sample 25 to the Court, and provided the 3 non-privileged documents to JPMorgan.[2] Simply put, we fail to understand how Aurelius could ever have asserted privilege over these 3 documents, much less after spending two weeks going "over all the documents very carefully" and spending "hours with our client verifying the basis of the privilege." (3/2/11 Tr. at 13:20-23.) Specifically,

- Document 20 is an email from Mark Brodsky to Dennis Prieto in which Mr. Brodsky forwards a calendar entry and writes: "What is the purpose of the call? Who at Aurelius will be on it?" These individuals are not attorneys, and there is no privileged information in this email.

- Document 32 is an email exchange between Dan Gropper and Dennis Prieto regarding one of the Aurelius recovery models. These individuals are not attorneys, and there is no privileged information in this email.

- Document 36 is a calendar entry for Dan Gropper scheduling a meeting at Akin Gump. There is no privileged information in this entry.

If Aurelius' privilege assertions even in the *Test* Privilege Logs – which Aurelius by its own admission spent significant time preparing – are improper, serious questions must be raised about the integrity of Aurelius' wholesale privilege assertions. It is becoming all too apparent why Aurelius produced just 14 e-mails authored by Mr. Brodsky and 13 by Mr. Gropper while withholding on the basis of privilege more than 5,700 *responsive* emails. If the Court determines, after its *in camera* review, that other documents among the Sample 25 likewise are not privileged, these issues become even graver and more prejudicial.

Accordingly, JPMorgan respectfully requests that the Court convene a teleconference after it has completed its *in camera* review so that the parties may have the benefit of the Court's views as to the status of these documents and consider next steps.

Respectfully submitted,

Elliot Moskowitz

cc:        All Counsel Entitled to Notice Pursuant to Paragraph 35 of the CMO

By Electronic Filing

---

[2] Aurelius also submitted to the Court several additional documents from the logs. Presumably, these cherry-picked documents represent those for which Aurelius believes there is a clear-cut basis for an assertion of privilege. Perhaps tellingly, Aurelius declined the Court's invitation to submit a full 25 documents in response to the Sample 25.