# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

**DAVID M. ZENSKY**
212.872.1075/212.872.1002
dzensky@akingump.com

March 4, 2011

VIA HAND DELIVERY

The Honorable Kevin J. Carey
824 N. Market Street, Fifth Floor
Wilmington, DE 19801

      Re: *In re Tribune Company, et al.*, Case No. 08-13141 Bankr. D. Del) (KJC)

Dear Chief Judge Carey:

      We write on behalf of Aurelius Capital Management, LP ("Aurelius") in response to the March 3, 2011 letter of Mr. Elliot Moskowitz, counsel to JPMorgan Chase Bank, N.A. ("JPMorgan").

      We strongly disagree with the inflammatory accusations made by Mr. Moskowitz, and his mischaracterization of the circumstances leading up to and surrounding this dispute. Mr. Moskowitz suggests in his letter, as well as in his past correspondence to the Court, that Aurelius acted in improperly in withholding documents from production. This is not the case. To the contrary, in reviewing its privilege log for the *in camera* review ordered by the Court, Aurelius discovered that three of the documents chosen by JPMorgan for the Court's review were inadvertently withheld, and provided these documents to JPMorgan immediately.

      Additionally, Mr. Moskowitz's repeated attempts to characterize Aurelius's production as deficient on its face are highly misleading. Mr. Moskowitz neglects to mention that, for most of the eight-month period from April to November 2010 for which Aurelius provided logs of its emails and notebook entries, Aurelius's four-person team has been focused on these tasks— evaluating the plan proposed by the Debtors and others in April, opposing what it believes is an unfair reorganization plan, and litigating to ensure that any confirmed plan preserves the valuable fraudulent conveyance causes of action arising from the Debtors' leveraged buyout in 2007 (the "LBO"). Nor is Aurelius a party to any proposed settlement. In the midst of heated litigation and plan disputes, it is not at all surprising that very little of what Aurelius has been communicating about during that time was not privileged. Nevertheless, Aurelies *has* produced all of the non-privileged responsive information in its possession, including (i) internally-created recovery models that evaluate the LBO causes of action and the waterfall recoveries that may result from litigating or releasing them, (ii) over 70,000 pages from its computer "shared drive," (iii) dozens of substantive emails, (iv) three 100-page handwritten notebooks from its analysts describing in detail various internal and external meetings, and strategy sessions involving Aurelius during 2010, and (v) documents related to its trading strategy and decisions in these bankruptcy cases. In addition, Aurelius has now logged all emails withheld on the basis of

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Chief Judge Carey
March 4, 2011
Page 2

privilege that do not include an attorney, and has agreed to produce three witnesses for deposition (two of whom have been deposed), including the Chairman of the firm.

Moreover, the fact that JPMorgan is now first receiving the three documents that were inadvertently withheld by Aurelius is of its own making. In stark contrast to Aurelius, who immediately engaged in meet and confer discussions regarding its objections to various parties' productions, JPMorgan chose to wait to raise any objections to Aurelius's document production until a full three weeks after the production was made and directly in the middle of intensive pre-trial fact and expert discovery. Putting aside whether this decision was motivated by litigation tactics or not, JPMorgan should not now be heard to complain that is it prejudiced by the late date at which these three documents (two of which are entirely non-substantive, and none of which bear upon the issues to be tried at the confirmation hearing) were produced.

Finally, the fact that additional documents previously logged as privileged have been produced is entirely consistent with the conduct of JPMorgan, the Debtors, and the Special Committee appointed by the Debtors in connection with the proposed LBO settlement, each of whom produced documents listed on their privilege logs after Aurelius objected and upon further review. Indeed, when faced with the prospect of *in camera* review of certain challenged documents listed on its privilege log, the Special Committee ultimately produced *all but three* of the documents challenged by Aurelius, resulting in the production of more than 150 pages in mid-February. Additionally, Aurelius discovered at a deposition taken this past Saturday that Citigroup Global Markets Inc., a supporter of the plan and a recipient of a valuable release pursuant to the terms therein, was withholding highly relevant emails and analyses relating to its analysis of Tribune's solvency in the days leading up to Step Two of the LBO. These documents, which we are told were originally withheld on purported privilege grounds, and which are central to the question of Citigroup's conduct during the time of the LBO, were produced *just yesterday*.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Chief Judge Carey
March 4, 2011
Page 3

  Aurelius has made every effort to provide non-privileged, responsive information to the Debtor/Committee/Lender Plan proponents, amidst extremely challenging circumstances and on a highly expedited timeline. The fact that three documents, none of which are material to the issues to be tried at the confirmation hearing, were inadvertently withheld is not surprising, nor is it indicative of any impropriety by Aurelius. JPMorgan's repeated assertions of misconduct are unfounded.

Respectfully submitted,

David M. Zensky

cc: James Bendernagel
   Elliot Moskowitz