# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |
| TRIBUNE COMPANY, et al.,<br><br>　　　　　　Plaintiff(s),<br>v.<br><br>See Attached Exhibit A,<br><br>　　　　　　Defendants. | Adv. Proc. Nos. [See Exhibit A] (KJC)<br><br>**Hearing Date: March 22, 2011 at 10:00 a.m.**<br>**Objection Deadline: March 15, 2011 at 4:00 p.m.** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## MOTION OF THE DEBTORS FOR EXTENSION OF
## TIME TO EFFECT SERVICE OF PROCESS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), by and through their undersigned counsel, for entry of an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, extending the time to complete service of process on the defendants in the above-captioned adversary proceedings, and respectfully submit as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

5. Between December 5, 2011 and December 7, 2011, the Debtors caused to be filed complaints (the "Complaints") under Chapter 5 of the Bankruptcy Code, commencing ninety

four (94) adversary actions (the "Avoidance Actions") against eighty one (81) defendants (the "Defendants"), which are identified in Exhibit "A" attached to the proposed Order.[2]

6. On December 14, 2011, the Court entered the Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) (the "Stay Order") [Docket No. 7165]. The Order provides, in part, that the Avoidance Actions are stayed until June 30, 2011.

7. The Debtors served each Defendant with a copy of the Complaint in which the Defendant was named, summons and the Stay Order by U.S. First Class Mail and Certified Mail. In certain Avoidance Actions, the Debtors served Defendants at multiple service addresses, served registered agents and/or officers of the Defendants that could be identified through public records, and, if necessary, issued alias summonses and re-served the Complaints. The Debtors have acted diligently to ensure that each Defendant was properly served in accordance with Rule 4 of the Federal Rules.

8. As of the date of this Motion, the Debtors have confirmed that 76 Defendants in 94 Avoidance Actions have been served, either through return receipt of signed Certified Mail cards or through conversations with counsel for a Defendant. As of the date of this Motion, the Debtors have been unable to confirm that 5 Defendants in 94 Avoidance Actions have received the documents served upon them. As set forth further below, the Debtors believe that they have properly served all Defendants except for 1 Defendant for whom service is currently being effectuated in Canada. However, because these actions are stayed and the Defendants therefore do not need to file appearances, and it is therefore difficult in some circumstances to determine whether service has been effectuated, the Debtors seek additional time to effectuate service

---

[2] The Debtors note that certain Defendants were named in multiple Complaints.

46429/0001-7390554v4

should it come to their attention that a Defendant or Defendants should be served at a different address.

### RELIEF REQUESTED

9.  Rule 4(m) of the Federal Rules of Civil Procedure provides the Debtors with one hundred twenty (120) days from the filing of the Complaints to identify and serve the Defendants. If the Debtors are unable to notify and/or serve all such parties within those one hundred twenty (120) days, their claims against unserved named Defendants may be subject to dismissal. The one hundred twenty (120) day deadline for serving the Defendants is April 4th, 5th or 6th, as determined based on the date each of the Complaints was filed.

10. By this Motion, the Debtors respectfully request that the Court enter an Order extending the time to effectuate service under Fed. R. Civ. P. 4(m) by an additional one hundred twenty (120) days, as determined based on the date that each of the Complaints was filed.

### BASIS FOR RELIEF

11. Fed R. Civ. P. 4(m) provides as follows:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

12. Accordingly, this Court must first determine whether good cause exists for failure to serve. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, this Court must extend the time for service pursuant to Fed. R. Civ. P. 4(m). *See id.* If good cause does not exist, this Court nevertheless has discretion to extend the time for service. *See id.*; *PCT v. New England*

*Confectionary Co. (In re Fleming Cos.)*, No. 05-78096, 2006 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006).

13. In the Third Circuit, where a plaintiff demonstrates good cause, a court *must* grant an extension of time to effectuate service under Rule 4(m). *See McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Petrucelli*, 46 F.3d at 1308. Even in circumstances where good cause does not exist, a court has full discretion to approve an extension.

14. Good cause is analyzed under an excusable neglect standard, which requires that the plaintiff demonstrate "good faith and some reasonable basis for noncompliance within the time specified by the rule." *See Cain v. Abraxas*, 209 Fed. Appx. 94, 96 (3d Cir. 2006) (citing *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)); *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 822-23 (Bankr. D. Del. 2005).

15. Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith." *See In re Lenox Healthcare*, 319 B.R. at 822 (citing, *inter alia*, *Consolidated Freightways Corp. v. Larson*, 827 F.3d 916, 919-20 (3d Cir. 1987)); 10 Collier on Bankruptcy, 9006.06 [3], at 9006-14 (15th rev. ed. 2001).

16. Here, the Debtors submit that good cause exists to extend the deadline to complete service by an additional one hundred twenty (120) days. The Debtors have made every effort to timely serve each Defendant. Indeed, as of the date of this Motion, the Debtors believe that service has been properly effectuated on each and every Defendant except for 1 Defendant for whom service is currently being effectuated in Canada.[3] However, in an abundance of

---

[3] The Debtors are currently waiting for confirmation from a foreign authority that service has been effectuated in accordance with the Hague Convention.

5

caution, the Debtors seek to extend the time of service to the extent they become aware that a Defendant was not served at a proper service address.

17.  The Debtors do not believe that any of the Defendants will be prejudiced by the extension requested by this Motion because each of the Avoidance Actions is stayed. Accordingly, the requested extension will not prejudice the rights of other parties thereto.

18.  Alternatively, even if the Court were to find that good cause, as a matter of law, does not exist, it may still grant the requested extension. Such relief is a permissible exercise of this Court's broad power to control its schedule and docket. *See Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967). For the above stated reasons, permitting the relief sought herein is an eminently reasonable exercise of that power.

## NOTICE

19.  Notice of this Motion has been provided by first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' post-petition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002; and (x) the Defendants (through registered agents and/or officers). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-7390554v4

WHEREFORE, the Debtors respectfully request that the Court enter an Order substantially in the form attached hereto, extending the time to effect service of the Complaints by an additional one hundred twenty (120) days to and including August 2, 2011, August 3, 2011 or August 4, 2011, as calculated based on the date each of the Complaints was filed.

Dated: Wilmington, Delaware
March 4, 2011

Respectfully submitted,

NOVACK AND MACEY LLP
Stephen Novack
Donald A. Tarkington
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928

-and-

CAMPBELL & LEVINE, LLC

By: /s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

SPECIAL CONFLICTS COUNSEL

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Patrick J. Reilley
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-7390554v4