# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: March 24, 2011 at 4:00 p.m.** <br> **Hearing Date: TBD [Pursuant to Interim Compensation Order (Docket No. 225) only if objections are received]** |

### NOTICE OF FIFTH MONTHLY APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES PERFORMED ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors in possession |
| Date of Retention: | September 15, 2010 (*nunc pro tunc* to August 22, 2010) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1790087v2

Period for Which Compensation
and Reimbursement Is Sought:      January 1, 2011 through January 31, 2011

Amount of Compensation Requested:      $244,566.00 (80% of $305,707.50)

Amount of Expense Reimbursement
Requested:      $4,831.01

This is an:  _X_ interim ___ final application

The total time expended for fee application preparation is approximately 31.40 hours and the corresponding compensation requested is approximately $9,625.00.

**PROFESSIONAL SERVICES RENDERED BY JONES DAY ON BEHALF OF THE
SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE
COMPANY JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| T F Cullen | 1974 | TP | $900.00 | .50 | $450.00 |
| B B Erens | 1991 | B | $800.00 | 19.70 | $15,760.00 |
| D G Heiman | 1971 | B | $975.00 | 15.00 | $14,625.00 |
| F E Sherman | 1969 | TP | $800.00 | 4.80 | $3,840.00 |
| **Total Partners & Counsel** | | | | 40.00 | $34,675.00 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| H O Ajudua | 2009 | TP | $350.00 | 174.90 | $61,215.00 |
| D N Chi | 2007 | B | $475.00 | 4.60 | $2,185.00 |
| K Mamedova | 2008 | TP | $375.00 | 25.90 | $9,712.50 |
| L M Marvin | 2004 | TP | $500.00 | 194.70 | $97,350.00 |
| A M Rabinowitz | 2009 | TP | $350.00 | 111.50 | $39,025.00 |
| A R Schaeffer | 2003 | M&A | $500.00 | .30 | $150.00 |
| D B Shafer | 2008 | B | $425.00 | 1.40 | $595.00 |
| X S Strohbehn | 2009 | TP | $350.00 | 148.00 | $51,800.00 |
| **Total Associates** | | | | 661.30 | $262,032.50 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT** | | | | | |
| T J Barry | N/A | TP | $250.00 | .50 | $125.00 |
| D M Cherence | N/A | LSupp | $250.00 | 9.50 | $2,375.00 |
| A K Sobczak | N/A | B | $250.00 | 26.00 | $6,500.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | **36.00** | **$9,000.00** |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | $866.87 | 40.00 | $34,675.00 |
| Associates | $396.24 | 661.30 | $262,032.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | | 36.00 | $9,000.00 |
| **Grand Total** | | **737.30** | **$305,707.50** |

B = Business Restructuring and Reorganization; IR = Insurance Recovery; LSupp = Legal Support;
M&A = Mergers & Acquisitions; SA = Staff Attorney; T = Tax; TP = Trial Practice;

**SUMMARY OF SERVICES BY CASE MATTER FOR SERVICES
RENDERED BY JONES DAY ON BEHALF OF THE SPECIAL
COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE
COMPANY JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| MATTER NAME | HOURS | AMOUNT |
|---|---|---|
| Plan of Reorganization Matters | 2.40 | $2,007.50 |
| Committee Matters / Meetings | .80 | $637.50 |
| Court Hearings | 9.80 | $5,827.50 |
| Fee Applications/Retention Preparation | 31.40 | $9,625.00 |
| Litigation Matters | 692.90 | $287,610.00 |
| **Total** | **737.30** | **$305,707.50** |

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY JONES DAY ON
BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF
TRIBUNE COMPANY JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| DISBURSEMENT | AMOUNT |
|---|---|
| Computerized Research Services | $268.80 |
| Conference Charges | $356.00 |
| Courier Services | $35.71 |
| Imaging Services | $3,670.00 |
| Lexis Search Fees | $17.31 |
| Long Distance | $12.37 |
| Printing Charges | $2.00 |
| Supplies Expenses | $4.20 |
| Travel  - Food and Beverage Expenses | $75.22 |
| Travel – Taxi Charges | $20.84 |
| United Parcel Service Charges | $51.76 |
| Westlaw Search Fees | $316.80 |
| **Total Disbursements** | **$4,831.01** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:** March 24, 2011 at 4:00 p.m. <br> **Hearing Date:  TBD** [Pursuant to Interim Compensation Order (Docket No. 225) only if objections are received] |

## FIFTH MONTHLY APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES PERFORMED ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011

