# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

TOM W. DAVIDSON
202.887.4011/1.202.955.7719
tdavidson@akingump.com

March 7, 2011

VIA EMAIL

The Honorable Kevin J. Carey
824 N. Market Street, Fifth Floor
Wilmington, DE 19801

Re: *In re Tribune Company et al.*, Case No. 08-13141 (Bankr. D. Del) (KJC)

Dear Chief Judge Carey:

We write on behalf of Angelo, Gordon & Co., L.P. ("Angelo Gordon") in response to the letter from counsel to Aurelius Capital Management, L.P. and Law Debenture Trust Company of New York (jointly "Noteholder Plan Proponents") seeking to compel Angelo Gordon to produce certain FCC related documents.

The February 4, 2011, Stipulation cited by the Noteholder Plan Proponents (a copy of which is attached as Exhibit A) was executed for the purpose of providing the Noteholder Plan Proponents with documents that show the governance structure of and Angelo Gordon's <u>current</u> debt and equity interest in Freedom Communications Holdings, Inc ("Freedom"). Paragraph 1(c) of the Stipulation provides that, to the extent that those documents did not reflect Angelo Gordon's current debt and equity interest in Freedom, Angelo Gordon would provide a statement indicating Angelo Gordon's range of equity and debt interests in Freedom.

Angelo Gordon's equity interest in Freedom is currently greater than its equity interest that existed when the Freedom Stockholders Agreement was executed. Schedule 1 to the Freedom Stockholders Agreement ("Schedule 1") specifies ownership interest on the equity interest of each entities holding equity interest at the date of execution of the Freedom Stockholders Agreement. Accordingly, the ownership information reflected in Schedule 1 is outdated, irrelevant, and not responsive to the Stipulation. As a result, pursuant to Paragraph 1(c) of the Stipulation, Angelo Gordon provided the Noteholder Plan Proponents a statement reflecting Angelo Gordon's current equity interests in Freedom in lieu of Schedule 1.

Moreover, the specific information disclosed in Schedule 1 reveals proprietary information with respect to entities other than Angelo Gordon. Pursuant to the confidentiality provision of the Freedom Stockholder's Agreement, Angelo Gordon does not have the authority to provide and disclose the information contained in Schedule 1. In fact, Freedom's outside counsel informed us that the information disclosed in Schedule 1 is confidential and must not be disclosed without Freedom's prior consent. Freedom has not provided Angelo Gordon with such consent.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Kevin J. Carey
March 7, 2011
Page 2

   Angelo Gordon has complied with all of its obligations under the Stipulation and otherwise, and there is no basis for the Noteholder Plan Proponents' request to compel Angelo Gordon to disclose information in addition to that which it produced to Noteholder Plan Proponents nearly a month ago.

   Thank you for your consideration.

                Respectfully submitted,

                Tom W. Davidson

cc:  All Counsel Entitled to Notice Pursuant to Paragraph 35 of the CMO

# EXHIBIT
# A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
|   |   |
|---|---|
| In re: | : Chapter 11 |
| TRIBUNE COMPANY et al., | : Case No. 08-13141 (KJC) |
| Debtors. | : (Jointly Administered) |
|   | : Re: Docket Nos. 7522, 7561 |

------------------------------ x

## ORDER APPROVING STIPULATION CONCERNING LAW DEBENTURE'S MOTION (D.I. 7522) TO COMPEL ANGELO GORDON TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULES 9014 AND 7037 AND FEDERAL RULE OF CIVIL PROCEDURE 37

Upon review and consideration of the *Stipulation Concerning Law Debenture's Motion (D.I. 7522) to Compel Angelo Gordon to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37* (the "Angelo Gordon Stipulation"), attached hereto as Exhibit 1, and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Angelo Gordon Stipulation is hereby APPROVED.

2. The parties to the Angelo Gordon Stipulation are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Angelo Gordon Stipulation.

3. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Angelo Gordon Stipulation or this Order.

Dated: February ___, 2011
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br>                           Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: Feb. 8 2011 at 10:00 a.m. (ET) |

### STIPULATION CONCERNING LAW DEBENTURE'S MOTION (D.I. 7522) TO COMPEL ANGELO GORDON TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULES 9014 AND 7037 AND FEDERAL RULE OF CIVIL PROCEDURE 37

WHEREAS Law Debenture Trust Company of New York ("Law Debenture") filed a motion (D.I. 7522) to compel Angelo, Gordon & Co., L.P. ("Angelo Gordon") to produce certain FCC-Related Documents (the "Motion");

WHEREAS Angelo Gordon has objected to the Motion;

WHEREAS the parties have negotiated a settlement that fully resolves the Motion on the terms and conditions set forth in this Stipulation and [Proposed] Order;

IT IS NOW HEREBY STIPULATED AND AGREED:

Subject to the following paragraphs of this Stipulation, Angelo Gordon will produce the following documents to Law Debenture relating to FCC matters ("FCC Discovery"):

