PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON*
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
JAMES M. DUBIN
ALICE BELISLE EATON
ANDREW J. EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C. FINCH
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
MICHAEL M. HIRSH
MICHELE HIRSHMAN
JOYCE S. HUANG
DAVID S. HUNTINGTON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG

DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
PETER J. ROTHENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
AIDRA J. SOLOWAY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
DANIEL J. TOAL
MARK A. UNDERBERG
LIZA M. VELAZQUEZ
MARIA T. VULLO
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
JULIA TM. WOOD
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

WRITER'S DIRECT DIAL NUMBER

212-373-3543

WRITER'S DIRECT FACSIMILE

212-492-0543

WRITER'S DIRECT E-MAIL ADDRESS

agordon@paulweiss.com

March 7, 2011

Via E-Mail

Honorable Kevin J. Carey
Chief United States Bankruptcy
United States Bankruptcy Court for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

*In re Tribune Company*, Case No. 08-13141 (KJC)

Dear Chief Judge Carey:

    We represent Citigroup Global Markets Inc. ("Citigroup"), non-plan proponents, in the above-captioned matter. We respectfully submit this letter in response to the letter from Aurelius Capital Management, LP ("Aurelius") on behalf of the Noteholder Plan Proponents, dated March 7, 2011 and which we received this morning at 2:22 a.m.

    Given the short amount of time that we have to respond, we only wish to make the following brief points:

1. We see little purpose in engaging in a prolonged, distracting and ultimately irrelevant debate on the central thesis of Aurelius' letter, namely, that Citigroup "inappropriately withheld" documents. Citigroup did no such thing. On the contrary, Citigroup produced the financial analysis in question over sixteen months ago in October 2009. In addition, Citigroup also produced various emails concerning that analysis (including emails that indicated multiple versions of the analysis existed, as well as Mr. Dilworth's role in creating the analysis) in August 2010. What Citigroup did not produce were documents that either (i) it properly had withheld as privileged, given the lawyer involvement in the creation of the document in dispute (as Aurelius did with respect to its financial analyses), or (ii)

Honorable Kevin J. Carey                                                                 2

documents from the files of those custodians that the Unsecured Creditors'
Committee, Wilmington Trust, and, later, Aurelius had previously agreed that
Citigroup did not have to search.

2. Accordingly, Aurelius' letter should be seen for what it is: an effort by Aurelius to
   evade an agreement it made three weeks ago to limit any further searches of
   Citigroup's files to five custodians. Notably, when it made this agreement,
   Aurelius made the tactical decision that it did not need documents from Mr.
   Dilworth's files. Nor did Aurelius ever request a deposition of Mr. Dilworth.

3. Aurelius made these tactical decisions notwithstanding a record that made clear
   precisely Mr. Dilworth's involvement in the creation of the documents in question
   and that there were multiple iterations. Here are the facts:

   (a) In July 2010, we informed the Examiner at the interview of Ms. Persily, and
       on the record, that the subject of the analysis at issue was from the files of Mr.
       Dilworth. *See* Interview Transcript at 193. Yet, no one ever requested
       documents from Mr. Dilworth's files or a deposition.

   (b) Included in its document production, Citigroup produced over 1,600
       documents involving Mr. Dilworth, indicating his intimate involvement in the
       Tribune LBO. Indeed, as Ms. Persily testified on February 1, 2011, Mr.
       Dilworth was not only on the Tribune deal team and a central decision-maker
       with respect to the transaction, but he also participated in the very deal review
       of the LBO transaction that led to the creation of the analysis. Yet again,
       there was never a request for either his deposition or documents from his files.

   (c) In fact, at every deposition that Aurelius has taken, they have showed
       Citigroup witnesses an email produced on August 5, 2010 that indicates that
       Mr. Dilworth was one of only three individuals involved in creating the
       analysis in question (and that there were multiple versions of that analysis). In
       response to questioning, these witnesses made clear that Mr. Dilworth was
       central in preparing the analysis. For example, at Ms. Persily's deposition on
       February 1, 2011, she testified that the analysis was prepared by a junior
       Citigroup analysis, Sachin Sarnobat, "with advice from" Mr. Dilworth. *See*
       Deposition Transcript at 312. Yet again, we heard nothing from Aurelius until
       this past weekend.

4. We believe that Aurelius' latest request should be rejected. First, as the above
   makes perfectly clear, Aurelius has known about Mr. Dilworth and his connection
   to the analysis since July 2010. Citigroup—which has now produced nearly
   325,000 pages of documents and has been requested by the parties no less than
   four times to produce additional materials—should not be required to go through
   the unnecessary effort of producing these documents based on Aurelius'
   pretextual request at this late date. Second, as Aurelius' letter demonstrates, it has
   all that it needs to present its case at the confirmation hearing and will suffer no
   prejudice if this belated request for discovery is denied. Indeed, because only
   three people worked on Citigroup's leveraged finance team for the Tribune LBO
   (Ms. Persily, Mr. Sarnobat and Mr. Dilworth) and because we have produced all

Honorable Kevin J. Carey                                                                                3

of the emails from Ms. Persily's and Mr. Sarnobat's files, we believe that it is highly unlikely that additional searches of Mr. Dilworth's files would yield any unique documents. And, moreover, Aurelius has already deposed two individuals about the financial analysis in question (including the junior analyst who literally created the document). Nothing in the newly-produced documents would change those witnesses' testimony concerning Citigroup's view that Tribune would remain solvent following its funding of Step Two. In short, Aurelius does not need what it is requesting.

5. Finally, we are troubled by Aurelius' conduct here. The bottom line is that the result of the meet-and-confer, and as requested by the Court, the parties had an agreement about the scope of Citigroup's discovery obligations. The recently-produced documents of which Aurelius complains provide no new information and certainly shed no new light on Mr. Dilworth's involvement in the creation of the analysis. We respectfully submit that this Court should say 'enough,' reject Aurelius' belated and pretextual requests for yet more discovery, and not impose a requirement that Citigroup now search its files for an unprecedented fifth time. We are not aware of any third party who has been so required, and we respectfully submit that Citigroup should not be the first.

Citigroup therefore respectfully asks that this Court deny Aurelius' requests.

Respectfully,

Andrew Gordon

cc:    All Counsel Entitled to Notice Pursuant to Paragraph 35 of the CMO