# APPENDIX A

Volume C Collier on Bankruptcy App. Pt. 4(d)(i) (15th ed. rev.)

LEGISLATIVE HISTORY—1978 ACT          App. Pt. 4(d)(i)

separate components must be tested. Subparagraph (A) is identical with the test under section 1129(b)(1)(A) insofar as the holder of an unsecured claim is not permitted to receive property of a value as of the effective date of the plan on account of such claim that

[416]

is greater than the allowed amount of such claim. In addition, subparagraph (B) requires compliance with one of four conditions. The conditions in clauses (i)-(iii) mirror the conditions of acceptance unimpairment, or full value found in connection with secured claims in section 1129(b)(1)(B).

The condition contained in section 1129(b)(2)(B)(iv) provides another basis for confirming the plan with respect to a class of unsecured claims. It will be of greatest use when an impaired class that has not accepted the plan is to receive less than full value under the plan. The plan may be confirmed under clause (iv) in those circumstances if the class is not unfairly discriminated against with respect to equal classes and if junior classes will receive nothing under the plan. The second criterion is the easier to understand. It is designed to prevent a senior class from giving up consideration to a junior class unless every intermediate class consents, is paid in full, or is unimpaired. This gives intermediate creditors a great deal of leverage in negotiating with senior or secured creditors who wish to have a plan that gives value to equity. One aspect of this test that is not obvious is that whether one class is senior, equal, or junior to another class is relative and not absolute. Thus from the perspective of trade creditors holding unsecured claims, claims of senior and subordinated debentures may be entitled to share on an equal basis with the trade claims. However, from the perspective of the senior unsecured debt, the subordinated debentures are junior.

This point illustrates the lack of precision in the first criterion which demands that a class not be unfairly discriminated against with respect to equal classes. From the perspective of unsecured trade claims, there is no unfair discrimination as long as the total consideration given all other classes of equal rank does not exceed the amount that would result from an exact aliquot distribution. Thus if trade creditors, senior debt, and subordinate debt are each owed $100 and the plan proposes to pay the trade debt $15, the senior debt $30, and the junior debt $0, the plan would not unfairly discriminate against the trade debt nor would any other allocation of consideration under the plan between the senior and junior debt be unfair as to the trade debt as long as the aggregate consideration is less than $30. The senior debt could take $25 and give up $5 to the junior debt and the trade debt would have no cause to complain because as far as it is concerned the junior debt is an equal class.

Case 08-13141-BLS   Doc 8324-1   Filed 03/09/11   Page 3 of 3

Volume C Collier on Bankruptcy App. Pt. 4(d)(i) (15th ed. rev.)

App. Pt. 4(d)(i)              COLLIER ON BANKRUPTCY

However, in this latter case the senior debt would have been unfairly discriminated against because the trade debt was being unfairly overcompensated; of course the plan would also fail unless the senior debt was unimpaired, received full value, or accepted the plan, because from its perspective a junior class received property under the plan. Application of the test from the perspective of senior debt is best illustrated by the plan that proposes to pay trade debt $15, senior debt $25, and junior debt $0. Here the senior debt is being unfairly discriminated against with respect to the equal trade debt even though the trade debt receives less than the senior debt. The discrimination arises from the fact that the senior debt is entitled to the rights of the junior debt which in this example entitle the senior debt to share on a 2:1 basis with the trade debt.

[417]

Finally, it is necessary to interpret the first criterion from the perspective of subordinated debt. The junior debt is subrogated to the rights of senior debt once the senior debt is paid in full. Thus, while the plan that pays trade debt $15, senior debt $25, and junior debt $0 is not unfairly discriminatory against the junior debt, a plan that proposes to pay trade debt $55, senior debt $100, and junior debt $1, would be unfairly discriminatory. In order to avoid discriminatory treatment against the junior debt, at least $10 would have to be received by such debt under those facts.

The criterion of unfair discrimination is not derived from the fair and equitable rule or from the best interests of creditors test. Rather it preserves just treatment of a dissenting class from the class's own perspective.

If each class of secured claims satisfies the requirements of section 1129(b)(1) and each class of unsecured claims satisfies the requirements of section 1129(b)(2), then the court must still see if each class of interests satisfies section 1129(b)(3) before the plan may be confirmed. Again, two separate criteria must be met. Under subparagraph (A) if the interest entitles the holder thereof to a fixed liquidation preference or if such interest may be redeemed at a fixed price, then the holder of such interest must not receive under the plan on account of such interest property of a value as of the effective date of the plan greater than the greater of these two values of the interest. Preferred stock would be an example of an interest likely to have liquidation preference or redemption price.

If an interest such as most common stock or the interest of a general partnership has neither a fixed liquidation preference nor a fixed redemption price, then the criterion in subparagraph (A) is automatically fulfilled. In addition subparagraph (B) contains five clauses that impose alternative