# EXHIBIT A

Issued by: **THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE<br><br>In re: TRIBUNE COMPANY, et al., Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>**SUBPOENA IN A BANKRUPTCY CASE** |

To:   The Chubb Corp.
      c/o Stephanie Rubino, Esq.
      Vice President & Associate Counsel
      Chubb & Son, a division of Federal Insurance Company
      15 Mountain View Road
      Warren, New Jersey 07059

| ☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY: | COURTROOM: |
| | DATE AND TIME: |

| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION: | DATE AND TIME: |

| ■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   <u>All documents requested and described on the attached Schedule of Documents Requested.</u> | |
|---|---|
| **PLACE:**<br>**LANDIS RATH & COBB LLP**<br>**919 Market Street, Suite 1800**<br>**Wilmington, Delaware 19899** | **DATE AND TIME:**<br>On or before March 23, 2011 |

| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |
| | |

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br><br>Attorney for Official Committee of Unsecured Creditors of Tribune Company | DATE<br><br>March 9, 2011 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Matthew B. McGuire (DE Bar No. 4366)<br>LANDIS RATH & COBB LLP<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19899<br>Telephone: (302) 467-4416 | |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME)<br><br>The Chubb Corp.<br>    c/o Stephanie Rubino, Esq.<br>    Vice President & Associate Counsel<br>    Chubb & Son, a division of Federal Insurance Company<br>    15 Mountain View Road<br>    Warren, New Jersey 07059 | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Fed.R.Civ.P., Parts (c) & (d):**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE OF DOCUMENTS REQUESTED

In accordance with the request made by the Official Committee of Unsecured Creditors of Tribune Company, et al., **THE CHUBB CORP.** (the "Producing Party") is to produce any and all documents and materials responsive to the requests below:

### INSTRUCTIONS

1.   These document requests are intended to encompass each and every non-identical copy and draft of the documents requested, as well as all documents which are in the actual or constructive possession, custody or control of, or are available upon the request of the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys.

2.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, these requests for production shall be deemed to be continuing in character so as to require further and supplemental production of documents if the Producing Party obtains further or additional documents or material responsive to any of these requests.

3.   Each document request should be construed independently, and not in reference to any other document request for purposes of limitation.

4.   In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety without redaction. Documents that are segregated or separated from other documents, whether by inclusion and binders, files or sub-files, or by the use of dividers, tabs or any other method, shall be produced in that form. Documents shall be produced in the manner and order in which they

CPAM: 3706010.2

are maintained in the ordinary and usual course of business, or shall be organized and labeled to correspond to particular document requests while maintaining for each group of responsive documents the manner and order which they are maintained in the ordinary and usual course of business.

5.  If the Producing Party objects to any particular portion of any request herein, it is required to produce documents in response to all other portions of such request as to which there is no objection.

6.  As required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, if the Producing Party asserts a claim of attorney-client privilege, work product doctrine or any other privilege or immunity with respect to any document request or portion thereof, the objection shall identify the nature of the privilege or immunity being claimed and describe the nature of the documents not produced or disclosed in a manner that will enable the Committee to assess the claim of privilege or immunity, including: (i) the type of document (e.g., letter, memorandum, report, etc.); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s) or sender(s) of the document; (e) the addressee(s) of the document; and (f) each person who received a copy of the document.

7.  If any document or any portion thereof responsive to any request herein has been discarded or destroyed in whole or part, the Producing Party shall produce the following information: (i) the date the document was discarded or destroyed; (ii) the reason(s) the document was discarded or destroyed; (iii) the person(s) who discarded or destroyed the documents; and (iv) where the document was maintained prior to its destruction.

8.  Any document or materials requested herein that the Producing Party maintains in electronic form shall be produced in tagged image file format ("TIFF") or portable

document format ("PDF") files with extracted full text for electronic documents, except that all spreadsheets, including but not limited to those created with Excel software, shall be produced in their native form. Additionally, metadata shall be provided with each electronic production.

9. The Committee hereby reserves all rights to expand or supplement all requests for information and documents set forth herein.

