IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, et al. ) | |
| ) | Case No. 08-13141 (KJC) |
| Debtors. ) | |
| ) | JOINTLY ADMINISTERED |
| ) | |
| ) | Objection Deadline: March 15, 2011 at 4:00 p.m. ET |
| ) | Hearing Date:   March 22, 2011 at 10:00 a.m. ET |
| ) | |
| ) | Related to Docket No. 8287 |

**LIMITED OBJECTION OF SCARBOROUGH RESEARCH TO THE MOTION OF THE DEBTORS FOR AN ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE**

Scarborough Research ("Scarborough") by and through its undersigned counsel and pursuant to 11 U.S.C. §365(b), hereby makes the following limited objection to the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123 and 1129 of the Bankruptcy Code [Docket No. 8287] ("Motion"), on the grounds and to the extent that the procedure described in the Motion leaves unclear the characterization of Scarborough's contracts and whether Scarborough's proofs of claims will be affected by the Motion. In further support of its limited objection, Scarborough states as follows.

## Introduction

1.     On or about December 8, 2008 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. The Court subsequently entered an order directing the procedural consolidation and joint administration of

the Debtors' chapter 11 cases. Debtors have continued to operate their businesses as debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

2.   This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § (b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.   Scarborough is a creditor of certain of the Debtors and has filed proofs of claim against Tribune Company and certain Subsidiary Debtors (the "Scarborough Claims") arising out of pre-petition agreements.

4.   Debtors and Scarborough have entered into new, post-petition agreements, and, by written agreement, have terminated their prior contracts. In their post-petition agreement, the parties confirmed the correct dollar amount of the pre-petition services rendered by Scarborough (which form the basis of the Scarborough Claims).

## The Debtors' Pending Motion

5.   In their Motion, the Debtors assert that the Debtor/Committee/Lender Plan provides as a default that the proposed cure for assumed contracts will be zero dollars unless otherwise indicated. Motion, p. 8.

6.   The Motion seeks approval of certain procedures with respect to the fixing of (or resolution of disputes concerning) cure amounts for several categories of executory contracts, including: (1) executory contracts for which proposed cure amounts are listed on Exhibit A and Exhibit B to the Motion; and (2) executory contracts not listed on the exhibits to the Motion but which are associated with claims against the Debtors that are below certain specified amounts, apparently in the aggregate (respectively, the "Threshold Amounts"). Motion, pp. 18-19.

7.   The Debtors seek the fixing of a deadline for creditor objections to the cure amounts set forth on Exhibits A and B. Debtors further seek authorization to cure any assumed

contracts not listed in those Exhibits and for which the associated claims are below the Threshold Amounts (by paying the claims in full at the Initial Distribution Date or after resolution of disputes concerning them). Motion, p. 21, Paragraph 33.

8. Debtors' Motion further provides that executory contracts which have been modified, amended or supplemented during the chapter 11 cases by, inter alia, restatement, waiver, instruments or agreements will retain their prepetition character and be deemed assumed as modified or supplemented. Motion, p. 7. However, contracts that have expired or terminated "pursuant to the terms of such contract" prior to the Effective Date will not be deemed assumed. Motion, p. 7, n. 8.

### Objections to the Motion

9. Scarborough is not listed on Exhibits A or B to the Motion, but the Scarborough Claims do not fall below the Threshold Amounts. In addition, as noted above, while Scarborough's pre-petition contracts have been terminated, they have been terminated pursuant to a subsequent, post-petition agreement.

10. Due to the complexity of the Motion and the Debtor/Committee/Lender Plan provisions and because Scarborough's claims exceed the Threshold Amounts, Scarborough cannot determine with certainty the proposed treatment of the Scarborough Claims under the Motion.

11. Consequently, as a precautionary measure, Scarborough objects to the Motion to the extent there is an ambiguity about the characterization of its pre-petition contracts with the Debtors or the post-petition agreement relating to it and to the extent the Motion might be deemed to seek authorization to pay the Scarborough Claims at zero dollars or to afford notice of that intent.

12. Scarborough respectfully requests that this Court include in any order entered on the Motion a clarification that Scarborough's Claims are not subject to the zero dollar cure amount and are not otherwise adversely affected by the Motion.

DATED: March 15, 2011

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*(signature)*

Margaret F. England (Bar No. 4248)
300 Delaware Ave., Suite 1210
Wilmington, DE  19801
Telephone: (302) 425-0430
Fax: (302) 425-0432

*Attorneys for Scarborough Research*

Of Counsel :

McGuireWoods LLP
Patricia K. Smoots
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100

\9643381.1

4