**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | ) ) | Case No. 08-13141 (KJC) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) | **Related to Docket No. 8287** |

**OBJECTION AND RESERVATION OF RIGHTS
OF CROWN CREDIT COMPANY AND CROWN
EQUIPMENT CORPORATION TO MOTION FOR AN
ORDER ESTABLISHING PROCEDURES FOR (I) FIXING
CURE AMOUNTS AND (II) PROVIDING NOTICE OF
ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES
BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO
SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE**

Crown Credit Company and Crown Equipment Corporation, by their counsel, hereby object to the *Motion For An Order Establishing Procedures For (i) Fixing Cure Amounts And (ii) Providing Notice Of Assumption And/Or Assignment Of Certain Executory Contracts And Unexpired Leases By A Successor Reorganized Debtor Pursuant To Sections 365, 1123, And 1129 Of The Bankruptcy Code* (Docket No. 8287) (the "**Cure Motion**"), and set forth the following:

1. On December 8, 2008, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These cases are being jointly administered.

2. Each of Crown Equipment Corporation ("**Crown Equipment**") and Crown Credit Company ("**Crown Credit**" and collectively with Crown Equipment, "**Crown**") have filed multiple proofs of claims against certain of the Debtors.

SL1 1059807v1/000000.00000

3. On March 7, 2011, Debtors filed the Cure Motion. Exhibit B to the Cure Motion entitled "Subsidiary Assumed Contracts" lists certain leases through vendor "Crown Equipment Corporation (f/k/a Crown Lift Trucks)." Crown Lift trucks is the d/b/a name of Crown Equipment.

4. Crown Equipment believes that the leases listed on Exhibit B actually belong to Crown Credit, because Crown Equipment's claims against Debtors do not involve any executory contracts subject to assumption. Rather, Crown Equipment's claims are based solely involve on open account invoicing. Additionally, Exhibit B to the Cure Motion lists a cure amount due to Crown Equipment from Debtor Sun-Sentinel Company, LLC. However, Crown Equipment has no such claim against Sun-Sentinel Company, LLC. Only Crown Credit has a claim against Sun-Sentinel Company, LLC. In short, Crown submits that Debtors have confused Crown Equipment with its subsidiary Crown Credit, a wholly owned, but separately incorporated entity.

5. The Cure Amounts listed for Crown Equipment also are incorrect. Exhibit B to the Cure Motion provides that the cure amount for the contract with Los Angeles Times Communications LLC is $13,017.43; but Crown's records show that this cure amount should be $907,772.31. Additionally, the cure amount for the contract with Sun-Sentinel Company, LLC is listed as $11,928.74; but Crown's records show that this cure amount should be $38,637.81.

6. In addition, there may be claims, causes of action or other matters that have accrued (of which Crown may be unaware) or which hereafter may accrue prior to assumption (and of which Crown cannot and will not be aware) which will or may be asserted after assumption. These types of claims, causes of action or other matters may include, without limitation: (i) tort or other claims or causes of action for which Crown has indemnification rights against the Debtors under the applicable contract; and (ii) taxes that may become due to various

taxing authorities.  Crown submits that such claims, causes of action or other matters, which have not yet become due, or in respect of which Debtors have not yet breached their obligation to Crown are not defaults subject to cure under section 365 of the Bankruptcy Code; and, accordingly, subsequent to assumption, Crown fully reserves the right to assert any such claims, causes of action or other matters.

    WHEREFORE, Crown hereby respectfully objects to the Motion to Cure and to any assumption of Crown contracts by Debtors unless and until a proper cure of all defaults is made by Debtors under and as required by section 365 of the Bankruptcy Code.  Crown further reserves its rights as explained herein; and objects to the entry of any order that purports to impair Crown's rights to assert any such claims or causes of action, including without limitation, its indemnification rights or other matters, subsequent to assumption.  Crown further requests all other relief to which it is or may become entitled.

Dated:  March 15, 2011    STEVENS & LEE, P.C.

    /s/ John D. Demmy_____
    John D. Demmy (DE Bar No. 2802)
    Meghan A. Cashman (DE Bar No. 5463)
    1105 North Market Street, 7th Floor
    Wilmington, Delaware 19801
    Telephone:  (302) 425-3308/3307
    E-mail:  jdd/maca@stevenslee.com

    AND

    Robert G. Hanseman, Esq.     (0071825)
    SEBALY SHILLITO + DYER
    A Legal Professional Association
    40 North Main Street
    1900 Kettering Tower
    Dayton, OH  45423-1013
    Telephone:  (937) 222-2500
    Telefax:  (937) 222-6554
    Email:  Rhanseman@ssdlaw.com