UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, et al., ) | |
| ) | Case No. 08-13141 (KJC) |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Re: D.I. 8287 |

**LIMITED OBJECTION OF CREDITOR GENERAL ELECTRIC CAPITAL CORPORATION TO MOTION OF THE DEBTORS FOR AN ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE**

General Electric Capital Corporation ("GE Capital"), submits its limited objection to the Motion of the Debtors[1] for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (the "Global Contract Motion"). (Docket No. 8287). In support of its limited objection to the Global Contract Motion, GE Capital states as follows:

**FACTUAL BACKGROUND**

GE Capital is an equipment and vehicle lessor to multiple Debtors. Exhibit B to the Global Contract Motion describes some of GE Capital's leases with some of the Subsidiary entities. Exhibit A to the Global Contract Motion omits any reference to the leases between GE Capital and the Tribune Company. GE Capital's various leases with the Debtor are described

---

[1] All capitalized terms not defined herein, including the list of Debtors provided in footnote 1 to the Motion, shall have the same meaning as ascribed to them in Debtors' Motion (Docket No. 8287).

more fully in the Proofs of Claim filed by GE Capital in this case. (Claim Nos. 4760, 4761, 4762, 4763, 5578, and 5579). GE Capital is currently in the process of calculating the appropriate cure amounts for each of the leases between it and the Debtors.

### OBJECTIONS

The Global Contract Motion seeks an order establishing a procedure for fixing cure amounts and resolving objections thereto. GE Capital objects to the Global Contract Motion as follows:

1. <u>The Motion Attempts to Transfer Discretion Belonging to the Court to the Debtors.</u>

The procedural mechanism proposed by the Global Contract Motion to resolve objections to proposed cure amounts grants too much discretion to the Debtors. Specifically, for a counter-party to object to a proposed cure amount, the Debtors request that such party's Response comply with specific requirements. (Motion, ¶ 36). GE Capital does not find these requirements objectionable, but the Global Contract Motion also requests that the Court vest the Debtors with certain gate-keeping authority, which GE Capital does find objectionable. Specifically, the Debtors request that if any Response is not in compliance with the stated requirements, then "without any further notice to or action, approval or order by, the Bankruptcy Court" the counter-party will be bound by the cure amount proposed by the Debtors. (Motion, ¶ 38). Because the Debtors reserve the authority to determine which Responses warrant a resolution before the Court (Motion, ¶ 37), the effect of this mechanism grants the Debtors the ability to effectively overrule any Response which they deem in their sole discretion to not comply with the stated requirements. The authority to overrule an objection on any grounds rests with the Court, not the Debtor.

2. The Motion Lacks Clarity as to the Treatment of Omitted Cure Payments.

The Global Contract Motion is not clear whether the Debtors intend to cure any of the contracts not specifically listed in the exhibits attached thereto. Paragraphs 30 through 35 of the Global Contract Motion suggest treatment for executory contracts and unexpired leases not included in Exhibits A, B, or C, but those paragraphs are included as a catch-all for contracts falling below a certain monetary threshold or otherwise not meeting the criteria for inclusion in Exhibits A, B, or C. The Global Contracts Motion can be read to propose a cure amount of zero dollars for any executory contract or unexpired lease that meets the criteria for Exhibits A, B, or C, but which is not included in those exhibits. GE Capital and the Debtors have at lease one lease which satisfied the criteria for inclusion of Exhibit A or Exhibit B, but which is not so included. Out of an abundance of caution, to the extent GE Capital has contracts with the Debtors which satisfy the criteria for inclusion in Exhibits A or B of the Global Contract Motion, but which are not so included in those Exhibits, then GE Capital reserves the right to object to the Debtors' proposed, or yet un-proposed, cure amounts.

3. Reservation of All Other Rights

GE Capital expressly reserves its right with respect to: (i) its equipment and its vehicles; (ii) any and all leases between GE Capital and one or more of the Debtors; and (iii) all rights to object in whole or in part to the any cure amounts proposed by the Debtors.

WHEREFORE, GE Capital respectfully request that this Court (i) sustain this Limited Objection and (ii) grant such other and further relief to GE Capital as is appropriate.

Dated: March 15, 2011  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kathleen A. Murphy  
Kathleen A. Murphy (No. 5215)  
1201 N. Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
Email: kmurphy@reedsmith.com

Counsel to General Electric Capital Corporation