# EXHIBIT A

(Proposed Form of Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re                                           Chapter 11

TRIBUNE COMPANY, et al.,[1]                     Case No. 08-13141 (KJC)

                                                Jointly Administered
                Debtors.

ORDER (I) DETERMINING THAT CREDITORS HAVE RETAINED THEIR STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS TO RECOVER STOCK REDEMPTION PAYMENTS MADE TO STEP ONE SHAREHOLDERS AND STEP TWO SHAREHOLDERS PURSUANT TO 11 U.S.C. § 546(A); (II) DETERMINING THAT AUTOMATIC STAY DOES NOT BAR COMMENCEMENT OF LITIGATION ON ACCOUNT OF SUCH CLAIMS AGAINST SUCH SHAREHOLDERS OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY TO PERMIT COMMENCEMENT OF SUCH LITIGATION; AND (III) GRANTING LEAVE FROM MEDIATION ORDER TO PERMIT COMMENCEMENT OF SUCH LITIGATION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as successor Indenture Trustee for certain series of Senior Notes, and Law Debenture Trust Company of New York, in its capacity as successor Indenture Trustee for certain series of Senior Notes, for entry of an order (I) determining that creditors have regained their state law constructive fraudulent conveyance claims to recover stock redemption payments made to Step One Shareholders and Step Two Shareholders due to the expiration of the statute of limitations under 11 U.S.C. § 546(a); (II) determining that the automatic stay does not bar the commencement of litigation by or on behalf of creditors with respect to such claims or, in the alternative, granting relief from the automatic stay to permit the commencement of such litigation; and (III) granting leave from the Mediation Order to permit the commencement of such litigation (the "Motion");[2] and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; and the Court having considered the Motion; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to Bankruptcy Code section 546(a), creditors have regained the right to prosecute their respective Creditor SLCFC Claims against Step One Shareholders and Step Two Shareholders.

3. The right to prosecute a Creditor SLCFC Claim no longer constitutes property of the Debtors' estates.

---

[2] Each capitalized term used but not defined herein shall bear the meaning ascribed to such term in the Motion.

4. The automatic stay of Bankruptcy Code section 362 does not bar the commencement of litigation by or on behalf of creditors on account of Creditor SLCFC Claims or, in the alternative, the automatic stay is lifted solely to permit the commencement of such litigation.

5. The **filing of a complaint by or on behalf of creditors on account of Creditor SLCFC Claims including, without limitation, any** Complaint~~(s) may be~~ filed by any plaintiff in the Original Plaintiff Group ~~without violating~~**, shall not be a violation of** the automatic stay of Bankruptcy Code section 362 or, in the alternative, the automatic stay is lifted solely to permit the filing of such Complaint(s).

6. To the extent the Mediation Order stays the commencement of any Creditor SLCFC Claims, leave is hereby granted to permit the filing of the ~~Complaint(s)~~**complaint(s) referenced in paragraph 5 above**.

**7.** **Nothing in this Order shall prejudice the rights of the litigation trust and the creditors' trust established under the DCL Plan to pursue whatever claims are properly asserted by such trusts.**

**8.** **Nothing in this Order shall be deemed to authorize the Movants, individually or collectively, to commence litigation or assert any claim on account of Creditor SLCFC Claims for or on behalf of any other creditor or party in interest.**

**9.** ~~7.~~ This Court shall~~, except with respect to the prosecution of the Creditor SLCFC Claims,~~ retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated:                    , 2011

   Wilmington, Delaware

                                              HONORABLE KEVIN J. CAREY
                                              Chief United States Bankruptcy Judge

Document comparison by Workshare Professional on Thursday, March 17, 2011 12:43:37 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://CPAMDMS/CPAM/3727967/1 |
| Description | #3727967v1<CPAM> - Tribune - Proposed Order re State Law Constructive Fraudulent Transfers |
| Document 2 ID | interwovenSite://CPAMDMS/CPAM/3727967/2 |
| Description | #3727967v2<CPAM> - Tribune - Proposed Order re State Law Constructive Fraudulent Transfers |
| Rendering set | chadbourne |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 13 |