IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| TRIBUNE COMPANY, *et al.*, : | Case No.: 08-13141 (KJC) |
| : | |
| Debtors. : | Jointly Administered |
| : | |
| : | Objection Deadline: March 15, 2011 at 4:00 p.m. ET, |
| : | (extended to March 17, 2011 at 4:00 p.m. ET by |
| : | agreement of the parties) |
| : | Hearing Date: March 22, 2011 at 4:00 p.m. ET |
| : | Related to Docket No. 8287 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CCI EUROPE A/S TO MOTION OF THE DEBTORS FOR AN ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE**

CCI Europe A/S ("CCI"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), and as grounds for such Objection, respectfully states as follows:

1. CCI and one or more of the above-captioned debtors (collectively, the "Debtors") are parties to certain executory contracts (the "CCI Contracts") under which the Debtors owe outstanding amounts, which amounts are memorialized in the Debtors' schedules and/or in proofs of claim filed by CCI in the Debtors' chapter 11 cases.

2. Pursuant to Section 6.1.1 of the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 7801) (as amended, the "Debtor/Committee/Lender Plan"), all executory contracts will be deemed assumed in accordance with, and subject to the provisions of Bankruptcy Code sections 365 and 1123 unless such executory contracts were previously assumed or rejected, previously expired or terminated, are subject to certain pending assumption or rejection motions or are otherwise subject to certain conditions set forth in the Plans. See Debtor/Committee/Lender Plan Section 6.1.1. As of the date of this Objection, it appears that the CCI Contracts will be assumed and assigned to the applicable Reorganized Debtor (as such term is defined in the Debtor/Committee/Lender Plan) pursuant to Section 6.1.1 of the Debtor/Committee/Lender Plan if confirmed.

3. Furthermore, Section 6.2 of the Debtor/Committee/Lender Plan states that the proposed cure amount for any executory contract shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of a plan supplement. See Debtor/Committee/Lender Plan Section 6.2.

4. By this Objection, CCI expressly incorporates by reference its Limited Objection and Reservation of Rights of CCI Europe, A/S to Confirmation of Proposed Plans of Reorganization (Docket No. 7963) (the "Limited Objection to Confirmation"), in which CCI previously asserted the necessity that the Debtors be required to cure all defaults under the CCI Contracts as a condition to assumption and assignment of such contracts in accordance with Bankruptcy Code section 365(b)(1)(A). CCI further asserts that the Global Contract Motion and exhibits attached thereto do not adequately address and resolve the Limited Objection to

Confirmation, to the extent any conclusion to the contrary is set forth in the Global Contract Motion.

5.  The Global Contract Motion explicitly references CCI's Limited Objection to Confirmation and the Debtor/Committee/Lender Plan provisions concerning executory contract assumption and cure and, among other things, proposes a process by which the Debtors and assumed contract counterparties will resolve or litigate cure disputes that arise in connection with the proposed assumption and assignment of executory contracts.

6.  The Global Contract Motion also attaches exhibits setting forth certain contracts that the Debtors apparently intend to assume and assign to applicable Reorganized Debtor entities, along with cure amounts proposed to be paid in connection with such assumption and assignment.

7.  Exhibit B to the Global Contract Motion appears to include certain of the CCI Contracts as contracts to be assumed and assigned. However, none of the contracts are identified with sufficient specificity to conclusively determine which of the CCI Contracts are actually proposed to be assumed, as the contracts are identified only by counterparties and in some cases such counterparty information appears to be inconsistent with existing CCI Contract documentation. Moreover, the cure amounts for each of the CCI Contracts are listed as "TBD" so no specific cure amount has actually yet been proposed with respect to any such contracts. CCI respectfully submits that it is unreasonable for CCI to be bound by the proposed procedures set forth in the Global Contract Motion where the Debtors have failed to include sufficient information that would enable CCI to determine which contracts are subject to the Global Contract Motion and have furthermore proposed no cure amount whatsoever with respect to such contracts.

8.      Finally, CCI joins in the Limited Objection to the Global Contract Motion filed by General Electric Capital Corporation (Docket No. 8365) to the extent that such objection objects to any procedure proposed by the Global Contract Motion that would broadly vest in the Debtors the Court's own discretion and authority to hear and overrule any Responses filed in connection with the proposed cure procedures or otherwise raising any other issues in connection with the proper assumption of executory contracts under Bankruptcy Code section 365.

9.      CCI submits that the foregoing objections to the Global Contract Motion may be resolved by certain modifications to the proposed order as set forth in Exhibit A to this Objection. Notwithstanding the foregoing, however, CCI hereby reserves its rights with respect to the ultimate treatment of the CCI Contracts under the procedures proposed by the Global Contract Motion and/or under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to object to the determination of any cure amounts to be paid in connection with the assumption of any or all of the CCI Contracts and the right to dispute the omission or exclusion of any CCI Contracts from the contracts to be assumed and assigned.

WHEREFORE, CCI respectfully requests that (i) the proposed order submitted with the Global Contract Motion be modified in accordance with the proposed changes set forth in Exhibit A; and (ii) CCI be granted such other relief as this Court deems just and proper.

Dated: March 17, 2011
Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By: /s/ Christopher S. Chow
Christopher S. Chow (I.D. No. 4172)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: chowc@ballardspahr.com

Counsel for CCI Europe A/S