# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. ____** |

## ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE

This matter having come before the Court on the motion (the "Global Contract Motion") of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by which the Debtors request the entry of an order, pursuant to sections 365, 1123, and 1129 of the Bankruptcy Code, 365 and 1123(a) and (b) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") establishing procedures to (i) fix cure

amounts with respect to the assumption of certain executory contracts and unexpired leases that

the Debtors anticipate assuming pursuant to the Debtor/Committee/Lender Plan[2] upon the

Effective Date of the Plan, and (ii) provide notice of the proposed assumption of certain

executory contracts and unexpired leases by a successor to a Debtor, including by an affiliated

Reorganized Debtor, and/or potential assignment to a successor to a Debtor, including to an

affiliated Reorganized Debtor, after giving effect to the Restructuring Transactions that are

contemplated to occur pursuant to the Debtor/Committee/Lender Plan; and upon consideration of

the Global Contract Motion and all pleadings relating thereto; and the Court finding that (a) it

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Global Contract Motion was

proper and sufficient under the circumstances, and that no other or further notice need be given;

and (d) it appearing that the relief requested in the Global Contract Motion is in the best interests

of the Debtors, their estates and creditors; and after due deliberation and sufficient cause

appearing therefor; it is hereby

ORDERED that the Global Contract Motion is granted; and it is further

ORDERED that this Order is conditioned on, and shall be effective only upon,

the entry of an order confirming the Debtor/Committee/Lender Plan and authorizing and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global
Contract Motion, the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries
Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P.,
Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. [Docket No. 7801] (as such has been or may be
further amended, modified or supplemented from time to time, the "Debtor/Committee/Lender Plan"), or the related
Specific Disclosure Statement for the First Amended Joint Plan of Reorganization for Tribune Company and Its
Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital
Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the
"Debtor/Committee/Lender Plan Specific Disclosure Statement"), as applicable.

approving the assumption of the Assumed Contracts and Leases and the consummation of the

Restructuring Transactions on the terms provided for in the Debtor/Committee/Lender Plan;

and it is further

ORDERED, that except as otherwise provided herein, the Cure Amounts shall be

fixed at the amounts set forth on Exhibits A-C of the Global Contract Motion (the "Contract

Exhibits"), subject to any payments the Debtors may have made prior to the Effective Date, and

*SUBJECT TO THE DEBTORS' OBLIGATION TO CURE*

~~no other monetary or~~ any other defaults exist →*ING* under the Assumed Contracts and Leases; and it is

further

ORDERED that the inclusion of a Cure Amount does not constitute an admission

by the Debtors of any default under the Assumed Contracts or Leases; and it is further

ORDERED that modifications, amendments, or supplements to prepetition

executory contracts and unexpired leases that have been entered into by the Debtors during the

chapter 11 cases, and actions taken in accordance therewith, shall not affect the prepetition

nature of such executory contract and unexpired leases or the treatment of any claims against the

Debtors arising under the same, and to the extent that an Assumed Contract or Lease has been

modified, amended, or supplemented, then such Assumed Contract or Lease shall be deemed

assumed on the Effective Date as modified, amended, or supplemented; and it is further

ORDERED that in the event that a counterparty to an Assumed Contract or Lease

disagrees with the Proposed Cure Amount as set forth on the Contract Exhibits, such party shall

submit a written response (a "Response") within 21 days from the date of the entry of this Order

(the "Response Deadline"). Each such Response must:

*→ OR OBJECTS TO THE OMISSION OF AN A ~~CONTRACT~~ CONTRACT OR LEASE FROM THE CONTRACT EXHIBITS OR THE INCLUSION OF A CONTRACT OR LEASE ON THE CONTRACT EXHIBITS,*

(a)    be in writing;

*OR OBJECTION*

(b)    state with specificity the grounds for the disagreement and the fully-liquidated Cure Amount which such party believes is required under section 365 of the Bankruptcy Code;

*→ ORDERED THAT THE DEBTORS CONTINUE TO COOPERATE WITH CCI EUROPE A/S LIMITED, COMCAST CORPORATION AND COMCAST CABLE TO DETERMINE THE PROPOSED CURE AMOUNTS WITH RESPECT TO THE CONTRACTS OF SUCH ENTITIES AND THEIR AFFILIATES, AND ALL RIGHTS OF THE DEBTORS AND THE FOREGOING PARTIES ARE RESERVED WITH RESPECT TO THE PROPOSED CURE AMOUNTS, THE OMISSION OF A CONTRACT OR LEASE FROM THE CONTRACT EXHIBIT, OR THE INCLUSION OF A CONTRACT OR LEASE ON THE CONTRACT EXHIBITS.*

