IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, : | Case No.: 08-13141 (KJC) |
| Debtors. : | Jointly Administered |
| : | Objection Deadline: March 15, 2011 at 4:00 p.m. ET, (extended to March 17, 2011 at 4:00 p.m. ET by agreement of the parties) |
| : | Hearing Date: March 22, 2011 at 4:00 p.m. ET |
| : | Related to Docket No. 8287 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF COMCAST
CORPORATION AND COMCAST CABLE TO MOTION OF THE DEBTORS
FOR AN ORDER ESTABLISHING PROCEDURES FOR (I) FIXING
CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION
AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR
PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE**

Comcast Corporation and Comcast Cable, on behalf of themselves and certain of their subsidiaries and affiliates (collectively, the "Comcast Entities"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (together, the "Objection") with respect to the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), and as grounds for such Objection, respectfully state as follows:

1.  The Comcast Entities and one or more of the above-captioned debtors (collectively, the "Debtors") are parties to certain executory contracts (the "Comcast Contracts") under which the Debtors owe outstanding amounts, which amounts are memorialized in the

Debtors' schedules and/or in proofs of claim filed by the Comcast Entities in the Debtors' chapter 11 cases.

2. Pursuant to Section 6.1.1 of the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 7801) (as amended, the "Debtor/Committee/Lender Plan"), all executory contracts will be deemed assumed in accordance with, and subject to the provisions of Bankruptcy Code sections 365 and 1123 unless such executory contracts were previously assumed or rejected, previously expired or terminated, are subject to certain pending assumption or rejection motions or are otherwise subject to certain conditions set forth in the Plan. See Debtor/Committee/Lender Plan, § 6.1.1. As of the date of this Objection, it appears that the Comcast Contracts will be assumed and assigned to the applicable Reorganized Debtor (as such term is defined in the Debtor/Committee/Lender Plan) pursuant to Section 6.1.1 of the Debtor/Committee/Lender Plan, if confirmed.

3. Furthermore, Section 6.2 of the Debtor/Committee/Lender Plan states that the proposed cure amount for any executory contract shall be zero dollars unless otherwise indicated in a schedule to be filed with the Bankruptcy Court as part of a plan supplement. See Debtor/Committee/Lender Plan, § 6.2.

4. By this Objection, the Comcast Entities expressly incorporate by reference their Limited Objection and Reservation of Rights of Comcast Corporation and Comcast Cable to Confirmation of Proposed Plans of Reorganization (Docket No. 7966) (the "Limited Objection to Confirmation"), in which the Comcast Entities previously asserted the necessity that the Debtors be required to cure all defaults under the Comcast Contracts as a condition to assumption and

assignment of such contracts in accordance with Bankruptcy Code section 365(b)(1)(A). The Comcast Entities further assert that the Global Contract Motion and exhibits attached thereto do not adequately address and resolve the Limited Objection to Confirmation, to the extent any conclusion to the contrary is set forth in the Global Contract Motion.

5.    The Global Contract Motion explicitly references the Comcast Entities' Limited Objection to Confirmation and the Debtor/Committee/Lender Plan provisions concerning executory contract assumption and cure and, among other things, proposes a process by which the Debtors and the assumed contract counterparties will resolve or litigate cure disputes that arise in connection with the proposed assumption and assignment of executory contracts.

6.    The Global Contract Motion also attaches exhibits setting forth certain contracts that the Debtors apparently intend to assume and assign to the applicable Reorganized Debtor entities, along with cure amounts proposed to be paid in connection with such assumption and assignment.

7.    Exhibit B to the Global Contract Motion appears to include certain of the Comcast Contracts as contracts to be assumed and assigned. However, none of the contracts are identified with sufficient specificity to conclusively determine which of the Comcast Contracts are actually proposed to be assumed, as all identifying information is listed as "TBD". Moreover, the cure amounts for the Comcast Contracts are also listed as "TBD" so no specific cure amount has actually yet been proposed with respect to any such contracts. The Comcast Entities respectfully submit that it is unreasonable for them to be bound by the proposed procedures set forth in the Global Contract Motion where the Debtors have failed entirely to include any identifying information that would enable the Comcast Entities to determine which

contracts are subject to the Global Contract Motion and have furthermore proposed no cure amount whatsoever with respect to such contracts.

8.  Finally, the Comcast Entities join in the Limited Objection to the Global Contract Motion filed by General Electric Capital Corporation (Docket No. 8365) to the extent that such objection objects to any procedure proposed by the Global Contract Motion that would broadly vest in the Debtors the Court's own discretion and authority to hear and overrule any Responses filed in connection with the proposed cure procedures or otherwise raising any other issues in connection with the proper assumption of executory contracts under Bankruptcy Code section 365.

9.  The Comcast Entities submit that the foregoing objections to the Global Contract Motion may be resolved by certain modifications to the proposed order as set forth in Exhibit A to this Objection. Notwithstanding the foregoing, however, the Comcast Entities hereby reserve their rights with respect to the ultimate treatment of the Comcast Contracts under the procedures proposed by the Global Contract Motion and/or under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to object to the determination of any cure amounts to be paid in connection with the assumption of any or all of the Comcast Contracts and the right to dispute the omission or exclusion of any Comcast Contracts from the contracts to be assumed and assigned.

WHEREFORE, the Comcast Entities respectfully request that (i) the proposed order submitted with the Global Contract Motion be modified in accordance with the proposed changes set forth in Exhibit A; and (ii) the Comcast Entities be granted such other relief as this Court deems just and proper.

Dated: March 17, 2011  
Wilmington, Delaware

Respectfully Submitted,

By: /s/ Leslie C. Heilman  
Christopher S. Chow (I.D. No. 4172)  
Leslie C. Heilman (I.D. No. 4617)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
Email: chowc@ballardspahr.com  
heilmanl@ballardspahr.com

Counsel for Comcast Corporation  
and Comcast Cable