IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Related to Docket No. 8201 |
| | ) Hearing Date: March 22, 2011 at 10:00 a.m. |
| | ) |

**BRIDGE AGENT'S RESPONSE TO MOTION OF
AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS
MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS,
IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN
SERIES OF SENIOR NOTES, AND LAW DEBENTURE TRUST COMPANY OF
NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR
CERTAIN SERIES OF SENIOR NOTES, FOR ENTRY OF ORDER (I) DETER-
MINING THAT CREDITORS HAVE RETAINED THEIR STATE LAW
CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS TO RECOVER
STOCK REDEMPTION PAYMENTS MADE TO STEP ONE SHAREHOLDERS
AND STEP TWO SHAREHOLDERS PURSUANT TO 11 U.S.C. § 546(a);
(II) DETERMINING THAT AUTOMATIC STAY DOES NOT BAR COMMENCEMENT
OF LITIGATION ON ACCOUNT OF SUCH CLAIMS
AGAINST SUCH SHAREHOLDERS OR, IN THE ALTERNATIVE,
GRANTING RELIEF FROM AUTOMATIC STAY TO PERMIT COMMENCEMENT
OF SUCH LITIGATION; AND (III) GRANTING
LEAVE FROM MEDIATION ORDER TO PERMIT
COMMENCEMENT OF SUCH LITIGATION**

Wells Fargo Bank, N.A., in its capacity as successor administrative agent (in such capacity and not individually, the "Bridge Agent") for the lenders (the "Bridge Lenders") under the Debtors'[1] $1.6 billion bridge loan credit facility (the "Bridge Facility"), by its undersigned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago

NEWYORK 8087123 (2K)                                  -1-

WM1A 995491v1 03/17/11

counsel, files this Response to Motion of Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as Successor Indenture Trustee for certain series of Senior Notes, and Law Debenture Trust Company of New York, in its capacity as Successor Indenture Trustee for certain series of Senior Notes (collectively, the "Noteholders"), for entry of order (i) determining that Creditors have retained their state law constructive fraudulent conveyance claims to recover stock redemption payments made to Step One Shareholders and Step Two Shareholders pursuant to 11 U.S.C. § 546(a); (ii) determining that automatic stay does not bar commencement of litigation on account of such claims against such shareholders or, in the alternative, granting relief from automatic stay to permit commencement of such litigation; and (iii) granting leave from the mediation order to permit commencement of such litigation (the "Motion") Docket No. 8201.

---

Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RESPONSE

1. The Bridge Lenders are the beneficiaries of the Litigation Trust and Creditors' Trust established (and defined) under the Debtor/Committee/Lender Plan, and the Bridge Agent views such interests as a meaningful element of the consideration provided on account of the Bridge Loan claims under the Bridge Settlement.

2. The Bridge Agent does not object to the essence of the relief sought in the Motion – that creditors who have not opted to contribute their Creditor SLCFC Claims (as defined in the Motion) to the Creditors' Trust established under the Debtor/Committee/Lender Plan be permitted to file complaints so as to protect against the possible expiration of any applicable statute of limitations. However, the Bridge Agent believes that the numerous legal and factual issues associated with the relief requested in the Motion are complex, and that the proposed order attached to the Motion, in certain respects, lacks clarity and does not adequately protect the rights of the various competing constituencies, especially in light of the objections to the Motion filed by certain former Tribune shareholders and others.

3. The Bridge Agent respectfully submits that the proposed order attached to the Motion should be modified in the form attached hereto as Exhibit A.[2] Specifically, the Bridge Agent respectfully submits that:

- The Motion requests rulings on certain issues that are not addressed in the proposed form of order. To avoid confusion, paragraph 1 of the proposed order should be modified to clarify that the Motion is granted solely to the extent set forth in the order;

---

[2] The form of modified proposed order is blacklined to reflect changes to what the Bridge Agent understands to be the latest form of proposed order circulated among the parties.

- Paragraph 3 of the proposed order (finding that the Creditor SLCFC Claims are no longer property of the estate) should be deleted as unnecessary given the relief from the automatic stay ordered in paragraphs 2 and 4;

- A new ordering paragraph should be added immediately after paragraph 6 clarifying that the Movants may commence an action to preserve Creditor SLCFC Claims, but that the Movants did not request in the Motion, and the Court is not granting Movants, authority to prosecute any Creditor SLCFC Claim pending confirmation of the Debtor/Committee/Lender Plan or the Noteholder Plan, or further order of the Court; and

- The reservation of rights in paragraph 7 should be clarified and expanded to ensure that all rights, claims and arguments of the Committee, the Litigation Trust, the Creditors Trust and any future defendant of any Creditor SLCFC Claim are preserved.

4. If the Court is inclined to grant the Motion, the Bridge Agent believes that the proposed order, as modified in the form of Exhibit A, is fair, reasonable and should be non-controversial. The Bridge Agent has raised with Creditors Committee's counsel the issues addressed herein and in the modified proposed order, which it believes Creditors Committee's counsel are carefully considering. The Bridge Agent also raises these issues directly with the Court at counsel's suggestion, and is willing to discuss the modified form of order with the Movants and other parties in interest.

## CONCLUSION

5. Based on the foregoing, the Bridge Agent respectfully requests, if the Court grants the Motion, that the Court modify the proposed order in accordance with the form proposed order attached as Exhibit A.


Dated: March 17, 2011
 Wilmington, Delaware

 FOX ROTHSCHILD LLP

 By: _____
 Jeffrey M. Schlerf, Esq. (No. 3047)
 Eric M. Sutty, Esq. (No. 4007)
 L. John Bird, Esq. (5310)
 Citizens Bank Center
 919 North Market Street, Suite 1600
 Wilmington Delaware 19801
 Telephone: (302) 654-7444

 -and-

 WHITE & CASE LLP
 Thomas E Lauria
 David Hille
 Andrew Hammond
 Scott Greissman
 1155 Avenue of the Americas
 New York, NY 10036
 Telephone: (212) 819-8200
 Facsimile: (212) 819-8113

 *Attorneys for the Bridge Agent*