# EXHIBIT A

CPAM: 3691688.9

# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100 fax (212) 541-5369

**Robert A. Schwinger**
direct tel 212-408-5364
rschwinger@chadbourne.com

February 15, 2011

Mr. Greg Smith
Senior Claims Examiner
Chubb Group of Insurance Companies
233 South Wacker Drive
Suite 4700
Chicago, Illinois 60606

      Re:  <u>Tribune Company, et al./Case No. 08-13141 (KJC) (Jointly Administered)</u>

Dear Mr. Smith:

    We are counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced Chapter 11 cases pending in U.S. Bankruptcy Court in Delaware. In connection with those bankruptcy cases and the analysis of potential claims and recoveries therein, the Committee and its professionals have determined that they need information from Chubb and, in particular, the documents requested in the enclosed "Request For Production of Documents in Connection with Bankruptcy Cases."

    Please treat this letter as a request under Delaware Local Rule 2004 that we confer in an effort to reach an agreement on our requested production, before filing with the Court a formal request for production pursuant to Bankruptcy Rule 2004.

    Please provide me with some proposed times over the next week when you or your counsel are available to discuss.

    Thank you for your cooperation and assistance in this matter.

                                                     Very truly yours,

                                                   Robert A. Schwinger

Enclosure

  cc:  Bryan Krakauer, Esq. (w/encl.)        (via e-mail, <u>bkrakauer@sidley.com</u>)
       David LeMay, Esq. (w/encl.)
       Howard Seife, Esq. (w/encl.)
       N. Theodore Zink, Esq. (w/encl.)
       Douglas E. Deutsch, Esq. (w/encl.)

New York   Washington   Los Angeles   Mexico City   London (an affiliated partnership)   Moscow   St. Petersburg   Warsaw   Kyiv   Almaty   Dubai   Beijing



## REQUEST FOR PRODUCTION OF DOCUMENTS
## IN CONNECTION WITH BANKRUPTCY CASES

In accordance with the request made by the Official Committee of Unsecured Creditors of Tribune Company, et al., **THE CHUBB GROUP OF INSURANCE COMPANIES** (the "Producing Party") is to produce any and all documents and materials responsive to the requests below:

### INSTRUCTIONS

1. These document requests are intended to encompass each and every non-identical copy and draft of the documents requested, as well as all documents which are in the actual or constructive possession, custody or control of, or are available upon the request of the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, these requests for production shall be deemed to be continuing in character so as to require further and supplemental production of documents if the Producing Party obtains further or additional documents or material responsive to any of these requests.

3. Each document request should be construed independently, and not in reference to any other document request for purposes of limitation.

4. In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety without redaction. Documents that are segregated or separated from other documents, whether by

inclusion and binders, files or sub-files, or by the use of dividers, tabs or any other method, shall be produced in that form. Documents shall be produced in the manner and order in which they are maintained in the ordinary and usual course of business, or shall be organized and labeled to correspond to particular document requests while maintaining for each group of responsive documents the manner and order which they are maintained in the ordinary and usual course of business.

5. If the Producing Party objects to any particular portion of any request herein, it is required to produce documents in response to all other portions of such request as to which there is no objection.

6. As required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, if the Producing Party asserts a claim of attorney-client privilege, work product doctrine or any other privilege or immunity with respect to any document request or portion thereof, the objection shall identify the nature of the privilege or immunity being claimed and describe the nature of the documents not produced or disclosed in a manner that will enable the Committee to assess the claim of privilege or immunity, including: (i) the type of document (e.g., letter, memorandum, report, etc.); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s) or sender(s) of the document; (e) the addressee(s) of the document; and (f) each person who received a copy of the document.

7. If any document or any portion thereof responsive to any request herein has been discarded or destroyed in whole or part, the Producing Party shall produce the following information: (i) the date the document was discarded or destroyed; (ii) the reason(s) the document was discarded or destroyed; (iii) the person(s) who discarded or destroyed the documents; and (iv) where the document was maintained prior to its destruction.

8. Any document or materials requested herein that the Producing Party maintains in electronic form shall be produced in tagged image file format ("TIFF") or portable document format ("PDF") files with extracted full text for electronic documents, except that all spreadsheets, including but not limited to those created with Excel software, shall be produced in their native form. Additionally, metadata shall be provided with each electronic production.

