# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| TRIBUNE COMPANY, et al., Plaintiffs, v. [See List of Defendants on attached Exhibit A], Defendant(s). | Adv. Proc. Nos. 10-55803-10-55823, 10-55825-10-55833, 10-55835, 10-55837, 10-55839, 10-55842-10-55861, 10-55863, 10-55866-10-55867, 10-55869-10-55871, 10-55873-10-55876, 10-55878, 10-55880-10-55881, 10-55883, 10-55885-10-55886, 10-55889, 10-55891-10-55893, 10-55895, 10-55901-10-55902, 10-55910, 10-55912, 10-55941-10-55951, 10-55953, 10-55958-10-55960 (KJC) |

## NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON MARCH 22, 2011 AT 10:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**ADJOURNED MATTERS**

1.  Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

    Response Deadline: December 8, 2009 at 4:00 p.m.

    Responses Received:

    (a) Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b) Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

    (c) Informal Response received from GE Capital Fleet Services

    Related Documents:

    (a) Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the April 25, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

2. Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

(b) Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

(c) Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(d) Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(e) Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(f) Response by William Virgil Cotton (Filed May 27, 2010) (Docket No. 4628)[2]

(g) Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b) Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

---

[2] The Response of William Virgil Cotton was filed after (i) the Objection Deadline and (ii) the entry of the Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

(c) Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

(d) Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order resolving claim number 4863 of CNN Newsource Sales, Inc. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. An evidentiary hearing will be scheduled for the claim of Maureen Dombeck. This matter is adjourned to the April 25, 2011 hearing as to the claims of Marbury von Briesen and Herbert Eye only. On consent of the Debtors and Ms. Godbey, this matter is adjourned to the May 25, 2011 hearing as to the claim of Terry Godbey. This matter will not be going forward.

3. Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

(a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette are exchanging information with respect to her claim. This matter is adjourned to the April 25, 2011 hearing and will not be going forward.

4. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

   Response Deadline: August 12, 2010 at 4:00 p.m.

   Responses Received:

   (a) Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010);

   (b) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010); and

   Related Documents:

   (a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

   (b) Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

   Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood. The hearing on the Objection is adjourned to the April 25, 2011 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No. 728 of the City of Chicago. This matter will not be going forward.

5.  Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

    Response Deadline: August 12, 2010 at 4:00 p.m.

    Responses Received:

    (a) Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

    Related Documents:

    (a) Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

    (b) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

    (c) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

    (d) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

    Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc. The parties are in discussions with EMC Corporation to resolve the Objection. This matter is adjourned to the April 25, 2011 hearing and will not be going forward.

6.  Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

    Response Deadline: February 22, 2011 at 4:00 p.m.

46429/0001-7305809v1

Responses Received:

(a) Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

(b) Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

Status: The Court entered an Order partially sustaining the Objection. The Objection was withdrawn as to Claim No. 2279 of USDR and Claim No. 6683 of Hess Corporation. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned to the April 25, 2011 hearing solely with respect to: (a) Claim Nos. 749, 753, and 754 of ASM – Accent Energy, and (b) Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward.

7. Motion of Caption Colorado, L.L.C. for Allowance of Administrative Expense Claim (Filed January 26, 2011) (Docket No. 7637)

Objection Deadline: February 22, 2011 at 4:00 p.m. On consent of the parties, the Objection Deadline was extended to April 18, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received: None at this time.

Related Documents:

(a) Notice of Hearing (Filed February 10, 2011) (Docket No. 7898)

Status: On consent of the parties, this matter is adjourned to the April 25, 2011 hearing. This matter will not be going forward.

8. Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 7, 2011) (Docket No. 8287)

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received:

(a) Limited Objection of Scarborough Research to the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 15, 2011) (Docket No. 8362)

(b) Objection and Reservation of Rights of Crown Credit Company and Crown Equipment Corporation to Motion for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 15, 2011) (Docket No. 8364)

(c) Limited Objection of Creditor General Electric Capital Corporation to Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 15, 2011) (Docket No. 8365)

(d) Limited Objection and Reservation of Rights of CCI Europe A/S to Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 17, 2011) (Docket No. 8398)

(e) Limited Objection and Reservation of Rights of Comcast Corporation and Comcast Cable to Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 17, 2011) (Docket No. 8400)

Status: This matter is adjourned to the April 25, 2011 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

9. Motion of Wilmington Trust Company for Authorization to Seal Portions of Letter to Chief Judge Carey from Martin Siegel Including Certain Exhibits Thereto (Filed February 10, 2011) (Docket No. 7901)

    Objection Deadline: March 15, 2011 at 4:00 p.m.

    Responses Received: None.

    Related Documents:

    (a) Notice of Hearing (Filed February 28, 2011) (Docket No. 8179)

    (b) Certificate of No Objection (Filed March 17, 2011) (Docket No. 8411)

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

10. Motion of Aurelius Capital Management, LP for Authorization to Seal Portions of Letters to Chief Judge Carey from Edward A. Friedman [Docket Nos. 8071, 8072 & 8074] (Filed February 23, 2011) (Docket No. 8108)

    Objection Deadline: March 15, 2011 at 4:00 p.m.

