## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered 8277, 8408<br>Related to Docket Nos. _____ |

## ORDER MODIFYING THE SCOPE OF THE RETENTION OF ERNST & YOUNG LLP TO INCLUDE ADVISORY SERVICES RELATING TO SALES AND USE TAX AND PERSONAL PROPERTY TAX PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107 <u>NUNC PRO TUNC TO FEBRUARY 17, 2011</u>

Upon the Third Supplemental Application[2] of the debtors and debtors in

possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the

"Debtors") for an order modifying the scope of the retention of Ernst & Young ("E&Y") to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Third Supplemental Application.

CHI 5749345v.2

encompass professional services to be provided by E&Y to the Debtors in connection with

certain personal property tax and sales and use tax matters (collectively, the "Tax Services"),

pursuant to section 327(a) and 1107 of the Bankruptcy Code, nunc pro tunc to February 17,

2011; and upon consideration of the Third Supplemental Application, the Engagement Letters,

the Second Supplemental Howley Affidavit, and all pleadings related thereto; and the Court

finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c)

notice of the Third Supplemental Application was due and proper under the circumstances; and it

appearing that the relief requested in the Third Supplemental Application is in the best interests

of the Debtors, their estates and creditors; and it appearing that E&Y neither holds nor represents

any interest adverse to the Debtors or their estates with respect to the matters on which E&Y is to

be employed; and after due deliberation, and good and sufficient cause appearing therefor, it is

hereby

ORDERED, that the Third Supplemental Application is granted; and it is further

ORDERED, that the modified retention and employment of E&Y to provide the

Tax Services pursuant to section 327(a) of the Bankruptcy Code is hereby approved, nunc pro

tunc to February 17, 2011; and it is further

ORDERED, that the indemnification provisions of the Engagement Letters are

approved, subject during the pendency of these chapter 11 cases to the following:

a. E&Y shall not be entitled to indemnification or reimbursement of expenses
   pursuant to the Engagement Letters unless such indemnification or reimbursement
   of expenses are approved by the Court;

b. Notwithstanding any provision of the Engagement Letters to the contrary, the
   Debtors shall have no obligation to indemnify or provide reimbursement of
   expenses to E&Y for any claim or expense that is either (i) judicially determined
   (the determination having become final) to have arisen from E&Y's gross
   negligence or willful misconduct, (ii) for a contractual dispute in which the

CHI 5749345v.2

2

Debtor alleges the breach of E&Y's contractual obligations, unless the Court determines that indemnification or reimbursement of expenses would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to E&Y's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which E&Y should not receive indemnity or reimbursement of expenses under the terms of the Engagement Letters, as modified by this Order;

c.  If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this Chapter 11 case, E&Y believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtors' indemnification or expense reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation any advancement of defense costs, E&Y must file an application therefor in this Court, and the Debtors may not pay any such amounts to E&Y before the entry of an order by this Court approving any such payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by E&Y for indemnification or reimbursement of expenses, and is not intended to limit the duration of the Debtors' obligations to indemnify or reimburse expenses of E&Y;

and it is further

ORDERED, that E&Y shall be compensated in accordance with the terms of the Engagement Letters and the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; and it is further

ORDERED, that all provisions of the Prior Retention Orders remain in full force and effect; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March ⌒⊺___, 2011

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

3

CHI 5749345v.2