# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: April 11, 2011 at 4:00 p.m.<br>Hearing Date:  April 25, 2011 at 1:00 p.m. |

## MOTION TO AMEND DEFINITION OF "TERMINATION EVENT" IN ORDERS GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court for the entry of orders amending the definition of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Termination Event" in the orders granting the Committee standing to prosecute certain actions on behalf of the Debtors' estates.  In support hereof, the Committee respectfully represents as follows:

## BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.  The current members of the Committee are:  JPMorgan Chase Bank, N.A., in its capacity as lender; Deutsche Bank Trust Company Americas, as successor Indenture Trustee; Wilmington Trust Company, as successor Indenture Trustee; Warner Brothers Television; Buena Vista Television; William Niese; Pension Benefit Guaranty Corporation; and Washington-Baltimore Newspaper Guild, Local 32035. *See* Second Amended Notice of Appointment of Committee of Unsecured Creditors (May 26, 2009) [D.I. No. 1238].

3.      By motion dated February 1, 2010, as supplemented by motion dated September 14, 2010 (Docket Nos. 3281 and 5668, together, the "First Standing Motion"), the Committee requested that this Court authorize it to commence, prosecute and settle on behalf of the Debtors' estates claims and counterclaims arising out of or in connection with the Debtors' 2007 leveraged buyout transaction ("LBO-Related Claims").  By separate motion dated September 13, 2010 (Docket No. 5698, the "Second Standing Motion"), the Committee requested that this

Court authorize it to commence, prosecute and settle certain additional LBO-Related Claims on behalf of the Debtors estates (collectively, the "LBO Standing Motions").

4.    By Motion dated November 11, 2010 (Docket No. 6414, the "Preference Standing Motion"), the Committee requested that this Court authorize it to commence, prosecute and settle on behalf of the Debtors' estates certain claims related to avoidable transfers made by the Debtors.  By separate motion dated November 23, 2010 (Docket No. 6559, the "Professionals Preference Standing Motion," together with the LBO Standing Motions and the Preference Standing Motion, the "Standing Motions"), the Committee requested that this Court authorize it to commence, prosecute and settle on behalf of the Debtors' estates certain claims related to avoidable transfers made by the Debtors to certain retained professionals.

5.    By orders dated October 27, 2010 and November 29, 2010 (Docket Nos. 6150, 6657 and 6658 the "Standing Orders"), this Court granted the Standing Motions.  The Standing Orders provide that, pending the occurrence of a "Termination Event" as defined in the Standing Orders, any litigation commenced by the Committee pursuant to the authority granted in the Standing Orders (a) may not be settled absent the agreement of the Debtors and the Committee and (b) broadly shall be stayed.  Specifically, with respect to settlement, the Standing Orders each provide, in pertinent part, that:

> *neither the Debtors nor the Committee shall settle, subject to the Court's approval, any of the claims to be transferred to the Litigation Trust or the Creditors Trust (under and as defined in the Proposed Plan) without the other's consent unless and until the earliest to occur of the following: (i) the Committee and/or the Debtors withdraw their support for the Proposed Plan; (ii) the Court declines to confirm the Proposed Plan, or (iii) April 1, 2011 (each a "Termination Event").*

{698.001-W0013659.2}

*See* Standing Orders, p. 3.  With respect to the broad stay of any litigation commenced pursuant

to the authority granted to the Committee in the Standing Orders, each of the Standing Orders

provides, in pertinent part, that such actions:

> *shall be deemed stayed, until a Termination Event occurs . . . . All*
> *applicable deadlines, other than those applicable to the discovery*
> *permitted in this Order, are suspended during the period of the*
> *Stay.    All motion practice (other than motions respecting*
> *confidentiality, motions to lift, extend or otherwise respecting the*
> *Stay, motions with respect to the discovery permitted by this Order,*
> *motions to intervene and motions regarding settlements consistent*
> *with the terms of this Order) and contested hearings or trials are*
> *prohibited.*

*See* Standing Orders, p. 4.

6.    Since the entry of the Standing Orders, the Committee has filed certain

complaints and/or negotiated tolling agreements with respect to statutes of limitations, all as

contemplated by and consistent with the terms of the Standing Orders.  None of the litigation that

the Committee has commenced pursuant to the authority it was granted in the Standing Orders

has settled.  And, critically, consistent with the Standing Orders, the litigation the Committee has

commenced is stayed, pending the occurrence of a Termination Event.

7.    The Court and parties in interest have completed the initial phase of trial,

including ten days of evidentiary hearings, in connection with two competing plans of

reorganization proposed on the one hand by the Debtors, the Committee and certain senior

lenders (the "DCL Plan") and on the other hand by certain noteholders (the "Noteholder Plan"

and, together with the DCL Plan, the "Competing Plans").  Trial of the Competing Plans will re-

commence on April 11, 2011, and is expected to be followed by briefing and argument, which

have yet to be scheduled.  As a result, at least one "Termination Event" – the occurrence of the

date of April 1, 2011 – shortly will take place.  Consequently, the Committee has filed the instant

4

motion, seeking to extend the April 1, 2011 Termination Event through June 15, 2011, which will permit the parties to continue to enjoy the benefits of the Standing Orders while the Competing Plans are litigated, a ruling is made or a settlement achieved.[2]

### BASIS FOR RELIEF

8.    The Court has inherent authority and jurisdiction to consider and enforce the terms of the orders it enters, including the Standing Orders. *See Langston Law Firm v. Mississippi,* 410 B.R. 150, 155 (S.D.N.Y. 2008) ("'Bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334.'") (quoting *In re Chateaugay Corp.,* 201 B.R. 48, 62 (Bankr. S.D.N.Y. 1996)); *see also In re Fibermark,* 369 B.R. 761, 765 (Bankr. D. Vt. 2007); *In re White Motor Credit Corp.,* 75 B.R. 944, 947-48 (Bankr. N.D.Ohio 1987). Notably, the Standing Order itself carves out from the broad stay of litigation motions "to extend or otherwise respecting the stay . . . ." *See,* LBO Standing Order, p. 4, Preference Standing Order, p. 3, Professionals Standing Order, p. 3. Consequently, this Court's consideration of the relief sought herein is appropriate at this time.

9.    As the Court is aware, multiple parties with widely divergent interests responded to the Standing Motions and were involved in the negotiation of the terms of the Standing Orders in the Fall of 2010. At that time, the occurrence of the April 1, 2011 Termination Event may have seemed remote. Since the entry of the Standing Orders, however, these cases have seen, among other things, the filing of multiple proposed plans of reorganization, the settlement of various issues in connection therewith and extensive litigation in connection with the Competing Plans. Notwithstanding the parties' litigation of the Competing Plans, the litigation filed by the

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the April 1, 2011 Termination Event until a hearing on the Motion without the need for a bridge order. The Committee nonetheless seeks a prompt hearing on the Motion so that an appropriate order may be entered at the Court's convenience.

{698.001-W0013659.2}

Committee pursuant to the authority granted to it in the Standing Orders has remained stayed.

10.    For the same reasons that the parties agreed to and the Court entered the Standing Orders providing for the Termination Events, all parties in interest will benefit by the extension of the April 1, 2011 Termination Event requested by this Motion.    The litigation and/or resolution of the LBO litigation are central to both Competing Plans and were the focus of the ten days of evidentiary hearings that have just been completed.    The limitations on settlement of litigation brought by the Committee pursuant to the authority granted to it in the Standing Orders and the broad stay of such litigation appropriately preserve the status quo while this Court considers the Competing Plans.    Moreover, extending the April 1, 2011 Termination Date to June 15, 2011 while the parties (including the Committee) continue to litigate the Competing Plans will conserve estate resources, avoid litigation that otherwise might be resolved in part by the DCL Plan, and permit the parties to focus on confirmation and issues directly related to the Competing Plans (including, perhaps, settlement).

11.    Accordingly, for the reasons set forth herein, the Committee requests that the Court enter an order, substantially in the form annexed hereto as Exhibit "A" amending the Standing Orders to extend the April 1, 2011 Termination Date to June 15, 2011.

**[Remainder of Page Intentionally Left Blank]**

{698.001-W0013659.2}

**WHEREFORE**, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto, amending the Standing Orders to extend the April 1, 2011 Termination Date to June 15, 2011 and (ii) granting such other relief as the Court deems just and proper.

Dated: March 21, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Daniel B. Rath (No.3022)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
Thomas G. Macauley
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

_Counsel to the Official Committee of Unsecured Creditors_

{698.001-W0013659.2}