# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **TRIBUNE COMPANY,** *et al.*, | ) |
| | ) Case No. 08-13141 (KJC) |
| Debtors. | ) |
| | ) Jointly Administered |

## MOTION FOR CLARIFICATION THAT LEAVE IS NOT NECESSARY, OR IN THE ALTERNATIVE, FOR LEAVE, TO SERVE SAMUEL ZELL'S MOTION FOR RELIEF UNDER RULE 9011

Samuel Zell ("Mr. Zell") respectfully submits this motion for clarification that leave is not necessary, or in the alternative, for leave, to *serve* a motion for relief under Federal Rule of Bankruptcy Procedure 9011 upon the Official Committee of Unsecured Creditors (the "Committee") and its counsel. Consistent with the "safe-harbor" provisions of Rule 9011, Mr. Zell is *not* at this time seeking leave to file the Rule 9011 motion, only to serve it.[1] In support of this motion, Mr. Zell states the following:

1. The Committee has filed a complaint in these proceedings captioned *Official Committee of Unsecured Creditors of Tribune Co., et al. v. Fitzsimons*, *et al.*, Adversary Proceeding No. 10-54010 (the "Complaint"). The Complaint asserts at least three claims against Mr. Zell that Mr. Zell contends lack a reasonable basis under Rule 9011:

- The Committee's claim that Mr. Zell allegedly aided and abetted breaches of fiduciary duties by the Tribune's Special Committee at Step One, at a time when Mr. Zell was sitting across the table from the Special Committee, at its invitation, bargaining at arm's-length to purchase Tribune on terms acceptable to the Special Committee. (Count VII). There is no factual basis for depriving Mr. Zell of the well-established legal protections against aiding-and-abetting liability for a party

---

[1] Mr. Zell has attached, as Exhibit 1 to this motion, a draft of his motion for relief under Rule 9011, a memorandum in support, and supporting declarations.

negotiating across the table from a party that allegedly breaches its fiduciary duty. The Examiner found this alleged claim "highly unlikely" to succeed.

- The Committee's claim that Mr. Zell breached his fiduciary duties when he became a director after Step One was approved, notwithstanding that he completely abstained from any board actions related to the transaction. (Count II and a similar claim under Delaware General Corporate Law Sec. 160 in Count XI) This claim is directly contrary to controlling Delaware authority. The Examiner was not even asked to address whether Mr. Zell could breach fiduciary duties when he abstained from taking action, one way or another, on a transaction in which he had a known and fully disclosed interest.

- The claim that EGI-TRB's corporate substance should be "pierced" and disregarded so that Mr. Zell should be liable as its alter-ego. The Complaint simply makes the conclusory allegation that EGI-TRB was Mr. Zell's "alter-ego," and is bereft of *any* of the factual allegations that are necessary to state such a difficult claim, including a lack of corporate formalities, inadequate capitalization, or a sham purpose. No party considered this newly-minted theory sufficiently credible to ask the Examiner to consider it, and the Examiner nowhere identified it as a plausible basis for liability. It is well beyond the pale.

2. On March 10, 2011, the DCL's key expert witness, Professor Bernard Black, testified in this Court that he agreed with the Examiner that the claims alleged against Mr. Zell lack merit and have no "meaningful chance of success." (Ex. 1 (Rule 9011 Memo.) at 2-4.)

3. Consistent with the undersigned's extremely high professional regard for counsel for the Committee, on February 28, 2011, counsel for Mr. Zell sent a letter to the Committee's counsel explaining why these allegations against Mr. Zell violate Rule 9011 and asking that those allegations be withdrawn without necessity for serving or filing a Rule 9011 motion. (Ex. 2, D. Bradford 2/28/11 letter to J. Sottile.) In response, the Committee has determined not to withdraw the pending allegations.

4. Rule 9011 contemplates that a Rule 9011 motion must first be served, but not filed with the Court, "unless, within 21 days after service of the motion (or such other period as

2

the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A).

5. In an effort to further persuade the Committee's counsel to withdraw the offending allegations, counsel for Mr. Zell prepared a Rule 9011 motion and memorandum, with supporting declarations from Mr. Zell and from one of Tribune's directors, Mr. Pate. (*See* Ex. 1.)

6. On March 18 and 19, 2011, counsel for Mr. Zell wrote to the Committee's counsel, again expressing its high regard for counsel, but advising that Mr. Zell's counsel intended to serve the Committee's counsel with a Rule 9011 Motion in the hope that it would persuade the Committee's counsel to withdraw these allegations. Counsel for Mr. Zell asked that the Committee's counsel confirm that the *service* of this Rule 9011 motion (without filing the same with the Court) would not violate any stay orders. (Ex. 3, D. Bradford 3/18/11 letter and 3/19/11 e-mail to J. Sottile.)

7. In response, the Committee has taken the position that this Court's October 27, 2011 Order Granting Unsecured Creditors Committee's Standing Motions prohibits even the service of Mr. Zell's Motion. (Ex. 4, J. Sottile 3/20/11 e-mail to D. Bradford.)

8. Rule 9011 is intended to promote compliance with professional responsibility obligations and to afford counsel an opportunity to reflect upon whether there is a good faith basis for pleadings that have been filed. This Court's October 27, 2010 Order did not purport to suspend counsel's professional obligations nor prohibit the *service* of motions in furtherance of that objective.

9. Although the October 27, 2010 Order prohibits certain "motion practice," the mere *service* of a Rule 9011 motion is not "motion practice." The mere service of a motion does not include the filing of any papers with the Court and does not ask the Court to take any action.

10. In the alternative, if this Court construes its October 27, 2010 Order as prohibiting service of this motion, it should amend the Order to permit the service of the same.

11. The Committee will suffer no prejudice from service at this time. The stay provided for by the October 27, 2010 Order is scheduled to expire on April 1, 2011. Thus, even if the Rule 9011 motion were served today, the 21 day "safe harbor period" would not expire until after the stay is set to expire.

## **CONCLUSION**

For the foregoing reasons, this Court should allow Mr. Zell leave to serve his motion for relief under Rule 9011 on counsel for the Committee.

Dated: March 22, 2011          **BLANK ROME LLP**

By: /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
Alan M. Root (DE No. 5427)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
Douglas A. Sondgeroth (admitted *pro hac vice)*
Andrew W. Vail (admitted *pro hac vice)*
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for Samuel Zell*

135030.01600/40194242v.1