# EXHIBIT 4

| | |
|---|---|
| **From:** | Sottile, James [jsottile@zuckerman.com] |
| **Sent:** | Sunday, March 20, 2011 11:42 AM |
| **To:** | Sottile, James; Bradford, David J |
| **Cc:** | Bush, Graeme W.; landis@lrclaw.com; Rebecca Butcher; Matthew McGuire; Daniel Rath; Macauley, Thomas G.; Goldfarb, Andrew; Carickhoff@BlankRome.com; Steege, Catherine L; Vail, Andrew W; Sondgeroth, Douglas |
| **Subject:** | RE: Tribune |

David, we have considered your letter of March 18 and your e-mail of yesterday advising that you intend to serve a Rule 9011 motion on our firm and our client on Monday. You inquired in your March 18 letter whether we believed that your doing so would violate the automatic stay or any other court order. We believe it is clear that service of the motion would violate the express terms of the Court's October 29, 2010 order granting the Committee standing with respect to LBO-related claims. That order provides in relevant part that any litigation commenced by the Committee pursuant to the October 29, 2010 standing order:

"shall be deemed stayed, until a Termination Event occurs. All applicable deadlines, other than those applicable to the discovery permitted in this Order, are suspended during the period of the Stay. All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited."

No Termination Event has occurred. The service of a Rule 9011 motion is plainly "motion practice" that is prohibited by the standing order. If you wish to pursue serving such a motion, you must first obtain relief from the stay provided for in the October 29, 2010 standing order.

Should you wish to discuss this matter, please do not hesitate to contact me.

All the best.

Jim

---

From: Sottile, James
Sent: Saturday, March 19, 2011 4:31 PM
To: Bradford, David J
Cc: Bush, Graeme W.; landis@lrclaw.com; Rebecca Butcher; Matthew McGuire; Daniel Rath; Macauley, Thomas G.; Goldfarb, Andrew; Carickhoff@BlankRome.com; Steege, Catherine L; Vail, Andrew W; Sondgeroth, Douglas
Subject: RE: Tribune

David,

Thanks for your note. Given your intention to serve a Rule 9011 motion on Monday, we will respond tomorrow to your letter of yesterday.

All the best.

Jim

---

From: Bradford, David J [dbradford@jenner.com]
Sent: Saturday, March 19, 2011 12:57 PM

1

To: Sottile, James
Cc: Bush, Graeme W.; landis@lrclaw.com; Rebecca Butcher; Matthew McGuire; Daniel Rath; Macauley, Thomas G.; Goldfarb, Andrew; Carickhoff@BlankRome.com; Steege, Catherine L; Vail, Andrew W; Sondgeroth, Douglas
Subject: RE: Tribune

Jim, thank you for your prompt response. To be clear, we intend to serve a Rule 9011 motion on your firm and your client on Monday, but we do not intend to file it for at least 21 days thereafter. it is our understanding that the service of the motion will afford your client and your firm a 21 day "safe harbor" period within which to withdraw the allegations that are the subject of the motion. We would intend to file the motion only if the offending allegations are not withdrawn prior to the expiration of the safe harbor period. As I have indicated to you previously, we take these actions with great reluctance and reiterate our high regard for you and your firm.

If you have any questions or concerns, I am available to discuss them with you on over the weekend or on Monday morning.

Best regards, David

---

From: Sottile, James [jsottile@zuckerman.com]
Sent: Friday, March 18, 2011 4:53 PM
To: Bradford, David J
Cc: Bush, Graeme W.; landis@lrclaw.com; Rebecca Butcher; Matthew McGuire; Daniel Rath; Macauley, Thomas G.; Goldfarb, Andrew; Carickhoff@BlankRome.com; Steege, Catherine L; Vail, Andrew W; Sondgeroth, Douglas
Subject: Re: Tribune

David, I acknowledge receipt of your letter sent minutes after conclusion of two weeks of confirmation hearings. We will consider and respond to your letter on Monday. We trust you will take no action with respect to filing a Rule 11 motion until we have had an opportunity to consider and respond to your letter. If that is not the case, please advise me as soon as possible so that we can respond accordingly.

Jim

Sent from my iPhone

On Mar 18, 2011, at 5:31 PM, "Bradford, David J" <dbradford@jenner.com> wrote:

> Please see the attached. Thank you.
>
> _____
> David J. Bradford
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654-3456
> Tel (312) 923-2975
> Fax (312) 840-7375
> dbradford@jenner.com
> www.jenner.com<http://www.jenner.com/>
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>

2

```
> _____
> <Scan.pdf>
```