```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                          )       Case No. 08-13141(KJC)
                                )
                                )
TRIBUNE COMPANY                 )       Chapter 11
                                )
                                )       Courtroom 5
                                )       824 Market Street
              Debtors.          )       Wilmington, Delaware
                                )
                                )       March 22, 2011
                                )       10:00 a.m.



                   TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Sidley Austin, LLP
                                BY: JAMES CONLAN, ESQ.
                                BY: KEN KANSA, ESQ.
                                BY: JESSICA BOELTER, ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (312) 853-7000


                                Cole, Schotz, Meisel, Forman
                                & Leonard, P.A.
                                BY: NORMAN PERNICK, ESQ.
                                500 Delaware Ave., Ste. 1410
                                Wilmington, DE 19801
                                (302) 652-3131


ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Morgan Stanley:            Barnes & Thornburg
                               BY: DAVID POWLAN, ESQ.
                               11 South Meridian Street
                               Indianapolis, IN  46204
                               (317) 727-2211

For Angelo Gordan/Oaktree/
Credit Agreement Lenders:      Young Conaway Stargatt &
                               Taylor
                               BY: BLAKE CLEARY, ESQ.
                               BY: ROBERT BRADY, ESQ.
                               The Brandywine Building
                               1000 West Street, 17th Floor
                               Wilmington, DE 19801
                               (302) 571-6600


For Merrill Lynch:             Potter Anderson & Carroon, LLP
                               BY: LAURIE SILVERSTEIN, ESQ.
                               Hercules Plaza
                               1313 North Market Street
                               6th Floor
                               Wilmington, DE  19801
                               (302) 984-6033


For Barclays:                  DLA Piper
                               BY: MICHELLE MARINO, ESQ.
                               1251 Avenue of the Americas
                               New York, NY  10020-1104
                               (212) 335-4500


For JP Morgan:                 Davis Polk & Wardwell
                               BY: ELLIOT MOSKOWITZ, ESQ
                               BY: DAMIEN SCHAIBLE, ESQ.
                               450 Lexington Avenue
                               New York, NY 10017
                               (212) 450-4000

                               Richards Layton & Finger
                               BY: BOB STEARN, ESQ.
                               One Rodney Square
                               920 North King Street
                               Wilmington, DE  19801
                               (302) 651-7700

```
APPEARANCES:
(Continued)

For Official Committee
of Unsecured Creditors:        Landis, Rath & Cobb
                               BY: DANIEL B. RATH, ESQ.
                               919 Market Street, Suite 1800
                               Wilmington, DE 19801
                               (302) 467-4400

                               Chadbourne & Parke, LLP
                               BY: DAVID LEMAY, ESQ.
                               BY: HOWARD SEIFE, ESQ.
                               30 Rockefeller Plaza
                               New York, NY 10112
                               (212) 408-5100

                               Zuckerman Spaeder
                               BY: JAMES SOTTILE, ESQ.
                               1800 M Street, NW
                               Suite 1000
                               Washington, DC 20036
                               (202) 778-1800

For Aurelius:                  Akin Gump Strauss Hauer & Feld
                               BY: DANIEL GOLDEN, ESQ.
                               BY: PHIL DUBLIN, ESQ.
                               One Bryant Park
                               New York, NY 10036
                               (212) 872-1000

                               Lerman Senter, PLLC
                               BY: MEREDITH SENTER, ESQ.
                               2000 K Street, NW, Ste. 600
                               Washington, DC 20006
                               (202) 429-8970

For U. S. Trustee:             United States Trustee
                               BY: DAVID KLAUDER, ESQ.
                               844 King Street, Ste. 2207
                               Wilmington, DE  19801
                               (302) 573-6491
```

APPEARANCES:
(Continued)

For Software AG:                    Phillips Goldman & Spence
                                    BY: STEPHEN A. SPENCE, ESQ.
                                    1200 Broom Street
                                    Wilmington, DE  19806
                                    (302) 655-4200


For DBTCA:                          McCarter & English
                                    BY: KATHARINE MAYER, ESQ.
                                    BY: DAVID ADLER, ESQ.
                                    405 N. King Street, 8th Fl.
                                    Wilmington, DE  19801
                                    (302) 984-6312


For Wilmington Trust:               Brown Rudnick
                                    BY: MARTIN SIEGEL, ESQ.
                                    185 Asylum Street
                                    Hartford, CT  06103
                                    (860)509-6519


For Great Banc:                     Womble Carlyle
                                    BY: THOMAS M. HORAN, ESQ.
                                    222 Delaware Avenue, Ste. 1501
                                    Wilmington, DE  19801
                                    (302) 252-4339

For Cantigny/McCormick
Foundation:                         Katten Muchin Rosenman, LLP
                                    BY: JOHN SIEGER, ESQ.
                                    525 W. Monroe Street
                                    Chicago, IL 60661-3693
                                    (312) 902-5200


                                    Duane Morris
                                    BY: RICH RILEY, ESQ.
                                    1100 N. Market St., Ste. 1200
                                    Wilmington, DE  19801
                                    (302) 657-4900

For Employee Compensation
Defendants Group:                   Frank Gecker, LLP
                                    BY: JOSEPH FRANK, ESQ.
                                    325 N. LaSalle St. 625
                                    Chicago, IL  60610
                                    (312)276-1400

APPEARANCES:
(Continued)

For Employee Compensation              The Hogan Group
Defendants Group:                      BY: DANIEL K. HOGAN, ESQ.
                                       1311 Delaware Avenue
                                       Wilmington, DE  19806
                                       (302) 656-7540

For Certain Directors
& Officers:                            Connolly Bove Lodge & Hutz,LLP
                                       BY: MARC PHILLIPS, ESQ.
                                       The Nemours Building
                                       1007 North Orange Street
                                       Wilmington, DE 19801
                                       (302) 658-9141

                                       Grippo & Elden
                                       BY: JOHN MCCAMBRIDGE, ESQ.
                                       BY: PATRICK NASH, ESQ.
                                       BY: GEORGE DOUGHERTY, ESQ.
                                       111 South Wacker Drive
                                       Chicago, IL 60606
                                       (312) 704-7700

For Daniel Kazan:                      Polsinelli Shughart
                                       BY: CHRISTOPHER WARD, ESQ.
                                       222 Delaware Ave., Ste. 1101
                                       Wilmington, DE  19801
                                       (302) 252-0920

For Wells Fargo:                       Fox Rothschild, LLP
                                       BY: L. JOHN BIRD, ESQ.
                                       919 North Market St., 16th Fl.
                                       Wilmington, DE  19801
                                       (302) 622-4263

For Law Debenture Trust:               Kasowitz Benson Torres &
                                       Friedman, LLP
                                       BY: DAVID ROSNER, ESQ.
                                       1633 Broadway
                                       New York, NY  10019
                                       (212) 506-1717

```
APPEARANCES:
(Continued)
For Cook County:              Bayard
                             BY: JUSTIN R. ALBERTO, ESQ.
                             222 Delaware Avenue
                             Wilmington, DE  19801
                             (302) 429-4226


For Chandler Bigelow:        Sperling & Slater
                             BY: GREGG R. HAGUE, ESQ.
                             55 West Monroe St., Ste. 3200
                             Chicago, IL  60603
                             (312)641-3200


                             Bouchard Margules &
                             Friedlander
                             BY: SEAN M BRENNECKE, ESQ.
                             222 Delaware Ave., Ste. 1400
                             Wilmington, DE  19801
                             (302) 573-3500


For Bridge Agent:            White & Case, LLP
                             BY: SCOTT GREISSMAN, ESQ.
                             1155 Avenue of the Americas
                             New York, NY  10036-2787
                             (212) 819-8200


For Tribune/Debtors:         Reed Smith
                             BY: JOHN D. SHUGRUE, ESQ.
                             10 South Wacker Dr., 40th Fl.
                             Chicago, IL  60606
                             (312) 207-2459


For Sam Zell & EGI-TRB:      Jenner & Block
                             BY: DAVID J. BRADFORD, ESQ.
                             333 North Clark Street
                             Chicago, IL  60654-3456
                             (312) 222-9350
For Hianik, Birmingham,
Ehlmann, et. al.:            Cozen O'Connor
                             BY: BARRY KLAYMAN, ESQ.
                             Chase Manhattan Center
                             1201 N. Market St., Ste. 1400
                             Wilmington, DE  19801
                             (302) 295-2035
```

APPEARANCES:
(Continued)

```
For Retirees:              Teitelbaum & Baskin, LLP
                           BY: JAY TEITELBAUM, ESQ.
                           3 Barker Avenue
                           White Plains, NY  10601
                           (914) 437-7670
TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:       Chadbourne & Park, LLP
                           BY:  MARC D. ASHLEY, ESQ.
                           (212) 408-5194
                           BY: DOUGLAS DEUTSCH, ESQ.
                           (212) 408-5169
                           BY: DAVID LEMAY, ESQ.
                           BY: THOMAS MCCORMACK, ESQ.
                           (212) 408-5100
                           BY: MARC ROITMAN, ESQ.
                           (212)408-5271
                           BY: HOWARD SEIFE, ESQ.
                           (212) 408-5361

                           Zuckerman & Spaeder, LLP
                           BY: GRAEM BUSH, ESQ.
                           BY: ANDREW GOLDFARB, ESQ.
                           BY: JAMES SOTTILE, ESQ.
                           (202) 778-1800

For SuttonBrook Capital:   SuttonBrook Capital
                           Management, LP
                           BY: CAROL L. BALE, ESQ.
                           (212) 588-6640

For Bank of America:       O'Melveny & Myers
                           BY: DANIEL CANTOR, ESQ.
                           (212) 326-2000
                           BY: DANIEL SHAMAH, ESQ.
                           (212) 326-2138

                           Bank of America
                           BY: ESTHER CHUNG, ESQ.
                           (646) 855-6705
```

TELEPHONIC APPEARANCES:
(Continued)

For George Dougherty:          Grippo & Elden, LLC
                               BY: GEORGE DOUGHERTY, ESQ.
                               (312) 704-7700


For Tribune:                   Sidley Austin
                               BY: JILLIAN LUDWIG, ESQ.
                               (312) 853-7523
                               BY: MATTHEW MARTINEZ, ESQ.
                               (312) 853-0826
                               BY: JAMES BENDERNAGEL, ESQ.
                               (202) 736-8136
                               BY: BRYAN KRAKAUER, ESQ.
                               (312)853-7515
                               BY: CANDICE KLINE, ESQ.
                               (312) 853-7778
                               BY: DAVID MILES, ESQ.
                               (202)736-8556
                               BY: KERRIANN MILLS, ESQ.
                               (312) 853-0036
                               BY: STEVEN ROBINSON, ESQ.
                               (312) 853-2667
                               BY: ALLISON STROMBERG, ESQ.
                               (312) 853-0497
                               BY: JOEL G. SAMUELS, ESQ.
                               (213) 896-6030
                               BY: JEFFREY STEEN, ESQ.
                               (312) 853-7824

                               Tribune Company
                               BY: GARY WEITMAN, ESQ.
                               (312) 222-3394
                               BY: DAVID ELDERSVELD, ESQ.
                               (312) 222-4707
                               BY: DON LIEBENTRITT, ESQ.
                               (312)222-3651
                               BY: AMY FORAN, ESQ.
                               (312) 222-5955
                               BY: MICHAEL D. ONEAL, ESQ.
                               (312) 222-3490

```
TELEPHONIC APPEARANCES:
(Continued)

For Tribune:                    Joseph, Herzfeld Hester &
                                Kirschenbaum, LLP
                                BY: MICHAEL D. PALMER, ESQ.
                                (212) 688-5640

                                Seyfarth Shaw, LLP, New York
                                BY: EDWARD CERASIA, ESQ.
                                (212) 218-5611

For Citibank:                   Paul Weiss Rifkind Wharton
                                BY: KIRA DAVIS, ESQ.
                                (212) 373-3000
                                BY: ANDREW GORDON, ESQ.
                                (212)373-3543
                                BY: ANDREW LEVY, ESQ.
                                (202)223-7328
                                BY: SHANNON PENNOCK, ESQ.
                                (212) 373-3000
                                BY: ELIZABETH MCCOLM, ESQ.
                                (212) 373-3000
For Former Special Committee
Of Tribune's Board of
Directors:                      Skadden Arps Slate Meagher &
                                Flom
                                BY: NICK CAMPANARIO, ESQ.
                                (312) 407-0974

For Aurelius Capital
Management:                     Aurelius Capital Management LP
                                BY: MATTHEW A. ZLOTO, ESQ.
                                (646) 445-6518
                                BY: MICHELLE RODITI, ESQ.
                                (646) 445-6504

                                Akin Gump Strauss Hauer & Feld
                                BY: SHAYA ROCHESTER, ESQ.
                                (212) 872-1076
                                BY: DAVID ZENSKY, ESQ.
                                (212) 872-1000
```

TELEPHONIC APPEARANCES:
(Continued)

For Aurelius Capital
Management:                         Friedman Kaplan Seiler &
                                    Adelman
                                    BY: KIZZY JARASHOW, ESQ.
                                    (212) 833-1115
                                    BY: GREGORY W. FOX, ESQ.
                                    (212) 833-1177

For Anna Kalenchits:                Anna Kalenchits
                                    (212)723-1808

For JP Morgan Chase Bank:           Davis Polk & Wardwell, LLP
                                    BY: PETER KIM, ESQ.
                                    (212) 450-3028

For Partner Fund Management:        Vinson & Elkins, LLP
                                    BY: LANCE A. MULHERN, ESQ.
                                    (212) 237-0184
For Brigade Capital
Management:                         Brigade Capital Management
                                    BY: NEIL LOSQUADRO
                                    (212) 745- 9758

For Eos Partners:                   Eos Partners
                                    BY: MIKE J. SCHOTT, ESQ.
                                    (212) 593-4046

For Barclays:                       Mayer & Brown, LLP
                                    BY: AMIT K. TREHAN, ESQ.
                                    (212) 506-1717
                                    BY: JEAN-MARIE ATAMIAN, ESQ
                                    (212) 506-2678
                                    BY: MICHAEL L. SIMES, ESQ.
                                    (212) 506-2607

For Merrill Lynch:                  Kaye Scholer, LLP
                                    BY: MADLYN G. PRIMOFF, ESQ.
                                    (212) 836-7042

For DK Partners:                    DK Partners
                                    BY: EPHRAIM DIAMOND, ESQ.
                                    (646) 282-5841

```
TELEPHONIC APPEARANCES:
(Continued)

For Deutsche Bank:            McCarter & English
                             BY: DAVID J. ADLER, ESQ.
                             (212) 609-6847

For Oaktree Capital:         Dewey & LeBoeuf, LLP
                             BY: BRUCE BENNETT, ESQ.
                             (213) 621-6021
                             BY: JAMES O. JOHNSTON, ESQ.
                             (213)621-6018
                             BY: JOSHUA M. MESTER, ESQ.
                             (213) 621-6016

For Kramer Levin:            Kramer Levin, Naftalis &
                             Frankel, LLP
                             BY: DAVID E. BLABEY, JR.,ESQ.
                             (212) 715-9100

For Jefferies & Co.:         Jefferies & Company
                             BY: JUSTIN BRASS
                             (203)708-5847
For Monarch Alternative
Capital, LP:                 Monarch Alternative Capital
                             BY: ROBERT G. BURNS, ESQ.
                             (212) 554-1768

For Michael D'Agostino:      Bingham McCutchen, LLP
                             BY: MICHAEL D'AGOSTINO, ESQ.
                             (860) 240-2731

For CitiGroup:               Paul Weiss Rifkind Wharton &
                             Garrison
                             BY: AMY DEITERICH, ESQ.
                             (212) 373-3688

For UBS Investment Bank:     UBS Securities, LLC
                             BY: NEEL DOSHI, ESQ.
                             (203) 719-8723

For Arrowgrass Management:   Arrowgrass Capital Partners,
                             U.S., LP
                             BY: ARIF GANGAT, ESQ.
                             (212) 584-1160
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Nomura Securities:          Nomura Securities
                                BY: ARTHUR KAVALIS, ESQ.
                                (212) 667-2370

For Debtwire:                   Debtwire
                                BY: ANTHONY KIM, ESQ.
                                (212) 686-5354

For Great Banc Trust Co.:       Morgan Lewis & Brockius, LLP
                                BY: RACHEL MAUCERI, ESQ.
                                (215) 963-5000
                                BY: MENACHEM ZELMANOVITZ, ESQ.
                                (215) 309-6000

For Wilmington Trust:           Brown Rudnick, LLP
                                BY: GORDON NOVOD, ESQ.
                                (212) 209-4940

For Interested Party:           Schulte Roth & Zabel, LLP
                                BY: KAREN S. PARK, ESQ.
                                (212) 756-2036

For Crane Kenney:               Shaw Gussis Fishman Glantz
                                Wolfson
                                BY: RICHARD A. SALDINGER, ESQ.
                                (312) 276-1321
For Longacre Management
Fund:                           Longacre Management Fund
                                BY: MICHAEL SHREKGAST, ESQ.
                                (312) 515-7431

For EGI-TRB:                    Jenner & Block, LLP
                                BY: ANDREW VAIL, ESQ.
                                (312) 840-8688

For Carol Walker:               Carol Walker-In Pro Per/Pro se
                                (805) 985-8704

For Ernst & Young:              Alston & Bird, LLP
                                BY: JOHN W. WEISS, ESQ.
                                (212) 210-9412
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Ernst & Young:            Allen & Overy, LLP
                              BY: ROWENA WHITE, ESQ.
                              (212) 610-6316

For Interested Party:         Katten Muchin Rosenman, LLP
                              BY: ANDREW L. WOOL, ESQ.
                              (312) 902-5623

For Inmate:                   Emerson Tucker
                              (312) 853-7523

For Deloitte Consulting:      Deloitte Tax
                              BY: IRENE CANNON-GEARY, ESQ.
                              (212) 492-4395

For Mercer (US), Inc. and
Mercer (Canada) Limited:      Freeborn & Peters, LLP
                              BY: DEVON J. EGGERT, ESQ.
                              (312) 360-6378

For Advidity Partners:        Bennett Jones, LLP
                              BY: LEE CASSEY, ESQ.
                              (416)777-6448

                              Lazard Freres & Company
                              BY: COLIN H. KEENAN, ESQ.
                              (212) 632-6197

                              FTI Consulting, Inc.
                              BY: SAMUEL STAR, ESQ.
                              (212) 841-9368

For AbitibiBowater, Inc.:     AbitibiBowater
                              BY: JOSEPH JOHNSON, ESQ.
                              (514) 394-3271
                              BY: STEPHANIE LECLAIRE, ESQ.
                              (514) 394-3642
```

1

1    WILMINGTON, DELAWARE, TUESDAY, MARCH 22, 2011, 10:04 A.M.

2              THE CLERK:  All rise.  Be seated, please.

3              THE COURT:  Good morning, everyone.

4              ALL:  Good morning, Your Honor.

5              MR. PERNICK:  Good morning, Your Honor.  Norman

6    Pernick from Cole Schotz on behalf of the debtor, Tribune

7    Company.

8              Your Honor, I thought I'd run through the agenda

9    very quickly just to outline what's happening today and

10   what's been continued.

11             THE COURT:  All right.

12             MR. PERNICK:  First, a number of matters have

13   been adjourned.

14             No. 1, the tenth omnibus objection with respect

15   to GE Capital Fleet Services and the Robby Wells claims,

16   those are both April 25.

17             No. 2 is the twenty-fourth omnibus objection with

18   respect to Marbury Vonbriesen [ph] and Herbert Eye, those

19   are both to 4/25. And to Ms. Gabby's claim, that's to May

20   25.

21             The third item on the agenda is continued to the

22   twenty-seventh omnibus objection and that's with respect to

23   Marcia Willett only, that's April 25.

24             No. 4, the thirty-third omnibus objection with

25   respect to Albert Togut, the Chapter 7 trustee of PLVTZ and

1   the City of Chicago claim, those are both to 4/25.

2           No. 5 on the agenda, the thirty-fourth omnibus

3   objection with respect to EMC Corporation, that is to April

4   25.

5           No. 6, the fortieth omnibus objection with

6   respect to ASM Accident Energy Claims and USDR CNI

7   Corporation, those are both to April 25.

8           No. 7, the caption Colorado motion for allowance

9   of administrative expense claim, that's April 25.

10          No. 8, the debtors' motion to establish

11  procedures to fix cure amounts, that's to April 25.

12          Number 19, Steven Gellman's motion to allow proof

13  of claim, that's April 25.

14          And No. 21, with respect to the forty-second

15  omnibus objection, the Broadspire Services claim only,

16  that's to April 25.

17          Your Honor was also kind enough to enter orders

18  in several matters.  They were No. 9, the Wilmington Trust

19  seal motion; No. 10, the Aurelius seal motion; No. 11, the

20  motion to extend the removal period; No. 12, the debtors'

21  motion to amend their letter of credit facility; No. 13, the

22  joint motion -- or the joint seal motion of the debtors and

23  Barclays Bank; No. 14, the debtors' motion for extension of

24  time to affect service of process; and No. 15, the third

25  supplemental application for order modifying the scope of

1  the retention of the Ernest & Young.

2           So that leaves us with going forward today No.

3  16, the motion for class certification.  As the agenda

4  noted, the settlement's been reached there through the

5  mediation and so that's going forward today for a status

6  conference only.

7           No. 17, the thirty-sixth omnibus objection is

8  going forward.

9           No. 18 the forty-first omnibus objection with

10 respect to the Cook County Department of Revenue claim only.

11          No. 20, Jewel Food Stores and Albertson's motion

12 for relief from stay.

13          No. 21, the forty-second omnibus objection with

14 respect to the Kara Walker claim, but that is a status

15 conference only.

16          And then No. 22 which is Aurelius' motion for an

17 order determining the creditors have retained their state

18 law constructive fraudulent conveyance claims.

19          And No. 23, the debtors' motion to modify the

20 automatic stay to allow payment and advance of defense

21 costs, fees, and expenses, under the directors and officers

22 liability insurance policies.

23          So unless the Court would prefer in a different

24 order, we would propose just to go in the order of the

25 addenda and Mr. Kansa from Sidley Austin has the first few

1    matters starting with No. 16.

2              THE COURT:  That's fine.

3              MR. PERNICK:  Thank you.

4              MR. KANSA:  Good morning, Your Honor.  For the

5    record, Ken Kansa of Sidley Austin on behalf of the debtors.

6              As Mr. Pernick noted, the first item we have

7    going forward on the agenda is Item 16 today.  There is one

8    brief adjustment we might make to the order.  And that is

9    with respect to Item 17, which is the debtors' thirty-sixth

10   omnibus objection to the claims of Emerson Tucker, Mr.

11   Tucker is presently incarcerated and we understand that he

12   is available on the phone only for a limited time.  We have

13   not heard whether he is able to participate today or not,

14   although we have provided him with notice of the hearing and

15   a statement that we intended to proceed with the objection

16   to his claim today.  So I would inquire as to whether he is

17   on the phone right now and whether we should proceed with

18   that at this time in light of his time constraints.

19             THE COURT:  All right.  This is Judge Carey.  Let

20   me ask for the record, is Emerson Tucker or anyone on his

21   behalf on the telephone or present in Court?

22             MR. TUCKER:  Yes, Your Honor, Emerson Tucker is

23   on the phone right now.

24             THE COURT:  All right.  Good morning, sir.

25             MR. TUCKER:  Good morning.

1           THE COURT:  Mr. Kansa, would you like to proceed

2    with that first then?

3           MR. KANSA:  Your Honor I would.

4           THE COURT:  Go ahead.

5           MR. KANSA:  This is the debtors' thirty-six

6    omnibus objection as I say which is to two $300,000 proofs

7    of claim that were filed by Mr. Tucker.  The debtors

8    understand that Mr. Tucker is presently a pre-trial detainee

9    at Cook County Jail in Chicago.  The two proofs of claim

10   that Mr. Tucker filed are duplicative of one another as

11   explained in the objection and Mr. Tucker has proceeded in

12   this matter pro se.  The claims are based upon a portion of

13   the allegations in a separate pro se complaint that Mr.

14   Tucker has filed on two occasions in the U.S. District Court

15   in New Jersey.  That complaint has been dismissed both times

16   by the District Court on various grounds --

17           THE COURT:  Procedural grounds as I understand

18   it.

19           MR. KANSA:  Procedural grounds, that's correct,

20   Your Honor, although certain of his claims were dismissed

21   with prejudice.  For example, the conspiracy claims that he

22   alleged in his original complaint and that were also alleged

23   in his October 2010 reply to the debtors' objection to his

24   claim.

25           But to boil down an awful lot of paper, Mr.

1    Tucker's proof of claim is based on his apparent belief that

2    the Chicago Tribune Newspaper has labeled Mr. Tucker using a

3    particular term and has either defamed him or portrayed him

4    in a false light on that basis.  And that that labeling of

5    Mr. Tucker by the Chicago Tribune or that alleged labeling

6    resulted in unspecified damages to his reputation, to his

7    employment prospects, and to his social relationships.

8              The debtors have objected to Mr. Tucker's claims

9    on several grounds.  The first and principally the grounds

10   for the objection are that the Chicago Tribune has never

11   labeled Mr. Tucker in a manner in which he says the Chicago

12   Tribune did.  The debtors filed with the Court as part of

13   our objection, the declaration of Debra Bade, the Chicago

14   Tribune's librarian which attaches the only three articles

15   that the debtor -- that the Chicago Tribune has ever

16   published relating to Mr. Tucker.  None of those articles

17   labels Mr. Tucker in the manner in which he alleges they

18   did.

19             So to reduce the objection to its core, Your

20   Honor, the Chicago Tribune never said what Mr. Tucker says

21   it said and as a result, we object to the underlying factual

22   premise of his claim.  Even had the Chicago Tribune said

23   what it was alleged to have said, Mr. Tucker would still

24   bear the burden to show that the statement was either false

25   if his claim is for defamation or that it was technically

1   true, but tended to paint him in a false light if his claim

2   was a false light claim.

3         In either respect, he also bears the burden to

4   proof that the statement was made with actual malice and not

5   reasonable susceptible to an innocent conclusion or innocent

6   construction.  Those have neither been alleged nor proven.

7   The only statement that Mr. Tucker has pointed to as a basis

8   for his claim is a statement that the Chicago Tribune

9   demonstrably never made.

10        And we would add in addition, that to the extent

11  the Chicago Tribune did cover him in the three articles in

12  question, those articles facially fall within the fair

13  report privilege which entitles Chicago Tribune to a

14  qualified privilege in the event that it makes a fair report

15  of official actions.  And we believe based on the text of

16  the articles, that these are, in fact, a fair report of the

17  actions involving Mr. Tucker that the Cook County

18  authorities and the other authorities described in the

19  article undertook.

20        There is also lastly, a failure by Mr. Tucker to

21  show that any harm has resulted from his -- from the events

22  alleged and it is not credible that Mr. Tucker could show

23  such harm.  Mr. Tucker as we understand, has been

24  incarcerated since the statements in question were made,

25  hence any harm to his employment or social prospects seems

1   remote at best.  And again, it would have to be tied to a

2   particular statement made by the Chicago Tribune which, in

3   fact, has demonstrably never been made.

4          For all of those reasons, Your Honor, we would

5   ask that this Court sustain the objection and disallow the

6   two proofs of claim filed by Mr. Tucker.

7          THE COURT:  All right, thank you.  Mr. Tucker,

8   would you care to be heard?

9          MR. TUCKER:  Yes, Your Honor.

10         THE COURT:  Now is your time, sir.

11         MR. TUCKER:  Yes, Your Honor, I would like to

12  object to what Tribune -- they -- what Tribune -- I would

13  like to object first.  And secondly, I would like to say

14  that even though the Court dismissed my claims, that the

15  Court -- I still have my claims on appeal in the U.S. Court

16  of Appeals for the Third Circuit.  And the U.S. Court of

17  Appeals for the Third Circuit didn't make a decision on

18  that.  They only made a decision on the injunction part of

19  relief that I asked because they said the Judge's order

20  wasn't final.  And my claims, I'm still -- I think that my

21  claims have merit and I'm still pursuing my appeals in my

22  claim.

23         So all I would like to ask is that Your Honor

24  stay my claim because I'm asking for -- I got a lot of

25  issues on appeal on this matter and I got a lot of evidence

1   to some of the things that the Tribune made to defame me,

2   they lied on my reputation.  I got a lot of unlisted truths

3   that -- and I would just like to ask that the Judge stay it

4   because like I say, even though the Court didn't hear my

5   claims or dismissed my claims, some claims were prejudice,

6   some claims without prejudice because they say it's not

7   related, I feel was -- had issues like for a separate trial

8   I was going to ask for, I was going to request for or to

9   have my claims separated from my main claims as was in the

10  U.S. District Court and the Court never heard that motion.

11  And the Court ain't never granted -- the Court, even though

12  they denied me and the decision is not final under the U.S.

13  Court of Appeals rules and under the District Court is not a

14  final order.  And so my claims are still lingering in the

15  U.S. District Court until or after my case is over with.

16          So I would like to ask the Court to stay this

17  matter until -- so I can have my day in Court, at least.

18  That's what I -- all I would like to say.

19          THE COURT:  All right, thank you.  Mr. Tucker, I

20  do have a question for you.  The counsel for the debtor says

21  that your claim rests entirely on publication of three

22  articles; two on -- in the Chicago Tribune, two on May 18,

23  2007 and one on January 15, 2008.  I've read all three.  Let

24  me ask you, do you agree that those are the basis for your

25  claim?

1            MR. TUCKER:  I don't -- no, I don't totally

2   agree.  And some of the things that they said was put in a

3   false light.  I will say that.  Some of the things was

4   inaccurate, some of the things was false that they got from

5   the police officer, Chicago Police Officer, climaxed with

6   false information, was information that defamed me, was not,

7   you know, it made me look like a person that I was not, that

8   I wasn't -- a lot of the things was false and I would like

9   to -- I wanted to deal with that in the U.S. Court -- in the

10  District Court when I reopened the case and that's some

11  things they won't allow.  So I object.  I don't agree to all

12  of their version of the case.  And then I got additional

13  information I'd like to supplement the record with, but the

14  law library in this prison didn't have it and they don't

15  copy certain things that I got to add to my claim.

16            THE COURT:  Mr. --

17            MR. TUCKER:  So I don't totally agree with that.

18  And I saw after reading some of the articles, I saw a lot of

19  information that they obtained was false information and

20  they published that, all off that same false information

21  about me and it defamed me and it denied me of -- it

22  possibly could have denied me a right to a fair and

23  impartial trial.

24            THE COURT:  Thank you.  Mr. Kansa, what's the

25  status of the appeal before the circuit?

1          MR. KANSA:  Your Honor, the Third Circuit ruled

2     on the appeal and affirmed the District Court's dismissal of

3     it on procedural grounds.  The District Court's dismissal

4     was on February 23, 2010.  The Third Circuit ruled on

5     October -- I don't have the precise date, but I believe it's

6     October 14, 2010.  But as a result, we are not aware that

7     there are any proceedings remaining relating to these claims

8     in either the District Court or in the Third Circuit.

9          THE COURT:  Did you hear that, Mr. Tucker?

10          MR. TUCKER:  Yes.  The Third Circuit -- what the

11     Third Circuit actually said, the Third Circuit -- I was in

12     the barber when they called me and I didn't bring my

13     paperwork, but if I can recall, the Third Circuit said they

14     cannot rule on the order that the District Court issued is

15     not final.  So the issues that I was appealing for that's

16     pertaining to the Tribune in the media, they cannot hear

17     them issues because the order is not a final order.  So they

18     said I have to wait till a Judge makes the final order and

19     then I'll bring them appeals up before the Third Circuit.

20          THE COURT:  Mr. Kansa is the Third Circuit --

21          MR. TUCKER:  That's what I got out of the

22     decision.  And the District Court did -- granted me the

23     right to reopen the case after my criminal case is over

24     with.  But they stayed it.  They actually stayed certain

25     sections of it until my criminal case.  And when they stayed

1    the decision, they didn't issue a final order so I can deal

2    with the other issues on Tribune, on other media matters.  I

3    couldn't deal with them because them issues was in the final

4    order according to the U.S. Court of Appeals order.

5              THE COURT:  Mr. Kansa is the Third Circuit's

6    decision in the binder somewhere?

7              MR. KANSA:  I'm --

8              MR. TUCKER:  I sent a copy of it to Your Honor.

9    I attached it.

10             MR. KANSA:  I believe Mr. Tucker did send a copy

11   to the Court as part of his December 2010 reply.  I also

12   have a copy to hand if the Court would like to see it.

13             MR. TUCKER:  Thank you.

14             THE COURT:  I don't -- one moment.  Okay.  I have

15   it.  Okay.  Well, Mr. Tucker, I will tell you, there is

16   often a circumstance not like yours exactly, but situations

17   in which litigation is pending outside of this Court at the

18   time that a bankruptcy is filed.  And sometimes it gives the

19   Bankruptcy Court the opportunity in effect to decide who

20   should decide certain matters.  And normally, at least as I

21   handle these matters, if something that's pending outside of

22   the Bankruptcy Court is moving along with some kind of

23   alacrity, then I might defer and wait for a Court to take

24   other action.  But it doesn't seem to me based on the

25   procedural posture that the parties described to me that

1  your claim is anywhere near any kind of disposition on the

2  merits elsewhere.

3          So understanding that bankruptcy cases need to

4  move along to conclusion and the claims objections need to

5  be decided, what I would then do is hold a hearing here.

6  And there really would be two ways to dispose of an

7  objection here.  The debtor is telling me that I can sustain

8  its objection purely on legal grounds.  And although you

9  haven't heard Mr. Kansa say this, I take it that the debtor

10  here doesn't think an evidentiary hearing is necessary.

11          MR. KANSA:  That's correct.

12          THE COURT:  You, on the other hand, Mr. Tucker,

13  tell me that an evidentiary hearing is necessary to dispose

14  of your claims, but I don't get the impression that you will

15  be available to come here for an evidentiary hearing any

16  time soon.

17          MR. TUCKER:  If possible, excuse me, Your Honor,

18  I would like to ask the Court to appoint me a counsel.

19          THE COURT:  That's not something that this Court

20  would do or can do.  It's not like a Criminal Court in which

21  you might have the right to counsel.  I see that the

22  District Court here did not, but that's not a role that this

23  Court undertakes.

24          So I was -- let me return to the question that I

25  asked you and that is do you think any time soon you'd be

1   able to appear in Wilmington for an evidentiary hearing?

2          MR. TUCKER:  Yes, I think in the future, yes, I

3   will, Your Honor.

4          THE COURT:  And how do you suppose that might

5   happen?

6          MR. TUCKER:  Once the case -- I got a lot of

7   grounds.  My lawyer said I got a lot of grounds to win the

8   case here like 80 to 20 -- I got an 80 percent chance so.

9          THE COURT:  Well, whether you win or lose the

10  criminal matter, may or may not have any bearing on the

11  claims that you've made here in Bankruptcy Court.

12         MR. TUCKER:  But I can appear once I get

13  released.  I will appear.  That's what I'm saying.

14         MR. TUCKER:  All right, I understand.  Well, I

15  will take this matter under advisement and issue a decision

16  in due course.

17         MR. KANSA:  Thank you, Your Honor.

18         MR. TUCKER:  Your Honor, if you do, can I have a

19  copy of the transcript just in case I have to appeal?

20         THE COURT:  I'll ask the debtor to supply you

21  with a portion of the transcript that addresses this matter.

22         MR. KANSA:  We will do that, Your Honor.

23         THE COURT:  All right, thank you.

24         MR. TUCKER:  Thank you.  I object.

25         MR. KANSA:  Your Honor, I believe that addresses

1  Item 17 from the agenda.  And now coming back to Item 16

2  which is the status conference on the Allen class action.  I

3  believe I can provide the status very briefly.

4              THE COURT:  All right.

5              MR. KANSA:  This matter concerns as the Court may

6  recall, a motion filed in May 2010 by seven named plaintiffs

7  on behalf of themselves and a purported class.  The motion

8  sought to certify the New York minimum wage class under Rule

9  7023 and grant class treatment to purported class proofs of

10  claim; one against Tribune Company and the other against a

11  subsidiary debtor, Tribune New York Newspaper Holdings, LLC,

12  each in the face amount of $1.5 million.  In addition,

13  eighteen individual members of the purported class also

14  filed individual proofs of claim against each of those two

15  debtors in the face amount of $10,000 a piece.

16              The basis for the class and the individual proofs

17  of claim is the plaintiffs' allegation that individual

18  distributors or what Tribune calls hawkers of a free

19  publication, AM New York, were entitled to certain claims

20  under New York Minimum Wage Law.  The debtors believe that

21  it's clear that the hawkers contracted with a third party,

22  Mitchell, who in turn contracted with Tribune and,

23  therefore, these folks fall outside the scope of any minimum

24  wage laws.

25              The other motion was heard before this Court on

1  January 13 this year and at that hearing, the Court ordered

2  the parties to mediation.  That mediation took place last

3  Monday, March 14, and the debtors are pleased to advise the

4  Court that it resulted in a settlement in principle among

5  the plaintiff's, the relative debtors, and Mitchell.  That

6  settlement is being documented and we anticipate that it

7  will be presented to the Court for approval at the May 25

8  omnibus hearing.

9           But to briefly outline the principal terms of the

10  settlement, the debtors and Mitchell will fund in specified

11  amounts, a common fund of $325,000 for the class.  Out of

12  that fund will be paid after the effective date of a plan

13  for the debtors, up to $25,000 in costs for the class, for

14  the purported class's attorneys, $18,000 in service payments

15  for the seven named plaintiffs, and attorney fees of

16  approximately $100,000.

17           The balance of the common fund will be

18  distributed to the class members identified through a

19  noticing and claims process that will be worked out among

20  the parties and administered through a third party

21  administrator, but there will be minimum and maximum

22  individual payment specified to individual members within

23  the class.  Any leftover amounts in the common fund will

24  revert to the debtors and Mitchell in specified percentages

25  as agreed between the parties.  This would resolve both the

1  State Court action commenced by these plaintiffs and it

2  would resolve the two class proofs of claim and the 36

3  individual proofs of claim filed by the 18 members who have

4  self identified to date.

5          The debtors believe that this settlement is

6  beneficial to the estates for a number of reasons,

7  principally because it is resolving at a fraction of face

8  value two very large proofs of claims and eighteen other

9  proofs of claim.  It also has the benefit of resolving on

10  our count about 15 percent of the total litigation related

11  claims against the subsidiary debtors.

12          So this does a great deal to clean up the status

13  of the debtors claim posture and also reaches what we

14  believe is a very fair and equitable settlement for both the

15  plaintiffs and the debtors and the third party

16  administrator.  So we will file that motion on the timetable

17  I have suggested, but we wanted to apprise the Court along

18  those lines.

19          THE COURT:  All right, thank you, I appreciate

20  that.  Does anyone else wish to be heard in connection with

21  this matter?

22  (No audible response heard.)

23          THE COURT:  I hear no response.

24          MR. KANSA:  Thank you, Your Honor.  I believe

25  that brings us to Item 18 on the agenda letter which is the

1    debtors' forty-first omnibus objection to claims.  And the

2    only response that was filed that is going forward is that

3    of the Cook County Department of Revenue.

4            Your Honor, I believe the relevant facts of the

5    objection are uncontested and very simple.  On July 26,

6    2010, the Court established a bar date for the filing of

7    claims against one of the debtors, Tribune CNLBC, LLC,

8    passed.  Tribune CNLBC is the entity that formerly owned the

9    bulk of the business of the Chicago Cubs Major League

10   Baseball franchise.

11           It is not disputed and the debtors have

12   demonstrated that notice of the bar date was provided to

13   Cook County.  Cook County did not file a proof of claim

14   against Tribune CNLBC prior to the bar date.  Instead, this

15   past December, approximately five months after the bar date,

16   Tribune -- or Cook County filed one proof of claim and then

17   has filed two subsequent amendments to that proof of claim

18   with the resulting claim now pending having been filed on

19   February 17 in the amount of approximately $570,000.  This

20   is asserted as an unsecured priority claim pursuant to

21   Section 507(a)(8).

22           THE COURT:  So it now stands at roughly a third

23   of what it was initially?

24           MR. KANSA:  That's correct, Your Honor.

25           THE COURT:  Okay.

1          MR. KANSA:  And they had filed an initial claim

2   for approximately $1.3 million.  It stepped up to

3   approximately $1.5 million with their first amendment and

4   then down to $570 with their second amendment.

5          The debtors objected to the Cook County claim as

6   a late filed claim on their forty-first omnibus objection

7   filed last month.  Cook County responded on February 24 at

8   Docket 8127.  They appear to concede that the claim was

9   filed after the bar date, but assert that their claim should

10  not be disallowed pursuant to Section 726(a)(1) of the

11  Bankruptcy Code which provides that in Chapter 7 cases,

12  certain untimely filed, unsecured priority claims would

13  nonetheless rank first for distribution.

14         I don't believe we have anything more to add to

15  our arguments than what's in our papers, Your Honor, but I'm

16  happy to answer any questions that you may have had on the

17  papers.

18         THE COURT:  No, I'll hear briefly from Cook

19  County and then I'll give you my thoughts.

20         MR. ALBERTO:  Good morning, Your Honor.  Justin

21  Alberto from Bayard on behalf Cook County Department of

22  Revenue.

23         Your Honor, seeing as the debtor relied primarily

24  on its papers, I'd like to address this argument in two

25  facets.  First, being briefly the excusable neglect argument

1   that the debtor raises in its papers.  And second --

2           THE COURT:  Well, the -- what the debtor says is

3   that you didn't raise the argument in yours or offer any

4   evidence in support of a pioneer --

5           MR. ALBERTO:  That's correct.

6           THE COURT:  -- so inspection of a pioneer

7   standard.

8           MR. ALBERTO:  And that's where I was going to go

9   with that, Your Honor.  I could turn directly to what we

10  believe to be the heart of the issue and that's what I'll

11  refer to as the 726(a) exception in 502(b)(9).

12          THE COURT:  Yeah.

13          MR. ALBERTO:  Your Honor, our position is that

14  the debtors' interpretation of 502(b)(9) is too narrow.

15  Pre-1994, timeliness was never an enumerated basis to object

16  to a claim, however, in 1994, Congress added 502(b)(9) to

17  provide that claims may be disallowed if untimely "except to

18  the extent partly filed as permitted in Section 726.

19          The debtors' argument to my understanding, Your

20  Honor, is Congress's use of this term as permitted was its

21  way of saying that 726 still is only applicable in Chapter

22  7's and not generally applicable as the other provisions in

23  Chapter 5.

24          I believe this honor is -- Your Honor is too

25  narrow of a reading and contrary to this circuit's plain

1  meaning, rules of statutory construction.  Such a reading

2  would effectively nullify the provisions in 103 which make

3  the provisions in Chapter 5 generally applicable to Chapter

4  11's.

5          THE COURT:  Yeah, on the other hand, the debtor

6  says to read it the way you would, would just -- the

7  exception would swallow the rule to use the debtors' terms.

8          MR. ALBERTO:  I understand that, Your Honor, and

9  that comes from the *Dennis* case which is a 1999 District, I

10  believe Bankruptcy Court of New Jersey case.

11          Your Honor, turning to the *Dennis* case, I think

12  that it's relevance here is suspect.  It's a Chapter 13

13  case.  Any applicability or any language that says 726

14  cannot be applied in Chapter 11 would be nothing but dicta

15  and I think it should be weighted accordingly.

16          But turning to the actual argument, Your Honor, I

17  think that the Eighth Circuit had addressed this in a case

18  of a back decision in *Hollingsworth* in 2005.  It says that

19  late claims no matter what would still have to satisfy 726.

20  There's three exemptions provided in 726.  So I think that

21  the argument that the exception would swallow the rule in

22  that if 726 is applied to 11 is simply incorrect, Your

23  Honor, because there's -- if it's late, it's only going to

24  be allowed if it satisfies one of the exemptions provided in

25  726.

1          THE COURT:  Then tell me what -- and bear with me

2    for a moment.  Bear with me.  I marked it in my other book,

3    but not in this one.

4          MR. ALBERTO:  Take your time, Your Honor, please.

5          THE COURT:  Well, thank you, Counsel.

6    (Laughter)

7          THE COURT:  I appreciate that.  Bear with me.

8    Well, I can't find exactly what I was looking for, but I

9    will tell you, I have this issue in another case which has

10   been raised but not determined, in fact, I'm waiting to hold

11   an evidentiary hearing in connection with a late filed claim

12   and that's one of the issues and I intend to write on it.

13   So this matter, I'm not going to decide from the bench

14   today.  But it seems to me, that the logical conclusion that

15   you want me to reach is that there can never be a late filed

16   government claim basically.

17         MR. ALBERTO:  If it's a priority claim, I think

18   that's accurate, Your Honor.  There are other exceptions or

19   exemptions I should say in 726 which I have not researched

20   as carefully.

21         THE COURT:  Tell me why that makes sense.

22         MR. ALBERTO:  Well, I think that --

23         THE COURT:  In a Chapter 11.

24         MR. ALBERTO:  I understand your question, Your

25   Honor.  And I think this turns to one of the debtors'

1  argument that the policy behind the bar date actually favors

2  certainty and finality with respect to claims filed against

3  the estates.  But here, I really can't get to the issues why

4  I believe more generally it's correct.  But here, I think

5  that the debtors were on notice of this claim well before

6  the bar date.  And through the ALJ proceeding that was

7  taking place, they had corresponded directly with Cook

8  County.  They were aware of the exact extent and nature of

9  this claim.

10            So again, Your Honor, I know that doesn't fully

11  answer your question because you're looking for a more

12  general answer, but I think specifically here, you may not

13  even need to get to all of that.

14            THE COURT:  Well, specifically here, I understand

15  that Chicago is located in Cook County.

16            MR. ALBERTO:  That's correct, Your Honor.

17            THE COURT:  Is there anybody in Cook County that

18  didn't know Tribune filed a bankruptcy?

19            MR. ALBERTO:  I suspect that they did, Your

20  Honor.

21            THE COURT:  Yeah, I would suspect so, too.

22            MR. ALBERTO:  I can do nothing but conceded that,

23  yeah.

24            THE COURT:  Okay.  Anything further?

25            MR. ALBERTO:  That's all I have, Your Honor.

1          THE COURT:  All right.  I will take this matter

2    under advisement.

3          MR. ALBERTO:  Your Honor, that does conclude my

4    business before the Court this morning.  May I be excused

5    with the Court's permission?

6          THE COURT:  You may.

7          MR. ALBERTO:  Thank you.

8          MR. BROWN:  Good morning, Your Honor.  Charles

9    Brown on behalf of Jewel's Food Stores.

10         I believe if I understood the agenda, that 19 is

11   going to be skipped and that 20 was the next matter which

12   would make my matter next for the agenda, Your Honor.

13         Your Honor, this is a pretty basic motion for

14   relief from stay to pursue insurance proceeds.  There was a

15   slip and fall at a Jewel Food Store.  Jewel seeks to third

16   party the debtor into State Court action to again pursue

17   insurance proceeds.  The debtor has objected to the motion.

18   It seems like the main basis of the objection is that the

19   claims bar date has passed, however, my motion doesn't seek

20   to allow a claim or address claims in any fashion, they

21   simply seek to pursue insurance proceeds.

22         To the extent that Your Honor thinks that it's

23   relevant to get into that issue, I'll point out that the

24   debtor says that we got notice of the claims bar date and

25   the affidavit does seem to suggest that, the injury and I

1  guess did occur prior to the claims bar date, however, the

2  plaintiff's complaint, I believe was filed after the claims

3  bar date.  I really wasn't preparing to make a motion for

4  excusable neglect, again, because all we're seeking by my

5  motion is to pursue insurance proceeds in the State Court

6  action.

7          THE COURT:  Well, I guess as a threshold matter,

8  it's not inappropriate for the debtor to say well you don't

9  have a claim and that's basically the thrust of that part of

10 the argument.

11         MR. BROWN:  Well but, Your Honor, the pursuing

12 insurance proceeds, that's always been that, you know, it's

13 not -- insurance proceeds are not the property of the estate

14 so it's permissible to pursue insurance proceeds regardless

15 of whether there's a viable claim that can be asserted in

16 the bankruptcy case.

17         THE COURT:  Well, we'll talk a little bit more

18 about that later, but I think you oversimplify the statement

19 of who's entitled to the proceeds, but putting that aside

20 for a moment, but addressing an insurance aspect, the debtor

21 says, you know, we've got a million dollar deductible here.

22         MR. BROWN:  Well that's the other issue that they

23 raise is that they've got a large deductible.  And in

24 connection with that, Your Honor, I'll point out that in my

25 motion, I do point out that Jewel believes that the third

1  party co-defendant has insurance proceeds which names the

2  debtor as an additional insured.

3          So there's the debtors' insurance proceeds which

4  even if, you know, that's fine, they've got a million dollar

5  deductible and I don't know that the slip and fall would

6  ever approach $1 million, assuming it doesn't and that all

7  we've got is a deductible that's never going to meet or a

8  claim that's never going to meet that threshold deductible,

9  there's still the fact that there's additional insurance

10 from the third party co-defendant that would be available in

11 the State Court action.  And that would be a basis for again

12 allowing Jewel to pursue their claim.

13          THE COURT:  All right, thank you.  Anything

14 further in support of the motion?

15          MR. BROWN:  Nothing further, Your Honor.

16          THE COURT:  All right.  I'll hear from the

17 debtor.

18          MR. KANSA:  Your Honor, Ken Kansa on behalf of

19 the debtors.  We have very little to add what's in our

20 papers which I think is -- has been accurately summarized in

21 the colloquy up here. There are three grounds on which we

22 object to the motion.  We believe that Jewel has no claim to

23 pursue for reasons already discussed.  The million dollar

24 deductible poses a very significant harm, very significant

25 financial burden on the debtors for a claim that is at the

1  moment not an allowed claim.  I add that that million

2  dollars is in addition to defense costs which do not erode

3  the deductible.  So the debtors would be burning both

4  defense costs and ultimate liability for the claim.

5          In response to the point about pursuing the

6  additional third party defendant, the debtors have not

7  sought and do not intend to seek to extend the stay around

8  the third party defendants so the matters involving the

9  third party defendant in the Cook County action are really

10  between plaintiffs and the third party defendant so long as

11  they don't impinge on the debtors.

12          We believe that all of this sums up fairly

13  adequately why there is no cause to lift the stay here.  If

14  you through a very basic balancing test under *Rexene*, the

15  harm to the debtors is million dollars, plus defense costs

16  on account of a claim that doesn't exist or isn't allowed

17  yet.

18          On the counterbalancing factor is simply the

19  inability to pursue the company, pursue the debtors in this

20  particular action which is a result of the failure to file a

21  claim by the claims bar date.  So the only case that the

22  movant has cited in support of its motion is *in re*

23  *Donnington* which stands for the proposition with which I

24  think we all agree and that is that a Bankruptcy Court will

25  often lift the stay to allow the pursuit of insurance

1   proceeds.  We don't dispute that here, but as the Court and

2   counsel have noted, there is a million dollar deductible and

3   that poses a very significant financial issue.  And as I

4   understand it, counsel has articulated something consistent

5   with our understanding which is that this claim is unlikely

6   ever to break the million dollar deductible.

7              So for all of those reasons, we would ask that

8   the motion be denied, Your Honor.

9              THE COURT:  All right, thank you.  I'm going to

10  deny the motion.  Cause has not been demonstrated here for

11  relief from the stay.  First, because the Claimant hasn't

12  actually established that it has a claim.  I'll just say

13  that if you want to pursue this defendant, you're going to

14  have to do a little more work to establish that you have a

15  claim and deal with the late filing issue.  I do find though

16  in addition to that, that defending the claim would require

17  expenditure of estate assets at this time and I don't think

18  that's appropriate.

19             I will confess whether either of the proposed

20  plans has a dispute resolution procedure built into it for

21  other than LBO claims, I haven't attended to.  And there may

22  be other claims or alleged claims like this that have to be

23  addressed in either or both plans.  But for that reason,

24  I'll deny the motion, but without prejudice.  I'll ask

25  counsel to confer and submit a form of order indicating that

1    I made that ruling for the reasons I've stated on the

2    record.  Are there any questions?

3              MR. BROWN:  No questions, Your Honor, thanks.

4              THE COURT:  Thank you.

5              MR. KANSA:  Your Honor, Ken Kansa on behalf of

6    the debtors.  I believe that takes us to Item 22 on the

7    agenda and I'll cede the podium to counsel for Aurelius.

8              MR. GOLDEN:  Good morning, Your Honor.  Daniel

9    Golden, Akin, Gump, Strauss, Hauer & Feld, counsel for

10   Aurelius Capital Management.  Good to see you again.

11             Your Honor, Aurelius and the other noteholder

12   plan proponents filed this motion not to obtain substantive

13   relief, but rather to ensure that retained individual state

14   law constructive fraudulent conveyance claims would be able

15   to be timely commenced without running afoul or in danger of

16   violating the automatic stay imposed by 362 or Your Honor's

17   median order.

18             As expressly stated in the motion, the noteholder

19   plan proponents seek an order granting the following limited

20   and specific relief.  Number one, a determination that when

21   the statue of limitations under Bankruptcy Code Section

22   546(a) for a representative of the debtors' estates to

23   commence state law constructive fraudulent conveyance claims

24   against Step 1 or Step 2 shareholders in order to recover

25   stock redemption payments made to such holders in connection

1   with the LBO and we'd refer to those claims as the estate

2   SLCFC claims, state law constructive fraudulent conveyance

3   claims.  When that bar date expired on December 8, without

4   any estate SLCFC claims having been brought by that date, it

5   is our view, and we believe it's consistent with case law

6   and not truly disputed by the objectors, that eligible

7   creditors regain the right to prosecute their own such

8   claims on behalf -- on their own individual behalf against

9   the shareholders.

10          THE COURT:  Well let me ask you to pause there,

11  Mr. Golden.

12          MR. GOLDEN:  Sure.

13          THE COURT:  I -- you know, it's like the 726(a)

14  issue.  I'm surprised there's not a larger body of law

15  addressing this issue as well.  And I haven't had occasion

16  to address it previously, but let me ask and I've read all

17  the filings.  Is there truly a dispute about whether once

18  the estate has failed to exercise whatever right it may have

19  had with respect to such avoidance actions, that it's left

20  to those who might have state law claims to pursue them?  Is

21  that -- is somebody really seriously disputing that?  Now I

22  know one position taken was well because there are

23  complaints filed alleging intentional fraudulent transfers,

24  that I guess impliedly may or could pull in the constructive

25  fraudulent transfer claims.  I'm highly doubtful of that

1   view.

2              MR. GOLDEN:  Yep.

3              THE COURT:  But I guess what I'd like to know is

4   whether someone is really pressing it.

5              MR. GOLDEN:  Right.  Your Honor, as far as we

6   know, nobody is pressing that point.  Aurelius is not

7   pressing that point or Aurelius doesn't believe that there

8   is a dispute as to that point.  None of the other noteholder

9   plan proponents believe there is a dispute.  I'm getting a

10  little bit ahead of my presentation, to demonstrate that

11  bankruptcy is -- indeed makes strange bedfellows.  Neither

12  the debtors or the creditors' committee dispute that point.

13             THE COURT:  Well, in fact, the creditors'

14  committee says we intentionally didn't raise such claims

15  understanding that this is what ultimately would happen with

16  them.

17             MR. GOLDEN:  A gentleman behind me is --

18             MR. SIEGER:  I only rise to answer Your Honor's

19  question.  I'm happy to address it as part of my

20  presentation, but to the extent you threw it open to room, I

21  thought I'd step up.

22             THE COURT:  The suspense is killing me.

23  (Laughter)

24             MR. SIEGER:  Your Honor, John Sieger, Katen

25  Muchin on behalf of the Cantigny Foundation and the Robert

1  R. McCormick Foundation appearing pro hac vice, thank you

2  very much, Your Honor.

3         And just to be clear, although many creditors

4  file joinders to our objection, I'm here and speaking only

5  on  behalf of the foundations.  We don't object that had

6  there been no claim brought to avoid these transfers by the

7  estate, then the state law constructive law claims would

8  have flown back to the individual creditors.  We think that

9  because -- I think the point that Your Honor just raised

10 albeit not in the manner I'd hoped you raise it, that these

11 very transfers are being sought to be avoided by these

12 estates and precludes individual creditors from seeking to

13 avoid them, even under a slightly different theory or even a

14 different theory.  It's the same dollars, the same

15 transfers, you know, consider it a single satisfaction issue

16 if you have to.  To the extent they go forward, they're

17 necessarily reducing the value of the claims the estate is

18 bringing because we cannot be made to pay them both.

19        So with that, I really did not mean to interrupt.

20 I only rose so that you know that there is an issue to that

21 extent.

22        THE COURT:  So it's your position basically that

23 the estate would have first call on any proceeds?

24        MR. SIEGER:  I think that's right, Your Honor.  I

25 think the case law supports that.

1           THE COURT:  Okay, thank you.

2           MR. GOLDEN:  Your Honor, what I was going to say

3    that I'm not aware of any party disputing the specific

4    question you raised which is when a state representative

5    fails to bring a timely avoidance action is there any real

6    dispute that it reverts or individual creditors retain their

7    state law rights, I didn't hear counsel suggesting that he

8    is actually disputing that.  He made the slightly subtle

9    argument that says when the estate is bringing another cause

10   of action, a similar cause of action, it should deprive the

11   individual state law creditors from having standing to

12   pursue their claim and they've cited some case law for that

13   effect or to that effect.

14           Your Honor, that doesn't go to the issue of

15   whether these claims exist and are they viable and are they

16   entitled to be brought by the individual state law

17   creditors.  That's a standing issue which I'm going to get

18   to.  The standing issue is certainly not an issue for this

19   Court to decide.

20           THE COURT:  I don't disagree with that, but let's

21   -- as much as I don't like to do this sometimes, but I think

22   it may be appropriate here, let's look down the road a

23   little bit.  The objection here is that well, look, we're

24   only going to be required to pay this one time.  So the

25   question that that raises is how should this Court, if at

1    all, address the potential conflict between those two sets

2    of plaintiffs.

3            MR. GOLDEN:  Okay.  Two points I'd like to make

4    with respect to that, Your Honor.

5            Number one, again, under the heading of

6    bankruptcy indeed makes strange bedfellows, despite the fact

7    that there has been tremendous contentiousness over the two

8    competing plans, there is a similarity between the two

9    competing plans and that is the establishment of a

10   creditor's trust in order to house these individual state

11   law constructive fraudulent conveyance claims.  The

12   architects of both of those claims, the debtors, the

13   creditors' committee, and the lenders on one hand, and the

14   noteholders on the other, have made an informed decision as

15   other bankruptcy plans have done to allow those claims to

16   run in parallel and to prosecute them in parallel.

17           What the foundations I'll suggest not

18   intentionally have suggested is because the creditors'

19   committee have, in fact, filed intentional, estate

20   intentional fraudulent conveyance claims against the

21   redeeming stockholders, that that should take precedence.

22   But one problem we have with that is and I think Your Honor

23   knows as having sat through two weeks of testimony is it is

24   the intention of DCL plan proponents to release the

25   intentional fraud claims asserted by the creditors'

1   committee against the Step 1 holders.

2           So what the foundations want is their cake and

3   eat it, too.  They want to have the DCL plan go forward.

4   They want to have the claims, the intentional fraudulent

5   conveyance claims released against the Step 1 holders, but

6   they want to run out the clock so that the individual state

7   law constructive fraudulent conveyance creditors don't have

8   the ability by the state law statute of limitations which as

9   we say in our paper, could be as early as June 4, less than

10  two and a half months away.  They won't have an effective

11  remedy at that --

12          THE COURT:  Well, let's assume that's true.  The

13  bridge lenders in their proposed form of order suggest that

14  what ought to happen is that you should be permitted to file

15  complaints, but not prosecute them until after the

16  confirmation process is complete.  Is that something that

17  you've agreed with or inclined to agree with or disagree

18  with?

19          MR. GOLDEN:  In fact, Your Honor, we said in our

20  opening brief, our opening motion, that it was the intention

21  of what we called the original plaintiff group, Aurelius,

22  the two senior indenture trustees, Wilmington Trust as

23  indenture trustee for the PHONES notes was to, in fact,

24  commence those lawsuits in order to toll the statute of

25  limitations and that we would voluntarily agree to stay

1  those actions pending the completion of the competing plan

2  process.

3         We are not looking to create chaos here.  What we

4  are trying to do is to ensure that at the end of the day in

5  a very uncertain plan process, that these state law

6  constructive fraudulent conveyance claims will survive.  Now

7  they may be dealt with one way or another depending upon

8  whether the DCL plan is confirmed, or the noteholder plan is

9  confirmed, or a third version of a plan is confirmed.  But

10 most important is the filing of those complaints so that we

11 can toll the statute of limitations.  So unless Your Honor

12 has any other questions, I'll just continue on, thank you.

13        As I said, we believe it is well settled that

14 once the estate representatives fail to bring the action

15 within two years, it reverts or the individual state law

16 creditors would gain those rights.  It's also we believe

17 clear law that once an estate representative can no longer

18 bring those claims, it has no right to settle those claims.

19 As I said, neither the debtors or the creditors' committee

20 opposes relief and is, in fact, as noted by Your Honor, the

21 creditors' committee affirmatively supports the relief in

22 order to be protective and to acquit their fiduciary, their

23 perceived fiduciary obligations to the general unsecured

24 creditors here.

25        THE COURT:  It could be the nicest thing Aurelius

1  has ever said about you.

2  (Laughter)

3          UNIDENTIFIED SPEAKER:  I made a note of it.

4          MR. GOLDEN:  So I just want to make sure that the

5  Court fully appreciates the intense time pressure we are

6  working under.  You know better than anybody in this

7  courtroom where we stand on the competing plan process.  It

8  is not clear that we will have an answer by June 4.  As we

9  indicated in our pleadings, there are several likely

10 jurisdictions in which the state law claims would be

11 brought; Illinois, Delaware, Massachusetts.  All of them

12 have four year statute of limitations for claims such as

13 these.  That four year statute of limitation as it relates

14 to Step 1 expires on June 4.  And as I said, the most

15 important thing for us to do is to get those things filed.

16          Your Honor, I want to turn just for a minute to

17 the objections themselves and we've touched upon it a little

18 bit.  The McCormick Foundation and I'm going to mispronounce

19 this, the Cantigny, but I'll just call them the foundation

20 so I don't continue to muffle that name, have opposed the

21 relief.  And they have been joined in that opposition by

22 seven or eight other recipients of the shareholder

23 redemption payments.  A group of three former directors and

24 officers of the debtor, a group of seventeen current and

25 former directors, officers, and employees, a fellow named

1    Crane Kenny who doesn't bother to identify himself, the ever

2    present EGI- TRB and Sam Zell, Bank of America and Merrill

3    Lynch, two of the four agents and arrangers for the

4    disastrous LBO loans, Chandler Bigelow, the current Chief

5    Financial Officer, and an untimely joinder filed by 200 so

6    called TM retirees which includes William Niese, a member of

7    the official creditors' committee.  All of those parties

8    have in common one thing.  Maybe they have more than one

9    thing, but one thing they certainly have in common, they

10   have received shareholder redemption payments that they want

11   to avoid having to disgorge back to either the estate or to

12   the individual state law creditors.

13            It's worth nothing, I think that the foundations

14   raise two principal arguments, one we've discussed already

15   which is a standing argument.  And they cite a number of

16   cases that suggest when the estate is bringing a similar

17   cause of action, that the -- it deprives the individual

18   creditors from standing to bring a separate action.  And

19   we've addressed those cases in our reply and we actually

20   think the case that's most factually analogous to the

21   situation we have here is the *Baron Financial Corp, 501*

22   *F.Supp.2d, F01, District Court of Maryland.*  There in that

23   case, there was an agreement between the estate and a

24   plaintiff seeking to bring similar causes of action that the

25   estate had brought or was able to bring.  That's very

1   analogous to the situation that we have here.

2           As I have just described to the Court, both the

3   DCL plan and the noteholder plan contemplates this very

4   arrangement.  Having the individual state law fraudulent --

5   constructive fraudulent conveyance claims housed in a

6   creditors' trust to be prosecuted on behalf of the

7   individual creditors at the same time the intentional

8   fraudulent conveyance claims are being pursued by the estate

9   under either the DCL plan or the noteholder plan.

10          Since the foundations are so concerned about the

11  issue of standing which as I'll get to a second, I think

12  really has no place here.  It is not for this Court to

13  adjudicate the standing issue if and when these claims are

14  actually brought to Trial Court under doctrines of ripeness

15  will be the correct court in our view to determine the issue

16  of standing.  But since they've raised the issue of

17  standing, I fail to understand what the standing is of the

18  foundations who as far as I know are not creditors of these

19  debtors.  Are no longer shareholders of these debtors.

20          So I don't -- I'm not sure I understand how they

21  have the right to be heard here in this court to complain

22  about this rather procedural motion that Aurelius has filed

23  along with the other noteholder proponents seeking very

24  limited relief.  A, that the filing of such lawsuits would

25  not violate the automatic stay.  And B, would not violate

1  Your Honor's mediation order.

2          Second point and I'll be brief, Your Honor.  The

3  foundations raise the 546(e) issue as to whether these type

4  -- whether that statute prohibits state law constructive

5  fraudulent conveyance claims.  They cite a lot of cases.

6  They don't cite a single case that stands for the

7  proposition when someone other than an estate representative

8  which is required under 546(e) to be applicable when someone

9  other than an estate representative brings an action, an

10 avoidance action to recover shareholder payments, there is

11 no bar as far as we know and --

12         THE COURT:  Well, the argument if I can put it in

13 my own words is that what you want is -- constitutes an end

14 run around 546(e) and that doesn't seem right to them.

15         MR. GOLDEN:  I understood the argument as well,

16 Your Honor.  That --

17 (Laughter)

18         MR. GOLDEN:  -- actually there is a case in the

19 District of Delaware.  I think it's *PHP Liquidating* that

20 does, in fact, address that issue and stands for the

21 proposition when it's not an estate representative bringing

22 that action, 546(e) loses its applicability.

23         So just to sum up, Your Honor, I think this is

24 rather mundane procedural relief we're seeking.  It's an --

25 I don't mean to minimize it, it's important to get these

1   lawsuits filed by June 4.  We don't believe that the

2   foundations have standing to oppose this relief.  And

3   frankly, even if you were to go through the issue of

4   standing which I think is a mistake as it would violative of

5   the Doctrine of Ripeness, the case law that they have

6   suggested, I don't believe supports their position.  Thank

7   you, Your Honor.

8          THE COURT:  Thank you.  Let me hear first from

9   those who are in support of the motion and then I'll hear

10  from those who are opposed.

11         MR. LEMAY:  Your Honor, excuse me, good morning.

12  David LeMay from Chadbourne & Parke for the official

13  committee of unsecured creditors.  As a preliminary matter,

14  I would not want Your Honor to become irrationally exuberant

15  about the fact that I rise in support of Aurelius' motion or

16  about the configuration of the courtroom this morning.  But

17  it is the case that we do support this motion and for the

18  reasons that Mr. Golden said which is that as a fiduciary

19  matter, it certainly seems that the motion that they've

20  filed is best calculated to maximize unsecured creditor

21  recoveries.

22         Mr. Golden has really very adequately and more

23  than adequately as he always does, summed up the argument.

24  And I think Your Honor is obviously very well seized of it.

25  The relief here is procedural and it is -- it's really very

1  limited in the ways that he described, relief from an order

2  entered by this Court and from the automatic stay.  The

3  bondholders have filed that because as Mr. Golden mentions,

4  there's a June 4 clock ticking.

5          I think Mr. Golden said that there is intense

6  time pressure.  I suppose I would observe that although June

7  4 is not an eternity away, it's not tomorrow either.  And

8  the time pressure is as I suppose not quite as intense as

9  when we dealt with some of the issues prior to the December

10  two year statute of limitations.  So there is I would say a

11  little bit more time, but here we are on the motion.

12          With respect to the objections, I think it's

13  pretty clear that the cases really do in the way that Your

14  Honor, I think prefigured, all fit together. It's not like

15  there are two separate sets of cases that go in different

16  directions.  You've got the *Ruppert* case from the Fourth

17  Circuit and its progeny and that's the famous first swing

18  case.  The Fourth Circuit said that the purpose there was to

19  assure that when the estate and individual creditors might

20  otherwise be in effect scrumming for the same causes of

21  action, the estate gets first swing.  And here -- and so

22  what that imposes is the notion that while the estate

23  fiduciary is ready and able to pursue a claim, it does get

24  that first right.  But once those claims pass out of the

25  estate's hands and here they have for the reasons that Mr.

1   Golden summarized, that I think that first swing doctrine is

2   satisfied, the first swing has in effect been had.

3            And if you want to continue with a baseball

4   metaphor, I guess what that means is the estate

5   intentionally took the pitch.  At that point, I think the

6   *Baron* case is the one that tells you what happened.  And the

7   *Baron* case says that there once the estate's first swing has

8   been had or passed, it does revert to individual creditors.

9            I think it would be a fairly serious torturing of

10  *Ruppert* and would require a serious -- fairly serious

11  torturing of R*uppert* to suggest that the dicta in that case

12  about the objects and purposes of the two claims being the

13  same meaning that they must travel together.  I don't really

14  think that's what *Ruppert* was getting at.  *Ruppert* as I

15  mentioned was really about prioritizing of what happens when

16  the estate wants to assert the same claims.

17           Here, instead, what's being said by the

18  foundations and I think Your Honor expressed some skepticism

19  about it, quite correct skepticism is that I guess the

20  argument that's being made is that the assertion of

21  intentional fraudulent transfer claims in Federal Court in

22  effect precludes the creditors from pursuing constructive

23  fraudulent transfer claims in State Court.  And I just don't

24  think that can be the case.  And even if it were the case,

25  as we point out in our papers, the two claims really are not

1   the same.   There are different pleading elements, different

2   burdens of proof, different recoveries, and of course, most

3   notably different defenses.

4           So even if that *Ruppert* doctrine or I'm sorry

5   that *Ruppert* dicta about objects and purposes being closely

6   correlated were to apply, these are different lawsuits about

7   different things.   And for those reasons, I don't think

8   *Ruppert* would be decisive even if the objects and purposes

9   test there were applicable which I don't think it is or I'm

10  sorry, it's objects and intents is the actual terminology.

11          As to the 546(e) defense which, again, I don't --

12  I do agree with Mr. Golden is not properly before the Court

13  today.   Just a couple of things.   It's really an attempt to

14  pre-litigate a motion to dismiss.   It's an attempt to get a

15  first crack at a motion to dismiss and then presumably have

16  a second crack in State Court later.   That issue, I think as

17  Mr. Golden says would need to be litigated in the Court

18  where the litigation was brought.   Everything Mr. Golden

19  says and that we mentioned in our papers about the *PHP* case

20  is true.

21          And the final thought I thought I would leave

22  Your Honor with on -- that is it's very interesting when

23  people -- people's metaphors sometimes say a fair amount of

24  what they're really thinking.   And the metaphor that's been

25  used here is the metaphor of an end run, another sports

1   analogy.  And an interesting thing about the end run is that

2   although it can sometimes surprise people, it's a perfectly

3   legal play.  And I don't want to put too much weight on

4   metaphor, but I think it does tell us something about this

5   posture here.

6           The committee supports the relief set forth in

7   the proposed order that was submitted by Aurelius.  I

8   believe that they will hand up to you, if it becomes

9   appropriate, a revised form of that order reflecting certain

10  comments we had and the committee would support the entry of

11  that revised order.  And I'm available to answer any

12  questions that the Court has.

13          THE COURT:  All right, thank you, Mr. LeMay.

14  Anyone else in favor of?

15          MR. SIEGEL:  Good morning, Your Honor.  Martin

16  Siegel from Brown Rudnick on behalf of Wilmington Trust.

17          Wilmington Trust, the indenture trustee for the

18  PHONES has joined in the motion and we adopt the arguments

19  of counsel for Aurelius and counsel for the creditors'

20  committee, but there is a couple of things I do want to

21  mention.

22          First of all, the claims in the trust at least in

23  the first instance on behalf of the PHONES pursuant to

24  Section 5.05 belong to the indenture trustee to bring.  The

25  indenture trustee here does intend to bring them.  And

1  because of our place in the capital structure, the PHONES

2  place in the capital structure, this is particularly

3  important relief, Your Honor, and may well be a very

4  important source of recovery for the PHONES.

5          In particular, I think the debtor actually agrees

6  with us.  With regard to the creditors' trust, one of our

7  objections to the debtors' plan was that the creditors'

8  trust that the -- that's part of that, we made the argument

9  that those contractual subordination provisions do not apply

10 to the creditors' trust for at least any PHONES holders that

11 did not opt out.  And the debtor agreed with us in Page 140

12 of their confirmation brief and said they're going to be

13 amending their plan to reflect that.  We think the same

14 principle will apply to any -- the state law claims brought

15 by Aurelius, the other indenture trustees, and Wilmington

16 Trust.

17         So from our standpoint, Your Honor, in

18 particular, we strongly urge that you grant the motion,

19 thank you.

20         THE COURT:  Thank you.  I'll hear from objectors.

21         MR. SIEGER:  Good morning, again, Your Honor.

22 John Sieger for the foundations appearing pro hac vice.

23         Your Honor, I want to pick up first on a point

24 that the committee raised in terms of the timing of this and

25 it actually goes --

1          THE COURT:  Well let's -- why don't we talk about

2    your standing first?

3          MR. SIEGER:  A couple of points on that, Judge.

4          THE COURT:  And typically, an entity that's not a

5    creditor of the estate or not otherwise a shareholder or

6    other party and interest wouldn't have standing to complain

7    about being a defendant in an adversary or a potential

8    defendant in the lawsuit.  And why would that be different

9    here?

10          MR. SIEGER:  Well, I've got at least three

11    responses to that, Judge, and maybe a fourth.

12          The first being, I'm not aware that anybody ever

13    raised the standing issue ahead of now and I would suggest

14    that it's been waived.  But to the extent that standing is

15    always an issue in front of the Court, we did argue in

16    connection with our confirmation objection that we are a

17    party and interest, albeit not a creditor.  There's no

18    dispute.  We are not a creditor of this estate.  We do

19    believe that we need to test -- it's fully briefed there.

20    Because it was not raised in the papers today, I'm not ready

21    to cite the cases we cited there, but I think -- I don't

22    believe anybody challenged it when we filed the confirmation

23    objection, frankly.

24          Next, Your Honor, I would submit that --

25          THE COURT:  The parties have been focused on

1  other things I think.

2          MR. SIEGER:  I heard there was something going on

3  in this room.

4  (Laughter)

5          MR. SIEGER:  Your Honor, in addition to that, I

6  would suggest that there's half a dozen lawyers in this room

7  that represent creditors that joined the motion.  I think

8  the issue is before the Court whether or not it is I

9  personally that was speaking to you.  The issue is properly

10  before the Court on behalf of creditors.

11          THE COURT:  Yeah, I didn't think I was going to

12  avoid a decision based on that.

13  (Laughter)

14          MR. SIEGER:  Your Honor, I'm happy to go further

15  with that, but in the event that Your Honor wanted to enter

16  an order today that said that we have no standing here today

17  and that nothing that's happening in this order is going to

18  impact us in any way in the impending State Court cases, I

19  think I'm stuck, I would sit down.  I wouldn't be happy

20  about that, but I would have to sit down.

21          They're going further, Judge.  They're asking you

22  to make a couple of findings that I believe, although they

23  say in their motion that it's a routine motion and that

24  everything is preserved.  They're asking you to find number

25  one, that these claims are not property of the estate.  And

1   they're asking you, number two, to say that these claims are

2   reverted to them.  I have seen a couple of versions of the

3   order, not the one that was just referenced by committee

4   counsel.  But so far as I know, that language is survived in

5   all of the drafts of the order.

6              I think if one were to be intellectually

7   consistent with the statements that this is just a routine

8   precautionary sort of motion, what Your Honor is really

9   being asked to enter is sort of an agreed stay relief

10  motion.  That in the event these state law claims are

11  brought, the creditors' committee, the debtor, maybe the

12  U.S. Trustee is not going to allege that they violated the

13  automatic stay.

14             THE COURT:  Yeah, if it applies.

15             MR. SIEGER:  That's correct.  If, in fact, Judge,

16  that was the limit of the relief sought here today, I'd have

17  a lot less to argue about.

18             THE COURT:  What about the provision in the

19  mediation order from which relief is sought?

20             MR. SIEGER:  I don't have a position on that,

21  Judge.  If they need -- I'm not familiar with it, but if

22  they need a relief from that in order to do it, that's not

23  my concern.  But as to the timing issue, Your Honor, I --

24  can -- are you happy with that issue?

25             THE COURT:  You don't have to sit down.

1  (Laughter)

2          MR. SIEGER:  On the issue that the committee

3  raised in terms of the timing, there is a lot of overlap

4  here between the issue that we raised in our objection and

5  the issues that we and other creditor -- that we, a non-

6  creditor and other creditors raised in connection with

7  confirmation.  And I agree with the committee's sort of

8  implication that this may not be a today issue.  We're not

9  trying to -- we don't expect to run out the clock, Judge.  I

10 mean, we're talking about as to my clients $1.2 billion.

11 We're not expecting the army of lawyers that represent the

12 estate or the largest creditors to somehow let that slip

13 through the cracks or for Your Honor to allow that to

14 happen.  But I would suggest that what happens at

15 confirmation could impact us.

16          There's an allegation that was raised today that,

17 you know, we're going to get a release as to Step 1.  And

18 while aware that that is proposed in one of the plans, I,

19 unfortunately, have not heard Your Honor sign off on that.

20 So I think it is premature to base any argument on that.  I

21 would -- and only Your Honor knows what the timing is of the

22 confirmation hearing, but I would suggest that if there was

23 a ruling even in late May, they could pick up and file

24 whatever claims they need to file in order to make a June 4

25 deadline.  I really would only ask that this matter be

1  pushed over until the argument on the confirmation

2  objections which covers not only this issue, but some

3  related issues.

4          But to the extent Your Honor wants to go forward

5  today on this issue, I do have legal argument to address

6  what the Aurelius counsel suggested.

7          THE COURT:  Then proceed.

8          MR. SIEGER:  Okay.  Your Honor, it is accurate to

9  say that we raised two main objections.  And I know you've

10  read the paper so I'll just highlight them briefly.  Number

11  one is the standing issue.  And number two is sort of the

12  preemption 546(e) issue.

13          Your Honor, what we have not heard from anybody

14  here despite the fact that this is being presented to you as

15  a routine motion, nothing out of the ordinary is a single

16  citation to any case where any creditor outside of

17  Bankruptcy Court, sued to avoid the very same transfers that

18  the estate has sued to avid.  The fact that they're calling

19  them constructive fraud claims as opposed to actual fraud

20  claims, we are talking about the same as to my client's $1.2

21  billion.

22          We have cited a case law that suggests that if

23  it's in the same ballpark roughly, they're precluded from

24  doing that.  And I don't know, there really is no effort to

25  overcome that.  They suggest that the cases are different,

1    but not based on relevant points.  Nobody says here's a case

2    where this has happened and where it's appropriate.  So at

3    an absolute minimum, this is unusual relief.  I might

4    suggest this is an issue of first impression before Your

5    Honor.  It's certainly not a routine motion.

6            Again, Your Honor, in terms of the ripeness, if,

7    in fact, they were not asking you to make findings that

8    number one these claims were property -- were not property

9    of the estate, and number two, that they've somehow reverted

10    to the creditors, I -- the ripeness argument would have more

11    appeal to me.  But what they want is an order to go waive in

12    front of a State Court Judge essentially with your

13    imprimatur on it suggesting you have a claim, Mr. Creditor.

14            THE COURT:  I know that.

15            MR. SIEGER:  Okay.

16    (Laughter)

17            MR. SIEGER:  I'll move on.  Your Honor, I would

18    go further to say that even if there was some question even

19    following that comment about ripeness, you have a lot of

20    discretion here.  And the mere fact that they are seeking to

21    file claims to recover the same dollars that the estate is

22    puts it squarely before Your Honor. You're the Bankruptcy

23    Judge for this estate and they're essentially talking about

24    depleting the value of the estate claims that have already

25    been raised.

1          I would submit that if the creditors' committee,

2   the debtor, and Aurelius were really all arm in arm about

3   this, the easy fix would be for the committee complaint to

4   dismiss the actual fraudulent transfer claims against the

5   foundation.  That way, they're not both going after the same

6   dollars.  If, in fact, they're right, it's a lower standard

7   of proof for them.  I mean, that -- the reason that there's

8   no case law on this, Your Honor, as part of your original

9   opening remarks, I believe is that it makes no sense to

10  allow somebody to go run off in the State Court and to try

11  to challenge the very same transfers, the very same dollars

12  that are supposedly going to be administered through a

13  bankruptcy plan for the benefit of all of the creditors.

14          Judge, I hear that one of the ideas is that, you

15  know, maybe we punt this issue down the road and they go

16  file a bunch of lawsuits of various jurisdiction and then

17  everything gets stayed.  In many ways, that's the worst of

18  all situations to the foundations, Judge.  We are a

19  charitable foundation, but the lion's share, I don't know

20  the exact numbers, but certainly the bulk of the

21  foundation's assets are put at issue by the filing of these

22  complaints.

23          And again, while we do believe in the single

24  satisfaction, we have -- we would have a very different view

25  just based on the legal standards of our exposure to an

1  actual fraudulent transfer claim than we would to four or

2  five different constructive fraudulent transfer claims where

3  not only is the standard different, but you've got four,

4  five, six judges looking at it differently.

5          In a way, we would be sort of frozen as a

6  foundation.  Our charitable works could be frozen in time

7  because all of our assets now are potentially at play.  I

8  don't think it would be good results here from that

9  perspective if you just want to look at it on an equitable

10 basis, to force the foundation to essentially freeze it's

11 good works at least at this, what I believe is a premature

12 point in time prior to the confirmation issues being

13 resolved.

14         Now Judge, sort of the next point they raise is

15 they spent a lot of time trying to distinguish our case law,

16 but the point that they distinguish almost every case on is

17 this notion that in the cases we cite, there was only a

18 potential estate cause of action having to do with the same

19 issues that the creditors were going after.  And they say

20 that none exist here because the two year statute ran and,

21 therefore, they reverted back.  They sort of have already

22 presumed the reverting back issue.  It belies -- it ignores

23 our point which is that they have not reverted back

24 principally because the estate has brought these claims.  So

25 they think that that fact is affecting their favor.  I think

1  that fact is affecting my favor because it's not even a

2  potential claim, it's an actual claim that's already been

3  brought to avoid these dollars.  So at a minimum, that is

4  not a point of distinguishment in the favor of the movants

5  in my view.

6         Your Honor, the next big point they raise is the

7  *Baron* case and I suggest that if Your Honor, your clerk

8  reads that case closely, you're not going to find that it's

9  particularly helpful to the movants' position.  First of

10 all, again, it doesn't avoid these -- sort of this idea of

11 competing suits to avoid the same transfers which in our

12 view is the issue that's in front of Your Honor.

13        And secondly, that Court, the *Baron* Court held

14 that plaintiffs' claims were direct sort of unique

15 individual claims, never common general claims which

16 obviously we're talking about here fraudulent transfer

17 claims.

18        And finally, those parties, Judge, at least as

19 written up in the case, the estate parties and the creditor

20 parties worked together to make sure that there wasn't

21 overlap between the claims.  There's obviously overlap here.

22        THE COURT:  Well, the movants says both plans are

23 designed to address that issue.

24        MR. SIEGER:  That may be, Judge, but we've

25 objected to both plans on exactly this ground.  This was

1  part of the reason why I think this should be heard at a

2  later time.  I think it's great that they're all holding

3  hands and say this is a wonderful thing, but that doesn't

4  address any of our objections which have not been ruled on

5  so far as I know and --

6          THE COURT:  Not so far as I know either.

7          MR. SIEGER:  Okay.  Well you would know, Judge.

8  (Laughter)

9          MR. SIEGER:  But getting back to the *Baron* case.

10  There's I think a helpful quote in there that distinguishes

11  exactly how different that case is from this case and that's

12  at *509F.Supp 520* where the Court says "plaintiff is not

13  trying to recover assets diverted from the debtor."  That is

14  exactly what is happening here.  The plaintiff creditors,

15  the state law creditors are trying to recapture stock

16  redemption payments made by the estates or the pre-

17  bankruptcy companies to us.  So in my view, *Baron* is not

18  helpful.

19          Your Honor, they raised the same ripeness issues

20  to 546 for the reasons I've already argued on in my first

21  point.  I think the same apply there.  As to the merits, I

22  do have to agree that the *PHP* case has facial appeal and may

23  even have more than facial appeal.  It's the one case they

24  cite, frankly, that gives me pause.  But again, I suggest

25  that if Your Honor reads that closely, the ruling itself is

1    at odds with the *Hechinger* case and the other cases which

2    suggest that plain language is not the end of the analysis.

3            If, in fact, the plan language is at the end of

4    the analysis which this Court holds, the end arounds as

5    we've been referring to them that other Courts have found

6    inappropriate, would not be precluded by the language in the

7    statute.  I mean, it's the same sort of concept.  I might go

8    so far as to say that that view is dicta, the holding at *PHP*

9    because the Court went on to find that the creditors had no

10   standing in that case to bring the claims.  But I'm not

11   going to overstate that position, Judge.  That case is the

12   one case that stands for one of the propositions they are

13   suggesting.  We believe it's distinguishable for the reasons

14   I've just said, but I'm going to give credit where credit is

15   due.

16           With that exception, Judge, with the exception of

17   that case which only addresses one piece of this, we haven't

18   seen any evidence.  Any -- I'm sorry, any case law or

19   authority to support their position.  Nobody's disputing the

20   fact that had the estate not brought these claims, the state

21   law fraudulent conveyance claims would have reverted back,

22   but that is not the issue here.  We spent a lot of time

23   talking about that.  Nobody cares about that.  There is no

24   support for the idea that a creditor can independently

25   challenge in State Court the very same transfers, even under

1    a different theory, the very same dollar transfers that the

2    estate has.

3              THE COURT:  And what if I were to enter an order

4    that didn't dispose of that issue?

5              MR. SIEGER:  I don't know how to respond to that,

6    Judge.  You're -- I would lump it for lack of a better word.

7    You're the Judge.  I guess it would depend on what sort of

8    order you were intending to craft.

9              THE COURT:  Well, I'll probably give the parties

10   a first crack at it.

11   (Laughter)

12             MR. SIEGER:  But I would suggest that to the

13   extent you're inclined to grant this motion on some level, I

14   would suggest number one, that it should only be applicable

15   as to the movants, not to creditors as a whole.  And by the

16   way, in response to one of the issues in the reply, I did

17   not -- we did not mean when we made that comment to suggest

18   that to the extent any of the movants is a trustee for other

19   creditors, that they're prohibited from bringing that claim.

20   That's not the point.  We just don't think it's appropriate

21   for a bunch of creditors unrelated to these movants to be

22   able to bring claims on a motion that they did not bring or

23   support.

24             Number two, we don't think there should be any

25   finding at all, Judge about these claims reverting or them

1    not being property of the estate.  What we're talking about

2    here should be a simple you can go file these claims and

3    nobody's going to accuse you.  Or this Court is not going to

4    hold you as having violated the stay for doing so.  To me,

5    that is the absolute end of the analysis.  If, in fact, this

6    really is a simple procedural motion, there doesn't need to

7    be anymore tricks in language and stuff that they can waive

8    in front of a State Court Judge.  We should have a fair shot

9    to raise all of these defenses.

10            And I would actually ask that, Your Honor, if you

11   are going to grant this motion, would include a specific

12   finding, expressed finding or an expressed ruling that the

13   issues that we've raised in our objection, including 546

14   standing and preemption are all preserved for each of the

15   State Courts to weigh in on.  I have a concern that any

16   order from this Court is going to viewed by a State Court

17   Judge in the absence of some expressed language to the

18   contrary, as you somehow having passed on the validity of

19   these claims or the standing issue.  If, in fact, they're

20   not asking you to do that, we should make it very clear in

21   the order.  Thank you, Judge.

22            THE COURT:  Thank you.  Does anyone else wish to

23   be heard?

24            MR. BRADFORD:  Yes, Your Honor.  David Bradford

25   on behalf of EGI-TRB.

1              Your Honor, I'd like to address both the scope of
2    the motion as it relates EGI-TRB, as well, as the merits of
3    the motion.  This motion sought relief with respect to the
4    recovery of what I referred to as shareholder redemption
5    payments.  EGI-TRB, unlike anyone else before the Court on
6    this motion, received no cash.  It received no payments.
7    And it did not believe it was within the scope of this
8    motion as the motion was filed.  There was a footnote
9    dropped in the reply brief that was submitted by the
10   creditors' committee indicating that while Mr. Zell was not
11   a defendant in this case because, in fact, he received no
12   cash and there's no dispute about that, that EGI-TRB was
13   mistaken in its believe that it was outside the scope of
14   this motion and that it was deemed to be a Step 2 selling
15   shareholder.
16             The basis for that contention illustrates the
17   problem with the merits of this motion.  And that is -- and
18   this part of the transaction I think is undisputed, EGI-TRB
19   as part of Step 1 was obligated to purchase $50 million or
20   Tribune stock.  It was obligated to redeem that stock as
21   part of Step 2, but in the form of a credit towards the
22   purchase of its Step 2 note.
23             So EGI-TRB never got back its $50 million.  What
24   it got was a credit toward a larger investment that it was
25   obligated to make in Step 2.  And what it then received in

1  consideration for that stock was part of the funding of a

2  note which is part of a claim before this Court.    There is

3  an effort in the pending complaint to avoid that note.    To

4  now permit State Court litigation which would seek to avoid

5  the very note that is the subject of avoidance efforts

6  before this Court, illustrates precisely why no Court has

7  previously permitted the pursuit of State Court litigation

8  to essentially avoid the very transaction that is the

9  subject of avoidance complaints still pending before the

10 Bankruptcy Court.

11         We think the resolution of our predicament is

12 easier than the larger questions raised by this motion and

13 that Your Honor should make clear that whatever claims are

14 permitted here, they should not include efforts to avoid the

15 EGI-TRB second step note as long as claims are still pending

16 with respect to the avoidance of that note before this

17 Court.  And in particular, I would note that the issues of

18 timing are not compelling as they relate to our circumstance

19 because the only contention as it pertains to EGI-TRB or

20 relates Step 2.  So any limitation issue would not become a

21 concern until December.  There is no Step 1 issue here that

22 would compel an immediate filing of any kind of complaint.

23         We also note, that unlike the suggestion that

24 there may be a release of competing Step 1 claims, there is

25 no suggestion that the Step 2 claims that would compete for

1  the same recovery are going to be released.  So we are

2  clearly going to be in a situation where the very same note

3  is the subject of avoidance actions not only before this

4  Court in connection with the consignments complaint, but

5  potentially before four or five other State Courts.  And

6  that again, is foreign territory where no Bankruptcy Court

7  has permitted creditors to go.  And it would be particularly

8  unreasonable and unfair in this context as it pertains to

9  the suggestion that this issue be deferred.

10          We do have confirmation objections to this very

11  aspect of the plans.  We have objections that relate to the

12  546(e) issue.  There's no reason for this Court to prejudge

13  those objections by deciding this issue now as it pertains

14  again solely to EGI-TRB because again, the issue only

15  becomes a problem for the creditors if ever as the December

16  date approaches.  And hopefully, we'll be in a position of

17  resolving these issues in the context of confirmation prior

18  to the time that we get to a limitation issue as to the Step

19  2 obligations.

20          So for that reason, we would ask the Court that

21  however you resolve the larger motion, that you make clear

22  that the unique circumstances raised by the double recovery

23  efforts against the EGI-TRB note and the $50 million of

24  stock that was credited toward the purchase of that note,

25  again not involving any cash, are not the subject of that

1   lifting of the stay or of that authorization.

2            I'm happy to answer any questions that the Court

3   may have.

4            THE COURT:  Well, I'll hear what the movants have

5   to say at the end in response to your particular objection,

6   but I guess the only initial thought that occurs to me is

7   what if, in connection with the trial and disposition of a

8   constructive fraudulent conveyance claim in a State Court, a

9   State Court decides that the transaction should be

10  collapsed?  Does that have any implication on your argument

11  that nobody has to worry about an expiring statute until

12  December, with respect to your claim?

13           MR. BRADFORD:  No, Your Honor, because there was

14  no consideration paid to EGI-TRB in connection with step

15  one.  So in other words, all of the claims against a step-

16  one shareholder is -- are shareholders who received cash in

17  exchange for their Tribune stock in connection with step

18  one.  EGI-TRB did nothing but put money into Tribune in

19  connection with step one.  So to review the history, at step

20  one, EGI-TRB pays Tribune $200 million for a note; it pays

21  Tribune $50 million for stock.  That's the end of it.  It

22  gets nothing back.  So if step one is avoided, there is

23  nothing to recover from EGI-TRB as it pertains to step one.

24  The only issue is whether EGI-TRB is entitled to some

25  recovery on account of the obligations owed to it by Tribune

1   as it pertains to those transactions.

2           At step two, EGI-TRB is obligated to put in

3   approximately an incremental $90 million to its investment,

4   and that new investment takes the form of a $225 million

5   note and a $90 million warrant.  Rather than put entirely an

6   additional $315 million of additional cash in, the prior

7   investment of 225 is credited toward the increased

8   investment.  So again, no cash comes back.  But all of that

9   happens in December.  So to the extent that somebody could

10  argue constructively that somehow this credit toward a

11  larger investment is somehow avoidable, that does not occur

12  until December.  And whether the transactions are collapsed

13  or not, there would be no claims pertaining to transactions

14  occurring in April or June, because again, EGI-TRB did not

15  receive anything of value in connection with the first step

16  of this transaction.  It only lost money insofar as the

17  first step of the transaction goes.

18          I would also just note, on the issue of standing,

19  that EGI-TRB contends that it has prior over any

20  distribution to the PHONES as a matter of subordination and

21  priority and therefore does have an interest in the

22  disposition of the estate proceeds in its capacity as a

23  claimant against the estate.

24          THE COURT:  Thank you.

25          MR. BRADFORD:  Thank you, Your Honor.

1        THE COURT:  Does anyone else wish to be heard?

2        MR. DOUGHERTY:  Good morning, Your Honor.  My

3  name's George Dougherty.  I'm here on behalf of certain

4  defendants.  We filed a joinder in the objection, and I just

5  want to make sure that we're here and we agree with what Mr.

6  Seiger [ph] said, especially the part about the UCC and the

7  state dismissing the intentional fraudulent conveyance

8  claims.  We'd love to have that happen.  I don't think it

9  will.

10        THE COURT:  Mr. Dougherty, who do you represent?

11        MR. DOUGHERTY:  We represent certain defendants:

12  Mr. Fitzsimmons [ph], Mr. Vanesco [ph], et cetera.

13        The other thing is, I do want to make clear that

14  the first two paragraphs in the proposal -- or that WESAU

15  [ph] yesterday, are inconsistent with the idea that they

16  just want to get these claims on file and that the new Court

17  should decide issues of standing.  Paragraphs one and two,

18  in particular, say that the claims no longer constitute

19  property of the estate.  And paragraph one says that the

20  creditors have regained their right to bring these claims.

21  We would object to those.  If there's a new order floating

22  around, I'd like to see it, to the extent you're

23  contemplating entering such an order.  Thank you.

24        THE COURT:  Thank you.

25        MR. TEITELBAUM:  Good morning, Your Honor.  Jay

1  Teitelbaum with Teitelbaum and Baskin for the TM retirees.

2  We filed a joinder to the objection, Your Honor.

3          Your Honor, while this has been characterized as

4  mundane, there are implications and ripples that affect not

5  only what is -- has happened in the case but what may happen

6  in the case.

7          We are in a somewhat unique position in that,

8  back in April, as Your Honor may recall, the TM retirees

9  entered into a settlement agreement.  That settlement

10  agreement was appended to the plan, the original plan, and

11  now the amended plan.  And essentially, what that settlement

12  agreement did was compromised and settled not only the

13  amount of the claims but set forth the methodology for

14  calculating.  And as part of that settlement, it provided

15  for releases in connection with LBO litigation.  The fact of

16  the matter is, Your Honor, the -- at that time, these

17  constructive fraud claims, and even at the time of the

18  amended plan, were property of the estate.  And it was, I

19  believe, within the contemplation of the parties that the

20  consequences of the -- of what we're here today, were not

21  even considered.

22          You know, I actually have the opportunity, now

23  that my daughter's taking business law in college, to go

24  over contracts 101.  There was no meeting of the minds at

25  this point, because no one really thought it through.  No

1    one realized what could happen in the context of what

2    happens if these claims get brought, talking not so much

3    double-recovery, because that's just not within the cards,

4    and I think we know that, but what are the implications to

5    the people who are being affected, and particularly my

6    clients and other similarly situated retirees?  We represent

7    about 200 of the 450.

8              The concept here was taking up to a 65-cent

9    haircut for peace in the valley, if you will.  And now, we

10   have to go back -- and they voted on a plan in that context.

11   If they are now being told: Guess what; you may be compelled

12   to defend -- putting aside merits, et cetera -- serious

13   litigation that could claw back up to 50 percent of that

14   which you may be given in the plan, that's not the deal they

15   bargained for.  That's not the deal they voted for.  And

16   what I'm up here to suggest that the unintended, or perhaps

17   the intended, consequences of this motion is to throw this

18   process into a bit more chaos than this Court has seen to

19   date.

20             THE COURT:  And who would've thought that were

21   possible?

22   (Laughter)

23             MR. TEITELBAUM:  Yes.  The fact of the matter is

24   that the exigency of that chaos outweighs the exigency of

25   June 4.  And what I would ask the Court is to give parties

1    who hadn't beforehand thought about what the implications

2    may be to people who voted on a plan and may now have to be

3    forced to come back to this Court and ask the Court: Wait a

4    second; we need to rethink this.

5              I'm not suggesting I have a better mousetrap or a

6    way to fix it, but I think we need time to see if we can

7    build that mousetrap, come up with a resolution that works

8    for everyone, whether it's reasonability, rational

9    thresholds for pursuing claims, whether it's just carving

10   out certain parties.  But the fact of the matter is, Your

11   Honor, there are implications here.  The PHONES stood up and

12   raised the issue of the subordination.  That's directly

13   implicated in connection with the plan.  That's an issue

14   here that would have to be fought on multiple fronts if, as,

15   and when these State Court actions were to proceed.

16             And speaking only for my clients, some of whom,

17   arguably, are more sympathetic than others in their relative

18   wealth, this is a tremendous burden for individuals.  And

19   you know, now, as a practitioner in a small firm as opposed

20   to a big firm, I see that implication to people, and I see

21   -- and I hear it on the other end when a trustee or a trust

22   says, well, you know, settle it if you don't want to incur

23   the litigation costs.  Well, that's real money to real

24   people who are -- have long since retired in this case from

25   this company, after giving 20/30-plus years and are now not

1 only faced with not having received pension benefits since

2 the filing of the case, and looking at 65 percent of their

3 retirement savings gone, faced with litigating the issue of

4 do I have to give back -- even if it's a million dollars and

5 you were 60 years old and that was your retirement.  How

6 would we deal with that, as individuals in today's world, or

7 in any world?  That's the reality of what this is.  This

8 isn't some law school exam; this is reality for people.  And

9 all I'm asking this Court for is the opportunity to sit down

10 with, hopefully, rational people and come up with a way to

11 say, you know, maybe individuals aren't the same as a

12 billion-dollar trust or other entities.  Maybe they are the

13 same, but we need to discuss it, because I don't think

14 people thought this through.

15        And so, Your Honor, I'm here to ask that the

16 Court not issue this ruling expeditiously in order to give

17 the parties an opportunity, as you have in the past, to try

18 to work through their differences.  And we've achieved

19 differing degrees -- varying degrees of success in that

20 effort, but there has been some success.  Thank you, Your

21 Honor.

22        THE COURT:  Thank you.  Excuse me.

23        MR. JACOBS:  Good morning, Your Honor.  I think

24 there's going to be two brief replies to some of the points

25 that have been made.  David Rosner, Kasowitz, Benson, Torres

1  & Friedman on behalf of Law Debenture Company of New York.

2  We're the indenture trustee for approximately 18 percent of

3  the senior notes, which is roughly $200/$240 million in

4  senior notes.  We're a co-movant under this motion, and

5  we're also a co-plan proponent, as your Court has -- as Your

6  Honor is probably aware.

7           I'm just going to respond to a couple of the

8  points.  Again, I think it is -- it's crystal clear that

9  nobody disputes who owns these claims at this point, and

10 nobody disputes -- well, nobody disputes that the claims of

11 constructive fraudulent conveyance is a different claim from

12 a fraudulent -- from an intentional fraudulent conveyance.

13 There is a dispute as to whether the overlap has some

14 bearing on whether Your Honor is going to allow these claims

15 to go forward or whether a statute of limitations -- an

16 actual defense -- is going to be created here today.

17          The foundations raise this issue of the ordering

18 of the prosecution before Your Honor as if that's an issue

19 that the Court need be concerned about between the estate

20 and between the creditors bringing state law claims.  I will

21 tell Your Honor that is certainly not an issue for today as

22 to how claims are prosecuted and the order in which they are

23 prosecuted.  Number one, that's a defense.  That would be a

24 defense, in any action.  That's a motion that any -- that

25 either Court would consider, based upon proceedings in

1    another Court, should that Court decide to stay in action,

2    should that Court decide to dismiss an action without

3    prejudice pending a determination of another Court.  And

4    I've seen those types of motions and litigated those types

5    of motions.  But again, that's a defense.  And the motion

6    said -- says it in a number of ways, and the movants have

7    said it in a number of ways, that the point is not to

8    prejudice any defense.  And so, to the extent that a

9    defendant wants to say, well, we'd like to see what happens

10   in this Court before this Court, then at least the Court

11   that has proper jurisdiction over the case would be the

12   Court that would be making that determination as to whether

13   ordering had anything to do.

14          But nevertheless, again, we do not seek to

15   prosecute these claims today.  We only seek not to hand an

16   actual $8.2 billion state-statute-of-limitations defense to

17   the defendants, which is why they're here today, because

18   they would like that defense.

19          This issue that there is a transaction that is at

20   issue in competing cases, let's say competing causes of

21   action in competing cases, that issue arises in almost every

22   single case in which there are estate trusts and creditor

23   trusts in which either the creditors have decided to convey

24   their claims to a trust, as what is proposed, or as to

25   whether creditors bring their own claims.  But the idea that

1   there is a similar transaction being attacked, it's
2   happening in Lyondell right now, even as we speak, involving
3   shareholder claims.  It's happened in Revco in ten different
4   courts.  It's happening in Le Nature's, a case that I'm --
5   that's a case that I'm prosecuting where we've got
6   individual creditors prosecuting their claims.  We're
7   prosecuting the estate causes of action based upon the very
8   same transactions, the very same Ponzi scheme in that case.
9   There's no difference than a direct and a derivative
10  situation.  This happens hundreds, if not thousands, of
11  times.  The transaction at issue, different claims,
12  different plaintiffs, different forms of relief.  So I don't
13  really think that's an issue.
14          And it's certainly fine to hear, from a defendant
15  standpoint, that there's no rush and let's not hear this
16  today and why put the plaintiffs in a position where they
17  can actually preserve their statute of limitations.  We're
18  one of the parties that may ultimately be bringing that, you
19  know, assuming correct direction and indemnity, that we will
20  be bringing that cause of action, we do not think it's
21  appropriate for plaintiffs who have a cause of action to be
22  given a hurdle and to stress a looming $8.2 billion loss,
23  simply due to the passage of time.  A lot can happen.  Your
24  Honor's comments were taken into account at the conclusion
25  of the trial by the other day by a lot of people.  A lot can

1    take place between now and when the Court ultimately

2    determines or is called upon to ultimately determine.  But

3    nobody should be sitting and staring at a clock this far

4    into a statute of limitations when the risk is a loss of

5    $8.2 billion worth of claims.  There's no basis for it.  And

6    by the way, if it turns out that any objections upheld, and

7    if it turns out that a defendant, who's sitting here today,

8    there is no claim against them anymore, that, too, is a

9    defense that could be brought.  First of all, they most

10   likely wouldn't be sued; they would be dropped from the

11   complaint.  But let's say that that didn't even happen,

12   because there was some dispute as to whether they would be

13   released.  The release would be put at issue in the proper

14   Court, and that Court would determine the release as a

15   defense.

16          The idea that these claims are reverting to the

17   creditors is a nice terminology that people use, but I

18   think, as we all know, and I don't think anybody would

19   dispute, the claims don't revert to creditors.  They never

20   left the creditors.  The claims were never divested of

21   creditors, and they were never transferred to the estate.

22   All that happened was that, for two years, they couldn't

23   bring the claims.  Now, two years later, they can bring the

24   claims, because the estate no longer has any interest in it;

25   the estate's business with these claims is done.  There's no

1    basis to hold back the plaintiffs from bringing them.

2            The retirees, at the very end -- this is the last

3    point I'll make, and I'll hand this over to the committee.

4    That -- I didn't understand, really, the retirees' argument,

5    other than to say that they did not want to get sued.  And I

6    know nobody ever wants to get sued, but there can be no

7    point of there's a surprise here that the plans provide for

8    shareholder litigation to go forward and anybody that

9    received a payment, pursuant to the LBO, is a potential, if

10   not an actual, defendant and will be sued.  That's always

11   existed in these plans.  It's always existed in both plans.

12   It's always been before the Court, and it was certainly out

13   there when people voted.

14           So, Mr. Teitelbaum said that they didn't really

15   think about it that way, and that's not a concern for the

16   Court or for the plaintiffs as to how they decided to think

17   about it.  If it's a voting issue, they could change their

18   vote, but under no circumstances can they carve themselves

19   out as potential defendants if they actually end up getting

20   sued on the basis of the shareholder claims that are being

21   preserved.  Thank you, Your Honor.

22           THE COURT:  Thank you.

23           MR. SOTTILE:  Your Honor, James Sottile of

24   Zuckerman Spaeder, special counsel to the official committee

25   of unsecured creditors.

1          I rise, rather than Mr. LeMay solely to address a

2     factual point relating to EGI-TRB's arguments that it should

3     be treated different from all of the other shareholders and

4     that claims, if the Court grants relief in order to assert

5     state law -- constructive fraudulent conveyance claims, it

6     should not grant that relief as to EGI-TRB.

7          Your Honor, quite simply, there's no basis for

8     treating EGI-TRB any differently from any other shareholder

9     that received value in return for its shares.  While you

10    heard a very complex set of transactions described to you by

11    Mr. Bradford, the bottom line is this: EGI-TRB had $50

12    million worth of stock.  That stock was redeemed at step two

13    of the transaction.  It's true it wasn't redeemed in cash,

14    but that's not a requisite for a constructive fraudulent

15    conveyance claim.  Instead of getting cash, as Mr. Bradford

16    said, EGI-TRB got a $50 million credit against its

17    obligation to purchase a note.  If it hadn't gotten that

18    credit, if the shares hadn't been redeemed, it would've had

19    to pay $50 million in cash.  There's simply no basis for

20    treating a $50 million credit against an obligation to buy a

21    note any different from getting $50 million in cash.  And

22    the fore, Your Honor, we submit that if the Court grants the

23    relief requested, which the committee supports and believes

24    you should grant, there's no basis for treating EGI-TRB any

25    differently from any other party.

1          Now, you also heard an argument from Mr. Bradford

2     that perhaps the timing supported a different result from --

3     with respect to EGI-TRB, that because their shares were

4     redeemed at step two, there's no great rush, and you could

5     hold off.

6          Your Honor, I believe that Mr. Bradford's

7     analysis of the limitations issue is correct: that the

8     limitations, with respect to that redemption, properly

9     construed, wouldn't run before December.  However, you did

10    hear a very complex set of transactions described to you,

11    described as integrated, starting at step one, continuing

12    through step two, with respect to redemption of shares.  And

13    I don't believe that parties pursing these claims should

14    face the risk that someone later on will argue that all of

15    these transactions should somehow be collapsed together and

16    really the limitations period expired when the initial set

17    of transactions that EGI-TRB engaged in were set in motion.

18    So Your Honor, for that reason as well, we don't believe

19    there's any basis for treating EGI-TRB any differently from

20    any other shareholder, whose shares were redeemed for value,

21    as was clearly the case for EGI-TRB.  Thank you, Your Honor.

22          THE COURT:  Thank you.

23          UNKNOWN:  Your Honor, with -- oh, I'm sorry.

24          MR. GOLDEN:  Your Honor, we did circulate, last

25    night, and we thought we had gotten it to everybody who had

1    filed an objection or a joinder, a blackline form of a

2    revised order.  If you -- Your Honor, I'd like to hand that

3    up for one minute.

4              THE COURT:  If you would.

5              MR. GOLDEN:  And if anybody in the courtroom

6    needs one, Mr. Dublin can give it to you.

7              THE COURT:  Thank you.

8              MR. GOLDEN:  Your Honor, I'd just like to point

9    out a couple of points.  I'm going to be very brief.  You've

10   heard foundation's counsel suggest that paragraphs two and

11   three of the proposed form of order are not appropriate.

12   Paragraph two says:

13   "Pursuant to Bankruptcy Code Section 546(a), creditors have

14   regained the right to prosecute their respective creditors

15   SLCFC claims against step-one shareholders and step-two

16   shareholders."

17             I think that Mr. Rosner's explanation of the case

18   law is exactly on point.  Those claims never went away from

19   the creditors.  They've never been ceded to the estate.

20   They were held in abeyance during the pendency of the two

21   years -- first two years of the bankruptcy case, and once

22   that two years had expired and no cause of action had been

23   brought, the creditors were -- retained the right to

24   prosecute the claims.  I don't think anybody actually

25   disputes that.  That doesn't necessarily go to the point

1   that the foundations made, that because of a parallel

2   pending intentional fraudulent conveyance action, those

3   claims should -- the state law claims should not proceed.

4   That's a point that he's going to -- if we get an order,

5   he'll be able to argue to the trial court.  So I don't think

6   there's anything about the words in paragraph two that are

7   going to prejudice the foundation.

8          So too, in paragraph three, the right to

9   prosecute a creditors SLCFC claim no longer constitutes

10   property of the debtor's estate.  I don't think anybody

11   actually disputes that.  And --

12          THE COURT:  I might.  And I'll tell you why.

13          MR. GOLDEN:  Okay.

14          THE COURT:  There's a 3rd Circuit case out there

15   that arose in the 363 context, and I think the specific

16   dispute, and I forget the name of the case, centered around

17   whether these rights were transferred as part of a 363 sale.

18   The Court found they're not property of the estate, at least

19   for that purpose.  They're rights that can be asserted by

20   the estate, but I don't -- I think what the Court was

21   saying, they're not 541 rights.  Now, the effect may be the

22   same, but I -- and I'll give you some thoughts when we're

23   done, but --

24          MR. GOLDEN:  Okay.

25          THE COURT:  -- I have that concern.

1              MR. GOLDEN:  Okay.  And Your Honor, the only

2    other point I want to point out, which I think should

3    relieve some of the concerns by the foundations counsel, is

4    paragraph eight, where we say nothing in this order shall

5    prejudice or impair any claims or defenses of any defendant

6    in any proceeding in respect of a creditors SLCFC claim.  We

7    were not trying, by virtue of this order, to get a leg up at

8    the trial Court.  They are going to -- the foundations and

9    any other defendant is going to defendant is going to have

10   every right to assert whatever defenses they have at the

11   trial Court level, and it -- and there will be nothing about

12   this order that's going to stop them from doing that.

13              I was -- I think Mr. Sottile gave a wonderful

14   explanation of the EGI-TRB Zell position of the movants and

15   the committee.  Mr. Bradford is a very talented lawyer.  He

16   has appeared in front of you countless times with one goal

17   and one goal only: to make sure that his clients do not end

18   up on the wrong side of a V in a Tribune-related lawsuit.

19   But I don't think it's appropriate for potential defendants

20   to be able to dictate to the plaintiffs, to the estates, and

21   to the creditors who possess these claims, when these claims

22   can be brought, when they should be brought, and any

23   limitations on bringing them.  Because if that was the case,

24   every defendant would have a field day in trying to dictate

25   the contours of a potential litigation.

1              And finally, with respect to the retirees, I will

2     have to reiterate.  I don't know what was in the mind of the

3     retirees when they cut their settlement with the DCL plan

4     proponents, but what I find hard to understand or appreciate

5     is that the DCL plan always contemplated -- always

6     contemplated -- the ability of creditors to prosecute,

7     either individually or through a trust into which they would

8     put their claims, state law constructive fraudulent

9     conveyance claims.  Now, the DCL plan, I think as Your Honor

10    may recall, does have a limitation that the first $100,000

11    is protected.  But I'm just surprised that Mr. Teitelbaum

12    said that they -- he and his clients -- were unaware of the

13    fact that, once they cut their settlement, there may be a

14    possibility that some of his clients -- actually, he hasn't

15    said who -- but some of his clients may be defendants in

16    these creditor-sponsored state law constructive fraudulent

17    conveyance claims, because the DCL plan always contemplated

18    that possibility.

19              Excuse me, Your Honor.  That's all I have.

20              THE COURT:  All right.  Thank you.

21              MR. BRADFORD:  Yes, Your Honor.  Very briefly, on

22    EGI-TRB, first, to the extent there's any concern about step

23    one, we're prepared to enter into a tolling agreement to

24    address that.  Clearly, this is a step-two issue only.

25              THE COURT:  I know.  That proposal didn't work

1  before.

2          MR. BRADFORD:  It should work here.  Let me just

3  try to be practical about the whole set of EGI-TRB issues,

4  so that we don't have to be ever-present in these

5  proceedings and we can simply.

6          THE COURT:  Oh, I suspect you're going to be here

7  anyway.

8          MR. BRADFORD:  Well --

9  (Laughter)

10          MR. BRADFORD:  -- it's certainly not our desire,

11  Your Honor.  EGI-TRB has no assets, other than its claims

12  against this estate.  Nobody would stand to defend these

13  claims on behalf of EGI-TRB if, upon confirmation and upon

14  motion practice related to that confirmation, we had some

15  clarification as to what, first of all, the rights of EGI-

16  TRB are in connection with this plan.  But more basically --

17  and something we do intend to bring before the Court.  Most

18  recently, there was, added to a complaint, and this was the

19  subject of some of the standing litigation that we tried to

20  pursue and that was ultimately withdrawn, an allegation that

21  EGI-TRB's corporate status should be pierced and that Mr.

22  Zell should somehow be liable personally for that.  There's

23  no factual allegation for that.  It does not comply with

24  Rule 11.  It is something that we think the Court will

25  strike.  And if stricken, we could be done here.  There is

1   no reason for us to have to stand and defend all of this,

2   because again, the only assets are the notes that we

3   referred to previously, which are claims against the estate.

4           And so, I think that there is practical value in

5   deferring further litigation until the plan confirmation

6   issues are resolved.  And insofar as this is really a step-

7   two set of issues in any event, we don't think there's a

8   hurry, and we're prepared to give whatever comfort people

9   need to make sure that there's not a preclusive outcome to

10  being able to have that further dialogue.

11          So thank you, Your Honor.

12          THE COURT:  Thank you.

13          MR. LeMAY:  Your Honor, I might have just a few

14  sentences?

15          THE COURT:  Certainly.

16          MR. LeMAY:  Just because I wanted to get in,

17  David LeMay for the committee again, and I apologize for

18  tag-teaming with Mr. Sottile.  We have a division of labor.

19          Just two very brief thoughts, Your Honor.

20          First, to the extent the Court were inclined to

21  entertain the idea of not deciding this right now, today,

22  but instead a brief adjournment, the committee, for its

23  part, would have no problem with that.

24          Second, the proposition was raised that if relief

25  is granted from the stay today, it ought only to be in favor

1    of the movants, and that, I think, is probably not something

2    we could agree with.  One of the reasons we got involved in

3    this whole motion was to make sure that there was a level

4    playing field for all creditors.  And as is often the case

5    in lift/stay jurisprudence, there is a concern that you

6    don't put one person in a position that others similarly

7    situated can't take advantage of.

8            So I would urge the Court that if relief from the

9    stay is to be granted today, that it be for the benefit of

10   everyone and not just these movants, and that's the way the

11   current form of order that Mr. Golden tendered --

12           THE COURT:  I know, but --

13           MR. LeMAY:  -- reads.

14           THE COURT:  -- let me ask you this.  As a --

15   well, I'll put it in terms of the 30,000-feet view.  As a

16   prudential matter, why would a Court grant relief to parties

17   who are not asking for such relief?

18           MR. LeMAY:  A fair point, Your Honor.  I think it

19   comes back to the way Section 362 works and the way that the

20   section or the subpart of 362 on relief from the stay works,

21   and you'll see that it says that the Court may grant from --

22   relief from the stay, such as by -- and I'm doing this from

23   memory, and I apologize -- conditioning, annulling, or

24   terminating the stay.  I don't think the -- that the

25   application of the automatic stay, with respect to unsecured

1   creditors, is one of those things where it's only the people

2   who ask for it that can be given relief.  You may determine

3   those are the only people who should be given relief.  I

4   guess what I'd like to suggest is that you've got the power,

5   and I would suggest you should, put everybody on the same

6   footing.

7                As I say, one of the very reasons we got

8   ourselves involved, after the motion was filed, was

9   precisely to make sure that other voices not in the

10  courtroom today were put on the same footing.  And I think

11  -- I do think that the architecture of Section 362 is

12  supportive of that.

13                THE COURT:  Thank you.

14                MR. LeMAY:  Thank you.

15                THE COURT:  All right.  Last word.

16                MR. TEITELBAUM:  Thank you, Your Honor.  Just

17  very quickly, just to address the point.  The stipulation

18  that was attached to both plans that was executed by the

19  retirees in paragraph seven, says that this -- that -- and

20  I'll -- let me just quote it:

21  "The debtors agree that, in consideration of the compromises

22  set forth herein, and upon the occurrence of the condition

23  of the effectiveness hereof, any and all claims of the

24  debtors and their estates"

25                And recall, at the time this was done, these

1  constructive fraud claims were claims of the estate, and at
2  the time of the amended plan
3  "known or unknown, which may exist against any retiree
4  claimant, with respect to such claimant retiree claim,
5  including without limitation, any claim for the avoidance
6  and recovery of any pre-petition payment or transfer made on
7  account of such retiree claim shall be hereby released and
8  waived."
9          The concept of this specific stip was built into
10 the plan in the definition of retiree release claims in
11 11.1.2 and 11.2.  What I'm suggesting to you -- and maybe I
12 misstated it, and maybe I wasn't clear -- wasn't only what
13 was in the retirees' mind.  Your Honor, it was never within
14 the contemplation of the parties.  And I understand this may
15 not be before the Court today, and this is the chaos point I
16 was trying to avoid.  It may well be that it has to be teed
17 up as to whether the implications of what is being asked for
18 today was fully, fairly, adequately disclosed to people when
19 they made their vote.  And I think that circumstances, that
20 have been presented to this Court today, show that there is
21 some, at least basic, disagreement amongst some very, very
22 smart people as to the implications of the words in the
23 disclosure statement and on certain creditors who voted.
24 And that's what I'm suggesting.  I'm not suggesting it's
25 before you.  I'm suggesting I'm trying to avoid having that

1  be brought before you, so that we can all try to work

2  through this issue.

3            THE COURT:  All right.  Thank you.  All right.

4  Since the circumstance in which, arguably, the movants here

5  could've just went and done what they wanted to do without

6  asking the Court, but they didn't, so if I'm to enter an

7  order, my inclination is to make it sufficiently clear that

8  I'm not disposing of substantive rights.  I'm not making a

9  determination of what happens to state law fraudulent

10  conveyance claims upon the expiration of the estate's

11  ability to pursue them, but without standing in the way of

12  such actions.  So let me just, as I look over the various

13  proposed orders, tell you what I would be willing to

14  consider.  I will give counsel a chance to confer and to

15  submit, excuse me, a form of order which would address these

16  issues.  And to the extent the parties cannot agree, then

17  I'll consider competing forms of order.

18            So, not in any particular order, let me just make

19  the following comments.  And I'll work, initially, from the

20  most recently marked-up proposed form of order that Mr.

21  Golden handed me.

22            I would be willing to say something like pursuant

23  to -- well, the failure of the estate to pursue such claims,

24  that creditors have regained the right, if any, to prosecute

25  their respective creditors SLCFC claims.  And I'll stop

1  there to say that I'd like -- because I know these orders

2  will come up in state courts, all of the defined terms to be

3  explained in the body of the order itself so that courts

4  don't have to look elsewhere to find out what the order

5  means.

6            With respect to the -- whether a creditors SLCFC

7  claim is or was no longer property of the estate, I don't

8  want to make that declaration, because I'm not sure it ever

9  was.  but again, I'm willing to sign an order that makes it

10  clear that this Court is not standing in the way of anyone

11  who has a right to prosecute such a claim, and that the

12  estate has -- I don't know what the appropriate word is to

13  describe it -- failed to pursue, forfeited -- however

14  counsel can work that out -- the right to pursue it, here in

15  the bankruptcy court.

16            I think, with respect to the stay issue, I think

17  whatever paragraphs are built into an order -- I don't want

18  to make a declaration that 362 doesn't bar the commencement,

19  but I would be willing to say, to the extent the stay does

20  apply, it's lifted, solely to permit the commencement of

21  such litigation.  But I would like the memorialization,

22  until further order of this Court -- and I'll tell you why

23  in a moment -- that no litigation should be pursued or

24  prosecuted, because I am concerned about whether there would

25  be implications with respect to any decision I might make in

1  connection with confirmation of a plan, and I want to

2  reserve, to myself and to the parties who have objected to

3  confirmation, to make whatever arguments they have to make

4  without being hampered by an order that I'm entering here.

5  I don't mean to dispose of any of those rights.

6          The bridge lenders proposed order was more

7  specific in terms of reserving rights, specifically in their

8  proposed paragraph seven, I think you added there eight.

9  And I think that covers the extent of the relief that's been

10 requested.  And any objections that have been raised, I now

11 overrule, again subject to not impairing anybody's right to

12 assert a confirmation objection.

13         Now, are there any questions?

14 (No audible response)

15         THE COURT:  Shocking.  I haven't been that clear

16 in weeks.

17 (Laughter)

18         THE COURT:  Okay.  What I'll do, for calendar

19 purposes, is continue the hearing on this motion to the

20 April 11 date, which is the resumption of the confirmation

21 hearing, but we'll expect, in the interim, that counsels

22 should be able to confer and submit, hopefully within the

23 next week or so, a proposed form of order, with a disk,

24 please.  Any questions about that?

25         MR. ALBERTO:  Your Honor, no questions.  Thanks

1  very much.  I don't have any interest in this matter, if I

2  could be excused.

3          THE COURT:  Certainly.

4          MR. ALBERTO:  Thank you.

5          THE COURT:  Okay.  We'll take just a five-minute

6  break, and I'll -- we'll finish what's on the agenda.

7  (Recess at 12:10 p.m. to 12:17 p.m.)

8          THE CLERK:  All rise.  Please be seated.

9          THE COURT:  Did you address number 21 on the

10 agenda?

11         MR. KANSA:  Your Honor, Ken Kansa from Sidley

12 Austin.  We did skip over item 21, which was the 44th

13 omnibus objection, inadvertently.  The only matter we had,

14 going forward on that point, was a status conference with

15 respect to the claim of Ms. Carol Walker [ph].  The -- we

16 spoke with Ms. Walker on Friday, and she has agreed to

17 continue to her claim, to the best of our knowledge, or we

18 agreed to continue our objection, and she agreed to our

19 continuance.  So as a result, we are not proposing to go

20 forward with the status conference on that today.  We also

21 had a response, at the end of the day yesterday, from

22 Software AG --

23         THE COURT:  I saw it this morning.

24         MR. KANSA:  And we have agreed to continue the

25 objection with respect to that claim as well.  We will

1  submit a revised form of order under certification of

2  counsel.

3          THE COURT:  Okay.  Thank you.

4          MR. KANSA:  Thank you, Your Honor.

5          THE COURT:  Okay.  Let's turn, lastly, to the

6  debtors' motion concerning advancement of defense costs.

7  Let me ask first, though.  Is the committee still pressing

8  its position?

9          MR. SEIFE:  Good afternoon, Your Honor.  Howard

10  Seife from Chadbourne & Parke for the committee.  Pressing

11  our position on a request for an adjournment or as to the

12  merits?

13          THE COURT:  Yes.

14  (Laughter)

15          MR. SEIFE:  Yes, we are, Your Honor.

16          THE COURT:  Okay.  Okay.  Let me give you my

17  reaction here.  You know, we face these types of issues all

18  the time.  Now, I haven't read the specific policy, but if

19  what the debtor says here is true, not only is there

20  discreet side A coverage, but a provision which says who

21  gets paid first.  And if that's true, unless -- well, I

22  mean, that, 99 percent of the time, answers the question.

23  So putting aside the alleged need for further discovery,

24  because I know the debtor says why that's not necessary,

25  what's different about this situation that I'm missing here?

1          MR. SEIFE:  Your Honor, the line of cases, which

2    Your Honor is very familiar of -- familiar with and cited by

3    the parties, I think what's striking about them, in each

4    case, the Court had a fairly fixed and specific idea of what

5    the claims were that were going to be paid.  And if you go

6    through each of those cases, whether it's -- and from this

7    district -- Allied Digital, World Health, Downey.  If you

8    read those opinions, before the Court was a factual showing

9    of exactly what the claims were that were going to be paid.

10   And I know it's easy to dismiss the motion -- or grant the

11   motion on the basis that the proceeds are not property the

12   estate, and we don't challenge that, as a conceptual matter.

13   But the policies themselves are property of the estate.  And

14   every dollar that goes out to pay defense costs is a dollar

15   taken away from potential recoveries down the road for

16   creditors or --

17          THE COURT:  Okay.  So there's --

18          MR. SEIFE:  -- from Tribune's --

19          THE COURT:  There's a reduction in the overall

20   coverage if there's a side A payment.

21          MR. SEIFE:  Yes.

22          THE COURT:  Okay.  Even so, is there, in fact,

23   the -- you know, a priority-of-payment provision in the

24   policy?

25          MR. SEIFE:  There is a priority-of-payment

1    provision.

2              THE COURT:  See, for me, in the past anyway,

3    that's kind of answered the question.

4              MR. SEIFE:  Well, what's interesting, Your Honor

5    -- and I don't know if it's a trend.  I certainly can't

6    speak to that.  But if one looks at the order recently

7    issued in Washington Mutual by the Judge next door, there

8    was -- and it's referred to in the papers, in the motion

9    papers, there was a specific provision put in regarding

10   disclosures so that the creditors, who I assume -- the

11   committee, I assume, asked for that provision, would be able

12   to see what those payments were.

13             THE COURT:  I've ordered that in the past.  I

14   have done that.

15             MR. SEIFE:  Right.

16             THE COURT:  But it hasn't stood in the way of

17   granting permission to advance such costs.

18             MR. SEIFE:  But I think if Your Honor actually

19   looks at the cases -- because it does have an implication to

20   creditors.  These are policies -- the policies are property

21   of the estate.  And the Tribune is an insured -- it's a

22   subordinate insured.  It has a contingent plan, so its

23   rights are affected by every dollar that goes out, and I

24   think it's --

25             THE COURT:  But that's --

1          MR. SEIFE:  -- incumbent.

2          THE COURT:  -- always -- argument's always made

3    and almost never disposited.

4          MR. SEIFE:  Well, I think in this Court -- in

5    this case, Your Honor --

6          THE COURT:  When there's a priority provision.

7          MR. SEIFE:  I understand.  And I'm not disputing

8    there is such a priority provision.  But maybe we are in the

9    one percent of the cases where it makes a difference.  And

10   just recall the testimony of Professor Black -- not that

11   long ago, but it does seem some time ago -- where he

12   addressed the very issue of settling at policy limits.  The

13   $200 million of coverage here has been very much focused on

14   by the parties.

15         And under the DCL plan, a big chunk of any such

16   recoveries under the litigation trust, are being set aside

17   for the noteholders.  And in his testimony, Professor Black,

18   who gave a -- kind of a real-world situation of what's going

19   to happen to these policies, and he is an expert on dealing

20   with these claims, he very much thinks there could be a

21   settlement here at the policy limits.  And that could

22   provide enormous source of recovery for creditors.  But if

23   that amount is whittled down, through the spending of

24   defense costs, for litigation that is stayed, that recovery

25   may not be available for creditors.

1          And all -- that's another point, I think, which
2    distinguishes what's before Your Honor with the other cases.
3    This is stayed litigation, and there's a motion which has
4    been made to stay the litigation further, through June 15.
5    So I think it just cries out for some controls here and
6    limitations so that a valuable potential resource of
7    recovery for creditors is not dissipated.
8          The committee doesn't challenge the fact that
9    there is a priority for payment to defense costs, that the
10   D's and O's are entitled to look to it, but there has to be
11   some rule or reason and controls here that a very valuable
12   source of recovery should be preserved.
13          THE COURT:  Well, what do you suggest?
14          MR. SEIFE:  Well, we'd like to sit down with the
15   parties and see if we can get a consensual resolution and
16   protocol.  At a minimum, we'd like to know what claims have
17   been filed to date with Chubb.  Chubb has resisted all
18   efforts so far for us to get that information.  That at
19   least will let us know what the ballpark looks like.  And as
20   you saw in our papers, we did a Rule 2004.  That didn't
21   work.  We brought a subpoena.  So we're still waiting for a
22   response from Chubb so at least we know what the ballpark
23   looks like.  Maybe this isn't an issue, but all I know is,
24   looking at Mr. Zell's counsel, who appears at every
25   proceeding and every deposition, is going to be having very

1   substantial claims against those policies.  Now, whether

2   they're reimbursable or not, I don't know, but there's a

3   real fear here that with all of the lawyers that have

4   appeared for all the various D's and O's -- and I counted 12

5   law firms just appearing in this proceeding -- a very

6   valuable potential means of settling claims and getting

7   these plans through may be dissipating.

8            So what are we looking for?  We're looking for

9   information from Chubb, which would let us know what claims

10  have been made so far, whether there have been any policy

11  erosions so far, and we'd like to develop some kind of

12  informational protocol so that we know, on a real-time

13  basis, what kind of claims are being made.  So if we think

14  they're totally out of line, we could come to the Court and

15  seek relief.  Or if we think, for whatever reason, Chubb is

16  reimbursing counsel for claims which are not properly

17  covered, and they've reserved their rights, certainly, on

18  the preference causes of action, which one of the two

19  subject lawsuits, and you know, we just need to have some

20  oversight here, because this is an asset, ultimately of the

21  estate that needs to be protected.

22           THE COURT:  Thank you.  I'll hear from the

23  debtor, then from others.

24           MR. SHUGRUE:  Thank you.  Good afternoon, Your

25  Honor.  John Shugrue from Reed Smith, admitted pro hac vice

1    on behalf of the debtors and the movant with respect to the

2    advancement of defense costs.

3           I think a couple of things became clear from the

4    last question-and-answer exchange with the Court.  One is

5    that there really is no legitimate basis in law, or in the

6    policy language in this case, or the facts and circumstances

7    here that should prevent the granting of the motion and

8    allowing the insurers of the individual defendants who have

9    been sued by the committee in this case, to advance defense

10   costs pursuant to the terms and conditions of the policies.

11   There are priority-of-payment provisions, similar to the

12   provisions that are in the various other cases decided by

13   the Delaware Bankruptcy Court and other courts that have

14   allowed such advancement, and found that policy proceeds, in

15   light of such provisions are not the asset or property of

16   the estate, and allowed the insurers and their insureds to

17   do what they would normally do outside the bankruptcy

18   context, which is to submit bills, allow the insurer to look

19   at the bills, make determinations as to what's covered,

20   what's not covered, what's reasonable, what's not

21   reasonable.  And all the motion seeks, Your Honor, is to

22   allow that process to proceed, as it would in the ordinary

23   course.

24          There are, I would offer, checks and balances

25   that prevent the sort of, you know, unfettered spending of

1  defense dollars under the policies, and that's the fact that

2  the insurance companies have an interest in making sure that

3  the defense expenditures are reasonable and are covered by

4  the policies.  This isn't simply a blank check.  Of course,

5  the insurers will look at the bills and -- as insurers

6  always do, and make determinations about what they think is

7  appropriate and not appropriate.

8          THE COURT:  You're not suggesting that insurance

9  companies are notoriously stingy, are you?

10         MR. SHUGRUE:  I would never suggest that, Your

11 Honor.  Of course not.  I think what became clear, though,

12 was that what the committee, I think, at bottom, really

13 seems to want is more informational and a flow of

14 information as opposed to actually suggesting -- which I

15 think is a rather remarkable proposition that the Court

16 should not embrace -- that the committee should dictate and

17 control the extent to which the individuals that it has sued

18 may access their insurance coverage to pay for their defense

19 of those costs.

20         THE COURT:  Well -- okay.  So, do the policies

21 provide side A, B, and C coverage?

22         MR. SHUGRUE:  Some of the policies -- Your Honor,

23 there are two towers of coverage.  The first $100 million of

24 coverage provides side A, B, and C coverage.  There is a

25 second tower of coverage that provides side A coverage only,

1    so only coverage to the individuals and no coverage

2    whatsoever to Tribune.

3                THE COURT:  Okay.  Now, in the first level of

4    coverage, does the payment under side A reduce the overall

5    availability of proceeds?

6                MR. SHUGRUE:  Yes.

7                THE COURT:  Okay.  So then, I tend to disagree

8    with you that the committee has no business not knowing.  I

9    don't disagree that it's not up to them to the -- control

10   the litigation that they've commenced.

11               MR. SHUGRUE:  Okay.  And Your Honor, I don't

12   actually disagree with the proposition that -- and the

13   committee may be entitled to information about how much has

14   been advanced.  I think, actually, that information has been

15   supplied, at least insofar as, you know, we got that

16   information.  Tribune got that information from Chubb, the

17   primary insurer.  So it's a question about flow of

18   information.  And I won't speak on behalf of counsel for the

19   individual insureds who are here as well, but there's a --

20   there is a difference between seeking information about the

21   defense costs that are being advanced versus saying that

22   those defense costs should not flow, or at least the

23   payments should not be advanced, or there should be some

24   sort of cap or restriction on the payments being made.

25               THE COURT:  I understand.

1           MR. SHUGRUE:  And Your Honor, I'd say that the

2    argument, with respect to, again, the notion that these are

3    wasting limits policies so the defense costs reduce what is

4    potentially available in recovery to the committee as

5    plaintiff in these actions, that same argument was expressly

6    made and -- expressly and very soundly rejected in the

7    Allied Digital case.

8           THE COURT:  I know.

9           MR. SHUGRUE:  So this is not new.  These

10   arguments have been made and rejected before.  I also

11   thought it was actually somewhat ironic that counsel said

12   that while we know if Chubb and be careful about whether

13   Chubb is actually paying defense costs for claims that are

14   covered, presumably the notion is that maybe Chubb will be

15   paying defense costs for claims that aren't covered.  Well,

16   if the claims aren't actually covered, then there won't be

17   any money available at the end of the day for the committee,

18   either.  So the issue here is not about whether there is or

19   isn't coverage for any of these claims, whether any

20   particular defense costs are reasonable or unreasonable.

21   Those are issues that would be decided and should be

22   decided, we would submit, by insurer and insured in the

23   ordinary course, and we're not seeking, in any way, shape,

24   or form, to have the Court decide issues of what's covered

25   or not covered at this stage or make determinations about

1  what specific dollars are reasonable or unreasonable.  We

2  just want the Court to allow the payment of defense costs to

3  the extent the insurers agree to advance those costs.

4           THE COURT:  Thank you.

5           MR. SHUGRUE:  And I believe there is counsel for

6  Mr. Nash for some of the individual defendants.  I think Mr.

7  Bradford may have something to add as well in support of the

8  motion.

9           THE COURT:  Thank you.

10          MR. NASH:  Good afternoon, Your Honor.  Patrick

11  Nash [ph] from Cripo & Eldin [ph].  We represent 20

12  individuals, who are directors and officers, in December of

13  2007 that are all been named as defendants in either the

14  Fitzsimmons lawsuits or in the preference actions.

15          I just want to follow up on a couple things that

16  Mr. Shugrue said in support of the motion.  Not only does

17  the case law support the notion that the proceeds of the

18  policies are not property of estate in the policy language,

19  including the priority-of-payments provision, which is

20  quoted in our briefs, and which counsel has admitted exists,

21  but also the prior order of this Court in the Neil lawsuit,

22  which granted the -- a similar comfort order motion under a

23  different set of policies, where the committee did not

24  object and where no party, including committee, made the

25  argument that the policy proceeds were part of the estate.

1  That order was entered without objection.  And the

2  defendants and officers in that case used the policy

3  proceeds to defend themselves and ultimately were

4  exonerated.

5            I find it slightly ironic, when I listened to the

6  early motion on Aurelius' motion to -- for file -- for leave

7  to file the state Court payments, that they took the

8  position that they ought not be able to dictate our

9  litigation tactics about who we sue, but that's exactly what

10 the committee is doing in objecting to our motion.  They

11 want to control what we can do and when we can do it.  We

12 heard, in the introductory comments, that there's been no

13 factual showing of what the claims are.  Well, I submit

14 there has.

15           The committee has filed a cause of action -- the

16 Fitzsimmons lawsuit has 36 cause of action, named 37

17 individual directors and officers at Tribune.  They've

18 claimed that they're seeking damages of $4 billion, yet they

19 claim that they can control what we do, when we do, and we

20 have to tell them what we're doing.  The case law doesn't

21 submit that.  Common sense doesn't submit that.  Basic

22 fairness doesn't support that.

23           THE COURT:  Well, I think that might be a little

24 bit of an overstatement of the committee's position, but I

25 understand.

1              MR. NASH:  I agree with what Mr. Shugrue said

2    that all -- the relief that we're seeking, that the debtor

3    is seeking that -- which we support, is very straightforward

4    and basic: to enter an order, modifying the estate to the

5    extent it applies, to allow the insurance company to pay

6    defense costs that it determines are owed.  We are not

7    asking the Court to make any coverage determinations.  We

8    are not asking the Court to decide, you know, what should be

9    done, when it should be done.  It's simply to enter the

10   order, modifying the estate, to allow payments to be made,

11   if the insurance company says it can be made.

12             I want to briefly respond to a couple other

13   introductory comments made at the beginning, including

14   regarding the testimony of Professor Black.

15             The notion is that no defense dollars ought to be

16   spent to preserve additional dollars for settlement down the

17   road.  Well, I submit that that's actually counterproductive

18   to ever entering into meaningful settlement negotiations.

19   The concept that the insurance companies would simply agree

20   to pay $200 million without the benefit of defense counsel's

21   analysis of the strength and weakness of the case,

22   settlement value of the case is simply not founded in fact

23   or logic.  Defense costs, in fact, need to be incurred.  We

24   need to get -- dig into the cases.  The committee of

25   release, they've had a two-year head start.  They've been

1  investigating these claims for two years.  They've --

2  there's millions of documents that have been produced in the

3  plan confirmation proceedings, dozens of depositions, Court

4  testimony, expert reports have been prepared.  We don't --

5  we haven't been able to do any of that.  we need to be able

6  to do that in order to, not only defend ourselves in

7  litigation, because of course no settlement is guaranteed,

8  but also to advise the insurance companies so that there

9  might be the possibility of settling down the road.

10          There was some discussion about whether the

11  committee would be entitled to know amounts paid.  I respect

12  Your Honor's comments; however, we don't think that our

13  opponent ought to be able to track what we're doing, when

14  we're doing it, and how much we're spending to defend

15  ourselves.  Counsel said if they know that, they're going to

16  come into the Court if they think that we're spending too

17  much money or if they think the insurers are paying claims

18  that are not covered or expenses that aren't covered.

19  They're going to come into Court and ask you to restrict

20  what the insurance companies can do, what we can do to

21  defend ourselves, when we can do it.  That actually is going

22  to increase costs and increased inefficiency.  We'll be

23  before Your Honor, time and time again, explaining maybe why

24  we're doing what we're doing.  That's going to further erode

25  the policies that they say that they're trying to preserve.

1          So, for the reasons set forth in our papers, we

2    ask the Court to overrule the objection and enter the

3    comfort order motion.   Thank you.

4          THE COURT:   Thank you.   Does anyone else wish to

5    be heard?

6          MR. BRADFORD:   Yes, Your Honor, David Bradford on

7    behalf of Mr. Zell.

8          Your Honor, I'd like to suggest that this motion

9    provides an opportunity, and that is to encourage these

10   parties to go to mediation.   To the extent that there is a

11   concern here about the waste of defense costs, a very simply

12   solution to that is to address these claims in the context

13   of mediation immediately, rather than leaving this complaint

14   pending.   And certainly, some of the defense costs and

15   efforts that we have incurred that we think should be

16   reimbursable involved participating in the Court-ordered

17   mediations.   We attended those mediations.   We were

18   disappointed that nobody seemed interested in resolving

19   these claims and that these continue to be punted down the

20   road.

21         And I also think that that provides a solution to

22   the informational issue that's been put before the Court.

23   Now, to the extent the committee has any real interest in

24   knowing what has been spent, that's an interest that's

25   relevant not insofar as they want to prosecute these claims,

1    but it would be relevant if they were serious about trying

2    to settle these claims.  It seems to us that that's the kind

3    of information that should be made available through the

4    mediator.  And to the extent they're interested in knowing

5    what's available, that's information that they should be

6    supplied in the context of mediation so they can evaluate

7    the proceeds that are available.  It's not something that

8    they should be entitled to know for purposes of controlling

9    litigation.  And if they're making that request outside of

10   the context of an effort to settle these claims, I think

11   it's an unfounded request.  If it's made in the context of

12   an effort to settle these claims, it's a very reasonable and

13   appropriate request, and I think everybody would be very

14   responsive to that information.

15           So we would suggest that the appropriate course

16   for exchange of information about the availability of policy

17   proceeds is through the mediation and perhaps conditioning

18   the availability of that information upon appropriate

19   participation in mediation might encourage people to, in

20   fact, participate.  And who knows what could come if we'd

21   just talk to each other with the benefit of a mediator.

22           I finally would just also like to respond to the

23   notion that there has been some waste of these policy

24   proceeds.  On behalf of Mr. Zell, there has been an enormous

25   waste of time and money by reason of his having been sued as

1    a director in the first place.  He is the one person who did

2    nothing.  He abstained from every decision as a director.

3    There is no dispute that he took no action.  The examiner

4    found no basis for that claim.  You heard Professor Black,

5    on the stand, say there was no meaningful chance of success

6    on those claims.  They, nonetheless, persist in keeping

7    those claims on file.  And for them, then, to come before

8    this Court and say that there is a waste of resources,

9    without looking to their own unfounded allegations as the

10   reason for that waste, I think, misunderstands, in a very

11   fundamental way, what's happening in this Court.

12              So again, our request would be to encourage the

13   parties to come to their senses and to sit down and try to

14   resolve this.  Thank you, Your Honor.

15              THE COURT:  Thank you.

16              MR. FRANK:  Good afternoon, Your Honor.  Joseph

17   Frank, Frank Ecker [ph] firm.  I'm admitted pro hac vice,

18   and I am here for -- we call ourselves the employee

19   compensation defendants group, for lack of a better term.

20              And Your Honor, I won't retread old ground.  It's

21   clear that the legal issues have been fully briefed and

22   considered by the Court, but there's some equitable issues

23   that are still lingering in the air, particularly if the

24   actions are stayed, that I would like to address.

25              I represent 82 current employees of Tribune

1   Company and the various subsidiaries and affiliates.

2   They're various management employees who have been sued in

3   the preference complaints for funds they received,

4   essentially as incentive compensation that, in almost all

5   cases, is very similar to the incentive compensation that

6   this Court has already twice approved during the bankruptcy.

7   And the total that these 82 people have been sued to recover

8   is under $20 million.  And in one case, Your Honor, one

9   woman has been sued to recover $3,750.

10          So to the extent that there's a concern about the

11  dissipation of insurance proceeds for defense, I think the

12  obvious answer is there should be some triage.  One out of

13  five of my people has been sued for less than $50,000.

14  There should be some triage in some of these cases, at the

15  very least, if not all of them, should be dismissed, because

16  to quote what I saw in one of the briefs, the game isn't

17  worth the candle here.  You've got 82 people who all are

18  entitled to and require defense, under the insurance policy,

19  being sued for a total of $20 million, which in some cases

20  is a lot of money, but in this case, really is essentially a

21  routing error.

22          Beyond that, Your Honor, these people are the

23  ones who are getting the newspapers out and keeping the

24  television stations on the air.  And while it may seem like

25  this isn't a big deal, these aren't people who are used to

1  being sued, and they aren't people who take this lightly.

2  So of course, this is a daily concern.  For some of them,

3  it's more than a daily concern; it's a matter of

4  conversation at the companies, and it's a huge distraction,

5  which doesn't mean they can't sue them.  But I do want to

6  get to this notion that because it's stayed, these people

7  shouldn't worry about it, these people should sit tight,

8  because we just heard, in argument, Your Honor, from the

9  committee's counsel, about testimony at the confirmation

10  hearing.

11          And I didn't attend the confirmation hearing,

12  because quite frankly, I thought that might be overkill for

13  the people I represent.  But now, I have to respond to

14  testimony at the confirmation hearing.  Perhaps I should've

15  been at the confirmation hearing to cross-examine --

16          THE COURT:  Don't --

17          MR. FRANK:   -- somebody.

18          THE COURT:  Don't feel compelled.

19  (Laughter)

20          MR. FRANK:  Well -- but --

21          THE COURT:  It's okay.

22          MR. FRANK:  -- Your Honor, I -- it's just the

23  illustration, and I'll cut it off, but it's an illustration

24  of the point that just because they're stayed, these people

25  cannot ignore this litigation.  They need to look at the

1    plan, and we filed objections to the plan.  We joined in

2    objections to the other plan.  And they need to have their

3    concerns addressed.  And so, while this is going on, unless

4    some decision is made to cut bait with respect to these

5    relatively minimal complaints, we're going to be in this

6    case, and we're entitled, under the insurance policies that

7    were purchased and that we relied on when we took these

8    management positions, to those proceeds.  And quite frankly,

9    I don't think there really is a right to look underneath the

10   curtain.  Perhaps they're entitled to a gross number.  It's

11   been dissipated by X, but quite frankly, Your Honor -- and

12   I'm involved in a lot of asbestos bankruptcy where you have

13   eroding insurance -- that's the organic control on the

14   issue.

15          In other words, if they want that money there for

16   settlement, they have to control their own litigation.  The

17   organic control is that they can't litigate too hard and use

18   up all the money if they want it there to recover.  And with

19   respect to my clients, that is going to be where they need

20   to recover from, Your Honor.  So I think they should govern

21   themselves accordingly.

22          Beyond that, I think the only other point, and

23   Mr. Shugrue already made it, is the other organic control is

24   Chubb, Your Honor.  Chubb is not readily writing checks to

25   the various lawyers in this room just to go off on a frolic

1  and detour defending these claims.

2          So I don't really think they're entitled.  While

3  I do think Tribune has an interest in the policy, I don't

4  think that changes the fact that we have rights in these

5  proceeds, and they aren't property of the estate.  And if

6  they aren't property of the estate, there really isn't a

7  right.  And I'm not sure what the Court's ruling would be if

8  they said too much was being spent to control how much is

9  spent on defense.  Thanks.

10          THE COURT:  Thank you.

11          MR. DUBLIN:  Good afternoon, Your Honor.  Phil

12  Dublin, Akin Gump on behalf of Aurelius, and I'll be brief.

13          Your Honor, this case is a little different than

14  some of the other cases that have been cited where there

15  have been controls over the amount of insurance proceeds

16  that have been used for defense costs, especially in

17  circumstances where allegations of fraud have been raised,

18  especially, for example, here we have an examiner's report

19  that draws into question the conduct of pre-petition

20  management.  But similar to a case like Adelphia where,

21  clearly, defense costs were advanced, the Court,

22  nevertheless, put controls in place and have limits for how

23  much of an insurance policy could be advanced without a

24  notice being filed with the Court for a request for

25  additional amounts and then parties had an opportunity to

1    object.  That might be a circumstance that should be

2    followed -- or that might be a procedure that should be

3    followed here so there can be some checks and balances over

4    how much is being spent, because the insurance companies, as

5    in Adelphia, undoubtedly know that they're going to have to

6    write a large check at the end of the day in order to

7    resolve the issues that they're going to be facing, that

8    this Court's going to have to face in connection with the

9    ongoing litigation.

10            The only other statement I'd like to make, Your

11    Honor, is tat Mr. Bradford, in his pleading, made the

12    allegation that Bruce Baron, the noteholders' decision-tree

13    expert, did not disagree with the statements made by

14    Professor Black as to the merits of the causes of action

15    against Zell.  Obviously, Dr. Baron was not -- is not a

16    lawyer, was not retained to opine on the merits of

17    litigation, and the characterization of his testimony is

18    grossly inadequate.  Thank you, Your Honor.

19            THE COURT:  Does anyone else wish to be heard?

20    Briefly.

21            MR. SEIFE:  Briefly, Your Honor.  I just wanted

22    to clear the record as to what the committee is seeking

23    here.  We're not seeking to control the litigation.  We're

24    not seeking to disadvantage the officers and directors.  And

25    we're not seeking to shut off the spigot completely.  That

1  is not our intention.

2          But there are certain aspects of this case, which

3  are different from some of the run-of-the-mill case, which

4  Your Honor referenced.  The first, and probably most

5  important, is the litigation is stayed.  Now, we understand

6  that doesn't mean lawyers don't have to do certain things to

7  protect their clients and get ready in case litigation is

8  brought, but it does mean there should be a tempering and a

9  recognition that the litigation is stayed and there'll be

10 plenty of time for the lawyers to get geared up and to act.

11         And the second part is, when you go through each

12 of the reported decisions, the courts were not deciding this

13 issue in a vacuum.  In each and every one of them, there

14 were specific requests for payments.  When you look at, as

15 an example, Judge Gross in World Health, what was before him

16 was the payment of a settlement of $1.7 million.  So he had

17 before him the facts as to what we were talking about.  We

18 don't have the facts here.  We've been trying to ascertain

19 them from Chubb.  Maybe they haven't paid any claims to

20 date, and they're waiting for the relief from this Court,

21 but we certainly are entitled to know what the universe of

22 claims and requests for payments are.  And that, I think,

23 would dictate whether we are facing serious erosion here or

24 whether the various defendants are acting cognizant to the

25 fact that the litigation is stayed.

1          And the suggestion that we should rely on Chubb

2    to protect the estate, I think, is a fallacy.  Chubb has its

3    own interests.  They don't want to face allegations of bad

4    faith or acting improperly, and their interests may be very

5    different from the estate's interests.

6          So, Your Honor, I think it's our duty and our

7    responsibility to at least have some oversight as to the

8    magnitude of the claims that are being requested to be paid

9    here, not as a means of controlling the litigation, but a

10   means of preserving a potential asset, which could be used

11   for the creditors as a whole.

12         THE COURT:  All right.  Thank you.  Let me go

13   back to the debtor for a moment.  What has been submitted

14   for payment, and what has been paid, if anything?  Can you

15   give me a ballpark?

16         MR. SHUGRUE:  Your Honor, I don't believe

17   anything has been paid, because Chubb indicated that, prior

18   to making any payment, they would want to have the comfort

19   order issued so that they would not be potentially accused

20   of violating the automatic stay.  My understanding is that

21   Chubb has received requests for advancement of defense costs

22   of approximately $1.4 million, and that was as of, I think,

23   probably a couple weeks ago.

24         THE COURT:  All right.  I'm going to grant the

25   relief that's been requested, but I will condition it upon

1  submission of information to the committee with respect to,

2  on an ongoing basis, what's been submitted for payment and

3  what's been paid, subject to applicable privileges.

4          I would like to give the parties an opportunity

5  to talk about developing language, which implements that

6  ruling.  To the extent the parties cannot agree, let's say,

7  by the end of the week, on what that order should provide,

8  reach out to me by conference telephone, and I'll resolve

9  whatever objections there are.  If it comes to that point,

10  though, I would like you to submit competing forms of order,

11  which will articulate the various positions on it.  I'm

12  hopeful that won't be necessary.

13          Are there any questions?

14  (No audible response)

15          THE COURT:  Okay.  Is there anything further for

16  today?

17          MR. SOTTILE:  Your Honor, James Sottile for the

18  committee.

19          While I hope that the Court has had many better

20  things to think about than the post-trial briefing and the

21  confirmation hearing, we did have a brief discussion at the

22  end of Friday about what the Court would find most helpful

23  there, and I will certainly appreciate entirely if the Court

24  is not ready to have further discussions on that issue now.

25  But if the Court has given that any thought, this might be

1   an appropriate juncture to consider the matter.

2          THE COURT:  I don't have my notes in front of me,

3   but if I remember, there were -- there was a date for

4   initial submission of briefs.  May 10, I think?

5          MR. SOTTILE:  May the 6th, Your Honor --

6          THE COURT:  May 6?

7          MR. SOTTILE:  -- was the date the parties had

8   suggested would be appropriate, and --

9          THE COURT:  And then there was the dispute about

10  whether there should be replies.

11         MR. SOTTILE:  That's correct, Your Honor.

12         THE COURT:  Okay.  May 6 is okay with me.  I'm

13  not inclined, at this point, to allow replies.  I mean,

14  there's just -- there's so much paper.  I mean --

15         MR. SOTTILE:  Your Honor, I certainly

16  appreciate --

17         THE COURT:  So much has been said already.

18  (Laughter)

19         MR. SOTTILE:  I appreciate the burden, Your

20  Honor.  I would suggest that the Court might consider that a

21  way to address the reality that --

22         THE COURT:  Would be --

23         MR. SOTTILE:  -- we've loaded you down, but also

24  permit people some opportunity to respond to arguments they

25  may not entirely anticipate --

1          THE COURT:  By limiting length of submissions.

2          MR. SOTTILE:  That was what I was going to

3    suggest, Your Honor.

4          THE COURT:  I knew you were going to say that,

5    Mr. Sottile.

6    (Laughter)

7          THE COURT:  Everything's a negotiation.

8    (Laughter)

9          MR. SOTTILE:  It is bankruptcy court, Your Honor.

10         THE COURT:  What would you suggest?

11         MR. SOTTILE:  Your Honor, we would suggest no

12   more than 30 pages in the replies, if that would be

13   satisfactory to the Court.

14         THE COURT:  Okay.

15         MR. SOTTILE:  Thank you, Your Honor.  Your Honor,

16   is there any guidance that you could give us as to issues

17   you'd like us to particularly address or format of briefing

18   or anything else that might allow us to tailor it in a way

19   that would be useful to the Court?

20         THE COURT:  Not yet.  Just, I would say -- and

21   this goes to the question of whether I'll ask for proposed

22   findings and conclusions, which I have -- you asked about

23   and I haven't told you about, and I typically don't make the

24   decision about until the end of the evidentiary

25   presentations.  But you know, it's pretty much what you'd

1  expect to hear from a Court, and that is focus on what you

2  think your best arguments are, tell me why they're supported

3  in the record that's been made.  I mean, it's pretty much

4  that simple.

5          And I'll just say this in response, in part, to

6  what Mr. Bradford asked for, and that is, I think everybody

7  knows I'd like the matter to be resolved overall, and that

8  the parties should mediate when they can.  But you know, I

9  think you already know I feel that way, but I'm not going to

10 order any further mediation at this point, in connection

11 with this particular dispute.  I'm hopeful -- and is often

12 the case, if there's no global resolution by the time we get

13 to the resumed session on confirmation, it may be that some

14 of the issues can, in fact, be narrowed at the least.

15         Okay.  I'll ask again, anything further for

16 today?

17 (No audible response)

18         THE COURT:  Thank you all very much.  That

19 concludes this hearing.  Court will stand in recess.

20  (Whereupon, at 12:52 p.m., the hearing was adjourned.)

21

1                            CERTIFICATION:

2            I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6

7    _____          22 March 2011

8    Transcriber                                    Date

9

10

11

12

| Word | Page:Line |
|------|-----------|

**08-13141(kjc)**(1) 1:5

**20/30-plus**(1) 81:25

**30,000-feet**(1) 96:15

**502(b)**(9)(3) 33:11 33:14 33:16

**507(a)(8)**(1) 31:21

**509f.supp**(1) 69:12

**65-cent**(1) 80:8

**726(a)(1)**(1) 32:10

**a.m**(2) 1:15 14:1

**abeyance**(1) 90:20

**ability**(3) 48:8 93:6 99:11

**abitibibowater**(2) 13:36 13:36

**able**(15) 17:13 27:1 42:14 51:25 55:23 71:22 91:5 92:20 95:10 101:22 105:11 114:8 116:5 116:5 116:13

**about**(72) 23:21 30:10 30:18 40:5 43:17 50:1 52:10 52:22 54:15 54:16 56:12 56:15 56:19 57:5 57:6 57:19 58:1 58:4 60:1 60:7 61:20 62:17 62:18 63:10 64:20 65:19 65:23 66:2 68:16 70:23 70:23 71:25 72:1 73:12 76:11 78:6 80:7 81:1 83:19 87:15 87:17 91:6 92:11 93:22 94:3 100:24 101:24 103:25 104:3 110:6 111:13 111:7 111:20 112:12 112:18 112:25 114:9 116:1 117:11 118:1 118:16 120:10 121:7 121:9 125:17 127:5 127:20 127:22 128:9 129:22 129:23 129:24

**aboveentitled**  (1) 131:4

**absence**(1) 72:17

**absolute**(2) 65:3 72:5

**abstained**(1) 119:2

**access**(1) 110:18

**accident**(1) 15:6

**according**(1) 25:4

**accordingly**(2) 34:15 122:21

**account**(4) 40:16 76:25 85:24 98:7

**accurate**(2) 35:18 64:8

**accurately**(1) 39:20

**accuse**(1) 72:3

**accused**(1) 126:19

**achieved**(1) 82:18

**acquit**(1) 49:22

**act**(1) 125:10

**acting**(2) 125:24 126:4

**action**(34) 25:24 28:2 30:1 37:16 38:6 39:11 40:9 40:20 46:5 46:10 46:10 49:14 51:17 51:18 51:24 53:9 53:10 53:22 55:2 67:18 83:24 84:1 84:2 84:21 85:7 85:20 85:21 90:22 91:2 108:18 114:15 114:16 119:3 124:14

**actions**(10) 20:15 20:17 43:19 47:1 75:3 81:15 99:12 112:5 113:14 119:24

**actual**(10) 20:4 34:16 57:10 64:19 66:4 67:1 68:2 83:16 84:16 87:10

**actually**(26) 24:11 24:24 36:1 41:12 46:8 51:19 52:14 53:18 59:5 59:25 72:10 79:22 85:17 87:19 90:24 91:11 93:14 105:18 110:14 111:12 111:14 112:11 112:13 112:16 115:17 116:21

**add**(6) 20:10 23:15 32:14 39:19 40:1 113:

**added**(3) 33:16 94:18 101:8

**addenda**(1) 16:25

**addition**(5) 20:10 28:12 40:2 41:16 61:5

**additional**(8) 23:12 39:2 39:9 40:6 77:6 77:6 115:16 123:25

**address**(19) 32:24 37:20 43:16 44:19 47:1 53:20 64:5 68:23 69:4 73:1 88:1 93:24 97:17 99:15 102:9 117:12 119:24 128:21 129:17

**addressed**(5) 34:17 41:23 51:19 106:12 122:3

**addresses**(3) 27:21 27:25 70:17

**addressing**(2) 38:20 43:15

**adelman**(1) 10:6

**adelphia**(2) 123:20 124:5

**adequately**(4) 40:13 54:22 54:23 98:18

**adjourned**(2) 14:13 130:20

**adjournment**(2) 95:22 103:11

**adjudicate**(1) 52:13

**adjustment**(1) 17:8

**adler**(2) 4:12 11:5

**administered**(2) 29:20 66:12

**administrativ**(1) 15:9

**administrator**(2) 29:21 30:16

**admitted**(3) 108:25 113:20 119:17

**adopt**(1) 58:18

**advance**(4) 16:20 105:17 109:9 113:3

**advanced**(5) 111:14 111:21 111:23 123:21 123:23

**advancement**(4) 103:6 109:2 109:14 126:2

**advantage**(1) 96:7

**adversary**(1) 60:7

**advidity**(1) 13:24

**advise**(2) 29:3 116:8

**advisement**(2) 27:15 37:2

**affect**(2) 15:24 79:4

**affected**(2) 80:5 105:23

**affecting**(2) 67:25 68:1

**affidavit**(1) 37:25

**affiliates**(1) 120:1

**affirmatively**(1) 49:21

**affirmed**(1) 24:2

**afoul**(1) 42:15

**after**(12) 22:15 23:18 24:23 29:12 31:15 32:9 38:2 48:15 66:5 67:19 81:25 97:8

**afternoon**(5) 103:9 108:24 113:10 119:16 123:11

**again**(30) 21:1 36:10 37:16 38:4 39:11 42:10 47:5 57:11 59:21 65:6 66:23 68:10 69:24 75:6 75:14 75:14 75:25 77:8 77:14 83:8 84:5 84:14 95:2 95:17 100:9 101:11 112:2 116:23 119:12 130:15

**against**(25) 28:10 28:10 28:14 30:11 31:7 31:14 36:2 42:24 43:8 47:20 48:1 48:5 66:4 75:23 76:15 77:23 86:8 88:16 88:20 90:15 94:12 95:3 98:3 108:1 124:15

**agenda**(12) 14:8 14:21 15:2 16:3 17:7 28:1 30:25 37:10 37:12 42:7 102:6 102:1

**agent**(1) 6:22

**agents**(1) 51:3

**ago**(3) 106:11 106:11 126:23

**agree**(18) 22:24 23:2 23:11 23:17 40:24 48:17 48:25 57:12 63:7 69:22 78:5 96:2 97:21 99:16 113:3 115:1 115:19 127:6

**agreed**(8) 29:25 48:17 59:11 62:9 102:16 102:18 102:18 102:24

**agreement**(6) 2:10 51:23 79:9 79:10 79:12 93:23

**agrees**(1) 59:5

**ahead**(3) 18:4 44:10 60:13

**ain't**(1) 22:11

**air**(2) 119:23 120:24

**akin**(4) 3:25 9:37 42:9 123:12

**alacrity**(1) 25:23

**albeit**(2) 45:10 60:17

**albert**(1) 14:25

**alberto**(19) 6:4 32:20 32:21 33:5 33:8 33:13 34:8 35:4 35:17 35:22 35:24 36:16 36:19 36:22 36:25 37:3 37:7 101:25 102:4

**albertson's**(1) 16:11

**alj**(1) 36:6

**all**(81) 14:2 14:4 14:11 17:19 17:24 21:4 21:7 21:23 22:18 22:19 22:23 23:11 23:20 27:14 27:23 28:4 30:19 36:13 36:25 37:1 38:4 39:6 39:13 39:16 40:12 40:24 41:7 41:9 43:16 47:1 50:11 51:7 55:14 58:13 58:22 62:5 66:2 66:13 66:18 67:7 68:10 69:2 71:25 72:9 72:14 76:15 77:8 82:9 86:9 86:18 86:22 88:3 89:14 93:19 93:20 94:15 95:1 96:4 97:15 97:23 99:1 99:3 99:3 100:2 102:8 103:17 107:1 107:17 107:23 108:3 108:4 109:21 113:13 115:2 120:4 120:15 120:17 122:18 126:12 126:2 130:18

**allegation**(5) 28:17 63:16 94:20 94:23 124:12

**allegations**(4) 18:13 119:9 123:17 126:3

**allege**(1) 62:12

**alleged**(8) 18:22 18:22 19:5 19:23 20:6 20:22 41:22 103:23

**alleges**(1) 19:17

**alleging**(1) 43:23

**allen**(2) 13:4 28:2

**allied**(2) 104:7 112:7

**allison**(1) 8:25

**allow**(16) 5:12 16:20 23:11 37:20 40:25 47:15 63:13 66:10 83:14 109:18 109:22 113:2 115:5 115:10 128:13 129:18

**allowance**(1) 15:8

**allowed**(5) 34:24 40:1 40:16 109:14 109:1

**allowing**(2) 39:12 109:8

**almost**(4) 67:16 84:21 106:3 120:4

**along**(4) 25:22 26:4 30:17 52:23

**already**(10) 39:23 51:14 65:24 67:21 68:2 69:20 120:6 122:23 128:17 130:9

**also**(20) 15:17 18:22 20:3 20:20 25:11 28:13 30:9 30:13 49:16 74:23 77:18 83:5 89:1 102:20 112:10 112:11 116:8 117:21 118:22 128:23

**alston**(1) 12:43

**alternative**(2) 11:24 11:25

**although**(7) 17:14 18:20 26:8 45:3 55:6 58:2 61:22

**always**(12) 38:12 54:23 60:15 87:10 87:11 87:12 93:5 93:5 93:17 106:2 106:2 110:6

**amend**(1) 15:21

**amended**(3) 79:11 79:18 98:2

**amending**(1) 59:13

**amendmen**(2) 32:3 32:4

**amendments**(1) 31:17

**america**(3) 7:36 7:42 51:2

**americas**(2) 2:29 6:24

**amit**(1) 10:32

**among**(2) 29:4 29:19

**amongst**(1) 98:21

**amount**(7) 28:12 28:15 31:19 57:23 79:13 106:23 123:15

**amounts**(5) 15:11 29:11 29:23 116:11 123:25

**amy**(2) 8:39 11:35

**analogous**(2) 51:20 52:1

**analogy**(1) 58:1

**analysis**(5) 70:2 70:4 72:5 89:7 115:21

**and**(301) 13:19 14:9 14:15 14:18 14:19 14:22 14:25 15:6 15:14 15:22 15:24 16:5 16:11 16:16 16:19 16:20 16:21 16:21 16:25 17:8 17:11 17:14 17:17 18:11 18:22 19:3 19:4 19:7 19:9 19:21 20:4 20:10 20:15 20:18 20:22 21:1 21:5 21:13 21:16 21:20 21:21 21:25 22:3 22:10 22:11 22:12 22:13 22:14 22:23 23:2 23:8 23:10 23:12 23:14 23:18 23:19 23:21 23:21 23:22 24:2 24:12 24:18 24:22 24:25 25:18 25:20 25:23 26:4 26:6 26:8 26:25 27:4 27:15 28:1 28:7 28:9 28:10 28:16 28:22 29:1 29:3 29:9 29:10 29:15 29:19 29:20 29:21 29:24 30:1 30:2 30:8 30:13 30:14 30:15 30:15 31:1 31:5 31:11 31:16 32:1 32:3 32:19 33:1 33:8 33:10 33:22 33:25 34:8 34:15 35:1 35:12 35:12 35:25 36:2 36:6 36:8 37:17 37:24 37:25 38:9 38:23 39:5 39:5 39:6 39:11 40:4 40:7 40:10 40:24 41:1 41:2 41:3 41:15 41:17 41:21 41:25 42:7 42:11 42:20 43:1 43:5 43:6 43:15 43:16 44:25 45:3 45:4 45:12 46:12 46:15 46:15 47:9 47:13 47:13 47:16 47:22 48:2 48:10 48:25 49:20 49:22 50:14 50:17 50:18 50:21 50:23 50:24 50:25 51:2 51:2 51:3 51:5 51:15 51:18 51:19 51:23 52:3 52:13 52:25 53:2 53:11 53:14 53:20 54:2 54:9 54:17 54:22 54:24 54:25 55:2 55:7 55:17 55:17 55:19 55:21 55:21 55:23 55:25 56:3 56:6 56:10 56:12 56:18 56:23 56:24 57:2 57:5 57:5 57:7 57:8 57:10 57:15 57:19 57:21 57:24 58:1 58:3 58:10 58:11 58:18 58:19 58:25 59:3 59:11 59:12 59:15 59:24 60:4 60:6 60:8 60:11 60:13 60:17 61:17 61:21 61:25 63:4 63:5 63:6 63:7 63:17 63:21 63:23 64:9 64:11 64:24 65:2 65:9 65:20 65:23 66:2 66:10 66:15 66:16 66:23 67:19 67:20 68:7 68:13 68:18 68:19 69:3 69:5 69:11 69:22 70:1 71:3 71:15 72:7 72:7 72:10 72:14 73:7 73:12 73:4 73:17 73:11 73:25 74:12 74:17 75:5 75:7 75:8 75:16 75:23 76:7 77:4 77:5 77:12 77:20 77:21 78:4 78:5 78:16 78:17 78:19 79:1 79:4 79:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**and**(301) 79:11 79:12 79:14 79:17 79:18 80:4 80:5 80:6 80:9 80:10 80:10 80:15 80:20 80:25 81:2 81:3 81:11 81:15 81:16 81:18 81:20 81:21 81:25 82:2 82:4 82:5 82:8 82:10 82:15 82:18 83:4 83:9 83:20 83:22 84:3 84:4 84:5 84:6 84:8 84:22 85:3 86:5 86:6 86:14 86:18 86:21 87:3 87:5 87:8 87:10 87:12 87:15 88:3 88:21 88:23 89:4 89:12 89:15 89:25 90:5 90:10 90:15 90:21 90:22 91:11 91:12 91:15 91:16 91:22 92:1 92:8 92:11 92:11 92:14 92:17 92:20 92:22 93:1 93:12 94:5 94:13 94:17 94:18 94:20 94:21 94:25 95:1 95:4 95:6 95:8 95:15 96:1 96:4 96:10 96:10 96:19 96:21 96:22 96:23 97:5 97:10 97:19 97:22 97:23 97:24 97:25 98:1 98:6 98:7 98:11 98:11 98:12 98:14 98:15 98:19 98:23 98:24 99:5 99:14 99:16 99:19 99:25 100:11 100:22 101:1 101:2 101:9 101:10 101:22 102:6 102:16 102:18 102:24 103:2 102:4 104:4 104:5 104:6 104:10 104:12 104:13 105:5 105:8 105:21 105:23 106:3 106:7 106:9 106:15 106:17 106:19 106:21 107:1 107:3 107:5 107:10 107:11 107:15 107:15 107:19 107:25 108:4 108:4 108:6 108:11 108:14 108:17 108:19 109:1 109:6 109:7 109:10 109:13 109:14 109:16 109:17 109:21 109:24 110:1 110:3 110:5 110:6 110:7 110:13 110:16 110:21 110:24 111:1 111:11 111:12 111:18 112:1 112:6 112:6 112:10 112:12 112:21 112:22 112:23 113:2 113:12 113:20 113:24 114:1 114:2 114:3 114:11 114:17 114:19 115:4 115:21 116:17 116:19 116:22 116:23 117:12 117:9 117:14 117:14 117:19 117:21 118:4 118:9 118:12 118:13 118:17 118:20 118:25 119:7 119:8 119:13 119:18 119:18 119:20 119:21 120:1 120:1 120:7 120:8 120:18 120:23 120:24 121:1 121:4 121:11 121:23 122:1 122:2 122:3 122:6 122:7 122:8 122:11 122:17 122:18 122:22 123:1 123:5 123:5 123:7 123:12 123:22 123:25 124:3 124:17 124:24 124:24 125:4 125:7 125:8 125:9 125:10 125:11 125:13 125:20 125:22 125:22 126:4 126:6 126:14 126:17 127:2 127:8 127:20 127:21 128:8 128:9 129:20 129:22 129:23 129:23 130:1 130:5 130:6

**and**(2) 130:7 130:11

**anderson**(1) 2:9

**andrew**(5) 7:27 9:16 9:18 12:37 13:9

**angelo**(1) 2:9

**anna**(2) 10:12 10:12

**annulling**(1) 96:23

**answer**(8) 32:16 36:11 36:12 44:18 50:8 58:11 76:2 120:12

**answered**(1) 105:3

**answers**(1) 103:22

**anthony**(1) 12:10

**anticipate**(2) 29:6 128:25

**any**(88) 20:21 20:25 24:7 26:1 26:15 26:25 27:10 28:23 29:23 32:16 33:3 34:13 34:13 37:20 42:2 43:4 45:23 46:3 46:5 49:12 58:11 59:10 59:14 61:18 63:20 64:16 64:16 69:4 70:18 70:18 71:18 71:24 72:15 74:20 74:22 75:25 76:2 76:10 77:19 82:7 83:24 83:24 84:8 86:6 86:24 88:8 88:8 88:21 88:24 88:25 89:19 89:19 89:20 92:5 92:6 92:9 92:9 92:22 93:22 95:7 97:23 98:3 98:5 98:6 99:18 99:24 100:25 101:5 101:10 101:13 101:24 102:1 106:15 108:10 112:17 112:19 112:19 112:23 115:7 116:5 117:23 125:19 126:18 127:13 127:25 129:16 130:10

**anybody**(10) 36:17 50:6 60:12 60:22 64:13 86:18 87:8 90:5 90:24 91:10

**anybody's**(1) 101:11

**anymore**(2) 72:7 86:8

**anyone**(9) 17:20 30:20 58:14 72:22 73:5 78:1 100:10 117:4 124:19

**anything**(11) 32:14 36:24 39:13 77:15 84:13 91:16 126:14 126:17 127:15 129:18 130:15

**anyway**(2) 94:7 105:2

**anywhere**(1) 26:1

**apologize**(2) 95:17 96:23

**apparent**(1) 19:1

**appeal**(8) 21:15 21:25 23:25 24:2 27:19 65:11 69:22 69:23

**appealing**(1) 24:15

**appeals**(6) 21:16 21:17 21:21 22:13 24:19 25:4

**appear**(4) 27:1 27:12 27:13 32:8

**appearances**(7) 7:9 8:1 9:1 10:1 11:1 12:2 13:1

**appeared**(2) 92:16 108:4

**appearing**(3) 45:1 59:22 108:5

**appears**(1) 107:24

**appended**(1) 79:10

**applicability**(3) 34:13 53:22

**applicable**(7) 33:21 33:22 34:3 53:8 57:9 71:14 127:3

**application**(2) 15:25 96:25

**applied**(2) 34:14 34:22

**applies**(2) 62:14 115:5

**apply**(5) 57:6 59:9 59:14 69:21 100:20

**appoint**(1) 26:18

**appreciate**(6) 30:19 35:7 93:4 127:23 128:16 128:19

**appreciates**(1) 50:5

**apprise**(1) 30:17

**approach**(1) 39:6

**approaches**(1) 75:16

**appropriate**(16) 41:18 46:22 58:9 65:2 71:20 85:21 90:11 92:19 100:12 110:7 110:7 118:13 118:15 118:18 128:1 128:8

**approval**(1) 29:7

**approved**(1) 120:6

**approximately**(5) 29:16 31:15 31:19 32:2 32:3 77:3 83:2 126:22

**april**(11) 14:16 14:23 15:3 15:7 15:9 15:11 15:13 15:16 77:14 79:8 101:20

**architects**(1) 47:12

**architecture**(1) 97:11

**are**(147) 14:16 14:19 15:1 15:7 18:10 18:12 19:10 20:16 22:14 22:24 24:6 24:7 29:3 31:5 35:18 38:13 39:21 40:9 42:2 43:22 45:11 46:15 46:15 49:3 49:4 50:5 50:9 52:8 52:10 52:13 52:18 52:19 54:9 54:10 55:11 55:15 56:25 57:1 57:6 60:16 60:18 61:25 62:1 62:10 62:24 64:20 64:25 65:20 66:12 66:18 66:21 67:7 68:22 69:15 70:12 72:11 72:14 74:13 74:15 74:18 75:1 75:25 76:16 77:12 78:15 79:4 79:7 80:4 80:5 80:11 81:11 81:17 81:24 81:25 82:12 83:22 83:22 84:22 86:16 87:20 90:11 91:6 92:8 94:16 95:2 95:3 95:6 96:17 97:3 100:17 101:13 102:19 103:15 104:11 104:13 105:20 105:20 105:23 106:16 106:17 107:10 108:8 108:13 108:16 109:11 109:12 109:15 109:24 110:3 110:3 110:9 110:9 110:23 111:19 111:21 112:2 112:13 112:20 112:21 113:1 113:2 113:11 113:18 114:13 115:6 115:6 115:8 116:17 116:18 118:7 119:23 119:24 120:17 120:20 120:23 120:25 125:2 125:3 125:21 125:22 125:23 125:24 126:8 127:9 127:13 130:2

**aren't**(8) 82:11 112:15 112:16 116:18 120:25 121:1 123:5 123:6

**arguably**(2) 81:17 99:4

**argue**(5) 60:15 62:17 77:10 89:14 91:5

**argued**(1) 69:20

**argument**(26) 32:24 32:25 33:3 33:19 34:16 34:21 36:1 38:10 46:9 51:15 53:12 53:15 54:23 56:20 58:9 63:20 64:1 64:5 65:10 76:10 87:4 89:1 112:2 112:5 113:23 121:8

**arguments**(8) 32:15 51:14 58:18 88:2 101:7 112:10 128:24 130:2

**argument's**(1) 106:2

**arif**(1) 11:44

**arises**(1) 84:21

**arm**(2) 66:2 66:2

**army**(1) 63:11

**arose**(1) 91:15

**around**(4) 40:7 53:14 78:22 91:16

**arounds**(1) 70:4

**arps**(1) 9:26

**arrangement**(1) 52:4

**arrangers**(1) 51:3

**arrowgrass**(2) 11:42 11:42

**arthur**(1) 12:6

**article**(1) 20:19

**articles**(7) 19:14 19:16 20:11 20:12 20:16 22:22 23:18

**articulate**(1) 127:11

**articulated**(1) 41:4

**asbestos**(1) 122:12

**ascertain**(1) 125:18

**ashley**(1) 7:6

**aside**(4) 38:19 80:12 103:23 106:16

**ask**(26) 17:20 21:5 21:23 22:3 22:16 22:24 26:18 27:20 41:7 41:24 43:10 43:16 63:25 72:10 75:20 80:25 81:3 82:15 96:14 97:2 103:7 116:19 117:2 129:21 130:15

**asked**(7) 21:19 26:25 62:9 98:17 105:11 129:22 130:6

**asking**(11) 21:24 61:21 61:24 62:1 65:7 72:20 82:9 96:17 99:6 115:7 115:8

**asm**(1) 15:6

**aspect**(2) 38:20 75:11

**aspects**(1) 125:2

**assert**(5) 32:9 56:16 88:4 92:10 101:12

**asserted**(4) 31:20 38:15 47:25 91:19

**assertion**(1) 56:20

**asset**(3) 108:20 109:15 126:10

**assets**(6) 41:17 66:21 67:7 69:13 94:11

**assume**(3) 48:12 105:10 105:11

**assuming**(2) 39:6 85:19

**assure**(1) 55:19

**asylum**(1) 4:19

**atamian**(1) 10:34

**attached**(2) 25:9 97:18

**attaches**(1) 19:14

**attacked**(1) 85:1

**attempt**(2) 57:13 57:14

**attend**(1) 121:11

**attended**(2) 41:21 117:17

**attorney**(1) 29:15

**attorneys**(1) 29:14

**audible**(4) 30:22 101:14 127:14 130:17

**aurelius**(31) 3:25 9:30 9:31 10:4 15:19 16:16 42:7 42:22 44:11 44:6 44:7 48:21 49:25 52:22 54:15 58:7 58:19 59:15 64:6 66:2 123:12

**aurelius'**(1) 114:6

**austin**(5) 1:24 8:8 16:25 17:5 102:12

**authorities**(2) 20:18 20:18

**authority**(1) 70:19

**authorization**(1) 76:1

**automatic**(7) 16:20 42:16 52:25 55:2 62:13 96:25 126:20

**availability**(3) 111:5 118:16 118:18

**available**(10) 17:12 26:15 39:10 58:11 106:25 112:4 112:17 118:3 118:5 118:7

**ave**(3) 1:35 5:28 6:18

**avenue**(7) 2:29 2:36 4:25 5:7 6:5 6:24 7:6

**avid**(1) 64:18

**avoid**(14) 45:6 45:13 51:11 61:12 64:17 68:3 68:10 68:11 74:3 74:4 74:8 74:14 89:16 98:25

**avoidable**(1) 17:7

**avoidance**(8) 43:19 46:5 53:10 74:5 74:9 74:16 75:3 98:5

**avoided**(2) 45:11 76:22

**aware**(6) 24:6 36:8 46:3 60:12 63:18 83:6

**away**(5) 48:10 55:7 90:18 104:15

**awful**(1) 18:25

**back**(20) 28:1 34:18 45:8 51:11 67:21 67:22 67:23 69:9 70:21 73:23 76:2 77:8 79:8 80:10 80:13 81:3 82:4 87:1 96:19 126:13

**bad**(1) 126:3

**bade**(1) 19:13

**bait**(1) 122:4

**balance**(1) 29:17

**balances**(2) 109:24 124:3

**balancing**(1) 40:14

**bale**(1) 7:33

**ballpark**(4) 64:23 107:19 107:22 126:15

**banc**(2) 4:23 12:13

**bank**(7) 7:36 7:42 10:15 11:4 11:38 15:23 51:2

**bankruptcy**(30) 1:1 1:20 25:18 25:19 25:22 26:3 27:11 32:11 34:10 36:18 38:16 40:24 42:21 44:11 47:6 47:15 64:17 65:22 66:13 69:17 74:10 75:6 90:13 90:21 100:15 109:13 109:17 120:6 122:12 129:9

**bar**(15) 31:6 31:12 31:14 31:15 32:9 36:1 36:6 37:19 37:24 38:1 38:3 40:21 43:3 53:11 100:18

**barber**(1) 24:12

**barclays**(3) 2:27 10:31 15:23

**bargained**(1) 80:15

**barker**(1) 7:6

**barnes**(1) 2:4

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **baron**(9) 51:21 56:6 56:7 68:7 68:13 69:9 69:17 124:12 124:15 | | **believes**(2) 38:25 88:23 | | **broadspire**(1) 15:15 | | **can't**(4) 96:7 105:5 121:5 122:17 | |
| | | **belong**(1) 58:24 | | **broadway**(1) 5:43 | | **cap**(1) 111:24 | |
| **barry**(1) 6:41 | | **bench**(1) 35:13 | | **brockius**(1) 12:13 | | **capacity**(1) 77:22 | |
| **base**(1) 63:20 | | **bendernagel**(1) 8:13 | | **broom**(1) 4:6 | | **capital**(15) 7:31 7:31 9:30 9:31 10:4 10:22 | |
| **baseball**(2) 31:10 56:3 | | **beneficial**(1) 30:6 | | **brought**(20) 43:4 45:6 46:16 50:11 51:25 | | 10:23 11:18 11:25 11:25 11:42 14:15 42:10 | |
| **based**(9) 18:12 19:1 20:15 25:24 61:12 | | **benefit**(5) 30:9 66:13 96:9 115:20 118:21 | | 52:14 57:18 59:14 62:11 67:24 68:3 70:20 | | 59:1 59:2 | |
| 65:1 66:25 83:25 85:7 | | **benefits**(1) 82:1 | | 80:2 86:9 90:23 92:22 92:22 99:1 107:21 | | | |
| | | **bennett**(2) 11:9 13:24 | | 125:8 | | **caption**(1) 15:8 | |
| **basic**(5) 37:13 40:14 98:21 114:21 115:4 | | **benson**(2) 5:40 82:25 | | **brown**(10) 4:17 10:31 12:19 37:8 37:9 | | **cards**(1) 80:3 | |
| **basically**(4) 35:16 38:9 45:22 94:16 | | **best**(4) 21:1 54:20 102:17 130:2 | | 38:11 38:22 39:15 42:3 58:16 | | **care**(1) 21:8 | |
| **basis**(21) 19:4 20:7 22:24 28:16 33:15 | | **better**(5) 50:6 71:6 81:5 119:19 127:19 | | | | **careful**(1) 112:12 | |
| 37:18 39:11 67:10 73:16 86:5 87:1 87:20 | | **between**(11) 29:25 40:10 47:1 47:8 51:23 | | **bruce**(2) 11:9 124:12 | | **carefully**(1) 35:20 | |
| 88:7 88:19 88:24 89:19 104:11 108:13 | | 63:4 68:21 83:19 83:20 86:1 111:20 | | **bryan**(1) 8:15 | | **cares**(1) 70:23 | |
| 109:5 119:4 127:2 | | | | **bryant**(1) 3:28 | | **carey**(2) 1:19 17:19 | |
| | | **beyond**(2) 120:22 122:22 | | **build**(1) 81:7 | | **carlyle**(1) 4:23 | |
| **baskin**(2) 7:4 79:1 | | **big**(4) 68:6 81:20 106:15 120:25 | | **building**(2) 2:14 5:13 | | **carol**(4) 7:33 12:40 12:40 102:15 | |
| **bayard**(2) 6:3 32:21 | | **bigelow**(2) 6:9 51:4 | | **built**(3) 41:20 98:9 100:17 | | **carroon**(1) 2:19 | |
| **bear**(4) 19:24 35:1 35:2 35:7 | | **billion**(2) 63:10 64:21 84:16 85:22 86:5 | | **bulk**(2) 31:9 66:20 | | **carve**(1) 87:18 | |
| **bearing**(2) 27:10 83:14 | | 114:18 | | **bunch**(2) 66:16 71:21 | | **carving**(1) 81:9 | |
| **bears**(1) 20:3 | | | | **burden**(5) 19:24 20:3 39:25 81:18 128:19 | | **case**(92) 1:5 6:22 22:15 23:10 23:12 24:23 | |
| **became**(2) 109:3 110:11 | | **billion-dollar**(1) 82:12 | | **burdens**(1) 57:2 | | 24:23 24:25 27:6 27:8 27:19 34:9 34:10 | |
| **because**(54) 21:19 21:24 22:4 22:6 24:17 | | **bills**(3) 109:18 109:19 110:5 | | **burning**(1) 40:3 | | 34:11 34:13 34:17 35:9 38:16 40:21 43:5 | |
| 25:3 30:7 34:23 36:11 38:4 41:11 43:22 | | **binder**(1) 25:6 | | **burns**(1) 11:26 | | 45:25 46:12 51:20 51:23 53:8 53:18 54:5 | |
| 45:9 45:18 47:18 55:3 59:1 60:20 67:7 | | **bingham**(1) 11:29 | | **bush**(1) 7:26 | | 54:17 55:16 55:18 56:6 56:7 56:11 56:24 | |
| 67:20 67:24 68:1 70:9 73:11 74:19 75:14 | | **bird**(2) 5:34 12:43 | | | | 56:24 57:19 64:16 64:22 65:1 66:8 67:15 | |
| 76:13 77:14 79:25 80:3 82:13 84:17 86:12 | | **birmingham**(1) 6:39 | | **business**(5) 31:9 37:4 79:23 86:25 111:8 | | 67:16 68:7 68:8 68:19 69:9 69:11 69:11 | |
| 86:24 89:3 91:1 92:23 93:17 95:2 96:15 | | **bit**(7) 38:17 44:10 46:23 50:18 55:11 | | **but**(153) 16:14 18:25 20:1 23:13 24:5 | | 69:22 69:23 70:1 70:10 70:11 70:12 70:17 | |
| 100:1 100:8 100:24 103:24 105:19 108:20 | | 80:18 114:24 | | 24:6 24:13 24:24 25:16 25:24 26:14 26:22 | | 70:18 73:11 79:5 79:6 81:24 82:2 84:11 | |
| 116:7 120:15 121:6 121:8 121:12 121:24 | | | | 27:12 29:9 29:21 30:17 32:9 32:15 34:14 | | 84:22 85:4 85:5 85:8 89:21 90:17 90:21 | |
| 124:4 126:17 | | **blabey**(1) 11:18 | | 34:16 35:3 35:8 35:10 35:14 36:3 36:4 | | 91:14 91:16 92:23 96:4 104:4 106:5 109:6 | |
| | | **black**(5) 106:10 106:17 115:14 119:4 | | 36:12 36:22 38:11 38:18 38:19 38:20 41:7 | | 109:9 112:7 113:17 114:2 114:20 115:21 | |
| **become**(2) 54:14 74:20 | | **blackline**(1) 90:1 | | 41:23 41:24 42:13 43:16 44:3 44:20 46:20 | | 115:22 120:18 120:20 122:6 123:13 123:20 | |
| **becomes**(2) 58:8 75:15 | | **blake**(1) 2:12 | | 46:21 47:22 48:5 48:15 49:9 50:19 51:9 | | 125:2 125:3 125:7 130:12 | |
| **bedfellows**(2) 44:11 47:6 | | **blank**(1) 110:4 | | 52:16 54:16 55:11 55:24 58:4 58:20 60:14 | | | |
| **been**(76) 14:10 14:13 16:4 18:15 20:6 | | **block**(2) 6:34 12:36 | | 60:21 61:15 61:20 62:4 62:21 62:23 63:14 | | **cases**(25) 26:3 51:21 51:16 51:19 53:5 | |
| 20:23 21:3 31:18 35:10 38:12 39:20 41:10 | | **board**(1) 9:25 | | 63:22 64:2 64:4 65:1 65:11 66:19 66:20 | | 55:13 55:15 60:21 61:18 64:25 67:17 70:1 | |
| 43:4 45:6 47:7 50:21 56:2 56:8 57:24 | | **bob**(1) 2:41 | | 67:3 67:16 68:24 69:3 69:3 69:24 70:10 | | 84:20 84:21 104:1 104:6 105:19 106:9 | |
| 60:14 60:25 65:25 68:2 69:4 70:5 79:3 | | **body**(2) 43:14 100:3 | | 70:14 70:22 71:12 73:21 75:4 76:6 76:18 | | 107:2 109:12 115:24 120:5 120:14 120:19 | |
| 82:20 82:25 87:12 88:18 90:19 90:22 | | **boelter**(1) 1:27 | | 77:8 79:5 79:13 80:4 81:6 81:10 82:13 | | 123:14 | |
| 98:20 101:9 101:10 101:15 106:13 107:4 | | **boil**(1) 18:25 | | 82:20 84:5 84:14 84:25 86:2 86:11 86:17 | | | |
| 107:17 108:10 108:10 109:9 111:14 111:1 | | **bondholders**(1) 55:3 | | 87:6 87:18 88:14 91:20 91:22 91:23 92:19 | | **cash**(10) 73:6 73:12 75:25 76:16 77:6 77:8 | |
| 112:10 113:13 114:12 115:25 116:2 116:6 | | **both**(18) 14:16 14:19 15:1 15:7 18:15 | | 93:4 93:11 93:15 94:16 95:22 96:12 99:6 | | 88:13 88:15 88:19 88:21 | |
| 116:5 117:22 117:24 118:23 118:24 118:2 | | 29:25 30:14 40:3 41:23 45:18 47:12 52:2 | | 99:11 100:9 100:19 100:21 101:21 103:18 | | | |
| 119:21 120:2 120:7 120:9 120:13 121:15 | | 66:5 68:22 68:25 73:1 87:11 97:18 | | 103:20 104:13 105:6 105:16 105:18 105:22 | | **cassey**(1) 13:25 | |
| 122:11 123:14 123:15 123:16 123:17 | | | | 111:19 113:21 114:9 114:24 116:8 118:1 | | **cause**(11) 40:13 41:10 46:9 46:10 51:17 | |
| 125:18 126:13 126:14 126:17 126:25 127:2 | | **bother**(1) 51:1 | | 119:22 120:20 121:5 121:13 121:20 121:23 | | 67:18 85:20 85:21 90:22 114:15 114:16 | |
| 127:3 128:17 130:3 | | **bottom**(2) 88:11 110:12 | | 122:11 123:20 125:2 125:8 125:21 126:9 | | | |
| | | **bouchard**(1) 6:15 | | 126:25 127:25 128:3 128:25 129:25 130:8 | | **causes**(6) 51:24 55:20 84:20 85:7 108:14 | |
| **before**(35) 1:19 23:25 24:19 28:25 36:5 | | **bove**(1) 5:11 | | 130:9 | | 124:14 | |
| 37:4 57:12 61:8 61:10 65:4 65:22 73:5 | | **bradford**(18) 6:35 72:24 72:24 76:13 | | | | | |
| 74:2 74:6 74:9 74:16 75:3 75:5 83:18 | | 77:25 88:11 88:15 89:1 92:15 93:21 94:2 | | **buy**(1) 88:20 | | **cede**(1) 42:7 | |
| 84:10 87:12 89:9 94:1 94:17 98:15 98:25 | | 94:8 94:10 113:7 117:6 117:6 124:11 | | **cake**(1) 48:2 | | **ceded**(1) 90:19 | |
| 99:1 104:8 107:2 112:10 116:23 117:22 | | 130:6 | | **calculated**(1) 54:20 | | **center**(1) 6:42 | |
| 119:7 125:15 125:17 | | | | **calculating**(1) 79:14 | | **centered**(1) 91:16 | |
| | | **bradford's**(1) 89:6 | | **calendar**(1) 101:18 | | **cerasia**(1) 9:10 | |
| **beforehand**(1) 81:1 | | **brady**(1) 2:13 | | **call**(3) 45:23 50:19 119:18 | | **certain**(14) 5:10 18:20 23:15 24:24 25:20 | |
| **beginning**(1) 115:13 | | **brandywine**(1) 2:14 | | **called**(4) 24:12 48:21 51:6 86:2 | | 28:19 32:12 58:9 78:3 78:11 81:10 98:23 | |
| **behalf**(25) 14:6 17:5 17:21 28:7 32:21 | | **brass**(1) 11:22 | | **calling**(1) 64:18 | | 125:2 125:6 | |
| 37:9 39:18 42:5 43:8 43:8 44:25 45:5 | | **break**(2) 41:6 102:6 | | **calls**(1) 28:18 | | | |
| 52:6 58:16 58:23 61:10 72:25 78:3 83:1 | | **brennecke**(1) 6:17 | | **campanaric**(1) 9:28 | | **certainly**(17) 46:18 51:9 54:19 65:5 66:20 | |
| 94:13 109:1 111:18 117:7 118:24 123:12 | | **bridge**(2) 6:22 48:13 101:6 | | **can**(47) 22:17 24:13 25:1 26:7 26:20 | | 83:21 85:14 87:12 94:10 95:15 102:3 | |
| | | **brief**(11) 17:8 48:20 53:2 59:12 73:9 | | 27:12 27:18 28:3 35:15 36:22 38:15 49:11 | | 105:5 108:17 117:14 125:21 127:23 128:15 | |
| **behind**(2) 36:1 44:17 | | 82:24 90:9 95:19 95:22 123:12 127:21 | | 49:17 53:12 56:24 58:2 62:24 70:24 72:2 | | | |
| **being**(31) 29:5 32:25 45:11 52:8 56:12 | | | | 72:7 81:6 85:17 85:23 85:25 86:23 87:6 | | **certainty**(1) 36:2 | |
| 56:17 59:6 60:7 60:12 62:9 64:14 | | **briefed**(2) 60:19 119:21 | | 87:18 90:6 91:19 92:22 94:5 97:7 99:1 | | **certification**(3) 16:3 103:1 131:1 | |
| 67:12 72:1 80:5 80:11 85:1 87:20 95:10 | | **briefing**(2) 127:20 129:17 | | 100:14 107:15 114:11 114:11 114:19 | | **certify**(2) 28:8 131:2 | |
| 98:17 101:4 106:16 108:13 111:21 111:24 | | **briefly**(9) 28:3 29:9 32:18 32:25 64:10 | | 115:11 116:20 116:20 116:21 118:6 124:3 | | **cetera**(2) 78:12 80:12 | |
| 120:19 121:1 123:8 123:24 124:4 126:8 | | 93:21 115:12 124:20 124:21 | | 126:14 130:8 130:14 | | **chadbourn**(4) 3:11 7:12 54:12 103:10 | |
| | | | | | | **challenge**(4) 66:11 70:25 104:12 107:8 | |
| **belief**(1) 19:1 | | **briefs**(3) 113:20 120:16 128:4 | | **can't**(2) 35:8 36:3 | | **challenged**(1) 60:22 | |
| **belies**(1) 67:22 | | **brigade**(1) 10:22 10:23 | | **canada**(1) 13:20 | | **chance**(3) 27:8 99:14 119:5 | |
| **believe**(43) 20:15 24:5 25:10 27:25 28:3 | | **bring**(18) 24:12 24:19 44:6 49:14 49:18 | | **candice**(1) 8:17 | | **chandler**(2) 6:9 51:4 | |
| 28:20 30:5 34:4 34:24 30:24 31:4 32:14 33:10 | | 51:18 51:24 51:25 58:24 58:25 70:10 | | **candle**(1) 120:17 | | **change**(1) 87:17 | |
| 33:24 34:10 36:4 37:10 38:2 39:22 40:12 | | 71:22 71:22 78:20 84:25 86:23 86:23 | | **cannon-geary**(1) 13:16 | | **changes**(1) 123:4 | |
| 42:6 43:5 44:7 44:9 49:13 49:16 54:1 | | 94:17 | | **cannot**(7) 24:14 24:16 34:14 45:18 99:16 | | **chaos**(3) 49:3 80:18 80:24 98:15 | |
| 54:6 58:8 60:9 60:22 61:22 66:9 66:23 | | | | 121:25 127:6 | | **chapter**(10) 1:8 14:25 32:11 33:21 33:23 | |
| 67:11 70:13 73:7 73:13 79:19 89:6 89:13 | | **bringing**(10) 45:18 46:9 51:16 53:21 71:19 | | | | 34:3 34:3 34:12 34:14 35:23 | |
| 89:18 113:5 126:16 | | 83:20 85:18 85:20 87:1 92:23 | | **cantigny**(2) 44:25 50:19 | | | |
| | | | | **cantigny/mccormick**(1) 4:28 | | **characterization**(1) 124:17 | |
| | | **brings**(2) 30:25 53:9 | | **cantor**(1) 7:37 | | **characterized**(1) 79:3 | |
| | | | | | | **charitable**(2) 66:19 67:6 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**charles**(1) 37:8
**chase**(2) 6:42 10:15
**check**(2) 110:4 124:6
**checks**(3) 109:24 122:24 124:3
**chicago**(25) 1:29 4:32 4:44 5:23 6:12 6:31 6:37 15:1 18:9 19:2 19:5 19:10 19:11 19:13 19:15 18:20 19:19 19:22 20:8 20:11 20:11 21:2 22:22 23:5 31:9 36:15

**chief**(1) 51:4
**christopher**(1) 5:27
**chubb**(16) 107:17 107:17 107:22 108:9 108:15 111:16 112:12 112:13 112:14 122:24 122:24 125:19 126:1 126:2 126:17 126:21
**chung**(1) 7:43
**chunk**(1) 106:15
**circuit**(16) 21:16 21:17 23:25 24:1 24:4 24:8 24:10 24:11 24:11 24:13 24:19 24:20 34:17 55:17 55:18 91:14

**circuit's**(2) 25:5 33:25
**circulate**(1) 89:24
**circumstance**(4) 25:16 74:18 99:4 124:1
**circumstances**(5) 75:22 87:18 98:19 109:6 123:17

**citation**(1) 64:16
**cite**(5) 51:15 53:5 53:6 60:21 67:17 69:24
**cited**(6) 40:22 46:12 60:21 64:22 104:2 123:14

**citibank**(1) 9:13
**citigroup**(1) 11:33
**city**(1) 15:1
**claim**(88) 14:19 15:1 15:9 15:13 15:15 16:10 16:14 17:16 18:7 18:9 18:24 19:1 19:22 19:25 20:1 20:2 20:8 21:6 21:22 21:24 22:21 22:25 23:15 26:1 28:10 28:14 28:17 30:2 30:3 30:9 30:13 31:13 31:16 31:17 31:18 31:20 32:1 32:5 32:6 32:8 32:9 33:16 35:11 35:16 35:17 36:5 36:9 37:20 38:9 38:15 39:8 39:12 39:22 39:25 40:1 40:4 40:16 40:21 41:5 41:12 41:15 41:16 45:16 46:12 55:23 65:13 67:1 68:2 68:2 71:19 74:2 76:8 76:12 83:11 86:8 88:15 91:9 92:6 98:4 98:5 98:7 100:7 100:11 102:15 102:17 102:25 114:19 119:7

**claimant**(4) 41:11 77:23 98:4 98:4
**claimed**(1) 114:18

**claims**(188) 14:15 15:6 16:18 17:10 18:12 18:20 18:21 19:8 21:14 21:15 21:20 21:24 22:5 22:5 22:5 22:6 22:9 22:9 22:14 24:7 26:4 26:14 27:11 28:19 29:19 30:8 30:11 31:1 31:7 32:12 33:17 34:19 36:2 37:19 37:20 37:24 38:1 38:2 40:21 41:21 41:22 41:22 42:14 42:23 43:1 43:2 43:3 43:4 43:8 43:20 43:25 44:14 45:7 45:17 46:15 47:11 47:12 47:15 47:20 47:25 48:4 48:5 49:6 49:18 49:10 50:12 52:5 52:8 52:13 53:5 55:24 56:12 56:16 56:21 56:23 56:25 58:22 59:14 61:25 62:1 63:24 64:19 64:20 65:8 65:21 65:24 66:4 67:2 67:24 68:14 68:15 68:15 68:17 70:10 70:20 70:21 71:22 71:25 72:2 72:1... 74:13 74:15 74:24 74:25 76:15 77:13 78:8 78:16 78:18 78:20 79:13 79:17 80:2 81:9 83:9 83:10 83:14 83:20 83:22 84:15 84:2 84:25 85:3 85:6 85:11 86:5 86:16 86:19 86:20 86:23 86:24 86:25 87:20 88:4 88:5 88:13 90:15 90:18 90:24 91:3 91:3 92:5 92:21 92:21 93:8 93:9 93:17 94:11 94:13 95:3 97:23 98:1 98:1 98:10 99:10 99:23 99:25 104:5 104:9 106:20 107:16 108:1 108:6 108:9 108:13 108:16 112:13 112:15 112:16 112:19 114:13 116:1 116:17 117:1 117:19 117:25 118:2 118:10 118:12 119:6 119:7 123:1 125:19 125:22 126:8

**clarification**(1) 94:15
**clark**(1) 6:36
**class**(13) 16:3 28:2 28:7 28:8 28:9 28:9 28:13 28:16 29:11 29:13 29:18 29:23 30:2

**class's**(1) 29:14
**claw**(1) 80:13
**clean**(1) 30:12
**clear**(18) 28:21 45:3 49:17 50:8 55:13 72:20 74:13 75:21 78:13 83:8 98:12 99:7 100:10 101:15 109:3 110:11 119:7 121:24... 121:23
**clearly**(4) 75:2 89:21 93:24 123:21
**cleary**(1) 2:12
**clerk**(3) 14:2 68:7 102:8
**client's**(1) 64:20
**clients**(5) 63:10 80:6 81:16 92:17 93:12 93:14 93:15 122:19 125:7

**climaxed**(1) 23:5
**clock**(4) 48:6 55:4 63:9 86:3
**closely**(3) 57:5 68:8 69:25
**cni**(1) 15:6
**cnlbc**(3) 31:7 31:8 31:14
**co-defendant**(2) 39:1 39:10
**co-movant**(1) 83:4
**co-plan**(1) 83:5
**cobb**(1) 3:5
**code**(3) 32:11 42:21 90:13
**cognizant**(1) 125:24
**cole**(2) 1:32 14:6
**colin**(1) 13:29
**collapsed**(3) 76:10 77:12 89:15
**college**(1) 79:23
**colloquy**(1) 39:21
**colorado**(1) 15:8
**come**(11) 26:15 81:3 81:7 82:10 100:2 108:14 116:16 116:19 118:20 119:7 119:1...
**comes**(4) 34:9 77:8 96:19 127:9
**comfort**(4) 95:8 113:22 117:3 126:18
**coming**(1) 28:1
**commence**(2) 42:23 48:24
**commenced**(3) 30:1 42:15 111:10
**commencemen**(2) 100:18 100:20
**comment**(2) 65:19 71:17
**comments**(6) 58:10 85:24 99:19 114:12 115:13 116:12

**committee**(49) 3:4 7:11 9:24 44:12 44:14 47:13 47:19 48:1 49:9 49:22 51:7 54:13 58:6 58:10 58:20 59:24 62:3 62:11 63:2 66:1 66:3 73:10 87:3 87:24 88:23 92:15 95:17 95:22 103:7 103:10 105:11 107:8 109:9 110:12 110:16 111:8 111:13 112:4 112:17 113:23 113:24 114:10 114:15 115:24 116:11 117:23 124:22 127:1 127:1...

**committee's**(1) 63:7
**committee's**(2) 114:24 121:9
**common**(7) 29:11 29:17 29:23 51:8 51:9 68:15 114:21

**companies**(8) 69:17 110:2 110:9 115:19 116:8 116:20 121:4 124:4

**company**(12) 1:8 8:32 11:21 13:28 14:7 28:10 40:19 81:25 83:1 115:5 115:11 120:1
**compel**(1) 74:22
**compelled**(2) 80:11 121:18
**compelling**(1) 74:18
**compensation**(5) 4:40 5:5 119:19 120:4 120:5

**compete**(1) 74:25
**competing**(11) 47:8 49:9 49:1 50:7 68:11 74:24 84:20 84:24 84:21 99:17 127:10

**complain**(2) 52:21 60:6
**complaint**(11) 18:13 18:15 18:22 38:2 66:3 74:3 74:22 75:4 86:11 94:18 117:13

**complaints**(7) 43:23 48:15 49:10 66:22 74:9 120:3 122:5

**complete**(1) 48:16
**completely**(1) 124:25
**completion**(1) 49:1
**complex**(2) 88:10 89:10
**comply**(1) 94:23
**compromised**(1) 79:12
**compromises**(1) 97:21
**conaway**(1) 2:10
**concede**(1) 32:8
**conceded**(1) 36:22
**concept**(4) 70:7 80:8 98:9 115:19
**conceptual**(1) 104:12
**concern**(11) 62:23 72:15 74:21 87:15 91:25 93:22 96:5 117:11 120:10 121:2 121:3
**concerned**(3) 52:10 83:19 100:24
**concerning**(1) 103:6
**concerns**(3) 28:5 92:3 122:3
**conclude**(1) 37:3
**concludes**(1) 130:19
**conclusion**(4) 20:5 26:4 35:14 85:24
**conclusions**(1) 129:22
**condition**(2) 97:22 126:25
**conditioning**(2) 96:23 118:17
**conditions**(1) 109:10
**conduct**(1) 123:19
**confer**(3) 41:25 99:14 101:22
**conference**(6) 16:6 16:15 28:2 102:14 102:20 127:8
**confess**(1) 41:19
**configuration**(1) 54:16
**confirmation**(25) 48:16 59:12 60:16 60:22 63:7 63:15 63:22 64:1 67:12 75:10 75:17 94:13 94:14 95:5 101:1 101:3 101:12 101:20 116:3 121:9 121:11 121:14 121:15 127:21 130:13
**confirmed**(3) 49:8 49:9 49:9
**conflict**(1) 47:1
**congress**(1) 33:16
**congress's**(1) 33:20

**conlan**(1) 1:25
**connection**(18) 30:20 35:11 38:24 42:25 60:16 63:6 75:4 76:7 76:14 76:17 76:19 77:15 79:15 81:13 94:16 101:1 124:8 130:10
**connolly**(1) 5:27
**consensual**(1) 107:15
**consequences**(2) 79:20 80:17
**consider**(6) 45:15 83:25 99:14 99:17 128:1 128:20
**consideration**(3) 74:1 76:14 97:21
**considered**(2) 79:21 119:22
**consignment**(1) 75:4
**consistent**(3) 41:4 43:5 62:7
**conspiracy**(1) 18:21
**constitute**(1) 72:18
**constitutes**(2) 53:13 91:9
**constraints**(1) 17:18
**construction**(2) 20:6 34:1
**constructive**(22) 16:18 42:14 42:23 43:2 43:24 45:7 47:11 48:7 49:6 52:5 53:4 56:22 64:19 67:2 76:8 79:17 83:11 88:5 88:14 93:8 93:16 98:1
**constructively**(1) 77:10
**construed**(1) 89:9
**consulting**(2) 13:15 13:32
**contemplated**(3) 93:5 93:6 93:17
**contemplates**(1) 52:3
**contemplating**(1) 78:23
**contemplation**(2) 79:19 98:14
**contends**(1) 77:19
**contention**(2) 73:16 74:19
**contentiousness**(1) 47:7
**context**(10) 75:8 75:17 80:1 80:10 91:15 109:18 117:12 118:6 118:10 118:11
**contingent**(1) 105:22
**continuance**(1) 102:19
**continue**(8) 49:12 50:20 56:3 101:19 102:17 102:18 102:24 117:19
**continued**(14) 2:2 3:2 4:2 5:3 6:2 7:2 8:2 9:2 10:2 11:2 12:3 13:2 14:10 14:21
**continuing**(1) 89:11
**contours**(1) 92:25
**contracted**(2) 28:21 28:22
**contracts**(1) 79:24
**contractual**(1) 59:9
**contrary**(2) 33:25 72:18
**control**(10) 110:17 111:9 114:11 114:19 122:13 122:16 122:17 122:23 123:8 124:23
**controlling**(2) 118:8 126:9
**controls**(4) 107:5 107:11 123:15 123:22
**conversation**(1) 121:4
**convey**(1) 84:23
**conveyance**(23) 16:18 42:14 42:23 43:2 47:11 47:20 48:5 48:7 49:6 52:5 52:8 53:5 70:21 76:8 76:7 78:3 81:13 82:12 88:5 88:15 91:2 93:9 93:17 99:10
**cook**(16) 6:3 16:10 18:9 20:17 31:3 31:13 31:13 31:16 32:5 32:7 32:18 32:21 36:7 36:15 36:17 40:9
**copy**(5) 23:15 25:8 25:10 25:12 27:19
**core**(1) 19:19
**corp**(1) 51:21
**corporate**(1) 94:21
**corporation**(2) 15:3 15:7
**correct**(13) 18:19 26:11 31:24 33:5 36:4 36:16 52:15 56:19 62:15 85:19 89:7 128:11 131:2
**correlated**(1) 57:6
**corresponded**(1) 36:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **costs**(30) 16:21 29:13 40:2 40:4 40:15 81:23 103:6 104:14 105:17 106:24 107:9 109:2 109:10 110:19 111:21 111:22 112:3 112:13 112:15 112:20 112:22 113:3 113:6 115:23 116:22 117:11 117:14 123:16 123:21 126:21 | | **court**(301) 1:1 14:3 14:11 16:23 17:2 17:19 17:21 17:24 18:1 18:4 18:14 18:16 18:17 19:12 21:5 21:7 21:10 21:14 21:15 22:13 21:16 22:4 22:10 22:11 22:1 22:13 22:13 22:15 22:16 22:17 22:19 23:5 23:10 23:16 23:24 24:8 24:9 24:14 24:20 24:22 25:4 25:5 25:11 25:12 25:14 25:17 25:19 25:22 25:23 26:12 26:18 26:19 26:19 26:20 26:22 26:23 27:4 27:9 27:11 27:20 27:23 28:4 28:5 28:25 29:1 29:4 29:7 30:1 30:17 30:19 30:23 31:6 31:22 31:25 32:18 33:2 33:6 33:12 34:5 34:10 35:1 35:5 35:7 35:21 35:23 36:14 36:17 36:21 36:24 37:1 37:4 37:6 37:16 38:5 38:7 38:17 39:11 39:13 39:16 40:24 41:1 41:9 42:4 43:10 43:13 44:3 44:13 44:22 45:22 46:1 46:19 46:20 46:25 48:12 49:21 50:5 51:22 52:2 52:12 52:14 52:15 52:21 53:12 54:8 55:2 56:21 56:23 57:12 57:16 57:17 58:12 58:13 59:20 60:1 60:4 60:5 60:25 61:8 61:10 61:11 61:18 62:14 62:18 62:25 64:7 64:17 65:12 65:14 66:10 68:13 68:22 69:6 69:12 70:4 70:9 70:25 71:3 71:9 72:3 72:8 72:16 72:16 72:22 73:5 74:2 74:4 74:6 74:6 74:7 74:10 74:17 75:4 75:6 75:12 75:20 76:2 76:4 76:8 76:9 77:24 78:1 78:10 78:16 78:24 80:18 80:20 80:25 81:3 81:3 81:15 82:9 82:16 82:22 83:5 83:19 83:25 84:1 84:1 84:2 84:3 84:10 84:10 84:12 86:14 86:14 87:12 87:16 87:22 88:4 88:21 89:22 90:4 90:7 91:5 91:12 91:14 91:18 91:20 91:25 92:8 92:11 93:20 93:25 94:6 94:17 94:24 95:12 95:15 96:2 96:8 96:11 96:14 96:16 96:21 97:13 97:15 98:15 98:20 99:3 99:6 100:10 100:15 100:22 101:15 101:18 102:3 102:5 102:9 102:23 103:3 103:5 103:13 103:16 104:4 104:8 104:17 104:19 104:22 105:2 105:13 105:1 105:25 106:2 106:4 106:6 107:13 108:14 108:22 109:4 109:13 110:8 110:15 110:20 111:3 111:7 111:25 112:8 112:24 113:2 113:4 113:9 113:21 114:7 114:23 115:7 115:8 116:3 116:16 116:19 117:2 117:4 117:22 119:8 119:11 119:15 119:22 120:6 | | **credit**(10) 2:10 15:21 70:14 70:14 73:21 73:24 77:10 88:16 88:18 88:20 **credited**(2) 75:24 77:7 **creditor**(11) 54:20 60:5 60:17 60:18 63:5 63:6 64:16 65:13 68:19 70:24 84:22 **creditor's**(1) 47:10 **creditor-sponsored**(1) 93:16 **creditors**(83) 3:5 7:12 16:17 43:7 44:12 44:13 45:3 45:8 45:12 46:6 46:11 46:17 47:13 47:18 47:25 48:7 49:16 49:19 49:2 49:24 51:7 51:12 51:18 52:6 52:7 52:18 54:13 55:19 56:8 56:22 58:19 59:6 59:7 59:10 61:7 61:10 62:11 63:6 63:12 65:10 66:1 66:13 67:19 69:14 69:15 70:9 71:15 71:19 71:21 73:10 75:7 75:15 78:20 83:20 84:23 84:25 85:6 86:17 86:9 86:20 86:21 87:25 90:13 90:14 90:19 90:23 91:9 92:6 92:21 93:6 96:4 97:1 98:23 99:24 99:25 100:6 104:16 105:10 105:20 106:22 106:25 107:7 126:11 **cries**(1) 107:5 **criminal**(4) 24:23 24:25 26:20 27:10 **cripo**(1) 113:11 **cross-examine**(1) 121:15 **crystal**(1) 83:8 **cubs**(1) 31:9 **cure**(1) 15:11 **current**(4) 50:24 51:4 96:11 119:25 **curtain**(1) 122:10 **cut**(4) 93:3 93:13 121:23 122:4 **daily**(2) 121:2 121:3 **damages**(2) 19:6 114:18 **damien**(1) 2:35 **danger**(1) 42:15 **daniel**(7) 3:6 3:26 5:6 5:26 7:37 7:39 42:2 **data**(1) 1:41 **date**(25) 24:5 29:12 30:4 31:6 31:12 31:14 31:15 32:9 36:1 36:6 37:19 37:24 38:1 38:3 40:21 43:3 43:4 75:16 80:19 101:20 107:17 125:20 128:3 128:7 131:8 **daughter's**(1) 79:23 **david**(17) 2:5 3:12 3:39 4:12 5:42 6:35 7:17 8:19 8:35 9:40 11:5 11:18 54:12 72:24 82:25 95:17 117:6 **davis**(3) 2:33 9:14 10:15 **day**(7) 22:17 49:4 85:25 92:24 102:21 112:17 124:6 **dbtca**(1) 4:10 **deadline**(1) 63:25 **deal**(9) 23:9 25:1 25:3 30:12 41:15 80:14 80:15 82:6 120:25 **dealing**(1) 106:19 **dealt**(2) 49:7 55:9 **dearborn**(1) 1:28 **debenture**(2) 5:40 83:1 **debra**(1) 19:13 **debtor**(29) 14:6 19:15 22:20 26:7 26:9 27:20 28:11 32:23 33:1 33:2 34:5 37:16 37:17 37:24 38:8 38:20 39:2 39:17 50:24 59:5 59:11 62:11 66:2 69:13 103:19 103:24 108:23 115:2 126:13 | | **debtors**(53) 1:12 1:24 15:10 15:20 15:22 15:23 16:19 17:5 17:9 18:5 18:7 18:23 19:8 19:12 25:15 28:20 29:3 29:5 29:10 29:13 29:24 30:5 30:11 30:13 30:15 31:1 31:7 31:11 32:5 33:14 33:19 34:7 35:25 36:5 39:3 39:19 39:20 40:3 40:6 40:11 40:15 40:19 42:6 42:22 44:12 47:12 49:19 52:19 52:19 59:7 97:21 97:24 109:1 **debtors'**(1) 103:6 **debtor's**(1) 91:10 **debtwire**(2) 12:9 12:9 **december**(11) 25:11 31:15 43:3 55:9 74:21 75:15 76:12 77:9 77:12 89:9 113:12 **decide**(9) 29:5 25:20 35:13 46:19 78:17 84:1 84:2 112:24 115:8 **decided**(6) 26:5 84:23 87:16 109:12 112:21 112:22 **decides**(1) 76:9 **deciding**(3) 75:13 95:21 125:12 **decision**(14) 21:17 21:18 22:12 24:22 25:1 25:6 27:15 34:18 47:14 61:12 100:25 119:2 122:4 129:24 **decision-tree**(1) 124:12 **decisions**(1) 125:12 **decisive**(1) 57:8 **declaration**(3) 19:13 100:8 100:18 **deductible**(9) 38:21 38:23 39:5 39:7 39:8 39:24 40:3 41:2 41:6 **deemed**(1) 73:14 **defamation**(1) 19:25 **defame**(1) 22:1 **defamed**(3) 19:3 23:6 23:21 **defend**(7) 80:12 94:12 95:1 114:3 116:6 116:14 116:21 **defendant**(15) 40:6 40:9 40:10 41:13 60:7 60:8 72:11 84:9 85:14 86:7 87:10 92:5 92:9 92:9 92:24 **defendants**(15) 4:41 5:6 40:8 78:4 78:11 84:17 87:19 92:19 93:15 109:8 113:6 113:13 114:2 119:19 125:24 **defending**(2) 41:16 123:1 **defense**(42) 16:20 40:2 40:4 40:15 57:11 83:16 83:23 83:24 84:5 84:8 84:16 84:18 86:9 86:15 103:6 104:14 106:24 107:9 109:2 109:9 110:1 110:3 110:18 111:21 111:22 112:3 112:13 112:15 112:20 112:22 115:6 115:15 115:20 115:23 117:11 117:14 120:11 120:18 123:9 123:16 123:21 126:21 **defenses**(4) 57:3 72:9 92:5 92:10 **defer**(1) 25:23 **deferred**(1) 75:9 **deferring**(1) 95:5 **defined**(1) 100:2 **definition**(1) 98:10 **degrees**(2) 82:19 82:19 **deiterich**(1) 11:35 **delaware**(12) 1:2 1:12 1:35 4:25 5:7 5:28 6:5 6:18 14:1 50:11 53:19 109:13 **deloitte**(2) 13:15 13:15 **demonstrably**(2) 20:9 21:3 **demonstrate**(1) 44:10 **demonstrated**(2) 31:12 41:10 **denied**(4) 22:12 23:21 23:22 41:8 **dennis**(2) 34:9 34:11 **deny**(2) 41:10 41:24 **department**(3) 16:10 31:3 32:21 **depend**(1) 71:7 **depending**(1) 49:7 |
| **could**(25) 20:22 23:22 33:9 43:24 48:9 49:25 63:15 63:23 67:6 77:9 80:1 80:13 86:9 87:17 89:4 94:25 96:2 102:2 106:20 106:21 108:14 118:20 123:23 126:10 129:16 | | | | | | | |
| **couldn't**(1) 25:3 | | | | | | | |
| **couldn't**(1) 86:22 | | | | | | | |
| **could've**(1) 99:5 | | | | | | | |
| **counsel**(28) 22:20 26:18 26:21 35:5 41:2 41:4 41:25 42:7 42:9 46:7 58:19 58:19 62:4 64:6 87:24 90:10 92:3 99:14 100:14 103:2 107:24 108:16 111:18 112:11 113:5 113:20 116:15 121:9 | | | | | | | |
| **counsels**(1) 101:21 | | | | | | | |
| **counsel's**(1) 115:20 | | | | | | | |
| **count**(1) 30:10 | | | | | | | |
| **counted**(1) 108:4 | | | | | | | |
| **counterbalancing**(1) 40:18 | | | | | | | |
| **counterproductive**(1) 115:17 | | | | | | | |
| **countless**(1) 92:16 | | | | | | | |
| **county**(16) 6:3 16:10 18:9 20:17 31:3 31:13 31:13 31:16 32:5 32:7 32:19 32:21 36:8 36:15 36:17 40:9 | | | | | | | |
| **couple**(11) 57:13 58:20 60:3 61:22 62:2 83:7 90:9 109:3 113:15 115:12 126:23 | | | | | | | |
| **course**(9) 27:16 57:2 109:23 110:4 110:11 112:23 116:7 118:15 121:2 | | | | | | | |
| | | **court's**(3) 24:2 24:3 37:5 **court-ordered**(1) 117:16 **courtroom**(5) 1:10 50:7 54:16 90:5 97:10 **courts**(8) 70:5 72:15 75:5 85:4 100:2 100:3 109:13 125:12 **court's**(2) 123:7 124:8 **cover**(1) 20:11 **coverage**(15) 103:20 104:20 106:13 110:18 110:21 110:23 110:24 110:24 110:25 110:25 111:1 111:1 111:4 112:19 115:7 **covered**(11) 108:17 109:19 109:20 110:3 112:14 112:15 112:16 112:24 112:25 116:18 116:18 **covers**(2) 64:2 101:9 **cozen**(1) 6:40 **crack**(3) 57:15 57:16 71:10 **cracks**(1) 63:13 **craft**(1) 71:8 **crane**(2) 12:27 51:1 **create**(1) 49:3 **created**(1) 83:16 **credible**(1) 20:22 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| depleting(1) 65:24 | | discreet(1) 103:20 | | don't(42) 78:8 81:22 82:13 85:12 86:18 | | elkins(1) 10:19 | |
| deposition(1) 107:25 | | discretion(1) 65:20 | | 86:19 89:13 89:18 90:24 91:5 91:10 91:20 | | elliot(1) 2:34 | |
| depositions(1) 116:3 | | discuss(1) 82:13 | | 92:19 93:2 94:4 95:7 96:6 96:24 100:4 | | else(8) 30:20 58:14 72:22 73:5 78:1 117:4 | |
| deprive(1) 46:10 | | discussed(2) 39:23 51:14 | | 100:7 100:12 100:17 101:5 102:1 104:12 | | 124:19 129:18 | |
| deprives(1) 51:17 | | discussion(2) 116:10 127:21 | | 105:5 108:2 111:9 111:11 116:4 116:12 | | |
| derivative(1) 85:9 | | discussions(1) 127:24 | | 121:16 121:18 122:12 123:2 123:3 125:6 | | elsewhere(2) 26:2 100:4 | |
| describe(1) 100:13 | | disgorge(1) 51:11 | | 125:18 126:3 126:16 128:2 129:23 | | embrace(1) 110:16 | |
| described(7) 20:18 25:25 52:2 55:1 88:10 | | disk(1) 101:23 | | | | emc(1) 15:3 | |
| 89:10 89:11 | | dismiss(5) 57:14 57:15 66:4 84:2 104:10 | | door(1) 105:7 | | emerson(4) 13:12 17:10 17:20 17:22 | |
| | | dismissal(2) 24:2 24:3 | | doshi(1) 11:39 | | employee(3) 50:25 119:25 120:2 | |
| designed(1) 68:23 | | dismissed(5) 18:15 18:20 21:14 22:5 | | double(1) 75:22 | | employees(3) 50:25 119:25 120:2 | |
| desire(1) 94:10 | | dismissing(1) 78:7 | | double-recovery(1) 80:3 | | employment(2) 19:7 20:25 | |
| despite(2) 47:6 64:14 | | dispose(4) 26:6 26:13 71:4 101:5 | | doubtful(1) 43:25 | | encourage(3) 117:9 118:19 119:12 | |
| detainee(1) 18:8 | | disposing(1) 99:8 | | dougherty(7) 5:21 8:4 8:5 78:2 78:3 78:10 | | end(20) 49:4 53:13 57:25 58:1 70:2 70:3 | |
| determination(4) 42:20 84:3 84:12 99:9 | | disposited(1) 106:3 | | 78:11 | | 70:4 72:5 76:5 76:21 81:21 87:2 87:19 | |
| determinations(4) 109:19 110:6 112:25 | | disposition(3) 26:1 76:7 77:22 | | | | 92:17 102:21 112:17 124:6 127:7 127:22 | |
| 115:7 | | dispute(15) 41:1 41:20 43:17 44:8 44:9 | | douglas(1) 7:15 | | 129:24 | |
| | | 44:12 46:6 60:18 73:12 83:13 86:12 86:15 | | down(16) 18:25 32:4 46:22 61:19 61:20 | | energy(1) 15:6 | |
| determine(4) 52:15 86:2 86:14 97:2 | | 91:16 119:3 128:9 130:11 | | 62:25 66:15 82:9 104:15 106:23 107:14 | | engaged(1) 89:17 | |
| determined(1) 35:10 | | | | 115:16 116:9 117:19 119:13 128:23 | | english(2) 4:10 11:4 | |
| determines(2) 86:2 115:6 | | disputed(2) 31:11 43:6 | | | | enormous(2) 106:22 118:24 | |
| determining(1) 16:17 | | disputes(5) 83:9 83:10 83:10 90:25 91:11 | | downey(1) 104:7 | | enough(1) 15:17 | |
| detour(1) 123:1 | | disputing(5) 43:21 46:3 46:8 70:19 106:7 | | dozen(1) 61:6 | | ensure(2) 42:13 49:4 | |
| deutsch(1) 7:15 | | dissipated(2) 107:7 122:11 | | dozens(1) 116:3 | | enter(9) 15:17 61:15 62:9 71:3 93:23 99:6 | |
| deutsche(1) 11:4 | | dissipating(1) 108:7 | | drafts(1) 62:5 | | 115:4 115:9 117:2 | |
| develop(1) 108:11 | | dissipation(1) 120:11 | | draws(1) 123:19 | | | |
| developing(1) 127:5 | | distinguish(2) 67:15 67:16 | | drive(1) 5:22 | | entered(3) 55:2 79:9 114:1 | |
| devon(1) 13:21 | | distinguishable(1) 70:13 | | dropped(2) 73:9 86:10 | | entering(3) 78:23 101:4 115:18 | |
| dewey(1) 11:8 | | distinguishes(2) 69:10 107:2 | | duane(1) 4:35 | | entertain(1) 95:21 | |
| dialogue(1) 95:10 | | distinguishment(1) 68:4 | | dublin(4) 3:27 90:6 123:11 123:12 | | entirely(4) 22:21 77:5 127:23 128:25 | |
| diamond(1) 10:44 | | distraction(1) 121:4 | | due(2) 27:16 70:15 85:23 | | entities(1) 82:12 | |
| diaz(1) 1:41 | | distributed(1) 29:18 | | duplicative(1) 18:10 | | entitled(13) 28:19 38:19 46:16 76:24 | |
| dicta(4) 34:14 56:11 57:5 70:8 | | distribution(3) 32:13 77:20 | | during(2) 90:20 120:6 | | 107:10 111:13 116:11 118:8 120:18 122:6 | |
| dictate(5) 92:20 92:24 110:16 114:8 125:2 | | distributors(1) 28:18 | | duty(1) 126:6 | | 122:10 123:2 125:21 | |
| did(30) 14:12 16:12 19:18 20:11 24:9 52:2 | | district(17) 1:2 18:14 18:16 22:10 22:13 | | d'agostino(2) 11:29 11:30 | | | |
| 25:10 26:22 31:13 36:19 38:1 45:19 59:1 | | 22:15 23:10 24:2 24:3 24:8 24:14 24:22 | | d's(2) 107:10 108:4 | | entitles(1) 20:13 | |
| 60:15 71:16 71:17 71:22 73:7 76:18 77:14 | | 26:22 34:9 51:22 53:19 104:7 | | | | entity(2) 31:8 60:4 | |
| 79:12 87:5 89:9 89:24 102:9 102:12 | | | | each(8) 28:12 28:14 72:14 104:3 104:6 | | entry(1) 58:10 | |
| 107:20 113:23 119:1 124:13 127:21 | | diverted(1) 69:13 | | 118:21 125:11 125:13 | | enumerated(1) 33:15 | |
| | | divested(1) 86:20 | | | | eos(2) 10:27 10:27 | |
| didn't(11) 21:17 22:4 23:14 24:12 25:1 | | division(1) 95:18 | | early(2) 48:9 114:6 | | ephraim(1) 10:44 | |
| 33:3 36:18 44:14 46:7 61:11 71:4 | | dla(1) 2:27 | | easier(1) 74:12 | | equitable(3) 30:14 67:9 119:22 | |
| | | docket(1) 32:8 | | easy(2) 66:3 104:10 | | ernest(1) 16:1 | |
| didn't(7) 86:11 87:4 87:14 93:25 99:6 | | doctrine(3) 54:5 56:1 57:4 | | eat(1) 48:3 | | ernst(2) 12:43 13:4 | |
| 107:20 121:11 | | doctrines(1) 52:14 | | ecker(1) 119:17 | | erode(2) 40:2 116:24 | |
| | | documented(1) 19:7 | | ecro(1) 1:39 | | eroding(1) 122:13 | |
| difference(3) 85:9 106:9 111:20 | | documents(1) 116:2 | | edward(1) 9:10 | | erosion(1) 125:23 | |
| differences(1) 82:18 | | does(25) 30:12 30:20 37:3 37:25 53:20 | | | | erosions(1) 108:11 | |
| different(30) 16:23 45:13 45:14 55:15 | | 54:23 55:23 56:8 58:4 58:25 72:22 76:10 | | effect(7) 25:19 46:13 46:13 55:20 56:2 | | error(1) 120:21 | |
| 57:1 57:1 57:2 57:3 57:6 57:7 60:8 64:25 | | 77:11 77:21 78:1 93:10 94:23 100:19 | | 56:22 91:21 | | especially(3) 78:6 123:16 123:18 | |
| 66:24 67:2 67:3 69:11 71:1 83:11 85:3 | | 105:19 106:11 111:4 113:16 117:4 124:19 | | | | esq(124) 1:25 1:26 1:27 1:34 2:5 2:12 | |
| 85:11 85:12 85:12 88:3 88:21 89:21 102:3 | | 125:8 | | effective(2) 29:12 48:10 | | 2:13 2:20 2:28 2:34 2:35 2:41 3:6 3:12 | |
| 113:23 123:13 125:3 126:5 | | | | effectively(1) 34:2 | | 3:13 3:19 3:26 3:27 3:33 3:39 4:5 4:11 | |
| | | doesn't(13) 25:24 26:10 36:10 37:19 39:6 | | effectiveness(1) 97:23 | | 4:12 4:18 4:24 4:30 4:36 4:42 5:6 5:12 | |
| differently(4) 67:4 88:8 88:25 89:19 | | 40:16 44:7 46:14 51:1 53:14 68:10 69:3 | | effort(5) 64:24 74:3 82:20 118:10 118:12 | | 5:19 5:20 5:21 5:27 5:34 5:42 6:4 6:10 | |
| differing(1) 82:19 | | 72:6 | | efforts(5) 74:5 74:14 75:23 107:18 117:15 | | 6:17 6:23 6:29 6:35 6:41 7:5 7:13 7:15 | |
| dig(1) 115:24 | | | | eggert(1) 13:21 | | 7:17 7:18 7:20 7:22 7:26 7:27 7:28 7:33 | |
| digital(2) 104:7 112:7 | | doesn't(8) 90:25 100:18 107:8 114:20 | | egi(2) 51:2 94:15 | | 7:37 7:39 7:43 8:5 8:9 8:11 8:13 8:15 | |
| direct(2) 68:14 85:9 | | 114:21 114:22 121:5 125:6 | | egi-trb(34) 6:34 12:36 72:25 73:2 73:5 | | 8:17 8:19 8:21 8:23 8:25 8:27 8:29 8:33 | |
| direction(1) 85:19 | | | | 73:12 73:18 73:23 74:15 74:19 75:14 | | 8:35 8:37 8:39 8:41 9:6 9:10 9:14 9:16 | |
| directions(1) 55:16 | | doing(10) 64:24 72:4 92:12 96:22 114:10 | | 75:23 76:14 76:18 76:20 76:23 76:24 77:11 | | 9:18 9:20 9:22 9:28 9:32 9:34 9:38 9:40 | |
| directly(3) 33:9 36:7 81:12 | | 114:20 116:13 116:14 116:24 116:24 | | 77:14 77:19 88:6 88:8 88:11 88:16 88:24 | | 10:7 10:9 10:16 10:20 10:28 10:32 10:34 | |
| director(2) 119:1 119:2 | | | | 89:3 89:17 89:19 89:21 89:21 93:22 94:3 | | 10:36 10:40 10:44 10:15 11:9 11:11 11:13 | |
| directors(8) 5:10 9:26 16:21 50:23 50:25 | | dollar(9) 38:21 39:4 39:23 41:2 41:6 71:1 | | 94:11 94:13 | | 11:26 11:30 11:35 11:39 11:44 12:6 12:10 | |
| 113:12 114:17 124:24 | | 104:14 104:14 105:23 | | | | 12:14 12:16 12:20 12:24 12:29 12:33 | |
| | | | | egi-trb's(4) 88:2 94:21 | | 12:37 12:44 13:5 13:9 13:16 13:21 13:25 | |
| disadvantage(1) 124:24 | | dollars(12) 40:2 40:15 45:14 65:21 66:6 | | ehlmann(1) 6:40 | | 13:29 13:33 13:37 13:39 | |
| disagree(6) 46:20 48:17 111:7 111:9 | | 66:11 68:3 82:4 110:1 113:1 115:15 | | eight(3) 50:22 92:4 101:8 | | | |
| 111:12 124:13 | | 115:16 | | eighteen(2) 28:13 30:8 | | essentially(7) 65:12 65:23 67:10 74:8 | |
| | | don(1) 8:37 | | eighth(1) 34:17 | | 79:11 120:4 120:20 | |
| disagreement(1) 98:21 | | don't(41) 23:1 23:1 23:11 23:14 23:17 | | either(15) 19:3 19:24 20:3 24:8 41:19 | | | |
| disallow(1) 21:5 | | 24:5 25:14 26:14 32:14 38:8 39:5 40:11 | | 41:23 51:11 52:9 55:7 69:6 83:25 84:23 | | establish(2) 15:10 41:14 | |
| disallowed(2) 32:10 33:13 | | 41:1 41:17 45:5 46:20 46:21 48:7 50:20 | | 93:7 112:18 113:13 | | established(2) 31:6 41:12 | |
| disappointed(1) 117:18 | | 52:20 53:6 53:25 54:1 54:6 56:13 56:23 | | | | establishment(1) 47:9 | |
| disastrous(1) 51:4 | | 57:7 57:9 57:11 58:3 60:1 60:21 62:20 | | elden(2) 5:18 8:4 | | | |
| disclosed(1) 98:18 | | 62:25 63:9 64:24 66:19 67:8 71:5 71:20 | | eldersveldt(1) 8:35 | | | |
| disclosure(1) 98:23 | | 71:24 | | eldin(1) 113:11 | | | |
| disclosures(1) 105:10 | | | | electronic(2) 1:47 131:3 | | | |
| discovery(1) 103:23 | | done(9) 47:15 86:25 91:23 94:25 97:25 | | elements(1) 57:1 | | | |
| | | 99:5 105:14 115:9 115:9 | | eligible(1) 43:6 | | | |
| | | | | elizabeth(1) 9:22 | | | |
| | | donnington(1) 40:23 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **estate**(71) 38:13 41:17 43:1 43:4 43:18 45:7 45:17 45:23 46:9 47:19 49:14 51:11 51:16 51:23 51:25 52:8 53:7 53:9 53:21 55:19 55:21 55:22 56:4 56:16 60:5 60:18 61:25 63:12 64:18 65:9 65:21 65:22 65:24 67:18 67:24 68:19 70:20 71:2 72:1 77:22 77:23 78:19 79:18 83:19 84:22 85:2 86:21 86:24 90:19 91:10 91:18 91:20 94:12 95:3 98:1 99:23 100:7 100:12 104:12 104:13 105:21 108:21 109:16 113:18 113:25 115:4 115:10 123:5 123:6 126:2 | | **explaining**(1) 116:23 **explanation**(2) 90:17 92:14 **exposure**(1) 66:25 **expressed**(4) 56:18 72:12 72:12 72:17 **expressly**(5) 42:18 112:5 112:6 **extend**(2) 15:20 40:7 **extension**(1) 15:23 **extent**(25) 20:10 33:18 36:8 37:22 44:20 45:16 45:21 60:14 64:4 71:13 71:18 77:9 78:22 84:8 93:22 95:20 99:16 100:19 101:9 110:17 113:3 115:5 117:10 117:23 118:4 120:10 127:6 | | **filed**(43) 18:7 18:10 18:14 19:12 21:6 25:18 28:6 28:14 30:3 31:2 31:16 31:17 31:18 32:1 32:6 32:7 32:9 32:12 33:18 35:11 35:15 36:2 36:18 38:2 42:12 43:23 47:19 50:15 51:5 52:22 54:1 54:20 55:3 60:22 73:8 78:4 79:2 90:1 97:8 107:17 114:15 122:1 123:24 **filing**(7) 31:6 41:15 49:10 52:24 66:21 74:22 82:2 | | **for**(289) 1:2 1:24 2:4 2:9 2:19 2:27 2:33 3:4 3:25 3:38 4:4 4:10 4:17 4:23 4:28 4:40 5:5 5:10 5:26 5:33 5:40 6:3 6:9 6:22 6:28 6:34 6:39 7:4 7:11 7:31 7:36 8:4 8:8 9:4 9:13 9:24 9:30 10:4 10:12 10:15 10:19 10:22 10:27 10:31 10:39 10:43 11:4 11:8 11:16 11:21 11:24 11:29 11:33 11:38 11:42 12:5 12:9 12:13 12:19 12:23 12:27 12:31 12:36 12:40 12:43 13:4 13:8 13:12 13:15 13:19 13:24 13:36 15:8 15:23 15:25 16:3 16:5 16:12 16:16 17:4 17:12 17:20 18:21 19:10 19:25 20:8 21:4 21:16 21:17 21:24 22:7 22:8 22:18 22:20 22:20 22:24 24:15 25:23 26:15 27:1 28:16 29:7 29:11 29:13 29:13 29:13 29:15 30:6 30:14 31:6 32:2 32:13 35:2 35:8 36:11 37:12 37:13 38:3 38:8 38:20 39:11 39:23 39:25 40:4 40:23 41:7 41:10 41:20 41:23 42:1 42:7 42:9 42:22 46:12 46:18 48:23 50:12 50:15 50:16 51:3 52:12 53:6 53:20 54:12 54:17 55:20 55:25 57:7 58:17 58:19 58:19 59:4 59:10 59:22 63:13 65:23 66:3 66:7 66:13 69:20 70:12 70:13 70:24 71:6 71:18 71:21 72:4 72:14 73:16 74:1 74:25 75:12 75:15 75:20 76:21 76:20 76:21 79:1 79:13 79:15 80:9 80:15 80:15 81:8 81:9 81:16 81:18 82:8 82:9 83:2 83:21 85:21 86:5 86:22 87:7 87:15 87:16 88:7 88:9 88:14 88:19 88:24 89:18 89:19 89:20 89:21 90:3 91:19 92:19 94:22 94:23 95:1 95:17 95:17 95:22 96:4 96:9 96:17 97:2 98:5 98:17 101:18 103:10 103:11 103:23 104:15 105:2 105:11 106:17 106:22 106:24 106:25 107:5 107:7 107:9 107:18 107:21 108:4 108:8 108:8 108:15 108:16 110:18 111:18 112:13 112:15 112:17 112:19 113:5 113:6 114:6 115:16 116:1 117:1 118:8 118:16 119:4 119:17 119:10 119:18 119:19 120:3 120:11 120:13 120:19 121:2 121:12 122:15 123:16 123:18 123:22 123:24 123:24 125:10 125:14 125:20 125:22 126:11 126:13 126:14 126:21 127:2 127:15 127:17 128:3 129:21 130:6 130:15 |
| **estate's**(2) 55:25 56:7 | | | | | | | |
| **estates**(6) 30:6 36:3 42:22 45:12 69:16 92:20 | | | | **filings**(1) 43:17 | | | |
| | | **exuberant**(1) 54:14 **eye**(1) 14:18 **f.supp.2d**(1) 51:22 **f01**(1) 51:22 **face**(7) 28:12 28:15 30:7 89:14 103:17 124:8 126:3 | | **final**(9) 21:20 22:12 22:14 24:15 24:17 24:18 25:1 25:3 57:21 **finality**(1) 36:2 **finally**(3) 68:18 93:1 118:22 **financial**(4) 39:25 41:3 51:5 51:21 **find**(9) 35:8 41:15 61:24 68:8 70:9 93:4 100:4 114:5 127:22 | | | |
| **estates"**(1) 97:24 **estate's**(3) 86:25 99:10 126:5 **esther**(1) 7:43 **eternity**(1) 55:7 **evaluate**(1) 118:6 **even**(24) 19:22 21:14 22:4 22:11 36:13 39:4 45:13 45:13 54:3 56:24 57:4 57:8 63:23 65:18 65:18 68:1 69:23 70:25 79:1 79:21 82:4 85:2 86:11 104:22 | | | | **finding**(3) 71:25 72:12 72:12 **findings**(3) 61:22 65:7 129:22 **fine**(3) 17:2 39:4 85:14 **finger**(1) 2:40 **finish**(1) 102:6 **firm**(3) 81:19 81:20 119:17 **firms**(1) 108:5 | | | |
| **event**(4) 20:14 61:15 62:10 95:7 **events**(1) 20:21 **ever**(10) 19:15 39:6 41:6 50:1 51:1 60:12 75:15 87:6 100:8 115:18 | | **faced**(2) 82:1 82:3 **facets**(1) 32:25 **facial**(2) 69:22 69:23 **facially**(1) 20:12 **facility**(1) 15:21 **facing**(2) 124:7 125:23 **fact**(38) 20:16 21:3 35:10 39:9 44:13 47:6 47:19 48:19 48:23 49:20 53:20 54:15 62:15 64:14 64:25 65:20 66:6 67:25 68:1 70:3 70:20 72:5 72:19 73:11 79:15 80:23 81:10 93:13 104:22 107:8 110:1 115:22 115:23 118:20 123:4 125:25 130:1 | | **first**(43) 14:12 16:25 17:6 18:2 19:9 21:13 32:3 32:13 32:25 41:11 45:23 54:8 55:17 55:21 55:24 56:1 56:2 56:7 57:15 58:22 58:23 59:23 60:2 60:12 65:4 68:9 69:20 71:10 77:15 77:17 78:14 86:9 90:21 93:10 93:22 94:15 95:20 103:7 103:21 110:23 111:3 119:1 125:4 | | | |
| **ever-present**(1) 94:4 **every**(10) 67:16 84:21 92:10 92:24 104:14 105:23 107:24 107:25 119:2 125:13 | | | | | | | |
| **everybody**(4) 89:25 97:5 118:13 130:6 **everyone**(3) 14:3 81:8 96:10 **everything**(3) 57:18 61:24 66:17 **everything's**(1) 129:22 **evidence**(3) 21:25 33:4 70:18 **evidentiary**(6) 26:10 26:13 26:15 27:1 35:11 129:24 | | **factor**(1) 40:18 **facts**(4) 31:4 109:6 125:17 125:18 **factual**(5) 19:21 88:2 94:23 104:8 114:13 **factually**(1) 51:20 **fail**(2) 49:14 52:17 **failed**(2) 43:18 100:13 **fails**(1) 46:5 **failure**(3) 20:10 40:20 99:23 **fair**(8) 20:12 20:14 20:16 23:22 30:14 57:23 72:8 96:18 | | **fishman**(1) 12:27 **fit**(1) 55:14 **fitzsimmons**(3) 78:12 113:14 114:16 **five**(3) 31:15 67:2 67:4 75:5 120:13 **five-minute**(1) 102:5 **fix**(3) 15:11 66:3 81:6 **fixed**(1) 104:4 **fleet**(1) 14:15 **floating**(1) 78:21 | | | |
| **exact**(2) 36:8 66:20 **exactly**(8) 25:16 35:8 68:25 69:11 69:14 90:18 104:9 114:9 | | **fairly**(5) 40:12 56:9 56:10 98:18 104:4 **fairness**(1) 114:22 **faith**(1) 126:4 **fall**(4) 20:12 28:23 37:15 39:5 **fallacy**(1) 126:2 **false**(10) 19:4 19:24 20:1 20:2 23:3 23:4 23:6 23:8 23:19 23:20 | | **flom**(1) 9:27 **floor**(2) 2:15 2:23 **flow**(3) 110:13 111:17 111:22 **flown**(1) 45:8 **focus**(1) 130:1 **focused**(2) 60:25 106:13 **folks**(1) 28:23 **follow**(1) 113:15 **followed**(2) 124:2 124:3 **following**(3) 42:19 65:19 99:19 **food**(3) 16:11 37:9 37:15 **footing**(2) 97:6 97:10 **footnote**(1) 73:8 | | | |
| **exam**(1) 82:8 **examiner**(1) 119:3 **examiner's**(1) 123:18 **example**(3) 18:21 123:18 125:15 **except**(1) 33:17 | | **familiar**(3) 62:21 104:2 104:2 **famous**(1) 55:17 **far**(11) 44:5 52:18 53:11 62:4 69:5 69:6 70:8 86:3 107:18 108:10 108:11 | | | | | |
| **exception**(5) 33:11 34:7 34:21 34:21 70:16 70:16 **exceptions**(1) 35:18 **exchange**(3) 76:17 109:4 118:16 **excusable**(2) 32:25 38:4 **excuse**(5) 26:17 54:11 82:22 93:19 99:15 **excused**(2) 37:4 102:2 **executed**(1) 97:18 **exemptions**(3) 34:20 34:24 35:19 **exercise**(1) 43:18 **exigency**(2) 80:24 80:24 **exist**(4) 40:16 46:15 67:20 98:3 **existed**(2) 87:11 87:11 **exists**(1) 113:20 **exonerated**(1) 114:4 **expect**(3) 63:9 101:21 130:1 **expecting**(1) 63:11 **expeditiously**(1) 82:16 **expenditure**(1) 41:17 **expenditures**(1) 110:3 **expense**(1) 15:9 **expenses**(2) 16:21 116:18 **expert**(3) 106:19 116:4 124:13 **expiration**(1) 99:10 **expired**(3) 43:3 89:16 90:22 **expires**(1) 50:14 **expiring**(1) 76:11 **explained**(2) 18:11 100:3 | | **fargo**(1) 5:33 **fashion**(1) 37:20 **favor**(5) 58:14 67:25 68:1 68:4 95:25 **favors**(1) 36:1 **fear**(1) 108:3 **february**(3) 24:4 31:19 32:7 **federal**(1) 56:21 **feel**(3) 22:7 121:18 130:9 **fees**(2) 16:21 29:15 **feld**(3) 3:25 9:37 42:9 **fellow**(1) 50:25 **few**(2) 16:25 95:13 **fiduciary**(4) 49:22 49:23 54:18 55:23 **field**(2) 92:24 96:4 **file**(14) 30:16 31:13 40:20 45:4 48:14 63:23 63:24 65:21 66:16 72:2 78:16 114:6 114:7 119:7 | | | | **foran**(1) 8:39 **force**(1) 67:10 **forced**(1) 81:3 **fore**(1) 88:22 **foregoing**(1) 131:2 **foreign**(1) 75:6 **forfeited**(1) 100:13 **forget**(1) 91:16 **form**(13) 41:25 48:13 58:9 73:21 77:4 90:1 90:11 96:11 99:15 99:20 101:23 103:1 112:24 **forman**(1) 1:32 **format**(1) 129:17 **former**(5) 9:24 50:23 50:25 **formerly**(1) 31:8 **forms**(3) 85:12 99:17 127:10 **forth**(4) 58:6 79:13 97:22 117:1 **fortieth**(1) 15:5 **forty-first**(3) 16:9 31:1 32:6 **forty-second**(2) 15:14 16:13 **forward**(12) 16:2 16:5 16:8 17:7 31:2 45:16 48:2 64:4 83:15 87:8 102:14 102:20 **fought**(1) 81:14 **found**(4) 70:5 91:18 109:14 119:4 **foundation**(10) 4:29 44:25 45:1 50:18 50:19 66:5 66:19 67:6 67:10 91:7 **foundation's**(1) 66:21 **foundations**(15) 45:5 47:17 48:2 51:13 52:10 52:18 53:3 54:2 56:18 59:22 66:18 83:17 91:1 92:3 92:8 **foundation's**(1) 90:10 **founded**(1) 115:22 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**four**(6) 50:12 50:13 51:3 67:1 67:3 75:5

**fourth**(3) 55:16 55:18 60:11

**fox**(2) 5:33 10:9

**fraction**(1) 30:7

**franchise**(1) 31:10

**frank**(8) 4:41 4:42 119:16 119:17 119:17 121:17 121:20 121:22

**frankel**(1) 11:17

**frankly**(6) 54:3 60:23 69:24 121:12 122:8 122:11

**fraud**(6) 47:25 64:19 64:19 79:17 98:1 123:17

**fraudulent**(33) 16:18 42:14 42:23 43:2 43:23 43:25 47:11 47:20 48:4 48:7 49:6 52:4 52:5 52:8 53:5 56:21 56:23 66:4 67:1 67:2 68:16 70:21 76:8 78:7 83:11 83:12 83:12 88:5 88:14 91:2 93:8 93:16 99:9

**free**(1) 28:18

**freeborn**(1) 13:20

**freeze**(1) 67:10

**freres**(1) 13:28

**friday**(2) 102:16 127:22

**friedlander**(1) 6:16

**friedman**(3) 5:41 10:5 83:1

**frolic**(1) 122:25

**from**(84) 14:6 16:12 16:25 20:21 20:21 22:9 23:4 28:1 32:18 32:21 34:9 35:13 37:14 39:10 39:16 41:11 45:12 46:11 51:18 54:8 54:10 54:12 55:1 55:2 55:16 56:22 58:16 59:17 59:20 62:19 62:22 64:13 64:23 67:8 69:11 69:13 71:10 72:16 76:23 81:24 83:11 83:12 85:14 86:10 87:5 88:3 88:8 88:21 88:25 89:1 89:2 89:19 90:18 92:12 95:25 96:8 96:20 96:21 96:22 96:22 99:19 102:11 102:21 103:10 104:6 104:15 104:18 107:22 108:9 108:22 108:22 108:25 109:3 111:16 113:11 119:2 121:8 122:20 125:3 125:19 125:20 126:5 130:1 131:3

**front**(6) 60:15 65:12 68:12 72:8 92:16 128:2

**fronts**(1) 81:14

**frozen**(2) 67:5 67:6

**fti**(1) 13:32

**fully**(5) 36:10 50:5 60:19 98:18 119:21

**fund**(8) 10:19 12:32 12:32 29:10 29:11 29:12 29:17 29:23

**fundamental**(1) 119:11

**funding**(1) 74:1

**funds**(1) 120:3

**further**(16) 36:24 39:14 39:15 61:14 61:21 65:18 95:5 95:10 100:22 103:23 107:4 116:24 127:15 127:24 130:10 130:15

**future**(1) 27:2

**gabby's**(1) 14:19

**gain**(1) 49:16

**game**(1) 120:16

**gangat**(1) 11:44

**garrison**(1) 11:34

**gary**(1) 8:33

**gave**(2) 92:13 106:18

**geared**(1) 125:10

**gecker**(1) 4:41

**gellman's**(1) 15:12

**general**(3) 36:12 49:23 68:15

**generally**(3) 33:22 34:3 36:4

**gentleman**(1) 44:17

**george**(4) 5:21 8:4 8:5 78:3

**get**(27) 26:14 27:12 36:3 36:13 37:23 46:17 50:15 52:11 53:25 55:23 57:14 63:17 75:18 78:16 80:2 87:5 87:6 91:4 92:7 95:16 107:15 107:18 115:24 121:6 125:7 125:10 130:12

**gets**(4) 55:21 66:17 76:22 103:21

**getting**(8) 44:9 56:14 69:9 87:19 88:15 88:21 108:6 120:23

**give**(14) 32:19 70:14 71:9 80:25 82:4 82:16 90:6 91:22 95:8 99:14 103:16 126:15 127:4 129:16

**given**(5) 80:14 85:22 97:2 97:3 127:25

**gives**(2) 25:18 69:24

**giving**(1) 81:25

**glantz**(1) 12:27

**global**(1) 130:12

**goal**(2) 92:16 92:17

**goes**(5) 59:25 77:17 104:14 105:23 129:21

**going**(69) 16:2 16:5 16:8 17:7 22:8 22:8 31:2 33:8 34:23 35:13 37:11 39:7 39:8 41:9 41:13 46:2 46:17 46:24 50:18 59:12 61:2 61:11 61:17 61:21 62:12 63:17 66:5 66:12 67:19 68:8 70:11 70:14 72:3 72:3 72:11 72:16 75:1 75:2 82:24 83:7 83:14 83:16 90:9 91:4 91:7 92:8 92:9 92:9 92:12 94:6 102:14 104:5 104:9 106:18 107:25 116:15 116:19 116:21 116:24 122:25 122:5 122:19 124:5 124:7 124:8 126:24 129:2 129:4 130:9

**goldfarb**(1) 7:27

**goldman**(1) 4:4

**gone**(1) 82:3

**good**(23) 14:3 14:4 14:5 17:4 17:24 17:25 32:20 37:8 42:8 42:10 54:11 58:15 59:21 67:8 67:11 78:2 78:25 82:23 103:19 108:22 113:10 119:16 123:11

**gordan/oaktree**(1) 2:9

**gordon**(2) 9:16 12:20

**got**(28) 21:24 21:25 22:2 23:4 23:12 23:15 24:21 27:6 27:7 27:8 37:24 38:21 38:23 39:4 39:7 55:16 60:10 67:3 73:23 73:24 85:5 88:16 96:2 97:4 97:7 111:15 111:16 120:17

**gotten**(2) 88:17 89:25

**govern**(1) 122:20

**government**(1) 35:16

**graem**(1) 7:26

**grant**(10) 28:9 59:18 71:13 72:11 88:6 88:24 96:16 96:21 104:10 126:24

**granted**(5) 22:11 24:22 95:25 96:9 113:22

**granting**(3) 42:19 105:17 109:7

**grants**(2) 88:4 88:22

**great**(5) 4:23 12:13 30:12 69:2 89:4

**gregg**(1) 10:9

**gregory**(1) 6:23

**greissman**(1) 6:23

**grippo**(2) 5:18 8:4

**gross**(2) 122:10 125:15

**grossly**(1) 124:18

**ground**(2) 68:25 119:20

**grounds**(10) 18:16 18:17 18:19 19:9 19:9 24:3 26:8 27:7 27:7 39:21

**group**(2) 4:41 5:5 5:6 48:21 50:23 50:24 119:19

**guaranteed**(1) 116:7

**guess**(10) 38:1 38:7 43:24 44:3 56:4 56:19 71:7 76:6 80:11 97:4

**guidance**(1) 129:16

**gump**(4) 3:25 9:37 42:9 123:12

**gussis**(1) 12:27

**hac**(4) 45:1 59:22 108:25 119:17

**had**(31) 19:22 22:7 32:1 32:16 34:17 36:7 43:15 43:19 45:5 51:25 56:2 56:8 58:10 70:9 70:20 84:13 88:11 88:18 89:25 89:25 90:22 90:22 94:14 102:13 102:21 104:4 115:25 123:25 125:16 127:19 128:7

**hadn't**(3) 81:1 88:17 88:18

**hague**(1) 6:10

**haircut**(1) 80:9

**half**(2) 48:10 61:6

**hampered**(1) 101:4

**hand**(8) 25:12 26:12 34:5 47:13 58:8 84:15 87:3 90:2

**handed**(1) 99:21

**handle**(1) 25:21

**hands**(2) 55:25 69:3

**happen**(10) 27:5 44:15 48:14 63:14 78:8 79:5 80:1 85:23 86:11 106:19

**happened**(5) 56:6 65:2 79:5 85:3 86:22

**happening**(6) 14:9 61:17 69:14 85:2 85:4 119:11

**happens**(7) 56:15 63:14 77:9 80:2 84:9 85:10 99:9

**happy**(6) 32:16 44:19 61:14 61:19 62:24 76:2

**hard**(2) 93:4 122:17

**harm**(5) 20:21 20:23 20:25 39:24 40:15

**harrisburg**(1) 1:43

**hartford**(1) 4:20

**has**(89) 16:25 18:11 18:14 18:15 19:2 19:3 19:10 19:15 20:7 20:21 20:23 21:3 30:9 31:17 35:9 37:17 37:19 39:1 39:20 39:22 40:22 41:4 41:10 41:12 41:20 43:18 47:7 49:12 49:18 50:1 51:12 52:22 54:22 56:2 56:7 58:12 58:18 64:18 65:2 67:24 69:22 71:2 74:6 75:7 76:11 77:19 79:3 79:5 80:18 82:20 83:5 83:13 84:11 86:24 92:16 94:11 98:16 100:11 100:12 102:16 105:22 106:13 107:3 107:10 107:17 110:1 111:8 111:13 111:14 113:20 114:14 114:15 114:16 117:23 117:24 118:23 118:24 120:6 120:9 120:13 123:3 126:2 126:13 126:14 126:17 126:21 127:19 127:25 128:17

**hasn't**(1) 41:11

**hasn't**(2) 93:14 105:16

**hauer**(3) 3:25 9:37 42:9

**have**(181) 14:12 16:17 17:6 17:12 17:14 19:8 19:23 20:6 21:1 21:15 21:21 22:9 22:17 22:20 23:14 23:22 24:5 24:18 25:12 25:14 26:21 27:10 27:18 27:19 30:3 30:17 31:11 32:14 32:16 34:19 35:9 35:19 36:25 38:9 39:9 40:6 41:2 41:14 41:14 41:22 43:18 43:20 45:8 45:16 45:23 47:14 47:15 47:18 47:19 47:22 48:3 48:4 48:7 48:10 50:8 50:12 50:20 50:21 51:8 51:8 51:9 51:10 51:21 52:1 52:2 52:21 54:2 54:5 55:3 55:25 57:15 60:6 60:25 61:16 61:20 62:2 62:16 62:20 62:25 63:19 64:5 64:13 64:22 65:10 65:13 65:19 65:24 66:24 66:24 67:21 67:23 69:4 69:22 69:23 70:5 70:21 72:8 72:15 75:10 75:11 76:3 76:4 76:10 77:21 78:8 78:20 79:22 80:10 81:2 81:5 81:14 81:24 82:4 82:17 82:25 84:6 84:23 85:21 90:13 91:25 92:9 92:10 92:24 93:2 93:10 93:19 94:4 95:1 95:10 95:13 95:18 95:23 98:20 99:24 100:4 101:2 101:3 101:10 102:1 102:24 105:14 105:19 107:16 108:3 108:10 108:10 108:19 109:8 109:13 110:2 112:10 112:24 113:7 114:20 116:2 116:4 117:15 119:21 120:2 120:7 121:13 122:2 122:12 122:16 123:4 123:14 123:15 123:16 123:17 123:18 123:22 124:5 124:8 125:6 125:18 126:7 126:18 127:21 127:24 128:2 129:22

**haven't**(4) 26:9 41:21 43:15 70:17

**haven't**(5) 101:15 103:18 116:5 125:19 129:23

**having**(13) 31:18 43:4 46:11 47:23 51:11 52:4 67:18 72:4 72:18 82:1 98:25 107:25 118:25

**hawkers**(2) 28:18 28:21

**head**(1) 115:25

**heading**(1) 47:5

**health**(2) 104:7 125:15

**hear**(18) 22:4 24:9 24:16 30:23 32:18 39:16 46:7 54:8 54:9 59:20 66:14 76:4 81:21 85:14 85:15 89:10 108:22 130:1

**heard**(22) 17:13 21:8 22:10 26:9 28:25 30:20 30:22 52:21 61:2 63:19 64:13 69:1 72:23 78:1 88:10 89:1 90:10 114:12 117:5 119:4 121:8 124:19

**hearing**(19) 17:14 26:5 26:10 26:13 26:15 27:1 29:1 29:8 35:11 63:22 101:19 101:21 121:10 121:11 121:14 121:15 127:21 130:19 130:20

**heart**(1) 33:10

**hechinger**(1) 70:1

**held**(2) 68:13 90:20

**helpful**(4) 68:9 69:10 69:18 127:22

**hence**(1) 20:25

**her**(1) 102:17

**herbert**(1) 14:18

**hercules**(1) 2:21

**here**(88) 26:5 26:7 26:10 26:15 26:22 27:8 27:11 34:12 36:3 36:4 36:12 36:14 38:21 39:21 40:13 41:1 41:10 41:15 46:22 46:23 49:3 49:24 51:21 52:1 52:12 52:21 54:25 55:11 55:21 55:25 56:17 57:25 58:5 58:25 60:9 61:16 62:16 63:4 64:14 65:20 67:8 67:20 68:16 68:21 69:18 70:22 72:2 74:14 74:21 78:3 78:5 79:20 80:8 80:16 81:11 81:14 82:15 83:16 84:17 86:7 87:7 94:2 94:6 94:25 99:4 100:14 101:4 103:17 103:19 103:25 106:13 106:21 107:5 107:11 108:3 108:20 109:7 111:19 112:18 117:11 119:18 120:17 123:18 124:3 124:23 125:18 125:23 126:9

**here's**(1) 65:1

**hereby**(1) 98:7

**herein**(1) 97:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hereof**(1) 97:23 | | **i'd**(9) 14:8  23:13  32:24  44:3  44:21  45:10 47:3  62:16  73:1 | | **indicated**(2) 50:9  126:17 | | **isn't**(7) 82:8  107:23  110:4  112:19  120:16 120:25  123:6 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**jewel**(6) 16:11 37:15 37:15 38:25 39:12 39:22

**jewel's**(1) 37:9

**jillian**(1) 8:9

**joel**(1) 8:27

**john**(8) 4:30 5:19 5:34 6:29 12:44 44:24 59:22 108:25

**johnson**(1) 13:37

**johnston**(1) 11:11

**joinder**(4) 51:5 78:4 79:2 90:1

**joinders**(1) 45:4

**joined**(4) 50:21 58:18 61:7 122:1

**joint**(2) 15:22 15:22

**jones**(1) 13:24

**joseph**(4) 4:42 9:4 13:37 119:16

**joshua**(1) 11:13

**jr.,esq**(1) 11:8

**judge**(29) 1:19 1:20 17:19 22:3 24:18 60:3 60:11 61:21 62:15 62:21 63:9 65:12 65:20 66:14 66:16 67:14 68:18 68:24 69:7 70:1 70:16 71:6 71:7 71:25 72:8 72:17 72:21 105:7 125:15

**judge's**(1) 21:19

**judges**(1) 67:4

**july**(1) 31:5

**juncture**(1) 128:1

**june**(10) 48:9 50:8 50:14 54:1 55:4 55:6 63:24 77:14 80:25 107:4

**jurisdiction**(2) 66:16 84:11

**jurisdictions**(1) 50:10

**jurisprudence**(1) 96:5

**just**(59) 14:9 16:24 22:3 27:19 34:6 41:21 45:3 45:9 49:12 50:4 50:16 50:19 52:2 53:23 56:23 57:13 62:3 62:16 67:9 67:10 67:9 70:14 71:20 77:8 78:4 78:16 80:3 81:9 83:7 90:8 93:11 94:2 95:13 95:16 95:19 96:10 97:16 97:17 97:20 99:5 99:12 99:18 102:5 106:10 107:5 108:5 108:19 113:2 113:15 118:21 118:22 121:8 121:22 121:24 122:25 124:21 128:14 129:24 130:8 130:9

**justin**(3) 6:4 11:22 32:20

**kalenchits**(1) 10:12 10:12

**kansa**(31) 1:26 1:26 17:4 17:5 18:1 18:3 18:5 18:19 23:24 24:1 24:24 24:20 25:5 25:7 25:10 26:9 26:11 27:17 27:22 27:25 28:5 30:24 31:24 32:1 39:18 39:18 42:5 42:5 102:11 102:11 102:24 103:4

**kaplan**(1) 10:5

**kara**(1) 16:14

**karen**(1) 12:24

**kasowitz**(2) 5:40 82:25

**katen**(1) 44:24

**katharine**(1) 4:11

**katten**(2) 4:29 13:8

**kavalis**(1) 12:6

**kaye**(1) 10:39

**kazan**(1) 5:26

**keenan**(1) 13:29

**keeping**(2) 119:6 120:23

**ken**(5) 1:26 17:5 39:18 42:5 102:11

**kenney**(1) 12:27

**kenny**(1) 5:1

**kerriann**(1) 8:21

**kevin**(1) 1:19

**killing**(1) 44:22

**kim**(2) 10:16 12:10

**kind**(9) 15:17 25:22 26:1 74:22 105:3 106:18 108:1 108:13 118:2

**king**(3) 2:43 3:40 4:13

**kira**(1) 9:14

**kirschenbaum**(1) 9:5

**kizzy**(1) 10:7

**klauder**(1) 3:39

**klayman**(1) 6:41

**kline**(1) 8:17

**knew**(1) 129:4

**know**(66) 23:7 36:10 36:18 38:12 38:21 39:4 39:5 43:13 43:22 44:3 44:6 45:15 45:20 50:6 52:18 53:11 62:4 63:17 64:9 64:24 65:14 66:15 66:19 69:5 69:6 69:7 71:5 79:22 80:4 81:19 81:22 82:11 85:19 86:18 87:6 93:2 93:25 96:12 100:1 101:1 103:17 103:24 104:10 104:23 105:5 107:1 107:19 107:22 107:23 108:2 108:9 108:18 108:19 109:25 111:15 111:8 112:12 115:8 116:11 116:15 118:8 124:5 125:21 129:25 130:8 130:9

**knowing**(3) 111:8 117:24 118:4

**knowledge**(1) 102:17

**knows**(4) 47:23 63:21 118:20 130:7

**krakauer**(1) 8:15

**kramer**(2) 7:16 11:16

**labeled**(1) 19:2 19:11

**labeling**(2) 19:4 19:5

**labels**(1) 19:17

**labor**(1) 95:18

**lack**(2) 71:6 119:19

**lance**(1) 10:20

**landis**(1) 3:5

**language**(10) 34:13 62:4 70:2 70:3 70:6 72:7 72:17 109:6 113:18 127:5

**large**(3) 30:8 38:23 124:6

**larger**(5) 43:14 73:24 74:12 75:21 77:11

**largest**(1) 63:12

**lasalle**(1) 4:43

**last**(6) 29:2 32:7 87:2 89:24 97:15 109:4

**lastly**(2) 20:20 103:5

**late**(7) 32:6 34:19 34:23 35:11 35:15 41:15 63:23

**later**(5) 38:18 57:16 69:2 86:23 89:14

**laughter**(18) 35:6 44:23 50:2 53:17 61:4 61:13 63:1 65:16 69:8 71:11 80:22 94:9 101:17 103:14 121:19 128:14 129:6 129:8

**laurie**(1) 2:20

**law**(50) 5:40 16:18 23:14 28:20 42:14 42:23 43:2 43:5 43:14 43:20 45:7 45:7 45:25 46:7 46:11 46:12 46:16 47:1 48:7 48:8 49:5 49:15 49:17 50:10 51:12 52:4 53:4 54:5 59:14 62:10 64:22 66:8 67:15 69:15 70:18 70:21 79:23 82:8 83:1 83:20 88:5 90:18 91:3 93:8 93:16 99:9 108:5 109:5 113:17 114:20

**laws**(1) 28:24

**lawsuit**(4) 60:8 92:18 113:21 114:16

**lawsuits**(7) 48:24 52:24 54:1 57:6 66:16 108:19 113:14

**lawyer**(3) 27:7 92:15 124:16

**lawyers**(6) 61:6 63:11 108:3 122:25 126:6 125:10

**layton**(1) 2:40

**lazard**(1) 13:28

**lbo**(5) 41:21 43:1 51:4 79:15 87:9

**league**(1) 31:9

**least**(17) 22:17 25:20 58:22 59:10 60:10 67:11 68:18 84:10 91:18 98:21 107:19 107:22 111:15 111:22 122:15 122:16 124:9 124:17 124:23 125:5 125:7 125:9 125:25 126:9

**leave**(2) 57:21 114:6

**leaves**(1) 16:2

**leaving**(1) 117:13

**leboeuf**(1) 11:8

**leclaire**(1) 13:39

**lee**(1) 13:25

**left**(2) 43:19 86:20

**leftover**(1) 29:23

**leg**(1) 92:7

**legal**(5) 26:8 58:3 64:5 66:25 119:21

**legitimate**(1) 109:5

**lemay**(12) 3:12 7:17 54:11 54:12 58:13 88:1 95:13 95:16 95:17 96:13 96:18 97:14

**lenders**(4) 2:10 47:13 48:13 101:6

**length**(1) 129:1

**leonard**(1) 1:33

**lerman**(1) 3:32

**less**(3) 48:9 62:17 120:13

**let**(17) 17:19 22:23 26:24 43:10 43:16 54:8 63:12 94:2 96:14 97:20 99:12 99:18 103:7 103:16 107:19 108:9 126:12

**let's**(4) 46:20 46:22 48:12 60:1

**letter**(2) 15:21 30:25

**let's**(5) 84:20 85:15 86:11 103:5 127:6

**level**(4) 71:13 92:11 96:3 111:3

**levin**(1) 11:16 11:16

**levy**(1) 9:18

**lewis**(1) 12:13

**lexington**(1) 2:36

**liability**(2) 16:22 40:4

**liable**(1) 94:22

**librarian**(1) 19:14

**library**(1) 22:22

**liebentritt**(1) 8:37

**lied**(1) 22:22

**light**(6) 17:18 19:4 20:1 20:2 23:3 109:15

**lightly**(1) 121:1

**like**(51) 18:1 21:11 21:13 21:13 21:23 22:3 22:4 22:7 22:16 22:18 23:7 23:8 23:13 25:12 25:16 26:18 26:20 27:8 32:24 37:18 41:22 43:13 44:3 46:21 47:3 55:14 73:1 78:22 84:9 84:18 90:2 90:8 97:4 99:22 100:1 100:21 107:14 107:16 107:19 107:23 108:11 117:8 118:22 119:24 120:22 123:20 124:10 127:4 127:10 129:17 130:7

**likely**(2) 50:9 86:10

**limit**(1) 62:16

**limitation**(5) 50:13 74:20 75:18 93:10 98:5 50:12 55:10 83:15 85:17 86:4 89:7 89:8 89:16 92:23 107:6

**limited**(5) 13:20 17:12 42:19 52:24 55:1

**limiting**(1) 129:1

**limits**(4) 106:12 106:21 112:3 123:22

**line**(3) 88:11 104:1 108:14

**lines**(1) 30:18

**lingering**(2) 22:14 119:23

**lion's**(1) 66:19

**liquidating**(1) 53:19

**listened**(1) 114:5

**litigate**(1) 122:17

**litigated**(2) 57:17 84:4

**litigating**(1) 82:3

**litigation**(32) 25:17 30:10 57:18 74:4 74:7 79:15 80:13 81:23 87:8 92:25 94:19 95:5 100:21 100:23 106:16 106:24 107:3 107:4 111:10 114:6 116:7 118:9 121:25 122:16 124:9 124:17 124:23 125:5 125:7 125:9 125:25 126:9

**little**(9) 38:17 39:19 41:14 44:10 46:23 50:17 55:11 114:23 123:13

**llc**(4) 8:4 11:38 28:11 31:7

**llp**(29) 1:24 2:19 3:11 4:29 4:41 5:33 5:41 6:22 7:4 7:12 7:25 9:5 9:9 10:15 10:19 10:31 10:39 11:8 11:17 11:29 12:13 12:19 12:23 12:36 12:43 13:4 13:8 13:20 13:24

**loaded**(1) 128:23

**loans**(1) 51:4

**located**(1) 36:15

**lodge**(1) 5:11

**logic**(1) 115:23

**logical**(1) 35:14

**long**(4) 40:10 74:15 81:24 106:11

**longacre**(2) 12:31 12:32

**longer**(6) 49:17 52:19 78:18 86:24 91:9 100:7

**look**(12) 23:7 46:22 46:23 67:9 99:12 100:4 107:10 109:18 110:5 121:25 122:9 125:14

**looking**(9) 35:8 36:11 49:3 67:4 82:2 107:24 108:8 108:8 119:9

**looks**(4) 105:6 105:19 107:19 107:23

**looming**(1) 85:22

**lose**(1) 27:9

**loses**(1) 53:22

**losquadro**(1) 10:24

**loss**(2) 85:22 86:4

**lost**(1) 77:16

**lot**(19) 18:25 21:24 21:25 22:2 23:8 23:18 27:6 27:7 53:5 62:17 63:3 65:19 67:15 70:22 85:25 85:25 120:20 122:12

**love**(1) 78:8

**lower**(1) 66:6

**ludwig**(1) 8:9

**lugano**(1) 1:39

**lump**(1) 71:6

**lynch**(3) 2:19 10:39 51:3

**lyondell**(1) 85:2

**made**(41) 20:4 20:9 20:24 21:2 21:3 21:18 22:1 23:7 27:11 42:1 42:25 45:18 46:8 47:14 50:3 56:20 59:8 69:16 71:17 82:25 91:1 98:6 98:19 106:2 107:4 108:10 108:13 111:24 112:6 112:13:24 115:10 115:11 115:13 118:3 118:11 122:4 122:23 124:11 124:13 130:3

**madlyn**(1) 10:40

**magnitude**(1) 126:8

**main**(3) 22:9 37:18 64:9

**major**(1) 31:9

**make**(35) 17:8 21:17 34:2 37:12 38:3 47:3 50:4 61:22 65:7 68:20 72:20 73:25 74:13 75:21 78:5 78:13 87:3 92:17 95:9 96:3 97:9 99:7 99:18 100:8 100:18 100:25 101:3 101:3 109:19 110:6 112:25 115:7 124:10 129:23

**makes**(8) 20:14 24:18 35:21 44:11 47:6 66:9 100:9 106:9

**making**(5) 84:12 99:8 110:2 118:9 126:18

**malice**(1) 20:4

**management**(14) 7:32 9:31 9:31 10:5 10:19 10:23 10:23 11:42 12:31 12:32 42:10 120:2 122:8 123:20

**manhattan**(1) 6:42

**manner**(3) 19:11 19:17 45:10

**many**(3) 45:3 66:17 127:19

**marbury**(1) 14:18

**marc**(3) 5:12 7:13 7:20

**march**(4) 1:14 14:1 29:3 131:7

**marcia**(1) 14:23

**margules**(1) 6:15

**marino**(1) 2:28

**marked**(1) 35:2

**marked-up**(1) 99:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

market(6) 1:11 2:22 3:7 4:37 5:35 6:43
martin(1) 4:18 58:15
martinez(1) 8:11
maryland(1) 54:20
massachusetts(1) 50:11
matter(29) 18:12 21:25 22:17 27:10 27:15 27:21 28:5 30:21 34:19 35:13 37:1 37:11 37:12 38:7 54:13 54:19 63:25 77:20 79:16 80:23 81:10 96:16 102:1 102:13 104:12 121:3 128:1 130:7 131:4

matters(7) 14:12 15:18 17:1 25:2 25:20 25:21 40:8

matthew(2) 8:11 9:32
mauceri(1) 12:14
maximize(1) 54:20
maximum(1) 29:21
may(53) 14:19 21:22 25:22 27:10 27:10 28:5 28:6 29:7 32:16 33:17 36:12 37:4 37:6 41:21 43:18 43:24 46:22 49:7 59:3 63:8 63:23 68:24 69:22 74:24 76:3 79:5 79:8 80:11 80:14 81:2 81:2 85:18 91:21 93:10 93:13 93:15 96:21 97:2 98:3 98:14 98:16 106:25 108:7 110:18 111:13 113:7 120:24 124:4 128:4 128:5 128:6 128:12 128:25 130:13

maybe(13) 51:8 60:11 62:11 66:15 82:11 82:12 98:11 98:12 106:8 107:23 112:14 116:23 125:19

mayer(2) 4:11 10:31
mccambridge(1) 5:19
mccarter(2) 4:10 11:4
mccolm(1) 9:22
mccormack(1) 7:18
mccormick(2) 45:1 50:18
mccutchen(1) 11:29
meagher(1) 9:26

mean(14) 45:19 53:25 63:10 66:7 70:7 71:17 101:5 103:22 121:5 125:6 125:8 128:13 128:14 130:3

meaning(2) 34:1 56:13
meaningful(1) 119:5
media(2) 24:16 25:2
median(1) 42:17
mediate(1) 130:8
mediation(11) 16:5 29:2 29:22 53:1 62:19 117:10 117:13 118:6 118:17 118:19 130:1

mediations(2) 117:17 117:17
mediator(1) 118:4 118:21
meet(2) 39:7 39:8
meeting(1) 79:24
meisel(1) 1:32
member(1) 51:6
members(4) 28:13 29:18 29:22 30:3
memorialization(1) 100:21
memory(1) 96:23
menachem(1) 12:16
mention(1) 58:21
mentioned(2) 56:15 57:19
mentions(1) 55:3
mercer(2) 13:19 13:20
mere(1) 65:20
meredith(1) 3:33
meridian(1) 2:6
merit(1) 21:21
merits(8) 26:2 69:21 73:2 73:17 80:12 103:12 124:14 124:16

merrill(3) 2:19 10:39 51:2
mester(1) 11:13
metaphor(4) 56:4 57:24 57:25 58:4
metaphors(1) 57:23
methodology(1) 79:13

michael(6) 8:41 9:6 10:36 11:29 11:30 12:33

michelle(2) 2:28 9:34
might(20) 17:8 25:23 26:21 27:4 43:20 55:19 65:3 70:7 91:12 95:13 100:25 114:23 116:9 118:19 121:12 124:2 127:25 128:20 129:18

mike(1) 10:28
miles(1) 8:19
million(34) 28:12 32:2 32:3 38:21 39:4 39:6 39:23 40:1 40:15 41:2 41:6 73:19 73:23 75:23 76:20 76:21 77:3 77:4 77:5 77:6 82:4 83:3 88:12 88:16 88:19 88:20 88:21 106:13 110:23 115:20 120:8 120:19 125:16 126:22

millions(1) 116:2
mills(1) 8:21
mind(2) 93:2 98:13
minds(1) 79:24
minimal(1) 122:5
minimize(1) 53:25
minimum(7) 28:8 28:20 28:23 29:21 65:3 68:3 107:16

minute(2) 50:16 90:3
mispronounce(1) 50:18
missing(1) 103:25
misstated(1) 98:12
mistake(1) 54:4
mistaken(1) 73:13
misunderstands(1) 119:10
mitchell(4) 28:22 29:5 29:10 29:24
modify(1) 16:19
modifying(1) 15:25 115:4 115:10
moment(6) 25:14 35:2 38:20 40:1 100:23 126:13

monarch(2) 11:24 11:25
monday(1) 29:3
money(9) 76:18 77:16 81:23 112:17 116:17 118:25 120:20 122:15 122:18

monroe(2) 4:31 6:11
month(1) 32:7
months(2) 31:15 48:10
more(17) 32:14 36:4 36:11 38:17 41:1 51:8 54:22 55:11 65:10 69:23 80:18 81:7 94:16 101:6 110:13 121:3 129:12

morgan(4) 2:4 2:33 10:15 12:13
morning(18) 14:3 14:4 14:5 17:4 17:24 17:25 32:20 37:4 37:8 42:8 54:11 54:16 58:15 59:21 78:2 78:25 82:23 102:23

morris(1) 4:35
moskowitz(1) 2:34
most(9) 49:10 50:14 51:20 57:2 86:9 94:17 99:20 125:4 127:22

motion(89) 15:8 15:10 15:12 15:19 15:19 15:20 15:21 15:22 15:22 15:23 16:3 16:16 16:16 22:10 28:6 28:7 28:25 30:16 37:13 37:17 37:19 38:3 38:5 38:25 39:14 39:22 40:22 41:8 41:10 41:24 42:12 42:15 48:20 52:22 54:9 54:15 54:17 54:19 55:11 57:14 57:15 58:18 59:18 61:7 61:23 61:25 62:8 62:10 64:15 65:5 71:13 71:22 72:6 72:11 73:2 73:3 73:3 73:6 73:8 73:8 73:14 73:17 74:12 75:21 80:17 83:4 83:2 84:5 89:17 94:14 96:3 97:8 101:19 103:6 104:10 104:11 105:8 107:3 109:7 109:21 113:8 113:16 113:22 114:6 114:6 114:10 117:3 117:8

motions(2) 84:4 84:5
mousetrap(2) 81:5 81:7
movant(2) 40:22 109:1

movants(12) 68:4 68:9 68:22 71:15 71:18 71:21 76:4 84:6 92:14 96:1 96:10 99:4

move(2) 26:4 65:17
moving(1) 25:22
much(19) 45:2 46:21 58:3 80:2 102:1 106:13 106:20 111:13 116:14 116:17 123:3 123:23 124:3 124:4 128:14 128:17 129:25 130:3 130:18

muchin(3) 4:29 13:8 44:25
muffle(1) 50:20
mulhern(1) 10:20
multiple(1) 81:14
mundane(2) 53:24 79:4
must(1) 56:13
mutual(1) 105:7
myers(1) 7:36
myself(1) 101:17
naftalis(1) 11:16
name(2) 50:20 91:16
named(5) 28:6 29:15 50:25 53:13 114:16
names(1) 39:1
name's(1) 78:3
narrow(2) 33:14 33:25
narrowed(1) 130:14
nash(5) 5:20 113:6 113:10 113:11 113:1
nature(1) 36:8
nature's(1) 85:4
near(1) 26:1
necessarily(2) 45:17 90:25
necessary(4) 26:10 26:13 103:24 127:12
need(22) 26:3 26:4 36:13 57:17 60:19 62:21 62:22 62:24 72:6 81:4 81:6 82:13 83:19 95:9 103:23 108:19 115:23 115:24 116:5 121:25 122:2 122:19

needs(2) 90:6 108:21
neel(1) 11:39
neglect(2) 32:25 38:4
negotiation(1) 129:7
negotiations(1) 115:18
neil(2) 10:24 113:21
neither(1) 37:11
nemours(1) 5:13
never(20) 19:10 19:20 20:9 21:3 22:10 22:11 33:10 35:15 39:7 39:8 68:15 73:23 86:19 86:20 86:21 90:18 90:19 98:13 106:3 110:10

nevertheless(2) 84:14 123:22
new(18) 2:30 2:37 3:15 3:29 5:44 6:25 9:9 18:15 28:8 28:11 28:19 28:20 34:10 77:4 78:16 78:21 83:1 112:9

newspaper(2) 19:2 28:11
newspapers(1) 120:23
next(7) 37:11 37:12 60:24 67:14 68:6 101:23 105:7

nice(1) 86:17
nicest(1) 49:25
nick(1) 9:28
niese(1) 51:6
night(1) 89:25
nobody(11) 44:6 65:1 70:23 76:11 83:9 83:10 83:10 86:3 87:6 94:12 117:18

nobody's(2) 70:19 72:3
nomura(2) 12:5 12:5
non(1) 63:5
none(3) 19:16 44:8 67:20
nonetheless(2) 32:13 119:6
nor(1) 20:6
normally(2) 25:20 109:17
norman(2) 1:34 14:5
north(5) 2:22 2:43 5:14 5:35 6:36

not(219) 17:13 17:13 20:4 20:22 22:6 22:12 22:13 23:6 23:7 24:6 24:15 24:17 25:16 26:19 26:20 26:22 26:22 27:10 31:11 31:13 32:10 33:22 35:3 35:10 35:13 35:19 36:12 38:8 38:13 38:13 40:1 40:2 40:6 40:7 41:10 42:12 43:6 43:14 44:6 45:10 45:19 46:3 46:18 47:17 48:15 49:3 50:8 52:12 52:18 52:20 52:25 52:25 53:21 53:9 59:11 60:4 60:5 60:12 60:17 60:18 60:20 60:20 61:8 61:25 62:3 62:12 62:21 62:22 63:8 63:8 63:11 63:19 64:2 64:13 65:1 65:5 65:7 65:8 66:5 67:3 67:23 68:1 68:4 68:8 69:4 69:6 69:12 69:17 70:2 70:6 70:10 70:20 70:22 71:15 71:17 71:17 71:20 71:22 72:1 72:3 72:20 73:7 73:10 74:14 74:18 74:20 75:3 75:25 75:25 77:1 77:13 77:14 79:4 79:12 79:20 80:2 80:3 80:14 80:15 81:5 81:25 82:1 82:16 83:21 84:7 84:14 84:15 85:10 85:15 85:20 87:5 87:10 87:15 88:6 88:14 90:11 91:3 91:18 91:21 92:7 92:17 94:10 94:23 95:9 95:21 96:1 96:10 96:17 98:13 98:24 99:8 99:8 99:18 100:8 100:10 101:11 102:19 103:19 103:24 104:11 106:7 106:10 106:25 107:7 108:2 108:16 109:15 109:20 109:20 110:7 110:8 110:11 110:16 111:8 111:9 111:22 111:23 112:9 112:18 112:23 112:25 113:16 113:18 113:23 114:8 115:6 115:8 115:22 116:6 116:18 117:25 118:7 120:15 122:24 123:24 124:25 124:15 124:16 124:23 124:24 124:25 125:1 125:12 126:9 126:19 127:24 128:13 128:25 128:20 130:9

notably(1) 57:3
note(17) 50:3 73:22 74:2 74:3 74:5 74:15 74:16 74:17 74:23 75:2 75:23 75:24 76:20 77:5 77:18 88:17 88:21

noted(4) 16:4 17:6 41:2 49:20
noteholder(7) 42:11 42:18 44:8 49:8 52:3 52:9 52:23

noteholders(1) 47:14 106:17
noteholders'(1) 124:12
notes(5) 48:23 83:3 83:4 95:2 128:2
nothing(12) 34:14 36:22 39:15 51:13 61:17 64:15 76:18 76:22 76:23 92:4 92:11 119:2

notice(5) 17:14 31:12 36:5 37:24 123:24
noticing(1) 29:19
notion(8) 55:22 67:17 112:2 112:14 113:17 115:15 118:23 121:6

notoriously(1) 110:9
novod(1) 12:20
now(36) 17:17 17:23 21:10 28:1 31:18 31:22 43:21 49:6 60:13 67:7 67:14 74:4 75:13 79:11 79:22 80:9 80:11 81:2 81:19 81:25 85:2 86:1 86:23 89:11 92:11 93:9 95:21 100:10 101:13 103:18 108:1 111:3 117:23 121:13 125:5 127:24

nullify(1) 34:2
number(19) 14:12 15:12 30:6 42:20 47:5 51:15 61:24 62:1 64:10 64:11 65:8 65:9 71:14 71:24 83:23 84:6 84:7 102:9 122:10

numbers(1) 66:20
oaktree(1) 11:8
object(11) 19:21 21:12 21:13 23:11 27:24 33:15 39:22 45:5 78:21 113:24 124:1

objected(5) 19:8 32:5 37:17 68:25 101:2
objecting(1) 114:10

Page : 11
04/08/11 17:16:06

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**objection**(41) 14:14 14:17 14:22 14:24 15:3 15:5 15:15 16:7 16:9 16:13 17:10 17:15 18:6 18:11 18:23 19:10 19:13 19:11 21:5 26:7 26:8 31:1 31:5 32:6 37:18 45:4 46:23 60:16 60:23 63:4 72:13 76:5 78:4 79:2 90:1 101:12 102:13 102:18 102:25 114:1 117:2

**objections**(15) 26:4 50:17 55:12 59:7 64:2 64:9 69:4 75:10 75:11 75:13 86:6 101:10 122:1 122:2 127:9

**objectors**(2) 43:6 59:20
**objects**(6) 56:12 57:5 57:8 57:10
**obligated**(4) 73:19 73:20 73:25 77:2
**obligation**(2) 88:17 88:20
**obligations**(3) 49:23 75:19 76:25
**observe**(1) 55:6
**obtain**(1) 42:12
**obtained**(1) 23:19
**obvious**(1) 120:12
**obviously**(4) 54:24 68:16 68:21 124:15
**occasion**(1) 43:15
**occasions**(1) 18:14
**occur**(2) 38:1 77:11
**occurrence**(1) 97:22
**occurring**(1) 77:14
**occurs**(1) 76:6
**october**(3) 18:23 24:5 24:6
**odds**(1) 70:1
**off**(7) 23:20 63:19 66:10 89:5 121:23 122:25 124:25

**offer**(2) 33:3 109:24
**officer**(3) 23:5 23:5 51:5
**officers**(8) 5:11 16:21 50:24 50:25 113:12 114:2 114:17 124:24

**official**(6) 3:4 7:11 20:15 51:7 54:12 87:24
**often**(4) 25:16 40:25 96:4 130:11
**okay**(30) 25:14 25:15 31:25 36:24 46:1 47:3 64:8 65:15 69:7 91:13 91:24 92:1 101:18 102:5 103:3 103:5 103:16 103:16 104:17 104:22 110:20 111:3 111:7 111:11 121:21 127:15 128:12 128:12 129:14 130:15

**old**(2) 82:5 119:20
**omnibus**(16) 14:14 14:17 14:22 14:24 15:2 15:5 15:15 16:7 16:9 16:13 17:10 18:6 29:8 31:1 32:6 102:13

**once**(9) 27:6 27:12 43:17 49:14 49:17 55:24 56:7 90:21 93:13

**one**(73) 1:28 2:12 3:28 17:7 18:10 22:23 25:14 28:10 31:7 31:16 34:24 35:3 35:12 35:25 42:20 43:22 46:24 47:5 47:13 47:22 49:7 51:8 51:9 51:14 56:6 59:6 61:25 62:3 62:6 63:18 64:11 65:8 66:14 69:23 70:12 70:12 70:17 71:14 71:16 76:15 76:16 76:18 76:19 76:20 76:22 76:23 78:17 78:19 79:25 80:1 83:23 85:18 89:11 90:3 90:6 92:16 92:17 93:23 96:2 96:6 97:1 97:7 105:6 106:9 108:18 109:4 119:1 120:8 120:8 120:12 120:16 125:13

**oneal**(1) 8:41
**ones**(1) 120:23
**ongoing**(2) 124:9 127:2
**only**(41) 14:23 15:15 16:6 16:10 16:15 17:12 19:14 20:7 21:18 31:2 33:21 34:23 40:21 44:18 45:4 45:20 46:24 63:21 63:25 62:17 67:3 67:17 70:17 71:14 74:19 75:3 75:14 76:6 76:24 77:16 79:5 79:12 81:16 82:1 84:15 92:1 92:17 93:24 95:2 95:25 97:1 97:3 98:12 102:13 103:19 110:25 111:1 113:16 116:6 122:22 124:10

**open**(1) 44:20
**opening**(3) 48:20 48:20 66:9

**opine**(1) 124:16
**opinions**(1) 104:8
**opponent**(1) 116:13
**opportunity**(8) 25:19 79:22 82:9 82:17 117:9 123:25 127:4 128:24

**oppose**(1) 54:2
**opposed**(5) 50:20 54:10 64:19 81:19
**opposes**(1) 49:20
**opposition**(1) 50:21
**opt**(1) 59:11
**orange**(1) 5:14
**order**(78) 15:25 16:17 16:24 16:24 17:8 21:19 22:22 24:14 24:17 24:17 24:18 25:4 25:4 41:25 42:17 42:19 42:24 47:10 48:13 48:24 49:22 53:1 55:1 58:7 58:9 58:11 61:16 61:17 62:3 62:5 62:19 62:22 63:24 65:11 71:3 71:8 72:16 72:21 78:21 78:23 82:16 83:22 88:4 90:2 90:11 91:4 92:4 92:7 92:12 96:11 99:7 99:15 99:17 99:18 99:20 100:3 100:4 100:9 100:17 100:22 101:4 101:6 101:23 103:1 105:6 113:21 113:22 114:1 115:4 115:10 116:6 117:3 124:6 126:19 127:7 127:10 130:10

**ordered**(2) 29:1 105:13
**ordering**(2) 83:17 84:13
**orders**(3) 15:17 99:13 100:1
**ordinary**(4) 64:15 109:22 123:23
**organic**(3) 122:13 122:17 122:23
**original**(4) 18:22 48:21 66:8 79:10
**other**(59) 20:18 25:2 25:2 25:24 26:12 28:10 28:25 30:8 33:22 34:5 35:3 35:18 38:22 41:21 41:22 42:11 44:8 47:14 47:1 49:12 50:22 52:23 53:7 53:9 59:15 60:6 61:1 63:5 63:6 70:1 70:5 71:18 75:6 76:15 78:13 80:6 81:21 82:12 85:5 87:5 88:3 88:8 88:25 89:20 92:2 92:9 94:11 97:9 107:2 109:12 109:13 115:12 118:21 122:12 122:15 122:22 122:23 123:14 124:1

**others**(3) 81:17 96:6 108:23
**otherwise**(2) 55:20 60:5
**ought**(5) 48:14 95:25 114:8 115:15 116:13
**our**(47) 19:13 30:10 32:15 32:15 33:13 39:19 41:5 43:5 45:4 48:9 48:19 48:20 50:9 51:19 52:15 56:25 57:19 59:1 59:6 59:17 60:16 63:4 66:25 67:6 67:7 67:15 67:23 68:11 69:4 72:13 74:11 74:18 94:10 102:17 102:18 102:18 103:11 107:20 113:20 114:8 114:10 116:12 117:1 119:12 125:1 126:6 126:6

**ourselves**(4) 95:7 116:6 116:15 116:21 119:18

**outcome**(1) 95:9
**outline**(1) 14:9 29:9
**outlined**(7) 25:17 125:21 28:23 64:16 73:13 109:17 118:9

**outweighs**(1) 80:24
**over**(9) 22:15 24:23 47:7 64:1 77:19 79:24 84:11 87:3 99:12 102:12 123:15 124:3

**overall**(3) 104:19 111:4 130:7
**overcome**(1) 64:25
**overkill**(1) 121:12
**overlap**(4) 63:3 68:21 68:21 83:13
**overrule**(1) 101:11 117:2
**oversight**(1) 108:20 126:7
**oversimplify**(1) 38:18
**overstate**(1) 70:11
**overstatement**(1) 114:24

**overy**(1) 13:4
**owed**(2) 76:25 115:6
**own**(7) 43:7 43:8 53:13 84:25 119:9 122:16 126:3

**owned**(1) 31:8
**owns**(1) 83:9
**o'connor**(1) 6:40
**o'melveny**(1) 7:36
**o's**(2) 107:10 108:4
**p.a**(1) 1:33

**p.m**(3) 102:7 102:7 130:20
**page**(1) 59:11
**pages**(1) 129:12
**paid**(11) 29:12 76:14 103:21 104:5 104:9 116:11 125:19 126:8 126:14 126:17 127:3

**paint**(1) 20:1
**palmer**(1) 9:6
**paper**(4) 18:25 48:9 64:10 128:14
**papers**(12) 32:15 32:17 32:24 33:1 39:20 56:25 57:19 60:20 105:8 105:9 107:20 117:1

**paperwork**(1) 24:13
**paragraph**(7) 78:19 90:12 91:6 91:8 92:4 97:19 101:8

**paragraphs**(4) 78:14 78:17 90:10 100:17
**parallel**(3) 47:16 47:16 91:1
**park**(3) 3:28 7:12 12:24
**parke**(3) 3:2 14:2 103:10
**part**(20) 19:12 21:18 25:11 38:9 44:19 59:8 66:8 69:1 73:18 73:19 73:21 74:1 74:2 78:6 79:14 91:17 95:23 113:25 125:11 130:5

**participate**(2) 17:13 118:20
**participating**(1) 117:16
**participation**(1) 118:19
**particular**(11) 39:2 41:22 50:20 59:5 59:18 74:17 76:5 78:18 99:18 112:20 130:11

**particularly**(6) 59:2 68:9 75:7 80:5 119:23 129:17

**parties**(30) 25:25 29:2 29:20 29:25 51:7 60:25 68:18 68:19 68:20 71:9 79:19 80:25 81:10 82:17 85:18 89:13 96:16 98:14 99:16 100:21 104:3 106:14 107:15 117:10 119:13 123:25 127:4 127:6 128:7 130:8

**partly**(1) 33:18
**partner**(1) 10:19
**partners**(6) 10:27 10:27 10:43 10:43 11:42 13:24

**party**(17) 12:23 13:8 28:21 29:20 30:15 37:16 39:1 39:10 40:6 40:8 40:9 40:10 46:3 60:6 60:17 88:25 113:24

**pass**(1) 55:24
**passage**(1) 85:23
**passed**(4) 31:8 37:19 56:8 72:18
**past**(4) 31:15 82:17 105:2 105:13
**patrick**(2) 5:20 113:10
**pause**(2) 43:10 69:24
**pay**(7) 45:18 46:24 88:19 104:14 110:18 115:5 115:20

**paying**(3) 112:13 112:15 116:17
**payment**(12) 16:20 29:22 87:9 98:6 104:20 107:9 111:4 113:2 125:16 126:14 126:18 127:2

**payments**(15) 29:14 42:25 50:23 51:10 53:10 69:16 73:5 73:6 105:12 111:23 111:24 114:7 115:10 125:14 125:22

**pays**(2) 76:20 76:20
**peace**(1) 80:9

**pendency**(1) 90:20
**pending**(10) 25:17 25:21 31:18 49:1 74:3 74:9 74:15 84:3 91:2 117:14

**pennock**(1) 9:20
**pennsylvania**(1) 1:43
**pension**(1) 82:1
**people**(29) 57:23 58:2 80:5 81:2 81:20 81:24 82:8 82:10 82:14 85:25 86:17 87:13 95:8 97:1 97:3 98:18 98:22 118:19 120:7 120:13 120:17 120:22 120:25 121:1 121:6 121:7 121:13 121:24 128:24

**people's**(1) 57:23
**per/pro**(1) 12:40
**perceived**(1) 49:23
**percent**(7) 27:8 30:10 30:13 82:2 83:2 103:22 106:9

**percentages**(1) 29:24
**perfectly**(1) 58:2
**perhaps**(5) 80:16 89:2 118:17 121:14 122:10

**period**(2) 15:20 89:16
**permissible**(1) 38:14
**permission**(2) 37:5 105:17
**permit**(3) 74:4 100:20 128:24
**permitted**(6) 33:18 33:20 48:14 74:7 74:14 75:7

**pernick**(6) 1:34 14:5 14:6 14:12 17:3 17:6
**persist**(1) 119:6
**person**(3) 23:7 96:6 119:1
**personally**(2) 61:9 94:22
**perspective**(1) 67:9
**pertaining**(2) 24:16 77:13
**pertains**(5) 74:19 75:8 75:13 76:23 77:1
**peter**(1) 10:16
**peters**(1) 13:20
**phil**(3) 3:27 123:11
**phillips**(2) 4:4 5:12
**phone**(3) 17:12 17:17 117:14
**phones**(8) 48:23 58:18 58:23 59:1 59:4 59:10 77:20 81:11

**php**(2) 53:17 57:19 69:22 70:8
**pick**(2) 59:23 63:23
**piece**(2) 28:15 70:17
**pierced**(1) 94:21
**pioneer**(1) 33:4 33:6
**piper**(1) 2:27
**pitch**(1) 56:5
**place**(8) 29:2 36:7 52:12 59:1 59:2 86:1 119:1 123:22

**plain**(2) 33:25 70:2
**plains**(1) 7:7
**plaintiff**(5) 48:21 51:24 69:12 69:14 112:5
**plaintiff's**(2) 29:5 38:2
**plaintiffs**(14) 17:21 29:15 30:1 30:15 40:10 47:2 68:14 85:12 85:16 85:21 87:1 87:16 92:20

**plan**(43) 29:12 42:12 42:19 44:9 47:24 48:3 49:1 49:5 49:8 49:8 49:9 50:7 52:3 52:3 52:9 52:9 59:7 59:13 66:13 70:3 79:10 79:10 79:11 79:18 80:4 80:14 81:2 81:13 93:3 93:5 93:9 93:17 94:16 95:5 98:2 98:10 101:1 105:22 106:15 116:3 122:1 122:1 122:2

**plans**(14) 41:20 41:23 47:8 47:9 47:15 63:18 68:22 68:25 75:11 87:7 87:11 87:11 97:18 108:7

**play**(2) 58:3 67:7
**playing**(1) 96:4
**plaza**(2) 2:21 3:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**pleading**(2) 57:1 124:11
**pleadings**(1) 50:9
**please**(4) 14:2 35:4 101:24 102:8
**pleased**(1) 29:3
**plenty**(1) 125:10
**pllc**(1) 3:32
**plus**(1) 40:15
**plvtz**(1) 14:25
**podium**(1) 42:7
**point**(43) 37:23 38:24 38:25 40:5 44:6 44:7 44:8 44:12 45:9 53:2 56:5 56:25 59:23 67:12 67:14 67:14 67:16 67:23 68:4 68:6 69:21 71:20 79:25 83:9 84:7 87:3 87:7 88:2 90:8 90:18 90:25 91:4 92:2 92:2 96:18 97:17 98:15 102:14 107:1 121:24 122:22 127:9 128:13 130:10

**pointed**(1) 20:7
**points**(6) 47:3 60:3 65:1 82:24 83:8 90:9
**police**(2) 23:5 23:5
**policies**(16) 16:22 104:13 105:20 105:20 106:19 108:1 109:10 110:1 110:4 110:20 110:22 112:3 113:18 113:23 116:25 122:6
**policy**(16) 36:1 103:18 104:24 106:12 106:21 108:10 109:6 109:14 113:18 113:2 114:2 118:16 118:23 120:18 123:3 123:23

**polk**(2) 2:33 10:15
**polsinelli**(1) 5:26
**ponzi**(1) 85:8
**portion**(2) 18:12 27:21
**portrayed**(1) 19:3
**poses**(2) 39:24 41:3
**position**(17) 33:13 43:22 45:22 54:6 62:20 68:9 70:11 70:19 75:16 79:7 85:16 92:14 96:6 103:8 103:11 114:8 114:24

**positions**(2) 122:8 127:11
**possess**(1) 92:21
**possibility**(3) 93:14 93:18 116:9
**possible**(2) 26:17 80:21
**possibly**(1) 23:22
**post-trial**(1) 127:20
**posture**(3) 25:25 30:13 58:5
**potential**(12) 47:1 60:7 67:18 68:2 87:9 87:19 92:19 92:25 104:15 107:6 108:6 126:10
**potentially**(4) 67:7 75:5 112:4 126:19
**potter**(1) 2:19
**power**(1) 97:4
**powlan**(1) 2:5
**ppearances**(7) 1:22 2:1 3:1 4:1 5:2 6:1 7:
**practical**(2) 94:3 95:4
**practice**(1) 94:14
**practitioner**(1) 81:19
**pre**(1) 69:16
**pre-1994**(1) 33:15
**pre-litigate**(1) 57:14
**pre-petition**(2) 98:6 123:19
**pre-trial**(1) 18:8
**precautionary**(1) 62:8
**precedence**(1) 47:21
**precise**(1) 24:5
**precisely**(2) 74:6 97:9
**precluded**(2) 64:23 70:6
**precludes**(2) 45:12 56:22
**preclusive**(1) 95:9
**predicament**(1) 74:11
**preemption**(2) 64:12 72:14
**prefer**(1) 16:23
**preference**(3) 108:18 113:14 120:3
**prefigured**(1) 55:14
**prejudge**(1) 75:12
**prejudice**(8) 18:21 22:5 22:6 41:24 84:3 84:8 91:7 92:5
**preliminary**(1) 54:13
**premature**(2) 63:20 67:11

**premise**(1) 19:22
**prepared**(3) 93:23 95:8 116:4
**preparing**(1) 38:3
**present**(2) 17:21 51:2
**presentation**(2) 44:10 44:20
**presentations**(1) 129:25
**presented**(3) 29:7 64:14 98:20
**presently**(2) 17:11 18:8
**preserve**(3) 85:17 115:16 116:25
**preserved**(4) 61:24 72:14 87:21 107:12
**preserving**(1) 126:10
**pressing**(5) 44:4 44:6 44:7 103:7 103:10
**pressure**(3) 50:5 55:6 55:8
**presumably**(2) 57:15 112:14
**presumed**(1) 67:22
**pretty**(4) 37:13 55:13 129:25 130:3
**prevent**(2) 109:7 109:25
**previously**(3) 43:16 74:7 95:3
**primarily**(1) 32:23
**primary**(1) 111:17
**primoff**(1) 10:40
**principal**(2) 29:9 51:14
**principally**(3) 19:9 30:7 67:24
**principle**(2) 29:4 59:14
**prior**(9) 31:14 38:1 55:9 67:12 75:17 77:6 77:19 113:21 126:17

**prioritizing**(1) 56:15
**priority**(7) 31:20 32:12 35:17 77:21 106:6 106:8 107:9

**priority-of-payment**(3) 104:23 104:25 109:11

**priority-of-payments**(1) 113:19
**prison**(1) 23:14
**privilege**(2) 20:13 20:14
**privileges**(1) 127:3
**pro**(7) 12:40 18:12 18:13 45:1 59:22 108:25 119:17

**probably**(5) 71:9 83:6 96:1 125:4 126:23
**problem**(4) 47:22 73:17 75:15 95:23
**procedural**(8) 18:17 18:19 24:3 25:25 52:22 53:24 54:25 72:6

**procedure**(2) 41:20 124:2
**procedures**(1) 15:11
**proceed**(7) 17:15 17:17 18:1 64:7 81:15 91:3 109:22

**proceeded**(1) 18:11
**proceeding**(4) 36:6 92:6 107:25 108:5
**proceedings**(7) 1:18 1:47 24:7 83:25 94:5 116:3 131:4

**proceeds**(26) 37:14 37:17 37:21 38:5 38:12 38:13 38:14 38:19 39:1 39:3 41:1 45:23 77:22 104:11 109:14 111:5 113:17 113:25 114:3 118:17 118:17 118:24 120:11 122:8 123:5 123:15

**process**(8) 15:24 29:19 48:16 49:2 49:5 50:7 80:18 109:22

**produced**(2) 1:48 116:2

**professor**(5) 106:10 106:17 115:14 119:4 124:14

**progeny**(1) 55:17
**prohibited**(1) 71:19
**prohibits**(1) 53:4
**proof**(8) 15:12 19:1 20:4 31:13 31:16 31:17 57:2 66:7
**proofs**(10) 18:6 18:9 21:6 28:9 28:14 28:16 30:2 30:3 30:8 30:9

**proper**(2) 84:11 86:13

**properly**(4) 57:12 61:9 89:8 108:16
**property**(17) 38:13 61:25 65:8 65:8 72:1 78:19 79:18 91:10 91:18 100:7 104:11 104:13 105:20 109:15 113:18 123:5 123:6
**proponent**(1) 83:5
**proponents**(6) 42:12 42:19 44:9 47:24 52:23 93:4
**proposal**(2) 78:14 93:25
**propose**(1) 16:24
**proposed**(12) 41:19 48:13 58:7 63:18 84:24 90:11 99:13 99:20 101:6 101:8 101:23 129:21
**proposing**(1) 102:19
**proposition**(6) 40:23 53:7 53:21 95:24 110:15 111:12

**propositions**(1) 70:12
**prosecute**(11) 43:7 47:16 48:15 84:15 90:14 90:24 91:9 93:6 99:24 100:11 117:25
**prosecuted**(4) 52:6 83:22 83:23 100:24
**prosecuting**(3) 85:5 85:6 85:7
**prosecution**(1) 83:18
**prospects**(2) 19:7 20:25
**protect**(2) 125:7 126:2
**protected**(2) 93:11 108:21
**protective**(1) 49:22
**protocol**(2) 107:16 108:12
**proven**(1) 20:6
**provide**(6) 28:3 33:17 87:7 106:22 110:21 127:7

**provided**(5) 17:14 31:12 34:20 34:24 79:1
**provides**(5) 32:11 110:24 110:25 117:9 117:21

**provision**(9) 62:18 103:20 104:23 105:1 105:9 105:11 106:6 106:8 113:19

**provisions**(7) 33:22 34:2 34:3 59:9 109:11 109:12 109:15

**prudential**(1) 96:16
**publication**(2) 22:21 28:19
**published**(2) 19:16 23:20
**pull**(1) 43:24
**punt**(1) 66:15
**punted**(1) 117:19
**purchase**(4) 73:19 73:22 75:24 88:17
**purchased**(1) 122:7
**purely**(1) 26:8
**purported**(4) 28:7 28:9 28:13 29:14
**purpose**(2) 55:18 91:19
**purposes**(5) 52:7 57:5 57:8 101:19 118:8
**pursing**(1) 89:13
**pursuant**(6) 31:20 32:10 58:23 87:9 99:22 109:10

**pursue**(18) 37:14 37:16 37:21 38:5 38:14 39:12 39:23 40:19 40:19 41:13 43:20 46:12 55:23 94:20 99:11 99:23 100:13 100:14
**pursued**(2) 52:8 100:23
**pursuing**(5) 21:21 38:11 40:5 56:22 81:9
**pursuit**(2) 40:25 74:7
**pushed**(1) 64:1
**put**(17) 23:2 53:12 58:3 66:21 76:18 77:2 77:5 85:16 86:13 93:8 96:6 96:15 97:5 97:10 105:9 117:22 123:22
**puts**(1) 65:22
**putting**(3) 38:19 80:12 103:23
**qualified**(1) 20:14
**question**(15) 20:12 20:24 22:20 26:24 35:24 36:11 44:19 46:4 46:25 65:18 103:22 105:3 111:17 123:19 129:21

**question-and-answe**(1) 109:4
**questions**(11) 32:16 42:2 42:3 49:12 58:12 74:12 76:2 101:13 101:24 101:25 127:13

**quickly**(2) 14:9 97:17
**quite**(6) 55:8 56:19 88:7 121:12 122:8 122:11

**quote**(3) 69:10 97:20 120:16
**quoted**(1) 113:20
**rachel**(1) 12:14
**raise**(10) 33:3 38:23 44:14 45:10 51:14 53:3 67:14 68:6 72:9 83:17

**raised**(21) 35:10 45:9 46:4 52:16 59:24 60:13 60:20 63:3 63:4 63:6 63:16 64:9 65:25 69:19 72:13 74:12 75:22 81:12 95:24 101:10 123:17

**raises**(2) 33:1 46:25
**ran**(1) 67:20
**rank**(1) 32:13
**rath**(2) 3:5 3:6
**rather**(7) 42:13 52:22 53:24 77:5 88:1 110:15 117:13

**rational**(2) 81:8 82:10
**reach**(2) 35:15 127:8
**reached**(1) 16:4
**reaches**(1) 30:13
**reaction**(1) 113:17
**read**(6) 22:23 34:6 43:16 64:10 103:18 104:8

**readily**(1) 122:24
**reading**(3) 23:18 33:25 34:1
**reads**(3) 68:8 69:25 96:13
**ready**(4) 55:23 60:20 125:7 127:24
**real**(6) 46:5 81:23 81:23 108:3 117:23
**real-time**(1) 108:12
**real-world**(1) 106:18
**reality**(3) 82:7 82:8 128:21
**realized**(1) 80:1
**really**(33) 26:6 36:3 38:3 40:9 43:21 44:4 45:19 52:12 54:22 54:25 55:13 56:13 56:15 56:25 57:13 57:24 62:8 63:25 64:24 66:2 72:6 79:25 85:13 87:4 87:14 89:16 95:6 109:5 110:12 120:20 122:9 123:2 123:6

**reason**(11) 41:23 66:7 69:1 75:12 75:20 89:18 95:1 107:11 108:15 118:25 119:10

**reasonability**(1) 81:8
**reasonable**(7) 20:5 109:20 109:21 110:3 112:20 113:1 118:12

**reasons**(13) 21:4 30:6 39:23 41:7 42:1 54:18 55:25 57:7 69:20 70:13 96:2 97:7 117:1

**recall**(6) 24:13 28:6 79:8 93:10 97:25 106:10

**recapture**(1) 69:15
**receive**(1) 77:15
**received**(11) 51:10 73:6 73:6 73:11 73:25 76:16 82:1 87:9 88:9 120:3 126:21

**recently**(3) 94:18 99:20 105:6
**recess**(2) 102:7 130:19
**recipients**(1) 50:22
**recognition**(1) 125:9
**record**(6) 17:5 17:20 23:13 42:2 124:22 130:3

**recorded**(1) 1:47
**recording**(2) 1:47 131:3
**recover**(9) 42:24 53:10 65:21 69:13 76:23 120:7 120:9 122:18 122:20

**recoveries**(4) 54:21 57:2 104:15 106:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| recovery(11) 59:4 73:4 75:1 75:22 76:25 98:6 106:22 106:24 107:7 107:12 112:4 | | require(3) 41:16 56:10 120:18 | | right(48) 14:11 17:17 17:19 17:23 17:24 21:7 22:19 23:22 24:23 26:21 27:14 27:23 28:4 30:19 37:1 39:13 39:16 41:9 43:7 43:18 44:5 45:24 49:18 52:21 53:14 55:2 58:13 66:6 78:20 85:2 90:14 90:23 91:8 92:10 93:20 95:21 97:15 99:3 99:3 99:24 100:11 100:14 101:11 105:15 122:9 123:7 126:12 126:24 | | satisfactory(1) 129:13 |
| | | required(2) 46:24 53:8 | | | | satisfied(1) 56:2 |
| redeem(1) 73:20 | | requisite(1) 88:14 | | | | satisfies(1) 34:24 |
| redeemed(5) 88:12 88:13 88:18 89:4 89:20 | | researched(1) 35:19 | | | | satisfy(1) 34:19 |
| redeeming(1) 47:21 | | reserve(1) 101:2 | | | | savings(1) 82:3 |
| redemption(7) 42:25 50:23 51:10 69:16 73:4 89:8 89:12 | | reserved(1) 108:17 | | | | saw(5) 23:18 23:18 102:23 107:20 120:16 |
| | | reserving(1) 101:7 | | | | say(41) 18:6 21:13 22:4 22:6 22:18 23:3 26:9 35:19 38:8 41:12 46:24 48:9 55:10 57:23 61:23 62:1 64:9 65:18 67:19 69:3 70:8 76:5 78:18 82:11 84:9 84:20 86:11 87:5 92:4 97:7 99:22 100:1 100:19 112:1 116:25 119:5 119:8 127:6 129:4 129:20 130:5 |
| reduce(3) 19:19 111:4 112:3 | | resisted(1) 107:17 | | rights(12) 46:7 49:16 91:17 91:19 91:21 94:15 99:8 101:5 101:7 105:23 108:17 123:4 | | |
| reducing(1) 45:17 | | resolution(5) 41:20 74:11 81:7 107:15 130:12 | | | | |
| reduction(1) 104:19 | | | | riley(1) 4:36 | | saying(4) 27:13 33:21 91:21 111:21 |
| reed(2) 6:28 108:25 | | resolve(6) 29:25 30:2 75:21 119:14 124:7 127:8 | | ripeness(6) 52:14 54:5 65:6 65:10 65:19 69:19 | | says(27) 19:11 19:20 22:20 33:2 34:6 34:13 34:18 37:24 38:21 44:14 46:9 56:7 57:17 57:19 65:1 68:22 69:12 78:19 81:22 84:6 90:12 96:21 97:19 103:19 103:20 103:24 115:11 |
| refer(2) 33:11 43:1 | | | | | | |
| referenced(2) 62:3 125:4 | | resolved(3) 67:13 95:6 130:7 | | ripples(1) 79:4 | | |
| referred(3) 73:4 95:3 105:8 | | resolving(4) 30:7 30:9 75:17 117:18 | | rise(5) 14:2 44:18 54:15 88:1 102:8 | | schaible(1) 2:35 |
| referring(1) 70:5 | | resource(1) 107:6 | | risk(2) 86:4 89:14 | | scheme(1) 85:8 |
| reflect(1) 59:13 | | resources(1) 119:8 | | road(6) 46:22 66:15 104:15 115:17 116:9 117:20 | | scholer(1) 10:39 |
| reflecting(1) 58:9 | | | | | | school(1) 82:8 |
| regain(1) 43:7 | | respect(36) 14:14 14:18 14:22 14:25 15:3 15:6 15:14 16:10 16:14 17:9 20:3 36:2 43:19 47:4 55:12 73:3 74:16 76:12 89:3 89:8 89:12 92:6 93:1 96:25 98:4 100:6 100:16 100:25 102:15 102:25 109:1 112:2 116:11 122:4 122:19 127:1 | | robby(1) 14:15 | | schott(1) 10:28 |
| regained(3) 78:20 90:14 99:24 | | | | robert(3) 2:13 11:26 44:25 | | schotz(2) 1:32 14:6 |
| regard(1) 59:6 | | | | robinson(1) 8:23 | | schulte(1) 12:23 |
| regarding(2) 105:9 115:14 | | | | rochester(1) 9:38 | | schuylkill(1) 1:42 |
| regardless(1) 38:14 | | | | rockefeller(1) 3:14 | | scope(5) 15:25 28:23 73:1 73:7 73:13 |
| reimbursable(2) 108:2 117:16 | | | | roditi(1) 9:34 | | scott(1) 6:23 |
| reimbursing(1) 108:16 | | respective(3) 90:14 99:25 | | rodney(1) 2:42 | | scrumming(1) 55:20 |
| reiterate(1) 93:2 | | respond(6) 71:5 83:7 115:12 118:22 121:13 128:24 | | roitman(1) 7:20 | | seal(3) 15:19 15:19 15:22 |
| rejected(2) 112:6 112:10 | | | | role(1) 26:22 | | sean(1) 6:17 |
| relate(2) 74:18 75:11 | | | | room(4) 44:20 61:3 61:6 122:25 | | seated(2) 14:2 102:8 |
| related(4) 22:7 30:10 64:3 94:14 | | responded(1) 32:7 | | rose(1) 45:20 | | second(10) 32:4 33:1 52:11 53:2 57:16 74:15 81:4 95:24 110:25 125:11 |
| relates(3) 50:13 73:2 74:20 | | response(12) 30:22 30:23 31:2 40:5 71:16 76:5 101:14 102:21 107:22 127:14 130:5 130:17 | | rosenman(2) 4:29 13:8 | | |
| relating(3) 19:16 24:7 88:2 | | | | rosner(2) 5:42 82:25 | | |
| relationships(1) 19:7 | | | | rosner's(1) 90:17 | | secondly(2) 21:13 68:13 |
| relative(2) 29:5 81:17 | | responses(1) 60:11 | | roth(1) 12:23 | | section(9) 31:21 32:10 33:18 42:21 58:24 90:13 96:19 96:20 97:11 |
| relatively(1) 122:5 | | responsibility(1) 126:7 | | rothschild(1) 5:33 | | |
| release(7) 47:24 63:17 74:24 86:13 86:14 98:10 115:25 | | responsive(1) 118:14 | | roughly(3) 31:22 64:23 83:3 | | |
| | | restrict(1) 116:19 | | routine(4) 61:23 62:7 64:15 65:5 | | sections(1) 24:25 |
| released(5) 27:13 48:5 75:1 86:13 98:7 | | restriction(1) 111:24 | | routing(1) 120:21 | | securities(1) 11:38 12:5 12:5 |
| releases(1) 79:15 | | rests(1) 22:21 | | rowena(1) 13:5 | | see(12) 25:12 26:21 42:10 78:22 81:6 81:20 81:20 84:9 96:21 105:2 105:12 107:15 |
| relevance(1) 34:12 | | result(5) 19:21 24:6 40:20 89:2 102:19 | | rudnick(3) 4:17 12:19 58:16 | | |
| relevant(5) 31:4 37:23 65:1 117:25 118:1 | | resulted(3) 19:6 20:21 29:4 | | rule(7) 24:14 28:8 34:7 34:21 94:24 107:11 107:20 | | |
| relied(2) 32:23 122:7 | | resulting(1) 31:18 | | | | seeing(1) 32:23 |
| relief(39) 16:12 21:19 37:14 41:11 42:13 42:20 49:20 49:21 50:21 52:24 53:24 54:2 54:25 55:1 58:6 58:23 59:3 62:16 62:19 62:22 65:3 73:3 85:12 88:4 88:6 88:23 95:24 96:8 96:16 96:17 96:20 96:22 97:2 97:3 101:9 108:15 115:2 125:20 126:25 | | results(1) 67:8 | | ruled(3) 24:1 24:4 69:4 | | seek(8) 37:19 37:21 40:7 42:19 74:4 84:14 84:15 108:15 |
| | | resumed(1) 130:13 | | rules(2) 22:13 34:1 | | |
| | | resumption(1) 101:20 | | ruling(7) 42:1 63:23 69:25 72:12 82:16 123:7 127:6 | | |
| | | retain(1) 46:6 | | | | seeking(15) 38:4 45:12 51:24 52:23 53:24 65:20 111:20 112:23 114:18 115:2 115:3 124:22 124:23 124:24 124:25 |
| | | retained(4) 16:17 42:13 90:23 124:16 | | run(9) 14:8 47:16 48:6 53:14 57:25 58:1 63:9 66:10 89:9 | | |
| | | retention(1) 16:1 | | | | |
| relieve(1) 92:3 | | rethink(1) 81:4 | | | | seeks(2) 37:15 109:21 |
| rely(1) 126:1 | | retired(1) 81:24 | | run-of-the-mill(1) 125:3 | | seem(5) 25:24 37:25 53:14 106:11 120:24 |
| remaining(1) 24:7 | | retiree(4) 98:3 98:4 98:7 98:10 | | running(1) 42:15 | | seemed(1) 117:18 |
| remarkable(1) 110:15 | | retirees(9) 7:4 51:6 79:1 79:8 80:6 87:2 93:1 93:3 97:19 | | ruppert(8) 55:16 56:10 56:11 56:14 56:14 57:4 57:5 57:8 | | seems(6) 20:25 35:14 37:18 54:19 110:13 118:2 |
| remarks(1) 66:9 | | | | | | |
| remedy(1) 48:11 | | | | rush(2) 85:15 89:4 | | |
| remember(1) 128:3 | | retirees'(2) 87:4 98:13 | | said(35) 19:20 19:21 19:22 19:23 21:19 23:2 24:11 24:13 24:18 47:18 49:13 49:19 50:1 50:14 54:18 55:5 55:18 56:17 59:12 61:16 70:14 78:6 84:6 84:7 87:14 88:16 93:12 93:15 112:11 113:16 115:1 116:15 123:8 128:17 | | seen(4) 62:2 70:18 80:18 84:4 |
| remote(1) 21:1 | | retirement(2) 82:3 82:5 | | | | seife(17) 3:13 7:22 103:9 103:10 103:15 104:1 104:18 104:21 104:25 105:4 105:15 105:18 106:1 106:4 106:7 107:14 124:21 |
| removal(1) 15:20 | | retread(1) 119:20 | | | | |
| reopen(1) 24:23 | | return(2) 26:24 88:9 | | | | |
| reopened(1) 23:10 | | revco(1) 85:3 | | | | |
| replies(4) 18:24 128:10 128:13 129:12 | | revenue(3) 16:10 31:3 32:22 | | | | |
| reply(5) 18:23 25:11 51:19 71:16 73:9 | | revert(3) 29:24 56:8 86:19 | | | | seiger(1) 78:6 |
| report(4) 20:13 20:14 20:16 123:18 | | reverted(5) 62:2 65:9 67:21 67:23 70:21 | | | | seiler(1) 10:5 |
| reported(1) 125:12 | | reverting(3) 67:22 71:25 86:16 | | | | seized(1) 54:24 |
| reports(1) 116:4 | | reverts(2) 46:6 49:15 | | saldinger(1) 12:29 | | self(1) 30:4 |
| represent(8) 61:7 63:11 78:10 78:11 80:6 113:11 119:25 121:13 | | review(1) 76:19 | | sale(1) 91:17 | | selling(1) 73:14 |
| | | revised(4) 58:9 58:11 90:2 103:1 | | sam(2) 6:34 51:2 | | send(1) 25:10 |
| | | rexene(1) 40:14 | | same(33) 23:20 45:14 45:14 52:7 55:20 56:13 56:16 57:1 59:13 64:17 64:20 64:23 65:21 66:5 66:11 66:11 67:18 68:11 69:15 69:21 70:7 70:25 71:1 71:5 75:2 82:11 82:13 85:8 85:8 91:22 97:5 97:10 112:5 | | senior(3) 48:22 83:3 83:4 |
| representativ(6) 42:22 46:4 49:17 53:7 53:9 53:21 | | rich(1) 4:36 | | | | sense(3) 35:21 66:9 114:21 |
| | | richard(1) 12:29 | | | | senses(1) 119:13 |
| | | richards(1) 2:40 | | | | sent(1) 25:8 |
| representatives(1) 49:14 | | rifkind(2) 9:13 11:33 | | | | sentences(1) 95:14 |
| reputation(2) 19:6 22:2 | | | | | | senter(2) 3:32 3:33 |
| request(7) 22:8 103:11 118:9 118:11 118:13 119:12 123:24 | | | | samuel(1) 13:33 | | separate(4) 18:13 22:7 51:18 55:15 |
| | | | | samuels(1) 8:27 | | separated(1) 22:9 |
| requested(4) 88:23 101:10 126:8 126:25 | | | | sat(1) 47:23 | | |
| requests(3) 125:14 125:22 126:21 | | | | satisfaction(2) 45:15 66:24 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**serious**(6) 56:9 56:10 56:10 80:12 118:1 125:23

**seriously**(1) 43:21
**service**(4) 1:41 1:48 15:24 29:14
**services**(3) 1:41 14:15 15:15
**session**(1) 130:13
**set**(12) 58:6 79:13 88:10 89:10 89:16 89:17 94:3 95:7 97:22 106:16 113:23 117:1
**sets**(2) 47:1 55:15
**settle**(5) 49:18 81:22 118:2 118:10 118:12
**settled**(2) 49:13 79:12
**settlement**(18) 29:4 29:6 29:10 30:5 30:14 79:9 79:9 79:11 79:14 93:3 93:13 106:21 115:16 115:18 115:22 116:7 122:16 125:1
**settlement's**(1) 16:4
**settling**(3) 106:12 108:6 116:9
**seven**(5) 28:6 29:15 50:22 97:19 101:8
**seventeen**(1) 52:4
**several**(3) 15:18 19:9 50:9
**seyfarth**(1) 9:9
**shall**(2) 92:4 98:7
**shamah**(1) 7:39
**shannon**(1) 9:20
**shape**(1) 112:23
**share**(1) 66:19
**shareholder**(12) 50:22 51:10 53:10 60:5 73:4 73:15 76:16 85:3 87:8 87:20 88:8 89:20
**shareholders**(6) 42:24 43:9 52:19 76:16 88:3 90:15
**shareholders.'**(1) 90:16
**shares**(5) 88:9 88:18 89:3 89:12 89:20
**shaw**(2) 9:9 12:27
**shaya**(1) 9:38
**she**(2) 102:16 102:18
**shocking**(1) 101:15
**shot**(1) 72:8
**should**(64) 17:17 25:20 32:9 34:15 35:19 46:10 46:25 47:21 48:14 69:1 71:14 71:24 72:2 72:22 72:24 74:13 74:14 76:9 78:17 84:1 84:2 86:3 88:22 88:6 88:24 89:13 89:15 91:3 91:3 92:2 92:22 94:2 94:21 94:22 97:3 97:5 100:23 101:22 107:12 109:7 110:16 110:16 111:22 111:23 111:2 112:21 115:8 115:9 117:15 118:3 118:5 118:8 120:12 120:14 120:15 121:7 122:20 124:1 124:2 125:8 126:1 127:7 128:10 130:8
**shouldn't**(1) 121:7
**should've**(1) 121:14
**show**(4) 19:24 20:21 20:22 98:20
**showing**(2) 104:8 114:13
**shrekgast**(1) 12:33
**shughart**(1) 5:26
**shugrue**(14) 6:29 108:24 108:25 110:10 110:22 111:6 111:11 112:1 112:9 113:5 113:16 115:1 122:23 126:16
**shut**(1) 124:25
**side**(7) 92:18 103:20 104:20 110:21 110:24 110:25 111:4
**sidley**(5) 1:24 8:8 16:25 17:5 102:11
**siegel**(3) 4:18 58:15 58:16
**sieger**(23) 4:30 44:18 44:24 44:24 45:24 59:21 59:22 60:3 60:10 61:2 61:5 61:14 62:15 62:20 63:2 64:8 65:15 65:17 68:24 69:7 69:9 71:5 71:12
**sign**(2) 63:19 100:9
**significant**(3) 39:24 39:24 41:3
**silverstein**(1) 2:20
**simes**(1) 10:36

**similar**(8) 46:10 51:16 51:24 85:1 109:11 113:22 120:5 123:20
**similarity**(1) 47:8
**similarly**(2) 80:6 96:6
**simple**(4) 31:5 72:2 72:6 130:4
**simply**(12) 34:22 37:21 40:18 85:23 88:7 88:19 94:5 110:4 115:9 115:19 115:22 117:11
**since**(6) 20:24 52:10 52:16 81:24 82:1 99: 22
**single**(5) 45:15 53:6 64:15 66:23 84:22
**sir**(2) 17:24 21:10
**sit**(7) 61:19 61:20 62:25 82:9 107:14 119:13 121:7
**sitting**(2) 86:3 86:7
**situated**(2) 80:6 96:7
**situation**(6) 51:21 52:1 75:2 85:10 103:25 106:18
**situations**(2) 25:16 66:18
**six**(1) 67:4
**skadden**(1) 9:26
**skepticism**(2) 56:18 56:19
**skip**(1) 102:12
**skipped**(1) 37:11
**slate**(1) 9:26
**slater**(1) 6:9
**slcfc**(7) 43:2 43:4 90:15 91:9 92:6 99:25 100:6
**slightly**(3) 45:13 46:8 114:5
**slip**(3) 37:15 39:5 63:12
**small**(1) 81:19
**smart**(1) 98:22
**smith**(2) 6:28 108:25
**social**(2) 19:7 20:25
**software**(2) 4:4 102:22
**solely**(3) 75:14 88:1 100:20
**solution**(2) 117:12 117:21
**some**(55) 22:1 22:5 22:6 23:2 23:3 23:4 23:10 23:18 25:22 46:12 55:9 56:18 64:2 65:18 71:13 72:17 76:24 81:16 82:8 82:22 82:24 83:13 86:12 91:22 92:3 93:14 93:1 94:14 94:19 98:21 98:21 106:11 107:5 107:11 108:11 108:19 110:22 111:23 113: 116:10 117:14 118:23 119:22 120:12 120:14 120:16 120:19 121:2 122:4 123:14 124:3 125:3 126:7 128:24 130:13
**somebody**(4) 43:21 66:10 77:9 121:17
**somehow**(7) 63:12 65:9 72:18 77:10 77:11 89:15 94:22
**someone**(4) 44:4 53:7 53:8 89:14
**something**(12) 25:21 26:19 41:4 48:16 58:4 61:2 94:17 94:24 96:1 99:22 113:7 118:7
**sometimes**(4) 25:18 46:21 57:23 58:2
**somewhat**(2) 79:7 112:11
**somewhere**(1) 25:6
**soon**(2) 26:16 26:25
**sorry**(4) 57:4 57:10 70:18 89:23
**sort**(13) 62:8 62:9 63:7 64:11 67:5 67:14 67:21 68:10 68:14 70:7 71:7 109:25 111:24
**sottile**(19) 3:19 7:28 87:23 87:23 92:13 95:18 127:17 127:17 128:5 128:7 128:11 128:15 128:19 128:23 129:2 129:5 129:9 129:11 129:15
**sought**(6) 28:8 40:7 45:11 62:16 62:19
**sound**(2) 1:47 131:3
**soundly**(1) 112:6
**source**(3) 59:4 106:22 107:12
**south**(4) 1:28 2:6 5:22 6:30
**spaeder**(3) 3:18 7:25 87:24
**speak**(3) 85:2 105:6 111:18

**speaker**(1) 50:3
**speaking**(3) 45:4 61:9 81:16
**special**(2) 9:24 87:24
**specific**(11) 42:20 46:3 72:11 91:15 98:9 101:7 103:18 104:4 105:9 113:1 125:14
**specifically**(3) 36:12 36:14 101:7
**specified**(3) 29:10 29:22 29:24
**spence**(2) 4:4 4:5
**spending**(4) 106:23 109:25 116:14 116:16
**spent**(7) 67:15 70:22 115:16 117:24 123:8 123:9 124:4
**sperling**(1) 6:9
**spigot**(1) 124:25
**spoke**(1) 102:16
**sports**(1) 57:25
**square**(1) 2:42
**squarely**(1) 65:22
**stage**(1) 112:25
**stand**(5) 50:7 94:12 95:1 119:5 130:19
**standard**(3) 33:7 66:6 67:3
**standards**(1) 66:25
**standing**(26) 46:11 46:17 46:18 51:15 51:18 52:11 52:13 52:16 52:17 52:17 54:2 54:4 60:2 60:6 60:13 60:14 61:16 64:11 70:10 72:14 72:19 77:18 78:17 94:19 99:11 100:10
**standpoint**(2) 59:17 85:15
**stands**(5) 31:22 40:23 53:6 53:20 70:12
**stanley**(1) 2:4
**star**(1) 13:33
**stargatt**(1) 2:10
**staring**(1) 86:3
**start**(1) 115:25
**starting**(2) 17:1 89:11
**state**(51) 16:17 30:1 37:16 38:5 39:11 42:13 42:23 43:2 43:20 45:7 46:4 46:7 46:11 46:16 47:10 48:6 48:8 49:5 49:15 50:10 51:12 52:4 53:4 56:23 57:16 59:14 61:18 62:10 65:12 66:10 69:15 70:20 70:25 72:8 72:15 72:16 74:4 74:7 75:5 76:8 76:9 78:7 81:15 83:20 88:5 91:3 93:8 93:16 99:9 100:2 114:7
**state-statute-of-limitation**(1) 84:16
**stated**(2) 42:1 42:18
**statement**(9) 17:15 19:24 20:4 20:7 20:8 21:2 38:18 98:23 124:10
**statements**(3) 20:24 62:7 124:13
**states**(3) 1:1 1:20 3:38
**stations**(1) 120:24
**statue**(1) 42:21
**status**(9) 16:5 16:14 23:25 28:2 28:3 30:12 94:21 102:14 102:20
**statute**(13) 48:8 48:24 49:11 50:12 50:13 53:4 55:10 67:20 70:7 76:11 83:15 85:17 86:4
**statutory**(1) 34:1
**stay**(29) 16:12 16:20 21:24 22:3 22:16 37:14 40:7 40:13 40:25 41:11 42:16 48:25 52:25 55:2 62:9 62:13 72:4 76:1 84:1 95:25 96:9 96:20 96:22 96:24 96:25 100:16 100:19 107:4 126:20
**stayed**(2) 24:24 24:24 24:25 66:17 106:24 107:3 119:24 121:6 121:24 125:5 125:9 125:12 129:11 129:15
**ste**(9) 1:35 3:34 3:40 4:25 4:37 5:28 6:11 6:18 6:43
**stearn**(1) 2:41
**steen**(1) 8:29

**step**(34) 42:24 42:24 44:21 48:1 48:5 50:14 63:17 73:4 73:9 73:19 73:21 73:22 73:25 74:15 74:20 74:21 74:24 74:25 75:18 76:14 76:15 76:17 76:19 76:19 76:22 76:23 77:2 77:15 77:17 88:12 89:4 89:11 89:12 93:22 95:6
**step-one**(1) 90:15
**step-two**(2) 90:15 93:24
**stephanie**(1) 13:39
**stephen**(1) 4:5
**stepped**(1) 32:2
**steven**(2) 8:23 15:12
**still**(13) 19:23 21:15 21:20 21:21 22:14 33:21 34:19 39:9 74:9 74:15 103:7 107:21 119:23
**stingy**(1) 110:9
**stip**(1) 98:9
**stipulation**(1) 97:17
**stock**(10) 42:25 69:15 73:20 73:20 74:1 75:24 76:17 76:21 88:12 88:12
**stockholders**(1) 47:21
**stood**(2) 81:11 105:16
**stop**(2) 92:12 99:25
**store**(1) 37:15
**stores**(2) 16:11 37:9
**straightforward**(1) 115:3
**strange**(2) 44:11 47:6
**strauss**(3) 3:25 9:37 42:9
**street**(16) 1:11 1:42 2:6 2:15 2:22 2:43 3:7 3:20 3:34 3:40 4:6 4:13 4:19 4:31 5:14 6:36
**strength**(1) 115:21
**stress**(1) 85:22
**stricken**(1) 94:25
**strike**(1) 94:25
**striking**(1) 104:3
**stromberg**(1) 8:25
**strongly**(1) 59:18
**structure**(2) 59:1 59:2
**stuck**(1) 61:19
**stuff**(1) 72:7
**subject**(8) 74:5 74:9 75:3 75:25 94:19 101:11 108:19 127:3
**submission**(2) 127:1 128:4
**submissions**(1) 129:11
**submit**(14) 41:25 60:24 66:1 88:22 99:15 101:22 103:1 109:18 112:22 114:13 114:21 114:21 115:17 127:10
**submitted**(4) 58:7 73:9 126:13 127:2
**subordinate**(1) 105:22
**subordination**(3) 59:9 77:20 81:12
**subpart**(1) 96:20
**subpoena**(1) 107:21
**subsequent**(1) 31:17
**subsidiaries**(1) 120:1
**subsidiary**(2) 28:11 30:11
**substantial**(1) 108:1
**substantive**(2) 42:12 99:8
**subtle**(1) 46:8
**success**(3) 82:19 82:20 119:5
**such**(22) 20:23 34:1 42:25 43:7 43:19 44:14 50:12 52:24 78:23 96:17 96:22 98:4 98:7 99:9 12 99:23 100:11 100:21 105:17 106:8 106:15 109:14 109:15
**sue**(2) 114:9 121:5
**sued**(16) 64:17 64:18 86:10 87:5 87:6 87:10 87:20 109:9 110:17 118:25 120:2 120:7 120:9 120:13 120:19 121:1
**sufficiently**(1) 99:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **suggest**(29) 37:25 47:17 48:13 51:16 56:11 60:13 61:6 63:14 63:22 64:25 65:4 68:7 69:24 70:2 71:12 71:14 71:17 80:16 90:1 97:4 97:5 107:13 110:10 117:8 118:15 128:20 129:3 129:10 129:11 | | **ten**(1) 85:3 **tend**(1) 111:7 **tended**(1) 20:1 **tendered**(1) 96:11 **tenth**(1) 14:14 **term**(3) 19:3 33:20 119:19 | | **that**(301) 57:19 57:22 58:1 58:7 58:8 58:9 58:11 58:12 59:7 59:8 59:8 59:9 59:10 59:13 59:18 59:24 60:3 60:8 60:11 60:12 60:14 60:14 60:16 60:19 60:24 61:5 61:6 61:7 61:7 61:9 61:12 61:15 61:15 61:16 61:16 61:17 61:20 61:22 61:23 61:23 61:25 62:1 62:3 62:4 62:7 62:10 62:12 62:16 62:20 62:22 62:24 63:2 63:4 63:5 63:5 63:8 63:11 63:12 63:13 63:14 63:16 63:18 63:18 63:19 63:20 63:22 63:25 64:9 64:14 64:17 64:18 64:22 64:24 64:25 64:25 65:7 65:9 65:14 65:18 65:19 65:20 65:21 65:24 66:1 66:5 66:7 66:7 66:9 66:12 66:14 66:14 67:8 67:16 67:17 67:19 67:20 67:23 67:25 67:25 68:3 68:7 68:8 68:8 68:13 68:14 68:20 68:23 68:24 69:2 69:3 69:10 69:11 69:13 69:22 69:24 69:25 69:25 70:2 70:5 70:8 70:8 70:9 70:10 70:11 70:11 70:12 70:16 70:17 70:20 70:22 70:23 70:23 70:24 70:25 71:4 71:4 71:5 71:12 71:14 71:17 71:18 71:19 71:19 71:22 72:5 72:7 72:10 72:12 72:13 72:15 72:20 73:9 73:10 73:12 73:13 73:14 73:16 73:17 73:20 73:24 74:3 74:3 74:5 74:8 74:13 74:13 74:16 74:17 74:21 74:23 74:23 74:25 74:25 75:6 75:9 75:11 75:18 75:20 75:20 75:21 75:22 75:24 75:24 75:25 76:1 76:2 76:6 76:9 76:10 76:11 76:7 77:8 77:9 77:10 77:11 77:19 77:19 78:5 78:8 78:13 78:14 78:15 78:16 78:18 78:19 79:4 79:7 79:9 79:11 79:14 79:16 79:19 79:23 80:4 80:10 80:13 80:16 80:20 80:24 80:24 81:7 81:7 81:14 81:20 82:5 82:6 82:15 82:19 82:25 83:8 83:10 83:19 83:21 83:23 83:24 83:24 84:1 84:2 84:7 84:8 84:11 84:12 84:12 84:18 84:19 84:19 84:21 84:25 85:4 85:5 85:9 85:20 85:18 85:25 86:4 86:6 86:7 86:8 86:9 86:11 86:14 86:16 86:17 86:22 86:22 87:4 87:5 87:7 87:8 87:14 87:15 87:20 88:2 88:4 88:8 88:9 88:12 88:17 88:22 89:2 89:3 89:6 89:7 89:8 89:13 89:14 89:14 89:17 89:18 90:2 90:10 90:17 90:22 90:25 | | **that**(272) 90:25 91:1 91:1 91:4 91:6 91:11 91:15 91:19 91:19 91:25 92:12 92:17 92:23 93:5 93:10 93:11 93:12 93:13 93:14 93:18 93:24 93:25 94:4 94:14 94:19 94:20 94:20 94:21 94:22 94:23 94:24 95:2 95:4 95:9 95:10 95:23 95:24 96:1 96:3 96:5 96:6 96:8 96:9 96:11 96:19 96:21 96:21 96:24 97:2 97:4 97:9 97:11 97:12 97:18 97:18 97:19 97:19 97:21 98:16 98:19 98:19 98:20 98:25 99:1 99:7 99:20 99:24 100:1 100:3 100:8 100:9 100:10 100:11 100:14 100:18 100:23 101:4 101:9 101:10 101:15 101:21 101:24 102:14 102:20 102:25 103:22 103:25 104:5 104:9 104:11 104:12 104:14 105:6 105:10 105:11 105:13 105:14 105:23 106:10 106:21 106:23 106:24 106:24 107:6 107:8 107:9 107:11 107:18 107:18 107:20 108:3 108:3 108:12 108:21 109:5 109:7 109:12 109:13 109:14 109:22 109:25 110:1 110:2 110:8 110:10 110:12 110:15 110:16 110:17 110:25 111:8 111:9 111:10 111:12 111:14 111:15 111:16 111:21 111:21 112:2 112:5 112:11 112:12 112:13 112:14 112:15 112:21 113:13 113:15 113:17 113:25 114:1 114:2 114:7 114:8 114:12 114:18 114:19 114:21 114:22 114:23 115:2 115:2 115:3 115:6 115:15 115:17 115:19 116:2 116:5 116:6 116:8 116:12 116:15 116:16 116:18 116:18 116:21 116:25 117:8 117:9 117:10 117:12 117:15 117:15 117:18 117:19 117:21 117:21 118:2 118:3 118:5 118:7 118:7 118:9 118:14 118:15 118:18 118:23 119:3 119:4 119:8 119:10 119:21 119:23 119:24 120:4 120:5 120:7 120:10 120:22 121:6 121:12 121:24 122:6 122:7 122:15 122:17 122:19 122:22 123:4 123:4 123:14 123:16 123:19 124:1 124:1 124:2 124:2 124:5 124:7 124:7 124:12 124:25 125:6 125:9 125:22 125:25 126:1 126:8 126:17 126:19 126:20 126:22 127:5 127:7 127:9 127:12 127:19 127:24 127:25 128:20 128:20 128:21 129:2 129:4 129:12 129:16 129:18 129:19 130:1 130:4 130:6 130:7 130:9 130:13 130:18 131:2 |
| **suggested**(5) 30:17 47:18 54:6 64:6 128:8 **suggesting**(10) 46:7 65:13 70:13 81:5 98:11 98:24 98:24 98:25 110:8 110:14 **suggestion**(4) 74:23 74:25 75:9 126:1 **suggests**(1) 64:22 **suite**(2) 3:7 3:21 **suits**(1) 68:11 **sum**(1) 53:23 **summarized**(2) 39:20 56:1 **summed**(1) 54:23 **sums**(1) 40:12 **supplement**(1) 23:13 **supplemental**(1) 15:25 **supplied**(2) 111:15 118:6 **supply**(1) 27:20 **support**(15) 33:4 39:14 40:22 54:9 54:15 54:17 58:10 70:19 70:24 71:23 113:7 113:16 113:17 114:22 115:3 **supported**(2) 89:2 130:2 **supportive**(1) 97:12 **supports**(5) 45:25 49:21 54:6 58:6 88:23 **suppose**(3) 27:4 55:6 55:8 **supposedly**(1) 66:12 **sure**(12) 43:12 50:4 52:20 68:20 78:5 92:17 95:9 96:3 97:9 100:8 110:2 123:7 | | **terminating**(1) 96:24 **terminology**(2) 57:10 86:17 **terms**(8) 29:9 34:7 59:24 63:3 65:6 96:15 100:2 101:7 109:10 **territory**(1) 75:6 **test**(3) 40:14 57:9 60:19 **testimony**(8) 47:23 106:10 106:17 115:14 116:4 121:9 121:12 121:14 124:17 **text**(1) 20:15 **than**(24) 32:15 41:21 48:9 50:6 51:8 53:7 53:9 54:23 67:1 69:23 74:12 77:5 80:18 81:17 85:9 87:5 88:1 94:11 117:13 120:1 121:3 123:13 127:20 129:12 **thank**(59) 17:3 21:7 22:19 23:24 25:13 27:17 27:23 27:24 30:19 30:24 35:5 37:7 39:13 41:9 42:4 45:1 46:1 49:12 54:6 54:8 58:13 59:19 59:20 72:21 72:22 77:2 77:25 78:23 78:24 82:20 82:22 87:21 87:22 89:21 89:22 90:7 93:20 95:11 95:12 97:13 97:14 97:16 99:3 102:4 103:3 103:1 108:22 108:24 113:4 113:9 117:3 117:4 119:14 119:15 123:10 124:18 126:12 129:15 130:18 **thanks**(3) 42:3 101:25 123:9 **that**(301) 15:3 16:2 16:14 17:8 17:11 17:15 17:18 18:2 18:7 18:8 18:10 18:13 18:15 18:21 18:22 19:1 19:4 19:4 19:4 19:5 19:10 19:15 19:15 19:24 19:25 20:4 20:7 20:8 20:10 20:14 20:16 20:17 20:21 20:22 21:5 21:14 21:14 21:18 21:19 21:20 21:23 22:1 22:3 22:3 22:10 22:12 22:14 23:2 23:3 23:4 23:6 23:7 23:7 23:9 23:15 23:17 23:19 23:20 23:20 24:6 24:9 24:14 24:15 25:18 25:25 25:25 26:3 26:7 26:9 26:13 26:16 26:19 26:21 26:22 26:23 26:25 27:4 27:11 27:21 27:22 27:25 28:1 28:20 28:21 29:1 29:2 29:4 29:5 29:6 29:12 29:19 30:5 30:16 30:20 30:25 31:2 31:2 31:2 31:8 31:12 31:17 32:8 32:9 32:11 32:16 33:1 33:3 33:9 33:13 33:17 33:18 34:8 34:9 34:12 34:13 34:17 34:18 34:20 34:21 34:22 35:7 35:14 35:14 35:15 35:21 35:22 36:1 36:5 36:6 36:10 36:13 36:15 36:17 36:19 36:22 37:3 37:10 37:11 37:18 37:22 37:22 37:23 37:23 37:24 37:25 38:9 38:12 38:15 38:18 38:19 38:22 38:23 38:24 38:24 38:25 38:25 39:5 39:6 39:8 39:9 39:10 39:11 39:22 39:25 40:1 40:1 40:12 40:16 40:21 40:24 40:24 41:1 41:3 41:5 41:7 41:12 41:13 41:14 41:16 41:16 41:22 41:23 42:1 42:6 42:13 42:20 43:3 43:4 43:6 43:19 43:21 43:21 43:24 43:25 44:6 44:7 44:7 44:8 44:10 44:12 44:15 44:5 45:8 45:9 45:10 45:19 45:20 45:20 45:22 45:22 45:25 46:3 46:6 46:7 46:8 46:9 46:12 46:13 46:14 46:20 46:23 46:25 46:25 47:4 47:7 47:9 47:21 47:21 47:22 48:6 48:11 48:13 48:14 48:16 48:16 48:20 48:25 49:4 49:5 49:10 49:13 49:17 50:4 50:8 50:13 50:20 50:21 51:10 51:13 51:16 51:17 51:22 51:24 52:1 52:22 52:24 53:4 53:6 53:13 53:14 53:16 53:19 53:20 53:22 54:1 54:5 54:7 54:14 54:18 54:19 54:19 55:1 55:3 55:5 55:6 55:13 55:13 55:15 55:18 55:19 55:25 55:22 55:25 55:26 56:1 56:1 56:4 56:5 56:6 56:7 56:11 56:11 56:13 56:19 56:20 56:24 57:4 57:5 57:16 | | | |
| **surprise**(2) 58:2 87:7 **surprised**(2) 43:14 93:11 **survive**(1) 49:6 **survived**(1) 62:4 **susceptible**(1) 20:5 **suspect**(4) 34:12 36:19 36:21 94:6 **suspense**(1) 44:22 **sustain**(2) 21:5 26:7 **suttonbrook**(2) 7:31 7:31 **swallow**(2) 34:7 34:21 **swing**(5) 55:17 55:21 56:1 56:2 56:7 **sympathetic**(1) 81:17 **tactics**(1) 114:9 **tag-teaming**(1) 95:18 **tailor**(1) 129:18 **take**(10) 25:23 26:9 27:15 35:4 37:1 47:21 86:1 96:7 102:5 121:1 **taken**(1) 43:22 85:24 104:15 **takes**(2) 42:6 77:4 **taking**(3) 36:7 79:23 80:8 **talented**(1) 92:15 **talk**(4) 38:17 60:1 118:21 127:5 **talking**(8) 63:10 64:20 65:23 68:16 70:23 72:1 80:2 125:17 **tat**(1) 124:11 **tax**(1) 13:15 **taylor**(1) 2:11 **technically**(1) 19:25 **teed**(1) 98:16 **teitelbaum**(9) 7:4 7:5 78:25 79:1 79:1 80:23 87:14 93:11 97:16 **telephone**(2) 17:21 127:8 **telephonic**(7) 7:9 8:1 9:1 10:1 11:1 12:1 13:1 **television**(1) 120:24 **tell**(12) 25:15 26:13 35:1 35:9 35:21 58:4 83:21 91:12 99:13 100:22 114:20 130:2 **telling**(1) 26:7 **tells**(1) 56:6 **tempering**(1) 125:8 | | | | | | **that's**(53) 14:19 14:22 14:23 15:9 15:11 15:13 15:16 16:5 17:2 18:19 22:18 23:10 24:15 24:21 25:21 26:11 26:19 26:22 27:13 31:24 33:5 33:8 33:10 35:12 35:18 36:16 36:25 38:9 38:12 38:22 39:4 39:7 39:8 41:18 45:24 46:17 48:12 51:20 51:25 55:17 56:14 56:20 57:24 59:8 60:4 61:7 62:15 62:22 66:17 68:2 68:12 69:11 71:20 **that's**(41) 76:21 80:3 80:14 80:15 81:12 81:13 81:23 82:7 83:18 83:23 83:24 84:5 85:5 85:13 87:10 87:15 88:14 91:4 92:12 93:19 96:10 98:24 101:9 103:21 103:24 105:3 105:25 107:1 110:1 114:9 115:17 116:24 117:22 117:24 117:24 118:2 118:5 122:13 126:25 128:11 130:3 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 1:1 1:2 1:19 2:14 2:29 5:5 5:13 6:24 14:2 14:3 14:6 14:8 14:11 14:14 14:15 14:17 14:21 14:21 14:21 14:24 14:25 15:1 15:2 15:2 15:5 15:8 15:10 15:14 15:15 15:18 15:19 15:19 15:20 15:20 15:21 15:22 15:22 15:23 15:24 15:25 16:1 16:1 16:3 16:3 16:4 16:4 16:7 16:9 16:10 16:13 16:14 16:17 16:19 16:19 16:21 16:23 16:24 16:24 16:25 17:2 17:4 17:5 17:6 17:7 17:8 17:9 17:10 17:12 17:14 17:15 17:17 17:19 17:20 17:21 17:23 17:24 18:1 18:4 18:5 18:7 18:9 18:11 18:12 18:13 18:14 18:16 18:17 18:21 18:23 19:2 19:5 19:8 19:9 19:9 19:10 19:10 19:11 19:12 19:12 19:13 19:13 19:14 19:15 19:15 19:17 19:19 19:20 19:21 19:22 19:24 19:24 20:3 20:4 20:7 20:8 20:10 20:11 20:11 20:12 20:14 20:15 20:16 20:16 20:17 20:18 20:18 20:21 20:24 21:2 21:5 21:5 21:7 21:10 21:14 21:14 21:15 21:16 21:16 21:17 21:18 21:19 22:1 22:1 22:3 22:4 22:9 22:10 22:11 22:11 22:12 22:12 22:13 22:14 22:16 22:19 22:20 22:20 22:22 22:24 23:2 23:3 23:4 23:5 23:8 23:9 23:9 23:10 23:12 23:13 23:13 23:16 23:18 23:24 23:24 23:25 23:25 24:1 24:2 24:2 24:3 24:4 24:5 24:8 24:8 24:9 24:10 24:10 24:11 24:12 24:13 24:14 24:14 24:15 24:16 24:16 24:17 24:18 24:19 24:20 24:20 24:21 24:22 24:22 24:23 25: 25:2 25:3 25:4 25:5 25:5 25:6 25:11 25:12 25:14 25:17 25:18 25:19 25:22 25:24 25:25 26:1 26:4 26:7 26:9 26:12 26:12 26:14 26:18 26:19 26:21 26:21 26:24 27:2 27:4 27:6 27:7 27:9 27:9 27:10 27:19 27:20 27:20 27:21 27:23 28: 28:2 28:2 28:3 28:4 28:5 28:7 28:8 28:10 28:12 28:13 28:15 28:16 28:16 28:16 28:17 28:20 28:21 28:23 28:25 29:1 29:2 29:3 29:3 29:5 29:5 29:7 29:7 29:9 29:9 29:10 29:11 29:12 29:13 29:13 29:14 29:15 29:17 29:17 29:18 29:20 29:23 29:23 29:24 29:25 29:25 30:2 30:2 30:3 30:5 30:6 30:9 30:10 30:11 30:12 30:13 30:14 | | **the**(301) 30:15 30:15 30:16 30:17 30:19 30:23 30:25 30:25 31:1 31:3 31:4 31:4 31:6 31:6 31:7 31:8 31:8 31:9 31:9 31:11 31:12 31:14 31:15 31:18 31:19 31:22 31:25 32:5 32:5 32:8 32:9 32:10 32:16 32:18 32:23 32:25 33:1 33:2 33:2 33:2 33:3 33:6 33:10 33:10 33:11 33:12 33:14 33:18 33:19 33:22 34:2 34:3 34:5 34:5 34:5 34:6 34:6 34:7 34:7 34:9 34:11 34:16 34:17 34:21 34:21 34:24 34:25 35:5 35:7 35:12 35:13 35:14 35:21 35:23 35:25 36:1 36:1 36:3 36:3 36:5 36:6 36:6 36:8 36:14 36:17 36:21 36:24 37:1 37:4 37:5 37:6 37:10 37:11 37:12 37:16 37:17 37:17 37:18 37:18 37:18 37:22 37:23 37:24 37:25 37:25 38:1 38:1 38:2 38:5 38:7 38:8 38:9 38:10 38:11 38:13 38:13 38:16 38:17 38:18 38:19 38:20 38:22 38:25 39:1 39:3 39:5 39:9 39:10 39:11 39:13 39:14 39:16 39:16 39:19 39:21 39:22 39:23 39:25 39:25 40:3 40:3 40:4 40:5 40:5 40:6 40:7 40:8 40:8 40:9 40:10 40:11 40:13 40:14 40:15 40:18 40:19 40:19 40:20 40:21 40:21 40:23 40:25 40:25 41:1 41:6 41:8 41:9 41:10 41:11 41:11 41:15 41:16 41:19 41:24 42:1 42:1 42:4 42:6 42:6 42:7 42:11 42:16 42:18 42:19 42:21 42:22 43:1 43:1 43:6 43:7 43:9 43:10 43:13 43:13 43:17 43:18 43:24 44:3 44:8 44:12 44:12 44:13 44:13 44:20 44:22 44:22 44:25 45:5 45:6 45:7 45:8 45:9 45:10 45:14 45:14 45:16 45:17 45:17 45:22 45:23 45:25 46:1 46:3 46:8 46:9 46:10 46:14 46:16 46:18 46:20 46:22 46:23 46:24 47:1 47:5 47:6 47:7 47:8 47:9 47:11 47:12 47:12 47:13 47:13 47:14 47:17 47:18 47:20 47:24 47:24 47:25 48: 48:2 48:3 48:4 48:4 48:5 48:6 48:6 48:8 48:8 48:12 48:12 48:19 48:20 48:21 48:22 48:23 48:24 49:1 49:1 49:4 49:4 49:8 49:8 49:10 49:11 49:14 49:14 49:15 49:19 49:20 49:21 49:23 49:25 49:25 50: 50:5 50:7 50:10 50:14 50:17 50:18 | | **the**(301) 50:19 50:19 50:20 50:22 50:24 51:1 51:3 51:3 51:4 51:7 51:11 51:12 51:13 51:16 51:17 51:17 51:20 51:20 51:21 51:23 51:24 52:1 52:2 52:2 52:3 52:4 52:6 52:7 52:7 52:8 52:9 52:9 52:10 52:10 52:13 52:15 52:15 52:16 52:17 52:17 52:21 52:23 52:24 52:25 53:2 53:3 53:6 53:12 53:12 53:15 53:18 53:20 54:1 54:3 54:5 54:5 54:8 54:9 54:12 54:15 54:16 54:16 54:17 54:17 54:19 54:23 54:25 55:1 55:2 55:2 55:8 55:9 55:9 55:11 55:12 55:13 55:13 55:16 55:16 55:17 55:18 55:18 55:19 55:20 55:21 55:22 55:22 55:24 55:25 56:2 56:4 56:5 56:5 56:6 56:6 56:6 56:7 56:11 56:12 56:12 56:12 56:16 56:16 56:17 56:19 56:20 56:22 56:24 56:24 56:25 57:1 57:8 57:10 57:11 57:12 57:17 57:18 57:19 57:21 57:24 57:25 58:1 58:6 58:6 58:7 58:10 58:10 58:12 58:13 58:17 58:17 58:18 58:18 58:19 58:22 58:22 58:23 58:23 58:24 58:24 59:1 59:1 59:2 59:4 59:5 59:6 59:7 59:7 59:8 59:8 59:10 59:11 59:13 59:14 59:15 59:18 59:20 59:22 59:24 59:24 60:1 60:4 60:5 60:8 60:12 60:13 60:16 60:16 60:20 60:21 60:22 60:25 60:25 61:7 61:8 61:8 61:9 61:10 61:11 61:15 61:18 61:25 62:2 62:3 62:5 62:5 62:7 62:10 62:11 62:11 62:11 62:12 62:14 62:16 62:18 62:18 62:18 62:23 62:25 63:2 63:2 63:3 63:4 63:5 63:7 63:9 63:11 63:11 63:12 63:13 63:18 63:21 63:21 64:1 64:1 64:4 64:6 64:7 64:10 64:11 64:11 64:14 64:15 64:17 64:18 64:20 64:23 64:25 65:6 65:9 65:10 65:14 65:14 65:20 65:21 65:21 65:24 65:24 66:1 66:2 66:3 66:3 66:4 66:4 66:5 66:7 66:10 66:11 66:11 66:13 66:13 66:14 66:15 66:17 66:18 66:19 66:20 66:20 66:21 66:23 66:25 67:3 67:10 67:12 67:14 67:16 67:17 67:18 67:19 67:20 67:22 67:24 68:4 68:4 68:6 68:9 68:11 68:12 68:13 68:19 68:19 68:19 68:21 68:22 68:22 69:1 69:6 69:9 69:12 69:13 69:14 69:15 69:16 69:16 69:19 69:20 69:21 | | **the**(301) 69:21 69:22 69:23 69:25 70:1 70:1 70:2 70:2 70:3 70:3 70:4 70:6 70:6 70:7 70:8 70:9 70:9 70:10 70:11 70:12 70:13 70:16 70:19 70:20 70:20 70:22 70:24 70:25 71:1 71:1 71:3 71:7 71:9 71:9 71:12 71:15 71:15 71:16 71:16 71:18 71:18 71:20 72:1 72:4 72:5 72:5 72:12 72:14 72:17 72:17 72:18 72:19 72:21 72:22 73:1 73:2 73:2 73:3 73:3 73:5 73:7 73:8 73:9 73:9 73:13 73:16 73:16 73:17 73:18 73:21 73:21 74:1 74:3 74:5 74:5 74:7 74:8 74:8 74:9 74:11 74:12 74:14 74:16 74:17 74:19 74:23 74:25 75:1 75:2 75:3 75:4 75:9 75:11 75:11 75:14 75:15 75:15 75:17 75:18 75:18 75:20 75:21 75:22 75:22 75:23 75:23 75:24 75:25 76:1 76:2 76:4 76:4 76:5 76:6 76:7 76:9 76:15 76:19 76:21 76:24 76:25 77:4 77:6 77:7 77:9 77:12 77:15 77:16 77:17 77:18 77:20 77:21 77:22 77:23 77:24 78:1 78:4 78:6 78:6 78:6 78:7 78:10 78:13 78:14 78:14 78:15 78:16 78:18 78:19 78:19 78:22 78:24 79:1 79:2 79:5 79:6 79:8 79:10 79:10 79:11 79:12 79:13 79:13 79:16 79:16 79:17 79:17 79:18 79:19 79:19 79:19 79:20 79:22 79:24 80:1 80:3 80:4 80:5 80:7 80:8 80:9 80:14 80:14 80:15 80:16 80:17 80:20 80:23 80:23 80:24 80:24 80:25 81:1 81:3 81:10 81:10 81:11 81:12 81:12 81:13 81:21 81:23 82:2 82:2 82:3 82:7 82:9 82:11 82:12 82:15 82:17 82:17 82:22 82:24 83:2 83:3 83:7 83:10 83:13 83:17 83:17 83:18 83:19 83:20 83:22 84:5 84:6 84:7 84:8 84:10 84:11 84:11 84:17 84:23 84:25 85:7 85:7 85:8 85:11 85:16 85:18 85:23 85:24 85:25 85:25 86:1 86:4 86:6 86:10 86:13 86:13 86:14 86:16 86:16 86:19 86:20 86:20 86:21 86:23 86:23 86:24 86:25 87:1 87:2 87:2 87:2 87:3 87:4 87:7 87:9 87:12 87:15 87:16 87:20 87:20 87:22 87:24 88:3 88:4 88:11 88:13 88:18 88:22 88:22 88:23 89:2 89:7 89:7 89:14 89:16 89:16 89:21 89:22 90:4 90:5 90:7 90:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the(301)** 90:14 90:17 90:19 90:19 90:20 90:20 90:21 90:23 90:23 90:24 90:25 91:1 91:3 91:5 91:6 91:7 91:8 91:10 91:12 91:14 91:15 91:15 91:16 91:16 91:18 91:18 91:20 91:20 91:21 91:21 91:25 92:2 92:3 92:3 92:8 92:8 92:10 92:14 92:14 92:15 92:18 92:20 92:20 92:20 92:21 92:23 92:25 93:1 93:2 93:2 93:3 93:5 93:6 93:9 93:10 93:12 93:17 93:20 93:22 93:25 94:1 94:6 94:15 94:17 94:18 94:19 94:24 95:2 95:2 95:3 95:5 95:12 95:15 95:17 95:20 95:20 95:21 95:22 95:24 95:25 96:1 96:2 96:4 96:8 96:8 96:9 96:10 96:10 96:12 96:14 96:15 96:19 96:19 96:19 96:20 96:20 96:21 96:22 96:24 96:24 96:25 97:1 97:3 97:4 97:5 97:7 97:8 97:9 97:10 97:11 97:13 97:15 97:17 97:17 97:18 97:21 97:22 97:22 97:23 97:23 97:25 98:1 98:2 98:2 98:5 98:9 98:10 98:10 98:13 98:14 98:14 98:15 98:15 98:17 98:22 98:22 99:3 99:4 99:4 99:6 99:10 99:10 99:11 99:12 99:19 99:19 99:23 99:23 99:24 100:2 100:3 100:3 100:4 100:6 100:7 100:10 100:11 100:12 100:14 100:15 100:16 100:18 100:19 100:20 100:21 101:6 101:9 101:9 101:15 101:18 101:19 101:19 101:20 101:20 101:21 102:5 102:6 102:8 102:9 102:9 102:12 102:13 102:15 102:15 102:17 102:20 102:21 102:21 102:23 102:24 103:3 103:5 103:7 103:10 103:11 103:13 103:16 103:18 103:18 103:19 103:22 103:22 103:23 103:24 104:1 104:3 104:4 104:5 104:8 104:9 104:10 104:10 104:11 104:11 104:13 104:13 104:15 104:17 104:19 104:19 104:22 104:23 105:2 105:3 105:6 105:7 105:8 105:8 105:10 105:10 105:13 105:13 105:16 105:19 105:20 105:21 105:21 105:25 106:2 106:6 106:8 106:9 106:10 106:12 106:12 106:14 106:15 106:16 106:17 106:21 106:23 107:2 107:4 107:8 107:8 107:9 107:13 107:14 107:19 107:22 108:3 108:4 108:14 108:18 108:18 108:20 108:22 108:22 109:1 109:1 109:1 109:4 109:5 109:6 109:7 109:7 109:8 109:8 109:9 109:10 109:10 109:11 109:12 109:13 109:15 109:16 109:16 109:17

**the(301)** 109:18 109:19 109:21 109:22 109:25 110:1 110:1 110:2 110:3 110:4 110:5 110:5 110:8 110:12 110:15 110:16 110:17 110:17 110:20 110:20 110:22 110:23 111:1 111:3 111:3 111:4 111:4 111:7 111:8 111:9 111:10 111:12 111:12 111:16 111:18 111:20 111:22 111:24 111:25 112:1 112:2 112:3 112:4 112:6 112:8 112:14 112:16 112:17 112:17 112:18 112:22 112:24 113:2 113:3 113:3 113:3 113:4 113:6 113:7 113:9 113:13 113:14 113:16 113:17 113:17 113:17 113:17 113:18 113:19 113:21 113:21 113:22 113:23 113:24 113:25 113:25 114:1 114:2 114:5 114:7 114:7 114:10 114:12 114:13 114:15 114:15 114:20 114:23 114:24 115:2 115:2 115:4 115:4 115:5 115:7 115:8 115:9 115:10 115:11 115:13 115:14 115:15 115:16 115:19 115:19 115:20 115:21 115:21 115:22 115:24 115:24 116:2 116:8 116:9 116:9 116:10 116:16 116:17 116:20 116:25 117:1 117:2 117:2 117:2 117:4 117:10 117:11 117:12 117:14 117:16 117:19 117:22 117:22 117:23 117:23 118:2 118:3 118:4 118:6 118:16 118:10 118:11 118:15 118:16 118:17 118:18 118:21 118:22 119:1 119:1 119:3 119:5 119:9 119:12 119:15 119:18 119:21 120:6 120:7 120:10 120:10 120:11 120:14 120:16 120:16 120:17 120:18 120:22 120:23 120:25 120:24 121:4 121:8 121:9 121:11 121:13 121:14 121:15 121:16 121:18 121:21 121:22 121:24 121:25 122:2 122:2 122:6 122:9 122:13 122:13 122:16 122:22 122:23 122:25 122:25 123:3 123:6 123:9 123:21 123:24 123:24 124:6 124:6 124:7 124:8 124:10 124:11 124:12 124:13 124:14 124:14 124:16 124:17 124:19 124:22 124:22 124:23 124:24 124:25 125:5 124:4 125:5 125:9 125:10 125:11 125:12 125:12 125:16 125:17 125:18 125:20 125:21 125:24 125:24 125:25 126:1 126:2 126:5 126:7 126:8 126:9 126:11 126:12 126:13 126:18 126:20 126:24 126:24 127:7 127:4 127:6 127:6 127:7 127:7 127:11 127:15 127:17 127:19 127:20 127:20 127:21 127:22 127:23 127:25 128:1 128:2 128:5 128:6 128:7 128:7 128:9 128:9 128:12 128:17 128:19 128:20 128:21 128:22 129:1 129:4 129:7 129:10 129:12 129:13 129:14 129:19 129:20 129:21

**the(17)** 129:23 129:24 129:24 130:3 130:7 130:8 130:12 130:12 130:13 130:14 130:1 130:18 130:20 131:2 131:3 131:3 131:4

**their(51)** 15:21 16:17 23:12 32:3 32:4 32:6 32:9 39:12 43:7 43:8 46:6 46:12 48:2 48:13 49:22 49:22 54:6 59:12 59:13 61:23 67:25 70:19 76:17 78:20 81:17 82:18 82:18 84:24 84:25 85:6 85:17 87:17 89:3 90:14 93:3 93:8 93:13 97:24 98:19 99:25 101:7 108:17 109:16 110:18 110:18 119:9 119:13 122:2 122:16 125:7 126:4

**them(34)** 24:17 24:19 25:3 25:3 43:20 44:16 45:13 45:18 47:16 48:15 50:11 50:19 53:14 58:25 62:4 64:10 64:19 66:7 70:5 71:25 86:8 87:1 92:12 92:23 99:11 104:3 111:9 114:20 119:7 120:15 121:2 121:5 125:13 125:19

**themselves(6)** 28:7 50:17 87:18 104:13 114:3 122:21

**then(24)** 16:16 18:2 23:12 24:19 25:23 26:5 31:16 32:4 32:19 35:1 45:7 54:9 57:15 64:7 66:16 73:25 84:10 99:16 108:23 111:7 112:16 119:7 123:25 128:9

**theory(3)** 45:13 45:14 71:1

**there(135)** 16:4 17:7 20:20 24:7 25:15 26:6 29:21 35:15 35:18 36:17 37:14 39:2 40:13 41:2 41:21 42:2 43:10 43:17 43:22 44:7 44:9 45:6 45:20 46:5 47:7 47:8 50:9 51:22 51:23 53:10 53:18 55:5 55:10 55:15 55:18 56:7 57:1 57:9 58:20 60:19 60:21 61:2 63:3 63:22 64:24 65:18 67:17 68:20 69:10 69:21 70:23 71:24 72:8 73:8 74:2 74:21 74:24 74:24 76:13 76:22 77:13 79:4 79:24 81:11 82:20 83:13 84:19 84:22 85:7 86:8 86:12 87:6 87:13 91:14 92:11 93:13 94:18 94:25 95:4 96:3 96:5 98:20 100:1 100:24 101:8 101:13 103:19 104:22 104:2 105:7 105:9 106:8 106:20 107:9 107:10 111:20 111:23 112:16 112:18 113:2 114:14 116:8 116:10 117:10 118:23 118:2 119:3 119:5 119:8 120:12 120:14 122:2 122:15 123:6 123:14 124:3 125:2 125:8 125:13 127:9 127:13 127:15 127:23 128:3 128:3 128:9 128:10 129:16

**there's(16)** 34:20 34:23 38:15 39:3 39:9 39:9 43:14 55:4 60:17 61:6 63:16 66:7 68:21 69:10 73:12 75:12

**therefore(3)** 28:23 67:21 77:21

**there'll(1)** 125:9

**there's(32)** 78:21 82:24 85:9 85:15 86:5 86:25 87:7 88:7 88:19 88:24 89:4 89:19 91:6 91:14 93:22 94:22 95:7 95:9 104:17 104:19 104:20 106:6 107:3 108:2 111:19 114:12 116:2 119:22 120:10 128:14 128:1 130:12

**these(86)** 20:16 24:7 25:21 28:23 30:1 45:6 45:10 45:11 46:15 47:10 49:5 50:13 52:13 52:18 52:19 53:3 53:25 57:6 61:25 62:1 62:10 65:8 66:21 67:24 68:3 68:10 70:20 71:21 71:24 72:9 72:19 72:19 75:17 78:16 78:20 79:16 80:2 81:15 83:9 83:14 84:15 86:16 86:25 87:11 89:13 89:15 91:17 92:21 92:21 93:16 94:4 94:12 96:10 97:25 99:15 100:1 103:17 105:20 106:19 106:20 108:7 112:2 112:5 112:9 112:19 116:1 117:9 117:12 117:19 117:19 117:25 118:2 118:10 118:12 118:23 120:7 120:14 120:22 120:25 121:6 121:7 121:24 122:4 122:7 123:1 123:4

**they(149)** 15:18 19:17 21:12 21:18 21:19 22:2 22:6 22:12 23:2 23:2 23:4 23:11 23:14 23:19 23:20 24:12 24:13 24:16 24:17 24:24 24:24 24:25 25:1 32:1 32:8 36:7 36:8 36:19 37:20 38:22 40:11 45:16 46:15 46:15 48:3 48:4 48:6 48:10 49:7 50:21 51:8 51:9 51:9 51:10 51:15 52:20 53:5 53:6 54:5 55:25 56:13 58:8 61:22 62:12 62:21 62:22 63:23 63:24 64:25 65:7 65:11 65:20 66:15 67:14 67:15 67:16 67:19 67:21 67:21 67:23 67:25 68:6 69:19 69:23 70:12 71:22 72:7 74:14 74:18 78:15 80:10 80:11 80:14 80:15 82:12 83:22 84:18 85:16 86:9 86:10 86:12 86:19 86:21 86:22 86:23 87:5 87:14 87:16 87:17 87:18 87:19 90:20 92:8 92:10 92:22 93:3 93:7 93:12 93:13 98:19 99:5 99:6 101:3 109:17 110:6 114:7 114:8 114:10 114:18 114:19 116:15 116:16 116:17 116:25 117:25 118:1 118:5 118:8 118:9 119:6 120:3 121:1 121:5 121:25 122:2 122:15 122:16 122:17 122:18 122:19 122:20 123:5 123:6 123:8 125:19 126:3 126:18 126:19 128:24 130:8

**they're(15)** 45:16 57:24 59:12 61:21 61:21 61:24 62:1 64:18 64:23 65:23 66:5 66:5 69:2 71:19 72:19

**they've(6)** 38:23 39:4 46:12 52:16 54:19 65:9

**they're(20)** 84:17 91:18 91:19 91:21 108:2 108:14 114:18 116:15 116:19 116:25 118:4 118:9 120:2 121:24 122:10 123:2 124:5 124:7 125:20 130:2

**they've(7)** 90:19 108:17 111:10 114:17 115:25 115:25 116:1

**thing(8)** 49:25 50:15 51:8 51:9 51:9 58:1 69:3 78:13

**things(17)** 22:1 23:2 23:3 23:4 23:8 23:11 23:15 50:15 57:7 57:13 58:20 61:1 97:1 109:3 113:15 125:6 127:20

**think(138)** 21:20 26:10 26:25 27:2 34:11 34:15 34:17 34:20 35:17 35:22 35:25 36:4 36:12 38:18 39:20 40:24 41:17 45:8 45:9 45:24 45:25 46:21 47:22 51:13 51:20 52:11 53:19 53:23 54:4 54:24 55:5 55:12 55:14 56:1 56:5 56:9 56:14 56:18 56:24 57:7 57:9 57:16 58:4 59:5 59:13 60:21 61:1 61:7 61:11 61:19 62:6 63:20 67:8 67:25 67:25 69:1 69:2 69:11 71:20 71:24 73:18 74:11 78:8 80:4 81:6 82:13 82:23 83:8 85:13 85:20 86:18 86:18 87:15 87:16 90:17 90:24 91:5 91:10 91:15 91:20 92:2 92:13 92:19 93:9 94:24 95:4 95:7 96:1 96:18 96:24 97:10 97:11 98:19 100:16 100:16 101:8 101:9 104:3 105:18 105:24 106:4 107:1 107:5 108:13 108:15 109:3 110:6 110:11 110:12 110:15 111:14 113:6 114:23 116:12 116:16 116:17 117:15 117:21 118:10 118:13 119:10 120:11 122:9 122:20 122:22 123:2 123:3 123:4 122:22 126:2 126:6 126:22 127:20 128:4 130:2 130:6 130:9

**thinking(1)** 57:24

**thinks(2)** 37:22 106:20

**third(26)** 14:21 15:24 21:16 21:17 24:1 24:4 24:8 24:10 24:11 24:11 24:13 24:19 24:20 25:5 28:21 29:20 30:15 31:22 37:15 38:25 39:10 40:6 40:8 40:9 40:10 49:9

**thirty-fourth(1)** 15:2
**thirty-six(1)** 18:5
**thirty-sixth(2)** 16:7 17:9
**thirty-third(1)** 14:24

| Word | Page:Line |
|---|---|
| this(209) | 17:18 17:19 18:5 18:12 21:5 21:25 22:16 23:14 25:17 26:9 26:19 26:22 27:15 27:21 28:5 28:25 29:1 29:25 30:5 30:12 30:21 31:14 31:19 32:24 33:20 33:24 33:25 34:17 35:3 35:9 35:13 35:25 36:5 36:9 37:3 37:4 37:13 40:12 40:19 41:5 41:13 41:17 41:22 42:12 43:15 44:15 46:18 46:21 46:24 46:25 50:6 50:9 51:23 52:12 52:21 52:22 53:23 54:2 54:16 54:17 55:2 58:4 59:2 59:24 60:18 61:3 61:6 61:17 62:7 63:8 63:25 64:2 64:5 64:14 65:2 65:3 65:4 65:23 66:3 66:8 66:15 67:11 67:17 68:10 68:25 69:1 69:3 69:11 70:4 70:17 71:13 72:3 72:5 72:11 72:16 73:3 73:6 73:7 73:11 73:14 73:17 73:18 74:2 74:6 74:12 74:16 75:3 75:8 75:9 75:10 75:12 75:13 77:10 77:16 79:3 79:25 80:17 80:17 80:18 81:3 81:4 81:18 81:24 81:25 82:7 82:7 82:8 82:9 82:14 82:16 83:4 83:9 83:17 84:10 84:10 84:19 85:10 85:15 86:3 87:2 87:3 88:11 92:4 92:7 92:12 93:24 94:12 94:16 94:18 95:1 95:6 95:21 96:3 96:14 96:22 97:19 97:25 98:9 98:14 98:15 98:20 99:2 100:10 100:22 101:19 102:1 102:23 103:25 104:6 106:4 106:15 107:3 107:23 108:5 108:20 109:6 109:9 110:4 112:9 112:25 113:21 117:8 117:13 119:8 119:11 119:14 120:16 120:20 120:25 121:1 121:2 121:6 121:25 122:3 122:5 122:25 123:13 124:8 125:2 125:12 125:20 127:25 128:13 129:21 130:10 130:11 130:19 |
| thomas(2) | 4:24 7:18 |
| thornburg(1) | 2:4 |
| those(54) | 14:16 14:18 15:1 15:7 19:16 20:6 20:12 21:4 22:24 28:14 30:18 41:7 43:1 43:20 47:1 47:12 47:15 48:24 49:1 49:10 49:16 49:18 49:18 50:15 51:7 51:19 54:9 54:10 55:24 57:7 59:9 68:18 75:13 77:1 78:21 84:4 84:4 90:18 91:2 97:1 97:3 101:5 104:6 104:8 105:12 108:1 110:19 111:22 112:21 113:3 117:17 119:6 119:7 122:8 |
| though(7) | 21:14 22:4 22:11 41:15 103:7 110:11 127:10 |
| thought(13) | 14:8 44:21 57:21 57:21 76:6 79:25 80:21 82:14 89:25 112:11 121:12 127:25 |
| thoughts(3) | 32:19 91:22 95:19 |
| thousands(1) | 85:10 |
| three(10) | 19:14 20:11 22:21 22:23 34:20 39:21 50:23 60:10 90:11 91:8 |
| threshold(2) | 38:7 39:8 |
| thresholds(1) | 81:9 |
| threw(1) | 44:20 |
| through(23) | 14:8 16:4 29:18 29:20 36:6 40:14 47:23 54:3 63:13 66:12 79:25 82:18 89:12 93:7 99:2 104:6 106:23 107:... 108:7 118:3 118:17 125:11 |
| throw(1) | 80:17 |
| thrust(1) | 38:9 |
| ticking(1) | 55:4 |
| tied(1) | 21:1 |
| tight(1) | 121:7 |
| till(1) | 24:18 |
| time(36) | 15:24 17:12 17:18 17:18 21:10 25:18 26:16 26:25 35:4 41:17 46:24 50:5 52:7 55:6 55:8 55:11 67:6 67:12 67:15 69:2 70:22 75:18 79:16 79:17 81:6 85:23 97:25 98:2 103:18 103:22 106:11 116:23 116:23 118:25 125:10 130:12 |
| timeliness(1) | 33:15 |
| timely(2) | 42:15 46:5 |
| times(3) | 18:15 85:11 92:16 |
| timetable(1) | 30:16 |
| timing(6) | 59:24 62:23 63:3 63:3 63:21 74:18 89:2 |
| today(32) | 14:9 16:2 16:5 17:7 17:13 17:16 35:14 57:13 60:20 61:16 61:16 62:16 63:... 63:16 64:5 79:20 83:16 83:21 84:15 84:17 85:16 86:7 95:21 95:25 96:9 97:10 98:15 98:18 98:20 102:20 127:16 130:16 |
| today's(1) | 82:6 |
| together(4) | 55:14 56:13 68:20 89:15 |
| togut(1) | 14:25 |
| told(2) | 80:11 129:23 |
| toll(2) | 48:24 49:11 |
| tolling(1) | 93:23 |
| tomorrow(1) | 55:7 |
| too(10) | 33:14 33:24 36:21 48:3 58:3 86:8 91:8 116:16 122:17 123:8 |
| took(5) | 29:2 56:5 114:7 119:3 122:7 |
| torres(2) | 5:40 82:25 |
| torturing(2) | 56:9 56:11 |
| total(3) | 30:10 120:7 120:19 |
| totally(3) | 23:1 23:17 108:14 |
| touched(1) | 50:17 |
| toward(4) | 73:24 75:24 77:7 77:10 |
| towards(1) | 73:21 |
| tower(1) | 110:25 |
| towers(1) | 110:23 |
| track(1) | 116:13 |
| transaction(9) | 73:18 74:8 76:9 77:16 77:17 84:19 85:1 85:11 88:13 |
| transactions(8) | 77:1 77:12 77:13 85:8 88:10 89:10 89:15 89:17 |
| transcriber(1) | 131:8 |
| transcript(5) | 1:18 1:48 27:19 27:21 131:3 |
| transcription(2) | 1:41 1:48 |
| transfer(8) | 43:25 56:21 56:23 66:4 67:1 67:2 68:16 98:6 |
| transferred(2) | 86:21 91:17 |
| transfers(9) | 43:23 45:6 45:11 45:15 64:17 66:11 68:11 70:25 71:1 |
| travel(1) | 56:13 |
| trb(2) | 51:2 94:16 |
| treated(1) | 88:3 |
| treating(4) | 88:8 88:20 88:24 89:19 |
| treatment(1) | 28:9 |
| trehan(1) | 10:32 |
| tremendous(2) | 47:7 81:18 |
| trend(1) | 105:5 |
| triage(2) | 120:12 120:14 |
| trial(8) | 22:7 23:23 52:14 76:7 85:25 91:5 92:8 92:11 |
| tribune(43) | 1:8 8:8 8:32 9:4 14:6 19:2 19:5 19:10 19:12 19:15 19:20 19:22 20:8 20:11 20:13 21:2 21:12 21:12 22:1 22:22 24:16 25:2 28:10 28:11 28:18 28:22 31:7 31:8 31:14 31:16 36:18 73:20 76:17 76:18 76:20 76:21 76:25 105:21 111:2 111:16 114:17 119:25 123:3 |
| tribune's(1) | 19:14 |
| tribune-related(1) | 92:18 |
| tribune/debtors(1) | 6:28 |
| tribune's(2) | 9:25 104:18 |
| tricks(1) | 72:7 |
| tried(1) | 94:19 |
| true(6) | 20:1 48:12 57:20 88:13 103:19 103:21 |
| truly(2) | 43:6 43:17 |
| trust(20) | 4:17 5:40 12:13 12:19 15:18 47:10 48:22 52:6 58:5 58:17 58:22 59:6 59:8 59:10 59:16 81:21 82:12 84:24 93:7 106:16 |
| trustee(11) | 3:38 3:38 14:25 48:23 58:17 58:24 58:25 62:12 71:18 81:21 83:2 |
| trustees(2) | 48:22 59:15 |
| trusts(2) | 84:22 84:23 |
| truths(1) | 22:2 |
| try(5) | 66:10 82:17 94:3 99:1 119:13 |
| trying(12) | 49:4 63:9 67:15 69:13 69:15 92:7 92:24 98:16 98:25 116:25 118:1 125:18 |
| tucker(46) | 13:12 17:10 17:11 17:20 17:22 17:22 17:25 18:7 18:8 18:10 18:11 18:14 19:2 19:5 19:11 19:16 19:17 19:20 19:23 20:7 20:17 20:20 20:22 20:23 21:6 21:7 21:9 21:11 22:19 23:1 23:24 24:10 24:21 25:8 25:10 25:13 25:15 26:12 26:17 27:2 27:6 27:12 27:14 27:18 27:24 |
| tucker's(2) | 19:1 19:8 |
| tuesday(1) | 14:1 |
| turn(4) | 28:22 33:9 50:16 103:5 |
| turning(2) | 34:11 34:16 |
| turns(3) | 35:25 86:6 86:7 |
| twenty-fourth(1) | 14:17 |
| twenty-seventh(1) | 14:22 |
| twice(1) | 120:6 |
| two(52) | 18:6 18:9 18:14 21:6 22:22 22:22 26:6 28:14 30:2 30:8 31:17 32:24 47:1 47:3 47:7 47:8 47:23 48:10 48:22 49:15 51:3 51:14 55:10 55:15 56:12 56:25 62:1 64:9 64:11 65:9 67:20 71:24 77:2 78:14 78:17 82:24 86:22 86:23 88:12 89:4 89:1 90:10 90:12 90:20 90:21 90:22 91:6 95:7 95:19 108:18 110:23 116:1 |
| two-year(1) | 115:25 |
| type(1) | 53:3 |
| types(3) | 84:4 84:4 103:17 |
| typically(2) | 60:4 129:23 |
| u.s(10) | 11:43 18:14 21:15 21:16 22:10 22:12 22:15 23:9 25:4 62:12 |
| ubs(2) | 11:38 11:38 |
| ucc(1) | 78:6 |
| ultimate(1) | 40:4 |
| ultimately(7) | 44:15 85:18 86:1 86:2 94:20 108:20 114:3 |
| unaware(1) | 93:12 |
| uncertain(1) | 49:5 |
| uncontested(1) | 31:5 |
| under(27) | 16:21 22:12 22:13 27:15 28:8 28:20 37:2 40:14 42:21 45:13 47:5 50:6 52:9 52:14 53:8 70:25 83:4 87:18 103:1 106:15 106:16 110:1 111:4 113:22 120:8 120:18 122:6 |
| underlying(1) | 19:21 |
| underneath(1) | 122:9 |
| understand(18) | 17:11 18:8 18:17 20:23 27:14 34:8 35:24 36:14 41:4 52:17 52:20 87:4 93:4 98:14 106:7 111:25 114:25 125:5 |
| understanding(5) | 26:3 33:19 41:5 44:15 126:20 |
| understood(2) | 37:10 53:15 |
| undertakes(1) | 26:23 |
| undertook(1) | 20:19 |
| undisputed(1) | 73:18 |
| undoubtedly(1) | 124:5 |
| unfair(1) | 75:8 |
| unfettered(1) | 109:25 |
| unfortunately(1) | 63:19 |
| unfounded(2) | 118:11 119:9 |
| unidentified(1) | 50:3 |
| unintended(1) | 80:16 |
| unique(1) | 68:14 75:22 79:7 |
| united(3) | 1:1 1:20 3:38 |
| universe(1) | 125:21 |
| unknown(2) | 89:23 98:3 |
| unless(4) | 16:23 49:11 103:21 122:3 |
| unlike(2) | 73:5 74:23 |
| unlikely(1) | 41:5 |
| unlisted(1) | 22:2 |
| unreasonable(3) | 75:8 112:20 113:1 |
| unrelated(1) | 71:21 |
| unsecured(9) | 3:5 7:12 31:20 32:12 49:23 54:13 54:20 87:25 96:25 |
| unspecified(1) | 19:6 |
| until(11) | 22:15 22:17 24:25 48:15 64:1 74:21 76:11 77:12 95:5 100:22 129:24 |
| untimely(3) | 32:12 33:17 51:5 |
| unusual(1) | 65:3 |
| upheld(1) | 86:6 |
| upon(12) | 18:12 49:7 50:17 83:25 85:7 86:2 94:13 94:13 97:22 99:10 118:18 126:25 |
| urge(2) | 59:18 96:8 |
| usdr(1) | 15:6 |
| use(4) | 33:20 34:7 86:17 122:17 |
| used(5) | 57:25 114:2 120:25 123:16 126:10 |
| useful(1) | 129:19 |
| using(1) | 19:2 |
| vacuum(1) | 125:13 |
| vail(1) | 12:37 |
| validity(1) | 72:18 |
| valley(1) | 80:9 |
| valuable(3) | 107:6 107:11 108:6 |
| value(8) | 30:8 45:17 65:24 77:15 88:9 89:20 95:4 115:22 |
| vanesco(1) | 78:12 |
| various(10) | 18:16 66:16 99:12 108:4 109:12 120:1 120:2 122:25 125:24 127:11 |
| varying(1) | 82:19 |
| version(2) | 23:12 49:9 |
| versions(1) | 62:2 |
| versus(1) | 111:21 |
| very(63) | 14:9 28:3 30:8 30:14 31:5 39:19 39:24 39:24 40:14 41:3 45:2 45:11 49:5 51:25 52:3 52:23 54:22 54:24 54:25 57:22 59:3 64:17 66:11 66:11 66:24 70:25 71:1 72:20 74:5 74:8 75:2 75:10 85:7 85:8 87:2 88:10 89:10 90:9 92:15 93:21 95:19 97:7 97:17 98:21 98:21 102:1 104:2 106:12 106:13 106:20 107:11 107:25 108:5 112:6 115:3 117:11 118:12 118:13 119:10 120:5 120:15 126:24 130:18 |
| viable(2) | 38:15 46:15 |
| vice(4) | 45:1 59:22 108:25 119:17 |
| view(9) | 43:5 44:1 52:15 66:24 68:5 68:12 69:17 70:8 96:15 |
| viewed(1) | 72:16 |
| vinson(1) | 10:19 |
| violate(2) | 52:25 52:25 |
| violated(2) | 62:12 72:4 |
| violating(2) | 42:16 126:20 |
| violative(1) | 54:4 |
| virtue(1) | 92:7 |
| voices(1) | 97:9 |
| voluntarily(1) | 48:25 |
| vonbriesen(1) | 14:18 |
| vote(2) | 87:18 98:19 |
| voted(5) | 80:10 80:15 81:2 87:13 98:23 |
| voting(1) | 87:17 |
| wacker(2) | 5:22 6:30 |
| wage(3) | 28:8 28:20 28:24 |
| wait(3) | 24:18 25:23 81:3 |
| waiting(3) | 35:10 107:21 125:20 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| waive(2) 65:11 72:7 | | wells(2) 5:33 14:15 | | which(87) 16:16 17:9 18:6 19:11 19:14 19:17 20:13 21:2 25:17 26:20 28:2 30:25 32:11 34:2 34:9 35:9 35:19 37:11 39:1 39:3 39:20 39:21 40:2 40:20 40:23 40:23 41:5 46:4 46:17 48:8 50:10 51:6 51:15 52:11 53:8 54:4 54:18 57:9 57:11 62:19 64:2 67:23 68:11 68:15 69:4 70:1 70:4 70:17 74:2 74:4 80:14 83:3 83:22 84:17 84:22 84:23 88:23 92:2 93:7 95:3 98:3 99:4 99:15 101:20 102:12 103:20 104:1 107:1 107:3 108:9 108:16 108:18 109:18 110:14 110:17 113:19 113:20 113:22 115:8 120:19 121:5 125:2 125:3 126:10 127:5 127:11 129:22 | | within(8) 20:12 29:22 49:15 73:7 79:19 80:3 98:13 101:22 |
| waived(1) 60:14 | | went(3) 70:9 90:18 99:5 | | | | | |
| waived."(1) 98:8 | | were(57) 15:18 18:7 18:20 18:22 20:24 22:5 28:19 36:5 36:8 54:3 56:24 57:6 57:9 62:6 65:7 65:8 66:2 67:19 | | | | without(13) 22:6 41:24 42:15 43:3 84:2 98:5 99:5 99:11 101:4 114:1 115:20 119:9 123:23 | |
| walker(4) 12:40 16:14 102:15 102:16 | | | | | | wolfson(1) 12:28 | |
| walker-in(1) 12:40 | | 68:14 71:3 71:8 79:18 79:20 80:20 81:15 82:5 85:24 86:20 86:21 89:3 89:17 89:20 90:20 90:23 91:17 92:7 93:12 95:20 97:1 98:1 104:5 104:5 104:9 104:9 105:12 113:25 114:3 117:17 118:1 122:7 123:21 125:12 125:14 125:17 128:3 129:4 | | | | woman(1) 120:9 | |
| want(37) 35:15 41:13 48:2 48:3 48:4 48:6 50:4 50:16 51:10 53:13 54:14 56:3 58:3 58:20 59:23 65:11 67:9 78:5 78:13 78:16 81:22 87:5 92:2 100:8 100:17 101:1 110:13 113:2 113:15 114:11 115:12 117:2 121:5 122:15 122:18 126:3 126:18 | | | | | | womble(1) 4:23 | |
| | | | | | | won't(2) 23:11 48:10 | |
| | | | | | | wonderful(2) 69:3 92:13 | |
| | | | | | | won't(4) 111:18 112:16 119:20 127:12 | |
| | | | | | | wool(1) 13:9 | |
| | | wesau(1) 78:14 | | | | word(3) 71:6 97:15 100:12 | |
| wanted(6) 23:9 30:17 61:15 95:16 99:5 124:21 | | west(2) 2:15 6:11 | | | | words(5) 53:13 76:15 91:6 98:22 122:15 | |
| | | we'd(6) 78:8 84:9 107:14 107:16 108:11 118:20 | | while(11) 55:22 63:18 66:23 73:10 79:3 88:9 112:12 120:24 122:3 123:2 127:19 | | work(8) 41:14 82:18 93:25 94:2 99:1 99:19 100:14 107:21 | |
| wants(4) 56:16 64:4 84:9 87:6 | | | | | | | |
| ward(1) 5:27 | | | | | | | |
| wardwell(2) 2:33 10:15 | | we'll(4) 101:21 102:5 102:6 116:22 | | white(3) 6:22 7:7 13:5 | | worked(2) 29:19 68:20 | |
| warrant(1) 77:5 | | we're(26) 78:5 79:20 83:2 83:4 83:5 85:6 85:17 91:22 93:23 95:8 107:21 108:8 112:23 114:20 115:2 116:13 116:14 116:1 116:16 116:24 116:24 122:5 122:6 124:23 124:25 | | whittled(1) 106:23 | | working(1) 50:6 | |
| was(131) 15:17 19:23 19:24 19:25 20:2 20:4 22:7 22:8 22:8 22:9 23:2 23:3 23:4 23:6 23:6 23:7 23:8 23:19 24:4 24:11 24:15 25:3 26:24 28:25 31:2 31:12 31:23 32:8 33:8 33:15 33:20 35:8 36:6 37:11 37:14 38:2 43:22 46:2 48:20 48:23 51:23 51:25 55:18 56:14 56:15 57:18 58:7 59:7 60:20 61:2 61:9 61:11 62:3 62:16 63:16 63:22 65:18 67:17 68:25 73:7 73:8 73:8 73:9 73:10 73:12 73:13 73:14 73:19 73:20 73:24 73:24 74:1 75:24 76:13 79:10 79:12 79:18 79:24 80:8 82:5 86:12 86:22 87:12 88:12 89:21 91:20 92:13 92:23 93:2 94:18 94:18 94:20 95:24 96:3 96:3 97:8 97:8 97:18 97:18 98:9 98:13 98:13 98:11 98:18 100:7 100:9 101:6 102:12 102:14 104:8 105:8 105:9 110:12 112:5 112:11 114:1 116:10 119:5 123:8 124:15 124:16 125:15 125:16 126:22 128:3 128:7 128:9 129:2 129:12 130:6 | | | | who(41) 25:19 28:22 30:3 43:20 51:1 52:18 54:9 54:10 76:16 78:10 80:5 80:20 81:1 81:2 81:24 83:9 85:21 89:25 92:21 93:15 96:17 97:2 97:3 98:23 100:11 101:2 103:20 105:10 106:18 107:24 109:8 111:1 113:12 114:9 118:20 119:1 120:2 120:17 120:23 120:25 121:1 | | worst(1) 66:17 | |
| | | | | | | worth(4) 51:13 86:5 88:12 120:17 | |
| | | we've(4) 82:18 85:5 125:18 128:23 | | | | would(155) 16:23 16:24 17:16 18:1 18:3 19:23 20:10 21:1 21:4 21:8 21:11 21:12 21:13 21:23 22:3 22:16 22:18 23:8 25:12 26:5 26:6 26:18 26:20 29:25 30:2 32:12 34:2 34:6 34:6 34:7 34:14 34:19 34:21 36:21 37:12 39:5 39:10 39:11 40:3 41:7 41:16 42:14 44:15 45:7 45:23 48:25 49:16 50:10 52:24 52:25 54:4 54:14 55:6 55:10 56:9 56:10 57:8 57:17 57:21 58:10 60:8 60:13 60:24 61:6 61:19 61:20 63:14 63:2 63:22 63:25 65:10 65:17 66:1 66:3 66:24 67:1 67:5 67:8 69:7 70:6 70:21 71:6 71:7 71:12 71:14 72:10 72:11 74:4 74:17 74:20 74:22 74:25 75:7 75:20 77:13 77:18 78:21 80:25 81:14 82:6 83:23 83:25 84:11 84:12 84:18 86:10 86:12 86:13 86:14 86:18 90:4 92:24 93:7 94:12 95:23 96:8 96:16 97:5 99:13 99:15 99:22 100:19 100:21 100:24 105:11 108:9 109:17 109:22 109:24 110:10 112:21 112:22 115:19 116:11 118:1 118:13 118:15 118:22 119:12 119:24 123:7 125:23 126:18 126:19 127:4 127:10 127:22 128:8 128:20 128:22 129:10 129:11 129:12 129:19 129:20 | |
| | | wharton(2) 9:13 11:33 | | | | | |
| | | what(126) 19:20 19:23 21:12 21:12 22:18 24:10 24:21 26:5 27:13 28:18 30:13 31:23 34:15 46:2 47:17 48:2 48:14 48:21 49:3 52:17 53:13 55:22 56:4 56:6 56:14 56:15 57:24 62:8 62:18 63:14 63:21 64:6 64:13 65:11 67:11 69:14 71:3 71:7 72:1 73:4 73:23 73:25 76:4 76:7 78:5 79:5 79:5 79:11 79:20 80:1 80:1 80:4 80:11 80:16 80:25 81:1 82:7 84:9 84:24 91:20 93:2 93:4 94:15 97:4 98:11 98:12 98:17 98:24 103:19 104:4 104:9 105:12 107:13 107:16 107:19 107:22 108:8 108:9 108:13 109:17 110:6 110:11 110:12 112:3 113:1 114:9 114:11 114:13 114:19 114:20 115:1 115:8 116:13 116:20 116:20 116:24 117:24 118:20 120:16 123:7 124:22 125:15 125:1 125:21 126:13 126:14 127:7 127:22 129:2 129:10 129:25 130:1 130:6 | | who's(3) 38:19 | | | |
| | | | | whole(4) 71:15 94:3 96:3 126:11 | | | |
| | | | | whom(1) 81:16 | | | |
| | | | | whose(1) 89:20 | | | |
| | | | | who's(1) 86:7 | | | |
| | | | | why(15) 35:21 36:3 40:13 60:1 60:8 69:1 74:6 84:17 85:16 91:12 96:16 100:22 103:24 116:23 130:2 | | | |
| washington(3) 3:22 3:35 105:7 | | | | will(43) 23:3 25:15 26:14 27:3 27:13 27:15 27:22 29:7 29:10 29:12 29:17 29:19 29:21 29:23 30:16 35:9 37:1 40:24 41:19 49:6 50:8 52:15 58:8 59:14 78:9 80:9 83:20 85:19 87:10 89:14 92:11 93:1 94:24 99:14 100:2 102:25 107:19 110:5 112:14 126:25 127:11 127:23 130:19 | | | |
| wasn't(4) 21:20 23:8 38:3 68:20 | | | | | | | |
| wasn't(3) 88:13 98:12 98:12 | | | | | | | |
| waste(5) 117:11 118:23 118:25 119:8 119:10 | | | | | | | |
| | | | | willett(1) 14:23 | | | |
| wasting(1) 112:3 | | what's(6) 14:9 14:10 23:24 32:15 39:19 56:17 | | willi(1) 51:6 | | | |
| way(23) 33:21 34:6 49:7 55:13 61:18 66:5 67:5 71:16 81:6 82:10 86:6 87:15 96:10 96:19 96:19 99:11 100:10 105:16 112:23 119:11 128:21 129:18 130:9 | | | | willing(4) 99:13 99:22 100:9 100:19 | | | |
| | | | | wilmington(27) 1:12 1:36 2:16 2:24 2:44 3:8 3:41 4:7 4:14 4:17 4:26 4:38 5:8 5:15 5:29 5:36 6:6 6:19 6:44 12:19 14:1 15:18 27:1 48:22 58:16 58:17 59:15 | | | |
| | | whatever(9) 43:18 63:24 74:13 92:10 95:8 100:17 101:3 108:15 127:9 | | | | | |
| ways(5) 26:6 55:1 66:17 84:6 84:7 | | | | | | | |
| we'd(1) 43:1 | | | | win(2) 27:7 27:9 | | wouldn't(2) 60:6 61:19 | |
| we'll(2) 38:17 75:16 | | whatsoever(1) 111:2 | | wish(5) 30:20 72:22 78:1 117:4 124:19 | | wouldn't(2) 86:10 89:9 | |
| we're(9) 38:4 46:23 53:24 63:8 63:10 63:11 63:17 68:16 72:1 | | what's(15) 102:6 103:25 104:3 105:4 106:18 107:2 109:19 109:20 109:20 109:2 112:24 118:5 119:11 127:2 127:3 | | with(146) 14:14 14:17 14:22 14:24 15:3 15:5 15:14 16:2 16:9 16:13 17:1 17:9 17:14 17:15 17:17 18:2 18:21 19:12 20:4 22:15 23:5 23:9 23:13 23:17 24:24 25:2 25:3 25:22 27:21 28:21 28:22 30:20 31:4 32:3 32:4 33:9 35:1 35:2 35:7 35:11 36:2 36:7 37:5 38:24 40:23 41:5 41:15 43:1 43:5 43:19 44:5 45:23 46:14 47:22 48:17 48:17 48:18 49:7 52:23 55:9 55:12 56:3 57:12 57:22 59:6 59:6 59:11 60:16 61:15 62:7 62:21 62:24 63:6 63:7 65:12 67:18 70:1 70:16 70:16 73:3 73:17 74:16 75:4 76:7 76:12 76:14 76:17 76:19 77:15 78:5 78:15 79:1 79:15 81:7 81:13 82:1 82:3 82:6 82:10 82:10 86:25 89:3 89:8 89:12 89:23 92:16 93:1 93:3 94:16 94:23 95:18 95:23 96:2 96:25 98:4 100:6 100:10 100:25 101:1 101:23 102:14 102:16 102:20 102:25 104:2 106:20 107:2 107:14 107:22 108:3 109:1 109:4 111:8 111:12 112:2 115:1 118:21 122:4 122:18 123:24 124:8 124:13 127:1 128:12 130:11 | | would've(2) 80:20 88:18 | |
| | | | | | | write(2) 35:12 124:6 | |
| | | | | | | writing(1) 122:24 | |
| | | | | | | written(1) 68:19 | |
| we've(8) 38:21 39:7 50:17 51:14 51:19 68:24 70:5 72:13 | | when(40) 23:10 24:12 24:25 42:20 43:5 46:4 46:9 51:16 52:13 53:7 53:8 53:21 55:9 55:19 56:15 57:22 60:22 71:7 81:1 81:21 86:1 86:4 87:13 89:16 91:22 92:21 92:22 93:3 98:18 106:6 114:5 114:11 114:19 115:9 116:13 116:21 122:7 125:11 125:14 130:8 | | | | wrong(1) 92:18 | |
| | | | | | | www.diazdata.com(1) 1:45 | |
| weakness(1) 115:21 | | | | | | yeah(6) 33:12 34:5 36:21 36:23 61:11 | |
| wealth(1) 81:18 | | | | | | year(5) 29:1 50:12 50:13 55:10 67:20 | |
| week(2) 101:23 127:7 | | | | | | years(9) 49:15 81:25 82:5 86:22 86:23 90:21 90:21 90:22 116:1 | |
| weeks(3) 47:23 101:16 126:23 | | | | | | | |
| weigh(1) 72:15 | | | | | | yep(1) 44:2 | |
| weight(1) 58:3 | | where(24) 33:8 50:7 57:18 64:16 65:2 65:2 67:2 69:12 70:14 75:2 75:6 85:5 85:16 92:4 97:1 106:9 106:11 113:23 113:24 122:12 122:19 123:14 123:17 125:14 130:8 | | | | yes(14) 17:21 19:21 21:11 24:10 27:2 27:2 72:24 80:23 93:21 103:13 103:15 104:21 111:6 117:6 | |
| weighted(1) 34:15 | | | | | | | |
| weiss(3) 9:13 11:33 12:44 | | | | | | | |
| weitman(1) 8:33 | | | | | | yesterday(2) 78:15 102:21 | |
| well(55) 25:15 27:9 27:14 33:2 35:5 35:8 35:22 36:5 36:14 38:7 38:8 38:11 38:17 38:22 43:10 43:15 43:22 44:13 46:23 48:12 49:13 53:12 53:15 54:24 59:3 60:1 60:10 68:22 69:7 71:9 73:2 76:4 81:22 81:23 83:10 84:9 89:18 94:8 95:22 100:23 102:25 103:21 105:4 106:4 107:13 107:14 110:20 111:19 112:15 113:7 114:11 114:23 115:17 121:20 | | whereupon(1) 130:20 | | | | yet(3) 40:17 114:18 129:20 | |
| | | whether(38) 17:13 17:16 17:17 27:9 38:15 41:19 43:17 44:4 46:15 49:8 53:3 53:4 61:8 76:24 77:12 81:8 81:9 83:13 83:14 83:15 84:12 84:25 86:12 91:17 98:17 100:6 100:24 104:6 108:1 108:10 112:12 112:18 112:19 116:10 125:23 125:24 128:10 129:21 | | | | york(12) 2:30 2:37 3:15 3:29 5:44 6:25 9:9 28:8 28:11 28:19 28:20 83:1 | |
| | | | | withdrawn(1) 94:20 | | | |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| **you**(200) 17:3  18:1  21:7  21:8  22:19  22:20 | | **zell**(8) 6:34  51:2  73:10  92:14  94:22  117:7 | |
| 22:24  22:24  23:7  23:24  24:9  25:13  25:15 | | 118:24  124:15 | |
| 26:8  26:12  26:14  26:21  26:25  26:25  27:4 | | | |
| 27:9  27:17  27:18  27:20  27:23  27:24  30:19 | | **zell's**(1) 107:24 | |
| 30:24  32:16  32:19  33:3  34:6  35:5  35:9 | | **zelmanovitz**(1) 12:16 | |
| 35:15  36:12  37:6  37:7  38:8  38:12  38:18 | | **zensky**(1) 9:40 | |
| 38:21  39:4  39:13  40:14  41:9  41:13  41:14 | | **zloto**(1) 9:32 | |
| 42:4  42:10  43:10  43:13  44:20  45:1  45:10 | | **zuckerman**(3) 3:18  7:25  87:24 | |
| 45:15  45:16  45:20  46:1  46:4  48:14  49:12 | | **"known**(1) 98:3 | |
| 50:1  50:6  53:13  54:3  54:7  54:8  56:3  56:6 | | **"pursuant**(1) 90:13 | |
| 58:8  58:13  59:18  59:19  59:20  61:9  61:21 | | **"the**(1) 97:21 | |
| 61:24  62:1  62:24  62:25  63:17  64:14  65:7 | | | |
| 65:13  65:19  66:14  67:9  69:7  71:8  72:2 | | | |
| 72:3  72:4  72:10  72:18  72:20  72:21  72:22 | | | |
| 78:24  79:22  80:9  80:11  80:14  81:19  81:22 | | | |
| 81:22  82:5  82:11  82:17  82:20  82:22  85:18 | | | |
| 87:21  87:22  88:9  88:10  88:24  89:1  89:4 | | | |
| 89:9  89:10  89:21  89:22  90:2  90:4  90:6 | | | |
| 90:7  91:12  91:22  92:16  93:20  95:11  95:12 | | | |
| 96:5  96:14  97:2  97:5  97:13  97:14  97:16 | | | |
| 98:11  98:25  99:1  99:3  99:13  100:22  101:8 | | | |
| 102:4  102:9  103:3  103:4  103:16  103:17 | | | |
| 104:5  104:7  104:23  107:13  107:20  108:19 | | | |
| 108:22  108:24  109:25  110:9  111:8  111:15 | | | |
| 113:4  113:9  115:8  116:19  117:3  117:4 | | | |
| 119:4  119:14  119:15  122:12  123:10  124:18 | | | |
| 125:11  125:14  126:12  126:14  127:10 | | | |
| 128:23  129:4  129:10  129:15  129:16  129:22 | | | |
| 129:23  129:25  130:1  130:8  130:9  130:18 | | | |
| | | | |
| | | | |
| **you'd**(1) 26:25 | | | |
| **you're**(7) 36:11  41:13  65:22  68:8  71:6 | | | |
| 71:7  71:13 | | | |
| | | | |
| **you've**(5) 27:11  48:17  55:16  64:9  67:3 | | | |
| **young**(4) 2:10  12:43  13:4  16:1 | | | |
| **your**(221) 14:4  14:5  14:8  15:17  17:4 | | | |
| 17:22  18:3  18:20  19:19  21:4  21:9  21:10 | | | |
| 21:11  21:23  22:21  22:24  24:1  25:8  26:1 | | | |
| 26:14  26:17  27:3  27:17  27:18  27:22  27:25 | | | |
| 30:24  31:4  31:23  32:15  32:20  32:23  33:9 | | | |
| 33:13  33:19  33:24  34:8  34:11  34:16  34:22 | | | |
| 35:4  35:4  35:18  35:24  35:24  36:10  36:11 | | | |
| 36:16  36:19  36:25  37:3  37:8  37:12  37:13 | | | |
| 37:22  38:11  38:24  39:15  39:18  41:8  42:3 | | | |
| 42:5  42:8  42:11  42:16  44:5  44:18  44:24 | | | |
| 45:2  45:9  45:22  45:24  46:2  46:14  47:4 | | | |
| 47:22  48:19  49:11  49:20  50:16  53:1  53:2 | | | |
| 53:16  53:23  54:7  54:11  54:14  54:24  55:13 | | | |
| 56:18  57:22  58:15  59:3  59:17  59:21  59:23 | | | |
| 60:2  60:24  61:5  61:14  61:15  62:8  62:23 | | | |
| 63:13  63:19  63:21  64:4  64:8  64:13  65:4 | | | |
| 65:6  65:12  65:17  65:22  66:8  66:8  68:6 | | | |
| 68:7  68:7  68:12  69:19  69:25  72:10  72:24 | | | |
| 73:1  74:13  76:5  76:10  76:12  76:13  77:25 | | | |
| 78:2  78:25  79:2  79:3  79:8  79:16  81:10 | | | |
| 82:5  82:15  82:20  82:23  83:5  83:5  83:14 | | | |
| 83:18  83:21  85:23  87:21  87:23  88:7  88:22 | | | |
| 89:6  89:18  89:21  89:23  89:24  90:2  90:8 | | | |
| 92:1  93:9  93:19  93:21  94:11  95:11  95:13 | | | |
| 95:19  96:18  97:16  98:13  101:25  102:11 | | | |
| 103:4  103:9  103:15  104:1  104:2  105:4 | | | |
| 105:18  106:5  107:2  108:24  109:21  110:10 | | | |
| 110:22  111:11  112:1  113:10  116:12  116:23 | | | |
| 117:6  117:8  119:14  119:16  119:20  120:8 | | | |
| 120:22  121:8  121:22  122:11  122:20  122:24 | | | |
| 123:11  123:13  124:10  124:18  124:21 | | | |
| 125:4  126:6  126:16  127:17  128:5  128:11 | | | |
| 128:15  128:19  129:3  129:9  129:11  129:15 | | | |
| 129:15  130:2 | | | |
| | | | |
| **yours**(2) 25:16  33:3 | | | |
| **you'd**(2) 129:17  129:25 | | | |
| **you'll**(1) 96:21 | | | |
| **you're**(3) 78:22  94:6  110:8 | | | |
| **you've**(3) 90:9  97:4  120:17 | | | |
| **zabel**(1) 12:23 | | | |

04/08/11 17:16:06