# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> TRIBUNE COMPANY, *et al.*,[1] ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br> Case No. 08-13141 (KJC) <br> Jointly Administered |

## NOTICE OF FILING OF SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF ITS MANAGED ENTITIES, DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, AND WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, lnc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, lnc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WA TL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WL VI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PLEASE TAKE NOTICE** that attached hereto is the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes (the "Second Amended Noteholder Plan").[2]

The Second Amended Noteholder Plan has been amended from the version previously filed on February 25, 2011 [*ECF No*. 8169] (the "Amended Noteholder Plan") in order to address and resolve certain objections to the Amended Noteholder Plan. In addition, the Second Amended Noteholder Plan has been amended in order to modify the reserve structure of the Amended Noteholder Plan. Specifically, the Second Amended Noteholder Plan has been amended in order to permit the maximum amount of equity value (in the form of New Common Stock and/or New Warrants) in Reorganized Tribune to be distributed to Creditors as of the Effective Date of the Second Amended Noteholder Plan, while at the same time holding sufficient distributable enterprise value ("DEV") in reserve to pay non-LBO Creditors in full, plus postpetition interest, in the event the Litigation Trust is successful in prosecuting the LBO-Related Causes of Action against the Senior Lenders. The Second Amended Noteholder Plan

---

[2] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Second Amended Noteholder Plan.

provides for between 70.5% and 79.8% (assuming a DEV of $6.75 billion)[3,4] of the equity value in Reorganized Tribune to be distributed to Creditors as of the Effective Date of the Second Amended Noteholder Plan, whereas the Amended Noteholder Plan provided for between 34.6% and 51.2% (assuming a DEV of $6.75 billion)[5,6] of the equity value in Reorganized Tribune to be distributed to Creditors as of the Effective Date.

Pursuant to the Second Amended Noteholder Plan, between 45.3% and 51.2% (assuming a DEV of $6.75 billion)[7] of the Debtors' DEV will be initially distributed to Creditors upon the Debtors' emergence from chapter 11. In addition, as noted above, based on non-material modifications to the reserve structure in the Second Amended Noteholder Plan, between 70.5% and 79.8% (assuming a DEV of $6.75 billion)[8] of the equity value of Reorganized Tribune will be distributed to Creditors on the Effective Date, leaving only 20.2% to 29.5% (assuming a DEV of $6.75 billion)[9] of the equity value of Reorganized Tribune held in reserve pending the outcome of the LBO-Related Causes of Action. To the extent the Bankruptcy Court determines

---

[3] The $6.75 billion DEV is the estimate upon which the Debtor/Committee/Lender Plan [*ECF No.* 7801] is based, with 8.4% of the DEV allocated to Tribune and 91.6% of the DEV allocated to its Subsidiaries (on a consolidated basis). The ultimate determination of the amount of DEV as well as the allocation of such DEV as between Tribune and its Subsidiaries will be made by the Bankruptcy Court. Recoveries by Creditors of Tribune and its Subsidiaries will depend on these determinations as well as the PHONES Notes Claims Resolution. The proponents of the Second Amended Noteholder Plan believe the actual DEV is materially higher than $6.75 billion and, in that regard, have submitted the Rebuttal Report to Expert Valuation Report Submitted by Lazard Frères & Co. LLC prepared by Raymond James, challenging the $6.75 billion DEV.

[4] The outcome of the PHONES Notes Claims Resolution will determine whether the higher or lower percentage will be distributed.

[5] The low end of the range assumed that in connection with Confirmation of the Second Amended Noteholder Plan the Bankruptcy Court either (i) determined that the Step Two Lenders would not be entitled to share in Step One Lender distributions if Step Two Lender Claims were avoided but Step One Lender Claims were not avoided or (ii) deferred consideration of the issue. The Second Amended Noteholder Plan provides that Step Two Lenders will share in Step One Lender distributions in the event Step Two Lender Claims are avoided but Step One Lender Claims are not avoided.

[6] *See* footnote 4, *supra*.

[7] *See* footnote 4, *supra*.

[8] *See* footnote 4, *supra*.

[9] The outcome of the PHONES Notes Claims Resolution will determine whether the higher or lower percentage will be held in reserve.

that the actual DEV is greater than $6.75 billion (which the proponents of the Second Amended Noteholder Plan believe is the case), the percentage of equity distributed to Creditors as of the Effective Date would increase and the percentage of equity held in reserve would decrease correspondingly.

For example, if the Bankruptcy Court determines that the DEV is $8.00 billion, between 51.6% and 56.6%[10] of the Debtors' DEV will be initially distributed to Creditors upon the Debtors' emergence from chapter 11. In addition, at an $8.00 billion DEV, based on non-material modifications to the reserve structure in the Second Amended Noteholder Plan, between 73.9% and 81.1%[11] of the equity value of Reorganized Tribune will be distributed to Creditors as of the Effective Date, leaving only 18.9% to 26.1%[12] of the equity value of Reorganized Tribune held in reserve pending the outcome of the LBO-Related Causes of Action.

The charts below compare the initial allocation of equity value in Reorganized Tribune as of the Effective Date among Creditors and the reserves established under the Amended Noteholder Plan and Second Amended Noteholder Plan, respectively, based on (i) an illustrative DEV for the Debtors of $6.75 billion and $8.00 billion with such DEV allocated 8.4% to Tribune and 91.6% to Tribune's subsidiaries (on a consolidated basis) and (ii) the outcome of the PHONES Notes Claims Resolution.

---

[10] *See* footnote 4, *supra*.
[11] *See* footnote 4, *supra*.
[12] *See* footnote 9, *supra*.



**Initial Allocation of Equity (Low PHONES)***

- Non-LBO Creditors Debt Reserve
- Non-LBO Creditors – Initial Distribution
- Bridge Loan Claims – Reserve
- Step Two Lender Claims – Initial Distribution
- Step One Lender Claims – Initial Distribution

*\* Percentages assume that all initial distributions are in the form of Class A New Common Stock and the Warrants allocable to the Distribution Trust on an as-converted basis.*



**Initial Allocation of Equity (High PHONES)***

\* *Percentages assume that all initial distributions are in the form of Class A New Common Stock and the Warrants allocable to the Distribution Trust on an as-converted basis.*

A substantial portion of the equity value of Reorganized Tribune projected to be held in reserve as of the Effective Date (between 12.9% and 14.6% (assuming a DEV of $6.75 billion) and between 13.5% and 14.9% (assuming a DEV of $8.00 billion))[13] is on account of reserves in respect of the Bridge Loan Lender Claims. To the extent the Senior Lenders and the Bridge

---

[13] *See* footnote 9, *supra*.

Loan Lenders agree to a settlement providing for the same value recovery to the Bridge Loan Lenders under the Second Amended Noteholder Plan as currently contemplated by the Debtor/Committee/Lender Plan (i.e., $64.5 million to $65.5 million), the amount of equity value of Reorganized Tribune held in reserve on the Effective Date will be reduced to only 5.5% to 16.6% (assuming a DEV of $6.75 billion) or 4.0% to 12.6% (assuming a DEV of $8.00 billion)).[14]

The foregoing percentages of distribution are premised upon (i) the enforcement of the Senior Loan Sharing Provisions contained in Senior Loan Agreement and (ii) an Initial Distribution only in the form of New Common Stock and/or New Warrants to the holders of Step One Lender Claims and Step Two Lender Claims. The Second Amended Noteholder Plan is premised upon enforcement of the Senior Loan Sharing Provisions regardless of the potential avoidance of Step Two Lender Claims or any other remedies that may be found to apply to Senior Loan Claims; *provided*, *however*, that in the event (i) the Bankruptcy Court finds, in connection with Confirmation, that the Senior Loan Sharing Provisions do not apply if Step Two Lender Claims are avoided, (ii) the Bankruptcy Court finds that the amendments contained in the Second Amended Noteholder Plan that provide for the enforcement of the Senior Loan Sharing Provisions constitute a material modification requiring resolicitation of the Second Amended Noteholder Plan or (iii) a determination of the enforceability of the Senior Loan Sharing Provisions is otherwise required, but not determined as of the Effective Date, the Senior Loan Sharing Provisions will not be enforced until such time as the enforceability of the Senior Loan Sharing Provisions is determined by a Final Order and, until such Final Order is entered, any distributions otherwise allocable to the Step Two Lenders on account of the Senior Loan Sharing

---

[14] *See* footnote 9, *supra*.

Provisions shall be held in the Distribution Trust Reserve.  Moreover, as stated above, the Second Amended Noteholder Plan contemplates that the Step One Lender Claims and Step Two Lenders Claims will receive an Initial Distribution only in the form of New Common Stock and/or New Warrants; *provided*, *however*, that to the extent the Bankruptcy Court determines that the amendments contained in the Second Amended Noteholder Plan that provide for such distributions to be solely in the form of New Common Stock and/or New Warrants to such Creditors constitute a material modification requiring resolicitation, such Classes shall instead receive a Consideration Strip.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Second Amended Noteholder Plan may be: (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282- 2400; (ii) inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, DE 19801; or (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: March 28, 2011

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Daniel H. Golden<br>Philip C. Dublin<br>One Bryant Park<br>New York, NY  10036<br>(212) 872-1000 | ASHBY & GEDDES, P.A.<br><br>s/ William P. Bowden_____<br>William P. Bowden (I.D. No. 2553)<br>Amanda M. Winfree (I.D. No. 4615)<br>500 Delaware Avenue, P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888 |

*Counsel for Aurelius Capital Management, LP*

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br><br>s/ Katharine L. Mayer<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Richard F. Casher<br>1633 Broadway<br>New York, New York 10019<br>Tel: (212) 506-1700<br>Fax: (212) 506-1800 | BIFFERATO GENTILOTTI LLC<br><br>s/ Garvan F. McDaniel<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>Tel: (302) 429-1900<br>Fax: (302) 429-8600 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>s/ William D. Sullivan<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*