# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 8208 |

## ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT AND ADVANCEMENT OF DEFENSE COSTS, FEES, AND EXPENSES UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon consideration of the Motion of Debtor Tribune Company ("Tribune") for entry of an Order pursuant to Sections 105(a) and 362(d) of the Bankruptcy Code modifying the automatic stay, to the extent it applies, to allow advancement of certain outstanding and ongoing defense costs, fees, and expenses under its directors and officers insurance Policies (the "Motion");[1] the request for adjournment and objection of the Official Committee of Unsecured Creditors (the "Committee") to the Motion (the "Committee's Objection"); Tribune's reply in support of its Motion; certain directors and officers' response to the Committee's Objection; and Samuel Zell's memorandum in support of Tribune's Motion; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of Tribune and its estate, creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

---

[1] Unless otherwise defined, capitalized terms in this Order shall have the same meaning as those terms are defined in Tribune's Motion (Docket No. 8208).

1111888

ORDERED, that the Committee's Objection is overruled; and it is further

ORDERED, that the automatic stay, to the extent it applies, is hereby modified to allow, without further Order of this Court, the Individual Defendants to recover, in connection with the FitzSimons Lawsuit and the Preference Lawsuits (collectively, the "Lawsuits"; each individually a "Lawsuit"), payment of already incurred defense costs, fees, and expenses and advancement of future defense costs, fees, and expenses from Tribune's primary and excess directors and officers Insurance Providers pursuant to the terms of the Policies; and it is further

ORDERED, that Tribune is authorized to execute all the documentation necessary to allow the payment of already incurred defense costs, fees, and expenses and advancement of future defense costs, fees, and expenses in connection with the Lawsuits, by Tribune's primary and excess directors and officers Insurance Providers; and it is further

ORDERED, that nothing in this Order shall modify or alter the rights and obligations provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies, including all Insureds under the Policies, reserve all rights and defenses that they would otherwise have; and it is further

ORDERED, that the fourteen (14)-day stay provided for in Bankruptcy Rule 4001(a)(3) is waived such that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Individual Defendants will provide to counsel for the Creditors' Committee certain information regarding the Lawsuits on the timetables set forth below:

- Subject to all applicable privileges, the Individual Defendants, through counsel for one designated Individual Defendant, will provide counsel to the Creditors' Committee (with a copy to counsel for all Insureds), no more than 45 days after the close of each three-month calendar period while the FitzSimons Lawsuit or the Preference Lawsuits are pending, a joint report on behalf of all Individual Defendants summarizing: (a) the aggregate amount of fees and costs submitted

for payment by all Individual Defendants to the Insurance Providers during the immediately preceding three-month period; and (b) the aggregate amount which the Insurance Providers have paid to or on behalf of all Individual Defendants through the end of such immediately preceding three-month period. The first joint report will be provided no later than May 1, 2011. The joint report will provide information as to the fees and costs respectively for (1) the FitzSimons Lawsuit; and (2) the Preference Lawsuits as a group. The joint report will not include any information which is subject to the attorney-client privilege or the attorney work product doctrine, or any other applicable privileges.

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 29, 2011

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge