# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| TRIBUNE COMPANY *et al.,* | : Case No. 08-13141 (KJC) |
| | : Jointly Administered |
| Debtors. | : |
| | : **Related Docket Nos. 8499, 8519** |

## SUPPLEMENT CONCERNING FCC ISSUES WITH RESPECT TO THE NOTEHOLDER PLAN PROPONENTS' OPPOSITION TO DCL PLAN PROPONENTS' SUBMISSION REGARDING REBUTTAL WITNESSES AND CROSS-SUBMISSION FOR CERTAIN RELIEF RESPECTING DCL REBUTTAL CASE

The Noteholder Plan Proponents,[1] by and through their undersigned counsel, hereby submit this Supplement Concerning FCC Issues With Respect to the Opposition to DCL Plan Proponents'[2] Submission Regarding Rebuttal Witness and Cross Motion for Certain Relief Respecting DCL Rebuttal Case (the "Noteholder Objection") [D.I. No. 8519]. The Noteholder Objection is incorporated herein by reference.

On March 25, 2011, the DCL Plan Proponents filed a Submission Regarding Rebuttal Witnesses [D.I. No. 8499] (the "Rebuttal Witness Submission"). In their Rebuttal Witness Submission, the DCL Plan Proponents notified the parties that they intend to call Mace

---

[1] The Noteholder Plan Proponents are Aurelius Capital Management, LP, on behalf of its managed entities, Law Debenture Trust Company of New York, as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096, Wilmington Trust Company, in its capacity as Successor Indenture Trustee for the PHONES Notes, and Deutsche Bank Trust Company Americas, in its capacity as successor Indenture Trustee for certain series of Senior Notes.

[2] The DCL Plan Proponents are the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.

970091.4

Rosenstein as a rebuttal expert witness to, *inter alia*, rebut "the expert testimony of Mark Prak [the Noteholder Plan Proponents' expert witness on FCC issues] concerning alleged violations of the FCC's ownership rules under the DCL Plan and alleged complications and delays in the FCC's consideration of the Debtors' FCC applications under the Debtor/Committee/Lender Plan, and *application of these issues under the Noteholder Plan*" (emphasis added).

The Noteholder Plan Proponents respectfully submit that Mr. Rosenstein should *not* be permitted to testify as a rebuttal witness as to any matters that are outside the scope of Mr. Prak's testimony, including with respect to FCC "issues under the Noteholder Plan." Any testimony that is outside the scope of Mr. Prak's trial testimony may not be properly presented as rebuttal testimony at this late stage in the trial as it would inevitably result in confusion, additional witnesses and testimony, and undue delay.

While "under the Federal Rules of Evidence [a] court has broad discretion to control the admission of rebuttal testimony," courts have consistently held that the "discretion does not extend . . . to the admission of testimony that does not rebut anything said by the defendant." *United States v. Pantone*, 609 F.2d 675, 681 (3d Cir. 1979) (citing *Geders v. United States*, 425 U.S. 80, 86 (1976)). In the Third Circuit, when considering the scope of permissible rebuttal testimony, a court must consider the extent to which "the offered evidence rebuts the witness' prior assertion." *United States v. Ferrell*, 625 F. Supp. 41, 47 (E.D. Pa. 1985). A rebuttal witness should not be permitted to testify regarding matters that have not been addressed in the case in chief. *See Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764-65 (5th Cir. 1991) ("The potential for unfairness to the opponent and confusion of the issues militates against admitting new or repetitive evidence at the rebuttal stage"); *Skogen v. Dow Chemical Co.*, 375 F.2d 692,

705-06 (8th Cir. 1967) ("Normally, parties are expected to present all of their evidence in their case in chief.").

In the instant case, Mr. Prak did not testify about FCC issues relating to the Noteholder Plan. In fact, counsel for the DCL Plan Proponents strenuously objected at trial to Mr. Prak answering any questions regarding FCC issues under the Noteholder Plan, and the objection was sustained by the Court. *See* Trial Tr. at 2483:9-2485:15 (Mar. 17, 2011). As a result, Mr. Prak was prohibited from discussing his opinion regarding FCC issues under the Noteholder Plan. Any testimony by Mr. Rosenstein (who is being called as a "rebuttal" witness) regarding FCC issues under the Noteholder Plan is, therefore, outside the scope of Mr. Prak's testimony and wholly inappropriate as rebuttal testimony. The DCL Plan Proponents should not be permitted to call Mr. Rosenstein as a "rebuttal" witness to testify regarding matters that Mr. Prak was prohibited from discussing and that were not presented to the Court in the DCL Plan Proponents' case in chief.

For the foregoing reasons, the Noteholder Plan Proponents respectfully request that the Court preclude the DCL Plan Proponents from presenting rebuttal testimony from Mr. Rosenstein regarding FCC issues under the Noteholder Plan.[3]

---

[3] If the Court allows the DCL Plan Proponents to elicit rebuttal testimony from Mr. Rosenstein, the Noteholder Plan Proponents should be given the opportunity to present any appropriate rebuttal testimony as well, including rebuttal testimony from Mr. Prak regarding FCC issues under the Noteholder Plan and the DCL Plan.

Dated: Wilmington, Delaware
March 30, 2011

Respectfully submitted,

ASHBY & GEDDES, P.A.

*/s/ Amanda Winfree*

William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Edward A. Friedman
Robert J. Lack
Kizzy L. Jarashow
FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100

- and -

LERMAN SENTER PLLC
Meredith S. Senter, Jr.
Sally A. Buckman
2000 K Street NW
Suite 600
Washington, DC 20006
(202) 429-8970

*Counsel for Aurelius Capital Management, LP*

BIFFERATO GENTILOTTI

/s/ Garvan F. McDaniel
Garvan F. McDaniel (I.D. No. 4167)
800 N. King St., Plaza Level
Wilmington, DE 19801
(302) 429-1900

- and -

David S. Rosner
Andrew K. Glenn
Sheron Korpus
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

*Counsel for Law Debenture Trust Company of New York*


SULLIVAN HAZELTINE ALLINSON LLC

/s/ William D. Sullivan
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson (I.D. No. 3476)
901 Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Katherine S. Bromberg
7 Times Square
New York, NY 10036
(212) 209-4800

*Counsel for Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

McCARTER & ENGLISH, LLP

*/s/ Katharine L. Mayer*
Katharine L. Mayer (I.D. No. 3758)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300

-and-

David Adler
245 Park Avenue, 27th Floor
New York, NY 10167
(212) 609-6800

*Counsel for Deutsche Bank Trust Company Americas*