IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC)<br>Jointly Administered |
| Debtors | |
| | Related Docket Nos. 8201, 8361 & 8367 |

**CERTIFICATION OF COUNSEL FOR CERTAIN DIRECTORS AND OFFICERS SEEKING ENTRY OF ALTERNATE PROPOSED FORM OF ORDER GRANTING CERTAIN RELIEF FROM THE AUTOMATIC STAY AND THE MEDIATION ORDER**

The undersigned counsel for Certain Directors and Officers[1] hereby certifies as follows:

1. On March 1, 2011, Aurelius Capital Management, LP, Deutsche Bank Trust Company, and Law Debenture Trust Company (collectively, the "Movants") filed the *Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining that Creditors have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. § 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief From Automatic Stay To Permit Commencement Of Such Litigation; And (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation* [Docket No. 8201] ("Motion") with the United States Bankruptcy Court for the District of Delaware ("Court").

---

[1] Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams.

2. On March 15, 2011, the Robert R. McCormick Tribune Foundation and Cantigny Foundation (together, the "Foundations") filed an Objection [Docket No. 8361] ("Objection") to the Motion.

3. On March 15, 2011, Certain Directors and Officers filed a Joinder [Docket No. 8367] to the Objection.

4. On March 22, 2011, the Court held a hearing on the Motion.

5. At the conclusion of the hearing, the Court agreed to enter an Order based on the rulings stated at the hearing and directed the parties to confer with respect to a form of Order to be submitted to the Court under Certification of Counsel.

6. Subsequent to the hearing, counsel for the Movants, Foundations, Certain Directors and Officers and other parties in interest circulated various forms of Order and comments thereto. In addition, the parties held a conference call to discuss the proposed forms of Order and various proposed revisions thereto. Despite these efforts, the parties have not been able to reach a consensual form of Order.

7. On March 28, 2011, the Movants submitted a proposed form of Order [Docket No. 8510] which has been agreed to by the Movants, Official Committee of Unsecured Creditors and Wilmington Trust.

8. On March 29, 2011, the Foundations submitted a proposed form of Order [Docket No. 8514].

9. On March 29, 2011, the Court held a conference call in which it asked for any additional proposed orders to be submitted by Friday, April 1, at 4:00 p.m. (EST). During that call, the Court reminded the parties that it had made a ruling on the record on March 22, 2011 and indicated that the Order entered regarding this Motion should be consistent with his ruling.

10. Certain Directors and Officers, along with Chandler Bigelow, Crane Kenney, Mark W. Hianik, John Birmingham, Tom E. Ehlmann, Peter A. Knapp, EGI-TRB, LLC, and Samuel Zell, respectfully submit that the form of Order attached hereto as Exhibit A accurately reflects the Court's limited ruling at the March 22, 2011 hearing and therefore respectfully request that the Court enter the Order attached here as Exhibit A. The Certain Directors and Officers are also submitting a disk containing the form of Order attached hereto.

11. Certain Directors and Officers, along with Chandler Bigelow, Crane Kenney, Mark W. Hianik, John Birmingham, Tom E. Ehlmann, Peter A. Knapp, EGI-TRB, LLC, and Samuel Zell, do *not* object to the Foundations' proposed form of order. They *do* object to the Movants' proposed form of order as inconsistent with and exceeding the scope of the Court's March 22, 2011 ruling.

Dated: March 31, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

John R. McCambridge
George R. Dougherty
GRIPPO & ELDEN LLC
111 S. Wacker Drive
Chicago, IL 60606
(312) 704-7700 Telephone
(312) 558-1195 Facsimile

*Attorneys for Certain Officers and Directors*

#4263598

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered |

ORDER GRANTING CERTAIN RELIEF FROM THE AUTOMATIC
STAY AND THE MEDIATION ORDER

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP[1], Deutsche Bank Trust Company Americas[2], Law Debenture Trust Company of New York[3], and Wilmington Trust Company[4], (collectively, the "Original Plaintiff Group") (the "Motion"), for entry of an order seeking, *inter alia*, (I) relief from the Bankruptcy Code's automatic stay to permit the filing of state law constructive fraudulent conveyance claims to recover stock redemption payments made to shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO"), by or on behalf of the Original Plaintiff Group ("Creditor SLCFC Claims") and (II) leave from this Court's Order Appointing Mediator [*ECF* No. 5591] (the "Mediation Order") to permit the commencement of such litigation; it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; the

---

[1] On behalf of its managed entities (collectively, "Aurelius").
[2] In its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Deutsche Bank").
[3] In its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Law Debenture").
[4] In its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company ("Wilmington Trust").

1114948.4

Court having considered the assertion by the Original Plaintiff Group that statutes of limitations for filing Creditor SLCFC Claims will begin to expire on June 4, 2011; the Court having further considered the Motion at a hearing on March 22, 2011 (the "Hearing"); after due deliberation, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1. To the extent Bankruptcy Code Section 362 and/or the Mediation Order would otherwise stay the commencement of Creditor SLCFC Claims, such stays are hereby lifted solely to permit the filing of Creditor SLCFC Claims by the Original Plaintiff Group in order to allow such Group to avoid the expiration of any relevant statutes of limitation.

2. Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraph 1 above shall automatically be stayed in the applicable court(s) where such complaint(s) are filed, with the sole exception that such complaint(s) may be served.

3. Nothing in this Order shall resolve, prejudice or impair any objections to any Plan of Reorganization pending in this Court.

4. Nothing in this Order shall resolve, prejudice or impair any rights, claims or defenses that could be asserted by any defendant in any proceeding in respect of a Creditor SLCFC Claim; including, specifically, all such defenses and objections referenced in the Objection of the Robert R. McCormick Tribune Foundation and the Cantigny Foundation [Docket No. 8361] and all joinders thereto. For the avoidance of doubt and without limitation, this Court is expressly making no determination, finding or ruling regarding the standing of the Original Plaintiff Group (or any other creditor) to assert the Creditor SLCFC Claims or the issue of whether such Claims are preempted or otherwise impacted by 11 U.S.C. § 546(e).

- 3 -

5.  This Court shall retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated: _____, 2011
       Wilmington, Delaware

                                          _____
                                          HONORABLE KEVIN J. CAREY
                                          Chief United States Bankruptcy Judge

#4263618

1114948.4