IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 08-13141 (KJC), *et seq.*<br>(jointly administered)<br><br>**Re Docket Nos.: 8201, 8361, 8413** |

**CERTIFICATION OF COUNSEL FOR SUBMISSION OF PROPOSED COUNTER
ORDER GRANTING MOTION OF AURELIUS CAPITAL MANAGEMENT, LLP,
DEUTSCHE BANK TRUST COMPANY AMERICAS AND LAW DEBENTURE TRUST
COMPANY OF NEW YORK PERMITTING THE COMMENCEMENT OF STATE
LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS**

Jay Teitelbaum, a partner in Teitelbaum & Baskin, LLP and Adam Hiller, a member of

Pinckney, Harris & Weidinger, LLC, as co-counsel with for approximately 200 former

employees (and beneficiaries of such former employees) (the "TM Retirees")[1] of The Times

Mirror Company ("Times Mirror"), who were receiving or entitled to receive payments under

certain qualified and non-qualified retirement plans of one or more of the Debtors, certifies as

follows:

1.      Aurelius Capital Management, LLP, Deutsche Bank Trust Company Americas

and Law Debenture Trust Company of New York filed and served a Motion of Aurelius Capital

Management, LLP, Deutsche Bank Trust Company Americas and Law Debenture Trust

---

[1] Among the TM Retirees supporting this joinder is William Niese, a member of the
Official Committee of Unsecured Creditors (the "OCC"). Teitelbaum & Baskin also
represents Mr. Niese in his role as a member of the OCC. This pleading is filed on behalf of the
TM Retirees, including Mr. Niese, in their capacity as creditors and parties in interest and not in
any manner as a representative of the OCC. The positions taken herein do not necessarily
reflect the position of the OCC, and the OCC has not been consulted in connection with this
pleading.

Company of New York filed a motion for entry of an order (i) determining that creditors have retained their state law constructive fraudulent transfer claims to recover stock redemption payments made to step one shareholders and step two shareholders pursuant to 11 U.S.C. § 546(a); (ii) determining that the automatic stay does not bar commencement of litigation on account of such claims against such shareholders or, in the alternative, granting relief from the automatic stay to permit commencement of such litigation; and (iii) granting leave from the mediation order to permit commencement of such litigation (Docket No. 8201) (the "Motion").

2.      The Official Committee of Unsecured Creditors filed a joinder in support of the Motion and, among other things, argued that the relief sought in the Motion should not be limited to the moving parties on the ground that the automatic stay and Mediation Order should be vacated in their entirety with respect to the Creditor SLCFC Claims, to avoid prejudicing any creditor of the Debtors.

3.      The McCormick Tribune Foundation filed an objection (Docket No. 8361) to the Motion and various parties, including the TM Retirees filed a joinder (Docket No. 8413) with the objection of the McCormick Tribune Foundation.

4.      The Court conducted a hearing on the Motion and the various objections on March 22, 2011 (the "Hearing"), at which the Court made certain rulings.

5.      The movants and objecting parties participated in a telephonic conference call in an effort to reach a consensus on a form of order to be submitted to the Court in connection with the Court's rulings at the Hearing. As the parties were unable to reach agreement, this Court conducted a telephonic hearing on March 29, 2011 at 1:00 p.m., and directed all parties to submit to the Court proposed forms of order by April 1 at 4 p.m.

6.      The TM Retirees respectfully submit their proposed form of order, a copy of which is attached hereto as **Exhibit A** (the "Proposed Order") which the TM Retirees believe melds the various orders proposed by the Movants, the McCormick Foundation and certain Directors and Officers.

7.      The TM Retirees believe that the attached form of order implements the rulings of this Court, including that, in granting the Motion, the Court was not intending make any ruling or finding which would enhance or impair any rights which any potential party to a SLCFC Claim may have.

8.      As the TM Retirees do not have word versions of the alternate orders, we were unable to prepare an accurate redline comparing the versions. We apologize for any inconvenience this may impose upon the Court. In an effort to assist the Court, the TM Retirees have provided the Court with word and pdf version of their proposed form of order.

9.      The TM Retirees respectfully request that the Court enter the Proposed Order in connection with the Motion and the various objections.

Dated: April 1, 2011                    Respectfully submitted,

                                        PINCKNEY, HARRIS & WEIDINGER, LLC
                                        **/s/ Adam Hiller**
                                        Adam Hiller (DE No. 4105)
                                        1220 North Market Street, Suite 950
                                        Wilmington, Delaware 19801
                                        (302) 504-1497 telephone
                                        (302) 442-7046 facsimile
                                        And
                                        TEITELBAUM & BASKIN, LLP
                                        **/s/ Jay Teitelbaum (admitted pro hac vice)**
                                        3 Barker Avenue
                                        White Plains, New York  10601
                                        (914) 437-7670 Telephone
                                        Jteitelbaum @tblawllp.com

                                        *Attorneys for the TM Retirees*

**EXHIBIT A FORM OF PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| hi re | ) | Chapter 11 |
|  | ) |  |
| TRIBUNE COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
|  | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

### ORDER GRANTING MOTION TO PERMIT THE COMMENCEMENT OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP, on behalf of its managed entities (collectively "Aurelius"), Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Deutsche Bank"), and Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Law Debenture" and, collectively with Aurelius, Deutsche Bank and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company, the "Original Plaintiff Group"), for entry of an order, *inter alia* (I) vacating the Bankruptcy Code's automatic stay to permit the filing of state law constructive fraudulent conveyance claims to recover stock redemption payments made to shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO"), by or on behalf of the Original Plaintiff Group ("Creditor SLCFC Claims") and (II) vacating, in part, this Court's Order Appointing Mediator

1

*[ECF* No. 5591] (the "Mediation Order") to permit the commencement of such litigation; and upon consideration of the position of the Official Committee of Unsecured Creditors appointed in these Cases (the "Creditors' Committee") in support of the Motion, including that the relief sought in the Motion should not be limited to the Original Plaintiff Group in order to preserve the rights of all creditors to commence Creditor SLCFC Claims to the extent that such claims may exist; and upon consideration of the objection filed to the Motion by the Robert R. McCormick Tribune Foundation and the Cantigny Foundation [Docket No. 8361] and all joinders thereto; and the Court having considered the assertion by the Original Plaintiff Group that statutes of limitations for filing Creditor SLCFC Claims will begin to expire on June 4, 2011; and the Court having further considered the Motion at a hearing on March 22, 2011 (the "Hearing"); and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; after due deliberation, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1.    The Motion is GRANTED to the extent set forth herein.

2.    To the extent Bankruptcy Code Section 362 and/or the Mediation Order would otherwise stay the commencement of Creditor SLCFC Claims, such stays are hereby lifted and vacated solely to permit the filing of Creditor SLCFC Claims by creditors of the Debtors in order to allow such creditors to avoid the expiration of any relevant statutes of limitation.

3.    Absent further order of this Court, any party commencing any such litigation by the filing of any complaint referenced in paragraph 2 above is hereby

2

stayed in the applicable court(s) where such complaint(s) are filed from prosecuting such claims without further order of this Court, with the sole exception that such complaints may be served; and, to the extent necessary, any such party shall file any appropriate application in such court to implement the stay in accordance with the provisions of this Order; provided, however, that during such stay, any party that commences an action in furtherance of a Creditor SLCFC Claim may seek a further order of this Court to authorize such party to take such action as may be necessary for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any such Creditor SLCFC Claim.

4.    To the extent that a creditor other than a member of the Original Plaintiff Group seeks to file its own complaint with respect to a Creditor SLCFC Claim, such creditor shall file a statement in this Court acknowledging that the creditor shall, except as provided in and in accordance with this Order, stay all actions in such litigation and will otherwise adhere to the terms of this Order.

5.    Nothing in this Order shall prejudice the rights of the Creditors' Committee or any trust established under any plan of reorganization that is confirmed and consummated in the Debtors' chapter 11 cases, including to, as the case may be, (i) pursue whatever claims may be properly asserted by the Creditors' Committee or by such trusts, in any venue, or (ii) amend in any way the adversary complaints (Adv. Pro. Nos. 10-53963 and 10-54010) filed by the Creditors' Committee in these chapter 11 cases, or take or seek to take any other action, or assert any rights or arguments, in connection with such claims or complaints or to implement or enforce the terms of any order of this Court, including an order confirming a plan of reorganization of the Debtors.

3

6.      Nothing in this Order shall enhance, prejudice or impair the assertion of any claims or defenses in any proceeding in respect of a Creditor SLCFC Claim or in connection with any objection to any plan of reorganization filed in these cases For the avoidance of doubt, the passage of time due to the imposition of the stay under this Order shall not be a defense in connection with any claim or defense or procedural motion asserted upon the termination of the stay imposed herein.

7.      This Court shall retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated:   April     2011
            Wilmington, Delaware

                                                        _____
                                                        KEVIN J. CAREY
                                                        Chief United States Bankruptcy Judge

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 08-13141 (KJC), *et seq.*<br>(jointly administered) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2011, I caused copies of the foregoing certification

of counsel with Exhibit A to be served via electronic mail upon the following parties:

afaccone@mccarter.com; agoldfarb@zuckerman.com; agordon@paulweiss.com;
ahammond@whitecase.com; alevy@paulweiss.com; andrew.goldman@wilmerhale.com;
aqureshi@akingump.com; MAshley@chadbourne.com; bberens@jonesday.com;
bcarney@akingump.com; bfritz@ny.whitecase.com; bkrakaue@sidley.com;
cdoniak@akingump.com; charles.jackson@morganlewis.com;
Charles.Platt@wilmerhale.com; ckenney@sidley.com; cmontenegro@kasowitz.com;
dadler@mccarter.com; dahall@JonesDay.com; amian.schaible@dpw.com;
Dawn.wilson@wilmerhale.com; ddavidson@morganlewis.com;
dennis.glazer@dpw.com; dgolden@akingump.com; dhille@whitecase.com;
djnewman@akingump.com; dmiles@sidley.com; donald.bernstein@davispolk.com;
drosner@kasowitz.com; dshamah@omm.com; dthomas@sidley.com;
dzensky@akingump.com; Elliot.moskowitz@davispolk.com; emccolm@paulweiss.com;
Evan.Flaschen@bgllp.com; gbush@zuckerman.com; Gerson.Leonard@dol.gov;
gnovod@brownrudnick.com; Goldberg.Elizabeth@dol.gov; Heri.Christine@dol.gov;
hkaplan@arkin-law.com; hobartd@hbdlawyers.com; jconlan@sidley.com;
jducayet@sidley.com; jbendern@sidley.com; jboccassini@mccarter.com;
jdrayton@kayescholer.com; jellias@brownrudnick.com; jgoldsmith@akingump.com;
johnstonj@hbdlawyers.com; Jonathan.Agudelo@kayescholer.com;
JParver@kayescholer.com; jpeltz@sidley.com; jsottile@zuckerman.com;
JYEH@ARKIN-LAW.COM; karen.luftglass@dpw.com;
KBromberg@brownrudnick.com; klantry@sidley.com; kmayer@mccarter.com;
kstickles@coleschotz.com; DLeMay@chadbourne.com; lmarvin@JonesDay.com;
lsilverstein@potteranderson.com; TMcCormack@chadbourne.com;
MesterJ@hbdlawyers.com; mhurley@akingump.com; Michael.russano@davispolk.com;
MPrimoff@kayescholer.com; msiegel@brownrudnick.com; mstein@kasowitz.com;
nchung@akingump.com; ANellos@chadbourne.com; pwackerly@sidley.com;
rflagg@sidley.com; rmcneill@potteranderson.com; sbierman@sidley.com;
schannej@pepperlaw.com; Schloss.Michael@dol.gov; RSchwinger@chadbourne.com;
HSeife@chadbourne.com; sgulati@akingump.com; silverstein@potteranderson.com;
SKorpus@kasowitz.com; strattond@pepperlaw.com; tbecker@morganlewis.com;
npernick@coleschotz.com; preilley@coleschotz.com; landis@lrclaw.com;
bbennett@dl.com; jjohnston@deweyleboeuf.com; jmester@dl.com;
pdublin@akingump.com; rcasher@kasowitz.com; rstark@brownrudnick.com;
rbrady@ycst.com; mbcleary@ycst.com; wbowden@ashby-geddes.com;
awinfree@ashby-geddes.com; collins@rlf.com; gmcdaniel@bglawde.com;

bsullivan@sha-llc.com; zallinson@sha-llc.com; RWRiley@duanemorris.com;
mfelger@cozen.com; jhenderson@sidley.com;
jboelter@sidley.com;john.sieger@kattenlaw.com

Dated: April 1, 2011

**/s/ Jay Teitelbaum (admitted pro hac vice)**
TEITELBAUM & BASKIN, LLP
3 Barker Avenue
White Plains, New York  10601
(914) 437-7670 Telephone
Jteitelbaum @tblawllp.com