# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re                          :   Chapter 11
                               :
TRIBUNE COMPANY, et al.,[1]    :   Case No. 08-13141 (KJC)
                               :
         Debtors.              :   Jointly Administered
                               :
------------------------------x

**ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT THE AUTOMATIC STAY BARS COMMENCEMENT BY CREDITORS OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS TO RECOVER STOCK REDEMPTION PAYMENTS MADE TO STEP ONE SHAREHOLDERS AND STEP TWO SHAREHOLDERS AND (II) LEAVE FROM THE MEDIATION ORDER TO PERMIT COMMENCEMENT OF LITIGATION ON ACCOUNT OF SUCH CLAIMS**

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP, on behalf of its managed entities (collectively "Aurelius"), Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

by Tribune Company ("Deutsche Bank"), and Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Law Debenture" and, collectively with Aurelius, Deutsche Bank and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company, the "Original Plaintiff Group"), for entry of an order (I) determining that ~~creditors have regained their~~**the automatic stay does not bar the filing of** state law constructive fraudulent conveyance claims to recover stock redemption payments made to Step One Shareholders (as defined below) and Step Two Shareholders (as defined below) ~~due to the expiration of the statute of limitations under 11 U.S.C. § 546(a); (II) determining that the automatic stay does not bar the commencement of litigation by or on behalf of creditors with respect to such claims~~**by or on behalf of the Original Plaintiff Group** or, in the alternative, granting relief from the automatic stay to permit the ~~commencement~~**filing** of such litigation; ~~and~~ (~~III~~**II**) granting leave from this Court's Order Appointing Mediator [*ECF No.* 5591] (the "Mediation Order") to permit the commencement of such litigation**, and (III) for additional relief** (the "Motion"); and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; and the Court having considered the Motion at a hearing on March 22, 2011 (the "Hearing"); and the Court having ~~overruled~~**ruled on** the objections to the Motion for the reasons stated at the Hearing; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED to the extent set forth herein.

2. Based on the fact that ~~on or before the expiration of the applicable statute~~**the Original Plaintiff Group asserts that the statutes** of limitations ~~under 11 U.S.C. § 546(a)~~ for

2

commencing ~~any~~ state law constructive fraudulent conveyance claims against shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO") ~~no such claims were commenced by or on behalf of the Debtors' estates, the Debtors' creditors have regained the right, if any, to prosecute their respective state law constructive fraudulent conveyance claims against Step One Shareholders and/or Step Two Shareholders to recover stock redemption/purchase payments made to such shareholders in connection with the LBO (collectively, the "Creditor SLCFC Claims").~~ **may expire beginning June 4, 2011, and solely to provide the Original Plaintiff Group the opportunity to avoid the expiry of relevant statutes of limitations, to the extent the automatic stay of Bankruptcy Code section 362 stays the commencement of any such claims (the "Creditor SLCFC Claims"), the automatic stay is hereby lifted to permit the filing of any complaint by or on behalf of the Original Plaintiff Group on account of such Creditor SLCFC Claims.**

~~3.     To the extent the automatic stay of 11 U.S.C. § 362(a) stays the commencement of any Creditor SLCFC Claims, the automatic stay is hereby lifted to permit the filing of any complaint by or on behalf of creditors on account of such Creditor SLCFC Claims, including, without limitation, any complaint filed by any plaintiff in the Original Plaintiff Group.~~

**3.**     ~~4.~~ To the extent the Mediation Order stays the commencement of any Creditor SLCFC Claims, leave is hereby granted from such Mediation Order to permit the filing of the complaint(s) referenced in paragraph ~~3~~**2** above.

**4.**     ~~5.~~ To the extent that a creditor other than a member of the Original Plaintiff Group seeks to file its own complaint with respect to its Creditor SLCFC Claims, such creditor

shall file a statement in this Court acknowledging that the creditor shall, except as provided in and in accordance with paragraph ~~6~~**5** below, stay all actions in the state court litigation and will otherwise adhere to the terms of this Order.

  **5.** ~~6.~~ Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs ~~3~~**2** and ~~5~~**4** above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made by the Original Plaintiff Group or any other creditor that files its own complaint; provided, however, that during such stay, any party, including any plaintiff in the Original Plaintiff Group, that files such a complaint may~~: (a) consistent with governing rules, amend such complaint; (b~~ **(a)** complete service of such complaint~~; and (c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of~~ **and (b) solely for** limitations ~~or other time-related defenses from barring any Creditor SLCFC Claims.~~ **-related discovery, may subpoena either from the Official Committee of Unsecured Creditors ("Creditors' Committee") or the defendants to the adversary proceedings commenced by the Creditors' Committee (Adv. Pro. Nos. 10-53963 and 10-54010) the discovery that such defendants previously produced to the Creditors' Committee in connection with the Creditors' Committee's subpoenas for limitations-related discovery in those adversary complaints, subject to all applicable confidentiality agreements and orders.**

  **6.** ~~7.~~ Nothing in this Order shall prejudice the rights of ~~the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors' Committee") or~~ any trust established under any plan of reorganization that is confirmed and consummated in the Debtors' chapter 11 cases, ~~including to, as the case may be, (i)~~ **or the rights of the Creditors'**

4

**Committee, to** pursue ~~whatever~~**any** claims ~~are~~ properly asserted by **such trust or** the Creditors' Committee ~~or by such trusts, in any venue, or (ii) amend in any way the adversary complaints (Adv. Pro. Nos. 10-53963 and 10-54010) filed by the Creditors' Committee in these chapter 11 cases, or take or seek to take any other action, or assert any rights or arguments, in connection with such claims or complaints~~.

**7.**   ~~8.~~ Nothing in this Order shall prejudice or impair any claims ~~or~~**,** defenses ~~of~~**or procedural rights that could be asserted by** any defendant in any proceeding in respect of a Creditor SLCFC Claim ~~or any objection to any plan of reorganization currently before this Court~~**; including, specifically, all such defenses and objections referenced in the Objection of the Robert R. McCormick Tribune Foundation and the Cantigny Foundation [Docket No. 8361] and any joinders thereto. This Court is expressly making no finding or ruling regarding the Original Plaintiff Group's (or any creditor's) standing to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e)**.

**8.**   ~~9.~~ This Court shall~~, except with respect to the prosecution of the Creditor SLCFC Claims,~~ retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated: _____, 2011
       Wilmington, Delaware

                                          _____
                                          HONORABLE KEVIN J. CAREY
                                          Chief United States Bankruptcy Judge

Document comparison by Workshare Professional on Friday, April 01, 2011 11:12:47 AM

| Input: | |
|---|---|
| Document 1 ID | C:\Temp\KDocs\32120679_V2.DOCX |
| Description | C:\Temp\KDocs\32120679_V2.DOCX |
| Document 2 ID | C:\Temp\KDocs\32120591_V12.DOCX |
| Description | C:\Temp\KDocs\32120591_V12.DOCX |
| Rendering set | Style C |

| Legend: |  |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 23 |
| Deletions | 35 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 1 |
| Total changes | 59 |