

**ZUCKERMAN SPAEDER LLP**

1800 M STREET, NW  SUITE 1000
WASHINGTON, DC 20036-5807
202.778.1800   202.822.8106 fax   www.zuckerman.com

James Sottile
Partner
(202) 778-1894
jsottile@zuckerman.com

April 4, 2011

**BY HAND**

The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 Market Street
5th Floor
Wilmington, DE 19801

> Re:   In re Tribune Company, et al., Debtors (Case No. 08-13141) - request for telephonic hearing

Dear Judge Carey:

As the Court is aware, this firm is special counsel to the Official Committee of Unsecured Creditors (the "Committee"), one of the proponents of the Debtor/Committee/Lender Plan in the above-captioned case [D.I. 7801]. We write on behalf of the proponents of that Plan (the "DCL Plan Proponents") to request that this Court schedule a telephonic hearing early this week to address six issues that have arisen with respect to the hearings this Court has scheduled for the week of April 11, 2011. The Noteholder Plan Proponents have authorized undersigned counsel to represent that they join in this request.

The six issues are as follows:

1. As the Court is aware from various submissions filed by the parties [D.I. 8499, 8519, 8525 and 8535], there is a dispute between the DCL Plan Proponents and the Noteholder Plan Proponents concerning the rebuttal case the DCL Plan Proponents wish to present and the other points raised by the Noteholder Plan Proponents in their submission to the Court of March 29, 2011 [D.I. 8519].

2. The Noteholder Plan Proponents argue that if the DCL Plan Proponents are permitted to present a rebuttal case, it should begin on Tuesday, April 12, 2011, while the DCL Plan Proponents submit that their rebuttal case should begin on April 11, 2011.[1]

---

[1] On March 18, the Noteholder Plan Proponents informed the DCL Plan Proponents that the partners on the Akin Gump team had a long-standing obligation to travel to the west coast during the weekend of April 8-10. The DCL Plan Proponents advised the Noteholder Plan Proponents on March 18 that they believed that their rebuttal case should begin on April 11 to ensure that the rebuttal case, any sur-rebuttal and legal objections by other parties could

# ZUCKERMAN SPAEDER LLP

The Honorable Kevin J. Carey
April 4, 2011
Page 2

3. In the event that the DCL Plan Proponents are permitted to present rebuttal evidence, the Noteholder Plan Proponents seek the right to do so as well, on a date to be scheduled after the DCL Plan Proponents' rebuttal evidence is presented. The DCL Plan Proponents submit, as set forth in their reply concerning the rebuttal case [D.I. 8535] that the appropriate procedure is for the Noteholders to make an application before April 11 setting forth the specific testimony they wish to present following the DCL Plan Proponents rebuttal case at which point the Court can decide whether and when such testimony might be presented.

4. The Noteholder Plan Proponents have requested a short deposition of Professor Black to be scheduled this week based on the DCL Plan Proponents' representation that they intend to call Professor Black to rebut Professor Rock's expert report addressing corporate governance issues and in the event the DCL Plan Proponents are permitted to offer such rebuttal testimony.

5. Depending on how the Court resolves the disputes concerning the rebuttal case and its commencement date, notice needs to be sent to all other parties regarding whether their legal objections to the competing plans will be heard beginning on April 13, 2011 (the date proposed by the DCL Plan Proponents) or April 14, 2011.

6. There is a dispute between the DCL Plan Proponents and the Noteholder Plan Proponents concerning whether they should present their respective legal objections to the competing plans on April 13 or 14 when other parties will present their legal objections, as the Noteholder Plan Proponents contend, or defer such legal objections until after post-hearing briefs are submitted and present them as part of their closing arguments, as the DCL Plan Proponents contend.

Because resolution of these issues will affect what matters will go forward during the week of April 11, the DCL Plan Proponents respectfully request that this Court schedule a telephonic hearing to address these issues at its earliest convenience.

---

be completed during the week of April 11 and proposed to the Court that day that two days be set aside for the rebuttal case with legal objections by other parties to be heard beginning on April 13.

 **ZUCKERMAN SPAEDER** LLP

The Honorable Kevin J. Carey
April 4, 2011
Page 3

For the Court's convenience, we have attached the submissions referenced in 1 above [D.I. 8499, 8519, 8525 and 8535].

Very truly yours,

James Sottile

cc: All counsel entitled to notice under Paragraph 35 of the CMO