# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to D.I. Nos. 7801 and 8259 |

## NOTICE OF FILING OF SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. (AS MODIFIED)

**PLEASE TAKE NOTICE** that attached hereto is the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., (as modified, the "Debtor/Committee/Lender Plan").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Terms not otherwise described herein shall have the meanings ascribed to such terms in the Second Amended Debtor/Committee/Lender Plan.

The proponents of the Debtor/Committee/Lender Plan (the "DCL Plan Proponents") listened with care to the Court's comments at the end of the ten days of hearings held in March concerning the objections to the Debtor/Committee/Lender Plan, including issues related to valuation and releases, and have taken concrete steps to address these issues by amending the version of the plan previously filed on February 4, 2011 [D.I. 7801]. Specifically, the Debtor/Committee/Lender Plan has been modified to (i) provide Holders of Allowed Senior Noteholder Claims and Allowed Other Parent Claims with the option to elect to receive their respective distributions either in a "strip" of consideration, comprised of cash, new debt and equity or in cash alone; and (ii) eliminate the release of claims and causes of action against those beneficial owners of Tribune common stock whose shares were purchased by Tribune on or about June 4, 2007 (the "Step One Selling Stockholders") so that these claims can be preserved and prosecuted for the benefit of creditors. These amendments address two of the principal objections to the Debtor/Committee/Lender Plan raised by Aurelius and the other proponents of the Noteholder Plan (the "Noteholders"). Based on the Noteholders' view of the equity value of the Debtors, electing the "strip" distribution option will significantly increase the value of the Senior Noteholders' guaranteed Effective Date recoveries, and preservation of claims against Step One Selling Stockholders will eliminate the Noteholders' objection to the release of those claims. As amended, the Debtor/Committee/Lender Plan offers these benefits while still also preserving the certainty of an all-cash distribution option for those creditors that prefer cash.[2]

---

[2] The amendments to the Debtor/Committee/Lender Plan implement a number of other changes addressing other objections; this notice discusses only the two amendments described above.

Prior to the instant amendments, the Debtor/Committee/Lender Plan provided for a fixed cash distribution of approximately $431 million to the Senior Noteholders and an equivalent percentage recovery in cash for Holders of Allowed Other Parent Claims. The Noteholders have asserted that the distributable enterprise value of the Debtors ("DEV") is higher than the $6.75 billion proposed by the DCL Plan Proponents and that cash payments to the Senior Noteholders and general unsecured creditors of Tribune deny them the opportunity to benefit from that alleged higher value.[3]

The DCL Plan Proponents continue to believe that a DEV of $6.75 billion is accurate. However, by adjusting the form of consideration to better suit the Noteholders' preferences, the DCL Plan Proponents offer Aurelius and any other Senior Noteholder that believe the equity value of the company is higher the option to receive the consideration that they value more highly: a 6.27425% "strip" of consideration, consisting of pro rata portions of cash, new debt and equity, in lieu of a cash-only distribution. At the Debtor/Committee/Lender Plan's $6.75 billion DEV, after taking into account the $120 million in additional value from the Step Two/Disgorgement Settlement, this distribution is equal in value to the cash-only distribution.[4] General unsecured creditors of Tribune are also given an equivalent "strip" option.

Based on the $8 billion DEV used in the Noteholders' recent plan amendment notice, electing this "strip" option over cash would increase the value of the Noteholders' guaranteed Effective Date recoveries from roughly $431 million to ***$509.5 million***. The $90 million "first dollars" that they will receive out of litigation and creditors' trust recoveries and their 65% share

---

[3] The Noteholders' valuation expert initially asserted a DEV of $8.331 billion, which was subsequently amended to $8.291 billion. However, in their recently-filed notice of plan amendments [D.I. 8509-1], the Noteholders use a further reduced illustrative DEV of $8 billion.

[4] The more exact figures leading to this percentage are the aggregate Senior Noteholders' cash recovery of $431,041,451 divided by total DEV of $6.87 billion ($6.75 billion, plus $120 million in cash from the Step Two/Disgorgement Settlement), yielding 6.27425% of overall available value.

46429/0001-7509654v1

of the residual trust distributions provides additional settlement value, regardless of whether cash or the "strip" is elected. If aggregate trust recoveries are conservatively estimated at $300 million for illustrative purposes, Senior Noteholders would recover an additional $204.9 million, bringing their aggregate recovery to *$714.4 million*.

The chart below illustrates recoveries to the Senior Noteholders under the scenarios described above at both the DCL Plan Proponents' DEV and at the illustrative DEV used in the Noteholders' plan amendment notice, in each case plus $120 million from the Step Two/Disgorgement Settlement:

| | **Senior Noteholder Recoveries**[5] | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **Natural Recovery**[6] | | **DCL Plan** | | **Amended DCL Plan** | | **Amended DCL Plan (assuming $300M in Trust Recoveries)** | |
| **DEV**[7] | Notes $ Recovery | Notes % Recovery | Notes $ Recovery | Notes % Recovery | Notes $ Recovery | Notes % Recovery | Notes $ Recovery | Notes % Recovery |
| $6.75Bn | $61.6 | 4.80% | $431.0 | 33.59% | $431.0 | 33.59% | $636.0 | 49.57% |
| $8 Bn | $63.4 | 4.94% | $431.0 | 33.59% | $509.5 | 39.71% | $714.4 | 55.68% |

The Noteholders have also objected to the release of claims against Step One Selling Stockholders in the previous version of the Debtor/Committee/Lender Plan, arguing that these claims should be preserved. The DCL Plan Proponents have resolved this objection by removing these releases, claims against Step One Selling Stockholders for disgorgement of amounts received in connection with Tribune's 2007 leveraged buyout will now be preserved.

---

[5] In addition to the recoveries to the Senior Noteholders reflected in this chart, the Debtor/Committee/Lender Plan provides settlement recoveries for general unsecured creditors at Tribune that are comparable to the Senior Noteholders' recoveries and payment in full for general unsecured creditors of Tribune's subsidiaries. Total settlement consideration provided to non-LBO creditors substantially exceeds $500 million, even at $6.75Bn DEV and before taking into account the disproportionate split of trust recoveries.

[6] Natural recovery assuming 2.1% of any incremental DEV above $6.75B is allocated to Tribune.

[7] Recovery figures additionally take into account the $120 million Step Two/Disgorgement Settlement contribution.

46429/0001-7509654v1

As noted above, as with all other preserved claims, a disproportionate share of any recoveries on these claims will be distributed to Senior Noteholders and other non-LBO creditors.

If the Noteholders stand behind their view of DEV, these amendments substantially increase the value of the distributions offered to non-LBO creditors under the Debtor/Committee/Lender Plan. Due to the change in the form of consideration provided to the Senior Lenders, the DCL Plan Proponents believe that it would be prudent to resolicit the Senior Lender Class. In addition, a limited resolicitation of Senior Noteholders and Holders of Other Parent Claims to allow them to elect the new treatment option they prefer will also be necessary. The DCL Plan Proponents will promptly file a motion seeking the Court's approval for conducting this resolicitation, and intend to complete the resolicitation expeditiously during the post-trial briefing period.

Through these amendments, the DCL Plan Proponents have demonstrated a willingness to attempt to find a compromise that addresses the Noteholders' concerns and further strengthens the reasonableness of the settlement contemplated by the Debtor/Committee/Lender Plan. These amendments are made in an attempt to provide a workable, confirmable solution for all parties that will allow the Debtors to emerge and maximize value for all creditors.

**PLEASE TAKE FURTHER NOTICE** that attached hereto is a black line that compares the Debtor/Committee/Lender Plan to the proposed Plan that was previously filed on March 3, 2011 [D.I. No. 8259].

**PLEASE TAKE FURTHER NOTICE** that a copy of the Debtor/Committee/Lender Plan may be: (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282-2400; (ii)

46429/0001-7509654v1

inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, DE 19801; or (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: April 5, 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>James W. Ducayet<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-0199<br>Facsimile: (312) 853-7036<br><br>SIDLEY AUSTIN LLP<br>James F. Bendernagel, Jr.<br>Ronald S. Flagg<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711 | COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ J. Kate Stickles<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117 |

*Counsel for Debtors and Debtors In Possession*

| | |
|---|---|
| CHADBOURNE & PARKE LLP<br>Howard Seife<br>David M. LeMay<br>Thomas J. McCormack<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369 | LANDIS RATH & COBB LLP<br><br>By: /s/ Adam G. Landis<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450 |

*Counsel for the Official Committee of Unsecured Creditors*

46429/0001-7509654v1

ZUCKERMAN SPAEDER LLP  
Graeme W. Bush  
James Sottile  
1800 M Street, N.W., Suite 1000  
Washington, D.C. 20036  
Telephone: (202) 778-1800  
Facsimile: (202) 822-8106  

ZUCKERMAN SPAEDER LLP  
Thomas G. Macauley  
919 Market Street, Ste 990  
P.O. Box 1028  
Wilmington, DE 19899  
Telephone: (302) 427-0400  
Facsimile: (302) 427-8242  

*Special Counsel to the Official Committee of Unsecured Creditors*

DAVIS POLK & WARDWELL LLP  
Donald S. Bernstein  
Benjamin S. Kaminetzky  
Damian Schaible  
Elliot Moskowitz  
450 Lexington Avenue  
New York, NY 10017  
Telephone: (212) 450-4500  
Facsimile: (212) 701-5800  

RICHARDS, LAYTON & FINGER, P.A.  

By: /s/ Drew G. Sloan  
Mark D. Collins (No. 2981)  
Robert J. Stearn, Jr. (No. 2915)  
Drew G. Sloan (No. 5069)  
One Rodney Square, 920 N. King Street  
Wilmington, DE 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651 7701  

*Counsel for JPMorgan Chase Bank, N.A.*

WILMER CUTLER PICKERING  
HALE & DORR LLP  
Andrew N. Goldman  
399 Park Avenue  
New York, NY 10022  
Telephone: (212) 230-8800  
Facsimile: (212) 220-8888  

*Counsel for Angelo, Gordon & Co., L.P.*

DEWEY & LEBOEUF LLP  
Bruce Bennett  
James O. Johnston  
Joshua M. Mester  
333 South Grand Avenue, Suite 2600  
Los Angeles, CA 90071  
Telephone: (213) 621-6000  
Facsimile: (213) 621-6100  

YOUNG CONAWAY  
STARGATT & TAYLOR, LLP  

By: /s/ M. Blake Cleary  
Robert S. Brady (No. 2847)  
M. Blake Cleary (No. 3614)  
The Brandywine Building – 17th Floor  
1000 West Street, P.O. Box 391  
Wilmington, DE 19899  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  

*Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

46429/0001-7509654v1