# EXHIBIT A

**Stipulation By and Between Debtors and Caption Colorado, L.L.C. Regarding (i) Resolution of Motion For Allowance of Administrative Expense Claim and (ii) Withdrawal of Objection to Plans of Reorganization**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BY AND BETWEEN THE DEBTORS AND CAPTION COLORADO, L.L.C. REGARDING (I) RESOLUTION OF MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND (II) WITHDRAWAL OF OBJECTION TO PLANS OF REORGANIZATION

Caption Colorado, L.L.C. ("Caption Colorado") and the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and, together with Caption Colorado, the "Parties"), by and through their respective counsel, hereby stipulate and agree (the "Stipulation"), subject to the approval of the Court, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.


WHEREAS, on December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. The Debtors' chapter 11 cases are pending before the Court under Lead Case No. 08-13141 (KJC); and

WHEREAS, Caption Colorado and Tribune Broadcasting Company, on behalf of itself and certain of its subsidiaries (collectively, the "Broadcast Debtors")[3] are parties to that certain Agreement, dated as of January 3, 2000, for closed captioning services (as amended, the "Captioning Agreement"); and

WHEREAS, on January 26, 2011, Caption Colorado filed its Motion of Caption Colorado, L.L.C. For Allowance of Administrative Expense Claim [D.I. 7637] (the "Administrative Expense Motion"). The Administrative Expense Motion seeks allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b) for alleged damages in the total amount of $1,313,449 on account of the Broadcast Debtors' alleged post-petition breach of the Captioning Agreement (the "Administrative Expense Claim"); and

WHEREAS, the Broadcast Debtors (i) dispute that they breached the Captioning Agreement and that they are liable to Caption Colorado for any damages; (ii) dispute the allegations set forth in the Administrative Expense Motion; and (iii) have expressed their intent to arbitrate the dispute between the Parties; and

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] The Broadcast Debtors include: Tribune Broadcasting Company; KSWB, Inc. (KSWB-TV); KTLA, Inc. (KTLA-TV); Channel 39, Inc. (WSFL-TV); Channel 40, Inc. (KTXL-TV); WGN Continental Broadcasting Company (WGN-TV); Tribune Television Company (WPHL-TV, WTIC-TV, KDAF-TV, WPMT-TV, and WXIN-TV); WPIX, Inc. (WPIX-TV); Tribune Television Northwest, Inc. (KPCQ-TV); Tribune Television New Orleans, Inc. (WGNO-TV); KIAH Inc. (KIAH-TV); and Tribune Television Holdings, Inc. (WXMI-TV).

WHEREAS, the Captioning Agreement provides that (i) any controversy, dispute or claim under, arising out of, in connection with, or in relation to the Captioning Agreement, including but not limited to any breach or termination of the Captioning Agreement, shall be settled, at the request of either party, by arbitration conducted in accordance with the requirements set forth in the Captioning Agreement; and (ii) any arbitration, including as to the amount of damages suffered by either party, shall be final and binding upon the parties and that judgment upon the reward rendered by the arbitrators may be entered in any court having jurisdiction thereof; and

WHEREAS, two plans of reorganization have been proposed for the Debtors: (1) the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 8259] (as such has been or may be further amended, modified or supplemented from time to time, the "Debtor/Committee/Lender Plan"); and (2) the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company, in its Capacity as Successor Indenture Trustee for the PHONES Notes [D.I. 8509] (as such has been or may be further amended, modified or supplemented from time to time, the "Noteholder Plan," and together with the Debtor/Committee/Lender Plan, the "Plans"); and

46429/0001-7513667v1

WHEREAS, both Plans provide that administrative expense claims will be paid in full in cash, and, further, that administrative expense claims shall be paid at such time as they become due in the ordinary course of business and in accordance with the terms and conditions of the particular agreement governing such obligations; and

WHEREAS, a hearing as to confirmation of the Plans began on March 7, 2011; and

WHEREAS, on February 15, 2011, Caption Colorado filed its Limited Objection of Caption Colorado, L.L.C. To Confirmation of Plans of Reorganization For Tribune Company And Its Subsidiaries [D.I. 7956] (the "Objection"), which Objection requests that sufficient funds be placed in escrow to pay Caption Colorado's Administrative Expense Claim in full; and

WHEREAS, Caption Colorado and the Debtors have engaged in good faith, arms' length negotiations concerning a consensual resolution of certain matters related to the Administrative Expense Motion and the Objection and have made certain agreements as set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the promises and agreements set forth hereinafter, Caption Colorado and the Debtors, through their undersigned counsel, stipulate and agree as follows:

1. The above recitals are incorporated herein by reference as if set forth fully and at length.

2. The Parties hereby agree to commence an arbitration proceeding to adjudicate and resolve the disputes arising out of the Captioning Agreement, including, without limitation, the amount of damages, if any, suffered by Caption Colorado on account of the Broadcast Debtors' alleged post-petition breach of the Captioning Agreement, pursuant to the terms of the Captioning Agreement and applicable non-bankruptcy law and in a non-bankruptcy forum of competent jurisdiction. The results of such arbitration and any subsequent applicable non-

bankruptcy proceeding, including the amount of damages, shall be final and binding upon the Parties and the Broadcast Debtors' estates (the "Non-Bankruptcy Proceeding").

3. Notwithstanding any provisions of the plan of reorganization ultimately confirmed by the Court (the "Confirmed Plan"), any ruling or judgment awarding damages to Caption Colorado arising out of the Non-Bankruptcy Proceeding shall hereby be deemed an allowed administrative expense claim and shall be paid as provided for in the applicable Confirmed Plan and as required under Section 1129(a)(9)(A) of the Bankruptcy Code.

4. Immediately upon entry of an order of the Court approving this Stipulation, the Administrative Expense Motion shall be and hereby is deemed withdrawn, without prejudice to either of the Parties' rights to file any future pleadings relating to enforcement of this Stipulation.

5. Immediately upon entry of an order of the Court approving this Stipulation, the Objection shall be and hereby is deemed withdrawn, provided that Caption Colorado's rights to object to any other plan of reorganization that may be proposed in the Debtors' chapter 11 cases are fully preserved.

6. The undersigned counsel for the respective Parties hereto each represent and warrant that they have full authority to execute this Stipulation on behalf of their respective clients and therefore bind such clients to the contents hereof and any agreed-to order approving this Stipulation.

7. This Stipulation shall be binding upon the Parties hereto and all of their respective successors and assigns from the date of its execution, including, without limitation, any chapter 11 or 7 trustee and any reorganized debtor or liquidating trustee of the Debtors' estates. This Stipulation may not be amended, supplemented, changed, or modified in any manner, orally or

otherwise, except by an instrument in writing executed by a duly authorized representative of each of the Parties hereto.

8. This Stipulation constitutes the entire agreement and understanding of the Parties regarding the Stipulation and supersedes all prior discussions, negotiations, and understandings between the Parties regarding such subject matter.

9. This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against either of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such Party.

10. This Stipulation may be executed in counterparts and may be delivered by telecopy or electronic mail. Any copy so executed and delivered (including delivery by telecopy and electronic mail), when taken with another executed copy, shall be considered and deemed an original hereof.

11. Except as expressly set forth herein, the Parties agree that the Court shall have exclusive jurisdiction to hear and determine any disputes among the Parties arising under this Stipulation.

[Remainder of page intentionally left blank.]

Dated: April 5, 2011

DORSEY & WHITNEY (DELAWARE) LLP

*Eric Lopez Schnabel* by /PF

Eric Lopez Schnabel (DE # 3672)
Robert W. Mallard (DE # 4279)
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Tel: (302) 425-7171
Fax: (302) 425-7177

and

Katherine A. Constantine (MN # 123341)
Stephen D. Bell (CO # 22419)
Pamela Foohey (MN # 389566)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-3600
Fax: (612) 340-2643

*Counsel for Caption Colorado, L.L.C.*

Dated: April 6, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jessica C. K. Boelter
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel for Debtors and Debtors in Possession*