# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF TOM E. EHLMANN
## PURSUANT TO 28 U.S.C. § 1746

Tom E. Ehlmann states as follows:

  1  I am over 21 years of age; I have personal knowledge of the matters set forth in this Declaration; and I am competent to testify to such matters. If I were called as a witness in this matter, my testimony would be as set forth in this Declaration.

  2  I offer this Declaration in support of my motion for leave to file a late claim and in support of my proof of claim against the estate of the Tribune Company and/or of WGN Continental Broadcasting Co. ("WGN TV"), a subsidiary of the Tribune Company.

  3  From April 2004 until August 1 2008, I was an officer (vice president and general manager) of WGN.

  4  I am a defendant in an adversary proceeding now pending in the United States Bankruptcy Court for the District of Delaware in connection with the Tribune Company's bankruptcy, and captioned as *Official Committee of Unsecured Creditors of Tribune Co. v. Tom E. Ehlmann*, Adv. Pro. No. 10-55708 [D.I. 6856] (the "Lawsuit").

  5  The Lawsuit asserts claims against me arising from my service as an officer of WGN TV.

  6  I seek indemnification from the Tribune Company and/or WGN TV for any judgment entered against me in the Lawsuit, as well as for any costs of defense associated with such Lawsuit.

<u>My lack of knowledge of any possible claim against the Debtors prior to December 2010</u>

7      Effective August 1, 2008, I left my position with WGN TV.

8      As early as August 1, 2008, I believed myself to have received from WGN TV all of the compensation to which I was entitled.

9      Immediately upon leaving WGN TV, I took up my current position with an NBC-affiliated station in Texas.

10      I first became aware that the Tribune Company and its business units, including WGN TV, filed for bankruptcy protection shortly after it filed, when I read about the filing in an industry web clip service.

11      At the time I first learned that the Tribune Company filed for bankruptcy, I did not believe that I had any claim against the Tribune Company. As I mentioned above, I had been fully compensated by my former employer, and I had no intention of suing WGN TV or the Tribune Company.

12      In early December 2010, a former colleague of mine who worked for a Houston-area television station owned by the Tribune Company told me that lawsuits had or would be filed against anyone who was ever a general manager of any of the Tribune Company's broadcasting companies.

13      Within the next two weeks, I called Mike Bourgon – who was still employed with the Tribune Company as of December 2010 – to ask him if he knew whether I had been sued in connection with the Tribune Company's bankruptcy. On December 17, I emailed Gary Weitman – who I knew and who does public relations for the Tribune Company – to ask him the same question. That day, he emailed back to tell me that I had been sued because of compensation I received in the course of my employment with WGN TV.

14      I am not a lawyer and have never had any legal training. Before the Lawsuit, I have never been involved in litigation or any bankruptcy.

15      I have not asserted a claim to date because, until December 2010, I had no reason to believe that I was subject to any liability in connection with my work for WGN TV, and therefore did not have any reason to believe I had a claim for indemnification against the Tribune Company or WGN TV.

I certify under penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

Executed on April 6, 2011

                                                                                  Tom E. Ehlmann