# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 6255, 7235 |

## DECLARATION OF JOHN BIRMINGHAM
## PURSUANT TO 28 U.S.C. § 1746

John Birmingham states as follows:

1    I am over 21 years of age; I have personal knowledge of the matters set forth in this Declaration; and I am competent to testify to such matters. If I were called as a witness in this matter, my testimony would be as set forth in this Declaration.

2    I offer this Declaration in support of my motion for leave to file a late claim and in support of my proof of claim against the estate of the Tribune Company and/or of the Chicago Tribune Company, a subsidiary of the Tribune Company.

3    From November 19, 2003 until March 5, 2008, I was an officer (vice president of marketing) of the Chicago Tribune Company.

4    I am a defendant in an adversary proceeding now pending in the United States Bankruptcy Court for the District of Delaware in connection with the Tribune Company's bankruptcy, and captioned as *Official Committee of Unsecured Creditors of Tribune Co. v. John Birmingham*, Adv. Pro. No. 10-55712 [D.I. 6860] (the "Lawsuit").

5    The Lawsuit asserts claims against me arising from my service as an officer of Chicago Tribune Company, as well as from actions taken by me in that capacity.

6    I seek indemnification from the Tribune Company and/or the Chicago Tribune Company any judgment entered against me in the Lawsuit, as well as for any costs of defense associated with such Lawsuit.

<u>My lack of knowledge of any possible claim against the Debtors prior to December 2010</u>

7.   Effective March 8, 2008, I left my position with Chicago Tribune Company.

8.   As of March 8, 2008, I believed myself to have received all of the compensation to which I was entitled from Chicago Tribune Company.

9.   I first became aware that the Tribune Company filed for bankruptcy protection in early 2009 in the news media.

10.  At the time I first learned that the Tribune Company filed for bankruptcy, I did not believe that I had any claim against the Tribune Company or the Chicago Tribune Company. As I mentioned above, I had been fully compensated by my former employer, and I had no intention of suing Chicago Tribune Company or Tribune Company. I received one or two notices from the Tribune Company's bankruptcy, but I did not know why I was receiving them.

11.  In late December 2010, I first learned that I was sued in connection with the Tribune Company's bankruptcy. I received a letter from the Tribune Company dated December 27, 2010 that informed me that I was sued in the Lawsuit. Until then, I had no idea that I had been sued, and I had no idea that I would be sued.

12.  I am not a lawyer and have never had any legal training. Before the Lawsuit, I have never been involved in litigation or any bankruptcy.

13.  I have not asserted a claim to date because, until December 2010, I had no reason to believe that I was subject to any liability in connection with my work for the Chicago Tribune Company, and therefore did not have any reason to believe I had a claim against the Tribune Company or the Chicago Tribune Company, whether for indemnification or otherwise.

I certify under penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

Executed on March 11, 2011

_____
John Birmingham