# Exhibit B

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Ref. Docket No. 489** |

**ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND
3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) for entry of an order (i) establishing deadlines for filing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

CH1 4620186v.6

Proofs of Claim against the Debtors in these chapter 11 cases and (ii) approving the form and manner of notice thereof; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances and in accordance with Local Rule 2002-1(e); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the relief requested in the Motion is granted as modified herein; and it is further

ORDERED, that each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted; and it is further

ORDERED, that except as otherwise provided herein, any person and entity (including any governmental unit), asserting a claim against the Debtors in these chapter 11 cases shall file a Proof of Claim so that it is received by Epiq Bankruptcy Solutions, LLC ("Epiq") on or before **June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED, that if, on or after the date on which the Debtors serve the Bar Date Notice the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim

in accordance with the procedures described herein so that it is received by Epiq on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules; and it is further

ORDERED, that in the event a Debtor rejects executory contracts or unexpired leases pursuant to 365 of the Bankruptcy Code, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received by Epiq on or before the later of (i) the General Bar Date and (ii) thirty (30) days after the effective date of such Court order; and it is further

ORDERED, that Proofs of Claim sent to Epiq via first-class mail shall be addressed to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier shall be delivered to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017; and it is further

ORDERED, that Proofs of Claim mailed or delivered to Epiq will be deemed timely filed only if <u>actually received</u> by Epiq on or before the bar date associated with such claim at one of the applicable addresses listed above; and it is further

ORDERED, that Epiq shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission; and it is further

ORDERED, that the following persons or entities are not required to file Proofs of Claim on or before the General Bar Date:

    a.    any person or entity that has already properly filed a Proof of Claim against one or more of the Debtors with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b. any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

c. professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d. any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided, however,</u> that any person or entity that has a claim on account of prepetition goods received by the Debtors within twenty days of the Petition Date must either (i) file a Proof of Claim with Epiq on or before the General Bar Date or (ii) file a request for payment of such claim with the Court in accordance with section 503 of the Bankruptcy Code;

e. current officers and directors[3] of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f. current employees of the Debtors, or labor unions authorized by law to represent current employees, in each case with respect to any claim that arose prior to the Petition Date (i) based on the payment of wages, vacation pay, reimbursable expenses, worker's compensation claims, and other benefits, etc. that were previously authorized to be paid by order of the Court, including the Wage Order approved by the Court on December 10, 2008,[4] or (ii) based on the ordinary course of their employment with the Debtors and for which payment has not yet been authorized by order of the Court (e.g. various benefit plans and programs); <u>provided, however,</u> that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to pay any such claim, the affected current employee shall have until the later of (i) the Bar Date and (ii) thirty

---

[3] Current officers and directors shall include the officers and directors of the Debtors as of the date of the Bar Date Order.

[4] "<u>Wage Order</u>" means the Order Granting Debtors' Motion and (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn On the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53).

     (30) days from the date of service of such written notice to file a Proof of Claim;

g. customers who subscribe to the Debtors' newspapers with respect to any claim that arose prior to the Petition Date and is based on advance payments for hardcopy or online subscriptions of any of the Debtors' newspapers, for which claims the Debtors were previously authorized to honor by order of the Court, including the Customer Programs Order approved by the Court on December 10, 2008;[5] provided, however, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to honor any such claim, the affected subscriber shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of service of such written notice to file a Proof of Claim;

h. any Debtor asserting a claim against another Debtor;

i. solely in the event that the Administrative Agent under either that certain Credit Agreement, dated as of May 17, 2007 or that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements" with claims arising thereon or thereunder referred to herein as "Bank Claims") files a Proof of Claim on account of the applicable Bank Claims, any person or entity (a "Prepetition Lender") whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest and other applicable fees and charges on or under the applicable Prepetition Credit Agreement; provided, however, that (a) the Administrative Agent under either Prepetition Credit Agreement shall be authorized, but not directed, to file on behalf of itself and all Prepetition Lenders under the applicable Prepetition Credit Agreement a single Proof of Claim on account of the applicable Bank Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Administrative Agent and by each such Prepetition Lender against all Debtor(s) liable under such Prepetition Credit Agreement and (c) if the Administrative Agent files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[6] and (ii) any holder of a Bank Claim under the Prepetition Credit Agreements that asserts a claim against a Debtor arising out of or relating to the Prepetition Credit Agreements other than a Bank Claim shall be required to file a

---

[5] "Customer Programs Order" means the Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course Of Business (Docket No. 50).

[6] In the event that the Administrative Agent under either Prepetition Credit Agreement files a Proof of Claim, such filing should not affect the right of any Prepetition Lender under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

        Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

j.    solely in the event that any of the Indenture Trustees under any of the Indentures (in each case with its related documents and collectively, as amended, supplemented, or otherwise modified, the "Indentures"[7] with claims arising thereon or thereunder referred to herein as "Note Claims") files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and charges on or under the applicable Indenture; provided, however, that (a) the Indenture Trustees under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[8] and (ii) any holder of a Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

k.    any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

l.    any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the Bar Date;

and it is further

    ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the bar date associated with such claim shall not be treated as a creditor in these chapter 11 proceedings,

---

[7] "Indentures" is as defined in the motion and, in addition, shall include the Indenture, dated as of April 13, 1999 between Tribune Company and Wilmington Trust Company (successor to Bank of Montreal Trust Company), as trustee.

[8] In the event that any of the Indenture Trustees under any of the Indentures file a Proof of Claim, such filing should not affect the right of any Noteholder under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation or (ii) receive any distribution under any confirmed plan; and it is further

ORDERED, that the Proof of Claim form, substantially in the form attached hereto as Exhibit A, and the Bar Date Notice, substantially in the form attached hereto as Exhibit B, are hereby approved in all respects; and it is further

ORDERED, that the Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail no later than April 13, 2009, upon all known persons and entities holding potential claims against the Debtors; and it is further

ORDERED, that the Debtors shall publish the Publication Notice, substantially in the form attached hereto as Exhibit C, in the national editions of the Wall Street Journal, The New York Times, the Los Angeles Times, and the Chicago Tribune at least once no later than twenty (20) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtors or any other party-in-interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take such steps, expense such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: March 25, 2009
Wilmington, Delaware

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 4408, 4703 |

ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND
3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATE
FOR FILING PROOFS OF CLAIM IN THE TRIBUNE CNLBC, LLC BANKRUPTCY
CASE AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion[2] of the Debtors for entry of an order pursuant to sections 501,

502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local

Rule 2002-1(e) for entry of an order (i) establishing the deadline for filing Proofs of Claim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

46429/0001-6743958v1

against Tribune CNLBC in these chapter 11 cases and (ii) approving the form and manner of notice thereof; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against Tribune CNLBC shall file a Proof of Claim in the bankruptcy case of Tribune CNLBC except as otherwise exempted by this Order; and it is further

ORDERED, that except as otherwise provided herein, any person and entity (including any governmental unit), asserting a claim against Tribune CNLBC in these chapter 11 cases shall file a Proof of Claim so that it is received by Epiq Bankruptcy Solutions, LLC ("Epiq") on or before **July 26, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Tribune CNLBC Bar Date"); and it is further

ORDERED, that if, on or after the date on which the Debtors serve the Tribune CNLBC Bar Date Notice, Tribune CNLBC amends or supplements the Tribune CNLBC Schedules to add a new claim to the Tribune CNLBC Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim to the extent necessary in accordance with the procedures described herein so that it is received by Epiq on or before the

2

later of (x) the Tribune CNLBC Bar Date or (y) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Tribune CNLBC Schedules in accordance with Local Rule 1009-2; and it is further

ORDERED, that Proofs of Claim sent to Epiq via first-class mail shall be addressed to Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier shall be delivered to Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017; and it is further

ORDERED, that Proofs of Claim mailed or delivered to Epiq will be deemed timely filed only if <u>actually received</u> by Epiq on or before the bar date associated with such claim at one of the applicable addresses listed above; and it is further

ORDERED, that Epiq shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission; and it is further

ORDERED, that the following persons or entities are not required to file Proofs of Claim:

    a.    any person or entity that has already properly filed a Proof of Claim against Tribune CNLBC in its chapter 11 case with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

    b.    any person or entity (i) whose claim is listed in the Tribune CNLBC Schedules or any amendments thereto, <u>and</u> (ii) whose claim is <u>not</u> described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of Tribune CNLBC) as set forth in the Tribune CNLBC Schedules;

    c.    professionals retained by Tribune CNLBC or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses

3

      subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

  d.  any person or entity that asserts an administrative expense claim against Tribune CNLBC pursuant to section 503(b) of the Bankruptcy Code;

  e.  current officers and directors[3] of Tribune CNLBC who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to Tribune CNLBC;

  f.  any Debtor or wholly-owned non-Debtor affiliate of a Debtor asserting a claim against Tribune CNLBC;

  g.  any person or entity whose claim against Tribune CNLBC has been allowed by an order of the Court entered on or before the Tribune CNLBC Bar Date;

and it is further

  ORDERED, that each of the Administrative Agents under the Prepetition Credit Agreements is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is in form and substance identical to the Proof of Claim filed by the relevant Administrative Agent in the chapter 11 case of Tribune Company on account of the Bank Claims and that, as a result, JPMorgan Chase Bank, N.A., as administrative agent under the May 17, 2007 Credit Agreement, is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4464 against Tribune Company, and, in addition, Merrill Lynch Capital Corporation, as administrative agent under the December 20, 2007 Senior Unsecured Interim Loan Agreement, is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4331 against Tribune Company; and it is further

  ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the

---

[3] Current officers and directors shall include the officers and directors of the Tribune CNLBC as of the date of the Tribune CNLBC Bar Date Order.

4

46429/0001-6743958v1

Tribune CNLBC Bar Date (i) shall be forever barred, estopped, and enjoined from asserting such claim against Tribune CNLBC or thereafter filing a Proof of Claim with respect thereto in Tribune CNLBC's chapter 11 case; (ii) shall not, with respect to such claim, be treated as a creditor of Tribune CNLBC for any purpose in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from Tribune CNLBC or their successors or assigns with respect to such claim; and it is further

ORDERED, that the Proof of Claim form, substantially in the form attached to the Motion as Exhibit A, and the Tribune CNLBC Bar Date Notice, substantially in the form attached to the Motion as Exhibit B, are hereby approved in all respects; and it is further

ORDERED, that the Debtors may provide a joint notice of the amendments to the Tribune CNLBC Schedules and of the Tribune CNLBC Bar Date as part of the Tribune CNLBC Bar Date Notice; and it is further

ORDERED, that, in light of the joint notice proposed in the Motion to be provided to holders of previously scheduled claims and claims set forth in the Tribune CNLBC Schedules as amended, the Local Rule 1009-2 requirement that the Debtors provide notice of the amendments to the Tribune CNLBC Schedules within fourteen days of such amendments is hereby waived; and it is further

ORDERED, that the Tribune CNLBC Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of Tribune CNLBC if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail no later than ten (10) days following entry of this Order, upon all known persons and entities holding potential claims against Tribune CNLBC (as set forth in Tribune CNLBC's Schedules, both as originally filed and as amended); and it is further

ORDERED, that the Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as <u>Exhibit C</u>, in the <u>Chicago Tribune</u> at least once no later than twenty (20) days prior to the Tribune CNLBC Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Tribune CNLBC Bar Date by publication; and it is further

ORDERED, that nothing in this Order shall prejudice the right of Tribune CNLBC or any other party-in-interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Tribune CNLBC Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that Tribune CNLBC is hereby authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June _____1_____, 2010
      Wilmington, Delaware

                                              Honorable Kevin J. Carey
                                              Chief United States Bankruptcy Judge