# Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF MARK W. HIANIK
## PURSUANT TO 28 U.S.C. § 1746

Mark W. Hianik states as follows:

1  I am over 21 years of age; I have personal knowledge of the matters set forth in this Declaration; and I am competent to testify to such matters. If I were called as a witness in this matter, my testimony would be as set forth in this Declaration.

2  I offer this Declaration in support of my motion for leave to file a late claim and in support of my proof of claim against the estate of Tribune Company and/or of certain debtor subsidiaries (listed in the attachment to my proof of claims).

3  From March 1999 to April 4, 2008, I was an officer (Assistant Secretary) of Tribune Company and all of Tribune Company's subsidiaries. From July 2000 until April 4, 2008, I was a Vice President and Assistant General Counsel of Tribune Company as well.

4  I am a defendant in two adversary proceedings now pending in the United States Bankruptcy Court for the District of Delaware in connection with the Tribune Company's bankruptcy. These actions are: (i) *Official Committee of Unsecured Creditors v. Dennis J. FitzSimons, et al.*, Adv. Pro. No. 10-55594 [D.I. 6739]; and (ii) *Official Committee of Unsecured Creditors of Tribune Co. v. Mark W. Hianik*, Adv. Pro. No. 10-55599 [D.I. 6744] (collectively, the "Lawsuits").

5  The Lawsuits assert claims against me arising from my service as an officer of Tribune and as an officer or director of Tribune's subsidiaries, as well as from actions taken by me in those capacities.

6  I seek indemnification from Tribune Company and/or certain debtor subsidiaries for any judgment entered against me in the Lawsuits, as well as for any costs of defense associated with such Lawsuit.

<u>My lack of knowledge of any possible claim against the Debtors prior to late October, 2010</u>

7     Effective April 4, 2008, I left all of my positions with Tribune Company and its various subsidiaries.

8     Shortly after leaving Tribune Company, I began employment with R. H. Donnelley Corporation, which is now known as Dex One Corporation.

9     As of April 4, 2008, I believed myself to have received all of the compensation to which I was entitled from my Tribune employers.

10     On or about December 8, 2008, I first became aware that Tribune Company filed for bankruptcy protection. I heard of the filing from a former Tribune colleague

11     From time to time since the filing of the above-captioned proceedings, I have received notices pertaining to the Tribune bankruptcy. I did not review these notices in great detail, given that I did not believe these materials pertained to me. I do not recall the content of these notices in any detail.

12     At the time I first learned that Tribune Company filed for bankruptcy, I did not believe that I had any claim against Tribune Company or any of its subsidiaries. As I mentioned above, I believed myself to have been fully compensated by my former employers, and I had no intention of suing any of them.

13     On June 15, 2010, the Examiner, Kenneth N. Klee, interviewed me concerning the leveraged buy-out of Tribune Company. Both before and after my interview, I had no reason to believe that the Examiner's investigation was directed at me, or would result in any lawsuit against me. I assumed, rather, that the Examiner believed me to be a witness to the transactions that were the subject of his investigation.

14     In a telephone conversation with attorneys at Sidley Austin LLP in late October 2010, I learned for the first time that I likely would be sued soon before the expiration of statutes of limitations potentially applicable to these causes of action. Prior to this conversation, I did not believe, and had no reason to believe, that I could or would be subjected to liability in connection with my service at Tribune.

15     The *FitzSimons* Lawsuit was filed on November 1, 2010, and the *Hianik* Lawsuit was filed on December 3, 2010.

16     I have not asserted a claim to date because, until late October 2010, I had no reason to believe that I was subject to any liability in connection with my work for Tribune Company and its subsidiaries, and therefore did not have any reason to believe I had a claim against the Tribune Company or its subsidiaries, whether for indemnification or otherwise.

I certify under penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

Executed on April 7, 2011

_____
Mark W. Hianik