# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
| | : | (Jointly Administered) |
| | : | **Hearing Date: 4/25/11 at 1:00 p.m.** |
| Debtors. | : | **Objection Deadline: 4/18/11 at 4:00 p.m.** |

## PETER A. KNAPP'S MOTION TO DEEM CLAIM TIMELY FILED

Peter A. Knapp hereby moves this Court to deem his claim, submitted April 7, 2011 in

the above-captioned bankruptcy (the "Proof of Claim," a copy of which is attached hereto as

Exhibit A) as being timely filed pursuant to Rule 9006 of the Federal Rules of Bankruptcy

Procedure.  In support of his Motion, Mr. Knapp states as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest  Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      Mr. Knapp is a former officer of the Tribune Publishing Company and a defendant in the adversary proceeding *Official Committee of Unsecured Creditors of Tribune Co. v. Peter A. Knapp*, Adv. Pro. No. 10-55755 [D.I. 6903] (the "Lawsuit").

2.      By his Proof of Claim, Mr. Knapp seeks indemnification from the Tribune Company and/or the Tribune Publishing Company for any judgment against him in the Lawsuit, as well as for the costs he incurs in defending the Lawsuit.

3.      By an Order dated March 25, 2009 (attached hereto as Exhibit B), the deadline for Mr. Knapp to submit his Proof of Claim passed on June 12, 2009 (the "Bar Date"). (Ex. B at 2.) The Lawsuit was filed against Mr. Knapp on December 4, 2010. [D.I. 6903.]

4.      The Court may deem Mr. Knapp's Proof of Claim timely for good cause, Fed. R. Bankr. P. 3003, if Mr. Knapp shows "excusable neglect" pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure. Neglect encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. *Pioneer Inv. Servs. v. Brunswick Assoc.*, 507 U.S. 380, 388 (1993). As Mr. Knapp attests in his affidavit (attached hereto as Exhibit C), he did not file a claim prior to the Bar Date in mid-2009 because he did not believe that he had any indemnification claim against any Debtor and did not anticipate that he would be sued for his service as an officer of the Tribune Publishing Company. (Ex. C ¶¶ 10, 13.) "Whether [Mr. Knapp's] failure to act was a faultless omission due to [his] inability to predict a future lawsuit against [him] or was a result of [his] own carelessness in that [he] should have anticipated the claims against [him], there is sufficient basis to conclude that the claim was filed late as a result of neglect." *In re BuildNet, Inc.*, 2003 WL 22078079, at *3 (M.D.N.C. Aug. 26, 2003).

5.      In determining whether Mr. Knapp's neglect was excusable, the Court must conduct an equitable inquiry, taking account of all relevant circumstances surrounding Mr.

Knapp's omission. The Court should consider the danger of prejudice to the debtors, the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within Mr. Knapp's reasonable control, and whether Mr. Knapp acted in good faith. *See Pioneer*, 507 U.S. at 395. In considering the danger of prejudice to the debtors, the Court should analyze the size of Mr. Knapp's claim with respect to the rest of the estate; whether allowing the late claim would have an adverse impact on the judicial administration of the case; whether the plan was filed or confirmed with knowledge of the existence of the claim; the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; and whether allowing the claim would open the floodgates to other similar claims. *In re O'Brien Envtl. Energy*, 188 F.3d 116, 126 (3d Cir. 1999). Though no one factor trumps the others, *In re American Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005), the greatest weight is afforded to whether any prejudice results to the other parties, *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006).

6. All of the factors either favor accepting Mr. Knapp's indemnification claim as timely or are neutral. Neither the debtors nor the creditors can credibly claim any prejudice at this stage from Mr. Knapp's late filing; under the circumstances, Mr. Knapp's filing would have no evident impact on the judicial proceedings; Mr. Knapp had no reason in June 2009 to anticipate a lawsuit not filed until December 2010; and Mr. Knapp has filed his claim in good faith.

a. *Prejudice.* There is no prejudice to the Debtors – Tribune Company or the Tribune Publishing Company – or to the unsecured creditors. The Lawsuit seeks $389,486.20 from Mr. Knapp; in turn, Mr. Knapp seeks indemnity of any judgment entered against him and of the costs and fees he incurs in defending the Lawsuit. The Tribune Company listed at least $44 billion in unsecured, nonpriority claims, while the Tribune Publishing Company listed at

3

least $5.18 billion in unsecured, nonpriority claims.  (*See* Summaries of Schedules at D.I. 4388

and 3589, respectively.)  Given the relatively *de minimis* size of Mr. Knapp's claim, it is difficult

to imagine that allowing his claim as timely would adversely impact the judicial administration

of these bankruptcies or disrupt the reorganization of any of the Debtors.

Moreover, in all likelihood, allowing Mr. Knapp's claim would not

prejudice any unsecured creditor.  As a threshold matter, the mere fact that a late claim would

reduce the funds available to unsecured creditors does not, by itself, establish prejudice.  *Cable*

*& Wireless*, 235 B.R. at 755.  In any event, the Tribune Company and the Tribune Publishing

Company have insurance for their indemnification obligations to Mr. Knapp.  (*See generally*

[D.I. 8208], in which the Tribune Company describes its insurance program in paragraphs 12

through 23.)

Further, given this case's chronology, it is understandable and excusable

for Mr. Knapp to have refrained from filing his claims until now.  The Bar Date passed on June

12, 2009.  On November 11, 2010, the Official Committee of Unsecured Creditors moved for

standing and authority to file adversarial proceedings such as the Lawsuit [D.I. 6414], which the

Court granted on November 29, 2010 [D.I. 6658].  On December 4, 2010, the Official

Committee filed the Lawsuit against Mr. Knapp.  On December 8, 2010, the Official Committee

– along with the Debtors and others – filed the First Amended Joint Plan of Reorganization.

[D.I. 7050.]  On February 4, 2011, they filed their Second Amended Plan of Reorganization.

[D.I. 7801.]

Last, allowing Mr. Knapp's claims would not open the floodgates to other

similar claims.  Current directors' and officers' indemnification claims are explicitly exempted

from the Bar Date (Ex. B at 4 ¶ e), so the Debtors have already expressly accepted the possibility

of an ongoing and unquantified indemnification exposure pertaining to current executives.  Mr.

Knapp's claim and the finite number of claims like it are merely more of the same exposure that the Debtors have already accepted.

        b.      *The Delay's Length and Impact on the Proceedings.*  For the reasons given above, the delay is a function of the timing of the filing of the Lawsuit.  It would be inequitable to prejudice Mr. Knapp because of the length of this delay – two years passed between when the bankruptcy commenced and when the Official Committee of Unsecured Creditors filed suit, and eighteen months passed between the Bar Date and when the Official Committee filed suit.  In any event, the length of Mr. Knapp's delay is not dispositive, *Cable & Wireless*, 338 B.R. at 615 (allowing a claim though it was more than a year overdue), and, elsewhere, the length and complexity of a bankruptcy proceeding has been acknowledged as a consideration ameliorating what at first blush is lengthy delay.  *See In re Hudson Oil Co.*, 100 B.R. 72, 78 (Bankr. D. Kan. 1989) (allowing a claim that was two-years late in a bankruptcy that was five-years old).  Mr. Knapp is not aware of any impact his claim, if allowed, would have on these proceedings.  As of the filing of his claim, no plan of reorganization has been confirmed, and no payments have been made to creditors pursuant to any plan.

        c.      *The Reason for Delay.*  As stated above, the delay, strictly speaking, was due to Mr. Knapp's failure to anticipate by June 2009 that the Official Committee of Unsecured Creditors would sue him, which it did in December 2010.  The Official Committee's delay in suing him was not within Mr. Knapp's reasonable control, and Mr. Knapp had no reason to believe that he would be sued until learning of the Official Committee's Lawsuit (Ex. C ¶¶ 11, 13).

        Mr. Knapp first contacted the undersigned Chicago counsel in the first week of February 2011.  Since then, counsel has worked diligently to review the filings to date in

the bankruptcy and related actions, study the issues, and consider their impact on Mr. Knapp's interests.

       d.    *Mr. Knapp's Good Faith.* Mr. Knapp has acted in good faith, as he had no reason to believe that he had any possible liability on account of his service to the Tribune Publishing Company or any claim against any Debtor until mid-December 2010 (*see* Ex. C ¶ 13).

       7.    Accordingly, Mr. Knapp's late filing satisfies the excusable neglect standard under Rule 9006(b)(1), and cause exists to deem his Proof of Claim timely filed.

For the foregoing reasons, Peter A. Knapp respectfully requests that this Court enter an Order deeming his Proof of Claim timely filed and grant such other and further relief as this Court deems proper and just.

Dated: April 7, 2011

COZEN O'CONNOR

Mark E. Felger (No. 3919)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013

- and -

Michael Dockterman, Esq.
Jonathan Young, Esq.
Patrick Frye, Esq.
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229
Telephone:  (312) 201-2000
Facsimile:    (312) 201-2555

*Counsel to Peter A. Knapp*