# Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF PETER A. KNAPP
## PURSUANT TO 28 U.S.C. § 1746

Peter A. Knapp states as follows:

1       I am over 21 years of age; I have personal knowledge of the matters set forth in this Declaration; and I am competent to testify to such matters.  If I were called as a witness in this matter, my testimony would be as set forth in this Declaration.

2       I offer this Declaration in support of my motion for leave to file a late claim and in support of my proof of claim against the estate of the Tribune Company and/or of the Tribune Publishing Company, a subsidiary of the Tribune Company.

3       From July 2005 until January 9, 2008, I was an officer (controller) of the Tribune Publishing Company.

4       I am a defendant in an adversary proceeding now pending in the United States Bankruptcy Court for the District of Delaware in connection with the Tribune Company's bankruptcy, and captioned as *Official Committee of Unsecured Creditors of Tribune Co. v. Peter A. Knapp*, Adv. Pro. No. 10-55755 [D.I. 6903] (the "Lawsuit").

5       The Lawsuit asserts claims against me arising from my service as an officer of Tribune Publishing Company, as well as from actions taken by me in that capacity.

6       I seek indemnification from Tribune Company and/or the Tribune Publishing Company for any judgment entered against me in the Lawsuit, as well as for any costs of defense associated with such Lawsuit.

<u>My lack of knowledge of any possible claim against the Debtors prior to December 2010</u>

7       Effective January 9, 2008, I left my position with the Tribune Publishing Company.

8       As of January 9, 2008, I believed myself to have received all of the compensation to which I was entitled from the Tribune Publishing Company.

9       I first became aware that the Tribune Company filed for bankruptcy protection in December 2008.

10      When I first learned that the Tribune Company filed for bankruptcy, I did not believe that I had any claim against the Tribune Publishing Company or the Tribune Company. As I mentioned above, I believed I had been fully compensated by my former employer, and I had no intention of suing the Tribune Publishing Company or the Tribune Company. I received notices from the Tribune Company's bankruptcy, but I did not know why I was receiving them – other than perhaps because I was a former employee of Tribune Publishing Co. – and I did not understand what I was to do about these notices, as I did not believe at that time I had any claim to make.

11      In the middle of December 2010, I first learned that I might be sued in connection with the Tribune Company's bankruptcy. I read an article printed in the Chicago Tribune on a Sunday, December 12, 2010, that described lawsuits against the Tribune's current and former executives and listed various individuals who had been sued. What caught my eye is that the article said that suits were filed against anyone who was an officer of the Tribune Company or any of its subsidiaries. I immediately called Brian Litman, whom I knew when I worked for the Tribune Publishing Company and who still worked for the Tribune Company. I called him because I was not sure if the article meant that I was or would be sued. He told me that he did not think I was included in the lawsuits. But on Monday – the next day – he called me back and told me that I had been sued.

12      I am not a lawyer and have never had any legal training. Before the Lawsuit, I have never been involved in litigation or any bankruptcy.

13      I have not asserted a claim to date because, until December 2010, I had no reason to believe that I was subject to any liability in connection with my work for the Tribune Company or the Tribune Publishing Company, whether for indemnification or otherwise.

I certify under penalty of perjury that the foregoing Declaration is true and correct to the best of my

knowledge, information and belief.

Executed on April 5, 2011

Peter A. Knapp