**Non-Settlement Objections to Debtor/Committee/Lender Plan to be Addressed at April 13-14 Hearing[1, 2]**

**FORMALLY RESOLVED OBJECTIONS**

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| A. Missouri Department of Revenue ("MDOR") [D.I. 6110] | 1. *Definition of Allowed Claim.* The definition of Allowed Claim is unclear and MDOR cannot determine whether its Priority Tax Claim "is an Allowed Claim and thus trigger[s] installment payments until the deadline to object to claims expires." (Obj. at ¶¶ 2-5) | 1. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with MDOR concerning language for the proposed Confirmation Order, which is set forth in Exhibit A[3] hereto. | 1. This objection is resolved by agreement of the parties. |
| | 2. *Default Provision.* DCL Plan does not provide priority tax creditors with an adequate remedy in the event the Debtors default in making tax payments. (Obj. at ¶ 8) | 2. The proposed Confirmation Order will contain a provision that provides a remedy for taxing authorities in the event the Debtors fail to cure a default on tax payments. (DCL Brief p. 201) | 2. This objection is resolved by agreement of the parties. |
| B. New York State Department of Taxation and Finance ("NYDTF") [D.I. 7733] | 1. *Exculpation Provision.* Exculpation provision precludes NYDTF from pursuing Tribune officers and directors who are potentially liable under NY State Tax Law for the Debtors' unpaid sales and withholding taxes. (Obj. ¶¶ 3-6) | 1. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with NYDTF concerning language for the proposed Confirmation Order, which is set forth in Exhibit A hereto. | 1. This objection is resolved by agreement of the parties. |
| | 2. *Default Provisions.* DCL Plan does not provide tax creditors with an adequate remedy in the event the | 2. The proposed Confirmation Order will contain a provision that provides a remedy for taxing authorities | 2. This objection is resolved by agreement of the parties. |

---

[1] The descriptions set forth in this chart are intended as summaries only, and, for the avoidance of doubt, nothing contained herein shall impair or otherwise affect the DCL Plan Proponents' rights in regard to the objections. Reference should be made to the objections, the Memorandum of Law in Support of Confirmation and Omnibus Reply to Objections to Confirmation of the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "DCL Brief"), or the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified) (the "DCL Plan") for more fulsome descriptions of the objections, the DCL Plan Proponents' responses and the DCL Plan's terms.

[2] This chart does not address arguments raised in the Amended Objection of the Noteholder Plan Proponents to Confirmation of the Debtor/Committee/Lender Plan of Reorganization [D.I. 8026].

[3] Exhibit A sets forth only those (1) modifications to the DCL Plan that were agreed to subsequent to the filing of the amended DCL Plan and (2) additions to the proposed DCL Confirmation Order that were agreed to subsequent to the filing of the DCL Brief.

1

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | Debtors default in making tax payments. (Obj. at ¶¶ 7-8) | in the event the Debtors fail to cure a default on tax payments. (DCL Brief p. 201) | |
| | 3. Setoff and Recoupment. DCL Plan improperly attempts to enjoin creditors from exercising rights to setoff and/or recoupment. (Obj. at ¶¶ 9-11) | 3. DCL Plan amendment clarifies that discharge injunction will have no effect on any right of setoff to the extent permitted under section 553 of the Bankruptcy Code or recoupment under applicable law. (DCL Brief p. 188-89). Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with NYDTF providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | 3. This objection is resolved by agreement of the parties. |
| C. Commonwealth of Pennsylvania Department of Revenue ("PA DOR") [D.I. 7909] | 1. Setoff and Recoupment. DCL Plan attempts to enjoin creditors from exercising rights to setoff and/or recoupment. (Obj. at ¶¶ 2-4) | 1. DCL Plan amendment clarifies that discharge injunction will have no effect on any right of setoff to the extent permitted under section 553 of the Bankruptcy Code or recoupment under applicable law. (DCL Brief p. 188-89). Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with PA DOR providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | 1. This objection is resolved by agreement of the parties. |
| | 2. Discharge of Tax Debts. DCL Plan does not provide that tax debts are not discharged until paid in full in accordance with 11 U.S.C. § 1129 (b)(2)(A)(i)(1) (Obj. at ¶ 5) | 2. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with PA DOR providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | 2. This objection is resolved by agreement of the parties. |
| D. Illinois Secretary of State ("IL SOS") [D.I. 7913] | 1. Paid-in Capital. IL SOS objects to certain provisions in Section 15.6 of the DCL Plan regarding the treatment of paid-in capital under Illinois tax law. (Obj. at ¶¶ 2-5) | 1. DCL Plan amendments clarify certain provisions in Section 15.6. (DCL Plan § 15.6; DCL Brief pp. 198-200) | 1. This objection is resolved by agreement of the parties. |
| E. Caption Colorado, L.L.C. [D.I. 7956] | 1. Reserves. Caption Colorado objects to the extent the DCL Plan's calculations of the total amount of administrative expense claims do not take into account the value of Caption Colorado's administrative expense claim. Caption Colorado requests that funds be placed in escrow to pay Caption Colorado in full. (Obj. at ¶ 3) | 1. The Debtors have entered into a stipulation with Caption Colorado that resolves Caption Colorado's objection to the DCL Plan. | 1. This objection is resolved by agreement of the parties and the objection has been withdrawn [D.I. 8583, 8587]. |
| F. California Franchise Tax Board ("CFTB") [D.I. 7959] (State of Illinois, Departments | 1. Definition of "Allow". The DCL Plan restricts allowance of properly filed proofs of claim to which no objection has been filed in violation of § 501(a) and Rule 3003(c). The objection requests that § 1.1.5 | 1. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with CFTB providing for modifications to the definition of "Allowed" in the DCL Plan, which | 1. This objection is resolved by agreement of the parties. |

2

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| of Revenue and Employment Security [D.I. 7993] joined this objection) | be modified to strike the phrase "and it not listed a disputed, contingent or unliquidated on the pertinent Debtor's schedules." (Obj. ¶¶ at 4, 6-8) | is set forth in Exhibit A hereto. | |
| | 2. Treatment of Tax Claim. DCL Plan should be amended to (a) provide for the payment of interest and (b) to clarify that interest payable on account of Allowed Priority Tax Claims should be determined as prescribed by section 511 of the Bankruptcy Code. (Obj. at ¶¶ 4, 9-12) | 2. DCL Plan amendments (a) clarify that the Debtors shall be authorized to satisfy the Allowed Priority Tax Claims of CFTB in equal quarterly installments in Cash, and (b) provide that interest will compound at a rate determined under section 511 of the Bankruptcy Code. (DCL Plan § 2.3; DCL Brief pp. 191-93) | 2. This objection is resolved by agreement of the parties. |
| | 3. Subordination of Tax Penalty Claims. DCL Plan improperly provides for disallowance or subordination of claims for penalties related to taxes. Section 11.4 should be amended to clarify that penalty claims by governmental units should not be disallowed or subordinated. (Obj. at ¶¶ 4, 13-17) | 3. DCL Plan amendment specifies that the Confirmation Order shall only disallow or subordinate claims for penalties "to the extent permissible under the Bankruptcy Code and applicable non-bankruptcy law." (DCL Plan § 11.4; DCL Brief pp. 200-01) | 3. This objection is resolved by agreement of the parties. |
| | 4. Discharge Injunction. DCL Plan discharge provisions in sections 11.1.1 and 11.1.2 are overbroad in that they (i) provide that Holders of Claims that are discharged upon confirmation shall be permanently enjoined from asserting rights of setoff or recoupment and (ii) may discharge the Debtors from tax debt even if the Debtors willfully attempted to evade defeat such debt. (Obj. at ¶¶ 4, 18-23) | 4. (i) DCL Plan amendment clarifies that discharge injunction will have no effect on any right of setoff to the extent provided under section 553 of the Bankruptcy Code or recoupment to the extent permitted under applicable law. (DCL Brief p. 188-89). Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with CFTB providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | 4. (i) This objection is resolved by agreement of the parties. |
| | | (ii) Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with CFTB providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | ii) This objection is resolved by agreement of the parties. |
| | 5. Administrative Expense Claims. CFTB objects to proposed treatment of Allowed Administrative Expense Claims on three grounds: a) governmental units should not be required to file a request for payment of administrative expense claims as a condition of such claims becoming Allowed, b) Section 2.2 and/or 7.4 of the DCL Plan preclude | 5. a) The DCL Plan does not intend to abrogate section 503(b)(1)(D) of the Bankruptcy Code, which sets forth the condition under which governmental units need to file requests for payment of administrative expense claims. (DCL Brief pp. 189-90) | 5. a) This objection is resolved by agreement of the parties. |

3

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | payment of interest to governmental units, c) the treatment of CFTB's claims that relate to tax periods that commenced prior to the Petition Date but did not end until after the Petition Date should be clarified. (Obj. at ¶¶ 4, 24-31) | b) DCL Plan § 7.4 provides that Holders of Claims shall not be entitled to be paid interest accruing after the Petition Date *except as required by applicable bankruptcy law*. The rights of governmental entities to seek interest on Allowed Administrative Expense Claims are not impaired by the DCL Plan and no amendment is necessary. For the avoidance of doubt, the Confirmation Order will include language proposed by CFTB to resolve the objection. (DCL Brief. pp. 189-90) | b) This objection is resolved by agreement of the parties. |
| | | c) Plan amendment resolves this objection by removing "or portions thereof" from the definition of Administrative Expense Claims in § 1.1.1 of the DCL Plan. (DCL Plan § 1.1.1; DCL Brief pp. 189-90). | c) This objection is resolved by agreement of the parties. |
| | 6. Non-Debtor Releases. DCL Plan may improperly release claims against non-debtors. The § 11.2.2 release provisions (i) do not specify whether Holders will be deemed to release the Holder Released Claims if they are entitled to vote but do not, and (ii) do not specify whether Holders will be deemed to release the Holder Released Claims if they hold Priority Tax Claims and/or Administrative Tax Claims that are not classified under the DCL Plan. (Obj. at ¶¶ 4, 32-35) | 6. The DCL Plan Proponents confirm that CFTB did not submit a ballot providing its affirmative agreement to the releases, and thus will not be subject to the release provisions set forth in § 11.2.2 of the DCL Plan. (DCL Brief p. 105, n.77) | 6. This objection is resolved by agreement of the parties. |
| | 7. Default Provision. The DCL Plan does not provide tax creditors with an adequate remedy in the event the Debtors default in making tax payments. (Obj. at ¶¶ 4, 36) | 7. The proposed Confirmation Order will contain a provision that provides a remedy for taxing authorities in the event the Debtors fail to cure a default on tax payments. (DCL Brief p. 201) | 7. This objection is resolved by agreement of the parties. |
| G. Environmental Protection Agency [D.I. 7960] | 1. Discharge Provisions. The DCL Plan's discharge and release provisions are overbroad and may inappropriately discharge and release the Debtors from environmental liabilities. (Obj. at ¶¶ 3-6) | 1. The proposed Confirmation Order will contain a provision stipulating that there is no discharge, release or preclusion as to certain environmental liabilities. (DCL Brief p. 197) | 1. This objection is resolved by agreement of the parties and the objection has been withdrawn [D.I. 8305]. |
| | 2. Jurisdiction. Section 12.1 of the DCL Plan may be construed to give the Bankruptcy Court exclusive jurisdiction over certain actions that involve the exercise of police or regulatory powers and should be heard in other jurisdictions. (Obj. at ¶ 7) | 2. The proposed Confirmation Order will contain a provision stipulating that the Bankruptcy Court "retains jurisdiction, but not exclusive jurisdiction, to determine whether environmental liabilities asserted by the United States are discharged or otherwise barred…" (DCL Brief p. 197) | 2. This objection is resolved by agreement of the parties and the objection has been withdrawn [D.I. 8305]. |

4

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| H. CCI Europe A/S [D.I. 7963] | 1. <u>Assumption of Executory Contracts.</u> With regard to the cure amount relating to the assumption of CCI Europe's executory contracts, the Confirmation Order should include (a) a process to resolve outstanding disputes related to the cure amount, and (b) specify the timing of payment of any cure amounts owed by the Debtors. (Obj. at ¶¶ 4-5) | 1. The Debtors filed the Global Contract Motion on March 7, 2011 [D.I. 8287], which the DCL Plan Proponents believe addresses and resolves the objections related to executory contracts in the context of plan confirmation, subject to the reservation of the objecting parties' rights with respect to the assumption and cure of executory contracts as provided therein. (DCL Brief pp. 183-85) | 1. This objection is resolved by agreement of the parties. |
| I. Comcast Corporation and Comcast Cable [D.I. 7966] | 1. <u>Assumption of Executory Contracts.</u> With regard to the cure amount relating to the assumption of Comcast's executory contracts, the Confirmation Order should include (a) a process to resolve outstanding disputes related to the cure amount, and (b) specify the timing of payment of any cure amounts owed by the Debtors. (Obj. at ¶¶ 4-5) | 1. The Debtors filed the Global Contract Motion on March 7, 2011 [D.I. 8287], which the DCL Plan Proponents believe addresses and resolves the objections related to executory contracts in the context of plan confirmation, subject to the reservation of the objecting parties' rights with respect to the assumption and cure of executory contracts as provided therein. (DCL Brief pp. 183-85) | 1. This objection is resolved by agreement of the parties. |
| J. The ACE Companies [D.I. 7968] | 1. <u>Insurance Issues.</u> The DCL Plan must provide that (a) ACE's claims arising under the insurance contracts are not released or discharged and that the Reorganized Debtors will remain liable for the obligations, (b) the collateral and security provided by the Debtors also should continue unaltered, and (c) if the Debtors assume the agreements, the Debtors will satisfy the requirements of § 365. (Obj. at ¶¶ 17-21) | 1. DCL Plan amendment will resolve the ACE objection. (DCL Plan § 6.9; DCL Brief pp. 196-97) | 1. This objection is resolved by agreement of the parties. |
| K. Cook County Department of Revenue [D.I. 7970] | 1. <u>Payment of Tax Claim.</u> Cook County asserts that the DCL Plan should not be confirmed unless it is clarified to provide payment for Cook County's late-filed tax claim. (Obj. at ¶¶ 3-4) | 1. Cook County's objection does not raise an objection to confirmation, but rather seeks comfort that its claim will be an allowed priority tax claim. The claim was late filed and is disputed, and will be subject to the ordinary claims administration process. (DCL Brief p. 193) | 1. This objection has been withdrawn [D.I. 8264]. |
| L. Ad Hoc Committee of Tribune Subsidiary Trade Creditors [D.I. 7973] | 1. <u>Recovery Uncertain.</u> Although the DCL Plan provides that subsidiary trade creditors will be paid in full in cash on the Effective Date, the size of the claims pool and the $150 million cap on trade claims makes payment on these claims uncertain. (Obj. at ¶ 1)<br><br>2. <u>Violation of Absolute Priority Rule.</u> Because subsidiary trade creditors may not be paid in full, reinstatement of subsidiary equity interests violates the absolute priority rule. (Obj. at ¶¶ 5-7)<br><br>3. <u>Lack of Good Faith.</u> The Debtors' "refusal" to provide information in support of their assertion that | DCL Plan amendments (i) modify § 3.3.5 to remove the aggregate $150 million cap on the payment of Allowed General Unsecured Claims against all Filed Subsidiary Debtors, and (ii) modify § 10.1 to include a condition precedent to the Effective Date that provides that the Creditor Proponents shall have determined, in their reasonable good faith judgment, that the aggregate amount of Allowed General Unsecured Claims against Filed Subsidiary Debtors shall not exceed $150 million. (DCL Plan §§ 3.3.5 and 10.1; DCL Brief pp. 195-196). | These objections have been resolved by agreement of the parties.<br><br>The objection has been withdrawn and the members of the Ad Hoc Committee of Tribune Subsidiary Trade Creditors have requested that their votes be changed to accept the DCL Plan [D.I. 8288]. |

5

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | trade creditors will be paid in full violates the good faith requirement of § 1129(a)(3). (Obj. at ¶¶ 9-10)<br><br>4. <u>Avoidance of Guarantees.</u> The operating subsidiaries' guarantees are avoidable fraudulent transfers and therefore the debt guarantees should be avoided unless the trade creditors at the guarantor subsidiaries are paid in full. (Obj. at ¶¶ 11-12) | | |
| M. Iron Mountain Information Management, Inc. [D.I. 7976] | 1. <u>Assumption of Executory Contracts.</u> The language in the DCL Plan could be interpreted as allowing for assumption of Iron Mountain's executory contracts without the Debtors paying the requisite cure amount. (Obj. at ¶¶ 5-7) | 1. The Debtors filed the Global Contract Motion on March 7, 2011 [D.I. 8287], which the DCL Plan Proponents believe addresses and resolves the objections related to executory contracts in the context of plan confirmation, subject to the reservation of the objecting parties' rights with respect to the assumption and cure of executory contracts as provided therein. (DCL Brief pp. 183-85) | 1. This objection is resolved by agreement of the parties. |
| N. Warren Beatty [D.I. 7979] | 1. <u>Discharge Injunction & Release Provision.</u> Mr. Beatty objects to DCL Plan § 11.2.2 to the extent it includes a release by Mr. Beatty of any rights, claims, causes of action, interests or liabilities related to the Dick Tracy Property. (Obj. at ¶¶ 16-20)<br><br>2. <u>Intellectual Property Rights.</u> DCL Plan § 5.7 may be construed to vest the Dick Tracy Property in the Reorganized Debtor. (Obj. at ¶¶ 14-15) | Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with Mr. Beatty concerning language for the proposed Confirmation Order, which is set forth in <u>Exhibit A</u> hereto. | This objection is resolved by agreement of the parties. |
| O. United States Trustee [D.I. 7980] | 1. <u>Release Provisions.</u> The United States Trustee reserved its rights to object to the DCL Plan's release provisions pending evidence at the Confirmation Hearing. (Obj. at ¶¶ 16, 18)<br><br>2. <u>Exculpation Provision.</u> The exculpation provision in § 11.5 is not confirmable because<br>(a) it does not distinguish between prepetition and post-petition events and<br>(b) it benefits non-estate fiduciaries, which is not permitted under the rationale of WaMu. (Obj. at ¶¶ 19-22)<br><br>3. <u>Fee and Expense Payments.</u> DCL Plan § 9.1 does not provide a mechanism for the Court to test the reasonableness of the fee and expense claims of certain creditors. (Obj. at ¶ 23) | 1. The DCL Plan Proponents established that the release provisions satisfy the Third Circuit requirements for approval. (DCL Brief pp. 89-107, n.69, n.76)<br><br>2. (a) Plan amendment specifies that the exculpation provision does not apply to prepetition conduct. (DCL Plan § 11.5; DCL Brief p. 108)<br><br>(b) As set forth in the DCL Brief, the exculpation provisions in favor of certain non-estate fiduciaries are permissible. (DCL Brief pp. 108-111)<br><br>3. Plan amendment provides that payment of each of the Senior Lender Fee/Expense Claims, Bridge Lender Fee/Expense Claims and Creditors' Committee Member Fee/Expense Claims are subject to challenge on the basis of reasonableness and to review by the | 1. This objection is resolved by agreement of the parties.<br><br>2. (a) This objection is resolved by agreement of the parties.<br><br>(b) This objection is resolved by agreement of the parties.<br><br>3. This objection is resolved by agreement of the parties. |

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | 4. Post-Confirmation Issues. DCL Plan § 15.7 does not address the requirements to file post-confirmation reports and pay quarterly post-confirmation fees until the chapter 11 cases are closed, converted or dismissed. (Obj. at ¶ 24) | Bankruptcy Court for reasonableness. (DCL Brief p. 194)<br><br>4. The proposed Confirmation Order will state that the Debtors and Reorganized Debtors will comply with their statutory obligations under 28 U.S.C. § 1930 and file post-confirmation reports to the extent required by law and, to the extent applicable, in accordance with any agreements reached between the Debtors and the United States Trustee. (DCL Brief p. 195) | 4. This objection is resolved by agreement of the parties. |
| P. Neil Plaintiffs [D.I. 7984] | 1. ERISA Issues. DCL Plan § 6.8 permits the Debtors to seek a determination of the legal effect of the forgiveness of the ESOP note, but this provision is vague and may be construed as limiting the damages that the Neil Plaintiffs may be able to recover from GreatBanc in the ongoing litigation in the Northern District of Illinois. (Obj. at pp. 4-5) | 1. DCL Plan amendment resolves the Neil Plaintiffs' objection. (DCL Plan § 6.8.) | 1. This objection is resolved by agreement of the parties. |
| Q. Employee Compensation Defendants Group [D.I. 7990] | 1. Ordinary Litigation Claims. The ECDG seeks clarification as to whether the adversary proceedings brought against the ECDG are "Ordinary Litigation Claims" as defined in § 1.1.168, or "LBO-Related Causes of Action" as defined in § 1.1.130. (Obj. at ¶¶ 5-7) | 1. Plan amendment provides additional clarity on which of the various preference causes of action brought against the current or former officers, directors and/or employees of the Debtors constitute Ordinary Litigation Claims and/or LBO-Related Causes of Action. (DCL Plan §1.1.168; DCL Brief pp. 202-03) | 1. This objection is resolved by agreement of the parties. |
| R. State of Illinois, Departments of Revenue and Employment Security ("State of Illinois") [D.I. 7993] | 1. Setoff and Recoupment. The DCL Plan improperly attempts to enjoin creditors from exercising rights to setoff and/or recoupment. (Obj. at ¶ 3)<br><br>2. Releases. The Departments of Revenue and Employment Security do not consent to the releases in § 11.2.2 of the DCL Plan. (Obj. at ¶ 4) | 1. DCL Plan amendment clarifies that discharge injunction will have no effect on any right of setoff to the extent provided under section 553 of the Bankruptcy Code or recoupment to the extent permitted under applicable law. (DCL Brief pp. 188-89). Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with the State of Illinois providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto.<br><br>2. The DCL Plan Proponents confirm that the State of Illinois taxing agencies did not submit a ballot providing its affirmative agreement to the releases, and thus will not be subject to the release provisions set forth in § 11.2.2 of the DCL Plan (DCL Brief p. 105, n.77) | 1. This objection is resolved by agreement of the parties.<br><br>2. This objection is resolved by agreement of the parties. |
| S. Oracle America Inc. [D.I. 7995] | 1. Assumption of Executory Contracts. With regard to Oracle's executory contracts, Oracle objects to any assumption of its contracts without Oracle's prior consent and payment of the total cure amount owed. | 1. The Debtors filed the Global Contract Motion on March 7, 2011 [D.I. 8287], which the DCL Plan Proponents believe addresses and resolves the objections related to executory contracts in the context | 1. This objection is resolved by agreement of the parties. |

7

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | | of plan confirmation, subject to the reservation of the objecting parties' rights with respect to the assumption and cure of executory contracts as provided therein. (DCL Brief pp. 183-85) | |
| T. Department of Justice on behalf of Federal Communications Commission [Informal] | 1. Compliance Language. The FCC made an informal request that certain language be added to the DCL Plan regarding compliance with FCC regulations. | 1. The proposed Confirmation Order will contain a provision reserving the FCC's rights and powers to take any action pursuant to its regulatory authority over the transfer of control to the Reorganized Debtors. The Confirmation Order will also provide that nothing in the DCL Plan or Confirmation Order relieves the Reorganized Debtors from their obligations to comply with the Communications Act of 1934, as amended, and the rules, regulations and orders promulgated thereunder by the FCC. (DCL Brief p. 203) | 1. This objection is resolved by agreement of the parties. |
| U. Zurich America Insurance Company [Informal] | 1. Insurance Issues. Zurich raised concerns similar to those raised by ACE. | 1. DCL Plan amendment will resolve Zurich's informal objection. (DCL Plan § 6.9; DCL Brief pp. 196, n.130) | 1. This informal objection is resolved by agreement of the parties. |

8

## UNRESOLVED OBJECTIONS[4]

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| **A. Taxing Authorities** | | | |
| Internal Revenue Service ("IRS") [D.I. 8001] | 1. **Subordination.** The IRS objects to § 1.1.259 of the DCL Plan to the extent it defines the IRS's tax penalty claims associated with the ESOP as being subject to subordination under section 510(b) of the Bankruptcy Code. (Obj. at ¶ 1) | 1. The IRS does not raise an objection to confirmation, but rather seeks comfort that its claim will not be subject to subordination. The IRS's claim will be subject to the ordinary claims administration process. (DCL Brief pp. 154-55) | 1. This objection is unresolved. |
| | 2. **Treatment of Tax Claims.** The DCL Plan should be amended to (a) specify the frequency of the deferred installment payments proposed to be made on account of Allowed Priority Tax Claims, and (b) to clarify that interest payable on account of Allowed Priority Tax Claims should be determined prescribed by section 511 of the Bankruptcy Code. (Obj. at ¶¶ 2-3) | 2. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with the IRS concerning language for the proposed Confirmation Order, which is set forth in Exhibit A hereto. | 2. This objection is resolved by agreement of the parties. |
| | 3. **Releases.** DCL Plan's releases preemptively bar the IRS from asserting valid claims against third parties and from assessing and collecting prepetition taxes that did not become assessable until after the Petition Date. (Obj. at ¶¶ 4-5) | 3. The proposed Confirmation Order will contain a provision that provides that nothing in the DCL Plan shall affect the IRS's right to assess or collect taxes from third parties or to assess or collect any non-dischargeable taxes. (DCL Brief, pp. 201-02) | 3. This objection is resolved by agreement of the parties. |
| | 4. **Interest.** IRS objects to the DCL Plan to the extent it deprives the IRS of the right to interest on taxes entitled to administrative priority because the IRS has the right to receive underpayment interest on such taxes to the extent they are not timely paid. (Obj. at ¶ 6) | 4. DCL Plan § 7.4 provides that Holders of Claims shall not be entitled to be paid interest accruing after the Petition Date *except as required by applicable bankruptcy law*. The rights of governmental entities to seek interest on Allowed Administrative Expense Claims are not impaired by the DCL Plan and no amendment is necessary. For the avoidance of doubt, the Confirmation Order will include language proposed by CFTB to resolve this objection (DCL Brief pp. 189-90) | 4. This objection is resolved by agreement of the parties. |
| | 5. **Setoff and Recoupment.** DCL Plan improperly attempts to enjoin creditors from exercising rights to | 5. DCL Plan amendment clarifies that discharge injunction will have no effect on any right of setoff to | 5. This objection is resolved by agreement of the parties. |

---

[4] As indicated in the following chart, the DCL Plan Proponents believe that many of the specific objections raised by the objecting parties have been resolved; however, in certain cases, a portion of the objection is unresolved and/or the objecting parties have not confirmed whether they are in agreement with the DCL Plan Proponents' assessment of the status of such parties' objections. The DCL Plan Proponents are continuing to work with objecting parties, and thus the "status" of the objection is subject to change.

9

| Objecting Party | Objections | Response/Proposed Resolution | Status |
|---|---|---|---|
| | | the extent provided under section 553 of the Bankruptcy Code or recoupment to the extent permitted under applicable law. (DCL Brief p. 188-89). Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached an agreement with the IRS providing for further clarifications to this provision of the DCL Plan, which is set forth in Exhibit A hereto. | |
| | 6. Jurisdiction. The IRS objects to §§ 13.22, 14.3.2 and Article XII of the DCL Plan to determine the tax consequences of the proposed or confirmed plan or the tax liability of a non-debtor. (Obj. at ¶ 8) | 6. Subsequent to the filing of the DCL Brief and the amended DCL Plan, the DCL Plan Proponents reached a general agreement with the IRS concerning language for the proposed Confirmation Order, which is set forth in Exhibit A hereto. | 6. The DCL Plan Proponents believe this objection is resolved. |
| **B. Claims, Executory Contracts, and Other Individual Objectors** | | | |
| Kevin Millen (pro se litigant) [D.I. 7550] | 1. Mr. Millen's defamation claim was disallowed. | 1. Mr. Millen asserts no valid legal basis for his objection. (DCL Brief pp. 175-76) | 1. This objection is unresolved. |
| **C. ESOP Related Objections** | | | |
| Secretary of United States Department of Labor ("DOL") [D.I. 7975]<br><br>(Neil Plaintiffs [D.I. 7984] joined this objection) | 1. Subordination. The DCL Plan's subordination of the DOL Claims under section 510(b) is improper. (Obj. at pp. 16-36) | 1. The DOL's claims in all their forms share a common element that they arise from the purchase or sale of a security of the Debtors – specifically, the Tribune ESOP's purchase of Tribune common stock securities – and therefore fall within the ambit of section 510(b) of the Bankruptcy Code and are properly subordinated. (DCL Brief pp. 148-54) | 1. This objection is unresolved. |
| | 2. Exculpation Provision. The exculpation provision in § 11.5 is impermissible because (a) it does not distinguish between prepetition and post-petition events, and (b) it does not account for the heightened standard of care applicable to ERISA claims. (Obj. at pp. 36-37) | 2. Plan amendment specifies that exculpation provision does not apply to prepetition conduct. (DCL Plan § 11.5; DCL Brief p. 108). Section 11.5 also expressly notes that the exculpation described therein shall apply only "[t]o the fullest extent permitted under applicable law" and thus the exculpation clause does account for the appropriate standard of care with respect to liability resulting from ERISA claims. (DCL Brief p. 108, n.82) | 2. This objection is unresolved. |
| GreatBanc Trust Company [D.I. 7977] | 1. Rejection Damages. GreatBanc notes that the Trustee Engagement Agreement was included in the list of Rejected Executory Contracts filed by the DCL Plan Proponents but GreatBanc has not yet filed a proof of claim for any damages it may incur under that agreement. (Obj. at ¶¶ 6-12) | 1. Pursuant to DCL Plan § 6.4, a Proof of Claim for executory contract rejection damages, if any, must be filed within 30 days after service of the notice of the Rejected Executory Contracts. (DCL Brief pp. 183-84, n.126) | 1. This objection is unresolved. |
| | 2. Setoff and Recoupment. The DCL Plan improperly attempts to enjoin creditors from | 2. Plan amendment will clarify that discharge injunction will have no effect on any right of setoff to | 2. The DCL Plan Proponents believe this objection is |

10

| Objecting Party | Objections | Response/Proposed Resolution | Status |
|---|---|---|---|
| | exercising rights to setoff and/or recoupment. (Obj. at ¶¶ 18-28) | the extent provided under section 553 of the Bankruptcy Code or recoupment to the extent permitted under applicable law. (DCL Plan § 11.1.2; DCL Brief pp. 188-89) | resolved. |
| | 3. *Prepackaged Plans.* Holders of General Unsecured Claims against Guarantor Non-Debtors that may become debtors should be entitled to vote on the prepackaged plan because they are impaired. (Obj. at ¶¶ 29-31) | 3. Although the prepackaged plan shares the classification nomenclature, the prepackaged plan provides that General Unsecured Claims against Guarantor Non-Debtors are unimpaired. GreatBanc's request to vote on the prepackaged plans is also untimely because GreatBanc did not respond to the Solicitation Order or file a motion to temporarily allow its claims for voting purposes as to the prepackaged plans. (DCL Brief pp. 176-77, n.123) | 3. The DCL Plan Proponents believe this objection is resolved. |
| | 4. *Releases.* The releases set forth in § 11.2.2 of the DCL Plan should not preclude GreatBanc from asserting indemnification and contribution claims against the Debtors, any Non-Debtor Subsidiaries that may become Debtors or other applicable Released Parties. (Obj. at ¶¶ 32-34) | 4. GreatBanc's setoff rights, if any, against the Debtors constitute Other Secured Claims which are Unimpaired under the DCL Plan and thus not subject to the release provision in § 11.2.2 unless otherwise consensually granted by GreatBanc. As a possible Holder of an Other Secured Claim, GreatBanc was not given an opportunity to opt out of granting the releases in § 11.2.2 and therefore is not deemed to have granted such releases. (DCL Brief p. 107) | 4. The DCL Plan Proponents believe this objection is resolved. |
| | 5. *Treatment of Claims.* In the event GreatBanc's Claims are classified as Securities Litigation Claims under the DCL Plan, GreatBanc objects to the extinguishment of its claims and submits that the claims should instead be subordinated pursuant to § 510(b). (Obj. at ¶¶ 35-37) | 5. Securities Litigation Claims are deeply subordinated claims and "out of the money", and therefore such claims are extinguished under the DCL Plan. If GreatBanc's Claims are classified as Securities Litigation Claims, GreatBanc's request for subordination is moot because its claims are subordinated pursuant to section 510(b) of the Bankruptcy Code and the terms of the DCL Plan. (DCL Brief p. 176) | 5. This objection is unresolved. |
| **D. Director, Officer and Shareholder Related Objections** | | | |
| Certain Current and Former Directors and Officers [D.I. 7981] (McCormick and Cantigny Foundations [D.I. 7987], Crane Kenney [D.I. 7991], Mark Hianik, John | 1. *Bar Order.* The Bar Order is not proposed in good faith and violates 1129(a)(1) and (3) because the bar order, among other things:<br>(a) constitutes an improper third party release; and<br>(b) is procedurally deficient, which makes the judgment reduction provisions illusory. (Obj. at pp. 3-13) | 1. This objection stems from a misunderstanding of the Bar Order, but the DCL Plan Proponents have made certain modifications to the Bar Order to address these concerns. (DCL Plan § 11.3; DCL Brief pp. 111-17)<br>(a) The Bar Order is not an impermissible third-party release and only applies to contribution or non-contractual indemnity claims arising out of the | 1. This objection is unresolved. |

11

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| Birmingham, Tom Ehlmann, and Peter Knapp [D.I. 7986], and Timothy Knight [D.I. 8016] joined this objection). | | same facts and circumstances as the claims released in the Settlement. Bar orders are common in partial settlements, and this Bar Order is limited in scope. (DCL Brief pp. 114-15) | |
| | | (b) The DCL Plan Proponents have modified the Bar Order to clarify and refine the procedures for enforcing the Bar Order and judgment reduction provisions. The judgment reduction provisions are not illusory. (DCL Brief pp. 116-17) | |
| | 2. Establishment of Creditors' Trust. Assignment of certain state law causes of action to the Creditors' Trust is designed to circumvent, limit, eliminate and otherwise prejudice defenses, cross-claims and third-party claims related to such actions that would otherwise be available to certain Directors and Officers. (Obj. at p. 13) | 2. The question of whether claims transferred to the Creditors' Trust may be precluded by section 546(e) of the Bankruptcy Code is not relevant to confirmation. Any objections to the validity of the state law fraudulent conveyance claims are premature and are properly reserved for the courts that hear the actions. (DCL Brief pp. 123-26, 135-39) | 2. This objection is unresolved. |
| | 3. Jurisdiction of Bankruptcy Court. The Bankruptcy Court must retain jurisdiction over the Litigation Trust and the Creditors' Trust. (Obj. at p. 14) | 3. Section 12.1.18 of the DCL Plan provides that the Bankruptcy Court will retain jurisdiction over the Litigation Trust. The Bankruptcy Court will not retain jurisdiction with respect to issues related to the Creditors' Trust. | 3. This objection is unresolved. |
| Samuel Zell [D.I. 7983] | 1. Indemnification of Directors and Officers. DCL Plan § 11.6.1 unfairly provides that the Reorganized Debtors will not honor pre-petition indemnification obligations related to LBO liability. (Obj. at pp. 3-8) | 1. As more fully set forth in the DCL Brief, DCL Plan § 11.6.1 is proper. (DCL Brief pp. 117-22) | 1. This objection is unresolved. |
| EGI-TRB LLC [D.I. 7988] (Samuel Zell [D.I. 7983] joined in this objection with respect to arguments regarding the Litigation and Creditors' Trusts and the Bar Order) | 1. Establishment of Litigation and Creditors' Trusts. The DCL Plan: (a) is neither "fair and equitable" nor in the best interests of the Debtors' Estates because it authorizes the Litigation Trust to pursue claims that the Examiner found unlikely to succeed, and (b) violates §§ 1129(a)(1) and 1129(a)(3) because Creditors' Trust seeks to circumvent the "settlement payment" defense provided by § 546(e). (Obj. at pp. 4-10) | 1. (a). While the Examiner's Report is entitled to appropriate deference, it is not entitled to a preclusive effect and therefore it is not unfair or inequitable to authorize the Litigation Trust to pursue such claims. (DCL Brief p. 139) <br><br> (b) The question of whether claims transferred to the Creditors' Trust may be precluded by section 546(e) of the Bankruptcy Code is not relevant to confirmation. Any objections to the validity of the state law fraudulent conveyance claims are premature and are properly reserved for the courts that hear the actions. (DCL Brief pp. 123-25, 135-39) | 1. (a) This objection is unresolved. <br><br> b) This objection is unresolved. |
| | 2. Operation of Litigation and Creditors' Trusts. The provisions related to the Trusts are not fair and | 2. These objections are merely expressions of disapproval for the DCL Plan and do not prevent | 2. This objection is unresolved. |

12

| Objecting Party | Objections | Response/ Proposed Resolution | Status |
|---|---|---|---|
| | equitable to junior creditors (and therefore violate 1129(b)(2). (Obj. at pp. 17-19) | confirmation of the DCL Plan. (DCL Brief p. 140) | |
| | 3. **Subordination of EGI-TRB LLC Notes.** The DCL Plan violates the absolute priority rule because it does not account for the seniority of the EGI-TRB Note over the PHONES Notes. (Obj. at pp. 12-17) | 3. The DCL Plan does not provide for any up-front recovery to the PHONES Notes or the EGI-TRB Note and accordingly does not make any determination on their respective seniority. These issues are to be determined when distributions, if any, are finally made from the Litigation Trust and the Creditors' Trust (if applicable) on account of such claims. (DCL Brief pp. 173-74) | 3. This objection is unresolved. |
| | 4. **Bar Order.** The Bar Order constitutes a non-consensual third-party release because it bars EGI-TRB and Zell from asserting claims against a variety of creditors that may have liability in connection with the LBO (but are settling). The judgment reduction serves only helps parties that are actually found liable. (Obj. at pp. 10-12) | 4. The Bar Order does not constitute a third-party release and a plan amendment reiterates that it only applies to contribution or non-contractual indemnity claims against settling defendants arising out of the same facts and circumstances as the claims being settled. The judgment reduction provisions are proper because only those parties who are in a position to see contribution or non-contractual indemnity from other potential defendants. (DCL Plan § 11.3; DCL Brief pp. 114-15, 115, n.87) | 4. This objection is unresolved. |
| | 5. **Bridge Settlement.** The DCL Plan impermissibly pays $8 million in professional fees and expenses of the Bridge Lenders without any oversight by the Court. (Obj. at pp. 19-20) | 5. DCL Plan amendment provides that payment of each of the Senior Lender Fee/Expense Claims, Bridge Lender Fee/Expense Claims and Creditors' Committee Member Fee/Expense Claims are subject to challenge on the basis of reasonableness and to review by the Bankruptcy Court for reasonableness. (DCL Brief p. 194) | 5. This objection is unresolved. |
| Robert R. McCormick Tribune Foundation and Cantigny Foundation [D.I. 7972]<br><br>(Certain Current and Former Officers and Directors [D.I. 7981] and Crane Kenney [D.I. 7991] joined this objection) | 1. **Standing of Creditors' Trust.** DCL Plan violates § 1129(a)(1) and (a)(3) of the Bankruptcy Code because the Creditors' Trust lacks standing to bring constructive fraudulent conveyance claims against selling stockholders. (Obj. at ¶¶ 33-39) | 1. The Creditors' Trust has standing to pursue the state law constructive fraudulent conveyance claims. (DCL Brief pp. 126-135) | 1. This objection is unresolved. |
| | 2. **Section 546(e) Defense.** Section 546(e)'s safe harbor provision pre-empts all attempts to assert constructive fraudulent claims and therefore the mechanism proposed by the DCL Plan to assert such Claims (bifurcating the litigation of fraudulent conveyance claims between the Litigation Trust and Creditors' Trust) is proposed in bad faith and in violation of the Bankruptcy Code. (Obj. at ¶¶ 40-77) | 2. The question of whether claims transferred to the Creditors' Trust may be precluded by section 546(e) of the Bankruptcy Code is not relevant to confirmation. Any objections to the validity of the state law fraudulent conveyance claims are premature and are properly reserved for the courts that hear the actions. Providing a mechanism whereby creditors can aggregate claims is not evidence of bad faith. (DCL | 2. This objection is unresolved. |

13

| Objecting Party | Objections | Response/Proposed Resolution | Status |
|---|---|---|---|
| **E. Indenture Trustees** | | | |
| Wilmington Trust Company ("WTC") [D.I. 7996] | | Brief pp. 123-26, 135-39) | |
| | 1. **Subordination of PHONES Notes.** The DCL Plan improperly concludes that the PHONES are subordinated to the Senior Lenders because the PHONES subordination is only effective if the senior creditor acts in good faith. The DCL Plan also improperly subordinates the PHONES Notes to recoveries on Intercompany Claims. (Obj. at ¶ 10) | 1. WTC's reading of the subordination provisions is contrary to the plain reading of the indenture. (DCL Brief p. 173). The PHONES Notes Claims are not subordinated to Intercompany Claims under the DCL Plan. (DCL Brief p. 172) | 1. This objection is unresolved. |
| | 2. **Best Interests Test.** The DCL Plan provides the PHONES with less than liquidation value and therefore fails to satisfy Section 1129(a)(7) because the DCL Plan impermissibly subordinates PHONES Notes to the Other Parent Claims even though a substantial portion of the Other Parent Claims do not represent "Senior Indebtedness" under the PHONES Indenture. (Obj. at ¶¶ 7-17) | 2. Holders of PHONES Notes Claims would not be economically better off in a chapter 7 liquidation than they would under the DCL Plan. Senior Indebtedness must be paid in full before PHONES Notes Claims receive any distribution, and any distributions to PHONES Notes must be "paid over" until Senior Indebtedness is paid in full. (DCL Brief pp. 179-80) | 2. This objection is unresolved. |
| | 3. **Subordination of Net Creditors' Trust Proceeds.** WTC objects to the application of contractual subordination to the Creditors' Trust Proceeds payable to Holders of Class 1J Creditors' Trust Interests. (Obj. at ¶¶ 11-16) | 3. The definition of Class 1J Creditors' Trust Interests in the DCL Plan will be amended as set forth in Exhibit A hereto to resolve this objection.[5] | 3. The DCL Plan Proponents believe this objection is resolved. |
| | 4. **Classification of Indenture Trustee Claim.** The DCL Plan fails to classify the PHONES Indenture Trustee Fees and Expenses as Class 1F Other Parent Claims. (Obj. at ¶¶ 18-24) | 4. DCL Plan amendments resolve this objection. (DCL Plan § 1.1.179) | 4. The DCL Plan Proponents believe this objection is resolved. |
| | 5. **Effect on WTC Adversary Proceeding.** The DCL Plan improperly settles and makes distributions on account of Senior Loan Claims that are subject to the Wilmington Trust Complaint (Adv. No. 10-50732). (Obj. at ¶¶ 25-27) | 5. The DCL Plan does not release any direct claims that are actually held or owned by Wilmington Trust. (DCL Brief p. 96) | 5. This objection is unresolved. |

---

[5] The definition of Class 1J Creditors' Trusts Interests will reflect a conforming change as set forth in Exhibit A hereto.

14

| Objecting Party | Objections | Response/Proposed Resolution | Status |
|---|---|---|---|
| Deutsche Bank Trust Company Americas [D.I. 8024] | 1. **Classification of Indenture Trustee Claim.** The DCL Plan improperly classifies DBTCA's Indenture Trustee Fee and Expense Claim as a Class 1E Senior Noteholder Claim instead of a Class 1F Other Parent Claim. (Obj. at ¶2) | 1. DBTCA's Indenture Trustee Fee and Expense Claim is properly classified as a Class 1E Senior Noteholder Claims because such claims arise under or are evidenced by Senior Notes Indentures and related documents. (DCL Brief pp. 155-57) | 1. This objection is unresolved. |
|  | 2. **Treatment of Indenture Trustee Claim.** The DCL Plan treats similarly situated creditors differently in that Other Parent Claims will receive approximately 35.18% distribution whereas, in classifying the Indenture Trustee Fee and Expense Claim as a Class 1E Claim, the DCL Plan diminishes the expected recovery to the Class 1E claimants to less than 35.18%. (Obj. at ¶3) | 2. Any dilution is highly unlikely to diminish the expected recovery of Class 1E claimants to less than 35.18%. (DCL Brief pp. 155-57) | 2. This objection is unresolved. |
| **F. Individual Noteholder Objections** | | | |
| Brigade Capital Management [D.I. 7961, and amended by D.I. 8324] | 1. **Settlement of LBO-Related Causes of Action.** The proposed settlement of the LBO-Related Causes of Action is "not fair and equitable" as it provides inadequate consideration and fails to satisfy the four required factors. (Obj. at ¶¶ 7-16) | 1. The DCL Plan and the settlement of LBO-Related Causes of Action is fair and equitable and satisfies the *Martin* factors. | 1. This objection is being addressed in connection with the evidentiary hearing. |
|  | 2. **Selling Stockholder Releases.** The DCL Plan's proposed release of individual creditors' state law avoidance claims against selling stockholders is an impermissible third-party release because these causes of action belong to the individuals and not the Debtors' Estates. (Obj. at ¶¶ 17-31) | 2. The DCL Plan's definition of the term "Disclaimed State Law Avoidance Claims" and § 14.1 (among other provisions) has been amended to clarify that the DCL Plan will not release any state law constructive fraudulent transfer causes of action unless the Holder of such causes of action elects to release them under § 11.2.2. (DCL Plan § 1.1.210; DCL Brief pp. 96-97, 132, n.96.) | 2. The DCL Plan Proponents believe this objection is resolved. |
|  | 3. **Post-Petition Interest.** Excluding post-petition interest from potential amounts that may be recovered by the beneficiaries of the trusts is improper. (Obj. at ¶¶ 32-33) | 3. Plan amendments allow post-petition interest to accrue on the Litigation Trust Interests and Creditors' Trust Interests to the extent permitted under applicable law. (DCL Plan §§ 1.1.39, 1.1.40; DCL Brief p. 202) | 3. The DCL Plan Proponents believe this objection is resolved. |
|  | 4. **Unfair Discrimination.** The DCL Plan unfairly discriminates against the Senior Noteholders because the Senior Noteholders Claims are entitled to the benefit of the subordination provision in the PHONES Notes indenture, but the Other Parent Claims are not. (Raised in Opening Arguments) | 4. The DCL Plan Proponents will address this argument in post-trial briefing and in argument, if necessary. | 4. This objection is unresolved. |

| Objecting Party | Objections | Response / Proposed Resolution | Status |
|---|---|---|---|
| | 5. Classification of Swap Claim. The classification of the Swap Claim as an Other Parent Claim demonstrates a lack of good faith because it provides a plan proponent with a higher recovery than would otherwise be available. (Raised in Opening Arguments) | 5. The Swap Claim is properly classified, as it is documented separately from Senior Loan Claims and is subject to separate avoidance defenses than the Senior Loan Claims. (DCL Brief pp. 145-47) | 5. This objection is unresolved. |
| | 6. Cash Distribution. By not providing the equity strip that was available under the April Plan, the DCL Plan unfairly lowers consideration to the Noteholders. (Raised in Opening Arguments) | 6. The DCL Plan now provides Senior Noteholders with an option to receive a strip of consideration instead of only cash. (DCL Plan § 3.2.5(c)) | 6. The DCL Plan Proponents believe this objection is resolved. |
| | 7. Creditors' Trust. The structure of the Creditors' Trust is unfair because the value that the individual creditors' causes of action generate will be shared with the LBO Lenders. (Raised in Opening Arguments) | 7. The LBO Lenders are entitled to receive proceeds from the Trusts; to do otherwise would effectively subordinate the LBO Lenders' claims without any affirmative determination that the claims should be equitably subordinated. (DCL Brief pp. 142-44) | 7. This objection is unresolved. |
| | 8. Definition of Disclaimed State Law Avoidance Claims. The definition of Disclaimed State Law Avoidance Claims should be revised so that it does not prevent creditors from prosecuting state law constructive fraudulent conveyance claims against Selling Shareholders that are "Released Parties" with respect to Estate claims. (Raised in Letter dated March 14) | 8. The DCL Plan has been amended to resolve this objection. (DCL Plan §§ 1.1.79, 1.1.198) | 8. This objection is resolved by agreement of the parties. |
| | 9. Characterization of Disclaimed State law Avoidance Claims. Section 14.1 of the DCL Plan mischaracterizes the nature of Disclaimed State Law Avoidance Claims and improperly insulates Released Parties from creditor claims. (Raised in Letter dated March 14) | 9. The DCL Plan has been amended to delete Section 14.1. | 9. This objection is resolved by agreement of the parties. |
| | 10. Bar Order. The Bar Order and judgment reduction provisions should not apply to Disclaimed State Law Avoidance Claims. (Raised in Letter dated March 14) | 10. The DCL Plan Proponents will address this argument in post-trial briefing and in argument, if necessary. | 10. This objection is unresolved. |

16

# EXHIBIT A[1]

**Proposed Plan Amendments**

| Applicable Objections | Plan Language |
|---|---|
| • NYSDTF<br>• PA DOR<br>• CFTB<br>• State of Illinois<br>• IRS | The proviso in Section 11.1.2 regarding <u>Discharge Injunction</u> will be revised as follows:<br><br>"*provided*, that this injunction shall have no effect on any right of setoff ~~or recoupment~~ <u>to the extent provided under section 553 of the Bankruptcy Code or on any right of recoupment to the extent permitted under applicable law</u>." |
| • PA DOR<br>• CFTB<br>• State of Illinois | The following will be added to Section 11.1.1 regarding <u>Discharge of Claims and Termination of Interests</u> after sub-part (b):<br><br>"Notwithstanding anything in this Section 11.1.1(a) or (b), the provisions of the Plan shall not operate to discharge any debts that are otherwise rendered nondischargeable pursuant to section 1141(d)(6) of the Bankruptcy Code." |
| • CFTB<br>• State of Illinois | The definition of <u>Allowed</u> in Section 1.1.5 will be revised as follows:<br><br>"<u>Allowed</u> means, with respect to a Claim or Interest, or any portion thereof, in any Class or category specified, a Claim or Interest (a) that is evidenced by a Proof of Claim or Interest ~~and is not listed as disputed, contingent or unliquidated on the pertinent Debtor's schedules~~ and as to which no objection or request for estimation has been filed on or before ~~any~~ <u>the</u> objection deadline ~~set by the Bankruptcy Court~~<u>established pursuant to Section 8.1 of this Plan</u> or the expiration of such other applicable period fixed by the Bankruptcy Court, (b) that is listed on the pertinent Debtor's schedules but is not listed as disputed, contingent or unliquidated, that is not otherwise subject to an objection and as for which no contrary or superseding Proof of Claim or Interest has been filed, (c) as to which any objection has been settled, waived, withdrawn or overruled by a Final Order, or (d) that is expressly allowed (i) by a Final Order, (ii) pursuant to the terms of the Claims Settlement Order, (iii) solely with respect to those Claims that are not pre-petition Claims and are not required under applicable bankruptcy law to be allowed pursuant to an order of the Bankruptcy Court, by an agreement between the Holder of such Claim and the pertinent Debtor or Reorganized Debtor pursuant to an agreement which was approved or otherwise permitted by a Final Order of the Bankruptcy Court or is an ordinary course agreement that, unless *de minimis* in nature, has been provided to and has not been objected to in writing by the Proponents, or (iv) pursuant to the terms of this Plan. For the avoidance of doubt, to the extent a Claim is not Allowed, such Claim is still subject to objection based upon potentially applicable rights of avoidance, setoff, subordination, and any other defenses." |

---

[1] Exhibit A sets forth only those (1) modifications to the DCL Plan that were agreed to subsequent to the filing of the amended DCL Plan and (2) additions to the proposed DCL Confirmation Order that were agreed to subsequent to the filing of the DCL Brief.

A-1

| Applicable Objections | Plan Language |
|---|---|
| • WTC | The definition of Class 1J Creditors' Trust Interests in Section 1.1.44 will be revised as follows:<br><br>"<u>Class 1J Creditors' Trust Interests</u> means beneficial interests in the Creditors' Trust granted to Holders of Allowed Class 1J Claims who do not opt out of making the assignment in Section 14.3.1 of this Plan, which shall entitle such Holders to a Pro Rata share, calculated together with Allowed Class 1E and 1I Claims that do not opt out of making the assignment in Section 14.3.1 of this Plan and Allowed Class 1F Claims the Holders of which elect the treatment set forth in Section 3.2.6(c)(iii) or Section 3.2.6(c)(iv) and do not opt out of making the assignment in Section 14.3.1 of this Plan, of (i) the Parent GUC Trust Preference; and (ii) the Parent GUC Net Litigation Trust Proceeds; provided that until (a) the Holders of Allowed Senior Noteholder Claims<u>;</u> and (b) the Holders of any other Allowed Claims that are entitled to share in the Parent GUC Trust Preference <s>and</s><u>, if in each case such Holders are entitled to the benefit of the contractual subordination of the PHONES Notes with respect to distributions made in respect of the Class 1J Creditors' Trusts Interests,</u> receive payment in full of the Allowed amount of such Holders' Claims plus, to the extent permissible under applicable law and required by the contractual subordination of the PHONES Notes, accrued Post-petition Interest thereon, all distributions that would otherwise be made <s>on account of Allowed PHONES Notes Claims</s> <u>in respect of the Class 1J Creditors' Trust Interests</u> shall be turned over to such Holders; provided further, that in no event shall any Holder of an Allowed Class 1J Claim be entitled to receive payments that exceed the Allowed amount of such Holder's Claim plus, to the extent permissible under applicable law, accrued Post-petition Interest thereon."<br><br>A conforming change will be made to the definition of <u>Class II Creditors' Trust Interests</u> in Section 1.1.42 as follows:<br><br>"<u>Class 1I Creditors' Trust Interests</u> means beneficial interests in the Creditors' Trust granted to Holders of Allowed Class 1I Claims who do not opt out of making the assignment in Section 14.3.1 of this Plan, which shall entitle such Holders to a Pro Rata share, calculated together with Allowed Class 1E and 1J Claims that do not opt out of making the assignment in Section 14.3.1 of this Plan and Allowed Class 1F Claims the Holders of which elect the treatment set forth in Section 3.2.6(c)(iii) or Section 3.2.6(c)(iv) and do not opt out of making the assignment in Section 14.3.1 of this Plan, of (i) the Parent GUC Trust Preference; and (ii) the Parent GUC Net Litigation Trust Proceeds; provided that until (a) the Holders of Allowed Senior Noteholder Claims<u>;</u> and (b) the Holders of any other Allowed Claims that are entitled to share in the Parent GUC Trust Preference <s>and</s><u>, if in each case such Holders are entitled to the benefit of the contractual subordination of the EGI-TRB LLC Notes with respect to distributions made in respect of the Class 1I Creditors' Trusts Interests,</u> receive payment in full of the Allowed amount of such Holders' Claims plus, to the extent permissible under applicable law and required by the contractual subordination of the EGI-TRB LLC Notes, accrued Post-petition Interest thereon, all distributions that would otherwise be made <s>on account of Allowed EGI-TRB LLC Notes Claims</s> <u>in respect of the Class 1I Creditors' Trust Interests</u> shall be turned over to such Holders; provided further, that in no event shall any Holder of an Allowed Class 1I Claim be entitled to receive payments that exceed the Allowed amount of such Holder's Claim plus, to the extent permissible under applicable law, accrued Post-petition Interest thereon." |

**Proposed Confirmation Order Provisions**

| Applicable Objections | Confirmation Order Language |
|---|---|
| • MDOR<br>• IRS | "For the avoidance of doubt, should the Reorganized Debtors elect to satisfy an Allowed Priority Tax Claim in regular installment payments in Cash pursuant to sub-part (b) of Section 2.3 of the Debtor/Committee/Lender Plan, such regular installment payments shall be in equal quarterly installments in Cash." |
| • NYSDTF | "Notwithstanding anything to the contrary in the Plan, the Confirmation Order or any implementing Plan document, nothing shall affect the rights of the New York State Department of Taxation and Finance to take action against non-debtor third parties who may be responsible for payment of prepetition and/or post-petition tax liabilities of any of the Debtors, and such rights are expressly reserved." |
| • Warren Beatty | "The Debtor/Committee/Lender Plan, the Debtor/Committee/Lender Plan Supplement, any document filed in connection with the Debtor/Committee/Lender Plan or the confirmation thereof, or the Debtor/Committee/Lender Plan Confirmation Order (the "DCL Plan and Confirmation Documents") do not purport to affect, impair, or otherwise alter such rights as Warren Beatty ("Mr. Beatty") may otherwise have in or to certain motion picture, television and related rights in the Dick Tracy character arising from an August 28, 1985 agreement between Mr. Beatty and Debtor Tribune Media Services, Inc. (each, if any, the "Dick Tracy Rights"); provided, further, that nothing in the DCL Plan and Confirmation Documents purports to in any way modify or alter and shall not be deemed to modify or alter the following Bankruptcy Court orders: (i) Order Denying Motion to Dismiss Adversary Proceeding, dated November 9, 2009, Case No. 08-13141 (KJC) (Bankr. D. Del. 2008) [Docket No. 2535] and (ii) Stipulated Order Staying Adversary Proceeding, dated December 23, 2009, Case No. 09-50486 (KJC) (Bankr. D. Del. 2009) [Adv. Proc. No. 42]. All of Mr. Beatty's rights, interests, and remedies in and to the Dick Tracy Rights, if any, are expressly reserved and are not waived, modified, impaired, or otherwise altered by the DCL Plan and Confirmation Documents." |
| • IRS | "Nothing in the Plan or this order is intended to, or shall, confer jurisdiction on the Bankruptcy Court to determine the tax consequences of the Plan or to determine the tax liability of a non-debtor beyond the jurisdiction permitted under applicable law." |

A-3