# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
|  | Jointly Administered |
| Debtors. | |
|  | **Ref. Nos. 8544 and 8604** |

## ORDER CONCERNING CONFIRMATION HEARING
## PROCEEDINGS DURING WEEK OF APRIL 11, 2011

Upon the letter dated April 4, 2011 [D.I. 8544] from counsel to the Official

Committee of Unsecured Creditors ("Committee") on behalf of the proponents of the

Debtor/Committee/Lender Plan [D.I. 7801] (the "DCL Plan Proponents"), joined in by the

Noteholder Plan Proponents, the Court held a telephonic hearing on April 5, 2011 concerning

issues raised in the April 4 letter relating to the conduct of confirmation hearing proceedings

during the week of April 11, 2011, and after due deliberation, it is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

ORDERED, ADJUDGED AND DECREED that:

1. The DCL Plan Proponents may present a rebuttal case limited to the following:

   a. Testimony by Mr. Mace Rosenstein concerning the issues set forth in his expert rebuttal report; and

   b. Testimony by Professor Bernard Black (i) concerning the issues set forth in his expert rebuttal report; and (ii) in rebuttal to the expert report and testimony of Professor Rock.

   The direct testimony of Mr. Rosenstein and Professor Black will be limited to a maximum of one hour for each.

2. The rebuttal case of the DCL Plan Proponents will be presented beginning on April 12, 2011 at 9:30 a.m.

3. The DCL Plan Proponents shall make Professor Black available for a deposition limited to two hours prior to April 12, 2011. The Court is advised that the DCL Plan Proponents and Noteholder Plan Proponents have scheduled Professor Black's deposition for 11:00 a.m. on Sunday, April 10, 2011, at Sidley's offices in Chicago. If any issues arise with respect to scheduling of Professor Black's deposition, they will be resolved by the Court by a telephonic hearing.

4. The DCL Plan Proponents shall provide the Noteholder Plan Proponents with copies of the demonstratives and exhibits (except that they may provide a list of any previously exchanged exhibits) they intend to use in their rebuttal case by 4:00 p.m. Eastern time on April 8, 2011.

5. The Noteholder Plan Proponents shall disclose to the Court and the DCL Plan Proponents any witnesses they propose to call in sur-rebuttal at the conclusion of the DCL Plan

Proponents' rebuttal case on April 12, 2011. Any sur-rebuttal permitted by the Court will be heard on April 15, 2011.

6.      Legal objections to confirmation of the Debtor/Committee/Lender Plan or the Noteholder Plan by parties other than the DCL Plan Proponents and the Noteholder Plan Proponents will be heard beginning at 10:00 a.m. on April 13, 2011 continuing to April 14, 2011 if necessary. After all such legal objections by parties other than Plan Proponents have been heard, the Court will hear legal objections by Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company, on issues that affect only the PHONES and were set forth in its separate objection to confirmation of the Debtor/Committee/Lender Plan [D.I. 7996]. Subject to further direction by the Court, any time remaining after the legal objections described in the preceding two sentences have been heard will be divided equally between the DCL Plan Proponents and the Noteholder Plan Proponents and may be used by them to present such legal objections that do not depend on the evidence presented in the confirmation hearings that they wish to highlight for the Court.

Dated: April 11, 2011
Wilmington, Delaware

HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge