# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objection Date: May 2, 2011 at 4:00 p.m.<br>Hearing Date: *Only If Objections Are Filed*<br>Related to Docket No. 8067 |

## *SUPPLEMENTAL* FIRST MONTHLY FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010

Name of Applicant:                                        Novack and Macey LLP

Authorized to Provide Professional Services to:           Debtors and Debtors in Possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Date of Retention: | October 22, 2010 (*nunc pro tunc* to August 26, 2010), as modified on February 25, 2011 (*nunc pro tunc* to November 22, 2010) |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | December 1, 2010 through December 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $3,891.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0 |

This is a(n):   monthly __X__   interim _____   final application _____

The time expended for the preparation of the Applicant's *Supplemental* First Monthly Fee application will be included in the Applicant's next fee application.

Prior fee applications:

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/Expenses (100%) |
|---|---|---|---|---|
| 1st Quarterly (Consolidated) | 2/18/11 | 8/26/10 - 11/30/10 | $100,327.50/$3,474.28 | *3/15/11 Certificate of No Objection - Docket No. 8368* |
| 1st Monthly | 2/18/11 | 12/1/10 - 12/31/10 | $468.00 | *3/15/11 Certificate of No Objection - Docket No. 8369* |

2

46429/0001-7529574v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Date: May 2, 2011 at 4:00 p.m.**<br>**Hearing Date:** *To Be Determined*<br>**Related to Docket No. 8067** |

## *SUPPLEMENTAL* FIRST MONTHLY FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH DECEMBER 31, 2010

Novack and Macey LLP ("Novack and Macey"), special counsel for Tribune Company and the affiliated companies that filed voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Application") pursuant to: (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"), for approval of certain *supplemental* interim (monthly) compensation from December 1, 2010 through December 31, 2010 (the "Fee Period"). As explained below, on February 25, 2011, an order was entered, *nunc pro tunc* to November 22, 2010, expanding the scope of Novack and Macey's representation of the Debtors to include certain avoidance actions. The compensation requested herein is for work done by Novack and Macey in December 2010, <u>related only to the avoidance actions.</u> The previous fee application filed by Novack and Macey for December 2010 requested compensation for work done by Novack and Macey <u>unrelated</u> to the avoidance actions. As such, the compensation requested herein in no way duplicates the compensation requested in Novack and Macey's First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors and Debtors In Possession for the Period from December 1, 2010 through December 31, 2010. [Docket No. 8067.] In support of the Application, Novack and Macey respectfully states as follows:

## FACTUAL BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.[3] In all, the Debtors comprise 112 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333.]

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

4.  On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.  On March 19, 2009, the Court appointed Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009. [Docket No. 546.]

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought

---

[3] All orders of the Court applicable to this Application have subsequently been extended to Tribune CNLBC. (See Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.* be made applicable to the Chapter 11 Case of Chicago National League Ball Club, LLC (entered Oct. 14, 2009) (the "CNLBC Joint Administration Order"). [Docket No. 2333.]

3

herein are sections 327, 331 and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

7. On October 22, 2010, this Court entered the Consent Order on Debtors' Application for an Order Authorizing Debtors and Debtors In Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 26, 2010 (the "Initial Retention Order"). [Docket No. 6087.] The Initial Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to August 26, 2010) as special counsel for the purposes of, among other things, advising the Debtors regarding certain Morgan Stanley claims.

8. Specifically, the Initial Retention Order provides that the Debtors are authorized to retain Novack and Macey for the purposes of: (i) advising the Debtors as to certain Morgan Stanley claims; (ii) representing the Debtors in the bankruptcy proceedings with respect to any matters involving Morgan Stanley (except as otherwise provided in the Initial Retention Order); and (iii) if and to the extent the Debtors instruct Novack and Macey to do so from time to time, cooperating with counsel for the Committee in connection with the Committee's assertion of claims against Morgan Stanley.

9. The Initial Retention Order also states that the retention of Novack and Macey by the Debtors shall not extend to commencement or prosecution of litigation of any Morgan Stanley claims, whether by way of an adversary proceeding in the bankruptcy cases or otherwise.

10. On February 25, 2011, this Court entered the Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to November 22,

2010 (the "Modified Retention Order"). [Docket No. 8147.] The Modified Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to November 22, 2010) as special counsel for the purposes of, among other things, the filing and prosecution of three avoidance actions (the "Avoidance Actions").

11. The Avoidance Actions relate to three entities: Epsilon Data Management LLC, Navigant Consulting Inc. and Nixon Peabody LLP.

12. The Modified Retention Order expanded the scope of Novack and Macey's representation of the Debtors, but did not otherwise modify the Initial Retention Order.

13. The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that professionals retained in these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") may request interim fees by filing with the Court and providing to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses. The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a monthly application to object to such application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection (as applicable) has been filed with the Court relative to that professional's monthly application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the monthly application; or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

14. In addition to monthly fee applications, beginning with the three-month period ending February 28, 2009, and each three-month period thereafter, all Case Professionals are

46429/0001-7529574v1

generally required to file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the monthly applications filed during the period.

## RELIEF REQUESTED

15. By this Application, Novack and Macey requests interim approval of compensation for professional services rendered as special counsel to the Debtors during the Fee Period.

16. The amount of fees sought for services rendered during the Fee Period is **$3,891.00**, representing **10.40** of professional time for such services.

17. Novack and Macey has received no payment and no promises of payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement between Novack and Macey and any other party for the sharing of compensation to be received for the services rendered by Novack and Macey in these chapter 11 cases. All professional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

## SERVICES RENDERED

18. Novack and Macey has rendered services to the benefit of Debtors in connection with these chapter 11 cases during the Fee Period in its capacity as special counsel. The services performed by Novack and Macey's professionals during the Fee Period were reasonable and necessary, and have directly contributed to the effective administration of the Debtors' chapter 11 cases.

19. A breakdown of the total hours expended by each professional on the matter is included as part of the Application as required by Local Rule 2016-2, and is attached hereto as

Exhibit A. A detailed description of the hours and fees billed, and the services rendered to the Debtors, is set forth in the invoice attached hereto as Exhibit B, and incorporated herein by reference. What follows is a summary of the activities performed by Novack and Macey's professionals during the Fee Period.

20. During the Fee Period, Novack and Macey's professionals represented and advised Debtors with respect to the Avoidance Actions. Specifically, at Debtors' direction, Novack and Macey assisted in the drafting of, and reviewed and edited, three adversary complaints -- one for each of the Avoidance Actions.

## REVIEW OF APPLICABLE LOCAL RULE

21. Novack and Macey has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and asserts that this application substantially complies with the same. See Affidavit of Donald A. Tarkington, attached hereto as Exhibit C.

## NO PRIOR REQUEST

22. No previous application regarding the relief requested herein has been made to this or any other Court.

WHEREFORE, Novack and Macey respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of **$3,891.00** for professional services rendered; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as this Court deems necessary and just.

Dated: April 11, 2011

Respectfully submitted,

By: /s/ Donald A. Tarkington

NOVACK AND MACEY LLP
Stephen Novack
Donald A. Tarkington
100 N. Riverside Plaza
Chicago, Illinois 60606
Phone: (312) 419-6900
Facsimile: (312) 419-6928
Email: snovack@novackmacey.com
       dtarkington@novackmacey.com

SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION