# COLE SCHOTZ
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law                    A Professional Corporation

500 DELAWARE AVENUE, SUITE 1410
WILMINGTON, DE 19801
302-652-3131   302-652-3117 FAX

—

NEW JERSEY

—

NEW YORK

—

MARYLAND

—

TEXAS

J. Kate Stickles
MEMBER

Reply to Delaware Office
WRITER'S DIRECT LINE: 302-651-2001
WRITER'S DIRECT FAX: 302-574-2101
WRITER'S E-MAIL: KSTICKLES@COLESCHOTZ.COM

April 13, 2011

**VIA HAND DELIVERY**

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
United States Bankruptcy Court
 for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

      Re: **In re Tribune Company**
            **Case No. 08-13141 (KJC)**

Dear Chief Judge Carey:

      I am writing on behalf of the Debtor/Committee/Lender Plan Proponents[1] in response to Your Honor's request that the proponents of the respective competing plans identify, by no later than Noon Eastern Time on April 13, 2011, the arguments that such proponents intend to raise concerning the opposing competing plan. We understand that these arguments will occur on April 14, time permitting, at the conclusion of (a) the arguments raised by third party objectors and (b) the discussion of specific topics Your Honor requested the competing proponents address.

      Set forth below are the additional legal arguments that the Debtor/Committee/Lender Plan Proponents intend to raise concerning the Noteholder Plan during oral argument on April 14:

      1.     The Noteholder Plan has no impaired accepting class at all but two Debtors and thus is not confirmable on its face. (*See* Debtor/Committee/Lender Objection at 3-9.)

---

[1] This letter shall use the terms "Debtor/Committee/Lender Plan", "Debtor/Committee/Lender Plan Proponents", "Noteholder Plan" and "Noteholder Plan Proponents" to refer to the individual competing plans and their respective proponents. "Debtor/Committee/Lender Objection" refers to the Joint Objection of the Debtors, the Official Committee of Unsecured Creditors, Angelo, Gordon & Co. L.P., Oaktree Capital Management, L.P. and JPMorgan Chase Bank, N.A. to Confirmation of the Noteholder Plan, filed on February 15, 2011. [D.I. 8011] "Supplemental Debtor/Committee/Lender Objection" refers to the Debtor/Committee/Lender Plan Proponents' supplement to the Debtor/Committee/Lender Objection, filed on April 5, 2011. [D.I. 8581] Other capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Debtor/Committee/Lender Plan.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
Re:  Tribune Company, et al.
Page 2

    2.    Flat 8% cash payments to general unsecured creditors of guarantor subsidiaries exceed these creditors' natural recoveries and thus violate section 1129(b) of the Bankruptcy Code.  (*See* Debtor/Committee/Lender Objection at 19-20.)

    3.    The amended Noteholder Plan, by distributing only equity to the Senior Lenders while other similarly situated creditors receive cash and new debt as well, unfairly discriminates against the Senior Lenders.  (*See* Supplemental Debtor/Committee/Lender Objection at 4.)

    4.    The Noteholder Plan gives rise to adverse tax consequences.  (*See* Debtor/Committee/Lender Objection at 25-27.)

    5.    Non-consensual termination of non-debtor guarantees is impermissible.  (*See* Debtor/Committee/Lender Objection at 38-40.)

    6.    The Noteholder Plan improperly classifies the Swap Claim with the Senior Loan Claims against Tribune.  (*See* Debtor/Committee/Lender Objection at 40-41; 43-44.)

The list set forth above is limited to certain non-evidentiary objections to the Noteholder Plan.  The Debtor/Committee/Lender Plan Proponents have numerous other objections to the Noteholder Plan but will not be raising those objections during oral argument this week because they are related to evidence that was presented or are adequately addressed through written submissions.  The Debtor/Committee/Lender Plan Proponents reserve all such arguments for post-trial briefing and closing argument.

                                                    Respectfully submitted,

                                                    *Kate Stickles* (signature)
                                                    J. Kate Stickles