# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

DANIEL H. GOLDEN
212.872.8010/fax: 1.212.872.1002
dgolden@akingump.com

April 13, 2011

**VIA E-MAIL AND HAND DELIVERY**

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

**Re: In re Tribune Company, Case No. 08-13141 (KJC)**

Dear Chief Judge Carey:

I am writing on behalf of the Noteholder Plan Proponents. At various points during yesterday's hearing, there was discussion regarding the presentation of legal objections to the respective competing plans (referred to herein as the "DCL Plan" and the "Noteholder Plan" and, collectively, as the "Competing Plans") both by third party objectors and by the respective Competing Plan proponents (referred to herein as the "DCL Plan Proponents" and the "Noteholder Plan Proponents" and, collectively, as the "Plan Proponents"). It was agreed that at today's hearing, the Court would first hear oral argument from the third party objectors regarding their respective legal confirmation objections to either or both of the Competing Plans. It was further agreed that the Plan Proponents' oral argument with respect to their respective legal confirmation objections to each other's Competing Plans would commence on Thursday, April 14.

Your Honor indicated that each of the Plan Proponents should initially discuss the following topics: (i) a description of the recent amendments to each of the Competing Plans and the rationale for such amendments; (ii) their respective view as to what amendments in the other side's Competing Plan are helpful and not helpful in dealing with the pending confirmation objections; (iii) whether or not resolicitation is necessary for either or both of the Competing Plans in light of their respective amendments; (iv) the release provisions in each of the Competing Plans, especially in light of Judge Walrath's recent decision in *Washington Mutual*;

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
April 13, 2011
Page 2

and (v) the treatment of the loan sharing provisions as applicable to the Step One and Step Two Senior Loans under each of the Competing Plans.[1]

At the conclusion of yesterday's hearing, Your Honor requested that each of the Plan Proponents submit a letter outlining their respective remaining legal confirmation objections that each side intends to present. Set forth below are the remaining legal objections that the Noteholder Plan Proponents intend to argue at Thursday's hearing:

- The propriety of the release, exculpation and bar order provisions set forth in the DCL Plan, to the extent not previously argued as set forth above (*Noteholder Objection*[2] at pp. 162-177);

- Whether the LBO Lenders are entitled to share in the proceeds of the Remaining LBO-Related Causes of Action (*Noteholder Objection* at pp. 184-197);

- Whether the Parent GUC Trust Preference inappropriately discriminates against Creditors who opt out of the Creditors' Trust under the DCL Plan (*Noteholder Objection* at pp. 197-198);

- Issues regarding the governance and structure of the Litigation Trust established under the DCL Plan (*Noteholder Objection* at pp. 198-206);

- Whether the DCL Plan impermissibly classifies the Swap Claim as an Other Parent Claim (*Noteholder Objection* at pp. 209-214); and

- Whether the DCL Plan improperly gives effect to the subordination provisions in the PHONES Notes Indenture and the EGI-TRB LLC Notes (*Noteholder Objection* at pp. 214-217).

- For 37 of the Debtors there is no impaired accepting class of creditors. To the extent section 1129(a)(10) of the Bankruptcy Code must be satisfied for each individual Debtor as opposed to in respect of one impaired class of creditors in the joint DCL Plan, the DCL Plan cannot be confirmed.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Noteholder Plan or the DCL Plan, as applicable.

[2] References to the Noteholder Objection are to the Amended Objection of the Noteholder Plan Proponents to Confirmation of the Debtor/Committee/Lender Plan of Reorganization (Part I).

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable Kevin J. Carey
April 13, 2011
Page 3

Obviously, we will be available during today's hearing to answer any questions Your Honor may have regarding the items discussed above.

Very truly yours,

Daniel H. Golden

cc: All Counsel Entitled to Notice Pursuant to
Paragraph 35 of the CMO (*via email*)