# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 4, 2011 at 4:00 p.m. (ET) |

## EIGHTEENTH MONTHLY APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS FOR THE COMBINED PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011

| | |
|---|---|
| Name of Applicant: | Paul, Hastings, Janofsky & Walker LLP |
| Authorized to Provide Professional Services to: | The above-captioned Debtors and Debtors-in-Possession |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LEGAL_US_E # 91080845.2

| | |
|---|---|
| Date of Retention: | February 3, 2009 *Nunc Pro Tunc* to December 8, 2008 (Docket No. 323) |
| Period for which compensation and reimbursement are sought: | December 1, 2010 through February 28, 2011 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $46,256.50 (80% of which is $37,005.20) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $19.90 |
| This is a(n): | _X_ Monthly ___ interim ___ Final application |

The total time expended for fee application preparation is approximately 5.20 hours, and the total compensation requested is approximately $1,998.50.

Prior applications filed:

| *Applications*[2] | | | | | *CNOs* | |
|---|---|---|---|---|---|---|
| **Date Filed** | **Docket No.** | **Period Covered** | **Total Fees** | **Expenses** | **Date Filed** | **Docket No.** |
| 2/27/09 | 459 | 12/8/08 through 1/31/09 | $225,118.00 | $167.28 | 5/7/09 | 1148 |
| 3/27/09 | 820 | 2/1/09 through 2/28/09 | $120,769.50 | $27.65 | 5/7/09 | 1149 |
| 5/11/09 | 1175 | 3/1/09 through 3/31/09 | $102,618.00 | $252.41 | 6/3/09 | 1288 |
| 6/26/09 | 1648 | 4/1/09 through 4/30/09 | $122,648.00 | $88.22 | 7/22/09 | 1797 |
| 6/30/09 | 1667 | 5/1/09 through 5/31/09 | $204,721.00 | $883.29 | 7/22/09 | 1798 |
| 7/31/09 | 1875 | 6/1/09 through 6/30/09 | $95,656.50 | $56.45 | 8/25/09 | 2014 |
| 9/4/09 | 2098 | 7/1/09 through 7/31/09 | $66,906.50 | $1,308.11 | 10/1/09 | 2256 |
| 10/1/09 | 2252 | 8/1/09 through 8/31/09 | $85,936.00 | $3.90 | 10/26/09 | 2423 |
| 10/29/09 | 2460 | 9/1/09 through 9/30/09 | $54,505.00 | $44.72 | 11/20/09 | 2606 |
| 12/3/09 | 2727 | 10/1/09 through 10/31/09 | $76,550.50 | $548.40 | 12/28/09 | 2945 |
| 12/28/09 | 2944 | 11/1/09 through 11/30/09 | $55,635.50 | $64.56 | 1/21/10 | 3160 |
| 1/28/10 | 3254 | 12/1/09 through 12/31/09 | $12,457.00 | $43.05 | 2/19/10 | 3510 |
| 3/3/10 | 3678 | 1/1/10 through 1/31/10 | $19,668.50 | $3,949.51 | 3/25/10 | 3852 |
| 3/26/10 | 3869 | 2/1/10 through 2/28/10 | $10,670.50 | $0.00 | 4/19/10 | 4109 |
| 7/8/10 | 4960 | 3/1/10 through 5/31/10 | $63,584.00 | $17.70 | 8/9/10 | 5317 |
| 9/27/10 | 5817 | 6/1/10 through 8/31/10 | $46,872.50 | $26.43 | 10/20/10 | 6058 |
| 12/27/10 | 7319 | 9/1/10 through 11/30/10 | $7,182.00 | $1,790.00 | 1/21/11 | 7594 |

---

[2] Pursuant to the Fee Examiner's Final Report Regarding the First Interim Fee Application Request of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") [Docket No. 1948], for the period from December 8, 2008 through and including February 28, 2009, Paul Hastings agreed to a reduction in fees in the amount of $1,726.50 and a reduction in the reimbursement of expenses in the amount of $38.00. Pursuant to the Fee Examiner's Final Report Regarding the Second Interim Fee Application of Paul Hastings [Docket No. 3265], for the period from March 1, 2009 through and including May 31, 2009, Paul Hastings agreed to a reduction in fees in the amount of $2,594.00 and a reduction in the reimbursement of expenses in the amount of $22.50. Pursuant to the Fee Examiner's Final Report Regarding the Third Interim Fee Application of Paul Hastings [Docket No. 5847], for the period from June 1, 2009 through and including August 31, 2009, Paul Hastings agreed to a reduction in fees in the amount of $10,590.50. At the Debtors' request in connection with Paul Hastings' Twelfth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses [Docket No. 3254], for the period from December 1, 2009 through and including December 31, 2009, Paul Hastings agreed to a reduction in fees in the amount of $430.50.

**COMPENSATION BY PROFESSIONALS AND PARAPROFESSIONALS**
**DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | Hourly Billing Rate (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patrick A. Ramsey | Partner; Member of California Bar since 1976; Joined Firm in 1976. | $840 | 18.60 | $15,624.00 |
| Patrick A. Ramsey | Partner; Member of California Bar since 1976; Joined Firm in 1976. | $875 | 15.20 | $13,300.00 |
| Kimberly D. Newmarch | Of Counsel; Member of New Hampshire Bar since 2000; Member of Delaware Bar since 2003; Member of Illinois Bar since 2007; Joined Firm in 2007. | $690 | 0.20 | $138.00 |
| Kimberly D. Newmarch | Of Counsel; Member of New Hampshire Bar since 2000; Member of Delaware Bar since 2003; Member of Illinois Bar since 2007; Joined Firm in 2007. | $715 | 0.10 | 71.50 |
| Jeffrey S. Rheeling | Of Counsel; Member of Illinois Bar since 1997; Joined Firm in 2007. | $745 | 7.60 | $5,662.00 |
| Holly Snow | Associate; Member of Illinois Bar since 2009; Joined Firm in 2010. | $395 | 2.00 | $790.00 |
| Holly Snow | Associate; Member of Illinois Bar since 2009; Joined Firm in 2010. | $435 | 2.30 | $1,000.50 |
| Jacqueline Hairston | Associate, Member of Illinois Bar since 2009; Joined Firm in 2010. | $435 | 17.60 | $7,656.00 |
| Felicia L. Holley | Senior Paralegal; Paralegal since 2001; Joined Firm in 2001. | $335 | 2.30 | $770.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | Hourly Billing Rate (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ruth P. Rosen | Senior Paralegal; Paralegal since 1988; Joined Firm in 2007. | $320 | 2.20 | $704.00 |
| Sarah E. Tybor | Paralegal; Paralegal since 2007; Joined Firm in 2007. | $300 | 0.50 | $150.00 |
| Allison L. Eissing | Paralegal; Paralegal since 2007; Joined Firm in 2007. | $260 | 1.50 | $390.00 |
| **TOTAL** | | | 70.10 | $46,256.50 |

Grand Total     $46,256.50
Attorney Compensation     $44,242.00
Total Attorney Hours     63.60
Blended Attorney Rate     $695.63

LEGAL_US_E # 91080845.2

**COMPENSATION BY PROJECT CATEGORY**
**DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| **Administration** | | |
| Case Administration (B110) | 0.0 | $0.00 |
| Schedules and Statements of Financial Affairs (B111) | 0.0 | $0.00 |
| General Creditor Inquiries (B112) | 0.0 | $0.00 |
| Pleadings Review (B113) | 0.0 | $0.00 |
| Asset Analysis and Recovery (B120) | 0.0 | $0.00 |
| Accounts Receivable Collection (B121) | 0.0 | $0.00 |
| Asset Disposition (B130) | 0.0 | $0.00 |
| Sale of Real Estate (B131) | 0.00 | $0.00 |
| Sale of Equipment (B132) | 0.0 | $0.00 |
| Auction of Assets (B133) | 0.0 | $0.00 |
| Relief from Stay/Adequate Protection Proceedings (B140) | 0.0 | $0.00 |
| Meetings of and Communications with Creditors' Committee (B150) | 0.0 | $0.00 |
| Court Hearings (B155) | 0.0 | $0.00 |
| Fee/Employment Applications (B160) | 8.80 | $3,244.00 |
| Fee/Employment Objections (B170) | 0.0 | $0.00 |
| Avoidance Action Analysis (B180) | 0.0 | $0.00 |
| Preference Analysis and Recovery Actions (B181) | 0.0 | $0.00 |
| Post-Petition Transfers and Recovery Actions (B182) | 0.0 | $0.00 |
| Assumption/Rejection of Leases and Contracts (B185) | 0.0 | $0.00 |
| Other Contested Matters (excl. Assumption/Rejection Motions) (B190) | 0.0 | $0.00 |
| General Litigation (B191) | 0.0 | $0.00 |

LEGAL_US_E # 91080845.2

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Lender Litigation (B192) | 0.0 | $0.00 |
| Landlord Litigation (B193) | 0.0 | $0.00 |
| Insider Litigation (B194) | 0.0 | $0.00 |
| Non-Working Travel (B-195) | 0.0 | $0.00 |
| **Operations** | | |
| Business Operations (B210) | 0.0 | $0.00 |
| Financial Reports (Monthly Operating Reports) (B211) | 0.0 | $0.00 |
| Employee Benefits/Pensions (B220) | 0.0 | $0.00 |
| Union Issues (B222) | 0.0 | $0.00 |
| Financing/Cash Collections (B230) | 0.0 | $0.00 |
| Security Document Analysis (B231) | 0.0 | $0.00 |
| Tax Issues (B240) | 0.0 | $0.00 |
| Environmental Issues (B241) | 0.0 | $0.00 |
| Real Estate (B250) | 61.30 | $43,012.50 |
| Board of Directors Matters (B260) | 0.0 | $0.00 |
| Investigations (B261) | 0.0 | $0.00 |
| **Claims and Plan** | | |
| Claims Administration and Objections (B310) | 0.0 | $0.00 |
| Reclamation and PACA Claims (B311) | 0.0 | $0.00 |
| Objections to Claims (B312) | 0.0 | $0.00 |
| Plan and Disclosure Statement (B320) | 0.0 | $0.00 |
| Business Plan (B321) | 0.0 | $0.00 |
| Disbursement/Case Closing Activities (B322) | 0.0 | $0.00 |
| **TOTAL** | **70.10** | **$46,256.50** |

LEGAL_US_E # 91080845.2

**EXPENSE SUMMARY**
**DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

| Expense Category | December Expenses | January Expenses | February Expenses | Total Expenses |
|---|---|---|---|---|
| Airfare | $0.00 | $0.00 | $0.00 | $0.00 |
| Certified Copies/Corporate Documents/ Title Insurance Documents | $0.00 | $0.00 | $0.00 | $0.00 |
| Meals | $0.00 | $0.00 | $0.00 | $0.00 |
| Lodging | $0.00 | $0.00 | $0.00 | $0.00 |
| Courier Service/Overnight Delivery | $0.00 | $0.00 | $0.00 | $0.00 |
| Taxi/Ground Transportation | $0.00 | $0.00 | $0.00 | $0.00 |
| Parking | $0.00 | $0.00 | $0.00 | $0.00 |
| Postage/US Express Mail | $0.00 | $0.00 | $0.00 | $0.00 |
| Long Distance/Telephone Charges | $0.00 | $0.00 | $0.00 | $0.00 |
| Photocopy Charges ($0.10 per page) | $0.00 | $15.10 | $4.80 | $19.90 |
| Outside Photocopying | $0.00 | $0.00 | $0.00 | $0.00 |
| Facsimile | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL** | **$0.00** | **$15.10** | **$4.80** | **$19.90** |

LEGAL_US_E # 91080845.2


# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 4, 2011 at 4:00 p.m. (ET) |

## EIGHTEENTH MONTHLY APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS FOR THE COMBINED PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules"), and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket. No. 225] (the "Administrative Order"), Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") hereby files this Eighteenth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Combined Period from December 1, 2010 through February 28, 2011 (the "Application"). By this Application, Paul Hastings seeks a monthly allowance pursuant to the Administrative Order for the sums of $46,256.50 as compensation and $19.90 for reimbursement of actual and necessary expenses for a total of $46,276.40 for the period from December 1, 2010 through and including February 28, 2011 (the "Compensation Period"). In support of this Application, Paul Hastings respectfully represents as follows:

### Background

1. On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Paul Hastings was retained effective *nunc pro tunc* as of the Petition Date by this Court's Order dated February 3, 2009 [Docket No. 323] (the "Retention Order"). The Retention Order authorized Paul Hastings to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### Compensation Paid and Its Source

3. All services for which compensation is requested by Paul Hastings were performed for or on behalf of the Debtors.

LEGAL_US_E # 91080845.2

4. Except to the extent of the retainer paid to Paul Hastings as described in the application seeking approval of Paul Hastings' employment by the Debtors during the period covered by this Application, Paul Hastings has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Application. There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

5. The fee statements for the Compensation Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Paul Hastings' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Administrative Order.

### Actual and Necessary Expenses

6. A summary of actual and necessary expenses and daily logs of expenses incurred by Paul Hastings during the Compensation Period is attached hereto as Exhibit B.

7. Paul Hastings' standard charge for photocopies is $0.20 per page. For purposes of these chapter 11 cases, the Firm has reduced this charge to $0.10 per page. Also, Paul Hastings customarily charges its clients $1.25 per page for out-going facsimile transmissions. For purposes of these cases, the Firm has reduced this charge to $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the

3

long-distance telephone charges.

8. Paul Hastings believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

9. The Paul Hastings partners and associates who rendered professional services in these cases during the Compensation Period are: Patrick A. Ramsey (Partner), Kimberly D. Newmarch (Of Counsel), Jeffrey S. Rheeling (Of Counsel), Holly Snow (Associate), and Jacqueline Hairston (Associate). The Paul Hastings paraprofessionals who provided services to these attorneys in these cases during the Compensation Period are: Felicia L. Holley (Senior Paralegal), Ruth P. Rosen (Senior Paralegal), Sarah E. Tybor (Paralegal), and Allison L. Eissing (Paralegal).

10. Paul Hastings, by and through the above-named persons, has prepared or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

### Summary of Services By Project

11. The services rendered by Paul Hastings during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth in Exhibit A.

4

The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

**DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

**Matter 00001 – Post-Petition General Matter**

 A. Fee/Employment Application

 Fees: $3,244.00; Total Hours: 8.80

This category includes matters relating to the retention of various professionals on behalf of the Debtors and the Committee and applications for fees submitted by such professionals.

 B. Real Estate

 Fees: $13,318.00; Total Hours: 25.20

This category includes matters relating to the ownership and disposition of real estate assets owned by one or more of the Debtors and certain non-debtor affiliates.

**Matter 00013 – KTLA**

 A. Real Estate

 Fees: $29,694.50; Total Hours: 36.10

This category includes matters relating to the ownership and disposition of real estate assets owned by one or more of the Debtors and certain non-debtor affiliates.

**Valuation of Services**

 12. During the Compensation Period, Paul Hastings' attorneys and paraprofessionals expended a total of 70.10 hours for which compensation is requested. Of the aggregate time expended, 41.70 recorded hours were expended by partners and counsel of Paul

Hastings, 21.90 recorded hours were expended by associates, and 6.50 recorded hours were expended by paraprofessionals and other timekeepers of Paul Hastings. The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> attached hereto. These are Paul Hastings' normal hourly rates for work of this character. The reasonable value of the services rendered by Paul Hastings to the Debtors during the Compensation Period is $46,256.50.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Paul Hastings is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Paul Hastings has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule. To the extent necessary, Paul Hastings requests a waiver for cause shown of any guideline requirement not met by this Application.

14. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed before the preparation of this Application, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

WHEREFORE, Paul Hastings respectfully requests entry of a Court order authorizing, for the period from December 1, 2010 through February 28, 2011, (a) an administrative allowance for Paul Hastings pursuant to the terms of the Administrative Order, with respect to the sum of $46,256.50 as compensation for necessary professional services rendered (80% of which equals $37,005.20), and the sum of $19.90 as 100% reimbursement of actual necessary costs and expenses, for a total of $46,276.40, (b) payment of such sums to Paul

Hastings and directing the Debtors to make such payment, and (c) such other and further relief as this Court may deem just and proper.

Dated: April 13, 2011
       Wilmington, Delaware

Respectfully submitted,

*/s/ Holly E. Snow*

Holly Snow (Ill. No. 6300916)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:   hollysnow@paulhastings.com

SPECIAL COUNSEL FOR GENERAL REAL ESTATE
AND RELATED MATTERS FOR DEBTORS AND
DEBTORS IN POSSESSION