## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: May 6, 2011 at** |
| | ) | **4:00 p.m. (EST)** |
| | ) | **Hearing Date:  TBD** |

**NINTH QUARTERLY APPLICATION OF MERCER (US) INC. AS COMPENSATION
CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF DECEMBER  1, 2010 THROUGH FEBRUARY 28, 2011**

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | May 11, 2009 *nunc pro tunc* to January 12, 2009 |

---

[1]  The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

Period for which
compensation and
reimbursement is sought:        December 1, 2010 through February 28, 2011

Amount of compensation
sought as actual
reasonable and necessary:       $23,137.66

Amount of reimbursement
sought as actual,
reasonable and necessary:       $4,456.91

This is an __X__ interim ____final application

## Prior Quarterly Applications

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|---|
| First Quarterly | July 14, 2009 | Jan. – Feb. 2009 | $116,170.50 / $139.00 | $116,170.50 / $29.00 |
| Second Quarterly | July 15, 2009 | Mar. – May 2009 | $266,908.00 / $10,532.36 | $264,914.25 / $9,369.57 |
| Third Quarterly | October 15, 2009 | June – Aug. 2009 | $257,466.75 / $22,492.81 | $257,466.75 / $21,778.61 |
| Fourth Quarterly | January 14, 2010 | Sept. – Nov. 2009 | $101,796.20 / $7,738.05 | Pending |
| Fifth Quarterly | April 14, 2010 | Dec. 2009 – Feb. 2010 | $50,412.80 / $15,249.17 | Pending |
| Sixth Quarterly | July 15, 2010 | Mar. – May 2010 | $199,018.62 / $21,640.20 | Pending |
| Seventh Quarterly | October 15, 2010 | June – Aug. 2010 | $444,281.30 / $15,340.59 | Pending |
| Eighth Quarterly | January 14, 2011 | Sept. – Nov. 2010 | $31,346.16 / $15,435.83 | Pending |

## Compensation By Professional

*December 1, 2010  through February 28, 2011*

| Name | Position | Hourly Rate | Total Hours Billed[2] | Total Compensation |
|------|----------|-------------|----------------------|--------------------|
| Dempsey, John | Principal | $725.00 | 6.50 | $4,787.90 |
| Donnell, Julie | Associate | $260.00 | 25.50 | $7,690.80 |
| Franklin, Charles | Analyst | $230.00 | 1.25 | $333.50 |
| Greene, Cooper | Analyst | $230.00 | 21.25 | $5,669.50 |
| Long, Marcia | Senior Associate | $435.00 | 0.50 | $252.30 |
| Malandruccolo, Joseph | Analyst | $230.00 | 0.50 | $133.40 |
| Mayer, Julie | Researcher | $75.00 | 5.25 | $395.86 |
| Popov, Dimitar | Analyst | $230.00 | 11.00 | $2,934.80 |
| Stencel, Amanda | Analyst | $230.00 | 1.00 | $266.80 |
| Wu, Justin | Analyst | $290.00 | 2.00 | $672.80 |
| | | | | |
| | | **TOTALS:** | **74.75** | **$23,137.66** |
| | | **BLENDED RATE:** | | **$279.61** |

## Expense Summary

*December 1, 2010  through February 28, 2011*

| Expense Category | Amount |
|------------------|--------|
| Administrative – Legal | $4,456.91 |
| **TOTAL:** | **$4,456.91** |

---

[2]     Mercer's detailed time entries, which are attached to this Application, are stated in quarter hour increments, as approved by this Court in the Order approving the retention of Mercer.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: May 6, 2011 at** |
| | ) | **4:00 p.m. (EST)** |
| | ) | **Hearing Date: TBD** |

**NINTH QUARTERLY APPLICATION OF MERCER (US) INC. AS COMPENSATION
CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Tribune Company ("*Tribune*")

and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

"*Debtors*"), by and through its undersigned counsel, hereby submits this Ninth Quarterly Fee

Application (the "*Application*") for interim allowance of compensation for professional services

---

[1]   The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, Inc.; Eagle Publishing Investments, LLC; forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

rendered by Mercer to the Debtors for the period of December 1, 2010 through February 28, 2011 (the "*Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "*U.S. Trustee Guidelines*"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members.  In support of this Application, Mercer represents as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

**PROCEDURAL BACKGROUND**

3.      On December 8, 2008 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' cases.

## MERCER'S RETENTION

5.      Mercer is a consulting firm focused on providing human resource consulting and related outsourcing and investment services.  Mercer routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in a chapter 11 setting.

6.      Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Application for an Order Authorizing Debtors to Retain and Employ Mercer (US) Inc. as Compensation Consultant Pursuant to 11 U.S.C. § 327(a) and 1107 Nunc Pro Tunc to January 12, 2009* (the "*Retention Application*").  This Court entered an order on May 11, 2009 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to January 12, 2009 (the "*Retention Order*").

7.      The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer will provide services according to the engagement letter dated March 3, 2009 (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order.  The Engagement Letter was previously submitted to this Court with the Retention Application.

## FEE PROCEDURES ORDER

8.       On January 15, 2009, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. § 105(a) and 331* (the "*Interim Compensation Procedures Order*"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

9.       In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a monthly fee application ("*Monthly Fee Application*") with the Court on or after the twenty-fifth (25th) day of each month following the month for which compensation is sought.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of such Monthly Fee Application, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.

10.       Additionally, the Interim Compensation Procedures Order provides that, beginning with the Petition Date and ending on February 28, 2009, and at each three month interval thereafter (the "*Interim Fee Period*"), professionals shall file a request (the "*Quarterly Fee Application Request*") for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period.   Each Quarterly Fee Application Request shall be filed with the Court by no later than forty-five (45) days after the end of the applicable Interim Fee Period.

## PREVIOUS FEE APPLICATIONS

11.    In accordance with the Interim Compensation Procedures Order, Mercer has previously submitted the following Monthly Fee Applications and Quarterly Fee Application Requests:

| Application | Period Covered | Fees | Expenses | Total |
|---|---|---|---|---|
| First Monthly | Jan. 2009 | $32,315.00 | $139.00 | $32,454.00 |
| Second Monthly | Feb. 2009 | $83,855.50 | $0.00 | $83,855.50 |
| First Quarterly | Jan. – Feb. 2009 | $116,170.50 | $139.00 | $116,309.50 |
| Third Monthly | Mar. 2009 | $102,335.00 | $288.55 | $102,623.55 |
| Fourth Monthly | April 2009 | $106,803.75 | $7,031.40 | $113,835.15 |
| Fifth Monthly | May 2009 | $57,769.25 | $3,212.41 | $60,981.66 |
| Second Quarterly | Mar. - May 2009 | $266,908.00 | $10,532.36 | $277,440.36 |
| Sixth Monthly | June 2009 | $69,088.00 | $4,917.31 | $74,005.31 |
| Seventh Monthly | July 2009 | $136,556.50 | $11,489.27 | $148,045.77 |
| Eighth Monthly | August 2009 | $51,822.25 | $6,086.23 | $57,908.48 |
| Third Quarterly | June – August 2009 | $257,466.75 | $22,492.81 | $279,959.56 |
| Ninth Monthly | September 2009 | $88,753.44 | $1,877.45 | $90,630.89 |
| Tenth Monthly | October 2009 | $1,765.52 | $1,296.43 | $3,061.95 |
| Eleventh Monthly | November 2009 | $11,277.24 | $4,564.17 | $15,841.41 |
| Fourth Quarterly | Sept. – Nov. 2009 | $101,796.20 | $7,738.05 | $109,534.25 |
| Twelfth Monthly | December 2009 | $636.84 | $4,359.35 | $4,996.19 |
| Thirteen Monthly | January 2010 | $26,790.22 | $7,028.60 | $33,818.82 |
| Fourteenth Monthly | February 2010 | $22,985.74 | $3,861.02 | $26,846.76 |
| Fifth Quarterly | Dec. 2009 – Feb. 2010 | $50,412.80 | $15,249.17 | $65,661.97 |
| Fifteenth Monthly | March 2010 | $42,811.60 | $1,978.80 | $44,790.40 |
| Sixteenth Monthly | April 2010 | $55,884.74 | $7,999.29 | $63,884.03 |
| Seventeenth Monthly | May 2010 | $100,385.28 | $11,662.11 | $112,047.39 |
| Sixth Quarterly | Mar. 2010 – May 2010 | $148,781.62 | $21,640.20 | $170,421.82 |
| Eighteenth Monthly | June 2010 | $214,280.54 | $3,440.51 | $217,721.05 |
| Nineteenth Monthly | July 2010 | $171,477.22 | $9,395.43 | $180,872.65 |
| Twentieth Monthly | August 2010 | $58,523.54 | $2,504.65 | $61,028.19 |
| Seventh Quarterly | June 2010 – Aug. 2010 | $444,281.30 | $15,340.59 | $459,621.89 |
| Twenty-First Monthly | September 2010 | $984.58 | $7,224.40 | $8,208.98 |
| Twenty-Second Monthly | October 2010 | $19,966.52 | $7,055.76 | $27,022.28 |
| Twenty-Third Monthly | November 2010 | $10,395.06 | $1,155.67 | $11,550.73 |
| Eighth Quarterly | Sept. – Nov. 2010 | $31,346.16 | $15,435.83 | $46,781.99 |

## SERVICES PROVIDED DURING FEE APPLICATION PERIOD

12.     During these chapter 11 cases and the Application Period, Mercer has provided

extensive services relating to the Debtors' executive compensation.  Such services include:

    a.  Conducting assessments of the equity reserve and other compensation arrangements included in the disclosure statements of the plans of reorganization and preparation of an report thereon;

    b.  Reviewing, discussing and responding to inquiries (both formal and informal) from parties-in-interest regarding current and proposed compensation programs; and

    c.  Reviewing pleadings regarding issues related to compensation programs.

## RELIEF REQUESTED

13.     Mercer submits this Application (a) for the allowance of compensation for the

actual, reasonable and necessary professional services that it has rendered as compensation

specialists to the Debtors for the Application Period; and (b) for reimbursement of actual,

reasonable and necessary expenses incurred in serving the Debtors during that same period.[2]

14.     Pursuant to the Interim Compensation Procedures Order, Mercer has submitted

Monthly Applications for the months of December 2010, January 2011 and February 2011.  The

details of those Monthly Applications are as follows:

    a.  December Monthly Application: Compensation in the amount of $150.80 and

       reimbursement of expenses in the amount of  $0.00.

---

[2]     Both prior to and after the Petition Date, Mercer's affiliated entity, Mercer Health & Benefits LLC ("*Mercer H&B*"), provided actuarial health and benefits services, including analyses with respect to health benefit claims incurred but not reported and reviewing budget rates, which Mercer H&B routinely performed at least twice a year for the Debtors prior to the Petition Date (the "*H&B Services*").  Mercer submits the H&B Services are administrative in nature, and such services are not included in this Quarterly Application.  It is Mercer's understanding that Mercer H&B will seek payment from the Debtors for the H&B Services in the ordinary course of business.

b.  January Monthly Application: Compensation in the amount of $19,995.50 and reimbursement of expenses in the amount of $4,187.97.

c.  February Monthly Application: Compensation in the amount of $2,991.36 and reimbursement of expenses in the amount of $268.94.

15.  During the Application Period, Mercer provided services to the Debtors in the amount of $23,137.66.  For the same period, Mercer incurred actual, reasonable and necessary expenses totaling $4,456.91.  The aggregate amount of fees and expenses totals $27,594.57.  As of the date of this Application, Mercer has received no payment for these amounts.

16.  Detailed entries for Mercer's services and expenses incurred during the Application Period have been provided as part of the Monthly Fee Applications for the months of December 2010, January 2011 and February 2011.  Mercer hereby incorporates those descriptions as if attached to this Quarterly Application.[3]

17.  Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the hourly rate appropriate for that matter.  Moreover, Mercer has sought to ensure no duplication of its efforts were made by other professionals.

18.  No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

---

[3]  Mercer's detailed time entries are stated in quarter hour increments, as approved by this Court in the Retention Order.

19.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Mercer respectfully requests that this Court: (a) approve interim compensation in the amount of $23,137.66 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of December 1, 2010 through February 28, 2011, and interim reimbursement in the amount of $4,456.91 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize the payment of such amounts by the Debtors to Mercer; and (c) grant such other relief as the Court deems just and proper.

Dated: April 15, 2011

**MERCER (US) INC.**

By: /s/ Aaron L. Hammer
      One of Its Attorneys

      Aaron L. Hammer, Esq.
      Freeborn & Peters, LLP
      311 South Wacker Drive
      Suite 3000
      Chicago, Illinois 60606
      Telephone: (312) 360-6000
      Facsimile: (312) 360-6995