IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket Nos. 227, 1027 and 7507 |

## SECOND SUPPLEMENT TO JOHN W. COSTELLO'S AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF ILLINOIS       )
                                        :
COUNTY OF COOK       )

John W. Costello, being duly sworn, deposes and says:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hanford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TIvILH 2, Inc. (0720); TMLH 2, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); VuluMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2140857_1.DOC

1. I am a partner in the law firm of Wildman, Harrold, Allen & Dixon LLP (the "Firm"), which maintains offices at 225 West Wacker Drive, Suite 2800, Chicago, IL 60606.

2. On or about April 15, 2009, John W. Costello submitted and caused his affidavit of ordinary course professional (the "Costello Affidavit") to be filed in the above-captioned case. The Costello Affidavit, which is incorporated herein by reference, was submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases. The Firm is one such professional that has been employed and compensated by the Debtors in the ordinary course its business during the pendency of these chapter 11 cases. The Costello Affidavit affirmatively stated that at any time during the period of its post-petition employment, if the Firm should discover any facts bearing on the matters described therein, the Firm would submit a supplemental affidavit.

3. On or about January 14, 2011, John W. Costello supplemented the Costello Affidavit (the "Supplemental Costello Affidavit"), which is incorporated herein by reference, to disclose the Firm's representation of Mr. Mark Hianik ("Hianik"), a party in interest to these chapter 11 cases, in the case styled *The Official Committee of Unsecured Creditors of Tribune Company, on behalf of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, pending in the United States Bankruptcy Court for the District of Delaware under case number 10-54010 (the "Hianik Litigation Matter").

4. Hianik has further requested the Firm represent him in the case styled *Official Committee of Unsecured Creditors of Tribune Co. v. Mark W. Hianik*, pending in the United States Bankruptcy Court for the District of Delaware under case number 10-55599 (the "Hianik Preference Litigation"). The Debtors have consented to the Firm representing Hianik in the Hianik Preference Litigation. As part of the Firm's representation of Hianik, the Firm filed a Motion to Deem Claim Timely Filed on behalf of Hianik requesting the court deem Hianik's proof of claim to be timely filed. Hianik's proof of claim is based upon his indemnification, contribution or reimbursement claims arising from the Hianik Litigation Matter and the Hianik Preference Litigation. The Firm will also be representing Hianik in any litigation or dispute arising from the filing or disallowance of Hianik's proof of claim.

5. After the filing of the Costello Affidavit and the Supplemental Costello Affidavit, Mr. John Birmingham ("Birmingham"), a party in interest to these chapter 11 cases, requested that the Firm represent him in the case styled *Official Committee of Unsecured Creditors of Tribune Co. v. John Birmingham*, pending in the United States Bankruptcy Court for the District of Delaware under case number 10-55712 (the "Birmingham Preference Litigation"). Birmingham is a former officer of Chicago Tribune Co. The Debtors have consented to the Firm representing Birmingham in the Birmingham Preference Litigation. As part of the Firm's representation of Birmingham, the Firm filed a Motion to Deem Claim Timely Filed on behalf of Birmingham for Birmingham's proof of claim against the Debtors to be deemed timely filed. Birmingham's proof of claim is based upon his indemnification, contribution or reimbursement claims arising from the Birmingham Preference Litigation. The Firm will be representing

Birmingham in any litigation or dispute arising from the filing or disallowance of Birmingham's proof of claim.

6.      After the filing of the Costello Affidavit and the Supplemental Costello Affidavit, Mr. Tom E. Ehlmann ("Ehlmann"), a party in interest to these chapter 11 cases, requested that the Firm represent him in the case styled *Official Committee of Unsecured Creditors of Tribune Co. v. Tom E. Ehlmann*, pending in the United States Bankruptcy Court for the District of Delaware under case number 10-55708 (the "Ehlmann Preference Litigation"). Ehlmann is a former officer of WGN Continental Broadcasting Co. The Debtors have consented to the Firm representing Ehlmann in the Ehlmann Preference Litigation. As part of the Firm's representation of Ehlmann, the Firm filed a Motion to Deem Claim Timely Filed on behalf of Ehlmann requesting the court deem Ehlmann's proof of claim timely filed. Ehlmann's proof of claim is based upon his indemnification, contribution or reimbursement claims arising from the Ehlmann Preference Litigation. The Firm will be representing Ehlmann in any litigation or dispute arising from the filing or disallowance of Ehlmann's proof of claim.

7.      After the filing of the Costello Affidavit and the Supplemental Costello Affidavit, Mr. Peter A. Knapp ("Knapp"), a party in interest to these chapter 11 cases, requested that the Firm represent him in the case styled *Official Committee of Unsecured Creditors of Tribune Co. v. Peter A. Knapp*, pending in the United States Bankruptcy Court for the District of Delaware under case number 10-55755 (the "Knapp Preference Litigation"). Knapp is a former officer of Tribune Publishing Co. The Debtors have consented to the Firm representing Knapp in the Knapp Preference Litigation. As part of the Firm's representation of Knapp, the Firm filed a Motion to Deem Claim Timely Filed on behalf of Knapp requesting the court deem Knapp's proof of claim timely filed. Knapp's proof of claim is based upon his indemnification, contribution or reimbursement claims arising from the Knapp Preference Litigation. The Firm will be representing Ehlmann in any litigation or dispute arising from the filing or disallowance of Ehlmann's proof of claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2011

_____
John W. Costello

Sworn to and subscribed before me
this 14TH day of APRIL 2011

_____
Notary Public

> "OFFICIAL SEAL"
> PATRICIA C FLEMING
> Notary Public, State of Illinois
> My Commission Expires Oct. 18, 2011

3