# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date: May 5, 2011 at 4:00 p.m.**<br>**Hearing Date: *TBD***<br>**Related to Docket Nos. 8067, 8630, 8631 and 8632** |

## SECOND INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011

| | |
|---|---|
| Name of Applicant: | Novack and Macey LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Date of Retention: | October 22, 2010 (*nunc pro tunc* to August 26, 2010), as modified on February 25, 2011 (*nunc pro tunc* to November 22, 2010) |
| Period For Which Compensation and Reimbursement Is Sought: | December 1, 2010 through February 28, 2011 |
| Total Amount of Compensation Sought As Actual, Reasonable and Necessary For Period: | $27,232.50 |
| Total Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary For Period: | $646.09 |
| Total Amount of Compensation Paid As Actual, Reasonable and Necessary For Period: | $0* |
| Total Amount of Expense Reimbursement Paid As Actual, Reasonable and Necessary For Period: | $0* |
| Total Amount of Holdback Fees Sought For Period ** | $5,446.50 (includes 20% holdback attributable to First Monthly, First Supplemental Monthly, Second Monthly and Third Monthly fee applications) |

* If no objections are received by May 2, 2011 to the First Supplemental Monthly, Second Monthly and Third Monthly fee applications, Novack and Macey anticipates receipt of $21,411.60 in fees and $646.09 in expenses in connection with the First Supplemental Monthly, Second Monthly and Third Monthly fee applications (80% of requested fees). No objections to Novack and Macey's First Monthly fee application were received, however, Novack and Macey has not yet been paid. Novack and Macey anticipates the receipt of $374.40 in fees and in connection with the First Monthly fee application.

** Applicant seeks allowance of the 20% holdback for the First Monthly, First Supplemental Monthly, Second Monthly and Third Monthly fee applications.

| **Name of Professional/Individual** | **Position, Area of Expertise, Number of Years in Position, Year of Obtaining License to Practice** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
|---|---|---|---|---|
| Donald A. Tarkington | Partner/Litigation/ 28 years/Admitted in 1983 | $520 | 3.90 | $2,028.00 |
| Donald A. Tarkington | Partner/Litigation/ 28 years/Admitted in 1983 | $540 | 23.50 | $12,690.00 |
| Donald A. Tarkington | Partner/Litigation/ 28 years/Admitted in 1983 | $270 (Travel Time Rate) | 4.00 | $1,080.00 |
| Julie Johnston-Ahlen | Counsel/Litigation/ 9 years/Admitted in 2002 | $315 | 36.30 | $11,434.50 |
| **Quarterly Total** | | | 67.70 | $27,232.50 |

**EXPENSE SUMMARY FOR THE (NINTH) QUARTERLY PERIOD**
**FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
|---|---|---|
| Air Transportation | see attached | $310.70 |
| Document Production | | |
| Photocopying (1,464 pages @ $.10/page) | | $146.40 |
| Court Costs | | |
| Document Delivery Services | | |
| Document Services | | |
| Filing Fees | | |
| Car Services/Taxis/Parking | see attached | $186.00 |
| Meals Out-of-Town | | $2.99 |
| Meals | | |
| Messenger Services | | |
| Professional Services/Specialists | | |
| Publications | | |
| Search Services | | |
| Telephone Tolls | | |
| Travel/Lodging | | |
| Legal Research | | |
| | | |
| **Total** | | **$646.09** |

| **Expense Type** | **Transaction Date** | **Description** | **Total Expenses** |
|---|---|---|---|
| **Air Transportation** | | | |
| | | DAT - Chicago to Philadelphia, PA - US Airways 1/24/11 | $310.70 |
| | | **Subtotal** | **$310.70** |
| | | | |
| **Car Services/Taxis/Parking** | | | |
| | | DAT - United Transport 1/24/11 - Roundtrip - Philadelphia, PA to Wilmington, DE | $155.00 |
| | | DAT - O'Hare parking 1/24/11 | $31.00 |
| | | **Subtotal** | **$186.00** |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total** | | | **$496.70** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Objection Date: May 5, 2011 at 4:00 p.m.**<br>**Hearing Date: *TBD***<br>**Related to Docket Nos. 8067, 8630, 8631 and 8632** |

**SECOND INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011**

Novack and Macey LLP ("Novack and Macey"), special counsel for Tribune Company and the affiliated companies that filed voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Application") pursuant to: (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"), for allowance of interim compensation and reimbursement of expenses for the Ninth Quarter, from December 1, 2010 through February 28, 2011 (the "Fee Period"). In support of the Application, Novack and Macey respectfully states as follows:

1. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.[2] In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333.]

---

[2] All orders of the Court applicable to this Application have subsequently been extended to Tribune CNLBC. (See Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.* be made applicable to the Chapter 11 Case of Chicago National League Ball Club, LLC (entered Oct. 14, 2009) (the "CNLBC Joint Administration Order"). [Docket No. 2333.]

3. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

4. On March 19, 2009, the Court appointed Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009. [Docket No. 546.]

5. On October 22, 2010, this Court entered the Consent Order on Debtors' Application for an Order Authorizing Debtors and Debtors In Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 26, 2010 (the "Initial Retention Order"). [Docket No. 6087.] The Initial Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to August 26, 2010) as special counsel for the purposes of, among other things, advising the Debtors regarding certain Morgan Stanley claims.

6. Specifically, the Initial Retention Order provides that the Debtors are authorized to retain Novack and Macey for the purposes of: (i) advising the Debtors as to certain Morgan Stanley claims; (ii) representing the Debtors in the bankruptcy proceedings with respect to any matters involving Morgan Stanley (except as otherwise provided in the Initial Retention Order); and (iii) if and to the extent the Debtors instruct Novack and Macey to do so from time to time, cooperating with counsel for the Committee in connection with the Committee's assertion of claims against Morgan Stanley.

7. The Initial Retention Order also states that the retention of Novack and Macey by the Debtors shall not extend to commencement or prosecution of litigation of any Morgan Stanley claims, whether by way of an adversary proceeding in the bankruptcy cases or otherwise.

8. On February 25, 2011, this Court entered the Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to November 22, 2010 (the "Modified Retention Order"). [Docket No. 8147.] The Modified Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to November 22, 2010) as special counsel for the purposes of, among other things, the filing and prosecution of three avoidance actions (the "Avoidance Actions").

9. The Avoidance Actions relate to three entities: Epsilon Data Management LLC, Navigant Consulting Inc. and Nixon Peabody LLP.

10. The Modified Retention Order expanded the scope of Novack and Macey's representation of the Debtors, but did not otherwise modify the Initial Retention Order.

11. The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that professionals retained in these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") may request interim fees by filing with the Court and providing to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses. The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a monthly application to object to such application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection (as applicable) has been filed with the Court relative to that professional's monthly application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the monthly application;

or (ii) 80% of the fees and 100% of the expenses not subject to an objection. Specifically, Novack and Macey seeks interim approval and allowance of compensation in the amount of $27,232.50 for professional services rendered, and reimbursement of actual and necessary expenses incurred in the amount of $646.09, during the interim period from December 1, 2010 through February 28, 2011, as detailed in the chart below.

| **Application**<br><br>**Docket No.** | **Date Filed** | **Period Covered** | **Requested Fees/Expenses** | **Approved Fees (80%)/Expenses (100%)** | **Fee Holdback (20% of Fees)** | **Certificate of No Objection**<br><br>**Date**<br><br>**Docket No.** |
|---|---|---|---|---|---|---|
| 1st Monthly<br>Dkt. No.8067 | 2/18/11 | 12/1/10 - 12/31/10 | $468.00/$0 | $374.40/$0 | $93.60 | 3/15/11<br>Dkt No. 8369 |
| 1st *Supplemental* Monthly<br>Dkt No. 8630 | 4/12/11 | 12/1/10 - 12/31/10 | $3,891.00/$0 | *Deadline to Object:* 5/2/11<br>*Anticipated:*<br>$3112.80/$0 | $778.20 | *Pending* |
| 2nd Monthly<br>Dkt No. 8631 | 4/12/11 | 1/1/11 - 1/31/11 | $20,889.00/$499.69 | *Deadline to Object:* 5/2/11<br>*Anticipated:*<br>$16,711.20/$499.69 | $4,177.80 | *Pending* |
| 3rd Monthly<br>Dkt No. 8632 | 4/12/11 | 2/1/11 - 2/28/11 | $1,984.50/$146.40 | *Deadline to Object:* 5/2/11<br>*Anticipated:*<br>$1,587.60/$146.40 | $396.90 | *Pending* |

12. Notice of this Application has been served upon the Notice Parties specified in the Fee Orders. In accordance with the terms of the Fee Orders, Novack and Macey respectfully submits that no other or further notice is required.

WHEREFORE, Novack and Macey LLP respectfully requests that the Court enter an Order: (i) granting the Application and authorizing interim allowance of compensation in the

amount of **$27,232.50** for professional services rendered, and reimbursement of actual and necessary expenses in the amount of **$646.09**; (ii) directing the payment of such amounts by the Debtors to Novack and Macey, including the 20% holdback of fees as provided for in the Fee Orders; and (iii) granting such further relief as is just and proper.

Dated: April 15, 2011

Respectfully submitted,

By: [signature]

NOVACK AND MACEY LLP
Stephen Novack
Donald A. Tarkington
100 N. Riverside Plaza
Chicago, Illinois 60606
Phone: (312) 419-6900
Facsimile: (312) 419-6928
Email: snovack@novackmacey.com
dtarkington@novackmacey.com

SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION