## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: April 18, 2011 at 4:00 p.m.**<br>**Hearing Date: April 25, 2011 at 1:00 p.m.** |
| | **Related Docket Nos.: 8594, 8595, 8596, 8597** |

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
## CREDITORS TO THE MOTIONS OF CERTAIN FORMER OFFICERS
## OF THE DEBTORS TO DEEM THEIR PROOFS OF CLAIM TIMELY FILED

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company

and its various debtor-subsidiaries (each a "Debtor" and, collectively, the "Debtors"), hereby

files this objection (the "Objection") to Tom E. Ehlmann's Motion to Deem Claim Timely Filed

[D.I. 8594], John Birmingham's Motion to Deem Claim Timely Filed [D.I. 8595], Mark W.

Hianik's Motion to Deem Claim Timely Filed [D.I. 8596] and Peter A. Knapp's Motion to Deem

Claim Timely Filed [D.I. 8597] (collectively, the "Motions") and respectfully represents as

follows:

### PRELIMINARY STATEMENT

Pursuant to the Motions, Tom E. Ehlmann, John Birmingham, Mark W. Hianik and Peter

A. Knapp (collectively, the "Former Officer Defendants" or the "Movants") request that the

Court deem their respective proofs of claim, submitted April 7, 2011 in the above-captioned

bankruptcy cases (the "Claims"), as being timely filed pursuant to Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  According to the attachments to the

various Claims, the Former Officer Defendants have the right to be indemnified by certain of the

Debtors for any judgments, expenses and costs incurred in connection with the various adversary proceedings in which the Former Officer Defendants have been named as defendants.[1] Although the Former Officer Defendants were aware of their indemnification rights and the Bankruptcy Code permits the filing of unliquidated, contingent claims, the Former Officer Defendants failed to timely assert their indemnification rights prior to the deadline established by the bankruptcy court for filing proofs of claim. As described below, the Former Officer Defendants' failure to timely file indemnification claims based on their failure to anticipate litigation does not, as the Movants argue, constitute "excusable neglect." Accordingly, the Motions should be denied.

## BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1]    The adversary proceedings are based primarily on preference claims, but include auxiliary claims for fraudulent conveyances as well. The proceedings are captioned as follows: *Official Committee of Unsecured Creditors of Tribune Co. v. Tom E. Ehlmann*, Adv. Pro. No. 10-55708 [D.I. 6856]; *Official Committee of Unsecured Creditors of Tribune Co. v. John Birmingham*, Adv. Pro. No. 10-55712 [D.I. 6860]; *Official Committee of Unsecured Creditors of Tribune Co. v. Dennis J. FitzSimons, et al.*, Adv. Pro. No. 10-55594 [D.I. 6739]; *Official Committee of Unsecured Creditors of Tribune Co. v. Mark W. Hianik*, Adv. Pro. No. 10-55599 [D.I. 6744]; and *Official Committee of Unsecured Creditors of Tribune Co. v. Peter A. Knapp*, Adv. Pro. No. 10-55755 [D.I. 6903] (collectively, the "Adversary Proceedings").

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors. The Bar Date Order, including an attached proof of claim form, was served on each of the Former Officer Defendants on or around April 13, 2009.  See Affidavit of Mailing [D.I. 1073], Ex. E at pp. 297, 872, 1231, 1593.  Since the commencement of these chapter 11 cases, 7244 proofs of claim have been filed, the overwhelming majority of which were filed in a timely manner.

4.      In late 2010, the Committee commenced the Adversary Proceedings against the Former Officer Defendants, seeking, among other things, to recover various payments as either preferences or fraudulent conveyances.

5.      Pursuant to the certificates of incorporation and bylaws of the various Debtors, each Debtor must indemnify its officers and directors (including the Former Officer Defendants) against liability for certain acts performed within the scope of their employment and for costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.[2]

---

[2]    The Motions request only that the Court treat the Former Officer Defendants' late-filed Claims as timely.  The ultimate issue of whether the officers and directors should be indemnified for defending what are essentially preference lawsuits is left to another day.  The Committee reserves all rights to challenge the merits of the Claims at the appropriate time.

6.     On April 7, 2011 – twenty-two months after the Bar Date and five months after the commencement of the Adversary Proceedings – the Former Officer Defendants filed the Claims.  The Claims are essentially mirror images of each other and request indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  Collectively, the Claims seek indemnification for almost $2.5 million in potential judgment liabilities, plus an as-of-yet undetermined amount for fees and expenses.

## OBJECTION TO TREATMENT OF CLAIMS AS TIMELY

7.     The filing of proofs of claim against the Debtors in these chapter 11 cases is, pursuant to Bankruptcy Rules 3001, 3002, 3003 and 5005, subject to the conditions of the Bar Date Order.  As specified in the Bar Date Order "any person or entity that is required to file a timely Proof of Claim . . . and who fails to do so on or before the bar date associated with such claim shall not be treated as a creditor in these chapter 11 proceedings, and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation or (ii) receive any distribution under any confirmed plan . . . ."

8.     The Former Officer Defendants have moved for relief from the Bar Date Order under Rule 9006(b)'s "excusable neglect" provision, which allows a court to treat a late-filed claim as timely-filed "where the failure to act was a result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1).  As the Supreme Court explained in Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993), the "excusable neglect" rule that the Former Officer Defendants seek to rely on allows the Court to accept claims submitted after the Bar Date where such late filing was caused by inadvertence, mistake, carelessness or intervening circumstances beyond the party's control.

9.    Although the term "excusable neglect" is not defined in the Bankruptcy Code, the Supreme Court has made clear that determining whether a given instance of neglect is "excusable" turns on equitable considerations and a court should take account of all circumstances. See id. at 395. In particular, courts should inquire as to "[(i)] the danger of prejudice to the debtor, [(ii)] the length of the delay and its potential impact on judicial proceedings, [(iii)] the reason for delay, including whether it was within the reasonable control of the movant, and [(iv)] whether movant acted in good faith." Id. The movant bears the burden of proving excusable neglect by a preponderance of the evidence. See In re Cable & Wireless USA, Inc., 338 B.R. 609, 613 (Bankr. D. Del. 2006). Application of the Pioneer factors to the Motions and the facts of these chapter 11 cases makes clear that the Motions should be denied and the Claims treated as late-filed.

10.    The fourth Pioneer factor is the most easily dispensed with. The Committee agrees with the Movants that there is no evidence of bad faith in these cases and acknowledges that the factor generally weighs in favor of granting the Motions to the extent releveant. However, analysis of the remaining Pioneer factors dictates that the Motions must be denied, despite the Movants' good faith.

11.    In considering the first Pioneer factor – whether the Motions pose a danger of prejudice to the Debtors – the Court should consider the advanced state of these cases, particularly with respect to the claims adjudication process. The Bar Date is a substantive protection of the Debtors and its creditors, and is designed to provide for consideration of claims in a timely manner so that the Debtors and its creditors may know to a certainty the magnitude of the asserted claims that must be resolved. This process is particularly advanced in these cases: the Debtors have filed more than 40 omnibus claims objections and obtained orders from this

Court disallowing over 1500 claims, including disallowing well over 100 claims on the basis that they were not timely-filed. Reversing course and allowing the Claims at issue here to be treated as timely-filed would encourage other such claims, and poses the risk of prejudicing the Debtors by "opening the floodgates to other similar claims." See In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999). Given the prejudice to the Debtors that treating the Claims as timely-filed would cause, the first Pioneer factor weighs against granting the Motions.

12.    The second and third Pioneer factors likewise tilt heavily against granting the Motions. In arguing that these factors – "length of delay" and "justification" – favor granting the Motions, the Former Officer Defendants stress that they had no reason to anticipate that the Adversary Proceedings would be filed against them prior to the Bar Date. In truth, the Former Officer Defendants had every reason to foresee the Adversary Proceedings. The Adversary Proceedings are based primarily on preference claims under section 547 of the Bankruptcy Code, which applies a purely mechanical one-year reach-back period to recover payments on account of antecedent debt to insiders.[3] Indeed, there are few things less unpredictable in large chapter 11 cases than preference claims against the Debtors' insiders.

13.    The Former Officer Defendants' reliance on In re Buildnet, Inc., No. 01-82293, 2003 WL 22078079 (Bankr. M.D.N.C. 2003) is misplaced precisely because of this

---

[3]    While Former Officer Defendant Mark W. Hianik may argue that the claims against him for breach of fiduciary duty truly were unforeseeable as of the bar date, the 2007 leveraged ESOP transaction, the Debtors' subsequent bankruptcy filing and the Committee's investigation into the transaction was well-known and publicized. Officers involved in the leveraged buy-out, including Mr. Hianik, should have foreseen the possibility of claims for breach of fiduciary duties of the type asserted against Mr. Hianik.

"foreseeability" issue. In <u>Buildnet</u>, the court found that "there was no indication that there might be claims against [the defendant officers and directors] that would trigger their indemnification rights until well after the Bar Date." <u>Id</u>. at *3. In that case, potential claims that would trigger the indemnification rights of the officers and directors were not identified until the examiner filed his report, which occurred five months after the bar date. <u>See</u> <u>id</u>. Here, by contrast, the claims against the Former Officer Defendants were based on, in most cases, the mechanical application of preferential transfer liability that should have been obvious to the Former Officer Defendants as of the Petition Date. With respect to the breach of fiduciary duty claim for which Mr. Hianik seeks indemnification, the failure of the Debtors' 2007 leveraged ESOP transaction ultimately led to the Debtors' bankruptcy filing one year later. This spectacular and highly-publicized event should have been sufficient to inform Mr. Hianik of at least the possibility of liability.

14.      More on point is <u>In re Engage, Inc.</u>, 315 B.R. 217 (Bankr. D. Mass. 2004), where a creditors' committee filed an adversary proceeding against certain former directors and officers of the debtor's parent company approximately eight months after the applicable bar date. Approximately two months later, the defendants filed proofs of claim seeking indemnification for the committee lawsuit. <u>See</u> <u>id</u>. at 221-22. The defendants asserted that their late proofs of claim were the result of "excusable neglect" and should be deemed timely because they had no reason to believe that they would be the subject of lawsuits in their capacity as former directors and officers. <u>See</u> <u>id</u>. at 222. In rejecting the argument that the defendants could not have foreseen the need to file claims on account of their indemnification rights, the court found that the defendants' unawareness of their potential exposure was "not credible" and "defie[d] any reasonable belief." <u>Id</u>. at 224. Accordingly, the court refused to believe that the defendants had

never contemplated their potential personal liability and therefore found their delay in filing proofs of claim did not amount to excusable neglect. See id.

15.    Here, the Former Officer Defendants are in much the same position as the defendants in Engage in that there is no credible basis for believing that they should not have foreseen their liability to the Debtors' Estates.  Preference liability does not turn on any wrong-doing by the defendant; it flows mechanically from legal criteria that the Former Officer Defendants knew or should have known were applicable with respect to the transfers that are subject of the Adversary Proceedings.  Given the mechanical nature of preference liability, the Former Officer Defendants, similarly to the defendants in Engage, had every reason to anticipate prior to the Bar Date that preference lawsuits would be filed against them.  Likewise, given the spectacular coverage of the failure of the Debtors' leveraged buy-out and the Debtors' subsequent filing for bankruptcy, the potential for a claim of breach of fiduciary duties against Mr. Hianik should have been obvious not later than the Debtors' bankruptcy filings in late 2008.  Given the foreseeability of potential liability against the Former Officer Defendants, the Movants' significant delay in filing their respective Claims cannot reasonably be attributed to the fact that the Adversary Proceedings were not actually filed until after the Bar Date had passed.[4]

16.    Finally, the Former Officer Defendants' failure to timely file the Claims was unjustified and plainly within their control.  It is undisputed that the Bankruptcy Code permits the filing of unliquidated, contingent claims.  See 11 U.S.C. § 101(5).  As noted by the court in

---

[4]    Moreover, even if such an attribution were appropriate, the Former Officer Defendants fail to adequately explain the multi-month gap between the filing of the Adversary Proceedings and their submission of the Motions and the Claims.

Engage, a defendant's potential right of indemnification gives rise to a contingent, unliquidated claim at the time such indemnification rights are granted, not when a lawsuit triggering the need to rely on such indemnification rights is filed. See Engage, 315 B.R. at 225. The Former Officer Defendants' failure to assert such claims, based on an apparent assumption that such claims had no value, was a mistake that, as made clear in Engage, does not amount to excusable neglect. Indeed, it is undisputed that all of the Former Officer Defendants were served with the Bar Date Order, which made clear that only the indemnification claims of current, and not former, officers of the Debtors were excepted from the Bar Date. To the extent the Former Officer Defendants failed to understand their ability and responsibility to file unliquidated, contingent claims prior to the Bar Date, the Third Circuit has previously made explicit that "'ignorance of one's own claim does not constitute excusable neglect.'" Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000) (quoting In re Best Prods. Co., Inc., 140 B.R. 353, 359 (Bankr. S.D.N.Y. 1992).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motions and (ii) grant such other and further relief as may be just and proper.

Dated: April 18, 2011          **LANDIS RATH & COBB LLP**
      Wilmington, Delaware

                            Adam G. Landis (No. 3407)
                            Daniel B. Rath (No. 3022)
                            Matthew B. McGuire (No. 4366)
                            919 Market Street, Suite 1800
                            Wilmington, Delaware 19801
                            Telephone:  (302) 467-4400
                            Facsimile:  (302) 467-4450

                                    - and -

                            Howard Seife
                            David M. LeMay
                            Douglas E. Deutsch
                            **CHADBOURNE & PARKE LLP**
                            30 Rockefeller Plaza
                            New York, New York 10112
                            Telephone:  (212) 408-5100
                            Facsimile:  (212) 541-5369

                            *Counsel to the Official Committee of Unsecured Creditors*

                                    - and -

                            Graeme W. Bush
                            James Sottile
                            **ZUCKERMAN SPAEDER LLP**
                            1800 M Street, N.W., Suite 1000
                            Washington, DC  20036
                            Telephone:  (202) 778-1800
                            Facsimile:  (202) 822-8106

                            *Special Counsel to the Official Committee of Unsecured Creditors*