# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Docket Ref Nos. 8469 & 8616 |

## REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SAM ZELL'S LIMITED OBJECTION TO THE COMMITTEE'S MOTION TO AMEND THE DEFINITION OF TERMINATION EVENT

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this reply (the "Reply") to Sam Zell's ("Zell") Limited Objection (the "Objection") to the Committee's Motion to Amend the Definition of Termination

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0014163.2}

Event (the "Extension Motion").[2] In support hereof, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

Numerous parties in interest were actively involved in the negotiation of the Standing Orders, pursuant to which the Committee was granted standing and authority to commence the LBO Actions in order to preserve all potentially valuable causes of action of the Debtors' estates relating to the LBO. A fundamental agreement among the parties in consenting to the Committee's standing was that the prosecution of the LBO Actions would be stayed during the pendency of the plan process. Recently, however, Zell has determined to object to the Stay, apparently in pursuit of a strategy designed to attempt to raise and pre-litigate a variety of issues regarding the claims asserted against him at every opportunity (including, most recently, during the Confirmation Hearing).

The Stay of the LBO Actions, including the causes of action against Zell, remains centrally important to the Debtors' reorganization efforts and, accordingly, the April 15 "Termination Event" should be extended notwithstanding Zell's continued and unwarranted efforts to carve out collateral litigation regarding the viability of the claims against him. The Court recently concluded more than two weeks of evidentiary hearings and several days of argument in connection with the trial of confirmation of the Competing Plans. Proponents of the Competing Plans continue to work on critical matters involving plan amendments, resolicitation, post-trial briefing, and argument, which presently is anticipated to occur in June. It is thus essential that the LBO Actions, including causes of action against Zell, remain stayed during the confirmation process, as intended by the Standing Orders. Accordingly, and for the reasons set

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Extension Motion.

{698.001-W0014163.2}

2

forth in the Extension Motion, the April 1, 2011 Termination Event should be extended during the pendency of the confirmation process.

## BACKGROUND

1. On March 21, 2011, the Committee filed the Extension Motion seeking, *inter alia*, to extend the April 1, 2011 Termination Event through and including June 15, 2011 in order to allow all parties to continue to enjoy the benefits of the Standing Orders while the Competing Plans are litigated. The evidentiary portion of the confirmation hearing with respect to the Competing Plans, and several days of argument with respect to certain objections, concluded on April 14, 2011. Since that time, proponents of the Competing Plans have been working on plan amendment issues and scheduling issues involving resolicitation, post-trial briefing and argument. While all related dates have not been fixed or agreed to, none of the proponents of the Competing Plans expect that the confirmation hearing will conclude before June 2011.

2. On March 22, 2011, Zell filed the Motion for Clarification that Leave is not Necessary, or in the Alternative, for Leave, to Serve Samuel Zell's Motion for Relief Under Rule 9011 [Docket No. 8478] (the "Clarification Motion"). Zell seeks in the Clarification Motion authority to commence litigation against counsel to the Committee pursuant to Bankruptcy Rule 9011 in connection with the claims against Zell in the LBO Actions that are subject to the Stay. On April 19, 2011, the Committee filed an objection to the Clarification Motion. Both the Clarification Motion and the Extension Motion are scheduled to be considered at the April 25, 2011 omnibus hearing.

## REPLY

3. It is undisputed that the Court has the inherent authority to issue a stay when, in the Court's discretion, such a stay would enhance judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (U.S. 1936) ("[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). The circumstances of this case weigh heavily in favor of extending the April 1, 2011 Termination Event and against allowing Zell to pursue distracting, time consuming, and expensive litigation against the Committee simultaneously with and during the Competing Plan process.

4. As the Court is aware, the Committee filed the Standing Motions in order to preserve all potentially valuable "LBO-related causes of action" of the Debtors' estates against numerous parties prior to the expiration of certain statues of limitations that were due to expire in December 2010. The Committee and all parties in interest involved in the negotiations related to the Standing Orders (including Zell) never contemplated that the LBO Actions would be litigated during the confirmation process in connection with the Competing Plans. Indeed, one of the main purposes of the Stay was to avoid litigating the LBO Actions during the confirmation process. That purpose is as vital now as it was when the Standing Orders were entered, as the proponents of the Competing Plans are consumed with confirmation matters ranging from plan amendments, to resolicitation issues, to post-trial briefing, to argument, and the appropriate scheduling of all such matters.

5. With no sense of irony, Zell contends that "[t]he Committee has tellingly sought to avoid a decision on the merits of those purported claims [against Zell], while continuing to broadcast vilifying and unsupported allegations for public consumption." Objection at p. 3.[3]

---

[3] Zell also contends that "[r]ather than allow this objection to be determined on the merits in an adjudicated proceeding, the Committee ran away—it withdrew its own motion in order to avoid a decision on whether its claims are colorable." This proposition simply is incorrect. On February 23, 2011, the Committee filed the Notice of Withdrawal of Motion to Confirm Standing Solely with Respect to Samuel Zell and EGI-TRB, LLC [Docket No.

{698.001-W0014163.2}

4

The only party "broadcasting" any statements with regard to claims against Zell in the LBO Actions is Zell himself, through his counsel. By filing the Objection, by ginning up the Clarification Motion, and most recently through argument at the confirmation hearing, Zell has at every turn sought to highlight and otherwise "broadcast" his views of the claims asserted against him in the LBO Actions. And while it is no surprise that, as a defendant, Zell takes a dim view of such claims against him, his tactics in repeatedly spotlighting his status as a litigation target serve only to cause time, effort and attention to be wasted on claims he maintains are meritless. Zell continues to sharpen the focus on the claims against him in increasingly strained and attenuated ways, as evidenced most recently at the April 13, 2011 confirmation hearing, when, in response to continued attempts by his counsel to argue the underlying merits of the claims against him, the Court pointedly requested that Zell's counsel "spend no time on that . . . that's not an issue for now as far as I'm concerned." 4/13/2011 Tr., p. 54. And in the face of counsel's refusal to move from the merits of the claims against Zell to the purpose of the hearing – legal objections to the Competing Plans – the Court finally demanded that counsel "please stop there", noting "I do not need to hear it again . . . I don't want to get into the merits again." 4/13/2011 Tr., pp. 55-56.

6. Consistent with the express terms of the Stay, the Committee has taken no steps to prosecute the LBO Actions since their filing. Indeed, the Committee would not have occasion even to speak to the claims against Zell were it not for Zell's refusal to abide by the Stay. The Committee's course of conduct is consistent with both the letter and sprit of the Standing Orders:

---

8112] because the Committee concluded that the Standing Orders appropriately conferred standing upon the Committee to pursue claims against Zell. At the April 13, 2011 hearing to consider confirmation of the Competing Plans, Committee counsel stated "[t]o be absolutely clear, it's the committee's view that the Court has already granted standing as to these claims ... [a]nd the motion to confirm standing was unnecessary. The Court should not take the withdraw as anything more than taking something off the table we did not believe was necessary." 4/13/11 Tr., p. 57.

to preserve all potentially valuable LBO-related causes of action on behalf of the Debtors' estates during an inherently complex confirmation process in connection with the Competing Plans. Zell should not be permitted to end-run the Standing Orders with motion practice regarding the claims against him in the LBO Actions. To do so would disrupt the confirmation process and inject needless additional cost and complexity to an already complex matter.

7.      Finally, as the Court is aware, both Competing Plans provide that the LBO Actions, including those against Zell, will be assigned to a litigation trust. Obviously, no litigation trust yet exists and none will exist until the confirmation process is concluded. That being said, because the ultimate plaintiff in the LBO Actions is likely to be a litigation trust and not the Committee, there simply is no reason at this point to allow Zell (or require the Committee) to litigate the merits of the claims, whether by motion practice or otherwise. The appropriate course of action, as contemplated in the Standing Orders, is to maintain the Stay of all of the LBO Actions until the Court rules on confirmation of the Competing Plans.[4]

---

[4] The failure to obtain confirmation of the DCL Plan also constitutes a Termination Event under the Standing Orders. Thus, to the extent that the Court declines to confirm the DCL Plan, a Termination Event will have occurred and the Stay will, by operation of the Standing Orders, be terminated, allowing Zell at that point to litigate the merits as he sees fit.

**WHEREFORE**, the Committee respectfully requests that the Court (i) enter an order approving the Extension Motion, (ii) overruling the Objection and (iii) granting such other and further relief as the Court deems just and appropriate.

Dated: April 20, 2011  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____  
Adam G. Landis (No. 3407)  
Daniel B. Rath (No.3022)  
Matthew B. McGuire (No. 4366)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Graeme W. Bush  
James Sottile  
Andrew N. Goldfarb  
Thomas G. Macauley  
**ZUCKERMAN SPAEDER LLP**  
1800 M Street, N.W., Suite 1000  
Washington, DC 20036  
Telephone: (202) 778-1800  
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*