# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 8602, 8706 |

### ORDER PURSUANT TO 11 U.S.C. § 1126 AND BANKRUPTCY RULE 3018(a) AUTHORIZING CHANGES IN VOTES ON DEBTOR/ COMMITTEE/LENDER PLAN PREVIOUSLY CAST BY (I) LONGACRE OPPORTUNITY FUND, L.P. AND AFFILIATES, (II) ASM CAPITAL, LLC AND AFFILIATES, (III) LIQUIDITY SOLUTIONS, INC., (IV) FAIR HARBOR CAPITAL, LLC, AND (V) DEBT ACQUISITION COMPANY OF AMERICA AND AFFILIATES, AND AUTHORIZING VOTING AGENT TO AMEND VOTING REPORT TO REFLECT CHANGES

Upon the motion (the "Motion") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7520039v1

Section 1126 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing (i) Longacre Opportunity Fund, L.P. and its affiliates (collectively, "Longacre"), (ii) ASM Capital, LLC and its affiliates (collectively, "ASM"), (iii) Fair Harbor Capital, LLC ("Fair Harbor"), (iv) Liquidity Solutions, Inc. ("LSI"), and (v) Debt Acquisition Company of America and its affiliates (collectively, "DACA" and, collectively with Longacre, ASM, Fair Harbor, and LSI, the "Voting Parties") to change their previously-cast votes on the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P, Angelo, Gordon & Co., L.P, and JPMorgan Chase Bank, N.A. (the "Debtor/Committee/Lender Plan")[2] from votes to reject the Debtor/Committee/Lender Plan to votes to accept the Debtor/Committee/Lender Plan, and (b) authorizing Epiq Bankruptcy Solutions, LLC, as the Court-appointed voting agent (the "Voting Agent") to amend the voting report on the Debtor/Committee/Lender Plan to effect the requested changes in votes and authorizing the inclusion of the voting report as so amended into the record of the confirmation hearing on the Debtor/Committee/Lender Plan; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interest of the Debtors and their estates, and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

46429/0001-7520039v1

ORDERED, that the votes previously cast by the Voting Parties to reject the Debtor/Committee/Lender Plan that are set forth on <u>Exhibit A</u> to the Motion are reclassified as votes to accept the Debtor/Committee/Lender Plan for the reasons set forth in the Motion; and it is further

ORDERED, that the Voting Agent is authorized to amend the report of votes to accept or reject the Debtor/Committee/Lender Plan to reflect the change of the Voting Parties' votes on <u>Exhibit A</u> to the Motion from rejections of the Debtor/Committee/Lender Plan to acceptances of the Debtor/Committee/Lender Plan; and it is further

ORDERED, that the report of votes on the Debtor/Committee/Lender Plan as amended to reflect the change of the Voting Parties' votes on <u>Exhibit A</u> to the Motion from rejections of the Debtor/Committee/Lender Plan to acceptances of the Debtor/Committee/Lender Plan is included in the record of the confirmation hearing on the Debtor/Committee/Lender Plan; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       April _21_, 2011

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-7520039v1