## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 8709** |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON APRIL 25, 2011 AT 1:00 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## RESOLVED MATTERS

1.   Motion of Caption Colorado, L.L.C. for Allowance of Administrative Expense Claim
     (Filed January 26, 2011) (Docket No. 7637)

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2]   **Amendments appear in bold print.**

Objection Deadline:  February 22, 2011 at 4:00 p.m.  On consent of the parties, the Objection Deadline was extended to April 18, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received: None.

Related Documents:

(a)    Notice of Hearing (Filed February 10, 2011) (Docket No. 7898)

(b)    Order Approving Stipulation By and Between Debtors and Caption Colorado, L.L.C. Regarding (I) Resolution of Motion for Allowance of Administrative Expense Claim and (II) Withdrawal of Objection to Plans of Reorganization (Entered April 6, 2011) (Docket No. 8587)

Status:    The Court entered an Order approving the Stipulation.  This matter will not be going forward.

2.    Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2010 through August 31, 2010 (Filed February 23, 2011) (Docket No. 8113)

Objection Deadline:  March 16, 2011 at 4:00 p.m.

Responses Received:  None.

Related Documents:

(a)    Certification of No Objection Regarding Docket No. 8113 (Filed March 18, 2011) (Docket No. 8434)

(b)    Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2010 through August 31, 2010 (Entered April 20, 2011) (Docket No. 8704)

Status:    The Court entered an Order granting the Application.  This matter will not be going forward.

## CONTINUED MATTERS

3.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline:  December 8, 2009 at 4:00 p.m.

46429/0001-7449814v2

Responses Received:

    (a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)    Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

    (c)    Informal Response received from GE Capital Fleet Services

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the May 25, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

4.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

    (a)    Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

    (b)    Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

    (c)    Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

    (d)    Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

    (e)    Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

    (f)    Response by William Virgil Cotton (Filed May 27, 2010) (Docket No. 4628)[3]

    (g)    Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

    (b)    Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

    (c)    Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

---

[3]    The Response of William Virgil Cotton was filed after (i) the Objection Deadline and (ii) the entry of the Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

46429/0001-7449814v2

(d)     Order Approving Stipulation Between Certain of the Debtors and Oracle
        Corporation Oracle America, Inc., as Successor-By-Merger to Sun
        Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth
        Omnibus (Substantive) Objection to Claims as it Relates to the Claims of
        Oracle and (II) Allowance of Certain Prepetition Claims of Oracle
        (Entered November 23, 2010) (Docket No. 6593)

Status:     The Court entered an Order sustaining the Objection with respect to all
            claimants who did not contest or otherwise respond to the Objection and
            an Order resolving Claim No. 4863 of CNN Newsource Sales, Inc.  The
            Objection was withdrawn as to the claims of 9090 Enterprises and
            Spanlink Communications.  An evidentiary hearing will be scheduled on
            the claim of Maureen Dombeck.  This matter is adjourned to the May 25,
            2011 hearing as to the claims of Marbury von Briesen, Herbert Eye and
            Terry Godbey only.  This matter will not be going forward.

5.  Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to
    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
    Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

    Response Deadline: June 9, 2010 at 4:00 p.m.

    Responses Received:

        (a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

    Related Documents:

        (a)     Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive)
                Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
                June 14, 2010) (Docket No. 4774)

        (b)     Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection
                (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley
                Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

46429/0001-7449814v2

Status:          The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette are exchanging information with respect to her claim and are adjourning this matter to the May 25, 2011 hearing. This matter will not be going forward.

6.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010)

(b)    Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Status:          The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood. The hearing on the Objection is adjourned to the May 25, 2011 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and Claim No. 728 of the City of Chicago. This matter will not be going forward.

46429/0001-7449814v2

7.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Response Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Related Documents:

(a)    Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

(b)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

(c)    Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

(d)    Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc.  The Debtors and EMC Corporation are discussing resolution of the Objection and are adjourning this matter until the May 25, 2011 hearing.  This matter will not be going forward.

46429/0001-7449814v2

8.    Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
      of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1
      (Filed January 28, 2011) (Docket No. 7674)

      Response Deadline: February 22, 2011 at 4:00 p.m.

      Responses Received:

            (a)    Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to
                   Debtor's Fortieth Omnibus Objection to Claims (Docket #3792);
                   Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No.
                   7932)

      Related Documents:

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth
                   Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
                   the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule
                   3007-1 (Filed February 11, 2011) (Docket No. 7906)

            (b)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
                   Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                   Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered
                   February 25, 2011) (Docket No. 8146)

      Status:      The Court entered an Order partially sustaining the Objection. The
                   Objection was withdrawn as to Claim No. 2279 of USDR and Claim No.
                   6683 of Hess Corporation. The Objection was modified by consent of the
                   parties with respect to Claim No. 2554 of Corre Opportunities Fund. The
                   hearing on the Objection is adjourned to the May 25, 2011 hearing solely
                   with respect to: (a) Claim Nos. 749, 753, and 754 of ASM – Accent
                   Energy, and (b) Claim No. 1672 of USDR – CNI Corporation. This
                   matter will not be going forward.

9.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed February 18, 2011) (Docket No. 8065)

      Response Deadline: March 15, 2011 at 4:00 p.m.

      Responses Received:

            (a)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to
                   Claim (Filed March 9, 2011) (Docket No. 8325)

            (b)    Informal response by Broadspire Services [Claim No. 5335] (Received
                   March 4, 2011)

(c)     Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

(d)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

(b)     Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status:     The Court entered an Order partially sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the May 25, 2011 hearing solely with respect to: (a) Claim No. 5335 of Broadspire Services, Inc.; (b) Claim No. 5283 of Contrarian Funds, LLC (Software AG); and (c) Claim No. 6601 of Carol Walker. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

10.     Debtors' Motion Pursuant to 11 U.S.C. § 1126 and Bankruptcy Rule 3018(a) for Entry of an Order Authorizing Changes in Votes on Debtor/Committee/Lender Plan Previously Cast by (I) Longacre Opportunity Fund, L.P. and Affiliates, (II) ASM Capital, LLC and Affiliates, (III) Liquidity Solutions, Inc., (IV) Fair Harbor Capital, LLC, and (V) Debt Acquisition Company of America and Affiliates, and Authorizing Voting Agent to Amend Voting Report to Reflect Changes (Filed April 7, 2011) (Docket No. 8602)

Objection Deadline: April 18, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)     Certification of No Objection Regarding Docket No. 8602 (Filed April 20, 2011) (Docket No. 8706)

46429/0001-7449814v2

(b)     **Order Pursuant to 11 U.S.C. § 1126 and Bankruptcy Rule 3018(a) Authorizing Changes in Votes on Debtor/Committee/Lender Plan Previously Cast by (I) Longacre Opportunity Fund, L.P. and Affiliates, (II) ASM Capital, LLC and Affiliates, (III) Liquidity Solutions, Inc., (IV) Fair Harbor Capital, LLC, and (V) Debt Acquisition Company of America and Affiliates, and Authorizing Voting Agent to Amend Voting Report to Reflect Changes (Entered April 21, 2011) (Docket No. 8724)**

Status:     **The Court entered the Order granting the Motion. This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

11.    Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

Objection Deadline: February 22, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

(a)     Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

(b)     Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

Related Document:

(a)     Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

Status:     On consent of the parties, this matter was adjourned from the March 22, 2011 hearing. This matter will be going forward as a status conference only.

12.    Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 7, 2011) (Docket No. 8287)

Objection Deadline: March 15, 2011 at 4:00 p.m.

Responses Received:

(a)     Limited Objection of Scarborough Research to the Motion of the Debtors
for an Order Establishing Procedures for (I) Fixing Cure Amounts and
(II) Providing Notice of Assumption and/or Assignment of Certain
Executory Contracts and Unexpired Leases by a Successor Reorganized
Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code
(Filed March 15, 2011) (Docket No. 8362)

(b)     Objection and Reservation of Rights of Crown Credit Company and
Crown Equipment Corporation to Motion for an Order Establishing
Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of
Assumption and/or Assignment of Certain Executory Contracts and
Unexpired Leases by a Successor Reorganized Debtor Pursuant to
Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 15,
2011) (Docket No. 8364)

(c)     Limited Objection of Creditor General Electric Capital Corporation to
Motion of the Debtors for an Order Establishing Procedures for (I) Fixing
Cure Amounts and (II) Providing Notice of Assumption and/or
Assignment of Certain Executory Contracts and Unexpired Leases by a
Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129
of the Bankruptcy Code (Filed March 15, 2011) (Docket No. 8365)

(d)     Limited Objection and Reservation of Rights of CCI Europe A/S to
Motion of the Debtors for an Order Establishing Procedures for (I) Fixing
Cure Amounts and (II) Providing Notice of Assumption and/or
Assignment of Certain Executory Contracts and Unexpired Leases by a
Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129
of the Bankruptcy Code (Filed March 17, 2011) (Docket No. 8398)

(e)     Limited Objection and Reservation of Rights of Comcast Corporation and
Comcast Cable to Motion of the Debtors for an Order Establishing
Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of
Assumption and/or Assignment of Certain Executory Contracts and
Unexpired Leases by a Successor Reorganized Debtor Pursuant to
Sections 365, 1123, and 1129 of the Bankruptcy Code (Filed March 17,
2011) (Docket No. 8400)

Status:     This matter was adjourned from the March 22, 2011 hearing.  The Debtors
intend to submit a revised proposed order that the Debtors believe resolves
the pending objections.  This matter will be going forward.

46429/0001-7449814v2

13.    Official Committee of Unsecured Creditors' Motion to Amend Definition of
        "Termination Event" in Orders Granting Official Committee of Unsecured Creditors
        Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of
        Action on Behalf of the Debtors' Estates (Filed March 21, 2011) (Docket No. 8469)

        Objection Deadline:  April 11, 2011 at 4:00 p.m.

        Responses Received:

                (a)    Sam Zell's Limited Objection to the Committee's Motion to Amend the
                       Definition of "Terminating Event" (Filed April 11, 2011) (Docket No.
                       8616)

        **Related Documents:**

                **(a)    Motion of the Official Committee of Unsecured Creditors for Leave to
                         File Reply of the Official Committee of Unsecured Creditors to Sam
                         Zell's Limited Objection to the Committee's Motion to Amend the
                         Definition of Termination Event (Filed April 20, 2011) (Docket No.
                         8722)**

                **(b)    Order Granting Motion of the Official Committee of Unsecured
                         Creditors for Leave to File Reply of the Official Committee of
                         Unsecured Creditors to Sam Zell's Limited Objection to the
                         Committee's Motion to Amend the Definition of Termination Event
                         (Entered April 21, 2011) (Docket No. 8727)**

                **(c)    Reply of the Official Committee of Unsecured Creditors to Sam Zell's
                         Limited Objection to the Committee's Motion to Amend the
                         Definition of Termination Event (Filed April 20, 2011) (Docket No.
                         8728)**

        Status:        This matter will be going forward.

14.    Samuel Zell's Motion for Clarification that Leave Is Not Necessary, or in the Alternative,
        Leave, to Serve Samuel Zell's Motion for Relief Under Rule 9011 (Filed March 2, 2011)
        (Docket No. 8478)

        Objection Deadline:  April 18, 2011 at 4:00 p.m.

        Responses Received:

                (a)    Objection of the Official Committee of Unsecured Creditors to Sam Zell's
                       Motion for Clarification that Leave is Not Necessary or in the Alternative,
                       for Leave, to Serve Motion or Relief Under Rule 9011 (Filed April 18,
                       2011) (Docket No. 8688)

**Related Documents:**

    (a)    **Sam Zell's Motion for Leave to File His Reply in Support of Motion for Clarification that Leave is Not Necessary, Or in the Alternative, for Leave, to Serve His Motion for Relief Under Rule 9011 (Filed April 20, 2011) (Docket No. 8720)**

Status:    This matter will be going forward.

15.    Tom E. Ehlmann's Motion to Deem Claim Timely Filed (Filed April 7, 2011) (Docket No. 8594)

Objection Deadline:  April 18, 2011 at 4:00 p.m.

Responses Received:

    (a)    Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed April 18, 2011) (Docket No. 8689)

    (b)    **Reply of Mark W. Hianik, John Birmingham, Tom E. Ehlmann, and Peter A. Knapp to the Objection of the Official Committee of Unsecured Creditors to Their Motions to Deem Their Proofs of Claim Timely Filed (Filed April 20, 2011) (Docket No. 8719)**

Status:    This matter will be going forward.

16.    John Birmingham's Motion to Deem Claim Timely Filed (Filed April 7, 2011) (Docket No. 8595)

Objection Deadline:  April 18, 2011 at 4:00 p.m.

Responses Received:

    (a)    Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed April 18, 2011) (Docket No. 8689)

    (b)    **Reply of Mark W. Hianik, John Birmingham, Tom E. Ehlmann, and Peter A. Knapp to the Objection of the Official Committee of Unsecured Creditors to Their Motions to Deem Their Proofs of Claim Timely Filed (Filed April 20, 2011) (Docket No. 8719)**

Status:    This matter will be going forward.

46429/0001-7449814v2

17.    Mark W. Hianik's Motion to Deem Claim Timely Filed (Filed April 7, 2011) (Docket
       No. 8596)

       Objection Deadline:  April 18, 2011 at 4:00 p.m.

       Responses Received:

            (a)    Objection of the Official Committee of Unsecured Creditors to the
                   Motions of Certain Former Officers of the Debtors to Deem Their Proofs
                   of Claim Timely Filed (Filed April 18, 2011) (Docket No. 8689)

            (b)    **Reply of Mark W. Hianik, John Birmingham, Tom E. Ehlmann, and
                   Peter A. Knapp to the Objection of the Official Committee of
                   Unsecured Creditors to Their Motions to Deem Their Proofs of Claim
                   Timely Filed (Filed April 20, 2011) (Docket No. 8719)**

       Status:       This matter will be going forward.

18.    Peter A. Knapp's Motion to Deem Claim Timely Filed (Filed April 7, 2011) (Docket No.
       8597)

       Objection Deadline:  April 18, 2011 at 4:00 p.m.

       Responses Received:

            (a)    Objection of the Official Committee of Unsecured Creditors to the
                   Motions of Certain Former Officers of the Debtors to Deem Their Proofs
                   of Claim Timely Filed (Filed April 18, 2011) (Docket No. 8689)

            (b)    **Reply of Mark W. Hianik, John Birmingham, Tom E. Ehlmann, and
                   Peter A. Knapp to the Objection of the Official Committee of
                   Unsecured Creditors to Their Motions to Deem Their Proofs of Claim
                   Timely Filed (Filed April 20, 2011) (Docket No. 8719)**

       Status:       This matter will be going forward.

46429/0001-7449814v2

19.     **Status Report**

**In accordance with the discussion on the record at the April 14, 2011 hearing, the parties will address a process for resolving objections to the admissibility of documents and deposition designations that have not yet been introduced into evidence.**

Dated: April **21**, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

            -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:    _____
        Norman L. Pernick (No. 2290)
        J. Kate Stickles (No. 2917)
        500 Delaware Avenue, Suite 1410
        Wilmington, DE 19801
        Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION