**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x

In re:                                                                 Chapter 11

TRIBUNE COMPANY et al.,                          Case No. 08-13141 (KJC)

                                                                       (Jointly Administered)

                                    Debtors.           **Hearing Date:  (To be determined)**
---------------------------------------------------------x         **Objections Due:  05/11/2011 @ 4:00 p.m.**

**SIXTH INTERIM FEE APPLICATION OF ZUCKERMAN
SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought:  December 1, 2010 through February 28, 2011

Amount of Compensation sought
as actual, reasonable and necessary:  $1,251,707.75

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:  $2,741,330.92

This is Applicant's Sixth Interim Fee Application.  17.0 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $4,967.00 is the corresponding compensation request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $36,386.06 | $0.00 | $0.00 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $0.00 | $0.00 |
| 7/15/10 | 3/1/10-5/31/10 | $579,613.50 | $337,176.57 | $0.00 | $0.00 |
| 10/15/10 | 6/1/10-8/31/10 | $438,551.50 | $846,788.23 | $0.00 | $0.00 |
| 1/14/11 | 9/1/10-11/30/10 | $868,159.25 | $559,304.80 | $0.00 | $0.00 |

ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $765.00 (2010) $850.00 (2011) | 49.80 192.60 | $38,097.00 $163,710.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $675.00 (2010) $725.00 (2011) | 136.90 346.80 | $92,407.50 $251,430.00 |
| Thomas G. Macauley (I.D. # 3411) | Partner, chapter 11 and bankruptcy litigation; admitted 1995 | $580.00 (2010) $625.00 (2011) | 24.00 16.50 | $13,920.00 $10,312.50 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $550.00 (2010) $600.00 (2011) | 164.80 275.90 | $90,640.00 $165,540.00 |
| Shawn P. Naunton | Partner, civil litigation; admitted 1997 | $590.00 | 45.00 | $26,550.00 |
| P. Andrew Torrez | Partner, civil litigation; admitted 1997 | $550.00 (2010) $585.00 (2011) | 51.70 64.30 | $28,435.00 $37,615.50 |
| Lisa J. Stevenson | Partner, civil litigation; admitted 1997 | $575.00 | 1.00 | $575.00 |
| Laura E. Neish | Partner, litigation admitted 2003 | $540.00 | 18.30 | $9,882.00 |
| Andrew Caridas | Associate, litigation; admitted 2008 | $340.00 | 231.80 | $78,812.00 |
| Steven Herman | Associate, litigation; admitted 2007 | $325.00 | 20.30 | $6,597.50 |
| Scott Hanna | Staff Attorney, 5th year litigation; | $300.00 (2010) $325.00 (2011) | 29.10 48.20 | $8,730.00 $15,665.00 |

3243038.1

1

| | Admitted 2008 | | | |
|---|---|---|---|---|
| Kimberly Gainey | Staff Attorney, 4th year, litigation; admitted 2006 | $285.00 (2010) $310.00 (2011) | 20.90 29.80 | $5,956.50 $9,238.00 |
| S. Ashley O'Neill | Staff Attorney, 11th year, litigation; admitted 2001 | $285.00 (2010) $295.00 (2011) | 3.40 48.10 | $969.00 $14,189.50 |
| Jay Cohen | Staff Attorney, 4th year, litigation; admitted 2006 | $275.00 (2010) $295.00 (2011) | 3.70 13.40 | $1,017.50 $3,953.00 |
| Nina J. Falvello | Staff Attorney, 17th year; admitted 1993 | $265.00 (2010) $285.00 (2011) | 12.00 95.50 | $3,180.00 $27,217.50 |
| Neeri Rao | Contract Law Clerk | $285.00 | 38.10 | $10,858.50 |
| Sepaass Shahidi | Staff Attorney, 3rd year; admitted 2008 | $280.00 | 63.40 | $17,752.00 |
| Barlow Benjamin | Contract Attorney | $265.00 (2010) $270.00 | 20.50 57.10 | $5,432.50 $15,417.00 |
| Laura Eller | Staff Attorney, 15th year, litigation; admitted 1996 | $265.00 | 5.60 | $1,484.00 |
| Alexander Smith | Paralegal, 21st year | $245.00 | 16.90 | $4,140.50 |
| Nancy Kotlowski | Paralegal 12th year | $240.00 | 1.00 | $240.00 |
| Lisa Medoro | Paralegal, 5th year | $240.00 (2010) $265.00 (2011) | 56.50 74.60 | $13,560.00 $19,769.00 |
| Ashley M. Moring | Litigation Support Manager, 4th year | $210.00 (2010 $220.00 (2011) | 56.00 92.30 | $11,760.00 $20,306.00 |
| Lam-Anh Ngoc Nguyen | Litigation Support, 3rd year | $185.00 | 17.80 | $3,293.00 |
| Afton B. Hodge | Paralegal, 4th year | $175.00 (2010) $200.00 (2011) | 30.60 25.70 | $5,355.00 $5,140.00 |
| Alan Mathis | Litigation Support Analyst, 5th year | $185.00 | 2.20 | $407.00 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 4th year | $165.00 (2010) $175.00 (2011) | 17.40 52.90 | $2,871.00 $9,257.50 |
| Monica D. Welham | Assistant Library Director, 10th year | $165.00 (2010) $175.00 (2011) | 38.00 33.80 | $6,270.00 $5,915.00 |
| Kimberly Wilson | Library assistant, 7 years experience | $165.00 (2010) $175.00 (2011) | 24.20 27.40 | $3,993.00 $4,795.00 |
| Diana Gillig | Paralegal Assistant, 11 years experience | $160.00 | 15.80 | $2,528.00 |

3243038.1

Grand Totals:  2,647.70 hours and $1,228,231.50
Blended Rate:  $463.89 per hour
(excluding Non-Working travel time)

3243038.1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|---|
| 0001 | - | Bank Claims | 2,627.90 | $1,221,676.50 |
| 0002 | - | Retention/Fee Application | 19.80 | $   6,555.00 |
| 0003 | - | Non-Working Travel Time (charged ½ time) | 63.90 | $   23,476.25 |
| | | Totals: | 2,711.60 | $ 1,251,707.75 |

3243038.1

4

## ITEMIZED EXPENSES

EXPENSES

| | |
|---|---:|
| Litigation Experts | $ 2,622,167.63 |
| Transportation – Train/Air | $ 14,574.33 |
| Taxi Service and Parking | $ 129.00 |
| Meals – Travel | $ 6.05 |
| Miscellaneous and Tips – Travel | $ 35.30 |
| Local Travel | $ 30.00 |
| Process Service – Brandywine | $ 85.00 |
| Express Delivery – FEDEX | $ 590.06 |
| Outsourced Document Serv. – IKON | $ 6,758.09 |
| Outsourced Document Serv. – Parcels | $ 608.40 |
| Outsourced Document Serv. Digital Legal | $ 3,147.88 |
| Courier Service – Tri-State | $ 257.30 |
| Courier Service – Blue Marble | $ 7.21 |
| Research – Reed Elsevier | $ 26.50 |
| Docket Research – Pacer | $ 191.44 |
| Westlaw Research | $ 21,771.31 |
| CD/DVD Creation | $ 220.00 |
| E-Discovery Conversion to TIFF | $ 4,702.39 |
| E-Discovery Native File Proc | $ 10,012.50 |
| In-house Facsimile | $ 27.00 |
| Telephone Conferencing – SoundPath | $ 200.25 |
| In-house Photocopy | $ 55,471.70 |
| Long Distance Telephone | $ 269.14 |
| Postage | $ 42.44 |
| | |
| TOTAL EXPENSES | $ 2,741,330.92 |

3243038.1

5

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $1,251,707.75 together with reimbursement for actual and necessary expenses incurred in the amount of $2,741,330.92 for the period December 1, 2010, through and including February 28, 2011 (the "Application Period"), and respectfully represents as follows:

1.     Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009.  The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.     During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case.  There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3.     This Sixth Interim Application seeks compensation for fees of $1,251,707.75 and

3243038.1

6

reimbursement of expenses of $2,741,330.92 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4.    During the Application Period, Zuckerman provided services to the Committee and worked closely with the Committee's general bankruptcy counsel and the Committee's financial advisors. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A to Zuckerman's relevant monthly applications (Docket Nos. 8294, 8486 and 8725). The primary services provided by matter are described by subject matter below.

5.    Bank Claims. During the Application Period, Zuckerman met and corresponded regularly with the Committee, its general bankruptcy counsel and financial advisors as well as with other primary parties concerning potential causes of actions relating to the financing of the Debtors' LBO in 2007. Zuckerman attended multiple hearings and conferences on the Committee's behalf.

6.    Zuckerman took a central stage in connection with the discovery and preparation for confirmation of the DCL Plan. Zuckerman strategized with other DCL Plan proponents regarding the upcoming confirmation hearing. Further, Zuckerman prepared for trial and worked

3243038.1

to prepare experts who would testify in support of the DCL Plan. Zuckerman also attended and participated in numerous depositions during the Application Period.

7.    Zuckerman was required by subpoena to respond to broad written discovery directed at the firm by the Noteholders in connection with the confirmation hearing. Zuckerman attorneys and paralegals spent substantial time responding to the subpoena. Also, Zuckerman prepared for a potential deposition of Graeme Bush, Zuckerman's team leader.

8.    Zuckerman also participated in settlement negotiations with the Bridge Lenders, who were objecting to the DCL Plan. As a result of Zuckerman's participation, the Committee and the other DCL plan proponents reached an agreement with the Bridge Lenders, thereby removing them as an obstacle to confirmation of the DCL Plan.

9.    At the beginning of the Application Period and prior to the two-year anniversary of the commencement of these chapter 11 cases, Zuckerman amended and sought leave to amend the two previously commenced complaints that it had filed against numerous parties to address comments by other parties in interest. In addition, Zuckerman drafted and filed two additional related complaints and entered into tolling agreements with other parties. Zuckerman then drafted and filed a motion to confirm standing with respect to all the claims that it had asserted.

10.    Zuckerman spent substantial time during the Application Period researching service information and preparing to serve the complaints on the huge number of parties listed therein as defendants.

11.    Retention/Fee Applications. During the Application Period, Zuckerman prepared and filed one monthly fee application and one interim fee application.

3243038.1

8

## DISBURSEMENTS

12.     Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals." The expense detail is set forth on Exhibit B to Zuckerman's relevant monthly fee applications.

13.     Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

14.     In connection with its representation of the Committee, Zuckerman engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues. Zuckerman requests that the amount of the litigation expert's invoices be allowed to Zuckerman as an expense.

3243038.1

9

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman

$1,251,707.75 in fees compensation and $2,741,330.92 for reimbursement of expenses incurred

during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
       April 21, 2011

               ZUCKERMAN SPAEDER LLP

               Thomas G. Macauley (ID No. 3411)
               919 Market Street, Suite 990
               P.O. Box 1028
               Wilmington, DE 19899
               (302) 427-0400

                    - and -

               Graeme W. Bush
               1800 M Street, N.W.
               Washington, DC 20036
               (202) 778-1800

               Special Counsel to the Official Committee
               of Unsecured Creditors

3243038.1

10

# VERIFICATION

STATE OF DELAWARE        )
                              )        SS:
NEW CASTLE COUNTY        )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1.  I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2.  I have personally performed the legal services rendered by Zuckerman Spaeder LLP as special counsel to the Committee and am thoroughly familiar with all work performed on behalf of the Committee.

3.  The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

3243038.1

11