# EXHIBIT B

## Black Lined Revised Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket ~~No~~Nos. ~~~~ 8287, 8362, 8364, 8365, 8398, and 8400 |

## ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE

This matter having come before the Court on the motion (the "Global Contract Motion") of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by which the Debtors request the entry of an order,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pursuant to sections 365, ~~1123, and 1129 of the Bankruptcy Code, 365 and~~ 1123(a) and (b), and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing procedures to (i) fix cure amounts with respect to the assumption of certain executory contracts and unexpired leases that the Debtors anticipate assuming pursuant to the Debtor/Committee/Lender Plan[2] upon the Effective Date of the Plan, and (ii) provide notice of the proposed assumption of certain executory contracts and unexpired leases by a successor to a Debtor, including by an affiliated Reorganized Debtor, and/or potential assignment to a successor to a Debtor, including to an affiliated Reorganized Debtor, after giving effect to the Restructuring Transactions that are contemplated to occur pursuant to the Debtor/Committee/Lender Plan; and upon consideration of the Global Contract Motion and all pleadings relating thereto; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Global Contract Motion was proper and sufficient under the circumstances, and that no other or further notice need be given; and (d) it appearing that the relief requested in the Global Contract Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Global Contract Motion is granted as modified herein; and it is further

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global Contract Motion, the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified) [Docket No. ~~7801~~8580] (as such has been or may be further amended, modified or supplemented from time to time, the "Debtor/Committee/Lender Plan"), or the related Specific Disclosure Statement for the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Debtor/ Committee/Lender Plan Specific Disclosure Statement"), as applicable.

2

ORDERED that this Order is conditioned on, and shall be effective only upon, the entry of an order confirming the Debtor/Committee/Lender Plan and authorizing and approving the assumption of the Assumed Contracts and Leases and the consummation of the Restructuring Transactions on the terms provided for in the Debtor/Committee/Lender Plan; and it is further

ORDERED; that, except as otherwise provided herein <u>and subject to the expiration of the Response Deadline (defined below)</u>, the Cure Amounts shall be fixed at the amounts set forth on <u>Exhibits A-C</u> of the Global Contract Motion (the "Contract Exhibits"), subject to any payments the Debtors may have made prior to the Effective Date, and no other monetary or any other defaults exist under the Assumed Contracts and Leases <u>as of the date of the Global Contract Motion</u>; and it is further

ORDERED that the inclusion of a Cure Amount does not constitute an admission by the Debtors of any default under the Assumed Contracts or Leases; and it is further

ORDERED that modifications, amendments, or supplements to prepetition executory contracts and unexpired leases that have been entered into by the Debtors during the chapter 11 cases, and actions taken in accordance therewith, shall not affect the prepetition nature of such executory contract and unexpired leases or the treatment of any claims against the Debtors arising under the same, and to the extent that an Assumed Contract or Lease has been modified, amended, or supplemented, then such Assumed Contract or Lease shall be deemed assumed on the Effective Date as modified, amended, or supplemented; and it is further

ORDERED that <u>to the extent that any executory contract or unexpired lease of the Debtors previously expired or terminated, or expires or terminates prior to the Effective Date, in either case pursuant to the terms of such contract or lease or otherwise by agreement of the</u>

parties thereto, such contract or lease shall not be deemed assumed on the Effective Date pursuant to Section 6.1 of the Debtor/Committee/Lender Plan; and it is further

ORDERED that in the event that a counterparty to an Assumed Contract or Lease (i) disagrees with the Proposed Cure Amount as set forth on the Contract Exhibits, (ii) objects to the omission of any contract or lease from the Contract Exhibits, or (iii) objects to the inclusion of a contract or lease on the Contract Exhibits, such party shall submit a written response (a "Response") within 21 days from the date of the entry of this Order (the "Response Deadline"). Each such Response must:

(a) be in writing;

(b) state with specificity the grounds for the disagreement or objection and the fully-liquidated Cure Amount which such party believes is required under section 365 of the Bankruptcy Code;

(c) include any supporting documentation of the foregoing, including the executory contract or unexpired lease to which such Cure Amount relates or the identification thereof, the specific nature and dates of any alleged defaults, the pecuniary losses resulting therefrom and the conditions giving rise thereto; and

(d) be served on counsel to the Debtors so as to be actually received on or before the Response Deadline, at the following addresses:

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Attn: Jillian K. Ludwig
Email: jillian.ludwig@sidley.com

Cole, Schotz, Meisel, Forman &
Leonard, P.A.
~~1500~~500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Norman L. Pernick

and it is further;

ORDERED that the Debtors may amend or modify the Contract Exhibits prior to the Effective Date of the Debtor/Committee/Lender Plan as may be necessary to ~~modify~~increase or decrease Proposed Cure Amounts, to add or remove Assumed Contracts and Leases from the Contract Exhibits, or to amend proposed assignments pursuant to the Restructuring Transactions,

upon notice to any contract or lease counterparty affected by such amendment or modification; and it is further

ORDERED that if, on or after the date of the entry of this Order the Debtors supplement, modify, or amend the Contract Exhibits, the Debtors shall provide notice to the counterparties to any Assumed Contract or Lease affected by such amendment and such party shall have 21 days from such notice to serve a written Response consistent with the procedures set forth herein (the "Supplemental Response Deadline"); and it is further

ORDERED that the Debtors or a counterparty to an Assumed Contract or Lease may request that a hearing be held to resolve any ~~disputes as to the Proposed Cure Amounts~~Response at a date and time to be determined by the Debtors in their discretion, subject to the Court's availability, which hearing may, after appropriate notice, be scheduled after the Confirmation Date, but shall be scheduled prior to the Effective Date; and it is further

ORDERED that in the event that a Response ~~regarding the Proposed Cure Amount~~ must be resolved by the Court, then payment of any ~~such~~ Cure Amounts subject to such Response shall be made following the entry of a Final Order by the Bankruptcy Court resolving the Response or pursuant to ~~any~~an agreement by the parties resolving the Response; and it is further

ORDERED that notwithstanding anything to the contrary in an Assumed Contract or Lease or any Proof of Claim (whether formal or informal) that has been filed or may be filed by a counterparty to an Assumed Contract or Lease or any other document or instrument, if no Response is timely received, or if a timely Response is received but does not comply with the foregoing requirements then, without any further notice to, or action, approval or order by, this Court, (i) each counterparty to each such Assumed Contract or Lease shall be bound by and

subject to, and shall be deemed to have consented to, the Proposed Cure Amount listed in the Contract Exhibits, and (ii) the applicable Cure Amount shall be fixed, for purposes of satisfying the requirements of sections 365 and 1123 and the terms of the Debtor/Committee/Lender Plan, at the amount set forth on the Contract Exhibits ~~attached hereto~~, subject to any payments the Debtors may have made prior to the Effective Date, and any obligation the Debtors or the Reorganized Debtors may have under section 365 in excess of the applicable Cure Amount shall be deemed fully satisfied, released and discharged, notwithstanding any amount or information included in the Schedules or any Proof of Claim; and it is further

ORDERED that, notwithstanding anything set forth herein to the contrary, the Debtors' ongoing claims reconciliation and objection process rather than the procedures set forth in this Order shall apply to cure amounts, if any, arising from the following categories of Assumed Contracts and Leases: (i) any Tribune Assumed Contract/Lease for which a claim was scheduled or a Proof of Claim was filed, in either case in an amount that is equal to or less than $1,000 on account of monetary defaults under such Tribune Assumed Contract/Lease that would be required to be cured as a condition of assumption and (ii) any Subsidiary Assumed Contract/Lease for which a claim was scheduled or a Proof of Claim was filed, in either case in an amount that is equal to or less than $25,000 on account of monetary defaults under such Subsidiary Assumed Contract/Lease that would be required to be cured as a condition of assumption; and it is further

ORDERED that the form of Restructuring Transactions Notice attached hereto as Exhibit A is hereby approved, and the service of the Restructuring Transactions Notice on the Debtors' known contract and lease counterparties constitutes due and adequate notice of the consequences of the Restructuring Transactions for the counterparties to the Assumed Contracts

and Leases, Previously Assumed Contracts/Leases, and Postpetition Contracts/Leases; and it is further

ORDERED that the Debtors and the Reorganized Debtors have provided adequate assurance of future performance by the Successor Reorganized Debtors of each of the Assumed Contracts and Leases and Previously Assumed Contracts/Leases to all counterparties to the Assumed Contracts and Leases; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2011

                                              The Honorable Kevin J. Carey
                                              Chief United States Bankruptcy Judge

# EXHIBIT A

**Notice Of Restructuring Transactions**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[3]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CONTRACTS AND LEASES PURSUANT TO RESTRUCTURING TRANSACTIONS

**PLEASE TAKE NOTICE THAT** on ~~February 4, 2011,~~ April 5, 2011 the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified) [Docket No. ~~7801~~8580] (as may be modified, amended, or supplemented, the "Debtor/Committee/Lender Plan") was filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor/Committee/Lender Plan contemplates that the Debtors may enter into various Restructuring Transactions in connection with their emergence from their Chapter 11 Cases. As part of these Restructuring Transactions, some or all of the contracts and leases to which certain Debtors are a party will be assumed by, assigned to and/or vest in other affiliated Debtors or Reorganized Debtors that will be successors to the existing Debtor parties to

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

such contracts. These affiliated Debtors or Reorganized Debtors shall become party to the applicable contract or lease, and the terms of such contract or lease shall remain in full force and effect (unless otherwise rejected pursuant to the terms of the Debtor/Committee/Lender Plan).

**PLEASE TAKE FURTHER NOTICE THAT** on January 31, 2011, the Debtor/Committee/Lender Plan Proponents filed with the Bankruptcy Court the Plan Supplement related to the Debtor/Committee/Lender Plan [Docket No. 7701]. Exhibit 5.2 to the Debtor/Committee/Lender Plan (filed as part of the Plan Supplement) includes a detailed outline and schematic depiction of the specific Restructuring Transactions anticipated to occur prior to, on, or after the Effective Date (including illustrative charts detailing the Restructuring Transactions). Instructions on where you can obtain a copy of Exhibit 5.2 are set forth in the last paragraph of this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** attached hereto as Exhibit A is a table that provides information regarding the ~~identify~~identity of each of the Debtor subsidiaries of Tribune Company (the "Subsidiaries") following the consummation of the Restructuring Transactions contemplated by the Debtor/Committee/Lender Plan. The column titled "Pre-Emergence Entity" on Exhibit A provides the current identity of each Subsidiary. Set forth opposite each such Subsidiary in the column titled "Post-Emergence Entity" is the identity of its anticipated successor following the consummation of the Restructuring Transactions.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor/Committee/Lender Plan and the Plan Supplement, including Exhibit 5.2 to the Debtor/Committee/Lender Plan, are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours. In addition, any party in interest wishing to obtain copies of the Debtor/Committee/Lender Plan or the Plan Supplement may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (646) 282-2400. Copies of the Debtor/Committee/Lender Plan and the Plan Supplement are also available on the Internet free of charge at http://chapter11.epiqsystems.com/trb.

Dated: _____, 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE SCHOTZ MEISEL FORMAN |
| James F. Conlan | & LEONARD, P.A. |
| Bryan Krakauer | Norman L. Pernick (No. 2290) |
| Kevin T. Lantry | J. Kate Stickles (No. 2917) |
| Jessica C.K. Boelter | Patrick J. Reilley (No. 4451) |
| One South Dearborn Street | 500 Delaware Avenue, Suite 1410 |
| Chicago, Illinois 60603 | Wilmington, DE 19801 |
| Telephone: (312) 570-0199 | Telephone: (302) 652-3131 |
| Facsimile: (312) 853-7036 | Facsimile: (302) 652-3117 |

Counsel for Debtors and Debtors In Possession

# EXHIBIT A

CH1 5877798v.1

EXHIBIT A

# Tribune Company
# Restructuring Transactions

The following two column list provides information regarding the identity of each of the Debtors following the consummation of the Restructuring Transactions contemplated by the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified) [Docket No. ~~7801~~8580] (as may be modified, amended, or supplemented) (the "Debtor/Committee/Lender Plan"). The column titled "Pre-Emergence Entity" in the table below provides the current identity of each Debtor. Set forth opposite each such Debtor is the identity of its anticipated successor following the consummation of the Restructuring Transactions. Any row that lists multiple entities in the "Post-Emergence Entity" column indicates that the "Pre-Emergence Entity" is contributing its businesses among the entities set forth in the column titled "Post-Emergence Entity". The state of incorporation or formation for each entity is listed in parentheses in the "Pre-Emergence Entity" column, and unless otherwise noted, Delaware is the state of formation for all entities listed in the "Post-Emergence Entity" column. Capitalized terms not defined herein have the meaning given in the Debtor/Committee Lender Plan. For more information regarding the Restructuring Transactions, please refer to Exhibit 5.2 of the Debtor/Committee Lender Plan. The Debtor/Committee/Lender Plan Proponents reserve the right to amend or modify the information set forth below.

|   | Pre-Emergence Entity | Post-Emergence Entity |
|---|---|---|
| 1. | Tribune Company (DE) | Tribune Company (no change) |
| 2. | 435 Production Company (DE) | Tribune Entertainment Company, LLC |
| 3. | 5800 Sunset Productions Inc. (DE) | Tribune Entertainment Company, LLC |
| 4. | Baltimore Newspaper Networks, Inc. (MD) | Patuxent Publishing Company, LLC |
| 5. | The Baltimore Sun Company (MD) | The Baltimore Sun Company, LLC |
| 6. | California Community News Corporation (DE) | California Community News, LLC |
| 7. | Candle Holdings Corporation (DE) | Tribune Investments, LLC |
| 8. | Channel 20, Inc. (DE) | Tribune Broadcasting Company, LLC |
| 9. | Channel 39, Inc. (DE) | WSFL, LLC |
| 10. | Channel 40, Inc. (DE) | KTXL, LLC |
| 11. | Chicago Avenue Construction Company (IL) | Chicago Tribune Company, LLC |
| 12. | ChicagoLand Microwave Licensee, Inc. (DE) | ChicagoLand Television News, LLC |
| 13. | Chicagoland Publishing Company (DE) | Chicagoland Publishing Company, LLC |
| 14. | Chicagoland Television News, Inc. (DE) | Chicagoland Television News, LLC |
| 15. | Chicago River Production Company (DE) | Tribune Entertainment Company, LLC |
| 16. | Chicago Tribune Company (IL) | Chicago Tribune Company, LLC |
| 17. | Chicago Tribune Newspapers, Inc. (IL) | Chicago Tribune Company, LLC |
| 18. | Chicago Tribune Press Service, Inc. (IL) | Chicago Tribune Company, LLC |
| 19. | Courant Specialty Products, Inc. (CT) | The Hartford Courant Company, LLC |
| 20. | The Daily Press, Inc. (DE) | The Daily Press, LLC |
| 21. | Direct Mail Associates, Inc. (PA) | The Morning Call, LLC |

|     | **Pre-Emergence Entity** | **Post-Emergence Entity** |
| --- | --- | --- |
| 22. | Distribution Systems of America, Inc. (NY) | Tribune ND, LLC |
| 23. | Eagle New Media Investments, LLC (DE)[4] | Tribune Publishing Company, LLC<br>Chicagoland Publishing Company, LLC |
| 24. | Eagle Publishing Investments, LLC (DE) | Tribune Investments, LLC |
| 25. | forsalebyowner.com corp. (NY) | forsalebyowner.com, LLC |
| 26. | ForSaleByOwner.com Referral Services LLC (FL) | ForSaleByOwner.com Referral Services LLC |
| 27. | Fortify Holdings Corporation (DE) | Tribune Investments, LLC |
| 28. | Forum Publishing Group, Inc. (DE) | Sun-Sentinel Company, LLC |
| 29. | Gold Coast Publications, Inc. (DE) | Sun-Sentinel Company, LLC |
| 30. | GreenCo, Inc. (DE) | Tribune Investments, LLC |
| 31. | The Hartford Courant Company (CT) | The Hartford Courant Company, LLC |
| 32. | Heart & Crown Advertising, Inc. (CT) | The Hartford Courant Company, LLC |
| 33. | Homeowners Realty, Inc. (UT) | forsalebyowner.com, LLC |
| 34. | Homestead Publishing Co. (MD) | Homestead Publishing Co., LLC |
| 35. | Hoy, LLC (NY) | Tribune ND, LLC |
| 36. | Hoy Publications, LLC (DE) | Hoy Publications, LLC (no change) |
| 37. | InsertCo, Inc. (NY) | Tribune 365, LLC |
| 38. | Internet Foreclosure Service, Inc. (NY) | Internet Foreclosure Service, LLC |
| 39. | JuliusAir Company II, LLC (DE) | Tribune Investments, LLC |
| 40. | JuliusAir Company LLC (DE) | Tribune Investments, LLC |
| 41. | KIAH Inc. (DE) | KIAH, LLC |
| 42. | KPLR, Inc. (MO) | KPLR, Inc. (MO) (no change) |
| 43. | KSWB Inc. (DE) | KSWB, LLC |
| 44. | KTLA Inc. (CA) | KTLA, LLC |
| 45. | KWGN Inc. (DE) | KWGN, LLC |
| 46. | Los Angeles Times Communications LLC (DE) | Los Angeles Times Communications LLC (no change) |
| 47. | Los Angeles Times International, Ltd. (CA) | Los Angeles Times International, LLC |
| 48. | Los Angeles Times Newspapers, Inc. (DE) | Los Angeles Times Communications LLC |
| 49. | Magic T Music Publishing Company (DE) | Magic T Music Publishing Company, LLC |
| 50. | The Morning Call, Inc. (PA) | The Morning Call, LLC |
| 51. | NBBF, LLC (DE) | NBBF, LLC (no change) |
| 52. | Neocomm, Inc. (DE) | Orlando Sentinel Communications Company, LLC |
| 53. | New Mass. Media, Inc. (MA) | The Hartford Courant Company, LLC |
| 54. | Newscom Services, Inc. (DE) | Tribune Publishing Company, LLC |
| 55. | Newspaper Readers Agency, Inc. (IL) | Chicago Tribune Company, LLC |
| 56. | North Michigan Production Company (DE) | Tribune Entertainment Company, LLC |
| 57. | North Orange Avenue Properties, Inc. (FL) | Orlando Sentinel Communications Company, LLC |
| 58. | Oak Brook Productions, Inc. (DE) | Oak Brook Productions, LLC |
| 59. | Orlando Sentinel Communications Company | Orlando Sentinel Communications Company, |

---

[4] Eagle New Media Investments, LLC will convey the assets and liabilities of Chicago Magazine to Chicagoland Publishing Company, LLC and subsequently will merge into Tribune Publishing Company, LLC.

|  | **Pre-Emergence Entity** | **Post-Emergence Entity** |
|---|---|---|
|  | (DE) | LLC |
| 60. | The Other Company LLC (DE) | The Other Company LLC (no change) |
| 61. | Patuxent Publishing Company (MD) | Patuxent Publishing Company, LLC |
| 62. | Publishers Forest Products Co. of Washington (WA) | Tribune Investments, LLC |
| 63. | Sentinel Communications News Ventures, Inc. (DE) | Orlando Sentinel Communications Company, LLC |
| 64. | Shepard's Inc. (DE) | Tribune Investments, LLC |
| 65. | Signs of Distinction, Inc. (MD) | The Baltimore Sun Company, LLC |
| 66. | Southern Connecticut Newspapers, Inc. (CT) | Tribune Publishing Company, LLC |
| 67. | Star Community Publishing Group, LLC (DE) | Tribune ND, LLC |
| 68. | Stemweb, Inc. (NY) | forsalebyowner.com, LLC |
| 69. | Sun-Sentinel Company (DE) | Sun-Sentinel Company, LLC |
| 70. | Times Mirror Land and Timber Company (OR) | Tribune Investments, LLC |
| 71. | Times Mirror Payroll Processing Company, Inc. (DE) | Tribune Investments, LLC |
| 72. | Times Mirror Services Company, Inc. (DE) | Tribune Investments, LLC |
| 73. | TMLH 2, Inc. (CA) | The Hartford Courant Company, LLC |
| 74. | TMLS I, Inc. (CA) | Tribune Publishing Company, LLC |
| 75. | TMS Entertainment Guides, Inc. (DE) | TMS Entertainment Guides, LLC |
| 76. | Tower Distribution Company (DE) | Tower Distribution Company, LLC |
| 77. | Towering T Music Publishing Company (DE) | Towering T Music Publishing Company, LLC |
| 78. | Tribune Broadcast Holdings, Inc. (DE)[5] | WTTV, LLC<br>KRCW, LLC |
| 79. | Tribune Broadcasting Company (DE) | Tribune Broadcasting Company, LLC |
| 80. | Tribune Broadcasting Holdco, LLC (DE) | Tribune Broadcasting Company, LLC |
| 81. | Tribune California Properties, Inc. (DE) | Tribune Investments, LLC |
| 82. | Tribune CNLBC, LLC (DE) | Tribune CNLBC, LLC (no change) |
| 83. | Tribune Direct Marketing, Inc. (DE) | Tribune Direct Marketing, LLC |
| 84. | Tribune Entertainment Company (DE) | Tribune Entertainment Company, LLC |
| 85. | Tribune Entertainment Production Company (DE) | Tribune Entertainment Company, LLC |
| 86. | Tribune Finance, LLC (DE) | Tribune Investments, LLC |
| 87. | Tribune Finance Service Center, Inc. (DE) | Tribune Investments, LLC |
| 88. | Tribune License, Inc. (DE) | Tribune Publishing Company, LLC |
| 89. | Tribune Los Angeles, Inc. (DE) | Los Angeles Times Communications LLC |
| 90. | Tribune Manhattan Newspaper Holdings, Inc. (DE) | Tribune ND, LLC |
| 91. | Tribune Media Net, Inc. (DE) | Tribune 365, LLC |
| 92. | Tribune Media Services, Inc. (DE) | Tribune Media Services, LLC |
| 93. | Tribune Network Holdings Company (DE) | Tribune Broadcasting Company, LLC |
| 94. | Tribune New York Newspaper Holdings, LLC (DE) | Tribune ND, LLC |

---

[5] Tribune Broadcast Holdings, Inc. will (i) convey assets and liabilities of the WTTV television station to WTTV, LLC and (ii) convey assets and liabilities of the KRCW television station to KRCW, LLC.

3

| | Pre-Emergence Entity | Post-Emergence Entity |
|---|---|---|
| 95. | Tribune NM, Inc. (DE) | Tribune Publishing Company, LLC |
| 96. | Tribune Publishing Company (DE) | Tribune Publishing Company, LLC |
| 97. | Tribune Television Company (DE)[6] | WTIC, LLC<br>WXIN, LLC<br>KDAF, LLC<br>WPHL, LLC<br>WPMT, LLC |
| 98. | Tribune Television Holdings, Inc. (DE)[7] | WXMI, LLC<br>KZIO, LLC |
| 99. | Tribune Television New Orleans, Inc. (DE) | Tribune Broadcasting New Orleans, LLC |
| 100. | Tribune Television Northwest, Inc. (DE) | KCPQ, LLC |
| 101. | Tribune Washington Bureau Inc. (DE) | Tribune Washington Bureau, LLC |
| 102. | ValuMail, Inc. (CT) | The Hartford Courant Company, LLC |
| 103. | Virginia Community Shoppers, LLC (DE) | The Daily Press, LLC |
| 104. | Virginia Gazette Companies, LLC (DE) | The Daily Press, LLC |
| 105. | WATL, LLC (DE) | Tribune Broadcasting Company, LLC |
| 106. | WCWN LLC (DE) | Tribune Broadcasting Company, LLC |
| 107. | WDCW Broadcasting, Inc. (DE) | WDCW, LLC |
| 108. | WGN Continental Broadcasting Company (DE) | WGN Continental Broadcasting Company, LLC |
| 109. | WLVI Inc. (DE) | Tribune Broadcasting Company, LLC |
| 110. | WPIX, Inc. (DE) | WPIX, LLC |
| 111. | WCCT, Inc. (f/k/a WTXX Inc.) (DE) | WCCT, LLC |

---

[6] Tribune Television Company will convey (i) the assets and liabilities of the WTIC television station to WTIC, LLC, (ii) the assets and liabilities of the WXIN television station to WXIN, LLC, (iii) the assets and liabilities of the KDAF television station to KDAF, LLC, (iv) the assets and liabilities of the WPHL television station to WPHL, LLC and (v) the assets and liabilities of the WPMT television station to WPMT, LLC.

[7] Tribune Television Holdings, Inc. will (i) convey the assets and liabilities of the WXMI television station to WXMI, LLC and (ii) convey the assets and liabilities of the KZIO television station (formerly known as KMYQ) to KZIO, LLC.