IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 8287, 8362, 8364, 8365, 8398, and 8400 (and 8738) |

## ORDER ESTABLISHING PROCEDURES FOR (I) FIXING CURE AMOUNTS AND (II) PROVIDING NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY A SUCCESSOR REORGANIZED DEBTOR PURSUANT TO SECTIONS 365, 1123, AND 1129 OF THE BANKRUPTCY CODE

This matter having come before the Court on the motion (the "Global Contract Motion") of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by which the Debtors request the entry of an order,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pursuant to sections 365, 1123(a) and (b), and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing procedures to (i) fix cure amounts with respect to the assumption of certain executory contracts and unexpired leases that the Debtors anticipate assuming pursuant to the Debtor/Committee/Lender Plan$^2$ upon the Effective Date of the Plan, and (ii) provide notice of the proposed assumption of certain executory contracts and unexpired leases by a successor to a Debtor, including by an affiliated Reorganized Debtor, and/or potential assignment to a successor to a Debtor, including to an affiliated Reorganized Debtor, after giving effect to the Restructuring Transactions that are contemplated to occur pursuant to the Debtor/Committee/Lender Plan; and upon consideration of the Global Contract Motion and all pleadings relating thereto; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Global Contract Motion was proper and sufficient under the circumstances, and that no other or further notice need be given; and (d) it appearing that the relief requested in the Global Contract Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Global Contract Motion is granted as modified herein; and it is further

---

$^2$ Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global Contract Motion, the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified) [Docket No. 8580] (as such has been or may be further amended, modified or supplemented from time to time, the "Debtor/Committee/Lender Plan"), or the related Specific Disclosure Statement for the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Debtor/Committee/Lender Plan Specific Disclosure Statement"), as applicable.

ORDERED that this Order is conditioned on, and shall be effective only upon, the entry of an order confirming the Debtor/Committee/Lender Plan and authorizing and approving the assumption of the Assumed Contracts and Leases and the consummation of the Restructuring Transactions on the terms provided for in the Debtor/Committee/Lender Plan; and it is further

ORDERED that, except as otherwise provided herein and subject to the expiration of the Response Deadline (defined below), the Cure Amounts shall be fixed at the amounts set forth on <u>Exhibits A-C</u> of the Global Contract Motion (the "<u>Contract Exhibits</u>"), subject to any payments the Debtors may have made prior to the Effective Date, and no other monetary or any other defaults exist under the Assumed Contracts and Leases as of the date of the Global Contract Motion; and it is further

ORDERED that the inclusion of a Cure Amount does not constitute an admission by the Debtors of any default under the Assumed Contracts or Leases; and it is further

ORDERED that modifications, amendments, or supplements to prepetition executory contracts and unexpired leases that have been entered into by the Debtors during the chapter 11 cases, and actions taken in accordance therewith, shall not affect the prepetition nature of such executory contract and unexpired leases or the treatment of any claims against the Debtors arising under the same, and to the extent that an Assumed Contract or Lease has been modified, amended, or supplemented, then such Assumed Contract or Lease shall be deemed assumed on the Effective Date as modified, amended, or supplemented; and it is further

ORDERED that to the extent that any executory contract or unexpired lease of the Debtors previously expired or terminated, or expires or terminates prior to the Effective Date, in either case pursuant to the terms of such contract or lease or otherwise by agreement of the

parties thereto, such contract or lease shall not be deemed assumed on the Effective Date pursuant to Section 6.1 of the Debtor/Committee/Lender Plan; and it is further

ORDERED that in the event that a counterparty to an Assumed Contract or Lease (i) disagrees with the Proposed Cure Amount as set forth on the Contract Exhibits, (ii) objects to the omission of any contract or lease from the Contract Exhibits, or (iii) objects to the inclusion of a contract or lease on the Contract Exhibits, such party shall submit a written response (a "Response") within 21 days from the date of the entry of this Order (the "Response Deadline"). Each such Response must:

(a) be in writing;

(b) state with specificity the grounds for the disagreement or objection and the fully-liquidated Cure Amount which such party believes is required under section 365 of the Bankruptcy Code;

(c) include any supporting documentation of the foregoing, including the executory contract or unexpired lease to which such Cure Amount relates or the identification thereof, the specific nature and dates of any alleged defaults, the pecuniary losses resulting therefrom and the conditions giving rise thereto; and

(d) be served on counsel to the Debtors so as to be actually received on or before the Response Deadline, at the following addresses:

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Attn: Jillian K. Ludwig
Email: jillian.ludwig@sidley.com

Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Norman L. Pernick

and it is further;

ORDERED that the Debtors may amend or modify the Contract Exhibits prior to the Effective Date of the Debtor/Committee/Lender Plan as may be necessary to increase or decrease Proposed Cure Amounts, to add or remove Assumed Contracts and Leases from the Contract Exhibits, or to amend proposed assignments pursuant to the Restructuring Transactions,

upon notice to any contract or lease counterparty affected by such amendment or modification; and it is further

ORDERED that if, on or after the date of the entry of this Order the Debtors supplement, modify, or amend the Contract Exhibits, the Debtors shall provide notice to the counterparties to any Assumed Contract or Lease affected by such amendment and such party shall have 21 days from such notice to serve a written Response consistent with the procedures set forth herein (the "Supplemental Response Deadline"); and it is further

ORDERED that the Debtors or a counterparty to an Assumed Contract or Lease may request that a hearing be held to resolve any Response at a date and time to be determined by the Debtors in their discretion, subject to the Court's availability, which hearing may, after appropriate notice, be scheduled after the Confirmation Date, but shall be scheduled prior to the Effective Date; and it is further

ORDERED that in the event that a Response must be resolved by the Court, then payment of any Cure Amounts subject to such Response shall be made following the entry of a Final Order by the Bankruptcy Court resolving the Response or pursuant to an agreement by the parties resolving the Response; and it is further

ORDERED that notwithstanding anything to the contrary in an Assumed Contract or Lease or any Proof of Claim (whether formal or informal) that has been filed or may be filed by a counterparty to an Assumed Contract or Lease or any other document or instrument, if no Response is timely received, or if a timely Response is received but does not comply with the foregoing requirements then, without any further notice to, or action, approval or order by, this Court, (i) each counterparty to each such Assumed Contract or Lease shall be bound by and subject to, and shall be deemed to have consented to, the Proposed Cure Amount listed in the

Contract Exhibits, and (ii) the applicable Cure Amount shall be fixed, for purposes of satisfying the requirements of sections 365 and 1123 and the terms of the Debtor/Committee/Lender Plan, at the amount set forth on the Contract Exhibits, subject to any payments the Debtors may have made prior to the Effective Date, and any obligation the Debtors or the Reorganized Debtors may have under section 365 in excess of the applicable Cure Amount shall be deemed fully satisfied, released and discharged, notwithstanding any amount or information included in the Schedules or any Proof of Claim; and it is further

ORDERED that, notwithstanding anything set forth herein to the contrary, the Debtors' ongoing claims reconciliation and objection process rather than the procedures set forth in this Order shall apply to cure amounts, if any, arising from the following categories of Assumed Contracts and Leases: (i) any Tribune Assumed Contract/Lease for which a claim was scheduled or a Proof of Claim was filed, in either case in an amount that is equal to or less than $1,000 on account of monetary defaults under such Tribune Assumed Contract/Lease that would be required to be cured as a condition of assumption and (ii) any Subsidiary Assumed Contract/Lease for which a claim was scheduled or a Proof of Claim was filed, in either case in an amount that is equal to or less than $25,000 on account of monetary defaults under such Subsidiary Assumed Contract/Lease that would be required to be cured as a condition of assumption; and it is further

ORDERED that the form of Restructuring Transactions Notice attached hereto as Exhibit A is hereby approved, and the service of the Restructuring Transactions Notice on the Debtors' known contract and lease counterparties constitutes due and adequate notice of the consequences of the Restructuring Transactions for the counterparties to the Assumed Contracts

and Leases, Previously Assumed Contracts/Leases, and Postpetition Contracts/Leases; and it is further

ORDERED that the Debtors and the Reorganized Debtors have provided adequate assurance of future performance by the Successor Reorganized Debtors of each of the Assumed Contracts and Leases and Previously Assumed Contracts/Leases to all counterparties to the Assumed Contracts and Leases; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_April 25_, 2011

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge