**<u>Proposed Form of Order</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related Docket No.** ____ |

## ORDER APPROVING (I) FORM, SCOPE AND PROCEDURES TO (A) PROVIDE HOLDERS OF SENIOR LOAN CLAIMS AND SENIOR GUARANTY CLAIMS WITH OPPORTUNITY TO CHANGE VOTES ON DEBTOR/COMMITTEE/LENDER PLAN; (B) ALLOW HOLDERS OF SENIOR NOTEHOLDER CLAIMS AND OTHER PARENT CLAIMS TO MAKE NEW TREATMENT ELECTIONS; (C) ALLOW HOLDERS OF CLAIMS THAT PREVIOUSLY GRANTED CERTAIN RELEASES TO MAKE ELECTIONS CONCERNING SUCH RELEASES AS MODIFIED; AND (D) ALLOW HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY TO OPT OUT OF TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN; AND (II) SUPPLEMENT TO DISCLOSURE STATEMENT AND EXPLANATORY STATEMENT AND DISTRIBUTION OF SAME

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon the Motion[2] of the Debtors for entry of an order pursuant to sections 105(a), 1125, 1126 and 1127 of the Bankruptcy Code and Bankruptcy Rules 2002, 3018 and 3019 (i) approving the form, scope and procedures for providing Holders of Senior Loan Claims and Senior Guaranty Claims with the opportunity to change their votes to accept or reject the Second Amended Joint Plan of Reorganization for the Debtors proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified), which was filed with the Bankruptcy Court on April 5, 2011 [Docket No. 8580] (the "Debtor/Committee/Lender Plan"); (ii) approving the form, scope and procedures for allowing the Holders of Senior Noteholder Claims and Other Parent Claims to make elections to receive new treatment for such Claims under the Debtor/ Committee/Lender Plan that are in addition to the treatment options already provided for those claims under that plan; (iii) approving the form, scope and procedures for allowing the Holders of Claims that previously elected to grant certain releases provided for in the Debtor/ Committee/Lender Plan to make additional elections concerning the scope of those releases that result from post-solicitation modifications made to the Debtor/Committee/Lender Plan; (iv) approving the form, scope and procedures for allowing the Holders of Claims against Tribune Company to reconsider and, if they wish, opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan; and (v) approving the Supplemental Disclosure Statement and the Explanatory Statement; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

accordance with 28 U.S.C. §§ 157 and 1334, and that this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interest

of the Debtors and their estates, and after due deliberation, and sufficient cause appearing

therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Supplemental Disclosure Statement is approved as a supplement to

the previously-approved disclosure statement respecting the Debtor/Committee/Lender Plan,

pursuant to section 1125 of the Bankruptcy Code; and it is further

ORDERED, that the Explanatory Statement is approved for distribution to the Holders of

Claims as set forth in the Motion for the purpose of facilitating the consideration by such Holders

of treatment, release and Creditors' Trust opt out elections under the Debtor/Committee/Lender

Plan, pursuant to section 105(a) of the Bankruptcy Code; and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide the

Holders of Senior Loan Claims and Senior Guaranty Claims with the opportunity to change the

votes previously cast on the Debtor/Committee/Lender Plan by such Holders in accordance with

the following procedures:

- The DCL Plan Proponents will cause to be mailed to each person or entity that was a Holder of Senior Loan Claims and Senior Guaranty Claims as of December 6, 2010 (the "Voting Record Date") a supplemental ballot which will be substantially in the form attached hereto as Exhibit A (a "Supplemental Ballot").

- The DCL Plan Proponents will additionally provide each Holder of Senior Loan Claims and Senior Guaranty Claims with (i) a copy of the Debtor/Committee/Lender Plan as modified, and (ii) a Supplemental Disclosure Statement, which will be substantially in the form attached hereto as Exhibit B.

- Holders of Senior Loan Claims and Senior Guaranty Claims as of the Voting Record Date shall have until June 10, 2011 to return their Supplemental Ballots to the Voting Agent.

- If a Supplemental Ballot is not received from a particular Holder of Senior Loan Claims and Senior Guaranty Claims on or before June 10, 2011, such Holder's previously-cast vote in connection with the solicitation process on the December 2010 DCL Plan shall continue to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan as modified, in accordance with section 1127(d) of the Bankruptcy Code.

- The procedures established by this Court in the Solicitation Order (as supplemented by further orders of this Court) to tabulate ballots respecting the various plans of reorganization and elections thereunder shall also apply to the tabulation of votes and elections on any Supplemental Ballots, as shall the remaining provisions of the Solicitation Order except to the extent expressly modified by this Order;

and it is further

ORDERED, that the DCL Plan Proponents are not required to provide any other Holders

of Claims that previously cast votes to accept or reject the Debtor/Committee/Lender Plan with

the opportunity to change such votes; and it is further

ORDERED, that the Supplemental Disclosure Statement is only required to be provided

to Holders of Senior Loan Claims and Senior Guaranty Claims; and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide

notice of the opportunity for Holders of Senior Noteholder Claims and Other Parent Claims to

make the alternative treatment elections provided for in Sections 3.2.5 and 3.2.6 of the Debtor/

Committee/Lender Plan, and to determine whether those alternative treatment elections have

been validly made, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms for the Holders of Senior Noteholder Claims (the "Senior Noteholder Election Form"), which will be substantially in the form attached hereto as Exhibit C, to be distributed to the beneficial holders of Senior Noteholder Claims through the record holders of such Senior Noteholder Claims as of the Voting Record Date.

- The beneficial holders of Senior Noteholder Claims will return their Senior Noteholder Election Forms to the applicable record holders of the Senior Notes for tabulation and to be returned to the Voting Agent on a master tabulation form (a "Senior Noteholder Tabulation Form"), which will be substantially in the form attached hereto as Exhibit D.

4

- The Debtors will cause election forms for the Holders of Other Parent Claims (the "Other Parent Claim Election Form"), which will be substantially in the form attached hereto as Exhibit E, to be distributed to the Holders of Other Parent Claims as of the Voting Record Date.

- The record holders of Senior Noteholder Claims and the Holders of Other Parent Claims will have until June 30, 2011 to return the Senior Noteholder Tabulation Forms and the Other Parent Claim Election Forms, as applicable, to the Voting Agent.

- Elections reflected on Senior Noteholder Tabulation Forms or Other Parent Claim Election Forms that are received by the Voting Agent after June 30, 2011 shall be disregarded and shall not be considered in computing distributions under the Debtor/Committee/Lender Plan.

- If the Voting Agent does not receive a Senior Noteholder Tabulation Form or an Other Parent Claim Election Form providing that a particular Holder of a Claim wishes to make the applicable treatment elections, such Holder will (i) be bound by any treatment election made by that Holder under the December 2010 DCL Plan (in the case of Other Parent Claims) or, in the absence of any such prior election, (ii) receive the default treatment provided in Section 3.2.5(c)(ii) of the Debtor/Committee/Lender Plan for Senior Noteholder Claims or Section 3.2.6(c)(iv) of the Debtor/Committee/Lender Plan for Other Parent Claims (as applicable).

- The provisions of the Solicitation Order applicable to treatment elections under the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Senior Noteholder Election Forms, Senior Noteholder Tabulation Forms, and Other Parent Claim Election Forms.

and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide notice of the opportunity for Holders of Claims (a) not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan and/or (b) not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties that such Holders may have or be entitled to assert within the scope of such releases, and to determine whether such elections have been validly made, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms (the "Release Election Form"), which will be substantially in the form attached hereto as Exhibit F, to be distributed to (i) all Holders of Claims against Tribune Company (other than Other Parent Claims) that were either entitled to vote to accept or reject the Debtor/Committee/Lender Plan or were afforded an opportunity to opt out of the Section 11.2.2 releases thereunder, and (ii) all Holders of Claims against Debtors other than Tribune Company where such Holders previously granted or were deemed to grant the Section 11.2.2 releases. Holders of Other Parent Claims will be provided an opportunity to make such release elections on their Other Parent Claim Election Forms.

- Holders of Claims will have until June 30, 2011 to return Release Election Forms (or Other Parent Claim Election Forms, as applicable) to the Voting Agent. In the case of Senior Noteholder Claims, Beneficial Holders of Senior Noteholder Claims will submit their Release Election Forms, which will be distributed through the record holders of Senior Noteholder Claims, to the applicable record holders of the Senior Notes for tabulation and the record holders will record such elections on the Senior Noteholder Tabulation Form. Record holders of Senior Noteholder Claims will have until June 30, 2011 to return Senior Noteholder Tabulation Forms to the Voting Agent. Release elections reflected on Release Election Forms, Other Parent Claim Election Form or Senior Noteholder Tabulation Forms, as applicable, that are received by the Voting Agent after that date will be disregarded.

- If the Voting Agent does not receive a Senior Noteholder Tabulation Form, Other Parent Claim Election Form or Release Election Form providing that a particular Holder of a Claim wishes to opt out of extending the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, then such Holder will have granted such releases to the full extent set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan; provided, however, that if a particular Holder of a Claim previously elected not to grant the Section 11.2.2 releases or was deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan and the Solicitation Order, that election or deemed non-granting, as applicable, will continue to apply regardless of whether the relevant Holder returns a Release Election Form, Other Parent Claim Election Form or Senior Noteholder Tabulation Form.

- The provisions of the Solicitation Order applicable to release elections under the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Senior Noteholder Election Forms, Senior Noteholder Tabulation Forms, Other Parent Claim Election Form and Release Election Forms.

and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide

notice of the further opportunity for Holders of Claims against Tribune Company to opt out of

the deemed transfer of any Disclaimed State Law Avoidance Claims (other than those against

Released Stockholder Parties) they may have to the Creditors' Trust under the Debtor/

Committee/Lender Plan, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms (the "Creditors' Trust Election Form"), which will be substantially in the form attached hereto as Exhibit G, to be distributed to all Holders of Claims against Tribune Company that were entitled to vote on the December 2010 DCL Plan other than Senior Noteholder Claims and Other Parent Claims.

- Beneficial Holders of Senior Noteholder Claims will be provided an opportunity on their Senior Noteholder Election Forms to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust, which will be distributed through the record holders of Senior Noteholder Claims, and then tabulated by the record holders as set forth in that paragraph and returned to the Voting Agent on Senior Noteholder Tabulation Forms.

- Holders of Other Parent Claims will be provided an opportunity on their Other Parent Claim Election Forms to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust.

- Holders of Claims against Tribune Company will have until June 30, 2011 to return Creditors' Trust Election Forms (or, in the case of Holders of Other Parent Claims, Other Parent Claim Election Forms) to the Voting Agent.  In the case of Senior Noteholder Claims, record holders of Senior Noteholder Claims will have until June 30, 2011 to return Senior Noteholder Tabulation Forms to the Voting Agent.  Creditors' Trust Election Forms, Other Parent Claim Election Forms or Senior Noteholder Tabulation Forms that are received by the Voting Agent after that date will be disregarded.

- If the Voting Agent does not receive a Creditors' Trust Election Form, Other Parent Claim Election Form or Senior Noteholder Tabulation Form (as applicable) providing that a particular Holder of a Claim against Tribune Company wishes to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust, and such Holder did not previously opt out of the deemed transfer of its Disclaimed State Law Avoidance Claims by checking the appropriate box on its ballot in connection with voting on the December 2010 DCL Plan, then such Holder will be deemed to have transferred its Disclaimed State Law Avoidance Claims (other than those against Released Stockholder Parties) to the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan; provided, however, that Holders will be take steps necessary to prevent the expiration of any applicable statute of limitations with respect to any Disclaimed State Law Avoidance Claims they may have against Step One Selling Stockholders, but not to prosecute any such claims in any manner prior to the formation of the Creditors' Trust.  Any Holder who pursues such claims will be given the option to later elect to transfer such claims to the Creditors' Trust, once formed.

46429/0001-7559765v1

- Notwithstanding the foregoing, where a Holder of a Claim previously returned a ballot opting out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust, the failure of such a Holder to return a Creditors' Trust Election Form, Other Parent Claim Election Form or opt out as set forth on a Senior Noteholder Tabulation Form will not affect that prior opt-out.

- The provisions of the Solicitation Order applicable to elections under Section 14.3.1 of the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Senior Noteholder Election Forms, Senior Noteholder Tabulation Forms, Other Parent Claim Election Forms and Creditors' Trust Election Forms.

ORDERED, that the periods established in this order for (i) the solicitation of changes to previously-cast votes from the Holders of Senior Loan Claims and Senior Guaranty Claims, (ii) the making of elections to receive alternative treatment under the Debtor/Committee/Lender Plan by the Holders of Senior Noteholder Claims and Other Parent Claims, (iii) the making of release elections by Holders of Claims that previously granted the third-party releases under the Debtor/ Committee/Lender Plan, and (iv) the making of opt-out elections under Section 14.3.1 of the Debtor/Committee/Lender Plan are approved as reasonable and sufficient; and it is further

ORDERED, that the Debtors are authorized to make non-material modifications to any materials to be distributed to Holders of Claims pursuant to this Order without further order of the Court; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2011

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-7559765v1

# Exhibit A

## Supplemental Ballot

<u>EXHIBIT A</u>

**Senior Loan Claims/Senior Guaranty Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO CHANGE PRIOR VOTES TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN**

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors") together with the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (collectively, the "Debtor/Committee/Lender Plan Proponents") have sent you this supplemental ballot (the "Supplemental Ballot") to provide you, as a Holder of Senior Loan Claims and/or Senior Guaranty Claims, with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

opportunity to change your previously-cast vote on the plan of reorganization proposed for the Debtors by the Debtor/Committee/Lender Plan Proponents.

**THIS SUPPLEMENTAL BALLOT IS TO BE USED TO CHANGE VOTES PREVIOUSLY CAST ON THE DECEMBER 2010 DCL PLAN (AS DEFINED BELOW) ONLY. YOU HAVE THE RIGHT TO CHANGE YOUR VOTE ON THE DECEMBER 2010 DCL PLAN FOR PURPOSES OF HAVING THAT VOTE COUNTED ON THE DEBTOR/COMMITTEE/LENDER PLAN. IF YOU WISH TO HAVE YOUR VOTE ON THE DECEMBER 2010 DCL PLAN CONTINUE TO BE COUNTED AS IT WAS PREVIOUSLY CAST AS A VOTE ON THE SECOND AMENDED PLAN, YOU DO NOT NEED TO RETURN THIS SUPPLEMENTAL BALLOT.**

In December 2010, Holders of Senior Loan Claims and Senior Guaranty Claims were mailed ballots for voting on the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated December 8, 2010 (the "December 2010 DCL Plan"). The Debtor/Committee/Lender Plan Proponents have now prepared and filed the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries proposed by the Debtor/Committee/Lender Plan Proponents dated as of April 5, 2011 (as may be amended, the "Debtor/Committee/Lender Plan"). A copy of the Debtor/Committee/Lender Plan, as modified, has been included with this Supplemental Ballot. Capitalized terms not defined in this Supplemental Ballot have the meanings given to them in the Debtor/Committee/Lender Plan.

The modifications to the Debtor/Committee/Lender Plan that affect the treatment provisions to the Holders of Senior Loan Claims and Senior Guaranty Claims are described in detail in the supplement to the Disclosure Statement respecting the Debtor/Committee/Lender Plan (the "Supplemental Disclosure Statement") that has been sent to you with this Supplemental Ballot.

This Supplemental Ballot is only to be used for changing your prior vote with respect to Senior Loan Claims (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtor/Committee/Lender Plan jointly on this Supplemental Ballot, with each such vote to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims. Changing your vote to accept or reject the Debtor/Committee/Lender Plan may also change your release elections under Section 11.2.2 of the Debtor/Committee/Lender Plan.

**You must submit this Supplemental Ballot to the Voting Agent no later than 4:00 p.m. prevailing Eastern time on [June 10], 2011 in order for your votes on such Supplemental Ballot to count and for the elections to be valid.**

*PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

**To change your previously-cast vote on the December 2010 DCL Plan for purposes of the Debtor/Committee/Lender Plan as modified, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and/or Senior Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

2

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    CHANGE OF VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Senior Loan Claim and/or Senior Guaranty Claims set forth above hereby elects to change its previously-cast vote on the December 2010 DCL Plan for purposes of the Debtor/Committee/Lender Plan as follows:

| ☐ to ACCEPT the Debtor/Committee/Lender Plan | ☐ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

**Please note that if you do not wish to change your previously-cast vote, you do not need to complete this item, nor do you need to return this Supplemental Ballot.**

ITEM 3.    RELEASES (OPTIONAL).  **Please complete this item only if you changed your vote in Item 2 above.**  If you return a Supplemental Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

☐    The undersigned has changed its vote on the Debtor/Committee/Lender Plan in Item 2 above so that it now accepts the Debtor/Committee/Lender Plan, but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

☐    The undersigned has changed its vote on the Debtor/Committee/Lender Plan in Item 2 above so that it now rejects the Debtor/Committee/Lender Plan, but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Senior Loan Claim and/or Senior Guaranty Claims identified in Item 1 certifies that it:

a.    is the Holder of the Senior Loan Claim and/or Senior Guaranty Claims to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to change the previously-cast vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Supplemental Ballot;

---

[2] Please see the instructions attached to this Supplemental Ballot for additional information regarding the effect of your vote to accept or reject the Debtor/Committee/Lender Plan on the releases set forth in Section 11.2.2 and the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand.

3

b. has been provided with a copy of the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement and acknowledges that the vote changes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the Supplemental Disclosure Statement, and related documents; and

c. has not submitted any other Supplemental Ballots on account of the Senior Loan Claims and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, if such other Supplemental Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes and elections set forth herein.

Name: _____
(Print or Type)

Signature: _____

By: _____
(If Applicable)
Title:_____
(If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Supplemental Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([JUNE 10], 2011), OR YOUR VOTE CHANGE AND ANY ACCOMPANYING ELECTION WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES RELATING THERETO, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR COPIES OF OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                    **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center          Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC                c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                         757 Third Avenue, Third Floor
New York, NY 10150-5014                            New York, NY 10017

[Voting Instructions Follow]

## INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT ATTACHED HERETO TO CHANGE YOUR PREVIOUSLY-CAST VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CHANGED VOTE AND ACCOMPANYING ELECTIONS RESPECTING THE DEBTOR/COMMITTEE/LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot.**  On April 5, 2011, the Debtor/Committee/Lender Plan Proponents filed certain modifications to the Debtor/Committee/Lender Plan that potentially affect the form of consideration to be provided to the Holders of the Senior Loan Claims[3] in Class 1C and the Senior Guaranty Claims in Classes 50C – 111C under the Debtor/Committee/Lender Plan.  As a result, the proponents of the Debtor/Committee/Lender Plan are providing Holders of Senior Loan Claims and Senior Guaranty Claims an opportunity to change their vote to accept or reject to Debtor/Committee/Lender Plan.  You have been identified as a Holder of a Senior Loan Claim and/or Senior Guaranty Claims against Tribune Company and/or certain of its subsidiaries in the Debtors' chapter 11 cases that is entitled to change your votes to accept or reject the Debtor/Committee/Lender Plan and to make certain elections under the Debtor/Committee/Lender Plan.

**Materials that You Have Been Sent with the Supplemental Ballot.**  You should have received the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement with this Supplemental Ballot.

**It is very important that you read the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement carefully in deciding if you wish to change your vote on the Debtor/Committee/Lender Plan and make any accompanying elections.**

**Deadline for Returning Supplemental Ballots.**  You must complete, sign and date your Supplemental Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is <u>actually</u> received by the Voting Agent no later than **4:00 p.m. (Eastern Time) on [June 10], 2011 (the "Supplemental Voting Deadline")**.  Please do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Debtor/Committee/Lender Plan.

If you do not return your Supplemental Ballot so that it is actually received by the Supplemental Voting Deadline, the vote changes reflected on your Supplemental Ballot will <u>not</u> be counted, the accompanying elections will <u>not</u> be valid, and your previous vote and elections, if any, on the December 2010 DCL Plan will remain in effect.

**How to Complete Your Supplemental Ballot.**  The following are step-by-step instructions for how to complete your Supplemental Ballot for changing votes on the Debtor/Committee/Lender Plan and making the elections called for thereunder:

a.    <u>Item 1</u>:  **Amount of Claim.**

Please certify the amount of your Claim as of December 6, 2010, (the "Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the

---

[3] Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in the Debtor/Committee/Lender Plan.

Supplemental Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.

      b.      <u>Item 2</u>:  **Change of Vote to Accept or Reject the Debtor/Committee/Lender Plan.**

If you wish to change your vote to accept or reject the Debtor/Committee/Lender Plan from the vote that you previously cast to accept or reject the December 2010 DCL Plan, please check the applicable box in Item 2.

Please be aware that a vote to accept the Debtor/Committee/Lender Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, unless you elect not to grant such releases by checking the applicable box on the Supplemental Ballot.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box on your Supplemental Ballot.  The Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan as modified) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtor/Committee/Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan).

For Holders of Senior Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "<u>Guarantor Non-Debtor Compromise and Release</u>") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan.

      c.      <u>Item 3</u>:  **Releases (Optional).**

If you change your vote using this Supplemental Ballot so that you now accept the Debtor/Committee/Lender Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt out of granting those releases.  If you change your vote using this Supplemental Ballot so that you now reject the Debtor/Committee/Lender Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt in to granting those releases.

If you changed your vote using this Supplemental Ballot so that you now accept the Debtor/Committee/Lender Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.  Similarly, if you changed your vote using this Supplemental Ballot so that you now reject the Debtor/Committee/Lender Plan but wish to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) change your vote to accept the Debtor/Committee/Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) change your vote to reject the Debtor/Committee/Lender Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan to the fullest extent permitted by applicable law. **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will <u>not</u> receive the benefit of the releases set forth in the Debtor/Committee/Lender Plan.**

    d.    <u>Item 4</u>: **Certifications.**

Please review and complete the certifications in Item 4. . Your original signature is required on the Supplemental Ballot for your vote changes and related elections on the Supplemental Ballot to count. In addition, in Item 4, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

**Returning Your Supplemental Ballot.** Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in the Supplemental Ballot so that the Supplemental Ballot is <u>actually received</u> by the Voting Agent before the Supplemental Voting Deadline.

Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted either for purposes of changing your vote to accept or reject the Debtor/Committee/Lender Plan or the making of related elections.

**Additional Questions.** If you have questions concerning the ballots or the procedures for changing your vote to accept or reject the Debtor/Committee/Lender Plan, or if you need an additional Supplemental Ballot or related materials, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com. Many materials may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Supplemental Ballot Not a Proof of Claim or Interest.** The Supplemental Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Debtors/Committee/Lender Plan of the nature, validity, or amount of any Claim or Interest.

## Exhibit B

**Supplemental Disclosure Statement**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) |

**SUPPLEMENT TO SPECIFIC DISCLOSURE STATEMENT RELATING TO SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, IL 60603
Telecopier: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telecopier: (302) 652-3117

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel For the Official Committee of Unsecured Creditors*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telecopier: (302) 571-1253

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701 5800

RICHARDS LAYTON & FINGER
Mark Collins
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

*Counsel For JPMorgan Chase Bank, N.A.*

**DATED: [__], 2011**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**TO ALL SENIOR LENDERS:**

This is a supplement (the "Disclosure Supplement") to the Disclosure Statement[2] relating to the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (As Modified) dated April 5, 2011 (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (collectively, the "DCL Plan Proponents").

On April 25, 2011, the Debtors filed their Motion for an Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims With Opportunity to Change Votes on Debtor/Committee/Lender Plan; (B) Allow Holders of Senior Notes and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases As Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt Out of Transfer of Disclaimed State Law Avoidance Claims to Creditors' Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same (the "Changed Votes/Elections Motion"). On [    ], 2011, the Bankruptcy Court entered an order approving the Changed Votes/Elections Motion (the "Changed Votes/Elections Order").

Pursuant to the Changed Votes/Elections Order, the Bankruptcy Court has approved this Disclosure Supplement as, together with the Disclosure Statement, containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code and otherwise satisfying the requirements of section 1127 of the Bankruptcy Code.

In December 2010, you received one or more ballots for voting on the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated December 8, 2010 (the "December 2010 DCL Plan"). Subsequently, the DCL Plan Proponents modified the December 2010 DCL Plan to address and resolve a wide range of objections that were filed with respect to the December 2010 DCL Plan (the "Plan Modifications").

This Disclosure Supplement (a) summarizes certain of the Plan Modifications and the elections that will be offered to various constituencies as a result of the Plan Modifications included in the Debtor/Committee/Lender Plan, and (b) provides information regarding the procedures and deadlines approved by the Changed Votes/Elections Order with respect to voting on, and confirmation of, the Debtor/Committee/Lender Plan.

**YOU DO NOT NEED TO RETURN A SUPPLEMENTAL BALLOT OR TAKE ANY OTHER ACTION <u>UNLESS</u> YOU WANT TO CHANGE YOUR PREVIOUSLY CAST VOTE.**

YOU ARE ENCOURAGED TO READ AND CAREFULLY CONSIDER THE MATTERS DESCRIBED IN THIS DISCLOSURE SUPPLEMENT.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtor/Committee/Lender Plan.

I.    **Summary of Certain Plan Modifications**

    A.    *Addition of "Strip" Consideration Option for*
        *Senior Noteholder Claims and Other Parent Claims*

        Under the December 2010 DCL Plan, Holders of Senior Noteholder Claims and Other Parent Claims were to receive distributions in the form of Cash (paid out of the Distributable Cash Pool).[3] The Debtor/Committee/Lender Plan, as modified, provides Holders of Senior Noteholder Claims and Other Parent Claims an option to receive their distributions in the form of either (a) Cash, or (b) a "strip" of the New Senior Secured Term Loan, New Common Stock (subject to dilution by the Equity Incentive Plan), and Distributable Cash (such form of consideration, a "Strip").[4] The Strip distribution is intended to have the equivalent value to the alternative Cash distribution option that is also offered in the Debtor/Committee/Lender Plan, using the DCL Plan Proponents' $6.75 billion valuation of Reorganized Tribune Company. The primary difference between the two forms of distribution is that the value of the Strip distribution will fluctuate with the value of Tribune Company, whereas the value of the Cash distribution is fixed.

    B.    *Potential Change in Composition of Consideration to*
        *Senior Loan Claims and Senior Guaranty Claims*

        The December 2010 DCL Plan provided that 100% of the New Senior Secured Term Loan and 100% of the New Common Stock of Reorganized Tribune would be distributed to Holders of Senior Loan Claims and Senior Guaranty Claims. Under the revised Debtor/Committee/Lender Plan, a portion of the New Senior Secured Term Loan and New Common Stock (up to a maximum of roughly 7% of each form of consideration) may be distributed to Holders of Senior Noteholder Claims and Other Parent Claims, collectively, depending on the amount of such Holders that elect to receive Strip distributions. To the extent that Holders of Senior Noteholder Claims and Other Parent Claims elect to receive the "Strip," the Holders of Senior Loan Claims and Senior Guaranty Claims will receive an amount of Cash equal to the value of the New Senior Secured Term Loan and New Common Stock (assuming a $6.75 billion Distributable Enterprise Value) that is distributed to Holders of Senior Noteholder Claims and Other Parent Claims electing to receive the Strip distribution.

II.    **Additional Information, Instructions and Deadlines for Voting**

        Due to the change in the composition of the consideration being offered to them, the Holders of Senior Loan Claims (Class 1C) and Senior Guaranty Claims (Classes 50C-111C) are being provided the opportunity to change their votes to accept or reject the

---

[3]  In addition, Holders of Senior Noteholder Claims and Other Parent Claims (at their individual election) receive distributions of Litigation Trust Interests and Creditors' Trust Interests.

[4]  Holders of Other Parent Claims continue to have the option to choose either (a) a distribution in an amount equal to 35.18% of their Allowed Claim (plus a Pro Rata share of the Bridge Settlement Proceeds) or (b) a distribution in an amount equal to 32.73% of their Allowed Claims (plus a Pro Rata share of the Bridge Settlement Proceeds) plus applicable Litigation Trust Interests and Creditors' Trust Interests.

Debtor/Committee/Lender Plan.  Included with this Disclosure Supplement are one or more appropriate supplemental ballots.

**If you decide to change your prior vote(s), you must complete the appropriate supplemental ballot and deliver it no later than _____, 2011 at 4:00 p.m. eastern time.**

**YOU DO NOT NEED TO SUBMIT A SUPPLMENTAL BALLOT <u>UNLESS</u> YOU CHOOSE TO CHANGE YOUR PRIOR VOTE.**

Copies of this Disclosure Supplement, along with copies of the Debtor/Committee/Lender Plan, and a blackline comparison of the Debtor/Committee/Lender Plan to the December 2010 DCL Plan showing the Plan Modifications will be available to all other parties in interest electronically via the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune.  You may also receive a hard copy of the Debtor/Committee/Lender Plan free of charge by contacting Epiq Bankruptcy Systems, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

You may use the pre-paid return envelope provided with your supplemental ballot, or you may return your supplemental ballot by personal delivery, overnight courier, or first class mail to the Voting Agent at the following address:

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

## Exhibit C

**Senior Noteholder Election Form**

EXHIBIT C

<u>**Senior Noteholder Claims – Debtor/Committee/Lender Plan**</u>

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SENIOR NOTEHOLDER ELECTION FORM FOR HOLDERS OF SENIOR
NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY TO ELECT
ALTERNATIVE TREATMENT OPTION AND RECONSIDER DEEMED TRANSFER
OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST
UNDER DEBTOR/COMMITTEE/LENDER PLAN**

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. _____] (the "<u>Changed Votes/Elections Order</u>") approving procedures by which Holders of Senior Noteholder Claims may choose an alternative distribution option under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "<u>Debtor/Committee/Lender Plan</u>") proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>DCL Plan Proponents</u>"). This election form (a "<u>Senior Noteholder Election</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inenc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

EXHIBIT C

Form") has been sent to you, as a Holder of a Senior Noteholder Claim, to allow you to make the election to receive the Senior Noteholder Alternative Treatment if you wish, in the event the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and becomes effective in accordance with its terms. In addition, if you previously did not elect to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan, you have an opportunity to reconsider whether you wish to elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan.

Capitalized terms used but not defined in this Senior Noteholder Election Form have the meanings given to them in the Debtor/Committee/Lender Plan, the Explanatory Statement (defined below) or the Changed Votes/Elections Order, as applicable.

You have received with this Senior Noteholder Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Senior Noteholder Election Form, among others. You should review the Explanatory Statement carefully in considering whether you wish to make any of the elections set forth herein.

This Senior Noteholder Election Form is the exclusive means by which you may elect to receive the Senior Noteholder Alternative Treatment under the Debtor/Committee/Lender Plan. If you wish to receive the Senior Noteholder Alternative Treatment, you must complete this Senior Noteholder Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Nominee") in sufficient time for your Nominee to summarize your election on a Senior Noteholder Tabulation Form and return that Senior Noteholder Tabulation Form so that it is received by the Voting Agent no later than [June 30, 2011] (the "Election Deadline"). Senior Noteholder Tabulation Forms received by the Voting Agent after that date will be disregarded.

Pursuant to Section 3.2.5 of the Debtor/Committee/Lender Plan, you will receive the principally-Cash treatment option specified in Section 3.2.5(c)(ii) of the Debtor/Committee/Lender Plan unless you submit this Senior Noteholder Election Form and elect to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan. Each Holder of an Allowed Senior Noteholder Claim that does not submit a Senior Noteholder Election Form affirmatively electing to receive the treatment set forth in Section 3.2.5(c)(i) will be deemed to have elected the treatment specified in Section 3.2.5(c)(ii) with respect to its Allowed Senior Noteholder Claims.

## Procedures for Effectuating Senior Noteholder Alternative Treatment Election And/Or Election Not to Transfer Disclaimed State Law Avoidance Claims

Pursuant to the Changed Votes/Elections Order, a Holder of a Senior Noteholder Claim's (i) election to receive the Senior Noteholder Alternative Treatment and/or (ii) election not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan will be valid only if such Holder has electronically delivered its Senior Notes, as of the Election Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only the Nominee of a Holder of Senior Noteholder Claim can submit this election on such Holder's behalf.

Holders of Senior Noteholder Claims that (i) elect to receive the Senior Noteholder Alternative Treatment and/or (ii) elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan pursuant to this Senior Noteholder Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Election Deadline. However, following the Election Deadline, such Senior Notes will not be freely tradable.

EXHIBIT C

If a Holder of a Senior Noteholder Claim (i) elects to receive the Senior Noteholder Alternative Treatment and/or (ii) elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan but fails to comply with the procedures for making such elections set forth above, such Holder will (i) not receive the Senior Noteholder Alternative Treatment on account of such Holder's Allowed Senior Noteholder Claim and/or (ii) be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Debtor/Committee/Lender Plan, as applicable.

ITEM 1.  ELECTION TO RECEIVE SENIOR NOTEHOLDER ALTERNATIVE TREATMENT. Please check the box below if you elect to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan on account of your Senior Noteholder Claim. If you do not submit this Senior Noteholder Election Form electing to receive the treatment set forth in Section 3.2.5(c)(i), you will receive the treatment specified in Section 3.2.5(c)(ii) of the Debtor/Committee/ Lender Plan on account of your Allowed Senior Noteholder Claim.

☐ The undersigned elects to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan for its Senior Noteholder Claim.

ITEM 2.  ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS. The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust, please check the box below. If you do not submit this Senior Noteholder Election Form, and did not previously elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust in accordance with Section 14.3.1 of the Debtor/Committee/Lender Plan.

☐ The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 3.  CERTIFICATION. By signing this Senior Noteholder Election Form, the Holder of the applicable Senior Noteholder Claim certifies that:

a. it is the Beneficial Owner of the Senior Noteholder Claim to which this Senior Noteholder Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Senior Noteholder Election Form;

b. it has not submitted any other Senior Noteholder Election Form(s) on account of the Senior Noteholder Claim represented herein that is inconsistent with the elections set forth in this Senior Noteholder Election Form or that, if such other Senior Noteholder Election Form(s) were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

c. it is deemed to have consented to the submission of a Senior Noteholder Tabulation Form to the Voting Agent (if applicable);

d. it instructs its Nominee to effect this Senior Noteholder Election Form through the ATOP System; and

3

e.    either (a) this Senior Noteholder Election Form is the only Senior Noteholder Election Form submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Senior Noteholder Election Form, one or more Senior Noteholder Election Forms for Senior Noteholder Claims have been submitted as follows:

**COMPLETE THIS SECTION ONLY IF YOU HAVE SUBMITTED OTHER SENIOR NOTEHOLDER ELECTION FORMS FOR SENIOR NOTEHOLDER CLAIMS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims At Issue in Additional Senior Noteholder Election Form(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
           (Print or Type)

Signature:_____

By:_____
          (If Applicable)

Title:_____
          (If Applicable)

Street Address:_____

          _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Senior Noteholder Election Form shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

EXHIBIT C

> THE ELECTION DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011.
> PLEASE RETURN THIS SENIOR NOTEHOLDER ELECTION FORM TO
> YOUR NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR
> YOUR NOMINEE TO PROCESS YOUR SENIOR NOTEHOLDER ELECTION
> FORM, SUBMIT YOUR ELECTIONS THROUGH THE ATOP SYSTEM AND
> SUBMIT A SENIOR NOTEHOLDER TABULATION FORM TO THE VOTING
> AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON
> OR BEFORE THE ELECTION DEADLINE OR YOUR ELECTIONS WILL NOT
> BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS SENIOR NOTEHOLDER ELECTION
FORM, OR IF YOU NEED AN ADDITIONAL SENIOR NOTEHOLDER ELECTION FORM OR
RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT
TRIBUNEVOTE@EPIQSYSTEMS.COM.

# Exhibit D

## Senior Noteholder Tabulation Form

<u>Exhibit D</u>

<u>Master Tabulation Form for Senior Noteholder Claims</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SENIOR NOTEHOLDER TABULATION FORM FOR NOMINEES OF HOLDERS
OF SENIOR NOTEHOLDER CLAIMS FOR TREATMENT, CREDITORS' TRUST AND
<u>RELEASE ELECTIONS PURSUANT TO  DEBTOR/COMMITTEE/LENDER PLAN</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS SENIOR NOTEHOLDER
TABULATION FORM AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE
"VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT
PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE,
THIRD FLOOR, NEW YORK, NY 10017.  IF THIS SENIOR NOTEHOLDER TABULATION
FORM HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [JUNE 30],**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

<u>Exhibit D</u>

**2011 AT 4:00 P.M. EASTERN TIME (THE "<u>ELECTION DEADLINE</u>"), THE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

This Senior Noteholder Tabulation Form is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Nominee</u>") for beneficial owners of Senior Notes ("<u>Beneficial Owners</u>") issued by Tribune Company, to transmit the voluntary elections of such Beneficial Owners in respect of their Senior Noteholder Claims called for under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified) (the "<u>Debtor/Committee/Lender Plan</u>").  Capitalized terms used in this Master Tabulation Form but not defined herein have the meanings ascribed to them in the Debtor/Committee/Lender Plan or the Changed Votes/Elections Order,[2] as applicable.

The Bankruptcy Court entered the Changed Votes/Elections Order on [_____, 2011] to provide, among other things, for procedures for Holders of Senior Noteholder Claims to (i) make the election to receive a new, alternative treatment provided for in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan, (ii) reconsider whether they wish to elect not to transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan, and (iii) make certain elections respecting the third-party releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan.  Those elections are to be made on Senior Noteholder Election Forms and Release Election Forms, which will be transmitted by Nominees to the Beneficial Owners of the Senior Notes, returned by the Beneficial Owners to Nominees, then tabulated by the Nominees on the Senior Noteholder Tabulation Form, which will be returned by the Nominees to the Voting Agent.

The instructions attached to this Senior Noteholder Tabulation Form provide detailed, step-by-step instructions for completing the Senior Noteholder Tabulation Form.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| | |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2] <u>See</u> Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/Lender Plan; (B) Allow Holders of Senior Notes and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt-Out of Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. --] (the "<u>Changed Votes/Elections Order</u>").

Elections with respect to the Debtor/Committee/Lender Plan made by Beneficial Owners of Senior Notes will be returned to you on Senior Noteholder Election Forms and/or Release Election Forms. For each completed, executed Senior Noteholder Election Form and/or Release Election Form returned to you by a Beneficial Owner, you must retain a copy of such Senior Noteholder Election Form and/or Release Election Form in your files for at least one (1) year from the Election Deadline.

PRIOR TO COMPLETING THIS SENIOR NOTEHOLDER TABULATION FORM, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SENIOR NOTEHOLDER TABULATION FORM FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO MAKE ELECTIONS.** The undersigned certifies that it (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan set forth on the Senior Noteholder Election Form and/or Release Election Form, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER ELECTIONS.** The undersigned certifies that:

**Elections.** The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Senior Noteholder Election Forms and/or Release Election Forms to the undersigned (or such information was derived from Senior Noteholder Election Forms and/or Release Election Forms that have been summarized in intermediary Senior Noteholder Tabulation Forms delivered to the undersigned) making the elections below under the Debtor/Committee/Lender Plan:

3

Exhibit D

| Total Number of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan | Total Number of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/Committee/Lender Plan | Total Number of Holders Electing Not to Include the Bridge Loan Agent and Bridge Lenders within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Include the Bridge Loan Agent and Bridge Lenders within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan | Total Number of Holders Electing Not to Grant Releases with Respect to Disclaimed State Law Avoidance Claims Against Released Stockholder Parties | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Grant Releases with Respect to Disclaimed State Law Avoidance Claims Against Released Stockholder Parties |
|---|---|---|---|---|---|---|---|
| | $_____ | | $_____ | | $_____ | | $_____ |

**Item 3 – TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL SENIOR NOTEHOLDER ELECTION FORMS.** The undersigned transmits the following elections of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Nominee, Senior Noteholder Election Forms and/or Release Election Forms making such elections (indicate in each column the aggregate principal amount making the relevant elections for each account).

1

Exhibit D                                        Exhibit D

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Making Elections Under the Debtor/Committee/Lender Plan | Principal Amount of Senior Notes Making Elections Under the Debtor/ Committee/ Lender Plan | Check if the Beneficial Owner Elected to Receive the Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/Committee/ Lender Plan on Its Senior Noteholder Election Form | Check if the Beneficial Owner Elected Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/Committee/Lender Plan on Its Senior Noteholder Election Form | Check if the Beneficial Owner Elected to Not to Include the Bridge Loan Agent and Bridge Lenders Within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/ Committee/Lender Plan on Its Release Election Form | Check if the Beneficial Owner Elected Not to Include Disclaimed State Law Avoidance Claims Against Released Stockholder Parties Within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/ Committee/Lender Plan on Its Release Election Form |
|---|---|---|---|---|---|
| 1. | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ | ☐ | ☐ |

**PLEASE USE ADDITIONAL SHEETS IF NECESSARY.**

2

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3(e) of each Senior Noteholder Election Form or Item 3(b) of each Release Election Form received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 3 of the Senior Noteholder Election Forms or Release Election Forms regarding other Senior Noteholder Election Forms or Release Election Forms submitted in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 3(e) of the Senior Noteholder Election Form or Item 3(b) of the Release Election Form | Account Number of Other Senior Notes | Name of Registered Holder or Nominee of Other Senior Noteholder Claims At Issue | CUSIP Number of Senior Noteholder Claims At Issue | Principal Amount of Other Senior Noteholder Claims at Issue in Additional Election Form(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

**Item 5 – CERTIFICATION.** By signing this Senior Noteholder Tabulation Form, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose elections are being transmitted by this Senior Noteholder Tabulation Form has been provided with a copy of the Senior Noteholder Election Form and/or Release Election Form and the Explanatory Statement; (b) it is the registered holder of the Senior Notes to which this Senior Noteholder Tabulation Form pertains and/or has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan; (c) it received a properly completed and signed Senior Noteholder Election Form and/or Release Election Form from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Senior Noteholder Election Form(s) and/or Release Election Form(s) received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of the elections is subject to all the terms and conditions set forth in the Changed Votes/Elections Order, dated [_____], 2011.

_____
Name of Nominee

_____
Participant Number

_____
Signature

3

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State and Zip Code

_____

Telephone Number

_____

Email

_____

Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS SENIOR NOTEHOLDER TABULATION FORM HAS NOT BEEN <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME, THE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE DEADLINE WILL NOT BE COUNTED.**

## SENIOR NOTEHOLDER TABULATION FORM INSTRUCTIONS

**ELECTION DEADLINE:**

The Election Deadline is **[June 30]**, **2011** at 4:00 p.m. Eastern Time. To have the elections of your customers count, you must complete, sign, and return the Senior Noteholder Tabulation Form so that it is received by the Voting Agent at the address set forth in the Senior Noteholder Tabulation Form on or before the Election Deadline.[3]

**HOW TO MAKE ELECTIONS:**

If you are transmitting the elections of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Senior Noteholder Election Form, a Release Election Form, an Explanatory Statement and any other materials required by the Bankruptcy Court to such Beneficial Owner(s); and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Senior Noteholder Election Form and/or Release Election Form and (b) return the completed, executed Senior Noteholder Election Form and/or Release Election Form to you in sufficient time to enable you to complete the Senior Noteholder Tabulation Form and deliver it to the Voting Agent before the Election Deadline.

With respect to all of the Senior Noteholder Election Forms and/or Release Election Forms returned to you, you must properly complete the Senior Noteholder Tabulation Form, as follows:

    i.    Check the appropriate box in Item 1 on the Senior Noteholder Tabulation Form;

    ii.    Indicate in Item 2 the total (a) elections to receive the treatment set forth in 3.2.5(c)(i) of the Debtor/Committee/Lender Plan (made on the Senior Noteholder Election Forms), (b) elections not to transfer the Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan (made on the Senior Noteholder Election Forms), (c) elections not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan (made on the Release Election Forms), and (d) elections not to include Disclaimed State Law Avoidance Claims against Released Stockholder Parties within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan (made on the Release Election Forms);

    iii.    Transcribe the elections from the Senior Noteholder Election Forms and/or Release Election Forms in Item 2 and indicate the following in Item 3:

        a.    whether each Beneficial Owner elected to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan;

        b.    whether each Beneficial Owner elected not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan;

        c.    whether each Beneficial Owner elected not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan; and

---

[3] All capitalized terms used in the Senior Noteholder Tabulation Form or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Changed Votes/Elections Order or, where applicable, in the Debtor/Committee/Lender Plan.

d.  whether each Beneficial Owner elected not to include Disclaimed State Law Avoidance Claims against Released Stockholder Parties within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR ELECTIONS. PROPERLY EXECUTED SENIOR NOTEHOLDER ELECTION FORMS OR RELEASE ELECTION FORMS THAT ATTEMPT PARTIALLY TO MAKE ANY OF THE ELECTIONS WILL NOT BE COUNTED AS A VALID ELECTION. EACH BENEFICIAL OWNER MUST MAKE THE SAME ELECTION FOR ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH ELECTION, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS SENIOR NOTEHOLDER ELECTION FORM AND/OR RELEASE ELECTION FORM OR CONTACT THE VOTING AGENT IMMEDIATELY.

iv.  Transcribe from Item 3(e) of each Senior Noteholder Election Form and Item 3(b) of each Release Election Form the information provided by the Beneficial Owners into Item 4 of the Senior Noteholder Tabulation Form;

v.  Review the certification in Item 5 of the Senior Noteholder Tabulation Form;

vi.  Ensure that each Senior Noteholder Election Form and/or Release Election Form is signed and each certification is complete;

vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.  If additional space is required to respond to any item on the Senior Noteholder Tabulation Form, please use additional sheets of paper clearly marked to indicate the applicable Item of the Senior Noteholder Tabulation Form to which you are responding.

ix.  Sign, date, and return the original Senior Noteholder Tabulation Form.

You must deliver the completed, executed Senior Noteholder Tabulation Form so that it is actually received by the Voting Agent on or before the Election Deadline. You must retain a copy of each completed, executed Senior Noteholder Election Form and/or Release Election Form returned to you by a Beneficial Owner in your files for at least one (1) year from the Election Deadline.

Elections made by Beneficial Owners through a Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners, as evidenced by the record and depository listings. Elections submitted by a Nominee on a Senior Noteholder Tabulation Form and/or a Release Election Form will not be counted in excess of the record amount of the Senior Notes held by such Nominee.

For the purpose of tabulating elections, each Beneficial Owner shall be deemed to have made such elections for the principal amount of its Senior Notes. To the extent that conflicting elections are submitted by a Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with such Nominee.

PLEASE NOTE:

This Senior Noteholder Tabulation Form is not a letter of transmittal and may not be used for any purpose other than to make the elections specified thereon under the Debtor/Committee/Lender Plan.

6

Except as provided for in the Senior Noteholder Election Form, Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Senior Noteholder Election Forms and/or Release Election Forms. The Voting Agent will not accept delivery of any such instruments surrendered together with a Senior Noteholder Tabulation Form.

No Senior Noteholder Election Form, Release Election Form or Senior Noteholder Tabulation Form shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the relevant materials to your clients, the tabulation of the Senior Noteholder Election Forms and Release Election Forms and the completion of this Senior Noteholder Tabulation Form.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS OR THAT YOU HAVE RECEIVED THE WRONG MATERIALS, OR IF YOU HAVE QUESTIONS REGARDING THIS SENIOR NOTEHOLDER TABULATION FORM, OR THE ELECTION PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SENIOR NOTEHOLDER TABULATION FORM OR OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

## Exhibit E

**Other Parent Claim Election Form**

**Other Parent Claims -- Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**OTHER PARENT CLAIM ELECTION FORM FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ELECT ALTERNATIVE TREATMENT OPTIONS UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, MAKE ADDITIONAL RELEASE ELECTIONS AND RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN**

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which Holders of Other Parent Claims may make certain optional elections under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents").

This election form (an "Other Parent Claim Election Form") has been sent to you, as a Holder of an Other Parent Claim, to allow you to make four (4) elections if you wish:

1.    an election to receive one of three (3) alternative treatments provided for the Holders of Allowed Other Parent Claims, which alternative treatments are set forth in Sections 3.2.6(c)(i), 3.2.6(c)(ii), and 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan;

2.    an election to opt out of the transfer of any Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan;

3.    in the event that you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, an election not to include the Bridge Loan Agent and the Bridge Lenders within the scope of such releases; and

4.    in the event that you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, an election not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties that you may hold within the scope of such releases.

You have received with this Other Parent Claim Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Other Parent Claims Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make any of the elections set forth herein.

Capitalized terms used but not defined in this Other Parent Claim Election Form have the meanings given to them in (i) the Debtor/Committee/Lender Plan, (ii) the Explanatory Statement or (iii) the Changed Votes/Elections Order, as applicable.

### Deadline for Returning Other Parent Claim Election Form

This Other Parent Claim Election Form is the exclusive means by which you may elect to make the elections described herein. If you wish to make any of the elections described above, you must complete this Other Parent Claim Election Form and return it to the Voting Agent no later than [June 30, 2011] (the "Election Deadline"). Other Parent Claim Election Forms received by the Voting Agent after that date will be disregarded.

### ELECTIONS

ITEM 1.    OTHER PARENT CLAIM ALTERNATIVE TREATMENT ELECTION. Please check the box in Item 1A if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, the box in Item 1B if you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan, or the box in Item 1C if you elect to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan. **You may only select one treatment option.** If you do not submit this Other Parent Claim Election Form (and have not previously elected to receive the treatment specified in Section 3.2.6(c)(i)), you will be deemed to elect to receive the treatment set forth in Section 3.2.6(c)(iv) of the Debtor/Committee/Lender Plan.

ITEM 1A.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTOR/COMMITTEE/LENDER PLAN. Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of

the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s). If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may <u>not</u> make the election in Item 3 below and any previous election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust will be invalid.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

**ITEM 1B.**    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(ii) OF THE DEBTOR/COMMITTEE/LENDER PLAN. Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s). If you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan, you may not make the election in Item 3 below and any previous election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust will be invalid.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

**ITEM 1C.**    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(iii) OF THE DEBTOR/COMMITTEE/LENDER PLAN. Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s).

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

**ITEM 2.**    ELECTION TO MODIFY SCOPE OF SECTION 11.2.2 RELEASES. If you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you may elect <u>not</u> to include (i) the Bridge Loan Agent and Bridge Lenders and/or (ii) Disclaimed State Law Avoidance Claims against the Released Stockholder Parties within the scope of such releases. **The elections set forth in this Item 2 only apply to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan.** [2] Please check the box in

---

[2] A Holder of a Claim elected to grant the releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan by (i) voting to accept the Debtor/Committee/Lender Plan and not opting out of granting the releases in Section 11.2.2, (ii) voting to reject the Debtor/Committee/Lender Plan but opting to grant the releases in Section 11.2.2, (iii) being deemed to accept the Debtor/Committee/Lender Plan and having been provided an opportunity but not opting out of granting the releases in Section 11.2.2, or (iv) otherwise agreeing to grant the releases in Section 11.2.2. The elections in this Item 2 only apply to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan. If you did not grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you are presumed not to grant the releases at issue in this Item 2 and you can disregard such elections. If you previously elected not to grant the Section 11.2.2 releases or were deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan, that election or deemed non-granting, as applicable, will continue to apply regardless of whether you return this Other Parent Claims Election Form and make any elections in this Item 2. If you previously elected not to grant the Section 11.2.2 releases or

Item 2A below if you elect not to include the Bridge Loan Agent and Bridge Lenders within the scope of your Section 11.2.2 releases.  Please check the box in Item 2B below if you elect not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties you may hold within the scope of your Section 11.2.2 releases.

ITEM 2A.    RELEASE OF BRIDGE LOAN AGENT AND BRIDGE LENDERS.

☐    The undersigned elects to <u>not</u> to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 2B.    RELEASE OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS.

☐    The undersigned elects to <u>not</u> to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties it may hold within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 3.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS. The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.  If you do not submit this Other Parent Claim Election Form, and did not previously elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust in accordance with Section 14.3.1 of the Debtor/Committee/Lender Plan.  **If you elect to receive the treatment set forth in Section 3.2.6(c)(i) or Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan in Item 1A or Item 1B above, this election does not apply to you.**

☐    The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 4.    CERTIFICATION.  By signing this Other Parent Claim Election Form, the Holder of the Other Parent Claim identified herein certifies that it:

a.    is the Holder of the Other Parent Claim to which this Other Parent Claim Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Other Parent Claim Election Form; and

b.    has not submitted any other Other Parent Claim Election Form(s) on account of the Other Parent Claim represented herein that is inconsistent with the elections set forth in this Other Parent Claim Election Form or that, as limited by the terms of the Changed Votes/Elections Order, if such other Other Parent Claim Election Form was

were deemed not to grant such releases, and you would now like to grant such releases, please contact the Voting Agent.

4

previously submitted, it either has been or is hereby revoked or changed to reflect the elections set forth herein.

Name: _____
       (Print or Type)

Signature: _____

By: _____
       (If Applicable)

Title: _____
       (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Other Parent Claim Election Form shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR OTHER PARENT CLAIM ELECTION FORM MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011, OR YOUR ELECTIONS WILL NOT BE COUNTED. OTHER PARENT CLAIM ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OTHER PARENT CLAIM ELECTION FORM, OR IF YOU NEED AN ADDITIONAL OTHER PARENT CLAIM ELECTION FORM OR ADDITIONAL COPIES OF RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS OTHER PARENT CLAIM ELECTION FORM, OR YOU MAY RETURN YOUR OTHER PARENT CLAIM ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                               **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## <u>Exhibit F</u>

## Release Election Form

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### RELEASE ELECTION FORM FOR HOLDERS OF CLAIMS THAT ELECTED TO GRANT THE RELEASES SET FORTH IN THE DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which Holders of Claims that previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as has been and as may be amended, the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (the "Debtor/Committee/Lender Plan Proponents") may make supplemental elections concerning the scope of those releases that result from certain modifications made to the Debtor/Committee/Lender Plan. This election form (the "Release Election Form") permits such Holders to elect not to include (i) the Bridge Loan Agent and Bridge Lenders and/or (ii) solely with respect to Holders of Claims against Tribune Company, Disclaimed State Law Avoidance Claims against the Released Stockholder Parties, within the scope of such releases.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Capitalized terms used but not defined in this Release Election Form have the meanings given to them in (i) the Debtor/Committee/Lender Plan or (ii) the Changed Votes/Elections Order, as applicable.

You have received with this Release Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Release Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make any of the elections set forth herein.

A Holder of a Claim elected to grant the releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan by (i) voting to accept the Debtor/Committee/Lender Plan and not opting out of granting the releases in Section 11.2.2, (ii) voting to reject the Debtor/Committee/Lender Plan but opting to grant the releases in Section 11.2.2, (iii) being deemed to accept the Debtor/Committee/Lender Plan and having been provided an opportunity but not opting out of granting the releases in Section 11.2.2, or (iv) otherwise agreeing to grant the releases in Section 11.2.2.

**This Release Election Form only applies to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan. If you previously elected not to grant (or were deemed not to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will be presumed not to grant the releases set forth below and you can disregard this Release Election Form.** If you previously elected not to grant the Section 11.2.2 releases or were deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan, that election or deemed non-granting, as applicable, will continue to apply regardless of whether you return this Release Election Form. If you previously elected not to grant, or were deemed not to grant, the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan and would now like to do so, please contact the Voting Agent.

**To elect <u>not</u> to grant certain releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check one or both of the following boxes (as applicable):**

ITEM 1.        RELEASE OF BRIDGE LOAN AGENT AND BRIDGE LENDERS

☐  The undersigned elects <u>not</u> to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 2.        RELEASE OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS (HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY ONLY)

☐  The undersigned is a Holder of a Claim against Tribune Company and elects <u>not</u> to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties it may hold within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 3.        CERTIFICATION. By signing this Release Election Form, undersigned certifies and acknowledges that it:

a.    is the Holder of the Claims to which this Release Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Release Election Form; or

b.    if the undersigned is a Beneficial Owner of a Senior Noteholder Claim:

i.    is the Beneficial Owner of the Senior Noteholder Claim to which this Release Election Form pertains or is an authorized signatory and has full

       power and authority to make the elections called for on this Release Election Form;

ii.    has not submitted any other Release Election Form(s) on account of the Senior Noteholder Claim represented herein that is inconsistent with the elections set forth in this Release Election Form or that, if such other Release Election Form(s) is/were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

iii.    it is deemed to have consented to the submission of a Senior Noteholder Tabulation Form to the Voting Agent (if applicable); and

iv.    either (a) this Release Election Form is the only Release Election Form submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Release Election Form, one or more Release Election Forms for Senior Noteholder Claims have been submitted as follows:

**Complete this section only if you are a Holder of a Senior Noteholder Claim and have submitted other Release Election Forms for Senior Noteholder Claims**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims At Issue in Additional Release Election Form(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
              (Print or Type)

Signature:_____

By:_____
           (If Applicable)

Title:_____
           (If Applicable)

Street Address:_____

           _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

EXHIBIT F

Date Completed:_____

| |
|---|
| **HOLDERS OF CLAIMS OTHER THAN SENIOR NOTEHOLDER CLAIMS:**<br><br>**THE RELEASE ELECTION FORM MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE [JUNE 30], 2011, OR YOUR ELECTION WILL NOT BE VALID. RELEASE ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**<br><br>**HOLDERS OF SENIOR NOTEHOLDER CLAIMS ONLY:**<br><br>**THE ELECTION DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011. PLEASE RETURN YOUR RELEASE ELECTION FORM TO YOUR NOMINEE IN SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR RELEASE ELECTION FORM AND COMPLETE THE SENIOR NOTEHOLDER TABULATION FORM SO THAT THE SENIOR NOTEHOLDER TABULATION FORM IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE ELECTION DEADLINE, OR YOUR ELECTIONS WILL NOT BE VALID.** |

**IF YOU HAVE ANY QUESTIONS REGARDING THIS RELEASE ELECTION FORM, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**IF YOU ARE A HOLDER OF A SENIOR NOTEHOLDER CLAIM, PLEASE RETURN YOUR RELEASE ELECTION FORM TO YOUR NOMINEE. IF YOU ARE A HOLDER OF A CLAIM OTHER THAN A SENIOR NOTEHOLDER CLAIM, PLEASE RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN RELEASE ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# Exhibit G

## Creditors' Trust Election Form

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ELECTION FORM FOR HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY TO RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which certain Holders of Claims against Tribune Company have an opportunity to reconsider their prior decision (if applicable) not to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust established under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (the "Debtor/Committee/Lender Plan Proponents"). This election form (the "Creditors' Trust Election Form") has been sent to you, as a Holder of a Claim against Tribune Company in a voting class under the Debtor/Committee/Lender Plan, to allow you to elect not to transfer your Disclaimed State Law

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Avoidance Claims to the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan.

Capitalized terms not defined in this Creditors' Trust Election Form have the meanings given to them in the Debtor/Committee/Lender Plan.

You have received with this Creditors' Trust Election Form an Explanatory Statement (the "Explanatory Statement") that discusses the election that may be made using this Creditors' Trust Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make the election set forth herein.

If you elect not to transfer your Disclaimed State Law Avoidance Claims using this Creditors' Trust Election Form, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. The Creditors' Trust will be established under the Debtor/Committee/Lender Plan on the Effective Date of such Plan. For additional information regarding the Creditors' Trust under the Debtor/Committee/Lender Plan, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

**If you do not submit this Creditors' Trust Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan, and have not previously elected not to transfer such Disclaimed State Law Avoidance Claims to such Creditors' Trust, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan when the Creditors' Trust is established.**

**If you previously elected not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan, your previous election remains valid and you do not need to submit this Creditors' Trust Election Form.**

**ITEM 1.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER THE DEBTOR/COMMITTEE/LENDER PLAN.**

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan.

**ITEM 2.    CERTIFICATION.**

By signing this Creditors' Trust Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Creditors' Trust Election Form with respect to its Claims against Tribune Company.

2

Name: _____
      (Print or Type)

Signature:_____

By:_____
      (If Applicable)

Title:_____
      (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

---

**THE CREDITORS' TRUST ELECTION FORM MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE [JUNE 30], 2011, OR YOUR ELECTION WILL NOT BE VALID.  CREDITORS' TRUST ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CREDITORS' TRUST ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL COPY OF THE CREDITORS' TRUST ELECTION FORM OR COPIES OF OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**PLEASE RETURN YOUR CREDITORS' TRUST ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| If By Mail: | If By Personal Delivery or Overnight Courier: |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |