```
                 IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE

IN RE:                        )    Case No. 08-13141(KJC)
                              )
                              )
TRIBUNE COMPANY               )    Chapter 11
                              )
                              )    Courtroom 5
                              )    824 Market Street
           Debtors.           )    Wilmington, Delaware
                              )
                              )    April 25, 2011
                              )    1:00 p.m.


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN J. CAREY,
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                   Sidley Austin, LLP
                              BY: JAMES BENDERNAGEL, ESQ.
                              BY: KEN KANSA, ESQ.
                              BY: JESSICA BOETLER, ESQ.
                              BY: JILLIAN LUDWIG, ESQ.
                              One South Dearborn
                              Chicago, IL 60603
                              (312) 853-7000


                              Cole, Schotz, Meisel, Forman
                              & Leonard, P.A.
                              BY: KATE STICKLES, ESQ.
                              500 Delaware Ave., Ste. 1410
                              Wilmington, DE 19801
                              (302) 652-3131


ECRO:                         AL LUGANO

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664
                              www.diazdata.com



Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Oaktree & Angelo Gordon:      Young Conaway Stargatt &
                                  Taylor
                                  BY: BLAKE CLEARY, ESQ.
                                  The Brandywine Building
                                  1000 West Street, 17th Floor
                                  Wilmington, DE 19801
                                  (302) 571-6600

For Merrill Lynch:                Potter Anderson & Carroon, LLP
                                  BY: LAURIE SILVERSTEIN, ESQ.
                                  Hercules Plaza
                                  1313 North Market Street
                                  6th Floor
                                  Wilmington, DE  19801
                                  (302) 984-6033

For JP Morgan:                    Davis Polk & Wardwell
                                  BY: MICHAEL RUSSANO, ESQ.
                                  BY: ELI VONNEGUT, ESQ.
                                  450 Lexington Avenue
                                  New York, NY 10017
                                  (212) 450-4000

                                  Richards Layton & Finger
                                  BY: DREW SLOAN, ESQ.
                                  One Rodney Square
                                  920 North King Street
                                  Wilmington, DE  19801
                                  (302) 651-7700

For Great Banc:                   Womble Carlyle
                                  BY: THOMAS M. HORAN, ESQ.
                                  222 Delaware Avenue, Ste. 1501
                                  Wilmington, DE  19801
                                  (302) 252-4339

For Zell & EGI-TRB:               Jenner & Block
                                  BY: DAVID BRADFORD, ESQ.
                                  353 N. Clark Street
                                  Chicago, IL  60654-3456
                                  (312) 923-2975

For DBTCA:                          McCarter & English
                                    BY: KATHARINE MAYER, ESQ.
                                    405 N. King Street, 8th Fl.
                                    Wilmington, DE  19801
                                    (302) 984-6312


                                    Blank Rome
                                    BY: DAVID W. CARICKHOFF, ESQ.
                                    1201 Market Street
                                    Suite 800
                                    Wilmington, DE 19801
                                    (302) 425-6434

For Official Committee
of Unsecured Creditors:             Landis, Rath & Cobb
                                    BY: ADAM G. LANDIS, ESQ.
                                    919 Market Street, Suite 1800
                                    Wilmington, DE 19801
                                    (302) 467-4400


                                    Chadbourne & Parke, LLP
                                    BY: DAVID LEMAY, ESQ.
                                    30 Rockefeller Plaza
                                    New York, NY 10112
                                    (212) 408-5100


                                    Zuckerman Spaeder
                                    BY: JAMES SOTTILE, ESQ.
                                    1800 M Street, NW
                                    Suite 1000
                                    Washington, DC 20036
                                    (202) 778-1800


For Aurelius:                       Akin Gump Strauss Hauer & Feld
                                    BY: DANIEL GOLDEN, ESQ.
                                    One Bryant Park
                                    New York, NY 10036
                                    (212) 872-1000


                                    Ashby & Geddes
                                    BY: AMANDA WINFREE, ESQ.
                                    500 Delaware Avenue
                                    Wilmington, DE  19809
                                    (302) 654-1888

For CCI Europe & Comcast:  Ballard Spahr, LLP
          BY: LESLIE HEILMAN, ESQ.
          919 North Market Street
          11th Floor
          Wilmington, DE 19801-3034
          (302)252-4446

For Merrill Lynch:    Kaye Scholer
          BY; MADLYN PRIMOFF, ESQ.
          BY: JANE PARVER, ESQ.
          425 Park Avenue
          New York, NY  10022-3598
          (212) 836-7042

For Ehlman & Knapp:   Cozen OConnor
          BY: SIMON E. FRASER, ESQ.
          Suite 1400, Chase Manhattan
          Centre, 1201 North Market St.
          Wilmington, Delaware  19801
          (302) 295-2011

For Hianik, Birmingham,  Wildman Harrold Allen & Dixon,
Ehlmann, Knap:      LLP
          BY: JONATHAN W. YOUNG, ESQ.
          225 West Wacker Dr., Ste. 3000
          Chicago, IL  60606
          (312) 201-2662

For Bank of America:   Pepper Hamilton, LLP
          BY: JOHN HENRY SCHANNE, II,
          ESQ.
          Hercules Plaza, Suite 5100
          1313 Market Street
          Wilmington, DE  19899-1709
          (302) 777-6502

For Morgan Stanley:   Barnes & Thornburg
          BY: DAVID POWLEN, ESQ.
          1000 N. West Street
          Suite 1200
          Wilmington, DE  19801-1058
          (302) 888-4536

TELEPHONIC APPEARANCES:

For SuttonBrook Capital:            SuttonBrook Capital
                                    Management, LP
                                    BY: CAROL L. BALE, ESQ.
                                    (212) 588-6640

                                    Dewey & LeBoeuf, LLP
                                    BY: BRUCE BENNETT, ESQ.
                                    BY: JAMES O. JOHNSTON, ESQ.
                                    BY: JOSHUA M. MESTER, ESQ.
                                    (213) 621-6000

For George Dougherty:               Grippo & Elden, LLC
                                    BY: GEORGE DOUGHERTY, ESQ.
                                    (312) 704-7700

For Official Committee of
Unsecured Creditors:                Chadbourne & Park, LLP
                                    BY: MARC ASHLEY, ESQ.
                                    (212)408-5194
                                    BY: DOUGLAS DEUTSCH, ESQ.
                                    (212) 408-5169
                                    BY: MARC ROITMAN, ESQ.
                                    (212)408-5271
                                    BY: ANDREW ROSENBLATT, ESQ.
                                    (212) 408-5559
                                    BY: HOWARD SEIFE, ESQ.
                                    (212) 48-5361
                                    BY: THOMAS MCCORMACK, ESQ.
                                    (212) 408-5100

                                    Zuckerman & Spaeder, LLP
                                    BY: GRAEM BUSH, ESQ.
                                    BY: ANDREW GOLDFARB, ESQ.
                                    (202) 778-1800

For Bank of America:                Bank of America
                                    BY: ESTHER CHUNG, ESQ.
                                    (646) 855-6705

For Citibank:                       Paul Weiss Rifkind Wharton
                                    BY: SHANNON PENNOCK, ESQ.
                                    (212) 373-3000

```
For Tribune:                    Sidley Austin
                                BY: BRYAN KRAKAUER, ESQ.
                                (312)853-7515
                                BY: BRYAN KRAKAUER, ESQ.
                                (312) 853-7515
                                BY: KEVIN LANTRY, ESQ.
                                (213) 896-6022
                                BY: KERRIANN MILLS, ESQ.
            `                   (213) 853-7523
                                BY: CANDICE KLINE, ESQ.
                                (312) 853-7778
                                BY: ALLISON E. STROMBERG, ESQ.
                                (312) 853-0497

                                Tribune Company
                                BY: GARY WEITMAN, ESQ.
                                (312) 222-3394
                                BY: DAVE ELDERSVELD, ESQ.
                                (312) 222-4707
                                BY: AMY FORAN, ESQ.
                                (312) 222-5955
                                BY: DON LIEBENTRITT, ESQ.
                                (312) 222-3657
For Aurelius Capital
Management:                     Aurelius Capital Management LP
                                BY: MATTHEW A. ZLOTO, ESQ.
                                (646) 445-6518

                                Akin Gump Strauss Hauer & Feld
                                BY: ABID QURESHI, ESQ.
                                BY: DAVID ZENSKY, ESQ.
                                (212) 872-1000

                                Friedman Kaplan Seiler &
                                Adelman
                                BY: KIZZY JARASHOW, ESQ.
                                (212) 833-1115

For JP Morgan Chase Bank:       Davis Polk & Wardwell, LLP
                                BY: PETER KIM, ESQ.
                                (212) 450-3028


For Eos Partners:               Eos Partners
                                BY: MIKE J. SCHOTT, ESQ.
                                (212) 593-4046
```

```
For Barclays:                   Mayer & Brown, LLP
                                BY: AMIT K. TREHAN, ESQ.
                                (212) 506-1717
                                BY: JEAN-MARIE ATAMIAN, ESQ
                                (212) 506-2678
                                BY: MICHAEL L. SIMES, ESQ.
                                (212) 506-2607

                                Barclays Capital
                                BY: BENSON WILSON, ESQ.
                                (212) 412-7642

For Merrill Lynch:              Kaye Scholer, LLP
                                BY: JONATHAN AGUDELO, ESQ.
                                (212) 836-8369

For DK Partners:                DK Partners
                                BY: EPHRAIM DIAMOND, ESQ.
                                (646) 282-5841

For Nomura Securities:          Nomura Securities
                                BY: ARTHUR KAVALIS, ESQ.
                                (212) 667-2370

For Great Banc Trust Co.:       Morgan Lewis & Brockius, LLP
                                BY: RACHEL MAUCERI, ESQ.
                                (215) 963-5000

For Interested Party:           Schulte Roth & Zabel, LLP
                                BY: KAREN S. PARK, ESQ.
                                (212) 756-2036

For EGI-TRB:                    Jenner & Block, LLP
                                BY: ANDREW VAIL, ESQ.
                                (312) 840-8688

For Chandler Bigelow:           Sperling & Slater
                                BY: STEVEN C. FLORSHEIM, ESQ.
                                BY: CLAIRE P. MURPHY, ESQ.
                                (312)641-3200

For Wells Fargo:                White & Case
                                BY: SCOTT GREISSMAN, ESQ.
                                (212) 819-8567
```

```
For Law Debenture Trust:        Kasowitz Benson Torres &
                                Friedman
                                BY: SHERON KORPUS, ESQ.
                                (212)506-1700
                                BY: CHRISTINE MONTENEGRO, ESQ.
                                (212)506-1715
                                BY: DAVID ROSNER, ESQ.
                                (212)506-1726
For Robert R. McCormick
Foundation &
Cantigny Foundation:            Katten Muchin Rosenman, LLP
                                BY: JOHN SIEGER, ESQ.
                                (312) 902-5294


For Arrowgrass Capital:         Arrowgrass Capital Services
                                BY: DAVID DUNN, ESQ.
                                (212) 584-5946


For Alexander Bilus:            Dechert, LLP
                                BY: ALEXANDER BILUS, ESQ.
                                (215) 994-2608


For Kramer Levin:               Kramer Levin Naftalis &
                                Frankel, LLP
                                BY: DAVID E. BLABEY, JR., ESQ.
                                (212) 715-9100


For Anna Kalenchits:            Anna Kalenchits
                                (212) 723-1808


For Wilmington Trust:           Brown Rudnick, LLP
                                BY: MARTIN SIEGEL, ESQ.
                                (212) 209-4829


For Miller Tabak Roberts
Securities:                     Miller Tabak Roberts
                                Securities, LLC
                                BY: ANDREW M. THAU, ESQ.
                                (212) 692-5178
```

1    WILMINGTON, DELAWARE, MONDAY, APRIL 25, 2011, 1:14 P.M.

2             THE COURT:  Good afternoon.

3             ALL:  Good afternoon, Your Honor.

4             MS. BOELTER:  Good afternoon, Your Honor.

5    Jessica Boelter, Sidley Austin for the debtors.

6             Before diving into the agenda, Your Honor, we

7    wanted to bring one housekeeping matter to your attention.

8    Shortly, we intend to submit under certification of counsel,

9    a proposed form of order appointing Judge Gross as mediator

10   to conduct a non-binding mediation over certain ERISA

11   related matters and related claims that have been asserted

12   against the debtors.  That would basically cover three

13   general categories of actions or claims.

14            First, it would be the *Neal* action which Your

15   Honor has heard about I think throughout the course of these

16   proceedings, including any indemnification claims that have

17   asserted, been asserted by Great Banc arising from the Neal

18   action.

19            Second, it would cover the 71 proofs of claim

20   that have been asserted by the Department of Labor in

21   unliquidated amounts.

22            And third, it would cover the proof of claim

23   asserted by the IRS which essentially asserts in part a

24   claim for tax penalties arising from or related to alleged

25   ERISA violations and any other claims of the IRS related to

1    such alleged ERISA violations.

2            So again, we just wanted to give you a heads up

3    that we intend to file that shortly.

4            THE COURT:  Judge Gross and I traded emails about

5    that, I think it was Friday.  And I told him if he was

6    willing --

7                    (Laughter)

8            THE COURT:  -- he certainly had my blessing.  Was

9    it -- let me ask this.  Was it the intention of the parties

10   -- let's put it this way.  I wouldn't expect the parties

11   would be relieved of any of the post-hearing briefing

12   schedule that I think we've talked about, but I've yet to

13   sign an order on, or had the parties thought otherwise?

14           MS. BOELTER:  With respect to these particular

15   matters?

16           THE COURT:  Yes.

17           MS. BOELTER:  Your Honor, it's our hope that this

18   resolves claims that have been asserted by these parties.

19   However, if it has the added benefit of resolving the plan

20   objections that would, of course, make everyone very happy,

21   too, so.

22           THE COURT:  Okay.  So no change to the schedule?

23           MS. BOELTER:  No change at this point.

24           THE COURT:  All right, thank you.

25           MS. BOELTER:  Okay.  So moving on to the agenda,

1   Your Honor, we filed an amended agenda this morning.  I'm

2   not sure if you had the opportunity to see that?

3            THE COURT:  I have it.

4            MS. BOELTER:  Okay.  Just quickly going through

5   the items on the agenda, Items 1 and 2 have been resolved

6   and Your Honor has entered orders granting the relief

7   requested in those items.

8            Items 3 through 9 are adjourned to the May 25

9   hearing.

10           With respect to Item 10, the debtors filed a CNO

11   and Your Honor entered an order on that motion.

12           On Item 11, that has also been adjourned to the

13   May 25 hearing and that was reflected in the amended agenda

14   filed this morning.  I'm sorry, that was Item 11.

15           Item 12 is the global contract procedures motion.

16   We filed this morning under certification of counsel an

17   order that resolves the objections that have been filed to

18   date.  We respectfully request that Your Honor enter that

19   order and if you have any questions, I'm happy to answer

20   them

21           THE COURT:  I do.

22           MS. BOELTER:  Okay.

23           THE COURT:  I did receive it.  And I guess the

24   question I have is, is it premature?

25           MS. BOELTER:  Your Honor, I think you'll see in

1   the procedures motion that we put forward and it's set forth

2   in the order that this isn't an ending point for the

3   contract assumptions.  We would like to give parties an

4   opportunity to respond to the cure amounts that we've put

5   out there.  They've got 21 days to do that.  We then have

6   the opportunity to respond to any objections that we receive

7   to the cure amounts that are set forth in those schedules.

8   And we anticipate that that is going to take some period of

9   time.  And so consequently, we think that will run nicely

10  with the parallel process that's going on right now with

11  respect to the briefing.  The contracts obviously will not

12  be assumed until an order is entered confirming the DCL

13  plan.  And it's my understanding that the noteholder plan

14  proponents will be setting forth procedures in their

15  confirmation order.

16          THE COURT:  So the answer is you don't think so.

17          MS. BOELTER:  I don't think so, but if Your Honor

18  thinks so --

19          THE COURT:  Well, look, it's a good thing that

20  the parties are forward thinking and that's something the

21  Court almost always appreciates.  In the absence of

22  objection, I will sign the order.

23          MS. BOELTER:  Thank you, Your Honor.  Do you have

24  a copy of the order?

25          THE COURT:  I do.

1          MS. BOELTER:  Okay.  Very good.  I believe that

2  brings us to Item 13 on the agenda and that is a -- the

3  committees' motion and I'm going to hand the podium over.

4          THE COURT:  All right.  Well, Mr. Sottile, how

5  does it feel to be back on that side of the room?

6                      (Laughter)

7          MR. SOTTILE:   I was disturbed, Your Honor, in

8  finding myself lost.  I had become entirely accustom to

9  sitting right behind Mr. Bendernagel.

10          THE COURT:  Today you'd be in front of Mr.

11  Bradford.  I'm not so sure that's --

12                      (Laughter)

13          MR. SOTTILE:  There's always dangers wherever one

14  sits in this courtroom, Your Honor.

15          Your Honor, James Sottile of Zuckerman Spaeder,

16  special counsel to the official committee of unsecured

17  creditors.

18          Your Honor, we're here on two motions.  And with

19  the Court's permission, I would propose to set forth the

20  committees' views on both.  I've discussed that with Mr.

21  Bradford who's happy for us to proceed that way if the Court

22  is so inclined.

23          THE COURT:  I'm all right with that.

24          MR. SOTTILE:  Okay.  Your Honor, as the Court is

25  aware, the first item up on the agenda is the committees'

1    motion to amend the definition of termination event in the

2    standing motions that granted the committee standing to file

3    and serve both LBO related actions, as well as certain

4    preference actions.  And in substance what that motion seeks

5    is simply to extend the existing stay through and including

6    June 15, 2011.  That's a predicate, Your Honor, to what we

7    anticipate if the Court is inclined to grant this extension

8    of stay to a longer extension.  We are in discussions with

9    the noteholder plan proponents about a further extension of

10   the stay and I think it is the parties general contemplation

11   that these actions should remain stayed through the

12   confirmation process.

13            As the Court will recall, that is how we arrived

14   at the stay in connection with the standing order to begin

15   with.  The parties on all sides of the isle were in

16   agreement that in order to make sure the valuable claims of

17   the estate were not lost, that those claims should be

18   asserted before the statute of limitations ran.  And on that

19   basis, the Court entered standing orders permitting the

20   committee to file those actions.

21            However, I think all of the parties also shared a

22   concern that it was not appropriate to proceed with active

23   litigation of both the LBO related complaints and the

24   preference actions while we had a contested confirmation

25   process about to begin then, and which as the Court is

1  unfortunately all too well aware is still ongoing.  And

2  that's because we did not believe that it was in the

3  interest or the parties or of this Court to distract the

4  parties and this Court from their focus on the question of

5  confirmation.

6         And in addition, as an additional ground for the

7  stay, we believe that given that it was uncertain and

8  remains uncertain as to which entity will ultimately be end

9  up pursuing these claims, that we should not take actions in

10 the litigation that would prejudice the ability of whoever

11 ends up in control of the claims to pursue them as that

12 entity deems most appropriate.

13        And for those reasons, the Court in the standing

14 orders also stayed the litigation.  So we protected the

15 claims against the statute and we avoided the distraction of

16 ongoing litigation and the questions of whether or not -- of

17 which entity would ultimately control it by staying the

18 litigation.

19        Your Honor, we submit that those same two

20 considerations apply with equal force today.  We are still

21 in the middle of active confirmation proceedings.  Neither

22 the parties nor this Court should turn their energies from

23 that in order to litigate the merits of the claims until we

24 get to a resolution.  And we still don't know who's

25 ultimately going to be bringing these lawsuits or which

1   counsel will be pursuing them.  And we should not now take

2   steps that will affect the ability of whoever does end up

3   controlling the claims, to pursue them as they deem most

4   appropriate.

5          The only parties that has objected to the

6   extension of the stay through June 15 is Mr. Zell.  Mr. Zell

7   has objected on the basis, as the Court has heard a number

8   of times so far, that he believes the claims against him are

9   meritless and that this Court should now entertain either or

10  both a Rule 9011 motion for sanctions against the committee

11  and its counsel, a motion to dismiss, and other dispositive

12  motions as Mr. Zell may deem appropriate.

13         Your Honor, we submit that the same reasons that

14  led the parties to agree to a stay on the litigation that

15  led this Court to enter the stay apply with equal force to

16  Mr. Zell's objections.  There is no reason for this Court or

17  the parties to engage in a merits fight on this litigation

18  when we don't know who will control the litigation and we

19  are focusing our energies on completing the confirmation

20  process so that we will know, in fact, what will be

21  happening to the debtors, what will be happening to these

22  claims, and who will have the right and duty to pursue those

23  claims.

24         Now that process, Your Honor, we submit is not

25  going to take forever.  Mr. Zell complains that he's

1  entitled to a speedy adjudication and asserts that he's been

2  prejudiced by publicity in the course of this action about

3  the claims against him.  But, Your Honor, we really are

4  talking about, we believe, a period of a few months.  We

5  have now set a schedule for briefing and post-trial argument

6  where we will get to closing arguments on June 14.  The

7  matter will then be submitted to the Court.  And we would

8  hope that within a few months thereafter, the Court will be

9  able to render a decision.

10        So we're not talking about an extended period

11 before Mr. Zell will be able to pursue his assertions the

12 claims are meritless, assertions that the committee

13 disagrees with, but which we do not believe are ripe to be

14 heard and decided at this time.

15        And we also submit, Your Honor, that there is no

16 material prejudice to Mr. Zell from waiting a few months

17 until he can pursue his claims that there is no merit to the

18 actions against him.  If he's right, then this Court or

19 whatever Court is hearing those claims will dismiss those

20 actions.  And if he's wrong, they will go forward.  In the

21 interim, the only prejudice Mr. Zell points to is certain

22 publicity that has occasioned these hearings.

23        With all due respect to Mr. Zell and his counsel,

24 Your Honor, we submit that if you parade a brass band

25 through this courtroom saying that how Mr. Zell is innocent

1  of everything, you shouldn't be surprised if people stop and

2  listen and stare at the parade.  And that's all that's

3  happened.  The publicity that's happened here is attendant

4  on Mr. Zell's repeated attempts to litigate the merits of

5  these claims before it is appropriate to do so, when he

6  would suffer no prejudice if he simply stood down, awaited

7  the results of the confirmation process, and then pursued

8  his arguments that the claims against him are meritless.

9         Your Honor, that deals with our motion for stay.

10  On a related note, as the Court is aware on Agenda Item 14,

11  Mr. Zell, in the alternative, seeks relief from the stay if

12  the Court were to extend it, to permit him to serve a Rule

13  9011 motion directed at the committee and its counsel with

14  respect to the claims against Mr. Zell.

15         Your Honor, we believe that it's clear that any

16  such motion would be -- any service of any such motion

17  rather, would be precluded by the existing stay.  The

18  existing stay applies to all motion practice.  And it was

19  phrased that way and the Court entered the order that way

20  precisely to prevent the parties from having to deal with

21  the merits of claims.

22         THE COURT:  Okay.  Let's assume that's true.  Why

23  shouldn't I grant him relief, to force you to stand behind

24  the complaint that you filed?

25         MR. SOTTILE:  Your Honor, because you will then

1   force the committee and its counsel to make decisions about

2   that complaint when that complaint may, in fact, be

3   litigated by entirely distinct different parties.

4            THE COURT:  Well, but you see, that's a little

5   different than, you know, deciding when we'll consider a

6   motion to dismiss or to deal with the merits which Mr.

7   Bradford so desperately wants the Court to do.  It's a

8   matter of saying there are other things to be considered

9   here and that is, you know, the rule and the ethical

10  obligations that underlie the rule.  Isn't he entitled to

11  tell you that formally now?  Why shouldn't he be?

12           MR. SOTTILE:  Well, Your Honor, he has, in fact,

13  already told us that repeatedly.  And we're well aware of

14  Mr. Bradford's and his client's views on the issues.  What

15  he wants to do now is to go a bit further.  He wants to

16  actually initiate the process that leads to a Rule 11

17  motion.  That inevitably means that the committee, its

18  counsel, and this Court, will have to deal with the merits

19  of those claims.

20           THE COURT:  Well not yet because that process

21  doesn't take place until after the merits have been decided.

22  Isn't that true?  Or isn't that the time and place when a

23  Court should decide a Rule 11 motion?

24           MR. SOTTILE:  Well, Your Honor, the service of

25  the motion by itself triggers a 21-day period.

1          THE COURT:  I know how the rule works.

2          MR. SOTTILE:  I'm sorry, Your Honor.

3          THE COURT:  But let's -- I guess my thinking is

4    and, you know, the committee touches on this, I think in its

5    papers that if it stopped its service, maybe it wouldn't be

6    so bad.  Or did I read too much into the committees' papers?

7          MR. SOTTILE:  Your Honor, we suggested as an

8    alternative that the Court could permit the service, but

9    suspend the running of the 21-day period until 21 days

10   following the termination of the stay.  And if the Court

11   were so minded, that is an alternative that the Court could

12   pursue.  But what troubles us here, Your Honor, is that it

13   does necessarily involve the committee in making merits

14   based decisions about these claims when it may very well not

15   be the committee that has anything to do with prosecution of

16   the claims.

17         THE COURT:  Well, you know, you picked the fight.

18                      (Laughter)

19         MR. SOTTILE:  Your Honor, we did pick the fight,

20   but we picked the fight for a very specific reason to ensure

21   that if there were valid claims here that had value to the

22   estates, as we believed there were, that those claims would

23   be preserved against the statute of limitations.  And I

24   believe that all of the parties were in agreement that we

25   should do that.  And the Court ultimately agreed by entering

1  the standing order.  We also all agreed, I think, Your

2  Honor, at least among the parties, that it was not

3  appropriate to litigate them at that time.  And we submit,

4  Your Honor, that starting the Rule 11 process is starting

5  litigation on the merits of the claims.

6            THE COURT:  All right, thank you.

7            MR. SOTTILE:  Thank you, Your Honor.

8            MR. BRADFORD:  David Bradford, Jenner & Block, on

9  behalf of Mr. Zell.

10           Your Honor, procedurally before I begin, given

11 that Items 13 and 14 are booked before the Court, we had a

12 motion for leave to file a reply brief as it related to the

13 Rule 9011 motion.  I don't believe that's been ruled on by

14 the Court.

15           THE COURT:  I've signed that order.

16           MR. BRADFORD:  Thank you, Your Honor.  Your

17 Honor, turning first to the issue of the continuation of the

18 stay as it pertains solely to the claims against Mr. Zell

19 and I emphasize this does not, the objection does not

20 encompass claims against EGI-TRB or any of the preference or

21 fraudulent transfer claims.  These are three specific claims

22 against Mr. Zell, each of which the examiner either found

23 highly unlikely, not reasonably unlikely, but highly

24 unlikely to succeed and/or wasn't even asked to consider

25 because it wasn't thought of until after the fact, and were

1    encompassed within Professor Black's view that there was no

2    meaningful prospect of success.  That's all that we're

3    seeking to move on at this time.

4              There are three competing considerations that

5    warrant allowing Mr. Zell to respond to those particular

6    allegations.  The first is Rule 1, which contemplates that

7    parties faced with potentially meritless claims have a

8    prompt opportunity to have those claims addressed and ruled

9    upon, and there are objective indicia that these claims, in

10   fact, are meritless.  Clearly, no other defendant seeks this

11   relief and there is no potential floodgate issue here.

12             Second, the Supreme Court and other Courts have

13   recognized that as a matter of due process, a party who is

14   subjected to reputational injury is entitled to be heard

15   promptly in an effort to address, redress that reputational

16   injury.  That is part of the policy that also informs Rule

17   1, and we've cited cases to that effect to the Court.

18             And I would note in this respect, that while

19   we're accused of bringing a parade to this Court, we urged

20   the committee, before it ever went public with these

21   allegations, to enter into a tolling agreement which would

22   have addressed the concern that the committee says animated

23   their filing.  We repeatedly put in writing to them and said

24   verbally both before and after the claims were filed, let's

25   enter into a tolling agreement so we can sit down with you

1   and explain to you why we think these claims are meritless

2   and not fight this out in a public forum.  They, as Your

3   Honor indicated, chose the battle and they chose to make

4   that a public battle.  And to make these kind of allegations

5   of truly egregious misconduct and then not allow the other

6   party to respond on a prompt basis to vindicate themselves

7   is fundamentally unfair.  It's fundamentally inconsistent

8   with how the adversarial process should work.

9         Third, Your Honor, there is a lurking issue of

10  standing yet to be resolved.  And Your Honor is well aware

11  that the committee itself sought to raise the question of

12  whether there is standing to bring its current complaint. We

13  objected to that standing.  Resources were spent briefing

14  that motion.  Your Honor gave them an opportunity to

15  withdraw it, they chose to stand on it and schedule it for

16  further hearing.  And only on the eve of that argument did

17  they then withdraw that motion.

18        Now the committee contends that the current order

19  gives them standing to bring these claims.  We disagree.

20  The issue for today is not who's right, but whether we, by

21  motion, can at least raise that issue because currently the

22  say appears to prevent us from filing a standing motion.

23  And there is an unfair one way street here.  Which is when

24  the committee wants to raise standing issues before the

25  Court, it's free to file a motion.  But if we seek to

1   challenge their standing, it appears we're enjoined from

2   even raising that issue.  That issue is ultimately

3   jurisdictional.  It, in fact, goes to the whole question of

4   whether the Court even has jurisdiction to stay these

5   particular claims.  Because if the committee has no standing

6   and there is no jurisdiction over the claims, there's

7   nothing before the Court to stay.

8           And to say that we cannot at least by motion

9   challenge standing which is jurisdictional, again we believe

10  would be an unprecedented constraint on the right of a

11  defendant to challenge whether they're even properly before

12  the Court.  And that is something we would raise by motion

13  if the Court clarified the stay order to permit us to

14  proceed.  The committee in turn will suffer no prejudice

15  from our filing a motion.

16          If they are really too busy with confirmation to

17  respond to our motion, then they can ask for an extension of

18  time to respond to our motion.  But the actual filing of our

19  motions will cause no prejudice to anyone.  It should

20  distract no one.  There are obviously a great wealth of

21  talented attorneys capable of responding at the same time as

22  they proceed with confirmation and if not, again they can

23  ask the Court for further time to respond.

24          But to refuse Mr. Zell the opportunity to put

25  forward his positions by way of motion is unnecessary in

1   order to avoid prejudice to the committee.  And I would note

2   the amount of time that has been spent already on briefing

3   standing at the committees' behest is inconsistent with

4   their whole contention that they don't have time to brief

5   the merits.  The merits were fairly well briefed in

6   connection with that motion, and then they simply decided

7   they didn't want to have it heard.

8           If the Court has no questions with respect to the

9   general topic of the stay, I will turn to the Rule 11

10  motion, Your Honor.  And I'd like to indicate here, I've

11  been practicing for 35 years.  I have never filed a Rule 11

12  motion.  I really hope it is not necessary in this case.  I

13  have an extremely high regard for the Zuckerman firm and for

14  counsel.  I have an abiding belief that if they were served

15  with this motion, they would do the right thing and it would

16  be unnecessary for us to actually file that motion.  We have

17  tried to exhaust every lesser means for proceeding here.  We

18  have engaged in informal dialogue.  We thought we might have

19  these issues addressed through the standing motion.  We have

20  sent an informal letter raising Rule 11 concerns.  And at

21  this point, we have no other option, but to ask that they be

22  formally put to the burden that any litigant should have

23  when they file a pleading, which is to make a decision

24  whether or not they want to withdraw that pleading.

25          And that's all that's before the Court for the

1    moment in connection with that motion, is should they be

2    faced with the decision that any responsible professional

3    should face of whether they will stand on that pleading or

4    withdraw that pleading.  We believe that they will withdraw

5    that pleading if they're served with this.  We believe it

6    would be -- it would make a mockery of the rule to let the

7    21 days run because that certainly does not put any time

8    period on the making of the decision and we believe the

9    committee should be put to making a formal decision.

10           We'd be happy to have them advise us of that

11   decision before we file anything to come back before the

12   Court before we file anything, but we think that with the

13   benefit of a motion in hand and the consequences of a

14   motion, they should be forced to face the gravity of that

15   decision.  And that no Court should suspend professional

16   responsibilities or suspend the effect of Rule 11.

17           We don't believe this Court intended by the stay

18   order to suspend Rule 11.  And if, in fact, they decide to

19   withdraw their pleadings, there will be no work and no

20   burden on the committee.  What work should be done and

21   presumably was done in investigating these claims should

22   have been done long ago.

23           And finally, I would note again in this respect

24   that we are the singular party before the Court raising this

25   issue.  There is no flood gate or burden argument as it

1  pertains more generally to the confirmation process.

2           So for all of those reasons, we would ask the

3  Court to create an exception to the stay to permit Mr. Zell

4  to proceed with appropriate motion practice in connection

5  with Agenda Item 13 in the alternative in connection with

6  Agenda Item 14 to grant us leave or to clarify the stay to

7  at least permit the service of a Rule 9011 motion.  Thank

8  you, Your Honor.

9           THE COURT:  Thank you.  Does anyone else wish to

10 be heard?  All right.

11          MR. GOLDEN:  Excuse me.  Daniel Golden, counsel

12 for Aurelius Capital.

13          Your Honor, we do agree with the committees'

14 position with respect to these two motions.  We don't see

15 the benefit of allowing one single litigant who obviously

16 has the resources to get ahead of every other potential

17 defendant in the two or more, actually more than two

18 litigations that have been commenced pursuant to authority

19 of this Court.  We haven't seen, other than allegations in

20 Mr. Zell's pleadings, that there's been a suffering of

21 reputational harm.  There's no evidence of that.  Certainly

22 anymore than the reputation that's been harmed as a result

23 of the entire disastrous leveraged buyout.

24          We think that this -- if this Court were to allow

25 this particular litigant to get in front of everyone else,

1   while we don't have a parade of parties now, somebody will

2   take the cue from the Court's decision and I am quite

3   confident or quite concerned, I should say, this will not be

4   the last such motion that we see as we try -- as litigants

5   try to get to the head of the line before the litigation is

6   undertaken in due course once the Court makes a final

7   determination with respect to which plan, if either, is

8   going to be confirmed.  And, therefore, who will actually be

9   the litigants litigating, prosecuting the actions that the

10  committee was forced to bring in order to save the statute

11  of limitations when the debtors who had Mr. Zell as the

12  chairman of the board was content to allow the statute to

13  run during that two-year period.

14          So for all of those reasons, we would support the

15  arguments of the committee and ask that the status quo be

16  maintained.  Thank you.

17          THE COURT:  Thank you.  All right.  Well I think

18  there is every good and sound reason to extend the stay with

19  no exceptions, but I'm going to take under advisement, Mr.

20  Zell's motion at Number 14 today.  I want to give more

21  thought to it after having heard the arguments of counsel

22  today.  And I don't view my ruling on the committees' motion

23  to amend the definition of termination event to in any way

24  tie the Court's hands with respect to its decision on Mr.

25  Zell's motion at Number 14.  Are there any questions?

1                    (No audible response.)

2                MR. BRADFORD:  No, Your Honor.

3                THE COURT:  All right.  Do you have a form of

4    order?  I'm sorry, Mr. Bradford, do you have a question?

5                MR. BRADFORD:  No, no, I said no further

6    questions, Your Honor.

7                THE COURT:  All right, thank you.

8                MR. SOTTILE:  May we approach with a form of

9    order, Your Honor?

10                THE COURT:  Yes.

11                MR. SOTTILE:  This is the form of order that was

12    submitted with the motion.

13                THE COURT:  All right, thank you.  That order's

14    been signed.

15                MR. SOTTILE:  Thank you, Your Honor.

16                THE COURT:  Okay.  There are now four related

17    motions.  Are parties ready to proceed on that?

18                MR. FRASER:  Good afternoon, Your Honor.  Simon

19    Fraser for the movants in the next four motions.  I have

20    with me my co-counsel, Jonathan Young.  I filed a pro hoc

21    motion this morning.  The order has not yet been entered,

22    but I would ask that my motion for Mr. Young's admission pro

23    hoc vice be granted, and Mr. Young is prepared to present

24    the movants' case.

25                THE COURT:  That's fine.

1          MR. FRASER:  Thank you.

2          MR. YOUNG:  Thank you, Your Honor.  Good

3   afternoon, Your Honor, and thank you for the opportunity to

4   appear.  I'm Jonathan Young from Wildman Harold and I

5   represent Mark Hianik, John Birmingham, Tom Ehlmann, and

6   Peter Knapp who with the Court's permission, I will refer to

7   collectively as the former officers.

8          Your Honor at the outset, it might be appropriate

9   for me to say what this motion is not.  It's not an attempt

10  to comprehensively adjudicate the indemnity rights and

11  claims and defenses flowing from the litigations that have

12  been filed against my clients.

13         THE COURT:  Well I don't think, at least based on

14  their responses, that anybody thinks that.

15         MR. YOUNG:  Thank you, Your Honor.  What it is of

16  course is an attempt to put these four claims into cue.  And

17  in that sense, it's very consistent with the whole

18  litigation neutrality focus that's been followed by multiple

19  parties in the course of confirmation and related matters.

20  These gentlemen simply want the opportunity to have those

21  claims subject of course to whatever objections may be filed

22  by any parties and interest.

23         Not we've submitted affidavits, as well as,

24  motions for each of these gentlemen.  We've received one

25  objection from the committee, no others.  And I think the

1  following facts which I can cover fairly concisely are

2  undisputed.

3           THE COURT:  Well let me ask this.  Is it your

4  intention -- what's your factual record going to be?  Is it

5  going to be the declarations?  Is there any objection to

6  that?  Do you have your clients here?  Tell me what you had

7  envisioned.

8           MR. YOUNG:  I had envisioned -- well, first of

9  all to answer your question about the record, we have four

10 declarations.  We're not aware of any controversy over the

11 declarations.  We have briefing that I believe does not

12 controvert the declarations, but rather takes the point of

13 view that our client should have known.  I think that's

14 really the essence of the dispute, is that even though the

15 litigations hadn't been filed and were a year away, that our

16 clients should be charged with knowledge that they might

17 have an indemnity obligation and should have filed the

18 claim.

19          And that's the posture on which I'm prepared to

20 make argument.  If it becomes appropriate to adjourn and

21 have live testimony, we're of course ready to do that.  But

22 my understanding is I don't think there's really any

23 disagreement on timeline which is to say you had a June 2009

24 bar date.  You had the examiner filing his report I'd say

25 about a year and a month later.  You have the litigations

1    commenced in November and December of 2010 and our motion

2    filed in the first quarter of 2011.

3            And so what we're prepared to argue, Your Honor

4    is that under the applicable case law in Rule 9006, this is

5    an appropriate instance of where these claims should be

6    permitted to be made and deemed timely, subject to whatever

7    merits dispute we may have down the road.  And if it's okay

8    with the Court, I was prepared to address the factors why

9    that would be so.

10            THE COURT:  Go ahead.

11            MR. YOUNG:  I think our brief and the committees'

12    brief shows there's fundamental agreement on the factors.

13    They come from pioneer and its progeny and there are four

14    them.  Prejudice to the debtors, length of delay, and its

15    potential impact on judicial proceedings, reason for delay

16    and whether it was within the reasonable control of the

17    movant, and good faith.  And we'll cross good faith off at

18    the outset because our opponents don't contest that.

19            Your Honor, with regard to prejudice, a couple of

20    points.  One, is cable and wireless and other cases that

21    said the mere fact that a claim being deemed timely adds to

22    the claims universe, can't equal prejudice.  And even

23    assuming without conceding it could, in the total economic

24    context of this case, we're talking a very, very

25    infinitesimally small impact on the claims universe.  I

1   believe there's 64 billion in reported claims in these

2   proceedings, at least that's the number we saw.  And we're

3   talking a universe of several million at most.

4            As has been discussed, we're still a few months

5   away from confirmation and any ruling on confirmation.

6   Issues of liability and indemnity have yet to be joined, let

7   alone resolved.  And as a result of all of those factors, we

8   don't believe there's any material prejudice to the debtors

9   or to their estates.

10           Now there's an illusion on our opponents papers

11  to the flood gates problem.  We heard reference to that and

12  on the prior agenda item as well.  And a couple of things,

13  Your Honor.

14           First of all, we're talking about former officers

15  so that is a relatively discrete universe to begin with.  We

16  also note the fact, I think it was discussed in the papers,

17  that under the bar date order that was entered in this case,

18  current directors and officers were excused from the

19  necessity to file a proof of claim.  Now we understand that

20  distinction, though it obviously would have obviated this

21  motion if it had covered our clients.  But we think what's

22  important about that point, Your Honor, is it demonstrates

23  on the existing record regardless of what happens on these

24  motions, there is a universe of unadjudicated indemnity

25  claims that are going to need to be addressed as part of

1  this process.  So we think that covers the prejudice element

2  and we think we've cleared that hurdle.

3       With regard to the length of the delay and the

4  impact on the proceedings, Your Honor, this really goes to

5  the question of how do you measure.  We don't dispute that

6  these claims are being put in cue and this motion is being

7  filed some year and a half after the bar date.  However, we

8  are only a few months from the filing of the lawsuits and

9  it's our position that that's really the more relevant point

10  of departure.

11       Again, as I mentioned a moment ago, the issue is

12  held open relative to the current D's and O's.  We haven't

13  reached confirmation.  So this element really focuses on

14  will the allowance of these claims impact the proceedings,

15  disrupt the order of what's going on, and we believe it will

16  not.  We believe that if these claims are deemed timely,

17  they will be put into the cue of other similarly situated D

18  and O claims and everybody will retain their objections and

19  defenses and we'll reach them when it's appropriate to reach

20  them.

21       With regard to the reason for delay, Your Honor,

22  I think that's pretty straightforward and it's just a

23  fundamental disagreement between us.  Our clients, when they

24  left the service of the Tribune, all believed that they had

25  been fully compensated and that they did not face liability

1  or any other situation that would trigger a need for

2  indemnity.  Now the committee argues in its opposition

3  papers that preference actions are inevitable and that

4  everybody should anticipate, in a Chapter 11, that insiders

5  are going to be pursued for any transfers they receive

6  within a year.

7       Well, Your Honor, we disagree firstly because

8  there are, of course, multiple elements of the prima facie

9  case and defenses that might preclude that from being so.

10  Second, you know, given the extensive treatment of issues of

11  solvency by the examiner and by other parties and interests,

12  that's clearly not a self-evident issue either.  And --

13       THE COURT:  Something you think a person who held

14  the title of assistant general counsel might know though?

15       MR. YOUNG:  Well, Your Honor, we certainly

16  concede that Mr. Hianik was a lawyer and that he was in the

17  law department during this period, but as stated in his

18  declaration, until the events of 2010 and the conversations

19  he had mentioned in his declaration, he had no reason to

20  believe that these transactions were subject to scrutiny

21  avoidance, et cetera.

22       Your Honor, it is the case on this record that

23  all four of my clients didn't know.  The question really

24  becomes should they, for purposes of Rule 9006 practice, be

25  charged with the knowledge.  That's really what I understand

1   our opponents to be arguing.  And it's our position that

2   because of their good faith, because this doesn't eliminate

3   any of the merits objections or related arguments in

4   litigation over indemnity we know is coming, that it's an

5   appropriate exercise of discretion to give them their

6   opportunity at least to assert the claim.

7            And if I might conclude, Your Honor, with a

8   response to the invitation or the argument made by the

9   committee in their papers that really the appropriate thing

10  for our clients to have done back in June 2009 would have

11  been to file a contingent unliquidated claim.  Well, it

12  seems to me that if they had done so, we'd be in one of two

13  places.  Either those claims would still be pending as

14  contingent and unliquidated, in which case putting them back

15  into cue really wouldn't change anything as far as the

16  status quo, or potentially there would have been some kind

17  of preliminary claims objections, some kind of request to

18  estimate and our clients would have had no meaningful way to

19  quantify that risk or to put a number on that claim.

20           What's really happened here, Your Honor, is the

21  events of 2010 and the change in the playing field that's

22  been alluded to by other parties in this Court, has created

23  a very pressing need for our clients to invoke these rights

24  of indemnity.  And that's why we ask you Your Honor to

25  exercise your discretion under 9006 and without prejudice to

1  any parties right to be heard on merits objections or to

2  reach those issues when they come, to simply give our

3  clients an opportunity to have their day in Court on those

4  claims.   Thank you.

5            THE COURT:   Thank you.

6            MR. LEMAY:   Good afternoon, Your Honor, excuse

7  me.   David LeMay, from Chadbourne & Parke, for the official

8  committee of unsecured creditors.

9            Just really a few points.   The committee

10 obviously did object to the requested relief, and although

11 litigating relief from bar date orders is no attorney's

12 favorite piece of work of advocacy, it is one where, you

13 know, the job calls for it.

14            So there are many things that it seems like

15 everyone agrees on.   It's very good that the merits are not

16 in dispute and we all agree on that.   The good faith of

17 these movants is not in dispute and we all agree on that.

18 The basic factual account that the four former officers give

19 in their declarations is fundamentally not in dispute.

20 Similar the things though that are not in dispute is that

21 each of these four former officers did get the bar date

22 notice; that that bar date notice made it very clear that

23 current officers and directors had no need to file indemnity

24 claims, which would create, as we suggest I think, Your

25 Honor, at least a very strong negative pregnant that former

1   officers and directors maybe should think hard about the

2   issue.  It's also clear --

3          THE COURT:  Well let me tell you the one thing

4   that strikes me about the effect of the position that the

5   committee takes.  And I really haven't quite faced this

6   issue in this context, but it seems to me that one thing you

7   might be viewed as saying is potential defendants have to

8   stick up their hand and say hey, I'm out here.  Do you

9   understand that?

10         MR. LEMAY:  Well yes, Your Honor, I mean, that is

11  what we say in our papers --

12         THE COURT:  Yeah.

13         MR. LEMAY:  -- because particularly when those

14  defendants are insiders.  Your Honor asked counsel a

15  question which, I think gutted this.  When you're dealing

16  with insiders, it's a little bit less shocking to think that

17  yes, maybe you should have to stick up your hands.  In any

18  event, Your Honor, even if we were to sort of put a blanket

19  or a pall over the period of time between the bar date and

20  the commencement of the lawsuits, we'd then have a further

21  five-month delay between the commencement of the lawsuits

22  and the filing of the proofs of claims.  I don't wish to

23  belabor that point.

24         I will suggest though that -- and duty requires

25  me to suggest -- that that period of time, although it's

1   explained away as having been involved in sort of

2   researching the case and the like, is a little bit longer

3   than is consistent with the idea of immediately jumping to

4   your rights once you're made aware of them.  The pioneer

5   factors, Your Honor, I think are not in dispute.  Good faith

6   is off the table.  Mr. Young is right.

7            With respect to prejudice, I think it is easy to

8   dismiss the floodgates argument sort of superficially, but

9   when you think about the fact that competing plans are on

10  the table, that 40 omnibus objections have been filed, that

11  other litigants have had their claims ruled out as untimely,

12  thus creating a distributive justice argument, I think the

13  prejudice issue is real.  I've touched on --

14           THE COURT:  Well how many -- I'm sorry to

15  interrupt again, but how many former officers who've been

16  named as defendants, other than the movants here, would this

17  potential floodgates argument apply to?

18           MR. LEMAY:  I don't know.  A few former officers

19  and directors did file contingent proofs of claim and we

20  know about those because they filed them.  I don't think I

21  know or have a way to know all the others or at least not a

22  way to know while I'm standing here in front of you.

23           THE COURT:  So we don't know whether it's 2 or

24  200 is what you're saying.

25           MR. LEMAY:  I don't, Your Honor.

1          THE COURT:  Okay.

2          MR. LEMAY:  I've touched on the length of the

3  delay.  And then, you know, as to the reason of delay, as --

4  the reason for the delay, I think I've already addressed

5  that insofar as I do think that former insiders are on a

6  different plane from pure third parties.  In any event, the

7  litigation was commenced five months before the proof of

8  claim was filed.

9          So for all of those reasons, Your Honor, we think

10  that this case is a little bit more like the *Engage* case

11  which was cited in our papers as opposed to the *BuildNet*

12  case which was cited in theirs.  Mr. Young is right.  Much

13  turns on whether these defendants should have known or had

14  reason to know.  We do disagree about that and the committee

15  submits that they ought to have known and ought to have

16  taken the appropriate protective steps.

17          For those reasons, Your Honor, the committee

18  opposes the requested relief and I'm happy to answer

19  questions.

20          THE COURT:  I have none, thank you.  I'll allow

21  brief rebuttal, Mr. Young, if you wish.  I'm sorry, did the

22  debtor wish to be heard on this?

23          MR. KANSA:  Your Honor, Ken Kansa of Sidley

24  Austin on behalf of the debtors.

25          The debtors did not object to the motion in

1  question or file another responsive pleading, but I believe

2  I can answer the question the Court posited as to how many

3  former D's and O's are out there.  The answer to that is

4  beyond the four that filed the pleadings in question here,

5  there are 88 other former officers.  All of them except one,

6  I believe, are officers of the subsidiary debtors and not

7  the parent debtor.

8           THE COURT:  And of these 88, how many have been

9  named as defendants?

10           MR. KANSA:  I believe that all of them have been

11  named as defendants, Your Honor.

12           THE COURT:  Okay.  And how many of them, if you

13  know, have filed proofs of claim?

14           MR. KANSA:  I don't have the precise number to

15  hand Your Honor, but it's not more than a handful, perhaps

16  three or four at the outside.  And with that, Your Honor,

17  that's all I have, thank you.

18           THE COURT:  All right, thank you.  I'll allow

19  brief rebuttal, if you wish.

20           MR. YOUNG:  Thank you, Your Honor.  I'll keep it

21  very brief.  The parties cited case law in their papers.  We

22  think most of the cases cited by our opponents, and the

23  *Engage* case is no exception, deal with fact patterns where

24  there is very specific concrete notice of the threat in

25  litigation.  Either it's already filed or the parties are

1  well past the effective date, or there is somehow a known

2  marker that the parties should have seen.  We do cite one

3  case out of the jurisdiction, that's the *BuildNet* case.  It

4  is somewhat similar because it involves a subsequent

5  litigation, an examiner's report, and a late claim.

6            But ultimately, Your Honor, we think it comes

7  down to an exercise of this Court's discretion.  And we, in

8  addition to our other arguments, come back to the fact that

9  the world will not change if the requested relief is

10  granted.  We're simply asking, based on the equities, as

11  well as the law of the situation, that when these

12  litigations go forward post-petition -- or post-

13  confirmation, I should say, that our clients retain these

14  claims.  Thank you.

15            THE COURT:  This is odd in this respect.

16  Normally, I require and I guess it happens more frequently

17  in situations in which individuals are representing

18  themselves, to come and testify in person to tell me why it

19  is they didn't file the claim until late.  In these

20  circumstances, the objector here really isn't disputing the

21  facts which are alleged in the declarations, and I will

22  consider them as the factual record here.

23            I understand the committees' position, too, to be

24  concerned that others may follow.  But I'm looking at the

25  factors and to initially frame the question the way the

1  parties have addressed it in part and that is, you know,

2  should these individuals have known.  They had high enough

3  positions in the company that arguably perhaps they should

4  have.

5        But as I look at the four factors here, given

6  the, at least as the papers reflect, the amount of the

7  claims to be asserted by these movants is really small in

8  light of the overall debt picture.  Good faith's not an

9  issue as the parties have indicated.  You know, the length

10 of delay and impact on the proceedings in an absolute form I

11 don't -- in an absolute way, I don't think will have really

12 much impact at all with respect to these movants.

13       I do think it odd, as Mr. LeMay pointed out, that

14 in addition to the delay after the passing of the bar date,

15 there was this further delay of a period of months after the

16 lawsuits were filed.  I mean, normally, well if you come in

17 with the zeal exhibited by Mr. Zell, when they're put upon

18 on the wrong side of the caption, these movants did not.

19 And I agree, that's odd.

20       But in balancing all of the factors, none of

21 which is necessarily controlling and not all four need fall

22 one way or the other on balance, I think the movants are

23 entitled to the relief that they've requested here and I

24 will grant the relief requested.  Are there forms of order?

25       MR. YOUNG:  Yes, Your Honor.

1              THE COURT:  While those are being gathered, for

2      those who don't know, I did sign the order that was the

3      subject of so much discussion in the way of competing forms

4      of order concerning the state law of fraudulent conveyance,

5      constructive fraudulent conveyance claims against

6      shareholders.

7              MR. YOUNG:  May I approach?

8              THE COURT:  You may.  And I hope, Mr. Golden, you

9      weren't waiting too long for my call on Friday. I didn't

10     feel like I need to make it.

11             MR. GOLDEN:  I appreciate that, Your Honor.

12             THE COURT:  Those orders have been signed.  Okay.

13     Shall we deal with the last item?

14             MR. SOTTILE:  Your Honor, James Sottile of

15     Zuckerman Spaeder again for the committee.

16             I take up my familiar pre-confirmation hearing

17     position of tail-end Charlie on the agenda dealing with the

18     thrilling topic of documents and deposition designations

19     that were not admitted in the course of the confirmation

20     hearings.  And I'd like to report to the Court on where the

21     parties are.  I'm pleased report that the parties, I think,

22     have reached an agreement in principle on some procedures

23     subject obviously to the Court's views for dealing with

24     those documents and deposition designations that either were

25     not touched on at all during the confirmation hearings, but

1  were touched on and not admitted one way or the other.

2          Let me start with documents, Your Honor.  As to

3  documents, the parties discussions are as follows.  With

4  respect to every document on either exhibit list of the

5  respective plan proponents, they would be presumed to be

6  admissible for some purpose other than the truth of the

7  matter asserted unless one of the parties specifically

8  objected to that use of the document or specifically said

9  they wanted that document or some portion of it to be

10  admitted for the truth.  Second --

11          THE COURT:  And what would the --

12          MR. SOTTILE:  I'm sorry, Your Honor.

13          THE COURT:  I'm sorry, what would the form of

14  that objection or assertion take where that's simply left to

15  what the record reflected at the time we were at hearing or

16  have the parties designed a way to illustrate that for the

17  Court?

18          MR. SOTTILE:  Your Honor, the parties have gotten

19  this far.  That we would propose that the specific

20  objections or the identification of documents that a party

21  wants to be admitted for the truth would be exchanged

22  between the parties by the 3rd of May.  And while we have

23  not yet agreed upon procedures for the Court to consider to

24  resolve the issues, it is our intention to confer on such

25  procedures between now and May 3 and then to present in as

1    expeditious and efficient a manner as possible for decision

2    by the Court, those documents where one party says this

3    document has to come in for the truth or someone says this

4    document can't come in for any purpose whether the truth or

5    anything else.

6            And it is our hope, Your Honor, that we will be

7    able to reduce the volume of documents where there's an

8    issue there to a manageable number and we suspect they're

9    going to fall into categories which should further

10   facilitate the Court's consideration.  But we don't have a

11   specific process yet other than we would exchange between

12   the parties by May 3 lists.  And we do not anticipate those

13   lists to be overly lengthy, Your Honor, based on the

14   discussions we've had.

15           Your Honor, we've done one further thing, subject

16   of course again to the Court's views, that we hope would

17   narrow the grounds of dispute about admissibility of

18   documents.  And that concerns statements by any of the plan

19   proponents or by certain of their representatives acting

20   within the scope of their engagement.  And the

21   representatives that would fall within this category, Your

22   Honor, would be the counsel for plan proponents speaking as

23   such or certain identified bankruptcy professionals.

24           Again, speaking within the scope of their

25   retention by a plan proponent.  A statement by any of those

1  persons, Your Honor, would be presumed to be an admission

2  against the plan proponent who made it or whose

3  representatives made it within the scope of their engagement

4  and thus admissible for the truth of the matter as against

5  the plan proponent who's charged with the statement, Your

6  Honor,  with the same kind of proviso that if the plan

7  proponent who made the statement wants to come to the Court

8  and argue, this isn't really an admission and shouldn't come

9  in for the truth, they will have the opportunity to do so on

10  a limited number of documents and those would have to be

11  identified on the same timeframe by the 3rd of May.

12          And, Your Honor, that's the guts of the parties

13  discussions about how to handle documents where the Court

14  hasn't yet ruled on admissibility.  Unless the Court has

15  questions there, I can turn to the issue of deposition

16  excerpts that have been designated to come into evidence.

17          THE COURT:  Go ahead.

18          MR. SOTTILE:  Your Honor, as to deposition

19  designations, the parties suggest a somewhat different

20  procedure.  We suggest that all objections to excerpts from

21  deposition transcripts be preserved through the post-trial

22  briefing subject to motions to strike such deposition

23  designations thereafter.  And we would propose a procedure

24  and timelines for submitting any such motions to strike to

25  the Court for decision and hearing by the time of the

1  closing arguments.

2         It is our hope, Your Honor, and the reason we

3  suggest this procedure, it is our hope that by the time the

4  parties actually decide which deposition designations they

5  want to cite in post-trial briefs and the other side can see

6  how they're used in the post-trial briefs, that the scope of

7  dispute over depositions whether the objections are hearsay

8  or relevance or Rule 403 or whatever it may be, will be

9  substantially narrowed and that we'll be talking about a

10  very manageable number of issues that we would actually ask

11  the Court to resolve.

12         Your Honor, that's the general scope of the

13  parties discussions.  We're in the process of reducing those

14  to a form of stipulation that we would propose to submit to

15  the Court within the next few days.  And if the Court finds

16  it satisfactory, we'd ask the Court to enter it as an order.

17         THE COURT:  Well refresh me.  When's the last

18  brief in the post-trial schedule due, May 27?

19         MR. SOTTILE:  May 27 is correct, Your Honor.  And

20  what we have in mind, Your Honor is an expedited stripped

21  down procedure between then and the 14th.

22         THE COURT:  I had a feeling you were going to

23  tell me that, Mr. Sottile.

24                     (Laughter)

25         MR. SOTTILE:  I thought that the Court might be

1  concerned that I was going to tell you that, to deal with

2  whatever may be outstanding.  And, Your Honor, we do

3  contemplate that potentially that might result in teeing it

4  up through abbreviated papers between the 27th and the 14th.

5  And then if necessary, addressing it orally on the 14th when

6  we do closings.  Or if the Court were minded to hear us

7  before then, of course, we'd be happy to proceed as the

8  Court would prefer.

9          THE COURT:  Well let me ask this.  How long do

10  you think closing will take?

11          MR. SOTTILE:  Your Honor, in all candor, the

12  parties have not yet had the discussions among themselves

13  and between the two sides to give the Court a very

14  satisfactory answer to that.  My best guess, Your Honor, and

15  it is only my best guess, would be half a day, Your Honor,

16  but it could run longer and I don't want to be binding

17  anyone here because we have just not had those discussions

18  yet.  And until the briefs are written, obviously it's

19  somewhat difficult for the parties to give the Court an

20  accurate estimate.

21          THE COURT:  Well I would prefer as you've

22  indicated, that the evidentiary issues be closed and

23  resolved before closing argument.  So I guess my thought

24  would be is if you really only need a half a day on the 14th

25  for closing, you know, you could tee up the motion practice

1  for the morning.  If it turns out that's not the case, then

2  we'll have to make some other arrangement.

3        MR. SOTTILE:  Your Honor, I guess I would ask the

4  Court's indulgence for the parties to confer about that, but

5  I believe that the Court's suggestions should be workable.

6  I don't anticipate that hearing on the motions practice

7  would be extended.  I think we would only be talking about a

8  relatively narrow universe of evidence, that again we will

9  try to present to the Court as efficiently as possible so

10 that you're not looking at lots of individual documents, but

11 deciding things in categories.

12        THE COURT:  Okay.  And I guess my other thought

13 is, is that to the extent as the process develops, it may

14 begin to appear as if one day would not be enough to finish

15 everything, I would appreciate if you would reach out to the

16 Court at the earliest possible moment.

17        MR. SOTTILE:  Your Honor, may I have a moment?

18        MR. BENDERNAGEL:  Your Honor, can I ask a

19 question directly?  It might be helpful -- this is Jim

20 Bendernagel for the debtor, if you were to tell us whether

21 you have a date sometime before the 14th.  Because my guess

22 is that it would be a good idea to get these evidentiary

23 issues resolved before the morning of the oral arguments so

24 that people can focus on the oral argument and not

25 scrambling around.  I'm also skeptical that despite all our

```
 1  good faith efforts, that we're going to be able to do the

 2  closings in a half a day.  I just think that, you know, it's

 3  going to take some time.  We have two different plans and it

 4  just seems to me in our discussions it would be better if we

 5  just had an earlier date.

 6              THE COURT:  Yeah, I could probably put you in the

 7  afternoon of the 13th.

 8              MR. BENDERNAGEL:  That would be great.  I think

 9  that would be better, thank you.

10              MR. SOTTILE:   Your Honor, I agree with Mr.

11  Bendernagel.  If you can take us on the afternoon of the

12  13th, I think that would be better for all concerned.

13              THE COURT:  Okay, 2:00.

14              MR. SOTTILE:  Thank you, Your Honor.

15              MS. PARVER:  Your Honor, may I be heard with

16  respect to the committee?

17              THE COURT:  Yes.

18              MS. PARVER:  It will help with the proposal.

19              MR. SOTTILE:  Your Honor, I should just add one

20  point before Ms. Parver speaks just to anticipate.  This is

21  -- this agreement that we've outlined is solely between the

22  plan proponents.  It would not affect the objections

23  advanced by other parties.

24              THE COURT:  All right.

25              MS. PARVER:  Good afternoon, Your Honor.  It's
```

1  Jane Parver for Kaye Scholer for Merrill Lynch.

2         I think Your Honor is aware Merrill Lynch is not

3  a plan proponent, yet there are numerous, hundreds, of

4  Merrill Lynch related documents that the parties have put on

5  their exhibit lists, Your Honor.  There's no foundation for

6  most if not all of these documents.  The parties chose not

7  depose any Merrill Lynch witness during the confirmation

8  discovery.  And it's fair to say, in our opinion any way,

9  that most are totally inadmissible on hearsay grounds.

10        Therefore, Merrill Lynch did file an objection to

11 all exhibits as part of the objections that people were

12 filing because it would be unfair and extremely prejudicial

13 to Merrill Lynch for them to be admitted into evidence in

14 this proceeding.

15        We've tried to follow what the parties have been

16 negotiating.  We've been in touch with Mr. Sottile.  We'd

17 like to be part of that process, if possible, Your Honor.

18 And we'd certainly like if Your Honor would permit us an

19 opportunity to file our specifically objected-to documents

20 and the grounds on which we object to them.  We would hope

21 to be able to narrow that out, but there are literally

22 hundreds of documents that we cannot figure out why the

23 parties have placed on them and it would be unfair for

24 little sound bites to come in why then didn't bothering

25 questioning any Merrill Lynch witness on them.

1          We would also ask the Court, if possible, to rule

2    that any exhibits that the Court does admit into evidence

3    for purposes of this confirmation hearing are admitted

4    solely for the confirmation hearing, Your Honor.  Merrill

5    Lynch is a defendant in several adversaries brought by the

6    committee, brought by Wilmington, and now likely will be a

7    defendant in shareholder -- in the State Court actions.  And

8    it would be extremely unfair and prejudicial, in our

9    opinion, Your Honor, for any plan proponent here to be able

10   to subsequently argue that it was admitted at the

11   confirmation hearing, and therefore, is admissible for all

12   purposes against Merrill in those proceedings.

13          THE COURT:  Thank you.  Does anyone else wish to

14   be heard?

15          MS. PARVER:  May I just -- it's a related topic,

16   but not totally on point, Your Honor.  As I understand it,

17   Your Honor has given the plan proponents the date of May 27

18   to submit proposed findings of fact and conclusions of law.

19   Again, we will not be part of that proceeding, but whatever

20   findings of fact are submitted to the Court may, in fact,

21   impact Merrill, particularly with respect to other adversary

22   proceedings or in any case, be unfair and prejudicial.  And

23   we'd like an opportunity, if possible, Your Honor, to be

24   able to submit any objections to them after they are

25   received.  We would obviously endeavor to do so as quickly

1  as possible, although we would be responding to two separate

2  sets of proposed findings of fact and conclusions.

3          And in that respect we -- if Your Honor would

4  grant us an opportunity to do that, we would like to have

5  until June 8, if at all possible.

6          THE COURT:  You know, I've never been asked to

7  give such relief.  I guess there's a first time for

8  everything.  I'll consider it.

9          MS. PARVER:  Certainly in this case, Your Honor.

10                     (Laughter)

11          THE COURT:  Mr. Sottile let me hear --

12          MR. ZENSKY:  Your Honor --

13          THE COURT:  Yes.

14          MR. ZENSKY:  -- David Zensky, Akin, Gump,

15  Strauss, Hauer & Feld.  May I be heard for a moment or is

16  anyone else stepping up to the lectern?

17          THE COURT:  Someone else is stepping up.

18          MR. ZENSKY:  I'm sorry, did you say no one else

19  was stepping up, Your Honor.

20          THE COURT:  Someone is.  Hold on, Mr. Zensky.

21          MR. ZENSKY:  Okay, thank you.

22          MR. POWLEN:  Your Honor, David Powlen with Barnes

23  and Thornburg, counsel for Morgan Stanley.

24          Obviously, we are also, various Morgan Stanley

25  entities are defendants in adversary proceeding No. 10-54010

1 which is pending before the Court.  Also, we were not a

2 party under the scheduling order.  And again, it has always

3 been our understanding that the documents and the evidence

4 presented would not have any impact on the adversary

5 proceeding and if there is any attempt to have that occur,

6 we would like to preempt that by the same request that

7 Merrill Lynch has made.

8              THE COURT:  Thank you.

9              MR. SOTTILE:  Your Honor, I think I could lay to

10 rest one concern Ms. Parver raised briefly and then let Mr.

11 Zensky proceed.

12              The agreement among the parties, the plan

13 proponents would be that the documents would be admitted for

14 the purposes that I outlined earlier, solely for purposes of

15 the confirmation hearing.  And without prejudice to the

16 question of whether or not those documents or deposition

17 excerpts might be admissible for any or no reasons in

18 subsequent proceedings.  It's not the intention of the

19 parties to have this Court decide admissibility of evidence

20 in any later proceedings.  And the stipulation that we

21 contemplate submitting to the Court would make that clear,

22 Your Honor.

23              THE COURT:  All right, thank you.  Mr. Zensky?

24              MR. ZENSKY:  Thank you, Your Honor.  For the

25 record, David Zensky, Akin, Gump, Strauss, Hauer & Feld for

1    Aurelius Capital Management and the other noteholder plan

2    proponents.

3          Very briefly, let me first echo Mr. Bendernagel's

4    comment, Your Honor, that we also are of the view that

5    something closer to a full day is more appropriate for the

6    closing arguments if the Court is inclined to allow it given

7    the breadth of the issues and the fact that we have two

8    plans to discuss with respect to the evidence and legal

9    issues that have not previously been discussed in earlier

10   closing argument.

11         With respect to the stipulations that Mr. Sottile

12   described to you, let me just add two points.  One is that

13   the motion to strike is not contemplated to be the sole

14   procedures if the parties disagree with respect to --

15   continue to disagree with respect to either party's use of

16   deposition designations and have previously objected.  We

17   also have agreed of course that in your reply brief, a party

18   would be free to say that the Court should not give any

19   weight to a particular excerpt from the depositions because

20   the witness lacked a foundation or the answer was vague and

21   so on.  So we are not intending to descend upon the Court

22   with a motion to strike as the sole sort of response for

23   parties perceived misuse of deposition testimony.

24         The other point I would make is that following

25   the exchange of the opening briefs and before any sort of

1  motions are filed, I would expect the parties to meet and

2  confer with respect to any objections that the other has and

3  wishes to press with regard to deposition testimony cited by

4  the other party before each of us kind of blindly sets off

5  on filing a number of motions.  And that would be similar in

6  my mind to the process that we have agreed to with respect

7  to the documents where the exchange of lists on May 3 is

8  designed to provoke a discussion and a continued narrowing

9  of any ongoing dispute.

10          THE COURT:  Well and I'll point out, for the

11  benefit of all, that it's rare, not impossible, but rare at

12  least in my experience that a Court considers to be key so

13  many of the things that the parties argue about.  Okay?

14                  (Laughter)

15          THE COURT:  Keep that in mind, if you would.

16          MR. ZENSKY:  Right.  And we understand, Your

17  Honor.  I think that's why we ended up with a process that

18  has kind of put as much of the objections that were made

19  during the discovery phase and on the exhibit list for the

20  trial on the backburner until we see what really matters in

21  the parties closing briefs.

22          THE COURT:  Okay.  Anyone else wish to be heard?

23                  (No audible response.)

24          THE COURT:  All right.  Well speaking of

25  floodgates, I have absolutely no desire to open them to

1  arguments about proposed findings and conclusions.  I mean,

2  the record either supports them or it doesn't.  And to the

3  extent anyone wishes to argue that at closing after their

4  submission that the Court should not accept one or the

5  other, I'll hear them.  But I'm not inclined at this point

6  to add another layer of paperwork.

7          It may also be that, to the extent the parties

8  agree and the Court orders it, that documents that are the

9  subject of some sensitivity by Merrill Lynch or Morgan

10  Stanley that are going to be used only for purposes of the

11  confirmation, it may make easier, I'm thinking, hearsay and

12  relevance objections to be resolved.  If they're not,

13  they're not, and if I have to resolve them, I will.  And on

14  that, I'll say no more.

15          Any other questions or is there anything else

16  that we need to address today in the way of I won't say

17  post-confirmation, but --

18                      (Laughter)

19          THE COURT:  -- post whatever we had last and

20  before whatever we'll have next?

21                  (No audible response.)

22          THE COURT:  All right, anything further for

23  today?

24                  (No audible response.)

25          THE COURT:  Thank you all very much.  That

1    concludes this hearing.  Court will stand in recess.

2    (Whereupon, at 2:17 p.m., the hearing was adjourned.)

3

4                         CERTIFICATION

5              I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9

10   _____          25 April 2011

11   Traci L. Calaman, Transcriber                 Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **08-13141(kjc**(1) 1:4 | | **agenda**(12) 9:6 10:25 11:1 11:5 11:13 13:2 13:25 18:10 27:5 27:6 33:12 44:17 | | **and**(289) 9:11 9:22 9:25 10:4 10:5 11:5 11:6 11:11 11:13 11:19 11:23 12:1 12:8 12:9 12:13 12:20 13:2 13:3 13:18 14:3 14:4 14:5 14:10 14:18 14:23 14:25 15:1 15:4 15:6 15:7 15:13 15:15 15:16 15:24 16:1 16:9 16:11 16:11 16:18 16:22 16:22 17:1 17:5 17:7 17:14 17:15 17:20 17:23 18:1 18:2 18:7 18:13 18:18 18:18 19:1 19:1 19:9 19:9 19:13 19:14 19:18 19:22 20:4 20:10 20:23 20:25 21:3 21:11 21:19 21:25 22:8 22:9 22:11 22:12 22:17 22:18 22:23 22:24 23:1 23:2 23:3 23:4 23:5 23:10 23:15 23:16 23:23 24:6 24:8 24:12 24:22 25:1 25:6 25:10 25:13 25:15 25:20 25:25 26:6 26:13 26:15 26:18 26:19 26:25 26:22 28:2 28:8 28:15 28:18 28:22 29:23 30:3 30:4 30:5 30:10 30:11 30:16 30:19 30:22 30:25 31:15 31:17 31:19 31:20 31:25 32:1 32:3 32:3 32:6 32:7 32:11 32:13 32:13 32:14 32:16 32:17 32:17 32:20 32:20 32:22 33:2 33:5 33:6 33:7 33:11 33:12 33:18 34:2 34:3 34:6 34:7 34:8 34:12 34:15 34:18 34:18 34:19 34:22 34:25 35:3 35:9 35:11 35:11 35:12 35:16 35:18 36:1 36:7 36:14 36:18 36:21 36:24 36:25 37:10 37:16 37:17 37:23 38:1 38:5 38:8 38:19 38:22 38:24 39:2 39:19 39:19 40:3 40:14 40:15 40:18 41:3 41:6 41:8 41:12 41:16 41:22 42:5 42:7 42:16 42:18 42:21 42:25 43:1 43:10 43:19 43:2 43:23 44:8 44:18 44:20 44:24 45:1 45:11 45:22 45:25 45:25 46:1 46:6 46:8 46:12 46:18 46:20 47:4 47:8 47:8 47:10 47:12 47:23 47:24 47:25 48:2 48:5 48:9 48:15 48:19 48:21 49:2 49:4 49:5 49:13 49:14 49:16 49:18 49:22 50:12 50:24 51:3 52:8 52:12 52:18 52:20 52:23 53:6 53:7 53:8 53:11 53:18 53:22 53:22 54:2 54:3 54:23 55:2 55:3 55:5 55:10 55:15 55:20 56:1 56:7 56:8 56:16 56:20 56:25 57:1 57:2 57:5 57:8 57:10 57:16 57:19 58:1 58:2 58:8 58:11 58:13 58:13 58:19 | |
| **21-day**(2) 19:25 20:9 | | | | | | | |
| **abbreviated**(1) 49:4 | | | | | | | |
| **abid**(1) 6:30 | | **ago**(2) 26:22 34:11 | | | | **appreciates**(1) 12:21 | |
| **abiding**(1) 25:14 | | **agree**(7) 16:14 27:13 37:16 37:17 43:19 51:10 58:8 | | | | **approach**(2) 29:8 44:7 | |
| **ability**(2) 15:10 16:2 | | | | | | **appropriate**(15) 14:22 15:12 16:4 16:12 18:5 21:3 27:4 30:8 31:20 32:5 34:19 36:5 36:9 40:16 56:5 | |
| **able**(7) 17:9 17:11 46:7 51:1 52:21 53:9 53:24 | | **agreed**(5) 20:25 21:1 45:23 56:17 57:6 | | | | | |
| | | **agreement**(8) 14:16 20:24 22:21 22:25 32:12 44:22 51:21 55:12 | | | | **april**(3) 1:13 9:1 59:10 | |
| **about**(26) 9:15 10:4 10:12 14:9 14:25 17:2 17:4 17:10 19:1 20:14 31:9 31:25 33:14 33:22 38:1 38:4 39:9 39:20 40:14 46:17 47:13 48:9 50:4 50:7 57:13 58:1 | | | | | | **are**(66) 11:8 12:7 12:20 14:8 15:20 16:8 16:19 17:3 17:12 17:13 18:8 19:8 21:11 21:21 22:4 22:9 22:20 23:1 24:16 24:20 26:24 28:25 29:16 29:17 31:1 32:13 33:25 34:6 34:8 34:16 35:3 35:5 35:8 37:14 37:15 37:20 38:14 39:5 39:9 40:5 41:3 41:5 41:6 41:25 42:17 42:23 43:24 44:1 44:21 45:3 48:7 49:18 52:3 52:9 52:21 53:3 53:20 53:24 54:24 54:25 56:4 56:21 57:1 58:8 58:10 | |
| **abovetitled** (1) 59:7 | | **agrees**(1) 37:15 | | | | | |
| **absence**(1) 12:21 | | **agudelo**(1) 7:15 | | | | | |
| **absolute**(2) 43:10 43:11 | | **ahead**(3) 27:16 32:10 47:17 | | | | | |
| **absolutely**(1) 57:25 | | **akin**(4) 3:33 6:29 54:14 55:25 | | | | | |
| **accept**(1) 58:4 | | **alexander**(2) 8:19 8:20 | | | | | |
| **account**(1) 37:18 | | **all**(53) 9:3 10:24 13:4 13:23 14:15 14:21 15:1 17:23 18:2 18:10 20:24 21:1 21:6 22:2 25:25 27:2 27:10 28:14 28:17 29:3 29:7 29:13 31:9 33:7 33:14 34:24 35:23 37:16 37:17 39:21 40:9 41:5 41:10 41:17 41:18 43:12 43:20 43:21 44:25 47:20 49:11 50:25 51:12 51:24 52:6 52:11 53:1 54:5 55:23 57:11 57:24 58:22 58:25 | | | | **arguably**(1) 43:3 | |
| **accurate**(1) 49:7 | | | | | | **argue**(5) 32:3 47:8 53:10 57:13 58:3 | |
| **accused**(1) 22:19 | | | | | | **argues**(1) 35:2 | |
| **accustom**(1) 13:8 | | | | | | **arguing**(1) 36:1 | |
| **acting**(1) 46:19 | | | | | | **argument**(11) 17:5 23:16 26:25 31:20 36:8 39:8 39:12 39:17 49:23 50:24 56:10 | |
| **action**(3) 9:14 9:18 17:2 | | **allegations**(4) 22:6 22:21 23:4 27:19 | | | | | |
| **actions**(12) 9:13 14:3 14:4 14:11 14:20 14:24 15:9 17:18 17:20 28:9 35:3 53:7 | | **alleged**(3) 9:24 10:1 42:21 | | | | **arguments**(10) 17:6 18:8 28:15 28:21 36:3 42:8 48:1 50:25 56:6 58:1 | |
| | | **allen**(1) 4:22 | | | | | |
| **active**(2) 14:22 15:21 | | **allison**(1) 6:12 | | | | **arising**(2) 9:17 9:24 | |
| **actual**(1) 24:18 | | **allow**(6) 23:5 27:24 28:12 40:20 41:18 | | | | **around**(1) 50:25 | |
| **actually**(6) 19:16 25:16 27:17 28:8 48:4 48:10 | | **allowance**(1) 34:14 | | | | **arrangement**(1) 50:2 | |
| | | **allowing**(2) 22:5 27:15 | | | | **arrived**(1) 14:13 | |
| | | **alluded**(1) 36:22 | | | | **arrowgrass**(2) 8:15 8:15 | |
| **adam**(1) 3:15 | | **almost**(1) 12:21 | | | | **arthur**(1) 7:23 | |
| **add**(3) 51:19 56:12 58:6 | | **alone**(1) 13:7 | | | | **ashby**(1) 3:39 | |
| **added**(1) 10:19 | | **already**(4) 19:13 25:2 40:4 41:25 | | | | **ashley**(1) 5:20 | |
| **addition**(3) 15:6 42:8 43:14 | | **also**(15) 11:12 14:21 15:14 17:15 21:1 22:16 33:16 38:2 50:25 53:1 54:24 55:1 56:4 56:17 58:7 | | | | **ask**(15) 10:9 24:17 24:23 25:21 27:2 28:15 29:22 31:3 36:24 48:10 48:16 49:9 50:3 50:18 53:1 | |
| **additional**(1) 15:6 | | | | | | | |
| **address**(3) 22:15 32:8 58:16 | | | | | | | |
| **addressed**(6) 22:8 22:22 25:19 33:25 40:4 43:1 | | **alternative**(4) 18:11 20:8 20:11 27:5 | | | | **asked**(3) 21:24 38:14 54:6 | |
| | | **although**(3) 37:10 38:25 54:1 | | | | **asking**(1) 42:10 | |
| **addressing**(1) 49:5 | | **always**(3) 12:21 13:13 55:2 | | | | **assert**(1) 36:6 | |
| **adds**(1) 32:21 | | **amanda**(1) 3:40 | | | | **asserted**(9) 9:11 9:17 9:17 9:20 9:23 10:18 14:18 43:7 45:7 | |
| **adelman**(1) 6:35 | | **amend**(2) 14:1 28:23 | | **and/or**(1) 21:24 | | | |
| **adjourn**(1) 31:20 | | **amended**(2) 11:1 11:13 | | **anderson**(1) 2:12 | | **assertion**(1) 45:14 | |
| **adjourned**(3) 11:8 11:12 59:2 | | **america**(3) 4:29 5:38 5:38 | | **andrew**(4) 5:26 5:35 7:35 8:38 | | **assertions**(2) 17:11 17:12 | |
| **adjudicate**(1) 30:10 | | **amit**(1) 7:3 | | **angelo**(1) 2:4 | | **asserts**(2) 9:23 17:1 | |
| **adjudication**(1) 17:1 | | **among**(3) 21:2 49:12 55:12 | | **animated**(1) 22:22 | | **assistant**(1) 35:14 | |
| **admissibility**(3) 46:17 47:14 55:19 | | **amount**(2) 25:2 43:6 | | **anna**(2) 8:28 8:28 | | **assume**(1) 18:22 | |
| **admissible**(4) 45:6 47:8 53:11 55:17 | | **amounts**(3) 9:21 12:4 12:7 | | **another**(2) 41:1 58:6 | | **assumed**(1) 12:12 | |
| **admission**(3) 29:22 47:1 47:8 | | **amy**(1) 6:20 | | **answer**(8) 11:19 12:16 31:9 40:18 41:2 41:3 49:14 56:20 | | **assuming**(1) 32:23 | |
| **admit**(1) 53:2 | | | | | | **assumptions**(1) 12:3 | |
| **admitted**(8) 44:19 45:1 45:10 45:21 52:13 53:3 53:10 55:13 | | | | **anticipate**(6) 12:8 14:7 35:4 46:12 50:6 51:20 | | **atamian**(1) 7:5 | |
| | | | | | | **attempt**(3) 30:9 30:16 55:5 | |
| **advanced**(1) 51:23 | | | | **any**(46) 9:16 9:25 10:11 11:19 12:6 18:15 18:16 18:16 21:20 25:22 26:2 26:7 28:23 28:25 30:22 31:5 31:10 31:22 33:5 33:8 35:1 35:5 36:3 37:1 38:7 40:6 46:4 46:18 46:25 47:24 52:7 52:8 52:25 53:2 53:9 53:22 53:24 55:4 55:15 55:17 55:20 56:18 56:25 57:2 57:9 58:15 | | **attempts**(1) 18:4 | |
| **adversarial**(1) 23:8 | | | | | | **attendant**(1) 18:3 | |
| **adversaries**(1) 53:5 | | | | | | **attention**(1) 9:7 | |
| **adversary**(3) 53:21 54:25 55:4 | | | | | | **attorney's**(1) 37:11 | |
| **advise**(1) 26:10 | | | | | | **attorneys**(1) 24:21 | |
| **advisement**(1) 28:19 | | | | | | **audible**(4) 29:1 57:23 58:21 58:24 | |
| **advocacy**(1) 37:12 | | | | **anybody**(1) 30:14 | | **aurelius**(5) 3:33 6:24 6:25 27:12 56:1 | |
| **affect**(2) 16:2 51:22 | | | | **anymore**(1) 27:22 | | **austin**(4) 1:23 6:1 9:5 40:24 | |
| **affidavits**(1) 30:23 | | | | **anyone**(7) 24:19 27:9 49:17 53:13 54:16 57:22 58:3 | | **authority**(1) 27:18 | |
| | | | | | | **ave**(1) 1:35 | |
| **after**(9) 19:21 21:25 22:24 28:21 34:7 43:14 43:15 53:24 58:3 | | | | | | **avenue**(4) 2:23 2:36 3:41 4:11 | |
| | | | | **anything**(7) 20:15 26:11 26:12 36:15 46:5 58:15 58:22 | | **avoid**(1) 25:1 | |
| | | | | | | **avoidance**(1) 35:21 | |
| **afternoon**(9) 9:2 9:3 9:4 29:18 30:3 37:6 51:7 51:11 51:25 | | | | | | **avoided**(1) 15:15 | |
| | | | | **appear**(2) 30:4 50:14 | | **awaited**(1) 18:6 | |
| | | | | **appearances**(1) 5:1 | | **aware**(8) 13:25 15:1 18:10 19:13 23:10 31:10 39:4 52:2 | |
| **again**(12) 10:2 24:9 24:22 26:23 34:11 39:15 44:15 46:16 46:24 50:8 53:19 55:2 | | | | **appears**(2) 23:22 24:1 | | | |
| | | | | **applicable**(1) 32:4 | | | |
| | | | | **applies**(1) 18:18 | | **away**(3) 31:15 33:5 39:1 | |
| **against**(17) 9:12 15:15 16:8 16:10 17:3 17:18 18:8 18:14 20:23 21:18 21:20 21:22 30:12 44:5 47:2 47:4 53:12 | | | | **apply**(3) 15:20 16:15 39:17 | | **back**(4) 13:5 26:31 36:10 36:14 42:8 | |
| | | | | **appointing**(1) 9:9 | | **backburner**(1) 57:20 | |
| | | | | **appreciate**(2) 44:11 50:15 | | **bad**(1) 20:6 | |
| | | | | | | **balance**(1) 43:22 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

balancing(1) 43:20
bale(1) 5:5
ballard(1) 4:1
banc(3) 2:34 7:26 9:17
band(1) 17:24
bank(4) 4:29 5:38 5:38 6:39
bankruptcy(3) 1:1 1:19 46:23
bar(8) 31:24 33:17 34:7 37:11 37:21 37:22 38:19 43:14

barclays(1) 7:2 7:10
barnes(2) 4:37 54:22
based(4) 20:14 30:13 42:10 46:13
basic(1) 37:18
basically(1) 9:12
basis(3) 14:19 16:7 23:6
battle(2) 23:3 23:4
because(18) 15:2 18:25 19:20 21:25 23:21 24:5 26:7 32:18 35:7 36:2 36:2 38:13 39:20 42:4 49:17 50:21 52:12 56:19

become(1) 13:8
becomes(2) 31:20 35:24
been(38) 9:11 9:17 9:20 10:18 11:5 11:12 11:17 17:1 19:21 21:13 25:2 25:11 26:22 27:18 27:20 27:22 29:14 29:21 30:12 30:18 31:15 33:4 34:25 36:11 36:16 36:23 39:1 39:10 39:15 41:8 41:10 44:12 47:16 52:15 52:16 54:6 55:3 56:9

before(28) 1:18 9:6 14:18 17:11 18:5 21:10 21:11 22:20 22:24 23:24 24:7 24:1 25:25 26:11 26:11 26:12 26:24 28:5 40:7 49:7 49:23 50:21 50:23 51:20 55:1 56:25 57:4 58:20
begin(5) 14:14 14:25 21:10 33:15 50:14
behalf(2) 21:9 40:24
behest(1) 25:3
behind(2) 13:9 18:23
being(5) 32:21 34:6 34:6 35:9 44:1
belabor(1) 38:23
belief(1) 25:14
believe(23) 13:1 15:2 15:7 17:4 17:13 18:15 20:24 21:13 24:9 26:4 26:5 26:8 26:17 31:11 33:3 33:8 34:15 34:16 35:20 41:1 41:6 41:10 50:5

believed(2) 20:22 34:24
believes(1) 6:8
bendernagel(6) 1:24 13:9 50:18 50:20 51:8 51:11

bendernagel's(1) 56:3
benefit(4) 10:19 26:13 27:15 57:11
bennett(1) 5:9
benson(2) 7:11 8:1
best(2) 49:14 49:15
better(3) 51:4 51:9 51:12
between(10) 34:23 38:19 38:21 45:22 45:25 46:11 48:21 49:4 49:13 51:21

beyond(1) 41:4
bigelow(1) 7:38
billion(1) 33:1
bilus(2) 8:19 8:20
binding(1) 49:16
birmingham(2) 4:22 30:5
bit(4) 19:15 38:16 39:2 40:10
blabey(1) 8:25
black's(1) 22:1
blake(1) 2:6
blank(1) 3:7
blanket(1) 38:18
blessing(1) 10:8
blindly(1) 57:4
block(3) 2:40 7:34 21:8
board(1) 28:12

boelter(12) 9:4 9:5 10:14 10:17 10:23 10:25 11:4 11:22 11:25 12:17 12:23 13:1

boetler(1) 1:26
booked(1) 21:11
both(5) 13:20 14:3 14:23 16:10 22:24
bothering(1) 52:24
bradford(10) 2:41 13:11 13:21 19:7 21:8 21:8 21:16 29:2 29:4 29:5

bradford's(1) 19:14
brandywine(1) 2:7
brass(1) 17:24
breadth(1) 56:7
brief(9) 21:12 25:4 32:11 32:12 40:21 41:19 41:21 48:18 56:17

briefed(1) 25:5
briefing(7) 10:11 12:11 17:5 23:13 25:2 31:11 47:22

briefly(2) 55:10 56:3
briefs(5) 48:5 48:6 48:18 56:25 57:21
bring(4) 9:7 23:12 23:19 28:10
bringing(2) 15:25 22:19
brings(1) 13:2
brockius(1) 7:26
brought(2) 53:5 53:6
brown(2) 7:2 8:31
bruce(1) 5:9
bryan(2) 6:2 6:4
bryant(1) 3:35
building(1) 2:7
buildnet(2) 40:11 42:3
burden(3) 25:22 26:20 26:25
bush(1) 5:34
busy(1) 24:16
but(42) 10:12 12:17 17:3 17:13 19:4 20:3 20:8 20:12 20:20 21:23 23:20 23:25 24:18 24:24 25:21 26:12 28:19 29:22 31:12 31:21 33:21 35:17 38:6 39:8 39:15 41:1 41:15 42:6 42:24 43:5 43:20 44:25 46:10 49:16 50:4 50:10 52:21 53:16 53:19 57:1 58:5 58:17

buyout(1) 27:23
cable(1) 32:20
call(1) 44:9
calls(1) 37:13
can(12) 17:17 22:25 23:21 24:17 24:22 31:1 41:2 47:15 48:5 50:18 50:24 51:11

can't(2) 32:22 46:4
candice(1) 6:10
candor(1) 49:11
cannot(2) 24:8 52:22
cantigny(1) 8:11
capable(1) 24:21
capital(9) 5:3 5:3 6:24 6:25 7:10 8:15 8:15 27:12 56:1

caption(1) 43:18
carey(1) 1:18
carickhof(1) 3:8
carlyle(1) 2:34
carol(1) 5:5
carroon(1) 2:12
case(21) 1:4 7:43 25:12 29:24 32:4 32:24 33:17 35:9 35:22 36:14 39:2 40:10 40:10 40:12 41:21 41:23 42:3 42:3 50:1 53:22 54:9

cases(3) 22:17 32:20 41:22
categories(3) 9:13 46:9 50:11
category(1) 46:21
cause(1) 24:19
cci(1) 4:1
centre(1) 4:18
certain(5) 9:10 14:3 17:21 46:19 46:23

certainly(6) 10:8 26:7 27:21 35:15 52:18 54:9

certification(3) 9:8 11:16 59:4
certify(1) 59:5
cetera(1) 35:13
chadbourne(3) 3:20 5:19 37:7
chairman(1) 28:12
challenge(3) 24:1 24:9 24:11
chandler(1) 7:38
change(5) 10:22 10:23 36:15 36:21 42:9
chapter(1) 1:7 35:4
charged(3) 31:16 35:25 47:5
charlie(1) 44:17
chase(2) 4:17 6:39
chicago(3) 1:29 2:43 4:26
chose(4) 23:3 23:3 23:15 52:6
christine(1) 8:5
chung(1) 5:39
circumstances(1) 42:20
cite(2) 42:2 48:5
cited(6) 22:17 40:11 40:12 41:21 41:22 42:5 42:19

citibank(1) 5:42
claim(14) 9:19 9:24 31:18 32:21 33:19 36:6 36:11 36:19 39:19 40:8 41:13 42:5 42:19

claims(63) 9:11 9:13 9:16 9:25 10:18 14:16 14:17 15:9 15:11 15:15 15:23 16:3 16:8 16:22 16:23 17:3 17:12 17:17 17:19 18:5 18:8 18:14 18:21 19:9 20:14 20:16 20:21 20:22 21:5 21:18 21:20 21:21 21:22 22:7 22:8 22:9 22:24 23:1 23:19 24:5 24:6 26:21 30:11 30:16 30:21 32:5 32:22 32:25 33:1 33:25 34:6 34:14 34:16 34:18 36:13 36:17 37:4 37:24 38:22 39:11 42:14 43:7 44:5

claire(1) 7:40
clarified(1) 24:13
clarify(1) 27:6
clark(1) 2:42
clear(4) 18:15 37:22 38:2 55:21
cleared(1) 34:2
clearly(2) 22:10 35:12
cleary(1) 2:6
client(1) 31:13
client's(1) 19:14
clients(11) 30:12 31:6 31:16 33:21 34:23 35:23 36:10 36:18 36:23 37:3 42:13

closed(1) 49:22
closer(1) 56:5
closing(9) 17:6 48:1 49:10 49:23 49:25 56:6 56:10 57:21 58:3

closings(2) 49:6 51:2
cno(1) 11:10
co-counsel(1) 29:20
cobb(1) 3:14
cole(1) 1:32
collectively(1) 30:7
comcast(1) 4:1
come(12) 26:11 32:13 37:2 42:8 42:18 43:16 46:3 46:4 47:7 47:8 47:16 52:24

comes(1) 42:6
coming(1) 36:4
commenced(5) 27:18 32:1 40:7
commencement(2) 38:20 38:21
comment(1) 56:4
committee(36) 3:13 5:18 13:16 14:2 14:20 16:10 17:12 18:13 19:1 19:17 20:4 20:13 20:15 22:20 22:22 23:11 23:18 23:24 24:7 24:14 25:1 26:9 26:20 28:10 28:15 30:25 35:2 36:9 37:8 37:9 38:5 40:14 40:17 44:15 51:16 53:6

committees(9) 13:3 13:20 13:25 20:6 25:3 27:13 28:22 32:11 42:23

company(3) 1:7 6:15 43:3
compensated(1) 34:25
competing(3) 22:4 39:9 44:3
complains(1) 16:25
complaint(4) 18:24 19:2 19:2 23:12
complaints(1) 14:23
completing(1) 16:19
comprehensively(1) 30:10
conaway(1) 2:4
concede(1) 35:16
conceding(1) 32:23
concern(3) 14:22 22:22 55:10
concerned(4) 28:3 42:24 49:1 51:12
concerning(1) 44:4
concerns(2) 25:20 46:18
concisely(1) 31:1
conclude(1) 36:7
concludes(1) 59:1
conclusions(3) 53:18 54:2 58:1
concrete(1) 41:24
conduct(1) 9:10
confer(3) 45:24 50:4 57:2
confident(1) 28:3
confirmation(23) 12:15 14:12 14:24 15:5 15:21 16:19 18:7 24:16 24:22 27:1 30:19 33:5 33:5 34:13 42:13 44:19 44:25 52:7 53:3 53:4 53:11 55:15 55:15 58:11

confirmed(1) 28:8
confirming(1) 12:12
connection(5) 14:14 25:6 26:1 27:4 27:5
consequences(1) 26:13
consequently(1) 12:9
consider(5) 19:5 21:24 42:22 45:23 54:8
consideration(1) 46:10
considerations(2) 15:20 22:4
considered(1) 19:8
considers(1) 57:12
consistent(2) 30:17 39:3
constrain(1) 24:10
constructive(1) 44:5
contemplate(2) 49:3 55:21
contemplated(1) 56:13
contemplates(1) 22:6
contemplation(1) 14:10
contends(1) 23:18
content(1) 28:12
contention(1) 25:4
contest(1) 32:18
contested(1) 14:24
context(1) 32:24 38:6
contingent(3) 36:11 36:14 39:19
continuation(1) 21:17
continue(1) 56:15
continued(2) 2:2 57:8
contract(2) 11:15 12:3
contracts(1) 12:11
control(4) 15:11 15:17 16:18 32:16
controlling(2) 16:3 43:21
controversy(1) 31:10
controvert(1) 31:12
conversations(1) 35:18
conveyance(2) 44:4 44:5
copy(1) 12:24
correct(2) 48:19 59:5
could(7) 20:8 20:11 32:23 49:16 49:25 51:6 55:9

counsel(16) 9:8 11:16 13:16 16:1 16:11 17:23 18:13 19:1 19:18 25:14 27:11 28:21 35:14 38:14 46:22 54:23

couple(2) 32:19 33:12
course(13) 9:15 10:20 17:2 28:6 30:16 30:19 30:21 31:21 35:8 44:19 46:16 49:7 56:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| court(164) 1:1 9:2 10:4 10:8 10:16 10:22 10:24 11:3 11:21 11:23 12:16 12:19 12:23 12:25 13:4 13:10 13:21 13:23 13:24 14:7 14:13 14:19 14:25 15:3 15:4 15:13 15:22 16:7 16:9 16:15 16:16 17:7 17:8 17:18 17:19 18:10 18:12 18:19 18:22 19:4 19:7 19:18 19:20 19:23 20:1 20:3 20:8 20:10 20:11 20:17 20:25 21:6 21:11 21:14 21:15 22:12 22:17 22:19 23:25 24:4 24:7 24:12 24:13 24:23 25:8 25:25 26:12 26:15 26:17 26:24 27:3 27:9 27:19 27:24 28:6 28:17 29:3 29:7 29:10 29:16 29:25 30:13 31:3 32:8 32:10 35:13 36:22 37:3 37:5 38:3 38:12 39:14 39:23 40:1 40:20 41:2 41:8 41:12 41:18 42:15 44:1 44:8 44:12 44:20 45:11 45:13 45:17 45:23 46:2 47:7 47:13 47:14 47:17 47:25 48:11 48:15 48:15 48:16 48:17 48:22 48:25 49:4 49:8 49:9 49:13 49:19 49:21 50:9 50:12 50:16 51:6 51:13 51:17 52:14 53:1 53:2 53:7 53:13 53:20 54:6 54:11 54:13 54:17 54:20 55:1 55:8 55:19 55:21 55:23 56:6 56:8 56:21 57:10 57:12 57:15 57:22 57:24 58:1 58:8 58:19 58:22 58:25 59:1 | | declarations(6) 31:5 31:10 31:11 31:12 37:19 42:21 | | disturbed(1) 13:7 diving(1) 9:6 dixon(1) 4:22 document(5) 45:4 45:8 45:9 46:3 46:4 documents(20) 44:18 44:24 45:2 45:3 45:20 46:2 46:7 46:18 47:10 47:13 50:10 52:4 52:6 52:19 52:22 55:3 55:13 55:16 55:7 56:8 does(10) 13:5 16:2 20:13 21:19 21:19 26:7 27:9 31:11 53:2 53:13 doesn't(3) 19:21 36:2 58:2 don(1) 6:22 don't(27) 12:16 12:17 15:24 16:18 21:13 25:4 26:17 27:14 28:1 28:22 30:13 31:22 32:18 33:8 34:5 38:22 39:18 39:20 39:23 39:25 41:14 43:11 43:11 44:2 46:10 49:16 50:6 done(6) 26:20 26:21 26:22 36:10 36:12 46:15 dougherty(2) 5:14 5:15 | | entered(7) 11:6 11:11 12:12 14:19 18:19 29:21 33:17 entering(1) 20:25 entertain(1) 16:9 entire(1) 27:23 entirely(3) 13:8 19:3 entities(1) 54:25 entitled(4) 17:1 19:10 22:14 43:23 entity(3) 15:8 15:12 15:17 envisioned(2) 31:7 31:8 eos(2) 6:44 6:44 ephraim(1) 7:19 equal(3) 15:20 16:15 32:22 equities(1) 42:10 erisa(3) 9:10 9:25 10:1 esq(29) 1:24 1:25 1:26 1:27 1:34 2:6 2:13 2:21 2:22 2:28 2:35 2:41 3:2 3:8 3:15 3:21 3:27 3:34 3:40 4:2 4:9 4:10 4:16 4:24 4:31 4:38 5:5 5:9 5:10 5:11 5:15 5:20 5:22 5:24 5:26 5:28 5:30 5:34 5:35 5:39 5:43 6:2 6:4 6:6 6:8 6:10 6:12 6:16 6:18 6:20 6:22 6:26 6:30 6:31 6:36 6:40 6:45 7:3 7:5 7:7 7:11 7:15 7:19 7:23 7:27 7:31 7:35 7:39 7:40 7:44 8:3 8:5 8:7 8:12 8:16 8:20 8:25 8:32 8:38 |
| court's(10) 13:19 18:2 28:2 28:24 30:6 42:7 44:23 46:10 46:16 50:4 50:5 courtroom(1) 1:9 13:14 17:25 courts(1) 22:12 cover(4) 9:12 9:19 9:22 31:1 covered(1) 33:21 covers(1) 34:1 cozen(1) 4:15 create(2) 27:3 37:24 created(1) 36:22 creating(1) 39:12 creditors(4) 3:14 5:19 13:17 37:8 cross(1) 32:17 | | defenses(3) 30:11 34:19 35:9 definition(2) 14:1 28:23 delaware(7) 1:2 1:11 1:35 2:36 3:41 4:19 9:1 delay(11) 32:14 32:15 34:3 34:21 38:21 40:3 40:3 40:4 43:10 43:14 43:15 demonstrate(1) 33:22 department(2) 9:20 35:17 departure(1) 34:16 depose(1) 52:7 | | douglas(1) 5:22 down(5) 18:6 22:25 32:7 42:7 48:21 drew(1) 2:28 due(4) 17:23 22:13 28:6 48:18 dunn(1) 8:16 during(5) 28:13 35:17 44:25 52:7 57:19 duty(6) 16:22 38:24 each(4) 21:22 30:24 37:21 57:4 earlier(3) 51:5 55:14 56:9 earliest(1) 50:16 easier(1) 58:11 | | essence(1) 31:14 essentially(1) 9:23 estate(1) 14:17 estates(2) 20:22 33:9 esther(1) 5:39 estimate(2) 36:18 49:20 ethical(1) 19:9 europe(1) 4:1 eve(1) 23:16 even(7) 21:24 24:2 24:4 24:11 31:14 32:22 38:18 |
| cue(5) 28:2 30:16 34:6 34:17 36:15 cure(2) 12:4 12:7 current(5) 23:12 23:18 33:18 34:12 37:23 currently(1) 23:21 d's(2) 34:12 41:3 dangers(1) 13:13 daniel(2) 3:34 27:11 data(1) 1:41 date(13) 11:18 31:24 33:17 34:7 37:11 37:21 37:22 38:19 42:1 43:14 50:21 51:5 53:17 | | deposition(11) 44:18 44:24 47:15 47:18 47:21 47:22 48:4 55:16 56:16 56:23 57:3 depositions(2) 48:7 56:19 descend(1) 56:21 described(1) 56:12 designated(1) 47:16 designations(6) 44:18 44:24 47:19 47:23 48:4 56:16 designed(2) 45:16 57:8 desire(1) 57:25 desperately(1) 19:7 despite(1) 50:25 determination(1) 28:7 | | easy(1) 39:7 echo(1) 56:3 economic(1) 32:23 ecro(1) 1:39 effect(3) 22:17 26:16 38:4 effective(1) 42:1 efficient(1) 46:1 efficiently(1) 50:9 effort(1) 22:15 efforts(1) 51:1 egi-trb(2) 2:40 7:34 21:20 egregious(1) 23:5 ehlman(1) 4:15 ehlmann(2) 4:23 30:5 | | event(4) 14:1 28:23 38:18 40:6 events(2) 35:18 36:21 ever(1) 22:20 every(6) 25:17 27:16 28:18 45:4 everybody(2) 34:18 35:4 everyone(3) 10:20 27:25 37:15 everything(3) 18:1 50:15 54:8 evidence(8) 27:21 47:16 50:8 52:13 53:2 55:3 55:19 56:8 evidentiary(2) 49:22 50:22 examiner(3) 21:22 31:24 35:11 examiner's(1) 42:5 |
| dave(1) 6:18 david(13) 2:41 3:8 3:21 4:38 6:31 8:7 8:16 8:25 21:8 37:7 54:14 54:22 55:25 davis(2) 2:20 6:39 day(6) 37:3 49:15 49:24 50:14 51:2 56:5 days(2) 19:5 50:11 dbtca(1) 3:1 dcl(1) 12:12 deal(6) 18:20 19:6 19:18 41:23 44:13 49:1 dealing(3) 38:15 44:17 44:23 deals(1) 18:9 | | develops(1) 50:13 dewey(1) 5:8 dialogue(1) 25:18 diamond(1) 7:19 diaz(1) 1:41 did(15) 11:23 15:2 20:6 20:19 23:16 34:25 37:10 37:21 39:19 40:21 40:25 43:18 44:2 52:10 54:18 didn't(5) 25:7 35:23 42:19 44:9 52:24 different(5) 19:3 19:5 40:6 47:19 51:3 difficult(1) 49:19 | | either(10) 16:9 21:22 28:7 35:12 36:13 41:25 44:24 45:4 56:15 58:2 elden(1) 5:14 eldersveld(1) 6:18 elden(1) 5:14 electronic(2) 1:48 59:6 element(2) 34:1 34:13 elements(1) 35:8 eli(1) 2:22 eliminate(1) 36:2 else(9) 27:9 27:25 46:5 53:13 54:16 54:17 54:18 57:22 58:15 | | except(1) 41:5 exception(2) 27:3 41:23 exceptions(1) 28:19 excerpt(1) 56:19 excerpts(3) 47:16 47:20 55:17 exchange(3) 46:11 56:25 57:7 exchanged(1) 45:21 excuse(2) 27:11 37:6 excused(1) 33:18 exercise(3) 36:5 36:25 42:7 exhaust(1) 25:17 exhibit(3) 45:4 52:5 57:19 exhibited(1) 43:17 exhibits(2) 52:11 53:2 existing(4) 14:5 18:17 18:18 33:23 |
| dearborn(1) 1:28 debenture(1) 8:1 debt(1) 43:8 debtor(4) 1:23 40:22 41:7 50:20 debtors(11) 1:11 9:5 9:12 11:10 16:21 28:11 32:14 33:8 40:24 40:25 41:6 | | directed(1) 18:13 directly(1) 50:19 directors(4) 33:18 37:23 38:1 39:19 disagree(5) 23:19 35:7 40:14 56:14 56:15 disagreement(2) 31:23 34:23 disagrees(1) 17:13 disastrous(1) 27:23 | | emails(1) 10:4 emphasize(1) 21:19 encompass(1) 21:20 encompassed(1) 22:1 end(2) 15:8 16:2 endeavor(1) 53:25 ended(1) 57:17 | | expect(2) 10:10 57:1 expedited(1) 48:20 expeditious(1) 46:1 experience(1) 57:12 explain(1) 23:1 explained(1) 39:1 extend(3) 14:5 18:12 28:18 |
| december(1) 32:1 dechert(1) 8:19 decide(4) 19:23 26:18 48:4 55:19 decided(3) 17:14 19:21 25:6 deciding(2) 19:5 50:11 decision(11) 17:9 25:23 26:2 26:8 26:9 26:11 26:15 28:2 28:24 46:1 47:25 decisions(2) 19:1 20:14 declaration(2) 35:18 35:19 | | discovery(12) 52:8 57:19 discrete(1) 33:15 discretion(3) 36:5 36:25 42:7 discuss(1) 56:8 discussed(4) 13:20 33:4 33:16 56:9 discussion(2) 44:3 57:8 discussions(8) 14:8 45:3 46:14 47:13 48:13 49:12 49:17 51:4 dismiss(4) 16:11 17:19 19:6 39:8 dispositive(1) 16:11 dispute(11) 31:14 32:7 34:5 37:16 37:17 37:19 37:20 39:5 46:17 48:7 57:9 | | ending(1) 12:2 ends(1) 15:11 energies(2) 15:22 16:19 engage(3) 16:17 40:10 41:23 engaged(1) 25:18 engagement(2) 46:20 47:3 english(1) 3:1 enjoined(1) 24:1 enough(2) 43:2 50:14 ensure(1) 20:20 enter(5) 11:18 16:15 22:21 22:25 48:16 | | extended(2) 17:10 50:7 extension(5) 14:7 14:8 14:9 16:6 24:17 extensive(1) 35:10 extent(3) 50:13 58:3 58:7 extremely(3) 25:13 52:12 53:8 |
| declaration(1) 35:16 | | disputing(1) 42:20 disrupt(1) 34:15 distinct(1) 19:3 distinction(1) 33:20 distract(2) 15:3 24:20 distraction(1) 15:15 distributiv(1) 39:12 district(1) 1:2 | | enter(5) 11:18 16:15 22:21 22:25 48:16 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

face(3) 26:3  26:14  34:25
faced(2) 22:7  26:2  38:5
facie(1) 35:8
facilitate(1) 46:10
fact(17) 16:20  19:2  19:12  21:25  22:10
24:3  26:18  32:21  33:16  39:9  41:23  42:8
53:18  53:20  53:20  54:2  56:7

factors(7) 32:8  32:12  33:7  39:5  42:25
43:5  43:20

facts(2) 31:1  42:21
factual(3) 31:4  37:18  42:22
fair(1) 52:8
fairly(2) 25:5  31:1
faith(6) 32:17  32:17  36:2  37:16  39:5  51:1
faith's(1) 43:8
fall(3) 43:21  46:9  46:21
familiar(1) 44:16
far(3) 16:8  36:15  45:19
fargo(1) 7:43
favorite(1) 37:12
feel(2) 13:5  44:10
feeling(1) 48:22
feld(4) 3:33  6:29  54:15  55:25
few(6) 17:4  17:8  17:16  33:4  34:8  37:9
39:18  48:15

field(1) 36:21
fight(5) 16:17  20:17  20:19  20:20  23:2
figure(1) 52:22
file(17) 10:3  14:2  14:20  21:12  23:25  25:16
25:23  26:11  26:12  33:19  36:11  37:23
39:19  41:1  42:19  52:10  52:19

filed(23) 11:1  11:10  11:14  11:16  11:17
18:24  22:24  25:11  29:20  30:12  30:21
31:15  31:17  32:2  34:7  39:10  39:20  40:8
41:4  41:13  41:25  43:16  57:1

filing(9) 22:23  23:22  24:15  24:18  31:24
34:8  38:22  52:12  57:5

final(1) 28:6
finally(1) 26:23
finding(1) 13:8
findings(4) 53:18  53:20  54:2  58:1
finds(1) 48:15
fine(1) 29:25
finger(1) 2:27
finish(1) 50:14
firm(1) 25:13
first(9) 9:14  13:25  21:17  22:6  31:8  32:2
33:14  54:7  56:3

firstly(1) 35:7
five(1) 40:7
five-month(1) 38:21
flood(2) 26:25  33:11
floodgate(1) 22:11
floodgates(5) 39:8  39:17  57:25
floor(3) 2:8  2:16  4:4
florsheim(1) 7:39
flowing(1) 30:11
focus(3) 15:4  30:18  50:24
focuses(1) 34:13
focusing(1) 16:19
follow(2) 42:24  52:15
followed(1) 30:18
following(3) 20:10  31:1  56:24
follows(1) 45:3

for(130) 1:2  1:23  2:4  2:12  2:20  2:34  2:40
3:1  3:13  3:33  4:1  4:8  4:15  4:22  4:29  4:3
5:3  5:14  5:18  5:38  5:42  6:1  6:24  6:39
6:44  7:2  7:14  7:18  7:22  7:26  7:30  7:34
7:38  7:43  8:1  8:9  8:15  8:19  8:23  8:28
8:31  8:35  9:5  9:24  12:12  15:25  16:13
16:10  16:16  17:5  18:9  20:20  21:12  23:15
23:20  24:17  24:23  25:11  25:13  25:13
25:16  25:17  25:25  27:2  27:12  28:14  29:15
29:22  30:3  30:9  30:24  32:15  34:21  35:1
35:5  35:24  36:10  36:23  37:7  37:13  40:4
40:9  40:17  44:1  44:9  44:15  44:23  45:6
45:10  45:16  45:21  45:23  46:1  46:3  46:4
46:22  47:4  47:9  47:24  47:25  49:19  49:25
50:1  50:4  50:20  51:12  52:1  52:1  52:5
52:13  52:23  53:3  53:4  53:9  53:11  54:7
54:15  54:23  55:13  55:14  55:17  55:24
55:25  56:5  56:22  57:10  57:19  58:10  58:2

foran(1) 6:20
force(4) 15:20  16:15  18:23  19:1
forced(2) 26:14  28:10
foregoing(1) 59:5
forever(1) 16:25
form(7) 9:9  29:3  29:8  29:11  43:10  45:13
48:14

formal(1) 26:9
formally(2) 19:11  25:22
forman(1) 1:32
form(10) 30:7  33:14  37:18  37:21  37:25
39:15  39:18  40:5  41:3  41:5

forms(2) 43:24  44:3
forth(4) 12:1  12:7  12:14  13:19
forum(1) 23:2
forward(5) 12:1  12:20  17:20  24:25  42:12
found(1) 21:22
foundation(4) 8:10  8:11  52:5  56:20
four(12) 29:16  29:19  30:16  31:9  32:13
35:23  37:18  37:21  41:4  41:16  43:5  43:21

frame(1) 42:25
frankel(1) 8:24
fraser(4) 4:16  29:18  29:19  30:1
fraudulent(3) 21:21  44:4  44:5
free(2) 23:25  56:18
frequently(1) 42:16
friday(2) 10:5  44:9
friedman(2) 6:34  8:2
from(25) 9:17  9:24  15:4  15:22  17:16
18:11  18:20  23:22  24:1  24:15  28:2  30:4
30:11  30:25  32:13  33:5  33:18  34:8  35:9
37:7  37:11  40:6  47:20  56:19  59:6

front(3) 13:10  27:25  39:22
full(1) 56:5
fully(1) 34:25
fundamental(2) 32:12  34:23
fundamentally(3) 23:7  23:7  37:19
further(10) 14:9  19:15  23:16  24:23  29:5
38:20  43:15  46:9  46:15  58:22

gary(1) 6:16
gate(1) 26:25
gates(1) 33:11
gathered(1) 44:1
gave(1) 23:14
geddes(1) 3:39
general(5) 9:13  14:10  25:9  35:14  48:12
generally(1) 27:1
gentlemen(2) 30:20  30:24
george(2) 5:14  5:15
get(7) 15:24  17:6  27:16  27:25  28:5  37:21
50:22

give(10) 10:2  12:3  28:20  36:5  37:2  37:18
49:13  49:19  54:7  56:18

given(6) 15:7  21:10  35:10  43:5  53:17  56:6

gives(1) 23:19
global(1) 11:5
goes(2) 24:3  34:4
going(19) 11:4  12:8  12:10  13:3  15:25
16:25  28:8  28:19  31:4  31:5  33:25  34:15
35:5  46:9  48:22  49:1  51:1  51:3  58:10

goldfarb(1) 5:35
good(19) 9:2  9:3  9:4  12:19  13:1  28:18
37:16  39:5  43:8  50:22  51:1  51:25

gordon(1) 2:4
got(1) 12:5
gotten(1) 45:18
graem(1) 5:34
grant(5) 14:7  18:23  27:6  43:24  54:4
granted(3) 14:2  29:23  42:10
granting(1) 11:6
gravity(1) 26:14
great(5) 2:34  7:26  9:17  24:20  51:8
greissman(1) 7:44
grippo(1) 5:14
gross(2) 9:9  10:4
ground(1) 15:6
grounds(3) 46:17  52:9  52:20
guess(10) 11:23  20:3  42:16  49:14  49:15
49:23  50:3  50:12  50:21  54:7

gump(4) 3:33  6:29  54:14  55:25
guts(1) 47:12
gutted(1) 38:15
had(28) 10:8  10:13  11:2  13:8  14:24  20:21
21:11  28:11  31:6  31:8  31:23  31:24  33:21
34:24  35:19  35:19  36:12  36:18  37:23
39:11  40:13  43:2  46:14  48:22  49:12  49:17
51:5  58:19

hadn't(1) 31:15
had(4) 34:7  49:15  49:24  51:2
hamilton(1) 4:29
hand(4) 13:3  26:13  38:8  41:15
handful(1) 41:15
handle(1) 47:13
hands(2) 28:24  38:17
happened(3) 18:3  18:3  36:20
happening(2) 16:21  16:21
happens(2) 33:23  42:16
happy(6) 10:20  11:19  13:21  26:10  40:18
49:7

hard(1) 38:1
harm(1) 27:21
harmed(1) 37:22
harold(1) 30:4
harrisburg(1) 1:43
harrold(1) 4:22
has(25) 9:15  10:19  11:6  11:12  16:5  16:7
16:7  17:22  19:12  20:15  24:4  24:5  25:2
25:8  27:16  29:21  33:4  36:22  46:3  47:14
53:17  55:2  55:7  57:2  57:18

hasn't(1) 47:14
hauer(4) 3:33  6:29  54:15  55:25

have(107) 9:11  9:16  9:20  10:18  11:3  11:5
11:17  11:19  11:24  12:5  12:23  16:22  17:5
19:18  19:21  22:7  22:8  22:12  22:22  25:4
25:7  25:11  25:13  25:14  25:16  25:18  25:18
25:19  25:21  25:22  26:10  26:22  27:18  28:1
29:3  29:4  29:19  30:11  30:20  31:6  31:9
31:11  31:13  31:17  31:17  31:21  31:25  32:7
33:6  33:20  36:10  36:10  36:16  36:18  37:3
38:7  38:17  38:20  39:10  39:11  39:21  40:13
40:15  40:15  40:20  41:8  41:10  41:13  41:14
41:17  42:2  43:1  43:2  43:4  43:9  43:11
44:12  44:22  45:16  45:18  45:22  46:10  47:9
47:10  47:16  48:20  49:12  49:17  50:2  50:17
50:21  51:3  52:4  52:15  52:23  54:4  55:4
55:5  55:19  56:7  56:9  56:16  56:17  57:6
57:25  58:13  58:20

haven't(3) 27:19  34:12  38:5
having(3) 18:20  28:21  39:1
he's(4) 16:25  17:1  17:18  17:20
head(1) 28:5
heads(1) 10:2
hear(3) 49:6  54:11  58:5
heard(14) 9:15  16:7  17:14  22:14  25:7
27:10  28:21  33:11  37:1  40:22  51:15  53:14
54:15  57:22

hearing(14) 11:9  11:13  17:19  23:16  44:16
45:15  47:25  50:6  53:3  53:4  53:11  55:15
59:1  59:2

hearings(3) 17:22  44:20  44:25
hearsay(3) 48:7  52:9  58:11
heilman(1) 4:2
held(2) 34:12  35:13
help(1) 51:18
helpful(1) 50:19
henry(1) 4:30
hercules(2) 2:14  4:32
here(21) 13:18  18:3  19:9  20:12  20:21
22:11  23:23  25:10  25:17  31:6  36:20  38:8
39:16  39:22  41:4  42:20  42:22  43:5  43:23
49:17  53:9

hey(1) 38:8
hianik(3) 4:22  30:5  35:16
high(2) 25:13  43:2
highly(2) 21:23  21:23
him(7) 10:5  16:8  17:3  17:18  18:8  18:12
18:23

his(9) 17:11  17:17  17:23  18:8  19:14  24:25
31:24  35:17  35:19

hoc(2) 29:20  29:23
hold(1) 54:20
honor(131) 9:3  9:4  9:6  9:15  10:17  11:1
11:6  11:11  11:18  11:25  12:17  12:23  13:7
13:14  13:15  13:18  13:24  14:6  15:19  16:13
16:24  17:3  17:15  17:24  18:9  18:15  18:25
19:12  19:24  20:2  20:7  20:12  20:19  21:2
21:4  21:7  21:10  21:16  21:17  23:3  23:9
23:10  23:14  25:10  27:8  27:13  29:2  29:6
29:9  29:15  29:18  30:2  30:3  30:8  30:15
32:3  32:19  33:13  33:22  34:4  34:21  35:7
35:15  35:22  36:7  36:20  36:24  37:6  37:25
38:10  38:14  38:18  39:5  39:25  40:9  40:17
40:23  41:11  41:15  41:16  41:20  42:6  43:25
44:11  44:14  45:2  45:12  45:18  46:6  46:13
46:15  46:22  47:1  47:6  47:12  47:18  48:2
48:12  48:19  48:20  49:2  49:11  49:14  49:15
50:3  50:17  50:18  51:10  51:14  51:15  51:19
51:25  52:2  52:5  52:17  52:18  53:4  53:9
53:16  53:17  53:23  54:3  54:9  54:12  54:19
54:22  55:9  55:22  55:24  56:4  57:17

honorable(1) 1:18
hope(9) 10:17  17:8  25:12  44:8  46:6  46:16
48:2  48:3  52:20

horan(2) 2:35

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| housekeeping(1) 9:7 | | issue(16) 21:17 22:11 23:9 23:20 23:21 24:2 24:2 26:25 34:11 35:12 38:2 38:6 39:13 43:9 46:8 47:15 | | landis(2) 3:14 3:15 | | look(2) 12:19 43:5 | |
| how(14) 13:4 14:13 17:25 20:1 23:8 34:5 39:14 39:15 41:2 41:8 41:12 47:13 48:6 49:9 | | | | lantry(1) 6:6 | | looking(2) 42:24 50:10 | |
| howard(1) 5:28 | | | | last(2) 28:4 44:13 48:17 58:19 | | lost(2) 13:8 14:17 | |
| however(3) 10:19 14:21 34:7 | | | | late(2) 42:5 42:19 | | lots(1) 50:10 | |
| hundreds(2) 52:3 52:22 | | issues(12) 19:14 23:24 25:19 33:6 35:10 37:2 45:24 48:10 49:22 50:23 56:7 56:9 | | later(2) 31:25 55:20 | | ludwig(1) 1:27 | |
| hurdle(1) 34:2 | | | | laughter(8) 10:7 13:6 13:12 20:18 48:24 54:10 57:14 58:18 | | lugano(1) 1:39 | |
| i'd(3) 25:10 31:24 44:20 | | | | | | lurking(1) 23:9 | |
| i'll(7) 40:20 41:18 41:20 54:8 57:10 58:5 58:14 | | it's(30) 10:17 12:1 12:13 12:19 18:15 19:7 23:7 23:25 30:9 30:17 32:7 34:9 34:19 36:1 36:4 37:15 38:3 42:11 46:16 38:25 39:23 41:15 41:25 49:18 51:2 51:25 52:8 53:15 55:18 57:11 | | laurie(1) 2:13 | | lynch(13) 2:12 4:8 7:14 52:1 52:2 52:4 52:7 52:10 52:13 52:25 53:5 55:7 58:9 | |
| | | | | law(7) 8:1 32:4 35:17 41:21 42:11 44:4 | | | |
| i'm(24) 11:1 11:14 11:19 13:3 13:11 13:23 20:2 28:19 29:4 30:4 31:19 38:8 39:14 39:22 40:18 40:21 42:24 44:21 45:12 45:13 50:25 54:18 58:5 58:11 | | | | lawsuits(5) 15:25 34:8 38:20 38:21 43:16 | | made(9) 32:6 36:8 37:22 39:4 47:2 47:3 47:7 55:7 57:18 | |
| | | item(11) 11:10 11:12 11:14 11:15 13:2 13:25 18:10 27:5 27:6 33:12 44:13 | | lawyer(1) 35:16 | | madlyn(1) 4:9 | |
| i've(8) 10:12 13:20 21:15 25:10 39:13 40:2 40:4 54:6 | | | | lay(1) 55:9 | | maintained(2) 28:16 | |
| | | items(5) 11:5 11:5 11:7 11:8 21:11 | | layer(1) 58:6 | | make(13) 10:20 14:16 19:1 23:3 23:4 25:23 26:6 31:20 44:10 50:2 55:21 56:24 58:11 | |
| idea(2) 39:3 50:22 | | its(11) 16:11 18:13 19:1 19:17 20:4 20:5 23:12 28:24 32:13 32:14 35:2 | | layton(1) 2:27 | | | |
| identification(1) 45:20 | | | | lbo(2) 14:3 14:23 | | makes(1) 28:6 | |
| identified(2) 46:23 47:11 | | itself(2) 19:25 23:11 | | leads(1) 19:16 | | making(3) 20:13 26:8 26:9 | |
| illusion(1) 33:10 | | james(5) 1:24 3:27 5:10 13:15 44:14 | | least(11) 21:2 23:21 24:8 27:7 30:13 33:2 36:6 37:25 39:21 43:6 57:12 | | manageable(2) 46:8 48:10 | |
| illustrate(1) 45:16 | | jane(2) 4:10 52:1 | | | | management(4) 5:4 6:25 6:25 56:1 | |
| immediately(1) 39:3 | | jarashow(1) 6:36 | | leave(2) 21:12 27:6 | | manhattan(1) 4:17 | |
| impact(8) 32:15 32:25 34:4 34:14 43:10 43:12 53:21 55:4 | | jean-marie(1) 7:5 | | leboeuf(1) 5:8 | | manner(1) 46:1 | |
| | | jenner(3) 2:40 7:34 21:8 | | lectern(1) 54:16 | | many(7) 37:14 39:14 39:15 41:2 41:8 41:12 57:13 | |
| important(1) 33:22 | | jessica(2) 1:26 9:5 | | led(2) 16:14 16:15 | | | |
| impossible(1) 57:11 | | jillian(1) 1:27 | | left(2) 34:24 45:14 | | marc(2) 5:20 5:24 | |
| inadmissible(1) 52:9 | | jim(1) 50:19 | | legal(1) 56:8 | | mark(1) 30:5 | |
| inclined(4) 13:22 14:7 56:6 58:5 | | job(1) 37:13 | | lemay(9) 3:21 37:6 37:7 38:10 38:13 39:18 39:25 40:2 43:13 | | marker(1) 42:2 | |
| including(2) 9:16 14:5 | | john(3) 4:30 8:12 30:5 | | | | market(7) 1:10 2:15 3:9 3:16 4:3 4:18 | |
| inconsistent(2) 23:7 25:3 | | johnston(1) 5:10 | | length(4) 32:14 34:3 40:2 43:9 | | martin(1) 8:32 | |
| indemnification(1) 9:16 | | joined(1) 33:6 | | lengthy(1) 46:13 | | material(2) 17:16 33:8 | |
| indemnity(8) 30:10 31:17 33:6 33:24 35:2 36:4 36:24 37:23 | | jonathan(4) 4:24 7:15 29:20 30:4 | | leonard(1) 1:33 | | matter(7) 9:7 17:7 19:8 22:13 45:7 47:4 57:7 | |
| | | joshua(1) 5:11 | | leslie(1) 4:2 | | | |
| indicate(1) 25:10 | | judge(3) 1:19 9:9 10:4 | | less(1) 38:16 | | matters(4) 9:11 10:15 30:19 57:20 | |
| indicated(3) 23:3 43:9 49:22 | | judicial(1) 32:15 | | lesser(1) 25:17 | | matthew(1) 7:27 | |
| indicia(1) 22:9 | | jumping(1) 39:3 | | let(11) 10:9 26:6 31:3 33:6 38:3 45:2 49:9 54:11 55:10 56:3 56:12 | | mauceri(1) 7:27 | |
| individual(1) 50:10 | | june(6) 14:6 16:6 17:6 17:6 31:23 36:10 54:5 | | | | may(29) 11:8 11:13 16:12 19:2 20:14 29:8 30:21 32:7 42:24 44:7 44:8 45:22 45:25 46:12 47:11 48:8 48:18 48:19 49:2 50:13 50:17 51:15 53:15 53:17 53:20 54:15 57:7 58:7 58:11 | |
| individuals(2) 42:17 43:2 | | jurisdiction(3) 24:4 24:6 42:3 | | let's(4) 10:10 18:22 20:3 22:24 | | | |
| indulgence(1) 50:4 | | jurisdictional(2) 24:3 24:9 | | letter(1) 55:20 | | | |
| inevitable(1) 35:3 | | just(12) 10:2 11:4 34:22 37:9 49:17 51:2 51:4 51:5 51:19 51:20 53:15 56:12 | | leveraged(1) 27:23 | | | |
| inevitably(1) 19:17 | | | | levin(2) 8:23 8:23 | | | |
| infinitesimally(1) 32:25 | | justice(1) 39:12 | | lewis(1) 7:26 | | maybe(3) 20:5 38:1 38:17 | |
| informal(2) 25:18 25:20 | | kalenchits(2) 8:28 8:28 | | lexington(1) 2:23 | | mayer(2) 3:2 7:2 | |
| informs(1) 22:16 | | kansa(5) 1:25 40:23 40:23 41:10 41:14 | | liability(2) 33:6 34:25 | | mccarter(1) 3:1 | |
| initially(1) 42:25 | | kaplan(1) 6:34 | | liebentritt(1) 6:22 | | mccormack(1) 5:30 | |
| initiate(1) 19:16 | | karen(1) 7:31 | | light(1) 43:8 | | mccormick(1) 8:9 | |
| injury(2) 22:14 22:16 | | kasowitz(1) 8:1 | | like(12) 12:3 25:10 37:14 39:2 40:10 44:10 44:20 52:17 52:18 53:23 54:4 55:6 | | mean(3) 38:10 43:16 58:1 | |
| innocent(1) 17:25 | | kate(1) 1:34 | | | | meaningful(2) 22:2 36:18 | |
| insiders(4) 35:4 38:14 38:16 40:5 | | katharine(1) 3:2 | | | | means(2) 19:17 25:17 | |
| insofar(1) 40:5 | | katten(1) 8:11 | | likely(1) 53:6 | | measure(1) 34:5 | |
| instance(1) 32:5 | | kavalis(1) 7:23 | | limitations(3) 14:18 20:23 28:11 | | mediation(1) 9:10 | |
| intend(2) 9:8 10:3 | | kaye(3) 4:8 7:14 52:1 | | limited(1) 47:10 | | mediator(1) 9:9 | |
| intended(1) 26:17 | | keep(2) 41:20 57:15 | | line(1) 28:5 | | meet(1) 57:1 | |
| intending(1) 56:21 | | ken(2) 1:25 40:23 | | list(2) 45:4 57:19 | | meisel(1) 1:32 | |
| intention(4) 10:9 31:4 45:24 55:18 | | kerriann(1) 6:8 | | listen(1) 18:2 | | mentioned(2) 34:11 35:19 | |
| interest(2) 15:3 30:22 | | kevin(2) 1:18 6:6 | | lists(4) 46:12 46:13 52:5 57:7 | | mere(1) 32:21 | |
| interested(1) 7:30 | | key(1) 57:12 | | literally(1) 52:21 | | merit(1) 17:17 | |
| interests(1) 35:11 | | kim(1) 6:40 | | litigant(3) 25:22 27:15 27:25 | | meritless(6) 16:9 17:12 18:8 22:7 22:10 23:1 | |
| interim(1) 17:21 | | kind(6) 23:4 36:16 36:17 47:6 57:4 57:18 | | litigants(3) 28:4 28:9 39:1 | | | |
| interrupt(1) 39:3 | | king(2) 2:30 3:3 | | litigate(3) 15:23 18:4 21:3 | | | |
| into(11) 9:6 20:6 22:21 22:25 30:16 34:17 36:15 46:9 47:16 52:13 53:2 | | kizzy(1) 6:36 | | litigated(1) 19:3 | | merits(15) 15:23 16:17 18:4 18:21 19:6 19:18 19:21 20:13 21:5 25:5 25:5 32:7 36:3 37:1 37:15 | |
| | | kline(1) 6:10 | | litigating(2) 28:9 37:11 | | | |
| investigating(1) 26:21 | | knap(1) 4:23 | | litigation(15) 14:23 15:10 15:14 15:16 15:18 16:14 16:17 16:18 21:5 28:5 30:18 36:4 40:7 41:25 42:5 | | | |
| invitation(1) 36:8 | | knapp(2) 4:15 30:6 | | | | merrill(15) 2:12 4:8 7:14 52:1 52:2 52:4 52:7 52:10 52:13 52:25 53:4 53:12 53:21 55:7 58:9 | |
| invoke(1) 36:23 | | know(28) 15:24 16:18 16:20 19:5 19:9 20:1 20:24 20:17 35:10 35:14 35:23 36:4 37:13 39:18 39:20 39:21 39:21 39:22 39:23 40:3 40:14 41:13 43:1 43:9 44:2 49:25 51:2 54:6 | | | | | |
| involve(1) 20:13 | | | | litigations(5) 27:18 30:11 31:15 31:25 | | | |
| involved(1) 39:1 | | | | little(5) 19:4 38:16 39:2 40:10 52:24 | | | |
| involves(1) 42:4 | | | | live(1) 31:21 | | mester(1) 5:11 | |
| irs(2) 9:23 9:25 | | knowledge(2) 31:16 35:25 | | llc(2) 5:14 8:37 | | michael(2) 2:21 7:7 | |
| isle(1) 14:15 | | known(5) 31:13 40:13 40:15 42:1 43:2 | | llp(19) 1:23 2:12 3:20 4:1 4:23 4:29 5:8 5:19 5:33 6:39 7:2 7:14 7:26 7:30 7:34 8:11 8:19 8:24 8:31 | | middle(1) 15:21 | |
| isn't(6) 12:2 19:10 19:22 19:22 42:20 47:8 | | korpus(1) 8:3 | | | | might(11) 25:18 30:8 31:16 35:9 35:14 36:7 38:7 48:25 49:3 50:19 55:17 | |
| | | krakauer(2) 6:2 6:4 | | | | | |
| | | kramer(2) 8:23 8:23 | | | | mighty(1) 37:22 | |
| | | labor(1) 9:20 | | long(3) 26:22 44:9 49:9 | | | |
| | | lacked(1) 56:20 | | longer(3) 14:8 39:2 49:16 | | mike(1) 6:45 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**miller**(2) 8:35  8:36
**million**(1) 33:3
**mills**(1) 6:8
**mind**(3) 48:20  57:6  57:15
**minded**(2) 20:11  49:6
**misconduct**(1) 23:5
**misuse**(1) 56:23
**mockery**(1) 26:6
**moment**(5) 26:1  34:11  50:16  50:17  54:15
**monday**(1) 9:1
**montenegro**(1) 8:5
**month**(1) 31:25
**months**(7) 17:4  17:8  17:16  33:4  34:8  40:7  43:15
**more**(10) 27:1  27:17  27:17  28:20  34:9  40:10  41:15  42:16  56:5  58:14
**morgan**(7) 2:20  4:37  6:39  7:26  54:23  54:24  58:9
**morning**(6) 11:1  11:14  11:16  29:21  50:1  50:23
**most**(6) 15:12  16:3  33:3  41:22  52:6  52:9
**motion**(56) 11:11  11:15  12:1  13:3  14:1  14:4  16:10  16:11  18:9  18:13  18:13  18:16  18:18  19:6  19:17  19:23  19:25  21:12  21:13  23:14  23:17  23:21  23:22  23:25  24:8  25:12  24:15  24:17  24:18  24:25  25:6  25:10  25:12  25:15  25:16  25:19  26:1  26:13  26:14  27:4  27:7  28:4  28:20  28:22  28:25  29:12  29:21  29:22  30:9  32:1  33:21  34:6  40:25  49:25  56:13  56:22
**motions**(14) 13:18  14:2  16:12  24:19  27:14  29:17  29:19  30:24  33:24  47:22  47:24  50:6  57:1  57:5
**movant**(1) 32:17
**movants**(8) 29:19  29:24  37:17  39:16  43:7  43:12  43:18  43:22
**move**(1) 22:3
**moving**(1) 10:25
**much**(6) 20:6  40:12  43:12  44:3  57:18
**muchin**(1) 8:11
**multiple**(2) 30:18  35:8
**murphy**(1) 7:40
**myself**(1) 13:8
**naftalis**(1) 8:23
**named**(3) 39:16  41:9  41:11
**narrow**(3) 46:17  50:8  52:21
**narrowed**(1) 48:9
**narrowing**(1) 57:8
**neal**(2) 9:14  9:17
**necessarily**(2) 20:13  43:21
**necessary**(2) 25:12  49:5
**necessity**(1) 33:19
**need**(8) 33:25  35:1  36:23  37:23  43:21  44:10  49:24  58:16
**negative**(1) 37:25
**negotiating**(1) 52:16
**neither**(1) 15:21
**neutrality**(1) 30:18
**never**(2) 25:11  54:6
**new**(4) 2:24  3:23  3:36  4:12
**next**(3) 29:19  48:15  58:20
**nicely**(1) 12:9
**nomura**(2) 7:22  7:22
**non-binding**(1) 9:10
**none**(2) 40:20  43:20
**nor**(1) 15:22
**normally**(2) 42:16  43:16
**north**(4) 2:15  2:30  4:3  4:18

**not**(78) 11:2  12:11  13:11  14:17  14:22  15:2  15:9  15:16  16:1  16:24  17:10  17:13  19:20  20:14  21:2  21:19  21:19  21:23  23:2  23:5  23:20  24:22  25:12  25:24  26:7  28:3  29:21  30:9  30:9  30:23  31:10  31:11  34:16  34:25  35:12  37:15  37:17  37:19  37:20  39:5  39:2  40:25  41:6  41:15  42:9  43:8  43:18  43:21  44:19  44:25  45:1  45:23  46:12  49:12  49:17  50:1  50:10  50:14  50:24  51:22  52:2  52:6  52:6  53:16  53:19  55:1  55:15  54:18  54:18  56:9  56:13  56:18  56:21  57:11  58:4  58:5  58:12  58:13
**note**(5) 18:10  22:18  25:1  26:23  33:16
**noteholder**(3) 12:13  14:9  56:1
**nothing**(1) 24:7
**notice**(3) 37:22  37:22  41:24
**november**(1) 32:1
**now**(15) 12:10  16:1  16:9  16:24  17:5  19:11  19:15  23:18  28:1  29:16  33:10  33:19  35:2  45:25  53:6
**number**(10) 16:7  28:20  28:25  33:2  36:19  41:14  46:8  47:10  48:10  57:5
**numerous**(1) 52:3
**o's**(2) 34:12  41:3
**oaktree**(1) 2:4
**object**(2) 37:10  40:25  52:20
**objected**(5) 16:5  16:7  23:13  45:8  56:16
**objected-to**(1) 52:19
**objection**(6) 12:22  21:19  30:25  31:5  45:14  52:10
**objections**(19) 10:20  11:17  12:6  16:16  30:21  34:18  36:3  36:17  37:1  39:10  45:20  47:20  48:7  51:22  52:11  53:24  57:2  57:18  58:12
**objective**(1) 22:9
**objector**(1) 42:20
**obligation**(1) 31:17
**obligations**(1) 19:10
**obviated**(1) 33:20
**obviously**(9) 12:11  14:20  27:15  33:20  37:10  44:21  49:18  53:25  54:24
**occasioned**(1) 17:22
**occur**(1) 4:15
**oconnor**(1) 4:15
**odd**(3) 42:15  43:13  43:19
**off**(3) 32:17  39:6  57:4
**officers**(11) 30:7  33:14  33:18  37:18  37:21  37:23  38:1  39:15  39:18  41:5  41:6
**official**(4) 3:13  5:18  13:16  37:7
**okay**(17) 10:22  10:25  11:4  11:22  13:1  13:24  18:22  29:16  32:7  40:1  41:12  44:12  50:12  51:13  54:21  57:13  57:22
**omnibus**(1) 39:10
**once**(2) 28:6  39:4
**one**(27) 1:28  2:29  3:35  9:7  13:13  23:23  24:20  27:15  30:24  32:20  36:12  37:12  38:2  38:6  41:5  42:2  43:22  45:1  45:7  46:2  46:15  50:14  51:19  54:18  55:10  56:12  58:4
**ongoing**(3) 15:1  15:16  57:9
**only**(8) 16:5  17:21  23:16  34:8  49:15  49:24  50:7  58:10
**open**(2) 34:12  57:25
**opening**(1) 56:25
**opinion**(2) 52:8  53:9
**opponents**(2) 32:18  33:10  36:1  41:22
**opportunity**(14) 11:2  12:4  12:6  22:8  23:14  24:24  30:3  30:20  36:6  37:3  47:9  52:19  53:23  54:4
**opposed**(1) 40:11
**opposes**(1) 40:18

**opposition**(1) 35:2
**option**(1) 25:21
**oral**(2) 50:23  50:24
**orally**(1) 49:5
**order**(32) 9:9  10:13  11:11  11:17  11:19  12:2  12:12  12:15  12:22  12:24  14:14  14:16  15:23  18:19  21:1  21:15  23:18  24:13  25:1  26:18  28:10  29:4  29:9  29:11  29:21  33:17  34:15  43:24  44:2  44:4  48:16  55:2
**order's**(1) 29:13
**orders**(6) 11:6  14:19  15:14  37:11  44:12  58:8
**other**(33) 9:25  16:11  19:8  22:10  22:12  23:5  25:21  27:16  27:19  32:20  34:17  35:1  35:11  36:22  39:11  39:16  41:5  42:8  43:22  45:1  45:6  46:11  48:5  50:2  50:12  51:23  55:21  56:1  56:24  57:2  57:4  58:5  58:15
**others**(3) 30:25  39:21  42:24
**otherwise**(1) 10:13
**ought**(2) 40:15  40:15
**our**(37) 10:17  16:19  18:9  24:15  24:17  24:18  24:18  31:13  31:15  32:1  32:11  32:18  33:10  33:21  34:9  34:23  36:1  36:1  36:10  36:18  36:23  37:2  38:11  40:11  41:22  42:8  42:13  45:24  46:6  48:2  48:3  50:25  51:4  52:8  52:19  53:8  55:3
**out**(12) 12:5  23:2  38:8  39:11  41:3  42:3  43:13  50:1  50:15  52:21  52:22  57:10
**outlined**(2) 51:21  55:14
**outset**(2) 30:8  32:18
**outside**(1) 41:16
**outstanding**(1) 49:2
**over**(7) 9:10  13:3  24:6  31:10  36:4  38:19  48:7
**overall**(1) 43:8
**overly**(1) 46:13
**p.a**(1) 1:33
**p.m**(3) 1:14  9:1  59:2
**pall**(1) 38:19
**papers**(11) 20:5  20:6  33:10  33:16  35:3  36:9  38:11  40:11  41:21  43:6  49:4
**paperwork**(1) 58:6
**parade**(4) 17:24  18:2  22:19  28:1
**parallel**(1) 12:10
**parent**(1) 41:7
**park**(4) 3:35  4:11  5:19  7:31
**parke**(2) 3:20  37:7
**part**(7) 9:23  22:16  33:25  43:1  52:11  52:17  53:19
**particular**(5) 10:14  22:5  24:5  27:25  56:19
**particularly**(2) 38:13  53:21
**parties**(61) 10:9  10:10  10:13  10:18  12:3  12:20  14:10  14:15  14:21  15:3  15:4  15:22  16:5  16:14  16:17  18:20  19:3  20:24  21:2  22:7  28:1  29:17  30:19  30:22  35:11  36:22  37:1  40:6  41:21  41:25  42:2  43:1  43:9  44:21  44:21  45:3  45:7  45:16  45:18  45:22  46:12  47:12  47:19  48:4  48:13  49:12  49:15  50:4  51:23  52:4  52:6  52:15  52:23  55:12  55:19  56:14  56:23  57:2  57:21  58:7
**partners**(4) 6:44  6:44  7:18  7:18
**party**(9) 7:30  22:13  23:6  26:24  45:20  46:2  55:2  56:17  57:4
**party's**(1) 56:15
**parver**(9) 4:10  51:15  51:18  51:20  51:25  52:1  53:15  54:9  55:10
**passing**(1) 43:14
**past**(1) 42:1
**patterns**(1) 41:23

**paul**(1) 5:42
**penalties**(1) 9:24
**pending**(2) 36:13  55:1
**pennock**(1) 5:43
**pennsylvania**(1) 1:43
**people**(3) 18:1  50:24  52:11
**pepper**(1) 4:29
**perceived**(1) 56:23
**perhaps**(2) 41:15  43:3
**period**(11) 12:8  17:4  17:10  19:25  20:9  26:8  28:13  35:17  38:19  38:25  43:15
**permission**(2) 13:19  30:6
**permit**(6) 18:12  20:8  24:13  27:3  27:7
**permitted**(1) 32:6
**permitting**(1) 14:19
**person**(2) 35:13  42:18
**persons**(1) 47:1
**pertains**(2) 21:18  27:1
**peter**(2) 6:40  30:6
**phase**(1) 57:19
**phrased**(1) 18:19
**pick**(1) 20:19
**picked**(2) 20:17  20:20
**picture**(1) 43:8
**piece**(1) 37:12
**pioneer**(2) 32:13  39:4
**place**(2) 19:21  19:22
**placed**(1) 52:23
**places**(1) 56:13
**plan**(18) 10:19  12:13  12:13  14:9  28:7  45:5  46:18  46:22  46:25  47:2  47:5  47:6  51:22  52:3  53:9  53:17  55:12  56:1
**plane**(1) 40:6
**plans**(3) 39:9  51:3  56:8
**playing**(1) 36:21
**plaza**(3) 2:14  3:22  4:32
**pleading**(6) 25:23  25:24  26:3  26:4  26:5  41:1
**pleadings**(3) 26:19  27:20  41:4
**pleased**(1) 44:21
**podium**(1) 13:3
**point**(12) 10:23  12:2  25:21  31:12  32:22  34:9  38:23  51:20  53:16  56:24  57:10  58:5
**pointed**(1) 43:13
**points**(4) 17:21  32:20  37:9  56:12
**policy**(1) 22:16
**polk**(2) 2:20  6:39
**portion**(1) 45:9
**posited**(1) 41:2
**position**(6) 27:14  34:9  36:1  38:4  42:23  44:17
**positions**(2) 24:25  43:3
**possible**(8) 46:1  50:9  50:16  52:17  53:1  53:23  54:1  54:5
**post**(2) 42:12  58:19
**post-confirmation**(1) 58:17
**post-hearing**(1) 10:11
**post-petition**(1) 42:12
**post-trial**(5) 17:5  47:21  48:5  48:6  48:18
**posture**(1) 31:19
**potential**(5) 22:11  27:16  32:15  38:7  39:17
**potentially**(2) 22:7  36:16  49:3
**potter**(1) 2:12
**powlen**(3) 4:38  54:22  54:22
**ppearances**(2) 1:21  2:1
**practice**(5) 18:18  27:4  35:24  49:25  50:6
**practicing**(1) 25:11
**pre-confirmation**(1) 44:16
**precise**(1) 41:14
**precisely**(1) 18:20
**preclude**(1) 35:9
**precluded**(1) 18:17
**predicate**(1) 14:6

| Word | Page:Line |
| --- | --- |

**preempt**(1) 55:6
**prefer**(2) 49:8 49:21
**preference**(4) 14:4 14:24 21:20 35:3
**pregnant**(1) 37:25
**prejudice**(16) 15:10 17:16 17:21 18:6 24:14 24:19 25:1 32:14 32:19 32:22 33:8 34:1 36:25 39:7 39:13 55:15

**prejudiced**(1) 17:2
**prejudicial**(3) 52:12 53:8 53:22
**preliminary**(1) 36:17
**premature**(1) 11:24
**prepared**(4) 29:23 31:19 32:3 32:8
**present**(3) 29:23 45:25 50:9
**presented**(1) 55:4
**preserved**(2) 20:23 47:21
**press**(1) 57:3
**pressing**(1) 36:23
**presumably**(1) 26:21
**presumed**(2) 45:5 47:1
**pretty**(1) 34:22
**prevent**(2) 18:20 23:22
**previously**(2) 56:9 56:16
**prima**(1) 35:8
**primoff**(1) 4:9
**principle**(1) 44:22
**prior**(1) 33:12
**pro**(2) 29:20 29:22
**probably**(1) 51:6
**problem**(1) 33:11
**procedurally**(1) 21:10
**procedure**(4) 47:20 47:23 48:3 48:21
**procedures**(7) 11:15 12:1 12:14 44:22 45:23 45:25 56:14

**proceed**(8) 13:21 14:22 24:14 24:22 27:4 29:17 49:7 55:11

**proceeding**(5) 25:17 52:14 53:19 54:25
**proceedings**(14) 1:17 1:48 9:16 15:21 32:15 33:2 34:4 34:14 43:10 53:12 53:22 55:18 55:20 59:7

**process**(19) 12:10 14:12 14:25 16:20 16:22 18:7 19:16 19:20 21:4 22:13 23:8 27:1 34:1 46:11 48:5 50:13 52:17 57:6 57:17

**produced**(1) 1:49
**professional**(2) 26:2 26:15
**professional**(1) 46:23
**professor**(1) 22:1
**progeny**(1) 32:13
**prompt**(2) 22:8 23:6
**promptly**(1) 22:15
**proof**(3) 9:22 33:19 40:7
**proofs**(4) 9:19 38:22 39:19 41:13
**properly**(1) 24:11
**proponent**(6) 46:25 47:2 47:5 47:7 52:3 53:9

**proponents**(9) 12:14 14:9 45:5 46:19 46:22 51:22 53:17 55:13 56:2

**proposal**(1) 51:18
**propose**(4) 13:19 45:19 47:23 48:14
**proposed**(4) 9:9 53:18 54:2 58:1
**prosecuting**(1) 28:9
**prosecution**(1) 20:15
**prospect**(1) 22:2
**protected**(1) 15:14
**protective**(1) 40:16
**proviso**(1) 47:6
**provoke**(1) 57:8
**public**(3) 22:20 23:2 23:4
**publicity**(3) 17:2 17:22 18:3
**pure**(1) 40:6
**purpose**(2) 45:6 46:4

**purposes**(6) 35:24 53:3 53:12 55:14 55:14 58:10

**pursuant**(1) 27:18
**pursue**(6) 55:11 16:3 16:22 17:11 17:17 20:12

**pursued**(2) 18:7 35:5
**pursuing**(2) 15:9 16:1
**put**(17) 10:10 12:1 12:4 22:23 24:24 25:22 26:7 26:9 30:16 34:6 34:17 36:19 38:18 43:17 51:6 52:4 57:18

**putting**(1) 36:14
**quantify**(1) 36:19
**quarter**(1) 32:2
**question**(15) 11:24 15:4 23:11 24:3 29:4 31:9 34:5 35:23 38:15 41:1 41:2 41:4 42:25 50:19 55:16

**questioning**(1) 52:25
**questions**(8) 11:19 15:16 25:8 28:25 29:6 40:19 47:15 58:15

**quickly**(2) 11:4 53:25
**quite**(3) 28:2 28:3 38:5
**quo**(2) 28:15 36:16
**qureshi**(1) 6:30
**rachel**(1) 7:27
**raise**(4) 23:11 23:21 23:24 24:12
**raised**(1) 55:10
**raising**(3) 24:2 25:20 26:24
**ran**(1) 14:18
**rare**(2) 57:11 57:11
**rath**(1) 3:14
**rather**(2) 18:17 31:12
**reach**(4) 34:19 34:19 37:2 50:15
**reached**(2) 34:13 44:22
**read**(1) 20:6
**ready**(2) 29:17 31:21
**real**(1) 39:13
**really**(17) 17:3 24:16 25:12 31:14 31:22 34:4 34:9 34:13 35:23 35:25 36:9 36:15 36:20 37:9 38:5 42:20 43:7 43:11 47:8 49:24 57:20

**reason**(10) 16:16 20:20 28:18 32:15 34:21 35:19 40:3 40:4 40:14 48:2

**reasonable**(1) 32:16
**reasonably**(1) 21:23
**reasons**(5) 15:13 16:13 27:2 28:14 40:9 40:17 55:17

**rebuttal**(2) 40:21 41:19
**recall**(1) 14:13
**receive**(3) 11:23 12:6 35:5
**received**(2) 30:24 53:25
**recess**(1) 59:1
**recognized**(1) 22:13
**record**(8) 31:4 31:9 33:23 35:22 42:22 45:15 55:25 58:2

**recorded**(1) 1:48
**recording**(2) 1:48 59:6
**redress**(1) 22:15
**reduce**(1) 46:7
**reducing**(1) 48:13
**refer**(1) 30:6
**reference**(1) 33:11
**reflect**(1) 43:6
**reflected**(2) 11:13 45:15
**refresh**(1) 48:17
**refuse**(1) 24:24
**regard**(5) 25:13 32:19 34:3 34:21 57:3
**regardless**(1) 33:23
**related**(13) 9:11 9:11 9:24 9:25 14:3 14:23 18:10 21:12 29:16 30:19 36:3 52:4 53:15

**relative**(1) 34:12
**relatively**(2) 33:15 50:8
**relevance**(2) 48:8 58:12
**relevant**(1) 34:9
**relief**(11) 11:6 18:11 18:23 22:11 37:10 37:11 40:18 42:9 43:23 43:24 54:7

**relieved**(1) 10:11
**remain**(1) 14:11
**remains**(1) 15:8
**render**(1) 17:9
**repeated**(1) 18:4
**repeatedly**(2) 19:13 22:23
**reply**(2) 21:12 56:17
**report**(4) 31:24 42:5 44:20 44:21
**reported**(1) 33:1
**represent**(1) 30:5
**representatives**(4) 46:19 46:21 47:3
**representing**(1) 42:17
**reputation**(1) 27:22
**reputational**(3) 22:14 22:15 27:21
**request**(3) 11:18 36:17 55:6
**requested**(6) 11:7 37:10 40:18 42:9 43:23 43:24

**require**(1) 42:16
**requires**(1) 38:24
**researching**(1) 39:2
**resolution**(1) 15:24
**resolve**(3) 45:24 48:11 58:13
**resolved**(6) 11:5 23:10 33:7 49:23 50:23 58:12

**resolves**(2) 10:18 11:17
**resolving**(1) 10:19
**resources**(2) 23:13 27:16
**respect**(24) 10:14 11:10 12:11 17:23 18:14 22:18 25:8 26:23 27:14 28:7 28:24 39:7 42:15 43:12 45:4 51:16 53:21 54:3 56:8 56:11 56:14 56:15 57:2 57:6

**respectfully**(1) 11:18
**respective**(1) 45:5
**respond**(7) 12:4 12:6 22:5 23:6 24:17 24:18 24:23

**responding**(2) 24:21 54:1
**response**(6) 29:1 36:8 56:22 57:23 58:21 58:24

**responses**(1) 30:14
**responsibilities**(1) 26:16
**responsible**(1) 26:2
**responsive**(1) 41:1
**rest**(1) 55:10
**result**(3) 27:22 33:7 49:3
**results**(1) 18:7
**retain**(2) 34:18 42:13
**retention**(1) 46:25
**richards**(1) 2:27
**rifkind**(1) 5:42
**right**(25) 10:24 12:10 13:4 13:9 13:23 16:22 17:18 21:6 23:20 24:10 25:15 27:10 28:17 29:3 29:7 29:13 37:1 39:6 40:12 41:18 51:24 55:23 57:16 57:24 58:22

**rights**(3) 30:10 36:23 39:4
**ripe**(1) 17:13
**risk**(1) 36:19
**road**(1) 32:7
**robert**(1) 8:9
**roberts**(2) 8:35 8:36
**rockefeller**(1) 3:22
**rodney**(1) 2:29
**roitman**(1) 5:24
**rome**(1) 3:7
**room**(1) 13:5
**rosenblatt**(1) 5:26
**rosenman**(1) 8:11

**rosner**(1) 8:7
**roth**(1) 7:30
**rudnick**(1) 8:31
**rule**(22) 16:10 18:12 19:9 19:10 19:16 19:23 20:1 21:4 21:13 22:6 22:16 25:9 25:11 25:20 26:6 26:16 26:18 27:7 32:4 35:24 48:8 53:1

**ruled**(4) 21:13 22:8 39:11 47:14
**ruling**(2) 28:22 33:5
**run**(4) 12:9 26:7 28:13 49:16
**running**(1) 20:9
**russano**(1) 2:21
**said**(4) 22:23 29:5 32:21 45:8
**same**(6) 15:19 16:13 24:21 47:6 47:11
**sanctions**(1) 16:10
**satisfactory**(2) 48:16 49:14
**save**(1) 28:10
**saw**(1) 33:2
**say**(14) 23:22 24:8 28:3 30:9 31:23 31:24 38:8 38:11 42:13 52:8 54:18 56:18 58:14 58:16

**saying**(4) 17:25 19:8 38:7 39:24
**says**(3) 22:22 46:2 46:3
**schanne**(1) 4:30
**schedule**(5) 10:12 10:22 17:5 23:15 48:18
**schedules**(1) 12:7
**scheduling**(1) 55:2
**scholer**(3) 4:8 7:14 52:1
**schott**(1) 6:45
**schotz**(1) 1:32
**schulte**(1) 7:30
**schuylkill**(1) 1:42
**scope**(5) 46:20 46:24 47:3 48:6 48:12
**scott**(1) 7:44
**scrambling**(1) 50:25
**scrutiny**(1) 35:20
**second**(4) 9:19 22:12 35:10 45:10
**securities**(4) 7:22 7:22 8:36 8:37
**see**(7) 11:2 11:25 19:4 27:14 28:4 48:5 57:20

**seek**(1) 23:25
**seeking**(1) 22:3
**seeks**(3) 14:4 18:11 22:10
**seems**(4) 36:12 37:14 38:6 51:4
**seife**(1) 5:28
**seiler**(1) 6:34
**self-evident**(1) 35:12
**sense**(1) 30:17
**sensitivity**(1) 58:9
**sent**(1) 55:20
**separate**(1) 54:1
**serve**(2) 14:3 18:12
**served**(2) 25:14 26:5
**service**(8) 1:41 1:49 18:16 19:24 20:5 20:8 27:7 34:24

**services**(2) 1:41 8:15
**set**(4) 12:1 12:7 13:19 17:5
**sets**(2) 54:2 57:4
**setting**(1) 12:14
**several**(2) 33:3 53:5
**shall**(1) 44:13
**shannon**(1) 5:43
**shared**(1) 14:21
**shareholder**(1) 53:7
**shareholders**(1) 44:6
**sheron**(1) 8:3
**shocking**(1) 38:16
**shortly**(2) 9:8 10:3
**should**(37) 14:11 14:17 15:9 15:22 16:1 16:9 19:23 20:25 23:8 24:19 25:22 26:1 26:3 26:9 26:14 26:15 26:20 26:21 28:3 31:13 31:16 31:17 32:5 35:4 35:24 38:1 38:17 40:13 42:2 42:13 43:2 43:3 46:9 50:5 51:19 56:18 58:4

| Word | Page:Line |
|------|-----------|
| **shouldn't**(4) 18:1 18:23 19:11 47:8 | |
| **shows**(1) 32:12 | |
| **side**(3) 13:5 43:18 48:5 | |
| **sides**(2) 14:15 49:13 | |
| **sidley**(4) 1:23 6:1 9:5 40:23 | |
| **siegel**(1) 8:32 | |
| **sieger**(1) 8:12 | |
| **sign**(3) 10:13 12:22 44:2 | |
| **signed**(3) 21:15 29:14 44:12 | |
| **silverstein**(1) 2:13 | |
| **simes**(1) 7:7 | |
| **similar**(3) 37:20 42:4 57:5 | |
| **similarly**(1) 34:17 | |
| **simon**(2) 4:16 29:18 | |
| **simply**(7) 14:5 18:6 25:6 30:20 37:2 42:10 45:14 | |
| **single**(1) 27:15 | |
| **singular**(1) 26:24 | |
| **sit**(1) 22:25 | |
| **sits**(1) 13:14 | |
| **sitting**(1) 13:9 | |
| **situated**(1) 34:17 | |
| **situation**(2) 35:1 42:11 | |
| **situations**(1) 42:17 | |
| **skeptical**(1) 50:25 | |
| **slater**(1) 7:38 | |
| **sloan**(1) 2:28 | |
| **small**(2) 32:25 43:7 | |
| **sole**(2) 56:13 56:22 | |
| **solely**(4) 21:18 51:21 53:4 55:14 | |
| **solvency**(1) 35:11 | |
| **some**(10) 12:8 34:7 36:16 36:17 44:22 45:6 45:9 50:2 58:9 | |
| **somebody**(1) 28:1 | |
| **somehow**(1) 42:1 | |
| **someone**(3) 46:3 54:17 54:20 | |
| **something**(4) 12:20 24:12 35:13 56:5 | |
| **sometime**(1) 50:21 | |
| **somewhat**(3) 42:4 47:19 49:19 | |
| **sorry**(6) 11:14 20:2 29:4 39:14 40:21 45:12 45:13 54:18 | |
| **sort**(5) 38:18 39:1 39:8 56:22 56:25 | |
| **sottile**(34) 3:27 13:4 13:7 13:13 13:15 13:24 18:25 19:12 19:24 20:2 20:7 20:19 21:7 29:8 29:11 29:15 44:14 44:14 45:12 45:18 47:18 48:19 48:23 48:25 49:11 50:17 51:10 51:14 51:19 52:16 54:11 55:9 56:11 | |
| **sought**(1) 23:11 | |
| **sound**(1) 1:48 28:18 52:24 59:6 | |
| **south**(1) 1:28 | |
| **spaeder**(4) 3:26 5:33 13:15 44:15 | |
| **spahr**(1) 4:1 | |
| **speaking**(3) 46:22 46:24 57:24 | |
| **speaks**(1) 51:20 | |
| **special**(1) 13:16 | |
| **specific**(5) 20:20 21:21 41:24 45:19 46:11 | |
| **specifically**(3) 45:7 45:8 52:19 | |
| **speedy**(1) 17:1 | |
| **spent**(2) 23:13 25:2 | |
| **sperling**(1) 7:38 | |
| **square**(1) 2:29 | |
| **stand**(4) 18:23 23:15 26:3 59:1 | |
| **standing**(18) 14:2 14:2 14:14 14:19 15:13 21:1 23:10 23:12 23:13 23:19 23:22 23:24 24:1 24:5 24:9 25:3 25:19 39:22 | |
| **stanley**(4) 4:37 54:23 54:24 58:10 | |
| **stare**(1) 18:2 | |
| **stargatt**(1) 2:4 | |
| **start**(1) 45:2 | |
| **starting**(2) 21:4 21:4 | |
| **state**(2) 44:4 53:7 | |
| **stated**(1) 35:17 | |
| **statement**(3) 46:25 47:5 47:7 | |

| Word | Page:Line |
|------|-----------|
| **statements**(1) 46:18 | |
| **states**(2) 1:1 1:19 | |
| **status**(2) 28:15 36:16 | |
| **statute**(5) 54:18 15:15 20:23 28:10 28:12 | |
| **stay**(22) 14:5 14:8 14:10 14:14 15:7 16:6 16:14 16:15 16:18 18:9 18:11 18:17 18:18 20:10 21:18 24:4 24:7 24:13 25:9 26:17 27:3 27:6 28:18 | |
| **stayed**(2) 14:11 15:14 | |
| **staying**(1) 15:17 | |
| **ste**(3) 1:35 2:36 4:20 | |
| **stepping**(3) 54:16 54:17 54:19 | |
| **steps**(2) 16:2 40:16 | |
| **steven**(1) 7:39 | |
| **stick**(2) 38:8 38:17 | |
| **stickles**(1) 1:34 | |
| **still**(5) 15:1 15:20 15:24 33:4 36:13 | |
| **stipulation**(2) 48:14 55:20 | |
| **stipulations**(1) 56:11 | |
| **stood**(1) 18:6 | |
| **stop**(1) 18:1 | |
| **stopped**(1) 20:5 | |
| **straightforward**(1) 34:22 | |
| **strauss**(4) 3:33 6:29 54:15 55:25 | |
| **street**(14) 1:10 1:42 2:8 2:15 2:30 2:42 3:3 3:9 3:16 3:28 4:3 4:33 4:39 23:23 | |
| **strike**(4) 47:22 47:24 56:13 56:22 | |
| **strikes**(1) 38:4 | |
| **stripped**(1) 48:20 | |
| **stromberg**(1) 6:12 | |
| **strong**(1) 37:25 | |
| **subject**(8) 30:21 32:6 35:20 44:3 44:23 46:15 47:22 58:9 | |
| **subjected**(1) 22:14 | |
| **submission**(1) 58:4 | |
| **submit**(10) 9:8 15:19 16:13 16:24 17:15 17:24 21:3 48:14 53:18 53:24 | |
| **submits**(1) 40:15 | |
| **submitted**(4) 17:7 29:12 30:23 53:20 | |
| **submitting**(2) 47:24 55:21 | |
| **subsequent**(2) 42:4 55:18 | |
| **subsequently**(1) 53:10 | |
| **subsidiary**(1) 41:6 | |
| **substance**(1) 14:4 | |
| **substantially**(1) 48:9 | |
| **succeed**(1) 21:24 | |
| **success**(1) 22:2 | |
| **such**(9) 10:1 18:16 18:16 28:4 45:24 46:23 47:22 47:24 54:7 | |
| **suffer**(2) 18:6 24:14 | |
| **suffering**(1) 27:20 | |
| **suggest**(6) 37:24 38:24 38:25 47:19 47:20 48:3 | |
| **suggested**(1) 20:7 | |
| **suggestions**(1) 50:5 | |
| **suite**(6) 3:10 3:16 3:29 4:17 4:32 4:40 | |
| **superficially**(1) 39:8 | |
| **support**(1) 28:14 | |
| **supports**(1) 58:2 | |
| **supreme**(1) 22:12 | |
| **surprised**(1) 18:1 | |
| **sure**(3) 11:2 13:11 14:16 | |
| **suspect**(1) 46:8 | |
| **suspend**(4) 20:9 26:15 26:16 26:18 | |
| **suttonbrook**(2) 5:3 5:3 | |
| **tabak**(2) 8:35 8:36 | |
| **table**(2) 39:6 39:10 | |
| **tail-end**(1) 44:17 | |
| **take**(12) 12:8 15:9 16:1 16:25 19:21 28:2 28:19 44:16 45:14 49:10 51:3 51:11 | |
| **taken**(1) 40:16 | |
| **takes**(2) 31:12 38:5 | |

| Word | Page:Line |
|------|-----------|
| **talented**(1) 24:21 | |
| **talked**(1) 10:12 | |
| **talking**(7) 17:4 17:10 32:24 33:3 33:14 48:9 50:7 | |
| **tax**(1) 9:24 | |
| **taylor**(1) 2:5 | |
| **tee**(1) 49:25 | |
| **teeing**(1) 49:3 | |
| **telephonic**(1) 5:1 | |
| **tell**(7) 19:11 31:6 38:3 42:18 48:23 49:1 50:20 | |
| **termination**(3) 14:1 20:10 28:23 | |
| **testify**(1) 42:18 | |
| **testimony**(3) 31:21 56:23 57:3 | |
| **than**(9) 19:5 27:17 27:19 27:22 39:3 39:16 41:15 45:6 46:11 | |
| **thank**(31) 10:24 12:23 21:6 21:7 21:16 27:7 27:29 28:16 28:17 29:7 29:13 29:15 30:1 30:2 30:3 30:15 37:4 37:5 40:20 41:17 41:18 41:20 42:14 51:9 51:14 53:1 54:21 55:8 55:23 55:24 58:25 | |
| **that**(301) 9:11 9:12 9:16 9:20 10:3 10:3 10:5 10:12 10:17 10:18 10:20 11:2 11:11 11:12 11:13 11:14 11:17 11:17 11:18 11:18 12:1 12:2 12:4 12:5 12:6 12:7 12:8 12:8 12:9 12:13 13:2 13:5 13:20 13:21 13:23 14:2 14:4 14:11 14:13 14:16 14:17 14:18 14:22 15:2 15:7 15:7 15:9 15:10 15:11 15:19 15:23 16:2 16:5 16:8 16:9 16:13 16:13 16:14 16:20 16:24 16:25 17:1 17:8 17:12 17:15 17:17 17:22 17:24 17:25 18:8 18:9 18:15 18:15 18:19 18:19 18:24 19:2 19:2 19:9 19:10 19:11 19:13 19:16 19:17 19:17 19:20 19:22 19:22 20:5 20:8 20:11 20:11 20:12 20:15 20:21 21:3 21:4 21:11 21:14 21:15 21:17 21:17 21:17 21:18 21:19 21:20 21:22 21:25 22:6 22:9 22:13 22:15 22:16 22:16 22:17 22:18 22:22 23:4 23:11 23:13 23:14 23:16 23:17 23:18 23:21 24:2 24:2 24:8 24:12 25:2 25:4 25:6 25:14 25:16 25:21 25:22 25:24 26:1 26:2 26:3 26:4 26:4 26:5 26:7 26:10 26:12 26:14 26:15 26:24 27:18 27:20 27:21 27:24 28:4 28:9 28:13 28:15 29:11 29:13 29:17 29:22 30:11 30:14 30:14 30:17 31:6 31:11 31:13 31:14 31:15 31:16 31:21 32:4 32:9 32:18 32:20 32:21 33:11 33:15 33:17 33:17 33:19 33:22 33:25 34:1 34:2 34:5 34:9 34:16 34:24 34:25 35:1 35:3 35:3 35:4 35:9 35:9 35:16 35:20 35:22 36:1 36:4 36:9 36:12 36:19 36:19 37:14 37:15 37:16 37:17 37:18 37:20 37:20 37:22 37:22 37:22 37:25 38:4 38:4 38:6 38:9 38:10 38:16 38:23 38:24 38:25 39:2 39:10 39:10 40:5 40:10 40:14 40:15 41:3 41:4 41:10 41:16 42:2 42:8 42:11 42:13 42:24 43:1 43:3 43:13 43:23 44:2 44:11 44:19 44:21 44:24 45:4 45:14 45:16 45:19 45:19 45:20 46:6 46:16 46:18 46:21 47:6 47:16 47:20 48:8 48:9 48:10 48:14 48:23 48:25 49:1 49:1 49:3 49:3 49:14 49:22 50:4 50:5 50:6 50:8 50:10 50:13 50:22 50:24 50:25 51:1 51:2 51:8 51:9 51:12 51:21 52:4 52:9 52:1 | |

| Word | Page:Line |
|------|-----------|
| **that's**(34) 12:10 12:20 13:11 14:6 15:2 18:2 18:2 18:3 18:22 19:4 21:13 22:2 25:25 25:25 27:22 29:25 30:18 31:13 31:19 33:2 34:9 34:22 35:12 35:25 36:21 36:24 41:17 42:3 43:19 45:14 47:12 48:12 50:1 57:17 | |
| **thau**(1) 8:38 | |
| **the**(301) 1:1 1:2 1:18 2:7 9:2 9:5 9:6 9:12 9:14 9:15 9:17 9:19 9:20 9:22 9:23 9:25 10:4 10:8 10:9 10:9 10:10 10:11 10:13 10:16 10:19 10:19 10:22 10:22 10:24 10:25 11:2 11:3 11:5 11:5 11:6 11:8 11:10 11:12 11:13 11:15 11:17 11:21 11:23 11:23 12:1 12:2 12:2 12:4 12:6 12:7 12:10 12:11 12:11 12:12 12:13 12:16 12:16 12:19 12:20 12:20 12:21 12:22 12:24 12:25 13:2 13:2 13:3 13:4 13:5 13:10 13:16 13:19 13:19 13:21 13:23 13:24 13:25 13:25 14:1 14:1 14:2 14:5 14:7 14:9 14:10 14:10 14:11 14:13 14:14 14:14 14:15 14:15 14:16 14:17 14:18 14:19 14:19 14:21 14:23 14:23 14:25 15:2 15:3 15:3 15:4 15:4 15:6 15:10 15:10 15:11 15:13 15:13 15:14 15:14 15:15 15:15 15:16 15:17 15:21 15:22 15:23 15:23 16:2 16:3 16:5 16:6 16:7 16:7 16:8 16:10 16:13 16:14 16:14 16:15 16:17 16:18 16:19 16:21 16:22 17:2 17:3 17:6 17:7 17:8 17:11 17:12 17:17 17:20 17:21 18:2 18:3 18:4 18:7 18:7 18:8 18:10 18:11 18:11 18:12 18:13 18:14 18:17 18:17 18:19 18:19 18:20 18:21 18:22 18:24 19:1 19:4 19:6 19:7 19:9 19:9 19:10 19:14 19:16 19:17 19:17 19:18 19:20 19:21 19:22 19:24 19:25 20:1 20:1 20:3 20:4 20:6 20:8 20:8 20:9 20:9 20:10 20:10 20:11 20:12 20:15 20:16 20:17 20:17 20:19 20:20 20:21 20:22 20:24 20:25 21:1 21:2 21:4 21:5 21:5 21:6 21:11 21:12 21:14 21:15 21:17 21:17 21:17 21:18 21:19 21:20 21:22 21:25 22:6 22:12 22:16 22:17 22:20 22:22 22:22 22:24 23:3 23:5 23:8 23:11 23:11 23:16 23:18 23:18 23:20 23:21 23:24 24:3 24:4 24:5 24:6 24:7 24:10 24:12 24:13 24:13 24:14 24:18 24:21 24:23 24:24 25:1 25:2 25:3 25:5 25:8 25:8 25:9 25:9 25:13 25:15 25:19 25:22 25:25 25:2 26:6 26:6 26:8 26:8 26:11 26:12 26:13 26:14 26:16 26:17 26:20 26:24 26:24 27:1 27:2 27:3 27:5 27:6 27:7 27:9 27:13 27:15 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

the(301) 27:16 27:17 27:22 27:23 28:2 28:2 28:4 28:5 28:5 28:5 28:6 28:8 28:9 28:9 28:10 28:11 28:11 28:12 28:12 28:14 28:15 28:15 28:17 28:18 28:21 28:22 28:23 28:24 29:3 29:7 29:10 29:11 29:12 29:13 29:16 29:19 29:19 29:21 29:24 29:25 30:3 30:6 30:7 30:8 30:10 30:11 30:13 30:17 30:19 30:20 30:25 30:25 31:2 31:5 31:9 31:10 31:12 31:12 31:14 31:14 31:14 31:17 31:19 31:24 31:25 32:2 32:4 32:7 32:8 32:8 32:10 32:11 32:12 32:14 32:16 32:16 32:18 32:21 32:22 32:23 32:25 33:2 33:8 33:11 33:11 33:12 33:16 33:16 33:17 33:18 33:23 34:1 34:3 34:3 34:3 34:4 34:5 34:7 34:8 34:8 34:9 34:11 34:12 34:14 34:14 34:15 34:17 34:21 34:24 34:24 35:2 35:8 35:10 35:11 35:13 35:14 35:16 35:18 35:18 35:22 35:23 35:25 36:3 36:6 36:8 36:8 36:8 36:9 36:15 36:20 36:21 36:21 37:5 37:7 37:9 37:10 37:13 37:15 37:16 37:18 37:18 37:20 37:21 38:1 38:3 38:3 38:4 38:4 38:4 38:12 38:19 38:19 38:20 38:20 38:21 38:22 38:22 39:2 39:2 39:3 39:4 39:6 39:8 39:9 39:10 39:12 39:14 39:16 39:21 39:23 40:1 40:2 40:2 40:3 40:4 40:4 40:6 40:7 40:10 40:11 40:14 40:16 40:17 40:18 40:20 40:21 40:24 40:25 40:25 41:2 41:2 41:3 41:4 41:4 41:6 41:7 41:8 41:12 41:14 41:16 41:18 41:21 41:21 41:22 41:24 41:25 42:1 42:2 42:3 42:3 42:8 42:9 42:9 42:10 42:11 42:11 42:15 42:19 42:20 42:20 42:21 42:22 42:23 42:24 42:25 42:25 42:25 43:3 43:5 43:6 43:6 43:6 43:8 43:9 43:9 43:10 43:14 43:14 43:14 43:15 43:18 43:20 43:22 43:23 43:24 44:1 44:2 44:2 44:3 44:4 44:4 44:8 44:12 44:13 44:15 44:17 44:17 44:19 44:20 44:20 44:21 44:23 44:25 45:1 45:3 45:4 45:6 45:7 45:8 45:10 45:11 45:11 45:13 45:13 45:15 45:15 45:16 45:18 45:19 45:20 45:21 45:22 45:23 45:24 46:2 46:3 46:4 46:7 46:10 46:12 46:13 46:16 46:17 46:18

the(198) 46:20 46:20 46:22 46:24 47:2 47:3 47:4 47:4 47:5 47:5 47:6 47:6 47:7 47:7 47:9 47:11 47:11 47:11 47:12 47:13 47:14 47:15 47:17 47:19 47:21 47:25 47:25 48:2 48:2 48:3 48:5 48:6 48:6 48:7 48:11 48:12 48:13 48:15 48:15 48:15 48:16 48:17 48:17 48:18 48:21 48:22 48:25 49:4 49:4 49:6 49:7 49:9 49:11 49:12 49:13 49:18 49:19 49:19 49:21 49:22 49:24 49:25 50:1 50:1 50:3 50:4 50:4 50:5 50:6 50:9 50:12 50:13 50:15 50:16 50:20 50:21 50:23 50:23 50:24 51:1 51:6 51:6 51:7 51:11 51:11 51:13 51:16 51:17 51:18 51:21 51:22 51:24 52:4 52:6 52:7 52:11 52:15 52:20 52:22 53:1 53:2 53:4 53:5 53:7 53:10 53:13 53:17 53:20 54:6 54:11 54:13 54:16 54:17 54:20 55:1 55:2 55:3 55:3 55:4 55:6 55:8 55:12 55:12 55:12 55:13 55:14 55:15 55:15 55:18 55:18 55:20 55:21 55:23 55:24 56:1 56:4 56:5 56:6 56:7 56:7 56:7 56:8 56:11 56:13 56:13 56:14 56:16 56:19 56:20 56:20 56:21 56:22 56:24 56:25 56:25 57: 57:2 57:4 57:6 57:7 57:7 57:10 57:10 57:13 57:13 57:15 57:18 57:19 57:19 57:20 57:21 57:22 57:24 58:2 58:2 58:4 58:4 58:7 58:7 58:8 58:8 58:10 58:16 58:19 58:22 58:25 59:2 59:5 59:6 59:6 59:7

thinking(3) 12:20 31:23 58:11
thinks(2) 12:18 30:14
third(3) 9:22 23:9 40:6
this(83) 10:9 10:10 10:17 10:23 11:1 11:14 11:16 12:2 13:14 14:7 15:3 15:4 15:22 16:9 16:15 16:16 16:17 17:14 17:15 17:25 19:18 20:4 21:19 22:3 22:10 22:18 22:19 23:2 25:12 25:15 25:21 26:5 26:17 26:23 26:24 27:25 27:24 27:24 27:25 28:3 29:11 29:21 30:9 31:3 32:4 32:24 33:17 33:20 34:1 34:4 34:6 34:13 35:17 35:22 36:2 36:22 38:5 38:6 38:15 39:16 40:10 40:22 42:7 42:15 42:15 43:1 45:19 46:2 46:3 46:21 47:8 48:3 49:9 50:19 51:20 51:22 52:14 53:3 54:9 55:19 58:5 59:1
thomas(2) 2:35 5:30
thornburg(2) 4:37 54:23

their(24) 12:14 15:4 15:22 22:23 24:1 25:4 26:19 30:14 33:9 34:18 36:2 36:5 36:9 37:3 37:19 38:8 39:9 41:1 41:21 46:19 46:20 46:24 47:3 52:5 58:3
theirs(1) 40:12
them(29) 11:20 15:11 16:1 16:3 21:3 22:23 23:14 23:19 26:10 32:14 34:19 34:20 36:5 36:14 39:4 39:20 41:5 41:10 41:12 42:22 52:13 52:20 52:23 52:25 53:24 57:25 58:2 58:5 58:13
themselves(3) 23:6 42:18 49:12
then(19) 12:5 14:25 17:7 17:18 18:7 18:25 23:5 23:17 24:17 25:6 38:20 40:3 45:25 48:21 49:5 49:7 50:1 50:1 52:24 55:10
there(39) 12:5 16:16 17:15 17:17 19:8 20:21 20:22 22:1 22:4 22:9 22:11 23:9 23:12 23:23 24:6 24:20 26:19 26:25 28:18 28:25 29:16 31:5 32:13 33:24 35:8 36:16 37:14 41:3 41:5 41:24 42:1 43:15 43:24 46:8 47:15 52:3 52:21 55:5 58:15
there's(2) 13:13 24:6 27:20 27:21 31:22 32:12 33:1 33:8 33:10 46:7 52:5 54:7
thereafter(2) 17:8 47:23
therefore(3) 28:8 52:10 53:11
these(44) 9:15 10:14 10:18 14:11 14:11 15:9 15:25 16:21 17:22 18:5 20:14 21:21 22:9 22:20 23:1 23:4 23:19 24:4 25:19 26:21 27:14 30:16 30:20 30:24 32:5 33:1 33:23 34:6 34:14 34:16 35:20 36:23 37:17 37:21 40:13 41:8 42:11 42:13 42:19 43:2 43:7 43:12 50:22 52:6
they(43) 16:3 17:20 23:2 23:2 23:15 23:17 24:16 24:17 24:22 24:22 25:4 25:6 25:7 25:14 25:15 25:21 25:23 25:24 26:1 26:3 26:4 26:14 26:18 31:16 32:13 34:17 34:22 34:24 34:25 35:5 35:24 36:12 37:2 39:20 40:15 42:19 43:2 43:3 43:5 45:5 45:9 47:9 48:4 53:24
they're(7) 24:11 26:5 43:17 46:8 48:6 58:12 58:13
they've(2) 12:5 43:23
thing(6) 12:19 25:15 36:9 38:3 38:6 46:15
things(6) 19:8 33:12 37:14 37:20 50:11 57:13
think(52) 9:15 10:5 10:12 11:25 12:9 12:16 12:17 14:10 14:21 20:4 21:1 23:1 26:12 27:24 28:17 30:13 30:25 31:13 31:22 32:11 33:16 33:16 34:1 34:2 34:22 35:13 37:24 38:1 38:15 38:16 39:5 39:7 39:9 39:22 39:20 40:4 40:5 40:9 41:22 42:6 43:11 43:13 43:22 44:21 49:10 50:7 51:2 51:8 51:12 52:2 55:9 57:17

those(36) 11:7 12:7 14:17 14:20 15:13 15:19 16:22 17:19 17:19 19:19 20:22 22:8 27:2 28:14 30:20 33:7 36:13 37:2 37:3 38:13 39:20 40:9 40:17 44:1 44:2 44:12 44:24 46:2 46:12 46:25 47:10 48:1 49:17 53:12 55:16
though(5) 31:14 33:20 35:14 37:20 38:24
thought(7) 10:13 21:25 25:18 28:21 48:25 49:23 50:12
threat(1) 41:24
three(4) 9:12 21:21 22:4 41:16
thrilling(1) 44:18
through(9) 11:4 11:8 14:5 14:11 16:6 17:25 25:19 47:21 49:4
throughout(1) 9:15
thus(2) 39:12 47:4
tie(1) 28:24
time(18) 12:9 17:14 19:22 21:3 22:3 24:18 24:21 24:23 25:2 25:4 26:7 38:19 38:25 45:15 47:25 48:3 51:3 54:7
timeframe(1) 47:11
timeline(1) 31:23
timelines(1) 47:24
timely(3) 32:6 32:21 34:16
times(1) 16:8
title(1) 35:14
today(7) 13:10 15:20 23:20 28:20 28:22 58:16 58:23
told(2) 10:5 19:13
tolling(2) 22:21 22:25
tom(1) 30:5
too(6) 10:21 15:1 20:6 24:16 42:23 44:9
topic(3) 25:9 44:18 53:15
torres(1) 8:1
total(1) 32:23
totally(2) 52:9 53:16
touch(1) 52:16
touches(1) 20:4
touched(4) 39:13 40:2 44:25 45:1
traded(1) 10:4
transactions(1) 35:20
transcript(3) 1:17 1:49 59:6
transcription(2) 1:41 1:49
transcripts(1) 47:21
transfer(1) 21:21
transfers(1) 35:5
treatment(1) 35:10
trehan(1) 7:3
trial(1) 57:20
tribune(4) 1:7 6:1 6:15 34:24
tried(2) 25:17 52:15
trigger(1) 35:1
triggers(1) 19:25
troubles(1) 20:12
true(2) 18:22 19:22
truly(1) 23:5
trust(3) 7:26 8:1 8:31
truth(7) 45:6 45:10 45:21 46:3 46:4 47:4 47:9
try(3) 28:4 28:5 50:9
turn(4) 15:22 24:14 25:9 47:15
turning(1) 21:17
turns(2) 40:13 50:1
two(11) 13:18 15:19 27:14 27:17 27:17 36:12 49:13 51:3 54:1 56:7 56:12
two-year(1) 28:13
ultimately(6) 15:8 15:17 15:25 20:25 24:2 42:6
unadjudicated(1) 33:24
uncertain(2) 15:7 15:8

under(7) 9:8 11:16 28:19 32:4 33:17 36:25 55:2
underlie(1) 19:10
understand(6) 33:19 35:25 38:9 42:23 53:16 57:16
understanding(1) 15:1
understanding(3) 12:13 31:22 55:3
undertaken(1) 28:6
undisputed(1) 31:2
unfair(6) 23:7 23:23 52:12 52:23 53:8 53:22
unfortunately(1) 15:1
united(2) 1:1 1:19
universe(6) 33:22 32:25 33:3 33:15 33:24 50:8
unless(2) 45:7 47:14
unlikely(3) 21:23 21:23 21:24
unliquidated(3) 9:21 36:11 36:14
unnecessary(2) 24:25 25:16
unprecedented(1) 24:10
unsecured(4) 3:14 5:19 13:16 37:8
until(11) 12:12 15:23 17:17 19:21 20:9 21:25 35:18 42:19 49:18 54:5 57:20
untimely(1) 39:11
upon(4) 22:9 43:17 45:23 56:21
urged(1) 22:19
use(2) 45:8 56:15
used(2) 48:6 58:10
vague(1) 56:20
vail(1) 7:35
valid(1) 20:21
valuable(1) 14:16
value(1) 20:21
various(1) 54:24
verbally(1) 22:24
very(17) 10:20 13:1 20:14 20:20 30:17 32:24 32:24 36:23 37:15 37:22 37:25 41:21 41:24 48:10 49:13 56:3 58:25
vice(1) 29:23
view(4) 22:1 28:22 31:13 56:4
viewed(1) 38:7
views(4) 13:20 19:14 44:23 46:16
vindicate(1) 23:6
violations(2) 9:25 10:1
volume(1) 46:7
vonnegut(1) 2:22
wacker(1) 4:25
waiting(2) 17:16 44:9
want(6) 25:7 25:24 28:20 30:20 48:5 49:1
wanted(3) 9:7 10:2 45:9
wants(6) 19:7 19:15 19:15 23:24 45:21
wardwell(2) 2:20 6:39
warrant(1) 22:5
was(34) 10:5 10:5 10:8 10:9 11:13 11:14 13:7 14:22 15:2 15:7 18:18 21:2 22:1 26:21 28:10 28:12 29:11 32:8 32:16 33:16 33:17 35:16 35:16 40:7 40:8 40:11 40:12 43:15 44:2 49:1 53:10 54:19 56:20 59:2
washington(1) 3:30
wasn't(2) 21:24 21:25
way(18) 10:10 13:21 18:19 18:19 23:23 24:25 28:23 36:18 39:21 39:22 42:25 43:11 43:22 44:3 45:1 45:16 52:8 58:16
we'd(8) 26:10 36:12 38:20 48:16 49:7 52:16 52:18 53:23
we'll(16) 19:5 32:17 34:19 48:9 50:2 58:20
we're(16) 13:18 17:10 19:13 22:2 22:19 24:1 31:10 31:21 32:3 32:24 33:2 33:4 33:14 42:10 48:13 51:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|

**we've**(11) 10:12 12:4 22:17 30:23 30:24 34:2 46:14 46:15 51:21 52:15 52:16

**wealth**(1) 24:20
**weight**(1) 56:19
**weiss**(1) 5:42
**weitman**(1) 6:16
**well**(33) 12:19 13:4 14:3 14:3 15:1 19:4 19:12 19:13 19:20 19:24 20:14 20:17 23:10 25:35 28:17 30:13 30:23 31:3 31:8 33:12 35:7 35:15 36:11 38:3 38:10 39:14 42:1 42:11 43:16 48:17 49:9 49:21 57:10 57:24

**wells**(1) 7:43
**went**(1) 22:20
**were**(28) 14:15 14:17 18:12 20:11 20:21 20:22 20:24 21:25 22:24 23:13 25:5 25:14 27:24 31:15 33:18 35:20 38:18 43:16 44:19 44:24 45:1 45:15 48:22 49:6 50:20 52:11 55:1 57:18

**weren't**(1) 44:9
**west**(3) 2:8 4:25 4:39
**wharton**(1) 5:42
**what**(21) 14:4 14:6 16:20 16:21 19:14 20:12 26:20 30:9 30:15 31:6 32:3 33:23 35:25 38:11 39:24 45:11 45:13 45:15 48:20 52:15 57:20

**what's**(4) 31:4 33:21 34:15 36:20
**whatever**(8) 17:19 30:21 32:6 48:8 49:2 53:19 58:19 58:20

**when**(18) 16:18 18:5 19:2 19:5 19:22 20:14 23:23 25:23 28:11 34:19 34:23 37:2 38:13 38:15 39:9 42:11 43:17 49:5

**when's**(1) 48:17
**where**(10) 17:6 32:5 37:12 41:23 44:20 45:14 46:2 46:7 47:13 57:7

**whereupon**(1) 59:2
**wherever**(1) 13:13
**whether**(14) 15:16 23:12 23:20 24:4 24:11 25:24 26:3 32:16 39:23 40:13 46:4 48:7 50:20 55:16

**which**(30) 9:14 9:23 14:25 15:8 15:17 15:25 17:13 19:6 21:22 22:6 22:21 23:23 24:9 25:23 28:7 31:1 31:19 31:23 36:14 37:24 38:15 40:11 40:12 42:17 42:21 43:21 46:9 48:4 52:20 55:1

**while**(6) 14:24 22:18 28:1 39:22 44:1
**white**(1) 7:43
**who**(11) 16:18 16:22 22:13 27:15 28:8 28:11 30:6 35:13 44:2 47:2 47:7
**who's**(4) 13:21 15:24 23:20 47:5
**who've**(1) 39:15
**whoever**(2) 15:10 16:2
**whole**(3) 24:3 25:4 30:17
**whose**(1) 47:2
**why**(9) 18:22 19:11 23:1 32:8 36:24 42:18 52:22 52:24 57:17

**wildman**(2) 4:22 30:4
**will**(50) 12:9 12:11 12:14 12:22 14:13 15:8 16:1 16:2 16:18 16:20 16:20 16:21 16:22 17:6 17:7 17:8 17:11 17:19 17:20 18:25 19:18 24:14 24:19 25:9 26:3 26:4 26:19 28:1 28:3 28:8 30:6 34:14 34:15 34:17 34:18 38:24 42:9 42:21 43:11 43:24 46:6 47:9 48:8 49:10 50:8 51:18 53:6 53:19 58:13 59:1

**willing**(1) 10:6

**wilmington**(17) 1:11 1:36 2:9 2:17 2:31 2:37 3:4 3:11 3:17 3:42 4:5 4:19 4:34 4:41 8:31 9:1 53:6

**wilson**(1) 7:11
**winfree**(1) 3:40
**wireless**(1) 32:20
**wish**(7) 27:9 38:22 40:21 40:22 41:19 53:13 57:22

**wishes**(2) 57:3 58:3
**with**(86) 10:14 11:10 12:10 12:10 13:18 13:20 13:23 14:8 14:14 14:15 14:22 15:20 16:15 17:13 17:23 18:9 18:13 18:20 19:6 19:18 20:15 22:7 22:20 22:25 23:8 24:16 24:22 25:3 25:6 25:8 25:15 26:1 26:2 26:5 26:12 27:4 27:5 27:5 27:13 27:14 28:7 28:18 28:24 29:8 29:12 29:20 30:6 30:17 31:16 32:8 32:19 33:15 34:3 34:21 35:25 36:7 38:16 39:3 39:17 41:6 41:23 43:12 43:17 44:13 44:17 44:23 45:2 45:3 47:5 47:6 49:1 51:10 51:15 51:18 52:16 53:21 54:22 56:8 56:11 56:14 56:15 56:22 57:2 57:3 57:6 57:17

**withdraw**(6) 23:15 23:17 25:24 26:4 26:4 26:19

**within**(9) 17:8 22:1 32:16 35:6 46:20 46:21 46:24 47:3 48:15

**without**(3) 32:23 36:25 55:15
**witness**(3) 52:7 52:25 56:20
**womble**(1) 2:34
**won't**(1) 58:16
**work**(4) 23:8 26:19 26:20 37:12
**workable**(1) 50:5
**works**(1) 20:1
**world**(1) 42:9
**would**(87) 9:12 9:14 9:19 9:22 10:11 10:20 12:3 13:19 15:10 15:17 17:7 18:6 18:16 18:17 20:22 22:18 22:21 24:10 24:12 25:1 25:15 25:15 26:6 26:6 26:23 27:2 28:14 29:22 32:9 33:20 35:1 36:10 36:13 36:16 36:18 37:24 39:16 45:5 45:1 46:22 47:1 47:10 47:23 48:10 48:14 49:8 49:15 49:21 49:24 50:3 50:7 50:7 50:14 50:15 50:15 50:22 51:4 51:5 51:9 52:1 51:22 52:12 52:18 52:20 52:23 53:1 53:8 53:25 54:1 54:3 54:4 55:4 55:6 55:13 55:13 55:21 56:18 56:24 57:1 57:5 57:15

**wouldn't**(3) 10:10 20:5 36:15
**writing**(1) 22:23
**written**(1) 49:18
**wrong**(2) 17:20 43:18
**www.diazdata.com**(1) 1:45
**yeah**(2) 38:12 51:6
**year**(4) 31:15 31:25 34:7 35:6
**years**(1) 25:11
**yes**(7) 10:16 29:10 38:10 38:17 43:25 51:17 54:13

**yet**(11) 10:12 19:20 23:10 29:21 33:6 45:23 46:11 47:14 49:12 49:18 52:3

**york**(4) 2:24 3:23 3:36 4:12

**you**(93) 10:2 10:24 11:2 11:19 12:16 12:23 12:23 17:24 18:1 18:23 18:24 18:25 19:4 19:5 19:9 19:11 20:4 20:17 20:17 21:6 21:7 21:16 22:25 23:1 27:8 27:9 28:16 28:17 29:3 29:4 29:7 29:13 29:15 30:1 30:2 30:3 30:15 31:6 31:6 31:23 31:24 31:25 34:5 35:10 35:13 36:24 37:4 37:5 37:12 38:3 38:6 38:8 38:17 39:9 39:22 40:3 40:20 40:21 41:12 41:17 41:18 41:19 41:20 42:14 43:1 43:9 43:16 44:8 44:8 48:22 49:1 49:10 49:24 49:25 49:25 50:15 50:20 50:21 51:2 51:6 51:9 51:11 51:14 53:13 54:6 54:18 54:21 55:8 55:23 55:24 56:12 57:15 58:25

**you'd**(1) 13:10
**you'll**(1) 11:25
**you're**(4) 38:15 39:4 39:24 50:10
**you've**(1) 49:21
**young**(16) 2:4 4:24 29:20 29:23 30:2 30:4 30:15 31:8 32:11 35:15 39:6 40:12 40:21 41:20 43:25 44:7

**young's**(1) 29:22
**your**(140) 9:3 9:4 9:6 9:7 9:14 10:17 11:1 11:6 11:11 11:18 11:25 12:17 12:23 13:7 13:14 13:15 13:18 13:24 14:6 15:19 16:13 16:24 17:3 17:15 17:24 18:9 18:15 18:25 19:12 19:24 20:2 20:7 20:12 20:19 21:1 21:4 21:7 21:10 21:16 21:16 23:2 23:9 23:10 23:14 25:10 27:8 27:13 29:2 29:6 29:9 29:15 29:18 30:2 30:3 30:8 30:15 31:3 31:4 31:6 31:9 32:3 32:19 33:13 33:22 34:4 34:21 35:7 35:15 35:22 36:7 36:20 36:24 36:25 37:6 37:24 38:10 38:14 38:17 38:18 39:4 39:5 39:25 40:9 40:17 40:23 41:11 41:15 41:16 41:20 42:6 43:25 44:11 44:14 45:2 45:12 45:18 46:6 46:13 46:15 46:21 47:1 47:5 47:12 47:18 48:2 48:12 48:19 48:20 49:2 49:11 49:14 49:15 50:3 50:17 50:18 51:10 51:14 51:15 51:19 51:25 52:2 52:5 52:17 52:18 53:4 53:9 53:16 53:17 53:23 54:3 54:9 54:12 54:19 54:22 55:9 55:22 55:24 56:4 56:17 57:16

**zabel**(1) 7:30
**zeal**(1) 43:17
**zell**(20) 2:40 16:6 16:6 16:12 16:25 17:11 17:16 17:21 17:23 17:25 18:11 18:14 21:9 21:18 21:22 22:5 24:24 27:3 28:11 43:17

**zell's**(5) 16:16 18:4 27:20 28:20 28:25
**zensky**(12) 6:31 54:12 54:14 54:14 54:18 54:20 54:21 55:11 55:23 55:24 55:25 57:16

**zloto**(1) 6:26
**zuckerman**(5) 3:26 5:33 13:15 25:13 44:15