IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**CERTIFICATION OF COUNSEL REGARDING ORDER APPOINTING MEDIATOR FOR MEDIATION OF CERTAIN ERISA-RELATED CLAIMS**

The undersigned, counsel to the above-captioned debtors and debtors in possession (the "Debtors"), hereby certifies as follows:

1. Certain of the Debtors and certain of their current and former directors and officers are the subject of claims and causes of action arising from alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

("ERISA") as a result of alleged breaches of fiduciary duties that occurred in connection with the Tribune Employee Stock Ownership Plan prior to the commencement of the Debtors' chapter 11 cases. Among these claims and causes of action are the following:

a. the civil action styled Dan Neil and Eric Bailey, individuals on behalf of themselves and on behalf of all others similarly situated v. Samuel Zell, GreatBanc Trust Company, EGI-TRB, LLC et al., Case No. 08-cv-06833 (RJP) (filed Sept. 16, 2008) (the "Neil Action"), and any indemnification claims of GreatBanc Trust Company ("GreatBanc") arising therefrom;[2]

b. the 71 proofs of claim filed by the United States Department of Labor ("DOL") in unliquidated amounts against Tribune Company and seventy of its subsidiaries; and

c. the proof of claim filed by the United States Department of the Treasury ("IRS") against Tribune Company, asserting, in part, a claim for tax penalties arising from or related to alleged ERISA violations

(collectively, the "ERISA-Related Claims").

2. The Debtors, the named plaintiffs in the Neil Action, on behalf of themselves and the class (collectively, the "Neil Plaintiffs"), the DOL, and GreatBanc, desire to enter into non-binding mediation to negotiate a global resolution of the ERISA-Related Claims and related matters and to also include the Debtors' primary and excess fiduciary liability insurance providers (the "Insurance Providers")[3] in such mediation. The IRS has agreed to participate in the mediation.

3. The Debtors seek to utilize the services of the Honorable Kevin Gross, United States Bankruptcy Judge, as Mediator, to the extent Judge Gross consents to serve as Mediator upon appointment by this Court, and the Debtors have been informed that Judge Gross is acceptable as Mediator to the other parties whom have agreed to participate in the mediation.

---

[2] Although originally named as a defendant in the Neil Action, Tribune Company was not named as a defendant in the Neil Plaintiffs' Third Amended Complaint.

[3] The Insurance Providers are comprised of Illinois National Insurance Company, a member of Chartis, as primary fiduciary liability insurance provider, and Federal Insurance Company (Chubb), AXIS Insurance Company, U.S. Specialty Insurance Company, and St. Paul Mercury Insurance Company (Travelers) as excess providers.

4. Attached hereto as Exhibit A is a proposed order appointing a mediator (the "Mediation Order") concerning the ERISA-Related Claims which has been previously circulated to counsel to the Neil Plaintiffs, the DOL, the IRS, and GreatBanc without objection. The Debtors respectfully request the Court enter the Mediation Order.

Dated: April 28, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
James W. Ducayet
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION