# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 23, 2011 at 4:00 p.m. |

**EIGHTH MONTHLY FEE APPLICATION OF**
**LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT**
**OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION**
**MATTERS FOR THE PERIOD OF MARCH 1, 2011 THROUGH MARCH 31, 2011**

| | |
|---|---|
| Name of Applicant: | **Levine Sullivan Koch & Schulz, L.L.P.** |
| Authorized to Provide Professional Services to: | **Debtors** |
| Date of Retention: | **September 1, 2010[2]** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Period for Which Compensation
and Reimbursement is Sought:                    **March 1, 2011 through**
                                                **March 31, 2011**

Amount of compensation sought as actual,        **$28,352.50**
reasonable and necessary:

Amount of Expense Reimbursement sought as       **$687.90**
actual, reasonable and necessary:

This is a(n):    __X__ monthly        _____ interim        _____ final application

Requested Payment Amount:

Fees at 80%                              **$22,682.00**

Expenses at 100%                         **$687.90**

Prior Applications[3]:

| Application | Date Filed | Period Covered | Requested Fees (80%) / Expenses (100%) | Authorized Fees (80%) / Expenses (100%) |
|---|---|---|---|---|
| 1st | 11/9/10 | 9/1/10- 9/30/10 | $120,289.60/$1,080.91 | $120,289.60/$1,080.91 |
| 2nd | 11/24/10 | 10/1/10-10/31/10 | $152,858.00/$20,287.95 | $152,858.00/$20,287.95 |
| 3rd[4] | 12/3/10 | 8/1/10- 8/31/10 | $62,643.20/$495.01 | $62,643.20/$495.01 |

---

[2] Levine Sullivan Koch & Schulz L.L.P. was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (Docket No. 227) (the "OCP Order").

[3] The OCP representation of Debtors by the Levine firm caused the firm's fees to exceed slightly the average Monthly Cap of $50,000 for January-February 2010. The firm submitted an application for payment of the overage, which the Court approved. See Application of Levine Sullivan Koch & Schulz, L.L.P. For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 [Docket No. 4872] and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, L.L.P. for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 [Docket No. 5313].

[4] Although Levine Sullivan Koch & Schulz, L.L.P. was retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors before the firm's designation as Special Counsel. Accordingly, on December 3, 2010, Levine submitted this monthly fee application for expenses and time billed in the month of August that are now subject to the Court's Special Counsel Order. [Doc. No. 6714].

2

| 4th | 1/7/11 | 11/1/10-11/30/10 | $128,819.20/$41,778.37 | $128,819.20/$41,778.37 |
| 5th | 1/31/11 | 12/1/10-12/31/10 | $5,944.80/$12,239.07 | $5,944.80/$12,239.07 |
| 6th | 3/3/11 | 1/1/11-1/31/11 | $15,609.00/ No expenses | $15,609.00/ No expenses |
| 7th | 4/6/11 | 2/1/11-2/28/11 | $36,143.00/$489.30 | $36,143.00/$489.30 |

## SUMMARY OF PROFESSIONAL FEES FROM
## MARCH 1, 2011 THROUGH MARCH 31, 2011

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Seth D. Berlin | Partner First Amendment Litigation Admitted 1991 | $445.00 | .70 | $311.50 |
| Jay Ward Brown | Partner First Amendment Litigation Admitted 1992 | $445.00 | .10 | $44.50 |
| Robert Penchina | Partner First Amendment Litigation Admitted 1989 | $445.00 | 39.10 | $17,399.50 |
| Nathan E. Siegel | Partner First Amendment Litigation Admitted 1992 | $445.00 | N/A Expenses only | N/A Expenses only |
| Gayle C. Sproul | Partner First Amendment Litigation Admitted 1983 | $445.00 | 11.80 | $5,251.00 |
| Cameron A. Stracher | Of Counsel First Amendment Litigation Admitted 1987 | $420.00 | 1.20 | $504.00 |
| Michael Beylkin | Associate First Amendment Litigation Admitted 2008 | $290.00 | 1.80 | $522.00 |

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Shaina D. Jones | Associate First Amendment Litigation Admitted 2009 | $290.00 | 3.60 | $1,044.00 |
| Matthew E. Kelley | Law Clerk First Amendment Litigation N/A | $195.00 | 4.80 | $936.00 |
| Scott Bailey | Paralegal First Amendment Litigation N/A | $195.00 | 10.30 | $2,008.50 |
| Jennifer Pinkerton-Burke | Paralegal First Amendment Litigation N/A | $195.00 | 1.70 | $331.50 |
| **TOTALS** | | | **75.10** | **$28,352.50** |
| **BLENDED RATE** | | | **$377.53** | |

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## MARCH 1, 2011 THROUGH MARCH 31, 2011

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Tribune-General | .30 | $133.50 |
| Baltimore Sun- General Newsroom | Expenses Only | Expenses Only |
| Hartford Courant- Journal Publ. v. | 58.20 | $21,490.00 |
| Tribune Bankruptcy- Examiner's Report | 11.80 | $5,251.00 |
| Tribune-Fee Application | 4.80 | $1,478.00 |
| **TOTALS** | | **$28,352.50** |

## EXPENSE SUMMARY FOR THE PERIOD
## MARCH 1, 2011 THROUGH MARCH 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Travel | Nathan Siegel to Annapolis, MD | $45.90 |
| Court Transcript Copies | | $27.00 |
| Copyright Registration Fee | Library of Congress | $615.00 |
| **TOTALS** | | **$687.90** |

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[5] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date: May 23, 2011 at 4:00 p.m. ET**<br>**Hearing Date:** *Only if Objections are filed* |

## EIGHTH MONTHLY FEE APPLICATION OF
## LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS FOR THE PERIOD OF MARCH 1, 2011 THROUGH MARCH 31, 2011

Levine Sullivan Koch & Schulz, L.L.P. ("Levine"), as special counsel for the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), respectfully submits this application (the "Application") to this Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"),

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule

2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as

amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for

Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee

Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of

$28,352.50, subject to a twenty percent (20%) holdback, and reimbursement of expenses in the

amount of $687.90.  In support of the Application, Levine respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[6] filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In

all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

---

[6] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

4. On October 21, 2010, this Court entered an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§§ 327(e) 1107, *nunc pro tunc* to September 1, 2010 (the "Retention Order") [Docket No. 6062].

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## RELIEF REQUESTED

6. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Levine seeks interim approval of compensation for professional services rendered, in the amount of $28,352.50, subject to a twenty percent (20%) holdback, for services rendered as special litigation counsel to the Debtors and Debtors in Possession during the period of March 1, 2011 through March 28, 2011 (the "Application Period"), and reimbursement of expenses in the amount of $687.90. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees requested herein are attached hereto.

## ALLOWANCE OF COMPENSATION

7. Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Levine with respect to these matters from March 1, 2011 through March 31, 2011.

8. The following is a summary of the activities performed by Levine attorneys, and staff during the Application period, organized by project category:

A.          **Tribune-General  (00499.008/ Invoice No. 327)**

      Fees: $133.50          Total Hours: .30

      9.        During the Application period, a Levine attorney expended time

investigating a trademark issue and communicating with the client regarding the same.

B.          **Baltimore Sun- General (00499.050/Invoice No. 362)**

      Expenses: $45.90          Fees: N/A

      10.        During the Application period, expenses were accrued for a Levine

attorney who had traveled to Annapolis, Maryland to attend a State Rules Committee meeting.

C.          **Hartford Courant- Journal Publ. v. (00499.077/Invoice No. 311)**

      Fees: $21,490.00          Total Hours: 58.20

      11.        During the Application period, Levine attorneys expended time reviewing

case materials; conducting research relating to a motion to dismiss; drafting and revising a

motion to dismiss and a brief in support of the motion; assembling documents relating to the

motion to dismiss; communicating with the client regarding the case status; reviewing motion

papers for legal validity and accuracy; preparing for a court conference; retrieving copyright

registration certificates from the U.S. Copyright Office; drafting a client memorandum and

communicating with the client regarding the same.

D.          **Tribune Bankruptcy-Examiner's Report (00499.079/ Invoice No. 289)**

      Fees: $5,251.00          Total Hours: 11.80

      12.        During the Application Period, a Levine attorney expended time revising

objections to a motion to seal; exchanging email and telephone conferences with local counsel;

attending and participating in a hearing regarding the motion to seal; and appearing and

presenting argument at a hearing.

**E.**        **Tribune-Fee Application (00499.080/ Invoice No. 244)**

Fees: $1,478.00                    Total Hours: 4.80

13.    During the Application Period, Levine attorneys expended time reviewing and revising Levine's Sixth and Seventh Monthly Fee Applications for Allowance and Payment of Compensation; reviewing invoices to comply with local court rules and for confidential information; and corresponding with the client regarding the same.

## REIMBURSEMENT OF EXPENSES

14.    Included as part of Exhibit A is a description of the costs actually expended by Levine in the performance of services rendered as special counsel to the Debtors. The costs for which reimbursement is requested total $687.90.  These costs include travel, court copies, and a Copyright Office registration fee.  By this Application, Levine does not seek expenses for internal copying or facsimile transmissions.

## BASIS FOR RELIEF REQUESTED

15.    Levine serves the Debtors as special litigation counsel.  Levine customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Levine represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.  Since Levine's appointment as special counsel, the firm has represented the Debtors with respect to various Litigation Matters that have arisen subsequent to the Petition Date as well as in preexisting Litigation Matters involving employees of the Debtors in connection with acts undertaken within the scope of their employment that are not subject to the automatic stay.

16.    The rates charged by Levine to Tribune reflect a discount off of the firm's standard hourly rates of approximately twenty percent.  Levine does not typically charge clients for internal conferences between lawyers.  In addition, Levine does not separately charge its clients for in-house photocopying, telephone expenses, routine delivery expenses, postage, sending or receiving facsimiles and/or most on-line computerized legal research.

17.    Levine has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases.  There is no agreement between Levine and any other party for the sharing of compensation to be received for the services rendered by Levine to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

18.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NO PRIOR REQUEST

19.    No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, Levine respectfully requests that the Court enter an Order: (i) granting the Application and authorizing the allowance of compensation in the amount of $28,352.50 subject to a twenty percent (20%) holdback for professional services rendered and reimbursement of actual and necessary expenses in the amount of $687.90; and (ii) granting such further relief as this Court deems just and proper.

Dated: May 2, 2011

Respectfully submitted,

Seth D. Berlin
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W.
Suite 800
Washington, D.C.  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888

11