IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket No. 8789 |

## ORDER APPOINTING MEDIATOR FOR MEDIATION OF CERTAIN ERISA-RELATED CLAIMS

Upon consideration of the Certification of Counsel Regarding Order Appointing Mediator For Mediation of Certain ERISA-Related Claims, and the Court having determined that mediation of the matters that are the subject of this Order between the parties is in the best interests of the debtors and debtors in possession in the above-captioned chapter 11 cases (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5873743v.8

"Debtors"), their estates, creditors and stakeholders; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1. Effective immediately upon entry of this Order, the Honorable Kevin Gross is hereby appointed as Mediator in these cases to conduct a non-binding mediation concerning the ERISA-Related Claims (as defined below) and related matters (the "Mediation").

2. Unless otherwise ordered by the Court after notice to the Mediation Parties (as defined below) or as agreed by the Mediation Parties (as defined below), the parties to the Mediation are: (a) the Debtors; (b) the named plaintiffs in the Neil Action (as defined below), on behalf of themselves and the class (collectively, the "Neil Plaintiffs"); (c) the United States Department of Labor ("DOL"); (d) the United States Department of the Treasury ("IRS"); (e) GreatBanc Trust Company ("GreatBanc"); (f) the Debtors' primary and excess fiduciary liability insurance providers (the "Insurance Providers");[2] and (g) such other parties as nominated by the Debtors, in all cases subject to the agreement of such parties listed in (a) through (g) to participate in the Mediation (collectively, the "Mediation Parties").

3. The Mediator is appointed to mediate disputes between and among the Mediation Parties concerning the claims against certain of the Debtors and related matters arising from the matters at issue in (i) the civil action styled Dan Neil and Eric Bailey, individuals on behalf of themselves and on behalf of all others similarly situated v. Samuel Zell, GreatBanc Trust Company, EGI-TRB, LLC et al., Case No. 08-cv-06833 (RJP) (filed Sept. 16, 2008) (as amended, the "Neil Action"), including any indemnification claims of GreatBanc related thereto; (ii) the 71 proofs of claim filed by the DOL in unliquidated amounts against Tribune Company

---

[2] The Insurance Providers are comprised of Illinois National Insurance Company, a member of Chartis, as primary fiduciary liability insurance provider, and Federal Insurance Company (Chubb), AXIS Insurance Company, U.S. Specialty Insurance Company, and St. Paul Mercury Insurance Company (Travelers) as excess providers.

and seventy of its subsidiaries; and (iii) proof of claim no. 6254 filed by the IRS against Tribune Company, asserting, in part, a claim for tax penalties arising from or related to alleged ERISA violations (collectively, the "ERISA-Related Claims").

4. The Mediation shall be conducted in accordance with Local Bankruptcy Rule 9019-5, except (i) Local Bankruptcy Rule 9019-5(c)(iii)(A)(2) shall not apply to the IRS and the DOL, and (ii) as otherwise set forth in paragraph 5 herein.

5. Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the Mediation as he sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order. Notwithstanding the preceding sentence, for purposes of the Mediation, the IRS will not be required to make available, by phone or otherwise, an official with final settlement authority nor any official other than its counsel of record in this case, nor will the IRS' counsel of record be required to submit an offer for consideration by an official with final settlement authority without first obtaining the recommendations required under the Department of Justice's ordinary settlement procedures. Without limitation, notwithstanding Rule 9019-5(c), the mediation session may commence on or after May 4, 2011, and the Mediator may modify the time periods in Rule 9019-5(c) as the Mediator deems appropriate.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2011

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge