# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. No. ___ |

## ORDER ESTABLISHING PROCEDURES RELATED TO THE POST-CONFIRMATION HEARING ADMISSION OF EVIDENCE AND RESOLUTION OF EVIDENTIARY OBJECTIONS

The Court establishes the following procedures related to the post-Confirmation Hearing admission of documents and deposition testimony into evidence, and the resolution of objections to certain of such documents and deposition testimony, by the DCL Plan Proponents and the Noteholder Plan Proponents (each a "Plan Proponent" and together, the "Plan Proponents").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

IT IS HEREBY ORDERED as follows:

1. By May 6, 2011 at 5:00 p.m., the Plan Proponents shall serve revised Exhibit Lists which remove (a) expert reports and/or expert rebuttal reports of witnesses who did not testify at trial, and (b) any other document(s) the Plan Proponents no longer wish to admit into evidence. The documents on such revised Exhibit Lists shall be referred to herein as the "Exhibit List Documents."

2. A Statement (as that term is defined in Rule 801(a) of the Federal Rules of Evidence) by (i) a Plan Proponent, (ii) counsel to a Plan Proponent concerning a matter within the scope of its representation of the Plan Proponent or (iii) one of the following professionals retained by a Plan Proponent in connection with these bankruptcy cases concerning a matter within the scope of its retention by the Plan Proponent: Alix Partners LLP, Moelis & Co., Lazard LLC, FTI Consulting, Inc. and The Blackstone Group LP (collectively, the "Retained Bankruptcy Professionals"), that is contained within or comprises the entirety of an Exhibit List Document as to which a hearsay objection was made is (if offered as such) presumed to be admissible for all purposes as a Rule 801(d)(2) admission against the Plan Proponent who made the Statement (or against the Plan Proponent whose counsel or Retained Bankruptcy Professional made the statement), except that a limited number of such Statements which a Plan Proponent objects, pursuant to Paragraph 4 below, to being treated as admissions, will not be treated as admissions unless the Court so rules. Nothing in this paragraph is intended to affect the admissibility or use of, relevance, or weight to be given any such Statement as to parties other than the Plan Proponent who made the Statement or whose counsel or Retained Bankruptcy Professional made the Statement.

3. All Exhibit List Documents (and Statements contained therein), including (i) Exhibit List Documents that were produced by parties other than Plan Proponents as to which a hearsay objection has been made and (ii) Exhibit List Documents containing Statements admissible against a Plan Proponent pursuant to Paragraph 2, shall be presumed to be admissible for all purposes (including to show that Statements were made) other than for the truth of Statements contained therein. Each Plan Proponent reserves the right, however, to argue that Exhibit List Documents that are not encompassed by Paragraph 2 are (i) admissible as Rule 801(d)(2) admissions of a Plan Proponent, (ii) otherwise admissible for all purposes or (iii) not admissible for any purpose.

4. The Plan Proponents shall, by May 6, 2011 at 5:00 p.m., exchange lists of (a) those Statements within the scope of Paragraph 2 that they object to being treated as admissions against them; and (b) those Exhibit List Documents within the scope of Paragraph 3 that they contend are (i) admissible as Rule 801(d)(2) admissions of a Plan Proponent, (ii) otherwise admissible for all purposes or (iii) not admissible for any purpose. The admissibility of any Exhibit List Documents (and Statements contained therein) that are identified on such lists and remain disputed shall be determined by the Court either: (x) in the manner provided by Paragraph 7 below, or (y) if a Plan Proponent wishes to have such admissibility determined earlier than June 13, 2011, in a manner to be discussed between the parties and the Court.

5. Each Plan Proponent that has designated or counter-designated testimony from depositions ("Designating Party") shall withdraw any designations or counter-designations made from depositions of persons who are uncalled experts (*i.e.*, Messrs. Prager/Goldin and Pratt) or who testified live at the confirmation hearing (*i.e.*, Messrs. Beron, Black, Chachas, Fischel, Gropper, Hartenstein, Kurtz, Mandava, Prak, Salganik, Singh, Tuliano Whittman and

Rosenstein, and Ms. Kulnis). Deposition transcripts of witnesses who testified at trial shall not be admitted into evidence and shall not be part of the record of the case, except only as to those excerpts testified to by such witnesses during the confirmation hearing.

6. All objections made by any of the Plan Proponents to the admissibility of testimony designated from the depositions of the remaining fact deponents ("Remaining Fact Deponents") (i.e., Messrs. Buettell, Rucker, Browning, Amsden, Shapiro, Kowalczuk, Kapadia, Petrik, Grimminck, Brodsky, Carlston, Smith, Liang, Liebentritt, Kenny, Bigelow, Sarnobat, Baiera, Kazan, Knapp, Lee, Yamaoka, Prieto, Bellack, Kirchner and Michaels, and Ms. Bluth, Wilderotter, Persily and Waltz) are preserved pending the filing and resolution of motions to strike such testimony.

7. On or before May 18, 2011, the Plan Proponents shall meet and confer as to any ongoing disputes presented by the lists circulated pursuant to Paragraph 4 above and/or the opening briefs served on May 11, 2011. On or before June 2, 2011, the Plan Proponents shall meet and confer as to any ongoing disputes presented by the lists circulated pursuant to Paragraph 4 above and/or the reply briefs served on May 27, 2011. The Plan Proponents may only object to the introduction/use of Exhibit List Documents or deposition designations to the extent prior objections were timely made and served prior to April 14, 2011 (and in the case of deposition designations, were made during the course of the deposition itself if required to be made at such time by applicable law), except with respect to those Exhibit List Documents identified by the Plan Proponents on March 7, 2011, March 14, 2011, and April 18, 2011, which previous objections have not addressed (DCL Exhibits 1484-1586 and 2000-08, and Noteholder Exhibits 2464-2522, if not ruled on by the Court), and as to which the Plan Proponents shall serve objections by no later than May 5, 2011 at 5:00 p.m. Plan Proponents may also object to

the use of Exhibit List Documents in the briefs that is inconsistent with the terms of this Stipulation or a prior ruling of the Court. Motions to strike testimony from the Remaining Fact Deponents and motions concerning the admissibility/use of Exhibit List Documents that are not resolved shall be filed by June 3, 2011 and any responses to such motions shall be filed by June 9, 2011. The Court shall hear such motions on June 13, 2011 at 2:00 p.m.

8. All testimony that has been designated or counter-designated from the depositions of the Remaining Fact Deponents and that is not the subject of a motion to strike shall be admitted into evidence and become part of the record in this case. All Exhibit List Documents not objected to, or objected to and overruled, shall be admitted into evidence and become part of the record in this case consistent with Paragraphs 2-4 above.

9. Nothing in this Order shall limit the right of any party to assert any argument in a brief or at oral argument about the weight, if any, that the Court should give to the Exhibit List Documents or deposition testimony for any reason (including but not limited to reasons such as the Exhibit List Documents or testimony are not material, lack foundation, are not based on personal knowledge or are speculative, or are otherwise inadmissible for the use attempted by the Plan Proponents in their brief(s)).

10. Nothing in this Order shall affect the exhibits that were admitted into evidence by the Court during the Confirmation Hearing, which exhibits shall remain as part of the record in this case, and shall be admissible for all purposes, except to the extent limited at the time of their admission.

11. This Order applies only to objections asserted by the Plan Proponents and does not have any effect on objections to documents or deposition testimony asserted by other parties.

6

12. This Order shall apply only to the Confirmation Hearing. To the extent there are further proceedings with regard to the LBO-Related Causes of Action, all parties' rights regarding the admissibility of any of the Exhibit List Documents or any testimony from any deposition are reserved.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2011

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge