*Proposed Order*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Ref. Docket No. _____** |

### ORDER PURSUANT TO SECTIONS 363(b), (f), (m) AND (n) OF THE BANKRUPTCY CODE AUTHORIZING HOMESTEAD PUBLISHING CO. TO SELL CERTAIN REAL PROPERTY LOCATED IN COLUMBIA, MARYLAND

Upon the Motion[2] of Debtor Homestead Publishing Co. ("Homestead") for entry of an order pursuant to section 363 of the Bankruptcy Code authorizing Homestead to sell the Columbia Property to the Purchaser free and clear of all liens, claims and encumbrances; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and

(c) notice of the Motion was due and proper under the circumstances; and it appearing that the

relief requested in the Motion is in the best interests of Homestead and the other Debtors, their

estates, creditors and other parties in interest; and after due deliberation, and good and sufficient

cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that pursuant to section 363 of the Bankruptcy Code, Homestead is

authorized to sell the Columbia Property to the Purchaser pursuant to the terms of the Sale

Agreement and otherwise to consummate the transactions described in the Sale Agreement, free

and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy

Code, with such liens, claims and encumbrances attaching to the proceeds of the sale in the order

of their priority, with the same validity, force and effect which they now have as against the

Columbia Property, subject to any claims and defenses Homestead may possess with respect

thereto; and it is further

ORDERED, that the sale of the Columbia Property by private sale to the

Purchaser is hereby authorized pursuant to Federal Rule of Bankruptcy Procedure 6004(f)(1) and

no other or further marketing process for the Columbia Property is required; and it is further

ORDERED, that the Sale Agreement is proposed in good faith and, accordingly,

the Purchaser is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code and

the sale of the property is not subject to avoidance pursuant to section 363(n) of the Bankruptcy

Code; and it is further

ORDERED that the 14-day stay under Bankruptcy Rule 6004(h) is hereby waived, and this Order shall become effective and enforceable immediately upon entry; and it is further

ORDERED, that Homestead is authorized to execute, deliver, perform under, and consummate the Sale Agreement and any other instruments or documents that may be reasonably necessary in order to consummate the sale of the Columbia Property to the Purchaser as set forth in the Sale Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       May _____, 2011

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

3