IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | **Hearing Date: May 25, 2011 at 1:00 p.m.** |
| | ) | **Objection Deadline: May 18, 2011 at 4:00 p.m.** |

**MOTION OF TIMOTHY P. KNIGHT FOR
LEAVE TO FILE UNTIMELY PROOF OF CLAIM**

Timothy P. Knight hereby moves this Court for leave to file a proof of claim proof of claim ("Proof of Claim") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, Mr. Knight states as follows:

**BACKGROUND**

1. Mr. Knight is a former president, chief executive officer, publisher, officer and director of Newsday, a subsidiary of Tribune (as defined in the attached Declaration) ("Employer"), one of the above-captioned debtors ("Debtors"). Mr. Knight is a defendant in the adversary proceedings *Official Committee of Unsecured Creditors of Tribune Co. v. Timothy Knight,* Adv. Proc. No. 10-55957 (KJC) and *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons, et al*., Adv. Proc. No. 10-54010 (KJC) (together, the "Lawsuits").

2. By his Proof of Claim, Mr. Knight will seek advancement, reimbursement, indemnification and contribution from Employer for, *inter alia*, any costs or other liability that may be incurred in defending the Lawsuits.

3. In an Order dated March 25, 2009, the Court set June 12, 2009 as the deadline for filing proofs of claim ("Bar Date"). The Lawsuits were filed against Mr. Knight on November 1, 2010 and December 7, 2010.

4. As Mr. Knight attests in his Declaration, attached hereto as Exhibit A, he did not

file the Proof of Claim prior to the Bar Date because he did not believe that he had any indemnification claim against any Debtor and did not anticipate that he would be sued based on his service as an officer of the Employer. He believed that the Company's indemnification obligation remained in force despite the Company's filing for bankruptcy. See Ex. A, ¶¶ 9-10.

**RELIEF REQUESTED**

5. Mr. Knight respectfully requests that the Court grant Mr. Knight's leave to file the Proof of Claim, as the Court recently did with respect to other similarly-situated former directors and officers. See D.I. 8747-8750.

6. Rule 3033(c)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") states that the court "for cause shown may extend the time within which proofs of claim or interest may be filed." Further, Bankruptcy Rule 9006(b)(1) provides that when a motion is filed after the bar date has passed, then the claimant must demonstrate excusable neglect. In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, the United States Supreme Court held that the determination of whether neglect is excusable is an equitable determination which depends on examining all of the relevant circumstances. 507 U.S. 380 (1993). The *Pioneer* Court identified four elements to consider in assessing whether neglect is excusable: (i) danger of prejudice to the debtor; (ii) length of time that has passed and potential impact on the judicial proceedings; (iii) reason for delay, including whether it was outside the creditor's control; and (iv) whether the creditor has acted in good faith. *Id.* at 395; *see* also *Jones v. Chemetron Corp.*, 212 F. 3d 199, 203 (3d Cir. 2000).

7. All four of these factors weigh in favor of deeming Mr. Knight's Proof of Claim timely filed. The filing of his Proof of Claim will not prejudice the Debtors and will have no impact on the judicial proceedings. Also, the reason for the delay was outside Mr. Knight's

control, and Mr. Knight has acted in good faith in filing the Proof of Claim.

      A.      **<u>Danger of Prejudice to the Debtors</u>**

      8.      In determining whether there will be prejudice to the debtor, the courts have considered the following factors: (i) the size of the claim with respect to the rest of the estate; (ii) whether allowing the late claim would have an adverse impact on the judicial administration of the case; (iii) whether the plan was filed or confirmed with knowledge of the existence of the claim; (iv) the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan is based; and (v) whether allowing the claim would open the floodgates to other similar claims. *In re O'Brien Envd Energy,* 188 F.3d 166, 126 (3d Cir. 1999).

      9.      Here, there is no prejudice to the Debtors, or the unsecured creditors. First, Mr. Knight is merely seeking advancement, reimbursement, indemnification and contribution from the Debtors and Employer for, *inter alia,* any costs or liability that may be incurred in defending the Lawsuits. The Debtors have listed at least $44 billion in unsecured, non-priority claims. *See* Summaries of Schedules D.I. 4388. Given the relatively *de minimis* size of Mr. Knight's claim, allowing his claim as to be filed as timely would not adversely impact the judicial administration of these bankruptcies or disrupt the reorganization of any of the Debtors. Moreover, in all likelihood, allowing Mr. Knight's claim would not prejudice any unsecured creditor. The mere fact that a late claim would reduce the funds available to unsecured creditors does not, by itself, establish prejudice. *In re Cable & Wireless USA, Inc.,* 338 B.R. 609, 755 (Bankr. D. Del. 2006).

      10.      Second, there would be no impact on the judicial administration of this case as neither of the two competing plans of reorganization have been confirmed, and the prosecution of the Lawsuits has been stayed pending the plan confirmation process. Additionally, the claims administration process is ongoing and there have been no distributions on claims made in these

cases.

11. Third, although neither reorganization plan has been confirmed, both plans have been proposed with an understanding that the Debtors have indemnification obligations to the former officers and directors, as well as the current officers and directors.

12. Fourth, deeming the Proof of Claim timely would not have a disruptive effect on either of the economic models upon which the plans are based. All of the proponents of the plans knew that there were indemnification obligations to the former officers and directors.

13. Finally, deeming the Proof of Claim timely would not open the floodgates because the number of former officers and directors for whom such relief would also be appropriate is limited in size (*see* Transcript of April 25, 2011 Hearing at 41 on estimating at "88" the number of former Tribune D&O's in this category) and is known to the Debtors and the other plan proponents.

### B. Length of Delay

14. The delay in the filing of the Proof of Claim is a result of the timing of the Lawsuits. It would be inequitable to punish Mr. Knight because of the length of this delay. Two years passed between the petition date and when the Official Committee of Unsecured Creditors ("Creditors Committee") filed the Lawsuits, and eighteen months passed between the Bar Date and when the Creditors Committee filed the Lawsuits. Mr. Knight should not be held accountable for the Creditors Committee's delay in the filing of the lawsuits and he could not have anticipated the filing of the Lawsuits, whether based on alleged preferential transfers or alleged breaches of duties as an officer of Employer.

### C. Reason for Delay in Filing Claim

15. The delay was due to Mr. Knight's failure to anticipate by June 2009 that the

Creditors Committee would sue him, which it did not do until November 1, 2010. The Creditors Committee's delay in suing him was not within Mr. Knight's reasonable control, and Mr. Knight had no reason to believe that he would be sued. *See* Ex. A ¶¶ 10.

16. Additionally, the delay from the time Mr. Knight realized he was being sued, November 2010, and the present is due to the Court-ordered stay of the Lawsuits. In an October 27, 2010 Order, the Court ordered "that once commenced the LBO Actions shall be deemed stayed, except as otherwise set forth in this order (the "Stay"), until a Termination Event occurs" and "that during the pendency of the Stay no defendant to the LBO Actions shall answer or otherwise respond to the LBO Actions." *See* D.I. 6150. In compliance with this Order, Mr. Knight did not file his motion seeking leave to file a late Proof of Claim at an earlier date. However, once the Court deemed the Proof of Claims filed by other similarly-situated former directors and officers to be timely, Mr. Knight immediately filed this motion.

      **D.**     **Good Faith**

17. Mr. Knight has acted in good faith, as he had no reason to believe that he had any possible liability on account of his service to the Debtors or Employer or any claim against any Debtors or Employer until November 2010. *See* Ex. A ¶ 10.

18. Accordingly, Mr. Knight's late filing satisfies the excusable neglect standard under Rule 9006(b)(1), and cause exists to grant Mr. Knight leave to file his Proof of Claim and consider the Proof of Claim timely filed.

19. Finally, this Court has previously granted the relief sought herein to other similarly-situated former directors and officers. *See* D.I. 8747, 8748, 8749 & 8750.

**WHEREFORE**, for all the foregoing reasons, Timothy Knight respectfully requests that this Court enlarge the Bar Date and deem his Proof of Claim timely filed, and grant such other and further relief as is just and proper.

Dated: May 6, 2011                                     A. M. SACCULLO LEGAL, LLC

                                                       /s/ Anthony M. Saccullo
                                                       Anthony M. Saccullo (Bar No. 4141)
                                                       Thomas H. Kovach (Bar No. 3964)
                                                       27 Crimson King Drive
                                                       Bear, Delaware 19701
                                                       (302) 836-8877
                                                       (302) 836-8787 (facsimile)
                                                       ams@saccullolegal.com
                                                       kovach@saccullolegal.com

                                                                and

                                                       Michael T. Hannafan, Esquire
                                                       Blake T. Hannafan, Esquire
                                                       James A. McGuinness, Esquire
                                                       HANNAFAN & HANNAFAN, LTD.
                                                       One East Wacker Drive, Suite 2800
                                                       Chicago, Illinois 60601
                                                       (312) 527-0055
                                                       (312) 527-0220 (facsimile)
                                                       mth@hannafanlaw.com
                                                       bth@hannafanlaw.com
                                                       jam@hannafanlaw.com

                                                       *Counsel to Timothy P. Knight*