# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|
| Name of Debtor:     [Debtor] | Case Number: [          ] |

NOTE: *Other than claims under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for administrative expenses arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):  **John Vitanovec** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and Address where notices should be sent:     John Vitanovec<br>1256 N. Forest Glen Drive<br>Winnetka, IL 60093<br><br>Telephone number:<br>**Notices regarding this Proof of Claim should also be sent to: Maile H. Solis-Szukala, Esq., Grippo & Elden LLC, 111 S. Wacker Drive, Chicago, IL 60606.  Telephone: (312) 704-7700.** | Court Claim Number: _____<br>(If known)<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. Amount of Claim as of Date Case Filed: **Unliquidated (see attached Exhibit)**

   If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **(see attached Exhibit)**
   (See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor: _____

   3a. Debtor may have scheduled account as: _____
   (See Instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____

   Amount of Secured Claim:          Amount Unsecured:

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or 11 U.S.C. § 503(b)(9). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier --- 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan --- 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use --- 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units --- 11 U.S.C. § 507(a)(8).

   ☐ Other - specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $

   Section 503(b)(9) Claim: $
   ☐ Check this box if your claim is for the value of any goods received by the debtor within 20 days before the commencement of the case in which the goods have been sold to the debtor in the ordinary course of the debtor's business --- 11 U.S.C. § 503(b)(9). Include the amount of such claim in the space for "Amount entitled to priority."

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side).

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Date:**    **Signature**: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney if any.

_____
John Vitanovec

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*    #43102077v1

## EXHIBIT A TO PROOF OF CLAIM OF JOHN VITANOVEC

1. On December 8, 2008 ("Petition Date"), Tribune Company and certain of its affiliates (collectively "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Prior to the Petition Date, John Vitanovec ("Mr. Vitanovec") was Executive Vice President of Tribune Broadcasting Company, one of the above-captioned debtors. Mr. Vitanovec is a defendant in the adversary proceedings *Official Committee of Unsecured Creditors of Tribune Co. v. John J. Vitanovec*, Adv. Proc. No. 10-55674 (KJC) and *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons et al.*, Adv. Proc. No. 10-54010 (KJC) (together, the "Lawsuits").

3. Mr. Vitanovec asserts claims for contractual, common law and statutory rights for advancement, reimbursement, indemnification, and contribution for any costs (including attorneys' fees) or liabilities (including any adverse judgments) that may be incurred in the Lawsuits or any other civil action ("Claims"). The Claims are based on Delaware General Corporation law, agreements with the Debtors, the Debtors' representatives, the Debtors' by-laws, certificates of incorporation, and other similar organizational documents (of which Mr. Vitanovec may not be aware or which are not in his possession).

4. The Debtors have filed their certificates of incorporation and by-laws with the Securities and Exchange Commission as exhibits to their annual and quarterly reports pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934. There may be other indemnification agreements of which Mr. Vitanovec is not aware or for which he does not have in his possession.

5. Mr. Vitanovec expressly reserves all rights and remedies that he has or may have against the Debtors or any other person or persons liable for all or part of the indebtedness claimed herein. This proof of claim is filed to protect Mr. Vitanovec from forfeiture of his Claims. The filing of this proof of claim is not: (a) a waiver or release of Mr. Vitanovec's rights or remedies against any person, entity or property; (b) an election of a remedy; or (c) a waiver of the right to assert a different or enhanced classification or priority in respect of the Claims asserted herein.

6. Mr. Vitanovec expressly reserves his right to amend or supplement this proof of claim or to file additional proofs of claim for additional claims.

#4310214v1