## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | **Hearing Date: 5/25/11 at 1:00 p.m.** |
| | ) | **Objection Deadline: 5/18/11 at 4:00 p.m.** |

### MOTION OF SCOTT SMITH
### TO DEEM PROOF OF CLAIM TIMELY FILED

Scott Smith hereby moves this Court to deem his proof(s) of claim ("Proof of Claim"), substantially in the form attached hereto as Exhibit A, as being timely filed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure. In support of his Motion, Mr. Smith states as follows:

### BACKGROUND

1.      Mr. Smith is the former President of Tribune Publishing Company, a subsidiary of Tribune Company ("Debtors").  Mr. Smith is a defendant in the adversary proceedings *Official Committee of Unsecured Creditors of Tribune Co. v. Scott C. Smith*, Adv. Proc. No. 10-55637 (KJC) and *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons et al.*, Adv. Proc. No. 10-54010 (KJC) (together, the "Lawsuits").

2.      By his Proof of Claim, Mr. Smith seeks advancement, reimbursement, indemnification and contribution from Debtors for, *inter alia*, any costs or liability that may be incurred in defending the Lawsuits.

3.      By Order dated March 25, 2009, the deadline for filing proofs of claim was June 12, 2009 ("Bar Date").  The Lawsuits were filed against Mr. Smith on November 1 and December 4, 2010.

4.      As Mr. Smith attests in his Declaration, attached hereto as Exhibit B, he did not file the Proof of Claim prior to the Bar Date because he did not believe that he had any indemnification claim against any Debtor and did not anticipate that he would be sued based on his service as an officer/director of any Debtor.  He believed that the Debtors' indemnification obligations remained in force despite the Debtors' filing for bankruptcy.  *See* Ex. B ¶¶ 9, 11.

## RELIEF REQUESTED

5.      Mr. Smith respectfully requests that the Court enlarge the Bar Date and deem Mr. Smith's Proof of Claim timely filed, as the Court recently did with respect to other similarly-situated former directors and officers.  *See* D.I. 8147, 8148, 8149, and 8150.

6.      Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") states that the court "for cause shown may extend the time within which proofs of claim or interest may be filed."  Further, Bankruptcy Rule 9006(b)(1) provides that when a motion is filed after the bar date has passed, then the claimant must demonstrate excusable neglect.  The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), held that whether neglect is excusable is an equitable determination which depends on examining all of the relevant circumstances.  The *Pioneer* Court identified four elements to consider in assessing whether neglect is excusable: (i) danger of prejudice to the debtor; (ii) length of time that has passed and potential impact on the judicial proceedings; (iii) reason for the delay, including whether it was outside the creditor's control; and (iv) whether the creditor has acted in good faith.  *Id.* at 395; *see also Jones v. Chemetron Corp.*, 212 F.3d 199, 203 n.4 (3d Cir. 2000).

7.      All of these factors weigh in favor of deeming the Proof of Claim timely filed. There is no prejudice to the Debtors, no impact on the judicial proceedings, the reason for the

delay was outside of Mr. Smith's control, and Mr. Smith has acted in good faith in filing the Proof of Claim.

**A.** **Danger of Prejudice to the Debtors**

8.     In determining whether there will be prejudice to a debtor, the courts have considered the following factors: (i) the size of the claim with respect to the rest of the estate; (ii) whether allowing the late claim would have an adverse impact on the judicial administration of the case; (iii) whether the plan was filed or confirmed with knowledge of the existence of the claim; (iv) the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; and (v) whether allowing the claim would open the floodgates to other similar claims. *In re O'Brien Envtl. Energy*, 188 F.3d 116, 126 (3d Cir. 1999).

9.     Here, there is no prejudice to the Debtors, or the unsecured creditors. First, Mr. Smith is merely seeking advancement, reimbursement, indemnification and contribution from the Debtors and Employer for, *inter alia*, any costs or liability that may be incurred in defending the Lawsuits. The Debtors have listed at least $44 billion in unsecured, non-priority claims. *See* Summaries of Schedules at D.I. 4388. Given the relatively *de minimis* size of Mr. Smith's claim, it is difficult to imagine that allowing his claim as timely would adversely impact the judicial administration of these bankruptcies or disrupt the reorganization of any of the Debtors. Moreover, in all likelihood, allowing Mr. Smith's claim would not prejudice any unsecured creditor. The mere fact that a late claim would reduce the funds available to unsecured creditors does not, by itself, establish prejudice. *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006).

10.     Second, there would be no impact on the judicial administration of this case as neither of the two competing plans of reorganization have been confirmed and the prosecution of

the Lawsuits has been stayed pending the plan confirmation process.  In addition, the claims

administration process is ongoing and there have been no distributions on claims made in these

cases.

11.    Third, as stated previously, neither of the two competing plans have been

confirmed, and both plans have been proposed with an understanding that the Debtors have

indemnification obligations to the former officers and directors, as well as the current officers

and directors.

12.    Fourth, deeming the Proof of Claim timely would not have a disruptive effect on

either of the plans or the economic models upon which either of the plans are based.  All of the

proponents of the plans knew that there were indemnification obligations to the former officers

and directors.

13.    Finally, deeming the Proof of Claim timely would not open the floodgates

because the number of former officers and directors for whom such relief would also be

appropriate is limited in size (*see* Transcript of April 25, 2011 Hearing at 41 (estimating at "88"

the number of former Tribune D&Os in this category) and is known to the Debtors and the other

plan proponents.

**B.    Length of Delay**

14.    The delay in the filing of the Proof of Claim is a function of the timing of the

filing of the Lawsuits.  It would be inequitable to punish Mr. Smith because of the length of this

delay.  Two years passed between when the bankruptcy commenced and when the Official

Committee of Unsecured Creditors ("Creditors Committee") filed the Lawsuits and eighteen

months passed between the Bar Date and when the Creditors Committee filed the Lawsuits.

Mr. Smith should not be held accountable for Creditors Committee's delay in the filing of the

lawsuits and he could not have anticipated the filing of the Lawsuits, whether based on alleged preferential transfers or alleged breaches of duties as a director/officer of one of the Debtors.

**C.    Reason for Delay in Filing Claim**

15.    In addition, the delay was due to Mr. Smith's failure to anticipate by June 2009 that the Creditors Committee would sue him, which it did not do until November 1, 2010. The Creditors Committee's delay in suing him was not within Mr. Smith's reasonable control, and Mr. Smith had no reason to believe that he would be sued. *See* Ex. B ¶¶ 10, 11.

**D.    Good Faith**

16.    Mr. Smith has acted in good faith, as he had no reason to believe that he had any possible liability on account of his service to the Debtors or any claim against any Debtor until November 2010. *See* Ex. B ¶ 11.

17.    Accordingly, Mr. Smith's late filing satisfies the excusable neglect standard under Rule 9006(b)(1), and cause exists to deem his Proof of Claim timely filed.

18.    Finally, this Court has previously granted the relief sought herein to other similarly-situated former directors and officers. *See* D.I. 8747, 8748, 8749 & 8750.

WHEREFORE, for all the foregoing reasons, Scott Smith respectfully requests that this Court enlarge the Bar Date and deem his Proof of Claim timely filed.

Dated:  May 6, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____
Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141  Telephone
(302) 658-0380  Facsimile

<u>OF COUNSEL</u>:

John R. McCambridge
George R. Dougherty
GRIPPO & ELDEN LLC
111 S. Wacker Drive
Chicago, IL  60606
(312) 704-7700  Telephone
(312) 558-1195  Facsimile

*Attorneys for Scott Smith*

#4313932