## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 25, 2011 at 1:00 p.m. ET**<br>**Related to Docket Nos. 4091 and 4272** |

## DEBTORS' REPLY TO THE RESPONSE OF TERRY GODBEY TO THE DEBTORS' TWENTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel,

hereby file this reply (the "<u>Reply</u>") to the response of Terry Godbey (D.I. 4272) (the "<u>Godbey</u>

<u>Response</u>") to the Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Objection") (D.I. 4091).[2]  In the Objection, the Debtors sought to expunge approximately

seventy-six (76) claims for which no liability is reflected in the Debtors' books and records,

including Claim No. 3672 filed by Ms. Godbey (the "Godbey Claim").[3]  Ms. Godbey timely

filed the Godbey Claim on June 8, 2009, asserting a claim for $15,667.77 for "severance pay

under severance policy."[4]  The Godbey Claim asserts priority treatment for $10,950 of such

claim under section 507(a)(4) of the Bankruptcy Code. (*See* Exhibit A.)  On May 14, 2010,

October 28, 2010, and November 23, 2010, the Court entered orders sustaining or otherwise

resolving the Objection, except as to the claim of Ms. Godbey and the claims of certain other

creditors enumerated therein. (*See* D.I. 4406, 6158, and 6593.)

## ARGUMENT

1.     The Debtors have reviewed the Godbey Claim and the Godbey Response,

and the sole issue before the Court appears to be a dispute over Ms. Godbey's entitlement to

severance following her postpetition termination from Orlando Sentinel Communications

Company on April 17, 2009.  Here, even being mindful of the *pro se* nature of the Godbey Claim

and making all reasonable inferences in favor of Ms. Godbey, there is no "right to payment" that

could be asserted against the Debtors.  The Debtors have determined that no prepetition amounts

are due and owing to Ms. Godbey and neither the Godbey Claim nor the Godbey Response assert

that any prepetition amounts are due.  Accordingly, Ms. Godbey does not have a prepetition claim

against the Debtors for the purposes of the Debtors' chapter 11 cases.

---

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

[3] On May 4, 2010, the Debtors submitted copies of all proofs of claim that were subject to the Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims, as required by Local Rule 3007-1(e)(iv). [D.I. 4230]  A copy of the Godbey Claim is also attached hereto as Exhibit A.

[4] In the documentation attached to the Godbey Claim, Ms. Godbey calculates the claim amount as being the product of "26 (2 weeks of pay for the first year of service, plus 1 week for each of the other 24 years) x 18.08 (the hours Tribune Co. says I worked weekly in 2009) x 33.33 (my hourly wage)."

2.      Appended to the Godbey claim in support thereof is an extract of the "Orlando Sentinel Communications Company Employee Involuntary Separation Plan Summer 2008" ("ISP Summer 2008") which is dated June 16, 2008. Respectfully, Ms. Godbey's reliance on the ISP Summer 2008 is misplaced. By the plain terms of the ISP Summer 2008, the severance plan described therein was only applicable to employees who were involuntarily terminated between "June 1, 2008 and August 31, 2008," in other words, during the summer of 2008. (*See* Exhibit A at 5.) It is undisputed that Ms. Godbey was terminated in April 2009. (*See* Exhibit A at 2.) In addition, the ISP Summer 2008 states that it applies to "each actively employed, regular full-time or part-time non-union employee of Orlando Sentinel Communications Company *who is notified of his/her involuntary termination and eligibility for the ISP Summer 2008*." (*See* Exhibit A at 4 (emphasis added).) Ms. Godbey was neither notified of her involuntary termination during the effective period of the ISP Summer 2008 nor notified that she was eligible for the ISP Summer 2008. Nothing in Ms. Godbey's filings suggests – or could suggest – otherwise.

3.      Rather, Ms. Godbey's entitlement to severance was determined by Orlando Sentinel Communications Company in accordance with the "Non-Union Severance Policy" described in detail in the Debtors' Motion for an Order Authorizing the Debtors to (I) Implement a Severance Policy for Non-Union Employees and (II) Continue Severance Arrangements in Accordance with Collective Bargaining Agreements (D.I. 208) (the "Severance Motion"), which was approved by this Court by Order entered on February 4, 2009 (D.I. 340) (the "Severance Order"). The Severance Order was in effect prior to Ms. Godbey's termination, and was thus applicable to her.[5]

---

[5] The Debtors do not believe that Ms. Godbey has any intention to raise again the issues presented by this Court's Severance Order, but for the avoidance of doubt the Debtors object to the Godbey Claim to the extent it seeks to collaterally attack the Severance Order.

4.       As set forth in the Severance Motion, the Debtors anticipated that further workforce reductions would take place during the pendency of the chapter 11 cases and that "it would be beneficial to establish a single Non-Union Severance Policy for all Non-Union Employees." (*See* Severance Motion ¶ 9.) The Non-Union Severance Policy provided that "Part-time employees will be eligible for severance only if they have been employed with the Debtors for at least 24 months and work a minimum of 20 hours per week." (*See* Severance Motion ¶ 11 n.2.) It is undisputed that Ms. Godbey did not work an average of 20 hours per week at the time of termination. (*See* Exhibit A at 2.) By Ms. Godbey's estimate, which the Debtors do not materially dispute, her weekly hours worked averaged 18.08 hours. (*Id.*)[6]

5.       The Severance Motion further provides that the "Non-Union Severance Policy are guidelines for the Debtors' applicable business units to implement for eligible Employees on a discretionary basis. The Non-Union Severance Policy does not constitute a contractual obligation of the Debtors to their Employees...." (*See* Severance Motion ¶ 14.) The Severance Order provides that the "Debtors are authorized, but not directed, to implement the Non-Union Severance Policy...." (*See* Severance Order at 2.) Except with respect to certain terms applicable only to severance payments to the Debtors' "insiders" (which are not at issue here), nothing in the Severance Order modifies the discretionary nature of the Non-Union Severance Policy. Thus, even if Ms. Godbey worked an average of 20 hours per week or more, which she did not, the payment of severance is not a contractual obligation and is discretionary on

---

[6] The Debtors used a 6-month look-back period to calculate the 20-hour/week average. Ms. Godbey appears to argue that her hours were reduced in November or December 2008, which caused her average to fall below the required 20-hour minimum to qualify for severance, and that she would have qualified but for this reduction. (*See* Exhibit A at 2; Godbey Response at 1.) Out of an abundance of caution, the Debtors re-calculated Ms. Godbey's weekly average on a 7-month and an 8-month look-back and also calculated Ms. Godbey's weekly average only with respect to 2008. In none of these alternative calculation scenarios did Ms. Godbey's time exceed 18.4 hours per week. The Debtors dispute the Godbey Claim and the Godbey Response to the extent Ms. Godbey suggests that she would have been eligible for severance if her hours had not been reduced, or if she were terminated prior to April 2009. The Debtors reserve all rights to present evidence on this issue should the Court direct; however, since it is undisputed that Ms. Godbey worked fewer than 20 hours per week at the time of her termination, and severance is discretionary in any event, this issue is not determinative.

4

the part of the Debtors.  The Debtors' management has endeavored to apply the criteria

established by the Non-Union Severance Policy uniformly across all of the company's various

business units.  While the Debtors value Ms. Godbey's longstanding service, allowing the

Godbey Claim, which is contrary to the Non-Union Severance Policy, would prejudice the

Debtors' other former part-time employees who did not receive severance because they did not

qualify under the Policy.  The Debtors respectfully request that their business judgment in

establishing and applying the Non-Union Severance Policy not be disturbed at this juncture.

Accordingly, for all of the forgoing reasons, the Debtors dispute that Ms. Godbey is owed any

amounts by the Debtors on either a prepetition or postpetition basis and request that this Court

disallow and expunge the Godbey Claim in its entirety.

46429/0001-7592023v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Godbey Claim; (ii) directing the Claims Agent to expunge the Godbey Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
          May 9, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7592023v1