# EXHIBIT A

## SCHEDULE A

### REQUEST FOR PRODUCTION

This Subpoena is a demand made by the Official Committee of Unsecured Creditors of Tribune Company (the "Committee"), to you, the named entity on the accompanying Subpoena, and certain of your affiliated entities. It is the Committee's understanding that you have or had clients who owned Tribune stock ("Beneficial Owners" as defined below) and who tendered or otherwise received cash for Tribune stock in connection with the leveraged buyout transaction ("LBO Transaction") of Tribune in 2007. The LBO Transaction occurred in two steps: the first step occurred on June 4, 2007, and the second step occurred on December 20, 2007.

While the terms of the Subpoena govern your obligations, in summary the Subpoena requests that you produce immediately basic contact information for those Beneficial Owners who tendered or exchanged Tribune shares for cash in connection with the LBO Transaction, along with information about the Beneficial Owners' Tribune holdings at the time of the LBO Transaction. To facilitate your search for information and production of documents containing the requested information, the Tribune CUSIP number is <u>896047107</u>.

### DEFINITIONS

"Producing Party" means the named entity on the Subpoena to which this Schedule A is attached, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and other Persons acting, or who have acted, on its behalf or who are under its control.

"Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity and includes both the singular and the plural.

"LBO Transaction" refers to the 2007 transaction through which Tribune became a private company in two steps ("Step One" and "Step Two," defined below).

"Step One" refers to the first stage of the LBO Transaction, which closed on June 4, 2007, by which Tribune agreed to purchase approximately 50% of the Company's outstanding shares (126,000,000 shares) for $34.00 per share in a tender offer.

"Step Two" refers to the second stage of the LBO Transaction, which closed on December 20, 2007, by which Tribune converted the remaining outstanding shares of Tribune stock to a right to receive $34.00 per share.

"Tribune" means Tribune Company, any and all predecessors or successors in interest thereof, and any and all of its officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, researchers, contractors, advisors, accountants and attorneys, and any other persons acting, or who have acted, on its behalf.

"Beneficial Owner" has the meaning as described in Rule 13d-3 of the Securities Exchange Act of 1934, as amended.

## REQUESTS

1. Documents sufficient to identify (a) each Beneficial Owner of shares of Tribune stock that, at Step One, were purchased, repurchased, and/or redeemed by Tribune from the Producing Party; (b) the number of shares purchased, repurchased and/or redeemed by Tribune for each such Beneficial Owner at Step One; (c) the estimated proceeds received by each such Beneficial Owner at Step One; and (d) the address of each such Beneficial Owner.

2. Documents sufficient to identify (a) each Beneficial Owner of shares of Tribune stock that, at Step Two, were purchased, repurchased, and/or redeemed from the Producing Party by Tribune, or that, at Step Two, were converted by Tribune to a right to receive payment; (b) the number of shares purchased, repurchased, redeemed, and/or converted to cash by Tribune for each such Beneficial Owner at Step Two; (c) the estimated proceeds received by each such Beneficial Owner at Step Two; and (d) the address of each such Beneficial Owner.

3.   Documents, including instruction forms, account opening documents, contracts, and other agreements, sufficient to identify or describe all obligations as between the Producing Party and any Beneficial Owner(s) relating to the purchase, repurchase and/or redemption of Tribune stock in connection with Step One and/or Step Two, including documents relating to (a) the Producing Party's obligations to turn over funds received or transmitted in connection with the purchase, repurchase and/or redemption of Tribune stock; (b) the Producing Party's ability or authority to invest, reinvest, retransmit or spend funds received or transmitted in connection with the purchase, repurchase and/or redemption of Tribune Stock; and (c) the Producing Party's ability or authority to exert other forms or manners of control over funds received or transmitted in connection with the purchase, repurchase and/or redemption of Tribune stock.

4.   Documents sufficient to determine whether each Beneficial Owner identified pursuant to Requests One and Two was acting as an intermediary or was otherwise not the ultimate beneficial owner of the Tribune shares that were tendered, purchased, repurchased, redeemed, or otherwise exchanged for cash in connection with one or both steps of the LBO Transaction. If the Beneficial Owners identified pursuant to Request Nos. 1 and 2, above, were not the ultimate beneficial owners, produce documents sufficient to identify the address of each such ultimate beneficial owner.