# EXHIBIT B

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered into as of November __, 2010 by and between [_____] (the "**Producing Party**") and Zuckerman Spaeder LLP ("**Zuckerman**") and Landis Rath & Cobb LLP ("**Landis**" and together with Zuckerman, the "**Requesting Party**"; and the Requesting Party together with the Producing Party, the "**Parties**," or singly a "**Party**"), as co-counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

## WITNESSETH

WHEREAS, Landis and Zuckerman on behalf of the Creditors' Committee filed Adversary Proceeding No. 10-54010 (KJC) on November 1, 2010 (the "**Adversary Proceeding**") in the bankruptcy cases filed under Chapter 11 of the Bankruptcy Code by the Tribune Company and certain of its affiliates (collectively, the "**Debtors**") titled *In re Tribune Co., et al.*, Case No. 08-13141 (KJC) (Jointly Administered), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, the Requesting Party served the Producing Party with a Subpoena with a request for documents dated November __, 2010 (the "**Subpoena**"), in connection with the Adversary Proceeding;

WHEREAS, in responding to the Subpoena, the Producing Party will provide the Requesting Party with documents, as that term is defined in the subpoena ("**Documents**"), including Documents that contain or constitute responsive, nonpublic information or confidential or proprietary business, technical or financial information, including nonpublic or confidential information concerning the Producing Party's business operations, clients, customers, projections, analyses, compilations, studies and other documents prepared by, *inter alia*, the Producing Party or their representatives, advisors or agents ("**Confidential Information**");

WHEREAS, the Parties to this Agreement acknowledge the importance of preserving the confidentiality of the Confidential Information and Confidential Information that is designated "Highly Confidential—Attorneys' Eyes Only" (as defined below) and agree to abide by this Agreement with respect thereto;

NOW, THEREFORE, the Parties hereby agree as follows:

1. The term "Confidential Information" shall also include any notes, summaries, compilations, memoranda, minutes or similar materials disclosing or discussing Confidential Information. The Confidential Information shall be furnished or otherwise disclosed or made known to Landis and Zuckerman subject to the terms and conditions of this Agreement. This Agreement and the obligations of Landis and Zuckerman shall apply to all Confidential Information regardless of whether it is provided by the Producing Party or its counsel, consultants, accountants, experts, auditors, examiners, financial advisors or other agents or professionals (collectively, "**Advisors**").

2. All Documents that the Producing Party produces in response to the Subpoena, including Documents identifying parties who subsequently may be named as parties

in the Adversary Proceeding, will be used solely in connection with the Adversary Proceeding. All Confidential Information furnished, disclosed or made known to Landis and Zuckerman by the Producing Party or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Creditors' Committee, its Advisors or any Committee Participant (defined below) that contains, reflects or is derived from the Confidential Information, shall be used by any Committee Participant solely and exclusively in connection with the performance of the Creditors' Committee's duties in the Adversary Proceeding. Zuckerman, Landis, the Creditors' Committee, the Creditors' Committees' Advisors and the members of the Committee and each of their Advisors shall each carry out its obligations hereunder using a reasonable degree of care. (Zuckerman, Landis, Advisors of the Creditors' Committee, members of the Creditors' Committee and each of their Advisors shall be collectively referred to as the "**Committee Participants**" and individually as each "**Committee Participant**").

3. The Producing Party may designate as "Highly Confidential—Attorneys' Eyes Only" those Documents that contain Confidential Information that is competitively sensitive and/or proprietary to the Producing Party, the Debtors or the Producing Party's clients, or from which competitively sensitive or proprietary information belonging to the Producing Party, the Debtors or the Producing Party's clients could be derived. This includes, without limitation: (a) Documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications or trade secrets; and/or (b) information required to be maintained confidential by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy rights, including any and all personally identifiable financial information and nonpublic personal information of customers and consumers. In addition, the Producing Party may designate as "Confidential" those Documents that it believes in good faith constitute or contain other categories of nonpublic information that is competitive or sensitive in nature.

4. Landis and Zuckerman shall not provide Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity (including to members of the Creditors' Committee or any Advisor of any Creditors' Committee member) other than to (a) attorneys, clerical, paralegal and secretarial staff employed by Landis and Zuckerman who shall be bound by this Agreement or (b) those Advisors of the Creditors' Committee whose retention has been approved by the Bankruptcy Court and who agree to be bound by this Agreement by executing the attached Exhibit A.

5. Documents designated by the Producing Party as "Confidential" to Landis and Zuckerman may be provided to other Committee Participants who agree to be bound by this Agreement by executing the attached Exhibit A.

6. Notwithstanding any other provision in this Agreement, parties who have been identified in Documents produced in response to the Subpoena may be publicly named as parties in the Adversary Proceeding.

7. If Landis or Zuckerman objects to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, Landis or Zuckerman will initially contact the undersigned counsel to the Producing Party in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court for relief. Absent a written waiver or agreement from the Producing Party or an order of the Bankruptcy Court to the contrary, Documents designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the Parties specified above.

8. Should access to Documents stamped "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from Landis, Zuckerman or any Advisor retained by the Creditors' Committee by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, Landis or Zuckerman, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to the Producing Party in writing of the requested access; and (b) prior to producing any such Documents, provide the Producing Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

9. All Confidential Information, unless otherwise specified in writing, may be used as provided herein, but shall remain the property of the Producing Party. Ninety ("90") days following the later of the closing of the Adversary Proceeding or the effective date of any plan of reorganization, each recipient of Confidential Information agrees to promptly destroy all Confidential Information, including, without limitation, all documents, reports and exhibits provided by or on behalf of the Producing Party and all working papers containing any Confidential Information or extracts therefrom. In addition, and subject to the same proviso as immediately above, each recipient agrees at that time to destroy all copies of any notes, analyses, compilations, studies or other documents that it or its Advisors prepared containing or reflecting any Confidential Information. If requested by the Producing Party, after destruction each recipient of Confidential Information will deliver a certificate executed by an appropriate officer of the recipient certifying that all such materials have been destroyed.

10. Landis and Zuckerman acknowledge that irreparable damage would occur to the Producing Party if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that the Producing Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to the Producing Party at law or in equity. During the pendency of the Adversary Proceeding, all Parties hereto consent to the jurisdiction and venue of the Bankruptcy Court with respect to any controversy or claims arising out of or related to this Agreement or the use or disclosure or rights pertaining to Confidential Information. Upon conclusion of the Adversary Proceeding, all Parties consent to the jurisdiction and venue of the federal and state courts located in the State of Delaware with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

11. The inadvertent production of privileged information by the Producing Party shall not constitute a waiver of any applicable privilege and Landis and Zuckerman will return to the Producing Party any such materials inadvertently produced.

Executed this ___ day of November 2010.

By: _____
*Counsel to the Producing Party*

LANDIS RATH & COBB LLP

By: _____
*Counsel to Official Committee of
Unsecured Creditors*

ZUCKERMAN & SPAEDER LLP

By: _____
*Counsel to Official Committee of
Unsecured Creditors*

## EXHIBIT A

In connection with the Confidentiality Agreement (the "**Agreement**") dated November __, 2010 between [_____] (the "**Producing Party**") and Zuckerman Spaeder LLP ("**Zuckerman**") and Landis Rath & Cobb LLP ("**Landis**" and together with Zuckerman, the "**Requesting Party**"; and the Requesting Party together with the Producing Party, the "**Parties**," or singly a "**Party**"), as co-counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), the undersigned hereby agrees as follows (capitalized terms not defined herein shall have the meanings ascribed to those terms in the Agreement):

1.  The undersigned is a Committee Participant in the Adversary Proceeding.

2.  The undersigned has (i) been provided with a copy of the Agreement, (ii) read the Agreement, (iii) had an opportunity to review the Agreement with counsel, and (iv) been authorized to execute this Exhibit A to the Agreement.

3.  To the extent that the Requesting Party provides the undersigned with documents designated "Confidential" produced pursuant to the Agreement and the Subpoena, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the Adversary Proceeding and shall not be provided to anyone other than as permitted under the Agreement.

4.  To the extent that the undersigned is an Advisor to the Creditors' Committee whose retention has been approved by the Bankruptcy Court and the Requesting Party has provided such Advisor with documents designated "Highly Confidential—Attorneys' Eyes Only" produced pursuant to the Agreement and the Subpoena, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the Adversary Proceeding and shall not be provided to anyone other than as permitted under the Agreement.

5.  Should access to Documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable law or regulation, it will: (a) promptly notify counsel to the Producing Party in writing of the requested access; and (b) prior to producing such Documents, provide the Producing Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

6.  The undersigned agrees that the inadvertent production of privileged information by the Producing Party shall not constitute a waiver of any applicable privilege and that it will return to the Producing Party any such materials inadvertently produced.

Agreed and Accepted:                    November ___, 2010

_____
(Company Name)

By:_____
   Name:
   Title: