## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Docket No. 8757** |
| | ) |
| | ) <u>Hearing Date</u>: May 17, 2011 at 10:00 a.m. ET |
| | ) |

**LIMITED OBJECTION OF THE DEBTORS, THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, ANGELO, GORDON & CO. L.P., OAKTREE CAPITAL
MANAGEMENT, L.P. AND JPMORGAN CHASE BANK, N.A. TO THE MOTION OF
THE NOTEHOLDER PLAN PROPONENTS FOR ENTRY OF AN ORDER
DETERMINING THAT (I) THE AMENDMENTS THAT HAVE BEEN MADE
TO THE NOTEHOLDER PLAN ARE NOT MATERIAL AND ADVERSE TO
ANY CLASS OF CREDITORS OR (II) TO THE EXTENT THE AMENDMENTS
ARE MATERIAL AND ADVERSE TO ANY CLASS(ES) OF CREDITORS, BASED
ON SUCH CLASS(ES) PRIOR REJECTION OF THE INITIAL NOTEHOLDER
PLAN, SUCH CLASS(ES) SHALL BE DEEMED TO ALSO REJECT THE THIRD
<u>AMENDED NOTEHOLDER PLAN</u>**

The debtors and debtors in possession in the above-captioned cases, the Official

Committee of Unsecured Creditors, Angelo, Gordon & Co., L.P., Oaktree Capital Management,

L.P., and JPMorgan Chase Bank, N.A. (collectively, the "**DCL Plan Proponents**"), as

proponents of the Second Amended Joint Plan of Reorganization for Tribune Company and Its

Subsidiaries (as modified April 26, 2011) [D.I. 8769] (the "**DCL Plan**"), respectfully submit this

limited objection to the Motion of the Noteholder Plan Proponents for entry of an order (a)

determining that (i) the amendments that have been made to the Noteholder Plan are not material

and adverse to any Class of Creditors or (ii) to the extent the amendments are material and

adverse to a Class(es) of Creditors, based on such Class(es)' prior rejection of the Initial

Noteholder Plan, such Class(es) shall be deemed to also reject the Third Amended Noteholder

Plan [D.I. 8757] (the "**Noteholder Non-Resolicitation Motion**").

The DCL Plan Proponents have informed the Noteholder Plan Proponents that they agree the Senior Lenders may be deemed to continue to reject the Noteholder Plan without resolicitation, and object to the Noteholder Non-Resolicitation Motion only to the extent that it asks the Court to make unnecessary and premature findings regarding the impact of changes to the Noteholder Plan on the Senior Lenders. Specifically, the Noteholder Plan Proponents are asking the Court to make the following findings:

> ***The amendments made to the Noteholder Plan, as incorporated in the Third Amended Noteholder Plan, are either (i) not material and adverse to the interests of Creditors,*** or (ii) to the extent the Court finds that certain of the amendments made to the Noteholder Plan, as incorporated in the Third Amended Noteholder Plan, are material and adverse to any Class(es) of Creditors, based on such Class(es)' prior rejection of the Initial Noteholder Plan, such Classes…

Noteholder Non-Resolicitation Motion at Ex. D (emphasis added). The materiality of the Noteholder Plan Proponents' amendments or whether those amendments are adverse to the Senior Lenders, however, is not relevant to whether or not the Senior Lenders must be resolicited, a point on which there is no dispute. Rather, the impact of the changes to the Noteholder Plan on the Senior Lenders is a core confirmation issue and should not be prematurely argued by the Noteholder Plan Proponents or addressed by this Court at this time.

The DCL Plan Proponents disagree with the Noteholder Plan Proponents' arguments that the changes to their proposed plan do not have a material and adverse impact on the Senior Lenders. The Noteholder Plan Proponents' recent amendments to their proposed plan, if effective, would change the distributions to Senior Lenders to pure equity while other creditors receive the valuation and downside protection of cash and new debt distributions. As previously argued in the DCL Plan Proponents' Supplemental Objection to the Noteholder Plan [D.I. 8581] ("**DCL Supplemental Objection**"), the DCL Plan Proponents believe that amendments that only

2

change the consideration provided to the Senior Lenders, in a manner that "forces upon them less preferable consideration and deprives them of the downside protection offered by cash" clearly constitutes unfair discrimination and is not fair and equitable with respect to the Senior Lenders. DCL Supplemental Objection at 4. Accordingly, the DCL Plan Proponents believe that these amendments are both material and adverse to the Senior Lenders. Nevertheless, these objections are properly to be determined by the Bankruptcy Court in connection with confirmation, and they should not be determined *sub rosa* here.

Because it is not in dispute that the Senior Lenders may be deemed to continue to reject the Noteholder Plan without resolicitation, the Noteholder Plan Proponents should be seeking comfort from this Court only that their plan amendments do not materially and adversely impact *accepting* classes, and that rejecting classes may be deemed to continue to reject without resolicitation. In an effort to avoid the need to file this objection, the DCL Plan Proponents repeatedly asked the Noteholder Plan Proponents to style their motion accordingly, but they refused to do so. So the DCL Plan Proponents hereby renew their request that the Noteholder Plan Proponents withdraw their request that the Court find that the amendments to the Noteholder Plan are not material and do not adversely affect the Senior Lenders.

46429/0001-7597737v1

## CONCLUSION

For the foregoing reasons, the DCL Plan Proponents respectfully submit that the Court

should not enter the form of order proposed by the Noteholder Plan Proponents, but instead only

consider entering an order (a) finding that, with respect to the Senior Lenders, they shall be

deemed to reject the amended Noteholder Plan based on their previous rejection of that plan and

(b) granting such other relief as the Court may determine to be just and proper.


Dated: Wilmington, Delaware
      May 10, 2011

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone (302) 652-3131
Facsimile (302) 652-3117

- and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, Illinois 60603
Telephone (312) 853-0199
Facsimile (312) 853-7036

*Attorneys For Debtors and
Debtors In Possession*

46429/0001-7597737v1

4

LANDIS RATH & COBB LLP

*/s/ Adam G. Landis*
Adam G. Landis (Bar No. 3407)
Matthew B. McGuire (Bar No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone (302) 467-4400
Facsimile (302) 467-4450

- and-

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone (212) 408-5100
Facsimile (212) 541-5369

*Attorneys for the Official Committee of Unsecured
Creditors*

- and -

Graeme Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone (202) 778-1800
Facsimile (202) 822-8106

*Special Counsel to the Official Committee of
Unsecured Creditors*

5

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Drew G. Sloan*
Mark D. Collins (Bar No. 2981)
Robert J. Stearn, Jr. (Bar No. 2915)
Drew G. Sloan (Bar No. 5069)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone (302) 651-7700
Facsimile (302) 651 7701

-and-

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
Elliot Moskowitz
450 Lexington Avenue
New York, New York  10017
Telephone (212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*


YOUNG CONAWAY STARGATT &
TAYLOR LLP

*/s/ Robert S. Brady*
Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
The Brandywine Building—17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware  19899
Telephone (302) 571-6600
Facsimile (302) 571-1253

-and-

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071-1530
Telephone (213) 621-6000

*Attorneys for Oaktree Capital Management, L.P.
and Angelo, Gordon & Co., L.P.*

46429/0001-7597737v1