IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered) |

**JOINDER OF TM RETIREES TO THE POST TRIAL BRIEF OF THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. IN SUPPORT OF CONFIRMATION OF THE SECOND AMENDED PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES (AS MODIFIED APRIL 26, 2011)**

Teitelbaum & Baskin, LLP and Pinckney, Harris & Weidinger, LLC, as attorneys for approximately 200 former employees (and beneficiaries of such former employees) (the "TM Retirees")[1] of The Times Mirror Company ("Times Mirror"), who were receiving or entitled to receive payments under certain qualified and non-qualified retirement plans of one or more of the Debtors, respectfully submit this joinder to the post trial brief of the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (collectively, the "**DCL Plan Proponents**") in support of confirmation of the Second Amended Plan of Reorganization proposed by the DCL Plan Proponents (the "**Second Amended DCL Plan**"), respectfully state:

---

[1] Among the TM Retirees supporting this joinder is William Niese, a member of the Official Committee of Unsecured Creditors (the "OCC"). Teitelbaum & Baskin also represents Mr. Niese in his role as a member of the OCC. This pleading is filed on behalf of the TM Retirees, including Mr. Niese, in their capacity as creditors and parties in interest and not in any manner as a representative of the OCC. The positions taken herein do not necessarily reflect the position of the OCC, and the OCC has not been consulted in connection with this pleading.

1. From time to time during this case, the TM Retirees have filed pleadings which emphasize the effect of these bankruptcy cases upon the hundreds of individuals who had nothing to do with the 2007 LBO, but who have suffered as a result of the financial meltdown which followed that transaction. Upon the commencement of these cases, the TM Retirees suddenly lost all or substantially all of their retirement nest egg and their monthly retirement benefit payments upon which they relied for day to day living expenses.

2. The TM Retirees understand that these cases have presented a morass of legal, financial and ethical issues for this Court to unravel and they do not envy the task ahead as the Court must filter the mountain of legal and factual argument presented during the confirmation process to determine which, if either, of two competing plans of reorganization should be confirmed.

3. Notwithstanding the objections which the TM Retirees have previously expressed with respect to, among other things, the purported scope of the releases embodied in the Second Amended DCL Plan, and with a full reservation of rights on that issue, the TM Retirees support confirmation of the Second Amended DCL Plan.

4. Unlike the financial creditors involved in these cases, many of whom invested only a fraction of the cost of their claims, the TM Retirees invested their lives in the Times Mirror Company and depended upon the retirement benefits being paid by Tribune up until the commencement of these cases. The TM Retirees need cash and finality (to wit, releases) in order to try to put their lives back on track.

7. The only option which addresses this immediate need is the Second Amended DCL Plan. First, pursuant to the Second Amended Plan, the complex task of determining the amount and methodology of calculating the allowed TM Retiree Claims has been agreed upon pursuant to the settlement term sheet among the TM Retirees and the Debtors which is annexed to the Second Amended DCL Plan. Thus, under the Second Amended DCL Plan there will be no delay in the claims allowance process for the TM Retirees. Second, the immediate cash distribution of between approximately 33% and 35% of the allowed TM Retiree

claims, far exceeds the alternatives under either the Note Holder Plan or under no plan at all. Confirmation of the Second Amended DCL Plan will have a substantial, meaningful and positive impact on the lives of the TM Retirees.

**WHEREFORE,** the TM Retirees respectfully request that, in the interests of justice and equity, the Court confirm the Second Amended DCL Plan and grant such other and further relief as may be just and proper.

Dated: May 11, 2011

**PINCKNEY, HARRIS & WEIDINGER, LLC**

By: /s/ Adam Hiller
1220 North Market Street
Suite 950
Wilmington, Delaware 19801
(302) 504-1527
AHiller@phw-law.com

And

**TEITELBAUM & BASKIN, LLP**
By:/s/ Jay Teitelbaum
Jay Teitelbaum, Esq. (JT-4619)
3 Barker Avenue
Third Floor
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawl1p.com

Attorneys for the TM Retirees