## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 Cases |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Related Docket No.  8900** |

-----------------------------------------------------X

### MOTION OF WILMINGTON TRUST COMPANY FOR
### AUTHORIZATION TO SEAL PORTIONS OF ITS
### POST-CONFIRMATION HEARING BRIEF

Wilmington Trust Company ("Wilmington Trust"), as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order authorizing it to file under seal redacted portions of its *[Redacted] Post-Confirmation Hearing Brief of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES,* [Docket No. 8900] (the "Post-Confirmation Brief").  In support of the Motion to Seal, Wilmington Trust respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

3.      On May 11, 2011, Wilmington Trust filed its Post-Confirmation Brief in redacted form.  Portions of the Post-Confirmation Brief included excerpts from deposition testimony and documents which were designated as confidential exhibits by the parties in this case.

4.      Wilmington Trust files this Motion to Seal requesting that the Court grant it permission to file under seal redacted portions of the Post-Confirmation Brief.

## BASIS FOR RELIEF REQUESTED

5.      Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information.  The section provides, in relevant part:

> (b)      On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information….

11 U.S.C. § 107(b).  Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 1107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…."  Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

6.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.    In connection with the prosecution of certain motions or otherwise in these proceedings, Wilmington Trust has obtained information on a confidential basis from the Debtors and many other parties that had a connection with the LBO transaction or its financing.

8.    The Court entered the December 15, 2009 Order establishing a document depository [Docket No. 2858] (the "<u>Depository Order</u>") that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases.  Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential — Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order ¶f, at 4.  Wilmington Trust has been deemed a "<u>Depository Designee</u>" pursuant to the Depository Order.  Accordingly, the Depository Order obligates Wilmington Trust to file under seal any document that contains such confidential information, such as portions of the Post-Confirmation Brief.

9.    As set forth above, the Post-Confirmation Brief included information excerpts from exhibits designated as confidential by the parties to this case.  Accordingly, Wilmington Trust respectfully requests the entry of an order permitting it to file the Post Confirmation Brief under seal.

**NOTICE**

10.     Notice of this Motion to Seal has been given to all counsel entitled to Notice pursuant to Paragraph 35 of the Case Management Order entered in the above-referenced cases action [Docket No. 7239].   In light of the nature of the relief requested, Wilmington Trust submits that no further or other notice is required.

**NO PRIOR REQUEST**

11.     No prior motion for relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, Wilmington Trust respectfully requests the Court enter an Order substantially in the form attached hereto as "Exhibit A" granting Wilmington Trust authority to file redacted portions of the Post Confirmation Brief under seal, and granting such other and further relief as the Court may deem just and proper.

Date:   May 12, 2011
        Wilmington, Delaware

SULLIVAN • HAZELTINE • ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (Del. Bar No. 2820)
William A. Hazeltine (Del. Bar No. 3476)
Elihu E. Allinson (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

-and-

BROWN RUDNICK LLP
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

**<u>EXHIBIT A</u>**

**[Proposed Order Granting Motion to Seal]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------X
In re:                                    :    Chapter 11 Cases
                                          :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                  :    (Jointly Administered)
                                          :
          Debtors.                        :    Re: D.I. 8900, _____
----------------------------------------------------X
```

## ORDER APPROVING MOTION OF WILMINGTON TRUST COMPANY
## FOR AUTHORIZATION TO SEAL PORTIONS OF ITS
## POST-CONFIRMATION HEARING BRIEF

Upon consideration of the *Motion of Wilmington Trust Company for Authorization to Seal Portions of its Post-Confirmation Hearing Brief* (the "Motion to Seal"); and the Court having reviewed all pleadings related thereto; and the Court having determined that there exists just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion to Seal is GRANTED; and

2.      Wilmington Trust Company is hereby granted permission to file under seal portions of the *[Redacted] Post-Confirmation Hearing Brief of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES,* [Docket No. 8900], pursuant to Federal Rule 9018 and Local Rule 9018-1(b).

Dated: May _____, 2011

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge