IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                              )
In re:                                        )   Chapter 11
                                              )
TRIBUNE COMPANY, et al.,                      )   Case No. 08-13141 (KJC)
                                              )
       Debtors.                               )   Jointly Administered
                                              )
                                              )   **Related to ECF Nos. 8898 & 8899**
                                              )   **Hearing Date: June 28, 2011 at 2:00 p.m.**
                                              )   **Objection Deadline: May 31, 2011 at 4:00 p.m.**
                                              )
------------------------------------------------------------x

## MOTION OF AURELIUS CAPITAL MANAGEMENT, LP FOR AUTHORIZATION TO FILE CERTAIN PORTIONS OF POST-TRIAL BRIEF UNDER SEAL

Aurelius Capital Management, LP ("Aurelius"), acting on behalf of the Noteholder Plan Proponents respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order authorizing it to file under seal certain portions of the *Post-Trial Brief of the Noteholder Plan Proponents, Part I* and *Part II (FCC Supplement)* [ECF Nos. 8898 and 8899] (collectively the "Post-Trial Brief"). In support of the Motion to Seal, Aurelius respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

3. In compliance with the *Order Setting Schedule for Post-Confirmation Hearing Briefing and Argument* [ECF No. 8817], the Noteholder Plan Proponents filed their Post-Trial Brief on May 11, 2011. The Post-Trial Brief contains two parts. Part I consists of the main portion of the Post-Trial Brief in support of the Noteholder Plan Proponents' objection to confirmation of the Second Amended Joint Plan of Reorganization of the Debtors as proposed by the DCL Plan Proponents, and Part II consists exclusively of FCC matters and is referred to as the "FCC Supplement".

4. Contemporaneously therewith, the Noteholder Plan Proponents also served redacted copies of their Post-Trial Brief to those parties listed in paragraph 35 of the *Discovery and Scheduling Order for Plan Confirmation* [ECF No. 7239] (the "CMO Parties") on May 11, 2011 (the "Redacted Post-Trial Brief"). The Redacted Post-Trial Brief contained certain limited redactions regarding information in (i) Part I related to the TV Food Network pursuant to a Confidentiality Agreement with the Debtors dated February 20, 2011 concerning such information and (ii) Part II related to FCC matters pursuant to stipulations[1] with various members of the DCL Plan Proponents.

---

[1] The stipulations include the following (together, the "Stipulations"): (1) *Stipulation Concerning Aurelius Capital Management, LP's Motion to Compel JPMorgan to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37*, approved by Order dated February 8, 2011 [Docket No. 7842]; *Stipulation Concerning Law Debenture's Motion to Compel Angelo*

{00516494;v1}

5. The Noteholder Plan Proponents further advised the CMO Parties that any CMO Party seeking additional redactions to the Redacted Post-Trial Brief contact undersigned counsel no later than May 16, 2011 at 12:00 noon. (ET).

6. Barring any objections from the CMO Parties, the Noteholder Plan Proponents intend to file the Redacted Post-Trial Brief on May 17, 2011, following the hearing currently scheduled for that day. Copies of the Redacted Post-Trial Brief shall be submitted to chambers contemporaneously with this pleading.

7. By this Motion to Seal, the Noteholder Plan Proponents seek an order granting permission to file certain portions of the Post-Trial Brief under seal and in the form of the Redacted Post-Trial Brief, which redacts certain highly confidential information (which has been designated as such by the Debtors and/or members of the DCL Plan Proponents as the producing parties) as described herein.

## BASIS FOR RELIEF REQUESTED

8. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

---

*Gordon to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37*, approved by Order dated February 8, 2011 [Docket No. 7843]; and *Stipulation Concerning Law Debenture's Motion to Compel Oaktree to Produce Documents Pursuant to Bankruptcy Rules 9014 and 7037 and Federal Rule of Civil Procedure 37*, approved by Order dated February 10, 2011 [Docket No. 7886].

11 U.S.C. § 107(b). Bankruptcy Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ..." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

9. Paragraph "f" of the *Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A)* [ECF No. 2858] (the "Document Depository Order") states that, "No Depository or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents," "Highly Confidential – Attorneys' Eyes Only," or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal."

10. Paragraph 10 of the Confidentiality Agreement provides that "Subject to any ruling by the Court to the contrary, each Receiving Party agrees that a Receiving Party who seeks to file with the Court or any other court or tribunal [information] that has previously been designated as Highly Confidential Information as defined herein, including all deposition transcripts, unless otherwise agreed by the Parties, or any pleading, brief or memorandum which reproduces, paraphrases or discloses such Highly Confidential Information, shall file a motion to seal such information and all Discovery Material that has previously been designated by a Party

4

{00516494;v1}

as comprising or containing Highly Confidential Information that is subject to this Agreement, and the portions of any pleading, brief or memorandum which reproduces, paraphrases or discloses such Discovery Material, shall be filed under seal."

11. The Stipulations similarly provide that any documents produced pursuant to their terms are subject to the Depository Order, and thus subject to the procedures and protections applying to documents designated as "Financial Institution Highly Confidential Documents," "Highly Confidential – Attorneys' Eyes Only," or "Confidential" as described above.

12. As set forth above, the Noteholder Plan Proponents believe that the Post-Trial Brief includes certain information designated as highly confidential by the parties and thus are seeking permission to file under seal certain limited portions of the Post-Trial Brief, in the form of the Redacted Post-Trial Brief circulated to the CMO Parties.

## NOTICE

13. Notice of this Motion to Seal has been given to all parties referenced in paragraph 35 of the CMO. In light of the nature of the relief requested, Aurelius submits that no further or other notice is required.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, Aurelius respectfully requests that the Court enter an Order substantially in the form attached hereto as Exhibit A granting Aurelius authority to file certain portions of the Post-Trial Brief under seal with the Court and such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
May 12, 2011

ASHBY & GEDDES, P.A.

/s/ Amanda Winfree
_____
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
Leigh-Anne M. Raport (I.D. No. 5055)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Counsel to Aurelius Management, LP*