## Exhibit E

**Other Parent Claim Election Form**

**(Black Line)**

**Other Parent Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

                   Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## OTHER PARENT CLAIM ELECTION FORM FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ELECT ALTERNATIVE TREATMENT OPTIONS UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, MAKE ADDITIONAL RELEASE ELECTIONS AND RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN

On \_\_\_\_\_, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. \_\_] (the "Changed Votes/Elections Order") approving procedures by which Holders of Other Parent Claims may make certain optional elections under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents").

This election form (an "Other Parent Claim Election Form") has been sent to you, as a Holder of an Other Parent Claim, to allow you to make four (4) elections if you wish:

1.    an election to receive one of three (3) alternative treatments provided for the Holders of Allowed Other Parent Claims, which alternative treatments are set forth in Sections 3.2.6(c)(i), 3.2.6(c)(ii), and 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan;

2.    an election to opt out of the transfer of any Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan;

3.    in the event that you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, an election not to include the Bridge Loan Agent and the Bridge Lenders within the scope of such releases; and

4.    in the event that you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, an election not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties that you may hold within the scope of such releases.

You have received with this Other Parent Claim Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Other Parent Claims Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make any of the elections set forth herein.

Capitalized terms used but not defined in this Other Parent Claim Election Form have the meanings given to them in (i) the Debtor/Committee/Lender Plan, (ii) the Explanatory Statement or (iii) the Changed Votes/Elections Order, as applicable.

## Deadline for Returning Other Parent Claim Election Form

This Other Parent Claim Election Form is the exclusive means by which you may elect to make the elections described herein. If you wish to make any of the elections described above, you must complete this Other Parent Claim Election Form and return it to the Voting Agent no later than [June 30, 2011] (the "Election Deadline"). Other Parent Claim Election Forms received by the Voting Agent after that date will be disregarded.

## ELECTIONS

ITEM 1.    OTHER PARENT CLAIM ALTERNATIVE TREATMENT ELECTION. Please check the box in Item 1A if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, the box in Item 1B if you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan, or the box in Item 1C if you elect to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan. **You may only select one treatment option.** If you do not submit this Other Parent Claim Election Form (and have not previously elected to receive the treatment specified in Section 3.2.6(c)(i)), you will be deemed to elect to receive the treatment set forth in Section 3.2.6(c)(iv) of the Debtor/Committee/Lender Plan. If you previously elected, as part of the voting and election process on the Debtor/Committee/Lender Plan that occurred in December 2010 and January 2011, to receive the treatment specified in Section 3.2.6(c)(i), and you wish to continue to receive that treatment under the Debtor/Committee/Lender Plan on account of your Other Parent Claim,



your prior election will remain valid unless you return this Other Parent Claim Election Form making a different treatment election:

ITEM 1A.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE DEBTOR/COMMITTEE/LENDER PLAN.  Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s).  ~~If you elect to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan, you may not make the election in Item 3 below and any previous election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust will be invalid.~~

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

ITEM 1B.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(ii) OF THE DEBTOR/COMMITTEE/LENDER PLAN.  Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s).  ~~If you elect to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan, you may not make the election in Item 3 below and any previous election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust will be invalid.~~

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

ITEM 1C.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(iii) OF THE DEBTOR/COMMITTEE/LENDER PLAN.  Please check the box below if you elect to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan on account of your Other Parent Claim(s).

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan for its Other Parent Claims.

ITEM 2.    ELECTION TO MODIFY SCOPE OF SECTION 11.2.2 RELEASES.  If you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you may elect not to include (i) the Bridge Loan Agent and Bridge Lenders and/or (ii) Disclaimed State Law Avoidance Claims against the Released Stockholder Parties within the scope of such releases.  **The elections set forth in this Item 2 only apply to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan.** [2]  Please check the box in

---

[2] A Holder of a Claim elected to grant the releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan by (i) voting to accept the Debtor/Committee/Lender Plan and not opting out of granting the releases in Section 11.2.2, (ii) voting to reject the Debtor/Committee/Lender Plan but opting to grant the releases in Section 11.2.2, (iii) being deemed to accept the Debtor/Committee/lender Plan and having been provided an opportunity but not opting out of granting the releases in Section 11.2.2, or (iv) otherwise agreeing to grant the releases in Section 11.2.2.  The elections in this Item 2 only apply to Holders of Claims that previously granted (or were deemed to grant) the

Item 2A below if you elect not to include the Bridge Loan Agent and Bridge Lenders within the scope of your Section 11.2.2 releases. Please check the box in Item 2B below if you elect not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties you may hold within the scope of your Section 11.2.2 releases.

ITEM 2A.    RELEASE OF BRIDGE LOAN AGENT AND BRIDGE LENDERS.

☐    The undersigned elects~~ to~~ not to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 2B.    RELEASE OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS.

☐    The undersigned elects~~ to~~ not to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties it may hold within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 3.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS. The Debtor/Committee/Lender Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below. If you do not submit this Other Parent Claim Election Form, and did not previously elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust in accordance with Section 14.3.1 of the Debtor/Committee/Lender Plan. ~~If you elect to receive the treatment set forth in Section 3.2.6(c)(i) or Section 3.2.6(c)(ii) of the Debtor/Committee/Lender Plan in Item 1A or Item 1B above, this election does not apply to you.~~

☐    The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 4.    CERTIFICATION. By signing this Other Parent Claim Election Form, the Holder of the Other Parent Claim identified herein certifies that it:

---

releases in Section 11.2.2 of the Debtor/Committee/Lender Plan. If you did not grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you are presumed not to grant the releases at issue in this Item 2 and you can disregard such elections. If you previously elected not to grant the Section 11.2.2 releases or were deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan, that election or deemed non-granting, as applicable, will continue to apply regardless of whether you return this Other Parent Claims Election Form and make any elections in this Item 2. If you previously elected not to grant the Section 11.2.2 releases or were deemed not to grant such releases, and you would now like to grant such releases, please contact the Voting Agent.

a.   is the Holder of the Other Parent Claim to which this Other Parent Claim Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Other Parent Claim Election Form; and

b.   has not submitted any other Other Parent Claim Election Form(s) on account of the Other Parent Claim represented herein that is inconsistent with the elections set forth in this Other Parent Claim Election Form or that, as limited by the terms of the Changed Votes/Elections Order, if such other Other Parent Claim Election Form was previously submitted, it either has been or is hereby revoked or changed to reflect the elections set forth herein.

Name: _____
          (Print or Type)

Signature:_____

By:_____
          (If Applicable)

Title:_____
          (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Other Parent Claim Election Form shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR OTHER PARENT CLAIM ELECTION FORM MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011, OR YOUR ELECTIONS WILL NOT BE COUNTED. OTHER PARENT CLAIM ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OTHER PARENT CLAIM ELECTION FORM, OR IF YOU NEED AN ADDITIONAL OTHER PARENT CLAIM ELECTION FORM OR ADDITIONAL COPIES OF RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS OTHER PARENT CLAIM ELECTION FORM, OR YOU MAY RETURN YOUR OTHER PARENT CLAIM ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## Exhibit F

**Release Election Form**

**(Black Line)**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## RELEASE ELECTION FORM FOR HOLDERS OF CLAIMS THAT ELECTED TO GRANT THE RELEASES SET FORTH IN THE DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which Holders of Claims that previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as has been and as may be amended, the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (the "Debtor/Committee/Lender Plan Proponents") may make supplemental elections concerning the scope of those releases that result from certain modifications made to the Debtor/Committee/Lender Plan. This election form (the "Release Election Form") permits such Holders to elect not to include (i) the Bridge Loan Agent and Bridge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Lenders and/or (ii) solely with respect to Holders of Claims against Tribune Company, Disclaimed State Law Avoidance Claims against the Released Stockholder Parties, within the scope of such releases.

Capitalized terms used but not defined in this Release Election Form have the meanings given to them in (i) the Debtor/Committee/Lender Plan or (ii) the Changed Votes/Elections Order, as applicable.

You have received with this Release Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Release Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make any of the elections set forth herein.

A Holder of a Claim elected to grant the releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan by (i) voting to accept the Debtor/Committee/Lender Plan and not opting out of granting the releases in Section 11.2.2, (ii) voting to reject the Debtor/Committee/Lender Plan but opting to grant the releases in Section 11.2.2, (iii) being deemed to accept the Debtor/Committee/Lender Plan and having been provided an opportunity but not opting out of granting the releases in Section 11.2.2, or (iv) otherwise agreeing to grant the releases in Section 11.2.2.

**This Release Election Form only applies to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan. If you previously elected not to grant (or were deemed not to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will be presumed not to grant the releases set forth below and you can disregard this Release Election Form.** If you previously elected not to grant the Section 11.2.2 releases or were deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan, that election or deemed non-granting, as applicable, will continue to apply regardless of whether you return this Release Election Form. If you previously elected not to grant, or were deemed not to grant, the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan and would now like to do so, please contact the Voting Agent.

**To elect <u>not</u> to grant certain releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check one or both of the following boxes (as applicable):**

ITEM 1.        RELEASE OF BRIDGE LOAN AGENT AND BRIDGE LENDERS

☐    The undersigned elects <u>not</u> to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 2.        RELEASE OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS (HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY ONLY)

☐    The undersigned is a Holder of a Claim against Tribune Company and elects <u>not</u> to include any Disclaimed State Law Avoidance Claims against Released Stockholder Parties it may hold within the scope of the releases granted by the undersigned pursuant to Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 3.        CERTIFICATION. By signing this Release Election Form, undersigned certifies and acknowledges that it:

a.    is the Holder of the Claims to which this Release Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Release Election Form; or

b.   if the undersigned is a Beneficial Owner of a Senior Noteholder Claim or PHONES Notes Claim:

     i.    is the Beneficial Owner of the Senior Noteholder Claim or PHONES Notes Claim to which this Release Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Release Election Form;

     ii.   has not submitted any other Release Election Form(s) on account of the Senior Noteholder Claim or PHONES Notes Claim represented herein that is inconsistent with the elections set forth in this Release Election Form or that, if such other Release Election Form(s) is/were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

     iii.  it is deemed to have consented to the submission of a Senior Noteholder Release Tabulation Form or PHONES Notes Release Tabulation Form to the Voting Agent (if applicable); and

     iv.  either (a) this Release Election Form is the only Release Election Form submitted by the undersigned for Senior Noteholder Claims or PHONES Notes Claims or (b) in addition to this Release Election Form, one or more Release Election Forms for Senior Noteholder Claims or PHONES Notes Claims have been submitted as follows:

**Complete this section only if you are a Holder of a Senior Noteholder Claim or PHONES Notes Claim and have submitted other Release Election Forms for Senior Noteholder Claims or PHONES Notes Claims, as applicable**

| Account Number of Other Senior Noteholder Claims or PHONES Notes Claim | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims or PHONES Notes Claim | CUSIP Number of Other Senior Noteholder Claims (if applicable) | Principal Amount of Other Senior Noteholder Claims or PHONES Notes Claims At Issue in Additional Release Election Form(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name: _____
     (Print or Type)

Signature:_____

By:_____
     (If Applicable)

Title:_____
     (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

---

**HOLDERS OF CLAIMS OTHER THAN SENIOR NOTEHOLDER CLAIMS AND PHONES NOTES CLAIMS:**

**THE RELEASE ELECTION FORM MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE [JUNE 30], 2011, OR YOUR ELECTION WILL NOT BE VALID. RELEASE ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**<u>HOLDERS OF SENIOR NOTEHOLDER CLAIMS OR PHONES NOTES CLAIMS (OTHER THAN PHONES NOTES EXCHANGE CLAIMS) ONLY</u>:**

**THE ELECTION DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011. PLEASE RETURN YOUR RELEASE ELECTION FORM TO YOUR NOMINEE IN SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR RELEASE ELECTION FORM AND COMPLETE THE ~~SENIOR NOTEHOLDER~~<u>APPLICABLE RELEASE</u> TABULATION FORM SO THAT THE ~~SENIOR NOTEHOLDER~~<u>APPLICABLE RELEASE</u> TABULATION FORM IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE ELECTION DEADLINE, OR YOUR ELECTIONS WILL NOT BE VALID.**

**<u>IF YOU ARE A HOLDER OF A PHONES NOTES EXCHANGE CLAIM, YOU MUST RETURN YOUR RELEASE ELECTION FORM DIRECTLY TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE [JUNE 30], 2011, OR YOUR ELECTION WILL NOT BE VALID.</u>**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS RELEASE ELECTION FORM, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**IF YOU ARE A HOLDER OF A SENIOR NOTEHOLDER CLAIM<u> OR PHONES NOTES CLAIM (OTHER THAN A PHONES NOTES EXCHANGE CLAIM)</u>, PLEASE RETURN YOUR RELEASE ELECTION FORM TO YOUR NOMINEE. IF YOU ARE A HOLDER OF A CLAIM OTHER THAN A SENIOR NOTEHOLDER CLAIM<u> OR PHONES NOTES CLAIM, OR IF YOU ARE A HOLDER OF A PHONES NOTES EXCHANGE CLAIM</u>, PLEASE RETURN YOUR DEBTOR/COMMITTEE/LENDER PLAN RELEASE ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**
Tribune Company Ballot Processing Center

**If By Personal Delivery or Overnight Courier:**
Tribune Company Ballot Processing Center

c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Exhibit G-1**

**Creditors' Trust Election Form**

**(Black Line)**

Exhibit G-1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ELECTION FORM FOR HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY TO RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which certain Holders of Claims against Tribune Company have an opportunity to reconsider their prior decision (if applicable) not to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust established under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (the "Debtor/Committee/Lender Plan Proponents"). This election form (the "Creditors' Trust Election Form") has been sent to you, as a Holder of a Claim against Tribune Company in a voting class under the Debtor/Committee/Lender Plan, to allow you to elect not to transfer your Disclaimed State Law

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Avoidance Claims to the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan.

Capitalized terms not defined in this Creditors' Trust Election Form have the meanings given to them in the Debtor/Committee/Lender Plan.

You have received with this Creditors' Trust Election Form an Explanatory Statement (the "Explanatory Statement") that discusses the election that may be made using this Creditors' Trust Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make the election set forth herein.

**IF YOU PREVIOUSLY ELECTED NOT TO TRANSFER YOUR DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUST ESTABLISHED UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, YOUR PREVIOUS ELECTION REMAINS VALID AND YOU DO NOT NEED TO SUBMIT THIS CREDITORS' TRUST ELECTION FORM.**

**If you do not submit this Creditors' Trust Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan, and have not previously elected not to transfer such Disclaimed State Law Avoidance Claims to such Creditors' Trust, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan when the Creditors' Trust is established.**

If you elect not to transfer your Disclaimed State Law Avoidance Claims using this Creditors' Trust Election Form, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests, if you are otherwise eligible to receive them under the Debtor/Committee/Lender Plan, may entitle you to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. The Creditors' Trust will be established under the Debtor/Committee/Lender Plan on the Effective Date of such Plan. For additional information regarding the Creditors' Trust under the Debtor/Committee/Lender Plan, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

~~If you do not submit this Creditors' Trust Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan, and have not previously elected not to transfer such Disclaimed State Law Avoidance Claims to such Creditors' Trust, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan when the Creditors' Trust is established.~~

~~If you previously elected not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan, your previous election remains valid and you do not need to submit this Creditors' Trust Election Form.~~

**ITEM 1.      ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER THE DEBTOR/COMMITTEE/LENDER PLAN.**

☐      I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan.

**ITEM 2.        CERTIFICATION.**

By signing this Creditors' Trust Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Creditors' Trust Election Form with respect to its Claims against Tribune Company.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

---

**THE CREDITORS' TRUST ELECTION FORM MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE [JUNE 30], 2011, OR YOUR ELECTION WILL NOT BE VALID. CREDITORS' TRUST ELECTION FORMS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CREDITORS' TRUST ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL COPY OF THE CREDITORS' TRUST ELECTION FORM OR COPIES OF OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE RETURN YOUR CREDITORS' TRUST ELECTION FORM BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**
Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**
Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## Exhibit G-2

**Creditors' Trust Election Form**

**(for PHONES Notes Claims other than PHONES Notes Exchange Claims)**

**(New Exhibit)**

EXHIBIT G-2

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ELECTION FORM FOR HOLDERS OF PHONES NOTES CLAIMS AGAINST TRIBUNE COMPANY TO RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. __] (the "Changed Votes/Elections Order") approving procedures by which certain Holders of Claims against Tribune Company have an opportunity to reconsider their prior decision (if applicable) not to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust established under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (the "Debtor/Committee/Lender Plan Proponents"). This election form (the "Creditors' Trust Election Form") has been sent to you, as a Holder of a PHONES Notes Claim against Tribune Company, to allow you to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to Section 14.3.1 the Debtor/Committee/Lender Plan.

Capitalized terms not defined in this Creditors' Trust Election Form have the meanings given to them in the Debtor/Committee/Lender Plan.

You have received with this Creditors' Trust Election Form an Explanatory Statement (the "Explanatory Statement") that describes the election that may be made using this Creditors' Trust Election Form, among others. You should read the Explanatory Statement carefully in determining whether you wish to make the election set forth herein.

**IF YOU PREVIOUSLY ELECTED NOT TO TRANSFER YOUR DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUST ESTABLISHED UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, YOUR PREVIOUS ELECTION REMAINS VALID AND YOU DO NOT NEED TO SUBMIT THIS CREDITORS' TRUST ELECTION FORM.**

**If you do not submit this Creditors' Trust Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan, and have not previously elected not to transfer such Disclaimed State Law Avoidance Claims to such Creditors' Trust, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan when the Creditors' Trust is established.**

If you elect not to transfer your Disclaimed State Law Avoidance Claims using this Creditors' Trust Election Form, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. The Creditors' Trust will be established under the Debtor/Committee/Lender Plan on the Effective Date of such Plan. For additional information regarding the Creditors' Trust under the Debtor/Committee/Lender Plan, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

A Holder of a PHONES Notes Claim's election not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan will be valid only if such Holder has electronically delivered its PHONES Notes, as of [June 30], 2011 (the "Election Deadline"), into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only the broker, bank, commercial bank, trust company, dealer or other agent or nominee (the "Nominee") of a Holder of a PHONES Notes Claim can submit this election on such Holder's behalf.

Holders of PHONES Notes Claims that elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan pursuant to this Creditors' Trust Election Form and electronically deliver their PHONES Notes into the ATOP System can withdraw their PHONES Notes from the ATOP System up to and until the Election Deadline. However, following the Election Deadline, such PHONES Notes will not be freely tradable.

If a Holder of a PHONES Notes Claim elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan but fails to comply with the procedures for making such election set forth above, such Holder will be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims pursuant to the Debtor/Committee/Lender Plan.

**ITEM 1.**    **ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER THE DEBTOR/COMMITTEE/LENDER PLAN.**

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan.

**ITEM 2.**    **CERTIFICATION.**

By signing this Creditors' Trust Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Creditors' Trust Election Form with respect to its PHONES Notes Claims against Tribune Company. The undersigned acknowledges and/or certifies that it:

a.  is the Beneficial Owner of the PHONES Notes Claim to which this Creditors' Trust Election Form pertains or is an authorized signatory and has full power and authority to make the election called for on this Creditors' Trust Election Form;

b.  has not submitted any other Creditors' Trust Election Forms on account of the PHONES Note Claim represented herein that is inconsistent with the election set forth in this Creditors' Trust Election Form or that, if such other Creditors' Trust Election Forms were previously submitted, they either have been or are hereby revoked or changed to reflect the election set forth herein;

c.  instructs its Nominee to effect this Creditors' Trust Election Form through the ATOP System, and

d.  either (a) this Creditors' Trust Election Form is the only Creditors' Trust Election Form submitted by the undersigned for PHONES Notes Claims or (b) in addition to this Creditors' Trust Election Form, one or more Creditors' Trust Election Forms for PHONES Notes Claims have been submitted as follows:

**Complete this section only if you have submitted other Creditors' Trust Election Forms for PHONES Notes Claims**

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Nominee of Other PHONES Notes Claims | Principal Amount of PHONES Notes Claims At Issue in Additional Creditors' Trust Election Form(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Name: _____
          (Print or Type)

Signature:_____

By:_____

(If Applicable)

Title:_____
          (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

THE ELECTION DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011. PLEASE RETURN YOUR CREDITORS' TRUST ELECTION FORM TO YOUR NOMINEE IN SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR CREDITORS' TRUST ELECTION FORM THROUGH THE ATOP SYSTEM SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE ELECTION DEADLINE, OR YOUR ELECTION WILL NOT BE VALID.

IF YOU HAVE ANY QUESTIONS REGARDING THIS CREDITORS' TRUST ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL COPY OF THE CREDITORS' TRUST ELECTION FORM OR COPIES OF OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.

## Exhibit H

**Explanatory Statement**

**(Black Line)**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al.[1], | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| _____ Debtors. | ) |

## EXPLANATORY STATEMENT RELATING TO MODIFIED ELECTIONS UNDER SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. (AS MODIFIED APRIL 26, 2011)

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. |
| James F. Conlan | Norman L. Pernick (No. 2290) |
| Bryan Krakauer | J. Kate Stickles (No. 2917) |
| ~~Janet E. Henderson~~ | ~~Patrick J. Reilley (No. 4451)~~ |
| Kevin T. Lantry | ~~500 Delaware Avenue, Suite 1410~~Patrick J. Reilley (No. 4451) |
| Jessica C.K. Boelter | ~~Wilmington~~500 Delaware Avenue, ~~DE  19801~~Suite 1410 |
| One South Dearborn Street | ~~Telecopier:~~Wilmington, DE  ~~(302) 652-3117~~19801 |
| Chicago, IL  60603 | Telecopier:  (302) 652-3117 |
| Telecopier:  (312) 853-7036 | |

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

| | | |
|---|---|---|
| CHADBOURNE & PARKE LLP | LANDIS RATH & COBB LLP | ZUCKERMAN SPAEDER LLP |
| Howard Seife | Adam G. Landis | Graeme W. Bush |
| David M. LeMay | 919 Market Street, Suite 1800 | James Sottile |
| 30 Rockefeller Plaza | Wilmington, Delaware 19801 | 1800 M Street, N.W., Suite 1000 |
| New York, New York 10112 | Telecopier: (302) 467-4450 | Washington, D.C.  20036 |
| Telecopier:  (212) 541-5369 | | Telecopier: (202) 822-8106 |

*Counsel For the Official Committee of Unsecured Creditors*

| | |
|---|---|
| DEWEY & LEBOEUF LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Bruce Bennett | Robert S. Brady (No. 2847) |
| James O. Johnston | M. Blake Cleary (No. 3614) |
| Joshua M. Mester | The Brandywine Building – 17th Floor |
| 333 South Grand Avenue, Suite 2600 | 1000 West Street, Post Office Box 391 |
| Los Angeles, California 90071 | Wilmington, Delaware 19899 0391 |
| Telecopier:  (213) 621-6100 | Telecopier: (302) 571-1253 |

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | RICHARDS LAYTON & FINGER |
| Donald S. Bernstein | Mark Collins |
| Damian S. Schaible | One Rodney Square |
| 450 Lexington Avenue | 920 North King Street |
| New York, New York 10017 | Wilmington, Delaware 19801 |
| Telecopier: (212) 701 5800 | Telecopier: (302) 651-7701 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

*Counsel For JPMorgan Chase Bank, N.A.*


**DATED: [___], 2011**


Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## I.    **INTRODUCTION**

In December 2010, you received one or more ballots for voting on and making certain elections under the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents"), dated December 8, 2010 (the "December 2010 DCL Plan").  The DCL Plan Proponents have recently modified the December 2010 DCL Plan to address and resolve various objections that were filed with respect to the December 2010 DCL Plan (the "Plan Modifications").  These Plan Modifications are reflected in the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified), dated as of April 5, 26, 2011 (as may be further amended, modified, or supplemented from time to time, the "Debtor/Committee/Lender Plan") proposed by the DCL Plan Proponents.

You are receiving this statement (the "Explanatory Statement") because certain of the Plan Modifications contained in the Debtor/Committee/Lender Plan may affect the treatment and release elections that you made under the December 2010 DCL Plan.  More specifically, on [___], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. ____] (the "Changed Votes/Elections Order") approving procedures by which, among other things,

(1) the Holders of Senior Noteholder Claims[2] and Other Parent Claims may elect to receive their distributions under the Debtor/Committee/Lender Plan in a different form of consideration;

(2) the Holders of Claims that previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan may elect to opt out of changes to the scope of the releases; and

(3) the Holders of Claims against Tribune Company have an opportunity to reconsider their prior decision not to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan in light of revisions to the definition of Disclaimed State Law Avoidance Claims affected by the Plan Modifications.

This Explanatory Statement summarizes (a) the Plan Modifications that are relevant to the election modifications new or revised elections that are being offered to various constituencies as a result of the Plan Modifications included in the Debtor/Committee/Lender Plan and (b) the manner in which you may modify your elections if you so choose.

YOU ARE ENCOURAGED TO READ AND CAREFULLY CONSIDER THE MATTERS DESCRIBED IN THIS EXPLANATORY STATEMENT, THE DISCLOSURE STATEMENT (AS DEFINED HEREIN), THE DEBTOR/COMMITTEE/LENDER PLAN, THE PLAN SUPPLEMENT, AND THE APPLICABLE ELECTION FORM(S).

As further described below, this Explanatory Statement is accompanied by one or more of the following documents:  (a) a Senior Noteholder Election Form, (b) an Other Parent Claim Election

---

[2] All terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtor/Committee/Lender Plan, as applicable.

Form, (c) a Release Election Form, and/or (d) a Creditors' Trust Election Form (each as defined below and collectively, the "Election Forms"). For all Holders of Claims other than Senior Noteholder Claims and PHONES Notes Claims, the Election Forms must be returned to Epiq Bankruptcy Systems, LLC (the "Voting Agent") by no later than June 5,30, 2011 (the "Election Deadline"). You may use the pre-paid return envelope provided with your Election Forms, or you may return your Election Form by personal delivery, overnight courier, or first class mail to the Voting Agent at the following address:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

Holders of Senior Noteholder Claims and/or PHONES Notes Claims[3] must return their Election Forms to the Nominee (as defined herein) through which the Election Forms were transmitted to them, at the address provided by such Nominee. Holders of Senior Noteholder Claims and/or PHONES Notes Claims must return their Election Forms to the relevant Nominee in sufficient time to allow that Nominee to tabulate the information contained on the Election Forms and transmit that information to the Voting Agent by the Election Deadline.

For the complete description of all alternative treatments described in this Explanatory Statement, please see the Debtor/Committee/Lender Plan, which is available via the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune. You may also receive a hard copy of the Debtor/Committee/Lender Plan free of charge by contacting the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

## II.     OVERVIEW OF PLAN MODIFICATIONS RELEVANT TO MODIFIED ELECTIONS.

A.     *Addition of "Strip" Consideration Option for Senior Noteholder Claims and Other Parent Claims*

Under the December 2010 DCL Plan, Holders of Senior Noteholder Claims and Other Parent Claims were to receive distributions in the form of Cash (paid out of the Distributable Cash Pool).[34] The Debtor/Committee/Lender Plan, as modified, provides Holders of Senior Noteholder Claims and Other Parent Claims an option to receive their distributions in the form of either (a) Cash or (b) a "strip" consisting of a portion of the New Senior Secured Term LoansLoan, New Common Stock (subject to dilution by the Equity Incentive Plan), and Distributable Cash (such form of consideration, a "Strip").[45]

---

[3] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims") must return their Election Forms directly to the Voting Agent. Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Election Forms to their Nominee.

[34] In addition, Holders of Senior Noteholder Claims and Other Parent Claims (at their individual election) will receive distributions of Litigation Trust Interests and Creditors' Trust Interests.

[45] As described in greater detail below, Holders of Other Parent Claims continue to have the option to choose either (a) a distribution in an amount equal to 35.18% of their Allowed Claim (plus a Pro Rata share of the Bridge Settlement Proceeds) or (b) a distribution in an amount equal to 32.73% of their Allowed Claims (plus a Pro Rata share of the Bridge Settlement Proceeds) plus applicable Litigation Trust Interests and Creditors' Trust Interests.

The Strip offered to Holders of Senior Noteholder Claims and Other Parent Claims is intended to have the equivalent value to the alternative Cash distribution option that is still offered in the Debtor/Committee/Lender Plan, using the DCL Plan Proponents' distributable enterprise value ("DEV") of the Debtors of $6.75 billion plus the amount of the Step Two/Disgorgement Settlement Proceeds. The primary difference between the two forms of distribution is that the value of the Strip will fluctuate with the value of the Debtors' enterprise, whereas the value of the Cash distribution is fixed. The DCL Plan Proponents amended the December 2010 DCL Plan to offer the Strip to Holders of Senior Noteholder Claims and Other Parent Claims in an effort to resolve certain objections to the December 2010 DCL Plan. The terms of the New Common Stock and New Senior Secured Term Loan are more fully described in the Debtor/Committee/Lender Plan, the Plan Supplement, and the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7049] (including all exhibits thereto, the "Disclosure Statement").

### B.    Modifications to Releases Contained in the Debtor/Committee/Lender Plan

The releases proposed in the Debtor/Committee Lender Plan have been modified in several ways, including (i) the elimination of the release of claims and causes of action against those beneficial owners of Tribune Company's common stock whose shares were purchased by Tribune Company on or about June 4, 2007 (the "Step One Selling Stockholders"), (ii) the removal of the Creditors' Committee and its members from the definition of "Released Parties" under the Debtor/Committee/Lender Plan[56] and the removal of various parties from the definition of "Related Persons," thereby further limiting the definition of "Released Parties," (iii) the inclusion of current and former Bridge Lenders and the Bridge Loan Agent in the definition of "Released Parties," and (iv) the clarification that Holders of Claims against Tribune may elect to release their Disclaimed State Law Avoidance Claims against Released Stockholder Parties (as defined in Section ~~1.1.199~~1.1.201 of the Debtor/Committee/Lender Plan) as described below. As a result of the foregoing modifications to the release provisions of the Debtor/Committee/Lender Plan, Holders of Claims that previously elected to grant the releases provided for in Section 11.2.2 of the Debtor/Committee/Lender Plan would be (1) no longer releasing the Step One Selling Stockholders in their capacities as such, except as noted below, and (2) granting releases of the Bridge Loan Agent and Bridge Lenders (who have been added to the scope of the releases in Section 11.2.2), and (3) releasing their Disclaimed State Law Avoidance Claims against Released Stockholder Parties.

In light of these changes, such Holders of Claims will also be provided an opportunity to (i) decline to include the Bridge Loan Agent and Bridge Lenders within the scope of the Section 11.2.2 releases, and (ii) decline to release such Holder's claims that would otherwise constitute Disclaimed State Law Avoidance Claims against Released Stockholder Parties.

If the Holder of a Claim does not submit a Release Election Form or other applicable Election Form, such Holder will be deemed to have elected to release (a) the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and the Bridge Lenders (solely in their capacity as Bridge Lenders), and (b) its applicable Disclaimed State Law Avoidance Claims against Released Stockholder Parties. Except for the changes described herein and in the Debtor/Committee/Lender Plan, the releases previously granted or deemed to be granted by such Holder in accordance with the December 2010 DCL Plan will be unchanged.

---

[56] The Creditors' Committee is still receiving the benefit of the exculpation set forth in Section 11.5 of the Debtor/Committee/Lender Plan.

C.    *Modifications Related to Disclaimed State Law Avoidance Claims*

The definition of Disclaimed State Law Avoidance Claims has been revised in the Debtor/Committee/Lender Plan. Previously, under the December 2010 DCL Plan, Disclaimed State Law Avoidance Claims included any and all LBO-Related Causes of Action arising under state constructive fraudulent conveyance law that the Debtors or the Debtors' Estates could assert pursuant to section 544(b) of the Bankruptcy Code only against Selling Stockholders, whose shares of Tribune Company common stock were redeemed for Cash pursuant to the Step Two Transactions (the "Step Two Selling Stockholders"), and solely with respect to funds received in their capacities as such. On December 8, 2010, however, the two-year statute of limitations for such actions expired pursuant to section 546(a)(1)(A) of the Bankruptcy Code. Neither the Debtors nor any other representative of the Debtors' Estates commenced any actions or otherwise pursued any constructive fraudulent conveyance causes of action against any Selling Stockholder prior to the expiration of that statute of limitations. As a result, the ability to pursue any fraudulent conveyance causes of action against any Selling Stockholder may have reverted to individual creditors, except to the extent, if any, that the Debtors' Estates have retained the right to pursue, prosecute, settle, or release such claims.

The Plan Modifications alter the definition of Disclaimed State Law Avoidance Claims under the Debtor/Committee/Lender Plan to include any and all LBO-Related Causes of Action arising under state constructive fraudulent conveyance law that existed in favor of any Holder of a Claim prior to the Petition Date against all Selling Stockholders (i.e., no longer limited to those entities who sold their stock as part of the Step Two Transactions), solely in the Selling Stockholders' capacities as such and solely with respect to funds received in their capacities as such. As modified in the Debtor/Committee/Lender Plan, the Disclaimed State Law Avoidance Claims now include any state law constructive fraudulent transfer claims against all Selling Stockholders except to the extent that the Debtors may have retained the right to pursue, prosecute, settle, or release such claims.

Under Section 14.3.1 of the Debtor/Committee/Lender Plan, Holders of Claims against Tribune Company are deemed to transfer any Disclaimed State Law Avoidance Claims (except those against Released Stockholder Parties) to the Creditors' Trust established under the Debtor/Committee/Lender Plan, unless they opt out of that transfer.[62] The deemed transfer of Disclaimed State Law Avoidance Claims was provided for in the December 2010 DCL Plan and any creditors that wished to opt out of such transfer did so through the ballots distributed to the Holders of Claims against Tribune Company in connection with the solicitation of the December 2010 DCL Plan.

In light of the expiration of the statute of limitations for the Debtors' Estates to pursue these state law constructive fraudulent conveyance claims against Selling Stockholders and the related modifications to the definition of Disclaimed State Law Avoidance Claims in the Debtor/Committee/Lender Plan, the DCL Plan Proponents have provided all Holders of Claims against Tribune Company the opportunity to reconsider their election regarding the transfer of such claims to the Creditors' Trust. Accordingly, all Holders of Claims against Tribune Company will be provided an additional opportunity to "opt out" of the deemed contribution of Disclaimed State Law Avoidance Claims to the Creditors' Trust.

**Certain relevant state statute of limitations with respect to the Disclaimed State Law Avoidance Claims against Step One Selling Stockholders may expire as early as June 4, 2011.** It is

---

[62] The Disclaimed State Law Avoidance Claims transferred to the Creditors' Trust will not include any Released Claims against any Released Parties or any Disclaimed State Law Avoidance Claims against any Released Stockholder Parties, and the Creditors' Trust will not have the right to assert any Released Claims against any Released Parties or any Disclaimed State Law Avoidance Claims against any Released Stockholder Parties. See Debtor/Committee/Lender Plan at § 14.3.1.

~~unlikely that the~~The Creditors' Trust, which will not be formed prior to the Effective Date of the Debtor/Committee/Lender Plan, will _not_ be implemented by that date. Accordingly, any Holders that seek to pursue Disclaimed State Law Avoidance Claims against Step One Selling Stockholders, including any Holders that elect to transfer the Disclaimed State Law Avoidance Claims to the Creditors' Trust, should initiate actions under state law prior to June 4, 2011. Once initiated, such actions shall be stayed pursuant to Bankruptcy Court order pending further order. If Holders choose to pursue those claims and elect to transfer such claims to the Creditors' Trust, such transfer shall occur as of the Effective Date.

## III.    MANNER IN WHICH YOU MAY MAKE OR MODIFY ELECTIONS

### A.    _Senior Noteholder Alternative Treatment Election_

As described above, the Debtor/Committee/Lender Plan has been modified to provide for alternative treatments for Senior Noteholder Claims, pursuant to which the Holders of Senior Noteholder Claims may elect to receive an alternative distribution comprised of a Strip (as described below and in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan, the "Senior Noteholder Alternative Treatment").

Specifically, Section 3.2.5(c)(ii) of the Debtor/Committee/Lender Plan provides that, **as a default treatment option**, a Holder of an Allowed Senior Noteholder Claim will receive (a) a Pro Rata share of $431,041,451 in Distributable Cash, (b) a Pro Rata share of Class 1E Litigation Trust Interests, and (c) if such Holder has not opted out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan, a Pro Rata share, calculated based upon the aggregate amount of Allowed Senior Noteholder Claims the Holders of which do not opt out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan of the Class 1E Creditors' Trust Interests. If you are the Holder of a Senior Noteholder Claim and wish to receive such treatment for your Senior Noteholder Claim under the Debtor/Committee/Lender Plan then you do not need to make any election concerning this matter on the Senior Noteholder Election Form.

If a Holder of an Allowed Senior Noteholder Claim elects to receive the Senior Noteholder Alternative Treatment (by returning the Senior Noteholder Election Form (as defined below) distributed concurrently herewith with the box in Item 1 checked), such Holder will receive (a) a Strip, which for Holders of Allowed Senior Noteholder Claims is a Pro Rata share of 6.27425% of the Distributable Cash, 6.27425% of the New Senior Secured Term Loan and 6.27425% of the New Common Stock (subject to dilution by the Equity Incentive Plan), (b) a Pro Rata share of the Class 1E Litigation Trust Interests, and (c) if such Holder has not opted out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan, a Pro Rata share, calculated based upon the aggregate amount of Allowed Senior Noteholder Claims, the Holders of which do not opt out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan, of the Class 1E Creditors' Trust Interests.

The form accompanying this Explanatory Statement for exercising the Senior Noteholder Alternative Treatment option (the "Senior Noteholder Election Form") is the exclusive means by which you may elect to receive the Senior Noteholder Alternative Treatment under the Debtor/Committee/Lender Plan. If you wish to receive the Senior Noteholder Alternative Treatment, you must complete the Senior Noteholder Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Nominee") in sufficient time for your Nominee to summarize your election on a Senior Noteholder Election Tabulation Form (as defined in the Changed Votes/Elections Order) and return that Senior Noteholder Election Tabulation Form so that it is received

by the Voting Agent no later than the Election Deadline. Senior Noteholder Election Tabulation Forms received by the Voting Agent after that date will be disregarded.

In addition, a Holder of a Senior Noteholder Claim's (i) election to receive the Senior Noteholder Alternative Treatment and/or (ii) election not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan will be valid only if such Holder has electronically delivered its Senior Notes, as of the Election Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only the Nominee of a Holder of Senior Noteholder Claim can submit these elections on such Holder's behalf.

Holders of Senior Noteholder Claims that (i) elect to receive the Senior Noteholder Alternative Treatment and/or (ii) elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan pursuant to the Senior Noteholder Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Election Deadline. However, following the Election Deadline, such Senior Notes will not be freely tradable.

If a Holder of a Senior Noteholder Claim (i) elects to receive the Senior Noteholder Alternative Treatment and/or (ii) elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan but fails to comply with the procedures for making such elections described herein, such Holder will (i) not receive the Senior Noteholder Alternative Treatment on account of such Holder's Allowed Senior Noteholder Claim and/or (ii) be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Debtor/Committee/Lender Plan, as applicable.

## B.   *Other Parent Alternative Treatment Election*

Under the December 2010 DCL Plan, Holders of Other Parent Claims were able to choose between two forms of treatment. As a default, Holders of Other Parent Claims were to receive an aggregate distribution of Cash in an amount equal to approximately 32.73% of such Holders' Allowed Other Parent Claims, plus a share of interests in the Litigation Trust and, if elected by the individual Holder, the Creditors' Trust. Alternatively, a Holder of an Other Parent Claim was able to elect on its ballot to forego the interests in the Litigation Trust and the Creditors' Trust in order to receive a Cash distribution equal to approximately 35.18% of the amount of such Holder's Allowed Other Parent Claim.

The Debtor/Committee/Lender Plan has been modified to provide for two additional, alternative treatments for Other Parent Claims in addition to the original treatment options set forth in the December 2010 DCL Plan. The original treatments are set forth in Sections 3.2.6(c)(ii) and 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan. In summary, under the alternative treatments, rather than receiving a distribution of Cash, the Holders of Other Parent Claims may elect to receive a distribution comprised of a Strip (the options afforded to Holders of Other Parent Claims under the Debtor/Committee/Lender Plan are referred to herein as the "Other Parent Claim Alternative Treatment").

The default treatment for Other Parent Claims under the Debtor/Committee/Lender Plan has not been modified from the December 2010 DCL Plan. Specifically, Section 3.2.6(c)(iv) of the Debtor/Committee/Lender Plan provides that, **as a default treatment option**, a Holder of an Allowed Other Parent Claim will receive (a) an amount of Distributable Cash equal to 32.73% of the aggregate amount in U.S. dollars of its Allowed Other Parent Claim, (b) a Pro Rata share of the Bridge Settlement Proceeds from Distributable Cash, (c) if such Holder has not opted out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan, a Pro Rata share, calculated based upon the aggregate amount of Allowed Other Parent Claims the Holders of which do not opt out of making the assignment provided in Section 14.3.1 and that elect the treatment set forth in Section 3.2.6(c)(iii) or

Section 3.2.6(c)(iv), of the Class 1F Creditors' Trust Interests and (d) a Pro Rata share, calculated based upon the aggregate amount of Allowed Other Parent Claims the Holders of which elect the treatment set forth in Section 3.2.6(c)(iii) or Section 3.2.6(c)(iv), of the Class 1F Litigation Trust Interests.

The Plan Modifications add to the Debtor/Committee/Lender Plan two new alternative treatment options, which may be elected by the Holder of an Other Parent Claim by returning the form accompanying this Explanatory Statement for electing the Other Parent Claim Alternative Treatment (the "Other Parent Claim Election Form") as described herein. Under the Debtor/Committee/Lender Plan, each Holder of an Allowed Other Parent Claim may elect to receive the following in lieu of the default treatment option set forth in Section 3.2.6(c)(iv):

- Option 1: (a) an amount of Distributable Cash equal to 35.18% of the aggregate amount in U.S. dollars of its Allowed Other Parent Claim and (b) a Pro Rata share of the Bridge Settlement Proceeds from Distributable Cash;

- Option 2: subject to Section 5.4.2 of the Debtor/Committee/Lender Plan, (a) an amount of a Strip[78] that has an aggregate value equal to 35.18% of the aggregate amount in U.S. dollars of such Holder's Allowed Other Parent Claim and (b) a Pro Rata share of a Strip that has an aggregate value equal to the Bridge Settlement Proceeds; or

- Option 3: subject to Section 5.4.2 of the Debtor/Committee/Lender Plan, (a) an amount of a Strip that has an aggregate value equal to 32.73% of the aggregate amount in U.S. dollars of such Holder's Allowed Other Parent Claim, (b) a Pro Rata share of an amount of a Strip that has an aggregate value equal to the Bridge Settlement Proceeds, (c) if such Holder has not opted out of making the assignment provided in Section 14.3.1 of the Debtor/Committee/Lender Plan, a Pro Rata share, calculated based upon the aggregate amount of Allowed Other Parent Claims the Holders of which do not opt out of making the assignment provided in Section 14.3.1 and that elect the treatment set forth in Section 3.2.6(c)((iii) or Section 3.2.6(c)(iv), of the Class 1F Creditors' Trust Interests, and (d) a Pro Rata share, calculated based upon the aggregate amount of Allowed Other Parent Claims the Holders of which elect the treatment set forth in Section 3.2.6(c)(iii) or Section 3.2.6(c)(iv), of the Class 1F Litigation Trust Interests.

The Other Parent Claim Election Form is the exclusive means by which the Holder of an Other Parent Claim may elect to receive the alternative treatments under the Debtor/Committee/Lender Plan. If you wish to receive one of the treatments specified in Sections 3.2.6(c)(i), 3.2.6(c)(ii) or 3.2.6(c)(iii) of the Debtor/Committee/Lender Plan, you must complete the Other Parent Claim Election Form and return it to the Voting Agent no later than the Election Deadline (unless you previously elected to receive the treatment specified in Section 3.2.6(c)(i) and do not wish to change such election). Other Parent Claim Election Forms received by the Voting Agent after that date will be disregarded. If you previously elected, as part of the voting and election process on the Debtor/Committee/Lender Plan that occurred in December 2010 and January 2011, to receive the treatment specified in Section 3.2.6(c)(i), and you wish to continue to receive that treatment under the Debtor/Committee/Lender Plan on account of your Other Parent Claim, your prior election will remain valid unless you return the Other Parent Claim Election Form making a different treatment election.

---

[78] In Options 2 and 3 of the Other Parent Claim Alternative Treatment, as described in Part II.A above, the Strip available to Holders of Other Parent Claims consists of an amount of the New Senior Secured Term Loan, Distributable Cash, and New Common Stock in the same ratio as the distribution to Holders of Allowed Senior Noteholder Claims the value of which is calculated on the basis of an assumed total DEV of $6,870,000,000 (regardless of any finding by the Bankruptcy Court that total DEV is higher or lower).

C.     *Release Elections*

The release election form (the "Release Election Form") permits Holders of Claims that previously elected to grant (or were deemed to grant) the releases against third parties in Section 11.2.2 of the December 2010 DCL Plan to elect not to include (i) the Bridge Loan Agent and Bridge Lenders and/or (ii) solely with respect to Holders of Claims against Tribune Company, Disclaimed State Law Avoidance Claims against Released Stockholder Parties from the scope of such releases. Holders of Other Parent Claims will not receive a Release Election Form. However, Holders of Other Parent Claims that previously elected to grant (or were deemed to grant) the releases against third parties in Section 11.2.2 of the December 2010 DCL Plan will be permitted to elect not to grant the releases set forth above on their Other Parent Claim Election Form.

As described above, pursuant to the Plan Modifications, Holders of Claims or Interests that had previously elected to grant the releases in Section 11.2.2 are being given the opportunity to elect not to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the Section 11.2.2 releases. If you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the December 2010 DCL Plan and do not submit the Release Election Form electing not to include the Bridge Loan Agent (solely in its capacity as Bridge Loan Agent) and Bridge Lenders (solely in their capacity as Bridge Lenders) within the scope of the Section 11.2.2 releases, you will be deemed to have elected to release the Bridge Loan Agent and Bridge Lenders in accordance with Section 11.2.2 of the Debtor/Committee/Lender Plan.

In addition, the Plan Modifications further clarify that whatever ability to pursue the Disclaimed State Law Avoidance Claims exists may have reverted to individual creditors of Tribune Company, and, therefore, individual creditors, rather than Tribune Company's Estate, may be able to assert such Disclaimed State Law Avoidance Claims. In light of this clarification, the Debtor/Committee/Lender Plan Proponents have amended Section 11.2.2 of the Debtor/Committee/Lender Plan to clarify that any Holder of a Claim against Tribune Company that elected to grant the releases in that section will be provided the opportunity to reconsider their release of claims that would otherwise constitute Disclaimed State Law Avoidance Claims against Released Stockholder Parties. If you previously elected to grant (or were deemed to grant) the releases in Section 11.2.2 of the December 2010 DCL Plan and do not submit the Release Election Form electing not to release your Disclaimed State Law Avoidance Claims against Released Stockholder Parties, you will be deemed to have elected to release such Disclaimed State Law Avoidance Claims against Released Stockholder Parties in accordance with Section 11.2.2 of the Debtor/Committee/Lender Plan.

Under the December 2010 DCL Plan and the balloting procedures that accompanied it, a Holder of a Claim elected to grant the releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan by (i) voting to accept the Debtor/Committee/Lender Plan and not opting out of granting the releases in Section 11.2.2, (ii) voting to reject the Debtor/Committee/Lender Plan but opting to grant the releases in Section 11.2.2, (iii) being deemed to accept the Debtor/Committee/Lender Plan and having been provided an opportunity but not opting out of granting the releases in Section 11.2.2, or (iv) otherwise agreeing to grant the releases in Section 11.2.2. **The Release Election Form only applies to Holders of Claims that previously granted (or were deemed to grant) the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan. If you did not grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, you can disregard the Release Election Form.**

D.    *Election Not to Transfer Disclaimed State Law Avoidance Claims*

As described above, in the Plan Modifications, the Debtor/Committee/Lender Plan Proponents made certain clarifications to the provisions regarding Disclaimed State Law Avoidance Claims. Previously, Disclaimed State Law Avoidance Claims were LBO-Related Causes of Action arising under state fraudulent conveyance law that could have been asserted by the Debtors or the Debtors' Estates pursuant to section 544(b) of the Bankruptcy Code against the Step Two Selling Stockholders with respect to funds received by the Step Two Selling Stockholders in their capacities as such. As modified, the definition of Disclaimed State Law Avoidance Claims includes any and all LBO-Related Causes of Action arising under state fraudulent conveyance law that existed in favor of any Holder of a Claim prior to the Petition Date against Selling Stockholders (not just Step Two Selling Stockholders), solely in the Selling Stockholder's capacity as such and solely with respect to funds received in their capacities as such. As described above, given the change to the definition of Disclaimed State Law Avoidance Claims, the Debtor/Committee/Lender Plan Proponents are providing Holders of Claims against Tribune Company with an opportunity to reconsider whether they wish to transfer any Disclaimed State Law Avoidance Claims[82] they may have to the Creditors' Trust established under the Debtor/Committee/Lender Plan. The creditors' trust election form (the "Creditors' Trust Election Form") permits Holders of Claims against Tribune Company other than Senior Noteholder Claims and Other Parent Claims to elect not to transfer any Disclaimed State Law Avoidance Claims against Selling Stockholders that such Holders may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan. Holders of Senior Noteholder Claims and Other Parent Claims may make such election on their Senior Noteholder Election Form or Other Parent Claim Election Form, as applicable.

If you elect not to transfer your Disclaimed State Law Avoidance Claims against Selling Stockholders to the Creditors' Trust, you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims against Selling Stockholders, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims against Selling Stockholders to the Creditors' Trust under the Debtor/Committee/Lender Plan in exchange for Creditors' Trust Interests and will not be able to pursue your Disclaimed State Law Avoidance Claims against Selling Stockholders directly. For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Debtor/Committee/Lender Plan.

**If you do not submit the Creditors' Trust Election Form or other applicable Election Form electing not to transfer any Disclaimed State Law Avoidance Claims against Selling Stockholders you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan and have not previously elected not to transfer such Disclaimed State Law Avoidance Claims to such Creditors' Trust, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Debtor/Committee/Lender Plan.**

**IF YOU PREVIOUSLY ELECTED NOT TO TRANSFER YOUR DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUST ESTABLISHED UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, YOUR PREVIOUS ELECTION REMAINS VALID AND YOU DO NOT NEED TO SUBMIT THE CREDITORS' TRUST ELECTION FORM**

---

[82] As noted in footnote 6-7, in no event shall Disclaimed State Law Avoidance Claims against Released Stockholder Parties be transferred to the Creditors' Trust.

**OR MAKE SUCH ELECTION ON YOUR SENIOR NOTEHOLDER ELECTION FORM OR OTHER PARENT CLAIM ELECTION FORM IF APPLICABLE.**

### Special Instructions for Holders of PHONES Notes Claims Only[10]

~~If you previously elected~~The election of a Holder of a PHONES Notes Claim not to transfer ~~your~~its Disclaimed State Law Avoidance Claims to the Creditors' Trust (established under the Debtor/Committee/Lender Plan~~, your previous election remains valid, and you do not need to submit the Creditors' Trust Election Form or make such election on your Senior Noteholder Election Form or Other Parent Claim Election Form if applicable.~~ ) will be valid only if such Holder has electronically delivered its PHONES Notes, as of the Election Deadline, into the ATOP System. Only the Nominee of a Holder of a PHONES Notes Claim can submit the election on such Holder's behalf.

Holders of PHONES Notes Claims that elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan pursuant to the Creditors' Trust Election Form and electronically deliver their PHONES Notes into the ATOP System can withdraw their PHONES Notes from the ATOP System up to and until the Election Deadline. However, following the Election Deadline, such PHONES Notes will not be freely tradable.

If a Holder of a PHONES Notes Claim elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan but fails to comply with the procedures for making such election set forth above, such Holder will be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims pursuant to the Debtor/Committee/Lender Plan.

**IF YOU PREVIOUSLY ELECTED NOT TO TRANSFER YOUR DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO THE CREDITORS' TRUST ESTABLISHED UNDER THE DEBTOR/COMMITTEE/LENDER PLAN, YOUR PREVIOUS ELECTION REMAINS VALID, AND YOU DO NOT NEED TO SUBMIT THE CREDITORS' TRUST ELECTION FORM.**

---

[10] The instructions described herein only apply to Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims. Holders of PHONES Notes Exchange Claims wishing to elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan who have not previously done so must return the Creditors' Trust Election Form directly to the Voting Agent on or before June 30, 2011.