IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : Hearing Date: June 28, 2011 @2:00 P.M. |
| Debtors | : Objection Deadline: June 9, 2011 |
| | : |

## NOTICE OF MOTION

TO: DEBTOR, TRUSTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS

PLEASE TAKE NOTICE that JEWEL FOOD STORES, INC. ("Jewel"), ALBERTSON'S, LLC ("Albertson's"), NEW ALBERTSON'S, INC. ("New Albertson's") and SUPERVALU INC. ("SUPERVALU"),hereby present their Motion to Allow Late Claim and for Relief from the Automatic Stay (the "Motion").

If you oppose the Motion or if you want the court to consider your views regarding the Motion, you must file a written response with the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 detailing your objection or response by the objection deadline of **June 9, 2011.** You must also serve a copy of your response upon the following:

Charles C. Brown, III (#3368)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: (302) 777-4350/Fax: (302) 777-4352
(cbrown@archerlaw.com)

THE HEARING IS SCHEDULED FOR JUNE 28, 2011 AT 2:00 P.M. IN COURTROOM 6, ON THE 5TH FLOOR OF THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.

IF YOU DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

ARCHER & GREINER, P.C.

Dated: April 20, 2011

By: */S/ Charles J. Brown, III*
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Counsel to Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc. and Supervalu, Inc.*

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : Hearing Date: June 28, 2011 @2:00 P.M. |
| Debtors | : Objection Deadline: June 9, 2011 |
| | : |

**MOTION OF JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW
ALBERTSON'S, INC., AND SUPERVALU, INC.
TO ALLOW LATE FILED CLAIM AND
FOR RELIEF FROM THE AUTOMATIC STAY**

Movants, JEWEL FOOD STORES, INC. ("Jewel"), ALBERTSON'S, LLC ("Albertson's"), NEW ALBERTSON'S, INC. ("New Albertson's") and SUPERVALU INC. ("SUPERVALU"), respectfully request that this Honorable Court grant this Motion to Allow Late Filed Claim and for Relief from the Automatic Stay (the "Motion"). In support of their Motion, Movants states as follows:

### Background

1. Movants are companies with business operations in numerous states including the state of Illinois.

2. On or about July 7, 2009, after the claims bar date had already passed, Joan Johnson commenced an action (the "State Court Action") by filing a Complaint at in the Circuit Court for Cook County Illinois Law Division against Movants alleging *inter alia* that she was injured as a result of a trip-and-fall incident that occurred at the Jewel store located at 1202 State Street, Lemont, Illinois on June 7, 2008. Movants filed their answer thereto and denied all material allegations contained therein. Joan Johnson claims to have tripped over newspaper packaging material in her complaint. At or around the time of the alleged occurrence, it was the duty of the Debtors, specifically the Tribune Company, by and through duly authorized agents,

servants, and/or employees, to properly package, bundle, distribute and deliver the newspapers so as not to cause injury to anyone, including Joan Johnson, who was lawfully on Movants' premises.

3. On or about May 3, 2010, Movants' state court counsel, unaware of the Debtor's bankruptcy, filed a third-party complaint against the Debtor.

4. The Debtor obtained counsel in connection with the State Court Action. On or about, October 15, 2010, the Debtor's State Court Counsel, made an indemnification demand against Movants' co-defendants, Frank Gluting, F&G News and their insurers. A copy of this indemnification demand is attached hereto as Exhibit A.

5. On or about December 6, 2010, Indiana Insurance responded to the indemnification demand by stating that the limits of Frank Gluting's policy was $300,000.00. Indiana Insurance advised the Debtors that Joan Johnson had agreed to limit her claim against the Debtor to the insurance policy limits of $300,000.00. A copy of this letter is attached hereto as Exhibit B.

6. Movants understand that Indiana Insurance has provided all of the Debtor's defense costs in the State Court Action that have been incurred to date.

7. Movants are seeking leave to file a late claim, which would be caped at the limits of available insurance policies.

8. Several months ago, Movants moved for relief from stay and after having been provided multiple extensions for the response deadline, the Debtor objected to the Movants' request, which also only sought to pursue available insurance on the basis that the basis that the Debtor had a $1million deductible and would have to pay defenses costs and also claimed that stay relief should be denied because there was not a timely filed proof of claim. However, as set

forth above, the parties have agreed to cap their claims against the Debtor to the extent of available insurance and contrary to the Debtor's earlier assertion, there is insurance coverage available in addition to the $1million deductible policy and the Debtor's defenses costs will be covered.

### Allowance of Late Filed Claim

9. The claims bar date in this matter was June 12, 2009 and notice of this was sent on April 13, 2009. Movants, however, were not aware of this claim as of either date. Indeed, it was not until approximately a full year after the claims bar date had passed that Movants' State Court counsel pursued a third party claim against the Debtor.

10. The very nature of the claim at issue here, a personal injury type claim, is one where a creditor would have a difficult if not impossible time filing within the limits of the bar date unless the personal injury plaintiff had filed his or her complaint before the bar date.

11. Moreover, the nature of a personal injury claim and the counsel that will typically defend such claim, i.e., insurance defense counsel, is such that neither plaintiff's counsel nor defense counsel will be aware of a bankruptcy filing when considering a potential third-party complaint.

12. The Court may extend the period in which a proof of claim may be filed if the late filing resulted from excusable neglect. A finding of excusable neglect is based on equity and depends on the particular circumstances and facts of the case. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Under the excusable neglect analysis, the Court must consider a number of factors. The most significant factor is the prejudice to the parties which involves much more than whether a claims a that was not previously filed will be allowed. The prejudice analysis involves "whether the

debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; whether the payment of the claim would force the return of amounts already paid out under the confirmed Plan or affect the distribution to creditors; whether payment of the claim would jeopardize the success of the debtor's reorganization; whether allowance of the claim would adversely impact the debtor actually or legally; and whether allowance of the claim would open the floodgates to other future claims." *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr.Del., 2006) *Pro-Tec Serv., LLC v. Inacom Corp. (In re Inacom Corp.)*, No. 00-2426, 2004 WL 2283599 *4 (D.Del. October 4, 2004) *(citing Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 126-28 (3d Cir.1999)).

13. Because Movants are not seeking assets of the Debtor directly and only the insurance proceeds, the Debtors will not be adversely affected.

14. Another factor to be considered is whether the failure to timely file a proof of claim was excusable and in this case it clearly was since the Movants were not aware of the lawsuit until after the bar date and even then, were not immediately on notice of the bankruptcy proceedings. Therefore, Movants can be excused for believing that they did not have any claims that required prosecution as of the Bar Date arising out of the State Court Action.

15. Moreover, the floodgates scenario will also not come into play because leave to file the late claim is only to pursue available insurance and that claim arose after the bar date. Even if the Debtor were to face a flood of these type of late claims, there is no prejudice to the Debtor's estate so it is just irrelevant.

## Relief from the Automatic Stay

16. The automatic stay provision of the bankruptcy code, 11 USC § 362 (a) states as follows:

> "A Petition filed under section 301 [voluntary Petition]... operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process for a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title..."

Therefore, in accordance with the bankruptcy code, upon the filing of the Debtors' Chapter 11 bankruptcy proceedings, the automatic stay went into effect.

17. Under 11 USC § 362 (d), cause exists to modify the automatic stay to allow Movants to proceed with third-party complaint against the Debtors to its final resolution. *In re: Donington, Karcher, Salmond & Rainone, P.A.*, 194 B.R. 750 (D.C.NJ 1996). (To determine whether "good cause" exists to modify an automatic stay, Courts conduct a balancing test in which the interest of the debtors estate is balanced against the hardship that will be incurred by the Movants.) *Id.* at 761.

18. Upon information and belief, Debtors were insured under a commercial liability policy during all times relevant to Movants' third-party claim. Upon information and belief, the Debtors were also insured under an umbrella insurance policy and upon further information and belief, the Debtors are also an additional insured under the insurance policies maintained by its third-party co-defendant FRG Management, Inc.

19. Permitting Movants to pursue their third-party claims to its final resolution would be the most efficient manner to liquidate Movants' third party claim against the Debtors.

20. Movants will experience significant hardship if the automatic stay is not modified, since their claim and ultimate recovery against not only Debtors, but all parties, will be unnecessarily delayed.

21. The balance of the equities favors this Honorable Court's modification of the automatic stay to permit the Movants to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to the extent of applicable insurance proceeds.

WHEREFORE, Movants respectfully requests that this Honorable Court modify the automatic stay under 11 USC § 362 to permit the Movants to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to the extent of applicable insurance proceeds.

ARCHER & GREINER, P.C.

Dated: May 16, 2011

By: /S/ Charles J. Brown, III
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Counsel to Counsel to Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc. and Supervalu, Inc.*

# EXHIBIT "A"

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone: 312.345.1718
Fax: 312.345.1778
www.lbbslaw.com

MICHAEL HAGGERTY
DIRECT DIAL: 312.463.3353
E-MAIL: mhaggerty@lbbslaw.com

October 15, 2010

File No.
30345-02

*Via Facsimile (603-334-9766)*
John Potter
Law Offices of Meachum & Starck
225 W. Washington Street
Suite 1400
Chicago, IL 60606

Re: <u>F. Joan Johnson vs. Jewel vs. Tribune Company Case</u>
Court No.: 09 L 007842
D/L: June 7, 2008
Claim No. 001412-008800-GB-01

Dear Mr. Potter:

As you know, we represent Chicago Tribune Company in the lawsuit filed by F. Joan Johnson in the Circuit Court of Cook County, Illinois, Case No. 09 L 7842. On behalf of Chicago Tribune Company, we hereby tender the defense and indemnity of Chicago Tribune Company to Frank Gluting, F&G News and their insurers. The Chicago Tribune Company is named as a Third-Party Defendant in this lawsuit. Plaintiff alleges that on the date in question, July 7, 2008, F. Joan Johnson suffered injuries while walking through the Jewel-Osco, located at 1202 State Street, Lemont, Illinois. The Complaint filed by F. Joan Johnson; the Third-Party Complaint filed by Jewel Food Stores, Inc., Albertson's LLC, new Albertson's, Inc. and Supervalu, Inc. against Chicago Tribune Company and others; the Answers and Affirmative Defenses filed by Chicago Tribune Company to the Third-Party Complaint and First Amended Third-Party Complaint; and the Chicago Tribune Company's Independent Distributor Contractor Agreement with Frank Gluting d/b/a F&G News singed by Mr. Gluting on April 11, 2008 and effective on April 14, 2008, provide the bases for this tender. If you need copies of any of these documents, please let me know and I will provide them to you.

The Independent Distributor Contractor Agreement provides for distribution of newspapers to certain locations. Exhibit 1, page 4 to the independent distributor contractor agreement lists Osco, located at 1202 S. State, the location of the incident at issue, as one of the locations Mr. Gluting distributed newspapers.

The Independent Distributor Contractor Agreement provides in Section 8, "General Distribution Obligations Applicable to all Locations", specifically under "Miscellaneous, sub-paragraph m.", that the "contractor is responsible for any waste or trash resulting from publications provided by CTC to contractor." Based on the allegations in Plaintiff's Complaint, Plaintiff tripped or slipped on a band used to bundle

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS
NEW YORK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4851-2189-1335.1

John Potter
October 15, 2010
Page 2

newspapers. Per sub-paragraph m., and pursuant to the deposition testimony of Frank Gluting, when he testified that he purchases all bands used to bundle newspapers, that the Chicago Tribune Company does not provide him with bands, and that the Chicago Tribune Company instructed him to discard any bands after usage, that Mr. Gluting, or one of his employees or sub-contractors, was responsible for discarding these bands after the distribution of newspapers to the Osco located at 1202 S. State, Lemont, Illinois.

Paragraph 25 of the Independent Distributor Contractor Agreement provides as follows:

> Contractor agrees to indemnify CTC and holds CTC harmless from all claims, losses and expenses arising from or related to contractors performance or non-performance of its obligations under this Agreement (as well as the performance of obligations through contractor's employees and sub-contractors). This indemnification and hold harmless includes, without limitation, those attributable to tax compliance, any death, personal injury or property damage suffered by any delivery location, contractor, contractor's employees and sub-contractors and any other person or entity, unless such claim, loss or expense is caused the willful conduct of CTC. CTC will not be responsible or liable for any act or failure to act on the part of contractor or contractor's employees or contractors.

Paragraph 16(b) requires Frank Gluting to provide general liability business insurance covering all operations and premises "in an amount at least equal to $500,000 bodily injury per person, $1 million bodily injury per each occurrence . . ."

Please provide the contact information for each and every insurer as soon as possible so that they can be put on notice of the claims alleged against Chicago Tribune Company in the Third-Party Complaint referenced above. I expect that you will notify American States Insurance Company, whom you recently listed as an insurer, in your answers to co-defendant's interrogatories.

Please also consider this correspondence to be Chicago Tribune Company's demand for complete and full indemnification and defense per the terms of Section 25 of the Agreement. Additionally, Chicago Tribune Company has already incurred attorney's fees and expenses in connection with the defense of the Third-Party Complaint referenced above, and hereby requests reimbursement for same per the terms of Paragraph 25.

Please acknowledge receipt of this tender letter in writing. Please contact me should you have any questions or suggestions on how to proceed with the indemnification of Chicago Tribune Company in this matter.

Sincerely,

*Michael S. Haggerty*

Michael S. Haggerty for
LEWIS BRISBOIS BISGAARD & SMITH LLP

MSH:slt

4851-2189-1335.1

# EXHIBIT "B"



**Indiana Insurance.**
Member of Liberty Mutual Group

Michigan-Wisconsin Regional Office
P.O. Box 815
Pewaukee, WI 53072
Phone 800-242-7420
Fax 877-642-3611

December 6, 2010         CERTIFIED MAIL


Trusted Choice®

MICHAEL S. HAGGERTY
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST ADAMS STREET, SUITE 300
CHICAGO IL 60661

Reservation of Rights

Your Client:     Chicago Tribune Company
Your File:       001412-008800-GB-01
Plaintiff:       F. Joan Johnson
Claim No:        136815534026
Insured:         Frank Gluting
Date of Loss:    6-7-08
UW Company:      American States Insurance Company

Dear Mr. Haggerty:

This letter is in response to your letter of October 15, 2010. We are the insurance carrier for Frank Gluting. He carried coverage through American States Insurance Company. Policy 01-CH-460460-1, effective June 8, 2007 through June 8, 2008. The Commercial General Liability limits are $300,000 for each occurrence and $300,000 General Aggregate Limit.

Your letter was tendering the defense and indemnity of F. Joan Johnson's lawsuit to our Insured. Mr. Gluting's policy carried endorsement CG2026 (07/04), Additional Insured – Designated Person or Organization. This endorsement states:

> **Section II-Who is An Insured** is amended to include as an additional the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> A. In the performance of your ongoing operations: or
> B. In the connection with your premises owned by or rented by you.

**Indiana Insurance member underwriting companies:** (Not all companies may be licensed in all states.)
American Economy Insurance Company, American States Insurance Company, American Fire and Casualty Company, American States Preferred Insurance Company, Consolidated Insurance Company, First National Insurance Company of America, General Insurance Company of America, Hawkeye-Security Insurance Company, Indiana Insurance Company, The Midwestern Indemnity Company, The Netherlands Insurance Company, The Ohio Casualty Insurance Company, Ohio Security Insurance Company, Peerless Indemnity Insurance Company, Peerless Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco National Insurance Company, and West American Insurance Company.

At this time we do not know who left the band that caused the Plaintiff's injury. We also do not know for sure it was a band from the Chicago Tribune newspaper. Therefore, we cannot state for certainty that the injury was caused in whole or in part by my Insured or those acting on his behalf.

Also I must alert you to the fact that our insurance policy has a maximum of $300,000 in coverage. I am aware that the Independent Distributor Contractor Agreement requires minimum limits of $500,000.

It is my understanding that Ms. Johnson's attorney has agreed to limit the liability against the Chicago Tribune Company and Frank Gluting to the limits of $300,000. If this is acceptable to your Client we are willing to accept the tender without reservation.

Sincerely,

Jill Kaestner, SCLA
Sr. Claims Specialist II-CL
1-800-242-7420
American States
Cc: John Potter, James T. Shanahan Agency Inc.

Indiana Insurance member underwriting companies:
Indiana Insurance Company, Hawkeye-Security Insurance Company, Peerless Insurance Company, The Netherlands Insurance Company,
The Midwestern Indemnity Company, Peerless Indemnity Insurance Company, Consolidated Insurance Company.
(Not all companies may be licensed to sell in all states.)

## CERTIFICATE OF SERVICE

I hereby certify that on this date service of a true and correct copy of *Motion of JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. to Allow Late Filed Claim and for Relief from Automatic Stay and Plan Injunctions* was made by CM/ECF and/or United States Postal Service First Class Mail, postage pre-paid on the following:

J. Kate Stickles
Cole, Schotz, Meisel, Forman & Leonard,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

ARCHER & GREINER, P.C.

Dated: May 16, 2011

By: */S/ Charles J. Brown, III*
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : |
| Debtors | : |
| | : |

### ORDER

Upon consideration of *The Motion of JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. to Allow Late Filed Claim and for Relief from the Automatic Stay*, it is hereby ORDERED and DECREED that the Motion is GRANTED and that the claim is allowed and the stay is lifted such that Movants are permitted to proceed with their third-party complaint in the Circuit Court for Cook County Illinois Law Division to its final resolution to the extent of applicable insurance proceeds.

Dated: _____       _____
                              HONORABLE KEVIN J. CAREY

6663754v1