IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br>Adversary Proceeding No. 10-54010 (KJC)<br><br>Related to D.I. Nos. 8866 & 8914 |
| THE OFFICIAL COMMITTEE OF UNSECURED OF TRIBUNE COMPANY, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS J. FITZSIMONS, et al. | Adv. No. 10-54010 (KJC)<br><br>Hearing Date: May 17, 2011 at 10:00 a.m.<br>Related to D.I. Nos. 113 & 119 |

**LIMITED OBJECTION OF MERRILL LYNCH TO THE (1) MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR A PROTECTIVE ORDER AND (2) LIMITED RESPONSE OF THE AURELIUS PLAINTIFF GROUP TO SUCH MOTION**

Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by its attorneys Kaye Scholer LLP and Potter Anderson & Corroon LLP, submit this limited objection (the "Limited Objection") to the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") for a protective order [D.I. 8866] and to the limited response (the "Aurelius Response") of Aurelius Capital Management, LP, Deutsche Bank Trust Company and Law Debenture Trust Company of New York (the "Aurelius Plaintiff Group") to the Motion [D.I. 8914].

1. Merrill Lynch does not object to the Court granting a protective order to the Committee to govern the disclosure and use of documents sought by the Aurelius Plaintiff Group. However, Merrill Lynch does object to the Motion on the ground that the draft confidentiality agreement submitted as Exhibit A to the Aurelius Response (the "<u>Draft Confidentiality Agreement</u>") fails to "appropriately protect the legitimate interests of the Subpoenaed Parties (as defined in the Motion) and the Committee in protecting confidential information" as contemplated by the Motion at ¶ 19. Specifically, certain provisions of the Draft Confidentiality Agreement fail to provide Merrill Lynch a reasonable opportunity to protect its confidential information. Additionally, the use of the term "related proceedings" in the Draft Confidentiality Agreement is vague and ambiguous.

2. On Friday, May 13, 2011, the Committee circulated a memorandum (the "<u>Memorandum</u>"), attached hereto as Exhibit 1, which included the Draft Confidentiality Agreement, attached hereto as Exhibit 2. The Memorandum was addressed to entities, such as Merrill Lynch, that had been subpoenaed for information by the Committee in the above-captioned adversary proceeding and whose confidential information the Aurelius Plaintiff Group, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, has subpoenaed from the Committee. In the Memorandum, the Committee advised Merrill Lynch and other similarly situated entities to review and, if necessary, take steps to protect the confidentiality of the information that Merrill Lynch provided to the Committee.

### The Draft Confidentiality Agreement Fails to Adequately Protect the Confidentiality of Merrill Lynch Documents

3. Sections 7, 8 and 9 of the Draft Confidentiality Agreement shift, from Merrill Lynch to the Committee, various core rights that are necessary and customary in order for Merrill Lynch to protect the confidentiality of its documents from improper disclosure. As

currently drafted, the Draft Confidentiality Agreement ignores the fact that Merrill Lynch has the greatest interest and concern over the use and protection of its confidential documents. Merrill Lynch has attached a redline version of the Draft Confidentiality Agreement, incorporating Merrill Lynch's proposed changes, as Exhibit 3 to this Limited Objection. The proposed changes by Merrill Lynch to the Draft Confidentiality Agreement will allow the original person or entity that produced confidential information to the Committee to protect their confidential information after disclosure to the Aurelius Plaintiff Group.

4. Pursuant to section 7 of the Draft Confidentiality Agreement, the Aurelius Plaintiff Group may, upon consent of the "Producing Party," *i.e.*, counsel for the Committee, allow disclosure of confidential Merrill Lynch information. Neither the Committee nor its counsel should be allowed to consent to the disclosure of confidential Merrill Lynch information. Counsel for Merrill Lynch—not the Committee—is the Merrill Lynch representative that should be authorized to communicate Merrill Lynch's consent to allow disclosure of its confidential information. Accordingly, Merrill Lynch respectfully requests that Section 7 of the Draft Confidentiality Agreement be revised, as set forth in section 7 of Exhibit 3, to replace the term "Producing Party" with the term "Originating Party" where the term "Originating Party is defined as "the person or entity that provided the confidential documents to the Committee that will be produced in response to the Subpoena."

5. Pursuant to sections 8 and 9 of the Draft Confidentiality Agreement, to the extent Aurelius seeks to challenge a confidentiality designation of a Merrill Lynch document or a third party seeks production of confidential Merrill Lynch information from Aurelius, the agreement requires the Aurelius Plaintiff Group to contact the "Producing Party," *i.e.*, counsel for the Committee—not Merrill Lynch. Thus, under the Draft Confidentiality Agreement, Merrill

Lynch's ability to protect its own confidentiality information is constrained by notice and coordination with the Committee as opposed to direct communications between the Aurelius Plaintiff Group and Merrill Lynch.

6.  An additional concern is that the Committee may be dissolved prior to the conclusion of any State-Law Actions (as defined in the Draft Confidentiality Agreement), including appeals. In order to ensure that Merrill Lynch's rights are adequately protected, the Draft Confidentiality Agreement should be revised, as set forth in sections 8 and 9 of Exhibit 3, so as to ensure that Merrill Lynch is contacted directly by the Aurelius Plaintiff Group for challenges to the confidentiality designations of Merrill Lynch documents or requests for disclosure of confidential Merrill Lynch information. Accordingly, Merrill Lynch requests that sections 8 and 9 of the Draft Confidentiality Agreement be revised to provide (1) any Originating Party with direct notice of any challenge by the Aurelius Plaintiff Group to the confidentiality designation of any Originating Party's document and (2) direct notice from the Aurelius Plaintiff Group if a third party seeks production of any Originating Party's confidential documents.

### The Term "Related Proceedings" in the Draft Confidentiality Agreement Is Vague and Ambiguous

7.  The term "related proceedings," as used in section 2 of the Draft Confidentiality Agreement,[1] is vague and ambiguous and fails to provide Merrill Lynch sufficient notice of how the Aurelius Plaintiff Group intends to use Merrill Lynch's confidential documents.

---

[1]  Section 2 of the Draft Confidentiality Agreement states:

> All Documents that the Producing Party produces in response to the Subpoena, including Documents identifying parties who subsequently may be named as parties in the State-Law Actions, will be used solely in connection with the State-Law Actions and related proceedings. All Confidential Information furnished, disclosed or made known to the Requesting Party or its local counsel by the Producing Party or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Requesting Party or its local counsel or any of their Advisors that contains, reflects or is derived from the Confidential Information, shall

8.  Pursuant to sections 2, 6, 10 and 11 of the Draft Confidentiality Agreement, the Aurelius Plaintiff Group is permitted to use Merrill Lynch documents in "State-Law Actions and related proceedings." The Draft Confidentiality Agreement does not, however, provide any definition of the term "related proceedings." The language "related proceedings" is, therefore, vague and ambiguous and does not provide sufficient notice as to how the Aurelius Plaintiff Group may use confidential Merrill Lynch documents.

9.  Based on discussions with counsel for the Committee, Merrill Lynch understands that the term "related proceedings," as used in the Draft Confidentiality Agreement, is intended to mean collection or attachment proceedings instituted in connection with a State-Law Action. If so, the Draft Confidentiality Agreement should clearly and unambiguously define the term "related proceedings." Merrill Lynch proposes that the term "related proceedings" be defined to mean "attachment and collection proceedings commenced to preserve assets or collect on a judgment in connection with a State-Law Action." See section 2 of Exhibit 3.

---

be used by Requesting Party and its local counsel solely and exclusively in connection with the State-Law Actions and related proceedings. The Requesting Party and its local counsel and each of their Advisors shall each carry out its obligations hereunder using a reasonable degree of care."

**WHEREFORE**, Merrill Lynch respectfully requests that this Court grant the Motion only if the relief sought by the Committee is modified as set forth in Exhibit 3 of this Limited Objection.

Dated:   May 16, 2011
         Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Laurie Selber Silverstein (DE Bar No. 2396)
R. Stephen McNeill (DE Bar No. 5210)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

-and-

**KAYE SCHOLER LLP**
Madlyn Gleich Primoff
Jane W. Parver
Joseph M. Drayton
425 Park Avenue
New York, New York 10022

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated*