# EXHIBIT 1

 **ZUCKERMAN SPAEDER** LLP

# Memorandum

**To:** Subpoenaed Parties

**From:** Official Committee of Unsecured Creditors of Tribune Company

**Date:** May 13, 2011

**Re:** Update on Notice of Request for Subpoenaed Information in *Official Committee of Unsecured Creditors v. FitzSimons, et al.*, Adv. Pro. No. 10-54010 (Bankr. D. Del.) (KJC)

---

This memorandum provides you an update from the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company regarding the Committee's response to the April 29 subpoena from certain Tribune creditors (the "Aurelius Plaintiff Group")[1] for information (the "Subpoenaed Information") that you and other parties produced to the Committee pursuant to confidentiality agreements (the "Confidentiality Agreements").

On May 9, 2011, the Committee filed a motion (the "Motion") seeking a protective order that would condition production of the Subpoenaed Information on agreement by the Aurelius Plaintiff Group and other parties to substantially the same confidentiality conditions that currently protect that information. We did this to establish a process by which parties who produced Subpoenaed Information to the Committee and who want to prevent or limit its disclosure have an opportunity to address the Court. We sent the Motion and an explanatory memo to you on May 9.

The Court has agreed to hear the Motion on May 17, 2011 at 10 a.m. If you wish to file a written response to the Motion, you must file it with the Bankruptcy Court by May 16, 2011, at 5 p.m. You may of course appear on May 17 to be heard on the Motion.

The Confidentiality Agreements generally require that, when the Committee gets a lawful request for the Subpoenaed Information (as has occurred here), the Committee provide you notice (as we did on May 9) and not produce the information until you have had ten (10) business days to seek relief from the Bankruptcy Court to prevent or limit disclosure. Accordingly, notwithstanding the hearing on May 17, the Committee will not produce the Subpoenaed Information before May 25.

In addition, the Confidentiality Agreements require that the Committee use its best efforts to negotiate a confidentiality agreement with the Aurelius Plaintiff Group that provides

---

[1] The Aurelius Plaintiff Group consists of Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as successor Indenture Trustee for certain series of Senior Notes by the Tribune Company, and Law Debenture Trust Company of New York.



May 13, 2011
Page 2

"substantially the same protections" as the Confidentiality Agreements. Pursuant to that requirement, we used our best efforts to negotiate confidentiality restrictions with the Aurelius Plaintiff Group that meet that "substantially the same" standard.

The Aurelius Plaintiff Group has now filed a response (the "Aurelius Response") to the Motion that includes a form of a confidentiality agreement containing the terms it is willing to accept following our negotiations. We have enclosed that submission for your review. Should you conclude that the confidentiality provisions reflected in the Aurelius Response are sufficient, you do not need to do anything. Should you believe that the confidentiality protections in the Aurelius Response are not "substantially the same" as those in the Confidentiality Agreements or are otherwise unsatisfactory to you, you should take such steps as you deem appropriate to protect the confidentiality of the information you produced to the Committee, including by filing a response to the Motion and/or the Aurelius Response, attending the May 17 hearing, or otherwise seeking relief from the Bankruptcy Court.

Absent an order from the Bankruptcy Court that relieves or limits the Committee's obligation to respond to the subpoena from the Aurelius Plaintiff Group, the Committee intends to produce the Subpoenaed Information on May 25, 2011, subject to the confidentiality restrictions set forth in the confidentiality agreement attached to the Aurelius Response and/or any such further restrictions as are imposed by the Bankruptcy Court.

Thank you for your continued attention to this matter.

Enclosure

Error! Unknown document property name.