IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 8754** |

## ORDER APPROVING (I) FORM, SCOPE AND PROCEDURES TO (A) PROVIDE HOLDERS OF SENIOR LOAN CLAIMS AND SENIOR GUARANTY CLAIMS WITH OPPORTUNITY TO CHANGE VOTES ON DEBTOR/COMMITTEE/LENDER PLAN; (B) ALLOW HOLDERS OF SENIOR NOTEHOLDER CLAIMS AND OTHER PARENT CLAIMS TO MAKE NEW TREATMENT ELECTIONS; (C) ALLOW HOLDERS OF CLAIMS THAT PREVIOUSLY GRANTED CERTAIN RELEASES TO MAKE ELECTIONS CONCERNING SUCH RELEASES AS MODIFIED; AND (D) ALLOW HOLDERS OF CLAIMS AGAINST TRIBUNE COMPANY TO OPT OUT OF TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN; AND (II) SUPPLEMENT TO DISCLOSURE STATEMENT AND EXPLANATORY STATEMENT AND DISTRIBUTION OF SAME

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon the Motion[2] of the Debtors for entry of an order pursuant to sections 105(a), 1125, 1126 and 1127 of the Bankruptcy Code and Bankruptcy Rules 2002, 3018 and 3019 (i) approving the form, scope and procedures for providing Holders of Senior Loan Claims and Senior Guaranty Claims with the opportunity to change their votes to accept or reject the Second Amended Joint Plan of Reorganization for the Debtors proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified), which was filed with the Bankruptcy Court on April 5, 2011 [Docket No. 8580] (the "Debtor/Committee/Lender Plan"); (ii) approving the form, scope and procedures for allowing the Holders of Senior Noteholder Claims and Other Parent Claims to make elections to receive new treatment options for such Claims under the Debtor/Committee/Lender Plan that are in addition to the treatment options provided for such claims under previous versions of that plan; (iii) approving the form, scope and procedures for allowing the Holders of Claims that previously elected to grant certain releases provided for in the Debtor/Committee/Lender Plan to make additional elections concerning the scope of those releases that result from post-solicitation modifications made to the Debtor/Committee/Lender Plan; (iv) approving the form, scope and procedures for allowing the Holders of Claims against Tribune Company to reconsider and, if they wish, opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan; and (v) approving the Supplemental Disclosure Statement and the Explanatory Statement; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and that this matter is a core proceeding within the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

46429/0001-7605246v2

meaning of 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interest of the Debtors and their estates, and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Supplemental Disclosure Statement is approved as a supplement to the previously-approved disclosure statement respecting the Debtor/Committee/Lender Plan, pursuant to section 1125 of the Bankruptcy Code; and it is further

ORDERED, that the Explanatory Statement, which will be substantially in the form attached hereto as Exhibit H, is approved for distribution to the Holders of Claims as set forth in the Motion for the purpose of facilitating the consideration by such Holders of treatment, release and Creditors' Trust opt-out elections under the Debtor/Committee/Lender Plan, pursuant to section 105(a) of the Bankruptcy Code; and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide the Holders of Senior Loan Claims and Senior Guaranty Claims with the opportunity to change the votes previously cast on the Debtor/Committee/Lender Plan by such Holders in accordance with the following procedures:

- The DCL Plan Proponents will cause to be mailed to each person or entity that was a Holder of Senior Loan Claims and Senior Guaranty Claims as of December 6, 2010 (the "Voting Record Date") a supplemental ballot which will be substantially in the form attached hereto as Exhibit A (a "Supplemental Ballot").

- The DCL Plan Proponents will additionally provide each Holder of Senior Loan Claims and Senior Guaranty Claims with (i) a copy of the Debtor/Committee/Lender Plan as modified, and (ii) a Supplemental Disclosure Statement, which will be substantially in the form attached hereto as Exhibit B.

- Holders of Senior Loan Claims and Senior Guaranty Claims as of the Voting Record Date shall have until June 10, 2011 to return their Supplemental Ballots to the Voting Agent.

3

- If a Supplemental Ballot is not received from a particular Holder of Senior Loan Claims and Senior Guaranty Claims on or before June 10, 2011, such Holder's previously-cast vote in connection with the solicitation process on the December 2010 DCL Plan shall continue to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan as modified, in accordance with section 1127(d) of the Bankruptcy Code.

- If a Holder of Senior Loan Claims and Senior Loan Guaranty Claims did not previously cast a vote to accept or reject the Debtor/Committee/Lender Plan, and does not return a Supplemental Ballot by June 10, 2011, such Holder shall not have a vote counted to accept or reject the Debtor/Committee/Lender Plan.

- The procedures established by this Court in the Solicitation Order (as supplemented by further orders of this Court) to tabulate ballots respecting the various plans of reorganization and elections thereunder shall also apply to the tabulation of votes and elections on any Supplemental Ballots, as shall the remaining provisions of the Solicitation Order except to the extent expressly modified by this Order.

and it is further

ORDERED, that the DCL Plan Proponents are not required to provide any other Holders of Claims that previously cast votes to accept or reject the Debtor/Committee/Lender Plan with the opportunity to change such votes; and it is further

ORDERED, that the Supplemental Disclosure Statement is only required to be provided to Holders of Senior Loan Claims and Senior Guaranty Claims; and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide notice of the opportunity for Holders of Senior Noteholder Claims and Other Parent Claims to make the alternative treatment elections provided for in Sections 3.2.5 and 3.2.6 of the Debtor/Committee/Lender Plan, and to determine whether those alternative treatment elections have been validly made, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms for the Holders of Senior Noteholder Claims (the "<u>Senior Noteholder Election Form</u>"), which will be substantially in the form attached hereto as <u>Exhibit C</u>, to be distributed to the beneficial holders of Senior Noteholder Claims through the record holders of such Senior Noteholder Claims as of the Voting Record Date.

- Beneficial holders of Senior Notes as of May 15, 2011 shall be permitted to make the elections called for in the Senior Noteholder Election Form.

- The beneficial holders of Senior Noteholder Claims will return their Senior Noteholder Election Forms to the applicable record holders of the Senior Notes for tabulation and to be returned to the Voting Agent on a master tabulation form (a "<u>Senior Noteholder Election Tabulation Form</u>"), which will be substantially in the form attached hereto as <u>Exhibit D-1</u>.

- The Debtors will cause election forms for the Holders of Other Parent Claims (the "<u>Other Parent Claim Election Form</u>"), which will be substantially in the form attached hereto as <u>Exhibit E</u>, to be distributed to the Holders of Other Parent Claims as of the Voting Record Date.

- The record holders of Senior Noteholder Claims and the Holders of Other Parent Claims will have until June 30, 2011 to return the Senior Noteholder Election Tabulation Forms and the Other Parent Claim Election Forms, as applicable, to the Voting Agent.

- Elections reflected on Senior Noteholder Election Tabulation Forms or Other Parent Claim Election Forms that are received by the Voting Agent after June 30, 2011 shall be disregarded and shall not be considered in computing distributions under the Debtor/Committee/Lender Plan.

- If the Voting Agent does not receive a Senior Noteholder Election Tabulation Form or an Other Parent Claim Election Form providing that a particular Holder of a Claim wishes to make the applicable treatment elections, such Holder will (i) be bound by any treatment election made by that Holder under the December 2010 DCL Plan (in the case of Other Parent Claims) or, in the absence of any such prior election, (ii) receive the default treatment provided in Section 3.2.5(c)(ii) of the Debtor/Committee/Lender Plan for Senior Noteholder Claims or Section 3.2.6(c)(iv) of the Debtor/Committee/Lender Plan for Other Parent Claims (as applicable).

- The provisions of the Solicitation Order applicable to treatment elections under the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Senior Noteholder Election Forms, Senior Noteholder Election Tabulation Forms, and Other Parent Claim Election Forms.

and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide notice of the opportunity for Holders of Claims (a) not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan and/or (b) not to include any Disclaimed State Law Avoidance

Claims against Released Stockholder Parties that such Holders may have or be entitled to assert within the scope of such releases, and to determine whether such elections have been validly made, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms (the "Release Election Form"), which will be substantially in the form attached hereto as Exhibit F, to be distributed to (i) all Holders of Claims against Tribune Company (other than Other Parent Claims) that were either entitled to vote to accept or reject the Debtor/Committee/Lender Plan or were afforded an opportunity to opt out of the Section 11.2.2 releases thereunder, and (ii) all Holders of Claims against Debtors other than Tribune Company where such Holders previously granted or were deemed to grant the Section 11.2.2 releases. Holders of Other Parent Claims will be provided an opportunity to make such release elections on their Other Parent Claim Election Forms.

- Holders of Claims will have until June 30, 2011 to return Release Election Forms (or Other Parent Claim Election Forms, as applicable) to the Voting Agent. In the case of Senior Noteholder Claims and PHONES Notes Claims (other than PHONES Notes Exchange Claims, as defined below), Beneficial Holders of such Claims will submit their Release Election Forms, which will be distributed through the record holders of Senior Noteholder Claims and/or PHONES Notes Claims (other than PHONES Notes Exchange Claims) (as applicable), to the applicable record holders of such Senior Notes or PHONES Notes for tabulation and the record holders will record such elections on a master tabulation form (in the case of Senior Noteholder Claims, the "Senior Noteholder Release Tabulation Form," and in the case of PHONES Notes (other than PHONES Notes Exchange Claims), the "PHONES Notes Release Tabulation Form") in substantially the forms attached hereto as Exhibit D-2 and Exhibit D-3, respectively (the "Release Tabulation Forms"). Record holders of Senior Noteholder Claims and/or PHONES Notes Claims (other than PHONES Notes Exchange Claims) will have until June 30, 2011 to return applicable Release Tabulation Forms to the Voting Agent. Holders of PHONES Notes Exchange Claims must return their Release Election Forms directly to the Voting Agent by June 30, 2011. Release elections reflected on Release Election Forms, Other Parent Claim Election Forms or Release Tabulation Forms, as applicable, that are received by the Voting Agent after that date will be disregarded.

- If the Voting Agent does not receive a Release Tabulation Form, Other Parent Claim Election Form or Release Election Form providing that a particular Holder of a Claim wishes to opt out of extending the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, then such Holder will have granted such releases to the full extent set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan; provided, however, that if a particular Holder of a Claim previously elected not to grant the Section 11.2.2 releases or was deemed not to grant such releases pursuant to the terms of the Debtor/Committee/Lender Plan and the Solicitation Order, that election or deemed non-granting, as applicable, will continue to apply regardless of whether the relevant Holder

6

returns a Release Election Form, Other Parent Claim Election Form or Release Tabulation Form.

- The provisions of the Solicitation Order applicable to release elections under the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Release Tabulation Forms, Other Parent Claim Election Form and Release Election Forms.

and it is further

ORDERED, that the DCL Plan Proponents are authorized and empowered to provide notice of the further opportunity for Holders of Claims against Tribune Company to opt out of the deemed transfer of any Disclaimed State Law Avoidance Claims (other than those against Released Stockholder Parties) they may have to the Creditors' Trust under the Debtor/Committee/Lender Plan, in accordance with the following procedures:

- The DCL Plan Proponents will cause election forms (the "<u>Creditors' Trust Election Form</u>"), which will be substantially in the forms attached hereto as <u>Exhibit G-1</u> (for Holders of Claims against Tribune Company other than Senior Noteholder Claims, Other Parent Claims and PHONES Notes Claims, but including PHONES Notes Exchange Claims (as defined below)) and <u>Exhibit G-2</u> (for Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims), to be distributed to all Holders of Claims against Tribune Company that were entitled to vote on the December 2010 DCL Plan other than Senior Noteholder Claims and Other Parent Claims. For the avoidance of doubt, Holders of PHONES Notes Exchange Claims will receive a Creditors' Trust Election Form in substantially the form attached here to as Exhibit G-1.

- Beneficial Holders of Senior Noteholder Claims will be provided an opportunity on their Senior Noteholder Election Forms to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust, which will be distributed through the record holders of Senior Noteholder Claims, and then tabulated by the record holders as set forth in that paragraph and returned to the Voting Agent on Senior Noteholder Election Tabulation Forms.

- Holders of Other Parent Claims will be provided an opportunity on their Other Parent Claim Election Forms to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust.

- Beneficial Holders of PHONES Notes Claims will receive the applicable Creditors' Trust Election Form through the record holders of such PHONES Notes Claims as of the Voting Record Date, or, in the case of PHONES Notes Exchange Claims (as defined below), as of the date that such PHONES Notes were tendered. Holders of PHONES

7

Notes Exchange Claims will be served in the same manner in which they were served in connection with solicitation of the December 2010 Plan. The beneficial holders of PHONES Notes Claims other than the PHONES Notes Claims on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "**PHONES Notes Exchange Claims**") will return their Creditors' Trust Election Forms to the applicable record holders of the PHONES Notes Claims. Holders of PHONES Notes Exchange Claims will return the applicable Creditors' Trust Election Form directly to the Voting Agent.

- Holders of Claims against Tribune Company will have until June 30, 2011 to return Creditors' Trust Election Forms (or, in the case of Holders of Other Parent Claims, Other Parent Claim Election Forms) to the Voting Agent. In the case of Senior Noteholder Claims, record holders of Senior Noteholder Claims will have until June 30, 2011 to return Senior Noteholder Election Tabulation Forms to the Voting Agent. In the case of PHONES Notes Claims other than PHONES Notes Exchange Claims, beneficial holders of such PHONES Notes Claims must return their Creditors' Trust Election Form to the record holder in sufficient time for the record holder to process such Creditors' Trust Election Form so that it is actually received by the Voting Agent by June 30, 2011. Creditors' Trust Election Forms, Other Parent Claim Election Forms or Senior Noteholder Election Tabulation Forms that are received by the Voting Agent after that date will be disregarded.

- If the Voting Agent does not receive a Creditors' Trust Election Form, Other Parent Claim Election Form or Senior Noteholder Election Tabulation Form (as applicable) providing that a particular Holder of a Claim against Tribune Company wishes to opt out of the deemed transfer of their Disclaimed State Law Avoidance Claims to the Creditors' Trust, and such Holder did not previously opt out of the deemed transfer of its Disclaimed State Law Avoidance Claims by checking the appropriate box on its ballot in connection with voting on the December 2010 DCL Plan, then such Holder will be deemed to have transferred its Disclaimed State Law Avoidance Claims (other than those against Released Stockholder Parties) to the Creditors' Trust pursuant to Section 14.3.1 of the Debtor/Committee/Lender Plan; provided, however, that Holders will be take steps necessary to prevent the expiration of any applicable statute of limitations with respect to any Disclaimed State Law Avoidance Claims they may have against Step One Selling Stockholders, but not to prosecute any such claims in any manner prior to the formation of the Creditors' Trust. Any Holder who pursues such claims will be given the option to later elect to transfer such claims to the Creditors' Trust, once formed.

- Notwithstanding the foregoing, where a Holder of a Claim previously returned a ballot or election form opting out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust, the failure of such a Holder to return a Creditors' Trust Election Form, Other Parent Claim Election Form or opt out as set forth on a Senior Noteholder Election Tabulation Form will not affect that prior opt-out.

46429/0001-7605246v2

- The provisions of the Solicitation Order applicable to elections under Section 14.3.1 of the December 2010 DCL Plan shall also apply to the tabulation and evaluation of any Senior Noteholder Election Forms, Senior Noteholder Election Tabulation Forms, Other Parent Claim Election Forms and Creditors' Trust Election Forms.

and it is further

ORDERED, that the periods established in this order for (i) the solicitation of changes to previously-cast votes from the Holders of Senior Loan Claims and Senior Guaranty Claims, (ii) the making of elections to receive alternative treatment under the Debtor/Committee/Lender Plan by the Holders of Senior Noteholder Claims and Other Parent Claims, (iii) the making of release elections by Holders of Claims that previously granted the third-party releases under the Debtor/Committee/Lender Plan, and (iv) the making of opt-out elections under Section 14.3.1 of the Debtor/Committee/Lender Plan are approved as reasonable and sufficient; and it is further

ORDERED, that notwithstanding prior provisions of this Order to the contrary, the Debtors are authorized to serve all materials described in this Order upon the Retiree Claimants through counsel to the Retiree Claimants, and service of such materials on counsel to the Retiree Claimants is approved as adequate; and it is further

ORDERED, that the Debtors are authorized to make non-material modifications to any materials to be distributed to Holders of Claims pursuant to this Order without further order of the Court; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
May 17, 2011

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-7605246v2