**Exhibit A**

**Supplemental Ballot**

EXHIBIT A

**Senior Loan Claims/Senior Guaranty Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

### SUPPLEMENTAL BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO CHANGE PRIOR VOTES TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors") together with the Official Committee of Unsecured Creditors, JPMorgan Chase Bank N.A., as Agent, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (collectively, the "Debtor/Committee/Lender Plan Proponents") have sent you this supplemental ballot (the "Supplemental Ballot") to provide you, as a Holder of Senior Loan Claims and/or Senior Guaranty Claims, with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

opportunity to change your previously-cast vote(s) on the plan of reorganization proposed for the Debtors by the Debtor/Committee/Lender Plan Proponents.

**THIS SUPPLEMENTAL BALLOT IS TO BE USED TO CHANGE VOTES PREVIOUSLY CAST ON THE DECEMBER 2010 DCL PLAN (AS DEFINED BELOW) ONLY. YOU HAVE THE RIGHT TO CHANGE YOUR VOTE ON THE DECEMBER 2010 DCL PLAN FOR PURPOSES OF HAVING THAT VOTE COUNTED ON THE DEBTOR/COMMITTEE/LENDER PLAN. IF YOU WISH TO HAVE YOUR VOTE ON THE DECEMBER 2010 DCL PLAN CONTINUE TO BE COUNTED AS IT WAS PREVIOUSLY CAST AS A VOTE ON THE SECOND AMENDED PLAN, YOU DO NOT NEED TO RETURN THIS SUPPLEMENTAL BALLOT.**

In December 2010, Holders of Senior Loan Claims and Senior Guaranty Claims were mailed ballots for voting on the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated December 8, 2010 (the "December 2010 DCL Plan"). The Debtor/Committee/Lender Plan Proponents have now prepared and filed the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries proposed by the Debtor/Committee/Lender Plan Proponents dated as of April 26, 2011 (as may be amended, the "Debtor/Committee/Lender Plan"). A copy of the Debtor/Committee/Lender Plan, as modified, has been included with this Supplemental Ballot. Capitalized terms not defined in this Supplemental Ballot have the meanings given to them in the Debtor/Committee/Lender Plan.

The modifications to the Debtor/Committee/Lender Plan that affect the treatment provisions to the Holders of Senior Loan Claims and Senior Guaranty Claims are described in detail in the supplement to the Disclosure Statement respecting the Debtor/Committee/Lender Plan (the "Supplemental Disclosure Statement") that has been sent to you with this Supplemental Ballot.

This Supplemental Ballot is only to be used for changing your prior vote with respect to Senior Loan Claims (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Debtor/Committee/Lender Plan jointly on this Supplemental Ballot, with each such vote to be counted as a vote to accept or reject the Debtor/Committee/Lender Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims. Changing your vote to accept or reject the Debtor/Committee/Lender Plan may also change your release elections under Section 11.2.2 of the Debtor/Committee/Lender Plan.

**You must submit this Supplemental Ballot to the Voting Agent no later than 4:00 p.m. prevailing Eastern time on [June 10], 2011 in order for your votes on such Supplemental Ballot to count and for the elections to be valid.**

*PRIOR TO COMPLETING THIS DEBTOR/COMMITTEE/LENDER PLAN SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.*

To change your previously-cast vote on the December 2010 DCL Plan for purposes of the Debtor/Committee/Lender Plan as modified, please complete the following:

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of December 6, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and/or Senior Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    CHANGE OF VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.[2]  The Holder of the Senior Loan Claim and/or Senior Guaranty Claims set forth above hereby elects to change its previously-cast vote on the December 2010 DCL Plan for purposes of the Debtor/Committee/Lender Plan as follows:

| □ to ACCEPT the Debtor/Committee/Lender Plan | □ to REJECT the Debtor/Committee/Lender Plan |
|---|---|

   **Please note that if you do not wish to change your previously-cast vote, you do not need to complete this item, nor do you need to return this Supplemental Ballot.**

ITEM 3.    RELEASES (OPTIONAL).  **Please complete this item only if you changed your vote in Item 2 above.**  If you return a Supplemental Ballot and vote to accept the Debtor/Committee/Lender Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below. If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box below.  **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.**

   □ The undersigned has changed its vote on the Debtor/Committee/Lender Plan in Item 2 above so that it now accepts the Debtor/Committee/Lender Plan, but elects not to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

   □ The undersigned has changed its vote on the Debtor/Committee/Lender Plan in Item 2 above so that it now rejects the Debtor/Committee/Lender Plan, but elects to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan.

ITEM 4.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Senior Loan Claim and/or Senior Guaranty Claims identified in Item 1 certifies that it:

   a.    is the Holder of the Senior Loan Claim and/or Senior Guaranty Claims to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to change the previously-cast vote to accept or reject the Debtor/Committee/Lender Plan and make the elections called for on this Supplemental Ballot;

---

[2] Please see the instructions attached to this Supplemental Ballot for additional information regarding the effect of your vote to accept or reject the Debtor/Committee/Lender Plan on the releases set forth in Section 11.2.2 and the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand.

b.  has been provided with a copy of the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement and acknowledges that the vote changes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Debtor/Committee/Lender Plan, the Supplemental Disclosure Statement, and related documents; and

c.  has not submitted any other Supplemental Ballots on account of the Senior Loan Claims and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, if such other Supplemental Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes and elections set forth herein.

Name: _____
        (Print or Type)

Signature: _____

By: _____
        (If Applicable)
Title:_____
        (If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

   This Supplemental Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

> **YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE ([JUNE 10], 2011), OR YOUR VOTE CHANGE AND ANY ACCOMPANYING ELECTION WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES RELATING THERETO, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR COPIES OF OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

EXHIBIT A

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

[Voting Instructions Follow]

## INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT ATTACHED HERETO TO CHANGE YOUR PREVIOUSLY-CAST VOTE TO ACCEPT OR REJECT THE DEBTOR/COMMITTEE/LENDER PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CHANGED VOTE AND ACCOMPANYING ELECTIONS RESPECTING THE DEBTOR/COMMITTEE/LENDER PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot.**  On April 26, 2011, the Debtor/Committee/Lender Plan Proponents filed certain modifications to the Debtor/Committee/Lender Plan that potentially affect the form of consideration to be provided to the Holders of the Senior Loan Claims[3] in Class 1C and the Senior Guaranty Claims in Classes 50C – 111C under the Debtor/Committee/Lender Plan.  As a result, the proponents of the Debtor/Committee/Lender Plan are providing Holders of Senior Loan Claims and Senior Guaranty Claims an opportunity to change their vote to accept or reject to Debtor/Committee/Lender Plan.  You have been identified as a Holder of a Senior Loan Claim and/or Senior Guaranty Claims against Tribune Company and/or certain of its subsidiaries in the Debtors' chapter 11 cases that is entitled to change your votes to accept or reject the Debtor/Committee/Lender Plan and to make certain elections under the Debtor/Committee/Lender Plan

**Materials that You Have Been Sent with the Supplemental Ballot.**  You should have received the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement with this Supplemental Ballot.

**It is very important that you read the Debtor/Committee/Lender Plan and the Supplemental Disclosure Statement carefully in deciding if you wish to change your vote on the Debtor/Committee/Lender Plan and make any accompanying elections.**

**Deadline for Returning Supplemental Ballots.**  You must complete, sign and date your Supplemental Ballot and return it in the enclosed envelope to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is <u>actually received</u> by the Voting Agent no later than **4:00 p.m. (Eastern Time) on [June 10], 2011 (the "<u>Supplemental Voting Deadline</u>")**.  Please do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Debtor/Committee/Lender Plan.

If you do not return your Supplemental Ballot so that it is actually received by the Supplemental Voting Deadline, the vote changes reflected on your Supplemental Ballot will <u>not</u> be counted, the accompanying elections will <u>not</u> be valid, and your previous vote and elections, if any, on the December 2010 DCL Plan will remain in effect.

**How to Complete Your Supplemental Ballot.**  The following are step-by-step instructions for how to complete your Supplemental Ballot for changing votes on the Debtor/Committee/Lender Plan and making the elections called for thereunder:

a.      <u>Item 1</u>:  **Amount of Claim.**

Please certify the amount of your Claim as of December 6, 2010, (the "Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the

---

[3] Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in the Debtor/Committee/Lender Plan.

Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.

      b.     Item 2:  **Change of Vote to Accept or Reject the Debtor/Committee/Lender Plan.**

      If you wish to change your vote to accept or reject the Debtor/Committee/Lender Plan from the vote that you previously cast to accept or reject the December 2010 DCL Plan, please check the applicable box in Item 2.

      Please be aware that a vote to accept the Debtor/Committee/Lender Plan is a vote to grant the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan, unless you elect not to grant such releases by checking the applicable box on the Supplemental Ballot.  If you vote to reject the Debtor/Committee/Lender Plan, you may elect to grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan by checking the applicable box on your Supplemental Ballot.  The Debtor/Committee/Lender Plan provides that each Person who votes to accept the Debtor/Committee/Lender Plan and does not affirmatively elect to opt out of such releases shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Debtor/Committee/Lender Plan as modified) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Debtor/Committee/Lender Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Debtor/Committee/Lender Plan, the Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Debtor/Committee/Lender Plan).

      For Holders of Senior Guaranty Claims in Classes 50C through 111C, a vote to accept the Debtor/Committee/Lender Plan is also (i) an acceptance of the compromise and settlement set forth in the Debtor/Committee/Lender Plan, including, without limitation, Section 11.2.5 of the Debtor/Committee/Lender Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Debtor/Committee/Lender Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Debtor/Committee/Lender Plan.

      c.     Item 3:  **Releases (Optional).**

      If you change your vote using this Supplemental Ballot so that you now accept the Debtor/Committee/Lender Plan, you are deemed to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt out of granting those releases.  If you change your vote using this Supplemental Ballot so that you now reject the Debtor/Committee/Lender Plan, you are deemed not to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan unless you affirmatively opt in to granting those releases.

      If you changed your vote using this Supplemental Ballot so that you now accept the Debtor/Committee/Lender Plan but wish to opt out of granting the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.  Similarly, if you changed your vote using this Supplemental Ballot so that you now reject the Debtor/Committee/Lender Plan but wish to grant the releases in Section 11.2.2 of the Debtor/Committee/Lender Plan, please check the box corresponding to that election in Item 3.

If you either (i) change your vote to accept the Debtor/Committee/Lender Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) change your vote to reject the Debtor/Committee/Lender Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.2.2 of the Debtor/Committee/Lender Plan, you will not receive the benefit of the releases set forth in the Debtor/Committee/Lender Plan.**

     d.    <u>Item 4</u>: **Certifications.**

Please review and complete the certifications in Item 4. Your original signature is required on the Supplemental Ballot for your vote changes and related elections on the Supplemental Ballot to count. In addition, in Item 4, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

**Returning Your Supplemental Ballot.** Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in the Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted either for purposes of changing your vote to accept or reject the Debtor/Committee/Lender Plan or the making of related elections.

**Additional Questions.** If you have questions concerning the ballots or the procedures for changing your vote to accept or reject the Debtor/Committee/Lender Plan, or if you need an additional Supplemental Ballot or related materials, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com. Many materials may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Supplemental Ballot Not a Proof of Claim or Interest.** The Supplemental Ballot is not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the Proponents of the Debtors/Committee/Lender Plan of the nature, validity, or amount of any Claim or Interest.

## **Exhibit B**

**Supplemental Disclosure Document**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| _____ Debtors. | ) |

**SUPPLEMENT TO SPECIFIC DISCLOSURE STATEMENT RELATING TO SECOND AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, IL 60603
Telecopier: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telecopier: (302) 652-3117

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel For the Official Committee of Unsecured Creditors*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telecopier: (302) 571-1253

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701 5800

RICHARDS LAYTON & FINGER
Mark Collins
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

*Counsel For JPMorgan Chase Bank, N.A.*

### DATED: [__], 2011

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks. Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News. Inc. (1352); Courant Specialty Products. Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**TO ALL SENIOR LENDERS:**

This is a supplement (the "Disclosure Supplement") to the Disclosure Statement[2] relating to the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (As Modified) dated April 26, 2011 (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (collectively, the "DCL Plan Proponents").

On April 25, 2011, the Debtors filed their Motion for an Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims With Opportunity to Change Votes on Debtor/Committee/Lender Plan; (B) Allow Holders of Senior Notes and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases As Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt Out of Transfer of Disclaimed State Law Avoidance Claims to Creditors' Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same (the "Changed Votes/Elections Motion"). On [__], 2011, the Bankruptcy Court entered an order approving the Changed Votes/Elections Motion (the "Changed Votes/Elections Order").

Pursuant to the Changed Votes/Elections Order, the Bankruptcy Court has approved this Disclosure Supplement as, together with the Disclosure Statement, containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code and otherwise satisfying the requirements of section 1127 of the Bankruptcy Code.

In December 2010, you received one or more ballots for voting on the First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated December 8, 2010 (the "December 2010 DCL Plan"). Subsequently, the DCL Plan Proponents modified the December 2010 DCL Plan to address and resolve a wide range of objections that were filed with respect to the December 2010 DCL Plan (the "Plan Modifications").

This Disclosure Supplement (a) summarizes certain of the Plan Modifications and the elections that will be offered to various constituencies as a result of the Plan Modifications included in the Debtor/Committee/Lender Plan, and (b) provides information regarding the procedures and deadlines approved by the Changed Votes/Elections Order with respect to voting on, and confirmation of, the Debtor/Committee/Lender Plan.

**YOU DO NOT NEED TO RETURN A SUPPLEMENTAL BALLOT OR TAKE ANY OTHER ACTION UNLESS YOU WANT TO CHANGE YOUR PREVIOUSLY CAST VOTE.**

YOU ARE ENCOURAGED TO READ AND CAREFULLY CONSIDER THE MATTERS DESCRIBED IN THIS DISCLOSURE SUPPLEMENT.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtor/Committee/Lender Plan.

I.    **Summary of Certain Plan Modifications**

    A.    *Addition of "Strip" Consideration Option for*
         *Senior Noteholder Claims and Other Parent Claims*

        Under the December 2010 DCL Plan, Holders of Senior Noteholder Claims and Other Parent Claims were to receive distributions in the form of Cash (paid out of the Distributable Cash Pool).[3] The Debtor/Committee/Lender Plan, as modified, provides Holders of Senior Noteholder Claims and Other Parent Claims an option to receive their distributions in the form of either (a) Cash, or (b) a "strip" of the New Senior Secured Term Loan, New Common Stock (subject to dilution by the Equity Incentive Plan), and Distributable Cash (such form of consideration, a "Strip").[4] The Strip distribution is intended to have the equivalent value to the alternative Cash distribution option that is also offered in the Debtor/Committee/Lender Plan, using the DCL Plan Proponents' $6.75 billion valuation of Reorganized Tribune Company. The primary difference between the two forms of distribution is that the value of the Strip distribution will fluctuate with the value of Tribune Company, whereas the value of the Cash distribution is fixed.

    B.    *Potential Change in Composition of Consideration to*
         *Senior Loan Claims and Senior Guaranty Claims*

        The December 2010 DCL Plan provided that 100% of the New Senior Secured Term Loan and 100% of the New Common Stock of Reorganized Tribune would be distributed to Holders of Senior Loan Claims and Senior Guaranty Claims. Under the revised Debtor/Committee/Lender Plan, a portion of the New Senior Secured Term Loan and New Common Stock (up to a maximum of roughly 7% of each form of consideration) may be distributed to Holders of Senior Noteholder Claims and Other Parent Claims, collectively, depending on the amount of such Claims that elect to receive Strip distributions. To the extent that Holders of Senior Noteholder Claims and Other Parent Claims elect to receive the "Strip," the Holders of Senior Loan Claims and Senior Guaranty Claims will receive an amount of Cash equal to the value of the New Senior Secured Term Loan and New Common Stock (assuming a $6.75 billion Distributable Enterprise Value) that is distributed to Holders of Senior Noteholder Claims and Other Parent Claims electing to receive the Strip distribution.

II.    **Additional Information, Instructions and Deadlines for Voting**

        Due to the change in the composition of the consideration being offered to them, the Holders of Senior Loan Claims (Class 1C) and Senior Guaranty Claims (Classes 50C-111C) are being provided the opportunity to change their votes to accept or reject the

---

[3]  In addition, Holders of Senior Noteholder Claims and Other Parent Claims (at their individual election) receive distributions of Litigation Trust Interests and Creditors' Trust Interests.

[4]  Holders of Other Parent Claims continue to have the option to choose either (a) a distribution in an amount equal to 35.18% of their Allowed Claim (plus a Pro Rata share of the Bridge Settlement Proceeds) or (b) a distribution in an amount equal to 32.73% of their Allowed Claims (plus a Pro Rata share of the Bridge Settlement Proceeds) plus applicable Litigation Trust Interests and Creditors' Trust Interests.

Debtor/Committee/Lender Plan. Included with this Disclosure Supplement are one or more appropriate supplemental ballots.

**If you decide to change your prior vote(s), you must complete the appropriate supplemental ballot and deliver it no later than [June 10], 2011 at 4:00 p.m. eastern time.**

**YOU DO NOT NEED TO SUBMIT A SUPPLMENTAL BALLOT UNLESS YOU CHOOSE TO CHANGE YOUR PRIOR VOTE.**

Copies of this Disclosure Supplement, along with copies of the Debtor/Committee/Lender Plan, and a blackline comparison of the Debtor/Committee/Lender Plan to the December 2010 DCL Plan showing the Plan Modifications will be available to all other parties in interest electronically via the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune. You may also receive a hard copy of the Debtor/Committee/Lender Plan free of charge by contacting Epiq Bankruptcy Systems, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

You may use the pre-paid return envelope provided with your supplemental ballot, or you may return your supplemental ballot by personal delivery, overnight courier, or first class mail to the Voting Agent at the following address:

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

## Exhibit C

**Senior Noteholder Election Form**

EXHIBIT C

**Senior Noteholder Claims – Debtor/Committee/Lender Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SENIOR NOTEHOLDER ELECTION FORM FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY TO ELECT ALTERNATIVE TREATMENT OPTION AND RECONSIDER DEEMED TRANSFER OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER DEBTOR/COMMITTEE/LENDER PLAN

On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. ____] (the "Changed Votes/Elections Order") approving procedures by which Holders of Senior Noteholder Claims may choose an alternative distribution option under the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Debtor/Committee/Lender Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents"). This election form (a "Senior Noteholder Election

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's, Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

EXHIBIT C

Form") has been sent to you, as a Holder of a Senior Noteholder Claim, to allow you to make the election to receive the Senior Noteholder Alternative Treatment if you wish, in the event the Debtor/Committee/Lender Plan is confirmed by the Bankruptcy Court and becomes effective in accordance with its terms. In addition, if you previously did not elect to opt out of the deemed transfer of Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan, you have an opportunity to reconsider whether you wish to elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan. If you previously elected not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan, your previous election remains valid, and you do not need to make such election on this Senior Noteholder Election Form.

Capitalized terms used but not defined in this Senior Noteholder Election Form have the meanings given to them in the Debtor/Committee/Lender Plan, the Explanatory Statement (defined below) or the Changed Votes/Elections Order, as applicable.

You have received with this Senior Noteholder Election Form an Explanatory Statement (the "Explanatory Statement") that describes the elections that may be made using this Senior Noteholder Election Form, among others. You should review the Explanatory Statement carefully in considering whether you wish to make any of the elections set forth herein.

This Senior Noteholder Election Form is the exclusive means by which you may elect to receive the Senior Noteholder Alternative Treatment under the Debtor/Committee/Lender Plan. If you wish to receive the Senior Noteholder Alternative Treatment, you must complete this Senior Noteholder Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Nominee") in sufficient time for your Nominee to summarize your election on a Senior Noteholder Election Tabulation Form and return that Senior Noteholder Election Tabulation Form so that it is received by the Voting Agent no later than [June 30, 2011] (the "Election Deadline"). Senior Noteholder Election Tabulation Forms received by the Voting Agent after that date will be disregarded.

Pursuant to Section 3.2.5 of the Debtor/Committee/Lender Plan, you will receive the principally Cash treatment option specified in Section 3.2.5(c)(ii) of the Debtor/Committee/Lender Plan unless you submit this Senior Noteholder Election Form and elect to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan. Each Holder of an Allowed Senior Noteholder Claim that does not submit a Senior Noteholder Election Form affirmatively electing to receive the treatment set forth in Section 3.2.5(c)(i) will be deemed to have elected the treatment specified in Section 3.2.5(c)(ii) with respect to its Allowed Senior Noteholder Claims.

## Procedures for Effectuating Senior Noteholder Alternative Treatment Election And/Or Election Not to Transfer Disclaimed State Law Avoidance Claims

Pursuant to the Changed Votes/Elections Order, a Holder of a Senior Noteholder Claim's (i) election to receive the Senior Noteholder Alternative Treatment and/or (ii) election not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan will be valid only if such Holder has electronically delivered its Senior Notes, as of the Election Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only the Nominee of a Holder of Senior Noteholder Claim can submit this election on such Holder's behalf.

Holders of Senior Noteholder Claims that (i) elect to receive the Senior Noteholder Alternative Treatment and/or (ii) elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan pursuant to this Senior Noteholder Election

EXHIBIT C

Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Election Deadline. However, following the Election Deadline, such Senior Notes will not be freely tradable.

If a Holder of a Senior Noteholder Claim (i) elects to receive the Senior Noteholder Alternative Treatment and/or (ii) elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Debtor/Committee/Lender Plan, but fails to comply with the procedures for making such elections set forth above, such Holder will (i) not receive the Senior Noteholder Alternative Treatment on account of such Holder's Allowed Senior Noteholder Claim and/or (ii) be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Debtor/Committee/Lender Plan, as applicable.

ITEM 1.   ELECTION TO RECEIVE SENIOR NOTEHOLDER ALTERNATIVE TREATMENT. Please check the box below if you elect to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan on account of your Senior Noteholder Claim. If you do not submit this Senior Noteholder Election Form electing to receive the treatment set forth in Section 3.2.5(c)(i), you will receive the treatment specified in Section 3.2.5(c)(ii) of the Debtor/Committee/ Lender Plan on account of your Allowed Senior Noteholder Claim.

☐   The undersigned elects to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan for its Senior Noteholder Claim.

ITEM 2.   ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust, please check the box below. If you do not submit this Senior Noteholder Election Form, and did not previously elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust in accordance with Section 14.3.1 of the Debtor/Committee/Lender Plan.

☐   The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Debtor/Committee/Lender Plan.

ITEM 3.   CERTIFICATION. By signing this Senior Noteholder Election Form, the Holder of the applicable Senior Noteholder Claim certifies that:

a.  it is the Beneficial Owner of the Senior Noteholder Claim to which this Senior Noteholder Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Senior Noteholder Election Form;

b.  it has not submitted any other Senior Noteholder Election Form(s) on account of the Senior Noteholder Claim represented herein that are inconsistent with the elections set forth in this Senior Noteholder Election Form or that, if such other Senior Noteholder Election Form(s) were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

c.  it is deemed to have consented to the submission of a Senior Noteholder Election Tabulation Form to the Voting Agent (if applicable);

3

Exhibit C

d.  it instructs its Nominee to effect this Senior Noteholder Election Form through the ATOP System; and

e.  either (a) this Senior Noteholder Election Form is the only Senior Noteholder Election Form submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Senior Noteholder Election Form, one or more Senior Noteholder Election Forms for Senior Noteholder Claims have been submitted as follows:

**COMPLETE THIS SECTION ONLY IF YOU HAVE SUBMITTED OTHER SENIOR NOTEHOLDER ELECTION FORMS FOR SENIOR NOTEHOLDER CLAIMS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims At Issue in Additional Senior Noteholder Election Form(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Name: _____
          (Print or Type)

Signature:_____

By:_____
        (If Applicable)

Title:_____
        (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Senior Noteholder Election Form shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Debtor/Committee/Lender Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be allowed.

4

EXHIBIT 2

> THE ELECTION DEADLINE IS 4:00 P.M. EASTERN TIME ON [JUNE 30], 2011.
> PLEASE RETURN THIS SENIOR NOTEHOLDER ELECTION FORM TO
> YOUR NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR
> YOUR NOMINEE TO PROCESS YOUR SENIOR NOTEHOLDER ELECTION
> FORM, SUBMIT YOUR ELECTIONS THROUGH THE ATOP SYSTEM AND
> SUBMIT A SENIOR NOTEHOLDER ELECTION TABULATION FORM TO
> THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE
> VOTING AGENT ON OR BEFORE THE ELECTION DEADLINE OR YOUR
> ELECTIONS WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS SENIOR NOTEHOLDER ELECTION
FORM, OR IF YOU NEED AN ADDITIONAL SENIOR NOTEHOLDER ELECTION FORM OR
RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT
TRIBUNEVOTE@EPIQSYSTEMS.COM.

**Exhibit D-1**


**Senior Noteholder Election Tabulation Form**

<u>Exhibit D-1</u>

## <u>Master Tabulation Form for Senior Noteholder Claims</u>

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SENIOR NOTEHOLDER ELECTION TABULATION FORM FOR NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS FOR TREATMENT AND CREDITORS' TRUST <u>ELECTIONS PURSUANT TO DEBTOR/COMMITTEE/LENDER PLAN</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME (THE "<u>ELECTION DEADLINE</u>"), THE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

**ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER ELECTION TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

This Senior Noteholder Election Tabulation Form is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Nominee" for beneficial owners of Senior Notes ("Beneficial Owners") issued by Tribune Company, to transmit the voluntary elections of such Beneficial Owners in respect of their Senior Noteholder Claims called for under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified April 26, 2011) (the "Debtor/Committee/Lender Plan"). Capitalized terms used in this Senior Noteholder Election Tabulation Form but not defined herein have the meanings ascribed to them in the Debtor/Committee/Lender Plan or the Changed Votes/Elections Order,[2] as applicable.

The Bankruptcy Court entered the Changed Votes/Elections Order on [_____, 2011] to provide, among other things, for procedures for Holders of Senior Noteholder Claims to (i) make the election to receive a new, alternative treatment provided for in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan and (ii) reconsider whether they wish to elect not to transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan. Those elections are to be made on Senior Noteholder Election Forms, which will be transmitted by Nominees to the Beneficial Owners of the Senior Notes, returned by the Beneficial Owners to Nominees, then tabulated by the Nominees on the Senior Noteholder Election Tabulation Form, which will be returned by the Nominees to the Voting Agent.

The instructions attached to this Senior Noteholder Election Tabulation Form provide detailed, step-by-step instructions for completing the Senior Noteholder Election Tabulation Form.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Elections with respect to the Debtor/Committee/Lender Plan made by Beneficial Owners of Senior Notes will be returned to you on Senior Noteholder Election Forms. For each completed, executed Senior Noteholder Election Form returned to you by a Beneficial Owner, you must retain a copy of such Senior Noteholder Election Form in your files for at least one (1) year from the Election Deadline.

---

[2] See Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/Lender Plan; (B) Allow Holders of Senior Notes and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt-Out of Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. --] (the "Changed Votes/Elections Order").

PRIOR TO COMPLETING THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO MAKE ELECTIONS.** The undersigned certifies that it (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan set forth on the Senior Noteholder Election Form, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER ELECTIONS.** The undersigned certifies that:

**Elections.** The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Senior Noteholder Election Forms to the undersigned (or such information was derived from Senior Noteholder Election Forms that have been summarized in intermediary Senior Noteholder Election Tabulation Forms delivered to the undersigned) making the elections below under the Debtor/Committee/Lender Plan:

| Total Number of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/ Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/Committee/ Lender Plan | Total Number of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/ Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/ Committee/Lender Plan |
|---|---|---|---|
|  | $_____ |  | $_____ |

3

Exhibit D-1

**Item 3 – TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL SENIOR NOTEHOLDER ELECTION FORMS.** The undersigned transmits the following elections of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of [May 15, 2011], and have delivered to the undersigned, as Nominee, Senior Noteholder Election Forms making such elections (indicate in each column the aggregate principal amount making the relevant elections for each account).

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Making Elections Under the Debtor/Committee/Lender Plan | VOI Number (REQUIRED) | Principal Amount of Senior Notes Making Elections Under the Debtor/ Committee/Lender Plan | Check if the Beneficial Owner Elected to Receive the Treatment Set Forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan on Its Senior Noteholder Election Form | Check if the Beneficial Owner Elected Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Debtor/Committee/Lender Plan on Its Senior Noteholder Election Form |
|---|---|---|---|---|
| 1. | | $ | | |
| 2. | | $ | ☐ | ☐ |
| 3. | | $ | ☐ | ☐ |
| 4. | | $ | ☐ | ☐ |
| 5. | | $ | ☐ | ☐ |
| 6. | | $ | ☐ | ☐ |
| 7. | | $ | ☐ | ☐ |

**PLEASE USE ADDITIONAL SHEETS IF NECESSARY**

4

Exhibit D-1

5

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3(e) of each Senior Noteholder Election Form received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 3 of the Senior Noteholder Election Forms regarding other Senior Noteholder Election Forms submitted in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 3(e) of the Senior Noteholder Election Form | Account Number of Other Senior Notes | Name of Registered Holder or Nominee of Other Senior Noteholder Claims At Issue | CUSIP Number of Senior Noteholder Claims At Issue | Principal Amount of Other Senior Noteholder Claims at Issue in Additional Election Form(s) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the space provided is insufficient, please attach additional sheets in the same format.

6

Exhibit D-

**Item 5 – CERTIFICATION.** By signing this Senior Noteholder Election Tabulation Form, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose elections are being transmitted by this Senior Noteholder Election Tabulation Form has been provided with a copy of the Senior Noteholder Election Form and the Explanatory Statement; (b) it is the record holder of the Senior Notes to which this Senior Noteholder Election Tabulation Form pertains and/or has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan; (c) it received a properly completed and signed Senior Noteholder Election Form from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Senior Noteholder Election Form(s) received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of the elections is subject to all the terms and conditions set forth in the Changed Votes/Elections Order, dated [_____], 2011.

_____
Name of Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME, THE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER ELECTION TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

**SENIOR NOTEHOLDER ELECTION TABULATION FORMS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE DEADLINE WILL NOT BE COUNTED.**

## SENIOR NOTEHOLDER ELECTION TABULATION FORM INSTRUCTIONS

**ELECTION DEADLINE:**

The Election Deadline is **[June 30], 2011** at 4:00 p.m. Eastern Time. To have the elections of your customers count, you must complete, sign, and return the Senior Noteholder Election Tabulation Form so that it is received by the Voting Agent at the address set forth in the Senior Noteholder Election Tabulation Form on or before the Election Deadline.[3]

**HOW TO MAKE ELECTIONS:**

If you are transmitting the elections of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Senior Noteholder Election Form, an Explanatory Statement and any other materials required by the Bankruptcy Court to such Beneficial Owner(s); and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Senior Noteholder Election Form and (b) return the completed, executed Senior Noteholder Election Form to you in sufficient time to enable you to effect the Elections through ATOP and complete the Senior Noteholder Election Tabulation Form and deliver it to the Voting Agent before the Election Deadline.

With respect to all of the Senior Noteholder Election Forms, you must properly complete the Senior Noteholder Election Tabulation Form, as follows:

    i.    Check the appropriate box in Item 1 on the Senior Noteholder Election Tabulation Form;

    ii.    Indicate in Item 2 the total (a) elections to receive the treatment set forth in 3.2.5(c)(i) of the Debtor/Committee/Lender Plan and (b) elections not to transfer the Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Debtor/Committee/Lender Plan;

    iii.    Transcribe the elections from the Senior Noteholder Election Forms in Item 2 and indicate the following in Item 3:
        a.    whether each Beneficial Owner elected to receive the treatment set forth in Section 3.2.5(c)(i) of the Debtor/Committee/Lender Plan;
        b.    whether each Beneficial Owner elected not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Debtor/Committee/Lender Plan;

**IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR ELECTIONS. PROPERLY EXECUTED SENIOR NOTEHOLDER ELECTION FORMS THAT ATTEMPT PARTIALLY TO MAKE ANY OF THE ELECTIONS WILL NOT BE COUNTED AS A VALID ELECTION. EACH BENEFICIAL OWNER MUST MAKE THE SAME ELECTION FOR ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH ELECTION, PLEASE CONTACT SUCH BENEFICIAL OWNER TO CORRECT ITS SENIOR NOTEHOLDER ELECTION FORM OR CONTACT THE VOTING AGENT IMMEDIATELY.**

---

[3] All capitalized terms used in the Senior Noteholder Election Tabulation Form or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Changed Votes/Elections Order or, where applicable, in the Debtor/Committee/Lender Plan.

iv.    Transcribe from Item 3(e) of each Senior Noteholder Election Form the information provided by the Beneficial Owners into Item 4 of the Senior Noteholder Election Tabulation Form;

v.    Review the certification in Item 5 of the Senior Noteholder Election Tabulation Form;

vi.    Ensure that each Senior Noteholder Election Form is signed and each certification is complete;

vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.    If additional space is required to respond to any item on the Senior Noteholder Election Tabulation Form, please use additional sheets of paper clearly marked to indicate the applicable Item of the Senior Noteholder Election Tabulation Form to which you are responding.

ix.    Sign, date, and return the original Senior Noteholder ElectionTabulation Form.

You must deliver the completed, executed Senior Noteholder Election Tabulation Form so that it is actually received by the Voting Agent on or before the Election Deadline. You must retain a copy of each completed, executed Senior Noteholder Election Form returned to you by a Beneficial Owner in your files for at least one (1) year from the Election Deadline.

Elections made by Beneficial Owners through a Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners, as evidenced by the record and depository listings. Elections submitted by a Nominee on a Senior Noteholder Election Tabulation Form will not be counted in excess of the record amount of the Senior Notes held by such Nominee.

For the purpose of tabulating elections, each Beneficial Owner shall be deemed to have made such elections for the principal amount of its Senior Notes. To the extent that conflicting elections are submitted by a Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with such Nominee.

PLEASE NOTE:

This Senior Noteholder Election Tabulation Form is not a letter of transmittal and may not be used for any purpose other than to make the elections specified thereon under the Debtor/Committee/Lender Plan. Except as provided for in the Senior Noteholder Election Form, Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Senior Noteholder Election Forms. The Voting Agent will not accept delivery of any such instruments surrendered together with a Senior Noteholder Election Tabulation Form.

No Senior Noteholder Election Form or Senior Noteholder Election Tabulation Form shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the relevant materials to your clients, the tabulation of the Senior Noteholder Election Forms and the completion of this Senior Noteholder Election Tabulation Form.

IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS OR THAT YOU HAVE RECEIVED THE WRONG MATERIALS, OR IF YOU HAVE QUESTIONS REGARDING THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM, OR THE ELECTION PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SENIOR NOTEHOLDER ELECTION TABULATION FORM OR OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.

PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER ELECTION TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017 AND EFFECT THE ELECTION(S) BY TENDERING THE SENIOR NOTES INTO THE CORRESPONDING EVENT ON DTC'S ATOP SYSTEM ON OR BEFORE THE [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME ELECTION DEADLINE.

## Exhibit D-2

**Senior Noteholder Release Tabulation Form**

Exhibit D- ?

**Master Release Tabulation Form for Senior Noteholder Claims**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## SENIOR NOTEHOLDER RELEASE TABULATION FORM FOR NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS FOR RELEASE ELECTIONS PURSUANT TO DEBTOR/COMMITTEE/LENDER PLAN

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME (THE "ELECTION DEADLINE"), THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Exhibit D-1

**RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER RELEASE TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

This Senior Noteholder Release Tabulation Form is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Nominee") for beneficial owners of Senior Notes ("Beneficial Owners") issued by Tribune Company, to transmit the voluntary release elections of such Beneficial Owners in respect of their Senior Noteholder Claims called for under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified) (the "Debtor/Committee/Lender Plan"). Capitalized terms used in this Senior Noteholder Release Tabulation Form but not defined herein have the meanings ascribed to them in the Debtor/Committee/Lender Plan or the Changed Votes/Elections Order,[2] as applicable.

The Bankruptcy Court entered the Changed Votes/Elections Order on [_____, 2011] to provide, among other things, for procedures for Holders of Senior Noteholder Claims to make certain elections respecting the third-party releases provided in Section 11.2.2 of the Debtor/Committee/Lender Plan. Those elections are to be made on Release Election Forms, which will be transmitted by Nominees to the Beneficial Owners of the Senior Notes, returned by the Beneficial Owners to Nominees, then tabulated by the Nominees on the Senior Noteholder Release Tabulation Form, which will be returned by the Nominees to the Voting Agent.

The instructions attached to this Senior Noteholder Release Tabulation Form provide detailed, step-by-step instructions for completing the Senior Noteholder Release Tabulation Form.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Note | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Elections with respect to the Debtor/Committee/Lender Plan made by Beneficial Owners of Senior Notes will be returned to you on Release Election Forms. For each completed, executed Release Election Form returned to you by a Beneficial Owner, you must retain a copy of such Release Election Form in your files for at least one (1) year from the Election Deadline.

---

[2] See Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/Lender Plan; (B) Allow Holders of Senior Notes and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt-Out of Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. --] (the "Changed Votes/Elections Order").

PRIOR TO COMPLETING THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.

**Item 1 - CERTIFICATION OF AUTHORITY TO MAKE ELECTIONS.** The undersigned certifies that it (please check applicable box):

is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the holders of such Senior Notes; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan set forth on the Release Election Form, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER ELECTIONS.** The undersigned certifies that:

**Elections.** The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Release Election Forms to the undersigned (or such information was derived from Release Election Forms that have been summarized in intermediary Senior Noteholder Release Tabulation Forms delivered to the undersigned) making the elections below under the Debtor/Committee/Lender Plan:

| Total Number of Holders Electing Not to Include the Bridge Loan Agent and Bridge Lenders within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Include the Bridge Loan Agent and Bridge Lenders within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan | Total Number of Holders Electing Not to Grant Releases with Respect to Disclaimed State Law Avoidance Claims Against Released Stockholder Parties | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Grant Releases with Respect to Disclaimed State Law Avoidance Claims Against Released Stockholder Parties |
|---|---|---|---|
| | $_____ | | $_____ |

**Item 3 – TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL RELEASE ELECTION FORMS.**

The undersigned transmits the following elections of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Release Election Forms making such elections (indicate in each column the aggregate principal amount making the relevant elections for each account).

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Making Elections Under the Debtor/Committee/Lender Plan | Principal Amount of Senior Notes Making Elections Under the Debtor/Committee/Lender Plan | Check if the Beneficial Owner Elected to Not to Include the Bridge Loan Agent and Bridge Lenders Within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan on Its Release Election Form | Check if the Beneficial Owner Elected Not to Include Disclaimed State Law Avoidance Claims Against Released Stockholder Parties Within the Scope of the Releases Set Forth in Section 11.2.2 of the Debtor/Committee/Lender Plan on Its Release Election Form |
|---|---|---|---|
| 1. | $ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ |
| 3. | $ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ |

**PLEASE USE ADDITIONAL SHEETS IF NECESSARY.**

Exhibit D-2

## Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3(b) of each Release Election Form received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 3 of the Release Election Forms regarding other Release Election Forms submitted in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 3(b) of the Release Election Form | Account Number of Other Senior Notes | Name of Registered Holder or Nominee of Other Senior Noteholder Claims At Issue in Additional Release Election Form(s) | CUSIP Number of Senior Noteholder Claims At Issue in Additional Release Election Form(s) | Principal Amount of Other Senior Noteholder Claims at Issue in Additional Release Election Form(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If the space provided is insufficient, please attach additional sheets in the same format.

Exhibit D-2

**Item 5 – CERTIFICATION.** By signing this Senior Noteholder Release Tabulation Form, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose elections are being transmitted by this Senior Noteholder Release Tabulation Form has been provided with a copy of the Release Election Form and the Explanatory Statement; (b) it is the record holder of the Senior Notes to which this Senior Noteholder Release Tabulation Form pertains or has full power and authority to make the elections called for under the Debtor/Committee/Lender Plan; (c) it received a properly completed and signed Release Election Form from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Release Election Form(s) received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of the elections is subject to all the terms and conditions set forth in the Changed Votes/Elections Order, dated [_____], 2011.

_____
Name of Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY [JUNE 30], 2011 AT 4:00 P.M. EASTERN TIME, THE RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SENIOR NOTEHOLDER RELEASE TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE ELECTION DEADLINE.**

**SENIOR NOTEHOLDER RELEASE TABULATION FORMS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE DEADLINE WILL NOT BE COUNTED.**

## SENIOR NOTEHOLDER RELEASE TABULATION FORM INSTRUCTIONS

**ELECTION DEADLINE:**

The Election Deadline is **[June 30], 2011** at 4:00 p.m. Eastern Time. To have the release elections of your customers count, you must complete, sign, and return the Senior Noteholder Release Tabulation Form so that it is received by the Voting Agent at the address set forth in the Senior Noteholder Release Tabulation Form on or before the Election Deadline.[3]

**HOW TO MAKE ELECTIONS:**

If you are transmitting the elections of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Release Election Form, an Explanatory Statement and any other materials required by the Bankruptcy Court to such Beneficial Owner(s); and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Release Election Form and (b) return the completed, executed Release Election Form to you in sufficient time to enable you to complete the Senior Noteholder Release Tabulation Form and deliver it to the Voting Agent before the Election Deadline.

With respect to all of the Release Election Forms returned to you, you must properly complete the Senior Noteholder Release Tabulation Form, as follows:

    i.    Check the appropriate box in Item 1 on the Senior Noteholder Release Tabulation Form;

    ii.    Indicate in Item 2 the total (a) elections not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan (made on the Release Election Forms), and (b) elections not to include Disclaimed State Law Avoidance Claims against Released Stockholder Parties within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan (made on the Release Election Forms);

    iii.    Transcribe the elections from the Release Election Forms in Item 2 and indicate the following in Item 3:

        a.    whether each Beneficial Owner elected not to include the Bridge Loan Agent and Bridge Lenders within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan; and

        b.    whether each Beneficial Owner elected not to include Disclaimed State Law Avoidance Claims against Released Stockholder Parties within the scope of the releases set forth in Section 11.2.2 of the Debtor/Committee/Lender Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR ELECTIONS. PROPERLY EXECUTED RELEASE ELECTION FORMS THAT ATTEMPT PARTIALLY TO MAKE ANY OF THE ELECTIONS WILL NOT BE COUNTED AS A VALID ELECTION. EACH BENEFICIAL OWNER MUST MAKE THE SAME ELECTION FOR ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH ELECTION, PLEASE CONTACT EACH BENEFICIAL OWNER TO

---

[3] All capitalized terms used in the Senior Noteholder Release Tabulation Form or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Changed Votes/Elections Order or, where applicable, in the Debtor/Committee/Lender Plan.

CORRECT ITS RELEASE ELECTION FORM OR CONTACT THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 3(b) of each Release Election Form the information provided by the Beneficial Owners into Item 4 of the Senior Noteholder Release Tabulation Form;

    v.    Review the certification in Item 5 of the Senior Noteholder Release Tabulation Form

    vi.    Ensure that each Release Election Form is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    viii.    If additional space is required to respond to any item on the Senior Noteholder Release Tabulation Form, please use additional sheets of paper clearly marked to indicate the applicable Item of the Senior Noteholder Release Tabulation Form to which you are responding.

    ix.    Sign, date, and return the original Senior Noteholder Release Tabulation Form.

You must deliver the completed, executed Senior Noteholder Release Tabulation Form so that it is actually received by the Voting Agent on or before the Election Deadline. You must retain a copy of each completed, executed Release Election Form returned to you by a Beneficial Owner in your files for at least one (1) year from the Election Deadline.

Elections made by Beneficial Owners through a Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners, as evidenced by the record and depository listings. Elections submitted by a Nominee on a Senior Noteholder Release Tabulation Form and/or a Release Election Form will not be counted in excess of the record amount of the Senior Notes held by such Nominee.

For the purpose of tabulating elections, each Beneficial Owner shall be deemed to have made such elections for the principal amount of its Senior Notes. To the extent that conflicting elections are submitted by a Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with such Nominee.

<u>PLEASE NOTE:</u>

This Senior Noteholder Release Tabulation Form is not a letter of transmittal and may not be used for any purpose other than to make the elections specified thereon under the Debtor/Committee/Lender Plan. The Voting Agent will not accept delivery of any such instruments surrendered together with a Senior Noteholder Release Tabulation Form.

No Release Election Form or Senior Noteholder Release Tabulation Form shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the relevant materials to your clients, the tabulation of the Release Election Forms and the completion of this Senior Noteholder Release Tabulation Form.

EXHIBIT D-2

IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS OR THAT YOU HAVE RECEIVED THE WRONG MATERIALS, OR IF YOU HAVE QUESTIONS REGARDING THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM, OR THE ELECTION PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SENIOR NOTEHOLDER RELEASE TABULATION FORM OR OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.

PLEASE COMPLETE, SIGN, AND DATE THIS SENIOR NOTEHOLDER RELEASE TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.