IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | ) |
|---|---|
| | ) |
| TRIBUNE COMPANY, et al.,[1] | ) Chapter 11 |
| | ) Case No. 08-13141 (KJC) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) D.I. 8757 |

## ORDER DETERMINING THAT AMENDMENTS THAT HAVE BEEN MADE TO THE NOTEHOLDER PLAN DO NOT REQUIRE RESOLICITATION

Upon the Motion[2] of the Noteholder Plan Proponents for entry of an order pursuant to sections 105(a), 1125, 1126 and 1127 of the Bankruptcy Code and Bankruptcy Rules 2002, 3018

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT Inc., f/k/a WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used by not defined herein shall have the meanings ascribed to such terms in the Motion.

and 3019 determining that: (i) the amendments that have been made to the Third Amended Noteholder Plan are not material and adverse to any Class of Creditors; or (ii) to the extent the amendments are material and adverse to any Class(es) of Creditors, based on such Class(es)' proper rejection of the Initial Noteholder Plan, such Classes shall be deemed also to reject the Third Amended Noteholder Plan; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interest of the Debtors and their estates; and the DCL Plan Proponents having agreed in their limited objection to the Motion dated May 10, 2011 [ECF No. 8881] (the "DCL Objection") that the Senior Lender Classes are deemed to continue to reject the Third Amended Noteholder Plan without the need for resolicitation of the Senior Lender Classes; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS:

1. With respect to all Classes other than the Senior Lender and Bridge Lender Classes, the amendments made to the Noteholder Plan, as incorporated in the Third Amended Noteholder Plan, are either (i) not material and adverse to the interests of the applicable Creditors, or (ii) to the extent the Court finds that certain of the amendments made to the Noteholder Plan, as incorporated in the Third Amended Noteholder Plan, are material and adverse to any Class(es) of Creditors, based on such Class(es)' prior rejection of the Initial Noteholder Plan, such Classes shall be deemed to reject the Third Amended Noteholder Plan.

2. The Court does not need to determine, in connection with consideration of the Motion, whether the amendments made to the Noteholder Plan, as incorporated in the Third Amended Noteholder Plan, are material and/or adverse to the Senior Lenders and/or the Bridge Lenders because of the prior rejection by the Senior Lender and Bridge Lender Classes of the Initial Noteholder Plan and such Classes' deemed rejection of the Third Amended Noteholder Plan.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the relief requested in the Motion is granted to the extent set forth in this Order; and it is further

ORDERED that the Noteholder Plan Proponents are not required to resolicit the votes of any Classes of Claims under the Third Amended Noteholder Plan; and it is further

ORDERED that no objection to the Third Amended Noteholder Plan may be made on the basis that the vote of any Creditor was not resolicited in connection therewith; and it is further

ORDERED that, with the exception of the preceding paragraph, this Order does not dispose of, reject or impact confirmation objections made to the Noteholder Plan; and it is further

ORDERED that the form of Joint Notice (as attached hereto as <u>Exhibit A</u>) is approved and the Joint Notice shall be (i) filed, (ii) served on the 2002 List, and (iii) distributed to all creditors whose votes were solicited in connection with the Competing Plans; the expense of which distribution shall be borne by the Debtors' Estates; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, DE
May [17], 2011

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE