**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Case No. 08-13141 (KJC) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket Nos. 8478, 8688 & |
| | ) | 8865 |

**CERTIFICATION OF COUNSEL REGARDING SUBMISSION OF REVISED PROPOSED ORDER CONCERNING MATTER UNDER ADVISEMENT**

The undersigned hereby certifies as follows:

1. On March 22, 2011, Samuel Zell ("Zell") filed the *Motion For Clarification That Leave Is Not Necessary, Or In The Alternative, For Leave, To Serve Samuel Zell's Motion For Relief Under Rule 9011* [Dkt. No. 8478] (the "Motion for Clarification Concerning Rule 9011 Motion").

2. On April 18, 2011, the Official Committee of Unsecured Creditors (the "Committee") filed the *Objection Of The Official Committee Of Unsecured Creditors To Sam Zell's Motion for Clarification That Leave Is Not Necessary, Or In The Alternative, For Leave, To Serve Motion For Relief Under Rule 9011* [Dkt. 8688] (the "Committee Objection").

3. On April 20, 2011, Zell filed *Sam Zell's Motion For Leave To File His Reply In Support Of Motion For Clarification That Leave Is Not Necessary, Or In The Alternative, For Leave, To Serve His Motion For Relief Under Rule 9011* [Dkt. No. 8720] ("Motion for Leave to Reply"). The Motion for Leave to Reply was granted by order entered on May 6, 2011 [Dkt. No. 8842]. Accordingly, on May 9, 2011, Zell filed the *Reply Of Sam Zell In Support Of Motion* For

*Clarification That Leave Is Not Necessary, Or In The Alternative, For Leave, To Serve His Motion For Relief Under Rule 9011* [Dkt. No. 8865] (the "Reply").

4. At the April 25, 2011 omnibus hearing in these chapter 11 cases (the "April 25 Hearing"), the Court heard argument of counsel for Zell and counsel for the Committee in connection with the Motion for Clarification Concerning Rule 9011 Motion, the Committee Objection, and the Reply. At the conclusion of argument at the April 25 Hearing, the Court determined to take the matter under advisement. The matter remains under advisement.

5. In an attempt to narrow the issues related to the Motion for Clarification Concerning Rule 9011 Motion, Zell has prepared an alternative proposed order (the "Proposed Alternative Order"). While not authorizing Zell to file a Rule 9011 motion, the Proposed Alternative Order would allow Zell to serve a Rule 9011 motion on counsel for the Committee and, if the Committee does not withdraw the claims at issue in such Rule 9011 motion, would require both counsel for Zell and counsel for the Committee to appear before the Court for a status report after twenty-one days from the entry of the Proposed Alternative Order. A copy of the Proposed Alternative Order is attached hereto as **Exhibit 1**.

6. Counsel for Zell has shared and discussed the form of the Proposed Alternative Order with counsel for the Committee. **To be clear, counsel for the Committee does NOT agree to its entry and continues to oppose Motion for Clarification Concerning Rule 9011 Motion.**

7. In an attempt to narrow the issues currently under advisement, Zell respectfully submits the Proposed Alternative Order for the Court's consideration.

Dated: May 18, 2011

**BLANK ROME LLP**

By: */s/ David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
Douglas A. Sondgeroth (admitted *pro hac vice)*
Andrew W. Vail (admitted *pro hac vice)*
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for Samuel Zell*