## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos.: 8841, 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857 and 8858** |

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTIONS OF CERTAIN FORMER OFFICERS AND DIRECTORS OF THE DEBTORS TO DEEM THEIR PROOFS OF CLAIM TIMELY FILED

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), hereby files this objection to the various motions filed on May 6, 2011 by ten former officers and directors of the Debtors (collectively, the "Motions")[1] seeking enlargement of the bar date for filing proofs of claim, and respectfully represents as follows:

### PRELIMINARY STATEMENT

Pursuant to the Motions, Timothy P. Knight, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon and Scott Smith (collectively, the "May 6th D&O Claimants" or the "Movants") request that the Court deem their respective proofs of claim (the "Claims"), each submitted in the above-captioned

---

[1] The Motions are as follows: (1) Motion of Timothy P. Knight for Leave to File Untimely Proof of Claim [D.E. 8841]; (2) Motion of Kathleen Waltz to Deem Proof of Claim Timely Filed [D.E. 8850]; (3) Motion of John Vitanovec to Deem Proof of Claim Timely Filed [D.E. 8851]; (4) Motion of Timothy Landon to Deem Proof of Claim Timely Filed [D.E. 8852]; (5) Motion of Richard Malone to Deem Proof of Claim Timely Filed [8853]; (6) Motion of Luis Lewin to Deem Proof of Claim Timely Filed [D.E. 8854]; (7) Motion of David Hiller to Deem Proof of Claim Timely Filed [D.E. 8855]; (8) Motion of Thomas Leach to Deem Proof of Claim Timely Filed [D.E. 8856]; (9) Motion of John Reardon to Deem Proof of Claim Timely Filed [D.E. 8857]; and (10) Motion of Scott Smith to Deem Proof of Claim Timely Filed [D.E. 8858].

bankruptcy cases on or about May 6, 2011, as being timely filed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Movants assert the right to be indemnified in connection with the various adversary proceedings in which they have been named as defendants.[2] Although the Court recently approved similar motions for relief from the bar date filed by other former directors and officers of the Debtors, the Committee believes that the current Motions may not be viewed by the Court in the same light, principally because the various Claims at issue were filed roughly a month later than the claims that the Court previously considered. Additionally, even if the Court were inclined to grant the Motions, any such grant should require the Movants to litigate the disputed substantive issue of their entitlement to indemnification in a coordinated and unified manner.

## BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2]  The proceedings are captioned as follows: *Official Committee of Unsecured Creditors of Tribune Co. v. Timothy P. Knight*, Adv. Pro. No. 10-55956; *Official Committee of Unsecured Creditors of Tribune Co. v. Waltz*, Adv. Pro. No. 10-55676; *Official Committee of Unsecured Creditors of Tribune Co. v. Vitanovec*, Adv. Pro No. 10-55674; *Official Committee of Unsecured Creditors of Tribune Co. v. Landon*, Adv. Pro. No. 55794; *Official Committee of Unsecured Creditors of Tribune Co. v. Malone*, Adv. Pro. No. 55797; *Official Committee of Unsecured Creditors of Tribune Co. v. Lewin*, Adv. Pro. No. 55603; *Official Committee of Unsecured Creditors of Tribune Co. v. Hiller*, Adv. Pro. No. 55767; *Official Committee of Unsecured Creditors of Tribune Co. v. Leach*, Adv. Pro No. 55601; *Official Committee of Unsecured Creditors of Tribune Co. v. Reardon*, Adv. Pro. No. 55629; *Official Committee of Unsecured Creditors of Tribune Co. v. Smith*, Adv. Pro. No. 55637; and *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons et al.*, Adv. Pro No. 10-54010 (collectively, the "Adversary Proceedings").

{698.001-W0014744.}

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors. The Bar Date Order, including an attached proof of claim form, was served on each of the May 6th D&O Claimants on or around April 13, 2009. See Affidavit of Mailing [D.I. 1073], Ex. E.

4.      In late 2010, the Committee commenced the Adversary Proceedings, seeking, among other things, to recover various payments as preferences or fraudulent conveyances.

5.      On April 7, 2011, several former officers of the Debtors (the "Initial D&O Claimants") filed proofs of claim seeking to be indemnified by the Debtors with respect to certain adversary proceedings and related motions to treat such proofs of claim as timely filed. The Committee filed an objection to those motions (the "Initial Objection"). Although the Court overruled the Initial Objection, it noted the substantial delay between the commencement of the adversary proceedings and the former officers' filing of claim as a point of concern.[3]

6.      On May 6, 2011, an additional month after the commencement of the Adversary Proceedings, the May 6th D&O Claimants filed the Claims. While certain of the Claims differ from each other in form, each of the Claims requests advancement, reimbursement, indemnification and contribution from the Debtors for any judgments entered in the Adversary

---

[3]      The Court stated during the April 25, 2011 hearing that "I do think it odd . . . that in addition to the delay after the passing of the bar date, there was this further delay of a period of months after the lawsuits were filed. I mean, normally, well if you come in with the zeal exhibited by Mr. Zell, when they're put upon on the wrong side of the caption, these movants did not. And I agree, that's odd." Transcript of Apr. 25, 2011 hearing, at 43:13-19.

Proceedings, as well as for costs incurred in defending against the Adversary Proceedings.

<u>OBJECTION TO TREATMENT OF CLAIMS AS TIMELY</u>

7.      The filing of proofs of claim against the Debtors in these chapter 11 cases is, pursuant to Bankruptcy Rules 3001, 3002, 3003 and 5005, subject to the conditions of the Bar Date Order. Like the Initial D&O Claimants, the May 6th D&O Claimants have moved for relief from the Bar Date Order under Bankruptcy Rule 9006(b)'s "excusable neglect" provision. As the Supreme Court explained in <u>Pioneer Inv. Servs. Co.</u> v. <u>Brunswick Associates, Ltd.</u>, 507 U.S. 380 (1993), the "excusable neglect" rule allows the Court to accept claims submitted after the Bar Date where such late filing was caused by inadvertence, mistake, carelessness or intervening circumstances beyond the party's control. Under the <u>Pioneer</u> standard, courts should inquire as to "[(i)] the danger of prejudice to the debtor, [(ii)] the length of the delay and its potential impact on judicial proceedings, [(iii)] the reason for delay, including whether it was within the reasonable control of the movant, and [(iv)] whether movant acted in good faith." <u>Id</u>. Although there is no evidence that the Movants have acted in bad faith, the Committee believes that the remaining <u>Pioneer</u> factors may militate against granting the Motions.

8.      In deciding whether the Motions could prejudice the Debtors, the Court should evaluate the burden imposed by allowing indemnification claims by former officers and directors. A late-filed claim is prejudicial if allowing it would encourage a flood of other, similar claims to be filed. <u>See</u> <u>In re O'Brien Envtl. Energy, Inc.</u>, 188 F.3d 116, 126 (3d Cir. 1999). To an extent, such a flood has already begun here; where there were only four Initial D&O Claimants, there are now ten additional Movants. In fact, there are an additional seventy-eight former officers of the Debtors who have been named as defendants in adversary proceedings who can, and may, file similar claims and motions. <u>See</u> Transcript of Apr. 25, 2011 hearing, at

4

41:1-17. Given the significant number of similar claims that may yet be filed, together with the already demonstrated likelihood that approving the Motions would further encourage such additional filings, it is appropriate to questions whether the first <u>Pioneer</u> factor is satisfied with respect to the Motions.

9.    The second and third Pioneer factors require the Court to consider the length of the Movants' delay in filing the Claims and the reason for that delay.  While the Movants state that they did not appreciate the need to file the Claims prior to the Bar Date, they fail to explain why a delay of six months after the Adversary Proceedings were filed is "excusable."  If it was odd for the Initial D&O Claimants to wait five months from the filing of the Adversary Proceedings to press their claims for indemnification, then it is odder still that the Movants have waited an additional month to request the same relief.  <u>See</u> Transcript of Apr. 25, 2011 hearing, <u>supra</u> note 4.  Due to this delay, the Committee asserts that the second and third <u>Pioneer</u> factors are not satisfied.

10.    Although the Committee believes that the <u>Pioneer</u> factors weigh against granting the Motions, the Committee also appreciates that the Court may find that the distinctions between the current Motions and the similar motions filed by the Initial D&O Claimants are insufficient to produce a different outcome.  If the Court is inclined to grant the Motions, the Committee requests that the Court establish a unified procedure for addressing the underlying claims in a systematic and cost-effective manner.  Establishing such procedures is important because all of May 6th D&O Claimants, as well as the Initial D&O Claimants, are seeking indemnification for liability associated with preference actions. The Committee does not believe that such claims are indemnifiable and expects to challenge the merits of these claims at the appropriate time.  Given the substantial number of these claims and their similar nature, the

5

Committee requests that the Court condition any approval of the Motions on the establishment of a unified and consolidated litigation process for addressing the merits of the underlying claims.

WHEREFORE, the Committee respectfully requests that the Court deny the Motions, or, if the Court is inclined to grant the Motions, condition approval of the Motions on agreement by the Movants to a uniform procedure for adjudicating the merits of the underlying claims. The Committee also requests such other and further relief as may be just and proper.

Dated: May 18, 2011  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife  
David M. LeMay  
Douglas E. Deutsch  
**CHADBOURNE & PARKE LLP**  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

- and -

Graeme W. Bush  
James Sottile  
**ZUCKERMAN SPAEDER LLP**  
1800 M Street, N.W., Suite 1000  
Washington, DC 20036  
Telephone: (202) 778-1800  
Facsimile: (202) 822-8106

*Special Counsel to the Official Committee of Unsecured Creditors*

6