Jones Day, counsel to the special committee (the "Special Committee") of the

Board of Directors of Debtor Tribune Company, pursuant to sections 327(e) and 1107 of title 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

of the United States Code (the "Bankruptcy Code"), hereby makes its fourth monthly application (the "Application") for allowance of compensation of $244,566.00 (80% of $305,707.50) and reimbursement of expenses of $4,831.01 for the period from January 1, 2011 through January 31, 2011 (the "Compensation Period") in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 225] (the "Interim Compensation Order") and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications [Docket No. 546] (the "Fee Examiner Order").  In support of this Application, Jones Day respectfully represents as follows:

1.    Jones Day attorneys and paraprofessionals expended a total of 737.30 hours during the Compensation Period for which compensation is requested.

2.    Jones Day has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Jones Day and any other person for the sharing of compensation to be received for services rendered in these cases, except as allowed by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure with respect to the sharing of compensation between and among partners of Jones Day.  All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Special Committee, and not on behalf of any other entity.

3.    The fees charged by Jones Day in these cases are billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period.  Such

fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

4.    Pursuant to Rule 2016-2(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and in accordance with Local Form 102, attached to the front of this Application is (i) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by Jones Day, the department in which each individual practices, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefore and the year in which each professional was first licensed to practice law; (ii) a summary of services by case matter for services rendered by Jones Day during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Special Committee, and for which it seeks reimbursement.

5.    Jones Day's itemized time records for professionals and paraprofessionals performing services for the Special Committee during the Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Special Committee during the Compensation Period are set forth in Exhibits A and B, respectively.  All expenses itemized comply with the requirements set forth in Local Rule 2016-2.

6.    This Application complies with sections 330 and 331 of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Executive Office of the United States Trustee for Reviewing Applications for Compensation and

Reimbursement of Expenses (the "Guidelines"), the Local Rules, the Interim Compensation

Order, and the Fee Examiner Order.  In this regard, the Certification of Brad B. Erens  in

accordance with the Local Rules is attached hereto as Exhibit C.

## BACKGROUND

7.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor,

Tribune CNLBC, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code on October 12, 2009.  On December 10, 2008 and October 14, 2009, the Bankruptcy Court

entered orders consolidating the Debtors' chapter 11 cases for procedural purposes only.  The

Debtors have continued in possession of their respective properties and have continued to

operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

8.      On August 30, 2010, the Debtors filed their Application for an Order

Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune

Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to

August 22, 2010 [Docket No. 5562] (the "Retention Application"), which sought authority for

the Special Committee to retain and employ Jones Day as counsel in these chapter 11 cases.  By

order dated September 15, 2010 [Docket No. 5704] (the "Retention Order"), the Retention

Application was granted *nunc pro tunc* to August 22, 2010.[2]

---

[2]      Pursuant to this Court's order dated March 10, 2009 [Docket No. 501] Jones Day was also retained by the Debtors as special counsel in these chapter 11 cases in connection with certain antitrust regulatory matters. This Application is made solely with respect to Jones Day's retention in connection with matters relating to the Special Committee.  Separate fee applications will be filed with respect to Jones Day's retention by the Debtors in connection with antitrust regulatory matters.

## SUMMARY OF SERVICES

9.      Attached hereto as Exhibit A is a detailed statement of fees incurred during the Compensation Period, showing the amount of $305,707.50 for fees.  The services rendered by Jones Day during the Compensation Period are grouped by matter as set forth in Exhibit A.  The attorneys and paralegals who rendered services are identified, along with the number of hours for each individual and the total compensation sought for each category.

10.      The following is a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period, organized by category.[3]

**A.      Plan of Reorganization Matters — 2.40 hours — $2,007.50**

11.      During the Compensation Period, Jones Day professionals and paraprofessionals devoted limited time and effort to plan related matters, including, without limitation working with the Debtors and the Debtors' counsel regarding plan status, the disclosure statement objections, comments to the Debtors' plan and other plan-related issues.

**B.      Committee Matters/Meetings — 0.80 hours — $637.50**

12.      Jones Day professionals expended very limited time during the Compensation Period communicating with the Special Committee members.

**C.      Court Hearings — 9.8 hours — $5,827.50**

13.      Jones Day professionals expended time during the Compensation Period preparing for and attending (either telephonically or in person, as applicable) the hearing held on January 24, 2011.

---

[3]      The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

**D.      Fee Applications/Retention Preparation — 31.40 hours — $9,625.00**

14.      Jones Day professionals and paraprofessionals devoted time during the Compensation Period to drafting and revising: (a) the Fourth Monthly Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for Services Performed on Behalf of the Special Committee of the Board of Directors of Tribune Company for the Period from November 1, 2010 Through November 31, 2010 that was filed on January 3, 2011 [Docket No. 7719]; and (b) the First Interim Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses for Services Performed on Behalf of the Special Committee of the Board of Directors of Tribune Company for the Period August 22, 2010 to November 30, 2010 [Docket No. 7476].

**E.      Litigation Matters — 692.90 hours — $287,610.00**

15.      Jones Day professionals devoted significant time during the Compensation Period to responding to extensive discovery requests from Aurelius Capital Management relating to plan confirmation, which included the dedication of time to, among other things, the analysis of document preservation and production issues; communications with Special Committee members regarding document preservation and production issues; reviewing and responding to subpoenas, document requests and interrogatories; reviewing documents to be produced in response to document requests for relevance and privilege; preparing for depositions of Special Committee members; and drafting a memorandum regarding privilege.

**EXPENSES INCURRED BY JONES DAY**

16.      Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services to the Debtors

CHI-1790087v2                                    6

during the Compensation Period, in the amount of $4,831.01. A schedule of the expenses is

attached hereto as Exhibit B.

17.    Jones Day maintains the following policies with respect to expenses:

- No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Jones Day purchased or contracted from a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor and paid by Jones Day to the third party vendor.

- Photocopying by Jones Day was charged at 10 cents per page. To the extent practicable, Jones Day utilized less expensive outside copying services.

- Computer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider.

- Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Debtors' estates.

## NOTICE

18.    The Debtors have served this Application on (i) the United States Trustee

for the District of Delaware; (ii) counsel to Barclays Bank PLC in its capacity as Lender,

Funding Agent and Administrative Agent; (iii) counsel to the Official Committee of Unsecured

Creditors; (iv) counsel to JPMorgan Chase Bank in its capacity as Administrative Agent for

Prepetition Lenders; and (v) the fee examiner appointed by the Fee Examiner Order. Any

objections to this Application must be in writing and filed with the Court and served upon:

(i) Jones Day: 77 W. Wacker, Chicago, IL 60601, attn: Brad B. Erens; (ii) co-counsel to the

Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa;

and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 500 Delaware Avenue, Suite 1410,

Wilmington, Delaware 19801, attn: J. Kate Stickles; (iii) co-counsel to the Barclays Bank PLC,

in its capacity as Lender, Funding Agent and Administrative Agent: Mayer Brown LLP, 1675

Broadway, New York, New York 10019 <u>attn</u>: Brian Trust; and Edwards, Angell, Palmer &

Dodge, 919 North Market Street, Suite 1500 Wilmington, Delaware 19801, <u>attn</u>: Stuart M.

Brown; (iv) co-counsel to the Administrative Agent for the Prepetition Lenders: Davis, Polk, &

Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; and Richards, Layton & Finger,

P.A., 920 King Street, P.O. Box 551, <u>attn</u>: Mark Collins; (v) co-counsel to the Official

Committee of Unsecured Creditors: Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York,

NY 10112, <u>attn</u>: Howard Seife; and Landis, Rath & Cobb LLP, 919 Market Street, Ste. 1800,

Wilmington, Delaware 19801, <u>attn</u>: Adam G. Landis; and (vi) the Office of the United States

Trustee for the District of Delaware: J. Caleb Boggs Federal Building, 844 King Street, Room

2207, Lockbox 35, Wilmington, Delaware 19801, <u>attn</u>: David M. Klauder, so as to be received

no later than 20 days after the date of service of the Application. Under the Interim

Compensation Order, if no objections to a monthly fee application are made, the Debtors are

authorized to pay 80 percent of the fees and 100 percent of the expenses requested in this

Application.

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order: (i) allow compensation of $244,566.00 (80% of $305,707.50) for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) allow reimbursement of expenses incurred during the Compensation Period of $4,831.01; (iii) authorize the Debtors to pay to Jones Day such amounts in accordance with the Interim Compensation Order; and (iv) grant such other and further relief as the Court may deem proper.

Dated: March 4, 2011

By: _____

David G. Heiman
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939 (Telephone)
(216) 579-0212 (Facsimile)

– and –

Brad B. Erens
77 West Wacker
Chicago IL  60601-1692
(312) 782-3939 (Telephone)
(312) 782-8585 (Facsimile)

ATTORNEYS FOR THE SPECIAL COMMITTEE