1. With respect to Freedom Communications Holdings, Inc., Philadelphia Media Network, Inc., the publisher of The Philadelphia Inquirer, and TTBG LLC, the Certificate of Incorporation, Bylaws, Stockholders Agreement, Limited Liability

Company Agreement, Partnership Agreement, or similar documents, to the extent the same (x) are within Angelo Gordon's possession, and (y) show:

(a) the governance structure of such entity and any governance or management authority or rights of Angelo Gordon, including director designation or nomination rights; or

(b) the Equity Interest[1] or Debt Interest[2] held or managed by Angelo Gordon;[3] and

(c) to the extent that such documents do not reflect the information called for in Paragraph 1(b), a statement indicating whether Angelo Gordon owns a 5% or greater Equity Interest or more than a 33% Debt Interest, and, with respect to any 5% or greater Equity Interest, whether such interest is between 5% and 25%, exceeds 25% but is not more than 50%, or exceeds 50%.

2. With respect to the entities set forth on Exhibit A hereto,

(a) a statement indicating whether Angelo Gordon owns a 5% or greater Equity Interest or more than a 33% Debt Interest, and, with respect to any

---

[1] "Equity Interest" means any current direct or indirect ownership interest, excluding any contingent or future interest such as an option or warrant.

[2] "Debt Interest" means any debt.

[3] For purposes of paragraphs 1-2, "Angelo Gordon" means Angelo Gordon or any affiliate of Angelo Gordon.

5

Attorneys' Eyes Only," or "Confidential." Law Debenture reserves its rights pursuant to the Depository Order and Acknowledgement to challenge such designations, but will abide by the terms of the Depository Order and Acknowledgment applicable to such documents and, absent further order of the Court, will not use such documents in a bankruptcy or other court filing unless filed under seal. (Acknowledgment, ¶ 7) In addition, absent further order of the Court, Law Debenture agrees not to raise, utilize, provide or discuss any such documents (as identified in the preceding sentence), or facts learned therein, with the FCC, except to the extent such documents or facts are otherwise publicly available (other than by means of a violation of this Stipulation and Order). Angelo Gordon reserves all of its rights as set forth in Angelo Gordon's Objections and Responses to Law Debenture's Second Request for the Production of Documents.

4. The statements provided pursuant to this Stipulation shall be based on Angelo Gordon's knowledge, information and belief, formed after a reasonable, good faith inquiry. Angelo Gordon will use its reasonable best efforts to produce the foregoing documents on a rolling basis by February 11, 2011, and will in any event comply with its obligation under the Case Management Order to complete production within 15 days of this Order.

5. To the extent that Law Debenture wishes to submit a report on behalf of an FCC expert, such report shall be due on February 14, 2011 by 1 p.m. EST. To the extent that Angelo Gordon or any other proponent of the

7

Debtor/Committee/Lender Plan wishes to submit a rebuttal report on behalf of an FCC expert, such report shall be due on February 25, 2011.

Dated: February 4, 2011  
Wilmington, DE

BIFFERATO GENTILOTTI LLC

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (No.4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 429-1900

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
Sheron Korpus
Christine A. Montenegro
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Law Debenture Trust Company of New York*

Dated: February 4, 2011  
Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ M. Blake Cleary
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

- and –

AKIN GUMP STRAUSS HAUER AND FELD LLP
Tom W. Davidson, Esq.
1333 New Hampshire Avenue, NW
Washington, DC 20036

*Attorneys for Angelo, Gordon & Co., L.P.*

<u>**Exhibit A**</u>

| |
|---|
| Affiliated Media Inc. |
| Sun-Times Media Holdings LLC |
| ASP Westward, L.P. |
| Seattle Times Company |
| Swift Newspapers Inc. |
| Halifax Media Acquisition Inc. |
| American Consolidated Media, L.P. |
| GateHouse Media Inc |
| Fisher Communications Inc. |
| Black Crow Media Group |
| Newsweb Corporation |
| Cherry Creek Radio LLC |
| Citadel Broadcasting |
| Grupo Radio Centro |
| Entravision Communications Corp |
| ION Media Networks Inc. |
| Inner City Broadcasting Corporation |
| Journal Register company |
| Lazer Broadcasting Corporation |
| Liberman Broadcasting Inc. |
| Max Media LLC |
| Morris Communications Company |
| Midwest Communications Incorporated |
| Millennium Radio Group LLC |
| Nassau Broadcasting |
| NextMedia Group Inc. |
| NRG Media LLC |
| Radio One Inc. |
| Saga Communications Inc |
| Salem Communications Corporation |
| Sinclair Broadcast Group Inc. |
| Spanish Broadcasting Systems |
| Townsquare Media LLC |
| Broadcasting Media Partners [Univision] |
| Vox Media |
| WRNN-TV |
| ZGS Communications |