## DEFINITIONS

1. "You" or "your" means the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and other persons acting, or who have acted, on its behalf or who are under its control.

2. "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

3. "Document" means the original and any nonidentical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office

3

communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

4. "Communication" means transmittal of information by any means.

5. "Related to," "relate to," "relating to," "concerning" and "refer to" mean having any relationship with or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical or causal connection.

6. "All," "each" and "any" shall be construed to mean all, each, every and any so as to be as expansive as possible.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all documents that might otherwise be construed to be outside of its scope.

8. "Including" means including but not limited to.

9. "Chubb" means The Chubb Corp., The Chubb Group of Insurance Companies, Chubb & Son, Federal Insurance Company, or any other insurer affiliated with or related to any of them.

10. "Debtors" means Tribune (defined below) and its affiliated debtors in these Chapter 11 cases, including the Guarantor Subsidiaries (defined below), and each of their present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and any other persons acting, or who have acted, on their behalf.

11. "D&O Insureds" means any person or entity who is covered by any one or more of the Policies, as defined below, which provides directors' and officers' liability coverage.

12. "Policies" means any insurance policy issued by Chubb, including but not limited to Policy Nos. 8130-1880, 8130-1881, 6803-3016, and 8209-4590 with Federal Insurance Company, which provide directors' and officers' liability liability coverage, issued to or in effect for the benefit of any of the Debtors, or any of their directors, officers, employees, agents, members, professionals or advisors, or any other person in respect of matters relating to Tribune, at any time on or after December 8, 2008, or with respect to claims made on or after December 8, 2008.

13. "Guarantor Subsidiaries" means any or all of the Tribune subsidiaries deemed material under the Credit Agreement, any and all predecessors or successors in interest thereof, and any and all of their officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, researchers, contractors, advisors, accountants and attorneys, and any other persons acting, or who have acted, on their behalf.

14. "Tribune" means Tribune Company, any and all predecessors or successors in interest thereof, and any and all of its officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, researchers, contractors, advisors, accountants and attorneys, and any other persons acting, or who have acted, on its behalf.

## REQUESTS

1. Copies of the Policies, including without limitation the full text of any such policies and all endorsements, riders and amendments to any such Policies.

2. Documents concerning all claims made against the Policies, including but not limited to documents reflecting when such claims were made, by whom such claims were made, for what amount(s) such claims were made, and the nature of the claims that were asserted.

3. Documents concerning all demands for payment or invoices (paid or unpaid) received by Chubb against any of the Policies.

4. Documents concerning any payments made to any person against or pursuant to any of the Policies.

5. Documents concerning the erosion of limits in any of the Policies in aggregate for any claim(s) against the D&O Insureds since the inception of the Policies.

6. Documents concerning the erosion of limits in any of the Policies through the payment of defense costs against the D&O Insureds by calendar year since the inception of the Policies.

7. , Documents concerning the erosion of limits in any of the Policies through the payment of damages against the D&O Insureds by calendar year since the inception of the Policies.

8. Documents concerning any criteria that Chubb, any reinsurance company, any excess insurer, or any other primary insurer under any of the Policies uses or has used with regard to the Policies in order to make decisions as to which or whose claims, invoices or demands for payment to pay, and/or in what amounts, and/or at what time(s).

9. Documents reflecting any and all communication, correspondence, emails or other documents between Chubb and any other insurer, insured person, or third party concerning the Policies, including, without limitation, any reservation-of-rights letters or letters disclaiming coverage.

10. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any excess layer insurer regarding any claims against the D&O Insureds or otherwise related to the Policies.

11. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any reinsurance company with respect to any claims against the D&O Insureds or otherwise related to the Policies.

12. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any actuary with respect to any claims against the D&O Insureds or otherwise related to the Policies.

13. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any accountant or auditor with respect to any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

14. Documents including correspondence, memoranda or other communications between Chubb and counsel representing the D&O Insureds with respect to any claims against the D&O Insureds or otherwise related to the Policies.

15. Documents referring to or evidencing how much Chubb has reserved in respect of any claims against the D&O Insureds or otherwise related to the Policies.

8