(c)  include any supporting documentation of the foregoing, including the specific nature and dates of any alleged defaults, the pecuniary losses resulting therefrom and the conditions giving rise thereto; and

(d)  be served on counsel to the Debtors so as to be actually received on or before the Response Deadline, at the following addresses:

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Attn: Jillian K. Ludwig
Email: jillian.ludwig@sidley.com

Cole, Schotz, Meisel, Forman &
Leonard, P.A.
1500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Norman L. Pernick

and it is further;

ORDERED that the Debtors may amend or modify the Contract Exhibits prior to the Effective Date of the Debtor/Committee/Lender Plan as may be necessary to modify Proposed Cure Amounts, to add or remove Assumed Contracts and Leases from the Contract Exhibits, or to amend proposed assignments pursuant to the Restructuring Transactions, upon notice to any contract or lease counterparty affected by such amendment or modification; and it is further

ORDERED that if, on or after the date of the entry of this Order the Debtors supplement, modify, or amend the Contract Exhibits, the Debtors shall provide notice to the counterparties to any Assumed Contract or Lease affected by such amendment and such party shall have 21 days from such notice to serve a written Response consistent with the procedures set forth herein (the "Supplemental Response Deadline"); and it is further

*OR A COUNTERPARTY TO AN ASSUMED CONTRACT OR LEASE*

ORDERED that the Debtors may request that a hearing be held to resolve any disputes as to the Proposed Cure Amounts at a date and time to be determined by the Debtors in their discretion, subject to the Court's availability, which hearing may, after appropriate notice, be scheduled after the Confirmation Date, but shall be scheduled prior to the Effective Date; and it is further

*OR ANY OBJECTION TO THE OMISSION OF A CONTRACT OR LEASE FROM THE CONTRACT EXHIBITS OR THE INCLUSION OF A CONTRACT OR LEASE ON THE CONTRACT EXHIBITS*

ORDERED that in the event that a Response ~~regarding the Proposed Cure~~

*RE Solution of the Response, including*

~~Amount~~ must be resolved by the Court, then payment of any such Cure Amounts shall be made

following the entry of a Final Order by the Bankruptcy Court resolving the Response or pursuant

to any agreement by the parties resolving the Response; and it is further

ORDERED that notwithstanding anything to the contrary in an Assumed Contract

or Lease or any Proof of Claim (whether formal or informal) that has been filed or may be filed

by a counterparty to an Assumed Contract or Lease or any other document or instrument, if no

Response is timely received, or if a timely Response is received but does not comply with the

foregoing requirements then, without any further notice to or action, approval or order by, this

Court, (i) each counterparty to each such Assumed Contract or Lease shall be bound by and

subject to, and shall be deemed to have consented to, the Proposed Cure Amount listed in the

Contract Exhibits, and (ii) the applicable Cure Amount shall be fixed, for purposes of satisfying

the requirements of sections 365 and 1123 and the terms of the Debtor/Committee/Lender Plan,

at the amount set forth on the Contract Exhibits attached hereto, subject to any payments the

Debtors may have made prior to the Effective Date, and any obligation the Debtors or the

Reorganized Debtors may have under section 365 in excess of the applicable Cure Amount shall

be deemed fully satisfied, released and discharged, notwithstanding any amount or information

included in the Schedules or any Proof of Claim; and it is further

ORDERED that the form of Restructuring Transactions Notice attached hereto as

Exhibit A is hereby approved, and the service of the Restructuring Transactions Notice on the

Debtors' known contract and lease counterparties constitutes due and adequate notice of the

consequences of the Restructuring Transactions for the counterparties to the Assumed Contracts

and Leases, Previously Assumed Contracts/Leases, and Postpetition Contracts/Leases; and it is further

ORDERED that the Debtors and the Reorganized Debtors have provided adequate assurance of future performance by the Successor Reorganized Debtors of each of the Assumed Contracts and Leases and Previously Assumed Contracts/Leases to all counterparties to the Assumed Contracts and Leases; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2011

                                                      _____

                                                      The Honorable Kevin J. Carey
                                                      Chief United States Bankruptcy Judge