9. The Committee hereby reserves all rights to expand or supplement all requests for information and documents set forth herein.

## DEFINITIONS

1. "You" or "your" means the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and other persons acting, or who have acted, on its behalf or who are under its control.

2. "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

3. "Document" means the original and any nonidentical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs,

worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

4. "Communication" means transmittal of information by any means.

5. "Related to," "relate to," "relating to," "concerning" and "refer to" mean having any relationship with or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical or causal connection.

6. "All," "each" and "any" shall be construed to mean all, each, every and any so as to be as expansive as possible.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all documents that might otherwise be construed to be outside of its scope.

8. "Including" means including but not limited to.

9. "Chubb" means The Chubb Group of Insurance Companies, The Chubb Corp., Federal Insurance Company, or any other insurer affiliated with or related to any of them.

10. "Debtors" means Tribune (defined below) and its affiliated debtors in these Chapter 11 cases, including the Guarantor Subsidiaries (defined below), and each of their present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and any other persons acting, or who have acted, on their behalf.

11. "D&O Insureds" means any person or entity who is covered by any one or more of the Policies, as defined below, which provides directors' and officers' liability and/or indemnity coverage.

12. "Fiduciary Insureds" means any person or entity who is covered by any or more of the Policies, as defined below, which provides fiduciary coverage.

13. "Policies" means any insurance policy issued by Chubb, including but not limited to Policy Nos. 8130-1880, 8130-1881, 6803-3016, and 8209-4590 with Federal Insurance Company, which provide directors' and officers' liability and/or fiduciary liability coverage, issued to or in effect for the benefit of any of the Debtors, or any of their directors, officers, employees, agents, members, professionals or advisors, or any other person in respect of matters relating to Tribune, at any time on or after December 8, 2008, or with respect to claims made on or after December 8, 2008.

14. "Guarantor Subsidiaries" means any or all of the Tribune subsidiaries deemed material under the Credit Agreement, any and all predecessors or successors in interest thereof,

5

and any and all of their officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, researchers, contractors, advisors, accountants and attorneys, and any other persons acting, or who have acted, on their behalf.

15. "Tribune" means Tribune Company, any and all predecessors or successors in interest thereof, and any and all of its officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, researchers, contractors, advisors, accountants and attorneys, and any other persons acting, or who have acted, on its behalf.

## REQUESTS

1. Copies of the Policies, including without limitation the full text of any such policies and all endorsements, riders and amendments to any such Policies.

2. Documents concerning all claims made against the Policies, including but not limited to documents reflecting when such claims were made, by whom such claims were made, for what amount(s) such claims were made, and the nature of the claims that were asserted.

3. Documents concerning all demands for payment or invoices (paid or unpaid) received by Chubb against any of the Policies.

4. Documents concerning any payments made to any person against or pursuant to any of the Policies.

5. Documents concerning the erosion of limits in any of the Policies in aggregate for any claim(s) against the D&O Insureds or Fiduciary Insureds since the inception of the Policies.

6. Documents concerning the erosion of limits in any of the Policies through the payment of defense costs against the D&O Insureds or Fiduciary Insureds by calendar year since the inception of the Policies.

7. Documents concerning the erosion of limits in any of the Policies through the payment of damages against the D&O Insureds or Fiduciary Insureds by calendar year since the inception of the Policies.

8. Documents concerning any criteria that Chubb, any reinsurance company, any excess insurer, or any other primary insurer under any of the Policies uses or has used with regard to the Policies in order to make decisions as to which or whose claims, invoices or demands for payment to pay, and/or in what amounts, and/or at what time(s).

9. Documents reflecting any and all communication, correspondence, emails or other documents between Chubb and any other insurer, insured person, or third party concerning the Policies, including, without limitation, any reservation-of-rights letters or letters disclaiming coverage.

10. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any excess layer insurer regarding any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

11. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any reinsurance company with respect to any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

12. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any actuary with respect to any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

13. Documents reflecting all communication, correspondence, emails or other documents between Chubb and any accountant or auditor with respect to any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

14. Documents including correspondence, memoranda or other communications that are provided by counsel representing the D&O Insureds or Fiduciary Insureds to Chubb with respect to any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.

15. Documents referring to or evidencing how much Chubb has reserved in respect of any claims against the D&O Insureds or Fiduciary Insureds, or otherwise related to the Policies.