    Responses Received: None.

    Related Documents:

    (a) Certification of No Objection Regarding Docket No. 8108 (Filed March 17, 2011) (Docket No. 8405)

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11. Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed February 25, 2011) (Docket No. 8142)

    Objection Deadline: March 15, 2011 at 4:00 p.m.

    Responses Received: None.

Related Documents:

- (a) Certification of No Objection Regarding Docket No. 8142 (Filed March 17, 2011) (Docket No. 8406)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

12. Motion of the Debtors for an Order Authorizing Debtors to Amend the Letter of Credit Facility Pursuant to Sections 105, 362(d), 363(b)(1), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code and Granting Other Related Relief (Filed March 3, 2011) (Docket No. 8245)

Objection Deadline: March 17, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

- (a) Order Shortening Notice and Objection Period with Respect to Motion of the Debtors for an Order Authorizing Debtors to Amend the Letter of Credit Facility Pursuant to Sections 105, 362(d), 363(b)(1), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code and Granting Other Related Relief (Entered March 4, 2011) (Docket No. 8268)

- (b) Notice of Hearing on Motion of the Debtors for an Order Authorizing Debtors to Amend the Letter of Credit Facility Pursuant to Sections 105, 362(d), 363(b)(1), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code and Granting Other Related Relief (Filed March 4, 2011) (Docket No. 8271)

- (c) Certification of No Objection Regarding Docket No. 8245 (Filed March 18, 2011) (Docket No. 8416)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

13. Joint Motion of the Debtors and Barclays Bank PLC for Entry of an Order Authorizing Them to File Under Seal the Fee Letter Related to Amended Letter of Credit Facility (Filed March 3, 2011) (Docket No. 8248)

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received: None.

46429/0001-7305809v1

Related Documents:

- (a) Motion of the Debtors for an Order Authorizing Debtors to Amend the Letter of Credit Facility Pursuant to Sections 105, 362(d), 363(b)(1), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code and Granting Other Related Relief (Filed March 3, 2011) (Docket No. 8245)

- (b) Certification of No Objection Regarding Docket No. 8248 (Filed March 17, 2011) (Docket No. 8407)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

14. Motion of the Debtors for Extension of Time to Effect Service of Process (Filed March 4, 2011) (Docket No. 8275) [See Exhibit A for list of applicable adversary proceedings]

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

- (a) Certification of No Objection Regarding Docket No. 8275 (Filed March 17, 2011) (Docket No. 8409) (Multi-Case Nos. in adversaries)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

15. Third Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Advisory Services Relating to Sales and Use Tax and Personal Property Tax Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to February 17, 2011 (Filed March 4, 2011) (Docket No. 8277)

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

- (a) Certification of No Objection Regarding Docket No. 8277 (Filed March 17, 2011) (Docket No. 8408)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11

## CONTESTED MATTERS GOING FORWARD

16. Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed May 20, 2010) (Docket No. 4513)

    Objection Deadline: June 7, 2010 at 4:00 p.m.
    Pursuant to Stipulations executed by the parties, the Objection Deadline was extended to November 1, 2010 for the Debtors and the Reply Deadline was extended to January 6, 2011 for the Movants.

    Responses Received:

    (a) Debtors' Objection to Movants' Motion for Class Certification and Class Treatment of Movants' Class Proof of Claim (Filed November 1, 2010) (Docket No. 6204)

    (b) Reply Memorandum in Support of Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed January 6, 2011) (Docket No. 7403)

    Related Document(s):

    (a) Stipulation Adjourning Hearing on Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed November 15, 2010) (Docket No. 6450)

    (b) Order Requiring Mediation Concerning Movants' Motion for Class Certification and Class Treatment of Movants' Proofs of Claim (Entered January 31, 2011) (Docket No. 7682)

    Status: The parties participated in mediation pursuant to the Court's directive and have reached a settlement in principle subject to documentation. Pursuant to the Court's directive, a status conference will be held to address the status of mediation.

17. Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed September 22, 2010) (Docket No. 5786)

    Response Deadline: October 15, 2010 at 4:00 p.m.

    Responses Received:

    (a) Response of Emerson Tucker to Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed October 18, 2010) (Docket No. 5999)

    (b) Supplement to Response to Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims (Filed January 3, 2011) (Docket No. 7363)

46429/0001-7305809v1

(c) Letter from Emerson Tucker to Judge Carey (Filed February 8, 2011) (Docket No. 7853)

Status: This matter was adjourned from the March 1, 2011 hearing. This matter will be going forward.

18. Debtors' Forty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7675)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

(a) Response of Cook County Department of Revenue to Debtors' Forty-First Omnibus Objection (Filed February 18, 2011) (Docket No. 8061)

Related Documents:

(a) Debtors' Reply to the Response of Cook County Department of Revenue to Forty-First Omnibus Objection to Claims (Filed February 24, 2011) (Docket No. 8127)

(b) Order Partially Sustaining Debtors' Forty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered March 1, 2011) (Docket No. 8204)

Status: The Court entered an Order partially sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection and New York State Department of Taxation and Finance. This matter will be going forward as to the claim of Cook County Department of Revenue only.

19. Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

Objection Deadline: February 22, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

(a) Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

(b) Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

13

Related Document:

- (a) Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

Status: On consent of the parties, this matter was adjourned from the March 2, 2011 hearing. This matter will be going forward.

20. Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. for Relief from the Automatic Stay (Filed February 10, 2011) (Docket No. 7892)

Objection Deadline: February 22, 2011 at 4:00 p.m. On consent of the parties, the Objection Deadline was extended to March 18, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

- (a) Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc. and Supervalu, Inc. for Relief from the Automatic Stay (Filed March 18, 2011) (Docket No. 8420)

Status: On consent of the parties, this matter was adjourned from the March 2, 2011 hearing. This matter will be going forward.

21. Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline: March 15, 2011 at 4:00 p.m.

Responses Received:

- (a) Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)
- (b) Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

Related Documents:

- (a) Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

| | | |
|---|---|---|
| | Status: | Debtors intend to submit a revised proposed order with respect to all claimants who did not contest or otherwise respond to the Objection. This matter is adjourned to the April 25, 2011 hearing as to Claim No. 5335 of Broadspire Services. This matter will be going forward as a status conference as to Claim No. 6601 of Carol Walker only. |

22. Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 1, 2011) (Docket No. 8201)

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received:

(a) Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 15, 2011) (Docket No. 8361)

(b) [Mark W. Hianik, John Birmingham, Tom E. Ehlmann and Peter A. Knapp's] Joinder to Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims

15

to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 15, 2011) (Docket No. 8363)

(c) [Certain Directors and Officers'] Joinder to Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 15, 2011) (Docket No. 8367)

(d) Joinder of Crane Kenney to Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation [Docket No. 8361] (Filed March 15, 2011) (Docket No. 8370)

(e) EGI-TRB, LLC and Samuel Zell's Limited Objection to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture

46429/0001-7305809v1

Trustee for Certain Series of Senior Notes, for Entry of an Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 15, 2011) (Docket No. 8371)

(f) [Bank of America, N.A., Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated's] Joinder to Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, Deutsche Bank Trust Company Americas, and Law Debenture Trust Company of New York, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 16, 2011) (Docket No. 8379)

(g) [Chandler Bigelow's] Joinder to Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 16, 2011) (Docket No. 8381)

(h) Statement of the Official Committee of Unsecured Creditors in Support of the Motion of Aurelius Capital Management, LP, Deutsche Bank Trust Company and Law Debenture Trust Company of New York for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock

17

Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 17, 2011) (Docket No. 8396)

(i) Bridge Agent's Response to Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 17, 2011) (Docket No. 8402)

(j) Joinder of TM Retirees to the Objection of the McCormick Tribune Foundation and Cantigny Foundation to the Motion of Aurelius Capital Management, LP, Deutsche Bank Trust Company Americas and Law Debenture Trust Company of New York for Entry of an Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Transfer Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U. S. C. § 546(a); (II) Determining that the Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from the Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from the Mediation Order to Permit Commencement of Such Litigation (Filed March 17, 2011) (Docket No. 8413)

Related Documents:

(a) Declaration of Meredith S. Senter, Jr. in Support of Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C.

§ 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 1, 2011) (Docket No. 8203)

(b) Joinder of Wilmington Trust Company to the Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 2, 2011) (Docket No. 8224)

(c) Reply of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, to the Objection of Robert R. McCormick Tribune Foundation and Cantigny Foundation to Motion for Entry of Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief from Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (Filed March 17, 2011) (Docket No. 8403)

Status: This matter will be going forward.

23. Motion of Debtor Tribune Company for an Order Modifying the Automatic Stay to Allow Payment and Advancement of Defense Costs, Fees, and Expenses Under Directors and Officers Liability Insurance Policies (Filed March 1, 2011) (Docket No. 8208)

Objection Deadline: March 15, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended until 4:00 p.m. on March 17, 2011 for the Official Committee of Unsecured Creditors.

46429/0001-7305809v1

Responses Received:

    (a)    Request for Adjournment and Objection of the Official Committee of Unsecured Creditors to the Motion of the Debtor Tribune Company for an Order Modifying the Automatic Stay to Allow Payment and Advancement of Defense Costs, Fees, and Expenses Under Directors and Officers Liability Insurance Policies (Filed March 17, 2011) (Docket No. 8414)

Status:    This matter will be going forward.

Dated: March 18, 2011

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION